(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Dept:     Courtroom 5, 17th Floor<br>Judge:    Honorable Edward M. Chen<br>Date:     February 8, 2024<br>Time:     1:30 p.m. |

1    KATE E. JUVINALL (SBN 315659)
     kjuvinall@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     631 Wilshire Blvd., Suite 2-C
3    Santa Monica, CA 90401
     Telephone:      +1 310 633 2800
4    Facsimile:      +1 310 633 2849

5    RYAN D. BOOMS (SBN 329430)
     rbooms@orrick.com
6    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1152 15th Street, N.W.
7    Washington, D.C. 20005-1706
     Telephone:      +1 202 339 8400
8    Facsimile:      +1 202 339 8500

9    Attorneys for Defendant
     Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION/STATEMENT OF ISSUES .................................................. 1

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS ............................................ 3

III. LEGAL STANDARD .................................................................................... 4

IV. ARGUMENT ................................................................................................ 4

    A. Plaintiff's Fifth Claim Under Rico Should Be Dismissed Because The PSLRA Bars It, And She Fails To State A Claim Under Any RICO Provision. ........................................................................................ 4

        1. The PSLRA Bars Plaintiff's RICO Claim Because It Is Premised On An Alleged Securities Fraud Scheme ............................... 5

        2. Plaintiff Fails To State A Claim Under Any RICO Provision. ............... 7

        3. Plaintiff Fails To State A Section 1962(D) RICO Claim Because She Fails To State A Section § 1962(C) RICO Claim. ........................ 11

    B. Plaintiff's First Claim Under SOX Fails To State A Claim. ............................. 12

        1. The SOX Claim Should Be Dismissed Because Plaintiff Does Not Adequately Allege She Engaged In Protected Activity. ...................... 12

        2. The SOX Claim Should Be Dismissed Because Plaintiff Fails To Adequately Allege That Apple Knew About Her Complaints To The SEC. ................................................................................ 14

    C. Plaintiff's Second Claim Under Dodd-Frank Should Be Dismissed Because Plaintiff Fails To Plead Protected Activity Under SOX. .................................. 15

    D. Plaintiff's Third Claim Under The Bane Act Fails Because She Does Not Allege That Apple Interfered With Any Right By Threat, Intimidation, Or Coercion. ......................................................................................... 15

    E. Plaintiff's Fourth Claim Under The Ralph Act Fails Because She Alleges No Facts Suggesting Any Threat Of Violence By Apple, Or That Any Alleged Conduct Was Based On Political Affiliation Or Any Protected Characteristic ...................................................................................... 17

    F. Plaintiff's Sixth Claim Under Cal. Lab. Code § 1102.5 Fails Because She Fails To Allege Protected Activity. ............................................................ 18

    G. Plaintiff's Seventh Claim Under Cal. Lab. Code § 98.6 Fails Because "Free Speech" Is Not A Sufficient Basis To State A Claim Under The Predicate Statute Cal. Lab. Code § 96(K). ............................................................... 21

    H. Plaintiff's Sixth Cause Of Action Alleging Ultrahazardous Activities Should Be Dismissed As Time-Barred And Because She Does Not Allege Any Ultrahazardous Activities Under The Law ............................................. 22

    I. Plaintiff's Eleventh Cause Of Action Alleging Private Nuisance Is Time-Barred. ............................................................................................... 25

V. CONCLUSION ............................................................................................. 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Int'l Specialty Lines Ins. Co. v. Hoot Winc, L.L.C.*,
  2006 WL 8455348 (S.D. Cal. Aug. 22, 2006) ........................................................................ 19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 4, 15, 16

*Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*,
  189 F.3d 321 (3d Cir. 1999) .......................................................................................... 5, 6

*Barajas v. Carriage Servs., Inc.*,
  2020 WL 1189854 (N.D. Cal. Mar. 12, 2020) ...................................................................... 21

*Basco v. Toyota Motor Corp*,
  2010 WL 11462992 (C.D. Cal. Mar. 3, 2010) ......................................................................... 7

*Borrello v. Respironics Cal., LLC*,
  2023 WL 5986135 (S.D. Cal. Sept. 14, 2023) ...................................................................... 16

*Brinker v. Axos Bank*,
  2022 WL 17724408 (S.D. Cal. Dec. 15, 2022) ..................................................................... 13

*In re Burbank Envtl. Litig.*,
  42 F. Supp. 2d 976 (C.D. Cal. 1998) ................................................................................. 24

*Canyon County v. Syngenta Seeds, Inc.*,
  519 F.3d 969 (9th Cir. 2008) ........................................................................................... 10

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) ....................................................................................................... 8-9

*Coronavirus Rep. v. Apple Inc.*,
  2021 WL 5936910 (N.D. Cal. Nov. 30, 2021), *aff'd*, 2023 WL 7268325 (9th
  Cir. Nov. 3, 2023) ......................................................................................................... 8, 9

*Coronavirus Rep. v. Apple, Inc.*,
  2023 WL 7268325 (9th Cir. Nov. 3, 2023) .......................................................................... 8, 9

*Cortez v. City of Oakland*,
  2017 WL 1650568 (N.D. Cal. May 2, 2017) .................................................................... 15, 17

*Davies v. GetFugu, Inc.*,
  2010 WL 11597458, at *2 (C.D. Cal. Aug. 26, 2010) .............................................................. 5

*De L.A. Gomez v. Bank of Am.*,
642 F. App'x 670 (9th Cir. 2016) ........................................................................ 7

*De Souza v. Dawson Tech., Inc.*,
2022 WL 298368 (S.D. Cal. Feb. 1, 2022) .......................................................... 19

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
284 F. Supp. 2d 511 (S.D. Tex. 2003) .................................................................. 6

*Erhart v. Bofi Holding, Inc.*,
2016 WL 5369470 (S.D. Cal. Sept. 26, 2016) ........................................... 12, 13, 14

*Erhart v. Bofi Holding, Inc.*,
612 F. Supp. 3d 1062 (S.D. Cal. 2020) ............................................................... 15

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) ............................................................................. 21

*Focus 15, LLC v. NICO Corp.*,
2022 WL 2355537 (N.D. Cal. June 30, 2022) ....................................................... 4

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal.4th 797 (2005) ........................................................................................ 22

*Geary v. Parexel Int'l Corp.*,
2023 WL 2576836 (N.D. Cal. Mar. 20, 2023) ..................................................... 15

*Greenfield MHP Assocs., L.P. v. Ametek, Inc.*,
145 F. Supp. 3d 1000 (S.D. Cal. 2015) .......................................................... 23, 24

*Greenstein v. Peters*,
2009 WL 722067 (C.D. Cal. Mar. 16, 2009) ........................................................ 9

*Grinzi v. San Diego Hospice Corp.*,
120 Cal. App. 4th 72 (2004) ............................................................................... 21

*H.J., Inc. v. Northwestern Bell Tel. Co.*,
492 U.S. 229 (1989) ..................................................................................... 10, 11

*Hamilton v. Juul Labs, Inc.*,
2020 WL 5500377 (N.D. Cal. Sept. 11, 2020) .................................................... 21

*Hernandez v. City of San Jose*,
2016 WL 5944095 (N.D. Cal. Oct. 13, 2016) ...................................................... 18

*Howard v. Am. Online Inc.*,
208 F.3d 741 (9th Cir. 2000) ............................................................................. 11

*James v. PC Matic, Inc.*,
2023 WL 4291668 (C.D. Cal. May 17, 2023) ................................................ 19, 20

*In re Jamster Mktg. Litig.*,
   2009 WL 1456632 (S.D. Cal. May 22, 2009) ........................................................................ 10

*Katzel v. Am. Int'l Grp.*,
   2022 WL 17251362 (S.D.N.Y. Nov. 28, 2022) ..................................................................... 14

*Kobayashi v. McMullin*,
   2022 WL 3137958 (C.D. Cal. May 31, 2022) ....................................................................... 18

*Libman v. United States*,
   2022 WL 18284664 (C.D. Cal. Dec. 1, 2022) ...................................................................... 17

*Limbu v. UST Glob., Inc.*,
   2017 WL 8186674 (C.D. Cal. Apr. 20, 2017) ....................................................................... 14

*Liu v. Tutor Perini Corp.*,
   2023 WL 3321756 (C.D. Cal. Jan. 24, 2023) ................................................................. 13, 14

*Lopez v. Wachovia Mortg.*,
   2009 WL 4505919 (E.D. Cal. Nov. 20, 2009) ...................................................................... 22

*Lucero v. IRA Servs., Inc.*,
   2019 WL 5812175 (N.D. Cal. Nov. 7, 2019) .......................................................................... 5

*McGowan v. Weinstein*,
   505 F. Supp. 3d 1000 (C.D. Cal. 2020) .............................................................................. 11

*Merrick Gables Ass'n, Inc. v. Town of Hempstead*,
   691 F. Supp. 2d 355 (E.D.N.Y. 2010) ................................................................................. 23

*Metaxas v. Lee*,
   503 F. Supp. 3d 923 (N.D. Cal. 2020) ................................................................................ 10

*Meyers v. City of Fresno*,
   2011 WL 902115 (E.D. Cal. Mar. 15, 2011) ....................................................................... 16

*Mocha Mill, Inc. v. Port of Mokha, Inc.*,
   2019 WL 1048252 (N.D. Cal. Mar. 5, 2019) ....................................................................... 11

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,
   2018 WL 3439372 (N.D. Cal. July 17, 2018) ..................................................................... 5, 6

*Moreno v. Cnty. of Los Angeles*,
   2022 WL 1515684 (C.D. Cal. Feb. 28, 2022) ...................................................................... 18

*Muniz v. United Parcel Serv., Inc.*,
   731 F. Supp. 2d 961 (N.D. Cal. 2010) ................................................................................ 19

*Napear v. Bonneville Int'l Corp.*,
   2023 WL 3025258 (E.D. Cal. Apr. 20, 2023) ...................................................................... 22

*Nationstar Mortg. LLC v. Presley*,
  2023 WL 121746 (E.D. Cal. Jan. 6, 2023) ................................................................... 9

*Nielsen v. AECOM Tech. Corp.*,
  762 F.3d 214 (2d Cir. 2014) ..................................................................................... 13

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) .......................................................................... 7, 8, 10

*Price v. Peerson*,
  2014 WL 12579814 (C.D. Cal. Feb. 12, 2014) ........................................................ 17

*Ramirez v. City of San Jose*,
  2022 WL 875643 (N.D. Cal. Mar. 24, 2022) ........................................................... 17

*Richter v. Ausmus*,
  2021 WL 580055 (N.D. Cal. Feb. 16, 2021) ............................................................ 16

*RJ v. Cigna Behav. Health, Inc.*,
  2021 WL 1110261 (N.D. Cal. Mar. 23, 2021) ............................................................ 8

*Rodriguez v. Cnty. of Contra Costa*,
  2013 WL 5946112 (N.D. Cal. Nov. 5, 2013) ........................................................... 18

*Sams v. Cnty. of Riverside*,
  2019 WL 3069180 (C.D. Cal. June 14, 2019) .......................................................... 16

*Schaldach v. Dignity Health*,
  2013 WL 2292054 (E.D. Cal. May 23, 2013) ........................................................... 16

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ..................................................................................... 8

*Schwartzman, Inc. v. General Elec. Co.*,
  848 F. Supp. 942 (D.N.M. 1993) .............................................................................. 23

*Snyder v. Alight Solutions, LLC*,
  2021 WL 4622392 (C.D. Cal. May 5, 2021) ............................................................ 16

*Spindler v. State Bar of California*,
  2020 WL 2559442 (C.D. Cal. Jan. 20, 2020) ........................................... 15, 16, 17, 18

*Swartz v. KPMG, LLC*,
  401 F. Supp. 2d 1146 (W.D. Wash. 2004), ........................................................... 5, 6

*Temming v. Summus Holdings, LLC*,
  2021 WL 5014854 (N.D. Cal. Oct. 28, 2021) .......................................................... 4, 8

*Tides v. The Boeing Co.*,
  644 F.3d 809 (9th Cir. 2011) .............................................................................. 12, 14

*Van Asdale v. Int'l Game Tech.*,
   577 F.3d 989 (9th Cir. 2009) ............................................................................................. 12

*Verfuerth v. Orion Energy Sys., Inc.*,
   879 F.3d 789 (7th Cir. 2018) ............................................................................................. 14

*Wagh v. Metris Direct, Inc.*,
   363 F.3d 821 (9th Cir. 2003 ................................................................................................ 7

*Wagner v. S. California Edison Co.*,
   840 F. App'x 993 (9th Cir. 2021) ...................................................................................... 15

*Yates v. E. Side Union High Sch. Dist.*,
   2021 WL 3665861 (N.D. Cal. Aug. 18, 2021) ................................................................ 17

*Zanghi v. Ritella*,
   2021 WL 4392756 (S.D.N.Y. Sept. 24, 2021) ................................................................... 6

**Statutes**

18 U.S.C. § 1512 ....................................................................................................................... 6

18 U.S.C. § 1514 ................................................................................................................ 12, 13

18 U.S.C. § 1514A ......................................................................................................... 12, 14, 15

18 U.S.C. § 1961 ................................................................................................................... 8, 10

18 U.S.C. § 1962 ................................................................................................... 4, 5, 7, 8, 11

18 U.S.C. § 1964 ..................................................................................................................... 5, 6

42 U.S.C. § 9601 ..................................................................................................................... 23

Cal. Civ. Code § 51.7 ............................................................................................................. 18

Cal. Civ. Code § 52.1 ..................................................................................................... 15, 16, 17

Cal. Civ. Code § 3479 ............................................................................................................... 2

Cal. Lab. Code § 96(k) ........................................................................................................ 2, 21

Cal. Lab. Code § 98.6 .......................................................................................................... 2, 21

Cal. Lab. Code § 435 .......................................................................................................... 2, 19

Cal. Lab. Code § 1102.5 ................................................................................................. 2, 19, 20

Cal. Code Civ. Proc. § 312 ...................................................................................................... 22

Cal. Code Civ. Proc. § 335.1 ................................................................................................... 22

Cal. Code Civ. Proc. § 338 ........................................................................................... 24

Cal. Code Civ. Proc. § 340.8 ........................................................................................ 22

**Other Authorities**

29 C.F.R. § 1980.104(e)(2)(i)-(iv) ............................................................................... 12

F.R.C.P. 9(b) ............................................................................................................ 4, 10

F.R.C.P. 12(b)(6) ........................................................................................................ 1, 4

F.R.C.P. 12(f) ................................................................................................................ 21

1998 Cal. Legis. Serv. Ch. 515 ................................................................................... 19

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

1     <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2     TO PLAINTIFF ASHLEY GJOVIK:

3     PLEASE TAKE NOTICE that on February 8, 2024, at 1:30 p.m. in Courtroom 5, on the

4     17th Floor of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

5     Defendant Apple Inc. ("Apple") will move the Court for an Order dismissing the First through

6     Eighth Claims and the Eleventh Claim alleged against Apple in Plaintiff Ashley Gjovik

7     ("Plaintiff")'s First Amended Complaint on the grounds that Plaintiff failed to state a claim upon

8     which relief can be granted, and dismissal is proper under Federal Rule of Civil Procedure 12(b)(6).

9     This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, the

10    complete pleadings and records on file, and such other evidence and arguments as may be presented

11    at the hearing on this Motion.

12    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

13    **I.    <u>INTRODUCTION/STATEMENT OF ISSUES</u>**

14    Apple terminated Plaintiff's employment in September 2021. Two years later, she has filed

15    a sprawling complaint arguing Apple spearheaded a far-reaching scheme to allegedly mislead

16    governmental regulators and the broader market. While this is a simple wrongful termination case,

17    Plaintiff has attempted to turn it into much more than that by asserting several other claims,

18    including claims under the Sarbanes-Oxley Act ("SOX"), the Dodd-Frank Wall Street Reform and

19    Consumer Protection Act ("Dodd-Frank"), and the Racketeer Influenced and Corrupt

20    Organizations Act ("RICO"). Absent from the First Amended Complaint ("Complaint" or "FAC"),

21    however, are specific factual allegations that – even if Plaintiff were able to prove their truth –

22    would entitle her to the relief she seeks under most of the claims pled.

23    Specifically, Apple moves to dismiss the following claims on these bases:

24    •    The First Claim under SOX should be dismissed because Plaintiff fails to

25    (1) identify the misrepresentations that support her claim, (2) allege Apple's alleged conduct

26    constituted mail fraud, wire fraud or bank fraud, or violated any securities laws that can form the

27    predicate of a SOX claim, and (3) allege she complained to a supervisor or other individual at Apple

28    with authority to investigate, or that Apple knew of her complaint to the Securities an Exchange

Commission ("SEC").

- The Second Claim under Dodd-Frank should be dismissed because it is derivative of her First Claim. A claim under Dodd-Frank requires that Plaintiff allege a violation actionable under SOX, which Plaintiff has not properly alleged.

- The Third Claim under the California Bane Civil Rights Act should be dismissed because Plaintiff fails to allege facts showing that Apple interfered with Plaintiff's constitutional or statutory rights; or that such interference was accompanied by actual or attempted threats, intimidation, or coercion.

- The Fourth Claim under the California Ralph Civil Rights Act should be dismissed because Plaintiff does not allege facts suggesting any threat of violence by Apple, or that any conduct by Apple was based on her political affiliation or other protected characteristic.

- The Fifth Claim under RICO should be dismissed because the Private Securities Litigation Reform Act ("PSLRA") bars it. Moreover, Plaintiff fails to allege Apple used or invested money it received from supposed racketeering to injure her, and because she fails to plead the existence of an "enterprise" separate and distinct from Apple or a pattern of racketeering activity.

- The Sixth Claim asserting strict liability for ultrahazardous activities should be dismissed because it is time-barred and, even if it were not, operating a facility on a Superfund site and operating a semiconductor facility are not ultrahazardous activities.

- The Seventh Claim under California Labor Code section 1102.5 should be dismissed because Plaintiff fails to allege any facts that would establish a violation of the sole underlying statute she identifies as a predicate for this claim (California Labor Code section 435).

- The Eighth Claim under Labor Code section 98.6 is predicated on an alleged violation of Labor Code section 96(k) and should be dismissed because Plaintiff fails to allege she was terminated for asserting a recognized constitutional right.

- The Eleventh Claim for private nuisance under Civil Code section 3479 should be dismissed because it is time-barred.

This Court should dismiss these claims so that the parties can focus on litigating the merits of the remaining claims.

## II.      SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint is 335 pages and 1,121 paragraphs. Many of the allegations are irrelevant to any of the claims stated in the Complaint. Of those that remain, Plaintiff's allegations include, in relevant part, the following.[1]

Plaintiff worked for Apple from February 2015 until Apple terminated her employment in September 2021. FAC ¶64. Per Plaintiff, Apple told her it was terminating her employment because she leaked confidential, product-related information and refused to participate in an investigation into her misconduct. *Id.* ¶1085. Plaintiff contends the termination was in retaliation for raising concerns to government agencies (*see, e.g., id.* ¶¶764, 995).

In March 2021, Apple emailed Plaintiff and other Apple employees about upcoming vapor intrusion testing at the office. *Id.* ¶256. In the following months, Plaintiff expressed safety concerns about vapor intrusion, both internally (*see, e.g.*, *id*. ¶¶256-58) and to various government entities, including the EPA (*see, e.g., id.* ¶378). Sometime before her termination, Plaintiff also alleges she complained internally at Apple about other issues, including alleged: (1) conflicts of interest related to her office; (2) self-dealing by corporate insiders; and (3) false statements about Apple's practices. *Id.* ¶762. Plaintiff also contends she complained to the SEC about her allegations. *Id.* ¶766.

While expressing safety concerns about the office, Plaintiff alleges that she "became caught up in" a "regulatory-compliance-avoidance scheme" conducted by Apple (*id.* ¶1) through a team of its employees Plaintiff refers to as "Worldwide Loyalty" (*see, e.g., id.* ¶¶1, 3, 183, 583, 630, 806). Plaintiff claims that Apple, through Worldwide Loyalty, is "engaged in systemic criminal conduct in pursuit of enabling Apple's race to the bottom on regulatory compliance" and other matters. *Id.* ¶826; *see also* ¶583 (alleging existence at Apple of an "ex-Intelligence/ex-military corporate paramilitary team known was the 'Worldwide Loyalty Team'"). Under this alleged "scheme," Plaintiff claims that Apple shared false information (or omits and fails to transmit legally required information) with government agencies and the public to artificially increase its stock

---

[1] For purposes of this Motion only and as required under the Federal Rules of Civil Procedure, Apple recites Plaintiff's factual allegations as if they were true, even though they are not. Given the procedural posture of this Motion, Apple will not present any additional or contrary facts regarding Plaintiff's employment at Apple, her termination, or her claims in this case; at the appropriate time, Apple will present its defense.

1   price. *Id.* ¶¶828-29. Plaintiff further argues that Apple retaliates against and intimidates

2   whistleblowers (including Plaintiff), which prevents government inspections and investigations

3   that would have occurred because of those complaints. *Id.* ¶828.

4       Plaintiff claims that in 2015 Apple began operating a semiconductor facility that allegedly

5   vented gases near an apartment complex where Plaintiff lived in 2020. *See id.* ¶¶38, 40, 727. She

6   contends that shortly after she moved into the apartment complex she fell ill and went on short-

7   term disability. *Id.* ¶¶195, 201. She believes that her illness is due to gases from the facility. ¶727.

8   **III.   LEGAL STANDARD**

9       To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual

10  allegations that when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft*

11  *v. Iqbal*, 556 U.S. 662, 678 (2009). If Plaintiff's allegations do not bring her "claims across the line

12  from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

13      Additionally, allegations of fraud—such as those that underlie (in whole or in part)

14  Plaintiff's Fifth Claim under RICO—must be pled with a heightened degree of particularity per

15  Rule 9(b). *See, e.g., Focus 15, LLC v. NICO Corp.*, 2022 WL 2355537, at *3 (N.D. Cal. June 30,

16  2022) ("[P]redicate acts involving fraud must be pleaded with particularity as required by Rule

17  9(b)."). A RICO claim asserting fraudulent predicate acts "must identify the time, place, and

18  manner of each fraud plus the role of each defendant in each scheme." *Id.* (citations omitted). "Rule

19  9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular

20  misconduct . . . so that they can defend against the charge and not just deny that they have done

21  anything wrong." *Temming v. Summus Holdings, LLC*, 2021 WL 5014854, at *3 (N.D. Cal. Oct.

22  28, 2021) (citations omitted).

23  **IV.   ARGUMENT**

24      **A.   Plaintiff's Fifth Claim Under RICO Should Be Dismissed Because the PSLRA**
        **Bars It, and She Fails to State a Claim Under Any RICO Provision.**

25      Plaintiff alleges violations of RICO under 18 U.S.C. § 1962(a), (c), and (d). At the center

26  of her RICO claim is a purported scheme wherein Apple transmits false information with

27  government agencies (FAC ¶828) because it "*intends to increase its stock* price" … through a false

28

- 4 -

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

reputation of regulatory compliance (*id.* ¶829) (emphasis added). *See also id.* ¶¶924, 930. In other words, the lynchpin of Plaintiff's RICO claim is an alleged securities fraud scheme.

As detailed below, courts routinely dismiss RICO claims premised on purported securities fraud schemes. The PSRLA amended RICO, providing that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962." 18 U.S.C. § 1964(c). Plaintiff's RICO claim should be dismissed on this basis.

Plaintiff's RICO claim fails for additional reasons. She lacks standing to assert a Section 1962(a) claim because she fails to allege that Apple used or invested money it received from supposed racketeering to injure her. Her Section 1962(c) claim fails because she does not allege an enterprise distinct from Apple or a pattern of racketeering activity. And her Section 1962(d), premised on a conspiracy to violate Section 1962(c), fails with her Section 1962(c) claim.

### 1. The PSLRA Bars Plaintiff's RICO Claim Because It Is Premised On An Alleged Securities Fraud Scheme.

The PSLRA amendment "was intended not simply 'to eliminate securities fraud as a predicate offense in a civil RICO action,' but also to prevent a plaintiff from 'plead[ing] other specified offenses, such as mail or wire fraud, as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud.'"[2] *Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 327 (3d Cir. 1999); *Swartz v. KPMG, LLC*, 401 F. Supp. 2d 1146, 1151 (W.D. Wash. 2004), *aff'd in part, rev'd in part on other grounds sub nom. Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) (the PLRSA bar applies "even if ... the claim is plead [sic] as a matter of mail fraud or wire fraud").

"Courts have consistently concluded that where a plaintiff alleges a 'single scheme' and any predicate act is barred under the PSLRA, the entire RICO claim is precluded." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 2018 WL 3439372, at *11 (N.D. Cal. July 17, 2018); *Lucero v. IRA Servs., Inc.*, 2019 WL 5812175, at *4 (N.D. Cal. Nov. 7, 2019) (dismissing RICO claim with prejudice, reasoning that "the lynchpin of the alleged scheme was securities fraud").

---

[2] The PSLRA bar "does not apply to an action against any person that is criminally convicted in connection with the fraud[.]" 18 U.S.C. § 1964(c). Plaintiff does not allege Apple has been criminally convicted "in connection with the fraud". Therefore, the PSLRA bar applies in this case. *See Davies v. GetFugu, Inc.*, 2010 WL 11597458, at *2 (C.D. Cal. Aug. 26, 2010).

That the complaint alleges non-securities fraud predicate acts is of no consequence. *Zanghi v. Ritella*, 2021 WL 4392756, at *16 (S.D.N.Y. Sept. 24, 2021), *appeal dismissed sub nom. Zanghi v. Callegari*, 2023 WL 1097560 (2d Cir. Jan. 30, 2023) (PSLRA barred entire RICO claim alleging multiple predicate acts, including witness tampering [18 U.S.C. § 1512], and an "overarching scheme of preparing and disseminating forged and false documents to defraud [Plaintiff]" and "profit[ing] from the fraudulent recruitment of investors"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 622 (S.D. Tex. 2003) (same).

Here, Plaintiff alleges Apple committed predicate acts of securities fraud. *See* FAC ¶¶924, 930. This is impermissible under 18 U.S.C. § 1964.

Plaintiff also claims Apple committed predicate acts of mail fraud and wire fraud. These alleged acts sound in securities fraud. *See id.* ¶ 867 ("Apple manipulated hazardous waste manifest documents and regulatory filings … in order to mislead investors about Apple's environmental practices in annual SEC filings."). That, too, is impermissible under 18 U.S.C. § 1964(c). *See Bald Eagle Area Sch. Dist.*, 189 F.3d at 327; *Swartz*, 401 F. Supp. 2d at 1151.

The remaining predicate acts are barred by the PLRSA, as those predicate acts are related to the single scheme alleged by Plaintiff, namely alleged false information to increase its stock price. FAC ¶¶828-31. Because Plaintiff alleges a single scheme and several predicate acts that are PSLRA barred, the entire RICO claim is precluded. *Monterey Bay Mil. Hous., LLC*, 2018 WL 3439372, at *11. As in *Zanghi* and *In re Enron Corp.*, Plaintiff cannot rely upon non-securities fraud predicate acts to spare her RICO claim. Indeed, in both *Zanghi* and *In re Enron Corp.*, the plaintiff alleged predicate acts of obstruction of justice and/or witness tampering in violation of 18 U.S.C. § 1512, as Plaintiff does here, and in both cases, the PSLRA barred the entire RICO claim.

*In re Enron Corp.* is instructive. There, the Court explained that the predicate act of obstruction of justice was related to the alleged scheme to lure and keep Enron investors. 284 F. Supp. 2d at 622. The Court concluded that "[a]ny conduct that sustains a securities fraud Ponzi scheme is intrinsically conduct undertaken 'in connection with the purchase or sale of securities' and is barred by [the PSLRA]." *Id.* Here, Plaintiff alleges Apple commits "witness intimidation" and "retaliation" to "bridge the gap between its actual practices and what it reports to its

1    shareholders." FAC ¶831. In other words, she alleges that that Apple commits such conduct to

2    sustain the alleged securities fraud scheme. The entire claim is thus barred under the PSLRA.

3            **2.      Plaintiff Fails to State a Claim Under Any RICO Provision.**

4            Even if the PSLRA did not bar Plaintiff's RICO claim (it does), it should be dismissed for

5    other reasons: (1) Plaintiff lacks standing to assert a Section 1962(a) claim, (2) she fails to

6    adequately plead the "enterprise" and "pattern of racketeering activity" elements of a Section

7    1962(c) claim, and (3) consequently, she fails to state a Section 1962(d) claim, too.

8                    **a.      Plaintiff Fails to Allege a Relevant Injury Under Section 1962(a).**

9            18 U.S.C. § 1962(a) prohibits any person who has received income from racketeering "to

10   use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in

11   acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged

12   in, or the activities of which affect, interstate or foreign commerce." To establish standing to sue

13   under Section 1962(a), a plaintiff must demonstrate injury that occurred as a direct result of the

14   defendant's investment of racketeering income, rather than injury caused by the commission of the

15   alleged predicate acts from which the income was derived. *See Wagh v. Metris Direct, Inc.*, 363

16   F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d

17   541, 551 (9th Cir. 2007); *De L.A. Gomez v. Bank of Am.*, 642 F. App'x 670, 675 (9th Cir. 2016). In

18   other words, a plaintiff must allege that funds derived from the alleged racketeering activity were

19   used to injure her. *See Wagh*, 363 F.3d at 829.

20           Here, Plaintiff alleges that "[l]egitimate hazardous waste disposal costs thousands of

21   dollars, so it is hard to imagine any situation in which the illegal dumping of toxic wastes by

22   corporate officers, employees, or agents will not directly or indirectly benefit the corporation

23   enterprise." FAC ¶799. But Plaintiff does not allege Apple has received income from dumping

24   toxic wastes; she merely summarily concludes that Apple saved money it would have otherwise

25   spent, which is insufficient. *See Basco v. Toyota Motor Corp*, 2010 WL 11462992, at *3 (C.D. Cal.

26   Mar. 3, 2010) (dismissing Section 1962(a) claim: "[a]ny money Defendants saved themselves by

27   allegedly withholding responsive documents in product liability litigation does not constitute injury

28   by use or investment of racketeering income"). And Plaintiff does not allege Apple used any money

it received to injure her, as is required by RICO's plain language. *See Nugget Hydroelectric, L.P.*, 981 F.2d at 437. Her Section 1962(a) claim should be dismissed. *Temming*, 2021 WL 5014854, at *7 (dismissing Section 1962(a) claim where plaintiff failed to plausibly plead investment injury).

### b.   Plaintiff's Section 1962(c) Claim Fails Because She Does Not Allege an "Enterprise" Distinct From Apple or a "Pattern of Racketeering Activity."

Section 1962(c) makes it unlawful for a person to conduct the affairs of an "enterprise" through a pattern of racketeering. 18 U.S.C. § 1962(c). The plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Coronavirus Rep. v. Apple Inc.*, 2021 WL 5936910, at *16 (N.D. Cal. Nov. 30, 2021), *aff'd*, 2023 WL 7268325 (9th Cir. Nov. 3, 2023). Plaintiff fails to allege an enterprise distinct from Apple or a pattern of racketeering activity.

### i.   Plaintiff Fails to Allege the Existence of an Enterprise Distinct From Apple.

The RICO statute defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish an associated-in-fact enterprise, a plaintiff must allege (1) "a group of persons associated together for a common purpose of engaging in a course of conduct," (2) "evidence of an ongoing organization, formal or informal," and (3) "evidence that the various associates function as a continuing unit." *Odom*, 486 F.3d at 552. Where the plaintiff alleges the enterprise's common purpose is to deceive, the plaintiff must plead with particularity facts to support this theory. *See, e.g., RJ v. Cigna Behav. Health, Inc.*, 2021 WL 1110261, at *7 (N.D. Cal. Mar. 23, 2021).

Section 1962(c) prohibits any person "employed by or associated with any enterprise" from conducting the affairs of that enterprise through a pattern of racketeering. This means a party cannot be both the defendant "person" and the enterprise. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1396 (9th Cir. 1986) ("the 'person' must be a separate and distinct entity from the 'enterprise'"); *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 158 (2001) ("[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities:

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-CV-4597-LB

1    (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different

2    name"); *Nationstar Mortg. LLC v. Presley*, 2023 WL 121746, at *4 (E.D. Cal. Jan. 6, 2023);

3    *Greenstein v. Peters*, 2009 WL 722067, at *2 (C.D. Cal. Mar. 16, 2009).

4          *Coronavirus Reporter v. Apple Inc.* is particularly instructive. 2021 WL 5936910, at *17.

5    There, the plaintiff alleged that Apple, unnamed "individuals within Apple," and outside

6    consultants, including "PR firms, law firms, and rival developer cronies" formed a RICO enterprise.

7    *Id.* This Court found the allegations made "clear that the alleged enterprise *is* Apple itself" and

8    concluded that the claim "fail[ed] for lack of distinctiveness." *Id.* Further, this Court  rejected, at

9    the pleading stage, the plaintiff's theory that the enterprise included Apple's "'crony app

10   developers,' 'law firms,' and 'PR firms' who allegedly 'divert profits,' 'spread Apple's gospel,' or

11   obfuscate 'Apple's anticompetitive agenda," reasoning that none of these groups was "alleged to

12   have participated in an alleged enterprise involving the predicate acts" at issue. *Id*. at 18. Moreover,

13   this Court held these allegations were "conclusory" and thus insufficient for that further reason. *Id.*

14   The Ninth Circuit affirmed on both grounds. *Coronavirus Rep. v. Apple, Inc.*, 2023 WL 7268325,

15   at *6 (9th Cir. Nov. 3, 2023).

16         Plaintiff's RICO claims regarding Apple and "Worldwide Loyalty" fail for the same

17   reasons. While Plaintiff conclusorily alleges that "Worldwide Loyalty" is an entity distinct from

18   Apple (*see* FAC ¶798), her pleading makes clear that the "Worldwide Loyalty" team is allegedly

19   comprised solely of Apple employees. *Id.* ¶3 ("Apple's [] termination of [Plaintiff] by a Worldwide

20   Loyalty 'Workplace Violence' investigator"), ¶27 ("Two Apple Global Security/Worldwide

21   Loyalty employees"); ¶183 ("Apple's Chief Compliance Officer and head of the Worldwide

22   Loyalty team, Tom Moyer"), ¶583 ("[Apple]'s [] ex-Intelligence/ex-military corporate paramilitary

23   team known []as the 'Worldwide Loyalty Team'"), ¶611 ("a member of Apple Global Security and

24   Worldwide Loyalty team"), ¶630 ("A coworker [] who worked in Apple's Worldwide Loyalty

25   team"). The alleged enterprise includes only Apple and its employees, and therefore Plaintiff's

26   claim fails for lack of distinctiveness.

27         Any contention that the alleged enterprise is an "associated-in-fact" enterprise comprised

28   of Apple and other entities (FAC ¶805) fails too. Plaintiff has failed to specifically identify the

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

other entities, and fails to allege "a common purpose," "an ongoing organization," and "a continuing unit." *Odom*, 486 F.3d at 552. While she alleges that *Apple* "intended to increase its stock price, sales, and other business dealings through a knowingly false reputation of strong regulatory compliance" (FAC ¶829), she does not allege that any other entity shared this alleged intent. And she does not plead with particularity—as required under Rule 9(b)—what role Apple or any other entity played in concocting the alleged scheme or ensuring its success. *See In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *5-7 (S.D. Cal. May 22, 2009). Because a common purpose has not been alleged, there is no "association-in-fact" enterprise.

### ii. Plaintiff Fails to Allege a Pattern of Racketeering Activity Because She Pleads No Facts Showing The Alleged Predicate Acts Are Related, Or Suggesting A Continuous Threat.

To demonstrate a "pattern of racketeering activity," Plaintiff must allege "at least two acts of racketeering activity" within a span of 10 years. 18 U.S.C. § 1961(5); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). "A 'pattern' of racketeering activity also requires proof (1) that the racketeering predicates are related ['relatedness requirement'] and (2) 'that they amount to or pose a threat of continued criminal activity ['continuity requirement']." *Metaxas v. Lee*, 503 F. Supp. 3d 923, 941 (N.D. Cal. 2020). The relatedness requirement is satisfied when predicate acts have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). Continuity is satisfied when the plaintiff alleges either "closed-ended" or "open-ended" continuity; the former involves "a series of related predicates extending over a substantial period of time," while the latter involves "past conduct that by its nature projects into the future with a threat of repetition." *Id.* "[W]hen a plaintiff alleges only a single scheme with a single victim it cuts against a finding of both closed-ended as well as open-ended continuity." *Id.*

Plaintiff explains her theory of relatedness as follows: "[Plaintiff] was working to expose and report the Predicate Acts of wire fraud, mail fraud, securities violations, and violations of environmental laws with toxic chemical exposure. Gjovik was also reporting apparent violations of the RICO Act. Then Apple fired and terrorized her. It is all related." FAC ¶825. But Plaintiff

does not identify the ***specific acts*** of alleged fraud that she purportedly reported, so it is at best unclear whether these alleged events are related. *H.J.*, 492 U.S. at 240.

Plaintiff's continuity theory fares no better. With respect to closed-ended continuity, "the Ninth Circuit has explained that activity spanning only a matter of months, involving a single victim, with a singular goal, cannot sustain a RICO claim." *Mocha Mill, Inc. v. Port of Mokha, Inc.*, 2019 WL 1048252, at \*10 (N.D. Cal. Mar. 5, 2019) (citing *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987)). Plaintiff alleges that "Apple's misconduct is so persistent and egregious, and so dependent on continued intimidation of witnesses to keep witnesses quiet about what they know, that its impracticable that Apple would ever voluntarily stop their schemes." FAC ¶ 978. However, she does not specifically identify any other "witness" that Apple allegedly intimidated. Tellingly, Plaintiff alleges that she "concerted with coworkers about gathering at least photographic evidence of the cracked Superfund floor and they did gather photos of the cracks before Apple could repair them," (*id.* ¶ 909; *see also id.* ¶¶ 443-44, 450), but she does not allege that Apple did anything to silence those coworkers. Plaintiff thus fails to allege closed-ended continuity. *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1013 (C.D. Cal. 2020) (no closed-ended continuity where scheme involved a single victim and a single goal).

As for open-ended continuity, Plaintiff fails to plausibly allege a threat of continuing racketeering activity. Accepting the allegations as true, Apple's alleged scheme—to maintain an allegedly false reputation of strong regulatory compliance—presents no risk of future misconduct because it became moot once Plaintiff allegedly reported Apple to various government agencies. *McGowan*, 562 F. Supp. 3d at 754 (no open-ended continuity because defendants' goal of keeping misconduct secret could not be pursued anew once plaintiff published a book detailing misconduct).

### 3.   Plaintiff Fails to State a Section 1962(d) RICO Claim Because She Fails to State a Section § 1962(c) RICO Claim.

Section 1962(d) prohibits a person from conspiring to violate Section 1962(c). The failure to plead the requisite elements of Section 1962(c) implicitly means that a plaintiff cannot plead a conspiracy to violate Section 1962(d). *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Because Plaintiff's Section 1962(c) claim fails, her Section 1962(d) claim does as well.

**B.**      **Plaintiff's First Claim Under SOX Fails To State A Claim.**

To state a prima facie case of whistleblower retaliation under 18 U.S.C. § 1514A (SOX), Plaintiff must plead: (1) she engaged in a protected activity; (2) Apple knew or suspected, actually or constructively, that she engaged in the protected activity; (3) she suffered an adverse employment action; and (4) the circumstances were sufficient to infer that the protected activity contributed to the adverse action. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009); 29 C.F.R. § 1980.104(e)(2)(i)-(iv). The first element requires that Plaintiff provide information regarding "conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities or commodities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders[.]" 18 U.S.C. § 1514A(a)(1). To have a "reasonable" belief, Plaintiff "must have a 'subjective belief' that the challenged conduct violates a law listed in 18 U.S.C. § 1514(a)(1), and this belief must be 'objectively reasonable.'" *Erhart v. Bofi Holding, Inc.*, 2016 WL 5369470, at *8 (S.D. Cal. Sept. 26, 2016). Additionally, disclosures are only protected if Plaintiff complained to one of three categories of recipients enumerated in SOX: federal regulatory and law enforcement agencies, Congress, and/or employee supervisors. *See Tides v. The Boeing Co.*, 644 F.3d 809, 810-11 (9th Cir. 2011); *see also* 18 U.S.C. § 1514(a)(1).

**1.**      **The SOX Claim Should Be Dismissed Because Plaintiff Does Not Adequately Allege She Engaged in Protected Activity.**

Plaintiff's SOX claim should be dismissed because Plaintiff fails to allege facts that, if true, would demonstrate that she complained about conduct that she reasonably believed violated a provision enumerated in 18 U.S.C. § 1514A(a)(1). Moreover, with respect to her alleged complaints to Apple, she fails to allege that she complained to an individual enumerated in 18 U.S.C. § 1514A(a)(1). She also fails to allege that Apple knew about her alleged complaint to the SEC.

**a.**      **Plaintiff's Alleged Complaints Are Not Protected Activity Because She Does Not Adequately Allege That She Reasonably Believed the Conduct Violated a SOX-Enumerated Provision.**

Plaintiff argues that she reasonably believed that Apple made intentional misrepresentations

to investors (FAC ¶761),[3] and that she complained to Apple about Apple's alleged false public statements about Apple's practices (*id.* ¶762) and to the SEC about "misrepresentations in securities," "false statements to government and shareholders," and "material fraudulent misconduct."[4] FAC ¶766. However, Plaintiff does not identify ***any*** of these alleged "false public statements," "misrepresentations in securities," or "fraudulent misconduct." "[W]ithout knowing what particular conduct [Plaintiff] asserts [she] believed constituted a violation of any of the categories of laws enumerated in Section 1514(a)(1), the Court cannot meaningfully analyze whether [she] plausibly alleges a belief that is objectively reasonable." *Erhart*, 2016 WL 5369470, at *11 (dismissing SOX claim); *accord Brinker v. Axos Bank*, 2022 WL 17724408, at *9 (S.D. Cal. Dec. 15, 2022) (citing *Erhart* and dismissing SOX claim); *Liu v. Tutor Perini Corp.*, 2023 WL 3321756, at *5 (C.D. Cal. Jan. 24, 2023) (dismissing SOX complaint because it "simply does not contain clear allegations regarding protected SOX disclosures"); *see also Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 (2d Cir. 2014) (dismissing complaint where plaintiff could not show "that it was objectively reasonable to believe that the conduct he complained of constituted shareholder fraud").

Plaintiff alleges she "had an objectively reasonable belief that Apple had insufficient internal controls" (FAC ¶761), and that she complained to Apple about conflicts of interest and self-dealing (*id.* ¶762), and to the SEC about "undisclosed conflicts of interests and self-dealing (Ronald Sugar, Lisa Jackson)" and "internal controls [that] were inadequate" (*id.* ¶766; *see also id.* ¶¶861, 923). However, Plaintiff does not allege facts to demonstrate that her belief of "insufficient internal controls" was objectively reasonable. For example, she does not allege what the alleged "self-dealing" involved or why she believed it was improper. Moreover, she does not identify what the alleged "conflict of interest" involving Ms. Jackson entailed (*see id.* ¶861), nor does she identify

---

[3] Similarly, Plaintiff claims that she "had an objectively reasonable belief that Apple violated SEC rules" (FAC ¶761), but she does not identify the particular conduct that she believes amounted to a violation of SEC rules, much less allege that she actually complained about these alleged violations.

[4] With respect to her allegation of "misrepresentations in securities," Plaintiff references the "RICO section on Securities Fraud." However, Plaintiff is no more specific in that section of the Complaint. *See* FAC ¶923 ("Gjovik complained Apple had been making materially false statements about their actual environmental, labor, and regulatory compliance practices to shareholders and the SEC").

the "personal interest" that Mr. Sugar allegedly had in his "prior company." *See id.* ¶923. Additionally, she does not explain why she believed Apple's internal controls were inadequate to address the alleged "self-dealing" and "conflicts of interest." Because Plaintiff has failed to identify the ***particular conduct*** that she believed violated the SOX-enumerated provisions, it is not possible to conclude that she had an objectively reasonable belief. *See Erhart*, 2016 WL 5369470, at *11.

Finally, she does not explain how these alleged complaints are related to any enumerated SOX violations (mail fraud, wire fraud, bank fraud, securities/commodities fraud, fraud against shareholders, or a violation of any SEC rule or regulation). Her claim fails on this basis alone. *See Limbu v. UST Glob., Inc.*, 2017 WL 8186674, at *6 (C.D. Cal. Apr. 20, 2017) (dismissing SOX claim where "not self-evident from the allegations how the alleged misconduct fits within the purview of section 1514A"); *see also Katzel v. Am. Int'l Grp.*, 2022 WL 17251362, at *4 (S.D.N.Y. Nov. 28, 2022) (dismissing SOX claim where plaintiff's concerns about alleged insufficiencies of internal policies about conflicts of interest were "untethered" from enumerated SOX violations); *Verfuerth v. Orion Energy Sys., Inc.*, 879 F.3d 789, 793-94 (7th Cir. 2018) (practices about which plaintiff complained, including conflicts of interest, are not "fraud" within meaning of SOX).

> **b.** **Plaintiff's Alleged Complaints to Apple Do Not Constitute Protected Activity Under SOX Because Plaintiff Fails to Allege that She Complained to Any of the Individuals Identified in SOX.**

Additionally, Plaintiff does not plead—as required—that she complained to "a supervisor or other individual who has the authority to investigate, discover or terminate such misconduct." *Tides*, 644 F.3d at 810-11 (disclosures are protected "only to the three categories of recipients specifically enumerated in the [SOX whistleblower retaliation] act—federal regulatory and law enforcement agencies, Congress, and employee supervisors"); *see also Liu*, 2023 WL 3321756, at *5 (dismissing SOX claim because no disclosure to entity listed in 18 U.S.C. § 1514A(a)(1)).

> **2.** **The SOX Claim Should Be Dismissed Because Plaintiff Fails to Adequately Allege that Apple Knew About Her Complaints to the SEC.**

Plaintiff alleges that she complained to the SEC. FAC ¶766. But Plaintiff conclusorily alleges—***with no supporting facts***—that Apple *knew* about that alleged complaint. *Id.* ¶764. "A claim has facial plausibility when the pleaded factual content allows the court to draw the

- 14 -

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Indeed, nowhere does she allege she told Apple that she filed a complaint with the SEC or that **anyone** at Apple—let alone the individuals at Apple who decided to terminate Plaintiff's employment—otherwise became aware that she did.

### C.   Plaintiff's Second Claim Under Dodd-Frank Should Be Dismissed Because Plaintiff Fails to Plead Protected Activity Under SOX.

As discussed above, Plaintiff fails to adequately allege that her purported complaint to the SEC constitutes protected activity under 18 U.S.C. § 1514A. Consequently, her Dodd-Frank claim also fails. *See Erhart v. Bofi Holding, Inc.*, 612 F. Supp. 3d 1062, 1107 (S.D. Cal. 2020) (concluding that because "[plaintiff's] reporting of alleged wrongdoing does not meet the protected activity standard for Sarbanes-Oxley, his Dodd-Frank claim similarly fails to the same extent"); *see also Wagner v. S. California Edison Co.*, 840 F. App'x 993, 994 n.2 (9th Cir. 2021) ("Because [plaintiff's] Dodd-Frank claim is dependent on his Sarbanes-Oxley claim, the district court properly entered judgment as a matter of law on that claim").[5]

### D.   Plaintiff's Third Claim Under the Bane Act Fails Because She Does Not Allege that Apple Interfered With Any Right by Threat, Intimidation, or Coercion.

Plaintiff must make two showings to state a Bane Act claim under California Civil Code section 52.1: (1) Apple interfered with her constitutional or statutory rights; and (2) that interference was accompanied by actual or attempted threats, intimidation, or coercion. *Cortez v. City of Oakland*, 2017 WL 1650568, at *6 (N.D. Cal. May 2, 2017) (citing *Campbell*, 75 F. Supp. 3d at 1211). "Speech alone is not sufficient to support" a Bane Act claim unless "the speech itself threatens violence against a specific person[.]" Cal. Civ. Code § 52.1(k).

First, Plaintiff's vague allegations that Apple interfered with her right to testify by, among others, aggressive surveillance, breaking into her apartment, and "social media accounts making threatening, harassing, and intimidating statements" (FAC ¶774; *see also* ¶779) are inadequate to state a claim. *See Spindler v. State Bar of California*, 2020 WL 2559442, at *11 (C.D. Cal. Jan. 20,

---

[5] Plaintiff also fails to allege exactly **how** she provided this information to the SEC, as required to state a Dodd Frank claim. *See Geary v. Parexel Int'l Corp.*, 2023 WL 2576836, at *3 (N.D. Cal. Mar. 20, 2023) (dismissing Dodd Frank claim where plaintiff did not allege how he provided information to the SEC). Thus, her claim fails for that additional reason.

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

2020) (vague and conclusory allegations of, e.g., "arrests" and "false criminal charges" insufficient). Plaintiff alleges no facts to support that Apple was responsible for the surveillance, that Apple broke into her apartment, or that Apple operated the "social media accounts."

Second, Plaintiff alleges Apple interfered with her right to testify by terminating her. FAC ¶775. "But terminating Plaintiff's employment [is] not violence" and thus "the facts alleged [] simply do not fit into a Bane Act claim." *Snyder v. Alight Solutions, LLC*, 2021 WL 4622392, at *2 (C.D. Cal. May 5, 2021) (dismissing with prejudice Bane Act claim based on defendant's termination of plaintiff); *see also Borrello v. Respironics Cal., LLC*, 2023 WL 5986135, at *8 (S.D. Cal. Sept. 14, 2023) (speech threatening job loss fails as a matter of law under the Bane Act); *Schaldach v. Dignity Health*, 2013 WL 2292054, at *9 (E.D. Cal. May 23, 2013) (same).

Third, Plaintiff alleges that a letter from Apple's law firm interfered with her right to protest alleged invasions into her privacy. FAC ¶776. However, the letter is mere speech, and "[s]peech alone is not sufficient to support" a Bane Act claim unless "the speech itself threatens violence against a specific person[.]" Cal. Civ. Code § 52.1(k); *see also Richter v. Ausmus*, 2021 WL 580055, at *10 (N.D. Cal. Feb. 16, 2021); *Meyers v. City of Fresno*, 2011 WL 902115, at *3 (E.D. Cal. Mar. 15, 2011) (Bane Act claim unsupported by allegation that letter was intended to force plaintiffs to abandon their lawsuit). Plaintiff identifies no threat of violence in the letter (nor could she).

Fourth, Plaintiff alleges that Apple interfered with her access to California's unemployment insurance program by falsifying and deleting records. FAC ¶777. As a threshold matter, these allegations do not satisfy the pleading requirements under *Iqbal*. *See Spindler*, 2020 WL 2559442, at *11. She does not identify any specific records or statements, much less explain why they were false. In any event, courts have found "absolutely no 'threats, intimidation, or coercion' as required by section 52.1" when presented with similar allegations. *Schaldach*, 2013 WL 2292054, at *8 (dismissing Bane Act claim based on allegation that employer fabricated events in a disciplinary letter); *see also Sams v. Cnty. of Riverside*, 2019 WL 3069180, at *19 (C.D. Cal. June 14, 2019) (dismissing Bane Act claim based on fabrication of evidence in arrest report).

Fifth, Plaintiff alleges Apple interfered with her right to a safe workplace (FAC ¶777), but she does not identify any specific threats, intimidation, or coercion that interfered with that right.

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

*Cortez*, 2017 WL 1650568, at *6 (plaintiff must allege that "interference was accompanied by actual or attempted threats, intimidation, or coercion").

Sixth, Plaintiff alleges Apple interfered with her right to free speech. FAC ¶778. She contends that "Apple's retaliatory litigation, retaliatory reports, and malicious gag order prohibited her from ... sharing public records and her legal filings [and] complain[ing] (even privately) about the retaliatory lawsuit and gag order." *Id.* Again, these allegations are vague and conclusory, as she does not identify the litigation, nor does she describe the reports or explain why they are false, or Apple's specific involvement. *See Spindler*, 2020 WL 2559442, at *11.

Seventh, Plaintiff alleges Apple filed various "false claims and reports" (FAC ¶782), but she fails to identify an interfered-with right. *Libman v. United States*, 2022 WL 18284664, at *18 (C.D. Cal. Dec. 1, 2022) ("Plaintiff ... does not indicate what legal right [defendant] sought to interfere with, and therefore fails [to] state a claim against him"); *Yates v. E. Side Union High Sch. Dist.*, 2021 WL 3665861, at *7 (N.D. Cal. Aug. 18, 2021) (potentially threatening remark had no connection to an exercise of rights by plaintiff). Moreover, the allegation of "false claims and reports" is conclusory, as Plaintiff fails to identify what statements were made in the reports or explain why those statements were false. *See Spindler*, 2020 WL 2559442, at *11. In any event, courts have found that a false report does not constitute a threat, intimidation, or coercion under the Bane Act. *See, e.g.*, *Price v. Peerson*, 2014 WL 12579814, at *3 (C.D. Cal. Feb. 12, 2014) (finding defendant's purported act of "falsely claiming" that plaintiff had created a disturbance inadequate to state a Bane Act Claim and citing Cal. Civ. Code § 52.1(k) ["Speech alone is not sufficient to support an action ... except upon a showing that the speech itself threatens violence against a specific person ..."]); *Sams*, 2019 WL 3069180, at *19.

**E.    Plaintiff's Fourth Claim Under the Ralph Act Fails Because She Alleges No Facts Suggesting Any Threat of Violence by Apple, or that Any Alleged Conduct Was Based on Political Affiliation or Any Protected Characteristic.**

To state a Ralph Act claim, Plaintiff must allege (1) Apple committed or threatened a violent act against her; (2) Apple was motivated by its perception of her political affiliation or other protected characteristic; (3) she was harmed; and (4) Apple's conduct was a substantial factor in causing her harm. *Ramirez v. City of San Jose*, 2022 WL 875643, at *9 (N.D. Cal. Mar. 24, 2022).

Plaintiff fails to establish the first element. She alleges Apple committed violence and made threats of violence against her as detailed in the Bane Act section of the Complaint. FAC ¶786. However, as discussed above, Plaintiff's conclusory allegations of "threats, intimidation, and coercion" vis-à-vis the Bane Act are insufficient. Her Ralph Act claim thus fails, too. *See Hernandez v. City of San Jose*, 2016 WL 5944095, at *11 (N.D. Cal. Oct. 13, 2016) (explaining that "[t]he type of conduct that can underlie a Ralph Act claim is narrower than the conduct that can underlie a Bane Act claim" as plaintiff must allege that defendant "committed or threatened violent acts"); *Kobayashi v. McMullin*, 2022 WL 3137958, at *34 (C.D. Cal. May 31, 2022) (citations omitted) (dismissing Ralph Act claim because "Plaintiff's conclusory statements of violence and threats of violence do not suffice").[6]

Plaintiff also fails to satisfy the second element because she has not adequately alleged that Apple's alleged conduct was motivated by any protected characteristic of Plaintiff. As an initial matter, she claims that Apple was motivated by her position in a labor dispute, her sex/gender, her disability, her color/race, her medical condition, her activism, and her membership in a protected class of "victims of environmental crime." FAC ¶785. However, she alleges ***no facts*** to support that any of these characteristics motivated Apple in any way. *Moreno v. Cnty. of Los Angeles*, 2022 WL 1515684, at *4 (C.D. Cal. Feb. 28, 2022) ("conclusory statement that [defendants] 'were engaging in acts of violence because of [decedent's] race and national origin'" was "insufficient to satisfy the pleading standard"); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112, at *6 (N.D. Cal. Nov. 5, 2013) (motion to dismiss granted where plaintiff "merely allege[s] that [p]laintiff was 'recognizable as a Hispanic' without any accompanying facts demonstrating or suggesting that he was targeted because of his ethnicity").

**F.**     **Plaintiff's Sixth Claim Under Cal. Lab. Code § 1102.5 Fails Because She Fails to Allege Protected Activity.**

---

[6] The Ralph Act specifically states that "'intimidation by threat of violence' includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." Cal. Civ. Code § 51.7(b)(2). As discussed above, vague and conclusory allegations that Apple filed "false claims and reports" (FAC ¶782) are inadequate to state a claim. *See Spindler*, 2020 WL 2559442, at *11.

4145-4273-5435

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-CV-4597-LB

Labor Code section 1102.5 is California's general whistleblower statute and prohibits employers from retaliating against employees for engaging in "protected activity"—*i.e.*, for reporting conduct the employee reasonably believes violates a "state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation," or for refusing to engage in an activity that would result in such a violation. Cal. Lab. Code § 1102.5 (b) & (c).

To state a *prima facie* case, Plaintiff must allege that: (1) she engaged in, or reported her refusal to perform, a protected activity, (2) her employer subjected her to adverse employment action, and (3) there is causal link between the two. *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 969 (N.D. Cal. 2010). Courts have held that plaintiffs bringing Section 1102.5(b) and (c) claims must allege both the specific rule, regulation, or statute they reasonably believed had been violated, and the factual basis for their reasonable belief. *See, e.g., James v. PC Matic, Inc.*, 2023 WL 4291668, at *13-14 (C.D. Cal. May 17, 2023); *De Souza v. Dawson Tech., Inc.*, 2022 WL 298368, at *5 (S.D. Cal. Feb. 1, 2022).

Here, Plaintiff alleges she engaged in protected activity under both Section 1102.5(b) and (c)—that she reported conduct she "reasonably believed" violated the law, and that she refused to engage in conduct that would violate the law. Both fail because the Complaint does not sufficiently allege any protected activity.

Regarding Plaintiff's *first* argument—that she reported illegal conduct under Section 1102.5(b)—she identifies one statute she alleges was violated: Labor Code section 435. Section 435 provides that **"[n]o employer may cause** an audio or video recording to be made of an employee **in a restroom, locker room, or room designated by an employer for changing clothes**, unless authorized by court order." This law was enacted on the heels of other laws prohibiting employers from requiring employees to take polygraphs, lie detectors, or similar tests. *See* 1998 Cal. Legis. Serv. Ch. 515 (A.B. 2303). The intent of Section 435, as expressed in court opinions analyzing it, is plainly to prevent employers from recording employees in restrooms, locker rooms, *etc.* without their knowledge. *See Am. Int'l Specialty Lines Ins. Co. v. Hoot Winc, L.L.C.*, 2006 WL 8455348, at *1 (S.D. Cal. Aug. 22, 2006) (employer secretly videotaped employees in changing room).

Plaintiff alleges nothing of the sort. Plaintiff admits she disclosed information about the "Gobbler" application, which is an iPhone app that uses facial recognition technology to capture biometric information, and alleges that the "Gobbler" app took videos of Plaintiff "whenever it thought it saw a face." FAC ¶¶980, 1037. Plaintiff does not, however, allege that Apple used the application to record Plaintiff in a bathroom, locker room, or other protected location without her knowledge, or that Apple intended the Gobbler application to record her in any such space. Plaintiff's allegations are nothing like those in *American International Specialty Lines*.

Plaintiff also fails to allege that Apple "caused" any "audio or video recording" to be made of her in any protected location. She does not allege that any recording was in fact made, nor that Apple installed the app on her phone without her knowledge, nor that Apple required her to install the app on her phone, nor that Apple required her to use her phone in the Apple restrooms, locker rooms, or other private areas for changing clothes. On the contrary, Plaintiff acknowledges that the app was installed on her phone with her knowledge and that she continued to use her phone after the app was installed, thereby consenting to the app. *See* FAC ¶¶1032, 1037.

Moreover, 1102.5(b) by its terms protects employees who make disclosures "to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance." Plaintiff alleges no such disclosures. Rather, she alleges that she complained about "surveillance" on Twitter and to a reporter. FAC ¶983.

Plaintiff's **second** argument—that she refused to engage in conduct she "reasonably believed" was illegal under Section 1102.5(c) and suffered resulting retaliation—is set forth in one conclusory sentence: "Gjovik refused to engage in unlawful acts including participating in Apple's coverup, environmental crimes, and intimidation of witnesses." FAC ¶978. Plaintiff does not allege what "unlawful acts" she refused to engage in, or identify a statute she believes this alleged conduct violated; these failures are fatal to her claim. *See James*, 2023 WL 4291668, at *13-14.[7]

---

[7] Plaintiff's conclusory attempt to allege a violation of Section 1102.5(a) also fails, as it is supported by no factual allegations. Section 1102.5(a) provides that "an employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information." Plaintiff simply parrots the language of the statute verbatim and provides no factual support whatsoever. *See* FAC ¶978. This claim fails as well.

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

**G.**    **Plaintiff's Seventh Claim Under Cal. Lab. Code § 98.6 Fails Because "Free Speech" Is Not A Sufficient Basis To State A Claim Under the Predicate Statute Cal. Lab. Code § 96(k).[8]**

California Labor Code section 98.6 prohibits retaliation against an employee because the employee engaged in certain delineated conduct, including the conduct described in Labor Code section 96(k). In turn, Section 96(k) addresses "demotion, suspension, or discharge from employment for lawful conduct occurring during nonworking hours away from the employer's premises" asserting recognized constitutional rights. *See Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72, 86 (2004) (quoting *Barbee v. Household Auto. Fin. Corp.*, 113 Cal. App. 4th 525, 533 (2003)). Thus, to state a Section 98.6 claim predicated on an alleged violation of Section 96(k), Plaintiff must allege that she was terminated because she asserted a recognized constitutional right. *See id.* Plaintiff alleges only that she asserted the right to "free speech," but free speech is an insufficient basis to state a claim.

Specifically, Plaintiff alleges Apple retaliated against her for "asserting 'recognized constitutional rights' (free speech, speaking about work conditions, protesting unlawful conduct, protesting unlawful surveillance and unfair business practices), occurring during nonworking hours (while she was on leave), away from Apple's premises." FAC ¶988. Under well-established case law, "a private employee [like Plaintiff] has no recognized constitutional protection from termination by a private employer [like Apple] based on speech." *Hamilton v. Juul Labs, Inc.*, 2020 WL 5500377, at *3, n.5 (N.D. Cal. Sept. 11, 2020). Thus, Plaintiff's Section 98.6 claim premised on an alleged Section 96(k) violation fails. *Napear v. Bonneville Int'l Corp.*, 2023 WL 3025258, at *10 (E.D. Cal. Apr. 20, 2023) (free speech insufficient basis for Section 98.6 claim predicated on alleged violation of Section § 96(k)); *Lopez v. Wachovia Mortg.*, 2009 WL 4505919, at *3-4 (E.D. Cal. Nov. 20, 2009) (dismissing part of a cause of action predicated on various underlying statutes).

---

[8] In the alternative, Apple moves to strike Plaintiff's Section 98.6 claim predicated on a Section 96(k) violation as immaterial under FRCP 12(f). Rule 12(f) permits a Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (granting motion to strike to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"); *Barajas v. Carriage Servs., Inc.*, 2020 WL 1189854, at *5 (N.D. Cal. Mar. 12, 2020) ("[M]otions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action.").

1

2

### H.    Plaintiff's Sixth Cause of Action Alleging Ultrahazardous Activities Should Be Dismissed as Time-Barred and Because She Does Not Allege Any Ultrahazardous Activities Under the Law.

3

4

5

6

Plaintiff fails to allege that operating a semiconductor manufacturing facility (located at 3250 Scott Blvd, which Plaintiff alleges was 0.2 miles from her apartment located at 3255 Scott Blvd.) and operating a facility on a Superfund site (located at 825 Stewart Drive, where Plaintiff's office was located) are both ultrahazardous activities.[9]

7

8

9

10

11

12

13

14

15

16

17

18

19

**First**, as a gating issue, Plaintiff's claim fails because it is barred by the two-year limitations period. Code Civ. Proc. §§ 335.1, 340.8.[10] A plaintiff must bring a claim within the applicable statute of limitations period after the cause of action accrues. Civ. Proc. Code § 312. A cause of action "accrues" when the wrongful act is done or the wrongful result occurs, and the consequent liability arises. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807 (2005). Here, Plaintiff filed her lawsuit on September 7, 2023, and thus a claim that accrued **before September 7, 2021** is time-barred. Plaintiff expressly pleads that "as early as February 2020" she was "an environmental crime victim because she was a '*victim of a crime that caused physical injury'* and suffered '*physical, psychological, and financial harm due to the attempted commission of a crime or delinquent act'* from 3250 Scott Boulevard, and possibly 825 Stewart Drive." FAC ¶292 (emphasis in original). The Complaint admits that, by February 2020 and/or long before September 7, 2021, Plaintiff both (1) had actual knowledge of the alleged contamination from the Superfund Site and the semiconducting manufacturing facility, and (2) suffered the physical injuries complained of.[11]

20

21

22

[9] Notably, Plaintiff alleges that Northrop Grumman Corporation—**not Apple**—acquired the Superfund site "decades ago" and is the "responsible party" for maintaining the Superfund site on which 825 Stewart Drive sits. FAC ¶34. *See also id.* ¶625 (Northrop Grumman is defense company responsible for the dump and maintenance of waste materials beneath 825 Stewart Drive). Per Gjovik, Apple leases 825 Stewart Drive. *Id.* ¶36.

23

24

[10] Plaintiff pleads only facts supporting alleged personal injury damages, thus her claim is governed by the two-year statute of limitations period. *See* Code Civ. Proc. §§ 335.1, 340.8; FAC ¶¶195, 204, 231, 233, 235, 292, 293, 374.

25

26

27

28

[11] *See* FAC ¶192 (in June 2019, there was a "leak of deadly gases" at the 3250 Scott Boulevard factory), ¶231 (on September 4, 2019, Gjovik experienced a severe fainting spell at her Apple office at 825 Stewart Drive), ¶236 (in September 2019, the EPA emailed about "high levels of TCE" at 825 Stewart Drive (Gjovik's office)), ¶190 (in 2020 Plaintiff complained to the EPA of alleged "solvent exposure" at 825 Stewart Drive), ¶195 (in February 2020, Plaintiff moved into 3255 Scott Blvd, just 0.2 miles from the 3250 Scott Blvd facility, and "quickly fell ill and became disabled"); ¶204 ("On September 2, 2020, Gjovik discovered there were elevated and unexpectedly 'spiking' levels of volatile organic chemicals inside her apartment at 3255 Scott Blvd"); ¶207 (that the

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

1  However, Plaintiff filed her original complaint on September 7, 2023, more than two years after

2  her claims accrued. Her claim is time-barred.

3  *Second*, the activities Plaintiff complains of are not "ultrahazardous" under the law. The

4  existence of regulations and statutes governing a particular activity means generally that an activity

5  should not be subject to strict liability. *See Schwartzman, Inc. v. General Elec. Co.*, 848 F. Supp.

6  942, 945 (D.N.M. 1993) (dismissing strict liability claim, recognizing that "the premise of many

7  environmental laws [] is that proper handling and disposal of [hazardous materials] minimizes or

8  eliminates the risk of their use"); *see also Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691

9  F. Supp. 2d 355, 365 (E.D.N.Y. 2010) (dismissing strict liability claim relating to exposure to

10  wireless telephone equipment because the Federal Telecommunications Act governs the activity).

11  Here, Congress has chosen to regulate Superfund sites rather than outlaw their use entirely because

12  they can be operated safely. *See* Comprehensive Environmental Response, Compensation, and

13  Liability Act (CERCLA), 42 U.S.C. §§ 9601, *et al.*, as amended by the Superfund Amendments

14  and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. §§ 9601-9675.

15  Further, Apple is aware of no case law that holds that simply operating either an office on

16  a Superfund site or a semiconductor manufacturing facility is ultrahazardous under the law. Indeed,

17  under relevant case law, Plaintiff's allegations about the use of chemicals and alleged resulting

18  contamination are insufficient. *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000,

19  1010 (S.D. Cal. 2015) ("the act of using solvents such as TCE and PCE . . . in an industrial site is

20  not an ultrahazardous activity, because the risks associated with the use, storage, and/or disposal of

21  such industrial solvents can be avoided through the exercise of reasonable car[e]"); *In re Burbank*

22  *Envtl. Litig.*, 42 F. Supp. 2d 976, 983 (C.D. Cal. 1998) (dismissing strict liability claims because

23  "plaintiffs have not stated sufficient facts to establish the use of [TCE and other chemicals] is an

24  _____

25  alleged "spiking" chemicals caused her alleged physical illnesses); ¶211 (in September 2020
"Gjovik noticed there was an Apple facility at 3250 Scott Boulevard across the street and it was

26  also on the Superfund groundwater plume"), ¶265 (on April 4-5 2021, Plaintiff raised concerns
about "vapor intrusion" at 825 Stewart Drive to her Apple manager), ¶287 ("in April 2021, Gjovik

27  was convinced a fainting spell at her office in September or December 2019 was due to vapor
intrusion"), ¶374 (on July 16, 2021, Plaintiff notified Apple that she had "*serious concerns about*

28  *work place safety of my building, and Apple's other buildings on chemical release sites. … I believe*
*I have already been injured by the vapor intrusion in 2019*").

1    ultrahazardous activity").

2          ***Third***, Plaintiff cannot establish the third and critical factor in a strict liability analysis—

3    that any associated risk cannot be mitigated with reasonable care.[12] The thrust of Plaintiff's claim

4    is that Apple ***negligently or improperly*** managed any pollution or "vapor intrusion." FAC ¶374

5    (alleging that Apple has been "negligent with properly managing the vapor intrusion" at 825

6    Stewart), ¶218 (alleging Apple either lied about properly removing waste from 3250 Scott Blvd. or

7    illegally removed the waste), ¶951 (alleging that Apple released chemicals from 3250 Scott

8    "without proper abatement"). But that contradicts any suggestion that operating either an office on

9    a Superfund site or a semiconductor manufacturing facility is ***inherently*** dangerous. Indeed,

10   Plaintiff explicitly alleges that any dangers can be mitigated through reasonably safety protocols.

11   FAC ¶43 ("sub-slat depressurization system and professional engineer certified sealing of the floor

12   cracks and conduits [are] the primary mitigation measures to prevent vapor intrusion in [825

13   Stewart Dr.]"); ¶951 (alleging that Apple released chemicals from 3250 Scott "without proper

14   abatement" and "without even changing their charcoal filters").[13] Because Plaintiff acknowledges

15   the alleged dangers can be mitigated through reasonable care, the conduct cannot be "inherently"

16   dangerous, and Plaintiff cannot allege an ultra-hazardous activity. *See Greenfield MHP Associates*,

17   145 F. Supp. 3d at 1009-10 (dismissing plaintiffs' strict liability claims because the risks associated

18   with TCE and other industrial solvents can be avoided through reasonable care.

19

20

---

21   [12] A six-part test is used to determine whether a particular activity is ultrahazardous and thus subject
     to strict liability: (a) existence of a high degree of risk of some harm to the person, land or chattels
22   of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the
     risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common
23   usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which
     its value to the community is outweighed by its dangerous attributes. *Greenfield MHP Associates*,
24   145 F. Supp. 3d at 1009-10.

25   [13] *See also* FAC ¶284 (alleging the "vapor intrusion testing [at 825 Stewart Dr.] . . . were in range"
     at point in time); ¶341 (US EPA can designate Superfund sites as having "Human Exposure"
26   "Under Control"); ¶347 (acknowledging that vapor intrusion cracks can be "fixed"); ¶475
     (acknowledging various mitigation systems exist, including sub-slab depressurization systems,
27   groundwater bioremediation systems, sealing concrete slabs and past cracks, excavating
     contaminated soil, and sealing spaces between walls); ¶308 (alleging that vapor intrusion at 3255
28   Scott Blvd could be mitigated through "subslab depressurization"); ¶¶217-18 (alleging hazardous
     waste from 3250 Scott Blvd could be mitigated by removing to offsite waste processing locations).

APPLE INC.'S MOTION TO DISMISS
CASE NO. 23-cv-4597-LB

1
      **I.**      **Plaintiff's Eleventh Cause of Action Alleging Private Nuisance is Time-Barred.**

2
      Plaintiff's nuisance claim relies on the semiconductor manufacturing facility (3250 Scott

3
Blvd.) allegedly polluting her apartment at 3255 Scott Blvd. FAC ¶¶1053-57. This claim has a

4
three-year limitations period (Code Civ. Proc. § 338(b)) and thus fails for the same reasons

5
discussed above: Plaintiff asserts she was aware of and injured by the alleged contamination near

6
her apartment more than three years before she filed this lawsuit. *See* FAC ¶¶195, 204, 207, 231,

7
292.

8
**V.**      **CONCLUSION**

9
      Apple respectfully requests that the Court grant its Motion to Dismiss.

10
Dated: November 16, 2023              ORRICK, HERRINGTON & SUTCLIFFE LLP

11

12
                    By: _____

13
                           JESSICA R. PERRY

14
                        Attorneys for Defendant
                        Apple Inc.