1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
5  Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
9  405 Howard Street
San Francisco, CA 94105-2669
10 Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

11

12 Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| APPLE INC., | Dept:    Courtroom 5, 17th Floor |
| Defendant. | Judge:   Honorable Edward M. Chen |
| | Date:    February 8, 2024 |
| | Time:    1:30 p.m. |

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:   +1 310 633 2800
Facsimile:   +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:   +1 202 339 8400
Facsimile:   +1 202 339 8500

Attorneys for Defendant
Apple Inc.

Pending before the Court is Defendant Apple, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint. Having considered the relevant papers and pleadings on file with the Court in this matter, as well as the arguments of counsel, the Court determines:

1. The Court **DISMISSES, with prejudice**, Plaintiff's First Claim under the Sarbanes-Oxley Act ("SOX") because Plaintiff fails to (1) identify the misrepresentations that support her claim, (2) allege Apple's alleged conduct constituted mail fraud, wire fraud or bank fraud, or violated any securities laws that can form the predicate of a SOX claim, and (3) allege she complained to a supervisor or other individual at Apple with authority to investigate, or that Apple knew of her complaint to the Securities and Exchange Commission.

2. The Court **DISMISSES, with prejudice**, Plaintiff's Second Claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act because it is derivative of her SOX claim. A claim under Dodd-Frank requires that Plaintiff allege a violation actionable under SOX, which Plaintiff has not properly alleged.

3. The Court **DISMISSES, with prejudice**, Plaintiff's Third Claim under the California Bane Civil Rights Act because Plaintiff fails to allege facts showing that Apple interfered with Plaintiff's constitutional or statutory rights; or that such interference was accompanied by actual or attempted threats, intimidation, or coercion.

4. The Court **DISMISSES, with prejudice**, Plaintiff's Fourth Claim under the California Ralph Civil Rights Act because Plaintiff does not allege facts suggesting any threat of violence by Apple or that any conduct by Apple was based on her political affiliation or other protected characteristic.

5. The Court **DISMISSES, with prejudice**, Plaintiff's Fifth Claim under Racketeer Influenced and Corrupt Organizations Act ("RICO") because the Private Securities Litigation Reform Act ("PSLRA") bars it. Moreover, Plaintiff fails to allege Apple used or invested money it received from supposed racketeering to injure her, and because she fails to plead the existence of an "enterprise" separate and distinct from Apple or a pattern of racketeering activity.

6. The Court **DISMISSES, with prejudice**, Plaintiff's Sixth Claim asserting strict liability for

ultrahazardous activities because it is time-barred and, even if it were not, operating a facility on a Superfund site and operating a semiconductor facility are not ultrahazardous activities.

7. The Court **DISMISSES, with prejudice**, Plaintiff's Seventh Claim under California Labor Code section 1102.5 because Plaintiff fails to allege any facts that would establish a violation of the sole underlying statute she identifies as a predicate for this claim (California Labor Code section 435).

8. The Court **DISMISSES, with prejudice**, Plaintiff's Eighth Claim under California Labor Code section 98.6 predicated on an alleged violation of Labor Code section 96(k) because Plaintiff fails to allege she was terminated for asserting a recognized constitutional right.

9. The Court **DISMISSES, with prejudice**, Plaintiff's Eleventh Claim for private nuisance under California Civil Code section 3479 because it is time-barred.

Accordingly, Defendant Apple Inc.'s Motion to Dismiss is **GRANTED**, and Plaintiff's first, second, third, fourth, fifth, sixth, seventh, eighth, and eleventh claims are **DISMISSED with prejudice**, as set forth above.

**IT IS SO ORDERED**

Dated:_____

HON. THOMAS M. CHEN
U.S. DISTRICT COURT JUDGE