**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*

2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | **Case No. 3:23-cv-04597-EMC** |
| | **Filed**: September 7 2023 |
| | **District Judge**: Honorable Edward M. Chen |
| **ASHLEY GJOVIK**, *an individual*, | **MOTION FOR JUDICIAL NOTICE** |
| Plaintiff, | |
| v. | **Hearing** |
| | Dept: Courtroom 5, 17th Floor (Virtual) |
| **APPLE INC**, *a corporation*, | Date: February 8, 2024 1:30 p.m. |
| Defendant. | *Plaintiff Does Not Require Oral Arguments* |
| | |
| | *Concurrent with:* |
| | *Defendant's Motion to Dismiss (Doc #30)* |
| | *P's Opposition to Motion to Dismiss (Doc #33)* |

## Motion for Judicial Notice Cover Page: Exhibit

**Declaration**: *I verified the authenticity of each of these documents. A true and correction version of each document is attached in each exhibit. I declare under penalty of perjury this is true and correction. /s/ Ashley M. Gjovik (December 25 2023).*

1

**From:** dgecpb32@nlrb.gov e-Service@service.nlrb.gov
**Subject:** RE: Inquiry # 1-2995241861 - Signed Charge Against Employer, Documentary Evidence
**Date:** August 26, 2021 at 6:57 PM
**To:** ashleygjovik@icloud.com

D

Confirmation Number: **1052852702**

You have successfully accomplished the steps for E-Filing a *Charge - CA* with NLRB Region 32, Oakland, California. This email notes the official date and time of the receipt of your submission. Please save this email for future reference. Please note that this receipt is not confirmation that your case has been docketed; rather, this email solely constitutes the regional office's acknowledgment of receipt of your document(s).

Until your case is docketed and is assigned an NLRB Case Number by the Region, please use **Inquiry No. 1-2995241861** to E-file any documents you wish to present regarding your charge. Click the link below to E-File additional documents and/or to view your previous E-filings with the NLRB. Your account profile is saved in our system. When you use this link to E-File documents your contact information will be pre-populated.

Your account profile is saved in the NLRB My Account Portal. Click here to view your account information, the cases and inquiries you are a party to and any of your previous E-Filings with the NLRB. You will also be able to E-File documents you wish to present regarding this charge or any other case or inquiry you are a party to. You will use Account No. **1-2995241880** and the email address you used to file your inquiry to access your account. When you use this link to E-File documents your contact information will be pre-populated on the E-Filing page, so that you do not have to reenter your information.

| | |
|---|---|
| Date Submitted: | Thursday, August 26, 2021 6:48 PM Pacific Standard Time |
| Dispute Location: | Sunnyvale, CA |
| Regional, Sub-Regional Or Resident Office: | Region 32, Oakland, California |
| Charge Type: | CA |
| Inquiry Number: | 1-2995241861 |
| Filing Party: | Charging Party |
| Name: | Gjovik, Ashley Marie |
| Email: | ashleygjovik@icloud.com |
| Address: | 1050 Benton Street #2310 Santa Clara, CA 95050 |
| Telephone: | (415) 964-6272 |
| Fax: | |
| Attachments: | Signed Charge Against Employer : CHG.1-2995241861.SignedChargeAgainstEmployer_Wiz.pdf Documentary Evidence : DEV.1-2995241861.AdditionalInfoSupportingCharge.pdf |

My Account                                                                                          8/26/21, 6:48 PM

**Chrome is the preferred browser. If you are experiencing problems, please try again using the latest version of Chrome.**

## Confirmation

You have successfully E-Filed Charge Against Employer . You will receive an E-mail acknowledgement from this office when it receives your submission. This E-mail will note the official date and time of the receipt of your submission. Please save this E-mail for future reference. Please print this page for your records.

**NOTE:** This confirms only that the form was filed. It does not constitute acceptance by the NLRB.

**Confirmation Number:** 1052852702

**Date Submitted:** Thursday, August 26, 2021 6:48 PM (Pacific Standard Time)

**Form Submitted to Office:** Region 32, Oakland, California

File New Charge / Petition

Chrome is the preferred browser. If you are experiencing problems, please try again using the latest version of Chrome.

## Review - Charge Against Employer

Review the information below before submitting the form. Click on the Edit icon under each section to make any changes.

### Charging Party Information

| | | | |
|---|---|---|---|
| **Name:** | Ms. Ashley Marie Gjovik | **Address:** | 1050 Benton Street , #2310, Santa Clara, CA 95050 |
| **Email:** | ashleygjovik@icloud.com | **Phone:** | (415) 964-6272 |

### Employer Information

| | | | |
|---|---|---|---|
| **Employer Name:** | Apple Inc. | **Address:** | One Apple Park Way, Cupertino, CA 95014 |
| **Dispute Location:** | Sunnyvale,CA | **Phone:** | (408) 996-1010 |
| **Region Assigned:** | Region 32, Oakland, California | | |
| **Number of Employees:** | 200 | | |
| **Type of Business:** | Computer Hardware | | |

### Basis of Charge

If you want to file a charge concerning situations not covered by this list, please use the forms provided on our website and/or contact the Information Officer at one of our field offices. You can find the field office nearest you by clicking here or by calling 1-844-762-NLRB.

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| # | Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|---|
| 1 | Ashley Gjovik | Forced on paid admin leave | 08/04/2021 |
| 2 | Ashley Gjovik | Substantial increase in workload &unfavorable work | 07/15/2021 |
| 3 | Ashley Gjovik | Reduction of supervisory responsibilities | 05/06/2021 |
| 4 | Ashley Gjovik | Job reassignment | 05/06/2021 |
| 5 | Ashley Gjovik | employee feedback "warning" from manager | 03/22/2021 |
| 6 | Ashley Gjovik | Retaliatory, nonconsensual ER investigation | 04/09/2021 |
| 7 | Ashley Gjovik | Constructive term; fail to resolve hostile wk env | 04/29/2021 |
| 8 | Ashley Gjovik | ER shared my ID with sexual harasser w/out consent | 05/20/2021 |
| 9 | Ashley Gjovik | Manager insists I must return to unsafe work env | 06/21/2021 |
| 10 | Ashley Gjovik | Harassment from manager | 06/28/2021 |
| 11 | Ashley Gjovik | Forced 2 submit ADA request due to unsafe work env | 07/02/2021 |
| 12 | Ashley Gjovik | Manager refuses to consider remote work | 06/21/2021 |
| 13 | Ashley Gjovik | Withholding of work | 07/28/2021 |

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| # | Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|---|
| 1 | Ashley Gjovik | Forced on paid admin leave | 08/04/2021 |
| 2 | Ashley Gjovik | Substantial increase in workload &unfavorable work | 07/15/2021 |
| 3 | Ashley Gjovik | Reduction of supervisory responsibilities | 05/06/2021 |
| 4 | Ashley Gjovik | Job reassignment | 05/06/2021 |
| 5 | Ashley Gjovik | employee feedback "warning" from manager | 03/22/2021 |
| 6 | Ashley Gjovik | Retaliatory, nonconsensual ER investigation | 04/09/2021 |
| 7 | Ashley Gjovik | Constructive term; fail to resolve hostile wk env | 04/29/2021 |
| 8 | Ashley Gjovik | ER shared my ID with sexual harasser w/out consent | 05/20/2021 |
| 9 | Ashley Gjovik | Manager insists I must return to unsafe work env | 06/21/2021 |
| 10 | Ashley Gjovik | Harassment from manager | 06/28/2021 |
| 11 | Ashley Gjovik | Forced 2 submit ADA request due to unsafe work env | 07/02/2021 |
| 12 | Ashley Gjovik | Manager refuses to consider remote work | 06/21/2021 |
| 13 | Ashley Gjovik | Withholding of work | 07/28/2021 |

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prohibit employees from discussing wages, hours, or other terms or conditions of employment.

## Additional Information

1) On March 17 2021, I raised concerns about unsafe work conditions at my Apple office (825 Stewart Dr, Sunnyvale CA 94085 - a.k.a. the "TRW Microwave" federal EPA Superfund site) to my managers and & colleagues. I was given a "warning" by Manager #1 & told not to speak to my colleagues or publicly about my concerns 2) Apple Employee Relations got involved in March. In April ER intimidated me to not speak about my safety concerns or the status of the office as a Superfund ***Filed workers comp claim for office chemical exposure on 4/26 3) In May, after I complained about my boss prohibiting me from speaking about workplace safety, Apple Employee Relations forced me into a sexism investigation on my behalf, & they used the investigation to make my work situation even more hostile, including naming me to someone who sexually harassed me (with me as the accuser) despite my protests for them not to. 4) End of April, my skip level, Manager #2, refused to resolve a long-running hostile work environment with my direct manager, Manager #1, and told me I can quit Apple instead. In May, Manager #2 began reassigning my projects to other employees & refusing to allow me to work on other projects he previously assigned to me. 5) In June, Manager #1 became even more hostile and harassing. He denied to consider my request to work remotely and demanded I return to in-office work at 825 Stewart despite my concerns about unsafe work conditions. 6) In July, Manager #1 dramatically increased my workload (>4x) with unfavorable work, despite my protests. 7) In July, when I complained again about unsafe work conditions, Employee Relations said I could submit an ADA accommodation req for remote work in order to not be exposed to the uncontrolled industrial chemicals. I protested but they insisted that was the only way I could avoid working in the Superfund office. The request is pending. 8) 8/4, ER put me on paid admin leave ***Throughout ER & EH&S refused to answer my safety qs

**Acknowledged By: Ashley Marie Gjovik**

Back      Submit

My Account                                                                                                    9/16/21, 8:13 PM

**Chrome is the preferred browser. If you are experiencing problems, please try again using the latest version of Chrome.**

# Confirmation                                                                                 🖶 Print

You have E-Filed your document(s) successfully. You will receive an E-Mail acknowledgement noting the official date and time we received your submission. Please save the E-Mail for future reference. You may wish to print this page for your records

**Note:**This confirms only that the document was filed. It does not constitute acceptance by the NLRB

**Please be sure to make a note of this confirmation number.**

**Confirmation Number:** 1053610863
**Date Submitted:** Thursday, September 16, 2021 8:13 PM Pacific Standard Time
**Submitted E-File To Office:** Region 32, Oakland, California

**Contact Information:**
**Ashley Marie Gjovik**
1050 Benton Street #2310, Santa Clara, CA 95050
Ph: (415) 964-6272
E-mail: ashleymgjovik@protonmail.com

**Attached Documents:**
Charge Against Employer:Second Charge for AG - FINAL.pdf

File New Charge / Petition



UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**

REGION 21
US Court House, Spring Street
312 N Spring Street, 10th Floor
Los Angeles, CA 90012

Agency Website: www.nlrb.gov
Telephone: (213)894-5200
Fax: (213)894-2778

Download
NLRB
Mobile App

January 12, 2022

ASHLEY MARIE GJOVIK
1050 BENTON STREET, #2310
SANTA CLARA, CA 95050

**Re:    Apple, Inc.**
**Case 32-CA-288816**

Dear Ms. Gjovik:

The charge that you filed in this case on January 10, 2022 has been docketed as case number 32-CA-288816.  This letter tells you how to contact the Board agent who will be investigating the charge, explains your right to be represented, discusses presenting your evidence, and provides a brief explanation of our procedures, including how to submit documents to the NLRB.

**Investigator:**  This charge is being investigated by Field Attorney MATHEW SOLLETT whose telephone number is (213)634-6522.  If this Board agent is not available, you may contact Supervisory Attorney CATHERINE VENTOLA whose telephone number is (510)671-3049.

**Right to Representation:**  You have the right to be represented by an attorney or other representative in any proceeding before us.  If you choose to be represented, your representative must notify us in writing of this fact as soon as possible by completing *Form NLRB-4701, Notice of Appearance*.  This form is available on our website, www.nlrb.gov, or from an NLRB office upon your request.

If you are contacted by someone about representing you in this case, please be assured that no organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board.  Their knowledge regarding this proceeding was only obtained through access to information that must be made available to any member of the public under the Freedom of Information Act.

**Presentation of Your Evidence:**  As the party who filed the charge in this case, it is your responsibility to meet with the Board agent to provide a sworn affidavit, or provide other witnesses to provide sworn affidavits, and to provide relevant documents within your possession. Because we seek to resolve labor disputes promptly, you should be ready to promptly present your affidavit(s) and other evidence.  If you have not yet scheduled a date and time for the Board agent to take your affidavit, please contact the Board agent to schedule the affidavit(s).  If you fail to cooperate in promptly presenting your evidence, your charge may be dismissed without investigation.

Apple, Inc.
Case 32-CA-288816

- 2 -

January 12, 2022

**Preservation of all Potential Evidence:** Please be mindful of your obligation to preserve all relevant documents and electronically stored information (ESI) in this case, and to take all steps necessary to avoid the inadvertent loss of information in your possession, custody or control. Relevant information includes, but is not limited to, paper documents and all ESI (e.g. SMS text messages, electronic documents, emails, and any data created by proprietary software tools) related to the above-captioned case.

**Prohibition on Recording Affidavit Interviews:** It is the policy of the General Counsel to prohibit affiants from recording the interview conducted by Board agents when subscribing Agency affidavits. Such recordings may impede the Agency's ability to safeguard the confidentiality of the affidavit itself, protect the privacy of the affiant and potentially compromise the integrity of the Region's investigation.

**Correspondence:** All documents submitted to the Region regarding your case MUST be filed through the Agency's website, www.nlrb.gov. This includes all formal pleadings, briefs, as well as affidavits, documentary evidence, and position statements. The Agency requests all evidence submitted electronically to be in the form it is normally used and maintained in the course of business (i.e., native format). Where evidence submitted electronically is not in native format, it should be submitted in a manner that retains the essential functionality of the native format (i.e., in a machine-readable and searchable electronic format).

If you have questions about the submission of evidence or expect to deliver a large quantity of electronic records, please promptly contact the Board agent investigating the charge. If you cannot e-file your documents, you must provide a statement explaining why you do not have access to the means for filing electronically or why filing electronically would impose an undue burden.

In addition, this Region will be issuing case-related correspondence and documents, including complaints, compliance specifications, dismissal letters, deferral letters, and withdrawal letters, electronically to the email address you provide. Please ensure that you receive important case-related correspondence, please ensure that the Board Agent assigned to your case has your preferred email address. These steps will ensure that you receive correspondence faster and at a significantly lower cost to the taxpayer. If there is some reason you are unable to receive correspondence via email, please contact the agent assigned to your case to discuss the circumstances that prevent you from using email.

Information about the Agency, the procedures we follow in unfair labor practice cases and our customer service standards is available on our website, www.nlrb.gov or from an NLRB office upon your request. *NLRB Form 4541, Investigative Procedures* offers information that is helpful to parties involved in an investigation of an unfair labor practice charge.

Apple, Inc.                               - 3 -                          January 12, 2022
Case 32-CA-288816

We can provide assistance for persons with limited English proficiency or disability. Please let us know if you or any of your witnesses would like such assistance.

Very truly yours,

William B. Cowen
Regional Director

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>**32-CA-288816** | Date Filed<br>**01-10-2022** |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br>Apple Inc. | | b. Tel. No.<br>(408) 996-1010 |
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>One Apple Park Way Cupertino, CA 95014 | e. Employer Representative | g. e-mail<br>tcook@apple.com |
| | | h. Number of workers employed<br>200 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Office complex | j. Identify principal product or service<br>Computer hardware | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and
(list subsections)   § 8(a)(1) & §8(a)(4)                                         of the National Labor Relations Act, and these unfair labor
practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the
meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Since on or about August 30, 2021, and continuing to the present date, the above-named Employer threatened, intimidated, discriminated, and/or coerced employees who were engaged in Section 7 activities, including but not limited to, filing an NLRB charge on August 26, 2021.

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>Ashley Marie Gjovik | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br>1050 Benton Street #2310 Santa Clara, CA 95050 | 4b. Tel. No.<br>415-964-6272 |
| | 4c. Cell No.<br>415-964-6272 |
| | 4d. Fax No. |
| | 4e. e-mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. |
|---|---|---|
| *(signature of representative or person making charge)* | Ashley M. Gjovik<br>*(Print/type name and title or office, if any)* | Office, if any, Cell No. |
| | | Fax No. |
| Address   1050 Benton Street #2310, Santa Clara CA 95050 | Date   January 10 2022 | e-mail<br>ashleymgjovik@protonmail.c |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.



**UNITED STATES GOVERNMENT**
## NATIONAL LABOR RELATIONS BOARD



REGION 21
US Court House, Spring Street
312 N Spring Street, 10th Floor
Los Angeles, CA 90012

Agency Website: www.nlrb.gov
Telephone: (213)894-5200
Fax: (213)894-2778

Download
NLRB
Mobile App

April 4, 2022

Ashley Marie Gjovik
1050 Benton Street, #2310
Santa Clara, CA 95050

Re:    Apple, Inc.
       Case 32-CA-282142

Dear Ms. Gjovik:

We have docketed the first amended charge that you filed in this case.

**Investigator**: This charge is being investigated by Field Attorney Mathew Sollett whose telephone number is (213)634-6522. If the agent is not available, you may contact Supervisory Attorney Stephanie Cahn whose telephone number is (213)634-6501.

**Presentation of Your Evidence:** As the party who filed the charge in this case, it is your responsibility to meet with the Board agent to provide a sworn affidavit, or provide other witnesses to provide sworn affidavits, and to provide relevant documents within your possession. If you have additional evidence regarding the allegations in the first amended charge and you have not yet scheduled a date and time for the Board agent to obtain that evidence, please contact the Board agent to arrange to present that evidence. If you fail to cooperate in promptly presenting your evidence, your charge may be dismissed.

**Preservation of all Potential Evidence:** Please be mindful of your obligation to preserve all relevant documents and electronically stored information (ESI) in this case, and to take all steps necessary to avoid the inadvertent loss of information in your possession, custody or control. Relevant information includes, but is not limited to, paper documents and all ESI (e.g. SMS text messages, electronic documents, emails, and any data created by proprietary software tools) related to the above-captioned case.

**Prohibition on Recording Affidavit Interviews:** It is the policy of the General Counsel to prohibit affiants from recording the interview conducted by Board agents when subscribing Agency affidavits. Such recordings may impede the Agency's ability to safeguard the confidentiality of the affidavit itself, protect the privacy of the affiant and potentially compromise the integrity of the Region's investigation.

**Procedures:** Pursuant to Section 102.5 of the Board's Rules and Regulations, parties must submit all documentary evidence, including statements of position, exhibits, sworn statements, and/or other evidence, by electronically submitting (E-Filing) them through the Agency's web site (www.nlrb.gov). You must e-file all documents electronically or provide a written statement explaining why electronic submission is not possible or feasible. Failure to comply with Section 102.5 will result in rejection of your submission. The Region will make its

Apple, Inc.                                  - 2 -                                  April 4, 2022
Case 32-CA-282142

determination on the merits solely based on the evidence properly submitted. All evidence
submitted electronically should be in the form in which it is normally used and maintained in the
course of business (i.e., native format). Where evidence submitted electronically is not in native
format, it should be submitted in a manner that retains the essential functionality of the native
format (i.e., in a machine-readable and searchable electronic format). If you have questions
about the submission of evidence or expect to deliver a large quantity of electronic records,
please promptly contact the Board agent investigating the charge.

       If the Agency does not issue a formal complaint in this matter, parties will be notified of
the Regional Director's decision by email. Please ensure that the agent handling your case has
your current email address.

                                                  Very truly yours,

                                                  William B. Cowen
                                                  Regional Director

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-282142 | 4/1/22 |

File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Apple, Inc. | | b. Tel. No.<br>(408)996-1010 |
|---|---|---|
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*)<br>One Apple Park Way, Cupertino, CA 95014 | e. Employer Representative | f. Fax No. |
| | | g. e-mail |
| | | h. Number of Workers Employed<br>over 100 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Computer Designer and Manufacturer | j. Identify Principal Product or Service<br>Computers | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

Starting in about late March 2021, the above named Employer interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by telling employees to refrain from protected, concerted activities, such as discussing their working terms and conditions; and threatening and/or impliedly threatening employees with discipline in retaliation for their protected, concerted activities.

Starting in about late March 2021, the above named Employer discriminated against employee Ashley Gjøvik by subjecting her to less favorable working terms and conditions in retaliation for her protected, concerted activities.

On about March 22, 2021, the above named Employer issued employee Ashley Gjøvik a verbal warning in retaliation for her protected, concerted activities.

On about August 4, 2021 the above named Employer discriminated against employee Ashley Gjøvik by suspending her in retaliation for her protected, concerted activities.

| 3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)<br>Ashley Marie Gjøvik | |
|---|---|
| 4a. Address (*Street and number, city, state, and ZIP code*)<br><br><br>1050 Benton Street, #2310, Santa Clara, CA 95050 | 4b. Tel. No.<br>(415)964-6272 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>(415)964-6272 |
|---|---|---|
| *(signature of representative or person making charge)* | Ashley Marie Gjøvik,<br>an individual<br>(*Print/type name and title or office, if any*) | Office, if any, Cell No. |
| | | Fax No. |
| Address:   1050 Benton Street, #2310,<br>Santa Clara, CA 95050 | Date:   April 1 2022 | e-mail<br>ashleymgjovik@protonmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# NLRB Cases 32-CA-284428 & 32-CA-284441 (Apple): Current Case Status

| | |
|---|---|
| From | Sollett, Mathew <Mathew.Sollett@nlrb.gov> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com>, Foster, Christopher<cfoster@mwe.com>, Smannan@mwe.com |
| Date | Monday, January 30th, 2023 at 2:00 PM |

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

I am writing to provide you with an update on several outstanding unfair labor practice charges filed against Apple.  The Division of Advice has responded to Region 32's request for guidance in cases 32-CA-284428 and 32-CA-284441 and has instructed the Region to issue a Complaint, absent settlement, alleging various violations of Section 8(a)(1) of the National Labor Relations Act regarding Apple rules/policies and various unlawful statements by Apple supervisors/managers.  As soon as possible, the Region will contact the parties individually to discuss the meritorious allegations in further detail and to explore the possibility of pre-Complaint settlement.

Thank you very much,

Mathew Sollett, Field Attorney

National Labor Relations Board, Region 21

312 N. Spring Street, 10th Floor

Los Angeles, CA 90012

Phone: 213-634-6522

Fax: 213-894-2778

*My Pronouns: he/him/his*

Technology
+ Equality

# Apple Executives Violated Worker Rights, US Labor Officials Say



Tim Cook  *Photographer: David Paul Morris/Bloomberg*

By Josh Eidelson
January 30, 2023 at 5:09 PM EST

Comments by Apple Inc. executives and policies imposed on employees have been deemed illegal by US National Labor Relations Board prosecutors, who say they violate workers' rights.

The NLRB general counsel's office has determined that "various work rules" imposed by the tech giant "tend to interfere with, restrain or coerce employees" from exercising their rights to collective action,

spokesperson Kayla Blado said Monday. The agency "found merit to a charge alleging statements and conduct by Apple – including high-level executives – also violated the National Labor Relations Act."

Unless Apple settles, the board's regional director will issue a complaint against the Cupertino, California-based company, Blado said in an email.

The dispute was brought to the agency by former employee Ashley Gjovik, who filed claims in 2021 alleging that an email Chief Executive Officer Tim Cook sent pledging to punish leakers, as well as a set of policies in Apple's employee handbook, violated federal law. Gjovik's filings cited policies restricting staff from disclosing "business information," talking to reporters, revealing co-workers' compensation or posting impolite tweets.

In his all-staff email, sent in September 2021, Cook wrote that "people who leak confidential information do not belong here." Cook's message said that Apple was "doing everything in our power to identify those who leaked" and that it didn't "tolerate disclosures of confidential information, whether it's product IP or the details of a confidential meeting."

His email followed media reports about a companywide internal meeting the prior week at which management fielded questions about topics such as pay equity and Texas' anti-abortion law.

Apple didn't immediately respond to requests for comment Monday on the NLRB's finding.

At a hearing earlier this month, company attorney Jason Stanevich said, "Apple fosters an open and inclusive work environment whereby employees are not just permitted, but encouraged, to share their feelings and thoughts on a range of issues, from social justice topics to pay equity to anything else that they feel is an important cause to promote in the workplace."

US labor law protects workers' rights to communicate with one another and engage in collective action about workplace issues. Complaints issued by NLRB prosecutors are reviewed by administrative law judges, whose rulings can be appealed to labor board members in Washington – and, from there, to federal court. The agency lacks the ability to impose punitive damages or hold executives personally liable for violations, but can order companies to change workplace policies.

Apple, the world's most valuable company, has faced an unusual wave of public dissent in recent years among its white collar staff, as well as unprecedented organizing campaigns by retail employees, who voted to unionize last year in Maryland and Oklahoma. NLRB prosecutors in recent months have also found merit in claims that Apple illegally coerced workers at its retail stores in Atlanta and New York City, where some employees were seeking to unionize. The company has denied wrongdoing.

Read more: Apple's labor tactics deemed illegal by NLRB

Gjovik, a senior engineering program manager, was fired by Apple in September 2021 after filing complaints with several state and federal agencies. In documents shared by Gjovik, Apple claimed she was terminated for violating policies such as the disclosure of confidential product information. Gjovik has said she was fired in retaliation for her prior complaints, which alleged that – after voicing fears about workplace health hazards – she was harassed, humiliated and asked not to tell co-workers about her concerns.

"My hope is that for the first time Apple is told by the government that this culture of secrecy is not OK," Gjovik said Monday. "I also hope that this sends shockwaves through other corporations that even Apple can be held accountable."

Terms of Service    Trademarks  Privacy Policy
©2023 Bloomberg L.P. All Rights Reserved
Careers  Made in NYC  Advertise  Ad Choices ▷  Help

INTERNET
FORM NLRB-501
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 32-CA-284441 | 10/13/21 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

a. Name of Employer

Apple Inc.

b. Tel. No. (408) 996-1010

c. Cell No.

f. Fax No.

d. Address *(Street, city, state, and ZIP code)*
One Apple Park Way, Cupertino, CA 95014

e. Employer Representative
Tim Cook
Chief Executive Officer

g. e-Mail

h. Number of workers employed
200+

i. Type of Establishment *(factory, mine, wholesaler, etc.)*
Office complex

j. Identify principal product or service
Computer hardware

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Since on or about September 21, 2021, the above-named employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by promulgating, maintaining, and enforcing work rules that prevent or discourage employees from engaging in protected concerted activities.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

Ashley Marie Gjovik

4a. Address *(Street and number, city, state, and ZIP code)*

1050 Benton Street, #2310, Santa Clara, CA 95050

4b. Tel. No. (415) 964-6272

4c. Cell No.

4d. Fax No.

4e. e-Mail
ashleymgjovik@protonmail.com

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _____
*(signature of representative or person making charge)*

Ashley Gjovik, an Individual
*(Print/type name and title or office, if any)*

Tel. No. (415) 964-6272

Office, if any, Cell No.

Fax No.

e-Mail
ashleymgjovik@protonmail.com

Address   1050 Benton Street, #2310, Santa Clara, CA 95050

Oct 12 2021
*(date)*

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

INTERNET
FORM NLRB-501
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case | Date Filed |
| **32-CA-284428** | **10-12-2021** |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
| --- | --- |
| a. Name of Employer<br>Apple Inc. | b. Tel. No. (408) 996-1010 |
| | c. Cell No. |
| | f. Fax No. |
| d. Address *(Street, city, state, and ZIP code)*<br>One Apple Park Way, Cupertino, CA 95014 | e. Employer Representative<br>Tim Cook<br>Chief Executive Officer |
| | g. e-Mail |
| | h. Number of workers employed<br>200+ |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Office complex | j. Identify principal product or service<br>Computer hardware |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Within the past six months and continuing to the present date, the above-named employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by promulgating, maintaining, and enforcing work rules that prevent or discourage employees from engaging in protected concerted activities, including the employment agreement policy, the confidentiality agreement policy, the business conduct policy, and other policies enforced against employees contained within the employee handbook.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

Ashley Marie Gjovik

| | |
| --- | --- |
| 4a. Address *(Street and number, city, state, and ZIP code)*<br>1050 Benton Street, #2310, Santa Clara, CA 95050 | 4b. Tel. No. (415) 964-6272 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail<br>ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION | |
| --- | --- |
| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.<br><br>By _____    Ashley Gjovik, an Individual<br>*(signature of representative or person making charge)*    *(Print/type name and title or office, if any)* | Tel. No. (415) 964-6272 |
| | Office, if any, Cell No. |
| | Fax No. |
| Address   1050 Benton Street, #2310, Santa Clara, CA 95050     *(date)* | e-Mail<br>ashleymgjovik@protonmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.