**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*

2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | **Case No. 3:23-cv-04597-EMC** |
| | **Filed**: September 7 2023 |
| | **District Judge**: Honorable Edward M. Chen |
| **ASHLEY GJOVIK**, *an individual*, | **MOTION FOR JUDICIAL NOTICE** |
| Plaintiff, | |
| v. | **Hearing** |
| | Dept: Courtroom 5, 17th Floor (Virtual) |
| **APPLE INC**, *a corporation*, | Date: February 8, 2024 1:30 p.m. |
| Defendant. | *Plaintiff Does Not Require Oral Arguments* |
| | |
| | *Concurrent with:* |
| | *Defendant's Motion to Dismiss (Doc #30)* |
| | *P's Opposition to Motion to Dismiss (Doc #33)* |

**Motion for Judicial Notice Cover Page: Exhibit 5**

US EEOC
Califronia DFEH
US DOJ Civil Rights
CUIAB (Unemployment)

**Declaration**: I verified the authenticity of each of these documents. A true and correction version of each document is attached in each exhibit. I declare under penalty of perjury this is true and correction. /s/ Ashley M. Gjovik (December 25 2023).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MOTION FOR JUDICIAL NOTICE EXHIBIT

## SECTION:

Gjovik / Apple

US EEOC

**From:** noreply@eeoc.gov
**Subject:** Notice of Scheduled Interview
**Date:** August 12, 2021 at 8:17 PM
**To:** ashleygjovik@icloud.com



---

You are scheduled for an interview by Phone with the Equal Employment Opportunity Commission (EEOC) regarding your inquiry **556-2021-00608**. This email confirms your appointment with an EEOC representative of the **San Jose** office for **09/02/2021 at 12:00 PM PDT**.

On the day of your interview, please have the password for your EEOC Public Portal user account with you

Before your interview, please visit EEOC Public Portal as soon as possible to provide additional information about your inquiry. Providing additional information is optional, but can help make the interview more productive and efficient. You may add or edit the additional information up until you have your interview with EEOC. The information you provide is confidential and will not be disclosed to your employer during an investigation.

**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**

A charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination. It requests EEOC to take remedial action. The laws enforced by EEOC, except the Equal Pay Act, require you to file a charge before you can file a lawsuit for unlawful discrimination. There are strict time limits for filing a charge.

To change or cancel your appointment, please log into the EEOC Public Portal and select the Schedule an Interview option for your inquiry.

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at digitalsupport@eeoc.gov and destroy all copies of the original message and attachments.*

# EEOC (INQUIRY) NUMBER: 556-2021-00608

## Inquiry Information

### REASON(S) FOR CLAIM

**Date of Incident (Approximate):**  08/04/2021

**Reason for Complaint:**  Sex (including pregnancy, sexual orientation and gender identity), Disability, Retaliation - I contacted a government agency to complain about job discrimination, Retaliation - I complained to my employer about job discrimination, Retaliation - I helped or was a witness in someone else?s complaint about job discrimination

**Pay Disparity:**  No

**Location of Incident:**  California

**Submission (initial inquiry) Date:**  08/12/2021

**Claim previously filed as charge with EEOC?**  No

**Approximate Date of Filing:**  N/A

**Charge Number:**  N/A

**Claim previously filed as complaint with another Agency?**  No

**Agency Name:**  N/A

**Approximate Date of Filing:**  N/A

**Nature of Complaint:**  N/A

### INQUIRY OFFICE

**Receiving:**  San Jose Local Office

**Accountable:**  San Jose Local Office

### APPOINTMENT

**Appointment Date and time:**  09/02/2021 12:00 PM US/Pacific

**Interview Type:**  Phone

### APPROXIMATE DEADLINE FOR FILING A CHARGE:  06/01/2022

### POTENTIAL CHARGING PARTY

**First Name, Middle Initial:**  Ashley, M

**Last Name:**  Gjovik

**Street or Mailing Address:**  1050 Benton Street #2310

**Address Line 2:**

**City, State, Zip:**  SANTA CLARA, CA, 95050

**Country:**

**Year of Birth:**

**Email Address:**  ashleygjovik@icloud.com

**Home Phone Number:**  415-964-6272

**Cell Phone Number:**

## RESPONDENT/Employer

**Organization Name:**  APPLE INC

**Type of Employer:**  Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:**  20 or more employees

**Street or Mailing Address:**  1 APPLE PARK WAY

**Address Line 2:**

**City, State, Zip Code:**  CUPERTINO,CA, 95014

**County:**  Santa Clara

**Phone Number:**  (408) 996-1010

## RESPONDENT CONTACT

**First and Last Name:**  Deirdre O'Brien

**Email Address:**

**Phone Number:**

**Title:**  Human Resources Director or Owner

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Street or Mailing Address:**  825 Stewart Drive

**Address Line 2:**

**City, State, Zip Code:**  SUNNYVALE, CA, 94085

**County:**

**POTENTIAL CHARGING PARTY'S DEMOGRAPHICS**

**Gender:**  F

**Disabled:**  I have a disability

**Are you Hispanic or Latino?**  not hispanic or latino

**Ethnicity:**  White,

**National Origin:**

## Adverse Action(s)

Subject to hostile work env on basis of sex, harassment, failure to resolve hostile work env. Reported all of the above and then was retaliated upon for that. Also whistleblower about corruption & work place safety, and retaliated upon for that. Then retaliated upon for reporting retaliation. Adverse employment actions include constructive termination, failure to resolve hostile work env, assignment of unfavorable work, dramatic increase in workload, reduction of supervisory capacity, and pressured into taking adminstrative leave.

# Supplemental Information

**What Reason(s) were you given for the action taken against you?**

N/A

**Was anyone in a similar situation treated the same, better, or worse than you?**

N/A

**Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.**

N/A

**Please tell us any other information about your experience?**

N/A



**U.S. Equal Employment Opportunity Commission**
**San Jose Local Office**

96 North Third Street Suite 250
P.O. Box 487
San Jose, CA 95103
(408) 889-1950
TDD: 1-800-669-6820
Fax: (408) 291-2603
1-800-669-4000

Respondent: APPLE INC
EEOC Charge No.: 556-2021-00608
FEPA Charge No.:

September 10, 2021

Ashley M. Gjovik
1050 Benton Street #2310
Santa Clara, CA 95050

Dear Gjovik:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

| | |
|---|---|
| **[X]** | Title VII of the Civil Rights Act of 1964 (Title VII) |
| [ ] | The Age Discrimination in Employment Act (ADEA) |
| **[X]** | The Americans with Disabilities Act (ADA) |
| [ ] | The Equal Pay Act (EPA) |
| [ ] | The Genetic Information Nondiscrimination Act (GINA) |

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to California Department Of Fair Employment & Housing 2218 Kausen Drive Suite 100 Elk Grove, CA 95758 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Andrae Alexander
Office Automation Asst
(408) 889-1950

Office Hours: Monday – Friday, 8:00 a.m. - 4:00 p.m.
www.eeoc.gov

Enclosure(s):

**From:** **ANDRAE ALEXANDER** ANDRAE.ALEXANDER@EEOC.GOV 📎
**Subject:** EEOC Charge NO. 556-2021-00608 Charge Filing Confirmation
**Date:** September 10, 2021 at 11:06 AM
**To:** ashleygjovik@icloud.com

RE: Ashley M. Gjovik v. APPLE INC
EEOC Charge NO. 556-2021-00608

This is to confirm that the above-referenced charge was filed with the EEOC San Jose Local Office and dual- filed with the
CA DFEH on September 9, 2021. Attached, you will find: 1) confirmation letter, 2) charge of discrimination, 3) State of
California Department of Fair Employment and Housing Right to Sue. The EEOC has served the Respondent, APPLE INC,
with the charge.

For information regarding the status of charge, please visit the EEOC Public Portal at (https://publicportal.eeoc.gov/portal/.

Should you file a lawsuit against the Respondent regarding this matter and/or settle the matter with the Respondent,
the EEOC will require you to provide a copy of the court complaint and/or settlement agreement.

EEOC San Jose Local Office
96 North Third Street Suite 250
P.O. Box 487
San Jose, CA 95103
(408) 889-1950– office
(408) 291-2603 - fax
sanjgov@eeoc.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                             KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

EEOC Number: 556-2021-00608C

Case Name: Ashley M. Gjovik v. APPLE INC

Filing Date:  Sep 09, 2021

**NOTICE TO COMPLAINANT AND RESPONDENT**

This is to advise you that the above-referenced complaint is being dual filed with the California
Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment
Opportunity Commission (EEOC).  The complaint will be filed in accordance with California
Government Code section 12960.  This notice constitutes service pursuant to Government Code
section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter.  Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice.  **This Right to Sue Notice allows you to file a private lawsuit in State court.**  According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice.  Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.  You should consult an attorney to determine with accuracy the date by which a civil action must be filed.  This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (01/2019)

   

2021-09-10 Letter t…2B.pdf    Signed Charge of Disc…ion.pdf

The Wayback Machine - https://web.archive.org/web/20210912031651/https://www.businessinsider.com/fired-apple-e...



US MARKETS CLOSED     In the news

▲ **Dow Jones** -0.78%      ▲ **Nasdaq** -0.87%      ▲ **S&P 500** -0.77%      ▲ **TSLA** -2.46%      ▼ **FB** +0

HOME  ›  TECH

# Program manager fired by Apple allegedly over workplace complaints receives right to sue from federal agency

**Kali Hays**  Sep 10, 2021, 8:22 PM

  

Case 3:23-cv-04597-EMC Document 85-6 Filed 18/25/23 Page 1 of 31



## INSIGER

☰  🔍                                          Log in    Subscribe

**Apple CEO Tim Cook.**  Roy Rochlin/WireImage/Getty Images

**The EEOC and a California employment body gave Ashley Gjøvik approval to sue Apple over her workplace claims.**

**The company just fired Gjøvik, allegedly over her complaints of harassment and work safety issues and her public criticism of how Apple handled them.**

**Apple is already being investigated by the NLRB, which enforces U.S. labor law, over her claims.**

Apple could have a labor lawsuit on its hands as a newly fired employee just received the go ahead from the Equal Employment Opportunity Commission to sue the company.

Ashley Gjøvik, a law student and senior engineering program manager at Apple who was fired late Thursday, received a Right to Sue Notice from the EEOC on Friday, over her claims that Apple subjected her to a hostile work environment and did not resolve or properly handle her claims of sexual harassment by her direct manager. With the EEOC notice, she has the right to sue Apple in state court. In labor cases, getting a "right to sue" is typically required to pursue a lawsuit.

Gjøvik didn't want to comment whether she would file a lawsuit, but did say she's happy her experience is stirring some debate on the company and its treatment of workers.

"I don't want a boycott or anything like that — Apple is like a country, you just have to hold it accountable sometimes," Gjøvik said. She never signed an arbitration agreement with the company. A representative of Apple could not be reached for comment.

 **TRENDING**

MARKETS

**Stock market crash: Expert who shorted 2008 crash warns of 25% drop**

In her discrimination charge, sent to and approved by the EEOC and California's Department of Fair Employment and Housing, Gjøvik said since at least 2017 her direct manager excluded her from meetings, referred to her as "emotional" and "aggressive," gave men credit for her work, and failed to address additional harassment from

a colleague. She also claims that her manager's boss, who would also assign her work, made "sexual comments and gestures" and tried to humiliate her.

Gjøvik at the end of August filed a charge with the National Labor Relations Board (NLRB), too, resulting in an automatic investigation of unfair labor practices at Apple by that federal agency, which is in charge of enforcing U.S. labor law. In those papers, she claimed to have not only experienced sexual harassment at work, but that her original complaint to Apple's human resources team was revealed to the alleged harasser. Gjøvik also alleged that he then retaliated against her for the complaint and for concerns she raised earlier this year that the office she and others worked in is a declared Superfund site.

After that, her usual work was taken away, she told the NLRB, and replaced with even more "unfavorable" assignments. She was also removed from her supervisory responsibilities and eventually forced onto administrative leave. If her claims are found to have merit, it will lead to an NLRB hearing unless a settlement is reached beforehand. While the NLRB cannot impose fines on a company, it can demand remedial actions for an employee, like back pay.

Gjøvik has been public about her issues with Apple, posting to Twitter about her claims, alleged intimidation and her subsequent firing. She told Gizmodo the company asked to speak with her on Thursday about her complaints, which she agreed to do, but only by email so she would have a record of what was said. Apple replied saying Gjøvik had decided "not to participate in the discussion" and was fired shortly thereafter.

"It's embarrassing to say I was fired," Gjøvik admitted. "I have to file for unemployment. I had to email my school about loans and insurance. As much as I know the context, it's hard."

Gjøvik is not the only Apple employee to have formally complained of the company's conduct as an employer. Another NLRB charge was filed last week by Cher Scarlett, a software engineer, who told Reuters the company interfered in and stopped conversations about pay between workers and shut down a Slack channel employees started to discuss pay equity concerns. Employees' right to discuss pay is protected by U.S. law, and experts say, Apple is on unstable ground in its attempt to stop such conversations even on a company channel.

The hashtag #AppleToo has gained traction in recent weeks after being used as a Twitter tag by current and former workers for stories of alleged mistreatment, including sexism, racism, intimidation and abuse. It's also an account now on the platform with nearly 4,000 followers and a goal of uniting the company's workers "to change Apple."

 **TRENDING**

---

**CAREERS**

**Millennials quitting their jobs without a plan face big financial risks**

---

**Was this article valuable for you?**

  

# MOTION FOR JUDICIAL NOTICE EXHIBIT

## SECTION:

Gjovik / Apple

California DFEH



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

EEOC Number: 556-2021-00608C

Case Name: Ashley M. Gjovik v. APPLE INC

Filing Date:   Sep 09, 2021

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC).  The complaint will be filed in accordance with California Government Code section 12960.  This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter.  Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice.  **This Right to Sue Notice allows you to file a private lawsuit in State court.**  According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice.  Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.  You should consult an attorney to determine with accuracy the date by which a civil action must be filed.  This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| FEPA | |
| X   EEOC | 556-2021-00608 |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT & HOUSING   and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **ASHLEY M GJOVIK** | ▨▨▨▨▨▨ | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1050 BENTON STREET #2310, SANTA CLARA,CA 95050** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency
That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **APPLE INC** | **501+** | **(408) 996-1010** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1 APPLE PARK WAY, CUPERTINO, CA 95014** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|
| | | | Earliest — Latest |

RACE        COLOR        X  SEX        RELIGION        NATIONAL ORIGIN        **01-01-2017    07-15-2021**

X  RETALIATION        AGE        X  DISABILITY        GENETIC INFORMATION

OTHER *(Specify)*        X  CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I have been employed by Apple as a Senior Engineering Program Manager since February 23, 2015, reporting to David Powers (nondisabled/male) Director of MSQ. I am also assigned work by his manager, Dan West (nondisabled/male), Senior Director of PSQ.**

**Since January 2017, Powers subjected me to sex-based discrimination and retaliation by referring to me as emotional/aggressive, giving men credit for my work, criticizing me, excluding me from meetings, and refusing to address harassment/sexism from colleague Jason Ivan. West subjected me to sex-based discrimination and retaliation by excluding me from meetings, making sexual comments and gestures, and personally humiliating me. West failed to address my discrimination concerns about Powers raised since 2017. I find all of this offensive. In March 2021, I began to raise concerns about the safety of my office due to it being an EPA Superfund site, which I believe caused injury and I filed a workers compensation claim. Powers personally attacked me due to my disability by stating that due to expressing safety concerns I would receive an employee warning, and not more, because I**

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

**Digitally signed by Ashley M Gjovik on 09-09-2021 07:27 PM EDT**

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 556-2021-00608 |

| CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT & HOUSING | and EEOC |
|---|---|
| *State or local Agency, if any* | |

was having mental health issues which I found to be offensive.

Around April 9, 2021, Jenna Waibel in Apple Employee Relations launched an investigation into sexual harassment and hostile work environment due to sex, despite me telling her I did not want the investigation due to fear of retaliation, but she persisted only to conclude around June 3, 2021 saying she found no policy violations. After, I complained to Antonio Lagares (nondisabled/male), Senior Manager of Employee Relations, because Waibel failed to investigate all of my allegations, because the hostile work environment continued, and I was subject to retaliation. Soon thereafter, Lagares appointed Ekelemchi Okpo (nondisabled/male), Employee Relations Investigator, to conduct a new investigation into the hostile work environment based on sex and disability I have been subjected to since 2015, and sexual harassment since 2015. Apple alleges they are conducting an investigation.

After engaging in protected activity, around May 6, 2021, West reassigned my work to others without explanation and ostracized me. Around July 15, 2021, Powers dramatically increased my workload with unfavorable projects. Around July 2, 2021, Employee Relations forced me to submit a reasonable accommodation request to not be exposed to the hazardous chemicals, instead of addressing my concerns for the health/safety of all employees. Waibel asked I not share my concerns with other employees, refused to take/answer my safety questions, or allow the EH&S team to take/answer my safety questions. In retaliation, on August 4, 2021, Apple placed me on an indefinite paid administrative leave even though I objected. However, to date, Apple argues I requested to be placed on leave, which is misleading.

I believe that I was discriminated against due to my disability and retaliated against after engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended. I believe that I was discriminated against due to my sex, female, and retaliation against after engaging in protected activity, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Ashley M Gjovik on 09-09-2021 07:27 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# MOTION FOR JUDICIAL NOTICE EXHIBIT

# SECTION:

## Gjovik / Apple

## US DOJ Civil Rights

**From:** civilrightsreply@mail.civilrights.usdoj.gov
**Subject:** Response: Your Civil Rights Division Report - 98145-RJH from Employment Litigation Section
**Date:** September 2, 2021 at 10:18 AM
**To:** ashleygjovik@icloud.com

Dear Ashley Marie Gjovik,

You contacted the Department of Justice on September 1, 2021. After careful review of what you submitted, we have determined that your report would more appropriately be handled by another federal agency.

What we did:

Your record number is 98145-RJH.

Team members from the Civil Rights Division reviewed the information you submitted. Based on your report, our team determined that you alleged employment discrimination or other employment-related issues.

Federal law limits the Department of Justice's ability to take direct action under certain situations. Based on our team's review of your report, this includes your matter.

What you can do:

We are not determining that your report lacks merit. Rather, another federal agency may be able to help in your situation.

We have included a list of federal agencies that may be able to help. You should reach out to the appropriate agency if you want to pursue this further.

NOTE: There are strict time limits for filing complaints related to employment discrimination. If you feel you have been discriminated against in employment, you should contact the appropriate agency as soon as possible.

I EXPERIENCED...

Employment discrimination based on: race, color, national origin, religion, sex (including pregnancy, sexual orientation and gender identity), age, disability, or retaliation.

AGENCY THAT MAY BE ABLE TO HELP

Equal Employment Opportunity Commission (EEOC)

File online: eeoc.gov/filing-charge-discrimination
Contact by phone: 1-800-669-4000
File in-person at your nearest EEOC Office: www.eeoc.gov/field-office

I EXPERIENCED...

Employment discrimination based on military service, including retaliation and failure to reemploy.

AGENCY THAT MAY BE ABLE TO HELP

U.S. Department of Labor
Veterans Employment Training Service (VETS)

File online or contact VETS in-person: www.dol.gov/agencies/vets/
Contact by phone: 1-866-487-2365

I EXPERIENCED...

Employment discrimination by the federal government

AGENCY THAT MAY BE ABLE TO HELP

The equal employment opportunity officer at your federal agency

Find your federal EEO officer: www.eeoc.gov/federal-sector/federal-agency-eeo-directors

I EXPERIENCED...

A workers' compensation issue

AGENCY THAT MAY BE ABLE TO HELP

AGENCY THAT MAY BE ABLE TO HELP

U.S. Department of Labor
Office of Workers' Compensation Programs (OWCP)

Phone and in-person options:
https://www.dol.gov/owcp/owcpkeyp.htm

I EXPERIENCED...

An issue with wages and/or work hours

AGENCY THAT MAY BE ABLE TO HELP

U.S. Department of Labor
Employment Standards Administration, Wage and Hour Division

How to file a complaint: www.dol.gov/agencies/whd/contact/complaints
Contact by phone: 1-866-487-2365

I EXPERIENCED...

An issue with worker safety

AGENCY THAT MAY BE ABLE TO HELP

U.S. Department of Labor
Occupational Health and Safety Administration (OSHA)

File online: www.osha.gov/workers/
Contact by phone: 1-800-321-6742

I EXPERIENCED...

A problem with the Equal Employment Opportunity Commission

AGENCY THAT MAY BE ABLE TO HELP

Equal Employment Opportunity Commission
Director, Office of Field Management Programs

131 M Street, NE
Washington, DC 20507

In addition, your state bar association or local legal aid office may be able to help with your issue even though the Department of Justice cannot.

TO FIND...

A personal attorney

ORGANIZATION THAT MAY BE ABLE TO HELP

American Bar Association

www.findlegalhelp.org
Contact by phone: 1-800-285-2221

TO FIND...

A personal attorney for low-income individuals

ORGANIZATION THAT MAY BE ABLE TO HELP

Legal Services Corporation (or Legal Aid Offices)

www.lsc.gov/find-legal-aid
Contact by phone: 202-295-1500

How you helped:

While we cannot act in this specific instance, your report will help us advance civil rights. Information from reports such as yours helps

While we cannot act in this specific instance, your report will help us advance civil rights information from reports such as yours helps us understand emerging and urgent issues. This helps inform how we protect the civil rights of all people in this country.

Thank you for taking the time to contact the Department of Justice about your concerns.

Sincerely,

U.S. Department of Justice
Civil Rights Division

# MOTION FOR JUDICIAL NOTICE EXHIBIT

# SECTION:

Gjovik / Apple

California Unemployment
Insurance Appeals Board



# CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD

### SAN JOSE OFFICE OF APPEALS
### 2665 N FIRST ST STE 100
### SAN JOSE CA 95134

(408) 232-3036

| | |
|---|---|
| ASHLEY M GJOVIK<br>Claimant-Appellant | Case No. **7253819**<br><br>Issue(s): 1256<br><br>Date Appeal Filed: 03/07/2022<br><br>EDD: 0190 BYB: 09/05/2021 |

**Date and Place of Hearing(s):**
(1) 07/14/2022

**Parties Appearing:**
Claimant

# DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless appealed within 30 calendar days from the date of mailing shown below. See the attached "Notice to Parties" for further information on how to file an appeal. If you are entitled to benefits and have a question regarding the payment of benefits, call EDD at 1-800-300-5616.

**Douglas Bird**, Administrative Law Judge

ASHLEY M GJOVIK
1050 BENTON ST APT 2310
SANTA CLARA, CA 95050-4875

Date Mailed: JUL 2 7 2022

**Case No.: 7253819**
CLT/PET: Ashley M. Gjovik
Parties Appearing: Claimant
Parties Appearing by Written Statement: None

**San Jose Office of Appeals**
ALJ: Douglas Bird

## ISSUE STATEMENT

The claimant appealed from a determination disqualifying the claimant for unemployment benefits under Unemployment Insurance Code section 1256. The issue in this case is whether the claimant was discharged for misconduct connected with the most recent work.

## FINDINGS OF FACT

Prior to the filing of the claim for benefits the claimant last work in September of 2021 as a senior engineering program manager at a salary of $169,000 per year. She worked approximately six and a half years for the employer.

The claimant received notice from the vice president that she was being discharged. The notice was vague and incomplete and stated that the claimant had disclosed confidential information and had not fully participated in some investigation. Although the claimant requested specific information from the employer, no specific information was provided.

Prior to the separation of the employment the claimant received great performance reviews and prior to the separation the claimant received no oral or written warning notifying her that job was in jeopardy. At all times the claimant performed her job duties to the best of her ability.

## REASONS FOR DECISION

An individual is disqualified for benefits if he or she has been discharged for misconduct connected with his or her most recent work. (Unemployment Insurance Code, section 1256.)

The employer has the burden of proving misconduct. (*Prescod v. California Unemployment Insurance Appeals Board* (1976) 57 Cal.App.3d 29.)

Mere ineptitude or failure to work "up to par" is not misconduct. (Precedent Decision P-B-224.)

In Precedent Decisions P-B-214, P-B-222, and P-B-224 the appeals board held that poor work performance, inefficiency, ineptitude, or a failure to perform "up to par" does not normally constitute misconduct.

In Precedent Decision P-B-222 the claimant performed poorly despite being counseled, causing substantial financial loss to the employer.  The appeals board found that the evidence did not establish a wilful disregard of the employer's interests and held his discharge was not for misconduct.

In this matter the evidence shows that the claimant was discharged for reasons other than misconduct connected with the most recent work.  Since the claimant performed her job duties to the best of her ability and had not received warnings putting her on notice that her job was in jeopardy, the claimant was discharged for reasons other than misconduct and she is qualified for benefits under section 1256.

DECISION

The department determination is reversed.  The claimant is not disqualified from benefits under section 1256 of the code.  Benefits are payable provided the claimant is otherwise eligible.


BARSU:mgDAB1/2

 **Employment Development Department**
State of California

EDD TELEPHONE NUMBERS:
ENGLISH          1-800-300-5616
SPANISH          1-800-326-8937
CANTONESE        1-800-547-3506
MANDARIN         1-866-303-0706
VIETNAMESE       1-800-547-2058
TTY (NON VOICE)  1-800-815-9387

## ACKNOWLEDGMENT OF LETTER

- 

ASHLEY M GJOVIK
1050 BENTON ST APT 2310
SANTA CLARA  CA  95050

- 

Mail Date: 04-11-2022

Name: ASHLEY M GJOVIK

Office Address:

Employment Development Department

UI Center Anaheim
P.O. BOX 66000
ANAHEIM, CA 92816-6600

Your correspondence regarding a recent decision by the EDD about your Unemployment Insurance (UI) claim has been received.

Your appeal has been processed and forwarded to the  San Jose Office of Appeals. You will receive a hearing notice from that office giving you the day, time and place of your hearing. . If you have any questions regarding your appeal hearing or want to withdraw your appeal, you must contact the Office of Appeals at (408) 232-3036 . The EDD cannot legally withdraw your appeal on your behalf. If you have other questions concerning your UI claim, please send an online message through the "Contact EDD" website at www.edd.ca.gov or call one of the toll-free numbers listed above.

DE 713 Rev. 30 (3-18) **(INTRANET)**                                                                              CU

EMPLOYMENT DEVELOPMENT DEPT
UI CENTER ANAHEIM
P.O. BOX 66000
ANAHEIM       CA 92816-6000



# N O T I C E   O F   D E T E R M I N A T I O N

DATE MAILED          02/04/22
BENEFIT YEAR BEGAN 09/05/21

A M GJOVIK          0190
1050 BENTON ST APT 2310
SANTA CLARA       CA 95050-4875

EDD TELEPHONE NUMBERS:
ENGLISH       1-800-300-5616
SPANISH       1-800-326-8937
CANTONESE     1-800-547-3506
MANDARIN      1-866-303-0706
VIETNAMESE    1-800-547-2058
TTY           1-800-815-9387

FOR OFFICE USE ONLY 

YOU ARE NOT ELIGIBLE TO RECEIVE BENEFITS UNDER CALIFORNIA UNEMPLOYMENT
INSURANCE CODE SECTION 1256 BEGINNING 09/05/21 AND CONTINUING UNTIL YOU
RETURN TO WORK AFTER THE DISQUALIFYING ACT AND EARN $2250.00 OR MORE IN
BONA FIDE EMPLOYMENT, AND YOU CONTACT THE ABOVE OFFICE TO REOPEN YOUR
CLAIM.

YOU WERE DISCHARGED FROM YOUR LAST JOB WITH APPLE INC. BECAUSE YOU BROKE A
REASONABLE EMPLOYER RULE.  AFTER CONSIDERING THE AVAILABLE INFORMATION,
THE DEPARTMENT FINDS THAT YOU DO NOT MEET THE LEGAL REQUIREMENTS FOR
PAYMENT OF BENEFITS.  SECTION 1256 PROVIDES - AN INDIVIDUAL IS DISQUALIFIED
IF THE DEPARTMENT FINDS HE VOLUNTARILY QUIT HIS MOST RECENT WORK WITHOUT
GOOD CAUSE OR WAS DISCHARGED FOR MISCONDUCT FROM HIS MOST RECENT WORK.
SECTION 1260A PROVIDES - AN INDIVIDUAL DISQUALIFIED UNDER SECTION 1256 IS
DISQUALIFIED UNTIL HE/SHE, SUBSEQUENT TO THE DISQUALIFYING ACT, PERFORMS
SERVICES IN BONA FIDE EMPLOYMENT FOR WHICH HE/SHE RECEIVES REMUNERATION
EQUAL TO OR IN EXCESS OF FIVE TIMES HIS OR HER WEEKLY BENEFIT AMOUNT.

APPEAL:

YOU HAVE THE RIGHT TO FILE AN APPEAL IF YOU DO NOT AGREE WITH ALL OR PART
OF THIS DECISION.

TO APPEAL, YOU MUST DO ALL OF THE FOLLOWING:

A. COMPLETE THE ENCLOSED APPEAL FORM (DE 1000M) OR WRITE A LETTER STATING
THAT YOU WANT TO APPEAL THIS DECISION.  IF YOU WRITE A LETTER TO APPEAL,
EXPLAIN THE REASON WHY YOU DO NOT AGREE WITH THE DEPARTMENT'S DECISION.
WRITE YOUR SOCIAL SECURITY NUMBER ON EACH DOCUMENT YOU SUBMIT TO THE
DEPARTMENT.  (TITLE 22, CALIFORNIA CODE OF REGULATIONS (CCR), SECTION
5008).

B. MAIL THE DE 1000M OR YOUR LETTER TO THE ADDRESS OF THE OFFICE LISTED ON

**EDD** Employment
Development
Department
State of California

THE FIRST PAGE OF THIS DECISION.

C.  FILE YOUR APPEAL WITHIN THIRTY (30) DAYS OF THE MAIL DATE OF THIS
NOTICE OR NO LATER THAN 03/07/22.

YOUR HANDBOOK, "A GUIDE TO BENEFITS AND EMPLOYMENT SERVICES," GIVES MORE
INFORMATION ABOUT APPEALS. IF YOU DO NOT HAVE A HANDBOOK, YOU CAN READ OR
ORDER THE HANDBOOK ONLINE BY VISITING THE DEPARTMENT'S WEBSITE AT
WWW.EDD.CA.GOV. TO ORDER A HANDBOOK, VISIT WWW.EDD.CA.GOV/FORMS, ENTER
PUBLICATION NUMBER "DE 1275A" IN THE FORM LOCATOR, AND FOLLOW THE ONLINE
INSTRUCTIONS.

APPEAL INFORMATION:

WHEN YOUR APPEAL IS RECEIVED, YOUR CASE WILL BE REVIEWED. IF THE DECISION
REMAINS THE SAME, THE DEPARTMENT WILL SEND YOUR APPEAL TO THE OFFICE OF
APPEALS. IF YOU APPEAL AFTER THE 30 DAYS, YOU MUST INCLUDE THE REASON FOR
THE DELAY. THE ADMINISTRATIVE LAW JUDGE WILL DETERMINE WHETHER YOU HAD GOOD
CAUSE FOR THE DELAY. IF THE ADMINISTRATIVE LAW JUDGE DETERMINES YOU DID NOT
HAVE GOOD CAUSE FOR SUBMITTING YOUR APPEAL LATE, YOUR APPEAL WILL BE
DISMISSED.

THE OFFICE OF APPEALS WILL SEND YOU A LETTER WITH THE DATE, PLACE, AND TIME
OF YOUR HEARING AND A PAMPHLET EXPLAINING APPEAL HEARING PROCEDURES.  AT
THE HEARING, THE ADMINISTRATIVE LAW JUDGE WILL LISTEN TO YOU, EXAMINE THE
FACTS, AND ISSUE  A DECISION. YOU MAY HAVE A REPRESENTATIVE OR SOMEONE ELSE
HELP YOU DURING THE HEARING.

CONTINUING CERTIFICATION:

IF YOU ARE ELIGIBLE TO CONTINUE TO CERTIFY FOR BENEFITS WHILE YOU WAIT FOR
THE ADMINISTRATIVE LAW JUDGE'S DECISION, THE DEPARTMENT WILL ISSUE
CONTINUED CLAIM FORMS AND YOU MUST CONTINUE TO CERTIFY FOR BENEFITS ON
TIME. IN SOME CASES, YOU WILL NOT BE ABLE TO CERTIFY FOR BENEFITS UNTIL THE
ADMINISTRATIVE LAW JUDGE ISSUES A DECISION. IF THE ADMINISTRATIVE LAW JUDGE
DECIDES YOU ARE ELIGIBLE FOR BENEFITS, THE DEPARTMENT WILL ISSUE CONTINUED
CLAIM FORMS. BENEFITS CAN ONLY BE PAID FOR WEEKS THAT YOU HAVE CERTIFIED
FOR BENEFITS AND ARE OTHERWISE ELIGIBLE TO RECEIVE BENEFIT PAYMENTS.

OTHER SERVICES:
VISIT WWW.EDD.CA.GOV FOR INFORMATION ABOUT (1) JOB REFERRALS,
(2) DISABILITY INSURANCE, (3) OTHER EDD SERVICES (4) SERVICES OFFERED BY
OTHER AGENCIES.

DE1080 CZ  REV. 2 (08-21)                    (CTA)