1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
5  Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
6  Facsimile:   +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
9  405 Howard Street
San Francisco, CA 94105-2669
10  Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

11

12  Attorneys for Defendant
Apple Inc.

13

14  UNITED STATES DISTRICT COURT

15  NORTHERN DISTRICT OF CALIFORNIA

16  SAN FRANCISCO DIVISION

17

18  ASHLEY GJOVIK,                                    Case No. 23-cv-4597-EMC

19            Plaintiff,                              **[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

20       v.

21  APPLE INC.,                                       Dept:   Courtroom 5, 17th Floor
                                                      Judge:  Honorable Edward M. Chen
22            Defendant.                              Date:   February 29, 2024
                                                      Time:   1:30 p.m.

23

24

25

26

27

28

| | |
|---|---|
| 1 | KATE E. JUVINALL (SBN 315659) |
| | kjuvinall@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 631 Wilshire Blvd., Suite 2-C |
| 3 | Santa Monica, CA 90401 |
| | Telephone:    +1 310 633 2800 |
| 4 | Facsimile:    +1 310 633 2849 |
| | |
| 5 | RYAN D. BOOMS (SBN 329430) |
| | rbooms@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1152 15th Street, N.W. |
| 7 | Washington, D.C. 20005-1706 |
| | Telephone:    +1 202 339 8400 |
| 8 | Facsimile:    +1 202 339 8500 |
| | |
| 9 | Attorneys for Defendant |
| | Apple Inc. |

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant Apple, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint. Having considered the relevant papers and pleadings on file with the Court in this matter, as well as the arguments of counsel, the Court determines:

1. The Court **DISMISSES, with prejudice**, Plaintiff's First Claim under the Sarbanes-Oxley Act ("SOX") because Plaintiff fails to allege facts that, if true, would demonstrate that she complained about conduct that she reasonably believed violated a provision enumerated in 18 U.S.C. § 1514A(a)(1).

2. The Court **DISMISSES, with prejudice**, Plaintiff's Second Claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act because it is largely derivative of her First Claim. To the extent her SOX claim and Dodd-Frank claim are based on the same purported complaints, her Dodd-Frank claim fails for the same reasons her SOX claim fails. To the extent her Dodd-Frank claim is based on other purported complaints, her Dodd-Frank claim fails because she fails to allege that she made such complaints to the SEC.

3. The Court **DISMISSES, with prejudice**, Plaintiff's Third Claim under the Bane Civil Rights Act because Plaintiff fails to allege facts showing Apple interfered with Plaintiff's constitutional or statutory rights, or that such interference included actual or attempted threats, intimidation, or coercion.

4. The Court **DISMISSES, with prejudice**, Plaintiff's Fourth Claim under the Ralph Civil Rights Act because Plaintiff does not allege facts suggesting any threat of violence by Apple, or that any conduct by Apple was based on her political affiliation or other protected characteristic.

5. The Court **DISMISSES, with prejudice**, Plaintiff's Fifth Claim under RICO because the Private Securities Litigation Reform Act bars it. Moreover, Plaintiff fails to state a claim under 18 U.S.C. § 1962(a) because she fails to plead that Apple used or invested money it received from supposed racketeering to injure her, and she fails to state a claim under 18 U.S.C. § 1962(c) and (d) because she fails to allege the existence of an "enterprise" separate and distinct from Apple or a pattern of racketeering activity.

6. The Court **DISMISSES, with prejudice**, Plaintiff's Sixth Claim asserting strict liability for

ultrahazardous activities because it is time-barred and/or operating a facility on a Superfund site and operating a silicon manufacturing facility are not ultrahazardous activities.

7. The Court **dismisses, with prejudice**, Plaintiff's Eighth Claim under California Labor Code section 98.6 predicated on an alleged violation of California Labor Code section 96(k) because Plaintiff fails to allege she was terminated for asserting a recognized constitutional right.

8. The Court **dismisses, with prejudice**, the Eleventh Claim alleging nuisance per se because Plaintiff has not, as required, identified a law that *expressly* declares it is a nuisance to operate a silicon manufacturing facility.

Accordingly, Defendant Apple Inc.'s Motion to Dismiss is **GRANTED**, and Plaintiff's first, second, third, fourth, fifth, sixth, eighth, and eleventh claims are **DISMISSED with prejudice**, as set forth above.

**IT IS SO ORDERED**

Dated:_____                    _____
                                                   HON. EDWARD M. CHEN
                                                   U.S. DISTRICT COURT JUDGE