1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
5  Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
9  405 Howard Street
San Francisco, CA 94105-2669
10  Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

12  Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>       v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-LB<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Dept:     Courtroom 5, 17th Floor<br>Judge:    Honorable Edward M. Chen<br>Date:     February 29, 2024<br>Time:     1:30 p.m. |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1152 15th Street, N.W.
7  Washington, D.C. 20005-1706
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

**NOTICE OF MOTION AND MOTION TO STRIKE**

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that on February 29, 2024 at 1:30 p.m. in Courtroom 5, on the 17th Floor of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. will move the Court for an Order striking certain allegations in Plaintiff Ashley Gjovik's Second Amended Complaint on the grounds that the allegations are redundant or immaterial, and thus striking them is proper under Federal Rule of Civil Procedure 12(f). This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete pleadings and records on file herein, and such other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Apple moves to strike allegations in Plaintiff's Second Amended Complaint ("Complaint") under Federal Rule of Civil Procedure 12(f). The Complaint is now 666 pages and 1,620 paragraphs. While primarily a wrongful termination case, Plaintiff has tacked on various other claims, seeking to turn it into something much more than that. Apple has contemporaneously filed a Motion to Dismiss various of Plaintiff's twelve claims, including claims under Sarbanes-Oxley Act ("SOX"), the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). If successful, only the claims directly related to Plaintiff's termination of employment, and claims for private nuisance and intentional infliction of emotional distress will remain. In this Motion, Apple asks the Court to (1) strike all allegations that relate only to those claims Apple is moving to dismiss, and (2) strike all allegations that do not relate to the claims that will remain if the Court grants Apple's Motion to Dismiss.

Striking these immaterial allegations is integral to streamlining resolution of the action, and not wasting this Court's and the Parties' time and resources that will necessarily result by allowing Plaintiff to proceed with this sprawling 666-page Complaint that is largely comprised of allegations that are not relevant at all or are only relevant to the claims Apple seeks to dismiss. In other words,

1    the allegations Apple moves to strike are not related to the claims that will remain if the Court

2    grants Apple's Motion to Dismiss. Accordingly, if the Court grants Apple's Motion, in full or in

3    part, the Court should correspondingly strike the related allegations from Plaintiff's Complaint.

4    **II.    BACKGROUND**

5          Plaintiff filed her Complaint on September 7, 2023, asserting 10 claims against her former

6    employer, Apple. Dkt. No. 1. On October 25, 2023, Plaintiff filed a First Amended Complaint

7    asserting 12 claims that was 335 pages and 1,121 paragraphs. Dkt. No. 17. Then, faced with Apple's

8    Motion to Dismiss the First Amended Complaint, Plaintiff filed the operative Second Amended

9    Complaint on December 21, 2023, asserting 12 claims. Dkt. No. 33.

10         Apple has contemporaneously filed a Motion to Dismiss eight of the 12 claims:  (1) SOX

11   (Claim 1); (2) Dodd-Frank (Claim 2); (3) California Bane Civil Rights Act (Claim 3); (4) California

12   Ralph Civil Rights Act (Claim 4); (5) RICO (Claim 5); (6) ultrahazardous activities (Claim 6);

13   (7) Labor Code section 98.6 that is predicated on an alleged violation of Labor Code section 96(k)

14   (Claim 8); and (8) nuisance per se (Claim 11). Apple incorporates by reference its Motion to

15   Dismiss, in which it explains the purported basis for each of these claims. *See* Dkt. No. 41.

16         Should the Court grant Apple's Motion to Dismiss, the following claims will remain:

17   (1) Labor Code 1102.5 (Claim 7); (2) retaliation under Labor Code 98.6 that is not predicated on a

18   violation of Labor Code 96(k) (Claim 8); (3) retaliation under Labor Code 6310 (Claim 9);

19   (4) wrongful termination (Claim 10); (5) private nuisance (Claim 11); and (6) intentional infliction

20   of emotional distress (Claim 12).

21         Plaintiff's Complaint includes hundreds of allegations that relate only to those claims Apple

22   seeks to dismiss or are irrelevant to any claims, and that should be stricken under Federal Rule of

23   Civil Procedure 12(f) as immaterial.

24   **III.   ISSUE TO BE DECIDED**

25         Should the Court strike certain immaterial and redundant allegations from Plaintiff's

26   Complaint?

## IV.   LEGAL STANDARD

The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (granting motion to strike on this basis), *rev'd on other grounds*, 510 U.S. 517 (1994). The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy*, 984 F.2d at 1527. "[M]otions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Barajas v. Carriage Servs., Inc.*, 2020 WL 1189854, at *5 (N.D. Cal. Mar. 12, 2020) (citations omitted).

## V.   ARGUMENT

If the Court grants Apple's Motion to Dismiss, the Court should strike all allegations that (1) relate only to the claims dismissed, (2) all allegations that are immaterial to the remaining claims. Plaintiff's Complaint is an expansive and muddled 1,620 paragraphs, and striking allegations that are not necessary to the remaining pleaded claims will assist both the Court and the parties in streamlining the action and narrowing the issues. Fed. R. Civ. P. 12(f); *Barajas,* 2020 WL 1189854, at *5 (N.D. Cal. Mar. 12, 2020); *Fantasy*, 984 F.2d at 1527. Apple attaches **Exhibit A**, which is a highlighted version of the Complaint; every paragraph highlighted is one identified below that Apple proposes to strike.

*First*, the Court should strike allegations that relate *only* to those claims that Apple seeks to dismiss. The paragraphs and/or allegations (including incorporated graphics and/or footnotes) that should be stricken are identified here by Claim.

- **SOX (Claim 1)**:
    - Compl. ¶1, line 3 ("through a criminal enterprise)
    - Compl. ¶2, lines 19-20 ("which also implicated racketeering and securities fraud concerns")
    - Compl. ¶6 (all language except "This Court has diversity jurisdiction . . .

over these claims")

- Compl. ¶¶9, 15, 23-30, 56-59, 170, 192-93, 472, 653, 751-61, 771-827, 1587

- **Dodd-Frank (Claim 2)**:
    - Compl. ¶1, line 3 ("through a criminal enterprise)
    - Compl. ¶2, lines 19-20 ("which also implicated racketeering and securities fraud concerns")
    - Compl. ¶6 (all language except "This Court has diversity jurisdiction . . . over these claims")
    - Compl. ¶¶9, 23-30, 56-59, 170, 192-93, 336-40, 472, 488, 491, 585, 653, 751-54, 762-842, 1588

- **California Bane Civil Rights Act (Claim 3)**: Compl. ¶¶406, 412, 414-15, 430-32, 444-46, 456-58, 475, 476, 481, 487, 504-06, 516, 527, 529-38, 544, 556-60, 563-65, 568-70, 572, 577-78, 586-89, 594-97, 601-03, 605-12, 616, 619-20, 623, 625-26, 632, 635, 637, 640-41, 644, 646-50, 654-55, 657, 662, 665, 667, 669-70, 676, 680-81, 683, 685, 687-90, 693, 699-702, 704, 712-26, 730, 732, 736, 843-868, 876-92, 1589-90

- **California Ralph Civil Rights Act (Claim 4)**:
    - Compl. ¶1, lines 14-16 (starting with "Gjovik was terminated the day before…")
    - Compl. ¶¶406, 412, 414-15, 430-32, 444-46, 456-59, 474-76, 478, 481, 487, 504-06, 516, 527-38, 543-44, 556-60, 563-65, 568-70, 572, 577-78, 586-89, 594-97, 601-03, 605, 608-12, 616, 619-20, 623, 625-26, 632, 635, 637, 640-41, 644, 646-50, 654-55, 657, 662, 665, 667, 669-70, 676, 680-81, 683, 685, 687-90, 693, 699-702, 704, 712-26, 730, 732, 736, 843-44, 869-888, 1591

- **RICO (Claim 5)**:
    - Compl. ¶1, line 3 ("through a criminal enterprise")
    - Compl. ¶2, lines 19-20 ("which also implicated racketeering and securities fraud concerns")

      ○ Compl. ¶6 (all language except "This Court has diversity jurisdiction . . . over these claims")

      ○ Compl. ¶¶4-5, 9, 18-19, 21, 23-30, 56-59, 90, 96, 99-101, 103, 108-25, 157, 159-62, 192-93, 200-12, 406, 412, 414-15, 419, 429-32, 435, 440, 442, 444-46, 455-58, 462-63, 469, 475-76, 481, 487, 490, 495, 504-06, 516, 527, 529-38, 544-60, 563-65, 568-78, 580, 582-83, 585-89, 594-97, 601-05, 608-14, 616, 619-23, 625-33, 635, 637, 640-41, 644, 646-50, 654-57, 659-60, 662, 664-65, 667-71, 676, 679-81, 683, 685, 687-91, 693, 696-709, 711-27, 730, 732-34, 736, 741, 893-1152, 1592-93

- **Ultrahazardous activities (Claim 6)**: Compl. ¶¶32-47, 49-55, 126-29, 165-68, 191, 196-98, 561-62, 1153-1187, 1594

- **Labor Code section 98.6 that is predicated on an alleged violation of Labor Code section 96(k) (Claim 8)**: Compl. ¶¶1241-1247

- **Nuisance Per Se (Claim 11)**: Compl. ¶¶1413-1416

*Second*, if the Court grants Apple's Motion to Dismiss, the only remaining claims will be (1) those directly related to Plaintiff's termination of employment, which are premised upon Plaintiff complaining to Apple about various issues and Apple allegedly retaliating against Plaintiff (Compl. ¶¶1188-1240, 1248-1398), (2) private nuisance, which is premised upon alleged pollution from Apple's silicon fabrication facility, which was located next to Plaintiff's apartment (Compl. ¶¶1399-1412, 1417-21), and (3) intentional infliction of emotional distress, which is premised upon Apple allegedly burglarizing Plaintiff's home, threatening and stalking her, making false reports against her with law enforcement agencies, coercing Plaintiff to participate in the Gobbler user study, and exposing her to chemicals and/or cancer (Compl. ¶¶1422-70).

The paragraphs and/or allegations identified below (including incorporated graphics and/or footnotes) are immaterial to the remaining claims:

- Compl. ¶3, lines 27-12 (starting with "Gjovik first attempted…")
- Compl. ¶¶16, 18
- Compl. ¶20, lines 6-12 (starting with "The 9th Circuit…")

- Compl. ¶¶66-73, 147-55, 163-64, 199, 262, 270, 274-76, 279-80, 288, 467, 496, 561-62, 566-67, 579, 581, 584, 593, 598-99, 615-16, 634, 636, 639, 642-43, 645, 651-52, 658, 661, 663, 667-93, 710, 727-36, 739, 740, 742, 1518-19, 1528-29
- Compl. ¶1530, lines 26-18 (starting with "Gjovik complained about…")
- Compl. ¶¶1531, 1533, 1545, 1559-61

*Third*, Plaintiff includes as Appendices I-III (pp. 661-666) summaries of her allegations, which are detailed at length in the body of the Complaint. The information in the Appendixes is thus redundant and unnecessary and should be stricken.

*Fourth*, Plaintiff incorporates hundreds of case citations and other legal authority in footnotes, which is improper in a complaint. *See Laureate Educ., Inc. v. Teachscape, Inc.*, at *2 (N.D. Cal. Apr. 3, 2008) (plaintiff must "heed the provisions of Rule 8 calling for a 'short and plain statement'" and "omit legal argument and citation" from the complaint) (quoting Fed. R. Civ. P. 8(a)). The Court should strike these footnotes:

- Compl. n. 16, 89, 98, 132-39, 142, 145, 147, 151-52, 157, 283, 287-291, 293-97, 814-37, 840, 842-64, 865-78, 884-905, 908-16, 919-20, 923-24, 927-28, 931, 941-55, 960-63, 967-70, 973-76, 978-94, 996, 998-1001, 1004-24, 1026-29, 1031, 1037-42, 1044-46, 1048-72, 1078-80, 1082-1104, 1110-74, 1177-80, 1186-98, 1203-05, 1207, 1210, 1222, 1239, 1242, 1243-44, 1252, 1254-55, 1260, 1270, 1273-76, 1286-1319

## VI. CONCLUSION

For the reasons stated, Apple respectfully requests that the Court grant its Motion to Strike.

Dated: January 18, 2024

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
JESSICA R. PERRY
Attorneys for Defendant
Apple Inc.