**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*

2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY GJOVIK**, *an individual*, | **Case No. 3:23-cv-04597-EMC** |
| Plaintiff, | **Filed**: September 7 2023 |
| v. | **District Judge**: Honorable Edward M. Chen |
| **APPLE INC**, *a corporation*, | **MOTION FOR JUDICIAL NOTICE**<br>**Plaintiff's Reply to Defendant's "Response" to Plaintiff's Motion** |
| Defendant. | |
| | **Hearing:** |
| | Dept: Courtroom 5, 17th Floor (Virtual) |
| | Date: February 15, 2024 1:30 p.m. |

# I. SUMMARY

1. PLEASE TAKE NOTICE that on February 15 2024 at 1:30PM, in Judge Chen's virtual courtroom,[1] before the Honorable Judge Edward Chen, I will, and hereby do, move for an order granting the Motion for Judicial Notice noted in Docket entry #35. The motion will be based on the Memorandum "Request for Judicial Notice" which includes my declaration and exhibits in Docket entry #35 and #37-38, and the [Proposed] Order in Docket entry #35. The Hearing is scheduled under Docket entry #40.

2. Plaintiff (Ashley Gjovik) files this Reply to Defendant's (Apple Inc) Response/Opposition under Civil Local Rule 7-3 and within seven days of Apple's filing. (Civil L.R. 7-3(c)).

3. Plaintiff provided Defendant a written update on December 22 2023 notifying their counsel that she planned to file a Motion for Judicial Notice. Plaintiff then filed a Motion for Judicial Notice on December 25 2023 (Docket #35), e-filed and served to Apple, which she said was in support of her Second Amended Complaint. The next day, Gjovik communicated to Apple that she planned to file an addendum of additional exhibits with no change in legal arguments so it should not significantly impact any Opposition they may file.

4. Apple withdrew its first Motion to Dismiss on December 27 2023 (Docket #36) and filed a second Motion to Dismiss on January 18 2024 (Docket #41), now only attempting to dismiss 7 of Gjovik's 12 claims.

5. On January 2 2024, Gjovik filed an addendum of additional exhibits for her Motion for Judicial Notice with no modification to legal arguments. In Gjovik's January 2 2024 filing, she noted the Motion will support Gjovik's Second Amended Complaint (Docket #37).

---

[1] Judge Chen's Scheduling Instructions, https://apps.cand.uscourts.gov/CEO/cfd.aspx?7144

6.     If Defendant was to file an Opposition to Plaintiff's Motion for Judicial Notice, it was due within 14 days of Gjovik's filing, which was on January 8 2024. Apple withdrew its Motion to Dismiss Gjovik's First Amended Complaint on December 27 2023 and thus if Apple actually thought Gjovik's Motion for Judicial Notice was moot upon Gjovik filing a Second Amended Complaint and Apple withdrawing its first Motion to Dismiss, there was nothing stopping Apple from filing a response to Gjovik's Motion by January 8 2024, but Apple did not.

7.     The Hearing for Gjovik's Motion for Judicial Notice is scheduled for February 15 2024. (Docket #40). On January 9 2024, Gjovik re-noticed this motion, as the Motion was previously noticed for February 8 2024, however that day already has six motions scheduled, thus this motion was moved a week later on February 15 2024. (Docket #39-40).

8.     Despite no requests for extension, or communication it planned to file a response, Defendant filed its opposition as a "Response" on January 19 2024, eleven days past the court's deadline. (Docket #43). Plaintiff was not consulted about any extension for an Opposition to Plaintiff's Motion for Judicial Notice, nor did Plaintiff offer Defendant any extension. Defendant missed their deadline for opposition and thus their "Response" should be denied.

9.     Defendant also unilaterally and inappropriately requests the hearing for Plaintiff's Motion for Judicial Notice be cancelled. Plaintiff did not agree to any cancellation of the hearing, nor was she ever consulted about the idea to do so, and Plaintiff does not want her hearing to be cancelled.

10.    Defendant filed a "Response" to Gjovik's Motion for Judicial Notice. The Local Civil Rules explain the proper responses to a Motion are "Opposition," "Statement of Non-opposition," or "Reply." (Civil L.R. 7-3). Apple's "Response" is none of these forms.

11.    In Defendant's Response, Apple claims Gjovik's Motion for Judicial Notice is "moot." Mootness occurs when an issue "has lost its practical significance because the

underlying controversy has been resolved."[2] Here, Gjovik filed her Motion to support her Second Amended Complaint and thus also any responsive filings Apple may make in response to the Second Amended Complaint. Apple cites no legal authority, rules, or even policy as to why Gjovik's Second Amended Complaint is now "moot."

12. Apple claimed that Gjovik's original Motion for Judicial Notice filing and also the Gjovik's addendum for her Motion for Judicial Notice, were filed "*in support of [Gjovik's] Opposition… to Apple's Motion to Dismiss [Gjovik's]* **First** *Amended Complaint.*" (Apple's Response, Docket 43, pg3, emphasis added).

- In Gjovik's December 25 2023 filing, she wrote: *"Gjovik makes this request in support of her **Second** Amended Complaint and Opposition to Defendant's Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."* (Docket 35, pg. 6, emphasis added).

- In Gjovik's January 2 2024 filing she wrote, "*Plaintiff's Motion for Judicial Notice hearing … will stay scheduled …. and be in support of Plaintiff's **Second** Amended Complaint.*" (Docket 37 pg. 2, emphasis added).

Gjovik never wrote that her Motion for Judicial Notice was in support of her "**First** Amended Complaint." In fact, Gjovik wrote in both filings that her Motion for Judicial Notice was in support of her "**Second** Amended Complaint." Apple's statement, in a signed paper filed to the Court, is demonstrably false and misleads the court.

13. In Apple's January 19 2024 filing, counsel writes: "*Apple respectfully requests that the Court take the February 15, 2024 hearing off calendar.*" Under the Local Civil Rules, the moving party may withdraw a Motion. (Civil L.R. 7-7(e)) The rules explain that a motion may be removed from the motion calendar if a moving party files a timely withdrawal but

---

[2] Legal Information Institute, Cornell, *Moot*, https://www.law.cornell.edu/wex/moot

"*otherwise, the Court may proceed to decide the motion.*" (LCR 7-7(e)). Apple did not contact Gjovik even once about Gjovik's Motion for Judicial Notice, let alone suggest she withdraw the motion – and Gjovik did not offer to, nor does she want to, withdraw the motion. Apple's "Response" unilaterally requesting the Court to cancel the scheduled hearing on Gjovik's Motion for Judicial Notice is improper, violates procedural rules, and causes unnecessary delay/cost.

14.    Apple's factual contentions in its "Response" as to what Gjovik claimed her Motion was in support of (i.e., FAC or SAC) do not have evidentiary support and are contradicted by evidence. Apple's legal contentions in its "Response" (i.e., mootness, hearing cancellation) are not warranted by existing law. Apple did not attempt to research facts or law, nor did Apple ever consult Gjovik about Gjovik's Motion.

15.    Apple's "Response" pursues a position that lacks merit and Apple has served baseless opposition papers in response to a motion. Further, Apple's "Response" is part of an ongoing pattern of abusive and unethical litigation tactics undertaken by Apple's counsel against Gjovik. On December 29 2023, Gjovik filed an additional NLRB charge against Apple due to their counsel's out of court misconduct related to this case, and that charge is currently under investigation by a NLRB Field Examiner (01-CA-332897). Gjovik notified Apple's counsel about the charge and Gjovik sent a grievance memo to Apple's counsel complaining about their conduct.

16.    Since then, Apple has filed this improper and frivolous Response, made additional false statements in out of court communications, and filed improper and harassing Motions which will be discussed in upcoming Opposition statements.

## II. CONCLUSION & DECLARATION

17. In conclusion, Apple's "Response" should be disregarded related to the scheduled hearing, and the hearing should be allowed to proceed. I declare under penalty of perjury all of the above is true and correct.

Signature of Plaintiff: _____

Printed Name of Plaintiff:   Ashley M. Gjovik

Date:   January 25 2024