UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>          Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE; AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Docket Nos. 35, 37 |

        Currently pending before the Court is Plaintiff's motion for judicial notice. Having considered the parties' papers, the Court finds this matter suitable for resolution without oral argument. The motion for judicial notice is hereby **DENIED** without prejudice as moot.

        At the time Plaintiff submitted her request for judicial notice, there was a pending motion to dismiss Plaintiff's first amended complaint ("FAC"). Plaintiff had filed an opposition to the motion but had also filed a second amended complaint ("SAC"). When Plaintiff filed her request for judicial notice, she stated that she was submitting it both (1) in support of her opposition to Defendant's motion to dismiss the FAC and (2) in support of her SAC.

        Because Plaintiff had filed a SAC, Defendant withdrew its motion to dismiss the FAC. This rendered the reason in (1) above moot. As for (2), Plaintiff did not need the mechanism of a request for judicial notice to support her SAC. She could have simply attached the exhibits at issue to her SAC. Moreover, once Defendant filed a motion to dismiss the SAC (as it now has done), she could have submitted a *new* request for judicial notice in support of her opposition to *that* motion. Accordingly, the Court denies the motion for judicial notice as moot.

This leads the Court to Plaintiff's operative pleading, the SAC.  This is the third pleading filed by Plaintiff.

- Her original complaint was more than 150 pages; contained 440 paragraphs; and asserted ten causes of action.
- Her FAC was more than 330 pages; contained 1,121 paragraphs; and asserted twelve causes of action.
- The operative SAC is more than 650 pages; contains 1,620 paragraphs; and asserts twelve causes of action.

Defendant has filed a motion to dismiss and a motion to strike with respect to the SAC. The Court does not adjudicate those motions because it *sua sponte* **DISMISSES** the SAC for failure to comply with Federal Rule of Civil Procedure 8. *See In re Merrill Lynch & Co., Inc. Research Rpts. Sec. Litig.*, 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003) (dismissing 98-page complaint consisting of 367 paragraphs; noting that, "[w]hen a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte*, to dismiss the complaint'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2).  Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "'Taken together, [these rules] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). A complaint must "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim." *Glover v. FDIC*, 698 F.3d 139, 147 (3d Cir. 2012) (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)); *see also United States ex Rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the

preliminary steps to assemble a comprehensible claim.").

Plaintiff's SAC violates Rule 8. It is, as noted above, more than 650 pages and contains 1,620 paragraphs. Moreover, if the Court were to deem the exhibits attached to Plaintiff's request for judicial notice as exhibits to the SAC, that would add another 1,500 pages (approximately) to her pleading. "While a complaint's excessive length alone is not determinative for a Rule 8(a) dismissal, its excessive length compounded by a lack of clarity should deem it unacceptable." *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *4-5 (E.D. Pa. Oct. 25, 2004). Here, Plaintiff delves into minute detail about her relationship with Defendant starting in 2015 (for some 300 pages). She then goes into each of her twelve claims, sometimes assuming knowledge of the 300 pages of background and other times providing even more detail. The pleading, as a result, is difficult to follow – one cannot see the forest through the trees. *Cf. Jacob v. Trump*, No. 21-cv-00261-JD, 2021 U.S. Dist. LEXIS 6894, *2-3 (N.D. Cal. Jan. 13, 2021) (stating that "[t]he massive length of the complaint exponentially compounds its lack of clarity and readability"). The Court acknowledges that Defendant was able to craft a response to Plaintiff's SAC in spite of its density; but presumably, that is because has engaged with Plaintiff over many years. The Court is not in the same position and thus does not have the same advantage.

Although the Court is dismissing the SAC, it gives Plaintiff an opportunity to file a third amended complaint ("TAC"), one that complies with Rule 8. The Court recognizes that Plaintiff has a long history with Defendant and that some of her claims are complex (*e.g.*, RICO). Nevertheless, this is not the kind of case that warrants a complaint hundreds of pages in length. Moreover, Plaintiff is not expected to try the entirety of her case in the complaint. The Court notes that even her original complaint – which was more than 150 pages and contained 440 paragraphs – failed to comply with Rule 8. Accordingly, any amended complaint that Plaintiff files shall be no longer than 75 pages in length. Plaintiff also cannot use exhibits attached to the amended complaint as a means to bypass this page limit. The Court notes that Plaintiff appears to have a J.D. *See* SAC ¶ 12. That being the case, the Court is confident that Plaintiff can draft a complaint that contains the necessary details but that does not go into every nuance and aspect of

her case.

For the reasons stated above, the Court (1) denies Plaintiff's motion for judicial notice and (2) dismisses her SAC but with leave to amend. Because the Court is dismissing the SAC, Defendant's motion to dismiss and motion to strike, *see* Docket Nos. 41-42 (motions), are denied as moot.

Plaintiff has until February 27, 2024, to file her TAC. Defendant shall then have until March 26, 2024, to file a response, whether an answer or a motion(s).

This order disposes of Docket Nos. 35, 37, 41, and 42.

**IT IS SO ORDERED**.

Dated: January 30, 2024

_____
EDWARD M. CHEN
United States District Judge