1    (Additional counsel on following page)

2    JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
3    MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
5    Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
6    Facsimile:    +1 650 614 7401

7    KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
9    405 Howard Street
San Francisco, CA 94105-2669
10    Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| APPLE INC., | Dept:    Courtroom 5, 17th Floor |
| Defendant. | Judge:    Honorable Edward M. Chen |
| | Date:    May 16, 2024 |
| | Time:    1:30 p.m. |

| | |
|---|---|
| 1 | KATE E. JUVINALL (SBN 315659) |
| | kjuvinall@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 631 Wilshire Blvd., Suite 2-C |
| 3 | Santa Monica, CA 90401 |
| | Telephone:   +1 310 633 2800 |
| 4 | Facsimile:    +1 310 633 2849 |
| | |
| 5 | RYAN D. BOOMS (SBN 329430) |
| | rbooms@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 2100 Pennsylvania Avenue NW |
| 7 | Washington, D.C. 20037 |
| | Telephone:   +1 202 339 8400 |
| 8 | Facsimile:    +1 202 339 8500 |
| | |
| 9 | Attorneys for Defendant |
| | Apple Inc. |

Pending before the Court is Defendant Apple Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint. Having considered the relevant papers and pleadings on file with the Court in this matter, as well as the arguments of counsel, the Court determines:

1. The Court **DISMISSES, with prejudice**, Plaintiff's First Claim under RICO. Plaintiff fails to state a claim under 18 U.S.C. § 1962(a) because she fails to plead that Apple used or invested money it received from supposed racketeering to injure her, and she fails to state a claim under 18 U.S.C. § 1962(c) and (d) because she fails to allege the existence of an "enterprise" separate and distinct from Apple or a pattern of racketeering activity.

2. The Court **DISMISSES, with prejudice**, Plaintiff's Second Claim under the Sarbanes-Oxley Act ("SOX") because Plaintiff fails to allege facts that, if true, would demonstrate that she complained about conduct that she reasonably believed violated a provision enumerated in 18 U.S.C. § 1514A(a)(1).

3. The Court **DISMISSES, with prejudice**, Plaintiff's Third Claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act because it is derivative of her Second Claim, and thus fails for the same reasons her SOX claim fails.

4. The Court **DISMISSES in part, with prejudice,** Plaintiff's Fourth Claim alleging nuisance/nuisance *per se* because Plaintiff does not have a property interest in the Apple building she worked in (identified in the TAC as "825 Stewart Dr." or the "Superfund Site"), and has not identified a law that declares it a nuisance to operate a manufacturing facility (identified in the TAC as "3250 Scott Blvd" or "ARIA") or lease an office on a Superfund site.

5. The Court **DISMISSES, with prejudice**, Plaintiff's Fifth Claim asserting strict liability for ultrahazardous activities because it is time-barred, and because neither leasing office space on a Superfund site nor operating a silicon manufacturing facility is an ultrahazardous activity.

6. The Court **DISMISSES, with prejudice**, Plaintiff's Sixth Claim under the Bane Civil Rights Act because Plaintiff fails to allege facts showing Apple interfered with Plaintiff's constitutional or statutory rights, or that such interference included actual or attempted

1    threats, intimidation, or coercion.

2    7. The Court **DISMISSES, with prejudice**, Plaintiff's Seventh Claim under the Ralph Civil
3    Rights Act because Plaintiff does not allege facts suggesting any threat of violence by
4    Apple, or that any conduct by Apple was based on her political affiliation or other protected
5    characteristic.

6    8. The Court **DISMISSES, with prejudice,** Plaintiff's Eighth Claim under California Labor
7    Code section 1102.5 because Plaintiff fails to allege any facts that would establish a
8    violation of the underlying statutes she identifies as a predicate for this claim.

9    9. The Court **DISMISSES in part, with prejudice**, Plaintiff's Ninth Claim under California
10   Labor Code section 98.6 to the extent it is predicated on an alleged violation of California
11   Labor Code section 96(k) because Plaintiff fails to allege she was terminated for asserting
12   a recognized constitutional right.

13   10. The Court **DISMISSES, with prejudice,** Plaintiff's Twelfth Claim asserting breach of
14   contract and breach of the covenant of good faith and fair dealing because Plaintiff was an
15   at-will employee.

16   11. The Court **DISMISSES, with prejudice,** Plaintiff's Thirteenth Claim asserting intentional
17   infliction of emotional distress because it does not comply with FRCP 8(a). It should further
18   be dismissed because it is based on non-actionable conduct, it is preempted by California's
19   Workers Compensation exclusivity, and it is time-barred

20   12. The Court **DISMISSES, with prejudice,** Plaintiff's Fourteenth Claim asserting negligent
21   infliction of emotional distress both because Plaintiff cannot allege that Defendants owed
22   her the requisite duty, and because it is preempted by California's Workers Compensation
23   exclusivity.

24   13. The Court **DISMISSES, with prejudice,** Plaintiff's Fifteenth Claim under California's
25   Unfair Competition Law because Plaintiff does not allege any basis for restitution and thus
26   lacks standing.

27   Accordingly, Defendant Apple Inc.'s Motion to Dismiss is **GRANTED**, and Plaintiff's
28   first, second, third, fifth, sixth, seventh, eighth, twelfth, thirteenth, fourteenth, and fifteenth claims

are **DISMISSED with prejudice**, and Plaintiff's fourth and ninth claims are **DISMISSED in part with prejudice,** as set forth above.

**IT IS SO ORDERED**

Dated:_____

                                  HON. EDWARD M. CHEN
                                  U.S. DISTRICT COURT JUDGE