1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:   +1 650 614 7400
6  Facsimile:   +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759

11

12 Attorneys for Defendant
   Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| APPLE INC., | |
| Defendant. | Dept:   Courtroom 5, 17th Floor<br>Judge:  Honorable Edward M. Chen<br>Date:   May 16, 2024<br>Time:   1:30 p.m. |

| | |
|---|---|
| 1 | KATE E. JUVINALL (SBN 315659) |
| | kjuvinall@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 631 Wilshire Blvd., Suite 2-C |
| 3 | Santa Monica, CA 90401 |
| | Telephone:    +1 310 633 2800 |
| 4 | Facsimile:     +1 310 633 2849 |
| 5 | RYAN D. BOOMS (SBN 329430) |
| | rbooms@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 2100 Pennsylvania Avenue NW |
| 7 | Washington, D.C. 20037 |
| | Telephone:    +1 202 339 8400 |
| 8 | Facsimile:     +1 202 339 8500 |
| 9 | Attorneys for Defendant |
| | Apple Inc. |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**NOTICE OF MOTION AND MOTION TO STRIKE**

TO PLAINTIFF ASHLEY GJOVIK: **PLEASE TAKE NOTICE** that on May 16, 2024, at 1:30 p.m. in Courtroom 5, on the 17th Floor of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. will move the Court for an Order striking certain allegations in Plaintiff Ashley Gjovik's Third Amended Complaint ("TAC") on the grounds that the allegations are redundant or immaterial, and thus striking them is proper under FRCP 12(f). This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Apple moves to strike allegations in the TAC under FRCP 12(f). The TAC—while it complies with the limit of 75 pages set forth in the Court's *sua sponte* order dismissing Plaintiff's Second Amended Complaint ("SAC") for failure to comply with FRCP 8 (*see* Dkt. 46)—is still difficult to follow, duplicative, and includes allegations that are irrelevant and immaterial to the asserted claims. It thus remains the case that, in the TAC, "one cannot see the forest through the trees." *Id.* at 3.

While at root this is primarily a wrongful termination case, Plaintiff has tacked on a host of other claims in the TAC—in fact, *increasing* the number of claims to fifteen from the twelve she had alleged in the now-dismissed SAC—in an apparent effort to turn this case into a trial on the entirety of Apple's business practices which Plaintiff very publicly disagrees with. Apple has contemporaneously filed a motion to dismiss directed at thirteen of Plaintiff's fifteen claims, including claims under Sarbanes-Oxley Act ("SOX"), the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). If the Court grants Apple's motion to dismiss, the only claims that would remain are only those directly related to Plaintiff's termination of employment and a separate claim for private nuisance.

In this Motion, Apple asks the Court to strike:

(1) all allegations that do not relate to any of Plaintiff's fifteen claims; and

(2) all allegations that relate only to those claims Apple is moving to dismiss, to the extent the Court dismisses those claims.

Striking these immaterial allegations is integral to streamlining resolution of the action, and to preventing the waste of this Court's and the parties' time and resources that would result from allowing Plaintiff to proceed with a TAC largely comprised of allegations that are not relevant, and seeking discovery related to those irrelevant allegations.[1]

## II.  BACKGROUND/STATEMENT OF ISSUES

Plaintiff filed her Complaint on September 7, 2023, asserting ten claims against her former employer, Apple. Dkt. 1. On October 25, 2023, Plaintiff filed a First Amended Complaint ("FAC"), asserting twelve claims in 335 pages and 1,121 paragraphs. Dkt. 17. Then, faced with Apple's motion to dismiss the FAC, Plaintiff filed the SAC on December 21, 2023, again asserting twelve claims by now expanding her pleading to cover 666 pages across 1,620 paragraphs. Dkt. 33. On January 30, 2024, the Court *sua sponte* dismissed the SAC for failure to comply with FRCP 8's mandate that a complaint be "simple, concise, and direct." Dkt. 46 at 2. The Court granted Plaintiff leave file an amended complaint that complies with FRCP 8 and is no longer than 75 pages. *Id.* at 3-4. On February 27, 2024, Plaintiff filed the operative TAC asserting fifteen claims (three more than before) that span 75 pages and 261 paragraphs. Dkt. 47.

Apple has contemporaneously filed a motion to dismiss thirteen of the fifteen claims in the TAC in whole or in part:

(1) RICO (First Claim);

(2) SOX (Second Claim);

(3) Dodd-Frank (Third Claim);

---

[1] Concurrently, Apple is moving to dismiss in part the Fourth Claim in the TAC (to the extent it alleged private nuisance predicated on the Superfund site and nuisance *per se* relating to the manufacturing facility and Superfund site) and to dismiss in part the Ninth Claim in the TAC for retaliation under Labor Code Section 98.6 (to the extent it attempts to rely on Labor Code section 96(k)). To the extent the Court thinks FRCP 12(f) (rather than FRCP 12(b)(6)) is the preferred vehicle to excise part of a claim from a complaint, Apple also moves in the alternative to strike these portions of the Fourth and Ninth Claims, for the reasons set forth in Apple's motion to dismiss (Dkt. 48) at pages 13-14 and 22, respectively.

1     (4) private nuisance and nuisance *per se* (moving to dismiss in part) (Fourth Claim);

2     (5) ultrahazardous activities (Fifth Claim);

3     (6) California Bane Civil Rights Act (Sixth Claim);

4     (7) California Ralph Civil Rights Act (Seventh Claim);

5     (8) whistleblower retaliation under Labor Code section 1102.5 (Eighth Claim);

6     (9) retaliation under Labor Code section 98.6, to the extent it is predicated on an alleged violation of Labor Code section 96(k) (Ninth Claim);

8     (10) breach of contract and covenant of good faith and fair dealing (Twelfth Claim);

9     (11) intentional infliction of emotional distress ("IIED") (Thirteenth Claim);

10     (12) negligent infliction of emotional distress ("NIED") (Fourteenth Claim); and

11     (13) unfair competition (Fifteenth Claim).

Apple incorporates by reference its motion to dismiss, in which it explains what it understands to be the purported basis for each of these claims. *See* Dkt. 48.

Should the Court grant Apple's motion to dismiss, only the following claims would remain:

    (1) private nuisance related to a manufacturing facility located at 3250 Scott Blvd (Fourth Claim);

    (2) retaliation under Labor Code section 98.6 that is not predicated on a violation of Labor Code section 96(k) (Ninth Claim);

    (3) retaliation under Labor Code section 6310 (Tenth Claim); and

    (4) wrongful termination (Eleventh Claim).

The TAC includes hundreds of allegations that are irrelevant to ***any*** claims All such allegations should be stricken under FRCP 12(f) as immaterial. With respect to the allegations that relate only to those claims Apple seeks to dismiss, they too should be stricken if the Court grants Apple's motion to dismiss those claims.

### III.   LEGAL STANDARD

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior

to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (granting motion to strike), *rev'd on other grounds*, 510 U.S. 517 (1994). Matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy*, 984 F.2d at 1527. "[M]otions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Barajas v. Carriage Servs., Inc.*, 2020 WL 1189854, at *5 (N.D. Cal. Mar. 12, 2020) (citations omitted).

## IV.    ARGUMENT

The Court should strike all allegations that (1) are immaterial to any of Plaintiff's claims; (2) to the extent the Court grants Apple's Motion to Dismiss, those allegations relate only to the dismissed claims. Plaintiff's Complaint is still an expansive and muddled seventy-five pages and 261 paragraphs, and striking allegations that are not necessary to the remaining and adequately pled claims will assist both the Court and the parties in streamlining the action and narrowing the issues. *See Barajas,* 2020 WL 1189854, at *5; *Fantasy*, 984 F.2d at 1527. Apple attaches **Exhibit A**, which is a highlighted version of the Complaint; every paragraph highlighted is one identified below that Apple moves to strike.

### A.    The Court Should Strike All Allegations that Are Immaterial to Any of Plaintiff's Claims

The paragraphs and/or allegations identified below (including footnotes) are immaterial to any of Plaintiff's fifteen claims:

- TAC ¶¶8-9 (allegations regarding Plaintiff's CERCLA and NLRB charges pending in other jurisdictions)

- ¶13, lines 2-4 (starting with "Gjovik experienced severe harassment . . .") (allegations of discrimination and harassment untethered to a protected characteristic)

- ¶¶14-17 (allegations of discrimination and harassment untethered to a protected characteristic)

- ¶27 (allegations related to interactions with AppleCare Wellness)

- ¶¶39-40 (allegations regarding 3250 Scott Blvd in 2023 and 2024, long after the termination of Plaintiff's employment)
- ¶¶69-70 (allegations regarding 825 Stewart Drive in 2022 and 2023, long after the termination of Plaintiff's employment)
- ¶¶91-96 (allegations regarding alleged events that took place after the termination of Plaintiff's employment)

**B.    The Court Should Strike Allegations that Relate to Dismissed or Partially Dismissed Claims**

The paragraphs and/or allegations (including footnotes) that relate to those claims Apple seeks to dismiss are identified here by Claim.

- **RICO (Claim 1)**:
    - ¶1, lines 1-4 ("numerous federal laws that directly caused her injury, including the RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT [18 U.S.C. § 96] (with predicate acts of wire fraud, mail fraud, securities fraud, witness intimidation, witness retaliation, and non-peaceful use of chemical weapons)")
    - ¶¶4, 112, 165
    - Prayer for Relief, subsection (b)
- **SOX (Claim 2)**:
    - ¶1, lines 4-5 ("SARBANES OXLEY ACT [18 U.S.C. § 1514A]")
    - ¶¶2, 4, 166-71
- **Dodd-Frank (Claim 3)**:
    - ¶1, line 5 ("and DODD-FRANK ACT [15 U.S.C. § 78u-6(h)(1)(A)(iii)")
    - ¶2, 4, 172
    - Prayer for Relief, subsection (b)
- **Private Nuisance related to the Superfund Site and Nuisance Per Se (Claim 4)**:
    - ¶174, line 2 ("and the employees who work inside Stewart 1")
    - ¶175, line 8 ("and the Superfund site" and "both")

- ¶¶176-78, 181-82
- **Ultrahazardous activities (Claim 5)**:
  - ¶1, lines 6-7 ("several toxic torts including [] ultrahazardous activities")
  - ¶¶24, 42-48, 183-86
- **California Bane Civil Rights Act (Claim 6)**:
  - ¶¶97, 107-10, 187-96
  - Prayer for Relief, subsections (b) & (f)
- **California Ralph Civil Rights Act (Claim 7)**:
  - ¶¶197-203
  - Prayer for Relief, subsections (b) & (f)
- **California Labor Code section 1102.5 (Claim 8):**
  - ¶1, lines 5-6 ("Additionally, Plaintiff alleges Apple violated several California Labor Codes, including § 1102.5")
  - ¶¶204-12
- **Labor Code section 98.6 that is predicated on an alleged violation of Labor Code section 96(k) (Claim 9)**:
  - ¶¶215-16
- **Contract-related claims (Claim 12):**
  - ¶¶234-37
- **IIED (Claim 13):**
  - ¶1, lines 7-9 ("Finally, Plaintiff also alleges Apple intentionally and negligently inflicted emotional distress upon her in the states of California and New York, and the Commonwealth of Massachusetts")
  - ¶¶238-51
- **NIED (Claim 14):**
  - ¶252
- **Unfair Competition (Claim 15):**
  - ¶¶253-61

1          o  Prayer for Relief, subsection (o)

2 **V.**     **CONCLUSION**

3      For the reasons stated, Apple respectfully requests that the Court grant its Motion to Strike.

4 Dated: March 26, 2024                          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
JESSICA R. PERRY
Attorneys for Defendant
Apple Inc.