**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*

2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Case No. 3:23-CV-04597-EMC

ASHLEY GJOVIK, *an individual*,

Plaintiff,

v.

APPLE INC, *a corporation*,

Defendant.

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES**

**IN OPPOSITION TO DEFENDANT'S**

**REQUEST FOR JUDICIAL NOTICE**
Fed. R. Evid. 201.

HEARING:

Dept: Courtroom 5, 17th Floor (Virtual)

Date: May 16, 2024

Time: 1:30 p.m.

# **TABLE OF CONTENTS**

I.   PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE .................................................................................................................................1

II.  ISSUES TO BE DECIDED ....................................................................................................1

III. STATEMENTS OF FACTS ...................................................................................................2

IV.  THE MOTION SHOULD BE DENIED AS THE TAC DOES NOT RELY ON EITHER DOCUMENT 2

V.   THE MOTION SHOULD BE DENIED BECAUSE NEITHER DOCUMENT CAN BE AUTHENTICATED ..................................................................................................................5

VI.  THE MOTION SHOULD BE DENIED BECAUSE THERE'S NO LEGAL BASIS ................................6

VII. THE REQUEST TO GIVE NOTICE TO THE CONTENTS OF THE DOCUMENT IS IMPROPER ...8

VIII. JUDICIAL NOTICE SHOULD NOT BE GRANTED TO DEFENDANT'S VERSION OF THESE DOCUMENTS AS "THE TRUTH" OR THEIR DEFENSE. ..............................................................10

IX.  CONCLUSION ....................................................................................................................12

CASES

*Adetuyi v. City & Cnty. of San Francisco*, 63 F. Supp. 3d 1073, 1080–81 (N.D. Cal. 2014); --------------------------- 5

*Ansell v. Laikin*, 2011 WL 3274019, at *3 (C.D. Cal. Aug. 1, 2011) ------------------------------------------------------ 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) ---------- 12

*Beyene v. Coleman Sec. Services, Inc*., 854 F.2d 1179, 1182 (9th Cir. 1988). ------------------------------------------ 6

*Canada v. Blain's Helicopters,* Inc.,831 F.2d 920, 925 (9th Cir. 1987). ---------------------------------------------- 6

*Clarke v. Pub. Emps. Union Local 1,* Case No.16-cv-04954-JSC, 5-6 (N.D. Cal. Jun. 14, 2017) ----------------------- 3

*Donovan v. Woodbridge Maint. Ass'n, No*. 2:14-cv-00995 JAM-EFB, 5 (E.D. Cal. Mar. 16, 2015)-------------------10

*FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1297 n5 (11th Cir. 2011) --------------------------------- 7

*Foley v. Interactive Data Corp*., 47 Cal.3d 654, 681-82 (Cal. 1988). -------------------------------------------------- 4

*Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006) ------------------------------- 8

*Gould v. Maryland Sound Industries, Inc*. (1995) 31 Cal.App.4th 1137, 1145-1146 [37 Cal.Rptr.2d 718]. -----------10

*Hussein v. University Community College Syst. Of Nev*, 3:05-CV-0076 JCM (RAM), 2-3 (D. Nev. Dec. 28, 2007) - 5

*In re Immune Response Sec. Litig*., 375 F. Supp. 2d 983, 995–96 (S.D. Cal. 2005) -------------------------------------- 8

*In re Silicon Graphics Inc. Sec. Litig*., 183 F.3d 970, 986 (9th Cir. 1999).---------------------------------------------- 3

*Juster v. Workday, Inc*, 617 F. Supp. 3d 1128, 1131-1132 (N.D. Cal. 2022).----------------------------------------- 8

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003  (9th Cir. 2018).------------------------------------------ 9

*Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018). -------------------------------------- 11, 12

*Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) -----------------------------------------------------------------11

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). ------------------------------------------------------------------- 3

*McKay v. Sazerac Co*., 23-cv-00522-EMC, 4 (N.D. Cal. May. 17, 2023). ----------------------------------------------- 5

*Ohio Valley Envtl. Coal. v. Aracoma Coal Co.,* 556 F.3d 177, 216 (4th Cir. 2009)-------------------------------------10

*Orr v. Bank of America, NT & SA*, 285 F.3d 764, 776-77 (9th Cir. 2002). ------------------------------------------- 5

*Orr v. Bank of America*, NT & SA, 285 F.3d 764, 778-79 (9th Cir. 2002). ------------------------------------------11

*Orr v. Bank of America*, NT & SA, 285 F.3d 764, 779 n.26 (9th Cir. 2002). ----------------------------------------11

*Pavone v. Citicorp Credit Services, Inc*., 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997).--------------------------------- 6

*People v. Overstreet* (1986) 42 C3d 891, 900, 231 CR 213, 217-218. ---------------------------------------------------10

*Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311 (Cal. Ct. App. 1981)------------------------------------------------ 4

*Ritchie Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).------------------------------------------ 3

*Rosenberg-Wohl v. State Farm Fire & Cas. Co.*, 20-cv-09316-DMR, 6 (N.D. Cal. Mar. 28, 2022). ------------------ 2

*U.S. v. Ritchie,* 342 F.3d 903 (9th Cir. 2003). ------------------------------------------------------------------------- 10

*United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). ------------------------------------------ 2

<u>Rules</u>

Fed. R. Civ. P. 12(f) ------------------------------------------------------------------------------------------------------- i

Fed. R.Evid. 201(b) ------------------------------------------------------------------------------------------------------ 5

Fed.R.Evid. 801(c). ----------------------------------------------------------------------------------------------------- 11

Fed.R.Evid. 901(a). ------------------------------------------------------------------------------------------------------ 6

## I. PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1. Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendant's Motion to Judicial Notice, Docket No. 48. Defendant's Motion to Strike should be denied for a variety of reasons including due to Defendant's attempt to use a Motion to Strike as if it were a motion to dismiss, failure to provide justifications for its requests to strike, failure to plead prejudice, Defendant's attempt to "strike" and remove facts integral to this matter, and Defendant's repeated substantive references and quotes to prior mooted pleadings in violation of Local Rule 10-1 and this Court's Jan. 30, 2024 Order. [Order at Docket No. 46].

## II. ISSUES TO BE DECIDED

2. On March 26 2024, Defendant filed a motion requesting judicial notice of two documents, Def.'s Mot. for Judicial Notice at Docket No. 50. The first document is listed by Defendant as "Exhibit A: Plaintiff's SEC Submission No. 16304-612-987-465 (SEC Submission)," *Id.* Ex. A. The second document is listed by Defendant as, "Exhibit B: Plaintiff's offer of employment from Apple (the "Offer Letter)," *Id.* Ex. B. Defendant argues that judicial notice is proper for both documents supposedly because:

   a. "the complaint refers to the document," and "Plaintiff directly and indirectly references or the contents thereof," *Id.*
   b. "the document is central to the plaintiff's claim," and "Plaintiff's TAC necessarily relies on them (by virtue of basing certain allegations on them)," *Id.*
   c. "no party questions the authenticity of the [document]" and "authenticity is not disputed," *Id.*

1

OPPOSITION TO MOTION TO STRIKE | 3:23-CV-04597-EMC                       APRIL 9 2024

Plaintiff disputes all three points. Further, Defendant specifically requests judicial notice that the court may "*assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6),*" Def.'s Mot. to for Judicial Notice at 1. Plaintiff also disagrees with this request as well.

## III. STATEMENTS OF FACTS

3.  Defendant filed a request for judicial notice of the U.S SEC TCR ("Tips, Complaints, and Referrals" system) whistleblower "Submission" that Plaintiff filed to the US SEC on August 31 2021 about Apple and several other related parties. *Id*. Defendant attached a copy of the "Submission" to their Motion as "Exhibit A," Def.'s Mot. to Dismiss Ex. A.

4.  Defendant filed a request for judicial notice of an "Offer Letter" drafted by "Apple Inc" and signed by "Ashley Henderson." Defendant attached a copy of the "Offer Letter" as "Exhibit B," Def.'s Mot. to for Judicial Notice Ex. B.

5.  Defendant never contacted Plaintiff to meet/confer, or even mention, these documents, and Defendant's plans to request judicial notice. Defendant also did not attempt to confirm authenticity or accuracy with Plaintiff prior to, or after, introducing their motion.

## IV. THE MOTION SHOULD BE DENIED AS THE TAC DOES NOT RELY ON EITHER DOCUMENT

6.  It is usually not appropriate for a court to grant judicial notice to a defendant for evidence to support a 12(b)(6) motion, unless the complaint relies on the document, the document is central to a party's claims, and no party questions the authenticity of the document. *United States v. Corinthian Colls*., 655 F.3d 984, 999 (9th Cir. 2011). At this phase of the lawsuit, judicial notice to support a motion to dismiss may only be appropriate "if the court is to rely on the document in determining whether to dismiss the complaint." *Rosenberg-Wohl v. State Farm Fire & Cas. Co*., 20-cv-09316-DMR, 6 (N.D. Cal. Mar. 28, 2022).

7. Plaintiff's Third Amended Complaint ("TAC") (Docket No. 47) does not rely on either Defendant's Ex. A or Ex. B. Defendant's motion argues that the TAC relies on the "Offer Letter," and the "Offer Letter" is central to Plaintiff's claims – while citing sections of the TAC which discuss Plaintiff's Breach of Implied Contract and Implied Covenant claims (TAC ¶ 234-237). Plaintiff mentions she has a written employment contract but then also discussed her good-cause employment based on documents such as performance reviews, employment policies, compensation increases, (TAC ¶ 234). Plaintiff quotes her 2017 performance review, (TAC ¶ 235), as a record of her good-cause employment. Plaintiff does not cite, quote, or mention the "Offer Letter." Defendant also argues that Plaintiff directly, or indirectly, mentions the "Offer Letter" in her TAC ¶ 236-237, however those paragraphs discuss her CERLCA and OSH Act retaliation claims against Apple – which is not even an "indirect" reference. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

8. The mere mention of a document in a complaint is insufficient to incorporate by reference. *Ritchie Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The "Offer Letter" is not properly subject to judicial notice in support of Defendant's motion to dismiss because Plaintiff's claims of Breach of Implied Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing do not "necessarily rely" on a written employment contract. *Clarke v. Pub. Emps. Union Local 1,* Case No.16-cv-04954-JSC, 5-6 (N.D. Cal. Jun. 14, 2017) – (employment contract irrelevant and not appropriate for judicial notice with notice requested related to a breach of fiduciary duty claim based on discretionary conduct).

9. The employment contract itself not "central to" any of Plaintiff's claims. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). *May v. Semblant, Inc*., Case No.: 5:13-CV-01576-EJD, 4 (N.D. Cal. Sep. 27, 2013). The legal test to determine an implied "good cause" employment

3
OPPOSITION TO MOTION TO STRIKE | 3:23-CV-04597-EMC          APRIL 9 2024

contract is reviewing the *Foley* factors and none of the factors include a written employment contract. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 681-82 (Cal. 1988).

10. For example, an allegation of breach of written "Termination Guidelines" implies self-imposed limitations on the employer's power to discharge at will and may be sufficient to state a cause of action for breach of an implied employment contract. *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311 (Cal. Ct. App. 1981) – (the trier of fact can infer an agreement to limit the grounds for termination based on the employee's reasonable reliance on the company's personnel manual or policies).[1]

11. The TAC also does not rely on the content of Plaintiff's US SEC whistleblower filing at this phase. Defendant cites TAC ¶ 85, 86, 169, 172 – where Plaintiff filed her US SEC complaint, told people at Apple about it, and spoke publicly about it prior to her termination. Plaintiff's Dodd-Frank claim requires that she filed the US SEC complaint, and she did, but a 12(b)(6) motion against a Dodd-Frank whistleblower retaliation claim does not require "proof" of the claim being filed – especially in a case that had a SOX whistleblower claim docketed with US Department of Labor for multiple years, (TAC ¶ 91, 169).

---

[1] See, e.g., *Robinson v. Hewlett-Packard Corp.*, 183 Cal. App. 3d 1109, 1123 (1986) [promise not to terminate without good cause demonstrated by personnel guidelines and individual performance warnings, evaluations and instructions]; *Rulon-Miller v. InternationalBusiness Machines Corp.* (1984) 162 Cal.App.3d 241, 251 [ 208 Cal.Rptr. 524] [factual issue whether termination was for reasons in stated employer policies]; *Walker v. Northern SanDiego County Hospital Dist.*, ,135 Cal.App.3d 897, 904-905 (1982) [handbook creating right to discharge only for cause and to pretermination hearing]; *Toussaint v. Blue Cross*, 408 Mich. 579, 292 N.W.2d 880, 892 (Mich. 1980)[personnel manual provisions can give rise to contractual rights without showing of express mutual agreement]; *Morris v. Lutheran Medical Center* (1983) 215 Neb. 677 [ 340 N.W.2d 388, 390-391] [employer bound by published "Policy and Procedures"]; cf. *Hepp v. Lockheed-CaliforniaCo.* (1978) 86 Cal.App.3d 714, 719 [ 150 Cal.Rptr. 408] [unwritten but "well established" policy regulating rehiring of employees laid off for lack of work is enforceable].

## V. THE MOTION SHOULD BE DENIED BECAUSE NEITHER DOCUMENT CAN BE AUTHENTICATED

12. When requesting judicial notice of evidence, that evidence must not be subject to dispute, and must be either "generally known within the trial court's territorial jurisdiction" and/or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.Evid. 201(b) (addressing adjudicative facts); *Adetuyi v. City & Cnty. of San Francisco*, 63 F. Supp. 3d 1073, 1080–81 (N.D. Cal. 2014); *McKay v. Sazerac Co.*, 23-cv-00522-EMC, 4 (N.D. Cal. May. 17, 2023).

13. Defendant simply claims "*Because Exhibits A and B are referred to in the TAC, their authenticity is not disputed*," Def.'s Mot. For Judicial Notice at 1. That is not the test to determine authenticity. Defendant also fails to file declarations or affidavits in support of the exhibits. *Hussein v. University Community College Syst. Of Nev*, 3:05-CV-0076 JCM (RAM), 2-3 (D. Nev. Dec. 28, 2007) – (" the documents defendants claim were authenticated by production during discovery, and which plaintiff neither admits production nor authenticity, are inadmissible.)  Defendant also did not obtain a declaration from Plaintiff to authenticate the documents. *Pavone v. Citicorp Credit Services*, Inc., 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997). For the "SEC Submission," Defendant was not even party to it, with Plaintiff filing the complaint to the US SEC and saving a copy of her complaint digitally.

14. A defendant in this situation cannot authenticate exhibits by stating in his affidavit that they are "true and correct copies," as the statement lacks foundation when he was not even present and was not involved in the communication. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 776-77 (9th Cir. 2002).  Instead, Defendant has unilaterally extracted the "SEC Submission" from a mooted 120-page exhibit filed by a different party (Plaintiff) in 2023, and then Defendant

quietly attempted to resubmit the document without consent, or any legal or factual basis.[2] *Pavone v. Citicorp Credit Services, Inc.*, 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997).

15. Federal Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility." Thus, before evidence may be admitted, a foundation must be laid "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). "Documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Canada v. Blain's Helicopters,* Inc.,831 F.2d 920, 925 (9th Cir. 1987). *Beyene v. Coleman Sec. Services, Inc*., 854 F.2d 1179, 1182 (9th Cir. 1988).

16. Further, there are also Best Evidence Rule issues with both documents. Plaintiff is unable to confirm the authenticity of Exhibit A due to Defendant's multiple unnecessary redactions on the document which obfuscate and conceal key terms. The document is also not signed with Plaintiff's current surname, and there is no name change documentation provided. Who is Ashley Henderson? Defendant has presented both of these documents in such a way that authenticity cannot be confirmed, or is otherwise in question, and there is no reason the originals could not be produced during normal discovery processes and timelines instead.

## VI. THE MOTION SHOULD BE DENIED BECAUSE THERE'S NO LEGAL BASIS

17. There does not appear to be legal or factual precedent for an employer attempting to request judicial notice of their employee's whistleblower tip to a federal agency, about the employer, in a retaliation lawsuit over that charge, despite the employer not being party to or

---

[2] Civil L.R. 7-2 (d) Affidavits or Declarations. Each motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5;  7-5 (a) Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.

directly notified about the complaint, and instead the employer essentially found it on the internet. Defendant cited one case as a legal authority for their request for judicial notice of the "SEC Submission," Def's Mot. for Judicial Notice Ex. A.

18.  Defendant selected a single unpublished decision from 2011 as its only legal authority for its odd request, and the decision is simply "Civil Minutes" for an "In Chambers Order." Defendant's Motion for Judicial Notice cites and 'summarizes' it as: *"Ansell v. Laikin*, 2011 WL 3274019, at *3 (C.D. Cal. Aug. 1, 2011) (on motion to dismiss, taking judicial notice of SEC complaint that was incorporated by reference)," at pages 1-2.

19.  The case was very difficult to find and required pulling it directly from PACER. The case has nothing to do with US SEC whistleblower TCRs. In the unpublished / unreported decision, the "SEC complaint" that the Defendant referred to in their motion is defined in the decision as "On December 15, 2008 the indictment and information were unsealed, and the SEC commenced enforcement proceedings against Defendant and others (the "SEC Complaint")." *Id* at 2. It's not a protected whistleblower tip – it's an enforcement complaint. The case goes on:

> "The Complaint also attaches and incorporates by reference a copy of the SEC Complaint, which sets forth further detailed allegations about Defendant's material omission. Defendant urges the Court to ignore the SEC Complaint since Plaintiff did not request that the Court take judicial notice of it. However, since the SEC Complaint is both attached to and incorporated by reference into Plaintiff's Complaint it may properly be considered on a Rule 12(b)(6) motion." Id at 4.

Everything about Defendant's request is disquieting.

20.  Courts often take judicial notice of a Company's filings to the US Securities and Exchange Commission (SEC) but that's quite different then a confidential US SEC TCR whistleblower complaint. See, e.g., *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1297 n5 (11th Cir. 2011) (noticing contents of documents filed with SEC); *Oran v. Stafford*, 226

F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of properly-authenticated public disclosure documents filed with SEC).

21. Next, Defendant's legal authority for its request for judicial notice of the "Offer Letter" is also just a single case. In *Juster v. Workday, Inc,* the court granted judicial notice of an offer letter when the employee claimed the employer "improperly terminat[ed] him based on his conviction history," but the offer letter stated "[t]he offer of employment set forth in this Letter is contingent upon ... (ii) your consent to, successful completion of, and passing of all applicable background checks." *Juster v. Workday, Inc*, 617 F. Supp. 3d 1128, 1131-1132 (N.D. Cal. 2022). The case is not comparable to the facts and allegations in this matter.

## VII. THE REQUEST TO GIVE NOTICE TO THE CONTENTS OF THE DOCUMENT IS IMPROPER

22. "If the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." See *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995–96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits in SEC action where the complaint did not mention relying on them, but the defendants instead "offer[ed] the documents as evidence that Defendants did not commit a securities violation"); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006) (finding error where the court relied on documents the complaint did not mention, to resolve an issue in defendant's favor, even though the complaint had not raised the issue).

23. Upon reviewing Defendant's Motion to Dismiss for references to this pending Motion for Judicial Notice, it appears Defendant is attempting to do just what is noted in the paragraph above. (Def's Mot. To Dismiss at Docket No. 48.) Defendant repeatedly cites this

8

pending motion as substantive evidence on the merits of at least two claims, SOX and Dodd-Frank whistleblower retaliation, see Def's MTD at 10, 11, 13, and 23 (quoted in bullets below):

- "Plaintiff further alleges that she complained to various government agencies, including the SEC. Id. ¶169. In her SEC "tip," she complained about an alleged "conflict of interest" involving Ronald Sugar. RJN, Ex. A at 3-4." Def's MTD at 10.

- "Plaintiff's complaints about Mr. Sugar reveal she was concerned about workplace safety issues, not fraud against shareholders. See SAC ¶808 (complaint to Apple about Mr. Sugar an "due diligence programs for offices on chemical clean-up sites"); RJN, Ex. A at 7 (complaint to SEC about Mr. Sugar and "the clean-up of the toxic chemicals under the building"). Where, as here a SOX claim rests on a complaint rooted in workplace safety rather than securities concerns, it should be dismissed. See Magnuson v. Exelon Corp., 658 F. Supp. 3d 652, 661-62 (C.D. Ill. 2023)." Def's MTD d at 11.

- "As discussed above, Plaintiff's "tip" to the SEC complaining of a purported "conflict of interest" involving Mr. Sugar does not constitute protected activity under SOX. TAC ¶169; RJN, Ex. A at 3-4. Consequently, Plaintiff cannot rely on that complaint to claim Dodd-Frank protection." Def's MTD d at 13.

- "Plaintiff's offer letter states that her employment with Apple was at will, and that Apple could terminate her employment "at any time and for any or no reason." RJN, Ex. B. No provisions support Plaintiff's contrary allegations that Apple promised to retain her." Def's MTD d at 23..

This is not what judicial notice is for.

24.    "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003  (9th Cir. 2018). "Without that opportunity to respond, the defendant's newly-expanded version of the complaint – accepted as true at the pleading stage – can easily topple otherwise cognizable claims." *Id*. "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id*.

25. A request for judicial notice may also be denied where the court finds the matter disputable and/or irrelevant. See *People v. Overstreet* (1986) 42 C3d 891, 900, 231 CR 213, 217-218. "It's well established that judicial notice is not appropriate with the parties clearly and reasonably disagree about the meaning to be ascribed to the document. *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.,* 556 F.3d 177, 216 (4th Cir. 2009) (declining to judicially notice decision documents relating to mining discharge permits because the parties "clearly and reasonably disagree about the meaning to be ascribed" to them).

26. Evidence is also not to be subject to judicial notice if it contains conclusions of law, unreasonable inferences, and/or unwarranted deductions of fact. *Donovan v. Woodbridge Maint. Ass'n, No*. 2:14-cv-00995 JAM-EFB, 5 (E.D. Cal. Mar. 16, 2015). Defendant asks for judicial notice of the content of the documents, stating: "The court is permitted to treat such documents as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule(b)(6)," Def's Mot. for Judicial Notice at 1. Further, Defendant attempts to introduce the "Offer Letter" but not any of the other documents mentioned in the TAC. Defendant's motion purports that notice of this contract is proof of some legal conclusion. A court cannot take judicial notice of the interpretation of and enforceability of a written contract for the purposes of ruling on a Motion to Dismiss when the Plaintiff's claims dispute the enforceability of that very contract. *Gould v. Maryland Sound Industries, Inc*. (1995) 31 Cal.App.4th 1137, 1145-1146 [37 Cal.Rptr.2d 718].

## VIII. JUDICIAL NOTICE SHOULD NOT BE GRANTED TO DEFENDANT'S VERSION OF THESE DOCUMENTS AS "THE TRUTH" OR THEIR DEFENSE.

27. Defendant cited *U.S. v. Ritchie* as a legal authority for their claim this court may assume the "contents" of Plaintiff's Offer Letter and SEC Whistleblower TCR are "true for purposes of a motion to dismiss." *U.S. v. Ritchie,* 342 F.3d 903 (9th Cir. 2003). (Def's Mot. for

Judicial Notice at 1.) However, *U.S. v. Ritchie* is a criminal DEA case where the court denied the request for judicial notice of exhibits (attached to an opposition brief), because none of the documents formed the basis of the complaint, and the other party did not "refer extensively" to any of them. *Id.* at 908. "Thus, it would have been improper for the court to consider the declaration and exhibits … without converting the motion to dismiss into a motion for summary judgment." *Id.* at 909.

28. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Even if judicial notice is appropriate, notice may only be given to the documents themselves: the existence of the document; the record of dates, actions, and statements wherein; but not the truth of assertions of fact within the documents. See, e.g., *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, Defendant offered to prove the truth of the matter asserted, including in a document they were not party to, and thus their requests are requests for admission of hearsay. See Fed.R.Evid. 801(c). *Orr v. Bank of America*, *NT & SA*, 285 F.3d 764, 778-79 (9th Cir. 2002)."[A] statement is deemed hearsay only when the immediate inference the proponent wants to draw is the truth of the assertion on the statement's face." *Orr v. Bank of America*, *NT & SA*, 285 F.3d 764, 779 n.26 (9th Cir. 2002).

### IX. CONCLUSION

29. Defendant requested judicial notice of two documents that neither party dispute the existence of – but both parties do dispute factual inferences, legal conclusions, authenticity, prejudice, and relevance.

30. "If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (standard for "plausible" claim for relief at pleading stage).

31. "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). As such, Defendant's Motion for Judicial Notice for both Exhibit A and Exhibit B should be denied.

**Dated: April 9 2024**

Signature:

_____

**s/ Ashley M. Gjovik**

**Pro Se Plaintiff**

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428