**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*

2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

v.

**APPLE INC**, *a corporation*,

Defendant.

Case No. 3:23-CV-04597-EMC

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES**

**IN OPPOSITION TO DEFENDANT'S**

**MOTION TO STRIKE**
Fed. R. Civ. P. 12(f)

HEARING:

Dept: Courtroom 5, 17th Floor (Virtual)

Date: May 16, 2024

Time: 1:30 p.m.

# TABLE OF CONTENTS

I.   PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ACTION ..................................................................................................................................1

II.  PROCEDURAL HISTORY ................................................................................................1

III. ISSUES TO BE DECIDED .................................................................................................4

IV.  THE MOTION SHOULD BE DENIED BECAUSE THE MOTION IS IMPROPER ..............................5

V.   THE MOTION SHOULD BE DENIED DUE TO NONCONFORMITY WITH FRCP 12(F) ..................6

VI.  THE MOTION SHOULD BE DENIED BECAUSE THE STATEMENTS ARE MATERIAL ................6

VII. THE MOTION SHOULD BE DENIED BECAUSE DEFENDANT IS NOT PREJUDICED ....................9

VIII. IF MOTION GRANTED, AMENDMENT SHOULD ALSO BE GRANTED ..........................................10

IX.  CONCLUSION .................................................................................................................11

<u>CASES</u>

*Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). ------------------------------------------------------------------------- 11

*California Department of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). ------------------------------------------------------------------------------------------------------------------------ 9

*Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D.Cal. 1991). ------------------------------------ 8, 10

*Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). ------------------------------------------ 7

*Cortina v. Goya Foods, Inc*., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). ------------------------------------------------------------------------------------------ 9

*Da Chong Hong, Ltd. v. Silk Greenhouse, Inc*., 719 F.Supp. 1072, 1073 (MD FL 1989). ----------------------------- 9

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). -------------------------------------------------- 4

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). -------- 8

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994). ------------------------------------------------------------------------------------------------------------- 8

*Ferretti v. Pfizer Inc*., 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012). ------------------------------------------------------ 5

*Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Jan. 30, 2024). -------------------------------------------------------- 3

*Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012) --------------------------------- 9

*Holt v. Quality Egg, LLC*, 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011). ----------------------------------------------- 6

*In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). ----------------------------------------- 8

*In re Fibrogen Sec. Litig*., 21-cv-02623-EMC, (N.D. Cal. Aug. 29, 2023). ---------------------------------------------- 8

*Mason v. Ashbritt, Inc.,* Case No. 19-cv-01062-DMR, 6-7 (N.D. Cal. Feb. 17, 2020). -------------------------------- 6

*Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). -------------------------------------------------- 8

*Platte Anchor Bolt, Inc. v. IHI, Inc*., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). ------------------------------------ 7

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). ------------------------------------------ 6

See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). -10

*Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000). ------------------------------------------------------ 9

*Tasion Communications Inc. v. Ubiquiti Networks, Inc*., No. C-13-1803 EMC, 6 (N.D. Cal. Mar. 14, 2014). --------- 5

*U.S. ex rel. Ackley*, 110 F. Supp. 2d 395 (D. Md. 2000) ------------------------------------------------------------------- 9

*United States v. 729.773 Acres of Land, Etc*.,531 F. Supp. 967, 971 (D.Haw. 1982). ------------------------------------ 9

*Walters v. Fid. Mortg. of CA*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010). ------------------------------------------- 7

*Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010). ......................................................... 5

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ................................................... 7

*Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 975-976 (9th Cir.2010). ............................................ 5

*Williams v. County of Alameda*, 26 F. Supp. 3d 925, 948 (N.D. Cal. 2014). ............................................... 5

*Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979). ................................................................. 10

*Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977). ......................................................................... 5

<u>RULES</u>

Fed. R. Civ. P. 12(a) ...................................................................................................................................... 2

Fed. R. Civ. P. 12(b) ...................................................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................................................. 5

Fed. R. Civ. P. 12(f) ....................................................................................................................................... 6

Fed. R. Civ. P. 12(f) ........................................................................................................................... i, 4, 5, 9

Fed. R. Civ. P. 55 ........................................................................................................................................... 2

Fed. R. Civ. P. 7(b) ........................................................................................................................................ 9

Fed. R. Civ. P. 7(b)(1)(B) .............................................................................................................................. 6

Fed. R. Civ. P. 8 ............................................................................................................................................. 3

<u>TREATISES</u>

5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (3d ed. 2004). ........................... 8, 10

## I. PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ACTION

1. Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendant's Motion to Strike, Docket No. 48. Defendant's Motion to Strike should be denied for a variety of reasons including due to Defendant's attempt to use a Motion to Strike as if it were a motion to dismiss, failure to provide justifications for its requests to strike, failure to plead prejudice, Defendant's attempt to "strike" and remove facts integral to this matter, and Defendant's repeated substantive references and quotes to prior mooted pleadings in violation of Local Rule 10-1 and this Court's Jan. 30, 2024 Order. [Order at Docket No. 46].

2. Here within, Plaintiff responds to most of Defendant's substantive arguments in this Opposition brief; however, Plaintiff will not engage with Defendant's proffered substantive arguments based on mooted prior pleadings, as to not violate this Court's rules. Some of Defendant's assertions of fact and conclusion are misrepresentations, or even false – however, Plaintiff cannot correct those statements without violating this Court's rules, by engaging in discussion of the substantive content of her prior mooted pleadings – so she will not.

3. Plaintiff will also not be responding to Defendant's various attacks on her character and competence. Plaintiff generally denies Defendant's factual allegations in their Motion to Strike and Motion to Dismiss, but will not address each issue – as the points are compromised with inappropriate commentary and editorialization, and also frequently arising out of facts from mooted filings. Plaintiff will, however, address Defendant's complaints about her complaint amendments below.

## II. PROCEDURAL HISTORY

4. Plaintiff filed her original Complaint in this matter on September 7 2023. (Docket No. 1). Plaintiff attempted to serve Defendant on September 15-18 2023 via USPS and email.

(Cert. of Serv., Docket No. 7), but the papers were inexplicitly refused by Defendant's service agent on September 18 2023. (Cert. of Serv., Docket No. 8, at page 1 and 8). Plaintiff then hired a process server for personal service at Defendant's corporate office, which was completed on September 21 2023. *Id* at 1-2. Plaintiff also had the papers redelivered, with agreement from the process agent that the papers would be accepted this time, and they were accepted on September 19 2023. *Id*. Plaintiff emailed Defendant's executives about her civil lawsuit against Apple on September 15 2023 and again on September 22 2023 – without response. Defendant's responsive pleading was due October 10 2023, so Plaintiff emailed Apple again on October 4 2023, and informed Apple she planned to request a default judgment if they do not respond; and also notifying them of her plans to preserve punitive damages upon default. Fed. R. Civ. P. 12(a), Fed. R. Civ. P. 55.

  5.  The next day, on October 5 2023, five attorneys from Orrick emailed Plaintiff and notified her of their appearance on behalf of Defendant. In her earlier emails, Plaintiff had provided notice to Apple of claims she forgot to include in her Original Complaint and that she planned to include when she has an opportunity to amended her complaint as a matter of course. In their first email to Plaintiff, Defendant's lawyers asked Plaintiff if she would be willing to file her amended complaint prior to Apple having to file their first responsive pleading, which was due in five days. Defendant asked Plaintiff if she would do Apple a favor, as to give Apple's attorneys more time to prepare to fight her in this courtroom.

  6.  Plaintiff agreed to Apple's request as long as she could preserve her one "free" amendment as a matter of course. After some negotiation, both parties came to an agreement with a proposed stipulation filed on October 9 2023. (Docket No. 9.) The stipulation was approved by Magistrate Judge Beeler on October 10 2023. (Docket No. 12). The stipulation preserved Plaintiff is one "free" amendment as a matter of course, and thus Plaintiff's First Amended Complaint

essentially became her original complaint, as it was the first version of her complaint that the Defendant responded to. Taking advantage of the opportunity to revise her original complaint without prejudicing the Defendant, Plaintiff did add toxic tort claims of nuisance and ultrahazardous activities. (Docket No. 17).

7. Plaintiff's Third Amended Complaint was per Order of this court. (Docket No. 47.) Thus, Plaintiff has actually only amended her complaint once so far, on her own initiative. Further, Plaintiff has not added new legal claims at all in the pleadings Defendant has responded to. Plaintiff's pleadings have always included claims for Breach of Implied Contract and Good Faith/Fair Dealing,[1] NIED,[2] and California UCL §17200.[3]

8. Plaintiff's first three complaints listed a number of claims on the front cover sheet, but also had additional claims detailed within the arguments and in the Table of Contents. In Plaintiff's TAC, she reorganized her claims to follow the traditional "Counts" for each claim, which did not increase the amount of claims, but instead revealed the true amount of existing claims. Any confusion about how many claims Plaintiff has, is Plaintiff's fault for previously failing to organize her complaint with standard numbered counts for each claim.

9. On Jan. 30 2024, your Honor provided Plaintiff constructive criticism about her pleading and offered suggestions for improvement, with a request that Plaintiff file another amendment that complies with Fed. R. Civ. P. 8, prior to Defendant responding. *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Jan. 30, 2024). Your honor dismissed Plaintiff's Second Amended Complaint without prejudice, denied her Motion for Judicial notice, and denied Defendant's pending Motions as moot. *Id.*

---

[1] Breach of Implied Contract and Good Faith/Fair Dealing: Original Complaint ¶ 399; FAC ¶ 1046; SAC ¶ 1389; TAC ¶ 234.
[2] NIED: Original Complaint ¶ 140; FAC ¶ 1060; SAC ¶ 1422; TAC ¶ 252.
[3] California UCL §17200: Original Complaint ¶ 401, 440; FAC ¶ 1026, 1119; SAC ¶ 1305, 1336, 1364, 1373; TAC ¶ 224, 253.

10. Plaintiff filed her Third Amended Complaint on February 27 2024 and it was 75 pages total (and without exhibits or other attachments, or supporting motions) in a good faith effort to be as concise and efficient as possible. On March 26 2024, Defendant, then filed its latest set of responsive pleadings, this time: a Motion to Dismiss, Motion to Strike, and Motion for Judicial Notice with a total of eight documents and around one hundred sixty pages. (Docket Nos. 48, 49, 50.). Plaintiff is now forced to respond to all three motions with memos in opposition and proposed orders. Separate Oppositions to the Motion to Dismiss and Motion for Judicial Notice are filed concurrently.

### III. ISSUES TO BE DECIDED

11. Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).

12. Defendant's Motion to Strike requests to strike three categories of content from Plaintiff's Third Amended Complaint. "Part B" includes both the entirety of Plaintiff's legal claims ("counts") if each claim was dismissed under Defendant's Motion to Dismiss, and also hand-selected facts that Defendant unilaterally decided were only related to claims they requested to be dismissed as "immaterial," "irrelevant," and/or "redundant." (Docket No. 49.) Further, the content in "Part A" also includes additional facts that Defendant acknowledged were not dependent on the claims subject to Motion to Dismiss, and yet still unilaterally spotlighted as 'immaterial' to the controversy.

13. Plaintiff does not believe any of the content proposed to strike from Plaintiff's complaint is immaterial or seems appropriate for a Motion to Strike.

## IV. THE MOTION SHOULD BE DENIED BECAUSE THE MOTION IS IMPROPER

14. In the first and second category of content, Apple's Motion to Strike attempts to act as if it were part of a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, and Apple even supplements its concurrent Motion to Dismiss with the request to dismiss the factual statements in its second category of content (so, dismiss even more things). It is unclear why Defendant wants to strike claims that would be dismissed as an amendment would be needed anyways and striking the claims would force Plaintiff to have to rewrite any dismissed without prejudice section from scratch.

15. Fed. R. Civ. P. 12(b)(6) motions already exists to dismiss claims, and thus interpreting Fed. R. Civ. P. 12(f) as also dismissing claims would create redundancy. *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010). A motion to strike is "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Tasion Communications Inc. v. Ubiquiti Networks, Inc*., No. C-13-1803 EMC, 6 (N.D. Cal. Mar. 14, 2014).

16. Fed. R. Civ. P. 12(f) is "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977). The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f). *Williams v. County of Alameda*, 26 F. Supp. 3d 925, 948 (N.D. Cal. 2014). Defendant also requests to strike claims for damages from Plaintiff's complaint, which is another improper use of a Fed. R. Civ. P. 12(f) motion. Rule 12(f) does not authorize a district court to dismiss a claim for damages on the basis that it is precluded as a matter of law. *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 975-976 (9th Cir.2010). *Ferretti v. Pfizer Inc*., 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012).

17. The Defendants request that the Court construe their response to the motion to strike as a motion to dismiss, and the Defendants provide no legal authority for this request. The request should be denied.

## V. THE MOTION SHOULD BE DENIED DUE TO NONCONFORMITY WITH FRCP 12(F)

18. Defendant's fail to "state with particularity the grounds for seeking the order" as required by Fed. R. Civ. P. 7(b)(1)(B) which requires the movant to cite to the rule, statute, or case that gives the court the authority to grant the motion. Apple cites no legal authority as to why the specific facts and allegations they propose to erase are unacceptable to them. Many of the facts and allegations they look to strike seem critical and central to the case.

19. "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted). *Mason v. Ashbritt, Inc.,* Case No. 19-cv-01062-DMR, 6-7 (N.D. Cal. Feb. 17, 2020). Defendant has only provide vague, conclusory statements and fails to properly justify why the content they selected to strike is actually immaterial to the controversy.

20. Even matters that are "not strictly relevant" to claim at issue should still not be stricken if they provide "important context and background" to claims asserted or are relevant to some object of the pleader's suit). *Holt v. Quality Egg, LLC*, 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011). Unlike a motion to dismiss under Fed. R. Civ. P. 12(b) , a Fed. R. Civ. P. 12(f) motion does not test the sufficiency of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

## VI. THE MOTION SHOULD BE DENIED BECAUSE THE STATEMENTS ARE MATERIAL

21. A motion to strike should only be granted if the matter sought to be stricken clearly has no possible bearing on the subject matter of the litigation. See *Colaprico v. Sun Microsystems,*

*Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).[4] A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965-966 (C.D. Cal. 2000). "Striking a party's pleading . . . is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *See Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000).

22.     A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). "Immaterial matter, is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994).

23.     The amount of content, and the specific topics, that Defendant is motioning to strike is perplexing. The least strange category is the "count" sections for claims, if a motion dismiss was granted – however it seems duplicative, unneeded, and even obstructive for amendments and appeals. Next. The remainder of "Part B," are the sections Defendant suggests are only relevant of those "counts" (even though they're in the facts section), and Defendant suggests those facts should be removed as well.

24.     Finally, the strangest selection of content to strike are the paragraphs Defendant claims are completely immaterial to any of Plaintiff's claims ("Part A"). This content will not be reviewed in depth as Defendant has not actually provided any justification as to why they feel it is immaterial and irrelevant to the controversy, and Rule 12(f) motions require well plead requests and a showing of

---

[4] See also, e.g., *Walters v. Fid. Mortg. of CA*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010); *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). *Yates v. Perko's CAFÉ,* No. C 11-00873 SI, Related Case No. C 11-1571, 5 (N.D. Cal. Jun. 29, 2011).

prejudice as a basis for making the request in the first place – which does not seem to be happening here.

25. Apple has nominated the following topics as completely immaterial to Plaintiff's lawsuit: Plaintiff's open CERCLA whistleblower lawsuit with the US Department of Labor Office of Administrative Law Judges, Plaintiff's open NLRB charges and cases which will lead to the US NLRB suing Apple, Plaintiff's conversations with US DOJ and US SEC about Plaintiff's complaints in 2021, me discovering the semiconductor fabrication at 3250 Scott Blvd and filing complaints, me discovering the US EPA inspection of Plaintiff's Superfund office in August 2019, and mention me seeking medical treatment due to chemical exposure form Apple's exhaust. None of this seems "immaterial." The harassment and intimidation is still ongoing, so there is no reason to admit the continued protected conduct and the target of their intimidation attempts, to interfere with these open cases, investigations, and proceedings.

26. As a general rule, courts disfavor motions to strike, because striking a pleading is a drastic remedy and is often sought as a dilatory or harassing tactic by the moving party. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (3d ed. 2004). *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D.Cal. 1991).

27. As with a motion to dismiss, the court should view the pleading sought to be struck in the light most favorable to the nonmoving party. *In re Fibrogen Sec. Litig.*, 21-cv-02623-EMC, (N.D. Cal. Aug. 29, 2023). *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Viewing the TTAC in a light most favorable to Plaintiff, the proposed facts and allegations that Defendant seeks to have stricken are not "redundant, impertinent, immaterial, or scandalous," and they have obvious relation to the controversy.

## VII. THE MOTION SHOULD BE DENIED BECAUSE DEFENDANT IS NOT PREJUDICED

28. "Motions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

29. A motion to strike is a severe measure and it is generally viewed with disfavor. See *United States v. 729.773 Acres of Land, Etc.*, 531 F. Supp. 967, 971 (D.Haw). 1982). Given their disfavored status, courts often require "a showing of prejudice by the moving party" before granting the requested relief. *California Department of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

30. Defendants' failure to demonstrate prejudice is, by itself, sufficient reason to deny their motion. Because Fed. R. Civ. P. 12(f) motions are disfavored, courts typically require a showing of prejudice to the moving party. Defendant does not articulate what prejudice he would sustain by having to respond to the portions of the complaint that allegedly do not comply with Rule 12(f). See Fed. R. Civ. P. 7(b) (providing that a motion must "state with particularity the grounds for seeking the order"); see also *Haley Paint Co. v. E.I. du Pont de Nemours & Co.,* 279 F.R.D. 331, 335 (D. Md. 2012) – (exercising discretion not to strike pleadings under Rule 12(f) where the movants "articulated no prejudice that would result from a denial of their motion"); *U.S. ex rel. Ackley*, 110 F. Supp. 2d 395 (D. Md. 2000) – (noting that Rule 12(f) motions "will be denied unless the matter under challenge has no possible relation to the controversy and may prejudice the other party").

31. Where there is any doubt as to the relevance of the challenged allegations, courts will err on the side of permitting the allegations to stand, particularly if the moving party

establishes no prejudice. *Da Chong Hong, Ltd. v. Silk Greenhouse, Inc*., 719 F.Supp. 1072, 1073 (MD FL 1989).

## VIII. IF MOTION GRANTED, AMENDMENT SHOULD ALSO BE GRANTED

1. As a general rule, courts disfavor motions to strike, because striking a pleading is a drastic remedy and is often sought as a dilatory or harassing tactic by the moving party. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (3d ed. 2004). *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D.Cal. 1991).

2. Motions to strike are generally disfavored. See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979).

3. Note: Defendant's counsel has failed to make any significant efforts to meet and confer with Plaintiff on this lawsuit, or to provide reasonable notice in order to effectuate cooperation and amendments to the pleadings.

### IX. CONCLUSION

5. It is apparent that the content of the complaint is relevant and that, accordingly, the Motion to Strike should be denied. Based on the foregoing, plaintiff respectfully requests that this Court deny the Defendant's Motion to Strike.

6. As a pro se petitioner in civil rights case, Gjovik is grateful for the court to consider construing the pleadings liberally and to afford the petitioner the benefit of doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Should this Court believe that such facts are not adequately pled, plaintiff should please be granted leave to amend her complaint or a limited section of her complaint.

**Dated: April 9 2024**

Signature:

_____

**s/ Ashley M. Gjovik**

**Pro Se Plaintiff**

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428