**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*

2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**Case No. 3:23-CV-04597-EMC**

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

v.

**APPLE INC**, *a corporation*,

Defendant.

**DECALARTION OF ASHLEY GJOVIK,**

**IN OPPOSITION,**

**TO DEFENDANT'S REQUEST FOR**

**JUDICIAL NOTICE**

*As Required by Civil L.R. 7-3, 7-5*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.    DECLARATION OF ASHLEY GJOVIK IN OPPOSITION TO DEFENDANT APPLE'S REQUEST FOR JUDICIAL NOTICE

**Pursuant to 28 U.S.C.§ 1746, I, Ashley M. Gjovik, hereby declare as follows:**

1.      My name is Ashley Marie Gjovik. I am a self-represented Plaintiff in this above captioned matter.  I make this Declaration based upon my personal knowledge and in support of Plaintiff's Opposition (Docket No. 52) to Defendant's Motion Requesting Judicial Notice (Docket No. 50). I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

2.      Exhibits are attached to this declaration in pages 4-13, in order to substantiate statements in the declaration, but they are only intended to be procedural evidence, not substantive – with the objective of trying to show that Apple is being deceptive in their pleadings.

3.      On August 31 2021, I filed a TCR complaint to the US SEC against multiple named parties including Apple, Northrop Grumman, GI Partners LP, Hines Interests LP, Oaktree Capital Management, and Ronald Sugar. The TCR submission included entries in several text fields and numerous attached documents. In my text field entries, I used the terms "fraudulent" and "illegal," and in the attachments I also attached a formal complaint I made to Apple prior to my termination, and the memo I drafted and attached to that complaint repeatedly complained of fraud and misrepresentations, using those terms.

4.      Between the time I filed the SEC complaint on August 31 2021, and when Apple terminated my employment on September 9 2021, I shared my SEC complaint and related concerns directly with Apple executives, with US government agencies, and I spoke about it publicly on social media and with the press.

5.      The US Department of Labor Whistleblower Protection Program had docketed my SOX whistleblower retaliation claim in December of 2021 and the case was open and being investigated until I removed the SOX claim to this civil lawsuit in September of 2023.

6.      Attached as Exhibit A is a true and correct copy of the notice from US Department of Labor about the docketing. The SOX case with US Department of Labor included more claims than what was in my August 31 2021 SEC complaint, but also the SEC complaint and its contents. Attached as Exhibit B is a true and correct copy of the some of the news coverage of the case.

7.      I signed hundreds of employment agreements while I worked at Apple. Prior to my termination, I expressed to Apple and my coworkers that I believed many of those agreements were not lawful. I filed an NLRB charge against Apple in October 2021 where I alleged Apple's

employment agreements and NDAs violate the NLRA. In January 2023 the US NLRB issued a Decision of Merit on my claims. Apple knows this and the decision was covered in major newspapers.  Attached as Exhibit C is a true and correct copy of the notice from US NLRB about the Decision of Merit.

8.     While preparing my Opposition to Apple's Request for Judicial Notice and two other Motions, I struggled to obtain access to multiple cases they cited as they were not readily available to the public. I also struggled to understand how those cases applied to this case. For the case Apple cited as legal authority for their request about my SEC Submission, I could not find the case anywhere, and I do not have Westlaw access to cases (I cannot afford the subscription), so I did search and purchase the decision on PACER.

9.     Due to the short-time frame to respond to all of Apple's Motions, I submitted my Oppositions with regrettable typos. My Opposition to Apple's Request for Judicial Notice includes two bad typos where ¶ 1 is an incorrect duplication of the introduction to a different motion and the text of ¶ 1 after "Docket No. 48" should be disregarded. In addition, on pages 1-12, the footer incorrectly says "Motion to Strike" but the document is a "Request for Judicial Notice." If I had more time and was not already late in submitting my Oppositions, I would have spent more time proofreading and editing. I apologize.

10.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on APRIL 16 2024.


**Executed on**: APRIL 16 2024

Signature:

_____

**s/ Ashley M. Gjovik**
**Pro Se Plaintiff**


**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF                    APRIL 16 2024
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

1    **Phone**: (408) 883-4428

2

3

4

5

6

7

8

9

10

11    # EXHIBIT A

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF                    APRIL 16 2024
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

1

**EXHIBIT A: US Dept. of Labor Docketing**

2

3

**U.S. Department of Labor**     **Occupational Safety and Health Administration**
                                 **San Francisco Federal Building**
                                 **90 7th Street, Suite 2650**
4                                **San Francisco, CA  94103**



5

**Via Electronic Mail**
December 10, 2021
6

7      Ashley Gjovik
       1050 Benton Street, Apt. 2310
       Santa Clara, CA 95050
8      ashleymgjovik@protonmail.com

9      Complainant(s):  Ashley Gjovik
       Respondent(s):   Apple Inc.
10     Case Number:     Apple Inc./Gjovik/9-3290-22-051
       Law/Statute 1:   Section 11(c) of the Occupational Safety and Health Act (OSHA),  29 U.S.C. §660
11     Law/Statute 2:   Comprehensive Environmental Response, Compensation and Liability Act
                        (CERCLA), 42 U.S.C. §9610
12     Law/Statute 3:   Sarbanes-Oxley Act (SOX),  18 U.S.C.A. §1514A
       Regulation 1:    OSHA 11(c) Complaint Procedures:  29 CFR Part 1977
13     Regulation 2:    EPA Complaint Procedures:  29 CFR Part 24
       Regulation 3:    SOX Complaint Procedures:  29 CFR Part 1980

14

15     Dear Ms. Gjovik:

16     This office has received a complaint filed by the above-named Complainant(s) against the above-
       named Respondent(s). The complaint alleges retaliatory employment practices in violation of the
17     Law(s)/Statute(s) cited above. A copy of the complaint allegation is enclosed.

18     The Occupational Safety and Health Administration's Whistleblower Protection Program (WPP) is
       responsible for enforcing the anti-retaliation provisions of the law(s) cited above and will conduct its
19     investigation following the procedures outlined in the regulation(s) cited above. You may obtain a
       copy of the law(s) and regulation(s) at: **www.whistleblowers.gov**. Upon request, a printed copy of these
20     materials will be mailed to you.

21     WPP has provided a copy of the complaint to Respondent(s) and has requested a written position
       statement. You will receive a copy of the position statement(s) with any supporting evidence and will
22     be given an opportunity to respond.

23     You have the right to be represented in this matter. If you choose to have a lawyer or someone else
       represent you, please have that person complete and promptly return to the assigned investigator the
24     enclosed Designation of Representative form.

25     You are expected to cooperate in this investigation and failure to do so may cause the complaint to be
       dismissed.

26     WPP will send most, if not all, correspondence by email - this includes final disposition letters that
       include time sensitive appeal rights.

27

28

5

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF                    APRIL 16 2024
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

APRIL 16 2024

1

**EXHIBIT B: US DOL SOX Case In Financial Times**

2

3

## Technology

## Apple probed over fired whistleblower

8 ★ FINANCIAL TIMES

## COMPANIES & MARKETS

**Former manager claims company retaliated after harassment complaints**

PATRICK MCGEE — SAN FRANCISCO
PATRICK TEMPLE-WEST — NEW YORK

The US Department of Labor is investigating Apple over claims that it retaliated against an employee who complained of workplace harassment and unsafe working conditions.

Ashley Gjovik, 35, had been a senior engineering program manager for six years at Apple when she was fired in September for allegedly leaking confidential information.

Gjovik, who has written on Twitter about her allegations of harassment, surveillance and workplace safety issues, alleged that she was dismissed under a false pretext after several complaints that led to more than a dozen instances of retaliation including job reassignment.

The labour department declined to comment but confirmed its investigation in a letter to Gjovik seen by the Financial Times, dated December 10.

Stephen Kohn, an employment lawyer, said the burden of proof needed for Apple, the probe could mark the most significant setback in a series of labour disputes this year that included a shareholder proposal requesting more information about the company's use of

non-disclosure agreements. Gjovik's original complaints stemmed from mid-March, when she cited "chemical exposure" concerns at her Apple office in Sunnyvale, California.

The facility is located on a so-called Superfund site, requiring special oversight owing to previous contamination by hazardous waste materials beneath the building.

When Apple sent an email about wanting to test the site for "vapour intrusion", Gjovik's questions about it were rebuffed by Apple's employee relations department.

"They intimidated me not to speak about my safety concerns," Gjovik alleged.

The labour department will examine whether Apple retaliated over claims about occupational safety and hazardous waste management liability, alongside another allegation that falls under the Sarbanes-Oxley Act, or Sox, which sets out the rules for financial record keeping.

Gjovik pointed to a potential conflict of interest regarding Apple board member Ronald Sugar, chair of the audit committee, as he was previously chief executive of Northrop Grumman, the defence company responsible for the dump — and maintenance — of waste materials beneath the Sunnyvale office.

Sugar could not be immediately reached for comment.

break into the public" domain. The labour department rarely investigated such cases, he said, because of the wide-spread use of non-disclosure agreements to "silence" whistleblowers.

Apple declined to discuss specific employee matters, citing privacy, but said: "We are and have always been deeply committed to creating and maintaining a positive and inclusive workplace. We take all concerns seriously and we thoroughly investigate whenever a concern is raised."

For Apple, the probe could mark the

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Apple Inc**

## Apple faces probe over whether it retaliated against whistleblower

US labour department inquiry follows claims by ex-senior engineering program manager



The US Department of Labor will focus on whether Apple retaliated against a whistleblower who claimed there were poor working conditions at the company © Stephane Mahe/Reuters

**Patrick McGee** in San Francisco and **Patrick Temple-West** in New York DECEMBER 13 2021

The US Department of Labor is investigating Apple over claims that it retaliated against an employee who complained of workplace harassment and unsafe working conditions.

Ashley Gjovik, 35, had been a senior engineering program manager for six years at Apple when she was fired in September for allegedly leaking confidential information.

Gjovik, who has written regularly on Twitter about her allegations of harassment, surveillance and workplace safety issues, alleged that she was dismissed under a false pretext following numerous complaints that led to more than a dozen instances of retaliation including job reassignment.

The labour department declined to comment but confirmed its investigation in a letter to Gjovik seen by the Financial Times, dated December 10.

Stephen Kohn, an employment lawyer and an expert in US whistleblowing law, said the burden of proof needed for the agency to open an investigation was high, as the employee must have already established enough evidence that, unless rebutted, would prove the case.

He said the case would be closely watched because it was especially rare for a labour dispute with Big Tech "to break into the public" domain. The labour department rarely investigated such cases, he added, because of the widespread use of non-disclosure agreements to "silence and intimidate whistleblowers".

Apple declined to discuss specific employee matters, citing privacy, but said: "We are and have always been deeply committed to creating and maintaining a positive and inclusive workplace. We take all concerns seriously and we thoroughly investigate whenever a concern is raised."

Mary Inman, head of the international whistleblower practice at the law firm Constantine Cannon, described the case as "a breath of fresh air" as Joe Biden's administration signals a more aggressive stance to hold companies to account.

Last month, the labour department's top attorney announced an initiative to collaborate with other civil law enforcement agencies to protect workers from discrimination and misconduct.

For Apple, the investigation could mark the most significant setback in a series of labour disputes this year that included a shareholder proposal requesting more information about the company's use of nondisclosure agreements. The proposal alleged the iPhone maker extended its culture of secrecy into workplace areas protected by state and federal laws.

https://www.ft.com/content/973aae8d-21d9-4e84-8912-ead071c7935d

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gjovik's original complaints stemmed from mid-March, when she cited "chemical exposure" concerns at her Apple office in Sunnyvale, California. The facility is located on a Superfund site, requiring special oversight owing to previous contamination by hazardous waste materials beneath the building.

When Apple sent an email about wanting to test the site for "vapour intrusion", Gjovik's questions about it were rebuffed by Apple's employee relations department. "They intimidated me not to speak about my safety concerns," Gjovik alleged.

The labour department will examine whether Apple retaliated over claims about occupational safety and hazardous waste management liability, alongside a third allegation that falls under the Sarbanes-Oxley Act, or Sox, which sets out the rules for financial record keeping.

Gjovik pointed to a potential conflict of interest regarding Apple board member Ronald Sugar, chair of the audit committee, as he was previously chief executive of Northrop Grumman, the defence company responsible for the dump — and maintenance — of waste materials beneath the Sunnyvale office.

Sugar could not be immediately reached for comment.

Gjovik's case was "especially unusual" and noteworthy because of the three separate statutes or laws that may have been broken, said Michael Duff, a former attorney at the National Relations Labor Board.

"Federal agencies exercise what in the context of criminal law is known as prosecutorial discretion," he said. "They are very careful of what cases they move forward because they have scarce resources, so they must have a strong reason to believe they can prevail."

Other prominent investigations by the labour department included allegations that Google had a "systemic" problem underpaying female employees. The case was resolved this year, with the search giant agreeing to pay $3.8m.

Palantir, a data analytics company, in 2017 paid the labour department $1.6m to settle allegations that it discriminated against Asian candidates in recruiting engineers.

Seth Goldstein, a pro-bono attorney who has been representing Amazon employees alleging unfair labour practices, said Gjovik's actions were a reflection of her generation wanting companies to live up to the values they espoused. "It's a sea change in the fact that people are standing up for what's right," he said.

### Daily newsletter

#techFT brings you news, comment and analysis on the big companies, technologies and issues shaping this fastest moving of sectors from specialists based around the world. Click here to get #techFT in your inbox.

Copyright The Financial Times Limited 2022. All rights reserved.

**Link: https://www.ft.com/content/973aae8d-21d9-4e84-8912-ead071c7935d**

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF                    APRIL 16 2024
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

APRIL 16 2024

1  **EXHIBIT C: NLRB DECISION OF MERIT**

2

3  **NLRB Cases 32-CA-284428 & 32-CA-284441 (Apple): Current Case Status**

4

**From**  🔒 Sollett, Mathew <Mathew.Sollett@nlrb.gov>                    ☆ ✉ 2:00 PM

5  **To**      Ashley Gjovik,  cfoster@mwe.com,  Mannan, Syed                          ⌄

6

7

8

9  **CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

10

11  I am writing to provide you with an update on several outstanding unfair labor practice charges filed against Apple. The Division of Advice has responded to Region 32's request for guidance in cases 32-CA-284428 and 32-CA-
12  284441 and has instructed the Region to issue a Complaint, absent settlement, alleging various violations of Section 8(a)(1) of the National Labor Relations Act regarding Apple rules/policies and various unlawful statements by Apple
13  supervisors/managers.  As soon as possible, the Region will contact the parties individually to discuss the meritorious allegations in further detail and to explore the possibility of pre-Complaint settlement.

14

Thank you very much,

15

Mathew Sollett, Field Attorney
16  National Labor Relations Board, Region 21
312 N. Spring Street, 10th Floor
17  Los Angeles, CA 90012
Phone: 213-634-6522
18  Fax: 213-894-2778

19

*My Pronouns: he/him/his*
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORM EXEMPT UNDER 44 U.S.C 3512

| INTERNET FORM NLRB-501 (2-08) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD **CHARGE AGAINST EMPLOYER** | **DO NOT WRITE IN THIS SPACE** | |
|---|---|---|---|
| | | Case **32-CA-284428** | Date Filed **10-12-2021** |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer Apple Inc. | | b. Tel. No. (408) 996-1010 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address *(Street, city, state, and ZIP code)* One Apple Park Way, Cupertino, CA 95014 | e. Employer Representative Tim Cook Chief Executive Officer | g. e-Mail |
| | | h. Number of workers employed 200+ |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)* Office complex | j. Identify principal product or service Computer hardware | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Within the past six months and continuing to the present date, the above-named employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by promulgating, maintaining, and enforcing work rules that prevent or discourage employees from engaging in protected concerted activities, including the employment agreement policy, the confidentiality agreement policy, the business conduct policy, and other policies enforced against employees contained within the employee handbook.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

Ashley Marie Gjovik

| 4a. Address *(Street and number, city, state, and ZIP code)* 1050 Benton Street, #2310, Santa Clara, CA 95050 | 4b. Tel. No. (415) 964-6272 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. (415) 964-6272 |
|---|---|---|
| By _____ *(signature of representative or person making charge)* | Ashley Gjovik, an Individual *(Print/type name and title or office, if any)* | Office, if any, Cell No. |
| | | Fax No. |
| Address 1050 Benton Street, #2310, Santa Clara, CA 95050 | Oct 12 2021 *(date)* | e-Mail ashleymgjovik@protonmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

12

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF                                    APRIL 16 2024
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| 32-CA-284441 | 10/13/21 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer Apple Inc. | b. Tel. No. (408) 996-1010 |
|---|---|
| | c. Cell No. |
| | f. Fax No. |

| d. Address (Street, city, state, and ZIP code) One Apple Park Way, Cupertino, CA 95014 | e. Employer Representative Tim Cook Chief Executive Officer | g. e-Mail |
|---|---|---|

h. Number of workers employed
200+

| i. Type of Establishment (factory, mine, wholesaler, etc.) Office complex | j. Identify principal product or service Computer hardware |
|---|---|

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Since on or about September 21, 2021, the above-named employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by promulgating, maintaining, and enforcing work rules that prevent or discourage employees from engaging in protected concerted activities.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

Ashley Marie Gjovik

| 4a. Address (Street and number, city, state, and ZIP code) 1050 Benton Street, #2310, Santa Clara, CA 95050 | 4b. Tel. No. (415) 964-6272 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _____
(signature of representative or person making charge)

Ashley Gjovik, an Individual
(Print/type name and title or office, if any)

| Tel. No. (415) 964-6272 |
|---|
| Office, if any, Cell No. |
| Fax No. |
| e-Mail ashleymgjovik@protonmail.com |

Address 1050 Benton Street, #2310, Santa Clara, CA 95050

Oct 12 2021
(date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

13

DECLARATION OF ASHLEY GJOVIK IN OPPOSITION OF          APRIL 16 2024
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE | 3:23-CV-04597-EMC