**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY GJOVIK**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **DECALARTION** OF ASHLEY GJOVIK, |
| v. | IN **OPPOSITION**, |
| **APPLE INC**, *a corporation*, | TO DEFENDANT'S **MOTION TO STRIKE** |
| Defendant. | Fed. R. Civ. P. 12(f) |
| | *As Required by Civil L.R. 7-3, 7-5* |

1
DECLARATION OF ASHLEY GJOVIK IN SUP OPPOSITION TO          APRIL 16 2024
DEFENDANT'S MOTION TO STRIKE | 3:23-CV-04597-EMC

## I. DECLARATION OF ASHLEY GJOVIK IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO STRIKE

**Pursuant to 28 U.S.C.§ 1746, I, Ashley M. Gjovik, hereby declare as follows:**

1. My name is Ashley Marie Gjovik. I am a self-represented Plaintiff in this above captioned matter. I make this Declaration based upon my personal knowledge and in support of Plaintiff's Opposition (Docket No. 53) to Defendant's Motion to Strike (Fed. R. Civ. P. 12(f); Docket No. 49) portions of Plaintiff's Third Amended Complaint (Docket No. 47). I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

2. Exhibits are attached to this declaration in pages 5-15, in order to substantiate statements in the declaration, but are only intended to be procedural evidence, not substantive – with the objective of trying to show that Apple is being deceptive in their pleadings.

3. In my Opposition to Apple's Motion to Strike, I described the history of this case. As described in my Opposition, I filed the Complaint on September 7 2023 and initiated service to Apple on September 15 2023. Paper service was inexplicitly refused on September 18 2023 but then successfully delivered September 19 2023 and personal service a few days later. Apple received direct notice via email of the filing on September 15 2021 and personal service on September 21 2023. Opp to MTS ¶ 4.

4. I emailed Apple multiple times about the lawsuit but Apple did not respond to me until October 5 2023, after I told Apple I planned to seek default judgement if they do not appear in court. At which time Apple asked that they be allowed to submit their answer later, after I file my First Amended Complaint. Attached as [Exhibit A](#) is a true and correct copy of the emails between me and Apple's lawyers about this.

5. I did not plan to file an Amended Complaint prior to the First Answer. After some negotiation, a stipulation was filed on October 9 2023 per Defendant's request, and approved by Judge Beeler on October 10 2023. I then only had 16 days to draft and finalize my First Amended Complaint. Opp to MTS ¶ 5-6.

6. As described in my Opposition, I made claims of violations of California's UCL, NIED, and breach of implied contract in all of my Complaints, starting with my September 7 2023 Complaint. I did fail to note all claims on the cover page until my most recent Complaint. I do not feel it is fair for Apple to complain that I increased the number of my claims to fifteen from twelve.

7. My CERLCA lawsuit (2024-CER-00001) and six NLRB charges are important to my allegations; my initial complaints and engagement with the agencies occurred prior to my termination. I complained for years of intimidation I believed to be due to these charges/cases.

8. I also included facts about all of the harassment and intimidation I faced at Apple since 2015 because my allegations (including RICO) include systemic retaliation and cover-ups of unlawful conduct, and the events I personally experienced informed that allegation. I also included these facts because Apple was supposedly investigating these facts when it put me on administrative leave and at the time it terminated my employment. Further, my allegations to Apple about these facts repeatedly included allegations of discrimination due to protected characteristics including gender/sex and disability, despite Apple's statement.

9. I included facts about the two properties at 3250 Scott Blvd and 825 Stewart Drive, occurring after Apple terminated my employment, in my TAC because the facts were important for my claims about toxic torts and RICO, which allegations do not end on the day I was fired, but instead continue through 2024. I included the progress of my other legal claims in my TAC for similar reasons, and especially since I complained a lot that I thought the intimidation and harassment I was facing was due to my continued involvement in those claims.

10. I believe all of my claims in my TAC are relevant and important, and I do not understand why Apple is requesting to "Strike" many of them from my TAC. Apple also said "hundreds" of my allegations are "irrelevant to any claims" but I do not know what they mean or how that would be possible. (MTS page 3).

11. In Apple's Motion to Strike, Apple references mooted Complaints. I was very worried if I responded to Apple's references and quotes from my prior Complaints, that I would be violating this Court's rules and Order. But I was also fearful that if I did not address the statements Apple made, that Apple would have an unfair advantage in describing our dispute. I decided it was most important to me to not break this Court's rules, so I did not respond to any of Apple's references to mooted pleadings. If this Court would like to review and discuss those references, I ask please for an opportunity to address those points on the record.

12. Apple's lawyers never contacted me directly to express concerns about my Complaints, including my TAC, and many of the things they say in this Motion to Strike are things they never said to me directly or asked me to address prior to filing a motion about it.

13. Due to the short-time frame to respond to all of Apple's Motions, I submitted my Oppositions with regrettable typos. My Opposition to Apple's Motion to Strike includes one major

3

DECLARATION OF ASHLEY GJOVIK IN SUP OPPOSITION TO DEFENDANT'S MOTION TO STRIKE | 3:23-CV-04597-EMC    APRIL 16 2024

typo where the first header on page 1 says "Motion to Dismiss," but should say "Motion to Strike." If I had more time and was not already late in submitting my Oppositions, I would have spent more time proofreading and editing. I apologize.

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on APRIL 16 2024.

**Executed on**: APRIL 16 2024

Signature:

**s/ Ashley M. Gjovik**

**Pro Se Plaintiff**

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

# EXHIBIT A

**EXHIBIT A: 2023 Emails with Apple's Lawyers about this Lawsuit**

> **Notice of Service of Summons: Ashley Gjovik v Apple Inc, Case No. 3:23-cv-04597-LB, US District Court of Northern California**
>
> From: legal@ashleygjovik.com <legal@ashleygjovik.com>
> To: tcook@apple.com, kate.adams@apple.com
> Date: Friday, September 15th, 2023 at 8:20 PM
>
> **September 15 2023 - Notice of Service of Summons**
>
> Re: *Ashley Gjovik v Apple Inc*, Case No. 3:23-cv-04597-LB, US District Court of Northern California
>
> **To:**
> **Tim Cook,** CEO, Apple Inc, tcook@apple.com
> **Katherine Adams,** General Counsel, Apple Inc, kate.adams@apple.com
>
> Hello,
>
> As of September 7 2023, I am suing Apple Inc in federal court for violations of the Dodd-Frank and Sarbanes–Oxley Acts, violations of a number of California Labor Codes, violations of the Bane and Ralph Civil Rights Acts, violations of the RICO Act, for IIED and NIED, and for actions which constitute that the termination of my employment was in violation of the public policy of California and the United States.
>
> This email is to notify you that today, September 15 2023, a Summons, Civil Complaint, and other papers were sent via certified mail to your agent of process, CT Corporation. I am also attaching digital copies of the documents to this email, and I will include a copy of this email in my Proof of Service e-filing.
>
> I am representing myself *pro se* on all pending legal matters against your corporation. I am registered to e-file my own documents and receive e-filed documents from Apple Inc for this civil case. I can be reached at this email. I will request, as I have since August 2021, that any communications from Apple Inc to me be in writing, where feasible. For activities like meet/confer, I request that I am either allowed to record the conversations (which can be sealed with the exception of me being able to report the contents to US gov/court/law enforcement if I believe a law was violated by Apple during the meeting), and/or to have a witness on all calls. I request advance notice (email, etc) of any phone calls from Apple, due to these concerns and as detailed in the witness intimidation portions of the civil complaint. My only interest in these requests is to protect myself from additional harm by Apple. If Apple does not want to harm me, I expect these logistics can be easily sorted out.
>
> November 16 2023 is our deadline to complete meet/confer related to ADR, discovery plans, and other preparation matters. I am preparing my list of witnesses, requested depositions, and my discovery requests. I look forward to engaging with Apple in good faith, efficiently, and with respect -- and to litigate this matter on the merits or otherwise find a way to resolve these issues -- and expect the same from Apple Inc. Thank you in advance for your cooperation.
>
> -Ashley Gjovik
>
> Sent with Proton Mail secure email.
>
> **19.70 MB** 7 files attached
>
> Order - Case Management.pdf 113.35 KB | Ref - Standing Orders.pdf 146.95 KB | Ref - Disclosures.pdf 139.70 KB
> Ref - ECF.pdf 47.90 KB | Form - Magistrate Judge.pdf 590.67 KB | Gjovik v Apple Complaint.pdf 5.02 MB | Summons.pdf 13.66 MB

> **Re: Notice of Service of Summons: Ashley Gjovik v Apple Inc, Case No. 3:23-cv-04597-LB, US District Court of Northern California**
>
> From    legal@ashleygjovik.com <legal@ashleygjovik.com>
> To       tcook@apple.com, kate.adams@apple.com
> Date    Friday, September 22nd, 2023 at 3:53 PM
>
> Hello,
>
> Apple also received personal service at VG6 yesterday, September 21 2023.
>
> This second proof of service is now filed and attached.
>
> -Ashley
>
> —
> **Ashley M. Gjøvik**
> BS, JD, PMP

**Re: Answer, Meet&Confer: Ashley Gjovik v Apple Inc, Case No. 3:23-cv-04597-LB**

From: legal@ashleygjovik.com <legal@ashleygjovik.com>
To: tcook@apple.com, kate.adams@apple.com
Date: Wednesday, October 4th, 2023 at 11:30 PM

Hello,

I have not heard anything from Apple Inc in response to my Complaint.

I consider Apple served on September 19 2023, and thus Apple's answer is due very soon. I'm worried that there have been no clarifying or follow up questions from Apple's attorney's to understand the allegations made and facts/events described in the Complaint. Apple's response is to be filed in less than a week.

If Apple is not ready to discuss settlement, I'm prepared to litigate this matter fully and as long as it takes to get a decision on the merit. To support efficiency of potential future litigation, I'm attaching a draft of my in-progress updates for my Amended Complaint, which I plan to file a finalized version of following Apple's responsive filings to my Complaint.

I was rushed in drafting the First Complaint by myself and thus later found some typos, missing facts/allegations, and areas that could be further clarified. So if there are any questions about a certain section, please review the Draft Amended Complaint to see if I've explained it further, or feel free to contact me (via methods previously discussed) to sort things out.

You will also see a preview of facts I plan to add that were mistakenly missed during the first draft, including: the suggested ADA request for vapor intrusion exposure, EPA's justification for the Aug 19 2021 inspection of my office formally noted as being my disclosures to them about the floor, Apple's attempt to get the US EPA to sign an NDA about my office, the Crystal Brown lawsuit settled against my Senior Director in 2019, Lisa J's letter of recommendation from her Apple email to the head of the US EPA for the head of US EPA Region 9, and others.

You can also preview many of the documents I gathered through FOIA, Public Records Requests, and other research here: https://www.ashleygjovik.com/foia_timeline.html

I also plan to include the results of the August 2023 US EPA inspection of Apple's secret silicon fabrication plant at 3250 Scott Blvd (due to my disclosures and complaint), pending whatever decision and announcement is made. I similarly plan to include any updates on Tom Moyer's criminal trial and Gene Levoff's criminal sentencing, if updates are announced in time to add them to the Amended Complaint.

Again, these resources are optional, but hopefully help clarify anything that was not previously clear to you as you work on your response, if you will not contact me directly.

Please note: If Apple does not file an Answer on time and continues to not acknowledge this lawsuit, I plan to file for default judgement with full damages. If this is the case, I will amend my complaint accordingly and serve Apple with default damage calculations. I will be preserving punitive damages at $100M which is the lowest amount I expect to return from a full jury trial on this matter.

Finally, last week, someone broke into my back patio overnight before my first day of work at my new job. They left things in a way that seemed to intend to make it noticeable that someone had trespassed. The only reason I didn't report it to the cops is because I didn't want to be late to work on my first day. If the trespassing was Apple, Apple must cease and desist immediately. If this was someone working at the direction/influence of Apple, then Apple needs to send Apple's own cease and desist to them. If it happens again, without any clear evidence that it wasn't Apple, I will report it to the cops & FBI (again) and also add it to the Amended Complaint.

Respectfully,
-Ashley

—
Ashley M. Gjøvik

## Gjovik v. Apple, Inc., Case No. 23-cv-4597

From: Perry, Jessica R. <jperry@orrick.com>
To: legal@ashleygjovik.com
CC: Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com>
Date: Thursday, October 5th, 2023 at 8:40 PM

Dear Ms. Gjovik,

We represent Apple, Inc. in the matter *Gjovik v. Apple, Inc.*, Case No. 23-cv-4597, in the United States District Court for the District of Northern California.

Please direct all future correspondence about this matter to me and my colleagues at Orrick. Our contact information is below.

| | |
|---|---|
| Jessica Perry | jperry@orrick.com |
| Melinda Riechert | mriechert@orrick.com |
| Kathryn Mantoan | kmantoan@orrick.com |
| Kate Juvinall | kjuvinall@orrick.com |
| Ryan Booms | rbooms@orrick.com |

In your email to Mr. Cook and Ms. Adams yesterday, you stated that you "consider Apple served on September 19 2023." We believe this may have been a typo. Apple was personally served on September 21, 2023, as reflected in the Proof of Service of Summons that you filed with the Court on September 22, 2023 (Dkt. No. 8). Thus, Apple's current deadline to file a responsive pleading is October 12, 2023.

We understand from your email that you intend to file an amended complaint and have already begun drafting that complaint, which will contain new and additional allegations. Given that you have indicated your intent to amend your complaint, we believe it will conserve the Court's and the parties' resources if you file your amended complaint first, and then Apple responds to that amended complaint subsequently. We have attached a stipulation to that effect, which would allow you to file your amended complaint on or before October 26 and would require Apple to file its responsive pleading on or before November 16. Please advise if we have your approval to e-sign on your behalf and file.

Thank you,

Jessica

**Jessica R. Perry**

Partner
Employment

> **From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
> **Sent:** Thursday, October 5, 2023 9:06 PM
> **To:** Perry, Jessica R. <jperry@orrick.com>
> **Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
> **Subject:** Re: Gjovik v. Apple, Inc., Case No. 23-cv-4597
>
> Hello Orrick,
>
> Apple was served via CT Corp on September 19 2023, as reflected in my proof of service filing. I additionally served Apple personally on September 21 2023 at VG6 in case Apple planned to contest the CT Corp service, since the papers were refused by CT Corp on September 18 2023 without explanation.
>
> If you would like to contest the September 19 2023 service, please say so directly & detail your reasoning.
>
> I gave notice of my plans to file an amended complaint following a responsive filing only as a courtesy. I am **not** waiving my right under Rule 15 to file an amended complaint following Apple's responsive filing as a matter of course and without Apple's consent.
>
> I am potentially willing to compromise with you on this and file my first amended complaint prior to you filing your response ONLY IF you preserve my right to file a 2nd amended complaint following Apple's responsive filing to my 1st amended complaint, without Apple's consent and as a matter of course.
>
> I do not agree with or consent to the document you drafted. Do not sign my name.

**Gjovik v. Apple, Inc., Case No. 23-cv-4597**

From: Perry, Jessica R. <jperry@orrick.com>
To: legal@ashleygjovik.com
CC: Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com>
Date: Friday, October 6th, 2023 at 5:37 PM

Dear Ms. Gjovik,

We have attached a revised stipulation for your review to address your request that the stipulation include an agreement to your filing a Second Amended Complaint following Apple's initial responsive pleading (should you elect to do so). Please indicate if we have your approval to e-sign the attached stipulation on your behalf.

Should we not be able to reach agreement on the stipulation, I also wanted to respond regarding the currently operative responsive pleading deadline. We have reviewed both certificates of service that you filed (Dkt. No. 7 and Dkt. No. 8) and confirmed that the current deadline is Thursday, October 12.

- Per Dkt. No. 7, the summons and complaint were mailed to CT Corporation on September 15, 2023. Per Dkt. No. 8, a representative of CT Corporation retrieved that mailed package from the post office on September 19, 2023. This attempted service by mail was, on its own, insufficient to set a deadline to respond.

    - FRCP 4(h)(1)(A) – which governs service of a corporation by mail – says that service can be effected in accordance with FRCP 4(e)(1). FRCP 4(e)(1) permits service per the laws of the state where the district court is located, so California methods of service are available.

        - Service by mail is only valid if the defendant is outside California (CCP § 415.40), which is not the case here. Additionally, service would not have been considered complete until 10 days after mailing in any event if made pursuant to this method.

        - Alternatively, to the extent you intended this mailing to request acknowledgement of receipt under CCP § 415.30 as a way to avoid the expense of personal service, service would have not been effective until the date an acknowledgement was executed (which is permitted within 20 days after receipt), and only then would the 21-day deadline to respond to the complaint have been triggered.

    - Alternatively, to the extent you intended the September 15, 2023 mailing to request waiver of service under FRCP 4(d) as a way to avoid the expense of personal service, Apple would have had 30 days after receipt to sign and return the waiver, and 60 days after the request was sent to respond (per FRCP 4(d)(3)).

- Dkt. No. 8 memorializes personal service directly on Apple on September 21, 2023. We do not intend to contest the efficacy of that service, which triggers an earlier responsive pleading deadline than would any of the methods of attempted mail service or waiver (had they been effective).

- Thus, Apple's responsive pleading is currently due October 12, 2023 (21 days after personal service, per FRCP 12(a)(1)(A)(i)).

Thank you,

Jessica

> **Re: Gjovik v. Apple, Inc., Case No. 23-cv-4597**
>
> From  legal@ashleygjovik.com <legal@ashleygjovik.com>
> To    Perry, Jessica R.<jperry@orrick.com>
> CC    Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com>
> Date  Friday, October 6th, 2023 at 7:03 PM
>
> Hello Orrick,
>
> Thank you for the detailed legal citations and explanation for your argument about service. I believe there are service timing exceptions for corporations and their process agents, however I acquiesce to your proposal that your Answer is due on October 12 2023. I am happy to hear you agree Apple was properly served.
>
> As for your proposed stipulation, I decline it as currently worded.
>
> Perhaps I'm missing something, and in which case you can try to clarify, but it still sounds like you are asking me to waive my right to file an amended complaint following Apple filing a Rule 12 and/or 56 Motion. The procedure you propose would result in me filing my first amended complaint, then Apple either filing the answer and/or filing Rule 12/56 Motion(s). Thus, if Apple files a Rule 12/56 Motion(s), your use of the term "*in lieu*" implies I am forced to choose between replying to that motion OR amending my complaint again as a matter of course. Rule 7.3(a) requires I file a response to a motion, thus your proposal seems to prohibit me from being able to file an amended complaint as a matter of course in response to a Motion, or ever again during the trial. It's my understanding that Rule 15 gives me the statutory right to both reply to a Rule 12(b),(c),(e) Motion(s) and also file an amended complaint within 21 days of that Motion - so it sounds like you're asking me to waive my rights.
>
> e.g.,
> *IT IS FURTHER STIPULATED by the Parties that Plaintiff may file a Second Amended Complaint on or before December 21, 2023. If, **however**, Defendant responds to the Amended Complaint with a motion and Plaintiff **decides to oppose that motion in lieu of filing a Second Amended Complaint**, then Plaintiff will file an opposition on or before December 21, 2023, and Defendant will file a reply on or before January 11, 2024.*
>
> I understand it would be more efficient if I could amend my complaint prior to your first answer and I am willing to do so only if I am not forced to waive my rights. As you know, I am only one person who is not a licensed attorney - so in considering amending my complaint before your answer, I'm already agreeing to a extend the deadlines of a very large law firm, and also assign a significant amount of work to myself under a much shorter timeline than I previously expected to do that work.
>
> I was willing to consider doing this to support efficiency and to be collaborative with you, but I will only do it if you revise your stipulation to proposed schedules (without conditions), a pre-consent to a 2nd amended complaint as a matter of course as if the first amended complaint is the original complaint, and no express or implied request for me to waive my existing rights.
>
> -Ashley
>
> —
> **Ashley M. Gjøvik**
> BS, JD, PMP

**Gjovik v. Apple, Inc., Case No. 23-cv-4597**

From: Perry, Jessica R. <jperry@orrick.com>
To: legal@ashleygjovik.com
CC: Mantoan, Kathryn G.<kmantoan@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com>
Date: Monday, October 9th, 2023 at 12:30 PM

Dear Ms. Gjovik:

The intent of the stipulation was not to ask you to waive your right to file an amended complaint, but instead to avoid the inefficiency of Apple responding now to the original (and currently operative) complaint when you have already indicated your intent to amend.

We have revised the proposed stipulation in a further effort to make this clear and eliminate any ambiguity; I have attached both a clean copy of the revised version, and a redline against the version circulated last Friday, October 6.

Please indicate if we have your approval to e-sign the attached stipulation on your behalf and file. Or if there are specific edits you'd like us to consider, please let us know.

Thank you,

Jessica

---

**Re: Gjovik v. Apple, Inc., Case No. 23-cv-4597**

| | |
|---|---|
| From | legal@ashleygjovik.com <legal@ashleygjovik.com> |
| To | Perry, Jessica R.<jperry@orrick.com> |
| CC | Mantoan, Kathryn G.<kmantoan@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com> |
| Date | Monday, October 9th, 2023 at 1:14 PM |

Thank you. I appreciate the red-line.

I'm double checking things and will need to send you a final confirmation, but this version looks much better.

I think we should note in the filing that the meet/confer & ADR timeline set by the judge still works with our adjusted schedule. Maybe it's just adding a brief note, and/or those timelines. (11/16 - meet/confer deadline; 11/30 - case mgmt statement due; 12/7 first hearing).

11/16 will be the deadline for meet/confer and for you to file your initial response. Do you expect those overlapping events to be compatible - can we effectively meet/confer prior to your filing?

Your proposed schedule of the motion response seems compatible with the case mgmt statement deadline & first hearing.

---

**Re: Gjovik v. Apple, Inc., Case No. 23-cv-4597**

| | |
|---|---|
| From | Perry, Jessica R. <jperry@orrick.com> |
| To | legal@ashleygjovik.com |
| CC | Mantoan, Kathryn G.<kmantoan@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com> |
| Date | Monday, October 9th, 2023 at 7:42 PM |

Dear Ms. Gjovik,

Thanks for your emails. For now, we're addressing only the issues you raise that are related to the stipulation and getting it on file. We'll follow-up later regarding the other issues you raised, although I can confirm that Melinda Riechert is one of the Orrick lawyers on this matter.

Regarding the stipulation, we have included some additional tracked changes to reflect that (1) the stipulation does not alter any dates set by the Court; and (2) you may file a Second Amended Complaint on or before December 21 regardless of whether or not it's in response to Apple's motion. Please note that to avoid any confusion, we clarified what we mean by "response" in the stipulation (e.g., an answer, motion, or any other response permitted by the FRCP or Local Rules). Again, we attached a clean and redline version.

Please let us know if we have your consent to sign your name on your behalf and file.

> **Re: Gjovik v. Apple, Inc., Case No. 23-cv-4597**
>
> From: legal@ashleygjovik.com <legal@ashleygjovik.com>
> To: Perry, Jessica R.<jperry@orrick.com>
> CC: Mantoan, Kathryn G.<kmantoan@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Booms, Ryan<rbooms@orrick.com>
> Date: Monday, October 9th, 2023 at 8:00 PM
>
> The version you just sent (v12) looks great.
>
> **You have my consent to e-sign my name to v12 on my behalf, and file that stipulation and proposed order to the court.**

> **Ashley Gjovik v. Apple Inc., Case No. 23-cv-4597-LB, Proposed Order re: Dkt. 9**
>
> From: Juvinall, Kate <kjuvinall@orrick.com>
> To: lbpo@cand.uscourts.gov
> CC: Mantoan, Kathryn G.<kmantoan@orrick.com>, legal@ashleygjovik.com
> Date: Tuesday, October 10th, 2023 at 12:47 PM
>
> Good morning,
>
> Our office represents Apple Inc. in the above-captioned matter, and I've cc'd Ms. Gvojik, who is pro se. We filed a short stipulation and proposed order (attached here as a word document) yesterday evening regarding extending Apple's deadline to respond to the Complaint and to set additional deadlines, including for Ms. Gjovik to file an amended complaint. Apple's deadline to respond to the Complaint would be Thursday, October 12 unless the stipulation is accepted by the Court. Is it possible to have the Court review the stipulation today? We would greatly appreciate it.
>
> Thank you very much,
>
> Kate
>
> Kate Juvinall