1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

11
   Attorneys for Defendant
12 Apple Inc.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17
   ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC
18
                 Plaintiff,                **DEFENDANT APPLE INC.'S REPLY IN
19                                          SUPPORT OF MOTION TO DISMISS
          v.                                PLAINTIFF'S THIRD AMENDED
20                                          COMPLAINT**
   APPLE INC.,
21                                         Dept:     Courtroom 5, 17th Floor
                 Defendant.                Judge:    Honorable Edward M. Chen
22                                         Date:     May 16, 2024
                                           Time:     1:30 p.m.
23

24

25

26

27

28

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:      +1 310 633 2800
Facsimile:      +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:      +1 202 339 8400
Facsimile:      +1 202 339 8500

Attorneys for Defendant
Apple Inc.

4153-1327-8031

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................... 1 |
| II. | NOTHING IN PLAINTIFF'S OPPOSITION UNDERMINES APPLE'S MOTION.................................................................................................... 1 |
| | A. | The TAC is Not a "Short and Plain Statement.".................................. 1 |
| | B. | Plaintiff's Allegations in Her Now-Superseded Complaints Remain Relevant............................................................................................ 1 |
| | C. | First Claim: Plaintiff's RICO Claim Fails Despite Efforts to Repackage It. ......... 2 |
| | D. | Second and Third Claims: Plaintiff's SOX and Dodd-Frank Claims Fail to Allege Protected Activity.................................................................. 4 |
| | E. | Fourth Claim: Plaintiff's Nuisance Claim Should Be Significantly Pared Back.................................................................................................... 5 |
| | F. | Fifth Claim: The Alleged Activities Are Not Ultrahazardous Under the Law.................................................................................................... 7 |
| | G. | Sixth and Seventh Claims: The Bane and Ralph Act Claims Fail Rule 8(a). ......... 9 |
| | H. | Eighth Claim: Plaintiff's Section 1102.5 Claim Does Not Provide Fair Notice. ................................................................................................ 10 |
| | I. | Ninth Claim: Plaintiff's Section 98.6 Claim Should Be Dismissed in Part. ......... 11 |
| | J. | Twelfth Claim: Plaintiff's Pleading Concedes At-Will Employment.................. 12 |
| | K. | Thirteenth Claim: Plaintiff Does Not State a Claim for IIED.............................. 13 |
| | L. | Fourteenth Claim: Plaintiff Does Not State a Claim for NIED. .......................... 14 |
| | M. | Fifteenth Claim: Plaintiff Fails to Allege Standing Under the UCL.................... 15 |
| III. | CONCLUSION .................................................................................... 15 |

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Federal Cases**

4

*Al-Ahmed v. Twitter, Inc.*,
5
   603 F. Supp. 3d 857 (N.D. Cal. 2022) ................................................................. 1

6

*Banko v. Apple Inc.*,
   20 F. Supp. 3d 749 (N.D. Cal. 2013) ................................................................. 13
7

*Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*,
8
   2022 WL 80265 (S.D. Cal. Jan. 7, 2022) ........................................................... 11

9

*Dias v. Sky Chefs, Inc*,
   919 F.2d 1370 (9th Cir. 1990), *cert. granted, judgment vacated*, 501 U.S. 1201
10
   (1991), *and abrogated by Edmonson v. Leesville Concrete Co.*, 500 U.S. 614
11
   (1991) ................................................................................................................. 14

12

*Digital Realty Trust, Inc. v. Somers*,
   583 U.S. 149 (2018) ............................................................................................. 5
13

*Erhart v. Bofi Holding, Inc.*,
14
   2016 WL 5369470 (S.D. Cal. Sept. 26, 2016) .................................................... 5

15

*Erhart v. Bofi Holding, Inc.*,
16
   612 F. Supp. 3d 1062 (S.D. Cal. 2020) ............................................................ 10

17

*Greenfield MHP Assocs., L.P. v. Ametek, Inc.*,
   145 F. Supp. 3d 1000 (S.D. Cal. 2015) .............................................................. 8
18

19

*James v. PC Matic, Inc.*,
   2023 WL 4291668 (C.D. Cal. May 17, 2023) .............................................. 10, 11

20

*Jones v. Thyssenkrupp Elevator Corp.*,
21
   2006 WL 680553 (N.D. Cal. Mar. 14, 2006) ................................................. 3, 12

22

*Lee v. S. of Mkt. Health Ctr.*,
   2020 WL 2219032 (N.D. Cal. May 7, 2020) .................................................... 14
23

*Libman v. United States*,
24
   2022 WL 18284664 (C.D. Cal. Dec. 1, 2022) .................................................. 10

25

*McKenna v. WhisperText*,
26
   2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) .................................................... 2

27

*Mocha Mill, Inc. v. Port of Mokha, Inc.*,
   2019 WL 1048252 (N.D. Cal. Mar. 5, 2019) ..................................................... 4
28

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Morales v. City & Cnty. of San Francisco*,

4

603 F. Supp. 3d 841 (N.D. Cal. 2022) ....................................................................... 1

5

*Nguyen v. JP Morgan Chase Bank*,
2012 WL 294936 (C.D. Cal. Feb. 1, 2012)................................................................ 3

6

*Phigenix, Inc. v. Genentech Inc.*,

7

2019 WL 2579260 (N.D. Cal. June 24, 2019) .......................................................... 1

8

*Schwartzman, Inc. v. Gen. Elec. Co.*,

9

848 F. Supp. 942 (D.N.M. 1993) .............................................................................. 8

10

*Shoval v. Sobzak*,
2009 WL 2780155 (S.D. Cal. Aug. 31, 2009) .......................................................... 9

11

*Smith v. Sabre Corp.*,

12

2018 WL 11420538 (C.D. Cal. Jan. 23, 2018) ......................................................... 2

13

*Spindler v. State Bar of California*,
2020 WL 2559442 (C.D. Cal. Jan. 20, 2020) ........................................................... 9

14

15

*Sybersound Recs., Inc. v. UAV Corp.*,
517 F.3d 1137 (9th Cir. 2008)................................................................................... 2

16

*Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*,

17

334 F. Supp. 3d 1031 (C.D. Cal. 2017)..................................................................... 6

18

*United States v. Raniere*,
384 F. Supp. 3d 282 (E.D.N.Y. 2019) ...................................................................... 4

19

20

*Updike v. Browning-Ferris, Inc.*,
808 F. Supp. 538 (W.D. La. 1992)............................................................................ 8

21

*Wadler v. Bio-Rad Lab'ys, Inc.*,

22

916 F.3d 1176 (9th Cir. 2019)............................................................................... 4, 5

23

*Warrick v. Birdsell*,
278 B.R. 182 (9th Cir. Bankr. 2002)......................................................................... 1

24

25

*Westways World Travel v. AMR Corp.*,
182 F. Supp. 2d 952 (C.D. Cal. 2001)....................................................................... 2

26

*Williford v. Scrivner*,

27

2015 WL 4910246 (E.D. Cal. Aug. 17, 2015) ........................................................ 10

28

- iii -

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

**State Cases**

4

*Alcorn v. Anbro Eng'g, Inc.*,
5
   2 Cal. 3d 493 (1970) ................................................................................................ 13

6

*Alonso v. Hills*,
   95 Cal. App. 2d 778 (1950).......................................................................................... 8

7

*Beck Dev. Co. v. S. Pac. Transp. Co.*,
8
   44 Cal. App. 4th 1160 (1996)....................................................................................... 6

9

*Edwards v. Post Transp. Co.*,
10
   228 Cal. App. 3d 980 (1991)........................................................................................ 8

11

*Grinzi v. San Diego Hospice Corp.*,
   120 Cal. App. 4th 72 (2004) ...................................................................................... 11

12

*Guz v. Bechtel Nat'l Inc.*,
13
   24 Cal. 4th 317 (2000) .............................................................................................. 12

14

*Haggard v. Kimberly Quality Care, Inc.*,
15
   39 Cal. App. 4th 508 (1995)....................................................................................... 13

16

*Halvorsen v. Aramark Unif. Servs.*,
   65 Cal. App. 4th 1383 (1998)..................................................................................... 12

17

*Janken v. GM Hughes Elec.*,
18
   46 Cal. App. 4th 55 (1996) ........................................................................................ 14

19

*Jones v. Union Pac. R.R. Co.*,
20
   79 Cal. App. 4th 1053 (2000)....................................................................................... 6

21

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011) .............................................................................................. 15

22

*Light v. Dep't of Parks & Recreation*,
23
   14 Cal. App. 5th 75 (2017)........................................................................................ 13

24

*Luthringer v. Moore*,
   31 Cal. 2d 489 (1948) ................................................................................................. 7

25

*M.F. v. Pac. Pearl Hotel Mgmt. LLC*,
26
   16 Cal. App. 5th 693 (2017)....................................................................................... 14

27

*SKF Farms v. Superior Court*,
28
   153 Cal. App. 3d 902 (1984)........................................................................................ 8

- iv -

APPLE'S REPLY ISO MOT. TO DISMISS
CASE NO. 23-CV-4597-EMC

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*T & E Indus., Inc. v. Safety Light Corp.*,
  123 N.J. 371 (1991) ........................................................................................... 8

5

*Travelers Indem. Co. v. City of Redondo Beach*,
  28 Cal. App. 4th 1432 (1994) ............................................................................ 8

6

7

*Yu v. Univ. of La Verne*,
  196 Cal. App. 4th 779 (2011) ........................................................................... 12

8

**Federal Statutes**

9

18 U.S.C. § 1514A(a)(1) ............................................................................................. 5

10

**State Statutes**

11

Cal. Bus. & Prof. Code § 17203 ............................................................................... 15

12

Cal. Bus. & Prof. Code § 17204 ............................................................................... 15

13

Cal. Civ. Code § 51.7 .................................................................................................. 9

14

Cal. Civ. Code § 52.1 ............................................................................................. 9, 10

15

Cal. Code Civ. Proc. § 335.1 ...................................................................................... 7

16

Cal. Code Civ. Proc. § 340.8 ...................................................................................... 7

17

**Rules**

18

Federal Rule of Civil Procedure 8(a) ...................................................................... 1, 9

19

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 5

20

Federal Rule of Civil Procedure 12(f) ........................................................................ 5

21

22

23

24

25

26

27

28

1    I.      **INTRODUCTION**

2         Apple moved to dismiss most of the claims in Plaintiff's sprawling Third Amended

3    Complaint ("TAC"). Much like the TAC itself, Plaintiff's Opposition is difficult to follow,

4    duplicative, and often fails to address the relevant issue—in this context, whether Plaintiff has

5    alleged facts that would entitle her to relief under the laws she seeks to assert. Plaintiff's pleadings,

6    briefing, and online presence underscore her dislike of Apple; however, that generalized animus is

7    no substitute for adequately pleading and alleging actionable legal claims. Apple's Motion should

8    be granted in its entirety, and Plaintiff's arguments in opposition rejected.[1]

9    II.     **NOTHING IN PLAINTIFF'S OPPOSITION UNDERMINES APPLE'S MOTION.**

10         A.      **The TAC is Not a "Short and Plain Statement."**

11         Plaintiff devotes two scant paragraphs of her Opposition to Rule 8(a)'s "short and plain

12   statement" requirement. *See* Opp. ¶¶17-18. But the generalized citations she includes do not alter

13   the requirement that a complaint must "'be presented with clarity sufficient to avoid requiring a

14   district court or opposing party to forever sift through its pages in search' of the nature of the

15   plaintiff's claim," as this Court has already held. Dkt. 46 at 2 (quoting *Glover v. FDIC*, 698 F.3d

16   139, 147 (3d Cir. 2012)). Plaintiff's TAC continues to fail to satisfy the applicable Rule 8(a)

17   standard and, as a result, does not give Apple or the Court fair notice of what is actually at issue.

18         B.      **Plaintiff's Allegations in Her Now-Superseded Complaints Remain Relevant.**

19         Contrary to Plaintiff's understanding, on a motion to dismiss "'[t]he Court does not ignore

20   the prior allegations in determining the plausibility of the current pleadings' and is 'not required to

21   accept as true [contradictory] allegations in an amended complaint' without more facts." *Morales*

22   *v. City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 846-48 (N.D. Cal. 2022) (quoting *Stanislaus*

23   *Food Prod. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011)). Plaintiff

---

24   [1] The morning of April 16, Plaintiff filed three "declarations in opposition" to Apple's pending
25   Motion to Dismiss, Motion to Strike, and Request for Judicial Notice. *See* Dkts. 55, 56, 57. The
     Court should not consider these untimely, improper filings in connection with the present matters.
26   *See Phigenix, Inc. v. Genentech Inc.*, 2019 WL 2579260, at *6 n.5-6 (N.D. Cal. June 24, 2019)
     (declining to consider "additional, untimely declaration in opposition" filed by *pro se* party "on the
27   day of [the] reply deadline"); *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. Bankr. 2002) (*pro se*
     litigant not excused from requirement to understand and follow bankruptcy court rules, particularly
28   in light of fact that she held law degree and also ran paralegal firm); *Al-Ahmed v. Twitter, Inc.*, 603
     F. Supp. 3d 857, 871 (N.D. Cal. 2022).

APPLE'S REPLY ISO MOT. TO DISMISS
CASE NO. 23-cv-4597-EMC

may not hide from her previously pled allegations cited in Apple's Motion; such allegations do not "simply disappear because [they do not] appear in this version of the case." *Smith v. Sabre Corp.*, 2018 WL 11420538, at *3 (C.D. Cal. Jan. 23, 2018) (where plaintiff omitted previously pled affirmative admission from complaint, court considered admission in granting motion to dismiss); *McKenna v. WhisperText*, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (despite allegations being deleted from amended complaint, granting motion to dismiss where deficiency of claims was "undeniable from [plaintiff's] previous allegations"). The Court should consider any prior allegation that contradicts the TAC without explanation or renders a claim in the TAC implausible.

**C.**    **First Claim: Plaintiff's RICO Claim Fails Despite Efforts to Repackage It.**

Plaintiff spends several pages of her Opposition attempting to re-plead her RICO claim. *See* Opp. ¶¶53-61. Even in repackaged form, however, her claim fails. She still fails to state a Section 1962(a) claim because she does not allege "facts tending to show that … she was injured by the use or investment of racketeering income." *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008) (quoting *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992)). Plaintiff must allege that "the investment of racketeering income was the proximate cause of [her] injury." *Id.* "Reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation." *Id.* Otherwise, "almost every pattern of racketeering activity by a corporation would be actionable under § 1962(a), and the distinction between § 1962(a) and § 1962(c) would become meaningless." *Westways World Travel v. AMR Corp.*, 182 F. Supp. 2d 952, 960 (C.D. Cal. 2001) (citation omitted). Plaintiff cannot simply allege that she was injured by a predicate act; she must allege she was directly injured by the investment of the proceeds resulting from that act. *See Sybersound*, 517 F.3d at 1150; *id.* at 1449 (plaintiff must allege "injury separate and distinct from the injuries incurred from the predicate act itself"). Here, each injury alleged by Plaintiff would have been incurred because of the alleged predicate acts themselves (*see* Opp. ¶¶53-54 (citing TAC ¶¶110, 163, 180, 182-83, 188, 237, 240, 251)), and thus she has not stated a Section 1962(a) claim.

As for her Section 1962(c) and (d) claims, Plaintiff's Opposition improperly presents new allegations absent from the TAC—in particular, regarding additional alleged enterprise members:

APPLE'S REPLY ISO MOT. TO DISMISS
CASE NO. 23-cv-4597-EMC

- "Apple conduct[ed] a third-party vendor … to assist Defendant in falsifying Defendant's manifest paperwork." Opp. ¶55.
- Apple "conspire[d] with and capture[d] the interests of the police to ensure the police do not investigate Defendant's other racketeering activities." *Id.* ¶58.
- Apple "conspired with" law firms and lawyers and "paid [them] to harass, intimidate, and coerce [ ] witnesses." *Id.*
- Apple "conspired with parties (including agreements with employees, ex-employees, and agents…) to intimidate [Plaintiff] with a goal of interfering with [Plaintiff]'s testimony and production of evidence to federal agencies…" *Id.* ¶59.

The Court should not consider Plaintiff's attempt to repackage her claim via briefing. *See Nguyen v. JP Morgan Chase Bank*, 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012) (a "[p]laintiff cannot defend against a motion to dismiss by relying on new allegations in [its] opposition that are absent from the current complaint"); *Jones v. Thyssenkrupp Elevator Corp.*, 2006 WL 680553, at *2 (N.D. Cal. Mar. 14, 2006) (citing *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)) ("court may not consider new allegations and exhibits contained in the plaintiff's opposition" in evaluating sufficiency of pleading). In any event, Plaintiff's revamped RICO claim still suffers from many of the same flaws detailed in Apple's Motion, along with several new flaws.

In response to Apple's Motion, Plaintiff contends that "[t]he Association-as-Enterprise does not seem to be an issue" because she believes she (1) alleged two predicate acts that involve non-Apple entities; and (2) identified a string of other alleged enterprise members. Opp. ¶48. Two issues remain. ***First***, as Apple explained in its Motion, the two predicate acts involving non-Apple members are inadequately pled. *See* Mot. at 7. One of the predicate acts (bribery) is completely unrelated to the alleged scheme (*see id.*), and Plaintiff makes no effort in her Opposition to argue otherwise (setting aside her attempt to allege new facts that, even if considered on a motion to dismiss, would not raise an inference of plausibility (*see* Opp. ¶58)). The other predicate act (tampering) alleges isolated conduct by a non-Apply entity (*see* Mot. at 7); again, Plaintiff's only response is to manufacture new allegations that, in any event, would not salvage her claim (*see* Opp. ¶59). ***Second***, the TAC lacks detail as to the role the other alleged enterprise members (stacked

up in a string cite in TAC ¶120) allegedly played in planning or executing the fraudulent scheme alleged by Plaintiff. Mot. at 7. Again, Plaintiff does not challenge this argument and instead crafts new allegations in opposition (*see, e.g.*, Opp. ¶¶55, 58), none of which remedies this deficiency.

Moreover, Plaintiff appears to concede that she has not alleged other "victims" of Apple's purported scheme and instead argues—citing *United States v. Raniere*, 384 F. Supp. 3d 282 (E.D.N.Y. 2019)—that such an allegation is not required. *See* Opp. ¶¶49-51. Plaintiff claims that one of the defendants in *Raniere* "asked the US government a similar thing … Apple asks now" and that "the Courts and government responded to Raniere that kind of information has 'no bearing on whether the alleged victims were so directed or threatened.'" *Id.* ¶51. But Plaintiff misconstrues the quoted passage from *Raniere*, which involved whether that defendant could invoke the *Brady* doctrine to require the Government to disclose statements by individuals who **were not** harmed by defendant. *See* 384 F. Supp. 3d at 325. Here, to establish a pattern of racketeering in her civil RICO claim, Plaintiff must allege that others similarly situated to her **were** harmed by Apple. *Mocha Mill, Inc. v. Port of Mokha, Inc.*, 2019 WL 1048252, at *10 (N.D. Cal. Mar. 5, 2019) ("[A]ctivity … involving a single victim, with a singular goal, cannot sustain a RICO claim."). *Raniere* illustrates this very point; there, the Government adequately stated Section 1962(c) and (d) claims where it accused defendants of harming *many* victims. 384 F. Supp. 3d at 295, 302. Plaintiff's Section 1962(c) and (d) allegations—which allege no other "victim"—fail to state a claim.

### D.  <u>Second and Third Claims: Plaintiff's SOX and Dodd-Frank Claims Fail to Allege Protected Activity.</u>

Plaintiff appears to contend that her SOX and Dodd-Frank claims should survive because they involve what she deems "a very similar fact pattern" to *Wadler v. Bio-Rad Lab'ys, Inc.*, 916 F.3d 1176 (9th Cir. 2019). *See* Opp. ¶38. Not so. In *Wadler*, the plaintiff alleged that he was terminated for reporting that the defendant had violated, among other things, a Foreign Corrupt Practices Act ("FCPA") books-and-records provision. 916 F.3d at 1182. The defendant conceded that the FCPA provision was *also* an SEC regulation; as a result, the Court found that a properly instructed jury could have found that the plaintiff was terminated for reporting conduct which he reasonably believed violated a SOX-enumerated provision (specifically, "any rule or regulation of

- 4 -

the [SEC]"). *See id.* at 1185-88; *see also* 18 U.S.C. § 1514A(a)(1) (SOX-covered complaint must concern conduct plaintiff "reasonably believes constitutes a violation of" defined laws and regulations related to securities). Unlike in *Wadler*, here Plaintiff fails to allege that she reported conduct that she reasonably believed amounted to a violation of a SOX-enumerated provision. *See* Mot. at 9-13. While Plaintiff may believe Apple should have conducted itself differently in certain ways, SOX "does not protect an employee from harassment for reporting any believed violation of law." *Erhart v. Bofi Holding, Inc.*, 2016 WL 5369470, at *10 (S.D. Cal. Sept. 26, 2016).

Regarding Dodd-Frank, *Wadler* supports Apple's position. There, the Ninth Circuit instructed the district court to enter judgment in favor of the defendant as to the Dodd-Frank claim in light of *Digital Realty Trust, Inc. v. Somers*, 583 U.S. 149 (2018). *Wadler*, 916 F.3d at 1182. Under *Digital Realty*, a plaintiff seeking Dodd-Frank protection must have "provid[ed] ... information relating to a violation of the securities laws to the [SEC]." 583 U.S. at 153 (quoting 15 U.S.C. § 78u-6(a)(6)). Plaintiff did not do so. *See* Dkt. 50, Ex. A (Plaintiff's Aug. 29, 2021 SEC Submission); *see also* Mot. at 11, 13. She makes no effort in her Opposition to explain how her SEC Submission regarding alleged "conflicts of interest" was grounded in a concern about fraud against shareholders (as required by Dodd-Frank), as opposed to a concern about potentially compromised workplace safety; her Dodd-Frank claim should be dismissed accordingly.[2]

**E.       Fourth Claim: Plaintiff's Nuisance Claim Should Be Significantly Pared Back.**

The TAC attempts to allege a nuisance claim premised on activities at two different locations—Plaintiff's Apple office (825 Stewart) and a separate Apple manufacturing facility (3250 Scott Boulevard)—as well as on two different legal bases—private nuisance and nuisance *per se*. *See* TAC ¶¶173-182. In essence, her Fourth Claim is itself four claims in one. Only one of the four sub-claims should survive; Apple has not moved to dismiss the private nuisance claim related to the 3250 Scott Boulevard manufacturing facility.[3]

---

[2] Tellingly, Plaintiff opposed Apple's request that the Court take notice of her own SEC Submission (even though she had previously asked the Court to do just that). Plaintiff presumably understands that her SEC Submission does not qualify as protected activity under SOX or Dodd-Frank; otherwise, Plaintiff would likely not have opposed the request and would have instead used her Opposition to highlight the portions of her SEC Submission that she believes support a claim.

[3] As set forth in Apple's concurrently filed reply in support of its Motion to Strike, the Court can eliminate portions of this claim under either Rule 12(b)(6) or Rule 12(f). As for Plaintiff's private

Apple moved to dismiss Plaintiff's private nuisance claim related to 825 Stewart because Plaintiff does not have standing to sue for damages related to the workplace her employer rented. *See* Mot. at 13 (citing *Barrous v. BP P.L.C.*, 2011 WL 4595205, at *6 (N.D. Cal. Oct. 3, 2011)). And Apple moved to dismiss Plaintiff's nuisance *per se* claim related to 825 Stewart because the fact that Apple leased office space at that location—which Plaintiff alleges sits atop a Superfund site—is not the type of activity that the law has declared "a nuisance by its very existence." *Id.* at 13-14 (citing *Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*, 334 F. Supp. 3d 1031, 1055 (C.D. Cal. 2017)). Plaintiff's Opposition does not address these arguments, leaving Apple's Motion as to both private nuisance and nuisance *per se* claims at 825 Stewart unopposed.

Apple also moved to dismiss Plaintiff's claim related to 3250 Scott Boulevard to the extent she seeks to allege nuisance *per se*. Under California law, a nuisance *per se* claim is proper only where "the object, substance, activity or circumstance at issue [has been] expressly declared to be a nuisance by its very existence by some applicable law." *Tesoro Ref. & Mktg. Co. LLC*, 334 F. Supp. 3d at 1055 (quoting *Beck Dev. Co. v. S. Pac. Transp. Co*., 44 Cal. App. 4th 1160, 1207 (1996)). As in *Tesoro*, Plaintiff here fails to point to any statute that declares a manufacturing facility "a nuisance by its very existence"; her citations to cases interpreting other states' laws (*see* Opp. ¶29) are inapposite, and in any event, allegations introduced for the first time in briefing cannot salvage her deficient pleading. *Compare* TAC ¶¶176-177 (attempting to ground nuisance *per se* claim on allegation that Apple violated various general environmental statutes) *with Jones v. Union Pac. R.R. Co*., 79 Cal. App. 4th 1053, 1068-69 (2000) (emphasizing that a plaintiff "must point to a statutory provision that declares [the defendant's] alleged conduct a nuisance," and rejecting generalized citation to environmental statutes like Cal. Health & Safety Code § 41700); *Beck*, 44 Cal. App. 4th at 1208 (rejecting attempt to ground nuisance *per se* claim on alleged Cal. Water Code § 13050 violation, as that provision "does not declare the circumstances existing on the property to be a nuisance without the need for further inquiry"). Apple's Motion should be granted and Plaintiff's Fourth Claim pared back.

---

nuisance allegations regarding 3250 Scott Boulevard (which Apple is not moving to dismiss or strike at the pleading stage), Apple will respond as appropriate at later stages of this proceeding.

APPLE'S REPLY ISO MOT. TO DISMISS
CASE NO. 23-CV-4597-EMC

**F.**      **Fifth Claim: The Alleged Activities Are Not Ultrahazardous Under the Law.**

Plaintiff alleges Apple is liable for what she deems "ultrahazardous activities"—namely, renting office space located on a Superfund site subject to an EPA remediation plan for which a third party is responsible, and operating a semiconductor manufacturing facility. But this claim fails because it was not timely filed within the two-year statute of limitations (thus barring the claim as it relates to her office), and in any event, the activities at issue are not "ultrahazardous activities" under California law. *See* Mot. at 14-17; *accord Luthringer v. Moore*, 31 Cal. 2d 489, 500 (1948) (doctrine of strict liability exists only because "certain activities under certain conditions may be so hazardous to the public generally, and of such relative infrequent occurrence, that it may well call for strict liability as the best public policy"). Although Plaintiff may herself object to these alleged practices or may personally believe they are environmentally unsound, they are not ones California law deems "ultrahazardous" as a matter of law. Plaintiff's arguments in opposition do not undermine any of these points.

First, Plaintiff opposes Apple's argument that her ultrahazardous activity claim is time-barred, arguing that Apple "fails to explain how a statute of limitations could be facially expired if the statute of limitations is two years." Opp. ¶28. Plaintiff appears to believe that because Apple terminated her employment on September 9, 2021 (*see* TAC ¶¶101-105) and she filed her initial complaint in this matter on September 7, 2023, any and all claims with a two-year statute of limitations (including this claim (*see* Cal. Code Civ. Proc. §§ 335.1, 340.8)) are timely. Opp. ¶28. Not so. The time for a plaintiff to bring suit begins to run when each specific cause of action accrues, and Plaintiff alleges in the TAC that she knew of the Superfund site and sustained injuries more than two years prior to filing. *See, e.g.*, TAC ¶¶35, 51-52. Given these allegations, the date she was terminated from Apple is immaterial and dismissal of any portion of this claim related to the Superfund site is proper.

Plaintiff next argues that "ample legal precedent" establishes that "Superfund sites" and "semiconductor fabrication facilities … can [ ] be Ultrahazardous Activities." Opp. ¶31. She cites none of this supposedly "ample" on-point authority in her Opposition. On the contrary, Apple's authorities make clear that that neither leasing an office at a Superfund site nor operating a

APPLE'S REPLY ISO MOT. TO DISMISS
CASE NO. 23-cv-4597-EMC

manufacturing facility is ultrahazardous under California law. *See* Mot. at 14-17. While Plaintiff attempts to dismiss these authorities by labelling them "hazardous materials cases" (*see* Opp. ¶31), they are readily applicable and demonstrate that common industrial and manufacturing activities are not "ultrahazardous." *See, e.g.*, *Greenfield MHP Assocs., L.P. v. Ametek, Inc*., 145 F. Supp. 3d 1000, 1010 (S.D. Cal. 2015) (use of solvents at industrial site not ultrahazardous); *Schwartzman, Inc. v. Gen. Elec. Co*., 848 F. Supp. 942, 945 (D.N.M. 1993) (applying New Mexico law) (use of hazardous material and petroleum products at industrial facility not ultrahazardous, as evidenced by the fact that "the premise of many environmental laws … is that proper handling and disposal of these materials minimizes or eliminates the risk of their use"). Plaintiff's authorities regarding activities courts have deemed "ultrahazardous," by contrast, are distinguishable. *See Alonso v. Hills*, 95 Cal. App. 2d 778, 783 (1950) (cited in Opp. ¶34) ("[b]lasting in populated surroundings"); *T & E Indus., Inc. v. Safety Light Corp*., 123 N.J. 371, 394 (1991) (applying New Jersey law) (cited in Opp. ¶35) (processing and disposal of radioactive radium in an "urban setting").

Finally, Plaintiff argues that "[a]bility to mitigate … can be easily outweighed" when assessing whether an activity is ultrahazardous. Opp. ¶32. But courts hold that activities whose associated risks "can be avoided through the exercise of reasonable care" are not "ultrahazardous." *Greenfield MHP Assocs., L.P*., 145 F. Supp. 3d at 1010. Because Plaintiff alleges that Apple could have (but, in her view, failed to) mitigate the harms she claims she suffered (*see* TAC ¶¶51, 67, 117, 147 179), she has necessarily alleged facts that, accepted as true at the pleading stage, illustrate that the underlying activities are not "ultrahazardous" ones to which strict liability attaches. Her authorities are not to the contrary. *See, e.g.*, *Updike v. Browning-Ferris, Inc*., 808 F. Supp. 538, 541 (W.D. La. 1992) (applying Louisiana law) (cited in Opp. ¶33) (distinguishing "ultrahazardous activities" from "inherently dangerous activities" precisely because only the latter are unlikely to injure if "special precautions are taken"). Because Plaintiff alleges that the conduct she deems "ultrahazardous" could have been mitigated, her strict liability claim fails.[4]

---

[4] Although some California cases have found it inappropriate on demurrer to determine whether an alleged activity is ultrahazardous (*see, e.g.*, *Travelers Indem. Co. v. City of Redondo Beach*, 28 Cal. App. 4th 1432, 1444 (1994); *SKF Farms v. Superior Court*, 153 Cal. App. 3d 902, 906 (1984)), others hold that "whether an activity is an ultrahazardous activity is a question of law for court decision." *Edwards v. Post Transp. Co*., 228 Cal. App. 3d 980, 983 (1991). In any event,

1

**G.      Sixth and Seventh Claims: The Bane and Ralph Act Claims Fail Rule 8(a).**

2        Plaintiff seeks to stave off dismissal of her Bane Act and Ralph Act claims by suggesting

3   Apple has asked the Court to impose a "heighted [*sic*] pleading standard requiring the equivalent

4   of an indictment." Opp. ¶42. But Plaintiff is required to satisfy Rule 8(a) with respect to every claim

5   she alleges; this requires "sufficient allegations of underlying facts to give fair notice and to enable

6   the opposing party to defend itself effectively." *Spindler v. State Bar of California*, 2020 WL

7   2559442, at *11 (C.D. Cal. Jan. 20, 2020) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

8   2011)) (dismissing Bane Act claim for failure to comply with Rule 8(a)); *Shoval v. Sobzak*, 2009

9   WL 2780155, at *3 (S.D. Cal. Aug. 31, 2009) (same). The TAC does not provide such fair notice.

10       For example, Plaintiff alleges that "Apple" threatened, intimidated, and coerced her, but she

11  fails to identify any Apple employee(s) who engaged in the alleged conduct. *See* Mot. at 17 (citing

12  TAC ¶¶107-08, 110, 188-89). In her Opposition, Plaintiff points to three allegations involving

13  named Apple employees. Opp. ¶43. Two allegations are from her RICO cause of action (*see* TAC

14  ¶¶137, 139), one is from her IIED cause of action (*see* TAC ¶247), and none support a Bane Act or

15  Ralph Act claim. *First*, she cites TAC ¶137, alleging that an Apple employee "tried to delete, and

16  did get deleted, Gjovik's posts and filings." It is unclear to Apple how the alleged conduct amounts

17  to a "threat, intimidation, or coercion," as is required under the Bane Act, or to a threat of violence,

18  as is required under the Ralph Act. *Second*, she cites TAC ¶139, alleging that an Apple employee

19  made comments about Plaintiff, none of which amount to a threat of violence, as is required under

20  either act. *See* Cal. Civ. Code § 52.1(k) ("Speech alone is not sufficient" to state a claim under the

21  Bane Act unless "the speech itself threatens violence against a specific person[.]"); Cal. Civ. Code

22  § 51.7 (Ralph Act affords freedom from "any violence, or intimidation by threat of violence").

23  *Third*, she cites TAC ¶247, alleging "witness intimidation and harassment" by an Apple

24  employee—but this is too vague and conclusory to support a claim.

25       Plaintiff insists that it "sound[s] like [a] question[] for a jury" to decide whether her

26  allegations of "threat, intimidation, or coercion" (under the Bane Act) and "violence, or

27
_____
dismissal is appropriate here given that Plaintiff has alleged that the activities of which she
28  complains could have been made safe through the measures she believes are appropriate, which
     would render them not "ultrahazardous" as a matter of law.

intimidation by threat of violence" (under the Ralph Act) can form the basis of a claim. Opp. ¶46. Plaintiff thus ignores the many cases cited in Apple's Motion where a court decided the question on a motion to dismiss. *See* Mot. at 17-20. She cites three cases to support her argument (*see* Opp. ¶46 n.4); two did not involve the Bane Act or Ralph Act, and the third supports dismissal. *See Williford v. Scrivner*, 2015 WL 4910246, at \*5 (E.D. Cal. Aug. 17, 2015) (dismissing Bane Act claim where "[p]laintiff's factual allegations do not support a claim that [defendant's] conduct rose to the level of a threat, intimidation or coercion").

Finally, without citing any case law, Plaintiff also contends that, to state a Bane Act claim, "the threats do not have to actually interfere with the right." Opp. ¶45. This argument contradicts the plain language of the statute, which prohibits "interfere[nce] by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1; *see also Libman v. United States*, 2022 WL 18284664, at \*18 (C.D. Cal. Dec. 1, 2022) (dismissing Ralph Act claim where plaintiff did not "indicate what legal right [defendant] sought to interfere with"). Plaintiff's Bane Act and Ralph Act claims should be dismissed for failure to state a claim.

### H.    Eighth Claim: Plaintiff's Section 1102.5 Claim Does Not Provide Fair Notice.

Plaintiff attempts to avoid dismissal of this claim by asserting that Section 1102.5 has "sweeping breadth." Opp. ¶72 (quoting *Erhart v. BofI Holding, Inc*., 612 F. Supp. 3d 1062, 1108 (S.D. Cal. 2020)). But the cited *Erhart* decision makes clear that a Section 1102.5 claim must be predicated on a complaint of "reasonably based suspicions" of "violations of a state or federal statute or a local, state, or federal regulation." 612 F. Supp. 3d at 1108 (citations and internal quotation marks omitted). In other words, a plaintiff only states a Section 1102.5 claim where she tethers the retaliation she alleges to one or more complaints regarding specific statutory or regulation violations, and also alleges facts that show she "reasonably" believed those violations were occurring. *See, e.g.*, *James v. PC Matic, Inc.*, 2023 WL 4291668, at \*13 (C.D. Cal. May 17, 2023) (detailing "specificity" required to state a Section 1102.5 claim) (collecting cases).

Plaintiff's allegations lack the required "specificity." For example, she claims to have

"provided information" to various agencies "about Apple's violations of labor and employment laws" and "violations of environmental and safety laws," but does not specify what laws she believed Apple was violating or what "reasonable cause" she had to believe Apple violated those unspecified "laws." TAC ¶¶208, 210. She alleges that she "protest[ed] the Gobbler application" but does not allege to whom those complaints were made. *Id.* ¶209. And she alleges that she "refused to engage in unlawful acts including participating in Apple's obstruction of justice, violations of environmental law, and Apple's unlawful surveillance and AI data collection" and "refused to help Apple in its efforts to conceal and obstruct investigations and reporting of employee complaints," but does not specify what acts she reasonably believed amounted to unlawful obstruction or surveillance. *Id.* ¶¶211-12. These allegations lack the requisite "specificity" to "adequately put [Apple] on notice of the protected activity for which [it] allegedly subjected Plaintiff to an adverse employment action." *James,* 2023 WL 4291668, at *14; *see also Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2022 WL 80265, at *4 (S.D. Cal. Jan. 7, 2022) (citation to "a whole statutory framework" insufficient to give defendant "fair notice" of basis for Section 1102.5 claim).

Plaintiff argues that it is "disingenuous" for Apple to move to dismiss Plaintiff's ill-formed and scattershot claim because she contends "Apple is aware of the facts" (Opp. ¶¶73-74)—essentially insisting, "You know what you did." But litigants who bring claims in court are required to give the defendants they sue fair notice of what, specifically, they claim was unlawful—in this case, what specific protected activity Plaintiff claims led Apple to take adverse action against her. She must set forth those allegations in her complaint, not in legal briefing or oblique reference to other proceedings. *See Cleveland*, 2022 WL 80265, at *4 ("improper" to attempt additional detail in opposition). She has not done so, and her Section 1102.5 claim should be dismissed.

## I.      Ninth Claim: Plaintiff's Section 98.6 Claim Should Be Dismissed in Part.

Plaintiff contends that her Section 98.6 claim, to the extent premised on an alleged violation of Section 96(k), should survive dismissal because Section 96(k) may be invoked whenever "a right protected by the Labor Code or Constitution" is asserted. Opp. ¶20. But Section 96(k) is only applicable where a "recognized constitutional right" is asserted. *Grinzi v. San Diego Hospice Corp*., 120 Cal. App. 4th 72, 86 (2004). Plaintiff conclusorily alleges that she asserted "recognized

constitutional rights" but does not specifically identify any such right. TAC ¶¶215-16. In its Motion, Apple inferred that the TAC referred to free speech rights and argued, under well-established law, "a private employee [like Plaintiff] has no recognized constitutional protection from termination by a private employer [like Apple] based on speech." *See* Mot. at 22 (quoting *Hamilton v. Juul Labs, Inc*., 2020 WL 5500377, at *3 n.5 (N.D. Cal. Sept. 11, 2020)). Despite Plaintiff's speculation to the contrary (*see* Opp. ¶20), the analysis is the same whether she alleges a right under the First Amendment to the United States Constitution or Article 1, Section 2 of the California Constitution. *See Yu v. Univ. of La Verne*, 196 Cal. App. 4th 779, 790 (2011) ("A person's free speech rights under the federal and state constitutions are not infringed unless there is state action.").

Now, in her Opposition, Plaintiff identifies other constitutional rights that she allegedly asserted but did not identify in the TAC. *See* Opp. ¶22. However, on a motion to dismiss, "the court may not consider new allegations … contained in the plaintiff's opposition." *Jones*, 2006 WL 680553, at *2. Because Plaintiff fails to identify a "recognized constitutional right" in the TAC, her Section 98.6 claim fails to the extent it is premised on an alleged violation of Section 96(k).

## J.      Twelfth Claim: Plaintiff's Pleading Concedes At-Will Employment.

Plaintiff alleges breach of an "implied contract" and derivative implied covenant claims, but also that a "signed, written contract" from 2015 established her "employment relationship" with Apple. TAC ¶234. Because she alleged the existence of a "signed, written contract," Apple has asked the Court to take judicial notice of the alleged contract itself (her Offer Letter). Dkt. 50, Ex. B. That alleged contract makes clear that Plaintiff's employment was at-will, such that her termination could not have constituted a breach of contract or breach of any covenant implied in such contract as a matter of law. *See, e.g.*, *Guz v. Bechtel Nat'l Inc*., 24 Cal. 4th 317, 340 n.10 (2000) ("[M]ost cases applying California law, both pre- and post-*Foley*, have held that an at-will provision in an ***express written agreement***, signed by the employee, ***cannot*** be overcome by proof of an implied contrary understanding.") (emphases in original) (collecting cases); *Halvorsen v. Aramark Unif. Servs*., 65 Cal. App. 4th 1383, 1388 (1998) (citing *Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal. App. 4th 620, 630 (1995)) (balancing factors regarding implied-in-fact agreements "have no relevance" where "express at-will agreement preclude[s] the existence of an

1   implied contract requiring good cause for termination"); *Haggard v. Kimberly Quality Care, Inc.*,

2   39 Cal. App. 4th 508, 519-20 (1995) ("written at-will provision" not "'reasonably susceptible' to

3   an interpretation that plaintiff's employment could be terminated only for good cause") (quoting

4   *Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 805 (1990)). Judicial notice of the Offer

5   Letter is proper (for the reasons set forth in Apple's concurrent reply), and taken together with the

6   TAC, demonstrates that Plaintiff's allegations do not support any contract-based claims.

7          Plaintiff cites *Banko v. Apple Inc.* and argues that, because she has incanted the language of

8   that decision in the TAC, she must have stated a claim. *See* Opp. ¶¶26-27 (citing 20 F. Supp. 3d

9   749, 759 (N.D. Cal. 2013)). But unlike Plaintiff here, the plaintiff in *Banko* did not allege that there

10  was a "signed, written contract" establishing his "employment relationship" with Apple that he then

11  asked the Court to disregard. *See* Req. for J. Not. in Supp. of Reply to Mot. to Dismiss, filed

12  herewith, Ex. A (Compl., *Banko v. Apple Inc.*, N.D. Cal. No. 3:13-cv-02977-VC, Dkt. 1 (June 27,

13  2013), ¶83 (no allegation that written contract set forth employment relationship). Because Plaintiff

14  ***does*** allege that a written contract governed her employment, *Banko* is inapposite. Moreover, in

15  *Banko,* the Court agreed that a breach of implied covenant claim predicated on nothing more than

16  alleged breach of contract should be dismissed (*see Banko*, F. Supp. 3d at 760); so too here, both

17  because Plaintiff has not stated any underlying breach of contract claim and, even if she had,

18  because she fails to allege further conduct that would amount to breach of any implied covenant.

19          **K.      Thirteenth Claim: Plaintiff Does Not State a Claim for IIED.**

20          Apple moved to dismiss Plaintiff's IIED claim on several grounds. *See* Mot. at 23-25.

21  Plaintiff's primary argument in opposition is that Apple inappropriately cited to allegations she had

22  previously made in her SAC (*see* Opp. ¶67); that argument is unavailing for the reasons addressed

23  in Section II.B. Plaintiff next argues that California law permits IIED claims "centering around

24  employee retaliation and employment termination." *See id.* ¶68 (citing *Alcorn v. Anbro Eng'g, Inc.*,

25  2 Cal. 3d 493, 498-99 (1970)). But the lone case Plaintiff cites (*Alcorn*) involved racial epithets and

26  a racially-motivated termination that also constituted a violation of the Fair Employment and

27  Housing Act ("FEHA"), bringing it outside the ambit of workers compensation exclusivity. *See* 2

28  Cal. 3d at 496-97; *accord Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 97 (2017)

(IIED claim may be permitted if "actionable conduct also forms the basis for a FEHA violation"). Here, by contrast, Plaintiff alleges routine workplace personnel actions—termination and an investigation into her conduct—which cannot ground a FEHA or IIED claim as a matter of law. *See Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 80 (1996); *Lee v. S. of Mkt. Health Ctr.*, 2020 WL 2219032, at \*7-8 (N.D. Cal. May 7, 2020). Finally, Plaintiff cites *Dias v. Sky Chefs, Inc.* (*see* Opp. ¶69), but that decision was vacated by the U.S. Supreme Court—and in any event, it discussed the application of workers compensation preemption under Oregon (not California) law. *See* 919 F.2d 1370, 1376 (9th Cir. 1990), *cert. granted, judgment vacated*, 501 U.S. 1201 (1991), *and abrogated by Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991).

Plaintiff's IIED claim should be dismissed because the alleged workplace interactions are not the type that can sustain an IIED claim and, even if they were, such a claim would be barred by workers compensation exclusivity. Plaintiff's Opposition does not address Apple's further arguments that her IIED claim is time-barred and impermissibly attempts to hold Apple responsible for the conduct of third parties, and her IIED claim should be dismissed for these reasons as well.

**L.**     **Fourteenth Claim: Plaintiff Does Not State a Claim for NIED.**

Plaintiff appears to assert two separate bases for her NIED claim; her Opposition addresses only one of them. To the extent Plaintiff's NIED claim is premised on her alleged status as a consumer of Apple products, she does not address Apple's argument that an NIED claim cannot be predicated on alleged negligent manufacturing of products. *See* Mot. at 24-25 (citing cases). It thus appears uncontested that dismissal of the NIED claim, to the extent it is predicated on a "consumer emotional distress" theory, is proper.

To the extent Plaintiff's NIED claim is based on alleged conduct during her employment, workers compensation preemption is clear. *See* Mot. at 25 (citing cases). Plaintiff cites no cases to the contrary; in fact, the authorities she cites support Apple's position. *See M.F. v. Pac. Pearl Hotel Mgmt. LLC*, 16 Cal. App. 5th 693, 699 (2017) (cited in Opp. ¶69) (underscoring that "[g]enerally, the right to recover workers' compensation benefits is the exclusive remedy for an employee against an employer for a workplace injury" including injuries predicated on negligence, except for discrimination claims under FEHA [which Plaintiff has not alleged in this case]). Her argument in

1  opposition that "[her] EEOC and DFEH charges filed three weeks prior to her termination will

2  preempt the preemption" (Opp. ¶69) is unintelligible. Her NIED claim should be dismissed.

3  **M.**  **Fifteenth Claim: Plaintiff Fails to Allege Standing Under the UCL.**

4  California's Unfair Competition Law ("UCL") includes a specific standing requirement—

5  namely, that a plaintiff cannot bring a UCL claim unless she has "suffered injury in fact and has

6  lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see*

7  *also id.* § 17203 (relief available to "restore" money or property that defendant "acquired by means

8  of [ ] unfair competition"). A plaintiff who fails to allege that she "lost money or property" has not

9  stated a UCL claim. *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323-24 (2011).

10  Plaintiff's lone cite in her Opposition regarding the UCL is to a federal court decision

11  discussing ***Article III standing*** (requiring injury-in-fact) in a case under Illinois's Biometric

12  Information Privacy Act, which is irrelevant to Plaintiff's ***UCL standing*** (requiring economic loss).

13  *Contrast* Opp. ¶70 (citing *Doe v. Apple Inc.*, 2023 WL 3301795, at *5 (S.D. Ill. May 8, 2023)) *with*

14  *Kwikset Corp.*, 51 Cal. 4th at 324 ("[T]he Proposition 64 requirement that injury be economic

15  renders standing under section 17204 substantially narrower than federal standing under article III,

16  section 2 of the United States Constitution, which may be predicated on a broader range of

17  injuries."). The only economic injury Plaintiff alleges anywhere in her UCL claim is a co-pay she

18  allegedly made to a separate entity (AC Wellness Network LLC). *See* TAC ¶259. But she cites no

19  legal authority for and alleges no facts to support her claim that because she allegedly paid money

20  to AC Wellness Network LLC, she has "lost money or property" to Apple Inc. (the defendant in

21  this case) within the meaning of the UCL. This claim fails for lack of standing.

22  **III.**  **CONCLUSION**

23  Apple respectfully requests the Court grant its Motion to Dismiss in full.

24  Dated: April 16, 2024

25  By:  _____/s/ Jessica R. Perry_____

26  JESSICA R. PERRY
    Attorneys for Defendant Apple Inc.

27

28

4153-1327-8031

APPLE'S REPLY ISO MOT. TO DISMISS
CASE NO. 23-cv-4597-EMC