1   (Additional counsel on following page)

2   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
3   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA 94025-1015
    Telephone: +1 650 614 7400
6   Facsimile: +1 650 614 7401

7   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA 94105-2669
10   Telephone: +1 415 773 5700
    Facsimile: +1 415 773 5759

11

12   Attorneys for Defendant
    Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Dept: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen<br>Date: May 16, 2024<br>Time: 1:30 p.m. |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Apple's Motion to Strike (Dkt. 49) seeks to truncate Plaintiff's sprawling Third Amended Complaint ("TAC") by excising:

(1) allegations that do not relate to **any** of Plaintiff's fifteen claims in the TAC (*see id.*, Section IV.A); and

(2) allegations that relate only to those claims Apple is moving to dismiss (*see id.*, Section IV.B), to the extent the Court grants Apple's concurrently filed Motion to Dismiss (Dkt. 48).

Apple's goal is to settle the pleadings and have a clear complaint on file for the Court and the parties, and to which future questions about relevance, scope, and discovery can be tethered. Alternatively, Apple requests that the Court require Plaintiff to file a new complaint following the decision on the Apple's Motion to Dismiss that includes only the remaining legal claims and all and only those factual allegations facts that are germane to the remaining claims.

Nothing in Plaintiff's opposition precludes this practical solution to an otherwise unmanageable complaint.[1] ***First***, Plaintiff argues that Apple's Motion to Strike improperly seeks to dismiss claims, and thus is actually a Rule 12(b)(6) motion, not a Rule 12(f) motion. Opp. (Dkt. 53) ¶¶14-17. That is not accurate. Apple is not arguing in its Motion to Strike that, for example, Plaintiff fails to state a claim for intentional infliction of emotional distress and thus the Court should strike all allegations material to that claim. Rather, the relevant part of Apple's Motion requests that, "to the extent the Court grants Apple's [separate] Motion to Dismiss," the Court strike "those allegations relate[d] only to the dismissed claims." Mot. at 4. As mentioned above, Apple does this for the practical purpose of cleaning up an otherwise unwieldly TAC. However, requiring that Plaintiff file an amended complaint that excises the immaterial claims and allegations

---

[1] The morning of April 16, Plaintiff filed three "declarations in opposition" to Apple's pending Motion to Dismiss, Motion to Strike, and Request for Judicial Notice. *See* Dkts. 55, 56, 57. The Court should not consider these untimely, improper filings in connection with the present matters. *See Phigenix, Inc. v. Genentech Inc.*, 2019 WL 2579260, at *6 n.5-6 (N.D. Cal. June 24, 2019) (declining to consider "additional, untimely declaration in opposition" filed by *pro se* party "on the day of [the] reply deadline"); *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. Bankr. 2002) (*pro se* litigant not excused from requirement to understand and follow bankruptcy court rules, particularly in light of fact that she held law degree and also ran paralegal firm); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 871 (N.D. Cal. 2022).

following the Court's ruling on the Motion to Dismiss—a remedy that Plaintiff agrees is appropriate (*see* Opp. ¶14)—is an alternative practical solution.

***Second***, Plaintiff argues as improper Apple's request that the Court, in the alternative, construe its Motion to Dismiss portions of the Fourth and Ninth claims as a motion to strike. *See* Opp. ¶17. However, courts differ as to the appropriate vehicle to excise part of a claim at the pleadings stage. Some view a Rule 12(b)(6) motion as appropriate; others view a Rule 12(f) motion as appropriate; but courts generally accept that one or both vehicles is available to excise portions of claims that fail as a matter of law at the pleading stage. *Compare, e.g., Lopez v. Wachovia Mortg.*, 2009 WL 4505919, at *3-4 (E.D. Cal. Nov. 20, 2009) (court can dismiss only a portion of, or one of several theories alleged in, a single claim on a motion to dismiss) *with Bruton v. Gerber Prod. Co.*, 2018 WL 4181903, at *6 (N.D. Cal. Aug. 31, 2018) (striking part of claim on motion to strike). In an abundance of caution, Apple made arguments regarding the legal insufficiency of portions of the Fourth and Ninth Claims in both its Motion to Dismiss (*see* Dkt. 48 at 13-14 and 22, respectively) and its Motion to Strike (*see* Dkt. 49 at 2 n.1).

***Third***, Plaintiff argues that Apple's Motion to Strike improperly cited to allegations in her now-superseded complaints. Opp. ¶¶1-2. The only citations to Plaintiff's prior complaints in the Motion are in the background section explaining the history of the pleadings; in seeking to strike certain allegations, Apple cites to only the operative TAC. Either way, Plaintiff is incorrect that prior pleadings are "mooted" and irrelevant on pleadings motions. *See Morales v. City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 846-48 (N.D. Cal. 2022) (quoting *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011)) ("'The Court does not ignore the prior allegations in determining the plausibility of the current pleadings' and is 'not required to accept as true [contradictory] allegations in an amended complaint' without more facts").

***Fourth***, Plaintiff alleges Apple cites no legal authority in support of its argument that irrelevant and immaterial allegations and claims should be stricken. That is clearly not true, as Apple cites both statutory authority and case law in the Motion. *See* Mot. at 3-4; *see also Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983) (noting that "the function of a 12(f) motion to strike is to ***avoid the expenditure of time and money that must arise from litigating***

*spurious issues* by dispensing with those issues prior to trial" (emphasis added)); *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959) (proper to strike "***[s]uperfluous historical allegations***" (emphasis added)) (approved by *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)); *Fantasy*, 984 F.2d at 1528 (affirming order striking allegations that "***created serious risks of prejudice to Fantasy, delay, and confusion of the issues***" (emphasis added)). The general categories of allegations Plaintiff appears to insist are somehow material (*see* Opp. ¶25) fall within the categories that courts have deemed appropriate to strike. *See* TAC ¶¶8-9, 24 (historical allegations about litigation in other jurisdictions and EPA investigation of Superfund site that would cause delay and confuse the issues); ¶¶39-40 (allegations regarding 3250 Scott Boulevard in 2023 and 2024 and conversations with the DOJ and SEC about her complaints in 2021, after the termination of Plaintiff's employment, which would risk confusion of the issues and prejudice to Apple and occasion delay); ¶27 (allegations not focused on Plaintiff's alleged medical issues due to chemical expose, but rather complaints about her interactions with AppleCare Wellness, which would risk of confusion and delay). To the extent Plaintiff asserts these allegations are somehow material to the intentional infliction claim in her TAC (though they are not), these allegations would become irrelevant if the Court grants Apple's Motion to Dismiss as to that claim.

***Fifth***, Plaintiff complains that Apple did not meet and confer with her prior to filing. *See* Opp. Section VIII ¶3. However, meeting and conferring is not required for motions to strike, nor would it likely have been productive given that Plaintiff is opposing Apple's Motion in full.

Apple respectfully requests that the Court grant its Motion to Strike, or, alternatively, following the Court's ruling on Apple's Motion to Dismiss, order that Plaintiff file an amended complaint that includes only those claims not subject to dismissal and the material allegations relating to those claims (*i.e.*, that excises all portions of the TAC identified in Sections IV.A-B of Apple's Motion).

Dated: April 16, 2024

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Jessica R. Perry
JESSICA R. PERRY
Attorneys for Defendant Apple Inc.