1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:   +1 650 614 7400
6  Facsimile:   +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759
11
   Attorneys for Defendant
12 Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>[F.R.E. 201]<br><br>Dept:　Courtroom 5, 17th Floor<br>Judge:　Honorable Edward M. Chen<br>Date:　May 16, 2024<br>Time:　1:30 p.m. |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple's Request for Judicial Notice (Dkt. 50; the "RJN") is a straightforward request that the Court consider, in connection with Apple's Motion to Dismiss (Dkt. 48), two documents that are directly referenced and thus relied upon in Plaintiff's Third Amended Complaint (Dkt. 47; "TAC"). Nothing in Plaintiff's twelve-page opposition requires any contrary outcome.[1]

Exhibit A to the RJN is Plaintiff's own SEC Submission, which she previously submitted to this Court in connection with a separate Motion for Judicial Notice that she filed. *See* Dkt. 35 at ¶¶12-13 (describing Exhibit 6 as containing "Gjovik's SEC whistleblower tip filed on August 31 2021" and arguing that judicial notice was proper "for the purpose of determining what statements the document[ ] contain[s]"); Dkt. 35-7 at pp. 3-21 (Exhibit 6, the SEC Submission). Exhibit B is Plaintiff's Offer Letter governing her employment at Apple, which she signed and references the TAC. *Compare* TAC ¶13 (alleging Plaintiff worked for Apple beginning on Feb. 23, 2015), ¶234 (alleging existence of "signed, written contract" that began her "employment relationship" with Apple) *with* RJN, Ex. B (Offer Letter with Feb. 23, 2015 start date). The TAC references Exhibits A and B and the contents thereof, and necessarily relies on these documents (by virtue of basing certain allegations on them). *See, e.g.*, TAC ¶169 (referencing SEC Submission; "Gjovik filed an SEC whistleblower tip on August 31, 2021 …"); ¶234 (referencing Offer Letter; "Gjovik and Apple entered into an employment relationship in 2015 with a signed, written contract."). Apple's request for judicial notice is in line with well-established case law whereby courts take judicial notice of such documents in evaluating the sufficiency of the pleadings on a motion to dismiss. *See, e.g.*, *Juster v. Workday, Inc.*, 2022 WL 3030530, at *1 n.1 (N.D. Cal. Aug. 1, 2022) (offer letter); *Ansell v. Laikin*, 2011 WL 3274019, at *3 (C.D. Cal. Aug. 1, 2011) (SEC complaint); *accord In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal. 2020) (judicial notice of contract underlying breach of contract claims appropriate).

---

[1] The morning of April 16, Plaintiff filed three "declarations in opposition" to Apple's pending Motion to Dismiss, Motion to Strike, and Request for Judicial Notice. *See* Dkts. 55, 56, 57. The Court should not consider these untimely, improper filings in connection with the present matters. *See Phigenix, Inc. v. Genentech Inc.*, 2019 WL 2579260, at *6 n.5-6 (N.D. Cal. June 24, 2019) (declining to consider "additional, untimely declaration in opposition" filed by *pro se* party "on the day of [the] reply deadline"); *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. Bankr. 2002) (*pro se* litigant not excused from requirement to understand and follow bankruptcy court rules, particularly in light of fact that she held law degree and also ran paralegal firm); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 871 (N.D. Cal. 2022).

1    Plaintiff's arguments against judicial notice are unavailing. Contrary to Plaintiff's
2    suggestion, there is no requirement that a party meet and confer before the routine act of requesting
3    judicial notice in connection with a motion. *See* Opp. to RJN ¶5. Plaintiff next argues that Apple
4    failed to provide what she deems adequate proof of the authenticity of documents she signed
5    (including one she has previously offered to this Court (*see id.* ¶14) but provides no actual reason
6    to contest their authenticity—nor could she, given that she alleged the existence of each in the TAC
7    and was the author or signatory of each. *See* Fed. R. Evid. 201(b)(2) (emphasis added) (judicial
8    notice proper where accuracy "cannot ***reasonably*** be questioned"). Finally, and contrary to
9    Plaintiff's opposition, Apple appropriately requested that the Court take notice of the content of
10   Plaintiff's own SEC Submission and the Offer Letter she signed, rather than accepting Plaintiff's
11   attempt to characterize these documents in the TAC without attaching them. *Contrast* Opp. to RJN
12   ¶¶22-28 *with Moledina v. Marriott Int'l, Inc.*, 635 F. Supp. 3d 941, 946 (C.D. Cal. 2022) (citing
13   *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)) ("[T]he court may
14   not assume the truth of allegations contradicted by … matters properly subject to judicial notice").[2]

15   The documents for which Apple seeks judicial notice are ones whose authenticity Plaintiff
16   cannot reasonably contest, and which Plaintiff chose to reference in the operative complaint. They
17   are relevant to assessing whether her allegations (including allegations contained in the documents
18   she references in the TAC) state a claim. *See, e.g.*, Dkt. 48 at 11, 13 (content of SEC complaint
19   relevant to whether TAC alleges "protected activity" within the meaning of SOX or Dodd-Frank),
20   23 (content of "written, signed contract" Plaintiff alleges governed her employment relationship
21   relevant to whether TAC states a claim for breach of contract or derivative claims).

22   / / /
23   / / /

---

[2] Alternatively, even if one or more of the prerequisites of judicial notice were not satisfied (as Plaintiff argues), such documents could properly be considered in connection with Apple's Motion to Dismiss under the related doctrine of incorporation by reference. *See, e.g., Juster*, 2022 WL 3030530, at *1 n.1 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (noting that the "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself[;] [t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims").

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibits A and B.

Dated: April 16, 2024

By: */s/ Jessica R. Perry*
JESSICA R. PERRY
Attorneys for Defendant Apple Inc.