Cher Swan Scarlett
So-called "Joanna Appleseed"
PO BOX 1679 #5955
Sacramento, CA 95812
hello@cher.dev

**FILED**

APR 19 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ASHLEY GJOVIK, *an individual*,

Plaintiff,

v.

APPLE INC, *a corporation*,

Defendant.

Case No. 3:23-CV-04597-EMC

**DECALARTION** OF CHER S. SCARLETT, IN **SUPPORT**,

TO DEFENDANT'S **MOTION TO STRIKE**

1

DECLARATION OF CHER S. SCARLETT IN SUPPORT TO
DEFENDANT'S MOTION TO STRIKE | 3:23-CV-04597-EMC

APRIL 16 2024

## I.  DECLARATION OF CHER S. SCARLETT IN SUPPORT TO DEFENDANT APPLE'S MOTION TO STRIKE

**Pursuant to 28 U.S.C.§ 1746, I, Cher S. Scarlett, hereby declare as follows:**

1.  My name is Cher Swan Scarlett. I am a private citizen named as "Joanna Appleseed" by Plaintiff (and due to responsive pleadings, the Defendent) in this above captioned matter. I make this Declaration based upon my personal knowledge and in support to Defendant's Motion to Strike (Fed. R. Civ. P. 12(f); Docket No. 49) portions of Plaintiff's Third Amended Complaint (Docket No. 47). I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

2.  I am not represented by an attorney and the only counsel I could afford to seek that was helpful advised that I may speak to the facts about myself in support of striking irrelevant matters as to the personal relationship between myself at the Plaintiff and my former professional relationship with the Defendant, if it is proper.

3.  I emailed Apple's attorney once when it was brought to my attention that I was being brought unnecessarily into this matter to ask for my options to have myself removed from a case I am not a party to, including asking if I may testify on behalf of myself. They did not reply. I did not contact the Plaintiff, who is a Juris Doctor representing herself *Pro Se*, hence there would be no attorney to reach out as in intermediary.

4.  I met the Plaintiff in June of 2021 while we were both employed by Apple. I resided in Missouri state at the time, and moved in August of 2021 to Washington state. I worked as a software engineer on a team called "Global Security Tools" or "GS Tools". The Plaintiff and I did not work in the same team or within the same organization. We met via Slack while simultaneously advocating for Apple-wide remote work to continue beyond the pandemic. I was not ever a manager or other type of employee to be considered an "Employer". I have no financial or other interest in Apple (including stocks or other material benefits), as my employment with Apple ended on November 19, 2021. My inclusion in this lawsuit is improper for that reason alone.

5.  The Plaintiff's claims about the lawsuit I brought against her (referred to mostly as Apple's "gag order" by Plaintiff in TAC; Docket No. 47) are false and misleading. I present facts here in support of striking the related content from the pleadings as the veracity of the events make it clear that it is improper for their inclusion. In January of 2021,

the Plaintiff began posting personal information about my mother, my estranged husband, and me, much of which was defamatory of meant to cast my family and I in a negative light for the Plaintiff's concerns about my being used as a witness in defense of Apple in her NLRB cases. The factual allegations made and evidence entered into the record in *Scarlett v. Gjovik* (King County District Court, case no. 22CIV01704KCX. 1 March 2022) included that the Plaintiff (as to case; Gjovik) had made specific public comments on her Twitter account such as "is this the best Apple can do?" referring to me as being a witness with low credibility due to my estranged husband's past and my mother cast in a false light and fabricated narrative about my own past. The Plaintiff (as to this case; Gjovik) went even further to threaten me with further defamatory or otherwise destructive information when I attempted to negotiate her to cease her behavior via third party if I did not agree to terms that included sharing a GoFundMe account with a then-goal of $100,000 and both withdraw any testimony about Gjovik to any jurisdictions and agree to never make any testimony about Gjovik in the future. The judge presiding in the case determined that the Plaintiff (as to this case; Gjovik) had unlawfully harassed me so severely and maliciously that she ordered the protection order for the maximum length of five years. (*Scarlett v. Gjovik*. King County District Court, case no. 22CIV01704KCX. 1 March 2022) I obtained this lawsuit due solely to the Plaintiff (as to this case; Gjovik) and her behavior and the proper jurisdiction for relief of such conduct through the King County District Court as an anti-harassment order.

6. The Plaintiff also presents my decision to sue her as though it is due to Apple, but in all pleadings it is clear that is not the case, including in her own appeal, when she uses an email I sent her attorney offering to negotiate withdrawal of the lawsuit if she could come to terms to stop "harassing me and my family." (*Scarlett v. Gjovik*, No. 22-2-03849-7 SEA, 2022 WL 4541046. Wash. Super. Sep. 26, 2022) Further, despite the Plaintiff's clear knowledge that the order was overturned because the judge determined it was an over-broad restriction of speech in violation of the First Amendment, she misleads the court that the anti-harassment order was without merit, frivolous, malicious, and retaliatory for her cases against Apple, in an attempt to make it relevant to her pleadings here. The determination was "There is no categorical "harassment exception to the First Amendment's free speech clause." The appellate court did not determine that the order was in error due to any reason *beyond* an over-broad restriction in its particular content. (*Scarlett v. Gjovik*, No. 22-2-03849-7 SEA, 2022 WL 4541046. Wash. Super. Sep. 26, 2022)

9. The Plaintif's inclusion of my unrelated, personal civil issues with her here creates

a narrative improperly about Apple in her favor, but also, improperly, creates a new, improper judicial record about *Scarlett v. Gjovik*. In *Gjovik v. State*, the Plaintiff (as to this case; Gjovik) engaged in, unconstitutionally, this very pattern. The Assistant Attorney General remarked on this specifically as the Plaintiff's lawsuit against uninvolved parties and "cherry-picking" to cast me and my anti-harassment order in a false light for her benefit. (*Gjovik v. State*, 2:22-cv-00807-RAJ-BAT. W.D. Wash. Jun. 28, 2022) The inclusion of me and my anti-harassment lawsuit against the Plaintiff in this proceeding, whether referring to me as "Apple", "Global Security", or "Joanna Appleseed" is not proper and not rooted in any valid legal theory. For this reason, this specific content should be stricken from the record in this proceeding between Apple and the Plaintiff.

   14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on APRIL 16 2024.

**Executed on**: APRIL 16 2024

Signature:

**s/ Cher S. Scarlett**

**So-called "Joanna Appleseed"**

**Email**: hello@cher.dev
**Physical Address**: California
**Mailing Address**: PO BOX 1679 #5955, Sacramento, CA 95812



**RECEIVED**
APR 19 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2



US POSTAGE IMI  836740416154400  2000394010
$30.45
SSK
PME 1-DAY

04/16/24   Mailed from 92628   028W2311536

**PRIORITY MAIL EXPRESS 1-DAY®**

CHER S SCARLETT
LOT 5955
PO BOX 1679
SACRAMENTO CA  95812-1679

2.20 oz
RDC 07

WAIVER OF SIGNATURE REQUESTED

SCHEDULED DELIVERY DAY: 04/17/24 06:00 PM

C004

SHIP TO:



COURT CLERK
US DISTRICT COURT NDC
450 GOLDEN GATE AVE
SAN FRANCISCO CA  94102-3661

**USPS TRACKING® NUMBER**



9570 1065 7006 4107 3206 45



GUARANTEED ■ TRACKED ■ INSURED

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

### FOR DOMESTIC AND INTERNATIONAL USE
### PLACE MAILING LABEL HERE

- Guaranteed delivery date.*
- Guaranteed delivery time.‡
- USPS Tracking® service included for domestic and many international destinations.
- Pick up available.
- Domestic shipments include $100 of insurance (restrictions apply).**
- Signature included upon request.

*Money Back Guarantee to U.S., select APO/FPO/DPO and select International destinations.
See DMM and IMM at *pe.usps.com* for complete details.

**Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.

‡Money Back Guarantee for U.S. destinations only.

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP


PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

   
UNITED STATES POSTAL SERVICE®

