**Ashley M. Gjovik, JD**
*Pro Se Plaintiff*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

v.

**APPLE INC**, *a corporation*,

Defendant.

**Case No. 3:23-CV-04597-EMC**

**PLAINTIFF'S MOTION TO STRIKE IMPROPER NON-PARTY AMICUS BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE**
(DOCKET NO. 62)

**NOTICE OF MOTION**

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION**

HEARING:

Dept: Courtroom 5, 17th Floor (Virtual)

Date: May 16, 2024

Time: 1:30 p.m.

# TABLE OF CONTENTS

**I. NOTICE** ..... 1

**II. PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE** ..... 1

**A. STATEMENTS OF FACTS** ..... 1

**B. ISSUES TO BE DECIDED** ..... 3

**C. THE DOCUMENT IS AN IMPROPER DECLARATION.** ..... 3

**D. THE DOCUMENT IS AN IMPROPER AMICUS BRIEF.** ..... 4

**E. APPLE DID NOT FILE APPLESEED'S DECLARATION AND APPLESEED WAS NOT APPROVED TO FILE AN AMICUS BRIEF.** ..... 6

**F. AN AMICUS BRIEF OR DECLARATION IS NOT APPROPRIATE FOR A MOTION TO STRIKE.** ..... 6

**G. AN AMICUS BRIEF OR DECLARATION IS NOT APPROPRIATE FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.** ..... 7

**H. THE AMICUS DECLARATION VIOLATES THE RULES OF EVIDENCE.** ..... 9

**I. PREJUDICE** ..... 15

**III. CONCLUSION** ..... 16

## CASES

*ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 89 Fed. R. Serv. 3d 554 (9th Cir. 2014).- 8

*Banerjee v. Bd. of Trustees of Smith College*, 648 F.2d 61, 65 n. 9 (1st Cir. 1981). ---------------- 5

*Boro Hall Corporation v. General Motors Corporation*, 124 F.2d 822 (C.C.A. 2d Cir. 1942).--- 7

*Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977). ---------- 4

*El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016). ---------------------------------------------- 8

*Faiveley Transport USA, Inc. v. Wabtec Corp*., 758 F. Supp. 2d 211, 216 (S.D.N.Y. 2010). ----- 7

*Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1036, 20 U.S.P.Q.2d (BNA) 1207 (N.D. Cal. 1991). ---------------------------------------------------------------------------- 7

*Hayes v. Whitman*, 264 F.3d 1017 (10th Cir. 2001). ------------------------------------------------- 8

*Hoy v. Progress Pattern Co.*, 217 F.2d 701 (6th Cir. 1954). ------------------------------------------ 7

*In re Enron Creditors Recovery Corp.*, Case No. 01-16034 (AJG), Adv. No. 03-92677, Adv. No. 03-92682, 2 (Bankr. S.D.N.Y. May. 20, 2008).------------------------------------------------- 5

*In re Marriage of Heggie*, 99 Cal. App. 4th 28, 30, n.3 (2002). --------------------------------------- 4

*Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). ---------------------------------------------- 5

*Lewis v. ACB Business Services, Inc*., 135 F.3d 389, 39 Fed. R. Serv. 3d 1376 (6th Cir. 1998). - 8

*Liberty Lincoln Mercury, Inc. v. Ford Marketing* Corp., 149 F.R.D. 65, 82 (D.N.J. 1993).------- 5

*Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ. 0436, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995).-------------------------------------------------------- 5

*McKay v. Sazerac Co*., 23-cv-00522-EMC, 4 (N.D. Cal. May. 17, 2023).-------------------------- 9

*Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011). ------------------------------------------------------------------------------------------ 6

*NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005). ------------------------------------------------------------------------------------------ 5

*Oneida Indian Nation of New York v. New York*, 194 F. Supp. 2d 104 (N.D. N.Y. 2002). -------- 7

*Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). ------------------------------------------ 15

*Reynolds v. United States Gov't*, 7:22-CV-00178-FL, 8 (E.D.N.C. Jul. 21, 2023). ----------------- 6

*Rosenberg-Wohl v. State Farm Fire & Cas. Co*., 20-cv-09316-DMR, 6 (N.D. Cal. Mar. 28, 2022). ------------------------------------------------------------------------------------------ 5

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510 (7th Cir. 2015). ----------------------------------------------------------------------------- 9

*Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).---------------- 5

*Schy v. Susquehanna Corp.*, 419 F.2d 1112 (7th Cir. 1970). ---------- 8

*Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006). ---------- 3

*Slagle v. U.S.*, 228 F.2d 673 (5th Cir. 1956). ---------- 7

*Strasser v. Doorley*, 432 F.2d 567 (5th Cir. 1970) ---------- 6

*Sweigert v. Cable News Network, Inc*., 20-cv-12933, 19-20 (E.D. Mich. Mar. 21, 2022). ---------- 6

*Sweigert v. Cable News Network, Inc*., 20-cv-12933, 20-21 (E.D. Mich. Mar. 21, 2022). ---------- 6

*Titan America, LLC v. Darrell*, NO. 7:11-CV-52-FL, 9 (E.D.N.C. Sep. 2, 2011). ---------- 7

*United States v. Michigan*, 940 F.2d 143, 163-64 (6th Cir. 1991) ---------- 4

*Wilderman v. Nelson*, 467 F.2d 1173 (8th Cir. 1972). ---------- 8

*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). ---------- 14

## RULES

Fed. R. App. P. 25(b). ---------- 6

Fed. R. App. P. 29(a)(3) ---------- 6

Fed.Rules Civ.Proc.Rule 12(b)(6), ---------- 9

Federal Rules of Civil Procedure Rule 12(b)(6) ---------- 7

Federal Rules of Civil Procedure Rule 47 and Rule 56 ---------- 4

## TREATISES

§ 37:39. Opposition papers—Evidence, 4 Bus. & Com. Litig. Fed. Cts. § 37:39 (5th ed.) ---------- 4

16AA C. Wright & A. Miller, Federal Practice and Procedure § 3975, pg. 383 (2021). ---------- 6

C. Rembar, The Law of The Land 330 (1980). ---------- 5

## I. NOTICE

1. PLEASE TAKE NOTICE that on MAY 16 2024 at 1:30PM, in Judge Chen's virtual courtroom, before the Honorable Judge Edward Chen, I will, and hereby do, move for an order granting a Motion to Strike the improper amicus document filed to Docket No. 62. The motion is based on this Memorandum, and Plaintiff's concurrently filed Declaration with attached Exhibits at Docket No. 64-1.

## II. PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

2. Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in support of Plaintiff's Motion to Strike the documents at Docket No. 62.

### A. STATEMENTS OF FACTS

3. On April 19 2024, under Docket No. 62, a non-party filed a Declaration of "In Support of Defendant's Moton to Strike" at (motion located at Docket No. 49). The document was dated April 16 2024 and mailed to this Court, arriving on April 19 2024 and entered to the docket on April 23 2024, per the docket notes.

4. The non-party identified herself as the person described in Plaintiff's Complaint as "Joanna Appleseed." Non-Party Decl at ¶ 1. Appleseed explained she used to work for Apple's Global Security team. *Id* at ¶ 4. Appleseed also explained she sued Gjovik in 2022. *Id* at ¶ 5-6.

5. Appleseed explained she filed the Amicus Declaration after this lawsuit was "*brought to [her] attention*" by someone but she does not say who. *Id* at ¶ 3. Appleseed also notes she "*emailed Apple's attorney*" about Gjovik's lawsuit asking for "*options*" to "*have [herself] removed from [the] case*." *Id* at ¶ 3. Appleseed notes that Apple's counsel "*did not reply*" to her. *Id*. Appleseed requested in her Declaration that the Court force Plaintiff to remove claims from

Plaintiff's federal lawsuit alleging that Appleseed engaged in unlawful activity which harmed Plaintiff. *Id* at at ¶ 2 and 9. Finally, Appleseed also noted that she did not contact Gjovik after learning of the litigation and prior to filing this Declaration. *Id* at ¶ 3. Plaintiff denies, disputes, and objects to all other facts alleged in the non-party's Declaration.

6. Plaintiff's Third Amended Complaint references Appleseed as one of the multiple agents of Apple Inc under Plaintiff's claims for violations of the RICO Act (TAC at ¶ 112), Bane Act (TAC at ¶ 187), Ralph Act (TAC at ¶ 197), and IIED/NIED (TAC at ¶ 252-253). Plaintiff notes the various vicarious liability theories she plans to argue at TAC ¶ 111 and which includes theories such as negligence, conspiracy, condonation, non-employment agency, ratification, and other theories (in addition to Respondeat superior). *Id*. Gjovik also argues association-in-fact Enterprise membership at TAC ¶ 118-120, applicable here to at least the 18 U.S. Code §§ 1512, 1513 Predicate Act claims.

7. Apple's Motion to Dismiss at Docket No. 48 references Appleseed in several sections, including the Bane Act section, writing: "*Plaintiff previously pled that in 2022 'Joanna Appleseed'—while no longer employed at Apple ...—filed an FBI report about Plaintiff ....and 'retaliatory litigation' against Plaintiff .... Even if such conduct were to violate the Bane Act, Apple would not be liable as a matter of law.*" Def's Mot. to Dismiss Plaintiff's TAC at pages 18-19. Apple also references Appleseed in the Ralph Act section, writing: "*Plaintiff alleges that 'Joanna Appleseed' filed false reports about Plaintiff ... Even if Appleseed's conduct amounted to a Ralph Act violation, Apple is not liable for Appleseed's conduct because, as discussed above, Plaintiff acknowledges that Appleseed was no longer employed at Apple when any such purportedly false report was filed.*" Def's Mot. to Dismiss Plaintiff's SAC at page 21. Gjovik and Apple Inc have not disputed that Appleseed did the things Gjovik alleged in her TAC, but Apple does dispute it should be held liable for Appleseed's conduct.

8. Plaintiff did not use Appleseed's true name in her Complaints out of fear; as noted in Plaintiff's Complaints: "*Joanna Appleseed… who worked in Apple's Worldwide Loyalty team*"… "*alias because this person tried to sue Gjovik in 2022 for naming her in charges and legal filings alleging witness intimidation, and Gjovik fears she might try to do it again*." OC at ¶ 132; FAC at ¶ 630; SAC at ¶ 430. It is clear Apple knew who Plaintiff was referring to by Apple's responses.

### B. ISSUES TO BE DECIDED

9. First, this Court should decide whether the "Declaration" is a proper filing, and whether the non-party is allowed to file the document; and if not, the entry at Docket No. 62 should be stricken in its entirety. Next, if the entry is not stricken in entirety; then this Court should decide whether parts of the document at Docket No. 62 should be stricken.

10. Then, if the entire document is not stricken, this Court should decide whether to consider the remainder of the document as part of its consideration of Defendant Apple's Motion to Strike Plaintiff's TAC. The Court must also consider if this would convert Apple's Motion to Dismiss to into a Motion for Summary Judgement.

11. Finally, the Court may decide if the Amicus Declaration can be used as evidence by Plaintiff in support of her claims of violations of the RICO Act, Bane Act, and Ralph Act through interference and attempted interference with Plaintiff's federal litigation and testimony.

### C. THE DOCUMENT IS AN IMPROPER DECLARATION.

12. The Amicus Declaration contains numerous legal arguments and attempts to summarize and characterize legal matters. This is not what Declarations are for. "The purpose of a declaration is to submit evidence; it is improper to use a declaration to present legal argument." *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006).

*In re Marriage of Heggie*, 99 Cal. App. 4th 28, 30, n.3 (2002). The Amicus Declaration offers very few facts and provides no supporting evidence such as exhibits.

13. A declaration "*must be viewed just as counsel would view live testimony, and may be attacked for any admissibility deficiency.*" § 37:39. Opposition papers—Evidence, 4 Bus. & Com. Litig. Fed. Cts. § 37:39 (5th ed.) Local Civil Rule 7-5(b) explains: "*An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.*" The Federal Rules of Civil Procedure Rule 47 and Rule 56 also explains a similar expectation.[1]

14. Affidavits from the moving party may only be considered on a motion to dismiss where they raise no fact controversy but only a question of law. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir. 1977). This Amicus Declaration is in support of Apple's Motion to Dismiss so it's subject to this expectation.

## D. THE DOCUMENT IS AN IMPROPER AMICUS BRIEF.

15. An amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case. See, e.g., *United States v. Michigan,* 940 F.2d 143, 163-64 (6th Cir. 1991) (disapproving of the "*legal mutant characterized as `litigating amicus curiae*'" because it impinged on the inherent rights of the real parties in interest). *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005).

---

[1] See, Federal Rules of Civil Procedure, Rule 47, Notes of Advisory Committee on Rules—1944, point 3: "...authorize the use of affidavits when affidavits are appropriate to establish a fact." Rule 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

16. The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991). *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). This Amicus Declaration did support Apple's arguments in their Oppositions and as such essentially provides them additional pages and allows them to evade the Rules of Evidence that would have prevented them from making these types of allegations in their Reply.

17. The amicus curiae should present an "objective, dispassionate, neutral discussion of the issues." *In re Enron Creditors Recovery Corp.*, Case No. 01-16034 (AJG), Adv. No. 03-92677, Adv. No. 03-92682, 2 (Bankr. S.D.N.Y. May. 20, 2008). If the information offered conflates or confuses the issues before the court, the request for leave to file it should be denied. *Id*. *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ. 0436, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995).

18. If the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause. C. Rembar, The Law of The Land 330 (1980). *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). Where a petitioner's attitude toward a litigation is patently partisan, they should not be allowed to appear as amicus curiae. *Liberty Lincoln Mercury, Inc. v. Ford Marketing* Corp., 149 F.R.D. 65, 82 (D.N.J. 1993).

19. The purpose of an amicus curiae brief is "to assist the court on matters of law." *Banerjee v. Bd. of Trustees of Smith College*, 648 F.2d 61, 65 n. 9 (1st Cir. 1981). It is not, however, to be used to assist with respect to evidentiary claims; therefore, it should not offer factual information favoring a particular party. *Id*.; see also *Strasser v. Doorley*, 432 F.2d

567 (5th Cir. 1970). "An amicus who argues facts should rarely be welcomed." *Id*. at *15 (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)). See also, *Reynolds v. United States Gov't*, 7:22-CV-00178-FL, 8 (E.D.N.C. Jul. 21, 2023).

20. Similar to *Sweigert v. Cable News Network, Inc*., this case also has a non-party submitting an amicus brief wanting to "share facts and evidence" without seeking concurrence from either party and the Plaintiff actively opposes the Amicus document. In that case the Court agreed to strike the amicus filing noting it contained "contain conclusory allegations of Plaintiff conspiring with a court employee to commit fraud on the court." *Sweigert v. Cable News Network, Inc*., 20-cv-12933, 20-21 (E.D. Mich. Mar. 21, 2022). Appleseed's Amicus Declaration is of the same character and should be stricken.

### E. APPLE DID NOT FILE APPLESEED'S DECLARATION AND APPLESEED WAS NOT APPROVED TO FILE AN AMICUS BRIEF.

21. There is no right of nonparties generally to submit an amicus brief." 16AA C. Wright & A. Miller, Federal Practice and Procedure § 3975, pg. 383 (2021). Instead, "the amicus must file a motion for leave to file the brief" when consent cannot be obtained. *Id*. The amicus brief itself must accompany the motion for leave, Fed. R. App. P. 29(a)(3), and the filings must be served on all parties. Fed. R. App. P. 25(b). *Sweigert v. Cable News Network, Inc*., 20-cv-12933, 19-20 (E.D. Mich. Mar. 21, 2022). Appleseed did not request leave to file the brief/declaration, nor did she obtain consent from the parties, thus it is improper.

### F. AN AMICUS BRIEF OR DECLARATION IS NOT APPROPRIATE FOR A MOTION TO STRIKE.

22. "Motions to strike are to be decided on the pleadings alone." *Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011). If there is a disputed question of fact or law on a motion to strike, the court should defer action on the motion and leave the sufficiency of the allegations for a determination on the merits. *Oneida Indian Nation*

*of New York v. New York*, 194 F. Supp. 2d 104 (N.D. N.Y. 2002). Appleseed's request is not appropriate for a 12(f) motion to strike or a 12(b)(6) motion to dismiss.

### G. AN AMICUS BRIEF OR DECLARATION IS NOT APPROPRIATE FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.

23. The Court making a Motion to Dismiss for failure to state a claim determination must assume that the plaintiff's allegations are true, construe the complaint in a light most favorable to the plaintiff, and resolve every doubt in the plaintiff's favor. *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1036, 20 U.S.P.Q.2d (BNA) 1207 (N.D. Cal. 1991). Affidavits cannot be treated as proof contradictory to well-pleaded facts in the complaint. *Slagle v. U.S.*, 228 F.2d 673 (5th Cir. 1956). The court may take cognizance of and consider facts disclosed otherwise than in the complaint, such as in an affidavit, brief, or argument, only where such facts are undisputed or the parties consent to their consideration. *Boro Hall Corporation v. General Motors Corporation*, 124 F.2d 822 (C.C.A. 2d Cir. 1942).

24. The Court "is normally required to look only to the allegations on the face of the complaint" when adjudicating a motion to dismiss. *Roth v. Jennings*,489 F.3d 499, 509 (2d Cir. 2007). Accordingly, the Court generally cannot consider affidavits and exhibits on a motion to dismiss. *Faiveley Transport USA, Inc. v. Wabtec Corp*., 758 F. Supp. 2d 211, 216 (S.D.N.Y. 2010). For the purpose of testing whether the complaint states facts sufficient to constitute a cause of action, the allegations of fact cannot be challenged by affidavits to the contrary. *Hoy v. Progress Pattern Co.*, 217 F.2d 701 (6th Cir. 1954).

25. Among other issues, this inquiry is not one that is appropriate for resolution at the Federal Rules of Civil Procedure Rule 12(b)(6) stage, where the court is to determine only whether a claim is stated, and is not to resolve factual contests or determine the applicability of defenses. *Titan America, LLC v. Darrell*, NO. 7:11-CV-52-FL, 9 (E.D.N.C. Sep. 2, 2011).

26. In considering a motion to dismiss for failure to state a claim, the court will not consider or pass on extraneous matters or questions or issues not proper for determination. *Schy v. Susquehanna Corp*., 419 F.2d 1112 (7th Cir. 1970). Further, where, in an action by an employee against the employer, the pleadings raise a triable issue of fact, a motion to dismiss the complaint will be denied. *Wilderman v. Nelson*, 467 F.2d 1173 (8th Cir. 1972).

27. While it might be appropriate for the court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they are consistent with the facts and theories advanced in the complaint, the court may not consider allegations or theories that are inconsistent with those pleaded in the complaint. *Hayes v. Whitman*, 264 F.3d 1017 (10th Cir. 2001). Nor may the court consider conclusions of law and unwarranted inferences of fact. *Lewis v. ACB Business Services, Inc*., 135 F.3d 389, 39 Fed. R. Serv. 3d 1376 (6th Cir. 1998).

28. Substantive defenses on the merits of the complaint may not be raised in a motion to dismiss for failure to state a claim. *Skala v. Sataloff*, 301 F. Supp. 304 (E.D. Pa. 1969). For defenses such as statute of limitations to be raised on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint must clearly show on its face that the affirmative defense is applicable and bars the action. *El-Shaddai v. Zamora*, 833 F.3d 1036 (9th Cir. 2016). *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 89 Fed. R. Serv. 3d 554 (9th Cir. 2014).

29. Even though affidavits usually constitute "matters outside the pleading" within the meaning of Fed. R. Civ. P. 12(b), an affidavit filed by the plaintiff which merely reiterates the claim stated in the complaint in general and conclusory language does not convert a Fed. R. Civ. P. 12(b)(6) motion to one for summary judgment. *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 14 Fed. R. Serv. 3d 713 (1st Cir. 1989). Further, in opposition to a motion to dismiss for failure to state a claim, a plaintiff may submit materials outside the pleadings to illustrate the facts that the plaintiff expects to be able to prove, even if such materials were not attached as exhibits

to the complaint. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510 (7th Cir. 2015). Plaintiff attaches several exhibits to her concurrently filed Declaration to show some of the facts she expects to be able to prove and which are in direct contraction with the unsubstantiated allegations in the Amicus Declaration.

### H. THE AMICUS DECLARATION VIOLATES THE RULES OF EVIDENCE.

30. Plaintiff objects to numerous statements made in the Amicus Declaration. Many of the non-party's allegations are false, and most are unsubstantiated and misleading. Fed. R. Evid. § 403 requires a declarant to bear the burden of producing evidence as to the existence of a preliminary fact, including where the preliminary fact is "the personal knowledge of a witness concerning the subject matter of his testimony." Fed. R. Evid. § 403(a)(2). Neither Defendant nor the non-party have substantiated any of non-party's allegations. Plaintiff's objections are as follows:

| **Objection No.** | **Material Objected To** | **Grounds for Objection** | **Ruling** |
|---|---|---|---|
| 1 | Docket No. 62 ¶ 4<br><br>Location of non-party's previous residence. | Irrelevant (Fed. R. Evid. § 401)<br><br>Confusion (Fed. R. Evid. § 403) | Sustained: _______<br><br>Overruled: _______ |
| 2 | Docket No. 62 ¶ 4<br><br>Allegations about when or how non-party met Plaintiff. | Irrelevant (Fed. R. Evid. § 401)<br><br>Confusion (Fed. R. Evid. § 403) | Sustained: _______<br><br>Overruled: _______ |
| 3 | Docket No. 62 ¶ 4<br><br>Allegations and conclusions about non-party's financial interest in Defendant's business | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Out of Context (Fed. R. Evid. § 106) | Sustained: _______<br><br>Overruled: _______ |

| | | | |
|---|---|---|---|
| | | Argumentative (Fed. R. Evid. § 403) | |
| 4 | Docket No. 62 ¶ 4<br><br>Legal arguments about Apple's vicarious liability for actions of non-party. | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Argumentative (Fed. R. Evid. § 403) | Sustained: _______<br><br>Overruled: _______ |
| 5 | Docket No. 62 ¶ 4<br><br>Legal argument about propriety of naming non-party in this lawsuit. | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Argumentative (Fed. R. Evid. § 403) | Sustained: _______<br><br>Overruled: _______ |
| 6 | Docket No. 62 ¶ 5<br><br>Allegations and characterization about Plaintiff's TAC as "false," "misleading," its "veracity," "improper." | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703) | Sustained: _______<br><br>Overruled: _______ |
| 7 | Docket No. 62 ¶ 5<br><br>Unsubstantiated allegations about conduct and statements by Plaintiff – any of which would have been statements Plaintiff did not make to the non-party and thus are Hearsay. | Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Out of Context (Fed. R. Evid. § 106)<br><br>Hearsay (Fed. R. Evid. 801) | Sustained: _______<br><br>Overruled: _______ |
| 8 | Docket No. 62 ¶ 5<br><br>Allegations about the nature, outcome, and merit | Argumentative (Fed. R. Evid. § 403) | Sustained: _______ |

| | | | |
|---|---|---|---|
| | of the non-party's lawsuit against Plaintiff. | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Out of Context (Fed. R. Evid. § 106)<br><br>False or Misleading (See Decl. of Ashley Gjovik ¶ 2-10) | Overruled: ________ |
| 9 | Docket No. 62 ¶ 5<br><br>Allegations against Plaintiff accusing Plaintiff of conduct that is "defamatory," "false light," "fabricated narrative," "threaten," "destructive," "harassed," "severely," "maliciously." | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703) | Sustained: ________<br><br>Overruled: ________ |
| 10 | Docket No. 62 ¶ 5<br><br>Allegations about Defendant's status as a "witness in defense" for Apple. | Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Lacks Foundation | Sustained: ________<br><br>Overruled: ________ |
| 11 | Docket No. 62 ¶ 6<br><br>More arguments about Apple's vicarious liability for non-party's actions. | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703) | Sustained: ________<br><br>Overruled: ________ |
| 12 | Docket No. 62 ¶ 6 | Irrelevant (Fed. R. Evid. 401) | Sustained: ________ |

| | | | |
|---|---|---|---|
| | Unsubstantiated allegations of conduct and statements by Plaintiff. | Confusion (Fed. R. Evid. § 403)<br><br>Out of Context (Fed. R. Evid. § 106)<br><br>Hearsay (Fed. R. Evid. 801)<br><br>False or Misleading (See Decl. of Ashley Gjovik ¶ 2-10) | Overruled: _______ |
| 13 | Docket No. 62 ¶ 6<br><br>Claim that Plaintiff has "clear knowledge" of something. | Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Hearsay (Fed. R. Evid. 801) | Sustained: _______<br><br>Overruled: _______ |
| 14 | Docket No. 62 ¶ 6<br><br>Allegations against Plaintiff accusing Plaintiff of conduct that "misleads," and is "harassing." | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Out of Context (Fed. R. Evid. § 106) | Sustained: _______<br><br>Overruled: _______ |
| 15 | Docket No. 62 ¶ 5<br><br>Legal arguments and characterization of a lawsuit filed against Plaintiff. | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Hearsay (Fed. R. Evid. § 801)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703) | Sustained: _______<br><br>Overruled: _______ |

| | | | |
|---|---|---|---|
| | | Argumentative (Fed. R. Evid. § 403)<br><br>False or Misleading (See Decl. of Ashley Gjovik ¶ 2-10)<br><br>Out of Context (Fed. R. Evid. § 106) | |
| 16 | Docket No. 62 ¶ 6<br><br>Legal arguments and characterization of the appeal of a lawsuit filed against Plaintiff. | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Hearsay (Fed. R. Evid. 801)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Argumentative (Fed. R. Evid. § 403)<br><br>False or Misleading (See Decl. of Ashley Gjovik ¶ 2-10)<br><br>Out of Context (Fed. R. Evid. § 106) | Sustained: _______<br><br>Overruled: _______ |
| 17 | Docket No. 62 ¶ 9<br><br>Allegations against Plaintiff accusing Plaintiff of conduct and statements characterized as "improperly," "improperly, "improper judicial record," "unconstitutionally," "not proper," "not rooted in any valid legal theory." | Opinion and legal arguments. Civil L.R. 7-5(b)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Argumentative (Fed. R. Evid. § 403) | Sustained: _______<br><br>Overruled: _______ |
| 18 | Docket No. 62 ¶ 9<br><br>Characterization of alleged comments by an "Assistant Attorney General." | Argumentative (Fed. R. Evid. § 403) | Sustained: _______<br><br>Overruled: _______ |

| | | | |
|---|---|---|---|
| | | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703)<br><br>Hearsay (Fed. R. Evid. § 801)<br><br>Out of Context (Fed. R. Evid. § 106) | |
| 19 | Docket No. 62 ¶ 2<br><br>Request to strike content in Plaintiff's TAC related to non-party. | Argumentative (Fed. R. Evid. § 403)<br><br>Improper request of non-party<br><br>Obstruction | Sustained: _______<br><br>Overruled: _______ |
| 20 | Docket No. 62 ¶ 9<br><br>Request: "The inclusion of [non-party]… should be stricken from the record in this proceeding" | Argumentative (Fed. R. Evid. § 403)<br><br>Improper request of non-party<br><br>Obstruction | Sustained: _______<br><br>Overruled: _______ |

31. Further, the Amicus Declaration introduces new facts and arguments in support of a Reply, and as such the Court need not consider those allegations and arguments as they were not raised prior to the Reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

32. Plaintiff intentionally resisted Defendant's attempt to force her to detail her vicarious liability theories in her Opposition, as her TAC and Opposition page limits did not support fully developing those theories, but her Complaint did include enough facts to show there can be a basis, and those theories can be argued after discovery. Plaintiff's Opposition to Defendant's Motion to Dismiss at ¶ 8, 15, 41, 42-43, 47-48, 50.

33. New facts in a Reply cannot be used to "prove" the original Motion's allegations if it was not argued in the Opposition. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Thus, there is currently no basis for any allegations in this Amicus Declaration, even if they were legitimate, which they are not.

## I. PREJUDICE

34. The attempt to introduce this Amicus Declaration is yet another attempt to "poison the well," "stack the deck," and attack Plaintiff's character. This matter should be decided on the merits – not a legal street fight. Plaintiff should not have to immediately defend her integrity and character at the beginning of her own lawsuit.

35. Finally, in addition, the non-party expressed she wants to testify – and she will get that chance, as will others alleged to have acted as agents of Apple – but in the normal cadence and operations of civil litigation, not in whatever this is.

## III. CONCLUSION

36. Considering all of the above, Plaintiff respectfully asks the Court to strike Docket No. 62 in its entirety; and if not, then to strike the improper statements made within the Amicus Declaration. Plaintiff requests that this type of "evidence" not be considered for Apple's preliminary Motion to Dismiss or Motion to Strike. Plaintiff also asks for the Amicus Declaration to be used as evidence in support of Plaintiff's allegations of violations of the RICO Act, Bane Act, and Ralph Act later in this lawsuit. Plaintiff specifically requests consideration of:

a. Appleseed's admission she directly contacted Apple's lawyers to try to discuss how to reduce Apple's liability in this lawsuit.
b. Appleseed's allegation that Apple's lawyers never replied to her – which means Apple never warned her not to interfere, despite knowing her prior actions.
c. Appleseed's admission that someone tipped her off about this lawsuit which incited her to file this Amicus Declaration.
d. Appleseed's admission of being a "witness in defense" for Apple in the NLRB matter.
e. Appleseed's requests to force Plaintiff to have to withdraw allegations and evidence against Apple in Plaintiff's federal lawsuit.
f. Appleseed admitting all of the above in "support" of Apple's Motion to Strike Plaintiff's Third Amended Complaint.

Plaintiff also respectfully requests if the Motion to Dismiss is converted to a Motion for Summary Judgement, that Plaintiff have more time and an opportunity to present additional relevant evidence.

**Dated: April 23 2024**
Signature:

________________________________

**s/ Ashley M. Gjovik**
**Pro Se Plaintiff**
**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428