(Additional counsel on following page)

ASHLEY M. GJOVIK
2108 N. St. Ste 4553
Sacramento, CA 95816
(408) 883-4428
legal@ashleygjovik.com

*Pro Se* Plaintiff

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Dept:　Courtroom 5, 17th Floor<br>Judge:　Honorable Edward M. Chen<br>Date:　July 16, 2024<br>Time:　1:30 p.m. |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Ashley Gjovik ("Plaintiff") and Defendant Apple Inc. ("Defendant" or "Apple," and collectively with Plaintiff, the "Parties") hereby jointly submit this Joint Case Management Statement in advance of the July 16, 2024 Case Management Conference.

## I. JURISDICTION AND SERVICE

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the Parties are diverse. Defendant has been served.

## II. FACTS

Plaintiff's Position: Apple Inc. intentionally engaged in a course of unlawful conduct and unfair business practices that resulted in direct, severe, and ongoing harm to Ashley Gjovik as a neighbor and community member, as an employee, and as a consumer. This lawsuit arises from Apple's reckless disregard of environmental regulations and safety requirements around two Santa Clara County properties starting in 2015. Apple's acts and omissions resulted in severe and nearly fatal physical injuries to Gjovik in 2020, creating continued and present suffering.

Gjovik's complaints and inquiries to Apple about toxic waste in 2021 were swiftly met with retaliation and intimidation, including the adverse employment actions of unfavorable reassignment, interrogations, surveillance, five weeks of mandatory administrative leave, sabotage, denial of benefits and opportunities, suspension, wrongful termination, disparagement, defamation by reason of termination, denylisting, and more harassment. In the years that followed, Defendant engaged in extensive surveillance of Plaintiff and trespass of her property, including repeated burglaries and stalking. Defendant continues to terrorize Plaintiff ongoing, destroyed her reputation and employability, erased her life savings, and has generally made her life utterly miserable.

Defendant's Position: Plaintiff worked for Defendant from February 2015 until Defendant terminated her employment in September 2021 because she disclosed confidential product-related information in breach of her confidentiality obligations and then refused to meaningfully participate in the internal investigation regarding that disclosure. In January 2015, Plaintiff signed a confidentiality agreement "prohibit[ing] [Plaintiff], during or after employment, from using or disclosing, or permitting any other person or entity to use or disclose, any Proprietary Information without the written consent of Apple[.]" Further, in July 2018, Plaintiff voluntarily agreed to

1  participate in a confidential user study of an internal and proprietary application (the "Application")
2  and agreed, as a condition of participating, to maintain strict confidentiality. The consent form
3  permitted Plaintiff to withdraw from the study at any time. On August 28, 2021, Plaintiff publicly
4  disclosed on Twitter (now known as X) details about a proprietary study Defendant was conducting
5  about a confidential Apple product (the "Product") that Plaintiff had agreed to keep confidential.
6  Despite this, Plaintiff's tweet both identified the name and purpose of the study regarding the
7  Product. On August 30, 2021, Plaintiff tweeted photographs and a video of herself created by the
8  Application, thus disclosing Apple confidential information. She also linked to a story published in
9  The Verge, a technology blog, in which she disclosed her participation in the study regarding the
10 Application. Upon learning of her unauthorized disclosures, Defendant began an investigation. On
11 September 9, 2021, an Apple investigator requested to speak with Plaintiff as part of that
12 investigation. Plaintiff refused to be interviewed. Defendant completed its investigation, concluded
13 that Plaintiff had violated her confidentiality agreements and Apple policy, and terminated her
14 employment. Apple had likewise terminated the employment of other employees found to have
15 violated their confidentiality obligations. In addition to her employment claims, Plaintiff asserts
16 various torts against Defendant. Defendant denies any wrongdoing.

### III.   LEGAL ISSUES

Plaintiff's Position: Legal issues include causation, nexus, intent, negligence, pretext, fraud, protected activities, fairness, and risk. There will be multiple "*Reasonable Person*" exercises including foreseeability, expectation, severity, outrage, consent, offensiveness, endurance, and interference. The "Right to Know" will be a recurring theme. This case also involves several novel legal issues requiring policy arguments and creative advocacy from both parties related to privacy, surveillance, ears, expression, hazards, consent in the employment context, and personal data collection for commercial research and development.

Defendant's Position: It is too early to determine the legal issues until after the pleadings have been determined but they likely include: Whether Plaintiff engaged in protected activity under Cal. Labor Code §§ 98.6, 232, 232.5, and/or 6310 and/or *Tameny*, and, if so, whether the protected activity was a substantial motivating reason for Defendant's decision to terminate Plaintiff's

1  employment; Whether Defendant is liable to Plaintiff for a private nuisance or breach of contract;
2  Whether Plaintiff is entitled to any relief and if so, the type and/or amount;  Whether Plaintiff has
3  adequately mitigated any damages she claims to have incurred.

**IV.   MOTIONS**

Plaintiff's Position: At this time Plaintiff has no definite plans to file additional motions but is planning to potentially file a Motion for Summary Judgement on certain Questions of Law after discovery. Plaintiff may also need to file Motions to Compel and other discovery related motions, based on Defendant's discovery conduct in this case and the U.S. Dept. of Labor case thus far.

Defendant's Position: Defendant intends to file a motion to dismiss on July 15, 2024 regarding certain claims in the now-operative Fourth Amended Complaint. Defendant may file a motion for summary judgment under Rule 56 for resolution of any outstanding issues.

**V.   AMENDMENT OF PLEADINGS**

Plaintiff's Position: As this is complex litigation covering multiple legal subject areas, Plaintiff expects she will need to amend her complaint again prior to trial to conform with evidence identified during discovery and/or as the issues narrow and crystalize. Plaintiff will also respectfully request leave to amend if any of Defendant's upcoming 12(b)(6) requests are granted.

Defendant's Position: Plaintiff filed a Fourth Amended Complaint on June 17, 2024; Defendant intends to file a motion to dismiss. Defendant contends that no further amendments should be permitted.

**VI.   EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action

**VII.   DISCLOSURES**

Plaintiff's Position: Plaintiff will provide initial disclosures to Defendant on July 9 2024, as required by Rule 26(a)(1) following their meet/confer, and expects Defendant to do the same.

Defendant's Position: Defendant timely and fully complied with the initial disclosure

1  requirements of General Order 71 ("GO 71"). Plaintiff has not fully complied with GO 71's

2  requirements.

3  **VIII.  DISCOVERY**

4  - **Discovery taken to date:**

5  Plaintiff's Position: Discovery began in the U.S. Dept. of Labor case in March 2024. However,

6  Plaintiff had to file a Motion to Compel two weeks ago. It is Plaintiff's understanding that discovery

7  did not start in this civil case until the completion of the 26(f) conference in June 25 2024. Plaintiff

8  believes discovery has now started and she may send Defendant her first Request for Production.

9  Defendant's Position: None.

10  - **Scope of anticipated discovery:**

11  Plaintiff's Position: Plaintiff believes the scope should be nonprivileged matters that are

12  relevant to any party's claim or defense.

13  Defendant's Position: Discovery should be stayed until the pleadings are settled because,

14  until then, the appropriate scope of discovery is unknown (*i.e.*, neither the Parties nor the Court can

15  fully determine what matters are "relevant to any party's claim or defense and proportional to the

16  needs of the case" within the meaning of FRCP 26(b)(1)). Alternatively, discovery prior to

17  Defendant's answer should be limited to written discovery related to the claims not at issue in

18  Defendant's forthcoming motion to dismiss.

19  - **Proposed limitations or modifications of the discovery rules:**

20  Plaintiff's Position: There will be some overlapping discovery in this case and the U.S. Dept

21  of Labor OALJ case (with active discovery underway). Because of the potential for conflicts -

22  especially decisions related to privilege, confidentiality, and exclusion of evidence - coordination

23  between cases will be urgent and critical to ensuring consistency and progress.

24  Defendant's Position: Discovery should be limited at this time as outlined above. With this

25  exception, Defendant contends there should be no modifications of the discovery rules.

26  - **A brief report on whether the parties have considered entering into a stipulated e-discovery order:**

27  Plaintiff's Position: Plaintiff is receptive to the idea.

28  Defendant's Position: Defendant does not believe that a stipulated e-discovery order is

necessary or appropriate in this action.

- **Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):**
    - **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

Plaintiff's Position: Initial Disclosures are to be made on Tuesday July 9 2024 in compliance with Rule 26(a)(1), following the party's June 25 2024 meet and confer. Defendant has not completed its disclosures for any of the claims, but especially for the Toxic Torts, IIED, and antitrust claims – which have no relation to General Order 71, and their applicability in this case is exactly why General Order 71 does not and should not apply. Defendant needs to provide full disclosures.

Defendant's Position: Defendant does not propose any changes to the timing, form, or requirement for disclosures under GO 71. Defendant made its initial GO 71 disclosures on December 18, 2023 and supplemented them on April 5, 2024 and May 15, 2024. Plaintiff has not fully complied with GO 71's initial disclosure requirements.

- **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Plaintiff's Position: Discovery should commence. Plaintiff recommends phases, starting with targeted questions that will help narrow the focus of subsequent phases. Plaintiff has also already offered numerous compromises and accommodations to Defendant, including redactions and physically viewing sensitive documents at an office for a more focused selection of which documents are needed prior to taking possession. Plaintiff requests guidance of the procedure for quantity of interrogatories for a lawsuit such as this that is essentially a proactive Rule 18 Joinder of separate claims. Plaintiff has limited resources and will be unable to afford many depositions, but would like to supplement with interrogatories and would benefit from her interrogatory quantity being allotted for at least the whistleblower/labor and toxic tort causes separately (so double).

Defendant's Position: Discovery should be stayed until the pleadings are settled. Alternatively, discovery should be limited to written discovery related to the claims not at issue in Defendant's forthcoming motion to dismiss. At this time, it is premature to set a date for the completion of discovery.

- **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

Plaintiff's Position: There are already multiple issues related to discovery, including refusal to provide FRCP Initial Disclosures, reliance on boilerplate objections, refusal to provide privilege logs, claims of ACP in conversations where no attorney was present, and insistence on use of blanket protective orders to claim confidentiality of matters that are not confidential (and even on matters that are clearly of the public interest and/or matters of public safety).

Defendant's Position: None at this time, other than whether Plaintiff is required to comply with GO 71, and whether discovery should be stayed until after the pleadings are settled.

- **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

Plaintiff's Position: Concerns about Defendant's willingness to provide privilege logs.

Defendant's Position: None at this time.

- **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

Plaintiff's Position: Plaintiff requests scrutiny of any requests from Defendant for approval of easily abused tools and tactics, such as a blanket protective orders, or frequent vague requests to stay discovery. Plaintiff also requests Defendant be required to 'show their work' for any of these types of requests, and provide a full, proper justification for each issue and request. Plaintiff requests high scrutiny of any requests from Defendant to this Court that appear to be an attempt to censor and silence her – especially about topics like public safety. Plaintiff accepts all responsibility for her conduct and any sanctions if she does actually act improperly.

Defendant's Position: Discovery should be limited at this time as outlined above.

- **(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff's Position: Structure would be helpful around depositions, interrogatories, document production, privilege, expert witnesses, discovery disputes, and ADR.

Defendant's Position: Defendant proposes no such orders at this time.

1      • **Identified discovery disputes:**

2      Plaintiff's Position: There are multiple disputes related to scope, process, confidentiality, and
3  willingness to participate in discovery. Further, Plaintiff continues to allege, (and her NLRB claim
4  is still pending a decision), that Defendant's actions in December 2023 under the premise of
5  General Order 71 and a Protective Order (where Defendant claimed Plaintiff's performance
6  reviews, health benefits, and EHS complaints were secret and confidential) violated federal law.

7      Defendant's Position: Plaintiff has not fully complied with the initial disclosure
8  requirements of GO 71 and should promptly complete her initial disclosures.

9  **IX.   RELATED CASES**

10      Plaintiff's Position: There are no other pending actions in federal or state Courts. There is
11  one pending agency adjudication within the U.S. Dept of Labor Office of Administrative Law
12  Judges in Boston, MA (*Ashley Gjovik v Apple Inc,* Case No. 2024-CER-00001). Coordination of
13  cases is required as there are overlapping claims and damages, and Defendant has already taken
14  several actions to initiate conflicts between and within the two cases.  Plaintiff would appreciate
15  guidance if a Notice of Pendency is appropriate for this type of adjudication, and/or how to request
16  assistance with or guidance on the preferred way to coordinate cases with this Court and the OALJ
17  ALJ. Plaintiff also has multiple charges filed against Defendant with the US NLRB, and the US
18  NLRB has already found merit that there is substantial evidence the Defendant may have violated
19  the NLRA under two of her claims, however any litigation would not include Plaintiff as a party.

20      Defendant's Position: On August 26, 2021, Plaintiff filed a charge against Defendant before
21  the National Labor Relations Board alleging that Defendant retaliated against her because she
22  engaged in protected concerted activity. No decision has been issued. On December 29, 2023,
23  Plaintiff filed another NLRB charge against Defendant alleging that Defendant is forbidding her
24  from talking about this case by requesting that she enter into a protective order regarding discovery
25  (modeled on the N.D. Cal. template). No decision has been issued.

26      On August 29, 2021 and November 2, 2021, Plaintiff filed whistleblower retaliation
27  complaints with the U.S. Department of Labor (DOL) alleging that her suspension and termination
28  amounted to retaliation in violation of the Sarbanes-Oxley Act (SOX), the Occupational Safety and

1  Health Act (OSHA 11(c)), and the Comprehensive Environmental Response, Compensation and
2  Liability Act (CERCLA). With respect to her SOX claim, this Court dismissed it with prejudice on
3  May 20, 2024. With respect to her CERCLA and OSHA 11(c) claims, DOL found no reasonable
4  cause on December 8, 2023. On January 7, 2024, Plaintiff requested a hearing before the Office of
5  Administrative Law Judges regarding her CERCLA claim. The hearing is set for the week of March
6  3, 2025. On April 29, 2024, the Secretary of Labor concluded on administrative review that there
7  was insufficient evidence to establish any violation of OSHA 11(c); this is a final DOL decision.

**X.    RELIEF**

Plaintiff's Position: Plaintiff requests damages (compensatory, expectancy, consequential, punitive, nominal, restitution, tax offsets, interest, pro se attorney's fees, and legal costs), as well as injunctive and declaratory relief. Estimates for non-pecuniary, punitive, toxic, and other complex matters will be determined later in the lawsuit or by a jury. In 2020, Plaintiff's total annual pay without benefits was $386,382. Employment-related damages are estimated at around $10M for combined back pay, front pay, loss of future earnings, costs, personal injury, and loss of benefits. A non-pecuniary injury multiplier of 4 x pecuniary is suggested, raising the total to $31M. An additional $2M is estimated for interest, tax offset, and attorney's fees. Post-employment IIED damages would be separate. Toxic Tort compensatory damages will be based on physical and mental injury, diminished value and lost use of chattel and real property interests, and expenses. A non-pecuniary injury multiplier of x5 is suggested (risk of disease, fear of cancer, emotional distress, diminution of quality of life, pain and suffering, and loss of enjoyment of life). The total amount is expected to be similar or more than the whistleblower and labor damages. Plaintiff will need to develop a plan to avoid damages conflicts and mange preclusion in this concurrent multi-jurisdiction litigation. CACI 3924 "Damages on Multiple Legal Theories" will likely be applicable.

Defendant's Position: Defendant denies that Plaintiff is entitled to any recovery in this case.

**XI.   SETTLEMENT AND ADR**

Plaintiff's Position: Parties stipulated to an ADR Settlement Conference. However, Plaintiff is concerned that Defendant will not engage in good faith. Plaintiff asked for confirmation that the Conference scope would be a global settlement of all of Plaintiff's claims against Defendant seeking

1  damages (civil, U.S. Dept. of Labor, US NLRB) – as an earnest Settlement Conference requires

2  representation of all cases and law firms (i.e., Morgan Lewis). The Defendant has not responded to

3  this inquiry for over eight months. Plaintiff requests Defendant's candor, and consideration of Early

4  Neutral Evaluation instead if Defendant is not interested in settling at this time or at all.

5  <u>Defendant's Position</u>: In accordance with ADR Local Rule 3-5, the Parties met and

6  conferred regarding ADR options. The Parties intend to stipulate to an ADR process.

7  **XII.   OTHER REFERENCES**

8  <u>Plaintiff's Position</u>: Plaintiff does not want arbitration and MDL is not applicable. Plaintiff

9  is interested in the possibility of a special master for discovery disputes.

10  <u>Defendant's Position</u>: Defendant does not believe that the case is suitable for reference to

11  binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

12  **XIII.   NARROWING OF ISSUES**

13  <u>Plaintiff's Position</u>: Plaintiff believes that further narrowing of issues should occur through

14  mechanisms such as discovery, stipulated facts, and summary adjudication. Plaintiff believes

15  another 12(b)(6) motion is unnecessary and will waste the Plaintiff and Court's time and resources.

16  Plaintiff also regrets dropping her RICO 1962(c), 1962(d), Bane, and Ralph claims as she expected

17  that in voluntarily dropping the claims that Defendant would not file another Motion to Dismiss.

18  <u>Defendant's Position</u>: On July 15, 2024, Defendant intends to file a motion to dismiss

19  certain claims in the Fourth Amended Complaint. Defendant believes it is premature to expedite

20  the presentation of evidence at trial or to request to bifurcate issues, claims, or defenses.

21  **XIV.   SCHEDULING**

22  <u>Plaintiff's Position</u>: Plaintiff suggests scheduling the trial around one year out with the

23  Court's standard scheduling of dependent events prior. As an expert project manager, she feels

24  strongly there should always be a project schedule, even if it might need to be adjusted later.

25  <u>Defendant's Position</u>: Defendant believes that it is premature to set a case schedule prior to

26  a ruling on Defendant's forthcoming motion to dismiss.

27  **XV.   TRIAL**

28  <u>Plaintiff's Position</u>: Plaintiff requests a Jury trial for issues of fact and certain issues of law.

Duration of the Jury trial is unknown due to the complexity of claims, but Plaintiff expects at least one week will be needed. Additional time will also be needed for the expected partial Bench trial with Summary Judgement motions on certain Questions of Law.

Defendant's Position: Plaintiff had made a demand for a jury trial. Defendant anticipates the parties would need five days for trial.

**XVI.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff's Position: Plaintiff has no disclosable non-parties who are interested entities or persons in the outcome of her side of this litigation.

Defendant's Position: Plaintiff filed a Disclosure of Conflicts and Interested Entities or Persons. Dkt. 2. Defendant filed a Certification of Conflicts and Interested Entities informing the Court that there is no conflict of interest (other than the named parties) to report. Dkt. 11.

**XVII.  PROFESSIONAL CONDUCT**

Defendant's Position: The attorneys of record for Defendant have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XVIII. OTHER MATTERS**

Plaintiff's Position: Due to the complexity of the case and the current dynamic between parties, Plaintiff sees benefit in regular reoccurring Status Conferences and Updates with the Court. Plaintiff has already utilized the Court's Pro Se clinic for procedural guidance and plans to continue utilizing the helpful resources available there.

Defendant's Position: Defendant is not presently aware at this time of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

Dated: July 9, 2024         By:     /s/ Ashley M. Gjovik
                                    ASHLEY M. GJOVIK
                                    Plaintiff

Dated: July 9, 2024         By:     /s/ Jessica R. Perry
                                    JESSICA R. PERRY
                                    Attorneys for Defendant Apple Inc.