1   (Additional counsel on following page)

2   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
3   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA 94025-1015
    Telephone:    +1 650 614 7400
6   Facsimile:    +1 650 614 7401

7   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA 94105-2669
10  Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759

11

12  Attorneys for Defendant
    Apple Inc.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO DIVISION

16

17
    ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC
18
                    Plaintiff,              **DEFENDANT APPLE INC.'S NOTICE
19                                          OF MOTION AND MOTION TO
            v.                              DISMISS PORTIONS OF PLAINTIFF'S
20                                          FOURTH AMENDED COMPLAINT;
    APPLE INC.,                             MEMORANDUM OF POINTS AND
21                                          AUTHORITIES IN SUPPORT
                    Defendant.              THEREOF**
22
                                            Dept:     Courtroom 5, 17th Floor
23                                          Judge:    Honorable Edward M. Chen
                                            Date:     August 22, 2024
24                                          Time:     1:30 p.m.

25

26

27

28

APPLE'S MOTION TO DISMISS 4AC
                                            CASE NO. 23-cv-4597-EMC

1   KATE E. JUVINALL (SBN 315659)
    kjuvinall@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    631 Wilshire Blvd., Suite 2-C
3   Santa Monica, CA 90401
    Telephone:     +1 310 633 2800
4   Facsimile:     +1 310 633 2849

5   RYAN D. BOOMS (SBN 329430)
    rbooms@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    2100 Pennsylvania Avenue NW
7   Washington, D.C. 20037
    Telephone:     +1 202 339 8400
8   Facsimile:     +1 202 339 8500

9   Attorneys for Defendant
    Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

# TABLE OF CONTENTS

Page No.

I.      INTRODUCTION/STATEMENT OF ISSUES ................................................................. 1

II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS............................................................. 4

III.    ARGUMENT ......................................................................................................................... 5

        A.      AMENDMENTS NOT AUTHORIZED BY THE MAY 20 ORDER
                SHOULD BE DISMISSED. ..................................................................................... 5

        B.      ALL CLAIMS UNTETHERED TO PLAINTIFF'S EMPLOYMENT
                SHOULD BE DISMISSED. ..................................................................................... 6

                1.      NINTH CLAIM: THE UCL CLAIM SHOULD BE DISMISSED. ........... 6

                2.      TENTH & THIRTEENTH CLAIMS: PLAINTIFF'S MULTIPLE
                        IIED CLAIMS FAIL.................................................................................... 11

                3.      ELEVENTH CLAIM: PLAINTIFF'S NUISANCE CLAIM IS
                        TIME BARRED............................................................................................ 14

                4.      TWELFTH CLAIM: PLAINTIFF'S ULTRAHAZARDOUS
                        CLAIM IS TIME BARRED AND FAILS TO ALLEGE
                        ULTRAHAZARDOUS ACTIVITY UNDER THE LAW. ...................... 17

        C.      SEVERAL OF PLAINTIFF'S TERMINATION-RELATED CLAIMS
                ALSO FAIL TO STATE A CLAIM. ...................................................................... 19

                1.      SECOND CLAIM: PLAINTIFF'S 1102.5 CLAIM SHOULD BE
                        DISMISSED IN PART. ............................................................................... 19

                2.      FOURTH CLAIM: THE HSITA CLAIM SHOULD BE
                        DISMISSED BECAUSE THE ALLEGED COMPLAINTS DO
                        NOT CONCERN "HAZARDOUS SUBSTANCES.".............................. 21

                3.      FIFTH CLAIM: THE LABOR CODE SECTION 98.6 CLAIM
                        FAILS TO THE EXTENT THAT IT SEEKS CIVIL PENALTIES. ....... 21

                4.      SIXTH CLAIM: THE LABOR CODE SECTION 232, 232.5, 1101,
                        AND 1102 CLAIMS FAIL IN PART, TO THE EXTENT
                        PREMISED ON ALLEGED STATEMENTS REGARDING
                        PALESTINIANS, MUSLIMS, AND UYGHURS AND ALLEGED
                        DISCLOSURES OF WAGES. ..................................................................... 22

                5.      SEVENTH CLAIM: THE SECTION 96(K) CLAIM FAILS
                        BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION. ................. 23

                6.      EIGHTH CLAIM: THE BREACH OF IMPLIED COVENANT
                        CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF
                        DOES NOT IDENTIFY THE CONTRACT OR PLEAD A TERM
                        APPLE ALLEGEDLY BREACHED. ......................................................... 24

IV.     CONCLUSION.................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Apple iPhone Antitrust Litig.*,
   846 F.3d 313 (9th Cir. 2017)..................................................................................................... 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 11, 15

*Bain v. Town of Hempstead*,
   WL 413552 (E.D.N.Y. Feb. 5, 2021), *aff'd sub nom. T.B. by Bain v. Town of
   Hempstead Animal Shelter*, 2022 WL 728826 (2d Cir. Mar. 11, 2022) ................................. 12

*Beaver v. Tarsadia Hotels*,
   816 F.3d 1170 (9th Cir. 2016)................................................................................................... 8

*Bell v. St. Clair*,
   2015 WL 1606968 (E.D. Cal. Apr. 9, 2015).............................................................................. 8

*Benson v. Kwikset Corp.*,
   152 Cal. App. 4th 1254 (2007), *as modified on denial of reh'g* (July 26, 2007)..................... 7

*Benton v. Baker Hughes*,
   2013 WL 3353636 (C. D. Cal. June 30, 2013) ..................................................................... 5, 6

*Bernson v. Browning-Ferris Indus.*,
   7 Cal.4th 926 (1994) ............................................................................................................... 17

*Bhinder v. Bank of Am., N.A.*,
   2013 WL 4010583 (E.D. Cal. Aug. 5, 2013) ..................................................................... 14, 16

*Bondarenko v. Wells Fargo Bank, N.A.*,
   2016 WL 1622410 (C.D. Cal. Apr. 18, 2016) ........................................................................... 7

*Bontrager v. Showmark Media LLC*,
   2014 WL 12600201 (C.D. Cal. June 20, 2014) ......................................................................... 7

*Brahmana v. Lembo*,
   2010 WL 965296 (N.D. Cal. Mar. 17, 2010)........................................................................... 23

*Camsi IV v. Hunter Tech. Corp.*,
   230 Cal. App. 3d 1525 (1991), *reh'g denied and opinion modified* (July 2,
   1991) ....................................................................................................................................... 14

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
   2016 WL 3879028 (N.D. Cal. July 18, 2016), *aff'd*, 743 F. App'x 883 (9th Cir.
   2018) ....................................................................................................................................... 10

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC

*Coal. for Reasonable Regul. of Naturally Occurring Substances v. Cal. Air Res. Bd.*,
   122 Cal. App. 4th 1249 (2004), *as modified on denial of reh'g* (Oct. 29, 2004) .................. 18

*Coppola v. Smith*,
   19 F. Supp. 3d 960 (E.D. Cal. 2014) ................................................................................... 5

*De Souza v. Dawson Tech., Inc.*,
   2022 WL 298368 (S.D. Cal. Feb. 1, 2022) ........................................................................ 19

*Doe One v. CVS Pharmacy, Inc.*,
   2022 WL 3139516 (N.D. Cal. Aug. 5, 2022) ..................................................................... 15

*Doe One v. CVS Pharmacy, Inc.*,
   2024 WL 1707229 (N.D. Cal. Apr. 18, 2024) ...................................................................... 9

*Dowell v. Contra Costa Cnty.*,
   928 F. Supp. 2d 1137 (N.D. Cal. 2013) ............................................................................. 23

*Echlin v. PeaceHealth*,
   887 F.3d 967 (9th Cir. 2018) .............................................................................................. 25

*Fenters v. Yosemite Chevron*,
   2009 WL 4928362 (E.D. Cal. Dec. 14, 2009) .................................................................... 20

*Ferrington v. McAfee, Inc.*,
   2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ........................................................................ 9

*Fleeman v. Cnty. of Kern*,
   2021 WL 663764 (E.D. Cal. Feb. 19, 2021) ...................................................................... 24

*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal.4th 797 (2005) ........................................................................................................ 14

*People ex rel. Garcia-Brower v. Kolla's, Inc.*,
   14 Cal. 5th 719 (2023) ....................................................................................................... 22

*Garza v. BNSF R. Co.*,
   2012 WL 2118179 (E.D. Cal. June 11, 2012) .................................................................... 11

*Greenfield MHP Assocs., L.P. v. Ametek, Inc.*,
   145 F. Supp. 3d 1000 (S.D. Cal. 2015) ......................................................................... 16, 17

*Grinzi v. San Diego Hospice Corp.*,
   120 Cal. App. 4th 72 (2004) .............................................................................................. 23

*Guz v. Bechtel Nat'l. Inc.*,
   24 Cal.4th 317 (2000) ........................................................................................................ 24

*Howe v. Target Corp.*,
    2020 WL 5630273 (S.D. Cal. Sept. 21, 2020) ........................................................................ 24

*Huynh v. Quora, Inc.*,
    508 F. Supp. 3d 633 (N.D. Cal. 2020) .................................................................................... 8

*Jackson v. Mesa Cmty. Coll.*,
    2022 WL 17717402 (9th Cir. Dec. 15, 2022) ....................................................................... 25

*James v. PC Matic, Inc.*,
    2023 WL 4291668 (C.D. Cal. May 17, 2023) ....................................................................... 19

*Jolly v. Eli Lilly & Co.*,
    44 Cal.3d 1103 (1988) ............................................................................................ 13, 15, 17

*King v. City & Cnty. of San Francisco*,
    2022 WL 4629448 (N.D. Cal. Sept. 30, 2022) ................................................................. 6, 22

*King v. Facebook, Inc.*,
    572 F. Supp. 3d 776 (N.D. Cal. 2021) ................................................................................. 11

*La v. San Mateo Cnty. Transit Dist.*,
    2014 WL 4632224 (N.D. Cal. Sept. 16, 2014) ..................................................................... 19

*Lopez v. Wachovia Mortg.*,
    2009 WL 4505919 (E.D. Cal. Nov. 20, 2009) ........................................................................ 3

*McKenna v. Permanente Med. Grp., Inc.*,
    894 F. Supp. 2d 1258 (E.D. Cal. 2012) ................................................................................ 12

*Merrick Gables Ass'n, Inc. v. Town of Hempstead*,
    691 F. Supp. 2d 355 (E.D.N.Y. 2010) .................................................................................. 19

*Mickens v. Hous. Auth. of City of Los Angeles*,
    2023 WL 5155027 (C.D. Cal. July 3, 2023) ......................................................................... 11

*Minor v. Fedex Off. & Print Servs., Inc.*,
    182 F. Supp. 3d 966 (N.D. Cal. 2016) .................................................................................. 20

*Morales v. Home Depot U.S.A.*,
    2006 WL 8455469 (S.D. Cal. July 18, 2006) ....................................................................... 24

*Moreyra v. Fresenius Med. Care Holdings, Inc.*,
    2012 WL 13014985 (C.D. Cal. Mar. 7, 2012) ........................................................................ 7

*Muniz v. United Parcel Serv., Inc.*,
    731 F. Supp. 2d 961 (N.D. Cal. 2010) .................................................................................. 22

*Norgart v. Upjohn Co.*,
    21 Cal.4th 383 (1999) .......................................................................................................... 17

APPLE INC.'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EC

*Park-Kim v. Daikin Indus., Ltd,*
    2016 WL 5958251 (C.D. Cal. Aug. 3, 2016) ........................................................ 9

*Pashman v. Aetna Ins. Co,*
    2014 WL 3571689 (N.D. Cal. July 18, 2014) ...................................................... 25

*Peak v. TigerGraph, Inc.,*
    2021 WL 4061703 (N.D. Cal. Sept. 7, 2021) ...................................................... 25

*Potter v. Firestone Tire & Rubber Co.,*
    6 Cal.4th 965 (1993) ........................................................................................... 14

*Schwartzman, Inc. v. General Elec. Co.,*
    848 F. Supp. 942 (D.N.M. 1993) ........................................................................ 19

*Singelyn v. PNC Bank Nat'l Ass'n,*
    2024 WL 1601857 (C.D. Cal. Jan. 12, 2024) ....................................................... 9

*SunL Grp. (L.A.), Inc. v. Seaseng, Inc.,*
    2007 WL 4144992 (C.D. Cal. Sept. 14, 2007) ...................................................... 7

*Tamburri v. Suntrust Mortg., Inc.,*
    2013 WL 4528447 (N.D. Cal. Aug. 26, 2013), *aff'd,* 623 F. App'x 878 (9th
    Cir. 2015) ......................................................................................................... 7, 8

*W. Digital Techs., Inc. v. Viasat, Inc.,*
    2023 WL 7739816 (N.D. Cal. Nov. 15, 2023) ..................................................... 15

*Yurick v. Superior Court,*
    209 Cal. App. 3d 1116 (1989) ............................................................................. 11

**Statutes**

42 U.S.C. §§6921-25 .................................................................................................. 18

42 U.S.C. §6928(e) ..................................................................................................... 18

42 U.S.C. §7412 ......................................................................................................... 18

42 U.S.C. §7413 ......................................................................................................... 18

42 U.S.C. §11002 .................................................................................................. 18, 19

Cal. Bus. & Prof. Code §17203 ................................................................................... 9

Cal. Bus. & Prof. Code §17204 ........................................................................... 7, 9, 10

Cal. Bus. & Prof. Code §17208 ................................................................................... 8

Cal. Code Civ. Proc. §340(a) ................................................................................ 20, 21

Cal. Code Civ. Proc. §340.8 ........................................................................... 12, 15

Cal. Code Civ. Proc. §382 ..................................................................................... 9

Cal. Code Regs. tit. 8, §339 .................................................................................. 21

Cal. Code Regs. tit. 17, §93000 ............................................................................ 17

Cal. Lab. Code §96(k) ................................................................................. 3, 23, 24

Cal. Lab. Code §98.6 .................................................................................. 3, 22, 23

Cal. Lab. Code §232 ............................................................................... 3, 5, 22, 23

Cal. Lab. Code §232.5 ............................................................................ 3, 5, 22, 23

Cal. Lab. Code §1101 ............................................................................. 3, 5, 22, 23

Cal. Lab. Code §1102 ............................................................................. 3, 5, 22, 23

Cal. Lab. Code §1102.5 ................................................................... 2, 5, 19, 20, 21

Cal. Lab. Code §6362 ........................................................................................... 21

Cal. Lab. Code §6380 ........................................................................................... 21

Cal. Lab. Code §6399.7 ........................................................................................ 21

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................... 2, 11

Fed. R. Civ. P. 11 ................................................................................................. 24

Fed. R. Civ. P. 12 ............................................................................................. 1, 15

Fed. R. Civ. P. 15 ................................................................................................... 5

California Civil Jury Instructions No. 455 .......................................................... 16

APPLE INC.'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EC

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2      TO PLAINTIFF ASHLEY GJOVIK: **PLEASE TAKE NOTICE** that on August 22, 2024,

3   at 1:30 p.m. in Courtroom 5, on the 17th Floor of the above-titled Court, located at 450 Golden

4   Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. will move the Court for an Order

5   dismissing the Second Claim (in part), the Fourth Claim, the Fifth Claim (in part), the Sixth Claim

6   (in part), and the Seventh through Thirteenth Claims of Plaintiff's Fourth Amended Complaint on

7   the grounds that Plaintiff fails to state a claim upon which relief can be granted under Rule

8   12(b)(6).[1] This Motion is based on this Notice of Motion, the accompanying Memorandum of

9   Points and Authorities, the complete pleadings and records on file, and other evidence and

10  arguments as may be presented at the hearing on this Motion.

11

## MEMORANDUM OF POINTS AND AUTHORITIES

12

## I.      INTRODUCTION/STATEMENT OF ISSUES

13      As the Court recognized in its May 20, 2024 order regarding Plaintiff's prior complaint,

14  "[t]he gist of [Plaintiff's] suit is that Apple retaliated against her because she complained about

15  conduct at the company[.]" Dkt. 73 (the "May 20 Order") at 1. This case should be a straightforward

16  wrongful termination case, with companion claims for alleged whistleblower retaliation.

17  Accordingly, Apple is not moving to dismiss any part of Plaintiff's First or Third Claims, which

18  allege wrongful termination and whistleblower retaliation under California law.[2]

19      However, Plaintiff's Fourth Amended Complaint (the "4AC") continues to muddy the

20  waters by inadequately pleading numerous claims that are not premised on purported retaliation,

21  untethered to her employment with Apple, time barred, and/or not legally cognizable. Several of

22  her retaliation-based claims fail to state a claim and are deficient under Rule 12(b)(6) as well. The

23  4AC also goes well beyond what this Court authorized in its May 20 Order. There, the Court granted

24

25  [1] All references to "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted. The
    references to claims by number reflect the numbering of claims in the body of the Fourth Amended
26  Complaint, rather than on the caption page (which contains contrary numbering).

27  [2] For purposes of this Motion only and under the Rules, Apple is required to accept Plaintiff's
    factual allegations as if they were true, even though they are not, and to seek dismissal of those
28  claims that fail to state a claim ***even if*** the allegations could be proven. That Apple is not moving
    to dismiss these claims does not imply that Apple believes they have any merit; they do not.

leave to amend particular causes of action on particular bases, and to the extent Plaintiff could allege particular additional facts in good faith. Plaintiff has sought to add claims and allegations far outside the bounds of this Court's order, without seeking leave. Her eleventh-hour attempt to introduce yet further claims and allegations into this litigation should be rejected.

Apple moves to dismiss the following claims not tethered to Plaintiff's employment:

- The Ninth Claim under the California Unfair Competition Law ("UCL") should be dismissed because Plaintiff was not granted leave to amend to craft an entirely new theory of statutory standing, as she has attempted to do, and she nonetheless fails to establish any basis for statutory standing, which is dispositive of this claim whether styled as seeking restitutionary or injunctive relief. Moreover, Plaintiff would not be entitled to restitution because she alleges that she lost money to a third party but does not allege that Apple benefited, and would not be entitled to an injunction because she lacks Article III standing. Additionally, this claim is time barred.

- The Tenth Claim for intentional infliction of emotional distress should be dismissed because much of the alleged conduct is not outrageous as a matter of law and the remaining alleged conduct does not meet the Rule 8 pleading standard or was deemed inadequate in the May 20 Order.

- The Eleventh Claim for private nuisance based on the alleged activities of Apple's facility at 3250 Scott Boulevard should be dismissed because it is time barred.

- The Twelfth Claim for ultrahazardous activities, also based on the alleged activities of Apple's facility at 3250 Scott Boulevard, should be dismissed both because it is time barred and because Plaintiff does not allege any ultrahazardous activities as a matter of law.

- The Thirteenth Claim for intentional infliction of emotional distress premised on a fear of cancer is time barred, and in any event, Plaintiff does not allege the intent element.

In addition, Apple moves to dismiss the following retaliation-based claims which are not adequately pled and/or are not legally cognizable:

- The Second Claim under Labor Code section 1102.5[3] should be dismissed in part to the extent it is based on alleged complaints about smuggling or sanctions violations because Plaintiff was not granted leave to introduce this new theory and, regardless, she does not identify

---

[3] All references to the "Labor Code" are to California Labor Code unless otherwise noted.

- 2 -
APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

any predicate statute she contends was violated, as is legally required to state a claim. The Second Claim should also be dismissed in part to the extent that Plaintiff continues to allege that she complained about violations of entire statutory frameworks as opposed to specific statutes. Moreover, the Second Claim should be dismissed in part, to the extent it seeks civil penalties and is therefore time barred.[4]

- The Fourth Claim under the Hazardous Substances Information and Training Act ("HSITA") should be dismissed because Plaintiff was not granted leave to add it and, in any event, her alleged complaints did not concern "hazardous substances" within the meaning of HSITA.

- The Fifth Claim under Labor Code section 98.6 should be dismissed in part to the extent it seeks civil penalties and is therefore time barred.

- The Sixth Claim should be dismissed in part to the extent it asserts violations of Labor Code sections 232.5, 1101, and 1102 predicated on concerns allegedly raised about Palestinian and Muslim rights and an alleged article about working conditions for Uyghurs because not only was Plaintiff not granted leave to add this claim, but she also fails to allege a disclosure under Section 232.5, she fails to allege a "rule, regulation, or policy" under Section 1101, and she fails to allege that Apple threatened to discharge her if she did not adopt a particular course of political activity, as is required under Section 1102. Additionally, the Sixth Claim should be dismissed in part to the extent it asserts violations of Sections 232 and 232.5 predicated on Plaintiff's alleged disclosure of her wages because Plaintiff does not plausibly allege that Apple knew about her alleged disclosure.

- The Seventh Claim under Labor Code section 96(k) fails because there is no private right of action under that statute.

- The Eighth Claim for breach of implied covenant should be dismissed to the extent that it relies on newly alleged theories Plaintiff did not have leave to introduce. Further, this claim should be dismissed because Plaintiff fails to identify any underlying contract or term that would support any implied covenant that Apple allegedly breached by terminating Plaintiff.

---

[4] Courts can dismiss only a portion of, or one of several theories alleged in, a single claim. *See, e.g.*, *Lopez v. Wachovia Mortg.*, 2009 WL 4505919, at *3-4 (E.D. Cal. Nov. 20, 2009). Alternatively, Apple is separately moving to strike portions of the Second, Fifth, and Sixth Claims.

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.      SUMMARY OF PLAINTIFF'S ALLEGATIONS[5]

Plaintiff worked for Apple from February 2015 until Apple terminated her employment in September 2021. 4AC ¶8. Apple told her it was terminating her employment because she disclosed confidential product-related information and failed to cooperate in an investigation. *See id.* ¶¶132-33. Plaintiff contends the termination was in retaliation for raising concerns to government agencies and others. *See, e.g., id.* ¶2.

Beginning in 2017, Complainant worked at an Apple office located at 825 Stewart Drive in Sunnyvale, California ("825 Stewart"). *Id.* ¶47. The office building is located on the TRW Microwave Superfund site, which is monitored and overseen by the U.S. Environmental Protection Agency ("EPA") and for which Northrup Grumman—not Apple—is the statutorily defined Responsible Party. *See id.* ¶¶47, 49. In March 2021, Apple emailed Plaintiff and other Apple employees about an upcoming test for potential vapor intrusion at the office where Plaintiff was assigned to work. *Id.* ¶55. In the following months, Plaintiff expressed safety concerns about vapor intrusion, both internally and to various government entities, including the EPA. *See, e.g., id.* ¶¶55, 59. She contends that she came to believe that a fainting spell that she had experienced in the office in 2019 was due to vapor intrusion. *See id.* ¶63.

Plaintiff further claims that in 2015 Apple began operating a facility at 3250 Scott Boulevard in Santa Clara, California (the "Scott building") that allegedly vented gases near an apartment complex where Plaintiff lived in 2020. *Id.* ¶¶26-28. She contends that shortly after she moved into the apartment complex she fell ill and went on short-term disability. *Id.* ¶¶31-32. She claims that in 2023 she came to believe her illness was due to gases from the Apple facility near her former apartment. *See id.* ¶¶4, 149.

---

[5] For purposes of this Motion only and as required under the Rules, Apple recites Plaintiff's factual allegations as if they were true, even though they are not. Given the procedural posture of this Motion, Apple will not present any additional or contrary facts regarding Plaintiff's employment, her termination, or her claims in this case; at the appropriate time, Apple will present its defense. Moreover, the Fourth Amended Complaint contains numerous irrelevant allegations, which Apple does not summarize here and is concurrently moving to strike.

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

1  **III.    ARGUMENT**

2      **A.    Amendments Not Authorized by the May 20 Order Should Be Dismissed.**

3          A party in federal court is permitted to amend its pleading "once as a matter of course"

4  within specified times frames; other amendments are permitted "only with the opposing party's

5  consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). A "procedural problem" arises where a

6  litigant attempts to add new claims or theories that are "outside the scope of the amendment

7  permitted by the prior dismissal order." *Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014).

8  The appropriate remedy is to strike or dismiss unauthorized new claims. *See Benton v. Baker*

9  *Hughes*, 2013 WL 3353636, at *2-*3, (C. D. Cal. June 30, 2013) (citing cases).

10         Plaintiff's 4AC goes well beyond the specific and limited leave the Court afforded in the

11  May 20 Order; in fact, despite having had multiple claims dismissed with prejudice (*see* May 20

12  Order at 46-47) and having declined to re-plead multiple others (*see* 4AC ¶6), the 4AC still runs 74

13  pages (just one page shorter than the Third Amended Complaint). This is in significant part due to

14  the fact that Plaintiff has attempted to add new theories and claims absent from the Third Amended

15  Complaint and not authorized by the leave granted by the Court on May 20—to wit:

16      •   New theories in support of her Second Claim under Labor Code section 1102.5,

17          untethered to either "the Gobbler application" or "environmental and safety violations"

18          (*compare* May 20 Order at 35 *with* 4AC ¶168 at 50:26-28);

19      •   An entirely new Fourth Claim for alleged whistleblower retaliation under the Hazard

20          Substances Information and Training Act ("HSITA") (4AC ¶¶175-76);

21      •   A patchworked Sixth Claim comprised of new theories of alleged retaliation under

22          Labor Code sections 232 and 232.5 as well new alleged statutory violations under Labor

23          Code sections 1101 and 1102 (*id.* ¶¶181, 183-84);

24      •   New theories for her Eighth Claim for breach of implied covenant (*id.* ¶¶189-91); and

25      •   A UCL claim now entirely devoted to sweeping allegations that Apple unlawfully

26          forced employees to participate in "health, anatomy, and personal data collection

27          studies" and dropping the lone theory she was permitted to amend (related to "Apple's

28          establishment of a health care clinic, called AC Wellness, which it then used

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

1    improperly") (*compare* May 20 Order at 45-46 *with* 4AC ¶¶192-207).

2         At some point, the pleadings in this matter—which in turn will frame the facts that Plaintiff

3    must prove, the defenses Apple may assert, and the appropriate boundaries of discovery—must be

4    settled. Plaintiff's unauthorized attempt to add new claims and theories at this juncture should be

5    rejected. *Accord King v. City & Cnty. of San Francisco*, 2022 WL 4629448, at *2 (N.D. Cal. Sept.

6    30, 2022) ("When a district court grants leave to amend for a specified purpose, it does not

7    thereafter abuse its discretion by dismissing any portions of the amended complaint that were not

8    permitted … This rule applies with equal vigor to pro se plaintiffs.") (quoting *Raiser v. City of Los*

9    *Angeles*, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014)).

10        **B.      All Claims Untethered to Plaintiff's Employment Should Be Dismissed.**

11              **1.      Ninth Claim: The UCL Claim Should Be Dismissed.**

12                    **a.      Plaintiff Was Not Granted Leave to Submit a Wholesale Rewrite**
                              **of Her UCL Claim.**

13        Plaintiff had previously attempted to characterize this case as "a Racketeer Influenced and

14   Corrupt Organizations ('RICO') case" challenging "a complex regulatory-compliance avoidance

15   scheme conducted by Apple Inc through a criminal enterprise." Pl.'s Opp. to Mot. to Dismiss Third

16   Am. Compl. (Dkt. 54) at 1-2. The Court disagreed; Plaintiff's RICO claim was dismissed with

17   prejudice in part via the May 20 Order, and Plaintiff elected not to amend following dismissal of

18   the rest of the claim with leave despite "serious concern" as to whether any plausible RICO claim

19   could be alleged. *See* May 20 Order at 11-19. Plaintiff has since pivoted, attempting to transform

20   her wrongful termination case into one about "a course of unlawful conduct and unfair business

21   practices" (4AC ¶1)—in other words, to make her UCL claim into a vehicle for similarly sprawling

22   claims against Apple untethered to her termination or any alleged antecedent retaliation.

23        The amendments she proposes to her UCL claim should be rejected as an initial matter

24   because they go far beyond what the Court authorized—namely, amendment to "clarify her claim

25   based on AC Wellness." May 20 Order at 46. Her sprawling new allegations about Apple

26   "unlawfully coercing employees to provide personal data, including biometrics" are unrelated and

27   not authorized. *See Benton*, 2013 WL 3353636, at *2-*3. She eliminated any reference whatsoever

28

1   to "AC Wellness" in this claim, and introduced entirely new allegations and theories about Gobbler

2   and other alleges "health, anatomy, and personal data collection studies." *See* 4AC ¶¶196-202.

3               b.        **Plaintiff Lacks Statutory Standing to Pursue a UCL Claim.**

4               Even if the Court were to consider this impermissibly overhauled claim, the claim should

5   be dismissed because Plaintiff lacks statutory standing under the UCL to pursue any type of relief,

6   whether monetary or injunctive.[6] "Proposition 64 amended [S]ection[] 17204 … to require a private

7   plaintiff seeking … ***injunctive or restitutionary relief*** [under the UCL] to establish he or she 'has

8   suffered injury in fact and has lost money or property.'" *Benson v. Kwikset Corp.*, 152 Cal. App.

9   4th 1254, 1263 (2007), *as modified on denial of reh'g* (July 26, 2007) (emphasis added). Thus,

10  "***[w]hether a party seeks only restitution, injunctive relief, or both***, that party is still required to

11  show lost money or property to establish standing under the UCL." *Bondarenko v. Wells Fargo*

12  *Bank, N.A.*, 2016 WL 1622410, at *8 (C.D. Cal. Apr. 18, 2016) (citing *Walker v. Geico General*

13  *Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009)) (emphasis added).[7] Further, a plaintiff must allege

14  she "lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204

15  (emphasis added). "The phrase 'as a result of' imposes a causation requirement; that is, the alleged

16  unfair competition must have *caused* the plaintiff to lose money or property." *Tamburri v. Suntrust*

17  *Mortg., Inc.*, 2013 WL 4528447, at *8 (N.D. Cal. Aug. 26, 2013), *aff'd*, 623 F. App'x 878 (9th Cir.

18  2015). "By definition, a plaintiff does not 'satisfy the causation prong of the statute if he or she

19  would have suffered 'the same harm whether or not a defendant complied with the law.'" *Id.*

20  (quoting *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 522 (2013)).

21

22  [6] The May 20 Order agreed with Apple that Plaintiff lacked standing to pursue monetary relief
    under the UCL but opined that "Apple does not explain why she would not have standing to pursue
23  injunctive relief." May 20 Order at 45-46. Apple attempts to clarify in this motion that the UCL's
    statutory standing requirements must be satisfied by every UCL plaintiff regardless of the type of
24  relief she seeks; she simply cannot proceed under the UCL if she is not among the limited class of
    persons who have standing under the statute's terms.

25  [7] *See also Bontrager v. Showmark Media LLC*, 2014 WL 12600201, at *6-9 (C.D. Cal. June 20,
    2014) (showing of "lost money or property as a result of [] unfair competition" necessary to
26  establish statutory standing to seek injunction under the UCL); *SunL Grp. (L.A.), Inc. v. Seaseng,*
    *Inc*., 2007 WL 4144992, at *4 (C.D. Cal. Sept. 14, 2007) (same); *contrast Moreyra v. Fresenius*
27  *Med. Care Holdings, Inc*., 2012 WL 13014985, at *7 (C.D. Cal. Mar. 7, 2012) (statutory standing
    to pursue UCL injunctive relief present where plaintiffs "allege that they have been deprived wages
28  and meal premiums as a result of Defendants' unfair business practices").

Here, Plaintiff alleges that Apple engaged in unfair competition by "coercing employees to provide personal data, including biometrics, which Apple can use for research and development." 4AC ¶193. But Plaintiff does not allege that she has lost money or property *as a result of* providing her personal data. To do so, she would have to allege that she lost money or property *after* she provided her personal data, but the lone allegation of any monetary loss is that she allegedly paid for Lyft and Uber rides in order to attend "personal data collection studies," *i.e.*, *before* she provided any personal data to Apple. 4AC ¶202. These allegations do not confer standing. *See Tamburri*, 2013 WL 4528447, at *8 ("Plaintiff has not paid any fees or charges that she alleges were incurred as a result of foreclosure. The foreclosure was initiated only *after* Plaintiff defaulted on her loan. Thus, Plaintiff cannot assert that her alleged economic injury was 'caused by' Defendants' acts, because the asserted wrongful 'actions occurred *after* [Plaintiff's] default on her loan.'"); *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 661 (N.D. Cal. 2020) ("payments toward enhanced credit monitoring that arise from a data breach and that are not reimbursed do 'constitute economic injury, sufficient to confer UCL standing'"). If Plaintiff's theory were correct, any time a private party pays to take a taxi or rideshare to a location where an allegedly "unfair" business practice takes place, she could claim UCL statutory standing; this is not the law. Because Plaintiff lacks statutory standing under the UCL, she is not a proper plaintiff on any UCL claim and cannot seek any relief under that statute (whether that relief be injunctive or monetary).

### c.   Plaintiff's UCL Claim Would Fail for Additional Reasons.

### i.   The UCL Claim Is Time Barred.

Plaintiff's UCL claim would be subject to dismissal even if she had statutory standing to pursue it because the claim is barred by the four-year statute of limitations. *See* Cal. Bus. & Prof. Code §17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued."). A UCL action accrues "when each of the elements of the cause of action (wrongdoing, causation, and harm) has been satisfied." *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1178 (9th Cir. 2016). Here, Plaintiff previously alleged that Apple coerced her to provide personal data in August 2017, nearly seven years before she introduced this cause of action in March 2024. *See* Second Am. Compl. (Dkt. 32 to 32-2) ¶¶136-

- 8 -

42 (allegations that Plaintiff "was coerced to use the 'Gobbler' application'" in August 2017); Third Am. Compl. (Dkt. 47) ¶¶255-57; 4AC ¶198.[8] Her UCL claim thus is barred.

### ii.   Plaintiff Does Not Allege Any Basis for Restitution.

Moreover, Plaintiff does not allege entitlement to either of the remedies the UCL affords. "Because California's Unfair Competition Law 'is equitable in nature,' remedies are 'generally limited to injunctive relief and restitution.'" *Doe One v. CVS Pharmacy, Inc.*, 2024 WL 1707229, at *13 (N.D. Cal. Apr. 18, 2024) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003)). Plaintiff does not allege any entitlement to restitution because, although she alleges that she paid money to third parties (Uber and Lyft) (4AC ¶202), she does not allege that Apple benefited. "[T]he UCL permits restitution from a defendant whose unfair business practices caused plaintiff to pay money to a third party" only if "it is reasonable to infer that the defendant indirectly received that money from the third party." *Ferrington v. McAfee, Inc.*, 2010 WL 3910169, at *8 (N.D. Cal. Oct. 5, 2010); *Park-Kim v. Daikin Indus., Ltd*, 2016 WL 5958251, at *23 (C.D. Cal. Aug. 3, 2016) (no restitution under UCL where "plaintiffs do not … plead that defendants … had a relationship with a third party that received money from plaintiffs, such that defendants may have benefitted"). Here, Plaintiff does not plead that Apple had a relationship with any ride-share company such that Apple would have benefitted from Plaintiff taking ride-shares to the alleged studies. Plaintiff thus is not entitled to restitution.[9]

Plaintiff also improperly seeks restitution on behalf of others. *See* 4AC ¶204 ("Apple should be required to restore these monies to [Plaintiff], her former co-workers, and the public."). Such relief is unwarranted given that Plaintiff has not sought to pursue a class action. *See* Cal. Bus. & Prof. Code §17203 ("Any person may pursue representative [UCL] claims or relief on behalf of

---

[8] Plaintiff omitted certain previously pled facts from the 4AC. But the Court may still consider them here, as a "[p]laintiff may not plead around the deficiencies in [her] claims by omitting previously pled facts." *Bell v. St. Clair*, 2015 WL 1606968, at *3 (E.D. Cal. Apr. 9, 2015).

[9] Plaintiff also seeks "disgorgement." 4AC ¶203-24. "Under California law, there are two forms of disgorgement: 'restitutionary disgorgement, which focuses on the plaintiff's loss, and nonrestitutionary disgorgement, which focuses on the defendant's unjust enrichment.'" *Doe One v. CVS Pharmacy, Inc.*, 2024 WL 1707229, at *13 (N.D. Cal. Apr. 18, 2024) (quoting *Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925 (9th Cir.), *amended on denial of reh'g*, 733 F. App'x 404 (9th Cir. 2018)). Plaintiff is not entitled to restitutionary disgorgement, as discussed *supra*. And "[n]onrestitutionary disgorgement is unavailable in UCL actions." *Id.*

1    others **only if** the claimant meets the standing requirements of Section 17204 and complies with

2    Section 382 of the Code of Civil Procedure" [*i.e.*, the statute governing class actions in California

3    state courts]) (emphasis added); *Singelyn v. PNC Bank Nat'l Ass'n*, 2024 WL 1601857, at *8 (C.D.

4    Cal. Jan. 12, 2024) (dismissing UCL claim "to the extent it requests unauthorized remedies, such

5    as … restitution on behalf of a class of consumers when [plaintiff] has not alleged a class action").

6                    **iii.     Plaintiff Lacks Article III Standing as to Injunctive Relief.**

7              Plaintiff would not be entitled to the injunction she seeks because she lacks Article III

8    standing. "[S]atisfaction of section 17204's harm requirements which permits relative broad

9    standing in state court … does not automatically permit a plaintiff to pursue injunctive relief under

10   the UCL in *federal* court." *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2016 WL 3879028,

11   at *3 (N.D. Cal. July 18, 2016), *aff'd*, 743 F. App'x 883 (9th Cir. 2018). "In federal court, Article

12   III jurisdiction must obtain[.]" *Id.* Here, Plaintiff has not demonstrated a real or imminent threat of

13   an irreparable injury, a requisite for Article III standing. *See id.* at *4. She requests an order that

14   prohibits Apple from (1) "gathering employee biometrics," (2) "using personal employee data in

15   for-profit product development," (3) "us[ing] … the Face 'Gobbler' application," and (4) "other

16   conduct violating [employees'] rights of privacy." *See* 4AC ¶206. She also seeks "an order of

17   disgorgement of the unlawfully and unethically obtained data." *See id.* ¶207. But she does not

18   explain how any future collection or use of her personal data would cause her harm, much less

19   allege any facts to suggest that Apple will collect or use her personal data in the future. Moreover,

20   she does not explain how future use of the "Face 'Gobbler'" application by Apple would cause her

21   harm. Without a threat of future injury, Plaintiff lacks the requisite Article III standing to obtain

22   her requested injunctive relief.

23             Moreover, the injunctive relief she seeks is far too broad, as she seeks an order with respect

24   to all Apple employees. *See* 4AC ¶¶206-07. "[T]he Court cannot issue injunctive relief on behalf

25   of others as a matter of state law under the UCL without class certification." *Circle Click Media*

26   *LLC*, 2016 WL 3879028, at *5. Plaintiff makes no attempt to satisfy the prerequisites for a class

27   action; her overly broad request for injunctive relief thus fails for this additional reason.

28

**2.**     **Tenth & Thirteenth Claims: Plaintiff's Multiple IIED Claims Fail.**

This Court previously dismissed almost the entirety of Plaintiff's IIED claim, granting her leave to amend to correct the identified deficiencies "only if she could do so in good faith." May 20 Order at 4. Instead, the 4AC now alleges two separate IIED claims—one predicated on alleged social media posting and the other "criminal acts" that "Apple" allegedly directed towards her post-termination (the Tenth Claim), and one predicated on allegedly causing her a "fear of developing cancer" due to chemical exposures at her apartment (the Thirteenth Claim). Neither states a claim.

**a.**     **Tenth Claim: Much of the Alleged Conduct Is Not Outrageous, and the Remaining Alleged Conduct Does Not Satisfy Rule 8 or Was Deemed Inadequate in the May 20 Order.**

To state an IIED claim, Plaintiff must first allege "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress[.]" *King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 785 (N.D. Cal. 2021) (quoting *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 896 (2014)). Here, Plaintiff alleges that, after her employment was terminated, a handful of Apple employees posted on social media that "Gjovik's complaints were bogus, that [she] was a liar and bad actor, and that [she] deserved the harm Apple was causing her." 4AC ¶210; *see also id.* ¶¶211-13. Such conduct does not constitute outrageous conduct as a matter of law. *See King*, 572 F. Supp. 3d at 785 ("Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."); *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1124-25, 1129 (1989) (allegation that supervisor called employee a liar in front of coworkers numerous occasions was not outrageous conduct as a matter of law).

Plaintiff alleges other purportedly outrageous conduct (*see* 4AC ¶¶138, 140, 215-18), but these allegations do not satisfy Rule 8, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For example, Plaintiff alleges that "Apple stalked [her]," "surveilled [her]," and "broke into [her] home." 4AC ¶¶215-16. These "'naked assertion[s]' devoid of 'further factual enhancement'" are inadequate. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *see also Mickens v. Hous. Auth. of City of Los Angeles*, 2023 WL

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC

5155027, at *3 (C.D. Cal. July 3, 2023) (no plausible claims where plaintiff alleged that police department stalked and surveilled him but failed to articulate specific actions that constituted stalking and surveilling). Indeed, such allegations lack the "most basic underlying factual matter" necessary to give Apple fair notice of the allegedly outrageous conduct at issue, including who allegedly engaged in the conduct (as "Apple" is an entity) and when it occurred. *See Garza v. BNSF R. Co.*, 2012 WL 2118179, at *6 (E.D. Cal. June 11, 2012) (dismissing IIED claim where plaintiff failed to allege what employees made outrageous statements and when); *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1274 (E.D. Cal. 2012) (same); *Bain v. Town of Hempstead*, 2021 WL 413552, at *11 (E.D.N.Y. Feb. 5, 2021), a*ff'd sub nom. T.B. by Bain v. Town of Hempstead Animal Shelter*, 2022 WL 728826 (2d Cir. Mar. 11, 2022) (no liability for employer where plaintiff failed to identify which employee committed wrongdoing).

Further, Plaintiff continues to allege Apple "sued her for reporting criminal conduct" and "reported her to law enforcement" (4AC ¶218; *see also id.* ¶140), despite the Court's prior order dismissing her IIED claim to the extent premised on such facts. *See* May 20 Order at 43-44. As the Plaintiff's prior allegations make clear, "Apple" has done none of these things. Plaintiff previously pled that in 2022 "Joanna Appleseed"—while no longer employed at Apple (Second Am. Compl. (Dkt. 32 to 32-2) ¶622)—filed "retaliatory litigation" against Plaintiff (*see id.* ¶¶879, 1451) and an FBI report about Plaintiff (*id.* ¶¶590-91). This conduct thus cannot support an IIED claim.

### b.   Thirteenth Claim: This IIED Claim Is Time Barred, and Plaintiff Does Not Allege Apple Acted Intentionally.

Plaintiff brings a second IIED claim premised on her purported fear of developing cancer as a result of alleged exposure to "carcinogenic chemicals" from the Scott building in 2020. 4AC ¶¶238-44. This claim is barred by the two-year statute of limitations. *See* Cal. Code Civ. Proc. §340.8 ("In any civil action for injury or illness based upon exposure to a hazardous material or toxic substance," the two-year statute of limitations begins to run when "the plaintiff becomes aware of, or reasonably should have become aware of, (1) an injury, (2) the physical cause of the injury, and (3) sufficient facts to put a reasonable person on inquiry notice that the injury was caused

1     or contributed to by the wrongful act of another[.]").[10]

2        Plaintiff alleges that she became severely ill in February 2020. 4AC ¶31. She further alleges

3 that she discovered "elevated levels" of chemicals in her apartment in September 2020 and that

4 certain of the chemicals she believes were in her apartment are carcinogenic. *See id.* ¶¶34; 40

5 ("Gjovik's limited testing [in September 2020] returned results … [for] Toluene[.]"); 42 ("Gjovik's

6 medical tests from September 2020 … revealed significant arsenic in her blood with no other

7 explanation than Arsine gas exposure[.]"); 242 (Apple "exposed Gjovik to carcinogens, including

8 … Toluene, Arsine …"). She further asserts that she concluded in September 2020 that "her medical

9 issues at the apartment were due to a chemical emergency." *Id.* ¶35. She even alleges that she wrote

10 and published an article on March 26, 2021 "about her chemical exposure experience with the air

11 around [the Scott building]" entitled "I thought I was dying: My apartment was built on toxic waste"

12 (*id.* ¶57)—clearly indicating that she suspected as of that date that her alleged injuries had a tortious

13 cause. She moved out of this apartment in October 2020. *Id.* ¶8.

14        According to Plaintiff's allegations, she suspected in September 2020 that her alleged

15 illness was caused by exposure to purportedly carcinogenic chemicals; she published an article

16 detailing that belief in March 2021. At that time, the statute of limitations began to run. *See Jolly*

17 *v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988) ("Once the plaintiff has a suspicion of wrongdoing,

18 and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long

19 as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts

20 to find her."). Plaintiff did not file within two years of September 2020 (or even within two years

21 of the date she moved out of the apartment or the date on which she published an article detailing

22 her alleged harms); her IIED claim is thus time-barred.

23        Plaintiff appears to contend that she can salvage her untimely claim because the statute of

24 limitations allegedly did not begin to run until 2023, when she supposedly discovered her alleged

25 injury was purportedly caused by Apple. *See* 4AC ¶¶4, 149. But that attempt to avoid the statute of

26 limitations is contrary to the law. *See* May 20 Order at 30-31 (quoting *Bernson v. Browning-Ferris*

27

28    [10] The May 20 Order noted that "Apple [had] not made a statute-of-limitations argument" as to this aspect of them claim. May 20 Order at 43. The 4AC's allegations make clear the time bar.

4132-9795-6946

1 | *Indus.*, 7 Cal.4th 926, 932 (1994)) ("'[T]he statute of limitations begins to run when the plaintiff

2 | suspects or should suspect that her injury was caused by wrongdoing, that someone has done

3 | something wrong to her.' Aggrieved parties generally need not know the exact manner in which

4 | their injuries were 'effected, nor the identities of all parties who may have played a role therein.'").

5 | "[U]nder the delayed discovery rule, a cause of action accrues and the statute of limitations

6 | begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless

7 | the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed

8 | a factual basis for that particular cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th

9 | 797, 803 (2005). Plaintiff does not plead such facts, and thus she cannot take advantage of the

10 | delayed discovery rule. *See Camsi IV v. Hunter Tech. Corp.*, 230 Cal. App. 3d 1525, 1537 (1991),

11 | *reh'g denied and opinion modified* (July 2, 1991) (declining to apply delayed discovery rule on

12 | demurrer, and reasoning that "[t]he burden was on [plaintiff] to plead *facts* to show *inability* to have

13 | made earlier discovery," but the "pleading wholly fail[ed] to show that [plaintiff] would have been

14 | unable, despite reasonable diligence, to have discovered both the VOC contamination, and that

15 | [defendant] was responsible for it"); *Bhinder v. Bank of Am., N.A.*, 2013 WL 4010583, at *2 (E.D.

16 | Cal. Aug. 5, 2013) (dismissing claim for failure to allege facts showing delayed discovery rule

17 | applied). Plaintiff does not allege what information she allegedly "discovered" that formed the basis

18 | for her claim nor does she allege any facts to suggest that she could not have discovered such

19 | information by September 2021. Thus, the delayed discovery rule does not apply.

20 | Moreover, even if this claim were timely, it fails because Plaintiff alleges no facts to

21 | demonstrate that any conduct allegedly leading her to develop a fear of cancer was "directed at

22 | [her] or undertaken with knowledge of [her] presence and [exposure to the chemicals]." *Potter v.*

23 | *Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993). For example, Plaintiff does not allege

24 | facts to suggest that Apple knew that the Scott building vented chemicals into her apartment or that

25 | it was causing her harm in particular. Her second IIED claim premised on a fear of developing

26 | cancer should be dismissed for this additional reason.

27 | **3.**   **Eleventh Claim: Plaintiff's Nuisance Claim Is Time Barred.**

28 | Plaintiff's prior complaint alleged private nuisance and nuisance *per se* as to two separate

sites (825 Stewart and 3250 Scott Boulevard); the Court dismissed both nuisance claims related to 825 Stewart with prejudice and the nuisance *per se* claim related to the Scott building with leave to amend. *See* May 20 Order at 47. Plaintiff did not re-plead the nuisance *per se* claim related to the Scott building, but this Court's prior order entails that Plaintiff's remaining private nuisance claim as to that site—which she first asserted in her First Amended Complaint in this action on October 25, 2023 (*see* Dkt. 17)—is time barred.[11]

Plaintiff's private nuisance claim predicated on alleged activities at the Scott building— which she allegedly lived nearby from February 2020 to October 2020 (*see* 4AC ¶8)—is barred by the two-year statute of limitations. Cal. Code Civ. Proc. § 340.8. Under Section 340.8, the statute of limitations is two years "[i]n **any civil action** for injury or illness based upon exposure to a hazardous material or toxic substance" (emphasis added). Relying on Section 340.8, the Court held that "[g]iven that Ms. Gjovik filed suit on September 7, 2023, any claim that accrued before September 7, 2021, is time barred." May 20 Order at 30.[12]

"'[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her.' Aggrieved parties generally need not know *the exact manner in which their injuries were 'effected,* nor the identities of all parties who may have played a role therein.'" May 20 Order at 30-31 (quoting *Bernson*, 7 Cal.4th at 932); *accord Jolly*, 44 Cal.3d at 1111. Here, the 4AC alleges that, long before

---

[11] Plaintiff may protest that Apple could have raised this argument in its earlier motions to dismiss (all of which were subject to this Court's page limits, and which had to address longer complaints with more causes of action). But that is no bar to the Court's consideration of this argument at this juncture; the Ninth Circuit has held that a court may exercise its discretion to consider new arguments in a subsequent Rule 12(b)(6) motion. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017); *see also Doe One v. CVS Pharmacy, Inc.*, 2022 WL 3139516, at *6 (N.D. Cal. Aug. 5, 2022) (holding Rule 12(g) did not bar court's consideration of argument not raised in first motion to dismiss in light of *In re Apple*). Indeed, it serves "the interest of judicial economy" to consider potentially dispositive arguments based on the pleadings as part of a Rule 12(b)(6) motion, rather than "requiring Defendants to bring the same argument as a Rule 12(c) motion." *W. Digital Techs., Inc. v. Viasat, Inc.*, 2023 WL 7739816, at *2 (N.D. Cal. Nov. 15, 2023).

[12] Plaintiff's apparent claim for damage to property is also barred by the statute of limitations because Plaintiff did not file a claim for nuisance (or ultrahazardous activity) until October 25, 2023, and Plaintiff moved out of her apartment more than three years before then. *See* First Am. Compl. ¶225. Additionally, Plaintiff's allegations that chemicals from the Scott building vented through her apartment windows and "damaged" her property, including by "dissolving glues" in her clothes, lack "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570).

September 7, 2021, Plaintiff suspected her alleged injury at her apartment next to the Scott building was caused by wrongdoing. *See* 4AC ¶¶42 ("[I]n September 2020, Gjovik's blood and urine medical tests returned results with industrial chemicals, including arsenic, mercury, Toluene (Hippuric Acid), and Xylenes (2-3-4 Methyl hippuric Acid. Also noteworthy are the symptoms of Gjovik's 3 AM attacks, (including both subjective reporting and physical real-time heart monitoring) match Phosphine and Arsine gas exposure."); 57 ("On March 26, 2021, the SF Bay View newspaper published an article Gjovik wrote about her chemical exposure experience with the air around [the Scott building]" entitled "I thought I was dying: My apartment was built on toxic waste."); 59 (Plaintiff emailed US EPA and Cal EPA about issues at her apartment from September 2020 through April 2021; in April 2021, Gjovik met with Senator "Bob Weickowski" [sic] and the "Supervising Deputy District Attorney for Environmental Crimes" regarding the alleged chemical exposure at her apartment).[13]

The delayed discovery rule does not apply because Plaintiff (1) suspected in September 2020—over three years pre-filing—that she was being harmed by the tortious conduct of a third party and (2) she had begun to investigate the cause. The two-year statute of limitations began to run then. *See Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1011 (S.D. Cal. 2015) ("[U]nder California's approach to the delayed discovery rule … once a plaintiff possesses information that would cause a reasonable person to inquire into the cause of their injuries [ ] they are under an obligation to investigate the pertinent facts and the statute of limitations begins to run"); California Civil Jury Instructions No. 455.

Plaintiff has failed to properly invoke the delayed discovery rule for the same reasons discussed in Section III.B.2.b—she does not allege any facts regarding the manner of the alleged discovery in February 2023, nor the inability to have made the discovery earlier. *See Bhinder*, 2013 WL 4010583, at *2. To the contrary, Plaintiff specifically alleges that in September 2020 she was

---

[13] *See also id.* ¶¶31 (in February 2020, Plaintiff moved into a new apartment and quickly became severely ill; she was screened for multiple diseases from February to September 2020 and her "symptoms were consistent with chemical exposure"); 34 (on September 2, 2020, Plaintiff discovered elevated levels of VOCs inside her apartment); 40 (in September 2020, Plaintiff hired an industrial hygienist to test the indoor air); 72 (in April 2021, Plaintiff met with an "occupational exposure doctor about her apparent chemical exposure in the apartments next to [the Scott building]").

aware Apple had a facility at the Scott building (4AC ¶45), and she previously alleged that in September 2020 she was aware the Scott building "was registered with the EPA for Toxic Releases (TRI)" (Second Am. Compl. (Dkt. 32 to 32-2) ¶184). Plaintiff may not salvage her claim by insisting that it was not until later she came to believe that Apple was the cause of the wrongdoing she suspected in 2020 (and wrote about in March 2021); "the general rule in California has been that ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute." *Bernson*, 7 Cal.4th at 932; *see also Norgart v. Upjohn Co.*, 21 Cal.4th 383, 399 (1999) ("[T]he plaintiff may discover, or have reason to discover, the cause of action even if he does not suspect, or have reason to suspect, the identity of the defendant. That is because the identity of the defendant is not an element of any cause of action. It follows that failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action …").

### 4.   Twelfth Claim: Plaintiff's Ultrahazardous Claim Is Time Barred and Fails to Allege Ultrahazardous Activity Under the Law.

Plaintiff's claim that certain conduct by Apple related to the Scott building is "ultrahazardous" (such that Apple is strictly liable for any damages caused by it) fails.

**First**, it is time barred for the same reasons as the IIED and nuisance claims. *See* Sections III.B.2.b, III.B.3; *Jolly*, 44 Cal.3d at 1111; *Bernson*, 7 Cal.4th at 932; *Greenfield MHP Assocs., L.P.*, 145 F. Supp. 3d at 1011; *Norgart*, 21 Cal.4th at 399.

**Second**, Plaintiff fails to allege facts that would support a finding that Apple conducts ultrahazardous activities at the Scott building. This Court previously allowed Plaintiff's ultrahazardous claim based on the Scott building to proceed because she "made allegations that there are chemicals used for which there is no safe level of exposure, thus implying they are absolutely prohibited under any circumstance." *See* May 20 Order at 29 (citing Third Am. Compl. (Dkt. No. 47) ¶37 [alleging "[m]any of Apple's chemicals at the plant were characterized as 'extremely hazardous' or 'acutely hazardous' materials"]). The claim is viable to that extent and only to that extent." *See id.*[14] In the 4AC, however, Plaintiff for the first time identifies the specific

---

[14] Plaintiff amended her complaint to include new allegations that Apple violated provisions of the Santa Clara City Code, Santa Clara County Code, and California Fire Code based on the alleged location of allegedly hazardous materials. *See* 4AC ¶¶229, 230, 232, 233. These allegations are outside of the narrow scope of this claim prescribed by the Court and should be rejected.

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

1   statutes on which she relies for the assertion that certain chemicals are "absolutely prohibited"—
2   yet under the plain language of those statutes, the chemicals at issue ***are not*** "absolutely
3   prohibited." The allegations of the 4AC thus on their face do not support any claim for
4   ultrahazardous activity.

5        First, Plaintiff cites to Cal. Code Regs. tit. 17, §93000 ("Substances Identified as Toxic Air
6   Contaminants")—a regulation identifying "toxic air contaminants" under the Tanner Act—and
7   contends that Apple "released chemicals categorized by" that regulation as ones for which "there
8   is no safe level of exposure without 'significant adverse health effects.'" 4AC ¶236. But that
9   regulation expressly states that, for all chemicals listed, there is ***insufficient*** scientific evidence to
10  support that there is no safe level of exposure. *See id.* ("If the Board has found that there is not
11  sufficient available scientific evidence to support the identification of a threshold exposure level,
12  the 'Threshold' column specifies 'None identified'" and specifying "None Identified" for all listed
13  chemicals). Indeed, the Tanner Act's purpose is to ***"identif[y] and regulat[e]"*** select toxic
14  chemicals, not "absolutely prohibit" them. *See Coal. for Reasonable Regul. of Naturally Occurring*
15  *Substances v. Cal. Air Res. Bd.*, 122 Cal. App. 4th 1249, 1253 (2004), *as modified on denial of*
16  *reh'g* (Oct. 29, 2004) ("The Tanner Act provides for the identification and regulation of toxic air
17  contaminants by airborne toxic control measures … The Act authorizes the Board "to reduce
18  emissions [of toxic air contaminants] to the lowest level achievable through application of [the]
19  best available control technology ....' ([Cal. Health & Safety Code] §39666, subd. (c).)").

20       Plaintiff also cites two federal statutes, the Clean Air Act ("CAA") and Resource
21  Conservation and Recovery Act ("RCRA") and claims that Apple "violated the spirit" of these
22  statutes. 4AC ¶235. But neither of these statutes "absolutely prohibits" the use of certain chemicals
23  or substances either. Indeed, the CAA charges the Environmental Protection Agency ("EPA") with
24  identifying air pollutants, establishing procedures for monitoring and measuring emissions, and
25  promulgating emission standards. *See* 42 U.S.C. §§7412(b)(2)-(3), (b)(5), (d). The EPA is also
26  responsible for regulating "extremely hazardous substances." *See* 42 U.S.C. §7413(c)(4)-(5),
27  incorporating 42 U.S.C. §11002. Even use of "extremely hazardous substances" is not "absolutely
28  prohibited," however; rather, the EPA is responsible for establishing "threshold planning

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC

quantit[ies]" for each substance. *Id.* §11002(3).

Similarly, the RCRA charges the EPA with ***regulating*** facilities that generate, transport, treat, store, or dispose of hazardous waste. 42 U.S.C. §§6921-6925. Plaintiff asserts that mere use or disposal of hazardous substances is a *per se* violation of the RCRA, citing to 42 U.S.C. §6928(e)—*see* 4AC ¶235—but that is not an accurate statement of law. Section 6928(e) provides that criminal penalties may be appropriate for "export[ing] any hazardous waste identified or listed under this subchapter … ***in violation of paragraph (1), (2), (3), (4), (5), (6), or (7) of subsection (d) of this section***." (emphasis added). Paragraphs (d)(1)-(7) provide for criminal penalties for failing to obtain proper permits, omitting material information or making false statements, or transporting substances without a proper manifest, among others. Thus, mere use or disposal of hazardous substances is not "absolutely prohibited," contrary to Plaintiff's suggestion.

Moreover, the use of the chemicals at issue are expressly governed by the state and federal laws Plaintiff cites, and compliance with those laws determine what is and is not actionable. The existence of regulations and statutes governing a particular activity generally mean that an activity should not be subject to strict liability. *See Schwartzman, Inc. v. General Elec. Co.*, 848 F.Supp. 942, 945 (D.N.M. 1993) (dismissing strict liability claim and recognizing that "the premise of many environmental laws [ ] is that proper handling and disposal of [hazardous materials] minimizes or eliminates the risk of their use"); *Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691 F. Supp. 2d 355, 365 (E.D.N.Y. 2010) (dismissing strict liability claim relating to exposure to wireless telephone equipment because the Federal Telecommunications Act governs the activity).

### C. Several of Plaintiff's Termination-Related Claims Also Fail to State a Claim.

#### 1. Second Claim: Plaintiff's 1102.5 Claim Should Be Dismissed in Part.

Labor Code section 1102.5 is California's general whistleblower statute and prohibits employers from retaliating against employees for engaging in "protected activity"—*i.e.*, for reporting conduct the employee reasonably believes violates a "state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation," or for refusing to engage in an activity that would result in such a violation. Cal. Lab. Code §1102.5. A plaintiff bringing a Section 1102.5(b) claim must allege both the specific rule, regulation, or statute they

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC

1   reasonably believed has been violated, and the factual basis for their reasonable belief. *See, e.g., La*

2   *v. San Mateo Cnty. Transit Dist.*, 2014 WL 4632224, at *5 (N.D. Cal. Sept. 16, 2014); *James v. PC*

3   *Matic, Inc.*, 2023 WL 4291668, at *13-14 (C.D. Cal. May 17, 2023); *De Souza v. Dawson Tech.,*

4   *Inc.*, 2022 WL 298368, at *5 (S.D. Cal. Feb. 1, 2022); *accord* May 20 Order at 36.

5          Apple seeks to dismiss those allegations within this claim that relate to alleged complaints

6   about "Smuggling and Violations of Sanctions." *See* 4AC ¶168 at 50:26-28. These allegations are

7   wholly unrelated to those alleged in the Third Amended Complaint regarding "the Gobbler

8   application" and "environmental and safety issues," which the Court permitted her to supplement.

9   *See* May 20 Order at 35-36. Because Plaintiff was not granted leave to introduce new theories under

10   Section 1102.5, such allegations should be dismissed. In any event, Plaintiff does not identify any

11   rule, regulation or statute she reasonably believed has been violated, and thus her Section 1102.5

12   claim, to the extent based on alleged complaints about "smuggling" or "sanctions," fails.

13          Moreover, Plaintiff's Section 1102.5 claim still suffers from the same defects as the Third

14   Amended Complaint. Plaintiff continues to fail to "provide information about to whom she

15   complained about the Gobbler application" (*see* May 20 Order at 36). Her conclusory allegation

16   that she complained "to Apple management" (4AC ¶168 at 50:20) is insufficient. Her claim

17   predicated on alleged complaints about the Gobbler application therefore should be dismissed.

18   Plaintiff also continues to fail to cite "specific provisions" from many of the identified statutes, as

19   this Court had ordered (*see* May 20 Order at 36); her undifferentiated references to alleged predicate

20   violations of "CERCLA and implementing regulations" (4AC ¶168 at 49:17-20); "the RCRA" (*id.*

21   at 49:21-28); "the Clean Air Act" (*id.* at 50:1-3); and "environmental crimes" (*id.* at 50:4-8 (citing

22   entire statutory frameworks rather than specific provisions)) should be dismissed as well.

23          Additionally, the Second Claim is barred by the one-year statute of limitations to the extent

24   that it seeks civil penalties. *See* Cal. Code Civ. Proc. §340(a); *Minor v. Fedex Off. & Print Servs.,*

25   *Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016) (explaining that if plaintiff "seeks the civil penalty

26   provided in §1102.5(f), the claim is subject to a one-year limitations period"); *Fenters v. Yosemite*

27   *Chevron*, 2009 WL 4928362, at *7 (E.D. Cal. Dec. 14, 2009) (dismissing section 1102.5 claim as

28   time barred). Plaintiff seeks civil penalties under Section 1102.5 (*see* 4AC at 73:21-22), but such

1  relief is barred because she did not bring the claim within one year of the alleged retaliation.

2  **2.   Fourth Claim: The HSITA Claim Should Be Dismissed Because the Alleged Complaints Do Not Concern "Hazardous Substances."**

3  

4  In the 4AC, Plaintiff seeks to add a claim for retaliation under HSITA, despite not having

5  been given leave to do so.[15] It should be dismissed for that reason alone.

6  Plaintiff fails to state a HSITA retaliation claim in any event. Labor Code section 6399.7

7  prohibits retaliation against any employee for filing a complaint or instituting a proceeding under

8  or related to HSITA. HSITA applies "to all employers who use hazardous substances" and "to

9  hazardous substances which are present in the workplace as a result of workplace operations[.]"

10  Cal. Lab. Code §6362. The "hazardous substances" covered by HSITA are those specifically listed

11  by the Director of Industrial Relations. *See id.* §6380; Cal. Code Regs. tit. 8, §339 (containing "the

12  List of Hazardous Substances prepared by the Director pursuant to Labor Code Section 6380").

13  Plaintiff's alleged complaints do not concern "hazardous substances" within the meaning

14  of HSITA. She does not allege that she complained about Apple's "use" of any enumerated

15  "hazardous substances" at 825 Stewart, nor does she allege that she complained about any

16  enumerated "hazardous substances" "present" at 825 Stewart "as a result of workplace operations."

17  To the contrary, she alleges that she was concerned about vapors that were *potentially* present at

18  825 Stewart *as the result of prior contamination* by prior tenants and/or owners, not current

19  workplace operations by Apple. *See* 4AC ¶48 ("The 'TRW Microwave' Superfund site is a former

20  industrial semiconductor fabrication and manufacturing facility at 825 Stewart Drive … The

21  primary contaminants in the groundwater contamination plume are chlorinated volatile organic

22  compounds[.]"). Accordingly, Plaintiff has not alleged retaliation covered by HSITA.

23  **3.   Fifth Claim: The Labor Code Section 98.6 Claim Fails to the Extent That It Seeks Civil Penalties.**

24  The Fifth Claim is barred by the one-year statute of limitations to the extent that it seeks

25  civil penalties. *See* Cal. Code Civ. Proc. §340(a). Plaintiff seeks civil penalties under Section 98.6

26  

27  ---

[15] In her Third Amended Complaint, Plaintiff made passing reference to HSITA in paragraph 221, part of her Section 6310 claim (the Tenth Claim in that complaint). Apple did not move to dismiss that claim and Plaintiff did not seek and was not granted leave to amend it (including to split it out in multiple claims including a standalone Section 6399.7 claim).

28

1   (*see* 4AC at p. 73:21-22) but such relief is barred because she did not bring the claim within one

2   year. *See Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 970 n.7 (N.D. Cal. 2010).

3   **4.    Sixth Claim: The Labor Code Section 232, 232.5, 1101, and 1102 Claims**
        **Fail in Part, to the Extent Premised on Alleged Statements Regarding**
4       **Palestinians, Muslims, and Uyghurs and Alleged Disclosures of Wages.**

5       **a.    The Section 232.5, 1101, and 1102 Claims Premised on**
            **Purported Statements Regarding Palestinians, Muslims, and**
6           **Uyghurs (Paragraphs 183-84)**

7       For the first time, Plaintiff alleges in the 4AC—despite not receiving leave from the Court

8   to do so—that Apple retaliated against her in violation of California Labor Code sections 232.5,

9   1101, and 1102 because she "made statements to her workers [sic] about Palestinian and Muslim

10  human rights" and raised "concerns about a recent article that was published alleging Apple is using

11  Uyghur forced labor in its supply chain." 4AC ¶183; *see also id.* ¶184 (new allegations of retaliation

12  for "political activities"). These new allegations and claims are improper. Upon dismissing the

13  Third Amended Complaint, the Court did not give Plaintiff leave to amend her Section 232.5 claim,

14  nor did the Court give Plaintiff leave to plead entirely new claims under Sections 1101 or 1102.

15  *See* May 20 Order at 47-48. These portions of the Sixth Claim (contained in paragraphs 183 and

16  184) should be dismissed for this reason alone. *King*, 2022 WL 4629448, at *2.

17      Plaintiff's Section 232.5 claim premised on these purported activities fails for the additional

18  reason that she did not allege that she "disclose[d] information about [Apple's] working

19  conditions," as is required under the statute. Plaintiff merely alleges that she raised unspecified

20  concerns about "Palestinian and Muslim human rights," which says nothing about Apple's alleged

21  working conditions and does not satisfy FRCP 8. She also alleges she raised concerns about

22  Uyghurs based on information learned from a news article (*see* 4AC ¶183); such concerns do not

23  "involve information to which [Plaintiff] tends to have special access," and thus such concerns do

24  not amount to a "disclosure" under relevant law. *Cf. People ex rel. Garcia-Brower v. Kolla's, Inc.*,

25  14 Cal.5th 719, 726 (2023) (employee's complaint that she had not been paid wages owed was a

26  disclosure protected by the Labor Code whistleblower retaliation statute, in part because the

27  complaint involved information to which the employee had special access).

28      Plaintiff's Section 1101 and 1102 claims premised on the same activities fare no better. She

1   does not identify, as is required under Section 1101, "any rule, regulation, or policy" that forbade

2   or prevented employees from engaging or participating in politics, or that controlled or directed the

3   political activities or affiliations of employees. Nor does she allege, as is required under Section

4   1102, that Apple threatened to discharge her if she did not adopt (or if she did not refrain from

5   adopting) a particular course of political activity. Her Section 1101 and 1102 claims should be

6   dismissed. *See Brahmana v. Lembo*, 2010 WL 965296, at *5 (N.D. Cal. Mar. 17, 2010) (dismissing

7   Section 1101 and 1102 claims in part due to failure to "allege the existence of any rule, regulation,

8   or policy forbidding [] employees from participating in politics or controlling their political

9   activities" or to allege "coerc[ion] by threat of discharge to adopt or refrain from adopting any

10  course of political activity").[16]

11            **b.    The Section 232 and 232.5 Claims Premised on Alleged**
              **Disclosure of Wages (Paragraph 181)**
12

13          Plaintiff's Labor Code section 232 and 232.5 claims premised on alleged disclosure of

14  wages fails because Plaintiff does not allege that Apple knew about the alleged social media posts

15  disclosing her wages that she contends prompted retaliation. *See* 4AC ¶181. To establish a *prima*

16  *facie* whistleblower claim under these provisions, "Plaintiff must plead a causal link between her

17  disclosure … and [Apple's] adverse actions." *Dowell v. Contra Costa Cnty.*, 928 F. Supp. 2d 1137,

18  1156 (N.D. Cal. 2013). "The employer's awareness is an ***essential*** component of the causal link."

19  *Id.* (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 70 (2000)) (emphasis added).

20  Plaintiff does not plead facts to raise an inference that Apple knew about the alleged posts; as such,

21  no causal link has been pleaded and Plaintiff has failed to state a claim in paragraph 181.

22            **5.    Seventh Claim: The Section 96(k) Claim Fails Because There Is No**
              **Private Right of Action.**

23          This Court previously found the Section 96(k) allegations nested within the Section 98.6

24  claim in Plaintiff's Third Amended Complaint failed because she did not allege she was terminated

25  for "'lawful conduct occurring during nonworking hours away from the employer's premises'

26  asserting '*recognized constitutional rights.*'" *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th

27  72, 86 (2004) (citations omitted) (emphasis in original); *see* May 20 Order at 38. Now, Plaintiff

---

[16] Apple is not moving to dismiss the portion of the Sixth Claim set forth in paragraph 182.

- 23 -                        APPLE'S MOTION TO DISMISS 4AC
                                                                            CASE NO. 23-cv-4597-EMC

attempts to alleges a standalone Section 96(k) claim. But the cases are clear that "[s]ection 96(k) 'does not set forth an independent public policy that provides employees with any substantive rights, but rather, merely establishes a procedure by which the Labor Commissioner may assert, on behalf of employees, recognized constitutional rights.'" *Howe v. Target Corp.*, 2020 WL 5630273, at *11 (S.D. Cal. Sept. 21, 2020) (quoting *Grinzi*, 14 Cal. Rptr. 3d at 901; *see also Fleeman v. Cnty. of Kern*, 2021 WL 663764, at *14 (E.D. Cal. Feb. 19, 2021), *report and recommendation adopted*, 2021 WL 1221469 (E.D. Cal. Mar. 31, 2021) ("Courts have established that Section 96(k) did not create a private right of action.") (collecting cases). Plaintiff has no Section 96(k) claim.

### 6. Eighth Claim: The Breach of Implied Covenant Claim Should Be Dismissed Because Plaintiff Does Not Identify the Contract or Plead a Term Apple Allegedly Breached.

In its ruling on Apple's motion to dismiss Plaintiff's implied covenant claim in the Third Amended Complaint, this Court allowed the breach of implied covenant claim as pled to proceed. *See* May 20 Order at 41. Plaintiff nonetheless amended her implied covenant claim despite not having leave to do so (*compare* Third Am. Compl. (Dkt. 47) ¶¶234-37 *with* 4AC ¶¶189-91).[17] She alleges that she was deprived of 2021 performance bonuses. *See* 4AC ¶190. Plaintiff alleges that "Gjovik and Apple entered into an employment relationship in 2015 with a signed, written contract and hundreds of supplemental contracts." 4AC ¶189. She further alleges that Apple's "policies and communications … frequently promote … performance bonuses." *Id.* This claim thus should be dismissed to the extent that it relies on new theories (*e.g.*, that Apple allegedly breached the implied covenant underlying any of the alleged "hundreds of supplemental contracts" [*see* 4AC ¶189]). Regardless, the amended claim is subject to dismissal for failure to allege a contract entitling her to a performance bonus following termination.

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made.*" *Guz v. Bechtel Nat'l. Inc.*, 24 Cal.4th 317, 349 (2000)

---

[17] Plaintiff was permitted to amend her breach of implied contract claim, but only if she could do so "consistent with her Rule 11 obligations" (May 20 Order at 41); she did not amend and instead dropped her contract claim. In other words, although she no longer alleges that Apple breach any contract, she alleges that it breached a covenant implied in some such contract.

1  (emphasis in original). The covenant "cannot impose substantive duties or limits on the contracting

2  parties beyond those incorporated in the specific terms of their agreement." *Id.* at 349-50; *see also*

3  *Peak v. TigerGraph, Inc.*, 2021 WL 4061703, at *4-5 (N.D. Cal. Sept. 7, 2021); *Morales v. Home*

4  *Depot U.S.A.*, 2006 WL 8455469, at *1 (S.D. Cal. July 18, 2006).

5        Plaintiff, however, has not identified a contract that Apple allegedly violated, nor any terms

6  and conditions that she now contends Apple violated by terminating her employment before she

7  received any performance bonus in 2021. *See* 4AC ¶190. On the contrary, she refers to her

8  "expectations" and Apple "promot[ing]" performance bonuses to employees, not any contract

9  obligating Apple to pay out such bonuses irrespective of whether an employee was terminated prior

10 to payment. 4AC ¶189. This is fatal to her claim. *See Pashman v. Aetna Ins. Co*, 2014 WL 3571689,

11 at *13 (N.D. Cal. July 18, 2014) ("*Guz* does not suggest that the implied covenant theory can be

12 stretched to cover situations where an employee is terminated, and is not able to collect

13 commissions that are prospective and not yet earned. . . . Indeed, to permit an implied covenant

14 claim on Plaintiff's theory would be to effectively limit an employer's right to fire an at-will

15 employee simply because there was an indefinite prospect of a commission in the future.").

16 **IV.   CONCLUSION**

17       Apple respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Fourth

18 Amended Complaint. Given the multiple opportunities Plaintiff has already been afforded to

19 amend, Apple requests that the Court grant its motion with prejudice and without any further

20 opportunity to amend and direct the parties to proceed on the termination and retaliation-related

21 claims that remain.

22 Dated: July 15, 2024          By: _____

23                                    JESSICA R. PERRY
                                      Attorneys for Defendant, Apple Inc.
24

25

26

27

28

APPLE'S MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC