(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ASHLEY GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 23-cv-4597-EMC

**[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Dept: Courtroom 5, 17th Floor
Judge: Honorable Edward M. Chen
Date: August 22, 2024
Time: 1:30 p.m.

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone: +1 310 633 2800
Facsimile: +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Attorneys for Defendant
Apple Inc.

Pending before the Court is Defendant Apple Inc.'s Motion to Dismiss Portions of Plaintiff's Fourth Amended Complaint. Having considered the relevant papers and pleadings on file with the Court in this matter, as well as the arguments of counsel, the Court determines:

1. The Court **DISMISSES in part, with prejudice**, Plaintiff's Second Claim under Labor Code section 1102.5 to the extent it is based on alleged complaints about smuggling or sanctions violations because Plaintiff was not granted leave to introduce this new theory and, regardless, she does not identify any predicate statute she contends was violated, as is legally required to state a claim. The Second Claim is further dismissed in part to the extent that Plaintiff continues to allege that she complained about violations of entire statutory frameworks as opposed to specific statutes. Moreover, the Second Claim is dismissed in part to the extent it seeks civil penalties and is therefore time barred.
2. The Court **DISMISSES, with prejudice**, Plaintiff's Fourth Claim under the Hazardous Substances Information and Training Act ("HSITA") because Plaintiff was not granted leave to add it and, in any event, her alleged complaints did not concern "hazardous substances" within the meaning of HSITA.
3. The Court **DISMISSES, in part with prejudice**, Plaintiff's Fifth Claim under Labor Code section 98.6 to the extent it seeks civil penalties and is therefore time barred.
4. The Court **DISMISSES, in part with prejudice,** Plaintiff's Sixth Claim to the extent it asserts violations of Labor Code sections 232.5, 1101, and 1102 predicated on concerns allegedly raised about Palestinian and Muslim rights and an alleged article about working conditions for Uyghurs because not only was Plaintiff not granted leave to add this claim, but she also fails to allege a disclosure under Section 232.5, she fails to allege a "rule, regulation, or policy" under Section 1101, and she fails to allege that Apple threatened to discharge her if she did not adopt a particular course of political activity, as is required under Section 1102. Additionally, the Sixth Claim is dismissed in part to the extent it asserts violations of Sections 232 and 232.5 predicated on Plaintiff's alleged disclosure of her wages because Plaintiff does not plausibly allege that Apple knew about her alleged disclosure.

5. The Court **DISMISSES, with prejudice**, Plaintiff's Seventh Claim under Labor Code section 96(k) because there is no private right of action under that statute.

6. The Court **DISMISSES, with prejudice**, Plaintiff's Eighth Claim for breach of implied covenant to the extent that it relies on newly alleged theories Plaintiff did not have leave to introduce. Further, this claim is dismissed because Plaintiff fails to identify any underlying contract or term that would support any implied covenant that Apple allegedly breached by terminating Plaintiff.

7. The Court **DISMISSES, with prejudice**, Plaintiff's Ninth Claim under the California Unfair Competition Law because Plaintiff was not granted leave to amend to craft an entirely new theory of statutory standing, as she has attempted to do, and she nonetheless fails to establish any basis for statutory standing, which is dispositive of this claim whether styled as seeking restitutionary or injunctive relief. Moreover, Plaintiff would not be entitled to restitution because she alleges that she lost money to a third party but does not allege that Apple benefited, and would not be entitled to an injunction because she lacks Article III standing. Additionally, this claim is time barred.

8. The Court **DISMISSES, with prejudice,** Plaintiff's Tenth Claim for intentional infliction of emotional distress because much of the alleged conduct is not outrageous as a matter of law and the remaining alleged conduct does not meet the Federal Rule of Civil Procedure 8 pleading standard or was deemed inadequate in the Court's May 20, 2024 Order.

9. The Court **DISMISSES, with prejudice**, Plaintiff's Eleventh Claim for private nuisance based on the alleged activities of Apple's facility at 3250 Scott Boulevard because it is time barred.

10. The Court **DISMISSES, with prejudice,** Plaintiff's Twelfth Claim for ultrahazardous activities, also based on the alleged activities of Apple's facility at 3250 Scott Boulevard, because it is time barred and because Plaintiff does not allege any ultrahazardous activities as a matter of law.

11. The Court **DISMISSES, with prejudice,** Plaintiff's Thirteenth Claim for intentional infliction of emotional distress premised on a fear of cancer because it is time barred, and

in any event, Plaintiff does not allege the intent element.

Accordingly, Defendant Apple Inc.'s Motion to Dismiss is **GRANTED**, and Plaintiff's fourth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth claims are **DISMISSED with prejudice**, and Plaintiff's second, fifth, and sixth claims are **DISMISSED in part with prejudice,** as set forth above.

**IT IS SO ORDERED**

Dated:________________________

______________________________________
HON. EDWARD M. CHEN
U.S. DISTRICT COURT JUDGE