1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
11
   Attorneys for Defendant
12 Apple Inc.

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                     SAN FRANCISCO DIVISION

16

17 ASHLEY GJOVIK,                        Case No. 23-cv-4597-EMC

18              Plaintiff,               **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
19        v.
20 APPLE INC.,
21              Defendant.
                                         Dept:   Courtroom 5, 17th Floor
22                                       Judge:  Honorable Edward M. Chen
                                         Date:   August 22, 2024
23                                       Time:   1:30 p.m.

24

25

26

27

28

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO STRIKE

TO PLAINTIFF ASHLEY GJOVIK: **PLEASE TAKE NOTICE** that on August 22, 2024, at 1:30 p.m. in Courtroom 5, on the 17th Floor of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. will move the Court for an Order striking certain allegations in Plaintiff Ashley Gjovik's Fourth Amended Complaint on the grounds that the allegations are immaterial, and thus striking them is proper under Federal Rule of Civil Procedure 12(f). This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In conjunction with its motion to dismiss portions of Plaintiff's Fourth Amended Complaint ("4AC"), Apple moves to strike allegations in the 4AC under Federal Rule of Civil Procedure ("FRCP") 12(f) to truncate Plaintiff's still sprawling 74-page complaint. Apple's goal is simple: to settle the pleadings and have a clear complaint on file for the Court and the parties, and to which future questions about relevance, scope, and discovery can be tethered.

While Plaintiff heeded the Court's advice in the May 20, 2024 order ("May 20 Order") and did not re-plead various claims (*see* 4AC ¶6), the 4AC inadequately pleads numerous claims that are time barred and/or not legally cognizable, not premised on purported retaliation, and/or untethered to her employment with Apple, which the Court has already stated is the "gist" of her lawsuit. *See* Dkt. 73 at 1 ("The gist of [Plaintiff's] suit is that Apple retaliated against her because she complained about conduct at the company[.]"). Thus, Apple has contemporaneously filed a motion to dismiss directed at eleven of Plaintiff's thirteen claims, including claims for unfair competition, nuisance, ultrahazardous activity, and intentional infliction of emotional distress— all of which are untethered to her employment—as well as a handful of the retaliation-based claims that are inadequately pled and/or not legally cognizable. If the Court grants Apple's motion to dismiss, the only claims that would remain are only those directly related to Plaintiff's termination of employment.

In this Motion, Apple asks the Court to strike all allegations that clearly relate only to those claims Apple is moving to dismiss, to the extent the Court dismisses those claims. Striking these immaterial allegations is integral to streamlining resolution of the action, and to preventing the waste of this Court's and the parties' time and resources.[1]

## II.     BACKGROUND/STATEMENT OF ISSUES

Plaintiff filed her initial Complaint on September 7, 2023, asserting ten claims against her former employer, Apple. Dkt. 1. On October 25, 2023, Plaintiff filed a First Amended Complaint ("FAC"), asserting twelve claims in 335 pages and 1,121 paragraphs. Dkt. 17. Then, faced with Apple's motion to dismiss the FAC, Plaintiff filed the Second Amended Complaint ("SAC") on December 21, 2023, again asserting twelve claims by now expanding her pleading to cover 666 pages across 1,620 paragraphs. Dkt. 33. On January 30, 2024, the Court *sua sponte* dismissed the SAC for failure to comply with FRCP 8's mandate that a complaint be "simple, concise, and direct." Dkt. 46 at 2. The Court granted Plaintiff leave file an amended complaint that complies with FRCP 8 and is no longer than 75 pages. *Id.* at 3-4. On February 27, 2024, Plaintiff filed a Third Amended Complaint asserting fifteen claims (three more than before) that span 75 pages and 261 paragraphs. Dkt. 47. Apple moved to dismiss 13 of the 15 claims, which the Court granted in part and denied in part in the May 20 Order, allowing Plaintiff leave to amend a limited number of claims. Dkt. 73. On June 18, 2024, Plaintiff filed the operative 4AC, which asserts 13 causes of action and includes new theories and claims absent from the TAC and not authorized by the leave granted by the Court on May 20. Dkt. 78 at 5-6.

Apple has contemporaneously filed a motion to dismiss eleven of the thirteen claims in the 4AC in whole or in part:

---

[1] Concurrently, Apple is moving to dismiss in part the Second Claim in the 4AC premised on alleged whistleblower retaliation under Labor Code section 1102.5 (to the extent Plaintiff does not allege a specific statute as legally required and/or seeks civil penalties), to dismiss in part the Fifth Claim in the 4AC for retaliation under Labor Code section 98.6 (to the extent it seeks civil penalties), and to dismiss in part the Sixth Claim in the 4AC for retaliation under Labor Code sections 232, 232.5, 1101, and 1102 (to the extent premised on alleged statements regarding Palestinians, Muslims, and Uyghurs, or on the disclosure of wages). To the extent the Court thinks FRCP 12(f) (rather than FRCP 12(b)(6)) is the preferred vehicle to excise part of a claim from a complaint, Apple also moves in the alternative to strike these portions of the Second, Fifth, and Sixth Claims, for the reasons set forth in Apple's motion to dismiss (Dkt. 78) at pages 19-21, 21-21, and 22-23, respectively.

(1) whistleblower retaliation under Labor Code section 1102.5 (Second Claim);

(2) retaliation under Labor Code section 6399.7 (Fourth Claim);

(3) retaliation under Labor Code section 98.6 (Fifth Claim);

(4) retaliation under Labor Code sections 232, 232.5, 1101 and 1102 (Sixth Claim);

(5) retaliation under Labor Code section 96(k) (Seventh Claim);

(6) breach of implied covenant (Eighth Claim);

(7) unfair competition (Ninth Claim);

(8) IIED based on outrageous conduct (Tenth Claim);

(9) private nuisance (Eleventh Claim);

(10) ultrahazardous activities (Twelfth Claim); and

(11) IIED based on fear of cancer (Thirteenth Claim).

Apple incorporates by reference its motion to dismiss, in which it explains what it understands to be the purported basis for each of these claims. *See* Dkt. 78. With respect to the allegations that clearly relate only to those claims Apple seeks to dismiss, they too should be stricken if the Court grants Apple's motion to dismiss those claims.[2]

### III.   LEGAL STANDARD

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (granting motion to strike), *rev'd on other grounds*, 510 U.S. 517 (1994). Matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy*, 984 F.2d at 1527. "[M]otions to strike are proper, even if the material is not prejudicial to the moving

---

[2] Should the Court grant Apple's motion to dismiss, only the following claims would remain: (1) wrongful termination (First Claim); (2) 1102.5 (Second Claim) to the extent it is based on the allegations paragraph 168, at 50:9-25 and seeks remedies other than civil penalties; (3) retaliation under Labor Code section 6310 (Third Claim); (4) retaliation under Labor Code section 96(k) (Fifth Claim) to extent it seeks remedies other than civil penalties; and (5) retaliation under Labor Code section 232.5 (Sixth Claim) to the extent it is based on the allegations in paragraph 182.

1  party, if granting the motion would make trial less complicated or otherwise streamline the
2  ultimate resolution of the action." *Barajas v. Carriage Servs., Inc.*, 2020 WL 1189854, at *5
3  (N.D. Cal. Mar. 12, 2020) (citations omitted).

### IV.   ARGUMENT

The Court should strike all allegations that clearly relate only to the dismissed claims, to the extent the Court grants Apple's motion to dismiss. Plaintiff's Complaint is still an expansive and muddled seventy-four pages and 246 paragraphs, and striking allegations that are not necessary to the remaining and adequately pled claims will assist both the Court and the parties in streamlining the action and narrowing the issues. *See Barajas,* 2020 WL 1189854, at *5; *Fantasy*, 984 F.2d at 1527. Apple attaches **Exhibit A**, which is a highlighted version of the 4AC; every paragraph highlighted is one identified below that Apple moves to strike.

The paragraphs and/or allegations (including footnotes) that clearly relate only to those claims Apple seeks to dismiss are identified here by Claim.

- **Whistleblower retaliation under Labor Code section 1102.5 (Second Claim)**
    - ¶2, lines 7-11 (starting at "at two different" and ending with "done to her.") (allegations regarding 3250 Scott building)
    - ¶3, lines 24-27 (starting with "Gjovik's public advocacy") (allegations regarding 3250 Scott building)
    - ¶10, line 10 ("and 3250 Scott Boulevard in Santa Clara,") (allegations regarding 3250 Scott building)
    - ¶¶26-46, 57-60, 71-72 (allegations regarding 3250 Scott building)
    - ¶83, lines 27-28 ("not even yet knowing about the ARIA facility") (allegations regarding 3250 Scott building)
    - ¶¶149-51 (allegations regarding 3250 Scott building)
    - ¶168, p. 49, lines 17-28; p. 50, lines 1-8, 25-28 (allegations setting forth legal claim)
    - Prayer for Relief, ¶viii (seeking remedy specific to 1102.5 and 98.6 claims)
- **Retaliation under Labor Code section 6399.7 (Fourth Claim)**

1   o ¶¶175-76 (allegations setting forth legal claim)
2   • **Retaliation under Labor Code section 98.6 (Fifth Claim)**
3   o ¶¶177-80 (allegations setting forth legal claim)
4   o Prayer for Relief, ¶viii (seeking remedy specific to 98.6 and 1102.5 claims)
5   • **Retaliation under Labor Code sections 232, 232.5, 1101 and 1102 (Sixth
6   Claim)**
7   o ¶¶181, 183-84 (allegations setting forth legal claim)
8   • **Retaliation under Labor Code section 96(k) (Seventh Claim)**
9   o ¶¶185-88 (allegations setting forth legal claim)
10  • **Breach of implied covenant (Eighth Claim)**
11  o ¶¶189-91 (allegations setting forth legal claim)
12  • **Unfair competition (Ninth Claim)**
13  o ¶¶192-207 (allegations setting forth legal claim)
14  o Prayer for Relief, ¶ xi (seeking remedies specific to UCL claim)
15  • **IIED based on outrageous conduct (Tenth Claim)**
16  o ¶¶138-40 (allegations regarding alleged threats and intimidation underling
17  IIED claim)
18  o ¶¶208-22 (allegations setting forth legal claim)
19  • **Private nuisance (Eleventh Claim)**
20  o ¶2, lines 7-11 (starting at "at two different" and ending with "done to her.")
21  (allegations regarding 3250 Scott building)
22  o ¶3, lines 24-27 (starting with "Gjovik's public advocacy") (allegations
23  regarding 3250 Scott building)
24  o ¶10, line 10 ("and 3250 Scott Boulevard in Santa Clara,") (allegations
25  regarding 3250 Scott building)
26  o ¶¶26-46, 57-60, 71-72 (allegations regarding 3250 Scott building)
27  o ¶83, lines 27-28 ("not even yet knowing about the ARIA facility")
28  (allegations regarding 3250 Scott building)

- o ¶¶149-51 (allegations regarding 3250 Scott building)
- o ¶¶223-27 (allegations setting forth legal claim)
- o Prayer for Relief, ¶vi (seeking remedies specific to nuisance and ultrahazardous claims)

- **Ultrahazardous activities (Twelfth Claim)**
    - o ¶2, lines 7-11 (starting at "at two different" and ending with "done to her.") (allegations regarding 3250 Scott building)
    - o ¶3, lines 24-27 (starting with "Gjovik's public advocacy") (allegations regarding 3250 Scott building)
    - o ¶10, line 10 ("and 3250 Scott Boulevard in Santa Clara,") (allegations regarding 3250 Scott building)
    - o ¶¶26-46, 57-60, 71-72 (allegations regarding 3250 Scott building)
    - o ¶83, lines 27-28 ("not even yet knowing about the ARIA facility") (allegations regarding 3250 Scott building)
    - o ¶¶149-51 (allegations regarding 3250 Scott building)
    - o ¶¶228-37 (allegations setting forth legal claim)
    - o Prayer for Relief, ¶vi (seeking remedies specific to nuisance and ultrahazardous claims)

- **IIED based on fear of cancer (Thirteenth Claim)**
    - o ¶2, lines 7-11 (starting at "at two different" and ending with "done to her.") (allegations regarding 3250 Scott building)
    - o ¶3, lines 24-27 (starting with "Gjovik's public advocacy") (allegations regarding 3250 Scott building)
    - o ¶10, line 10 ("and 3250 Scott Boulevard in Santa Clara,") (allegations regarding 3250 Scott building)
    - o ¶¶26-46, 57-60, 71-72 (allegations regarding 3250 Scott building)
    - o ¶83, lines 27-28 ("not even yet knowing about the ARIA facility") (allegations regarding 3250 Scott building)

- ¶¶ 149-51 (allegations regarding 3250 Scott building)
- ¶¶ 238-46 (allegations setting forth legal claim)

## V. CONCLUSION

For the reasons stated, Apple respectfully requests that the Court grant its Motion to Strike.

Dated: July 15, 2024

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
JESSICA R. PERRY
Attorneys for Defendant
Apple Inc.