**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*,<br><br>  Plaintiff,<br><br>vs.<br><br>**APPLE INC.**, a corporation,<br><br>  Defendant. | Case No. 3:23-CV-04597-EMC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES**<br><br>*In Opposition to Defendant's Third Motion to Strike*<br>Fed. R. Civ. P. 12(f)<br><br>**MOTION HEARING & CASE MANAGEMENT CONFERENCE:**<br>Dept: Courtroom 5 (Zoom)<br>Judge Edward M. Chen<br>Date: August 22, 2024<br>Time: 1:30 PM PT |

# Table of Contents

**Contents**

I. Table of Authorities ................................................................. iii

II. Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike Claims ..................................................................... v

III. Issues to be Decided ................................................................. v

IV. Statements Of Facts ................................................................. v

V. The Motion to Strike should be Denied ................................. vii

   A. The motion is filed in bad faith. ..................................... viii

   B. The motion should be denied because the motion is improper ............. x

   C. The motion should be denied because the facts are material and relevant. ................................................................. xi

   D. If the motion is granted, amendment should also be granted. .......... xiii

VI. Conclusion ................................................................. xiv

## I. Table of Authorities

**CASES**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014). ................................................................................................................. xiii

*Armstead v. City of Los Angeles* (CD CA 2014) 66 F.Supp.3d 1254, 1273 ..................... x

*Art Attacks Ink, LLC v. MGA Ent., Inc.,* No. 04-CV-1035-BLM, 2006 WL 8439887, at *4 (S.D. Cal. June 21, 2006). .......................................................................................... xiv

*BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ................. xiii

*Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D.Cal. 1991). ............ xv

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991.) ........... xiii

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) ......................... ix

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). ........................ ix

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). ..................................................................................................... xiv

*Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012). ......................... xii

*In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). .......... xiv

*In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965-966 (C.D. Cal. 2000). ... xiii

*In re Fibrogen Sec. Litig.*, 21-cv-02623-EMC, (N.D. Cal. Aug. 29, 2023). .................. xiv

*Mason v. Ashbritt, Inc.,* Case No. 19-cv-01062-DMR, 6-7 (N.D. Cal. Feb. 17, 2020). . xiii

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.* (6th Cir. 2015) 783 F3d 1045, 1050 ............................................................................................................. x

*Pilgram v. Lafave,* No. 12-CV-5304 GAF-EX, 2013 WL 12124126, at *5 (C.D. Cal. Feb. 7, 2013) ......................................................................................................................... xiv

*Rumble, Inc. v. Google LLC,* 21-cv-00229-HSG, (N.D. Cal. Jul. 29, 2022). ................ xv

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). ............ xiii

See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). ................................................................................................. xvi

*Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000). .............................. xiii

*Tasion Communications Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 6 (N.D. Cal. Mar. 14, 2014). .................................................................................................... xii

*Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010) .......................... xii

Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) ................. xiv

*Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 975-976 (9th Cir.2010). ............. xii

*Williams v. County of Alameda*, 26 F. Supp. 3d 925, 948 (N.D. Cal. 2014). ................ xii

*Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979). ................................ xvi

*Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977). ........................................... xii

*Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist., No.* 09-CV-03557-JSW, 2010 WL 370333, at *2 (N.D. Cal. Jan. 25, 2010) ............................................................ xiv

**RULES**

Fed. R. Civ. P. 12(a) ...................................................................................... viii

Fed. R. Civ. P. 12(b)(6)...................................................................................... xii

**Fed. R. Civ. P. 12(f)** ................................................................................ passim

Fed. R. Civ. P. 55 ........................................................................................... viii

Fed. R. Civ. P. 7(b)(1)(B)................................................................................. xiii

**TREATISES**

5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (3d ed. 2004). ...x, xv

## II. Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike Claims

1. Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendant's third 12(f) Motion to Strike. This Opposition is filed concurrently with her Opposition to Defendant's fourth 12(b)(6) Motion to Dismiss, and her own Request for Judicial Notice in support of both Oppositions. Defendant's third Fed. R. Civ. P. 12(f) Motion to Strike is filed at Docket No. 79. The Fourth Amended Complaint is filed at Docket No. 76. The hearing is scheduled for August 22, 2024.

## III. Issues to be Decided

2. The Court must decide whether to grant Defendant's latest Motion to Strike, and if so, to grant only part, or grant in full. Then, if the Court does grant the motion, the Court must decide if it will give Plaintiff leave to amend.

## IV. Statements Of Facts

3. From the get-go, Apple's legal team has been playing a masterclass in "How to Avoid a Lawsuit 101." Despite the Plaintiff filing complaints as early as August 2021, Apple acted like it was playing hide-and-seek, dodging every attempt she made to get them to engage. When the Plaintiff finally filed her original civil complaint in September 2023 (Docket No. 1), Apple responded by pretending the documents were radioactive, forcing the Plaintiff to hire a process server. (Cert. of Serv., Docket No. 7). Even after that, Apple's execs hit the mute button on every email she sent.

4. Despite Plaintiff's best efforts to communicate with Defendant's executives, her attempts were met with silence. With Defendant's response deadline looming on October 10, 2023, Plaintiff issued a clear ultimatum: respond or face a default judgment. Fed. R. Civ. P. 12(a), Fed. R. Civ. P. 55.

5. On October 5, 2023, five corporate attorneys reached out to Plaintiff, demanding that the plaintiff amend her complaint to give their team some extra time. Plaintiff, showing flexibility, agreed and this resulted in a stipulation that was promptly filed and approved, making the First Amended Complaint the version Defendant was required to respond to. (Docket No. 9.)

6. Over the next few months, instead of addressing the case on its merits, Apple responded with a barrage of legal maneuvers designed to delay and obstruct. The Plaintiff, in good faith, followed court requests for concise pleadings, yet Apple countered with an avalanche of motions and filings. Plaintiff's February 2024 submission, meticulously crafted into a concise 75 pages, was met with an overwhelming flood of Defendant's legal paperwork, including a staggering 1,000 pages of motions and notices across two proceedings – including a Motion to Dismiss, Motion to Strike, and Motion for Judicial Notice in just this case.

7. On May 20, 2024, the court issued a favorable ruling for Plaintiff on several key claims. By June 18, 2024, Plaintiff filed a streamlined 74-page amended complaint in good faith, hoping to prompt a straightforward response from Defendant. Plaintiff's attempts to resolve these matters amicably were met with

last-minute filings and unreasonable demands from Defendant, who refused to provide clear information on their planned motions until the eve of deadlines. Defendant chose to escalate the conflict with additional motions to dismiss and strike in July 2024, demonstrating an ongoing reluctance to engage with the substantive issues at hand.

8. Defendant's subsequent actions have been marked by attempts to complicate matters further. They have accused Plaintiff of introducing new claims and concealing evidence, a strategy that seems more about creating procedural hurdles than addressing the merits of the case. See concurrently filed Declaration and table with case history.

9. This all seems like a tactical maneuver to try to justify another round of dismissals rather than engaging with the actual substance of the case. Defendant has avoided filing an Answer in this lawsuit for nearly eleven months – and nearly three years after Plaintiff's termination. Instead of addressing the substance, Defendant seems to be playing games, making Plaintiff jump through hoops and engage in extensive legal wrangling just to keep her claims alive.

## V. THE MOTION TO STRIKE SHOULD BE DENIED

10. Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). Plaintiff does not believe any of the content proposed to strike from Plaintiff's complaint is immaterial and thus the motion should be denied.

### A. The motion is filed in bad faith.

11.     Despite the functions they serve, motions to strike are regarded with disfavor because they are often used as a delaying tactic, and because of the policy favoring resolution on the merits. *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.* (6th Cir. 2015) 783 F3d 1045, 1050; *Armstead v. City of Los Angeles* (CD CA 2014) 66 F.Supp.3d 1254, 1273. As a general rule, courts disfavor motions to strike, because striking a pleading is a drastic remedy and is often sought as a dilatory or harassing tactic by the moving party. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (3d ed. 2004). *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D.Cal. 1991).

12.     Apple's filings for these motions to strike and dismiss reveal a fundamental misunderstanding or deliberate misrepresentation of the nature of this lawsuit. Contrary to Apple's assertion that this case solely revolves around the plaintiff's termination, the reality is that the lawsuit encompasses a wide array of serious issues supported by a substantial body of evidence. Apple's attempt to narrow the focus of the complaint by striking allegations is not just a strategic maneuver but an obstructive tactic designed to sidestep the complexities and breadth of the claims at hand.

13.     This approach disregards the fact that many of the allegations are critical to providing the full context and background necessary for a fair resolution. Rather than engaging substantively with the claims and participating in the legal process, Apple seeks to undermine the plaintiff's case by eliminating pertinent allegations. Such a tactic not only hampers plaintiff's ability to present

a comprehensive account of her grievances but also undermines the integrity of the judicial process. This motion should be denied ensuring that the full scope of the plaintiff's claims is properly adjudicated.

14. This latest Motion to Strike is also a continuance of Defendant's relentless censorship of Plaintiff's speech on critical issues such as public safety, labor rights, and her participation in federal proceedings. Defendant's persistent use of these motions to censor, threats of protective orders, and refusal to provide information – not only burdens the plaintiff but also constitutes a direct attack on the very essence of the lawsuit.

15. The crux of this case revolves around the plaintiff's right to speak freely on matters of significant public concern and to participate fully in federal proceedings without undue interference. The defendant's continued efforts to silence and censor Plaintiff are not merely procedural maneuvers, but rather a fundamental challenge to the core issues at stake in this litigation. Defendant wants to prove that even in this litigation revolving around labor rights, right to know, access to information, and community organizing – Defendant is still able restrict Plaintiff's speech, as well as influence the way Plaintiff's arguments are presented to the public.

16. The repeated attempts to stifle the plaintiff's speech are not only obstructive but also represent a deeper attempt to thwart the substantive claims of the lawsuit. It is imperative that these tactics be recognized for what they are — an effort to censor and intimidate, rather than engage with the substantive issues

1  of public safety and labor rights that are at the heart of this dispute.

2      17.    We urge the Court to consider the impact of these motions on the
3  plaintiff and to ensure that the proceedings are conducted in a manner that
4  upholds the principles of free speech and meaningful participation in federal
5  matters. These actions undermine the plaintiff's ability to advocate effectively and
6  address crucial matters that are central to the case. We urge the Court to deny this
7  motion.

**B.    The motion should be denied because the motion is improper**

    18.    Defendant's attempt to use Fed. R. Civ. P. 12(f) to strike claims that are already subject to dismissal under Fed. R. Civ. P. 12(b)(6) is both redundant and improper. *Williams v. County of Alameda*, 26 F. Supp. 3d 925, 948 (N.D. Cal. 2014). Rule 12(f) is not intended for dismissing claims but rather for removing immaterial or redundant matter from pleadings. *Tasion Communications Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 6 (N.D. Cal. Mar. 14, 2014). The proper method for challenging the sufficiency of claims is through Fed. R. Civ. P. 12(b)(6), not Rule 12(f). *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977).

    19.    Moreover, Fed. R. Civ. P. 12(f) does not permit striking claims for damages based on legal insufficiency. *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 975-976 (9th Cir.2010). *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012). Defendants' request to convert their motion to strike into a motion to dismiss lacks legal support and should be rejected. *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010).

20. Defendant's motion to strike fails to meet the requirements of Fed. R. Civ. P. 7(b)(1)(B) because it lacks specific legal grounds for the requested action and does not cite applicable rules or statutes. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014). The motion is based on vague and conclusory statements, without demonstrating why the content to be struck is immaterial. *Mason v. Ashbritt, Inc.,* Case No. 19-cv-01062-DMR, 6-7 (N.D. Cal. Feb. 17, 2020). Furthermore, even allegations not directly relevant can provide important context, and Fed. R. Civ. P. 12(f) is not meant to test the sufficiency of a complaint like Rule 12(b). *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

### C. The motion should be denied because the facts are material and relevant.

21. "Striking a party's pleading . . . is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *See Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000). A motion to strike should only be granted if the material in question has no possible relevance to the case. *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991.) Courts generally disfavor striking pleadings because it is a drastic measure often used to obstruct or harass, rather than to streamline the litigation process. Striking should be reserved for cases where the challenged content is clearly immaterial, meaning it bears no essential relationship to the claims or defenses in the case. *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965-966 (C.D. Cal. 2000).

22. A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Any doubts about the relevance of the allegations should lead to the motion being denied. As with a motion to dismiss, the court should view the pleading sought to be struck in the light most favorable to the nonmoving party. *In re Fibrogen Sec. Litig.*, 21-cv-02623-EMC, (N.D. Cal. Aug. 29, 2023). *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

23. Where there is any doubt about the relevance of the challenged allegations, courts in this Circuit err on the side of permitting the allegations to stand. *Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist.,* No. 09-CV-03557-JSW, 2010 WL 370333, at *2 (N.D. Cal. Jan. 25, 2010) citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023 (1994)); accord *Pilgram v. Lafave,* No. 12-CV-5304 GAF-EX, 2013 WL 12124126, at *5 (C.D. Cal. Feb. 7, 2013); *Art Attacks Ink, LLC v. MGA Ent., Inc.,* No. 04-CV-1035-BLM, 2006 WL 8439887, at *4 (S.D. Cal. June 21, 2006).

24. Just a couple years ago this Court recognized the importance of denying a Motion to Strike matters which could be related to the dispute, writing "depending on the factual record as it actually develops, all of the interrelated conduct alleged in the complaint could be relevant to the remaining claim that is

not being challenged in this motion. That fact alone weighs dispositively against striking the allegations targeted by Defendant. Obviously, whether those allegations end up being backed by sufficient evidence to survive a summary judgment motion, or to warrant presentation to the jury at trial under the Federal Rules of Evidence, is a matter for a later stage of the case. *Rumble, Inc. v. Google LLC,* 21-cv-00229-HSG, (N.D. Cal. Jul. 29, 2022).

25. The matters and content Apple is challenging are all part of the factual record for the case – including for the claims Apple is not challenging. Apple challenges the toxic torts and wants to erase them, but what happened to Gjovik in 2020 is directly relevant to her *Tamney*, Section 6310, and Section 98.6 claims. Apple challenges the UCL claim and acts like it's irrelevant, when its focused upon the sole reason Apple claims it terminated Gjovik's employment. Apple argues there's no case for IIED, attempting to deprive Plaintiff of any right for a remedy for the physical, mental, and reputational injuries Apple caused her after her termination – while concurrently harassing her in real life, in real time. See concurrently filed Declaration.

**D. If the motion is granted, amendment should also be granted.**

26. As a general rule, courts disfavor motions to strike, because striking a pleading is a drastic remedy and is often sought as a dilatory or harassing tactic by the moving party. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (3d ed. 2004). *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D.Cal. 1991).

27. Motions to strike are generally disfavored. See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979).

## VI. Conclusion

28. In conclusion, it is apparent that the content of the complaint is relevant and that, accordingly, the Motion to Strike should be denied. Based on the foregoing, plaintiff respectfully requests that this Court deny the Defendant's Motion to Strike.

29. Apple wants to strike Gjovik's allegations about labor disputes, a culture of secrecy and cover-ups, and active public safety issues. Apple wants to strike Gjovik's complaints about Apple trying to silence her about her complaints about Apple's labor practices, Apple's culture of secrecy and cover-ups, and Apple's cover-ups of public safety issues. Apple even asks to strike Gjovik's complaints about Apple's attempts to censor her about the prior censorship about the original issues. We urge the Court to not entertain these theatrics from Apple

Dated: July 30, 2024.

Signature:

_____

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
Physical Address:
Boston, Massachusetts
Mailing Address:
2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428