**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

vs.

**APPLE INC**, a corporation,

Defendant.

Case No. 3:23-CV-04597-EMC

**DECLARATION**
**of Ashley Gjovik**

Civil L.R. 7-3, 7-5

**MOTION HEARING & CASE MANAGEMENT CONFERENCE:**
Dept: Courtroom 5 (Zoom)
Judge Edward M. Chen
Date: August 22, 2024
Time: 1:30 PM PT

# Declaration of Ashley Gjovik

Pursuant to 28 U.S.C. § 1746, I, Ashley M. Gjovik, hereby declare as follows:

My name is Ashley Marie Gjovik. I am a self-represented Plaintiff in this above captioned matter. I make this Declaration based upon my personal knowledge and in support of Plaintiff's Opposition (Docket No. 84 and 85) to Defendant's Motion to Dismiss (Docket No. 78) and Motion to Strike (Docket No. 79), and to swear to the accuracy of exhibits in the Request for Judicial Notice (Docket No. 86). I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

On July 30-31 2024, I created a table summarizing the claims challenged in each motion to dismiss, as referenced in the Opposition memo. Attached as Exhibit A is a true and correct copy.

On July 30-31 2024, I copied the table of contents from all my filed complaints and combined them into this document. Attached as Exhibit B is a true and correct copy.

On July 30-August 1 2024, I manually created a rough index from my complaints (original, first amended, second amended, third amended) and combined them into this document. Attached as Exhibit C is a true and correct copy. I believe this to be accurate.

On July 31-August 1 2024, I gathered copies of my emails with Apple's lawyers where I attempted to meet/confer with them. Attached as Exhibit D is a true and correct copy of these documents.

On July 31-August 1 2024, I gathered copies of my emails with Apple's lawyers where they complained about my NLRB charges about them, and the two associated NLRB charges. Attached as Exhibit E is a true and correct copy of these documents.

On July 31-August 1 2024, I gathered copies of Wikipedia and Twitter content where Apple (some agents thereof) were extensively harassing me about this lawsuit and trying to make me sound insane. Attached as Exhibit F is a true and correct copy of this content.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 1 2024 in Boston, Massachusetts.

Executed on: August 1 2024

Signature:

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

# TABLE OF CONTENTS

**Appendix: Table of Exhibits** .................................................. 4

**Exhibit A: Claim & 12(b)(6) History** ......................................... 5

**Exhibit B: Complaint Table of Contents** ..................................... 7

    Original Complaint: Filed Sept. 7, 2023. .......................................... 7

    First Amended Complaint: Filed October 25, 2023. .......................... 8

    Second Amended Complaint: Filed December 21, 2023. .................. 11

    Third Amended Complaint: Filed February 27, 2024. ..................... 16

    Fourth Amended Complaint: Filed June 18, 2024. ......................... 18

**Exhibit C: Complaint Index** .................................................... 19

    Original Complaint: Filed Sept. 7, 2023. ......................................... 19

    First Amended Complaint: Filed October 25, 2023. ....................... 28

    Second Amended Complaint: Filed December 21, 2023. ................. 30

    Third Amended Complaint: Filed February 27, 2024. ..................... 37

**Exhibit D: Attempt to Meet/Confer (Emails)** ........................... 42

**Exhibit E: Emails RE: NLRB & Last Hearing** ........................... 77

**Exhibit F: June-July 2024 Wikipedia Vandalism about This Lawsuit** 87

# Appendix: Table of Exhibits

**RECORD DESCRIPTION**

| | |
|---|---|
| **EXHIBIT A** | Gjovik v Apple, claim & 12(b)(6) history |
| **EXHIBIT B** | Table of Contents copied from all filed complaints |
| **EXHIBIT C** | Indexes created (after the fact) for all complaints |
| **EXHIBIT D** | Emails: attempt to meet/confer |
| **EXHIBIT E** | Emails: NLRB & prior hearing |
| **EXHIBIT F** | Wikipedia vandalism about this case |

# Exhibit A: Claim & 12(b)(6) History

*Gjovik v Apple, Claim History per Complaint Version and 12(b)(6) Motion*

| | First MTD (11/16) | Second MTD (1/18) | Third MTD (3/26/24) | Decision & Order (5/20/24) | 4AC () | Fourth MTD (7/15/24) |
|---|---|---|---|---|---|---|
| **RICO – Money Laundering** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with Prejudice | | |
| **RICO – Enterprise** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with LTA | Did Not Amend | |
| **RICO – Conspiracy** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with LTA | Did Not Amend | |
| **Bane Act** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with LTA | Did Not Amend | |
| **Ralph Act** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with LTA | Did Not Amend | |
| **SOX & Dodd Frank (Securities Fraud)** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with Prejudice | | |
| **Ultrahazardous (CERCLA)** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed – SOL Expired | | |
| **Ultrahazardous (Fab)** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Approved | Retained | 12(b)(6) |
| **Nuisance (Fab)** | 12(b)(6) | 12(b)(6) | — | Approved | Retained | 12(b)(6) |
| **Nuisance per se (Fab)** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed with LTA | Did Not Amend | |
| **Nuisance (CERCLA)** | 12(b)(6) | 12(b)(6) | 12(b)(6) | Dismissed – SOL Expired | | |
| **CLC 1102.5** | 12(b)(6) | — | 12(b)(6) | Approved to Supplement | Amended / Supplemented | Partial 12(b)(6): Smuggling; Sanctions; Env Crimes; Gobbler |
| Smuggling | — | — | — | — | Retained | 12(b)(6) |
| Sanctions | — | — | — | — | Retained | 12(b)(6) |
| Palestine | N/A | N/A | N/A | N/A | Added | 12(b)(6) |
| **CLC 98.6** | — | — | — | — | Retained | 12(b)(6); 12(f) |

| | First MTD (11/16) | Second MTD (1/18) | Third MTD (3/26/24) | Decision & Order (5/20/24) | 4AC () | Fourth MTD (7/15/24) |
|---|---|---|---|---|---|---|
| CLC 96k | 12(b)(6) | 12(b)(6) | 12(b)(6) | Approved to Supplement | Amended / Supplemented | 12(b)(6) |
| CLC 232 | — | — | — | — | Retained | 12(b)(6) |
| CLC 232.5 | — | — | — | — | Retained | 12(b)(6) |
| CLC 1101 | — | — | — | — | Retained | 12(b)(6) |
| CLC 1102 | — | — | — | — | Retained | 12(b)(6) |
| *Tamney* | — | — | — | — | Retained | — |
| **CLC 6310** | — | — | — | — | Retained | Partial 12(b)(6) |
| CLC 6399.7 | — | — | — | — | Retained | 12(b)(6) |
| **IIED – Outrageous** | — | — | 12(b)(6) | Dismissed with LTA | Amended / Supplemented | 12(b)(6) |
| **IIED – Cancer** | — | — | 12(b)(6) | Approved | Retained | 12(b)(6) |
| **NIED** | — | — | 12(b)(6) | Dismissed with LTA | Did Not Amend | |
| **Breach of Implied Contract** | — | — | 12(b)(6) | Dismissed with LTA | Did Not Amend | *Accuses Plaintiff of Misconduct* |
| **Breach of Good Faith & Fair Dealing** | — | — | 12(b)(6) | Approved | Retained | 12(b)(6) |
| **UCL 17200 – Injunction** | — | — | 12(b)(6) | Injunction Approved | Amended / Supplemented | 12(b)(6) |

*This table was created by hand by Plaintiff Ashley Gjovik as a reference as to which claims were argued or challenged and when.*

# Exhibit B: Complaint Table of Contents

## Original Complaint: Filed Sept. 7, 2023.

### Table of Contents (As Filed; Docket No. x)

I.     SUMMARY   4
II.    JURISDICTION      5
III.   VENUE         6
IV.    PARTIES       7
V.     NOTICE OF PENDENCY & CONFLICT OF LAWS       7
VI.    GENERAL ALLEGATIONS 9
VII.   LEGAL CLAIMS      49
A.     SOX WHISTLEBLOWER RETALIATION (15 U.S.C. § 1514A) 50
       i.    Evidence of Pretext (to be incorporated in all discharge claims):  52
B.     DODD FRANK WHISTLEBLOWER RETALIATION   56
C.     BANE CIVIL RIGHTS ACT: CAL. CIV. CODE § 52.1   57
D.     RALPH CIVIL RIGHTS ACT: CAL. CIV. CODE §51.7  60
E.     RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT      61
       i.    Standing & Pleading  62
       ii.   Conduct & Violations under 18 U.S.C. §1962(a), (c), (d)   64
       iii.  Creation, Nature, and Operation of the Enterprise 65
             a) Apple as a Corporate Defendant      66
             b) The "Worldwide Loyalty Team" Enterprise 67
       iv.   Pattern; Vertical and Horizontal Relatedness of Predicate Acts    69
       v.    The Schemes  76
       vi.   Predicate Acts/Threats Involving Certain State Offenses  79
             a) Criminal Bribery of Executive Officer (Cal. Penal Code § 67)     79
             a) Criminal Commercial Bribery (Cal. Penal Code § 641.3)   81
             b) Criminal Extortion (California Penal Code § 518)  84
       vii.  Predicate Acts Indictable Under Title 18 US Code     88
             a) Mail Fraud & Wire Fraud (18 US Code §§ 1341, 1343)    88
             b) Tampering with Witness, Victim, Informant (18 U.S. Code § 1512) 92
             c) Retaliating against Witness, Victim, Informant (18 U.S.C § 1513) 102
       viii. Predicate Acts Indictable Under Title 11 USC (Securities)      106
             a) Securities Fraud (15 USC § 78)   106
       i.    Predicate Acts Indictable Under §2332(b)(g)(5)(B)      110
             a) Relating to Chemical Weapons (18 USC § 229)     110
       ii.   Injury in Fact to Plaintiff due to Racketeering Act 116
       iii.  Continuity & Threat to Continue   120
F.     RETALIATION UNDER CALIFORNIA LABOR CODE 120
       i.    California Whistleblower Protection Act: Cal. Labor Code §1102.5      121
             a) Video Recording in Bathrooms: Cal. Labor Code § 435   122
       ii.   Retaliation for Filing a Labor Complaint: Cal. Labor Code § 98.6 123
             a) Retaliation re: Work Conditions: Cal. Labor Code §232.5 (via § 98.6) 123
             b) Lawful Off-Duty Conduct: Cal. Labor Code § 96(k) (via 98.6)   124
       iii.  Retaliation for Safety Complaints: Cal. Labor Code § 6310     125
             a) Right-to-Know Retaliation: Cal. Labor Code §6399.7 (via § 6310) 128

## Original Complaint: Filed Sept. 7, 2023 (Cont.)

G.     WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY    130
    i.    Invasion of Privacy (Cal. Const. art. 1, § 1) 133
    ii.    FTC Biometric Consent Rules    137
    iii.    Breach Of Implied Contract: Good Cause Required (Foley/Banko)    139
H.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS  140
VIII. DEMAND FOR RELIEF    147
A.     SPECIAL REMEDIES    150
    i.    Exemplary and Punitive Damages    150
    ii.    Medical Monitoring    151
    iii.    Special Damages    152
    iv.    Injunctive Relief    152
IX.    PRAYER FOR RELIEF    154
X.    CERTIFICATION AND CLOSING    155

## First Amended Complaint: Filed October 25, 2023.

### Table of Contents (As Filed; Docket No. x)

I.    SUMMARY   6
II.    AMENDMENT    7
III.    JURISDICTION    8
IV.    VENUE    10
V.    PARTIES    11
VI.    NOTICE OF PENDENCY & CONFLICT OF LAWS    11
VII.    FACTS & GENERAL ALLEGATIONS    13
A.     CHRONOLOGICAL FACTS; BY TOPIC  14
    i.    Background on the Property and People Involved in This Case (2010-2015) 14
    ii.    Gjovik Joins Apple; Team Bullies & Bribes Her (2015-2016)    27
    iii.    The Batterygate Fiasco (2016)    34
    iv.    Gjovik is Assigned to the "TRW Microwave Superfund site" Apple Office on the Triple Superfund Site (2017)  37
    v.    Apple Forces Research & Development Employees to Use Work Devices for Personal Activities; Apple Forces Them to Participate in Medical Studies and Invasive Data Collection (2015-2021+)    39
    vi.    Apple Fighting To Increase Their E-Waste & Threatening Families about Superfund Offices (2018)  43
    vii.    The Batterygate Fiasco, Part II (2018)    44
    viii.    Apple's Top Legal Executives Charged with Felonies; Admit to "Wild" Behavior (2019-2020)47
    ix.    Gjovik has Disabling Symptoms of Terminal Illness; The Secret Silicon Fabrication Plant Affair (2019-2020)    49
    x.    The HVAC/Sub-Slat Vent Fiasco (2020)    58
    xi.    "Skipping the Line": The Vaccine Hoarding Incident (2020)    60
    xii.    The TRW Microwave Superfund Site Debacle (2021)    62
    xiii.    Gjovik Was About to Expose What Apple Did at the Silicon Fab Plant (April 2021)  67

**First Amended Complaint: Filed October 25, 2023 (Cont.)**

xiv. The Non-Consensual Sexism Investigation, Doxing, Gag Orders, & Other Retaliation (April-June 2021)    73

xv. Scrutiny and Issues at 3250 Scott Blvd and 825 Stewart Drive Intensify (April 2021-June 2021)    76

xvi. Apple's Retaliation Against Gjovik Intensifies (May-June 2021)   79

xvii. US EPA & Apple Engage in A Cover-Up; Work Together to Intimidate and Mislead GJOVIK (June-July 2021)   83

xviii. Gjovik Fights Back (July-August 2021)    88

xix. Trouble with the US Government Sanctions Against Syria (2020-2021)   96

xx. US EPA Demands to Inspect Gjovik's Office; Apple Doubles-Down on the Cover-Up; Gjovik Demands Reform (July-August 2021)   98

xxi. Apple Removes Gjovik from her Office and Coworkers in Preparation for the US EPA Inspection; Apple Prepares to Fire Gjovik (August 2021)111

xxii. Apple Unleashes a Digital & Physical Harassment Campaign Against Gjovik to Demoralize and Intimidate Her (August 2021)    119

xxiii. Apple Pretends to Investigate Gjovik's Concerns; Gjovik Asks to Come Back & Apple Says No (August 2021)    120

xxiv. Gjovik Accuses Apple of Violating the RICO Act; Apple Increases the Digital Harassment (August 2021)   122

xxv. Gjovik Files Charges/Claims Against Apple with the State and Federal Government (August – September 2021)    127

xxvi. Apple Intimidates Gjovik and Tries to Force Her Onto a WebEx Meeting (September 3 2021)   132

xxvii. Gjovik Files More Complaints Against Apple; Complaints of Apple Executives Criminal Conduct; Complaints about Batterygate Intimidation (September 3-9 2021)  134

xxviii. The Day Apple Fired Gjovik (September 9 2021)   138

xxix. Apple Increases Intimidation and Retaliation (September 2021)   146

xxx. Gjovik Files More Charges; EPA Asks Apple for Status of Corrective Actions at
Gjovik's Office; Apple Attacks Gjovik and Lies to the SEC (October 2021)
        161

xxxi. Apple Works to Capture and Influence Government Agencies to Ignore Gjovik and Ignore Apple's Environmental/Safety Violations (October-December 2021)
        163

xxxii. Apple's Harassment of Gjovik Becomes Increasingly Deranged (September-December 2021)   166

xxxiii. The Government Responds to Gjovik; Some Agencies Complicit in the Cover-Up; Gjovik Escalates Further; Apple Bites Back (December 2021-January 2021)
        168

xxxiv. Gag Orders & Missing" Documents" (February-March 2022)    172

xxxv. Apple Lies about Everything; Apple Smears Gjovik; Gjovik Will Be Sent to Jail if She Defends Herself (March 2022)    174

xxxvi. Gjovik Discovers the August 19 2021 Inspection (May 2022)    190

xxxvii. Gjovik Discovers Apple's Been Hacking and Surveilling Her More Than She Thought; Appel Tries to Break into Gjovik's Home, Again (May 2022)  190

xxxviii. Gjovik Attempts to Investigate What Happened in 2021; Apple Increases the Cover-Up; Gjovik Still Gagged (May-August 2022) 193

xxxix. Gjovik Starts to Recover; Gjovik Discovers More of Apple's Misconduct; Gjovik Fights Back (August 2022 – February 2023)196

      xl.     Apple and Orrick Try to Squash and Demoralize Gjovik Again (January-April 2023). 201

      xli.     Gjovik Discovers the Secret Silicon Fabrication Plant; Apple commits more Felonies (February 2023)     202

      xlii.    After Learning about the Factory and its Leaks/Spills, Gjovik is Certain Apple Made her Sick in 2020; Gjovik Goes After Apple (June-August 2023).     206

      xliii.   Apple Respond with More Cover-Ups & Harassment (July-September 2023) 207

**VIII.  LEGAL CLAIMS     208**

**A.    SOX WHISTLEBLOWER RETALIATION (15 U.S.C. § 1514A) 210**

**B.    DODD FRANK WHISTLEBLOWER RETALIATION (15 USC §78U-6(H)(1)(A)(III))     212**

**C.    BANE CIVIL RIGHTS ACT: CAL. CIV. CODE § 52.1     213**

**D.    RALPH CIVIL RIGHTS ACT: CAL. CIV. CODE §51.7     217**

**E.    RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. § 1962 219**

      i.      Standing & Pleading  219

      ii.     Conduct & Violations under 18 U.S.C. §1962(a), (c), (d)   222

      iii.    Creation, Nature, and Operation of the Enterprise 223

              Apple as a Corporate Defendant 224

              The "Worldwide Loyalty Team" Enterprise     224

      iv.    Pattern; Vertical and Horizontal Relatedness of Predicate Acts     225

      v.     The Schemes  232

      vi.    Predicate Acts/Threats Involving Certain State Offenses  235

              Criminal Bribery of Executive Officer (Cal. Penal Code § 67) 235

              Criminal Commercial Bribery (Cal. Penal Code § 641.3)     237

              Criminal Extortion (California Penal Code § 518)     239

      vii.   Predicate Acts Indictable Under Title 18 US Code     243

              Mail Fraud & Wire Fraud (18 US Code §§ 1341, 1343) 243

              Tampering with a Witness, Victim, or an Informant (18 U.S. Code § 1512) 251

              Retaliating against a Witness, Victim, or an Informant (18 U.S. Code § 1513)     260

      viii.  Predicate Acts Indictable Under Title 11 USC (Securities)     265

              Securities Fraud (15 USC § 78)  265

      i.      Predicate Acts Indictable Under §2332(b)(g)(5)(B)     269

              Relating to Chemical Weapons (18 USC § 229) 269

      ii.     Injury in Fact to Plaintiff due to Racketeering Act 278

      iii.    Continuity & Threat to Continue  283

**F.    TORT: ULTRAHAZARDOUS ACTIVITIES     283**

**G.    RETALIATION UNDER CALIFORNIA LABOR CODE 285**

      i.      California Whistleblower Protection Act: Cal. Labor Code §1102.5     285

              Video Recording in Bathrooms: Cal. Labor Code § 435 287

      ii.     Retaliation for Filing a Labor Complaint: Cal. Labor Code § 98.6 288

              Retaliation re: Work Conditions: Cal. Labor Code §232.5 (via § 98.6) 289

              Lawful Off-Duty Conduct: Cal. Labor Code § 96(k) (via 98.6) 290

      iii.    Retaliation for Safety Complaints: Cal. Labor Code § 6310     291

              Right-to-Know Retaliation: Cal. Labor Code §6399.7 (via § 6310)     296

**H.    WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (TAMNEY) 298**

      i.      Tamney: Invasion of Privacy (Cal. Const. art. 1, § 1)     302

      ii.     Tamney: FTC Biometric Consent Rules  306

## First Amended Complaint: Filed October 25, 2023 (Cont.)

|   | iii. | Breach Of Implied Contract: Good Cause Required (Foley/Banko) | 308 |

**I.** **NUISANCE (CAL. CIVIL CODE § 3479) 310**
**J.** **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS  312**
**K.** **PRETEXT GENERALLY  320**
**IX.** **DEMAND FOR RELIEF   324**
**A.** **SPECIAL REMEDIES   328**
    i.    Exemplary and Punitive Damages   328
    ii.    Medical Monitoring   330
    iii.    Special Damages   330
    iv.    Injunctive Relief   331
    v.    Declaratory Relief & Nominal Damages   332
**X.** **PRAYER FOR RELIEF   333**
**XI.** **CERTIFICATION AND CLOSING   335**

## Second Amended Complaint: Filed December 21, 2023.

### Table of Contents (As Filed; Docket No. x)

**I.** **TABLE OF CONTENTS   2**
**II.** **SUMMARY   6**
**III.** **JURISDICTION   8**
**IV.** **VENUE   10**
**V.** **PARTIES   10**
**VI.** **NOTICE OF PENDENCY & CONFLICT OF LAWS   11**
**VII.** **FACTS & GENERAL ALLEGATIONS   13**
    **A.** **BACKGROUND ON KEY LOCATIONS AND PEOPLE  13**
    i.    Ronald Sugar, Apple Board Member; ex-TRW Executive; ex-Northrop Grumman CEO   14
    ii.    The Triple Superfund Site & TRW Microwave Superfund sites at 825 Stewart Drive, Sunnyvale California  17
    iii.    Lisa Jackson, Apple Vice President of Government Affairs and Lobbying; ex-US EPA Administrator   31
    iv.    Apple's Secret Semiconductor Fabrication at 3250 Scott Blvd, Santa Clara California   32
    v.    Apple's Personal Data Collection and Surveillance of Employees (Panopticon) 34
    **B.** **ASHLEY'S APPLE SAGA  37**
    i.    Gjovik Joins Apple; Team Bullies & Bribes Her; Gjovik is Retaliated Against for trying to Investigate Batterygate (2015-2016)  37
    ii.    Gjovik is Assigned to Work at an Apple office on the "Triple Superfund Site"; Apple Invades Gjovik's Privacy & Fights to Increase e-Waste (2017)   52
    iii.    Apple's Top Legal Executives Charged with Felonies; Admit to "Wild" Behavior; Gjovik Faints (2019-2020)   62
    iv.    Gjovik has Disabling Symptoms of Terminal Illness; The Secret Silicon Fabrication Plant Affair (2019-2020)   67
    v.    "Skipping the Line": The Vaccine Hoarding Incident (2020)   78
    vi.    The TRW Microwave Superfund Site Debacle (2021)   81

# Second Amended Complaint: Filed December 21, 2023 (Cont.)

vii.    Gjovik Was About to Expose What Apple Did at the Silicon Fab Plant (April 2021)  90

viii.    Scrutiny and Issues at 3250 Scott Blvd and 825 Stewart Drive Intensify (April 2021-June 2021)    101

ix.    Apple's Retaliation Against Gjovik Intensifies (May-June 2021)  107

x.    Trouble with the US Government Sanctions Against Syria (2020-21)    129

xi.    US EPA Demands to Inspect Gjovik's Office; Apple Doubles-Down on the Cover-Up; Gjovik Demands Reform (July-August 2021)  131

xii.    Apple Torments Gjovik; US EPA Inspection! Apple Prepares to Fire Gjovik (August 2021) 151

xiii.    Apple Intimidates & Threatens Gjovik; Tries to Force Her onto a WebEx Meeting (September 3 2021) 202

xiv.    The Day Apple Fired Gjovik (September 9 2021)  212

xv.    Apple Increases Intimidation and Retaliation (September 2021)  224

xvi.    Gjovik Files More Charges: EPA Asks Apple for Status of Corrective Actions at Gjovik's Office; Apple Attacks Gjovik and Lies to the SEC (October 2021)    246

xvii.    Gag Orders & Missing" Documents" (February-March 2022)  270

xviii.    Apple Lies about Everything; Apple Smears Gjovik; Gjovik Will Be Sent to Jail if She Defends Herself (March 2022)  274

xix.    Gjovik Discovers the August 19 2021 Inspection (May 2022)  289

xx.    Gjovik Discovers the Secret Silicon Fabrication Plant; Apple Commits More Felonies (February 2023)  311

xxi.    After Learning about the Factory and its Leaks/Spills, Gjovik is Certain Apple Made her Sick in 2020; Gjovik Goes After Apple (June-August 2023).  325

**VIII.**    **LEGAL CLAIMS**  329

**A.**    **SECURITIES FRAUD WHISTLEBLOWER RETALIATION**  332

    i.    Sarbanes-Oxley (SOX) Whistleblower Retaliation (18 U.S.C. § 1514A)  333

    ii.    Dodd Frank Whistleblower Retaliation (15 USC §78u-6(h)(1)(A)(iii))  336

    iii.    Disclosure Controls and Procedures (SOX and Dodd Frank)  339

        Employee Risk Disclosures  342

        Environmental & Safety Risk Disclosures  344

        Wire Fraud, Mail Fraud, Shareholder Fraud, Communications (SOX and Dodd Frank)  352

    iv.    Conflicts of Interest (SOX & Dodd Frank) 353

        "Conflict of Interest" Generally 360

        Interested Party Transactions (Cal. Corps. Code § 310)  361

        Related Party Transaction  362

        Real Estate Settlement Procedures Act (RESPA)  364

    v.    OFAC Sanctions (Dodd-Frank; 22 U.S. Code § 8792)  365

    vi.    Skipping the Line & Vaccine Hoarding (Dodd-Frank; US DOJ NCDF)  368

**B.**    **BANE AND RALPH CIVIL RIGHTS ACTS (CAL. CIV. CODE § 52.1, §52.7) 370**

    i.    Bane Civil Rights Act (Cal. Civ. Code § 52.1)  371

    ii.    Ralph Civil Rights Act (Cal. Civ. Code §51.7)  383

    iii.    Acts of Violence and Threats of Violence (Bane § 52.1 & Ralph § 52.7)  387

    iv.    Intimidation & Coercion (Bane, § 52.1)  393

**C.**    **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. § 1962.**    394

## Second Amended Complaint: Filed December 21, 2023 (Cont.)

i.       Standing & Pleading  395

ii.      Conduct & Violations under 18 U.S.C. §1962(a), (c), (d)   397

iii.     Creation, Nature, and Operation of the Enterprise 399

iv.     Pattern; Vertical and Horizontal Relatedness of Predicate Acts   403

v.      The Schemes  412

vi.     Predicate Acts/Threats Involving Certain State Offenses  418

         Criminal Bribery of Executive Officer (Cal. Penal Code § 67)  418

         Criminal Commercial Bribery (Cal. Penal Code § 641.3)      421

         Criminal Extortion (California Penal Code § 518)      422

vii.    Predicate Acts Indictable Under Title 18 US Code      426

viii.   Mail Fraud & Wire Fraud (18 US Code §§ 1341, 1343)      427

         Fraud: Environmental and Safety Practices      428

         Fraud: Privacy      438

         Fraud: Compliance and Ethics      443

i.       Tampering with a Witness, Victim, or an Informant (18 U.S. Code § 1512)   448

         Use of Force or the Threat of the Use of Force to Prevent the Production of Evidence      450

         Use of Deception or Corruption or Intimidation to Prevent the Production of Evidence      454

         Destruction or Concealment of Evidence or Attempts to Do So      460

         Witness Harassment to Prevent the Production of Evidence   462

ii.      Retaliating against a Witness, Victim, or an Informant (18 U.S. Code § 1513)   469

         Retaliation and Conspiracy to Retaliate Against Witness for Providing Testimony and Evidence  472

         Retaliation & Conspiracy to Retaliate Against Witness for Reporting Federal Offenses  475

iii.     Predicate Acts Indictable Under Title 11 USC (Securities)      475

         Securities Fraud (15 USC § 78)  475

i.       Predicate Acts Indictable Under §2332(b)(g)(5)(B)      477

         Relating to Chemical Weapons (18 USC § 229) 477

ii.      Injury in Fact to Plaintiff due to Racketeering Act  488

iii.     Continuity & Threat to Continue      492

**D.    TORT: ULTRAHAZARDOUS / ABNORMALLY DANGEROUS ACTIVITIES 492**

i.       Silicon Fabrication Next to Homes  496

ii.      Superfund Site Mega-Plumes with Complete Pathways for Vapor Intrusion 502

**E.    RETALIATION UNDER CALIFORNIA LABOR CODE 507**

i.       California Whistleblower Protection Act: Cal. Labor Code §1102.5      508

         §1102.5: Reporting Unlawful Labor/Employment Conduct      509

         §1102.5: Reporting Environmental & Safety Violations 511

         §1102.5: Refusal to Participate in Unlawful Conduct   515

ii.      Retaliation for Filing a Labor Complaint: Cal. Labor Code § 98.6.      521

         Filing a Labor Complaint: § 98.6522

         §98.6: Retaliation re: Wages: Cal. Labor Code §232      523

         §98.6: Retaliation re: Work Conditions: Cal. Labor Code §232.5      523

         §98.6: Lawful Off-Duty Conduct: Cal. Labor Code § 96(k)      526

iii.     Retaliation for Safety Complaints: Cal. Labor Code § 6310      529

# Second Amended Complaint: Filed December 21, 2023 (Cont.)

§ 6310: Employee Exposure to Chemicals [Cal.Lab.C. §§ 6398, 6400-6405, 6408; 8 Cal.Code.Reg. § 340.2; 29 CFR Z; OSH Act § 1910.1020]   531

§6310: COVID-19 Safety & Communication [Cal.Labor.C. §§ 6325; 6409.6, 6432]   537

§6310: Wildfire Smoke [Cal.C.Reg. Title 8, § 5141.1]   537

§6310: Injury Reporting [8 Cal.C.Reg. § 14300]   539

§6310: Retaliation for Complaining about e-Waste Violations   540

§6310: Right-to-Know Retaliation [Cal. Labor Code §6399.7]   541

§6310: Proposition 65 [Cal. Code of Reg. §5194(b)(6)] 541

§6310:  Federal Environmental Statutes 543

§6310: Workplace Violence [Cal.Lab.C. §§ 6401.7, 6401.9]   545

6310: Unfair Business Practices & False Advertising [Cal. Bus. & Prof. Code §§ 17200, 17500]   548

F.   WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (TAMNEY) 549

i.   Tamney: Reporting Allegations of Criminal Conduct to Apple, Law Enforcement, and District Attorneys   551

ii.   Tamney: Reporting Allegations of Unlawful Acts to State and Federal Agencies; Testifying About Employer   553

iii.   Tamney: Testifying to Agency and/or Legislative Committee   554

iv.   Tamney: Discrimination, Harassment, and Retaliation due to Sex and Disability (Cal. FEHA; California Constitution, Article I, Section 8; Title VII/EEOC)555

v.   Tamney: Victim of Crime; Apple's Concealment   558

vi.   Tamney: Invasion of Privacy (Cal. Const. art. 1, § 1)   559

vii.   Tamney: California Privacy Rights Act   564

viii.   The International Covenant on Civil and Political Rights (OHCHR): Article VII, Free Consent   566

ix.   Tamney: FTC Act Biometric Consent Rules; Cal. Biz. & Pro. Code §§ 17200; Biometric Privacy Guide Posts   570

x.   Tamney: Protests about Misuse of ADA Procedures and Medical Clinics; Protest of Employee Health Data Collection   576

xi.   Foley/Banko: Breach of Implied Contract: Good Cause Required  578

G.   NUISANCE   581

i.   Nuisance (Cal. Civil Code § 3479)   581

ii.   Factories, Hazardous Waste, & Air Pollution   583

iii.   Nuisance Per Se / Absolute Nuisance   586

iv.   Continuing Nuisance 587

v.   Enforcement   588

H.   INFLICTION OF EMOTIONAL DISTRESS   588

i.   Retaliation & Interrogation   589

ii.   Burglary, Surveillance, Threats, and Stalking   593

iii.   False Police Reports  594

iv.   Surveillance / Gobbling   595

v.   Exposure & Concealment   596

vi.   Fear of Cancer   597

vii.   Deranged Gag-Order 598

viii.   Gjovik's Injuries   600

ix.   Eggshell / Target   603

I.   ADVERSE/NEGATIVE EVENTS GENERALLY  604

i.   2021-01 Hostile Work Environment 605

## Second Amended Complaint: Filed December 21, 2023 (Cont.)

ii.   2021-4: Constructive Discharge      606
iii.  2021-07: Increase in Unfavorable Work / Reassignment / Fake Investigations / Misleading Statements      609
iv.   2021-08: "Removed from the Workplace and all Workplace Interactions" 610
v.    2021-09-09: Interrogation      614
vi.   2021-09-09 Termination      618
vii.  2021-2023: Digital Threats & Harassment   618
viii. 2021-2023: Coworker Harassment; Retaliatory Lawsuits & Police Reports 619

**J.    RETALIATION PRETEXT GENERALLY 622**
i.    Reasonableness & Credibility      623
ii.   Temporal Proximity   625
iii.  There is No Defense of Ignorance   625
iv.   Post Hoc Rationalizations   628
v.    Shifting Explanations 630
vi.   Evidence of Forbidden Animus      631
vii.  Unlawful Corporate Interrogation of Employee Whistleblower (Cotran)   632
viii. "Failure to Participate in Investigation"   634
ix.   Arbitrary and Capricious; Apple's Actions with Gjovik were Contrary to Corporate Policies and Interests   635
x.    Apple Stalks and Surveils any Public Commentary about the Company   638
xi.   Great Performance & No Discipline Prior to Complaints   639
xii.  Apple's Concealment of What they did to Gjovik.  639
xiii. Farfetched and Illogical Narratives  641

**IX.   DEMAND FOR RELIEF   647**
   **A.    SPECIAL REMEDIES      651**
i.    Exemplary/Punitive Damages      651
ii.   Medical Monitoring   653
iii.  Special Damages   654
iv.   Injunctive Relief   655
v.    Physical Injuries and Sickness   656
vi.   Declaratory Relief & Nominal Damages   657

**X.    PRAYER FOR RELIEF      658**
**XI.   CERTIFICATION AND CLOSING      660**
**XII.  APPENDIX I: SUMMARY OF PARTIES /  PLACES   661**
**XIII. APPENDIX III: SUMMARY OF FALSE STATEMENTS 664**

# Third Amended Complaint: Filed February 27, 2024.

## Table of Contents (As Filed; Docket No. x)

I.      JURISDICTION & VENUE 2
II.     PARTIES      2
III.    NOTICE OF PENDENCY & CONFLICT OF LAWS      3
IV.     STATEMENT OF FACTS   4
        i.      Gjovik's Employment at Apple      4
        ii.     Apple's Secret Semiconductor Fabrication at 3250 Scott Blvd ("Aria")   7
        iii.    Gjovik's Office at The TRW Microwave Superfund Site    11
        iv.     Gjovik's 2021 Complaints and Disclosures  20
        v.      Apple Decides to Investigate Gjovik Instead of Her Concerns.   26
        vi.     Threats, Intimidation, Coercion, Harassment      29
V.      CAUSES OF ACTION & LEGAL CLAIMS      30
        FIRST CAUSE OF ACTION: RICO      30
                i.      Apple as the Enterprise-as-Person who Launders Money   31
                ii.     The Worldwide Loyalty Association-in-Fact Enterprise   32
                iii.    Apple & the RICO Conspiracy      33
                iv.     Relatedness, Pattern, Scheme      33
                v.      Predicate Act 1: Criminal Bribery of Executive Officer (Cal. Penal Code
                        § 67)   35
                vi.     Predicate Act 2: Tampering with a Witness, Victim, or an Informant (18
                        U.S. Code § 1512)   35
                vii.    Predicate Act 3: Retaliating against a Witness, Victim, or an Informant
                        (18 U.S. Code § 1513) 39
                viii.   Predicate Act 4: NMP- Wire Fraud (18 US Code § 1343)   39
                ix.     Predicate Act 5: "Zero Waste" - Wire Fraud (18 US Code § 1343) 40
                x.      Predicate Act 6: E-Waste - Wire Fraud (18 US Code § 1343)      41
                xi.     Predicate Act 7: "Green" Energy – Wire Fraud (18 US Code § 1343)
                        43
                xii.    Predicate Act 8: Compliance – Wire Fraud (18 US Code § 1343)   44
                xiii.   Predicate Act 9: Apple/Levoff -- Securities Fraud (15 USC § 78) & Wire
                        Fraud  44
                xiv.    Predicate Act 10: Relating to Chemical Weapons [18 USC § 229;
                        §2332(b)(g)(5)(B)]   45
        SECOND CAUSE OF ACTION      46
                (Violation of Sarbanes-Oxley Whistleblower Protection)
        THIRD CAUSE OF ACTION      48
                (Violation of Dodd-Frank Whistleblower Protection)
        FOURTH CAUSE OF ACTION      48
                (Creation & Maintenance of a Private Nuisance; Nuisance Per Se; Absolute
                Nuisance)
                xv.     Part A. – Nuisance at 3250 Scott Blvd, Santa Clara 50
                xvi.    Part B.– Nuisance at 825 Stewart Drive, Sunnyvale      50
        FIFTH CAUSE OF ACTION      51
                (Strict Liability for Ultrahazardous / Abnormally Dangerous Activities)
                xvii.   Part A. – Ultrahazardous Activities at 3250 Scott Blvd, Santa Clara
                        51
                xviii.  Part B. – Ultrahazardous Activities at 825 Stewart Drive, Sunnyvale
                        52
        SIXTH CAUSE OF ACTION      52
                (Violation of the Bane Civil Rights Act - Cal. Civ. Code § 52.1)
        SEVENTH CAUSE OF ACTION   55

(Violation of the Ralph Civil Rights Act - Cal. Civ. Code §51.7
EIGHTH CAUSE OF ACTION      57
    (Violation of the California Whistleblower Protection Act - Cal. Labor Code § 1102.5)
NINTH CAUSE OF ACTION      59
    (Violation of Cal. Labor Code § 98.6including § 96k, 232, and 232.5)
TENTH CAUSE OF ACTION      60
    (Violation of Cal. Labor Code § 6310
ELEVENTH CAUSE OF ACTION 62
    (Wrongful Discharge in Violation of Public Policy - *Tamney*)
    xix.   Part A. Data Collection for AI Development      62
    xx.   Part B. Reporting Crime      63
    xxi.   Part C. Employment Discrimination & Retaliation  64
    xxii.   Part E. Victim/Witness Discrimination      64
TWELFTH CAUSE OF ACTION   65
    (Breach of Implied Contract & Breach of Covenant of Good Faith and Fair Dealing)
THIRTEENTH CAUSE OF ACTION      66
    (Intentional Infliction of Emotional Distress)
FOURTEENTH CAUSE OF ACTION      70
    (Negligent Infliction of Emotional Distress / Negligence)
FIFTEENTH CAUSE OF ACTION      70
    (Violation of Cal. Bus. & Prof. Code § 17200, et seq)[1]
    xxiii.   Part A. – Unfair and Unethical Use of Employee Biometric Data Collection for Commercial Profit ("The Face Gobbler")  70
    xxiv.   Part B. – Unfair and Unethical Use of Employees for Medical and Invasive User Studies to Gather Data for Product Development   71
    xxv.   Part C. – Unfair and Unethical Use of Company Medical Doctors 72
VI.    PRAYER FOR RELIEF      73
VII.    CERTIFICATION AND CLOSING      75

---

[1] The SAC § 17200 claims were previously nested under § 6310 and *Tamney* claims.

# Fourth Amended Complaint: Filed June 18, 2024.

## Table of Contents (As Filed; Docket No. x)

I.      SUMMARY OF THE CASE 2
II.     PROCEDURAL HISTORY  3
III.    JURISDICTION & VENUE 4
IV.     PARTIES     4
V.      NOTICE OF PENDENCY & CONFLICT OF LAWS      5
VI.     STATEMENT OF FACTS   6
            Gjovik's Employment at Apple   7
            Apple's Secret Semiconductor Fabrication       10
            The September 2020 Email        15
            The TRW Microwave Superfund Site        15
            The March 2021 Email    18
            The Cracked Slab 23
            Removed from the Workplace       28
            Workplace Violenced      37
            Threats, Intimidation, Coercion, Harassment    41
            Surprise Semiconductor Fabrication      44
VII.    LEGAL CLAIMS    45
            Count One: Wrongful Discharge in Violation of Public Policy       45
                Illegal Data Harvesting [Cal. Const. Article I,; FTC Act] 45
                Employment Discrimination [Cal. DFEH; U.S. EEOC]      47
                Crime Victim/Witness Discrimination [Cal. Labor C. § 230(e)]   47
                Legislative Witness Discrimination [Cal. Gov. Code § 9414]     48
            Count Two: California Whistleblower Protection Act       48
            Count Three: Cal. Labor Code § 6310 51
            Count Four: Cal. Labor Code § 6399.752
            Count Five: Cal. Labor Code § 98.6     53
            Count Six: Cal. Labor Code §§ 232, 232.5     54
            Count Seven: Cal. Labor Code § 96(k)        55
            Count Eight: Covenant of Good Faith and Fair Dealing     56
            Count Nine: Cal. Unfair Competition Law     57
            Count Ten: IIED – Outrageous Conduct       61
            Count Eleven: Private Nuisance       65
            Count Twelve: Ultrahazardous Activities     67
            Count Thirteen: IIED – Fear of Cancer       69
VIII.   PRAYER FOR RELIEF       72
IX.     CERTIFICATION AND CLOSING       74

# Exhibit C: Complaint Index

## Original Complaint: Filed Sept. 7, 2023.

### Post Hoc, Draft Index

'*extreme condition leave*' — 21
'vacuum filters with glass shards' — 29
"*Apple Cares about Privacy, Unless You Work at Apple.*" — 39
"*Make Ashley's Life a Living Hell.*" — 10, 14
"*the toxic nightmare that is Stewart 1*" — 24
"violations of Right to Know & OSHA." — 39
1,1,1-TCA — 129
1,1-Dichloroethane — 129
1,1-Dichloroethene — 129
1,2,3,5-Perchloroethylene — 129
1,2-Dichlorobenzene — 129
1,2-Dichloroethylene — 129
1,2-trans-Dichloroethylene — 129
15 U.S.C. § 1514A — 50
15 U.S.C.A. § 78u-6 — 56
15 USC 78 (Securities Fraud) — 63
18 U.S. Code § 1962 — 64
18 U.S.C. § 1341 — 88
18 U.S.C. § 1503 — 88
18 U.S.C. § 1512 — 88
18 U.S.C. § 1951 — 88
18 U.S.C. § 229F(7) — 111
18 U.S.C. § 3771 — 154
18 U.S.C.A. §§ 1961 et seq. — 67
18 USC § 229 — 130, 142
18 USC 1512, 1513 — 63
18 USC 229 — 63, 64, 115
22 CCR Section 12000 — 129
34 U.S.C. § 20141(e)(2) — 154
3D scan their ears and ear canals — 136
AC Wellness — 24, 27
air pollution — 21
air testing — 129
ambient air — 23, 33

ammunition — 11
anatomical measurements — 152
animus — 25, 53, 61
annual performance review — 56
anxiety — 24, 27, 150
Apple "*decided*" employees did not have a right to know — 26
Apple was attempting to cover-up the safety issues — 37
Apple was misrepresenting their policies and protocols — 35
Apple was negligent at her office — 35
Apple's felonious impersonation of law enforcement — 41
arsine — 112, 114, 145
assignment of unfavorable projects — 56
bad faith — 15, 139
bathroom — 122, 135, 143
Bhopal — 113
biometrics — 134, 135, 136, 138, 152
BIPA — 138
*birth defects & miscarriages* — 25
Bloomberg — 17, 39, 42
break-ins — 58, 142, 145
broken glass — 142
Brownfield — 21, 30
Business Conduct — 18, 38, 139
Cal. Bus. & Prof. Code § 17200 — 133, 153
Cal. Civ. Code § 1708.8(a), (b), (d) — 135
Cal. Civil Code § 1471 — 26
Cal. Civil Code § 3294(a) — 151
Cal. Code Civ. Proc. § 335.1 — 133
Cal. Code of Reg. §5194(b)(6). — 129
Cal. Code Reg.  Title 8 §5194 — 130
Cal. Code Reg. § 5194(b)(6) — 129
Cal. Code Reg. § 5194(b)(6). — 129

Cal. Code Reg. Title 8 § 5194                         129
CAL. CONST. ART. 1, § 1                         6, 58, 133
Cal. Gov't Code § 12964.5(a).                          36
Cal. Lab. Code § 1019(b)(C), (D                        31
Cal. Lab. Code § 1104                                  49
Cal. Lab. Code § 230                                   27
Cal. Lab. Code § 2802                                 149
Cal. Lab. Code § 640                                  126
Cal. Lab. Code § 6403                                 126
Cal. Lab. Code § 6406                                  29
Cal. Lab. Code §§ 6325, 6409.                          31
Cal. Lab.C § 435                                      135
Cal. Lab.C § 98.6                                 123, 149
Cal. Lab.C. § 1102.5 121, 122, 130, 133, 149
Cal. Lab.C. § 1102.5(b)                               121
Cal. Lab.C. § 1102.5(f)                               149
Cal. Lab.C. § 232.5                               123, 124
Cal. Lab.C. § 435                            122, 131, 135
Cal. Lab.C. § 6310          125, 128, 130, 149
Cal. Lab.C. § 6310(b)                                 125
Cal. Lab.C. § 6360-6399.7                             130
Cal. Lab.C. § 6398(a)                                 126
Cal. Lab.C. § 6398(b)                                 127
Cal. Lab.C. § 6399                                    128
Cal. Lab.C. § 6399.7                                  128
Cal. Lab.C. § 6400                                    130
Cal. Lab.C. § 6400(a)                                 127
Cal. Lab.C. § 6402                                    127
Cal. Lab.C. § 6404, 6405                              127
Cal. Lab.C. § 96(k)                               124, 125
Cal. Lab.C. § 98.6          123, 124, 125, 149
Cal. Lab.C. §142.3                                    126
Cal. Lab.C. §6360-6399.7                              129
Cal. Lab.C. §6408(c).                                 126
Cal. Lab.C. §6408(d)                                  126
Cal. Labor Code §§ 6101, 6046                          58
Cal. Penal Code § 637.7                           133, 134
California Civil Code 52.1(j)                          59
California Constitution            131, 133, 135
California Department of Labor           39, 45
California DFEH                                       121
California Hazardous Substances
    Information and Training Act             128
California Occupational Safety and Health
    Act                                     125, 149
California Penal Code § 18715                         115

California Penal Code § 641.3(a)              84
California Penal Code § 67                    80
California Unfair Competition Law            140
CalOES                                       20
cameras in bathrooms                        143
cancer                             24, 25, 32, 36
carcinogenic chemicals                      145
catastrophic gas leak                       113
CERCLA                   8, 23, 25, 48, 129
chemical                                    148
chemical clean-up sites                      34
chemical emissions and exposure             130
chemical exposure                        28, 36
chemical/gas emissions                       21
chemicals emitted into the environment  129
Chemicals of Mass Effect                    112
chemotherapy                                 24
Chlorine                                    113
chloroform                               26, 28
city Fire Department                         20
civil rights                                 58
Clean Air Act                             5, 128
coercion                                 57, 137
coercive and unlawful data collection of
    biometric, genetic, anatomical, and
    surveillance data                       131
collect data                                134
compensation                                137
complaints about a "cover-up"                62
confidential              19, 22, 43, 48, 136, 138
conscious disregard of her rights      150, 151
consent              131, 135, 136, 137, 138
conspiracy                               36, 62
conspiracy to conceal                        54
conspired to conceal the issue from
    regulators                               30
conspired to harass and threaten             61
conspired to hide this information           37
Constitutional rights                        58
constructive discharge                      137
constructive termination                     56
consumer protection laws                    137
continuous injury                            30
cover up what Apple did                     142
cover-up                                    122
COVID safety                                 31

COVID vaccine 54
cracked floor 35
cracked slab 32
cracks 35, 37
cracks in the floor 31, 32
cried 11
cried every day 144
crime victim 27, 154
cruel 150
cruel and unjust hardship 146
crying uncontrollable for hours every day 145
culture of discrimination and impunity 36
data collection 131
data collection practices 130
data protection laws 137
deadly 114
deadly gases 20
death 142
death threats 144
deceit 151
depravity 145
depression 145, 150
deranged 150
deranged harassment, threats, and intimidation 142
deranged maniacs 143
despicable 146, 150, 151
despised 151
develop cancer on her thyroid 146
die of cancer and disease, homeless and bankrupt 146
disabled 20
disgorgement 152
disgorgement of software 154
disgorgement of the unlawfully and unethically obtained data 153
disposed of it onsite 23
doctrine of continuing violations 50
draconian 20
Duty of Good Faith and Fair Dealing 140
ear canal scans 143
ear canals 131
ear scanning 131
ears 132
EEOC 39, 42, 44, 92

emissions 33, 129, 145
emissions of carcinogenic chemicals 146
emissions of toxic chemicals and gases into Gjovik's home 142
emotional distress 140, 141, 143, 145
emotional suffering from living in fear 147
employees *"should be better informed about these types of environmental risks at our offices."* 25
employees should know 26
employees were and could be exposed 129
employees were likely being exposed to carcinogens 30
employment policies violate federal labor laws 43
environmental 146, 148
environmental crimes 122
Environmental Crimes 28
EPCRA §§ 302, 304, 311-3 128
Ethylbenzene 28, 33, 128, 129
e-waste 17
*exceeding max industrial limits* 28
exceeds all bounds of decency 141
exhaust vents 23
explosion 29
explosive 115
exposed 145
exposed to chemicals 37
exposing 130
exposure 29, 36, 152
exposure to Apple's chemicals and gases 151
exposure to toxic chemicals 152
extortion 73
fabricated 140
fabrication 13
failed to seek medical treatment despite potentially life-threatening injury 32
failure analysis 14
failure to properly report and track workplace injuries 28
fainting spell 28, 31, 142
false statements 58
falsified 47
falsified records 58
fatal arrythmia 142
fatal illness or injury 142

FBI                                        40, 45, 46, 47, 48, 51, 60, 117
fear for her safety                                                    141
fear of developing cancer                                             145
fear of retribution and retaliation                                    16
feared for her life                                                   152
Fed. R. Civ. P. 38(b)                                                 154
*Federal Witness Security Program*                                    152
fire code violations                                                   13
firearms                                                               11
five-point balancing test                                              29
fixing the cracks                                                      32
floor crack survey                                                     33
floor cracks                                                           26
floor survey                                                           31
floor-sealing                                                          33
fraud                                                             48, 107
fraudulent                                                             31
fraudulent concealment of numerous
    material facts in this case                                        50
fraudulently                                                      36, 150
FTC                                                                   137
FTC Act                                                          138, 153
gag order                                                         58, 144
gather evidence                                                        38
gather evidence in person                                              38
gathered the evidence for Gjovik                                       37
GDPR                                              135, 136, 137, 138
get Gjoviked                                                           55
Gjovik posted on social media                             40, 45
Gjovik posted on Twitter                                               40
Gjovik would be found dead of "*suicide*" but
    "*never mind the double-tap.*"                                    143
Gjovik's face                                                          53
Gjovik's risk of developing cancer was
    significantly increased by the exposure
    caused by Apple                                                   146
Gobbler    122, 135, 136, 137, 143, 152, 153
GPS location                                                          134
groundwater plume                                          21, 24, 129
growths                                                               142
*H1B*                                                                  31
hacking                                                                47
hacksaw                                                                29
hair fell out                                                         142
harass                                                               145
*harassed*                                                             32

*harassing*                                                      132, 142
harassment                                             46, 47, 54, 55
hardship                                                             150
harm to her dog                                                      142
harmed their health                                                   37
hazardous substance                                         16, 129
hazardous waste                                                       27
hazardous waste manifests                                             23
HAZMAT                                                        29, 113
heavy metals                                                         112
hide or destroy evidence                                              37
high risk for cancer and disease                              142
highly sensitive information                                  134
highly suspicious "call-drops"                                 47
highly trafficked areas                                       115
highly volatile and poisonous substances 115
high-risk populations                                                 22
hostile work environment                                     54, 56
hostility                                                         25, 46
humiliation                                             54, 144, 149
HVAC                                                 13, 29, 33, 36
HVAC issues                                                           37
illegal                                                              143
illegal activity in the workplace                             130
illegal hazardous waste transporters and
    disposal facilities                                               23
improper use of government resources                          48
incarcerated                                                         144
increase in workload                                                  56
indoor air                                                            21
indoor air testing                                           26, 37
industrial hygienist                                                  21
information regarding an employer's illegal
    activities is not a trade secret                          138
informing to the Feds                                                 64
insomnia                                                         145, 150
inspection                                                       36, 37
*Intellectual Property Agreement*                             43
intention to cause injury                                     150
intentional                                                    142, 145
intentional concealing material facts about
    harm                                                              35
Intentional Inflict of Emotional Distress  150
interrogator                                                         139
intimidate                                                            39
intimidate her to stay quiet                                          19

intimidated                                    57, 148
intimidating                                   142
intimidation                                   39
intimidation of witnesses                      122
intimidation tactics                           43
intoxication                                   11, 17
intruded into Gjovik's seclusion               135
invasion of privacy                            133
invasions of employee privacy                  154
invasive logging data                          135
investigation was "a sham"                     36
irreparable damage                             59
Issue Confirmation        15, 16, 30, 34, 38, 83
keeping communications in writing              36
keystroke recorder                             134
killed                                         142
killed herself or died of cancer               145
knife                                          27
knowingly falsifying or concealing a material
    fact                                       48
land use covenant                              25
largest library of ear (scans) in the world    132
law enforcement                                58, 152
leak                                           20
leaking                                        39, 132
lethal heartbeat                               142
Lisa Jackson                           22, 34, 37, 56
literally illegal                              131
litigious bullying                             75
local Police Department                        11
loss of consortium                             150
loss of enjoyment of life activities           150
loss of reputation                             150
lurking                                        57
malice                                         151
malicious                                      31, 142
maliciously                                    150
manifests                                      29
manufacturing activities                       21
manufacturing emissions                        142
Material Safety Data Sheets                    126
medical experiments                            152
medical monitoring                             151
member of "secret cabals"                      13
mental anguish                                 147, 148
mental distress                                141

mental health                                  28
might "make Apple & their goons act more like
    humans."                                   35
misleading and inaccurate statements           131
misrepresent                                   39
misrepresenting the conditions at the office
                                               33
misrepresenting the situation                  33
modus operandi                                 58
more likely to develop cancer and disease
                                               142
MSDS                                           126
nausea                                         144, 145
NDA                                            132, 138
NDAs                             43, 44, 78, 109
negligence                                     39
negligent                                      34
never use these apps "in France and
    Germany."                                  137
New York                              140, 143, 146
New York Times                                 37
NIED                                   140, 146
NLRB            8, 39, 40, 42, 43, 45, 48, 59, 68
N-Methyl-2-pyrrolidone (NMP)                   23
no plan to test the air                        32
None of this sounds safe                       28
Northrop Grumman                      29, 30, 36
not being a 'team player.'                     19
notify the Federal EPA of changed
    circumstances at the site                  39
obstruction of justice                         45
occupational exposure doctor                   29
Occupational Safety and Health Standards
    1910 Subpart Z "Toxic and Hazardous
    Substances,"                               126
October All Hands meeting                      38
online harassment                              143
OPCW                                           111
organized crime                                12
Organized Intimidation                         39
Organized Witness Tampering                    39
OSH Act 1910.1020(g)                           127
OSH Act 910.1020(e)(2)(i)                      127
OSHA                                           8, 42
outrageous                     141, 145, 146, 150
overly restrictive confidentiality policies    43

pandemic                                    31
panic attacks                               144
panic button                                27
panopticon                                  39
paralyzing anxiety                          145
passive samplers                            33
PCE                                         28
pepper spray                                27
permanent psychological trauma              152
Permanent Resident Card                     31
permanently disfigure                       142
personal data                    19, 137, 152
phosphine            20, 29, 112, 114
phosphine explosion                         29
Phosphorus Trichloride                      111
photographs of the cracks in the floor as
    evidence                                37
photos                               37, 138
physical in-person harassment               143
physical intrusions and harassment          143
physical violence                           27
poison air                                  30
poisoned                                    142
police                               48, 144
police department                           45
political affiliation                       60
pollution                                   39
pollution in the area                       21
posted on social media                      39
Post-Traumatic Stress Disorder (PTSD)  10
precarious financial and medical situations
                                            145
pretext                                     55
pretextual                           130, 139
privacy          39, 58, 131, 132, 133, 137
privacy interest                     133, 136
Proposition 65                        26, 58
protected employee privacy interests        137
protesting                                  130
PTSD                                        145
public information                          25
public interest in a workplace free from
    crime                                   132
public policy                        130, 132
put on bed rest for months                  142
quadrupling her workload                    34

questioned how it is "routine" if it has never
    been done before                        33
quit, left the country, or committed suicide
                                            10
Radar                                       10
rashes                                      142
ratified                                    150
RCRA                                     5, 91
real estate "mega-deal"                     31
reasonable expectation of privacy           133
reasonable fear of imminent harm            59
reassigning of projects                     56
reckless                                    145
reckless disregard                   57, 140
reckless disregard of the health or safety of
    others                                  151
recklessness                                39
referring to the office as a paved over
    environmental disaster zone             25
refusal to participate in the cover-up      122
refuse to provide information               15
refused to notify management                14
refuses to test the indoor air             32
Relating to Chemical Weapons         130, 145
removed from the "workplace" and "all
    workplace interactions."                38
report the spill                            20
reporting crimes                            132
reporting her illness                       54
reprehensibility                            151
required an evacuation                      29
Res Ipsa Loquitur                           30
Respondeat superior                         49
restrictive covenant                        138
retaliated                                  14
retaliating                                 145
retaliation    25, 28, 29, 39, 55, 133, 141, 144
retaliation lawsuits                        37
retaliatory animus                          43
retaliatory harassment                      54
retribution for filing a NLRB complaint     42
RICO     8, 12, 14, 19, 20, 23, 38, 61, 63, 64,
         116, 120, 145
right to a fair hearing                      58
right to a safe workplace                    58
right to exercise her labor rights           58

Right to Know                           26, 39, 128
right to privacy                            135
risk for cancer                             142
Ronald Sugar                 9, 12, 34, 36, 56
ruined her career                            35
safe and healthful workplace                130
salary                                      140
sanctions                            6, 35, 40
Santa Clara city police                   47, 48
Santa Clara County District Attorney's
    office                         28, 46, 47
SCOTUS                                       46
SEC whistleblower tip           40, 45, 46, 52
secret                                 131, 136
secret factory                               20
secret semiconductor manufacturing plant
                                             54
secretly taken from her iPhone               42
semiconductor manufacturing         13, 114
severance package                            35
severe and fatal diseases                    20
severe emotional distress           145, 146
severe or extreme emotional distress        141
severe, mysterious illness                   20
severed head                          118, 142
severely ill                                 54
she is "*a private person.*"                 18
*she must behave herself if she wanted … to
    remain in the cabal*                     13
she wanted to try to intervene for the sake of
    public health and the community          22
significant risk                            129
silane                                       20
silicon or component issues                  14
Slack                                        35
*smell anything weird*                       26
smuggling                                    35
smuggling/sanctions                          79
social media                                134
social media accounts                       146
solvent exposure                             27
solvent fumes                                54
sorbent tubes                                33
stalker                                      145
stalking                                     59
statute of limitations should be tolled      50

stealth semiconductor manufacturing and
    silicon fabrication                      13
stonewall                                    15
stopped drinking the water in the building   24
sub-slab depressurization system report      29
substantially increased Gjovik's workload    34
suffer irreparable injury                   153
suffered tremendously                       152
suicidal                                    144
suicidal ideation                           145
SUMMA                                        33
*super intrusive*                           132
Superfund                        21, 24, 26, 30
Superfund poison vents on the roof           30
Superfund site                  16, 21, 24, 26
Superfund sites                              30
surveillance        27, 39, 43, 44, 122, 134, 135,
                                            142
surveilled                                  135
surveilling                                  40
suspicious conduct and statements            32
Syria                                        35
Syrian laws                                  35
*systematic problems at Apple*               39
systemic cover-ups of those issues           36
talking publicly about the issue             35
taser                                        27
TCE              26, 28, 54, 128, 129, 145
temporal proximity                           55
terribly unusual and highly suspicious       38
terrified                                22, 40
terrorism                                   145
terrorized                             130, 145
terrorizing                                 142
testimony                                    57
testimony before the public body            122
the "Ashley Issue"                           38
the agencies were "*complicit in the cover-up.*"
                                             46
The Emergency Planning and Community
    Right-to-Know Act (EPCRA)               128
therapist                               27, 144
therapy                                     145
*they can face extreme difficulty finding
    employment elsewhere*                    18
they wanted "*collateral*"                   19

*they're legit hiding* 38
threat of incarceration 144
threaten 131, 144
threatened 144, 148
threatened to harm and "*ruin*" and
    "*destroy*" her 142
threatening 142
threatening her to shut up about Apple's
    chemical leaks 142
threatening her with violence 58
threatening messages and social media posts
    61
threatening packages in the mail 61
threatening to decapitate one of Gjovik's
    loved ones 143
threats 46, 143
threats against Gjovik 45
threats of violence 61
threats of violence and intimidation 57
threats of violence and mayhem 143
*three toxic groundwater plume* 34
Title III of the Superfund Amendments and
    Reauthorization Act (SARA) 128
TO-15 33
Toluene 28, 33, 129, 145
*too hard on the white man* 25
toxic exposure 152
toxic waste 44
toxic waste clean-up sites 30, 31
training AI models 137
traumatize 145
traumatized 145
trespass 142
Triple Site 16
trying to force her to quit 34
U.S. DOJ 6, 18, 40, 116, 121
unethical and unlawful conduct 139
unexplained medical symptoms 27
unfair benefits and illegal profits 153
unfair business practices 124, 153
unfavorable projects 34
unlawful data collection 131
unreasonable expectation 15
unsafe work conditions 130
unspecified reprisals 144
US Congress sent Apple a letter 131

US Constitution 59, 107
US Department of Justice 62
US Department of Labor 44, 50, 121
US Dept of Labor 39, 45, 46
US EEOC 121
US EPA 19, 24, 29, 33
US EPA inspection 37
US EPA inspection of her Apple office 54
US EPA TRI regulatory filing 23
US FTC Act 131
US NLRB 46, 121
vaccines 21
vapor intrusion 16, 24, 25, 26, 28, 30, 32, 33,
    34
vapor intrusion testing 23, 25
vapor intrusion testing results 56
vented into the exterior air 29
vented its exhaust of solvents and toxic
    gases 13
venting metric tons of solvent fumes directly
    into the apartment windows 54
venting of phosphine into their air 29
vicarious liability 49
victim of federal crimes 64
victim's civil rights 147
video 135
videotaping 135
Vinyl Chloride 26, 129, 145
violation of her rights 133
violation of their rights of privacy 152
volatile organic compounds 21, 23
vomiting 145
vulnerability 151
*Waco meets Enron* 44
waiver of claims 35
warn 131, 138
warned about retaliation 27
waste processing facilities 23
were not given notice 131
whenever it thought it saw a face 122
willful and conscious disregard of the rights
    or safety of others 151
willful and malicious torts 141
willful and/or conscious disregard of
    Gjovik's rights and safety 146
witness intimidation 46

witness intimidation (§ 1512)        63
witness intimidation and witness retaliation
                                     45
witness retaliation                  46
witness tampering                    45
workplace safety complaints          56
workplace safety concerns        39, 149
Workplace Violence           41, 116, 130
Workplace Violence and Threat Assessment
                                    139

Workplace Violence interrogator     41, 54
*Worldwide Loyalty*  12, 17, 18, 21, 34, 35, 38,
     68, 72, 74, 134, 136, 139
*Worldwide Loyalty* team     22, 67, 44, 144
worst-case scenario                  33
written record of their conversations  41
wrongful employer intrusions into protected
     employee privacy interests     137
*You are going to get "Gjoviked"*    55

# First Amended Complaint: Filed October 25, 2023.

## Post Hoc, Draft Index

18 USC § 229    304
22 CCR Section 12000    303
31 C.F.R. Part 598    98
3250 Scott Blvd   2, 17, 18, 27, 50, 51, 52, 53, 55, 56, 57, 59, 63, 66, 69, 72, 77, 85, 166, 204, 206, 210, 211, 251, 252, 253, 254, 265, 272, 276, 278, 280, 282, 302, 303, 326, 328, 338
825 Stewart Dr    59, 328
825 Stewart Drive   2, 16, 17, 18, 21, 23, 25, 27, 37, 58, 60, 63, 69, 72, 77, 78, 83, 100, 108, 109, 113, 116, 124, 151, 176, 192, 201, 208, 209, 210, 211, 300, 302, 303, 338
910.1020(e)(2)(i)    300
absolute nuisance    317
arsine    326
Arsine    57, 276, 277, 279, 282, 319
Bane Civil Rights Act (§ 52.1)    217
bathroom    155, 293, 311, 323
biometric    305, 310, 314
biometrics    41, 42, 155, 312, 313, 314, 339
Cal. Bus. & Prof. Code § 17200    308
Cal. Bus. & Prof. Code § 17200    339
Cal. Civ. Code § 1708.8(a), (b), (d)    310
Cal. Civil Code § 3294(a)    337
Cal. Code of Reg. §5194(b)(6)    303
Cal. Code Regs. Tit. 17, § 93000 as "Substances Identified as Toxic Air Contaminants"    319
Cal. Code Regs. tit. 2, § 11021    118
CAL. CONST. ART. 1, § 1    308
Cal. Gov't Code § 12940(h)    118
Cal. Lab. Code § 1102.5(f)    334
Cal. Lab. Code § 280    334
Cal. Lab. Code § 2802    334
Cal. Lab. Code § 6310(b)    334
Cal. Lab. Code § 640    298
Cal. Lab. Code § 6407    297
Cal. Lab. Code § 98.    291
Cal. Lab. Code § 98.6(b)    334
Cal. Lab. Code § 98.7 (a)(1), (f), (g)    291
Cal.Lab.C. § 1102.5(b)    291
Cal. Labor Code § 1102.5    292
Cal. Labor Code § 232.5    294
Cal. Labor Code § 435    292, 293, 310
Cal. Labor Code § 6310    296
Cal. Labor Code § 96(k)    295

Cal. Labor Code § 98.6    293, 334
Cal. Labor Code §6399.7 (Right to Know)    301
Cal. Labor Code §6408(c)    297
Cal. Labor Code §6408(d)    297, 298
Cal. Penal Code 637.7    305, 308
California DFEH    118, 291
California Labor Code § 1102.5    291, 304
California Labor Code 435    305
cancer    62, 64, 85, 94, 261, 282, 302, 321, 326, 327
CERCLA    9, 12, 17, 57, 64, 65, 78, 100, 120, 122, 168, 169, 179, 194, 211, 304, 312
chemicals    50, 52, 55, 57, 58, 64, 67, 68, 70, 71, 104, 107, 111, 129, 173, 252, 272, 273, 275, 276, 277, 278, 280, 281, 282, 283, 285, 289, 290, 300, 302, 303, 318, 319, 321, 326, 327, 330, 337
Civ. Code, § 3294(a)    336
CLEAN AIR ACT    9, 252, 254, 255, 275, 302
Code of Regulations Title 8 §5194    303, 304
continuing nuisance    317
COVID-19    60, 62, 85, 90, 95, 298
cracked floor    91, 198, 201
cracks 18, 66, 83, 85, 87, 91, 100, 107, 108, 109, 110, 111, 113, 121, 122, 201, 254, 266
disease    322, 327
Duty of Good Faith and Fair Dealing    316
ethylbenzene    302
Foreign Narcotics Kingpin Sanctions Regulations    98
FTC Act    305, 313, 314, 339
gag order    174, 193, 201, 219, 323
GDPR    311, 313, 314
Gobbler    41, 42, 161, 204, 266, 269, 293, 310, 312, 313, 323, 339
hazardous substance    17, 298, 303
Hazardous Substances Information and Training Act    302
Hazardous Substances Information and Training Act. Labor Code    302
hazardous waste    10, 13, 55, 56, 63, 67, 68, 70, 89, 111, 144, 169, 227, 239, 249, 250, 251, 253, 254, 255, 272, 273, 275, 283, 290, 301, 328
Health and Safety Code,§§ 25100    301

HVAC   2, 18, 19, 20, 26, 27, 56, 58, 60, 78, 80, 88, 100, 104, 121, 122, 165, 193, 198, 201, 244, 254, 300

IIED   319

killed   105, 278, 281, 321, 326

Labor Code §6360-6399.7   303, 304

Labor Code section 6399.7   302

Material Safety Data Sheets   298

MSDS   298

NDA   94, 101, 299, 307

NDAs   95, 165, 167, 204, 217, 238, 274, 299

New York 9, 10, 11, 95, 104, 153, 193, 201, 223, 244, 262, 287, 290, 319, 323, 327, 332, 339

NIED   319

NLRA   12, 210

NLRB   6, 12, 130, 135, 136, 141, 146, 148, 150, 152, 153, 165, 167, 171, 173, 175, 177, 204, 205, 206, 209, 210, 211, 220, 245, 255, 257, 258, 259, 260, 264, 265, 266, 274, 291, 328

NMP   55, 57, 85, 111, 169, 208, 209, 251, 252, 255, 273, 280, 281, 282

Northrop Grumman   16, 17, 18, 23, 47, 60, 65, 78, 80, 90, 100, 101, 103, 151, 165, 169, 193, 200, 204, 212, 271

Occupational Safety and Health Standards 1910 Subpart Z   297

OFAC   98

OSH Act 1910.1020(g)   300

OSHA   11, 12, 77, 104, 128, 131, 132, 153, 168, 299, 301, 312

*People of the State of California v. Apple Inc*   301

private nuisance   317

Proposition 65   66, 219, 282, 302

PTSD   29, 325, 335

RCRA   9, 251

sanctions   9, 98, 99

Section 6399   301

smuggling   99, 100, 240

suicide   322

surveillance   67, 132, 143, 155, 157, 165, 171, 175, 200, 205, 218, 263, 286, 292, 294, 295, 305, 309, 310, 313, 321, 325

Syria   2, 98, 99, 138

*Tamney*   304

TCE   17, 21, 24, 25, 26, 38, 50, 56, 59, 66, 67, 79, 104, 111, 169, 198, 244, 252, 282, 302, 303, 326, 330

THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT   224

The Ralph Act   221

toluene   57, 302, 326

Toluene   111

Toxic Gas   10

ultrahazardous   289

unfair business practices   339

Unfair Competition Law   316

US DOJ   291

US EEOC   118, 136, 291

US FTC   21, 204, 305

vapor intrusion 16, 17, 18, 21, 23, 50, 57, 59, 63, 64, 65, 66, 70, 71, 73, 79, 80, 85, 87, 88, 90, 98, 100, 104, 105, 121, 192, 204, 208, 212, 299, 300, 331

vent risers   201

videos   42, 262, 265, 293, 310, 312, 313

vinyl chloride   50, 66, 302, 326

Vinyl Chloride   319

violence   67, 69, 149, 173, 217, 218, 220, 221, 222, 223, 236, 257, 261, 323, 325

Workplace Violence 6, 7, 146, 257, 305, 316, 328

Worldwide Loyalty   4, 7, 15, 41, 43, 46, 49, 62, 90, 118, 155, 163, 166, 171, 226, 227, 228, 229, 231, 232, 233, 234, 236, 242, 247, 288, 312, 316, 323, 32

# Second Amended Complaint: Filed December 21, 2023.

## Post Hoc, Draft Index

12 U.S.C. § 2607(a) ........................................ 376
15 U.S.C.A. § 78u-6 ....................................... 350
18 U.S. Code § 1512 (b) ............................... 471
18 U.S. Code § 546 ........................................ 379
18 U.S. Code § 554 ........................................ 379
18 U.S. Code § 872 ........................................ 437
18 U.S.C. § 1028 ............................................ 598
18 U.S.C. § 1515(a)(1) .................................. 465
18 U.S.C. § 1961(1)(B) ................................. 474
18 U.S.C. § 3771 ........................................... 100
18 U.S.C. § 912 ............................................. 474
18 U.S.C. 1512(a)(2)-(3) ............................... 466
18 U.S.C.A. § 1961 (B) ................................. 464
18 USC § 229 ................................................ 566
2022 California bill "*SB-1189 - Biometric information*" ............................................... 599
22 U.S. Code Subchapter VII - Sanctions with Respect to Human Rights Abuses in Syria, §§ 8791 - 879 .................................................... 378
24 C.F.R. § 1024.14(e) .................................. 376
28 U.S.C. § 1367 .............................................. 9
3250 Scott Blvd  2, 35, 36, 45, 66, 68, 69, 70, 71, 72, 73, 75, 76, 77, 79, 81, 85, 88, 92, 94, 98, 104, 116, 131, 259, 312, 321, 336, 337, 358, 361, 362, 388, 444, 446, 447, 450, 451, 452, 453, 464, 486, 496, 497, 498, 501, 502, 503, 510, 513, 519, 530, 562, 563, 566, 577, 592, 611, 624, 628, 632, 639, 658, 668, 682, 691, 694
3255 Scott Blvd .... 35, 36, 69, 72, 76, 79, 80, 85, 92, 94, 98, 105, 107, 108, 124, 157, 389, 530, 607, 691
34 U.S.C. § 20141 ......................................... 100
42 U.S. Code §§ 1712, 9602, and 9603 ......... 106
42 U.S.C. Section 7412(b) as "Hazardous Air Pollutants" .............................................. 609
42 US Code 11045(b)(4) ............................... *446*
42 US Code 7413(c)(1) .................................. 566
42 US Code 7413(c)(2)(C) ............................ 566
42 USC 7413(c)(2)(B) .................................... *446*

50 U.S.C. §§ 4512, 4513 ............................... 382
62 F.R. § 31159-01 ........................................ 570
8 CCR § 14300 et seq ................................... 560
8 U.S.C. § 1324b ........................................... 339
825 Stewart Drive... 2, 11, 16, 18, 19, 20, 22, 26, 27, 29, 31, 54, 66, 72, 74, 78, 79, 86, 95, 98, 99, 104, 107, 113, 114, 131, 136, 138, 150, 151, 154, 155, 157, 178, 235, 279, 297, 299, 300, 307, 324, 325, 326, 338, 357, 376, 464, 510, 513, 524, 530, 533, 554, 555, 562, 563, 564, 575, 624, 639, 658, 682, 689
AB-1015 ........................................................ 546
abnormally dangerous.... *511*, *512*, *513*, *520*, *522*
acutely hazardous ........................................ *502*
air pollution .26, 27, 72, 104, 117, 135, 147, 339, 432, 508, 555, 577, 597, 668
Air Resource Board ....................................... *453*
anatomical .................... 572, 590, 600, 671, 683
Apple's conduct "*demonstrated reckless disregard" of US sanctions requirements.* .... 134
arsine ...... 497, *498*, 499, *502*, 503, *516*, 610, 623
Arsine ........................................... 78, 498, 516
asphyxiation.................................. *516*, *517*, *525*
ASTDR ........................................................ *516*
bad faith ...*50*, *122*, *132*, *178*, *198*, *267*, *270*, *381*, *387*, *400*, *472*, *603*, *647*, *656*, *657*, *674*
Bane Act, Cal. Civ. Code § 52.1 .................... 384
Bane and Ralph Civil Rights Acts (Cal. Civ. Code § 52.1, §52.7) .................................. 384
Bane Civil Rights Act (§ 52.1) ...................... 385
benzene .......................................... 503, 609, 610
Bhopal ........................................................ *501*
biometric536, 572, 585, 586, 587, 588, 589, 590, 594, 595, 598, 599, 600, 670
Biometric ....4, 456, 587, 590, 593, 595, 598, 599
biometrics ..38, 59, 241, 456, 582, 585, 586, 587, 590, 591, 593, 594, 596, 598, 599, 600, 683
BIPA ............................................... 598, 599, 600
blood ...71, 78, 497, 498, 499, 516, 596, 601, 602
Brownfield ................ 72, 92, 107, 108, 111, 530

burglary..............................................................401
Business and Professions Code §§ 17200 .....597
CAA........9, 34, 99, 392, 495, 530, 565, 566, 694
Cal Penal Code § 522 .......................................477
Cal.  Labor Code § 1102.5...............................527
Cal. B&P and 17200 and 17500................571
Cal. Biz. & Pro. Code §§ 17200 ....................593
Cal. Civ. C. § 1572(3) .....................................639
Cal. Civ. C. § 1573(1) .....................................639
Cal. Civ. C. §§ 1566-1567..............................639
Cal. Civ. Code § 1708.8(a), (b), (d) ..............586
Cal. Civ. Code § 1798.81.5(a)(1) and
  (d)(1)(a)(vi)...................................................587
Cal. Civ. Code § 51.7(b)(2) ............................403
Cal. Civil Code § 1471 .......................................89
Cal. Civil Code § 1580 ....................................640
Cal. Civil Code § 3479. ...................................392
Cal. Civil Code § 43 ........................................392
Cal. Civil Code § 47(b)....................................395
Cal. Civil Code 1471 ........................................89
Cal. Code Civ. P § 338(b)................................612
Cal. Code Civ. Proc. § 337, 33 .......................605
Cal. Code of Reg.  Title 8 §5194 ....................564
Cal. Code of Reg. §5194(b)(6) ........................563
Cal. Code of Regulations Title 8 §5194 ........563
Cal. Code Regs Title 8 § 340.2........................552
Cal. Code Regs. Tit. 17, § 93000 ....................609
Cal. Code Regs. Tit. 17, § 93001 ....................610
Cal. Code Regs. Tit. 17, § 93001 as "Hazardous
  Air Pollutants Identified as Toxic Air
  Contaminants" ............................................610
Cal. Const. art. 1, § 1..............................582, 583
Cal. Gov Code §§ 13951, 13955 ......................99
Cal. Gov. Code § 12920 ..................................579
Cal. Gov. Code § 51.7 (b)(2), Stats. 2020, c. 327
  (AB 1775). .....................................................403
Cal. Gov. Code § 9414 ....................................577
Cal. Gov't Code § 12940(h); Cal. Code Regs. tit.
  2, § 11021..........................................207, 208
Cal. Gov't Code § 12940(h); Cal. Code Regs. tit.
  2, § 11021.......................................................208
Cal. Gov't Code § 12964.5(a). .......................131
Cal. Lab. Code § 1019(b)(C), (D) ................112
Cal. Lab. Code § 1104 ............................341, 528
Cal. Lab. Code § 230(e) ..................................581
Cal. Lab. Code § 435 .......................................538
Cal. Lab. Code § 6310(a)(1)...........................549
Cal. Lab. Code § 6310(b). ..............................550
Cal. Lab. Code § 6400(a)................................554
Cal. Lab. Code § 6401 .....................................552

Cal. Lab. Code § 6402 .....................................554
Cal. Lab. Code § 6403 .....................................552
Cal. Lab. Code § 6405 .....................................554
Cal. Lab. Code § 6407 .....................................550
Cal. Lab. Code § 6408(c),(d),(e) ...................556
Cal. Lab. Code § 980 .......................................167
Cal. Lab. Code §§ 230, 230.5 ...........................99
Cal. Lab. Code §§ 6325, 6409. ......................115
Cal. Lab. Code §§ 6400(a), 6402, 6405 ........554
Cal. Lab. Code §142.3(c) ................................553
Cal. Lab.C. § 6400 ...........................................572
Cal. Labor Code §  6310..................................542
Cal. Labor Code § 1019(b)...............................112
Cal. Labor Code § 1051....................................588
Cal. Labor Code § 1102.5.....................528, 571
Cal. Labor Code § 232......................................542
Cal. Labor Code § 232.5....................545, 546
Cal. Labor Code § 232.5...................................543
Cal. Labor Code § 232.5...................................543
Cal. Labor Code § 3751(b) ..............................601
Cal. Labor Code § 435...................538, 572, 586
Cal. Labor Code § 435......................................537
Cal. Labor Code § 435......................................538
Cal. Labor Code § 6310....................................562
Cal. Labor Code § 6310(b)..............................548
Cal. Labor Code § 6310....................................534
Cal. Labor Code § 6311....................................557
Cal. Labor Code § 6398....................................556
Cal. Labor Code § 6398 and § 6408. ..............556
Cal. Labor Code § 6398(a)...............................556
Cal. Labor Code § 6398(b)...............................556
Cal. Labor Code § 6399.7 Hazardous
  Substances Information and Training Act 562
Cal. Labor Code § 6401....................................566
Cal. Labor Code § 6401.7. 6401....................566
Cal. Labor Code § 6401.9(c) (1)(A), (2)(D) . 566
Cal. Labor Code § 6401.9(c) (1)(A), (2)(F).. 569
Cal. Labor Code § 6403....................................572
Cal. Labor Code § 923......................................543
Cal. Labor Code § 96(k)........................546, 547
Cal. Labor Code § 98.6.............................530, 541
Cal. Labor Code §§ 1101 and 1102..............540
Cal. Labor Code §§ 1101-1102 ......................537
Cal. Labor Code §§ 6101, 6046, ...................387
Cal. Labor Code §§6360-6399.7 ....................563
Cal. Labor Code §142.3 ..................................553
Cal. Labor Code §6360-6399.7 ......................564
Cal. Labor Code §6399.7 (Right to Know) ... 562
Cal. Labor Code §6408(d) and 8 CCR § 340.2.
  ..........................................................................552

Cal. Labor Code §6408(d)............................ 551
Cal. Penal Code § 136.1 ............................... 401
Cal. Penal Code § 136.1(a)........................... 392
Cal. Penal Code § 141 ................................... 477
Cal. Penal Code § 148.3 ............................... 403
Cal. Penal Code § 148.5 ............................... 403
Cal. Penal Code § 148.5(b)........................... 403
Cal. Penal Code § 459 ................................... 475
Cal. Penal Code § 518 ................................... 436
Cal. Penal Code § 591 ................................... 475
Cal. Penal Code § 602.5 ................................ 475
Cal. Penal Code § 632(a)............................... 476
Cal. Penal Code § 647(h) .............................. 470
Cal. Penal Code § 647i .................................. 470
Cal. Penal Code §§ 148.3 and 148.5 ............. 401
Cal. Penal Code 637.7 ................................... 572
Cal.Bus. & Prof.C. § 17200 or § 17500......... 570
Cal.Civ.C. § 47(b)(1)-(5). ............................. 402
Cal.Code.Reg. §5194(b)(6) ........................... 563
**Cal.Labor.C. §§ 6325; 6409.6, 6432** ........... 557
California A.B. 1775..................................... 403
California Business & Professional Code §§
      17200 and 17500. ...................................... 570
California Constitution..... 4, 386, 457, 481, 537,
      539, 572, 578, 582, 583, 586, 589, 593, 600
California Department of Labor ..................... 202
California DPH................................................ 78
California EPA *68, 279, 448, 449, 452, 528, 530,*
      *693*
California Fair Employment and Housing Act
      ................................................................ 578
California Health & Safety Code § 5411 ....... 608
California Health and Safety Code §25100 ... 561
California Lab.C. § 6310(b)............................ 573
California Labor Commissioner ..................... 542
California Privacy Rights Act ........................ 587
California Privacy Rights Act, ....................... 572
California Proposition 65................................ 90
CalOES..................................... 66, 85, 106, 446
cancer ..69, 85, 86, 116, 131, 137, 479, 503, 526,
      563, 623, 624, 628, 630
CERCLA .8, 9, 12, 18, 20, 29, 30, 31, 79, 86, 89,
      99, 107, 135, 136, 166, 185, 193, 260, 263,
      283, 299, 338, 340, 356, 374, 376, 377, 392,
      478, 513, 521, 522, 526, 530, 531, 532, 560,
      564, 565, 566, 575, 576, 582, 590, 613, 658,
      661, 668, 689
CERCLA, OSH Act ...................................... 530
CERLCA ..................................... 68, 438, 564
change of circumstance ................................. 565

chemicals ...16, 68, 72, 73, 76, 77, 80, 86, 93, 95,
      96, 145, 149, 153, 154, 164, 193, 228, 266,
      363, 444, 445, 447, 450, 495, 496, 497, 499,
      501, 502, 503, 504, 506, 510, 512, 514, 516,
      517, 518, 519, 520, 533, 555, 556, 563, 564,
      606, 609, 610, 622, 624, 630, 650, 667, 681,
      694
chlorine...*496, 497, 498, 499, 502, 504, 516,* 610
Chlorine.......................................................... 503
chloroform..................................................... 609
Clean Air Act.... 9, 444, 446, 495, 521, 562, 565,
      566, 575
Clean Air Act, 42 U.S.C., § 7622(a). ............ 562
CLEAN AIR ACT..................................... 562, 566
Clean Water Act............................................. 565
coercive .544, 572, 582, 600, 617, 639, 641, 643,
      644, 671
compensation 46, 47, 48, 96, 111, 113, 339, 593,
      605, 615, 675, 676, 682
conceal.......*7, 107, 120, 191, 193, 419, 429, 444,*
      *445, 446, 452, 466, 471, 492, 514, 520, 535,*
      *554, 623, 655, 658, 667, 668*
Constitutional Right to Privacy, CPRA, ICCPR,
      and FTC Act. ........................................... 540
Continuing Nuisance...................................... 612
COVID-19.4, 81, 82, 83, 84, 115, 123, 132, 381,
      382, 383, 557, 632
CPRA ................... 537, 540, 587, 588, 593, 600
crack ...................................... 118, 127, 149, 553
cracks.22, 91, 114, 116, 118, 121, 123, 127, 128,
      135, 136, 138, 149, 150, 151, 152, 154, 155,
      185, 193, 254, 307, 359, 478, 487, 521, 531,
      532, 565, 670
CWA ...................................................... 99, 565
dangerous *95, 164, 205, 332, 334, 356, 444, 448,*
      *450, 496, 501, 510, 511, 512, 513, 514, 517,*
      *518, 519, 520, 522, 523, 563, 597, 607, 609,*
      *611, 612, 615, 669*
deadly .............................. 66, 499, 502, 516, 623
death *99, 190, 363, 404, 407, 417, 467, 471, 496,*
      *501, 516, 525, 559, 567, 610, 625, 630, 668*
discussing wages and equal pay with coworkers
      ................................................................ 572
dizziness ................................ *516, 517, 525, 624*
DNA....................................... 69, 424, 587, 590
Dodd Frank Whistleblower Retaliation (15 USC
      §78u-6(h)(1)(A)(iii)) ................................ 347
DTSC ....*27, 36, 77, 80, 371, 388, 448, 449, 451,*
      *452, 530, 693*
dumping............................. *16, 44, 413, 445, 495*

Duty of Good Faith and Fair Dealing ........... 604
ears ........... 61, 181, 186, 193, 196, 536, 585, 590
EEOC .................................................................... 207
embargoes ...................................................... 381
EMERGENCY PLANNING AND COMMUNITY
    RIGHT-TO-KNOW ACT (EPCRA) ............. 521
emissions .. *36*, *75*, *116*, *120*, *181*, *325*, *361*, *426*,
    *444*, *453*, *474*, *496*, *506*, *518*, *519*, *524*, *525*,
    *530*, *560*, *564*, *566*, *575*, *610*, *611*, *624*, *628*,
    *630*, *674*, *694*
Employee Exposure to Chemicals [Cal.Lab.C.
    §§ 6398, 6400-6405, 6408; 8 Cal.Code.Reg.
    § 340.2; 29 CFR Z; OSH Act § 1910.1020]
    .................................................................... 551
EPCRA ................................... 107, 521, 562, 565
EPCRA §§ 302, 304, 311-3 ........................... 562
ethylbenzene .......................... 503, 556, 563, 610
Ethylbenzene ......... 26, 27, 77, 93, 104, 120, 564
exhaust vents .............................. 22, 76, 450, 606
extremely hazardous .............................. *446*, *502*
Extremely Hazardous Substance ................... 107
floor-sealing .................................................... 118
Foreign Narcotics Kingpin Sanctions
    Regulations (31 C.F.R. Part 598) .............. 133
Form 301 .......................................................... 560
FTC Act ... 4, 457, 537, 540, 587, 589, 593, 595,
    684
gas 73, 75, 78, 105, 106, 108, 119, 254, 426, 437,
    496, 497, 498, 499, 501, 504, 515, 516, 517,
    518, 519, 601, 608, 674
gases .... 6, 35, 181, 361, 450, 496, 497, 498, 501,
    502, 504, 514, 515, 519, 611, 630, 681
GDPR .................................... 456, 589, 599, 600
Gobbler ..38, 56, 59, 60, 235, 250, 282, 312, 456,
    457, 474, 487, 536, 537, 538, 567, 585, 586,
    590, 591, 594, 595, 599, 600, 621, 622, 660,
    663, 665, 671, 683
Govt.C. § 91414(a)(2) .................................... 391
Govt.C. § 9414(a)(1) ...................................... 391
GPS ............................................. 38, 536, 537, 568
groundwater plume ... 15, 18, 36, 74, 79, 85, 104,
    452, 564
groundwater plumes .............................. *126*, *521*
hazardous material. *419*, *451*, *518*, *519*, *520*, *629*
hazardous substances .... 365, 446, 507, 511, 556
Hazardous Substances Information and Training
    Act (Section 6399.7) ................................. 562
Hazardous Substances Information and Training
    Act .............................................................. 562

hazardous waste.... *10*, *16*, *21*, *22*, *71*, *77*, *80*, *85*,
    *92*, *120*, *154*, *205*, *220*, *263*, *357*, *363*, *364*,
    *371*, *413*, *419*, *432*, *443*, *445*, *446*, *447*, *448*,
    *449*, *450*, *451*, *452*, *454*, *494*, *495*, *504*, *511*,
    *512*, *513*, *519*, *521*, *522*, *561*, *575*, *608*, *610*,
    *611*, *650*, *658*, *674*, *693*
HAZMAT .................................................... *501*
Health & Saf. Code, §§ 25249.5 et seq ......... 570
highly toxic .................... *495*, *502*, *516*, *518*, *622*
humiliation ... 341, 466, 480, 539, 615, 626, 631,
    634, 675, 678
HVAC ...22, 24, 25, 26, 27, 32, 78, 81, 105, 107,
    113, 119, 120, 131, 136, 138, 145, 185, 193,
    254, 255, 297, 300, 302, 307, 343, 437, 554,
    566, 629, 639, 667, 668
HVAC intake.... 22, 78, 107, 113, 136, 193, 300,
    437
ICCPR ........................... 537, 540, 587, 589, 600
IIED ......217, 513, 614, 615, 616, 617, 618, 620,
    621, 622, 625, 626, 629, 643, 644
indoor air ...20, 26, 27, 28, 29, 32, 67, 72, 77, 91,
    104, 118, 119, 124, 135, 136, 139, 299, 309,
    487, 522, 555, 556, 558, 564
industrial....*16*, *18*, *72*, *73*, *77*, *80*, *91*, *93*, *94*, *95*,
    *96*, *98*, *113*, *145*, *147*, *365*, *432*, *499*, *519*,
    *601*, *609*
Infliction Of Emotional Distress .................... 614
Injury Reporting [8 Cal.C.Reg. § 14300] ...... 560
intentional....6, 62, 413, 429, 444, 483, 501, 517,
    606, 607, 611, 617, 621, 623, 627, 630, 680
intimidation .... 6, 10, 13, 14, 126, 127, 147, 164,
    176, 183, 188, 198, 205, 223, 224, 226, 241,
    266, 268, 269, 270, 271, 279, 281, 282, 303,
    307, 331, 341, 349, 356, 363, 369, 384, 385,
    386, 391, 393, 395, 396, 401, 403, 405, 409,
    411, 412, 418, 419, 426, 427, 428, 430, 431,
    443, 464, 465, 466, 469, 471, 474, 476, 478,
    479, 481, 482, 488, 492, 502, 509, 549, 616,
    622, 624, 625, 630, 636, 643, 646, 647, 652,
    653, 682
Issue Confirmation ..... 48, 52, 61, 112, 120, 177,
    179, 189, 190, 191, 192, 194, 352, 355, 356,
    367, 369, 370, 371, 433, 639
Issue Confirmation" ...................................... 177
Jack Nichols, .................................................. 154
knowing .....*42*, *43*, *107*, *131*, *157*, *332*, *341*, *365*,
    *402*, *403*, *438*, *443*, *446*, *495*, *504*, *506*, *520*,
    *539*, *554*, *577*, *604*, *610*, *611*, *623*, *625*, *629*,
    *630*, *654*, *667*, *668*, *671*
Labor Code § 435, ......................................... 537

Labor Complaint: § 98.6 ............................... 542
Labor Relations with Beijing ....................... 116
landfills ......................... *447, 449, 450, 494, 610*
Lawmakers in one stated accused Apple of
    "unethical behavior and potentially violating
    state ethics laws." ..................................... 188
legislature of the state of Georgia ................. 188
lethal ......................... 6, 497, 501, 513, 518, 630
Lisa Jackson .2, 31, 33, 34, 80, 83, 121, 126, 153,
    177, 181, 251, 260, 261, 262, 299, 302, 303,
    304, 305, 343, 349, 357, 358, 361, 364, 366,
    371, 381, 449, 525, 534, 609, 668, 689, 693
making political statements .......................... 572
Material Safety Data Sheets/Safety Data Sheets
    ................................................................... 555
MDM ............................................................ 37
medical studies ..................................... 533, 590
Methylene Chloride ....................................... 77
*misrepresenting* ............................................. 123
MSDS ................................................... 556, 557
murder ........................................................... 42
NCDF Disaster Complaint .......................... 212
NCDF Disaster Complaint: .......................... 212
NDAs ... 132, 139, 159, 257, 259, 260, 314, 315,
    350, 431, 536, 540, 543, 544, 595, 656, 684
negligence ..... *107, 117, 126, 137, 197, 341, 363,*
    *384, 464, 515, 520, 561, 578, 645*
negligent 126, 369, 496, 520, 601, 606, 607, 613,
    621, 623, 627
neighborhood ....................... *444, 496, 501, 518*
NESHAP .............................................. 565, 566
NIED ........................................................... 614
NLRB ................................................... 208, 216
N-Methyl-2-pyrrolidone ................. 76, 323, 445
NMP ..76, 77, 116, 154, 264, 323, 324, 325, 444,
    445, 451, 474, 500, 502, 503, 694
NMP emissions ........................................... 116
Northrop Grumman 2, 14, 15, 16, 17, 18, 19, 20,
    21, 26, 27, 32, 78, 89, 107, 113, 114, 126,
    127, 136, 138, 139, 144, 234, 254, 255, 264,
    297, 299, 304, 309, 312, 338, 363, 366, 369,
    374, 375, 376, 522, 524, 526, 534, 668, 691
nuisance .. 20, 363, 386, 466, 520, 605, 606, 607,
    608, 611, 612, 613, 678
Nuisance (Cal. Civil Code § 3479) ............... 605
OCCPR ....................................................... 572
Occupational Safety and Health Standards 1910
    Subpart Z "*Toxic and Hazardous Substances,*"
    ................................................................... 552
odor ....................................... 305, 516, 606, 612

OFAC ....................... 3, 134, 377, 378, 379, 381
OFAC Sanctions ......................................... 377
*Organized Intimidation; Organized Witness*
    *Tampering* .................................................. 191
OSH Act ..4, 7, 12, 283, 340, 438, 551, 554, 555,
    570, 582
OSH Act § 1910.1020(e)(2)(i)(A)(3) ........... 554
OSH Act § 1910.1020(e)(2)(i)(A)(3), .......... 554
OSH Act § 1910.1020(e)(2)(i), .................... 555
OSH Act § 1910.1020(g) ............................. 554
OSH Act § 1910.1020(g)(1) ......................... 554
OSH Act §1910.1020(e)(2)(i)(A)(1) ............ 555
OSHA ..12, 23, 85, 104, 145, 164, 166, 191, 197,
    198, 237, 260, 315, 346, 356, 400, 416, 515,
    516, 530, 549, 555, 560, 561, 565, 590, 644,
    658, 661
*People of the State of California v. Apple Inc* ..... 561
personal data...481, 533, 593, 594, 597, 683, 686
phosphine ..35, 66, 105, 106, 446, 497, 499, 502,
    503, 517, 610
Phosphine ....................... 78, 106, 497, 516, 517
phosphorus ................................................. 610
poisonous ............................................. *504, 518*
political activism ........................................ 546
political activity. .......................................... 548
political affiliation ....................................... 398
political speech ........................................... 573
pollute ........................................................ 606
pollution ....6, 17, 21, 27, 94, 108, 135, 147, 205,
    369, 426, 447, 511, 521, 524, 525, 556, 608,
    609
privacy .9, 39, 110, 137, 159, 167, 198, 220, 329,
    362, 386, 398, 419, 420, 427, 454, 455, 456,
    457, 463, 481, 538, 539, 540, 547, 582, 583,
    584, 585, 586, 587, 588, 589, 590, 592, 593,
    595, 599, 600, 602, 655, 683, 686, 695
Proposition 24, 1798.125(A)(1),(E) ............. 588
Proposition 65 ....................... 387, 503, 563, 570
Pussy Riot .................................................. 548
Racketeer Influenced And Corrupt
    Organizations Act (RICO) 18 U.S.C. § 1962
    ................................................................... 408
Ralph Civil Rights Act (Cal. Civ. Code §51.7)
    ................................................................... 397
RCRA ..8, 9, 31, 80, 99, 392, 446, 452, 521, 530,
    565, 566, 610, 694
reckless ..134, 363, 366, 369, 379, 381, 385, 402,
    403, 441, 443, 557, 606, 607, 614, 619, 622,
    623, 678, 679, 680
recklessness ........................................ *197, 520*

*Recklessness*.................................................... 191
recordings ....................................... 458, 486, 588
refusing to sign a waiver of liability............... 572
respondeat superior ............................... 384, 464
RICO .................................................... 349, 433
RICO Act ................................................... 189
Right to Know .. 90, 99, 104, 191, 197, 356, 520, 562
Right-to-Know Retaliation [Cal. Labor Code §6399.7] .............................................. 562
Ronald Sugar .*2*, *14*, *15*, *16*, *17*, *21*, *79*, *126*, *127*, *191*, *195*, *263*, *303*, *349*, *351*, *353*, *360*, *363*, *365*, *366*, *367*, *370*, *374*, *375*, *376*, *422*, *455*, *483*, *658*, *689*, *690*, *691*
rooftop ...................... 22, 23, 24, 25, 27, 28, 113
salary.........46, 131, 200, 306, 339, 509, 604, 676
sanctions134, 349, 377, 379, 380, 381, 432, 433, 463, 574, 662, 695
sanctions violations......................................... 133
sanctions' ..................................................... 212
Santa Clara County Superior Court .............. 216
Santa Clara District Attorney's office .. 281, 300, 475
SARA............................................ 562, 565, 613
Sarbanes-Oxley (SOX) Whistleblower Retaliation (18 U.S.C. § 1514A)............... 345
Sarbanes-Oxley Act and Dodd-Frank Act statutes ..................................................... 343
Sarbanes-Oxley Act in 2002 .......................... 426
secretly ............70, 241, 458, 577, 600, 657, 660
section 102 of the Defense Production Act ... 382
Section 13(a) of THE SECURITIES EXCHANGE ACT OF 1934 ............................................ 378
Section 5 of the FTC Act .............................. 595
Section 6399,................................................ 562
silane.......................................... 35, 66, 503, 517
Silane ................................................. 78, 500, 517
silicon fabrication 15, 45, 68, 131, 193, 343, 356, 361, 389, 451, 453, 514, 606, 611, 629, 668
silicon tetrahydride..........................................*517*
Skipping the Line & Vaccine Hoarding ......... 381
Slack ..... 126, 127, 133, 137, 141, 142, 145, 150, 151, 154, 155, 158, 160, 162, 163, 178, 206, 214, 354, 355, 480, 535, 639, 654
smuggling134, 135, 213, 377, 379, 381, 433, 647
social media  8, 84, 144, 158, 166, 167, 184, 194, 198, 212, 232, 235, 266, 268, 329, 381, 382, 393, 395, 399, 401, 403, 407, 408, 446, 464, 468, 470, 478, 480, 488, 489, 507, 542, 550, 567, 583, 620, 623, 640, 645, 661, 666, 673

solvent vapors............................................. 6, 107
solvents vapors ................................................ 35
spill .....*35*, *85*, *446*, *447*, *501*, *516*, *517*, *519*, *689*
spills.................................... *16*, *36*, *447*, *452*, *503*
stalking ...........330, 334, 407, 417, 465, 467, 683
strict liability. *511*, *512*, *513*, *515*, *520*, *522*, *538*, *607*, *611*, *612*
sub-slab..21, 22, 24, 25, 27, 28, 30, 78, 105, 107, 108, 113, 114, 136, 138, 254, 255, 297, 300, 302, 338, 532, 566
*suicide nets*................................................... 116
Summa .................................................. 28, 119
Superfund site ...*6*, *18*, *54*, *62*, *72*, *85*, *86*, *92*, *93*, *98*, *111*, *123*, *127*, *259*, *279*, *312*, *315*, *326*, *363*, *366*, *374*, *452*, *522*, *526*, *531*, *533*, *554*, *673*, *691*
surveillance....38, 40, 84, 93, 110, 198, 220, 241, 244, 254, 257, 268, 305, 306, 315, 332, 333, 347, 400, 407, 417, 454, 456, 475, 507, 535, 537, 538, 539, 544, 546, 572, 582, 583, 594, 596, 619, 622, 627, 660, 666, 681, 685
Syria...................................... 134, 212, 377, 381
Syrian.......................................................... 134
*Tamney* ......................................................... 573
TCE.....18, 19, 20, 26, 27, 28, 32, 55, 67, 68, 70, 87, 91, 93, 108, 137, 145, 154, 264, 303, 309, 359, 437, 445, 451, 503, 521, 524, 563, 564, 623, 629, 667, 668, 682
The International Covenant on Civil and Political Rights ........................... 590
The International Covenant On Civil And Political Rights........................... 591
The Iran Threat Reduction and Syria Human Rights Act of 2012 ................ 378
threatening ..... 87, 112, 118, 167, 188, 190, 194, 234, 246, 306, 314, 340, 383, 386, 395, 401, 402, 403, 404, 407, 417, 418, 420, 426, 439, 459, 466, 468, 470, 476, 490, 492, 498, 582, 618, 619, 630, 632, 634, 641, 666, 677
threats6, 7, 10, 33, 188, 190, 268, 276, 282, 324, 341, 384, 385, 391, 393, 395, 398, 399, 401, 403, 404, 406, 423, 425, 428, 431, 436, 443, 464, 465, 466, 467, 480, 488, 490, 551, 567, 615, 616, 617, 619, 621, 622, 625, 626, 627, 628, 629, 632, 644, 646, 647, 655, 682
toluene.............77, 500, 503, 556, 563, 610, 623
Toluene .26, 77, 78, 93, 104, 120, 154, 264, 445, 499, 564
Toxic Gas ....................................................... 9
*Toxic Torts*................................................... 191

toxic waste and labor rights ........................ 127
trauma............................... 539, 624, 682
trespassing.................................... 401
TRW Microwave Superfund site . 15, 62, 67, 79, 86, 97, 205, 554, 691
tVOC ................................. 73, 74, 486
Twitter ... *63*, *143*, *144*, *146*, *158*, *159*, *160*, *161*, *164*, *165*, *166*, *167*, *168*, *176*, *180*, *181*, *184*, *186*, *187*, *188*, *189*, *190*, *191*, *195*, *196*, *197*, *198*, *199*, *200*, *201*, *202*, *203*, *204*, *206*, *207*, *208*, *211*, *212*, *213*, *214*, *216*, *218*, *219*, *224*, *225*, *232*, *233*, *235*, *236*, *237*, *238*, *239*, *241*, *244*, *251*, *252*, *253*, *255*, *256*, *265*, *266*, *267*, *270*, *271*, *273*, *276*, *277*, *278*, *280*, *281*, *298*, *301*, *302*, *313*, *315*, *318*, *320*, *321*, *322*, *323*, *324*, *325*, *326*, *327*, *330*, *331*, *336*, *337*, *341*, *350*, *387*, *390*, *391*, *399*, *400*, *401*, *404*, *465*, *467*, *468*, *469*, *472*, *488*, *533*, *544*, *547*, *569*, *655*, *657*, *660*, *663*, *665*, *673*, *690*
Ultrahazardous / Abnormally Dangerous Activities .................................... 510
ultrahazardous activities*510*, *511*, *513*, *515*, *518*, *520*, *676*
Unfair Business Practices & False Advertising [Cal. Bus. & Prof. Code §§ 17200, 17500]570
US CFR, Title 29, Subpart Z – Toxic and Hazardous Substances .............................. 552
US Department of Labor ............................. 198
US DOJ ........................................... 219
US DOJ NCDF .................................... 381
US EEOC ................................... 214, 218
US EPA ........................................... 186
US EPA TRI.................................. 76, 77, 116
US FTC........................ 312, 482, 572, 595, 596

US FTC Act.................................. 572
US SEC ........................................... 201
User Study....................................... 593
vapor intrusion 19, 20, 22, 26, 27, 28, 29, 30, 32, 67, 68, 69, 70, 79, 86, 87, 88, 89, 90, 91, 95, 96, 98, 104, 108, 110, 115, 116, 118, 119, 120, 124, 126, 136, 137, 139, 142, 145, 146, 185, 254, 296, 300, 309, 312, 324, 338, 356, 359, 521, 524, 531, 554, 555, 557, 560, 615, 659
vented .............................. 35, 105, 497, 623, 694
vents ....*22*, *24*, *25*, *27*, *78*, *93*, *95*, *107*, *113*, *136*, *138*, *193*, *254*, *297*, *300*, *359*, *486*, *518*, *606*
vinyl chloride ...... 19, 68, 91, 119, 521, 563, 564, 609, 623
*Violations of Env Laws* .................................... 191
VOCs ...............18, 72, 73, 77, 78, 185, 451, 506
Volatile Organic Compounds ........................ 73
weapons.495, 496, 501, 504, 591, 592, 627, 676, 683
Whistleblower Protection Program .............. 197
Wildfire Smoke [Cal.C.Reg. Title 8, § 5141.1] ................................................. 558
Workplace Violence . 4, 6, 7, 222, 223, 225, 226, 318, 401, 403, 466, 566, 569, 570, 604, 616, 641, 643, 644, 652, 653, 657, 662, 690
Worldwide Loyalty ..... 7, 64, 126, 241, 255, 259, 281, 412, 413, 414, 415, 419, 420, 421, 422, 423, 427, 440, 441, 462, 509, 568, 585, 659, 690
Wrongful Discharge In Violation Of Public Policy (*Tamney*)........................................ 571
Xylene.................................... 77, 499

# Third Amended Complaint: Filed February 27, 2024.

## Post Hoc, Draft Index

"*Apple Cares about Privacy Unless You Work at Apple.*" 25
15 U.S.C. § 77q(a)(1) 48
18 U.S. Code § 1962(a) 34
18 U.S. Code § 371 44
18 U.S.C. § 1001 41
18 U.S.C. § 1343 43
18 U.S.C. § 1512(c)(1) 41
18 U.S.C. § 1514A(a)(1) 51
18 U.S.C. § 1519 41
18 U.S.C. § 229F(7) 49
18 U.S.C. § 245(b)(5) 60
18 U.S.C. § 912 40
18 U.S.C. 1512(c) 41
18 U.S.C. 1512(d) 42
18 U.S.C. Section 1962(c) 49
18 U.S.C. Section 1962(d) 49
18 USC 229 50
2-3-4 Methyl hippuric Acid 9
29 CFR Z 67
3250 Scott Blvd 75
3250 Scott Boulevard 3, 7, 10
3255 Scott Blvd 7, 10, 12
40 CFR Section 372 43
42 U. S. C. §9607(a). 57
42 U.S.C. § 6928(e) 54
42 U.S.C. § 7413(c)(4)– (5) 54
42 U.S.C. Section 7412(b) 57
42 US Code 7413(c)(2)(A) 44
8 CCR § 5189(b)(1), (c) 11
825 Stewart Drive 3, 10, 13, 52
A.C. Wellness Center 36
Absolute Nuisance 54
AC Wellness 8, 10
Acetone 9
Acetonitrile 9
activism 62
ADA 18, 22, 79
AI data collection 64
air emissions 43
Albany, NY 33
anatomical measurements 79
anatomical studies 24
apartments 45

Apple Energy LLC 47
arrest 61
arrhythmia 8
arrhythmias 8
arsine 8, 9, 50, 74
Artificial Intelligence 4
asphyxia 8
Assembly Members 12
attic 33
bad faith 19
bathrooms 64, 69
Benzene 9
biometric 78
biometrics 24, 69, 78, 79
blood 8, 9
blood pressure 8, 76
Bloomberg 25
bradycardia 8
breaking into her apartment 33
burglarizing 58
burglary 73
burns 8
Business Conduct 26
Business Insider 23
CAA 60, 64, 68
Cal. Bus. & Prof. Code § 17200 77
Cal. Bus. & Prof. Code § 17200 68, 77
Cal. Bus. & Prof. Code § 17200 79
Cal. Bus. & Prof. Code § 17200 81
Cal. Civ. Code § 1708.8(a), (b), (d) 69
Cal. Civil Code § 3479 53
Cal. Code of Reg. §5194(b)(6) 68
Cal. Code Regs. Tit. 17, § 93000 57
Cal. Code Regs. Tit. 17, § 93001 57
Cal. Code. Reg. § 340.2 67
Cal. Gov. Code § 9414 71
Cal. Gov't Code § 12964.5(a) 20
Cal. Health & Safety Code § 41700 54
Cal. Health & Safety Code § 42400 54
Cal. Lab. Code § 230(e) 71
Cal. Labor Code § 1102.5 64, 68
Cal. Labor Code § 232 66
Cal. Labor Code § 232.5 66
Cal. Labor Code § 3751(b) 79
Cal. Labor Code § 435 64, 69

Cal. Labor Code § 435, 68
Cal. Labor Code § 5143(a)(1) and § 5143(c)(1) 14
Cal. Labor Code § 5154.1(e)(4)(d) 14
Cal. Labor Code § 6310 66
Cal. Labor Code § 96(k) 65
Cal. Labor Code § 98.6 65
Cal. Labor Code §§ 1101-1102. 64
Cal. Labor Code §§ 6325; 6409.6, 6432 67
Cal. Labor Code §§ 6398, 6400-6405, 6408 67
Cal. Labor Code §§ 6401.7, 6401.9 68
Cal. Labor Code §6399.7 67
Cal. Mechanical Code § 407.2.1 14
Cal. Penal Code § 136.1 59
Cal. Penal Code § 136.1(b) 60
Cal. Penal Code § 140(a) 59
Cal. Penal Code § 459 40
Cal. Penal Code § 591 40
Cal. Penal Code § 602.5 40
Cal. Penal Code § 632(a) 41
Cal. Penal Code § 637.7 68
Cal. Penal Code § 647(h) 40
Cal. Penal Code § 647i 40
Cal. Penal Code 632(a) 41
Cal. Water Code, § 13050 54
Cal.C.Reg. Title 8, § 5141.1 67
CalASPA 7
CalEPA 46
California Department of Labor DIR 24
California Dept of Labor 25
California DFEH 23, 25
California EPA 9
California Labor Commissioner 65
CALIFORNIA PRIVACY RIGHTS ACT 68
cancer 15, 19, 74, 76
carcinogenic 74
CERCLA 3, 16, 21, 28, 57, 60, 64, 68, 72
chattel property 33, 56
chattels 56
chemical exposure 10, 17, 19, 62, 76
chemical inventories 50
chemicals 54, 57
chest pain 11
chlorine 9, 50
chlorine gas leaks 50
Chloroform 14
civil penalty 80
Clean Air Act 44
combustible 56
community 57
compromised' 16
concealed 41
concealment 33
condoning 33
consent 69
Constitution 65
consumer protection 70
cover-up 33
COVID-19 15, 22, 26, 67
cracked 16
cracked slab 41
cracks 15
criminal 61, 64, 65, 70
criminal law 28
Cupertino 3, 36, 46
CWA 68
danger 45
dangerous 25, 54, 56
dangerous chemicals 44
data collection 24, 63, 69
dead 39
deadly 8, 50, 74
death 50
Decision of Merit 29, 33
Deed Poll 24
defraud 45
dense cloud of lethal gas 50
Department of Toxic Substances Control (DTSC) 46
disabilities 61
discovery rule 33
disposal 44
disposal facilities 43
DNA tests 24
Dodd-Frank 28
DOJ National Center for Disaster Fraud 26
DTSC 44, 46, 47
dump 28
dying 8, 10, 12
EAP 22
ear scans 24
Embezzlement 49
emissions 57
environmental crime victim 62
environmental crimes 30
environmental health 62
environmental violations 63
EPCRA 313. 43
ESG 35
Ethics and Compliance 48
ethylbenzene 15
Ethylbenzene 9, 14
e-waste 46, 47
e-Waste 67

exhaust 8, 45, 54
exhaust stacks 14
exhausted 55
exploitation 25
extortion 73
*extreme condition leave'* 10
fabrication 56
factory 56
fainting 11
fainting spells 8
FBI 26, 39, 52
FDA Office of Criminal Investigations 26
Federal Officers 42
FERC 47
Financial Times 25, 28
Fire Department 9
fire hazard 56
five-point balancing test 17
flammable 56
fluorine gas leak 7
fossil fuels 47
frantic repairs 41
fraudulent concealment 33
fraudulent statements 51
FTC Act 68, 69
fumes 45
gas 8, 9, 45, 56
gas bunkers 12
*gas leak* 50
Gene Levoff 48
Gobbler 24, 63, 69, 74, 77, 78, 79
Gobbling 60
Govt.C. § 9414(a)(1) 59
Govt.C. § 9414(b) 59
*Greenhouse Gas Emissions* 47
groundwater 26
hacking 58
hazardous electronic waste 26
hazardous materials 52
hazardous waste 44, 46
HAZMAT 7, 50
heart failure 8
Hexafluorobutadiene 7
Hexane 9
homes 56
hospital 50
HVAC 13, 14, 19, 21, 53
HVAC intake 55
HVAC intakes 14
hypotension 76
*illegal* 68

illegal dumping 44, 45
illegally disposing 44
imminent danger of death 50
*imminent danger of death or serious bodily injury.* 54
imprisonment 61
inappropriate 56
*incinerated* 46
indoor air 16
industrial 52
industrial chemicals 9
industrial hygienist 9
injuries 57
Injury Reporting [8 Cal.C.Reg. § 14300] 67
inspection 12, 21, 24
INTERNATIONAL COVENANT ON CIVIL AND
    POLITICAL RIGHTS 69
intimidate 40
intimidation 58
invasive 24
Isopropanol 9
Issue Confirmation 30
kill 73
Labor Code 66
labor dispute 61
Labor Law 22
land 56
land use covenant 16
*Landfill* 45
landfills 44, 46, 55
law enforcement 33
leasehold 54, 55, 56
legislatures 64
lethal 8
Lisa Jackson 17, 19, 45, 47
listening devices 41
lurking 33
Maiden, North Carolina 47
mass suffering 50
Massachusetts 4
mayhem 75
medical experiments 79
medical studies 24
medical tests 9
Methylene Chloride 9, 14
mishandled 26
*Moral Character investigation* 40
Multiple Sclerosis 8
National Relations Labor Board 28
NDA 19, 66
NDAs 22, 66, 78
neighborhood 57

| | |
|---|---|
| neighborhoods | 44 |
| NESHAP | 68 |
| New York | 41, 74, 75 |
| New York Times | 22 |
| NLRB | 3, 23, 25, 26, 27, 28, 29, 32, 41 |
| N-Methyl-2-pyrrolidone | 11, 43 |
| NMP | 11, 40, 43, 45 |
| Northrop Grumman | 13, 19, 22, 28, 36 |
| nudity | 78 |
| numbness | 11 |
| obstruction of justice | 64 |
| October All Hands | 20 |
| OHCHR | 69 |
| OPCW Section 299 | 50 |
| OSH Act | 28, 64, 68 |
| OSH Act § 1910.1020 | 67 |
| OSHA | 24, 25 |
| outrageous | 73, 74, 75, 80 |
| ozone leak | 7 |
| palpitations | 11 |
| panopticon | 25 |
| pay | 65, 66 |
| pay survey | 66 |
| PCE | 14 |
| phosphine | 7, 8, 50 |
| phosphine leak | 7 |
| Phosphorus Trichloride | 50 |
| photos | 74 |
| Poison Control | 9 |
| poisoning | 17 |
| poisonous | 56 |
| poisonous gas | 16 |
| political activity | 64 |
| pollution | 14, 25, 45 |
| Position in a Labor Dispute | 61 |
| premature ventricular contractions | 8 |
| press | 64 |
| privacy | 62, 65, 69, 79 |
| Proposition 65 | 15, 54, 68 |
| prowled | 40 |
| PTSD | 61, 76 |
| public | 64, 69 |
| public bodies | 63 |
| public health | 45 |
| pyrophoric | 56 |
| Quotation of the Day | 22 |
| racketeering | 30 |
| rashes | 8, 76 |
| ratifying | 33 |
| RCRA | 12, 54, 60, 64, 68 |
| re-entrained | 55 |
| re-entrainment | 14 |
| repairs | 15 |
| residential | 11, 15, 56, 57 |
| residents | 45 |
| Respondeat superior | 33 |
| Right to Know | 15, 24, 67 |
| Ronald Sugar | 28, 30, 52 |
| roof | 14 |
| salary | 4, 71 |
| San Francisco | 33 |
| sanctions | 26, 51, 52 |
| Santa Clara | 3, 12, 33, 49, 55 |
| Santa Clara City HAZMAT | 9 |
| Santa Clara County | 11, 46 |
| Santa Clara County Sheriff's Office | 36 |
| Santa Clara District Attorney's office | 29 |
| Santa Clara Fire Department | 7 |
| Santa Clara HAZMAT | 36 |
| Santa Clara Square Apartments | 53 |
| SARA | 68 |
| secrecy | 57 |
| secret | 57 |
| Securities Act | 48 |
| Semiconductor fabrication | 56 |
| Senators | 12 |
| serious bodily injury | 50 |
| SF Bay View | 10 |
| slab | 13, 15, 21, 41 |
| Slack | 18, 20, 22, 26 |
| smuggling | 26, 51, 52 |
| social media | 41, 66 |
| solvent | 45 |
| solvent exposure | 8, 10, 61 |
| solvent vapor | 54 |
| spill | 7 |
| stalking | 33, 41, 58 |
| Stewart 1 | 24 |
| strict liability | 57 |
| sub-slab | 13, 15 |
| sub-slab exhaust | 13 |
| sub-slab ports | 16 |
| sub-slab vapor exhaust vents | 14 |
| *suicide* | 39 |
| Sunnyvale | 3, 12, 28, 46 |
| Superfund | 57 |
| Superfund National Priority List | 58 |
| Superfund site | 11, 13, 15, 53 |
| Superfund sites | 16 |
| surveillance | 25, 33, 63, 65, 69, 73 |
| surveilling | 58 |
| SWAT | 33 |

SWATing                                    39
*Syria*                                    26
TCE                     13, 14, 16, 17, 57, 74
testify                                    59
testimony                          42, 59, 71
Tetraethyl Orthosilicate                    7
the "*Ashley Issue*"                       20
The Verge                                  23
thousands of homes                         54
*Threat Assessment*                        30
threatening                                58
threats                                58, 73
toilets                                    78
toluene                                    15
Toluene                             9, 14, 74
tortious                                   34
toxic gas                                  54
toxic gases                            45, 50
Toxics Release Inventory                   43
trespass                                   53
trespassing                                58
TRI                                        43
Triple Site                                52
TRW Microwave                      12, 13, 30
TRW Microwave Superfund site               52
TSCA                                       11
TSDF                               43, 45, 46
tumors                                      8
Twitter   12, 18, 20, 22, 23, 24, 26, 27, 28, 31, 32, 52
ultrahazardous activities                  56
ultrahazardous activity                    56
unlicensed                                 46
*unsafe work conditions*                   22
urine                                       9
US Department of Justice               27, 28
US Department of Labor                 27, 52
US Dept of Labor                           25
US DOL                                     39
US EEOC                        23, 25, 27, 39
US EPA                                 17, 24
US NLRB                                39, 63
US Representative                          71

US Representatives                         12
US SEC                                     52
*US SEC v Gene Daniel Levoff*              49
US Senator                                 71
user study                                  8
user study' secrecy oaths                  81
vaccines                               26, 52
vapor                                       8
vapor collection system                    55
vapor intrusion        11, 14, 15, 16, 21, 22, 57
vapor plumes                               45
vapors                                 13, 45
vent risers                                13
vent stacks                                13
ventilation system                         13
vents                              45, 55, 56
victim of a crime                          62
victims                                    10
victims of environmental crime             62
video                                      69
video recording                        64, 69
videos                                     78
vinyl chloride                 13, 14, 57, 74
violence                           58, 61, 75
violent                                58, 60
VOCs                                        9
volatile organic compounds                 13
waste                                  28, 44
waste disposers                            46
white/yellow/red phosphorus waste          50
wildfire smoke                             15
witness                                    71
witness intimidation                       28
witness to a crime                         60
witnesses                                  10
workplace harassment                       26
*Workplace Violence*                   30, 68
Worldwide Loyalty                      35, 37
Xylene                                      9
Zero Waste                                 45
Zero Waste                                 44

# Exhibit D: Attempt to Meet/Confer (Emails)

7/23/24, 4:18 PM                    Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

## RE: Meet and confer re motion to dismiss/strike regarding fourth amended complaint

| From | legal@ashleygjovik.com <legal@ashleygjovik.com> |
|------|-----|
| To | Riechert, Melinda<mriechert@orrick.com> |
| CC | Mantoan, Kathryn G.<kmantoan@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Perry, Jessica R.<jperry@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Romero, Josette L.<jromero@orrick.com> |
| Date | Tuesday, July 16th, 2024 at 12:44 AM |

Hello,

To be clear, I was only willing to withdraw sub-claims if it meant we could avoid a Motion to Dismiss being filed. The point of me offering that compromise was specifically to avoid a Motion to Dismiss, and instead, to encourage Apple to file an Answer today. Any claim I pled in the 4AC was pled because I felt it was a viable claim and wanted to pursue the claim. I do not want Apple trying to spin my willingness to negotiate with Apple as some sort of inference about how I feel about the merits of my own claims.

I see you've filed a Motion to Dismiss and a Motion to Strike, so my offer to potentially compromise is now mooted and void. I have no interest in voluntarily withdrawing my own claims now, as that does not benefit me in any way, and would only benefit Apple.

If for some reason I decide to withdraw a sub-claim after researching the arguments and drafting the opposition, then I will include a section in my opposition filing about dropping / withdrawing that sub-claim. However, I do not expect to withdraw any claims/sub-claims.

Further, as mentioned prior, if there is any opportunity for me to re-plead my RICO, Bane, and Ralph claims -- I will absolutely do so, as I only dropped those claims because it was suggested if I dropped those claims that Apple may file an Answer instead of a Motion to Dismiss.

See you tomorrow.

-Ashley

—
**Ashley M. Gjøvik**
BS, JD, PMP

Sent with Proton Mail secure email.

On Tuesday, July 16th, 2024 at 12:26 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

7/23/24, 4:18 PM                     Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

Once you've reviewed our motion to dismiss, please let us know which if any claims you are willing to drop voluntarily.

**Melinda Riechert**

Partner

Orrick
Silicon Valley ⊛

T 650/614-7423
M 6507591929
mriechert@orrick.com

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, July 11, 2024 12:15 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Mantoan, Kathryn G. <kmantoan@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Meet and confer re motion to dismiss/strike regarding fourth amended complaint

 [EXTERNAL]

Hello,

I'm still unclear as to what Apple's specific negotiating posture is here.

7/23/24, 4:18 PM                    Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

Is Apple saying that if I withdraw all three toxic torts, and nothing else, then they won't file another MTD/MTS?

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, July 11th, 2024 at 3:12 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Since you have said you will not surrender your "3250 Scott toxic tort claims (nuisance, ultrahazardous, and IIED)" I don't see a way to avoid our filing our motion to dismiss.  Let me know if you change your mind on this issue.
>
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley ▷
>
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, July 11, 2024 12:01 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Mantoan, Kathryn G. <kmantoan@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Meet and confer re motion to dismiss/strike regarding fourth amended complaint

[EXTERNAL]

Hello,

Just to confirm what your request is - are you saying that the only way you would not file a motion to dismiss all of these claims next week, is if I would voluntarily agree to withdraw ALL of the claims you listed below?

—

Ashley M. Gjøvik

BS, JD, PMP

Sent with Proton Mail secure email.

On Thursday, July 11th, 2024 at 1:47 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> We intend to move on all claims identified in our July 10 e-mail under FRCP 12(b)(6). We believe such a motion is permitted under FRCP 12(h)(2) and applicable legal authority. *See e.g., In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017). We disagree that we have in any way waived our ability to move to dismiss these claims. That will be for Judge Chen to decide.

| 7/23/24, 4:18 PM | Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail |
|---|---|

We also disagree with your reading of Judge Chen's prior order to the extent you suggest we cannot move, or that there is no basis to move, to dismiss on the grounds we've identified. That, too, will be for Judge Chen to decide.

Given that your email states that you will not "surrender" at least some of the claims we will be moving to dismiss, we will plan to file our motion by the deadline.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, July 10, 2024 5:41 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Mantoan, Kathryn G. <kmantoan@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** Re: Meet and confer re motion to dismiss/strike regarding fourth amended complaint

[EXTERNAL]

Hello,

Thank you for finally sharing this information.

May I ask what your legal theory is as to how you can avoid the 12(g)(2)/12(h)(1) prohibition on filing further 12(b)(6) motions? The majority of this sounds like exactly the kind of re-claims that the Rule is supposed to prevent.

My rewording and reorganizing of sections did not change the substance of claims. My calling out sub-claims with headers does not make them "new" if they were in the prior complaint(s). Further, Apple filed a motion to strike and discussion in those briefings and with the decision indicated Apple WANTED me to rewrite almost all of my sections, even if they were not dismissed. If Apple was trying to provoke me to re-write all of my sections so it could try to file a subsequent motion like this, then that seems like a textbook improper purpose.

In addition, some of these claims were expressly approved to move forward with an approval of the legal theory Apple is now rechallenging.

**Apple Should Have Filed a Motion for Reconsideration (I will not surrender any of these):**

Judge Chen clearly acknowledged my adequate pleading of the discovery rule for SOL for 3250 Scott toxic tort claims (nuisance, ultrahazardous, IIED-cancer), and Apple never filed a motion to reconsider. The question of what is ultrahazardous is a question of law for a Judge and the Judge already found there was an adequate claim for ultrahazardous activities, and Apple did not request reconsideration of his decision. Similarly the Judge found the IIED/cancer claim to be adequately pled. If Apple thought these decisions of law were wrong, why did Apple not file a motion for reconsideration? Further, I had to rewrite these sections to remove 825 Stewart, as Apple demanded in the prior Motion to Strike.

The HSITA claim has been in the complaint this entire lawsuit. It is pursued under 6310, which Apple did not challenge - and its been mentioned as a sub-claim in every complaint I filed, though not with a bold header - but bold headers do not have legal impact as you're suggesting.

The 96k claims is pursued under 98.6. This is clear in the cases Apple cited, my complaints, and the decision. If Apple is claiming 96k should not legally be allowed to be pursued under 98.6, again Apple should have filed a motion for reconsideration.

The breach of good faith/fair dealing claim was approved by the judge to proceed and Apple did not file a motion for reconsideration. I did drop my claim for breach of implied contract, so there are less theories now, not more. I also had to rewrite that section per Apple's demands in its Motion to Strike. What is the new theory Apple is complaining of?

**This has already been shown to be able to be sufficiently pled:**

I acknowledged this claim was given leave to amend, and thus this is a claim Apple actually does have a procedural basis to file another MTD. However, for IIED Outrageous, Apple did not challenge that claim when I had enough pages in my SAC to adequately detail it. What is Apple's position that with limited page limit I supposedly did not adequately plead it, but that if I was given more pages, then I would be able to plead it (as Apple already confirmed)? The point is if I could ever adequately plead it -- which I did in the SAC, and Apple's prior waiver confirmed it.

**Disagree but Willing to Barter:**

I believe I have strong arguments for why my 232 (pay) and 1101/1102 (politics) claims should be allowed to proceed, and that they are not "new," however, if we can reach compromise on the above items, I might be willing to surrender these claims solely for the sake of avoiding another motion to dismiss, and even though I think they are valid claims and I want to pursue them.

The UCL claim was already approved to move forward with injunctive relief, finding I had UCL & AIII standing, and I sent you cases showing that an injunctive claim is independent standing. I was given leave to amend for monetary standing, so I do not understand what that argument is about a "new theory." However, for the UCL claim, I may be willing to drop the restitution sub-claim if Apple does not re-challenge the injunctive sub-claim.

For 98.6 & 1102.5, my request for damages always wrote request for the civil penalty as optional and to be withdrawn if it conflicts with any other claims. Please share why you think statute of limitations has expired for the penalty, and if I agree, I may be willing to wave the request for civil penalties.

For 1102.5 and smuggling, that was in the prior complaints and was incorporated in the claim prior. I didn't repeat it in each section per the judge's guidance to reduce repetition. As for statutes, I literally wrote emails to the Apple team citing specific statutes and treaties. However, like the 232 and 1101/1102 claims, if this claim really bothers Apple, and if me surrendering it would prevent Apple from filing another MTD, I may be willing to drop it.

**Unclear on the arguments mage:**

Is the argument about 1102.5 & statutory frameworks about the smuggling or about other claims too? Which claims?

I think that was all of the points made - let me know if I missed anything.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, July 10th, 2024 at 6:02 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

As we discussed, we have now had an opportunity to review your fourth amended complaint in order to determine if there is a basis to move to dismiss or strike some of the claims or allegations in it.  We believe that there are still deficiencies in the fourth amended complaint.  Here is a list of the bases for the motion that we are considering at this time:

> • The Ninth Claim under the California Unfair Competition Law ("UCL") should be dismissed because Plaintiff was not granted leave to amend to craft an entirely new theory of statutory standing, as she has attempted to do, and she nonetheless fails to establish any basis for statutory standing, which is dispositive of this claim whether styled as seeking injunctive or restitutionary relief. Moreover, Plaintiff would not be entitled to restitution because she alleges that she lost money to a third party but does not allege that Apple benefited, and would not be entitled to an injunction because she lacks Article III standing. Additionally, this claim is time barred.

• The Tenth Claim for intentional infliction of emotional distress should be dismissed because much of the alleged conduct is not outrageous as a matter of law and the remaining alleged conduct does not meet the Rule 8 pleading standard or was deemed inadequate in the May 20 Order.

• The Eleventh Claim for private nuisance based on the alleged activities of Apple's facility at 3250 Scott Boulevard should be dismissed because it is time barred.

• The Twelfth Claim for ultrahazardous activities, also based on the alleged activities of Apple's facility at 3250 Scott Boulevard, should be dismissed both because it is time barred and because Plaintiff does not allege any ultrahazardous activities as a matter of law.

• The Thirteenth Claim for intentional infliction of emotional distress premised on a fear of cancer is time barred, and in any event, Plaintiff does not allege the intent element.

In addition, Apple is considering moving to dismiss the following retaliation-based claims:

• The Second Claim under Labor Code section 1102.5 should be dismissed in part to the extent it is based on alleged complaints about smuggling or sanctions violations because Plaintiff was not granted leave to introduce this new theory and, regardless, she does not identify any predicate statute she contends was violated, as is legally required to state a claim. The Second Claim should also be dismissed in part to the extent that Plaintiff continues to allege that she complained about violations of entire statutory frameworks as opposed to specific statutes. Moreover, the Second Claim should be dismissed in part, to the extent it seeks civil penalties and is therefore time barred.

• The Fourth Claim under the Hazardous Substances Information and Training Act ("HSITA") should be dismissed because Plaintiff was not granted leave to add this claim and, in any event, her alleged complaints did not concern "hazardous substances" within the meaning of HSITA.

• The Fifth Claim under Labor Code section 98.6 should be dismissed in part to the extent it seeks civil penalties and is therefore time barred.

-      The Sixth Claim should be dismissed in part to the extent it asserts violations of Labor Code sections 232.5, 1110, and 1102 predicated on concerns allegedly raised about Palestinian and Muslim rights and an alleged article about working conditions for Uyghurs because not only was Plaintiff not granted leave to add this claim, but she also fails to allege a disclosure under Section 232.5, she fails to allege a "rule, regulation, or policy" under Section 1101, and she fails to allege that Apple threatened to discharge her if she did not adopt a particular course of political activity, as is required under Section 1102. Additionally, the Sixth Claim should be dismissed in part to the extent it asserts violations of Sections 232 and 232.5 predicated on Plaintiff's alleged disclosure of her wages because Plaintiff does not plausibly allege that Apple knew about her alleged disclosure.

-      The Seventh Claim under Labor Code section 96(k) fails because there is no private right of action under that statute.

-      The Eighth Claim for breach of implied covenant should be dismissed to the extent that it relies on newly alleged theories Plaintiff did not have leave to introduce. Further, this claim should be dismissed because Plaintiff fails to identify any underlying contract or term that would support any implied covenant that Apple allegedly breached by terminating Plaintiff. Additionally, to the extent this claim is based on an oral contract or an implied contract, it is time barred.

Let us know if you are willing to dismiss any of these claims and allegations, and thereby obviate the needs to bring a motion with respect to those claims or allegations.

Like you, we want to move this case forward, and we believe that dismissing these claims will enable us to do so.

Melinda Riechert

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

7/10/24, 4:35 AM                          Sent | ashleymgjovik@protonmail.com | Proton Mail

**Re: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer**

From    legal@ashleygjovik.com <legal@ashleygjovik.com>

To      Riechert, Melinda <mriechert@orrick.com>

CC      Booms, Ryan<rbooms@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>,
        Perry, Jessica R.<jperry@orrick.com>, Romero, Josette L.<jromero@orrick.com>

Date    Monday, July 8th, 2024 at 10:20 AM

I'd prefer to submit a joint statement. I don't think we have a reasonable explanation as to why we would be submitting
separate statements.

If Apple submits separately they still need to reduce their content by just as much as if we submit jointly.

—
Ashley M. Gjovik
BS, JD, PMP

Sent with Proton Mail secure email.

On Monday, July 8th, 2024 at 10:12 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> Let's just plan on submitting separate statements.
>
> Sent from my iPad
>
>> On Jul 8, 2024, at 5:31 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:
>>
>>
>> [EXTERNAL]
>>
>> Hello,
>>
>> I'm still working on this for start of biz PST, but if Ryan is working already - please note that after I fixed the formatting (it
>> was not double space and the margins did not = 1 inch, and there were a few section that it needs to be broken out into
>> P/D as I don't agree with the statement written) - then the version without my additions is already 8.5 pages total.
>>
>> After I removed the placeholder spacing for mine, its down to 7.5 pages.
>>
>> I pulled out just Apple's text and you have 5.5 pages of just Apple's content.
>>
>> Then the headers are 3 pages.
>>
>> The placeholders for my sections (without anything written) was about 1 page.
>>
>> If headers are 3 pages out of 10 pages total, then we should evenly split the 7 pages. (3.5 each)

https://mail.proton.me/u/0/sent/xkbedZAQk-mFCOQlwyw1gzOsM_9FWcsLU_uwgUSwtlx_OoNLSH34hRmuQtC9n5mjxbZUIVMdUVv2tMSKCEXbxw...   1/27

---

7/10/24, 4:35 AM                          Sent | ashleymgjovik@protonmail.com | Proton Mail

>> I'd ask Apple to cut their content down by 2 pages so I can have 3.5 pages (and Apple gets 3.5 pages), instead of me only
>> getting 1.5 pages (and Apple getting 5.5 pages).
>>
>> —
>> Ashley M. Gjovik
>> BS, JD, PMP

On Sunday, July 7th, 2024 at 7:49 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello Apple's lawyers,

I agree to hold the 2nd part of our meet/confer over email. I am declining the meeting invite. I would have preferred to have a conversation, like I tried to do last time -- but  I will not engage with Apple in real-time under the circumstances that Apple is requiring. My position on this is based all the reasons I mentioned last week, and prior (including the 12/2023 NLRB charge about Orrick's abusive conduct and illegal coercion under the guise of discovery, and also back to my requests to Apple in August 2021+), and now also Apple's insistence that there be no witnesses or record of my interactions with Apple, immediately following my complaints of even more misconduct by Apple.

I still plan to send my draft of the joint statement before start of biz Monday, which you said was okay last week. However, whatever Apple has planned in their MTD is likely to disrupt any plans I'd try to make in my statement (if I don't know what Apple's plans are until after I have to draft my statement without that information). I may need to revise my sections again depending on what Apple's plans are for their MTD. The sooner you can share that information, the better, please. The soonest Apple has offered to provide me any information about what will be in the MTD is 1 day before the joint statement is due - which puts me in a difficult spot. This is also why I was surprised that your email last week seemed to suggest I missed some deadline, when there was no deadline for me, and I'm still waiting on critical information from Apple, which Apple still has not shared. I am also now distressed that Apple is holding back very critical information while concurrently threatening to file their own statement end of day Monday, if I do not complete my sections, without the critical information Apple is not providing me -- assumably claiming something like that I was just late and uncooperative so Apple gave up and submitted their own. I need this information. As AppleCare would say, "*carpe facto!*"

When we talked prior, you were not willing/ready to provide me insights as to what will be in the motion (which was strange that Apple knew it would file a MTD but did not know what would be in - which seems like Apple just wants to file a 2nd MTD for the sake of filing a 2nd MTD). I was not expecting Apple to file another motion to dismiss as I had dropped my RICO, Bane, and Ralph claims -- following the Judge's comment that if I did not amend those claims then the lawsuit should be able to move along instead of having to deal with a 2nd motion to dismiss. I prioritized moving the process along and starting discovery, instead of requiring even more time and effort be spent debating over those four claims. I was trying to be efficient and cooperative. If I knew Apple planned to file a 2nd MTD regardless, then I would have amended my 4AC to include all four claims (1962c, 1962d, Bane, Ralph). I am very distressed about this outcome, and if there's any opportunity to allow me to amend and still include those four claims, I will do so.

In addition to Apple needing to share their plans for this 2nd motion, we also still need to identify our top issues and craft a plan to resolve them and to list known disputed points of law (which Apple should be able to cooperate with if its planning on filing another 12b6). When we talked last, it did not seem like Apple wanted to discuss those points, but I'm hoping Apple might change its mind and be willing to cooperate in drafting responses to those topics.

I am also blocked on completing my final ADR section until Apple's counsel provides an answer to the question I've been asking since fall of 2023 - if the settlement conference would be for a global settlement, or if it would only discuss

7/10/24, 4:35 AM                    Sent | ashleymgjovik@protonmail.com | Proton Mail

some cases but not others (no NLRB, etc.) As mentioned, if Apple does not want to discuss a global settlement, then its clear to me that Apple has no actual plans to settle and would just be participating in the conference in bad faith. Thus, if Apple does not want to participate in good faith in a conference to discuss a global settlement, then I want to do ENE instead of a settlement conference. This is yet another thing I cannot complete in my joint statement section until I get an answer from Apple -- and I've been waiting for an answer to this question for eight months. If I can't get an answer by 7/9, I will need to call this issue out in my section.

As for my other items in the to do list from 6/25 -- for the request for me to identify which documents I would like in discovery, I think it would be best if Apple just wait for my actual requests for production as civil discovery has not actually started yet. As I mentioned, Apple can reference the DOL request for production for guidance -- but Apple has refused to respond to 99% of those requests, so I do not know how much help any informal guidance can be on this with Apple's current position. For the protective orders, it did not seem like my proposal had a deadline so I wasn't planning on having a formal response by Monday -- but I am still certain that I do not want any blanket protective orders, and that I will request any protective orders be issues/topic specific, and that Apple justifies why a protective order is actually needed. I've also repeatedly volunteered multiple ways I could go out of my way to help Apple feel comfortable with my access to certain information -- but Apple never responded to any of those offers. Based on Apple's US DOL filing on Friday (somehow blaming me for Apple's violations of federal labor law - and claiming highly protected topics are "Apple Confidential" and require an order with punishment of contempt of court if I was to dare to talk to people about Apple's EHS practices at a toxic waste dump), its clear that this topic will be one of the biggest issues we will need to work through for this case as well.

Finally, please also share what Apple's plans are for initial disclosures. Last fall, when Apple tried to initiate the false discovery procedure, one of the justifications provided when I protested the misconduct was that Apple was refusing to recognize any of my claims that they will file a MTD over, and are essentially pretending those claims do not exist. Apple is now doing the same thing with its refusal to cooperate in DOL discovery (which is real discovery now and Apple should be participating). Either way, 'pretending that claims you don't like don't exist' is not how discovery works. But if Apple is planning on doing something like that again with the 2nd MTD and/or later MSJ (and for which I urge Apple not to take the position again), I'd like to know before I submit my own disclosures.

-Ashley


**6/25 Meeting Notes**

Attendees: Ashley, Melinda, Kathryn


Deadlines: Joint CMS due July 9 2024; Initial Disclosures due July 9 2024; CMC to be held on July 16 2024

Action Items/Next Steps:
- Ashley & Apple's counsel to meet again prior to filing the joint CM statement to further discuss issues, narrowing of issues, scope of initial disclosures, and any planned responsive motion to the 4AC
  - Will need to "jointly identify 1-3 issues which are the most consequential to the case and discuss how resolution of these issues may be expedited" for the CMS
  - If possible, joint statement on disputed points of law that are identified at this time
  - Discuss ways to narrow issues, and if ways to reduce or avoid the need for another responsive motions

7/10/24, 4:35 AM                                        Sent | ashleymgjovik@protonmail.com | Proton Mail

- Initial Disclosures due from both parties within 14 days of the 26(f) conference, so July 9 2024
- Need to find agreement on a plan for discovery protective orders. Ashley to revise and redline the CAND version with her suggestions, and will discuss/iterate.
- Ashley drafting her portion of the Joint CMS
- Apple's counsel asked Ashley to send a summary of what documents Ashley thinks have not been provided to her related to her civil employment claims. Ashley to send summary of types of issues, sources of records, etc. Apple's counsel to also reference Ashley's US DOL request for production information.
- Apple's counsel following up on Ashley's questions about the scope and logistics of the proposed ADR Settlement Conference

Possible opportunities for a joint statement on behalf of both parties (based on discussion)
- Agreed that jurisdiction and service requirements are met
- Agreed to suggest the case schedule should designate time for potential MSJ and evidence related motions, in case they need to be filed by either party
- Plan for ADR

Other Discussion:
- Discussed each point in the CM Statement Standing Order
- Agreed Ashley's 'relief sought' summaries in the CMS and the initial disclosures does not need to include an estimated amount for punitive damages, emotional distress, or other non-pecuniary topics - will be determined later
- Apple's counsel will let Ashley know if they would like her to use a specific tool (without cost to her) for her provision of discovery documents
- Agreed Ashley does not need to list who she thinks Apple's interested parties are on behalf of Apple
- Will still need to talk about discovery planning more later

—

Ashley M. Gjøvik
BS, JD, PMP

Sent with Proton Mail secure email.

On Sunday, July 7th, 2024 at 5:15 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley:

We disagree with your characterization of our opposition to your motion to compel in the OALJ matter, as well as your characterization of our conduct during and after our June 25 meet and confer call in the separate N.D. Cal.

7/10/24, 4:35 AM                    Sent | ashleymgjovik@protonmail.com | Proton Mail

matter.

We remain willing to meet and confer with you in real-time on Monday, July 8 as scheduled regarding issues in the N.D. Cal. matter, but do not agree to your recording that conversation nor to your inviting an individual unaffiliated with the case to attend.

Please let us know if you would like to keep the call as scheduled –without any witness/recording/transcription, or if you would prefer the parties complete the meet and confer regarding Apple's motion to dismiss in the N.D. Cal. matter via email.

As for the case management statements due on Tuesday, July 9 in the N.D. Cal. matter, we will plan to submit our own statement of no more than seven pages (per paragraph 6 of Judge Chen's Civil Standing Order) unless we receive a completed joint statement from you by end of day Monday.

**Melinda Riechert**

Partner

Orrick
Silicon Valley   <image001.jpg>

T 650/614-7423
M 6507591929
mriechert@orrick.com

<image002.png>

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Friday, July 5, 2024 8:54 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer

[EXTERNAL]

Hello,

The Opposition Apple filed today in the Dept. of Labor OALJ case contains numerous statements that are demonstrably false, make baseless allegations against me, and grossly misrepresent our prior communications.

This is not the first time Apple's filings have done this -- however now this Opposition also outright accuses me of refusing to meet/confer and accuses me of acting in bad faith -- when it has been Apple who has repeatedly refused to meet/confer, acted in bad faith, stonewalled me, and ignored my offers of ways to facilitate the discovery process to make it easier for Apple. I documented all of this. Further, as you know, I have charged that Apple's prior actions in December 2023 on the civil lawsuit related to discovery constituted a violation of federal law laws (with a pending NLRB claim over the matter). This included Apple's attempt to coerce me to sign a protective order that would make my basic work conditions "confidential" -- which is illegal -- and Apple did so under the predatory guise that I missed a discovery deadline that does not even apply to the lawsuit.

I have repeatedly tried to work with Apple about how to facilitate discovery in a way that would be easiest for Apple. I offered this multiple times during our call last week. We also discussed the protective orders and I made clear that protective orders do not apply to public safety issues or labor disputes, but that I understand Apple will want them for actually confidential information (like trade secrets) and I was willing to agree to proportional orders for those matters. This was also in my emails prior. We discussed this at length last week, it was captured in the meeting notes, and Apple seemed satisfied with the discussion -- so I am surprised to read the Opposition today instead accusing me of acting in bad faith and stonewalling.

Now it also does not seem like a coincidence that on Wednesday Apple's counsel (below) implied I missed a deadline (I was never even assigned), and claimed to be waiting on something (they had not asked for) -- while concurrently still not responding directly to any of my open questions or concerns.

Due to all of this, I have no reason to think Apple will not continue to misrepresent our communications and make meritless accusations against me, thus I am going to require that our meeting on Monday either:

- Have a court reporter / be transcribed,
- Apple consents for me to record it and transcribe it, and/or
- Apple consents to me bringing a lawyer witness who can write a declaration of what they heard discussed, if needed. (--> I need advanced notice for this)

After the one meeting where I agreed to have a conversation with counsel without a court reporter or a witness -- Apple has now misrepresented the subject matter, tone, and posture of those conversations. Thus, having "off the record" conversations between Apple's counsel and myself was a failed experiment.

7/10/24, 4:35 AM                          Sent | ashleymgjovik@protonmail.com | Proton Mail

I am not afraid to have our communications recorded/transcribed because I stand by what I say, what I say is consistent, and I have never intentionally acted in bad faith. If Apple believes it is also doing the same -- there should be no concern about having a recording/record of our conversation on Monday -- in fact, one would think that Apple would also want a record themselves.


-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**



Sent with Proton Mail secure email.


On Wednesday, July 3rd, 2024 at 2:41 PM, Riechert, Melinda <mriechert@orrick.com> wrote:


3 pm Eastern, noon Pacific.  Talk to you then.


**Melinda Riechert**

Partner

Orrick
Silicon Valley  <image001.jpg>

T 650/614-7423
M 6507591929
mriechert@orrick.com

On Wednesday, July 3rd, 2024 at 2:41 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

3 pm Eastern, noon Pacific.  Talk to you then.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, July 3, 2024 11:38 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer

[EXTERNAL]

Hello,

Sounds great! Understood on the space limit - as you may have noticed by now, I'm a bit of a perfectionist.

https://mail.proton.me/u/0/Hs9bPzUW2XxHh3LsbsKy7efAgIY-YceqpOKCdLSEwl_rVUYeAPappPNRkRZUvfyeCcdVomIuuRDSybO-zZJ1IA==/xkbedZ...   2/20

7/10/24, 4:46 AM                                    Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

Thanks for sending the invite! Was it supposed to be 3pm PST (6pm EST) or 3pm EST? (12pm PST) I received the invite for 3pm EST, but your response below says PST. I can do either though.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

BS, JD, PMP

On Wednesday, July 3rd, 2024 at 2:27 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

It is fine to work on your sections this weekend and send them to us on Sunday.  As you noted, we are only allowed 10 pages, so there is not a lot of space to add information.

I will send a Teams invite for 3 pm pacific on Monday.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, July 3, 2024 11:23 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G.
<kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer


[EXTERNAL]


Hello!


It sounded like Apple was done with their individual entries in the Joint CMC, and that we wouldn't know more about the details of the pending sections until we were able to meet again (after Apple was ready - and I was waiting to hear back from Apple, as reflected in the notes I sent last week, copied below).


I was planning on completing my sections this weekend and send it over end of day Sunday - since I still have research I need to do, and because we still have six days until the deadline. It is due 7/9, correct?


If there is some reason Apple would need multiple days to review my entries, I was not planning for that as I was not expecting that and it was never requested prior. Please explain if so.


Thank you for confirming you're ready for our 2nd meet/confer. I can attend a meeting anytime between 3-6pm on Monday 7/8.


I am also still hoping I can talk you out of filing another motion to dismiss, as I don't think there is ground to file one, and so we can avoid further delays in this proceeding. Please also note that if Apple tries to challenge any of the toxic torts claims, I will be filing a Request for Judicial Notice of the 4/30/2024 EPA RCRA Enforcement Inspection report, along with my opposition.


Thanks,

-Ashley

On Wednesday, July 3rd, 2024 at 2:06 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

We are waiting for your additions to the Joint CMC statement attached.  If we don't get a joint statement completed, we will just plan on each filing separate ones.

We would also like to have another call on Monday to go over any remaining issues with the joint CMC statement and also to meet and confer regarding our motion to dismiss. We are available 3-6 pm Eastern.  Let us know what time works for you.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

On Tuesday, June 25th, 2024 at 6:08 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello!

Thanks for meeting today and for the discussion. I captured some meeting notes below - let me know if I misstated anything, or if anything you'd add.

**6/25 Meeting Notes**

Attendees: Ashley, Melinda, Kathryn

Deadlines: Joint CMS due July 9 2024; Initial Disclosures due July 9 2024; CMC to be held on July 16 2024

Action Items/Next Steps:

- Ashley & Apple's counsel to meet again prior to filing the joint CM statement to further discuss issues, narrowing of issues, scope of initial disclosures, and any planned responsive motion to the 4AC
  - Will need to "jointly identify 1-3 issues which are the most consequential to the case and discuss how resolution of these issues may be expedited" for the CMS
  - If possible, joint statement on disputed points of law that are identified at this time
  - Discuss ways to narrow issues, and if ways to reduce or avoid the need for another responsive motions
- Initial Disclosures due from both parties within 14 days of the 26(f) conference, so July 9 2024
- Need to find agreement on a plan for discovery protective orders. Ashley to revise and redline the CAND version with her suggestions, and will discuss/iterate.
- Ashley drafting her portion of the Joint CMS
- Apple's counsel asked Ashley to send a summary of what documents Ashley thinks have not been provided to her related to her civil employment claims. Ashley to send summary of types of issues, sources of records, etc. Apple's counsel to also reference Ashley's US DOL request for production information.
- Apple's counsel following up on Ashley's questions about the scope and logistics of the proposed ADR Settlement Conference

Possible opportunities for a joint statement on behalf of both parties (based on discussion)

- Agreed that jurisdiction and service requirements are met
- Agreed to suggest the case schedule should designate time for potential MSJ and evidence related motions, in case they need to be filed by either party

- Plan for ADR

Other Discussion:

- Discussed each point in the CM Statement Standing Order
  - Agreed Ashley's 'relief sought' summaries in the CMS and the initial disclosures does not need to include an estimated amount for punitive damages, emotional distress, or other non-pecuniary topics - will be determined later
  - Apple's counsel will let Ashley know if they would like her to use a specific tool (without cost to her) for her provision of discovery documents
  - Agreed Ashley does not need to list who she thinks Apple's interested parties are on behalf of Apple
  - Will still need to talk about discovery planning more later

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

---

**From:** Riechert, Melinda
**Sent:** Monday, June 24, 2024 6:16 PM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer

You are welcome.  Also please forward us the case law you are referring to regarding the UCL claim.

Melinda Riechert

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, June 24, 2024 6:08 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer


**[EXTERNAL]**


Hello,


Thank you for your thorough response & for agreeing to remove the contested terms.


1pm PST tomorrow sounds good. Thanks for setting it up.


-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, June 24th, 2024 at 8:47 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

See below in red my comments on your email. I will set a zoom call for 1.00 pm Pacific. We do not think it is necessary to have a court reporter or to record or have witnesses on the calls between us.

I will still demand you remove the statements about me believing I am subject to GO71. I only said that because your firm was harassing and intimidating me, with no time for me to fact check your allegations, and in violation of federal labor laws. If you do not remove your statement about me believing, at any time, that I have to comply with GO71, as evidence of anything other than Apple and Orrick's illegal harassment of me - I will file a 2nd NLRB charge about the matter, refuse to sign a joint statement, and attach the first and second charges with my explanation to Judge Chen as to why I would not sign.

We will delete the reference to your believing you were subject to GO71.

I also want you to remove "forbidding" in quotation marks on page 7. You can say forbidding without quotation marks if you must -- but trying to spin my federal allegations against your client like that in a joint statement is highly inappropriate.

We are fine taking out the quote marks.

Tomorrow I want to discuss:

- What Apple wants to challenge with a 2nd Motion to Dismiss & whether there's even a legal basis to do so (waiver/etc); If there's anyway to get Apple to not file another Motion to Dismiss so this trial can move along and not be further delayed
  ○ I already had Tameny, 6310, 98.6, 232, 232.5, and Nuisance. Then Judge Chen already approved the Ultrahazardous claim, IIED/Cancer claim, breach of GF/FD, and UCL with injunctive relief.
  ○ The 1102.5 claim wasn't even really dismissed, Judge Chen just told me to add a list of claims. Similarly, Judge Chen already noted I made valid constitutional claims in my 96k responses and just needed to add them to the 4AC.
  ○ That just leaves IIED/Outrageous and UCL with monetary relief. If Apple challenges the IIED claim, I will raise that Apple did not challenge IIED in my SAC and that with a large enough page limit, I did plead a claim, thus could do it again. For

7/10/24, 4:46 AM                           Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

UCL, there's case law supporting the exact claim I made - transportation costs. I'm happy to share that case now if it
would save us 2-3 months of unneeded motion practice.

This is not a topic for the M&C regarding the Rule 26(f) conference. We disagree with your assessment of Judge
Chen's order regarding which claims he "approved" and which claims remain.  He gave you leave to amend certain
claims and we are still evaluating the most recent complaint you filed to determine which claims we may have a
basis to move to dismiss.

What Apple's defenses/position is for all of the other claims beyond a wrongful termination. The position Apple states would only apply
to a fraction of the claims, including only partial for the labor/retaliation claims where I allege retaliation started in the Spring of 2021.

The purpose of the conference is to see if we can find a way to streamline the case, rather than getting into a
detailed discussion about all of Apple's defenses to all of your claims. We are still evaluating the most recent
complaint you filed to determine Apple's defenses to those claims. They include that Apple did not engage in any of
the wrongful conduct alleged in the complaint, and that it had legitimate reasons for doing what it did. Depending on
how the evidence develops, it may have other defenses, including defenses relating to damages and mitigation of
damages.

- What Apple's plan is to request the stay in discovery - because I will oppose it.

We can take this issue up with the Judge at the conference.

- Status of ADR selection. I am still waiting on a response from Orrick/Apple if Morgan Lewis will be part of a settlement
  conference, or if Orrick will be able to represent Morgan Lewis' cases. I have no intent of participating in a settlement
  conference if Apple actually has no intent in settling -- such as if Apple does

Typically the settlement conference only includes the parties and counsel in the case. But we are willing to discuss
with our client whether it is willing to settle all disputes between the parties, including the NLRB claims being
handled by Morgan Lewis.

- Discuss a plan for limited protective orders where actually applicable - or other accommodations that can satisfy the same
  concerns. For example, I assume my 17200 claim will include significant discovery of actually confidential/sensitive materials,
  and we should figure out the best way to proceed that protects

We have proposed the Northern District's template protective order.  If you want to propose a different protective
order, we will review it.

- Scheduling of discovery and the trial, assuming Apple's motion to stay and any motion to dismiss is denied. I will probably want
  to file a MSJ as well, so it would be good to map the schedule. If Apple's motions are granted, then the schedule can be
  adjusted. There's no reason to not plan a schedule now.

The Rule 26(f) conference is focused on a discovery plan rather than a trial date. We think it is premature to talk
about a trial date at this time, when the pleadings are still in flux.  But if the Judge wants to schedule a trial date at
the conference, he will do so.

- Then I would like to spend a significant amount of the call discussing narrowing issues. There are several areas we need to
  address in this statement.
  - Apple has not provided any explanation for the retaliation that occurred prior to the termination on 9/9/21. I have parallel
    claims for constructive termination with hostile work env through late August 2021, and Apple has provided no
    position/defense for those claims.
  - Apple's position about the US EPA inspection on 8/19 and the US EPA findings/reports that echoed my concerns; the US
    EPA discovery about the HVAC; and the land use covenant requiring reporting to EPA of issues with the CERCLA
    engineering controls (like cracked slabs). I want to hear Apple's technical and legal analysis - so I can plan the case
    accordingly.
  - Apple's position about the retaliation in relation to what happened at 3250 Scott in 2020.
  - Apple's position on the US EPA findings of their inspections at 3250 Scott Blvd and how that relates to the toxic tort and
    retaliation claims.

- Apple's position on the zoning and permitting status of 3250 Scott Blvd.
- Apple's legal arguments as to why the ear scans are confidential if it was already public information. (for the termination claims and also for 17200)
- Apple's legal arguments for why and in what ways Gobbler is confidential, and why the Gobbler manager was not fired for speaking about it.  (for the termination claims and also for 17200)

As noted above, the purpose of the conference is to see if we can find a way to streamline the case, rather than getting into a detailed discussion about all of Apple's defenses to all of your claims, and Apple's legal arguments in response to each of the claims. We are still evaluating the most recent complaint you filed to determine Apple's defenses to those claims, but Apple's defenses include that Apple did not engage in any of the wrongful conduct alleged in the complaint, that it did not retaliate against you but had  legitimate reasons for doing what it did, and that the information you disclosed was confidential.  We are satisfied with the language we drafted in the Case Management Conference Statement, which is only intended to include a short statement of the facts as each side sees them.

I also want to note that I'm having trouble following the logic of Apple's position that 1) discovery must be stayed and Apple refuses to participate, but also, 2) GO71 discovery started six months ago and Apple is participating but Ashley is refusing to participate and Ashley needs to participate. We can argue about this at the conference and in motions, but I'd rather not waste the time if I can talk you out of this. The position is illogical but also impractical. If GO71 discovery was applicable (I confirmed with someone at the courthouse that it is not, in addition the CAND website making clear it is not applicable), and Apple wanted GO71 discovery open, but also wanted to stop any other discovery (bifurcating), yet at the same time the lawsuit has multiple claims related to the employment matters but which are not employment claims -- then where exactly is the divide of what is and is not in scope for the two different discovery efforts? Will they merge together later? Will they continue in parallel? Further Apple argues it wants to stay discovery as to not bifurcate discovery, but Apple is already trying to bifurcate discovery - so I guess the argument is avoiding trifurcating discovery. It makes no sense at all.

We complied with our GO71 obligations because we believe that they are applicable to this case and that we were legally required to do so.  That does not mean that all discovery should proceed while the scope of the case is still in flux.

**Melinda Riechert**

Partner

<u>Orrick</u>
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, June 24, 2024 2:28 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer

 **[EXTERNAL]**

Hello,

Let's talk tomorrow please.

I can talk between 10am-2pm PST (1-5pm EST). Let's schedule at hour.

Please let me know if we can have a court reporter, or if I can record it. It is short notice to try to arrange someone to be there with me, but I need a record and/or witness.

The revised version of the statement is better than the prior version. Thank you.

I will still demand you remove the statements about me believing I am subject to GO71. I only said that because your firm was harassing and intimidating me, with no time for me to fact check your allegations, and in violation of federal labor laws. If you do not remove your statement about me believing, at any time, that I have to comply with GO71, as evidence of anything other than Apple and Orrick's illegal harassment of me - I will file a 2nd NLRB charge about the matter, refuse to sign a joint statement, and attach the first and second charges with my explanation to Judge Chen as to why I would not sign.

I also want you to remove "forbidding" in quotation marks on page 7. You can say forbidding without quotation marks if you must -- but trying to spin my federal allegations against your client like that in a joint statement is highly inappropriate.

Tomorrow I want to discuss:

7/10/24, 4:46 AM                                Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

- What Apple wants to challenge with a 2nd Motion to Dismiss & whether there's even a legal basis to do so (waiver/etc); If there's anyway to get Apple to not file another Motion to Dismiss so this trial can move along and not be further delayed

  ◦ I already had Tameny, 6310, 98.6, 232, 232.5, and Nuisance. Then Judge Chen already approved the Ultrahazardous claim, IIED/Cancer claim, breach of GF/FD, and UCL with injunctive relief.

  ◦ The 1102.5 claim wasn't even really dismissed, Judge Chen just told me to add a list of claims. Similarly, Judge Chen already noted I made valid constitutional claims in my 96k responses and just needed to add them to the 4AC.

  ◦ That just leaves IIED/Outrageous and UCL with monetary relief. If Apple challenges the IIED claim, I will raise that Apple did not challenge IIED in my SAC and that with a large enough page limit, I did plead a claim, thus could do it again. For UCL, there's case law supporting the exact claim I made - transportation costs. I'm happy to share that case now if it would save us 2-3 months of unneeded motion practice.

- What Apple's defenses/position is for all of the other claims beyond a wrongful termination. The position Apple states would only apply to a fraction of the claims, including only partial for the labor/retaliation claims where I allege retaliation started in the Spring of 2021.

- What Apple's plan is to request the stay in discovery - because I will oppose it.

- Status of ADR selection. I am still waiting on a response from Orrick/Apple if Morgan Lewis will be part of a settlement conference, or if Orrick will be able to represent Morgan Lewis' cases. I have no intent of participating in a settlement conference if Apple actually has no intent in settling -- such as if Apple does not even hold the conference in a way that could facilitate a global settlement. We can do ENE instead.

- Discuss a plan for limited protective orders where actually applicable - or other accommodations that can satisfy the same concerns. For example, I assume my 17200 claim will include significant discovery of actually confidential/sensitive materials, and we should figure out the best way to proceed that protects both of our rights.

- Scheduling of discovery and the trial, assuming Apple's motion to stay and any motion to dismiss is denied. I will probably want to file a MSJ as well, so it would be good to map the schedule. If Apple's motions are granted, then the schedule can be adjusted. There's no reason to not plan a schedule now.

- Then I would like to spend a significant amount of the call discussing narrowing issues. There are several areas we need to address in this statement.

  ◦ Apple has not provided any explanation for the retaliation that occurred prior to the termination on 9/9/21. I have parallel claims for constructive termination with hostile work env through late August 2021, and Apple has provided no position/defense for those claims.

  ◦ Apple's position about the US EPA inspection on 8/19 and the US EPA findings/reports that echoed my concerns; the US EPA discovery about the HVAC; and the land use covenant requiring reporting to EPA of issues with the CERCLA engineering controls (like cracked slabs). I want to hear Apple's technical and legal analysis - so I can plan the case accordingly.

  ◦ Apple's position about the retaliation in relation to what happened at 3250 Scott in 2020.

  ◦ Apple's position on the US EPA findings of their inspections at 3250 Scott Blvd and how that relates to the toxic tort and retaliation claims.

  ◦ Apple's position on the zoning and permitting status of 3250 Scott Blvd.

  ◦ Apple's legal arguments as to why the ear scans are confidential if it was already public information. (for the termination claims and also for 17200)

  ◦ Apple's legal arguments for why and in what ways Gobbler is confidential, and why the Gobbler manager was not fired for speaking about it.  (for the termination claims and also for 17200)

I also want to note that I'm having trouble following the logic of Apple's position that 1) discovery must be stayed and Apple refuses to participate, but also, 2) GO71 discovery started six months ago and Apple is participating but Ashley is refusing to participate and Ashley needs to participate. We can argue about this at the conference and in motions, but I'd rather not waste the time if I can talk you out of this. The position is illogical but also impractical. If GO71 discovery was applicable (I confirmed with someone at the courthouse that it is not, in addition the CAND website making clear it is not applicable), and Apple wanted GO71 discovery open, but also wanted to stop any other discovery (bifurcating), yet at the same time the lawsuit has multiple claims related to the employment matters but which are not employment claims -- then where exactly is the divide of what is and is not in scope for the two different discovery efforts? Will they merge together later? Will they continue in parallel? Further Apple argues it wants to stay discovery as to not bifurcate discovery, but Apple is already trying to bifurcate discovery - so I guess the argument is avoiding trifurcating discovery. It makes no sense at all.

7/10/24, 4:46 AM                          Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

I'll email some more points before hand if I think of more before we speak.


-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**



Sent with Proton Mail secure email.


On Monday, June 24th, 2024 at 4:02 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
>
> Attached is a revised draft Joint CMC statement.  The headers take up about 2 pages and we have given you the same amount of space as we took with respect to each question. Please add your sections to the statement and if you would like to meet and confer, let me when you are available today or tomorrow.
>
>
> **Melinda Riechert**
>
> Partner
>
>
> Orrick
> Silicon Valley
>
>
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, June 20, 2024 1:40 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer


[EXTERNAL]


Hello Apple's lawyers,


The 26(f) Meet/Confer is not optional. Please let me know what times/days would work for you to discuss the issues in this case.


Further, the Joint Statement is not Apple's opportunity to file an Answer. That opportunity is when Apple files an actual answer. The page limit for the joint statement is ten pages. Apple needs to reduce its content by half of what is currently included -- ideally the many paragraphs that are simply Apple's defense that belongs in Apple's answer instead, as well as the multiple paragraphs about cases/charges that are not this case.


What claims is Apple planning to challenge in its next MTD? Apple lost/waived it opportunity to challenge all but a few sub-claims, and it seems like an unnecessary and bad faith delay to add another three months onto this trial simply in order for Apple to try to re-challenge a few sub-claims. Heeding the Judge's guidance, I agreed to surrender my RICO, Bane, and Ralph claims in hope it would prevent Apple from filing another MTD and causing further delay. I urge Apple to reconsider its position, but if not, then to attempt to meet/confer on those topics prior to causing even more delays and work.


If Apple wants to narrow the issues, the proper opportunity to try to do that is first during the 26(f) Meet/Confer.


I will be objecting/opposing to all of Apple's requests to stay discovery, and I will also be objecting to Apple's continued insistence that GO71 is applicable. If Apple wants to argue that GO71 is applicable, and that I am refusing to comply with it, then Apple needs to file a separate motion about it. I will not debate Apple about GO17 in a 10 page case management statement. As I stated in December, if Apple actually believes GO17 applies and that I should participate in it, then Apple must file a motion about it to the Judge. Apple did not file that motion then. Either file it now, or remove the allegations from Apple's statement.


I also demand that Apple remove any/all characterizations of my statements and my positions from its sections. This statement is not Apple's opportunity to try to present my own position as something its not, under the premise that its somehow Apple's position that I'm wrong about whatever, but as Apple's position. Apple needs to detail its own position in this civil case before us in this court.


I look forward to setting discovery and trial timelines with you. If you want to file motions concurrently, that is your prerogative. However, I will insist we still set a schedule and plan to adhere to it unless your motions are actually approved.


-Ashley

7/10/24, 4:46 AM                          Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, June 20th, 2024 at 4:03 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

Attached is a draft of the Joint CMC statement.   As you will see, there are sections for you to complete with your positions.  After you have reviewed, let us know if you feel the need to meet and confer on the issues raised by the Joint CMC statement.  It seems relatively straightforward to me.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, June 20, 2024 2:43 AM
**To:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** Gjovik v Apple, 3:23-cv-04597-EMC, 26F Conference Meet & Confer


**[EXTERNAL]**


Hello Apple's lawyers,


Judge Chen scheduled our Initial Case Management Conference for July 16 2024. He also ordered a Joint Case Management Statement to be filed by July 9 2024. (Order at Docket #73 p.49, and Docket Entry #74).


Our 26(f) Meet/Confer is due 21 days prior to the Conference, so Tuesday June 25 2024. When would you like to meet? Monday or Tuesday next week are quite open for me, if that works for your schedule.


Is Apple willing to pay for a court reporter again, or shall I work to schedule a lawyer friend to join as a witness?

Thanks!

-Ashley


----------


References:


*"the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held"*

https://www.law.cornell.edu/rules/frcp/rule_26


Docket #74:

CLERK'S NOTICE SETTING INITIAL CASE MANAGEMENT CONFERENCE.

Joint Case Management Statement due by 7/9/2024.

Initial Case Management Conference set for 7/16/2024, at 1:30 PM in San Francisco, - Videoconference Only.

This proceeding will be held via a Zoom webinar.

ALL PARTIES PARTICIPATING IN THE HEARING ARE REQUIRED TO LOG INTO ZOOM NO LATER THAN 1:20 PM.

Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/emcGeneral Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.

(This is a text-only entry generated by the court. There is no document associated with this entry.) (vla, COURT STAFF) (Filed on 5/20/2024)

Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) (Entered: 05/20/2024)

Reminder of rules:

- Here is the CAND General Standing order for the Joint Case Mgmt Statement: https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Standing_Order_All_Judges-11-30-2023.pdf
- Here's the Local Rule for the Case Mgmt Conf (16-9, 16-10): https://www.cand.uscourts.gov/rules/civil-local-rules/
- Here's Judge Chen's standing order for the Case Mgmt Conf Meeting and Statement (#6): https://www.cand.uscourts.gov/wp-content/uploads/judges/chen-emc/Standing-Order-Civil-General-REVISED-12-1-2022.pdf
- Here's Judge Chen's Guidelines on calculating trial time: https://www.cand.uscourts.gov/wp-content/uploads/judges/chen-emc/EMC-guideline-re-trial-time-calculation.pdf

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

# Exhibit E: Emails RE: NLRB & Last Hearing

7/23/24, 4:19 PM                                    Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

## Re: Your latest NLRB charge

From   legal@ashleygjovik.com <legal@ashleygjovik.com>

To     Riechert, Melinda<mriechert@orrick.com>

CC     Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>,
       Perry, Jessica R.<jperry@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>,
       Riechert, Melinda<mriechert@orrick.com>

Date   Monday, July 15th, 2024 at 6:25 PM

Hello Apple's lawyers,

Respectfully, I think you're confused. Last year, the NLRB made clear that the NLRA pre-empts two party consent laws when the recording is PCA. It sounds like you may not understand the legal precedent, as the question is not if the subject of the recording is PCA (though I'd argue that meeting was PCA based on some of the things we discussed) -- but the question as to whether a recording is PCA or not, is a contextual question about if the act of recording itself is PCA. One example of recordings as PCA is workers recording a meeting or conversation with the employer (who you are an agent of) in order to gather and preserve evidence to be used in a NLRB proceeding and/or grievance, for example capturing evidence of unfair labor practices (violations of federal law) -- which is what occurred here.

The only audience for the recording I captured is the NLRB. (and maybe US DOL if they decide to follow US NLRB's ruling as well). The recording has not been shared with anyone else and I have no plan to share with anyone else other than NLRB (and maybe DOL). Even if its used as evidence in an agency trial, I believe you / Morgan Lewis will have an opportunity to lobby that it be sealed. I probably would not oppose your request.

The meeting was not solely about the civil lawsuit. The NLRB was mentioned three times, Dept of Labor was mentioned five times, labor and human rights were mentioned five times, protected speech under labor laws was mentioned eight times, protective orders were mentioned 15 times, and confidential was mentioned 45 times. That discussion also included a threat made to me that you might get the US Judge to issue the type of blanket protective order I've been protesting if I don't voluntarily agree to it prior - which is absolutely relevant to 01-CA-332897 and I have already alleged it was another ULP.

The Google case you cited is completely different in that the party published the recording publicly on social media. I have not published the recording to social media. Similarly, you cited two other cases were the recording was done "illegally," but here, as it is a recording for NLRB, its not illegal. Again, I have not shared the recording with anyone, especially on social media, and it is solely intended to be evidence for the NLRB (a federal agency). Because the only audience for the recording is NLRB, you are thus demanding I delete evidence to be used in an NLRB proceeding. I believe that's actually a federal crime?

You are also threatening me that you will try to manipulate the US Judge to force me to delete evidence and get him to assist you in interfering with the pending NLRB proceeding - which is probably a violation of both NLRA and federal criminal law, at the same time. You also cannot unilaterally inform me that I am / was not engaging in PCA under the NLRA, and I believe that statement is likely also another violation of federal law.

7/23/24, 4:19 PM                     Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

I will be amending charge 01-CA-345931 to add additional claims of violations of 8(a)(1) and 8(a)(4) based on the email you sent at 5:24 pm EST today. I've already forwarded your email to the NLRB investigator as well.

Here's some references to help you get up to speed on NLRA recording protection developments:

*NLRB hearing against Starbucks begins with judge OKing secret recording of company meeting*
https://www.wbfo.org/business-economy/2022-07-12/nlrb-hearing-against-starbucks-begins-with-judge-oking-secret-recording-of-company-meeting

*NLRB Punches Holes in No-Recording Policies*
https://labornotes.org/blogs/2023/02/nlrb-punches-holes-no-recording-policies

*Say What? NLRB Rules Employees May Tape Record Others in Violation of State Law.*
https://www.laboremploymentreport.com/2023/03/10/say-what-nlrb-rules-employees-may-tape-record-others-in-violation-of-state-law/

*Employees Have Legally Protected Reasons to Record Workplace Activities*
https://www.levyemploymentlaw.com/employees-have-legally-protected-reasons-to-record-workplace-activities/

If you insist on raising this issue to Judge Chen tomorrow, I ask that you please file a motion with your request and give me an opportunity to respond in a meaningful way, including attaching exhibits of evidence to my response in order to support my position (ie, the NLRB charges, our emails, etc.). If you really believe that Judge Chen would force me to destroy legally obtained evidence for another proceeding, and fully understanding that's what he is doing - then you should not have any issue documenting your request in writing and filing it to the public docket.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, July 15th, 2024 at 5:18 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> I was shocked to read in your latest NLRB charge that you had recorded our meet and confer call.  I did not give you permission to record the call, and you did not tell me you were recording the call.  As you know, this is a violation of California Penal Code Section 632 which provides:

On Monday, July 15th, 2024 at 5:18 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I was shocked to read in your latest NLRB charge that you had recorded our meet and confer call. I did not give you permission to record the call, and you did not tell me you were recording the call. As you know, this is a violation of California Penal Code Section 632 which provides:

https://mail.proton.me/u/1/Hs9bPzUW2XxHh3LsbsKy7efAglY-YceqpOKCdLSEwI_rVUYeAPappPNRkRZUvfyeCcdVomIuuRDSybO-zZJ1IA==/98v2YMf...    2/4

---

7/23/24, 4:19 PM                                        Gjovik v Apple | ashleymgjovik@protonmail.com | Proton Mail

, "anyone who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record it, or to use a telegraph, telephone, or another device, will be punished by a fine up to $2,500 per violation, or up to one year ...

We intend to bring this to the attention of Judge Chen at the upcoming Case Management Conference and request that Judge Chen order you to delete all recordings and cease any further recordings. *Stebbins v. Google LLC*, 2023 WL 6139454, at *3 (N.D. Cal. Aug. 31, 2023) (pro se plaintiff who recorded the "parties' meet and confer prior to a Rule 26(f) scheduling conference" and posted it to YouTube was "ordered to immediately remove the recording from YouTube, delete copies of this or any recording Plaintiff has retained between Plaintiff and Defendant, and cease any future recording" and warned that "[f]ailure to comply with the Court's order may result in terminating sanctions with prejudice"); *Ewing v. Aliera Healthcare*, 2019 WL 3778746, at *3 (S.D. Cal. Aug. 12, 2019) (ordering plaintiff to cease any recording of conversations between Plaintiff and defense counsel moving forward in this litigation); *see also Focally LLC v. Win Elements*, LLC, No. EDCV212105JGBKKX, 2022 WL 17078436, at *9 (C.D. Cal. Nov. 2, 2022), *appeal dismissed sub nom. Yondr, Inc. v. Win Elements, LLC*, 2023 WL 2213184 (9th Cir. Jan. 10, 2023), *and vacated sub nom. Yondr, Inc. v. Win Elements LLC*, 2023 WL 9743749 (C.D. Cal. July 21, 2023) (pro se plaintiff who illegally recorded a meet and conference in violation of California Penal Code § 632 committed sanctionable misconduct).

You were not engaging in concerted protected activity under the National Labor Relations Act when we were having our meet and confer call in connection with your federal lawsuit against Apple. In any event the NLRB's interpretation of the NLRA doesn't trump an Article III judge's ability to regulate activity connected to a case pending in Federal Court.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer<br>Apple Inc | | b. Tel. No.<br>(408) 996-1010 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>One Apple Park Way<br><br>CA Cupertino 95014 | e. Employer Representative<br>Tim  Cook<br>CEO | g. e-mail<br><br>tcook@apple.com |
| | | h. Number of workers employed<br>300 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Technology | j. Identify principal product or service | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections)  1,4                                                        of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Ashley Marie Gjovik

| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>[REDACTED]<br>MA Boston 02118 | 4b. Tel. No.<br>[REDACTED] |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

**6. DECLARATION**
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| *(signature of representative or person making charge)* | Ashley Marie Gjovik<br>*(Print/type name and title or office, if any)* | Tel. No.<br>[REDACTED] |
|---|---|---|
| | | Office, if any, Cell No. |
| | | Fax No. |
| Address  Boston MA 02118 | Date 07/10/2024 05:20:24 AM | e-mail<br>ashleymgjovik@protonmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**Basis of the Charge**

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 07/07/2024 |
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 06/25/2024 |
| Ashley Gjovik | Intimidation and Interference | 06/20/2024 |
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 07/05/2024 |
| Ashley Gjovik | False Allegations | 07/05/2024 |
| Ashley Gjovik | Harassment | 06/20/2024 |
| Ashley Gjovik | Threat of Interrogation | 07/07/2024 |

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 07/07/2024 |
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 06/25/2024 |
| Ashley Gjovik | Intimidation and Interference | 06/20/2024 |
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 07/05/2024 |
| Ashley Gjovik | False Allegations | 07/05/2024 |
| Ashley Gjovik | Threat of Interrogation | 07/07/2024 |
| Ashley Gjovik | Harassment | 06/20/2024 |

**8(a)(4)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) filed charges or cooperated with the NLRB.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threats, Intimidation, Coercion, | 07/07/2024 |

| | Interference | |
|---|---|---|
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 06/25/2024 |
| Ashley Gjovik | Intimidation and Interference | 06/20/2024 |
| Ashley Gjovik | Threats, Intimidation, Coercion, Interference | 07/05/2024 |
| Ashley Gjovik | False Allegations | 07/05/2024 |
| Ashley Gjovik | Threat of Interrogation | 07/07/2024 |
| Ashley Gjovik | Harassment | 06/20/2024 |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prohibit employees from discussing wages, hours, or other terms or conditions of employment.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from contacting and/or filing charges with the National Labor Relations Board.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from engaging in protected concerted activities.

| Work Rule |
|---|
| Claimed EH&S issues are confidential/trade secret |
| Claimed vapor intrusion test results are secret |
| Claimed EH&S at 825 Stewart is confidential |
| Claimed Gobbler is confidential |
| Claimed wanting to scan my ears is confidential |
| Claimed indoor air quality at 825Stewart is secret |
| Required conversations occur "without any witness" |

**Additional Information in Support of Charge**

**Charging Party Name :** Ashley Marie Gjovik
**Inquiry Number :** 1-3506347791
**Date Submitted :** 07/10/2024 05:20:24 AM

Please provide a brief description of the specific conduct involved in your charge. The information you provide may be viewed by the charged party in the event of a formal proceeding, so PLEASE DO NOT GIVE A DETAILED ACCOUNT OF YOUR CHARGE OR A LIST OF POTENTIAL WITNESSES AT THIS TIME. A Board Agent will contact you to obtain this and other detailed information after your charge is docketed. After you submit this E-Filed Charge form, you will receive a confirmation email with an Inquiry Number (Sample Inquiry Number: 1-1234567890) and a link to the E-Filing web page. You may use the link and the Inquiry number provided in the email to e-file any additional documents you wish to present in support of your charge.

**Additional Information Provided:**
On June 20 2024, Apple via their counsel as agents (Orrick), proposed a joint legal filing, to be filed by them and Charging Party (CP) to an official record, claiming that CP believes she is subject to the farcical discovery process they attempted to deceive her with in December 2023 and which is a main subject of NLRB Charge No. 01-CA-332897, which alleges their actions violated federal law. Counsel thus implies that CP filed and continues to participate in the NLRB inquiry into 01-CA-332897 in bad faith, and attempted to coerce her to admit such in a federal legal filing to a Judge.

On June 25 2024, Apple and CP held a meet/confer on Zoom. Apple's counsel requested there be no witnesses or court reporter, and CP agreed for the first time since August 2021. During the meeting Apple threatened CP regarding Protective Orders and retaliated against Complainant for requesting specific written protections about her right to share information related to public safety without any approval process. There were additional threats and intimidation.

On July 5 2024, Apple filed an Opposition to CP's Motion to Compel in the DOL OALJ environmental whistleblower case where they made numerous false allegations against her including about the Zoom meeting, and again attempted to claim she was subject to their fascial discovery process, was acting in bad faith, and was lying to a Judge. In this filing, Apple also implies that any evidence to support CP's concerns about environmental and safety issues at her office, and illegal surveillance & experiments, may be "confidential, proprietary, and/or trade secret" - implicitly asking for the Protective Order.

On July 7 2024, Apple lied again about the June 25 meeting, denying CP's version of events. (Note: CP recorded this call, expecting they would violate the NLRA again, and Apple did). Apple also now demands they will only meet/confer with CP if there are "no witnesses" or record, after lying about their prior meeting.

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 01-CA-332897 | Date Filed 12/29/2023 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer  Apple Inc | | b. Tel. No.  (408) 996-1010 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address (Street, city, state, and ZIP code)  One Apple Park Way    CA Cupertino 95014 | e. Employer Representative  Tim Cook  CEO | g. e-mail  tcook@apple.com |
| | | h. Number of workers employed  100 |
| i. Type of Establishment (factory, mine, wholesaler, etc.)  Technology | j. Identify principal product or service  Computers | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 1,4 of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

--See additional page--

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Ashley Marie Gjovik

| 4a. Address (Street and number, city, state, and ZIP code)      MA Boston 02118 | 4b. Tel. No. ▮ |
|---|---|
| | 4c. Cell No. ▮ |
| | 4d. Fax No. |
| | 4e. e-mail  ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION  I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. ▮ |
|---|---|
| *(signature of representative or person making charge)*    Ashley Marie Gjovik  *(Print/type name and title or office, if any)* | Office, if any, Cell No. ▮ |
| | Fax No. |
| Address  Boston MA 02118    Date 12/29/2023 05:00:38 PM | e-mail  ashleymgjovik@protonmail.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

## Basis of the Charge

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

**8(a)(4)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) filed charges or cooperated with the NLRB.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prohibit employees from discussing wages, hours, or other terms or conditions of employment.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from contacting and/or filing charges with the National Labor Relations Board.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from engaging in protected concerted activities.

| Work Rule |
|---|
| Claiming Employee"s performance reviews are secret |
| Claiming Employee"s pay/benefits are a secret |
| Claiming Employer"s handbook policies are secret |
| Claiming Employee discipline records are secret |
| Claiming Employees complaint to Employer is secret |
| Claiming Employer spying on Employees is secret |
| Claiming Employer 24/7 video of Employee is secret |
| Claiming Employee"s safety complaints are secret |
| Claims Employees retaliation complaints are secret |

### Additional Information in Support of Charge

**Charging Party Name :** Ashley Marie Gjovik
**Inquiry Number :** 1-3413659041
**Date Submitted :** 12/29/2023 05:00:38 PM

Please provide a brief description of the specific conduct involved in your charge. The information you provide may be viewed by the charged party in the event of a formal proceeding, so PLEASE DO NOT GIVE A DETAILED ACCOUNT OF YOUR CHARGE OR A LIST OF POTENTIAL WITNESSES AT THIS TIME. A Board Agent will contact you to obtain this and other detailed information after your charge is docketed. After you submit this E-Filed Charge form, you will receive a confirmation email with an Inquiry Number (Sample Inquiry Number: 1-1234567890) and a link to the E-Filing web page. You may use the link and the Inquiry number provided in the email to e-file any additional documents you wish to present in support of your charge.

**Additional Information Provided:**
The Employer (via their agent, hired legal counsel, "Orrick," representing Employer on Employee's retaliation legal claims against Employer) violated The Act (8-a-1 & 8-a-4) on November 16, December 18, December 19, and December 20 2023; as detailed.

On November 16 2023, the Employer made statements to the Employee directly, and publicly for other Employees to see, promulgating unlawful work rules that Employees have no right to speak publicly and on their personal time about work conditions or protesting unlawful conduct by the employer, and that Employer may terminate Employees for doing so.

On November 16 2023, the Employer threatened, intimidated, and coerced Employee by claiming Employer could legally terminate her employment due to her public speech about work conditions at the Employer.

On Dec 18 2023, the Employer, threatened, intimidated, disrupted, and coerced Employee by claiming compensation, benefits, performance reviews, discipline, and work policies are secret and that she must sign a legal agreement, enforceable by a Judge through Contempt of Court, promising not to tell anyone about Employer's records related to Employee in these T/C categories.

On Dec 19 2023, the Employer coerced and intimidated Employee by declaring a contract she signed was secret, that she could not have a copy of it, but that Employer claimed it fired her for violating the secret contract.

On Dec 19 2023, the Employer promulgated unlawful work rules that forbid employees from speaking about "informed consent form" agreements they enter into with the Employer, in order to perform unpaid labor for the Employer, while concurrently being subject to 24/7 surveillance.

On Dec 20 2023, the Employer coerced and intimidated Employee by claiming it does not recognize her labor complaints against Employer and it is proceeding as if she had not made those claims.

On Dec 18-Dec 20 2023, The Employer, threatened Employee in an attempt to coerce her into a unlawful secrecy agreement.

# Exhibit F: June-July 2024 Wikipedia Vandalism about This Lawsuit



Search Wikipedia | Search

## Ashley Gjøvik

Add languages

ents hide

Article Talk | Read View source View history Tools

From Wikipedia, the free encyclopedia

ation and career
· issues and
erns at Apple
vironmental health
l safety concerns
assment and
crimination
ployee privacy
cerns
ellectual property
tter and firing
complaints and
ion against Apple
or board complaints
istleblower
nplaints
CO lawsuit
also
s
ences
nal links

**This is an old revision of this page, as edited by 24.96.148.35 (talk) at 07:48, 25 June 2024 *(Good news, you're both wrong. Bloomberg calls it a manufacturing facility, but clarifies manufacturing is not being done there and that the facility is too small for manufacturing. It was shut down in 2024 with Project Titan.)*. The present address (URL) is a permanent link to this revision, which may differ significantly from the current revision.**

(diff) ← Previous revision | Latest revision (diff) | Newer revision → (diff)

**Ashley Gjøvik** (born 1985 or 1986) is an American program manager who is known for filing more than a dozen legal complaints against her former employer, Apple Inc. Notable complaints include a dismissed whistleblower complaint and two meritorious labor board charges about employee rules, which are pending prosecution. Gjøvik was terminated in 2021 by Apple for allegedly leaking confidential intellectual property, which she denied. Gjøvik alleged her firing was retaliation for speaking out against the company about sexism, employee privacy, and vapor intrusion at a Sunnyvale, California Apple office on a Superfund site, which the United States Environmental Protection Agency concluded was not occurring.

In 2023, Gjøvik filed a 650-page lawsuit against Apple alleging Racketeer Influenced and Corrupt Organizations Act (RICO) violations, whistleblower retaliation, and environmental violations related to both the office where she worked in Sunnyvale, and a R&D facility near her home in Santa Clara.[a] The length created case law imposing page limits on pleadings. Much of the lawsuit was dismissed in May 2024; the federal whistleblower, Sunnyvale Superfund, and some of the RICO claims with prejudice.

**Ashley Gjøvik**



| | |
|---|---|
| **Born** | 1985 or 1986 (age 37–38)[1] |
| **Education** | Portland State University (BS)<br>Santa Clara University School of Law (JD) |
| **Occupation** | Program manager |
| **Employer** | Northeastern University |
| **Known for** | Legal complaints against Apple Inc. |

### Education and career

Gjøvik studied ecology at Bennington College in Vermont from 2004–2005 before returning to Oregon, where she completed a Bachelor of Science in Liberal Studies from Portland State University (PSU) in 2012. She earned a Project Management Professional certification in 2013.[2][3] She obtained her Doctor of Jurisprudence in 2022 from Santa Clara University (SCU) law school.[4] Gjøvik also studied transitional justice at University of Oxford.[5][1][6]

Gjøvik worked as a project manager for PSU from 2011–2013.[2] She then worked as a software release manager at Nike, Inc.,[6] where she remained until she was hired at Apple in February 2015 as a project manager of iOS releases.[2][7] In 2016, she became an engineering program manager working out of their Sunnyvale office.[2][8][9][7] In 2019, she interned in Apple's Legal Department on the AI ethics team.[2][7] She spent several months on paid leave between 2020–2021.[10][7][11][b] She was terminated in September

Date: June 25 2024

Source: https://en.wikipedia.org/w/index.php?title=Ashley_Gj%C3%B8vik&oldid=1230888491#Legal_complaints_and_litigation_against_Apple



Date: June 25 2024
Source:
https://en.wikipedia.org/w/index.php?title=Ashley_Gj%C3%B8vik&oldid=1230888491#Legal_
complaints_and_litigation_against_Apple

### RICO lawsuit

On September 7, 2023, Gjøvik filed a lawsuit against Apple under the Racketeer Influenced and Corrupt Organizations Act (RICO) and whistleblower retaliation under SOX and Dodd–Frank Wall Street Reform and Consumer Protection Act. The lawsuit alleged a wide variety of violations, including wire fraud, mail fraud, and securities fraud, as well as state level bribery and extortion.[38] Her third pleading in the case was dismissed with leave to amend by the court in January 2024 because it was more than 650 pages long and lacked clarity and readability; the ruling created case law imposing a 75-page limit on pleadings.[60] In May 2024, 13 of the lawsuit's 15 claims were dismissed wholly or partially under Federal Civil Rule 12(b)(6). The whistleblower retaliation claims under SOX and Dodd–Frank, parts of the RICO claims, and claims relating to the Stewart 1 office were dismissed with prejudice. The other claims, including the claim related to the DSLE whistleblower complaint, were dismissed with leave to amend. The remaining two claims, retaliation for safety activities and termination in violation of public policy, and the partial claims, relating to Apple's facility in Santa Clara near her apartment,[a] were not challenged under 12(b)(6).[7]

Date: June 25 2024

Source: https://en.wikipedia.org/w/index.php?title=Ashley_Gj%C3%B8vik&oldid=1230888491#Legal_complaints_and_litigation_against_Apple



DECLARATION & EXHIBITS | 3:23-CV-04597-EMC



Date: June 25 2024
Source:
https://en.wikipedia.org/w/index.php?title=Ashley_Gj%C3%B8vik&diff=1230892779&oldid=1230891925

## Manufacturing vs R&D   [ edit ]

Some IP editors are aggressively removing any reference that the facility code-named Aria is a "manufacturing" facility. It makes stuff for research purposes, not large quantities for production, and this is confirmed by Bloomberg⬀ here: "designing and producing its own device displays for the first time, using a secret *manufacturing* facility near its California headquarters"

I changed my edit from R&D manufacturing to "manufacturing R&D" because the primary purpose of the facility appears to be R&D, but they have to manufacture on a small scale in order to DO that R&D, and the construction of the facility is tailored for that manufacturing operation. It isn't a cozy "lab" where people just sit at their desks all day! I don't know what that's called, but "R&D to make stuff, by also making small quantities of stuff to test making stuff" sounds like "manufacturing R&D" to me ▮▮▮▮▮▮ talk) 07:33, 25 June 2024 (UTC)  [ reply ]

> From the same article: " the Santa Clara facility is capable of manufacturing a handful of fully operational Apple Watch-sized (under 2 inches diagonally) MicroLED screens at a time" & "The California facility is too small for mass-production"

> I don't think it's appropriate for the lead. 66.146.183.70 (talk) 08:12, 25 June 2024 (UTC)  [ reply ]

> > Care to describe how you're yet ANOTHER IP address that has jumped into this article as their very first edit?? In fact, there haven't been any edits from your entire /20 CIDR block⬀ in 6 months! What other IP addresses have you been using to constantly edit and violate WP revert rules on this article? ▮▮▮▮▮▮k) 08:28, 25 June 2024 (UTC)  [ reply ]

## Sockpuppet IPs "contributing" to this article   [ edit ]

This edit⬀ was posted on my talk page relating to this article *from an IPv6 address that has never contributed to this article* (nor its parent /64⬀). It is unclear what this indicates, but someone is definitely using multiple IP addresses at the same time while editing this article. 7▮▮▮▮▮k) 07:36, 25 June 2024 (UTC)  [ reply ]

## BLPN   [ edit ]

Due to this BLPN discussion,[2]⬀ I intend to clean up this article, mostly by removing the massive reliance of prohibited assertions based on WP:BLPPRIMARY citations. This article should be based on what secondary reliable sources have discussed about her. And no...[3]⬀ a court reporter (re)publishing an opinion as is does not make the opinion a secondary source for the purposes of BLPPRIMARY. Morbidthoughts (talk) 19:36, 25 June 2024 (UTC)  [ reply ]

Dates: June 25 2024

Source:

https://en.wikipedia.org/w/index.php?title=Talk:Ashley_Gj%C3%B8vik&oldid=1233234698

**Ashley Gjøvik**

- Ashley Gjøvik ( edit | talk | history | links | watch | logs )

**Reason:** Edit warring, mostly IP editors, viral twitter thread, subject of article recruiting editors, etc
2600:8801:2994:4900:2152:83C8:74DE:959D (talk) 08:22, 25 June 2024 (UTC) [ reply ]

> Hilarious. One of dozens of sockpuppet IPs with this article as their very first edit whining about edits on this article ▇▇▇▇▇▇
> (talk) 08:29, 25 June 2024 (UTC) [ reply ]
>
> Why do you keep editing, Mr. 2600:8801:2994:4900:2152:83C8:74DE:959D (what a fine account name!), from an IP, then?
> Especially from a new and different IP on a new and different network run by a new and different ISP with every edit! (which is
> precisely not how I'm editing, all of my edits to that article are from the same IP, and every edit I've made to WP in the past 20
> months or so is from the same CIDR /21 block) 76.6.213.65 (talk) 09:39, 25 June 2024 (UTC) [ reply ]
>
> ⊕ **Semi-protected** for a period of **6 months**, after which the page will be automatically unprotected ▇▇▇▇▇ (talk) 10:24, 25
> June 2024 (UTC) [ reply ]

Source:
https://en.wikipedia.org/wiki/Wikipedia:Requests_for_page_protection/Archive/2024/06#A
shley_Gj%C3%B8vik

> ## Please stop hounding and misusing talk pages  [ edit ]
>
> WP:HOUNDING is a form of harassment and following IP users you believe to have a shared purpose or to be one person or not to
> cast WP:ASPERSIONS is harassment with personal attacks. Please read WP:IPHUMAN and reconsider your conduct. It's not
> constructive. Thank you! If you wish to edit an article, then do so and talk about the content on the talk pages. It's not a forum for your
> musings about IP editors. 2600:8801:3983:E800:E443:7D09:DFB4:DCD8 (talk) 05:48, 25 June 2024 (UTC) [ reply ]
>
> > IP editors are human too, yes. I'm an IP editor too and I'm not in fact a bot! But it's easier to talk to us as human beings when we
> > don't use a new IP address from a new provider and presumably through some new proxy, for every edit. Is there a reason you're
> > doing that?? ▇▇▇▇▇ (talk) 10:06, 25 June 2024 (UTC) [ reply ]
> >
> > thank you for taking the time to instruct regarding what you feel to be correct editing.
> >
> > in this particular instance, you're incorrect, but i appreciate the strident and baffling attempt at article ownership, as the campaign
> > to create a preferred version of this article was instructive.
> >
> > I'll go back and check the multiple tendentious edits, and see where your specific ip range fit into the mess.
> >
> > thanks again for the gentle correction ▇▇▇▇▇th (talk) 14:33, 25 June 2024 (UTC) [ reply ]

## IP hopper on that Gjøvik article  [ edit ]

I've reported the IP hopper here, in case you didn't see my reply to you on one of the umpteen hopped-IP pages.

signed, a non-hopping IP editor ▇▇▇▇▇ alk) 10:08, 25 June 2024 (UTC) [ reply ]

Source:
https://en.wikipedia.org/w/index.php?title=User_talk:▇▇▇▇▇▇▇▇&old
id=1230903026

## Single-edit IPs vandalizing Ashley Gjøvik page [ edit ]

Either someone must have put out the bat signal on one of Apple fanboy sites, or someone is using a ton of proxies to edit, because this page is getting an enormous amount of attention from people trying to cast this person in the worst possible light and Apple in the best, mostly by selectively removing information and revert-warring any attempts to clarify the situation.

All of these IP addresses make 1 or 2 edits, then move on, and it isn't just CGNAT or some such because they are all over different carriers. In most cases there are very few/none at all recent edits from a considerable IP block around that IP (I'm using /20 for IPv4 and /48 for IPv6):

208.114.45.83 (talk · contribs · deleted contribs · filter log · WHOIS · RDNS · RBLs · http · block user · block log) This edit⧉ in which they claim that "the sources say" without actually having read them, as later edits elucidate. No edits in 3 months from the entire /20⧉ either.

2600:8801:2994:4900:2152:83C8:74DE:959D (talk · contribs · (/64) · deleted contribs · filter log · WHOIS · RBLs · http · block user · block log) This blanking edit⧉, just pure vandalism with a false edit summary (the sources aren't in the lede, and none of the sources relevant to *that particular edit* were from AppleInsider, which suggests maybe I hit the nail on the head on the talk page in indicating some of the spam traffic is coming from a fanboy site like that). No edits in 2 YEARS from the parent /48⧉.

2600:8801:1201:7200:F591:D785:87AF:8613 (talk · contribs · (/64) · deleted contribs · filter log · WHOIS · RBLs · http · block user · block log) This "warning"⧉ added to my talk page by an IP that has never, ever made an edit before. Only 5 edits from the entire /48⧉ in the past 2 YEARS.

66.146.183.70 (talk · contribs · deleted contribs · filter log · WHOIS · RDNS · RBLs · http · block user · block log) This reply⧉ on the article's talk page as if they were already involved in this article, yet the entire /20 shows no edits⧉ at all in the past 6 MONTHS.

I could go on but I think what's going on is obvious: either a mob being told to edit (and not by friends of Ms. Gjøvik, either), or someone very aggressively editing using proxies and throwaway IP addresses to evade WP:3R [████████] (talk) 09:03, 25 June 2024 (UTC) [ reply ]

> (Yes, I know the obvious solution here is to semi-protect the page, and I'm okay with that. I'll create an account... eventually, lol. Just please revert any further of these low-effort edits from single-edit IPs before you do this, as the page is actually in a pretty good state right now after some back-and-forth.) T[████████]k) 09:12, 25 June 2024 (UTC) [ reply ]
>
> Okay, I'm now more convinced this is intentional abuse (or else in the very unlikely event it's not, it has to be someone with some kind of mental illness; dissociative identity?). They posted on another editor's talk page, here acting like that editor was "casting aspersions" for making claims of this IP-hopper "to be one person or not".
>
> They seem to specifically be claiming the beyond-implausible possibility that each of these new IPs could be a different person making an all-new edit to this one **specific** article, despite **none** of the IPs involved in this hopping pattern having **ever** made a single edit to WP before. This is obviously either one person intentionally hopping proxies, or a mob of editors coordinating offsite, but now I can discount the possibility that they somehow (let's not know that their connection is being routed to multiple IPs across different ISPs.[████████] talk) 10:16, 25 June 2024 (UTC) [ reply ]
>
> > I was kind of between the devil and the deep blue sea here, as you valiantly undid all the edits...but in the end I have semi-protected after all. The page sees spurts of disiruption, and had been proteted for a year already. Time to create an account, 76.6. :)[████████] 10:22, 25 June 2024 (UTC) [ reply ]
> >
> > > Thank you. [████████]k) 11:08, 25 June 2024 (UTC) [ reply ]

Source:
https://en.wikipedia.org/w/index.php?title=Wikipedia:Administrators%27_noticeboard/Incid
ents&oldid=1230909597#Single-edit_IPs_vandalizing_Ashley_Gj%C3%B8vik_page

I was kind of between the devil and the deep blue sea here, as you valiantly undid all the edits...but in the end I have semi-protected after all. The page sees spurts of disruption, and had been proteted for a year already. Time to create an account, 76.6. : [redacted] k) 10:22, 25 June 2024 (UTC) [ reply ]

Thank you. [redacted] alk) 11:08, 25 June 2024 (UTC) [ reply ]

As one of the editors involved yesterday with editing this article, there was no vandalism occurring. And while I did come from a link to the article in a particular forum, no one was encouraged to edit it at all or in any particular way. I disagree with the characterization of the edits as none of them look like vandalism, but minor content disputes.

They reported the person who requested page protections and reported them for "vandalism with a false edit summary"— but the sources about "Aria" and her RICO lawsuit are primary sources and the two AppleInsider articles (https://appleinsider.com/articles/24/06/24/whistleblower-claims-to-have-nearly-died-because-of-illegal-chemical-exposure-from-apple ⤢)(https://appleinsider.com/articles/23/09/09/ex-apple-employee-files-rico-lawsuit-over-whistleblower-retaliation ⤢). BasketOfDucklings (talk) 13:56, 25 June 2024 (UTC) [ reply ]

> I'm quite curious @BasketOfDucklings: were you or do you think other editors of Ashley's article were aware of our policies on neutral point of view and edit warring and how your edits might have violated them, and if yes, do you think you or the other editors intentionally made those edits anyway? Regards, [redacted]. (Contact me | Contributions). 22:12, 26 June 2024 (UTC) [ reply ]

>> I did not override any edits so I don't think I was edit warring. Someone else said my edits made the article overly congratulatory using her resume, but it was already in the article. I don't even know which rules I violated or how adding biography information made it not neutral. BasketOfDucklings (talk) 04:49, 27 June 2024 (UTC) [ reply ]

How cute, this Basket Of Ducklings account appears to be brand new. Hmmmm [redacted] (talk) 06:58, 26 June 2024 (UTC) [ reply ]

And the IP-hopper is back, this time editing pages where disputes relating to the Gjøvik article are being mediated, here ⤢. Again no edits in over 6 months from the entire /20.

I would suggest this might be a previous abuser evading a ban, maybe this one ⤢ [redacted] (talk) 07:10, 26 June 2024 (UTC) [ reply ]

Source:
https://en.wikipedia.org/w/index.php?title=Wikipedia:Administrators%27_noticeboard/Incidents&oldid=1232289448#Single-edit_IPs_vandalizing_Ashley_Gj%C3%B8vik_page





**Daniel** ✔
@growing_daniel

3,486 Following    115.7K Followers