1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

11
   Attorneys for Defendant
12 Apple Inc.

13                    UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17
   ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC
18
                  Plaintiff,               **DEFENDANT APPLE INC.'S REPLY
19                                         IN SUPPORT OF MOTION TO
          v.                               DISMISS PORTIONS OF PLAINTIFF'S
20                                         FOURTH AMENDED COMPLAINT**
   APPLE INC.,
21                                         Dept:      Courtroom 5, 17th Floor
                  Defendant.               Judge:     Honorable Edward M. Chen
22                                         Date:      August 22, 2024
                                           Time:      1:30 p.m.
23

24

25

26

27

28

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:     +1 310 633 2800
Facsimile:     +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
Apple Inc.

4148-0750-1906.10

I.      INTRODUCTION ................................................................................................ 1

II.     PLAINTIFF'S OPPOSITION DOES NOT UNDERCUT APPLE'S MOTION................ 1

        A.      THE COURT MAY CONSIDER ARGUMENTS NOT RAISED IN A
                PRIOR 12(B)(6) MOTION. ...................................................................... 1

        B.      AMENDMENTS NOT PERMITTED BY THE MAY 20 ORDER
                SHOULD BE DISMISSED. ....................................................................... 2

        C.      SUPPLEMENTAL SUBMISSIONS OUTSIDE OF THE OPPOSITION
                BRIEF ARE IMPROPER. .......................................................................... 3

        D.      ALL CLAIMS UNTETHERED TO PLAINTIFF'S EMPLOYMENT
                SHOULD BE DISMISSED. ....................................................................... 4

                1.      NINTH CLAIM: THE UCL CLAIM IS TIME BARRED,
                        PLAINTIFF HAS ABANDONED ANY CLAIM FOR
                        RESTITUTION, AND PLAINTIFF LACKS STATUTORY
                        STANDING TO PURSUE INJUNCTIVE RELIEF................................... 4

                2.      PLAINTIFFS' MULTIPLE IIED CLAIMS SHOULD BE
                        DISMISSED........................................................................... 5

                        A.      TENTH CLAIM: MUCH OF THE ALLEGED CONDUCT
                                IS NOT OUTRAGEOUS; THE REMAINING ALLEGED
                                CONDUCT DOES NOT SATISFY RULE 8 AND/OR
                                WAS DEEMED INADEQUATE IN THE MAY 20
                                ORDER. ..................................................................... 5

                        B.      THIRTEENTH CLAIM: THE IIED CLAIM BASED ON A
                                FEAR OF CANCER IS TIME BARRED, AND WOULD
                                FAIL IN ANY EVENT BECAUSE PLAINTIFF DOES
                                NOT ALLEGE CONDUCT UNDERTAKEN WITH THE
                                REQUISITE INTENT..................................................... 7

                3.      ELEVENTH CLAIM: THE NUISANCE CLAIM IS TIME
                        BARRED. ............................................................................. 8

                4.      TWELFTH CLAIM: THE ULTRAHAZARDOUS CLAIM IS
                        TIME BARRED AND FAILS TO ALLEGE ANY
                        ULTRAHAZARDOUS ACTIVITY AS A MATTER OF LAW. ............ 10

        E.      CERTAIN EMPLOYMENT-RELATED CLAIMS SHOULD BE
                DISMISSED AS WELL. .......................................................................... 11

                1.      SECOND CLAIM: PLAINTIFF'S SECTION 1102.5 CLAIM
                        SHOULD BE DISMISSED BECAUSE IT DOES NOT PROVIDE
                        FAIR NOTICE, AND TO THE EXTENT IT SEEKS TIME
                        BARRED CIVIL PENALTIES.................................................... 11

                2.      FOURTH CLAIM: PLAINTIFF'S HSITA CLAIM SHOULD BE
                        DISMISSED BECAUSE SHE DOES NOT ALLEGE
                        PROTECTED ACTIVITY UNDER HSITA. ................................. 12

                3.      FIFTH CLAIM: PLAINTIFF'S CAL. LAB. CODE § 98.6 CLAIM
                        IS TIME BARRED TO THE EXTENT IT SEEKS CIVIL
                        PENALTIES. .......................................................................... 13

                4.      SIXTH CLAIM: PLAINTIFF'S CAL. LAB. CODE §§ 232.5,
                        1101, AND 1102 CLAIMS SHOULD BE DISMISSED IN PART. ........ 13

5.      SEVENTH CLAIM: PLAINTIFF'S 96(K) CLAIM SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION.................................................................................................. 14

6.      EIGHTH CLAIM: THE BREACH OF IMPLIED COVENANT CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT OPPOSE IT.......................................................................................... 14

III.    CONCLUSION ........................................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*In re Apple iPhone Antitrust Litig.*,
5
    846 F.3d 313 (9th Cir. 2017)................................................................ 1, 2

6

*Barbee v. Household Auto. Fin. Corp.*,
7
    113 Cal. App. 4th 525 (2003) ................................................................ 14

8

*Benton v. Baker Hughes*,
    No. CV 12–07735 MMM (MRWx), 2013 WL 3353636 (C. D. Cal. June 30,
9
    2013) .................................................................................................... 3

10

*Bernson v. Browning-Ferris*,
    7 Cal.4th 926 (1994) ............................................................................ 7, 9
11

12

*Birdsong v. Apple, Inc.*,
    590 F.3d 955 (9th Cir. 2009)................................................................ 5

13

*Brandon v. Rite Aid Corp.*,
14
    408 F. Supp. 2d 964 (E.D. Cal. 2006)................................................. 6

15

*Cahen v. Toyota Motor Corp.*,
    147 F. Supp. 3d 955 (N.D. Cal. 2015) ................................................. 5

16

*Camsi IV v. Hunter Tech. Corp.*,
17
    230 Cal. App. 3d 1525 (1991), *reh'g denied and opinion modified* (July 2,
    1991) .................................................................................................... 12
18

19

*Christensen v. Sup. Ct.*,
    54 Cal.3d 868 (1991) ............................................................................ 8

20

*Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*,
21
    No. 21CV871 JM (JLB), 2022 WL 80265 (S.D. Cal. Jan. 7, 2022) ....................... 11

22

*Coppola v. Smith*,
    19 F. Supp. 3d 960 (E.D. Cal. 2014).................................................... 3
23

24

*Cruz v. Specialized Loan Servicing, LLC*,
    No. SACV 22-01610-CJC (JDEx), 2022 WL 18228277 (C.D. Cal. Oct. 14,
25
    2022) .................................................................................................... 4

26

*Delfino v. Agilent Techs., Inc.*,
    145 Cal. App. 4th 790 (2006)................................................................ 5

27

*Doe One v. CVS Pharmacy, Inc*.,
28
    No. 18-CV-01031-EMC, 2022 WL 3139516 (N.D. Cal. Aug. 5, 2022)................... 2

*Dutton v. Rocky Mountain Phosphates*,
  151 Mont. 54 (1968) ................................................................................................ 10

*Edwards v. Post Transportation Co.*,
  228 Cal. App. 3d 980 (1991) .................................................................................... 10

*In re Facebook Privacy Litigation*,
  791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) .................. 5

*In re Ford*,
  483 F. Supp. 3d 838 (C.D. Cal. 2020) ................................................................. *passim*

*In re Google Assistant Privacy Litigation*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) ........................................................................ 5

*Gotreaux v. Gary*,
  232 La. 373 (1957) .................................................................................................. 10

*Hobart v. Sohio Petroleum Co.*,
  255 F. Supp. 972 (N.D. Miss. 1966), *aff'd*, 376 F.2d 1011 (5th Cir. 1967) ........................... 11

*Intel Corp. v. Hamidi*,
  30 Cal.4th 1342 (2003) ......................................................................................... 5-6

*James v. PC Matic, Inc.*,
  No. CV 23-1506-MWF (KSX), 2023 WL 4291668 (C.D. Cal. May 17, 2023) .................... 11

*Kajiya v. Dep't of Water Supply*,
  2 Haw. App. 221 (1981) ...................................................................................... 10-11

*King v. City & Cnty. of San Francisco*,
  No. 21-CV-02843-AGT, 2022 WL 4629448 (N.D. Cal. Sept. 30, 2022) ................................ 3

*Kiseskey v. Carpenters' Tr. for So. Cal.*,
  144 Cal. App. 3d 222 (1983) ..................................................................................... 5

*Lee v. City of Redwood City*,
  No. C 06-3340 SBA, 2006 WL 2067074 (N.D. Cal. July 25, 2006) .................................... 1

*Livitsanos v. Superior Court*,
  2 Cal.4th 744 (1992) ............................................................................................... 6

*Lopez v. Apple, Inc.*,
  519 F. Supp. 3d 672 (N.D. Cal. 2021) ......................................................................... 5

*MGA Ent., Inc. v. Mattel, Inc.*,
  41 Cal. App. 5th 554 (2019) ...................................................................................... 7

*Nguyen v. JP Morgan Chase Bank*,
  No. SACV 11-01908 DOC, 2012 WL 294936 (C.D. Cal. Feb. 1, 2012) .............................. 14

*Norgart v. Upjohn Co.*,
  21 Cal.4th 383 (1999) ........................................................................................... 9

*Perez v. Costco Wholesale Corp.*,
  No. 13CV1687-LAB BGS, 2015 WL 1034141 (S.D. Cal. Mar. 10, 2015) ........................... 13

*Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co. of Am.*,
  No. CV135039JFWMRWX, 2013 WL 12147583 (C.D. Cal. Sept. 10, 2013) ....................... 8

*Potter v. Firestone Tire & Rubber Co.*,
  6 Cal.4th 965 (1993) ........................................................................................... 8

*Rulon-Miller v. Int'l Bus. Machines Corp.*,
  162 Cal. App. 3d 241 (1984) ................................................................................. 5

*Serv. Women's Action Network v. Mattis*,
  352 F. Supp. 3d 977 (N.D. Cal. 2018) ..................................................................... 2

*Tilkey v. Allstate Ins. Co.*,
  56 Cal. App. 5th 521 (2020) ................................................................................. 6

*W. Digital Techs., Inc. v. Viasat, Inc.*,
  No. 22-CV-04376-HSG, 2023 WL 7739816 (N.D. Cal. Nov. 15, 2023) ............................. 2

*Warrick v. Birdsell*,
  278 B.R. 182 (9th Cir. Bankr. 2002) ....................................................................... 1

*Young v. Darter*,
  363 P.2d 829 (Okla. 1961) .................................................................................. 10

**Statutes**

Cal. Civ. Proc. Code § 340(a) ............................................................................... 12

Cal. Lab. Code § 96(k) ....................................................................................... 14

Cal. Lab. Code § 98.6 ................................................................................... 13, 14

Cal. Lab. Code § 232.5 ....................................................................................... 13

Cal. Lab. Code § 1101 ........................................................................................ 13

Cal. Lab. Code § 1102 ........................................................................................ 13

Cal. Lab. Code § 6399.7 ...................................................................................... 12

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................ 2, 5, 14

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

Fed. R. Civ. P. 12(c) ............................................................................................................... 1

Fed. R. Civ. P. 12(g) ............................................................................................................... 2

Fed. R. Civ. P. 12(h)(2) .......................................................................................................... 2

Fed. R. Civ. P. 15(a)(2) .......................................................................................................... 2

Fed. R. Evid. 201(b) ............................................................................................................... 4

## I.     **INTRODUCTION**

Apple moved to dismiss portions of Plaintiff's Fourth Amended Complaint ("4AC"), including the claims that are untethered to Plaintiff's employment (the majority of which are plainly time barred), certain employment-related claims that do not satisfy the pleading requirements, and amendments not authorized by the Court's May 20 Order. Plaintiff's untimely[1] Opposition does not even attempt to address most of the arguments in Apple's Motion, effectively conceding that dismissal is appropriate as to many of her claims. The Motion should be granted in its entirety and dismissal should be with prejudice, as Plaintiff has already had ample opportunity to amend the complaint and any further amendments would be futile.

## II.    **PLAINTIFF'S OPPOSITION DOES NOT UNDERCUT APPLE'S MOTION.**

### A.     **The Court May Consider Arguments Not Raised in a Prior 12(b)(6) Motion.**

As anticipated (*see* Dkt. 78 ("Mot.") at 15 n.11), Plaintiff complains that Apple's motion to dismiss is improper because it includes arguments she contends "were available and omitted from [Apple's] earlier Rule 12 motions" and suggests that Apple has "dilatory or otherwise improper motives[.]" Dkt. 84 ("Opp.") at 3-5. Both points are wrong.

First, in her Opposition, Plaintiff relies on outdated case law and fails to address recent Ninth Circuit authority—*In re Apple iPhone Antitrust Litig.*, 846 F.3d 313 (9th Cir. 2017)—where the Court held a district court may exercise its discretion to consider new arguments in subsequent Rule 12(b)(6) motions. *Id.* at 319 (cited in Mot. at 15 n.11). Nor did Plaintiff address case law from this Court and this district, both of which have considered potentially dispositive arguments in a Rule 12(b)(6) motion in light of *In re Apple* and/or to avoid the "form over substance" act of requiring a defendant to file a subsequent Rule 12(c) motion on the same grounds (as is expressly

---

[1] Plaintiff's Opposition was due on July 29, 2024, but she did not file it until July 31, 2024. "[A]lthough she is proceeding pro se, [a plaintiff] is nevertheless obligated to follow the same rules as represented parties." *Lee v. City of Redwood City*, No. C 06-3340 SBA, 2006 WL 2067074, at *3 (N.D. Cal. July 25, 2006) (where plaintiff filed opposition to motion to dismiss two days late, the court instructed that "failure to comply with its orders or the rules may result in dismissal with prejudice"); *see also Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. Bankr. 2002) (pro se litigant not excused from requirement to understand and follow bankruptcy court rules, particularly in light of fact that she held law degree and also ran paralegal firm). Plaintiff's failure to timely file cut short Apple's time for reply without justification.

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC

permitted by Rule 12(g), which incorporates Rule 12(h)(2)). *See Doe One v. CVS Pharmacy, Inc.*, No. 18-CV-01031-EMC, 2022 WL 3139516, at *6 (N.D. Cal. Aug. 5, 2022) (cited in Mot. at 15 n.11); *W. Digital Techs., Inc. v. Viasat, Inc.*, No. 22-CV-04376-HSG, 2023 WL 7739816, at *2 (N.D. Cal. Nov. 15, 2023) (cited in Mot. at 15 n.11); *see also Serv. Women's Action Network v. Mattis*, 352 F. Supp. 3d 977, 987 n.2 (N.D. Cal. 2018).

Second, Apple's sole purpose in filing a successive motion to dismiss is to "expedite the case" and "narrow the issues involved." *In re Apple iPhone Antitrust Litig.*, 846 F.3d at 319 (quoting *Doe v. White*, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010)). Prior motions by Apple granted by this Court in part served to streamline the case and eliminate many improper and implausible claims; the instant motion focuses on yet further claims in the now-operative complaint that are not cognizable. If the Court grants Apple's motion to dismiss, the only claims remaining will be those premised on purported retaliation and directly tethered to her employment with Apple, which will significantly narrow the issues and scope of discovery as the case proceeds in litigation.

### B.   Amendments Not Permitted by the May 20 Order Should Be Dismissed.

Plaintiff offers a puzzling response to the point that the 4AC contains new allegations and claims not authorized by the May 20 Order. She first asserts that "these claims have been in every single one of Plaintiff's complaints" (Opp. at 2), but then admits that certain claims were alleged for the very first time in the 4AC. *See id.* at 14 ("It does appear to be true that Plaintiff may not have mentioned the Palestine activism in prior versions of her complaint…."). The issue, however, is not whether the new allegations and claims had been previously alleged in some paragraph or footnote of Plaintiff's prior complaints (including the one this Court dismissed *sua sponte* for violating Rule 8). The issue is whether Plaintiff had leave to amend in the Court's May 20 Order to allege the new allegations and claims she seeks to assert. At this stage, Plaintiff "may amend [her] pleading only with [Apple's] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Several of Plaintiff's amendments violate this rule. *See* Mot. at 5-6.

Of particular concern is Plaintiff's effort to recycle claims the Court dismissed in its May 20 Order. For example, Plaintiff previously alleged as part of her SOX claim that she complained

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

about smuggling. *See* TAC ¶¶167-69. After the Court dismissed the SOX claim with prejudice, Plaintiff re-packaged the allegations about smuggling into her Section 1102.5 claim. *See* 4AC ¶168. But the Court did not grant Plaintiff leave to do so. Rather, the Court granted Plaintiff leave to amend her Section 1102.5 claim to (1) "provide information about to whom she complained about the Gobbler application" and (2) "includ[e] the specific provisions [of environmental and safety laws.]" Dkt. 73 at 36. Similarly, Plaintiff acknowledges that she re-purposed allegations from her abandoned Bane Act and Ralph Act claims for her new Section 1101 and 1102 claims. *See* Opp at 14. All of Plaintiff's unauthorized amendments—and particularly those attempting to resurrect and rebrand dismissed claims—should be dismissed, consistent with the authorities from Apple's motion that Plaintiff made no effort to distinguish. *See King v. City & Cnty. of San Francisco*, No. 21-CV-02843-AGT, 2022 WL 4629448, at *2 (N.D. Cal. Sept. 30, 2022) (cited in Mot. at 6); *Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014) (cited in Mot. at 5); *Benton v. Baker Hughes*, No. CV 12–07735 MMM (MRWx), 2013 WL 3353636, at *2-*3 (C. D. Cal. June 30, 2013) (cited in Mot. at 5).

### C.        Supplemental Submissions Outside of the Opposition Brief Are Improper.

On July 31, 2024, Plaintiff also filed a Declaration in Support of her Opposition to Apple's Motion attaching 92 pages of exhibits (the "Declaration") and another Request for Judicial Notice, attaching more than 100 pages of exhibits (the "RJN"). The Court should consider neither.

The Declaration should not be considered, just as the Court declined to consider Plaintiff's Declaration in Support of her Opposition to Apple's Motion to Dismiss her Third Amended Complaint. *See* Dkt. 73 at 10 n. 2 ("On a motion to dismiss, a court generally limits its review to the four corners of the complaint."). The same result should obtain here, particularly given that the Court has ordered Plaintiff to confine her allegations to specified page limits and should not be permitted an end-run around those restrictions through supplemental filings.

Regarding the RJN, whatever the reason motivating Plaintiff's filing of these documents, they are not relevant to any arguments in Apple's motion to dismiss. Indeed, Plaintiff references them only sporadically and obliquely in her Opposition, and without explaining how they would address Apple arguments predicated on (for example) her failure to timely file any legal claims

1  relating to her alleged exposures in 2020. And in any event, the documents *writ large* are not

2  judicially noticeable. "The court may judicially notice a ***fact*** that is not subject to reasonable

3  dispute." Fed. R. Evid. 201(b) (emphasis added). Instead of asking the Court to judicially notice

4  facts, however, Plaintiff has bombarded the Court with a pile of documents without identifying

5  which "facts" from those documents she requests to be noticed and why she requests notice of

6  them. This alone is grounds for denying her request. *See Cruz v. Specialized Loan Servicing, LLC*,

7  No. SACV 22-01610-CJC (JDEx), 2022 WL 18228277, at *2 (C.D. Cal. Oct. 14, 2022) ("[C]ourts

8  do not take judicial notice of documents, they take judicial notice of facts."). Plaintiff also fails to

9  explain why any "facts" drawn from these documents—the vast majority of which were created

10 long before she filed the operative complaint—were not previously pled. The Court should

11 disregard the RJN as an improper attempt to circumvent the page limits the Court has imposed.

**D.**  **All Claims Untethered to Plaintiff's Employment Should Be Dismissed.**

**1.**  **Ninth Claim: The UCL Claim Is Time Barred, Plaintiff Has Abandoned Any Claim for Restitution, and Plaintiff Lacks Statutory Standing to Pursue Injunctive Relief.**

15 Plaintiff does not oppose Apple's argument that her UCL claim is time barred because it

16 is based on conduct from August 2017, nearly seven years before she brought this claim. *Compare*

17 Mot. at 8-9 *with* Opp. at 18. Because Plaintiff does not contest this point, she concedes it, and her

18 claim should be dismissed with prejudice. *See In re Ford*, 483 F. Supp. 3d 838, 846 (C.D. Cal.

19 2020) (where plaintiff "does not respond to [an] argument," she "concedes the point").

20 Her claim should be dismissed for additional reasons as well. The Opposition makes clear

21 that Plaintiff has abandoned any UCL claim seeking restitution. *See* Opp. at 18. Thus, her UCL

22 claim seeking restitution should be dismissed with prejudice.

23 As for her UCL claim seeking injunctive relief, Plaintiff does not contest the premise that

24 to pursue injunctive relief under the UCL, she must have statutory standing, which requires that

25 she establish that she has "lost money or property as a result of" the alleged unfair competition.

26 *Compare* Mot. at 7-8 *with* Opp. at 18. Plaintiff does not counter Apple's argument that her

27 rideshare costs fail to establish standing. *Compare* Mot. at 8 *with* Opp. at 18. Nor does she point

28 to any allegation in the 4AC that she has "lost money or property as a result of" any alleged unfair

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

competition by Apple. *See* Opp. at 18. Because Plaintiff does not contest these points, she concedes them. *See In re Ford*, 483 F. Supp. 3d at 846. She thus effectively concedes a lack of statutory standing, which is fatal to her UCL claim. Plaintiff appears to cite *In re Facebook Privacy Litigation*, 791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014), in an effort to argue that she has Article III standing to seek injunctive relief. *See* Opp. at 18. Even if Plaintiff had ***Article III standing***, however, that would not excuse her from demonstrating ***statutory standing***, which she has failed to do (and effectively concedes).

The other cases cited by Plaintiff do not help her either. Plaintiff cites *In re Google Assistant Privacy Litigation,* 457 F. Supp. 3d 797 (N.D. Cal. 2020) for its discussion of a Federal Wiretap Act claim. *See* Opp. at 18. And a trio of other cases cited by Plaintiff—*Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009), *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 966-73 (N.D. Cal. 2015), and *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 692 (N.D. Cal. 2021)—actually support Apple's argument, because the UCL claims were dismissed due to lack of standing. The Court here should reach the same outcome.

### 2.   Plaintiffs' Multiple IIED Claims Should Be Dismissed.

#### a.   Tenth Claim: Much of the Alleged Conduct Is Not Outrageous; the Remaining Alleged Conduct Does Not Satisfy Rule 8 and/or Was Deemed Inadequate in the May 20 Order.

Plaintiff does not try to dispute that much of the conduct alleged in the 4AC—such as social media posts allegedly by Apple employees stating that "Gjovik's complaints were bogus, that [she] was a liar and bad actor, and that [she] deserved the harm Apple was causing her"—does not constitute outrageous conduct under the law. *Compare* Mot. at 11 *with* Opp. at 19-21. By not opposing, Plaintiff concedes it is not outrageous. *In re Ford*, 483 F. Supp. 3d at 846. Plaintiff also does not address Apple's argument that allegations about other conduct in the 4AC do not satisfy Rule 8. *Compare* Mot. at 11-12 *with* Opp. at 19-21. Again, she concedes the point.

Instead of addressing Apple's arguments, Plaintiff cites a series of cases involving outrageous conduct worlds apart from that alleged in the 4AC. For example, she cites cases involving threats of physical harm. *See Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 809 (2006)); *Kiseskey v. Carpenters' Tr. for So. Cal.*, 144 Cal. App. 3d 222, 229 (1983) (cited by *Intel*

1  *Corp. v. Hamidi*, 30 Cal.4th 1342, 1347 (2003)). She also cites *Rulon-Miller v. Int'l Bus. Machines*

2  *Corp.*, 162 Cal. App. 3d 241, 255 (1984), in which the plaintiff was fired after she refused to end

3  a romantic relationship that her supervisor disapproved of. No such conduct is alleged in the 4AC,

4  nor does Plaintiff argue otherwise.[2]

5        Plaintiff appears to acknowledge this claim is deficiently pled but insists she could state a

6  claim "[i]f given 20-30 additional pages." Opp. at 20. But this Court already provided Plaintiff

7  with ample guidance when it dismissed the prior iteration of her IIED claim, and Plaintiff failed

8  to follow that guidance. The Court found Plaintiff's IIED claim was "confusing," explaining that

9  Plaintiff "start[ed] out with a prefatory allegation that Apple 'bugged [her] objects and home, sent

10  her possessions to her in a box with broken glass and threatened it could contain a severed head,

11  … repeatedly threatened to 'ruin' and 'destroy' her, and even sent her emails pretending to be

12  government employees threatening her to stop speaking about Apple's chemical leaks'" but "[did]

13  not seem to predicate her IIED claim on those allegations[.]" Dkt. 73 at 42 (quoting TAC ¶238).

14  Despite this guidance, Plaintiff did not make those allegations any less confusing; rather, she

15  repeated them ***verbatim***. *Compare* TAC ¶238 *with* 4AC ¶218. Moreover, in its May 20 Order, the

16  Court suggested an IIED claim premised on the conduct of Cher Scarlett would require, *e.g.*,

17  "concrete allegations indicating that, post-employment, Ms. Scarlett was part of some kind of

18  conspiracy with Apple." Dkt. 73 at 43-44. But in her 4AC Plaintiff repeated the same allegations

19  about Ms. Scarlett ***without alleging any additional facts*** on this point. *Compare* TAC ¶¶137, 247

20  (previously "Joanna Appleseed") *with* 4AC ¶212 (now "J.A."); *see also* Mot. at 12. In light of her

21  failure to heed the Court's guidance, Plaintiff should not be afforded an opportunity to amend, and

22  this claim should be dismissed with prejudice.

23

24  _____

[2] Moreover, Plaintiff misstates the holding in *Livitsanos v. Superior Court*, 2 Cal.4th 744 (1992)
25  (misnamed "*Continental Culture Specialists, Inc.*"). *See* Opp. at 20. There, the California Supreme
Court remanded to consider whether the conduct exceeded the normal risks of the employment
26  relationship. *Livitsanos*, 2 Cal.4th at 756. But Plaintiff does not attempt to base her IIED claim on
any conduct occurring while she was employed at Apple (nor could she, given worker's
27  compensation exclusivity). Two other cases cited by Plaintiff—*Brandon v. Rite Aid Corp.*, 408 F.
Supp. 2d 964 (E.D. Cal. 2006) and *Tilkey v. Allstate Ins. Co.*, 56 Cal. App. 5th 521 (2020)—do not
28  even involve an IIED claim. Opp. at 19-20.

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

**b.   Thirteenth Claim: The IIED Claim Based on a Fear of Cancer Is Time Barred, and Would Fail in Any Event Because Plaintiff Does Not Allege Conduct Undertaken with the Requisite Intent.**

While Plaintiff's Opposition suggests that this claim (and other claims subject to dismissal) were already "approved to move forward" (*see* Opp. at 19, 22), this Court can and should evaluate the allegations in the operative 4AC against applicable law and pleading standards and dismiss them where, as here, Plaintiff has not stated a viable claim.

Plaintiff does not dispute that a two-year statute of limitations governs her IIED claims, including her Thirteenth Claim premised on her purported fear of developing cancer while she lived in an apartment in 2020. *Compare* Mot. at 12-13 *with* Opp. at 21-22. Further, Plaintiff does not challenge that the statute of limitations began to run in September 2020 when she suspected that her alleged illness was caused by exposure to purportedly carcinogenic chemicals. *See id.*

Plaintiff's only argument is that the delayed discovery rule applies to save her otherwise time barred claim. *See* Opp. at 21-22. Plaintiff, however, does not meaningfully address Apple's argument that the discovery rule does not apply, stating in one vague and conclusory sentence only that the "[d]iscovery rule is easy to provide as even the government tried to investigate where the emissions were coming from, and they could not figure it out." *Id.* at 21.[3] Plaintiff also appears to suggest that Apple committed "fraud" to "conceal[] a cause of action," but Plaintiff points to no allegations in the 4AC to support this theory. *Id.* at 21-22. As such, the discovery rule does not apply, and this claim is time barred.[4]

Plaintiff's IIED claim premised on her purported fear of cancer fails for the additional reason that she does not allege any of the conduct she claims was directed at her or undertaken with knowledge of her presence. Plaintiff suggests that an IIED claim "does not require intentional or purposeful motive – knowing and reckless is enough[.]" Opp. at 19. However, she does not cite any allegations from her complaint that demonstrate that Apple acted "knowingly and recklessly,"

---

[3] Plaintiff cites one case in support, *MGA Ent., Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554, 565 (2019), but *MGA* does not assist her because there, the court relied on *Bernson v. Browning-Ferris*, 7 Cal.4th 926, 932 (1994), and held the discovery rule ***did not*** toll the limitations period.

[4] Plaintiff also argues that statute of limitations issues cannot be resolved on a motion to dismiss. Plaintiff is incorrect; this Court has already dismissed with prejudice some of Plaintiff's claims due to untimeliness. *See, e.g.,* Dkt. 73 at 29-31 (ultrahazardous claim premised on 825 Stewart).

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

1   and in any event, she misstates the law. "It is not enough that the conduct be intentional and

2   outrageous" in some abstract sense, because it must also be "directed at the plaintiff, or occur in

3   the presence of a plaintiff of whom the defendant is aware." *Christensen v. Sup. Ct.*, 54 Cal.3d

4   868, 903 (1991). Thus, to state an IIED claim, "a plaintiff must allege facts to demonstrate that

5   the defendant 'directed his conduct at, and [was] in conscious disregard of the threat to,' a

6   particular individual." *Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co. of Am.*, No.

7   CV135039JFWMRWX, 2013 WL 12147583, at *4 (C.D. Cal. Sept. 10, 2013) (quoting

8   *Christensen*, 54 Cal.3d at 903). For example, in *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th

9   965 (1993)—cited by both Apple and Plaintiff—the California Supreme Court held that plaintiffs

10  who were exposed to toxic waste deposited adjacent to their homes could not prevail on an IIED

11  claim unless they could demonstrate that defendant's conduct was "directed at plaintiffs or

12  undertaken with knowledge of their presence and consumption of the groundwater, and with

13  knowledge of a substantial certainty that they would suffer severe emotional injury upon discovery

14  of the facts." *Id.* at 974. As Apple argued in its Motion, Plaintiff fails in her 4AC to allege facts to

15  indicate that Apple knew that the 3250 Scott building was allegedly venting chemicals into her

16  apartment; she offers no response to this argument. As such, her claim should be dismissed with

17  prejudice. *See Pestmaster Servs., Inc.*, 2013 WL 12147583, at *4 (dismissing with prejudice IIED

18  claim where plaintiff failed to allege facts showing that conduct was directed primarily at plaintiff,

19  calculated to cause severe emotional distress, or done with substantial certainty that plaintiff

20  would suffer severe emotional injury).

21          **3.    Eleventh Claim: The Nuisance Claim Is Time Barred.**

22          The Parties agree that a two-year limitations period governs civil actions for injury or

23  illness based upon exposure to a hazardous material or toxic substance, and a three-year limitations

24  period governs damage to property. *Compare* Mot. at 15 *with* Opp. at 21. The only dispute is

25  whether the discovery rule applies to save Plaintiff's otherwise time barred nuisance claim, which

26  relates to exposures she alleges she suffered in 2020 and that she attributes to Apple. As discussed

27  *supra* at Section II.D.2.b, however, Plaintiff fails to meaningfully address Apple's argument that

28  the discovery rule does not apply.

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-CV-4597-EMC

**Plaintiff's claim for illness/injury from toxic exposure.** The operative complaint makes clear that by at least March 2021—over two years before she filed the lawsuit on September 7, 2023—"she suspect[ed] … that her injury was caused by wrongdoing." *See* 4AC ¶57 ("On March 26, 2021, the SF Bay View newspaper published an article Gjovik wrote about her chemical exposure experience with the air around [the Scott building]" entitled "I thought I was dying: My apartment was built on toxic waste."). Plaintiff does not contest that her arguments to save her untimely claim hinge on alleging that it was not until February 2023 that she "discovered" Apple's facility at the Scott building, which she alleges caused her injury. Plaintiff, however, does not address Apple's argument in its Motion that she cannot invoke the delayed discovery rule because she has failed to allege facts regarding the manner of the alleged discovery in February 2023, or the inability to have made the discovery earlier.

Nor does Plaintiff address case law Apple cited in its Motion that holds ignorance of the alleged wrongdoer's identity does not toll the limitations period. *See* Mot. at 16-17. As this Court has already held in dismissing certain claims in addressing statute of limitations arguments, "'[a]ggrieved parties generally need not know the exact manner in which their injuries were 'effected, ***nor the identities of all parties who may have played a role therein***'" in order for the statute of limitations to begin to run. Dkt. 73 at 30-31 (quoting *Bernson*, 7 Cal.4th at 932 (emphasis added)). This is because "the general rule in California" is that "ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute." *Bernson*, 7 Cal.4th at 932; *see also Norgart v. Upjohn Co.*, 21 Cal.4th 383, 399 (1999) ("[T]he plaintiff may discover, or have reason to discover, the cause of action even if he does not suspect, or have reason to suspect, the identity of the defendant."). The Opposition does not cite or acknowledge, much less attempt to distinguish, these controlling authorities. Plaintiff's failure to address any of these arguments concedes a dispositive issue, and as such the delayed discovery rule does not apply and her nuisance claim should be dismissed.

**Plaintiff's claim for property damage.** Likewise, Plaintiff failed to address Apple's argument that Plaintiff's apparent claim for damage to property is barred by the three-year limitations period because she did not file a claim for nuisance until October 25, 2023 yet had

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

moved out of her apartment more than three years prior to that. *Compare* Mot. at 15 (citing First Am. Compl. ¶225) *with* Opp. at 21-22. Nor does she address Apple's argument that the allegations concerning this claim lack "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Compare* Mot. at 15 *with* Opp. at 21-22. It is thus uncontested that dismissal of this claim is proper. *In re Ford*, 483 F. Supp. 3d at 846.

### 4.   Twelfth Claim: The Ultrahazardous Claim Is Time Barred and Fails to Allege Any Ultrahazardous Activity as a Matter of Law.

The ultrahazardous claim is time barred for the same reasons as the nuisance claim and should be dismissed. *See* Section II.D.3, *supra*. This claim also fails for the additional reason that Plaintiff does not respond to Apple's arguments that (1) the Court held this claim was viable only to the extent that the identified chemicals "are absolutely prohibited under any circumstance" (*see* Dkt. 73 at 37), but that (2) under the plain language of the statutes Plaintiff identified in the 4AC, the chemicals at issue are ***not*** "absolutely prohibited." *Compare* Mot. at 17-19 *with* Opp. at 22-28. Plaintiff's failure to address any of these arguments concedes the issue, and the claim should be dismissed. *In re Ford*, 483 F. Supp. 3d at 846.

Instead of responding to these arguments, Plaintiff provides the Court with unhelpful background on how various jurisdictions treat landowners' personal use of their property or "inherently dangerous substances" and recites a litany of decades-old out-of-state cases distinguishable from the claims here and that do not apply the current California standard, which recognizes a claim for ultrahazardous activities only where an activity poses a necessary risk of serious harm that "cannot be eliminated by the exercise of the utmost care." *See, e.g.*, *Edwards v. Post Transportation Co.*, 228 Cal. App. 3d 980, 983 (1991) (pumping sulfuric acid into storage tank at waste treatment facility not ultrahazardous activity under California law because the activity "is dangerous only if insufficient care is exercised"); *contrast Gotreaux v. Gary*, 232 La. 373, 378 (1957) (Louisiana; no requirement that the activity is dangerous only if insufficient care exercised); *Dutton v. Rocky Mountain Phosphates*, 151 Mont. 54, 66-68 (1968) (Montana; same); *Young v. Darter*, 363 P.2d 829, 833-34 (Okla. 1961) (Oklahoma; same); *Kajiya v. Dep't of Water*

1   *Supply*, 2 Haw. App. 221, 224-26 (1981) (Hawaii; same); *Hobart v. Sohio Petroleum Co.*, 255 F.

2   Supp. 972, 975 (N.D. Miss. 1966), *aff'd*, 376 F.2d 1011 (5th Cir. 1967) (Mississippi; same).

3       **E.   Certain Employment-Related Claims Should Be Dismissed As Well.**

4

5       **1.   Second Claim: Plaintiff's Section 1102.5 Claim Should Be Dismissed
        Because It Does Not Provide Fair Notice, and To the Extent It Seeks
        Time Barred Civil Penalties.**

6

7       Plaintiff attempts to avoid dismissal of her Section 1102.5 claim by asserting she alleged

8   "a sufficient amount of statutes" and that Apple is "fully aware of [her claims] from the US Dept.

9   of Labor proceedings." Opp. at 6. In doing so, Plaintiff ignores her obligation to identify a

10  "specific rule, regulation, or statute they reasonably believed has been violated, and the factual

11  basis for their reasonable belief," which is necessary to put Apple on notice of the basis for her

12  claim *in this case*. *See* Mot. at 20 (collecting cases). A Section 1102.5 claim can only survive if

13  Plaintiff tethers the alleged retaliation to a complaint regarding specific statutory or regulation

14  violations, and also alleges facts that show she "reasonably" believed those violations were

15  occurring. *See, e.g.*, *James v. PC Matic, Inc.*, No. CV 23-1506-MWF (KSX), 2023 WL 4291668,

16  at *13 (C.D. Cal. May 17, 2023) (detailing "specificity" required to state a Section 1102.5 claim)

17  (collecting cases). She must set forth those allegations in the operative complaint, not in legal

18  briefing or reference to separate proceedings involving separate statutes with separate elements.

19  *See Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 21CV871 JM (JLB), 2022 WL 80265,

20  at *4 (S.D. Cal. Jan. 7, 2022) ("improper" to attempt additional detail in opposition); Opp. at 7-9

21  (copy and pasting three pages of the Second Amended Complaint, which this Court struck due to

22  its excessive length). She has not done so, and her Section 1102.5 claim should be dismissed.[5]

23      The only argument Plaintiff addresses with any specificity is Apple's argument that her

24  claim premised on alleged complaints about the Gobbler application fails. Plaintiff argues that,

25  contrary to law, she should not have to identify to whom she allegedly complained as she does not

26  _____

27  [5] Plaintiff argues she is "not required to expressly state that the activity violates the law." Opp. at
    10 (citing *Ross v. Cnty. of Riverside*, 36 Cal. App. 5th 580 (2019); *Killgore v. SpecPro Professional
    Services, LLC*, 51 F.4th 973 (9th Cir. 2022)). But neither of these cases obviates the requirement

28  that she allege the specific statute on which her Section 1102.5 claim is premised.

want to "snitch" on a coworker (who she asserts without basis "Apple's lawyers" would then "fire"). *See* Opp. at 10-11. But this ignores the Court's clear instruction that any amendment should "provide information about to whom she complained about the Gobbler application." *See* Dkt. 73 at 36. Plaintiff's failure to heed the Court's instructions on what she must do to state a Section 1102.5 claim is dispositive, and this portion of the claim cannot proceed.

Finally, Plaintiff argues her request for penalties under Section 1102.5(f) is not time barred. Although she admits she is seeking penalties under subsection (f), she appears to argue the one-year limitations period in California Code of Civil Procedure section 340(a) does not apply. *See* Opp. at 11-12. But she cites no case law in support of this argument and ignores clear authority that the one-year limitations period in Section 340(a) governs. *See* Mot. at 20 (citing *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016)).[6]

### 2.    Fourth Claim: Plaintiff's HSITA Claim Should Be Dismissed Because She Does Not Allege Protected Activity Under HSITA.

Plaintiff asserts in her Opposition that the "hazardous substances" covered by HSITA include "all of the chemicals [she] complained about," such that she has stated a HSITA retaliation claim. *See* Opp. at 12-13. However, Plaintiff does not actually identify any specific substance covered by HSITA that she purportedly complained about. More importantly, she does not even attempt to address Apple's argument that she did not allege protected activity under the HSITA whistleblower retaliation provision (Labor Code section 6399.7) because she did not allege that she complained about (1) Apple's "use" of any hazardous substance at 825 Stewart or (2) any hazardous substance "present" at 825 Stewart "as a result of workplace operations." *See* Mot. at 21. Indeed, she does not dispute that her alleged concerns revolved around the perceived *risk* of vapor intrusion at 825 Stewart *as a result of prior contamination* by prior tenants and/or owners,

---

[6] Plaintiff appears to argue the delayed discovery rule applies to her request for penalties under Section 1102.5(f), but again she cites no authority in support. As Apple argued, the delayed discovery rule requires that Plaintiff "pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action." Mot. at 14 (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 803 (2005)). Here, Plaintiff does not plead such facts, and thus she cannot take advantage of the delayed discovery rule. *See Camsi IV v. Hunter Tech. Corp.*, 230 Cal. App. 3d 1525, 1537 (1991), *reh'g denied and opinion modified* (July 2, 1991).

not Apple's current workplace operations, and that such concerns do not amount to complaints under or related to HSITA. *Id.* Because Plaintiff effectively concedes these points, this claim should be dismissed and leave to amend further denied as futile.

### 3.   Fifth Claim: Plaintiff's Cal. Lab. Code § 98.6 Claim Is Time Barred to the Extent It Seeks Civil Penalties.

For the same reasons discussed in Section II.E.1, Plaintiff's request for civil penalties under Section 98.6(b)(3) is time barred.

### 4.   Sixth Claim: Plaintiff's Cal. Lab. Code §§ 232.5, 1101, and 1102 Claims Should Be Dismissed in Part.

Plaintiff's Opposition fails to engage with the numerous reasons her Sixth Claim fails. With respect to her claim under Section 232.5—a statute that prohibits retaliation for "disclosing information about … working conditions" in specified circumstances—Plaintiff's Opposition ignores Apple's argument that she failed to explain how any alleged activism related to Palestinian and Muslim rights amounted to a disclosure about Apple's working conditions. *See* Mot. at 22. Instead of addressing Apple's argument, Plaintiff insists that "Apple is fully aware of the Palestine activism." Opp. at 14. But "[p]leadings should not boil down to: 'You did something wrong. You know what you did wrong. Now look through your files and refresh your memory.'" *Perez v. Costco Wholesale Corp.*, No. 13CV1687-LAB BGS, 2015 WL 1034141, at *6 (S.D. Cal. Mar. 10, 2015) (quoting *N. Am. Cath. Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC*, 887 F. Supp. 2d 78, 88 n. 7 (D.D.C. 2012)). And Plaintiff also does not challenge Apple's argument that her alleged concerns about Uyghurs, based on information from a news article, are not "disclosures" under relevant law because such concerns do not involve information to which Plaintiff has special access. *See* Mot. at 22 (citing *People ex rel. Garcia-Brower v. Kolla's, Inc.*, 14 Cal.5th 719, 726 (2023)). She effectively concedes that she has not stated a claim.

Plaintiff also fails to address Apple's arguments that her Section 1101 and 1102 claims fall short because (1) she does not allege a "rule, regulation, or policy," as is required under Section 1101; and (2) she does not allege a "threat," as is required under Section 1102. *See* Mot. at 22-23. Plaintiff's silence, once again, amounts to a concession.

As for her Section 232 claim, Plaintiff contends she "posted on Twitter about wages at the same time Defendant was admittedly surveilling her Twitter posts." Opp. at 14. But she does not allege in her 4AC that Apple (as opposed to undisclosed others) surveilled her Twitter account, and a "[p]laintiff cannot defend against a motion to dismiss by relying on new allegations in [its] opposition that are absent from the current complaint." *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908 DOC, 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012).[7] Plaintiff also attempts to respond to Apple by noting that she allegedly "participated in [a] pay equity survey" (*see* Opp. at 14), but the 4AC does not allege that anyone at Apple in a position to take adverse action knew about any such "participat[ion]" by her. *See* 4AC ¶181. Plaintiff's claim on this basis fails.

### 5.      Seventh Claim: Plaintiff's 96(k) Claim Should Be Dismissed Because There Is No Private Right of Action.

Apple moved to dismiss this claim because there is no private right of action under Section 96(k). *See* Mot. at 23-24. In response, Plaintiff contends "[t]here is probably a private action for 96(k) via 98.6." Opp. at 16. But her Seventh Claim does not make any mention of Section 98.6, and her suggestion in briefing that this alternative "probably" would be viable does not suffice.

Moreover, Plaintiff acknowledges that Section 96(k) was intended to be a mechanism for the California Labor Commissioner to assert civil rights for employees, not a mechanism for employees to directly invoke. *See* Opp. at 17 (emphasizing Section 96(k)'s history allowing "the Commissioner" to bring certain claims); *see also Barbee v. Household Auto. Fin. Corp.*, 113 Cal. App. 4th 525, 533 (2003) ("We conclude that Labor Code section 96, subdivision (k) … merely establishes a procedure by which the Labor Commissioner may assert, on behalf of employees, recognized constitutional rights."). Plaintiff has no private right of action under this statute and the claim should be dismissed with prejudice.

### 6.      Eighth Claim: The Breach of Implied Covenant Claim Should Be Dismissed Because Plaintiff Did Not Oppose It.

Plaintiff's Opposition does not address Apple's arguments that her implied covenant claim

---

[7] To the extent Plaintiff points to her generalized allegations of "surveillance," such allegations do not satisfy Rule 8. *See* Mot. at 11-12.

APPLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS 4AC
CASE NO. 23-cv-4597-EMC

should be dismissed because she does not identify any contract or plead any contract term that Apple allegedly breached. *Compare* Mot. at 24-25 *with* Opp. *generally*. It is thus uncontested that dismissal of this claim is proper. *In re Ford*, 483 F. Supp. 3d at 846.

## III.   <u>CONCLUSION</u>

Apple respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Fourth Amended Complaint. Given the multiple opportunities Plaintiff has already been afforded to amend, Apple requests that the Court dismiss the claims and portions of claims at issue with prejudice and without any further opportunity to amend so that this matter can finally move beyond the pleadings stage. "The gist of [Plaintiff's] suit is that Apple retaliated against her because she complained about conduct at the company" (as this Court recognized in its May 20, 2024 order regarding Plaintiff's prior complaint [*see* Dkt. 73 at 1]), and thus dismissal with prejudice of the other claims will facilitate efficient resolution of the wrongful termination and whistleblower retaliation claims that would remain and enable appropriately focused discovery and motion practice going forward.

Dated: August 5, 2024

By:   _____ /s/ Jessica R. Perry _____
JESSICA R. PERRY
Attorneys for Defendant, Apple Inc.