1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

11 Attorneys for Defendant
12 Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S REPLY TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FOURTH AMENDED COMPLAINT** |
| v. | |
| APPLE INC., | Dept:    Courtroom 5, 17th Floor |
| Defendant. | Judge:   Honorable Edward M. Chen |
| | Date:    August 22, 2024 |
| | Time:    1:30 p.m. |

| | |
|---|---|
| 1 | KATE E. JUVINALL (SBN 315659) |
| | kjuvinall@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 631 Wilshire Blvd., Suite 2-C |
| 3 | Santa Monica, CA 90401 |
| | Telephone:   +1 310 633 2800 |
| 4 | Facsimile:    +1 310 633 2849 |
| 5 | RYAN D. BOOMS (SBN 329430) |
| | rbooms@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 2100 Pennsylvania Avenue NW |
| 7 | Washington, D.C. 20037 |
| | Telephone:   +1 202 339 8400 |
| 8 | Facsimile:    +1 202 339 8500 |
| 9 | Attorneys for Defendant |
| | Apple Inc. |

Apple's Motion to Strike (Dkt. 79; "Mot.") seeks to truncate Plaintiff's still sprawling Fourth Amended Complaint ("4AC") by excising allegations that relate only to those claims Apple is moving to dismiss, to the extent the Court grants Apple's concurrently filed Motion to Dismiss (Dkt. 78). Apple's goal is to settle the pleadings and have a clear complaint on file for the Court and the parties, and to which future questions about relevance, scope, and discovery can be tethered. Nothing in Plaintiff's opposition precludes this practical solution to an otherwise unmanageable complaint.[1]

***First***, Plaintiff's argument that Apple filed the Motion in bad faith has no merit. She argues that "Apple's attempt to narrow the focus of the complaint by striking allegations" is an "obstructive tactic designed to sidestep the complexities and breadth of the claims at hand." Dkt. 85 ("Opp'n") ¶12. To the contrary, Apple has addressed—not sidestepped—Plaintiff's claims by moving to dismiss the majority of them on Rule 12(b)(6) grounds and by moving to strike the allegations that underpin only those claims (or portions of claims) that the Court dismisses. *See* Mot. at 2. Contrary to Plaintiff's arguments, Apple's Motion to Strike thus serves to "streamline the litigation process" (*see* Opp'n ¶21) by tailoring the remaining allegations to align with whatever claims move forward.

***Second***, Plaintiff alleges that Apple cites no legal authority in support of its argument that irrelevant and immaterial allegations and claims may be stricken. *See* Opp'n ¶20. That is clearly not true, as Apple cites both statutory authority and case law in the Motion. *See* Mot. at 3-4. And Plaintiff acknowledges that Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Opp'n ¶10.

***Third***, Plaintiff fails to identify any specific allegation identified in the Motion to Strike that relates to any specific claim Apple is ***not*** moving to dismiss. She therefore effectively concedes the

---

[1] On July 31, 2024, Plaintiff filed a 96-page declaration in opposition to Apple's pending Motion to Dismiss and Motion to Strike. *See* Dkt. 87. The Court should not consider this untimely, improper filing in connection with the present matters. *See Phigenix, Inc. v. Genentech Inc.*, No. 15-CV-01238-BLF, 2019 WL 2579260, at *6 n. 5-6 (N.D. Cal. June 24, 2019) (declining to consider "additional, untimely declaration in opposition" filed by *pro se* party); *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. Bankr. 2002) (*pro se* litigant not excused from requirement to understand and follow bankruptcy court rules, particularly in light of fact that she held law degree and also ran paralegal firm).

1  point that the allegations identified in the Motion to Strike relate only to those claims Apple is
2  moving to dismiss. *See In re Ford Motor Co.*, 483 F. Supp. 3d 838, 846 (C.D. Cal. 2020) (where a
3  plaintiff "does not respond to [an] argument," she "concedes the point"). To the extent the Court
4  grants Apple's motion to dismiss, the allegations identified in the Motion are—as a result of
5  Plaintiff's concession—entirely irrelevant and should be stricken.

6  Plaintiff vaguely and conclusorily alleges the "toxic tort" allegations regarding the Scott
7  building in general are "directly relevant" to her *Tameny*, Section 6310, and Section 98.6 claims.
8  Opp'n ¶25. But a review of the 4AC makes clear that those three claims are tethered to allegations
9  other than those Apple is moving to strike. *See* 4AC ¶¶154-65 (*Tameny* claim premised on alleged
10 [1] retaliation for purportedly complaining about Apple's supposed "surveillance of employees,"
11 [2] sex, gender, and disability discrimination, [3] crime victim discrimination, and [4] legislative
12 committee witness discrimination), ¶¶170-74 (Section 6310 claim premised on alleged
13 discrimination for complaining about work conditions at 825 Stewart, Plaintiff's work building),
14 ¶¶177-80 (Section 98.6 claim premised on Plaintiff's alleged August 29, 2021 complaint to the
15 California Labor Commissioner, which was based on activity at her office building 825 Stewart,
16 not the Scott building (*see* ¶109)).

17 Plaintiff also appears to suggest that her UCL claim pertaining to the Gobbler application
18 should survive Apple's Motion to Dismiss, and in turn, its Motion to Strike, because she speculates
19 that Apple intends to raise a defense pertaining to the Gobbler application. *See* Opp'n ¶25. But
20 whatever defenses Apple might raise when it answers to claims that will move forward has no
21 bearing on whether Plaintiff adequately stated a UCL claim and whether the UCL-specific
22 allegations should be stricken.

23 Finally, Plaintiff appears to contend that the allegations underpinning her IIED claims
24 should withstand Apple's Motion to Strike because of a declaration she filed in support of her
25 Opposition to the Motion to Dismiss and Motion to Strike; however, this declaration should not be
26 considered, just as the Court declined to consider Plaintiff's Declaration in Support of her
27 Opposition to Apple's Motion to Dismiss her Third Amended Complaint. *See* Dkt. 73 at 10 n.10
28

APPLE'S REPLY IN SUPPORT OF
MOTION TO STRIKE 4AC
CASE NO. 23-CV-4597-EMC

1   ("On a motion to dismiss, a court generally limits its review to the four corners of the complaint.");
2   *accord* footnote 1, *supra*.

3   ***Fourth***, Plaintiff argues that Apple's Motion to Strike improperly seeks to dismiss claims, and thus is actually a Rule 12(b)(6) motion, not a Rule 12(f) motion. Opp'n ¶¶18-19. That is not accurate. Apple is not arguing in its Motion to Strike that, for example, Plaintiff fails to state a claim for IIED and thus the Court should strike all allegations material to that claim. Rather, the relevant part of Apple's Motion requests that "[t]he Court should strike all allegations that clearly relate only to the dismissed claims, to the extent the Court grants Apple's motion to dismiss." Mot. at 4. As mentioned above, Apple does this for the practical purpose of cleaning up an otherwise unwieldly 4AC and streamlining the litigation moving forward.

***Fifth***, Plaintiff appears to argue that Apple has improperly requested that the Court construe its Motion to Dismiss portions of the Second, Fifth, and Sixth claims as a motion to strike in the alternative. *See* Opp'n ¶18. However, courts differ as to the appropriate vehicle to excise part of a claim at the pleadings stage. Some view a Rule 12(b)(6) motion as appropriate, while others view a Rule 12(f) motion as appropriate—but all generally accept that one or both vehicles is available to excise portions of claims that fail as a matter of law at the pleading stage. *Compare, e.g.*, *Lopez v. Wachovia Mortg.*, No. 209-CV-01510-JAM-DAD, 2009 WL 4505919, at *3-4 (E.D. Cal. Nov. 20, 2009) (court can dismiss only a portion of, or one of several theories alleged in, a single claim on a motion to dismiss under Rule 12(b)(6)) *with Bruton v. Gerber Prod. Co.*, No. 12-CV-02412-LHK, 2018 WL 4181903, at *6 (N.D. Cal. Aug. 31, 2018) (striking part of claim on motion to strike under Rule 12(f)). In an abundance of caution, Apple made arguments regarding the legal insufficiency of portions of the Second, Fifth, and Sixth Claims in both its Motion to Dismiss (*see* Dkt. 78 at 19-21, 21-22, and 22-23, respectively) and its Motion to Strike (*see* Dkt. 79 at 2 n.1).

***Sixth***, Plaintiff's request for further leave to amend the complaint to resuscitate the allegations that Apple moves to strike (*see* Opp'n ¶27) should not be permitted. Plaintiff has already been afforded four opportunities to amend her complaint and the Court has provided specific guidance on what she needs to allege to state claims against Apple (if she can do so in good faith consistent with Rule 11). *See, e.g.*, Dkt. 73, *passim*. Plaintiff's failure to adequately plead

cognizable claims to date shows any further leave to amend as to those claims would be futile. *See Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 989 (N.D. Cal. 2014) (dismissing complaint with prejudice when *pro se* litigant had "multiple opportunities" to amend his pleading and was given "very specific instructions [by the court] on what was missing from his claims and what he needed to allege in order to state claims"); *Nicks v. Cent. Contra Costa Transit Auth.*, No. C 07-04146 CRB, 2008 WL 506144, at *1 (N.D. Cal. Feb. 22, 2008) (dismissing *pro se* plaintiff complaint when "second amended complaint fail[ed] to adequately put forth allegations informing the defendant of what it has done wrong").

For the foregoing reasons and the reasons set forth in Apple's Motion to Strike, Apple respectfully requests that the Court grant the motion in full.

Dated: August 5, 2024                                                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                                     By:  /s/ Jessica R. Perry
                                                                          JESSICA R. PERRY
                                                                     Attorneys for Defendant Apple Inc.