1  (Additional counsel on following page)

2  ASHLEY M. GJOVIK
   2108 N. St. Ste 4553
3  Sacramento, CA 95816
   (408) 883-4428
4  legal@ashleygjovik.com

5  *Pro Se* Plaintiff

6  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
7  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
9  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
10 Facsimile:    +1 650 614 7401

11 KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
12 ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
13 405 Howard Street
   San Francisco, CA 94105-2669
14 Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

15

16 Attorneys for Defendant
   Apple Inc.

17

18                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA
19
                      SAN FRANCISCO DIVISION
20

21

22 ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC

                  Plaintiff,               **JOINT CASE MANAGEMENT
23                                         STATEMENT**

          v.
24                                         Dept:    Courtroom 5, 17th Floor
   APPLE INC.,                             Judge:   Honorable Edward M. Chen
25                                         Date:    August 28, 2024
                  Defendant.               Time:    9:30 a.m.
26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 23-CV-4597-EMC

1   KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
3   Santa Monica, CA 90401
Telephone:    +1 310 633 2800
4   Facsimile:    +1 310 633 2849

5   RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
7   Washington, D.C. 20037
Telephone:    +1 202 339 8400
8   Facsimile:    +1 202 339 8500

9   Attorneys for Defendant
Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      Plaintiff Ashley Gjovik ("Plaintiff") and Defendant Apple Inc. ("Defendant" or "Apple,"

2   and collectively with Plaintiff, the "Parties") hereby jointly submit this Joint Case Management

3   Statement in advance of the August 28, 2024 Case Management Conference.

4   **I.      JURISDICTION AND SERVICE**

5      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in

6   controversy exceeds $75,000 and the Parties are diverse. Defendant has been served.

7   **II.      FACTS**

8      Plaintiff's Position: Apple Inc. intentionally engaged in a course of unlawful conduct and

9   unfair business practices that resulted in direct, severe, and ongoing harm to Ashley Gjovik as a

10   neighbor and community member, as an employee, and as a consumer. This lawsuit arises from

11   Apple's reckless disregard of environmental regulations and safety requirements around two Santa

12   Clara County properties starting in 2015. Apple's acts and omissions resulted in severe and nearly

13   fatal physical injuries to Gjovik in 2020, creating continued and present suffering.

14      Gjovik's complaints and inquiries to Apple about toxic waste in 2021 were swiftly met with

15   retaliation and intimidation, including the adverse employment actions of unfavorable

16   reassignment, interrogations, surveillance, five weeks of mandatory administrative leave, sabotage,

17   denial of benefits and opportunities, suspension, wrongful termination, disparagement, defamation

18   by reason of termination, denylisting, and more harassment. In the years that followed, Defendant

19   engaged in extensive surveillance of Plaintiff and trespass of her property, including repeated

20   burglaries and stalking. Defendant continues to terrorize Plaintiff ongoing, destroyed her reputation

21   and employability, erased her life savings, and has generally made her life utterly miserable.

22      Defendant's Position: Plaintiff worked for Defendant from February 2015 until Defendant

23   terminated her employment in September 2021 because she disclosed confidential product-related

24   information in breach of her confidentiality obligations and then refused to meaningfully participate

25   in the internal investigation regarding that disclosure. In January 2015, Plaintiff signed a

26   confidentiality agreement prohibiting Plaintiff from disclosing any confidential information

27   without Apple's consent. In July 2018, Plaintiff voluntarily agreed to participate in a confidential

28   user study of an internal and proprietary application (the "Application") and agreed to maintain

- 1 -

1    strict confidentiality. On August 28, 2021, Plaintiff publicly disclosed on Twitter (now known as

2    X) details about a proprietary study Defendant was conducting about a confidential Apple product

3    (the "Product") that Plaintiff had agreed to keep confidential. On August 30, 2021, Plaintiff tweeted

4    photographs and a video of herself created by the Application, thus disclosing Apple confidential

5    information, and linked to a story published in a technology blog, in which she disclosed her

6    participation in the Application study. Upon learning of her unauthorized disclosures, Defendant

7    began an investigation. On September 9, 2021, an Apple investigator requested to speak with

8    Plaintiff. Plaintiff refused to be interviewed. Defendant completed its investigation, concluded that

9    Plaintiff had violated her confidentiality agreements and Apple policy, and terminated her

10   employment. Apple had likewise terminated the employment of other employees found to have

11   violated their confidentiality obligations. In addition to her employment claims, Plaintiff asserts

12   various torts against Defendant primarily related to a separate facility at 3250 Scott Blvd. Defendant

13   denies any wrongdoing.

14   **III.    LEGAL ISSUES**

15        Plaintiff's Position: Legal issues include causation, nexus, intent, negligence, pretext, fraud,

16   protected activities, fairness, and risk. There will be multiple "*Reasonable Person*" exercises

17   including foreseeability, expectation, severity, outrage, consent, offensiveness, endurance, and

18   interference. The "*Right to Know*" will be a recurring theme. This case also involves several novel

19   legal issues requiring policy arguments and creative advocacy from both parties related to privacy,

20   surveillance, biometrics, expression, hazards, chemical exposure, consent in the employment

21   context, and personal data collection for commercial research and development.

22        Defendant's Position: It is too early to determine the legal issues until after the pleadings

23   have been determined, but they may include: whether Plaintiff engaged in protected activity under

24   Cal. Labor Code §§ 98.6, 232.5, 1102.5, and/or 6310 and/or *Tameny*, and, if so, whether the

25   protected activity was a substantial motivating reason for Defendant's decision to terminate

26   Plaintiff's employment; whether Plaintiff is entitled to any relief and if so, the type and/or amount;

27   and whether Plaintiff has adequately mitigated any damages she claims to have incurred.

28

1    **IV.    MOTIONS**

2        Plaintiff's Position: Depending on the outcome of pending meet and confer, Plaintiff is

3    preparing to file a motion to Magistrate Judge Westmore requesting assistance regarding privilege

4    logs and redactions, failure to disclose key witnesses and information, and the very small

5    production produced by Defendant for the employment and labor claims.

6        Defendant's Position: Defendant filed a motion to dismiss on July 15, 2024 regarding

7    certain claims in the now-operative Fourth Amended Complaint. Defendant may file a motion for

8    summary judgment under Rule 56 for resolution of any outstanding issues.

9    **V.    AMENDMENT OF PLEADINGS**

10        Plaintiff's Position: As this is complex litigation covering multiple legal subject areas,

11   Plaintiff expects she will need to amend her complaint again prior to trial to conform with evidence

12   identified during discovery and/or as the issues narrow and crystalize. Plaintiff will respectfully

13   request leave to amend if any of Defendant's upcoming 12(b)(6) requests are granted, and

14   proactively proposed possible supplements in Dock. 93 if pleadings are found to be incomplete.

15        Defendant's Position: Plaintiff filed a Fourth Amended Complaint on June 17, 2024;

16   Defendant filed a motion to dismiss on July 15, 2024. No further amendments should be permitted.

17   **VI.    EVIDENCE PRESERVATION**

18        The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

19   Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f)

20   regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

21   reasonably evident in this action.

22   **VII.    DISCLOSURES**

23        Plaintiff's Position: Plaintiff provided Initial Disclosures to Defendant following their

24   meet/confer, as required by Rule 26(a)(1). Plaintiff is currently drafting a supplemented version

25   and plans to complete disclosures and initial discovery by September 16 2024. Plaintiff had to

26   purchase discovery software and is currenting reviewing and tagging documents in the tool.

27        Defendant has not provided complete Initial Disclosures under GO71 or for other claims.

28   Defendant still has not disclosed to Plaintiff who was involved in making the decision to terminate

1    her employment, the timing of that decision, or their investigations into her and her complaints.

2        Defendant's Position: Defendant timely complied with the initial disclosure requirements

3    of General Order 71 ("GO 71"). Plaintiff has not complied with GO 71's requirements. Pursuant to

4    the July 16, 2024 Initial Case Management Conference minutes (Dkt. 80), Defendant intends to

5    complete its Rule 26 disclosures and exchange of high-level documents by September 16, 2024, to

6    the extent that any non-employment claims remain following a ruling on Apple's pending motions.

7    **VIII.   DISCOVERY**

8    • **Discovery taken to date:**

9    Plaintiff's Position: Defendant produced a very small batch of documents under GO71 but most

10   of the records are not material (they are things Plaintiff already has) and reveals very little.

11   Defendant's Position: None.

12   • **Scope of anticipated discovery:**

13       Plaintiff's Position: Plaintiff believes the scope should be nonprivileged matters that are

14   relevant to any party's claim or defense, but Defendant has already refused to provide basic records.

15   Defendant has even refused to provide Plaintiff's Employee Relations file, her 2021 performance

16   review, anything related to the decision to fire her other than final approval, or any of the

17   agreements Plaintiff signed during her employment other than the offer letter and IPA. Plaintiff

18   expects to need Judge Westmore's assistance in negotiating scope and production with Apple.

19       Defendant's Position: Apple expects that the parties will comply with the Court's

20   instruction in the July 16, 2024 Initial Case Management Conference minutes (Dkt. 80) to complete

21   Rule 26 disclosures and exchange high-level documents on or before September 16, 2024. After

22   that point, Apple anticipates propounding and responding to discovery targeted to the claims and

23   defenses that remain part of the case once the Court has ruled on Apple's pending motion to dismiss

24   and the pleadings are settled, and will seek the assistance of Magistrate Judge Westmore as needed.

25   • **Proposed limitations or modifications of the discovery rules:**

26       Plaintiff's Position: There will be some overlapping discovery in this case and the U.S. Dept

27   of Labor OALJ case governed by 5 U.S. Code § 554. Because of the potential for conflicts -

28   especially decisions related to privilege, confidentiality, and exclusion of evidence - coordination

1    between cases will be urgent and critical to ensuring consistency and progress. Plaintiff is currently

2    appealing an arbitrary initial dismissal that was based on Apple's unilateral assertion that Superfund

3    laws do not apply to Apple and which was contrary to all environmental whistleblower precedent.

4    The ALJ also made statements about 3250 Scott Blvd and noted it was a "Decision on the Merits."

5    The U.S. Dept. of Labor ARB is supposed to respond to petitions within 30 days.

6        Defendant's Position: Discovery should be limited as outlined above. With this exception,

7    Defendant contends there should be no modifications of the discovery rules.

8    • **A brief report on whether the parties have considered entering into a stipulated e-**

9    **discovery order:**

10       Plaintiff's Position: Plaintiff is receptive to the idea.

11       Defendant's Position: Defendant does not believe that it is necessary or appropriate here.

12   • **Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):**

13       o **(A) what changes should be made in the timing, form, or requirement for**
         **disclosures under Rule 26(a), including a statement of when initial disclosures**

14       **were made or will be made;**

15       Plaintiff's Position: Plaintiff provided 35 pages of Initial Disclosures for all claims in July

16   2024, in compliance with Rule 26(a)(1), following the June 2024 meet / confer. Plaintiff requested

17   details from Defendant on what they think is missing. Defendant has not completed its Initial

18   Disclosures for any claims. Defendant needs to provide full initial disclosures by Sept. 16 2024.

19       Defendant's Position: Defendant made its initial GO 71 disclosures on December 18, 2023

20   and supplemented them on April 5 and May 15, 2024. Plaintiff has not fully complied with GO

21   71's initial disclosure requirements with respect to her employment claims. Defendant will

22   complete its Rule 26 disclosures and exchange of high-level documents by September 16, 2024, to

23   the extent that any non-employment claims remain, and expects Plaintiff will do the same.

24       o **(B) the subjects on which discovery may be needed, when discovery should be**
         **completed, and whether discovery should be conducted in phases or be limited**

25       **to or focused on particular issues;**

26       Plaintiff's Position: Plaintiff is unable to take depositions due to financial restrictions and

27   would like to compensate with an increased quantity of interrogatories. Plaintiff suggests Defendant

28   should also be restricted from taking Depositions as a matter of fairness, and due to the harassment.

1

<u>Defendant's Position</u>: Apple outlined above its understanding of the Court's order regarding

2

initial discovery and the appropriate scope of discovery thereafter. At this time, and particularly

3

given that the pleadings are not yet settled, it is premature to set a discovery completion deadline.

4

    o **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

5

6

<u>Plaintiff's Position</u>: There are already multiple issues related to  discovery, including refusal

7

to provide FRCP Initial Disclosures, reliance on boilerplate objections, refusal to provide privilege

8

logs, claims of ACP in conversations where no attorney was present, and insistence on use of

9

blanket protective orders after Defendant already tried to claim confidentiality of matters that are

10

protected topics and matters of public concern (work conditions, public safety, labor disputes…).

11

<u>Defendant's Position</u>: Plaintiff has refused to agree to the entry of the protective order

12

proposed by Defendant, which was based on the Northern District Model Protective Order.

13

    o **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

14

15

<u>Plaintiff's Position</u>: Concerns about Defendant's willingness to provide privilege logs.

16

<u>Defendant's Position</u>: None at this time.

17

    o **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

18

19

<u>Plaintiff's Position</u>: Plaintiff requests scrutiny of any requests from Defendant for approval

20

of easily abused tools and tactics, such as a blanket protective orders, or frequent vague requests to

21

stay discovery. Plaintiff also requests Defendant be required to 'show their work' for any of these

22

types of requests, providing a full, proper justification for each issue and request. Plaintiff requests

23

high scrutiny of any requests from Defendant to this Court that appear to be an attempt to censor

24

and silence her – especially about labor issues and public safety. (Plaintiff accepts all responsibility

25

for her conduct and any sanctions if she does actually act improperly).

26

<u>Defendant's Position</u>: Discovery should proceed as outlined above.

    o **(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

27

28

<u>Plaintiff's Position</u>: Plaintiff will seek guidance from Magistrate Judge Westmore as needed

4153-3216-6482

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 23-CV-4597-EMC

1  around depositions, interrogatories, document production, privilege, expert witnesses, and

2  discovery disputes.

3        Defendant's Position: Defendant proposes no such orders at this time.

4      • **Identified discovery disputes:**

5        Plaintiff's Position: There are multiple disputes related to scope, process, confidentiality,

6  and general willingness to participate in discovery.

7        Defendant's Position: None at this time.

8  **IX.     RELATED CASES**

9        Plaintiff's Position: There is one pending agency adjudication within the U.S. Dept of Labor

10  OALJ in Boston, MA (*Ashley Gjovik v Apple Inc,* Case No. 2024-CER-00001). Coordination of

11  cases is required as there are overlapping claims and damages, and Defendant has taken actions to

12  initiate conflicts between and within the two cases. The ALJ dismissed the entire 42 U.S. Code §

13  9610 case on August 7 2024 for lack of subject matter jurisdiction based on unilateral statements

14  from the Defendant and contrary to all environmental whistleblower precedent at U.S. Dept. of

15  Labor. Plaintiff is filing a petition for review to Administrative Review Board by August 21 2024.

16  ARB appeals go to the Secretary, and US District Courts have exclusive jurisdiction over CERCLA

17  civil proceedings (§ 9613) thus the Secretary's decision is reviewed by a US District Court in the

18  area where the incident occurred, which would be this Court. Plaintiff would appreciate guidance

19  if a Notice of Pendency is appropriate for this type of adjudication and appellate jurisdiction.

20  Plaintiff also has multiple charges filed against Defendant with the US NLRB, and the US NLRB

21  has already found merit that there is substantial evidence the Defendant may have violated the

22  NLRA under two of her claims, however any litigation would not include Plaintiff as a party.

23        Defendant's Position: On August 26, 2021, Plaintiff filed a charge against Defendant before

24  the National Labor Relations Board alleging Defendant retaliated against her because she engaged

25  in protected concerted activity. No decision has been issued. On December 29, 2023, Plaintiff filed

26  another NLRB charge against Defendant alleging that Defendant, among other things, "threatened

27  [Plaintiff] in an attempt to coerce her into an lawful secrecy agreement," *i.e.,* a protective order

28  regarding discovery (modeled on the N.D. Cal. template). No decision has been issued.

1    On August 29, 2021 and November 2, 2021, Plaintiff filed whistleblower retaliation

2    complaints with the U.S. Department of Labor (DOL) alleging that her suspension and termination

3    amounted to retaliation in violation of the Sarbanes-Oxley Act (SOX), the Occupational Safety and

4    Health Act (OSHA 11(c)), and the Comprehensive Environmental Response, Compensation and

5    Liability Act (CERCLA). With respect to her SOX claim, this Court dismissed it with prejudice on

6    May 20, 2024. With respect to her CERCLA and OSHA 11(c) claims, DOL found no reasonable

7    cause on December 8, 2023. On April 29, 2024, the Secretary of Labor concluded on administrative

8    review that there was insufficient evidence to establish any violation of OSHA 11(c); this is a final

9    DOL decision. On January 7, 2024, Plaintiff requested a hearing before the Office of

10    Administrative Law Judges regarding her CERCLA claim; the ALJ dismissed that matter for failure

11    to state a claim on August 7, 2024.

12    **X.    RELIEF**

13    Plaintiff's Position: Plaintiff requests damages (compensatory, expectancy, consequential,

14    punitive, nominal, restitution, tax offsets, interest, pro se attorney's fees, and legal costs), as well as

15    injunctive and declaratory relief. Estimates for non-pecuniary, punitive, toxic, and other complex

16    matters will be determined later in the lawsuit or by a jury. Employment-related damages are

17    estimated at around $10M for combined back pay, front pay, loss of future earnings, costs, personal

18    injury, and loss of benefits. A non-pecuniary injury multiplier of 4 x pecuniary is suggested, raising

19    the total to $31M. An additional $2M is estimated for interest, tax offset, and attorney's fees. Toxic

20    Tort compensatory damages are based on physical and mental injury, diminished value and lost use

21    of chattel and real property interests, and expenses. A non-pecuniary injury multiplier of x5 is

22    suggested (risk of disease, fear of cancer, emotional distress, diminution of quality of life, pain and

23    suffering, and loss of enjoyment of life). A Jury will decide Punitive damages, and an estimate is

24    truly unknown due to the severity and novelty of the harm Defendant caused to Plaintiff.

25    Defendant's Position: Defendant denies that Plaintiff is entitled to any recovery in this case.

26    **XI.    SETTLEMENT AND ADR**

27    Plaintiff's Position: Based on Defendant's conduct thus far, Plaintiff is concerned that

28    despite Defendant's statements, Defendant actually has no intention to settle. Plaintiff requests

1    Defendant's candor and consideration of ENE instead if Defendant is not interested in settling at

2    this time or at all. Plaintiff is also currently evaluating her options to refuse to be subject to

3    deposition by Apple's counsel under *Marsy's Law* or similar protections due to her severe PTSD,

4    her role as a witness in open federal investigations, and defendant's ongoing abusive behavior

5    towards the *pro se* Plaintiff.[1] Other common discovery methods should be tolerable. If Defendant

6    continues to demand to depose Plaintiff prior to a Settlement Conf., Plaintiff will insist on ENE.

7          Defendant's Position: Defendant is willing to stipulate to a Settlement Conference with a

8    Magistrate Judge concerning this action. Defendant's representative at that Settlement Conference

9    will be informed regarding and able to discuss matters Plaintiff has pending against Defendant in

10   other forums and under other statutes. To prepare for the Settlement Conference, Defendant will

11   need to take Plaintiff's deposition and, depending on the substance of Plaintiff's forthcoming GO71

12   and FRCP 26 disclosures and the Court's ruling on Defendant's pending Motion to Dismiss,

13   Defendant may need to serve an initial set of written discovery requests.

14   **XII.    OTHER REFERENCES**

15         Plaintiff's Position: Plaintiff is grateful for the assignment of a Magistrate Judge.

16         Defendant's Position: Defendant does not believe that the case is suitable for reference to

17   binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

18   **XIII.   NARROWING OF ISSUES**

19         Plaintiff's Position: Plaintiff believes that further narrowing of issues should occur through

20   mechanisms such as discovery, stipulated facts, and summary adjudication. Plaintiff believes the

21   pending 12(b)(6) motion is unnecessary and will waste the Plaintiff and Court's time and resources.

22   However, due to the potential impact of the motion, Plaintiff filed a motion for leave to file a sur-

23   reply and proposed sur-reply on August 18 2024 in order to ensure she can be heard.

24         Defendant's Position: On July 15, 2024, Defendant filed a motion to dismiss certain claims

25   in the Fourth Amended Complaint. Defendant believes it is premature to expedite the presentation

26   _____
[1] CALIFORNIA CONSTITUTION ART. I, § 28 (b) "*In order to preserve and protect a victim's rights to justice
27   *and due process, a victim shall be entitled to the following rights*: (4) *To prevent the disclosure of
*confidential information …to the defendant…which could be used to… harass the victim,* (5) *To refuse an
*interview, deposition, or discovery request by the defendant, the defendant's attorney,…, and to set
28   *reasonable conditions on the conduct of any such interview to which the victim consents.*"

of evidence at trial or to request to bifurcate issues, claims, or defenses.

## XIV.   SCHEDULING

Plaintiff's Position: Plaintiff suggests scheduling the trial around one year out with the Court's standard scheduling of dependent events prior. As an expert project manager, she feels strongly there should always be a project schedule, even if it might need to be adjusted later.

Defendant's Position: Defendant believes that it is premature to set a case schedule prior to a ruling on Defendant's pending motion to dismiss.

## XV.   TRIAL

Plaintiff's Position: Plaintiff requests a Jury trial for issues of fact and certain issues of law. Duration of the Jury trial is unknown due to the complexity of claims, but Plaintiff expects at least one week will be needed. Additional time will also be needed for the expected partial Bench trial.

Defendant's Position: Defendant anticipates the parties would need five days for trial.

## XVI.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff's Position: Plaintiff has none, and encouraged Defendant to consult with the property owner of 3250 Scott Blvd and any relevant insurance companies.

Defendant's Position: Defendant filed the required certification. *See* Dkt. 11.

## XVII.   PROFESSIONAL CONDUCT

Defendant's Position: Defendant's attorneys reviewed the Professional Conduct Guidelines.

## XVIII. OTHER MATTERS

Plaintiff's Position: Due to the complexity of the case and the current dynamic between parties, Plaintiff sees benefit in regular reoccurring Status Conferences and Updates with the Court.

Defendant's Position: None at this time.

Dated: August 20, 2024                       By: /s/ Ashley M. Gjovik
                                                      ASHLEY M. GJOVIK
                                                      Plaintiff


Dated: August 20, 2024                       By: /s/ Jessica R. Perry
                                                      JESSICA R. PERRY
                                                      Attorneys for Defendant Apple Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

Per L.R. 5-1(i)(3), I attest the other signatory has concurred in the filing of this document.

Dated: August 20, 2024                     /s/ Jessica R. Perry
                                            Jessica R. Perry