Cher Swan Scarlett
*So-called "Joanna Appleseed"*
PO BOX 1679 #5955
Sacramento, CA 95812
hello@cher.dev

FILED
AUG 16 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ASHLEY GJOVIK, *an individual*,

Plaintiff,

v.

APPLE INC, *a corporation*,

Defendant.

Case No. 3:23-CV-04597-EMC

**DECLARATION** OF CHER S. SCARLETT

**IN OBJECTION TO PLAINTIFF'S**

**OMNIBUS MOTION (DKT. #93) AND**

**REQUEST FOR JUDICIAL NOTICE**

**(DKT. #96)**

1

## I. DECLARATION OF CHER S. SCARLETT

**Pursuant to 28 U.S.C.§ 1746, I, Cher S. Scarlett, hereby declare as follows:**

1. My name is Cher Swan Scarlett. I am a private citizen named as "Joanna Appleseed" by Plaintiff (and due to responsive pleadings, the Defendant) in this above captioned matter. I make this Declaration based upon my personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

2. I filed a non-party witness declaration by mail on April 16, 2024, which was received by the court on April 19, 2024, and entered into the docket on April 23, 2024. I filed a second non-party witness declaration by mail on April 27, 2024. These were struck from the record on May 20, 2024 by the Honorable Judge Chen because "on a motion to dismiss, a court generally limits its review to the four corners of the complaint". (Docket No. 73)

3. I am filing this declaration to object to the Omnibus Motion and Request for Judicial Notice filed by the Plaintiff (Dockets No. 93, 96) While I am not a named party, nor have I any legal connection with Apple, Inc., Plaintiff continues to reference me and make allegations against me in this lawsuit. This puts me in a rather unjust and unfair position. Plaintiff uses this public lawsuit against Apple, Inc., who has no stake in the way Plaintiff characterizes me, to make statements that Apple, Inc.'s lack of denial of her allegations about me is some kind of proof that what she has alleged is true.

4. I worked for Apple, Inc., from April 2020 until November 2021 as a Principal Software Engineer on the Global Security Tools Team. I did not work with the Plaintiff and never met her in person. I encountered her in the Apple, Inc., Slack instance while we were mutually advocating for continued remote work. Through my own labor activism platform on Twitter, I supported her activism against Apple, Inc., to hundreds of thousands of people. I spoke with her via iMessage and FaceTime over a period of less than three months in 2021.

5. The Plaintiff is referencing me in this lawsuit in bad faith. The Plaintiff only refers to me by her chosen pseudonyms for me ("Joanna Appleseed", "JA", "Appleseed", "Applegate") when it suits the false light she is casting on me. She references me later without naming, and in fact, misleads the court to believe she is talking about multiple allies, when she

is, in fact, talking about me. In her Omnibus Motion, and previous pleadings, she refers to anonymous wage surveys and a National Labor Relations Board ("NLRB") charge related to the surveys, which was found to have merit in January 2023. The Plaintiff purposefully conceals that I started one of the anonymous wage surveys and that I am the charging party of the NLRB charge against Apple, Inc. Furthermore, she references anonymous Twitter accounts engaging in harassment of her and "others", but fails to mention one of those being harassed was me. Facts like these throw a wrench in the false narrative she is crafting before this court that I am somehow working as a secret agent of Apple Global Security, so she conceals them from the court.

6. The Plaintiff is knowingly and maliciously cherry-picking bits of facts and fiction to create a false light about me. The Plaintiff is aware that I obtained the March 2022 order due to her conduct towards me and my family. This included her *publicizing* a "legal memo" she published *on her own website*, relating to an NLRB charge she filed against Apple, Inc. It was hundreds upon hundreds of pages long and mentioned me or my family by name *more than 300 times*. The Honorable Judge O'Toole found her conduct to be unlawful harassment. The Protection Order prohibited the Plaintiff from posting specifically about me and my family. It did not imply she could not speak about Apple, Inc.; it did not mention Apple, Inc., at all. The Plaintiff continues to post about Apple, Inc., and not me and my family, so it seems she understood that, too.

In her attempt to mislead the court into the belief that I could be engaged in some sort of cabal with Apple, Inc., she references a "challenge coin" I posted on Twitter in January 2022 when I petitioned for the anti-harassment order (I also did not know that was considered a "lawsuit" at the time). The Plaintiff cropped out three other challenge coins in the photo and the accompanying text. Two of them were from law enforcement and another was from Blizzard Entertainment, a former employer who I was a party to two now-settled class action lawsuits against. The inference I made about both employers having this in common was not good.

While there are many lies and omissions by the Plaintiff about me, there are three the court should take note of. First, she says that I "repeatedly claimed some unnamed third-party told [me] to file the lawsuit"—this is categorically false and the Plaintiff has previously said I claimed the NLRB told me to file the lawsuit. Nobody told me to file the petition, which the Plaintiff has been told numerous times. The NLRB informed me that the proper jurisdiction to seek remedy for harassment was my local law enforcement. My local law enforcement advised me of the process to petition for an anti-harassment order after which I filed the petition.

The second is the claim that I said I was in "dire trouble" with Apple, Inc., which

3

"resolved" after filing the petition against her. The Plaintiff is again purposefully concealing facts Apple, Inc. changes every employee's job title to "Associate" after they leave the company. This resulted in my failing a background check and losing a job I was in the process of on-boarding to. I am the sole provider to my teenage daughter, and cannot survive without a job. The "resolution" was that I filed another NLRB charge against Apple, Inc. and obtained other employment.

Third, the plaintiff tells the court I "reported [her] to her web server for 'child porn'". The Plaintiff knows that I reported the "legal memo" on the grounds it violated the anti-harassment order, which is why it was taken down by the host. The Plaintiff's attorney provided her the information that the web form erroneously selected the first item in the alphabetized list as the 'type' because of a technical issue. She was never investigated for child sexual abuse material.

7.   Plaintiff conceals the nature of my relationship with Apple, Inc., knowingly, while referencing events that would undermine her "Agent of Apple" narrative—claiming I was "doing my job" to silence employees with "some huge settlement", for example, while knowing I broke the 1-year's pay severance agreement before my attorneys and I were paid to ensure concealment clauses could no longer silence workers from speaking out about conduct believed to be illegal.

I could pour over all of the lies, omissions, or otherwise misleading statements by the Plaintiff, but there is no point. No plaintiff should be permitted to impede on the rights of another person, harassing them via court. This is a lawsuit between the Plaintiff and Apple, Inc. If the Plaintiff wishes to make claims about me, she should do so in a lawful manner. As to her RJN: Gjovik v. State was an unlawful and unconstitutional attempt to nullify my protection order without notifying me, *at the expense of all protected parties of every protection order in Washington*. Her brazen disregard for the judicial system and the law should not go unnoticed.

8.   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on AUGUST 20 2024.
**Executed on**: AUGUST 20 2024

_____
s/ Cher S. Scarlett


Email: hello@cher.dev
**Physical Address**: California
**Mailing Address**: PO BOX 1679 #5955, Sacramento, CA 95812