**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Plaintiff's Memorandum of Points & Authorities in Support of Motion to Strike Improper Amicus Declaration** |
| vs. | |
| **Apple Inc.**, a corporation, | |
| Defendant. | **Motion to Strike** |
| | Fed. R. Civ. P. 12(f) |
| | **Motion Hearing & Case Management Conference:** |
| | Dept: Courtroom 5 |
| | Judge Edward M. Chen |
| | Date: August 28, 2024 |
| | Time: 9:30 AM PT |

# I. TABLE OF CONTENTS

## Contents

I.   Table of Contents ..................................................................... ii

II.   Table of Authorities ............................................................... iii

III.   Statements Of Facts ............................................................ 1

IV.   Issues to be Decided ............................................................ 3

V.   Arguments .............................................................................. 4

  A.   The document is an improper declaration & improper amicus. .......... 4

  B.   An amicus brief or declaration is not appropriate for motions to dismiss or to strike. ................................................................. 7

  C.   The sur-reply was denied, so there is nothing to respond to. ............. 9

  D.   Appleseed's non-party filings in this case are unlawful attempts to harass and intimidate the Plaintiff, in continuance of the multi-year campaign to get Plaintiff to drop claims and change her testimony. ............. 9

  E.   The amicus declaration violates the rules of evidence. ........................ 11

VI.   Conclusion ............................................................................ 17

## II. Table of Authorities

**Cases**

*Banerjee v. Bd. of Trustees of Smith College*, 648 F.2d 61, 65 n. 9 (1st Cir. 1981).   7

*Boro Hall Corporation v. General Motors Corporation,* 124 F.2d 822 (C.C.A. 2d Cir. 1942).   10

*Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir. 1977).   5

*Faiveley Transport USA, Inc. v. Wabtec Corp*., 758 F. Supp. 2d 211, 216 (S.D.N.Y. 2010).   9

*Grid Systems Corp. v. Texas Instruments Inc.,* 771 F. Supp. 1033, 1036, 20 U.S.P.Q.2d (BNA) 1207 (N.D. Cal. 1991).   9

*Hoy v. Progress Pattern Co.*, 217 F.2d 701 (6th Cir. 1954).   9

*In re Enron Creditors Recovery Corp.,* Case No. 01-16034 (AJG), Adv. No. 03-92677, Adv. No. 03-92682, 2 (Bankr. S.D.N.Y. May. 20, 2008).   7

*In re Marriage of Heggie*, 99 Cal. App. 4th 28, 30, n.3 (2002).   4

*Leigh v. Engle,* 535 F. Supp. 418, 420 (N.D. Ill. 1982).   7

*Lewis v. ACB Business Services, Inc*., 135 F.3d 389, 39 Fed. R. Serv. 3d 1376 (6th Cir. 1998).   9

*Liberty Lincoln Mercury, Inc. v. Ford Marketing* Corp., 149 F.R.D. 65, 82 (D.N.J. 1993).   7

*Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ. 0436, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995).   7

*McKay v. Sazerac Co*., 23-cv-00522-EMC, 4 (N.D. Cal. May. 17, 2023).   12

*Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan,* 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011).   10

*NGV Gaming, Ltd. v. Upstream Point Molate, LLC,* 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005).   6

*Oneida Indian Nation of New York v. New York,* 194 F. Supp. 2d 104 (N.D. N.Y. 2002). ........................................................................................................ 10

*Reynolds v. United States Gov't*, 7:22-CV-00178-FL, 8 (E.D.N.C. Jul. 21, 2023). 8

*Rosenberg-Wohl v. State Farm Fire & Cas. Co.*, 20-cv-09316-DMR, 6 (N.D. Cal. Mar. 28, 2022). ...................................................................................................... 6

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510 (7th Cir. 2015). ....................................................................... 10

*Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). 6

*Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006). ............................................................................................... 4

*Slagle v. U.S.,* 228 F.2d 673 (5th Cir. 1956). ........................................................ 9

*Strasser v. Doorley,* 432 F.2d 567 (5th Cir. 1970) ................................................ 8

*Sweigert v. Cable News Network, Inc.*, 20-cv-12933, 19-20 (E.D. Mich. Mar. 21, 2022). ...................................................................................................... 5

*Sweigert v. Cable News Network, Inc.*, 20-cv-12933, 20-21 (E.D. Mich. Mar. 21, 2022). ...................................................................................................... 8

*United States v. Michigan,* 940 F.2d 143, 163-64 (6th Cir. 1991) .......................... 6

**Rules**

Fed. R. App. P. 25(b). ............................................................................................ 5

Fed. R. App. P. 29(a)(3) ......................................................................................... 5

Fed. R. Civ. P. 12(f) ............................................................................................... i

Fed.Rules Civ.Proc.Rule 12(b)(6), ....................................................................... 10

Federal Rules of Civil Procedure Rule 47 and Rule 56 .......................................... 4

Local Civil Rule 7-5(b) .......................................................................................... 4

**Treatises**

§ 37:39. Opposition papers—Evidence, 4 Bus. & Com. Litig. Fed. Cts. § 37:39 (5th ed.) ..................................................................................................... 4

16AA C. Wright & A. Miller, Federal Practice and Procedure § 3975, pg. 383
(2021).                                                                              5

C. Rembar, The Law of The Land 330 (1980).                                           7

## Points & Authorities

1.      PLEASE TAKE NOTICE that on AUGUST 28 2024 at 9:30AM, in Judge Chen's virtual courtroom, before the Honorable Judge Edward Chen, I will, and hereby do, move for an order granting a Motion to Strike the improper non-party document filed to Docket No. 99. The motion is based on this Memorandum, and Plaintiff's concurrently filed Declaration.

2.      Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in support of Plaintiff's Motion to Strike the documents at Docket No. 99. Plaintiff also requests the Court consider issuing an Order prohibiting non-parties from unilaterally filing declarations to the docket for this case; as otherwise, based on prior conduct, this kind of disruptive and prejudicial harassment of the Plaintiff is likely to continue throughout the entire lawsuit.

## III.  Statements Of Facts

3.      A non-party filed a Declaration "*In Objection to Plaintiff's Omnibus Motion Dkt #93 and Request for Judicial Notice Dkt #96*" at Docket No. 99. The document was dated August 20 2024, then submitted to this court and docketed on August 27 2024, the day before the motion hearing; which was the first time Plaintiff was made aware of the filing.

4.      On April 19 2024, under Docket No. 62, the same non-party filed a Declaration "*In Support of Defendant's Moton to Strike.*" The document was dated April 16 2024 and mailed to this Court, arriving on April 19 2024 and entered to the docket on April 23 2024, per the docket notes. The non-party identified herself as the person described in Plaintiff's Complaint as "Joanna Appleseed." 4/19 Non-Party Decl at ¶ 1. Appleseed explained she used to work for Apple's Global Security team. *Id* at ¶ 4. Appleseed also explained she sued Gjovik in 2022. *Id* at ¶ 5-6. Appleseed explained she filed the declarations after this lawsuit was

— 1 —

"*brought to [her] attention*" by someone but she does not say who. *Id* at ¶ 3. Appleseed also notes she "*emailed Apple's attorney*" about Gjovik's lawsuit asking for "*options*" to "*have [herself] removed from [the] case.*" *Id* at ¶ 3. Appleseed notes that Apple's counsel "*did not reply*" to her when she contacted them about this. *Id*. Appleseed requested in her declaration that the Court force Plaintiff to remove claims from Plaintiff's federal lawsuit alleging that Appleseed engaged in unlawful activity, which benefited the Defendant, and which harmed Plaintiff. *Id* at ¶ 2 and 9. Appleseed filed a second Declaration on April 30 2024 at Docket No. 66. This second declaration included additional allegations, contradictions, and unlawful requests.

5.      Plaintiff filed a Motion to Strike both Declarations (Docket No. 64, 67) which was granted by the Court on May 20 2024 (Docket No. 73). Appleseed has now filed her third declaration on August 20 2024 (Docket No. 99). Appleseed is not a party to this lawsuit, nor is she expected to be a party in this lawsuit in the future. Plaintiff denies, disputes, and objects to all other facts alleged in the non-party's three declarations.

6.      Plaintiff's complaints allege Appleseed caused Plaintiff harm and did so as an agent of Apple under various vicarious liability theories. Apple's Motion to Dismiss at Docket No. 48 references Appleseed in several sections, including the Bane Act section, writing: "*Plaintiff previously pled that in 2022 'Joanna Appleseed'—while no longer employed at Apple … —filed an FBI report about Plaintiff ….and 'retaliatory litigation' against Plaintiff …. Even if such conduct were to violate the Bane Act, Apple would not be liable as a matter of law.*" Def's Mot. to Dismiss Plaintiff's TAC at pages 18-19. Gjovik and Apple Inc have not disputed that Appleseed did the things Gjovik alleged in her complaints, but Apple does dispute it should be held liable for Appleseed's conduct. Pl's MTS at Docket No. 64, 67. There is no factual dispute between parties on this matter at this point in the proceeding, and thus it is completely inappropriate for a non-party to attempt to

1   inject their own version of events into the court record.

2   7.   As noted in her April 24 and May 1 2024 Motions to Strike, Plaintiff
3   did not use Appleseed's name in her Complaints out of fear; as noted in Plaintiff's
4   Complaints: "*Joanna Appleseed... who worked in Apple's Worldwide Loyalty team*"...
5   "*alias because this person tried to sue Gjovik in 2022 for naming her in charges and
6   legal filings alleging witness intimidation, and Gjovik fears she might try to do it
7   again.*" OC at ¶ 132; FAC at ¶ 630; SAC at ¶ 430. Further, for 8 months in 2022,
8   it was a crime punishable by incarceration for Plaintiff to say or write Appleseed's
9   "*names*" in any *medium* other than "*testifying in administrative or judicial
10   proceedings.*" Docket 64-1 Declaration, Exhibit I, Page 71.

11   8.   In Appleseed's August 20 2024 declaration, Appleseed complains
12   that Plaintiff is speaking about Appleseed. "*Plaintiff continues to reference me and
13   make allegations against me in this lawsuit.*" Appleseed 8/27 Declr. at ¶ 3.
14   Appleseed complains about Plaintiff's request to file a sur-reply at Docket No. 93
15   and Plaintiff's Request for Judicial Notice at Docket No. 96, and asks again for
16   the Court to remove references to her, or discussion about her actions, from this
17   litigation.

18   9.   Appleseed frames her latest filing as an "*Objection*" and
19   "*Declaration.*" *Id.* The Request for Judicial Notice referenced is a request to
20   consider recent 9th Circuit decision establishing new precedent and expanded
21   protection for workers from online harassment by their coworkers and managers.
22   Appleseed appears to take issue with Plaintiff's inclusion of excerpts from the
23   legal memorandum Plaintiff drafted in January 2022 and which Appleseed sued
24   her over in February 2022, demanding the document be removed from public view.
25   Docket 64-1 Declaration, Exhibit A, Page 6; Pl's Req. for Judicial Notice at
26   Docket 96, Exhibit W. Appleseed complains again of this document in her latest
27   declaration at issue.

28   **IV. Issues to be Decided**

10.    First, this Court is to decide whether the "Declaration" is a proper filing, and whether the non-party is allowed to file the document; and if not, the entry at Docket No. 99 should be stricken in its entirety.

11.    Next, if the entry is not stricken in entirety; then this Court should decide whether parts of the document at Docket No. 99 should be stricken, and if any content remains, this Court should decide whether to include the document as part of its consideration of Defendant Apple's pending Motions to Strike and Dismiss, and/or Plaintiff's Request for Judicial Notice.

12.    The Court must also consider if doing so would convert Apple's Motion to Dismiss to into a Motion for Summary Judgement, and if so, would please allow Plaintiff to adequately prepare for such a motion.

13.    Finally, the Court may decide if Appleseed's Declarations can be used as evidence by Plaintiff in support of her claims against Apple.

## V. ARGUMENTS

### A.   The document is an improper declaration & improper amicus.

14.    Appleseed's August 20 2024 declaration contains numerous legal arguments and attempts to summarize and characterize legal matters. This is not what Declarations are for. "The purpose of a declaration is to submit evidence; it is improper to use a declaration to present legal argument." *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006). *In re Marriage of Heggie*, 99 Cal. App. 4th 28, 30, n.3 (2002). Further, the Amicus Declaration offers very few facts and provides no supporting evidence such as exhibits.

15.    A declaration "*must be viewed just as counsel would view live testimony, and may be attacked for any admissibility deficiency.*" § 37:39. Opposition papers— Evidence, 4 Bus. & Com. Litig. Fed. Cts. § 37:39 (5th ed.)  Local Civil Rule 7-5(b) explains: "*An affidavit or declaration may contain only facts, must conform as much*

1  *as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and*

2  *argument. Any statement made upon information or belief must specify the basis*

3  *therefor. An affidavit or declaration not in compliance with this rule may be stricken*

4  *in whole or in part."* The Federal Rules of Civil Procedure Rule 47 and Rule 56 also

5  explains a similar expectation. Affidavits from the moving party may only be

6  considered on a motion to dismiss where they raise no fact controversy but only a

7  question of law. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280

8  (9th Cir. 1977). This Amicus Declaration is in opposition to Plaintiff's filings and

9  thus in support of Apple's Motion to Dismiss so it's subject to this expectation.

10  16.    There is no right of nonparties generally to submit an amicus brief.

11  16AA C. Wright & A. Miller, Federal Practice and Procedure § 3975, pg. 383

12  (2021). Instead, "the amicus must file a motion for leave to file the brief" when

13  consent cannot be obtained. *Id*. The amicus brief itself must accompany the

14  motion for leave, Fed. R. App. P. 29(a)(3), and the filings must be served on all

15  parties. Fed. R. App. P. 25(b). *Sweigert v. Cable News Network, Inc*., 20-cv-12933,

16  19-20 (E.D. Mich. Mar. 21, 2022). Appleseed did not request leave to file the

17  brief/declaration, nor did she obtain consent from the parties, thus it is improper.

18  She also did not serve the parties, and it was only brought to the Plaintiff's

19  attention one day before the hearing.

20  17.    An amicus curiae is not a party and has no control over the litigation

21  and no right to institute any proceedings in it, nor can it file any pleadings or

22  motions in the case. See, e.g., *United States v. Michigan,* 940 F.2d 143, 163-64 (6th

23  Cir. 1991) (disapproving of the *"legal mutant characterized as `litigating amicus*

24  *curiae'"* because it impinged on the inherent rights of the real parties in interest).

25  *NGV Gaming, Ltd. v. Upstream Point Molate, LLC,* 355 F. Supp. 2d 1061, 1068

26  (N.D. Cal. 2005).

27  18.    The vast majority of amicus curiae briefs are filed by allies of litigants

28  and duplicate the arguments made in the litigants' briefs, in effect merely

extending the length of the litigant's brief. *United States v. Michigan,* 940 F.2d 143, 164-65 (6th Cir. 1991). *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). This Amicus Declaration did support Apple's arguments in their Oppositions and as such essentially provides Apple additional pages and allows them to evade the Rules of Evidence that would have prevented them from making these types of allegations in their Reply.

19.    The amicus curiae should present an "objective, dispassionate, neutral discussion of the issues." *In re Enron Creditors Recovery Corp.,* Case No. 01-16034 (AJG), Adv. No. 03-92677, Adv. No. 03-92682, 2 (Bankr. S.D.N.Y. May. 20, 2008). If the information offered conflates or confuses the issues before the court, like it does here, the request for leave to file it should be denied. *Id. Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ 0436, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995).

20.    If the proffer comes from an individual with a partisan, rather than impartial view, like here, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause. C. Rembar, The Law of The Land 330 (1980). *Leigh v. Engle,* 535 F. Supp. 418, 420 (N.D. Ill. 1982). Where a petitioner's attitude toward a litigation is patently partisan, they should not be allowed to appear as amicus curiae. *Liberty Lincoln Mercury, Inc. v. Ford Marketing* Corp., 149 F.R.D. 65, 82 (D.N.J. 1993).

21.    The purpose of an amicus curiae brief is "to assist the court on matters of law." *Banerjee v. Bd. of Trustees of Smith College*, 648 F.2d 61, 65 n. 9 (1st Cir. 1981). It is not, however, to be used to assist with respect to evidentiary claims; therefore, it should not offer factual information favoring a particular party. *Id.*; see also *Strasser v. Doorley,* 432 F.2d 567 (5th Cir. 1970). "An amicus who argues facts should rarely be welcomed." *Id.* at *15 (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)). See also, *Reynolds v. United States*

— 6 —

1  *Gov't*, 7:22-CV-00178-FL, 8 (E.D.N.C. Jul. 21, 2023).

2      22.    Similar to *Sweigert v. Cable News Network, Inc.*, this case also has a

3  non-party submitting an amicus brief wanting to "share facts and evidence"

4  without seeking concurrence from either party and the Plaintiff actively opposes

5  the Amicus document. In that case the Court agreed to strike the amicus filing

6  noting it contained "*conclusory allegations of Plaintiff conspiring with a court*

7  *employee to commit fraud on the court.*" *Sweigert v. Cable News Network, Inc.*, 20-cv-

8  12933, 20-21 (E.D. Mich. Mar. 21, 2022). Appleseed's Amicus Declaration is of

9  the same character and should be stricken, as her prior two were.

10      **B.    An amicus brief or declaration is not appropriate for motions to**

11          **dismiss or to strike.**

12      23.    When making a Motion to Dismiss for failure to state a claim

13  determination, the Court must assume that the plaintiff's allegations are true,

14  construe the complaint in a light most favorable to the plaintiff, and resolve every

15  doubt in the plaintiff's favor. *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F.

16  Supp. 1033, 1036, 20 U.S.P.Q.2d (BNA) 1207 (N.D. Cal. 1991). Affidavits cannot

17  be treated as proof contradictory to well-pleaded facts in the complaint. *Slagle v.*

18  *U.S.*, 228 F.2d 673 (5th Cir. 1956). The court may take cognizance of and consider

19  facts disclosed otherwise than in the complaint, such as in an affidavit, brief, or

20  argument, only where such facts are undisputed or the parties consent to their

21  consideration. *Boro Hall Corporation v. General Motors Corporation*, 124 F.2d 822

22  (C.C.A. 2d Cir. 1942).

23      24.    The Court "is normally required to look only to the allegations on the

24  face of the complaint" when adjudicating a motion to dismiss. *Roth v. Jennings*, 489

25  F.3d 499, 509 (2d Cir. 2007). Accordingly, the Court generally cannot consider

26  affidavits and exhibits on a motion to dismiss. *Faiveley Transport USA, Inc. v.*

27  *Wabtec Corp.*, 758 F. Supp. 2d 211, 216 (S.D.N.Y. 2010). For the purpose of testing

28  whether the complaint states facts sufficient to constitute a cause of action, the

— 7 —

1    allegations of fact cannot be challenged by affidavits to the contrary. *Hoy v.*
2    *Progress Pattern Co.*, 217 F.2d 701 (6th Cir. 1954).  Nor may the court consider
3    conclusions of law and unwarranted inferences of fact. *Lewis v. ACB Business*
4    *Services, Inc.*, 135 F.3d 389, 39 Fed. R. Serv. 3d 1376 (6th Cir. 1998).

5        25.   "Motions to strike are to be decided on the pleadings alone." *Medevac*
6    *MidAtlantic, LLC v. Keystone Mercy Health Plan,* 817 F. Supp. 2d 515, 520 (E.D.
7    Pa. 2011). If there is a disputed question of fact or law on a motion to strike, the
8    court should defer action on the motion and leave the sufficiency of the allegations
9    for a determination on the merits. *Oneida Indian Nation of New York v. New York,*
10   194 F. Supp. 2d 104 (N.D. N.Y. 2002).  Appleseed's request is not appropriate for
11   a 12(f) motion to strike or a 12(b)(6) motion to dismiss.

12       26.   Even though affidavits usually constitute "matters outside the
13   pleading" within the meaning of Fed. R. Civ. P. 12(b), an affidavit filed by the
14   plaintiff which merely reiterates the claim stated in the complaint in general and
15   conclusory language does not convert a Fed. R. Civ. P. 12(b)(6) motion to one for
16   summary judgment. *Aldahonda-Rivera v. Parke Davis & Co.,* 882 F.2d 590, 14 Fed.
17   R. Serv. 3d 713 (1st Cir. 1989). Further, in opposition to a motion to dismiss for
18   failure to state a claim, a plaintiff may submit materials outside the pleadings to
19   illustrate the facts that the plaintiff expects to be able to prove, even if such
20   materials were not attached as exhibits to the complaint. Fed.Rules Civ.Proc.Rule
21   12(b)(6), 28 U.S.C.A. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and*
22   *Northwest Indiana*, 786 F.3d 510 (7th Cir. 2015). Plaintiff attached several exhibits
23   to her prior Motion to Strike in order to show some of the facts she expects to be
24   able to prove and which are in direct contraction with the unsubstantiated
25   allegations against her in these Amicus Declarations.

26       27.   This latest attempt by Appleseed to introduce another Amicus
27   Declaration is yet another attempt to "poison the well," "stack the deck," and
28   attack Plaintiff's character. This matter should be decided on the merits – not a

legal street fight. Plaintiff should not have to immediately defend her integrity and character at the beginning of her own lawsuit.

**C.   The sur-reply was denied, so there is nothing to respond to.**

28.   The Court denied Plaintiff's request for leave to file a sur-reply on August 22 2024 (Docket No. 98). Therefore, the non-party "response" to Plaintiff's proposed sur-reply is moot and should be denied.

**D.   Appleseed's non-party filings in this case are unlawful attempts to harass and intimidate the Plaintiff, in continuance of the multi-year campaign to get Plaintiff to drop claims and change her testimony.**

29.   Appleseed is one of the actors who has undertaken a multi-year effort to silence the Plaintiff, to get Plaintiff to drop/reduce legal claims against Apple, and to change her testimony against Apple. Appleseed has been transparent about these aims – citing the reason behind her incessant stalking and harassment of Plaintiff as including: Plaintiff's NLRB charge against Apple, Plaintiff's whistleblower disclosures to the US SEC about Apple, a legal memo Plaintiff drafted for federal law enforcement alleging criminal conduct by Apple, and Plaintiff's claim that Apple's termination of her employment was retaliation – and refusal by Plaintiff to say, as Appleseed has repeatedly demanded, that Plaintiff was fired "because [Plaintiff] leaked IP.". (See prior Motion to Strike and exhibits, see also dozens of allegations in the Plaintiff's 2nd Amended Complaint).

30.   Appleseed alleges in her uninvited and unwelcome unilateral filings to this lawsuit, for which she is not party, that this lawsuit is intended to harass her. She's also claimed that Plaintiff's prior legal activities were also about Appleseed. First, none of this is about Appleseed as she's not a party, and she would no longer be relevant in the matter if she had just left the Plaintiff alone, as the Plaintiff repeatedly requested. Second, Appleseed tried to sue Plaintiff directly, filling the filings and testimony with Plaintiff's protected activity and claims against Apple, and losing that lawsuit. Now, Appleseed has invited herself

— 9 —

1   to this lawsuit, which she is not a party, and is attempting to make herself a party
2   by filing three separate declarations over the last five months.

3       31.   If Appleseed thought Plaintiff's actions were actually targeting her,
4   one would think she would have attempted to take additional legal action directly
5   against the Plaintiff, and would not have publicly announced her involvement in
6   this litigation, defending Apple Inc and opposing the Plaintiff, and filing
7   identifying statements to the permanent, public court record.

8       32.   All of Appleseed's justifications for harassing the Plaintiff are based
9   on Plaintiff's protected activity directly related to Apple Inc. Despite Appleseed's
10  incessant reference to the now-overruled and vacated March 1 2022 unwritten,
11  oral Decision of a Limited Court of Jurisdiction in the state of Washington, that
12  did not include an evidentiary proceeding, and was primarily based on less than
13  an hour of Appleseed's oral testimony –even that proceeding revolved around
14  Apple Inc, not Appleseed. Furthering this conduct, today Appleseed now alleges
15  that Plaintiff's Complaint in this lawsuit against Apple Inc is "unlawful." Docket
    No. 99, ¶ 12.

16      33.   In this matter, from the start, Plaintiff attempted to avoid using
17  Appleseed's name in hope that Appleseed would not try to interfere with her
18  lawsuit, or retaliate against her due to her lawsuit, as Appleseed has tried to do,
19  or threatened to do, with her prior charges. Despite not using Appleseed's name,
20  Appleseed has now repeatedly, unilaterally, publicly declared her involvement in
21  this matter. Plaintiff does not need to talk about Appleseed specifically because
22  Appleseed is not a party, and the actions complained of by Plaintiff are all directly
23  related to and for the benefit of Apple Inc. The only person insisting that
    Plaintiff's lawsuit is about Appleseed, is Appleseed.

24      34.   This is a continuation of a pattern of harassment against Plaintiff by
25  Appleseed. (Docket 64-1 Declaration). Two witness statements were submitted in
26  support of Plaintiff, against Appleseed, during that 2022 proceeding. Both
27  statements attested to a pattern of trying to silence Plaintiff about her complaints
28  about Apple, and both attested that they witnessed Appleseed's harassment of

— 10 —

1  Plaintiff, which centered around Plaintiff's government charges against Apple. *Id.*
2  Further, it appears Apple still has not told Appleseed to stop interfering with this
3  lawsuit. The ratification standard for vicarious liability is relevant even in these
4  improper filings.

5      35.    Appleseed has also attended at least one of the prior hearings on for
6  this lawsuit, naming herself on the Zoom and clearly attempting to intimidate the
7  Plaintiff. Plaintiff was intimidated, did feel harassed, and did report Appleseed's
8  interference in this lawsuit and continued stalking to law enforcement. Over the
9  last three years, Plaintiff has reported Appleseed's conduct to multiple
10  government bodies and law enforcement agencies, including all of these latest acts
11  of intimidation and harassment, as they continue to occur. That is all that can be
  said in this forum.

12
13      **E.**    **The amicus declaration violates the rules of evidence.**

14      36.    Plaintiff objects to many statements made in the Amicus Declaration.
15  Many of the non-party's allegations are false, and most are unsubstantiated and
16  misleading. Fed. R. Evid. § 403 requires a declarant to bear the burden of
17  producing evidence as to the existence of a preliminary fact, including where the
18  preliminary fact is "the personal knowledge of a witness concerning the subject
19  matter of his testimony." Fed. R. Evid. § 403(a)(2). Neither Defendant nor the
20  non-party have substantiated any of non-party's allegations.

21      37.    Plaintiff's objections are as follows:[1]

22

| Objection No. | Material Objected To | Grounds for Objection | Ruling |
|---|---|---|---|
| 1 | Docket No. 99 ¶ 4 | Irrelevant (Fed. R. Evid. § 401). | Sustained: _____ |

27
28  [1] Note: Plaintiff will not comment on Appleseed's allegations about her own protected activities as that is irrelevant here and does not concern the Plaintiff.

— 11 —

| | | | | |
|---|---|---|---|---|
| 1 2 | | Details of Appleseed's alleged interests, hobbies, and achievements. | Confusion (Fed. R. Evid. § 403). | Overruled: _____ |
| 3 4 5 6 7 | 2 | Docket No. 99 ¶ 4<br><br>Allegations about when or how Appleseed met Plaintiff, or communicated with Plaintiff, more than three years ago. | Irrelevant (Fed. R. Evid. § 401).<br><br>Confusion (Fed. R. Evid. § 403). | Sustained: _____<br><br>Overruled: _____ |
| 8 9 10 11 12 13 14 15 16 17 | 3 | Docket No. 99 ¶ 3, 5, 11<br><br>Legal arguments about Apple's vicarious liability for actions of Appleseed. Legal argument about the propriety of Plaintiff making any reference to Appleseed in this lawsuit.<br><br>Statements assessing Apple's legal liability: "*Nor have I any legal connection with Apple Inc,*" "*Apple… has no stake in the way Plaintiff characterizes me,*" etc. | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b).<br><br>Argumentative (Fed. R. Evid. § 403. | Sustained: _____<br><br>Overruled: _____ |
| 18 19 20 21 22 23 24 | 4 | Docket No. 99 ¶ 5-6<br><br>Complaints that Plaintiff allegedly talks about Appleseed too much; and concurrently, complaints that Plaintiff also allegedly does not talk about Appleseed enough. | Argumentative (Fed. R. Evid. § 403).<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b). | Sustained: _____<br><br>Overruled: _____ |
| 25 26 27 28 | 5 | Docket No. 99 ¶ 5<br><br>Allegations of misconduct, dishonestly, corruption, wrongdoing, and criminal | Argumentative (Fed. R. Evid. § 403) | Sustained: _____<br><br>Overruled: _____ |

| | | | | |
|---|---|---|---|---|
| | | conduct by Plaintiff – without basis. | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b).<br><br>Harassment; Defamation. | |
| | 6 | Docket No. 99 ¶ 5, 6, 7, 8<br><br>Allegations against Plaintiff, re: "*conceals*," "*cherry picks*," "*bad faith*," "*maliciously*," "*false light*," "*lies*," "*omissions*," "*categorically false*," etc. | Argumentative (Fed. R. Evid. § 403)<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b).<br><br>Harassment; Defamation. | Sustained: _____<br><br>Overruled: _____ |
| | 7 | Docket No. 99 ¶ 6<br><br>Opinions on the content in Plaintiff's "legal memo" and Plaintiff's intent in drafting said memo. Opinions about Plaintiff's behavior related to the memo, including comparing the publication of a legal memo on a website like a law firm does as unlawfully "*publicizing*" something. | Out of Context (Fed. R. Evid. § 106).<br><br>Argumentative (Fed. R. Evid. § 403).<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b). | Sustained: _____<br><br>Overruled: _____ |
| | 8 | Docket No. 99 ¶ 5, 6, 8, 9, 10, 11, 12<br><br>Commentary about things Plaintiff may have said or things people may have said to Plaintiff occurring during the prior 34 months – during which time Plaintiff has not | Out of Context (Fed. R. Evid. § 106).<br><br>Argumentative (Fed. R. Evid. § 403).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b). | Sustained: _____<br><br>Overruled: _____ |

— 13 —

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 | | initiated contact with Appleseed, has refused to respond to Appleseed trying to contact Plaintiff,  and any comments by Appleseed about Plaintiff are based on information gathered during Appleseed's stalking of the Plaintiff activity. | Hearsay (Fed. R. Evid. 801). Implication of stalking / surveillance Irrelevant (Fed. R. Evid. § 401). | |
| 7 8 9 10 11 12 | 9 | Docket No. 99 ¶ 5 Opinion on complex vicarious liability and agency legal theories, presented as a "*false narrative*" and alleging Plaintiff supposedly alleged Appleseed is "*a secret agent of Apple…*" | Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703). Opinion and legal arguments. Civil L.R. 7-5(b). Hearsay (Fed. R. Evid. 801). | Sustained: _____ Overruled: _____ |
| 13 14 15 16 17 18 19 20 21 22 23 | 10 | Docket No. 99 ¶ 7, 8 9, 10 Denial of Appleseed's own transcribed testimony from January 31 2022. Unilateral claims that "*people*" have told Plaintiff certain things "*numerous times.*" Disputing facts alleged in the Plaintiff's complaints and filings. Claims of knowledge of conversations occurring between Plaintiff and a lawyer, protected under Attorney Client Privilege. False statements made about the webform incident. | Obstruction; Harassment. Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703). Opinion and legal arguments. Civil L.R. 7-5(b). Argumentative (Fed. R. Evid. § 403). Hearsay (Fed. R. Evid. 801). | Sustained: _____ Overruled: _____ |
| 24 25 26 27 28 | 12 | Docket No. 99 ¶ 9 Details of alleged charges Appleseed claims to have filed with the government about Apple Inc or her other employers. Opinions on whether Plaintiff is allowed to | Obstruction; Intimidation Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703). | Sustained: _____ Overruled: _____ |

| | | | |
|---|---|---|---|
| | | talk about events in her own life, and if so how she may talk about them, if they relate to those claims. | Opinion and legal arguments. Civil L.R. 7-5(b).<br><br>Hearsay (Fed. R. Evid. 801). | |
| 13 | | Docket No. 99 ¶ 10<br><br>Presenting a defense as to why Appleseed says she did not intend to file a complaint about Plaintiff's legal filing claiming it was a specific felony, but instead intended to report the protected federal legal filing as a different crime, and presenting opinion that she claims she proved it was not intentional to report the memo as that specific felony (despite all evidence to the contrary). | Obstruction; Harassment.<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b).<br><br>Hearsay (Fed. R. Evid. 801).<br><br>Out of Context (Fed. R. Evid. § 106). | Sustained: _____<br><br>Overruled: _____ |
| 14 | | Docket No. 99 ¶ 10<br><br>Assertions of insider knowledge of law enforcement activities including investigations or lack of investigations into the Plaintiff on certain topics. | Obstruction; Intimidation<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b). | Sustained: _____<br><br>Overruled: _____ |
| 14 | | Docket No. 99 ¶ 12<br><br>Allegations that Plaintiff's Complaint and filings in this lawsuit are "*unlawful.*" | Obstruction; Intimidation; Coercion; Harassment.<br><br>Improper Opinion / Speculative (Fed. R. Evid. §§ 602, 701, 703).<br><br>Opinion and legal arguments. Civil L.R. 7-5(b). | Sustained: _____<br><br>Overruled: _____ |
| 15 | | Docket No. 99 | Improper request of non-party | |

— 15 —

| | Requests to censor, strike, or otherwise restrict Plaintiff's claims and allegations in this lawsuit. | Obstruction; Intimidation; Harassment. | Sustained: _____  Overruled: _____ |
|---|---|---|---|

1    **VI. CONCLUSION**

2       38.    This court commented to Plaintiff in January that "Plaintiff is not

3    expected to try the entirety of her case in the complaint." *Gjovik v. Apple Inc.*, 23-

4    cv-04597-EMC, 3 (N.D. Cal. Jan. 30, 2024). The court should have more insight

5    now, based on the motions and declarations from Apple's counsel and Appleseed,

6    as to why Plaintiff felt it necessary to try to argue her entire case in her complaint.

7       39.    Considering all of the above, Plaintiff respectfully asks the Court to

8    strike Docket No. 99 in its entirety; and if not, then to strike the improper

9    statements made within the Amicus Declaration as outlined in the objections

10   above.

11      40.    Plaintiff requests that this type of "evidence" cannot be considered

12   for Apple's preliminary Motion to Dismiss or Motion to Strike. Plaintiff also asks

13   that the Amicus Declaration can be used as evidence in support of Plaintiff's

14   allegations of violations of IIED and other claims later in this lawsuit.

15      41.    Plaintiff specifically requests consideration of:

16           a. Appleseed's admission she directly contacted Apple's lawyers to

17              try to discuss how to reduce Apple's liability in this lawsuit.

18              (Docket No.'s 62, 66, 99).

19           b. Appleseed's allegation that Apple's lawyers never replied to her –

20              which means Apple never warned her not to interfere, despite

21              knowing her prior actions. (Docket No.'s 62, 66).

22           c. Appleseed's admission that someone tipped her off about this

23              lawsuit which incited her to file the first Amicus Declaration.

24              (Docket No.'s 62, 66).

25           d. Appleseed's claim of being a "witness in defense" for Apple in the

26              NLRB matter. (Docket No.'s 62, 66).

27

28

e. Appleseed's requests to force Plaintiff to have to withdraw allegations and evidence against Apple in Plaintiff's federal lawsuit. (Docket No.'s 62, 66, 99).

f. Appleseed admitting all of the above in "support" of Apple's Motions to Strike and Dismiss Plaintiff's Complaint (Docket No.'s 62, 66, 99).

42. Plaintiff requests consideration of 'closing' the docket for non-party filers who are not pre-approved amicus curiae. Plaintiff also respectfully requests if the Motion to Dismiss is converted to a Motion for Summary Judgement, that Plaintiff have more time and an opportunity to present additional relevant evidence.

Dated: August 27 2024

Signature:

---

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email:** legal@ashleygjovik.com
**Physical Address:**
Boston, Massachusetts
**Mailing Address:**
2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone:** (408) 883-4428