**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **ASHLEY GJOVIK**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | |
| vs. | **Emergency Administrative Motion** |
| **APPLE INC**, a corporation, | **Supporting Declaration** |
| Defendant. | |

## Declaration of Ashley Gjovik

Pursuant to 28 U.S.C. § 1746, I, Ashley M. Gjovik, hereby declare as follows:

My name is Ashley Marie Gjovik. I am a self-represented Plaintiff in this above captioned matter. I make this Declaration based upon my personal knowledge and in support of Plaintiff's Emergency Motion for Extension/Stay for the Deadline to file the Fifth Amended Complaint. I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

The basis for my request for an extension of time is the pending Ninth Circuit appeal. For the reasons discussed in the concurrently filed Motion to Stay, and summarized here, it would be in the best interest of the court and Parties to stay further proceeding until a decision is made in the appeal, as it is likely the appellate court will hear and decided at least some of the claims, and that will likely require amended the complaint once again. Staying the next amendment of the complaint and the proceedings will reduce unnecessary and duplicative work, reduce complexity and confusion, and promote judicial economy.

Further, I face irreparable harm if I am forced to remove and withdraw my claims dismissed with prejudice but pending appeal, and/or fail to plead claims given leave to amend but with a concurrent threat of sanctions for amending (ie, IIED – Cancer). Additionally, it is unfair for me to have to amend my complaint with major, significant, critical facts and allegations now dismissed with prejudice from the case.

I apologize for the extra work in reviewing these motions and adapting to the request for an appeal, and for how long it took me to draft these motions – I've never done this before and there is no pro se assistance for this (I did try the pro se clinic). The Ninth Circuit also has a pro se team, but it appears that group assists the court in dealing with pro se litigants, instead of helping pro se litigants navigate the court.

I believe the benefit in pursuing this appeal now outweighs any prejudice to the parties, as many of the issues raised for appeal are novel issues of first impression and would need to be dealt with anyways later in the litigation. Further, this case is the first of what is likely to be much litigation against the Defendant over their illegal fabrication facility.

Further, it would be a miscarriage of justice to deny due process in this proceeding for discretionary reasons, when it impacts the rights of thousands of others, as well as the U.S., California, and local governments who are all investigating these environmental violations. Without a stay, there will be irreparable harm.

Similarly, there are significant developments in related and relevant adjudications that would directly impact the matters contained in the pleadings. Since the Fourth Amended Complaint, the U.S. EPA issued a report of inspection findings, the BAAQMD has cited Apple for at least six formal violations of air quality laws (operating without permits, failure to notify BAAQMD they were operating a fab, and illegally exhausting large quantities of toxic chemicals into the outdoor air),

and the NLRB issued a complaint against Apple based on my charges that their confidentiality, non-disclosure and non-compete agreements, and a number of their work policies including misconduct and social media use, all violate federal labor law. (Dkt. 111).

The U.S. NLRB also just last week issued a Decision of Merit that Apple's suspension and termination of my employment in 2021 violated the NLRA, and cited at least eight additional individual violations of federal labor laws in Apple's conduct towards me between March 2021 – September 2021. An added benefit of the requested extension and stay is it will allow more time for these developments to progress and then they can be properly reflected in the complaint and allegations.

I contacted the Defendant to discuss this matter and they expressed they oppose an extension of the deadline and oppose the stay and oppose the appeal. My emails with them are attached as Exhibit C.

Despite the Defendant's stated position, it still has not cooperated in initial discovery and disclosures and has repeatedly argued that it believes court processes should be stayed/delayed until the "pleadings are settled," which they are not. Further, even after light questioning today, the Defendant has now said it wants the Settlement Conference proceedings stayed. I think Defendant will be fine if the complaint deadline is extended or stayed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 22 2024.

Executed on: Oct. 22 2024

Signature:

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

# Exhibit C

# RE: Meet/confer email about Motion to Stay District Court proceedings pending appeal

| | |
|---|---|
| From | Riechert, Melinda <mriechert@orrick.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Booms, Ryan<rbooms@orrick.com>, Juvinall, Kate<kjuvinall@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Tuesday, October 22nd, 2024 at 7:31 PM |

Ashley,

We disagree with many of the characterizations in your emails. We are responding to the main issues you raise.

As for the Motion to Dismiss the Ninth Circuit Appeal, the basis for the motion is that the Court of Appeals only has jurisdiction over "final decisions of the district courts" under 28 U.S.C. § 1291.  The order from which you appealed is non-final because it dismissed only some parts of some claims and explicitly contemplated further proceedings in the case. The collateral-order exception does not apply here, nor do any of the limited jurisdictional grants in § 1292. Thus, the Ninth Circuit lacks appellate jurisdiction.  If you disagree, please let us know why you think you have the right to file the appeal. If you agree, please dismiss the appeal. As noted below, we do not agree to stay the district court proceedings while the Ninth Circuit decides if it has jurisdiction to hear your appeal and see no need for a stay.

Regarding discovery in the NDCA case, you are incorrect when you say that the Judge stayed the GO71 disclosures. There is a difference between initial disclosures, including GO71 disclosures which are the initial disclosures used in employment cases, and discovery. The Judge has ordered the initial disclosures, including the GO71 disclosures, to go forward. Apple has complied with its obligations under GO71. With respect to discovery (documents requests, interrogatories, requests for admissions, depositions) the Court has allowed only limited discovery to proceed: "Based on the Court's ruling here, the only discovery permitted at this time is "Phase I" discovery (*i.e.,* discovery needed for the settlement conference) on Counts 1 and 3 (which Apple did not contest at all in its motion to dismiss) and those parts of the retaliation claims above that were not challenged or that otherwise survived." October 1, 2024 Order (Dkt. 112),  at 41. Since no discovery has been served, nothing further is required and there is nothing for you to move to compel.

As for the settlement conference, we see no need to continue the scheduling conference on November 12, as it is simply a precursor to the settlement conference that is not yet scheduled. Further, we are not in a position to evaluate how Apple will respond to the 5AC because you have not yet filed it and we have not had an opportunity to review.

Thanks,

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929
mriechert@orrick.com



---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, October 21, 2024 9:03 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Subject:** RE: Meet/confer email about Motion to Stay District Court proceedings pending appeal

[EXTERNAL]

Also, one more question -- you previously said you refuse to have a settlement conference until you know exactly which claims will be allowed to proceed -- but Judge Chen gave me leave to amend again, and did not restrict you to only filing an answer in response -- so assuming Apple files another Motion to Dismiss in district court, then you still would not know what claims are part of the lawsuit at the time of the settlement conference.

If Apple is insisting we proceed with the settlement conference as scheduled, is Apple also planning on filing an answer instead of a motion to dismiss, in response to the 5AC?

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, October 21st, 2024 at 11:51 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> Thank you for finally responding.
>
> If Apple files motion to the 9th Circuit, that is even more activity in the 9th Circuit and would not change the need to stay the district court proceedings pending appellate decisions.
>
> As you do not even know my arguments for jurisdiction, or even specifically what issues I'm appealing - as you have not contacted me at all about this until now - would you want to save your Motion to Dismiss until after I file my opening brief? If you file a MTD first, it does give me more pages to argue jurisdiction in response, and then even more pages for the brief to focus on the substance under appeal itself. Or perhaps you have questions you'd like to ask now, to understand the merits of my appeal, prior to filing a MTD - so you're not just guessing what my appeal is about?
>
> Understood on your position for district court proceedings. I wish you could have simply said that sooner - as now I'm further behind schedule in filing the motions. Because you do not not want to stay anything in the DC proceedings, then we are well overdue for our initial discovery / high-level document exchange. I've already asked for some specific documents, and further disclosures, and there was no response from Apple. Again, I will be deposing 1-2 people involved in deciding to terminate my employment, prior to the settlement conference, and Apple still has not released to me any documents that reveal the timeline, people, and events that lead to the termination other than the formality of Yannick sending an email ghost written by unknown parties. I need that information and those documents at least a week before the next settlement conference scheduling meeting. I also asked Apple what documents they would need, repeatedly offering to share high level documents they feel are critical, and they have not said anything other than requesting full GO71 discovery (which was stayed after Apple asked to stay it), and wanting a deposition. The next ADR conference is 11/12 and the actual conference itself is supposed to be completed by Dec/January - which is soon. I also emailed you questions and requests about depositions which you have not responded to. I will file the motion to compel if Apple continues to refuse to participate in discovery (while Apple concurrently demands we continue discovery...).
>
> Let me know.
>
> Understood on Morgan Lewis. I'll still file an updated notice of pendency to the district court when the US gov complaint is served over my illegal termination and suspension, and 8+ ULPs. It sounds like NLRB will likely file it this week or next week. I will also add

the BAAQMD formal violation citations for operating without permits and illegal emissions. I'm waiting on copies of the formal notices that were served to Apple last month. If you could share those as part of the high level discovery, I'd appreciate it.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, October 21st, 2024 at 9:05 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> We will be filing a motion to dismiss the Ninth Circuit appeal for lack of appellate jurisdiction. Under 9th Cir. R. 27-11(a)(1), the filing of the motion to dismiss will stay the appellate briefing schedule.
>
> In light of that, we do not agree any stay of proceedings in the NDCA case would be appropriate, including the scheduled settlement conference. As such, Apple will oppose a request to stay the NDCA proceedings as well as any request to extend the deadline to file a Fifth Amended Complaint.
>
> No need to cc us on your communications with Morgan Lewis.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley

T 650/614-7423

M 6507591929

mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, October 21, 2024 10:34 AM
**To:** Booms, Ryan <rbooms@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** Re: Meet/confer email about Motion to Stay District Court proceedings pending appeal

[EXTERNAL]

Hello,

I need to file the motion requesting a deadline extension very soon and I have not heard back from you about these questions. If I don't hear back soon, I will file both motions as mentioned and note that I tried to meet/confer with Apple but could not get a response.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, October 17th, 2024 at 11:14 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,

A couple questions for you --

First, I'm preparing to file a Motion requesting a Stay of District Court proceedings pending the 9th Circuit Appeal. A stay seems like something beneficial for both parties -- as otherwise my next step is filing the Motion to Compel I've been talking about for a while now, and the revised complaint and response would probably need to be redone later anyway. I wanted to see if Apple would be willing to stipulate to a stay, and/or not oppose it.

If not, I will also be filing a motion to delay the deadline of the 5AC until a decision is made on the Motion to Stay, and would like to see if Apple would be willing to not oppose that (even if it opposes the motion to stay).

I also wanted to check if Apple had an opinion about staying the settlement conference or not. As mentioned, I've been concerned that Apple has no intention to settle -- so continuing with the conference along with the appeal is fine, but maybe we both stipulate to not doing the initial discovery. Otherwise, my position would be to stay the conference if I'm asking to stay everything else, then wait until the appeal is done, and then assess what needs to be done prior to the conference. Also, as mentioned, when Apple's actually ready to chat, it sounds like Scheinman is probably a good option.

Second, I just wanted to check to ensure you're up to date on the NLRB cases and/or check if you need anything related to those cases. Like, do you want me to cc one or more of you when I'm emailing with Morgan Lewis, or sending them documents, or whatever? Let me know if there's anything you'd expect - otherwise I will treat them separately.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS**, **JD, PMP**

Sent with Proton Mail secure email.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.