**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY GJOVIK**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **APPLE INC**, a corporation, <br><br> Defendant. | Case No. 3:23-CV-04597-EMC <br><br> **ADMIN. MOTION & DECLARATION REQUESTING INFORMATION.** <br> - *Inquiry about hearing attendance* <br> - *Addendum to 8/28/24 transcript* <br> **Civil Local Rule 7-11** |

# Administrative Motion & Declaration:

My name is Ashley Marie Gjovik. I am a self-represented Plaintiff in this above captioned matter. I make this Declaration based upon my personal knowledge. I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto. This is an Administrative Motion under Civil L.R. 7-11, requesting 1) clarification of a court order issued Aug. 28 2024, and 2) an addendum or notation to be added to the Aug. 28 2024 transcripts.

## I. Summary

On Aug. 28 2024 this Court held a hearing for the Defendant's latest Motions to Dismiss and Motion to Strike. Previously, the Court ordered that any hearings where one party needs to join via Zoom will be held on Zoom for all parties. (May 16 2024, Dkt. 75, pages 23-24, excerpt on the next page).

However, on Aug. 26 2024 the court asked the Defendant to join the Aug. 28 2024 hearing in person. With such little notice, there was no way for me, a pro se Plaintiff, to fundraise and arrange a way to travel across the country for the hearing. I joined the hearing through Zoom and the Defendant joined in person as the Courthouse.

During the hearing there were severe internet connection issues that appeared to have originated from the court's connection and/or Zoom instance, as other people on the Zoom experienced the same connection issues that I did. I reported this to the Deputy on Aug. 28 2024.

Because Apple had attorneys in person at the court room, a significant portion of the hearing was unavailable to me, and which ended up essentially being an ex parte conversation between Apple and the court, and that I was not able to hear or participate in.

On Aug. 30 2024, the deputy communicated that a ticket was filed with IT about the connection issues. ("*Thank you for your email. This problem has been reported to our IT department.*")

```
 8        MS. GJOVIK:  Thank you, Your Honor.
 9        I live in Boston, and I don't have expendable income
10   for travel so I would be very appreciative, and I was going to
11   reach out to your deputy and ask what the preferred way to
12   request to convert is.
13        THE COURT:  Well, you can request that now.  I mean,
14   normally you could -- and that's exactly the kind of situation,
15   if somebody's got to come across country and it's a financial
16   difficulty, or to fly counsel across country for a 10-minute
17   argument, you know, I want to be reasonable about that.
18        So, yeah, if you're across country and you're
19   representing yourself at this point, I'd -- let's just do this
20   one by Zoom.  We'll note that.
21        MS. RIECHERT:  I can appear in person because I'm
22   local, but I'm also happy to do it by Zoom, whichever Your
23   Honor prefers.
24        THE COURT:  Yeah, I think it's -- hybrid can be done
25   but it's easier if we're all on the screen instead of half and
```

```
 1   half, so we'll do it by Zoom.
 2        MS. RIECHERT:  Sounds good.
 3        THE COURT:  Okay.  Thank you, everyone.
 4        MS. RIECHERT:  Thank you very much.
 5        THE COURT:  Thank you.
 6        MS. GJOVIK:  Thank you, Your Honor.
 7        (Proceedings concluded at 2:01 p.m.)
```

*May 20 2024 Transcripts at pages 23-24, Dkt 75.*

As reported to the Deputy, I could only hear a small portion of the hearing and had no idea what was asked or said by the court or Defendant during that time. I only learned of some questions and instructions when I read the transcripts after the fact. Please see [Exhibit B](Exhibit B) for an attached witness statement from another person who was on the Zoom version of the Aug. 28 hearing and also witnessed the connection issues.

The transcripts also revealed to me that many things I tried to say were never heard by the court – including answering the court's questions on substantive matters (resulting in dismissals with prejudice), and also trying to tell the court about the internet connection issues I was experiencing. I was concerned about my supplementary brief being denied and I had requested permission to file a short brief with the critical points I was trying to make during the hearing. The court denied this request on Oct. 1 2024 and dismissed claims with prejudice regardless of the actual merit.

On Sept. 13 2024 I contacted the Deputy and asked if I could file a letter apologizing to the court. The transcripts revealed that the court was very upset with me and thought I was intentionally interrupting Judge Chen. I said I was "mortified" and asked for a way to apologize – as Judge Chen had told me not to file anything else to the docket for the pending Motion to Dismiss.

The transcript revealed to me that the court had ordered that I was no longer able to attend hearings via Zoom, and that I must fly across the country for any future hearings. I did not hear this at that time due to the court's internet connection issues. At the end of the hearing, the court scheduled the next hearing on Zoom for all parties – and I did hear that.

Thus, I also asked the deputy for clarification if I am still expected to join in person. The Deputy never responded to my request or statement. Attached as [Exhibit A](Exhibit A) is a true and correct copy my emails with the court deputy about the hearing. The emails are dated between Aug. 28 2024 and Sept. 14 2024.

## II. IMPACT & PREJUDICE

It appears some of my claims may have been dismissed with prejudice at

Administrative Motion & Declaration | - 3 - | 3:23-CV-04597-EMC

least partially due to these technical issues.

Further, despite my attempt to dispute the Defendant's points in my Opposition,[1] the supplementary brief,[2] and during the hearing – the points I made were disregarded or not heard, and instead the court said I "conceded" to these points.

```
1   there's a distinction between the word "workplace," which is
2   unqualified, and you can't --
3           MS. GJOVIK:  So this is actually defined --
4           THE COURT:  Hold on.  Hold on.
5           MS. GJOVIK:  -- in the statutory analysis that they --
6           THE COURT:  Hold on.
7           MS. GJOVIK:  -- that they also said there were --
8           THE COURT:  Hold on.  Ms. Gjovik, Ms. Gjovik I'm going
9   to cut you off.
10          MS. GJOVIK:  -- interpretations that "operations" --
11          THE COURT:  Ma'am --
12          MS. GJOVIK:  -- means workplace.
13          THE COURT:  Ma'am, I'm going to cut you off if you
```

**Aug 28 2024 Transcript at page 11. (Dkt 106).**

I did not concede these points and instead provided an extensively detailed analysis of the statute and statutory scheme in the supplemental brief, and attempted to argue these points in depth during the hearing. However, it appears the court did not hear most of my arguments due to the connection issues. I also could not hear a significant amount of the court's statements and questions.[3]

---

[1] Note: which was already over the page limit and I complained in my response I did not have enough time to respond to all of their points in only two weeks.
[2] "Apple repeatedly claimed Plaintiff conceded to its arguments. [Reply 8/5 at 4, 5, 9, 10, 13]. I concede nothing. Plaintiff responds to substantive points with additional detail herein." Plaintiff's supplemental brief and objections, Dkt. 93 at page 6, ¶ 11. "Plaintiff does not 'concede' to waiving her Section 6399.7 claim." Id. at page 45, ¶ 108. (Aug. 18 2024).
[3] "The Court therefore deems any opposition waived. Although Ms. Gjovik is a pro se litigant, she appears to have a J.D. and is thus aware of the consequences of a failure to oppose. As a practical matter, the Court notes that its ruling here… prevents Ms. Gjovik from including the

> suffered great bodily injury from Apple's illegal conduct and emissions. Cal. HSC § 42400.1 Cal. Penal Code § 12022.7.
>
> **K. Cal.Lab.C. § 6399.7 (via § 6310) includes HAZWOPER.**
>
> 108. Plaintiff does not 'concede' to waiving her Section 6399.7 claim. [Def's Reply at 12-13]. First, this claim has been in every complaint in this lawsuit. [7/31 Declaration Exhibits A-C]. Defendant has repeatedly taken advantage of Plaintiff's vulnerability in having to dramatically shorten the length of her complaint and continues to attack claims it knows she has pled and can plead but

*Aug 18. 2024 Sur-Reply (Brief, Objections, & Proposed Supplement)*

```
16  don't say "hazardous substances"; they say "hazardous
17  chemicals."  HAZWOPER will define hazardous substances as both
18  chemicals and waste specifically.
19       THE COURT:  How does this -- hold on a second.
20       MS. GJOVIK:  So there are interpretations that the
21  terminology used --
22       THE COURT:  Ms. Gjovik --
23       MS. GJOVIK:  -- in the specific statute includes
24  hazardous waste.
25       THE COURT:  Ms. Gjovik, hold on for a second.
                                                              9

1       What you are talking about, how does that relate to
2  Section 6310, which is the question I had?  You are reciting
```

*Aug 28 2024 Transcript at pages 8-9. (Dkt 106).*

---

factual predicate that she complained about employees' "right to know." *Gjovik v. Apple Inc.*, 23-cv-04597-EMC, 18 (N.D. Cal. Oct. 1, 2024)

Despite the connection issues, the transcript appeared to show the court heard me and accepted my arguments – however, based on the Oct. 1 2024 decision, now it is unclear if the court heard me at all.[4]

```
10   it?
11           MS. GJOVIK:  In the surreply I briefed this with the
12   statutes, the quotes, the citing the interpretations from the
13   agencies.  They've been very clear that just because an
14   employer is a tenant at a remediation site, that does not give
15   them an excuse to not train their employees and inform their
16   employees of the potential risks under the right-to-know rules.
17           THE COURT:  All right.  Let me ask one final question
18   I have, and that is this:  With respect to the private
```

*Aug 28 2024 Transcript at page 12. (Dkt 106).*

Further, the Section 6399.7 challenge should have been waived under 12(g) and 12(h), as Apple failed it challenge it in the prior Motion to Dismiss, and thus I was not required to respond at all under the Fed. R. Civ. Pro., other than to protest the 12(g) and 12(h) violations, which I did. I also had to waste precious page limit space in my opposition on protesting that it was not a "new" claim after the Defendant falsely asserted it was not in my prior complaints.

All of this to say, I believe my Constitutional right to Due Process was violated at least partially based on the internet connection issues and the severe punishment of a dismissal with prejudice of critical, core claims in my litigation (at least partially due to the inability of the court to hear my oral arguments).

The dismissal with dismissals with prejudice of the factual basis of "*right to know*" retaliation, along with the CERCLA retaliation under Section 1102.5, both

---

[4] "The Court therefore deems any opposition waived. Although Ms. Gjovik is a pro se litigant, she appears to have a J.D. and is thus aware of the consequences of a failure to oppose. As a practical matter, the Court notes that its ruling here... prevents Ms. Gjovik from including the factual predicate that she complained about employees' "right to know." *Gjovik v. Apple Inc.*, 23-cv-04597-EMC, 18 (N.D. Cal. Oct. 1, 2024)

due to purely discretionary reasons, resulted in the equivelent of a *death knell* for this lawsuit. (See concurrently filed Motion to Stay pending appeal).

> potential hazards of hazardous substances in the workplace."). On the other hand, the California legislature could have specified that the statute applies to hazardous substances present in the workplace *without* the qualifier "as a result of workplace operations," but did not. The fact that the legislature chose to use the qualifier should not be discounted. ==In any event, the Court need not resolve the matter definitively because, in her opposition brief, Ms. Gjovik failed to address Apple's argument. The Court therefore deems any opposition waived. Although Ms. Gjovik is a pro se litigant, she appears to have a J.D. and is thus aware of the consequences of a failure to oppose.== As a practical matter, the Court notes that its ruling here has a limited impact on Ms. Gjovik's case; it simply prevents Ms. Gjovik from including the factual predicate that she complained about employees' "right to know." This ruling does not entirely bar her from

*Oct. 1 2024 Decision, page 18. (Dkt 112).*

These claims are important enough to this lawsuit, if the dismissals cannot be appealed, it would be preferrable to me to start the entire litigation over again from the start instead of proceeding with gutted claims. If I had known this would have happened, I would have insisted I attend the hearing in person.

## III. REQUESTS

I am filing this administrative motion to correct the record, to ensure the District Court is aware of these issues (as I will be raising this as part of my Ninth Circuit appeal – Dkt. 113, 114), and with two requests, please.

First, I request clarification if I am no longer able to attend hearings via Zoom or if I can still attend via Zoom. I would also appreciate if the Defendant would be subject to the same instructions in order to avoid another ex parte type situation.

Second, I am requesting a note to be added to the Aug 28. 2024 transcript and/or docket documenting the reported internet connection issues. As of now, without further context, the current transcript could potentially denylist me from future legal opportunities, due to what appeared to be grossly disrespectful conduct by me in court. However, I had no idea what was happening or being said, and the issue apparently originated with the courthouse and/or the court's Zoom

instance. I am very troubled by all of this and that the cause of the issue is not reflected in the transcript (Dkt. 112) or the minutes. (Dkt. 104). Thank you.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 22 2024 in Boston, Massachusetts.

Executed on: Oct. 22 2024

Signature:

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

EXHIBIT A

| | |
|---|---|
| **From:** | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3=B8vik_<ashleymgjovik@protonmail.com>?=> |
| **Sent:** | Saturday, September 14, 2024 2:57 PM |
| **To:** | EMC CRD |
| **Subject:** | Re: FW: 3:23-cv-04597-EMC \| 8/28 9:30 AM Hearing \| Motion to Strike just filed |

Thank you, Ms. Galang! I will confirm once Ms. Ayala returns.

—
Ashley M. Gjøvik
BS, JD, PMP

Sent with [Proton Mail](#) secure email.

On Saturday, September 14th, 2024 at 12:04 PM, EMC CRD <EMCCRD@cand.uscourts.gov> wrote:

> Dear Ms. Gjøvik,
>
> It appears your next hearing for a further case management conference is set for 2/11/2025 at 2:30 p.m. by Zoom. Please confirm with Ms. Ayala upon her return on Monday, 16, 2024 on your appearance for the scheduled Zoom conference.
>
> Respectfully,
>
> Jenny Galang
>
> Relief Courtroom Deputy to
>
> The Honorable Edward M. Chen
>
> ---
>
> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Friday, September 13, 2024 4:13 PM
> **To:** EMC CRD <EMCCRD@cand.uscourts.gov>
> **Subject:** RE: 3:23-cv-04597-EMC \| 8/28 9:30 AM Hearing \| Motion to Strike just filed
>
> **CAUTION - EXTERNAL:**

Hello Ms. Ayala,

I hope you're doing well. I'm so sorry to bother you again.

I received a copy of the transcripts from this 8/28 hearing and was horrified to see that I was interrupting Judge Chen. I could not hear anything during those times and the video was also frozen, so I did not think he was speaking. If I knew he was speaking, I would have <u>never</u> interrupted him. I also see he asked me to confirm I understood not to interrupt him, but I didn't answer him (because I did not hear the request).

I left you a voicemail today too saying the same and that I want to ask if there is any way to send a formally apology to Judge Chen about it and explain what happened. I'm cautious to not file anything more to the docket as he seemed clear he didn't want anything else filed at this point - but I also feel horrible and am mortified that it appeared I was disrespecting Judge Chen.

Per the transcripts, there were several other exchanges where Judge Chen had asked me a question or made a comment that I did not hear related to the substantive matters as well, and it looks like no one could hear my response either around that time --- but the interruptions are the biggest issue to me. Again, <u>I am so sorry.</u>

Per the transcripts, Judge Chen has also ordered me to fly to SF and appear in person for any future hearings. If he tells me to do that, I will borrow money and find a way to do that. (I'm also concerned the disruption may have been intentional by non-court staff in the court room and I asked an US agency to look into that with the court IT group per your note below - but I don't know if they will).

I also have a question for you, please. At the end of the transcript, Judge Chen seemed to approve the next hearing being via Zoom for both parites. But earlier he said I can no longer appear via Zoom. Can you please clarify for me so I don't upset him again? Thank you.

Again, **<u>I am so sorry.</u>**

Respectfully,

-Ashley Gjovik


—

Ashley M. Gjøvik

BS, JD, PMP


Sent with [Proton Mail](#) secure email.


On Friday, August 30th, 2024 at 11:11 AM, EMC CRD <EMCCRD@cand.uscourts.gov> wrote:

> Good Morning Ms. Gjovik,
>
> Thank you for your email. This problem has been reported to our IT department.
>
> Best regards,
>
>  **Vicky L. Ayala**
> Courtroom Deputy to the Honorable Edward M. Chen
> United States District Court
> Northern District of California
> https://cand.uscourts.gov
> Office: 415-522-2034
>
> ---
>
> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Wednesday, August 28, 2024 10:20 AM
> **To:** EMC CRD <EMCCRD@cand.uscourts.gov>

**Subject:** RE: 3:23-cv-04597-EMC | 8/28 9:30 AM Hearing | Motion to Strike just filed

**CAUTION - EXTERNAL:**

Thank you! I'm so sorry I couldn't hear what the Judge was saying during the hearing. I missed a lot of what the Judge said -- the audio completely cut out several times.

I asked a couple people who joined today as attendees and they also said they could not hear the Judge most of the time he was speaking to us. I thought you would want to know if you have more Zoom meetings today -- there may be an issues with the internet connection in the court room since I was not the only one impacted.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

BS, JD, PMP

Sent with Proton Mail secure email.

On Wednesday, August 28th, 2024 at 12:07 AM, EMC CRD <EMCCRD@cand.uscourts.gov> wrote:

> Good Evening Ms. Gjovik,
>
> Thank you for your email, I've sent your filings to the Judge.

Best regards,



**Vicky L. Ayala**
Courtroom Deputy to the Honorable Edward M. Chen
United States District Court
Northern District of California
https://cand.uscourts.gov
Office: 415-522-2034

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, August 27, 2024 5:25 PM
**To:** EMC CRD <EMCCRD@cand.uscourts.gov>; CAND EMCpo <emcpo@cand.uscourts.gov>
**Subject:** 3:23-cv-04597-EMC | 8/28 9:30 AM Hearing | Motion to Strike just filed

**CAUTION - EXTERNAL:**

Hello,

I'm so sorry for the last minute filing, but I was only notified today that a non-party filed a document to the docket a week ago (it was only posted a few hours ago). I drafted a Motion to Strike in response as quickly as I could and its now filed under Docket 101. The draft Proposed Order is attached. I scheduled it for our Motion hearing tomorrow morning at 9:30 AM.

FYI for Ms. Ayala, and also, I just filed a Notice of Pendency for the ARB case under Docket 100.

Thank you!

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT B

# Declaration of Stephen Meier

Pursuant to 28 U.S.C. § 1746, I, Stephen Meier, hereby declare as follows:

My name is Stephen Meier. I make this Declaration based upon my personal knowledge and in support of the Plaintiff's Administrative Motion pertaining to the August 28 2024 hearing. I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

On August 28 2024, I viewed and listened the hearing over zoom and was unable to hear the judge for several large sections of the hearing. The audio transmission was garbled or silent and I was unable to hear the judge's statements. I also noticed that the plaintiff was appearing struggling to hear at the same time which caused confusion and chaos to the proceeding.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 22, 2024. I am a long time resident of Sunnyvale California and my address is 595 Templeton Dr 94087.

Executed on: October 22, 2024

Signature:
_[signature]_
Stephen F. Meier

/s/ Stephen F. Meier  SFM

Location: Sunnyvale CA
Email: stevemeier853@gmail.com
Phone: 408-393-8246

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
Northern District of California

CIVIL MINUTES

Date: August 28, 2024     Time: 9:40-10:10     Judge: EDWARD M. CHEN
                                30 minutes

Case No.: 3:23-cv-04597-EMC     Case Name: Gjovik v. Apple Inc.

Pro Se Plaintiff: Ashley Gjovik
Attorney for Defendant: Melinda Riechert

Deputy Clerk: Vicky Ayala          Court Reporter: Kelly Shainline

PROCEEDINGS HELD BY ZOOM WEBINAR

Motion to Dismiss; Motion to Strike; Initial Case Management Conference - Held.

SUMMARY

Parties stated appearances.

Oral argument presented. Matter submitted; order to issue. The Court shall not accept any further filings related to the motion to dismiss.

The Court shall refer the case to a settlement conference with a magistrate judge (to be held within 120-150 days).

In addition, the Court shall require the parties to complete initial disclosures. However, it temporarily stays discovery pending a ruling on Apple's motion to dismiss. It makes sense to stay discovery temporarily so that the parties will have the benefit of the Court's ruling which will then inform the scope of the litigation.

Once the Court rules on Apple's motion to dismiss, then it shall allow discovery to proceed. Discovery shall be limited, for the time being, to "Phase I" discovery – i.e., discovery narrowly tailored to that needed in order for the parties to be adequately prepared for the settlement conference. The Court does not see a need for more than 1-2 depositions per side for purposes of Phase I discovery. Plaintiff indicated that she cannot afford to take depositions; that is a decision for her to make. Plaintiff cannot avoid having her deposition taken.

If the case does not settle, then the Court shall open discovery in full.

**REFERRALS:**
Case referred to Magistrate Judge for settlement conference to be completed within 120-150 days.

*Stephen Meier*    3 of 3