**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK**,

*an individual*,


Plaintiff,


vs.


**APPLE INC.**,

*a corporation*,


Defendant.

U.S. District Court Case No. 3:23-CV-04597

The Honorable Edward. M. Chen

U.S. Court of Appeals Case No. 24-6058

**MOTION TO STAY DIST. COURT PROCEEDINGS PENDING APPEAL**

Fed. R. App. P. 8(a)(1); 28 U.S.C. § 1292(a)

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES**

Filed: Oct. 22 2024

**MOTION HEARING**:
**Dept**: Courtroom 5, 17th Floor or Zoom
   *See Admin. Motion re: connection issues*
**Judge**: The Honorable Edward M. Chen
**Date**: Dec. 19 2024 (first availability)
**Time**: 1:30 P.M. PT

**UPCOMING DEADLINES:**

Oct. 29 2024 – Fifth Amended Complaint
   *See Motion to Extend/Stay Deadline*

# TABLE OF CONTENTS

I.   TABLE OF AUTHORITIES ................................................................. iii

II.   Summary ........................................................................................ 2

   A.   Statement of Facts & Procedural History ........................................ 3

   B.   Nature and Status of the Case.......................................................... 7

III.   Issues to be Decided ...................................................................... 9

IV.   Arguments in Support of a Motion to Stay................................. 9

   C.   This appeal raises serious questions. ............................................... 9

   D.   Likelihood of Success on the Merits ............................................... 13

   E.   Plaintiff will be irreparably injured if a stay is denied & granting a stay also primarily prejudices the Plaintiff. ..................................................... 20

   F.   The Public Interest ......................................................................... 22

   G.   Judicial Economy ........................................................................... 24

V.   Conclusion ................................................................................... 26

# I. TABLE OF AUTHORITIES

**Supreme Court Cases**

*Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018) ....................................................14

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974) ............................... 23

*Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981)..................................14

*Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ..................................... 21

*Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994 .................17

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) ........................17

*Gelboim v. Bank of America Corp.*, 574 U.S. 405, 135 S. Ct. 897 (2015) .............. 9

*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58,  (1982)...................1

*Hall v. Hall*, 138 S. Ct. 1118, 1122 (2018) .......................................................... 9

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) .................................................. 20

*Niken v. Holder,* 556 U.S. 418, 421 (2009) ........................................................ 2

*Richardson Merrell, Inc. v. Koller*, 472 U.S. 424, 430-431 (1985)..................17, 18

*Will v. Hallock,* 546 U.S. 345, 351–52 (2006) .................................................. 24

**Trial and Circuit Court Cases**

*Al-Torki v. Kaempen*, 78 F.3d 1381, 1384–85 (9th Cir. 1996)............................13

*Arizona v. United States Dist. Court* (*In re Cement Antitrust Litig.*), 688 F.2d
  1297, 1307 (9th Cir. 1982) .........................................................................19

*Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997)................................. 1

*Art Attacks Ink, LLC v. MGA Ent., Inc.,* No. 04-CV-1035-BLM, 2006 WL
  8439887, at *4 (S.D. Cal. June 21, 2006) ...................................................17

*Auster Oil Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985) ......................16

*Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 537 (9th Cir. 2018...............20

*Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003) .........................................15

*Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir.1977) .....19

*Beery v. Hitachi Home Electronics America, Inc.*, 157 FRD 477, 480; U.S. (C.D.
  C.A. 1993) ...............................................................................................16

1   *Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir. 1962) ....................................16

2   *Buckingham v. Gannon (In re Touch America Holdings, Inc. ERISA Litig.)*, 563 F.3d

3       903, 906 (9th Cir. 2009) (per curiam) ........................................................15

4   *Calderon v. United States Dist. Court,* 134 F.3d 981, 984 (9th Cir. 1998) ............19

5   *Cheney v. United States District Court,* 542 U.S. 367, 380– 81 (2004). ...............19

6   *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir.

7       2001) ......................................................................................................... 1

8   *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) 1

9   *Cook, Perkiss Liehe v. N.C. Collection Serv*, 911 F.2d 242, 247 (9th Cir. 1990)16, 17

10  *Cordoza v. Pac. States Steel Corp.*,320 F.3d 989, 998 (9th Cir.2003) ..................19

11  *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000) ............................... 20

12  *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1066–67 (9th Cir.

13      2000)........................................................................................................14

14  *E.E.O.C. v. Alia Corp.*, 842 F.Supp.2d 1243, 1250 (E.D. C.A. 2012) ..................16

15  *Erlich v. Glasner,* 352 F.2d 119, 122 (9th Cir. 1965) .........................................17

16  *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993)............................17

17  *Gjovik v. Apple Inc*, Ninth Circuit Case No. 24-6058 ........................................ 1

18  *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Aug. 22, 2024) ................... 8

19  *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Jan. 30, 2024)...................... 8

20  *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. May. 20, 2024) ............... 4, 8

21  *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024) ...............3, 5, 8

22  *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221,

23      at *3 (N.D. Cal. June 8, 2011) ................................................................ 10

24  *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)...................16

25  *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005) ...................................................19

26  *Koshak v. Malek,*  200 Cal.App.4th 1540, 1542 (2011). .....................................17

27  *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011) ............................. 2, 3

28  *Martinez-Gonzalez v. Elkhorn Packing Co.*, Case No. 18-cv-05226-EMC, 3 (N.D.

— iv —

Cal. Feb. 13, 2020) ................................................................................ 10

*Medhekar v. United States Dist. Court,* 99 F.3d 325, 327 (9th Cir. 1996) (per curiam) ...................................................................................................19

*Medhekar v. United States District Court*, 99 F.3d 325, 327 (9th Cir.1996) ......... 18

*Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir.2003) (en banc) .........................19

*Mohamed v. Technologies,* 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) .............. 2

*Mohamed v. Technologies*, 115 F. Supp. 3d 1024, 1028-29 (N.D. Cal. 2015) ........ 22

*Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) ................................................................... 10

*Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091, 1097 (9th Cir. 2008) ..................................................................................................15

*Nehmer v. U.S. Dep't of Agric.,* 494 F.3d 846, 856 n.5 (9th Cir. 2007) ............. 18

*Perry v. Schwarzenegger,* 591 F.3d 1147, 1157 (9th Cir.2009) ........................ 18

*Pilgram v. Lafave,* No. 12-CV-5304 GAF-EX, 2013 WL 12124126, at *5 (C.D. Cal. Feb. 7, 2013) ....................................................................................17

*Plata v. Brown*, 754 F.3d 1070, 1075 (9th Cir. 2014) ...................................... 20

*Plourde v. Massachusetts Cities Realty Co.,* 47 F. Supp. 668, 670 (D.Mass. 1942) 23

*Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ...........16

*Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975).........................13

*Sidebotham v. Robison*, 216 F.2d 816, 826 (9th Cir. 1954).................................16

*Solis v. Jasmine Hall Care Homes, Inc.*, 610 F.3d 541, 544 (9th Cir. 2010) ......... 18

*Southern Cal. Edison Co. v. Westinghouse Elec. Corp. (In re Subpoena Served on Cal. Pub. Util. Comm'n)*, 813 F.2d 1473, 1479–80 (9th Cir. 1987) ........................ 18

*Special Invs. Inc. v. Aero Air Inc.*,360 F.3d 989, 993 (9th Cir.2004) ..................19

*Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997)........................................... 24

*Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012) .................................... 24

*Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power,* Inc., 874 F.2d 1346, 1351 (10th Cir. 1989) .............................................................14

— v —

*Visioneering Constr. Dev. Co. v. United States Fidelity Guar.,* 661 F.2d 119, 124 n. 6
(9th Cir. 1981) ............................................................................................................ 1

*Walmer v. United States DOD* 52 F.3d 851, 854 (10th Cir. 1995) ...................... 10

*Wirtz v. C P Shoe Corp.,* 336 F.2d 21, 30 (5th Cir. 1964) ................................. 23

*Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist., No.* 09-CV-03557-JSW, 2010 WL
370333, at *2 (N.D. Cal. Jan. 25, 2010) .......................................................17

**Statutes**

15 U.S. Code § 78u-6 ......................................................................................... 5

18 U.S. Code § 1962(a) ....................................................................................... 5

18 U.S. Code § 1962(c) ....................................................................................... 4

18 U.S. Code § 1962(d) .................................................................................... 4, 5

18 U.S. Code § 3771 .......................................................................................... 18

28 U.S. Code § 1292(a) ................................................................................... 1, 14

28 U.S. Code § 1292(b) ..................................................................................... 18

28 U.S. Code § 1407 ............................................................................................ 9

28 U.S. Code § 1651 ............................................................................................ 1

42 U.S.C. § 9601 *et seq.* ..................................................................................... 5

Cal. Business Code § 17200, *et seq.*............................................................. 4, 11

Cal. Civ. Code § 52.1 .......................................................................................... 4

Cal. Civ. Code § 52.7 .......................................................................................... 4

Cal. Labor Code § 1102.5 ........................................................................... 3, 4, 11

Cal. Labor Code § 232.5 ................................................................................. 3, 4

Cal. Labor Code § 6310 .................................................................................. 3, 4

Cal. Labor Code § 6399.7 ................................................................................. 10

Cal. Labor Code § 96(k) ..................................................................................... 3

Cal. Labor Code § 98.6 ................................................................................... 3, 4

**Rules & Regulations**

Fed. R. Civ. P. 12(b)(6) .............................................................. 3, 9, 15, 16

Fed. R. Civ. P. 12(f) ................................................................. i, 3

Fed. R. Civ. P. 12(g) ............................................................. 12, 13

Fed. R. Civ. P. 12(h) ...............................................................13

Fed. R. Civ. P. 8 .....................................................................16

**Agency Adjudications**

Apple Inc, U.S. NLRB Case: 32-CA-282142; 32-CA-283161 ............................ 6

Apple Inc, U.S. NLRB Case: 32-CA-284428 ................................... 6

Apple Inc, U.S. NLRB Case: 32-CA-284441 ................................... 6

*Ashley Gjovik v Apple Inc*, OALJ 2024-CER-00001, *Ashley Gjovik v Apple Inc*, ARB
    2024-0060 ............................................................... 6

*Ashley Gjovik v. Apple Inc,* RCI-CM-842830, Cal. Dept. of Labor DIR. ............. 7

---

PLEASE TAKE NOTICE that on DECEMBER 19 2024 at 1:30PM, in Judge Chen's virtual courtroom, before the Honorable Judge Edward Chen, I will, and hereby do, move for an order granting a Stay of Proceedings pending appeal to the Ninth Circuit. Note: Dec. 19 2024 is the first date that appears to be available. Plaintiff does not require oral arguments and would be grateful if the matter could be decided well before Dec. 19 2024 due to several deadlines and conferences occurring prior to that date.

---

## Motion to Stay: Points & Authorities

1.      Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in Support of Plaintiff's Motion to Stay District Court Proceedings Pending Appeal (see, *Gjovik v. Apple Inc*, Ninth Circuit Case No. 24-6058). Plaintiff's appeal is an appeal by right, filed under the authority of 28 U.S. Code § 1292(a) and 28 U.S. Code § 1651. *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997).

2.      The Ninth Circuit approved the request for an appeal and issued a briefing schedule on Oct. 4 2024. (Dkt. 114). Upon the acceptance of the appeal and issuing of scheduling order, the District Court appears to have transferred jurisdiction over the order and the subject matter under appeal.  Fed. R. App. P. 5(d)(2). *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). As a general rule, while an appeal from an interlocutory order is pending, the district court retains jurisdiction to continue with other stages of the case. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

3.      Plaintiff does not know how these types of requests are supposed to be filed (including to which court) with a pending appeal – so I have also filed a copy to the Ninth Circuit docket as well.[1]

4.      I attempted to meet/confer with the Defendant on this matter. I contacted the Defendant on Oct. 17 2024, and they did not respond until Oct. 21 2024. Defendant initially said they do not agree to "any stay of proceedings in the

---

[1] The Supreme Court has concluded that jurisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Visioneering Constr. Dev. Co. v. United States Fidelity Guar.,* 661 F.2d 119, 124 n. 6 (9th Cir. 1981) ("Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals."). Thus, the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001).

NDCA case... including the scheduled settlement conference" and they will oppose "a request to stay the ... proceedings as well as any request to extend the deadline to file a Fifth Amended Complaint." They also notified me for the very first time that they plan on filing a Motion to Dismiss my pending appeal.

5.    Upon further questioning, the defendant responded again today on Oct. 22 2024 and revised their position to say they "do not agree to stay the district court proceedings while the Ninth Circuit decides if it has jurisdiction" but "as for the settlement conference, [Apple sees] no need to continue the scheduling conference on November 12, as it is simply a precursor to the settlement conference that is not yet scheduled. Further, [Apple is] not in a position to evaluate how Apple will respond to the 5AC because [Plaintiff has] not yet filed it and [Apple has] not had an opportunity to review." It is unclear if Defendant knows what they want right now. Please see *Exhibit C* attached to the Declaration in Support of the Motion to Extend for a copy of the email exchange.

## II. SUMMARY

6.    A U.S. District Court has discretion to stay a case pending appeal. *Niken v. Holder,* 556 U.S. 418, 421 (2009). Plaintiff, Ashley Gjovik, respectfully requests that this Court issue a stay pending appeal of its Decision and Order, entered on Oct. 1 2024.[2] (Dkt. 112)

7.    This request is made in light of the substantial legal questions raised in the appeal, the likelihood of success on the merits, the majority of prejudice only impacting the Plaintiff herself, and the potential for irreparable harm if the pleading progresses further before the appellate court has had the opportunity to review the matter. *Mohamed v. Technologies,* 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015) citing *Nken*, 556 U.S. at 433–34, 129 S.Ct. 1749; *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011).

---

[2] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024).

8.      A stay is necessary to preserve the status quo, encourage judicial economy, and ensure that the appeal can be adjudicated without the risk of irreversible consequences. Therefore, Plaintiff seeks this Court's consideration and approval to stay this case until the conclusion of the appellate process. *Callahan v. PeopleConnect, Inc.*, 20-cv-09203-EMC, 3 (N.D. Cal. Nov. 1, 2021).

### A.   Statement of Facts & Procedural History

9.      This lawsuit was filed on Sept. 7 2023 and as of today, Oct. 22 2024, no Answer has been filed from the Defendant, over thirteen months later. Plaintiff has revised her complaint once per request of the Defendant, twice per request of the court, and once on her own is her right. Plaintiff has been asked to amend her complaint again and the Defendant allowed to file another responsive motion.[3]

10.      This Court has now considered and issued substantive decisions on two Fed. R. Civ. P. 12(b)(6) Motions to Dismiss and two Fed. R. Civ. P. 12(f) Motions to Strike. After the Oct. 1 2024 decision, and prior to amending the complaint again as Ordered by the court, the following claims were approved to proceed:[4]

- *Tamney* termination in violation of public policy (full claim)

- Cal. Labor Code § 1102.5 (partial)

- Cal. Labor Code § 6310 (partial)

- Cal. Labor Code § 98.6 (partial)

- Cal. Labor Code § 96(k) (full)

- Cal. Labor Code § 232.5 (partial)

In addition, on Oct. 1 2024, leave to amend was granted for:[5]

- Cal. Labor Code § 1102.5 (partial)

- Cal. Labor Code § 98.6 (partial, fines)

---

[3] Id.
[4] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024).
[5] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024).

1    -   Cal. Labor Code § 232.5 (partial, § 232)

2    -   Private Nuisance (full)

3    -   IIED – Outrage (partial)

4    -   IIED – Cancer (full)

5    The following claims were previously approved to move forward in the May 20

6    2024 Decision, but were then dismissed with prejudice, despite 12(g) and 12(h)

7    restrictions, and based on discretionary factors, in the Oct. 1 2024 Decision:

8    -   Cal. Labor Code § 1102.5 (partial)

9    -   Cal. Labor Code § 6310 (partial, § 6399.7)

10   -   Cal. Labor Code § 232.5 (partial, § 1101, 1102).

11   -   Cal. Business Code § 17200, *et seq.* with injunctive relief (full)

12   -   Ultrahazardous Activities (full)

13   -   Breach of Implied Cov. of Good Faith and Fair Dealing (full)

14   The following claim was allowed to proceed in the Oct. 1 2024 Decision following

15   leave to amend in the May 20 2024 Decision:

16   -   Cal. Labor Code § 96k via § 98.6 (full)

17   The following claim was given leave to amend in the May 20 2024 decision, but

18   then dismissed with prejudice in the Oct. 1 2024 Decision:

19   -   IIED – Outrage (partial, based on defamation)

20   Further, the May 20 2024 Decision allowed leave to amend for the following claims,

21   and they were not amended by the Plaintiff, due to the comments from the court

22   discouraging her from doing so, even though she could have:[6]

23   -   RICO, 18 U.S. Code § 1962(c) (full)

24   -   RICO, 18 U.S. Code § 1962(d) (partial)

25   -   The Bane Act, Cal. Civ. Code § 52.1 (full)

26   -   The Ralph Act, Cal. Civ. Code § 52.7 (full)

27   -   Breach of Implied Contract (full)

28

---

[6] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. May. 20, 2024).

-   Nuisance Per Se (full)

-   Negligent Infliction of Emotional Distress (full)

Additionally, in the May 20 2024 decision, the following claims were dismissed with prejudice and without leave to amend:[7]

-   RICO, 18 U.S. Code § 1962(a) (full)

-   RICO, 18 U.S. Code § 1962(d) (partial, 1962(a))

-   SOX whistleblower retaliation, 18 U.S. Code §1514A (full)

-   Dodd-Frank whistleblower retaliation, 15 U.S. Code § 78u-6 (full)

-   Ultrahazardous Activities(partial, RCRA re: pyrophoric gases – explosions and fire; CERCLA, 42 U.S.C. § 9601 *et seq.*)

-   Private Nuisance (partial, RCRA re: pyrophoric gases – explosions and fire; CERCLA, 42 U.S.C. § 9601 *et seq.*)

The following claim was dismissed in the May 20 2024 decision as being duplicative of the Ultrahazardous Activities claim, but subsequently the Ultrahazardous Activities claim was dismissed due to discretionary reasons.[8] It's unclear if this claim can still be pled:

-   Absolute Nuisance (full)

Finally, while Defendant's Motions to Strike were denied, the court did repeatedly agree to "dismiss" material and critical facts and allegations from the Complaint, leaving an unknown impact to discovery and trial.[9]

11.    This court has also ordered the Plaintiff to follow page limits set with the court's discretion and resulting in substantive impact and prejudice to Plaintiff's litigation, has declined to consider exhibits and judicially noticeable documents, declined to review or allow supplementary filings to cure deficiencies, and the majority of the dismissals with prejudice have been on a discretionary

---

[7] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. May. 20, 2024).

[8] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. May. 20, 2024).

[9] *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. May. 20, 2024); *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024).

basis separate from the merits of the claims (i.e., did not include within the page limit, did not include in a specific section of the document, due to the court's internet connection issues during the hearing, and so on). (*see Administrative Motion* re: connection issues).

12.    Defendant has already had multiple years to prepare its defense on all of these claims. The litigation between Plaintiff and Defendant has been underway for much longer than this instant litigation. The first notice of potential litigation was provided to Apple Inc back in or around June 2021, three months before Apple Inc terminated the Plaintiff's employment. The first version of a complaint was provided to Apple on Aug. 23 2021. Multiple charges were filed with government agencies prior to and after the termination of her employment – with multiple agency compliance actions and adjudications underway, including:

- **Apple Inc, U.S. NLRB Case: 32-CA-284428 |** NLRB filed a complaint on Sept. 27 2024 and ALJ hearing scheduled for Jan. 22 2025 | Plaintiff is representing all U.S. Apple employees

- **Apple Inc, U.S. NLRB Case: 32-CA-284441 |** Decision of Merit issued in Jan. 2023 & NLRB Complaint to be filed | Plaintiff is representing all U.S. Apple employees

- **Apple Inc, U.S. NLRB Case: 32-CA-282142; 32-CA-283161 |** Decision of Merit issued Oct. 15 2024 and NLRB Complaint to be filed imminently | Adjudication is specific to unfair labor practices directed at Plaintiff

- **U.S. Dept. of Labor environmental whistleblower case:** *Ashley Gjovik v Apple Inc*, OALJ 2024-CER-00001, *Ashley Gjovik v Apple Inc*, ARB 2024-0060 | Adjudication is specific to unlawful retaliation directed at Plaintiff

- **U.S. EPA CERCLA** re: TRW Microwave | Impacting: the SF Bay Area community

- **U.S. EPA RCRA** re: 3250 Scott | Impacting: the SF Bay Area community

- **Cal. EPA BAAQMD** re: 3250 Scott | Impacting: the SF Bay Area community

13.     In addition, the following adjudications were "kicked-out" to this civil lawsuit:

- **Cal. Dept. of Labor Case:** *Ashley Gjovik v. Apple Inc,* RCI-CM-842830, Cal. Dept. of Labor DIR.

- **U.S. EEOC and Cal. DFEH:** Right to Sue letters issued in 2021.

Further, it appears that Defendant likely knew it almost manslaughtered the Plaintiff back in early or mid-2021, but well before her employment was terminated, and knowing it was part of their cover-up. In this litigation, the Defendant has been repeatedly rewarded for claiming without basis that the Plaintiff has failed to state claims for extremely serious matters the Plaintiff and Defendant have been in conflict over for years.

### B.   <u>Nature and Status of the Case</u>

14.     This lawsuit could have been filed as at least four different lawsuits and in different courts (employment claims, environmental claims, racketeering & unfair business practices/antitrust, and non-employment intimidation and harassment claims). If the Plaintiff took that approach, she would likely later file for Joinder of claims into one consolidated lawsuit.

15.     Plaintiff also has other adjudication underway in other venues (executive agencies) which she has tried her best to coordinate with this civil litigation. This is complex, multi-court/tribunal litigation.

16.     Plaintiff filed one lawsuit with all claims in support of judicial economy and coherence – but has been restrained in her pleading to an extend that if she could, she would have filed four separate lawsuits and joindered them together later.

17.     Plaintiff has claims for relief for multiple injuries. She has injuries requiring remedy starting in 2020 (or earlier depending on the claim), through

— 7 —

current day, and for some claims also into the future. She has been injured personally (including physically, mentally, and reputationally), and her real property interests and chattel property were also injured. Plaintiff alleges Defendant caused all of that harm to her and owes her a remedy. That is the entire controversy. There are multiple causes of action she may pursue, but ultimately the complaint and claims will conform to the evidence as the law demands. This lawsuit encompasses a wide array of serious issues supported by a substantial body of evidence.

18.     Public policy factors the determination of litigation on the merits rather than on procedural grounds – recognizing that justice is best served when all litigants have a chance to be heard. Procedural requirements should be given liberal construction in order to not deprive a litigant of her day in court because of technical requirements – especially when the litigant is a pro se employee arguing against professional attorneys who have attempted to drown the plaintiff in an avalanche of motions and other filings. Plaintiff has also already complained repeatedly about the Defendant's refusal to participate in discovery in good faith, and harassment of the Plaintiff outside of court.

19.     There have already been four decisions issued in this case:

— *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Jan. 30, 2024)

— *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. May. 20, 2024)

— *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Aug. 22, 2024)

— *Gjovik v. Apple Inc.*, 23-cv-04597-EMC (N.D. Cal. Oct. 1, 2024)

This case would benefit from efforts to further consolidate and streamline, instead of the efforts thus far to split, separate, and conflict.

20.     Further, this lawsuit should be treated as complex litigation, which it is, and procedural adjustments should be considered to best ensure the claims are determined on the merits.

21.     For example, the Cal. Business Code § 17200 claim was dismissed

— 8 —

with prejudice, but could be seen as a freestanding claim that could have been litigated separately, and thus should be treated as if it was consolidated for M.D.L. under 28 U.S. Code § 1407 and with no delay in an appeal following disposition. *Hall v. Hall*, 138 S. Ct. 1118, 1122 (2018) (citing to *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 135 S. Ct. 897 (2015)).

## III. Issues to be Decided

22.    The District Court proceedings are currently scheduled so that the Plaintiff is to file a fifth amended complaint by Oct. 29 2024, and the Defendant would then file a response by Nov. 26 2024. Assuming that the Defendant files another Fed. R. Civ. P 12(b)(6) motion, then briefing and hearings would continue for two months after, until another decision is issued. At that point, perhaps Defendant will be ready to file their Answer. This court will need to decide whether to stay or rescope the pleading schedule pending an outcome from the appeal.

23.    The District Court proceedings also have initial discovery, and a settlement conference scheduled, with initial discovery underway and the next settlement conference scheduling meeting on Nov. 12 2024. (Dkt. 110). This Court ordered the completion of the settlement conference by Dec. 2024-Jan. 2025. (Dkt. 104). This court will need to decide whether to stay and/or delay the initial discovery and depositions, and/or the settlement conference as well.

24.    This Court scheduled the next Case Mgmt Conf. for Feb. 11 2025. This court will need to decide whether to keep that hearing scheduled or to stay/delay it – and/or to change the scope of the meeting. The court will also need to decide if Plaintiff needs to attend the hearing for this motion in person or if she can attend via Zoom, if there is a hearing for this motion.

## IV. Arguments in Support of a Motion to Stay.

### C.    <u>This appeal raises serious questions.</u>

— 9 —

25.     This appeal raises serious questions. A serious legal question is a "question going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *Guifu Li v. A Perfect Franchise*, *Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (citing *Walmer v. United States DOD* 52 F.3d 851, 854 (10th Cir. 1995))). "In the Ninth Circuit, serious legal questions often concern constitutionality." *Id*. Serious legal questions also "raise[] genuine matters of first impression within the Ninth Circuit." *Martinez-Gonzalez v. Elkhorn Packing Co.*, Case No. 18-cv-05226-EMC, 3 (N.D. Cal. Feb. 13, 2020) quoting *Morse v. Servicemaster Glob. Holdings*, *Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013).

26.     Within the claims dismissed with prejudice thus far, there are several legal issues which provide an opportunity for the Ninth Circuit to clarify important and unsettled legal questions. These questions include but are not limited to the following substantive topics:

— Does Cal. Labor Code § 6399.7 apply to hazardous waste in addition to hazardous chemicals/materials? If § 6399.7 applies to hazardous waste in addition to hazardous chemicals/materials, does it also apply to hazardous waste related to a Superfund or Brownfield toxic waste dump clean up site, where the employees have assigned offices but are not directly involved in the toxic waste clean-up? (i.e., HAZWOPER: 29 CFR 1910.120; 8 C.C.R. § 5192).

— Can the operation of a semiconductor fabrication facility qualify as an ultrahazardous activity? Does the ultrahazardous traits of semiconductor fabrication include the storage/use/disposal of highly toxic and/or pyrophoric gases? Does the location of the fabrication near homes and schools influence the determination of whether it is an ultrahazardous activity or not?

— Does an *IIED – Fear of Cancer* claim over a dangerous fabrication facility releasing carcinogens and lethal gases into the air, and operating next to homes, require purposeful intent by the operators to harm a specific

— 10 —

person (criminal mens rea for assault) – or only recklessness / knowledge of the harm occurring to a general group of people? If the Defendant can see the thousands of apartments outside its facility where it knows it is venting these chemicals, is that sufficient knowledge?

— Does Cal. Labor Code § 1102.5 protect whistleblower disclosures made to 1) published by the press, 2) to the public on social media, and/or 3) made publicly and alongside other complaints to the government so the employer may reasonably assume the complaint had been made to the government in addition to the public?

— How specific does a claim need to be under Cal. Labor Code § 1102.5 – does the Plaintiff need to cite a specific section of a specific statute in order to have coverage?

— Can a Cal. Business Code § 17200, *et seq*. claim proceed with a request only for injunctive relief, or does it require a request for a monetary remedy? If the § 17200 claim can proceed with a request for injunctive relief, may the claim include injunctive relief that will benefit other employees if the relief also directly benefits the Plaintiff? (i.e., the relief of an order to cease a certain practice entirely, and/or delete/disgorge an entire type of data, etc.). If the Cal. Business Code § 17200 claim may proceed, does the statute of limitations begin at the very first allegation of continuing conduct, and/or first allegation in a group of different allegations? What is the procedure for arguing tolling of a § 17200 claim that is ongoing and interwoven with tolled employment and labor claims?

— Can a claim for *Breach of the Implied Cov. of Good Faith and Fair Dealing* be satisfied by referring to a contract generally (such as, the employment contract) or must specific contracts be cited by data and some type of identifying feature of the specific document?

— Can a *IIED – Outrage* claim include defamation as a basis if the claim is against a current/past employer and the defamation is expressly because of whistleblower activities and/or the defamation is equivalent to denylisting? Even if the defamation basis is not sufficient to justify the IIED claim alone, may it be included along with other bases to help support the claims?

— In a complex whistleblower retaliation case where there are dozens of

— 11 —

1 statutes implicated by the disclosures and retaliation, must a plaintiff
2 plead every statute under every whistleblower claim (i.e., § 1102.5,
*Tamney*, etc.) in order to pursue that claim at trial and in discovery?

3
4 This appeal also raises a number of important and serious procedural questions
5 including:

6 — What is the process/procedure in a federal court located in California,
7 for a victim of crimes that occurred in California, to trigger procedural
8 protections afforded to them under their *Marsy's law* constitutional
rights when they are pursuing civil action prior to any criminal actions?

9 — Should Fed. R. Civ. P. 12(g) and 12(h) be disregarded in order to allow
10 dismissals with prejudice based on purely discretionary, procedural
11 reasons?

12 — Can a court ordered page limit for a complaint essentially be used to
13 justify dismissal / striking of content that has merit but simply cannot
14 fit into the page limit? If so, does this apply with a pro se plaintiff? If
so, does this apply to a pro se plaintiff with ADHD, PTSD, autism,
15 and/or other disabilities?

16 — At what point does a pro se plaintiff lose the deference usually afforded
17 to pro se plaintiffs? Does the completion of a Juris Doctor degree equate
18 to the deference provided to a professional, practicing attorney? Does
this analysis change if the pro se plaintiff is sitting across from at least
19 five practicing attorneys, including three law firm partners? If the pro se
20 Plaintiff is managing three separate, complex adjudications at once?

21 — Does a partially virtual hearing, where internet connection issues
22 occurred at the court, and the plaintiff was not heard and cannot hear,
23 be used to justify dismissal with prejudice because the court could not
hear the pro se plaintiff, but it was not the plaintiff's fault?

24 The Plaintiff is still drafting her appellate brief, but the lists above should provide
25 insight into the types of questions and issues she believes to be important for her
26 own case as well as for the Ninth Circuit.

27        27.    In addition to other issues, the Plaintiff's appeal will include
28

1  dismissal with prejudice of whistleblower retaliation, labor law violations,
2  antitrust, racketeering, and toxic tort claims – all of which have overlapping facts
3  and law with the claims not subject to appeal.

4      28.    Plaintiff's appeal will also include procedural decisions that effected
5  all claims, including discretionary decisions related to Fed. R. Civ. P. 12(g) and
6  Fed. R. Civ. P. 12(h), rejection of the sur-reply (brief, objections, and proposed
7  supplement Dkt. 93), and court orders about page limits. Because the remaining
8  District Court claims and the claims to be reviewed by the appellate court are
9  overlapping and interlinking, it would be a best to not introduce additional
10 complexity and instead stay the District Court proceedings until a decision is
11 issued by Ninth Circuit. Further, because the Defendant was allowed to file a fifth
12 motion to dismiss in response to the Fifth Amended Complaint, the Defendant
13 may introduce new issues based on similar errors which will need to be added to
14 the appeal.

15     **D.   Likelihood of Success on the Merits**

16         **1.  There are multiple issues for appeal that were dismissed with**
17            **prejudice, and/or were final collateral orders.**

18     29.    First, many elements of this appeal include final decisions – either
19 through a dismissal with prejudice, or a dismissal without prejudice but that
20 cannot be amended under the circumstances ordered by the court (i.e., IIED –
21 Cancer re: intent), or an outcome equivalent to a *death knell* (environmental and
22 safety whistleblowing and organizing re: factual basis). There are also injunctions
23 dismissed with prejudice.

24     30.    A dismissal with prejudice is a final appealable order. See *Al-Torki v.*
25 *Kaempen*, 78 F.3d 1381, 1384–85 (9th Cir. 1996). Where the district court expressly
26 denies leave to amend, the order is final and appealable. See *Scott v. Eversole*
27 *Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975). However, a district court order
28 dismissing a complaint with leave to amend under the Fair Labor Standards Act

1   for failure to include the employees' true names is also immediately appealable.

2   *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1066–67 (9th Cir.

3   2000).

### 2. Appellate jurisdiction is satisfied with multiple legal theories under 28 U.S. Code § 1292(a) and 28 U.S. Code § 1651

6   31.   Appellate review is authorized under 28 U.S. Code § 1292(a)(1)

7   "[w]hen an order, although not expressly denying or granting an injunction, has

8   the practical effect of doing so." *Tri-State Generation & Transmission Ass'n, Inc.*

9   *v. Shoshone River Power,* Inc., 874 F.2d 1346, 1351 (10th Cir. 1989). The substantial

10  effect of the order, not its terminology, is determinative. See *Abbott v. Perez*, 138

11  S. Ct. 2305, 2319 (2018).[10]

12  32.   Here, the dismissal the Plaintiff's § 17200 claim was dismissed with

13  prejudice. The claim solely requested injunctive relief and argued irreparable

14  injury without that injunctive relief. The claim was dismissed in the Oct. 1 2024

15  order not due to the merits of request for injunction, but because the statute of

16  limitations tolling theory was not repeated in each of the claims it was to apply to

17  but instead was attempted to be integrated – and because the court decided to deny

18  Plaintiff's request to file a supplementary brief and to strike it from the record

19  (and it included the tolling theories and an alternative claim to supplement which

20  does call for monetary relief).

21  33.   An order that does not expressly grant or deny an injunction may

22  nevertheless be appealable under § 1292(a)(1) if it: (1) has the practical effect of

23  denying an injunction; (2) could cause serious or irreparable harm; and (3) can

24  only be "effectually challenged" by immediate appeal. *Carson v. American Brands,*

25  *Inc.*, 450 U.S. 79, 84 (1981); *see also Buckingham v. Gannon (In re Touch America*

26

27  [10] (Stating the Supreme Court has made it clear that the "label attached to an order is not
28  dispositive. [Rather,] where an order has the 'practical effect' of granting or denying an
    injunction, it should be treated as such for purposes of appellate jurisdiction.")

— 14 —

1  *Holdings, Inc. ERISA Litig.)*, 563 F.3d 903, 906 (9th Cir. 2009) (per curiam);
2  *Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091, 1097 (9th Cir.
3  2008)).

4      34.    The Oct. 1 2024 order denied an injunction, creating irreparable harm
5  – and because Plaintiff was requested to amend her complaint without this and
6  other dismissed claims, she risks 'waiving' the issue for later appeal. Further,
7  because this claim is the basis of the Defendant's primary defense in the
8  employment and labor claims, the effect of considering both the § 17200 claim at
9  the same time as the employment/labor claims is effectively unreviewable and
10  cannot be remedied after the trial.

11      Some denials of injunctions are also collateral orders, such as a denial of an
12  anti-SLAPP motion – which resolves a question separate from the merits in that it
13  merely finds that such merits may exist, without evaluating whether the plaintiff's
14  claim will succeed. *See* § 425.16(b)(3). The purpose of an anti-SLAPP motion is to
15  determine whether the defendant is being forced to defend against a meritless
16  claim – the anti-SLAPP issue therefore exists separately from the merits of the
17  defamation claim itself. *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003). This
18  is a similar situation as the Plaintiff's § 17200 and § 6399.7 claims being dismissed
19  with prejudice due to a discretionary findings and procedural guidelines, but not
20  the actual merits of the claim.

21      **3.  Many claims were dismissed under Rule 12(b)(6) for reasons
22      other than failure to state a claim and unrelated to actual merit.**

23      35.    Many of the claims and issues to be appealed are dismissals under
24  Fed. R. Civ. P. 12(b)(6) for reasons that were discretionary, were exceptions to the
25  Fed. R. Civ. P., and which did not arise out of the inability to state a claim. Ninth
26  Circuit decisions predictably grant appeals and reversals of dismissals with
27  prejudice under 12(b)(6) when dismissals are based on reasons that do not relate
28  to the legal test for 12(b)(6) dismissals. It is more likely than not that the Ninth

1  Circuit will approve at least some of the Plaintiff's appealed claims that fall into
2  this category.

3      36.    The Fed. R. Civ. P. 8 standard contains "a powerful presumption
4  against rejecting pleadings for failure to state a claim." *Auster Oil Gas, Inc. v.*
5  *Stream*, 764 F.2d 381, 386 (5th Cir. 1985); see also *Hall v. City of Santa Barbara*,
6  833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that '[t]he motion to dismiss
7  for failure to state a claim is viewed with disfavor and is rarely granted.'"). If the
8  court concludes that dismissal under Fed. R. Civ. P. 12(b)(6) is warranted, the
9  court should not dismiss the complaint "unless it determines that the pleading
10  could not possibly be cured by the allegation of other facts." *Cook, Perkiss Liehe v.*
11  *N.C. Collection Serv*, 911 F.2d 242, 247 (9th Cir. 1990).

12      37.    A Fed. R. Civ. P. 12(b)(6) or 12(e) motion cannot be used to challenge
13  just certain allegations within a claim while the underlying claim is not itself
14  challenged – and if the detail sought by a motion for more definite statement is
15  obtainable through discovery, the motion should be denied. *Beery v. Hitachi Home*
16  *Electronics America, Inc.*, 157 FRD 477, 480; U.S. (C.D. C.A. 1993); *E.E.O.C. v.*
17  *Alia Corp.*, 842 F.Supp.2d 1243, 1250 (E.D. C.A. 2012). "Parties are expected to
18  use discovery, not the pleadings, to learn the specifics of the claims being
19  asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

20      38.    The Ninth Circuit also predictably overturns dismissals and/or
21  striking of sub-claims when the overall claim is not contested, and the sub-claims
22  share a similar factual basis as the claims not challenged – which is the situation
23  with many of the dismissals with prejudice of Plaintiff's sub-claims in this lawsuit.

24      39.    In dismissals for failure to state a claim, a district court should grant
25  leave to amend even if no request to amend the pleading was made, unless it
26  determines that the pleading could not possibly be cured by the allegation of other
27  facts. *Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir. 1962) (citing *Sidebotham v.*
28  *Robison,* 216 F.2d 816, 826 (9th Cir. 1954); see also *Erlich v. Glasner,* 352 F.2d 119,

122 (9th Cir. 1965); *Cook, Perkiss Liehe v. N.C. Collection Serv*, 911 F.2d 242, 247 (9th Cir. 1990). Here, the district court denied leave to amend due to purely discretionary reasons and even acknowledging apparent merit in dicta.

40.   Where there is any doubt about the relevance of the challenged allegations, courts in this Circuit err on the side of permitting the allegations to stand. *Z.A. ex rel. K.A. v. St. Helena Unified Sch. Dist., No.* 09-CV-03557-JSW, 2010 WL 370333, at *2 (N.D. Cal. Jan. 25, 2010) citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023 (1994)); accord *Pilgram v. Lafave,* No. 12-CV-5304 GAF-EX, 2013 WL 12124126, at *5 (C.D. Cal. Feb. 7, 2013); *Art Attacks Ink, LLC v. MGA Ent., Inc.,* No. 04-CV-1035-BLM, 2006 WL 8439887, at *4 (S.D. Cal. June 21, 2006).

### 4. Many of the challenges are proper collateral order appeals.

41.   An order is "final" as to the collateral matter when no further court proceedings are required on the matters resolved by the order. *Koshak v. Malek*, 200 Cal.App.4th 1540, 1542 (2011). The Supreme Court has admonished that the collateral order doctrine is a "narrow exception," *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981), to be "strictly applied," *Richardson Merrell, Inc. v. Koller*, 472 U.S. 424, 430-431 (1985). Out of "healthy respect for the virtues of the final-judgment rule," and with an eye toward "efficient judicial administration," *Mohawk*, 558 U.S. at 106 (quoting *Firestone*, 449 U.S. at 374), the doctrine must "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered," *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (citation omitted).

42.   "[W]hen asking whether an order is 'effectively' unreviewable if review is to be left until later," *Will*, 546 U.S. at 353, under *Cohen*'s third prong, the Supreme Court has explained that there must be "some particular value of a

high order ... in support of the interest in avoiding trial," or some "compelling public ends ... that would be compromised by failing to allow immediate appeal." *Id*. at 352. The value at stake must be such that, "in the absence of an immediate appeal," it would be "irretrievably lost." *Richardson Merrell, Inc. v. Koller*, 472 U.S. 424, 430-431 (1985).

43.    Here, there are several issues that are proper collateral orders for appeal, including the Plaintiff's denied request to exercise her constitutional *Marsy's law* rights during civil discovery.[11] If Plaintiff's request to the district court is denied and not immediately appealed, then she is forced to complete discovery without the protections she requested, and there would be no way to appeal and prevent that harm after it already occurs.

### 5. Several issues for appeal may fall under mandamus and pendent jurisdiction.

44.    Lack of jurisdiction over an appeal does not necessarily foreclose review by the Ninth Circuit court if the issues raised are significant enough to warrant review by mandamus. See, e.g., *Perry v. Schwarzenegger,* 591 F.3d 1147, 1157 (9th Cir.2009) (holding that mandamus is appropriate to review a discovery order that raises novel and important questions);[12] *Medhekar v. United States District Court*, 99 F.3d 325, 327 (9th Cir.1996) (noting that mandamus is an especially appropriate vehicle for review where the court is confronted with an

---

[11] California Constitution article I, § 28, section (b) and/or her federal rights under 18 U.S. Code § 3771. Denied during the Aug. 28 2024 hearing.
[12] Appellate jurisdiction has been found proper despite a lack of a final order where: (1) the order was "marginally final;" (2) it disposed of "an unsettled issue of national significance," (3) review of the order implemented the same policy Congress sought to promote in 28 U.S. Code § 1292(b); and (4) judicial economy would not be served by remand. *Southern Cal. Edison Co. v. Westinghouse Elec. Corp. (In re Subpoena Served on Cal. Pub. Util. Comm'n)*, 813 F.2d 1473, 1479–80 (9th Cir. 1987); see also  *Solis v. Jasmine Hall Care Homes, Inc.*, 610 F.3d 541, 544 (9th Cir. 2010) (per curiam); *Nehmer v. U.S. Dep't of Agric.,*  494 F.3d 846, 856 n.5 (9th Cir. 2007) (holding that the district court's order involved an unsettled issue of national significance, was marginally final, furthered the policy underlying 28 U.S.C. § 1292(b), and prevented harm further delay would cause).

issue of first impression). Here, the district court's May 20 2024 and Oct. 1 2024 orders raise many new and important problems and issues of first impression which are ripe for 9th circuit review. *Plata v. Brown*, 754 F.3d 1070, 1076 (9th Cir. 2014).

45.    If for some reason the other appellate bases are denied, the Plaintiff believes her appeal may also be entitled to a writ of mandamus because there are no other adequate remedies, she has a "clear and indisputable" right to the relief sought, and the issuance of the writ is an appropriate response to the situation. *Cheney v. United States District Court,* 542 U.S. 367, 380– 81 (2004). The court may construe an appeal of an otherwise non-appealable order as a petition for writ of mandamus and consider the issues presented under the factors set forth in *Bauman v. United States District Court,* 557 F.2d 650, 654–55 (9th Cir.1977).[13]

46.    Mandamus relief may be appropriate to settle an important question of first impression that cannot be effectively reviewed after final judgment. See *Medhekar v. United States Dist. Court,* 99 F.3d 325, 327 (9th Cir. 1996) (per curiam) (noting that where the fifth Bauman factor is present, the third and fourth factors generally will not be present). Some of the serious questions listed above could justify this review.[14]

47.    Similarly, some of the contested discretionary procedural decisions were decided knowing they were violations of the Fed. R. Civ. P. and/or court rules, and the exception was repeated multiple times (i.e., repeatedly bypassing Fed. R. Civ. P. 12(g) and 12(h), allowing the Defendant to extensively cite prior mooted complaints but not allowing Plaintiff to use the same content, denying the

---

[13] *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir.2003) (en banc); see also *Special Invs. Inc. v. Aero Air Inc.*,360 F.3d 989, 993 (9th Cir.2004); *Cordoza v. Pac. States Steel Corp.*,320 F.3d 989, 998 (9th Cir.2003). *Plata v. Brown*, 754 F.3d 1070, 1075-76 (9th Cir. 2014).

[14] The court of appeals often relies on its supervisory mandamus authority in cases raising an important question of law of first impression. See *Calderon v. United States Dist. Court,* 134 F.3d 981, 984 (9th Cir. 1998), abrogated on other grounds as recognized by *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005); *Arizona v. United States Dist. Court* (*In re Cement Antitrust Litig.*), 688 F.2d 1297, 1307 (9th Cir. 1982).

— 19 —

pro se Plaintiff the deference a pro se litigant usually receives, dismissing Plaintiff's meritorious claims because she did not make her argument in the correct paragraph or document, or in a document with too many pages, etc.) See also *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 537 (9th Cir. 2018) (concluding that the fourth and fifth factors supported mandamus relief where the district court's error was oft-repeated, and the questions involved were of first impression).

48.   If Mandamus relief or another justification is approved for some but not all of the claims requested for appeal, pendent appellate jurisdiction may cover most or all of the remaining issues and questions. Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but may be reviewed on interlocutory appeal if raised in conjunction with other issues properly before the court ... [and] if the rulings were 'inextricably intertwined' or if review of the pendent issue was necessary to ensure meaningful review of the independently reviewable issue." *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000).

### E.   Plaintiff will be irreparably injured if a stay is denied & granting a stay also primarily prejudices the Plaintiff.

49.   Here, a stay will not substantially injure the other parties interested in the proceeding. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In fact, a stay would allow the Defendant to conserve significant resources and costs that would be required in pursuing the district court matters concurrent with the appellate matters, and especially if the appellate outcome is a remand that requires a re-do of the complaint drafting and motions.

50.   The common concern of an interlocutory appeal causing piecemeal litigation is reversed in this case, as the approval of the Defendant's requests to split claims, attack sub-claims and allegations, and to dismiss valid claims on discretionary basis not related to the merits – has already created unruly,

piecemeal litigation. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940).[15] The requested appeal is an attempt to reintegrate and recombine the claims, sub-claims, allegations, and facts which had been splintered and fragmented.

51.     Further, this litigation is just one of three concurrent, active litigations/adjudications around similar and related facts and events. Many of the matters not subject to the appeal here are also still being argued within the U.S. Dept. of Labor and U.S. NLRB adjudications, and thus the Defendant can still progress in those matters even if the civil proceedings are stayed. Those agencies surely also would appreciate if the decisions in this case, with overlapping and interwoven facts, were made on the merits of the claims and in a predictable fashion.

52.     It is also important to recognize that there are additional interested parties in some of the facts/issues here that are not part of this litigation, but who will be impacted by how this litigation proceeds. In addition to other victims of Apple's environmental violations – there are also government agencies actively investigating Apple, pursuing enforcement actions against Apple, and ordering corrective actions and they all have a stake in this case. This case is the first federal impression of a complex, high-risk matter of public interest, and it would be in everyone's interest to ensure all decisions are made with thorough consideration and deliberation, even if that slows these proceedings.

53.     Despite all of these issues, Plaintiff is otherwise ready for discovery to start, and the Defendant has repeatedly objected to any discovery. Plaintiff also has a large quantity of claims dismissed without prejudice which she could consolidate and pursue in a new, additional lawsuit – causing Defendant to have to respond to a fourth concurrent adjudication. Thus, absent a stay, the balance

---

[15] "Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration."- Justice Frankfurter

of hardships tilts sharply in Plaintiff's favor, and unfavorably toward the Defendant. *Mohamed v. Technologies*, 115 F. Supp. 3d 1024, 1028-29 (N.D. Cal. 2015). The Plaintiff is requesting a stay despite it causing her much prejudice, because she feels it is necessary in this situation for her litigation to proceed. Plaintiff believes an immediate appeal will materially advance the resolution of this litigation.

### F.   <u>The Public Interest</u>

54.   If the appeal is not heard now, and prior to further actions in the District Court, then the Oct. 1 2024 Order will imperil important rights of substantial public interest that cannot be vindicated on appeal from final judgment, making the Oct. 1 2024 effectively unreviewable. Further, some issues in the appeal, while not perfectly final or collateral, are still too important to the public interest to be denied review. *Plata v. Brown*, 754 F.3d 1070, 1075 (9th Cir. 2014).[16]

55.   The basis of this lawsuit is environmental and labor violations – including environmental torts, whistleblower protection, and antitrust – all of which represent matters of public interest. Apple is one of the largest and most powerful corporations in history – employing hundreds of thousands of workers around the world, and manufacturing devices used by billions of people. By their nature, environmental and labor legal claims are inherently representative of the public interest. While an individual must have personal standing, the impact and

---

[16] ("[S]ome rulings that do not end the litigation will be deemed final because they are 'too important to be denied review' and too independent of the merits of the case to require deferral of review."

1 reach of this type of litigation goes far beyond that individual.[17] To deny important
2 public rights due to an individual's typo or formatting decisions would be a
3 miscarriage of justice.

4     56.    This lawsuit is also the first of many lawsuits Apple will face over the
5 public safety hazard they created with their illegal fabrication operations next to
6 thousands of homes and dozens of businesses in Santa Clara. Any decisions made
7 about the merit of Plaintiff's claims in this lawsuit have the potential to impact
8 hundreds or thousands of other people's legal rights, and so decisions must be
9 made with thorough consideration and diligence – and if a mistake may have been
10 made which would prejudice the other victim's legal rights, or future government
11 litigation, that mistake should be corrected immediately.

12     57.    Here, the dismissal with prejudice of the Ultrahazardous Activities
13 claim could impact the legal rights of thousands of other people. The difference
14 between negligence and strict liability in cases like this is monumental. Similary,
15 the court is forcing the Plaintiff to amend her *IIED – Cancer* claims with an
16 incorrect legal theory (criminal intent) and threatened her with Rule 11 sanctions
17 if she does try to amend, but still gave her leave to amend. If the Plaintiff tries to
18 amend with the correct legal theory, she may not only have the claim dismissed,
19 but also be subject to Rule 11 sanctions. However, if she does not amend her claim,
20 she may be waiving the issue for later appeal – and in which case it still causes
21 confusion for anyone filing a similar claim later over the same facility.

22     58.    The issues and questions to be resolved are important ones. In this

23

24 _____
[17] Employee suits to enforce their statutory rights benefit the general public. See *Wirtz v. C P
25 Shoe Corp.,* 336 F.2d 21, 30 (5th Cir. 1964) (stating that in a FLSA suit brought by the
Secretary of Labor, "the Government becomes an active protagonist for the double purpose of
26 protecting private interests and vindicating public rights"); *Plourde v. Massachusetts Cities
Realty Co.,* 47 F. Supp. 668, 670 (D.Mass. 1942) ("An employee, exercising his rights
27 under[FLSA], exercises them, not only for his own benefit, but also for the benefit of the
general public."); see also *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44 (1974) (stating
28 that a private Title VII plaintiff "not only redresses his own injury but also vindicated the
important congressional policy against discriminatory employment practices").

1   unique and unusual case, the value of the interests that would be lost through

2   rigorous application of the final judgment requirement far outweigh the interests

3   of the final judgement requirements – especially considering the appeal would

4   address and fix the issues of piecemeal litigation, not cause it itself. *Will v.*

5   *Hallock,* 546 U.S. 345, 351–52 (2006).

6       **G.   Judicial Economy**

7

8       59.   As discussed, here the district court has created piecemeal litigation

9   and the request to the appellate court is to sew the pieces of the case back together

10   again. If the case is allowed to proceed in pieces, and perhaps be split into more

11   pieces with an additional 12(b)(6) motion, then discovery and the trial will be

12   untenable. Staying the district court proceedings while the appeal is underway will

13   limit the amount of additional piecemeal litigation and reduce future confusion

14   and conflicts.[18]

15       60.   The Ninth Circuit has explained that the finality determinations

16   require a balancing of "the inconvenience and costs of piecemeal review on the

17   one hand and the danger of denying justice by delay on the other." *Stone v. Heckler,*

18   722 F.2d 464, 467 (9th Cir. 1983) (citations omitted). Here, it is the piecemeal

19   litigation that already occurred which has created inconvenience, cost, and also

20   denial of justice – and here, the appeal would be an opportunity to address those

21   issues and prevent further delay, cost, and disruption.

22       61.   Here, immediate appeal will advance the matter because if the many

23   dismissed claims would have otherwise gone to trial and end up being critical to

24   the overall litigation, then the pro se Plaintiff will be forced to re-do all of the

25   _____

26   [18] "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction
    over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th
    Cir. 1997). The divestiture rule is a rule of judicial economy designed to avoid "the confusion
    and waste of time that might flow from putting the same issues before two courts at the same
27   time." *Id.* (citation omitted). *See also Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012)
    (amended order) (concluding the filing of notices of appeal from order granting preliminary
28   injunction divested district court of jurisdiction).

1   complex, costly litigation. Further, the Defendant has also engaged in discovery
2   avoidance shenanigans and other tactics to confuse and delay, and it will be easier
3   for the court to manage the case and keep it on track if the piecemeal dismissals
4   and discretionary rules can be addressed and resolved as soon as possible. All of
5   this would prevent the expense of litigating a matter that will only have to later be
6   re-litigated.

7       62.     Similarly, because this case raises so many novel issues of first
8   impression, these issues will surely need to be dealt with during summary
9   judgement and/or trial, and so having the Ninth Circuit address these important
10  questions and issues now will save substantial resources and avoid unnecessary
11  litigation by having those questions answered now rather than at the conclusion
12  of the case.

13      63.     Finally, most if not all of the issues raised for appellate review are
14  questions that can be determined based on the allegations presented in the
15  complaints and other documents already on the record. Because none of the issues
16  require a determination if the Plaintiff's claims actually have merit, and no
17  evidence is required – these questions are proper for review in this situation.
18  Importantly, what is at stake in this litigation is not simply the rights asserted, but
19  also the public policies underlying and supporting those rights, and an appellate
20  decision about those policies will have a meaningful impact on thousands, or even
21  millions, of people.

22      64.     As an additional note, while not a substantive consideration – the
23  winter holidays are quickly approaching and a stay during that period, at least,
24  seems beneficial to all parties.

25

26

27

28

Plaintiff's Motion to Stay Pending Appeal | Case No. 3:23-CV-04597-EMC

## V. Conclusion

66.    Plaintiff requests that the Court stay all proceedings related to the District Court adjudication until the resolution of the Ninth Circuit appeal. A stay would be an efficient means of avoiding wasted judicial and party resources. Plaintiff believes a stay of the October 1 2024 Order is warranted for the reasons set forth above and must be obtained no later than October 29 2024, absent a motion to extend the deadline for the Fifth Amended Complaint, in order to provide meaningful relief.

67.    Accordingly, Plaintiff respectfully request expedited consideration of this motion so that Plaintiff may seek emergency relief from the Court of Appeals in the event this Court does not agree that a stay is warranted.

68.    Plaintiff also requests a response to her concurrently filed administrative motion, inquiring as to if she is required to attend all future hearings in person, which would assumably include any hearing for this motion.

Dated: October 22 2024.

Signature:

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email:** legal@ashleygjovik.com

**Physical Address:** Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone:** (408) 883-4428