1   (Additional counsel on following page)

2   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
3   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA 94025-1015
    Telephone:    +1 650 614 7400
6   Facsimile:    +1 650 614 7401

7   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA 94105-2669
10  Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759

11  Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF ASHLEY GJOVIK'S "EMERGENCY ADMINISTRATIVE MOTION" (DKT. 115)** |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple submits this response to Plaintiff Ashley Gjovik's October 22, 2024 "Emergency Administrative Motion" (Dkt. 115) seeking to relieve her of her obligation to file a Fifth Amended Complaint ("5AC") by the October 29, 2024 deadline set by the Court on October 1, 2024. The Court should deny the motion in its entirety. Plaintiff's effort to delay and further prolong resolution of this case, that has not yet advanced past the pleadings in the 13 months since Plaintiff first filed, should be rejected, so that the case can proceed forward.

On October 1, 2024, the Court ordered Plaintiff to file her 5AC within 28 days. In an effort to delay her obligation to comply with this Court's order, she filed a meritless appeal to the Ninth Circuit and now asks this Court to relieve her of her obligation to timely file her 5AC. Plaintiff has failed to demonstrate "good cause" for her request to extend time to file her 5AC, and she has also failed to show any "substantial harm or prejudice" that would occur if the Court denied her extension request. Further, Plaintiff has failed to provide any valid justification for her alternative request to permit her to file a 200-page 5AC, particularly in light of the Court's repeated rulings that her prior complaints were excessive in length and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.,* Dkt. 46 at 2-3.

I.      **RELEVANT PROCEDURAL HISTORY**

On October 1, 2024, the Court granted in part and denied in part Apple's motion to dismiss the Fourth Amended Complaint and required Plaintiff to file a 5AC (subject to strict parameters regarding what amendments would be permitted) by October 29, 2024. *See* Dkt. 112 (the "October 1 Order"). That same day, Plaintiff filed a notice of appeal of the October 1 Order to the United States Court of Appeals for the Ninth Circuit (*see* Dkt. 113), notwithstanding that the October 1 Order is not a "final decision[ ] of the district courts" and thus the appellate court lacks jurisdiction under 28 U.S.C. § 1291.

On October 22, 2024—one week before the deadline to file the 5AC—Plaintiff filed a motion to stay all proceedings in this Court pending her (improper) appeal. *See* Dkt. 117 (the "Motion to Stay"). Separately, Plaintiff also filed an "emergency" motion to (a) change the deadline to file her 5AC to "at least two weeks, ideally 30 days, following a decision on the Motion to Stay" if the Court denies the Motion to Stay, or (b) stay the deadline if the Court grants the Motion to

- 3 -

Stay. *See* Dkt. 115 at 3 (the "Motion to Change Time"). Alternatively, she requested in the same filing that, to the extent the Court denies her Motion to Change Time, the Court allow her to exceed the 75-page limitation for the 5AC set by the Court in the October 1 Order and permit her to file a 200-page 5AC on the current deadline of October 29, 2024. *See id*. ("Motion to Exceed Page Limitation").

## II.  ARGUMENT

The Motion to Change Time should be denied because Plaintiff fails to set forth "good cause" for the requested deadline change, as is required by Fed. R. Civ. P. 6(b)(1)(A), and also fails to identify any "substantial harm or prejudice" that would occur if the Court did not change the time, as is required by Civ. L.R. 6-3. **First**, Plaintiff insists that the deadline for the 5AC should be changed "as a matter of judicial economy" because she appealed the October 1 Order to the Ninth Circuit. Dkt. 115 at 2-3. But the October 1 Order is a *non-final* order granting partial dismissal of some her claims, and thus the Ninth Circuit lacks jurisdiction over Plaintiff's premature appeal.[1] As such, this Court should disregard her notice of appeal and deny her request to extend the deadline to file her 5AC. *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by … reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."); *Currier v. JP Morgan Chase Bank*, NA, No. 20CV227-LAB (JLB), 2020 WL 1433282, at *1 (S.D. Cal. Mar. 23, 2020) ("The Court concludes that [plaintiff's] notice of appeal from its non-final, non-appealable order does not deprive it of jurisdiction. The parties should treat this case as active and ongoing. The Court's orders regarding the filing of an amended complaint and response [] remain in place[.]"). Otherwise, Plaintiff's improper attempt to appeal a non-final order would undermine judicial economy and delay proceedings in this Court even further than her sprawling successive complaints already have. **Second**, Plaintiff does not even attempt to argue that she would suffer any "substantial harm or

---

[1] On October 24, 2024, Apple filed with the Ninth Circuit a motion to dismiss for lack of appellate jurisdiction. *Gjovik v. Apple Inc.*, No. 24-6058, Dkt. 5.1. Under 9th Cir. R. 27-11(a)(1), the filing of the motion to dismiss stays the appellate briefing schedule.

1  prejudice" should the deadline remain unchanged. On the contrary, further delay would only cause
2  harm to Apple by further prolonging resolution of this case that has not yet advanced past the
3  pleadings in the 13 months since Plaintiff first filed.

4        The Motion to Exceed Page Limitation should also be denied because Plaintiff does not
5  provide any rational justification for requesting 200 pages for her 5AC. **First**, the Court already
6  made clear, when it first set the 75-page limit, "this is not the kind of case that warrants a complaint
7  hundreds of pages in length." Dkt. 46 at 3. "[E]ven [Plaintiff's] original complaint – which was
8  more than 150 pages [] – failed to comply with Rule 8." *Id.* Surely, then, a 200-page complaint
9  would fail to comply with Rule 8. **Second**, Plaintiff is incorrect that she would need to "retain the
10 claims dismissed with prejudice" in the October 1 Order "for the sake of preserving error for later
11 appeal." Dkt. 115 at 3. Controlling authority clearly holds the opposite. *See, e.g., Lacey v. Maricopa*
12 *Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave
13 to amend, we will not require that they be repled in a subsequent amended complaint to preserve
14 them for appeal."). **Third**, because Plaintiff need not re-plead the claims that were dismissed with
15 prejudice in the October 1 Order, she has ample space to amend the claims that were dismissed with
16 leave to amend on the specific grounds the Court permitted. **Fourth**, Plaintiff seeks this relief just
17 one week before the deadline to file her 5AC. "I would write a shorter complaint, but I don't have
18 the time," she appears to argue. To encourage Plaintiff to draft a crisper and clearer amended
19 pleading, the Court should deny Plaintiff's request to expand the page limitation beyond what it
20 has already found is the most that could be appropriate in this kind of case.

21 **III.   CONCLUSION**

22       Apple respectfully requests that the Court deny Plaintiff's "Emergency Administrative
23 Motion" in its entirety.

24 Dated: October 25, 2024            ORRICK, HERRINGTON & SUTCLIFFE LLP

26                                 By:       */s/ Melinda S. Riechert*
27                                         MELINDA S. RIECHERT
                                        Attorneys for Defendant
28                                         APPLE INC.