UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION**<br><br>Docket No. 115 |

    Now pending before the Court is Plaintiff's motion for an extension of time. Plaintiff asks that she be given more time to file an amended complaint. The current deadline for that filing is October 29, 2024. *See* Docket No. 112 (Order at 41). She argues that an extension is appropriate because she has appealed the Court's most recent 12(b)(6) order, *see* Docket No. 113 (notice of appeal), and the Ninth Circuit is likely to rule in her favor. She also notes that she has filed a motion to stay proceedings altogether in this Court pending her appeal before the Ninth Circuit.

    Having considered the parties' briefs as well as all other evidence of record, the Court hereby **DENIES** Plaintiff's motion. The motion is denied because, even though Plaintiff has an appeal pending before the Ninth Circuit, it is unlikely that the Ninth Circuit has jurisdiction over the appeal. "The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . ." 28 U.S.C. § 1291 (emphasis added). "[A] final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64 (2018) (adding that "[t]he archetypal final decision is 'one[ ] that trigger[s] the entry of judgment'"); *see also* Moore's Fed. Prac. – Civ. § 202.02 (noting that courts have construed the term "final decisions" to mean final judgments); *United*

1  *States v. Allahyari*, 99 F.4th 486, 491 (9th Cir. 2024) (stating that finality must be given a practical
2  construction and "a judgment will be deemed final 'if it fully adjudicates the issues and clearly
3  evinces the district court's intention that it be that court's final act in the matter'"). Here, the
4  Court's 12(b)(6) order did not end the case in its entirety as there are still claims remaining in the
5  case that have not been dismissed as well as claims that the Court has allowed Plaintiff to amend.
6  *Cf.* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the
7  claims or the rights and liabilities of fewer than all the parties does not end the action as to any of
8  the claims or parties and may be revised at any time before the entry of a judgment adjudicating all
9  the claims and all the parties' rights and liabilities.").

10  Furthermore, although 28 U.S.C. § 1292 allows for appeals of interlocutory orders in some
11  instances, such appeals are very limited in nature. *See, e.g.*, *Carson v. Am. Brands*, 450 U.S. 79,
12  84 (1981) (stating that, "[f]or an interlocutory order to be immediately appealable under § 1292
13  (a)(1), however, a litigant must show more than that the order has the practical effect of refusing
14  an injunction[;] [b]ecause § 1292 (a)(1) was intended to carve out only a limited exception to the
15  final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under
16  § 1292 (a)(1) will be available only in circumstances where an appeal will further the statutory
17  purpose of '[permitting] litigants to effectually challenge interlocutory orders of serious, perhaps
18  irreparable, consequence'").

19  Because it is unlikely that Plaintiff's appeal is proper, an extension of time for Plaintiff to
20  file an amended complaint is delay that is unwarranted. However, to ensure that there is no
21  prejudice to Plaintiff (*e.g.*, if she were waiting for this Court's decision), the Court shall give
22  Plaintiff one additional week to file her amended pleading, and, correspondingly, Defendant shall
23  have one additional week to file a response to the amendment. More time is not warranted given
24  that the Court already gave Plaintiff four weeks to amend and Plaintiff could have moved for relief
25  earlier. In this regard, the Court notes that Plaintiff filed her notice of appeal the same day that the
26  Court issued its order. At or about that time, Plaintiff could have asked for an extension of time.
27  Instead, she waited for another three weeks – and when her amendment was due only a week later
28  – to seek relief.

1   Plaintiff has, in the alternative, asked for leave to file a 200-page amended complaint. The
2   Court has limited Plaintiff to 75 pages. Plaintiff asserts that a pleading of 200 pages is necessary
3   for two reasons: "to 1) retain the claims dismissed with prejudice for the sake of preserving error
4   for later appeal, and to 2) ensure adequate pleading of claims that were given leave to amend."
5   Mot. at 2. This alternative request for relief is also denied. As Defendant points out, she does not
6   need to replead dismissed claims in order to preserve them for appeal. *See Lacey v. Maricopa*
7   *Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and
8   without leave to amend, we will not require that they be repled in a subsequent amended
9   complaint to preserve them for appeal."); *Najarian Holdings LLC v. Corevest Am. Fin. Lender*
10  *LLC*, No. 20-cv-00799-PJH, 2020 U.S. Dist. LEXIS 188667, at *24 (N.D. Cal. Oct. 9, 2020)
11  ("The Ninth Circuit does not require plaintiffs to replead claims that were dismissed with
12  prejudice in an amended complaint in order to preserve them for appeal."). Moreover, as this
13  Court has previously noted, this is not the kind of case that warrants a pleading of that length.
14  Although there is a long history between Plaintiff and Defendant, the gist of her claims is that
15  Defendant has engaged in conduct detrimental to environmental safety and that Defendant
16  retaliated against her when she complained about this conduct as well as other conduct by the
17  company. Federal Rule of Civil Procedure 8 simply requires:
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

This order disposes of Docket No. 115.

**IT IS SO ORDERED**.

Dated: October 25, 2024

_____
EDWARD M. CHEN
United States District Judge

4