(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF ASHLEY GJOVIK'S FIFTH AMENDED COMPLAINT PURSUANT TO FRCP 41(B)**<br><br>Judge: Honorable Edward M. Chen<br>Dept:　Courtroom 5, 17th Floor<br>Date:　January 2, 2025<br>Time:　1:30 p.m. |

1   KATE E. JUVINALL (SBN 315659)
    kjuvinall@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    631 Wilshire Blvd., Suite 2-C
3   Santa Monica, CA 90401
    Telephone:    +1 310 633 2800
4   Facsimile:    +1 310 633 2849

5   RYAN D. BOOMS (SBN 329430)
    rbooms@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    2100 Pennsylvania Avenue NW
7   Washington, D.C. 20037
    Telephone:    +1 202 339 8400
8   Facsimile:    +1 202 339 8500

9   Attorneys for Defendant
    Apple Inc.

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFF ASHLEY GJOVIK: **PLEASE TAKE NOTICE** that on January 2, 2025, at 1:30 p.m. in Courtroom 5, on the 17th Floor of the above-titled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. will move the Court for an Order dismissing with prejudice the Fifth Amended Complaint, leaving only the claims not dismissed in the Fourth Amended Complaint[1], on the grounds that Plaintiff failed to comply with the Court's October 1, 2024 order (Dkt. 112) requiring Plaintiff to file a Fifth Amended Complaint limited to 75 pages and its subsequent October 25, 2024 order (Dkt. 123) requiring Plaintiff to do so by November 5, 2024.

Dismissal is proper under Rule 41(b) because Plaintiff failed to comply with the Court's October 1, 2024 and October 25, 2024 orders. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendant Apple Inc. moves to dismiss Plaintiff Ashley Gjovik's Fifth Amended Complaint ("5AC"). Plaintiff failed to comply with the Court's October 1, 2024 order (Dkt. 112) requiring Plaintiff to file a 5AC limited to 75

---

[1] Per the Court's October 1, 2024 Order (*see* Dkt. 112 at 38-41), the only claims not dismissed in the Fourth Amended Complaint are:

1) Count I – claim for wrongful discharge in violation of public policy;
2) Count II – claim for violation of California Labor Code § 1102.5, but only with respect to (a) "complaints about (1) violations of the anti-retaliation provisions of environmental laws, specifically, 42 U.S.C. §§ 9610 and 7622 and 15 U.S.C. 2622; (2) violation of § 8(a)(1) of the NLRA; (3) violation of California General Industry Safety Order 5194; (4) violation of 29 U.S.C. § 660; (5) violation of the California Constitution's right to privacy (but not related to Gobbler); and (6) violation of 42 U.S.C. § 2000e and California Government Code § 12920" (Dkt. 112 at 38-39); and (b) claimed damages other than civil penalties;
3) Count III – claim for violation of California Labor Code § 6310;
4) Count V – claim for violation of California Labor Code § 98.6, but only with respect to claimed damages other than civil penalties;
5) Count VI – claim for violation of California Labor Code § 232.5, but only with respect to the allegations in Paragraph 182 of the Fourth Amended Complaint; and
6) Count VII – claim for violation of California Labor Code § 96(k).

- 1 -

DEF.'S MOTION TO DISMISS
PURSUANT TO FRCP 41(B)
[23-CV-4597-EMC]

pages and its subsequent October 25, 2024 order (Dkt. 123) requiring Plaintiff to do so by November 5, 2024.

The 5AC was filed two days late on November 7, 2024. And although each of Plaintiff's four prior complaints had been filed on pleading paper consistent with the local rules, Plaintiff submitted her 5AC in an entirely different format. The reason is transparent—to improperly circumvent the October 1 Order by submitting more than 75 pages of allegations and attempting to disguise that malfeasance with a formatting sleight of hand.

Because Plaintiff did not comply with the Court's October 1 and October 25 Orders—and because Plaintiff has repeatedly submitted filings late, has previously filed an improper declaration in an attempt to circumvent page limitations, and has otherwise ignored the rules of this Court—the Court should dismiss the 5AC with prejudice, leaving only the claims not dismissed in the 4AC. Thus, the Court should dismiss with prejudice the claims asserted in the 5AC that the Court previously dismissed with leave to amend in its October 1 Order, and order the case to proceed on only those claims in the Fourth Amended Complaint ("4AC") that Apple did not move to dismiss or that the Court permitted to proceed.[2]

## I.   RELEVANT PROCEDURAL HISTORY

On October 1, 2024, the Court granted in part and denied in part Apple's motion to dismiss the 4AC and required that a 5AC "shall be filed by October 29, 2024, and shall be limited to seventy-five (75) pages in length." *See* Dkt. 112 (the "October 1 Order"). That same day, Plaintiff filed a notice of appeal of the October 1 Order to the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 113.

On October 22, 2024—three weeks after she filed the notice of appeal and just one week before the deadline to file the 5AC—Plaintiff filed a motion to stay all proceedings in this Court pending her (improper) intervening appeal to the Ninth Circuit. *See* Dkt. 117 (the "Motion to Stay").

---

[2] In filing this motion, Apple preserves its right to file a motion pursuant to Rule 12(b)(6) should the Court allow the 5AC to go forward. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The difference between a dismissal under Rule 12(b)(6) and one under Rule 41(b) is not merely formal. For one thing, a Rule 41(b) dismissal is deemed a sanction for disobedience, while a Rule 12(b)(6) dismissal carries no such stigma … "); Fed. R. Civ. P. 12(b) (outlining motions permitted in responsive pleading to assert enumerated defenses).

1    Separately, Plaintiff also filed an "emergency" motion to (a) change the deadline to file her 5AC to
2    "at least two weeks, ideally 30 days, following a decision on the Motion to Stay" if the Court denies
3    the Motion to Stay, or (b) stay the deadline if the Court grants the Motion to Stay. Dkt. 115 at 3 (the
4    "Motion to Change Time"). Alternatively, she requested in the same filing that, to the extent the
5    Court denies her Motion to Change Time, the Court allow her to exceed the 75-page limitation for
6    the 5AC set by the Court in the October 1 Order and permit her to file a 200-page 5AC by October
7    29, 2024. *See id.* (the "Motion to Exceed Page Limitation").

8    On October 24, 2024, Apple filed with the Ninth Circuit a motion to dismiss for lack of
9    appellate jurisdiction. *Gjovik v. Apple Inc.*, No. 24-6058, Dkt. 5.1. In a one-page order issued on
10   October 25, 2024, the Ninth Circuit dismissed Plaintiff's appeal, relying on its own review of the
11   record, and dismissed all pending motions as moot. *Gjovik v. Apple Inc.*, No. 24-6058, Dkt. 7.1.
12   That day, Plaintiff filed with the Ninth Circuit a motion to reconsider the dismissal of the appeal.
13   *Gjovik v. Apple Inc.*, No. 24-6058, Dkt. 8.1. The Ninth Circuit has not invited any response from
14   Apple at the time of this filing.

15   On October 25, 2024, the Court issued an order (the "October 25 Order") denying the
16   Motion to Change Time. Dkt. 123 at 2 ("Because it is unlikely that Plaintiff's appeal is proper, an
17   extension of time for Plaintiff to file an amended complaint is delay that is unwarranted.").
18   Notwithstanding, the Court extended the deadline to file the 5AC to November 5, 2024. *Id*. The
19   Court explained that "[m]ore time is not warranted given that the Court already gave Plaintiff four
20   weeks to amend and Plaintiff could have moved for relief earlier." *Id*. The Court also denied the
21   Motion to Exceed Page Limitation, reiterating that "this is not the kind of case that warrants a
22   pleading of that length." *Id.* at 3 (quoting the Court's January 30, 2024 order dismissing Plaintiff's
23   Second Amended Complaint [Dkt. 43 at 3]). The Court also reminded her that her 5AC must be "a
24   short and plain statement" in compliance with Rule 8. *Id.* at 3-4.

25   On November 6, 2024, Plaintiff filed a "Notice of Intent to File 5AC on Nov. 6 2024." Dkt.
26   127 at 2. Plaintiff did not follow through with her intent. Rather, on November 7, 2024, Plaintiff
27   filed her 5AC, two days after the deadline and without requesting an extension prior to the deadline.
28   Dkt. 128. This is not the first time that Plaintiff has failed to file on time. On May 20, 2024, the

1    Court ordered Plaintiff to file her 4AC by June 17, 2024. Dkt. 73. Plaintiff did not file her 4AC
2    until June 18, 2024. Dkt. 76. Plaintiff also filed her Opposition to Apple's Motion to Dismiss the
3    4AC two days late on July 31, 2024. Dkt. 84.

4          The 5AC contains well over 80 pages of text (though, on its face, it is 74 pages in length),
5    as it has 31 lines per page (despite Civ. L.R. 3-4(c)(2)'s requirement of "no more than 28 lines per
6    page") and narrowed margins at the expense of numbered lines (even though it is practice in this
7    District to include numbered lines). Dkt. 128. Each of Plaintiff's prior five complaints were
8    submitted on compliant pleading paper (*see* Dkt. 1, 17, 32, 47, 76); her choice to deviate from prior
9    practice now is a transparent attempt to disguise that she was ignoring the Court-ordered page
10   limits. This is not the first instance of Plaintiff attempting to circumvent page limits. For example,
11   Plaintiff filed a declaration in support of her opposition to Apple's motion to dismiss the 4AC (Dkt.
12   87), and the Court found that several of the exhibits "arguably reflect an attempt on the part of Ms.
13   Gjovik to get around the page limits on briefing." Dkt. 112 at 5, n. 2.

14   **II.     ARGUMENT**

15         The Court should dismiss the 5AC with prejudice, leaving only the claims not dismissed in
16   the 4AC. Thus, the Court should dismiss with prejudice the claims asserted in the 5AC that the
17   Court previously dismissed with leave to amend in its October 1 Order, and order the case to
18   proceed on only those claims in the 4AC that Apple did not move to dismiss or that the Court
19   permitted to proceed. *See* Fed. R. Civ. Pro. 41(b) ("If the plaintiff fails to prosecute or to comply
20   with these rules or a court order, a defendant may move to dismiss the action or any claim against
21   it. Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] operates as an
22   adjudication on the merits."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow
23   a district court's local rules is a proper ground for dismissal.").

24         In determining whether to dismiss a case for failure to comply with a court order, a district
25   court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2)
26   the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
27   policy favoring disposition of cases on their merits; and (5) the availability of less drastic
28   alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (weighing the

factors and concluding that district court did not abuse its discretion in dismissing plaintiffs' case for failing to amend in a timely fashion). Dismissal is proper "where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal." *Id*. "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[.]" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992)).

Here, Plaintiff failed to comply with the Court's October 1 and October 25 Orders setting a deadline and page limit for the 5AC; on the contrary, she actively flouted them and tried to conceal having done so.

***First***, Plaintiff did not abide by the Court's October 25 Order requiring that Plaintiff file her 5AC by November 5, 2024 nor did she request an extension prior to that deadline and instead filed her 5AC two days late. This alone is grounds for dismissal. *See Monegas v. City & Cnty. of San Francisco Dep't of Pub. Health*, No. 22-CV-04633-JSW, 2023 WL 5671933, at *2 (N.D. Cal. Sept. 1, 2023) (pursuant to Rule 41(b), dismissing with prejudice *pro se* plaintiff's amended complaint filed two days after the deadline set by the Court); *Mandell v. Am. Exp. Travel Related Servs. Co.*, 933 F.2d 1014 (9th Cir. 1991) (affirming dismissal of *pro se* plaintiff's amended complaint filed three days after the court-ordered deadline).

***Second***, the 5AC violates the Court's October 1 Order, which required that the 5AC "shall be limited to seventy-five (75) pages in length." Dkt. 112. Civ. L.R. 3-4(c)(2) requires that papers presented for filing contain "no more than 28 lines per page." Plaintiff's 5AC, however, contains 31 lines per page. *See, e.g.*, Dkt. 76 at 8. With approximately 3 "extra" lines on each of 5AC's 74 pages, the 5AC has approximately 222 "extra" lines, which equals about 8 pages of text. In effect, the 5AC is about 82 pages worth of text. And Plaintiff attempted to conceal that this was so, by submitting a filing that appeared to comply with the page limit but only because she had manufactured a non-compliant format that would convey that appearance. Moreover, the 5AC is missing numbered lines, despite the practice in this District to include them. *See Powerteq, LLC v. Moton*, No. C-15-2626 MMC, 2016 WL 80558, at *1 (N.D. Cal. Jan. 7, 2016) ("Although the Civil Local Rules of this District only expressly require papers 'presented for manual filing' to have

'numbered lines,' *see* Civil L.R. 3-4(c)(1), it is the practice in this District that all papers electronically filed also have numbered lines."). Plaintiff included numbered lines in all prior filings (*see, e.g.*, Dkt. 127, filed one day prior), which suggests that Plaintiff omitted them in the 5AC to narrow the margins and get around the Court-ordered page limit.

This malfeasance—particularly from a plaintiff who graduated from law school, whom the Court said it was "confident" could "draft a complaint that contains the necessary details" within a 75-page limit (Dkt. 46 at 3), and who the Court has repeatedly reminded is subject to Rule 11 (Dkt. 73 at 49; Dkt. 112 at 31, 40)—is clear grounds for dismissal with prejudice. *See Mostowfi v. I2 Telecom Int'l Inc.*, No. C-03-5784 VRW, 2006 WL 8443121, at *9 (N.D. Cal. Mar. 27, 2006), *aff'd*, 269 F. App'x 621 (9th Cir. 2008) (dismissing amended complaint with prejudice pursuant to Rule 41(b) where altered format between pleadings "suggests that plaintiffs' counsel deliberately increased the lines per page so that plaintiffs' factual allegations would fit within the 25-page limit"). Plaintiff's failure to comply with, and brazen disregard of, the Court's October 1 Order warrants the sanction of dismissal with prejudice.

The factors set out in *Yourish* weigh in favor of dismissal of the 5AC. **First**, the public's interest in expeditious resolution of litigation strongly favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (the public's interest in expeditious resolution of litigation strongly favors dismissal where plaintiff failed to timely file amended complaint). Notwithstanding Plaintiff's delay in filing the Motion to Change Time, the Court granted Plaintiff a week extension to file the 5AC. Dkt. 123 at 2. The Court was clear that "[m]ore time is not warranted given that the Court already gave Plaintiff four weeks to amend and Plaintiff could have moved for relief earlier." *Id.* Nonetheless, Plaintiff filed her 5AC two days late. Dkt. 128. Moreover, Plaintiff clearly attempted to circumvent the Court-ordered page limit, and the filing of a compliant Sixth Amended Complaint would only further delay this litigation.

**Second**, the Court's need to manage its docket strongly favors dismissal. *See Yourish*, 191 F.3d at 990 (the court's need to manage its docket strongly favored dismissal where the court gave plaintiffs additional time to file amended complaint and plaintiffs waited until three days after deadline to file motion seeking clarification of grounds for dismissal). As discussed above, Plaintiff

1    filed her 5AC two days late despite being granted a week-long extension (*see* Dkt. 123 at 2; Dkt.
2    128), and Plaintiff did not request a further extension prior to the November 5, 2024 deadline.
3    Plaintiff's attempt to control the pace of the docket is improper. *See Yourish*, 191 F.3d at 990.

4    ***Third***, the risk of prejudice to Apple strongly favors dismissal. *See id.* at 991 (the risk of
5    prejudice to defendant strongly favored dismissal where plaintiffs had a weak excuse for waiting
6    until three days after the deadline to seek clarification of grounds for dismissal). "[T]he risk of
7    prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely
8    amend." *Id.* Here, after the November 5, 2024 deadline had already passed, Plaintiff filed a notice
9    of intent to file the 5AC, claiming "[m]y revisions have been delayed, following the court's order
10   last week, due to my PTSD and anxiety symptoms, which have worsened significantly, while
11   having to remove critical parts of my lawsuit…." Dkt. 127. Plaintiff does not have a good excuse
12   for her untimely filing. The Court's October 25 Order made clear that she did "not need to replead
13   dismissed claims" in her 5AC. *See* Dkt. 123 at 3. Nonetheless, Plaintiff did not raise this excuse
14   until after the 5AC was due. Moreover, Plaintiff's prior compliance with the formatting
15   requirements implies that there is no excuse for Plaintiff's failure to comply in this instance and
16   instead raises the inference that she intentionally violated the requirements in order to sidestep the
17   Court-imposed page limit.

18   ***Fourth***, the availability of less drastic alternatives strongly favors dismissal of the claims
19   that were not dismissed in the Court's October 1 Order. While permitting Plaintiff to file a Sixth
20   Amended Complaint compliant with Civ. L.R. 3-4 would be less drastic, it is not a suitable
21   alternative because it would effectively give Plaintiff a second extension to file an amended
22   complaint following the Court's October 1, 2024 partial dismissal of the 4AC, even though the
23   Court has already found that "[m]ore time is not warranted." Dkt. 123 at 2. As a result, Plaintiff
24   would be unfairly rewarded for violating the Court's October 1 and October 25 Orders. *Gutierrez*
25   *v. City of Colton*, No. CV 07-4934 ODW (SSX), 2008 WL 11410020, at *4 (C.D. Cal. June 9, 2008)
26   (finding no less drastic alternatives because "granting an extension of time would improperly
27   reward Plaintiffs for their delay").
28

***Finally***, while "the public policy favoring disposition of cases on their merits will always weigh against dismissing a case" (*see Hartmann v. Hanson*, No. C 09-03227 WHA, 2010 WL 1340704, at *3 (N.D. Cal. Apr. 2, 2010)), the remaining factors weigh heavily in favor of dismissal, and thus dismissal is appropriate. *See Yourish*, 191 F.3d at 990 (dismissal proper "where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal"). Moreover, this factor does not weigh strongly against dismissing with prejudice the claims that the Court dismissed in its October 1 Order, given that Plaintiff has already had multiple opportunities to amend. Further, in its October 1 Order, the Court expressed doubts as to the merits of certain claims. *See, e.g.,* Dkt. 112 at 31 (the Court "is extremely skeptical that Ms. Gjovik could, in good faith and in compliance with her Rule 11 obligations" plead element of IIED claim premised on alleged chemical exposure); *id.* at 37 ("The Court has strong concerns as to whether Ms. Gjovik can, in good faith, allege a basis for respondeat superior liability."). Thus, this factor does not outweigh the other factors that strongly favor dismissal.

### III. CONCLUSION

The 5AC—filed two days late after Plaintiff had already received a week-long extension and containing over 80 pages of text—does not comply with the Court's October 1, 2024 and October 25, 2024 Orders, and consequently, Apple respectfully requests that the Court dismiss the 5AC with prejudice, leaving only the claims not dismissed in the 4AC. Thus, the Court should dismiss with prejudice the claims asserted in the 5AC that the Court previously dismissed with leave to amend in its October 1 Order, and order the case to proceed on only those claims in the 4AC that Apple did not move to dismiss or that the Court permitted to proceed.

Dated: November 13, 2024                          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Melinda S. Riechert*_____
MELINDA S. RIECHERT
Attorneys for Defendant
APPLE INC.