1  (Additional counsel on following page)

2  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
3  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
6  Facsimile:    +1 650 614 7401

7  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA 94105-2669
10 Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
11
   Attorneys for Defendant Apple Inc.
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S MOTION TO SHORTEN TIME RE: APPLE'S MOTION TO DISMISS PLAINTIFF ASHLEY GJOVIK'S FIFTH AMENDED COMPLAINT PURSUANT TO FRCP 41(B)** |
| v. | |
| APPLE INC., | |
| Defendant. | |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Civ. L.R. 6-3, Defendant Apple Inc. moves to shorten time (the "Motion to Shorten Time") for the Court to hear Apple's Motion to Dismiss Plaintiff Ashley Gjovik's Fifth Amended Complaint ("5AC") pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "Rule 41(b) Motion to Dismiss"). The hearing on the Rule 41(b) Motion to Dismiss is currently set for January 2, 2025. Apple respectfully requests that the Court advance the hearing on the Rule 41(b) Motion to Dismiss to November 21, 2024 and stay Apple's deadline to respond to the 5AC until the Court rules on the Rule 41(b) Motion to Dismiss, and to the extent that the Court denies the Rule 41(b) Motion to Dismiss, Apple requests that the Court permit Apple to file a response to the 5AC—potentially a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure—within 28 days of the Court's order denying the Rule 41(b) Motion to Dismiss.

Alternatively, should the Court deny the Motion to Shorten Time, Apple requests that the Court stay Apple's deadline to respond to the 5AC until the Court rules on the Rule 41(b) Motion to Dismiss, and to the extent that the Court denies the Rule 41(b) Motion to Dismiss, Apple requests that the Court permit Apple to file a response to the 5AC —potentially a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure—within 28 days of the Court's order denying the Rule 41(b) Motion to Dismiss.

*The reasons for the requested shortening of time.* Granting this request would promote judicial efficiency and fairness. In its Rule 41(b) Motion to Dismiss, Apple argues that the 5AC should be dismissed with prejudice, leaving only the claims not dismissed in the Fourth Amended Complaint, because Plaintiff failed to comply with the Court's orders regarding the filing deadline and page limit for the 5AC. If the Court advances the hearing and stays Apple's deadline to respond to the 5AC until the Court rules on the Rule 41(b) Motion to Dismiss, Apple's need to respond to the 5AC may be obviated, sparing both parties—and the Court—the unnecessary time and resources involved in addressing the merits of the non-compliant complaint.

*Efforts Apple has made to obtain a stipulation to the time change.* Counsel for Apple attempted to obtain a stipulation to the time change, but Plaintiff declined. *See* Declaration of Melinda S. Riechert in Support of Motion to Shorten Time (the "Riechert Decl.") ¶2.

*The substantial harm or prejudice that would occur if the Court did not change the time.* If

1   the Rule 41(b) Motion to Dismiss remains scheduled for January 2, 2025 (*i.e.*, after Apple's
2   deadline to respond to the 5AC) and the deadline to respond to the 5AC is not stayed pending the
3   Court's ruling on the Rule 41(b) Motion to Dismiss, then Apple would suffer significant prejudice.
4   Apple would need to invest time and resources to responding to a complaint that is fundamentally
5   flawed, as Plaintiff has disregarded the Court's orders on both the submission deadline and page
6   limit for the 5AC.

*The nature of the underlying dispute that would be addressed in the Rule 41(b) Motion to Dismiss and the position each party has taken.* In its Rule 41(b) Motion to Dismiss, Apple argues that the 5AC should be dismissed with prejudice, leaving only the claims not dismissed in the Fourth Amended Complaint, for failure to comply with the Court's October 1, 2024 order (Dkt. 112) requiring Plaintiff to file a 5AC limited to 75 pages and its subsequent October 25, 2024 order (Dkt. 123) requiring Plaintiff to do so by November 5, 2024. Plaintiff intends to oppose the Rule 41(b) Motion to Dismiss. *See* Riechert Decl. ¶2.

*Previous time modifications in the case, whether by stipulation or Court order.* On October 25, 2024, the Court granted Plaintiff an additional week to file the 5AC.

*The effect the requested time modification would have on the schedule for the case.* The requested time modification has the potential to result in an earlier resolution of this case. If the Court grants the Motion to Shorten Time and the Rule 41(b) Motion to Dismiss, Apple will file an answer to the Fourth Amended Complaint, but only with respect to those claims that Apple did not move to dismiss or that the Court permitted to proceed, within 28 days of the Court's order granting the Rule 41(b) Motion to Dismiss.

Apple therefore respectfully requests that the Court advance the hearing on the Rule 41(b) Motion to Dismiss to November 21, 2024 and stay Apple's deadline to respond to the 5AC until the Court rules on the Rule 41(b) Motion to Dismiss.

Dated: November 13, 2024	ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ Melinda S. Riechert*_____
MELINDA S. RIECHERT
Attorneys for Defendant
APPLE INC.