**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Plaintiff's Opposition to Defendant's Emergency Motion to Dismiss** |
| vs. | |
| **Apple Inc.**, a corporation, | Fed. R. Civ. P. 41(B) |
| Defendant. | |

# I. Table of Contents

I.   Table of Contents ................................................................................................ ii

II.  Issues to be Decided ............................................................................................ 1

III. Arguments ........................................................................................................... 1

   A.  The cases Apple cites are not comparable. ................................................ 2

   B.  FRCP Rule 41(b) dismissal requires a party to fail to comply with a court order and a display of willful or contumacious conduct. ................................................. 3

   C.  Apple's counsel have also used similar fonts and formatting but also with single-spaced line abuse. ........................................................................................ 9

   D.  The delay caused by Plaintiff's late filing was minimal. ............................ 9

   E.  This court has issued orders to Plaintiff with requirements that exceed the Federal Rules of Civil Procedure requirements. .................................................... 10

   F.  A dismissal with prejudice would be too harsh. ....................................... 11

IV.  Conclusion ......................................................................................................... 13

**POINTS & AUTHORITIES**

1. Plaintiff, Ashley Gjovik, respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss and Motion for Shortened Time, at Docket No. 131 & 132. Defendant's Motions should be denied as they are improper and without merit.

## II. Issues to be Decided

2. This court has to decide whether to grant Apple's motion for an emergency decision on their Motion to Dismiss with prejudice due to Plaintiff's failure to follow a court order. If this Court denies Defendant's motions, then the court must decide whether to give Apple an extension on filing their next response to the latest complaint.

Plaintiff responds to both motions here, despite only being provided two days, in order to allow this court to quickly deny Defendant's motions and order them to respond to her complaint. Their request for an extension should also be denied due to unclean hands – though a two day extension from the original deadline, due to Plaintiff's delay, is fine.

## III. Arguments

3. Here, Defendant has filed two frivolous and harassing motions, accusing Plaintiff of misconduct and "malfeasance" for filing her complaint with a two day delay due to time needed to deal with manifestations of severe emotional distress intentionally caused by the Defendant, for changing the font she used in her filings back in July 2024, for adjusting the spacing of lines in her filing, and for not including line numbers in her latest complaint.



*Plaintiff's Fifth Amended Complaint in question.*

### A.   The cases Apple cites are not comparable.

4.   The handful of cases Apple cites for its motions are not relevant here. Apple cited *Powerteq, LLC v. Moton,* No. C-15-2626 MMC, 2016 WL 80558, at *1 (N.D. Cal. Jan. 7, 2016) related to numbered lines, but the cite is to errata in a footnote of an unpublished case. Apple cited *Monegas v. City & Cnty. of San Francisco Dep't of Pub. Health*, No. 22-CV-04633-JSW, 2023 WL 5671933, at *2 (N.D. Cal. Sept. 1, 2023), related to filing past a deadline, but in that case the court found there was no merit in the claims, the person failed to file the case within the time limit set for EEOC right to sue letters, and the person failed to plead a statute of limitations tolling theory.

5.   Apple cited *Mostowfi v. I2 Telecom Int'l Inc.,* No. C-03-5784 VRW, 2006 WL 8443121, at *9 (N.D. Cal. Mar. 27, 2006), aff'd, 269 F. App'x 621 (9th Cir. 2008) related to a change in pleading formatting implying bad faith, but in that case the dismissal was primarily based on the plaintiff's failure to provide

— 2 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-CV-04597-EMC

citations, despite being ordered to prior, and counsel admitted expressly to attempting to evade page limits.

6. Apple cited *Mandell v. Am. Exp. Travel Related Servs. Co.,* 933 F.2d 1014 (9th Cir. 1991) related to a pro se plaintiff missing a deadline, but in that case the Plaintiff's "*claims [were] wholly without merit.*" Apple cited *Gutierrez v. City of Colton,* No. CV 07-4934 ODW (SSX), 2008 WL 11410020, at *4 (C.D. Cal. June 9, 2008) related to the court granting an extension, but that case is referencing failure to prosecute where the statute of limitations had expired for most claims. None of these cases are relevant here – and they are the only cases that Apple cites as a legal basis for its request.

**B. FRCP Rule 41(b) dismissal requires a party to fail to comply with a court order <u>and</u> a display of willful or contumacious conduct.**

7. Plaintiff did note engage in willful or contumacious conduct, and therefore 41(B) is not applicable here. "[T]rial courts possess only a narrow inherent authority to dismiss claims based on limited circumstances (e.g., cases involving a failure to prosecute, frivolous claims, or egregious misconduct)." *Estrada v. Royalty Carpet Mills, Inc.,* 15 Cal. 5th 582, 317 Cal. Rptr. 3d 219, 541 P.3d 466 (Cal. 2024). Mere failure to comply with an order of court does not of itself establish the propriety of invoking Fed. R. Civ. P. 41(b). *Gordon v. Federal Deposit Ins. Corp.,* 427 F.2d 578, 13 Fed. R. Serv. 2d 811 (D.C. Cir. 1970)

8. Intent of the plaintiff is an important, indeed crucial, factor considered by the courts, dismissals being limited to intentional, willful, or flagrant noncompliance, or repeated failures to comply from which willfulness or extreme dilatoriness may be inferred. *Jones v. Thompson,* 996 F.2d 261, 26 Fed. R. Serv. 3d 239 (10th Cir. 1993); *Tatum v. Liberty Housing Co.*, 726 F.2d 410 (8th Cir. 1984) If counsel presents a substantial question and is not outrightly defiant, a lesser sanction may be appropriate, under the court's authority to make such order

— 3 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-cv-04597-EMC

1   as is just. *Gordon v. Fed. Deposit Ins. Corp.*, 427 F.2d 578, 581 (D.C. Cir. 1970) *Syracuse Broadcasting Corp. v. Newhouse,* 271 F.2d 910, 914 (2d Cir. 1959); cf. *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).

9.  "The necessity justification for the contempt authority is at its pinnacle, of course, where contumacious conduct threatens a court's immediate ability to conduct its proceedings, such as where a witness refuses to testify, or a party disrupts the court." *Int'l Union v. Bagwell*, 512 U.S. 821, 832 (1994). An example of a pro se plaintiff engaging in "highly contemptuous" conduct that was appropriate for a trial court to dismiss the case due to the conduct was when where a self-represented attorney plaintiff threatened to use pepper spray and taser against opposing counsel. *Crawford v. JPMorgan Chase Bank, N.A.* (2015) 242 CA4th 1265, 1271, 195 CR3d 868, 873. That is nothing like what happened here.

10. There are three reasons why Apple's argument that Plaintiff engaged in bad faith evidenced by her changed formatting in her complaint – is completely without merit. First, she changed her formatting months ago. Second, the type of formatting misconduct that this district sanctions if far from what she did. And Third, even Apple has used the same formatting she did.

11. There is no evidence that Plaintiff acted in bad faith or attempted to defy the court.

### 1. Defendant claims Plaintiff changed the formatting and layout of her legal filings starting with her Fifth Amended Complaint. This is not true.

12. Apple claimed the Plaintiff changed her formatting, font, line spacing, etc. just for this Fifth Amended Complaint, and did not change it prior. That's is demonstrably false. Plaintiff changed her formatting and fonts in July of 2024, following the Typography for Lawyers guidebook and typeface. (See Exhibit

— 4 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-CV-04597-EMC

A). Nothing Plaintiff did was malfeasance or contempt.




*Plaintiff's filing to this case in August & September 2024.*

— 5 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-cv-04597-EMC



*Plaintiff's filing to this case in July 2024 – with new format.*



*Plaintiff's filing to this case in May-June 2024. This was the last time she used her prior formatting, roughly five months ago.*

— 6 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-cv-04597-EMC

**Defendant claims that Plaintiff's formatting and layout are facial violations of court rules, but Defendant has been warned for intentional and defiant formatting far worse then anything Plaintiff did here.**

[Four images of prior court filings shown side-by-side]

**All of these are Apple's filings in other cases, where they got warnings from the court about single spaced lines.**

— 7 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-cv-04597-EMC

13. In addition, not specific to Apple, this District has warned parties in other cases about line spacing when the spacing is closer to one-line.

*Example Northern District cases with warnings about spacing. Most involved single-spaced lines.*

— 8 —

### C. Apple's counsel have also used similar fonts and formatting but also with single-spaced line abuse.

14. Counsel representing Apple have even recently used nearly the exact same formatting that Apple complains about here, but when Apple did it, Apple <u>also</u> used extensive single-spaced footnotes.

*U.S. v. Apple*, 2:24-cv-04055 (D.N.J.), Dkt. No. 86-1, filed by Apple Inc on 8/1/24

### D. The delay caused by Plaintiff's late filing was minimal.

15. The delay of only a couple days was a very minimal delay – and Plaintiff filed the complaint as soon as there was a presentable draft to file. Plaintiff has no objection if Defendant is given two extra days beyond their original

— 9 —

deadline, to make up for here delay. However, here the Defendant is intentionally causing even more delays – and asking for court approval of additional delays, all which is prejudicial.

16. The court order did provide a deadline and Plaintiff regrets not meeting that deadline, however, an example of a dismissal of action for failure to obey court's order that plaintiff replead after failing to satisfy requirement of Rule 8 was proper where two and one half months passed beyond 20 days allowed by court's order with no effort on plaintiff's part to comply. *Agnew v. Moody*, C.A.9 (Cal.) 1964, 330 F.2d 868, certiorari denied 85 S.Ct. 137, 379 U.S. 867, 13 L.Ed.2d 70. Two days and two months are very different durations.

17. Here, Plaintiff also already apologized for the delay, explained the delay, and complained to Defendant that the delay was caused by them – as her PTSD symptoms were severely disabling due to Apple's continued harassment of Plaintiff within and outside this lawsuit – including Apple Global Security calling her directly to harass her about this lawsuit just last month. (See Def's Declaration Exhibit).

### E. This court has issued orders to Plaintiff with requirements that exceed the Federal Rules of Civil Procedure requirements.

18. This court has issued a number of custom orders to Plaintiff that have requirements well beyond the FRCP. District should not dismiss plaintiff's action for failure to comply with order to supply complaint that substantially exceeded requirements of rules of civil procedure. *Wynder v. McMahon*, C.A.2 (N.Y.) 2004, 360 F.3d 73,. *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) Rule 8 would become a dead letter if district courts were permitted to supplement the Rule's requirements through court orders demanding greater specificity or elaboration of legal theories, and then to dismiss the complaint for failure to comply with those orders. Plaintiff respects the orders she is given and attempts to comply with

— 10 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-cv-04597-EMC

them, but sometimes cannot comply with them, and apologizes and is regretful about it.

**F.   A dismissal with prejudice would be too harsh.**

19.   Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972)*; Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed. 1387 (1968). Failure to amend a complaint after it has been dismissed with leave to amend is not such an extreme case of disobedience, if it is disobedience at all. *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75, 76 (5th Cir. 1973)

20.   Here, if the court feels the Plaintiff should be punished, there are many other options available to the court other than a dismissal with prejudice.

21.   Such a dismissal is a severe sanction, and should be used only in extreme circumstances and as a last resort, where there is a clear record of delay or contumacious conduct8 or intentional disobedience of the court's order, and where lesser sanctions would not be appropriate. Lesser sanctions will normally suffice in all but the most flagrant of circumstances. Thus, where the court does not even consider lesser sanctions, the appellate court may find an abuse of discretion. *Oliva v. Sullivan*, 958 F.2d 272, 22 Fed. R. Serv. 3d 554 (9th Cir. 1992) *Jackson v. City of New York,* 22 F.3d 71, 28 Fed. R. Serv. 3d 1392 (2d Cir. 1994)

22.   Dismissal is an extraordinary remedy, which should not be invoked where failure to comply is inadvertent or excusable, or when the effect would be to punish an innocent litigant for the transgressions of his lawyer. *Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146 (3d Cir. 1968); *Council of Federated Organizations v. Mize*, 339 F.2d 898 (5th Cir. 1964); *Woodham v. American Cystoscope Co.*, 335 F.2d 551 (5th Cir. 1964); *Meeker v. Rizley,* 324 F.2d 269 (10th

— 11 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-CV-04597-EMC

1  Cir. 1963); 5 J.Moore, Federal Practice P41.12 at 1139.

2      23.    Even when the plaintiff has caused delay or engaged in contumacious conduct before the district court dismisses for failure to comply with the court order it must consider whether the ends of justice would be served better by a lesser sanction. *Guyer v. Beard,* 907 F.2d 1424 (3d Cir. 1990). 10 Wright and Miller et al., Federal Practice and Procedure, Civil § 2369 (4th ed.).

## IV. Conclusion

24. In conclusion, Apple's arguments about the delay and formatting are without basis, are a delay tactic, is an attempt to harass the Plaintiff, and should be denied.

25. Plaintiff has replied to both Apple's motions to dismiss and for a shorter deadline in order to empower the court to quickly deny these motions and to order Apple to file a response to the Complaint. Apple fired Plaintiff over there years ago, and this Docket is up to 152 entries, but Apple still has not filed an Answer. Apple needs to file an answer.

Dated: Nov. 15 2024

Signature:

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**:
Boston, Massachusetts
**Mailing Address:**
2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

— 13 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-CV-04597-EMC

— 14 —

## V. Exhibit A: Typography for Lawyers



Figure 1: https://typographyforlawyers.com/equity.html

Figure 3: https://typographyforlawyers.com/line-numbers.html

Figure 4: https://typographyforlawyers.com/

Figure 2 https://typographyforlawyers.com/line-spacing.html

— 15 —

Pl's Opposition to Def's Emerg. Motion to Dismiss | 3:23-CV-04597-EMC

| | |
|---|---|
| 1 | |
| 2 | *How to interpret court rules* |
| 3 | |
| 4 | Among legal documents, court filings must conform to the narrowest typographic restrictions—court rules. But except for a few jurisdictions, court rules still give lawyers plenty of typographic latitude. |
| 5 | |
| 6 | So why do 99.99% of the court filings in any jurisdiction look alike? |
| 7 | One reason is the bandwagon effect. Lawyers usually assume that all the other lawyers are following the rules, so if everyone uses 12-point Times New Roman or puts two vertical lines in the left margin, it must be that the court demands it. Possible, but unlikely. Read your court rules carefully—you'll probably be surprised at how much is left to your discretion. |
| 8 | |
| 9 | |
| 10 | Another reason is fear. "The judge will sanction me because my filings aren't as ugly and hard to read as everyone else's." Again—possible, but unlikely. If your typography conforms to the court rules in good faith, you should be on solid ground. No judge or clerk ever complained about the typography in my filings. Nor has any reader of this book reported any similar consequences. |
| 11 | |
| 12 | |
| 13 | A third reason is force of habit. To create today's filing, lawyers will often just start with last week's filing, which was based on the filing from the week before that, and so on back to about 1979. Formatting choices get entrenched even if they don't relate to the rules. |
| 14 | |
| 15 | |
| 16 | A fourth reason is lack of typographic skill. How do you depart from the usual dreck while still adhering to the rules? Armed with the information in this book, you should have no problem understanding where court rules are strict and where they're flexible. |
| 17 | |
| 18 | ③ LINE SPACING rules should be interpreted arithmetically, not as word-processor lingo. If a rule calls for double-spaced lines, set your line spacing to exactly twice the point size of the body text. Don't rely on the "Double" line-spacing option in your word processor, which may not be equivalent. For instance, in Word, "Double" line spacing is about 15% larger than true double spacing. This reduces the number of lines per page. |
| 19 | |
| 20 | |
| 21 | |
| 22 | ④ Avoid putting rules and borders within or around the page that aren't explicitly required. It clutters the page. For example, in Los Angeles courts, almost every litigator puts two vertical lines on the left edge of the page and one vertical line on the right. But this practice is not required by any rule. In state court, the line on the left is optional—you can use a solid single or double line, but you can also use a "vertical column of space at least ⅓ inch wide". (Calif. Rule of Court 2.108(4).) Nothing is required on the right side. Meanwhile, our federal court requires no vertical lines on either side. Follow the rules, not the crowd. |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | From: https://typographyforlawyers.com/how-to-interpret-court-rules.html |

WHY DO COURT RULES ABOUT TYPOGRAPHY EXIST?

Consistency of typography in court filings helps ensure fairness to the parties. For instance, in jurisdictions that use page limits, if lawyer A sets his briefs at 12 point and lawyer B sets hers at 10 point, then lawyer B will get more words per page. Court rules about typography prevent abuse of these limits.

Court rules about typography also exist as a convenience to the judge and the court staff. Judges don't want to read sheaves of 9-point text. Rules that set minimum page margins or point size ensure a minimum standard of legibility.

As you put your typographic discretion to work, keep these two goals in mind. Don't expect your judge to be happy if you exploit typographic loopholes in the rules that defeat these goals.

FOR INSTANCE, THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA CALLS FOR A PROPORTIONALLY SPACED FONT THAT'S 14 POINT OR LARGER. (C.D. CAL. L.R. 11-3.1.1.) HOW ABOUT THIS ONE? IT'S PROPORTIONALLY SPACED. IT'S SET LARGER THAN 14 POINT. TECHNICALLY SPEAKING, I'VE COMPLIED WITH THE RULE. BUT WILL A FEDERAL JUDGE BE IMPRESSED WITH HOW I'VE INTERPRETED THE RULE? NO WAY.

Conversely, you shouldn't worry about typographic improvements that result in fewer words per page, like larger page margins. Unless you need every word or every page allocated to you—and good legal writers never do—why not use the extra white space to improve the typography? (See MOTIONS for an example.)

Keep in mind that court rules about typography are not designed to produce good typography. That's your job. Court rules set minimums and maximums. They're usually phrased in terms of "at least" and "no more than". Very rarely do they completely eliminate discretion.

I'm not suggesting you should use this discretion to be different for the sake of being different. Rather, you should use this discretion to fill in what the court rules deliberately leave incomplete.

*Figure 5: https://typographyforlawyers.com/how-to-interpret-court-rules.html*