(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>        Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF ASHLEY GJOVIK'S FIFTH AMENDED COMPLAINT PURSUANT TO FRCP 41(B)**<br><br>Judge: Honorable Edward M. Chen<br>Dept: Courtroom 5, 17th Floor<br>Date: January 2, 2025<br>Time: 1:30 p.m. |

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:   +1 310 633 2800
Facsimile:   +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:   +1 202 339 8400
Facsimile:   +1 202 339 8500

Attorneys for Defendant
Apple Inc.

Plaintiff Ashley Gjovik's Opposition to Defendant Apple Inc.'s Rule 41(b) Motion to Dismiss and its Motion to Shorten Time to Hear the Rule 41(b) Motion—filed November 15, 2024, once again after the Court-ordered deadline—provides further support for dismissal of the Fifth Amended Complaint ("5AC") under Rule 41(b) and reverting this case to the claims in the Fourth Amended Complaint ("4AC") that were not previously dismissed.[1] There is no question that Plaintiff violated the Court's October 1 and October 25 Orders. Nowhere in her 15-page Opposition does Plaintiff contest that she failed to comply with the requirement of "no more than 28 lines per page" (Civ. L.R. 3-4(c)(2)). *See* Dkt. 134. Nor does she rebut Apple's argument that as a result the 5AC contains over 80 pages worth of text, in violation of the Court's October 1 Order setting a 75-page limit. *See id.* Moreover, Plaintiff acknowledges that she failed to comply with the Court's October 25 order requiring her to file her 5AC by November 5, 2024. *See id.* at 11-12. These are not mere technical errors, as Plaintiff appears to suggest; they are part of a pattern of conduct. This Court thus has clear grounds to dismiss the 5AC with prejudice, leaving only the claims not dismissed in the 4AC. *See* General Standing Order for Civil Cases at 1 ("Any failure to comply with any of the rules and orders may be deemed grounds for … dismissal …").

Despite Plaintiff's failure to comply with the Court's October 1 and October 25 Orders, Plaintiff insists that Rule 41(b) dismissal is not appropriate here because she "did note [*sic*] engage in willful or contumacious conduct." Dkt. 134 at 5. The law cited by Plaintiff demonstrates otherwise. Plaintiff correctly explains that "willfulness or extreme dilatoriness may be inferred" from "repeated failures to comply[.]" *Id.* (citing, *inter alia*, *Jones v. Thompson*, 996 F.2d 261 (10th Cir. 1993)). And as Apple argued in its Rule 41(b) motion, Plaintiff has repeatedly failed to comply with the Court's deadlines and page limits. *See* Dkt. 131 at 4-6.[2] Plaintiff's failure to timely file her Opposition to Apple's Motion to Shorten Time is yet another instance of Plaintiff disregarding an order from this Court. "Given [P]laintiff's pattern of repeatedly failing to meet deadlines and abide by court orders," there is no "alternative sanction [that] will adequately encourage [P]laintiff to

---

[1] Apple provides this response within the timeline permitted by the Court per Dkt. 135.

[2] *See, e.g.,* Dkt. 98 (denying Plaintiff's motion to file sur-reply in support of opposition to motion to dismiss Fourth Amended Complaint where "the proposed sur-reply is more than seventy pages in length, exceeding the page lengths permitted for motions, oppositions, and reply").

responsibly prosecute [her] case." *Crosby v. Cnty. of Mono*, No. CIV S-2:11-1458-KJM-, 2012 WL 2160951, at *3 (E.D. Cal. June 13, 2012).

Plaintiff also fails to provide any reason to doubt that she deliberately departed from the formatting that she had used in the 4AC, adjusting the spacing of lines and omitting line numbers, in an effort to squeeze extra text onto the pages of her 5AC as an end-run around the court-ordered page limit (and to attempt to conceal that she had done so). The court-ordered page limit would be illusory if Plaintiff were permitted to flout it through formatting sleight of hand. Plaintiff claims she changed the formatting of her filings in July 2024 and provides examples of filings from July-September 2024. Dkt. 134 at 7-8. It is unclear what Plaintiff is trying to show with each of these examples because none have more than 28 lines per page, exclusive of footnotes, which is permissible. *See id.*[3] Indeed, Plaintiff complied with the no-more-than-28-lines-per-page requirement until the 5AC—which she filed after the Court had rejected her plea for additional pages and insisted she limit her filing to 75 pages. Plaintiff offers no explanation as to why the 5AC has 31 lines per page; on the contrary, "this alteration suggests that [she] deliberately increased the lines per page so that [her] factual allegations would fit within the [75]-page limit." *Mostowfi v. I2 Telecom Int'l Inc.*, No. C-03-5784 VRW, 2006 WL 8443121, at *9 (N.D. Cal. Mar. 27, 2006), *aff'd*, 269 F. App'x 621 (9th Cir. 2008). Plaintiff's failure to acknowledge that she added lines and omitted line numbers as an end-run around the Court's order further confirms Plaintiff's bad faith.

Plaintiff attempts to deflect from her own failure to comply with the Court's orders by pointing the finger at Apple and, shockingly, the Court itself. *See* Dkt. 134 at 9-13. **First**, Plaintiff claims Apple has been warned for "intentional and defiant formatting far worse then [*sic*] anything Plaintiff did here," citing to a case where Apple was criticized for putting too many footnotes in a brief. *See* Dkt. 134 at 9. Whataboutism[4], however, is no cure for her own failure to comply with a

---

[3] Plaintiff claims that she changed the format of her filings in July 2024 based on the Typography for Lawyers guidebook. *See* Dkt. 134 at 6. That guidebook explains that court rules about typography exist to "help[] ensure fairness to the parties." *See id.* at 18 (citing https://typographyforlawyers.com/). Plaintiff's failure to abide by such court rules—despite understanding the purpose for them as of July 2024—is further evidence of contumacious conduct.

[4] *See United States v. Jones*, No. 20-10090, 2021 WL 5984901, at *4, n.3 (9th Cir. Dec. 16, 2021) ("There's actually a relatively new term for this rhetorical device of changing the subject: 'In response to an accusation, the purveyor of "whataboutism" deflects by arguing that someone else

1  court order. **Second**, Plaintiff suggests that the Court's October 1 Order "substantially exceeded"
2  the Federal Rules of Civil Procedure and thus the Court has no basis to dismiss her 5AC for
3  violating that order. *Id.* at 12-13. Plaintiff's position is contrary to the law, as this Court was well
4  within its authority to limit the 5AC to 75 pages. *See Chaidez v. Hubbard*, 744 F. App'x 385, 386
5  (9th Cir. 2018) (rejecting as meritless plaintiff's contention that the district court erred by imposing
6  page limit on amended complaint). In turn, this Court has the authority to dismiss the 5AC for
7  violating that page limit. This is especially so because Plaintiff continues to insist that the Court
8  lacks the authority to have imposed such a page limit, again highlighting her unwillingness to be
9  held to the same standards as other litigants. *See Harrell v. Hornbrook Cmty. Servs. Dist.*, No.
10 214CV01595KJMGGH, 2017 WL 3493626, at *7 (E.D. Cal. Aug. 15, 2017), *report and*
11 *recommendation adopted*, 2017 WL 6520701 (E.D. Cal. Sept. 29, 2017) (granting Rule 41(b)
12 motion where plaintiff failed to abide by page limit and citing "contumacious conduct" in *Barnes*
13 *v. Tumlinson*, 598 F. App'x 798 (5th Cir. 2015), where plaintiff complained that any page limit
14 imposed by the court was arbitrary and not required by Rule 8).

15       Apple respectfully requests that the Court dismiss with prejudice the claims asserted in the
16 5AC that the Court previously dismissed with leave to amend in its October 1 Order, and order the
17 case to proceed on only those claims in the 4AC that Apple did not move to dismiss or that the
18 Court permitted to proceed.

20 Dated: November 19, 2024            ORRICK, HERRINGTON & SUTCLIFFE LLP

22                                     By:     */s/ Melinda S. Riechert*
23                                             MELINDA S. RIECHERT
                                             Attorneys for Defendant
                                             APPLE INC.

---

(such as the accuser) has also done something wrong. Whether the accusation holds up is irrelevant, relentless whataboutism is a way to justify and distract, not to make a genuine case.'") (quoting Caroline Mala Corbin, *The Unconstitutionality of Government Propaganda*, 81 Ohio St. L.J. 815, 827 (2020)).