UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 23-cv-04597-EMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; AND FINDING DEFENDANT'S MOTION TO SHORTEN TIME MOOT**

Docket Nos. 131-32

Currently pending before the Court is Apple's motion for an involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that, "[if] the plaintiff fails to prosecute or to complete with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (also providing that a dismissal under "subdivision (b) . . . operates as an adjudication on the merits" "[u]nless the dismissal order states otherwise"). Apple argues that involuntary dismissal is appropriate because Ms. Gjovik has failed to comply with this Court's orders – specifically, (1) she failed to timely file her fifth amended complaint ("5AC") and (2) the length of the 5AC exceeds 75 pages, which is the limit that the Court placed on the amended pleading. *See* Docket No. 112 (Order at 41); Docket No. 123 (Order at 3).

The Court agrees with Apple that Ms. Gjovik has failed to comply with its orders. First, the 5AC was due on November 5, 2024. *See* Docket No. 123 (Order at 1-2). Ms. Gjovik had five weeks to file the pleading. Initially, the Court gave her four weeks to amend but, subsequently, gave her an extension of one additional week.

During those five weeks, Ms. Gjovik made several filings with this Court as well as with

United States District Court
Northern District of California

United States District Court
Northern District of California

the Ninth Circuit. *See, e.g.*, Docket Nos. 115, 117 (motions filed with this Court); Docket Nos. 114, 125 (filings made with the Ninth Circuit). However, she did not file her 5AC on November 5; nor did she ask this Court for an extension of time beyond November 5.

Instead, on November 6, 2024, at about 10:00 a.m., Ms. Gjovik filed a notice, in which she (1) "apologize[d] for the delay" in filing the 5AC; (2) attributed the delay to PTSD and anxiety symptoms[1]; and (3) "committed to filing the 5AC by midnight." Docket No. 127 (notice). Although Ms. Gjovik did not file the 5AC by midnight as promised, she did file the pleading at about 7:30 a.m. *See* Docket No. 128 (5AC). Thus, altogether, the 5AC was untimely filed by more than a day.

Second, the 5AC is not limited to 75 pages in length as previously ordered by the Court. To be sure, as a facial matter, the pleading appears to be only 74 pages. However, as Apple points out, Ms. Gjovik manipulated the formatting on the pleading to achieve this result – *i.e.*, she circumvented the page limit by including 31 lines of text per page (instead of 28 as required by Civil Local Rule 3-4(c)(2)) and narrowing page margins (*i.e.*, by omitting numbered lines, which is the practice in this District and which is consistent with Civil Local Rule 3-4(c)(1)). Apple estimates that, without manipulation, the 5AC would be approximately 80 pages of text. *See* Mot. at 4.

In her papers, Ms. Gjovik does not dispute that her 5AC has more lines of text per page than permitted; nor does she dispute that the margins were narrowed (including through the sacrifice of the use of numbered lines). She argues, however, that any formatting changes were not done in bad faith to evade page limits. *See* Opp'n at 4. The Court rejects this argument and finds that the formatting changes were intentionally made and in bad faith. Ms. Gjovik claims that she began to make new formatting changes beginning in July 2024 – *i.e.*, well before the Court allowed her to file a 5AC. *See* Opp'n at 4 (claiming to be "following the Typography for Lawyers

---

[1] *See* Docket No. 127 (notice) (referring to (a) "PTSD and anxiety symptoms, which have worsened significantly while having to remove critical parts of my lawsuit [which] represent events in my life which previously caused my severe emotion[al] distress when they occurred originally" and (b) "PTSD symptoms due [to] the requirement of publicly detailing my IIED claims while being harassed by the Defendant and certain non-parties about those events").

guidebook and typeface”). But even if Ms. Gjovik made some formatting changes starting in July 2024, *see* Opp’n at 5-6 (providing examples), those changes did *not* include 31 lines of text per page. Furthermore, in instances in which she did not use numbered lines, the margins did not appear to be narrowed as they have been with the 5AC.[2]

The question for the Court, however, is whether Ms. Gjovik’s violations of its orders warrant a dismissal. To be clear, Apple asks only for an involuntary dismissal of claims that the Court allowed Ms. Gjovik to amend in her 5AC. *See* Mot. at 4 (arguing that “[t]he Court should dismiss the 5AC with prejudice, leaving only the claims not dismissed in the 4AC”). The Court holds that this relief is not appropriate.

The fact that Ms. Gjovik filed her complaint late is of less consequence, particularly as Ms. Gjovik notified the Court on November 6, 2024, that she intended to file the 5AC and then did so the following day.[3] *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (stating that, “‘[w]hen a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has *not* notified the court of his intention not to file an amended complaint, we may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b)’”) (emphasis added). The more problematic conduct by Ms. Gjovik was her failure to comply with the Court’s limit on page length for her amended pleading.

In assessing whether to dismiss under Rule 41(b), a court typically considers the following five factors: “‘(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.’” *Id.* (also

[2] Ms. Gjovik criticizes Apple for engaging in improper formatting conduct in other cases. Those other cases are irrelevant. Ms. Gjovik has not pointed to any improper formatting conduct by Apple in *this* case.

[3] To be clear, the Court does not condone the untimely filing, especially as it had already given her a one-week extension to file the 5AC. *See* Docket No. 123 (Order at 2). Ms. Gjovik risks being sanctioned if she continues to make late filings. While a filing that is not unduly late may not be so prejudicial to the opposing party as to warrant severe sanctions, a pattern or practice of late filings is a different matter. Apple suggests that Ms. Gjovik has already engaged in such a pattern or practice. *See* Reply at 1. However, Ms. Gjovik is now on notice that there are consequences.

referred to as the *Yourish* factors). Although some of these factors may weigh in Apple's favor, the Court concludes that, overall, the dismissal sought by Apple is too extreme a sanction – at least at this juncture of the proceedings. That being said, a sanction of some kind is warranted. Specifically, the Court sanctions Ms. Gjovik by striking the 5AC at Docket No. 128 from the record. The Court shall permit Ms. Gjovik to file a new 5AC by **November 26, 2024**; that pleading must comply with the Court's prior orders regarding the scope of the permitted amendment and is still subject to the 75-page limit. **If Ms. Gjovik does not timely file the 5AC and/or files a pleading that subverts the 75-page limit imposed by the Court, she risks the imposition of a more severe sanction – including the severest sanction of dismissal.** After Ms. Gjovik files the new 5AC, Apple shall then until **January 7, 2024**, to file its response to the amended pleading.

Accordingly, for the reasons stated above, the Court **DENIES** Apple's motion for involuntary dismissal. However, this ruling does not preclude Apple from moving for such relief in the future, if and when appropriate. In light of the Court's ruling herein, Apple's motion for shortened time is moot.

This order disposes of Docket Nos. 131 and 132.

**IT IS SO ORDERED**.

Dated: November 19, 2024

EDWARD M. CHEN
United States District Judge