**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

**Ashley M. Gjovik**, *an individual*,

Plaintiff,

vs.

**Apple Inc.**, a corporation,

Defendant.

U.S. District Court Case No. 3:23-CV-04597

U.S. Court of Appeals Case No. 24-6058

### Motion for Reconsideration

### Of the Order at Dkt. 137

Fed. R. Civ. P. 54(b) Civil L.R. 7-9.

# MOTION FOR RECONSIDERATION

1. Plaintiff, Ashley Gjovik, respectfully submits the following Motion for Reconsideration of the court's Nov. 19 2024 decision at Dkt. 137, along with her *Fifth Amended Complaint – Abbreviated* version at Dkt. 138.

2. The court's Nov. 19 2024 order at Dkt. 137 accuses the Plaintiff of *manipulation, circumvention, subversion, evasion*, and *bad faith* conduct. The court's order issues sanctions against the Plaintiff and warns her of the potential for additional sanctions, including dismissal of her lawsuit. These measures are perceived as excessive and unjust, particularly given the circumstances of a trauma-affected individual representing herself against a large corporation in a case of substantial public interest concerning public safety issues.

3. The court's Nov. 19 2024 decision which concludes that the Plaintiff has acted in bad faith to such an extent that punishment is warranted, appears to rely primarily on a factual basis regarding the formatting of the Plaintiff's Fifth Amended Complaint, specifically the use of: "*31 lines of text per page*," "*did not use numbered lines*," and has "*narrowed page margins*." Dkt. 137. The Plaintiff hereby submits this Motion for Reconsideration to specifically challenge the court's findings regarding these alleged types of bad faith conduct.

4. This motion for reconsideration addresses the court's finding, which is erroneous and prejudicial, regarding the length of the Plaintiff's complaint. Specifically, the court determined that the complaint contained more than 75 pages of substantive content. It is important to note that Apple provided only an estimate of the length, while the Plaintiff confidently asserted that the complaint comprises 75 pages of substantive content.

5. The Plaintiff has now filed a revised Fifth Amended Complaint (as directed by the court in Dkt. 137). The revised complaint adheres to formatting specifications, featuring exactly 28 lines per page, 12-point font, one-inch margins, numbered lines, and standard character spacing, and is confirmed to be

75 pages in length. An exhibit accompanies the latest Fifth Amended Complaint to illustrate the differences between the Fifth Amended Complaints at Dkt. 128 and Dkt. 138, indicating most changes were merely abbreviations and slight rewording. Therefore, it is evident that the original Fifth Amended Complaint at Dkt. 128 also complied with the page limits established by the court.

6. Further, the Plaintiff also believed that the formatting requirements related to 28 lines and the use of line numbers were applicable only to paper filings and not to electronic filings. This belief is supported by her communications with the Defendant, as demonstrated in Exhibit A at Dkt. 132-1. However, the court has posited that the Plaintiff held a contrary belief, despite the absence of any statements from the Plaintiff that would support such a claim.

## I. ARGUMENTS

### A. Plaintiff said she believed the 5AC contained 75 pages worth of content and it does.

7. Plaintiff has filed her abbreviated version of her Fifth Amended Complaint at Dkt. 138, with a document showing the difference between this document and her original Fifth Amended Complaint. This condensed version retains all substantive content from the November 7, 2024, version, while merely abbreviating the existing text from the Dkt. 128 version.

8. On Nov. 12 2024, Plaintiff wrote to Defendant expressing her ability to do just this, saying she could "*...refile the complaint ... with numbered lines, and ... 28 lines per page...*" by "*...simply to convert[ing] a few pages of longer words to abbreviations and acronyms.*" Dkt. 132-1. Plaintiff had no doubt her complaint consisted of 75 pages worth of substantive content. Plaintiff knew if she had more time she would be able to get the content to 28 lines per page, as she did not have time when she filed the complaint, as she was already two days late.

### B. Civil Local Rule 3-4(c)(2) applies to paper filings.

9. It is important to note that the Plaintiff interpreted the Local Rules as only requiring 28 lines per page and numbered lines for filings submitted in physical form. The Local Rules do not provide overarching requirements applicable to all filing types; rather, they specify that Rule 3-4(c)(1) pertains to "manual filing," outlining guidelines that exclusively apply to physical documents (e.g., "*must be flat, unfolded…*").

10. The Plaintiff communicated to the Defendant that her understanding applied to Rule 3-4(c)(2), as evident in Defendant's Exhibit A. This interpretation is reasonable, given that the rule states, *"text must appear on one side only…,"* which further indicates its relevance solely to physical submissions. The Plaintiff did not identify any rules regarding margins.

11. Plaintiff explained this position when she wrote to Defendant (correspondence which Defendant included as an exhibit to their motion): *"Again, it's my understanding I did not violate any FRCP or local rules in choosing the spacing I did, or choosing not to have numbered lines -- as the paragraphs are numbered, which is what is required…. I did not include numbered lines because the paragraphs are numbered, and because the requirement for numbered lines is only under local rules for manual filing (paper filings)."* Dkt. 132-1, Ex. A.

12. It would be appropriate to inform the Plaintiff of an incorrect interpretation of the rules and provide clarification for future filings. However, it is entirely inappropriate to accuse the Plaintiff of *manipulation, circumvention, subversion, evasion*, and sanction her for *bad faith* conduct based on her reasonable understanding of an ambiguously written Local Rule.

C. **Plaintiff is Prejudiced.**

13. There is insufficient evidence to support a finding of "bad faith" by the Plaintiff. The decision made on Nov. 19, 2024, was based on an inaccurate interpretation of the facts and a misunderstanding of the circumstances. As such,

this decision ought to be revisited with the corrected information, which clearly justifies the revocation of the sanctions imposed on the Plaintiff.

14. The court seems to dismiss the Plaintiff's arguments regarding the timeline of her formatting changes, treating it as her sole justification for compliance with the rules. This perspective overlooks the fact that this argument was a direct response to Apple's assertions that she altered the formatting of the Fifth Amended Complaint to conceal intentional misconduct related to line spacing and margins. However, Defendant's factual allegations were false.

15. Further, the Plaintiff's Opposition contended that the Defendant filed this motion in bad faith and as an additional attempt to harass her. Consequently, it is pertinent to note that the Defendant has employed similar formatting and has received warnings regarding single-spaced lines (which differs from the margin and line issue at hand). It is also relevant that the Defendant's counsel has submitted documents without line numbers. (Opp. at 7-9, Dkt. 134).

## II. Conclusion

16. The plaintiff is representing herself and has consistently communicated her disability status. She is experiencing significant emotional distress due to ongoing harassment from the defendant. Furthermore, she lacks legal representation and is managing all research and writing independently, despite not being an attorney. Prior to the matter involving Apple, she had no previous litigation experience. Additionally, she is facing employment challenges and financial hardship. She has also mentioned she continues to suffer from various medical issues attributed to the defendant's actions. Notwithstanding her respectful requests for the court's patience and understanding, she continues to face challenges from the court.

17. Since the hearing on August 28, 2024, the court has adopted a notably adverse stance towards the Plaintiff. The court has repeatedly permitted the

1  Defendant to breach procedural rules without consequence, while failing to
2  address the Defendant's unprofessional behavior towards the Plaintiff.
3  Furthermore, the court has engaged in personal attacks against the Plaintiff
4  alongside the Defendant. The court has imposed stringent and customized rules
5  specifically for the Plaintiff and has penalized her for attempting to adhere to
6  these rules. For example, claims have been dismissed due to insufficiently pleaded
7  facts, despite the fact that the constraints on page limits hindered her ability to
8  provide a more comprehensive account, and the court acknowledged this.

9      18.    The court has gone to the extent of dismissing the Plaintiff's well-
10 supported claims with prejudice for reasons unrelated to the merits of the case,
11 and even in defiance of the merits presented. Consequently, the court has
12 unilaterally concluded that while the Defendant's actions which harmed Plaintiff
13 may typically contravene California law, such conduct is permissible in this
14 situation due to the court's opinion about Plaintiff's writing style.

15     19.    This has created a situation where the Plaintiff possesses substantial
16 evidence regarding retaliation by the Defendant, which the Defendant may
17 concede to, yet still claim, based on the court's declaration, that such actions are
18 now not illegal. This situation has compelled the Plaintiff to seek review from the
19 Ninth Circuit, as it appears the court is effectively dissuading her from continuing
20 her case. (e.g., a *death knell*).

21     20.    The Plaintiff respectfully requests that the court reconsider its
22 approach, and the stringent measures imposed upon her—an injured, disabled
23 individual striving to follow procedural rules in pursuit of her public interest
24 lawsuit against a formidable opponent. Additionally, the Plaintiff asks the court to
25 reconsider the extensive extension granted to the Defendant for responding to the
26 Fifth Amended Complaint.

27 Dated: Nov. 20 2024.
28

1
2  Signature:
3
4
5
6  _____
7  **/s/ Ashley M. Gjovik**
8  *Pro Se Plaintiff*
9
10 **Email**: legal@ashleygjovik.com
11 **Physical Address**: Boston, Massachusetts
   **Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
12 **Phone**: (408) 883-4428
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28