UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ASHLEY M GJOVIK, | Case No. 23-cv-04597-EMC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| APPLE INC., | |
| Defendant. | Docket No. 139 |

Previously, the Court denied Apple's motion for involuntary dismissal; however, it also sanctioned Ms. Gjovik by striking her fifth amended complaint ("5AC") for failure to comply with Court orders. The Court gave Ms. Gjovik leave to file a new 5AC so long as it complied with the Court's orders. Now pending before the Court is Ms. Gjovik's motion for leave to file a motion to reconsider.

The motion for leave is **DENIED**. Ms. Gjovik has failed to establish that she should be given leave pursuant to Civil Local Rule 7-9(b).

Furthermore, even if the Court were to permit Ms. Gjovik to file her proposed motion to reconsider, it is not persuasive on the merits. For example, Ms. Gjovik argues that her formatting changes were not made in bad faith because Civil Local Rule 3-4(c) applies only to manual filings, not electronic filings. At best, Ms. Gjovik's argument has merit with respect to her failure to use numbered lines.[1] *See* Civ. L.R. 3-4(c)(1) ("Papers presented for manual filing must be on 8½ inch by 11 inch white paper with numbered lines . . . ."). However, the requirement of no more than 28

---

[1] To be clear, the Court did not take issue with Ms. Gjovik's failure to use numbered lines *per se*. The problem was that Ms. Gjovik *narrowed margins* by dropping the use of numbered lines.

1    lines per page is not so restricted. *See* Civ. L.R. 3-4(c)(2) ("Text must appear on one side only and
2    must be double-spaced with no more than 28 lines per page . . . ."). Furthermore, under Ms.
3    Gjovik's position, page limits would be meaningless because formatting requirements in the Civil
4    Local Rules could be entirely ignored for electronic filings. *Cf. Wilson v. Citizens Ins. Co. of Am.*,
5    No. 1:13-CV-470, 2014 U.S. Dist. LEXIS 148277, at *2-3 (M.D.N.C. Oct. 17, 2014) (taking note
6    of Local Rule imposing formatting requirements – *e.g.*, spacing, font size, number of lines of text;
7    "[t]he purposes of these requirements are obvious: to allow the Court to read the brief without
8    undue eye strain or format distractions and to insure that litigants do not avoid page limits through
9    creative but inappropriate font variation or spacing").

10         The Court also notes that Ms. Gjovik's repeated complaints about a page limit on her
11   pleading fall flat. It is not uncommon for courts to impose page limits, even for pleadings. *See,*
12   *e.g.*, *Sullivan v. Graham*, No. 23-3153, 2024 U.S. App. LEXIS 11968, at *9 (10th Cir. May 17,
13   2024) (in case where pro se plaintiff claimed, *e.g.*, conspiracy and fraud involving forty
14   defendants, rejecting plaintiff's challenge to imposition of 50-page limit on his amended
15   complaint); *Lewis v. Fla. Dep't of Corr.*, 739 Fed. Appx. 585, 585-86 (11th Cir. 2018) (rejecting
16   plaintiff's contention that Local Rule limiting pro se civil rights complaints to 25 pages was
17   unconstitutional as applied in his case); *Lamon v. Ellis*, 584 Fed. Appx. 514, 515 (9th Cir. 2014)
18   (in pro se § 1983 case, holding that "district court's page limitation was consistent with Federal
19   Rule of Civil Procedure 8(a)(2)"); *Bittaker v. Rushen*, No. 92-15375, 1992 U.S. App. LEXIS
20   28517, at *2-4 (9th Cir. Oct. 29, 1992) (in pro se case, affirming involuntary dismissal because
21   plaintiff's pleading exceeded the 40-page limit imposed by the district court and failed to comply
22   with Rule 8); *Martinez v. Parks*, No. 1:21-cv-1496-ADA-CDB (PC), 2023 U.S. Dist. LEXIS
23   88558, at *1 (E.D. Cal. May 19, 2023) (in pro se § 1983 case, reaffirming decision to limit
24   plaintiff to a 25-page complaint); *see also* E.D. Tex. L.R. CV-3 (imposing 30-page limit on habeas
25   petitions in non-death penalty cases and 100-page limit in death penalty cases); *cf. Blakely v.*
26   *Wells*, 209 Fed. Appx. 18, 20 (2d Cir. 2006) (holding that lower court "acted within the bounds of
27   permissible discretion in dismissing the second amended complaint for noncompliance with Rule
28   8(a); "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far

United States District Court
Northern District of California

from short or plain"). As the Court has stated before, nothing about this case suggests that Ms. Gjovik should not be able to file a pleading in compliance with Rule 8 even if limited to 75 pages.

Finally, the Court acknowledges that Ms. Gjovik has refiled a 5AC which, as a facial matter, is 75 pages. *See* Docket No. 138 (5AC). Ms. Gjovik indicates that this complaint is largely the same as the stricken 5AC; "most changes were merely abbreviations and slight rewording." Docket No. 139-1 (Prop. Mot. at 2). The Court has not fully examined the new 5AC but notes that abbreviations include using: "Pl." instead of "Gjovik"; "&" instead of "and"; "env." instead of "environmental"; "gov." instead of "government"; "discrim." instead of "discrimination"; and "admin." instead of "administrative." Although the Court is not prejudging the matter, it advises Ms. Gjovik that it will not look favorably on the use of abbreviations if so extensive as to constitute an attempt to effect an end-run around page limitations. *See, e.g.*, *Doubleday Acquisitions LLC v. Ab*, No. 1:21-cv-03749-SCJ, 2022 U.S. Dist. LEXIS 238573, at *15 (N.D. Ga. July 1, 2022) (ordering that "the parties shall use the default double spacing of Word or another word processing program and shall not use exact spacing *or other technical workarounds to avoid the letter and spirit* of this District's formatting requirements and page limitations") (emphasis added). Thus, the Court reiterates for Ms. Gjovik's benefit that she has until November 26, 2024, to file a 5AC that complies with the Court's orders.

This order disposes of Docket No. 139.

**IT IS SO ORDERED**.

Dated: November 20, 2024

_____
EDWARD M. CHEN
United States District Judge