(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIFTH AMENDED COMPLAINT**<br><br>Dept:   Courtroom 5, 17th Floor<br>Judge:  Honorable Edward M. Chen<br>Date:   February 13, 2025<br>Time:   1:30 p.m. |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:   +1 310 633 2800
4  Facsimile:   +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
8  Facsimile:   +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Apple Inc. respectfully request that the Court take judicial notice of the documents described below pursuant to Federal Rule of Evidence 201, and/or consider the exhibits with Apple's Motion to Dismiss Portions of Plaintiff's Fifth Amended Complaint ("5AC") because they are incorporated by reference in the 5AC.[1]

# I. LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [a] Rule 12(b)(6) motion[] to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## A. Judicial Notice

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 866 (N.D. Cal. 2022). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction;" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

This Court has recognized that "[p]roper subjects of judicial notice when ruling on a motion to dismiss include ... publically accessible websites." *Al-Ahmed*, 603 F. Supp. 3d at 866 (quoting *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014)). *See also Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv- 2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of webpage printouts). Courts routinely take judicial notice of government websites, including online building permit records. *See Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH, 2021 WL 810252, at *4 (N.D. Cal. Mar. 3, 2021), *aff'd*, 40 F.4th 1043 (9th Cir. 2022) (taking judicial notice of a copy of the online building permit records from the San Francisco government website); *Baton v. Ledger SAS*, No. 21-CV-02470-EMC, 2024 WL

---

[1] Because many of the documents incorporated by reference into the 5AC are publicly available websites, the Court may consider them in connection with Apple's motion under either doctrine.

1  3447511, at *23 (N.D. Cal. July 16, 2024) (taking judicial notice of fact available on the State of
2  California Secretary of State's website). Courts may also take judicial notice of websites that have
3  been preserved by the Internet Archive WayBack Machine. *See Steinberg v. Icelandic Provisions,*
4  *Inc.*, No. 21-CV-05568-EMC, 2022 WL 220641, at *2, n.1 (N.D. Cal. Jan. 25, 2022), *aff'd*, No.
5  22-15287, 2023 WL 3918257 (9th Cir. June 9, 2023) (granting judicial notice of fact from website
6  as it existed on a given date, preserved by the Internet Archive WayBack Machine). Finally, it is
7  similarly well-recognized that public documents are suitable for judicial notice. *Reyn's Pasta Bella,*
8  *LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court
9  filings and other matters of public record."); *In re Yahoo Mail Litig.,* 7 F. Supp. 3d 1016, 1025
10  (N.D. Cal. 2014).

## B.  Incorporation By Reference

12  Under settled Ninth Circuit law, documents incorporated by reference into a complaint—
13  *i.e.*, "documents whose contents are alleged in a complaint and whose authenticity no party
14  questions, but which are not physically attached to the [complaint]"—may be considered in
15  connection with a Rule 12(b)(6) motion. *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir.
16  2018) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). The court may treat such a
17  document "as though [it is] part of the complaint itself," and may generally "assume [its] contents
18  are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics,*
19  *Inc.,* 899 F.3d 988, 1003 (9th Cir. 2018) (quotations and citations omitted).

20  The Ninth Circuit has extended this doctrine to situations in which "plaintiff's claim
21  depends on the contents of a document, the defendant attaches the document to its motion to
22  dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff
23  does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393
24  F.3d 1068, 1076 (9th Cir. 2005). This rule exists "in order to prevent plaintiffs from surviving a
25  Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based."
26  / / /
27  / / /
28  / / /

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS AND/OR CONSIDER THEM INCORPORATED BY REFERENCE IN THE 5AC.

### A. Exhibits 1, 2, 3, 4A-4E, and 6A-6B are incorporated by reference into the 5AC and are publicly available webpages properly subject to judicial notice.

In the 5AC, Plaintiff cites and relies on specific documents to form the basis of her nuisance claim (and corresponding IIED claim)—in which she asserts that Apple intentionally vented toxic chemicals into the air—in an attempt to plead around the statute of limitations problem apparent from the face of the complaint. As discussed in Apple's Motion to Dismiss, these documents, however, were available to Plaintiff during the statutory period and cannot be used as a basis to toll the limitations period. Apple requests that the Court consider **Exhibits 1, 2, 3, 4A-4E** and **6A-6B** because they are incorporated by reference into the 5AC and because they are publicly available webpages that can be judicially noticed. The Court can and should consider these documents in connection with evaluating whether Plaintiff has satisfied her burden to allege that she could not have timely discovered the bases she believes support her claim against Apple and thus should be permitted to pursue an otherwise time-barred claim.

**Exhibits 1** and **2** are true and correct copies of publicly accessible posts from Plaintiff's X account (formerly known as Twitter) on February 1, 2023. **Exhibit 1** is a true and correct copy of Plaintiff's tweets located at https://x.com/ashleygjovik/status/1628250591779516416 (last visited Jan. 6, 2025), which Plaintiff cited at footnote 45 in the version of her Fifth Amended Complaint filed on November 7, 2024 (Dkt. 128 at 42). Clicking on the "Show more" link (at the bottom of the tweet starting with "Even more renovations…"), directs the user to https://x.com/ashleygjovik/status/1628249229406662657 (last visited Jan. 6, 2025). **Exhibit 2** is a true and correct copy of Plaintiff's tweets located at https://x.com/ashleygjovik/status/1628249229406662657.

**Exhibit 3** is a true and correct copy of a public July 1, 2019 incident report from Santa Clara Fire Department reporting a chemical leak of silane and phosphine at "3250 SCOTT BL." Exhibit 3 was located via the search function on the City of Santa Clara public records request website located at https://www.santaclaraca.gov/our-city/departments-a-f/city-clerk-s-office/request-

1   public-records (last visited Jan. 6, 2025). The user can access the search function by clicking the
2   "Santa Clara NextRequest webpage" link and then "Search." When entering the terms "3250 Scott"
3   in the search function, the website returns 25 results, including Request No. 20-77
4   (https://santaclara.nextrequest.com/requests/20-77) (last visited Jan. 6, 2025). The user can
5   download **Exhibit 3**, the only responsive document associated with Request No. 20-77. The
6   incident report includes a cover sheet stating that the July 2019 incident report was uploaded to the
7   website on February 18, 2020.

8   **Exhibits 4A-4E** are publicly available documents from the City of Santa Clara permit
9   center website (https://www.santaclaraca.gov/our-city/departments-a-f/community-
10  development/permit-center), all of which were last visited on January 3, 2025. The user can access
11  the permit search function by clicking the "Permitting Online Portal" link and then the "Search for
12  Permits" link. The user is directed to https://aca-
13  prod.accela.com/SANTACLARA/Cap/CapHome.aspx?module=Building&TabName=Building, a
14  true and correct copy of which is attached as **Exhibit 4A**. Upon entering "3250" under the "Street
15  No." input, "Scott" under the "Street Name" input, and 12/31/2020 under the "End Date" input, the
16  website returns 114 results, from 1973 through 2020. True and correct copies of the search results
17  are attached as **Exhibits 4B-4D**. The user can also download the results (as noted in green in
18  **Exhibit 4B** at 2); a true and correct copy of the results (resized for legibility, sorted chronologically,
19  and converted to PDF) are attached as **Exhibit 4E**.

20  **Exhibits 6A-6B** are true and correct copies of publicly available documents from the Bay
21  Area Air Quality Management District ("BAAQMD") website. **Exhibit 6A** is a true and correct
22  copy of the BAAQMD website on Toxic Air Contaminants located at
23  https://www.baaqmd.gov/en/about-air-quality/emission-inventory/toxic-air-contaminants (last
24  visited Jan. 7, 2025). The web page includes links to publicly available annual toxic air contaminant
25  inventories from 2003 through 2022, which the user can download simply by clicking the link. The
26  website includes a link to a report on "Toxic Air Contaminant Inventory for 2018", which was
27  publicly posted on the website on August 24, 2021. *See* **Exhibit 6A** at 3. A true and correct copy
28  of the 2018 report (converted to PDF and annotated with green highlighting for ease of reference)

- 4 -

REQUEST FOR JUDICIAL NOTICE ISO
APPLE'S MOTION TO DISMISS 5AC
CASE NO. 23-CV-4597-EMC

is attached as **Exhibit 6B**.

The Court may consider **Exhibits 1, 2, 3, 4A-4E** and **6A-6B** under the doctrine of incorporation by reference. Plaintiff specifically cites to the July 1, 2019 incident report (**Exhibit 3**), permits from the City of Santa Clara (**Exhibits 4A-4E**), and documents from BAAQMD (**Exhibits 6A-6B**), and relies on them to form the basis of her nuisance claim (and corresponding IIED claim), in which she asserts that Apple "intentionally vented its fabrication exhaust, unabated, and consisting of toxic solvent vapors, gases, and fumes, into the ambient air." 5AC ¶22; *see also id.* ¶23 ("***Santa Clara City Fire Department records*** for 3250 Scott include at least sixteen chemical spill reports at 3250 Scott within only three years. These reports included eight confirmed leaks/spills: *leaks of phosphine and silane on June [sic] 1 2019…*"), ¶260 ("The plaintiff's findings were further substantiated through communication with an environmental safety expert. Lenny highlighted the acute health risks of gases used in semiconductor manufacturing and ***pointed out a 2019 gas leak report that mentioned phosphine—an indicator of Apple's toxic emissions at 3250 Scott***. *This information confirmed Plaintiff's belief that Apple's activities at the facility caused her illness*"); ¶25 ("***Apple also reported to the [BAAQMD], in difficult-to-find agency filings,*** that in at least 2019-2021, 3250 Scott exhausted reportable amounts of mercury, arsenic, carbon monoxide, and formaldehyde into the ambient air around the factory"); Original 5AC,[2] filed Nov. 7, 2024, at Dkt. 128, ¶¶211-12 ("The only documents released were lists of permits. Gjovik skimmed the permits for 3250 Scott Blvd and was flabbergasted to see permits for semiconductor fabrication tools (which she recognized only due to her work on hardware development at Apple). She quickly communicated her findings."), *see also* ¶¶213-14, 281. Thus, the Court may consider these documents under the incorporation by reference doctrine. *See Knievel*, 393 F.3d at 1076.

Additionally, the exhibits collectively show, as discussed in Apple's Motion to Dismiss, that Plaintiff cannot plausibly support her nuisance and corresponding IIED claims because they are time-barred. Plaintiff directly cites and relies on **Exhibits 1** and **2**, her publicly posted February

---

[2] Plaintiff omitted certain previously pled facts from the Original 5AC (Dkt. 128). But the Court may still consider them here, as a "[p]laintiff may not plead around the deficiencies in [her] claims by omitting previously pled facts." *Bell v. St. Clair*, 2015 WL 1606968, at *3 (E.D. Cal. Apr. 9, 2015).

1  21, 2023 Twitter posts, to argue that the two-year statute of limitations for her nuisance and IIED
2  claims should be tolled until February 21, 2023 because that is when she allegedly discovered 3250
3  Scott was a semiconductor facility and was thus the case of her alleged illness. 5AC ¶¶42, 259, 266,
4  269. **Exhibits 3, 4A-4E** and **6A-6B**, the documents Plaintiff asserts allowed to her to "discover"
5  that 3250 Scott was a semiconductor facility, show that they were available to Plaintiff long before,
6  if she had looked for them, and that no tolling is warranted. Because the documents are incorporated
7  by reference into the 5AC and central to whether Plaintiff's claims can survive, they should be
8  considered with Apple's Motion to Dismiss. *See Abdulaziz v. Twitter, Inc.*, 2020 WL 6947929, at
9  *6, *7, n.58 (Aug. 12, 2020) (incorporating by reference notifications sent by Twitter and
10 corresponding recipient lists, which showed that "the plaintiff does not plausibly plead any claims
11 predicated on Twitter's ratification of its employees' conduct . . . and the statute of limitations bars
12 all claims except the [Unfair Competition Law] claim").

13      In addition, the Court may also take judicial notice of **Exhibits 1, 2, 3, 4A-4E** and **6A-6B**
14 because they are publicly available webpages whose contents are not subject to reasonable dispute.
15 Courts in this district routinely take judicial notice of websites and their contents. *See Al-Ahmed*,
16 603 F. Supp. 3d at 866; *Love*, 2021 WL 810252, at *4; *Baton*, 2024 WL 3447511, at *23.

### B. Exhibits 5A-5B are publicly available webpages properly subject to judicial notice.

19      **Exhibits 5A-5B** are true and correct copies of historical pages that show the publicly
20 available City of Santa Clara permit website as it existed back in 2020. In other words, **Exhibits
21 5A-5B** show what the City of Santa Clara's permit center website looked like back in 2020, while
22 Exhibits 4A-4G show what the City's permit center website looks like presently. **Exhibit 5A** is a
23 true and correct copy of a screenshot of the City of Santa Clara website
24 (https://web.archive.org/web/20201111083349/https://www.santaclaraca.gov/our-
25 city/departments-a-f/community-development/building-division/permits/permit-parcel-
26 search#expand), which includes a "Smart Permit Search" link, preserved by the Internet Archive
27 WayBack Machine on November 11, 2020. Clicking on the "Smart Permit Search" link directs the
28 user                                                                                              to

1  https://web.archive.org/web/20201111091323/https://smartpermit.santaclaraca.gov:8443/apps/cap
2  _sc/, which is a search page that includes "Street Number" and "Street Name" inputs, a true and
3  correct copy of which is attached as **Exhibit 5B**.

4    The Court may take judicial notice of **Exhibits 5A-5B** because they are publicly available
5  webpages whose contents are not subject to reasonable dispute. Courts in this district routinely take
6  judicial notice of websites and their contents. *See Steinberg*, 2022 WL 220641, at *2, n.1. And in
7  this case in particular, because Plaintiff has made allegations that she could not possibly have
8  discovered the information available through this public site earlier, it is appropriate for the Court
9  to take judicial notice of the existence and content of the site at the time Plaintiff claims her alleged
10 injuries incurred (which triggered a duty to investigate the potential source(s) to which she might
11 attribute those injuries and timely file any claims she believed she had).

12 **III.   CONCLUSION**

13    For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of
14 **Exhibits 1, 2, 3, 4A-4E, 5A-5B**, and **6A-6B**.

15 Dated: January 7, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

17                                            By:  *Melinda Riechert*
18                                                 MELINDA S. RIECHERT
                                                   Attorneys for Defendant, Apple Inc.