(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1 650 614 7400
Facsimile:  +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>           Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIFTH AMENDED COMPLAINT**<br><br>Dept:    Courtroom 5, 17th Floor<br>Judge:  Honorable Edward M. Chen<br>Date:    February 13, 2025<br>Time:   1:30 p.m. |

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone: +1 310 633 2800
Facsimile: +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Attorneys for Defendant
Apple Inc.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1
I. INTRODUCTION AND STATEMENT OF ISSUES...................................................... 1
II. NOTHING IN PLAINTIFF'S OPPOSITION SAVES HER DEFECTIVE FIFTH AMENDED COMPLAINT. ............................................................................................. 1
    A. Plaintiff's Opposition Violates the Court's Rules and Should Be Stricken............ 1
    B. Amendments Not Authorized by the October 1 Order Should Be Dismissed........ 2
    C. Claims Related to Alleged Environmentally Unsafe Conditions Should Be Dismissed ................................................................................................................ 3
        1. Fifth Claim: Plaintiff's Private Nuisance Claim Is Time-Barred................ 3
        2. Sixth Claim: Plaintiff's IIED Claim Is Time Barred, and Plaintiff Does Not Allege Apple's Alleged Conduct Was Specifically Targeted at Her........................................................................................ 7
    D. Several of Plaintiff's Retaliation Claims Should Be Dismissed in Part.................. 7
        1. Second Claim and Fourth Claim: Plaintiff's Claims for Civil Penalties Under Labor Code Sections 1102.5 and 98.6 Are Time-Barred ......................................................................................................... 7
        2. Fourth Claim: The Portion of Plaintiff's 98.6 Claim Premised on a Violation of Labor Code Sections 232 and 232.5 Fails .............................. 9
    E. Seventh Claim: Plaintiff's IIED Premised on Alleged Post-Termination Conduct Fails ......................................................................................................... 10
III. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Avila v. Willits Envtl. Remediation Trust*,
　633 F.3d 828 (9th Cir.2011) ............................................................................................... 4

*Beasley v. Lucky Stores, Inc.*,
　No. 18-CV-07144-MMC, 2020 WL 408971 (N.D. Cal. Jan. 24, 2020) ................................. 6

*Bettles v. Toyota Motor Corp.*,
　645 F. Supp. 3d 978 (C.D. Cal. 2022) ............................................................................. 4, 5

*Coppola v. Smith*,
　935 F. Supp. 2d 993 (E.D. Cal. 2013) ................................................................................. 5

*Drake v. Toyota Motor Corp.*,
　No. 2:20-CV-01421-SB-PLA, 2021 WL 2024860 (C.D. Cal. May 17, 2021) ..................... 4, 5

*Federici v. Monroy*,
　No. C 094025 PVT, 2010 WL 1223192 (N.D. Cal. Mar. 25, 2010) ........................................ 5

*In re Ford*,
　483 F. Supp. 3d 838 (C.D. Cal. 2020) .................................................................. 4, 5, 11, 12

*Hopkins v. Kedzierski*,
　225 Cal. App. 4th 736 (2014) ........................................................................................... 8, 9

*Independent Towers of Washington v. Washington*,
　350 F.3d 925 (9th Cir.2003) ............................................................................................... 11

*Jenkins v. Yellowstone Properties, Inc.*,
　No. 17-CV-7764 (VEC), 2019 WL 4392955 (S.D.N.Y. Sept. 12, 2019) .............................. 12

*Johnson v. United States*,
　No. 523CV02542SSSAJR, 2024 WL 1135775 (C.D. Cal. Feb. 2, 2024) .............................. 6

*Lee v. City of Redwood City*,
　No. C 06-3340 SBA, 2006 WL 2067074 (N.D. Cal. July 25, 2006) ...................................... 2

*Mangini v. Aerojet-Gen. Corp.*,
　230 Cal. App. 3d 1125 (1991) .............................................................................................. 4

*McGinn v. Exec. Off. of Energy & Env't Affs.*,
　496 F. Supp. 3d 541 (D. Mass. 2020) ................................................................................ 12

*McGinn v. Exec. Off. of Energy & Env't Affs.*,
　No. 19-CV-11551-IT, 2020 WL 5821988 (D. Mass. Sept. 30, 2020) .................................. 12

*Nazif v. Computer Scis. Corp.*,
    No. C-13-5498 EMC, 2015 WL 3776892 (N.D. Cal. June 17, 2015) .................................. 11

*O'Connor v. Boeing N. Am., Inc.*,
    311 F.3d 1139 (9th Cir. 2002) ........................................................................................... 4

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal.4th 965 (1993) ......................................................................................................... 7

*Raifman v. Wachovia Sec., LLC*,
    649 F. App'x 611 (9th Cir. 2016) ...................................................................................... 4

*Sifuentes v. Google Inc.*,
    No. 22-CV-03102-JCS, 2023 WL 4181267 (N.D. Cal. June 26, 2023) ............................. 3

*Vaca v. Wachovia Mortg. Corp.*,
    198 Cal. App. 4th 737 (2011) ............................................................................................ 6

*Vaughn v. American Multi-Cinema, Inc.*,
    No. 09 CIV 8911 BSJ, 2010 WL 3835191 (S.D.N.Y. Sept. 13, 2010) ............................ 12

*Warrick v. Birdsell*,
    278 B.R. 182 (9th Cir. Bankr. 2002) ................................................................................. 2

*In re Wireless Tel. Servs. Antitrust Litig.*,
    No. 02 CIV.2637 DLC, 2004 WL 2244502 (S.D.N.Y. Oct. 6, 2004) ................................ 3

**Statutes**

Cal. Lab. Code § 98.6 .............................................................................................. 7, 8, 9, 10

Cal. Lab. Code § 232 ....................................................................................................... 9, 10

Cal. Lab. Code § 232.5 .................................................................................................... 9, 10

Cal. Lab. Code § 1102.5 .................................................................................................. 7, 8, 9

**Other Authorities**

Fed. R. Civ. P. 12(h) .............................................................................................................. 1

Fed. R. Civ. P. 15(a)(2) ......................................................................................................... 3

Fed. R. Evid. 201 ................................................................................................................... 5

Civ. L.R. 7-4(a)(5) ................................................................................................................. 2

Civ. L.R. 7-4(b) ..................................................................................................................... 2

4129-1738-7608      - iii -      APPLE'S REPLY ISO MTD 5AC
CASE NO. 23-cv-4597-EC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF ISSUES

Apple moves to dismiss the claims in Plaintiff's Fifth Amended Complaint ("5AC") that the Court had previously dismissed with leave to amend in its October 1, 2024 Order, including claims that are untethered to Plaintiff's employment (all of which are plainly time-barred) and employment-related claims that do not satisfy the pleading requirements, as well as amendments not authorized by the Court's October 1 Order. Plaintiff's untimely, 36-page, AI-generated Opposition does not even attempt to address most of the arguments in Apple's Motion, effectively conceding that dismissal is appropriate as to many of her claims. The Motion should be granted in its entirety and dismissal should be with prejudice, as Plaintiff has already had seven opportunities to amend her complaint and any further amendments would be futile.

## II. NOTHING IN PLAINTIFF'S OPPOSITION SAVES HER DEFECTIVE FIFTH AMENDED COMPLAINT.[1]

### A. Plaintiff's Opposition Violates the Court's Rules and Should Be Stricken.

Plaintiff continues to disregard the Court's rules and engage in a pattern and practice of filing untimely briefs that exceed the permitted page limits. On November 19, 2024, the Court notified Plaintiff that continued violation of the Court's rules would result in severe sanctions. *See* Dkt. 137 at 3, n.3 ("Ms. Gjovik risks being sanctioned if she continues to make late filings. While a filing that is not unduly late may not be so prejudicial to the opposing party as to warrant severe sanctions, a pattern or practice of late filings is a different matter. Apple suggests that Ms. Gjovik has already engaged in such a pattern or practice. [] However, Ms. Gjovik is now on notice that there are consequences."); *id.* at 4 ("If Ms. Gjovik does not timely file the 5AC and/or files a pleading that subverts the 75-page limit imposed by the Court, she risks the imposition of a more severe sanction – including the severest sanction of dismissal."). Here, just two months later, Plaintiff again filed an untimely brief that is 36 pages, 11 pages longer than the 25-page limit. *See*

---

[1] Plaintiff's Opposition includes various arguments that are legally flawed and/or irrelevant to Apple's Motion. *See, e.g.*, Opp. Section C (arguing Apple is only entitled to one motion to dismiss under Fed. R. Civ. P. 12(h), which says no such thing); Sections D-G, I. Apple only addresses those arguments relevant to its Motion.

1    Civ. L.R. 7-4(b).[2] Plaintiff's Opposition was due on January 21, 2025. While Plaintiff did file a
2    brief at 11:59pm on January 21, she admits it was incomplete because, among other things, it did
3    not include citations to any legal authority (as required by the Local Rules). *See* Dkt. 149 at 4, ¶5;
4    Civ. L.R. 7-4(a)(5).

She filed a new brief the following day that was a "final" version of her Opposition, in which she included some legal citation and new additional sections. *See* Dkt. 150 ("Opp.") at 8, ¶5 ("Plaintiff also did not have time to include legal citations before the deadline and now files this revised version with legal citations and the addition of missing sections."). "[A]lthough she is proceeding pro se, [Plaintiff] is nevertheless obligated to follow the same rules as represented parties." *Lee v. City of Redwood City*, No. C 06-3340 SBA, 2006 WL 2067074, at *3 (N.D. Cal. July 25, 2006) (where plaintiff filed opposition to motion to dismiss two days late, the court instructed that "failure to comply with its orders or the rules may result in dismissal with prejudice"); *see also Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. Bankr. 2002) (pro se litigant not excused from requirement to understand and follow bankruptcy court rules, particularly in light of fact that she held law degree and also ran paralegal firm). Plaintiff's failure to timely file a brief that complies with the Local Rules is without reasonable justification and, because she continues to engage in a pattern and practice of violating the Court's rules, it should be stricken and the claims at issue dismissed with prejudice.

### B. Amendments Not Authorized by the October 1 Order Should Be Dismissed.

In response to Apple's argument that Plaintiff's 5AC violated the Court's October 1 Order forbidding further amendment "except as expressly authorized by this order" (Dkt. 145 ["Mot."] at 10 [quoting Dkt. 112 ("Oct. 1 Order") at 41]), Plaintiff does not even attempt to argue that any of the amendments identified in Section III.A of Apple's Motion were authorized by the October 1 Order. Instead, she repeatedly insists that many of these allegations are not "new" because she made them in prior filings. *See* Opp. at 40-41. Even if true (Plaintiff does not cite any prior filing and instead complains that she "literally does not have the time to go back and find all of these

---

[2] Plaintiff's violation of the page limit is particularly egregious because she admits that she used "generative AI to assist her in drafting [the] response." Opp. at 8, ¶5. She easily could have asked generative AI to draft a brief within the Court's page limits.

| | |
|---|---|
| 1 | references[,] document them[,] and report them to the court" [*id.* at 41, ¶112]), her re-assertion of |
| 2 | abandoned allegations—all of which fall outside the scope of the October 1 Order permitting |
| 3 | amendment—is improper. *See Sifuentes v. Google Inc.*, No. 22-CV-03102-JCS, 2023 WL 4181267, |
| 4 | at *8 (N.D. Cal. June 26, 2023) (striking claims on the basis that they fall outside of the scope of |
| 5 | the Court's order permitting amendment). This is especially so because she did not request leave to |
| 6 | amend to re-assert these allegations. Fed. R. Civ. P. 15(a)(2) (providing that after the time for |
| 7 | amending as-of-right has passed, "a party may amend its pleading only with the opposing party's |
| 8 | written consent or the court's leave"). And even if Plaintiff had sought leave to re-introduce these |
| 9 | allegations, such a request would have lacked merit. *See, e.g.*, *In re Wireless Tel. Servs. Antitrust* |
| 10 | *Litig.*, No. 02 CIV.2637 DLC, 2004 WL 2244502, at *6 (S.D.N.Y. Oct. 6, 2004) (request to amend |
| 11 | complaint to re-assert abandoned allegations lacked good cause). |

Plaintiff further contends that she may introduce other allegations "not detailed in the prior filings" simply because they are an "important part of illustrating the continuation of the retaliatory conduct." Opp. at 41, ¶112. Plaintiff, however, does not and cannot refute Apple's argument that such amendments fall outside the scope of the October 1 Order permitting amendment and are thus improper (*Sifuentes*, 2023 WL 4181267, at *8), and she never sought leave to amend to include such allegations, as she was required to do under Fed. R. Civ. P. 15(a)(2).

### C. Claims Related to Alleged Environmentally Unsafe Conditions Should Be Dismissed.

#### 1. Fifth Claim: Plaintiff's Private Nuisance Claim Is Time-Barred.

The only dispute is whether the discovery rule applies to save Plaintiff's otherwise time-barred nuisance claim, which relates to exposures she alleges she suffered in 2020 and that she began to attribute to Apple in 2023.[3] Plaintiff fails to meaningfully address Apple's arguments that

---

[3] Plaintiff contends that the statute of limitations for her nuisance claim and related IIED claim did not begin to run until "February 2024" [sic] when she allegedly "fully discovered the connection between her health issues and the facility's emissions" (Opp. at 18, ¶38) and "the true nature of her exposure and its potential impact on her health" (*id.* at 20, ¶45). However, this Court has already found that the statute of limitations began to run "at the latest by March 2021." Oct. 1 Order at 27 ("[A]t that time, she knew she was injured and she suspected that her injury was the result of someone else's wrongdoing – as reflected in her article published at the time."). The sole remaining question, discussed in Section II.C.1, is whether the delayed discovery rule applies to salvage her claims.

the discovery rule does not apply because (1) Plaintiff relies on publicly available information to support her claims that was available to her during the limitations period, and (2) Plaintiff does not explain why she could not have located the publicly available documents sooner. Mot. at 16-19. Plaintiff has had ample opportunity to amend, and the claim should be dismissed with prejudice. *See In re Ford*, 483 F. Supp. 3d 838, 846 (C.D. Cal. 2020) (where plaintiff "does not respond to [an] argument," she "concedes the point").

Plaintiff's Opposition, which is difficult to follow, appears to allege the limitations period should be tolled because (1) the delayed discovery rule applies the "reasonable person" standard—*i.e.*, "whether a reasonable person in Plaintiff's position would have been able to identify the source"—and that is a "factual question that must be determined by a jury" (Opp. at 19, ¶40); (2) Apple's Motion is supposedly an acknowledgment of Apple's alleged wrongful activities at 3250 Scott, which Apple fraudulently concealed from Plaintiff (*id.* at 23, ¶¶53-54); and (3) Apple's alleged violations at 3250 Scott and the alleged harm to Plaintiff are continuing and toll the limitations period (*id.* at 23-25, ¶¶55, 58-60).[4] Plaintiff is wrong on all counts.

***First***, Plaintiff cites no case law to support her theory that the "reasonable person" standard applies in the delayed discovery analysis. It does not. As discussed in Apple's Motion, "a potential plaintiff who suspects that an injury has been wrongfully caused must conduct ***a reasonable investigation of all potential causes of that injury***." Mot. at 15 (quoting *Raifman v. Wachovia Sec., LLC*, 649 F. App'x 611, 613 (9th Cir. 2016). Courts have concluded on motions to dismiss that a plaintiff has not adequately pled that she conducted a reasonable investigation when an internet search could have revealed the alleged conduct that the plaintiff claims caused her harm. *See Bettles v. Toyota Motor Corp.*, 645 F. Supp. 3d 978, 985 (C.D. Cal. 2022); *Drake v. Toyota Motor Corp.*, No. 2:20-CV-01421-SB-PLA, 2021 WL 2024860, at *2-3 (C.D. Cal. May 17, 2021).

---

[4] Plaintiff also appears to argue she is entitled to a more generous tolling period under federal law because "the federal standard **under CERCLA** is more generous than California law in tolling the statute of limitations." Opp. at 18, ¶39 (citing *Mangini v. Aerojet-Gen. Corp.*, 230 Cal. App. 3d 1125, 1150 (1991)) (emphasis added). But Plaintiff's claim is for nuisance and is not brought under CERCLA. Thus, none of the cases Plaintiff cites apply. *See Mangini*, 230 Cal. App. 3d 1125 (does not discuss CERCLA at all and does not include language Plaintiff cites); *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1146 (9th Cir. 2002) (discussing CERCLA, not nuisance claims); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 841 (9th Cir.2011) (same).

1  Thus, Plaintiff's contention that the "reasonable person" standard applies and that her nuisance
2  claim cannot be resolved on a motion to dismiss has no merit.

3  Plaintiff appears to cite *Coppola v. Smith*, 935 F. Supp. 2d 993 (E.D. Cal. 2013) for the
4  proposition that courts should not resolve whether an investigation is reasonable on a motion to
5  dismiss, but *Coppola* is inapposite. There, the plaintiff argued that an EPA letter would ***not*** have
6  put her on notice of her claims. *Id.* at 1031-32. Here, in contrast, Plaintiff alleges that publicly
7  available documents—specifically, building permits for 3250 Scott—***did*** put her on notice of her
8  purported nuisance claim. *See* Dkt. 142 ("5AC") ¶259 (alleging that her receipt of permits for 3250
9  Scott led her to believe that 3250 Scott caused her alleged injuries); Dkt. 146 (Apple's Request for
10 Judicial Notice in Support of its Motion to Dismiss the 5AC ["RJN"]), Exs. 1-2 (incorporated by
11 reference into Dkt. 128, Plaintiff's original 5AC filed on November 7, 2024, ¶214, n.45) and Exs.
12 4A-4E, 5A-5B.[5] She further alleges that other publicly available documents support her nuisance
13 claim. *See* 5AC ¶¶22, 23, 25, 260; RJN, Exs. 3 and 6A-6B. But Plaintiff does not explain why she
14 was not able to locate any of these documents sooner, even though they were publicly available
15 within the statute of limitations window (*see* Mot. at 16-19)—a point which Plaintiff does not even
16 attempt to dispute and thus concedes. *See In re Ford*, 483 F. Supp. 3d at 846. The delayed discovery
17 rule therefore does not apply and Plaintiff's nuisance claim is time-barred. *See Bettles*, 645 F. Supp.
18 3d at 985; *Drake,* 2021 WL 2024860, at *2-3.

19 Rather than explain why she could not have located the publicly available documents
20 sooner, Plaintiff argues that her investigation cannot be deemed inadequate simply because
21 "agencies, tasked with enforcing environmental laws and regulations, could not identify the source
22 of the emissions [that Plaintiff allegedly detected in her apartment] after thorough investigations."
23 Opp. at 19, ¶41. But Plaintiff does not allege in her 5AC that any government agency has ***ever***
24 concluded that the "source of the emissions" was 3250 Scott (despite having equal access to the
25 same publicly available documents that Plaintiff relies upon to support her nuisance claim). Thus,

---

[5] Because Plaintiff did not file any opposition to Apple's RJN, it should be granted. *See Federici v. Monroy*, No. C 094025 PVT, 2010 WL 1223192, at *3 (N.D. Cal. Mar. 25, 2010) (failure to oppose request for judicial notice amounted to concession that document was properly subject to judicial notice under Fed. R. Evid. 201).

Plaintiff cannot compare the government's investigation to her own to attempt to excuse her delay in locating the documents that were publicly available during the statute of limitations window and that she now relies upon to support her nuisance claim.

***Second***, Apple does not concede in its Motion that the activity reported in the publicly available documents—and upon which Plaintiff relies in the 5AC to support her nuisance claim—is unlawful or otherwise harmed Plaintiff. Apple only argues that, to the extent Plaintiff believes that her alleged illness was caused by the activity reported in the public documents, Plaintiff could have located those documents during the statutory period because they were publicly available. Moreover, Plaintiff's legally unsupported argument that Apple fraudulently concealed the information makes no sense because the crux of Apple's argument—which she concedes, as discussed above—is that the documents were publicly available to Plaintiff during the limitations period. Mot. at 16-19.[6]

***Third***, this Court has already rejected Plaintiff's argument that the statute of limitations should be tolled due to purported "continuing violations." Oct. 1 Order at 29, n.11 ("To the extent Ms. Gjovik asserts that there is no time-bar problem because the ARIA factory is a continuing nuisance, that argument lacks merit. Ms. Gjovik moved out of her apartment near the ARIA factory in October 2020."). To the extent that Plaintiff now attempts to argue that the statute of limitations should be tolled because of alleged continuing ***harm***, this position also lacks merit. *See Johnson v. United States*, No. 523CV02542SSSAJR, 2024 WL 1135775, at *6 (C.D. Cal. Feb. 2, 2024) (rejecting plaintiff's argument that the SOL should be tolled based on "continuing harm"); *Vaca v. Wachovia Mortg. Corp.*, 198 Cal. App. 4th 737, 745 (2011) ("The time bar starts running when the plaintiff first learns of actionable injury, even if the injury will linger or compound.") (citation omitted).

---

[6] In her Opposition, Plaintiff similarly contends that tolling should apply because Apple "deliberately failed to disclose to Plaintiff that its own operations were the cause." Opp. at 23, ¶54. But tolling is not applicable where a defendant allegedly "merely fails to disclose evidence that the wrong had been committed" because "if courts were to find otherwise, any time a tortfeasor failed to disclose evidence that would demonstrate its liability in tort, the statute of limitations would be tolled under the doctrine of concealment." *See Beasley v. Lucky Stores, Inc.*, No. 18-CV-07144-MMC, 2020 WL 408971, at *5 (N.D. Cal. Jan. 24, 2020) (internal quotations omitted).

Given Plaintiff's failure to allege tolling per the Court's October 1 Order, Plaintiff's nuisance claim should be dismissed with prejudice.

### 2. Sixth Claim: Plaintiff's IIED Claim Is Time Barred, and Plaintiff Does Not Allege Apple's Alleged Conduct Was Specifically Targeted at Her.

Plaintiff's IIED claim premised on her purported fear of developing cancer is based on the same facts underlying her nuisance claim and is time-barred for the same reasons. *See* Section II.C.1, *supra*.

In its Motion, Apple also argued that the IIED claim premised on a purported fear of cancer fails for the independent reason that Plaintiff did not allege facts suggesting that any conduct allegedly leading her to develop a fear of cancer was "directed at [her] or undertaken with knowledge of [her] presence and [exposure to the chemicals]." Mot. at 21 (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 974 (1993)). In her Opposition, Plaintiff asserts—without quoting any language from *Potter*—that *Potter* "does not require the plaintiff to establish that the defendant had specific knowledge of the plaintiff's location or was actively targeting the plaintiff." Opp. at 30, ¶73. Plaintiff's read of *Potter* is entirely at odds with the Court's October 1 Order, which was not "unclear" as Plaintiff suggests (*see id.*, ¶75). *See* Oct. 1 Order at 31 (explaining that, in *Potter*, plaintiffs failed to state an IIED claim "because knowledge *of these particular plaintiffs* is lacking" [quoting *Potter,* 6 Cal.4th at 1003] and instructing Plaintiff that, to state a claim, she must "allege that Apple directed its conduct at her specifically or with knowledge of her presence specifically, and that its conduct was calculated to cause her severe emotional distress") (emphasis in original).

Despite the Court's instruction in its October 1 Order, Plaintiff's IIED claim remains deficient and thus should be dismissed with prejudice.

### D. Several of Plaintiff's Retaliation Claims Should Be Dismissed in Part.

### 1. Second Claim and Fourth Claim: Plaintiff's Claims for Civil Penalties Under Labor Code Sections 1102.5 and 98.6 Are Time-Barred.

In its October 1 Order, the Court held that Plaintiff's claims for civil penalties under Labor Code sections 1102.5 and 98.6 were time-barred by the one-year limitations period unless Plaintiff

could plead a basis for tolling. *See* Oct. 1 Order at 13-15, 19, 39. Apple argued in its Motion that tolling was unwarranted because the 5AC provides no basis for applying the *Elkins* rule, which allows for tolling of the statute of limitations "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." *See* Mot. at 21 (citing Oct. 1 Order at 14). In Opposition, Plaintiff raises various arguments, all of which are meritless.

***First***, Plaintiff insists that she "filed a timely complaint with DIR in August 2021, and the failure of the agency to investigate within a reasonable time frame is not the plaintiff's fault, nor does it negate the tolling effect." Opp. at 35, ¶94. However, Plaintiff does not even attempt to counter Apple's argument that her August 2021 DIR Complaint did not allege the purported conduct for which she now requests civil penalties under Sections 1102.5 and 98.6. Thus, she cannot reasonably claim that she was "stuck waiting for the government to complete enforcement actions" (*id.* at 17, ¶36) pertaining to purported conduct that she did not complain about to the government in her August 2021 DIR Complaint.

Plaintiff claims—without citing any case law—that "[t]he law does not limit tolling to a narrow interpretation of the complaint's subject matter." *Id.* at 36, ¶95. Plaintiff is incorrect. California law provides for tolling only if "the filing of the first claim alert[s] the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim" and the two claims are "identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." Oct. 1 Order at 14 (quoting *Hopkins v. Kedzierski*, 225 Cal. App. 4th 736, 747 (2014)). Apple's investigation of the first claim (*i.e.*, Plaintiff's August 2021 DIR Complaint alleging that she was retaliated against on August 4, 2021 for "rais[ing] concerns about work place safety") would not have positioned Apple to defend itself against Plaintiff's claims under Labor Code sections 1102.5 and 98.6. *See* Mot. at 22-23. Tolling is thus unwarranted, and her claims for civil penalties under Labor Code sections 1102.5 and 98 are time-barred.

***Second***, Plaintiff contends that her Section 98.6 claim "is not premised solely on the filing of a DIR complaint in 2021" but rather "is rooted in a broader pattern of retaliation—both formal and informal—that occurred well after the August 2021 [DIR] complaint." Opp. at 37, ¶101. To

- 8 -
4129-1738-7608

APPLE'S REPLY ISO MTD 5AC
CASE NO. 23-CV-4597-EMC

the extent Plaintiff suggests that her Section 98.6 claim pertains to some "broader pattern of retaliation" that occurred after she filed the August 2021 DIR Complaint and that culminated in her termination in September 2021, her argument lacks merit. As an initial matter, she does not allege in her 5AC that her Section 98.6 claim is premised on a "broader pattern of retaliation." 5AC ¶¶239-242. And, in any event, the August 2021 DIR Complaint does not (and could not) reference "a broader pattern of retaliation" that "occurred well after the August 2021 [DIR] complaint," as that alleged retaliation would necessarily have occurred after she filed the August 2021 DIR Complaint. Because the August 2021 DIR Complaint did not alert Apple of the need to investigate allegations of "a broader pattern of retaliation" that "occurred well after the August 2021 [DIR] complaint," tolling does not apply and any attendant claim for civil penalties under this theory is time-barred. *Hopkins*, 225 Cal. App. 4th at 747.

***Third***, as a last-ditch effort to spare her claim for civil penalties under Section 98.6, Plaintiff insists that "[t]he claim is not about the DIR complaint alone—it is about ongoing retaliation and retaliatory conduct that continues up to and beyond Plaintiff's termination." Opp. at 39, ¶106; *see also id.* at 37, ¶¶100, 102. However, Plaintiff cannot premise her Section 98.6 claim on post-termination conduct because that statute only provides protection to an "employee." *See* Cal. Lab. Code § 98.6 ("A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee…"); *see also* Oct. 1 Order at 13, n.6 (holding that Plaintiff "cannot base her § 1102.5 claim on post-termination conduct because she was no longer an employee and the statute provides protection only where there is an employer-employee relationship").

Because the Court has already given Plaintiff an opportunity to allege a basis for tolling and she has failed to do so, Plaintiff's claims for civil penalties under Sections 1102.5 and 98.6 should be dismissed with prejudice.

### 2. Fourth Claim: The Portion of Plaintiff's 98.6 Claim Premised on a Violation of Labor Code Sections 232 and 232.5 Fails.

Apple argued in its Motion that the 5AC (like the 4AC) fails to "allege knowledge on the part of Apple of the wage disclosure" that Plaintiff contends formed a basis for retaliation by Apple.

Mot. at 24. In her Opposition, Plaintiff asserts, without citing to any allegations in the 5AC, "The timeline is clear: Plaintiff posted about her wages, Apple surveilled her social media and Slack activity, Plaintiff was questioned about it, and then she faced retaliation, culminating in her termination." Opp. at 39, ¶105. Contrary to Plaintiff's assertion, the timeline alleged in the 5AC does not demonstrate knowledge on the part of Apple of the alleged wage disclosure. As to the alleged "Slack activity," the 5AC simply alleges that Plaintiff was questioned about some unspecified Slack posts on July 27, 2021 (5AC ¶118) and that she participated in a pay survey via Slack in August 2021 (*id.* ¶244). Plaintiff does not include any allegations that would support that Apple was routinely surveilling her Slack posts. Moreover, to the extent Plaintiff's claim is premised on purported disclosures on social media, Plaintiff's bald assertion in the Opposition that Apple surveilled her social media is inadequate to establish the knowledge element. *See* Oct. 1 Order at 21 (dismissing claims based on Sections 232 and 232.5 because Plaintiff "does not point to any allegation that Apple admitted to surveilling or reading her Twitter posts" and "there are no specific facts to support [the] allegation" that "Apple must have been surveilling her Twitter posts").[7] Because Plaintiff has failed to "allege knowledge on the part of Apple" per the Court's instruction in its October 1 Order, the portion of Plaintiff's Section 98.6 claim premised on a purported violation of Sections 232 and 232.5 should be dismissed with prejudice.

### E. Seventh Claim: Plaintiff's IIED Premised on Alleged Post-Termination Conduct Fails.

Apple's Motion argued that Plaintiff failed to allege any post-termination conduct by Apple that meets "the high bar of extreme and outrageous conduct" required to state a claim for IIED. Mot. at 24. Plaintiff's Opposition insists that, "[a]s established in the Complaint, the conduct at

---

[7] In her 5AC, Plaintiff contends that "Apple admitted to reviewing Plaintiff's public posts on social media before firing her" (5AC ¶246); specifically, she claims that in a 2022 OSHA filing Apple admitted that "it was investigating Plaintiff's Twitter posts starting from around August 28 2021 and through September 9, 2021" (*id.* ¶210). This is intentionally misleading. The 2022 OSHA filing states that Apple was investigating two specific social media posts evidencing her misconduct, not *all* of Plaintiff's social media posts. *See* Dkt. 32-1 at 78 (Apple's March 2022 OSHA Position Statement—included in its entirety in Plaintiff's Second Amended Complaint—stating that Plaintiff disclosed Apple's confidential information on Twitter on August 28, 2021 and again on August 30, 2021, and "[u]pon learning of her unauthorized disclosure, Apple promptly launched an investigation"). The 5AC alleges no facts to suggest that Apple surveilled her social media.

issue goes far beyond the downplayed version Apple provides in its motion." Opp. at 28, ¶67. But Plaintiff does not cite to a single allegation in her 5AC that she believes meets the threshold of "extreme and outrageous conduct" necessary to state a claim. The Court should not have to go "hunting for truffles" in the 5AC. *Nazif v. Computer Scis. Corp.*, No. C-13-5498 EMC, 2015 WL 3776892, at *6, n.6 (N.D. Cal. June 17, 2015) (quoting *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003)). For this reason alone, Plaintiff's IIED claim premised on alleged post-termination conduct should be dismissed.

Apple's Motion further argued that Plaintiff failed to heed the Court's instruction to "provide nonconclusory allegations on the more serious conduct identified in the 4AC," including "specific, concrete facts establishing a plausible basis for her belief that the wrongdoing she generally describes was in fact conducted by Apple." Mot. at 24-25 (quoting Oct. 1 Order at 36, 40). Plaintiff does not address this in her Opposition. She does not, for example, point to any "nonconclusory allegations" or "specific, concrete facts" that she added to the 5AC or make any other meaningful effort to demonstrate that she remedied the deficiencies that the Court identified in its October 1 Order. Because she fails to address Apple's argument, she concedes it. *See In re Ford*, 483 F. Supp. 3d at 846.

Finally, Apple's Motion argued that Plaintiff did not follow the Court's instruction to "plead concrete facts to support a basis for respondeat superior liability." Mot. at 24 (quoting Oct. 1 Order at 40-41); *see also id.* at 25, 27. Plaintiff's Opposition asserts that "[Cher Scarlett]'s actions were carried out within the scope of her employment, under Apple's direction, and with Apple's full knowledge." Opp. at 34, ¶90. However, as Apple pointed out before, the conduct by Scarlett alleged in the 5AC took place *after* Scarlett was no longer an Apple employee. Mot. at 27-28. Plaintiff's Opposition does not cite any allegation in the 5AC regarding conduct by Scarlett *while* she was an Apple employee. Moreover, as Apple's Motion argued (*see id.* at 27), Apple is not liable for such conduct because Plaintiff fails to allege a theory of liability, such as a conspiracy between Apple and Scarlett. *See* Dkt. 73 at 43-44 (dismissing Plaintiff's IIED claim premised on alleged conduct by Scarlett that took place after Scarlett was no longer an Apple employee; reasoning that Plaintiff's Third Amended Complaint lacked "concrete allegations indicating that, post-employment, Ms.

1  Scarlett was part of some kind of conspiracy with Apple"). Plaintiff does not argue otherwise in
2  her Opposition, so she concedes this point. *See In re Ford*, 483 F. Supp. 3d at 846.[8]

3  Despite clear instruction from the Court, Plaintiff continues to fail to state an IIED claim
4  pertaining to post-termination conduct. The claim thus should be dismissed with prejudice.

## III. CONCLUSION

Apple respectfully requests that the Court grant its Motion to Dismiss certain claims and portions of claims in Plaintiff's Fifth Amended Complaint as described above. Given the multiple opportunities Plaintiff has already been afforded to amend with very specific instructions as to what she needed to allege to state a viable claim, Apple requests that the Court grant its motion and dismiss these claims with prejudice and without any further opportunity to amend, and that the Court direct the parties to proceed on the termination and retaliation-related claims that remain.

Dated: January 28, 2025                ORRICK, HERRINGTON & SUTCLIFFE LLP


By:     */s/ Melinda S. Riechert*
        MELINDA S. RIECHERT
        Attorneys for Defendant, Apple Inc.

---

[8] Plaintiff cites to very little caselaw in arguing for her IIED claim. Many of the cases she does cite do not stand for the proposition she claims. For example, Plaintiff cites *McGinn v. Exec. Off. of Energy & Env't Affs.*, No. 19-CV-11551-IT, 2020 WL 5821988 (D. Mass. Sept. 30, 2020), which was corrected and superseded by *McGinn v. Exec. Off. of Energy & Env't Affs.*, 496 F. Supp. 3d 541 (D. Mass. 2020), which does not even reference IIED (despite Plaintiff's claim that "[t]he court allowed the IIED claim to proceed"). Opp. at 27, ¶65, n.11. Plaintiff also cites *Jenkins v. Yellowstone Properties, Inc.*, No. 17-CV-7764 (VEC), 2019 WL 4392955, at *1 (S.D.N.Y. Sept. 12, 2019), where the IIED claim was dismissed without prejudice (not "allowed … to proceed" as Plaintiff contends). Opp. at 27, ¶65, n.12. Plaintiff further cites *Vaughn v. American Multi-Cinema, Inc.*, No. 09 CIV 8911 BSJ, 2010 WL 3835191, at *4 (S.D.N.Y. Sept. 13, 2010), where the court dismissed the IIED claim, plainly explaining that the plaintiff's allegations "do not rise to the level of outrageousness necessary to constitute IIED under New York law" (contrary to Plaintiff's assertion that the court "allowed the IIED claim to proceed"). Opp. at 27, ¶65, n.13. Given Plaintiff's admission that she used generative AI to draft her Opposition and her clearly wrong parentheticals for many of the cases she cites, it appears AI generated this text and Plaintiff plugged it into her brief without reading the underlying cases.