**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CAND No. 3:23-CV-04597-EMC

9th Cir No.: 24-6058

**ASHLEY M. GJOVIK**, *an individual*,

Plaintiff,

vs.

**APPLE INC.**, a corporation,

Defendant.

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

*In Support of Plaintiff's Opposition to Defendant's Motions to Dismiss*

**Motion Hearing:**
**Dept: Courtroom 5 (& Zoom)**
**Judge: Honorable Edward M. Chen**
**Date: February 21, 2025**
**Time: 9AM PT**

# PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HER CALIFORNIA LABOR CODE § 232 CLAIM

1.      Plaintiff Ashley Gjovik, appearing pro se, respectfully requests that this Court take judicial notice of publicly available evidence demonstrating that Defendant Apple Inc. ("Apple") was aware of and engaged in retaliatory actions against Plaintiff for her legally protected discussions about employee pay, compensation disparities, and workplace organizing, in violation of California Labor Code § 232. Judicial notice is warranted under Federal Rule of Evidence 201(b), as the facts contained in these publicly available sources are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

2.      Plaintiff engaged in protected activity under California Labor Code § 232 by discussing pay equity and compensation issues on Apple's internal Slack channels, publicly on Twitter, and in public news articles. At the same time, Apple was under intense public scrutiny regarding pay transparency and equity issues. Yet, despite overwhelming evidence that Apple was aware of these discussions, Apple's attorneys at Orrick, Herrington & Sutcliffe LLP ("Orrick") have repeatedly argued that Apple had no knowledge of Plaintiff's engagement in pay discussions and that Plaintiff cannot prove Apple was aware of such discussions. However, multiple publicly available sources contradict this assertion, including:

## I.   TWITTER POSTS

3.      Plaintiff posted extensively about Apple's pay transparency issues and organizing efforts. [see Exhibit A]. Defendant has admitted that it investigated Plaintiff's Twitter account as part of a purported "leak" investigation but now contradictorily claims it never reviewed Plaintiff's Twitter. Both of these claims cannot simultaneously be true.

4.      Courts have recognized that information from social media platforms like Twitter can be subject to judicial notice, particularly when the content's authenticity is not disputed and it is publicly accessible.

5.      The Ninth Circuit took judicial notice of information on publicly available websites, noting that such information could be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See, *Daniels-Hall v. National Education Association,* 629 F.3d 992, 998–99 (9th Cir. 2010). The court took judicial notice of publicly available social media posts, recognizing that they could be accurately and readily determined from sources whose accuracy could not reasonably be questioned. See, *United States v. Brown,* 2019 WL 6463491, at *2 (C.D. Cal. Dec. 2, 2019).

## II.   News Articles Reporting on Pay Transparency and Employee Organizing at Apple

6.      Multiple reputable news organizations covered the issue of Apple's pay transparency and workplace organizing at the same time Plaintiff was engaging in protected activity. Many of these articles explicitly state that Apple was asked for comment regarding its employees' discussions about pay equity. [See Exhibit B].

7.      Courts may take judicial notice of news articles to indicate what was in the public realm at the time, though not necessarily for the truth of the matters asserted within them. The Ninth Circuit held that courts "may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." See, *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010). The court took judicial notice of newspaper articles as evidence of the information available to the public. See, *Rothman v. Gregor,* 220 F.3d 81, 92 (2d Cir. 2000).

## III.   Simultaneous Litigation

8.      At the exact time of Plaintiff's protected activities, Apple's counsel at Orrick was also representing Apple in a high-profile pay equity lawsuit (*Schultz v. Apple Inc.*) in state court. The existence of this litigation further undercuts Apple's assertion that it had no knowledge of pay-related discussions among its employees. [Exhibit C]. The same counsel are also currently representing Apple in another pay equity lawsuit, *Jong v. Apple Inc.* [Exhibit D].

9.     Courts commonly take judicial notice of proceedings and filings in other courts, both within and outside the federal judicial system, if those proceedings have a direct relation to matters at issue. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992): The Ninth Circuit stated that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014): The court took judicial notice of state court proceedings that were directly related to the federal case at hand.

## IV.   REQUEST FOR JUDICIAL NOTICE

10.     Under Federal Rule of Evidence 201(b), a court may take judicial notice of facts that are "not subject to reasonable dispute because they... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts routinely take judicial notice of publicly available news articles, court records, social media posts, and public company statements when they are relevant to matters at issue. See *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information published on publicly accessible websites); *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice of news articles).

Plaintiff respectfully requests that this Court take judicial notice of the following:

1. Publicly available news articles that confirm widespread media coverage of pay transparency and employee organizing at Apple.

2. Plaintiff's public Twitter posts discussing pay equity issues at Apple.

3. Public records and filings from *Schultz v. Apple Inc.*, demonstrating that Apple and its legal counsel at Orrick were actively litigating a pay equity dispute at the same time Plaintiff was discussing the same issues internally and publicly.

11.     These sources are reliable, publicly available, and not subject to reasonable dispute, warranting judicial notice under Federal Rule of Evidence 201(b). Given that Apple's legal position directly contradicts readily available public records and news sources, judicial notice is necessary to prevent Apple from benefiting from selective omissions and misrepresentations regarding its awareness of Plaintiff's protected activities.

# V. CONCLUSION

10. For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Request for Judicial Notice and consider the publicly available evidence in support of Plaintiff's California Labor Code § 232 claim.

Dated: Jan. 31, 2024.

Signature:

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**:
Boston, Massachusetts

**Mailing Address**:
2108 N St. Ste. 4553 Sacramento, CA, 95816

**Phone**: (408) 883-4428

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibits

1
2
3
4
5
6
7
8
9

# EXHIBIT A

10
11
12
13 *Plaintiff's social media post about pay, prior to termination.*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Ashley M. Gjøvik
@ashleygjovik

I'd like to put the "I'm doing this for $ / my career" gimmick to bed. I made $386k at #Apple last year with salary/stock/bonus (pay transparency!). There is no $ incentive for me to speak out. Also, discrimination is everywhere and wherever I work after this, this will follow me

3:47 PM · Aug 13, 2021

POST: AUG. 13 2021 | FIRED: SEPT. 9 2021
https://twitter.com/ashleygjovik/status/1426269321496387585?lang=en





Ashley M. Gjøvik
@ashleygjovik

August 4th, 2021 at #Apple: I'm put on admin leave whilst the latest attempt by employees to organize a pay equity survey is blocked.

@ZoeSchiffer enables us to let the world know.

If the public backlash against Apple continues.... RIP Apple Employee Retaliations Team 💀 x.com/ZoeSchiffer/st...

Zoë Schiffer ✓ @ZoeSchiffer · Aug 9, 2021
Apple has been shutting down employee-run surveys on pay equity, citing stringent rules on how employees can collect data. We talked to multiple labor lawyers and organizers who say the company is violating worker protections — including their right to discuss pay. x.com/verge/status/1...

8:28 PM · Aug 9, 2021

POST: AUG 9 2021 | FIRED: SEPT 9 2021
https://x.com/ashleygjovik/status/1424890328155262996

✕    **Post Analytics**

Ashley M. Gjøvik @ashleygjovik · Aug 9, 2021
August 4th, 2021 at #Apple: I'm put on admin leave whilst the latest attempt by employees to organize a pay equity survey is blocked.

@ZoeSchiffer enables us to let the world know.

...

| ♡ | ↻ | ◯ |
| 4 | 1 | 0 |

Impressions ⓘ          Engagements ⓘ          Detail expands ⓘ
**4,543**                **113**                **69**

                         New followers ⓘ         Profile visits ⓘ
                         **0**                    **32**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25  https://x.com/ashleygjovik/status/1431743508226838528
26  https://x.com/ashleygjovik/status/1431745653894311944
27
28



POST: AUG 31 2021 | FIRED: SEPT 3 2021
https://x.com/ashleygjovik/status/1432794998345375748



POST: AUG 31 2021 | FIRED: SEPT 9 2021
https://x.com/ashleygjovik/status/1432808176026472448
https://x.com/ashleygjovik/status/1432809271746383878

# Exhibit B

## *News Articles about Pay Discussions at Apple*


Illustration by Alex Castro / The Verge

**POLICY**

# Apple keeps shutting down employee-run surveys on pay equity — and labor lawyers say it's illegal

The company bans surveys that include diversity data

by **Zoë Schiffer**
Aug 9, 2021, 5:09 PM EDT

0 Comments

Apple insists it does not have a problem with pay inequality. Skeptical Apple employees have been trying to verify that claim by sending out informal surveys on how much people make, particularly as it relates to women and underrepresented minorities. But the company has shut down three of those surveys, citing stringent rules on how employees can collect data. Now, multiple labor lawyers tell *The Verge* the company may be violating worker protections: the surveys can be considered a form of labor organizing — under US law, employees have the right to discuss pay.

"Apple cannot bar its employees from discussing pay equity as it relates to protected classes," says Vincent P. White, a labor lawyer with White,

ARTICLE: AUG. 9 2021 | FIRED SEPT. 9 2021

https://www.theverge.com/2021/8/9/22609687/apple-pay-equity-employee-surveys-protected-activity

TECH / APPLE / POLICY

# Apple says it has pay equity, but an informal employee survey suggests otherwise



/ Employees say there's a six percent wage gap between the salaries of men and women who responded to the survey

By ZOE SCHIFFER and MITCHELL CLARK
Aug 23, 2021, 12:05 PM EDT | □ 1 Comment / 1 New



Illustration by Alex Castro / The Verge

An early analysis of the informal Apple pay equity survey shows a six percent wage gap between the salaries of men and women, according to software engineer Cher Scarlett. It's similar to the gender wage gap in San Francisco, which hovers around five percent, but disappointing for a company that claims people of all genders "earn the same when engaging in similar work with comparable experience and performance."

The results are not scientific — employees opted into the survey and only 2,000 people responded (out of the 147,000 employees Apple estimated in 2020) — but they point to why some employees are suspicious of the company's claim that it fixed its pay equity problem.

"We know pay equity was a problem in the past and Apple did something to fix it, but we're having this conversation again because we're seeing gaps in certain areas of the company and we want to know what Apple will do to prevent it from happening year-over-year," Scarlett says.

A small group of Apple employees, including Scarlett and members of the data analysis organization, will present the results to Apple's people team this week.

Scarlett also says she found that there were far fewer women, non-binary, and non-white people in senior positions at the company — or in technical roles, which are typically among the highest paid

26

27 ARTICLE: AUG. 23 2021 | FIRED: SEPT. 9 2021
https://www.theverge.com/2021/8/23/22633141/apple-pay-equity-survey-results-wage-gap

28

TECH / APPLE / POLICY

## Apple just banned a pay equity Slack channel but lets fun dogs channel lie



/ The company's rules around Slack usage are not being evenly enforced

By ZOE SCHIFFER / @zoeschiffer

Aug 31, 2021, 3:30 PM EDT | ⬜ 0 Comments



Illustration by Alex Castro / The Verge

Apple has barred employees from creating a Slack channel to discuss pay equity. A member of the employee relations team, Apple's version of HR, said that while the topic was "aligned with Apple's commitment to pay equity," it did not meet the company's Slack Terms of Use.

"Slack channels are provided to conduct Apple business and must advance the work, deliverables, or mission of Apple departments and teams," the employee relations representative told employees.

The company's rules for the in-office chat app say that "Slack channels for activities and hobbies not recognized as Apple Employee clubs or Diversity Network Associations (DNAs) aren't permitted and shouldn't be created."

But that rule has not been evenly enforced. Currently, Apple employees have popular Slack channels to discuss #fun-dogs (more than 5,000 members), #gaming (more than 3,000 members), and #dad-jokes (more than 2,000 members). On August 18th, the company approved a channel called #community-foosball. The cat and dog channels are not part of official clubs, and all of these channels were specifically created



Most Popular

1   Elon Musk founds new company called X.AI

2   First look at Cybertruck's comically large windshield wiper in action

3   Why I'm using a key... phone in 2023

4   Renfield doesn't deserve

ARTICLE: AUG.313 2021 | FIRED: SEPT. 9 2021
https://www.theverge.com/2021/8/31/22650751/apple-bans-pay-equity-slack-channel

# Exhibit C

*Anita Schulz v. Apple, Case N0. 20CV369611,*
*Santa Clara Superior Court*

LEAD STORIES (HTTPS://AMERICANKAHANI.COM/CATEGORY/LEAD-STORIES/)

## Calif. Court Rules in Favor of Former Apple Employee Who Claims She was Fired After Filing a Discrimination Lawsuit

BY STAFF WRITER (HTTPS://AMERICANKAHANI.COM/AUTHOR/STAFFWRITER/)
AUGUST 12, 2021

Filed in 2020 by former company engineer, Anita Nariani Schulze, a Hindu Indian woman, the suit alleged that her two managers, one from India and the other from Pakistan, treated her as "a subservient."



A California state court has ruled that a former Apple Inc. employee can move forward with her claim of being fired unlawfully. According to a Bloomberg report, Apple had filed a claim to dismiss a 2020 lawsuit filed by former company engineer, Anita Nariani Schulze, alleging that her two managers, one from India and the other from Pakistan, treated her as "a subservient."

In the lawsuit (https://www.scscourt.org/online_services/tentatives/sp_tr_dept1/thurs.pdf), Schulze described herself as a Hindu Indian woman who traces her ancestry to the Sindh region of what became part of Pakistan. "The fact that the Sindhi Hindu nationality is known for its technical acumen, encouraging men and women alike to pursue technical careers and women to rise above their historically subservient role, exacerbated the Managers' discriminatory treatment," says the lawsuit.

https://americankahani.com/lead-stories/court-rules-in-favor-of-former-apple-employee-fired-after-filing-a-discrimination-lawsuit/

1 | LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
2 | JESSICA R. PERRY (STATE BAR NO. 209321)
jperry@orrick.com
3 | ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
4 | Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
5 | Facsimile:   +1 650 614 7401

6 | KATHRYN G. MANTOAN (STATE BAR NO. 239649)
kmantoan@orrick.com
7 | LARA F. GRAHAM (STATE BAR NO. 314003)
lgraham@orrick.com
8 | ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
9 | 405 Howard Street
San Francisco, CA  94105-2669
10 | Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

11 |

12 | Attorneys for Defendant
APPLE INC.

13 | WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
14 | robin@workmanlawpc.com
177 Post Street, Suite 800
15 | San Francisco, CA 94108
Telephone: (415) 782-3660

16 |

17 | Attorney for Plaintiff
ANITA NARIANI SCHULZE

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/13/2021 2:23 PM
Reviewed By: System System
Case #20CV369611
Envelope: 7060413

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| ANITA NARIANI SCHULZE, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 20CV369611<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        August 19, 2021<br>Time:        2:30 p.m.<br>Dept:        1<br>Judge:      Hon. Sunil R. Kulkarni<br><br>Action Filed:  August 17, 2020<br>Second Amended Complaint Filed:<br>                     April 23, 2021 |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT– CASE NO. CV20369611

20CV369611
Santa Clara – Civil

Y. Chav

WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
Rachel E. Davey (Bar # 316096)
rachel@workmanlawpc.com
177 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiff, Anita Nariani Schulze on behalf of herself and all others similarly situated*

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/22/2020 12:26 PM
Reviewed By: Y. Chavez
Case #20CV369611
Envelope: 4974554**

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ANITA NARIANI SCHULZE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE, INC., and Does 1 through 50, inclusive, <br><br> Defendants. | Case No. 20CV369611 <br><br> **FIRST AMENDED CLASS ACTION AND INDIVIDUAL COMPLAINT** <br><br> <u>Unlimited Civil Case</u> <br> The Amount Demanded Exceeds $25,000 |

COMPLAINT FIRST AMENDED            -1-            3305\COMPLAINT1STAMD.DOC

Plaintiff Anita Nariani Schulze ("Plaintiff"), by her attorneys, brings this action on behalf of herself, all others similarly situated, and the general public, on information and belief, except those allegations that pertain to the named Plaintiff, and hereby alleges as follows:

**SUMMARY OF CLAIMS**

1.     Plaintiff brings this action on an individual, class, and representative basis.

2.     Plaintiff alleges, on an individual basis, that Apple, Inc. ("Defendant") engaged in unlawful conduct by its: (1) discrimination against Plaintiff on the basis of her sex, race, national origin, and religion, in violation of California Government Code section 12940, subdivision (a); (2) harassment of the Plaintiff on the basis of sex, in violation of California Government Code section 12940, subdivision (j); (3) failure to take all reasonable steps to prevent the discrimination and harassment of the Plaintiff in the workplace, in violation of California Government Code section 12940, subdivision (k); (4) retaliation against Plaintiff on the basis of her opposition to and reporting of the discriminatory and harassing conduct of Defendant, in violation of California Government Code section 12940, subdivision (h); and (5) constructive wrongful termination of Plaintiff on the basis of her sex, race, national origin, and religion and/or in retaliation for making a protected complaint about sex discrimination, in violation of public policy embodied in Article I, section 8, of the California Constitution and/or California Government Code section 12940, et. seq.

3.     In addition, Plaintiff alleges, on a class basis, that Defendant engaged in unlawful conduct by its: (1) failure to compensate Plaintiff and proposed class members in salaries, bonuses, and stock options in a manner that was equal to male employees in similar positions and by retaliating against Plaintiff when she complained about the unequal treatment, in violation of California Labor Code section 1197.5; (2) failure to compensate Plaintiff and proposed class members complete payment of wages when they were due, in violation of California Labor Code sections 201-204; and, (3) failure to provide Plaintiff and proposed class members with accurate wage statements, in violation of California Labor Code section 226. These failures further constitute unfair business practices in violation of California Business and Professions Code section 17200, et. seq.

# Exhibit D

*Justina Jong & Amina Salgado v. Apple,*
*Case No. CGC-24-615363,*
*San Francisco Superior Court*

JESSICA R. PERRY (STATE BAR NO. 209321)
jperry@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (STATE BAR NO. 239649)
kmantoan@orrick.com
KAYLA DELGADO GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant
APPLE INC.

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**10/11/2024**
Clerk of the Court
BY: EDWARD SANTOS
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JUSTINA JONG, AMINA SALGADO, and ZAINAB BORI, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. CGC-24-615363<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S DEMURRER TO AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     December 12, 2024<br>Time:    10:00 a.m.<br>Dept.:    304<br>Judge:   Hon. Ethan P. Schulman<br><br>*Hearing date and time pre-approved by Dept. 304*<br><br>Date Action Filed: June 13, 2024<br>Trial Date: None set |

JAMES M. FINBERG (SBN 114850)
EVE CERVANTEZ (SBN 164709)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jfinberg@altber.com
ecervantez@altber.com

JOSEPH M. SELLERS
PHOEBE M. WOLFE
*(Will apply for Pro Hac Vice admission)*
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave NW, Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jsellers@cohenmilstein.com
pwolfe@cohenmilstein.com

[Additional attorneys listed on next page]

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/13/2024**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

**CGC-24-615363**

Attorneys for Plaintiffs JUSTINA JONG and
AMINA SALGADO, on behalf of themselves
and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JUSTINA JONG and AMINA SALGADO individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. Violation of California Equal Pay Act, as amended (Labor Code §§ 1197.5, 1194.5) <br> 2. Violations of the Fair Employment and Housing Act, as amended (Government Code § 12900 *et seq.*) <br> 3. Unfair and Unlawful Business Practices (Bus. & Prof. Code § 17200 *et seq.*) <br> 4. Failure to Pay All Wages Due to Discharged and Quitting Employees (Labor Code §§ 201-203, 1194.5) <br> 5. Declaratory Judgment (C.C.P. § 1060 *et seq.*) <br> 6. Penalties under the Labor Code Private Attorneys General Act (Labor Code §§ 2698-2699.5) <br> 7. Hostile work environment and failure to accommodate for Plaintiff Jong <br><br> JURY TRIAL DEMANDED |

JESSICA R. PERRY (STATE BAR NO. 209321)
jperry@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

10/11/2024
Clerk of the Court
BY: EDWARD SANTOS
Deputy Clerk

KATHRYN G. MANTOAN (STATE BAR NO. 239649)
kmantoan@orrick.com
KAYLA DELGADO GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
APPLE INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JUSTINA JONG, AMINA SALGADO, and ZAINAB BORI, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. CGC-24-615363 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S DEMURRER TO AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Date:      December 12, 2024 <br> Time:      10:00 a.m. <br> Dept.:     304 <br> Judge:     Hon. Ethan P. Schulman <br><br> *Hearing date and time pre-approved by Dept. 304* <br><br> Date Action Filed: June 13, 2024 <br> Trial Date: None set |

# In class action, Apple employees say tech giant pays women less for same work

*Two female employees at Apple offices in California say the company not only systematically pays women less than men but also rewards men for qualities for which women are penalized.*

NATALIE HANSON / June 13, 2024



*An Apple store employee wearing a face shield. (AP Photo/Mark Lennihan)*

SAN FRANCISCO (CN) — Two women, both of whom have worked for Apple for more than a decade, are suing the tech giant, saying the company systematically pays and rewards women less for performing the same work as men in similar roles.

In a class action filed Thursday in San Francisco County Superior Court, Apple employees Justina Jong and Amina Salgado say that Apple discriminates against women in both pay and hiring practices, including by asking women about their prior pay. With their suit, they seek to represent around 12,000 women currently and formerly employed at Apple.

Jong said that since 2013, she has received lower pay than men performing similar work in retail and marketing at Apple's Sunnyvale office. She also said she had to keep working with a co-worker who sexually harassed her.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEWS 10 abc | YOUR **LOCAL** NEWS LEADER

🌙 32° ALBANY

News ▾    Albany NY Weather ▾    Traffic    Watch News ▾    More ▾    🔍 Search

CLOSINGS ⌄                                                    **1 MORE ALERTS** ⌄
There are currently 11 active closings. Click for more details. ❯

□ ACCESSWIRE® | **ACCESSWIRE**

---

# California Court Sides with Female Apple Employees in Gender Discrimination Class Action

---

NEWS PROVIDED BY
ACCESSWIRE
Jan 22, 2025, 8:45 AM ET

---

*More than 12,000 female Apple employees in California potentially impacted.*

*Women claim that Apple systematically pays them less than male employees.*

**SAN FRANCISCO, CA** / ACCESS Newswire / **January 22, 2025** / A San Francisco Superior Court judge denied Apple Inc's motion to strike class allegations and largely denied Apple's motion to dismiss in a high-profile putative gender discrimination class action, allowing the case to move forward.

The women, who seek to represent more than 12,000 current and former female employees in Apple's engineering, marketing, and AppleCare divisions in California, claim that Apple violated California's Equal Pay Act and Fair Employment and Housing Act by systematically paying them lower wages than male employees who perform substantially similar work and by assigning them lower starting salaries and salary levels based on their prior pay or pay expectations.

In its ruling the court held that it was not persuaded by Apple's arguments, finding that Plaintiffs had sufficiently alleged their claims about Apple allegedly violating the California Equal Pay Act and Fair Employment and Housing Act. Specifically, the court believed that Plaintiffs had sufficiently alleged that Apple's salary decisions were made in a centralized location pursuant to an employment policy had the effect of perpetuating past pay disparities and paying