**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CAND No. 3:23-CV-04597-EMC

9th Cir No.: 24-6058

**ASHLEY M. GJOVIK**, *an individual*,

Plaintiff,

vs.

**APPLE INC.**, a corporation,

Defendant.

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

*In Support of Plaintiff's Opposition to Defendant's Motions to Dismiss*

**Motion Hearing:**
**Dept: Courtroom 5 (& Zoom)**
**Judge: Honorable Edward M. Chen**
**Date: February 21, 2025**
**Time: 9 AM PT**

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATUTE OF LIMITATIONS TOLLING FOR CALIFORNIA LABOR CODE §§ 1102.5 AND 98.6/98.7 PENALTY CLAIMS**

## I.   INTRODUCTION

1.      Plaintiff Ashley Gjovik, appearing pro se, respectfully requests that this Court take judicial notice of publicly available and government records demonstrating that Defendant Apple Inc. ("Apple") was placed on notice of Plaintiff's claims under California Labor Code §§ 1102.5 and 98.6/98.7, and that Apple's current argument regarding statute of limitations expiration is unsupported. Judicial notice is warranted under Federal Rule of Evidence 201(b), as the facts contained in these official records and publicly available sources are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## II.   FACTS SUBJECT TO JUDICIAL NOTICE

2.      Apple now argues that Plaintiff's complaints to the California Labor Commissioner and related agencies did not place Apple on sufficient notice of her claims, and therefore, Apple asserts that the statute of limitations for her Labor Code §§ 1102.5 and 98.6/98.7 penalty requests has expired. However, Apple's assertion is contradicted by extensive evidence, including Plaintiff's multiple official complaints, internal communications with Apple, online public statements, and the California Labor Department's determination that Plaintiff properly followed procedural requirements.

Plaintiff requests judicial notice of the following:

i.   **Plaintiff's complaints and communications with the California Department of Labor** – These records demonstrate that Plaintiff timely and sufficiently detailed her claims, including those under Labor Code §§ 1102.5 and 98.6/98.7, directly contradicting Apple's assertion that it was unaware of the nature of Plaintiff's claims.

— 1 —

ii.  **Plaintiff's online public statements about her claims** – Plaintiff publicly discussed her protected activity, including the specific legal violations she was reporting, and these discussions were widely covered, further putting Apple on notice.

iii.  **California Labor Department's statements confirming Plaintiff followed the proper procedures** – The agency's findings confirm that Plaintiff's complaints were procedurally sound and sufficient to toll the statute of limitations.

## III.    LEGAL STANDARD

3.      Under Federal Rule of Evidence 201(b), a court may take judicial notice of facts that are "not subject to reasonable dispute because they… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts routinely take judicial notice of administrative agency records, prior complaints, official government findings, and publicly available statements that are relevant to issues in litigation. See *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that courts may take judicial notice of filings and decisions in administrative proceedings); *Drevaleva v. U.S. Dep't of Veterans Affairs*, 835 F. App'x 221, 223 (9th Cir. 2020) (taking judicial notice of communications with a state labor department).

## IV.    REQUEST FOR JUDICIAL NOTICE

Plaintiff respectfully requests that this Court take judicial notice of:

-  Plaintiff's official complaints and communications with the California Department of Labor demonstrating that Apple was on notice of her claims.

-  Plaintiff's public statements regarding her complaints and related media coverage.

-  The California Labor Department's procedural determinations confirming Plaintiff followed proper channels.

- Apple's contradictory litigation positions regarding notice of claims, demonstrating that Apple selectively acknowledges or denies notice depending on what benefits its legal strategy.

4.     These sources are reliable, official records and public statements that cannot reasonably be disputed, warranting judicial notice under Federal Rule of Evidence 201(b). Given that Apple's argument regarding statute of limitations is based on a selective and misleading characterization of the notice it received, judicial notice is necessary to prevent Apple from benefiting from inconsistent arguments and bad-faith litigation tactics.

# V.  CONCLUSION

5.    For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Request for Judicial Notice and consider the publicly available and administrative records demonstrating that Apple had sufficient notice of Plaintiff's claims, and therefore, its statute of limitations argument is without merit.

Dated: Jan. 31, 2024.

Signature:

---

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**:
Boston, Massachusetts

**Mailing Address**:
2108 N St. Ste. 4553 Sacramento, CA, 95816

**Phone**: (408) 883-4428

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

*Letter Approving Removal of Cal. DOL Case to U.S. Court*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATE OF CALIFORNIA**                                          Gavin Newsom, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
Labor Commissioner's Office
*Retaliation Complaint Investigation Unit*
2 MacArthur Place Ste. 800
Santa Ana, CA 92707
Phone: (714) 558-4913 Email: osharetaliation@dir.ca.gov

September 7, 2023

Ashley Gjovik
2108 N St Ste 4553
Sacramento, CA 95816

ashleymgjovik@protonmail.com

Re:    Ashley Gjovik v. Apple Inc.
        State Case No. RCI-CM-842830

Dear Ashley Gjovik,

This office received and reviewed a copy of the pleadings in a civil case filed on your behalf alleging, among other things, retaliation by your former employer. This case was filed in United States District Court for the Northern District of California and is identified as Case Number CV-234597.

Under Labor Code section 98.7, the Labor Commissioner's office has discretion to close cases after learning a civil complaint has been filed in court in such circumstances. Where the facts in the civil complaint are found to be similar or identical to ones in the RCI complaint, the investigation into the retaliation complaint filed with this office will be closed.

When the civil case has concluded, you may request that your retaliation complaint be re-opened for investigation. To do so, you will need to submit a copy of any order, decision or resolution, or any appeal, in case CV-234597, in order for the Labor Commissioner to evaluate your request. Following your request and a review of the court's final orders, you will be notified that either the Labor Commissioner will exercise discretion not to reopen your case or will proceed to re-open your case for investigation.

Please be aware that unless there were issues that were not addressed in the civil action or there was an egregious error in findings, the Labor Commissioner will not re-open your case for investigation.

If you do not provide copies of the final order on your case, the Labor Commissioner not review your case to determine whether it will be re-opened.

Please note that our office will purge all cases after five years from the original closure date.

Sincerely,

Steve Pynes
Deputy Labor Commissioner III

RCI 18 - CONCURRENT FILING CLOSURE (REV. 6/21)

1

2
3

## RE: Gjovik v Apple, US District Court NorCal, CV23-4597 (Sept 2023), State Case No. RCI-CM-842830

4      From    Pynes, Steve@DIR <SPynes@dir.ca.gov>

5      To      Ashley Gjovik<ashleymgjovik@protonmail.com>

6      Date    Thursday, September 7th, 2023 at 8:10 PM

7      Dear Ashley Gjovik,

8

9      Attached find the letter to you regarding the closure of the State retaliation case, with the potential for reopening, based
10     upon the concurrent filing of your complaint in the US District Court.

11

12     Sincerely,

13

14     **Steve Pynes**

15     **Deputy Labor Commissioner III**

16     Labor Commissioner's Office

17     Direct 714-942-7756

18

19     **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
20     **Sent:** Thursday, September 7, 2023 2:52 PM
       **To:** Pynes, Steve@DIR <SPynes@dir.ca.gov>
21     **Subject:** Gjovik v Apple, US District Court NorCal, CV23-4597 (Sept 2023)

22

23
24     **CAUTION: [External Email]**
       This email originated from outside of our DIR organization. Do not click links or open attachments unless you recogni
25     sender and know the content is expected and is safe. If in doubt reach out and check with the sender by phone.

26

27     Hello,

28

1

1/31/25, 8:00 AM                          All mail | ashleymgjovik@protonmail.com | Proton Mail

2

3    Hope you are well. *Ashley Gjovik v Apple Inc* was filed in the US District Court of Northern District of California, San
     Francisco Division, today Sept 7 2023.

4

5    Case Number is CV-23-4597. Assigned Magistrate Judge is prior US ADA Laurel Beeler.

6

7    Complaint may not be posted to PACER until tomorrow morning. Attaching the non-PACER version of what was filed.

8

9

10   **PLAINTIFF'S CLAIMS**

11       1.  **Sarbanes-Oxley Act Whistleblower, 18 U.S.C. § 1514A**

12       2.  **Dodd-Frank Act Whistleblower, 15 U.S.C. § 78u-6(h)(1)(A)(iii)**

13       1.  **Bane Civil Rights Act, Cal. Civ Code § 52.1**

14       2.  **Ralph Civil Rights Act, Cal. Civ Code § 51.7**

15       3.  **Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. §§ 1962(a), (c), (d)**

16       3.  **Whistleblower Protection Act, Cal. Labor Code § 1102.5**

17       4.  **Retaliation for Filing Complaints, Cal. Labor Code § 98.6**

18       5.  **Retaliation for Safety Activities, Cal. Labor Code § 6310**

19       6.  **Termination in Violation of Public Policy (California)**

20       7.  **Intentional & Negligent Infliction of Emotional Distress (California & New York)**

21

22

23

24

25

26

27

28

1

2

| From: | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3 |
| | =B8vik_<ashleymgjovik@protonmail.com>?=> |
| Sent: | Monday, September 4, 2023 4:20 PM |
| To: | Pynes; Steve@DIR |
| Subject: | Re: Civil complaint |

3

4

5

6

FYI, I think Apple found out Friday or Saturday about my plans to file the complaint. They sent a very fake social media account after me this weekend trying to fish and get me to confirm in writing that I am specifically planning on filing a RICO complaint in federal court. I haven't told anyone about my plans except friends, NLRB, and your office - but Apple apparently knows somehow now. So, Apple's either hacking my internet again, or bugged my devices again, or there's a leak in one of the agencies - but either way, i expect Apple may try to meddle/obstruct this week to block it from getting filed.

7

8

Happy Labor Day!

9

-Ashley

10

—
Ashley M. Gjøvik
BS, JD, PMP

11

Sent with Proton Mail secure email.

12

------- Original Message -------

13

On Friday, September 1st, 2023 at 2:14 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

14

15

Also, as mentioned, here's information on the Bane & Ralph Acts, which I also plan to plead. There is a civil private action, but the government is also able to prosecute these actions as well.

16

Bane Act
https://www.justia.com/trials-litigation/docs/caci/3000/3066/
3066.Bane Act - Essential Factual Elements (Civ. Code, § 52.1)

17

[Name of plaintiff] claims that [name of defendant] intentionally interfered with [or attempted to interfere with] [his/her/nonbinary pronoun] civil rights by threats, intimidation, or coercion. To establish this claim, [name of plaintiff] must prove all of the following:

18

19

1. [That by threats, intimidation or coercion, [name of defendant] caused [name of plaintiff] to reasonably believe that if [he/she/nonbinary pronoun] exercised [his/her/nonbinary pronoun] right [insert right, e.g., "to file a labor charge"], [name of defendant] would commit violence against [[him/her/nonbinary pronoun]/ [or] [his/her/nonbinary pronoun] property] and that [name of defendant] had the apparent ability to carry out the threats;]
[or]

20

21

[That [name of defendant] acted violently against [[name of plaintiff]/ [and] [name of plaintiff]'s property] [to prevent [him/her/nonbinary pronoun] from exercising [his/her/nonbinary pronoun]right [e.g., to file a labor charge]/to retaliate against [name of plaintiff] for having exercised [his/her/nonbinary pronoun] right [e.g., to file a labor charge]];]

22

2. That [name of defendant] intended to deprive [name of plaintiff] of[his/her/nonbinary pronoun] enjoyment of the interests protected by the right [e.g., to file a labor charge];

23

3. That [name of plaintiff] was harmed; and

24

4. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

25

Ralph Act
https://www.justia.com/trials-litigation/docs/caci/3000/3063/
3063.Acts of Violence - Ralph Act - Essential Factual Elements(Civ. Code, § 51.7)

26

27

1

28

1

2   [Name of plaintiff] claims that [name of defendant] committed an act of violence against [him/her/nonbinary pronoun] because of[his/her/nonbinary pronoun] [position in a labor dispute/[insert other actionable characteristic]].

3   To establish this claim, [name of plaintiff] must prove all of the following:

4   1. That [name of defendant] committed a violent act against [name of plaintiff] [or [his/her/nonbinary pronoun] property];

5   2. That a substantial motivating reason for [name of defendant]'s conduct was [[his/her/nonbinary pronoun] perception of] [name of plaintiff]'s [position in a labor dispute/[insert other actionable characteristic]];

6   3. That [name of plaintiff] was harmed; and

7   4. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm

8   -Ashley

9   —
    **Ashley M. Gjøvik**
10  **BS, JD, PMP**

11  Sent with Proton Mail secure email.

12  ------- Original Message -------
    On Friday, September 1st, 2023 at 12:00 PM, Ashley M. Gjøvik
13  <ashleymgjovik@protonmail.com> wrote:

14

15  Hi Steve! It was good to talk to you today! Thanks for the call.

16  As mentioned, I'm planning to file a civil complaint in the next week since my statute of limitations expires Sept 9 2023 for termination in violation of public policy (Tamney claim).

17  I plan to "kick out" my federal DOL SOX whistleblower claim but I do not want US DOL to know that before hand as they say they tell Apple every thing I tell them as soon as I tell them, and I don't want Apple to have time to interfere with the complaint.

18  I also asked if you can please not contact US DOL until after Sept 9 (after I file the complaint), unless you have to, so US DOL don't have an opportunity to suddenly dismiss my claims before I can kick the claim out.

19  I'm currently stuck in a position where ideally I should email US DOL directly and tell them I'm kicking out the claim, but then US DOL will immediately tell Apple and can try to claim its actually dismissed to block me from a private suit.

20

21  As discussed, I'll send you a copy of my complaint once I file it. It will be in federal court due to the SOX & Dodd Frank claims, but I also plan to include Cal Labor Code 98.6 (232.5, 435); 6310 (6399.7), and 1102.5. The Tamney claim will also include 435.

22

23  Thank you!

24  —
    **Ashley M. Gjøvik**
    **BS, JD, PMP**
25
    Sent with Proton Mail secure email.
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

## *Complaints to Cal. DOL*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Labor Commissioner's Office**
*Retaliation Complaint Investigation Unit*

**Retaliation Complaint**
State Case Number: RCI-CM-842830
Date Filed: August 29, 2021



Department of
Industrial Relations

STATE OF CALIFORNIA

### Complainant Information

| First Name | Last Name | | Phone Number | | Birthdate |
|---|---|---|---|---|---|
| Ashley | Gjovik | | ▮▮▮▮▮▮ | | August 26, 1986 |

| Street Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| ▮▮▮▮▮▮ | | Santa Clara | | CA | 95050 |

| Interpreter Requested? | Language | Email | |
|---|---|---|---|
| No | | ashleymgjovik@protonmail.com | |

### Complainant's Representative/Advocate

| Representative/Advocate Name | | | |
|---|---|---|---|

| Phone Number | | Email | |
|---|---|---|---|

| Street Address | | City | | State | Zip Code |
|---|---|---|---|---|---|

### Employer Information

| Employer / Business Name | | | Phone Number | |
|---|---|---|---|---|
| Apple Inc. | | | | |

| Business Address | | City | State | Zip Code |
|---|---|---|---|---|
| 1 Apple Park Way | | Cupertino | CA | 95014 |

| Address where Complainant worked (if different from Business Address) | | City | State | Zip Code |
|---|---|---|---|---|
| 825 Stewart Drive | | Sunnyvale | CA | 94086 |

| Name of Person in Charge | | Job Title / Position of Person in Charge | |
|---|---|---|---|
| Tim Cook | | CEO | |

| Type of Work Performed | Total Number of Employees | Employer still in Business? |
|---|---|---|
| | | Yes |

### Immigration Threat

| Did your employer make immigration related threats? | No |
|---|---|

| Please Explain: |
|---|
| |

RCI 1 ONLINE COMPLAINT (REV. 8/20)                                                      Page 1 of 3

STATE CASE NO. RCI-CM-842830                                    Date Filed: August 29, 2021

### Other Claims Filed

| Claim for unpaid wages? | Date claim filed: | Claim filed by: | Case Number |
|---|---|---|---|
| No | | | |

| Issued claimed: |
|---|
| |

| Are other employees also filing retaliation claims against your employer? | Have you filed or do you plan to file a separate EPA (Equal Pay Act) complaint? |
|---|---|
| I don"t know | No |

### Employment Status

| Date of Hire | Quit on | Suspended on | Discharged on |
|---|---|---|---|
| February 23, 2015 | | | |
| | Still working for employer? | Other: | |
| | Yes | | |

| Final Rate of Pay | Last job title with Employer |
|---|---|
| | Sr Engineering Program Manager |

### Retaliation Complaint

| Why was this Complaint Filed | Date | Name of Person Carrying out Change | Title of Person Carrying out Change |
|---|---|---|---|
| Other | August 4, 2021 | Unknown | Apple Human Resources & Employee Relations; Apple Environmental Health & Safety; managers |

| Describe what happened: |
|---|
| I raised concerns about work place safety and was told to stop speaking about my concerns. Then I was threatened, harassed, intimidated, suspended, & constructively terminated. |

| What reason would the employer give for the changes you experienced that you selected from the list above and described? |
|---|
| None |

| What right did you exercise or action did you take that led to your change in employment? |
|---|
| workplace safety & whistleblower protections |

| Describe how your employer knew about the right you exercised or the action(s) you took? |
|---|
| I kept saying "stop it you guys, there's labor laws about this" |

### Witnesses

| First Name | Last Name | Phone Number | Email |
|---|---|---|---|

RCI 1 ONLINE COMPLAINT (REV. 8/20)                                    Page 2 of 3

STATE CASE NO. RCI-CM-842830                                    Date Filed: August 29, 2021

| 1. | | | | |
|---|---|---|---|---|
| **Street Address** | | **City** | **State** | **Zip Code** |
| 1. | | | | |
| **Please provide a brief explanation of what they saw/heard related to your complaint.** | | | | |
| 1. | | | | |

| **Remedies** |
|---|
| *Briefly describe what you hope happens as a result of filing the complaint.* |
| Accountability & redress |

| **Authorizations to Release Information** |
|---|
| ☑ By submitting this form, I hereby certify that the information I have provided is true to the best of my knowledge and/or recollection, and I further acknowledge that this information is being collected by the State and may be shared with another state agency or a private party in accordance with California Civil Code section 1798.24 and the Information Practices Act of 1977 generally. |

PL.'S REQ. FOR JUD. NOT. IN SUPP. OF PL.'S OPP. | CASE NO. 3:23-CV-04597-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Labor Commissioner's Office**
*Retaliation Complaint Investigation Unit*

**Retaliation Complaint**
**State Case Number: RCI-CM-846638**
**Date Filed: September 29, 2021**

Department of
Industrial Relations
STATE OF CALIFORNIA

| Complainant Information | | | |
|---|---|---|---|
| *First Name* | *Last Name* | *Phone Number* | *Birthdate* |
| Ashley | Gjovik | ███████ | August 26, 1986 |
| *Street Address* | | *City* | *State* | *Zip Code* |
| ███████ | | Santa Clara | CA | 95050 |
| *Interpreter Requested?* | *Language* | *Email* | | |
| No | | ashleymgjovik@protonmail.com | | |

| Complainant's Representative/Advocate | | | |
|---|---|---|---|
| *Representative/Advocate Name* | | | |
| | | | |
| *Phone Number* | | *Email* | |
| | | | |
| *Street Address* | | *City* | *State* | *Zip Code* |
| | | | | |

| Employer Information | | | |
|---|---|---|---|
| *Employer / Business Name* | | *Phone Number* | |
| Apple Inc. | | | |
| *Business Address* | | *City* | *State* | *Zip Code* |
| 1 Apple Park Way | | Cupertino | CA | 95014 |
| *Address where Complainant worked (if different from Business Address)* | | *City* | *State* | *Zip Code* |
| 825 Stewart Drive | | Sunnyvale | CA | 94086 |
| *Name of Person in Charge* | | *Job Title / Position of Person in Charge* | | |
| Tim Cook | | CEO | | |
| *Type of Work Performed* | *Total Number of Employees* | *Employer still in Business?* | | |
| Computer Manufacturing | 100,000 | Yes | | |

| Immigration Threat |
|---|
| *Did your employer make immigration related threats?*   No |
| *Please Explain:* |
| |

RCI 1 ONLINE COMPLAINT (REV. 8/20)                                                      Page 1 of 4

STATE CASE NO. RCI-CM-846638                                    Date Filed: September 29, 2021

## Other Claims Filed

| Claim for unpaid wages? | Date claim filed: | Claim filed by: | Case Number |
|---|---|---|---|
| No | | | |

| Issued claimed: |
|---|
| |

| Are other employees also filing retaliation claims against your employer? | Have you filed or do you plan to file a separate EPA (Equal Pay Act) complaint? |
|---|---|
| I don"t know | No |

## Employment Status

| Date of Hire | Quit on | | Suspended on | Discharged on |
|---|---|---|---|---|
| February 23, 2015 | | | August 4, 2021 | September 9, 2021 |
| | Still working for employer? | | Other: | |
| | No | | Amendment to: RCI-CM-842830 | |
| Final Rate of Pay | | | Last job title with Employer | |
| 169,000/year | | | Senior Engineering Program Manager | |

## Retaliation Complaint

| Why was this Complaint Filed | Date | Name of Person Carrying out Change | Title of Person Carrying out Change |
|---|---|---|---|
| Terminated/Discharged/Fired | September 9, 2021 | Yannick Bertolus; Aleks Kagramanov | Vice President of the Product Integrity team; Investigator in the Workplace Violence team |

| Describe what happened: |
|---|

3/17: Raised concerns abt safety at my Superfund office;

3/22: Told to stop sharing concerns;

3/29: Reported intimidation to ER & then ER retaliated;

Apr: Constructive termination (HWE) by Sr Dir;

Apr-Jun: Still raising concerns abt safety & also abt sexism & retaliation;

July: ER launches 2nd investigation I actually req;

8/3: Taking pics of safety issues;

8/4: ER suspends me & pressures me to stop organizing with other employees; 9/9: Terminated

9/10: NLRB affidavit abt Apple

| What reason would the employer give for the changes you experienced that you selected from the list above and described? |
|---|

STATE CASE NO. RCI-CM-846638                                    Date Filed: September 29, 2021

VP: "Apple has determined that you have engaged in conduct that warrants termination of employment, including, but not limited to, violations of Apple policies. You disclosed confidential product-related information in violation of Apple policies and your obligations under the Intellectual Property Agreement (IPA). We also found that you failed to cooperate and to provide accurate and complete information during the Apple investigatory process."

Workplace Violence: "We are investigating allegations that you improperly disclosed Apple confidential information. Since you have chosen not to participate in the discussion, we will move forward with the information that we have, and given the seriousness of these allegations, we are suspending your access to Apple systems"

*What right did you exercise or action did you take that led to your change in employment?*

I reported concerns about unsafe working conditions & possible violations/noncompliance of multiple laws to the state and federal government, as well as my Apple supervisor, the Apple Env Health Safety team, and Apple Human Resources & Employee Relations

*Describe how your employer knew about the right you exercised or the action(s) you took?*

Beyond raising concerns to Apple, I informed Apple of my complaints to the government in July, providing them copies of the emails and even forwarding the emails to them. I also filed more complaints in Aug & it was reported by major news sources.

## Witnesses

| First Name | Last Name | Phone Number | Email | | |
|---|---|---|---|---|---|
| | | | | | |

| Street Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| | | | | | |

*Please provide a brief explanation of what they saw/heard related to your complaint.*

RCI 1 ONLINE COMPLAINT (REV. 8/20)                                    Page 3 of 4

1

STATE CASE NO. RCI-CM-846638                                    Date Filed: September 29, 2021

2

3

4

5

6

7

8

| Remedies |
|---|
| *Briefly describe what you hope happens as a result of filing the complaint.* |
| Injunctive: warning to and/or discipline for Apple, including broader labor investigation into Apple by the DOL |
| Damages: payment of lost wages, reinstatement of benefits including RSUs, punitive damages if available |

9

10

11

| Authorizations to Release Information |
|---|
| ☑ By submitting this form, I hereby certify that the information I have provided is true to the best of my knowledge and/or recollection, and I further acknowledge that this information is being collected by the State and may be shared with another state agency or a private party in accordance with California Civil Code section 1798.24 and the Information Practices Act of 1977 generally. |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATE OF CALIFORNIA**                                                    Gavin Newsom, *Governor*

DEPARTMENT OF INDUSTRIAL RELATIONS
Labor Commissioner's Office
*Retaliation Complaint Investigation Unit*
2031 Howe Avenue Suite 100
Sacramento, CA 95825
Phone: (916) 263-2991 Email: retaliation@dir.ca.gov

October 22, 2021

Ashley Gjovik

▮▮▮▮▮▮▮▮▮▮▮

Re:    Ashley Gjovik v. Apple Inc.
       State Case No. RCI-CM-842830

Dear Ashley Gjovik:

This office has received your retaliation complaint, filed with this office on August 29, 2021, alleging that you suffered unlawful retaliation in violation of California law.

**Parties are encouraged to engage in settlement discussions amongst themselves. Alternatively, if you are interested in participating in an informal meeting to resolve your complaint, please send an email to retaliation@dir.ca.gov with "SETTLEMENT" in the subject line. Your participation is voluntary. Only if both parties agree, your case will be temporarily assigned to a Deputy Labor Commissioner who is experienced in working with parties to reach satisfactory settlements.**

**Please keep in mind that RCI investigations can be lengthy and may not result in your desired outcome. Settlement allows the parties to come to a compromise and provide relief, resolution, and peace of mind.**

As soon as the case is assigned to an investigator, you and the employer will be contacted and given an opportunity to present documents, position statements, or witness names to support your respective positions. Hold on to these documents until the assigned investigator requests them from you.

We suggest that you obtain the first and last names, addresses, and telephone numbers for witnesses who may be able to tell us more about your claim. Also, please save any documentation that you may have, such as wage statements, emails, letters, text messages, or notices. It is helpful if you keep notes of any conversations you have had, noting the date and with whom the conversation took place. Also, if you have a recollection of what happened, it is helpful if you write it down while your memory is fresh. A chronology of events can be very useful.

Do not delete, destroy, or discard any potential evidence that relates to the claims, facts, or defenses raised by the complaint. This includes, but is not limited to, any relevant electronic evidence, such as text messages, social media posts, emails, or

RCI 4.3 CASE ACCEPTED WITHOUT DEPUTY ASSIGNMENT (REV. 12/20)

State Case No. RCI-CM-842830
October 22, 2021
Page 2 of 2

voicemails. If you have a policy or practice of regularly deleting, destroying, or discarding documents, information, or things, those policies or practices should be suspended in relation to any potential evidence. Deleting, destroying, or discarding any potential evidence is against the law.

Please tell us if your address or phone number changes.  If we are unable to contact you, we will be unable to proceed with the investigation, and we will be forced to close your case.

The enclosed "Summary of Procedures" will provide additional information about our process.  Again, we will be in contact with you to let you know who the investigator is that will be investigating your complaint.

During the investigation, you are required to mitigate your damages by looking for other employment or working elsewhere. As you apply for employment opportunities, keep detailed records of the positions you apply for, any interviews that you attend, and any employment offers that are made to you. If you do accept an offer, please let me know. Keeping these records will assist the agency with calculating and proving what you may be owed.

If you filed a retaliation complaint because you made a workplace health or safety complaint, you may also file a separate complaint with the U.S. Department of Labor within 30 days of the date of the violation.

Keep in mind that legal claims cannot be brought indefinitely; legal claims have a "statute of limitations," which is a time limit. Filing a complaint with our agency may not prevent the statute of limitations from running out on all the claims you may have, so if you are interested in pursuing this claim or other related claims in a lawsuit, consult with an attorney right away.

Sincerely,

Alejandro Cortez
Deputy Labor Commissioner

RCI 4.3 CASE ACCEPTED WITHOUT DEPUTY ASSIGNMENT (REV. 12/20)

**STATE OF CALIFORNIA**                                      Gavin Newsom, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
Labor Commissioner's Office
*Retaliation Complaint Investigation Unit*
455 Golden Gate Ave 9th Floor
San Francisco, CA 94102
Phone: (415) 703-5300 Email: retaliation@dir.ca.gov

December 9, 2021

Ashley Gjovik

Re:    Ashley Gjovik v. Apple Inc.
        State Case No. RCI-CM-842830

Dear Ashley Gjovik,

This office received notice that U.S. Department of Labor - OSHA will be investigating a complaint that contains same or similar allegations as the whistleblower complaint filed with our office.

Under Labor Code section 98.7, the Labor Commissioner's office has discretion to defer to the investigations of other forums.  Therefore, this office will be postponing our investigation pending the results of the Federal investigation.

Sincerely,

Kimberly Kaufman
Senior Deputy Labor Commissioner

cc: Apple Inc.

RCI 18 - CONCURRENT FILING CLOSURE (REV. 6/21)

**Labor Commissioner's Office**
*Retaliation Complaint Investigation Unit*

**Retaliation Complaint**
**State Case Number: RCI-CM-871817**
**Date Filed: March 7, 2022**

Department of
Industrial Relations
**STATE OF CALIFORNIA**

| Complainant Information | | | | | |
|---|---|---|---|---|---|
| *First Name* | *Last Name* | | *Phone Number* | | *Birthdate* |
| Ashley | Gjovik | | | | August 26, 1986 |
| *Street Address* | | *City* | | *State* | *Zip Code* |
| USA | | SANTA CLARA | | CA | 95050 |
| *Interpreter Requested?* | *Language* | *Email* | | | |
| No | | ashleymgjovik@protonmail.com | | | |

| Complainant's Representative/Advocate | | | |
|---|---|---|---|
| *Representative/Advocate Name* | | | |
| *Phone Number* | | *Email* | |
| *Street Address* | | *City* | *State* | *Zip Code* |

| Employer Information | | | | | |
|---|---|---|---|---|---|
| *Employer / Business Name* | | | *Phone Number* | | |
| Apple Inc. | | | | | |
| *Business Address* | | *City* | | *State* | *Zip Code* |
| Apple Inc., One Apple Park Way | | Cupertino | | CA | 95014 |
| *Address where Complainant worked (if different from Business Address)* | | *City* | | *State* | *Zip Code* |
| 825 Stewart Drive | | Sunnyvale | | CA | |
| *Name of Person in Charge* | | *Job Title / Position of Person in Charge* | | | |
| Tim Cook | | CEO | | | |
| *Type of Work Performed* | *Total Number of Employees* | | *Employer still in Business?* | | |
| Computer Manufacturing | 140,000 | | Yes | | |

| Immigration Threat | |
|---|---|
| *Did your employer make immigration related threats?* | No |
| *Please Explain:* | |

RCI 1 ONLINE COMPLAINT (REV. 8/20)

Page 1 of 3

STATE CASE NO. RCI-CM-871817

Date Filed: March 7, 2022

| Other Claims Filed | | | |
|---|---|---|---|
| Claim for unpaid wages?<br>No | Date claim filed: | Claim filed by: | Case Number |
| Issued claimed: | | | |
| Are other employees also filing retaliation claims against your employer?<br>Yes | | Have you filed or do you plan to file a separate EPA (Equal Pay Act) complaint?<br>No | |

| Employment Status | | | |
|---|---|---|---|
| Date of Hire<br>February 23, 2015 | Quit on | Suspended on<br>August 4, 2021 | Discharged on<br>September 9, 2021 |
| | Still working for employer?<br>No | Other: | |
| Final Rate of Pay<br>$169,000/year | | Last job title with Employer<br>Senior Engineering Program Manager | |

| Retaliation Complaint | | | |
|---|---|---|---|
| Why was this Complaint Filed<br>Other | Date<br>September 9, 2021 | Name of Person Carrying out Change<br>n/a | Title of Person Carrying out Change<br>n/a |
| Describe what happened:<br>I am filing this charge to allege that Apple Inc's employee policies and practices violate CA Labor Code §232.5(a) & §232.5(b), §1102.5(a), §6408(c), §6408(d), §6408(d) and likely others. The DIR Labor Commissioner team instructed me to use this form for this complaint due to no other workflow existing for this type of complaint. | | | |
| What reason would the employer give for the changes you experienced that you selected from the list above and described?<br>n/a | | | |
| What right did you exercise or action did you take that led to your change in employment?<br>n/a | | | |
| Describe how your employer knew about the right you exercised or the action(s) you took?<br>n/a | | | |

RCI 1 ONLINE COMPLAINT (REV. 8/20)                                    Page 2 of 3

STATE CASE NO. RCI-CM-871817                                    Date Filed: March 7, 2022

| Witnesses | | | |
|---|---|---|---|
| *First Name* | *Last Name* | *Phone Number* | *Email* |
| 1. | | | |

| *Street Address* | | *City* | *State* | *Zip Code* |
|---|---|---|---|---|
| 1. | | | | |

| *Please provide a brief explanation of what they saw/heard related to your complaint.* |
|---|
| 1. |

| Remedies |
|---|
| *Briefly describe what you hope happens as a result of filing the complaint.* |
| If Apple's employee policies are found to be unlawful, I want Apple to have to post a notice of that, I want the policies fixed, I want an audit/inspection of their HR/ER practices by DIR, and an apology to me & the others harmed |

| Authorizations to Release Information |
|---|
| ☑ By submitting this form, I hereby certify that the information I have provided is true to the best of my knowledge and/or recollection, and I further acknowledge that this information is being collected by the State and may be shared with another state agency or a private party in accordance with California Civil Code section 1798.24 and the Information Practices Act of 1977 generally. |

PL.'S REQ. FOR JUD. NOT. IN SUPP. OF PL.'S OPP. | CASE NO. 3:23-CV-04597-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

### *Emails with the Labor Commissioner's Office*

1
2

| From: | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3 =B8vik_<ashleymgjovik@protonmail.com>?=> |
| Sent: | Monday, March 7, 2022 4:21 PM |
| To: | Pynes; Steve@DIR; Kaufman; Kimberly@DIR |
| Subject: | how do i report a violation of CLC 435(a)? |

3
4
5

6

Hello!

7

**How do i report a violation of CA Labor Code 435(a) by Apple Inc?**

8

I assume still ongoing, but at least occurring as recent as Sept 2021

9
10

*(a) No employer may cause an audio or video recording to be made of an employee in a restroom, locker room, or room designated by an employer for changing clothes, unless authorized by court order.*

11

https://law.justia.com/codes/california/2011/lab/division-2/430-435/435/

12

**Also violations of: CA Penal Code § 657**

13

Except as provided in paragraph (5) of subdivision (b) and subdivision (I), every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

14
15

*(i)  Who, while loitering, prowling, or wandering upon the private property of another, at any time, peeks in the door or window of any inhabited building or structure, without visible or lawful business with the owner or occupant.*

16
17
18

*(j)(1)  A person who looks through a hole or opening, into, or otherwise views, by means of any instrumentality, including, but not limited to, a periscope, telescope, binoculars, camera, motion picture camera, camcorder, or mobile phone, the interior of a bedroom, bathroom, changing room, fitting room, dressing room, or tanning booth, or the interior of any other area in which the occupant has a reasonable expectation of privacy, with the intent to invade the privacy of a person or persons inside.   This subdivision does not apply to those areas of a private business used to count currency or other negotiable instruments.*

19

https://codes.findlaw.com/ca/penal-code/pen-sect-647.html

20
21

------

see "Glimmer": https://www.theverge.com/22648265/apple-employee-privacy-icloud-id

22

------

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| From: | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3 =B8vik_<ashleymgjovik@protonmail.com>?=> |
| Sent: | Saturday, April 2, 2022 3:06 AM |
| To: | Kaufman; Kimberly@DIR |
| Cc: | Pynes; Steve@DIR; Cortez; Alejandro@DIR |
| Subject: | RE: DIR form submitted for employee policies; question about CLC 435(a) |
| Attachments: | Gjovik v Apple - Privacy Complaint - Final.pdf |

AG said DA's office, but DA's office said report to the cops, but the local cops are in bed with Apple.

I took a different route... just submitted this to all of the governments & NGOs on page 2.

(see attached)

—
**Ashley M. Gjøvik, J.D. Candidate, B.S., PMP**
ashleygjovik.com | https://linktr.ee/ashleygjovik | +1`415-964-6272 (Signal)

Sent with ProtonMail secure email.

------- Original Message -------
On Wednesday, March 9th, 2022 at 1:09 PM, Kaufman, Kimberly@DIR <KKaufman@dir.ca.gov> wrote:

Hi Ashley,

I think asking them is a great idea, to at least see if they can steer you in the right direction.

Kimberly Kaufman

Deputy Labor Commissioner III

Labor Commissioner's Office

Retaliation Complaint Investigation Unit

455 Golden Gate Ave, 9th Floor

San Francisco, CA 94102

1

1
2
Telephone: (415) 486-2025
3
4
5
6
**From:** Ashley M. Gjøvik [mailto:ashleymgjovik@protonmail.com]
**Sent:** Wednesday, March 9, 2022 12:40 PM
7
**To:** Kaufman, Kimberly@DIR <KKaufman@dir.ca.gov>
**Cc:** Pynes, Steve@DIR <SPynes@dir.ca.gov>; Cortez, Alejandro@DIR <ACortez@dir.ca.gov>
8
**Subject:** RE: DIR form submitted for employee policies; question about CLC 435(a)
9
10
**CAUTION: [External Email]**
11
This email originated from outside of our DIR organization. Do not click links or open attachments unless
recognize the sender and know the content is expected and is safe. If in doubt reach out and check with t
12
by phone.
13
14
Hi! Ok.
15
16
I'm not proceeding with a civil lawsuit, i already have too many lawsuits. I'm my only lawyer. No one
wants to deal with Apple, let alone Apple+hazardous waste.
17
18
Is it appropriate to report a violation of 435(a) to the California AG?
19
20
—
21
**Ashley M. Gjøvik, J.D. Candidate, B.S., PMP**
22
ashleygjovik.com | https://linktr.ee/ashleygjovik | +1`415-964-6272 (Signal)
23
24
25
Sent with ProtonMail secure email.
26
27
28

2

1

------- Original Message -------
On Wednesday, March 9th, 2022 at 12:17 PM, Kaufman, Kimberly@DIR
<KKaufman@dir.ca.gov> wrote:

Hi Ashley,

Yes, that is what our office has decided to do.

Regarding 435(a), we in the Labor Commissioner's Retaliation Unit are experts in the 56
laws under our jurisdiction, which does not include 435(a). We simply don't have the
expertise to answer the question. I know that you had consulted with an attorney about
a possible lawsuit so I would suggest talking to her about your questions regarding this
statute.

Sincerely,

Kimberly Kaufman

Deputy Labor Commissioner

Retaliation Unit

455 Golden Gate Avenue 9th Floor

San Francisco, CA 94102

(415) 486-2025

kkaufman@dir.ca.gov

3

1

2

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, March 9, 2022 9:50 AM

3

**To:** Kaufman, Kimberly@DIR <KKaufman@dir.ca.gov>
**Cc:** Pynes, Steve@DIR <SPynes@dir.ca.gov>; Cortez, Alejandro@DIR

4

<ACortez@dir.ca.gov>
**Subject:** RE: DIR form submitted for employee policies; question about CLC 435(a)

5

6

7

**CAUTION: [External Email]**
This email originated from outside of our DIR organization. Do not click links or open attachme
recognize the sender and know the content is expected and is safe. If in doubt reach out and c
by phone.

8

9

10

Hi,

11

12

Are you sure we want to do that?

13

14

These employee policies bind all California Apple employees.

15

16

I'm arguing the policies are facially unlawful, not just as applied.

17

18

The US DOL isn't actually investigating the policies (facially) under federal law - the
US NLRB is though.

19

20

Thanks!

21

22

P.S. thoughts about CLC 435(a)?

23

24

—

25

**Ashley M. Gjøvik, J.D. Candidate, B.S., PMP**

26

ashleygjovik.com | https://linktr.ee/ashleygjovik | +1`415-964-6272 (Signal)

27

28

4

1

2    Sent with ProtonMail secure email.

3

4    ------- Original Message -------

5    On Wednesday, March 9th, 2022 at 8:40 AM, Kaufman, Kimberly@DIR
     <KKaufman@dir.ca.gov> wrote:

6       Hi Ashley,

7

8       Don't worry, he just closed it because he consolidated the new claim
9       into the open case that is pending the results of the DOL investigation,
        RCI-CM-842830. You do not need to re-file.

10

11      Thanks,

12

13

14

15      Kimberly Kaufman

16      Deputy Labor Commissioner

17      Retaliation Unit

18      455 Golden Gate Avenue 9th Floor

19      San Francisco, CA 94102

20      (415) 486-2025

21      kkaufman@dir.ca.gov

22

23

24

25

26

27

28                              5

1

2

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
3

**Sent:** Tuesday, March 8, 2022 5:54 PM
**To:** Pynes, Steve@DIR <SPynes@dir.ca.gov>; Kaufman, Kimberly@DIR
4

<KKaufman@dir.ca.gov>; Cortez, Alejandro@DIR <ACortez@dir.ca.gov>
**Subject:** Re: DIR form submitted for employee policies; question about
5

CLC 435(a)

6

7

**CAUTION: [External Email]**
8

This email originated from outside of our DIR organization. Do not click links or open a
recognize the sender and know the content is expected and is safe. If in doubt reach o
9

by phone.

10

11

\+ Alejandro

12

13

Alejandro just closed the employee policy charge that Kimberly asked
me file

14

15

Alejandro can we re-open or do i need to re-file?

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

—

3

**Ashley M. Gjøvik, J.D. Candidate, B.S., PMP**

4

ashleygjovik.com | https://linktr.ee/ashleygjovik | +1`415-964-6272

5 (Signal)

6

7

8 Sent with ProtonMail secure email.

9

10 ------- Original Message -------
On Monday, March 7th, 2022 at 2:29 AM, Ashley M. Gjøvik

11 <ashleymgjovik@protonmail.com> wrote:

12           Hi! I just submitted the DIR Retaliation form to track
          the employee policies complaint. Should be in your

13          queue today.

14

15          I have another question... the reason Apple appears
          to be saying they fired me for was me whistleblowing

16          about this creepy app that they put on our phones that
          took pictures/videos of us anytime it thought it saw a

17          face (even if we were in the bathroom, naked, etc)
          and uploaded to Apple engineering.

18

19          It looks like that app actually violations laws. How do i
          report this app for violating CLC 435(a)? It took pics of

20          me naked, pics of my in the bathroom, pics of me in
          the bedroom, etc. It sounds like Apple's still using it &

21          doing this to it's California employees. Gross.

22

23

24

25          "California Labor Code 435(a) states that "no
          employer may cause an audio or video recording to

26          be made of an employee in a restroom, locker room,
          or room designated by an employer for changing

27          clothes, unless authorized by court order."

28                            8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In California, it is a misdemeanor to invade someone else's privacy by using a device to view someone inside a private room (PC 647j1) or secretly photographing someone in a private room (PC 647j3). Under federal law, it is a crime to "capture an image of a private area of an individual without their consent and when the individual has a reasonable expectation of privacy."

Here, so far Apple's only proffered explanation for the termination was a post-hoc inference to public statements made by Gjovik about employee surveillance, concerns about invasion of privacy, and complaints Gjovik made about a company surveillance application on her iPhone that would take videos and photos of her anywhere she was. In fact, that app appears to violate California & federal criminal law (CPC 647i, CPC 647j, 18 USC § 1801), along with California labor law (CLC 435a). One of the Twitter posts that Apple's 3rd party lawyers demanded Gjovik delete included a photo of her taken by the phone without her knowledge and a statement from Gjovik saying, "We're learning about Apple's long history of systemic oppression and retaliation against employees when employees' express concerns about discrimination, harassment, and other abuse. Why wouldn't Apple try to use our data & their internal surveillance infrastructure against us?"

Another post Gjovik was forced to delete included a photo taken of her by the app on her phone in her bedroom. While Gjovik did not share it with the public or press, Gjovik had also found photos and videos in this app on her photo that clearly captured her naked breasts, her laying in bed, her in the bathroom, and many other inherently private situations and environments."

Etc

—

**Ashley M. Gjøvik, J.D. Candidate, B.S., PMP**

ashleygjovik.com | https://linktr.ee/ashleygjovik | +1`415-964-6272 (Signal)

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| From: | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3 =B8vik_<ashleymgjovik@protonmail.com>?=> |
| Sent: | Thursday, June 2, 2022 3:56 AM |
| To: | Sollett; Mathew; Kaufman; Kimberly@DIR; Diangco; Andrea - OSHA |
| Subject: | Gjovik v Apple - June Update |
| Attachments: | Gjovik v Apple - June update.docx; Gjovik v Apple - June update.pdf |

Hey everyone,

Apologies again my cases are so chaotic & ever growing. I **really** wish they **were not.**

I let y'all know of the latest update from the EPA - but I've now also integrated it into my summary doc for all these cases.  I pulled out old details too, that are now very relevant based on the latest data.

The new info on what Apple was up to with the Superfund site is now in Red/Bold.

I also added notes about how last weekend i discovered not only was my home internet network being hacked, but it appears when Apple/Northrop mailed me my possessions back in Sept 2021, the put a listening device "bug" in one of the objects. I had three very suspicious call drops in the last week despite getting rid of most of my electronics, then went looking for unexpected EMF signals and there it was.

I reported all of the above to the FBI and they told me to see if the local PD would pick up the object and they did. I added those details as well as the police report number.

Please let me know if any questions.

I will share a copy of my federal complaint challenging Apple's restraining order against me in Washington state as violations of the federal Constitution (facial & an applied) and as violating the California labor labs prohibiting ROs mid-labor dispute.

No lawyers will deal with Apple's bullcrap at this point, so I'm doing both suits pro se, literally at risk of incarceration.

If anyone would be willing to write an amicus for either the state appeal or the federal complaint, I'd be deeply appreciative. Even if just a page / something very brief. You're welcome to decide once I have the complaint & share it, though I'd need to soon after.

Thank you!

—
**Ashley M. Gjøvik**
**Juris Doctor Candidate, International Law Scholar, B.S., PMP**
ashleygjovik.com | +1 415-964-6272

***"Never, ever be afraid to make some noise and get in good trouble, necessary trouble."***
-U.S. Rep. John Lewis


Sent with Proton Mail secure email.

1

2

| From: | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3<br>=B8vik_<ashleymgjovik@protonmail.com>?=> |
| Sent: | Wednesday, August 10, 2022 1:37 AM |
| To: | Sollett; Mathew; Diangco; Andrea - OSHA; DIR OSHARetaliation |
| Subject: | New police report about Apple breaking into my apartment, again |

3

4

*Note for my CA DOL DIR Retaliation, US NLRB, & US DOL WPP cases against Apple Inc*

5

Hi,

6

There's new apartment break in to add to the file. It appears Apple broke into my Santa Clara attic last fall, probably to install surveillance equipment.

7

I'm preparing to move apartments and am having move out discussions with the current landlord. Back in September last year (i don't remember the exact date) i heard two men up in my attic installing/repairing things for about 2-3 hours. It's always seemed weird & bothered me so I finally talked to my landlord about it.

8

9

The landlord has no record of them/maintenance/vendors ever being up in my attic during my lease.

10

I tried to go up there last week and my ladder wasn't tall enough & there was something alive up there (mouse? bat?) so I quickly retreated - but I was first able to snap some photos & videos of weird wiring/cables that looked out of place.

11

My landlord said they have no idea what that wiring/cables are & were not expecting them to be there.

12

Info security friends for some time now have suspected Apple may have tried to intercept my home internet directly and/or installed surveillance equipment wired into my electrical so they don't have to replace batteries. There's also now a theory that they could also be using auditory weapons as well - I'm trying to find a spectrum analyzer - apparently infrasound can be used to cause anxiety/distress and other peculiar side effects. It would make sense for them to try along with their CIA-style psyops of online harassment & other manipulation. **The dystopian future really sucks.**

13

14

So this is now the working theory of what they must have done in my attic in September. I assume Northrop Grumman (Ronald Sugar's company) helped - as they literally build military & private security spyware as one of their product lines.

15

16

There is attic access from the individual apartments - but I was in my apartment at the time. The working theory for that is they must have hacked into the digital locks of an adjacent apartment (there was one vacant next to mine) and found their way into my attic space from that other unit's attic space.

17

My landlord had no other explanation for how men could be in my attic space if they did not go up through my closet.

18

I reported it to the FBI to add my file with them yesterday, August 8 2022. The FBI still won't confirm if I have an open case or if anyone is actually looking into any of this.

19

The FBI did tell me to also file a police report with the local police department. I filed a report with the Santa Clara PD today - it's incident number 0087 for Aug 9 2022. He said he'd follow up with the landlord about the repeated break-ins & also to ensure whatever is in the attic is dealt with before someone else moves in.

20

21

Please add to my cases. Thank you.

22

PS: My landlord tried to get me to sign a big NDA / confidentiality agreement about it last week, but I refused.

1

23

24

25

—

26

**Ashley M. Gjøvik, J.D., B.S., PMP**
Director, A. M. Gjovik Consulting, L.L.C.
Personal: ashleygjovik.com | +1 415-964-6272 (PST)
Consulting: gjovik.co | consulting@ashleygjovik.com

27

28

Sent with Proton Mail secure email.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| From: | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3=B8vik_<ashleymgjovik@protonmail.com>?=> |
| Sent: | Tuesday, January 11, 2022 10:47 PM |
| To: | DOSHFC@dir.ca.gov |
| Cc: | Kaufman; Kimberly@DIR; Cortez; Alejandro@DIR |
| Subject: | Complaint of Unsafe Work Conditions &  Widespread Violations of Labor Laws |
| Attachments: | CA DIR Workplace Safety Complaint .docx; 825 Stewart Dr - Overview Memo.docx; CA DOL DIR - Gjovik v Apple - Memo.docx; Workers Comp - May 21 2021.pdf |

Hello,

As requested by the labor commissioners office, I'm documenting my unsafe workplace complaint about Apple Inc. I tried calling an OSHA office about it last year but they wouldn't talk to me about it.

The open CA DoL DIR Retaliation case directly related to this unsafe work condition complaint is: *ASHELY GJOVIK v APPLE INC* (RCI-CM-842830)

There are also federal investigation by NLRB & US DOL.

Thank you. Please let me know if you have any questions.

—
**Ashley M. Gjøvik, B.S., PMP**
**Santa Clara University School of Law**
Juris Doctor Candidate & Public International Law Certificate Candidate, Class of 2022
Santa Clara University ACLU Club I&D Director & Environmental Law Society Outreach Chair
Human Rights & International Law Author: https://muckrack.com/ashleygjovik
ashleygjovik.com | +1`415-964-6272 (Signal.app please)

Sent with ProtonMail Secure Email.

1

2

3  **From:**   Ashley M. Gjøvik <ashleymgjovik@protonmail.com> <=?utf-8?Q?Ashley_M._Gj=C3
   =B8vik_<ashleymgjovik@protonmail.com>?=>

4  **Sent:**   Friday, January 7, 2022 7:38 AM

5  **To:**   Kaufman; Kimberly@DIR; Diangco; Andrea - OSHA
   **Cc:**   Alexander M. Hajduk (NLRB)
   **Subject:**   Ashley Gjovik v Apple: Coordinating federal & state labor investigations

6  **Attachments:**   DOL - OSHA Retaliation - Memo v2.pdf; DOL CERCLA Memo - Gjovik - v1.pdf; DOL SOX
   Memo - Gjovik v2.pdf; Gjovik Timeline - v4.pdf; Upload - NLRB - Tim Memo Memo -

7  Apple - Gjovik.pdf; Upload - NLRB - Gjovik - Apple Handbook and Employee Policies
   Memo.pdf; US DOL - 825 Stewart Dr - Overview Memo.pdf; Upload - NLRB -

8  Surveillance Memo - Gjovik.pdf; Upload - SEC - Gjovik - Apple - Fraudulent Response to
   Shareholder Proposal.pdf; Upload - SEC - Gjovik - Apple - Conflict of Interest - Sugar

9  Memo.pdf; Workers Comp - May 21 - Apple.pdf; CA DOL DIR - Gjovik v Apple -
   Memo.pdf

10

11  Hello Kimberly & Andrea!

12  Also cc'ing Alex as FYI. He likes to tell me how *independent* his agency is... but he can join the party too. :-D Hi
   Alex!

13  I hope you're all doing well. I thought it may be helpful to align on the strategy for the joint federal/state labor
   investigations into Apple. I think first step is aligning expectations - so please correct if anything is incorrect.

14                                          **Cases**

15  The state labor case is:

16     • *Ashley Gjovik v Apple Inc. (RCI-CM-842830)* administered by the California Department of Labor DIR office
       investigating violations of multiple state labor laws

17  The federal labor cases are:

18     • *Ashley Gjovik v Apple Inc (9-3290-22-051)* with the U.S. Department of Labor Whistleblower
       Protection Program investigating CERCLA, SOX, & OSH Act retaliation

19     • The four charges (*32-CA-282142, 32-CA-283161, 32-CA-284428, & 32-CA-284441)* currently under
       review by the National Labor Review Board. Two are for retaliation and two are for unlawful

20  employee policies.

21  A state civil employment lawsuit will be filed this month by my attorney Erika Heath.

22  For all other matters, all regulatory matters, I am representing myself. God save us all.

23                                  **Current Investigations**

24  Next, I think we should align on who's doing what right now. Talking to both Andrea & Kimberly it sounds like:

25     • US DoL is actively investigating CERCLA, SOX, & OSH Act retaliation
       • CA DoL has paused their own investigation into Apple's violation of state labor laws while US DoL

26  investigates
       • US DoL is investigating "general health & safety" issues/concerns while they investigate the three specific
       statutes above and will share findings with CA DoL

27

28                                          1

1

2
- After US DoL findings are shared, CA DoL will determine if they need to investigate more, or what the next
3
   step forward will be
- I am to share my employment lawsuit complaint when we're ready to file with both state and fed department
   of labor agencies to review to see if any implications for investigations

4
Last I heard from Alex at the NLRB:

5
- NLRB is awaiting evidence from Apple for policy/handbook cases
- NLRB is preparing retaliation case report for board review
6

7
**Open questions about cases / investigations:**

8
- Are there any CA laws that should/could be investigated now & not wait for the feds? *(see attached state
   memo)*
9
- Has US DoL requested the specifics of what they should be investigating for state? So far, I only provide
   evidence for the feds that they specifically ask for (which is me figuring it out myself based on previous
   cases & their procedure manuals). If there's anything i need to be providing the feds to help with the current
10
   fed-run state investigation, please let me know.
- Should CA DoL also be looking at all the employee policies alleged to be unlawful & violate labor laws that
   the NLRB is investigating? *(see attached memos)*
11
- Does CA DoL care about super creepy employee surveillance that definitely chills organizing and general
   comfort levels with willingness to report corporate crimes? *(if so please attached NLRB surveillance memo
12
   please).*

13
**Memos**

14
- Finally, I wanted to submit to California my memo for the California labor complaint. It's attached as *CA DOL
   DIR Gjovik Apple Memo.*
15
- I wanted to give the feds visibility to the state claims as well.
- Similarly, I'm attaching federal labor claims for state visibility.

16
Please let me know if you have any questions, need any clarifications, or if there's a more preferred way to present
information to you.
17

Thank you all & looking forward to working with in you in 2022!
18

-Ashley
19
—
**Ashley M. Gjøvik, B.S., PMP**
20
**Santa Clara University School of Law**
Juris Doctor Candidate & Public International Law Certificate Candidate, Class of 2022
21
Santa Clara University ACLU Club I&D Director & Environmental Law Society Outreach Chair
Human Rights & International Law Author: https://muckrack.com/ashleygjovik
22
ashleygjovik.com | (415) 964-6272

23
Sent with ProtonMail Secure Email.

24

25

26

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D

## *Social Media & Articles*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



https://x.com/ashleygjovik/status/1433978343829819393

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22    1:39 AM · Sep 2, 2021

23

24    https://x.com/ashleygjovik/status/1433303578802749442

25

26

27

28