**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **APPLE INC.**, a corporation, <br><br> Defendant. | CAND No. 3:23-CV-04597-EMC <br> 9th Cir No.: 24-6058 <br><br> **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE & OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> *In Support of Plaintiff's Opposition to Defendant's Motions to Dismiss* <br><br> **Motion Hearing:** <br> Dept: Courtroom 5 (& Zoom) <br> Judge: Honorable Edward M. Chen <br> Date: February 21, 2025 <br> Time: 1:30 PM PT |

## I. Notice & Judicial Notice

1. Plaintiff respectfully submits this response to Defendant's Request for Judicial Notice of the City of Santa Clara's building permit portal. Defendant argues that because the building permits related to semiconductor fabrication tools were publicly available through the city's website, the Plaintiff should have known about the toxic emissions from the facility, and therefore, there is no basis for tolling the statute of limitations for the toxic tort claims. Plaintiff objects to the request for the following reasons.

2. "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007) *(per curiam)* (citing *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court "may judicially notice a fact that is not subject to reasonable dispute because it" either (1) "is generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). Because Plaintiff does not object to the request for judicial notice and the documents are appropriate subjects of judicial notice, the Court grants Defendants' RJN.[1] *Wells v. Lakeview Loan Servicing, LLC*, No. CV 23-4796 PA (JPRX), 2023 WL 8254485, at *2 (C.D. Cal. Sept. 26, 2023).

---

[1] See, e.g., *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court records); *Harticon v. U.S. Bank Trust, N.A.*, No. 2:18-CV-00277 KJM (DBx), 2019 WL 1041330, at *3 (E.D. Cal. Mar. 5, 2019) (documents filed in county recorder's office).

## II. THE IIED CLAIM ACCRUES WHEN PLAINTIFF LEARNED OF THE EXPOSURE

3. First, the Defendant's argument regarding public access to building permit information is irrelevant to the accrual date for Plaintiff's IIED claim. Under California law, the statute of limitations for an IIED claim begins to run when the Plaintiff learns of the harm or injury. In this case, the IIED claim is based on the emotional distress caused by the discovery of the toxic exposure, which Plaintiff only became aware of in February 2024. The Plaintiff cannot have a claim for emotional distress related to chemical exposure when the Plaintiff was unaware of the exposure itself. Thus, the IIED claim did not accrue until February 2024, when Plaintiff was made aware of the extent of the harm caused by the toxic emissions. This is the point at which the claim for IIED arises, and any suggestion otherwise is without merit.

## III. DEFENDANT'S ARGUMENT REGARDING PUBLIC ACCESS TO BUILDING PERMITS IS WITHOUT MERIT

4. Defendant's argument about the public availability of building permit information is also flawed. First, Defendant's submission of documents obtained from the City of Santa Clara's website does not establish that the information was readily available in the form necessary for Plaintiff to understand the significance of the semiconductor fabrication tools. The documents submitted by Defendant were only retrieved today, and Defendant has not provided any evidence of what was available on the City's website in prior years—when Plaintiff was unaware of the toxic emissions from 3250 Scott. [See Exhibit A].

5. In order to properly respond to Defendant's argument, Plaintiff would be required to introduce its own public records and evidence to demonstrate what information was available at relevant times. However, as a result of

1  Defendant's bad faith litigation tactics, Plaintiff's requests for such evidence were
2  repeatedly denied by the court. The request for judicial notice should not be
3  granted simply because Defendant claims that documents are publicly available.

4      6.    The documents offered by Defendant do not resolve any legal
5  question in this case. A request for judicial notice is appropriate only when a
6  document can affirmatively answer a specific legal question. Here, the building
7  permits do not answer the legal question of whether the Plaintiff was aware of the
8  toxic emissions in time to meet the statutory deadlines for filing a toxic tort claim.
9  However, in case Defendant's request is accepted, Plaintiff also includes the
10 instructions from the city website for requesting records, which says nothing about
11 the portal the Defendant points to, and in fact, directs people to the Public
12 Records Request portal instead. [Exhibit B].

## IV. THE REASONABLE PERSON STANDARD IS A FACTUAL DETERMINATION, NOT A MATTER OF LAW FOR A 12(B)(6) MOTION

17     7.    Furthermore, the issue of whether Plaintiff, as a reasonable person,
18 should have been aware of the toxic emissions from the facility is a question of
19 fact, not an issue that can be resolved on a motion to dismiss. The reasonable
20 person standard depends on the circumstances, which include the unique nature
21 of semiconductor fabrication and the historical offshore outsourcing of such
22 operations in the U.S. These facts must be explored through discovery, expert
23 witness testimony, and other factual evidence, making it inappropriate to resolve
24 this matter at the 12(b)(6) stage.

25     8.    Defendant's argument effectively asks the Court to rule on a factual
26 issue that requires a deeper investigation into what information was available to
27 the Plaintiff and how a reasonable person in Plaintiff's position would have
28

responded. The Court cannot make these factual determinations at this early stage, and judicial notice should not be granted on this basis.

## V. Public Access to Building Permits Does Not Resolve the Question of Tolling for Toxic Tort Claims

9. As discussed in Plaintiff's Opposition to Defendant's Motion to Dismiss, Defendant is attempting to use the availability of building permits to bar tolling of the statute of limitations for toxic tort claims. However, if the Court were to accept Defendant's argument and deny tolling based on the public availability of building permits, it would have far-reaching consequences for thousands of other victims who may have been harmed by similar toxic exposures. If a building permit search alone is enough to trigger the statute of limitations, it would unfairly bar individuals from filing their claims, as they may not have known the full extent of the harm or its cause until much later. Such a ruling would set an unfair precedent and would prevent many potential victims from seeking justice. The Court must consider the unique circumstances of this case and deny Defendant's motion to dismiss and request for judicial notice.

## VI. Conclusion

10. For the reasons outlined above, Plaintiff respectfully requests that the Court deny Defendant's Request for Judicial Notice and reject Defendant's argument that public access to building permits bars tolling of the statute of limitations for the toxic tort claims. Defendant's attempt to manipulate the facts and impose a standard that would have serious consequences for thousands of victims should not be allowed to succeed at this stage of the litigation.

I verified the authenticity of each of these documents as described. A true and correct version of each document is attached. I declare under penalty of

perjury this is true and correct.

Dated: Jan. 31, 2024.

Signature:

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**:
Boston, Massachusetts

**Mailing Address:**
2108 N St. Ste. 4553 Sacramento, CA, 95816

**Phone**: (408) 883-4428

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

*Wayback Archive of Santa Clara City Building Permit Page*



# Exhibit B

*Records search on the city webpage*



https://www.santaclaraca.gov/i-want-to



https://www.santaclaraca.gov/our-city/departments-a-f/city-clerk-s-office/request-public-records



https://santaclara.nextrequest.com/