**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Motion to Disqualify** |
| vs. | |
| **Apple Inc.**, a corporation, | **Motion Hearing:**<br>Dept: Courtroom 5 (& Zoom)<br>Judge: Honorable Edward M. Chen<br>Date: February 27, 2025<br>Time: 1:30 PM PT |
| Defendant. | |

# MOTION & NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on Feb. 27 at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor, of the United States District Court for the Northern District of California, Plaintiff Ashley Gjovik, appearing pro se, will and hereby does move this Court for an order disqualifying Orrick, Herrington & Sutcliffe ("Orrick") from further representation of Defendant Apple Inc in this matter.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the declaration and evidence submitted in support, the pleadings and records on file in this case, and such further evidence and argument as may be presented at the hearing.

This motion is made on the grounds that Orrick has irreconcilable conflicts of interest, has engaged in misconduct that taints these proceedings, and is both a necessary fact witness and a participant in material events underlying the litigation. Defense counsel's continued representation of Defendant would violate ethical obligations under ABA Model Rules 1.7, 1.9, 3.7, and 8.4, as well as California Rules of Professional Conduct 1.7, 1.9, 3.7, and 8.4. The firm's actions also raise concerns of fraud on the court, obstruction of justice, and violations of fundamental fairness in the administration of justice. Plaintiff seeks disqualification on the following bases:

**CONFLICT OF INTEREST & ATTORNEY AS A FACT WITNESS:**

Defense counsel has personal knowledge of material facts regarding Plaintiff's claims, including their role in concealing critical evidence, suppressing whistleblower disclosures, and misrepresenting material facts in legal proceedings. This makes their continued representation improper under the advocate-witness rule (ABA Model Rule 3.7; Cal. Rule 3.7).

**FRAUD ON THE COURT & OBSTRUCTION OF JUSTICE:**

Defense counsel has engaged in systematic efforts to obstruct discovery, assert fraudulent privilege claims over critical evidence, and mislead the court regarding the basis for Plaintiff's termination and Defendant's retaliatory conduct. Such misconduct warrants disqualification to preserve the integrity of these proceedings.

**DIRECT PARTICIPATION IN RETALIATION & WITNESS INTIMIDATION:**

Defense counsel played a central role in the retaliatory scheme against Plaintiff, including the misuse of intimate images, coordination of legal intimidation tactics, and failure to disclose material facts in federal agency proceedings. Their continued involvement as legal representatives undermines the fairness of these proceedings and exacerbates the prejudicial impact of their misconduct.

**ORRICK'S DATA BREACH & MISHANDLING OF PLAINTIFF'S PRIVATE IMAGES:**

Orrick, Herrington & Sutcliffe LLP, as Defendant's legal counsel, has been in possession of Plaintiff's private and intimate images, which Defendant claims were used as justification for Plaintiff's termination. However, in 2023-2024, Orrick suffered a significant data breach impacting over 637,000 individuals, leading to an $8 million settlement in a class action lawsuit. If Plaintiff's private images were stored by Orrick and compromised in this breach, this constitutes a severe

violation of Plaintiff's privacy rights under California Civil Code § 1708.85, negligence, and a breach of ethical duties to maintain the confidentiality of privileged materials. Further, Orrick has not disclosed whether Plaintiff's private data was impacted by this breach, nor have they taken steps to mitigate the potential harm caused by the unauthorized disclosure of such sensitive material.

**PREJUDICIAL IMPACT ON PLAINTIFF & JUDICIAL INTEGRITY:**

The involvement of attorneys who are both fact witnesses and direct participants in retaliatory misconduct creates an unfair advantage for Defendant, compromises Plaintiff's ability to fairly litigate her claims, and erodes public confidence in judicial impartiality. Courts have routinely held that attorneys with direct conflicts and personal involvement in the disputed matters must be disqualified to prevent undue influence and ensure a fair trial.

Dated: Jan. 31 2025

Respectfully submitted,

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**:
Boston, Massachusetts
**Mailing Address:**

— 3 —

Motion to Disqualify | Case No. 3:23-CV-04597-EMC

1  2108 N St. Ste. 4553 Sacramento, CA, 95816
   **Phone**: (408) 883-4428
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28