1   (Additional counsel on following page)

2   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
3   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA 94025-1015
    Telephone:    +1 650 614 7400
6   Facsimile:    +1 650 614 7401

7   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA 94105-2669
10  Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759

11

    Attorneys for Defendant
12  Apple Inc.

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                         SAN FRANCISCO DIVISION
16

17  ASHLEY GJOVIK,                           Case No. 23-cv-4597-EMC
18
            Plaintiff,                       **DEFENDANT APPLE INC.'S
19                                           ADMINISTRATIVE MOTION AND
         v.                                  [PROPOSED] ORDER TO STAY
20                                           APPLE'S DEADLINE TO RESPOND
    APPLE INC.,                              TO PLAINTIFF'S MOTION TO
21                                           AMEND & SUPPLEMENT
            Defendant.                       COMPLAINT [DKT. 155]**
22
                                             Judge:   Hon. Edward M. Chen
23

24

25

26

27

28

| | |
|---|---|
| 1 | KATE E. JUVINALL (SBN 315659) |
| | kjuvinall@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 631 Wilshire Blvd., Suite 2-C |
| 3 | Santa Monica, CA 90401 |
| | Telephone: +1 310 633 2800 |
| 4 | Facsimile: +1 310 633 2849 |
| 5 | RYAN D. BOOMS (SBN 329430) |
| | rbooms@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 2100 Pennsylvania Avenue NW |
| 7 | Washington, D.C. 20037 |
| | Telephone: +1 202 339 8400 |
| 8 | Facsimile: +1 202 339 8500 |
| 9 | Attorneys for Defendant |
| | Apple Inc. |

4123-7633-3400

APPLE'S ADMIN. MOTION RE: OPP. TO
MOT. TO AMEND COMPL.
CASE NO. 23-CV-4597-EMC

1    Pursuant to N.D. Cal. Civil Local Rules 6-3 and 7-11, Apple Inc. files this administrative motion to stay Apple's deadline to respond to Plaintiff's Motion to Amend & Supplement Complaint ("Motion to Amend") (Dkt. 155).

The Court is currently scheduled to hear Apple's Motion to Dismiss Plaintiff's Fifth Amended Complaint (Dkt. 145) on February 21, 2025; that motion is fully briefed, with Plaintiff having filed her (overlength and untimely) opposition (Dkt. 150) on January 22, 2025 and Apple having filed its reply (Dkt. 152) on January 28, 2025. Rather than waiting for the Court to consider and decide the Motion to Dismiss focused on the operative complaint, Plaintiff filed a Motion to Amend on January 31, 2025—along with an untimely (ten days late) Request for Judicial Notice (Dkt. 154), and a separate Motion to Disqualify the undersigned firm as counsel for Apple (Dkt. 156). Apple asks this Court to stay Apple's deadline to respond to the Motion to Amend pending the February 21, 2025 case management conference and Motion to Dismiss hearing in this matter, at which time the Court could set an appropriate briefing schedule if it intends to entertain the Motion to Amend.[1] Apple asked Plaintiff to stipulate to this relief (pursuant to Local Rule 6-2(a)(2)) but Plaintiff did not do so. *See* Riechert Decl. filed herewith, ¶2.

Plaintiff's improper Motion to Amend is part of a pattern of conduct from Plaintiff that flouts applicable rules, prejudices Apple by requiring expenditure of time and resources to address improper filings, and improperly burdens the Court. *See* Nov. 19, 2024 Order (Dkt. 137) at 3 (noting Plaintiffs' repeated "violations of [the Court's] orders" including her failure to comply with page limits); *id.* at 3 n.3 (Plaintiff "now on notice that there are consequences" for flouting applicable rules and orders). In violation of Local Rule 7-2(b), the Motion to Amend memorandum of points and authorities is in a stand-alone document 31 pages in length. Moreover, Plaintiff's Motion to Amend seeks leave to file a ***Sixth Amended Complaint*** to replead previously dismissed and/or

---

[1] In addition, in violation of Local Rule 7-2(a), Plaintiff noticed the Motion to Amend and Motion to Disqualify for hearing on February 27, 2025, less than 35 days after they were filed. The Court has already corrected this error *via* Dkt. 157, which reset the hearing on both Dkt. 155 and Dkt. 156 for March 13, 2025. Because that order does not change Apple's deadline to oppose to the Motion to Amend (which is currently February 14, 2025 per Local Rule 7-3(a)), this administrative motion for relief is still needed. Apple does not seek administrative relief with respect to any other deadlines and will respond to Plaintiff's Request for Judicial Notice and Motion to Disqualify on the schedule dictated by the Rules.

abandoned claims, as well as to amend claims that are presently subject to Apple's fully briefed Motion to Dismiss and which the Court did not give leave to amend. Requiring Apple to brief an opposition to an overlapping Motion to Amend would impose unnecessary costs and introduce inefficiencies into these proceedings.

Accordingly, Apple requests the Court stay its deadline to respond to Plaintiff's Motion to Amend and set a briefing schedule, if necessary, at or after the February 21, 2025 case management conference and hearing on Apple's pending Motion to Dismiss. Apple makes this request in the interest of judicial economy and to avoid prejudice to Apple if forced to brief issues that have already been decided by the Court and/or that are presently before the Court in connection with a different fully-briefed motion. *See Yok Hing L. v. Alameda Cnty. Superior Ct.*, No. C-13-2873 EMC, 2013 WL 12170635, at *1 (N.D. Cal. Dec. 20, 2013) (noting that "[d]istrict courts have the inherent power to control their dockets"). Plaintiff's repeated, seriatim, and overlapping filings attempting to relitigate issues already decided and endlessly expand the scope of this case should not be permitted to prejudice Apple or consume excessive resources of this Court.

Dated: January 31, 2025  ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorneys for Defendant, Apple Inc.

# [PROPOSED] ORDER

Good cause appearing, Apple Inc.'s Administrative Motion to Stay its deadline to respond to Plaintiff's Motion to Amend & Supplement the Complaint (Dkt. 155) is **GRANTED**. The Court will set a briefing schedule, as necessary, at or after the February 21, 2025 case management conference and hearing on Apple's pending Motion to Dismiss (Dkt. 145).

**IT IS SO ORDERED.**

**DATED:** _____
The Honorable Edward M. Chen
United States District Court Judge