UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO STAY; AND DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY**<br><br>Docket Nos. 158-59 |

Currently pending before the Court are two administrative motions, one filed by Apple and one filed by Ms. Gjovik. In its motion, Apple asks the Court to stay briefing and the hearing on Ms. Gjovik's recently filed motion to amend until after the Court resolves Apple's motion to dismiss (which is fully briefed and set to be heard on February 21, 2025).[1] In her motion, Ms. Gjovik asks the Court to stay the hearing on Apple's motion to dismiss until after the Court resolves her recently filed motion to amend, as well as her recently filed motion to disqualify defense counsel.[2]

Having considered the papers submitted, the Court hereby **GRANTS** Apple's motion and **DENIES** Ms. Gjovik's. There is no principled reason to defer the hearing on Apple's motion to dismiss and to entertain Ms. Gjovik's motion to amend first. Indeed, it makes sense to defer hearing on the motion to amend because how the Court rules on the motion to dismiss may inform

---

[1] Apple originally noticed the motion for a hearing on February 13 but the Court sua sponte rescheduled the hearing for February 21.

[2] To be clear, in its motion for relief, Apple does not ask for a stay for the motion to disqualify, only for the motion to amend.

the motion to amend. Ms. Gjovik is not prejudiced by this sequencing. To the extent there may be some overlap in issues between the motion to dismiss and the motion to amend, Ms. Gjovik could (and should) have flagged those issues in her opposition to the motion to dismiss which she filed on January 21 and 22, 2025, *i.e.*, only 9-10 days before she filed her motion to amend.

As for Ms. Gjovik's request that her motion to disqualify be heard before the motion to dismiss, there is no need to do so. In her motion to disqualify, Ms. Gjovik contends, *inter alia*, that defense counsel is a fact witness and that defense counsel has conducted itself inappropriately in discovery. These have no impact on the motion to dismiss which focuses on the allegations made in the operative fifth amended complaint ("5AC").

Accordingly, the Court grants Apple's motion to stay but denies Ms. Gjovik's. The motion to dismiss shall proceed for a hearing on February 21, 2025. The briefing schedule and hearing date for the motion to amend is temporarily **VACATED**. The briefing schedule and hearing date for the motion to disqualify remains as is.

This order disposes of Docket Nos. 158 and 159.

**IT IS SO ORDERED**.

Dated: February 5, 2025

_____
EDWARD M. CHEN
United States District Judge