1    (Additional counsel on following page)

2    JESSICA R. PERRY (SBN 209321)
     jperry@orrick.com
3    MELINDA S. RIECHERT (SBN 65504)
     mriechert@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025-1015
     Telephone:    +1 650 614 7400
6    Facsimile:    +1 650 614 7401

7    KATHRYN G. MANTOAN (SBN 239649)
     kmantoan@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
9    405 Howard Street
     San Francisco, CA 94105-2669
10   Telephone:    +1 415 773 5700
     Facsimile:    +1 415 773 5759

11

     Attorneys for Defendant
12   Apple Inc.

13
                         UNITED STATES DISTRICT COURT
14
                       NORTHERN DISTRICT OF CALIFORNIA
15
                           SAN FRANCISCO DIVISION
16

17
     ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC
18
                    Plaintiff,               **DEFENDANT APPLE INC.'S REPLY IN
19                                           SUPPORT OF ITS REQUEST FOR
            v.                               JUDICIAL NOTICE IN SUPPORT OF
20                                           ITS MOTION TO DISMISS PORTIONS
     APPLE INC.,                             OF THE FIFTH AMENDED
21                                           COMPLAINT AND RESPONSE TO
                    Defendant.               PLAINTIFF'S UNTIMELY REQUESTS
22                                           FOR JUDICIAL NOTICE IN SUPPORT
                                             OF HER OPPOSITION**
23
                                             Dept:    Courtroom 5, 17th Floor
24                                           Judge:   Honorable Edward M. Chen
                                             Date:    February 21, 2025
25                                           Time:    9:00 a.m.

26

27

28

1    KATE E. JUVINALL (SBN 315659)
     kjuvinall@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     631 Wilshire Blvd., Suite 2-C
3    Santa Monica, CA 90401
     Telephone:     +1 310 633 2800
4    Facsimile:     +1 310 633 2849

5    RYAN D. BOOMS (SBN 329430)
     rbooms@orrick.com
6    ORRICK, HERRINGTON & SUTCLIFFE LLP
     2100 Pennsylvania Avenue NW
7    Washington, D.C. 20037
     Telephone:     +1 202 339 8400
8    Facsimile:     +1 202 339 8500

9    Attorneys for Defendant
     Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        On January 7, 2025, Apple accompanied its Motion to Dismiss Portions of the Fifth

2   Amended Complaint with a Request for Judicial Notice (Dkt. 146; "Apple's 5AC MTD RJN").

3   Plaintiff filed an opposition to the Motion to Dismiss on January 22, 2025, one day late and eleven

4   pages over the limit; she did not file any opposition to Apple's 5AC MTD RJN at that time. Apple

5   replied in support of the Motion to Dismiss on January 28, 2025, at which point the Motion to

6   Dismiss was fully briefed.

7        On January 31, 2025—ten days past the deadline to do so—Plaintiff filed:

8        (1) A request for judicial notice in support of the portions of her Opposition to the Motion

9            to Dismiss concerning her Labor Code section 232 claim, totaling 27 pages (Dkt. 154);

10       (2) A separate request for judicial notice in support of the portions of her Opposition to the

11           Motion to Dismiss concerning her claims for penalties under Labor Code sections

12           1102.5 and 98.6/98.7, totaling 44 pages (Dkt. 154-1); and

13       (3) A document entitled "Plaintiff's Request for Judicial Notice & Opposition to

14           Defendants' [*sic*] Request for Judicial Notice" concerning her nuisance and IED claims,

15           totaling 13 pages (Dkt. 154-2) (collectively, the 84-page "January 31 RJN

16           Submission").

17  These filings represent yet another attempt by Plaintiff to flout page limits and endlessly attempt to

18  expand the scope of this case, and do nothing to change the fact that Apple's 5AC MTD RJN should

19  be granted.

20       As an initial matter, the Court should not reward Plaintiff's end-run around the rules and

21  should thus decline to consider the untimely January 31 RJN Submission. Plaintiff filed the January

22  31 RJN Submission ten days after it would have been due (*see* Civ. L.R. 7-3(a)) and three days

23  after briefing closed on the Motion to Dismiss, violating the applicable rules. *See* Civ. L.R. 7-3(d)

24  ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court

25  approval…"). This delay is prejudicial to Apple, as substantive briefing on the Motion to Dismiss

26  is closed and thus Apple did not have an opportunity to address the relevance of these documents

27  to the Motion in its reply. Because the January 31 RJN Submission is untimely, it should not be

28  considered. *See Cedeno v. IndyMac Mortg. Servs.*, No. EDCV1101637CJCSPX, 2011 WL

APPLE'S REPLY ISO RJN ISO MTD 5AC &
RESP. TO PL.'S RJNS ISO OPPO.
CASE NO. 23-CV-4597-EMC

1    13225099, at *1 (C.D. Cal. Nov. 23, 2011) (declining to consider objection to request for judicial

2    notice filed nine days after the deadline); *Malasky v. Esposito*, No. 16-CV-04102-DMR, 2019 WL

3    79032, at *4 (N.D. Cal. Jan. 2, 2019), *aff'd*, 781 F. App'x 643 (9th Cir. 2019) (declining to consider

4    untimely requests for judicial notice filed one week after deadline for plaintiff's opposition to

5    motion to dismiss); *Sheahan v. State Farm Gen. Ins. Co*., 442 F. Supp. 3d 1178, 1196 (N.D. Cal.

6    2020) (denying request for judicial notice because it was submitted after briefing on motion to

7    dismiss closed).

8          Even if the Court were to consider it, however, nowhere in the January 31 RJN Submission

9    does Plaintiff even attempt to argue that the documents for which Apple seeks judicial notice cannot

10   be so noticed; because she does not contest Apple's arguments in favor of judicial notice, she

11   effectively concedes them. *See In re Ford*, 483 F. Supp. 3d 838, 846 (C.D. Cal. 2020).

12         Instead, much of her filings consist of improper additional argument on the merits of

13   Apple's Motion to Dismiss and the sufficiency of the Fifth Amended Complaint. Plaintiff should

14   not be permitted to in effect file an unauthorized sur-reply regarding the Motion to Dismiss in the

15   guise of an (untimely) opposition to Apple's request for judicial notice and (untimely) additional

16   requests for judicial notice after briefing on the Motion to Dismiss had closed. *See In Re Violin*

17   *Memory Sec. Litig.*, No. 13-CV-5486 YGR, 2014 WL 5525946, at *17 (N.D. Cal. Oct. 31, 2014)

18   (striking substantive arguments made in opposition to defendants' request for judicial notice and

19   explaining that "[t]he inclusion of such argument in a brief purporting to address only whether the

20   Court should take judicial notice of certain documents is improper"); Dkt. 98 (denying previous

21   motion by Plaintiff to file seventy page sur-reply "not targeted to any alleged new contention in

22   Defendant's reply" and striking improper sur-reply from the record).[1]

23   / / /

24   / / /

25   / / /

26   _____

27   [1] Because Plaintiffs' substantive arguments are improper, Apple is not responding to them here.
Should the Court believe additional briefing addressing the flurry of documents Plaintiff is
attempting to add to the record and their impact on the Motion to Dismiss would be helpful,

28   Apple will provide it on whatever timeline the Court orders.

APPLE'S REPLY ISO RJN ISO MTD 5AC &
RESP. TO PL.'S RJNS ISO OPPO.
CASE NO. 23-cv-4597-EMC

1    For the foregoing reasons, the Court should grant Apple's 5AC MTD RJN in its entirety

2  and strike Plaintiff's untimely January 31 RJN Submission from the record.

3  Dated: February 7, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                                             By:        */s/ Melinda S. Riechert*

6                                                     MELINDA S. RIECHERT
                                                    Attorneys for Defendant, Apple Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S REPLY ISO RJN ISO MTD 5AC &
RESP. TO PL.'S RJNS ISO OPPO.
CASE NO. 23-cv-4597-EMC