**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | CAND No. 3:23-CV-04597-EMC |
| | 9th Cir No.: 24-6058 |
| Plaintiff, | |
| | **Discovery Dispute** |
| vs. | |
| | **Plaintiff's Declaration & Request for Telephonic Conference** |
| **Apple Inc.**, a corporation, | |
| | Fed. R. Civ. P. 26, 37 |
| Defendant. | Civ. L.R. 26, 37 |
| | Prof. Conduct. Sect. 9 |

**Discovery Dispute #1**

# Request for Court-Supervised Discovery Conference

## I. Introduction

1.  Pursuant to Federal Rules of Civil Procedure 26 and 37, and in accordance with the Northern District of California's Local Rules and Magistrate Judge Westmore's Standing Order, Plaintiff Ashley Gjovik respectfully moves this Court to schedule a telephonic conference to resolve ongoing discovery disputes. Defendant Apple Inc. has engaged in a pattern of obstructive discovery tactics, including refusals to meet and confer in good faith, failure to produce relevant documents, and improper privilege assertions.

2.  Apple has systematically refused to comply with discovery obligations while simultaneously making overbroad demands of Plaintiff. These tactics are designed not only to obstruct the fact-finding process but also to disadvantage Plaintiff by forcing her to respond to excessive and invasive discovery requests while Apple withholds essential information.

3.  A discovery conference with Judge Westmore is necessary to break this impasse and enforce Apple's compliance with the Federal Rules of Civil Procedure. Plaintiff also requests guidance from Judge Westmore on how, if, and when she would like exhibits filed – as Plaintiff did not file exhibits today as she does not have permission from the court yet to modify the meet and confer requirements.

## II. Apple's Refusal to Bring Disputes to Judge Westmore

4. Plaintiff has made numerous requests that Defendant Apple Inc. bring unresolved discovery disputes before Judge Westmore for resolution. Apple has consistently refused, instead choosing to escalate its obstructionist tactics.

— Apple has refused to meet and confer in good faith, despite Plaintiff's repeated written requests.

— Apple has refused to acknowledge its discovery obligations while simultaneously demanding full General Order 71 production from Plaintiff.

— Apple has used discovery conferences as a pretext to falsely accuse Plaintiff of misconduct while refusing to substantively discuss disputes.

— Apple has refused to specify what documents it required before the settlement conference, only to later accuse Plaintiff of withholding discovery materials after the conference had ended.

5. This deliberate refusal to engage in a good-faith resolution process has severely delayed discovery and obstructed Plaintiff's ability to litigate this case effectively.

## III. Contradictory Statements About Discovery Scope & Compliance

6. Apple has taken inconsistent and contradictory positions regarding discovery, demonstrating bad faith and warranting judicial intervention. Furthermore, Plaintiff has filed a Motion to Disqualify Defendant's legal counsel, arguing that Apple's law firm is a fact witness in this case. This includes being a direct fact witness to decisions and acts of harassment and retaliation. Apple's broad privilege assertions suggest an attempt to shield fact-based evidence that should not be privileged, further justifying court intervention.

### A. Contradictions on Discovery Start Date

7. Apple initially claimed that discovery had not yet started and requested a stay. Apple then demanded full General Order 71 production from Plaintiff while maintaining that discovery had not begun. Apple now asserts that Plaintiff must comply with discovery requests issued before the settlement conference, despite Apple refusing to produce its own discovery, not needing the documents for the conference, and the settlement conference completing.

### B. False Accusations Regarding Settlement Conference Discovery

8. Apple insisted that Plaintiff produce documents for the settlement conference but refused to specify what was required. After the conference, Apple accused Plaintiff of failing to comply with discovery, despite its own failure to identify relevant materials in advance. Apple misrepresented its request for the settlement conference, falsely stating to the judge that Plaintiff had demanded it solely to harass Apple.

### C. Overbroad and Abusive Discovery Demands

9. Apple has sought years of Plaintiff's medical records, personal diaries, and confidential documents, while refusing to provide basic employment records. Apple has invoked privilege improperly to withhold factual information related to Plaintiff's termination. Apple has claimed that all of its internal documents are privileged, even where no attorney was involved. These tactics are clear evidence of bad faith and warrant the Court's intervention.

## IV. REQUESTED RELIEF

10. Plaintiff respectfully requests the following relief:
   — A court-supervised telephonic discovery conference to address and resolve ongoing disputes.
   — An order compelling Apple to comply with its discovery obligations, including full Rule 26(a)(1) disclosures.

— Possibly consider sanctions under Rule 37 for Apple's bad-faith litigation conduct.

— A clear ruling on privilege assertions and redactions, including a requirement that Apple produce a detailed privilege log.

11. An order requiring Apple to negotiate a reasonable discovery plan in good faith, in compliance with Rule 26(f).

## V. Conclusion

12. Apple's continued refusal to engage in discovery in good faith, its contradictory positions, and its obstructive conduct necessitate court intervention. Plaintiff has made good-faith efforts to resolve these disputes, while Apple has used every opportunity to delay and manipulate the process. A telephonic conference with Judge Westmore is necessary to ensure compliance with the Federal Rules and facilitate a fair discovery process.

13. Plaintiff lives in Boston, MA and will need to attend via telephone or video chat, please. (See Exhibit A). Plaintiff does not have any conflicts she cannot move over the next month and can make herself available for a conference when is convenient for the court. It is unclear what Apple's schedule is because they will not communicate in a productive way.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on Feb. 11 2025 in Boston, Massachusetts.

Dated: Feb. 11 2025

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**: Boston, Massachusetts

**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816

**Phone**: (408) 883-4428

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Ashley Gjovik,* Plaintiff, <br> v. <br> *Apple Inc,* Defendant. | Case No. 3:23-CV-04597-EMC <br> [PROPOSED] ORDER GRANTING REMOTE APPEARANCE |

**Plaintiff's** motion to appear remotely at the **[a discovery dispute proceeding]** on **[date TBD]** at is GRANTED. Counsel and pro se plaintiff's shall comply with the Court's Standing Order on Procedures for Remote Appearances, available online at *http://cand.uscourts.gov/kaworders*.

IT IS SO ORDERED.

Dated:

_____
KANDIS A. WESTMORE
United States Magistrate Judge