**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br><br> **Apple Inc.**, a corporation, <br><br> Defendant. | CAND No. 3:23-CV-04597-EMC <br><br> 9th Cir No.: 24-6058 <br><br> **Discovery Dispute** <br><br> **Plaintiff's Letter 1/3** <br><br> Requests for Production <br><br> Fed. R. Civ. P. 26, 37 <br><br> Civ. L.R. 26, 37 <br><br> Prof. Conduct. Sect. 9 |

**Meet and Confer Requirement:** Defendant repeatedly refused to meet/confer in good faith & also refused to agree to file a joint letter. Please see concurrently filed Request for a Telephonic Conference (or for the court of fashion an alternative procedure).

# Discovery Dispute #1 - Production

1. Plaintiff Ashley Gjovik respectfully submits this letter requesting judicial intervention regarding Defendant Apple Inc.'s refusal to comply with its discovery obligations. Apple has engaged in a pattern of stonewalling, obstruction, and contradictory assertions—claiming at times that discovery is both completed and nonexistent, while simultaneously demanding sweeping discovery from Plaintiff. Given Apple's refusal to engage in good-faith discussions and its continued obstruction of discovery, Plaintiff respectfully requests that the Court compel Apple to comply with its obligations under the Federal Rules of Civil Procedure and applicable local rules.

2. Since the referral of discovery disputes to this Court (Dkt. No. 83 at 1), Apple has refused to meet and confer in good faith. Plaintiff requested a joint letter as required by this Court's Standing Order, yet Apple declined, necessitating this unilateral submission alongside a *Request for a Telephonic Conference* to enforce compliance with meet-and-confer requirements.

## I. Statements Of Facts

3. Plaintiff Ashley Gjovik submits this filing in ongoing litigation against Defendant Apple Inc., arising from claims of whistleblower retaliation, toxic torts, intentional infliction of emotional distress, and unfair business practices. After raising concerns about toxic chemical exposure, labor violations, and corporate misconduct, Plaintiff faced a series of severe retaliatory actions, including termination, denylisting, surveillance, and reputational harm.

4. Since the filing of this lawsuit, Defendant has yet to file an answer in this case—despite 17 months of civil litigation—and has instead engaged in extensive motion practice, including five successive motions to dismiss under Rule 12(b)(6), while simultaneously resisting discovery obligations. This case is also intertwined with parallel proceedings, including an adjudication before the U.S.

1  Department of Labor's Office of Administrative Law Judges and a pending appeal
2  before the Ninth Circuit. Additionally, federal agencies such as the NLRB and
3  EPA have substantiated core allegations in this matter, underscoring the necessity
4  of comprehensive discovery.[1]

5. Since July 2021, Plaintiff has voluntarily provided Defendant with hundreds of documents supporting her claims and has continuously supplied updates and detailed outlines to ensure efficiency in the litigation process. In an effort to keep the case moving forward despite Defendant's resistance, Plaintiff independently sought and obtained relevant records through FOIA requests and other research, uncovering critical evidence that Defendant has refused to produce.

6. Defendant, however, has failed to reciprocate these efforts, declining to create a discovery plan and asserting contradictory positions — at times claiming that discovery has already been completed, while simultaneously arguing that discovery has not yet begun and will not proceed without a court order. Defendant has further withheld key documents, asserted broad and unsupported privilege claims, and repeatedly delayed compliance. This filing addresses these ongoing discovery deficiencies and seeks appropriate relief to ensure that Defendant meets its obligations under the Federal Rules of Civil Procedure.

## II. ISSUES TO BE DECIDED

### A. Defendant's Refusal to Produce Core Documents

7. Apple has refused to produce the majority of documents related to its decision to terminate Plaintiff, its internal communications about her whistleblowing, and records supporting its pretextual justifications. Apple argues these records are "*privileged*" or "*irrelevant*", despite their direct relation to Plaintiff's claims.

---

[1]

— 2 —

Production - Discovery Dispute | Case No. 3:23-CV-04597-EMC

8. Relief Requested: Plaintiff requests that the Court order Apple to produce all non-privileged documents related to Plaintiff's employment termination, internal investigations, and related whistleblowing concerns.

**B. Apple's Contradictory Positions on General Order 71**

9. Apple unilaterally applied General Order 71 in December 2023, only informing Plaintiff after its supposed deadline had passed, in an attempt to coerce production of documents without proper review. Apple simultaneously argues *"there is no discovery ongoing in this case"* while demanding Plaintiff produce thousands of pages of employment-related documents under General Order 71.

10. Relief Requested: Plaintiff seeks clarification from the Court on whether General Order 71 applies independently or should be incorporated into broader discovery timelines.

**C. Defendant's Refusal to Engage in Discovery Planning**

11. The Court ordered both parties to develop a discovery plan. Plaintiff has repeatedly requested to do so; Apple has refused.

12. Relief Requested: Plaintiff requests that the Court order Apple to meaningfully engage in the discovery planning process and cooperate in scheduling depositions and document production.

## III. APPLE'S PATTERN OF BAD FAITH LITIGATION

13. Apple has taken irreconcilable positions in this case, designed to obstruct discovery and force Plaintiff into an untenable position:
   — *"Discovery has not begun."* (Email from Apple Counsel, November 3, 2023)
   — *"Discovery is already complete."* (Apple's Motion to Dismiss, November 14, 2023)
   — *"Plaintiff has failed to comply with General Order 71."* (Email from Apple Counsel, February 2024)

— 3 —

Production - Discovery Dispute | Case No. 3:23-CV-04597-EMC

— *"There is no discovery ongoing in this case."* (Apple's Responses to RFPs, December 2024)

These contradictory positions are not merely inconsistent—they are calculated efforts to manipulate discovery obligations and obstruct Plaintiff's ability to litigate her claims.

14. Furthermore, Apple's refusal to produce records concerning Plaintiff's protected activities, Apple's knowledge of those activities, and its pretextual justifications runs afoul of established Ninth Circuit precedent. Courts have consistently compelled production of such documents in retaliation cases. See *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 751 (9th Cir. 2001); *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148 (2000).

## IV. CONCLUSION

15. Defendant's actions constitute an intentional and coordinated effort to obstruct discovery. Apple's refusal to engage in good-faith negotiations, its contradictory positions, and its outright defiance of Court-ordered discovery obligations demand judicial intervention.

16. Accordingly, Plaintiff respectfully requests that this Court:
— Order Apple to produce non-privileged documents relating to Plaintiff's employment termination and whistleblowing activities.
— Clarify the applicability of General Order 71 in relation to broader discovery obligations.
— Compel Apple to participate in discovery planning and abide by its obligations under Rule 26.

— 4 —

Production - Discovery Dispute | Case No. 3:23-CV-04597-EMC

17. Plaintiff remains committed to engaging in discovery in good faith and ensuring that the process proceeds fairly and efficiently. However, absent Court intervention, Apple's obstructive tactics will continue to hinder meaningful progress in this case.

Dated: February 11, 2025

Dated: Feb. 11 2025

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428