**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, a corporation, <br><br> Defendant. | CAND No. 3:23-CV-04597-EMC <br><br> 9th Cir No.: 24-6058 <br><br> **Discovery Dispute** <br><br> **Plaintiff's Letter 2/3** <br><br> Disclosures <br><br> Fed. R. Civ. P. 26, 37 <br><br> Civ. L.R. 26, 37 <br><br> Prof. Conduct Section 9 |

Defendant repeatedly refused to meet and confer in good faith and also refused to agree to file a joint letter. Please see the concurrently filed Request for a Telephonic Conference (or for the Court to fashion an alternative procedure).

# DISCOVERY DISPUTE #2 – APPLE'S FAILURE TO PROVIDE REQUIRED DISCLOSURES

## I. STATEMENT OF FACTS

1. On July 26, 2024, The Honorable Judge Edward Chen referred discovery disputes in *Gjovik v. Apple Inc.* to The Honorable Judge Westmore. (*Order at Dkt. No. 83 at 1*). Plaintiff, Ashley Gjovik, respectfully submits this Letter requesting intervention from Judge Westmore to resolve ongoing discovery disputes regarding Apple's failure to comply with its disclosure obligations under Rule 26(a)(1) and General Order 71.

2. Since the initiation of this lawsuit in September 2023, Apple has continuously engaged in a pattern of obstructing discovery while simultaneously demanding extensive and intrusive disclosures from Plaintiff. Apple has:
   — Refused to provide initial disclosures in compliance with Rule 26(a)(1), failing to identify relevant witnesses, produce essential employment records, or disclose relevant documents related to Plaintiff's termination.
   — Claimed that discovery is both "*completed*" and "*has not yet begun*"— contradictory positions that serve only to avoid their obligations.
   — Withheld key documents regarding Plaintiff's termination, whistleblowing complaints, and internal investigations, while insisting Plaintiff provide extensive personal records.
   — Obstructed deposition scheduling by refusing to confirm witness availability or provide corporate representatives for testimony.

3. Apple's refusal to provide these disclosures is a clear violation of the Federal Rules of Civil Procedure, the Civil Local Rules, and professional standards of conduct.

## II. ISSUES TO BE DECIDED

4. Whether Apple should be compelled to comply with its Rule 26(a)(1) initial disclosure obligations.

5. Whether Apple should be required to supplement its disclosures regarding key witnesses, documents, and decision-makers.

6. Possibly - Whether Apple's refusal to provide disclosures warrants sanctions under Rule 37.

### III. Apple's Failure to Disclose Key Information Regarding Plaintiff's Termination

#### A. Refusal to Identify Decision-Makers

7. Apple has failed to disclose who initiated the decision to fire Plaintiff, when it was made, and what information was used. Plaintiff has repeatedly requested details about the individuals involved in the internal investigation leading to her termination, yet Apple continues to evade the question. In one email, Apple's legal team stated: *"The decision was made pursuant to company policy,"* yet they refuse to provide names, dates, or internal documentation.

#### B. Withholding of Internal Investigation Records

8. Apple has refused to produce investigative reports, communications, and notes related to Plaintiff's termination, despite repeated requests. Courts have repeatedly held that investigative records regarding an employee's termination are not privileged and must be disclosed in retaliation cases. See *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175 (9th Cir. 2008).= Apple cannot selectively use "*business necessity*" as a justification for termination while simultaneously refusing to disclose documents that allegedly support that justification.

#### C. Contradictions About the Termination Timeline

9. Apple initially implied that the decision to terminate Plaintiff occurred after her whistleblower complaints. Later, Apple claimed that the

termination decision was made before Plaintiff's protected disclosures—without providing any evidence to support this assertion. Apple has refused to produce internal emails, notes, or decision-making records that would clarify this timeline. Courts have ruled that employers must provide full documentation of the decision-making process in retaliation cases (*Rennie v. Garrett*, 896 F.2d 1057 (9th Cir. 1990)).

### D. Apple's Use of Private Photos to Justify Termination

10.   Apple has invoked Plaintiff's complaint about Apple capturing nonconsensual nude photos of her, as a defense to her termination, despite lacking any lawful right to these images. This defense constitutes a further act of retaliation and harassment, as Apple weaponized private information to discredit and terrorize the Plaintiff. Apple cannot claim ownership over Plaintiff's body to justify termination. Courts have found that employers cannot use unlawfully obtained personal information as a defense (*Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272 (2009)).

### E. Apple's Key Witness Contradicts Herself & Obstructs Justice

11.   Apple's primary defense witness—who played a direct role in fabricating a false paper trail to justify Plaintiff's termination—has now submitted three sworn declarations to the Court stating that she has never met Plaintiff. These statements directly contradict Apple's litigation position and raise serious credibility issues regarding its defense. This witness's repeated contradictions amount to self-impeachment, as she initially positioned herself as central to Apple's justification for termination but now seeks to distance herself entirely. By doing so, she is obstructing justice and committing perjury to eliminate defenses against her own misconduct from this case. Notably, Apple relies on this same witness as a key figure in its defense while simultaneously claiming she has no involvement, further undermining the integrity of its litigation strategy.

12.   Beyond perjury, this witness's role in falsifying evidence is deeply

troubling. In collaboration with Apple, she schemed to manufacture a pretext for Plaintiff's termination by filing a complaint against Plaintiff using nonconsensual intimate photographs of Plaintiff. Apple and its witness jointly asserted that Plaintiff had no right to share nonconsensual nude photos of herself—photos taken on her own phone, by Apple—because, Apple said, it allegedly owned the intellectual property rights to nonconsensual images of her naked body. This is not only a grotesque abuse of power but also a blatant violation of Plaintiff's privacy and dignity.

13. To further protect this scheme, the witness then filed a separate lawsuit against Plaintiff, securing a five-year gag order that prohibited Plaintiff from discussing or exposing what had occurred. This strategic litigation trap ensured that if Plaintiff ever learned the full extent of Apple's and the witness's collusion, she could face jail time simply for speaking out. Apple's reliance on fabricated evidence, coordinated perjury, and criminal intimidation tactics demonstrates a pattern of misconduct that warrants judicial intervention.

## IV. APPLE'S VIOLATIONS OF RULE 26 & LOCAL RULES

### F. Apple Has Violated Rule 26 by Refusing to Provide Initial Disclosures

14. Rule 26(a)(1)(A) requires that: *"A party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information ... (ii) a copy—or a description by category and location—of all documents ... that the disclosing party may use to support its claims or defenses."*

15. Apple has failed to comply with this requirement by:
— Refusing to identify key witnesses.
— Failing to disclose relevant internal documents.
— Withholding critical termination-related communications.

## V. REQUESTED RELIEF

— 4 —

16. To remedy Apple's ongoing discovery violations, Plaintiff respectfully requests the Court to:

   i. Compel Apple to provide complete Rule 26(a)(1) disclosures, including a list of relevant witnesses, internal communications regarding Plaintiff's termination, and any documents Apple intends to use in its defense.

   ii. Order Apple to supplement its disclosures regarding key witnesses, decision-makers, and investigative records.

   iii. Possibly consider sanctioning Apple under Rule 37 for its continued refusal to comply with disclosure requirements and obstructive litigation tactics.

   iv. Schedule a discovery conference to facilitate resolution of ongoing disputes.

   v. Order Apple to produce all documents related to Plaintiff's protected activities and Apple's knowledge of those activities.

## VI. Conclusion

17. Apple's continued refusal to comply with basic discovery obligations requires Court intervention. Apple cannot claim that discovery has not begun while simultaneously demanding extensive disclosures from Plaintiff. Nor can it selectively provide disclosures only when it serves its interests. Plaintiff requests clear judicial guidance and an order compelling Apple to comply with discovery rules.

Dated: Feb. 11 2025

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*
**Email**: legal@ashleygjovik.com

**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

— 5 —

Disclosures - Discovery Dispute | Case No. 3:23-cv-04597-EMC