**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | CAND No. 3:23-CV-04597-EMC |
| | 9th Cir No.: 24-6058 |
| Plaintiff, | |
| | **Discovery Dispute** |
| vs. | **Plaintiff's Letter 3/3** |
| | |
| | Confidentiality, Privilege, & General Planning |
| **Apple Inc.**, a corporation, | |
| | Fed. R. Civ. P. 26, 37 |
| Defendant. | Civ. L.R. 26, 37 |
| | Prof. Conduct. Sect. 9 |

**Meet and Confer Requirement:** Defendant repeatedly refused to meet and confer in good faith and also refused to agree to file a joint letter. Please see the concurrently filed Request for a Telephonic Conference (or for the Court to fashion an alternative procedure).

# DISCOVERY DISPUTE #3 – APPLE'S ABUSIVE PRIVILEGE & CONFIDENTIALITY ASSERTIONS

### A. Statement of Facts

1. On July 26, 2024, The Honorable Judge Edward Chen referred discovery disputes in *Gjovik v. Apple Inc*. to The Honorable Judge Westmore. (*Order at Dkt. No. 83 at 1*). Plaintiff, Ashley Gjovik, respectfully submits this Letter requesting intervention from Judge Westmore to resolve ongoing discovery disputes regarding Apple's abuse of privilege assertions and overbroad confidentiality designations.

2. This lawsuit fundamentally concerns an employer harassing an employee, invading their privacy, and using those invasions as tools of retaliation—yet Apple is now replicating that exact misconduct within the discovery process. Apple is not merely obstructing discovery; it is actively weaponizing it. Apple has:

— Refused to provide a privilege log for the documents it is withholding.

— Declared nearly all discovery materials as confidential by default, regardless of actual sensitivity.

— Invoked attorney-client privilege to shield basic business records regarding Plaintiff's termination, despite the law prohibiting such broad assertions.

— Refused to negotiate a reasonable protective order, instead demanding excessive restrictions that would prevent Plaintiff from using evidence in regulatory proceedings.

— Used confidentiality designations as a strategic litigation weapon rather than for legitimate concerns.

3.     Apple is not just obstructing discovery—it is actively using the discovery process as another means of harassment by demanding intrusive, deeply personal information from Plaintiff while simultaneously refusing to disclose even the most basic information about its own misconduct. Apple claims it must protect its own privacy—invoking privilege and secrecy to withhold critical evidence—but at the same time, it demands Plaintiff's medical records, personal diaries, and nearly a decade of deeply private information.

4.     This isn't just bad faith litigation—it's a deliberate strategy to weaponize discovery as a tool of retaliation, to wear Plaintiff down, and to sabotage her lawsuit by making her relive and re-experience the very harms that led her to sue in the first place. Apple's conduct is not only an abuse of the judicial process—it is a continuation of the exact unlawful harassment and privacy invasions that this case is meant to address. Apple's conduct is a clear abuse of privilege and confidentiality protections, designed to obstruct discovery rather than to protect legitimate interests.

## I. Issues to be Decided

— Whether Apple must provide a proper privilege log for all withheld documents.
— Whether Apple's overbroad confidentiality designations should be invalidated.
— Whether Apple's refusal to negotiate a fair protective order warrants judicial intervention.

## II. Apple's Abuse of Privilege & Confidentiality

### B. Failure to Provide a Privilege Log

5. Apple has withheld numerous documents without providing a privilege log in violation of Rule 26(b)(5). When Plaintiff requested a log, Apple responded: *"At this time, we do not intend to produce a privilege log."* (Email from Apple Counsel, Dec. 18, 2023). Blanket assertions of privilege without a log are improper (See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006)).

### C. Apple's Contradictory Privilege Assertions

6. Apple has claimed that internal discussions involving non-attorney employees are privileged if a lawyer was included in the email chain. Courts have consistently ruled that business discussions do not become privileged merely because an attorney was copied (*United States v. Chevron Corp.*, 1996 WL 444597, at *4 (N.D. Cal. May 30, 1996)). Apple has also claimed attorney-client privilege on emails where no attorney was included, and refused to provide a privilege log despite multiple requests. Apple has withheld factual termination-related documents under privilege, despite the fact that underlying facts are never privileged. See *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

### D. Overbroad Confidentiality Designations

7. Apple has designated virtually every document exchanged in discovery as "*Confidential*" by default, regardless of whether it actually contains sensitive material. Courts reject such blanket confidentiality designations. See *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir. 1995) (*protective orders must be narrowly tailored*). Apple's default designations are particularly troubling given its refusal to provide even basic employment records unless Plaintiff agrees to its overbroad restrictions.

### E. Apple's Improper Protective Order Demands

8. Apple insists on a protective order that would prevent Plaintiff from using discovery materials in regulatory or legal proceedings. Such provisions improperly restrict a whistleblower's ability to report misconduct and violate public policy. See *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (*protective orders cannot be used to suppress public interest information*). Apple has refused reasonable compromises, such as allowing redactions instead of blanket confidentiality restrictions.

## III. LEGAL STANDARDS & CASE LAW

### F. Privilege Logs Are Mandatory Under FRCP 26(b)(5)

9. Rule 26(b)(5) requires that: *"When a party withholds information otherwise discoverable by claiming that the information is privileged … the party must: (i) expressly make the claim; and (ii) describe the nature of the documents … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."* Apple has failed to meet this requirement by refusing to provide any privilege log or sufficiently describe its privilege claims.

### G. Blanket Confidentiality Designations Are Improper

10. Courts have held that protective orders must be narrowly tailored and cannot be used to suppress non-confidential information (*Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992)).

### H. Overly Broad Privilege Assertions Violate the Law

11. *Wellpoint Health Networks, Inc. v. Superior Ct.*, 59 Cal. App. 4th 110 (1997): Companies cannot shield factual business decisions under attorney-client privilege. *United States v. Ruehle*, 583 F.3d 600 (9th Cir. 2009): Facts are not privileged, only legal advice.

## IV. REQUESTED RELIEF

12. Plaintiff respectfully requests that the Court:
— Order Apple to produce a privilege log for all withheld documents, in compliance with Rule 26(b)(5).
— Invalidate Apple's overbroad confidentiality designations and require Apple to justify specific designations.
— Reject Apple's current protective order proposal and require Apple to negotiate a reasonable order.
— Sanction Apple under Rule 37 for obstructing discovery through bad faith privilege and confidentiality tactics.

## V. Conclusion

13. Apple's misuse of privilege and confidentiality is not merely an attempt to protect sensitive information—it is an intentional strategy to obstruct discovery and evade accountability. Plaintiff respectfully requests that the Court compel compliance, reject Apple's improper assertions, and impose appropriate sanctions.

Dated: **February 11, 2025**

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428