ASHLEY M. GJOVIK
2108 N. St. Ste 4553
Sacramento, CA 95816
(408) 883-4428
legal@ashleygjovik.com

*Pro Se* Plaintiff

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
Apple Inc.

(Additional counsel on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ASHLEY GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 23-cv-4597-EMC

**JOINT CASE MANAGEMENT STATEMENT**

Dept: Courtroom 5, 17th Floor
Judge: Honorable Edward M. Chen
Date: February 21, 2025
Time: 9:00 a.m.

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:   +1 310 633 2800
Facsimile:    +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:   +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

Plaintiff Ashley Gjovik ("Plaintiff") and Defendant Apple Inc. ("Defendant" or "Apple," and collectively with Plaintiff, the "Parties") hereby jointly submit this Joint Case Management Statement in advance of the February 11, 2025 Case Management Conference.

## I. JURISDICTION AND SERVICE

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the Parties are diverse. Defendant has been served.

## II. FACTS

Plaintiff's Position: The plaintiff, a former high-performing senior employee at Apple Inc., was subjected to severe and escalating retaliation after reporting serious legal violations within the company. These violations included unlawful employment practices, restrictions on employee rights through illegal confidentiality policies, and environmental violations, both at a secret semiconductor fabrication facility and within Apple's corporate offices. Rather than addressing these concerns, Apple engaged in a systematic campaign to discredit, intimidate, and ultimately terminate the plaintiff. The company leveraged its vast resources to isolate her, fabricate pretextual justifications for adverse actions, and deter her from pursuing legal remedies. The plaintiff's termination was not an isolated employment decision but the culmination of a deliberate and coordinated effort to suppress whistleblowing and protect the company's unlawful conduct from scrutiny.

Apple and its senior executives have already been the subject of multiple lawsuits and government enforcement actions for labor violations, corruption, and environmental misconduct. The company has faced legal scrutiny for concealing defects from consumers, engaging in anti-competitive practices, and retaliating against employees who report wrongdoing. In addition to the unlawful termination, the plaintiff was subjected to further retaliatory acts, including witness intimidation, denylisting, and efforts to interfere with regulatory investigations. The evidence will also show deeply troubling misconduct by Apple's leadership, including the use of coercion and invasive personal attacks to suppress dissent. The plaintiff's claims are not isolated allegations but part of a broader pattern of corporate behavior that has drawn the attention of courts and regulatory agencies alike. This case presents fundamental questions about corporate accountability and

whether a company of Apple's scale can continue to engage in such misconduct with impunity. A jury's decision in this matter will determine whether Apple is held accountable for its actions or allowed to continue a pattern of unlawful and retaliatory conduct without consequence.

Defendant's Position: Plaintiff worked for Defendant from February 2015 until Defendant terminated her employment in September 2021 because she disclosed confidential product-related information in breach of her confidentiality obligations and then refused to meaningfully participate in the internal investigation regarding that disclosure. In January 2015, Plaintiff signed a confidentiality agreement prohibiting Plaintiff from disclosing any confidential information without Apple's consent. In July 2018, Plaintiff voluntarily agreed to participate in a confidential user study of an internal and proprietary application (the "Application") and agreed to maintain strict confidentiality. On August 28, 2021, Plaintiff publicly disclosed on Twitter (now known as X) details about a proprietary study Defendant was conducting about a confidential Apple product that Plaintiff had agreed to keep confidential. On August 30, 2021, Plaintiff tweeted photographs and a video of herself created by the Application, thus disclosing Apple confidential information, and linked to a story published in a technology blog, in which she disclosed her participation in the Application study. Upon learning of her unauthorized disclosures, Defendant began an investigation. On September 9, 2021, an Apple investigator requested to speak with Plaintiff. Plaintiff refused to be interviewed. Defendant completed its investigation, concluded that Plaintiff had violated her confidentiality agreements and Apple policy, and terminated her employment. Apple had likewise terminated the employment of other employees found to have violated their confidentiality obligations. In addition to her employment claims, Plaintiff asserts various torts against Defendant primarily related to a separate facility at 3250 Scott Blvd., which are the subject of Defendant's pending motion to dismiss. Defendant denies any wrongdoing.

## III. LEGAL ISSUES

Plaintiff's Position: Legal issues include causation, nexus, intent, negligence, pretext, fraud, protected activities, fairness, and risk. There will be multiple "*Reasonable Person*" exercises including foreseeability, expectation, severity, outrage, consent, offensiveness, endurance, and interference. The "*Right to Know*" will be a recurring theme. This case also involves several novel

legal issues requiring policy arguments and creative advocacy from both parties related to privacy, surveillance, biometrics, expression, hazards, chemical exposure, consent in the employment context, and personal data collection for commercial research and development.

Defendant's Position: It is too early to determine the legal issues until after the pleadings have been determined, but they may include: whether Plaintiff engaged in protected activity under Cal. Labor Code §§ 98.6, 1102.5, and/or 6310 and/or *Tameny*, and, if so, whether the protected activity was a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment; whether Plaintiff is entitled to any relief and if so, the type and/or amount; and whether Plaintiff has adequately mitigated any damages she claims to have incurred.

## IV.   MOTIONS

Plaintiff's Position: Defendant has filed five Rule 12(b)(6) motions to dismiss, all of which Plaintiff has opposed. The latest motion to dismiss remains pending. Plaintiff also has a pending Motion to Disqualify Defendant's current defense counsel (Dkt No. 156) and Motion to Amend due to discovery of new evidence (Dkt. No. 155). Plaintiff filed three letters requesting judicial intervention into discovery disputes between the parties (Dkt. No. 162, 163, 164) and a request for a court conference to discuss and resolve the disputes, including compelling discovery and disclosures (Dkt. No. 165).

Defendant's Position: Defendant filed a motion to dismiss on January 7, 2025 regarding certain claims in the now-operative Fifth Amended Complaint. Defendant may file a motion for summary judgment under Rule 56 for resolution of any outstanding issues.

## V.   AMENDMENT OF PLEADINGS

Plaintiff's Position: Plaintiff's motion to amend is currently pending, which seeks to include claims related to sextortion, revenge porn, violations of the Hobbs Act, and the reintroduction of RICO and other critical, well-supported claims. (Dkt. No 155). This is complex litigation covering multiple legal subject areas, Plaintiff expects she will need to amend her complaint prior to trial when required to conform with evidence identified during discovery and/or as the issues continue to narrow and crystalize. The complaint should reflect the evidence.

Defendant's Position: Plaintiff filed a Fifth Amended Complaint on November 26, 2024;

Defendant filed a motion to dismiss on January 7, 2025. No further amendments should be allowed.

## VI. EVIDENCE PRESERVATION

Plaintiff's Position: Plaintiff has concerns regarding Defendant's document retention practices and may need to seek a preservation order. Plaintiff is also very concerned Defendant has repeatedly stated that it has not engaged the property owner of the fab located at 3250 Scott Blvd regarding this litigation, and Plaintiff has similar concerns regarding Defendant's external counsel and contractors.

Defendant's Position: The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

Plaintiff's Position: Plaintiff provided detailed Initial Disclosures to Defendant following their meet and confer, as required by Rule 26(a)(1). Plaintiff also provided a detailed personal injury-style settlement brochure during the settlement conference, with additional disclosures and exhibits. Plaintiff's concerns and additional updates are incorporated here from the motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, 164, 165.

Defendant's Position: The Parties have fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26. Defendant has fully and timely complied with the initial disclosure requirements of General Order 71 ("GO 71"). Plaintiff has not fully complied with GO 71's requirements (specifically, she has not provided all documents under (a)-(e), (h), and (j)).

## VIII. DISCOVERY

- **Discovery taken to date:**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: On December 3, 2024, Defendant served requests for production and interrogatories; responses were due January 2, 2025. Plaintiff has not served responses or produced documents in response.

- **<u>Scope of anticipated discovery</u>:**

<u>Plaintiff's Position</u>: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

<u>Defendant's Position</u>: Defendant has produced 468 documents pursuant to GO 71 and the Court's October 1, 2024 order. It anticipates propounding and responding to discovery targeted to the claims and defenses that remain part of the case once the Court has ruled on Apple's pending motion to dismiss and the pleadings are settled, and will seek the assistance of Magistrate Judge Westmore as needed.

- **<u>Proposed limitations or modifications of the discovery rules</u>:**

<u>Plaintiff's Position</u>: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

<u>Defendant's Position</u>: Discovery should be limited as outlined above. With this exception, Defendant contends there should be no modifications of the discovery rules.

- **<u>A brief report on whether the parties have considered entering into a stipulated e-discovery order</u>:**

<u>Plaintiff's Position:</u> Plaintiff had repeatedly requested this but Defendant has refused.

<u>Defendant's Position</u>: Defendant does not believe that it is necessary or appropriate here.

- **<u>Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)</u>:**
    - **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

<u>Plaintiff's Position</u>: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

<u>Defendant's Position</u>: On September 16, 2024, the Parties fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26. Defendant made its initial GO 71 disclosures on December 18, 2023 and supplemented them on April 5, May 15, and September 16, 2024. Plaintiff has not fully complied with GO 71's initial disclosure requirements.

- 
    - **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: Defendant outlined above its position as to the appropriate scope of discovery. At this time, and particularly given that the pleadings are not yet settled, it is premature to set a discovery completion deadline.

- **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: Plaintiff has refused to agree to the entry of the protective order proposed by Defendant, which was based on the Northern District Model Protective Order.

- **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: None at this time.

- **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: Discovery should proceed as outlined above.

- **(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: Defendant proposes no such orders at this time.

- **Identified discovery disputes:**

Plaintiff's Position: *See* motions filed to Judge Kandis A. Westmore at Dkt. No. 162, 163, and 164, 165.

Defendant's Position: Plaintiff has not fully complied with GO 71's initial disclosure requirements. Plaintiff has not served responses to Apple's December 3, 2024 requests for production and interrogatories, which were due on January 2, 2025, nor has Plaintiff produced any documents in response to the requests for production.

## IX. RELATED CASES

Plaintiff's Position: Plaintiff has filed Notices of Pendency for related cases as they progress (See Dkt. No. 100, 111, and 151). If Plaintiff's Motion to Amend is granted, she will also file notices of pendency for the Levoff wire fraud and Moyer bribery of a public official cases. The status of the current related cases is summarized below.[1]

| Agency/Court | Case Info. | Status | Dkt. No. |
|---|---|---|---|
| **Ninth Circuit Court of Appeals** | *Ashley Gjovik v. Apple Inc*, No. 24-6058, Ninth Circuit Court of Appeals. | Motion for Reconsideration under review since Oct. 25 2024 (Dkt. No. 125). | Dkt. 113, 114, 124, 125 |
| **U.S. NLRB** | *Apple Inc & Ashley Gjovik*, 32- CA-32-CA-282142 & 283161 (NLRA unfair labor practices) | Charge filed: Aug. 26 2021; Complaint filed Dec. 18 2024. ALJ Hearing: Aug. 4 2025. | Dkt. 111, 151 |
| **U.S. NLRB** | *Apple Inc & Ashley Gjovik*, 32-CA-284428 (NLRA unfair labor practices) | Charge filed: Oct. 12 2021. Complaint filed Sept. 27 2024. ALJ Hearing on Jan. 22 2025 cancelled due to settlement discussions. | Dkt. No. 151 |
| **U.S. NLRB** | *Apple Inc & Ashley Gjovik*, 32-CA-284441 (NLRA unfair labor practices) | Charge filed Oct. 12 2021; Decision of Merit in Jan. 2023; complaint to be issued: nlrb.gov/case/32-CA-284441 | Dkt. No. 151 |
| **U.S. Dept. of Labor** | *Ashley Gjovik v. Apple Inc*, OALJ Case No. 2024-CER00001 (The CERCLA: 42 U.S.C. § 9610) | Charged filed: Aug. 29 2021. Trial case docketed Dec. 19 2024 (de novo); Appeal filed to ARB on Aug. 21 2024. | Dkt. No. 100, 151 |
| **U.S. Dept. of Labor & U.S. EPA** | *Ashley Gjovik v. Apple Inc*, ARB Case No. 2024-0060 (The CERCLA; RCRA; CAA; & TSCA) | Appeal filed Aug. 21 2024; Briefing complete on Nov. 6 2024; Awaiting decision. U.S. EPA administration consulted because Apple's decision nullifies an EPA statute in the U.S.C. | Dkt. No. 100, 151 |
| **U.S. EPA, RCRA Enf. & Compliance Div.** | 3250 Scott Blvd., Satna Clara EPA ID CAR000278176. Insp. Dates: Aug. 17-18 2023, & Jan. 16 2024. | Enforcement actions underway for hundreds of combined violations of 40 CFR Part 262 §§ 262.A & 262.B (hazardous waste generation); 40 CFR Part 265 §§ 265.J, 265.BB, 265.CC (hazardous waste storage & air emission); and 40 CFR Part 270 § | Dot. No. 151 |

[1] Note: this table only reflects cases that could have possible res judicata and/or collateral estoppel concerns. The U.S. Dept. of Labor OSH Act investigation cited by Defendant was a discretionary matter, have no evidentiary hearing, and are not a formal or informal adjudication.

| | | | |
|---|---|---|---|
| | | 270.A (no permits). | |
| **Cal. Bay Area Air Dist., cal. Air Resources board, Enforcement.** | 3250 Scott Blvd., Santa Clara; CARB Facility ID: 22839. Complaint No. CPM448152. Insp. Dates: Aug. 29 2024 & Sept. 12 2024. | Enforcement actions underway for violations No. 64215: Reg. 2, Rule 1, §§ 301 & 302 (no permits) - No. 64216: Reg. 2, Rule 1, §§ 301 & 302 (no permits) - No. 64218 & 64219: Reg. 9, Rule 7, § 307.1 (exceeding nitrogen oxide exhaust limits). | Dkt. No. 151 |

Defendant's Position: On August 26, 2021, Plaintiff filed a charge against Defendant before the National Labor Relations Board alleging Defendant retaliated against her because she engaged in protected concerted activity. On December 18, 2024, the NLRB issued a complaint pertaining to the August 2021 charge, and it is scheduled for hearing starting on August 4, 2025.

On December 29, 2023, Plaintiff filed another NLRB charge against Defendant alleging that Defendant, among other things, "threatened [Plaintiff] in an attempt to coerce her into an lawful secrecy agreement," *i.e.*, a protective order regarding discovery (modeled on the N.D. Cal. template). No decision has been issued.

On August 29, 2021 and November 2, 2021, Plaintiff filed whistleblower retaliation complaints with the U.S. Department of Labor (DOL) alleging that her suspension and termination amounted to retaliation in violation of the Sarbanes-Oxley Act (SOX), the Occupational Safety and Health Act (OSHA 11(c)), and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). With respect to her SOX claim, this Court dismissed it with prejudice on May 20, 2024. With respect to her CERCLA and OSHA 11(c) claims, DOL found no reasonable cause on December 8, 2023. On April 29, 2024, the Secretary of Labor concluded on administrative review that there was insufficient evidence to establish any violation of OSHA 11(c); this is a final DOL decision. On January 7, 2024, Plaintiff requested a hearing before the Office of Administrative Law Judges regarding her CERCLA claim; the ALJ dismissed that matter for failure to state a claim on August 7, 2024. On August 21, 2024, Plaintiff filed a petition for review with the Administrative Review Board; the petition remains pending.

## X. RELIEF

Plaintiff's Position: Plaintiff requests damages (compensatory, expectancy, consequential, punitive, nominal, restitution, tax offsets, interest, pro se attorney's fees, and legal costs), as well as

injunctive and declaratory relief. Estimates for non-pecuniary, punitive, toxic, and other complex matters will be determined later in the lawsuit or by a jury. Employment-related damages are estimated at around $10M for combined back pay, front pay, loss of future earnings, costs, personal injury, and loss of benefits. A non-pecuniary injury multiplier of 4 x pecuniary is suggested, raising the total to $31M. An additional $2M is estimated for interest, tax offset, and attorney's fees. Toxic Tort compensatory damages are based on physical and mental injury, diminished value and lost use of chattel and real property interests, and expenses. A non-pecuniary injury multiplier of x5 is suggested (risk of disease, fear of cancer, emotional distress, diminution of quality of life, pain and suffering, and loss of enjoyment of life). A Jury will decide Punitive damages, and an estimate is truly unknown due to the severity and novelty of the harm Defendant caused to Plaintiff.

Defendant's Position: Defendant denies that Plaintiff is entitled to any recovery in this case.

## XI. SETTLEMENT AND ADR

Plaintiff's Position: As the Plaintiff warned, a Settlement Conference was not productive and was used by Defendant as a stalling tactic. If there is further ADR, Plaintiff still requests ENE instead of a Settlement Conference. The defendant is trying to win this case through procedural misconduct and suppression of evidence. If Defendant is forced prove their defenses with actual evidence, then the Defendant would at least have to meaningfully participate in the process.

Defendant's Position: On January 13, 2025, the Parties participated in a settlement conference before Magistrate Judge Alex G. Tse. The case did not settle.

## XII. OTHER REFERENCES

Plaintiff's Position: Plaintiff expects to require the court's assistance in coordinating the complex litigation once either party appeal agency adjudicatory decisions to the U.S. Courts, creating concurrent federal litigation with overlapping and related claims and issues. Defendant's counsel (at least four firms thus far) have refused to engage in creating a complex litigation plan.

Defendant's Position: Defendant does not seek any further references at this time.

## XIII. NARROWING OF ISSUES

Plaintiff's Position: Plaintiff believes that further narrowing of issues should occur through mechanisms such as discovery, stipulated facts, and summary adjudication. Plaintiff believes the

pending 12(b)(6) motion is unnecessary and will waste the Plaintiff and Court's time and resources.

Defendant's Position: On January 7, 2025, Defendant filed a motion to dismiss certain claims in the Fifth Amended Complaint. Defendant believes it is premature to expedite the presentation of evidence at trial or to request to bifurcate issues, claims, or defenses.

**XIV. SCHEDULING**

Plaintiff's Position: Plaintiff suggests scheduling the trial around one year out with the Court's standard scheduling of dependent events prior. As an expert project manager, she feels strongly there should always be a project schedule, even if it might need to be adjusted later.

Defendant's Position: Defendant believes that it is premature to set a case schedule prior to a ruling on Defendant's pending motion to dismiss.

**XV. TRIAL**

Plaintiff's Position: Plaintiff requests a Jury trial for issues of fact and certain issues of law. Duration of the Jury trial is unknown due to the complexity of claim and Defendant's refusal to participate in discovery.

Defendant's Position: Defendant anticipates the parties would need five days for trial.

**XVI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff's Position: Plaintiff has none and encouraged Defendant to consult with the property owner of 3250 Scott Blvd and any relevant insurance companies.

Defendant's Position: Defendant filed the required certification. *See* Dkt. 11.

**XVII. PROFESSIONAL CONDUCT**

Defendant's Position: Defendant's attorneys reviewed the Professional Conduct Guidelines.

**XVIII. OTHER MATTERS**

Plaintiff's Position: Due to the complexity of the case and the current dynamic between parties, Plaintiff sees benefit in regular reoccurring Status Conferences and Updates with the Court.

Defendant's Position: None at this time.

///

///

///

///

Dated: February 11, 2025

By: *_/s/ Ashley M. Gjovik_*
ASHLEY M. GJOVIK
Plaintiff

Dated: February 11, 2025

By: *_/s/ Melinda S. Riechert_*
MELINDA S. RIECHERT
Attorneys for Defendant Apple Inc.

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

Per L.R. 5-1(i)(3), I attest the other signatory has concurred in the filing of this document.

Dated: February 11, 2025

*_/s/ Melinda S. Riechert_*
Melinda S. Riechert
