1    (Additional counsel on following page)

2    JESSICA R. PERRY (SBN 209321)
     jperry@orrick.com
3    MELINDA S. RIECHERT (SBN 65504)
     mriechert@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025-1015
     Telephone:    +1 650 614 7400
6    Facsimile:    +1 650 614 7401

7    KATHRYN G. MANTOAN (SBN 239649)
     kmantoan@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
9    405 Howard Street
     San Francisco, CA 94105-2669
10   Telephone:    +1 415 773 5700
     Facsimile:    +1 415 773 5759

11
     Attorneys for Defendant
12   Apple Inc.

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17
     ASHLEY GJOVIK,                        Case No. 23-cv-4597-EMC
18
                    Plaintiff,             **DECLARATION OF JESSICA R.**
19                                         **PERRY IN SUPPORT OF DEFENDANT**
          v.                               **APPLE INC.'S OPPOSITION TO**
20                                         **MOTION TO DISQUALIFY**
     APPLE INC.,
21                                         Dept:     Courtroom 5, 17th Floor
                    Defendant.             Judge:    Honorable Edward M. Chen
22                                         Date:     March 13, 2025
                                           Time:     1:30 p.m.
23

24

25

26

27

28

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:    +1 310 633 2800
4  Facsimile:    +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:    +1 202 339 8400
8  Facsimile:    +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PERRY DECL. ISO
APPLE'S OPP. TO MOT. TO DISQUALIFY
CASE NO. 23-CV-4597-EMC

1    I, Jessica R. Perry, declare as follows:

2    1.    I am an attorney admitted to practice law in the state of California and am a partner

3  at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action.

4  I submit this declaration in support of Apple's Opposition to Plaintiff's Motion to Disqualify. I

5  have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could

6  and would testify competently thereto.

7    2.    I did not engage in any of the misconduct alleged by Plaintiff in her Motion, and to

8  the best of my knowledge, no Orrick attorney engaged in any such misconduct.

9    3.    I have not been involved, directly or indirectly, in any harassment, intimidation, or

10  retaliation against Plaintiff, and to the best of my knowledge, no Orrick attorney has been involved

11  in such conduct.

12    4.    I was not involved, directly or indirectly, in seeking the restraining order issued

13  against Plaintiff by Judge Lisa N. Toole in *Scarlett v. Gjovik*, King County District Court, State of

14  Washington, Case No. 22CIV01704KCX. To the best of my knowledge, no Orrick attorney was

15  involved, directly or indirectly, in seeking that restraining order.

16    5.    Apple has produced 553 pages of documents in response to Plaintiff's October 30,

17  2024 requests for production, and a total of 2,102 pages of documents in this case (including as part

18  of its General Order 71 disclosures).

19    6.    Plaintiff has not met and conferred with Orrick via video conference regarding any

20  of the discovery disputes that are the subject of the four letters she filed before Judge Westmore on

21  February 11, 2025.

22    7.    Plaintiff has not served any objections or responses to Apple's December 3, 2024

23  requests for production and interrogatories, nor has Plaintiff provided any documents or

24  information in response to those discovery requests.

25    ///

26    ///

27    ///

28    ///

4143-0735-4456

PERRY DECL. ISO
APPLE'S OPP. TO MOT. TO DISQUALIFY
CASE NO. 23-CV-4597-EMC

8.    On November 17, 2022, my colleague, Kathryn Mantoan, emailed the Occupational Safety and Health Administration ("OSHA") to inform OSHA that Plaintiff publicly posted a version of her complaint in *Gjovik v. Apple Inc.*, OSHA Case No. 9-3290-22-051, which contained Apple confidential information. A true and correct copy of that email is attached hereto as **Exhibit A**.

9.    I have never communicated with Cher Scarlett. To the best of my knowledge, no Orrick attorney has communicated with Ms. Scarlett.

10.    The unredacted version of Dkt. No. 155-2 at 31-45 does not contain any nude photographs of Plaintiff.

11.    On September 30, 2022, my colleague, Kathryn Mantoan, emailed OSHA a partially-redacted version of Dkt. No. 155-2 at 31-45 in connection with *Gjovik v. Apple Inc.*, OSHA Case No. 9-3290-22-051, in response to a request from OSHA for "[d]ocumentation to support Ms. Gjovik intentionally disclosed confidential information about Apple products on Twitter and to the press" (*see* Dkt. No. 155-2 at 25). The document was partially redacted to protect Apple's confidential information.

12.    Apple has not yet produced an unredacted version of Dkt. No. 155-2 at 31-45 in this case because it contains confidential information and Plaintiff has refused to agree to any protective order.

13.    On December 18, 2023, my colleague, Kate Juvinall, emailed Plaintiff and provided "a proposed protective order based on the form Northern District order" and invited Plaintiff to provide "any comments or proposed revisions." A true and correct copy of that email is attached hereto as **Exhibit B**, and a true and correct copy of the "proposed protective order" attached to that email is attached hereto as **Exhibit C**. In response, Plaintiff filed a charge with the National Labor Relations Board against Apple alleging that Apple violated Section 8(a)(1) of the National Labor Relations Act by proposing that Plaintiff enter into a purportedly overbroad protective order.

14.    On December 11, 2024, Plaintiff emailed me and other Orrick attorneys and expressed a willingness to agree to "very targeted protective orders for matters that are actually trade secret or otherwise confidential." On December 20, 2024, my colleague, Melinda Riechert,

1    emailed Plaintiff and stated, "Apple is willing to enter into the NDCA model protective order. You

2    had previously refused to do so. If you have changed your position, please let us know." A true and

3    correct copy of that email exchange is attached hereto as **Exhibit D**.

4          15.    To date, Plaintiff has refused to agree to any protective order, nor has she provided

5    her own version of a proposed protective order or any specific alternative language to which she

6    would agree.

7          I certify under penalty of perjury and pursuant to the laws of the United States that the

8    foregoing is true and correct.

9          Executed February 14, 2025 in Menlo Park, California.

10

11

12                                          */s/ Jessica R. Perry*
                                          Jessica R. Perry

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4143-0735-4456

PERRY DECL. ISO
APPLE'S OPP. TO MOT. TO DISQUALIFY
CASE NO. 23-CV-4597-EMC