# Exhibit D

| | |
|---|---|
| **From:** | Riechert, Melinda |
| **Sent:** | Friday, December 20, 2024 1:42 PM |
| **To:** | Ashley M. Gjovik (Legal Matters) |
| **Cc:** | Ashley M. Gjøvik; Mantoan, Kathryn G.; Perry, Jessica R.; Juvinall, Kate; Booms, Ryan |
| **Subject:** | RE: Discovery |

Ashley,

We continue to disagree with the statements you make in your email. We again respond to the primary issues you raise, many of which we have already answered:

- We disagree that interrogatories are not permitted under the October 1 Order for the reasons stated in our Dec. 11 email.
- No, Apple is not seeking your deposition before the January 13 conference.
- We have already responded at length to your statement that you don't know who made the decision to fire you, as discussed in our Dec. 11 email.
- The audit Holder conducted was in 2022-2023, after your employment terminated.
- Apple will produce a categorical privilege log after it completes its rolling production of documents that are responsive to the RFPs you served on Apple. Categorical privilege logs are acceptable in the Northern District. *See Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RS-PSG, 2012 WL 5637611, at *7 (N.D. Cal. Nov. 15, 2012).
- We disagree with your statement that "Apple's response implied several times a demand for a protective order for documents that are clearly not trade secret or otherwise confidential." Further, as we have discussed previously, Apple is willing to enter into the NDCA model protective order. You had previously refused to do so. If you have changed your position, please let us know.
- We have produced documents about your environmental concerns regarding 825 Stewart that are relevant to Phase 1 Discovery. Documents regarding 3250 Scott are not relevant to any of the retaliation claims at issue in Phase 1 Discovery.
- We are prepared to discuss all claims in the 5AC at the January 13 Settlement Conference.
- Obviously anything you file in the NDCA case will be served on us through e-filing. We were responding to your question regarding whether we would accept service in the state court *Bhakta* action, which we will not.

**Melinda Riechert**
Partner

Orrick
Silicon Valley
T 650/614-7423
M 6507591929
mriechert@orrick.com



1

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, December 11, 2024 7:26 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery

[EXTERNAL]

Hello,

The response you sent me earlier implied you were not producing any of the documents I requested. I am glad to hear you are going to produce some. However, we still have a number of open issues that must be dealt with.

- Judge Chen said specifically that Phase 1 discovery is only an exchange of high level documents. He also mentioned depositions. He did not mention interrogatories and interrogatories are not depositions or documents.
- Is Apple planning to depose me prior to the settlement conference? And if so, when, how, where, who, and all of the other questions I raised months ago but you have not responded to. As mentioned, this is only a few weeks away now, and I have a lot of things I have to sort out on my end with very little resources, so the longer Apple delays on this, the most difficult it will be for me. For instance, I will need to retain and attorney and fundraise money to pay that attorney.
- I still do not know who to depose about the termination, because I do not know who initiated the decision to fire me, when that discussion began, what the investigation included, and so on. Yannick was Apple's attempt at a cat's paw, and he would not have anything more to share then the two emails you unilaterally produced, right? Before I know who to question, I need to know the basic information about how Apple decided to fire me (beyond Yannick saying he agrees with the people who made the decision and sending a pre written letter). I will compel this if Apple does not share documents and/or information.
- Eric Holder & the UN executive said Apple has an employee relations tracking system that contains details from every step of an employee relations investigation. Are you guys lying to me or did Eric Holder/UN lie to the public & SEC?
- Apple is claiming attorney client provide and work product on documents that clearly do not have that privilege (such as emails or texts between employees who are not lawyers and without any lawyers in that conversation).
- Apple has not provided a privilege log, has not provided any ETA for a privilege log, and is now only saying they will provide a categorical privilege log. Apple needs to provide a detailed privilege log, as is required by law, as it holds back documents. Without the log, I am unable to challenge the exercise of privilege on specific documents, because I do not know what documents are included.
- Apple's response implied several times a demand for a protective order for documents that are clearly not trade secret or otherwise confidential and which are in fact, protected & public policy demands the ability to share those documents. As mentioned, I am willing to agree to very targeted protective orders for matters that are actually trade secret or otherwise confidential, but I refuse to agree to protective order that would apply to work conditions and retaliation, as I'm complaining Apple fired me for claiming work conditions and complaints about retaliation are confidential, when I say they are not, so why would I say they are now?
- Apple's response claims that any records related to environmental matters at 825 Stewart and 3250 Scott are completely unrelated to my claims about retaliation due to my complaints, disclosures, & investigation into the environmental conditions at 825 Stewart and 3250 Scott. This is not rational, fair, or appropriate.
- GO71 was stayed. I told you repeatedly that if you disagree, we need to seek clarification from Judge Westmore. You have repeatedly said you do not want clarification from Judge Westmore. I'm telling you again that I will treat GO71 as stayed unless Judge Westmore clarifies that I am mistaken, and in which case I would proceed. Please confirm what you want to do here - the ball has been in your court for months.

I also now need to ask, because I had assumed the settlement conference would include a settlement for the IIED and toxic tort claims at least (maybe also 17200 claim as 9th Circuit is likely to revert). When I agreed to participate in a settlement conference, I did so expecting the conference would discuss Apple making me whole about all of the injuries it caused me (such as almost killing me with lethal gas) and not just the retaliation claims. Please clarify if you're only prepared to engage in the settlement conference related to the retaliation claims but would not discuss settling the toxic tort, IIED, or 17200 claims. If that is the case, we need to inform Judge Tse to delay or cancel the January conference. Its clear the Negligence claim is moving forward, and I feel confident at least one of the IIED claims will as well, without even needing the 9th Circuit appeal of many additional claims. I felt confident about my RICO, SOX, Dodd Frank, Bane, & Ralph claims and am optimistic they will be reverted by the Court of Appeals.

Also, to be clear, in the *Bhakta* case I was asking who to serve specific to the state case. I will also be filing a motion in the federal case of which you are the official attorneys. Your email below says you will not accept service of documents **related** to that case,

which would include the notice of pendency. I've never heard of lawyers who are appearing on a lawsuit, categorically forbidding the other side from efiling certain motions. Please clarify.

-Ashley

—
**Ashley M. Gjøvik**
BS, JD, PMP

Sent with [Proton Mail](#) secure email.

On Wednesday, December 11th, 2024 at 8:01 PM, Riechert, Melinda <[mriechert@orrick.com](mailto:mriechert@orrick.com)> wrote:

> Ashley,
>
> We disagree with the statements and inferences you raise in your email below regarding Apple's conduct and respond to the primary issues:
>
> - **Interrogatories**: Judge Chen's October 1, 2024 Order permits the parties to seek "Phase 1 discovery" on "Counts 1 and 3 (which Apple did not contest at all in its motion to dismiss) and those parts of the retaliation claims above that were not challenged or otherwise survived." Dkt. 112 at 41. The Order is not limited to RFPs, and FRCP 33 expressly permits the parties to issue interrogatories. The four interrogatories served are tailored to "Phase 1 discovery."
> - **Depositions**: Regarding depositions, your prior correspondence (including your email dated September 5, 2024) stated that you wanted to depose the person who made the decision to terminate your employment. Apple has already identified those involved in the decision. On December 18, 2023, Apple served GO71 disclosures and identified Yannick Bertolus as the person who made the decision to terminate your employment. On September 16, 2024, Apple served amended GO71 disclosures to identify all additional individuals who were involved in the decision (broadly construed) to terminate your employment, which included Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, Adelmise Warner, and Apple's legal counsel. Apple has also produced the responsive, non-privileged documents regarding the decision to terminate your employment. We have received no further notice from you regarding the individual you intend to depose.
> - **Apple's Document Productions**: Your statement that Apple has "refus[ed] to produce anything" or "provide basic documents" is not accurate. To date, Apple has made document productions on December 18, 2023, April 5 2024, and May 15, 2024, totaling 1,549 pages of documents. Those documents include, among other things, the various concerns that you raised to Apple that form the basis of your retaliation and wrongful termination claims, the only claims in "Phase 1 discovery", and responsive, non-privileged documents regarding Apple's decision to terminate your employment. As for the RFPs you issued to Apple, Apple is producing documents on a rolling basis, and you will receive the next document production within a week. If you'd like to raise any discovery concerns with Judge Westmore, you are required to follow the proper procedure, which includes the parties submitting a joint 5-page letter. Because Apple has produced responsive documents consistent with its GO71 obligations and is producing additional documents in response to the RFPs you issued, Apple will obviously not agree to enter into any agreement in advance of the Settlement Conference along the lines you propose below.

3

- **Apple's RFPs to You**: We continue to disagree that your GO71 obligations, which are self-executing, are stayed pending the Settlement Conference. The RFPs Apple issued are proper and are tailored to "Phase 1 discovery" as defined in and permitted by Judge Chen's October 1 Order.
- **Bhakta case**: We are not currently representing Apple and will not agree to accept service of any documents relating to that case; we have no additional information to share about it.

**Melinda Riechert**
Partner

Orrick
Silicon Valley 
T 650/614-7423
M 6507591929
mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, December 10, 2024 12:14 PM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** Re: Discovery

[EXTERNAL]

Hello,

I'm still swamped and behind on this, but I was able to look over your documents, and they validate the concerns I raised last week. Will you please respond to my questions?

Judge Chen said we can request the production of critical documents and depositions as a requirement for entering the settlement conference. I am still waiting on basic documents from you and extremely basic information (like who proposed to fire me, when the investigation into me started, etc.). I will not be able to proceed with the settlement

4

conference until Apple discloses details of my termination to me, at the very least. As you know, this is one of the most basic and essential questions in any retaliation lawsuit.

Due to Apple's continued refusal to produce anything for me (Apple's denied, in its entirety, every request for production I've sent over the last year), I will plan to file a motion to delay the conference if Apple does not disclose this information & provide basic documents -- unless we agree to proceed in negotiations with an understanding that the facts that have not been disclosed are very harmful to Apple's position and very helpful to my position, and any settlement amount is based on that understanding. At this point, I am open to considering allowing Apple to pay me to not know, but I will not forsake my rights simply because Apple refuses to tell me something they are absolutely required to tell me. If Apple wants to proceed with some agreement like this, I would prefer if we could draft a signed document recording that understanding and share it with Judge Tse prior to the conference (probably with our settlement statements). I'm willing to consider agreeing that the document can be confidential.

As for the discovery issues, can you please also confirm if you're willing to sign any form of joint motion related to discovery, perhaps something like Apple's section saying, "Apple opposes this?" Otherwise, I think I may need to file a motion for leave to file a non-joint statement to Judge Westmore.

I reviewed Apple's request for production and it appears you mostly just inserted General Order 71 into a request for production. As discussed, it's my understanding that GO71 was stayed after Apple requested a stay, and so those documents will be provided after the settlement conference. I also noted that if Apple disagrees with that, then we should include that in the joint motion to Judge Westmore. I also repeatedly offered to send Apple some basic documents (including things that would have otherwise been included in GO71), if Apple can provide some reasonable and targeted questions/requests. Like for instance, Apple's position as to why it fired me has been that it was only because of things that occurred in a two-week period in 2021, and Apple already has evidence to support those things (the Twitter posts it complained about, etc.) Therefore, asking for something like "all diary entries" or "all social media posts over a three+ year period" as a requirement for the settlement conference sounds like harassment & a fishing expedition. If you tell me what questions you would like answered, I am happy to provide you documents specifically addressing those questions, within reason.

As discussed prior, I will already be producing documents under some of the requests you made, but as part of my demand. You agreed I could send it by the end of December. I plan to attach documentation supporting my request for damages -- which would include receipts, medical visits, income, etc. It sounds like some of the things you're asking for are related to the mitigation of damages -- and if so, I can proactively address that in the demand as well. I also plan to include evidence to support prima facie elements of all claims, which should assumably address many of your other requests. Again, you already said I could send this by the end of December.

Finally, do you know which lawyers Apple retained for the Bhakta case? If so, please provide their names and contact information and/or ask them to contact me as soon as possible. If you do not know or there are none yet, do you consent to receive service on behalf of Apple related to that case until other lawyers file a notice of appearance?

Thanks,

-Ashley

—

5

Ashley M. Gjøvik

BS, JD, PMP


Sent with [Proton Mail](#) secure email.


On Tuesday, December 3rd, 2024 at 8:26 PM, Ashley M. Gjovik (Legal Matters) <[legal@ashleygjovik.com](#)> wrote:

> Hello,
>
> Received. I haven't taken a look at your response from Friday yet (I've been very busy with another matter), but will get to that and this tomorrow. Because it appears you sent me no documents at all, again, I will be filing the motion to compel, as discussed.
>
> Initial question - Judge Chen did not authorize interrogatories, so why are you asking for them now?
>
> You also never responded to my questions about depositions. Apologies if you did answer my questions in your response on Friday, but if not, that's something urgent we need to address.
>
> —
>
> Ashley M. Gjøvik
>
> BS, JD, PMP
>
> Sent with [Proton Mail](#) secure email.
>
> On Tuesday, December 3rd, 2024 at 8:10 PM, Riechert, Melinda <[mriechert@orrick.com](#)> wrote:
>
>> Ashley:

Attached are Apple's First Set of Request for Production and First Set of Special Interrogatories to you. Given that you have been serving us by email only (for example, your October 30, 2024 discovery requests) we understand you to prefer that the parties serve by email rather requiring that service happen instead (or in addition) by mail. If you would like us to serve you by mail as well, however, please let us know.

**Melinda Riechert**
Partner

Orrick
Silicon Valley
T 650/614-7423
M 6507591929
mriechert@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.