(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>           Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OMNIBUS RESPONSE TO PLAINTIFF'S DISCOVERY DISPUTE LETTERS (DKT. NOS. 162-165)**<br><br>Judge:    Honorable Kandis A. Westmore |

1  KATE E. JUVINALL (SBN 315659)
   kjuvinall@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   631 Wilshire Blvd., Suite 2-C
3  Santa Monica, CA 90401
   Telephone:    +1 310 633 2800
4  Facsimile:    +1 310 633 2849

5  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
7  Washington, D.C. 20037
   Telephone:    +1 202 339 8400
8  Facsimile:    +1 202 339 8500

9  Attorneys for Defendant
   Apple Inc.

On February 11, 2025, Plaintiff filed four "discovery dispute" letters. Dkts. 162-165. The first letter (Dkt. No. 162) requests a telephonic conference with Judge Westmore to resolve purported disputes Plaintiff raises in her other three letters (Dkt. Nos. 163-165). None of these letters puts any discovery dispute properly before the Court, however. Though Section 13(a) of Judge Westmore's Standing Order permits a request for a telephonic conference with Judge Westmore "[i]n the rare event that the parties are unable to meet and confer" in person or by video conference regarding a discovery dispute, Plaintiff did not ask Orrick to meet and confer in person or by video conference prior to filing her "discovery dispute" letters. *See* Dkt. No. 167-1 (Decl. of Jessica Perry in Support of Apple's Opposition to Plaintiff's Motion to Disqualify ["Perry Decl."]) ¶ 6.

Moreover, Plaintiff has not provided "good cause" for the Court to excuse her from the requisite in-person or videoconference meeting. *See* Standing Order, Section 13(a). Instead, she merely claims—without providing a shred of evidence—that Apple has "refus[ed] to engage in discovery in good faith." Dkt. No. 162 ¶ 12. Thus, there is no basis for Plaintiff's request for a telephonic conference with Your Honor to resolve the purported disputes she raises, and the relief Plaintiff requests in her letters should be denied.

Finally, and in any event, Plaintiff's "discovery dispute" letters do not demonstrate any discovery violation by Apple. Indeed, her letters are riddled with blatantly incorrect statements about the status of discovery in this case. For example:[1]

- **Alleged Refusal to Produce "Core" Documents.** Plaintiff contends that Apple has "refus[ed] to produce core documents." Dkt. No. 163 at 3. Apple has produced 553 pages of documents in response to Plaintiff's October 30, 2024 requests for production, and a total of 2,102 pages of documents in this case (including as part of its General Order 71 disclosures). Perry Decl. ¶ 5. It is *Plaintiff* who has refused to provide discovery: to date, Plaintiff has not served any objections or responses to Apple's

---

[1] Apple does not address every purported dispute nor every incendiary, false accusation raised in Plaintiff's letters, as the letters are not properly before Judge Westmore and thus the relief that Plaintiff seeks should be summarily denied without the telephonic conference requested by Plaintiff and with prejudice.

December 3, 2024 requests for production and interrogatories, nor has Plaintiff provided any responsive documents or information. *Id.* ¶ 7.

- **Alleged Failure to Disclose Information.** Plaintiff claims that Apple has "[f]ailed to disclose key information regarding Plaintiff's termination[.]" Dkt. No. 164 at 3. She appears to argue, *inter alia*, that Apple failed to disclose that it allegedly used "nude photos" of her to justify her termination. *Id.* ¶ 10. As discussed in more detail in Apple's Opposition to Motion to Disqualify (Dkt No. 167), Plaintiff's accusation is wholly baseless. Plaintiff appears to be referring to photographs of herself—none of which are nude photographs (*see* Perry Decl. ¶ 10)—that **Plaintiff herself texted** to a co-worker along with an admission that Plaintiff leaked confidential Apple information, including photographs generated as part of a confidential user study regarding a then-unreleased Apple product (Gobbler), to a reporter. *See* Dkt. No. 155-2 at 31. Plaintiff's co-worker, in turn, reported Plaintiff's admission to Apple's Business Conduct team six days ***after*** Plaintiff's termination. *Id.* Plaintiff's admission underscores the appropriateness of Apple's decision to terminate Plaintiff's employment. *See id.* at 15.

- **Alleged Failure to Negotiate Protective Order.** Plaintiff asserts that Apple has "[r]efused to negotiate a reasonable protective order." Dkt. No. 165 at 2. To the contrary, over a year ago, Apple provided Plaintiff "a proposed protective order based on the form Northern District order" and invited Plaintiff to provide "any comments or proposed revisions." Perry Decl. ¶13. Instead of engaging in a good faith negotiation, Plaintiff filed an NLRB charge against Apple alleging that Apple violated Section 8(a)(1) by proposing that Plaintiff enter into a protective order modeled on this District's form. *Id.* To date, Plaintiff has refused to agree to any protective order, nor has she provided any concrete alternative to Apple's proposals. *Id.* ¶¶14-15.

Plaintiff's failure to comply with the meet and confer requirement for discovery disputes by itself warrants termination of the purported disputes raised in Plaintiff's letters. *See* Standing Order, Section 13(a) ("**The failure to meaningfully comply with the meet and confer requirement will result in the termination of the discovery dispute**." [emphasis in original]). Termination of the

purported disputes is especially appropriate here, where Plaintiff has incorrectly characterized the status of discovery and lodged baseless, salacious accusations. Apple thus respectfully requests that the Court terminate Plaintiff's purported discovery disputes and deny the relief she seeks.

Dated: February 14, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Melinda S. Riechert
MELINDA S. RIECHERT
Attorneys for Defendant, Apple Inc.