**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, a corporation, <br><br> Defendant. | CAND No. 3:23-CV-04597-EMC <br><br> 9th Cir No.: 24-6058 <br><br> **Discovery Dispute** <br><br> **Plaintiff's Motion for Reconsideration** <br><br> Fed. R. Civ. P. 26, 37 <br> Civ. L.R. 26, 37 <br> Prof. Conduct. Sect. 9 |

— 1 —

## Motion for Reconsideration

1. Plaintiff, Ashley Gjovik, respectfully submits the following Motion for Reconsideration to Judge Westmore pertaining to the Order at Docket No. 170.

2. This litigation has been ongoing since July 2021. Plaintiff has repeatedly tried to meet and confer with the Defendant, including the counsel on this civil lawsuit, but every time the Plaintiff tried, the Defendant would not engage in good faith. There are hundreds of pages of transcripts and email records the Plaintiff can provide the court to prove this is true, if the court will allow it.

3. Further, last year, the Defendant (via these counsel) made unlawful threats and coercive statements to the Plaintiff during a meet and confer (captured in multiple NLRB charges against the Defendant, see Exhibit B), and then also attempted to misrepresent the meet and confer conversations as some sort of misconduct by the Plaintiff (also captured in NLRB charges, see Exhibit C), followed by illegal demands to the Plaintiff for the Plaintiff to delete evidence of the meet and confer meeting that proved the allegations against the Plaintiff were false and made with malice (as reported to the FBI and NLRB, see Exhibit D).

4. On July 16 2024, in response to complaints made by the Plaintiff about these issues, The Honorable Judge Chen addressed these open disputes and the Plaintiff's concerns, by ordering the following:

> **THE COURT: I'm going to allow the magistrate judge to determine what is the best process for you all to meet-and-confer, whether you meet and confer in a physical place, maybe with a magistrate judge, or, you know, you can talk to the magistrate judge about the disputes you've had and whether it makes any sense or not, at this point, until further developments.**

*See*, Exhibit A.

5. The document filed by Defendant at Docket No. 168 (a document not authorized by the Standing Order at all) made multiple demonstrably false statements and assertions against the Plaintiff, which appear to have prejudiced the court against the Plaintiff, without an opportunity for the Plaintiff to defend

herself or to be heard.

6.  The Plaintiff respectfully please requests reconsideration of her request for a Judge-supervised meet and confer telephone conference, as prescribed by the Honorable Judge Chen last year, due to the open and ongoing discovery disputes between the parties.

7.  Plaintiff attempted to comply with Judge Westmore's Standing Order in every other way she could, including paying $75.00 in order to have physical copies of her letters delivered to the Courthouse as Chambers Copies. See, Exhibit E. Thank you for reconsidering this matter.

Dated Feb. 20 2025

Respectfully:

_____

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**:
Boston, Massachusetts
**Mailing Address:**
2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428