UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Docket Nos. 156 |

Currently pending before the Court is Ms. Gjovik's motion to disqualify defense counsel, the Orrick law firm. Having considered the papers submitted, the Court finds the matter suitable for disposition on the papers. The hearing on the motion is therefore **VACATED**. Ms. Gjovik's motion to disqualify is **DENIED**.

I.     <u>DISCUSSION</u>

A.    <u>Legal Standard</u>

> "The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." Under the Civil Local Rules of the Northern District of California, all attorneys who practice in the Northern District must comply with the standards of professional conduct required of members of the State Bar of California. Thus, motions to disqualify counsel are decided under state law. . . . Under California law, the issue of disqualification "ultimately involves a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility."

*Del Campo v. Mealing*, C 01-21151 JW, 2011 U.S. Dist. LEXIS 158019, at *6-8 (N.D. Cal. Sept. 29, 2011). In considering a motion to disqualify, a court must bear in mind "'the preservation of public trust in the scrupulous administration of justice and the integrity of the bar.'" *Id.* at *8. On the other hand, a court must also take into account that motions to disqualify are often tactically

1  motivated; thus, in and of themselves, they can be a threat to the integrity of the judicial process
2  they purport to protect.  *See Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103-
3  1104 (N.D. Cal. 2003).  For this reason, motions to disqualify are often considered a drastic
4  measure, are disfavored, and are subject to close scrutiny.  *See id.*

B.     Basis for Disqualification

In her motion, Ms. Gjovik identifies multiple grounds on which to disqualify Orrick.  They include the following: (1) Orrick has repeatedly harassed her online; (2) Orrick is a fact witness because its harassment was part of Apple's retaliation against her; (3) Orrick is also a fact witness because Apple knowingly misrepresented to Ms. Gjovik that there were no other complaints lodged against one of her supervisors but Orrick knew this was not true based on its representation of Apple in a different lawsuit; (3) Orrick has either conspired with or coerced Cher Scarlett, another former Apple employee, to harass Ms. Gjovik (*e.g.*, when Ms. Scarlett filed a restraining order suit against Ms. Gjovik); (4) Orrick advised Apple on her termination and further has concealed that Ms. Scarlett played a role in the retaliation against and/or termination of Ms. Gjovik; (5) Orrick has engaged in additional conduct that has obstructed discovery (*e.g.*, through blanket assertions of privilege); (6) Orrick lacks competence in environmental and privacy law and is improperly trying to dismiss her environmental and privacy claims; and (7) there was a data breach at Orrick that may have compromised Ms. Gjovik's private information.

None of the grounds, whether considered individually or collectively, warrants disqualification.  For example, it is sheer speculation on the part of Ms. Gjovik that Orrick has been part of the online harassment and/or that Orrick has conspired with or coerced Ms. Scarlett.  *See, e.g.*, Mot. at 5-7 (arguing that Orrick must have been part of the online harassment because online attacks increased after Orrick first made an appearance in her whistleblower retaliation case with the U.S. Department of Labor and after Orrick suffered legal setbacks in other employment cases where they represented Apple); Mot. at 6, 11 (suggesting that Orrick and Ms. Scarlett were colluding because Orrick obtained a copy of Ms. Scarlett's restraining order against Ms. Gjovik "on the same day [it] filed Apple's position statement with the Department of Labor" and because Orrick used an email from Ms. Scarlett to justify Ms. Gjovik's termination).

2

1  To the extent Ms. Gjovik argues that Orrick has engaged in discovery misconduct (*e.g.*,
2  concealing the role of Ms. Scarlett and making blanket assertions of privilege), that is a matter that
3  should first be raised in the first instance with the magistrate judge presiding over discovery
4  matters. There has been no finding by the magistrate judge assigned to handle discovery in this
5  case that Orrick has engaged in abusive conduct in the handling of discovery.[1]

6  Ms. Gjovik's contention that Orrick is a fact witness lacks merit. As noted above, her
7  assertion that Orrick has been part of the harassment against her is entirely unfounded. As for
8  Apple's allegedly false statement that no complaints had ever been made against one of her
9  supervisors, that is something that Ms. Gjovik should be able to prove, if untrue, through an Apple
10 employee, not its counsel. Furthermore, as Orrick points out, the fact that it purportedly learned
11 information through its representation of Apple does not make it a fact witness.

12 Finally, Ms. Gjovik's arguments of Orrick incompetence and a data breach at the firm as a
13 basis for disqualification have no support.

## II. CONCLUSION

For the foregoing reasons, the motion to disqualify is denied.

This order disposes of Docket No. 156.

**IT IS SO ORDERED**.

Dated: February 24, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[1] At the time Ms. Gjovik filed her motion to disqualify, she had not filed any motion for relief with the magistrate judge. Ms. Gjovik did not file any motions with the magistrate judge until some ten days later.

3