JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant
Apple Inc.

[Additional counsel on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Judge:   Honorable Edward M. Chen |

| | |
|---|---|
| 1 | RYAN D. BOOMS (SBN 329430) |
| | rbooms@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 2100 Pennsylvania Avenue NW |
| 3 | Washington, D.C. 20037 |
| | Telephone:   +1 202 339 8400 |
| 4 | Facsimile:    +1 202 339 8500 |
| 5 | Attorneys for Defendant |
| | Apple Inc. |

1    On February 11, 2025, Plaintiff filed four unilateral discovery letters. Dkt. Nos. 162-165.
2  The first letter requested a telephonic conference with Judge Westmore to resolve purported
3  disputes Plaintiff raised in her other three letters. *Id.* On February 20, 2025, Judge Westmore
4  terminated the four letters, explaining that the Court "does not entertain unilateral discovery letters"
5  and that "the parties are required to meet and confer and file joint discovery letters to address
6  pending discovery disputes in accordance with the Court's Standing Order." Dkt. No. 170.

7    Within two hours of the Court's February 20 Order—and without first asking Apple to meet
8  and confer in accordance with the Court's Standing Order—Plaintiff filed a voluminous "Motion
9  for Reconsideration." Dkt. Nos. 171 and 171-1. Under Rule 72(a) of the Federal Rules of Civil
10 Procedure, a district judge must consider timely objections to a magistrate judge's order on a non-
11 dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is
12 contrary to law." Plaintiff does not even attempt to explain why Judge Westmore's order is "clearly
13 erroneous or contrary to law." *See* Dkt. No. 171. Instead, Plaintiff attaches various exhibits to her
14 Motion that were indisputably available to her at the time she filed her unilateral discovery letters.
15 *See* Dkt. No. 171-1 at 2-3 (transcript of July 16, 2024 hearing); *id.* at 5-55 (Plaintiff's December
16 29, 2023 NRLB charge against Apple and related documents, all dated January 2024 or earlier); *id.*
17 at 57-60 (Plaintiff's July 10, 2024 NRLB charge against Apple); *id.* at 62-65 (emails dated July 15,
18 2024). None of the exhibits she attaches provide "good cause" to excuse Plaintiff from the requisite
19 in-person or videoconference meeting. *See* Standing Order, Section 13(a). Indeed, Exhibit A to her
20 Motion demonstrates precisely why her unilateral discovery letters were properly terminated. At
21 the July 16, 2024 initial case management conference, Your Honor explained to the parties, "I'm
22 going to allow the magistrate judge to determine what is the best process for you all to meet-and-
23 confer[.]" Dkt. 171-1 at 3. In turn, Judge Westmore has determined that the parties are required to
24 meet and confer and file joint discovery letters to address pending discovery disputes in accordance
25 with the Court's Standing Order. Dkt. No. 170. Apple has always been and remains willing to do
26 so. Plaintiff's Motion for Reconsideration therefore should be denied.

1  Dated: February 27, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

3                                              By:    */s/ Melinda S. Riechert*
4                                                     MELINDA S. RIECHERT
                                                      Attorneys for Defendant, Apple Inc.