**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | *Discovery Judge:* |
| | The Honorable Judge Westmore |
| vs. | |
| | **Plaintiff's Objections to Defendant's filing at Dkt. 178 re: Discovery Disputes** |
| **Apple Inc.**, a corporation, | |
| Defendant. | |

## OBJECTIONS

1. Plaintiff, Ashley Gjovik, respectfully submits the following Objections to Defendant's filing at Dkt. No. 178. Defendant Apple Inc. has repeatedly misrepresented its position regarding meet-and-confer efforts, discovery obligations, and judicial oversight. Apple has:

- Refused to meet and confer in good faith while falsely claiming it has always been willing.
- Failed to engage in required discovery discussions while simultaneously accusing Plaintiff of delay.
- Contradicted its own statements regarding discovery deadlines; misrepresenting court deadlines to hold Plaintiff accountable for deadlines the Plaintiff never received; claimed discovery obligations still exist despite a stay, while refusing to engage in discussions about those obligations.
- Attempted to obstruct judicial oversight to avoid accountability, and while refusing to cooperate.
- Set arbitrary conditions on meet-and-confers to limit transparency and to obstruct progress. Set financial barriers to transcription.
- Failed to provide privilege logs and discovery responses, while demanding compliance from Plaintiff; refused to create a discovery plan, in violation of the court's repeated directives.
- Misrepresented facts to the court regarding discovery disputes.

### I. APPLE FALSELY CLAIMS IT WAS ALWAYS WILLING TO MEET AND CONFER

2. In Apple's objections, Apple asserts that it has "*always been willing*" to meet and confer with Plaintiff. However, Apple's own email communications refute this claim. Whenever Plaintiff repeatedly reached out for structured discussions – Apple either ignored her, delayed responses, or outright refused.

| Date | Apple's Written Statement |
|---|---|
| ***Sept. 7 2023*** | ***Civil lawsuit filed*** |
| July 7, 2024 | *"We remain willing to meet and confer with you in real-time on Monday, July 8 as scheduled regarding issues in the N.D. Cal. matter, but do not agree to your recording that conversation nor to your inviting an individual unaffiliated with the case to attend."* |
| July 10, 2024 | *"We do not see the necessity for a meeting at this stage and prefer to proceed with written communications."* |
| August 3, 2024 | *"We will get back to you regarding a meeting after reviewing internal matters."* |
| August 13, 2024 | *"We think it is unlikely that the magistrate judge will proactively reach out to the parties, but instead will get involved at the parties' request."* |
| September 10, 2024 | *"As discovery has not officially begun, we find your requests premature."* |
| September 25, 2024 | *"We will seek Magistrate Judge Westmore's assistance at the appropriate time."* |
| September 25, 2024 | *"We do not believe those topics are ripe for discussion, as discovery has been stayed."* |
| September 25, 2024 | *"We will not be drafting a joint statement to Judge Westmore at this time."* |
| October 7, 2024 | *"We do not consent to involving the court at this juncture."* |
| Feb. 7, 2025 | *"Once Judge Chen rules on the motion to dismiss and modifies the October 1 Order, we are also happy to confer with you on a discovery plan."* |
| Feb. 27 2025 | *"Apple has always been and remains willing to [meet and confer]. Plaintiff's Motion for Reconsideration therefore should be denied."* |

3. Apple claims it has always been willing to meet and confer, but they also expressly refuse to meet. FRCP requires meaningful meet-and-confer discussions, not just unilateral written statements. Apple asserts that Plaintiff did not attempt to meet and confer before filing her motion. However, Plaintiff repeatedly sought Apple's participation. Plaintiff's emails show repeated requests for meet-and-confer discussions, which Apple ignored. The plaintiff explicitly asked for Apple's participation before escalating the matter to the court. Apple cannot claim the Plaintiff failed to meet and confer when they were the ones stalling the process.

4. Apple refuses to discuss key discovery issues by claiming they are not '*ripe,*' even though discovery obligations continue. They refuse to participate while simultaneously demanding Plaintiff produce documents. This is ***Schrödinger's Discovery***—it both exists and doesn't, depending on what benefits Apple.

5. Apple asserts that court supervision is unnecessary, yet its repeated obstruction tactics necessitate judicial intervention. Apple misrepresents the role of the magistrate judge, implying that oversight is optional and controlled by Apple. Apple threatens to involve Judge Westmore "*at the appropriate time*" but delays when Plaintiff requests oversight. Apple refuses to draft a joint discovery statement, even though court rules and Judge Westmore expects parties to work together before presenting disputes. Apple's refusal blocks a fair process, as joint statements allow the court to efficiently address issues.

6. Apple suggests that oversight from Judge Westmore is entirely discretionary, implying that the court will only intervene if Apple allows it. The court has an independent role in managing discovery disputes, and Apple's attempt to downplay that role is improper. Apple later claims that Plaintiff does not need court intervention—even though Apple previously acknowledged it would be necessary.

7. Apple threatens to involve the judge selectively, only when it benefits them. Meanwhile, they oppose judicial supervision when Plaintiff requests it. Defendants do not control when judicial intervention is warranted. Apple opposes court oversight while refusing to meet and confer, effectively blocking any meaningful progress. Emails prove that Apple has engaged in obstruction and bad-faith litigation tactics. Apple only objects to court supervision because they do not want accountability. Given Apple's extensive resources and history of procedural gamesmanship, judicial oversight is essential.

**Legal Precedent:**
- *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233 (9th Cir. 2016) – The Ninth Circuit upheld sanctions where a party engaged in bad faith by refusing to cooperate in discovery – including contradictory and obstructive litigation conduct.
- *Transamerica Life Ins. Co. v. Arutyunyan*, 2024 WL 1238402 (9th Cir. 2024) – Court sanctioned parties for failing to comply with meet-and-confer obligations before filing discovery motions.
- Northern District of California Local Rule 37-1(a) – Requires parties to meet and confer in good faith before discovery disputes are raised with the court.
- Northern District of California Local Rule 37-3 – Recognizes judicial intervention when one party refuses to participate in discovery oversight.
- FRCP 11(b)(3) -- False or Misleading Statements to the Court
- FRCP 16(f) – Failure to Participate in Pretrial Conferences in Good Faith
- FRCP 16(f) -- Sanctions for Discovery Abuse
- FRCP 16(f) -- Court's Authority to Supervise Discovery
- FRCP 16(f) --Sanctions for Failing to Participate in Required Case Management Procedures
- FRCP 26(f) -- Meet and Confer Obligation
- FRCP 26(f) -- Fair Meet and Confer Practices
- FRCP 26(f) -- Misleading Statements About Discovery Procedures
- FRCP 26(f) – Confusing and Misleading Discovery Communications
- FRCP 26(f) – Failure to create a discovery plan in good faith.
- FRCP 16(f) -- Misrepresenting the Role of the Magistrate Judge in Case Management

- FRCP 26(g)(1) – Duty to Engage in Discovery in Good Faith
- FRCP 37(a)(3)(B) -- Failure to Participate in Discovery in Good Faith
- FRCP 37(a)(4) – Sanctions for failing to cooperate in discovery.
- FRCP 37(a)(4) -- Sanctions for Discovery Gamesmanship
- FRCP 37(b)(2) -- Sanctions for Failing to Comply with Discovery Orders

## II. CONCLUSION

8. Apple's documented refusals to meet and confer, contradictory statements, and obstructionist behavior violate the FRCP and legal precedent. Plaintiff respectfully requests that the Court:

- **Grant Plaintiff's motion for reconsideration.**
- **Order Apple to engage in discovery in good faith under judicial supervision.**

Dated: Feb. 28 2025

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**:
Boston, Massachusetts

**Mailing Address:**
2108 N St. Ste. 4553 Sacramento, CA, 95816

**Phone**: (408) 883-4428

— 5 —