UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 3:23-cv-04597-EMC   (KAW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Discovery Letter #5]<br><br>Re: Dkt. No. 171 |

On February 11, 2025, Plaintiff filed four discovery letter briefs. (Dkt. Nos. 162-165.) On February 20, 2025, the Court terminated the filings on the grounds that the Court does not entertain unilateral discovery letters. (Dkt. No. 170.) Plaintiff was advised that "the parties are required to meet and confer and file joint discovery letters to address pending discovery disputes in accordance with the Court's Standing Order." *Id.* at 1 (citing Judge Westmore's General Standing Order ¶¶ 13- 14).

On February 20, 2025, Plaintiff filed a motion for reconsideration of the Court's order terminating the discovery letters.[1] (Pl.'s Mot., Dkt. No. 171.) Specifically, Plaintiff requested "reconsideration of her request for a Judge-supervised meet and confer telephone conference, as prescribed by the Honorable Judge Chen last year, due to the open and ongoing discovery disputes between the parties." *Id.* at 3.[2]

On February 27, 2025, Defendant filed an opposition and explained that Plaintiff filed her

---

[1] Plaintiff did not follow the proper procedure. Before filing a motion for reconsideration, a party is required to obtain leave of court. *See* Civil L.R. 7-9(a). Thus, the Court will construe this as a motion for leave to file a motion for reconsideration.

[2] The Court notes that Plaintiff attached more than 60 pages of exhibits even though the Court's standing order limits discovery letter exhibits to 12 pages. (Judge Westmore's Standing Order ¶ 14(b)(ii).)

1  request for reconsideration without asking Apple to meet and confer in accordance with the

2  Court's Standing Order. (Opp'n, Dkt. No. 178 at 1.)  Defendant further represented that it remains

3  willing to meet and confer in accordance with the Court's standing order. *Id.*

4        Accordingly, Plaintiff's motion for leave to file a motion for reconsideration regarding her

5  request for a judge-supervised meet and confer telephone conference is DENIED.  At this

6  juncture, the Court finds no basis to depart from the procedures set forth in the standing order,

7  which requires that the parties meet and confer in person or via video conference. (Judge

8  Westmore's General Standing Order ¶ 13.)  If Plaintiff is concerned about the possibility of

9  Defendant making "unlawful threats and coercive statements" during the meet and confer or the

10 potential that the discussions will be misrepresented, the parties can meet via video conference and

11 record the meet and confer session. (*See* Dkt. No. 171 at 2.)  The parties are advised to limit their

12 discussions to the relevant discovery device(s) at issue.  This meet and confer process is not the

13 appropriate venue to air general grievances.

14       Finally, the parties are directed to meet and confer regarding the Northern District's model

15 stipulated protective order (available at https://cand.uscourts.gov/forms/model-protective-orders/).

16 If the parties are unable to agree, the Court is inclined to adopt the model order for standard

17 litigation.

18       IT IS SO ORDERED.

19 Dated: March 11, 2025

20                                             KANDIS A. WESTMORE

21                                             United States Magistrate Judge