1   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
2   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, CA 94025-1015
    Telephone:    +1 650 614 7400
5   Facsimile:    +1 650 614 7401

6   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
7   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
8   405 Howard Street
    San Francisco, CA 94105-2669
9   Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759
10
    Attorneys for Defendant
11  Apple Inc.

12  [Additional counsel on following page]

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                        SAN FRANCISCO DIVISION

17

18  ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC

19            Plaintiff,                     **DEFENDANT APPLE INC.'S ANSWER
                                             TO PLAINTIFF'S FIFTH AMENDED
20       v.                                  COMPLAINT**

21  APPLE INC.,                              Judge:    Honorable Edward M. Chen

22            Defendant.

23

24

25

26

27

28

1 | RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
2 | ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
3 | Washington, D.C. 20037
Telephone:    +1 202 339 8400
4 | Facsimile:    +1 202 339 8500

5 | Attorneys for Defendant
Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Apple Inc. ("Apple") answers Plaintiff Ashley Gjovik's Fifth Amended Complaint as follows:

## SUMMARY OF THE CASE

1.      As to paragraph 1 of the Fifth Amended Complaint, Apple denies the allegations.

2.      As to paragraph 2 of the Fifth Amended Complaint, Apple denies the allegations.

3.      As to paragraph 3 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

4.      As to paragraph 4 of the Fifth Amended Complaint, Apple denies the allegations.

5.      As to paragraph 5 of the Fifth Amended Complaint, Apple denies the allegations.

6.      As to paragraph 6 of the Fifth Amended Complaint, on information and belief, Apple admits that Plaintiff attended law school in 2021. Apple lacks knowledge or information sufficient to admit or deny what type of law she hoped to practice and on that basis denies that allegation. Unless specifically admitted, Apple denies the remaining allegations in paragraph 6, sentence 1. Apple admits that anyone, including Plaintiff, has a right to report serious environment and safety issues and to lobby for policy reform. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6, sentence 3 and on that basis denies them.

7.      As to paragraph 7 of the Fifth Amended Complaint, Apple admits that Plaintiff spoke publicly about certain of her experiences at Apple. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 7 and on that basis denies them.

8.      As to paragraph 8 of the Fifth Amended Complaint, Apple admits on information and belief that in 2021, Plaintiff filed at least one discrimination or retaliation charge or complaint with each of following: the NLRB, the EEOC, the Occupational Safety and Health Administration's Whistleblower Protection Program (part of the U.S. Department of Labor), the California Department of Industrial Relations, and the California Department of Fair Employment and Housing (now known as the California Civil Rights Department). The statement in paragraph 8, sentence 2 calls for a legal conclusion, to which no response is required. To the extent a response is required, Apple denies any characterization inconsistent with applicable law. Apple

4137-2412-5274

admits that Plaintiff's petition for review of an administrative law judge's dismissal of her claim under 42 U.S.C. § 9610 remains pending before the Administrative Review Board. Apple admits that the NLRB issued a Complaint in NLRB Case No. 32-CA-284428, relating to certain employment policies and agreements maintained by Apple. Answering further, that Complaint contains allegations that the NLRB has determined should be submitted to an administrative hearing and does not have any preclusive effect. Apple admits, on information and belief, that Plaintiff filed the charge in NLRB Case No. 32-CA-284428 on or about October 12, 2021. Apple further answers that in its Answer to that Complaint it denied the substantive allegations relating to NLRB Case No. 32-CA-284428. Apple denies that it committed any unfair labor practices. Answering further, no hearing is presently scheduled in NLRB Case No. 32-CA-284428. Apple admits that the NLRB issued a Complaint covering certain allegations in NLRB Case Nos. 32-CA-282142 and 32-CA-283161 on December 18, 2024, and that Complaint included a Notice of Hearing setting a trial before an administrative law judge on August 4, 2025. Answering further, that Complaint contains allegations that the NLRB has determined should be submitted to an administrative hearing and does not have any preclusive effect. Apple further answers that in its Answer to that Complaint it denied the substantive allegations relating to NLRB Case Nos. 32-CA-282142 and 32-CA-283161. Apple denies that it committed any unfair labor practices. Unless specifically admitted, Apple denies the remaining allegations in paragraph 8, sentence 4.

9.      As to paragraph 9 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 9, sentence 1. To the extent paragraph 9, sentence 1 refers to 3250 Scott, no response is required, as the allegation pertains to Plaintiff's counts five and six, which have been dismissed with prejudice. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9, sentence 2 and on that basis denies them.

10.      As to paragraph 10 of the Fifth Amended Complaint, Apple denies the allegations.

## JURISDICTION AND VENUE

11.      As to paragraph 11 of the Fifth Amended Complaint, Apple admits that it is a corporation headquartered in California and that Apple operates within the Northern District of California. Apple lacks knowledge or information sufficient to admit or deny allegations about

- 4 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1  Plaintiff's domicile and on that basis denies those allegations. Apple denies that Plaintiff

2  experienced any wrongful "acts, omissions, or injuries" attributable to Apple (whether within this

3  District or otherwise).

4  **PARTIES**

5  12.     As to paragraph 12 of the Fifth Amended Complaint, Apple lacks knowledge or

6  information sufficient to admit or deny allegations about Plaintiff's domicile and on that basis

7  denies them. On information and belief, Apple admits the allegations in paragraph 12, sentence 2.

8  Regarding sentence 3 of paragraph 12, Apple admits that Plaintiff was an Apple employee from

9  February 23, 2015 through September 10, 2021. Apple lacks knowledge or information sufficient

10 to admit or deny the allegations in footnote 3 and on that basis denies them. On information and

11 belief, Apple admits that Plaintiff held a leasehold at a Santa Clara residential property at 3390

12 Octavius Dr #349, Santa Clara, CA 95054 from around February 2020 to around October 2020.

13 Unless specifically admitted, Apple denies the remaining allegations in paragraph 12, sentence 4.

14 13.     As to paragraph 13 of the Fifth Amended Complaint, Apple admits that it is a

15 business engaged in and affecting interstate commerce. The remaining allegations in paragraph

16 13, sentence 1 call for legal conclusions to which no response is required. To the extent a

17 response is required, Apple denies any characterization inconsistent with applicable law. Apple

18 denies the allegations in footnote 4. Apple admits the allegations in paragraph 13, sentence 2.

19 Apple denies the allegations in paragraph 13, sentence 3.

20 14.     As to paragraph 14 of the Fifth Amended Complaint, Apple admits it has been a

21 tenant at 825 Stewart Drive in Sunnyvale, California since 2015. Apple has complied with its

22 obligations regarding 825 Stewart under the Resource Conservation and Recovery Act. Apple

23 denies the remaining allegations in paragraph 14. With respect to the allegations regarding 3250

24 Scott, no response is required, as the allegations pertains to Plaintiff's counts five and six, which

25 have been dismissed with prejudice.

26 **PROCEDURAL HISTORY**

27 15.     As to paragraph 15 of the Fifth Amended Complaint, Apple denies the allegations

28 in paragraph 15, sentence 1. Apple admits the allegation in paragraph 15, sentence 2. Apple

4137-2412-5274

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

admits Plaintiff's First Amended Complaint was filed in October 2023 per the parties' October 9, 2023 stipulation. Unless specifically admitted, Apple denies the remaining allegations of paragraph 15, sentence 3.

16.    As to paragraph 16 of the Fifth Amended Complaint, Apple admits the allegations.

17.    As to paragraph 17 of the Fifth Amended Complaint, Apple admits the allegations.

18.    As to paragraph 18 of the Fifth Amended Complaint, Apple admits that on October 1, 2024, Plaintiff filed an interlocutory appeal to the U.S. Court of Appeals for the Ninth Circuit. Apple further admits that Plaintiff filed a motion to stay this matter pending her appeal; that motion was denied. Unless specifically admitted, Apple denies the remaining allegations of paragraph 18.

## STATEMENT OF FACTS

19.    As to paragraph 19 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

20.    As to paragraph 20 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

21.    As to paragraph 21 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

22.    As to paragraph 22 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

23.    As to paragraph 23 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

24.    As to paragraph 24 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    prejudice.

2         25.    As to paragraph 25 of the Fifth Amended Complaint, no response is required, as

3    the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

4    prejudice.

5         26.    As to paragraph 26 of the Fifth Amended Complaint, no response is required, as

6    the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

7    prejudice.

8         27.    As to paragraph 27 of the Fifth Amended Complaint, no response is required, as

9    the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

10   prejudice.

11        28.    As to paragraph 28 of the Fifth Amended Complaint, no response is required, as

12   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

13   prejudice.

14        29.    As to paragraph 29 of the Fifth Amended Complaint, no response is required, as

15   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

16   prejudice.

17        30.    As to paragraph 30 of the Fifth Amended Complaint, no response is required, as

18   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

19   prejudice.

20        31.    As to paragraph 31 of the Fifth Amended Complaint, no response is required, as

21   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

22   prejudice.

23        32.    As to paragraph 32 of the Fifth Amended Complaint, no response is required, as

24   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

25   prejudice.

26        33.    As to paragraph 33 of the Fifth Amended Complaint, no response is required, as

27   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

28   prejudice.

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

34.     As to paragraph 34 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

35.     As to paragraph 35 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

36.     As to paragraph 36 of the Fifth Amended Complaint, no response is required to paragraph 36, sentences 1 and 2, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice. Apple admits that on September 13, 2020, Plaintiff emailed Powers and West and states that the email speaks for itself. Apple denies the allegations in paragraph 36, sentence 3 to the extent they contradict or mischaracterize the email. Apple lacks knowledge or information sufficient to admit or deny whether she told coworkers Josh and Aidria and on that basis denies those allegations. Unless specifically admitted, Apple denies the remaining allegations in paragraph 36, sentence 3.

37.     As to paragraph 37 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

38.     As to paragraph 38 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

39.     As to paragraph 39 of the Fifth Amended Complaint, no response is required to paragraph 39, sentence 1, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice. Apple denies the allegations in paragraph 39, sentence 2. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39, sentences 3, 4, and 5 and on that basis denies those allegations. Apple admits that on September 9, 2021, at 12:24 pm, an Apple Employee Relations employee, Waibel, emailed an Apple employee named Elizabeth and states that the email speaks for itself. Apple admits that on September 9, 2021, at 6:53 pm, Plaintiff was notified that her employment was terminated

- 8 -

effective September 10, 2021. Unless specifically admitted, Apple denies the remaining allegations in paragraph 39, sentence 6.

40.    As to paragraph 40 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40, sentence 1 and on that basis denies them. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 40 and on that basis denies them.

41.    As to paragraph 41 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 41, sentence 1 and on that basis denies them. Apple denies the allegations in paragraph 41, sentence 2. Apple admits that an Apple employee named Debra was previously in charge of EH&S legal matters for 3250 Scott but denies the remaining allegations in paragraph 41, sentence 3.

42.    As to paragraph 42 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

43.    As to paragraph 43 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

44.    As to paragraph 44 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

45.    As to paragraph 45 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

46.    As to paragraph 46 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

47.    As to paragraph 47 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    prejudice.

2        48.    As to paragraph 48 of the Fifth Amended Complaint, Apple admits that, at the

3    time of Plaintiff's termination, Plaintiff was assigned to an Apple office located at 825 Stewart

4    Drive in Sunnyvale, California. On information and belief, Apple admits that, per the U.S. EPA,

5    the TRW Microwave, Inc. Superfund site is located at 825 Stewart Drive and it is part of the U.S.

6    EPA Triple Site, three adjacent Superfund sites in Sunnyvale

7    (https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.Cleanup&id=0900

8    265). On information and belief, Apple admits that, per the U.S. EPA, these three sites have

9    jointly contributed to a groundwater solvent plume that extends from these sites about a mile

10   (https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.Cleanup&id=0900

11   265). Unless specifically admitted, Apple denies the remaining allegations in paragraph 48.

12       49.    As to paragraph 49 of the Fifth Amended Complaint, on information and belief,

13   Apple admits that, per the U.S. EPA, semiconductor processing activities occurred in the past at

14   the TRW Microwave, Inc. Superfund site

15   (https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.Cleanup&id=0901

16   181). Unless specifically admitted, Apple denies the remaining allegations in paragraph 49,

17   sentence 1. On information and belief, Apple admits that TCE has been classified as a carcinogen;

18   Apple lacks knowledge or information sufficient to admit or deny whether TCE is a carcinogen

19   and on that basis denies that allegation. On information and belief, per the U.S. EPA, Apple

20   admits the remaining allegations in paragraph 49, sentence 2

21   (https://semspub.epa.gov/work/09/100027767.pdf). Apple lacks knowledge or information

22   sufficient to admit or deny the allegations in paragraph 49, sentence 3 and on that basis denies

23   them.

24       50.    As to paragraph 50 of the Fifth Amended Complaint, on information and belief,

25   Apple admits that Northrop Grumman is the Responsible Party for the TRW Microwave, Inc.

26   Superfund site under CERCLA. On information and belief, Apple admits that, per the U.S. EPA,

27   in 2003 and 2004, Northrop Grumman measured VOC concentrations in indoor air at the 825

28   Stewart Drive building (https://semspub.epa.gov/work/HQ/178958.pdf) and states that the

4137-2412-5274

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    document reporting the results (https://semspub.epa.gov/work/09/1144264.pdf) speaks for itself.

2    Apple denies the allegations in paragraph 50 to the extent they contradict or mischaracterize the

3    document reporting the results. Unless specifically admitted, Apple denies the remaining

4    allegations in paragraph 50.

5       51. As to paragraph 51 of the Fifth Amended Complaint, on information and belief,

6    Apple denies the allegations in paragraph 51, sentence 1. On information and belief, Apple admits

7    that in 2023, the U.S. EPA announced a proposal to ban all uses of TCE and that the action was

8    taken under the Toxic Substances Control Act (https://www.epa.gov/newsreleases/biden-harris-

9    administration-proposes-ban-trichloroethylene-protect-public-toxic). Apple lacks knowledge or

10   information sufficient to admit or deny the remaining allegations in paragraph 51, sentence 2 and

11   on that basis denies them.

12      52. As to paragraph 52 of the Fifth Amended Complaint, on information and belief,

13   Apple admits that in August and September 2014, per the U.S. EPA, a sub-slab vapor collection

14   system was installed beneath the concrete floor of the building

15   (https://semspub.epa.gov/work/09/100003537.pdf). Apple lacks knowledge or information

16   sufficient to admit or deny the remaining allegations in paragraph 52, sentence 1 and on that basis

17   denies them. Apple lacks knowledge or information sufficient to admit or deny the allegations in

18   paragraph 52, sentence 2 and on that basis denies those allegations.  On information and belief,

19   Apple admits the allegations in paragraph 52, sentences 3 and 5. Apple lacks knowledge or

20   information sufficient to admit or deny the remaining allegations in paragraph 52 and on that

21   basis denies them.

22      53. As to paragraph 53 of the Fifth Amended Complaint, Apple admits the allegations

23   in paragraph 53, sentence 1. Apple denies the allegations in paragraph 53, sentences 2 and 3.

24      54. As to paragraph 54 of the Fifth Amended Complaint, Apple denies the allegations

25   in paragraph 54, sentence 1. Apple denies the allegations in paragraph 54, sentence 2 to the extent

26   they are inconsistent with California law. Apple denies the allegations in paragraph 54, sentence

27   3. Apple denies that Figure 2 contains accurate annotations.

28      55. As to paragraph 55 of the Fifth Amended Complaint, on information and belief,

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    Apple admits that in June 2015, Northrop Grumman submitted a report to the U.S. EPA and states

2    that the report speaks for itself (https://semspub.epa.gov/work/09/1158562.pdf). Apple denies the

3    allegations in paragraph 55, sentence 1 to the extent they contradict or mischaracterize the report.

4    Unless specifically admitted, Apple denies the remaining allegations in paragraph 55, sentence 1.

5    Apple admits that in February 2016, a report was submitted to the U.S. EPA

6    (https://semspub.epa.gov/work/09/1158560.pdf). Unless specifically admitted, Apple denies the

7    remaining allegations in paragraph 55, sentence 2.

8        56.    As to paragraph 56 of the Fifth Amended Complaint, Apple states that the June

9    2015 and February 2016 reports speak for themselves. Apple denies the allegations in paragraph

10   56 to the extent they contradict or mischaracterize the reports.

11       57.    As to paragraph 57 of the Fifth Amended Complaint, Apple states that the

12   February 2016 report speaks for itself. Apple denies the allegations in paragraph 57, sentence 1 to

13   the extent they contradict or mischaracterize the report. Apple denies the allegations in paragraph

14   57, sentence 2.

15       58.    As to paragraph 58 of the Fifth Amended Complaint, on information and belief,

16   Apple admits that the U.S. EPA sent a letter dated May 18, 2016

17   (https://semspub.epa.gov/work/09/1160217.pdf) and states that the letter speaks for itself. Apple

18   denies the allegations in paragraph 58, sentence 1 to the extent they contradict or mischaracterize

19   the letter. On information and belief, Apple admits that a Covenant and Agreement to Restrict

20   Use of Property exists for 825 Stewart (https://semspub.epa.gov/work/09/2119219.pdf) and states

21   that it speaks for itself. Apple denies the allegations in paragraph 58, sentence 2 to the extent they

22   contradict or mischaracterize the covenant.

23       59.    As to paragraph 59 of the Fifth Amended Complaint, Apple admits the allegations

24   in paragraph 59.

25       60.    As to paragraph 60 of the Fifth Amended Complaint, Apple admits that on

26   February 23, 2015, Plaintiff joined Apple as an Engineering Project Manager in Software

27   Engineering and worked in that department until January 2017. Apple admits the allegations in

28   paragraph 60, sentence 2. Apple denies the remaining allegations in paragraph 60.

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

61.     As to paragraph 61 of the Fifth Amended Complaint, Apple denies the allegations.

62.     As to paragraph 62 of the Fifth Amended Complaint, Apple admits nicknames were written on a whiteboard. Unless specifically admitted, Apple denies the remaining allegations in paragraph 62.

63.     As to paragraph 63 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63, sentence 1 and on that basis denies them. Apple denies the remaining allegations in paragraph 63.

64.     As to paragraph 64 of the Fifth Amended Complaint, Apple admits the allegations in paragraph 64, sentence 3. Apple denies the remaining allegations in paragraph 64.

65.     As to paragraph 65 of the Fifth Amended Complaint, Apple admits that Plaintiff worked under Buyze and Rica. Unless specifically admitted, Apple denies the remaining allegations in paragraph 65.

66.     As to paragraph 66 of the Fifth Amended Complaint, Apple denies the allegations.

67.     As to paragraph 67 of the Fifth Amended Complaint, Apple admits that Plaintiff joined Mac Systems Quality in Hardware Engineering in January 2017. Apple denies the remaining allegations in paragraph 67.

68.     As to paragraph 68 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 68.

69.     As to paragraph 69 of the Fifth Amended Complaint, Apple admits that Plaintiff received performance reviews and states that the performance reviews speak for themselves. Apple denies the allegations in paragraph 69 to the extent they contradict or mischaracterize the performance reviews. Unless specifically admitted, Apple denies the remaining allegations in paragraph 69, sentence 1. Apple admits that West listened to Plaintiff and on occasion thanked her for being honest with him. Unless specifically admitted, Apple denies the remaining allegations in paragraph 69.

70.     As to paragraph 70 of the Fifth Amended Complaint, Apple denies paragraph 70 to the extent Plaintiff alleges that Apple was a "hostile work environment." Apple admits that Plaintiff interned with Apple Legal in 2019. Apple lacks knowledge or information sufficient to

- 13 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    admit or deny the remaining allegations in paragraph 70 and on that basis denies them.

2        71.    As to paragraph 71 of the Fifth Amended Complaint, Apple denies the allegations.

3        72.    As to paragraph 72 of the Fifth Amended Complaint, Apple admits that on March

4    17, 2021, an Apple employee sent an email to Plaintiff and other MSQ managers and states that

5    the email speaks for itself. Apple denies the allegations in paragraph 72 to the extent they

6    contradict or mischaracterize the email.

7        73.    As to paragraph 73 of the Fifth Amended Complaint, Apple admits that on March

8    17, 2021, Plaintiff sent an email and states that the email speaks for itself. Apple denies the

9    allegations in paragraph 73 to the extent they contradict or mischaracterize the email.

10        74.    As to paragraph 74 of the Fifth Amended Complaint, Apple admits that on March

11    17, 2021, Plaintiff sent an email and states that the email speaks for itself. Apple denies the

12    allegations in paragraph 74 to the extent they contradict or mischaracterize the email.

13        75.    As to paragraph 75 of the Fifth Amended Complaint, Apple admits that Powers

14    forwarded Plaintiff's email to West and states that the email speaks for itself. Apple denies the

15    allegations in paragraph 75, sentence 1 to the extent they contradict or mischaracterize the email.

16    Unless specifically admitted, Apple denies the remaining allegations in paragraph 75.

17        76.    As to paragraph 76 of the Fifth Amended Complaint, Apple states that Plaintiff's

18    March 17, 2021 email speaks for itself. Apple denies the allegations in paragraph 76, sentence 1

19    to the extent they contradict or mischaracterize the email. Apple admits the allegations in

20    paragraph 76, sentence 2. Apple lacks knowledge or information sufficient to admit or deny the

21    remaining allegations in paragraph 76 and on that basis denies them.

22        77.    As to paragraph 77 of the Fifth Amended Complaint, Apple denies the allegations

23    in the final sentence of paragraph 77. Apple lacks knowledge or information sufficient to admit or

24    deny the remaining allegations in paragraph 77 and on that basis denies them.

25        78.    As to paragraph 78 of the Fifth Amended Complaint, no response is required, as

26    the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

27    prejudice.

28        79.    As to paragraph 79 of the Fifth Amended Complaint, Apple admits that Plaintiff

- 14 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

and West exchanged text messages and states that the text messages speak for themselves. Apple

denies the allegations in paragraph 79 to the extent they contradict or mischaracterize the text

messages.

80.    As to paragraph 80 of the Fifth Amended Complaint, Apple admits that in March

2021, Plaintiff sent an email to Powers and states that the email speaks for itself. Apple denies the

allegations in paragraph 80 to the extent they contradict or mischaracterize the email. Unless

specifically admitted, Apple denies the remaining allegations in paragraph 80, sentence 1. Apple

lacks knowledge or information sufficient to admit or deny the number of pages Plaintiff

reviewed and on that basis denies those allegations. Apple denies the remaining allegations in

paragraph 80, sentence 2. Apple lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 80, sentence 3 and on that basis denies them.

81.    As to paragraph 81 of the Fifth Amended Complaint, Apple lacks knowledge or

information sufficient to admit or deny the allegations in paragraph 81, sentence 1 and on that

basis denies them. No response is required for the allegations in paragraph 81, sentence 2 because

the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

prejudice. Apple denies the allegations in paragraph 81, sentence 3.

82.    As to paragraph 82 of the Fifth Amended Complaint, Apple denies the allegations.

83.    As to paragraph 83 of the Fifth Amended Complaint, Apple admits that on April 6,

2021, Plaintiff sent an email and states that the email speaks for itself. Apple denies the

allegations in paragraph 83 to the extent they contradict or mischaracterize the email. Unless

specifically admitted, Apple denies the remaining allegations in paragraph 83.

84.    As to paragraph 84 of the Fifth Amended Complaint, Apple lacks knowledge or

information sufficient to admit or deny whether Plaintiff emailed the U.S. EPA and California

EPA from September 2020 through April 2021 and on that basis denies those allegations. Apple

denies the remaining allegations in paragraph 84, sentence 1. Apple lacks knowledge or

information sufficient to admit or deny whether Plaintiff contacted politicians and on that basis

denies those allegations. Apple denies the remaining allegations in paragraph 84, sentence 2.

Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 84,

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    sentence 3 and on that basis denies them.

2        85.    As to paragraph 85 of the Fifth Amended Complaint, Apple lacks knowledge or

3    information sufficient to admit or deny the allegations in paragraph 85, sentences 1 and 3 and on

4    that basis denies them. Apple admits that on or around April 7, 2021, Plaintiff told West, "I meet

5    with [M]ayor [Lisa Gillmor] tomorrow[.]" Unless specifically admitted, Apple denies the

6    remaining allegations in paragraph 85.

7        86.    As to paragraph 86 of the Fifth Amended Complaint, Apple lacks knowledge or

8    information sufficient to admit or deny the allegations and on that basis denies them.

9        87.    As to paragraph 87 of the Fifth Amended Complaint, Apple admits that Plaintiff

10    met with at least one Apple EH&S employee and Waibel on each of the dates listed in paragraph

11    87, sentence 1. Unless specifically admitted, Apple denies the remaining allegations in paragraph

12    87.

13        88.    As to paragraph 88 of the Fifth Amended Complaint, Apple admits the allegations

14    in paragraph 88, sentence 3. Apple lacks knowledge or information sufficient to admit or deny

15    whether Plaintiff completed a self-review in February 2021 and on that basis denies those

16    allegations. Apple denies the remaining allegations in paragraph 88.

17        89.    As to paragraph 89 of the Fifth Amended Complaint, Apple admits that Plaintiff

18    asked questions about the TRW Microwave, Inc. Superfund site and the rationale for certain

19    monitoring decisions. Unless specifically admitted, Apple denies the remaining allegations in

20    paragraph 89.

21        90.    As to paragraph 90 of the Fifth Amended Complaint, Apple denies the allegations.

22        91.    As to paragraph 91 of the Fifth Amended Complaint, Apple admits that on April

23    11, 2021, Plaintiff emailed Powers and states that the email speaks for itself. Apple denies the

24    allegations in paragraph 91 to the extent they contradict or mischaracterize the email.

25        92.    As to paragraph 92 of the Fifth Amended Complaint, Apple denies the allegations.

26        93.    As to paragraph 93 of the Fifth Amended Complaint, Apple admits that on April

27    21, 2021, Plaintiff sent text messages to a coworker and states that the text messages speak for

28    themselves. Apple denies the allegations in paragraph 93, sentence 1 to the extent they contradict

- 16 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    or mischaracterize the text messages. Apple denies the remaining allegations in paragraph 93.

2        94.    As to paragraph 94 of the Fifth Amended Complaint, Apple denies the allegations.

3        95.    As to paragraph 95 of the Fifth Amended Complaint, Apple lacks knowledge or

4    information sufficient to admit or deny the allegations and on that basis denies them.

5        96.    As to paragraph 96 of the Fifth Amended Complaint, Apple lacks knowledge or

6    information sufficient to admit or deny the allegations in paragraph 96, sentence 1 and on that

7    basis denies them. Apple admits that on April 23, 2021, the U.S. EPA emailed Apple and states

8    that the email speaks for itself. Apple denies the allegations in paragraph 96, sentence 2 to the

9    extent they contradict or mischaracterize the email.

10        97.    As to paragraph 97 of the Fifth Amended Complaint, Apple denies the allegations.

11   Waibel told Gjovik, "[Y]ou have a right to discuss the terms and conditions of employment. We

12   ask that you ensure the information you share is as accurate and complete as possible when doing

13   so." Regarding footnote 20, Apple admits that certain statements allegedly made by Powers and

14   Waibel were identified in the Complaint issued by the NLRB on December 18, 2024 in NLRB

15   Case Nos. 32-CA-282142 and 32-CA-283161 as alleged violations of Section 8(a)(1) of the

16   NLRA, 29 U.S.C. § 158(a)(1). Answering further, that Complaint contains allegations that the

17   NLRB has determined should be submitted to an administrative hearing and does not have any

18   preclusive effect. In its Answer to the Complaint, Apple denied the allegations relating to Powers

19   and Waibel. Apple denies that it committed any unfair labor practices. Unless specifically

20   admitted, Apple denies the remaining allegations in footnote 20.

21        98.    As to paragraph 98 of the Fifth Amended Complaint, no response is required, as

22   the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

23   prejudice.

24        99.    As to paragraph 99 of the Fifth Amended Complaint, no response is required to

25   paragraph 99, sentences 1 and 2, as the allegations pertain to Plaintiff's counts five and six, which

26   have been dismissed with prejudice. Apple admits that on May 10, 2021, Plaintiff emailed her

27   manager Powers and states that the email speaks for itself. Apple denies the allegations in

28   paragraph 99, sentence 3 to the extent they contradict or mischaracterize the email. Apple lacks

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    knowledge or information sufficient to admit or deny the allegations regarding the purported

2    palpitations and on that basis denies them. Unless specifically admitted, Apple denies the

3    remaining allegations in paragraph 99.

4         100.    As to paragraph 100 of the Fifth Amended Complaint, Apple admits that on May

5    17, 2021, Plaintiff met with at least one Apple EH&S employee and Waibel. Apple lacks

6    knowledge or information sufficient to admit or deny the allegations in paragraph 100, sentences

7    3 and 4 and on that basis denies them. Unless specifically admitted, Apple denies the remaining

8    allegations in paragraph 100.

9         101.    As to paragraph 101 of the Fifth Amended Complaint, Apple lacks knowledge or

10    information sufficient to admit or deny the allegations in paragraph 101, sentence 3 and on that

11    basis denies them. Apple denies the remaining allegations in paragraph 101.

12        102.    As to paragraph 102 of the Fifth Amended Complaint, Apple admits that Waibel

13    investigated concerns that Plaintiff raised about Powers and West. Unless specifically admitted,

14    Apple denies the remaining allegations in paragraph 102.

15        103.    As to paragraph 103 of the Fifth Amended Complaint, Apple denies the

16    allegations.

17        104.    As to paragraph 104 of the Fifth Amended Complaint, Apple admits that Plaintiff

18    expressed concerns about Waibel's investigation. Apple further admits that on June 10, 2021,

19    Waibel herself introduced Plaintiff to Waibel's supervisor, Lagares, so that Lagares could speak

20    with Plaintiff about her concerns. Unless specifically admitted, Apple denies the remaining

21    allegations in paragraph 104.

22        105.    As to paragraph 105 of the Fifth Amended Complaint, Apple admits that on July 2,

23    2021, Waibel and Plaintiff exchanged emails and states that the emails speaks for themselves.

24    Apple denies the allegations in paragraph 105 to the extent they contradict or mischaracterize the

25    emails.

26        106.    As to paragraph 106 of the Fifth Amended Complaint, no response is required, as

27    the allegations pertain to Plaintiff's counts five and six, which have been dismissed with

28    prejudice.

107.    As to paragraph 107 of the Fifth Amended Complaint, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

108.    As to paragraph 108 of the Fifth Amended Complaint, on information and belief, Apple admits that in July 2021, Plaintiff emailed the U.S. EPA and states that those emails speak for themselves. Apple admits the allegations in paragraph 108, sentence 4. Unless specifically admitted, Apple denies the remaining allegations in paragraph 108.

109.    As to paragraph 109 of the Fifth Amended Complaint, Apple denies the allegations.

110.    As to paragraph 110 of the Fifth Amended Complaint, Apple admits that Plaintiff threatened litigation against Apple. Unless specifically admitted, Apple denies the remaining allegations in paragraph 110.

111.    As to paragraph 111 of the Fifth Amended Complaint, Apple denies the allegations.

112.    As to paragraph 112 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

113.    As to paragraph 113 of the Fifth Amended Complaint, Apple admits the allegations in paragraph 113, sentence 1. Apple denies the remaining allegations in paragraph 113.

114.    As to paragraph 114 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

115.    As to paragraph 115 of the Fifth Amended Complaint, Apple admits that on July 23, 2021, the New York Times quoted Plaintiff in an article about "return to work" and states that the quote speaks for itself. Apple denies the allegations in paragraph 115, sentence 1 to the extent they contradict or mischaracterize the quote. Apple admits the allegations in paragraph 115, sentence 2.

116.    As to paragraph 116 of the Fifth Amended Complaint, Apple denies the allegations.

117.    As to paragraph 117 of the Fifth Amended Complaint, on information and belief, Apple admits that in late July 2021, the U.S. EPA asked Northrop Grumman to visit 825 Stewart. Unless specifically admitted, Apple denies the remaining allegations in paragraph 117.

118.    As to paragraph 118 of the Fifth Amended Complaint, Apple denies the allegations.

119.    As to paragraph 119 of the Fifth Amended Complaint, Apple denies the allegations.

120.    As to paragraph 120 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny what Plaintiff knew or did not know and on that basis denies the allegations in paragraph 120, sentence 1. Apple denies the allegations in paragraph 120, sentences 2 and 3. With respect to the allegations regarding 3250 Scott, no response is required, as the allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

121.    As to paragraph 121 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

122.    As to paragraph 122 of the Fifth Amended Complaint, Apple admits the allegations in paragraph 122, sentence 1. Apple denies the allegations in paragraph 122, sentences 2 and 3. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 122, sentence 4 and on that basis denies those allegations.

123.    As to paragraph 123 of the Fifth Amended Complaint, Apple denies the allegations.

124.    As to paragraph 124 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

125.    As to paragraph 125 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

126.    As to paragraph 126 of the Fifth Amended Complaint, Apple denies the allegations.

127.    As to paragraph 127 of the Fifth Amended Complaint, Apple lacks knowledge or

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    information sufficient to admit or deny the allegations in paragraph 127, sentences 1 and 3 and on

2    that basis denies them. Apple denies the remaining allegations in paragraph 127.

3          128.    As to paragraph 128 of the Fifth Amended Complaint, Apple denies the

4    allegations.

5          129.    As to paragraph 129 of the Fifth Amended Complaint, Apple denies the

6    allegations.

7          130.    As to paragraph 130 of the Fifth Amended Complaint, Apple lacks knowledge or

8    information sufficient to admit or deny the allegations and on that basis denies them.

9          131.    As to paragraph 131 of the Fifth Amended Complaint, Apple lacks knowledge or

10    information sufficient to admit or deny the allegations in paragraph 131, sentences 1, 2, and 3 and

11    on that basis denies them. Apple admits that Plaintiff told Apple that she worked with colleagues

12    to gather evidence. Unless specifically admitted, Apple denies the remaining allegations in

13    paragraph 131.

14          132.    As to paragraph 132 of the Fifth Amended Complaint, Apple admits that on

15    August 4, 2021, Okpo emailed Plaintiff and states that the email speaks for itself. Apple denies

16    the allegations in paragraph 132, sentence 2 to the extent they contradict or mischaracterize the

17    email. Apple denies the remaining allegations in paragraph 132. Plaintiff requested to be on paid

18    administrative leave.

19          133.    As to paragraph 133 of the Fifth Amended Complaint, Apple lacks knowledge or

20    information sufficient to admit or deny the allegations and on that basis denies them.

21          134.    As to paragraph 134 of the Fifth Amended Complaint, Apple denies the allegations

22    in paragraph 134, sentences 1 and 2. Apple lacks knowledge or information sufficient to admit or

23    deny the remaining allegations in paragraph 134 on that basis denies them.

24          135.    As to paragraph 135 of the Fifth Amended Complaint, Apple lacks knowledge or

25    information sufficient to admit or deny the allegations and on that basis denies them.

26          136.    As to paragraph 136 of the Fifth Amended Complaint, Apple lacks knowledge or

27    information sufficient to admit or deny the allegations and on that basis denies them.

28          137.    As to paragraph 137 of the Fifth Amended Complaint, Apple lacks knowledge or

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

information sufficient to admit or deny the allegations in paragraph 137, sentence 1 and on that basis denies them. Apple denies the remaining allegations in paragraph 137.

138.    As to paragraph 138 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

139.    As to paragraph 139 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

140.    As to paragraph 140 of the Fifth Amended Complaint, Apple admits that around August 17, 2021, Business Insider published an article and that it speaks for itself. Apple denies the allegations in paragraph 140 to the extent they contradict or mischaracterize the article.

141.    As to paragraph 141 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

142.    As to paragraph 142 of the Fifth Amended Complaint, Apple admits that on August 16, 2021, Okpo emailed a summary of his understanding of the concerns Plaintiff shared with Okpo and states that the documents speak for themselves. Apple denies the allegations in paragraph 142 to the extent they contradict or mischaracterize the documents.

143.    As to paragraph 143 of the Fifth Amended Complaint, Apple denies the allegations.

144.    As to paragraph 144 of the Fifth Amended Complaint, Apple admits that on August 23, 2021, Plaintiff sent Okpo a document titled "Employee Relations - Issue Confirmation." Unless specifically admitted, Apple denies the remaining allegations in paragraph 144.

145.    As to paragraph 145 of the Fifth Amended Complaint, Apple denies the allegations.

146.    As to paragraph 146 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 146, sentence 1. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 146 and on that basis denies them.

147.    As to paragraph 147 of the Fifth Amended Complaint, Apple admits the allegations in paragraph 147, sentence 1. Apple denies the remaining allegations in paragraph

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    147.

2         148.    As to paragraph 148 of the Fifth Amended Complaint, Apple admits that, before

3    joining Apple's board, Sugar was the CEO of Northrop Grumman. On information and belief,

4    Apple admits that Northrop Grumman is the Responsible Party for the TRW Microwave, Inc.

5    Superfund site. Unless specifically admitted, Apple denies the remaining allegations in paragraph

6    148.

7         149.    As to paragraph 149 of the Fifth Amended Complaint, Apple denies the allegations

8    in paragraph 149.

9         150.    As to paragraph 150 of the Fifth Amended Complaint, Apple lacks knowledge or

10   information sufficient to admit or deny the allegations and on that basis denies them.

11        151.    As to paragraph 151 of the Fifth Amended Complaint, Apple admits that the

12   August 23, 2021 news article exists and that it speaks for itself. Apple denies the allegations in

13   paragraph 151 to the extent they contradict or mischaracterize the emails.

14        152.    As to paragraph 152 of the Fifth Amended Complaint, Apple admits, on

15   information and belief, that on or about August 26, 2021, Plaintiff filed a charge in NLRB Case

16   No. 32-CA-282142 against Apple alleging certain violations of Section 8(a)(1) of the National

17   Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1). Apple lacks knowledge or information

18   sufficient to admit or deny whether she posted comments on Twitter about filing the charge and

19   on that basis denies those allegations. Unless specifically admitted, Apple denies the remaining

20   allegations in paragraph 152, sentence 1. Apple denies the allegations in paragraph 152, sentence

21   2. On information and belief, Apple admits that on or about August 30, 2021, McDermott, Will &

22   Emery, its former counsel in the NLRB charges filed by Plaintiff, filed a notice of appearance in

23   NLRB Case No. 32-CA-282142. Unless specifically admitted, Apple denies the remaining

24   allegations in paragraph 152, sentence 3.

25        153.    As to paragraph 153 of the Fifth Amended Complaint, Apple admits that it

26   terminated Plaintiff's employment on September 9, 2021, effective September 10, 2021. Unless

27   specifically admitted, Apple denies the remaining allegations in paragraph 153.

28        154.    As to paragraph 154 of the Fifth Amended Complaint, Apple lacks knowledge or

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    information sufficient to admit or deny the allegations and on that basis denies those allegations.

2          155.    As to paragraph 155 of the Fifth Amended Complaint, Apple admits the

3    allegations.

4          156.    As to paragraph 156 of the Fifth Amended Complaint, Apple lacks knowledge or

5    information sufficient to admit or deny the allegations and on that basis denies them.

6          157.    As to paragraph 157 of the Fifth Amended Complaint, Apple admits that in August

7    2021, Plaintiff was a recipient of three mass internal emails and states that the emails speak for

8    themselves. Apple denies the allegations in paragraph 157 to the extent they contradict or

9    mischaracterize the emails. Unless specifically admitted, Apple denies the remaining allegations

10   in paragraph 157.

11         158.    As to paragraph 158 of the Fifth Amended Complaint, Apple lacks knowledge or

12   information sufficient to admit or deny the allegations in paragraph 158, sentence 1 and on that

13   basis denies them. Apple denies the remaining allegations in paragraph 158.

14         159.    As to paragraph 159 of the Fifth Amended Complaint, Apple admits that around

15   August 30, 2021, Plaintiff shared an article titled, "Apple cares about privacy, unless you work at

16   Apple" and states that the article speaks for itself. Unless specifically admitted, Apple denies the

17   remaining allegations in paragraph 159.

18         160.    As to paragraph 160 of the Fifth Amended Complaint, Apple states that Plaintiff's

19   tweet sharing the "Apple cares about privacy..." article speaks for itself. Apple denies the

20   allegations in paragraph 160, sentence 1 to the extent they contradict or mischaracterize the tweet.

21   To the extent paragraph 160, sentence 1 refers to other "posts," Apple lacks knowledge or

22   information sufficient to admit or deny the allegations in that sentence and on that basis Apple

23   denies them. Apple denies the allegations in paragraph 160, sentence 2.

24         161.    As to paragraph 161 of the Fifth Amended Complaint, Apple states that the "Apple

25   cares about privacy..." article speaks for itself. Apple denies the allegations to the extent they

26   contradict or mischaracterize the article.

27         162.    As to paragraph 162 of the Fifth Amended Complaint, Apple lacks knowledge or

28   information sufficient to admit or deny the allegations and on that basis denies them.

- 24 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

163.    As to paragraph 163 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 163, sentences 1 and 2 and on that basis denies them. On information and belief, Apple admits that on or around September 3, 2021, Reuters published an article and that it speaks for itself. Apple denies the allegations in paragraph 163, sentence 3 to the extent they contradict or mischaracterize the article. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 163, sentence 3 and on that basis denies those allegations.

164.    As to paragraph 164 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

165.    As to paragraph 165 of the Fifth Amended Complaint, Apple admits that Okpo contacted Plaintiff on September 3, 2021 and September 7, 2021, asking to meet. Apple admits that on September 3, 2021 and on September 7, 2021, Plaintiff made a request to Okpo that they keep their exchanges in writing. Unless specifically admitted, Apple denies the remaining allegations in paragraph 165.

166.    As to paragraph 166 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

167.    As to paragraph 167 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

168.    As to paragraph 168 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

169.    As to paragraph 169 of the Fifth Amended Complaint, Apple admits that a former administrative assistant in West's organization filed a complaint against Apple. Apple denies Plaintiff's characterization of it and all other remaining allegations in this paragraph.

170.    As to paragraph 170 of the Fifth Amended Complaint, Apple admits that a former administrative assistant in West's organization filed a complaint against Apple. Apple further admits that the administrative assistant ultimately voluntarily resigned her Apple employment and later filed a complaint against Apple. Apple admits that the parties in that matter reached a resolution of the claims that resulted in the filing of a notice of settlement. Apple lacks knowledge

- 25 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-CV-4597-EMC

or information sufficient to admit or deny whether Plaintiff posted material on Twitter about that matter or whether she messaged a current employee certain legal filings and on that basis denies those allegations. Apple denies Plaintiff's characterization of that matter and all other remaining allegations in this paragraph.

171.     As to paragraph 171 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

172.     As to paragraph 172 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

173.     As to paragraph 173 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them. Regarding footnote 30, Apple admits that certain allegations in the Complaint and Corrected Complaint in NLRB Case No. 32-CA-284428 related to policies about searches of electronic devices. The Complaint and Corrected Complaint in NLRB Case No. 32-CA-284428 asserted that such policies violated Section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1). Answering further, that Complaint and Corrected Complaint contain allegations that the NLRB has determined should be submitted to an administrative hearing and do not have any preclusive effect. In its Answer to the Corrected Complaint, Apple denied the allegations relating to such policies. Apple denies that it committed any unfair labor practices. Unless specifically admitted, Apple denies the remaining allegations in footnote 30.

174.     As to paragraph 174 of the Fifth Amended Complaint, Apple admits that Kagramanov emailed Plaintiff on the alleged date and time but denies the remaining allegations in paragraph 174, sentence 1. Apple lacks knowledge or information sufficient to admit or deny whether Plaintiff knew or "did not know the team" and on that basis denies that allegation. Apple admits the remaining allegations in paragraph 174, sentence 2. Apple admits the allegations in paragraph 174, sentences 3 and 4. Apple denies the allegations in paragraph 174, sentence 5.

175.     As to paragraph 175 of the Fifth Amended Complaint, Apple admits that Plaintiff emailed Kagramanov at the alleged time and states that the email speaks for itself. Apple denies the allegations in paragraph 175 to the extent they contradict or mischaracterize the email. Apple

APPLE'S ANSWER TO 5AC
CASE NO. 23-CV-4597-EMC

1    lacks knowledge or information sufficient to admit or deny whether she was "certain she was

2    about to be fired" and on that basis denies that allegation.

3        176.    As to paragraph 176 of the Fifth Amended Complaint, Apple admits that

4    Kagramanov did not respond to Plaintiff's 2:10 PM email before Plaintiff emailed Kagramanov at

5    2:27 PM. Apple states that Plaintiff's 2:27 PM email speaks for itself. Apple denies the

6    allegations in paragraph 176, sentence 1 to the extent they contradict or mischaracterize the email.

7    Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph

8    176, sentence 2 and on that basis denies them.

9        177.    As to paragraph 177 of the Fifth Amended Complaint, Apple denies the allegations

10   in paragraph 177, sentence 1. Apple states that the statute cited in footnote 32 speaks for itself.

11   Apple denies the allegations in footnote 32 to the extent they contradict or mischaracterize the

12   statute. Apple lacks knowledge or information sufficient to admit or deny the remaining

13   allegations in paragraph 177 and on that basis denies them.

14       178.    As to paragraph 178 of the Fifth Amended Complaint, Apple admits the

15   allegations in paragraph 178, sentence 1. Apple denies the remaining allegations in paragraph

16   178.

17       179.    As to paragraph 179 of the Fifth Amended Complaint, Apple denies the allegations

18   in paragraph 179, sentences 1 and 3. Apple admits the allegations in paragraph 179, sentence 2.

19       180.    As to paragraph 180 of the Fifth Amended Complaint, Apple admits that Plaintiff

20   emailed Kagramanov at the alleged time and states that the email speaks for itself. Apple denies

21   the allegations to the extent they contradict or mischaracterize the email. Plaintiff lacks

22   knowledge or information sufficient to admit or deny the allegation in the final sentence of

23   paragraph 180 and on that basis denies it.

24       181.    As to paragraph 181 of the Fifth Amended Complaint, Apple admits the

25   allegations.

26       182.    As to paragraph 182 of the Fifth Amended Complaint, Apple lacks knowledge or

27   information sufficient to admit or deny the allegations and on that basis denies them.

28       183.    As to paragraph 183 of the Fifth Amended Complaint, Apple admits that on

- 27 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

September 9, 2021, Yannick Bertolus (the Vice President in the department for which Plaintiff worked) emailed Plaintiff and attached a letter providing reasons for Apple's decision to end her employment. Unless specifically admitted, Apple denies the remaining allegations in paragraph 183.

184.    As to paragraph 184 of the Fifth Amended Complaint, Apple admits that on the alleged date and time, David R. Eberhart of O'Melveny & Myers LLP emailed Plaintiff on behalf of Apple and states that the email speaks for itself. Apple denies the allegations to the extent they contradict or mischaracterize the email. Apple denies the allegations in footnote 33.

185.    As to paragraph 185 of the Fifth Amended Complaint, on information and belief, Apple admits that Plaintiff deleted the two Twitter posts that Eberhart referenced in his September 15, 2021 email. Apple admits that on October 6, 2021, an attorney, David L. Hecht, emailed Eberhart on Plaintiff's behalf. On information and belief, Apple admits that Eberhart did not respond to Hecht's email. Apple admits that the four screenshots show some but not all features of the four posts that included content that Eberhart requested her to remove. Unless specifically admitted, Apple denies the remaining allegations in paragraph 185.

186.    As to paragraph 186 of the Fifth Amended Complaint, Apple admits that on that date, Apple CEO Tim Cook emailed all Apple staff and states that the email speaks for itself. Apple denies the allegations to the extent they contradict or mischaracterize the email.

187.    As to paragraph 187 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

188.    As to paragraph 188 of the Fifth Amended Complaint, on information and belief, Apple admits that on May 20, 2022, the U.S. EPA sent a letter to Northrop Grumman and states that the letter speaks for itself. Apple denies the allegations to the extent they contradict or mischaracterize the letter. Apple denies the allegations in paragraph 188, sentence 2.

189.    As to paragraph 189 of the Fifth Amended Complaint, on information and belief, Apple admits that attached to the May 20, 2022 letter is a memorandum and states that the memorandum speaks for itself. Apple denies the allegations to the extent they contradict or mischaracterize the memorandum. Apple lacks knowledge or information sufficient to admit or

- 28 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-CV-4597-EMC

deny whether the memorandum was prepared by "the EPA's team of vapor intrusion experts" and on that basis denies those allegations. Apple denies the allegations in paragraph 189, sentence 2.

190.    As to paragraph 190 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

191.    As to paragraph 191 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

192.    As to paragraph 192 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 192, sentences 1 and 3 and on that basis denies them. Apple lacks knowledge or information sufficient to admit or deny whether the agency rejected her claim and on that basis denies that allegation. Apple denies the remaining allegations in paragraph 193, sentence 2.

193.    As to paragraph 193 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

194.    As to paragraph 194 of the Fifth Amended Complaint, Apple admits, on information and belief, that on or about October 12, 2021, Plaintiff filed a charge in NLRB Case No. 32-CA-284441, relating to an email sent by Tim Cook, Apple's Chief Executive Officer, regarding the leak of information from a town hall meeting on September 17, 2021. On information and belief, Apple admits that in or about January 2023, the NLRB issued merit findings regarding NLRB Case No. 32-CA-284441. Answering further, those merit findings are a decision to issue a Complaint and do not have any preclusive effect. Apple admits, on information and belief, that on or about October 12, 2021, Plaintiff filed a charge in NLRB Case No. 32-CA-284428, relating to certain employment policies and agreements maintained by Apple. Answering further, NLRB Region 21 issued a Complaint in NLRB Case No. 32-CA-284428 on September 27, 2024, and a Corrected Complaint in that case on October 3, 2024. Answering further, that Complaint and Corrected Complaint contain allegations that the NLRB has determined should be submitted to an administrative hearing and do not have any preclusive effect. Answering further, the Complaint issued by the NLRB on September 27, 2024 and Corrected Complaint issued on October 3, 2024 only identified NLRB Case No. 32-CA-284428 and no other case. Apple denied

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

the substantive allegations in its Answer to the Corrected Complaint. Apple admits, on information and belief, that on or about January 10, 2022, Plaintiff filed a charge in NLRB Case No. 32-CA-288816, in which she raised allegations under Sections 8(a)(1) and 8(a)(4) of the NLRA, 29 U.S.C. §§ 158(a)(1) and (4). Answering further, Apple states that on or about October 17, 2024, it received a letter from NLRB Region 21 informing that Plaintiff had withdrawn NLRB Case No. 32-CA-288816 in its entirety. Apple denies that it committed any unfair labor practices. Apple lacks knowledge or information sufficient to admit or deny whether Plaintiff filed "California Department of Labor charges" and on that basis denies those allegations. Unless specifically admitted, Apple denies the remaining allegations in paragraph 194.

195.    As to paragraph 195 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 195, sentence 1 and on that basis denies them. On information and belief, Apple admits that on August 31, 2023, the U.S. EPA published a letter and states that the letter speaks for itself. Apple denies the allegations to the extent they contradict or mischaracterize the letter. Unless specifically admitted, Apple denies the remaining allegations in paragraph 195, sentence 2.

196.    As to paragraph 196 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them. Apple denies the allegations in footnote 39.

197.    As to paragraph 197 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

198.    As to paragraph 198 of the Fifth Amended Complaint, on information and belief, Apple admits that around September 27, 2024, the U.S. EPA published the "Sixth Five-Year Review Report for the [Triple Site]," including the TRW Microwave, Inc. Superfund site, and states that the report speaks for itself. Apple denies the allegations to the extent they contradict or mischaracterize the report.

199.    As to paragraph 199 of the Fifth Amended Complaint, Apple denies the allegations.

200.    As to paragraph 200 of the Fifth Amended Complaint, Apple lacks knowledge or

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1   information sufficient to admit or deny the allegations and on that basis denies them.

2     201. As to paragraph 201 of the Fifth Amended Complaint, Apple admits that NLRB

3   Region 21 issued a Complaint in NLRB Case No. 32-CA-284428 on September 27, 2024, and a

4   Corrected Complaint in that case on October 3, 2024, and that the allegations set forth in the

5   Complaint and Corrected Complaint relate to certain policies and agreements maintained by

6   Apple. Answering further, that Complaint and Corrected Complaint contain allegations that the

7   NLRB has determined should be submitted to an administrative hearing and do not have any

8   preclusive effect. Answering further, Apple denied the allegations in the Corrected Complaint.

9   Apple denies that it committed any unfair labor practices. Unless specifically admitted, Apple

10  denies the remaining allegations in paragraph 201.

11    202. As to paragraph 202 of the Fifth Amended Complaint, on information and belief,

12  Apple admits that in or about January 2023, the NLRB issued merit findings regarding NLRB

13  Case No. 32-CA-284441. Answering further, those merit findings are a decision to issue a

14  Complaint and do not have any preclusive effect. Apple denies that it committed any unfair labor

15  practices. Unless specifically admitted, Apple denies the remaining allegations in paragraph 202.

16    203. As to paragraph 203 of the Fifth Amended Complaint, Apple admits that it was

17  informed by NLRB Region 21 of certain merit findings relating to allegations about the alleged

18  suspension of Plaintiff in NLRB Case No. 32-CA-282142, as well as the termination of Plaintiff's

19  employment in NLRB Case No. 32-CA-283161, including but not limited to an October 15, 2024

20  email from an attorney at NLRB Region 21 identifying certain merit findings. Answering further,

21  those merit findings are a decision to issue a Complaint and do not have any preclusive effect.

22  Apple denies that it committed any unfair labor practices. Unless specifically admitted, Apple

23  denies the remaining allegations in paragraph 203, sentence 1. With respect to paragraph 203,

24  sentence 2, Apple denies that it committed any unfair labor practices. Apple otherwise lacks

25  knowledge or information sufficient to admit or deny the allegations in paragraph 203, sentence 2

26  and on that basis denies them.

27           **LEGAL CLAIMS**

28    204. As to paragraph 204 of the Fifth Amended Complaint, Apple incorporates by

reference its responses to the preceding paragraphs as if fully set forth below. Apple denies that it

has concealed material facts. Apple has identified those who were involved in making the

decision to terminate Plaintiff's employment. No further response is required to Plaintiff's

allegations of "fraudulent concealment," "continuing violations," and "the discovery rule," as the

allegations pertain to Plaintiff's counts five and six, which have been dismissed with prejudice.

No response is required to Plaintiff's allegations of "equitable tolling," as Judge Chen ruled on

this issue in his February 27, 2025 order.

205.    As to paragraph 205 of the Fifth Amended Complaint, no response is required to

Plaintiff's allegations of "equitable tolling," as Judge Chen ruled on this issue in his February 27,

2025 order. Apple denies the allegations in paragraph 205, sentence 2. Apple admits the

allegations in paragraph 205, sentence 3.

## KNOWLEDGE OF PROTECTED ACTIVITIES

206.    As to paragraph 206 of the Fifth Amended Complaint, Apple denies the allegations

in paragraph 206, sentences 1, 3, and 6. On information and belief, Apple admits that Plaintiff

talked to the press. Apple admits that in July 2021 the New York Times quoted Plaintiff and that

the quote speaks for itself. Apple denies the allegations in paragraph 206, sentence 2 to the extent

they contradict or mischaracterize the quote. On information and belief, Apple admits that certain

press outlets covered Plaintiff on various dates in August and September 2021. Apple lacks

knowledge or information sufficient to admit or deny whether such press outlets covered

Plaintiff's social media posts and on that basis denies those allegations. Unless specifically

admitted, Apple denies the remaining allegations in paragraph 206, sentence 4. On information

and belief, Apple admits the allegations in paragraph 206, sentence 5.

207.    As to paragraph 207 of the Fifth Amended Complaint, Apple denies the

allegations.

208.    As to paragraph 208 of the Fifth Amended Complaint, Apple denies that Okpo

"put" Plaintiff on leave; Plaintiff requested to be on paid administrative leave. Apple lacks

knowledge or information sufficient to admit or deny the remaining allegations in paragraph 208,

sentence 1 and on that basis denies them. Apple lacks knowledge or information sufficient to

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    admit or deny the allegations in paragraph 208, sentence 2 and on that basis denies them. Apple

2    denies the allegations in paragraph 208, sentence 3. Regarding footnote 44, Apple admits that it

3    was informed by NLRB Region 21 of merit findings relating to certain allegations presented in

4    NLRB Case Nos. 32-CA-282142 and 32-CA-283161, including but not limited to an October 15,

5    2024 email from an attorney at NLRB Region 21 identifying certain merit findings. Answering

6    further, those merit findings are a decision to issue a Complaint and do not have any preclusive

7    effect. Apple admits that an email sent by Okpo to Plaintiff on or about August 5, 2021 was

8    identified in the Complaint issued by the NLRB on December 18, 2024 in NLRB Case Nos. 32-

9    CA-282142 and 32-CA-283161 as an alleged violation of Section 8(a)(1) of the NLRA, 29 U.S.C.

10   § 158(a)(1). Answering further, that Complaint contains allegations that the NLRB has

11   determined should be submitted to an administrative hearing and does not have any preclusive

12   effect. In its Answer to the Complaint, Apple denied the substantive allegations relating to Okpo.

13   Apple denies that it committed any unfair labor practices. Unless specifically admitted, Apple

14   denies the remaining allegations in footnote 44.

15          209.    As to paragraph 209 of the Fifth Amended Complaint, Apple lacks knowledge or

16   information sufficient to admit or deny the allegations and on that basis denies them.

17          210.    As to paragraph 210 of the Fifth Amended Complaint, Apple denies the

18   allegations.

19          211.    As to paragraph 211 of the Fifth Amended Complaint, Apple admits that one of

20   the reasons for the termination of Plaintiff's employment was her failure to participate in an

21   Employee Relations investigation, including actively redacting relevant information from

22   documents that she presented to Apple's ER Investigator. Unless specifically admitted, Apple

23   denies the remaining allegations of paragraph 211, sentences 1 and 2. Apple admits that Plaintiff

24   redacted portions of certain internal records that she posted on Twitter but denies that she fully

25   redacted those records. Apple denies the allegations in paragraph 211, sentences 4 and 5. Plaintiff

26   was informed that Apple "found that [she] failed to cooperate and to provide accurate and

27   complete information during the Apple investigatory process."

28          212.    As to paragraph 212 of the Fifth Amended Complaint, Apple lacks knowledge or

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    information sufficient to admit or deny what Appleseed did and on that basis denies those

2    allegations. Apple denies the remaining allegations in paragraph 212.

3    **COUNT ONE: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

4    213.    As to paragraph 213 of the Fifth Amended Complaint, Apple denies the allegations

5    in paragraph 213, sentences 1 and 2. The remaining sentences in paragraph 213 call for legal

6    conclusions to which no response is required.

7    214.    As to paragraph 214 of the Fifth Amended Complaint, Apple denies the

8    allegations.

9    215.    As to paragraph 215 of the Fifth Amended Complaint, Apple denies the

10   allegations.

11   216.    As to paragraph 216 of the Fifth Amended Complaint, Apple denies the

12   allegations.

13   217.    As to paragraph 217 of the Fifth Amended Complaint, Apple denies the

14   allegations.

15   218.    As to paragraph 218 of the Fifth Amended Complaint, Apple lacks knowledge or

16   information sufficient to admit or deny the allegations in paragraph 218, sentence 1 and on that

17   basis denies them. Apple denies the allegations in paragraph 218, sentence 2. Prior to using

18   Gobbler app, Plaintiff signed a User Study Informed Consent, which explained that her decision

19   to participate in the study was completely voluntary. The User Study Informed Consent informed

20   her that the app would capture photos and video while she interacted with her phone and that she

21   would be able to review each capture and decide whether to remove it. Apple denies the

22   allegations in paragraph 218, sentences 3 and 4. The statement in paragraph 218, sentence 5 calls

23   for a legal conclusion to which no response is required. To the extent a response is required,

24   Apple denies any characterization inconsistent with applicable law.

25   219.    As to paragraph 219 of the Fifth Amended Complaint, Apple denies the allegations

26   in paragraph 219, sentence 1. The statement in paragraph 219, sentence 2 calls for a legal

27   conclusion to which no response is required. To the extent a response is required, Apple denies

28   any characterization inconsistent with applicable law.

APPLE'S ANSWER TO 5AC
                                                    CASE NO. 23-cv-4597-EMC

220.    As to paragraph 220 of the Fifth Amended Complaint, Apple admits that Plaintiff expressed purported concerns about alleged sex, gender, and disability discrimination. Apple admits that on September 9, 2021, Plaintiff filed a charge of discrimination with the EEOC and states that the charge speaks for itself. Apple denies the allegations in paragraph 220, sentence 1 to the extent they contradict or mischaracterize the EEOC charge. The allegation that Plaintiff exercised "fundamental rights" calls for a legal conclusion to which no response is required. To the extent a response is required, Apple denies any characterization inconsistent with applicable law. Apple lacks knowledge or information sufficient to admit or deny whether she "testified" and on that basis denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 220, sentence 2 and 3 and on that basis denies them. Apple denies the allegations in paragraph 220, sentence 4. Apple admits that, before the termination of her employment, Plaintiff filed a discrimination charge in NLRB Case No. 32-CA-282142, the same charge referenced above in paragraph 152, sentence 1. Apple denies that it committed any unfair labor practices. Apple lacks knowledge or information sufficient to admit or deny whether, before the termination of her employment, Plaintiff filed an employment discrimination claim with the U.S. Department of Justice Civil Rights Division and on that basis denies those allegations. Unless specifically admitted, Apple denies the remaining allegations in paragraph 220.

221.    As to paragraph 221 of the Fifth Amended Complaint, Apple denies the allegations.

222.    As to paragraph 222 of the Fifth Amended Complaint, Apple denies the allegations.

223.    As to paragraph 223 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 223, sentence 1. Apple admits that West and Plaintiff texted about Plaintiff speaking with politicians. Unless specifically admitted, Apple denies the remaining allegations in paragraph 223.

224.    As to paragraph 224 of the Fifth Amended Complaint, Apple denies the allegations.

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

225.     As to paragraph 225 of the Fifth Amended Complaint, Apple admits the allegations in paragraph 225, sentence 1. Apple denies the remaining allegations in paragraph 225.

## COUNT TWO: CALIFORNIA WHISTLEBLOWER PROTECTION (CAL. LABOR CODE § 1102.5)

226.     As to paragraph 226 of the Fifth Amended Complaint, Apple incorporates by reference its responses to the preceding paragraphs as if fully set forth below. Apple denies the allegations in paragraph 226.

227.     As to paragraph 227 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 227, sentence 1. Apple lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 227 and on that basis denies them.

228.     As to paragraph 228 of the Fifth Amended Complaint, Apple denies the allegations.

229.     As to paragraph 229 of the Fifth Amended Complaint, Apple denies the allegations.

230.     As to paragraph 230 of the Fifth Amended Complaint, Apple denies that at any time prior to the termination of her employment, Plaintiff complained to Apple of purported violations of environmental laws and the anti-retaliation provisions of environmental regulations. Apple lacks knowledge and information as to whether, at any time prior to the termination of her employment, Plaintiff complained to others of such purported violations and on that basis denies those allegations. Apple admits that around August 29, 2021, Plaintiff filed a complaint with the Occupational Safety and Health Administration's Whistleblower Protection Program (part of the U.S. Department of Labor). Apple lacks knowledge or information sufficient to admit or deny whether, around August 29, 2021, Plaintiff filed a complaint with the U.S. EPA or CalEPA and on that basis Apple denies those allegations. Apple admits, on information and belief, that on or about August 26, 2021, Plaintiff filed a charge in NLRB Case No. 32-CA-282142 against Apple alleging certain violations of Section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1), the same charge referenced above in paragraph 152, sentence 1. Apple denies that it committed any unfair

labor practices. Unless specifically admitted, Apple denies the remaining allegations in paragraph 230, sentence 3. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 230, sentence 4 and on that basis denies them. Regarding footnote 46, Apple admits, on information and belief, that on or about August 26, 2021, Plaintiff filed a charge in NLRB Case No. 32-CA-282142 against Apple alleging certain violations of Section 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), the same charge referenced in paragraph 152, sentence 1. Apple admits that the NLRB issued a Complaint covering certain allegations in NLRB Case Nos. 32-CA-282142 and 32-CA-283161 on December 18, 2024, and that Complaint included a Notice of Hearing setting a trial before an administrative law judge on August 4, 2025. Answering further, that Complaint contains allegations that the NLRB has determined should be submitted to an administrative hearing and does not have any preclusive effect. Apple further answers that in its Answer to that Complaint it denied the substantive allegations relating to NLRB Case Nos. 32-CA-282142 and 32-CA-283161. Apple denies that it committed any unfair labor practices. Apple lacks knowledge or information sufficient to admit or deny the allegations relating to Plaintiff's communications with the NLRB and on that basis denies them. Unless specifically admitted, Apple denies the remaining allegations in footnote 46. Apple lacks knowledge or information sufficient to admit or deny whether Plaintiff filed Cal/OSHA HazCom complaints and on that basis denies those allegations. Unless specifically admitted, Apple denies the remaining allegations in paragraph 230.

231.    As to paragraph 231 of the Fifth Amended Complaint, Apple denies that at any time prior to the termination of her employment, Plaintiff complained to Apple of purported violations of 29 U.S.C. § 660. Apple lacks knowledge or information sufficient to admit or deny whether, at any time prior to the termination of her employment, Plaintiff complained to others of such purported violations and on that basis denies those allegations. Apple admits that, prior to the termination of her employment, Plaintiff filed a complaint with the Occupational Safety and Health Administration's Whistleblower Protection Program (part of the U.S. Department of Labor) and a complaint with the California Department of Industrial Relations. Apple lacks knowledge or information sufficient to admit or deny whether Plaintiff initiated proceedings with

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    a Wage and Hour investigator and on that basis denies those allegations. Unless specifically

2    admitted, Apple denies the remaining allegations in paragraph 231.

3          232.   As to paragraph 232 of the Fifth Amended Complaint, Apple denies that at any

4    time prior to the termination of her employment, Plaintiff complained to Apple of purported

5    violations of the California Constitution's right to privacy. Apple lacks knowledge or information

6    sufficient to admit or deny whether, at any time prior to the termination of her employment,

7    Plaintiff complained to others of such purported violations and on that basis denies those

8    allegations. Apple denies that in August 2021, Plaintiff made a complaint to Apple management

9    pertaining to her right to privacy. On information and belief, Apple admits that Plaintiff "help[ed]

10   [a reporter] with" an article published on August 30, 2021 titled, "Apple cares about privacy,

11   unless you work at Apple" and "gave [the reporter] [Gobbler] details" and "let[] [the reporter]

12   include a few pics from [Gobbler]" in the article. Apple lacks knowledge or information sufficient

13   to admit or deny whether Plaintiff "shared concerns" with the reporter and on that basis denies

14   those allegations. Apple lacks knowledge or information sufficient to admit or deny whether, in

15   August - September 2021, Plaintiff made complaints on social media pertaining to her right to

16   privacy and on that basis denies those allegations. Unless specifically admitted, Apple denies the

17   remaining allegations in paragraph 232.

18         233.   As to paragraph 233 of the Fifth Amended Complaint, Apple denies that at any

19   time prior to the termination of her employment, Plaintiff complained to Apple of purported

20   violations of 42 U.S.C. § 2000e or California Government Code § 12920 anti-discrimination

21   laws. Apple lacks knowledge and information as to whether, at any time prior to the termination

22   of her employment, Plaintiff complained to others of such purported violations and on that basis

23   denies those allegations. Apple lacks knowledge or information sufficient to admit or deny the

24   remaining allegations in paragraph 233 and on that basis denies them.

25         **COUNT THREE: CALIFORNIA LABOR CODE § 6310**

26         234.   As to paragraph 234 of the Fifth Amended Complaint, Apple denies the

27   allegations.

28         235.   As to paragraph 235 of the Fifth Amended Complaint, Apple denies the

- 38 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-CV-4597-EMC

1    allegations.

2    236.    As to paragraph 236 of the Fifth Amended Complaint, Apple admits that, prior to

3    the termination of Plaintiff's employment, Apple knew about certain of Plaintiff's complaints. On

4    information and belief, Apple admits that around August 29, 2021, Plaintiff filed a retaliation

5    complaint with the California Department of Industrial Relations. Apple admits that, prior to the

6    termination of her employment, Plaintiff expressed purported concerns about work conditions to

7    Apple. On information and belief, Apple admits that, prior to the termination of her employment,

8    Plaintiff expressed purported concerns about work conditions to the U.S. EPA. Apple lacks

9    knowledge or information sufficient to admit or deny whether, prior to the termination of her

10   employment, Plaintiff expressed concerns about work conditions to the California EPA and

11   OSHA and on that basis denies those allegations. Unless specifically admitted, Apple denies the

12   remaining allegations in paragraph 236.

13   237.    As to paragraph 237 of the Fifth Amended Complaint, Apple denies the

14   allegations.

15   238.    As to paragraph 238 of the Fifth Amended Complaint, Apple denies the

16   allegations.

17   **COUNT FOUR: CALIFORNIA LABOR CODE § 98.6**

18   239.    As to paragraph 239 of the Fifth Amended Complaint, Apple denies the allegations

19   in paragraph 239, sentence 1. On information and belief, Apple admits that on August 29, 2021,

20   Plaintiff filed a complaint with the California Department of Industrial Relations, Labor

21   Commissioner's Office. Unless specifically admitted, Apple denies the remaining allegations in

22   paragraph 239, sentence 2.

23   240.    As to paragraph 240 of the Fifth Amended Complaint, Apple denies the

24   allegations.

25   241.    As to paragraph 241 of the Fifth Amended Complaint, Apple denies the

26   allegations.

27   242.    As to paragraph 242 of the Fifth Amended Complaint, Apple denies the

28   allegations.

APPLE'S ANSWER TO 5AC
CASE NO. 23-CV-4597-EMC

4137-2412-5274

243.    As to paragraph 243 of the Fifth Amended Complaint, Apple denies the allegations.

244.    As to paragraph 244 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations and on that basis denies them.

245.    As to paragraph 245 of the Fifth Amended Complaint, Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 245, sentences 1 and 3 and on that basis denies them. Apple denies the remaining allegations in paragraph 245.

246.    As to paragraph 246 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 246, sentences 1 and 2. Apple lacks knowledge or information sufficient to admit or deny the allegations in paragraph 246, sentences 3 and 4 and on that basis denies them. No response is required for paragraph 246, sentence 5 because it has been stricken. Apple admits it has admitted that, prior to terminating Plaintiff's employment, it reviewed certain of Plaintiff's public posts on social media. Unless specifically admitted, Apple denies the remaining allegations in paragraph 246, sentence 6.

247.    As to paragraph 247 of the Fifth Amended Complaint, Apple denies the allegations.

248.    As to paragraph 248 of the Fifth Amended Complaint, Apple denies the allegations.

249.    As to paragraph 249 of the Fifth Amended Complaint, Apple denies the allegations in paragraph 249, sentences 1, 2, 3, and 4. Apple admits that Apple told Plaintiff that the paid administrative leave that she had requested "ensures that [she] [is] removed from the workplace[.]" Unless specifically admitted, Apple denies the remaining allegations in paragraph 249, sentence 5. The statement in paragraph 249, sentence 6 calls for a legal conclusion to which no response is required. To the extent a response is required, Apple denies any characterization inconsistent with applicable law. Moreover, to the extent Plaintiff alleges that Apple refused to let Plaintiff return to work, Apple denies such allegations. The statement in paragraph 249, sentence 7 calls for a legal conclusion to which no response is required. To the extent a response is required, Apple denies any characterization inconsistent with applicable law.

1    250.    As to paragraph 250 of the Fifth Amended Complaint, Apple denies the

2  allegations.

3    251.    As to paragraph 251 of the Fifth Amended Complaint, Apple denies the

4  allegations.

5    252.    As to paragraph 252 of the Fifth Amended Complaint, Apple denies the allegations

6  in paragraph 252, sentence 1 and 2. The statement in paragraph 252, sentence 3 calls for a legal

7  conclusion, to which no response is required. To the extent a response is required, Apple denies

8  any characterization inconsistent with applicable law.

9    253.    As to paragraph 253 of the Fifth Amended Complaint, Apple denies the

10  allegations.

11    254.    As to paragraph 254 of the Fifth Amended Complaint, Apple denies the

12  allegations.

13    255.    As to paragraph 255 of the Fifth Amended Complaint, Apple denies the

14  allegations.

15  **TOXIC TORT TOLLING THEORIES; COUNT FIVE: PRIVATE NUISANCE; COUNT**

16  **SIX: TORT OF FEAR OF CANCER & DISEASE; COUNT SEVEN: TORT OF**

17  **OUTRAGE; VICARIOUS LIABILITY, RATIFICATION, & NEGLIGENCE**

18    256.    As to paragraphs 256-352 of the Fifth Amended Complaint, no response is

19  required, as the allegations pertain to Plaintiff's counts five, six, and/or seven, which have been

20  dismissed with prejudice.

21  **CONCLUSION & PRAYER FOR RELIEF**

22    Apple denies that Plaintiff is entitled to any of the relief she seeks.

23  **AFFIRMATIVE DEFENSES**

24    Apple asserts the following defenses to the Fifth Amended Complaint and each of its

25  purported causes of action, without conceding that it bears the burden of proof or persuasion as to

26  any one of them. Apple reserves the right to assert additional affirmative and other defenses that

27  become known through the course of discovery or otherwise.

28    1.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

4137-2412-5274

1    Apple alleges that Plaintiff fails to state facts sufficient to constitute a cognizable claim for relief.

2        2.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

3    Apple alleges that no conduct by or attributable to it was the cause in fact or legal cause of the

4    damages, if any, suffered by Plaintiff.

5        3.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

6    Apple alleges that, should it be determined that Plaintiff was damaged, then said damages were

7    proximately caused by Plaintiff's own conduct.

8        4.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

9    Apple alleges that Plaintiff was an at-will employee with no entitlement to continued employment

10   pursuant to Labor Code section 2922.

11       5.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

12   Apple alleges that Plaintiff consented to certain of the conduct that she now claims was wrongful.

13       6.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

14   Apple alleges that recovery in this action by Plaintiff is barred in whole or in part by Plaintiff's

15   failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to

16   her.

17       7.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

18   Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff

19   ceased to be employed by Apple under the doctrine prohibiting double recovery set forth by *Witt*

20   *v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

21       8.    As a separate defense to the Fifth Amended Complaint and to claim therein, Apple

22   alleges that Plaintiff's recovery is barred in whole or in part by her own unclean hands and by

23   the doctrines of unclean hands, *in pari delicto* and/or after-acquired evidence, or in the

24   alternative, these doctrines cut off or reduce her alleged damages.

25       9.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

26   Apple alleges that assuming *arguendo* that discriminatory or retaliatory reasons had been a

27   motivating factor in any employment decision toward Plaintiff (which they were not), Apple

28   would have made the same decisions toward Plaintiff in any case for legitimate, non-

- 42 -

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1    discriminatory and/or non-retaliatory business reasons. *Harris v. City of Santa Monica*, 56 Cal.4th

2    203 (2013).

3        10.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

4    Apple alleges that any alleged action that it took with respect to Plaintiff was privileged and

5    justified and protected by the doctrine of business necessity.

6        11.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

7    Apple alleges that it at all times acted without malice, in good faith, and with reasonable grounds

8    for believing its actions did not violate the law.

9        12.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

10   Apple alleges that Plaintiff's claims are barred in whole or in part by the applicable statutes of

11   limitation, including Cal. Civ. Proc. Code §§ 335.1, 338(a), and 340(a).

12       13.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

13   Apple alleges that any award of punitive damages in this case would violate the due process,

14   equal protection and excessive fines provisions of the California and United States Constitutions.

15       14.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

16   Apple alleges that it was fully justified, and exercised reasonable care, prudence, skill and

17   business judgment with respect to Plaintiff, and any decisions with respect to Plaintiff were made

18   without regard to Plaintiff's alleged disability, national origin, age or other protected basis.

19       15.    As a separate defense to the Fifth Amended Complaint and to each claim therein,

20   Apple alleges that this Court lacks jurisdiction over any claim by Plaintiff for alleged mental,

21   emotional and/or physical distress on the grounds that such claims are subject to the exclusive

22   provisions of the California Workers' Compensation laws. *See* Cal. Labor Code § 3600, *et seq.*

23   Alternatively, Apple alleges that it may be entitled to a setoff for any amounts paid to Plaintiff

24   pursuant to the California Workers' Compensation Act.

25       16.    Apple has insufficient knowledge or information on which to form a belief as to

26   whether it has any additional, as yet unstated, defenses available. Apple reserves the right to

27   assert additional defenses in the event discovery indicates it would be appropriate to do so.

28       ///

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Apple prays that the Court grant the following relief:

3      1.      That the Fifth Amended Complaint be dismissed with prejudice and that Plaintiff

4              take nothing thereby;

5      2.      That judgment be entered in favor of Apple as to all of the causes of action;

6      3.      That Apple be awarded its attorneys' fees and costs of suit; and

7      4.      For such other and further relief as this Court may deem proper.

8

9   Dated: March 13, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11                                    By:      _/s/ Melinda S. Riechert_
                                              MELINDA S. RIECHERT
12                                            Attorneys for Defendant, Apple Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4137-2412-5274

APPLE'S ANSWER TO 5AC
CASE NO. 23-cv-4597-EMC