**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ASHLEY M. GJOVIK,** *an individual*, | **CASE No. 3:23-CV-04597-EMC** |
|  | **PLAINTIFF'S CIVIL LOCAL RULE 7-11 ADMINISTRATIVE MOTION** |
| Plaintiff, |  |
| vs. | **REQUEST FOR RULE 54(B) CERTIFICATION UNDER Fed. R. Civ. P. 54(B)** |
| **APPLE INC.,** *a corporation*, |  |
| Defendant. |  |

# I. PLAINTIFF'S ADMINISTRATIVE MOTION FOR RULE 54(B) CERTIFICATION

1.  Pursuant to Federal Rule of Civil Procedure 54(b) and Civil Local Rule 7-11, Plaintiff, Ashley Gjovik, respectfully moves for certification of final judgment as to certain dismissed claims. This request is made administratively to promote judicial efficiency and to avoid delays in securing appellate review. The dismissed claims involve legally distinct and separate causes of action that have been resolved fully and finally, and there is no just reason for delay in certifying them for appeal.

## II. INTRODUCTION

2.  On Feb. 27 2025, the Court issued an Order at Dkt. No. 179 dismissing a number of Plaintiff's claims with prejudice and without leave to amend. These claims involve distinct legal theories and underlying facts that are independent from the remaining claims in the case. Given that these claims have been fully adjudicated, they meet the criteria for certification under Rule 54(b).

3.  Additionally, Plaintiff requests that this Court certify as final the Oct. 1, 2024 Dismissal Order at Dkt. 112, which dismissed additional claims and is currently the subject of a pending interlocutory appeal (Case No. 24-6058). The Ninth Circuit has indicated concerns regarding the finality of that dismissal order. To ensure proper appellate review, Plaintiff respectfully requests that this Court confirm the finality of that order under Rule 54(b).

4.  Plaintiff filed a Motion to Amend on Jan. 31 2025 at Dkt. No. 155, requesting to replead a number of her claims including under the RICO Act, Dodd-Frank Act, and Bane Civil Rights Act. The court's Feb. 27 2025 (Dkt. No. 179) also denied this request and denied leave to amend, further finalizing these dismissals.

5.  The Ninth Circuit has held that Rule 54(b) certification is appropriate when the dismissed claims are legally and factually separable and when an immediate appeal would promote judicial efficiency. See *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797–98 (9th Cir. 1991); *Frank Briscoe Co. v. Morrison-Knudsen Co.,* 776 F.2d 1414, 1416 (9th Cir. 1985). Since Plaintiff's dismissed claims satisfy these conditions, certification is warranted.

## III. LEGAL STANDARD

6.     Federal Rule of Civil Procedure 54(b) allows a district court to direct entry of final judgment as to certain claims while others remain pending, if the court determines that there is no just reason for delay. The Ninth Circuit has identified two key factors in evaluating such motions:

i.    Finality of the Claims: The claims must be fully resolved and not subject to further litigation in the district court. See *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980).

ii.   No Just Reason for Delay: The court must consider judicial economy and whether an immediate appeal would avoid piecemeal litigation. See *Wood v. GCC Bend, LLC,* 422 F.3d 873, 878 (9th Cir. 2005).

Both factors support granting certification here.

## IV.  ARGUMENT

### A.  The Dismissed Claims Are Fully Resolved and Distinct

7.     The Court has dismissed claims under the RICO Act (18 U.S.C. §§ 1962(a), (c), (d)), Dodd-Frank Act (15 U.S.C. § 78u-6(h)(1)(A)(iii)), Sarbanes-Oxley Act(18 U.S.C. § 1514A), Bane Civil Rights Act (Cal. Civ Code § 52.1), Ralph Civil Rights Act (Cal. Civ Code § 51.7), Cal. Bus. & Prof. Code § 17200, and common law claims of IIED and NIED (fear of cancer and outrageous behavior), ultrahazardous activities, and nuisance (private, absolute, and per se), with prejudice and/or without leave to amend, rendering them final for Rule 54(b) purposes.

8.     Courts routinely certify such claims where they do not overlap factually and legally with remaining claims. See *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Additionally, Defendant Apple Inc. has repeatedly asserted that these claims are legally and factually distinct. In its Motion to Dismiss, Apple argued:

- *"Claims regarding alleged environmental issues at an Apple facility separate from Plaintiff's workplace, and of alleged emotional distress tethered to those issues, are plainly time-barred and should be excised from the case once and for all."* [Dkt. No. 145].

- *"Plaintiff has repeatedly attempted to expand a case that should be centered on the basis for her termination from Apple into a forum to air her sprawling critiques of Apple's environmental practices."* [Dkt. No. 145].

— 2 —

Plaintiff's Rule 54(B) Admin. Motion | Case No. 3:23-CV-04597-EMC

- *"Apple requests that the Court grant its motion and dismiss these claims with prejudice and without any further opportunity to amend, and that the Court direct the parties to proceed on the termination and retaliation-related claims that remain."* [Dkt. No. 145].

The Court's Order Granting Motion to Dismiss further supports this distinction:

- *"Ms. Gjovik's claims for nuisance and IIED (fear of cancer) are time-barred. The Court dismisses with prejudice because it previously gave Ms. Gjovik an opportunity to address the time bar but she failed to do so on amendment."* [Dkt. No. 179].

These statements confirm that the dismissed claims are legally distinct and fully resolved, justifying Rule 54(b) certification.

### B.  THERE IS NO JUST REASON FOR DELAY

9.      Allowing an appeal now would avoid duplicative litigation by resolving dispositive legal issues at the appellate level; prevent undue prejudice to Plaintiff, who would otherwise have to wait until the entire case concludes before appealing claims that are already permanently dismissed; streamline case management, as the remaining claims will proceed regardless of appellate review. It also supports the ends of justice as there were multiple developments following Plaintiff's filing of this lawsuit, including U.S. government and state enforcement actions against the Defendant on the same facts underlying some of Plaintiff's claims she now seeks to appeal. This will allow the U.S. Courts to 'catch up' to these developments and align the legal decisions with government findings, for the purpose of determining sufficient pleading.

10.     As the Northern District of California has recognized, Rule 54(b) certification is appropriate where dismissed claims are distinct, and immediate appellate review serves judicial economy. See *In re Cathode Ray Tube (CRT) Antitrust Litigation,* No. C-07-5944 JST, 2016 WL 6216664 (N.D. Cal. Oct. 25, 2016); *Oakland v. BP p.l.c.,* No. 17-cv-6011-WHA, 2022 WL 1239632 (N.D. Cal. Apr. 27, 2022).

11.     Granting Rule 54(b) certification at this stage will conserve judicial resources by ensuring that the appellate court can address the fully resolved claims now, rather than in a piecemeal and inefficient manner. Courts have repeatedly recognized that delayed appellate review of fully adjudicated claims can lead to duplicative litigation, forcing the parties to re-litigate settled matters at later stages. See *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir. 1991) (recognizing Rule 54(b) certification as appropriate to avoid

*"piecemeal litigation"* when dismissed claims are distinct from pending claims). Given that the dismissed claims in this case involve separate legal theories and factual predicates, requiring Plaintiff to defer appellate review until the entire case is resolved would prolong litigation unnecessarily and burden both this Court and the Ninth Circuit with repetitive briefing and argumentation on already-adjudicated matters.

12.    Moreover, denying certification at this stage would unfairly prejudice Plaintiff by delaying her ability to seek appellate review of fully dismissed claims that cannot be revived. The plaintiff would be required to proceed through extensive litigation on unrelated claims before reaching issues that could be addressed now. Courts have found that such delays, when unnecessary, weigh in favor of immediate certification under Rule 54(b). See *Wood v. GCC Bend, LLC,* 422 F.3d 873, 878 (9th Cir. 2005) (explaining that district courts must weigh the risk of undue delay against the benefits of judicial economy). Here, the interests of efficiency and fairness strongly favor granting certification now rather than postponing the inevitable appeal.

### C.    AUTHORITY SUPPORTING RETROACTIVE CERTIFICATION OF THE OCTOBER 1 ORDER

13.    In addition to certifying the February 27, 2025 dismissal order, Plaintiff requests that this Court also certify the October 1, 2024 dismissal order for finality under Rule 54(b). The Ninth Circuit has long recognized that a district court has discretion to retroactively certify interlocutory dismissals as final judgments, particularly when appellate review would provide clarity and resolve distinct issues . See *Pakootas v. Teck Cominco Metals, Ltd.,* 905 F.3d 565, 577 (9th Cir. 2018) (holding that a district court may issue Rule 54(b) certification after an initial interlocutory dismissal if it determines that no just reason exists for further delay). Similarly, in *Morrison-Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981), the Ninth Circuit emphasized that Rule 54(b) certification should be granted where the dismissed claims have been finally resolved and are factually distinct from remaining claims—a standard met here.

14.    The Ninth Circuit's own concerns about the finality of the October 1 dismissal order further support this request. Rather than risk additional procedural complications or further delays in appellate review, this Court can resolve any lingering ambiguity by formally certifying the October 1, 2024 order as final under Rule 54(b). Doing so ensures that Plaintiff's pending interlocutory appeal proceeds efficiently

and in accordance with the Ninth Circuit's jurisdictional requirements. Given that the October 1 order dismissed certain claims with prejudice and without leave to amend, its finality is not in dispute—what remains is only a procedural certification to allow the Ninth Circuit to proceed with review. Thus, to prevent unnecessary delay and procedural inefficiency, this Court should certify both the February 27, 2025 and October 1, 2024 dismissal orders as final.

## V. CONCLUSION

15.     The plaintiff confirmed with the Ninth Circuit Clerk's office that she must file a second notice of appeal for the Feb. 27 2025 decision (in addition to her existing notice for the Oct. 1 2024 decision). Plaintiff lacked the funds to pay for the second notice of appeal but has now successfully completed fundraising from interested members of the public to cover the cost of the second appeal. The plaintiff plans to file a Protective Notice of Appeal to the Ninth Circuit prior to the 30-day statute of limitations if a decision is not issued at that time on this request.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court:

1.  Certify its dismissal of RICO Act (18 U.S.C. §§ 1962(a), (c), (d)), Dodd-Frank Act (15 U.S.C. § 78u-6(h)(1)(A)(iii)), Sarbanes-Oxley Act (18 U.S.C. § 1514A), Bane Civil Rights Act (Cal. Civ Code § 52.1), Ralph Civil Rights Act (Cal. Civ Code § 51.7), Cal. Bus. & Prof. Code § 17200, and common law claims of IIED and NIED (fear of cancer and outrageous behavior), ultrahazardous activities, and nuisance (private, absolute, and per se),[1] as a final judgment under Rule 54(b);[2] and

2.  Certify the finality of the Court's October 1, 2024 and Feb. 27 2025 Dismissal Orders for purposes of appellate review; and

3.  Enter final judgment as to those claims so Plaintiff may pursue an immediate appeal.

---

[1] With RICO and IIED claims encompassing the common laws of the state of California, the state of New York, and the Commonwealth of Massachusetts.

[2] Plaintiff does not include her breach of contract and breach of the implied covenant of good faith and fair dealing claims, or any dismissed sub-claims under surviving claims (such as under Cal. Labor Codes §§ 1102.5, 6310, 98.7, etc.) in this request due to factual and legal overlaps with the active district court claims – but does not waive her right to appeal these later.

Dated: March 18 2025

Signature:

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428