JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1 650 614 7400
Facsimile:  +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

Attorneys for Defendant
Apple Inc.

[Additional counsel on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S "ADMINISTRATIVE MOTION FOR RULE 54(B) CERTIFICATION"**<br><br>Judge:  Honorable Edward M. Chen |

1  
2  RYAN D. BOOMS (SBN 329430)  
   rbooms@orrick.com  
3  ORRICK, HERRINGTON & SUTCLIFFE LLP  
   2100 Pennsylvania Avenue NW  
4  Washington, D.C. 20037  
   Telephone:   +1 202 339 8400  
5  Facsimile:   +1 202 339 8500  

6  Attorneys for Defendant  
   Apple Inc.  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

On March 18, 2025, Plaintiff filed an "Administrative Motion for Rule 54(b) Certification" ("Mot." or "Motion"). Plaintiff's use of an administrative motion to seek certification of certain dismissed claims for a Rule 54(b) final judgment is improper. Administrative motions, which an opposing party is given only four days to oppose, are reserved for "administrative matters, *not otherwise governed by a … Federal Rule [or] local rule …* such as motions to exceed otherwise applicable page limitations or motions to file documents under seal[.]" *See* Civil L.R. 7-11 (emphasis added). Administrative motions are not for resolving substantive matters. *See, e.g., Hess v. AstraZeneca Pharmaceuticals, L.P.*, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006) ("[A]n administrative motion is not the appropriate vehicle for resolution of [] substantive arguments … which cannot be adequately addressed on the short time frame contemplated by the local rule governing administrative motions."). Certification of dismissed claims for a Rule 54(b) final judgment is a substantive, not an administrative, matter. As Plaintiff herself acknowledges, "certification is appropriate when the dismissed claims are legally and factually separable and when an immediate appeal would promote judicial efficiency." Mot. at 1. Whether the dismissed claims are legally and factually separable and whether an immediate appeal would promote judicial efficiency are substantive questions that should be resolved pursuant to the local rule governing regularly noticed motions. *See In re Wells Fargo Mortg.-Backed Certificates Litig.*, 2010 WL 5422554, at *1 (N.D. Cal. Dec. 27, 2010) (noting that, where defendants objected to briefing a Rule 54(b) motion on an administrative motion schedule, the court set a modified briefing schedule).

Even if an administrative motion was an appropriate vehicle for a Rule 54(b) motion, the Court should deny the Motion as procedurally improper. The Motion is not accompanied "by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained," as is required under Civil L.R. 7-11. Plaintiff did not attempt to obtain a stipulation prior to filing the Motion.

Apple respectfully requests that the Court deny the motion summarily for the reasons stated above. In the alternative, the Court should set a briefing schedule for the Motion as contemplated by Civil L.R. 7-3 and require Plaintiff to notice the Motion for hearing pursuant to Civil L.R. 7-2. Apple reserves the right to file a supplemental opposition as to the merits of the Motion.

1  Dated: March 20, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            By:    */s/ Melinda S. Riechert*
                                                   MELINDA S. RIECHERT
                                                   Attorneys for Defendant, Apple Inc.