**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

Ashley M. Gjovik,

*an individual*,


Plaintiff,


vs.



Apple Inc.,

*a corporation*,


Defendant.

Case No. 3:23-cv-04597-EMC


Plaintiff's Civil Local Rule 7-11
Administrative Motion


Request for
Rule 54(B) Certification
Under Fed. R. Civ. P. 54(B)


PLAINTIFF'S REPLY WITH
OBJECTIONS

# I.  PLAINTIFF'S ADMINISTRATIVE MOTION FOR RULE 54(B) CERTIFICATION

1.      Plaintiff Ashley Gjovik submits this reply in response to Defendant Apple Inc.'s opposition to Plaintiff's Rule 54(b) Administrative Motion, and in further support of certification of final judgment. Defendant's opposition raises two primary arguments: (1) that Plaintiff failed to meet and confer before filing this motion and (2) that a full briefing schedule is required before the Court may certify final judgment under Rule 54(b). Both assertions are unsupported.

2.      First, the Plaintiff was under no obligation to meet and confer before filing this motion. Even if a meet and confer were required, the record demonstrates that Plaintiff made multiple outreach attempts, to which the Defendant did not respond until after this motion was filed. Second, Rule 54(b) certification is a procedural determination within the Court's discretion. The relevant considerations (whether the dismissed claims are fully adjudicated, legally distinct, and appropriate for immediate appeal) do not require full briefing when they have already been addressed by prior rulings. Courts routinely resolve Rule 54(b) motions on the record without additional briefing. For these reasons, and as supported by the attached _Exhibit A,_ Plaintiff's motion should be granted.

## A.  MEET AND CONFER WAS NOT REQUIRED, AND DEFENDANT DECLINED TO ENGAGE BEFORE THIS MOTION WAS FILED

3.      The defendant argues that Plaintiff failed to meet and confer before filing this motion. However, there is no requirement that parties meet and confer before seeking Rule 54(b) certification, as this is a procedural matter within the Court's discretion. See _Curtiss-Wright Corp. v. Gen. Elec. Co._, 446 U.S. 1, 8 (1980) (noting that Rule 54(b) certification is based on judicial evaluation of finality and efficiency).

4.      Even if a meet and confer were required, Plaintiff made multiple good faith attempts to schedule general discussion, but Defendant did not respond until after the motion was filed. The case docket and attached Exhibit A include:

- Defendant telling Plaintiff that they will only meet and confer with her if is there are no witnesses and no record of what is said, or else there can be recording but only if Plaintiff gives Apple Inc at least $500. (this might be extortion?) (Exhibit A).

- Judge Westmore's Order allowing the Plaintiff to record the conversation with the Defendant

during meet and confer sessions if Plaintiff is concerned about unlawful or unethical conduct by Defendant (Dkt. No. 181-182).

- Plaintiff's subsequent requests to Defendant to meet and confer, which received no response (Exhibit A).
- Plaintiff's follow-up emails, reiterating a willingness to discuss issues, which also received no response (Exhibit A); and
- Defendant's response after this motion was filed, at which point Defendant opposed the motion and complained about a lack of meet and confer (Dkt. No. 185).

5.      The timeline demonstrates that Plaintiff made multiple outreach attempts without success. Therefore, Defendant's claim that Plaintiff failed to engage in the meet and confer process is not supported by the record.

## B.    RULE 54(B) CERTIFICATION IS A PROCEDURAL DETERMINATION, AND FULL BRIEFING IS NOT NECESSARY

6.      Defendant asserts that a full briefing schedule is required before the Court may certify finality under Rule 54(b). However, Rule 54(b) certification is a procedural determination that courts routinely decide based on the existing record, particularly when the claims at issue have already been fully adjudicated.

7.      **Rule 54(b) Certification is Within the Court's Discretion.** The Ninth Circuit has affirmed that district courts have broad discretion to certify finality without additional briefing where the claims are fully adjudicated and legally distinct. See *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). Where a motion seeks only procedural certification of finality, a full briefing schedule is not required unless the Court determines that additional information is necessary.

8.      **The Key Issues Have Already Been Litigated and Decided.** The claims at issue were dismissed with prejudice and without leave to amend, satisfying Rule 54(b)'s finality requirement. See *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878–79 (9th Cir. 2005) (holding that Rule 54(b) certification is appropriate when dismissed claims are final and distinct). Defendant previously argued in its motions to dismiss that the dismissed claims were legally distinct from Plaintiff's remaining claims. See *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991) (upholding Rule 54(b) certification where the dismissed

claims were separate and distinct).

9.      Given that the legal standard has already been addressed, further briefing would serve only to delay resolution. The Court has the discretion to resolve this motion based on the existing record, prior rulings, and judicial efficiency considerations.

## C.  THIS REQUEST IS PROCEDURAL, AND THE E-FILING SYSTEM CONFIRMS NO BRIEFING OR DEADLINES APPLY

10.     Defendant asserts that this request required full briefing under Civil Local Rule 7-2. However, the Northern District of California's ECF system treats requests for *Certificates of Appealability* as a separate procedural category, distinct from motions requiring briefing or deadlines. The e-filing system provides a standalone option for *Certificate of Appealability* requests, rather than classifying them under motions that require full briefing.

11.     This procedural handling reflects that such requests do not require formal motion briefing under Local Rule 7-2. Courts retain discretion to issue Rule 54(b) certifications based on the record without additional briefing, particularly where claims are fully adjudicated and legally distinct. See *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (upholding Rule 54(b) certification as a procedural determination left to the district court's discretion).

12.     Additionally, as reflected in Exhibit A, Plaintiff informed Defendant that the e-filing system confirmed no briefing was required and offered Defendant an opportunity to withdraw its opposition in light of this information. Plaintiff further explained that calling this an "*Administrative Motion*" was actually a courtesy to Defendant, as it allowed Defendant a procedural opportunity to respond that was not necessarily required. Defendant did not respond.

13.     Accordingly, Defendant's argument that a full motion and briefing schedule was necessary is not supported by the Court's procedural framework, local rules, or the Ninth Circuit's handling of Rule 54(b) requests.

## D.  RULE 54(B) CERTIFICATION REMAINS WARRANTED

As outlined in Plaintiff's motion, each of the three factors required for Rule 54(b) certification is met:

- **Finality Exists:** The Court dismissed these claims with prejudice, meaning they are conclusively

resolved. See *Wood v. GCC Bend, LLC*, 422 F.3d at 878–79.

- **The Claims Are Legally and Factually Distinct:** Defendant previously argued that these claims were unrelated to the remaining case. See *Pakootas*, 905 F.3d at 574.
- **Judicial Economy Favors Immediate Appeal:** Delaying certification would result in duplicative proceedings and inefficiency. See *Curtiss-Wright Corp.*, 446 U.S. at 8.

Because these claims are fully adjudicated, legally distinct, and certification would promote judicial efficiency, Rule 54(b) certification is warranted.

### E.   Conclusion

14.     The Court has the discretion to certify these claims as final under Rule 54(b). Defendant's opposition does not contest the legal standard but instead relies on procedural objections that are not required by law and are not supported by the record.

Dated: March 21 2025

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

# EXHIBIT A

## RE: Discovery Issues – Apple Inc. v. Gjovik

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Luo, Ashley<aluo@orrick.com>, Perry, Jessica R.<jperry@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com> |
| Date | Thursday, March 20th, 2025 at 11:46 AM |

Hello,

I saw the opposition you just filed. I will be filing a reply to your opposition, but I also wanted to let you know directly, incase you wanted to withdraw your filing -- the CAND e-filing system has a special workflow specifically for requesting a certificate of appealability. It does not mention admin motions, or any motions, and has no fields for briefing or deadlines. My categorization of the motion as an admin motion was a generosity to Apple to allow any response at all, as it looked like normally there is none.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

> On Wednesday, March 19th, 2025 at 5:10 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:
>
> Thank you! Looking forward to it.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> Sent with [Proton Mail](#) secure email.
>
> On Wednesday, March 19th, 2025 at 4:43 PM, Riechert, Melinda <mriechert@orrick.com> wrote:
>
>> Ashley
>>
>> I sent you the zoom invite for Tuesday the 25th at 10.00 am pacific.  I scheduled the meeting for 1 hour, though I don't expect it to take that long.

**Melinda Riechert**

Partner

Orrick

Silicon Valley 

T 650/614-7423
M 6507591929
mriechert@orrick.com



---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, March 19, 2025 12:02 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Luo, Ashley <aluo@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Hello! Great to hear back from you.

I am confirming the timing of a meet/confer on Tuesday March 25 starting at 10am PST / 1pm EST.

Thanks for sending the Zoom. Note - I'll also be recording the audio independently.

An agenda sounds great. Thanks!

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, March 19th, 2025 at 1:31 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> I am available Tuesday March 25 between 9 and noon Pacific to meet and confer.  Let me know what time works best for you. I will send around a zoom link so we can record the call.  I will also send around an agenda in advance of the call.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley ▼
>
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, March 14, 2025 8:47 AM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Luo, Ashley <aluo@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Hi,

I'm checking in because I never heard back, and you previously said you were super willing to meet and confer, so perhaps my email got lost.

Note - I'm also available during PST business hours the week after next, in addition to next week, so please do let me know.

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Tuesday, March 11th, 2025 at 11:26 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> Per Judge Westmore's Order today, I, the Plaintiff am concerned about the possibility of Defendant making "*unlawful threats and coercive statements*" during the meet and confer with Apple/Orrick, and/or the potential that the discussions will be misrepresented by Apple/Orrick, so as Judge Westmore ordered, we shall meet via video conference and record

the meet and confer session. Judge Westmore did not limit the recording to a court reporter so I will proceed as I repeatedly offered, and simply make an audio recording and use AI transcription with human QA.

This should clear up all obstacles we had to scheduling our meet and confer. I can meet anytime during PST business hours, starting tomorrow 3/12, through the end of next week. Please let me know when you can meet so we can create our long-overdue discovery plan & start the full discovery process.

One thing to discuss is that you previously said you did not believe discovery had started and would require a court order to start in full. If we are not able to to remedy these types of conflicts during our meet and confer, then these are issues that must be included in a joint letter to Judge Westmore promptly following the meet and confer.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, March 5th, 2025 at 3:34 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> I disagree with your summary and position on our prior interactions on this topic. Apple has refused to meet, and when we did meet, Apple refused to cooperate, and even threatened me. In one instance, Apple even illegally demanded I delete evidence of those threats.
>
> If you had been willing to meet/confer any of time times I proposed in 2024, I would probably have been able to split the bill. But as mentioned, as Apple fired me over three years ago, I now have no savings, no credit, no income, and I'll be declaring bankruptcy imminently. As mentioned, I cannot even afford my insurance premium, and I was kicked off Medicaid, so I don't even have health insurance now.

I'd still happy to meet if we can have a recording (if you end up wanting to pay to have it formally transcribed, that's fine - but I'll use AI and human Q&A), or I'd like to have a witness there. If Apple is making meet/confer contingent on it either being 1) conducted without any record or witnesses or 2) me having to pay Apple $500, then Apple is not actually offering to meet/confer.

If you're read to develop a discovery plan, does that mean Apple is filing an Answer and not another 12b6?

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, March 5th, 2025 at 3:05 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley:
>
> As we have previously conveyed, repeatedly, we are willing to meet and confer regarding any discovery issues you wish to discuss.  Now that the pleadings are settled, we believe it is appropriate to discuss the next phase of discovery. We suggest that meet and confer occur by videoconference, per Judge Westmore's procedures. *See* https://cand.uscourts.gov/wp-content/uploads/judges/westmore-kaw/KAW.Standing.Order_.General.rev05092024-FINAL.pdf at ¶ 13(a). ("Prior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer in person or by video conference, if an in-person conference is not feasible, regarding the discovery dispute(s) to resolve these matter(s). (Meet and confers may only occur by telephone if it is impossible to meet in person or by video.)").
>
> As we indicated, to the extent you would like to have the meet and confer transcribed, we'd have no objection to having a court reporter attend provided that you split the costs with us 50/50.  You asked about potential cost of such a transcription; in our experience it can vary by on reporting agency, length of conference, *etc.*, but the cost of transcribing our April 1, 2024 "OALJ 26(f) Meet and Confer" with you in a separate matter was $1,842.36.  Otherwise, we can simply meet and confer without transcription/recording.

Please let us know your availability if you would like to try to identify a mutually agreeable time.

**Melinda Riechert**

Partner

Orrick

Silicon Valley 

T 650/614-7423

M 6507591929

mriechert@orrick.com

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, February 27, 2025 4:19 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Luo, Ashley <aluo@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Hello,

I've requested meet and confer meetings numerous times and never conditioned the request on not being a video conference. If you are going to accuse me of doing so, please provide any evidence at all of me telling you I will only meet and confer with you on the telephone but not on video conference, or asking for a forum other then video conference for any reason other than concerns about wanting a paper-trail (ie video conference only if there is a witness or transcript).

What is the cost for the transcription? Apple's drug this all out long enough (four years!) that I've defaulted on my credit cards with thee banks (including my Apple Card), and with no income, will need to declare bankruptcy imminently. I do not even have enough money to pay an insurance premium and am losing all medical insurance on 3/1. That said, I now cannot afford any extra expenses.

Assuming a court reporter is more than I can afford, is a joint-recording & AI transcription an option?

I've also been meaning to ask you how Apple would like to proceed when Goldman/Apple sued me for the balance on my Apple Card. I need to learn bankruptcy law, but I assume I joinder all the creditors together in the bankruptcy action. Is it safe to assume Apple will have different counsel for that?

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, February 26th, 2025 at 8:30 PM, Riechert, Melinda <[mriechert@orrick.com](mailto:mriechert@orrick.com)> wrote:

> Ashley,
>
> You have not asked to meet and confer via video conference, as is required under Judge Westmore's standing order. Our position has always been the same: if you would like to meet and confer pursuant to Judge Westmore's standing order, we are willing to do so.
>
> To the extent you would like to have our meet and confer transcribed, we'd have no objection to having a court reporter attend provided that you would be willing to split the costs with us 50/50.

**Melinda Riechert**

Partner

Orrick

Silicon Valley 

T 650/614-7423

M 6507591929

mriechert@orrick.com



---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, February 20, 2025 9:43 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Luo, Ashley <aluo@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Hello,

I asked repeatedly for a meet and confer, but you folks declined each time. If you are willing to engage in a meet and confer now, I'm definitely willing to give it a try. However, my request that either the meeting be recorded or transcribed, or have a witness present, still stands. Please advise if your position has changed and you will now agree to there being a witness and/or record of the conversation.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, February 20th, 2025 at 12:10 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> Judge Westmore is willing to hear discovery disputes.  She just requires that we first follow the rules with respect to meeting and conferring and filing joint briefs. We have always been willing to meet and confer with you as required by the court rules, and to submit a joint brief as required by the rules if we are unable to reach agreement on the discovery issues.  Please give me some times you are available and I will send a Teams invite.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley  ⊙
>
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, February 20, 2025 8:14 AM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Luo, Ashley <aluo@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Hello,

FYI- I will be filing a motion for reconsideration re: the discovery letters, as Judge Chen specifically said that Judge Westmore was supposed to be available to mediate our open meet/confer disputes, which is in the formal transcripts, and which would be impossible if a meet/confer was absolutely required prior to resolving the open dispute about meet/confer.

I will also be raising this at the hearing tomorrow.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, February 19th, 2025 at 11:24 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Thanks for the info! Will do.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, February 19th, 2025 at 10:15 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> You can remove Kate Juvinall from the service list since she has filed a notice of withdrawal. You can also remove her from the DOL case.  You can add Ashley Luo to the service list for the Northern District case.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley ⊙
>
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com
>
> 

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, February 19, 2025 7:01 PM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>

**Cc:** Riechert, Melinda <mriechert@orrick.com>; Luo, Ashley <aluo@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Also - I see you added a new attorney to this email chain. Is Ashley Luo now also representing Apple Inc in the civil case? the DOL case?

I saw the notice of withdrawal for Kate Juvinall.  Does this mean she should not be included in the civil case going forward? the DOL case?

I'd like to understand your representation plans in order to ensure I include the relevant attorneys in communications and productions.

Thanks.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, February 19th, 2025 at 8:21 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> I'm working on my responses to recent filings, the format of my prior objections, and my new objections. They are also on their way soon.

As for your request below, which is yet another request for complete General Order 71 production, as well as the interrogatories -- I will provide you new additional objections to this repeated request, in PDF form this time since that's so important to you.

The first step in all of this is to create a plan. Judge Chen repeatedly ordered us to create discovery plans and we still have no plan. We also have numerous open disputes that need to be resolved about basic things such as scope, relevancy, and privilege -- which would have been addressed if we had created a plan. I also still have my open requestion for a plan and MOU for complex litigation -- which Apple either said no or simply did not respond.

I appreciate your offer to create a plan after the ruling on a motion to dismiss, but that suggests you need a final decision on the claims, and we still have my motion to amend hearing after, as well as any other amendments the court allows otherwise. Is Apple saying they will create a discovery plan while the amendments and decisions about amendments are pending? If so, why are they refusing to create a discovery plan now?

Further, when does Apple plan to file its Answer? At this point it seems like Apple's incessant request for GO71 production (which, again, will be thousands of documents, tens of thousands of pages, or more) - is simply for it to use to try to come up with a defense and whatever it will put in its Answer. Otherwise, there is no prejudice to Apple in waiting in order to create a formal plan & for medication from Judge Westmore, as the only thing happening right now is Apple's fifth 12b6 motion - and then probably Apple's sixth 12b6 motion, and then someday, Apple's Answer.

As I've mentioned many, many times and Apple's always declined -- if there is any thing you feel you need urgently, and you can provide a rational explanation why you need it urgently, and it does not appear to be in bad faith (see above), then I will do what I can to get you that targeted production asap.

Can we create a discovery plan? We could start with a meet/confer that's recorded or with a court reporter transcribing it, which would protect both parties interests if Apple is ready to act in good faith.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with Proton Mail secure email.


On Wednesday, February 19th, 2025 at 7:54 PM, Riechert, Melinda <mriechert@orrick.com>
wrote:

> Ashley,
>
> We disagree with your accusations and mischaracterizations below.
>
> Thank you for your offer to "to provide documents … if Apple simply
> confirms which requests remain active." As we've previously made clear,
> our December 3, 2024 RFPs and your obligations under GO 71 remain
> active.
>
> As such, we expect that you will provide formal responses to our RFPs,
> along with any responsive documents. We also expect that you will provide
> the documents required under GO71 that you have not yet provided.
> Specifically:
>
> - All communications concerning the factual allegations or claims at
>   issue in this lawsuit between the plaintiff and the defendant
> - All claims, lawsuits, administrative charges, and complaints by the
>   plaintiff that rely upon any of the same factual allegations or claims
>   as those at issue in this lawsuit (we understand that you provided
>   some but not all on December 18, 2023)
> - Documents concerning the formation and termination of the
>   employment relationship at issue in this lawsuit, irrespective of the
>   relevant time period
> - Documents concerning the terms and conditions of the employment
>   relationship at issue in this lawsuit
> - Diary, journal, and calendar entries maintained by the plaintiff
>   concerning the factual allegations or claims at issue in this lawsuit
> - Documents concerning: (i) communications with potential employers;
>   (ii) job search efforts; and (iii) offer(s) of employment, job
>   description(s), and income and benefits of subsequent employment
> - Any other document(s) upon which the plaintiff relies to support the
>   plaintiff's claims

We also still look forward to your responses to our December 3 interrogatories.

We are currently working on a supplemental production and will provide it to you shortly.  Following this, we will prepare and deliver the privilege log as soon as reasonably possible.

Once Judge Chen rules on the motion to dismiss and modifies the October 1 Order, we are also happy to confer with you on a discovery plan.

Thank you,


**Melinda Riechert**

Partner


Orrick

Silicon Valley

T 650/614-7423

M 6507591929

mriechert@orrick.com





---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>

**Sent:** Friday, February 7, 2025 4:33 PM

**To:** Riechert, Melinda <mriechert@orrick.com>

**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Mantoan,

Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>;
Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** Re: Discovery Issues – Apple Inc. v. Gjovik

[EXTERNAL]

Dear Apple's lawyers,

Your email contains multiple misrepresentations of fact and law. I attempt to clarify some of the most significant issues below, however there are many mor -- many of which you are also aware of through my repeated discovery objections filed starting in spring of 2024. It is apparent that Apple's legal team is engaged in discovery abuse, bad-faith litigation tactics, and obstruction of justice, in violation of federal and California law, as well as professional and ethical obligations. I ask that Apple and all of its counsel immediately start acting ethically and in full compliance with their legal and professional obligations.

## 1. Apple's Refusal to Provide Discovery & Violations of Rule 26

Despite your claims, Apple has failed to comply with Rule 26 of the Federal Rules of Civil Procedure, which mandates full and fair disclosure of relevant documents and information. You continue to withhold basic, non-privileged discovery, including:

- The identity of decision-makers involved in my termination

- The factual basis for Apple's employment decisions

- Unredacted communications that clearly do not qualify for attorney-client privilege

Apple has also refused to produce a privilege log, despite repeated requests. This is a direct violation of FRCP 26(b)(5)(A), which requires a party asserting privilege to describe withheld documents "in a manner that… will enable other parties to assess the claim".

Further, your repeated redactions of non-privileged communications and refusal to create a privilege log constitute willful discovery misconduct under California Rule of Professional Conduct 3.4 (Fairness to Opposing Party and Counsel) and the Ninth Circuit's standards against discovery gamesmanship *(In re Heritage Bond Litig.*, 546 F.3d 667, 679 (9th Cir. 2008)).

## 2. Apple's Contradictory and Bad-Faith Positions on Discovery

Apple simultaneously claims that discovery has not started (refusing to comply with my requests) and that I am somehow violating discovery obligations (by allegedly not producing documents they claim are owed to them). These contradictory positions are being used to:

- Withhold material evidence

- Manufacture false allegations against me

- Obstruct the fair adjudication of this case

Your argument that I failed to provide *"documents required for the settlement conference"* is baseless. FRCP 16.1 does not require parties to produce full discovery prior to a settlement conference—only documents reasonably necessary for settlement discussions. You refused to specify any such documents beforehand (other an "all of them") and are now falsely claiming I failed to comply.

## 3. Apple's Efforts to Manufacture False Allegations Against Me

It is Apple—not me—that has failed to comply with court orders. Apple has engaged in a systematic effort to:

- Falsely accuse me of non-compliance while refusing to meet and confer in good faith

- Falsify paper trails and coerce false statements, which may constitute witness tampering (18 U.S.C. § 1512)

- Harass me through formal legal communications and anonymous social media accounts, which may constitute stalking and cyber harassment (California Penal Code § 653.2, 18 U.S.C. § 2261A)

- Repeatedly threaten me against contacting the magistrate judge, which could be interpreted as an attempt to obstruct justice (18 U.S.C. § 1503, 18 U.S.C. § 1512(b))

Further, your failure to disclose basic employment decision-making information raises questions about whether Apple is attempting to cover up criminal retaliation, which is currently under active federal investigation.

## 4. Apple's Violations of Ethical Rules & My Pending Motion to Disqualify Your Firm

Apple's attorneys are violating multiple ethical and professional responsibility rules, including:

- California Rule of Professional Conduct 3.3(a)(1): Candor Toward the Tribunal (making false statements to the court and engaging in deceptive litigation tactics)

- ABA Model Rule 3.4 (Fairness to Opposing Party) by obstructing my ability to obtain evidence and refusing to comply with discovery obligations

- ABA Model Rule 8.4 (Misconduct) by engaging in conduct involving deceit, dishonesty, and obstruction \

Your conduct is particularly egregious given that Apple is represented by a large, well-resourced law firm, while I am pro se. Courts take aggressive litigation tactics against pro se litigants very seriously and have sanctioned corporate defendants for such behavior in multiple Ninth Circuit cases (see *Warren v. Guelker, 29 F.3d 1386 (9th Cir. 1994)*).

Your firm's misconduct does not stop at discovery abuse. As I have already stated in my pending motion to disqualify Orrick, your firm's direct involvement in key aspects of Apple's retaliatory conduct, along with its clear conflicts of interest, makes continued representation improper. Your firm is:

- Directly implicated in Apple's retaliatory acts, including drafting and enforcing illegal confidentiality agreements that were even more illegal than Apple's prior NDAs ruled unlawful by the NLRB
- Knowingly making false representations to the court in an effort to conceal Apple's wrongdoing
- Engaging in intimidation tactics against a pro se litigant in direct violation of ethical standards

Given the serious ethical breaches at issue, I expect a prompt response regarding your firm's position on the pending disqualification motion and an acknowledgment of the serious ethical and legal implications of your continued representation.

### 5. Apple's Concealment of Evidence Related to Appleseed & Retaliatory Use of Intimate Images

One of the most egregious discovery abuses Apple has engaged in is its failure to disclose material evidence regarding Appleseed's email containing nude

photographs of me and Apple's use of nude images of me as evidence to justify my termination. Despite multiple discovery requests and Apple's obligation under Rule 26(a) to provide all relevant evidence, your firm deliberately concealed these facts from me, and I only uncovered them through other sources.

This is not only a violation of federal discovery rules but may also constitute spoliation of evidence and obstruction of justice (18 U.S.C. §§ 1503, 1519). Additionally, Apple's retaliatory use of intimate images is likely unlawful under California Penal Code § 647(j)(4) (nonconsensual distribution of intimate images) and 42 U.S.C. § 1983 if used as a form of unlawful retaliation.

Your firm's continued attempts to withhold this evidence are particularly alarming given the serious privacy and retaliation implications.

### 6. Apple's Refusal to Meet and Confer in Good Faith

You now claim that I must "meet and confer" prior to filing any discovery motion. However:

- We had already had multiple meet & confers, one of which where you made comments so unlawful, I included them in an NLRB charge against Apple, and when you realized I had recorded the conversations, you repeatedly illegally threatened me and attempted to coerce me to destroy evidence of your own criminal conduct.

- I have repeatedly requested to meet and confer about the current discovery issues, and you have refused.

- In our prior meet-and-confer sessions, you refused to create a discovery plan or engage in meaningful discussions, instead demanding I sign a protective order to conceal workplace conditions and active public safety issues under threat of contempt of court—which the subject of an NLRB charge and FBI complaints.

Your pattern of obstructive conduct shows that your demand to "meet and confer" is not in good faith but rather an attempt to delay resolution of these issues while continuing to harass me.

### 6. Next Steps

I have been working on my statement to the court regarding these issues. However, reviewing Apple's false and harassing correspondence is not only time-consuming but has also negatively affected my health. Regardless, I will submit my discovery motion shortly.

I have also reviewed Apple's litigation history, including numerous cases where courts have reprimanded Apple for the exact same abusive tactics it is using here. This likely explains why you have repeatedly threatened me against informing the magistrate judge—but I assure you, I will not be intimidated.

Finally, I reiterate:

- 
- I have repeatedly offered to provide documents that Apple claims to need if Apple simply confirms which requests remain active. Instead of confirming, you continue to make false allegations against me.

- If Apple does not immediately provide a privilege log and full, unredacted production of non-privileged documents, I will seek relief from the court, with or without Apple's consent.

- We must create a discovery plan.

- If Apple continues to engage in harassment, obstruction, or bad-faith litigation, I will raise this conduct with the relevant professional responsibility authorities, in addition to the existing reports to government agencies and law enforcement.

I trust this clarifies my position.

Best regards,
Ashley Gjovik

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, February 7th, 2025 at 4:45 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> We have never said that "discovery is not in progress." Rather, in our January 15 email, we clearly stated that, per Judge Chen's October 1 Order, "[t]he only discovery permitted at this time is 'Phase I' discovery (i.e., discovery needed for the settlement conference) on Counts 1 and 3 … and those parts of the retaliation claims above that were not challenged or that otherwise survived."
>
> It is not true that Apple has "refused to give [you] anything." On November 29, 2024, Apple timely served objections and responses to your October 30, 2024 requests for production, and Apple subsequently produced 553 pages in response to your RFPs. In total, Apple has produced 2,102 pages in this case.
>
> You, on the other hand, have refused to give Apple any documents or information responsive to its December 3, 2024 discovery requests. Those requests were within the scope of discovery set forth in the October 1 Order and any objections and responses were due on January 2, 2025. As you admit below, however, you have refused to even *begin* working on discovery. You have not served any objections or responses to Apple's discovery requests, nor have you provided any responsive documents or information.
>
> We expect that you will follow Judge Westmore procedures regarding discovery disputes (*see* Sections 13 and 14 here) prior to filing any discovery-related motion.
>
> **Melinda Riechert**
>
> Partner

Orrick

Silicon Valley ⓥ

T 650/614-7423
M 6507591929
mriechert@orrick.com

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Friday, January 31, 2025 6:49 AM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: RE: Discovery

[EXTERNAL]

Hello,

I was swamped finalizing the motions and responses I just filed. Considering your silence, I will move on to drafting the motion to Judge Westmore.

Please note - because you declared discovery is not in progress, and only demanded documents from me, but refused to give me anything -- I have not been working on discovery and will not begin until we get clarification from Judge Westmore, unless Apple is willing to participate in this process, as legally required.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, January 15th, 2025 at 1:17 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> I disagree with your claims and many of them even directly contradict your prior statements. We will need to file a request to Judge Westmore for clarification & mediation.
>
> Do you want to draft the first draft or shall I?
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> Sent with Proton Mail secure email.
>
> On Wednesday, January 15th, 2025 at 1:09 PM, Riechert, Melinda <mriechert@orrick.com> wrote:
>
> > Ashley,
> >
> > We do not understand what you mean by "full discovery." To the extent you believe that discovery on claims dismissed in the October 1, 2024 Order is permitted at this time, we disagree. Per Judge Chen's October 1 Order, "[t]he only discovery permitted at this time is 'Phase I' discovery (i.e., discovery needed for the

settlement conference) on Counts 1 and 3 … and those parts of the retaliation claims above that were not challenged or that otherwise survived." Judge Chen has not issued an order modifying the October 1 Order. We have already produced to you 468 documents, and a diligent search and review for responsive, non-privileged documents is ongoing, and if any additional documents warranting production are identified, we will produce them on a rolling basis.

Contrary to your assertion below, we have repeatedly asked you to fulfill your GO71 obligations, which you were supposed to have done more than a year ago. We are glad to hear that you finally intend to complete your GO71 document production and given your commitment below, will expect to review the full production by February 12.

The interrogatories we served on December 3, 2024 were within the scope of discovery set forth in the October 1 Order and thus your responses were due on January 2, as we stated in our January 9 email to you. We await your responses to these interrogatories. We also await your responses to our requests for production, which were also due on January 2, as you acknowledged on December 31, when you indicated that you would provide your responses by January 3 or 6 at the latest. On January 9, we had received no responses to our interrogatories or our requests for production, and so we asked you to provide us a date certain by which you would respond to these discovery requests. You did not do so. We did not receive your responses to our discovery requests before the January 13 settlement conference even though Judge Chen ordered the parties to exchange "discovery needed for the settlement conference." As of today, we still have not received your responses. We interpret your email below to say that you will respond to these outstanding discovery requests, re-attached here, by February 12.

Thank you.

**Melinda Riechert**

Partner


Orrick

Silicon Valley ⊙


T 650/614-7423

M 6507591929

mriechert@orrick.com

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>

**Sent:** Monday, January 13, 2025 3:55 PM

**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>

**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>

**Subject:** Re: RE: Discovery


[EXTERNAL]

Hello,


Because a settlement was not reached, full discovery has now started. Please confirm within 1 week (Monday next week) if you will release any additional documents to me under my prior request for production (attached) now that it is full discovery instead of Phase 1 discovery. If you will release more docs, please proceed to do so & start the clock of 30 days from today. If you will not release more documents, we should prepare our first joint mediation request for Judge Westmore.


I am assuming you will want GO71 discovery from me, which is part of full discovery, so I will plan to send the first batch to you with 30 days starting today even though you have not asked formally yet. If there is anything else

you'd like to request from me in full discovery, please send me the formal request and the 30 days will start from the date that request is received going forward.

If you would like to request  interrogatories, please resend them now that full discovery has started & the 30 days will start from when that request is received.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, December 20th, 2024 at 3:19 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> I disagree with all of that. Re 3250, Some of my Tamney claims are based on 3250 Scott (crime victim, leg. Witness, etc). My 1102.5 claim includes RCRA and CAA at 3250, and so on. These are clearly relevant
>
> —
>
> Ashley M. Gjøvik
> BS, JD, PMP
>
> Sent from Proton Mail Android
>
> -------- Original Message --------
> On 12/20/24 1:41 PM, Riechert, Melinda wrote:
>
>> Ashley,
>>
>> We continue to disagree with the statements you make in your email. We again respond to the primary issues you raise, many of which we have

already answered:

- We disagree that interrogatories are not permitted under the October 1 Order for the reasons stated in our Dec. 11 email.

- No, Apple is not seeking your deposition before the January 13 conference.

- We have already responded at length to your statement that you don't know who made the decision to fire you, as discussed in our Dec. 11 email.

- The audit Holder conducted was in 2022-2023, after your employment terminated.

- Apple will produce a categorical privilege log after it completes its rolling production of documents that are responsive to the RFPs you served on Apple. Categorical privilege logs are acceptable in the Northern District. *See Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RS-PSG, 2012 WL 5637611, at *7 (N.D. Cal. Nov. 15, 2012).

- We disagree with your statement that "Apple's response implied several times a demand for a protective order for documents that are clearly not trade secret or otherwise confidential." Further, as we have discussed previously, Apple is willing to enter into the NDCA model protective order. You had previously refused to do so. If you have changed your position, please let us know.

- We have produced documents about your environmental concerns regarding 825 Stewart that are relevant to Phase 1 Discovery. Documents regarding 3250 Scott are not relevant to any of the retaliation claims at issue in Phase 1 Discovery.

- We are prepared to discuss all claims in the 5AC at the January 13 Settlement Conference.

- Obviously anything you file in the NDCA case will be served on us through e-filing. We were responding to your question regarding whether we would accept service in the state court *Bhakta* action, which we will not.

Melinda Riechert

Partner


Orrick

Silicon Valley ⊙


T 650/614-7423

M 6507591929

mriechert@orrick.com

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, December 11, 2024 7:26 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Discovery


[EXTERNAL]

Hello,


The response you sent me earlier implied you were not producing any of the documents I requested. I am glad to hear you are going to produce some. However, we still have a number of open issues that must be dealt with.

> - Judge Chen said specifically that Phase 1 discovery is only an exchange of high level documents. He also mentioned depositions. He did not mention interrogatories and interrogatories are not depositions or documents.
> - Is Apple planning to depose me prior to the settlement conference? And if so, when, how, where, who, and all of the other questions I raised months ago but you have not responded to. As mentioned, this is only a few weeks away now, and I have

a lot of things I have to sort out on my end with very little resources, so the longer Apple delays on this, the most difficult it will be for me. For instance, I will need to retain and attorney and fundraise money to pay that attorney.

- I still do not know who to depose about the termination, because I do not know who initiated the decision to fire me, when that discussion began, what the investigation included, and so on. Yannick was Apple's attempt at a cat's paw, and he would not have anything more to share then the two emails you unilaterally produced, right? Before I know who to question, I need to know the basic information about how Apple decided to fire me (beyond Yannick saying he agrees with the people who made the decision and sending a pre written letter). I will compel this if Apple does not share documents and/or information.

- Eric Holder & the UN executive said Apple has an employee relations tracking system that contains details from every step of an employee relations investigation. Are you guys lying to me or did Eric Holder/UN lie to the public & SEC?

- Apple is claiming attorney client provide and work product on documents that clearly do not have that privilege (such as emails or texts between employees who are not lawyers and without any lawyers in that conversation).

- Apple has not provided a privilege log, has not provided any ETA for a privilege log, and is now only saying they will provide a categorical privilege log. Apple needs to provide a detailed privilege log, as is required by law, as it holds back documents. Without the log, I am unable to challenge the exercise of privilege on specific documents, because I do not know what documents are included.

- Apple's response implied several times a demand for a protective order for documents that are clearly not trade secret or otherwise confidential and which are in fact, protected & public policy demands the ability to share those documents. As mentioned, I am willing to agree to very targeted protective orders for matters that are actually trade secret or otherwise confidential, but I refuse to agree to protective order that would apply to work conditions and retaliation, as I'm complaining Apple fired me for claiming work conditions and complaints about retaliation are confidential, when I say they are not, so why would I say they are now?

- Apple's response claims that any records related to environmental matters at 825 Stewart and 3250 Scott are completely unrelated to my claims about retaliation due to my complaints, disclosures, & investigation into the environmental conditions at 825 Stewart and 3250 Scott. This is not rational, fair, or appropriate.

- GO71 was stayed. I told you repeatedly that if you disagree, we need to seek clarification from Judge Westmore. You have repeatedly said you do not want clarification from Judge Westmore. I'm telling you again that I will treat GO71 as stayed unless Judge Westmore clarifies that I am mistaken, and in which case I would proceed. Please confirm what you want to do here - the ball has been in your court for months.

I also now need to ask, because I had assumed the settlement conference would include a settlement for the IIED and toxic tort claims at least (maybe also 17200 claim as 9th Circuit is likely to revert). When I agreed to participate in a settlement conference, I did so expecting the conference would discuss Apple making me whole about all of the injuries it caused me (such as almost killing me with lethal gas) and not just the retaliation claims. Please clarify if you're only prepared to engage in the settlement conference related to the retaliation claims but would not discuss settling the toxic tort, IIED, or 17200 claims. If that is the case, we need to inform Judge Tse to delay or cancel the January conference. Its clear the Negligence claim is moving forward, and I feel confident at least one of the IIED claims will as well, without even needing the 9th Circuit appeal of many additional claims. I felt confident about my RICO, SOX, Dodd Frank, Bane, & Ralph claims and am optimistic they will be reverted by the Court of Appeals.

Also, to be clear, in the *Bhakta* case I was asking who to serve specific to the state case. I will also be filing a motion in the federal case of which you are the official attorneys. Your email below says you will not accept service of documents ***related*** to that case, which would include the notice of pendency. I've never heard of lawyers who are appearing on a lawsuit, categorically forbidding the other side from efiling certain motions. Please clarify.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.


On Wednesday, December 11th, 2024 at 8:01 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
>
> We disagree with the statements and inferences you raise in your email below regarding Apple's conduct and respond to the primary issues:
>
>
> - **Interrogatories**: Judge Chen's October 1, 2024 Order permits the parties to seek "Phase 1 discovery" on "Counts 1 and 3 (which Apple did not contest at all in its motion to dismiss) and those parts of the retaliation claims above that were not challenged or otherwise survived." Dkt. 112 at 41. The Order is not limited to RFPs, and FRCP 33 expressly permits the parties to issue interrogatories. The four interrogatories served are tailored to "Phase 1 discovery."
> - **Depositions**: Regarding depositions, your prior correspondence (including your email dated September 5, 2024) stated that you wanted to depose the person who made the decision to terminate your employment. Apple has already identified those involved in the decision. On December 18, 2023, Apple served GO71 disclosures and identified Yannick Bertolus as the person who made the decision to terminate your employment. On September 16, 2024, Apple served amended GO71 disclosures to identify all additional individuals who were involved in the decision (broadly construed) to terminate your employment, which included Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, Adelmise Warner, and Apple's legal counsel. Apple has also produced the responsive, non-privileged documents regarding the decision to terminate your employment. We have received no further notice from you regarding the individual you intend to depose.
> - **Apple's Document Productions**: Your statement that Apple has "refus[ed] to produce anything" or "provide basic

documents" is not accurate. To date, Apple has made document productions on December 18, 2023, April 5 2024, and May 15, 2024, totaling 1,549 pages of documents. Those documents include, among other things, the various concerns that you raised to Apple that form the basis of your retaliation and wrongful termination claims, the only claims in "Phase 1 discovery", and responsive, non-privileged documents regarding Apple's decision to terminate your employment. As for the RFPs you issued to Apple, Apple is producing documents on a rolling basis, and you will receive the next document production within a week. If you'd like to raise any discovery concerns with Judge Westmore, you are required to follow the proper procedure, which includes the parties submitting a joint 5-page letter. Because Apple has produced responsive documents consistent with its GO71 obligations and is producing additional documents in response to the RFPs you issued, Apple will obviously not agree to enter into any agreement in advance of the Settlement Conference along the lines you propose below.

- **Apple's RFPs to You**: We continue to disagree that your GO71 obligations, which are self-executing, are stayed pending the Settlement Conference. The RFPs Apple issued are proper and are tailored to "Phase 1 discovery" as defined in and permitted by Judge Chen's October 1 Order.
- **Bhakta case**: We are not currently representing Apple and will not agree to accept service of any documents relating to that case; we have no additional information to share about it.

**Melinda Riechert**

Partner

Orrick

Silicon Valley ⊙

T 650/614-7423

M 6507591929

mriechert@orrick.com

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, December 10, 2024 12:14 PM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** Re: Discovery

[EXTERNAL]

Hello,

I'm still swamped and behind on this, but I was able to look over your documents, and they validate the concerns I raised last week. Will you please respond to my questions?

Judge Chen said we can request the production of critical documents and depositions as a requirement for entering the settlement conference. I am still waiting on basic documents from you and extremely basic information (like who proposed to fire me, when the investigation into me started, etc.). I will not be able to proceed with the settlement conference until Apple discloses details of my termination to me, at the very least. As you know, this is one of the most basic and essential questions in any retaliation lawsuit.

Due to Apple's continued refusal to produce anything for me (Apple's denied, in its entirety, every request for production I've sent over the last year), I will plan to file a motion to delay the conference if Apple does not disclose this information & provide basic documents -- unless we agree to proceed in negotiations with an understanding that the facts that have not been disclosed are very harmful to Apple's position and very helpful to my position, and any settlement amount is based on that understanding. At this point, I am open to considering allowing Apple to pay me to not know, but I will not forsake my rights simply because Apple refuses to tell me something

they are absolutely required to tell me. If Apple wants to proceed with some agreement like this, I would prefer if we could draft a signed document recording that understanding and share it with Judge Tse prior to the conference (probably with our settlement statements). I'm willing to consider agreeing that the document can be confidential.

As for the discovery issues, can you please also confirm if you're willing to sign any form of joint motion related to discovery, perhaps something like Apple's section saying, "Apple opposes this?" Otherwise, I think I may need to file a motion for leave to file a non-joint statement to Judge Westmore.

I reviewed Apple's request for production and it appears you mostly just inserted General Order 71 into a request for production. As discussed, it's my understanding that GO71 was stayed after Apple requested a stay, and so those documents will be provided after the settlement conference. I also noted that if Apple disagrees with that, then we should include that in the joint motion to Judge Westmore. I also repeatedly offered to send Apple some basic documents (including things that would have otherwise been included in GO71), if Apple can provide some reasonable and targeted questions/requests. Like for instance, Apple's position as to why it fired me has been that it was only because of things that occurred in a two-week period in 2021, and Apple already has evidence to support those things (the Twitter posts it complained about, etc.) Therefore, asking for something like "all diary entries" or "all social media posts over a three+ year period" as a requirement for the settlement conference sounds like harassment & a fishing expedition. If you tell me what questions you would like answered, I am happy to provide you documents specifically addressing those questions, within reason.

As discussed prior, I will already be producing documents under some of the requests you made, but as part of my demand. You agreed I could send it by the end of December. I plan to attach documentation supporting my request for damages -- which would include receipts, medical visits, income, etc. It sounds like some of the things you're asking for are related to the mitigation of damages -- and if so, I can proactively address that in the demand as well. I also plan to include evidence to support prima facie elements of all claims, which should assumably address many of your other

requests. Again, you already said I could send this by the end of December.

Finally, do you know which lawyers Apple retained for the Bhakta case? If so, please provide their names and contact information and/or ask them to contact me as soon as possible. If you do not know or there are none yet, do you consent to receive service on behalf of Apple related to that case until other lawyers file a notice of appearance?

Thanks,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Tuesday, December 3rd, 2024 at 8:26 PM, Ashley M. Gjovik (Legal Matters) <[legal@ashleygjovik.com](mailto:legal@ashleygjovik.com)> wrote:

> Hello,
>
> Received. I haven't taken a look at your response from Friday yet (I've been very busy with another matter), but will get to that and this tomorrow. Because it appears you sent me no documents at all, again, I will be filing the motion to compel, as discussed.
>
> Initial question - Judge Chen did not authorize interrogatories, so why are you asking for them now?

You also never responded to my questions about depositions. Apologies if you did answer my questions in your response on Friday, but if not, that's something urgent we need to address.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Tuesday, December 3rd, 2024 at 8:10 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley:
>
> Attached are Apple's First Set of Request for Production and First Set of Special Interrogatories to you.  Given that you have been serving us by email only (for example, your October 30, 2024 discovery requests) we understand you to prefer that the parties serve by email rather requiring that service happen instead (or in addition) by mail.  If you would like us to serve you by mail as well, however, please let us know.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
>
> Silicon Valley

T 650/614-7423

M 6507591929

mriechert@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at