**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Plaintiff's Protective Notice of Appeal** |
| vs. | |
| **Apple Inc.**, a corporation, | **Pending the Fed. R. Civ. P. 54(b) Motion at Dkt. no. 189** |
| Defendant. | |

## PROTECTIVE NOTICE OF APPEAL

1. NOTICE IS HEREBY GIVEN that Plaintiff Ashley M. Gjovik appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment and related dismissal orders entered by this Court, including but not limited to ECF Dkt. No. 179, dated February 27, 2025. These orders dismissed, with prejudice, substantial portions of Plaintiff's claims under federal and state law, including but not limited to claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962), the Dodd-Frank Act (15 U.S.C. § 78u-6), the Sarbanes-Oxley Act (18 U.S.C. § 1514A), California's Ralph and Bane Acts, California Business & Professions Code § 17200, environmental torts, and multiple theories of common law liability.

2. This notice is filed *protectively*, in accordance with well-established federal appellate practice, due to a pending motion for certification of final judgment under Federal Rule of Civil Procedure 54(b). That motion, filed March 23, 2025 to Dkt. No. 189, seeks certification as to a defined set of finally dismissed claims which, if not reviewed now, may become effectively unreviewable. The motion remains undecided with a motion hearing scheduled for May 8 2025. In the interest of preserving appellate jurisdiction and avoiding a second procedural forfeiture, Plaintiff submits this notice out of prudence, not concession.

3. This matter has already been the subject of a prior appeal, Ninth Circuit Case No. 24-6058, which was dismissed sua sponte on October 25, 2024, for lack of jurisdiction under 28 U.S.C. § 1291 due to the absence of Rule 54(b) certification. That dismissal occurred without briefing, without a response from the Plaintiff, and without the benefit of a fully developed record. Plaintiff immediately filed a timely motion for reconsideration, which remains pending before the Ninth Circuit as of the date of this filing.

4. Plaintiff respectfully notes that, at the time of the initial appeal, she did not understand that the entry of a separate Rule 54(b) certification or the filing of a "*protective*" notice of appeal might be required. As a self-represented litigant navigating an unusually procedurally complex civil matter involving dozens of claims across multiple legal regimes,

Plaintiff responded promptly and in good faith once the jurisdictional issue was raised. Without conceding that the original appeal was improper, Plaintiff now files this notice to ensure the Court of Appeals is not again deprived of jurisdiction due to procedural uncertainty created by the District Court's staggered and piecemeal dismissals.

5. Federal courts have repeatedly emphasized that in cases involving partial dismissals, discretionary orders, or unresolved Rule 54(b) motions, parties should file protective notices of appeal to preserve their rights. See *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991); *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680 (9th Cir. 1980). As the Ninth Circuit itself has warned, "[w]hen in doubt, file a notice of appeal."

6. This protective notice is submitted with express reservation of all rights, including the right to contest the propriety of the prior dismissal, and the right to pursue appellate review through both the current and prior dockets. The filing of this notice does not concede that Rule 54(b) certification is jurisdictionally required for review of the underlying orders, nor that jurisdiction was lacking over the initial appeal. The pending motion for reconsideration in Ninth Circuit Case No. 24-6058 remains viable, and Plaintiff respectfully reserves request for reinstatement of that appeal in parallel with this protective effort.

7. Further, Plaintiff maintains that several of the orders at issue may independently qualify for appellate review under longstanding exceptions to the final judgment rule. These include: orders denying injunctive relief that may otherwise evade review (*see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (collateral order doctrine applies where order conclusively determines disputed question, resolves important issue separate from the merits, and is effectively unreviewable on appeal from final judgment)); discretionary dismissals that effectively terminate core claims and preclude further meaningful litigation (*see Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152–53 (1964) (recognizing flexibility in finality analysis where delayed appeal would cause serious injustice); *Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 554–55 (9th Cir. 2016) (premature appeal may proceed where dismissal with prejudice is "functionally final" as to

particular claim)); and collateral rulings that irreparably impact substantive rights or practical litigation posture (*see Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106–07 (2009) (collateral order doctrine applies where rights are "too important to be denied review" and would be "lost, probably irreparably" if review awaited final judgment); *United States v. Hitchcock*, 992 F.2d 236, 238 (9th Cir. 1993)).

8. Accordingly, this notice is not intended to interfere with proceedings before the District Court, but rather to ensure that Plaintiff is not again procedurally barred from seeking appellate review of issues that are both substantial and properly preserved. The stakes are too high, and the legal questions too significant, to permit procedural uncertainty to dictate outcome. Plaintiff respectfully submits this notice to preserve her rights under Rule 3 of the Federal Rules of Appellate Procedure, and to ensure that appellate jurisdiction is fully and properly secured.

Dated: March 25 2025

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428