**jAshley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK,** *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **MOTION TO STRIKE** |
| vs. | **PLAINTIFF'S MOTION & MEMORANDUM OF POINTS & AUTHORITIES** |
| **APPLE INC.,** *a corporation*, | MOTIONS:<br>Fed. R. Civ. P. 12(b)(6)<br>Fed. R. Civ. P. 12(f) |
| Defendant. | HEARING:<br>Dept: Courtroom 5, 17th Fl. & Zoom<br>Judge: Honorable Edward M. Chen<br>Date: June 12 2025<br>Time: 1:30 PM PST |

# TABLE OF CONTENTS

I.      Table of Authorities ........................................................................................iii

II.     Introduction ...........................................................................................1

III.    Statements Of Facts ...............................................................................2

IV.     Legal Standards ....................................................................................2

    A.    Motion to Strike Affirmative Defenses as Legally Insufficient...................3

    B.    Motion to Dismiss Affirmative Defenses as Legally Insufficient. ...............5

V.      Arguments ..........................................................................................6

    C.    Failure To State a Claim Is Not an Affirmative Defense. (Defense no. 1) .................6

    D.    Defendant's Unnecessary and Inappropriate References to "Preclusive Effect" Are Irrelevant and Should Be Struck ........................................................7

    E.    The Affirmative Defense of Failure to Mitigate Damages Should Be Stricken or Clarified (Def. No. 6) ............................................................8

    F.    The Affirmative Defense of Offset or Setoff Is Legally Defective and Should Be Stricken (def. No. 7) ..........................................................9

    G.    The After-Acquired Evidence Doctrine Is Baseless and Should Be Stricken (Def. No. 8)    11

    H.    Statute of Limitations (Def. No. 12) ..........................................13

    I.    Workers' Compensation Exclusivity (Labor Code § 3600) (Def no. 15) ......................14

    J.    Waiver, Estoppel, & Consent (Def. No. 5) ....................................15

    K.    Privileged Conduct, Justification, Same Decision, & At Will (Defenses No. 4, 9, 10, 11, 14)    15

    L.    Comparative Fault & Causation (Def. no. 2, 3).................................17

    M.    Reservation of Rights (Def. No. 16) ..........................................18

    N.    The "*Unclean Hands*" and "*In Pari Delicto*" Defenses Are Factually Vacant and Legally Inapplicable. (Def No. 8) ................................................18

    O.    Good Faith / No Malice (Punitive Damages) (Def No. 10, 11, 13, 14).....................20

    P.    Defendant's Prayer for Relief Seeking Dismissal and Attorneys' Fees Should Be Struck as Improper ..................................................................21

VI.     Conclusion ..........................................................................................23

— ii —

# I.  TABLE OF AUTHORITIES

## US SUPREME COURT CASES

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...................................................................... 2, 8, 14

*Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306–07 (1985) ................... 19

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ................................................... 8

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) .................................................. 24

*Conley v. Gibson*, 355 U.S. 41, 48 (1957) ................................................................... 24

*Ford Motor Co. v. EEOC,* 458 U.S. 219, 231–32 (1982) ................................................ 8

*McKennon v. Nashville Banner Publ'g Co.,* 513 U.S. 352 (1995) ..................................... 11

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945) ................... 19

*Witt v. Jackson*, 57 Cal. 2d 57 (1961) ........................................................................ 10

## APPELLATE US CIRCUIT COURT CASES

*Brock v. Richardson*, 812 F.2d 121, 123–24 (3d Cir. 1987) ............................................ 20

*Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ................................................ 23

Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1032 (9th Cir. 2006) ...................... 17

*EEOC v. Recruit USA, Inc.*, 939 F.2d 746, 753 (9th Cir. 1991) ....................................... 19

*Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001) ................................................. 24

*Haddad v. Lockheed Cal. Corp.,* 720 F.2d 1454, 1457–58 (9th Cir. 1983) ........................... 9

*In re Crown Vantage, Inc.*, 421 F.3d 963, 973 (9th Cir. 2005) ........................................ 24

*Jayne v. Sherman*, 706 F.3d 994, 1008 (9th Cir. 2013) ................................................. 19

*Jenkins v. McKeithen*, 395 F.3d 1192 (9th Cir. 2005) .................................................. 21

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) .................................................................................................................. 3

*Kohler v. Flava Enterprises,* 779 F.3d 1016, 1019 (9th Cir. 2015) ................................. 9, 10

*Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ............................. 5

Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) ................................... 16

*Lucas v. Kmart Corp.*, 232 F.3d 474, 478 (9th Cir. 2000) .............................................. 23

*Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ........................... 23

— iii —

*O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756 (9th Cir. 1996) ........................................ 11

*Odima v. Westin Tucson Hotel,* 53 F.3d 1484, 1497 (9th Cir. 1995) ........................................... 8

*Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004) ...................................................... 11

*Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ................................. 13

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) .............................. 3

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010) ................................ 4, 5

## US District Court Cases

*Baker v. Farmers Insurance Exchange,* 2017 WL 3575792 (E.D. Cal. Aug. 18, 2017) ..................... 21

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ................. 5

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ............... passim

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ................... 6

Botell v. United States, 2012 WL 1027270, at *2 (E.D. Cal. Mar. 26, 2012) ................................ 17

*Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535 (D. Md. 2010) ................................ 6

*Brown v. St. Vincent Health Care,* 219 F.R.D. 619 (N.D. Cal. 2003) ............................................. 22

*Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) ............................ 20

*Cruz v. MRC Receivables Corp.,* 563 F. Supp. 2d 1092, 1096 (N.D. Cal. 2008) ........................... 9, 15

*Curry v. MightyNet*, 2021 WL 2682607 (N.D. Cal. 2021) ................................................... 15

*Curry v. MightyNet, Inc.*, No. 20-cv-03797-JST, 2021 WL 2682607, at *3 (N.D. Cal. June 15, 2021) ........................................................................................................ 4

*DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 3219305, at *6 (N.D. Cal. Aug. 12, 2010) ............... 14

*Deschaine v. IndyMac Mortg. Servs.*, 2013 WL 6054456, at *6 (E.D. Cal. Nov. 15, 2013) ............... 17

*Deschaine v. St. Joseph Health System*, 2013 WL 6054456, at *5 (N.D. Cal. Nov. 15, 2013) ........... 15

*Doe v. Roman Catholic Archbishop of Cashel & Emly*, 2019 WL 1048236, at *3 (N.D. Cal. Mar. 5, 2019) ........................................................................................................ 15

*EEOC v. Alia Corp.*, 2013 WL 6182613, at *8 (E.D. Cal. Nov. 26, 2013) ................................. 20

EEOC v. BNSF Railway Co., 902 F.3d 916, 922 (9th Cir. 2018) ........................................... 15

*EEOC v. Midwest Regional Med. Ctr., LLC,* 2008 WL 11335023 (W.D. Okla. June 25, 2008) ........ 12

G&G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010)

1 ....................................................................................................................16

2 *Gallucci v. Gonzales*, 199 F. Supp. 2d 1121, 1126 (C.D. Cal. 2002). ................................ 24

3 *Hayne v. Green Ford Sales*, 263 F.R.D. 647 (D. Kan. 2009) ...........................................5

4 *Hernandez v. County of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015) .......................................18

5 *J&J Sports Prods., Inc. v. Scace*, 2011 WL 2132723, at *2 (E.D. Cal. May 26, 2011) .....................19

6 *J&J Sports Productions, Inc. v. Gomez*, 2010 WL 1542124, at *4 (N.D. Cal. Apr. 16, 2010) ......... 20

7 *Kohler v. Islands Restaurants*, 280 F.R.D. 560 (S.D. Cal. 2012) ........................................................3

8 *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560 (S.D. Cal. 2012)...................................................14

9 *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) .................................3, 4, 5

10 *Mendoza v. Nordstrom, Inc.,* No. C13-01063-RS, 2014 WL 5456668, at *3 (N.D. Cal. Oct. 27, 2014)

11 .................................................................................................................................. 6

12 *Murillo v. Pacific Gas & Elec. Co.,* 2011 WL 13176898 (E.D. Cal. May 4, 2011) ............................ 11

13 *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *10–11

14 (N.D. Cal. Mar. 26, 2012) ......................................................................................... 4, 6

15 *Perez v. Gordon & Wong Law Grp.*, 2012 WL 1029425 (N.D. Cal. 2012) ......................................10

16 *Perez v. Gordon & Wong Law Grp., P.C.,* No. 11-03323-LHK, 2012 WL 1029425, at *9 (N.D. Cal.

17 Mar. 26, 2012) .........................................................................................................14

18 *Perez v. Gordon & Wong*, 2012 WL 1029425 (N.D. Cal. 2012).......................................................21

19 POM *Wonderful LLC v. Coca-Cola Co.*, 166 F. Supp. 3d 1085, 1091 (C.D. Cal. 2016) ...................19

20 *Romin v. United States,* 17 F. Supp. 3d 996 (C.D. Cal. 2014) ......................................................... 22

21 *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) ..........................18

22 *Solis v. Zenith Capital, LLC*, No. C-08-4854, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) .. 4

23 *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001)................................... 8

24 *Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.,* 2008 WL 5377712 (E.D. Wis. Dec.

25 22, 2008) .................................................................................................................. 8

**California Appellate Cases**

26 *Cabesuela v. Browning-Ferris Industries of Cal., Inc.*, 68 Cal. App. 4th 101, 113 (1998) ...................14

27 Casella v. SouthWest Dealer Services, Inc., 157 Cal. App. 4th 1127, 1138 (2007) ........................16

*Friedman v. L.A. Cty. Metro. Transp. Auth.*, 97 Cal. App. 4th 175, 181 (2002) ...............................23

Harris v. City of Santa Monica, 56 Cal. 4th 203, 232 (2013)........................................................17

*Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990).......................................................................14

Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 172 (1980) ....................................................16

**U.S. and state Statutes**

California Labor Code § 1102.5...........................................................................................23

California Labor Code section 1102.5 .................................................................................. 22

California Labor Code sections 1102.5, 98.7, and 6310 .....................................................7

**U.S. and state Rules & Regulations**

Fed. R. Civ. P. 1. ........................................................................................................... 29

Federal Rule of Civil Procedure 12(f) .............................................................................3, 27

Federal Rule of Civil Procedure 8 .....................................................................................10

Federal Rule of Civil Procedure 8(a) ........................................................................... 17, 25

Federal Rule of Civil Procedure 8(b)(1)(B) ...................................................................... 9

Federal Rules of Civil Procedure 12(f) ............................................................................. 2

# Motion to Strike

**NOTICE OF MOTION AND MOTION TO STRIE & DISMISS AFFIRMATIVE DEFENSES**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1.     **PLEASE TAKE NOTICE** that Plaintiff Ashley Gjovik, proceeding *in propria persona,* hereby moves the Court, pursuant to Rules 12(f), and applicable standards under Rule 8(b), for an order striking portions of Defendant's Answer (Dkt. 183), dismissing legally insufficient affirmative defenses, and requiring Defendant to provide a more definite statement of vague and evasive allegations.

2.     This motion is noticed for hearing on June 12 2025, at 1:30 PM, before the Honorable Edward M. Chen in Courtroom 5, 17th Floor, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as the matter may be heard.

## II. Introduction

3.     Plaintiff Ashley Gjovik respectfully moves to strike certain affirmative defenses and for a more definite statement as to portions of Defendant Apple Inc.'s Answer to the Fifth Amended Complaint (Dkt. No. 183).[1] Plaintiff Ashley Gjovik respectfully submits this Motion under Federal Rules of Civil Procedure 12(f), seeking an order to strike legally insufficient affirmative defenses in Defendant Apple Inc.'s Answer to the Fifth Amended Complaint (Dkt. No. 183). Defendant's pleading includes numerous boilerplate affirmative defenses that fail as a matter of law and contain no supporting facts (FRCP 12(f)).

4.     The Court should strike legally insufficient defenses and require the Defendant to clarify key denials that obstruct the fair progress of litigation. Apple's Answer is a textbook example of bad faith pleading—marked by evasive denials, boilerplate recitations of legal conclusions, strategic obfuscation, and attempts to rewrite the Federal Rules of Civil Procedure by fiat.

---

[1] Plaintiff notes that Defendant's Answer includes no counterclaims. Plaintiff reserves all rights to object to any future attempt to assert counterclaims that may be compulsory under Federal Rule of Civil Procedure 13(a), as such claims may be untimely or waived.

5.     This motion seeks targeted relief to streamline the proceedings and correct the procedural damage caused by Apple's evasions and gamesmanship. The Court has already had an occasion to warn the parties about compliance with the rules. With this filing, Plaintiff respectfully invites the Court to exercise its gatekeeping function more directly and restore integrity to the pleadings.

6.     Plaintiff acknowledges that, due to the time constraints and the sheer volume of issues raised in Defendant's filings, this motion may not fully address each specific paragraph or every issue raised in the answer. As a pro se litigant, Plaintiff has done their best to identify and respond to the most critical and impactful deficiencies in Defendant's answer. However, given the complexity of the case, the large number of issues involved, and the limited time available to prepare this motion, Plaintiff recognizes that this response may not be as comprehensive as it ideally should be. Plaintiff respectfully requests the Court's understanding in this regard and requests an opportunity to further address any remaining issues should the need arise.

## III.  Statements Of Facts

7.     Plaintiff Ashley Gjovik respectfully seeks targeted procedural relief under Federal Rules of Civil Procedure 12(f) in response to Defendant Apple Inc.'s Answer to the Fifth Amended Complaint. The pleading fails to comply with federal standards in two material respects: (1) it asserts a series of boilerplate and legally insufficient affirmative defenses; and (2) it repeatedly invokes vague and implausible denials of factual allegations, many of which concern matters squarely within Apple's own records or previously admitted by the company in other proceedings.

8.     Federal courts in the Ninth Circuit have long recognized that affirmative defenses are not immune from scrutiny and must meet the same pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). See, *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) ("The heightened pleading standard of Twombly and Iqbal applies to affirmative defenses."); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking affirmative defenses that were conclusory and unsupported by facts). When a defense fails as a matter of law or provides no notice of its basis, Rule 12(f) authorizes the Court to strike it.

## IV.  Legal Standards

### A.  Motion to Strike Affirmative Defenses as Legally Insufficient.

9.      Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Affirmative defenses are insufficient when they are: mere "bare bones conclusory allegations," duplicative of denials, or fail as a matter of law. "Affirmative defenses are subject to the same pleading standards as complaints." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012). "[B]oilerplate defenses without any supporting factual basis do not meet the *Iqbal* standard." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

10.     Under FRCP 12(f), courts may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses are insufficient where they are conclusory, fail as a matter of law, or are unsupported by any factual allegations. (*Kohler v. Islands Restaurants*, 280 F.R.D. 560 (S.D. Cal. 2012) *Barnes v. AT&T Pension Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010).

11.     Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has consistently recognized that the purpose of Rule 12(f) is to avoid unnecessary litigation over legally deficient defenses and to streamline the issues for trial. See, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

12.     Affirmative defenses are not immune from the federal pleading standards articulated in *Twombly* and *Iqbal*. Courts in this District and Circuit have routinely held that a defense must contain enough factual matter to give fair notice of its basis and to allow a meaningful response. *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). Mere labels, conclusions, or recitations of legal doctrines—without supporting facts—are insufficient and properly subject to a motion to strike.

13.     Where an asserted defense is not actually an affirmative defense (e.g., "failure to state a claim") or is legally invalid on its face (e.g., preempted, waived, or inconsistent with the claims pled), courts do not hesitate to strike. See, *Solis v. Zenith Capital, LLC*, No. C-08-4854, 2009 WL 1324051, at

1   \*3 (N.D. Cal. May 8, 2009) (granting Rule 12(f) motion where defenses were "simply not defenses" or

2   had "no basis in law or fact").

3       14.     Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to strike from a

4   pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

5   Fed. R. Civ. P. 12(f). The Ninth Circuit has affirmed the utility of Rule 12(f) as a procedural mechanism

6   to excise legally deficient defenses at the outset of litigation, thereby streamlining the issues for

7   discovery and trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). Courts

8   in this District have consistently held that affirmative defenses are subject to the same pleading

9   standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S.

10  544 (2007), requiring that they be pled with sufficient factual content to render them plausible and to

11  provide fair notice. See, *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *Barnes

12  v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

13      15.     A number of the affirmative defenses asserted by Defendant Apple Inc. in its Answer fall

14  far short of this standard. They consist of nothing more than conclusory recitations of legal doctrines

15  without any supporting factual allegations. These include, but are not limited to, defenses such as

16  "waiver," "estoppel," "laches," "unclean hands," "failure to mitigate," and "privileged conduct."

17  Courts routinely strike such defenses where, as here, the defendant does not articulate any factual basis

18  to support their application. See, *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012

19  WL 1029425, at \*10–11 (N.D. Cal. Mar. 26, 2012) (striking multiple affirmative defenses that were pled

20  without facts); *Curry v. MightyNet, Inc.*, No. 20-cv-03797-JST, 2021 WL 2682607, at \*3 (N.D. Cal. June

21  15, 2021) (same).

22      16.     In addition, Apple includes "failure to state a claim" as an affirmative defense. This is

23  not a proper affirmative defense under Rule 8(c), but rather a challenge to the sufficiency of the

24  complaint that is appropriately raised by motion under Rule 12(b)(6). See, *Barnes*, 718 F. Supp. 2d at

25  1173–74 (holding that "failure to state a claim" is not an affirmative defense and should be stricken).

26      17.     Allowing such meritless defenses to remain in the pleading would serve no purpose other

27  than to complicate discovery and inject immaterial issues into the litigation. Indeed, the continued

28  presence of these defenses imposes undue burdens on the Plaintiff to address legally irrelevant

    contentions and may mislead the jury into believing that non-viable legal doctrines are at issue. The

1    Court should not permit that result.

2    **B.   Motion to Dismiss Affirmative Defenses as Legally**
3         **Insufficient.**

4    18.      Apple's Answer includes affirmative defenses that are: boilerplate with no supporting

5    facts; duplicative of arguments already rejected in prior Rule 12 motions; legally barred or not applicable

6    to this case type. Courts in this District and Circuit routinely dismiss or strike such defenses.

7    "Affirmative defenses are subject to the same pleading standard as complaints." *Kohler v. Flava*

8    *Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). "Boilerplate defenses that fail to provide fair notice

9    must be stricken." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010).

10   19.      Examples (to be specified after we review the full list) likely include statute of

11   limitations defenses inconsistent with the Court's own ruling on delayed discovery; failure to state a

12   claim, despite Rule 12(b)(6) motion having already been decided; mitigation or consent defenses with

13   no factual foundation whatsoever. The pleading standards apply equally to complaints and answers.

14   *Hayne v. Green Ford Sales*, 263 F.R.D. 647 (D. Kan. 2009) - followed in 9th Circuit courts.

15   20.      The Court Should Strike Defendant's Affirmative Defenses Under Rule 12(f) Apple's

16   Answer includes a series of boilerplate affirmative defenses that are facially insufficient and fail as a

17   matter of law. These defenses contain no factual support, no plausible connection to the claims at issue,

18   and in some cases do not constitute valid affirmative defenses at all. Rule 12(f) empowers the Court to

19   strike such matter to promote procedural clarity and efficiency.

20   21.      The Ninth Circuit has affirmed the use of Rule 12(f) to eliminate legally insufficient

21   defenses at the pleadings stage. See, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir.

22   2010). Affirmative defenses must provide fair notice of their basis and include factual allegations

23   sufficient to state a plausible defense. *Kohler v. Islands Restaurants, LP,* 280 F.R.D. 560, 566 (S.D. Cal.

24   2012); *Barnes v. AT&T Pension Benefit Plan,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). A defense that

25   merely recites legal doctrine without supporting facts is insufficient and should be stricken.

26   22.      Here, Apple asserts multiple conclusory and unsupported defenses, including "failure

27   to state a claim," "waiver," "estoppel," "laches," "unclean hands," "failure to mitigate," and various

28   privilege-based defenses. These are pled without reference to any facts, documents, or alleged conduct

     that would place Plaintiff on notice of their scope or application. Additionally, "failure to state a claim"

is not an affirmative defense at all, but rather a challenge to the sufficiency of a complaint, which is properly raised by Rule 12(b)(6). See, *Barnes*, 718 F. Supp. 2d at 1173–74.

23.    The continued presence of these defenses will require Plaintiff to prepare for unnecessary discovery, burden the case with irrelevant issues, and risk misleading the jury about nonviable legal theories. Courts in this District regularly strike such defenses at the pleading stage. See, e.g., *Perez v. Gordon & Wong Law Group, P.C.,* No. 11-CV-03323-LHK, 2012 WL 1029425, at *10–11 (N.D. Cal. Mar. 26, 2012) (striking multiple boilerplate defenses including waiver and unclean hands); *Curry v. MightyNet, Inc.,* 2021 WL 2682607 (C.D. Cal. June 15, 2021) (same).

24.    Accordingly, Plaintiff respectfully requests that the Court strike all of the Defendant's defenses as legally insufficient. Plaintiff also reserves the right to challenge additional affirmative defenses that may lack evidentiary support following discovery.

## V.  Arguments

### C.  Failure To State a Claim Is Not an Affirmative Defense. (Defense no. 1)

25.    Defendant's affirmative defense asserting "failure to state a claim" is improper and should be stricken, as it is not a valid affirmative defense. Under federal law, a "failure to state a claim" is a legal argument that is properly raised in a motion to dismiss under Rule 12(b)(6), not as an affirmative defense in the answer. As the court stated in *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010), "failure to state a claim is not a proper affirmative defense."

26.    Additionally, in *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007), the court emphasized that Rule 12(b)(6) is a procedural motion, not an affirmative defense that should appear in the answer. (Rule 12(b)(6) is a motion, not an affirmative defense. *Id*. See, also, *Mendoza v. Nordstrom, Inc.,* No. C13-01063-RS, 2014 WL 5456668, at *3 (N.D. Cal. Oct. 27, 2014) -- where the court has already ruled that a claim is properly pleaded, a failure to state a claim defense must be stricken.

27.    By asserting "failure to state a claim" as an affirmative defense, Defendant is improperly attempting to transform a procedural motion into a defensive pleading. Accordingly, Defendant's "failure to state a claim" defense is legally invalid and should be stricken as a matter of law. See, *Barnes*

1    *v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (failure to state a claim is not

2    a proper affirmative defense.)

3        **D.   Defendant's Unnecessary and Inappropriate**
           **References to "Preclusive Effect" Are Irrelevant and**
4          **Should Be Struck**

5

6        28.    Defendant's repeated mention that the government's actions do not have "preclusive

7    effect" is both irrelevant and improper in the context of this case. Plaintiff never alleged that the

8    government's actions, such as investigations or enforcement, have any preclusive effect on the claims

9    at issue here. Instead, Plaintiff has simply referenced the government's actions in relation to the

     reported violations and retaliation.

10       29.    The concept of preclusive effect typically refers to the doctrine of res judicata or

11   collateral estoppel, which bars re-litigation of claims or issues that have already been decided by a court

12   or administrative agency. However, Plaintiff's claims are not based on the idea that the government's

13   actions have binding legal effect on this case. Rather, Plaintiff has merely included the fact that the

14   government took certain actions in response to Plaintiff's complaints about unsafe practices and toxic

15   waste dumping.

16       30.    For example, Plaintiff has referenced the government's involvement, such as

17   investigations or enforcement actions, to support the whistleblower retaliation claims under California

18   Labor Code sections 1102.5, 98.7, and 6310, and the Tamney wrongful termination claim. These actions

19   are relevant to establish the protected conduct (i.e., Plaintiff's reporting of violations) and the

20   retaliatory motive (i.e., Defendant's adverse actions in response).

21       31.    Defendant's attempt to raise preclusive effect is a red herring, which does not address

22   Plaintiff's actual claims of retaliation. It serves only to distract from the relevant issue of whether

23   Plaintiff's protected conduct led to unlawful retaliation, not whether the government's actions have any

24   res judicata or collateral estoppel effect in this matter.

25       32.    As detailed under Federal Rule of Civil Procedure 8(b)(1)(B), a party is required to admit

26   or deny the allegations in a specific and straightforward manner. Instead of directly addressing the

27   substance of Plaintiff's allegations—i.e., that Plaintiff engaged in protected conduct by reporting

28   violations and was retaliated against—Defendant has improperly focused on an issue (preclusive effect)

that is entirely irrelevant to the claims at hand.

33.     In *Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.,* 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008), the court held that vague or evasive responses—especially those introducing irrelevant legal issues—are not acceptable under Rule 8. Similarly, in *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 278 (N.D. Ill. 2001), the court found that responses which fail to address the actual substance of the claim, instead introducing extraneous matters, violate the requirements of a direct admission or denial.

34.     In light of Defendant's improper response, Plaintiff respectfully requests that the court strike any reference to the concept of "preclusive effect", as it is irrelevant to the claims in this case and introduces unnecessary complexity; and order Defendant to provide a more specific and relevant answer to Plaintiff's allegations regarding the retaliation for protected conduct, without introducing unrelated or misleading legal issues.

35.     Defendant's insistence on discussing "preclusive effect" is not only irrelevant to the whistleblower retaliation claims but also a diversion from the real issues of fact: whether Plaintiff was retaliated against for reporting violations. This type of evasive response distracts from the central matter of this lawsuit and should be struck or clarified. You should not have to defend against legal concepts that were never part of your original allegations.

### E.    The Affirmative Defense of Failure to Mitigate Damages Should Be Stricken or Clarified (Def. No. 6)

36.     Apple's assertion that Plaintiff failed to mitigate damages is factually unsupported and legally deficient. The defense does not satisfy the basic pleading standards under Federal Rule of Civil Procedure 8, nor does it meet the plausibility standard established in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). It is a boilerplate placeholder lacking factual support and should be struck under Rule 12(f), or in the alternative, clarified under Rule 12(e).

37.     As an affirmative defense, Apple bears the burden of proving that suitable, comparable employment was available and that Plaintiff failed to exercise reasonable diligence in seeking it. *Odima v. Westin Tucson Hotel,* 53 F.3d 1484, 1497 (9th Cir. 1995); *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231–32 (1982). Apple's Answer fails to identify any actual job Plaintiff allegedly turned down, when or where suitable employment was available, or any facts showing Plaintiff's failure to mitigate.

38.     Under Ninth Circuit precedent, affirmative defenses must be pled with enough factual content to give fair notice of the grounds asserted. In *Kohler v. Flava Enterprises,* 779 F.3d 1016, 1019 (9th Cir. 2015), the court held that boilerplate defenses without factual allegations are subject to being stricken. Apple's defense here fails to meet this requirement and should be stricken.

39.     Plaintiff has alleged that her career was irreparably damaged due to chemical exposure-related illness, environmental trauma, and whistleblower retaliation, and that these factors severely hinder her ability to seek comparable employment. As noted in *Haddad v. Lockheed Cal. Corp.,* 720 F.2d 1454, 1457–58 (9th Cir. 1983), mitigation cannot be expected when an employee's injuries or blacklisting prevent obtaining comparable employment. Apple's failure to consider these allegations makes its defense insufficient.

40.     Apple's defense reflects a generic employer-side argument and does not satisfy the minimum pleading standards. It fails to identify any specific mitigation actions Plaintiff allegedly failed to take or any facts supporting such a claim. *Twombly* and *Iqbal* require factual allegations to render a defense plausible. Apple's conclusory statement is not enough.

41.     Additionally, Plaintiff has pleaded that Apple caused significant reputational harm, mental and physical injury, and post-termination retaliation, which have prevented her from pursuing alternative employment. The law does not require victims of discrimination or retaliation to accept demotions or demeaning jobs just to mitigate damages (*Ford,* 458 U.S. at 231–32). Apple's failure to address these realities in its defense further undermines it.

42.     Since Apple's failure-to-mitigate defense is unsupported by facts, contradicts Plaintiff's allegations, and improperly shifts the burden of proof, it should be stricken. Alternatively, Apple should be compelled to amend its Answer to provide specific facts supporting this defense, including the actions Plaintiff allegedly failed to take and when.

43.     Courts routinely strike failure-to-mitigate defenses that lack factual support. In *G&G Closed Circuit Events v. Nguyen,* 2010 WL 3749284 (N.D. Cal. 2010), and *Cruz v. MRC Receivables Corp.,* 563 F. Supp. 2d 1092, 1096 (N.D. Cal. 2008), courts struck similar defenses for failing to include specific factual allegations. Apple's defense here should be stricken for the same reasons.

F.  The Affirmative Defense of Offset or Setoff Is Legally Defective and Should Be Stricken (Def. No. 7)

— 9 —

44. Apple's assertion of an offset or setoff defense is legally defective and misleading. The defense fails to meet the minimum pleading standards under Federal Rule of Civil Procedure 8(c) and represents the boilerplate obstructionism the Ninth Circuit cautioned against. Apple invokes "double recovery" without specifying any source of funds, time period, or type of compensation for which it seeks an offset. This defense should be stricken under Rule 12(f), or alternatively, Apple should be compelled under Rule 12(e) to provide a more definite statement identifying the factual and legal basis.

45. Apple's Answer simply states: "Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple under the doctrine prohibiting double recovery set forth by *Witt v. Jackson,* 57 Cal. 2d 57 (1961)." This is not a valid defense. It lacks specificity—Apple fails to identify the source of compensation, whether the income was employment-based, or whether the funds were duplicative of damages. Moreover, *Witt v. Jackson d*oes not apply to whistleblower or retaliation cases and does not relieve Apple of its burden to plead facts. Witt specifically addresses equitable indemnification in workers' compensation cases, not the broad assertion that any money from any source can offset damages.

46. Plaintiff has already informed Apple that she did not receive disability benefits, and Apple did not oppose her unemployment claim, effectively conceding her eligibility for post-termination benefits. Plaintiff also held three distinct post-termination roles that Apple is aware of, including: an independent contractor role, an expert witness role (terminated after Apple intervened), and a university research position. Apple, however, failed to reference or acknowledge the university position in its Answer, omitting critical facts.

47. These omissions are not accidental but strategic. Apple aims to preserve the general right to offset Plaintiff's damages while avoiding discovery obligations or scrutiny that might undermine this defense. This tactic is improper, prejudicial, and should be corrected early. As noted in *Perez v. Gordon & Wong Law Grp.*, 2012 WL 1029425 (N.D. Cal. 2012), boilerplate offset defenses without specifics are insufficient. *Kohler v. Flava Enterprises,* 779 F.3d 1016, 1019 (9th Cir. 2015), and *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010), emphasize that affirmative defenses must provide fair notice and not be conclusory.

48. If Apple intends to pursue this defense during discovery or trial, its failure to address Plaintiff's post-termination roles and the retaliation surrounding her expert witness position is

— 10 —

egregious. The university position undermines the claim of willful unemployment, while the expert witness incident raises concerns about Apple's improper use of economic leverage to prevent Plaintiff from working. If Apple claims that Plaintiff should have earned more, it cannot conceal its own actions that directly hindered her.

49.     This defense should be stricken under Rule 12(f) due to lack of factual support and failure to provide fair notice. Alternatively, the Court should order Apple to provide a more definite statement, including the specific source(s) of alleged offset income, time periods, legal theory, and any evidence suggesting such income was duplicative or offsettable. Absent this, the defense is not only deficient but also a baseless attempt to undermine Plaintiff's rightful damages.

## G. The After-Acquired Evidence Doctrine Is Baseless and Should Be Stricken (Def. No. 8)

50.     Apple's invocation of the after-acquired evidence doctrine is without factual support and should be stricken. It lacks the required factual allegations and serves only as a pretextual placeholder intended to tarnish Plaintiff's reputation without providing any concrete evidence. Apple does not specify any misconduct discovered post-termination, nor does it state that such misconduct would have led to immediate discharge if known at the time of Plaintiff's termination. The defense is merely an unsubstantiated tactic to chill Plaintiff's protected activity.

51.     Under *McKennon v. Nashville Banner Publ'g Co.,* 513 U.S. 352 (1995), the after-acquired evidence doctrine does not bar liability—it only limits remedies such as back pay after the date on which the employee would have been fired. The employer must prove that the misconduct was so egregious that immediate termination would have been inevitable. In *O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756 (9th Cir. 1996), the Ninth Circuit held that the employer must establish not only that it could have fired the employee, but that it would have, and would have done so promptly. Apple has failed to make such allegations, both as a matter of fact and law.

52.     Courts in the Ninth Circuit are wary of vague or speculative after-acquired evidence defenses. In *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), the court cautioned against using after-acquired evidence as a tactic to intimidate or chill protected conduct. Similarly, in *Murillo v. Pacific Gas & Elec. Co.,* 2011 WL 13176898 (E.D. Cal. May 4, 2011), the court struck an after-acquired evidence defense as conclusory and prejudicial. Apple's defense is similarly conclusory, failing to meet the

1    pleading requirements under Rule 12(f).

2    53.    Furthermore, Plaintiff has alleged that Apple interfered with her post-termination

3    employment opportunities, including pressuring third parties to rescind engagements. If Apple now

4    attempts to use that post-termination harm it caused to support its after-acquired evidence defense, it

5    would be improper and retaliatory. *EEOC v. Midwest Regional Med. Ctr., LLC,* 2008 WL 11335023 (W.D.

6    Okla. June 25, 2008) makes clear that after-acquired evidence cannot be invoked to justify the

7    employer's retaliatory actions or to penalize the employee for consequences the employer set in motion.

8    54.    Apple's defense is devoid of any specific allegations: it does not state what misconduct

9    was discovered, when it was discovered, what rule Plaintiff violated, or whether the misconduct would

10   have led to immediate termination. Instead, it serves as a vague threat, potentially weaponized in

11   discovery and at trial. The Ninth Circuit has repeatedly warned against allowing such vague assertions

12   to stand. In *Rivera*, 364 F.3d at 1071, the court emphasized that employers should not be allowed to

13   "preserve" the after-acquired evidence defense without meeting stringent factual and legal standards.

14   55.    Therefore, Plaintiff respectfully requests that the Court strike Apple's after-acquired

15   evidence defense in its entirety under Rule 12(f). Alternatively, Apple should be compelled under Rule

16   12(e) to provide a detailed factual basis for this defense, including the nature of the misconduct, when

17   it was discovered, what policy was violated, and whether, under Apple's policies, immediate

18   termination would have been required. Absent such specificity, this defense remains a baseless and

19   prejudicial placeholder designed to smear Plaintiff's reputation and unfairly shift the burden of proof.

20   56.    Plaintiff reserves the right to introduce this information at a later stage in these

21   proceedings should Apple attempt to exploit her university employment to diminish her damages

22   claim—particularly where the circumstances of that role may themselves bear on Plaintiff's credibility

23   as a whistleblower and the economic injuries caused by the retaliatory conditions Apple created.

24   57.    Because Apple has failed to plead any facts to support this defense—much less facts

25   meeting the *McKennon* standard—its invocation of the after-acquired evidence doctrine should be

26   stricken under Rule 12(f). Alternatively, Apple should be required under Rule 12(e) to provide a detailed

27   factual basis, including the nature of the alleged misconduct, the timing of discovery, the applicable

28   disciplinary policy, and Apple's asserted basis for claiming that it would have terminated Plaintiff had it

     known. Absent such specificity, this defense is nothing more than a prejudicial placeholder designed to

1  chill Plaintiff's exercise of her legal rights, smear her reputation, and improperly shift the burden of
2  proof.

3      **H.  STATUTE OF LIMITATIONS (DEF. NO. 12)**

4      58.    Defendant's affirmative defense based on the statute of limitations is insufficient and
5  should be stricken pursuant to Rule 12(f) because it lacks a factual basis and is legally meritless. Under
6  Ninth Circuit precedent, a statute of limitations defense can only be raised when it is "facially apparent"
7  that the claims are time-barred. In *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013),
8  the Ninth Circuit held that a statute of limitations defense cannot be raised unless the complaint clearly
9  shows on its face that the claims are untimely.

10     59.    Defendant's invocation of the statute of limitations under California Code of Civil
11 Procedure Section 335.1, 338(a), and 340(a) is meritless and should be stricken for failure to meet the
12 pleading requirements and factual basis necessary for such a defense.

13     — **Section 335.1** provides a two-year statute of limitations for personal injury claims, but
14         Plaintiff's claims do not arise from personal injury torts. Instead, Plaintiff's claims are
15         based on whistleblower retaliation and violation of public policy under **California Labor
16         Code Sections 1102.5, 98.7, and 6310**, and are governed by different statutes of
17         limitations. Accordingly, the two-year personal injury statute does not apply to Plaintiff's
18         claims.

19     — **Section 338(a)** addresses fraud and fraudulent concealment, providing a three-year
20         statute of limitations. However, Plaintiff's claims do not allege fraud or fraudulent
21         concealment. The claims here focus on whistleblower retaliation, wrongful termination,
22         and violations of labor and environmental laws, none of which require allegations of fraud.
23         As such, Section 338(a) is inapplicable and irrelevant to the defense raised by Defendant.

24     — **Section 340(a)** applies to written contract claims, imposing a four-year statute of
25         limitations for breach of written contracts. Plaintiff's claims do not arise from any written
26         contract dispute. Rather, the claims are rooted in statutory whistleblower protections and
27         public policy violations. Since no written contract is at issue in this case, Defendant's
28         reliance on this statute is misplaced.

60.     Here, Defendant has failed to plead any facts demonstrating that Plaintiff's claims are time-barred. Furthermore, the mere assertion of a statute of limitations defense is insufficient as a matter of law when it is not supported by specific facts. In *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 3219305, at *6 (N.D. Cal. Aug. 12, 2010), the court struck a statute of limitations defense because the issue had already been addressed and rejected in previous rulings. As Defendant has not pled any factual basis to support its statute of limitations defense, the Court should strike this defense as it fails to meet the pleading requirements under Rule 12(f) and is insufficient under any set of facts. *Perez v. Gordon & Wong Law Grp., P.C.,* No. 11-03323-LHK, 2012 WL 1029425, at *9 (N.D. Cal. Mar. 26, 2012): Courts should strike statute of limitations defenses where timeliness has already been adjudicated.

## I.     WORKERS' COMPENSATION EXCLUSIVITY (LABOR CODE § 3600) (DEF NO. 15)

61.     Defendant's affirmative defense based on workers' compensation exclusivity under Labor Code § 3600 is improper and should be stricken or limited. The California Supreme Court has unequivocally held that the exclusivity doctrine of workers' compensation does not apply to claims brought under California's whistleblower statutes, such as Labor Code § 1102.5. In *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990), the California Supreme Court explicitly ruled that claims arising under whistleblower retaliation statutes are not preempted by workers' compensation exclusivity.

62.     Similarly, in *Cabesuela v. Browning-Ferris Industries of Cal., Inc.*, 68 Cal. App. 4th 101, 113 (1998), the California Court of Appeal reiterated that whistleblower retaliation claims fall outside the scope of workers' compensation exclusivity. Defendant's reliance on workers' compensation exclusivity as a defense to Plaintiff's statutory whistleblower claims is therefore baseless, and this defense should be struck as it is contrary to established California law.

63.     Defendant's preemption defense is a legal conclusion without any factual predicate and should be stricken. Under the pleading standards established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), affirmative defenses, including preemption, must be pleaded with sufficient factual support to meet the plausibility standard. In *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560 (S.D. Cal. 2012), the court ruled that boilerplate defenses without any supporting factual allegations fail to meet the *Iqbal* standard. Defendant's preemption defense is a mere legal conclusion, with no specific factual allegations supporting the claim that any of Plaintiff's claims

— 14 —

1   are preempted by federal law. Accordingly, this defense is insufficiently pleaded and should be struck
2   for failure to provide the necessary factual basis required under Federal Rule of Civil Procedure 8(a)
3   and 12(f).

4   ## J.   WAIVER, ESTOPPEL, & CONSENT (DEF. NO. 5)

5   64.   Defendant's assertion of waiver, estoppel, laches, or consent as affirmative defenses
6   lacks factual support and should be stricken. As a general matter, affirmative defenses that are
7   conclusory and lack specific factual allegations should be stricken. In *Curry v. MightyNet*, 2021 WL
8   2682607 (N.D. Cal. 2021), the court struck defenses based on waiver, estoppel, and laches where the
9   defendant failed to plead any specific facts to support those defenses. Additionally, under the Ninth
10  Circuit and California law, defenses like waiver or consent must be pled with particularity, and general
11  boilerplate assertions are insufficient.

12  65.   In *Deschaine v. St. Joseph Health System*, 2013 WL 6054456, at *5 (N.D. Cal. Nov. 15,
13  2013), the court emphasized that affirmative defenses involving consent must include specific factual
14  allegations showing the plaintiff's conduct and the alleged consent. Similarly, in *Doe v. Roman Catholic*
15  *Archbishop of Cashel & Emly*, 2019 WL 1048236, at *3 (N.D. Cal. Mar. 5, 2019), the court struck defenses
16  where the defendant failed to provide specific factual allegations of waiver, estoppel, or consent.
17  Defendant's use of boilerplate language without the requisite factual support violates the pleading
18  standards under Rule 8 and should be stricken in its entirety.

19  ## K.   PRIVILEGED CONDUCT, JUSTIFICATION, SAME DECISION, & AT WILL
20  (DEFENSES NO. 4, 9, 10, 11, 14)

21  66.   Defendant's assertion of "privileged conduct" or "justification" is unsupported by any
22  facts and fails to provide the necessary notice of the underlying theory, as required by the Federal Rules
23  of Civil Procedure. In *Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092, 1096 (N.D. Cal. 2008), the
24  court struck this defense where it was vague and unsupported by any factual allegations. Likewise, in
25  *EEOC v. BNSF Railway Co.*, 902 F.3d 916, 922 (9th Cir. 2018), the Ninth Circuit emphasized that a
26  defendant asserting a business necessity defense must provide adequate factual support to give the
27  plaintiff fair notice of the underlying legal theory.

28  67.   Defendant's vague invocation of "privilege" here is insufficient, as it does not specify the

conduct that it claims to be privileged or justified, nor does it explain the legal or factual basis for such an assertion. In *G&G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010), the court clarified that a defense of privilege must be backed by specific facts, which Defendant has failed to do here. This unsubstantiated defense is not only deficient but fails to meet the basic notice requirements of Rule 8, and as such, should be stricken.

68.    Defendant's assertion that there was "no causation by Apple" lacks the necessary specificity and should be struck or clarified. In *Crosby v. Strayhorn*, 2018 WL 3130993, at *6 (E.D. Cal. June 22, 2018), the court held that affirmative defenses must include supporting facts to satisfy the plausibility standard under Rule 8. The defense as pled here is vague and fails to identify how the alleged actions of Defendant did not cause Plaintiff's injury. As stated in *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), mere conclusory statements without factual support are insufficient to meet the pleading standard. Defendant has failed to plead any facts demonstrating that it was not the proximate cause of Plaintiff's harm, rendering this defense inadequate. The defense should either be stricken or clarified with sufficient factual detail.

69.    Defendant's reliance on "at-will employment" as a defense must be struck if invoked against Plaintiff's claims of wrongful termination in violation of public policy or statutory retaliation. Under California law, the at-will employment doctrine cannot be used as a defense when a termination violates public policy or statutory protections, such as those provided under California Labor Code section 1102.5 (whistleblower retaliation). The California Supreme Court's decision in *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 172 (1980), firmly established that at-will employment is not a valid defense to claims of wrongful termination in violation of public policy. Similarly, in *Casella v. SouthWest Dealer Services, Inc.*, 157 Cal. App. 4th 1127, 1138 (2007), the court reaffirmed that at-will status does not bar claims for wrongful termination when public policy is implicated. Defendant's attempt to invoke this defense against Plaintiff's claims of statutory retaliation is not only misguided but legally flawed, and this defense should be stricken as a matter of law.

70.    Defendant's invocation of a "mixed motive" or "same decision" defense is insufficiently pled and should be clarified. Under California law, a mixed motive defense is limited to situations where the employer shows that the adverse employment action would have occurred regardless of the protected activity, but only if supported by clear factual allegations. In *Harris v. City of Santa Monica*,

— 16 —

56 Cal. 4th 203, 232 (2013), the California Supreme Court held that a mixed motive defense requires the employer to prove by a preponderance of the evidence that the same adverse employment action would have occurred absent the protected activity.

71. In *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1032 (9th Cir. 2006), the Ninth Circuit held that the defense must be supported by specific facts, and merely asserting the defense without providing clarity as to how the same decision would have occurred is insufficient. Defendant here has failed to meet this burden, as the defense is entirely conclusory and lacks the necessary factual support. The defendant must clarify how it believes the adverse action would have occurred absent Plaintiff's protected activity. Until Defendant provides the required clarity and factual support, this defense should be stricken.

72. Defendant's assertion that the termination was "justified" or "nondiscriminatory" is not an affirmative defense but a denial of Plaintiff's allegations and should be stricken. A denial of wrongdoing, such as a claim that the termination was justified or nondiscriminatory, does not constitute an affirmative defense under Rule 8. In *Botell v. United States*, 2012 WL 1027270, at *2 (E.D. Cal. Mar. 26, 2012), the court held that simply denying the allegations of discriminatory or retaliatory conduct does not qualify as an affirmative defense. Defendant's claim that the termination was justified and nondiscriminatory is merely a rebuttal to Plaintiff's allegations, not a legal defense, and should be stricken as such. This defense is superfluous and inappropriate in this context and should be removed from the pleadings.

## L.  Comparative Fault & Causation (Def. no. 2, 3)

73. Defendant's comparative fault defense is a legal conclusion without any factual predicate and should be stricken. As courts have consistently held, affirmative defenses like comparative fault must be supported by specific factual allegations, and boilerplate assertions without any supporting facts are insufficient to meet the pleading standards. In *Curry v. MightyNet, Inc.*, 2021 WL 2682607 (C.D. Cal. 2021), the court struck defenses based on "good faith" and "comparative fault" where the defendant failed to provide any factual support for those defenses.

74. Similarly, in *Deschaine v. IndyMac Mortg. Servs.*, 2013 WL 6054456, at *6 (E.D. Cal. Nov. 15, 2013), the court allowed the comparative fault defense to stand only because it was adequately

pleaded with specific facts. In contrast, Defendant's vague assertion of comparative fault in this case is entirely conclusory and fails to provide any factual basis to support the defense. As a result, this defense should be stricken as it does not meet the plausibility standard set forth by the Federal Rules of Civil Procedure and the Ninth Circuit.

75.     Moreover, the *Hernandez v. County of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015), decision further supports that comparative fault defenses must be plausible. Here, Defendant's assertion is not plausible as it lacks any supporting allegations of how Plaintiff's actions contributed to the alleged wrongdoing. Consequently, Defendant's comparative fault defense should be stricken for failure to meet the pleading requirements under Rule 8 and the standards established by the courts.

## M. Reservation of Rights (Def. No. 16)

76.     Defendant's "reservation of rights" defense should be struck, as it is not a proper affirmative defense. In *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009), the court held that the language of a "reservation of rights" is not an affirmative defense under Rule 12(f), as it does not assert a legally cognizable defense to the claims raised in the complaint. The "reservation of rights" defense is often used to preserve certain legal arguments or claims, but it does not provide any substantive legal basis to defeat Plaintiff's claims. Thus, it is improperly included as an affirmative defense and should be stricken. The defendant's attempt to invoke this defense, which is without legal merit or factual support, is merely an attempt to delay proceedings and complicate the case and therefore should be removed from the pleadings pursuant to Rule 12(f).

## N. The "*Unclean Hands*" and "*In Pari Delicto*" Defenses Are Factually Vacant and Legally Inapplicable. (Def No. 8)

77.     Apple's assertion that Plaintiff's claims are barred by the doctrines of unclean hands or *in pari delicto* is as vacuous as it is offensive. These equitable doctrines require that a plaintiff engaged in serious wrongdoing directly related to the claims at issue. Apple alleges nothing of the sort. Its pleading contains no factual allegations of misconduct by Plaintiff, no explanation of how such misconduct—if it existed—would bar legal relief, and no nexus between any supposed conduct and the statutory rights Plaintiff asserts. The defense amounts to a legally meaningless "you too" refrain, unsupported by law and incompatible with the facts.

— 18 —

78.     In its Answer, Apple states: "Apple alleges that Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, *in pari delicto* and/or after-acquired evidence." This is pure boilerplate. Apple does not identify: what wrongful conduct Plaintiff supposedly engaged in; how such conduct relates to the retaliation, whistleblower protection, or labor claims at issue; whether the conduct was inequitable, unlawful, or merely disfavored by Apple; or how such conduct, even if proven, would bar statutory relief under California or federal law.

79.     As courts in this Circuit have made clear, the unclean hands doctrine is narrowly applied. It requires the defendant to allege (1) that the plaintiff engaged in inequitable conduct, and (2) that such conduct is directly related to the subject matter of the litigation. See, *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945); *POM Wonderful LLC v. Coca-Cola Co.*, 166 F. Supp. 3d 1085, 1091 (C.D. Cal. 2016); *J&J Sports Prods., Inc. v. Scace*, 2011 WL 2132723, at *2 (E.D. Cal. May 26, 2011); "The doctrine of unclean hands does not apply simply because the plaintiff has engaged in unrelated wrongdoing." *Jayne v. Sherman*, 706 F.3d 994, 1008 (9th Cir. 2013).

80.     Similarly, the doctrine of *in pari delicto*—literally, "in equal fault"—applies only where the plaintiff is an active participant in the same alleged wrongdoing as the defendant. See, *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306–07 (1985); *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1143 (2005).

81.     There is no allegation—and no basis for any claim—that Plaintiff was complicit in Apple's retaliation, OSHA violations, environmental concealment, or other acts forming the basis of this lawsuit. To the contrary, Plaintiff's allegations—and the administrative record—demonstrate her role as a whistleblower reporting unlawful conduct by Apple to federal and state authorities. "The unclean hands doctrine may not be used as a defense against a plaintiff who is seeking to vindicate statutory rights, especially where the statute serves public policy." *EEOC v. Recruit USA, Inc.*, 939 F.2d 746, 753 (9th Cir. 1991).

82.     Moreover, Plaintiff has alleged that Apple itself engaged in repeated and calculated misconduct: concealing toxic exposure risks, interfering with federal investigations, retaliating against a federally protected whistleblower, and engaging in pattern retaliation post-termination. It is disingenuous in the extreme for Apple to invoke equitable doctrines to deflect from its own conduct—particularly when it seeks to do so without alleging a single fact in support.

— 19 —

83. Indeed, Plaintiff has plausibly alleged that Apple's own hands are the ones unclean. If anything, Apple's invocation of these doctrines further underscores the need for judicial intervention. Courts in this Circuit have repeatedly rejected attempts to weaponize unclean hands against whistleblowers or civil rights plaintiffs whose conduct, even if imperfect, does not rise to the level of equitable disqualification. See, *EEOC v. Alia Corp.*, 2013 WL 6182613, at *8 (E.D. Cal. Nov. 26, 2013); *Brock v. Richardson*, 812 F.2d 121, 123–24 (3d Cir. 1987) (collecting cases holding that equitable defenses do not apply to retaliation claims under labor statutes)

84. Because Apple has failed to allege any facts in support of these equitable defenses—let alone facts that would make the doctrines plausibly applicable to a whistleblower retaliation case—Plaintiff respectfully requests that the Court strike these defenses under Rule 12(f). Alternatively, Apple should be required under Rule 12(e) to identify: the alleged inequitable conduct; the legal standard that applies; and how that conduct relates to Plaintiff's statutory claims. Without such a showing, these defenses serve no purpose but to prejudice, confuse, and distract—and that is precisely what Rule 12(f) was designed to prevent.

## O. Good Faith / No Malice (Punitive Damages) (Def No. 10, 11, 13, 14)

85. Defendant's defense of "good faith" and "no malice" is a denial and not an affirmative defense. As such, it should be stricken. In *Hernandez v. County of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015), the court held that denials of malice do not constitute affirmative defenses but rather are mere responses to allegations in the complaint. Similarly, the Ninth Circuit in *J&J Sports Productions, Inc. v. Gomez*, 2010 WL 1542124, at *4 (N.D. Cal. Apr. 16, 2010), held that allegations of good faith or lack of malice, without supporting facts, cannot be used as affirmative defenses because they are essentially denials of the plaintiff's claims. Here, Defendant has failed to provide any factual basis for its claim of good faith or the absence of malice. As such, this defense is not properly pleaded and should be stricken under Rule 12(f).

86. Defendant's assertion that punitive damages violate due process, and equal protection is baseless and should be stricken as boilerplate. As courts have consistently held, a due process or equal protection defense to punitive damages is inappropriate unless it is supported by specific factual allegations. In *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005), the court

— 20 —

held that a due process defense to punitive damages must be pled with sufficient factual support, and it is not enough for the defendant to make a general, conclusory statement. Similarly, in *Perez v. Gordon & Wong*, 2012 WL 1029425 (N.D. Cal. 2012), the court struck a similar defense where the defendant failed to plead any facts to substantiate the claim that punitive damages would violate due process. Without any specific factual basis or explanation of how Plaintiff's punitive damages claim violates constitutional principles, Defendant's defense is legally insufficient and should be stricken pursuant to Rule 12(f).

### P.    Defendant's Prayer for Relief Seeking Dismissal and Attorneys' Fees Should Be Struck as Improper

87.     Defendant's Prayer for Relief (at page 44), requesting that the entire case be dismissed and that attorneys' fees be awarded to them, is improper and should be stricken. Defendant has not filed any counterclaims or made any claims for affirmative relief; thus, they are not entitled to seek any form of relief in this manner. This request is not only procedurally flawed but also an attempt to introduce improper matters into their answer.

88.     Under Federal Rule of Civil Procedure 8(a), a defendant's answer is a response to the plaintiff's complaint, addressing the claims made and asserting defenses. An answer is not the proper place to request affirmative relief, such as a request for dismissal or attorneys' fees, unless the defendant has filed a counterclaim. A counterclaim is a claim that a defendant asserts against the plaintiff, and it must be pled separately from the answer, pursuant to Rule 13.

89.     Here, Defendant has only raised affirmative defenses, not counterclaims, and therefore cannot seek affirmative relief such as a dismissal of the case or an award of attorneys' fees. In *Jenkins v. McKeithen,* 395 F.3d 1192 (9th Cir. 2005), the court held that a defendant may not seek affirmative relief in an answer unless they have filed a counterclaim. Similarly, in *Baker v. Farmers Insurance Exchange,* 2017 WL 3575792 (E.D. Cal. Aug. 18, 2017), the court struck a prayer for relief in an answer that sought relief without a counterclaim, finding it improper.

90.     Even if Defendant were attempting to invoke a dismissal of the case, their request is misplaced. Dismissal of a case is typically sought via a motion to dismiss, not by including it in an answer's prayer for relief. The Federal Rules of Civil Procedure and California Rules of Civil Procedure require that such requests be made through a formal motion, not a mere prayer in the answer. Furthermore, Defendant has already had several opportunities to file a motion to dismiss, and they have

failed to prevail on these motions, which makes this prayer for relief even more inappropriate at this stage. In *Romin v. United States,* 17 F. Supp. 3d 996 (C.D. Cal. 2014), the court found that when a party seeks dismissal in the answer without properly filing a motion, it is improper and should be stricken. The same logic applies here.

91.     Defendant's request for attorneys' fees is similarly without merit. Under California law and Federal law, attorneys' fees can only be awarded to a party in a lawsuit under specific conditions, such as when a statute provides for such an award or when the prevailing party has made a prevailing party claim in their answer or through a separate motion. Here, Defendant has not filed a counterclaim, and no statute or contract justifies an award of attorneys' fees. Furthermore, under California Labor Code section 1102.5, attorneys' fees are typically available to the prevailing plaintiff, not the defendant.

92.     In *Brown v. St. Vincent Health Care,* 219 F.R.D. 619 (N.D. Cal. 2003), the court emphasized that attorneys' fees can only be sought by a party that has filed a counterclaim or is entitled to attorneys' fees under specific statutory provisions. Defendant's attempt to ask for attorneys' fees in this context is therefore improper. Plaintiff respectfully requests that the court strike Defendant's prayer for relief, including the requests for dismissal of the case and the award of attorneys' fees, as these are improper and unsupported by law; order Defendant to refrain from seeking affirmative relief in an answer unless and until a proper counterclaim has been filed in compliance with Rule 13.

93.     Defendant's inclusion of a prayer for relief in their answer, seeking dismissal and attorneys' fees, is not only procedurally improper but also an attempt to introduce matters that are not part of the defense. These requests should be struck from the answer because they were made without a counterclaim, and Defendant has not provided any legal basis for these demands. The Court should order Defendant to comply with the proper procedures for seeking relief.

94.     This approach directly challenges the procedural flaws in their prayer for relief and argues for the proper course of action in response to the claims and defenses they have raised. Hopefully, this helps ensure that Defendant doesn't get to throw out these extraneous and baseless requests in their answer. Let me know if you need any adjustments or further help!

95.     Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter." A request for attorney's fees is an affirmative defense and must be pleaded with sufficient factual detail to provide notice to the opposing

— 22 —

party and to prevent the defense from being used as a form of undue prejudice or delay. "A claim for attorneys' fees is not proper unless the defendant has pled sufficient facts to support the request." *Lucas v. Kmart Corp.*, 232 F.3d 474, 478 (9th Cir. 2000).

96.    The Ninth Circuit has consistently held that the mere inclusion of a claim for attorney's fees without specific supporting facts or a legal basis does not meet the pleading requirements. A request for attorney's fees should not be speculative, and courts are reluctant to allow such claims unless they are sufficiently grounded in the allegations of the case or the law governing the claims. *See, e.g., Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ("[A] request for attorney's fees is only appropriate if there is a legal basis for such a claim, and a mere general assertion is insufficient.").

97.    The defendant's answer contains a blanket assertion that they are entitled to attorney's fees without providing any factual allegations to support this claim. Specifically, the Defendant has not alleged any facts that would demonstrate the Plaintiff's claims are frivolous, unreasonable, or brought in bad faith—criteria under which attorney's fees may be awarded to a prevailing party in a retaliation claim. See, *Friedman v. L.A. Cty. Metro. Transp. Auth.*, 97 Cal. App. 4th 175, 181 (2002). Defendant merely asserts that they are entitled to fees, but this is a legally insufficient defense as there are no facts provided to support such a claim.

98.    Plaintiff's claims have survived three separate motions to dismiss, demonstrating that the claims are not frivolous, groundless, or brought in bad faith. The fact that the Court has ruled in Plaintiff's favor through the dismissal process strongly suggests that Plaintiff's claims have legal merit. Under California Labor Code § 1102.5, a prevailing employee in a whistleblower retaliation case is entitled to recover attorney's fees unless the claims are shown to be without merit. Since Plaintiff's claims have survived three motions to dismiss and there is no evidence of bad faith or frivolity, Defendant has no basis to claim attorney's fees.

99.    The Ninth Circuit has held that where claims survive motions to dismiss, it is clear that they are not frivolous or made in bad faith. *See, Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("The mere fact that the plaintiff's claims survived dismissal suggests that the claims are not frivolous or without merit.").

## VI.    Conclusion

100.    This is not a typical answer. It reflects a strategic campaign to obstruct adjudication on the merits through procedural gamesmanship. The Court has the inherent authority to strike pleadings, require amendment, or impose corrective orders to protect the integrity of proceedings. "A district court has inherent power to impose sanctions for bad faith conduct or abuse of the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001). While Plaintiff does not move under Rule 11 at this time, this motion respectfully submits that the pattern of conduct exhibited in the Answer warrants the Court's close attention—and may eventually require further remedy if not corrected.

101.    For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion in its entirety. Defendant's Answer fails to meet the standards imposed by the Federal Rules of Civil Procedure and applicable Ninth Circuit authority. It asserts legally insufficient affirmative defenses that are neither supported by facts nor pled with the specificity required under *Twombly* and *Iqbal*. It also contains a series of vague, evasive, and implausible denials that obscure the issues in dispute and impede Plaintiff's ability to prepare her case. These tactics—whether by design or default—frustrate the core purpose of Rule 8: to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

102.    Moreover, Defendant's failure to assert any counterclaims in its Answer raises the risk of waiver under Rule 13(a). The plaintiff expressly reserves all rights to object to any attempt by Defendant to assert belated counterclaims that are now barred as untimely or forfeited. See, *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 (9th Cir. 2005) ("Failure to plead a compulsory counterclaim in the original action bars the party from bringing it later.").

103.    This Court need not—and should not—tolerate pleadings that lack candor or clarity. As the Ninth Circuit has made clear, "[t]he Federal Rules of Civil Procedure do not countenance evasive or artful pleading." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Nor should litigation be permitted to devolve into a tactical exercise in obfuscation. "Litigants who file answers without a good faith basis risk not only sanctions, but also an erosion of judicial patience." *Gallucci v. Gonzales*, 199 F. Supp. 2d 1121, 1126 (C.D. Cal. 2002).

104.    This Court has both the authority and the responsibility to ensure that the litigation proceeds on a clear and lawful procedural footing. The plaintiff respectfully submits that this Motion

— 24 —

provides the appropriate vehicle to do just that.

Accordingly, Plaintiff respectfully requests that the Court:

1. **Strike** the following affirmative defenses pursuant to Rule 12(f): all.

2. **Grant such other and further relief** as the Court deems just and proper.

Dated: March 27 2025

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email:** legal@ashleygjovik.com

**Physical Address:** Boston, Massachusetts

**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816

**Phone:** (408) 883-4428