**jAshley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik,** *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Motion for a More Definition Statement** |
| vs. | **Plaintiff's Memorandum of Points & Authorities** |
| **Apple Inc.,** *a corporation*, | MOTIONS: Fed. R. Civ. P. 12(e) Fed. R. Civ. P. 12(f) |
| Defendant. | HEARING: Dept: Courtroom 5, 17th Fl. & Zoom Judge: Honorable Edward M. Chen Date: June 12 2025 Time: 1:30 PM PST |

# TABLE OF CONTENTS

I.    **Table of Authorities** ...................................................................... iii

II.   **Introduction** ......................................................................... 1

III.  **Legal Standards** ..................................................................... 3

IV.   **Arguments** ........................................................................ 5

    A.    Defendant's Blanket Denials and Inconsistent Responses to Undisputed Facts Should Be Struck, and Defendant Should Be Sanctioned for Negligence ...................................................................... 5

    B.    Denials Made in Bad Faith should be Stricken. ................................. 7

    C.    Defendant's Refusal to Respond to Allegations Relating to Protected Conduct Based on Dismissed Toxic Tort Claims Is Improper ...................... 8

    D.    Defendant's Denial of Knowledge Regarding Plaintiff's Complaints to the State Labor Department Is Inconsistent with the Evidence and Should Be Struck ...................................................................... 10

    E.    Defendant's Denial of Their Own Statement Regarding Attempt to Delete Plaintiff's Twitter Posts Should Be Struck and Considered in Light of Available Evidence ...................................................................... 12

    F.    Defendant's Vague Claim That the Government Diagram of their Rooftop is "Inaccurate" Is Insufficient and Should Be Struck or Clarified ...14

V.    **Conclusion** ......................................................................... 16

1    **I. TABLE OF AUTHORITIES**

2    **US SUPREME COURT CASES**

3    *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) ......................................16

4    *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ..........................................................16

5    *Herring v. United States,* 422 F.3d 442 (7th Cir. 2005) ....................................6

6    *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) ............................................11

7    *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)...................................10

8    **APPELLATE US CIRCUIT COURT CASES**

9    *Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001) .......................................16

10   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) .........................8

11   **US DISTRICT COURT CASES**

12   *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535 (D. Md. 2010) . 2, 3,
13       4

14   *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)  2, 3,
15       4

16   *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal.
17       1998) ............................................................................................................ 7

18   *Donaldson v. Liberty Mutual Ins. Co.,* 2010 WL 11669832 (C.D. Cal. Jan. 21,
19       2010) ...........................................................................................................13

20   *Gallucci v. Gonzales*, 199 F. Supp. 2d 1121, 1126 (C.D. Cal. 2002). ..................16
21
22   *In re Seroquel Products Liability Litigation,* 2007 WL 3036025 (M.D. Fla. Oct. 15,
23       2007) ............................................................................................................ 6

24   *Jenkins v. McKeithen,* 395 F.3d 1192 (9th Cir. 2005) ......................................... 5

25   *MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 202 (D. Mass. 1999) ..... 4

26   *Mountain Tobacco Co. v. State of New York*, 953 F. Supp. 2d 385, 410 (E.D.N.Y.
27       2013) ............................................................................................................ 4

28   *Mountain Tobacco Co.*, 953 F. Supp. 2d at 410 (E.D.N.Y. 2013) .........................7

*Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 846 (N.D. Ill. 1998) .......... 5

*New York v. Mountain Tobacco Co.*, 953 F. Supp. 2d 385, 410 (E.D.N.Y. 2013) ..... 7

*Rudzinski v. Metropolitan Life Ins. Co.*, 2007 WL 2973830 (N.D. Ill. Oct. 4, 2007) ...................................................................................................................11, 15

*Rutz v. 3M Co.,* 989 F. Supp. 2d 1214 (C.D. Cal. 2013) ................................... 12

*Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.,* 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008) ...................................................................11, 14

*United States v. Bounds,* 2007 WL 2325895 (E.D. Va. Aug. 10, 2007) ...............14

**CALIFORNIA APPELLATE CASES**

*Salas v. Sierra Chemical Co.,* 59 Cal.4th 407 (2014) ....................................... 12

# Motion for a More Definite Statement

**NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1.     **PLEASE TAKE NOTICE** that Plaintiff Ashley Gjovik, proceeding *in propria persona,* hereby moves the Court, pursuant to Rules 12(f), 12(e), and applicable standards under Rule 8(b), for an order striking portions of Defendant's Answer (Dkt. 183), dismissing legally insufficient affirmative defenses, and requiring Defendant to provide a more definite statement of vague and evasive allegations.

2.     This motion is noticed for hearing on June 12 2025, at 1:30 PM, before the Honorable Edward M. Chen in Courtroom 5, 17th Floor, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as the matter may be heard.

## II. Introduction

3.     Plaintiff Ashley Gjovik respectfully moves to strike certain affirmative defenses and for a more definite statement as to portions of Defendant Apple Inc.'s Answer to the Fifth Amended Complaint (Dkt. 183).[1] Plaintiff Ashley Gjovik respectfully submits this Motion under Federal Rules of Civil Procedure 12(e), seeking to compel Apple to provide a more definite statement as to key denials that are evasive, vague, or implausible under the circumstances. Defendant's pleading includes vague or evasive denials lacking sufficient detail to permit Plaintiff to frame a responsive pleading or conduct discovery (FRCP 12(e)).

4.     Plaintiff Ashley Gjovik respectfully seeks targeted procedural relief under Federal Rules of Civil Procedure 12(f) and 12(e) in response to Defendant Apple Inc.'s Answer to the Fifth Amended Complaint. The pleading fails to comply with federal standards in two material respects: (1) it asserts a series of boilerplate and legally insufficient affirmative defenses; and (2) it repeatedly invokes vague and

---

[1] Plaintiff notes that Defendant's Answer includes no counterclaims. Plaintiff reserves all rights to object to any future attempt to assert counterclaims that may be compulsory under Federal Rule of Civil Procedure 13(a), as such claims may be untimely or waived.

1  implausible denials of factual allegations, many of which concern matters squarely within Apple's own

2  records or previously admitted by the company in other proceedings.

3      5.    Despite clear record evidence, Apple has chosen to deny even the most indisputable

4  facts. It asserts that it "lacks knowledge or information" about its own termination decision, its own

5  legal department's meetings, and even the public findings of government investigations into its facilities.

6  These denials are not only implausible, but they are also prejudicial, obstructive, and beneath the

7  standards of practice expected in federal court. Plaintiff respectfully submits Apple's Answer violates

8  Rule 8(b) by denying facts without proper basis; and improperly evades factual engagement with

9  conduct underlying the surviving retaliation claims by citing the Court's dismissal of other claims "with

10  prejudice," despite those facts remaining central to the ongoing litigation.

11      6.    This motion seeks targeted relief to streamline the proceedings and correct the

12  procedural damage caused by Apple's evasions and gamesmanship. The Court has already had an

13  occasion to warn the parties about compliance with the rules. With this filing, Plaintiff respectfully

14  invites the Court to exercise its gatekeeping function more directly and restore integrity to the pleadings.

15      7.    Apple's repeated denials of knowledge or information—particularly concerning public

16  facts, Plaintiff's legal education, Apple's own HR and EH&S records, and previously acknowledged

17  regulatory matters—warrant relief under Rule 12(e). "Rule 12(e) serves to prevent parties from being

18  unfairly surprised by vague pleadings and to expedite the pretrial process by requiring clarification at

19  the outset." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). When denials

20  are demonstrably implausible or made despite the availability of internal knowledge, courts may compel

21  amendment. See *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535 (D. Md. 2010) ("A denial

22  of knowledge is inappropriate where a party has access to the information or has refused to

23  investigate.").

24      8.    Plaintiff has already identified multiple internal documents produced by Apple that

25  contradict its purported lack of knowledge. These materials directly refute several of Apple's denials

26  and confirm the need for judicial intervention to restore procedural regularity. Accordingly, Plaintiff

27  requests that the Court strike the identified affirmative defenses and order Defendant to clarify its vague

28  and obstructive denials. These targeted corrections will streamline the litigation, focus the parties'

discovery efforts, and preserve judicial economy.

1    9.    Plaintiff acknowledges that, due to the time constraints and the sheer volume of issues

2  raised in Defendant's filings, this motion may not fully address each specific paragraph or every issue

3  raised in the answer. As a pro se litigant, Plaintiff has done their best to identify and respond to the most

4  critical and impactful deficiencies in Defendant's answer. However, given the complexity of the case,

5  the large number of issues involved, and the limited time available to prepare this motion, Plaintiff

6  recognizes that this response may not be as comprehensive as it ideally should be. Plaintiff respectfully

7  requests the Court's understanding in this regard and requests an opportunity to further address any

8  remaining issues should the need arise.

9  ## III. Legal Standards

10    10.    Where Apple's affirmative defenses are phrased so vaguely that Plaintiff cannot

11  reasonably prepare a responsive pleading, Rule 12(e) authorizes this Court to require clarification. "A

12  motion for a more definite statement is appropriate where the complaint—or here, a defense—is so

13  vague or ambiguous that the opposing party cannot reasonably prepare a response." *Cellars v. Pacific*

14  *Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

15    11.    Apple's defenses fail to allege even the basic elements—much less the factual basis—for

16  key defenses such as "unclean hands," "estoppel," or "consent." The absence of any factual content

17  renders them fatally defective, and the Plaintiff is entitled to know the grounds upon which Apple

18  intends to proceed.

19    12.    A Rule 12(e) motion is appropriate when "a pleading is so vague or ambiguous that a

20  party cannot reasonably be required to frame a responsive pleading." *Cellars v. Pacific Coast Packaging,*

21  *Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). FRCP 12(e) allows a party to move for a more definite

22  statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a

23  response." "Courts routinely grant Rule 12(e) motions when defendants assert denials by pleading

24  ignorance as to matters that are clearly within their knowledge." *Bradshaw v. Hilco Receivables, LLC*, 725

25  F. Supp. 2d 532, 535 (D. Md. 2010).

26    13.    Rule 12(e) authorizes a party to move for a more definite statement where the opposing

27  pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." The standard

28  is particularly apt where the responding party has "exclusive access" to the facts at issue but pleads

1    ignorance in a manner that impairs the fair progress of the case. See *Cellars v. Pacific Coast Packaging,*

2    *Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535

3    (D. Md. 2010).

4        14.    While Rule 8(b)(5) permits a defendant to deny an allegation based on lack of knowledge

5    or information, such a denial must be made in good faith and after a reasonable inquiry. See *Mountain*

6    *Tobacco Co. v. State of New York*, 953 F. Supp. 2d 385, 410 (E.D.N.Y. 2013) ("A denial of knowledge is

7    inappropriate where the party has access to the information or has refused to investigate."). Vague or

8    implausible denials that contradict known facts, especially where contradicted by the party's own

9    records, are improper and prejudicial. Rule 12(e) permits the Court to compel clarification at the outset

10   of litigation to avoid delay and abuse of the pleading process.

11       15.    Rule 12(e) permits a party to move for a more definite statement where the opposing

12   pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ.

13   P. 12(e). Although infrequently invoked, the rule serves a critical role in ensuring that pleadings provide

14   sufficient clarity to permit a fair and efficient resolution of the claims. Courts in this District have

15   granted Rule 12(e) relief where a defendant's denials are implausible, evasive, or obstruct the plaintiff's

16   ability to frame discovery or determine the scope of factual disputes. See *Cellars v. Pacific Coast*

17   *Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp.

18   2d 199, 202 (D. Mass. 1999) ("Rule 12(e) is appropriate when a denial is so cryptic or inconsistent that

19   the pleading party cannot respond.").

20       16.    Under Rule 8(b)(5), a party may assert that it lacks knowledge or information sufficient

21   to form a belief about the truth of an allegation, but such a denial must be made in good faith and only

22   after a reasonable inquiry. See *Mountain Tobacco Co. v. State of New York*, 953 F. Supp. 2d 385, 410

23   (E.D.N.Y. 2013). A denial based on lack of knowledge is improper where the defendant possesses—or

24   is in a position to obtain—the relevant information. See *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp.

25   2d 532, 535 (D. Md. 2010).  Federal pleading rules require a response to all factual allegations. *See Kearns*

26   *v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009).

27       17.    Here, Apple repeatedly asserts that it lacks knowledge or information sufficient to admit

28   or deny allegations that plainly fall within its own knowledge, records, or prior litigation posture. For

     example: These denials are not only implausible, but obstructive. They frustrate Plaintiff's ability to

frame targeted discovery, determine the scope of factual disputes, and prepare Rule 26(a)(1) disclosures. As such, Plaintiff respectfully requests that the Court requires Defendant to amend the Answer to provide a more definite statement as to the foregoing paragraphs. A pleading party is entitled to a meaningful response—not to evasions or feigned ignorance contradicted by the record. See *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 846 (N.D. Ill. 1998) ("A denial is not a license to obfuscate.").

## IV. ARGUMENTS

18.     Apple's Answer includes a series of generic, conclusory affirmative defenses that fail to satisfy federal pleading standards. In addition, the Answer is riddled with denials that claim "lack of knowledge or information sufficient to admit or deny" matters that are either: publicly available; based on Apple's internal records or already addressed by Apple in prior agency proceedings. These evasions frustrate the fair resolution of the claims and burden Plaintiff with unnecessary uncertainty and expense. This Court has the authority to strike these affirmative defenses under Rule 12(f), and/or to require Apple to clarify evasive responses under Rule 12(e).

### A. DEFENDANT'S BLANKET DENIALS AND INCONSISTENT RESPONSES TO UNDISPUTED FACTS SHOULD BE STRUCK, AND DEFENDANT SHOULD BE SANCTIONED FOR NEGLIGENCE

19.     Defendant's repeated blanket denials of facts, particularly when those same facts are acknowledged in other sections of their answer, constitutes sanctionable negligence and a violation of their duty to respond in good faith. Defendant cannot simultaneously deny facts they are aware of and have confirmed elsewhere in their answer. This is an improper attempt to evade the truth and create confusion in the record, which should not be tolerated. A party cannot deny knowledge of facts it has exclusive access to. "A defendant cannot deny knowledge of facts within its control. See *Bradshaw v. Hilco Receivables,* LLC, 725 F. Supp. 2d 532, 535 (D. Md. 2010).

20.     Under Federal Rule of Civil Procedure 8(b)(1), a party is required to admit or deny the allegations in a straightforward manner, and any denial should be made with specificity. However, Defendant's blanket denials of entire paragraphs—when they have already admitted or confirmed the same facts elsewhere—violates this requirement. In *Jenkins v. McKeithen,* 395 F.3d 1192 (9th Cir. 2005),

1    the court emphasized that a party's denials must be consistent and should not contradict facts the party

2    has already acknowledged.

3        21.    For example, Defendant cannot deny that Plaintiff filed complaints with the California

4    Labor Department when they have admitted that they were aware of these complaints in other portions

5    of the answer. This type of contradictory pleading introduces unnecessary confusion and demonstrates

6    a lack of care in responding to the factual allegations.

7        22.    Defendant has at least five attorneys working on this case, and the repeated

8    contradictions in their answer cannot be excused as mere oversight. In *Herring v. United States,* 422 F.3d

9    442 (7th Cir. 2005), the court highlighted that negligence in preparing a pleading can be grounds for

10   sanctions, especially when multiple attorneys are involved, and there are clear inconsistencies within

11   the answer itself. The court emphasized that attorneys have an obligation to ensure that pleadings are

12   prepared with due diligence, and that failure to do so can result in sanctions.

13       23.    Similarly, in *In re Seroquel Products Liability Litigation,* 2007 WL 3036025 (M.D. Fla.

14   Oct. 15, 2007), the court found that defendants' failure to reconcile their inconsistent statements within

15   the same pleading demonstrated negligence, and the court imposed sanctions to deter such conduct.

16   Defendant's failure to properly address the facts in a manner consistent with the information they

17   already know constitutes an abuse of the litigation process and reflects poorly on their counsel's

18   professionalism. The fact that Defendant has five attorneys working on the case should not provide

19   them with an excuse for such repeated, glaring errors.

20       24.    In light of Defendant's repeated blanket denials and inconsistent responses, Plaintiff

21   respectfully requests that the court strike Defendant's blanket denials of facts that are contradicted by

22   other admissions or statements within their answer; order Defendant to file a corrected answer, which

23   complies with the requirement for consistency and specificity in admissions and denials, as outlined in

24   Rule 8. Consider imposing sanctions for the negligent preparation of the answer, which has resulted in

25   unnecessary confusion and delays in the litigation.

26       25.    Correct and consistent pleading is crucial to maintaining the integrity of the litigation

27   process. When a party denies well-known facts without explanation or acknowledgment of contrary

28   statements within their own answer, it undermines the purpose of the Federal Rules of Civil Procedure,

     which are designed to promote clarity, transparency, and fairness in litigation. Defendants should be

1  held accountable for such procedural missteps, particularly when they involve significant resources and

2  legal counsel.

3  **B. Denials Made in Bad Faith should be Stricken.**

4  26.  Apple denies or disclaims knowledge of: the decisionmakers behind Plaintiff's

5  termination, despite this being central to its own internal processes and defenses; communications

6  between its own EH&S legal counsel and the Plaintiff; EPA investigations and published federal findings

7  tied to Apple's own facilities, despite those investigations being initiated at Plaintiff's instigation and

8  disclosed publicly; statements made by Apple executives that Plaintiff directly quoted and attributed,

9  often from written communications. These are not honest denials. They are tactical evasions, designed

10 to obscure the evidentiary record and frustrate litigation.

11  27.  See *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998)

12 (striking denials that were "clearly false or made in bad faith"); *Gillespie v. Civiletti*, 629 F.2d 637, 643

13 (9th Cir. 1980) (holding that bad faith pleading can justify judicial sanctions and adverse inferences).

14 Rule 8(b) is not an invitation to plead ignorance about your own conduct. "A party may not deny

15 knowledge of facts that are clearly within its control." *Bradshaw v. Hilco Receivables*, 725 F. Supp. 2d 532,

16 535 (D. Md. 2010).

17  28.  Apple's denial is therefore not only implausible but contradicted by its own records. Rule

18 8(b) requires good-faith denials based on reasonable inquiry. See *New York v. Mountain Tobacco Co.*, 953

19 F. Supp. 2d 385, 410 (E.D.N.Y. 2013). The Court should compel the Defendant to amend this portion

20 of its Answer under Rule 12(e).

21  29.  Apple repeatedly denies allegations in the Fifth Amended Complaint by claiming it

22 "lacks knowledge or information sufficient to admit or deny," even where the subject matter pertains to

23 Apple's own internal records or communications; has already been admitted elsewhere by Apple or

24 involves publicly available and judicially noticeable facts. Such denials fail to meet the standard

25 of Federal Rule of Civil Procedure 8(b)(5), which requires a party to affirmatively state when it lacks

26 knowledge or information after a reasonable inquiry. If a party has documents in its possession that

27 clearly provide the requested information, the use of a Rule 8(b)(5) denial is inappropriate and

28 potentially sanctionable. "A denial of knowledge is inappropriate where a party has access to the

1    information or has refused to investigate." *Mountain Tobacco Co.*, 953 F. Supp. 2d at 410 (E.D.N.Y.

2    2013).

3          30.     In ¶6 of the Answer, Apple asserts that it: "...lacks knowledge or information sufficient

4    to admit or deny what type of law [Plaintiff] hoped to practice and, on that basis, denies that allegation."

5    However, this denial is directly contradicted by Apple's own document production in this litigation.

6    Apple produced an internal record which explicitly states that Plaintiff was enrolled in Employment

7    Discrimination and Labor Law courses at the time of the alleged protected activity and adverse actions.

8    This not only renders Apple's denial implausible, but it also suggests a failure to conduct reasonable

9    due diligence before pleading — undermining the procedural integrity of the Answer. Therefore,

10   Plaintiff respectfully requests that the Court issue an order under Rule 12(e) compelling Apple to amend

11   its Answer to provide a definitive, fact-based response to Paragraph 6 of the Fifth Amended Complaint.

12   **C.    DEFENDANT'S REFUSAL TO RESPOND TO ALLEGATIONS
           RELATING TO PROTECTED CONDUCT BASED ON DISMISSED
13         TOXIC TORT CLAIMS IS IMPROPER**

14         31.     In over fifty paragraphs, Apple asserts that "no response is required" because the

15   underlying claims (e.g., Counts 5 and 6) were dismissed. However, the factual allegations underlying

16   those claims remain directly relevant to the surviving retaliation causes of action (Counts 1–4). "Even

17   if claims are dismissed, underlying factual allegations remain relevant if they support a theory that

18   survives dismissal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

19         32.     This is particularly acute where the Court itself acknowledged that Plaintiff's claims

20   revolve around retaliatory responses to environmental complaints—including facts Apple refuses to

21   answer under this dodge. This maneuver should be struck or overridden under Rule 8(b)(2)–(3), which

22   requires a defendant to respond to each and every allegation, not simply those it chooses to

23   acknowledge.

24         33.     Defendant's attempt to avoid responding to Plaintiff's allegations related to protected

25   conduct, based on the dismissal of the toxic tort claims, is without merit and contrary to California law

26   and established legal principles. While the toxic tort claims may have been dismissed, the facts

27   underlying those claims remain crucial to Plaintiff's claims under California Labor Code sections

28   1102.5, 98.7, 6310, and the Tamney termination in violation of public policy tort. The dismissal of the

toxic tort claims does not excuse Defendant from responding to allegations regarding the protected conduct or pretext, which are central to the whistleblower retaliation claims under these statutes and common law.

34.     Plaintiff's whistleblower retaliation claims under Labor Code sections 1102.5 (prohibiting retaliation for reporting violations of law), 98.7 (prohibiting retaliation for filing complaints related to wage or labor violations), and 6310 (protecting employees who report unsafe working conditions) all rest on Plaintiff's allegations of engaging in protected conduct, such as reporting environmental hazards and unsafe working conditions, which directly underlie the whistleblower claims. These statutes require that the employee engage in protected conduct (such as reporting violations) and suffer retaliation as a result.

35.     Defendant's argument that these allegations are irrelevant because the toxic tort claims were dismissed is legally unsound. Even though the toxic tort claims may have been dismissed on procedural grounds, the protected conduct—i.e., Plaintiff's reports regarding environmental and labor law violations—remains highly relevant to the whistleblower claims under California Labor Code sections 1102.5, 98.7, and 6310. The facts related to Plaintiff's reporting of such conduct continue to support the whistleblower claims and are critical to establishing the pretext and retaliation elements of the claims.

36.     The California Labor Code does not limit the scope of protected activity to claims under specific statutes; it protects all forms of whistleblowing activity related to violations of law, including those that overlap with other legal theories. Thus, Defendant's refusal to address allegations of protected conduct related to these reports is improper and does not align with California's strong public policy against retaliation for reporting violations.

37.     Similarly, Plaintiff's Tamney termination in violation of public policy claim is rooted in the same protected conduct that underpins the Labor Code whistleblower claims. The Tamney tort claim allows for recovery when an employee is terminated in violation of fundamental public policies, such as the protection of public health, safety, and welfare. The reports made by Plaintiff about toxic exposure and unsafe working conditions clearly fall within the scope of public policies protected by the California Labor Code, as well as broader public policy against retaliation for reporting unlawful activities.

38.    Defendant's attempt to disqualify these allegations based solely on the dismissal of the toxic tort claims misinterprets the legal landscape. The facts that form the basis of the whistleblower retaliation claims and Tamney tort are not negated by the dismissal of the toxic tort claims. Indeed, the same underlying facts—relating to Plaintiff's reports of hazardous working conditions and law violations—remain central to Plaintiff's claims of wrongful termination in violation of public policy.

39.    California courts have consistently held that a defendant cannot avoid responding to allegations of protected conduct merely because related claims have been dismissed. In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the Supreme Court reaffirmed that a plaintiff's complaint need only provide a "short and plain statement of the claim" to provide fair notice of the allegations. The dismissal of related claims does not affect the relevance of the facts underlying those claims, particularly when those facts are central to another legal theory, as is the case here.

40.    Further, California case law reinforces that allegations of retaliation and wrongful termination in violation of public policy cannot be disregarded simply because the claims under other legal theories may have been dismissed. The facts supporting the whistleblower retaliation claims under Labor Code sections 1102.5, 98.7, and 6310 and the Tamney tort remain central to establishing a claim for wrongful termination based on retaliation for reporting violations of law and unsafe conditions.

41.    Defendant's refusal to respond to these allegations of protected conduct based on the dismissal of the toxic tort claims is an improper attempt to avoid addressing the substance of Plaintiff's claims. Even though the toxic tort claims may have been dismissed, the protected conduct alleged in Plaintiff's complaint, including reports of unsafe working conditions and violations of law, is directly relevant to Plaintiff's whistleblower retaliation claims under Labor Code sections 1102.5, 98.7, 6310, and the *Tamney* termination in violation of public policy tort.

42.    Plaintiff respectfully requests that the Court compel Defendant to respond to all allegations relating to this protected conduct and clarify any objections that are based on the dismissal of the toxic tort claims. Defendant should not be permitted to evade providing a substantive response to these allegations, which are central to Plaintiff's claims of retaliation and wrongful termination.

### D.    Defendant's Denial of Knowledge Regarding Plaintiff's Complaints to the State Labor Department Is Inconsistent with the Evidence and Should Be Struck

43.     Defendant's blanket denial of knowledge regarding Plaintiff's complaints to the California Labor Department is not only inconsistent with the record but also appears to be a deliberate attempt to avoid addressing the substantial evidence already in the case. Defendant's claim that they have no knowledge of these complaints—despite having received them and having been involved in motion practice regarding them for over a year—should be treated as a refusal to engage with the facts and should be struck or compelled to be clarified.

44.     Defendant's blanket denial that they have any knowledge of Plaintiff's complaints to the California Labor Department is plainly contradicted by the evidence in this case. Specifically, Defendant has seen and been involved with documents relating to those complaints for over a year as part of the ongoing litigation. These documents, which include evidence of the complaints filed and communications from the Labor Department, have been discussed, referenced, and are part of the record in this case.

45.     Further, Defendant cannot plausibly claim they were unaware of these complaints after receiving the formal filings or being repeatedly confronted with them during discovery and motion practice. As it stands, Defendant's denial appears to be a tactic to avoid addressing Plaintiff's protected activity as part of the whistleblower retaliation claim.

46.     This type of denial is problematic, as it violates the principle of Rule 8(b) under the Federal Rules of Civil Procedure, which requires that denials be made with specificity and based on the facts of the case. In *Rudzinski v. Metropolitan Life Ins. Co.*, 2007 WL 2973830 (N.D. Ill. Oct. 4, 2007), the court held that simply denying allegations without addressing the facts is insufficient. Likewise, in *Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.,* 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008), the court noted that the failure to provide specific, fact-based responses violates the Rule 8 requirement.

47.     It is well-established that knowledge can be imputed to an organization when its employees or agents are involved in the relevant conduct or have been provided with the relevant information. In *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), the Supreme Court explained that knowledge imputed to an employer or its agents can be inferred from their actions, communications, or involvement in the relevant facts. In this case, the fact that Defendant has been involved in motion practice regarding the Labor Department complaints and has received and reviewed related documents

— 11 —

1  makes it implausible for them to deny knowledge.

2      48.    Moreover, California courts have also ruled that knowledge can be imputed to the

3  employer where the employer has access to the information. For example, in *Salas v. Sierra Chemical*

4  *Co.,* 59 Cal.4th 407 (2014), the California Supreme Court held that an employer could not escape

5  liability for retaliation simply by denying knowledge of an employee's complaints if the employer had

6  access to that information.

7      49.    In light of Defendant's improper denial, which is directly contradicted by the record,

8  Plaintiff respectfully requests that the court strike Defendant's denial of knowledge regarding the

9  complaints to the California Labor Department as insufficient and evasive; and order Defendant to

10  amend their response to reflect the facts of the case, acknowledging their knowledge of Plaintiff's

11  complaints and involvement with the related documents, or provide a proper factual basis for their

12  denial.

13      50.    Defendant's knowledge of the Labor Department complaints is critical to Plaintiff's

14  whistleblower retaliation claims. The fact that Defendant has seen and been involved with the

15  complaints is highly relevant to demonstrating that Plaintiff engaged in protected activity under

16  California Labor Code sections 1102.5, 98.7, and 6310, and was subjected to retaliation as a result. A

17  denial of knowledge, despite the evidence to the contrary, not only undermines the factual integrity of

18  Defendant's defense but also hinders Plaintiff's ability to demonstrate retaliation.

19      **E.**    **DEFENDANT'S DENIAL OF THEIR OWN STATEMENT REGARDING ATTEMPT TO DELETE PLAINTIFF'S TWITTER POSTS SHOULD BE STRUCK AND CONSIDERED IN LIGHT OF AVAILABLE EVIDENCE**

20

21

22      51.    Defendant's blanket denial in their answer of the statement they made to the

23  Department of Labor, in which they claimed they attempted to have Plaintiff's Twitter posts deleted,

24  is both evasive and inconsistent with the available evidence. Specifically, Plaintiff has provided a letter

25  from Defendant, sent to the Department of Labor, which confirms this claim. This denial not only

26  contradicts the evidence but also demonstrates a failure on the part of Defendant to engage in good faith

27  litigation.

28      52.    Defendant's denial of a fact that is clearly established by a letter they themselves issued

to the Department of Labor is improper. A party cannot deny the existence of evidence that directly contradicts their denial. In *Rutz v. 3M Co.,* 989 F. Supp. 2d 1214 (C.D. Cal. 2013), the court held that when documentary evidence directly contradicts a party's denial, the denial must be struck as a matter of law. Here, Defendant is denying something they have explicitly stated in writing, which is a clear attempt to avoid the truth of their actions.

53.    As the letter from Defendant to the Department of Labor confirms that they attempted to have Plaintiff's Twitter posts removed, their blanket denial of this fact in the answer is a failure to respond in a truthful and consistent manner. Rule 8(b)(1)(B) requires that denials be based on the facts of the case, and Defendant is not entitled to deny facts that they have already documented and admitted in other communications. Apple's denial of its own documented statement to the Department of Labor is not just improper—it is a direct contradiction of its own records and an attempt to manufacture a factual dispute where none exists. Courts reject such evasive denials as improper. See *Rutz v. 3M Co.*, 989 F. Supp. 2d 1214 (C.D. Cal. 2013).

54.    Defendant's denial, despite having the letter that confirms the statement in question, can be seen as an attempt to evade the truth or manipulate the record. This is not a simple mistake or oversight; rather, it appears to be a deliberate effort to undercut the strength of Plaintiff's claims. Rule 11 of the Federal Rules of Civil Procedure requires attorneys to certify that the pleadings are well-grounded in fact and law. Given that Defendant's denial contradicts evidence that they themselves produced, they are potentially violating Rule 11(b) by making a false representation to the Court.

55.    In *Donaldson v. Liberty Mutual Ins. Co.,* 2010 WL 11669832 (C.D. Cal. Jan. 21, 2010), the court imposed sanctions when a party made a false denial of facts that were contradicted by documentary evidence. Defendant's failure to correct this in their answer and their ongoing attempt to deny this fact in the face of clear evidence should be addressed accordingly.

56.    In light of Defendant's improper denial of a fact that is clearly documented in the letter they issued to the Department of Labor, Plaintiff respectfully requests that the Court: strike Defendant's denial of the fact that they attempted to have Plaintiff's Twitter posts deleted, as this denial is inconsistent with the documentary evidence in the record. Order Defendant to file a corrected answer that properly acknowledges the factual accuracy of the statements made in the letter to the Department of Labor. Consider the denial in light of Rule 11 and impose appropriate sanctions, if warranted, for the

improper denial and failure to amend the answer to reflect the known facts.

57.    The fact that Defendant attempted to have Plaintiff's Twitter posts deleted is central to Plaintiff's whistleblower retaliation claim under California Labor Code sections 1102.5 and 6310, as it demonstrates an attempt by Defendant to interfere with Plaintiff's protected activity and suppress evidence. The denial of this fact, despite the available documentary evidence, not only undermines the credibility of Defendant's defense but also serves to impede Plaintiff's ability to move forward with a fair and transparent case.

58.    Defendant's denial of the fact that they attempted to have Plaintiff's Twitter posts deleted, despite the clear evidence in the form of the letter to the Department of Labor, is improper, evasive, and a direct contradiction of the record. This denial should be struck, and Defendant should be required to correct their answer. Additionally, the Court should consider sanctions under Rule 11 for failing to engage in good faith and making a false representation to the Court.

## F.    Defendant's Vague Claim That the Government Diagram of their Rooftop is "Inaccurate" Is Insufficient and Should Be Struck or Clarified

59.    Defendant's response, which merely asserts that a government diagram is "inaccurate" without offering any substantive explanation, is insufficient and fails to meet the requirements for a proper denial under Federal Rule of Civil Procedure 8(b) and applicable California law. The diagram referenced is a government-issued diagram of its own office building, and Defendant's vague statement that it is inaccurate does not provide any meaningful rebuttal or evidence to support such a claim.

60.    It is well-established that government documents, including those from the EPA, are entitled to a presumption of accuracy and reliability. The Federal Rules of Evidence provide that documents from a government agency, such as the EPA, are presumed to be authentic under Rule 902(5). As the document in question is produced by the government itself, it is reasonable to rely on it as accurate unless the defendant provides concrete evidence to the contrary.

61.    In *United States v. Bounds,* 2007 WL 2325895 (E.D. Va. Aug. 10, 2007), the court noted that when a government agency is the source of a document, the burden lies with the opposing party to prove that the document is inaccurate, rather than merely making unsubstantiated claims. Thus, Defendant's failure to provide any factual support or evidence to disprove the accuracy of the diagram

is insufficient.

62.    Under Rule 8(b)(1)(B), a defendant must specifically admit or deny allegations and cannot rely on vague, conclusory statements that a document is "inaccurate" without providing any details. In *Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.,* 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008), the court ruled that simply stating that a document "speaks for itself" or making vague assertions about accuracy was insufficient to comply with the requirements for a proper denial.

63.    Similarly, in *Rudzinski v. Metropolitan Life Ins. Co.*, 2007 WL 2973830 (N.D. Ill. Oct. 4, 2007), the court found that a defendant could not simply deny the truth of an allegation without explaining why the document in question was inaccurate or providing evidence to support the claim.

64.    In this case, Defendant's failure to offer any substantive details—such as specifying what part of the diagram is inaccurate, why it is inaccurate, or any contradictory evidence—leaves Plaintiff without a meaningful response or opportunity to dispute Defendant's claim. As such, Defendant's vague denial should be treated as legally insufficient.

65.    Given that the diagram in question is a government-issued document from the EPA and Defendant has not provided any specific factual support for its claim of inaccuracy, Plaintiff respectfully requests that the Court either strike Defendant's denial of the diagram's accuracy as insufficient under Rule 8(b), or compel Defendant to provide a more specific response detailing why they believe the diagram is inaccurate, including any supporting evidence or expert testimony, rather than a vague assertion.

66.    It is also important to note that the diagram in question is directly relevant to Plaintiff's claims, as it illustrates critical details about the conditions that are central to the allegations of protected conduct, such as unsafe working conditions or violations of environmental law. Without a meaningful response or clarification from Defendant, the Court would be left without a clear record of the parties' positions on this important issue.

67.    Defendant's mere assertion that the government diagram is inaccurate, without providing any details, fails to meet the pleading requirements set forth under Rule 8(b) and does not satisfy the standard of evidence necessary to dispute a government-issued document. Plaintiff respectfully requests that the Court either strike Defendant's vague response or compel Defendant to provide a more specific denial with supporting evidence.

# V. Conclusion

68.     This is not a typical answer. It reflects a strategic campaign to obstruct adjudication on the merits through procedural gamesmanship. The Court has the inherent authority to strike pleadings, require amendment, or impose corrective orders to protect the integrity of proceedings. "A district court has inherent power to impose sanctions for bad faith conduct or abuse of the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001). While Plaintiff does not move under Rule 11 at this time, this motion respectfully submits that the pattern of conduct exhibited in the Answer warrants the Court's close attention—and may eventually require further remedy if not corrected.

69.     For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion in its entirety. Defendant's Answer contains a series of vague, evasive, and implausible denials that obscure the issues in dispute and impede Plaintiff's ability to prepare her case. These tactics—whether by design or default—frustrate the core purpose of Rule 8: to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, Plaintiff respectfully requests that the Court:

1.  **Order Defendant to amend** its Answer pursuant to Rule 12(e) to provide a more definite statement as to Paragraphs **[all]**, each of which contains denials that are vague, implausible, and inconsistent with Defendant's own internal documents or public records.

2.  **Grant such other and further relief** as the Court deems just and proper.

70.     This Court need not—and should not—tolerate pleadings that lack candor or clarity. As the Ninth Circuit has made clear, "[t]he Federal Rules of Civil Procedure do not countenance evasive or artful pleading." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Nor should litigation be permitted to devolve into a tactical exercise in obfuscation. "Litigants who file answers without a good faith basis risk not only sanctions, but also an erosion of judicial patience." *Gallucci v. Gonzales*, 199 F. Supp. 2d 1121, 1126 (C.D. Cal. 2002).

71.     This Court has both the authority and the responsibility to ensure that the litigation proceeds on a clear and lawful procedural footing. The plaintiff respectfully submits that this Motion

1    provides the appropriate vehicle to do just that.

2

3    Dated: March 27 2025

4

5

6

7    _____

8    **/s/ Ashley M. Gjovik**

9    *Pro Se Plaintiff*

10   **Email**: legal@ashleygjovik.com

11   **Physical Address**: Boston, Massachusetts

12   **Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816

13   **Phone**: (408) 883-4428

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28