**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK**,

*an individual*,

Plaintiff,

vs.

**APPLE INC.**,

*a corporation,*

Defendant.

Case No. 3:23-CV-04597-EMC

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE & NOTICE OF PENDENCY**

**IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE & MOTION FOR A MORE DEFINITE STATEMENT**

HEARING:
Dept: Courtroom 5, 17th Fl. & Zoom
Judge: Honorable Edward M. Chen
Date: June 12 2025
Time: 1:30 PM PST

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE & NOTICE OF PENDENCY OF RELATED U.S. NLRB SETTLEMENT**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Ashley Marie Gjovik hereby submits this Notice of Pendency regarding a pending settlement agreement between Defendant Apple Inc. and the National Labor Relations Board (NLRB) in Case No. 32-CA-284428, which has direct implications for the present case.

## I. Legal Standard

1. Pursuant to Federal Rule of Evidence 201(b) and California Evidence Code § 452(d), Plaintiff respectfully requests that the Court take judicial notice of the NLRB settlement proceedings, as these are matters of public record and directly relevant to the issues in this litigation.

## II. Procedural Background of the NLRB Matter

2. On December 31, 2024, the NLRB indefinitely postponed the hearing in Case 32-CA-284428 due to ongoing settlement discussions between Apple and the NLRB. (See Exhibit A: NLRB Order Postponing Hearing.) As of March 27, 2025, Apple and the NLRB had finalized a settlement agreement and the Plaintiff now has a week to approve or to object to the terms. (See Exhibit B: NLRB Correspondence Regarding Settlement.) The settlement agreement contains substantive provisions related to Apple's employment policies, confidentiality agreements, and non-disclosure practices that directly impact Apple's defenses in this case. (See Exhibit C: Draft Settlement Agreement).

## III. Apple's Failure to Disclose Settlement Discussions in Its Answer

3. Apple failed to disclose in its Answer that it had been actively engaging in settlement discussions with the NLRB since at least January 1, 2025—negotiations that ultimately resulted in

the indefinite postponement of the administrative hearing. Instead, Apple simply said:

> Apple admits, on information and belief, that Plaintiff filed the charge in NLRB Case No. 32-CA-284428 on or about October 12, 2021. Apple further answers that in its Answer to that Complaint it denied the substantive allegations relating to NLRB Case No. 32-CA-284428. Apple denies that it committed any unfair labor practices. **Answering further, no hearing is presently scheduled in NLRB Case No. 32-CA-284428**. (emphasis added; Def's Answer at 4).

4.     Despite Apple's knowledge that a settlement was imminent, it omitted any reference to this in its filings before this Court, which raises serious concerns about Apple's candor and the accuracy of its assertions. Apple's omission of material facts regarding its own settlement discussions violates the duty of candor to the tribunal and deprives this Court of relevant context regarding Apple's legal obligations and defenses.

5.     Not only did Apple omit any mention of the settlement in its Answer, but it has also actively sought to prevent Plaintiff from obtaining a copy of the signed agreement or compliance materials from the NLRB, as documented in Exhibit C. (page 17, under "AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY.") This conduct further underscores Apple's intentional withholding of material information that is directly relevant to this litigation. Courts have held that non-disclosure of settlement terms affecting the claims at issue may justify sanctions and compulsory disclosure. See, *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 609 (D. Del. 2008).

6.     The terms of the NLRB settlement agreement are directly relevant to the present litigation, as they address Apple's employment policies, non-disclosure agreements (NDAs), and confidentiality provisions—the very issues in dispute before this Court. Apple's failure to disclose these settlement discussions has deprived Plaintiff and this Court of material facts necessary to evaluate Apple's current employment practices, ongoing policy revisions, and the credibility of its defenses in this case.

7.     Apple's failure to disclose its ongoing settlement negotiations with the NLRB in its Answer constitutes a material omission under both the duty of candor to the tribunal (ABA Model Rule 3.3) and its obligation to supplement discovery under Federal Rule of Civil Procedure 26(e)(1).

1  Apple's withholding of this information deprived the Court of critical context regarding its

2  employment policies and defenses. Courts reject attempts by parties to amend their pleadings only

3  after their omission has been exposed. The duty of candor requires timely, not reactive, disclosures.

4  *Scalia v. Int'l Longshore & Warehouse Union*, 968 F.3d 865, 878 (9th Cir. 2020).

## IV. Legal Authority Requiring Disclosure of Material Facts

8.    Courts recognize that failure to disclose material facts can constitute fraud on the tribunal. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 250 (1944). Non-disclosure of a highly relevant NLRB settlement in Apple's Answer deprives the Court of essential information and misrepresents the state of Apple's employment policies. See, *Pension Committee of the Univ. of Montreal Pension Plan,* 685 F. Supp. 2d 456, 478 (S.D.N.Y. 2010).

9.    Further, Attorneys have a duty of candor toward the court. The American Bar Association's Model Rule of Professional Conduct 3.3(a) states: "A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." This duty ensures that courts can make informed decisions based on complete and accurate information. In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court held that failure to disclose material information violates due process and undermines judicial integrity. Similarly, in *United States v. Bagley*, 473 U.S. 667 (1985), the Court ruled that withholding material facts can affect the fairness of proceedings.

10.    While Federal Rule of Evidence 408 generally prohibits the use of settlement discussions to prove liability, it does not excuse parties from disclosing the existence of settlement negotiations when they are material to ongoing litigation. Non-disclosure can mislead the court and opposing parties, potentially resulting in sanctions. In *In re Garlock Sealing Technologies, LLC*, the court found that manipulation and withholding of evidence led to inflated settlements and significant legal consequences. This case underscores the importance of transparency in legal proceedings.

11.    In *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233 (9th Cir. 2016), the Ninth Circuit affirmed sanctions against Goodyear for deliberately delaying the production of relevant

1  information, making misleading and false in-court statements, and concealing relevant documents.
2  This case demonstrates that courts may impose severe penalties for misleading conduct and
3  concealment of material facts. See *Haeger*, 813 F.3d at 1246.

4  12.    In *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438 (1976), the Supreme Court
5  held that an omitted fact is material if there is a substantial likelihood that a reasonable person
6  would consider it important in making a decision. While this case pertains to securities law, the
7  principle emphasizes the importance of disclosing material information in all legal contexts where
8  non-disclosure could mislead decision-makers. See *TSC Industries*, 426 U.S. at 449.

9  13.    Beyond mere omission, Apple has taken affirmative steps to prevent Plaintiff from
10 obtaining the finalized settlement terms or compliance materials from the NLRB, as reflected in
11 Exhibit C. Courts have routinely held that such deliberate suppression of material evidence may
12 warrant sanctions. Litigants have a duty to ensure that courts and opposing parties receive all
13 material information necessary for a fair adjudication of claims. Efforts to conceal, misrepresent,
14 or delay disclosure undermine the integrity of the judicial process and warrant corrective measures.
15 See, *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1246 (9th Cir. 2016).

16 ## V.  RELEVANCE TO THIS PROCEEDING

17 14.    The NLRB settlement, which addresses Apple's unlawful employment policies and
18 confidentiality agreements, directly impacts Plaintiff's claims under California Labor Code §§
19 1102.5, 232, and 232.5. The agreement's findings support Plaintiff's assertion that Apple's
20 restrictive NDAs and confidentiality policies unlawfully suppressed employee disclosures and
21 retaliatory conduct.

22 15.    The NLRB's findings regarding Apple's unfair labor practices are highly relevant to
23 Plaintiff's claims under California Labor Code sections 1102.5, 232, and 232.5. These statutes
24 protect employees from retaliation when engaging in protected activities, such as whistleblowing
25 and discussing workplace conditions. While the NLRB settlement does not carry issue preclusive
26 effect because it was not the result of a full adjudication on the merits, courts have recognized that
27 agency findings, even in settlements, can be highly persuasive evidence in related civil litigation.
28 See *N.L.R.B. v. Universal Camera Corp.*, 179 F.2d 749, 754 (2d Cir. 1950) (holding that NLRB

findings are entitled to substantial weight in judicial proceedings), aff'd, 340 U.S. 474 (1951).

16.    California Labor Code Section 1102.5 prohibits employers from retaliating against employees who disclose information they reasonably believe reveals a violation of law. The NLRB's determination that Apple's confidentiality policies unlawfully suppressed employee disclosures supports Plaintiff's claim that Apple's actions violated these whistleblower protections. California Labor Code Sections 232 and 232.5 protect employees from retaliation for discussing wages and working conditions. The NLRB's findings that Apple's employment policies unlawfully restricted these discussions provide direct evidence that Apple's actions violated these statutory protections under California law.

17.    The NLRA protects employees' rights to engage in concerted activity, including discussing workplace conditions. Courts recognize that favorable NLRB rulings strengthen state law claims, and California courts apply issue preclusion to NLRB findings where appropriate. See *Morillion v. Royal Packing Co.,* 22 Cal. 4th 575, 586 (2000) (recognizing federal labor law's persuasive effect on California claims). The NLRB's findings (that substantial evidence supports that Apple Inc's policies violated the NLRA multiple times) reinforces the Plaintiff's argument that Apple engaged in retaliatory and unlawful employment practices under both federal and state law. As such, the NLRB settlement serves as direct evidence supporting Plaintiff's California Labor Code claims.

18.    Given the material impact of the settlement on Apple's legal position, Plaintiff respectfully requests that the Court take judicial notice of the NLRB proceedings and the finalized settlement agreement, review Apple's truthfulness in its Answer, and permit briefing on how this settlement affects Apple's defenses in this matter.

## VI. Conclusion

19.    Given Apple's failure to disclose the settlement in its Answer and its affirmative efforts to block disclosure, Plaintiff respectfully requests that this Court:
- (1) Take judicial notice of the NLRB settlement proceedings;
- (2) Order Apple to produce the executed NLRB settlement agreement and compliance materials;
- (3) Impose an adverse inference that the withheld evidence would be unfavorable to

— 5 —

Apple's defenses; and

- (4) Permit briefing on how Apple's concealment impacts this case, including potential Rule 11 sanctions for failure to disclose material facts.

20.    Given Apple's refusal to disclose the finalized NLRB settlement, Plaintiff respectfully requests that this Court order Apple to produce the agreement and compliance materials. See *Southern Union Co. v. Irvin*, 563 F.3d 788, 796 (9th Cir. 2009); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988). The Plaintiff further requests the Order compel Apple to disclose all relevant settlement details publicly to the docket of this case, as that NLRB settlement agreement impacts the rights of over a hundred thousand other Apple employees. Courts have the authority to compel immediate production of concealed settlement agreements when they are material to ongoing litigation. See, *In re Subpoena to Deutsche Bank, AG*, 2019 WL 13169265, at *4 (S.D.N.Y. Mar. 27, 2019).

21.    The public has a strong interest in ensuring that employment-related disputes, particularly those affecting large groups of employees, are resolved fairly and in a manner consistent with the principles of open justice. *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018). California courts and the Ninth Circuit have repeatedly recognized that concealment of employment-related policies that violate labor protections runs contrary to public policy. Employers must not be permitted to silence employees through undisclosed agreements that evade judicial scrutiny. *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010).

22.    Apple's failure to disclose the ongoing settlement, coupled with its affirmative efforts to prevent Plaintiff from obtaining the agreement, constitutes sanctionable misconduct under the Court's inherent authority (*see Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)). The Ninth Circuit has held that courts may impose severe sanctions for suppression of relevant evidence, including adverse inferences or monetary penalties.

23.    Employment-related disputes implicate fundamental public interests, particularly when they concern widespread policies impacting workers. Courts must ensure that such disputes are resolved in a transparent manner that does not undermine legal protections for employees. See, *EEOC v. Nat'l Educ. Ass'n*, 422 F.3d 840, 850 (9th Cir. 2005).

— 6 —

24.    Courts have inherent authority to impose sanctions for litigation misconduct, including the suppression of material evidence, as such actions undermine the judicial process and the fair administration of justice. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958-959 (9th Cir. 2006). A party's failure to disclose relevant evidence may support an inference that the information is unfavorable to them, particularly when the evidence is uniquely within their control and was deliberately concealed. *Medina v. Multaler, Inc.,* 547 F. Supp. 2d 1099, 1105 (C.D. Cal. 2007). Apple must be held accountable for its ongoing misconduct.

Filed: March 28 2025 2:00 AM PST [1]

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

**Attachments:**

- Exhibit A: NLRB Order Postponing Hearing (December 31, 2024)
- Exhibit B: NLRB Correspondence Regarding Settlement (March 27, 2025)
- Exhibit C: Draft of NLRB Settlement Agreement (March 25, 2025)

---

[1] Apologies for missing the midnight deadline. The settlement agreement was only provided to the Plaintiff in the afternoon the same day the Motions were due.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 21**

**APPLE INC.**

    **and**                                                    **Case 32-CA-284428**

**ASHLEY GJOVIK, an Individual**

**ORDER POSTPONING HEARING INDEFINITELY**

    **IT IS ORDERED** that the hearing in the above matter set for Wednesday,

January 22, 2025, is hereby postponed indefinitely due to settlement discussions.

    Dated:  December 31, 2024

_____
William B. Cowen, Regional Director
National Labor Relations Board, Region 21
US Court House, Spring Street
312 N Spring Street, 10th Floor
Los Angeles, CA 90012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B

UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD

REGION 21
,

Agency Website: www.nlrb.gov
Telephone:
Fax:

March 27, 2025

Ms. Ashley Marie Gjovik
2108 N St., Ste. 4553
Sacramento, CA 95816

SENT VIA EMAIL ONLY AT
ashleymgjovik@protonmail.com

Re:     Apple Inc.
        Case 32-CA-284428

Dear Ms. Gjovik:

Enclosed is an informal settlement agreement in this matter that the Charged Party has signed. This settlement agreement appears to remedy the violations established by our investigation and to comport with the remedial provisions of Board orders in cases involving such violations.

If you wish to join in the settlement, please sign and return the settlement agreement to this office by close of business on Thursday, April 3, 2025.

If you decide not to join in this settlement, your objections to the settlement agreement and any supporting arguments should be submitted in writing to me by Thursday, April 3, 2025. Your objections and arguments will be carefully considered before a final determination is made whether to approve the settlement agreement. If you fail to enter the settlement agreement or to submit objections by Thursday, April 3, 2025, I will approve the settlement agreement on Friday, April 4, 2025.

Very truly yours,

Nathan Seidman

Acting Regional Director

Enclosure: Settlement and Attachments

Outlook Ashleymgjovik@protonmail.com - Proton Mail

## NLRB Case 32-CA-284428 Apple (Signed Settlement Attached)

| | |
|---|---|
| From | Pereda, Elvira <Elvira.Pereda@nlrb.gov> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| Date | Thursday, March 27th, 2025 at 2:06 PM |

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Dear Ms. Gjovik:

Attached you will find a copy of the 7-day letter, outlining the case deadlines, and a copy of the settlement agreement, including related attachments, that Apple has signed in the above matter. Please review the attached documents at your earliest convenience.

If you have questions regarding the settlement, I'm available today or tomorrow morning to discuss.

Thank you,

Elvira T. Pereda

Field Attorney| National Labor Relations Board | Region 21

312 N. Spring Street 10th Fl., Los Angeles, CA  90012

✉ Elvira.Pereda@nlrb.gov | ☎ (213) 634-6512 | | 🖶 (213) 894-2778

Parties must electronically file documents through https://www.nlrb.gov/cases-decisions/filing

Follow us on Twitter: @NLRB/@NLRBGC
Twitter en  Español:  @NLRBes/@NLRBGCes

NLRB on Facebook: https://www.facebook.com/NLRBpage

NLRB en Español: https://www.nlrb.gov/es

Please be aware that this email may be subject to public disclosure under the Freedom of Information Act or other authorities, though exceptions may apply for certain case-related information, personal privacy, and other matters.

---

**1.13 MB**   4 files attached

LTR.32-CA-284428.7 Day Settlement Letter.pdf 97.27 KB     SET.32-CA-284428.Apple SET.pdf 216.62 KB

SET.32-CA-284428.Appendix A to SET.pdf 299.65 KB     SET.32-CA-284428.Appendix B to SET.pdf 543.58 KB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

# UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
## SETTLEMENT AGREEMENT

**IN THE MATTER OF**

**APPLE INC.**                                                    **Case 32-CA-284428**

Subject to the approval of the Regional Director for the National Labor Relations Board, the Charged Party Apple Inc. and the Charging Party Ashley Marie Gjovik

**HEREBY AGREE TO SETTLE THE ABOVE MATTER AS FOLLOWS**:

**POSTING OF NOTICE TO EMPLOYEES —** The Charged Party will post a link to a copy of the Notice in English and in additional languages if the Regional Director decides that it is appropriate to do so, on the Policies and Notices page of its People intranet and keep such link continuously posted there for 60 consecutive days from the date it was originally posted. Such link will read, "This Notice is Posted Pursuant to a Settlement Agreement Approved by the Regional Director of Region 21 of the National Labor Relations Board in Case 32-CA-284428." Charged Party will also post, on a public-facing website maintained indefinitely by Charged Party containing legal notices, an explanation of revisions to the definition of Confidential Information (or comparable term) in the Confidentiality and Intellectual Property Agreement. To document its compliance with this requirement, the Charged Party will submit screen shots of the posting to include screen shots of the path to the intranet page that shows the Notice, along with a fully completed Certification of Posting form, via the Agency's e-filing portal at www.nlrb.gov.  Should further investigation or verification of the intranet or website posting become necessary, the Charged Party will provide appropriate intranet or website access to the Compliance Assistant or Compliance Officer assigned to the case(s).

**COMPLIANCE WITH NOTICE —** The Charged Party will comply with all the terms and provisions of said Notice**.**

**NON-ADMISSION—**By entering into this Agreement the Charged Party does not admit to any violation of the National Labor Relations Act ("Act").

**ADDITIONAL TERMS –** The Charged Party agrees that it will not enforce the definition of Proprietary Information (or similar terms) set forth in any version of the Confidentiality and Intellectual Property Agreement ("IPA") effective as of the date that this Agreement is executed to the extent that such definition covers terms and conditions of employment protected under Section 7 of the Act.

A further material term of this Agreement is that the Charged Party is directed to prospectively clarify the definition of Proprietary Information (or similar terms) in the IPA and make other clarifications to the IPA relating to the Section 7 rights of employees or at its option issue a new IPA for certain employees with prospective effect, with such clarified definition of Proprietary

Charged Party Initials: _MLS_____          Charging Party Initials: _____

Information (or similar terms) or such new agreement as reflected in the attached Appendix A, and has agreed to revise certain other policies, as reflected in the attached Appendix B.[1]

**SCOPE OF THE AGREEMENT** — This Agreement settles only the allegations in the above-captioned case(s), including all allegations covered by the attached Notice to Employees made part of this agreement, and does not settle any other case(s) or matters, including, but not limited to, 32-CA-282142, 32-CA-283161, and 32-CA-284441.  It does not prevent persons from filing charges, the General Counsel from prosecuting complaints, or the Board and the courts from finding violations with respect to matters that happened before this Agreement was approved regardless of whether General Counsel knew of those matters or could have easily found them out.  The General Counsel reserves the right to use the evidence obtained in the investigation and prosecution of the above-captioned case(s) for any relevant purpose in the litigation of this or any other case(s), and a judge, the Board and the courts may make findings of fact and/or conclusions of law with respect to said evidence.

**PARTIES TO THE AGREEMENT** — If the Charging Party fails or refuses to become a party to this Agreement and the Regional Director determines that it will promote the policies of the National Labor Relations Act, the Regional Director may approve the settlement agreement and decline to issue or reissue a Complaint in this matter.  If that occurs, this Agreement shall be between the Charged Party and the undersigned Regional Director.  In that case, a Charging Party may request review of the decision to approve the Agreement.  If the General Counsel does not sustain the Regional Director's approval, this Agreement shall be null and void.

**AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY** — Counsel for the Charged Party authorizes the Regional Office to forward the cover letter describing the general expectations and instructions to achieve compliance, a conformed settlement, original notices and a certification of posting directly to the Charged Party. If such authorization is granted, Counsel will be simultaneously served with a courtesy copy of these documents.

Yes _____          No _MLS_____
      Initials                 Initials

**PERFORMANCE** — Performance by the Charged Party with the terms and provisions of this Agreement shall commence immediately after the Agreement is approved by the Regional Director, or if the Charging Party does not enter into this Agreement, performance shall commence immediately upon receipt by the Charged Party of notice that no review has been requested or that the General Counsel has sustained the Regional Director. The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will reissue the complaint previously issued on October 3, 2024, in the instant case. Thereafter, the General Counsel may file a motion for default judgment with the Board on the

---

[1] Charged Party, through counsel, will provide Charging Party with notice of these revisions.

Charged Party Initials: _MLS_____          Charging Party Initials: _____

allegations of the complaint. The Charged Party understands and agrees that the allegations of the aforementioned complaint will be deemed admitted and its Answer to such complaint will be considered withdrawn. The only issue that may be raised before the Board is whether the Charged Party defaulted on the terms of this Settlement Agreement. The Board may then, without necessity of trial or any other proceeding, find all allegations of the complaint to be true and make findings of fact and conclusions of law consistent with those allegations adverse to the Charged Party on all issues raised by the pleadings. The Board may then issue an order providing a full remedy for the violations found as is appropriate to remedy such violations. The parties further agree that a U.S. Court of Appeals Judgment may be entered enforcing the Board order ex parte, after service or attempted service upon Charged Party/Respondent at the last address provided to the General Counsel.

**NOTIFICATION OF COMPLIANCE —** Each party to this Agreement will notify the Regional Director in writing what steps the Charged Party has taken to comply with the Agreement.  This notification shall be given within 5 days, and again after 60 days, from the date of the approval of this Agreement.  If the Charging Party does not enter into this Agreement, initial notice shall be given within 5 days after notification from the Regional Director that the Charging Party did not request review or that the General Counsel sustained the Regional Director's approval of this agreement.  No further action shall be taken in the above captioned case(s) provided that the Charged Party complies with the terms and conditions of this Settlement Agreement and Notice.

| **Charged Party Apple Inc.** | **Charging Party Ashley Marie Gjovik** |
|---|---|
| By:        Name and Title    Date | By:        Name and Title          Date |
| /s/ Mark L. Stolzenburg        March 25, 2025 | |
| Print Name and Title below | Print Name and Title below |
| Attorney for Apple Inc. | |
| Recommended By:                    Date | Approved By:                         Date |
| ELVIRA PEREDA<br>Counsel for the Acting General Counsel | NATHAN M. SEIDMAN<br>Acting Regional Director, Region 21 |

Charged Party Initials: _MLS_____        Charging Party Initials: _____

**(To be printed and posted on official Board notice form)**

**THE NATIONAL LABOR RELATIONS ACT GIVES YOU THE RIGHT TO:**

- Form, join, or assist a union;
- Choose a representative to bargain with us on your behalf;
- Act together with other employees for your benefit and protection;
- Choose not to engage in any of these protected activities.

**WE WILL NOT** interfere with, restrain, or coerce you in the exercise of the above rights.

**YOU HAVE THE RIGHT** to discuss wages, hours and working conditions and **WE WILL NOT** do anything to interfere with your exercise of that right.

**WE WILL NOT** promulgate, maintain, or enforce any rule that defines confidential information as "anything not explicitly, publicly, or purposefully disclosed by Apple."

**WE WILL NOT** promulgate, maintain, or enforce a Confidentiality and Intellectual Property Agreement, Business Conduct Policy, Misconduct and Discipline Policy, Social Media and Online Communications Policy, Confidentiality Obligations Upon Termination of Employment statement, or a Business Conduct and Global Compliance FAQ regarding confidential information that broadly defines "confidential" or "proprietary" information, or relies upon any other overly broad definitions of those terms, without contemporaneously notifying employees of their rights to discuss wages, hours, or working conditions and their rights to engage in union or other protected, concerted activity under the NLRA.

**WE WILL NOT** promulgate, maintain, or enforce a Business Conduct Policy that broadly restricts public speaking, responses to press inquiries and publishing articles without contemporaneously notifying employees of their rights to speak publicly, respond to press inquiries and publish articles regarding their wages, hours, or working conditions, or their union or other protected, concerted activity under the NLRA.

**WE WILL NOT** promulgate, maintain, or enforce a Business Conduct Policy that broadly restricts "conflicts of interest" or "outside activities," without contemporaneously notifying employees that such policies do not restrict their right to form, join or assist a union, or engage in other protected, concerted activity and that these activities are not considered to be conflicts of interest or outside activities under such policy.

**WE WILL NOT** promulgate, maintain, or enforce a Business Conduct Policy that broadly prohibits sharing of employee personal identifying information if such policy could be interpreted as prohibiting the sharing of personal contact information, employment history, compensation or other terms and conditions of employment.

**WE WILL NOT** promulgate, maintain, or enforce a Workplace Searches and Privacy Policy that advises you that we have the right to access Apple's network or systems, or any non-Apple

Charged Party Initials: _MLS_____          Charging Party Initials: _____

device used to conduct Apple business, without contemporaneously advising you that we will not exercise our right of access to monitor your union or other protected, concerted activity.

**WE WILL NOT** promulgate, maintain, or enforce a Misconduct and Discipline Policy that fails to reiterate employee rights during investigations that Apple may conduct regarding alleged unfair labor practices under the National Labor Relations Act, and/or contains overly broad restrictions on photography and recording.

**WE WILL NOT** advise you that you are subject to discipline for violating overly broad rules regarding confidential or proprietary information or for failing to report alleged violations of overly broad rules relating to confidential or proprietary information.

**WE WILL NOT** advise you that you are subject to discipline for violating overly broad rules regarding photographing, video or audio recording that prohibit the recording of protected, concerted activity.

**WE HAVE** clarified the aspects of the Confidentiality and Intellectual Property Agreement described above and revised it to make clear that the definition of "Proprietary Information," which was changed to "Apple Confidential Information," does not include wages, hours, and working conditions, to reiterate employee rights about discussing terms and conditions of employment and reporting to governmental agencies, and to make clear that prohibitions against "conflicting outside interests" do not cover forming or joining (or refraining from joining) labor organizations of an employee's choice and **WE HAVE** informed employees of these clarifications.

**WE HAVE** rescinded the aspects of Business Conduct and Global Compliance FAQ regarding Confidential Information described above and revised it to conform with the definition of Apple Confidential Information described above and **WE HAVE** informed employees of these revisions.

**WE HAVE** rescinded the aspects of the Business Conduct Policy described above and revised it to make clear that Apple Confidential Information does not include wages, hours, and working conditions, that employees may communicate about labor disputes, to clarify that employees may not respond to public inquiries or participate in speaking engagements where employees could be construed as speaking on behalf of Apple, to clarify that employees may publish articles but must receive approval about articles about Apple products or services or could be seen as a conflict of interest, make clear that a conflict of interest does not include forming, joining, or assisting a union, or engaging in protected, concerted activity, to make clear that employees do not need to notify a manager of outside employment that complies with our policy, and to inform employees that searches will not be used to monitor employees' protected, concerted activity, and **WE HAVE** informed employees of these revisions.

**WE HAVE** rescinded the aspects of the Workplace Searches and Privacy Policy described above and revised it to conform with the definition of Apple Confidential Information described above and to inform employees that searches will not be used to monitor employees' protected, concerted activity and **WE HAVE** informed employees of these revisions.

Charged Party Initials: __MLS_____        Charging Party Initials: _____

**WE HAVE** rescinded the aspects of the Misconduct and Discipline Policy described above and revised it to conform with the definition of Apple Confidential Information described above, to reiterate employee rights under the National Labor Relations Act relating to certain workplace investigations relating to alleged unfair labor practices under the National Labor Relations Act, to clarify when recording and photography is permitted and prohibited, and **WE HAVE** informed employees of these revisions.

**WE HAVE** rescinded the aspects of the Social Media and Online Communications Policy described above and revised it to conform with the definition of Apple Confidential Information described above and **WE HAVE** informed employees of these revisions.

**WE HAVE** rescinded the prior version of the Confidentiality Obligations Upon Termination of Employment statement, which contained an overbroad definition of proprietary information, and revised it to conform with the definition of Apple Confidential Information described above and **WE HAVE** informed employees of these revisions.

**WE WILL NOT** in any like or related manner interfere with your rights under Section 7 of the Act.


 

**APPLE INC.**
_____
(Charged Party)


**Dated:** _____   **By:** _____
(Representative)          (Title)

---

_The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act.  We conduct secret-ballot elections to determine whether employees want union representation and we investigate and remedy unfair labor practices by employers and unions.  To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below or you may call the Board's toll-free number 1-844-762-NLRB (1-844-762-6572).  Callers who are deaf or hard of hearing who wish to speak to an NLRB representative should send an email to_ relay.service@nlrb.gov. _An NLRB representative will email the requestor with instructions on how to schedule a relay service call._

| | |
|---|---|
| US Court House, Spring Street | **Telephone:** (213)894-5200 |
| 312 N Spring Street, 10th Floor | **Hours of Operation:** 8:30 a.m. to 5 p.m. |
| Los Angeles, CA 90012 | |

---

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced or covered by any other material.  Any questions concerning this notice or compliance with its provisions may be directed to the above Regional Office's Compliance Officer.


Charged Party Initials: _MLS_____        Charging Party Initials: _____