1  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
2  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:     +1 650 614 7401

6  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA 94105-2669
9  Telephone:    +1 415 773 5700
   Facsimile:     +1 415 773 5759

10
   Attorneys for Defendant
11 Apple Inc.

12 *[Additional counsel on following page]*

13

14                   UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17

18 ASHLEY GJOVIK,                        Case No. 23-cv-4597-EMC

19              Plaintiff,               **DEFENDANT APPLE INC.'S
                                         OPPOSITION TO PLAINTIFF'S
20        v.                             "MOTION REQUESTING
                                         CERTIFICATION OF
21 APPLE INC.,                           APPEALABILITY UNDER FED. R.
                                         CIV. P. 54(B)"**
22              Defendant.
                                         Dept:    Courtroom 5, 17th Floor
23                                       Judge:   Honorable Edward M. Chen
                                         Date:    June 12, 2025
24                                       Time:    10:30 a.m.

25

26

27

28
                                              APPLE'S OPP. TO PL.'S MOT.
                                             FOR CERT. UNDER FRCP 54(B)
                                             CASE NO. 23-cv-4597-EMC

1    RYAN D. BOOMS (SBN 329430)
     rbooms@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     2100 Pennsylvania Avenue NW
3    Washington, D.C. 20037
     Telephone:     +1 202 339 8400
4    Facsimile:     +1 202 339 8500

5    Attorneys for Defendant
     Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................................... 1

II.   RELEVANT BACKGROUND ..................................................................................... 1

III.  LEGAL STANDARD .................................................................................................. 3

IV.   ARGUMENT ............................................................................................................... 4

    A.    As to Bucket 1 (Claims Dismissed With Leave to Amend), There Was No
        Final Disposition of these Claims and Plaintiff Waived Her Right to
        Appeal Them By Failing to Re-Plead ................................................................ 5

    B.    As to Bucket 2 (Claims Dismissed with Prejudice), Plaintiff Cannot Show
        There Is "Just Reason" Requiring this Court to Allow Her to Appeal While
        Continuing to Litigate in this Forum ................................................................ 6

        1.    Judicial Efficiency Would Not Be Served by Immediate
              Certification ............................................................................................ 6

              (a)    *Bucket 2(a): Claims Dismissed With Prejudice Alleging*
                    *"Hazardous Chemical Exposure at Apple Facilities" Should*
                    *Not Be Certified Because Plaintiff Insists That They Overlap*
                    *With the Remaining Retaliation Claims* .................................... 6

              (b)    *Bucket 2(b): The Other Claims Dismissed with Prejudice*
                    *Should Not Be Certified Because They Overlap With the*
                    *Remaining Retaliation Claims* .................................................... 10

        2.    Plaintiff Has Not Shown and Cannot Show that the Equities
              Support Immediate Certification of Her Dismissed Claims .................... 12

              (a)    *Possible Delay in Obtaining Relief Is Not a Basis Here* .............. 12

              (b)    *The Risk of Multiple Trials Is Not a Basis Here* ......................... 15

               (c)    *Concerns About Waiving Appellate Rights Are Not a Basis*
                  *Here* .............................................................................................. 16

V.    CONCLUSION ........................................................................................................... 17

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*In re Agent Orange Product Liability Litigation MDL No. 381*,
5
    818 F.2d 145 (2d. Cir. 1987) ............................................................................................... 15

6
*Anderson v. Cryovac, Inc.*,
    96 F.R.D. 431 (D. Mass. 1981) ........................................................................................... 15
7

8
*Bank of New York v. Hoyt*,
    108 F.R.D. 184 (D.R.I. 1985) ............................................................................................. 14

9
*Birkes v. Tillamook Cnty.*,
10
    No. 3:09-CV-1084-AC, 2012 WL 2178964 (D. Or. June 13, 2012) ...................................... 14

11
*Cheng v. Comm'r*,
    878 F.2d 306 (9th Cir. 1989) ................................................................................................. 5
12

13
*Chiarito v. Home Depot, U.S.A., Inc.*,
    No. CV 22-4662-GW-SKX, 2022 WL 18142558 (C.D. Cal. Nov. 25, 2022) ........................ 16

14
*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
15
    710 F.3d 946 (9th Cir. 2013) ................................................................................................. 6

16
*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1 (1980) ............................................................................................................. 3, 4
17

18
*Dunbar v. Twentieth Century Fox Television*,
    No. CV 22-1075-DMG (JCX), 2025 WL 576584 (C.D. Cal. Feb. 10, 2025) ........................ 15

19
*First Resort, Inc. v. Herrera*,
20
    860 F.3d 1263 (9th Cir. 2017) ............................................................................................... 6

21
*Gregorian v. Izvestia*,
    871 F.2d 1515 (9th Cir. 1989) ......................................................................................... 4, 12
22

23
*Hildes v. Andersen*,
    No. 08-CV-0008-BEN RBB, 2010 WL 4658742 (S.D. Cal. Nov. 8, 2010) ........................... 16

24
*Hunt v. Bloom Energy Corp.*,
25
    No. 19-CV-02935-HSG, 2021 WL 6617453 (N.D. Cal. Dec. 1, 2021) ...................... 12, 15, 16

26
*James v. Price Stern Sloan, Inc.*,
    283 F.3d 1064 (9th Cir. 2002) ............................................................................................. 16

27

28

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-CV-4597-EMC

*Jewel v. Nat'l Sec. Agency*,
    810 F.3d 622 (9th Cir. 2015)....................................................................................... 6

*Killgore v. SpecPro Pro. Servs., LLC*,
    51 F.4th 973 (9th Cir. 2022)....................................................................................... 9

*King v. Newbold*,
    845 F.3d 866 (7th Cir. 2017)..................................................................................... 14

*L.A. Terminals, Inc. v. City of Los Angeles*,
    No. CV186754MWFRAOX, 2019 WL 3064463 (C.D. Cal. Apr. 25, 2019) ...................... 16

*Lacey v. Maricopa Cnty.*,
    693 F.3d 896 (9th Cir. 2012)................................................................................. 5, 6

*Morrison-Knudsen Co. v. Archer*,
    655 F.2d 962 (9th Cir. 1981)............................................................................ 3, 4, 14

*Neitzke v. Williams*,
    490 U.S. 319 (1989)................................................................................................ 16

*Noel v. Hall*,
    568 F.3d 743 (9th Cir. 2009)................................................................................... 12

*S.G. v. City of Los Angeles*,
    No. LA CV17-09003 JAK, 2024 WL 5286228 (C.D. Cal. May 30, 2024) ...................... 15

*U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc.*,
    No. CA 06-12195-MLW, 2013 WL 3327317 (D. Mass. June 27, 2013) ......................... 9

*Wiwa v. Royal Dutch Petroleum Co.*,
    226 F.3d 88 (2d. Cir. 2000)..................................................................................... 15

*WMX Tech., Inc. v. Miller*,
    104 F.3d 1133 (9th Cir.1997)..................................................................................... 5

*Wood v. GCC Bend, LLC*,
    422 F.3d 873 (9th Cir. 2005)............................................................................*passim*

*In re Zetta Jet USA, Inc.*,
    624 B.R. 461 (Bankr. C.D. Cal. 2020) ...................................................................... 14

**Statutes**

28 U.S.C. § 1291 ......................................................................................................... 16

Bane Civil Rights Act ............................................................................................. 2, 10

Cal. Bus. & Prof. Code § 17200 ............................................................................... 3, 11

Cal. Labor Code, section 96(k) ..................................................................................... 11

Cal. Labor Code, section 98.6 ..................................................................................... 11

Cal. Labor Code, section 1102.5 .................................................................................... 9

Cal. Labor Code, section 6310 ..................................................................................... 11

Dodd-Frank Act ..................................................................................................... 3, 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 16

Fed. R. Civ. P. 54(b) ......................................................................................... *passim*

Fed. R. Evid. 201(b) ................................................................................................. 14

Fed. R. Evid. 201(c) ................................................................................................. 14

Ralph Civil Rights Act .......................................................................................... 2, 10

RICO § 1962(a) ................................................................................................... 2, 7

RICO § 1962(c) .............................................................................................. 2, 6, 10

RICO § 1962(d) .............................................................................................. 2, 6, 7

Sarbanes-Oxley Act .............................................................................................. 3, 11

**Other Authorities**

*U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal
    Appeals Terminated on the Merits—During the 12-Month Period Ending
    September 30, 2023 and 2024, Tbl. B-4A* (last visited April 5, 2025),
    https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf ...................... 14

1

I.       **INTRODUCTION**

2

Plaintiff's Rule 54(b) motion asks this Court to green light an immediate appeal on nearly

3

every one of the multitude of claims this Court has dismissed, while allowing her to simultaneously

4

press ahead in this forum. Rule 54(b) certification should be reserved for the unusual case where

5

the resolution of a claim is final and separate from the remaining claims; immediate appeal of a

6

subset of claims would serve judicial economy; and the equities such as delay and prejudice favor

7

immediate appeal. Plaintiff's case does not meet this standard, and her Motion should be denied.

8

*First*, claims that were dismissed by this Court with leave to amend which Plaintiff declined

9

to re-plead do not warrant Rule 54(b) certification, as Plaintiff has waived any right to appeal them.

10

*Second*, claims that were dismissed with prejudice and which Plaintiff contends overlap with the

11

remaining claims are also not appropriate for Rule 54(b) certification. Certifying these claims for

12

appeal would risk piecemeal litigation and fragment the appellate process, which Rule 54(b) seeks

13

to avoid. Given the overlap Plaintiff continues to insist exists between these dismissed claims and

14

the remaining claims, an immediate appeal of the dismissed claims would serve to create

15

inefficiency and delay, not efficiently advance the case toward a final resolution.

16

For these reasons, and in light of the equities involved, Plaintiff's request for Rule 54(b)

17

certification should be denied in its entirety.

18

II.      **RELEVANT BACKGROUND**

19

Throughout the life of this litigation, Plaintiff has filed eight different complaints, including

20

in total more than twenty different causes of action. The vast majority of these claims have been

21

dismissed by this Court following full briefing, either with or without leave to amend. Plaintiff now

22

seeks to continue pursuing her four active claims before this Court while simultaneously litigating

23

on appeal more than a dozen of the claims that have been dismissed. Plaintiff seeks Rule 54(b)

24

certification of the dismissals of claims that generally fall into two buckets.

25

**First,** Plaintiff seeks Rule 54(b) certification of the dismissal ***without prejudice*** (*i.e.*, with

26

leave to amend) of certain claims in the Court's May 20, 2024 Order (which addressed the then-

27

operative Third Amended Complaint (Dkt. No. 47; "3AC")) (the "May 2024 Order"), even though

28

Plaintiff declined to re-plead these claims ("Bucket 1"):

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-cv-4597-EMC

1)  Violation of RICO (Section 1962(c) claim and Section 1962(d) claim premised on
Section 1962(c) theory);

2)  Violation of Bane Civil Rights Act;

3)  Violation of Ralph Civil Rights Act;

4)  Negligent Infliction of Emotional Distress ("NIED"); and

5)  Nuisance Per Se (to the extent premised on 3250 Scott).

*See* Dkt. No. 73 at 47-48.

***Second***, Plaintiff seeks Rule 54(b) certification of the dismissal **with prejudice** of certain claims *via* the May 2024 Order; the October 1, 2024 Order (which addressed the then-operative Fourth Amended Complaint (Dkt. No. 76; "4AC")) (Dkt. No. 112; the "Oct. 2024 Order"); or the February 27, 2025 Order (which addressed the now-operative Fifth Amended Complaint (Dkt. No. 142; "5AC")) (Dkt. No. 179; the "Feb. 2025 Order"). These claims fall into two sub-buckets: (a) claims alleging "hazardous chemical exposure at Apple facilities" (*see* Mot. at 10-11); and (b) claims alleging retaliation or invasions of Plaintiff's privacy (all allegedly in connection with her employment). The claims alleging "hazardous chemical exposure at Apple facilities" ("Bucket 2(a)") include:

1)  Violation of RICO (Section 1962(a) claim and Section 1962(d) claim premised on
Section 1962(a) theory) (*see* May 2024 Order at 47);

2)  Private Nuisance and Nuisance Per Se (to the extent premised on 825 Stewart) (*see id.*);

3)  Ultrahazardous Activities (*see id.* (to the extent premised on 825 Stewart); Oct. 2024
Order at 40 (premised on 3250 Scott)).[1]

4)  Private Nuisance (premised on 3250 Scott) (*see* Feb. 2025 Order at 18); and

5)  IIED – fear of cancer (*see id.*).

The claims alleging retaliation or invasions of Plaintiff's privacy (all allegedly in connection

---

[1] Plaintiff also seeks certification of the "dismissal" of her "absolute nuisance" claim. Mot. at 7, 8, and 23. In the May 2024 Order, the Court found that to the extent Plaintiff could be understood that have tried to allege a claim for "absolute nuisance" in the 3AC, that claim "would appear to be duplicative" of her nuisance per se and ultrahazardous activities claims. May 2024 Order at 24, n.10. Thus, for purposes of this Motion, Plaintiff's "absolute nuisance" claim should be treated the same as her nuisance per se and ultrahazardous activities claims.

with her employment) ("Bucket 2(b)") include:

   1)  Violation of SOX (*see* May 2024 Order at 47);

   2)  Violation of Dodd-Frank-Act (*see id.*);

   3)  Violation of California Business & Professions Code § 17200 ("UCL") (*see id.* at 48); and

   4)  IIED – "traditional" (*see* Feb. 2025 Order at 22).

**III.    LEGAL STANDARD**

      Federal Rule of Civil Procedure 54(b) provides that, when an action presents multiple claims for relief, "the court ***may*** direct entry of a final judgment as to one or more, but fewer than all, claims" (emphasis added). A court may only do so, however, if it "expressly determines that there is no just reason for delay." *Id.*

      Far from being common practice, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981). Rule 54(b) judgments are "not routine" and "should not become so." *Wood v. GCC Bend, LLC,* 422 F.3d 873, 879, 882-83 (9th Cir. 2005) (reversing entry of Rule 54(b) judgment in "routine employment discrimination action"); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). Due to its caseload, the Ninth Circuit "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882 (reversing Rule 54(b) certification of dismissed claim where, otherwise, "[the] case would inevitably come back to [the Ninth Circuit] on the same set of facts"). Accordingly, the moving party bears the burden of showing that their "pressing needs … for an early and separate judgment" outweigh the "costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket." *Morrison-Knudsen Co.,* 655 F.2d at 965.

      The United States Supreme Court has provided a two-step framework for evaluating Rule 54(b) motions. ***First***, a district court must "determine that it is dealing with a 'final

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-CV-4597-EMC

judgment,'" in that the court has rendered "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *See Curtiss-Wright Corp.,* 446 U.S. at 7. ***Second***, if the district court finds that it is dealing with a "final judgment," it must then "determine whether there is any just reason for delay" in entering a separate judgment on one or more claims, taking into account "judicial administrative interests as well as the equities involved." *Id.* at 8.

In considering "judicial administrative interests," the district court should ensure that application of Rule 54(b) "effectively preserves the historic federal policy against piecemeal appeals." *Wood*, 422 F.3d at 878 (citation and quotation marks omitted). In doing so, the court may "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 878, n.2 (citation and quotation marks omitted). The district court's findings "should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Morrison-Knudsen Co.,* 655 F.2d at 965. "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Id.* Finally, in considering the equities involved, courts focus on "traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

## IV.    <u>ARGUMENT</u>

None of the dismissals that Plaintiff seeks to appeal are appropriate for Rule 54(b) certification. As to the claims dismissed with leave to amend (*i.e.*, without prejudice), Plaintiff abandoned them by failing to re-plead and thus she has waived her right to appeal. Allowing immediate appeal on the claims dismissed with prejudice—which Plaintiff has repeatedly claimed overlap with the remaining claims, such that this Court will be required to continue to review legal and factual issues she alleges are common across them—would result in piecemeal litigation and

1  inefficiency. Therefore, none of the dismissals at issue in the Motion should be certified for

2  immediate appeal.

3  **A.  As to Bucket 1 (Claims Dismissed With Leave to Amend), There Was No Final Disposition of these Claims and Plaintiff Waived Her Right to Appeal Them By Failing to Re-Plead**.

4

5  Many of the dismissals Plaintiff asks the Court to certify do not survive step one of the

6  Supreme Court's two-step framework for evaluating Rule 54(b) motions. Specifically, Plaintiff

7  asks the Court for certification of dismissals of claims *with express leave to amend* in its May 2024

8  Order. *Compare* Mot. at 7-8 *with* May 2024 Order at 47-48. An order dismissing a claim with leave

9  to amend does not constitute a final disposition of, or determination as to, that claim. *See WMX*

10  *Tech., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir.1997) (holding that "when a district court

11  expressly grants leave to amend, it is plain that order is not final"). Because the May 2024 Order

12  dismissing those claims with leave to amend was not a final determination on the merits – and

13  Plaintiff subsequently *voluntarily dismissed* these claims when she declined to re-plead them in the

14  4AC– the Court should deny Plaintiff's request for certification as to those claims.

15  Plaintiff appears to contend that the Court's February 2025 Order denying her motion for

16  leave to amend converted the May 2024 Order's dismissal of certain claims with leave to amend

17  into a dismissal with prejudice. *See* Mot. at 9 (arguing that "the Ninth Circuit has made clear that

18  when a district court denies further amendment after a dismissal without prejudice, 'the order

19  becomes final and appealable'").[2] Not so. The May 2024 Order required Plaintiff to amend within

20  thirty days; she declined to do so. Dkt. Nos. 73 at 47-48 and 76. By declining to timely re-plead

21  these claims in the 4AC, Plaintiff voluntarily dismissed them and waived any right to appeal them.

---

[2] Neither of the cases Plaintiff cites in support of her argument are apposite. First, in *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)—which, likely due to the AI-based hallucinations that have become a hallmark of Plaintiff's filings in this case, does not include the quote that Plaintiff credits to it—the district court dismissed plaintiff's complaint but gave leave to amend certain claims; the plaintiff did not amend and simply appealed. *Id.* at 1134-35. The Ninth Circuit found that it was without jurisdiction because there was no final judgment. *Id.* at 1136-37. Here, unlike in *WMX*, Plaintiff *did* amend her complaint but chose not to replead certain claims, thereby voluntarily dismissing them. *See Lacey*, 693 F.3d at 928. Second, in *Cheng v. Comm'r*, 878 F.2d 306 (9th Cir. 1989), the lower court granted partial summary judgment in favor of the defendant and plaintiff appealed (*id.* at 309); the Ninth Circuit there likewise found that it was without jurisdiction because there was no final judgment, but the different procedural posture makes that holding irrelevant here. *Id.* at 311.

APPLE'S OPP. TO PL.'S MOT. FOR CERT. UNDER FRCP 54(B) CASE NO. 23-cv-4597-EMC

As the Ninth Circuit has explained: "For claims dismissed with prejudice and without leave to amend, [the Ninth Circuit] will not require that they be repled in a subsequent amended complaint to preserve them for appeal. ***But for any claims voluntarily dismissed, [the Ninth Circuit] will consider those claims to be waived if not repled***." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (emphasis added); *see also Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973, n.14 (9th Cir. 2013) (where district court dismissed claim with leave to amend and plaintiff did not amend, it "effectively abandoned" the claim); *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (same). Thus, with respect to these abandoned claims, the question is not whether there is "no just reason for delay"; there is no just reason for any appeal of these claims *at all*.

**B.**      **As to Bucket 2 (Claims Dismissed with Prejudice), Plaintiff Cannot Show There Is "Just Reason" Requiring this Court to Allow Her to Appeal While Continuing to Litigate in this Forum**.

Plaintiff's request for Rule 54(b) certification as to claims dismissed with prejudice should also be denied, because Plaintiff has not demonstrated and cannot demonstrate there is "no just reason for delay." Fed. R. Civ. P. 54(b). Neither of the two considerations relevant to that question—judicial efficiency and equity (*see Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015))—supports certification here.

**1.**      **Judicial Efficiency Would Not Be Served by Immediate Certification**.

**(a)**      ***Bucket 2(a): Claims Dismissed With Prejudice Alleging "Hazardous Chemical Exposure at Apple Facilities" Should Not Be Certified Because Plaintiff Insists That They Overlap With the Remaining Retaliation Claims***.[3]

---

[3] With respect to certain "Bucket 1" claims discussed *supra*, even if there were a final disposition as to any of these claims—which there is not—Rule 54(b) certification would still not be appropriate under the "no just reason for delay" analysis. For example, Plaintiff insists that the following claims that remain before this court will require litigation of whether various alleged toxic chemical exposures occurred—making claims that touch on those issues improper for immediate appeal:

- *Violation of RICO (Section 1962(c) claim and Section 1962(d) claim premised on Section 1962(c) theory)* (*see* 3AC ¶ 147 (alleging that at 3250 Scott, Apple "created … vapor plumes that surrounded the nearby four-story apartments") and ¶ 165 (alleging that at [3250 Scott], Apple "can produce a dense cloud of lethal gas that would be large enough to engulf the apartments"));
- *NIED* (*see id.* ¶¶ 243-46, 252 (alleging distress due to alleged exposure to chemicals)); and
- *Nuisance Per Se (to the extent premised on 3250 Scott)* (*see id.* ¶ 177 ("At [3250 Scott], Apple discharged air contaminants that caused injury…")).

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-cv-4597-EMC

No Rule 54(b) final judgment should be entered (nor mid-stream appeal authorized) on claims alleging that "hazardous chemical exposure at Apple's facilities" (*see* Mot. at 10-11) actually occurred because Plaintiff has repeatedly contended that they overlap with retaliation claims that remain before this Court, and whose scope this Court will be called upon to decide. This includes the following claims that were dismissed with prejudice:

- *Violation of RICO (Section 1962(a) claim and Section 1962(d) claim premised on Section 1962(a) theory)* (*see* 3AC ¶ 115 (alleging that Apple "knowingly and intentionally dump[ed] hazardous waste or otherwise pollute[d] the environment"));

- *Private Nuisance and Private Nuisance Per Se (to the extent premised on 825 Stewart)* (*see id.* ¶ 174 ("Apple is continuously casting pollution upon … the employees who work inside [825 Stewart]") and ¶ 177 ("At [825 Stewart], Apple discharged air contaminants that caused injury…"));

- *Ultrahazardous Activities* (*see id.* ¶¶ 183, 186 (alleging that "[o]perating a business on a Superfund mega-site with a pathway for vapor intrusion … is an ultrahazardous activity" that harmed Plaintiff) and 4AC ¶¶ 228-37 (alleging that Apple engaged in ultrahazardous activities at 3250 Scott that caused Plaintiff harm));

- *Private nuisance (to the extent premised on premised 3250 Scott)* (*see* 5AC ¶¶ 270-76 (alleging that Apple's activities at 3250 Scott amounted to a nuisance that harmed Plaintiff)); and

- *IIED (premised on alleged exposures from 3250 Scott)* (*see id.* ¶¶ 277-91 (alleging that by engaging in, *e.g.*, a nuisance at 3250 Scott, Apple intentionally inflicted distress upon Plaintiff)).

In her Motion, for example, Plaintiff asserts that "some of the dismissed and surviving claims arise from ***overlapping factual scenarios***—such as Plaintiff's allegations regarding hazardous chemical exposure at Apple facilities[.]" Mot. at 10-11 (emphasis added). And, in her Motion for More Definite Statement regarding Apple's answer, she argues that "the factual allegations underlying [her private nuisance and IIED claims premised on 3250 Scott] ***remain directly relevant*** to the surviving retaliation causes of action." Dkt. No. 193 ¶ 31.

1    Plaintiff has made clear she believes that at least some of her retaliation claims will require

2    litigating the question of whether the exposures she alleges she experienced at her office at 825

3    Stewart, and in her apartment due to purported emissions from 3250 Scott, ***actually*** occurred. For

4    example, in her Motion to Strike regarding Apple's answer, Plaintiff states that she intends to

5    challenge Apple's mitigation affirmative defense by arguing that "chemical exposure-related

6    illness" and "environmental trauma" that she attributes to 825 Stewart and/or 3250 Scott

7    "irreparably damaged" her career such that "mitigation cannot be expected." Dkt. No. 192 ¶ 39.

8    Having contended that the dismissed claims and the remaining claims involve "overlapping factual

9    scenarios," Plaintiff cannot simultaneously argue that it is appropriate to allow her to appeal the

10   dismissed claims now and force Apple to litigate "overlapping" issues in two forums (and, in turn,

11   force two levels of the court to engage with those issues simultaneously).

12   Plaintiff nonetheless insists that certification is appropriate even where the dismissed claims

13   overlap with the remaining claims. Mot. at 13. But this is so only in circumstances clearly

14   distinguishable from the present matter—if, "for example, counterclaims are involved that arise out

15   of the same transaction or occurrence as the certified claim, or the case is complex and there is an

16   important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of

17   claims." *Wood*, 422 F.3d at 881. No such situation is present here, nor does Plaintiff argue that one

18   is.

19   Apple therefore opposes certification of Plaintiff's these claims, given that Plaintiff

20   continues to insist that whether "hazardous chemical exposures at Apple's facilities" actually

21   occurred is an issue pertinent to her retaliation claims. Because of Plaintiff's repeated insistence

22   that these claims overlap, Rule 54(b) certification would pose a risk that that Ninth Circuit may

23   have to "revisit the same facts—spun only slightly differently—in a successive appeal." *Id.* at 882

24   (reversing Rule 54(b) certification that allowed for successive appeals "arising out of the same

25   factual relationship"). In other words, Plaintiff's insistence that the "actual occurrence" question is

26   relevant to her employment claims means that she intends to litigate that question in this Court (and

27   any appeal from the claims that remain here) as well as in the appeal she seeks to pursue now,

28   which would force this Court and the Ninth Circuit to consider the same facts twice (even if only

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-cv-4597-EMC

1    to determine that they are not relevant to the retaliation claims).

2         To be clear, Plaintiff is wrong about whether there is in fact overlap between the

3    "Bucket 2(a)" claims and those that remain before this Court. The dismissed claims alleging

4    "hazardous chemical exposures at Apple's facilities" and the remaining retaliation claims *are*

5    factually and legally distinct, as Apple has consistently maintained (*see, e.g.*, Dkt. No. 145 at 13),

6    and this Court's prior rulings suggest. *See, e.g.*, Feb. 2025 Order at 34 ("Based on the Court's

7    rulings, Ms. Gjovik's case is essentially a retaliation case …"). Because the issues relevant to

8    employment retaliation claims are distinct from these tort claims, they could be analytically

9    separated. *See, e.g., U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, No. CA 06-12195-MLW,

10   2013 WL 3327317, at *7 (D. Mass. June 27, 2013) (granting Rule 54(b) certification for dismissed

11   claims alleging unlawful marketing practices, reasoning that those claims were factually and legally

12   distinct from surviving claims alleging retaliation for complaining about those same marketing

13   practices). Plaintiff at times acknowledges as much, recognizing that her remaining retaliation

14   claims do not require proof of "whether the alleged toxic exposures actually occurred or caused

15   harm[.]" Mot. at 10; *see also Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 988 (9th Cir.

16   2022) (under section 1102.5, "the relevant inquiry is not whether the conduct 'actually violated'

17   any specific statute or regulation, but whether the plaintiff 'reasonably believed that there was a

18   violation of a statute, rule, or regulation' at the time it was reported"). ***But in other pleadings in***

19   ***this case (and even other parts of her Motion), Plaintiff contradicts herself by arguing that the***

20   ***"actual occurrence" question remains relevant here***. *See* citations at pp. 7-8 *supra*. Plaintiff's

21   litigation conduct thus makes clear that she will continue to raise issues at the center of the claims

22   she seeks to appeal now on unrelated claims before this Court. She cannot have it both ways.

23   Because she continues to attempt to do so, her Rule 54(b) motion as to her claims alleging

24   "hazardous chemical exposure at Apple facilities" should be denied.[4]

25   ---

26   [4] By contrast, if Plaintiff were willing to agree that there is no overlap between any of the claims in
     Bucket 2(a) (the "Hazardous Chemical Exposure at Apple Facilities" claims) and her remaining
27   retaliation claims, and that she will not pursue any discovery or arguments related to whether the
     alleged chemical exposures actually occurred—or if the Court were to enter an order to that effect—
28   then certification of these claims might be appropriate.

**(b)** ***Bucket 2(b): The Other Claims Dismissed with Prejudice Should Not Be Certified Because They Overlap With the Remaining Retaliation Claims.[5]***

For the remainder of the claims dismissed with prejudice, the elements of the claims and/or defenses involve overlapping issues; as such, immediate appeal of the related claims is not appropriate:

---

[5] With respect to certain "Bucket 1" claims discussed *supra*, even if there were a final disposition as to any of these claims—which there is not—Rule 54(b) certification would still not be appropriate under the "no just reason for delay" analysis because they overlap with the remaining retaliation claims:

- *RICO section 1962(c)* (*see* 3AC ¶¶ 140-41 (alleging retaliation as a predicate act));
- *Bane Civil Rights Act* (*compare* 3AC ¶ 192 ("Apple interfered … with Gjovik's testimony to labor agencies by … termination [sic] her … the day before she was to testify to the government") *with* 5AC ¶ 230 (alleging retaliation, including termination, for filing complaints to the NLRB); *compare* 3AC ¶ 193 (alleging that her termination was "motivated by Gjovik becoming a witness before a legislative committee") *with* 5AC ¶ 224 (alleging that "Apple knew Plaintiff may testify at legislative committees about the air pollution caused by Apple" and "undertook an effort to ensure Plaintiff did not testify"); *compare* 3AC ¶ 194 ("Apple attempted to prevent and dissuade Gjovik, who was a victim of a crime and a witness to a crime, from making reports") *with* 5AC ¶ 222 ("Apple discriminated against Plaintiff due to Plaintiff's actions related to constitutional and statutory rights to be protected from crime and seek justice for injury") and ¶ 253 (alleging retaliation for complaining about "environmental crimes she witnessed and was a victim of at her apartment in 2020 and Apple's conduct at her office"); *compare* 3AC ¶ 195 (alleging that "Apple's pretextual termination … intimidates Gjovik to refrain from exercising her Constitutional right" to privacy) *with* 5AC ¶¶ 216 (alleging retaliation for "Plaintiff's actions related to her constitutional and statutory right to privacy"), 232 (alleging retaliation for "complain[ing] of violations of the California Constitution's right to privacy"), and 252 ("Apple fired Plaintiff for complaining on social media and to the press about … invasions of privacy"));
- *Ralph Civil Rights Act* (*compare* 3AC ¶ 199 (Apple was "motivated by [its] perception of Gjovik's position in a labor dispute") *with* 5AC ¶ 230 (alleging retaliation for filing complaints to the NLRB); *compare* 3AC ¶¶ 200 (Apple was "motivated by [its] perception of Gjovik's female sex and gender…") and 201 (Apple was "motivated by [its] perception of Gjovik's disabilities and medical conditions") *with* 5AC ¶¶ 220 (alleging retaliation for complaining about sex, gender, and disability discrimination), 233 (alleging retaliation for complaining of violations of California anti-discrimination laws), and 251 (alleging retaliation for complaining that she had an right to be free from discrimination); *compare* 3AC ¶ 202 (Apple was "motivated by [its] perception of Gjovik's activism around … chemical exposure") *with* 5AC ¶¶ 224 (alleging that "Apple knew Plaintiff may testify at legislative committees about the air pollution caused by Apple" and "undertook an effort to ensure Plaintiff did not testify") and 254 ("Apple fired Plaintiff … because she advocated for crime victim's rights."); *compare* 3AC ¶ 203 (Apple was "motivated by Apple's perception of Gjovik's membership in a protected class of 'victims of environmental crime.'") *with* 5AC ¶¶ 222 ("Apple discriminated against Plaintiff due to Plaintiff's actions related to constitutional and statutory rights to be protected from crime and seek justice for injury") and 253 ("Apple fired Plaintiff … due to her status as a crime victim")); and
- *NIED* (*see* 3AC ¶¶ 239, 252 (alleging distress due to termination)).

- *SOX and Dodd-Frank.* These claims alleging whistleblower retaliation—which were dismissed with prejudice in the May 2024 Order—are not proper subjects for Rule 54(b) certification because they overlap factually and legally with Plaintiff's remaining retaliation claims (specifically, her Section 6310 claim, and her Section 98.6 (predicated on Section 96(k)) claim). *Compare* 3AC ¶¶ 166-68, 170-72 (SOX and Dodd-Frank claims alleging retaliation for complaining about "Ronald Sugar and her office") *with* 5AC ¶¶ 148 (alleging that she "complained about Apple Board Member Ronald Sugar and her office"), 235 (Section 6310 claim alleging retaliation for "complain[ing] about safety and health conditions or practices at the workplace"), and 253 (Section 98.6 claim alleging retaliation for complaining about "Apple's conduct at her office"). Legally, these retaliation-based claims necessarily will involve adjudication of why Plaintiff was terminated, including Apple's common defense across retaliation claims (namely, that it fired her for the lawful reasons that she disclosed confidential information and refused to participate in an internal investigation into her disclosures).

- *UCL.* Plaintiff's dismissed UCL claim—alleging a violation of her right to privacy—factually overlaps with remaining claims alleging retaliation for complaining about purported violations of her right to privacy. *Compare* 4AC ¶ 193 (UCL claim alleging that "Apple is unlawfully coercing employees to provide personal data, including biometrics") *with* 5AC ¶ 215 (*Tameny* claim alleging that "[w]hile false and pretextual, Apple's proffered reason for terminating Plaintiff is illegal itself. Apple claims it fired Plaintiff for complaining about Apple's surveillance of employees, including coercive data collection of biometrics and invasive 24/7 video recording."). Indeed, even after the dismissal with prejudice of her UCL claim, Plaintiff has argued that "privacy breaches," *inter alia*, "form the core of Plaintiff's claims." *See* Dkt. No. 156-1 at ¶ 45.

- *IIED premised on purported post-termination conduct.* Plaintiff's IIED claim premised on purported post-termination conduct should not be certified because it factually and legally overlaps with the remaining retaliation claims. Plaintiff's IIED allegations of "outrageous conduct" are essentially allegations of post-termination adverse actions,

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-CV-4597-EMC

1   and Rule 54(b) certification is inappropriate if it would "sever[ ] trial on different

2   theories of adverse treatment arising out of the same factual relationship." *Wood*, 422

3   F.3d at 880-81. Overlap is also evident from Plaintiff's IIED allegations of intent, which

4   repeat Plaintiff's allegations of retaliatory motive. *See, e.g.*, 5AC ¶ 308 ("Apple's

5   defamatory statements [post-termination] … were made with malicious intent as part of

6   a broader campaign of harassment and retaliation for Plaintiff's protected whistleblower

7   activities.").

8       **2.    Plaintiff Has Not Shown and Cannot Show that the Equities Support**
        **Immediate Certification of Her Dismissed Claims**.

9

10      Plaintiff also fails to demonstrate that "equitable principles" warrant piecemeal appeals

11  here, as she is required to do. *See Gregorian*, 871 F.2d at 1519. Plaintiff argues that deferring

12  appellate review of the dismissed claims will (1) delay her ability to obtain relief for her alleged

13  injuries and an alleged threat to the public, (2) preclude her from presenting all claims at a single

14  trial (assuming she wins on appeal), and (3) jeopardize her right to appeal certain claims. *See* Mot.

15  15-20. Not one of these points justifies disturbing the Ninth Circuit's strong preference to avoid

16  piecemeal appeals.

17              **(a)    *Possible Delay in Obtaining Relief Is Not a Basis Here*.**

18      Plaintiff insists that she will have to "wait interminably" to "vindicate claims" that this

19  Court has dismissed for failure to state a claim. Mot. at 16.[6] However, mere passage of time is not

20  an overriding or extraordinary prejudice that defeats the Ninth Circuit's interest in avoiding

21  piecemeal litigations. Indeed, "such delay arises in every case in which some but not all claims are

22  dismissed before trial." *Hunt v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2021 WL 6617453,

23  at *3 (N.D. Cal. Dec. 1, 2021) (rejecting certification following motion to dismiss where plaintiff

24  raised concern over availability of witnesses and evidence after passage of time as basis for

25  ─────────────────

26  [6] Like many of her other briefs that were drafted with the support of AI, Plaintiff's motion is riddled
    with artificial intelligence ("AI") hallucinations. As an example, nowhere in *Noel v. Hall*, 568 F.3d

27  743 (9th Cir. 2009) (cited in Mot. at 16) does it say that Rule 54(b) "was created so litigants would
    not be forced to 'wait interminably' to vindicate claims already resolved by the district court." Nor
    has counsel been able to locate any case that contains that language. The reason for this discrepancy

28  is clear. *See, e.g.,* Dkt. No. 149 ¶ 5 (admitting to use of AI to draft submissions to this Court).

1   prejudice, and finding "judgment under Rule 54(b) would not necessarily alleviate the prejudice

2   from delay because the appellate process itself takes time"). Moreover, Plaintiff has failed to

3   identify any "seriously important reason" as to why she cannot wait until the retaliation claims are

4   resolved to pursue a single appeal as to all the grievances against Apple that she chose to bring in

5   this case. *Wood*, 422 F.3d 873 at 882 (rejecting Rule 54(b) certification where plaintiff would not

6   need to wait long to appeal dismissed claims because "[t]rial would be neither lengthy nor complex;

7   it is a single plaintiff, single defendant case involving a discrete employment relationship that

8   played out in a relatively short time among relatively few actors").

9        Plaintiff also ignores that it is her own litigation tactics in this case that have caused

10  significant delay.[7] For example, she has amended her complaint seven times (*see* Dkt. Nos. 17, 32,

11  47, 76, 128, 138, 142), twice because her prior amendment violated the Court's rules regarding

12  page limits (*see* Dkt. Nos. 137 at 1-3 and 140). She has filed many meritless motions, often seeking

13  to delay, re-litigate issues she has already lost, or otherwise unnecessarily cause the Court and

14  parties to spend time and energy on ancillary issues. *See, e.g.,* Dkt. Nos. 123 (order denying motion

15  for extension of time to file 5AC), 140 (order denying motion for leave to file motion for

16  reconsideration), 144 (order denying motion to stay proceedings pending her appeal of an

17  interlocutory order), 160 (order denying motion to stay hearing on motion to dismiss), 170 (order

18  terminating unilateral discovery letters), 175 (order denying motion to disqualify), 179 at 33-34

19  (order denying motion to amend to re-assert claims that were voluntarily dismissed or dismissed

20  with prejudice), 181 (order denying motion for leave to file a motion for reconsideration). Plaintiff's

21  pattern of conduct militates against indulging an immediate concurrent appeal.

22       For the claims dismissed with prejudice in the May 2024 or October 2024 Orders,

23  Rule 54(b) certification is also unwarranted because Plaintiff waited several months after dismissal

24  to seek Rule 54(b) certification. "[S]uch thumb-twiddling is itself some evidence that the

---

[7] Plaintiff also waited nearly three years after allegedly suffering tortious exposures at her apartment
– and over two years since "she knew she was injured and she suspected that her injury was the
result of someone else's wrongdoing [ ] as reflected in her article published at the time" (Oct. 2024
Order at 27) – to even file suit as to those issues. And she delayed more than two years after
allegedly suffering additional toxic tort exposures at 825 Stewart to sue. *See* May 2024 Order at
43.

disappointed suitor considers delay in seeking appellate review to be a tolerable circumstance." *Bank of New York v. Hoyt*, 108 F.R.D. 184, 185-86 (D.R.I. 1985); *see also Birkes v. Tillamook Cnty.*, No. 3:09-CV-1084-AC, 2012 WL 2178964, at *3, n.1 (D. Or. June 13, 2012) (denying Rule 54(b) motion where moving party waited nearly a year after the claim was dismissed, explaining that "[w]hile Rule 54(b) does not specify a fixed time within which a motion under the rule may be filed, 'the longer an aggrieved party waits after receiving notice of the court's ruling, the less likely it will be … that there is, in the language of the rule, 'no just reason for delay'"); *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (holding that "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates"). Plaintiff's own lengthy delay in filing her Rule 54(b) thus provides more than sufficient "reason for delay" of her appeal of those claims. Indeed, her protracted delay demonstrates that she has no "pressing needs" to appeal the dismissal of those claims and that there is in fact "reason for delay." *Morrison-Knudsen Co.,* 655 F.2d at 965.

Plaintiff's concerns about delayed appellate review are misplaced; rather, it is allowing piecemeal appeals that will delay resolution. For cases docketed in the Ninth Circuit during the twelve months preceding September 30, 2023, the median time between notice of appeal to final order for a civil case was over 13 months.[8] If this Court grants certification, it will have to make one of two undesirable choices: (1) stay the district court case pending the appeal and further delay resolution of the retaliation claims for at least another year; or (2) permit the district court case to move forward, leaving the parties to litigate concurrent proceedings in the district and appellate courts, which will inevitably unfairly tax the resources of the parties and the courts. Either choice

---

[8] Defendant respectfully requests this Court take judicial notice of United States Courts, *U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits—During the 12-Month Period Ending September 30, 2023 and 2024, Tbl. B-4A* (last visited April 5, 2025), **https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf**. *See* Fed. R. Evid. 201(b), (c); *In re Zetta Jet USA, Inc.*, 624 B.R. 461, 469 (Bankr. C.D. Cal. 2020) ("[T]he Court can take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (internal quotation marks omitted)).

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-cv-4597-EMC

would contravene the purpose of Rule 54(b) to "aid expeditious decision of the case." *Dunbar v. Twentieth Century Fox Television*, No. CV 22-1075-DMG (JCX), 2025 WL 576584, at \*2 (C.D. Cal. Feb. 10, 2025) (cleaned up).

Finally, despite Plaintiff's suggestions to the contrary (*see* Mot. at 18-21), there is no rule that claims alleging toxic torts are somehow categorically unique and present a distinct urgency to granting certification under Rule 54(b). *See, e.g., S.G. v. City of Los Angeles*, No. LA CV17-09003 JAK (MRWX), 2024 WL 5286228, at \*15 (C.D. Cal. May 30, 2024) (denying Rule 54(b) motion in case alleging construction project resulted in release of toxic and carcinogenic dust onto neighborhood community as well as playgrounds and other outdoor areas of a nearby school). The cases Plaintiff cites to support her claim that immediate appeal will aid the public do not concern the issue before this Court (*i.e.*, whether certification under Rule 54(b) is appropriate). *See In re Agent Orange Product Liability Litigation MDL No. 381*, 818 F.2d 145 (2d. Cir. 1987) (cited at Mot. at 20) (addressing whether lack of Rule 54(b) certification meant that defendants remained in case for purposes of diversity); *Anderson v. Cryovac, Inc.*, 96 F.R.D. 431 (D. Mass. 1981) (cited at Mot. at 20) (no analysis of Rule 54(b)); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d. Cir. 2000) (cited at Mot. at 20) (no analysis of Rule 54(b)).

### (b)    *The Risk of Multiple Trials Is Not a Basis Here*.

Plaintiff's concern that delaying appellate review risks multiple trials (*see* Mot. at 17-18) is misguided. The right of appellate review at resolution is applicable to *every* case, and with it comes the inherent risk that the case might have to be re-litigated and re-tried. If the risk of having to redo a trial were a legitimate basis to certify a partial final judgment, then granting Rule 54(b) motions would be the norm, which flies in the face of Ninth Circuit precedent. *See Wood,* 422 F.3d at 879 (granting certification "not routine" and "should not become so"); *Hunt*, 2021 WL 6617453, at \*3 (denying certification for claims dismissed on motion to dismiss, reasoning that it is "quite routine" for some, but not all, claims to survive a motion to dismiss and "judgments under Rule 54(b) are 'reserved for the unusual case'").

Plaintiff's concern that trial will proceed on a "narrowed record" absent certification now (Mot. at 17) is equally misguided. Again, *every* case that dismisses some claims and not others will

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-cv-4597-EMC

proceed on a more tailored record. Indeed, the very purpose of allowing early dismissal of some claims is to narrow a case to the legally cognizable causes of action, facts, and issues. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding"); *Hildes v. Andersen*, No. 08-CV-0008-BEN RBB, 2010 WL 4658742, at *2 (S.D. Cal. Nov. 8, 2010) ("The Court acknowledges that it entered an order concurrently herewith that may restrict the universe of discovery in this case. However, this situation is almost always present where, as here, some claims are adjudicated before others. This is not the 'unusual case' contemplated by Rule 54(b)."). Plaintiff's concerns about a "narrowed record" at trial therefore cannot be a basis to grant certification.

### (c) *Concerns About Waiving Appellate Rights Are Not a Basis Here*.

**Third**, Plaintiff's claim that, absent certification, she "cannot appeal the dismissed claims at all" (Mot. at 16) is unfounded. As in any other case, she can appeal the Court's various decisions to dismiss some claims from this Court's final judgment at the end of the case. *See, e.g., L.A. Terminals, Inc. v. City of Los Angeles*, No. CV186754MWFRAOX, 2019 WL 3064463, at *3 (C.D. Cal. Apr. 25, 2019) ("Allowing the case to proceed on its normal track followed by a single appeal will not deprive [counter-claimant] of any remedy or result in any harsh or unjust judgment. Rather, the Ninth Circuit will have an opportunity to review the [] counterclaim—and any other issues that ultimately arise in the remainder of this litigation … once trial is over and the case is completely resolved.").[9]

Put simply, Plaintiff does not and cannot distinguish her case from any other standard employment or tort case in which some claims are adjudicated before others, and she cannot show that hers is the sort of "unusual" or "exceptional" case that Rule 54(b) was designed to remedy. *See Hunt*, 2021 WL 6617453, at *3; *Chiarito v. Home Depot, U.S.A., Inc.*, No. CV 22-4662-GW-SKX,

---

[9] Plaintiff improperly relies on *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002) (*see* Mot. at 16) to support her claim that without certification she cannot challenge the dismissals. *James* is inapposite and holds that "when a party that has suffered an adverse partial final judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291." *Id.* at 1070.

APPLE'S OPP. TO PL.'S MOT.
FOR CERT. UNDER FRCP 54(B)
CASE NO. 23-cv-4597-EMC

2022 WL 18142558, at *6 (C.D. Cal. Nov. 25, 2022) ("Plaintiff has not identified a 'seriously important reason' for the Court to separate this action into pieces. Further, Plaintiff has failed to articulate how this is the exceptional case contemplated by Rule 54(b) in which the pressing needs to the parties for an early and separate judgment outweigh the cost and risk of multiplying proceedings."). Both parties and the court system would be prejudiced by either delay of trial in this matter or concurrent litigation of proceedings in multiple forums. Thus, the equities provide a separate standalone reason to deny the Motion.

## V.     **<u>CONCLUSION</u>**

For the above reasons, the Court should deny Plaintiff's Motion in its entirety.

Dated: April 7, 2025                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   _/s/ Melinda S. Riechert_
MELINDA S. RIECHERT
Attorney for Defendant Apple Inc.