1   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
2   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, CA  94025-1015
    Telephone:    +1 650 614 7400
5   Facsimile:    +1 650 614 7401

6   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
7   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
8   405 Howard Street
    San Francisco, CA 94105-2669
9   Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759
10
    Attorneys for Defendant Apple Inc.
11
    *[Additional counsel on following page]*
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                SAN FRANCISCO DIVISION

16

17  ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC

18          Plaintiff,                      **DEFENDANT APPLE INC.'S
                                            OPPOSITION TO PLAINTIFF'S
19      v.                                  MOTION TO STRIKE AND DISMISS
                                            AFFIRMATIVE DEFENSES**
20  APPLE INC.,
                                            Date: June 12, 2025
21          Defendant.                      Time: 10:30 AM PST
                                            Dept: Courtroom 5, 17th Floor
22                                          Judge: Honorable Edward M. Chen

23

24

25

26

27

28

1 | RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
2 | ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
3 | Washington, D.C. 20005-1706
Telephone:    +1 202 339 8400
4 | Facsimile:    +1 202 339 8500

5 | Attorneys for Defendant Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4165-4227-4139

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     LEGAL STANDARD .................................................................................... 1

III.    ARGUMENT .................................................................................................. 3

        A.      Plaintiff's Motion Should Be Denied for Violating Rule 11. ................. 3

                1.      Citing Cases That Do Not Exist (at Least 9 Instances) ............... 4

                2.      Citing Quotes That Do Not Exist (at Least 3 Instances) ............. 6

                3.      Plainly Misrepresenting Case Holdings (at Least 11 Instances) ................ 7

        B.      Plaintiff's Attacks on Apple's Affirmative Defenses Fail. ................... 10

                1.      Plaintiff's Arguments That Certain Defenses Are Legally Invalid
                        (as Well as Insufficiently Pled) Fail. ......................................... 11

                        a.      First Affirmative Defense: Failure to State a Claim ...................... 11

                        b.      Fourth, Eleventh, and Fourteenth Affirmative Defenses: At-
                                Will, Good Faith, and Business Judgment .................................. 12

                        c.      Seventh Affirmative Defense: Offset to Prevent Double
                                Recovery ...................................................................................... 14

                        d.      Twelfth Affirmative Defense: Statute of Limitations ................... 15

                        e.      Fifteenth Affirmative Defense: Workers' Compensation
                                Exclusivity ................................................................................... 16

                2.      Plaintiff's Attacks on Admittedly Valid Defenses Also Fail. .................. 16

                        a.      Second, Third, Eighth, Ninth, and Tenth Affirmative
                                Defenses: Defenses Arising From Plaintiff's Unauthorized
                                Disclosure of Apple's Confidential Information.......................... 17

                        b.      Fifth Affirmative Defense: Consent ............................................ 17

                        c.      Sixth Affirmative Defense: Failure to Mitigate ........................... 18

                        d.      Thirteenth Affirmative Defense: Constitutional Limits on
                                Punitive Damages......................................................................... 18

        C.      The Challenged Statements That Are Not Affirmative Defenses Are Also
                Appropriate. ......................................................................................... 18

                1.      Apple's Reservation of Rights Was Proper. .............................. 18

                2.      References in Apple's Answer to Government Actions Not Having
                        "Preclusive Effect" in This Litigation Are Appropriate Given
                        Plaintiff's Allegations. .............................................................. 19

        D.      Apple's Prayer for Relief Is Proper...................................................... 20

IV.     CONCLUSION ............................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams Fruit Co. v. Barrett,*
   494 U.S. 638 (1990) ............................................................................................ 16

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,*
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ........................................................ 2, 6, 19

*Clark v. State Farm Mut. Auto. Ins. Co.,*
   231 F.R.D. 405 (C.D. Cal. 2005) ........................................................................ 9

*Cruz v. MRC Receivables Corp.,*
   563 F. Supp. 2d 1092 (N.D. Cal. 2008) .............................................................. 8, 9

*Dehghani v. Castro,*
   No. 2:25-CV-0052 MIS-DLM, 2025 WL 988009 (D.N.M. Apr. 2, 2025) ............................. 10

*DeLeon v. Wells Fargo Bank, N.A.,*
   729 F. Supp. 2d 1119 (N.D. Cal. 2010) ................................................................ 5

*DeLeon v. Wells Fargo Bank, N.A.,*
   No. 10–CV–01390–LHK, 2010 WL 4285006 (N.D. Cal. Oct. 22, 2010) ............................... 6

*DeLeon v. Wells Fargo Bank, N.A.,*
   No. 10–CV–01390–LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ................................ 6

*Deschaine v. St. Joseph Health System,*
   No. CIV. 2:13–1991WBSCKD, 2013 WL 6054456 (N.D. Cal. Nov. 15, 2013) ...................... 8

*E.E.O.C. v. BNSF Railway Co.,*
   902 F.3d 916 (9th Cir. 2018) ............................................................................. 9

*E.E.O.C. v. Midwest Reg'l Med. Ctr., LLC,*
   No. CIV-13-789-M, 2014 WL 1745081 (W.D. Okla. Apr. 30, 2014) .................................. 5

*E.E.O.C. v. Total Sys. Servs., Inc.,*
   221 F.3d 1171 (11th Cir. 2000) ......................................................................... 13

*G&G Closed Circuit Events, LLC v. Nguyen,*
   No. 10–CV–00168–LHK2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) .............................. 9

*Ganley v. Cnty. of San Mateo,*
   No. C06-3923 TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ..................................... 2

*Garcia v. Salvation Army,*
   918 F.3d 997 (9th Cir. 2019) .................................................................... *passim*

*Haddad v. Lockheed Cal. Corp.*,
   720 F.2d 1454 (9th Cir. 1983)................................................................................. 8

*Izett v. Crown Asset Mgmt., LLC*,
   No. 18-CV-05224-EMC, 2018 WL 6592442 (N.D. Cal. Dec. 14, 2018) ...................... *passim*

*Kohler v. Flava Enterprises*,
   779 F.3d 1016 (9th Cir. 2015)................................................................................. 7

*Kohler v. Islands Restaurants, LP*,
   280 F.R.D. 560 (S.D. Cal. 2012)................................................................. 2, 6, 7, 12

*Kruglyak v. Home Depot U.S.A., Inc.*,
   No. 1:22CV00024, 2025 WL 900621 (W.D. Va. Mar. 25, 2025) ............................... 3

*Mata v. Avianca, Inc.*,
   678 F. Supp. 3d 443 (S.D.N.Y. 2023)................................................................. 3, 10

*Mendoza v. Nordstrom, Inc.*,
   778 F.3d 834 (9th Cir. 2015)................................................................................. 4

*Mendoza v. Nordstrom, Inc.*,
   No. SACV1000109CJCMLGX, 2012 WL 12950481 (C.D. Cal. Nov. 5, 2012)..................... 4

*Murillo v. Pac. Gas & Elec. Co.*,
   No. 2:08-1974 WBS GGH, 2010 WL 2889728 (E.D. Cal. July 21, 2010)........................... 5

*Nurse v. United States*,
   226 F.3d 996 (9th Cir. 2000)................................................................................. 2

*Perez v. Gordon & Wong Law Grp., P.C.*,
   No. 11-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) .................................. 8, 9

*Rivera v. Peri & Sons Farms, Inc.*,
   735 F.3d 892 (9th Cir. 2013)................................................................................. 8

*Sanchez v. Master Prot., LP*,
   No. CV208472PSGRAOX, 2022 WL 2104519 (C.D. Cal. May 6, 2022) ........................... 14

*Sanders v. United States*,
   No. 24-CV-1301, 2025 WL 957666 (Fed. Cl. Mar. 31, 2025) ........................................ 10

*Solis v. Zenith Cap.*, LLC,
   No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009)................................... 1, 2

*Thomas v. Pangburn*,
   No. CV423-046, 2023 WL 9425765 (S.D. Ga. Oct. 6, 2023)......................................... 10

*Wadsworth v. Walmart Inc.*,
   No. 2:23-CV-118-KHR, 2025 WL 608073 (D. Wyo. Feb. 24, 2025) ................................ 10

Def.'s Opposition to Plaintiff's Motion to
Strike & Dismiss Aff. Defenses
[23-cv-4597-EMC]

*Wyshak v. City Nat. Bank*,
    607 F.2d 824 (9th Cir. 1979).................................................................................................. 15

**State Cases**

*Cabesuela v. Browning-Ferris Industries of Cal., Inc.*,
    68 Cal. App. 4th 101 (1998)................................................................................................. 16

*Doe v. Roman Catholic Archbishop of Cashel & Emly*,
    177 Cal. App. 4th 209 (2009)................................................................................................. 6

*E.H. v. State*,
    No. 2D17-4093, 2018 WL 3130993 (Fla. Dist. Ct. App. June 27, 2018) ................................ 6

*Guz v. Bechtel Nat'l Inc.*,
    24 Cal. 4th 317 (2000) ......................................................................................................... 12

*Harris v. City of Santa Monica*,
    56 Cal. 4th 203 (2013) ......................................................................................................... 12

*Martinez v. Rite Aid Corp.*,
    63 Cal. App. 5th 958 (2021)................................................................................................. 14

*McGrory v. Applied Signal Tech., Inc.*,
    212 Cal. App. 4th 1510 (2013)............................................................................................. 13

*Miklosy v. Regents of Univ. of California*,
    44 Cal. 4th 876 (2008) ......................................................................................................... 16

*Prue v. Brady Co./San Diego*,
    242 Cal. App. 4th 1367 (2015)............................................................................................. 15

*Shoemaker v. Myers*,
    52 Cal. 3d 1 (1990) .............................................................................................................. 16

*Witt v. Jackson*,
    57 Cal. 2d 57 (1961) ............................................................................................................ 14

**Federal Rules**

Fed. R. Civ. P. 11 ......................................................................................................... *passim*

Fed. R. Civ. P. 7(a)................................................................................................................ 11

Fed. R. Civ. P. 8 .......................................................................................................... 6, 11, 12

Fed. R. Civ. P. 12(b) ...................................................................................................... 11, 12

Fed. R. Civ. P. 12(e)................................................................................................................ 1

Fed. R. Civ. P. 12(f) ............................................................................. 1, 2, 6, 18, 19

Fed. R. Civ. P. 12(h)(2) ..................................................................................... 11, 19

**Statutes**

Cal. Civ. Proc. Code § 335.1 ..................................................................................... 15

Cal. Civ. Proc. Code § 338(a) ..................................................................................... 15

Cal. Civ. Proc. Code § 340(a) ............................................................................... 15, 16

Cal. Labor Code § 98.6 ....................................................................................... 15, 16

Cal. Labor Code § 1102.5 .............................................................................. 13, 15, 16

Cal. Labor Code § 1102.6 ......................................................................................... 13

Cal. Labor Code § 6310 ............................................................................................. 15

## I.    **INTRODUCTION**

Plaintiff's Motion to Strike portions of Apple's Answer should be rejected. Plaintiff asks this Court for an order striking ***every single one*** of Apple's affirmative defenses, as well as its entire prayer for relief and select other statements in Apple's Answer that she finds objectionable. While Plaintiff's meanderings and unsupported legal positions are at many times difficult to follow, her Motion boils down to four basic arguments: (a) certain defenses are both legally invalid and insufficiently pled; (b) certain defenses are valid defenses but insufficiently pled; (c) references to government agency action not having "preclusive" effect and a reservation of rights are improper; and (d) Apple's prayer for relief is improper. None is persuasive, and the Motion serves only to further delay progress towards resolution of this employment retaliation case on its merits.

As an initial matter, the Court should deny the motion outright as a sanction for violating Rule 11[1], given that Plaintiff repeatedly misrepresents, misquotes, and mis-cites the legal authority she contends support her motion—including fabricating quotes and even entire cases out of whole cloth. But the Motion fails on its substance as well. As to arguments (a) and (b), Plaintiff has not established that these defenses are legally invalid, nor has she established that under no set of circumstances could the defenses succeed as is required by Rule 12(f). As to arguments (c) and (d), Plaintiff has not established that these portions of Apple's Answer contain "redundant, immaterial, impertinent, or scandalous matter," as is required by Rule 12(f). The Court should deny the motion.[2]

## II.    **LEGAL STANDARD**

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But "[m]otions to strike a defense as insufficient are not favored ... because of their somewhat dilatory and often harassing character." *Solis v. Zenith Cap*., LLC, No. C 08-4854 PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (quoting Wright

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The Court could also separately deny the Motion to Strike as an improper attempted end-run around the applicable page limitations. Plaintiff improperly conflates the arguments and relief in this Motion and her contemporaneous Motion for a More Definite Statement (Dkt. 193)—in effect meaning she has filed pages in excess of the limitations as to each. For example, the instant Motion seeks alternative relief under Rule 12(e) (*see* Mot. at ¶¶ 36, 44, 55, 57, 84) without engaging with the applicable legal standards for that relief. The Court should evaluate this Motion (all 25 pages of it) as a Rule 12(f) motion and her companion motion under Rule 12(e) standards.

& Miller, Federal Practice and Procedure: Civil 3d § 1381). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." *Id.*

To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). "[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (internal quotations omitted).

The Ninth Circuit has confirmed that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (a post *Twombly* and *Iqbal* case that does not discuss either in the context of an affirmative defense). This Court has held that the *Twombly* and *Iqbal* pleading standards apply to affirmative defenses, and that under these standards, "a defense need not include extensive factual allegations in order to give fair notice" although "bare statements reciting mere legal conclusions may not be sufficient." *Izett v. Crown Asset Mgmt., LLC*, No. 18-CV-05224-EMC, 2018 WL 6592442, at *1 (N.D. Cal. Dec. 14, 2018). However, other federal district courts in California have not. *See, e.g., Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) ("Absent further direction, this Court declines to extend the *Twombly/ Iqbal* pleading standards to affirmative defenses.").

A decision to strike material from the pleadings is vested to the sound discretion of the trial court. *Solis*, 2009 WL 1324051, at *3. (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)). "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party." *Id.*

1    **III.    ARGUMENT**

2        **A.    Plaintiff's Motion Should Be Denied for Violating Rule 11.**

3        Parties in federal court, including an unrepresented party like Plaintiff, are bound by

4    Rule 11. This Rule entails that, when filing, Plaintiff is certifying to the court that the legal

5    contentions presented in her briefs are "warranted by existing law or by a nonfrivolous argument

6    for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ.

7    P. 11(b)(2). That certification must be made "to the best of the person's knowledge, information,

8    and belief, formed after an inquiry reasonable under the circumstances." *Id.* Here, Plaintiff's

9    reliance on artificial intelligence ("AI") to draft her briefs, without confirming their accuracy, has

10   resulted in continued misrepresentation of the law to this Court. *Compare* Dkt. No. 149 ¶ 5 (Plaintiff

11   disclosing "use of generative AI") *with* Dkt. No. 152 at 12 n.8 (Apple pointing out AI hallucinations

12   submitted by Plaintiff); Dkt. No. 167 at 11-12 (same); Dkt. No. 198 at 12 n.6 (same). This continued

13   misconduct does harm to Apple, this Court, and courts more generally. *See Mata v. Avianca, Inc.*,

14   678 F. Supp. 3d 443, 448-49 (S.D.N.Y. 2023) (noting the "[m]any harms flow from the submission

15   of fake opinions" include that "[t]he opposing party wastes time and money in exposing the

16   deception[,] [t]he Court's time is taken from other important endeavors[,] … [i]t promotes cynicism

17   about the legal profession and the American judicial system[,] … [a]nd a future litigant may be

18   tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity"). Pro se

19   plaintiffs are not exempt from this standard. *See Kruglyak v. Home Depot U.S.A., Inc.*, No.

20   1:22CV00024, 2025 WL 900621, at *3 (W.D. Va. Mar. 25, 2025) (ordering pro se plaintiff to

21   identify any cases that are the result of generative AI, confirming plaintiff is responsible for

22   verifying their accuracy, and cautioning that if he fails to do so he will be held in contempt of court

23   and lose his ability to proceed pro se).

24        Plaintiff's latest flurry of filings is no exception.[3] For example, this Motion contains ***at least***

---

25   [3] Plaintiff's blind reliance on artificial intelligence is not the only Rule 11 issue that warrants this

26   Court's consideration; paragraph 94 of her Motion suggests someone else may be drafting or editing
     her motions without proper oversight by Plaintiff. *See* Mot. ¶ 94 (emphasis added) ("This approach

27   directly challenges the procedural flaws in their prayer for relief and argues for the proper course
     of action in response to the claims and defenses they have raised. Hopefully, this helps ensure that
     Defendant doesn't get to throw out these extraneous and baseless requests in their answer. ***Let me***

28   ***know if you need any adjustments or further help!***"). While it is unclear whether this "help[er]"

the following citations that violate Rule 11:

### 1.    <u>Citing Cases That Do Not Exist (at Least 9 Instances)</u>

- <u>Mot. ¶ 15</u>: Plaintiff cites *Curry v. MightyNet, Inc.*, No. 20-cv-03797-JST, 2021 WL 2682607, at *3 (N.D. Cal. June 15, 2021) as a case that "struck multiple affirmative defenses that were pled without facts." However, 2021 WL 2682607 leads to a Patent Status File; counsel has been unable to locate any case on Westlaw titled *Curry v. MightyNet, Inc.*

- <u>Id. ¶ 23</u>: Plaintiff again cites *Curry v. MightyNet* for the proposition that the court struck boilerplate defenses including unclean hands and waiver. As noted above, *Curry* does not exist.

- <u>Id. ¶ 26</u>: Plaintiff cites *Mendoza v. Nordstrom, Inc.*, No. C13-01063-RS, 2014 WL 5456668, at *3 (N.D. Cal. Oct. 27, 2014) for the proposition that "where the court has already ruled that a claim is properly pleaded, a failure to state a claim defense must be stricken." However, 2014 WL 5456668 leads to an expert report filed in *Biggs v. Bradford Management Company* in Texas state court. Case number C13-01063-RS is an invalid case number in the Northern District of California's electronic filing system, though it may refer to *Carpenters Pension Trust Fund for Northern California et al v. Lindquist Family LLC*, No. 3:13-cv-01063-SC, which does not appear to have a Motion to Strike on the docket. While there is a case entitled *Mendoza v. Nordstrom, Inc.* from the **Central** District of California with an appeal to the Ninth Circuit, none of the orders and opinions available in Westlaw for that matter appear to be related to a motion to strike. *See, e.g.*, *Mendoza v. Nordstrom, Inc.*, 778 F.3d 834 (9th Cir. 2015), *certified question answered*, 2 Cal. 5th 1074 (2017); *Mendoza v. Nordstrom, Inc.*, No. SACV1000109CJCMLGX, 2012 WL 12950481, at *1 (C.D. Cal. Nov. 5, 2012), *aff'd*, 865 F.3d 1261 (9th Cir. 2017).

- <u>Id. ¶ 52</u>: Plaintiff claims the court in *Murillo v. Pacific Gas & Elec. Co.*, 2011 WL 13176898 (E.D. Cal. May 4, 2011) "struck an after-acquired evidence defense as conclusory and

---

is authorized to practice law, it seems Plaintiff is allowing others to write her briefs without validation by Plaintiff that what they are writing is accurate or complies with Rule 11, and without those others appearing before this Court.

DEF.'S OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE & DISMISS AFF. DEFENSES
[23-cv-4597-EMC]

prejudicial." However, 2011 WL 13176898 does not lead to any document in Westlaw. While there is a case titled *Murillo v. Pacific Gas & Elec. Co*. in the Eastern District of California, that case resolved in 2010 . *See, e.g., Murillo v. Pac. Gas & Elec. Co*., No. 2:08-1974 WBS GGH, 2010 WL 2889728 (E.D. Cal. July 21, 2010) (final settlement approval in 2010). The docket for that case does not contain any order striking the after acquired evidence defense.

- *Id.* ¶ 53: Plaintiff contends *EEOC v. Midwest Regional Med. Ctr., LLC*, 2008 WL 11335023 (W.D. Okla. June 25, 2008) "makes clear that after-acquired evidence cannot be invoked to justify the employer's retaliatory actions or to penalize the employee for consequences the employer set in motion." However, 2008 WL 11335023 leads to *Andre v. Harbor Naples Mgmt., LLC*, No. 2:07-CV-581-FTM-SPC, 2008 WL 11335023, at *1 (M.D. Fla. May 22, 2008), which is an order on a motion to compel unrelated to the after acquired evidence defense. While Westlaw does reveal at least eight orders from a case titled *EEOC v. Midwest Regional Med. Ctr., LLC*, in the Western District of Oklahoma, those orders are from 2014 and 2017, not 2008, and the burden on Apple and the Court associated with reviewing each of them to see if any tangentially relate to purported holding is not justified by Plaintiff's violation of Rule 11. *See, e.g., E.E.O.C. v. Midwest Reg'l Med. Ctr., LLC*, No. CIV-13-789-M, 2014 WL 1745081 (W.D. Okla. Apr. 30, 2014) (order on motion for protective order).

- *Id.* ¶ 60: Plaintiff cites *DeLeon v. Wells Fargo Bank, N.A*., 2010 WL 3219305, at *6 (N.D. Cal. Aug. 12, 2010) as a decision that "struck a statute of limitations defense because the issue had already been addressed and rejected in previous rulings." The citation 2010 WL 3219305 leads to a case titled *Vann v. Evans*, which is a Northern District of California case dated August 12, 2010. While the court in *Vann* dismissed a pro se state prisoner's Section 1983 claim as barred by the statute of limitations, the case does not address striking an already addressed statute of limitations defense. While there are several orders from this Court available in Westlaw related to a case titled *DeLeon v. Wells Fargo Bank, N.A.*, none of them address the issue Plaintiff suggests. *See DeLeon v. Wells Fargo Bank, N.A*., 729 F. Supp. 2d 1119, 1127-28 (N.D. Cal. 2010) (agreeing claim was time barred and denying

1    defendant's motion to strike complaint as moot after dismissing entire complaint); 2010 WL

2    4285006, at *7 (N.D. Cal. Oct. 22, 2010) (denying defendant's motion to strike complaint

3    as moot after dismissing entire first amended complaint); 2011 WL 311376, at *11 (N.D.

4    Cal. Jan. 28, 2011) (same after dismissing entire second amended complaint).

5    •   *Id.* ¶ 65: Plaintiff asserts that the court in *Doe v. Roman Catholic Archbishop of Cashel &*

6       *Emly*, 2019 WL 1048236, at *3 (N.D. Cal. Mar. 5, 2019) "struck defenses where the

7       defendant failed to provide specific factual allegations of waiver, estoppel, or consent. The

8       citation she gives goes to a case called *Gualberto v. Wells Fargo Bank, N.A.*, 2019 WL

9       1048236 (N.D. Cal. Mar. 5, 2019), which is an order granting a motion to dismiss based on

10      preemption and failure to state a claim. *Doe v. Roman Catholic Archbishop of Cashel &*

11      *Emly*, 177 Cal. App. 4th 209 (2009), is a California state court case addressing a motion to

12      quash, not a motion to strike affirmative defenses.

13   •   *Id.* ¶ 68: Plaintiff again cites *Curry v. MightyNet*, this time for the proposition that "the court

14      struck defenses based on waiver, estoppel, and laches where the defendant failed to plead

15      any specific facts to support those defenses." As noted above, this case does not exist.

16   •   *Id.* ¶ 68: Plaintiff claims that in *Crosby v. Strayhorn*, 2018 WL 3130993, at *6 (E.D. Cal.

17      June 22, 2018), "the court held that affirmative defenses must include supporting facts to

18      satisfy the plausibility standard under Rule 8." However, the citation 2018 WL 3130993 is

19      a Florida state court case. *See E.H. v. State*, No. 2D17-4093, 2018 WL 3130993 (Fla. Dist.

20      Ct. App. June 27, 2018). Counsel has been unable to locate a case titled *Crosby v. Strayhorn*

21      from the Eastern District of California.

22                    **2.    Citing Quotes That Do Not Exist (at Least 3 Instances)**

23   •   *Id.* ¶ 8: Plaintiff quotes *Kohler*, 280 F.R.D. at 566 as stating: "The heightened pleading

24      standard of *Twombly* and *Iqbal* applies to affirmative defenses." However, *Kohler* held the

25      **opposite**, and refused to apply the *Twombly* and *Iqbal* standard to affirmative defenses. *Id.*

26      (citations omitted) ("Absent further direction, this Court declines to extend the *Twombly*/

27      *Iqbal* pleading standards to affirmative defenses. Several considerations inform this

28      conclusion. Most significantly, the Ninth Circuit has continued to recognize the 'fair notice'

1   standard of affirmative defense pleading even after *Twombly* and *Iqbal*.").

2   •   *Id.* ¶¶ 9, 18: Plaintiff again quotes *Kohler* as stating "[a]ffirmative defenses are subject to

3       the same pleading standards as complaints," which is the **opposite** of its holding. *Kohler*,

4       280 F.R.D. at 566.

5   •   *Id.* ¶¶ 9, 18: Plaintiff quotes *Barnes*, 718 F. Supp. 2d at 1174 as stating (respectively) that

6       "[b]oilerplate defenses without any supporting factual basis do not meet the *Iqbal* standard"

7       and that "[b]oilerplate defenses that fail to provide fair notice must be stricken." These

8       quotes do not appear in *Barnes* (although the general premise of the quotes is supported by

9       *Barnes*).

10              **3.      Plainly Misrepresenting Case Holdings (at Least 11 Instances)**

11  •   *Id.* ¶ 38: Plaintiff contends the Ninth Circuit in *Kohler v. Flava Enterprises*, 779 F.3d 1016,

12      1019 (9th Cir. 2015), "held that boilerplate defenses without factual allegations are subject

13      to being stricken." However, *Kohler* addressed the granting of a motion for summary

14      judgment, not a motion to strike. There, Plaintiff in an ADA action appealed summary

15      judgment in defendant's favor, in part, on the grounds that he did not receive fair notice

16      because defendant did not plead "equivalent facilitation" as an affirmative defense. *Id.* at

17      1019. The Ninth Circuit rejected this argument because defendant pled "its store was

18      compliant due to its use of 'alternative methods' of accessibility," which is a term found in

19      the ADA. *Id.* The court found this sufficient to assert this defense because "the 'fair notice'

20      required by the pleading standards only requires describing the defense in 'general terms.'"

21      *Id.* Accordingly, not only did *Kohler* not hold as Plaintiff says it did; its holding is at odds

22      with the specificity that Plaintiff demands in Apple's Answer.

23  •   *Id.* ¶ 39: Plaintiff contends the Ninth Circuit in *Haddad v. Lockheed Cal. Corp.*, 720 F.2d

24      1454, 1457–58 (9th Cir. 1983) held that "mitigation cannot be expected when an

25      employee's injuries or blacklisting prevent obtaining comparable employment." However,

26      *Haddad* does not address mitigation of damages. Instead, *Haddad* is an appeal following a

27      jury trial that resulted in a verdict in favor of Lockheed on all of plaintiff's age and national

28      origin discrimination claims. It is unclear how Plaintiff could believe *Haddad* addressed

1    mitigation of damages when the jury found no liability.

2    • *Id.* ¶ 43: Plaintiff asserts that *Cruz v. MRC Receivables Corp*., 563 F. Supp. 2d 1092, 1096

3    (N.D. Cal. 2008) "struck" defenses similar to mitigation of damages "for failing to include

4    specific factual allegations." However, the court in *Cruz* granted summary judgment

5    without addressing any issues pertaining to mitigation of damages – so Plaintiff is wrong

6    on that count. The court did strike a portion of a witness declaration as hearsay, but this

7    decision had nothing to do with striking affirmative defenses or mitigation of damages. *Id.*

8    at 1094-96.

9    • *Id.* ¶ 58: Plaintiff contends that in *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902

10   (9th Cir. 2013), "the Ninth Circuit held that a statute of limitations defense cannot be raised

11   unless the complaint clearly shows on its face that the claims are untimely." Not so. Instead,

12   *Rivera* confirms the well-established precedent that an affirmative defense—including

13   statute of limitations—cannot be raised **in a motion to dismiss** unless the defense is obvious

14   on the face of a complaint. *Id.* Nothing in *Rivera* prohibits a defendant from asserting this

15   defense **in an answer** when the defense is not apparent on the face of the complaint, and for

16   obvious reasons; otherwise, a plaintiff could always preclude a defendant from ever raising

17   this defense by simply omitting the allegations necessary to assert it. That is not the law.

18   • *Id.* ¶ 60: Plaintiff suggests that *Perez v. Gordon & Wong Law Grp., P.C.,* No. 11-03323-

19   LHK, 2012 WL 1029425, at *9 (N.D. Cal. Mar. 26, 2012) supports the proposition that

20   "[c]ourts should strike statute of limitations defenses where timeliness has already been

21   adjudicated." While *Perez* involves a motion to strike affirmative defenses, it says nothing

22   about striking a statute of limitations defense where timeliness has already been adjudicated.

23   • *Id.* ¶ 65: Plaintiff contends that in *Deschaine v. St. Joseph Health System*, No. CIV. 2:13–

24   1991 WBS CKD, 2013 WL 6054456, at *5 (N.D. Cal. Nov. 15, 2013), "the court

25   emphasized that affirmative defenses involving consent must include specific factual

26   allegations showing the plaintiff's conduct and the alleged consent." But *Deschaine*

27   involves a motion to dismiss in which a plaintiff's promissory estoppel claim was dismissed

28   because the plaintiff failed to plead any injury in reliance on the alleged promises. The case

- 8 -

1    does not address any affirmative defenses, much less the affirmative defense of consent.

2    •    *Id.* ¶ 66: Plaintiff asserts that in *Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d at, "the

3         court struck this defense [privileged conduct or justification] where it was vague and

4         unsupported by any factual allegations." But *Cruz* is an order granting defendant's motion

5         for summary judgment and does not address affirmative defenses.

6    •    *Id.* ¶ 66: Plaintiff claims that in *E.E.O.C. v. BNSF Railway Co.*, 902 F.3d 916, 922 (9th Cir.

7         2018), "the Ninth Circuit emphasized that a defendant asserting a business necessity defense

8         must provide adequate factual support to give the plaintiff fair notice of the underlying legal

9         theory." In *BNSF Railway*, the Ninth Circuit reviewed an order granting partial summary

10        judgment in favor of the EEOC, noting that the lower court held that "BNSF did not offer

11        evidence sufficient to support any affirmative defense" in opposition to the motion for

12        summary judgment and confirmed "BNSF offers no affirmative defense on appeal." *Id.* at

13        921, 928. The case says nothing about the pleading standards for affirmative defenses.

14   •    *Id.* ¶ 67: Plaintiff contends that the court in *G&G Closed Circuit Events, LLC v. Nguyen*,

15        No. 10–CV–00168–LHK, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010) "clarified

16        that a defense of privilege must be backed by specific facts." While *G&G* did involve a

17        motion to strike, it did not address the defense of privilege.

18   •    *Id.* ¶ 86: Plaintiff represents that "[i]n *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D.

19        405, 407 (C.D. Cal. 2005), the court held that a due process defense to punitive damages

20        must be pled with sufficient factual support, and it is not enough for the defendant to make

21        a general, conclusory statement." That is flat out wrong. *Clark* addresses the sufficiency of

22        a ***plaintiff's*** pleading a prayer for punitive damages, not a ***defendant's*** defense to the

23        imposition of such damages. The words "due process" appear nowhere in the case.

24   •    *Id.* ¶ 86: Plaintiff likewise represents that "in *Perez v. Gordon & Wong*, 2012 WL 1029425

25        (N.D. Cal. 2012), the court struck a similar defense where the defendant failed to plead any

26        facts to substantiate the claim that punitive damages would violate due process." Again, the

27        words "due process" appear nowhere in the opinion (although this case, unlike *Clark*, at

28        least addresses a motion to strike affirmative defenses).

As noted above and in Apple's companion Opposition to Plaintiff's Motion for a More Definite Statement and its Objection to Plaintiff's Request for Judicial Notice, this is not Plaintiff's first foray into improperly misquoting cases, misrepresenting the holdings of cases, or citing cases that do not exist. While certain leniencies have been afforded to Plaintiff due to her pro se status, her serial motion practice is untenable and in bad faith when it continually relies on AI hallucinations and fictions presented to this Court

Plaintiff is bound by Rule 11 and, given her repeated malfeasance, this Court should strike or deny this Motion based on her violation of that rule. *See, e.g.*, *Wadsworth v. Walmart Inc*., No. 2:23-CV-118-KHR, 2025 WL 608073, at *4 (D. Wyo. Feb. 24, 2025) ("'A fake opinion is not "existing law" and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law.' … [T]hus, using a fake opinion to support an argument is a violation of Rule 11(b)(2)." (quoting *Mata*, 678 F. Supp. 3d at 461)); *Dehghani v. Castro*, No. 2:25-CV-0052 MIS-DLM, 2025 WL 988009, at *5 (D.N.M. Apr. 2, 2025) (cataloging sanctions various federal courts have imposed for citing AI-generated cases as if they were valid authority). The Court should also caution her that future motions will be summarily denied if they contain fake AI-generated content. *See Sanders v. United States*, No. 24-CV-1301, 2025 WL 957666, at *5 (Fed. Cl. Mar. 31, 2025) (noting that "[w]hile courts afford pro se litigants considerable leeway, that leeway does not relieve pro se litigants of their obligation under Rule 11 to confirm the validity of any cited legal authority" and warning that "citations to nonexistent cases may result in sanctions, including the striking of filings, the imposition of filing restrictions, monetary penalties, or dismissal of the action"); *Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765, at *4-7 (S.D. Ga. Oct. 6, 2023) (recommending dismissal of pro se plaintiff's amended complaint as sanction for violating Rule 11(b) by, *inter alia*, citing fake cases), *R. & R. adopted*, 2024 WL 329947 (S.D. Ga. Jan. 29, 2024), *appeal dismissed*, 2024 WL 5389428 (11th Cir. Oct. 21, 2024).

## B.    Plaintiff's Attacks on Apple's Affirmative Defenses Fail.

Plaintiff's Motion should also be denied on its merits. Apple appropriately asserted these defenses given not only the claims that remain in the case, but Plaintiff's ever-shifting stances as

to what she contends is relevant and serial efforts to continue to revive claims that have been dismissed and issues that bear only on those claims. Plaintiff's Motion regarding these defenses does nothing to change the core issues that this case will involve—which center on the reasons why Plaintiff was terminated by Apple—and serves only to further extend the pleadings phase and delay progress towards a resolution on the merits.

Though the Motion is no model of clarity, her attacks on Apple's affirmative defenses appear to broadly fall into two buckets—(1) defenses that she claims are unavailable as a matter of law as well as unsupported by adequate factual allegations, and (2) defenses that she claims are legally cognizable but contends are insufficiently pled. Apple discusses each in turn.

### 1.    Plaintiff's Arguments That Certain Defenses Are Legally Invalid (as Well as Insufficiently Pled) Fail.

Plaintiff contends that Apple's first (failure to state a claim), fourth (at-will employment), seventh (offset or setoff), eleventh (good faith/no malice), twelfth (statute of limitations), fourteenth (business judgment) and fifteenth (worker's compensation exclusive remedy) affirmative defenses are legally invalid and must be stricken regardless of any factual predicate supporting these defenses. *See* Mot. §§ V.C., V.F., V.H, V.I., V.K, V.O. In the alternative, Plaintiff argues these defenses lack adequate supporting facts. Plaintiff's arguments should be rejected.

### a.    First Affirmative Defense: Failure to State a Claim

Rule 12(b) directs a defendant to assert "every" defense—including, presumably, failure to state a claim upon which relief may be granted—in its responsive pleading, while also permitting a defendant to file a motion on certain grounds. Fed. R. Civ. P. 12(b) (requiring that "every" defense "must" be asserted in a responsive pleading, while noting some "may" be asserted in a motion). Further, Rule 12(h)(2) states that the defense of failure to state a claim may be raised in any pleading allowed or ordered under Rule 7(a), in a 12(c) motion, or at trial. *See also Garcia*, 918 F.3d at 1008 (confirming failure to state a claim upon which relief may be granted is "a defense which may be raised up and until the close of trial"). Indeed, Rule 8(b) does not delineate between defenses and affirmative defenses, instead referring only to "defenses" generally.

Notwithstanding the above, Apple acknowledges that there is authority—including from

this Court—for the proposition that failure to state a claim asserts a defect in Plaintiff's *prima facie* case and not an affirmative defense that needs to be included in an answer. *See, e.g., Izett*, 2018 WL 6592442, at *2; *but see, e.g., Kohler*, 280 F.R.D. at 567 (confirming negative defenses may be raised in an answer pursuant to Rule 8(b); emphasizing that Rule 12(b) permits defendants to assert such defenses "by motion or in the responsive pleading"; and reasoning "[t]he Court fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient"). To the extent the Court deems this defense unnecessary in an answer because it is not "affirmative," Apple reserves its right to assert Plaintiff's failure to state a claim at a future point in the case up to and through the close of trial.

### b.   Fourth, Eleventh, and Fourteenth Affirmative Defenses: At-Will, Good Faith, and Business Judgment

Plaintiff contends that Apple's fourth (at-will), eleventh (that it acted in good faith, no malice, and with reasonable grounds for believing its actions did not violate the law), and fourteenth (business judgment) defenses are legally invalid and insufficiently unsupported. Again, Plaintiff is wrong.

**First,** Plaintiff argues that these are legally invalid for a variety of reasons. *See* Mot. ¶¶ 69, 72, 85. But the starting point for all employment matters is at-will employment, a baseline that is embedded with the burden-shifting framework governing Plaintiff's retaliation and wrongful termination claims. Absent any showing that the termination was for unlawful reasons, Apple was entitled to terminate her at-will employment "at any time without cause, for any or no reason." *Guz v. Bechtel Nat'l Inc*., 24 Cal. 4th 317, 335 (2000) (internal quotations marks omitted); *see also Harris v. City of Santa Monica*, 56 Cal. 4th 203, 213 (2013) (defendant "asserted as an affirmative defense that it had legitimate, nondiscriminatory reasons to fire her as an at-will, probationary employee"). Plaintiff must prove that her termination was unlawful in light of these background principles.

As Plaintiff knows, these defenses relate to Apple's decision to terminate Plaintiff (an at-will employee) based on her unauthorized disclosure of confidential product-related information, and Apple's finding that she failed to cooperate and to provide accurate and complete information

during the investigatory process. *See* Dkt. No. 32-1, ¶ 523 (earlier complaint excerpting termination notice). Given the issues in this case, the defenses of at-will employment, good faith, and business judgment implicate issues similar to the second (causation), third (comparative fault), eighth (unclean hands, *in pari delicto*, and/or after acquired evidence), ninth (same decision), and tenth (business necessity) defenses—defenses Plaintiff concedes are permissible. As such, Apple appropriately asserted these defenses alongside those ones.

Plaintiff's quibbling to the contrary wastes the parties' and the Court's time, as they do nothing to change the fact that this case will turn on the reasons Apple terminated Plaintiff and whether those reasons were lawful. *Accord* Cal. Lab. Code § 1102.6 (if plaintiff proves *prima facie* case of whistleblower retaliation, burden shifts to employer to demonstrate "that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5"); *McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1528 (2013) (holding that "public policy does not protect deceptive activity during an internal investigation" and "[s]uch conduct is a legitimate reason to terminate an at-will employee"); *E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000) ("[W]hether to fire an employee for lying to the employer in the course of the business's conduct of an important internal investigation is basically a business decision; this decision, as with most business decisions, is not for the courts to second-guess as a kind of super-personnel department.").

**Second,** these defenses are also sufficiently pled. Plaintiff knows Apple investigated her for unauthorized disclosure of Apple's confidential information—a fact she concedes in her Fifth Amended Complaint ("5AC") and that Apple admits in its Answer. *See* Dkt. 142, ¶ 178; Dkt. 183, ¶ 178. Plaintiff is also fully aware that Apple has policies regarding the treatment of confidential information and that Apple informed her that she was fired for violating these policies, and failing to cooperate into an investigation into her policy violations. *See* Dkt. 32-1, ¶ 523. As such, Plaintiff cannot plausibly contend that she is not on "fair notice" of the basis for Apple's assertion of these defenses. *Garcia*, 918 F.3d at 1008; *Izett,* 2018 WL 6592442, at *1.

**c.**    **Seventh Affirmative Defense: Offset to Prevent Double Recovery**

Plaintiff contends that Apple's defense of offset or setoff is both legally invalid and unsupported by sufficient factual allegations. *See* Mot. § V.F. But Plaintiff is wrong on both counts.

*First,* Plaintiff contends that this defense is not valid because *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny do not apply to whistleblower retaliation claims. Mot. ¶ 45. But this is immaterial, given that Plaintiffs also asserts a tort claim for wrongful termination and does not dispute that the principles of offset and double recovery are applicable to tort claims such as a wrongful termination claim. Any monies Plaintiff received from post-termination employment would be appropriately deducted from any lost earnings she seeks to recover from Apple. *See, e.g., Sanchez v. Master Prot., LP*, No. CV208472PSGRAOX, 2022 WL 2104519, at *2 (C.D. Cal. May 6, 2022) (in wrongful termination case, granting Defendants' request to instruct jury to deduct Plaintiff's post-termination earnings from any lost earnings award under the reasoning of *Martinez v. Rite Aid Corp.*, 63 Cal. App. 5th 958, 973-76 (2021)); *Martinez*, 63 Cal. App. 5th at 973 (wrongful termination recovery appropriately reduced if employer can prove offsetting mitigation).

*Second*, Apple has sufficiently pled this defense by alleging the "general terms" necessary to give Plaintiff "fair notice" of this defense. *Garcia*, 918 F.3d at 1008; *Izett,* 2018 WL 6592442, at *1. Plaintiff has fair notice that Apple's defense is based on any money received from any source after Plaintiff was terminated. Dkt. 183, p. 42, ¶ 7. Indeed, Plaintiff's critique that Apple did not reference her specific sources of post-termination income (*see* Mot. ¶ 46) illustrates she understands the basis for this defense and what discovery will be relevant to it. Plaintiff's understanding of this issue renders nonsensical her argument that "Apple aims to preserve the general right to offset Plaintiff's damages while avoiding discovery obligations or scrutiny that might undermine this defense." *Id.* ¶ 47. Apple is not avoiding any discovery obligations by asserting this defense. To the contrary, Apple has pled this defense to allow discovery and she clearly understands the type of discovery that will be required. While discovery may narrow or defeat this defense—just as discovery may narrow or defeat Plaintiff's claims—that is no basis to claim the defense is not appropriately asserted at the pleading stage.

#### d.    <u>Twelfth Affirmative Defense: Statute of Limitations</u>

Plaintiff's claim that Apple's statute of limitations defense is insufficiently pled (*see* Mot. § V.H.) is contrary to Ninth Circuit precedent. A plaintiff has fair notice of a statute of limitations defense provided she is informed of the defense and the statute upon which the defense relies. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Plaintiff's Motion admits that Apple provided fair notice under this standard. *See* Mot. ¶ 59; Dkt. No. 183, p. 43, ¶ 12. Apple has sufficiently pled this defense.

Plaintiff proceeds to misrepresent the statutes at issue when she asserts that the defense is "meritless." Mot. ¶ 59. California Code of Civil Procedure sections 335.1, 338(a), and 340(a) govern the claims at issue; her misstatements to the contrary should be rejected (and arguably themselves violate Rule 11).

**Section 335.1**: Plaintiff misrepresents this section as limited to personal injury torts. Not so. This section provides a two-year limitations period for an action alleging injuries caused by the wrongful act of another and is the applicable statute governing Plaintiff's wrongful termination in violation of public policy (*Tameny*) claim. *See Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1382 (2015).

**Section 338(a)**: Contrary to Plaintiff's suggestion that this section is limited to claims sounding in fraud, it provides a three-year limitations period for any "action upon a liability created by statute, other than a penalty or forfeiture" and is the applicable statute of limitations for her three retaliation claims, each of which was "created by statute." *See* Dkt. 142 at pp. 47-48 (Count Two: Cal. Labor Code § 1102.5), pp. 48-49 (Count Three: Cal. Labor Code § 6310), pp. 49-52 (Count Four: Cal. Labor Code § 98.6).

**Section 340(a)**: This section does not apply to written contract claims, as Plaintiff wrongly asserts. Mot. ¶ 59. Instead, this section provides a one-year limitations period for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation." Cal. Civ. Proc. Code § 340(a). Plaintiff seeks civil penalties based on California Labor Code provisions that do not contain a different limitations period. *See* Dkt. No. 142, p. 77 (seeking "[a] civil penalty of $10,000

1  per employee for each violation of Cal.Lab.C. § 98.6 and § 1102.5"). Thus, Section 340(a)'s

2  limitations period is clearly material to Plaintiff's claims for civil penalties.

3            e.      **Fifteenth Affirmative Defense: Workers' Compensation**
                      **Exclusivity**

4

5            Plaintiff contends that this affirmative defense is unavailable because, according to her,

6  California Supreme Court precedent establishing worker's compensation as the exclusive remedy

7  for injuries arising in the course of employment is categorically inapplicable to claims brought

8  under California's whistleblower statutes. *See* Mot. at ¶¶ 61-62 (citing *Shoemaker v. Myers*, 52 Cal.

9  3d 1, 25 (1990) and *Cabesuela v. Browning-Ferris Industries of Cal., Inc.*, 68 Cal. App. 4th 101,

10  113 (1998)). But as *Shoemaker* confirms, worker's compensation exclusivity can apply if a plaintiff

11  attempts to predicate her whistleblower claim on something ***other than*** violation of an express

12  statute or fundamental public policy. *See* 52 Cal. 3d at 25 (finding intentional infliction of emotional

13  distress claim preempted by worker's compensation exclusivity even when the conduct was based

14  on the same facts as a whistleblower claim); *see also Miklosy v. Regents of Univ. of California*, 44

15  Cal. 4th 876, 903 (2008) (affirming rule). In this case, Plaintiff's sprawling theories of liability have

16  been a moving target. Accordingly, Apple appropriately asserted this defense in its answer as it

17  may bar Plaintiff's remaining non-statutory *Tameny* claim, depending on how she ultimately

18  chooses to litigate it—for example, to the extent she continues to improperly try to tether her

19  remaining claims to facts supporting the toxic tort claims this Court has dismissed.

20            Alternatively, Apple alleged as part of this defense that "it may be entitled to a setoff for

21  any amounts paid to Plaintiff pursuant to the California Workers' Compensation Act." Dkt. No.

22  183, p. 43, ¶ 15. This is an appropriate independent basis for asserting the defense. *See Adams Fruit*

23  *Co. v. Barrett*, 494 U.S. 638, 650-51 (1990) (agreeing that even where worker's compensation

24  exclusive remedy is inapplicable, award of actual damages can be offset by benefits received under

25  state workers' compensation law).

26            **2.      Plaintiff's Attacks on Admittedly Valid Defenses Also Fail.**

27            Plaintiff does not dispute that the following defenses are proper affirmative defenses, but

28  argues solely that Apple has failed to allege sufficient facts to support them: second (causation),

third (comparative fault), fifth (consent), sixth (failure to mitigate), eighth (unclean hands, *in pari delicto*, and/or after-acquired evidence), ninth (same decision), tenth (business necessity), and thirteenth (constitutional limits on punitive damages). *See* Mot. §§ V.E, V.G, V.J, V.K, V.L, V.N, V.O. Again, Plaintiff is wrong, as she has "fair notice" of the bases for Apple's assertion of these defenses. *Garcia*, 918 F.3d at 1008; *Izett,* 2018 WL 6592442, at *1.

### a.  Second, Third, Eighth, Ninth, and Tenth Affirmative Defenses: Defenses Arising From Plaintiff's Unauthorized Disclosure of Apple's Confidential Information

Multiple defenses Plaintiff challenges as unsupported by facts are based on Plaintiff's unauthorized disclosure of Apple's confidential information and her lack of candor/cooperation during Apple's investigation. As detailed above, Plaintiff knows Apple investigated her for unauthorized disclosure of Apple's confidential information and that Apple informed her that she was terminated for that reason (as well as failing to participate in the resultant investigation). *See* Dkt. 32-1, ¶ 523; Dkt. 142, ¶ 178; Dkt. 183, ¶ 178. As such, Plaintiff cannot plausibly contend that she does not have "fair notice" for Apple's assertion of its second (causation), third (comparative fault), eighth (unclean hands, *in pari delicto*, and/or after acquired evidence), ninth (same decision), and tenth (business necessity) defenses.

### b.  Fifth Affirmative Defense: Consent [4]

Plaintiff's suggestion that Apple has not adequately pled a basis for the affirmative defense of consent is belied by the allegations in her 5AC and Apple's answer thereto. In the operative complaint, Plaintiff alleges she did not consent to Apple's use of the Gobbler application on her phone. Dkt. No. 142, ¶ 218. In its Answer, Apple denied this allegation and further alleged that "[p]rior to using Gobbler app, Plaintiff signed a User Study Informed Consent, which explained that her decision to participate in the study was completely voluntary. The User Study Informed Consent informed her that the app would capture photos and video while she interacted with her phone and that she would be able to review each capture and decide whether to remove it." Dkt. No. 183, ¶ 218. Apple has pled sufficient facts supporting this affirmative defense.

---

[4] In Section V.J of Plaintiff's Motion also argues that waiver, estoppel, and laches are also insufficiently pled; however, Apple did not assert those defenses.

### c.    <u>Sixth Affirmative Defense: Failure to Mitigate</u>

According to Plaintiff, Apple must apparently plead every conceivable fact relevant to the affirmative defense of failure to mitigate—even prior to discovery through which Plaintiff would be required to inform Apple of post-employment sources of income—in order to meet the *Twombly*/*Iqbal* standard. *See* Mot. ¶¶ 36-37 ("Apple's Answer fails to identify any actual job Plaintiff allegedly turned down, when or where suitable employment was available, or any facts showing Plaintiff's failure to mitigate."). Not so. Plaintiff is on fair notice (*via* this defense and the companion seventh defense (offset)) that her failure to seek, accept, or maintain comparable employment what is at issue in this defense—as the arguments in her Motion make evidence.

### d.    <u>Thirteenth Affirmative Defense: Constitutional Limits on Punitive Damages</u>

Plaintiff also faults Apple for asserting an affirmative defense to any punitive damages award in this case that might be violative of due process, equal protection, and other constitutional provisions. *See* Mot. ¶ 86. But the only two cases she cites in support of her argument that this defense must be "supported by specific factual allegations" say no such thing; indeed, they do not even ***mention*** any of these constitutional provisions. *See* Section III.A.3, *supra.* Apple appropriately asserted that the punitive damages Plaintiff seeks are excessive and inconsistent with applicable law, including because Plaintiff herself made clear the exorbitant relief she seeks. *See, e.g.,* Dkt. 32-2, ¶¶ 1587-1618.

### C.    <u>The Challenged Statements That Are Not Affirmative Defenses Are Also Appropriate.</u>

Apart from insufficient defenses, courts may also strike "redundant, redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff has neither argued nor established that the additional statements she challenges meet this standard.

### 1.    <u>Apple's Reservation of Rights Was Proper.</u>

Plaintiff contends that Apple's reservation of rights should be stricken because it is "not a proper affirmative defense. Mot. ¶ 76. But Apple did not assert any affirmative defense on these grounds. Its Answer simply made clear that it may have "additional, as yet unstated, defenses

1    available" and "reserve[d] the right to assert additional defenses in the event discovery indicates it

2    would be appropriate to do so." Dkt. No. 183, p. 43, ¶ 16. This was entirely appropriate and

3    Plaintiff's motion directed at this statement is meritless. *See* Fed. R. Civ. P. 12(h)(2) (outlining host

4    of defenses that may be raised at any point in a case up to and including "at trial").

5            **2.    References in Apple's Answer to Government Actions Not Having**
              **"Preclusive Effect" in This Litigation Are Appropriate Given Plaintiff's**
6            **Allegations.**

7            Plaintiff also seeks to strike some number of unspecified references in Apple's Answer to

8    government actions not having "preclusive effect," contending that such "mention[s] are "irrelevant

9    and improper." Mot. ¶ 28. However, Rule 12(f) authorizes courts only to strike matter that is

10   "impertinent or immaterial." To demonstrate that standard is met, Plaintiff would have to show that

11   any such reference "has no essential or important relationship to the claim for relief pleaded" and

12   "does not pertain and is not necessary to the issues in question in the case." *Barnes*, 718 F. Supp.

13   2d at 1170. She has not done so.

14           Plaintiff's Motion on this issue is premised on the argument that "Plaintiff never alleged

15   that the government's actions, such as investigations or enforcement, have any preclusive effect on

16   the claims at issue here." Mot. ¶ 28. While Apple agrees that the government actions have no

17   bearing on the merits of Plaintiff's claims, Apple asserted these defenses because ***Plaintiff***

18   repeatedly (and wrongly) suggests in her 5AC that one or more government agencies has already

19   made a final decision in one or more separate administrative matters she contends are relevant to

20   her claims in this case. Because Plaintiff (wrongly) suggests in her complaint that administrative

21   proceedings have already decided issues before this Court, Apple was well within its rights to deny

22   those insinuations outright.

23           For example, Plaintiff's contemporaneously filed Request for Judicial Notice argues that

24   "[t]he terms of the NLRB settlement agreement are directly relevant to the present litigation, as

25   they address Apple's employment policies, non-disclosure agreements (NDAs), and confidentiality

26   provisions—the very issues in dispute before this Court." Dkt. No. 194, ¶ 6. Plaintiff made similar

27   allegations in the 5AC in each paragraph to which Apple asserted there is no "preclusive effect."

28   *See* Dkt. No. 142, ¶¶ 8, 97 n.20, 173 n.30, 194, 201, 202, 203, 208 n.44, 230 n.46; Dkt. No. 183 ¶¶

8, 97, 173, 194, 201, 202, 203, 208, 230 (Apple's responses to these paragraphs asserting that the referenced proceedings have no "preclusive effect"). Plaintiff cannot trumpet that those proceedings are "directly relevant" to her claims here and then be heard to complain when Apple's answer denies that is so.

Plaintiff speaks out of both sides of her mouth on this issue, though. While the pleadings and paragraphs referenced above suggest Plaintiff believes there is a direct overlap between proceedings, in this Motion Plaintiff admits that her "claims are not based on the idea that the government's actions have binding legal effect on this case." Mot. ¶ 29. Apple agrees with **this** **version** of Plaintiff's position—namely, that references to any action taken by a government agency in response to her separate complaints in separate proceedings "serves only to distract from the relevant issue of whether Plaintiff's protected conduct led to unlawful retaliation." *Id*. ¶ 31. However, as it stands, the Court should not strike Apple's references in its Answer to government agency action not having "preclusive effect" where Plaintiff is the one who sought to put government agency action at issue (even though it is, as she admits, immaterial and impertinent to her claims here).

### D.    Apple's Prayer for Relief Is Proper.

Plaintiff insists that the entirety of Apple's prayer for relief should be stricken because Apple "has not filed any counterclaims or made any claims for affirmative relief." Mot. § V.P, ¶ 87. But Plaintiff has not cited any case law holding that a prayer for relief in an answer is improper; Apple has not located any either. Moreover, Apple has pled affirmative defenses which, if proven by Apple, permit the relief requested (*i.e.*, judgment in its favor and dismissal with prejudice).

As to the attorney's fee request, Apple agrees that it is unlikely to recover attorney's fees against Plaintiff solely based on her four remaining claims (which lack two-way fee shifting), even if Apple prevails fully at summary judgment or at trial. However, Plaintiff's remaining claims do not cabin Apple's right to recover attorney's fees on other available bases. For example, the Rules authorize recovery of attorney's fees for frivolous actions, pleadings, and motions, as well as conduct that is intended to delay and increase the costs of litigation. *See* Fed. R. Civ. P. 11(c). Plaintiff has repeatedly pursued claims that are frivolous and have been dismissed by this Court,

and continues to improperly seek remedies for those dismissed claims through her remaining claims. Further, she has repeatedly violated the page limit rules of this Court and continues to do so despite this Court's admonitions to stop. She flatly ignores Rule 11 by littering her filings with quotations that are not contained in cases, misrepresentations of the holdings of cases, and citations to cases that do not exist. While there are certain leniencies afforded to a pro se plaintiff, at some point the scale must tip in Apple's favor on its right to recover fees incurred defending her serial frivolous motion practice and her insistence to litigate dismissed claims, which serves only to impose unnecessary expense and delay resolution of this matter once and for all. Apple has properly pled its right to recover attorney's fees for such issues.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Apple respectfully requests the Court deny Plaintiff's Motion, and leave to amend if the Court were to grant any portion of the Motion.

Dated: April 10, 2025                ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ Melinda S. Riechert_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.