JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

*[Additional counsel on following page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date: June 12, 2025<br>Time: 10:30 AM PST<br>Dept: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

1  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1152 15th Street, N.W.
3  Washington, D.C. 20005-1706
   Telephone:   +1 202 339 8400
4  Facsimile:   +1 202 339 8500

5  Attorneys for Defendant Apple Inc.

TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. ARGUMENT .................................................................................................................... 2
    A. Plaintiff's Motion Is Not Procedurally Proper .......................................................... 2
    B. Plaintiff's Motion Attempts to Flout the Page Limit for Her Companion Motion to Strike ...................................................................................................... 2
    C. Plaintiff's Motion Violates Rule 11 ........................................................................ 3
        1. Citing Cases That Do Not Exist (at Least 3 Instances) ............................... 4
        2. Citing Quotes That Do Not Exist (at Least 9 Instances) ............................. 4
        3. Plainly Misrepresenting Case Holdings (at Least 5 Instances) ................... 6
    D. The Motion Also Fails on the Merits ...................................................................... 7
        1. Plaintiff Is Improperly Attempting to Resolve Merits Issues Prior to Discovery ..................................................................................................... 7
        2. Plaintiff Does Not Identify Any Additional Details Required to Cure Any Alleged Pleading Defect ................................................................ 8
            a. Plaintiff Does Not Identify Any Paragraphs That Include Purportedly Impermissible "Blanket Denials." ............................... 9
            b. Plaintiff Does Not Identify Any Denials Made in "Bad Faith." ....................................................................................... 10
        3. Apple Was Not Required to Respond to Allegations That Relate Solely to Claims This Court Has Dismissed. ............................................. 11
III. CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beery v. Hitachi Home Elecs. (Am.), Inc.*,
  157 F.R.D. 477 (C.D. Cal. 1993) ................................................................................................ 8

*Bozeman v. Per-Se Techs., Inc.*,
  2006 WL 8431279 (N.D. Ga. May 23, 2006) ............................................................................ 12

*Bradshaw v. Hilco Receivables, LLC*,
  725 F. Supp. 2d 532 (D. Md. 2010) ............................................................................................ 5

*Castillo v. Norton*,
  219 F.R.D. 155 (D. Ariz. 2003) .................................................................................................. 8

*Cellars v. Pacific Coast Packaging, Inc.*,
  189 F.R.D. 575 (N.D. Cal. 1999) ....................................................................................... 4, 5, 6

*E.E.O.C. v. Alia Corp.*,
  842 F. Supp. 2d 1243 (E.D. Cal. 2012) ...................................................................................... 8

*Erhart v. BofI Holding, Inc.*,
  612 F. Supp. 3d 1062 (S.D. Cal. 2020) ..................................................................................... 12

*Gillibeau v. City of Richmond*,
  417 F.2d 426 (9th Cir. 1969) ....................................................................................................... 8

*Ivar v. Elk River Partners, LLC*,
  705 F. Supp. 2d 1220 (D. Colo. 2010) ........................................................................................ 8

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................................................... 6

*Loucks v. Shorest, LLC*,
  282 F.R.D. 637 (M.D. Ala. 2012) ............................................................................................... 2

*MacNeill Eng'g Co. v. Trisport, Ltd.*,
  59 F. Supp. 2d 199 (D. Mass. 1999) ........................................................................................... 5

*Martinez v. Naranjo*,
  328 F.R.D. 581 (D.N.M. 2018) ................................................................................................... 9

*Mata v. Avianca, Inc.*,
  678 F. Supp. 3d 443 (S.D.N.Y. 2023) ........................................................................................ 3

*Mechigian v. Art Cap. Corp.*,
  639 F. Supp. 702 (S.D.N.Y. 1986) ........................................................................................... 11

*Media.net Advert. FZ-LLC v. NetSeer, Inc.*,
  156 F. Supp. 3d 1052 (N.D. Cal. 2016) ...................................................................................... 9

*Mountain Tobacco Co. v. State of New York*,
  953 F. Supp. 2d 385 (E.D.N.Y. 2013) .................................................................................. 5

*Nagel v. ADM Investor Servs., Inc.*,
  995 F. Supp. 837 (N.D. Ill. 1998) ........................................................................................ 6

*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
  578 F.3d 1154 (9th Cir. 2009) ............................................................................................. 8

*Est. of Prasad ex rel. Prasad v. Cnty. of Sutter*,
  958 F. Supp. 2d 1101 (E.D. Cal. 2013) ................................................................................ 8

*Punak v. Indoor Lab, LLC*,
  No. 8:23-CV-01775-DOC-KES, 2025 WL 819718, at *7 (C.D. Cal. Jan. 13,
  2025) ................................................................................................................................ 12

*Sevarit v. Colvin*,
  989 F. Supp. 2d 1210 (N.D. Ala. 2013) ............................................................................... 4

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ........................................................................................................ 6, 7

*Thigpen v. Anderson*,
  No. 1:24-CV-00214-KWR-SCY, 2024 WL 4527748 (D.N.M. Oct. 18, 2024) .................... 2

*Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.*,
  No. 07-CV-1047, 08-CV-0245, 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008) .................. 7

*Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.*,
  313 F. Supp. 2d 648 (N.D. Tex. 2004) ................................................................................ 2

**Federal Rules**

Fed. R. Civ. P. 7(a)(7) ............................................................................................................... 2

Fed. R. Civ. P. 8 ....................................................................................................................... 7

Fed. R. Civ. P. 11 ..................................................................................................... 1, 3, 7, 13

Fed. R. Civ. P. 12(e) ........................................................................................................ *passim*

Fed. R. Civ. P. 12(f) ............................................................................................................. 2, 5

Fed. R. Civ. P. 54(b) .......................................................................................................... 11, 12

Fed. R. Evid. 902(5) ............................................................................................................... 10

## I. INTRODUCTION

Plaintiff's Motion for a More Definite Statement regarding Apple's Answer should be denied. Indeed, Plaintiff seeks an order requiring Apple to amend *every* paragraph of its Answer. *See* Mot. ¶ 69. But the Motion is procedurally improper because a motion for a more definite statement under Rule 12(e)[1] is not properly directed against an answer to a complaint where, as here, the court has not ordered any reply to the answer. It should be denied on this basis alone. The Motion also violates applicable rules, and flouts this Court's admonitions to adhere to page limits, because it does not ask for a more definite statement. Instead, Plaintiff uses this Motion to make additional arguments in additional pages in support of Plaintiff's companion motion to strike Apple's Answer; it should be denied on this basis as well.

Plaintiff's Motion also violates Rule 11 by citing cases that do not exist, citing quotes that do not exist, and misrepresenting case holdings. While Plaintiff admits to using artificial intelligence ("AI") to prepare her briefs, this does not excuse her from confirming the accuracy of the cases she cites to the Court. Her failure to do so wastes Apple's time and the time of the Court attempting to locate and verify the accuracy of the cases Plaintiff cites.

Plaintiff's Motion is also substantively deficient because, as the detailed arguments in her Motion make clear, Plaintiff is attempting to resolve merits issues prior to discovery. Where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied. Moreover, contrary to Plaintiff's claim, Apple's denials are not vague. She simply disagrees with Apple's denials based on her version of the underlying facts and incidents.[2] That is not a basis to require Apple to plead more or differently. Nor does Plaintiff identify the details desired from the more definite statement, as is required for a Rule 12(e) motion.

Plaintiff's Motion makes no attempt to satisfy her burden on a Rule 12(e) motion to (i) specifically identify the allegedly deficient denials and (ii) explain what additional information

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] For example, Plaintiff complains that Apple denied due to lack of information or knowledge "what type of law [Plaintiff] hoped to practice," because she insists that Apple knew she was enrolled in Employment Discrimination and Labor Law courses in law school. Mot. ¶ 30.

- 1 -

4123-4803-5675

DEF.'S OPP. TO PLAINTIFF'S MOTION FOR
MORE DEFINITE STATEMENT
[23-CV-4597-EMC]

is necessary to eliminate any vagueness or uncertainty. Instead, Plaintiff largely devotes her supposed Rule 12(e) motion to arguing that Apple's denials should be stricken—which amounts to an improper attempted end-run around the page limits for her contemporaneously filed 25-page Rule 12(f) Motion to Strike, conduct for which the Court has admonished Plaintiff in the past. The Court should deny this frivolous motion.

## II. ARGUMENT

### A. Plaintiff's Motion Is Not Procedurally Proper.

A motion for a more definite statement under Rule 12(e) is only properly directed at "a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added). But no response to an answer is required—or even permitted—unless specifically ordered by the court. *See* Fed. R. Civ. P. 7(a)(7). Plaintiff's motion for a definite statement is procedurally improper; it fails before it leaves the gate and should be denied on that basis alone. *See Thigpen v. Anderson*, No. 1:24-CV-00214-KWR-SCY, 2024 WL 4527748, at *5 (D.N.M. Oct. 18, 2024) ("Where there is no counterclaim to which Plaintiff may respond, the Rules preclude Plaintiff from moving for a more definite statement."); *Loucks v. Shorest, LLC*, 282 F.R.D. 637, 640 (M.D. Ala. 2012) ("[A] Motion for More Definite Statement is not available relief in response to an Answer[.]"); *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.,* 313 F. Supp. 2d 648, 653 (N.D. Tex. 2004) (Rule 12(e) "inapplicable" to affirmative defenses in answer).

### B. Plaintiff's Motion Attempts to Flout the Page Limit for Her Companion Motion to Strike.

Even if a Rule 12(e) motion were procedurally proper here (it is not), Plaintiff fails to "point out the defects complained of and the details desired" to cure the alleged vagueness, as is required by Rule 12(e). Instead of raising proper issues for a Rule 12(e) motion, *every* argument in Plaintiff's 17-page Motion asks the Court to strike portions of Apple's Answer, notwithstanding that she contemporaneously filed a 25-page Motion to Strike. *See* Dkt. No. 192. The Court has repeatedly had to admonish Plaintiff to respect the applicable page limits. *See, e.g.*, Dkt. No. 112 at 5, n.2 (exhibits to declaration from Plaintiff "are more in the nature of attorney argument" and "arguably

1   reflect an attempt on the part of Ms. Gjovik to get around the page limits on briefing"), Dkt. No.
2   137 at 2 (finding Plaintiff "manipulated the formatting" in her amended complaint to manufacture
3   appearance of adherence to Court-imposed page limit, and that these "formatting changes were
4   intentionally made and in bad faith"), Dkt. No. 179 at 4-5 (noting Plaintiff's "oversized opposition"
5   and "forewarn[ing]" Plaintiff "that, in the future, she must comply with all deadlines, page limits,
6   and/or other rules or orders, just as any litigant before this Court must" and that the Court "will no
7   longer excuse her compliance with the rules"), Dkt. No. 181 at 1 n.2 (finding Plaintiff again flouting
8   page limits, this time for exhibits to discovery letter briefs). Plaintiff's deliberate attempt to
9   circumvent the rules by incorporating additional arguments supporting her motion to strike into this
10  Motion should be rejected by the Court.

   C.   **Plaintiff's Motion Violates Rule 11.**

12      Parties in federal court, including an unrepresented party like Plaintiff, are bound by Rule
13  11. This Rule entails that, when filing, Plaintiff is certifying to the court that the legal contentions
14  presented in her briefs are "warranted by existing law or by a nonfrivolous argument for extending,
15  modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). That
16  certification must be made "to the best of the person's knowledge, information, and belief, formed
17  after an inquiry reasonable under the circumstances." *Id.* However, Plaintiff's reliance on artificial
18  intelligence ("AI") to draft her briefs without confirming their accuracy has resulted in continued
19  misrepresentation of the law to this Court. This continued misconduct does harm to Apple, this
20  Court, and courts more generally. *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448-49 (S.D.N.Y.
21  2023) (describing just some of the harms flowing from "the submission of fake opinions" as
22  wasting time and money, damaging the reputations of the judges and courts whose names are falsely
23  invoked as authors of bugs opinions, and promoting cynicism about the legal profession and
24  American judicial system); *see also* Apple's Opposition to Plaintiff's companion Motion to Strike,
25  filed concurrently herewith, at Section III.A.

26      Plaintiff's latest flurry of filings is no exception. For example, this Motion contains **at least**
27  the following citations that violate Rule 11:

28

1. **Citing Cases That Do Not Exist (at Least 3 Instances)**

- Mot. ¶ 52: Plaintiff argues that "[i]n *Rutz v. 3M Co.*, 989 F. Supp. 2d 1214 (C.D. Cal. 2013), the court held that when documentary evidence directly contradicts a party's denial, the denial must be struck as a matter of law." There is no case at this citation. Instead, this is a pin cite for the case *Sevarit v. Colvin*, 989 F. Supp. 2d 1210 (N.D. Ala. 2013), which is a review of a disability denial by the Social Security Administration that has nothing to do with the proposition asserted by Plaintiff. Nor has counsel been able to locate any case titled *Rutz v. 3M Co.* in the Central District of California.

- *Id.* ¶ 55: Plaintiff's contends that "[i]n *Donaldson v. Liberty Mutual Ins. Co.*, 2010 WL 11669832 (C.D. Cal. Jan. 21, 2010), the court imposed sanctions when a party made a false denial of facts that were contradicted by documentary evidence." Counsel has not been able to locate any case for this citation. While there is a 1996 case titled *Donaldson v. Liberty Mutual Ins. Co.* out of the District of Hawaii, that case does not involve court-imposed sanctions or any discussion about false denials of facts that were contradicted by documentary evidence; instead, that case related to a motion for reconsideration of an order granting partial judgment on the pleadings. *See* 947 F. Supp. 429, 433 (D. Haw. 1996).

- *Id.* ¶ 61: Plaintiff asserts that "[i]n *United States v. Bounds*, 2007 WL 2325895 (E.D. Va. Aug. 10, 2007), the court noted that when a government agency is the source of a document, the burden lies with the opposing party to prove that the document is inaccurate, rather than merely making unsubstantiated claims." Counsel has not been able to locate any case for this citation. While Apple has found numerous cases titled *United States v. Bounds*, none of these is from the Eastern District of Virginia in 2007.

2. **Citing Quotes That Do Not Exist (at Least 9 Instances)**

- *Id.* ¶ 7: Plaintiff quotes *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) as stating, "Rule 12(e) serves to prevent parties from being unfairly surprised by vague pleadings and to expedite the pretrial process by requiring clarification at the outset." This quote does not appear in *Cellars* (which evaluated a Rule 12(e) motion directed at a complaint and brought by a defendant).

- *Id.* ¶ 7: Plaintiff represents *Bradshaw v. Hilco Receivables*, LLC, 725 F. Supp. 2d 532, 535 (D. Md. 2010) as stating "[a] denial of knowledge is inappropriate where a party has access to the information or has refused to investigate." This quote does not appear in *Bradshaw* and the case says nothing about a defendant's purported refusal to investigate. *Bradshaw* addressed a Rule 12(f) motion to strike defenses, not a Rule 12(e) motion challenging denials. Indeed, counsel have been unable to locate this quote in any case.

- *Id.* ¶ 10: Plaintiff again quotes *Cellars*, this time as stating, "[a] motion for a more definite statement is appropriate where the complaint—or here, a defense—is so vague or ambiguous that the opposing party cannot reasonably prepare a response." This quote does not appear in *Cellars*, or in any case counsel have located—likely because a motion for a more definite statement of an answer's denials is procedurally improper.

- *Id.* ¶ 12: Plaintiff again quotes *Bradshaw* as stating, "[c]ourts routinely grant Rule 12(e) motions when defendants assert denials by pleading ignorance as to matters that are clearly within their knowledge." This quote does not appear in *Bradshaw*, nor does *Bradshaw* address the concept of a defendant asserting denials by pleading ignorance.

- *Id.* ¶ 13: Plaintiff again quotes *Cellars* and *Bradshaw* for the proposition that the Rule 12(e) standard "is particularly apt where the responding party has 'exclusive access' to the facts at issue but pleads ignorance in a manner that impairs the fair progress of the case." Neither case says anything about "exclusive access" to facts or a party's knowledge.

- *Id.* ¶ 14: Plaintiff quotes *Mountain Tobacco Co. v. State of New York*, 953 F. Supp. 2d 385, 410 (E.D.N.Y. 2013) as stating, "[a] denial of knowledge is inappropriate where the party has access to the information or has refused to investigate." This quote does not appear in *Mountain Tobacco*. Further, this case relates to a discovery issue and has nothing to do with a defendant's denials at the pleading stage, pre-discovery.

- *Id.* ¶ 15: Plaintiff represents that *MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 202 (D. Mass. 1999) states, "Rule 12(e) is appropriate when a denial is so cryptic or inconsistent that the pleading party cannot respond." But *MacNeil* relates to the denial of a motion for leave to amend a complaint; it does not address Rule 12(e), answers, or denials;

and it does not contain this quote. It is also not "from this District," as Plaintiff claims earlier in the paragraph.

- <u>Id.</u> ¶ 17: Plaintiff quotes *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 846 (N.D. Ill. 1998) as stating, "[a] denial is not a license to obfuscate." This quote does not appear in *Nagel*—which in any event relates to a motion to dismiss (not a Rule 12(e) motion)—nor in any case counsel has been able to locate.

- <u>Id.</u> ¶ 31: Plaintiff quotes *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), as stating "[e]ven if claims are dismissed, underlying factual allegations remain relevant if they support a theory that survives dismissal." This quote does not appear in *Kearns*. Indeed, counsel have been unable to locate this quote in any case. Nor was *Kearns* about this issue; instead, the Ninth Circuit in *Kearns* upheld the dismissal of a complaint that failed to adequately plead fraud.

### 3.   **<u>Plainly Misrepresenting Case Holdings (at Least 5 Instances)</u>**

- <u>Id.</u> ¶ 15: Plaintiff again cites *Cellars* for the proposition that "Courts in this District have granted Rule 12(e) relief where a defendant's denials are implausible, evasive, or obstruct the plaintiff's ability to frame discovery or determine the scope of factual disputes." *Cellars* does not support this proposition because *Cellars* involved a challenge to the complaint, not a challenge to an answer.

- <u>Id.</u> ¶ 16: Plaintiff again cites *Kearns* for the proposition that "[f]ederal pleading rules require a response to all factual allegations." However, *Kearns* was an appeal of a dismissal of a fraud claim where the plaintiff failed to plead fraud with particularity, and has nothing to do with responding to a complaint.

- <u>Id.</u> ¶ 39: Plaintiff cites a U.S. Supreme Court case—*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)—for the proposition that "California courts have consistently held that a defendant cannot avoid responding to allegations of protected conduct merely because related claims have been dismissed." But again, the cited case does not contain the suggested holding. In *Swierkiewicz*, the U.S. Supreme Court overturned the dismissal of a discrimination case, finding that Rule 8 only requires a short plain statement of the claim

showing entitlement to relief. That holding and the case more generally has nothing to do with answering allegations in a complaint.

- *Id.* ¶ 46: Plaintiff claims that "in *Thompson v. Ret. Plan for Employees of S.C. Johnson Sons, Inc.*, 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008), the court noted that the failure to provide specific, fact-based responses violates the Rule 8 requirement." However, *Thompson* does not support Plaintiff's interpretation of Rule 8. Instead, *Thompson* confirmed that Rule 8 requires an answering party to either admit, deny, or assert the party lacks knowledge or information sufficient to form a belief about the truth of the allegation. *See* No. 07-CV-1047, 08-CV-0245, 2008 WL 5377712, at *1. And the *Thompson* court expressly ***rejected*** the plaintiff's argument challenging a denial as improper based on his claim that the defendant must have information and knowledge necessary to form a belief, instead holding that "the court cannot determine on the basis of the pleadings that the defendant can definitely 'form a belief.'" *Id.* at *3.

- *Id.* ¶ 47: Plaintiff brings back *Swierkiewicz*, this time contending that "the Supreme Court explained that knowledge imputed to an employer or its agents can be inferred from their actions, communications, or involvement in the relevant facts." Not surprisingly, *Swierkiewicz* says nothing about imputing knowledge to an employer or its agents.

Again, this is not Plaintiff's first foray into improperly misquoting cases, misrepresenting the holdings of cases, or citing cases that do not exist. *See* Dkt. No. 152 at 12 n.8 (Apple pointing out AI hallucinations submitted by Plaintiff), Dkt. No. 167 at 11-12 (same); Dkt. No. 198 at 12 n.6 (same). Plaintiff is bound by Rule 11, and this Court should deny the Motion based on Plaintiff's repeated misrepresentations and her failure to support her arguments with valid legal authority.

### D. The Motion Also Fails on the Merits.

#### 1. Plaintiff Is Improperly Attempting to Resolve Merits Issues Prior to Discovery.

Even if a Rule 12(e) motion could be properly directed at the Answer—and it plainly cannot—Plaintiff's motion would still fail. The legal standard on a Rule 12(e) Motion is simple and clear. The moving party must "point out the defects complained of and the details desired" to

eliminate the alleged vagueness such that she can respond to the pleading. Fed. R. Civ. P. 12(e). Here, instead of attempting to argue consistent with the applicable legal standard, Plaintiff improperly packages her second motion to strike as a Rule 12(e) motion in a misguided attempt to resolve merit issues at the pleadings stage. This is not a proper use of a Rule 12(e) motion. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1160 (9th Cir. 2009) (where resolving claim "requires a highly fact-sensitive inquiry, the better practice is to resolve it on summary judgment, after full discovery").

Instead, "[i]f the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *See Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993); *see also E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) ("Where the complaint is specific enough to appraise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied."); *Castillo v. Norton*, 219 F.R.D. 155, 163-64 (D. Ariz. 2003) ("Where the information sought is available through the discovery process, a Rule 12(e) motion should be denied."). The rationale for this is simple: "A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail." *Beery*, 157 F.R.D. at 480. Accordingly, Rule 12(e) motions are "viewed with disfavor and are rarely granted." *E.E.O.C.*, 842 F. Supp. 2d at 1250. The Court should view this Motion with similar disfavor.

### 2. Plaintiff Does Not Identify Any Additional Details Required to Cure Any Alleged Pleading Defect.

"A Rule 12(e) motion that does not identify the details desired from the more definite statement is neither 'effective' nor 'in compliance with Rule 12(e).'" *Est. of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1124-25 (E.D. Cal. 2013) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 & n. 5 (9th Cir. 1969)); *see also Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1231 (D. Colo. 2010) (denying motion for more definite statement when defendant failed to "point out the defects complained of and the details desired" in the complaint). And orders granting such motions are "ordinarily restricted to situations where a pleading suffers

from unintelligibility rather than want of detail." *Media.net Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1075 (N.D. Cal. 2016) (citations omitted); *see also Martinez v. Naranjo*, 328 F.R.D. 581, 593 (D.N.M. 2018) ("A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading, rather than to correct inaccurate assertions, add precision, or flesh out a lack of detail.").

Even assuming her motion were not procedurally barred, and that a denial of an allegation can somehow be considered impermissibly "vague," Plaintiff would still need to identify the details required by Rule 12(e). But Plaintiff's motion does not identify any vagueness in the denials she challenges, nor does she explain the details required to eliminate purported vagueness in each and every one of the 256 paragraphs contained in Apple's Answer to Plaintiff's sprawling Fifth Amended Complaint ("5AC"). As the Motion makes clear, Plaintiff understands Apple's denials and simply disagrees them. *See generally* Mot. § IV. Her arguments to the contrary fail.

### a. Plaintiff Does Not Identify Any Paragraphs That Include Purportedly Impermissible "Blanket Denials."

Plaintiff challenges what she calls "blanket denials of facts," which she contends either are acknowledged in other portions of Apple's Answer or are beyond dispute. *See* Mot. § IV. However, Plaintiff does not explain how any specific denial is vague or identify what information is necessary to cure such vagueness. The handful of specifics Plaintiff does point to only demonstrate that her motion is improper.

In Section IV.A, the only example Plaintiff identifies relates to Apple's purported denial of Plaintiff's allegation that she "filed complaints with the California Labor Department." Mot. ¶ 21; *see id.* ¶¶ 43-45, 47, 49-50 (repeating the same arguments). Presumably, Plaintiff is referring to Apple's response to paragraph 194 of the 5AC. There, Plaintiff alleges that "[a]fter Apple fired Plaintiff, Plaintiff filed additional U.S. NLRB and California Department of Labor charges about Cook's email and Apple's non-disclosure agreements and other employment policies, charging they violated federal law." Dkt. No. 142, ¶ 194; *compare* Dkt No. 183 ¶ 194 (denying Plaintiff filed unspecified "California Labor Charges" after her termination due to lack of information and knowledge). Plaintiff does not explain how Apple's denial is vague or what details she contends

1  need to be included to cure any vagueness—because she cannot. Apple's response is neither vague
2  nor ambiguous.

3  Likewise, in Section IV.E, Plaintiff argues that Apple improperly provided a blanket denial
4  of Plaintiff's characterization of a statement Apple purportedly made to the Department of Labor
5  about attempting to have Plaintiff's Twitter posts removed. *See* Mot. ¶ 51. Plaintiff presumably is
6  referring to paragraph 212 of the 5AC, which alleges, "Apple continued to monitor her posts after
7  September 2021 (attempting to get Twitter to delete some of them, admitted in U.S. Department of
8  Labor filings)." Dkt. No. 142, ¶ 212. Apple denied this characterization (*see* Dkt. No. 183, ¶ 212),
9  as it was entitled to do. Plaintiff does not identify any vagueness in the response; this is because
10  she is improperly moving to strike Apple's response merely because she disagrees.

11  Similarly, in Section IV.F, Plaintiff quibbles with Apple's denial regarding a diagram she
12  included as Figure 2 of the 5AC (*see* Dkt. No. 142, ¶ 54), by positing that Apple's response "merely
13  asserts that a government diagram is 'inaccurate' without offering any substantive explanation."
14  Mot. ¶ 59. But again, Plaintiff does not identify any vagueness in this response or any information
15  necessary to cure the alleged vagueness. Nor does Plaintiff's reliance on Federal Rule of Evidence
16  902(5) (*see id.* ¶ 60) excuse her failure to satisfy Rule 12(e)'s standard. Apple did not predicate its
17  denial of Plaintiff's characterization based on the authenticity (or lack thereof) of any document.
18  Apple's response is not impermissibly vague and there is no basis to compel Apple to respond
19  differently.

20        **b.**    <u>**Plaintiff Does Not Identify Any Denials Made in "Bad Faith."**</u>

21  Plaintiff vaguely alludes to many denials in Apple's Answer that she contends should be
22  stricken because she believes they were made in "bad faith." *See* § Mot. V.B. Such arguments
23  should have been made (if at all) in Plaintiff's contemporaneously filed Motion to Strike, and are
24  not appropriate in this procedurally improper Rule 12(e) motion. They are also meritless.

25  The one paragraph Plaintiff identifies as an example of an allegedly "bad faith" denial
26  highlights the absurdity. Plaintiff asserts that Apple's denial of her allegation that she studied law
27  to become "a human rights lawyer" (Dkt. 142 ¶ 6) based on its lack of knowledge or information
28  as to "what type of law [Plaintiff] hoped to practice" is bad faith, because she insists Apple knew

she was enrolled in Employment Discrimination and Labor Law courses in law school. Mot. ¶ 30. But insisting that a defendant admit or deny what Plaintiff "hoped" is not appropriate. Indeed, it would be improper for Apple to claim to know this type of information about her mental state, which is purely within Plaintiff's purview.[3]

### 3. Apple Was Not Required to Respond to Allegations That Relate Solely to Claims This Court Has Dismissed.[4]

Plaintiff also insists that Apple was required to admit or deny allegations in her complaint that relate to claims this Court has already dismissed. *See* Mot. § IV.C. The lone quote she offers as supporting her view appears, as noted above, ***nowhere in the cited case nor in any case at all***. It is clear that notwithstanding the dismissal of many of her claims, Plaintiff will nonetheless keep attempting to litigate the merits of those claims. But Apple is not required to address, nor is Plaintiff entitled to continue to raise, claims and allegations that are no longer a part of this case and not before the Court. *See, e.g., Mechigian v. Art Cap. Corp.,* 639 F. Supp. 702, 704 (S.D.N.Y. 1986) (holding "it is unfair to require defendants to answer plaintiff's 95 page Amended Complaint paragraph by paragraph when the clear majority of the claims it asserts have already been dismissed," and limiting obligation to answer to "only those portions of the Amended Complaint which have not already been dismissed").

Contrary to Plaintiff's assertion, the allegations related to her dismissed claims do not also relate to "protected conduct based on dismissed toxic tort claims," nor are they relevant to the claims that remain. Mot. § IV.C. The allegations underlying those dismissed claims, if credited, purport to show that Apple committed various "toxic torts." In essence, Plaintiff wants to keep these dismissed allegations alive, apparently believing that she will be permitted to litigate before this Court the question of whether her complaints of unlawful activity were correct. This is the issue

---

[3] Moreover, the type of law Plaintiff "hoped" to practice is irrelevant and immaterial to the claims she brings in this case, and asking the Court to resolve this issue wastes judicial resources.

[4] Plaintiff is simultaneously making inconsistent arguments to this Court. In her Rule 54(b) Motion, Plaintiff states that her dismissed claims "are legally distinct and fully resolved, justifying Rule 54(b) certification." Dkt. No 189 at 9. However, in this Motion she asserts the factual allegations underlying her dismissed claims "remain directly relevant to the surviving retaliation causes of action" because they are "related to protected conduct." Mot. ¶¶ 31, 33. Plaintiff must pick a path and stay on it.

briefed to the Court on Plaintiff's Rule 54(b) Motion. *See* Dkt. No. 198.

The dismissed claims alleging "hazardous chemical exposures at Apple's facilities" and the remaining retaliation claims are factually and legally distinct, however, as Apple has consistently maintained (*see, e.g.*, Dkt. No. 145 at 13), and this Court's prior rulings suggest. *See, e.g.,* Dkt. No. 179 at 34 ("Based on the Court's rulings, Ms. Gjovik's case is essentially a retaliation case …"). Critically, **none** of Plaintiff's retaliation claims require her complaints to have been correct. Instead, the law is clear that Plaintiff must simply show a reasonable belief of a violation of law at the time she raised a complaint. *See Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1102 (S.D. Cal. 2020) (in retaliation case, "reasonable belief" is based on plaintiff's "understanding of [the purported issue] … at the time he formed this belief"); *Punak v. Indoor Lab, LLC*, No. 8:23-CV-01775-DOC-KES, 2025 WL 819718, at *7 (C.D. Cal. Jan. 13, 2025) (under Cal. Lab. Code § 1102.5, "the relevant inquiry is not whether the conduct 'actually violated' any specific statute or regulation, but whether the plaintiff '*reasonably believed* that there was a violation of a statute, rule, or regulation' at the time it was reported") (emphasis in original citation omitted). In other filings in this case, Plaintiff concedes as much. *See* Dkt. No. 189 at 10 (emphasis added) (in attempting to secure Rule 54(b) certification of dismissed claims, recognizing that "the merits of [her remaining retaliation claims] **do not hinge on whether the alleged toxic exposures actually occurred or caused harm**"). Thus, the merits of her dismissed claims are immaterial to Plaintiff's remaining claims and Apple is not required to respond to them. Any fact Plaintiff would learn through discovery about these dismissed claims cannot be used to establish her reasonable belief at the time her complaints were made; and the truth of Plaintiff's sweeping allegations about that conduct are not properly among the issues this case will consider.

Plaintiff's insistence that the factual allegations underlying her dismissed claims are relevant to establishing she engaged in protected activity (*see* Mot. ¶¶ 33-35) is also unavailing. While the fact that she complained to various people and agencies is relevant to establish her protected activity, discovery into whether the myriad violations of the law about which Plaintiff complained in fact occurred is simply irrelevant in this case. *See, e.g.*, *Bozeman v. Per-Se Techs., Inc.*, 2006 WL 8431279, at *1, 4 (N.D. Ga. May 23, 2006) (where plaintiff alleged retaliation for

reporting financial irregularities to the SEC and sought broad discovery into defendant's accounting practices and procedures, asserting that "such evidence would show … that [defendant] was motivated to silence the Plaintiff through retaliation," the court denied plaintiff's motion to compel because "***it is not [plaintiff's] place to litigate whether [the defendant], in fact, was involved in unethical conduct***") (internal quotations marks omitted) (emphasis added). Since Plaintiff's allegations tied to her dismissed claims are irrelevant to the remaining causes of action, no response was required. Insisting otherwise wastes the time of the parties and the Court, and in essence represents another attempt to challenge rather than accept this Court's orders dismissing those claims.

### III. **CONCLUSION**

For the foregoing reasons, Apple respectfully requests the Court deny Plaintiff's Motion in its entirety and again admonish Plaintiff regarding her obligations under Rule 11.

Dated: April 10, 2025                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Melinda S. Riechert*_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.