JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

*[Additional counsel on following page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>               Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>               Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date: June 12, 2025<br>Time: 10:30 AM PST<br>Dept: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant Apple Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     RELEVANT PROCEDURAL BACKGROUND ................................................... 1

III.    ARGUMENT ....................................................................................................... 3

    A.    Plaintiff's RJN Violates Rule 11 ............................................................... 3

        1.    Citing Cases That Do Not Exist (at Least 2 Instances) ................... 3

        2.    Plainly Misrepresenting Case Holdings (at Least 5 Instances) ........ 3

        3.    Failing to Provide Any Legal Citation at All (at Least 2 Instances) .......... 5

    B.    Plaintiff's RJN Is Immaterial. .................................................................. 6

    C.    Plaintiff's Attempt to Use an RJN to Compel Production of Documents Is
       Improper. ................................................................................................... 8

IV.    CONCLUSION ................................................................................................... 8

1

## TABLE OF AUTHORITIES

2

**Federal Cases**                                                                                       **Page(s)**

3

*In TSC Industries, Inc. v. Northway, Inc.,*
4      426 U.S. 438 (1976) ................................................................................................. 4

5    *In re Intel Corp. Microprocessor Antitrust Litig.,*
       562 F. Supp. 2d 606 (D. Del. 2008) ........................................................................ 4
6
     *Luv n' care, Ltd. v. Jackel Int'l Ltd.,*
7      502 F. Supp. 3d 1106 (W.D. La. 2020) .................................................................... 6

8    *N.L.R.B. v. Universal Camera Corp.,*
9      179 F.2d 749 (2d Cir. 1950), *aff'd,* 340 U.S. 474 (1951) ...................................... 4, 5

10   *Narayan v. EGL, Inc.,*
       616 F.3d 895 (9th Cir. 2010) ................................................................................... 5
11
     *Pacific Gas & Elec. Co. v. Lynch,*
12     216 F. Supp. 2d 1016 (N.D. Cal. 2002) ................................................................... 7

13   *Scalia v. Int'l Longshore & Warehouse Union,*
14     336 F.R.D. 603 (N.D. Cal. 2020) ............................................................................ 3

15   *Scalia v. Int'l Longshore & Warehouse Union,*
       337 F.R.D. 281 (N.D. Cal. 2020) ............................................................................ 3
16
     *Universal Camera Corp. v. N.L.R.B.,*
17     340 U.S. 474 (1951) ............................................................................................. 4, 5

18   **State Cases**

19   *Morillion v. Royal Packing Co.,*
       22 Cal. 4th 575 (2000) ............................................................................................ 5
20
     **Statutes**
21
     29 U.S.C. § 160 ....................................................................................................... 5
22
     **Federal Rules**
23
     Fed R. Civ. P. 8 ....................................................................................................... 4
24
     Fed. R. Civ. P. 11 ............................................................................................... 1, 3, 6
25
     Fed. R. Civ. P. 37(a)(1) ........................................................................................... 8
26
     Fed. R. Evid. 201 .................................................................................................... 6
27
     Fed. R. Evid. 408 .................................................................................................... 7
28

DEF.'S OBJECTIONS TO PLAINTIFF'S RJN
                                                          [23-CV-4597-EMC]

## I.      **INTRODUCTION**

It is difficult to know where to begin responding to this frivolous and improper filing. First, Plaintiff again litters her filing with AI-generated hallucinations that cite to cases that do not exist and incorrectly represent the holdings of others. Second, Plaintiff seeks affirmative relief from the Court including ordering Apple to produce documents, imposing adverse inference findings against Apple, and permitting briefing on Rule 11 sanctions. Such relief must be sought in the form of a properly noticed motion, not a request for judicial notice—nor is it warranted here. Third, the document she seeks to be judicially noticed is immaterial and irrelevant to her claims before this Court, as it is a settlement agreement entered into by Apple and the NLRB in a separate proceeding (and, in any event, contains a "non-admissions" clause) after Apple had filed its answer to the Fifth Amended Complaint. The Court should deny Plaintiff's Request for Judicial Notice ("RJN") as violating Rule 11, seeking improper relief, and seeking to admit evidence that is immaterial to Plaintiff's case before this Court.

## II.     **RELEVANT PROCEDURAL BACKGROUND**

Plaintiff's improper RJN appears to stem from her dissatisfaction with how Apple answered the Fifth Amended Complaint filed on November 26, 2024 ("5AC"). In the 5AC Plaintiff alleged (as part of her preamble "Summary of the Case") in relevant part:

> U.S. NLRB is prosecuting Apple for unlawful employment policies, per Plaintiff's October 2021 charge. NLRB will start prosecution imminently against Apple for its retaliation and unfair labor practices committed against Plaintiff.

Dkt. No. 142, ¶ 8.

Apple answered the 5AC on March 13, 2025. *See* Dkt. No. 183. In relevant part, Apple responded to the above allegation as follows:

> Apple admits that the NLRB issued a Complaint in NLRB Case No. 32-CA-284428, relating to certain employment policies and agreements maintained by Apple. Answering further, that Complaint contains allegations that the NLRB has determined should be submitted to an administrative hearing and does not have any preclusive effect. Apple admits, on information and belief, that Plaintiff filed the charge in NLRB Case No. 32-CA-284428 on or about October 12, 2021. Apple further answers that in its Answer to that Complaint it denied the substantive allegations relating to NLRB Case No. 32-CA-284428. Apple denies that it committed any unfair labor practices. Answering further, no hearing is presently scheduled in NLRB Case No. 32-CA-284428.

- 1 -

1    *Id.* ¶ 8.[1]

2         Plaintiff now asks this Court to take judicial notice of an informal settlement agreement that

3    Apple signed in connection with NLRB Case No. 32-CA-284428 on March 25, 2025 (the

4    "Agreement"). *See* RJN, Ex. C. Plaintiff's RJN states that Apple was required in its answer to the

5    5AC to tell the Court about the settlement agreement, and critiques Apple for not telling the Court

6    in its answer that Apple had entered into a settlement agreement with the NLRB. Not only is there

7    no affirmative obligation to disclose facts in an answer, but this settlement was not entered into

8    until 12 days **after** Apple filed its answer to the 5AC.

9         Nor is the settlement agreement in a separate NLRB matter relevant here. Plaintiff contends

10   that Apple's settlement with the NLRB is relevant because its findings support Plaintiff's claims.

11   *See* RJN ¶ 14. But the agreement does not contain any "findings." Indeed, the agreement contains

12   a non-admission clause which makes clear that the agreement cannot be construed to indicate

13   liability on Apple's part. *Id.*, Ex. C at 1. In addition, settlement agreements are not admissible to

14   show liability or the validity of Plaintiff's claims, which is what Plaintiff is attempting to do here.

15   *See* Section III.B, *infra.*

16        The settlement agreement was signed in connection with the same NLRB matter that

17   Plaintiff previously notified this court had been taken off calendar due to "settlement discussions."

18   Dkt. No. 151 at 3. On January 22, 2025, Plaintiff filed in this case a "Notice of Pendency"

19   concerning, *inter alia*, developments concerning the charges Plaintiff had filed against Apple with

20   the NLRB. *See* Dkt. No. 151. She stated there that "the prior pending U.S. NLRB hearing over

21   Apple's U.S. confidentiality policies and surveillance practices was then cancelled due to

22   settlement discussions." *Id.* at 3. She attached a December 31, 2024 "Order Postponing Hearing

23   Indefinitely" in NLRB Case No. 32-CA-284428 stating that "the hearing in the above matter … is

24   hereby postponed indefinitely due to settlement discussions." *Id.*, Ex. D.

25

26

_____

27   [1] Plaintiff also filed charges with the NLRB related to her termination (as distinct from her charge
     related to Apple policies generally). Apple separately addressed those charges (NLRB Case Nos.
28   32-CA-282142 and 32-CA-283161) in its Answer; Plaintiff's RJN does not appear to take issue
     with Apple's Answer concerning those charges, so Apple does not further discuss them here.

III.    **ARGUMENT**

A.    **Plaintiff's RJN Violates Rule 11.**

As with her contemporaneously filed Motion to Strike and Motion for a More Definite Statement, Plaintiff's RJN violates Rule 11 by citing to cases that do not exist, misrepresenting holdings, and failing to cite supporting authority. Examples include:

1.    **Citing Cases That Do Not Exist (at Least 2 Instances)**

- RJN ¶ 7: Plaintiff cites *Scalia v. Int'l Longshore & Warehouse Union*, 968 F.3d 865, 878 (9th Cir. 2020) for the proposition that "[c]ourts reject attempts by parties to amend their pleadings only after their omission has been exposed. The duty of candor requires timely, not reactive, disclosures." But there is no case at 968 F.3d 865. Apple has located in Westlaw two orders dated November 18, 2020 from the Northern District of California under the case title, but neither decision holds what Plaintiff suggests. *See Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 293 (N.D. Cal. 2020) (granting in part a motion to issue letters rogatory); *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603 (N.D. Cal. 2020) (granting in part motion to compel the Secretary of the Department of Labor to produce various documents withheld under privilege).

- *Id.* ¶ 20: Plaintiff cites that *In re Subpoena to Deutsche Bank, AG*, 2019 WL 13169265, at *4 (S.D.N.Y. Mar. 27, 2019) for the proposition that "[c]ourts have the authority to compel immediate production of concealed settlement agreements when they are material to ongoing litigation." However, 2019 WL 13169265 leads to a one-page Judgment After Rescript filed in *Hamadi v. Fleming*, No. 1681CV00958 (Mass. Super. May 31, 2019). Counsel has been unable to locate any case under this title that is an order compelling production of settlement agreements that are allegedly material to ongoing litigation.

2.    **Plainly Misrepresenting Case Holdings (at Least 5 Instances)**

- *Id.* ¶ 5: Plaintiff cites *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 609 (D. Del. 2008) for the proposition that "[c]ourts have held that non-disclosure of settlement terms affecting the claims at issue may justify sanctions and compulsory disclosure." But this case did not involve a response to a pleading or alleged non-disclosure

- 3 -

1  of settlement discussions. Instead, it was an order made after a non-party challenged the

2  imposition of sanctions where it had refused to produce subpoenaed data, and thus had been

3  found to have unjustifiably delayed discovery in a putative class action. *Id.*

4  • *Id.* ¶ 12: Plaintiff states: "In *TSC Industries, Inc. v. Northway, Inc*., 426 U.S. 438 (1976),

5  the Supreme Court held that an omitted fact is material if there is a substantial likelihood

6  that a reasonable person would consider it important in making a decision. While this case

7  pertains to securities law, the principle emphasizes the importance of disclosing material

8  information in all legal contexts where non-disclosure could mislead decision-makers." But

9  the Court in *TSC* discussed whether an omission from a proxy statement was materially

10  misleading under Section 14(a) of the Securities Exchange Act. Plaintiff's suggestion that

11  *TSC* should be applied to extend Rule 8's pleading requirements to require defendants to

12  affirmatively plead facts in response to immaterial allegations under the materiality

13  standards applicable to proxy statements is disingenuous at best.

14  • *Id.* ¶ 15: Plaintiff states:

15  > While the NLRB settlement does not carry issue preclusive effect because
16  > it was not the result of a full adjudication on the merits, courts have
   > recognized that agency findings, even in settlements, can be highly
17  > persuasive evidence in related civil litigation. *See N.L.R.B. v. Universal
   > Camera Corp.*, 179 F.2d 749, 754 (2d Cir. 1950) (holding that NLRB
   > findings are entitled to substantial weight in judicial proceedings), *aff'd*, 340
18  > U.S. 474 (1951).

19  But the United States Supreme Court did not ***affirm*** the Second Circuit's ruling; it ***vacated***

20  it. *See Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474 (1951). And the Second Circuit

21  did not hold that NLRB settlements are highly persuasive, let alone admissible, evidence in

22  related civil litigation. This is because this case involved the NLRB petitioning the Second

23  Circuit to enforce ***the Agency's own order*** under the Taft-Hartley Act, which instructs

24  courts reviewing such petition that "[t]he findings of the Board with respect to questions of

25  fact if supported by substantial evidence on the record considered as a whole shall be

26  conclusive." 29 U.S.C. § 160. While the Second Circuit was skeptical it would reach the

27  same conclusion as the NLRB, it found the NLRB's findings were supported by substantial

28  evidence and enforced the order. *See* 179 F.2d at 754. Due to a circuit split interpreting such

petitions, the Supreme Court granted review and **vacated** the judgment, concluding that the courts should not have been so deferential to the NLRB's findings due to their "responsibility for assuring that the Board keeps within reasonable grounds." *Universal Camera Corp.,* 340 U.S. at 490. None of this has anything to do with Plaintiff's arguments here—and to the extent it has any tangential bearing, it undermines (not supports) Plaintiff's attempted invocation.

- *Id.* ¶ 17: Plaintiff asserts that "[c]ourts recognize that favorable NLRB rulings strengthen state law claims, and California courts apply issue preclusion to NLRB findings where appropriate" citing *Morillion v. Royal Packing Co*., 22 Cal. 4th 575, 586 (2000) as "recognizing federal labor law's persuasive effect on California claims." But *Morillion* says **nothing** about how (if at all) NLRB rulings support state court claims. And regarding the extent to which California courts should defer to the federal sources it did discuss, *Morillion* reaches a conclusion **opposite** to the one Plaintiff suggests. *See id*. at 594 ("After comparing federal and state authority [governing whether travel time is compensable], we conclude that the relevant portions of the FLSA and Portal-to-Portal Act differ substantially from Wage Order No. 14-80 and related state authority. Therefore, Royal's reliance on federal authority, and the Court of Appeal's deference to it, **are not persuasive**.") (emphasis added).

- *Id.* ¶ 21: Plaintiff cites *Narayan v. EGL, Inc*., 616 F.3d 895, 900 (9th Cir. 2010) for the claim that "California courts and the Ninth Circuit have repeatedly recognized that concealment of employment-related policies that violate labor protections runs contrary to public policy" and that "[e]mployers must not be permitted to silence employees through undisclosed agreements that evade judicial scrutiny." But *Narayan* does not discuss "concealment of employment-related policies" or "silencing employees." *Narayan* reversed a trial court's summary judgment order, finding there were questions of fact regarding whether drivers were misclassified as independent contractors—and far from being "undisclosed," the terms of the drivers' contracts are discussed throughout the order.

### 3.    Failing to Provide Any Legal Citation at All (at least 2 Instances)

- *Id.* ¶ 10: Plaintiff claims the court in *In re Garlock Sealing Technologies, LLC* "found that

1    manipulation and withholding of evidence led to inflated settlements and significant legal

2    consequences." Plaintiff's failure to provide a citation to this case imposes an undue burden

3    on the Court and Apple to try to track down its validity and accuracy. There are at least 23

4    separate citations in Westlaw to orders in cases entitled *In re Garlock Sealing Technologies,*

5    *LLC*, most of which are in the Bankruptcy Court for the Western District of North Carolina

6    and at least one of which is the 14th District Court of Appeal in Texas—spanning 2006 to

7    2014. Trying to winnow these down to locate which, if any, of these might be relevant to

8    Plaintiff's argument is an undue burden. In any event, even assuming there is an order that

9    stands for the proposition cited, Apple has not "manipulat[ed]" or "with[held]" evidence.

10   • *Id.* ¶ 22: Plaintiff states: "The Ninth Circuit has held that courts may impose severe

11   sanctions for suppression of relevant evidence, including adverse inferences or monetary

12   penalties," but does not cite any case or other authority so holding.

13   The Court could properly deny the RJN based on these violations of Rule 11 alone. But, as

14   detailed below, the RJN should also be denied on its merits.

### B.    Plaintiff's RJN Is Immaterial.

16   Courts may take judicial notice of a fact that is not subject to reasonable dispute. Fed. R.

17   Evid. 201(b). When requesting judicial notice, "the movant must identify the fact to be noticed, the

18   purpose and relevance of that fact, and the source of indisputable accuracy for a fact that can be

19   accurately and readily determined under Rule 201(b)(2)." *Luv n' care, Ltd. v. Jackel Int'l Ltd.*, 502

20   F. Supp. 3d 1106, 1108 (W.D. La. 2020) (internal quotations omitted). Plaintiff's hypothesis of

21   relevance for the NLRB settlement agreement is wrong.

22   Plaintiff contends that Apple's settlement with the NLRB is relevant because "[t]he

23   agreement's findings support Plaintiff's assertion that Apple's restrictive NDAs and confidentiality

24   policies unlawfully suppressed employee disclosures and retaliatory conduct." RJN ¶ 14. But the

25   agreement does not contain any "findings."[2] On the contrary, the Non-Admission clause makes

---

[2] Likewise, the underlying Complaint was not a "finding" or determination by the NLRB. *See,*
*e.g., Frankl v. Adams & Assocs., Inc.*, 74 F. Supp. 3d 1318, 1323 (E.D. Cal. 2015) (issuance of
complaint akin to filing of charges, with "decision of the Board" not made until after "formal
trial").

- 6 -

1    clear that the Agreement cannot be construed to indicate liability on Apple's part, and the

2    Agreement is therefore irrelevant. *Id*., Ex. C at 1.[3]

3        Even absent this term, however, settlement agreements are inadmissible as a general rule.

4    *See* Fed. R. Evid. 408(a)(1) (evidence of "compromising or attempting to compromise the claim"

5    "not admissible … either to prove or disprove the validity or amount of a disputed claim or to

6    impeach by a prior inconsistent statement or a contradiction"). This Court has denied requests for

7    judicial notice of settlement agreements and related documents as inadmissible accordingly. For

8    example, in *Pacific Gas & Elec. Co. v. Lynch*, this Court was asked to take judicial notice of a

9    settlement agreement and related documents between defendants and a third party. 216 F. Supp. 2d

10   1016, 1025-26 (N.D. Cal. 2002). In denying the request to judicially notice settlement agreements

11   between the defendant and a third party as "not relevant to the instant dispute," this Court reasoned

12   "[o]ne of the principles underlying FRE 408 is that evidence of a settlement is generally not

13   relevant, because settlements may be motivated by a variety of factors unrelated to liability." *Id*. at

14   1026.

15       This Court's reasoning in *PG&E* is particularly apt here, where—notwithstanding that the

16   Agreement expressly includes a non-admission of liability clause (*see* RJN, Ex. C at 1)—Plaintiff's

17   stated reason for seeking judicial notice is to use this evidence to establish the validity of her claims.

18   *See id.* ¶ 14 ("The NLRB's determination that Apple's confidentiality policies unlawfully

19   suppressed employee disclosures supports Plaintiff's claim that Apple's actions violated these

20   whistleblower protections."). That is precisely what the Rules do not allow.

21

22

23

---

24   [3] Plaintiff also charges that Apple "actively sought to prevent Plaintiff from obtaining a copy of the signed agreement or compliance materials from the NLRB, as documented in Exhibit C (page 17,

25   under 'AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY.')." RJN ¶ 5. Not so. Apple did not actively seek to prevent

26   Plaintiff's receipt of the Agreement, which the NLRB is required to and did send to her as the "Charging Party" to afford her the opportunity to object. *Id*., Ex. B. The section Plaintiff cites

27   concerns whether compliance materials should be sent to Apple's counsel, or directly to the Apple with a courtesy copy to Apple's counsel, because Apple is the "Charged Party." *Id*., Ex. C, PDF p.

28   17 of 21. This section has nothing to do with Plaintiff, who was the "Charging Party" in the matter, not the Charged Party.

DEF.'S OBJECTIONS TO PLAINTIFF'S RJN
                                                                    [23-cv-4597-EMC]

1

**C.**     **Plaintiff's Attempt to Use an RJN to Compel Production of Documents Is Improper.**

2

3        Finally, Plaintiff improperly seeks to use an RJN as a vehicle to secure a number of

4   sanctions against Apple—including an order compelling the production of documents, imposing an

5   adverse inference, and authorizing briefing about "how Apple's concealment impacts this case."

6   *See* RJN ¶ 19. This request is improper and frivolous.

7        Apple has not withheld evidence. And the rules for moving to compel are clear: a motion

8   to compel must be noticed and include "a certification that the movant has in good faith conferred

9   or attempted to confer with the person or party failing to make disclosure or discovery in an effort

10   to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's RJN is not a noticed motion

11   and she did not confer with Apple before filing it. Nor is it supported by any facts. And the

12   Agreement she purports to ask this Court to compel Apple to produce is already attached as an

13   exhibit to her request. Plaintiff's continued protestations are meritless.

14   **IV.    CONCLUSION**

15        For the foregoing reasons, the Court should deny Plaintiff's RJN in full.

16

17   Dated: April 10, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

18

19                                           By: _____
                                                          */s/ Melinda S. Riechert*
20                                                  MELINDA S. RIECHERT
                                                   Attorney for Defendant
                                                        APPLE INC.

21

22

23

24

25

26

27

28

- 8 -