**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

**Ashley M. Gjovik,**

*an individual*,


Plaintiff,


vs.


**Apple Inc.,**

*a corporation,*


Defendant.

**USDC Case No. 3:23-CV-04597-EMC**

**USCA Case No.'s 24-6058 & 25-2028**


**Plaintiff's Reply in Support of her Motion for Cert. of Final Judgment Under Rule 54(b)**


**Hearing**:

  **Dept**: Courtroom 5, 17th Floor & Zoom

  **Judge**: The Honorable Edward M. Chen

  **Date**: June 12 2025 | Time: 1:30 PM

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 2

II.   PROCEDURAL HISTORY ........................................................................................ 2

III.  ANALYSIS .................................................................................................................. 3

    A.   The Dismissed Claims Are Final Within the Meaning of Rule 54(B) ......................... 3

    B.   Apple Has Treated These Claims as Final — Everywhere Else ................................ 4

IV.   THE DISMISSED CLAIMS ARE LEGALLY AND FACTUALLY DISTINCT ......................... 6

V.    LET'S ROLL THE TAPE: APPLE'S OWN FILINGS UNDERCUT ITS OPPOSITION .......... 7

    C.   Apple's Own Motions to Dismiss Repeatedly Framed These Claims as Distinct and Concluded ...... 8

    D.   Apple Asked the Court to Strike These Claims as Immaterial ................................. 8

    E.   Apple Told the Ninth Circuit the Claims Were Conclusively Dismissed ................... 9

    F.   Apple's Discovery Conduct Treated the Claims as Resolved ................................... 9

    G.   Apple Has Made These Same Representations Across Multiple Rounds ..................... 9

VI.   CERTIFICATION WILL PROMOTE JUDICIAL EFFICIENCY AND FAIRNESS ............... 10

    H.   Certification Avoids Duplicative Litigation and Post-Verdict Appeals ................... 11

    I.   Apple's Changing Positions Undermine Judicial Economy ................................... 11

    J.   The Public Interest Supports Review of These Structural Issues ........................... 11

VII.  APPLE'S CONDUCT WARRANTS EQUITABLE SCRUTINY ........................................ 12

VIII. ALTERNATIVE RELIEF: RENEWED REQUEST FOR LEAVE TO AMEND ................... 13

IX.   APPLE'S CONDUCT WARRANTS EQUITABLE SCRUTINY ......................................... 13

X.    CONCLUSION ........................................................................................................... 14

XI.   EXHIBITS ................................................................................................................. 17

# Plaintiff's Reply in Support of Motion for Certification of Final Judgment Under Rule 54(b)

## I.    INTRODUCTION

Plaintiff respectfully submits this Reply in support of her Motion for Partial Final Judgment under Rule 54(b). The question before the Court is whether the claims Plaintiff seeks to appeal have been fully resolved. They have. Each was dismissed with prejudice or without leave to amend, and no claim remains from those rulings. Apple's opposition does not meaningfully dispute this finality.

Instead, Apple suggests that certification would create inefficiency due to purported overlap between the dismissed and surviving claims. This is a significant departure from Apple's long-held position. For more than a year—including in successive motions to dismiss, discovery conferences, and multiple court filings—Apple repeatedly emphasized that the claims at issue were legally and factually distinct. That view was central to its opposition to discovery, amendment, and prior attempts at consolidation. It is also reflected in the Court's orders, which dismissed the claims on separate legal grounds and limited discovery accordingly.

The record thus presents a straightforward case for certification. The dismissed claims are final. Apple has until now consistently described them as unrelated to the remaining claims. There is no just reason to delay appellate review. Certification under Rule 54(b) will allow the Ninth Circuit to evaluate the dismissed claims while the surviving claims proceed in the ordinary course—consistent with both judicial economy and the positions Apple has long maintained.

## II.    PROCEDURAL HISTORY

This case arises from Plaintiff's claims against her former employer, Apple Inc., including causes of action under federal and state constitutional provisions, whistleblower protections, public rights torts, and employment retaliation statutes. Over the course of the past year, Apple has filed multiple motions to dismiss, to strike, and to limit Plaintiff's ability to amend her complaint—resulting in the dismissal of several claims with prejudice or without leave to amend.

On March 15, 2025, Plaintiff filed a protective Notice of Appeal with the Ninth Circuit seeking review of those final dismissals. See *Gjovik v. Apple Inc.*, Case No. 25-2028, Dkt. 1. Apple moved to dismiss

or stay the appeal, arguing that the dismissed claims were not subject to appellate review. See Dkt. 5. Plaintiff opposed that motion on March 29, 2025, explaining that the claims were fully resolved and legally distinct. See Dkt. 10.

In response, Apple filed over 1,000 pages of excerpts of record, briefing, and supporting documents across the two consolidated Ninth Circuit appeals (Nos. 25-2028 and 24-6058)—despite simultaneously arguing that the appeal was improper and that the record was incomplete or premature. See Dkt. 11 and accompanying exhibits. Plaintiff brings this procedural history to the Court's attention through an Exhibit submitted concurrently with this Reply, which includes the Ninth Circuit filings and relevant excerpts.

Meanwhile, in this Court, Plaintiff moved for Rule 54(b) certification to confirm the finality of the dismissed claims. Apple now opposes that motion by adopting a position fundamentally at odds with its prior representations in both forums: namely, that the claims are not final, or not sufficiently distinct, to support certification. As detailed below, Apple's shifting positions undermine both judicial efficiency and fairness. Certification is proper, and the Court should grant the motion.

## III.  ANALYSIS

### A.  The Dismissed Claims Are Final Within the Meaning of Rule 54(b)

Rule 54(b) permits entry of final judgment on fewer than all claims in an action where (1) the dismissed claims are final, and (2) there is no just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–10 (1980). The first prong is satisfied when the district court has rendered a complete and unequivocal decision disposing of the claims at issue. That requirement is clearly met here. Each of the claims Plaintiff seeks to appeal has been conclusively resolved. The Court dismissed the following claims in whole and with prejudice, or denied leave to amend them:

- Racketeer Influenced and Corrupt Organizations Act (RICO).
- California Civil Code § 52.1 (Bane Act).
- California Civil Code § 51.7 (Ralph Act).
- Dodd-Frank Act and SOX Act Whistleblower Protection.
- California Business & Professions Code § 17200 (Unfair Competition Law).
- Additional claims under common law environment and harassment torts.

The Court's orders granting Apple's motions to dismiss expressly declined to grant further leave

to amend as to these claims. In multiple instances—including the RICO and Dodd-Frank causes of action—the Court found amendment would be futile. See Dkt. No. 145 (MTD); Dkt. No. 150 (Opp.); Dkt. No. 152 (Reply). The plaintiff thereafter sought leave to file a Sixth Amended Complaint in order to incorporate new factual developments. See Dkt. No. 155 (Mot. to Amend). Apple opposed the motion on the grounds that these claims had been fully adjudicated, and the court denied leave. The claims thus remain dismissed and excluded from the operative Fifth Amended Complaint.

Apple has also treated the claims as final for all other purposes. In meet-and-confer correspondence, conferences, and formal discovery responses, Apple has maintained that the dismissed claims are no longer part of this case, and further, that they were never part of this case (such as their justification for refusing to provide 26(f) initial disclosures on these claims, and they still have not). Further, in response to Plaintiff's request for production related to the environmental and privacy claims, Apple objected on the basis that those claims were no longer at issue and therefore not subject to discovery. See Dkt. Nos. 162–165; see also Transcript of July 16, 2024 Hearing (Dkt. No. 75, noting Apple's position that disclosures and discovery obligations applied only to the employment-based claims).

Apple cannot reasonably contest the finality of these claims now without contradicting its prior representations. The Court's orders disposed of them in their entirety, denied further amendment, and the parties have litigated accordingly.

## B. Apple Has Treated These Claims as Final — Everywhere Else

Apple's opposition now rests on the assertion that the dismissed claims are not yet final, or that they remain too entangled with the surviving claims to support entry of judgment. That assertion is directly at odds with Apple's own consistent litigation conduct over the past year.

### 1. Apple Has Consistently Objected to Discovery on the Dismissed Claims

Apple has repeatedly and affirmatively taken the position that the claims Plaintiff now seeks to appeal are no longer part of this case and not subject to discovery. For example:

- In response to Plaintiff's requests for production concerning the RICO, environmental, and privacy-based claims, Apple asserted that these were not operative and therefore irrelevant to any discovery obligations.

- In meet-and-confer emails, Apple explicitly refused to produce documents or make disclosures relating to toxic exposure, racketeering allegations, post-termination harassment, biometric surveillance, or other dismissed matters, asserting that such claims had been resolved, and discovery was limited to employment claims.

- In its latest initial disclosures, Apple confined its responses to termination-related issues, again excluding any reference to claims it now contends are still live.

These discovery positions were not ambiguous. Apple was clear in its correspondence, court filings, and oral arguments that it viewed the dismissed claims as fully resolved. It objected to further disclosure, withheld documents, and declined to identify witnesses, all on the premise that the claims had been finally adjudicated.

### 2. APPLE'S REPRESENTATIONS TO THE COURT HAVE REAFFIRMED FINALITY

In open court and formal briefing, Apple reiterated that Plaintiff's dismissed claims were not subject to ongoing litigation. In a July 2024 hearing before this Court, Apple opposed Plaintiff's discovery efforts on the grounds that discovery should proceed only on the employment claims that are not subject to the motion to dismiss. Counsel reaffirmed that the environmental and privacy-related claims were no longer before the Court. Likewise, in Apple's opposition (Dkt. No. 158) to Plaintiff's motion to amend her complaint (Dkt. No. 155), Apple argued that Plaintiff was attempting to revive claims the Court had already dismissed with prejudice or without leave to amend. This directly contradicts the suggestion now advanced—that those same claims are not final and should remain within the district court's jurisdiction. *Id*.

Apple's procedural posture in the Ninth Circuit confirms its view of finality—at least until this motion. In its Motion to Dismiss or Stay the Appeal (9th Cir. Case No. 25-2028, Dkt. 5), Apple argued that the appeal should be dismissed for lack of a final judgment. But it did not argue that the claims themselves were unresolved. Instead, Apple asserted that Plaintiff was improperly appealing claims that were conclusively dismissed. That framing presumes finality. In Plaintiff's Opposition to that motion (Dkt. 10), she catalogued Apple's prior statements across this litigation confirming that the claims were final, distinct, and closed. Apple filed no reply. Apple's position before the Ninth Circuit and its position

here cannot be reconciled. In both forums, it has argued against Plaintiff's efforts to seek review—but with mutually exclusive rationales. If the claims are not final, Apple's repeated assertions to the contrary must be addressed. If the claims are final, Rule 54(b) certification is plainly appropriate.

## IV.  THE DISMISSED CLAIMS ARE LEGALLY AND FACTUALLY DISTINCT

To satisfy Rule 54(b), the dismissed claims must be separable from those that remain. The standard is not strict independence, but whether the claims rely on different legal rights, remedies, or factual predicates such that appellate review of the former would not necessarily affect adjudication of the latter. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005). That standard is met here. The dismissed claims rest on legal theories entirely distinct from the surviving employment retaliation and Labor Code causes of action. For example:

| DISMISSED CLAIMS | LEGAL BASIS | FACTUAL FOCUS |
|---|---|---|
| **RICO** | 18 U.S.C. § 1961 et seq. | Pattern of racketeering, structural misconduct, multiple criminal acts |
| **Bane Act / Ralph Act** | Cal. Civ. Code §§ 52.1, 51.7 | Civil rights violations, post-termination harassment & intimidation |
| **Unfair Competition Law (UCL)** | Cal. Bus. & Prof. Code § 17200 | Unlawful conduct against the public interest |
| **SOX / Dodd-Frank** | Federal whistleblower statutes | Disclosures to federal agencies about fraud and corruption |
| **Environmental Tort / Nuisance / IIED** | State common law, public nuisance | Vapor intrusion, hazardous exposure, severe emotional distress |

By contrast, the remaining claims arise under California Labor Code and common law and involve the termination of Plaintiff's employment in alleged retaliation for workplace complaints. The dismissed claims involve broader conduct including environmental violations, public corporate disclosures, criminal harassment, and data collection for artificial intelligence development—that go beyond Plaintiff's employment relationship. The factual scope, actors involved, and relief sought (including injunctive remedies and structural accountability) differ materially from the employment-based claims that remain.

Apple itself has repeatedly emphasized this distinction. In its motions to dismiss, Apple argued that the dismissed claims rested on unrelated conduct, involved no connection to Plaintiff's employment, or failed to establish individualized harm. Its motion practice treated these claims as freestanding and unrelated, even when addressing overlap in timeline or personnel.

The Court's dismissal orders reflect the same conclusion. Each group of claims was addressed on distinct legal grounds and without reference to the survival or resolution of others. For example, the dismissal of the RICO claim was based on pleading insufficiency specific to racketeering standards. The Bane Act and UCL claims were dismissed for lack of standing. None of these rulings relied upon or intertwined with the employment-based causes of action that remain.

That the claims share some overlapping chronology or involve shared institutional actors does not render them inseparable. Courts routinely certify judgment under Rule 54(b) where dismissed claims share factual context but raise different legal issues. *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). That is particularly true where, as here, the dismissed claims are broader in scope, allege distinct types of harm, and implicate rights and remedies not coextensive with the surviving allegations.

## V.  LET'S ROLL THE TAPE: APPLE'S OWN FILINGS UNDERCUT ITS OPPOSITION

In opposing Rule 54(b) certification, Apple now argues that the dismissed claims are not final or are too closely related to the surviving claims to be severed. This is not only inconsistent with the governing legal standards—it is inconsistent with Apple's own litigation record. Across no fewer than five motions to dismiss, two motions to strike, multiple discovery objections, and representations to both this Court and the Ninth Circuit, Apple repeatedly asserted that these claims were unrelated to Plaintiff's employment; dismissed with finality; ineligible for further amendment; and irrelevant to ongoing discovery.

Apple's opposition to Rule 54(b) certification suggests, for the first time, that the dismissed claims are somehow too interrelated to certify for immediate appeal. But this position cannot be reconciled with Apple's extensive litigation history in this case. In filings spanning more than a year—including motions to dismiss, motions to strike, discovery responses, hearing transcripts, and appellate briefing—Apple repeatedly and unequivocally took the opposite view: that the dismissed claims were factually and legally

distinct, fully resolved, and not subject to further litigation. (Dkt. Nos. 162–165).

## C. Apple's Own Motions to Dismiss Repeatedly Framed These Claims as Distinct and Concluded

Throughout its briefing on motions to dismiss—from the First Amended Complaint through the operative versions—Apple consistently represented that the now-dismissed claims were both legally deficient and factually distinct. Apple has, in multiple dispositive motions, affirmatively asserted that the dismissed claims are not part of the core case and cannot proceed:

- In its Motion to Dismiss the Third Amended Complaint, Apple argued that claims including RICO, SOX, Dodd-Frank, Bane Act, and nuisance should be dismissed because they arise from conduct untethered to Plaintiff's employment and are not legally cognizable. — Dkt. No. 48 at 1–2, 5–20

- In its Reply in Support of that Motion, Apple reiterated that these claims failed not only legally, but conceptually: they concerned public conduct and third-party issues unrelated to employment retaliation. — *Dkt. No. 58 at 2–7.*

- Apple's Motion to Dismiss the Fourth Amended Complaint again claimed that the privacy, environmental, and public health claims were time-barred, not tied to Plaintiff's employment, and involved theories the Court had already rejected. — Dkt. No. 78 at 1–2, 6–17

These were not isolated statements. They were core to Apple's legal strategy in seeking to narrow the case.

## D. Apple Asked the Court to Strike These Claims as Immaterial

At the May 16, 2024 hearing, the Court acknowledged that many of Plaintiff's dismissed claims had been raised and rejected under distinct legal standards. In response, Apple did not argue that these claims were intertwined with surviving ones—it agreed they were no longer in play. The transcript reflects that both parties, and the Court, were treating the dismissed claims as having been resolved. Apple took the added step of asking the Court to formally strike all references to the dismissed claims.

In its Motion to Strike portions of the Fourth Amended Complaint, Apple requested the Court strike allegations relating only to claims Apple is moving to dismiss, arguing that such content was immaterial and untethered to the surviving claims. — *Dkt. No. 79 at 2–3.* In its Reply ISO Motion to Strike, Apple emphasized the goal was to settle the pleadings and exclude any allegation that did not relate to the

remaining employment-based claims. — *Dkt. No. 59 at 1–2*

### E.  Apple Told the Ninth Circuit the Claims Were Conclusively Dismissed

In its motion to dismiss the Ninth Circuit appeal, Apple argued that Plaintiff was attempting to appeal claims that were conclusively dismissed. At no point in its Ninth Circuit briefing did Apple suggest those claims remained open or subject to reconsideration by this Court. That position, too, presumed finality. In the Ninth Circuit, Apple has taken the opposite position to what it now argues before this Court. In its Motion to Dismiss or Stay the Appeal, Apple argued the appeal should be dismissed because Plaintiff was appealing claims that were conclusively dismissed—a position that presumes finality. — *9th Cir. Case No. 25-2028, Dkt. 5 at 2–3*. Plaintiff's Opposition to that motion (Dkt. 10) included extensive citations to Apple's prior filings and court statements treating the claims as distinct and final. Apple filed no reply. (See Exhibit A, attached separately due to size and volume).

### F.  Apple's Discovery Conduct Treated the Claims as Resolved

Apple has routinely refused to provide discovery into the dismissed claims on the ground that they are no longer part of the case. It has objected to requests for production related to surveillance, environmental exposure, and fraud disclosures as irrelevant and outside the scope of remaining claims and excluded the dismissed claims from its disclosures. (Dkt. Nos. 162–165).

Apple has also moved to strike any references to these claims from Plaintiff's amended complaints as *immaterial* and *redundant*, affirming its view that these causes of action were long since closed. Apple's representations during discovery further confirm it considered the dismissed claims closed. (Dkt. Nos. 162–165).

In response to Plaintiff's discovery requests, Apple objected to producing documents related to RICO, environmental, or biometric claims, asserting that those claims were dismissed and are no longer operative. — *See Apple RFP Objections, Dkt. Nos. 162–165*. In its General Order 71 disclosures, Apple limited its disclosures to employment-related claims only, excluding any reference to surveillance, public safety, or structural fraud allegations. — *Dkt. No. 77*. During a discovery meet and confer, Apple's counsel stated that discovery is limited to claims still in the case, and those claims were dismissed months ago. — *See Discovery Correspondence (Gjovik v. Apple Emails re RFPs)*.

### G.  Apple Has Made These Same Representations Across Multiple

Rounds

As early as November 2023, in its Motion to Dismiss the First Amended Complaint, Apple argued that claims like RICO, Bane Act, Ralph Act, and environmental nuisance were not connected to Plaintiff's employment and not actionable under governing law. — *Dkt. No. 30 at 4–20.* At the May 16, 2024 motion hearing, Apple did not dispute the Court's characterization that certain claims had been resolved and some were clearly weaker or not viable. — *Transcript, Dkt.No. 75 at 3–6.*

### *Summary Table: Apple's Litigation Positions Then vs. Now*

| Issue | Apple Then | Apple Now |
|---|---|---|
| **Finality of dismissed claims** | Concluded and not subject to amendment (*Dkt.* 48, 58) | Not yet final (*Dkt.* 198) |
| **Discovery relevance** | Dismissed claims are not subject to discovery (*Dkt.* 77) | Claims are too intertwined to separate |
| **Appellate jurisdiction** | Appeal improper because claims were conclusively dismissed (9th Cir. Dkt. 5) | Court should retain jurisdiction pending resolution |
| **Relation to employment** | Untethered to employment (*Dkt.* 78, 79) | Too intertwined to sever (*Dkt.* 198) |

Apple cannot assert that these claims are irrelevant when resisting discovery, and then claim they are central when resisting appellate review. The record leaves no ambiguity: Apple has, in every procedural posture until this one, taken the position that these claims are both distinct and closed.

## VI.    CERTIFICATION WILL PROMOTE JUDICIAL EFFICIENCY AND FAIRNESS

Rule 54(b) is designed to permit appellate review where it will serve the interests of efficiency and justice. This is not a case where certification would lead to piecemeal litigation or duplicative proceedings. To the contrary, denying certification here would create unnecessary duplication and uncertainty—for the Court, the parties, and any future trier of fact. The dismissed claims raise complex and weighty questions of law, many of which involve issues that will not be addressed in the remaining claims, including the scope of RICO in the context of the systemic misconduct at issue here; statutory interpretation of California's Bane Act and Ralph Act; and personal injury and public rights torts such as nuisance and ultrahazardous activity.

These issues do not overlap with the surviving Labor Code and wrongful termination claims, which concern distinct statutes, evidence, and remedies. Moreover, as described above, Apple has consistently

acted as though the dismissed claims are entirely severable—seeking to exclude them from discovery, limit them from complaint amendments, and remove them from the pleadings.

## H. Certification Avoids Duplicative Litigation and Post-Verdict Appeals

Certifying these claims now will allow the Ninth Circuit to resolve threshold questions of law that will otherwise remain dormant until final judgment—potentially years from now. If those claims are revived on appeal at a later date, the Court and parties will face the possibility of having to reopen discovery, revisit dispositive motions, and re-try parts of the case already adjudicated.

Early appellate guidance would prevent that outcome. It would allow the parties to proceed with clarity and ensure that any remanded claims, if revived, could be integrated with the remaining ones efficiently and without undue delay. This is the paradigm Rule 54(b) was designed to address. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (certification appropriate where claims involve distinct facts, legal issues, and remedies).

## I. Apple's Changing Positions Undermine Judicial Economy

Allowing Apple to change positions midstream—to assert finality when opposing discovery and then deny it to block appeal—undermines the integrity of both proceedings. If Rule 54(b) certification is denied, Apple will continue to assert these claims are final in district court, while arguing the opposite in any future jurisdictional dispute in the Ninth Circuit.

Certification now offers a cleaner, more consistent resolution. It prevents forum-shopping arguments and reduces the risk of conflicting rulings. Most importantly, it serves the interests of judicial economy by allowing the Ninth Circuit to weigh in once—rather than forcing courts and parties to revisit these same issues later under less favorable conditions.

## J. The Public Interest Supports Review of These Structural Issues

Several of the dismissed claims raise public policy issues that extend beyond the scope of Plaintiff's employment. These are not claims that turn on a narrow factual record. They are legal questions about corporate obligations under constitutional, statutory, and common law frameworks. These questions will impact the rights of at least hundreds of thousands of other people. Immediate appellate review of those questions promotes transparency and accountability. It also reflects the type of public-facing litigation that

benefits from early appellate oversight, particularly where the outcome may influence how such claims are pled, litigated, or limited in the future.

## VII.    APPLE'S CONDUCT WARRANTS EQUITABLE SCRUTINY

Apple's current position is not merely inconsistent—it is irreconcilable with the procedural record it created. For over a year, Apple filed motion after motion asking the Court to dismiss specific claims on the grounds that they were unrelated, immaterial, or legally defective. In doing so, Apple shaped the course of this litigation, limited discovery, and defeated amendment efforts based on a theory of separability that it now disavows. Throughout this case, Apple has engaged multiple attorneys across multiple offices— each iteration seemingly revisiting and reversing the last procedural position.

To accept Apple's present argument—that those same claims are too interrelated to appeal— would be to accept a version of the case that directly contradicts Apple's own representations. This is not merely litigation strategy. It is the kind of conduct that triggers the application of equitable doctrines such as judicial estoppel, unclean hands, and volenti non fit injuria—the principle that a party cannot be heard to complain of consequences it engineered.

Apple has, in effect, argued that:

— The claims were unrelated (to block amendment and discovery),

— The claims were conclusively dismissed (to defeat appellate jurisdiction), and

— The claims are now too connected to appeal (to block Rule 54(b) relief).

These positions cannot coexist in good faith. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), instructs that judicial estoppel applies where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, only to adopt a contrary stance later. That standard is plainly met here.

Even aside from estoppel, the doctrine of unclean hands applies when a party seeks to benefit from its own procedural misconduct or misrepresentation. See *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Apple should not be permitted to leverage contradictory arguments in multiple forums to prevent any review—appellate or otherwise—of the dismissed claims. To do so would reward gamesmanship at the expense of fairness, efficiency, and respect for the Court's process.

If the dismissed claims are important and intertwined, as Apple now suggests, then Apple's repeated efforts to remove those claims through narrow procedural tactics were improper. If they were

properly dismissed, then Apple should stand by its past representations and allow appellate review to proceed. It cannot have it both ways. Apple's repeated use of Rule 12(b) to strike, dismiss, or preclude even minimal discovery into these claims now appears less about narrowing the case and more about denying any review at all—by any forum.

## VIII.  ALTERNATIVE RELIEF: RENEWED REQUEST FOR LEAVE TO AMEND

To the extent the Court agrees with Apple that the dismissed claims are not final or are inextricably intertwined with surviving claims, Plaintiff respectfully renews her prior request for leave to amend under Rule 15(a). See Dkt. No. 155. The claims at issue were dismissed primarily on procedural and discretionary grounds—such as timeliness, pleading sufficiency, and the scope of prior leave—not on a determination of substantive legal merit. In several instances, Plaintiff was denied leave to amend based on futility without the benefit of discovery or further factual development. Since then, Plaintiff has obtained additional evidence, clarified relevant legal theories, and narrowed the scope of the allegations, as would be reflected in a  proposed Sixth Amended Complaint.

If the Court now views these claims as insufficiently final to support Rule 54(b) certification, then denying both amendment and appellate review would effectively preclude any adjudication of those claims. That outcome would be inconsistent with Rule 15's liberal standard and would raise serious concerns of fairness, particularly where the dismissed claims involve matters of public concern, constitutional protections, and systemic corporate misconduct. Accordingly, in the alternative to granting Rule 54(b) certification, Plaintiff respectfully requests that the Court reconsider its prior denial of leave to amend and grant Plaintiff permission to amend the claims at issue in this motion.

## IX.  APPLE'S CONDUCT WARRANTS EQUITABLE SCRUTINY

Apple's current position is not merely inconsistent—it is irreconcilable with the procedural record it created. For over a year, Apple filed motion after motion asking the Court to dismiss specific claims on the grounds that they were unrelated, immaterial, or legally defective. In doing so, Apple shaped the course of this litigation, limited discovery, and defeated amendment efforts based on a theory of separability that it now disavows. Apple's strategic reversals have unnecessarily multiplied the proceedings across two forums—at great cost to the Court's resources and to the integrity of the process.

To accept Apple's present argument—that those same claims are too interrelated to appeal—would be to accept a version of the case that directly contradicts Apple's own representations. This is not merely litigation strategy. It is the kind of conduct that triggers the application of equitable doctrines such as judicial estoppel, unclean hands, and *volenti non fit injuria*—the principle that a party cannot be heard to complain of consequences it engineered.[1] Apple has, in effect, argued that:

1. The claims were unrelated (to block amendment and discovery),

2. The claims were conclusively dismissed (to defeat appellate jurisdiction), and

3. The claims are now too connected to appeal (to block Rule 54(b) relief).

These positions cannot coexist in good faith. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), instructs that judicial estoppel applies where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, only to adopt a contrary stance later. That standard is plainly met here.

Even aside from estoppel, the doctrine of *unclean hands* applies when a party seeks to benefit from its own procedural misconduct or misrepresentation. See *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Apple should not be permitted to leverage contradictory arguments in multiple forums to prevent any review—appellate or otherwise—of the dismissed claims. To do so would reward gamesmanship at the expense of fairness, efficiency, and respect for the Court's process. If the dismissed claims are important and intertwined, as Apple now suggests, then Apple's repeated efforts to remove those claims through narrow procedural tactics were improper. If they were properly dismissed, then Apple should stand by its past representations and allow appellate review to proceed. It cannot have it both ways.

## X.    CONCLUSION

This is a straightforward case for Rule 54(b) certification. The claims at issue have been finally resolved: they were dismissed with prejudice or without leave to amend, and they have been treated as concluded in discovery, motion practice, and appellate briefing. Apple's argument that they are too intertwined to warrant certification is not only inconsistent with the procedural history—it is incompatible with Apple's own repeated statements to this Court and the Ninth Circuit.

---

[1] See also, *Falsus in uno, falsus in omnibus* — False in one thing, false in everything.

Apple's repeated use of Rule 12(b) to strike, dismiss, or preclude even minimal discovery into these claims now appears less about narrowing the case and more about denying any review at all—by any forum. The result is procedural gridlock: no amendment, no discovery, and no appeal. That outcome undermines not only judicial efficiency, but the basic architecture of fairness embedded in the Federal Rules.

Certification will promote judicial efficiency, avoid duplicative proceedings, and permit timely appellate review of distinct legal and constitutional issues. It will also ensure consistency across forums and avoid further prejudice to Plaintiff, who has otherwise been denied any avenue—through amendment or appeal—to adjudicate these claims. Plaintiff respectfully requests the Court:

1. Grant her Motion for Partial Final Judgment under Rule 54(b) as to the claims identified in her moving papers.

2. In the alternative, if the Court determines that the claims are not final or not sufficiently separable to support Rule 54(b) certification, reconsider its prior denial of leave to amend and grant Plaintiff permission to amend the dismissed claims.

A litigant should not be procedurally barred from both appeal and amendment, particularly where the claims at issue raise significant public policy and constitutional concerns. Plaintiff respectfully asks the Court to grant the requested relief in the interest of fairness, clarity, and judicial economy.

DISCLOSURE REGARDING ASSISTANCE IN PREPARATION: Pursuant to best practices and in the interest of transparency, Plaintiff discloses that she used the assistance of a generative AI platform (ChatGPT, developed by OpenAI) to help organize case records, draft sections of this reply, and cross-reference relevant docket entries and filings. The platform was used strictly as a research and drafting aid under Plaintiff's direction and supervision.

All legal arguments, factual assertions, citations, and procedural decisions were formulated and reviewed by Plaintiff personally. The final content reflects Plaintiff's own legal judgment, interpretation of the record, and responsibility for the filing. Use of this technology was limited to support tasks analogous to those performed by junior counsel or paralegals. No part of this filing was submitted without human review, editing, and substantive oversight.

Dated: April 15 2025



**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*
**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

## XI.    EXHIBITS

SEE CONCURRENTLY FILED EXHIBIT A.