UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT**<br><br>Docket No. 189 |

Pending before the Court is Ms. Gjovik's motion for partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Having considered the papers submitted, the Court finds the matter suitable for resolution without oral argument. The hearing on the motion is therefore **VACATED**. Ms. Gjovik's motion for relief is **DENIED**.

Rule 54(b) provides as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Supreme Court has instructed that,

> in deciding whether there are no just reasons to delay . . . , a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to

ensure that application of the Rule effectively "preserves the history federal policy *against piecemeal appeals*."

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (emphasis added).  Thus, "if the unadjudicated claims are closely related to those [already] decided, the district court should generally refuse to enter a judgment under Rule 54(b)" but, if "the claims are sufficiently distinct so that duplicative appellate review will be avoided, the court of appeals will generally find that entry of a Rule 54(b) judgment was not an abuse of discretion."  Moore's Fed. Prac. – Civ. § 54.23[1][b]; *see also Curtiss-Wright*, 466 U.S. at 10 (indicating that a court should consider the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units").

In the instant case, Ms. Gjovik asks that the Court enter a partial final judgment on all claims that the Court has dismissed with prejudice and/or all claims for which the Court has denied her leave to amend.  *See* Docket Nos. 112, 179 (orders filed on 10/1/2024 and 2/27/2025).  Included among these claims are claims related to alleged environmentally unsafe conditions, either at an Apple office or at Ms. Gjovik's former residence (close to an Apple factory).[1]  Ms. Gjovik's main contentions in her motion are as follows:

(1) allowing an early appeal on these already-decided claims does not raise the prospect of duplicative appellate review because the claims are factually and legally distinct from her retaliation claims that survived Apple's 12(b)(6) challenges, *see* Mot. at 7 (contending that Apple has also characterized the claims as distinct from the retaliation claims);

(2) the claims should be adjudicated by the Ninth Circuit now since they affect the public interest (*e.g.*, because they concern environmental safety), *see* Mot. at 17; and

(3) Ms. Gjovik has a strong interest in having the claims adjudicated by the Ninth Circuit now because, otherwise, she would not be able to tell the full narrative of what transpired between her and Apple at trial.  *See* Mot. at 10 (arguing that "[a]n

---

[1] Other claims include: violation of RICO; violation of SOX; violation of the Dodd-Frank Act; violation of the Bane Civil Rights Act; and violation of the Ralph Civil Rights Act.

appellate ruling restoring these claims would allow the jury to consider, in one proceeding, whether Apple engaged in dangerous and unlawful conduct, concealed its wrongdoing, and then retaliated against an employee who came close to uncovering it"); Mot. at 16 (arguing that "[t]he surviving retaliation claims cannot fill the evidentiary or narrative gap left by the dismissed tort and statutory claims" as "[t]he jury will not hear the details of Plaintiff's toxic exposures, emotional trauma, or Apple's concealment unless those claims are reinstated [by the Ninth Circuit]").

The Court has considered Ms. Gjovik's main contentions as well as the other contentions in her papers. It concludes that entry of a partial final judgment under Rule 54(b) is not appropriate for a number of reasons, including the following.

First, as Apple correctly points out, several of the already-decided claims do involve allegations of retaliation, and thus they are not distinct from the retaliation claims that the Court is allowing to proceed. *See, e.g.*, Opp'n at 10-12.

Second, entry of a partial final judgment does not require that factual and legal issues between adjudicated and unadjudicated claims be identical; similarity is sufficient. *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (asking whether "the appellate court will be required to address legal or factual issues that are *similar* to those contained in the claims still pending before the trial court[;] [a] similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]") (emphasis added). Here, there are at the very least similar factual issues. For example, for the retaliation claim brought under California Labor Code § 1102.5(b), Ms. Gjovik maintains that Apple retaliated against her because she complained about, *inter alia*, environmental safety violations. Although Ms. Gjovik will not have to prove that Apple actually violated an environmental safety law for this retaliation claim, she will still have to show that she reasonably believed there was such a violation. *See Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 988 (9th Cir. 2022). Typically, a reasonable belief has a factual basis of some kind. Thus, there will be similar factual issues raised in both the claims already adjudicated and the unadjudicated § 1102.5 retaliation claim.

3

1    Third, allowing an appeal of the adjudicated claims now does give rise to the threat of
2 duplicative appeals.  Ms. Gjovik suggests that duplicative appeals could be avoided if the Ninth
3 Circuit were to rule in her favor before the trial on her retaliation claims.  But this assumes that the
4 Ninth Circuit would rule in her favor *and* that it would do so prior to the trial on the retaliation
5 claims.  Neither assumption is a guarantee – especially the latter since Ms. Gjovik has not asked
6 for a stay of proceedings on the retaliation claims pending appeal (which the Court would not be
7 inclined to grant if sought).  And if she were to seek such a stay, that would, if anything,
8 underscore that there is factual overlap among her various claims since that would be the likely
9 basis for any stay request.

10    Fourth, that the claims at issue include claims related to environmental safety does not, in
11 and of itself, weigh in favor of "expedited" appellate review through Rule 54(b).  Certainly, Ms.
12 Gjovik has not cited any authority to support this proposition.

13    Accordingly, the Court hereby denies Ms. Gjovik's Rule 54(b) motion.  The Court shall
14 not enter a partial final judgment on claims that have been dismissed or otherwise not permitted to
15 proceed.  The Court also denies Ms. Gjovik's alternative request for leave to amend.

17    This order disposes of Docket No. 189.

19    **IT IS SO ORDERED**.

21 Dated: April 15, 2025

_____
EDWARD M. CHEN
United States District Judge