**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, *a corporation*, <br><br> Defendant. | Case No. 3:23-CV-04597-EMC <br><br> **Plaintiff's Reply in Support of Her Motion for a More Definite Statement** <br><br> MOTIONS: <br> Fed. R. Civ. P. 12(e) <br> Fed. R. Civ. P. 12(f) <br><br> HEARING: <br> Dept: Courtroom 5, 17th Fl. & Zoom <br> Judge: Honorable Edward M. Chen <br> Date: June 12 2025 <br> Time: 1:30 PM PST |

# TABLE OF CONTENTS

I. Introduction ....................................................................................................................1

II. Legal Standard for a 12(E) Motion..............................................................................1

    A. The Role of an Answer in Litigation ................................................................1

    B. Rule 8 Standard Applies to Answers. ...............................................................1

    C. How Rule 12(E) Safeguards the Litigation Process......................................... 2

III. Arguments .....................................................................................................................3

    D. Nonresponsive Pleadings in Complex Litigation Obstruct Transparency, Discovery, And Enforcement...................................................................................................3

    E. Vague And Nonresponsive Answers Will Distort Discovery and Litigation Strategy .... 4

    F. Legal Analysis: Apple's Answer Is Noncompliant with Rule 8(B) And Warrants Amendment Under Rule 12(E) ............................................................................................5

    G. This 12(E) Motion is Requesting an Order Requiring Apple to Amend their Answer 7

    H. Plaintiff Properly Seeks an Order to Amend Under Rule 12(e); Apple's Objections Misstate the Rule and Misrepresent Plaintiff's Filings........................................................7

    I. Apple's Page Limit Complaint Is Both Procedurally Baseless and Factually Misleading 8

    J. I. Apple's Citation and AI Accusations Are a Tactical Deflection from the Procedural Issues at Hand ..................................................................................................................... 9

    K. J. Apple's Vague and Evasive Responses Obstruct Discovery and Undermine Appellate Clarity ................................................................................................................10

IV. Conclusion ..................................................................................................................11

# Motion for a More Definite Statement

## I. Introduction

1. Plaintiff respectfully moves for a More Definite Statement under Rule 12(e). Apple's Answer is so vague, evasive, and ambiguous that it obstructs Plaintiff's ability to reasonably prepare for discovery or further litigation. The Answer includes numerous instances where Apple neither admits nor denies allegations, improper legal disclaimers like the document speaks for itself, responses stating that no answer is required because the allegation is a legal conclusion, and selective memory on basic facts already documented in public records or agency settlements.

2. This conduct violates Rule 8(b) and undermines judicial efficiency. Particularly in complex litigation with environmental retaliation, federal regulatory compliance, and First Amendment implications, the Court must require Defendant to file an intelligible and complete Answer.

## II. Legal Standard for a 12(e) Motion

### A. The Role of an Answer in Litigation

3. Rule 8(b) requires a defendant to admit, deny, or state a lack of knowledge about each allegation. These rules are not aspirational — they are procedural mandates designed to inform the plaintiff of the precise contours of the dispute, enable efficient discovery planning, and protect the fairness and transparency of adversarial litigation. As the Eastern District of Louisiana explained in striking part of the EPA's answer in a Clean Water Act case: Under a strict interpretation of Rule 8(b), these responses constitute admissions... because they are not denials. — Gulf Restoration Network v. EPA, 2018 WL 5430310 (E.D. La.).

4. Likewise, in *Thompson v. Ret. Plan for Employees of S.C. Johnson,* the court held that disclaimers such as no response required are not recognized responses and should be treated as admissions unless remedied. 2008 WL 5377712 (E.D. Wis. Dec. 22, 2008). This structure serves a broader litigation goal: as the Civil Litigation Management Manual (3d ed.) emphasizes: Deficient pleadings in complex cases produce cascading inefficiencies across pretrial management. — CLMM § 2.2.

### B. Rule 8 Standard Applies to Answers.

5. A Rule 12(e) motion is appropriate when a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Such motions are granted where responses fail to meet Rule 8(b)'s clear admit/deny standards; key facts are dodged with ambiguous phrases; and discovery and case management are materially impeded. Under Rule 8(b), an Answer must admit an allegation, deny an allegation, or state lack of knowledge sufficient to admit or deny (treated as a denial). Any other formulation — such as stating that something calls for a legal conclusion — is a non-response.

6. Courts across the country have struck such Answers or required re-pleading: Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law' or that 'the document speaks for itself.' — *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, 2008 WL 5377712, at *1 (E.D. Wis.). See also: *Lane v. Page*, 272 F.R.D. 581 (D.N.M. 2011); Shepherd *v. ABC*, 862 F. Supp. 486 (D.D.C. 1994); *Bruce v. Anthem Ins. Cos.*, 2015 WL 1860002 (N.D. Tex. Apr. 23, 2015).

7. In *Gulf Restoration Network v. EPA*, 2018 WL 5430310 (E.D. La.), the court struck parts of the EPA's Answer that were vague, nonresponsive, and invoked legal conclusion disclaimers — even though it was a public environmental case, as here. Especially in complex, public impact cases (environmental law, labor retaliation), deficient answers obstruct coordination between forums. As *Gulf Restoration* held, APA or administrative review cases do not get a pass — even government agencies must follow Rule 8.

### C. How Rule 12(e) Safeguards the Litigation Process

8. When a defendant files an Answer that dodges facts, misuses legal disclaimers, and selectively feigns ignorance, Rule 12(e) provides the court with a targeted remedy: require a clarified, responsive Answer.

9. This is especially vital in litigation like this, where overlapping agency actions (e.g., NLRB, DOL, CERCLA) make precision in pleadings essential for coordination and consistency across forums. The Resource Guide for Managing Complex Litigation (NJC, 2010) stresses: When pleadings are evasive or noncompliant, courts should act early to compel specificity… before fragmented litigation spirals into inefficiency. — *NJC Resource Guide §§ 2.2–2.4*.

10. By compelling Apple to file a more definite Answer, the Court will not only clarify the

record — it will protect the procedural rights of Plaintiff and preserve judicial economy in a case already spanning multiple enforcement tracks.

## III. ARGUMENTS

### D. NONRESPONSIVE PLEADINGS IN COMPLEX LITIGATION OBSTRUCT TRANSPARENCY, DISCOVERY, AND ENFORCEMENT

11. Federal litigation begins — and depends — on clear delineation of what is disputed and what is not. Rule 8(b) establishes that a Defendant must either admit an allegation, deny it, or state a good faith lack of knowledge. Apple's Answer sidesteps this obligation repeatedly, using improper responses like the document speaks for itself, no response required, and complete silence on key factual allegations. This kind of evasive pleading obstructs issue identification, prevents discovery from being tailored, and introduces unfairness into a case with serious public implications.

12. As emphasized in the Civil Litigation Management Manual (3d ed.), poorly formed pleadings in complex, multi-forum cases are not merely sloppy — they are disruptive: Early clarity of claims and defenses is essential to prevent cross-forum confusion, duplicative efforts, and judicial inconsistency. *See*, *CLMM § 2.2*. The National Judicial College's Resource Guide for Managing Complex Litigation warns that when pleadings are evasive: courts must act early to compel amendments, or risk inefficiencies that ripple through the entire case. Apple's failure to provide clear responses blocks Plaintiff from identifying what facts are genuinely disputed, planning efficient discovery, and coordinating with parallel proceedings at the NLRB, DOL, and Ninth Circuit.

13. This is a public interest case — not a purely private contract dispute. It involves federal whistleblower protections, CERCLA enforcement, and environmental safety disclosures. As such, transparency in the pleadings is a form of public accountability. The court struck parts of EPA's answer for similar evasions in *Gulf Restoration Network v. EPA*, 2018 WL 5430310 (E.D. La.). Those responses were deemed improper and struck under Rule 8(b), even in an APA record-review context. The message is clear: defendants — especially public actors or regulated entities — must plead transparently, particularly where environmental and whistleblower claims are at stake.

14. As Harvard's Louis L. Jayfe observed: Public interest litigation depends not only on rights, but on process. Procedural clarity is a form of democratic oversight.

— *116 U. Pa. L. Rev. 1033, 1037 (1968)*. A motion for a more definite statement is not aggressive — it is protective. It asks the Court to uphold the procedural guardrails that let discovery, enforcement, and trial proceed with integrity. In this case, which means requiring Apple to amend its Answer to fulfill its basic obligations: admit what's true, deny what's not, and be honest where it lacks information. Nothing more. Nothing less.

### E. Vague And Nonresponsive Answers Will Distort Discovery and Litigation Strategy

15.  Apple's failure to admit or deny basic allegations — including statements of fact, publicly documented events, and procedural history — will have serious, cascading consequences throughout this litigation. These non-responses are not neutral. They obscure the record, distort the issues, and prevent Plaintiff from crafting a discovery plan rooted in factual dispute.

16.  Where Apple claims to lack information about whether it terminated Plaintiff, whether it issued certain policies, or whether certain disclosures were made publicly or to government agencies, the result is not confusion — it is obstruction. These are not questions of evidence. They are well-documented, publicly verifiable events. Apple's refusal to respond means Plaintiff will be forced to serve unnecessary discovery requests on undisputed facts, issue subpoenas for documents Apple already possesses, or litigate privilege or admissibility fights around issues that should be off the table. As the Resource Guide for Managing Complex Litigation explains: When one party refuses to acknowledge undisputed facts, it forces the other party to over-discover, over-prepare, and mistrust the record. See, *NJC Guide §§ 2.2–2.5*.

17.  This case is linked to active or resolved matters before the National Labor Relations Board (32-CA-284428, etc.), the Department of Labor's ARB; Ninth Circuit appeals (Nos. 24-6058 & 25-2028), and Federal environmental disclosures under CERCLA and the Clean Air Act.

18.  In each of those forums, precise findings, agency directives, or admissions have been entered into the public record. Apple's refusal to acknowledge even the existence of these records will create parallel discovery efforts across forums, risk inconsistent rulings based on artificially contested facts, and block efforts at judicial efficiency across sovereign jurisdictions. Evasive pleadings erode procedural integrity and increase the likelihood of fragmented rulings in parallel cases. See, *Manual for Complex Litigation § 10.12*.

19.     Apple's Answer makes it impossible to determine which factual allegations are genuinely in dispute, which defenses may apply to which facts, and what issues are actually material to the trial. This deprives Plaintiff of basic procedural fairness — including the ability to prepare Rule 26 disclosures, depose witnesses efficiently, or determine whether summary judgment is appropriate on specific issues. Rule 12(e) protects the entire litigation structure by compelling Apple to clarify its position before the parties waste time and money litigating on a false premise of factual dispute.

### F. Legal Analysis: Apple's Answer Is Noncompliant with Rule 8(b) And Warrants Amendment Under Rule 12(e)

20.     Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading is: So vague or ambiguous that the party cannot reasonably prepare a response. Under Rule 8(b), a defendant must admit or deny each allegation. Denials must fairly respond to the substance of the allegation. See Fed. R. Civ. P. 8(b)(1)– (6). Answers that use document speaks for itself, say no response required when it clearly is, or assert ignorance without basis, may be challenged and amended. See *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011); *Gulf Restoration Network v. EPA*, 2018 WL 5430310 (E.D. La.); *Thompson v. Paul*, 356 F. Supp. 2d 1235 (D. Ariz. 2005).

21.     From the very outset of its Answer, Apple uses a pattern of evasive responses. Apple claims to lack knowledge of basic facts about Plaintiff's employment history, whistleblower reports, published op-eds, and EPA investigations into its own facilities. Many of these facts are *publicly available*, disclosed in other litigation, or already responded to in agency proceedings. This violates Rule 8(b)(5) the lack of knowledge must be genuine and reasonable, not a placeholder.

22.     The Document Speaks for Itself is rejected by Courts. This phrase is not a substitute for a denial or admission. Courts have consistently found it violates Rule 8. *Gulf Restoration Network*, 2018 WL 5430310, at *3 (holding that document speaks for itself is not a valid response).

23.     Apple denies the filing of complaints, the existence of hearings, and other facts that are judicially noticeable or already conceded in prior motions. These denials create unnecessary disputes and burdens of discovery.

24.     The pattern is intentional and requires correction. Apple's Answer evades, distracts, and refuses to engage with: environmental admissions (e.g., Superfund data, EPA findings), retaliation history, and jurisdictional facts already litigated. It forces Plaintiff to operate in a factual fog — and

obstructs discovery planning. This is exactly what Rule 12(e) is designed to prevent.

25. Apple's pattern of evasive denials is not theoretical. It includes denying knowledge of the EPA's public letters despite referencing them in the same paragraph; denying media coverage that the Court has acknowledged; and claiming ignorance of NLRB merit findings already disclosed to Apple. These are not complex factual disputes — they are well-documented public and procedural facts that Apple has litigated before.

26. The result is a pleading that actively misleads the Court and Plaintiff about what is in dispute. Under Rule 12(e), such conduct warrants an order requiring Apple to provide a more definite, Rule 8-compliant Answer.

**1. Example 1: EPA Letter Apple Pretends It Doesn't Know Exists**

27. Apple cannot pretend it doesn't know what the EPA published — especially when it admits the letter's existence and uses it as a shield. This is not a good faith lack of information; it's a tactic to obstruct discovery and evade responsibility.

- **Complaint ¶195:** Plaintiff references the U.S. EPA letter from August 31, 2023.
- **Answer:** Apple says it lacks knowledge or information sufficient to admit this and that the letter speaks for itself.
- **Reality:** The EPA letter is publicly available and was even discussed in public media, Plaintiff's filings, and whistleblower complaints. Moreover, Apple's own Answer admits its existence on information and belief. Its feigned ignorance is not credible and violates Rule 8(b).

**2. Example 2: Business Insider & Reuters Coverage Apple Denies Knowing**

28. The Court has already acknowledged these media disclosures. Apple's refusal to do so in its Answer — when it had months to investigate — is not just evasive, it is litigation misconduct under Rule 8(b)(5).

- **Complaint ¶140–141:** Refer to published reporting in Business Insider and Reuters about Plaintiff's protected disclosures and Apple's treatment of her.
- **Answer:** Apple claims lack of knowledge sufficient to admit or deny these events.
- **Problem:** The court's February 2025 Order explicitly references the *public nature* of

Plaintiff's disclosures and her media involvement. Apple's evasion contradicts the litigation record.

### 3. Example 3: NLRB Merit Findings Apple Pretends Are Unknown

29. Apple cannot have received official NLRB findings and now pretend they lack knowledge of those same events. Their response violates Rule 8(b)'s requirement to fairly respond to the substance of the allegation.

- **Complaint ¶202–203:** Details Plaintiff's NLRB complaints and the issuance of merit findings.
- **Answer:** Apple offers qualified admissions of receiving notice, then denies knowledge of the merit findings and outcomes.
- **Reality:** The court's prior ruling discusses the NLRB matters directly, including merit findings and the overlap with this case.

### 4. Example 4: Plaintiff's Employment Timeline — Denied

1. Apple's evasiveness on its own personnel data is not plausible. This violates Rule 8(b)(2), which requires a party to affirm or deny based on available information. Plaintiff pleads basic employment dates, public statements, and agency filings. Complaint ¶12, 13. Apple partially admits employment dates, then says it lacks knowledge or information about footnoted facts and other dates and denies them. These are Apple's own HR records. The company has direct access and has previously litigated based on these dates.

## G. This 12(e) Motion is Requesting an Order Requiring Apple to Amend their Answer.

2. Plaintiff does not assert that Apple is automatically required to amend its Answer. Rather, she asks the Court to **exercise its discretion under Rule 12(e)** and issue an order compelling amendment — because the Answer is so vague and evasive that it prevents discovery planning, Rule 26 disclosures, and proper issue narrowing. Rule 12(e) applies specifically to pleadings that are so vague or ambiguous that the opposing party cannot reasonably prepare a response. This includes responses to allegations that require clarification for the litigation to proceed efficiently.

## H. Plaintiff Properly Seeks an Order to Amend Under

### Rule 12(e); Apple's Objections Misstate the Rule and Misrepresent Plaintiff's Filings

3. Apple argues that Plaintiff cannot seek a more definite Answer under Rule 12(e) because no reply is required to an Answer under Rule 7(a) and accuses Plaintiff of filing two motions to circumvent page limits. Both claims are inaccurate and mischaracterize both the procedural rules and the filings at issue.

4. First, Rule 12(e) is not limited to complaints. It applies to any pleading that is so vague or ambiguous that the opposing party cannot reasonably prepare a response. Courts have consistently applied 12(e) to compel a more definite Answer where the responding party's denials are evasive, the pleading impedes discovery planning or Rule 26 disclosures, or the pleading obstructs issue identification in complex litigation. Rule 12(e) may be granted where an answer is so vague that it interferes with the opposing party's ability to determine what issues are actually in dispute. See, *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011)

5. Plaintiff is not demanding an automatic amendment. Rather, the motion asks the Court to exercise its discretion under Rule 12(e) to order Apple to file a more definite Answer. That is precisely what the Rule contemplates when a party's pleading does not comply with Rule 8(b) and materially impairs the opposing party's ability to litigate.

### I. Apple's Page Limit Complaint Is Both Procedurally Baseless and Factually Misleading

6. Apple also argues that Plaintiff improperly filed two motions — one under Rule 12(f) and one under Rule 12(e) to circumvent page limits. But each motion addresses **a different legal** standard, challenges a different portion of the Answer, and arises under distinct provisions of the Federal Rules:

- The 12(f) motion targets Apple's affirmative defenses under Rule 8(c).
- The 12(e) motion targets Apple's evasive denials and improper responses under Rule 8(b).
- Each pleading defect raises independent legal issues requiring separate treatment. Plaintiff was not only permitted, but required, to raise these procedural defects separately. Courts routinely allow parallel 12(f) and 12(e) motions, especially in cases involving complex records or coordinated litigation across multiple legal regimes.
- Further, Apple's claim of page-limit circumvention is made in bad faith. Apple itself has:

- Filed three separate Rule 12(f) motions in this case (Dkts. 42, 49, 79),
- Filed multiple Rule 12(b)(6) motions,
- Filed sprawling omnibus oppositions consolidating multiple motions only when convenient, and
- Claimed simultaneously that Plaintiff's motions are both too short (undeveloped) and too long (circumventing limits).

7. The plaintiff has not circumvented anything. She has filed procedurally proper, narrowly tailored motions that directly address Apple's pleading failures. If anything, Apple's opposition strategy reflects its own attempts to obscure the record and redirect the Court's attention away from its continued noncompliance with Rule 8.

### J. I. Apple's Citation and AI Accusations Are a Tactical Deflection from the Procedural Issues at Hand

8. Rather than defend the sufficiency of its Answer, Apple devotes portions of its opposition to accusing Plaintiff of relying on nonexistent cases and hallucinated legal authority. But Apple refused to identify which citations it disputes, refused to substantiate these claims in correspondence, and has not filed a Rule 11 motion or warning letter — because this was never a serious procedural concern. It was a tactic, aimed at discrediting a pro se Plaintiff who is simply trying to enforce clear procedural rules.

9. Apple's opposition devotes substantial space to vague and unproven claims that Plaintiff's motions contain hallucinated or fabricated legal citations. But when asked directly to substantiate those claims, Apple refused. As of the date of this filing, despite direct requests for the following, Apple has not provided a complete list of disputed citations, has not provided copies of cases it claims are fabricated, and has not served or noticed any Rule 11 motion. Apple also communicated it does not plan to move for Rule 11 sanctions. (See emails in Dkt. No. 203, Exhibit E). This confirms the nature of Apple's strategy: a rhetorical threat without evidence, raised in public filings to discredit Plaintiff — a tactic that appears calculated to intimidate, not inform.

10. Plaintiff acknowledges and affirms that she is receiving AI-powered legal assistance in

drafting and researching this litigation.[1] She does so openly, and makes a good faith attempt to review every submission carefully before filing, but due to lack of time and resources, especially comparative to her opposing party, sometimes mistakes slip through the cracks. She is not hiding anything. She is doing her best to navigate complex litigation against one of the world's largest corporations with limited resources and no intent to mislead or deceive.

11. If Apple believes any citation is incorrect, it may raise that concern specifically, and Plaintiff will respond appropriately. But vague accusations of hallucinations — made without examples, without procedural compliance, and without any corrective action — are not legal arguments. They are intimidation tactics designed to silence and shame. The Court should reject this noise and address the actual substance of the motion: whether Apple's Answer complies with Rule 8(b). It does not.

### K. J. Apple's Vague and Evasive Responses Obstruct Discovery and Undermine Appellate Clarity

12. Apple's refusal to meaningfully respond to dozens of allegations — including those concerning public records, its own termination rationale, and agency findings — leaves Plaintiff unable to properly engage in discovery. When Plaintiff issues broad discovery requests designed to uncover facts, Apple has refused to admit or deny, Apple objects that the requests are overbroad, unduly burdensome, or not tied to a specific factual dispute.

13. But Apple has created that ambiguity. It cannot, on the one hand, declines to admit or deny a material allegation, and then on the other hand object that Plaintiff's discovery requests are not sufficiently tailored to the issues Apple has refused to identify.

14. The same ambiguity infects the appellate posture. Apple argues at the Ninth Circuit that Plaintiff's dismissed claims are intertwined with those that remain. Yet it refuses to specify which allegations it is treating as still legally relevant — or what facts, if any, are in dispute. Plaintiff has no way to prepare for discovery, or to prepare appellate responses, when Apple has structurally refused to disclose the factual boundaries of its defense.

15. Rule 12(e) exists to compel clear, responsive pleadings when the opposing party cannot

---

[1] Plaintiff is using ScholarGPT, an AI research assistant based on ChatGPT, which focuses on scholarly research, document analysis, and procedural organization. All filings are personally reviewed, edited, and submitted by Plaintiff.

reasonably prepare to move forward. Apple's Answer fails that standard, and its conduct in discovery confirms the consequences of that failure.

## IV. Conclusion

16. Apple's Answer fails the most basic procedural obligations of the Federal Rules. It evades core allegations, refuses to respond to well-known facts, and cloaks its non-answers in legally unsupported disclaimers. This is not merely poor drafting — it is a tactic. A tactic designed to confuse the record, obstruct discovery, and leave Plaintiff to litigate in the dark.

17. In complex public interest litigation involving whistleblower retaliation, environmental violations, and multi-agency coordination, vague and nonresponsive answers are not just improper — they are structurally destabilizing. This Court has both the discretion and the responsibility to enforce the rules at this early stage, ensuring the litigation proceeds on a foundation of clarity, not evasion. Accordingly, Plaintiff respectfully requests that the Court grant her Motion for a More Definite Statement under Rule 12(e), and order Apple to amend its Answer in compliance with Rule 8(b).

Dated: April 17 2025

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428