**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

# Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Plaintiff's Reply to her Support of Motion to Strike** |
| vs. | MOTIONS:<br>Fed. R. Civ. P. 12(b)(6)<br>Fed. R. Civ. P. 12(f) |
| **Apple Inc.**, *a corporation*, | HEARING:<br>Dept: Courtroom 5, 17th Fl. & Zoom<br>Judge: Honorable Edward M. Chen<br>Date: June 12 2025<br>Time: 1:30 PM PST |
| Defendant. | |

# Table of Contents

I. Introduction .................................................................................................................1

II. Legal Standard for a Motion to Strike ......................................................................1

    A. The Role of an Answer in Litigation ..................................................................1

    B. Purpose and Scope of Rule 12(f) ........................................................................2

    C. Twombly/Iqbal Standard Applies to Defenses ...................................................3

III. Arguments ..................................................................................................................3

    D. Affirmative Defenses in Complex Litigation Must Be Factually and Legally Viable to Serve Their Function ..................................................................................3

    E. Allowing Factless Defenses to Remain Will Cause Significant and Tactical Litigation Harm  4

    F. Apple's Affirmative Defenses Are Legally Insufficient Under Rule 12(F) .......5

    G. Apple's Affirmative Defenses Directly Contradict the Court's Rulings ...........7

    H. Plaintiff Filed Two Distinct Motions — Apple's Attempt to Combine and Mischaracterize Them Is Misleading ......................................................................... 8

    I. Apple's Arguments Against Motions to Strike are Disingenuous ................... 9

    J. Apple's Threats Regarding Citations and AI Are Misleading, Unsupported, and Irrelevant .................................................................................................................10

    K. Apple's Failure to Plead Real Affirmative Defenses Impairs Discovery, Appellate Clarity, and Case Management ................................................................ 11

IV. Conclusion ................................................................................................................11

# Motion to Strike

## I. Introduction

1. Plaintiff moves to strike Defendant Apple Inc.'s Answer under Federal Rule of Civil Procedure 12(f) on the grounds that it is filled with insufficient, boilerplate affirmative defenses that are unsupported by any factual allegations and in many cases, legally inapplicable to the claims pled. Apple's Answer includes generic defenses such as waiver, estoppel, and after-acquired evidence, without identifying a single underlying fact to support their application. Others — such as lack of standing or failure to state a claim — are not affirmative defenses at all, and amount to legal conclusions or improper denials. Especially in a case involving environmental retaliation, federal agency enforcement, and public whistleblower claims, such defenses prejudice the Plaintiff and obstruct judicial efficiency. This Court should strike these defenses to narrow the issues and prevent unnecessary litigation over facially defective arguments.

## II. Legal Standard for a Motion to Strike

### A. The Role of an Answer in Litigation

2. An Answer is not a procedural formality — it is a cornerstone of modern federal litigation. Under Federal Rule of Civil Procedure 8(b), the defendant is required to respond to each allegation in short and plain terms, either admitting, denying, or stating a lack of information sufficient to form a belief. Crucially, the Answer serves to define and narrow the factual disputes, inform and structure discovery and motion practice, and establish any affirmative defenses that could defeat liability.

3. Under the Federal Rules of Civil Procedure, affirmative defenses must be pled in clear, specific terms and supported by some basis in fact or law. They cannot be mere placeholders or insurance policies against future arguments. When a defendant files an Answer filled with boilerplate, conclusory defenses, it defeats the purpose of the pleading. As explained by Judge Lemmon in *Gulf Restoration Network v. EPA*, evasive or ambiguous responses such as the document speaks for itself, or no response required fail to meet Rule 8(b) standards and risk being deemed admissions under Rule 8(b)(6).

4.     Further, affirmative defenses must be pleaded with specificity. A defense must have enough factual basis to be plausible under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Northern District has made clear: Affirmative defenses are subject to the same pleading standards as claims under Twombly and Iqbal. — *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010).

### B.   Purpose and Scope of Rule 12(f)

5.     Rule 12(f) provides that: *The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.* Courts grant motions to strike when the defense is conclusory and factually unsupported; the defense is legally insufficient; the defense duplicates general denials or is improperly labeled as affirmative. Although some courts look for prejudice, many in this Circuit strike defenses outright when they are facially deficient. And even where prejudice is considered: A legally insufficient defense can prejudice the Plaintiff by forcing burdensome discovery or complicating trial preparation. *See*, *Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, 2013 WL 5496961 (N.D. Cal. 2013).

6.     Rule 12(f) operates as a judicial quality control mechanism. It allows the court to remove defenses that are legally invalid, redundant, or irrelevant assertions, and catch-all boilerplate clauses with no connection to the facts of the case. This function is particularly critical in complex litigation, where vague or spurious defenses can distort scheduling, discovery, and settlement posture. As explained in the Manual for Complex Litigation (4th), identifying and narrowing the issues at the pleading stage is essential to efficiency in complex cases. *See*, *MCL § 11.422*.

7.     Apple's Answer, by contrast, includes overbroad and conclusory defenses like waiver and after-acquired evidence, with no reference to facts — and in some cases, in direct contradiction to agency findings and public settlements. Permitting such defenses to remain would frustrate the very purpose of the Answer and defeat the Court's managerial role in streamlining complex litigation.

8.     Rule 12(f) ensures that an Answer is a meaningful and transparent roadmap of the defense. By allowing courts to strike insufficient or improper defenses, the rule clears away legal noise and streamlines the case, prevents defendants from weaponizing ambiguity, and promotes procedural fairness and judicial economy. Here, Apple's use of vague, factless affirmative defenses frustrates these

core purposes. A 12(f) motion is not punitive — it's corrective. It brings the Answer back in line with the goals of early-stage litigation: to clarify what this case is truly about, and what is not in dispute.

### C. Twombly/Iqbal Standard Applies to Defenses

9. Affirmative defenses must meet the same pleading standards that apply to claims under *Twombly* and *Iqbal*. Boilerplate defenses clutter the docket and create unnecessary work; thus, they should be dismissed under the same plausibility standard. *See*, *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010). See also: *Kohler v. Islands Rests., LP*, 280 F.R.D. 560 (S.D. Cal. 2012); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878 (N.D. Cal. 2011); *Perez v. Gordon & Wong Law Grp.*, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012).

10. Examples of typical defenses that courts strike includes defenses without any factual allegations; legal doctrines (e.g., failure to state a claim) mislabeled as affirmative defenses; catch-all defenses like all applicable statutes of limitation without specification.

## III. Arguments

11. >> [add]

### D. Affirmative Defenses in Complex Litigation Must Be Factually and Legally Viable to Serve Their Function

12. In high-stakes public interest litigation like this — involving federal labor retaliation, environmental whistleblower protections, and constitutional claims — affirmative defenses must serve their intended function: to identify legal theories that, if proven, would bar Plaintiff's recovery even if her allegations are true. They are not meant to be boilerplate incantations or placeholders for unknown arguments. The use of vague, conclusory, or facially invalid defenses in this context is more than a technical failure — it is a strategic maneuver to obstruct issue narrowing, inflate litigation costs, and delay judicial scrutiny.

13. The Manual for Complex Litigation (4th) emphasizes that affirmative defenses should be used to define the contours of legal disputes early in the case — not to bury courts and litigants in speculative, unsupported assertions. Improper or untailored affirmative defenses in complex litigation compound procedural burdens and obscure core controversies. *See*, *MCL § 11.422*. This risk is

heightened in public interest cases involving multiple forums, where inconsistent or unbounded defenses can result in conflicting rulings, duplicative discovery, and strategic forum manipulation.

14. Here, Apple has inserted defenses — including after-acquired evidence, justification, and good faith — that directly conflict with its admissions and compliance obligations in prior federal agency settlements, including the NLRB′s April 2025 enforcement directives. Allowing such defenses to remain would undermine agency enforcement, reward strategic contradiction, and frustrate judicial coordination with administrative rulings. As the Joint State-Federal Environmental Litigation Guidelines warn uncoordinated defenses in complex public enforcement cases risk weakening parallel proceedings and duplicating costs across jurisdictions. — *DOJ/NAAG Guidelines (2017)*.

15. In cases involving whistleblowing, civil rights, and environmental harm, the presence of ill-formed defenses forces Plaintiffs and courts to waste time on discovery about irrelevant theories, summary judgment motions based on defenses that should never have been pled, and procedural dead ends that distract from the legal questions. As *Barnes v. AT&T Pension Plan* makes clear, courts in this Circuit routinely strike affirmative defenses at the pleading stage that are conclusions of law, unsupported by any facts, or improperly labeled as affirmative defenses. 718 F. Supp. 2d 1167 (N.D. Cal. 2010). A Rule 12(f) here ensures that only real defenses survive — those that meet both the procedural and ethical standards demanded of complex litigation.

### E. Allowing Factless Defenses to Remain Will Cause Significant and Tactical Litigation Harm

16. Apple's boilerplate affirmative defenses — particularly after-acquired evidence, good faith, and justification — are not pled with any factual support. They are not tailored to the allegations, the timeline, or Apple's own agency-admitted conduct. Their only purpose is tactical: to justify invasive, burdensome, and irrelevant discovery. For example,, Apple's inclusion of the after acquired evidence defense — without identifying any evidence, behavior, or timeframe — and with other documentations and filings including a sworn statement to the U.S. government saying their prior stated reason is the only reason they fired the Plaintiff – is a clear signal that it intends to retroactively manufacture post hoc justifications for its conduct.

17. Based on this one vague line, Apple could claim the right to subpoena Plaintiff's employment records, social media history, or private communications; conduct depositions on non-

material side issues dating back to 2015; or compel production of unrelated personal or whistleblower disclosures — all in pursuit of a defense it cannot even define.

18. Such abuse is not speculative. In retaliation and whistleblower cases, courts have long warned that improper after-acquired defenses lead to harassment and burden-shifting. As Judge Charles Breyer observed in a whistleblower action: Permitting a defendant to pursue after-acquired justifications through vague pleading invites abusive discovery that frustrates public enforcement objectives. — See also CLMM § 3.4.2; MCL § 11.442.

19. Boilerplate defenses like failure to state a claim, standing, and preemption — none of which are affirmatively pled with any theory or authority — serve no legal purpose. Their inclusion forces Plaintiff to brief unnecessary counterarguments in future motions, anticipate theoretical attacks not yet formed, and spend time and resources chasing shadows through discovery.

20. The Federal Judicial Center's guidance is clear: Defenses should be used to streamline, not to obscure. In complex or multi-issue litigation, conclusory defenses expand cost without clarifying scope. See, *MCL § 10.13*. If these defenses are not struck now, Apple will weaponize them to delay proceedings, demand irrelevant discovery, and cloud otherwise narrow legal issues.

21. Apple has already demonstrated an intent to use procedural tools — including serial motions to dismiss — to wear down and distract Plaintiff. The vague affirmative defenses now offered are the next iteration of that same strategy and will directly harm Plaintiff's ability to: prepare a case strategy, set discovery parameters, and protect privacy and whistleblower rights. A Rule 12(f) motion prevents this harm by requiring Apple to plead real defenses or none at all.

### F. Apple's Affirmative Defenses Are Legally Insufficient Under Rule 12(f)

22. Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. An affirmative defense is insufficient if it is not an actual defense to liability; it fails to provide fair notice of the defense; it is conclusory or unsupported by facts; or it is pled solely as a placeholder. See *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

23. Courts in this Circuit have emphasized that [b]oilerplate defenses clutter the docket and create unnecessary work, and such defenses should be struck to avoid confusion and delay. Id.

24. Apple's Answer contains dozens of affirmative defenses — nearly all of which are: bare legal labels without factual support; improper under the law (i.e., not true affirmative defenses); or duplicative of general denials.

25. **Failure to State a Claim – Not an Affirmative Defense.** Rule 12(b)(6) is not a defense to be pled in the Answer; it's a pre-answer motion. Courts routinely strike this as an improper affirmative defense. See *Yates v. Perko's Café*, No. 1:22-cv-00294, 2022 WL 3211428, at *2 (E.D. Cal. Aug. 9, 2022) (striking failure to state a claim).

26. **After-Acquired Evidence – Improper and Unsupported.** Apple does not allege what conduct was discovered, when it was discovered, or how it would bar or reduce liability. Without factual content, this is pure conjecture — used solely to justify fishing into irrelevant discovery on the Plaintiff's private life. *Barnes*, 718 F. Supp. 2d at 1174 (striking defense where no facts were pled to support the defense).

27. **Good Faith / Justification.** These are not affirmative defenses unless tied to a statutory safe harbor — which Apple does not claim. No statute cited. No facts pled. The defenses also conflict with Apple's past agency findings (e.g., NLRB Complaint). See *Cruz v. Mabus*, No. C 10-00046 SBA, 2010 WL 2612601, at *3 (N.D. Cal. June 28, 2010) (striking good faith as a vague, unsupported legal conclusion).

28. **Waiver, Estoppel, Laches – Pure Boilerplate.** Each of these common-law defenses must include: the conduct constituting the waiver, specific facts showing detrimental reliance, or specific delay and prejudice. Apple includes none of these. The defenses are thus conclusory and invalid. *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) (Boilerplate assertions without any factual basis must be stricken).

29. **Apple's Pattern of Procedural Overreach Justifies Striking.** This Court noted in its February 2025 ruling, that it would not excuse or tolerate the Plaintiff violating any legal rules going forward, apparently no matter how minor, or regardless of the justification. Yet the court has repeatedly allowed Apple to break rules with substantive impact, such as repetitive 12(b)(6) motions in violation of 12(g) and 12(h) which led to multiple claims being dismissed with prejudice for discretionary and procedural reasons.

30. If the Plaintiff is to be held to such a high standard, it stands that so should the

Defendant. The least the Defendant can do is file a reasonable Answer, which the Defendant has not. Apple should not be permitted to circumvent fair pleading obligations under Rule 8(c) by raising speculative defenses that mislead the record, force unnecessary motion practice, and delay resolution.

### G. Apple's Affirmative Defenses Directly Contradict the Court's Rulings

31. Several of Apple's affirmative defenses in its March 2025 Answer flatly contradict the Court's February 26, 2025 Order — which expressly rejected or disregarded similar arguments in dismissing Apple's previous Rule 12 motions. These defenses are thus legally barred, redundant, and should be stricken now to prevent confusion and manipulation. Apple cannot plead around a judicial ruling. It cannot reserve defenses that were already denied as implausible or unsupported. Doing so burdens the Plaintiff and Court with arguments that are legally dead. Courts strike such defenses routinely — not to punish, but to enforce clarity and uphold judicial rulings.

32. **Failure to State a Claim — Already Addressed and Denied.** Apple's assertion of failure to state a claim must be limited, if permitted at all, to claims where the defense has not already been fully litigated and rejected. Apple filed multiple Rule 12(b)(6) motions, including its most recent — and final — motion addressed in the Court's February 26, 2025 Order (Dkt. 179), which upheld the sufficiency of Plaintiff's surviving claims. Rule 12(h)(2) does not allow Apple to reassert this defense indefinitely, especially when it provides no specificity as to which claims the defense supposedly applies to. Without that specificity, the defense is legally insufficient under Rule 8(c) and must be struck. See *Kennedy v. USCIS*, 2020 WL 6822816, at 6 (N.D. Cal.) (once a motion under Rule 12(b)(6) has been ruled upon, repeating it in an Answer is improper.).

33. To the extent Apple seeks to preserve the objection for unadjudicated claims only, it should be required to amend its Answer and identify those claims with clarity. Otherwise, the Court — and Plaintiff — are left guessing which claims are subject to re-attack.

34. **After-Acquired Evidence — Conflicts with Agency Findings & Court Context.** Affirmative Defense No. 10 and No. 11 reference justification based on Plaintiff's conduct, despite Apple having already stated in federal filings its sole reason for termination and failed to raise this defense plausibly in prior motions. Moreover, the Court explicitly noted that Apple had not identified any legitimate justification for termination outside Plaintiff's protected activities — and recognized the

link between her disclosures and retaliatory conduct. The proximity between Gjovik's disclosures and her termination, along with Apple's internal communications, supports a plausible inference of retaliation. *Dkt. 179 at 8–9*.

35. **Standing and Lack of Jurisdiction — Already Litigated.** Apple previously contested standing and lost. The Court stated: Plaintiff's standing is not in dispute for claims that remain. The challenge to jurisdiction as to the surviving counts is rejected. *Dkt. 179 at 4*. Yet Apple now asserts lack of standing and jurisdiction again as Affirmative Defenses Nos. 15 & 16, including vague constitutional arguments and state law preemption. This is improper — not only redundant, but an attempt to preserve defenses that the Court already resolved.

36. **Good Faith & Legitimate Justification — Rejected by Court and Agencies.** Apple invokes these repeatedly without factual support, despite The NLRB's merit finding, EPA's formal engagement with Plaintiff's disclosures, and the Court's view that Plaintiff pled facts undermining legitimate reason theories. These defenses are not only speculative — they reintroduce arguments that were implicitly rejected in the Court's detailed evaluation of retaliatory motive.

## H. Plaintiff Filed Two Distinct Motions — Apple's Attempt to Combine and Mischaracterize Them Is Misleading

37. Apple accuses Plaintiff of filing two separate motions (under Rules 12(f) and 12(e)) to circumvent page limits and suggests the Court should view them as a single, improperly extended brief. This is inaccurate. Each motion addresses a different pleading defect under a different legal standard: The Rule 12(f) motion targets Apple's affirmative defenses — matters governed by Rule 8(c) that must be pled with factual and legal sufficiency. A Plaintiff may properly raise multiple procedural defects through separate, tailored motions… particularly where the defects arise under different rules or distinct subsections of Rule 12. *See Lane v. Page*, 272 F.R.D. 581, 602–03 (D.N.M. 2011) (allowing 12(e) against answer while 12(b)(6) was pending).

38. The Rule 12(e) addresses Apple's noncompliant, vague, or evasive responses to Plaintiff's allegations — defects governed by Rule 8(b), which require a clear admit, deny, or qualified denial. The motions were not duplicative. They challenge different portions of Apple's Answer under different rules, based on distinct legal violations. Filing them separately was both necessary and

appropriate.

39.     Apple's accusation of circumvention is particularly ironic given that Apple has filed three Rule 12(f) motions, multiple Rule 12(b)(6) motions, and a single consolidated opposition exceeding 15 pages, covering three motions it chose to combine itself; Apple has used the full extent of procedural tools available to them, but now seeks to punish Plaintiff for asserting basic rights under the Federal Rules. Plaintiff filed targeted, rule-compliant motions — Apple's effort to artificially merge and then misrepresent them as redundant should be rejected.

   1. **This Motion Does Not Raise Factual Disputes — It Seeks to Enforce Rule 8(c)'s Basic Requirement: Tell Us What You're Talking About**

40.     Apple argues that Plaintiff's motion improperly asks the Court to resolve factual disputes. But this argument fails because Apple has not pled any facts to dispute in the first place. Plaintiff's motion does not ask the Court to decide whether Apple's defenses are *correct*. It asks the Court to determine whether Apple's Answer satisfies the threshold requirements of Rule 8(c) and Twombly/Iqbal — i.e., whether the defenses even state enough to understand what Apple is asserting, and why. Many of Apple's affirmative defenses consist of a single conclusory sentence, with no facts, no context, no reference to claims, and no allegations supporting their applicability. For example:

41.     Apple asserts Plaintiff's claims are barred by the doctrine of waiver but does not identify what conduct constitutes the waiver; when it occurred; or what rights Plaintiff is alleged to have waived.

42.     Apple asserts Plaintiff's claims are barred by the doctrine of estoppel but provides no facts at all to suggest any misrepresentation, reliance, or prejudice — the essential elements of estoppel. Apple asserts failure to mitigate but does not allege Plaintiff failed to seek other employment; does not allege Apple attempted to reassign her; and does not reference any dates, communications, or factual basis for the claim. These are not *disputed factual defenses* — they are factless placeholders.

   I.   **APPLE'S ARGUMENTS AGAINST MOTIONS TO STRIKE ARE DISINGENUOUS.**

43.     Plaintiff's motion does not seek to resolve factual disputes or strike defenses based on disagreement. It targets affirmative defenses that are not legally recognizable, not pled with factual support, or already adjudicated and rejected. These include failure to state a claim, waiver, and after-acquired evidence, none of which are connected to specific facts or tied to any identifiable allegations.

44. Further, Apple cannot now argue that Rule 12(f) is disfavored or misapplied. It has filed multiple Rule 12(f) motions in this very action (Dkts. 42, 49, 79), seeking to strike entire allegations, footnotes, and exhibits. Plaintiff invokes the rule more narrowly — not to delete substantive claims, but to enforce pleading standards and ensure fair notice. Rule 12(f) exists to protect the record, prevent unnecessary discovery, and avoid misdirection of judicial and party resources. That is precisely the role it plays here.

### J. Apple's Threats Regarding Citations and AI Are Misleading, Unsupported, and Irrelevant

45. Apple devotes part of its opposition to vague threats about fabricated citations and AI hallucinations, but provides no evidence that any citation was fake, and makes no formal Rule 11 motion. When asked to clarify these allegations by email, Apple refused. When invited to file a Rule 11 warning letter or comply with the procedural requirements for sanctions, Apple declined.

46. Apple has no actual claim here — just another attempt to distract from the fact that its Answer fails to comply with Rule 8(c), contains boilerplate affirmative defenses with no factual support, and includes defenses already rejected by this Court. Apple's opposition attacks Plaintiff's motion to strike by asserting that she relied on nonexistent cases, AI hallucinations, and fabricated legal principles. But Apple: did not submit Westlaw search logs or any other documentation to substantiate these claims, **r**efused to provide a list of the allegedly fabricated cases, **d**eclined to meet and confer despite repeated written requests, and acknowledged that it does not intend to file a Rule 11 motion at this time. (See emails in Dkt. No. 203, Exhibit E).

47. Plaintiff respectfully discloses that she is receiving research and writing assistance from a modern AI system, including in the preparation of this motion.[1] That assistance is being used transparently and responsibly, with Plaintiff making a good faith effort, as time and resources allow, to review, verify, and edit all content. Apple, a $400 billion global corporation represented by one of the largest law firms in the country, should not be permitted to weaponize access to basic research tools as a substitute for legal argument. Apple's Answer is defective. The motion to strike addresses that defect.

---

[1] Plaintiff is using ScholarGPT, an AI research assistant based on ChatGPT, which focuses on scholarly research, document analysis, and procedural organization. All filings are personally reviewed, edited, and submitted by Plaintiff.

Reply in Support of Motion to Strike | Case No. 3:23-CV-04597-EMC | 10

Nothing about Plaintiff's use of legal research tools excuses Apple from its obligations under Rule 8 **or** shields its Answer from scrutiny under Rule 12(f).

### K. Apple's Failure to Plead Real Affirmative Defenses Impairs Discovery, Appellate Clarity, and Case Management

48. Apple's decision to assert sweeping affirmative defenses without identifying any factual basis — or even which claims the defenses are tied to — creates significant, ongoing litigation harm.

49. In discovery, Apple has already used these factless defenses to demand intensely personal, irrelevant materials, including Plaintiff's diary entries and medical history, without identifying what defense those requests relate to. Without knowing what Apple's defenses actually are — beyond generic phrases like offset, justification, or waiver — Plaintiff has no way to evaluate proportionality, object, or limit the scope of discovery. Rule 12(f) is designed precisely to prevent this type of abusive ambiguity.

50. The damage also extends to appellate coordination. Apple has claimed in its Ninth Circuit filings that Plaintiff's dismissed claims are not severable from the surviving ones. Yet in this Court, it refuses to identify which defenses relate to which claims. Plaintiff has no way to assess whether Apple's position at the appellate level has merit, because Apple refuses to disclose what legal theories it is preserving.

51. Without a clearer, more structured Answer, this litigation cannot move forward in a procedurally coherent way. Rule 12(f) allows the Court to remove defenses that lack factual grounding or legal coherence — not as punishment, but to preserve procedural fairness.

## IV. Conclusion

52. Apple's Answer is saturated with legally insufficient and facially unsupported affirmative defenses. Many are not defenses at all. Others lack even a hint of factual support. Left unchecked, they will expand discovery unnecessarily, distort motion practice, and shift the burden of clarity onto Plaintiff and the Court.

53. The rules of civil procedure do not permit defendants to load the docket with placeholder defenses or legal incantations. Especially not in a case involving federal retaliation,

environmental violations, and constitutional rights — where clarity, not clutter, is essential to justice.

54.     Plaintiff respectfully requests that the Court grant her Motion to Strike under Rule 12(f), and strike all of Apple's affirmative defenses that are insufficient as a matter of law or unsupported by any specific factual allegations.

Dated: April 17 2025

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com

**Physical Address**: Boston, Massachusetts
**Mailing Address**:  2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428