UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.  23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH AND STAY**<br><br>Docket No. 211 |

Currently pending before the Court is Ms. Gjovik's motion in which she asks for several forms of relief, specifically: (1) a stay pending appeal; (2) revocation of the discovery referral to Judge Westmore; and (3) an order requiring full briefing on a protective order to govern, *inter alia*, discovery produced in the case. Ms. Gjovik has noticed the motion for hearing on June 26, 2025. The Court hereby **VACATES** the hearing and further rules on the motion without waiting for an opposition or reply brief because the motion clearly lacks merit.

The request for a stay pending appeal is **DENIED**. The Court previously denied Ms. Gjovik's request for a partial final judgment under Federal Rule of Civil Procedure 54(b). Ms. Gjovik made that request so she could appeal this Court's orders that dismissed multiple claims pursuant to Rule 12(b)(6) and/or did not allow her to further amend. In spite of the Rule 54(b) order, Ms. Gjovik proceeded to file an appeal of, *inter alia*, those orders. She appears to have done so based on the contention that an interlocutory appeal is permitted under 28 U.S.C. § 1292(a)(1). That statute provides for appellate jurisdiction of "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1).

But § 1292(a)(1) has no application in this case because Ms. Gjovik never moved for, and therefore was never denied, an injunction.  The fact that the Court dismissed certain claims pursuant to Rule 12(b)(6) and those claims included requests for injunctive relief does not mean that the Court denied Ms. Gjovik injunctive relief for purposes of triggering § 1292(a)(1).  *Cf. CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1273 (9th Cir. 2021) ("Although 28 U.S.C. § 1292(a)(1) gives us jurisdiction to review an interlocutory order denying injunctive relief, we generally lack jurisdiction to review a non-final order dismissing claims under Federal Rule of Civil Procedure 12(b)(6).").  Moreover, as the Court explained to Ms. Gjovik in a prior order, *see* Docket No. 123 (Order at 2), the Supreme Court has underscored that § 1292(a)(1) is very limited in scope.  *See* Carson v. Am. Brands, 450 U.S. 79, 84 (1981) (stating that, "[f]or an interlocutory order to be immediately appealable under § 1292(a)(1) . . . a litigant must show more than that the order has the practical effect of refusing an injunction[;] [b]ecause § 1292 (a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of '[permitting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence'").

The Court also **DENIES** Ms. Gjovik's request for a revocation of the referral to Judge Westmore.  That Ms. Gjovik is not happy with rulings or indicative rulings made by the judge is not a reason to revoke a referral.  *Cf. Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("'[A] judge's prior adverse ruling is not sufficient cause for recusal.'").  Furthermore, that Judge Westmore has a joint letter process for discovery disputes does not deprive Ms. Gjovik of the right to be heard (*i.e.*, due process).  *See, e.g.*, *Cornerstone Staffing Solutions v. James*, No. C 12-01527 RS, 2013 U.S. Dist. LEXIS 207049, at *11 (N.D. Cal. Feb. 22, 2013) ("James provides no support for the contention that the magistrate judge's appropriate procedures facilitating the efficient adjudication of non-dispositive discovery disputes represents some kind of 'due process' violation.").  This Court also uses a joint letter process for discovery disputes.  *See* https://cand.uscourts.gov/wp-content/uploads/judges/chen-emc/EMC-Standing-Order-Civil-Discovery.pdf (¶ 4).  The Court also notes that Ms. Gjovik's request for relief seems premature in

several ways: (1) Judge Westmore has not issued a final ruling on the terms of a protective order governing, *inter alia*, discovery; and (2) even if Apple designates certain documents as confidential, that does not bar Ms. Gjovik from contesting a designation.

Finally, the Court **DENIES** the request for an order requiring full briefing on the matter of a protective order. That is an issue to be brought to Judge Westmore in the first instance.

This order disposes of Docket No. 211.

**IT IS SO ORDERED**.

Dated: May 14, 2025

_____
EDWARD M. CHEN
United States District Judge

3