UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

              Plaintiff,

     v.

APPLE INC.,

              Defendant.

Case No.  23-cv-04597-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT**

Docket Nos. 192-93

Pending before the Court are two motions filed by Ms. Gjovik: (1) a motion to strike and (2) a motion for a more definite statement.  Ms. Gjovik differentiates between the two motions as follows: the motion to strike is targeted at Apple's affirmative defenses whereas the motion for a more definite statement is directed to "Apple's evasive denials" in its answer.  Docket No. 205 (Reply at 8); *see also* Docket No. 193 (Mot. at 1) (referring to "key denials that are evasive, vague, or implausible under the circumstances").  Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** in part and **DENIES** in part the motion to strike and **DENIES** the motion for a more definite statement.  The hearing on the motions is hereby **VACATED**.

## I.    DISCUSSION

A.    Motion for More Definite Statement

Federal Rule of Civil Procedure governs a motion for a more definite statement.  It provides as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The

> motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Ms. Gjovik's motion for a more definite statement is denied for several reasons.  First, the rule is inapplicable.  Rule 12(e) provides for the remedy of a more definite statement when the litigant making the motion is required to file a "responsive pleading."  Fed. R. Civ. P. 12(e).  Here, Apple filed only an answer, and not any counterclaims.  Thus, Ms. Gjovik is not required to file a responsive pleading.  *See Thigpen v. Anderson*, No. 1:24-cv-00214-KWR-SCY, 2024 U.S. Dist. LEXIS 190346, at *14 (D.N.M. Oct. 18, 2024) ("A party may only move for a more definite statement where responsive pleadings are allowed.  As discussed above, Defendant's Answer does not raise counterclaims.").

Second, much of the relief sought by Ms. Gjovik is not a more definite statement but rather the striking of denials made by Apple.

Third, the Court agrees with Apple that much of the Rule 12(e) motion is directed at trying to resolve merits issues prior to discovery.  It is inapposite to the current situation.

Fourth, "Rule 12(e) motions are ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail."  *Media.net Adver. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1075 (N.D. Cal. 2016) (internal quotation marks omitted).  That is not the situation here.

Ms. Gjovik suggests that, at the very least, Apple should not be allowed to state in its answer "no response is required" with respect to allegations related to dismissed claims.  Here, the Court is not without some sympathy for Ms. Gjovik's position.  For example, although the Court dismissed Ms. Gjovik's environmental safety claims, it recognized that allegations related to those claims could potentially be relevant to her retaliation claims.  *See* Docket No. 204 (Order at 3) (noting that, "[a]lthough Ms. Gjovik will not have to prove that Apple actually violated an environmental safety law for [a] retaliation claim, she will still have to show that she reasonably believed there was such a violation" and, "[t]ypically, a reasonable belief has a factual basis of

2

some kind"). Nevertheless, as a practical matter, the Court sees little value in having the parties bicker over which allegations in the fifth amended complaint are still relevant to the retaliation claims and, if so, to what extent. More important, it can fairly be inferred from Apple's answer that it denies having engaged in any environmental safety violations. *See, e.g.*, 5AC ¶ 229 (with respect to § 1102.5 retaliation claim, alleging that "Apple discharged and discriminated against Plaintiff in retaliation for Plaintiff's disclosure of information about Apple's unlawful acts and omissions"); Ans. ¶ 229 (responding that, "[a]s to paragraph 229 of the Fifth Amended Complaint, Apple denies the allegations"). The Court, therefore, denies Ms. Gjovik any relief with respect to her Rule 12(e) motion.

B.    <u>Motion to Strike</u>

    Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The bulk of Ms. Gjovik's motion to strike is directed to Apple's affirmative defenses.

    1.    <u>No. 1</u>

    In the first affirmative defense, Apple claims a "fail[ure] to state facts sufficient to constitute a cognizable claim for relief." Ms. Gjovik argues the defense should be stricken because it is not an *affirmative* defense. *See Zivokovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2022) (stating that "[a] defense which demonstrates that plaintiff has not met *its* burden of proof is not an affirmative defense") (emphasis added). She also notes that the Court has already made rulings on several 12(b)(6) motions, allowing at least some causes of action to proceed.

    The Court grants the motion to strike. *See Izett v. Crown Asset Mgmt., LLC*, No. 18-cv-05224-EMC, 2018 U.S. Dist. LEXIS 211459, at *4-5 (N.D. Cal. Dec. 14, 2018) (granting motion to strike defenses that were not "true" affirmative defenses, including failure to state a claim for relief). As a practical matter, however, the ruling has no real impact on the case because Apple is not precluded from asserting failure to state a claim for relief as a "regular" defense. *See also* Fed. R. Civ. P. 12(h)(2) (providing that "[f]ailure to state a claim upon which relief can be granted may

United States District Court
Northern District of California

1    be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule

2    12(c); or (C) at trial").  To the extent the Court has already rejected arguments that Ms. Gjovik

3    failed to state a claim for relief for any cause of action, Apple may not relitigate the issue absent

4    leave of the Court.

5            2.    Nos. 6 and 7

6            The sixth affirmative defense is "failure to exercise reasonable care and diligence to

7    mitigate any damages allegedly accruing to [Ms. Gjovik]."  The seventh affirmative defense is

8    somewhat related: "Apple is entitled to an offset for any monies Plaintiff received from any source

9    after Plaintiff ceased to be employed by Apple under the doctrine prohibiting double recovery set

10   forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny."  Ms. Gjovik's primary challenge

11   to the affirmative defenses is that Apple has not provided a factual basis in support.  *See Izett*,

12   2018 U.S. Dist. LEXIS 211459, at *2 (stating that "courts in this District, including this Court,

13   have 'consistently'" applied the *Twombly* and *Iqbal* standard to affirmative defenses"; "'a defense

14   need not include extensive factual allegations in order to give fair notice, [but] bare statements

15   reciting mere legal conclusions may not be sufficient'").

16           The Court grants the motion to strike.  To be sure, based on her briefs alone, Ms. Gjovik

17   clearly understands why Apple is asserting the defenses – *e.g.*, Apple is suggesting that Ms.

18   Gjovik should have mitigated damages by seeking alternative employment and, if she did find

19   alternative employment, that income should offset any damages, if awarded.[1]  While Apple

20   suggests that this satisfies the requirement of fair notice, it should still provide some concrete

21   allegations along the lines of the above to support the defenses.  *See id*.

22           To be clear, however, Apple's allegations need not be extensive.  Thus, *e.g.*, Ms. Gjovik's

23   suggestion that Apple must provide specifics such as an "actual job" that she turned down is not

24   correct.  Docket No. 192 (Mot. at 8).  The Court also notes that Apple will have some leeway

25   when conducting discovery into the defenses because the information relevant to the defenses is,

26

27   _____

28   [1] Apple's decision to assert these defenses was likely informed by statements that Ms. Gjovik has
     made during this litigation – *e.g.*, that she has tried to find employment post-termination from
     Apple and/or that she is unemployed.

                                            4

in large part, within the possession, custody, or control of Ms. Gjovik.  Accordingly, the motion to strike is granted, but Apple has leave to amend.

        3.    <u>No. 8</u>

In the eighth affirmative defense, Apple asserts: "Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, *in pari delicto* and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages."  Ms. Gjovik's primary argument is that Apple has failed to provide a factual basis for the defense.

The Court grants the motion to strike, but with leave to amend.  Similar to above, Ms. Gjovik is likely aware of the factual predicate for the defenses – *i.e.*, Apple's position is that she was terminated because she disclosed, without authorization, confidential information and then failed to participate in Apple's investigation of the matter.  Nevertheless, Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.  *See Izett*, 2018 U.S. Dist. LEXIS 211459, at *2.

        4.    <u>No. 12</u>

In the twelfth affirmative defense, Apple states that "Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including Cal. Civ. Proc. Code §§ 335.1, 338(a), and 340(a)."  According to Ms. Gjovik, the defense should be stricken because Apple has failed to plead a factual basis to support the defense.  She also argues that none of the specific statutes cited by Apple are applicable in her case.

The Court denies the motion to strike.  Given that Ms. Gjovik worked for Apple from 2015 to 2021, *see* 5AC ¶ 12, and the sprawling nature of Ms. Gjovik's operative complaint, *see, e.g.*, 5AC ¶ 60 *et seq.* (alleging harassment by managers in the department Ms. Gjovik worked in from 2015 to 2017), it is fair for Apple to assert the defense to ensure that conduct outside of the relevant limitations periods is not actionable.  Also, as Apple points out, (1) § 335.1 applies to the claim for wrongful termination in violation of public policy, *see Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1382 (2015); (2) § 338(a) applies to, *inter alia*, the § 1102.5 claim,

United States District Court
Northern District of California

5

1  *see Rabara v. Heartland Empl. Servs., LLC,* o. 17-CV-03770-LHK, 2019 U.S. Dist. LEXIS

2  71170, at *77 (N.D. Cal. Apr. 26, 2019)[2]; and (3) § 340(a) applies to the extent a civil penalty is

3  sought.

4       5.  <u>No. 15</u>

5       In the fifteenth affirmative defense, Apple asserts that this Court

6          lacks jurisdiction over any claim by Plaintiff for alleged mental,
   emotional and/or physical distress on the grounds that such claims

7          are subject to the exclusive provisions of the California Workers'
   Compensation laws.  *See* Cal. Labor Code § 3600, *et seq.*

8          Alternatively, Apple alleges that it may be entitled to a setoff for any
   amounts paid to Plaintiff pursuant to the California Workers'

9          Compensation Act.

10  Ms. Gjovik's main contention is that the defense is legally invalid because "the exclusivity

11  doctrine of workers' compensation does not apply to claims brought under California's

12  whistleblower statutes, such as Labor Code § 1102.5."  Docket No. 192 (Mot. at 14).

13       The motion to strike is granted.  Apple has suggested that workers' compensation

14  exclusivity applies because Ms. Gjovik has asserted not just statutory claims but also a common

15  law claim for wrongful termination in violation of public policy.  But courts have held that a claim

16  for wrongful termination (as opposed to, *e.g.*, intentional infliction of emotional distress) is not

17  subject to workers' compensation exclusivity.  *See Klip v. Marine Spill Response Corp.*, No. C-11-

18  06496 EDL, 2012 U.S. Dist. LEXIS 16026, at *6-7 (N.D. Cal. Feb. 9, 2012) ("The [California

19  Supreme Court] held that where the plaintiff alleged a *Tameny* public policy claim as part of his

20  claim of IIED, only the underlying public policy claim may proceed and workers' compensation

21  was the exclusive remedy for the accompanying IIED.  A public policy violation as defined in

22  *Tameny* . . . allows plaintiffs to proceed on public policy claims while remedies based on

23  accompanying IIED claims remain exclusive to workers' compensation law.").

24

25      [2] In *Newton v. Bank of America*, No. CV 16-09581-AB (RAOx), 2018 U.S. Dist. LEXIS 228955
   (C.D. Cal. Jan. 18, 2018), the district court took note that there a lack of consensus (in both state

26  and federal court) as to whether a three- or one-year statute of limitations applies for § 1102.5
   claims.  The court ultimately concluded that there was a three-year statute of limitations where

27  damages were sought, although a one-year statute of limitations would apply if a civil penalty was
   sought.  *See id.* at *16-17.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    As for Apple's alternative position – *i.e.*, any workers' compensation could still be used as

2    a set-off to damages, if awarded – the Court agrees with Ms. Gjovik that some concrete allegations

3    are needed.  For example, is Apple aware of any workers' compensation awarded to Ms. Gjovik

4    during the time she was employed with Apple?

5        The motion to strike is therefore granted, but with leave to amend (*i.e.*, to the extent Apple

6    asserts that workers' compensation may be used as a set-off).

7        6.    No. 5

8        The fifth affirmative defense is that "Plaintiff consented to certain of the conduct that she

9    now claims was wrongful."[3]  Ms. Gjovik argues that the defense should be stricken because Apple

10    has failed to allege supporting facts for the defense.

11        The motion to strike is denied.  In its answer, Apple alleged that Mr. Gjovik signed a

12    consent with respect to use of the Gobbler application.  *See* Ans. ¶ 218.  Though this allegation

13    was not made directly in conjunction with the fifth affirmative defense per se, the allegation still

14    establishes a factual basis for the defense.

15        7.    Nos. 4, 11, 14

16    In the following affirmative defenses, Apple asserts as follows:

17    • No. 4: "Plaintiff was an at-will employee with no entitlement to continued

18        employment pursuant to Labor Code section 2922."

19    • No. 9: "[A]ssuming *arguendo* that discriminatory or retaliatory reasons had been a

20        motivating factor in any employment decision toward Plaintiff (which they were

21        not), Apple would have made the same decisions toward Plaintiff in any case for

22        legitimate, non-discriminatory and/or nonretaliatory business reasons."

23    • No. 10: "[A]ny alleged action that [Apple] took with respect to Plaintiff was

24        privileged and justified and protected by the doctrine of business necessity."

25    • No. 11: "[Apple] at all times acted without malice, in good faith, and with

26        reasonable grounds for believing its actions did not violate the law."

27

28    [3] Contrary to what Ms. Gjovik asserts, Apple has not included waiver, estoppel, or laches as part
    of the fifth or any other affirmative defense.

- No. 14: "[Apple] was fully justified, and exercised reasonable care, prudence, skill and business judgment with respect to Plaintiff, and any decisions with respect to Plaintiff were made without regard to Plaintiff's alleged disability, national origin, age or other protected basis."

Ms. Gjovik moves to strike the defenses as legally untenable and/or factually unsupported.

The motion to strike is granted, but with leave to amend. The Court does not agree that the defenses are legally untenable. As Apple explains in its opposition, it is simply contending that it did not act unlawfully and that it had a legitimate basis to terminate Ms. Gjovik. The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses. In its opposition, Apple already indicates what those facts will be (*i.e.*, it terminated Ms. Gjovik for disclosing, without authorization, confidential information and for not participating in Apple's investigation into the matter), but those facts should still be articulated in the pleading.

To the extent Ms. Gjovik suggests that all or some of the defenses are not "true" affirmative defenses, that is unclear. Context may inform whether the defenses are affirmative defenses or instead are defenses related to elements that Ms. Gjovik has the burden of proving as part of her prima facie case. Thus, the Court does not strike on that basis.

8.    Nos. 2-3

Affirmative Defenses Nos. 2 and 3 relate to causation. Apple asserts that "no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct." In her motion, Ms. Gjovik argues that the defenses should be stricken because Apple has failed to provide a factual basis for the defense.

The Court grants the motion to strike, but with leave to amend. Admittedly, Ms. Gjovik is aware of Apple's position that she was terminated because she disclosed, without authorization confidential information and failed to participate in the investigation of the matter. Nevertheless, Apple should still provide some concrete allegations to that effect to support the defense.

9.    No. 16

The sixteenth affirmative defense is as follows: "Apple reserves the right to assert

United States District Court
Northern District of California

8

1    additional defenses in the event discovery indicates it would be appropriate to do so." Ms. Gjovik

2    argues the Court should strike the defense as it is not a defense at all.

3         The Court grants the motion. "'The mere reservation of affirmative defenses is not an

4    affirmative defense.'" *Izett*, 2018 U.S. Dist. LEXIS 211459, at *5. However, if Apple finds,

5    whether through discovery or otherwise, a basis for additional affirmative defenses, it may move

6    for leave to amend its answer in accordance with Federal Rule of Civil Procedure 15. *See id.*

7         10.    No. 13

8         In the thirteenth affirmative defense, Apple states: "[A]ny award of punitive damages in

9    this case would violate the due process, equal protection and excessive fines provisions of the

10    California and United States Constitutions." According to Ms. Gjovik, the defense should be

11    stricken because it is boilerplate in nature.

12         The motion to strike is denied. To be sure, without knowing what punitive damages are

13    awarded (if any), the Court cannot assess whether the amount is excessive or violates due process

14    (*e.g.*, because of the magnitude compared to the actual damages). However, the Court shall not

15    strike the defense because Ms. Gjovik's prior pleadings have indicated that she will be seeking

16    significant punitive damages. *See, e.g.*, Docket No. 32-2 (SAC ¶¶ 1603-08) (suggesting that

17    punitive damages should be at least 10 times the compensatory award and should take into account

18    Apple's market cap of over $3 trillion).

19         11.    Relief Sought of Dismissal and Attorneys' Fees

20         In its prayer for relief, Apple asks, *inter alia*, for a dismissal of Ms. Gjovik's complaint

21    and an award of attorneys' fees. Ms. Gjovik asserts that this specific relief should be stricken.

22         The motion to strike is denied. If Apple prevails in this suit, it is entitled to a dismissal

23    even if it has not brought any counterclaims. As for attorneys' fees, the issue is premature but the

24    Court cannot say at this juncture that a request for fees is improper in light of, *e.g.*, Federal Rule

25    of Civil Procedure 11.

26         12.    References to No "Preclusive Effect"

27         Apple's answer contains statements that government agency determinations do not have

28    preclusive effect. *See, e.g.*, Ans. ¶ 8. Ms. Gjovik moves to strike such statements because they

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1    are irrelevant: "Plaintiff never alleged that the government's actions, such as investigations or

2    enforcement, have any preclusive effect on the claims at issue here.  Instead, Plaintiff has simply

3    referenced the government's actions in relation to the reported violations and retaliation."  Docket

4    No. 192 (Mot. at 7).

5           The motion to strike is denied.  "The standard for striking portions of a complaint under

6    Rule 12(f) 'is strict and . . . only allegations that are so unrelated to the plaintiffs' claims as to be

7    unworthy of any consideration should be stricken.'"  *Sizer v. Bennett*, No. 2:17-cv-01591-LPL,

8    2018 U.S. Dist. LEXIS 118773, at *3-4 (W.D. Pa. July 17, 2018).  Moreover, although Ms.

9    Gjovik's motion states that she does not seek to hold Apple to any agency determination, her reply

10   is not consistent.  *See* Docket No. 206 (Reply at 2, 4) (arguing that Apple's answer is, "in some

11   cases, in direct contradiction to agency findings and public settlements" – *e.g.*, "Apple has inserted

12   defenses . . . that directly conflict with its admissions and compliance obligations in prior federal

13   agency settlements").

14   C.    RJN

15          In conjunction with the pending motions, Ms. Gjovik has filed a request for judicial notice.

16   Specifically, Ms. Gjovik has asked the Court to take judicial notice of certain NLRB settlement

17   proceedings.  The request for judicial notice is denied.  As indicated by the above, the settlement

18   proceedings are largely irrelevant to resolution of the pending motions.  Moreover, Ms. Gjovik's

19   request improperly asks the Court to do more than just take judicial notice of any facts.  Finally,

20   Ms. Gjovik ignores that the settlement agreement contains a non-admissions clause.  *See* Docket

21   No. 194 (ECF Page 16) (Settlement Agreement) ("By entering into this Agreement the Charged

22   Party does not admit to any violation of the National Labor Relations Act.").

23   D.    Use of Artificial Intelligence

24          Finally, the Court addresses Apple's arguments related to Ms. Gjovik's use of artificial

25   intelligence ("AI") and its request for sanctions pursuant to Federal Rule of Civil Procedure 11.

26   Ms. Gjovik has admitted to use of AI.  *See, e.g.*, Docket No. 206 (Reply at 10).  Apple argues that

27   her use of AI has been, and continues to be, a problem because she has not confirmed, and

28   continues not to confirm, the accuracy of the AI-generated information or information otherwise

United States District Court
Northern District of California

1   provided by AI.  Apple has pointed to a number of examples where the information provided is

2   not correct, indicating that Ms. Gjovik has not been verifying the information.[4]  Ms. Gjovik

3   maintains that she is exercising oversight, but the examples provided by Apple indicate otherwise.

4   Notably, Ms. Gjovik does not address the numerous examples provided by Apple.  She simply

5   states that she is making a "good faith effort, as time and resources allow, to review, verify, and

6   edit all content."  Docket No. 206 (Reply at 10).

7          At this juncture, the Court shall not impose any sanctions.  However, it forewarns Ms.

8   Gjovik that (1) she is responsible for verifying the accuracy of AI-generated or AI-provided

9   information, including but not limited to case citations and content, **and** that (2) failure to do so

10  may lead to sanctions, including but not limited to a finding of contempt and/or the ability to

11  proceed pro se.  *See Kruglyak*, 2025 U.S. Dist. LEXIS 56784, at *10 (declining to sanction pro se

12  plaintiff for use of AI but, "going forward," plaintiff was ordered to "identify any cases that are

13  the result of legal research preformed with generative AI" and held "responsible for verifying their

14  accuracy"; also cautioning plaintiff that failure to do so could lead him to be held in contempt of

15  court and to lose the ability to proceed pro se).

16         Ms. Gjovik is also advised that the standard applicable to her conduct is Rule 11.  *Cf. Park

17  v. Kim*, 91 F.4th 610, 616 (2d Cir. 2024) (stating that, "[i]f a lawyer chooses to employ technology

18  in representing a client, the lawyer continues to be bound by the requirements of Federal Rule of

19  Civil Procedure 11").  *See, e.g.*, Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading,

20  written motion, or other paper[, . . .] an attorney or unrepresented party certifies that to the best of

21  the person's knowledge, information, and belief, formed after an inquiry reasonable under the

22  circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing

23  law . . . .").  The Court is cognizant that Ms. Gjovik is involved in other proceedings against Apple

24

25  _____

    [4] *See generally Williams v. Cap. One Bank, N.A.*, No.: 24-2032 (RC), 2025 U.S. Dist. LEXIS
26  49256, at *20 (D.D.C. Mar. 18, 2025) (noting that "[c]ourts have recently seen increasing reliance
    on artificial intelligence in legal proceedings, leading to the use of nonexistent citations in court
27  documents"); Kruglyak v. Home Depot U.S.A., Inc., 2025 U.S. Dist. LEXIS 56784, at *4 (W.D.
    Val. Mar. 25, 2025) (stating that AI "platforms sometimes 'hallucinate,' meaning they provide
28  inaccurate responses[;] [i]n the legal research context, these hallucinations can include the
    generation of fictitious case cites and misrepresentations of case summaries or holdings").

in different venues which could affect the time she has available to work on this case.  That fact, however, does not relieve her of her Rule 11 obligations before this Court.

The Court emphasizes that it is Ms. Gjovik's responsibility to confirm the accuracy of information *before* she files any papers with the Court containing that information; the burden is not on Apple to identify what information is problematic.  That being said, if Apple seeks Rule 11 sanctions in the future based on filings made by Ms. Gjovik, then it must comply with the rule's procedures, including the safe harbor.  *See* Fed. R. Civ. P. 11(c).

## II.    CONCLUSION

For the foregoing reasons, Ms. Gjovik's motion for a more definite statement is denied, but the motion to strike is granted in part and denied in part.  Apple may file an amended answer consistent with the Court's rulings above.  The amended answer shall be filed within two weeks of the date of this order.

This order disposes of Docket Nos. 192-93.

**IT IS SO ORDERED**.

Dated: May 19, 2025

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

12