IN THE
# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,
*Plaintiff-Appellant,*

*v.*

APPLE INC.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

## DEFENDANT-APPELLEE APPLE INC.'S RESPONSE TO APPELLANT'S MOTION FOR INJUNCTION

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF AUTHORITIES ..................................................................... iii

INTRODUCTION ...................................................................................... 1

BACKGROUND .......................................................................................... 1

ARGUMENT ............................................................................................... 3

I.    This Court Lacks Jurisdiction Over This Appeal ................. 4

II.   Most Of The Motion's Bases For Relief Do Not Apply. ......... 5

    A.   Marsy's Law and the CVRA do not apply in civil proceedings. ................................................................. 5

    B.   Federal witness-tampering statutes do not authorize a private party to request relief from this Court. ........................................................... 8

    C.   RICO does not authorize this Court to issue the requested injunction. ......................................... 9

    D.   Neither the All Writs Act nor California law can enlarge this Court's jurisdiction. .............................. 11

    E.   The Motion does not develop other bases for relief. ........................................................................ 12

III.   The Motion Does Not Establish The Elements Required For Injunctive Relief Or A Stay. ........................................ 12

    A.   The Motion does not show a likelihood of success ...... 13

    B.   The Motion does not establish irreparable harm. ....... 14

    C.   Neither the balance of equities nor the public interest favors the requested injunction. ................... 18

    D.   Much of the requested relief is vague and overbroad. ................................................................. 19

CONCLUSION .......................................................................................... 20

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amari Co. v. Burgess*,
    546 F. Supp. 2d 571 (N.D. Ill. 2008) ................................................... 18

*Boquist v. Courtney*,
    No. 20-35080, 2022 WL 1184730 (9th Cir. Apr. 21, 2022) ................ 12

*Bowles v. Russell*,
    551 U.S. 205 (2007) ............................................................................... 4

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
    710 F.3d 946 (9th Cir. 2013) ............................................................... 10

*Clinton v. Goldsmith*,
    526 U.S. 529 (1999) .............................................................................. 11

*Columbia Pictures Indus., Inc. v. Fung*,
    710 F.3d 1020 (9th Cir. 2013) ....................................................... 19, 20

*Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*,
    122 F.3d 1211 (9th Cir. 1997) ............................................................. 12

*First Resort, Inc. v. Herrera*,
    860 F.3d 1263 (9th Cir. 2017) ............................................................. 10

*Gjovik v. Washington*,
    No. 2:22-cv-00807, 2022 WL 2317301 (W.D. Wash June
    28, 2022) ............................................................................................... 17

*In re Kenna*,
    453 F.3d 1136 (9th Cir. 2006) ............................................................... 7

*Lacey v. Maricopa Cnty.*,
    693 F.3d 896 (9th Cir. 2012) ............................................................... 10

*Lightning Lube v. Witco Corp.*,
    4 F.3d 1153 (3d Cir. 1993) .................................................................. 10

iii

*Pa. Bureau of Corr. v. U.S. Marshals Serv.*,
474 U.S. 34 (1985) ................................................................ 11

*Panah v. Dep't of Corr. & Rehab.*,
No. 14-00166 BLF (PR), 2019 WL 4168967 (N.D. Cal.
Sept. 3, 2019) ...................................................................... 6

*In re Shahin*,
767 F. App'x 376 (3d Cir. 2019) ........................................ 7

*Shoop v. Twyford*,
596 U.S. 811 (2022) ............................................................ 11

*In re Siler*,
571 F.3d 604 (6th Cir. 2009) ............................................ 7

*Simon v. City & Cnty. of San Francisco*,
135 F.4th 784 (9th Cir. 2025) .......................................... 13

*Slaieh v. Superior Ct. of Riverside Cnty.*,
77 Cal. App. 5th 266 (2022) ............................................ 6

*United States v. Moussaoui*,
483 F.3d 220 (4th Cir. 2007) ............................................ 7

*Wagh v. Metris Direct, Inc.*,
363 F.3d 821 (9th Cir. 2003) ............................................ 11

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008) ................................................................ 13

*Zaldivar v. City of Los Angeles*,
780 F.2d 823 (9th Cir. 1986) ............................................ 18

## Constitutional Provisions

Cal. Const. Art. I, § 28 ........................................................ 5

## Statutes

18 U.S.C. § 1512 .................................................................. 8

18 U.S.C. § 1513 .................................................................... 8

18 U.S.C. § 1514 .................................................................... 9

18 U.S.C. § 1514(a)(1) ......................................................... 9

18 U.S.C. § 1514(b)(1) ......................................................... 9

18 U.S.C. § 1962(a) ....................................................... 10, 11

18 U.S.C. § 1962(c) ......................................................... 9, 10

18 U.S.C. § 1962(d) ........................................................ 9, 10

18 U.S.C. § 1964 .................................................................. 9

18 U.S.C. § 1964(a) .............................................................. 9

18 U.S.C. § 3771(d)(3) ......................................................... 7

28 U.S.C. § 1291 .................................................................. 4

28 U.S.C. § 1651 ................................................................ 11

28 U.S.C. § 2107(a) .............................................................. 4

Cal. Gov't Code § 12945.8 ................................................. 12

Cal. Lab. Code § 230(e) ..................................................... 12

Cal. Lab. Code § 1102.61 ................................................... 12

California Lab. Code § 1102.5 ........................................... 12

California Penal Code § 679.10 ........................................... 7

**Rules and Regulations**

Fed. R. App. P. 27(a)(3)(A) .................................................. 3

Fed. R. App. P. 38 ............................................................. 16

Fed. R. Civ. P. 11 ......................................................... 16, 18

Fed. R. Civ. P. 54(b)......................................................................4

**Other Authorities**

2 Witkin, Cal. Evid. 6th Discovery § 36 (2024)........................................6

## INTRODUCTION

Ms. Gjovik moves to stay all proceedings in the district court, pending an appeal over which this Court lacks jurisdiction. She also seeks a host of injunctions directed at Apple, its counsel, and apparently the district court and magistrate judges managing the litigation below.

None of this relief is appropriate. Ms. Gjovik bases her vague and overbroad requests on statutes that do not apply to this case, on supposed facts and claims that the district court has rejected in orders not encompassed in her notice of appeal, and on her own misplaced sense of victimization by ordinary discovery and litigation of the case that *she* chose to bring against Apple. She then asks this Court to exercise power Congress did not grant, skip the appellate briefing process entirely, conduct its own factfinding in the first instance on her allegations of harassment, restore her dismissed and consciously forfeited claims, and then base injunctive relief on them.

This Court should decline that invitation and deny the Motion.

## BACKGROUND

The present appeal arises from the district court's order granting in part and denying in part Apple's motion for partial dismissal of Ms.

Gjovik's Fifth Amended Complaint. ECF 179, Dkt. 5.1 Ex. 2.[1] While the Notice of Appeal references other "dismissal orders," such orders were filed far outside the jurisdictional 30-day window preceding the Notice of Appeal. *See, e.g.*, ECF 112 (Oct. 1, 2024); ECF 73 (dismissing civil rights and RICO claims, among others, May 20, 2024); ECF 46 (dismissing 650-page complaint *sua sponte*, Jan. 30, 2024)

On May 7, 2025, Ms. Gjovik filed the instant Motion for Injunction. Dkt. 15.1. The Motion alleges a variety of acts—by Apple, by Apple's counsel, by the judges below, and by several unrelated third parties—that it characterizes as a pattern of harassment, intimidation, and retaliation. *See generally* Mot. It requests a host of invasive interventions by this Court, ranging from micro-management of discovery in the district court, to cabining Apple's defenses, a stay of proceedings pending appeal, and a criminal referral. Mot. at 19-20.

Ms. Gjovik did not file any supporting exhibits or a declaration with the Motion, and it cites no exhibits. Instead, on May 12, 2025—five days into Apple's 10-day period to respond—Ms. Gjovik filed two

---

[1] Within this motion, references to "Dkt.__" are to this Court's docket for the present appeal,. References to "ECF __" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

"declarations" consisting of 75 pages laden with legal argument, as well as over 700 pages of exhibits. Dkt. 19.2 ("Decl. I"), 19.1 ("Decl. II"), 19.3, 23.1 at 4-6. The same day, she also filed a sealed declaration and exhibits, which she refuses to serve on Apple. Dkt. 20, 23.1 at 6.[2]

On May 13, 2025, Ms. Gjovik filed an additional "supplement" consisting of over 200 additional pages, including an argumentative 24-page motion to quash discovery orders in the district court. Dkt. 21. The district court denied that motion the following day. ECF 213.

Due to these late-filed, argumentative, and withheld materials, Apple moved to extend its deadline to respond to the Motion, or alternatively to strike the belated and argumentative declarations and the unserved sealed materials. Dkt. 23.1. Because this Court has not yet ruled, Apple responds as best it can per Fed. R. App. P. 27(a)(3)(A), but reserves the right to amend or expand its response if granted relief.

## ARGUMENT

The Motion fails for at least three independent reasons. First, this Court lacks jurisdiction over this interlocutory appeal at all.

---

[2] On May 15, 2025—two business days before the response deadline— Ms. Gjovik filed what she claims are redacted versions of *some* sealed materials; it lacks any version of at least sealed Exhibits A-L. Dkt. 24.

Second, the Motion does not develop any legal basis for the relief it seeks.  Finally, it fails to meet the elements for a stay or an injunction.

## I.     This Court Lacks Jurisdiction Over This Appeal.

As Apple demonstrated in its pending motion, this Court lacks jurisdiction over this appeal.  Dkt. 5.1; Dkt. 12.1.  Ms. Gjovik's Notice of Appeal seeks review only of "the final judgment and related dismissal orders entered by this Court," including the partial dismissal order at ECF 179 ("Dismissal Order").  ECF 190 ¶ 1.  But there is no final judgment on the district court docket; ECF 179 disposes of only some of Ms. Gjovik's claims, and some of those only in part, and thus is not an appealable "final decision[] of the district court[]."  28 U.S.C. § 1291; *see* Dkt. 5.1 at 8-14.  The district court confirmed as much in denying Ms. Gjovik's request for certification under Rule 54(b).  *See* ECF 204.

Nor can Ms. Gjovik appeal from any earlier "dismissal orders." The Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'"  *Bowles v. Russell*, 551 U.S. 205, 209 (2007). The prior dismissal order issued in October 2024, well over 30 days before the Notice of Appeal here.  28 U.S.C. § 2107(a); *see* Dkt. 5.1 at 8 n.7.  That delay is fatal to this appeal.

## II.   Most Of The Motion's Bases For Relief Do Not Apply.

### A.   Marsy's Law and the CVRA do not apply in civil proceedings.

Much of the Motion asserts that Ms. Gjovik is a crime victim and thus entitled to protection from normal discovery and other litigation processes under Marsy's Law (Cal. Const. Art. I, § 28) and the Crime Victims' Rights Act (CVRA).  *See, e.g.*, Mot. 1, 3, 5-10, 11, 13, 16, 17, 19.

As a threshold matter, the Motion offers no evidence (visible to Apple) that any law enforcement or other agency agrees Ms. Gjovik is a crime victim.  While the Motion vaguely alleges that "the FBI opened an investigation" and "the EPA launched a criminal probe," Mot. at 3; Decl. II at 14, neither the Motion nor the belated declarations identify any such proceedings.  *See, e.g.*, Decl. I at 6, 8, 9, 11, 29, 30, 57 (alleging only that she contacted various agencies); *id.* at 13, 24 (alleging civil investigation, not criminal enforcement); Decl. II at 6, 12, 14, 17, 18, 20 (same).  Even Ms. Gjovik concedes that "the government has failed to take meaningful action" in response to her complaints.  Mot. at 3. Repeatedly inserting the words "harassment," "intimidation," and "crime victim" into her briefing and speculating that Apple and its counsel engaged in a far-reaching conspiracy against her does not make

it so.  Thus, no evidence whatsoever supports Ms. Gjovik's accusations of harassment or intimidation in litigating this case.  *Infra* 14-18.

Regardless, neither of the Motion's asserted bases for crime-victim protections applies here.  For example, the Motion asserts—without citing authority—that "Marsy's Law … is enforceable in civil proceedings."  Mot. at 11; *id.* at 5.  It is not.  Rather, Marsy's Law "clearly limits its protections to adult criminal and juvenile proceedings" and specifically to "the *criminal proceeding* involving the victim and the defendant."  *Slaieh v. Superior Ct. of Riverside Cnty.*, 77 Cal. App. 5th 266, 271, 275 (2022) (emphasis in original).  Marsy's Law "does not authorize relief … in civil proceedings."  *Panah v. Dep't of Corr. & Rehab.*, No. 14-00166 BLF (PR), 2019 WL 4168967, at *3 (N.D. Cal. Sept. 3, 2019).  In particular, Marsy's Law does not permit a civil litigant to evade conventional discovery in a civil case, as the Motion requests in multiple forms, even where the same parties are involved in a separate criminal case.  *Slaieh*, 77 Cal. App. at 275 (wife cannot refuse deposition by husband in divorce proceeding despite restraining order and felony prosecution alleging stalking and criminal threats); *see also* 2 Witkin, Cal. Evid. 6th Discovery § 36 (2024).  And even Ms.

Gjovik concedes that Marsy's Law does not authorize "traditional injunctive relief" of the sort she demands here.  Mot. at 9.[3]

Despite Ms. Gjovik's protests, *see* Mot. at 5-7, the same is true of the CVRA.  As multiple federal circuits have concluded, "[t]he rights codified by the CVRA … are limited to the criminal justice process." *United States v. Moussaoui*, 483 F.3d 220, 234–35 (4th Cir. 2007) (citing *In re Kenna,* 453 F.3d 1136, 1137 (9th Cir. 2006)); *see also In re Shahin*, 767 F. App'x 376, 377 (3d Cir. 2019) (rejecting mandamus petition under CVRA from civil litigant claiming she was "victimized … in the judicial process" by "harassment" and "intimidation"); *In re Siler*, 571 F.3d 604, 610 (6th Cir. 2009) (in the CVRA, "Congress was concerned only with the victim's right to take part in the criminal trial").  Furthermore, as Ms. Gjovik tacitly concedes, the CVRA authorizes the district court, not a Court of Appeals, to issue orders protecting crime victims in the first instance.  Mot. at 10; *see* 18 U.S.C. § 3771(d)(3).[4]

---

[3] The Motion also invokes California Penal Code § 679.10, Mot. at 9-10, but that statute concerns rights to obtain a police report and obtain a certification of "victim helpfulness" for use in immigration proceedings.
[4] To the extent the Motion implies otherwise, it cites only "*United States v. Nichols*, 504 F.3d 1221 (9th Cir. 2007)."  Mot. at 6.  No such case appears to exist; the citation leads to *Scarbrough v. Bd. of Trs. Fla.*

In short, neither Marsy's Law nor the CVRA grants a party a free-floating right to demand special treatment in civil litigation based on her self-proclaimed victimhood, and certainly not from this Court. For the same reason, the Motion's plea to "recognize … environmental crimes … as violent crimes" is simply irrelevant to the relief it requests. Mot. at 7-9. This Court should deny the Motion.

**B. Federal witness-tampering statutes do not authorize a private party to request relief from this Court.**

The Motion also characterizes Ms. Gjovik as a "federal witness and informant" or similar phrases, and asserts she is entitled to protection under federal witness-tampering laws such as 18 U.S.C. §§ 1512 and 1513. *See, e.g.*, Mot. at 3, 11, 19. While Apple and its counsel vigorously deny any wrongdoing, that factual dispute is irrelevant here.

Federal witness-tampering laws give the government, not private parties, the right to invoke their protection. Sections 1512 and 1513 define criminal "offense[s]" and authorize only criminal "prosecution" by the government. *See* 18 U.S.C. §§ 1512, 1513. Civil enforcement is

---

*A&M Univ.*, an Eleventh-Circuit case concerning Title VII that does not discuss crime victims or the CVRA. As Apple has noted elsewhere, Ms. Gjovik has developed a pattern of relying on such nonexistent authority invented by generative artificial intelligence tools. *Infra* 16.

provided in § 1514, but that section permits only "the attorney for the Government" in the relevant criminal case, or the court itself, to move for a TRO or a full protective order. 18 U.S.C. § 1514(a)(1), (b)(1). The Motion identifies no authority that lets a private party like Ms. Gjovik seek such orders. This Court should deny the Motion.

### C. RICO does not authorize this Court to issue the requested injunction.

The Motion's reliance on the civil remedies section of RICO, 18 U.S.C. § 1964, is also misplaced. *See, e.g.*, Mot. at 1-2, 4, 11-12, 19.

First, only "[t]he *district courts* of the United States shall have jurisdiction to prevent and restrain violations of [RICO] by issuing appropriate orders." 18 U.S.C. § 1964(a). Ms. Gjovik never moved for any injunction, under RICO or otherwise, in the district court. *See* ECF 213 at 2. And the Motion identifies no authority enabling this Court to issue injunctions based on RICO in the first instance.

Second, Ms. Gjovik cannot rely on her now-dismissed RICO claims pled in prior complaints. The Motion relies on 18 U.S.C. § 1962(c) and (d), which prohibit parties from engaging in "a pattern of racketeering activity" or conspiring to do so. *See, e.g.*, Mot. at 1, 3, 6, 12, 17, 20. Not only did the district court correctly dismiss those claims, Ms. Gjovik

then explicitly *abandoned* them.  Specifically, the Fourth Amended Complaint states that Ms. Gjovik "surrendered several additional claims" including "RICO § 1962(c) and 1962(d) claims" by omitting them from the complaint "despite being granted leave to amend." ECF 76 ¶ 6. She cannot now revive them to justify an injunction. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are "waived if not repled"); *see also Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013); *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017).

Third, the Motion otherwise relies on ordinary discovery and litigation proceedings in the district court, but none are predicate acts for a pattern-based RICO claim under § 1962(c) or (d).  *Infra* 14-18.

Finally, the Motion does not even attempt to show that § 1962(a)—the only other RICO provision Ms. Gjovik ever invoked in the district court—is satisfied.  As the district court correctly explained, that provision "is directed specifically at the use or investment of racketeering income" and requires a plaintiff to show that "funds derived from the alleged racketeering activity … were used to injure [her]."  ECF 73 at 11 (quoting *Lightning Lube v. Witco Corp.*, 4 F.3d

1153, 1188 (3d Cir. 1993) and *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003)).  The Motion neither discusses racketeering income or funds, nor explains how any activity it alleges could violate § 1962(a).

### D. Neither the All Writs Act nor California law can enlarge this Court's jurisdiction.

The Supreme Court has long held that a party cannot use the All Writs Act "to circumvent statutory requirements or otherwise binding procedural rules."  *Shoop v. Twyford*, 596 U.S. 811, 820 (2022).  The Act also "cannot enlarge a court's jurisdiction."  *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999).  Thus, Ms. Gjovik cannot use the Act to seek relief under Marsy's Law or the CVRA in a civil proceeding, under federal witness-tampering law as a private party, or under RICO from an appellate court in the first instance.  The statutes discussed above set the terms under which such relief is available; the Act does not alter them. *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").  Nor does the Motion explain how its requested interventions aid this Court's jurisdiction.  *See* 28 U.S.C. § 1651.

The Motion's reliance on California Labor Code § 1102.5, *see* Mot. at 1, 17, similarly fails. The Code authorizes a petition for injunction on the basis of § 1102.5 only in state superior court. Cal. Lab. Code § 1102.61. And the Motion does not explain how a state statute can grant a federal Court of Appeals authority beyond that given by Congress.

### E.    The Motion does not develop other bases for relief.

In isolated places, the Motion alludes to other alleged authority. *See, e.g.*, Mot. at 1 ("inherent equitable powers), 3 ("Cal. Lab. Code § 230(e), AB 2499"), 4 ("FEHA-based rights under Cal. Gov't Code § 12945.8"), 11 ("federal civil rights statutes"); 20 ("inherent power to disqualify counsel or impose structural remedies"). But it does not analyze any of these authorities, recite any standards for their application, or attempt to explain how they are met. Even for pro se parties, this Court will not craft arguments that are not presented. *See, e.g.*, *Boquist v. Courtney*, No. 20-35080, 2022 WL 1184730, at *1 n.2 (9th Cir. Apr. 21, 2022) (citing *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997)). It should not do so here.

### III.    The Motion Does Not Establish The Elements Required For Injunctive Relief Or A Stay.

Even if this Court *could* issue the requested injunction or stay, the

Motion does not show that it *should* do so. A party seeking a temporary injunction must show (a) she "is likely to succeed on the merits," (b) she "is likely to suffer irreparable harm in the absence of preliminary relief," (c) "that the balance of equities tips in [her] favor," and (d) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[5] The Motion fails to satisfy each prong.

In addition, much of the relief requested is too vague to be understood or applied; it should be denied for that reason as well.

**A.    The Motion does not show a likelihood of success.**

Ms. Gjovik does not show that she is likely to succeed on any relevant issue, under either the injunctive or stay standards. As noted above, this Court presently lacks jurisdiction over any district court order identified in the Notice of Appeal. *Supra* 4. Tellingly, Ms. Gjovik's Notice of Appeal refers only to "dismissal orders" and thus does not cover most of the discovery and case-management matters about which Ms. Gjovik complains. *Supra* 2, 4. And even if this Court could

---

[5] This Court's standard for a stay pending appeal is "similar, but not identical" because petitioners need not "show that it is more likely than not that they will win on the merits,' instead, they must show that at a minimum, 'there is a substantial case for relief on the merits.'" *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 815–16 (9th Cir. 2025).

consider RICO and witness-tampering arguments, or alleged denials of crime-victim rights, the Motion offers only conclusory statements that do not explain *why* this Court should reverse or grant other relief. Mot. 11-12. Ms. Gjovik otherwise offers only policy arguments rather than a legal basis for success on appeal. Mot. 12. In short, the Motion does not provide any "substantial case for relief," much less show that Ms. Gjovik is more likely than not to prevail. That alone is fatal to the Motion.

**B.    The Motion does not establish irreparable harm.**

The Motion does not demonstrate any misdeeds by Apple or its counsel in this litigation. Instead, it casts virtually every interaction with Apple counsel, no matter how benign or routine, as an impermissible attack.

But Apple's ordinary litigation here is not harassment, intimidation, "coercive discovery," or retaliation. Many of Ms. Gjovik's grievances stem from routine discovery practices and other garden-variety disputes in litigating the district court case. For example, Ms. Gjovik criticizes Apple's request to produce medical and psychological records. Mot. at 16-17. But Ms. Gjovik put her physical and mental

health at issue by filing her lawsuit; she cannot now complain that Apple seeks relevant, discoverable information to use in its defense.

Her insistence that such routine discovery will violate her right to privacy also rings hollow. Mot. at 17. Ms. Gjovik has resisted entry of the district court's model protective order (Ex. 1 ("PO")), which permits either party to designate documents produced in discovery as confidential. *See, e.g.*, ECF 211, 213; Dkt. 22. Indeed, Ms. Gjovik alleges that Apple wants a protective order solely to threaten her. *See, e.g.*, Mot. at 13. Ms. Gjovik misunderstands both the purpose and the operation of the district court's model protective order. The PO permits both sides to designate confidential materials to protect privacy, while using those materials for their proper purpose: litigating this case. Ex. 1 ¶¶ 7.1-7.2, 13. It also permits either party to challenge any improper designations and bring resulting disputes to the court. Ex. 1 ¶¶ 6.1-6.3. Apple will abide by such rulings. Ms. Gjovik risks sanctions only if she unilaterally violates that process by publicizing designated materials without the court's determination.[6] Explaining the mechanics of the PO

---

[6] The same is true of materials made confidential elsewhere, such as Apple's NLRB settlement. *See* Mot. at 12-13.

to Ms. Gjovik does not constitute a threat, and Ms. Gjovik repeating the phrase "gag order" after a variety of loaded adjectives does not change that reality. *See, e.g.*, Decl. I at 7, 32, 40, 42.

Other complaints rest on Ms. Gjovik's belief that criticizing her filings is improper harassment. For example, she accuses Apple of leveling "baseless allegations" that her filings are "'improper' because they are supported by [artificial intelligence] tools." Mot. at 17-18. Ms. Gjovik misunderstands Apple's critique, which is anything but baseless: Apple does not object to *responsible* use of AI. But Ms. Gjovik appears to accept fictitious holdings—and even entire cases—invented by AI tools, never verifies them, yet submits them to the courts as relevant or controlling authority. *See, e.g.*, Dkt. 6.1 at 8-10; ECF 198 at 5 n.2, 16 n.6. This very Motion is no exception. *See, e.g.*, Dkt. 23.1 at 14-15; *supra* 7 n.4. Calling that recurring lapse to Ms. Gjovik's or the court's attention is not retaliation, witness tampering, or intimidation. *See* Mot. at 17-18. Nor is pointing out to Ms. Gjovik that she has failed to meet her obligations to the court—under Fed. R. Civ. P. 11, Fed. R. App. P. 38, or otherwise—and that sanctions might follow if she persists.

Other allegations against Apple's counsel are either speculative or entirely fantastical. For example, Ms. Gjovik accuses Apple's counsel of disrupting her internet connection during a hearing by bringing "an illegal signal jammer" to the court. Decl. I at 57. She then asserts that Apple or its counsel coordinated "social media accounts … to gaslight" her. *Id.* No evidence supports either accusation. Equally unsupported is her apparent belief that Apple or its counsel coordinated a separate case by a third party in Washington state, in an effort to "get her arrested." Mot. at 13.[7] The same is true of the Motion's discussion *Lopez* and *Epic*; they do not overlap the facts here. Mot. at 14-16.

Finally, other vague allegations are simply hard to discern, if they are not mere conclusory repetitions of those addressed above. *See, e.g.,* Mot. at 11 ("obstruction of justice"); Mot. at 12 ("clear pattern of retaliatory behavior"); Mot. at 14 ("unsupervised discovery used as a tool of coercion and surveillance").

---

[7] That case, *Gjovik v. Washington*, involved Ms. Gjovik's effort to overturn a state court restraining order against her obtained by a former Apple employee. *See* No. 2:22-cv-00807, 2022 WL 2317301, at *1-2 (W.D. Wash June 28, 2022). Neither matter is before this Court, and neither Apple nor its counsel was involved.

Thus, nothing sinister is happening here; Apple's communications and conduct exhibit no more than routine disagreements in litigation, well below any standard for harassment. For example, in this Court's Rule 11 analysis: courts focus on "objective[]" intent to harass, not how a party's actions are "subjectively viewed by the signer's opponent," and even then, those actions "must do more than in fact bother, annoy or vex the complaining party." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831–32 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). More specifically, other federal courts have found it "hard to believe that [communications] could ever amount to actionable harassment" where there are no "threats other than the threat to enforce" court orders. *Amari Co. v. Burgess*, 546 F. Supp. 2d 571, 581 (N.D. Ill. 2008).

In short, the "ongoing harms" Ms. Gjovik alleges are either a normal part of litigating any case, or they fall somewhere between speculative and imaginary. None can meet Ms. Gjovik's burden.

## C. Neither the balance of equities nor the public interest favors the requested injunction.

The Motion's brief treatment of the balance of equities suffers many of the infirmities already discussed. It chiefly offers conclusory

statements that "Apple's actions are illegal and harmful" or the like, or repeats its prior inaccurate conclusions about Marsy's Law, the CVRA, and witness tampering. Mot. at 18-19. Meanwhile, it ignores the self-evident fact that the requested relief would gut Apple's ability to obtain relevant evidence through discovery, formulate its defense to Ms. Gjovik's allegations, or even move this case forward at all.

The Motion's discussion of public interest is similarly lacking. It again relies chiefly on Marsy's Law and CVRA, which do not apply in civil proceedings. Mot. at 19; s*upra* 6-8. To the extent it rests on the public's right to know or the First Amendment, it does not explain why the PO's mechanisms for designation challenges fail to protect such rights, or how the relief sought here would serve them. *Id.* And the references to state laws are conclusory and undeveloped. *Id.*; *supra* 12.

**D. Much of the requested relief is vague and overbroad.**

Injunctions must describe the prohibited conduct "specifically" and "in reasonable detail"; "an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d

1020, 1047–48 (9th Cir. 2013).  If must also be "no more burdensome …
than necessary to provide complete relief."  *Id.*

Much of the relief requested in the Motion fails to meet either
standard.  *See* Mot. at 19-20.  For example, the Motion seeks both to
prohibit "further retaliation, harassment, or intimidation against
Plaintiff" and to "prevent further actions that would disrupt the
litigation."  *Id.*  But Ms. Gjovik would label even ordinary discovery
requests, meet and confer communications, or disagreements in briefing
as threatening; it is unclear how any such order would *not* disrupt (or
entirely halt) litigation.  *Supra* 14-16.  Similarly, she asks to prohibit
"discovery that seeks to reframe, reduce, or deny the nature of Gjovik's
trauma."  Mot. at 20.  On its face, this request seems to prevent Apple
from at least taking her deposition or developing any defense related to
damages, and it is hard to make sense of it otherwise.  Other requests,
including those to bar confidentiality orders "as a retaliatory narrative
device; and to obstruct government access to evidence" and to "[r]estore
the status quo ante," are similarly too vague and overbroad.  *Id.*

## CONCLUSION

This Court should deny the Motion.

May 19, 2025

Respectfully submitted,

*/s/ Melinda S. Riechert*

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee Apple Inc.*

# CERTIFICATE OF COMPLIANCE

1.  Pursuant to Fed. R. App. 32(g), this response complies with the type-volume limitation of 9th Cir. R. 27-1, because this response contains 20 pages, excluding the parts of the response exempted by 9th Cir. R. 27-1.

2.  This response complies with the typeface requirements of Fed. R. App. P.  32(a)(5) and the type-style requirements of Fed. R. App. P.  32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*