JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

*[Additional counsel on following page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REQUEST FOR TELEPHONIC CONFERENCE FOR ENTRY OF NORTHERN DISTRICT'S MODEL STIPULATED PROTECTIVE ORDER AND FOR THE COURT TO FASHION ALTERNATIVE PROCEDURES TO RESOLVE ANY FURTHER DISCOVERY DISPUTES**<br><br>Judge: Honorable Kandis A. Westmore |

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant Apple Inc.

1    Pursuant to Section 17 of Judge Westmore's Standing Order, Defendant Apple Inc.
2    ("Apple") respectfully requests a telephonic conference for the Court to enter the Northern
3    District's Model Stipulated Protective Order (the "Model Order") and for the Court to fashion
4    alternative procedures to resolve any further discovery disputes in this matter.

5    Apple fully complied with Judge Westmore's March 11, 2025 directive to meet and confer
6    regarding the Model Order; Plaintiff, by contrast, has engaged in bad faith tactics every step of the
7    way. Plaintiff initially agreed to entry of the Model Order, then reversed course. Declaration of
8    Melinda S. Riechert ("Riechert Decl.") ¶¶ 2-3. Plaintiff later agreed to submit a joint letter regarding
9    the Model Order, but when it came time to sign her name to it, she claimed to be "under coercion
10   and duress." *Id.* ¶¶ 4-6. And then Plaintiff agreed to file the joint letter herself, but instead filed an
11   NLRB charge against Apple for "attempting to coerce the court into issuing a Blanket Protective
12   Order," followed by a "Motion to Quash Discovery Letter & Stay Discovery Pending Appeal"
13   (which was swiftly denied due to it "clearly lack[ing] merit"). *Id.* ¶ 7.

14   Section 17 of Judge Westmore's Standing Order provides, "In the rare event that the parties
15   are unable to meet and confer as directed [under Section 13 of the Standing Order], or a moving
16   party is unable to obtain the opposing party's portion of a joint letter after the meet and confer
17   session, the moving party shall file a written request for a telephonic conference on the docket for
18   the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an
19   alternative procedure."

20   Here, Apple was unable to obtain Plaintiff's unequivocal authorization to file the parties'
21   joint letter regarding the Model Order, and Plaintiff was unwilling to file it as a letter to Judge
22   Westmore. Accordingly, Apple requests that the Court fashion an alternative procedure to resolve
23   this dispute. Specifically, Apple requests that Judge Westmore review the parties' joint letter, filed
24   as Exhibit D to the Motion to Quash (Dkt. No. 211 at 137-97), and resolve this dispute by entering
25   the Model Order for the reasons discussed in Apple's portion of the joint letter (Riechert Decl., Ex.
26   A; Dkt. No. 211 at 143-45).

27   Further, based on the parties' meet and confer discussions to date, Apple anticipates that
28   additional discovery disputes are likely to arise as this case progresses. Riechert Decl. ¶ 8. Given

APPLE'S REQUEST FOR TELEPHONIC CONFERENCE
[23-CV-4597-EMC]

that the parties' meet and confer efforts have not only been unsuccessful but have also escalated tensions—culminating in Plaintiff filing an NLRB charge against Apple for doing nothing more than exactly what the Court's meet and confer procedures required (*id.* ¶ 7)—and given Plaintiff's recent assertions that Apple's conduct related to discovery is causing harm to her mental health (*id.* ¶ 9, Ex. B), Apple respectfully submits that alternative procedures are necessary to govern discovery disputes in this matter in order to minimize further conflict.

Accordingly, Apple respectfully requests that the Court adopt the following alternative procedures for resolving discovery disputes:

1. *Meet and Confer in Writing*: If a party sends a written request to the other party to meet and confer regarding a specific discovery dispute, the parties shall engage in a written meet and confer process for a period of 5 business days.

2. *Letter Brief Requesting Relief*: If the dispute remains unresolved after the 5 business days, the party initiating the meet and confer may file a letter brief no longer than 3 pages requesting relief. The letter brief shall attach the written meet and confer correspondence as an exhibit. No opposition shall be filed until the Court grants leave to file an opposition.

3. *Opposition*: Upon the Court's grant of leave to file an opposition, the opposing party shall have 5 days to file an opposition no longer than 3 pages. No reply briefs shall be permitted.

Dated: June 12, 2025

By:    */s/ Melinda S. Riechert*
    MELINDA S. RIECHERT
    Attorneys for Defendant Apple Inc.

APPLE'S REQUEST FOR TELEPHONIC CONFERENCE
[23-CV-4597-EMC]