JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant Apple Inc.

*[Additional counsel on following page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>   Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 23-cv-4597-EMC<br><br>**DECLARATION OF MELINDA S. RIECHERT IN SUPPORT OF DEFENDANT APPLE INC.'S REQUEST FOR TELEPHONIC CONFERENCE FOR ENTRY OF NORTHERN DISTRICT'S MODEL STIPULATED PROTECTIVE ORDER AND FOR THE COURT TO FASHION ALTERNATIVE PROCEDURES TO RESOLVE ANY FURTHER DISCOVERY DISPUTES**<br><br>Judge: Honorable Kandis A. Westmore |

1  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1152 15th Street, N.W.
3  Washington, D.C. 20005-1706
   Telephone:   +1 202 339 8400
4  Facsimile:    +1 202 339 8500

5  Attorneys for Defendant Apple Inc.

I, Melinda S. Riechert, declare as follows:

1. I am an attorney admitted to practice law in the state of California and am a partner at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action. Pursuant to Section 17 of Judge Westmore's Standing Order, I submit this declaration in support of Apple's Request for Telephonic Conference for Entry of the Northern District's Model Stipulated Protective Order and for the Court to Fashion Alternative Procedures to Resolve Any Further Discovery Disputes. I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

2. On March 11, 2025, Judge Westmore directed the parties to meet and confer regarding the Model Order, available at https://cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/CAND_StandardProtOrd.Feb2022.pdf. Dkt. No. 181. Plaintiff and I met and conferred on March 25, 2025 in a recorded call, which included in relevant part:

> **PLAINTIFF:** So it sounds like [Judge Westmore's] going to issue the default [protective order] anyways. I do not want Apple's modified one –
> **M. RIECHERT:** Okay.
> **PLAINTIFF:** – but the default one. We're just gonna have to go – I'm gonna have to challenge stuff if Apple abuses it, and we'll just have to go through that process…
> **M. RIECHERT:** Yeah, there's a process in there. If you disagree with the designations, there's a process to be followed … If you're just ready to go with the model one … then we'll just go with the model one.
> **PLAINTIFF:** **Yeah, the model one. So we can stipulate to that.** That might make [Judge Westmore] happy that we actually agreed to something.

Following the call, Plaintiff confirmed in writing via email that the parties had agreed to stipulate to the Model Order. *See* Dkt. No. 211 at 89 ("We agreed to stipulate to the CAND model protective order.").

3. Consistent with Plaintiff's oral and written agreement, on April 8, 2025 and again on April 16, 2025, I emailed Plaintiff a copy of the Model Order and asked for permission to sign her name to it and submit it to the Court. *See* Dkt. No. 211 at 194, 197. On April 16, 2025, Plaintiff

1  responded, insisting that she has "consistently stated that [she does] not want to enter into any
2  confidentiality agreement at all[.]" *Id.* at 197.

3      4.    On April 28, 2025, upon Plaintiff's insistence, the parties agreed to a second meet
4  and confer regarding the Model Order. *See id.* at 191-92. Prior to that meet and confer, I asked
5  Plaintiff for a redline of the Model Order with the changes she proposed. *Id.* at 192. Plaintiff
6  responded, declining to share any such proposal. *Id.* at 191.

7      5.    During my second meet and confer with Plaintiff on May 2, 2025, Plaintiff declined
8  to stipulate to entry of the Model Order but unequivocally agreed to submit a joint letter regarding
9  the issue to Judge Westmore: "Yes, I will file a joint letter with you." Accordingly, the parties
10 proceeded to prepare a joint letter. *See* Dkt. No. 211 at 54-71. A true and correct copy of Apple's
11 portion of the joint letter (without exhibits) is attached hereto as **Exhibit A**. The entire joint letter
12 (including exhibits) is available at Dkt. No. 211 at 137-97.

13     6.    When it came time to submit the joint letter on May 13, 2025, Plaintiff abruptly
14 shifted her position again and insisted that Apple only had her authorization to file the joint letter
15 "under coercion and duress." Dkt. No. 211 at 58.

16     7.    Apple thus authorized Plaintiff to file the joint letter herself, and Plaintiff agreed.
17 *See* Dkt. No. 211 at 54. Instead of filing the joint letter as a discovery letter directed to Judge
18 Westmore, Plaintiff filed an NLRB charge against Apple (Dkt. No. 211 at 32-52), falsely claiming
19 that "Apple filed a letter to the U.S. District Court … attempting to coerce the court into issuing a
20 Blanket Protective Order" (Dkt. No. 211 at 47). She then filed a "Motion to Quash Discovery Letter
21 & Stay Discovery Pending Appeal" ("Motion to Quash") (Dkt. No. 211), with the joint letter
22 attached as Exhibit D to the Motion to Quash (Dkt. No. 211 at 137-97). The Motion to Quash
23 requested, *inter alia*, a revocation of Judge Chen's referral to Judge Westmore. *See* Dkt. 211 at 27;
24 *see also* Dkt. No. 213 at 2. Judge Chen promptly denied the Motion to Quash as "clearly lack[ing]
25 merit." Dkt. No. 213.

26     8.    Based on our meet and confer discussions to date, I anticipate that additional
27 discovery disputes are likely to arise, particularly concerning Plaintiff's deposition and her
28 compliance with her written discovery obligations.

9. On May 27, 2025, Plaintiff emailed me and other counsel for Apple in an unrelated matter, stating, in part:

> I can no longer afford basic necessities - including health insurance, which means I had to take myself off all my medications months ago … This included two full-strength daily anti-depressants, a full-strength daily ADHD medication, and PTSD medications. My diagnosis did not change -- only my ability to pay for prescriptions, which makes my mental health extremely vulnerable now. I was recently reading about the Stokes v Boeing case, with Boeing driving their whistleblower to suicide based on Boeing's conduct during a deposition (settling a wrongful death suit with the family), and I want to be very cautious on this generally, to protect my safety. Your recent conduct related to discovery in the case has caused me severe PTSD episodes and panic attacks, even when the appeal was pending.

A true and correct copy of Plaintiff's May 27, 2025 email is attached hereto as **Exhibit B**.

10. Apple submits the following dates and times at which Apple is available for a telephonic conference:

- June 16, 2025 between 12:00 pm and 3:00 pm Pacific
- June 18, 2025 between 9:00 am and 12:00 pm Pacific
- June 23, 2025 between 12:00 pm and 3:00 pm Pacific

11. In light of Plaintiff's recent assertions that Apple's conduct related to discovery is causing harm to her mental health, Apple did not ask Plaintiff for her availability for a telephonic conference. Accordingly, Apple is currently unaware of Plaintiff's availability and respectfully requests the Court's assistance in coordinating with Plaintiff to schedule the conference.

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed June 12, 2025 in Menlo Park, California.

*/s/ Melinda S. Riechert*
Melinda S. Riechert

# Exhibit A

Defendant has asked Plaintiff to reduce the number of exhibits to six pages. Plaintiff is objecting and insisting on her full set of exhibits. Thus the court should not punish Defendant for the page number exceeding the court rules related to Plaintiff's filings, and Defendant should proceed to file the letter with the full exhibits and now Plaintiff's 2-page letter including this disclosure and objection.

Defendant's Position

Apple respectfully requests that the Court enter the Model Order for the following reasons:

- Discovery in this case will involve confidential information, and the Model Order requires good faith confidentiality designations and establishes an appropriate process by which a receiving party may contest confidentiality designations made by the producing party as to particular documents or information.
- The Court previously expressed that it was inclined to adopt the Model Order should the parties disagree on any alternative protective order. *See* Dkt. No. 181 at 2.
- Plaintiff previously agreed to stipulate to entry of the Model Order. In accordance with the Court's March 11, 2025 order (Dkt. No. 181), the parties conferred on March 25, 2025 in a recorded call during which Plaintiff agreed to stipulate to entry of the Model Order. Following the call, Plaintiff sent an email confirming her agreement. *See* **Ex. A.**
- Plaintiff has provided no alternative language to the Model Order. On April 28, 2025, counsel for Apple asked Plaintiff to provide a redline of the Model Order with any proposed changes. Plaintiff declined to do so. *See* **Ex. B**.

"[B]lanket protective orders governing the handling of confidential information exchanged in discovery are routinely approved by courts in civil cases." *Quality Inv. Props. Santa Clara, LLC v. Serrano Elec., Inc.*, No. C 09-5376 JF (PVT), 2010 WL 2889178, at *1 (N.D. Cal. July 22, 2010). "While blanket protective orders are usually based on a joint request of the parties, the agreement of all parties is not required so long as certain conditions are met." *Id.* Specifically, the Court may enter a protective order where the requesting party makes a threshold showing that discovery will involve confidential information and agrees to invoke confidentiality designations in good faith;

- 3 -

JOINT LETTER RE: PROTECTIVE ORDER
[23-CV-4597-EMC]

1  the opposing party has the right to challenge confidentiality designations; and the burden for
2  proving confidentiality rests on the party asserting confidentiality. *Id.*

3       Here, all the above conditions are satisfied. Discovery in this case will involve confidential
4  information. For example, one of Apple's defenses in this case is that Plaintiff was terminated
5  because she leaked confidential Apple information on social media and to the press. Apple therefore
6  will need to produce documents pertaining to the confidential information that Plaintiff leaked.
7  Apple also may need to demonstrate that it terminated other employees for similar reasons, which
8  will necessarily implicate third-party privacy concerns that can only be mitigated through a
9  protective order. Further, Section 5.1 of the Model Order requires the parties to invoke
10 confidentiality designations in good faith, and Section 6 establishes a process by which a party may
11 contest confidentiality designations that places the burden on the designating party to establish that
12 documents so designated meet the applicable confidentiality standard.

13      Plaintiff previously agreed. The parties met and conferred on March 25, 2025 in a recorded
14 call, which included in relevant part:

| | |
|---|---|
| **PLAINTIFF:** | So it sounds like [Judge Westmore's] going to issue the default [protective order] anyways. I do not want Apple's modified one – |
| **APPLE'S COUNSEL:** | Okay. |
| **PLAINTIFF:** | – but the default one. We're just gonna have to go – I'm gonna have to challenge stuff if Apple abuses it, and we'll just have to go through that process… |
| **APPPLE'S COUNSEL:** | Yeah, there's a process in there. If you disagree with the designations, there's a process to be followed … If you're just ready to go with the model one … then we'll just go with the model one. |
| **PLAINTIFF:** | Yeah, the model one. So we can stipulate to that. That might make [Judge Westmore] happy that we actually agreed to something. |

Following the call, Plaintiff confirmed in writing via email that the parties had agreed to stipulate to the Model Order. *See* Ex. A ("We agreed to stipulate to the CAND model protective order.").

     On April 8, 2025 and again on April 16, 2025, counsel for Apple emailed Plaintiff a copy of the Model Order and asked for permission to sign her name to it and submit it to the Court. **Ex. C**; **Ex. D** at 2. Plaintiff responded, insisting that she has "consistently stated that [she does] not want to enter into any confidentiality agreement at all[.]" *Id.* On April 28, 2025, the parties agreed

- 4 -

JOINT LETTER RE: PROTECTIVE ORDER
[23-CV-4597-EMC]

to a second meet and confer regarding the Model Order. *See* Ex. B. Apple's counsel asked Plaintiff, "Please send us a redline of the model protective order with the changes you propose in advance of the call so that we can have a productive discussion." *Id.* at 2. Plaintiff responded, "I respectfully decline Apple's prior request that I unilaterally submit draft proposals." *Id.* at 1.

Plaintiff has stated that she prefers that Apple redact confidential information contained in documents it produces rather than produce them under any protective order. However, this would inhibit Apple's ability to demonstrate that Plaintiff improperly disclosed Apple's confidential information—which necessarily requires producing evidence of the confidential information that was disclosed. Plaintiff also believes the Confidentiality and Intellectual Property Agreement ("IPA") she signed during her employment with Apple is sufficient. But the IPA does not govern how documents produced in this litigation should be handled or filed, does not include a process for challenging designations, and does not address what to do with such information at the conclusion of this litigation. Nor would the IPA necessarily cover all confidential information that might be produced in this litigation. As a result, the Model Order is appropriate and should be entered in this case.

Dated: May 13, 2025            By:      */s/ Ashley M. Gjovik*
                                         ASHLEY M. GJOVIK
                                              Plaintiff

Dated: May 13, 2025            By:      */s/ Melinda S. Riechert*
                                         MELINDA S. RIECHERT
                                    Attorneys for Defendant Apple Inc.

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

Per L.R. 5-1(i)(3), I attest the other signatory has concurred in the filing of this document.

Dated: May 13, 2025                      */s/ Ashley M. Gjovik*
                                          Ashley M. Gjovik

# Exhibit B

| | |
|---|---|
| **From:** | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> |
| **Sent:** | Tuesday, May 27, 2025 5:16 PM |
| **To:** | Ashley M. Gjovik (Legal Matters) |
| **Cc:** | Riechert, Melinda; Mantoan, Kathryn G.; Perry, Jessica R.; Luo, Ashley; Weaver, Nicholas; Quilici, Jeffrey; Mahoney, Brian; Stolzenburg, Mark L.; harry.johnson; kelcey.phillips@morganlewis.com |
| **Subject:** | RE: May 30 Deposition Notice – Formal Objection and Procedural Response |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Wednesday, May 28, 2025 12:00 PM |
| **Flag Status:** | Flagged |

**[EXTERNAL]**

Hello,

I just saw the Ninth Circuit's <1pg Order dismissing my request for an appeal, due to Apple's Motion to Dismiss, despite never notifying me they were considering it (as part of the Motion to Stay), not allowing me to formally respond to that request, or considering my Motion or brief.

Please note, that while this is unfavorable for me now, I believe this decision at least confirms that I still have a full right to appeal any/all decisions in the lower case thus far (2023+) at the end of the litigation. Concurrently I still feel strongly I have an appeal by right, and it was a violation of my rights to not consider my arguments on that topic -- thus, I am considering my next steps.

For today, as mentioned I can no longer afford basic necessities - including health insurance, which means I had to take myself off all my medications months ago simply due to not being able to get prescriptions (no doctor) or be able to afford them. This included two full-strength daily anti-depressants, a full-strength daily ADHD medication, and PTSD medications. My diagnosis did not change -- only my ability to pay for prescriptions, which makes my mental health extremely vulnerable now. I was recently reading about the *Stokes v Boeing* case, with Boeing driving their whistleblower to suicide based on Boeing's conduct during a deposition (settling a wrongful death suit with the family), and I want to be very cautious on this generally, to protect my safety.

Your recent conduct related to discovery in the case has caused me severe PTSD episodes and panic attacks, even when the appeal was pending. Considering the abrupt one page dismissal today, I will need a little more time to respond with the items discussed below, as I feel very unwell today now and need to try to manage my symptoms. I also ask that you please refrain from trying to make my symptoms worse (like the threats last week).

I also need to consider next steps. For instance, now it appears we need to create the formal discovery plan for the district court asap. Judge Chen ordered this several times, even a year ago, and we still have not done it. I sent drafts and guides related to a plan several weeks ago but it sounded like you only wanted a proposed first draft, so I'll target to get that sent to you asap with the other key items below (though the templates and guides I sent you are still available for you to review as well). We should also plan to meet/confer about our most urgent outstanding items, including the discovery plan and privilege log-- maybe we can do that in ~ three weeks. That would give us both time to plan and communicate outstanding requests at least one week prior.

I also want to request a trial date & case schedule from Judge Chen. I proposed a stipulated schedule to be filed with our stipulated discovery plan, and renew that request. I'll include it with the draft discovery plan.

-Ashley

—
**Ashley M. Gjøvik**
BS, JD, PMP

Sent with Proton Mail secure email.