## RE: May 30 Deposition Notice – Formal Objection and Procedural Response

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Riechert, Melinda<mriechert@orrick.com> |
| CC | Ashley Gjovik<ashleymgjovik@protonmail.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Perry, Jessica R.<jperry@orrick.com>, Luo, Ashley<aluo@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Quilici, Jeffrey<jquilici@orrick.com>, Mahoney, Brian<brian.mahoney@morganlewis.com>, Stolzenburg, Mark L.<mark.stolzenburg@morganlewis.com>, harry.johnson<harry.johnson@morganlewis.com>, kelcey.phillips@morganlewis.com |
| Date | Thursday, June 5th, 2025 at 9:08 PM |

Dear Counsel,

I write in response to your June 5, 2025 email stating that Apple *"does not intend to further respond to your emails at this time"* and will *"seek guidance from the Court regarding how to proceed."*

For clarity, I am reinserting a more complete email chain below, as your response omits critical context regarding Apple's ongoing discovery obligations and my recent substantive communications.

On May 27, 2025, I wrote: *"Your recent conduct related to discovery in the case has caused me severe PTSD episodes and panic attacks... I also ask that you please refrain from trying to make my symptoms worse (like the threats last week)."* That's it. I asked you to stop making my PTSD symptoms worse through threats and similar misconduct. This is the most basic request for professional conduct imaginable.

Discovery is ongoing per your May 22 email saying there was no pause in discovery and then Apple threatened me with sanctions for non-participation. I complained that on May 7, I had sent a notice of pause on that date and Apple did not object until May 22. Apple agreed on May 23 to *"confer in good faith regarding discovery planning items."* I then stated on May 27, after the Ninth Circuit dismissal, that I would resume discovery activities. I then made several requests and submitted updates and responses between May 27-29, but Apple never responded.

On June 2, 2025, Apple filed their updated answer which still failed to properly plead affirmative defenses, and I signaled publicly I would file a second motion to strike. The answer also abruptly and without factual basis, accused me of making false statements to the government (perjury). On June 3, 2025, I filed a motion for reconsideration to the Ninth Circuit. Now today you sent this.

I only asked you to stop engaging in intentional misconduct such as threats, that would make my PTSD worse. But I also have a number of outstanding requests for you and I am still expecting answers in response to.

**Outstanding Items Requiring Response**

- Production confirmation - Whether Apple downloaded my April 29 Goldfinch production; as I noted, the storage costs me money, and I am waiting for your ok before I delete the files to replace with more, and instead of taking 1 minute to reply, you've avoided replying for over a month. (Note: your delay appears potentially connected to me publicly making the connection that when your firm accessed the GoldFinch files, it triggered access from an excessive number of IPs cross the country, which mirrored the behavior of the IP accounts vandalizing my Wikipedia article last year (which resulted in a lock-down from Wiki admins).
- Deposition planning - Apple's position on 15+ witnesses I identified for deposition; and negotiating and agreeing to a protective order for Apple's deposition of me
- Corporate representative deposition - Logistics and scope discussion; also potential witnesses for the Rep to rep
- Discovery planning -- Agreeing to discovery plan and schedule (the court ordered this two years ago)
- Requests for Admission -- still incoming, was planning to serve them this weekend; definitely still expecting responses
- Request for Production -- sent to you over a month ago and you still have not produced anything; and your statement appears to be you saying you won't produce anything
- Interrogatory deficiencies - Apple's interrogatories contain requests for calculations of social media usernames and cross-references to non-existent interrogatories; asked to meet and confer if you still want to pursue any of them as written
- Medical records - Apple's privilege log contradicts prior representations about possession of my medical records and I demanded a response about spoliation

Apple cannot simultaneously demand my discovery participation while refusing to communicate. There is no local or federal rule that permits you to refuse to communicate with me if I ask you to stop threatening me. This probably violates the ADA actually. The Federal Rules require good faith meet and confer and you appear to be saying you cannot do that because of an accommodation request I made. Further, if you really were concerned, you would meet and confer with me to negotiate a stipulated protective order related to ADA and PTSD, which I'd be happy to do.

Finally, I don't understand what you mean about contacting the court. Discovery requests, as you know, require meet and confer and then joint letters. If you plan to seek assistance from Judge Chen, then it is not discovery related and you would be seeking something related to the overall litigation, such as a request for sanctions. Please advise.

I am also concerned that Apple's stated concern about my PTSD is not genuine. The Court ordered Apple to re-plead their answer with concrete facts and to drop baseless allegations. In response, Apple filed an answer that abruptly accused me of perjury without factual basis, then immediately declared they won't communicate with me anymore. This timing suggests Apple's real concern is not my mental health, but rather avoiding accountability for their discovery misconduct and deficient pleadings.

I remain available for legitimate discovery discussions and await Apple's response to the outstanding items above.

Sincerely,
Ashley M. Gjovik
Pro Se Plaintiff

—

**Ashley M. Gjøvik**
**BS, JD, PMP**


Sent with Proton Mail secure email.


On Thursday, June 5th, 2025 at 8:20 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> In light of your recent assertions that Apple's conduct is causing you "severe PTSD episodes and panic attacks," and your request that Apple "refrain from trying to make [your] symptoms worse," Apple does not intend to further respond to your emails at this time. We will seek guidance from the Court regarding how to proceed. However, to be clear, we disagree with your allegations of misconduct by us or our client.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley
>
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com

> On Thursday, May 29th, 2025 at 5:11 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
>
> > Hello Orrick counselors,
> >
> > Please find attached Plaintiff's responses and objections to Defendant's Second Set of Interrogatories, served this date in accordance with the Federal Rules of Civil Procedure.
> >
> > After extensive review, Plaintiff identified numerous fundamental deficiencies in Defendant's discovery requests that required comprehensive objection and analysis. These include interrogatories seeking calculations for social media usernames, then calculations for those calculations, requests for information about prosthetics related to emotional distress claims, cross-references to non-existent interrogatories, and demands for decade-long pharmaceutical inventories bearing no relationship to the claims at issue.
> >
> > Additionally, Plaintiff was compelled to address concerning revelations that emerged during our May 2, 2025 meet and confer, including Defendant's possession of Plaintiff's medical records while claiming not to have them, Plaintiff's longtime patient relationship at Apple Wellness Center, and further evidence from Defendant's own discovery production showing internal distribution of Plaintiff's private medical records. Counselors statements promising Apple does not have Plaintiff's medical records now raise a question of potential spoliation, if Defendant intentionally destroyed her medical records (which are also evidence of Defendant's culpability in her injuries from the toxic exposure).
> >
> > In addition, as discussed, the prior objections are now re-served with the verification statement. They are included in the attached exhibits.
> >
> > Due to the extensive time required to properly respond to these deficient discovery requests and preserve the record regarding potential spoliation and Rule 26(g) violations, Plaintiff's other pending discovery obligations will be delayed accordingly. Plaintiff will supplement her remaining responses as soon as practicable.
> >
> > Plaintiff remains willing to engage in good faith discovery that complies with the Federal Rules and is proportional to the actual claims and defenses at issue in this litigation.
> >
> > Thanks,
> > Ashley M. Gjovik
> > Pro Se Plaintiff
> >
> > ―
> >
> > **Ashley M. Gjøvik**
> > **BS, JD, PMP**
> >
> > Sent with Proton Mail secure email.
> >
> > > On Thursday, May 29th, 2025 at 12:31 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:
> > >
> > > > Hey Morgan Lewis,
> > > >
> > > > I don't know what the rules are about talking to NLRB directly when a complaint is already filed. They previously said I can still file more evidence, or updated position statements, but I also sent Region 21 something today that's evidence but probably nontraditional evidence for NLRB cases, so I'm also sending you a copy. Attached is a cleaned up version of

Apple's civil privilege log (served 3/27/25) that I put in Excel and organized. Their original is also attached, but they used 4pt font and its hard to track who is who -- so I organized it and made it readable. I then incorporated the entries into my evidence "mega-timeline" I've been maintaining and sharing since 2022, and posted and shared the revised copies. That's also attached for your fyi. The priv log entries are in red, with bold/underline headers. If there's anything you want to see or know more about that I have from the timeline, feel free to ask.

Hey Orrick,

Your discovery responses should be on their way today - along with the RFA, priv log inquires, & draft trial schedule & discovery plan. I was up all night sorting through all the pending actions and new data, but I think I'm close now. If I don't hear back about the prior production today, I'll just send the interrogatory responses for now and wait to hear back re production.

Best,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, May 28th, 2025 at 7:40 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> I'm preparing the next production as part of my responses to you, including in support of the response to the requests for interrogatories.
>
> Were you able to successfully download the last Goldfinch production from April 29? (So I can delete those files on Goldfinch, to make room for more, as my limited budget still does not allow much storage space).
>
> Thanks,
> -Ashley
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> Sent with Proton Mail secure email.
>
> On Wednesday, May 28th, 2025 at 11:27 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
>
>> Hello,
>>
>> Received, reviewing, & will respond further.
>>
>> Thanks,

> -Ashley
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> Sent with Proton Mail secure email.

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, May 27, 2025 2:16 PM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Luo, Ashley <aluo@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Quilici, Jeffrey <jquilici@orrick.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>; kelcey.phillips@morganlewis.com
**Subject:** RE: May 30 Deposition Notice – Formal Objection and Procedural Response

[EXTERNAL]

Hello,

I just saw the Ninth Circuit's <1pg Order dismissing my request for an appeal, due to Apple's Motion to Dismiss, despite never notifying me they were considering it (as part of the Motion to Stay), not allowing me to formally respond to that request, or considering my Motion or brief.

Please note, that while this is unfavorable for me now, I believe this decision at least confirms that I still have a full right to appeal any/all decisions in the lower case thus far (2023+) at the end of the litigation. Concurrently I still feel strongly I have an appeal by right, and it was a violation of my rights to not consider my arguments on that topic -- thus, I am considering my next steps.

For today, as mentioned I can no longer afford basic necessities - including health insurance, which means I had to take myself off all my medications months ago simply due to not being able to get prescriptions (no doctor) or be able to afford them. This included two full-strength daily anti-depressants, a full-strength daily ADHD medication, and PTSD medications. My diagnosis did not change -- only my ability to pay for prescriptions, which makes my mental health extremely vulnerable now. I was recently reading about the *Stokes v Boeing* case, with Boeing driving their whistleblower to suicide based on Boeing's conduct during a deposition (settling a wrongful death suit with the family), and I want to be very cautious on this generally, to protect my safety.

Your recent conduct related to discovery in the case has caused me severe PTSD episodes and panic attacks, even when the appeal was pending. Considering the abrupt one page dismissal today, I will need a little more time to respond with the items discussed below, as I feel very unwell today now and need to try to manage my symptoms. I also ask that you please refrain from trying to make my symptoms worse (like the threats last week).

I also need to consider next steps. For instance, now it appears we need to create the formal discovery plan for the district court asap. Judge Chen ordered this several times, even a year ago, and we still have not done it. I sent drafts and guides related to a plan several weeks ago but it sounded like you only wanted a proposed first draft, so I'll target to get that sent to you asap with the other key items below (though the templates and guides I sent you are still available for you to review as well). We should also plan to meet/confer about our most urgent outstanding items, including the discovery plan and privilege log-- maybe we can do that in ~ three weeks. That would give us both time to plan and communicate outstanding requests at least one week prior.

I also want to request a trial date & case schedule from Judge Chen. I proposed a stipulated schedule to be filed with our stipulated discovery plan, and renew that request. I'll include it with the draft discovery plan.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, May 23rd, 2025 at 2:08 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> Thank you for confirming points 1-3. I look forward to meeting and conferring with you about next steps. Let's please ensure include as an agenda item during our meeting, as part of creating and finalizing the Discovery Plan, to ensure our plan includes the number of depos, schedule of depos, and any other relevant planning information -- including any required logistics the Corporate Representative (its my understanding they can represent multiple people but only count as 1 deposition). It appears all of this kind of information is usually included in formal discovery plans.
>
> I will also want to reach agreement about the guardrails for any deposition of me by Apple, in advance of the rescheduling of that deposition.
>
> I was unaware of the holiday and of course I don't object to the day delay due to it, & I also now bump my own ETA out a day as well.
>
> Have a good weekend.
>
> Thanks,
>
> -Ashley

—

Ashley M. Gjøvik

BS, JD, PMP

Sent with Proton Mail secure email.

On Friday, May 23rd, 2025 at 12:37 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> I will respond more substantively to your email below. But in the meantime, I confirm:
>
> - The May 30 deposition is off calendar and will be rescheduled;
> - Apple will not pursue sanctions or other remedies without full compliance with Judge Westmore's procedural prerequisites;
> - Apple will confer in good faith regarding any remaining interrogatory disputes and discovery planning items.
>
> Since Monday is a legal holiday, Apple's responses to your April 25, 2025 Requests for Production is not due until Tuesday, and will be timely served.
>
> You are permitted a maximum of 10 depositions. Your deposition must take place first, before you take any depositions.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley
>
> T 650/614-7423
> M 6507591929
>
> mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, May 23, 2025 8:07 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Luo, Ashley <aluo@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Quilici, Jeffrey <jquilici@orrick.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>; kelcey.phillips@morganlewis.com
**Subject:** Re: May 30 Deposition Notice – Formal Objection and Procedural Response

[EXTERNAL]

*Re: Discovery Correspondence – Deposition, Interrogatories, and Reciprocal Obligations*

Dear Counsel,

I write in response to your May 22, 2025 communication regarding the deposition currently noticed for May 30 and your new assertions concerning my responses to Apple's interrogatories. Please find attached my formal letter of objection concerning the deposition threat.

**Deposition Notice**

Please find attached my formal letter of objection. It outlines the procedural and factual deficiencies underlying your threat, including your failure to comply with the meet-and-confer and joint letter briefing requirements of Judge Westmore's Standing Order ¶¶13–19. At no point did Apple attempt to confer on the deposition issue, nor did you pursue the dispute resolution framework that governs all discovery matters before this Court. Under these rules, no sanctions motion may lawfully proceed — and any attempt to do so will be treated as improper and potentially sanctionable in itself.

As set forth in the attached letter, your threat to pursue Rule 37(d) sanctions for nonappearance at the May 30 deposition is both procedurally improper and legally unfounded. On May 7, I formally invoked a protective discovery pause under Rule 26(c) and Standing Order ¶14, expressly stating that I would seek a protective order and that Apple was welcome to object and initiate a meet and confer. Apple did not object. In fact, your May 7 response acknowledged the pause and stated that Apple would only pursue the protective order issue. You made no effort to preserve the May 30 date, request clarification, or initiate dispute resolution for over two weeks.

Your message threatens to seek sanctions against me under Rule 37(d) for *"failure to appear,"* despite your express acknowledgment on May 7 of my protective discovery pause, and despite the fact that Apple never objected to or attempted to preserve the May 30 deposition date. Your threat now to seek sanctions — including potential dismissal or fees — misrepresents both the facts and the law. Rule 37(d) does not apply where advance notice was given, the nonappearance was substantially justified, and the moving party failed to confer. In addition, your vague claim of "*costs*" is unsupported by any documentation or vendor receipts, despite clear evidence that cancellation with three weeks' notice would have incurred no penalty.

I respectfully request Apple formally vacate the May 30 deposition notice to avoid procedural confusion and improper sanctions posture, and confirm whether the date may be re-noticed at a mutually agreeable time following resolution of the pending appellate matters and protective order issues.

**Interrogatories – Set Two**

Regarding Interrogatories Nos. 6–18 (served April 17), your May 22 suggestion that I failed to timely respond, or failed to object, is inaccurate. These interrogatories were served midway through our discovery planning negotiations. I clearly raised objections to multiple requests in my April 25 2025 objections ("*Plaintiff's Response to Defendant's Request for Interrogatories*"), during our May 2 meet and confer, and in my May 2 written correspondence *("Plaintiff's Request for Clarification and Objection Preservation"*). On that same day, Apple's own follow-up email acknowledged these objections in detail. I also confirmed that I would provide clarified and updated responses, and proposed a timeframe to do so after my Ninth Circuit filings.

Then, due to additional and unfolding issues and concerns, I served Apple with the Notice of Protective Discovery Pause on May 7, 2025. That same day, I also filed my Motion for Injunction in the Ninth Circuit, which reiterated the pending discovery objections and outlined the basis for the requested protective pause. After these filings, Apple has not once mentioned: 1) my updates to my response to the Set One of Interrogatories which would now be overdue; 2) any objections they to the Request for Production I served them a month ago; and only yesterday now mentions 3) the deposition and 4) Set Two of Interrogatories. I had previously said I would send clarification requests related to the Privilege Log, Requests for Admission, and a proposed Discovery Plan --- but then noted I would pause this due to the Protective Pause -- again Apple did not object, did acquiesce or confirm, and has not once asked about the status of these communications.

My prior written and verbal objections remain in force and will be supplemented in formal format. Many of the topics you now demand information on — including medical records, employment history, and personal social media — were already partially addressed in my initial disclosures served September 2024, or are the subject of ongoing discovery negotiations. Several of these requests are overbroad, intrusive, duplicative, or premature. I have already objected, will filed additional objections, and am prepared to further meet and confer and if necessary proceed via Standing Order ¶14 joint letter practice.

I have begun drafting my supplemental objections and anticipate transmitting them no later than May 27, 2025. I reiterate that my protective objections are part of a good-faith discovery process under Rule 26(c).

**Status of Reciprocal Discovery and Deposition Planning**

To date, Apple has issued two sets of interrogatories and a request for production -- but failed to respond meaningfully to Plaintiff's discovery requests, participate in discovery planning or deposition scheduling, provide any confidentiality log data, or clarify privilege log deficiencies — all while demanding compliance and threatening sanctions. This one-sided discovery posture is procedurally improper and materially prejudicial. If Apple's position is that discovery remains ongoing, please clarify whether Apple intends to respond to my April 2025 Requests for Production, which remain outstanding and are due Monday, May 26, 2025. To date, Apple has not raised any objections, conferred regarding scope, or offered a production timeline.

During our May 2, 2025 meet and confer, I identified four additional witnesses I intend to depose who work in Apple legal and/or are no longer employed by the company — Debra Rubinstein, Yannick Bertolus, Antonio Lagares, and Michael Steiger. Counsel responded by acknowledging those requests and confirmed on that date that Apple was *"gathering further information regarding witness availability."* Since then, I have received no further communication from Apple regarding any of these individuals. No objections, stipulations, or scheduling information have been offered, despite the Court's expectation of good-faith coordination under Rule 30(b)(1) and Standing Order ¶14. Apple's failure to follow up on these requests — while simultaneously threatening sanctions over my own discovery obligations — reflects a selective and improper discovery posture. I now formally renew my request for Apple's position on these four witnesses, and ask that Apple respond in writing by May 29, 2025 indicating whether these individuals will be voluntarily made available and on what timeline.

Additionally, I am requesting Apple's formal position regarding the availability, discoverability, and testimonial scope (including presented by a Rule 30(b)(6) *Deposition: Corporate Representative*) of the following current and former Apple employees. For each individual listed below, please confirm:

- Whether Apple will voluntarily make them available for deposition;
- Whether Apple contends their communications, actions, or knowledge are protected by any form of privilege or legal objection (including work product, attorney–client, or internal investigation exclusions);
- Whether Apple will stipulate to their relevance to the claims or defenses in this case;
- Whether Apple will require a subpoena to produce the individual (if no longer employed);
- And, if no longer employed, whether Apple will assist in making them reasonably available.

**Individuals:**



- ██████, Esq. – Former supervisor (AI ethics); fact witness; Gobbler knowledge
- ██████, Esq. – Former supervisor (AI ethics); Apple privacy and consent expert; Gobbler knowledge
- Kate Adams – Apple General Counsel (as referenced in privilege log)
- Jessica Perry – Outside counsel for Apple; cited in privilege log; witness status contested
- ██████████ Declined job transfer (2020–2021); Gobbler and user study "*consent*" knowledge
- ██████ – Gobbler knowledge; public statements on Gobbler since ~2018
- ██████ Privacy EPM; Gobbler and privacy facts; fact witness; sexually harassed plaintiff in 2017
- ██████ – Supervisor; fact witness
- ██████ – Supervisor; fact witness; relevant to 3250 Scott Blvd site
- ██████████ Aware of 2020 injuries; consulted on termination; oversaw 3250 Scott & 825 Stewart sites
- ██████ – Involved in denial of job transfer (2020–2021); fact witness re: EPA inspection & PR coordination; DTSC settlement knowledge
- ████████████████████████████████████████
- ████████████████████████████████████████████
  ███████████████
- ████████████████████████████████████████████
  ███████████████████████████

If Apple thinks there is no discovery pause, please provide Apple's written response to each of the above individuals by May 29, 2025, so that I may determine whether to seek relief under Standing Order ¶14 for any witness Apple declines to make available voluntarily or whose relevance is disputed. I reserve the right to seek relief through Judge Westmore's joint letter process for any witness Apple declines to make available voluntarily.

Please also inform me of Apple's preferred process for requesting a *Rule 30(b)(6) Corporate Representative* deposition. It sounds like I will need to provide some scope and questions prior, and Apple will likely need to do research prior to sitting for the deposition, so if you have an existing template schedule or process, please let me know. Otherwise, I will do more research and propose a plan myself.

**Next Steps**

I have acted in good faith at every stage, provided timely and formal notice under Rule 26(c), proposed appropriate procedures under Standing Order ¶14, and raised no blanket refusal to participate in discovery. My request for delay — based on a pending appellate injunction and unresolved privilege and confidentiality issues — was entirely proper under the Federal Rules and local practice. Apple's belated reversal and threats, on the other hand, raise serious concerns about procedural coercion and the misuse of litigation tools for strategic leverage. To that end, I continue to reserve all rights and procedural protections under Rule 26(c), including the right to seek a protective order over Apple's current discovery posture.

I respectfully request a response by May 26, 2025, confirming that:

- The May 30 deposition will be formally vacated, and can be rescheduled pending Appeal, if applicable;
- Apple will not pursue sanctions or other remedies without full compliance with Judge Westmore's procedural prerequisites;
- Apple will confer in good faith regarding any remaining interrogatory disputes and discovery planning items.

I will provide additional responses to Apple as I have time about the revised response to Interrogatory Set One, an updated Initial Disclosures, additional production, and privilege log reflecting the emails with counsel and law enforcement withheld under the pending motion to seal. But I still believe my Protective Pause is in effect.

I appreciate your attention to these matters. I remain available and willing to confer in good faith, and I am committed to resolving all outstanding discovery issues with transparency, efficiency, and respect. However, I am also prepared to escalate any unresolved disputes to the Court in accordance with Judge Westmore's Standing Order ¶14, as necessary to protect my rights and preserve the integrity of these proceedings.

Sincerely,

Ashley M. Gjovik

Pro Se Plaintiff

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, May 22nd, 2025 at 5:32 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley:

6/12/25, 4:37 PM
Case 3:23-cv-04597-EMC    Document 220-1    Filed 06/12/25    Page 12 of 16
Proton Mail - ashleymgjovik@protonmail.com, 2/2 on Mail

Your May 7, 2025 "Notice of Protective Discovery Pause Pending Appeal & Request for Injunction" made clear that you are "declin[ing] to participate in deposition, interrogatory, or similarly invasive discovery" at this time (see p. 5). Indeed, you failed to serve any objections or responses to Apple's Interrogatories, Set Two (Nos. 6-18) by the May 19, 2025 deadline.

We do not agree that any "pause" in discovery ("protective" or otherwise) is appropriate or in effect. Indeed, Judge Chen denied your motion for a stay of the district court action on May 14, 2025. See ECF 213. But given your statements, we understand you to be unwilling to sit for deposition on the noticed date of May 30, 2025; given your stated intent not to appear, we will not incur the expense of making a record of your non-appearance and will address this issue with the Court.

Please advise whether you intend to provide responses to Apple's Interrogatories, Set Two <u>without objections</u> (since those have been waived), and if so by what date certain. Failing a confirmatory response from you, we will seek the assistance of the Court.

Thank you,

Melinda

**Melinda Riechert**

Partner

<u>Orrick</u>

Silicon Valley 

T 650/614-7423
M 6507591929
mriechert@orrick.com

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, May 22, 2025 5:26 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** ashleymgjovik@protonmail.com; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>;

Luo, Ashley <aluo@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Quilici, Jeffrey <jquilici@orrick.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>; kelcey.phillips@morganlewis.com

**Subject:** Re: Letter brief to Judge Westmore regarding protective order

[EXTERNAL]

Hello,

On May 7 2025, I sent Apple a notice of a Protective Pause of Discovery. It included a section specifically about Apple's request for a Deposition:

On Wednesday, May 7th, 2025 at 9:06 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> **Subject: Discovery Notice and Objections**
>
> Counsel,
>
> Please see the attached notice and objections regarding civil discovery in light of the pending Ninth Circuit appeal and motion for injunctive relief.

(attached eml file).

*Attached PDF: " 4. Deposition of Plaintiff (Scheduled for May 30, 2025): Plaintiff objects to the deposition currently scheduled for May 30, 2025, for the reasons set forth in the appellate briefing and pending motion for injunctive relief. The deposition must be cancelled pending resolution of the injunction request and issuance of a protective order safeguarding Plaintiff's statutory rights. If Apple refuses, Plaintiff will request urgent judicial intervention following a good-faith meet and confer."* (page 4, attached).

As your email below noted, you received and read my email and notice. You also implied that the only thing you were still currently pursuing was the protective order, implying you would cancel the current deposition, and reschedule for later following the appellate court's decisions.

I also mentioned this again in my Reply in support of my Motion for Injunctive Relief, filed to the Ninth Circuit on 5/20, writing:

> "The threat of constructive dismissal is not hypothetical. After five end-to-end motions to dismiss, four compelled amendments, sprawling privilege claims, invasive and disproportional discovery requests, abusive discretionary rulings, denials of due process rights. The litigation environment has become intolerable. Further, Apple noticed a deposition for Gjovik on May 30. Gjovik told Apple she wants a protective pause pending the appeal and if Apple wants the deposition as scheduled, they need to file a Motion. Apple has not done this yet, but may be waiting to falsely accuse Gjovik of more manufactured misconduct." (Page 6, attached).

**Then, this morning (May 22) I received an email from Orrick's Aptus account stating the deposition is still scheduled for May 30 2025. (attached).**

As of now, no motion has been filed to compel the deposition, and no notice was provided to me that Apple still planned to pursue the deposition as scheduled, despite my notice of a protective pause 15 days ago. Then, today, Apple's notice was sent only 7 days prior to the deposition. Please clarify what Apple's plan is regarding the currently scheduled deposition. If you simply forgot to cancel the scheduled Zoom meeting and court reporter, then this email is much ado about nothing -- so please confirm. Thank you.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, May 7th, 2025 at 10:26 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> Pursuant to our meet and confer call last Friday and Section 3 on page 3 of your "Notice of Protective Discovery Pause Pending Appeal & Request for Injunction" we received today, Apple does intend to pursue a protective order concerning confidentiality and is willing to submit a joint letter to Judge Westmore in compliance with the Judge's Standing Order. Attached please find a draft of Apple's proposed language for its section of the joint letter together with 4 exhibits.  Please also note:

- The first six lines is our proposal for the "section which sets forth the unresolved dispute and any pertinent factual background" per section 14(a)(ii) of the standing order.
- After those six lines, each party has 67 lines for their position per section 14(a)(iii) of the standing order.
- The parties may only attach 12 pages of exhibits per section 14(b)(ii) of the standing order; we intend to attach 6 pages of exhibits, so you may also include up to 6 pages of exhibits.

We are anxious to move this case forward. Please send your additions to the Joint Letter by close of business Monday May 12, 2025.

**Melinda Riechert**

Partner

Orrick
Silicon Valley

T 650/614-7423
M 6507591929

mriechert@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.