

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 01
Thomas P. O'Neill Jr. Federal Building
10 Causeway St, Room 1002
Boston, MA 02222-1001

Agency Website:
www.nlrb.gov
Telephone: (617)565-6700
Fax: (617)565-6725



Download
NLRB
Mobile
App

May 16, 2025

Ashley Marie Gjovik
2108 N Street, Suite 4553
Sacramento, CA 95816
ashleymgjovik@protonmail.com

Re:     APPLE INC
        Case 01-CA-365726

Dear Ashley Marie Gjovik:

The charge that you filed in this case on May 13, 2025, has been docketed as case number 01-CA-365726. This letter tells you how to contact the Board agent who will be investigating the charge, explains your right to be represented, discusses presenting your evidence, and provides a brief explanation of our procedures, including how to submit documents to the NLRB.

**Investigator:** This charge is being investigated by Supervisory Field Attorney EMILY G. GOLDMAN whose telephone number is (857) 317-7808. If this Board agent is not available, you may contact Assistant to the Regional Director JESSICA L. FOLEY whose telephone number is (857) 317-7786.

**Right to Representation:** You have the right to be represented by an attorney or other representative in any proceeding before us. If you choose to be represented, your representative must notify us in writing of this fact as soon as possible by completing *Form NLRB-4701, Notice of Appearance*. This form is available on our website, www.nlrb.gov, or from an NLRB office upon your request.

If you are contacted by someone about representing you in this case, please be assured that no organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board. Their knowledge regarding this proceeding was only obtained through access to information that must be made available to any member of the public under the Freedom of Information Act.

**Preservation of all Potential Evidence:** Please be mindful of your obligation to preserve all relevant documents and electronically stored information (ESI) in this case, and to take all steps

APPLE INC                                    - 2 -                                May 16, 2025
Case 01-CA-365726

necessary to avoid the inadvertent loss of information in your possession, custody or control. Relevant information includes, but is not limited to, paper documents and all ESI (e.g. SMS text messages, electronic documents, emails, and any data created by proprietary software tools) related to the above-captioned case.

**Prohibition on Recording Affidavit Interviews:** It is the policy of the General Counsel to prohibit affiants from recording the interview conducted by Board agents when subscribing Agency affidavits. Such recordings may impede the Agency's ability to safeguard the confidentiality of the affidavit itself, protect the privacy of the affiant and potentially compromise the integrity of the Region's investigation.

**Correspondence:** All documents submitted to the Region regarding your case MUST be filed through the Agency's website, www.nlrb.gov. This includes all formal pleadings, briefs, as well as affidavits, documentary evidence, and position statements. The Agency requests all evidence submitted electronically to be in the form it is normally used and maintained in the course of business (i.e., native format). Where evidence submitted electronically is not in native format, it should be submitted in a manner that retains the essential functionality of the native format (i.e., in a machine-readable and searchable electronic format).

If you have questions about the submission of evidence or expect to deliver a large quantity of electronic records, please promptly contact the Board agent investigating the charge. If you cannot e-file your documents, you must provide a statement explaining why you do not have access to the means for filing electronically or why filing electronically would impose an undue burden.

In addition, this Region will be issuing case-related correspondence and documents, including complaints, compliance specifications, dismissal letters, deferral letters, and withdrawal letters, electronically to the email address you provide. Please ensure that you receive important case-related correspondence, please ensure that the Board Agent assigned to your case has your preferred email address. These steps will ensure that you receive correspondence faster and at a significantly lower cost to the taxpayer. If there is some reason you are unable to receive correspondence via email, please contact the agent assigned to your case to discuss the circumstances that prevent you from using email.

**Controlled Unclassified Information (CUI):** This National Labor Relations Board (NLRB) proceeding may contain Controlled Unclassified Information (CUI). Subsequent information in this proceeding may also constitute CUI. National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

* * *

Information about the Agency, the procedures we follow in unfair labor practice cases and our customer service standards is available on our website, www.nlrb.gov or from an NLRB office upon your request. *NLRB Form 4541, Investigative Procedures* offers information that is helpful to parties involved in an investigation of an unfair labor practice charge.

APPLE INC                       - 3 -               May 16, 2025
Case 01-CA-365726

       We can provide assistance for persons with limited English proficiency or disability. Please let us know if you or any of your witnesses would like such assistance.

Very truly yours,

LAURA A. SACKS
Regional Director

LAS/rg

Enclosures
      1. Important Information About NLRB Investigations for Immigrant Workers

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| **01-CA-365726** | **5/13/2025** |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Tel. No. |
|---|---|
| Apple Inc | (408) 996-1010 |
| | c. Cell No. |
| | f. Fax. No. |

| d. Address *(Street, city, state, and ZIP code)* | e. Employer Representative | |
|---|---|---|
| One Apple Park Way | Tim Cook | g. e-mail |
| | Chief Executive Officer | tcook@apple.com |
| CA Cupertino, 95014 | | h. Number of workers employed |
| | | 200 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)* | j. Identify principal product or service |
|---|---|
| Computer Hardware | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and
(list subsections) 1,4                                                      of the National Labor Relations Act, and these unfair labor
practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the
meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Ashley Marie Gjovik

| 4a. Address *(Street and number, city, state, and ZIP code)* | 4b. Tel. No. |
|---|---|
| | (415) 964-6272 |
| | 4c. Cell No. |
| 2108 N St. Ste. 4553 | 4d. Fax No. |
| CA Sacramento 95816 | |
| | 4e. e-mail |
| | ashleymgjovik@protonmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION | Tel. No. |
|---|---|
| I declare that I have read the above charge and that the statements | (415) 964-6272 |
| are true to the best of my knowledge and belief. | Office, if any, Cell No. |
| *(signature)*    Ashley Marie Gjovik | |
| *(signature of representative or person making charge)*    *(Print/type name and title or office, if any)* | Fax No. |
| 2108 N St. Ste. 4553 | e-mail |
| Address Sacramento CA 95816          Date 05/13/2025 07:59:53 PM | ashleymgjovik@protonmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

# Basis of the Charge

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threat of federal court sanctions | |
| Ashley Gjovik | Threat of gag order | |
| Ashley Gjovik | Threats of unspecific reprisals | |

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threat of federal court sanctions | |
| Ashley Gjovik | Threat of gag order | |
| Ashley Gjovik | Threats of unspecific reprisals | |

**8(a)(4)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) filed charges or cooperated with the NLRB.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threat of federal court sanctions | |
| Ashley Gjovik | Threat of gag order | |
| Ashley Gjovik | Threats of unspecific reprisals | |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prohibit employees from discussing wages, hours, or other terms or conditions of employment.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from forming, joining, or supporting a labor organization.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from contacting and/or filing

charges with the National Labor Relations Board.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from engaging in protected concerted activities.

| Work Rule |
| --- |
| Informed Consent Agreements are secret |
| Workplace personal data collection is secret |
| Workplace contracts are secret |
| Can discipline due to privacy invasion complaints |
| Surveillance photos & videos of worker are secret |
| Can fire workers for reporting legal violations |
| Can fire workers for speaking with the press |
| Can fire workers for posting on social media |
| Workers cannot talk about NLRB settlement |
| Workers cannot reference NLRB settlement in court |
| Worker cannot report violations of NLRB settlement |
| Employer use of AI on workers is secret |
| Employer can unilaterally expand scope of NDAs |
| Employer experiments on workers is secret |
| Taking photos of worker in bathroom is secret |
| Taking photos of worker in bed is secret |
| Taking photos of worker naked is secret |
| Worker consent cannot be revoked |
| Surveillance practices are secret |
| Worker biometric data collection is secret |
| Employee must notify employer before testifying |
| Workers must notify Apple before contacting gov |
| Workers cannot retain evidence of NLRA violations |
| Workers may not use generative AI for legal filing |
| Workers cannot discuss retaliation lawsuits |
| Workers may not dispute Apple's public statements |
| Workers cannot testify on ULPs in legal proceeding |

 # Important Information About NLRB Investigations for Immigrant Workers 

The National Labor Relations Act (NLRA) protects most private-sector employees, <u>regardless</u> of their immigration status. The NLRA gives employees the right to:

> ➢ Form, join, or assist a union to negotiate concerning wages and other working conditions.
> ➢ Discuss wages and other working conditions with coworkers, a union, a worker center, a government agency, the media, or the public.
> ➢ Take collective action with coworkers to try to improve wages and other working conditions.
> ➢ Choose not to take part in any of these actions.

Below is important information for you to know about our confidential investigation process:

- Because immigration status is not relevant as to whether there has been a violation of the NLRA:
  - ○ We will **NOT** ask you about your immigration status.
  - ○ You **DO NOT** need to share any information with us about your immigration status.
  - ○ You **DO NOT** need to share information about the status of your current/former coworkers.
- We only enforce the NLRA and have **NO** involvement with the enforcement of immigration laws.
- We will **NOT** share any information about you with the Department of Homeland Security (DHS), including Immigration and Customs Enforcement (ICE), or any other immigration authorities, unless you request that we share your information to assist you with seeking immigration relief, as described in the last bulleted point of this document.
- If you have concerns about appearing at our offices for any reason, please speak with the Board Agent assigned to the case about other methods of participating in the investigation, including taking your affidavit outside of our office or by video.
- Our investigations are confidential, which means that we will **NOT** disclose your affidavit to an employer, unless you testify at a trial, or we seek a federal court injunction.
- If you are not comfortable communicating with us in English, we will make an interpreter available to provide assistance and information in your preferred language. Investigation Info or Immigrant Worker Witnesses - English
- If you are aware that an employer or union has engaged in any of the following conduct, please tell the Board Agent about it because it may violate the law:
  - ○ Threatening to call DHS or ICE or making other similar threats because you or other employees have engaged in union activity or other collective action to improve working conditions.
  - ○ Asking employees to provide new or updated immigration documents/papers or reverifying employees' work authorization without a valid, non-discriminatory reason, which could violate the NLRA or other laws.
- If, at the end of the investigation, we determine there is merit to the charge (the employer or union has violated the law) and we have to litigate the case before an Administrative Law Judge, we will make every effort to prevent the employer or union from asking you about your immigration status.
- If you have filed a charge or are a witness and you or your representative tells us that there is NLRA protected activity at a worksite and immigration relief is necessary to protect employees who are exercising those rights or participating in the NLRB process, the NLRB will consider seeking immigration relief for employees at that worksite including deferred action, parole, U or T visa status, or other relief as available and appropriate. The NLRB cannot provide immigration advice. If you need immigration counsel, a list of providers of free legal services is available here: https://www.justice.gov/eoir/list-pro-bono-legal-service-providers.

**For more information on the NLRB, please visit our website, www.nlrb.gov.**