**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*,<br><br>Plaintiff,<br><br>vs.<br><br>**APPLE INC.**, *a corporation*,<br><br>Defendant. | CAND No. 3:23-CV-04597-EMC<br><br>9th Cir No.: 24-6058<br><br>**NOTICE OF PENDENCY**<br>Civil L.R. 3-13<br><br>***Apple Inc. & Ashley Gjovik,***<br>NLRB ALJ Case No's.<br>1.  32-CA-284428<br>2.  32-CA-282142/32-CA-283161<br><br>***Ashley Gjovik v Apple Inc,***<br>ARB Case No. 2024-0060,<br>OALJ Case No. 2024-CER-00001 |

# Table of Contents

NOTICE OF PENDENCY.................................................................3

## Open & Pending U.S. Adjudications.................................... 4

U.S. NLRB, Unfair Labor Practices ....................................... 5

U.S. Dept. of Labor, Env. Whistleblower ............................. 6

## Open & Pending Agency Env. Actions .............................. 7

U.S. EPA, Violations of the RCRA ......................................... 7

California Air Resources Board ............................................... 8

## Conclusion ............................................................................ 9

## Appendix ........................................................................... 10

Exhibit A: NLRB Complaint ................................................... 1

Exhibit B: Apple's First Answer to NLRB ............................. 2

Exhibit C: Apple's Second Answer to NLRB ......................... 3

Exhibit D: Cancellation of the Hearing .................................. 4

Exhibit E: U.S. EPA Notice of Violations .............................. 5

Exhibit F: BAAQMD Notice of Violations.............................. 6

# NOTICE OF PENDENCY

Plaintiff files this *Notice of Pendency* regarding new adjudications initiated by the U.S. government against Defendant, Apple Inc, on behalf of the Plaintiff.

Prior *Notices of Pendency* were filed to this court by the Plaintiff on Aug. 27 2024 (Dkt. 100) and Sept. 30 2024 (Dkt. 111) regarding the U.S. Dept. of Labor environmental whistleblower adjudication and the U.S. NLRB complaint against Defendant over Apple's work rules, confidentiality policies, and surveillance practices, respectively.

Following Plaintiff's most recent *Notice* (Dkt. 111), a new lawsuit was filed by the U.S. NLRB against the Defendant [Exhibit A], Defendant filed their Answers to both U.S. NLRB complaints, [Exhibit B & Exhibit C], and the prior pending U.S. NLRB hearing over Apple's U.S. confidentiality policies and surveillance practices was then cancelled due to settlement discussions. [Exhibit D].

Plaintiff also suggests tracking the pending environmental agency enforcement actions related to Plaintiff's complaints about 3250 Scott Blvd due to the potential for civil issue preclusion. In addition to the U.S. EPA RCRA investigation and enforcement actions, the BAAQMD has now also cited the defendant for at least six violations of state air quality laws. [Exhibit F]. These violations were based on an inspection which was initiated duet to a formal complaint filed by the Plaintiff to CARB with a copy of the U.S. EPA's RCRA enforcement and compliance report. [Exhibit E]. [Dkts. 86, 86-1, & 95].

# Open & Pending U.S. Adjudications

| Agency | Case Name & No. | Status & Public Docket |
|---|---|---|
| **U.S. NLRB, Div. of Judges** <br><br> Exhibits A & C | *Apple Inc & Ashley Gjovik,* 32-CA-32-CA-282142 & 283161 (NLRA unfair labor practices) | Charge filed: Aug. 26 2021; Complaint filed Dec. 18 2024. ALJ Hearing: Aug. 4 2025. nlrb.gov/case/32-CA-282142 |
| **U.S. NLRB, Div. of Judges** <br><br> Exhibits B & D | *Apple Inc & Ashley Gjovik,* 32-CA-284428 (NLRA unfair labor practices) | Charge filed: Oct. 12 2021. Complaint filed Sept. 27 2024. ALJ Hearing on Jan. 22 2025 cancelled due to settlement discussions. nlrb.gov/case/32-CA-284428 |
| **U.S. NLRB, Regional Director** | *Apple Inc & Ashley Gjovik,* 32-CA-284441 (NLRA unfair labor practices) | Charge filed Oct. 12 2021; Decision of Merit in Jan. 2023; complaint to be issued: nlrb.gov/case/32-CA-284441 |
| **U.S. Dept. of Labor, Office of ALJs** | *Ashley Gjovik v. Apple Inc,* OALJ Case No. 2024-CER-00001 (The CERCLA: 42 U.S.C. § 9610) | Charged filed: Aug. 29 2021. Trial case docketed Dec. 19 2024 (*de novo*); Appeal filed to ARB on Aug. 21 2024. |
| **U.S. Dept. of Labor, Admin. Review Board** | *Ashley Gjovik v. Apple Inc,* ARB Case No. 2024-0060 (The CERCLA; RCRA; CAA; & TSCA) | Appeal filed Aug. 21 2024; Briefing complete on Nov. 6 2024; Awaiting decision. |

# U.S. NLRB, Unfair Labor Practices

The complaints were filed and ALJ hearings scheduled pursuant to 29 U.S.C. § 151 et seq. and 29 C.F.R. § 102.15. Congress prescribed the hearing to be formal adjudication governed by 5 U.S.C. §§ 554, 556, and 557. The hearing is scheduled to be held before an administrative law judge of the National Labor Relations Board, located at the Spring Street U.S. Court House in Los Angeles, California.

Gjovik is self-represented and plans to actively participate in the adjudicatory proceedings. Under NLRA regulations, she is allowed to file briefs and motions, introduce evidence, and question witnesses. 29 C.F.R. Part 101, et seq.

The representative for Apple Inc as the Respondent in the NLRB proceeding is Tim Cook, Chief Executive Officer. Apple is currently represented by Morgan, Lewis, & Bockius.

NLRB case no. 32-CA-284428 challenges many of the same policies that Gjovik has concurrently challenged under California Labor Code §§ 96(k), 98.7, 232, 232.5, 6310, 6377, 1101-1102, and 1102.5 in this lawsuit.

NLRB case no.'s 282142 & 283161 challenge many of the same questions of fact, and related questions of law, that Gjovik has concurrently challenged under the same California Labor Codes as well the Termination in Violation of Public Policy *Tamney* claim.

If the NLRB must seek court assistance to enforce Orders, the agency must petition a U.S. District Court, per 29 C.F.R. § 101.14. Appeals of NLRB agency decisions are directed to a Circuit Court of Appeals. In this case, appeals would go to the Ninth Circuit, and enforcement challenges are most likely to be filed in a California U.S. District Court.

## U.S. Dept. of Labor, Env. Whistleblower

The parties are awaiting a decision, or communication for further briefing or oral arguments, from the U.S. Dept. of Labor Administrative Review Board.

This adjudication is not a state or federal Court proceeding, as described under Civil. L.R. 3-13, however it may present itself for appellate review in this Court in the near future, either by appeal of Plaintiff or Defendant. Plaintiff also requested that ARB consider if, after correcting the mistakes of law, that she may be allowed to *"kick out"* the claim for its de novo hearing within this federal civil lawsuit, if this Court also approves.

There have only been a handful of CERCLA whistleblower retaliation cases under 42 U.S.C. § 9610 since the law was enacted in the 1980s, so there is not much procedural precedent.

# Open & Pending Agency Env. Actions

| Agency | Case Name & No. | Violations |
|---|---|---|
| **U.S. EPA, RCRA Enf. & Compliance Div.**<br><br>Exhibit E | 3250 Scott Blvd., Satna Clara EPA ID CAR000278176.<br><br>Complaint filed to U.S. EPA in Sept. 2020 and revised with information on 3250 Scott Blvd in June 2024.<br><br>Insp. Dates: Aug. 17-18 2023, & Jan. 16 2024. | - 40 CFR Part 262 §§ 262.A & 262.B (hazardous waste generation)<br>- 40 CFR Part 265 §§ 265.J, 265.BB, 265.CC (hazardous waste storage & air emission)<br>- 40 CFR Part 270 § 270.A (no permits) |
| **Cal. Bay Area Air Dist., cal. Air Resources board, Enforcement.**<br><br>Exhibit F | 3250 Scott Blvd., Satna Clara CARB Facility ID: 22839.<br><br>Complaint No. CPM448152.<br><br>Insp. Dates:  Aug. 29 2024 & Sept. 12 2024. | - No. 64215: Reg. 2, Rule 1, §§ 301 & 302 (no permits)<br>- No. 64216: Reg. 2, Rule 1, §§ 301 & 302 (no permits)<br>- No. 64218 & 64219: Reg. 9, Rule 7, § 307.1 (exceeding nitrogen oxide exhaust limits) |

# U.S. EPA, Violations of the RCRA
## *Re: 3250 Scott Blvd, Santa Clara, California*

Apple's facility was inspected by U.S. on at least Aug. 17 2023, Aug. 18 2023, and Jan. 16 2024 resulting in citations for at least nineteen unique violations of the Resource Conservation and Recovery Act (RCRA), and with some violations including hundreds of times. Many of the violations implicated both civil and criminal statutes.

The U.S. EPA cited Apple for violating 40 CFR Parts 262, 265, and 270 under the RCRA. The violations included failure to obtain required permits, failure to comply with hazardous waste management laws, and violation of the air emissions standards for equipment leaks and for tanks, surface impoundments, and containers. (Sub-Parts 262.A, 262.B, 265.J, 265.BB, 265.CC, & 270.A). *See* Exhibit E.

# California Air Resources Board
## Re: 3250 Scott Blvd, Santa Clara, California

Apple's facility was inspected by Cal. EPA on at least Aug. 29 2024 and Sept. 12 2024, resulting in notices of violations issued against Apple and publicly posted. The violations include the installation and operation of a solvent waste tank without permits or informing Cal. EPA since 2017 (Reg. 2, Rule 1, §§ 301 & 302), installation and operation of multiple exhaust devices without permits of notifying Cal. EPA  since 2019 (Reg. 2, Rule 1, §§ 301 & 302), and exhausting amounts of nitrogen oxides that exceed statutory health/safety and environmental limits. (Reg. 9, Rule 7, § 307.1). *See* Exhibit F.

# Conclusion

This Notice of Pendency is filed for the Court's awareness and no action is requested from the court at this time.

Dated: Jan. 22 2025

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

# Appendix

**Exhibit A: NLRB Complaint**

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## REGION 21

**APPLE INC.**

    **and**

**ASHLEY MARIE GJØVIK, an Individual**

**Cases  32-CA-282142**
**32-CA-283161**

## ORDER CONSOLIDATING CASES, CONSOLIDATED
## COMPLAINT AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 32-CA-282142 and 32-CA-283161, filed by Ashley Marie Gjøvik , an Individual (Gjøvik or Charging Party) against Apple, Inc. (Respondent) are consolidated.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

1.      (a)      The original charge in Case 32-CA-282142 was filed by the Charging Party on August 26, 2021, and a copy was served on Respondent by U.S. mail on August 30, 2021.

      (b)      The amended charge in Case 32-CA-282142 was filed by the Charging Party on April 1, 2022, and a copy was served on Respondent by U.S. mail on April 4, 2022.

      (c)      The charge in Case 32-CA-283161 was filed by the Charging Party on September 16, 2021, and a copy was served on Respondent by U.S. mail on September 20, 2021.

1

2.    (a)    At all times, Respondent, a California corporation with a headquarters at One Apple Park Way, Cupertino, California has retail facilities throughout the United States, has been engaged in the development, manufacture, and retail sale of consumer electronics and software.

(b)    Annually, in the course and conduct of its operations, Respondent derives gross revenues in excess of $500,000, and purchased and received at its California facilities products, goods and materials valued in excess of $5,000 directly from points outside the State of California.

3.    At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

4.    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act or agents of Respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Jenna Waibel | Corporate Employee Relations Representative |
| David Powers | Software Development Engineering Director |
| Ekelemchi Okpo | Corporate Employee Relations Representative |

5.    About March 22, 2021, Respondent, by David Powers, by telephone:

(a)    Directed employees to refrain from talking about workplace environmental health and safety concerns with other employees.

(b)    Impliedly threatened employees with discipline by telling employees that the instruction to refrain from talking about workplace environmental health and safety concerns with other employees, was a warning.

2

6.     About April 27, 2021, Respondent, by Jenna Waibel:

(a)     By telephone, told employees to use the following five-point balancing test in advance of communicating workplace health and safety concerns to other employees:

- o   make sure the information is complete

- o   make sure the information is accurate

- o   that it does not cause panic

- o   that it does not make an assessment about safety; and

- o   that people talk to the Employer's Environmental Health and Safety (EHS) department directly.

(b)     By email, told employees that when discussing terms and conditions of employment, they should ensure that the information shared was as accurate and complete as possible.

(c)     By email, told employees to refrain from discussing their terms and conditions of employment by telling employees to first communicate their workplace health and safety concerns directly with Respondent.

7.     Respondent, by Ekelemchi Okpo:

(a)     About August 4, 2021, during a video meeting, directed employees not to talk to other employees about Respondent's investigation of employees' workplace health and safety concerns.

(b)     About August 4, 2021, by email, told employees to refrain from sharing communications about Respondent's investigation into employees' workplace health and safety concerns.

3

(c)       About August 5, 2021, by email, told employees that he was "disappointed" that they "misrepresented" their discussion on August 4, 2021.

8.       (a)       From about March 22, 2021, to about September 2021, Respondent's employee Gjøvik concertedly complained to Respondent regarding the wages, hours, and working conditions of Respondent's employees, by inter alia, raising workplace environmental health and safety concerns.

(b)       From about June 2021, to about September 2021, Respondent's employee Gjøvik engaged in concerted activities for the purposes of mutual aid and protection, by, inter alia, circulating a petition amongst employees regarding return-to-work concerns, talking to newspaper outlets about employees' workplace complaints and concerns, posting about workplace complaints and concerns on social media as well as on Respondent's Slack channel platform.

(c)       About August 4, 2021, Respondent suspended its employee Gjøvik.

(d)       About September 9, 2021, Respondent discharged its employee Gjøvik.

(e)       Respondent engaged in the conduct described above in paragraphs 8(c) and 8(d), because Gjøvik engaged in the conduct described above in paragraphs 8(a) and 8(b), and to discourage employees from engaging in these or other concerted activities.

9.       By the conduct described above in paragraphs 5 through 8 Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

10.       The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

**WHEREFORE**, as part of the remedy for the unfair labor practices described above in paragraphs 5 through 8, the General Counsel seeks an Order requiring Respondent to: (1) physically and electronically post the Notice to Employees at all its facilities including, but not limited to, posting on Respondent-sponsored Slack communication channels, intranet portals, and by email; (2) email a copy of the Notice to Employees to all its supervisors and managers; (3) physically and electronically post the Employee Rights Notice poster in the same manner as the posting of the Notice to Employees; (4) have a Board Agent conduct a training session for its managers and supervisors on their obligations under the Act, on work time, scheduled so as to ensure the widest possible attendance (by videoconference or in person, at the discretion of the Regional Director); and (5) have a Board Agent conduct a training session for its employees on their rights under the Act, on work time, scheduled so as to ensure the widest possible attendance (by videoconference or in person, at the discretion of the Regional Director).

**WHEREFORE**, as part of the remedy for the unfair labor practices described above in paragraph 8 the General Counsel seeks an Order requiring Respondent to: (1) offer employee Gjøvik reinstatement to her former job position or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights or privileges previously enjoyed; (2) send a letter to Gjøvik apologizing for suspending and terminating her, expunge all Respondent's records of such suspension and termination, and inform her, in writing, that her suspension and termination have been expunged from Respondent's records and will not be used against her in any way; (3) make employee Gjøvik whole for all losses incurred as a result of the unfair labor practices described above, including for all direct and foreseeable pecuniary harm incurred as a result of her unlawful

suspension an termination; and (4) should Gjøvik waive reinstatement, provide a neutral job reference to all prospective employers with the correct job titles and positions of employee Gjøvik.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint.  The answer must be **electronically filed with this office on or before January 2, 2025**.  Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website.  To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions.  Responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a consolidated

complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.  Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

**NOTICE OF HEARING**

PLEASE TAKE NOTICE THAT on **August 4, 2025, at 9:00 am at 312 N Spring Street, 10th Floor, Los Angeles, CA 90012**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  December 18, 2024

William B. Cowen, Regional Director
National Labor Relations Board, Region 21
US Court House, Spring Street
312 N Spring Street, 10th Floor
Los Angeles, CA 90012

Attachments

FORM NLRB 4338
  (6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 32-CA-282142 and 32-CA-283161

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements ***will not be granted*** unless good and sufficient grounds are shown ***and*** the following requirements are met:

(1)  The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2)  Grounds must be set forth in ***detail***;

(3)  Alternative dates for any rescheduled hearing must be given;

(4)  The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5)  Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Crystal S. Carey, Attorney
Morgan, Lewis & Bockius, LLP
101 Park Avenue, 37th Floor
New York, NY 10178-0060
crystal.carey@morganlewis.com

Kelcey J. Phillips, Attorney
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
kelcey.phillips@morganlewis.com

Harry I. Johnson III, Attorney
Morgan, Lewis & Bockius, LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
harry.johnson@morganlewis.com

Mark Stolzenburg, Attorney
Morgan, Lewis & Bockius, LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
mark.stolzenburg@morganlewis.com

Brian J. Mahoney, Attorney
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921
brian.mahoney@morganlewis.com

Apple, Inc.
One Apple Park Way
Cupertino, CA 95014

Ashley Marie Gjovik
2108 N Street, Suite 4553
Sacramento, CA 95816
ashleymgjovik@protonmail.com

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law.  **You may be represented at this hearing by an attorney or other representative**.  If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations.  The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently.  To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts.  You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**.  The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.      BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations.  In addition, you should be aware of the following:

- **Special Needs:**  If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance.  Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:**  One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference.  You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.      DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations.  Please note in particular the following:

- **Witnesses and Evidence**:  At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits:  Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered**

Form NLRB-4668
(6-2014)

**in evidence.**  If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:**  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.      AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter.  Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.

**EXHIBIT B: APPLE'S FIRST ANSWER TO NLRB**

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 21**

**APPLE INC. [1]**                    **Case 32-CA-284428**


and

**ASHLEY GJOVIK, an Individual**

## ANSWER TO CORRECTED COMPLAINT

Pursuant to Sections 102.20 and 102.21 of the Rules and Regulations of the National Labor Relations Board ("NLRB" or "Board"), Apple Inc. ("Apple" or "Respondent"), through its undersigned counsel, submits the following Answer to the Corrected Complaint and Notice of Hearing ("Complaint") according to the Complaint's numbered paragraphs.  To the extent the Complaint's introduction contains allegations and legal conclusions, they are denied.

1.      The charge was filed by Gjovik on October 12, 2021, and a copy was served on Respondent by U.S. mail on October 13, 2021.

**ANSWER:**    On information and belief, Apple admits the allegations of Paragraph 1.

2.      (a)      At all times reasonably encompassed by this complaint and any answer Respondent may file, i.e., all material times, Respondent, a California corporation with a headquarters at One Apple Park Way, Cupertino, CA and retail facilities throughout the U.S., has been engaged in the development, manufacture, and retail sale of consumer electronics and software.

---

[1] Apple's name is "Apple Inc." There is no comma preceding the "Inc." Apple moves to correct the case caption to correctly reflect its name.

(b)     Annually, in the course and conduct of its operations, Respondent derives gross revenues in excess of $500,000, and purchased and received at its California facilities products, goods and materials valued in excess of $5,000 directly from points outside the State of California.

(c)     At all times reasonably encompassed by this complaint and any answer Respondent may file, i.e., all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

**ANSWER:**

(a)     Apple admits the allegations of Paragraph 2(a).

(b)     Apple admits the allegations of Paragraph 2(b).

(c)     Apple admits the allegations of Paragraph 2(c).

3.     Since at least April 13, 2021, in a **Frequently Asked Questions** page on its intranet, a copy of which is attached to this Complaint as Attachment A and is incorporated herein in its entirety, Respondent has defined confidential information as follows:

> Apple Confidential information is anything not explicitly, publicly, or purposefully disclosed by Apple. Examples of Apple Confidential information include unannounced products (including their release dates, pricing, and specifications), unannounced sales promotions, certain AppleWeb announcements, organizational charts, financial forecasts, and customer information.

**ANSWER:**     Apple admits the allegations of Paragraph 3.

4.     Since at least April 13, 2021, Respondent has maintained a "**Confidentiality and Intellectual Property Agreement**" (IPA), a copy of which is attached to this Complaint as Attachment B and is incorporated herein in its entirety.

(a)     Under the section heading "**I. Confidential and Proprietary Information**," the IPA states, inter alia:

You understand that your employment by Apple creates a relationship of confidence and trust with respect to any confidential, proprietary, or non-public information that may be disclosed to you or otherwise learned by you in the course of employment at Apple, including but not limited to any confidential information of third parties disclosed to Apple. As referred to herein, "Proprietary information" means all information not generally known outside Apple and/or kept confidential by Apple, including for example but not limited to (a) trade secrets, R&D records, reports, samples, manuals, plans, specifications, inventions, ideas, designs, prototypes, software, source code, or any other materials or information relating to past, existing, and future products and services whether or not developed, marketed, used, or rejected by Apple or persons or companies dealing with Apple; (b) sales, profits, organization, customer lists, pricing, sources of material, supply, costs, manufacturing, financials, forecasts, market research, or any other information relating to the business operations or affairs of Apple or persons or companies dealing with Apple; and (c) the employment and personnel information of Apple, such as compensation, training, recruiting, and other human resources information.

(b)     There is a footnote at the end of the paragraph quoted above that states:

Nothing in this Agreement should be interpreted as restricting your rights to speak freely about your wages, hours, or working conditions as legally permitted.

(c)     Under the section heading "I. Confidential and Proprietary Information,"

the IPA further states:

**A. Treatment of Proprietary Information**.  You understand and agree that your employment by Apple prohibits you, during or after employment, from using or disclosing, or permitting any other person or entity to use or disclose, any Proprietary Information without the written consent of Apple, except as necessary to perform your duties as an employee of Apple. You understand and agree to strictly comply with all of Apple's rules and policies regarding Proprietary Information and use best efforts to safeguard such Proprietary Information and protect it against disclosure, misuse, loss, or theft. Upon termination of employment with Apple, you will promptly deliver to Apple all documents and materials of any kind pertaining to your work at Apple, and you agree that you will not take with you any documents, materials, or copies thereof, whether on paper or any other medium, containing any Proprietary Information.

**ANSWER:**     Apple admits that it has maintained an IPA since at least April 13, 2021.

With regard to the specific provisions of the IPA identified above in Paragraphs 4(a) through 4(c),

3

Apple answers as follows, with such answers limited to the version of the IPA executed by Charging Party:

(a)      Apple admits that the version of the IPA executed by Charging Party contained the language set forth in Paragraph 4(a). Apple denies all the remaining allegations of Paragraph 4(a), and each and every related legal conclusion.

(b)      Apple admits that the version of the IPA executed by Charging Party contained the footnote set forth in Paragraph 4(b). Apple denies all the remaining allegations of Paragraph 4(b), and each and every related legal conclusion.

(c)      Apple admits that the version of the IPA executed by Charging Party contained the language set forth in Paragraph 4(c). Apple denies all the remaining allegations of Paragraph 4(c), and each and every related legal conclusion.

Apple denies all the remaining allegations of Paragraph 4 and each of its subparagraphs, and each and every related legal conclusion.

5.      Since at least April 13, 2021, Respondent has maintained a **Business Conduct Policy** (BCP), and since at least April 13, 2021, Respondent has maintained as part of the BCP the rules and provisions set forth below. A copy of the 2020 version of the BCP is attached to this Complaint as Attachment C and is incorporated herein in its entirety.

(a)      Under the section heading "**The Way We Do Business Worldwide**," the BCP states, inter alia:

**Your Responsibilities and Obligation to Take Action**

Everything we do is a reflection of Apple. We expect you to:

- **Follow the Policy**.  Comply with the letter and spirit of Apple's Business Conduct Policy and all applicable legal requirements.

- **Speak up**.  If you see or hear of any violation of Apple's Business Conduct Policy, other Apple policies, or legal or regulatory requirements, you must notify either your manager, People Team, Legal, or Business Conduct.

- **Use good judgment and ask questions**.  Apply Apple's principles of business conduct, and review our policies and legal requirements. When in doubt about how to proceed, discuss it with your manager, your People Business Partner, Legal, or Business Conduct. Any failure to comply with Apple's Business Conduct Policy—or failure to report a violation—may result in disciplinary action, up to and including termination of employment.

You are also required to fully cooperate in any Apple investigation, and keep any information shared with you confidential to safeguard the integrity of the investigation.

(b)      Under the section heading "The Way We Do Business Worldwide," the

2020 BCP further states:

### Your Rights as an Employee

While we expect employees to follow the Business Conduct Policy, nothing in this Policy should be interpreted as being restrictive of your right to speak freely about your wages, hours, or working conditions.

In the August 2022 BCP, this subsection was modified to read as follows:

### Your Rights as an Employee

You are permitted to speak freely about your wages, hours, and working conditions, including information about harassment, discrimination, or any other conduct you have reason to believe is unlawful, and nothing in this Policy, or any Apple policy, should be interpreted as being restrictive of your right to do so.

(c)      Under the section heading "**Protecting Apple**," the BCP states: Protecting

Apple's Assets and Information

You play a key role in helping us protect Apple. Assets include Apple's proprietary information (such as intellectual property, confidential business plans, unannounced product plans, sales and marketing strategies, and other trade secrets), as well as physical assets such as cash, equipment, supplies and product inventory.

- **Watch what you say**.  Being aware of where you are, who is around you, and what they might see or overhear is an important way we all protect Apple's secrets.

- **Protect our assets**.  Keep track of the assets and information Apple has entrusted you, and prevent loss, misuse, waste, or theft.

- **Set an example**.   Model behavior that protects our assets and information at all times.

(d)     Under the section heading "**Protecting Apple,**" the BCP further states:

## Apple Confidential Information

One of our greatest assets is information about our products and services, including future product offerings. Never disclose confidential, operational, financial, trade-secret, or other business information without verifying with your manager whether such disclosure is appropriate. We are very selective when disclosing this type of information to vendors, suppliers, or other third parties, and only do so once a non-disclosure agreement is in place. Even with[in] Apple, confidential information should only be shared on a need-to-know basis. The Intellectual Property Agreement that you signed when you joined Apple outlines your duty to protect our information.

For more information, visit the Global Security website.

(e)     Under the section heading "**Protecting Apple,**" the BCP further states:

## Non-Disclosure/Confidentiality Agreements

Never share confidential information about Apple's products or services without your manager's approval. When there is a business need to share confidential information with a supplier, vendor, or other third party, never volunteer more than what is necessary to address the business at hand. Any confidential information shared outside Apple should be covered by a non-disclosure/confidentiality agreement (NDA). Contact Legal in your region to obtain an NDA. In the United States, you can find NDA information and support on the Legal website.

(f)     Under the section heading "**Protecting Apple,**" the BCP further states:

## Accuracy of Records and Reports

Accurate and honest records are critical to meeting our legal, financial, and management obligations. You should ensure that all records and reports, including   timecards,   customer   information,   technical   and   product

6

information, correspondence, and public communications are comprehensive, fair, accurate, timely, and understandable.

Do not misstate facts, omit critical information, or modify records or reports in any way to mislead others, and never assist others in doing so. Intentional manipulation of Apple records is a form of fraud.

(g)     Under the section heading "**Protecting Apple**," the BCP further states:

**Public Speaking and Press Inquiries**

All public or outside speaking engagements that relate to Apple's business or products must be pre-approved by your manager and Corporate Communications. If your request is approved, you may not request or accept any form of personal compensation from the organization that requested your participation, but you may accept reimbursement for incurred expenses. All inquiries from the media, industry, or financial analyst community must be referred to Corporate Communications or Investor Relations.

(h)     Under the section heading "**Protecting Apple**," the BCP further states:

**Publishing Articles**

If you want to contribute an article or other type of submission to a publication or blog on a topic that relates to Apple's business or products or could be seen as a conflict of interest, you must first request approval from Corporate Communications. If your contribution is technical or academic and [relates] to Apple, complete the Academic and Industry-Related Activities Questionnaire to obtain review from Legal and Business Conduct. If your contribution is determined to be a conflict of interest, you will need to get senior vice president approval. For additional information, see the Social Media and Online Communications guidelines.

(i)     Under the section heading "**Individual Accountability**," the BCP states:

**Avoiding Conflicts of Interest**

A conflict of interest is any activity that may damage Apple's reputation or financial interests, or gives the appearance of impropriety or divided loyalty. Avoid any situation that creates a real or perceived conflict of interest. If you are unsure about a potential conflict, talk to your manager, Business Conduct, or your People Business Partner.

(j)     Under the section heading "**Individual Accountability**," the BCP further states:

7

**Conflicts of Interest and Outside Activities**

You may participate in outside activities, including secondary employment, businesses, inventions, and serving on boards, only if they do not present a conflict of interest and you adhere to the rules set out below.

Apple generally considers an outside activity to be a conflict of interest if it:

[...]

- Would require you to disclose or use confidential Apple information.

[...]

- Arises from your role in Apple's business relationship with the organization.

(k)     Under the sub-heading "**Conflicts of Interest and Outside Activities**," the

BCP further states:

Work with your manager and Business Conduct to evaluate a potential conflict of interest. If an outside activity presents a conflict of interest, you must partner with a People Business Partner, and obtain written approval from your manager, Legal (if applicable), and the senior most person reporting to the CEO of both your and any relevant organizations. Contact Business Conduct to assist with Legal review.

(l)     Under the sub-heading "**Conflicts of Interest and Outside Activities**," the

BCP further states:

Any employee, full or part-time, who is participating in an outside activity, must comply with the following rules. **Do not**:

- Use any time at work or any Apple assets for your outside activity. This includes Apple's workspace, phones, computers, [I]nternet access, photocopiers, and any other Apple assets or services.

[...]

- Use confidential Apple information.

(m)     Under the section heading "**Individual Accountability**," the BCP further

states:

8

**Outside Employment and Inventions**

Before participating in creating inventions or businesses that are in the same area as your work for Apple, or that compete with or relate to Apple's present or reasonably anticipated business, products or services, you must have written permission from your manager and the senior vice president of your organization. Before taking any paid employment outside of Apple, you should notify your manager. Visit the Conflicts of Interest page for more information on what would be considered a conflict.

(n)     Under the section heading "**Business Integrity**," the BCP states:

**Private Employee Information**

You should never share a coworker or prospective employee's personal information. This includes information regarding their employment history, personal contact information, compensation, health information, or performance and disciplinary matters. Any Legal or business need-to-know exceptions should be approved by your manager and Legal.

(o)     Under the section heading "**Business Integrity**," the BCP further states:

As an Apple employee, you should understand that subject to local laws and regulations and in accordance with Apple's review process, we may do one of the following when you access Apple's network or systems, or use any device, regardless of ownership, to conduct Apple business:

- Access, search, monitor, and archive all data and messages sent, accessed, viewed, or stored (including those from iCloud, Messages, or other personal accounts).

- Conduct physical, video, or electronic surveillance, search your workspace (e.g. file cabinets, desk drawers, and offices, even if locked), review phone records, or search any non-Apple property (e.g. backpacks, handbags) while on company premises.

- Disclose to law enforcement, without prior notice, any information discovered during a search that may indicate unlawful behavior.

(p)     Under the section heading "**Business Integrity**," the BCP further states:

While limited personal use of Apple equipment and systems is allowed, Apple may monitor equipment and systems. You should not have any expectation about the privacy of content or personal information on Apple systems or networks, including VPN. To learn more, read our Information Security Policies and guidance on Personal Information Privacy on the People site, which explain Apple's rights and your rights when conducting

9

Apple business or using Apple-provided equipment. For more information, contact the Privacy team.

**ANSWER:**    Apple admits that it has maintained a Business Conduct Policy since at least April 13, 2021. With regard to the specific provisions of the Business Conduct Policy identified above in Paragraphs 5(a) through 5(p), Apple answers as follows, with such answers limited to the period of April 13, 2021 to present:

(a)    Apple admits the allegations of Paragraph 5(a).

(b)    Apple admits the allegations of Paragraph 5(b).

(c)    Apple admits the allegations of Paragraph 5(c).

(d)    Apple admits the allegations of Paragraph 5(d), with the bracketed correction to a typographical error made above in the allegation.

(e)    Apple admits that the heading and first three sentences of the provision of the BCP set forth in Paragraph 5(e) have appeared in the Business Conduct Policy since at least April 13, 2021. Apple admits that the last two sentences of the provision set forth in Paragraph 5(e) appeared in the Business Conduct Policy until about February 2024. Apple denies all the remaining allegations of Paragraph 5(e), and each and every related legal conclusion.

(f)    Apple admits the allegations of Paragraph 5(f). Answering further, Apple states that "expense reports" was added immediately before "timecards" in or about August 2022.

(g)    Apple admits the allegations of Paragraph 5(g). Answering further, Apple states that "business or products" was revised to "business, products, or services" in or about February 2024.

(h)    Apple admits the allegations of Paragraph 5(h), with the bracketed correction to a typographical error made above in the allegation (i.e., removal of boldface type).

(i)    Apple admits the allegations of Paragraph 5(i).

(j)      Apple admits the allegations of Paragraph 5(j).

(k)      Apple admits the allegations of Paragraph 5(k).

(l)      Apple admits the allegations of Paragraph 5(l), with the bracketed correction to a typographical error made above in the allegation.

(m)      Apple admits that the heading and first two sentences of the provision set forth in Paragraph 5(m) have appeared in the Business Conduct Policy since at least April 13, 2021. Apple denies that the third sentence of the provision set forth in Paragraph 5(m) has appeared in the identified provision of the Business Conduct Policy at any time since April 13, 2021 and all of the remaining allegations of Paragraph 5(m), and each and every related legal conclusion.

(n)      Apple admits the allegations of Paragraph 5(n).

(o)      Apple admits the allegations of Paragraph 5(o).

(p)      Apple admits the allegations of Paragraph 5(p).

Apple denies all the remaining allegations of Paragraph 5 and each of its subparagraphs, and each and every related legal conclusion.

6.      Since at least April 13, 2021, Respondent has maintained an "**About Workplace Policies**" (AWP) page on its intranet, a copy of which is attached to this Complaint as Attachment D and is incorporated herein in its entirety.

(a)      Under the section heading "**Important points to know**," the AWP states, inter alia:

- If you have knowledge of a possible violation of Apple's Business Conduct Policy (PDF), any other Apple policy, or legal or regulatory requirements, you must notify your manager, your People Business Partner, People Support, or the Business Conduct Helpline.

**ANSWER:**      Apple admits the allegations of Paragraphs 6 and 6(a).

7.    Since at least April 13, 2021, Respondent has maintained a **Workplace Searches and Privacy Policy** (WSPP), a copy of which is attached to this Complaint as Attachment E and is incorporated herein in its entirety.

(a)    The first paragraph of the WSPP states:

In order to protect Apple confidential and sensitive information and maintain the security and integrity of our networks and equipment, any use of Apple property, as well as use of your personal devices for Apple business or for accessing Apple networks, is subject to this policy.

(b)    Under the section heading "**Use of Apple systems and data,**" the WSPP states:

All Apple facilities, furnishings, supplies, equipment, networks, and electronic systems (such as internet and intranet access, voicemail, email, instant messaging, and collaboration tools) are company property and are provided to conduct Apple business. Personal use is permitted as long as such use is reasonable and doesn't interfere with normal business activities. It must also not affect your performance, violate Apple policies and practices, or applicable local laws.

Generally, you should use Apple equipment to conduct Apple business. If you use your personal property to conduct Apple business (such as computers, data storage devices, mobile devices, and so on), or to access Apple networks, you must act in accordance with Apple policies. In addition, your property may be subject to search and the Apple-related content may be removed.

(c)    Under the section heading "**Workplace searches,**" the WSPP states:

Only in cases where allowed under local law, Apple may:

- Access, search, monitor, archive, and delete Apple data stored on all of its property, as well as non-Apple property, if used for Apple business or if used for accessing Apple data, servers, or networks. This includes all data and messages sent, accessed, viewed, or stored (including those from iCloud, Messages, or other personal accounts) using Apple equipment, networks, or systems.

- Conduct physical, video, or electronic surveillance, search your workspace such as file cabinets, desks, and offices (even if locked), review phone records, or search any non-Apple property (such as backpacks, purses) on company premises.

This means that you have no expectation of privacy when using your or someone else's personal devices for Apple business, when using Apple systems or networks, or when on Apple premises.

The search or removal of Apple-related content on a device will be determined on a case-by-case basis when there is a business need and subject to local approval processes. Refusing to permit a search or removal of Apple-related content may result in disciplinary action up to and including termination of employment.

**ANSWER:**   Apple admits that it has maintained a WSPP since at least April 13, 2021. With regard to the specific provisions of the WSPP identified above in Paragraphs 7(a) through 7(c), Apple answers as follows, with such answers limited to the period of April 13, 2021 to present:

(a)   Apple admits that the language set forth above in Paragraph 7(a) appeared in the WSPP until approximately February 28, 2022. Apple denies all the remaining allegations of Paragraphs 7 and 7(a), and each and every related legal conclusion.

(b)   Apple admits that the language set forth above in Paragraph 7(b) appeared in the WSPP until approximately February 28, 2022. Apple denies all the remaining allegations of Paragraphs 7 and 7(b), and each and every related legal conclusion.

(c)   Apple admits that the language set forth above in Paragraph 7(c) appeared in the WSPP until approximately February 28, 2022. Apple denies all the remaining allegations of Paragraphs 7 and 7(c), and each and every related legal conclusion.

Apple denies all the remaining allegations of Paragraph 7 and each of its subparagraphs, and each and every related legal conclusion.

8.   Since at least April 13, 2021, Respondent has maintained a "**Misconduct and Discipline Policy**" (MDP), a copy of which is attached to this Complaint as Attachment F and is incorporated herein in its entirety.

(a)     Under   the   section   heading   "**Conduct   warranting   immediate   termination**,**"** the MDP states, inter alia:

Conduct that may warrant immediate termination of employment includes, but isn't limited to:

**Policy violations**

- Violating confidential, proprietary, and trade secret information obligations (including those stated in Apple's Intellectual Property Agreement).

- Using Apple time, materials, facilities, equipment, or electronic resources for purposes unrelated to Apple business without your manager's express permission

(b)     Under   the   section   heading   "**Conduct   warranting   immediate   termination**,**"** the MDP further states:

**Other violations**

- Video or audio recording others without their prior consent. Apple may use recording or surveillance equipment for safety or security reasons.

- Photography at any Apple facility or home office or during meetings at any location where Apple confidential information could be compromised.

**ANSWER:**

(a)     Apple admits the allegations of Paragraph 8 and 8(a).

(b)     Apple admits the allegations of Paragraph 8 and 8(b).

9.     Since at least April 13, 2021, Respondent has maintained a "**Social Media and Online Communications Policy**" (SMOCP), a copy of which is attached to this Complaint as Attachment G and is incorporated herein in its entirety.

(a)     The SMOCP states, inter alia:

Most of us rely on online resources such as email, social media, blogs, and wikis to stay connected.

It's your decision whether or not to engage in these or other online communications. But keep in mind that Apple's policies and guidelines apply to any activities that affect your performance, the performance of other Apple employees, or Apple's business interests.

This is true even if you blog, tweet, write, post, comment, share visual or other media, or otherwise communicate online outside of work — even if you do not identify yourself as an Apple employee. So before you click or tap "send," keep these guidelines in mind:

- **Protect Apple's confidential information**.  As we conduct business around the world, our competitive strategy requires us to keep Apple's intellectual property and proprietary information confidential. This includes non-public information such as the timing, pricing, and design of Apple products; Apple's overall business performance; and the layout of our stores (including back-of-house areas, which contain competitive business operations information, customer data, sales targets, and other proprietary information).

All Apple employees have an obligation to protect this information. Doing so respects the significant amount of time and energy Apple puts into introducing our customers to new products and new retail stores. For more information on confidentiality, see the Intellectual Property Agreement you signed when you were hired. You can also learn more about protecting Apple's assets and confidential information in Apple's Business Conduct Policy.

[...]

Nothing in these guidelines should be interpreted as restricting your right to speak freely about your wages, hours, or working conditions.

**ANSWER:**    Apple admits the allegations of Paragraphs 9 and 9(a).

10.    Since at least April 13, 2021, Respondent has maintained a "**Confidentiality Obligations Upon Termination of Employment Policy**" (COTEP), a copy of which is attached to this Complaint as Attachment H and is incorporated herein in its entirety.

(a)    The COTEP states, inter alia:

During your employment, you had access to proprietary information of Apple Inc. and its subsidiaries (Apple). Examples of such proprietary information means all information not generally known outside Apple and/or kept confidential by Apple including for example and without limitation (a) trade secrets, R&D records, reports, samples, manuals plans,

specifications, inventions, ideas, designs, prototypes, software, source code, or any other materials or information relating to past, existing, and future products and services whether or not developed, marketed, used, or rejected by Apple or persons or companies dealing with Apple; (b) sales, profits, organization, customer lists, pricing, sources of material, supply, costs, manufacturing, financials, forecasts, budgets, market research, marketing or advertising plans, or any other information relating to business operations or affairs of Apple or persons or companies dealing with Apple; (c) the employment and personnel information of Apple, such as compensation, training, recruiting, and other human resource information. You may have created such information in the course of your everyday work. You may have additionally had access to proprietary information in the course of your work at Apple obtained by third parties including subsidiaries, affiliates, vendors, suppliers, customers, consultants, licensees, and dealers. You are obligated not to disclose any above described proprietary information to any other person or company (other than with Apple's prior consent) or use it for your own benefit. Furthermore you are obligated to have returned to Apple all documents and materials of any kind pertaining to your work at Apple and containing any proprietary information.

Certainly Apple has no desire to prevent you from the lawful exercise of your professional skills. However, any unauthorized disclosure or use of Apple proprietary information in conjunction with your new employment— or otherwise—would be a breach of your agreement with Apply, as well as a violation of the laws relating to the protection of such information. Your obligations continue until such time as the proprietary information is generally available to the public.

[...]

If you have any questions regarding the Confidentiality and Intellectual Property Agreement, if you are concerned about the use or disclosure of proprietary information, or if you should find yourself in a position where you are uncertain about whether an idea or invention should have been disclosed to Apple, please promptly contact the *Apple IP Transactions Department* at [redacted] and we will be pleased to review the matter with you.

**ANSWER:**   Apple admits that it has maintained a COTEP since at least April 13, 2021. With regard to the specific provisions of the COTEP identified above in Paragraph 10(a), Apple answers as follows, with such answers limited to the period of April 13, 2021 to present:

Apple admits the allegations of Paragraphs 10 and 10(a) relating to the second and third paragraphs of the COTEP set forth in Paragraph 10(a).

Apple admits that the first paragraph set forth in Paragraph 10(a) appeared in the COTEP until a date uncertain. Apple denies that the first paragraph of the COTEP as reproduced above in Paragraph 10(a) remains in the COTEP as set forth above.

Apple denies all the remaining allegations of Paragraphs 10 and 10(a), and each and every related legal conclusion.

11.    Since at least April 13, 2021, Respondent has maintained a "Checklist for Employees Leaving Apple" (Checklist), a copy of which is attached to this Complaint as Attachment I and is incorporated herein in its entirety.

> (a)    The Checklist states, inter alia:
>
> Confidentiality: As a reminder, you are expected to continue to abide by the provisions of the Intellectual Property Agreement after your employment with Apple ends. Examples include but are not limited to unreleased product information, new product schedules, budgets, marketing plans, organization charts, customer lists, and vendor contacts.

**ANSWER:**    Apple admits that it has maintained the Checklist since at least April 13, 2021. With regard to the specific provision of the Checklist identified above in Paragraph 11(a), Apple answers as follows, with such answers limited to the period of April 13, 2021 to present:

Apple admits that the language set forth in Paragraph 11(a) has appeared in the Checklist since at least April 13, 2021 in mostly the same form as set forth above, with certain contractions added and punctuation changes made at some point after April 13, 2021.

Apple denies all the remaining allegations of Paragraphs 11 and 11(a), and each and every related legal conclusion.

12.    By the conduct described above in paragraphs 3, 4(a), 4(c), 5(a), 5(c) – 5(p), and 6–11, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

**ANSWER:**   Paragraph 12 states a legal conclusion to which no answer is required.  To the extent a response is required, Apple denies each and every allegation of Paragraph 12.

13.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

**ANSWER:**   Paragraph 13 states a legal conclusion to which no answer is required.  To the extent a response is required, Apple denies each and every allegation of Paragraph 13.


Any and all remaining allegations contained in the Complaint are denied, along with each and every related legal conclusion.


## AFFIRMATIVE AND OTHER DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Under a *de novo* interpretation of the Act, required by *Loper Bright v. Raimondo* 603 U.S. ___, 144 S. Ct. 2244 (2024), the policy provisions identified in the Complaint are lawful.

3.     Under a *de novo* interpretation of the Act, required by *Loper Bright v. Raimondo* 603 U.S. ___, 144 S. Ct. 2244 (2024), the policy disclaimers identified in the Complaint, and other similar disclaimers to employees, render the policies identified in the Complaint lawful.

4.     The Complaint allegations fail to identify any policy provisions that are unlawful under *Stericycle, Inc.*, 372 NLRB No. 113 (2023), which among other things requires "a particularized analysis of specific rules [and] their language."

5.     The NLRB incorrectly decided *Stericycle, Inc.*, 372 N.L.R.B. No. 113 (Aug. 2, 2023). The standard adopted by the Board in *Stericycle* is overbroad and *ultra vires* because it functions as a presumption that policies that do not expressly address Section 7 rights

18

automatically violate the NLRA based on speculative future interference, absent sufficient justification and/or tailoring.

6.  The policy provisions at issue in the Complaint are based on legitimate justifications and are properly worded under *Stericycle, Inc.*, 372 NLRB No. 113 (2023), even if that case is valid.

7.  Any finding of an unfair labor practice based in whole or in part on speech and/or views, argument, or opinion spoken or disseminated by Apple or managers, supervisors, agents and other persons acting on behalf of Apple (collectively hereinafter referred to as "Apple's agents" or "its agents") in any policies, rules, other publications, meetings, one-on-one discussions, or written or other communications, whether in written, electronic, printed, graphic, or visual form which "contains no threat of reprisal or force or promise of benefit" is prohibited by NLRA Section 8(c).

8.  Any finding of an unfair labor practice based in whole or in part on publications disseminated by Apple or its agents in any meetings, one-on-one discussions, or written or other communications which "contains no threat of reprisal or force or promise of benefit" constitutes an unconstitutional infringement on the First Amendment rights of freedom of speech and the right of the people peaceably to assemble. Under the U.S. Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023), the First Amendment requires that, for regulation of an alleged threat to be constitutionally permitted, it must be a "true threat" and the Government must demonstrate from the context of the statement that the author of the threat acted at least in reckless disregard of whether the subject might actually find it threatening. In this case, the NLRB has failed to plead any of the required elements required under *Counterman*,

and even if it had, it could not prove them. The Board's attempts to regulate Apple's speech therefore exceeds the constitutional limits identified by the Supreme Court in *Counterman*.

9.      No remedy is appropriate as Apple has not engaged in any unfair labor practice. Further, the remedies requested in the Complaint are punitive, inappropriate, non-remedial, violate Apple's freedom of speech rights under the First Amendment, violate the takings clause of the Fifth Amendment, and are beyond the authority of the Board to order.

10.     The remedies sought are further punitive, inappropriate, and non-remedial to the extent that they seek the posting and/or circulation of notices to employees outside of the facility where the charge originated.

11.     Apple further reserves the right to amend and/or supplement its answers and affirmative defenses.

**WHEREFORE**, Apple respectfully requests that the Complaint be dismissed in its entirety, with prejudice.

Dated:  Chicago, Illinois
      October 17, 2024

Respectfully submitted,

/s/ Mark L. Stolzenburg
Mark L. Stolzenburg
mark.stolzenburg@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr.
Chicago, IL  60606-1511
Tel.  +1.312.324.1000
Fax  +1.312.324.1001

Crystal S. Carey
crystal.carey@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178-0060
Tel.  +1.212.309.6000
Fax  +1.212.309.6001

Attorneys for Apple Inc.

## **CERTIFICATE OF SERVICE**

I certify that on October 17, 2024, a copy of Apple Inc.'s Answer to Corrected Complaint in NLRB Case No. 32-CA-284428 was filed electronically using the NLRB's e-filing system and served by email on the following:


William Cowen
Regional Director

Nathan Seidman
Assistant to the Regional Director

Lisa McNeill
Supervisory Attorney

National Labor Relations Board, Region 21
312 N. Spring St., 10th Floor
Los Angeles, CA 90012
William.Cowen@nlrb.gov
Nathan.Seidman@nlrb.gov
Lisa.Mcneill@nlrb.gov

Ashley Gjovik

███████████████

ashleymgjovik@protonmail.com


/s/ Mark L. Stolzenburg
Mark L. Stolzenburg

**Exhibit C: Apple's Second Answer to NLRB**

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## REGION 21

**APPLE INC.**

   **and**

**ASHLEY MARIE GJØVIK, an Individual**

                              **Cases 32-CA-282142**
                                    **32-CA-283161**

## ANSWER TO CONSOLIDATED COMPLAINT

Pursuant to Sections 102.20 and 102.21 of the Rules and Regulations of the National Labor Relations Board ("NLRB" or "Board"), Apple Inc. ("Apple" or "Respondent"), through its undersigned counsel, submits the following Answer to the Consolidated Complaint ("Complaint") according to the Complaint's numbered paragraphs. To the extent the Complaint's introduction contains allegations and legal conclusions, each and every one is denied.

## RESPONSES TO SPECIFIC ALLEGATIONS

1.    (a)    The original charge in Case 32-CA-282142 was filed by the Charging Party on August 26, 2021, and a copy was served on Respondent by U.S. mail on August 30, 2021.

    (b)    The amended charge in Case 32-CA-282142 was filed by the Charging Party on April 1, 2022, and a copy was served on Respondent by U.S. mail on April 4, 2022.

    (c)    The charge in Case 32-CA-283161 was filed by the Charging Party on September 16, 2021, and a copy was served on Respondent by U.S. mail on September 20, 2021.

**Response:**

On information and belief, Apple admits the allegations of Paragraph 1(a).

On information and belief, Apple admits the allegations of Paragraph 1(b).

On information and belief, Apple admits the allegations of Paragraph 1(c).

Apple denies each and every remaining allegation and legal conclusion contained in Paragraphs 1(a), 1(b), and 1(c).

2.      (a)      At all times, Respondent, a California corporation with a headquarters at One Apple Park Way, Cupertino, California has retail facilities throughout the United States, has been engaged in the development, manufacture, and retail sale of consumer electronics and software.

(b)      Annually, in the course and conduct of its operations, Respondent derives gross revenues in excess of $500,000, and purchased and received at its California facilities products, goods and materials valued in excess of $5,000 directly from points outside the State of California.

**Response:**

Apple admits the allegations of Paragraph 2(a).

Apple admits the allegations of Paragraph 2(b).

Apple denies each and every remaining allegation and legal conclusion contained in Paragraphs 2, 2(a), and 2(b).

3.      At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

**Response:** Apple admits the allegations of Paragraph 3.

4.      At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act or agents of Respondent within the meaning of Section 2(13) of the Act:

Jenna Waibel          Corporate Employee Relations Representative

David Powers         Software Development Engineering Director

Ekelemchi Okpo       Corporate Employee Relations Representative

**Response:**

Because "material times" is not defined in the Complaint, Apple is without a basis to respond to any and all allegations set forth in Paragraph 4 relating to "material times" and therefore denies that allegation.

Apple admits that Jenna Waibel was an Employee Relations representative until approximately April 2024. Apple admits that Waibel was a supervisor within the meaning of Section 2(11) of the Act from approximately summer 2021 until approximately April 2024. Apple admits that during her employment Waibel was an agent of Apple within the meaning of Section 2(13) of the Act for some, but not all, purposes. Apple denies each and every remaining allegation and legal conclusion contained in Paragraph 4 relating to Waibel.

Apple admits that David Powers is a Director. Apple admits that Powers is a supervisor within the meaning of Section 2(11) of the Act. Apple admits that Powers is an agent of Apple within the meaning of Section 2(13) of the Act for some, but not all, purposes. Apple denies each and every remaining allegation and legal conclusion contained in Paragraph 4 relating to Powers.

Apple admits that Ekelemchi Okpo is an Employee Relations Partner. Apple admits that Okpo is an agent of Apple within the meaning of Section 2(13) of the Act for some, but not all, purposes. Apple denies each and every remaining allegation and legal conclusion contained in Paragraph 4 relating to Okpo.

Apple denies each and every remaining allegation and legal conclusion contained in Paragraph 4.

5.      About March 22, 2021, Respondent, by David Powers, by telephone:

3

(a)     Directed employees to refrain from talking about workplace environmental health and safety concerns with other employees.

(b)     Impliedly threatened employees with discipline by telling employees that the instruction to refrain from talking about workplace environmental health and safety concerns with other employees, was a warning.

**Response:**

Apple denies each and every allegation and legal conclusion contained in Paragraphs 5 and 5(a).

Apple denies each and every allegation and legal conclusion contained in Paragraphs 5 5(b).

Apple denies each and every remaining allegation and legal conclusion in Paragraphs 5, 5(a), and 5(b).


6.     About April 27, 2021, Respondent, by Jenna Waibel:

(a)     By telephone, told employees to use the following five-point balancing test in advance of communicating workplace health and safety concerns to other employees:

o     make sure the information is complete

o     make sure the information is accurate

o     that it does not cause panic

o     that it does not make an assessment about safety; and

o     that people talk to the Employer's Environmental Health and Safety (EHS) department directly.

(b)     By email, told employees that when discussing terms and conditions of employment, they should ensure that the information shared was as accurate and complete as possible.

(c)     By email, told employees to refrain from discussing their terms and conditions of employment by telling employees to first communicate their workplace health and safety concerns directly with Respondent.

**Response:**

Apple denies each and every allegation and legal conclusion contained in Paragraphs 6 and 6(a).

Apple denies each and every allegation and legal conclusion contained in Paragraphs 6 and 6(b).

Apple denies each and every allegation and legal conclusion contained in Paragraphs 6 and 6(c).

Apple denies each and every remaining allegation and legal conclusion in Paragraphs 6, 6(a), 6(b), and 6(c).

7.      Respondent, by Ekelemchi Okpo:

(a)     About August 4, 2021, during a video meeting, directed employees not to talk to other employees about Respondent's investigation of employees' workplace health and safety concerns.

(b)     About August 4, 2021, by email, told employees to refrain from sharing communications about Respondent's investigation into employees' workplace health and safety concerns.

(c)     About August 5, 2021, by email, told employees that he was "disappointed" that they "misrepresented" their discussion on August 4, 2021.

**Response:**

Apple denies each and every allegation and legal conclusion contained in Paragraphs 7 and 7(a).

Apple denies each and every allegation and legal conclusion contained in Paragraphs 6 and 7(b).

In response to Paragraph 7(c), Apple admits that Okpo wrote to Gjovik that he was "disappointed about you misrepresenting our discussion." Apple denies each and every remaining allegation and legal conclusion contained in Paragraphs 7 and 7(c).

Apple denies each and every remaining allegation and legal conclusion in Paragraphs 7, 7(a), 7(b), and 7(c).


8.     (a)     From about March 22, 2021, to about September 2021, Respondent's employee Gjøvik concertedly complained to Respondent regarding the wages, hours, and working conditions of Respondent's employees, by inter alia, raising workplace environmental health and safety concerns.

(b)     From about June 2021, to about September 2021, Respondent's employee Gjøvik engaged in concerted activities for the purposes of mutual aid and protection, by, inter alia, circulating a petition amongst employees regarding return-to-work concerns, talking to newspaper outlets about employees' workplace complaints and concerns, posting about workplace complaints and concerns on social media as well as on Respondent's Slack channel platform.

(c)     About August 4, 2021, Respondent suspended its employee Gjøvik.

(d)     About September 9, 2021, Respondent discharged its employee Gjøvik.

6

(e)     Respondent engaged in the conduct described above in paragraphs 8(c) and 8(d), because Gjøvik engaged in the conduct described above in paragraphs 8(a) and 8(b), and to discourage employees from engaging in these or other concerted activities.

**Response:**

Paragraph 8(a) states a legal conclusion to which no response is required. To the extent a response is required, Apple denies each and every allegation and legal conclusion set forth in Paragraphs 8 and 8(a).

Paragraph 8(b) states a legal conclusion to which no response is required. To the extent a response is required, Apple denies each and every allegation and legal conclusion set forth in Paragraphs 8 and 8(b).

Apple denies each and every allegation and legal conclusion contained in Paragraphs 8 and 8(c).

In response to Paragraph 8(d), Apple admits that it discharged Gjovik from employment effective September 10, 2021. Apple denies each and every remaining allegation and legal conclusion contained in Paragraphs 8 and 8(d).

Paragraph 8(e) states a legal conclusion to which no response is required. To the extent a response is required, Apple denies each and every allegation and legal conclusion set forth in Paragraphs 8 and 8(e).

Apple denies each and every remaining allegation and legal conclusion in Paragraphs 8, 8(a), 8(b), 8(c), 8(d), and 8(e).


9.     By the conduct described above in paragraphs 5 through 8 Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

**Response:**

Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Apple denies each and every allegation and legal conclusion set forth in Paragraph 9.

10.    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

**Response:**

Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Apple denies each and every allegation and legal conclusion set forth in Paragraph 10.

Any and all remaining allegations contained in the Complaint are denied, along with each and every related legal conclusion.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Under Section 10(c) of the National Labor Relations Act, Gjovik was discharged for cause and no order of the Board may require her reinstatement or the payment to her of any backpay.

3.    Gjovik failed to mitigate any alleged damages.

4.    Under a *de novo* interpretation of the Act, required by *Loper Bright v. Raimondo*, 603 U.S. ___, 144 S. Ct. 2244 (2024), the alleged statements by supervisors or agents of Apple identified in the Complaint are lawful.

8

5.      Under the Takings Clause in the Fifth Amendment of the United States Constitution, the relief sought in the Complaint, including but not limited to the deprivation of the Respondent's property rights in its own business communication systems,  the surrender of those systems for Board agents to use for multiple government-conducted "training sessions", and compensation to an employee who is not entitled to such compensation, is a taking without just compensation.

6.      The Complaint interferes with the Respondent's rights under Section 8(c) of the Act and the First Amendment to the United States Constitution generally by forbidding Respondent, and its supervisors and agents from stating their views when Respondent's policies are criticized and even disparaged by employees, from responding to false statements, and from establishing its own internal communications protocols.

7.      Any finding of an unfair labor practice based in whole or in part on statements and/or publications disseminated by Apple or its agents in any meetings, one-on-one discussions, or written or other communications which "contains no threat of reprisal or force or promise of benefit" constitutes an unconstitutional infringement on the First Amendment rights of freedom of speech and the right of the people peaceably to assemble. Under the U.S. Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023), the First Amendment requires that, for regulation of an alleged threat to be constitutionally permitted, it must be a "true threat" and the Government must demonstrate from the context of the statement that the author of the threat acted at least in reckless disregard of whether the subject might actually find it threatening. In this case, the NLRB has failed to plead any of the required elements required under *Counterman*, and even if it had, it could not prove them. The Board's attempts to regulate Apple's speech therefore exceeds the constitutional limits identified by the Supreme Court in *Counterman*.

9

8.      The remedies sought are further punitive, inappropriate, and non-remedial to the extent that they seek the posting and/or circulation of notices to employees outside of the facility where the charge originated, the reading of notices, require the preparation and transmission of so-called apology letters, and to require Board agents to conduct required training of Apple personnel on Company time.

9.      The Board's decision in *Thryv, Inc.*, 372 NLRB No. 22 (2022), and the Board's request for consequential damages in its prayer for relief, violates Apple's Seventh Amendment right to a trial by jury in an Article III court.

10.     The Complaint is barred inasmuch as Gjovik failed to properly serve the charges on the Respondent as required by Section 102.14(a) of the Board's Rules and Regulations.

11.     Some or all of the allegations of the Complaint are barred in whole or in part because such allegations were not within the scope of the allegations made in any underlying unfair labor practice charge(s).

12.     Some or all of the allegations of the Complaint are barred in whole or in part by the applicable limitations period under Section 10(b) of the NLRA.

13.     No remedy is appropriate as Apple has not engaged in any unfair labor practice. Further, the remedies requested in the Complaint are punitive, inappropriate, non-remedial, violate Apple's freedom of speech rights under the First Amendment (as noted above), violate the takings clause of the Fifth Amendment (as noted above), and are beyond the authority of the Board to order.

Apple further reserves the right to amend and/or supplement its answers and affirmative defenses.

Dated:  Chicago, Illinois
        January 2, 2025

Respectfully submitted,

*/s/ Mark L. Stolzenburg*
Mark L. Stolzenburg
mark.stolzenburg@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr.
Chicago, IL  60606-1511
Tel.  +1.312.324.1000
Fax  +1.312.324.1001

Crystal S. Carey
crystal.carey@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178-0060
Tel.  +1.212.309.6000
Fax  +1.212.309.6001

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2025, a copy of Apple Inc.'s Answer to Consolidated Complaint in NLRB Case Nos. 32-CA-282142 and 32-CA-283161 was filed electronically using the NLRB's e-filing system and served by email on the following:

William Cowen
Regional Director
National Labor Relations Board, Region 21
312 N. Spring St., 10th Floor
Los Angeles, CA 90012
William.Cowen@nlrb.gov

Ashley Gjovik
2108 N St., Ste. 4553
Sacramento, CA 95816
ashleymgjovik@protonmail.com

/s/ Mark L. Stolzenburg
Mark L. Stolzenburg

**EXHIBIT D: CANCELLATION OF THE HEARING**

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 21**

**APPLE INC.**

    **and**                                  **Case 32-CA-284428**

**ASHLEY GJOVIK, an Individual**

**ORDER POSTPONING HEARING INDEFINITELY**

    **IT IS ORDERED** that the hearing in the above matter set for Wednesday, January 22, 2025, is hereby postponed indefinitely due to settlement discussions.

Dated:  December 31, 2024

William B. Cowen, Regional Director
National Labor Relations Board, Region 21
US Court House, Spring Street
312 N Spring Street, 10th Floor
Los Angeles, CA 90012

**Exhibit E: U.S. EPA Notice of Violations**

🇺🇸 An official website of the United States government

MENU

Search EPA.gov

## ECHO
Enforcement and
Compliance History Online

Search Options   Analyze Trends   Find EPA Cases   Data Services   Help

Login   Contact Us <https://epa.gov/resources/general-info/contact-us>

<https://echo.epa.gov/>

# Violation Report

❓ Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

### Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

**Related Reports**

◼ Detailed Facility Report

View Envirofacts Reports

### Hazardous Waste Violation Information

**Violation Type:** 262.A - Standards Applicable to Generators of HW: General

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 01/16/2024

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

## Citations

| Citation ⇕ | Description ⇕ |
|---|---|
| 262.17(a)(5)(ii)(B) | Mark or label its tanks with an indication of the hazards of the contents (examples include, but are not limited to, the applicable hazardous waste characteristic(s) (i.e., ignitable, corrosive, react |
| 262.11 | Generators must determine if their solid waste is a hazardous waste |
| 262.17(a)(5)(i)(C) | date each period of accumulation begins is marked and visible on each LQG container |

## Linked Compliance Monitoring

| Compliance Monitoring Type ⇕ | Agency ⇕ | Date ⇕ |
|---|---|---|
| Focused Compliance Inspection | EPA | 01/16/2024 |

## Linked Enforcement Actions

| Type of Action ⇕ | Agency ⇕ | Date ⇕ | Penalty Assessed ⇕ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



<https://echo.epa.gov/>

Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

# Violation Report

🛈 Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** 🛈

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

**Related Reports**

⬛ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 262.A - Standards Applicable to Generators of HW: General

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 08/17/2023

**Return to Compliance Date:** 09/08/2024

**Return to Compliance Qualifier:** D - Documented

**Violation Activity Location:** CA

## Citations

| Citation ⇅ | Description ⇅ |
|---|---|
| 262.11 | Generators must determine if their solid waste is a hazardous waste |

## Linked Compliance Monitoring

| Compliance Monitoring Type ⇅ | Agency ⇅ | Date ⇅ |
|---|---|---|
| Compliance Evaluation Inspection | EPA | 08/17/2023 |

## Linked Enforcement Actions

| Type of Action ⇅ | Agency ⇅ | Date ⇅ | Penalty Assessed ⇅ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page



## Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

## Connect.

**Data.gov** ↗ <https://www.data.gov>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

## Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

🇺🇸 An official website of the United States government

MENU

Search EPA.gov


<https://echo.epa.gov/>

Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

# Violation Report

🛈 Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** 🛈

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

**Related Reports**

⬛ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 262.A - Standards Applicable to Generators of HW: General

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 08/17/2023

**Return to Compliance Date:** 09/08/2024

**Return to Compliance Qualifier:** D - Documented

**Violation Activity Location:** CA

### Citations

| Citation ↕ | Description ↕ |
|---|---|
| 262.17(a)(1)(iv) | Closed container during storage in LGQ CAA, with limited exceptions. |

### Linked Compliance Monitoring

| Compliance Monitoring Type ↕ | Agency ↕ | Date ↕ |
|---|---|---|
| Compliance Evaluation Inspection | EPA | 08/17/2023 |

### Linked Enforcement Actions

| Type of Action ↕ | Agency ↕ | Date ↕ | Penalty Assessed ↕ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page



## Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

## Connect.

**Data.gov** ↗ <https://www.data.gov/>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

## Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

<https://echo.epa.gov/>

# Violation Report

? Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

### Related Reports

■ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 262.A - Standards Applicable to Generators of HW: General

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 08/17/2023

**Return to Compliance Date:** 09/08/2024

**Return to Compliance Qualifier:** D - Documented

**Violation Activity Location:** CA

### Citations

| Citation ↕ | Description ↕ |
|---|---|
| 262.17(a)(5)(ii)(B) | Mark or label its tanks with an indication of the hazards of the contents (examples include, but are not limited to, the applicable hazardous waste characteristic(s) (i.e., ignitable, corrosive, react |
| 262.17(a)(5)(i)(C) | date each period of accumulation begins is marked and visible on each LQG container |

### Linked Compliance Monitoring

| Compliance Monitoring Type ↕ | Agency ↕ | Date ↕ |
|---|---|---|
| Compliance Evaluation Inspection | EPA | 08/17/2023 |

### Linked Enforcement Actions

| Type of Action ↕ | Agency ↕ | Date ↕ | Penalty Assessed ↕ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

∧ Top of Page

🇺🇸 An official website of the United States government

MENU

Search EPA.gov

Search Options    Analyze Trends    Find EPA Cases    Data Services    Help



<https://echo.epa.gov/>

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

# Violation Report

ⓘ Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054**  ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

**Related Reports**

⬛ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 262.A - Standards Applicable to Generators of HW: General

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 08/17/2023

**Return to Compliance Date:** 09/08/2024

**Return to Compliance Qualifier:** D - Documented

**Violation Activity Location:** CA

### Citations

| Citation ↕ | Description ↕ |
|---|---|
| 262.17(b) | If LQG accumulates for longer than 90 days, it is a storage facility, unless granted an extension |

### Linked Compliance Monitoring

| Compliance Monitoring Type ↕ | Agency ↕ | Date ↕ |
|---|---|---|
| Compliance Evaluation Inspection | EPA | 08/17/2023 |

### Linked Enforcement Actions

| Type of Action ↕ | Agency ↕ | Date ↕ | Penalty Assessed ↕ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

∧ Top of Page



## Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

## Connect.

**Data.gov** ↗ <https://www.data.gov/>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

## Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



<https://echo.epa.gov/>

Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

# Violation Report

🛈 Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** 🛈

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

**Related Reports**

⬛ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 270.A - EPA Administered Permit Programs: the HW Permit Program General Information

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 08/17/2023

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

### Citations

| Citation ↕ | Description ↕ |
|---|---|
| 270.1(c) | O/O PERMIT AND POST-CLOSURE PERMIT REQUIREMENTS |

### Linked Compliance Monitoring

| Compliance Monitoring Type ↕ | Agency ↕ | Date ↕ |
|---|---|---|
| Compliance Evaluation Inspection | EPA | 08/17/2023 |

### Linked Enforcement Actions

| Type of Action ↕ | Agency ↕ | Date ↕ | Penalty Assessed ↕ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page



## Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

## Connect.

**Data.gov** 🔗 <https://www.data.gov/>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

## Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

<https://echo.epa.gov/>

# Violation Report

Help <https://epa.gov/help/reports/hazardous-waste-violation-help>



## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

### Related Reports

☐ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 262.B - Standards Applicable to Generators of HW: Manifest Requirements Applicable to Small and Large Quantity Generators

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 01/16/2024

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

### Citations

| Citation ⇅ | Description ⇅ |
|---|---|
| 262.20(a)(1) | A generator who transports, or offers for transport a hazardous waste for offsite treatment, storage, or disposal (TSD), or a TSD facility who offers for transport a rejected hazardous waste load |

### Linked Compliance Monitoring

| Compliance Monitoring Type ⇅ | Agency ⇅ | Date ⇅ |
|---|---|---|
| Focused Compliance Inspection | EPA | 01/16/2024 |

### Linked Enforcement Actions

| Type of Action ⇅ | Agency ⇅ | Date ⇅ | Penalty Assessed ⇅ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



<https://echo.epa.gov/>

Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

# Violation Report

🛈 Help <https://epa.gov/help/reports/hazardous-waste-violation-help>



## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054**  🛈

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

### Related Reports

⬛ Detailed Facility Report

View Envirofacts Reports



## Hazardous Waste Violation Information

**Violation Type:** 265.J - Interim Status Standards for Owners and Operators of HW TSDs: Tank Systems

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 01/16/2024

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

### Citations

| Citation | Description |
|---|---|
| 265.195(a) | DAILY INSPECTION REQUIREMENTS |

### Linked Compliance Monitoring

| Compliance Monitoring Type | Agency | Date |
|---|---|---|
| Focused Compliance Inspection | EPA | 01/16/2024 |

### Linked Enforcement Actions

| Type of Action | Agency | Date | Penalty Assessed |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page



## Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

## Connect.

**Data.gov** ⬈ <https://www.data.gov>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

## Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

 An official website of the United States government

MENU

Search EPA.gov



Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

<https://echo.epa.gov/>

# Violation Report

Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

| Facility Summary |
| --- |

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

**Related Reports**

▪ Detailed Facility Report

View Envirofacts Reports

| Hazardous Waste Violation Information |
| --- |

**Violation Type:** 270.A - EPA Administered Permit Programs: the HW Permit Program General Information

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 01/16/2024

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

## Citations

| Citation ↕ | Description ↕ |
| --- | --- |
| 270.1(c) | O/O PERMIT AND POST-CLOSURE PERMIT REQUIREMENTS |

## Linked Compliance Monitoring

| Compliance Monitoring Type ↕ | Agency ↕ | Date ↕ |
| --- | --- | --- |
| Focused Compliance Inspection | EPA | 01/16/2024 |

## Linked Enforcement Actions

| Type of Action ↕ | Agency ↕ | Date ↕ | Penalty Assessed ↕ |
| --- | --- | --- | --- |
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page



## Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

## Connect.

**Data.gov** ⧉ <https://www.data.gov/>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general/>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

## Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



<https://echo.epa.gov/>

Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

# Violation Report

❓ Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

### Related Reports

⬛ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 265.BB - Interim Status Standards for Owners and Operators of HW TSDs: Air Emission Standards for Equipment Leaks

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 01/16/2024

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

### Citations

| Citation ↕ | Description ↕ |
|---|---|
| 265.1063(b)(3) | CALIBRATION OF INSTRUMENT BY PROCEDURES SPECIFIED IN REFERENCE METHOD 21 |

### Linked Compliance Monitoring

| Compliance Monitoring Type ↕ | Agency ↕ | Date ↕ |
|---|---|---|
| Focused Compliance Inspection | EPA | 01/16/2024 |

### Linked Enforcement Actions

| Type of Action ↕ | Agency ↕ | Date ↕ | Penalty Assessed ↕ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page



# Discover.

**Accessibility**
<https://www.epa.gov/accessibility>

**Budget & Performance**
<https://www.epa.gov/planandbudget>

**Contracting**
<https://www.epa.gov/contracts>

**EPA www Web Snapshots**
<https://www.epa.gov/home/wwwepagov-snapshots>

# Connect.

**Data.gov** ↗ <https://www.data.gov/>

**Inspector General**
<https://www.epa.gov/office-inspector-general/about-epas-office-inspector-general>

**Jobs** <https://www.epa.gov/careers>

**Newsroom**
<https://www.epa.gov/newsroom>

# Ask.

**Contact EPA**
<https://www.epa.gov/aboutepa/forms/contact-epa>

**EPA Disclaimers**
<https://www.epa.gov/web-policies-and-procedures/epa-disclaimers>

**Hotlines**
<https://www.epa.gov/aboutepa/epa-hotlines>

🇺🇸 An official website of the United States government

MENU

Search EPA.gov



Search Options    Analyze Trends    Find EPA Cases    Data Services    Help

Login    Contact Us <https://epa.gov/resources/general-info/contact-us>

<https://echo.epa.gov/>

# Violation Report

❓ Help <https://epa.gov/help/reports/hazardous-waste-violation-help>

## Facility Summary

**APPLE INC**

**3250 SCOTT BLVD, SANTA CLARA, CA 95054** ⓘ

**RCRA (Resource Conservation and Recovery Act) ID:** CAR000278176

**FRS (Facility Registry Service) ID:** 110001168254

**Industry:** 541715 - Research and Development in the Physical, Engineering, and Life Sciences (except Nanotechnology and Biotechnology)

### Related Reports

◼ Detailed Facility Report

View Envirofacts Reports

## Hazardous Waste Violation Information

**Violation Type:** 265.CC - Interim Status Standards for Owners and Operators of HW TSDs: Air Emission Standards for Tanks, Surface Impoundments and Containers

**Determined By:** EPA

**Responsible Agency:** EPA

**Determined Date:** 01/16/2024

**Return to Compliance Date:** --

**Return to Compliance Qualifier:** --

**Violation Activity Location:** CA

### Citations

| Citation ⇅ | Description ⇅ |
|---|---|
| 265.1083(c)(1) | TANK, SURFACE IMPOUNDMENT, OR CONTAINER FOR WHICH ENTERING HAZARDOUS WASTE HAS AVERAGE VO CONCENTRATION AT POINT OF ORIGINATION < 500 PPMW; HOW VO CONCENTRATION SHALL BE DETERMINED; FREQUENCY OF REVIE |

### Linked Compliance Monitoring

| Compliance Monitoring Type ⇅ | Agency ⇅ | Date ⇅ |
|---|---|---|
| Focused Compliance Inspection | EPA | 01/16/2024 |

### Linked Enforcement Actions

| Type of Action ⇅ | Agency ⇅ | Date ⇅ | Penalty Assessed ⇅ |
|---|---|---|---|
| INSPECTION REPORT WRITTEN | EPA | 04/30/2024 | -- |

⌃ Top of Page

**Exhibit F: BAAQMD Notice of Violations**

Case 5:24-cv-04648 Document 1-3 Filed 11/04/24 Page 73 of 84



BAY AREA AIR QUALITY MANAGEMENT DISTRICT
375 Beale Street, Suite 600, San Francisco, CA 94105
(415) 749-5000

# NOTICE OF VIOLATION    No. A 64215

ISSUED TO: Apple, Inc. _____ ☑P ☐G ☐N# E2839
ADDRESS: 3250 Scott Blvd.
CITY: Santa Clara  STATE: CA  ZIP: 95054
PHONE: ( ) _____
☐ N# Mailing Address on F61

**OCCURRENCE**
NAME: _____
ADDRESS: _____ ☑ Same As Above
CITY: _____ ZIP: _____
SOURCE: S# 3  NAME: Solvent Waste Tank
EMISSION PT: P# _____ NAME: _____
DATE: 7/15/2017  TIME: 0:00  HRS

☑ REG 2 RULE 1 SEC 301
No Authority to Construct

☑ REG 2 RULE 1 SEC 302
No Permit to Operate

☐ REG 1 SEC 301
H & S CODE - 41700
Public Nuisance

☐ REG 2 RULE ___ SEC 307
Failure to Meet Permit Condition

☐ REG 5 SEC 301
Prohibited Open Burning

☐ REG 6 RULE 1 SEC 301
Excessive Visible Emissions

☐ REG ____ RULE ____ SECTION ____ CODE ____
☐ REG ____ RULE ____ SECTION ____ CODE ____

Details: Installation and Operation of Solvent Waste Tank without
AC/PO.

RECIPIENT NAME: KEVIN SUNG
TITLE: EHS LEAD

SIGNING THIS NOTICE IS NOT
AN ADMISSION OF GUILT          X _____

➤ WITHIN 10 DAYS, RETURN A COPY OF THIS NOTICE WITH A WRITTEN
DESCRIPTION OF THE IMMEDIATE CORRECTIVE ACTION YOU HAVE
TAKEN TO PREVENT CONTINUED OR RECURRENT VIOLATION. **THIS
VIOLATION IS SUBJECT TO SUBSTANTIAL PENALTY.** YOUR RESPONSE
DOES NOT PRECLUDE FURTHER LEGAL ACTION.

ISSUED BY: Leif Halvorson  INSP # 894
DATE: 8/29/2024  TIME: 13:05  HRS ☐ MAILED

**PLEASE PRESS HARD**

Continued On Reverse

# BAY AREA AIR QUALITY MANAGEMENT DISTRICT

AIR QUALITY MANAGEMENT DISTRICT

(415) 749-5000

## NOTICE OF VIOLATION                     No. A 64218

ISSUED TO: Apple, Inc.                    ☑P ☐G ☐N# E2834

ADDRESS: 3250 Scott Blvd.

CITY: Santa Clara          STATE: CA       ZIP: 95054

PHONE: (408) 908-0167

☐ N# Mailing Address on F61

### OCCURRENCE

NAME:

ADDRESS:                                  ☑ Same As Above

CITY:                          ZIP:

SOURCE S# _____ NAME Boiler #2 - 3 MMBtu/hr

EMISSION PT P# _____ NAME

DATE 11/17/2023     TIME: _____ HRS

| | |
|---|---|
| ☐ REG 2 RULE 1 SEC 301 No Authority to Construct | ☐ REG 2 RULE 1 SEC 302 No Permit to Operate |
| ☐ REG 1 SEC 301 H & S CODE - 41700 Public Nuisance | ☐ REG 2 RULE ___ SEC 307 Failure to Meet Permit Condition |
| ☐ REG 5 SEC 301 Prohibited Open Burning | ☐ REG 6 RULE 1 SEC 301 Excessive Visible Emissions |

☑ REG 9 RULE 7 SECTION 307.1 CODE _____

☐ REG _____ RULE _____ SECTION _____ CODE _____

Details: Exceeding 30ppm NOₓ@3% O₂ on Boiler #2

RECIPIENT NAME: KEVIN SUNG

TITLE: _____  EHS LEAD

SIGNING THIS NOTICE IS NOT
AN ADMISSION OF GUILT        X _____

→ WITHIN 10 DAYS, RETURN A COPY OF THIS NOTICE WITH A WRITTEN DESCRIPTION OF THE IMMEDIATE CORRECTIVE ACTION YOU HAVE TAKEN TO PREVENT CONTINUED OR RECURRENT VIOLATION. **THIS VIOLATION IS SUBJECT TO SUBSTANTIAL PENALTY.** YOUR RESPONSE DOES NOT PRECLUDE FURTHER LEGAL ACTION.

ISSUED BY: LeF Halvorson          INSP # 894

DATE: 9/2/2024     TIME: 14:00     HRS ☐ MAILED

## PLEASE PRESS HARD

Continued On Reverse

Case 3:23-cv-04597-EMC Document 221-3 Filed 06/22/25 Page 75 of 84

AIR QUALITY Management District
375 Beale Street, Suite 600, San Francisco, CA 94105
(415) 749-5000

# NOTICE OF VIOLATION

No. A 64219

ISSUED TO **Apple, Inc** ☑P ☐G ☐N# **E2839**

ADDRESS **5250 Scott Blvd.**

CITY **Santa Clara** STATE **CA** ZIP **95054**

PHONE **(408) 908-0167**

☐ N# Mailing Address on F61

## OCCURRENCE

NAME _____

ADDRESS _____ ☑ Same As Above

CITY _____ ZIP _____

SOURCE S# _____ NAME **Boiler #3 - 3MMBt-hr**

EMISSION PT. P# _____ NAME: _____

DATE **7/1/2024** TIME: _____ HRS

| | |
|---|---|
| ☐ REG 2 RULE 1 SEC 301<br>No Authority to Construct | ☐ REG 2 RULE 1 SEC 302<br>No Permit to Operate |
| ☐ REG 1 SEC 301<br>H & S CODE - 41700<br>Public Nuisance | ☐ REG 2 RULE __ SEC 307<br>Failure to Meet Permit Condition |
| ☐ REG 5 SEC 301<br>Prohibited Open Burning | ☐ REG 6 RULE 1 SEC 301<br>Excessive Visible Emissions |

☑ REG **9** RULE **7** SECTION **307.1** CODE ____

☐ REG ____ RULE ____ SECTION ____ CODE ____

Details **Exceeding 30ppm NOx @ 3% O2 in Boiler #3**

RECIPIENT NAME: **KEVIN SUNG**

TITLE: **EHS LEAD**

SIGNING THIS NOTICE IS NOT
AN ADMISSION OF GUILT       X _____

➤ WITHIN 10 DAYS, RETURN A COPY OF THIS NOTICE WITH A WRITTEN DESCRIPTION OF THE IMMEDIATE CORRECTIVE ACTION YOU HAVE TAKEN TO PREVENT CONTINUED OR RECURRENT VIOLATION. **THIS VIOLATION IS SUBJECT TO SUBSTANTIAL PENALTY,** YOUR RESPONSE DOES NOT PRECLUDE FURTHER LEGAL ACTION.

ISSUED BY **L.O.F. Halvorsen** INSP # **894**

DATE **9/8/2024** TIME **14:00** HRS ☐ MAILED

## PLEASE PRESS HARD

Continued On Reverse

Case 3:23-cv-04597-EMC   Document 221-3   Filed 06/22/25   Page 76 of 84

Air Quality Management District
375 Beale Street, Suite 600, San Francisco, CA 94105
(415) 749-5000

# NOTICE OF VIOLATION

No. A 64219

ISSUED TO **Apple, Inc**            ☑ P ☐ G ☐ N# **E2839**

ADDRESS **3250 Scott Blvd.**

CITY **Santa Clara**    STATE **CA**    ZIP **95054**

PHONE **(408) 908-0167**

☐ N# Mailing Address on F61

---

**OCCURRENCE**

NAME _____

ADDRESS _____    ☑ Same As Above

CITY _____

SOURCE S# _____ NAME **Boiler #3 - 3MMBt/hr**

EMISSION PT. P# _____ NAME: _____

DATE **7/1/2024**    TIME: _____ HRS

---

☐ REG 2 RULE 1 SEC 301
No Authority to Construct

☐ REG 2 RULE 1 SEC 302
No Permit to Operate

☐ REG 1 SEC 301
H & S CODE - 41700
Public Nuisance

☐ REG 2 RULE ___ SEC 307
Failure to Meet Permit Condition

☐ REG 5 SEC 301
Prohibited Open Burning

☐ REG 6 RULE 1 SEC 301
Excessive Visible Emissions

☑ REG **9** RULE **7** SECTION **307.1** CODE

☐ REG ___ RULE ___ SECTION ___ CODE

Details **Exceeding 30ppm NOx @ 3% O2 in Boiler #3**

RECIPIENT NAME **KEVIN SUNG**

TITLE **EHS LEAD**

SIGNING THIS NOTICE IS NOT
AN ADMISSION OF GUILT    X _____

➤ WITHIN 10 DAYS, RETURN A COPY OF THIS NOTICE WITH A WRITTEN
DESCRIPTION OF THE IMMEDIATE CORRECTIVE ACTION YOU HAVE
TAKEN TO PREVENT CONTINUED OR RECURRENT VIOLATION. **THIS
VIOLATION IS SUBJECT TO SUBSTANTIAL PENALTY**, YOUR RESPONSE
DOES NOT PRECLUDE FURTHER LEGAL ACTION.

ISSUED BY **L.O.F Halvorsen**    INSP # **894**

DATE **9/2/2024**    TIME **1410**    HRS ☐ MAILED

## PLEASE PRESS HARD

Continued On Reverse



(/en/)

**A HEALTHY BREATHING ENVIRONMENT FOR EVERY BAY AREA RESIDENT**

District (/en/)  /  Rules & Compliance (/en/rules-and-compliance)  /  Compliance Assistance (/en/rules-and-compliance/compliance-assistance)

Notices of Violations (/en/rules-and-compliance/compliance-assistance/notices-of-violations)

Notices of Violation Issued (/en/rules-and-compliance/compliance-assistance/notices-of-violations/novs-issued)

# Notices of Violation Issued

View Notices of Violation issued to facilities as part of the Air District's compliance and enforcement activities.

## Announcement: Notices of Violation Web Tool

The Air District is committed to vigorously and transparently enforcing all air quality regulations to protect the health of Bay Area residents. To better inform the public of our enforcement activities, the Air District is providing this web tool so that members of the public can access information about Notices of Violation that have been issued for facilities in their communities.

Press Release (/~/media/files/communications-and-outreach/publications/news-releases/2023/novtable_230907_2023_025-pdf.pdf?rev=4bd7407dfddb4109ad178640935cee24&sc_lang=en) 🗎 (196 Kb PDF, 1 pg, posted 9/14/2023) 🌐 ( Tagalog (/~/media/files/communications-and-outreach/publications/news-releases/2023/novtable_230907_2023_025-pdf.pdf?rev=f40332af62334ade9da559be30064f02&sc_lang=fil-ph) | tiếng Việt (/~/media/files/communications-and-outreach/publications/news-releases/2023/novtable_230907_2023_025-pdf.pdf?rev=630b86cf8f3e4a15bc958bfd52042ca3&sc_lang=vi-vn) | Español (/~/media/files/communications-and-outreach/publications/news-releases/2023/novtable_230907_2023_025-pdf.pdf?rev=3bc8bda66ce848088756ba964fb35897&sc_lang=es-mx) | 中文 (/~/media/files/communications-and-outreach/publications/news-releases/2023/novtable_230907_2023_025-pdf.pdf?rev=cb3e679047174b8f91730dc5318bc14a&sc_lang=zh-tw) )

LEARN MORE ➔    (/en/news-and-events/page-resources/2023-news/090723-nov-table)

The Air District conducts inspections to determine compliance with its Rules and Regulations (/en/rules-and-compliance/current-rules), applicable state and federal laws, and permit requirements.

When the Air District discovers an air quality violation, it issues a Notice of Violation (/en/rules-and-compliance/compliance-assistance/notices-of-violations), or NOV. Facilities that are issued an NOV are required to take corrective action. In addition, the Air District will assess a monetary penalty as provided for under California Health & Safety Code sections 42402 through 42403.

For significant penalties, the Air District notifies the public through press releases (/en/news-and-events/press-releases) and email notifications (https://www.baaqmd.gov/contact-us/sign-up-for-information#settlement_signup), and by posting penalty agreements on its Penalties and Settlements (/en/news-and-events/penalties-and-settlements) web page.

The table on this page provides information on all NOVs issued by the Air District over the past five years. It can be used to find NOVs by facility name or location, and it specifies the regulation violated for each NOV. The current enforcement status of each NOV is also listed and will be updated as the enforcement process progresses.

The various statuses are:

**Pending:** The NOV has been issued, but the Air District has not yet collected a penalty or otherwise fully resolved the NOV. Note that "pending" does not necessarily mean that the violation is ongoing. If a violation has ceased, the status will still be "pending" until a penalty has been collected or the NOV has otherwise been resolved.
**Resolved:** The NOV has been resolved through assessment of a penalty, referral to the district attorney or the US Environmental Protection Agency for prosecution, or other final resolution.
**Cancelled:** Further investigation showed no violations occurred.
**No Further Action (NFA):** No basis for penalty action (e.g., company has gone out of business).
In cases where multiple NOVs are issued to the same facility, the Air District will sometimes resolve them together. Please note, the table does not indicate whether an NOV was resolved individually or as part of a multi-NOV resolution.

# Notices of Violation

**SEARCH & FILTERS**   Collapse to hide search or filter options

(/ADMIN/TABLEUTILS/CSVEXPORT?PAGEID=C94DDB3B-ACD9-4F91-8190-C8B92050EDA1&DATASOURCEID=AHR0CHM6LY9IYWFXBWRWC3BYB2QUYMXVYI5JB3JLLNDPBMRVD3MUBMV0L2V4DGVYBMFSL0

Search ⓘ

apple

Date Range ⓘ

| From | To |

City

 Your search for   apple ✕   returned the following results:

| Issuance Date | Violation | Name | City |
|---|---|---|---|
| 9/12/2024 | A64216A | Apple , Inc | Santa Clara |

## Status
Pending
9/12/2024

## Penalty Amount ⊙

## Facility
22839

## Site
E2839

## Address
3250 Scott Boulevard
Santa Clara, CA 95054-5054

## Applicable Regulation
2-1-301

Regulation Details (/en/rules-and-compliance/current-rules?event=963eaab9-9f56-4328-8671-d9600bfa823f)

## Rule Language
Regulation 2, Rule 1: Permits – General Requirements (Amendments Adopted 12/15/2021) - Effective 7/1/2022 (/~/media/dotgov/files/rules/reg-2-permits/2021-amendments/documents/20211215_rg0201-pdf.pdf?rev=103cc60e706947d3ad1e4f5a090483c1&sc

🗎 (407 Kb PDF, 47 pgs, posted 5/26/2022)

| 9/12/2024 | A64216B | Apple , Inc | Santa Clara |
|---|---|---|---|

## Status
Pending
9/12/2024

## Penalty Amount ⊙

## Facility
22839

## Site
E2839

## Address
3250 Scott Boulevard
Santa Clara, CA 95054-5054

## Applicable Regulation
2-1-302

Regulation Details (/en/rules-and-compliance/current-rules?event=963eaab9-9f56-4328-8671-d9600bfa823f)

## Rule Language
Regulation 2, Rule 1: Permits – General Requirements (Amendments Adopted 12/15/2021) - Effective 7/1/2022 (/~/media/dotgov/files/rules/reg-2-

permits/2021-amendments/documents/20211215_rg0201-pdf.pdf?
rev=103cc60e706947d3ad1e4f5a090483c1&sc

(407 Kb PDF, 47 pgs, posted 5/26/2022)

---

9/12/2024                          A64218A                          Apple , Inc                          Santa Clara

## Status
Pending
9/12/2024
## Penalty Amount ⊙

## Facility
22839
## Site
E2839
## Address
3250 Scott Boulevard
Santa Clara, CA 95054-5054

## Applicable Regulation
9-7-307.1
Regulation Details (/en/rules-and-compliance/current-rules?
event=024ec7d1-f6b9-4604-addf-18fc09504118)

## Rule Language
Nitrogen Oxides and Carbon Monoxide
from Industrial, Institutional, and
Commercial Boilers, Steam Generators,
and Process Heaters
(/~/media/dotgov/files/rules/reg-9-rule-7-
nitrogen-oxides-and-carbon-monoxide-
from-industrial-institutional-and-
commercial-boiler/documents/rg0907.pdf?
rev=ab95f36c2dd146528f1cf3c10596bce3&sc_l

(107 Kb PDF, 11 pgs, revised 4/24/2018)

---

9/12/2024                          A64219A                          Apple , Inc                          Santa Clara

## Status
Pending
9/12/2024
## Penalty Amount ⊙

## Facility
22839
## Site
E2839
## Address
3250 Scott Boulevard
Santa Clara, CA 95054-5054

## Applicable Regulation
9-7-307.1
Regulation Details (/en/rules-and-compliance/current-rules?
event=024ec7d1-f6b9-4604-addf-18fc09504118)

## Rule Language

Santa Clara, CA 95054-5054

Rule Language

Nitrogen Oxides and Carbon Monoxide from Industrial, Institutional, and Commercial Boilers, Steam Generators, and Process Heaters (/~/media/dotgov/files/rules/reg-9-rule-7-nitrogen-oxides-and-carbon-monoxide-from-industrial-institutional-and-commercial-boiler/documents/rg0907.pdf?rev=ab95f36c2dd146528f1cf3c10596bce3&sc_l

(107 Kb PDF, 11 pgs, revised 4/24/2018)

| 8/29/2024 | A64215A | Apple , Inc | Santa Clara |

## Status
Pending
8/29/2024

## Penalty Amount ⊙

## Facility
22839
## Site
E2839
## Address
3250 Scott Boulevard
Santa Clara, CA 95054-5054

## Applicable Regulation
2-1-301
Regulation Details (/en/rules-and-compliance/current-rules?event=963eaab9-9f56-4328-8671-d9600bfa823f)

## Rule Language
Regulation 2, Rule 1: Permits – General Requirements (Amendments Adopted 12/15/2021) - Effective 7/1/2022 (/~/media/dotgov/files/rules/reg-2-permits/2021-amendments/documents/20211215_rg0201-pdf.pdf?rev=103cc60e706947d3ad1e4f5a090483c1&sc

(407 Kb PDF, 47 pgs, posted 5/26/2022)

| 8/29/2024 | A64215B | Apple , Inc | Santa Clara |

## Status
Pending
8/29/2024

## Facility
22839
## Site

## Applicable Regulation
2-1-302
Regulation Details (/en/rules-and

8/29/2024

## Penalty Amount ⓘ

**Site**
E2839

**Address**
3250 Scott Boulevard
Santa Clara, CA 95054-5054

Regulation Details (/en/rules-and-compliance/current-rules?event=963eaab9-9f56-4328-8671-d9600bfa823f)

## Rule Language

Regulation 2, Rule 1: Permits – General Requirements (Amendments Adopted 12/15/2021) - Effective 7/1/2022 (/~/media/dotgov/files/rules/reg-2-permits/2021-amendments/documents/20211215_rg0201-pdf.pdf?rev=103cc60e706947d3ad1e4f5a090483c1&sc

📄 (407 Kb PDF, 47 pgs, posted 5/26/2022)

Items per Page: 10 ⏷

**1 6 6** items in **1** page

## Related Links

Hearing Board Meetings (/en/about-the-air-district/hearing-board/agendas-reports-orders)

Notices of Violation (/en/rules-and-compliance/compliance-assistance/notices-of-violations)

Public Records (/en/contact-us/request-public-records)

*Last Updated: 7/19/2024*

375 Beale Street, Suite 600
San Francisco, CA 94105
415.749.5000 | 1.800.HELP AIR