**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**Case No. 3:23-CV-04597-EMC**

**ASHLEY GJOVIK**,

*an individual*,

Plaintiff,

v.

**APPLE INC**,

*a corporation*,

Defendant.

**RESPONSE TO DEFENDANT'S INTERROGATORIES**

**(Set Two - April 17, 2025)**

**Served: May 29 2025,**

**following appellate "*Protective Pause*"**

# TABLE OF CONTENTS

I.   INTRODUCTION & GENERAL OBJECTIONS ................................................. - 4 -

II.  RESPONSE TO DEFENDANT'S INTERROGATORIES (PART TWO) ...................... - 8 -

*Interrogatory No. 6: Lost Income* .................................................................... - 8 -

*Interrogatory No. 7: Calculations for Social Media Accounts* ............................ - 9 -

*Interrogatory No. 8: Lost Future Income* ........................................................ - 10 -

*Interrogatory No.9: Calculation of Calculation of Social Media Accounts* ......... - 11 -

*Interrogatory No.10: Cost of Benefits* ............................................................. - 12 -

*Interrogatory No.11: Minimization of Damages* ............................................... - 13 -

*Interrogatory No. 12: All Injuries* ................................................................... - 15 -

*Interrogatory No. 13: Prospective Diagnoses* ................................................... - 16 -

*Interrogatory No. 14: Medical Services (Prosthetics)* ........................................ - 17 -

*Interrogatory No. 15: Medications Taken from 2015-2025* ................................ - 19 -

*Interrogatory No. 16: All Medical Conditions from 2015-2025* ........................ - 20 -

*Interrogatory No. 17: All Diagnosing Physicians from 2015-2025* .................... - 21 -

*Interrogatory No. 18: All Damages* ................................................................. - 23 -

III. OBJECTIONS RELATED TO DEFENDANT'S PLAN FOR MEDICAL EXAM ..................... - 24 -

IV.  CLARIFICATION DEMANDED RE: SPOILATION OF MEDICAL RECORDS ..................... - 24 -

V.   CLARIFICATION REGARDING SETTLEMENT DISCUSSIONS: ................................ - 25 -

VI.  DEFENDANT'S THREATS TO COMPEL AND BAD FAITH DISCOVERY CONDUCT .......... - 26 -

VII. CONCLUSION .......................................................................................... - 27 -

VIII. VERIFICATION ........................................................................................ - 27 -

IX. EXHIBITS ......................................................................................................... - 28 -

*Exhibit A: April 25 2025 Objections* .................................................................. - 29 -

*Exhibit B: May 2 2025 Objections* ..................................................................... - 30 -

*Exhibit C: May 2 2025 Meet & Confer Transcript* ............................................. - 31 -

*Exhibit D: Gjovik's Amended Disclosures* .......................................................... - 32 -

*Exhibit E: Apple's Initial Disclosures* ................................................................ - 33 -

*Exhibit F: Order Granting Motion to Strike* ....................................................... - 34 -

*Exhibit G: Apple's Req. for Inter. Sets One & Two* ........................................... - 35 -

*Exhibit H: Apple's Dept. of Labor Position Statement* ...................................... - 36 -

*Exhibit I: Apple Wellness Center* ....................................................................... - 37 -

*Exhibit J: ADA Request to One Medical* ............................................................ - 38 -

*Exhibit K: HR & the Mammogram* ..................................................................... - 39 -

# I.   INTRODUCTION & GENERAL OBJECTIONS

1.      Plaintiff incorporates all prior objections and procedural notices made on the record during the May 2, 2025 meet and confer (Exhibit C), April 25 2025 objections to Set One (Exhibit A), May 2 2025 Objection (Exhibit B), objections in subsequent email exchanges, and in the Notice of Protective Discovery Pause (May 7, 2025).

2.      Defendant's interrogatories Sets One and Two are overbroad, unduly burdensome, and disproportionate under Fed. R. Civ. P. 26(b)(1). The scope, temporal breadth, and level of detail sought are not proportional to the issues at stake, the amount in controversy, the parties' resources, or the importance of the discovery in resolving the claims. These interrogatories violate Fed. R. Civ. P. 26(g), which requires that discovery requests be warranted by existing law, have a good faith basis for believing relevant information will be obtained, and not be interposed for harassment or to increase litigation costs unnecessarily. Several interrogatories contain erroneous cross-references to non-existent interrogatories, demonstrating lack of care in preparation contrary to Rule 26(g) requirements.

3.      Multiple interrogatories seek information already in Defendant's possession or control, either from Defendant's provision of healthcare services to Plaintiff or from Defendant's own prior discovery efforts. Such requests violate the principle that discovery should obtain information not reasonably accessible to the requesting party. Many interrogatories lack any apparent connection to claims or defenses actually pled in this action. The Court struck Defendant's affirmative defenses for failure to state sufficient facts, and Defendant has not pled counterclaims that would support the scope of discovery sought. Certain interrogatories seek information already provided in Plaintiff's initial disclosures under Fed. R. Civ. P. 26(a)(1), constituting improper duplicative discovery.

4.      Plaintiff previously objected to Apple's broad requests for personal medical history as overly broad, invasive, not proportional to the needs of the case, and not tied to any valid defense, particularly where Apple had failed to plead or substantiate any affirmative defense requiring such disclosure. These objections are especially relevant to Interrogatories Nos. 12–17 in Set Two, which improperly seek Plaintiff's full medical and psychiatric history going back a decade without limitation or specificity. Further, Plaintiff demands a response from Apple regarding potential spoliation of evidence related to Apple Wellness Center records, per counsel's statement during the May 2 2025 Meet and Confer that she "*promises*" Apple does not her medical records despite Apple being her primary care provider from 2015-2020. (See Section III and Exhibit C).

5.      Plaintiff also objects to the Set One and Set Two interrogatories to the extent they are duplicative, overbroad, irrelevant, harassing, improperly phased, are based on dismissed defenses, and/or seek discovery on matters already disclosed in Plaintiff's Initial Disclosures served September 2024. These responses are made under protest, without waiving any objections, rights to privacy, or privilege, and with all rights reserved. Under FRCP 26(b)(1) and 33(a), Plaintiff further objects to interrogatories that infringe on privacy, seek premature analysis, and/or were raised without a Rule 26(f) discovery plan or scheduling order.  Plaintiff identified dozens of medical providers and produced medical documentation in her Initial Disclosures and reiterated this in her prior interrogatory response. Apple's current interrogatories seek to duplicate or circumvent that disclosure, including attempts to recharacterize that data for subpoena purposes.

6.      For example,, several requests seek privileged medical information spanning 10+ years for limited emotional distress damages stemming from 2021 retaliation. The temporal scope and breadth of medical information sought bears no reasonable relationship to plaintiff's claims and violates medical privacy where the burden vastly outweighs any probative value. Further objects that the scope seeks information protected by physician-patient privilege. Defendant has not pled any defense challenging medical causation of plaintiff's emotional distress damages. In employment retaliation cases, plaintiffs need not prove specific psychiatric conditions to recover emotional distress damages from wrongful termination. This interrogatory appears designed to harass plaintiff rather than support any viable defense theory.

7.      Plaintiff objects that Defendant seeks damages calculations and mitigation information without having disclosed its own damages theories, calculation methods, or categories of damages sought in its initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(iv). Defendant cannot seek detailed damages discovery while failing to provide reciprocal disclosure of its own damages positions, including any claimed offsets, after-acquired evidence, or mitigation theories. (See Exhibit E, Exhibit H). Further, Defendant's initial disclosures identify witnesses and documents related to plaintiff's termination and workplace complaints from 2021. None of defendant's disclosed evidence supports interrogatories seeking a decade of medical history including minor illnesses (flu, COVID) or extensive social media/employment history. These requests exceed the scope of defendant's disclosed case and lack any nexus to defendant's identified witnesses or documents. Defendant's interrogatories contradict positions taken in defendant's March 4, 2022 position statement to the Department of Labor. In that statement, defendant argued this case was limited to specific safety concerns from March 2021, that a 'six-month time gap is too attenuated

to support any inference causation,' and that termination was solely for confidentiality violations. Defendant cannot now seek discovery spanning 10 years when it previously argued even 6 months was 'too attenuated' for relevance.

8.      Plaintiff also objects to these interrogatories on the ground that they seek discovery in support of affirmative defenses that the District Court has explicitly struck from Defendant's operative Answer.  For example, In its May 19, 2025 Order, the Court dismissed Apple's Sixth and Seventh Affirmative Defenses — including *failure to mitigate damages* and *offset* — for lack of factual specificity. See Dkt. No. 215 at Section B(2). (Exhibit F). Until Apple successfully repleads these defenses with adequate factual support, it has no standing to pursue discovery tied to them.  To the extent Interrogatories 6 through 18 seek to explore Plaintiff's alleged failure to mitigate, entitlement to damages, offset of income, or personal medical history to support barred theories (e.g., workers' comp exclusivity or after-acquired evidence), they are procedurally improper and legally void under Federal Rule of Civil Procedure 26(b)(1).

9.      Plaintiff further objects that Apple has failed to seek discovery into any issues material to Plaintiff's *prima facie* claims under the Fifth Amended Complaint — including causation, pretext, or Apple's knowledge and response to protected conduct. Instead, Apple's interrogatories focus exclusively on damages, many of which are speculative or tangential (e.g., decades of medical history, social media metadata, or alleged post-employment benefits). Discovery that avoids the elements of liability while fixating on peripheral or reputational harm signals an improper purpose, particularly in a whistleblower and retaliation case, and violates both FRCP 26(g) and the proportionality mandate of Rule 26(b)(1).

10.     Plaintiff objects to the timing of these interrogatories. There is no trial date, no summary judgment schedule, and no completed Rule 16(b) order. Under typical practice — especially in employment cases — damages discovery is phased after liability issues are resolved. Apple has neither requested nor justified a deviation from that standard. Moreover, Apple declined to engage in good-faith Rule 26(f) discovery planning, has previously refused to stipulate to discovery phases, and has not demonstrated why intrusive questions about past or future income, emotional harm, or private medical records must be answered now. Plaintiff has already served Initial Disclosures compliant with Rule 26(a)(1)(A)(iii), on July 9 2024 and amended Sept. 16 2024 (Exhibit D), and Apple has had the opportunity to review those materials for more than nine months.

11.     Plaintiff also objects that Apple has disclosed an intent to subpoena all of Plaintiff's listed medical providers, as well as request a mental examination (IME) — not for diagnostic purposes, but to

interrogate Plaintiff using a full historical record. (See Exhibit C). Plaintiff has not yet consented to an IME, and reserves all rights to oppose such a request. During the May 2, 2025 meet and confer, Plaintiff explicitly objected to this approach, stating: "*This falls in that category of weird stuff that's not terribly justified... You're harassing the employee... You can do a mental exam. You guys pay for it... That seems like the best way.*" (Exhibit C, Transcript at 56:15–58:18). Despite that, Apple continues to seek sweeping disclosures with the apparent aim of retroactively justifying invasive medical subpoenas. This is not how Rule 35 works, and the Court should not permit Defendant to bypass procedural safeguards or transform discovery into a tool of coercion.

12.    Plaintiff objected to Apple's sweeping demands for account handles, pseudonyms, and platform usage as intrusive, not relevant to the claims or defenses, and potentially chilling under federal labor law. These objections are reiterated in response to Interrogatories Nos. 4–5 and apply here to any attempts to further mine Plaintiff's private online activity.

13.    Plaintiff also objected under public policy and labor rights ("*It's illegal in California.... that's against the labor code.*" 1:10:09 - 1:10:13), to which counsel replied to Plaintiff: "*I'm very aware of employment laws, but unfortunately, you're not an employee anymore.*" (Exhibit C, 1:10:21 - 1:10:25).

14.    Further, Defendant admits awareness of plaintiff's public social media posts that form the basis of the alleged adverse action. This request seeks private social media information unrelated to the admitted public posts and appears designed to harass and chill protected whistleblowing activity rather than elicit relevant information.

15.    Defendant admits it has no specific basis for believing plaintiff posted anything improper, but seeks social media information hoping to find 'all sorts of things' plaintiff 'could have done.' See Meet and Confer Transcript, Exhibit C, at 1:08:30-1:08:40. This constitutes an impermissible fishing expedition lacking any connection to defendant's actual claims or defenses.

16.    Further, Defendant's interrogatories contradict positions taken in defendant's March 4, 2022 position statement to the Department of Labor. (Exhibit H). In that statement, defendant argued this case was limited to specific safety concerns from March 2021, that a 'six-month time gap is too attenuated to support any inference causation,' and that termination was solely for confidentiality violations. Defendant cannot now seek discovery spanning 10 years when it previously argued even 6 months was 'too attenuated' for relevance.

17.    In the prior response, Plaintiff clearly invited Apple to meet and confer under Fed. R. Civ. P. 26(c) and Local Rule 37-1 before attempting to escalate these issues or seek court intervention. Apple

has not substantively engaged with that offer and instead doubled down on discovery categories already objected to in writing and on record. Further, during that Meet and Confer, Apple apparently admitted to intentional spoilation of evidence and made unlawful threats against the Platiniff, which she objected to in real time. (Exhibit C).

18.     Defendant seeks discovery on defenses struck by this Court on May 19 2025 (Exhibit F). Defendant also admitted in recorded meet-and-confer that it seeks information hoping to find '*all sorts of things'* with no specific basis. (Exhibit C). This violates Rule 26(b)(1) proportionality requirements.

## II.  RESPONSE TO DEFENDANT'S INTERROGATORIES (PART TWO)

### Interrogatory No. 6: Lost Income

**19.     DEFENDANT'S REQUEST: State the total amount of income, benefits, and/or earning capacity that you have lost to date that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the Fifth Amended Complaint (Dkt. No. 142; herein, the "5AC").**

20.     **PLAINTIFF RESPONSE & OBJECTIONS**: Plaintiff incorporates by reference her prior responses, including her Initial Disclosures (Section IV) that describe employment income, earnings, and damage estimates, and the detailed employment earnings listed therein.

21.     Plaintiff agreed in good faith to provide the names, earnings, and timelines by May 9. However, due to Apple's subsequent conduct — including implicit threats of sanctions and refusal to meet and confer over a protective pause — Plaintiff objects to further responses absent proper procedural safeguards. Subject to and without waiving objections, Plaintiff states she will supplement this response consistent with her Initial Disclosures, pending resolution of outstanding discovery disputes and any necessary protective order.

22.     Plaintiff also objects to this interrogatory as duplicative and premature. Plaintiff already disclosed all currently available information regarding lost income, employment compensation, and economic damages in her Amended Initial Disclosures served on September 16, 2024. See Exhibit D, Initial Disclosures, Section IV ("*Computation of Damages*"). Any further computation Exhibit C  is not yet due under the Court's scheduling framework. Plaintiff reserves the right to supplement these figures at the appropriate stage of discovery.

23.     Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense*

is "*failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

24.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff,'" and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

25.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

26.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses*." (Exhibit F, pages 7-8).

## Interrogatory No. 7: Calculations for Social Media Accounts

27.     **DEFENDANT'S REQUEST: Describe how you calculated the amount stated in your response to Interrogatory No. 5.**

28.     **PLAINTIFF RESPONSE & OBJECTIONS**: Defendant's Request No. 7 asks for Plaintiff to "*describe how [she] calculated the amount stated in [her] response to Interrogatory No. 5,"*

and Defendant's No. 5 asks Plaintiff to "*state each username [she has] used for each social media platform identified in response to Interrogatory No. 4,*" and No. 4 asks Plaintiff to "*state the names of all social media platforms [she has] posted on since March 1, 2021.*" (Exhibit G).

29.    Defendant's interrogatory seeks a description of how Plaintiff 'calculated' usernames for social media platforms. Usernames are not mathematical calculations, but are chosen identifiers. This interrogatory appears to be the result of copy-paste errors from template discovery requests and demonstrates the lack of care and attention required under Fed. R. Civ. P. 26(g). There is no methodology to 'calculate' a username such as '@whistleblower123.'

30.    If this Interrogatory is actually referencing No. 6, please see response to Interrogatory No. 6. The plaintiff objects that this interrogatory calls for premature analysis. Further inquiry into these calculations at this stage is inappropriate, as damages modeling and detailed breakdowns come later. Plaintiff will supplement in accordance with the Court's discovery schedule.

31.    Plaintiff also objects on the grounds that the underlying computation was already disclosed in Plaintiff's Initial Disclosures (Exhibit D, Sept. 16, 2024), which provided the factual basis, categories of damages, and supporting documentation.

## Interrogatory No. 8: Lost Future Income

**32.    DEFENDANT'S REQUEST: State the total amount of income, benefits, and/or earning capacity that you expect to lose in the future that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the 5AC.**

33.    **PLAINTIFF RESPONSE & OBJECTIONS**: Speculative, premature, and calls for expert forecasting that Plaintiff is not equipped to provide at this time. Plaintiff will provide appropriate supplemental responses through reports consistent with Rule 26(a)(2). Plaintiff objects that this interrogatory is speculative, premature, and improper in the absence of expert testimony and trial planning.

34.    Further**,** the categories of future losses were already disclosed in Plaintiff's Initial Disclosures (Exhibit D, Sept. 16, 2024), and include anticipated consulting, academic, and industry income. Plaintiff will supplement through designated expert reports as required under Rule 26(a)(2).

35.    Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff*

*ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

36.    Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

37.    Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

38.    Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## Interrogatory No.9: Calculation of Calculation of Social Media Accounts

**39.    DEFENDANT'S REQUEST: Describe how you calculated the amount stated in your response to Interrogatory No. 7.**

40.    **PLAINTIFF RESPONSE & OBJECTIONS**: Defendant's Interrogatory No. 9 asks for Plaintiff to *"describe how [she] calculated the amount stated in [her] response to Interrogatory No. 7"* and No. 7 asked Plaintiff to "*describe how [she] calculated the amount stated in [her] response to Interrogatory No. 5"* and No. 5 asked Plaintiff to *"state each username [she] [has] used for each social*

*media platform identified in response to Interrogatory No. 4"* and No. 4 asked Plaintiff to *"state the names of all social media platforms [she has] posted on since March 1, 2021."*

41.    Defendant's interrogatory seeks a description of how Plaintiff 'calculated' usernames for social media platforms. Usernames are not mathematical calculations but are chosen identifiers. This interrogatory appears to be the result of copy-paste errors from template discovery requests and demonstrates the lack of care and attention required under Fed. R. Civ. P. 26(g). There is no methodology to 'calculate' a username such as '@username123.'

42.    If this Interrogatory is actually referencing No. 8, please see response to Interrogatory No. 8. Plaintiff objects to premature demand for calculations that fall within the scope of expert economic analysis. No additional response is required at this time beyond the disclosures already made under Rule 26(a)(1) in Plaintiff's Initial Disclosures (Exhibit D, Sept. 16, 2024).

## Interrogatory No.10: Cost of Benefits

**43.    DEFENDANT'S REQUEST: State the cost of each benefit that you have purchased to replace any benefits to which you contend you would have been entitled had the alleged conduct that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC not occurred.**

44.    **PLAINTIFF RESPONSE & OBJECTIONS**: Plaintiff objects that this interrogatory is vague, overbroad, and seeks information that is neither relevant nor proportional to the needs of the case. To the extent Plaintiff has incurred costs related to replacement of lost benefits, such information was summarized in Initial Disclosures (Exhibit D, Sept. 16, 2024) and will be further addressed via supporting documents and/or expert testimony if necessary.

45.    Further, this interrogatory requires plaintiff to speculate about defendant's internal benefit costs and policies to which plaintiff has no access. Defendant possesses all information about its benefit costs and entitlements. This interrogatory improperly shifts defendant's burden to research and calculate its own potential liability. Additionally, defendant has not disclosed any computation for mitigation or offset damages under Rule 26(a)(1)(C) that would support this discovery request.

46.    Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

47.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

48.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

49.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## Interrogatory No.11: Minimization of Damages

**50.     DEFENDANT'S REQUEST: Describe how you have attempted to minimize the amount of your lost income that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.**

51.     **PLAINTIFF RESPONSE & OBJECTIONS**: Plaintiff sought alternate employment and consulting roles, many of which were interfered with by Apple directly or indirectly. Transcript (Exhibit C, 5/2, 1:05:24): "That was one of the employers. And Apple got me fired from the employer. Supporting documents include Job applications, offer letters, Records of terminated contracts (including with Wilshire Law and Northeastern University). Further information will be produced under Rule 34.

52.     Plaintiff objects on the grounds that she has already described mitigation efforts and post-termination employment attempts in her Initial Disclosures (Exhibit D, Sept. 16, 2024) and in prior interrogatory responses. The Court struck Apple's *"failure to mitigate"* defense in its May 19, 2025 Order (Exhibit F, Dkt. 215), further rendering this request procedurally improper. Plaintiff has no obligation to furnish discovery in support of a defense that is no longer before the Court.

53.     Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

54.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

55.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

56.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The*

*motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## Interrogatory No. 12: All Injuries

57.     **DEFENDANT'S REQUEST: Describe each physical, mental, or emotional injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.**

58.     **PLAINTIFF RESPONSE & OBJECTIONS**: Plaintiff is not a medical expert and cannot separate emotional harms without formal analysis. Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5).

59.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

60.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

61.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment*

*decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## Interrogatory No. 13: Prospective Diagnoses

**62.     DEFENDANT'S REQUEST: Identify each medical provider who has advised you that you may require future or additional treatment for any injury that you attribute to the Defendant under Counts One, Two, Three, and Four in the 5AC. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)**

63.     **PLAINTIFF RESPONSE & OBJECTIONS**: This interrogatory seeks speculative medical predictions that responsible healthcare providers typically do not make. Mental health treatment is generally evaluated on an ongoing basis with periodic reassessment rather than predetermined timelines. The interrogatory assumes a level of medical certainty about future treatment that does not reflect standard mental health care practices. Premature and vague. Plaintiff has not yet received any final future-treatment plans and proposes a neutral IME (as discussed on May 2, 2025, Exhibit C). Further, medical providers are listed in Plaintiff's Initial Disclosures (Exhibit D, Section II).

64.     Plaintiff also objects to this interrogatory on the grounds that it seeks highly sensitive identifying information — including the names, addresses, and telephone numbers of third parties — without any procedural protections in place. During the May 2, 2025 meet and confer, Apple's counsel confirmed their intention to use any names disclosed to subpoena the entirety of those individuals' records regarding Plaintiff, regardless of scope or privilege. Plaintiff objected on the record and explicitly declined to authorize the release of such data without a protective order or court supervision. See Transcript (Exhibit C, 5/2/2025 at approx. 58:13–1:03:05).

65.     Plaintiff reasserts her objection and will seek a Rule 26(c) protective order covering any disclosure of medical providers, former employers, or other third parties. Plaintiff is willing to engage in a mutually agreed discovery plan that outlines limits, scope, and procedural protections, but will not produce subpoena-targeting information until such framework is adopted.

66.     Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative*

*defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (<u>Exhibit F,</u> pages 4-5)

67.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (<u>Exhibit F,</u> page 7).

68.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (<u>Exhibit F,</u> page 5).

69.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (<u>Exhibit F,</u> pages 7-8).

## Interrogatory No. 14: Medical Services (Prosthetics)

**70.     DEFENDANT'S REQUEST: Describe all medical services (*e.g.*, ambulance, nursing, prosthetics) that you have received for any injury that you attribute to the Defendant under Counts One, Two, Three, and Four in the 5AC.**

71.     **PLAINTIFF RESPONSE & OBJECTIONS**: Overbroad, duplicative, and strange. This interrogatory appears to be copied from personal injury litigation forms and seeks information about

medical services (ambulance, prosthetics) that have no conceivable relevance to emotional distress claims arising from workplace retaliation. The reference to prosthetics demonstrates Defendant has not tailored its discovery to the actual claims in this case."

72.     Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

73.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

74.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

75.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

76.    In addition, Plaintiff is preparing production of medical records tied to active claims. Plaintiff reserves all privacy rights under state and federal law.

## Interrogatory No. 15: Medications Taken from 2015-2025

77.    **DEFENDANT'S REQUEST: State each medication, prescribed or not, that you have taken since February 23, 2015.**

78.    **PLAINTIFF RESPONSE & OBJECTIONS**: Wildly overbroad and not proportional under Rule 26(b)(1). Plaintiff will not provide a decade-long pharmaceutical inventory without specific justification tied to surviving claims.

79.    *"The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses."* (pages 4-5).

80.    *"Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (page 7).

81.    *"In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (page 5).

82.    *"Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (pages 7-8).

## Interrogatory No. 16: All Medical Conditions from 2015-2025

**83.    DEFENDANT'S REQUEST: State each medical condition (*e.g.*, flu, COVID-19, anemia, diabetes, stroke, stress, depression, generalized anxiety disorder, schizophrenia, post-traumatic stress disorder) that you have suffered since February 23, 2015.**

84.    **PLAINTIFF RESPONSE & OBJECTIONS**:    Overbroad, unduly burdensome, disproportionate, and harassing under Fed. R. Civ. P. 26(b)(1). This interrogatory seeks a comprehensive medical history spanning 10 years including minor, temporary conditions (flu, COVID-19) that bear no reasonable relationship to plaintiff's limited emotional distress damages from 2021 workplace retaliation. The temporal scope (2015-present) and breadth (every medical condition regardless of severity or relevance) constitutes a fishing expedition designed to harass rather than obtain relevant information. The burden of recreating a decade of minor illnesses vastly outweighs any conceivable probative value to defendant's defenses.

85.    Seeks private medical information protected by constitutional privacy rights where no compelling need is shown. To the extent any response is required, plaintiff objects to the temporal scope and will limit response to mental health conditions as reasonable. The plaintiff will provide medical records tied to current mental/emotional damage claims as discovery proceeds.

86.    Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

87.    Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

88.    Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative*

*defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

89.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## Interrogatory No. 17: All Diagnosing Physicians from 2015-2025

**90.     DEFENDANT'S REQUEST: For each medical condition identified in your response to Interrogatory No. 19, identify the person who diagnosed it. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)**

91.     **PLAINTIFF RESPONSE & OBJECTIONS**: Defendant asks Plaintiff to "identify" persons related to her "*response to Interrogatory no. 19*" however Defendant has not served any Interrogatories numbered as 19.  The erroneous cross-reference to non-existent 'Interrogatory No. 19' suggests defendant removed interrogatories from an earlier draft but failed to renumber properly. This supports plaintiff's position that these requests represent harassment rather than carefully crafted discovery tailored to this case.

92.     Assuming defendant means No. 16, instead of No. 19, Plaintiff objects to this interrogatory on the grounds that it seeks highly sensitive identifying information — including the names, addresses, and telephone numbers of third parties — without any procedural protections in place. During the May 2, 2025 meet and confer, Apple's counsel confirmed their intention to use any names disclosed to subpoena the entirety of those individuals' records regarding Plaintiff, regardless of scope or privilege. Plaintiff objected on the record and explicitly declined to authorize the release of such data without a protective order or court supervision. See Transcript (Exhibit C, 5/2/2025 at approx. 58:13–1:03:05).

93.     Objections to Nos. 15–16 are also incorporated here. Further, medical professionals involved in Plaintiff's treatment have already been listed in the Initial Disclosures (Exhibit D, Sept. 2024).

94.     Plaintiff reasserts her objection and will seek a Rule 26(c) protective order covering any disclosure of medical providers, former employers, or other third parties. Plaintiff is willing to engage in a mutually agreed discovery plan that outlines limits, scope, and procedural protections, but will not produce subpoena-targeting information until such framework is adopted.

95.     Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

96.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

97.     Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

98.     Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward*

*Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## Interrogatory No. 18: All Damages

99.    **DEFENDANT'S REQUEST: Describe all damages (to, *e.g.*, property, reputation, security) other than those that you have already identified or described in your responses to prior interrogatories that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.**

100.    **PLAINTIFF RESPONSE**: Plaintiff objects that this interrogatory is cumulative, vague, and seeks an exhaustive catalog of hypothetical or non-economic damages outside of what has already been disclosed in Initial Disclosures (Exhibit D, Sept. 16, 2024). See Sections IV and V. Plaintiff has identified current categories of damages sought and reserves the right to amend or supplement as additional facts or expert reports become available. Additional damage categories will be developed via testimony and expert reports. The plaintiff reserves the right to supplement.

101.    Plaintiff refers to previously described reputational harms, retaliatory disclosures, and diminished career security. For example: Transcript (Exhibit C, 5/2, 1:05:02): "*They made me read my tweets aloud during their meet and confer session... They severed the contract... and they were defaming me.*"

102.    Plaintiff further objections to this request on the basis that Defendant's sixth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*The sixth affirmative defense is "failure to exercise reasonable care and diligence to mitigate any damages ... The seventh affirmative defense is... Apple is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple... The Court grants the motion to strike... Apple... should still provide some concrete allegations along the lines of the above to support the defenses.*" (Exhibit F, pages 4-5)

103.    Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts that 'no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff," and "[s]hould it be determined that Plaintiff was damaged, then said damages were proximately caused by Plaintiff's own conduct.'... The Court grants the motion to strike, but with leave to amend...Apple should still provide some concrete allegations to that effect to support the defense.*" (Exhibit F, page 7).

104.    Plaintiff further objections to this request on the basis that Defendant's eighth affirmative defense, as related to this request, was stricken by the court on May 19 2025. "*In the eighth affirmative defense, Apple asserts: Plaintiff's recovery is barred in whole or in part by her own unclean hands and by the doctrines of unclean hands, in pari delicto and/or after-acquired evidence, or in the alternative, these doctrines cut off or reduce her alleged damages.... The Court grants the motion to strike, but with leave to amend.... Apple should still provide some concrete allegations along the lines of the above to support the defense, particularly because this information is, at least in part, within its possession, custody, or control.*" (Exhibit F, page 5).

105.    Plaintiff further objections to this request on the basis that Defendant's affirmative defenses, as related to this request, was stricken by the court on May 19 2025. "*Apple asserts 'assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any employment decision toward Plaintiff (which they were not), Apple would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and/or nonretaliatory business reasons'... The motion to strike is granted, but with leave to amend... The Court strikes the defenses only because Apple has not provided concrete facts to support the defenses.*" (Exhibit F, pages 7-8).

## III.    OBJECTIONS RELATED TO DEFENDANT'S PLAN FOR MEDICAL EXAM

106.    Defendant has admitted that the purpose of these interrogatories is to obtain medical records for defendant's independent medical examiner to review, rather than for legitimate discovery purposes. See Meet and Confer Transcript, Exhibit C, at 57:50-58:12. Additionally, defendant falsely claims it does not possess plaintiff's medical records from 2015-2020 when defendant provided healthcare services to plaintiff during that period, while simultaneously having obtained plaintiff's 2021 medical records through third-party ADA requests. (Exhibit J). This constitutes bad faith discovery designed to harass plaintiff rather than obtain relevant information.

## IV.    CLARIFICATION DEMANDED RE: SPOILIATION OF MEDICAL RECORDS

107.    Plaintiff objects to requests related to her medical treatment at Apple Wellness Center (a.k.a. A.C. Wellness) from 2015-2020. These requests seeks information already in defendant's possession or control from defendant's provision of healthcare services to plaintiff from 2015-2020, violating the principle that discovery should not burden parties with providing information already

available to the requesting party. Further objects as overbroad, unduly burdensome, and disproportionate under Fed. R. Civ. P. 26(b)(1).

108.     Defendant's interrogatories seek medical records defendant already possesses from its provision of healthcare services to plaintiff from 2015-2020. See Exhibit I (example of defendant's own medical records for plaintiff). Additionally, defendant has already obtained plaintiff's 2021 medical records through third-party ADA requests to plaintiff's current healthcare providers, as shown in Exhibit J, despite denying such requests when confronted. ("*Apple has no medical records of yours. We do not have your medical records, I assure you.*" – 54:37 - 54:43, 5/2/25 Transcript, Exhibit C).  I complained that "Apple Wellness Center is a privately-owned, for-profit subsidiary of Apple Inc., and I got all my digital records from them, which were sent through my emails and my Apple emails, and it shows that Apple started reporting on my email a long time ago. So, they clearly have it." Defendant then responded again: "*We do not have your medical records.*"  (54:58 - 55:01, 5/2/25 Transcript, Exhibit C). To which I further complained, "And then [Apple Employee Relations] was passing around that mammogram. That was disturbing." (55:02 - 56:15,  5/2/25 Transcript, Exhibit C).

109.     Attached at Exhibit I is an example of Apple Wellness Center's medical records for the Plaintiff. Attached as Exhibit J is a the receipt of Apple's request for Plaintiff's Medical Records at One Medical on 9/1/21. Attached at Exhibit K is a document from Apple's own discovery production, showing Apple Human Resources Employee Relations team discussing Plaintiff's mammograms in June 2021. These interrogatories therefore constitute bad faith discovery designed to harass plaintiff rather than obtain information, in violation of Fed. R. Civ. P. 26(g).

110.     Defendant was plaintiff's healthcare provider from 2015-2020 and had a legal duty to retain plaintiff's medical records. Defendant's representation that it does not possess these records raises serious questions about potential spoliation of evidence that defendant was legally obligated to preserve. Alternatively, if defendant does possess these records but is misrepresenting their availability, this constitutes bad faith discovery in violation of Fed. R. Civ. P. 26(g).

## V.   CLARIFICATION REGARDING SETTLEMENT DISCUSSIONS:

111.     If Defendant's extensive damages-related interrogatories constitute an indirect attempt to initiate settlement discussions, Plaintiff respectfully requests that Defendant clearly state such intent.

112.     Plaintiff is open to good faith settlement negotiations conducted through appropriate channels and in compliance with applicable rules governing settlement communications. However, Plaintiff will not engage in disguised settlement discussions through abusive discovery requests that seek

detailed damages calculations while Defendant has failed to plead viable defenses or disclose its own damages methodologies.

113.    Any genuine settlement discussions should be conducted transparently and in good faith, not through harassing discovery designed to extract Plaintiff's damages theories for Defendant's strategic advantage.

## VI.    DEFENDANT'S THREATS TO COMPEL AND BAD FAITH DISCOVERY CONDUCT

114.    Based on Defendant's prior threats, Plaintiff anticipates that Defendant may claim waiver of these objections or file a motion to compel responses despite the fundamental deficiencies identified herein. Any such motion would be frivolous and brought in bad faith. Plaintiff's objections are timely filed and properly preserved. Defendant's interrogatories demonstrate a lack of good faith preparation required under Fed. R. Civ. P. 26(g). The requests contain:

- Copy-paste errors referencing non-existent interrogatories (Interrogatory 17 references "Interrogatory No. 19")
- Form requests inappropriate for this case type (seeking prosthetics for emotional distress claims)
- Obvious template language from personal injury litigation applied without consideration to employment retaliation claims
- Multiple basic drafting errors indicating lack of care in preparation

115.    The pattern of overbroad, irrelevant requests (including 10-year medical histories for minor illnesses) combined with sloppy preparation demonstrates these interrogatories were designed to harass rather than obtain relevant information, in violation of Fed. R. Civ. P. 26(g).

116.    Defendant seeks discovery on defenses that the Court struck on May 19 2025 (Exhibit F) for failure to state sufficient facts. Additionally, defendant's counsel threatened plaintiff during meet and confer proceedings for filing the very motion that the Court subsequently granted, demonstrating defendant's bad faith approach to discovery and litigation conduct generally.

117.    The interrogatories appear to be edited from a longer list, with numbering errors suggesting removed requests. This supports our position that defendant is conducting a fishing expedition rather than seeking information relevant to specific defense theories.

118.    The interrogatories, viewed collectively, appear designed to harass, intimidate, and impose unreasonable costs on Plaintiff rather than to obtain information reasonably necessary for Defendant's defense of this action.

119.     Should Defendant file any motion to compel these responses, Plaintiff reserves the right to seek Rule 37(a)(5) cost-shifting, Rule 26(g) sanctions for bad faith discovery, and such other relief as the Court deems just and proper. The Court should award Plaintiff reasonable attorney fees and costs incurred in opposing any frivolous motion to compel responses to fundamentally deficient discovery requests.

## VII.   CONCLUSION

120.     In the interest of judicial economy and proportionate discovery, Plaintiff offers that if the Court grants Defendant leave to file an amended Answer with properly pled affirmative defenses supported by adequate factual allegations, Defendant may serve amended interrogatories that are appropriately tailored to such viable defenses. In such event, Plaintiff will not count the current deficient interrogatories against Defendant's 25-interrogatory limit under Fed. R. Civ. P. 33(a)(1), provided any amended interrogatories comply with the Federal Rules and are relevant to properly pled claims or defenses.

## VIII.   VERIFICATION

I, Ashley M. Gjovik, declare under penalty of perjury under the laws of the United States that the foregoing responses are true and correct to the best of my knowledge, information, and belief.


Executed on May 29, 2025, at Boston, Massachusetts.

**Dated: May 29 2025**

_____

**/s/ Ashley M. Gjovik**

***Pro Se Plaintiff***