JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant Apple Inc.

*[Additional counsel on following page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN OF APPLE'S AFFIRMATIVE DEFENSES AND TO PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER** |
| v. | |
| APPLE INC., | |
| Defendant. | Date: July 31, 2025 |
| | Time: 1:30 PM PST |
| | Dept: Courtroom 5, 17th Floor |
| | Judge: Honorable Edward M. Chen |

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C.  20005-1706
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant Apple Inc.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARD ........................................................................................... 1

III.    ARGUMENT ........................................................................................................ 2

      A.    Plaintiff's Attacks on Apple's Affirmative Defenses Fail. ...................... 2

            1.    Affirmative Defenses Nos. 1-3, 7-10, and 13 ............................... 3

                  a.    Portion of These Defenses Arising From Plaintiff's Unauthorized Disclosure of Apple's Confidential Information ................................................................... 3

                  b.    Portion of These Defenses Relating to Plaintiff's Request to Be Placed on Paid Administrative Leave ..................................... 4

            2.    Affirmative Defenses Nos. 5-6: Failure to Mitigate ..................... 4

            3.    Affirmative Defense No. 7: After-Acquired Evidence .................. 5

            4.    Affirmative Defense No. 14: Setoff for Amounts Paid Through Workers' Compensation ................................................................. 6

      B.    Plaintiff's Request for a Protective Order Should Be Denied............................... 7

      C.    The Court Should Enter a Pre-Filing Order. ............................................ 7

IV.    CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................ 2

*Fletcher v. Baca*,
    No. CV 07-4180 JGB(JC), 2018 WL 6431873 (C.D. Cal. Mar. 21, 2018) ........................... 10

*Ganley v. Cnty. of San Mateo*,
    No. C06-3923 TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) .......................... 2

*Garcia v. Salvation Army*,
    918 F.3d 997 (9th Cir. 2019) .................................................................................. 2

*Izett v. Crown Asset Mgmt., LLC*,
    No. 18-CV-05224-EMC, 2018 WL 6592442 (N.D. Cal. Dec. 14, 2018) ........................... 2, 4

*Molski v. Evergreen Dynasty Corp.*,
    500 F.3d 1047 (9th Cir. 2007) ............................................................................... 10

*Overton v. Uber Techs., Inc.*,
    No. 18-CV-02166-EMC, 2019 WL 4575381 (N.D. Cal. Sept. 20, 2019) ................... 9

*Solis v. Zenith Cap., LLC*,
    No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009).......................... 2

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................................... 4

Fed. R. Civ. P. 11 ......................................................................................................... 3

Fed. R. Civ. P. 12 ..................................................................................................... 1, 2

1    **I.      INTRODUCTION**

2           Plaintiff's latest motion—seeking both to strike nearly all of Apple's affirmative defenses

3    and to have the Court enter a protective order to stay any discovery on "issues beyond Plaintiff's

4    prima facie case" (Dkt. No. 221 ("Motion" or "Mot.") ¶ 62)—is the latest in a long string of

5    meritless motions that continue to burden this Court and Apple. This is Plaintiff's second motion

6    to strike Apple's affirmative defenses. Although the Court granted her first motion in part, it gave

7    Apple clear direction on how to amend, and Apple complied fully with the Court's guidance. Yet

8    Plaintiff now moves to strike again, ignoring the Court's prior order and rehashing arguments that

9    should be put to rest—all *without citing a single case* to support her position. Equally meritless is

10   Plaintiff's request for a protective order staying discovery on Apple's affirmative defenses until

11   Apple provides what she deems "adequate factual specificity" (*id.*). Not only is there no basis for

12   such a request—Apple amended its affirmative defenses in accordance with the Court's

13   instructions—but it also would not be feasible to bifurcate discovery on the overlapping issues

14   regarding the allegations in the complaint and the affirmative defenses, since they are so

15   intertwined. Plaintiff's request for a protective order should be denied so that discovery may

16   proceed expeditiously on the remaining issues in this case.

17          Plaintiff's repeated filing of baseless motions wastes judicial resources and imposes

18   unnecessary costs on Apple. At this point, in addition to denying the Motion in full, the Court

19   should exercise its inherent authority to manage its docket by giving Plaintiff notice and an

20   opportunity to be heard that it is considering requiring Plaintiff to seek leave before filing any

21   further motions, so that the Court and Apple do not have to spend additional time and resources

22   responding to meritless motions. A pre-filing order is an appropriate and necessary next step in this

23   matter to put a stop to Plaintiff's pattern of improper litigation tactics.

24   **II.     LEGAL STANDARD**

25          Rule 12(f)[1] allows a court to "strike from a pleading an insufficient defense or any

26   redundant, immaterial, impertinent, or scandalous matter." But "[m]otions to strike a defense as

27   insufficient are not favored ... because of their somewhat dilatory and often harassing character."

---

28   [1] All references to "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

*Solis v. Zenith Cap*., LLC, No. C 08-4854 PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." *Id.*

To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). "[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (internal quotations omitted).

The Ninth Circuit has confirmed that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (a post *Twombly* and *Iqbal* case that does not discuss either in the context of an affirmative defense). This Court has held that the *Twombly* and *Iqbal* pleading standards apply to affirmative defenses, and that under these standards, "a defense need not include extensive factual allegations in order to give fair notice" although "bare statements reciting mere legal conclusions may not be sufficient." *Izett v. Crown Asset Mgmt., LLC*, No. 18-CV-05224-EMC, 2018 WL 6592442, at *1 (N.D. Cal. Dec. 14, 2018).

A decision to strike material from the pleadings is vested to the sound discretion of the trial court. *Solis*, 2009 WL 1324051, at *3. (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)). "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party." *Id.*

## III.    ARGUMENT

### A.    Plaintiff's Attacks on Apple's Affirmative Defenses Fail.

Plaintiff's baseless attempt to strike Affirmative Defenses Nos. 1-3, 5-10, 13-14 (formerly Affirmative Defenses Nos. 2-4, 6-11, and 14-15 in Apple's original answer (Dkt. No. 183)) should

1    be denied outright.[2] Each of these defenses are pleaded in accordance with the Court's May 19,

2    2025 guidance (Dkt. No. 215; the "May 19 Order") and provide fair notice to Plaintiff.[3]

3                    1.    **Affirmative Defenses Nos. 1-3, 7-10, and 13**

4                         a.    **Portion of These Defenses Arising From Plaintiff's**
                              **Unauthorized Disclosure of Apple's Confidential Information**

5

6         Plaintiff's contention that Affirmative Defenses Nos. 1-3, 7-10, and 13 (formerly

7    Affirmative Defenses Nos. 2-4, 8-11, and 14) are insufficient is without merit because Apple

8    amended its answer exactly as the Court directed in its May 19 Order. For example, in striking

9    Affirmative Defenses Nos. 2-3 (now Affirmative Defenses Nos. 1-2), the Court noted that

10   "[Plaintiff] is aware of Apple's position that she was terminated because she disclosed, without

11   authorization, confidential information and failed to participate in the investigation of the matter."

12   May 19 Order at 8. The Court proceeded to instruct Apple to "provide some concrete allegations

13   to that effect to support the defense." *Id.* The Court provided nearly identical instruction with

14   respect to what are now Affirmative Defenses Nos. 3, 7-10, and 13 (formerly Affirmative Defenses

15   Nos. 4, 8-11, and 14). *See id.* at 5, 7-8. Apple followed the Court's directions, amending to allege,

16   in support of each of these defenses:

17         Apple determined that [Plaintiff] had engaged in conduct that warrants termination
18         of employment, including, but not limited to, violations of Apple policies. Plaintiff
           disclosed confidential product-related information in violation of Apple policies
19         and her obligations under her Intellectual Property Agreement. Apple also found
           that she had failed to cooperate and to provide accurate and complete information
20         during the Apple investigatory process.

21   _____

22   [2] Consistent with the May 19 Order, Apple did not re-plead a separate affirmative defense for failure
     to state a claim (formerly Affirmative Defense No. 1) – hence the change in the numbering of
23   defenses in Apple's amended answer.

24   [3] In its May 19 Order, the Court found that Plaintiff had failed to verify the accuracy of the AI-
     generated information in her first motion to strike Apple's affirmative defenses and explicitly
25   warned Plaintiff that she is "responsible for verifying the accuracy of AI-generated or AI-provided
     information" and that "failure to do so may lead to sanctions" under Rule 11. *See* May 19 Order at
26   10-11. Now, in her second motion to strike Apple's affirmative defenses, **Plaintiff cites no case
     law whatsoever**. That, too, is improper. Under Rule 11(b)(2), all legal contentions presented to the
27   Court must be "warranted by existing law or by a nonfrivolous argument for extending, modifying,
     or reversing existing law or for establishing new law." Plaintiff's complete failure to cite any legal
28   authority—particularly after the Court's prior warning—violates that obligation and underscores
     the frivolous nature of her motion.

DEF.'S OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE & REQUEST FOR PROTECTIVE ORDER
[23-CV-4597-EMC]

Dkt. No. 218 ("Am. Answer") at 42-45, ¶¶ 1-3, 7-10, 13.

Plaintiff's Motion nonetheless demands a more "detailed factual basis for the claims." Mot. ¶ 33. However, this Court has already determined that such specificity is not necessary at this stage. *See* May 19 Order at 4 (holding that "a defense need not include extensive factual allegations in order to give fair notice"). And elsewhere Plaintiff likewise acknowledges that such detail is not required. *See* Mot. ¶ 4 (acknowledging that the Court explained that the allegations "need not be extensive"), ¶ 7 (noting that Rule 8(b) "requires defendants to state in short and plain terms its defenses to each claim asserted against it"). Plaintiff has been given fair notice of the defenses asserted, which is all that Rule 8 requires. *See Izett*, 2018 WL 6592442, at *1.

### b.    Portion of These Defenses Relating to Plaintiff's Request to Be Placed on Paid Administrative Leave

Plaintiff contends that Apple's allegation in its Amended Answer that Plaintiff was "placed on paid administrative leave per her own request" is insufficient because, according to Plaintiff, Apple put her on administrative leave twice in 2021, and "Apple does not distinguish which one it is referring too [*sic*]." Mot. ¶ 50. But Apple is clear in its Amended Answer that Plaintiff requested to be on paid administrative leave in August 2021. *See* Am. Answer at 21, ¶ 132 (denying Plaintiff's allegation that "[o]n August 4, 2021, [Apple] forced the Plaintiff on indefinite administrative leave" and explaining that "Plaintiff requested to be on paid administrative leave"). This portion of the Amended Answer is adequate.

### 2.    Affirmative Defenses Nos. 5-6: Failure to Mitigate

Plaintiff's argument that Affirmative Defenses Nos. 5-6 (formerly Affirmative Defenses Nos. 6-7) are insufficiently pleaded also lacks merit, as Apple amended its answer precisely in accordance with the Court's May 19 Order. In striking Apple's mitigation of damages defenses premised on any "fail[ure] to exercise reasonable care and diligence to mitigate any damages allegedly accruing to [Plaintiff]" (Affirmative Defense No. 5 (formerly No. 6)) and offsetting from any damages awarded any "monies Plaintiff received from any source after Plaintiff ceased to be employed by Apple" (Affirmative Defense No. 6 (formerly No. 7)), the Court explained that Plaintiff "clearly understands why Apple is asserting the defenses – *e.g.*, Apple is suggesting that

[Plaintiff] should have mitigated damages by seeking alternative employment and, if she did find alternative employment, that income should offset any damages, if awarded." May 19 Order at 4. The Court directed Apple to "provide some concrete allegations along [those] lines to support the defense[]," noting that "Apple's allegations need not be extensive." *Id.* at 4-5. Apple did exactly as the Court instructed and amended such that Affirmative Defense No. 5 now reads as follows:

> Plaintiff had a duty to mitigate any damages by seeking alternative employment, and if she did not exercise reasonable care and diligence to seek alternative employment, her failure to do so precludes her from recovering damages for lost wages. Apple is currently unaware of the efforts, if any, which Plaintiff took to seek alternative employment, and asserts this defense to preserve its right to limit or reduce any potential damages awarded to Plaintiff pending further discovery.

Am. Answer at 43, ¶ 5. Similarly, Affirmative Defense No. 6 now reads, in relevant part, "Plaintiff had a duty to mitigate any damages by seeking alternative employment, and if she did obtain alternative employment, that income should offset any damages, if awarded." *Id.* at 43, ¶ 6.

Though Apple followed the Court's instruction, Plaintiff make two unavailing arguments. First, she contends that Affirmative Defense No. 5 improperly asserts a lack of knowledge regarding her job search efforts, pointing to the fact that her alleged university position is referenced in her Fifth Amended Complaint. *See* Mot. ¶¶ 26, 44. But allegations in a complaint are not established facts, and Apple was entitled to state that it "lacks knowledge or information sufficient to admit or deny the allegations [regarding her "university position"] and on that basis denies them." Am. Answer at 30, ¶¶ 196-97. Second, Plaintiff asserts—without support—that "Apple's counsel demanded Plaintiff's removal from her contracted position as an expert witness for a law firm on a fraud class action, and they did remove her." Mot. ¶ 44. This allegation is entirely absent from the Complaint, and Plaintiff's suggestion that it is so is no basis to strike Apple's defenses as stated. Nor do Plaintiff's allegations (that she held a university position and that Apple prevented her from acting as an expert witness) prove that she has adequately mitigated her damages or negate Apple's affirmative defenses predicated on a failure to mitigate.

### 3.    Affirmative Defense No. 7: After-Acquired Evidence

Plaintiff also objects to Apple's defense that it "learned—shortly after Plaintiff's employment was terminated—that Plaintiff admitted that she disclosed confidential product-related

information to a journalist at the Verge" (Affirmative Defense No. 7 (formerly No. 8)) on the ground that Apple allegedly became aware of the Verge article before her employment was terminated. *See* Mot. ¶¶ 26, 32, 45-46. But Plaintiff misses the point: Apple specifically alleges that it learned of ***Plaintiff's admission that she had disclosed confidential product-related information to a journalist at the Verge***—not of the article—after her termination. *See* Am. Answer at 44, ¶ 7. Moreover, Plaintiff is well aware of the admission at issue; she herself has already posted it on the docket in this case. *See* Dkt. No. 155-2 at 37 (September 15, 2021 email containing screenshots of a text message exchange wherein Plaintiff admitted, "I'm helping Zoe [Schiffer from the Verge] with the privacy article. I gave her [Gobbler] details.… I'm even letting her include a few pics from [Gobbler].…"); *see also* Mot. ¶ 46 (referencing "the Sept. 15 2021 email chain … attach[ing] private messages" between Plaintiff and another former Apple employee).

Plaintiff also argues that Apple must provide "a detailed factual basis" (Mot. ¶ 38) for its allegation that Plaintiff has "continued to provide inaccurate and/or incomplete information to the government and to the public" in the years following her termination (Am. Answer at 44, ¶ 7). However, Apple's Amended Answer—which contains numerous denials of Plaintiff's allegations—amply sets forth the basis for this allegation. *See, e.g., id.* at 17, ¶ 97; 21, ¶ 132; 27-28, ¶ 183. These denials reflect Apple's position that Plaintiff has continued to misrepresent facts, both publicly and in connection with government proceedings, thereby supporting the challenged allegation.

### 4. <u>Affirmative Defense No. 14: Setoff for Amounts Paid Through Workers' Compensation</u>

Plaintiff challenges Affirmative Defense No. 14 (formerly No. 15)—by which Apple claims entitlement to a setoff for any amounts paid to Plaintiff through workers' compensation—on the ground that it "claims ignorance of workers' compensation[.]" *See* Mot. ¶ 26. However, as Plaintiff elsewhere appears to understand (*see* Mot. ¶ 54), this defense refers to workers' compensation payments that Plaintiff may have received in connection not only with her employment at Apple but also any ***subsequent*** employment. Because Apple lacks knowledge regarding subsequent workers' compensation payments (if any), this defense is sufficient as pled.

1

**B.**    **Plaintiff's Request for a Protective Order Should Be Denied.**

2       Plaintiff improperly shoehorns into her Motion a request for "a protective order staying

3   discovery on issues beyond Plaintiff's prima facie case until [Apple] provides adequate factual

4   specificity in its affirmative defenses." Mot. ¶ 62. This is at least Plaintiff's fourth request for an

5   order preventing Apple from conducting discovery—which has contributed to this case languishing

6   at the pleadings stage for nearly two years. *See* Dkt. Nos. 117, 211; *Gjovik v. Apple, Inc.*, No. 25-

7   2028, Dkt. No. 15 (9th Cir. May 7, 2025); Mot. ¶ 62. Each prior request has been denied in full.

8   *See* Dkt. Nos. 144, 213; *Gjovik v. Apple*, *Inc.*, No. 25-2028, Dkt. No. 32.1 (9th Cir. May 27, 2025).

9   This one should be, too.

10       As detailed above, Apple has provided sufficient factual specificity in its affirmative

11   defenses. Plaintiff's claim of deficiency is simply a pretext to obstruct proper discovery, not a

12   demonstration of "good cause" as required for the issuance of a protective order. Apple has

13   answered Plaintiff's complaint; it is time for both parties to engage in good faith discovery to move

14   past the pleadings and develop evidence sufficient to allow the appropriate fact-finder to rule on

15   Plaintiff's claims.

16       There is no basis to stay discovery, which should proceed expeditiously on the remaining

17   issues in this case. Nor would it even be possible to attempt to bifurcate discovery on the

18   overlapping issues regarding the allegations in the complaint and the affirmative defenses, since

19   they are so intertwined. *See, e.g.*, Dkt. No. 142 (Fifth Amended Complaint) ¶ 215 (Plaintiff's

20   *Tameny* claim alleging that "Apple's proffered reason for terminating Plaintiff is illegal" and thus

21   necessarily implicating affirmative defenses related to Plaintiff's unauthorized disclosure of

22   confidential information). Accordingly, the Court should deny Plaintiff's request in its entirety.

23

**C.**    **The Court Should Enter a Pre-Filing Order.**

24       Plaintiff has repeatedly burdened Apple and the Court with meritless motions, seeking to

25   delay, re-litigate issues she has already lost, or otherwise unnecessarily cause the Court and the

26   parties to spend time and energy on ancillary issues. For example, on May 13, 2025, Plaintiff filed

27   a 205-page "Motion to Quash Discovery Letter & Stay Discovery Pending Appeal" (Dkt. No. 211),

28   which the Court denied the very next day as "clearly lack[ing] merit." Dkt. No. 213. That motion

DEF.'S OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE & REQUEST FOR PROTECTIVE ORDER
[23-CV-4597-EMC]

is just the most recent in a long line of baseless motions—ten in total—that this Court has rejected *just since granting Plaintiff leave to file a Fifth Amended Complaint*.[4] *See*:

- Dkt. No. 123 (Oct. 25, 2024 order denying motion for extension of time to file 5AC and for leave to file a 200-page 5AC despite Court's prior order limiting Plaintiff to 75 pages; explaining that "as this Court has previously noted, this is not the kind of case that warrants a pleading of that length");

- Dkt. No. 140 (Nov. 20, 2024 order denying motion for leave to file motion for reconsideration of order striking 5AC for failure to comply with the Court's orders, reasoning that Plaintiff's "repeated complaints about a page limit on her pleading fall flat");

- Dkt. No. 144 (Dec. 4, 2024 order denying motion to stay proceedings pending her first appeal to the Ninth Circuit because the appellate court had "dismissed Plaintiff's appeal for lack of jurisdiction" and "[a]lthough Plaintiff ha[d] moved for reconsideration … to

---

[4] Plaintiff has also filed two appeals in the Ninth Circuit, both of which have been dismissed for lack of jurisdiction. *See Gjovik v. Apple, Inc.*, No. 24-6058, Dkt. No. 7.1 (9th Cir. Oct. 25, 2024) (order dismissing Plaintiff's first appeal); *Gjovik v. Apple, Inc.*, No. 25-2028, Dkt. No. 32.1 (9th Cir. May 27, 2025) (order granting Apple's motion to dismiss Plaintiff's second appeal).

In conjunction with these appeals, Plaintiff has also filed numerous motions at the Ninth Circuit that have likewise been denied. *See*:

- *Gjovik v. Apple, Inc.*, No. 24-6058, Dkt. No. 10.1 (9th Cir. May 2, 2025) (order denying motion for reconsideration of order dismissing Plaintiff's first appeal);

- *Gjovik v. Apple, Inc.*, No. 25-2028, Dkt. No. 32.1 (9th Cir. May 27, 2025) (denying as moot Plaintiff's:

    - (i) March 28, 2025 motion to consolidate her first and second appeals [Dkt. No. 3.1];

    - (ii) March 28, 2025 motion to clarify briefing schedule [Dkt. No. 4];

    - (iii) May 7, 2025 motion for injunction seeking, *inter alia*, "an order staying all district court proceedings" [Dkt. No. 15];

    - (iv) May 12, 2025 motion for leave to file "Declaration in Support of Emergency Motion for Injunction" under seal [Dkt. No 20];

    - (v) May 14, 2025 "emergency motion to stay [May 14, 2025] district court order" [Dkt. No 22.1];

    - (vi) May 20, 2025 request for judicial notice "ask[ing] the Court to consider what is helpful and disregard what is not" [Dkt. No. 27.1]; and

    - (vii) May 23, 2025 "request for docket management" [Dkt. Nos. 30.1 and 31.1]).

Yet another motion for reconsideration – this time of the order dismissing her second appeal – remains pending before the Ninth Circuit.

1    date, she has not received any relief");

2    • Dkt. No. 160 (Feb. 5, 2025 order denying motion to stay briefing and hearing on motion

3    to dismiss pending resolution of motion to amend and motion to disqualify, explaining

4    that there is "no principled reason … to entertain [Plaintiff's] motion to amend first"

5    and there is "no need" for the motion to disqualify to be resolved before the motion to

6    dismiss);

7    • Dkt. No. 170 (Feb. 20, 2025 order terminating unilateral discovery letters because the

8    Court "does not entertain unilateral discovery letters");

9    • Dkt. No. 175 (Feb. 24, 2025 order denying motion to disqualify, noting that Plaintiff's

10    assertion that Apple's counsel has been part of purported online harassment is "sheer

11    speculation" and "entirely unfounded");

12    • Dkt. No. 179 (Feb. 27, 2025 order denying motion to amend to re-assert claims that

13    were voluntarily dismissed or dismissed with prejudice, and stating that "[n]othing in

14    [Plaintiff's] motion … alters the Court's initial views" against further amendment);

15    • Dkt. No. 181 (Mar. 11, 2025 order denying motion for leave to file a motion for

16    reconsideration of order terminating unilateral discovery letters because there is "no

17    basis to depart from the procedures set forth in the standing order");

18    • Dkt. No. 204 (Apr. 15, 2025 order denying motion for partial final judgment for "a

19    number of reasons," including that Plaintiff had "not cited any authority" suggesting

20    that claims about environmental safety are subject to "expedited" appellate review);

21    Plaintiff's current Motion—which needlessly rehashes matters that the Court has already

22    considered and ruled on—is no different. Likewise, her imbedded attempt to obtain a protective

23    order blocking Apple from appropriate discovery—her latest in a series of attempts to do so—

24    reflects the same pattern of groundless, obstructionist litigation tactics.

25    The Ninth Circuit has recognized "strong precedent establishing the inherent power of

26    federal courts to regulate the activities of abusive litigants by imposing carefully tailored

27    restrictions under the appropriate circumstances." *Overton v. Uber Techs., Inc.*, No. 18-CV-02166-

28    EMC, 2019 WL 4575381, at *4 (N.D. Cal. Sept. 20, 2019) (quoting *De Long v. Hennessey*, 912

F.2d 1144, 1147 (9th Cir. 1990)) (cautioning plaintiffs against filing frivolous motions and warning them that a pre-filing order is "[a] remed[y] available to the Court"). This case warrants such restrictions under the applicable standard. *See, e.g., Fletcher v. Baca*, No. CV 07-4180 JGB(JC), 2018 WL 6431873, at *5 (C.D. Cal. Mar. 21, 2018) (warning pro se plaintiff that "if he continues to make duplicative and frivolous submissions, the Court may declare plaintiff a 'vexatious litigant' and make such orders as are necessary to restrict plaintiff's further abuse of the judicial process [such as] precluding plaintiff from filing future actions or papers without leave of the Court"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citations and internal quotations marks omitted) (directing district courts to weigh four factors in evaluating the propriety of pre-filing orders; "First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.").

Plaintiff's frivolous and repetitious filings—including filings littered with AI-hallucinated authorities and arguments that "clearly lack merit"—have already consumed too much of the Court's and the parties' time to date. And the Court has repeatedly ***already*** warned Plaintiff that sanctions may be forthcoming due to her litigation conduct. *See, e.g.,* Dkt. No. 137 at 3 ("Ms. Gjovik risks being sanctioned if she continues to make late filings. … Ms. Gjovik is now on notice that there are consequences."); *id.* at 4 (noting that if Plaintiff failed to comply with court-ordered page limits, "she risks the imposition of a more severe sanction – including the severest sanction of dismissal"); May 19 Order at 11 ("forewarn[ing]" Plaintiffs that failure to verify accuracy of authorities she cites "may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se"). Accordingly, Apple respectfully requests that the Court give Plaintiff notice and an opportunity to be heard that it is considering requiring Plaintiff to seek leave before filing any further motions with the Court. Such a requirement would help prevent frivolous motions and ensure that only motions warranting consideration consume the Court's and Apple's time and resources.

1    **IV.    <u>CONCLUSION</u>**

2          For the foregoing reasons, Apple respectfully requests the Court deny Plaintiff's Motion,

3    and alternatively grant leave to amend if the Court were to grant any portion of the Motion. Apple

4    also requests the Court give Plaintiff notice and an opportunity to be heard that it is considering

5    entering a pre-filing order requiring Plaintiff to seek leave before filing any further motions.

6

7    Dated: June 30, 2025                         ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9                                        By:        */s/ Melinda S. Riechert*
                                                  MELINDA S. RIECHERT
10                                                 Attorney for Defendant
                                                   APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28