**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Notice of Pendency** |
| | Civil L.R. 3-13 |
| vs. | |
| | *In re: Apple, Inc.,* |
| | Case No. CAR000278176 |
| **Apple Inc.**, *a corporation*, | Notice of Enforcement Action |
| Defendant. | |
| | The U.S. Environmental Protection Agency |

## Notice of Administrative Pendency

*Apple, Inc.,* Case No. CAR000278176, U.S. EPA

Plaintiff, Ashley Gjovik, files this notice of administrative pendency regarding the subject matter of her active *Tamney*, and Cal. Labor Code §§ 1102.5, 6310, and 98.7 claims. (Dkt. No. 142).

On June 30 2025, at 4:12 PM ET, senior leadership in the U.S. EPA's Enforcement and Compliance Assurance Division shared [Exhibit A](Exhibit A) with the Plaintiff. Exhibit A is letter transmitted to Apple Inc on June 26 2025 regarding Apple's unlawful semiconductor fabrication activities at 3250 Scott Blvd in Santa Clara, California. ("Letter").

The U.S. EPA provided notice they plan to sue Apple over this facility (based on my June 2023 complaint to U.S. EPA, the resulting inspections in August 2023 and January 2024, and the hundreds of RCRA violations they identified at the single facility – see Dkt 86-1, "RCRA Inspection Report.").

> "The United States Environmental Protection Agency ("EPA") is preparing to issue a civil administrative complaint against Apple, Inc. ("Apple"), located at 3250 Scott Blvd in Santa Clara, California, 95054 ("Facility") pursuant to Section 3008(a) of the Resource Conservation and Recovery Act ("RCRA"), as amended, 42 U.S.C. § 6928(a). This action is for violations discovered during two for cause compliance evaluation inspections performed at the Facility on August 17-18, 2023, and January 16, 2024. … EPA anticipates filing a Complaint, Compliance Order and Notice of Right to Request a Hearing ("Complaint) against the Facility within the next thirty (30) calendar days."

(June 26 2025, Letter, pages 1-2).

The U.S. EPA also notified Apple they will be seeking penalties against Apple for each violation, with $93,058 fined per violation per day, starting January 8, 2025 (assumably when Apple was notified that they were in egregious violation of federal environmental laws).

> "Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), as adjusted by the "Civil Monetary Penalty Inflation Adjustment Rule" (90 Fed. Reg. 1375, 1378, January 8, 2025), authorizes a civil penalty of up to $93,058 per day per violation for violations occurring after November 2, 2015, and where, as here, penalties are assessed on or after January 8, 2025."

(Letter, page 2).

Plaintiff expects the pending administrative action to have the potential to create claim and preclusion issues in this litigation related to Plaintiff's complaints about retaliation due to her complaints related to this facility prior to her termination; and to require evidence and testimony from witnesses, including the Plaintiff, in this instant case.

Plaintiff also expects, based on Defendant's prior and ongoing conduct (e.g., Dkt. 224), that the Defendant may attempt to use the court's decisions and statements in this instant case, regarding the shared subject matter and credibility of the Plaintiff, in its defense during the pending administrative proceeding.

Plaintiff concurrently files a Notice of Civil Pendency regarding her sixty-day notice of an incoming federal environmental citizen suit, served to the Defendants and U.S. EPA yesterday. The pending administrative action would bolster the Plaintiff's citizen suit, but not preclude it, as the U.S. EPA and U.S. DOJ still have not initiated a civil or criminal action.

Plaintiff expects Apple to retain different counsel for both the Citizen Suit and the U.S. EPA Enforcement action because Orrick does not have an environmental practice, the counsel in the instant case are employment law attorneys, and further, the counsel in this case have recently informed the Plaintiff they no longer plan to speak with her directly going forward. (Dkt. 220-1, Plaintiff's Objections).[1]

Plaintiff also attaches the email from U.S. EPA on June 30 2025 with the letter

---

[1] Note: Plaintiff plans to file a formal response this week to Defendant's Opposition filed at Dkt. 224.

as [Exhibit B](Exhibit B).

Respectfully,

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
Boston, Massachusetts.

Dated: July 1 2025

# Exhibit A

## The U.S. EPA Notice to Show Cause

### Dated: June 26 2025



**REGION 9**

SAN FRANCISCO, CA  94105

June 26, 2025

<u>Via Email</u>
Receipt Confirmation Requested

Kevin Sung
EHS Engineer
Apple, Inc.
3250 Scott Blvd.
Santa Clara, CA  95054
kevin_Sung@apple.com

RE:   Notice of Potential Enforcement Pursuant to Section 3008(a) of the Resource Conservation and Recovery Act (RCRA), Apple, Inc. (EPA Identification Number: CAR 000 278 176)

Dear Kevin Sung:

This letter is to notify you that the United States Environmental Protection Agency ("EPA") is preparing to issue a civil administrative complaint against Apple, Inc. ("Apple"), located at 3250 Scott Blvd in Santa Clara, California, 95054 ("Facility") pursuant to Section 3008(a) of the Resource Conservation and Recovery Act ("RCRA"), as amended, 42 U.S.C. § 6928(a). This action is for violations discovered during two for cause compliance evaluation inspections performed at the Facility on August 17-18, 2023, and January 16, 2024.

The alleged violations against the Facility include:

1. Failure to make an accurate waste determination in violation of 22 C.C.R § 66262.11 [40 C.F.R. § 262.11];[1]

2. Failure to determine if waste must be treated to meet applicable treatment standards before it can be land disposed, and failure to provide written notification or certifications of such determinations in violation of 22 C.C.R. § 66268.7 [40 C.F.R. § 268.7];

---

[1] EPA is enforcing California hazardous waste management program requirements, in the California Code of Regulations (C.C.R.), Title 22, Division 4.5, as approved and authorized by the United States. Under Section 3006 of RCRA, 42 U.S.C. § 6926, violations of the State of California's authorized hazardous waste management program are federally enforceable. For ease of reference, corresponding federal citations are provided in brackets.

3. Operating without a permit in violation of 22 C.C.R. § 66270.1(c) [40 C.F.R. § 270.1(c)] by failing to meet the conditions for exemption from the permitting requirement at 22 C.C.R. § 66262.17(a)[2] [40 C.F.R. § 262.17(a)], which states that hazardous waste may not be stored on-site in the central accumulation areas for more than 90 days;

4. Failure to determine applicability of the air emission standards for tanks, and failure to control air emissions from the Solvent Waste Lift Station tank in violation of 22 C.C.R. §§ 66265.1084 and 66265.1085 [40 C.F.R. §§ 265.1084 and 265.1085];

5. Operating without a permit in violation of 22 C.C.R. § 66270.1(c) [40 C.F.R. § 270.1(c) by failing to meet the condition for exemption from the permitting requirement at 22 C.C.R. § 66262.17(a)(5)(A)[3] [40 C.F.R. § 262.17(a)(5)(i)], which requires that containers be labeled as to their contents and marked with the date clearly visible for inspection;

6. Failure to follow hazardous waste container standards for central accumulation areas by having an open container in violation of 22 C.C.R. § 66265.173(a) [40 C.F.R. § 265.173(a)];

7. Failure to perform and document daily inspections of a hazardous waste tank (Solvent Waste Tank and Solvent Waste Lift Station Tank), in violation of 22 C.C.R. § 66265.195 [40 C.F.R. § 265.195].

These alleged violations are described in greater detail in the EPA's joint Inspection Report which was sent to Apple on April 30, 2024.

Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), as adjusted by the "Civil Monetary Penalty Inflation Adjustment Rule" (90 Fed. Reg. 1375, 1378, January 8, 2025), authorizes a civil penalty of up to $93,058 per day per violation for violations occurring after November 2, 2015, and where, as here, penalties are assessed on or after January 8, 2025.

EPA anticipates filing a Complaint, Compliance Order and Notice of Right to Request a Hearing ("Complaint) against the Facility within the next thirty (30) calendar days unless the Facility advises EPA of substantial reasons not to proceed. EPA is extending to the Facility the opportunity to submit any information that EPA should consider before issuing the Complaint. Relevant information may include any evidence of reliance on compliance assistance, additional compliance tasks performed after the inspection, or financial factors bearing on the Facility's ability to pay a civil penalty. Even if you are unaware of any mitigating or exculpatory factors, we are extending to you the opportunity to commence settlement discussions concerning the above-described violations.

---

[2] Prior to July 1, 2024, the accumulation time for large quantity generators was codified at 22 C.C.R. § 66262.34(a). This requirement was moved to 22 C.C.R. § 66262.17(a) as part of California's adoption of the federal Generator Improvement Rule in 2024.

[3] These requirements were previously codified at 22 C.C.R. § 262.34(a)(2)-(3) and (f) and were moved to their present location effective July 1, 2024.

2

Any penalty discussed in settlement negotiations for violations of RCRA and its implementing regulations will be calculated pursuant to EPA's June 2003 "RCRA Civil Penalty Policy."[4] The penalty policies are subject to inflation adjustments under the applicable Civil Monetary Penalty Inflation Adjustment Rule, as well as potential changes in EPA guidance.

Please note that, pursuant to regulations located at 40 C.F.R. Part 2, Subpart B, you are entitled to assert a business confidentiality claim covering any part of any submitted information as defined in 40 C.F.R. § 2.201(c). Failure to assert such a claim makes the submitted information subject to public disclosure upon request and without further notice to you, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq.

Thank you for your prompt attention to this matter. If you are interested in commencing settlement negotiations or have any questions regarding this notice, please contact Christopher Rollins, EPA RCRA Inspector, at (415) 947-4166 or at rollins.christopher@epa.gov, or have your attorney contact Tessa Allen, Office of Regional Counsel, at (415) 972-3297 or at allen.tessa@epa.gov.

Sincerely,

Kaoru Morimoto, Assistant Director
Air, Waste & Chemicals Branch
Enforcement and Compliance Assurance Division

cc: Kristine Schaefer-Green; DTSC; kristine.schaefer-green@dtsc.ca.gov
April Ranney; DTSC; april.ranney@dtsc.ca.gov
Tara Frost; EPA Region 9; frost.tara@epa.gov

---

[4] http://www.2.epa.gov/enforcement/resource-conservation-and-recovery-act-rcra-civil-penalty-policy.

# Exhibit B

### Email from U.S. EPA

### Dated: June 30 2025

# RE: Severe Illness next to a Semiconductor Manufacturing Plant

| | |
|---|---|
| From | Morimoto, Kaoru <Morimoto.Kaoru@epa.gov> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| Date | Monday, June 30th, 2025 at 4:12 PM |

Good afternoon Ashley,

Thank you for the update.  Coincidentally, we just issued the facility the attached last week.

Best regards,

Kaoru


Kaoru Morimoto, Assistant Director

U.S. Environmental Protection Agency, Region 9

Enforcement and Compliance Assurance Division

Air, Waste & Chemicals Branch (ENF-2)

75 Hawthorne Street

San Francisco, CA  94105

(415) 972-3306

(415) 697-5665 (cell)

[morimoto.kaoru@epa.gov](morimoto.kaoru@epa.gov)

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, June 30, 2025 12:48 PM
**To:** Morimoto, Kaoru <Morimoto.Kaoru@epa.gov>
**Subject:** RE: Severe Illness next to a Semiconductor Manufacturing Plant

> **Caution:** This email originated from outside EPA, please exercise additional caution when deciding whether to open attachments or click on provided links.

Hello Mr. Morimoto,

Thank you for letting me know.

Today I served the Defendants (Apple, city of Santa Clara, the property owner) and agency (US EPA via the Administrator and Regional Administrator). Everyone has certified mail going out today except Apple who is also getting personal service because they've tried to dodge service prior, so they get both.

I'll file a follow up notice to US EPA once I have confirmation of certificated mail and personal service receipts, as the statutes seem to want you guys to get copies. Unless I get more instructions, I guess I'll send copies to both the Regional Admin and the HQ. This process seems fairly undefined.

Anyways, I hope DOJ takes this now, but if not, I'll take one for the team & file suit in sixty days.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, June 11th, 2025 at 12:16 PM, Morimoto, Kaoru <Morimoto.Kaoru@epa.gov> wrote:

> Good morning Ashley,
>
> Thank you for the update and the advance notice – I've shared that information with our team.