**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik,** *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.,** *a corporation,* <br><br> Defendant. | Case No. 3:23-CV-04597-EMC <br><br> **Civil Local Rule 7-11 Admin. Motion** <br><br> **Request for Case Schedule with Summary Judgement Briefing** |

# ADMINISTRATIVE MOTION
# FOR CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER

Plaintiff respectfully requests this Court schedule a case management conference at the July 31, 2025 hearing and/or to enter a scheduling order to facilitate efficient case resolution.

This case has been pending for nearly two years without a scheduling order. Defendants oppose all discovery limitations while seeking unlimited fishing expeditions based on factually deficient affirmative defenses they cannot articulate, and are refusing to produce requested documents, coordinate depositions, or respond to basic requests for information – most recently declaring they won't talk to the Plaintiff at all going forward and concurrently requesting discovery sanctions because she filed a new NLRB charge against them. (Dkt. 220-1).

This court has repeatedly ordered the parties to create a discovery plan and there is still no plan. In the most recent (and apparently final) meet & confer, Plaintiff raised the matter again saying "*We need like an actual written, stipulated discovery plan. There's … drafts of them. I attached some from Westlaw.*" (Dkt. 220-9 at 24:49-29:12).

Defense counsel responded saying the only discovery plans they create are their notes in the Joint Case Mgmt Conference statements, and in this case, where they previously noted they do not want any discovery plans. ("*We have done that already. That's what the joint case management conference statement said. That is the Northern District version of the discovery plan…. That's all it is, that's in the joint case management conference statement.*").

Plaintiff responded "*I still want to attach an actual…discovery plan.*" (28:29 - 28:32). Defense counsel said, "*I've never done it before in the Northern District.*" (28:36 - 28:46). Defense counsel has no desire to participate in discovery in good faith and has been attempting to sabotage the Plaintiff's attempts to create basic planning and communication documents.

However, during this Meet and Confer, Defense counsel did not object to a case schedule, saying "*we can now move forward to scheduling the trial date.*" (27:12 - 27:33). Plaintiff agrees.  Plaintiff has established her prima facie retaliation case with undisputed facts supported by NLRB and EPA findings. Defendants have failed to articulate any specific legitimate reason for termination after multiple opportunities to amend, failing their basic burden under *McDonnell Douglas*. (See concurrently filed Reply in Support of Motion to Strike).  Plaintiff requests the Court:

1. **Schedule case management conference** at the July 31, 2025 hearing and/or via written order.
2. **Order summary judgment briefing schedule** on liability within 60-90 days.
3. **Stay discovery** pending summary judgment resolution (Defendants seek discovery they admit has no focus while unable to state their defenses and concurrently request baseless sanctions).
4. **Set the schedule** for trial of remaining issues (damages/remedies) following summary judgment resolution of the liability portion of the case.

Discovery cannot cure Defendants' failure to articulate any termination reason. The case is ready for summary judgment on the prima facie case and absence of legitimate employer reason. Remaining trial issues would be limited to damages and remedies. This approach will efficiently resolve liability issues and focus the trial on appropriate remedies.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
Boston, Massachusetts.
Dated: July 2 2025