ASHLEY M. GJOVIK
2108 N. St. Ste 4553
Sacramento, CA 95816
(408) 883-4428
legal@ashleygjovik.com

*Pro Se* Plaintiff

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant
Apple Inc.

(Additional counsel on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Dept: Courtroom 5, 17th Floor |
| APPLE INC., | Judge: Honorable Edward M. Chen |
| Defendant. | Date: August 5, 2025 |
| | Time: 2:30 p.m. |

1  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
3  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
4  Facsimile:   +1 202 339 8500

5  Attorneys for Defendant
   Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Ashley Gjovik ("Plaintiff") and Defendant Apple Inc. ("Defendant" or "Apple," and collectively with Plaintiff, the "Parties") hereby jointly submit this Joint Case Management Statement in advance of the August 5, 2025 Case Management Conference.

## I. JURISDICTION AND SERVICE

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the Parties are diverse. Defendant has been served.

## II. FACTS

Plaintiff's Position: The Plaintiff was a long-time, high-performing, Sr. Engineering Program Manager at Apple. Before she was fired in 2021, she received very positive performance reviews and Apple considered her "irreplaceable." After she reported Apple's violations of hazardous waste and air quality laws to the federal government, state politicians, and the public she was then subjected to severe and escalating retaliation including quadrupling her workload, removing her successful projects, assigning her projects that were destined to fail, ordering her to not talk to her coworkers about work conditions, ordering her to not talk about workplace safety, harassing her friends, and opening farcical investigations into her concerns that were only used to extract her medical records, intimidate her coworkers, and harass and threaten the Plaintiff.

When Plaintiff filed formal complaints about retaliation and demanded Apple investigate, Apple claimed it would but admittedly never did and now claims there's no records. Then Defendant suspended the Plaintiff and told her coworkers she was never coming back. Plaintiff asked to come back and Apple said no. Plaintiff then filed multiple retaliation complaints to the state and federal government, and took her concerns to the press and social media. Defendant then fired Plaintiff while refusing to tell her why, but did mail her possessions back to her covered in broken glass shards and spite. Since then, Apple's attempted to defend their actions by making false statements and filing fabricated documents to the government, engaging in an extensive smear and harassment campaigns, interfering with Plaintiffs attempts to obtain work, and repeatedly engaging in criminal conduct including hacking, burglary, threats, extortion, and misuse of intimate images.

Defendant's Position: Plaintiff worked for Defendant from February 2015 until Defendant terminated her employment in September 2021 because she disclosed confidential product-related

1  information and then refused to meaningfully participate in the internal investigation regarding that
2  disclosure. In July 2018, Plaintiff voluntarily agreed to participate in a confidential user study of
3  an internal and proprietary application (the "Application") and agreed to maintain strict
4  confidentiality. On August 28, 2021, Plaintiff publicly disclosed on Twitter (now known as X)
5  details about a proprietary study Defendant was conducting about a confidential Apple product that
6  Plaintiff had agreed to keep confidential. On August 30, 2021, Plaintiff tweeted photographs and a
7  video of herself created by the Application, thus disclosing Apple confidential information, and
8  linked to a story published in a technology blog, in which she disclosed her participation in the
9  Application study. Upon learning of her unauthorized disclosures, Defendant began an
10  investigation. On September 9, 2021, an Apple investigator requested to speak with Plaintiff.
11  Plaintiff refused to be interviewed. Defendant completed its investigation, concluded that Plaintiff
12  had disclosed Apple confidential information, and terminated her employment. Apple had likewise
13  terminated the employment of other employees who disclosed Apple confidential information.
14  Defendant denies any wrongdoing.

**III.    LEGAL ISSUES**

Plaintiff's Position: Legal and mixed issues include causation, nexus, malice, animus, intent, pretext, protected activities, foreseeability, and offensiveness. When Plaintiff filed this case there were seemingly novel privacy issues which were later codified in state and federal statutes protecting the Plaintiff and condemning Apple's conduct. The pending Cal. AB-1331 "workplace surveillance" bill creates a new action under Cal. Lab. Code 98.7 (already in this case) and expressly protects Plaintiff from Defendant's "defense." Notably, this bill does not consider "prior consent" as a factor related to retaliation for current complaints, and it protects reports to the press and public.

Defendant's Position: Legal issues include: whether Plaintiff engaged in protected activity under Cal. Labor Code §§ 98.6, 1102.5, and/or 6310 and/or *Tameny*, and, if so, whether the protected activity was a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment; whether Plaintiff is entitled to any relief and if so, the type and/or amount; and whether Plaintiff has adequately mitigated any damages she claims to have incurred.

- 2 -    JOINT CASE MANAGEMENT STATEMENT
CASE NO. 23-CV-4597-EMC

1  IV.   **MOTIONS**

2  <u>Plaintiff's Position</u>: Plaintiff intends to file a motion for summary judgment under Rule 56
3  for resolution of certain legal issues prior to trial.

4  <u>Defendant's Position</u>: Defendant intends to file a motion for summary judgment under Rule
5  56 for resolution of this case.

6  V.   **AMENDMENT OF PLEADINGS**

7  <u>Plaintiff's Position</u>: Plaintiff would like to amend her complaint as reflected in her Motion
8  to Amend at Dkt. 155, and/or be allowed to replead these other charges as a bifurcated second
9  action, and/or granted certification for interlocutory appeal on these matters.

10  <u>Defendant's Position</u>: No further amendments should be allowed.

11  VI.   **EVIDENCE PRESERVATION**

12  <u>Plaintiff's Position</u>: In the prior Joint Case Mgmt. Statement, Plaintiff noted she "has
13  concerns regarding Defendant's document retention practices and may need to seek a preservation
14  order." Since then, Defendant has refused an ESI agreement, refused to meet/confer about ESI
15  preservation, implied or admitted they failed to preserve documents, and has claimed ignorance of
16  many key documents clearly within their control. The parties have an open meet/confer email
17  thread with Plaintiff preparing to raise spoliation concerns to Judge Westmore.

18  <u>Defendant's Position</u>: The Parties have reviewed the Guidelines Relating to the Discovery
19  of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil
20  Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant
21  to the issues reasonably evident in this action.

22  VII.   **DISCLOSURES**

23  <u>Plaintiff's Position</u>: On July 9 2024, Plaintiff provided detailed Initial Disclosures to
24  Defendant and then supplemented with an Amended version on Sept. 16 2025. Plaintiff's most
25  recent Disclosures contain ~13,427 words. Defendant's most recent Disclosures were served Sept.
26  16 2024, are grossly insufficient, and consist of only ~2,400 words and omit key information.

27  <u>Defendant's Position</u>: The Parties have fully and timely complied with the initial disclosure
28  requirements of Fed. R. Civ. P. 26. Defendant has fully and timely complied with the initial

1  disclosure requirements of General Order 71 ("GO 71"). Plaintiff has not fully complied with GO
2  71's requirements (specifically, she has not provided any documents under (h), nor has she
3  confirmed that she has provided all documents under (a)-(e) and (j)).

4  **VIII. DISCOVERY**

5  - **Discovery taken to date:**

6  Plaintiff's Position: Plaintiff filed Requests for Production on May 15 and Oct. 30 2024,
7  and April 25 2025. Defendant objected to and refused to produce roughly 95% of requested
8  documents claiming Plaintiff's prima facie case is unrelated to the litigation, that most records are
9  confidential and/or privileged, claim they are too burdened, or claim material documents don't exist
10 and/or were not preserved. Plaintiff served Interrogatories and RFAs on July 3 and 17 2025, and is
11 awaiting a response. Defendant filed one request for production (3/26/2025) and Plaintiff responded
12 on 4/25/2025 with rolling production including thousands of documents. As of today, Defendant
13 has not filed any objections to Plaintiff's production. On March 26 and April 17 2025, Defendant
14 served Interrogatories. Plaintiff responded on April 25 2025, May 2 2025, and May 29 2025,
15 requesting clarification and meet/confer from Defendant. Instead of meeting/conferring, Defendant
16 refused to discuss the matter at all until abruptly threatening to escalate to Judge Westmore.

17 Defendant's Position: On December 3, 2024, Defendant served requests for production and
18 interrogatories; Plaintiff did not respond. On March 26, 2025, Defendant re-served those requests,
19 and Plaintiff served objections and responses on April 25, 2025. Meet and confer regarding those
20 requests remains ongoing. On April 17, 2025, Apple served additional interrogatories, and Plaintiff
21 served objections and responses on May 29, 2025 (ten days late).

22 - **Scope of anticipated discovery:**

23 Plaintiff's Position: Defendant is refusing to produce material documents in this litigation
24 (i.e., related to Plaintiff's protected activity that Plaintiff does not already have), while concurrently
25 flooding opposing counsel with voluminous irrelevant materials (such as a dozen copies of
26 individual screenshots from emails sent by Plaintiff herself) in an apparent attempt to obscure the
27 absence of responsive documents and create the appearance of compliance. Plaintiff has repeatedly
28 requested assistance from Judge Westmore but on July 2 2025 Judge Westmore stated she would

1  not help with discovery planning or disputes about the scope of discovery, and instead that would
2  require a paid special master.
3  Defendant's Position: Defendant has produced over 2,000 pages of documents pursuant to
4  GO 71 and Plaintiff's requests for production. It anticipates propounding and responding to
5  additional discovery targeted to the claims and defenses in this case, and will seek the assistance of
6  Magistrate Judge Westmore as needed.

- **Proposed limitations or modifications of the discovery rules:**

Plaintiff's Position: Defendant refused to discuss a discovery plan or create any discovery-related agreements, outright refused a ESI agreement, and most recently asked Judge Westmore to excuse it from having to meet/confer with the Plaintiff regarding discovery issues beyond escalatory emails. Further, while Plaintiff filed letters (Dkt. 162-165) to Judge Westmore requesting court assistance in discovery planning as suggested by Judge Chen prior, Judge Westmore then refused and denied Plaintiff's request as "unilateral." Apple then proceeded to file its own "unilateral" request for permission to not have to meet/confer with Plaintiff other than escalatory emails where they threaten to report Plaintiff to the court. The request was granted. (Dkt. 230-233).

Defendant's Position: Defendant contends there should be no modifications of the discovery rules.

- **A brief report on whether the parties have considered entering into a stipulated e-discovery order:**

Plaintiff's Position: Plaintiff repeatedly requested this, but Defendant refused until Plaintiff prepared to formally escalate to Judge Westmore. Defendant still has not engaged in meet/confer.

Defendant's Position: The Parties are currently negotiating an ESI order.

- **Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):**
    - **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

Plaintiff's Position: Defended should be ordered to participate in 26(f) planning and to work with Plaintiff to create a discovery plan, including an e-discovery order.

Defendant's Position: On September 16, 2024, the Parties fully and timely complied with

the initial disclosure requirements of Fed. R. Civ. P. 26. Defendant made its initial GO 71 disclosures on December 18, 2023 and has since supplemented them. Plaintiff has not fully complied with GO 71's initial disclosure requirements.

- **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Plaintiff's Position: Defendant refuses to engage in discovery planning or to discuss the scope of discovery or the issues. Per Defendant's request to Judge Westmore noted above, Plaintiff can no longer ask Defendant to discuss these matters in real time, and instead, now, all communications are formatted by Defendant as escalations and potential requests for sanctions.

Defendant's Position: Discovery may be needed on the claims and defenses asserted in the pleadings. Non-expert fact discovery should be completed by March 12, 2026. Discovery should not be conducted in phases or be otherwise limited to particular issues.

- **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

Plaintiff's Position: Apple has repeatedly refused any ESI order and only when Plaintiff threatened to escalate to Judge Westmore did Apple then say it would consider an ESI order, however to date, Defendant has only asked to tell Judge Chen the Parties are discussing an ESI order, but has refused to actually discuss the ESI order.

Defendant's Position: The Parties are currently negotiating an ESI order.

- **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

Plaintiff's Position: Defendant continues to abuse privilege and confidentiality claims, claiming privilege on material documents in this case back to more than 6mo prior to terminating Plaintiff, despite claiming it decided to terminate Plaintiff no more than 2wk prior to the firing.

Defendant's Position: Defendant proposes that the Court enter a Rule 502(d) Order to govern this case.

- **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

Plaintiff's Position: Defendant has unilaterally attempted to limit discovery to the extent they do not have to produce anything even remotely incriminating, while currently requesting deeply personal and sensitive information about Plaintiff's life going back an entire decade.

Defendant's Position: Discovery should proceed as outlined above.
  - **(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

n/a

- **Identified discovery disputes:**

Plaintiff's Position: All of the disputes mentioned in prior Joint Case Mgmt. Statements are still open. Defendant continues to refuse to engage in basic planning, meet/confer, will not produce key documents, will not discuss the scope of discovery or the details of its defenses and instead incessantly accuses Plaintiff of misconduct, almost entirely based on issues it intentionally manufactured and/or issues without any actual factual basis.

Defendant's Position: Plaintiff has not fully complied with GO 71's initial disclosure requirements. The Parties continue to meet and confer regarding Plaintiff's objections and responses to Defendant's discovery requests.

## IX.    RELATED CASES

Plaintiff's Position: Plaintiff has filed Notices of Pendency for related cases as they progress (See Dkt. No. 100, 111, 151, 203, 225-226, 237-238). Plaintiff has succeeded on multiple NLRB charges, with U.S. government investigating for years and finding substantial evidence that Apple illegally threatened, coerced, suspended, and fired the Plaintiff (32-CA-282142, Dkt. 111, 151); that Apple's national employment policies including confidentiality and surveillance policies, violate federal labor laws (32-CA-284428, Dkt. No. 151, 203); and that a week after firing the Plaintiff and fabricating the paper trail about that termination with Joanna Appleseed, CEO Tim Cook sent an email to all staff illegally threatening them to stop speaking about work conditions otherwise he will track them down and terminate their employment. (32-CA-284441, Dkt. No. 151).

In April 2025, Apple entered a binding national consent agreement with U.S. NLRB the Plaintiff agreeing to correct multiple national work rules and policies that NLRB and Plaintiff had alleged included terms that expressly violate federal labor law. (Dkt. 203). This included all policies

1  that Apple cited as its basis for terminating the Plaintiff's employment.

2  U.S. EPA and BAAQMD are taking formal enforcement action against Apple over Apple's hazardous waste treatment and disposal violations at 3250 Scott Blvd, the primary subject of much of Plaintiff's protected activity. (Dkt. 151, 225). Plaintiff has also provided sixty-notice of a U.S. EPA Citizen Suit under RCRA, CAA, CWA, TSCA, EPCRA and a public nuisance claim requesting injunctive relief to shut the plant down. (Dkt.226).

Plaintiff recently filed for Chapter 7 bankruptcy in the District of Massachusetts. (Dkt. 237-238). Plaintiff has appeals pending with Ninth Circuit and U.S. Dept. of Labor ARB that are previously disclosed in prior statements. Plaintiff also has a new NLRB charge filed against Apple in May 2025 that is under investigation and asks to re-activate two other prior NLRB charges.

Defendant has filed no Notices of Pendency and instead repeatedly references a discretionary U.S. Dept. of Labor OSHA adjudication that did not provide Admin. Pro. Act procedures, and where Apple transmitted false documents, illegal emailed photos of Plaintiff's naked body, and Apple's only witness was Joanna Appleseed (an Apple Legal employee) who filed declarations to this court smearing Plaintiff and for who Defendant claimed they never spoke with.

<u>Defendant's Position</u>: On August 26, 2021, Plaintiff filed a charge against Defendant before the National Labor Relations Board alleging Defendant retaliated against her because she engaged in protected concerted activity. Plaintiff filed a second charge on September 16, 2021 alleging similar allegations. On December 18, 2024, the NLRB issued a complaint pertaining to those charges. No hearing has occurred with regard to those charges, and there have been no findings of fact or legal conclusions relating to those charges.

Plaintiff has also filed three NLRB charges relating to this litigation. Plaintiff withdrew the first two charges. The third was filed on May 13, 2025. *See* Dkt. No. 211 at 33-36. It remains pending.

On August 29, 2021 and November 2, 2021, Plaintiff filed whistleblower retaliation complaints with the U.S. Department of Labor (DOL) alleging that her suspension and termination amounted to retaliation in violation of the Sarbanes-Oxley Act (SOX), the Occupational Safety and Health Act (OSHA 11(c)), and the Comprehensive Environmental Response, Compensation and

1  Liability Act (CERCLA). With respect to her SOX claim, this Court dismissed it with prejudice on
2  May 20, 2024. With respect to her CERCLA and OSHA 11(c) claims, DOL found no reasonable
3  cause on December 8, 2023. On April 29, 2024, the Secretary of Labor concluded on administrative
4  review that there was insufficient evidence to establish any violation of OSHA 11(c); this is a final
5  DOL decision. On January 7, 2024, Plaintiff requested a hearing before the Office of
6  Administrative Law Judges regarding her CERCLA claim; the ALJ dismissed that matter for failure
7  to state a claim on August 7, 2024. On August 21, 2024, Plaintiff filed a petition for review with
8  the Administrative Review Board; the petition remains pending.

On July 21, 2025, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Massachusetts.

## X.   RELIEF

Plaintiff's Position: Plaintiff requests damages (compensatory, expectancy, consequential, punitive, nominal, restitution, tax offsets, interest, pro se attorney's fees, and legal costs), as well as injunctive and declaratory relief. Plaintiff notes Defendant's initial settlement offer in July of 2021, before suspending and firing her exceeded $500,000.

Defendant's Position: Defendant denies that Plaintiff is entitled to any recovery in this case, and denies making the "initial settlement offer" Plaintiff alleges.

## XI.  SETTLEMENT AND ADR

Plaintiff's Position: The prior Settlement Conference in 2024 was abused by Defendant, who had no intent to settle, but did make false allegations against Plaintiff and acted offended about the Conference they themselves asked for. Judge Tse noted that any future settlement conferences should include evidence. Plaintiff repeatedly requested ENE for this very reason. Considering Plaintiff's pending Chapter 7 bankruptcy and Defendant's ongoing refusal to meet/confer in good faith, Plaintiff requests a second settlement conference, but this time, specifically ENE. Plaintiff feels strongly that Defendant needs a "reality check" about the actual evidence.

Defendant's Position: On January 13, 2025, the Parties participated in a settlement conference before Magistrate Judge Alex G. Tse. The case did not settle.

## XII. OTHER REFERENCES - N/A

XIII. **NARROWING OF ISSUES**

Plaintiff's Position: Defendant is engaging in "attrition litigation." Defendant wants to delay for multiple years, refusing to narrow issues, and avoid having to face actual evidence. ENE would be extremely helpful now, concurrent with ongoing discovery, for a "reality check" for Apple.

Defendant's Position: Defendant intends to file a motion for summary judgment. Defendant believes it is premature to expedite the presentation of evidence at trial or to request to bifurcate issues, claims, or defenses.

XIV. **SCHEDULING**

Plaintiff's Position: Plaintiff would like a trial date set, the timing of which can be at the discretion of the court. Otherwise, because Defendant refuses basic 26(f) discovery planning and won't create a discovery plan (despite direct orders from the court to create one), it's impossible to create an accurate schedule without knowing what activities will occur, what the dependencies are, or what the scope of the project is. Plaintiff asks for the court's assistance to move this case along.

Defendant's Position: Defendant proposes the following schedule: October 5, 2026: trial; September 8, 2026: pretrial conference; August 6, 2026: expert discovery closes;  July 30, 2026: rebuttal expert disclosure;  July 9, 2026: initial expert disclosure;  June 4, 2026: last day to hear dispositive motions;  April 30, 2026: last day to file dispositive motions;  March 12, 2026: non-expert discovery closed.

XV. **TRIAL**

Plaintiff's Position: Plaintiff requests a Jury trial but cannot estimate the length of the Jury trial until Defendant discloses the details of its planned defenses. Plaintiff agrees five days for trial is sufficient for the prima facie matter, but the details of Apple's defenses are unclear and thus its unknown what is required to disprove those defenses.

Defendant's Position: Defendant anticipates the Parties would need five days for trial.

XVI. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff's Position: n/a.

Defendant's Position: Defendant filed the required certification. *See* Dkt. No. 11.

## XVII. PROFESSIONAL CONDUCT

<u>Defendant's Position</u>: Defendant's attorneys reviewed the Professional Conduct Guidelines.

## XVIII. OTHER MATTERS – N/A

Dated: July 29, 2025     By:     */s/ Ashley M. Gjovik*
ASHLEY M. GJOVIK
Plaintiff

Dated: July 29, 2025     By:     */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorneys for Defendant Apple Inc.

## CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

Per L.R. 5-1(i)(3), I attest the other signatory has concurred in the filing of this document.

Dated: July 29, 2025     */s/ Melinda S. Riechert*
Melinda S. Riechert