JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant Apple Inc.

*[Additional counsel on following page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S LETTER BRIEF REGARDING PRODUCTION OF THE AUGUST 2017 "GOBBLER" INFORMED CONSENT FORM (RFP SET 1 NO. 15) OR ALTERNATIVELY, PLAINTIFF'S MOTION FOR A BRIEFING ON SANCTIONS DUE TO DEFENDANT'S SPOLIATION OF EVIDENCE**<br><br>Magistrate Judge: Kandis A. Westmore |

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Attorneys for Defendant Apple Inc.

## I. INTRODUCTION

There is no discovery dispute. Plaintiff requested in discovery all documents she "signed, accepted, or otherwise responded to related to the 'Gobbler'/'Glimmer'[1] app between Jan. 1 2016 and Sept. 10 2021," including any "Informed Consent Forms and/or NDAs." Req. for Prod. No 15. Apple has already produced the 2018 Informed Consent Form ("ICF") that Plaintiff signed in connection with her use of the Gobbler/Glimmer app. Plaintiff has at various times and in various forums contended that she also reviewed and/or signed various other ICF forms in 2017 related to studies that used Gobbler/Glimmer; she has requested that Apple look for them and produce them. During meet and confer discussions Apple has repeatedly and consistently agreed to conduct a reasonable and diligent search for those documents and produce them if and when they are located. Indeed, Apple told Plaintiff as recently as August 11, 2025 – the day before she filed her letter brief – that its search is ongoing, including to locate forms referenced in documents Plaintiff had produced that same day. Plaintiff nonetheless rushed to court to manufacture the appearance of an issue that does not require judicial assistance and make unfounded spoliation accusations. No Court order or other relief is appropriate or necessary.

## II. FACTUAL BACKGROUND[2]

### A. Plaintiff Publicly Disclosed Confidential Information Related to Internal Apple Product Studies and Was Terminated as a Result.

A central issue in this case is Plaintiff's public disclosure of confidential Apple product information, which led to her termination. During her employment, Plaintiff voluntarily participated in certain internal studies Apple conducted to improve the performance of its products, which afforded Plaintiff access to confidential information about Apple's research and development of new or improved product offerings. Employees like Plaintiff are prohibited by law from disclosing confidential product information of their employer. And in any event, Plaintiff does not dispute that she signed an Intellectual Property Agreement ("IPA") when she was hired in 2015,

---

[1] Gobbler and Glimmer are the same application (whose name changed over time).

[2] Plaintiff's recitation of facts conflates multiple proceedings with this matter, including NLRB proceedings relating to other issues. Apple's response focuses on this proceeding.

in which she agreed not to publicly disclose confidential Apple product and research and development information. Yet Plaintiff did just that in 2021 when she disclosed such information to a blog writer and through her own Twitter account, including about internal studies utilizing Gobbler/Glimmer. *See* Fifth Am. Compl., Dkt. No. 142 ("FAC") at ¶¶ 159, 173. Apple terminated Plaintiff for these breaches and for violating Apple policies regarding confidential product information, as well as for her failure to cooperate in during Apple's internal investigation process.

### B. Plaintiff Claims She Was Allowed to Disclose Confidential Product Information Because the Studies Allegedly Violated Her Privacy, But She Voluntarily Chose to Participate in Them.

Plaintiff does not deny providing confidential product information to a blog writer or making the Twitter posts. But she nonetheless appears to contend she had a right to do so because Apple supposedly "forced" her to use the Gobbler/Glimmer application, which she alleges amounted to an invasion of privacy through "Apple's secret capture, storage, and processing of photos, videos, and biometrics." FAC ¶¶ 159, 173, 185, 214-219. Apple, in turn, contends that Plaintiff voluntarily consented to use this app knowing that it would capture this type of data (subject to her right to review and delete images, recordings, and other data she did not want to share with Apple). *See, e.g.*, Am. Answer to FAC, Dkt. No. 218 at ¶ 218.

Plaintiff does not dispute that she signed an ICF in 2018 related to Gobbler/Glimmer. Letter. Br., Dkt. No. 240 at ¶ 7. And, as Plaintiff admits, ***Apple already produced that ICF*** in this litigation, on January 6, 2025. *Id.* at ¶ 8. The 2018 ICF informed Plaintiff that her device would collect images, and that the Gobbler/Glimmer app would enable her to review the captured images "to ensure that the images that you would not like to share are removed." *See* APL-GAELG_00002096 at 2. The 2018 ICF also underscored that "Study Data" would include "Photo/Video/Audio," and "that any information about the Study, including any Study details or the fact of your participation, are considered Apple Confidential Information, and are covered by the obligations under your agreements with Apple." *Id.* at 4, 6.

### C. Plaintiff Short-Circuited the Parties' Meet and Confer Regarding Additional ICFs She Allegedly Reviewed and/or Signed.

As noted above, Plaintiff signed an ICF in 2018 regarding her use of Gobbler/Glimmer as

a part of Apple internal product development. Nevertheless, Plaintiff is seeking discovery of any and all *additional* documents she received or signed in 2017 related to the Gobbler/Glimmer app that she claims she did not retain. She recently directed Apple to specific documents to help guide and facilitate Apple's search for specific items.

On March 25, 2025, the parties had a meet and confer call regarding multiple discovery issues. During that call Plaintiff asked Apple to search for and produce a second, additional ICF that she contended she had also been provided at some point in 2017 in connection with her use of Gobbler/Glimmer. Apple agreed to conduct additional searches and that if it could locate any such form, it would produce it. Apple updated Plaintiff about these ongoing efforts repeatedly, including writing on July 17, 2025 (as part of yet another meet and confer exchange) that it had "already produced a User Study Informed Consent form specific to Gobbler" but that "[i]n light of your recent statements indicating that you believe you may have signed additional, earlier consent forms related to this same study or program, we are conducting additional searches and will produce any additional versions that we locate."

On August 4, 2025, Plaintiff claimed Apple was "refus[ing]" to produce an ICF from 2017. Apple's counsel corrected this misrepresentation in an email on August 7, 2025, reminding Plaintiff that Apple was "conducting additional searches and will produce any additional versions that we locate." On August 10, 2025, Plaintiff demanded production of the 2017 ICF by midnight the next day and emailed Apple a handful of documents (none of which she had produced to date) including internal Apple emails (which she has apparently retained post-termination) inviting her to participate in a brief on-site August 2017 study that would involve Gobbler/Glimmer. The next day, Apple told Plaintiff again: "With respect to the Gobbler ICF, we are working to collect, review, and (as appropriate) produce additional documents related to other ICFs, but will not be able to complete that process by your unilateral deadline of today." Plaintiff filed her letter brief the following morning.

**D.** **Apple Has Looked for and Is Continuing to Look for 2017 ICFs Related to Plaintiff's Use of Gobbler/Glimmer.**

Apple has engaged in significant efforts to locate any 2017 ICFs – both before and after

1  Plaintiff provided more specific details about the document she seeks (which she did just one week
2  ago). Apple has used multiple different processes and applications for storing ICFs for many
3  different studies during the relevant period. And Apple has made diligent efforts to search where
4  legacy ICFs and/or acknowledgments related to ICFs from various product teams, studies and
5  years are likely to be stored, and is continuing efforts.

6  Among other complications Apple has had to contend with, Plaintiff went by different
7  names with different email addresses during her employment at Apple, which complicates locating
8  potential responsive records across multiple repositories and legacy systems. Although she
9  previously suggested to this Court that she did not know who Ashley Henderson is (*see* Dkt. No.
10 52 at ¶ 16 (asking "Who is Ashley Henderson?" in opposing request for judicial notice of her own
11 offer letter)), Plaintiff also went by the name "Ashley Henderson" during part of her employment
12 at Apple and used a different email work address back in 2017. On August 10, 2025 – just two
13 days before filing her letter brief – Plaintiff directed Apple to specific emails indicating that she
14 had been invited to register for a 20-minute on-campus event in August 2017 where research
15 involving the Gobbler/Glimmer app would be conducted.[3] Those emails indicate she was asked
16 to electronically acknowledge an ICF before registering for the event using her then-operative
17 email. These additional details helped to further focus and facilitate Apple's search efforts.[4]

18 Apple has since located an additional ICF from 2017 that it was able to confirm Plaintiff
19 electronically acknowledged on August 8, 2017 and produced that document to Plaintiff on August
20 15, 2025, promptly after it was located. *See* APL-GAELG_00002861. Apple is still working to
21 determine whether any other ICFs from 2017 (or any other year) might exist. To the extent that
22 Apple identifies additional responsive ICFs, it will produce them.

---

[3] Since this was a 20-minute on-campus event, it is, of course, unlikely to be the source of the images Plaintiff posted on X (then Twitter) in August 2021.

[4] Plaintiff also appears to have included snippets from these emails in her Second Amended Complaint in this matter (*see* Dkt. No. 32 at pp. 54-57)—a pleading the Court struck *sua sponte* as so "difficult to follow" that "one cannot see the forest through the trees" (Dkt. No. 46 at 3)—and embedded in or attached to other filings before this and other tribunals over the past four-plus years. She presumably will claim that means Apple "knew" all along what specific document she had in mind. Not so – as evidenced by the fact that when Plaintiff pointed Apple directly to the documents she contended would assist in locating the 2017 ICF (or at least one such ICF) this past week, the company was able to target its search and collection efforts.

### III. PLAINTIFF'S LETTER BRIEF IS PREMATURE AND UNNECESSARY.

Apple never refused to produce any documents referenced in Plaintiff's letter brief. Instead, Apple consistently and repeatedly told Plaintiff that it will produce ICFs responsive to Request No. 15 and that its review is ongoing. Plaintiff nonetheless rushed to Court with unfounded accusations of stonewalling and spoliation. Apple produced additional responsive documents on August 15, 2025 and will continue its rolling production in good faith. There is neither need nor basis for the Court to take any action to compel Apple to do what it is already doing.

### IV. PLAINTIFF'S REQUEST FOR SANCTIONS IS FRIVOLOUS.

Federal Rule of Civil Procedure 37(e) sets forth three criteria to determine whether spoliation of ESI has occurred. Plaintiff's letter brief makes no attempt to establish these criteria—instead inferring spoliation by citing irrelevant cases based on different facts and an unfounded accusation that Apple is refusing to produce key documents. Her arguments are meritless.

First and foremost, no spoliation occurred. In fact, on August 15, 2025, Apple produced a 2017 ICF and Plaintiff's electronic acknowledgement of that form; Apple just needed more time to complete its search than the deadline Plaintiff unilaterally set. Second, notwithstanding that Apple has produced the document she asked for, it is continuing to review additional documents from 2017 and other years to see if any additional ICFs exist that might be responsive. This review requires time and effort to complete and is ongoing; to the extent additional documents are located, Apple has agreed to produce them. Third, the 2017 ICF is not (as Plaintiff claims) somehow necessary or central to Apple's defense. Plaintiff's unauthorized disclosure of confidential product information was wrongful independent of any contract, and the 2018 ICF eliminates any question that she consented to participate and was on notice that study-related information involving Glimmer/Gobbler was confidential. Plaintiff's protests to the contrary are baseless. Apple respectfully requests the Court deny Plaintiff any of the relief sought in her letter brief.

Dated: August 18, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                          By: _____/s/ Melinda S. Riechert_____
                                                  MELINDA S. RIECHERT
                                              Attorney for Defendant APPLE INC.