1  **Ashley M. Gjovik, JD**
2  *In Propria Persona*
   2108 N St. Ste. 4553
3  Sacramento, CA, 95816
   (408) 883-4428
4  legal@ashleygjovik.com

5

6

7  # UNITED STATES DISTRICT COURT

8  ## NORTHERN DISTRICT OF CALIFORNIA

9

10

11                                        Case No. 3:23-CV-04597-EMC
12                                        (RICO, Whistleblower Retaliation, Civil Rights
                                          Violations, § 17200, Toxic Torts)
13

14 **ASHLEY M. GJOVIK,**                  **Judge Edward M. Chen**
                                          **Discovery: Judge Kandis A. Westmore**
15 *an individual*,

16              Plaintiff,                 **PLAINTIFF'S MOTION TO COMPEL
                                          P.'S REQ FOR PRODUCTION**
17         v.                             **SET 1 NO. 15 (the "Gobbler ICF").
                                          (Dkt. 240).**
18
19 **APPLE INC,**

20 *a corporation*,                       **PLAINTIFF'S SUBSEQUENT
                                          REQUEST FOR LEAVE TO FILE
21              Defendant.                 OBJECTIONS AND A MOTION FOR
                                          SANCTIONS AGAINST THE
22                                        DEFENDANT.**

23

24

25

26

27

28

# I.    REQUEST FOR LEAVE TO FILE A MOTION FOR SANCTIONS AND OBJECTIONS AGAINST DEFENDANT (DKT. 240-241)

1.    Per Apple's own request at Dkt. 219, Judge Westmore's custom instructions for discovery disputes in this case at Dkt. 230, states that the parties do not need to meet and confer over phone/video, do not need to write joint dispute letters, and disallows replies to the other side's opposition. During the Conference on July 2 2025, Plaintiff expressed concerns that this would be problematic and may violate her Due Process rights, as well as delay and burden resolution of the many ongoing discovery disputes with Defendant.

2.    Defendant has immediately looked to exploit the loopholes it created for itself. Defendant's Opposition at Dkt. 241 includes false and misleading statements, and alleges certain new actions were taken and new information was provided to Plaintiff subsequent to the Plaintiff's discovery letter at Dkt. 240 – documents and information Defendant could have provided to Plaintiff prior to forcing Plaintiff to resort to filing the letter.

3.    Despite this new evidence, the court's current procedure for discovery dispute at Dkt. 230, as requested unilaterally by the Defendant, does not allow the Plaintiff an opportunity to confirm, deny, or object to the Defendant's statements or the documents it says it produced in its Opposition. Due Process demands a party be allowed to be heard when there are changed circumstances.

4.    Further, the documents Defendant suddenly provided reveal that the underlying conduct and subsequent cover-up of that conduct, which is a material part of this lawsuit and also a subject in complaints with government agencies, appears to be evidence that Defendant may have violated criminal law,  and certainly violated civil statutes and common law. By the nature of what was concealed, there is also inherent motive for Defendant to conceal the facts of what occurred.

5.    These documents also appear to evidence that Defendant made multiple knowing false statements in its prior Motions to Dismiss and Oppositions in this court, where it tried and did get

multiple of Plaintiff's claims dismissed that would have been substantiated by evidence Defendant had in its possession. This includes Plaintiff's request for injunctive relief ordering Defendant to delete nonconsensual sexual images of the Plaintiff. Evidence in the documents Defendant has now finally produced, does strongly imply that Defendant does have these types of images and has known it has since 2017.

6.     Defendant's abrupt production of evidence in response to Plaintiff's request for sanctions, also included long-withheld production of documents with evidence strongly supporting Plaintiff's other claims and material aspects of this case, and evidence additional false statements made by Defendant to this court throughout this litigation. Similar to this instant matter, Defendant had filed prior discovery responses affirmatively stating it did not have these documents.

7.     Plaintiff believes Defendant's conduct and cover-up of that conduct, including false statements to the court, at the very least warrants sanctions against Defendant by this court.  The Plaintiff asks the court for additional briefing with a hearing, to discuss these matters. In the alternative, or in support of, Plaintiff also asks for leave to file a Motion for Sanctions against Defendant.

8.     Otherwise, Plaintiff asks the court to narrowly tailor any ruling on the pending letter as to not create estoppel or other constraint on later decisions (in this court, upon appeal of the dismissed claims, or in pending or new subsequent actions) regarding the documents in question and the content within, Defendant's motive in not providing these documents prior, or the statements made by Defendant in its response that could substantiate additional legal claims and charges.

9.     Plaintiff also asks the court to either modify the order at Dkt. 230 to allow replies under certain circumstances (such as when the responding side claims to have resolved the issue only after the letter was filed), or to revert the process to the Standing Order instructions, and/or to hold a

discovery planning conference with both parties including to facilitate the resolution of open, ongoing disputes quickly and comprehensively, as requested by Plaintiff at Dkt. 171.

10.     Finally, Plaintiff also asks for a waiver of this Court's request for Chambers Copies of discovery letters and motions, as Defendant's misconduct in this case has created the need for multiple other Letters to be filed, but Plaintiff is in Chapter 7 bankruptcy and lives in Boston, and Plaintiff cannot afford process servers in California for every request. The current requirement for Chambers Copies would allow Apple to violate the courts rules, and state and federal law, without consequence simply because Defendant has refused to make the Plaintiff whole for the damages its caused her.

Respectfully,

_____

**/s/ Ashley M. Gjovik**
**Dated: August 22 2025**
*In Propria Persona*
Boston, MA.