JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                 Plaintiff,<br><br>         v.<br><br>APPLE INC.,<br><br>                 Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S MOTION TO STAY IN LIGHT OF BANKRUPTCY PROCEEDINGS**<br><br>Date:      October 23, 2025<br>Time:     1:30 p.m.<br>Dept:     Courtroom 5, 17th Floor<br>Judge:    Honorable Edward M. Chen |

1

**NOTICE OF MOTION AND MOTION**

2

**TO THE COURT, BANKRUPTCY TRUSTEE, AND PLAINTIFF/DEBTOR:**

3        PLEASE TAKE NOTICE that on October 23, 2025, at 1:30 p.m. in Courtroom 5 of the U.S.

4    District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco,

5    California, 94102, Defendant Apple Inc. will and hereby does move for a stay of this action in light

6    of Plaintiff/Debtor Ashley Gjovik's Chapter 7 bankruptcy proceeding in the Bankruptcy Court for

7    the United States District Court of Massachusetts.

8        This Motion is made on the grounds that a trial court has broad discretion to stay all

9    proceedings pending the resolution of independent proceedings elsewhere that impact the case at

10   hand. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). Plaintiff/Debtor

11   lacks standing to prosecute this case since it is the Trustee of Plaintiff/Debtor's Chapter 7 Estate

12   who is presumptively the real party in interest with standing to pursue this action. Yet,

13   Plaintiff/Debtor continues to litigate this case as if she were the real party in interest. A stay is

14   necessary to allow the Trustee time to evaluate this case and decide how to proceed in this litigation.

15   To the extent Plaintiff/Debtor opposes the Trustee's control of this litigation, a stay is further

16   necessary to allow that issue to be resolved in the bankruptcy court. Staying this action until the

17   Trustee decides how to proceed (and, if necessary, until the bankruptcy court confirms who controls

18   this litigation) will not prejudice Plaintiff/Debtor or the Chapter 7 Estate, will promote efficiency,

19   and will conserve judicial resources. Conversely, Apple and the Chapter 7 Estate would suffer

20   material harm absent a stay.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1        This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

2    Authorities, the Declaration of Melinda Riechert, the Declaration of Jessica Perry, and the

3    Declaration of Ryan Booms filed concurrently herewith, the operative complaint and pleadings on

4    file with the Court in this matter, and any other evidence or oral argument as the Court may consider

5    in connection with this Motion.

6    Dated: August 25, 2025                          ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                                    By: */s/ Jessica R. Perry*
                                                         JESSICA R. PERRY
9                                                        Attorney for Defendant
                                                         APPLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Apple requests an immediate stay of all proceedings in this case pursuant to the Court's inherent authority to manage its docket because Plaintiff/Debtor Ashley Gjovik lacks standing to prosecute this case, and yet she is continuing to aggressively prosecute the case. As the Court noted at the August 5, 2025 Case Status Conference, and as Plaintiff/Debtor acknowledged, the Trustee appointed to manage Plaintiff/Debtor's Chapter 7 Estate is now in control of the case. The Trustee is the lone real party in interest with standing to prosecute this action and has not appeared before this Court. At the August 5 conference, this Court inquired as to the status of Plaintiff/Debtor's bankruptcy proceedings and the potential impact of those proceedings on this case and Plaintiff/Debtor conveyed her belief the Trustee was likely to abandon this litigation; it has since become clear no such decision has been reached. At present, the claims in this case are, as a matter of law, presumptively an asset of the bankruptcy estate, and the Trustee has not expressed any intent to abandon those claims or to allow Plaintiff/Debtor to continue to litigate them. Instead, he is evaluating what to do with these claims, which are currently an asset of the Chapter 7 Estate, and has agreed that a stay is appropriate. A stay is warranted until either the Trustee decides how to proceed or Plaintiff/Debtor's authority to prosecute this matter is resolved in the bankruptcy court.

### II.    FACTUAL BACKGROUND

On July 21, 2025, Plaintiff/Debtor filed a Voluntary Petition for Bankruptcy in the District of Massachusetts under Chapter 7 of the U.S. Bankruptcy Code. *See* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. No. 1.[1] Plaintiff/Debtor listed back pay, front pay, and personal injury damages (each valued at "TBD") as assets she claims are exempt from her Chapter 7 Estate, allegedly under 11.U.S.C. § 522(d)(10)(A), (d)(11)(A), (d)(11)(D), and (d)(11)(E). *Id.* at 28.

On July 22, 2025, Mark G. Degiacomo was appointed trustee of the Chapter 7 Estate. *See* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. No. 5. At the August 5, 2025 Case Status Conference with this Court, Plaintiff/Debtor acknowledged that the claims in this litigation are the property of

---

[1] Apple believes the Court has direct access to these federal court filings but can provide copies if and as requested.

the bankruptcy estate and that the Trustee now controls the litigation, but conveyed her belief that the Trustee would likely abandon the claims (and allow Plaintiff/Debtor to regain control of prosecuting them). Decl. of Melinda Riechert in Supp. of Motion to Stay, ¶ 3.

On August 13, 2025, notwithstanding Plaintiff/Debtor's representations about the Trustee's perceived intent to abandon this action, the Trustee filed a Notice to Creditors to File Claims in the bankruptcy case. *See* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. No. 13. On August 15, 2025, the Trustee filed an application seeking approval from the bankruptcy court to employ legal counsel "to represent the Trustee in all Court proceedings." *Id.*, Dkt. No. 14, ¶ 5. On August 19, 2025, Plaintiff/Debtor responded to the Trustee's filings, calling the Trustee's actions an "abrupt and unexplained conversion of this case to an asset case" and claiming that the Trustee's actions amount to an "unfolding and cascading crisis of constitutional, consumer, and civil rights law." *Id.*, Dkt. No. 17 ¶¶ 1, 5. Plaintiff/Debtor's filing in the bankruptcy court represented that her pending litigation in this Court is, in her view, her "primary potential source for any speculative recovery." *Id.*, Dkt. No. 17 ¶ 11 (tenth bullet point on page 7).

On August 21, 2025, the Trustee held the first session of a Section 341 Meeting of Creditors, during which he inquired about any pending litigation. *See* Decl. of Ryan Booms in Supp. of Apple's Motion to Stay, ¶¶ 2-6. Following Plaintiff/Debtor's response, the Trustee continued the Section 341 Meeting of Creditors to October 30, 2025, noting that he needed to speak with Plaintiff/Debtor further, without giving any indication that he was abandoning this action to Plaintiff/Debtor. *See id.* As a result, the status of Plaintiff/Debtor's claimed exemption has not been resolved. *See* Fed. R. Bankr. P. 4003(b)(1) (window to object to claimed exemptions remains open until thirty days after Section 341 Meeting of Creditors concludes). Any objection the Trustee (or any other party) may have to her claimed exemptions may not occur until November 30, 2025 (or potentially later, if the Section 341 Meeting of Creditors is further continued). The Trustee has not expressed any opinion in the bankruptcy proceedings on whether he intends to abandon these claims. On the contrary, it seems he is still evaluating the claims. The Trustee has since confirmed that he agrees that a stay of this litigation is appropriate in this circumstance. *See* Decl. of Jessica Perry in Supp. of Apple's Admin. Mot. to Shorten Time, filed herewith, ¶ 3, Ex. A.

MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1    **III.    LEGAL STANDARD**

2    "The district court possesses 'inherent authority to stay federal proceedings pursuant to its

3    docket management powers.'" *In re PG&E Corp. Sec. Litig*., 100 F.4th 1076, 1085 (9th Cir. 2024)

4    (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)). As a result, a district

5    court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties

6    to enter a stay of an action before it, pending resolution of independent proceedings which bear

7    upon the case." *Id*. (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465

8    (9th Cir. 1983)). The decision to stay proceedings "calls for the exercise of judgment, which must

9    weigh competing interests and maintain an even balance." *Id*. (quoting *Landis v. N. Am. Co.*, 299

10    U.S. 248, 254-55 (1936)).

11    When considering whether to grant a stay, courts are to weigh three non-exclusive factors:

12    "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or

13    inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of

14    justice measured in terms of the simplifying or complicating of issues, proof, and questions of

15    law.'" *Ernest Bock*, 76 F.4th at 842 (quoting *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th

16    Cir. 2005)). The Ninth Circuit has "repeatedly held that a district court does not abuse its discretion

17    by staying litigation for efficiency reasons pending resolution of other related proceedings." *In re

18    PG&E*, 100 F.4th at 1086.

19    **IV.    ARGUMENT**

20    **A.    Judicial Efficiency Favors a Stay.**

21    Addressing the "orderly course of justice" factor first, it is black letter law that the Trustee

22    presumptively controls all the assets of Plaintiff/Debtor's Chapter 7 Estate—including this

23    litigation—and is the real party in interest with the exclusive authority to prosecute this case. *See*

24    11 U.S.C. § 323; Fed. R. Bankr. P. 6009. "Under Chapter 7 bankruptcy, once the petition is filed,

25    all pre-petition causes of action become part of the estate. As such, the bankruptcy trustee is the

26    sole individual with standing to maintain the pre-petition claim." *Lennear v. Diamond Pet Food

27    Processors of California, LLC*, 147 F. Supp. 3d 1037, 1044 (E.D. Cal. 2015) (citing 11 U.S.C. §

28    541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp*., 789 F.2d 705, 709 (9th Cir. 1986));

- 3 -

*accord* 3 Collier on Bankruptcy ¶ 323.03 (16th ed. 2025) ("After appointment of a trustee, a debtor no longer has standing to pursue a cause of action that existed at the time the order for relief was entered. Only the trustee has the authority and discretion to prosecute, defend and settle, as appropriate in its judgment, such a cause of action."); *In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000) ("In [Chapter 7] liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate."); *DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir.2006) ("When a trustee is appointed, the trustee steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action.") (internal quotation marks and citation omitted).[2]

Since the Trustee has not abandoned the claims, Plaintiff/Debtor lacks standing to prosecute them. *See In re Bronner*, 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992) ("A debtor's estate is comprised of all legal or equitable interests owned by the debtor as of the commencement of the case. Title to estate property generally remains in the trustee unless the property is abandoned or intentionally re-vested.") (citing 11 U.S.C. § 541(a)(1)); *accord In re Meehan,* No. AP 13-01208-ES, 2014 WL 4801328, at *4 (B.A.P. 9th Cir. Sept. 29, 2014), *aff'd*, 659 F. App'x 437 (9th Cir. 2016) ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate. The debtor can pursue such claims only if they are abandoned by the estate.") (citations omitted); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) ("Because a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor.") (citation omitted); *In re Harris*, 450 B.R. 324, 335 n. 46 (Bankr. D. Mass. 2011) (holding that where prepetition claims "have not been formally abandoned by the Trustee, …it

---

[2] *See also Martineau v. Wier*, 934 F.3d 385, 391 (4th Cir. 2019) ("[I]n the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate.") (citation omitted); *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.") (citations omitted); *Russ v. Jackson Cnty. Sch. Bd.*, 530 F. Supp. 3d 1074, 1080, 1082 (N.D. Fla. 2021) ("Property of the bankruptcy estate includes all causes of action belonging to the debtor at the commencement of the bankruptcy case. …Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor.") (internal quotation marks and citations omitted).

1  remains the Trustee, and not the Debtor, who has standing to prosecute those claims") (citations

2  omitted).

3      Contrary to Plaintiff/Debtor's prior representations to this Court, during the Section 341

4  Meeting of Creditors, the Trustee said nothing about abandoning the Estate's control of this

5  litigation; on the contrary, he continued the Section 341 Meeting of Creditors to afford more time

6  to discuss Plaintiff/Debtor's pending litigation with her. Further, the Trustee agrees that a stay is

7  appropriate while he determines how to proceed. Perry Decl., ¶ 3, Ex. A. Given that the Trustee

8  has not abandoned this action (as Plaintiff/Debtor suggested he would), Plaintiff/Debtor lacks

9  standing to prosecute the claims here.

10     But Plaintiff/Debtor is currently doing just that. Indeed, since filing her bankruptcy petition,

11 Plaintiff/Debtor has done all of the following:

12  • Continued to negotiate the terms of an ESI Order intended to govern this case;

13  • Stated her intent to imminently notice a Rule 30(b)(6) deposition;

14  • Served two notices purporting to set depositions of current and former Apple employees,

15    one during the period September 8-19, the other during the period September 15-30, despite

16    her prior representation that she was not available for her own deposition until the last week

17    of September or the first week of October;

18  • Produced over 900 documents encompassing over 6,000 pages, many of which are

19    documents belonging to Apple that Plaintiff/Debtor appears to have improperly retained

20    following her termination;

21  • Filed a discovery letter brief with the Magistrate Judge seeking an order compelling Apple

22    to produce a document it had already committed to searching for (and has now produced),

23    along with seeking an evidentiary hearing for spoliation sanctions (*see* Dkt. No. 240);

24  • Threatened Apple with yet another motion for sanctions for purportedly serving subpoenas

25    to her medical providers without prior notice (even though Apple has served no such

26    subpoenas);

27  • Propounded additional interrogatories that contain discrete subparts, bringing the total

28    number of interrogatories and discrete subparts to well over one hundred propounded to

MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

date (an issue that will likely need to be decided by the Magistrate Judge);

- Propounded twenty-two additional requests for production of documents;

- Demanded Apple immediately supplement its responses to Plaintiff/Debtor's Interrogatories, Sets Two and Three, while threatening an additional discovery letter brief to the Magistrate Judge that would seek sanctions;

- Stated her intention to subpoena Orrick for records and to subpoena Twitter/X for access to the confidential credit card information of someone she alleges harassed her under a pseudonym on Twitter/X; and

- Filed a reply discovery brief in direct contravention to Magistrate Judge Westmore's order (*see* Dkt. Nos. 230 (making clear that "[n]o replies are permitted"), 245 (Plaintiff/Debtor's reply brief)).

*See* Riechert Decl., ¶ 2.

It is unclear whether the Trustee has approved of any of these actions. A stay is necessary until the Trustee decides how to proceed. The Trustee may have a different strategy or value the case differently than Plaintiff/Debtor, as is his right. Indeed, the Trustee may find that Plaintiff/Debtor's tactics in this case are not in the best interests of the Chapter 7 Estate. Those decisions are properly the province of whoever controls this litigation: at this point, the Trustee.

Until such time as Trustee affirmatively decides what to do with this action (which may require a decision from the bankruptcy court if Plaintiff/Debtor contests the Trustee's statutory right to control this litigation), a stay of these proceedings promotes judicial efficiency. A stay will promote an orderly process that gives the Trustee time to evaluate this action and decide how to proceed, including the opportunity to "ratify, join, or substitute" into the action. *Russ*, 530 F. Supp. at 1083.[3] A stay should remain in effect long enough to allow the Trustee to determine how to proceed in a manner that best serves interests of the Chapter 7 Estate and the creditors to whom Plaintiff/Debtor admittedly owes tens of thousands of dollars. *See Rajaee v. Davis*, No. 24-CV-550-RSH-KSC, 2024 WL 2925332, at *1 (S.D. Cal. June 10, 2024) (granting bankruptcy Trustee's

---

[3] "Of course, nothing compels the trustee to take any of these courses of action, and the trustee may determine that the claims are not worth pursuing. But that is a decision for the trustee to make." *Id*.

1   *ex parte* motion to stay the case for 90 days as "necessary to give the Trustee time to address the

2   merits of the Related Actions and potentially resolve and/or streamline [them]"). Here, the Trustee

3   agrees that a stay is appropriate to allow him time to evaluate the case. *See* Perry Decl. ¶ 3, Ex. A.

4   And to the extent Plaintiff/Debtor challenges the Trustee's control of this action, a stay would be

5   appropriate until there is a full and final resolution of that dispute in the bankruptcy court.

6          **B.**      **The Balance of Equities Favors a Stay.**

7          On the damage and hardship prongs, no harm will accrue from staying this proceeding until

8   such time as the Trustee determines how he wishes to proceed. No depositions have been taken.

9   There is no looming dispositive motion deadline. No trial date has been set. Allowing time for a

10  final determination regarding who controls this litigation will not result in any harm. Indeed, it is

11  proper to afford the Trustee sufficient time to review this matter and determine how to proceed.

12         By contrast, both the Chapter 7 Estate and Apple will suffer harm if a stay is not granted.

13  The Chapter 7 Estate will be harmed (and judicial efficiencies will be lost) if a stay is not granted.

14  This is because, absent a stay, the action would need to be dismissed because Plaintiff/Debtor lacks

15  standing to pursue the claims here, which now belong to the Chapter 7 Estate. *See Lennear*, 147 F.

16  Supp. 3d at 1044-45 (granting motion to dismiss because plaintiff lacked standing to continue after

17  filing for Chapter 7 bankruptcy but providing leave for the Trustee to pursue the action). Staying

18  this proceeding until the Trustee decides what to do prevents this harm and inefficiency. Courts

19  routinely grant stays in lieu of dismissal in these circumstances. *See, e.g., Kilgore v. Wells Fargo*

20  *Home Mortg*., No. 1:12-CV- 899 AWI SMS, 2013 WL 71781, at *2 (E.D. Cal. Jan. 7, 2013);

21  *Kulberg v. Washington Mut. Bank*, No. 10-CV-1214 *Servs., Inc*., No. 12-CV-02215-RBJ-KMT,

22  2013 WL 3296619, at *3-4 (D. Colo. July 1, 2013). The same result would be appropriate in this

23  case.

24         Apple will also suffer harm if Plaintiff/Debtor is permitted to continue prosecuting a claim

25  she lacks standing to pursue and making litigation decisions and demands that may be contrary to

26  those the Trustee would ultimately deem to be in the best interest of the Chapter 7 Estate and

27  Plaintiff/Debtor's creditors. Plaintiff/Debtor has continued to aggressively proceed in this case

28  without any apparent consent of the Trustee. Her conduct includes recently filing a discovery letter

MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1    brief seeking spoliation sanctions related to a document Apple had committed to producing (and

2    did produce) (*see* Dkt. Nos. 240-241) and a reply brief in violation of Magistrate Judge Westmore's

3    order confirming "[n]o replies are permitted" (*see* Dkt Nos. 230, 245), among a litany of other

4    actions taken to manufacture and pursue contentious discovery disputes, thus taxing the resources

5    of the Court and the parties. *See* Riechert Decl. ¶ 2. Significantly, many of these disputes have

6    escalated in the past two weeks, just as the Trustee has made filings that indicate he is taking steps

7    necessary to evaluate how to proceed with this case. *Id.*; *see also* Bankr. D. Mass. Case No. 25-bk-

8    11496, Dkt. Nos. 13-15.

9        Apple is legitimately concerned that this case is improperly being prosecuted by

10    Plaintiff/Debtor even though she is no longer the real party in interest. But if Apple does not respond

11    to Plaintiff/Debtor's discovery requests and urgently stated meet and confer demands, she says she

12    will seek sanctions and has already filed at least one brief attempting to do so. Apple deserves

13    clarity regarding the Trustee's role with respect to the claims at issue here. The current situation

14    indisputably harms Apple's ability to defend itself in this action in an orderly manner consistent

15    with the law.

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

1    **V.    CONCLUSION**

2          For the foregoing reasons, Apple respectfully requests this Court immediately stay these

3    proceedings until such time as the Trustee decides how to proceed as the real party in interest with

4    the exclusive authority to prosecute this action—which is likely to be several months, given the

5    continuance of the Section 341 Meeting of Creditors and the subsequent exemption objection

6    window. Should Plaintiff/Debtor challenge the Trustee's statutory authority, the stay should remain

7    in effect until such time as the bankruptcy court has made a final determination of that issue.

8    Dated: August 25, 2025                      ORRICK, HERRINGTON & SUTCLIFFE LLP

9

10                                      By: */s/ Jessica R. Perry*
                                               JESSICA R. PERRY
11                                             Attorney for Defendant
                                               APPLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]