JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:   +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**DECLARATION OF MELINDA S. RIECHERT IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO STAY IN LIGHT OF BANKRUPTCY PROCEEDINGS**<br><br>Date:    October 23, 2025<br>Time:   1:30 p.m.<br>Dept:    Courtroom 5, 17th Floor<br>Judge:  Honorable Edward M. Chen |

I, Melinda S. Riechert, declare as follows:

1. I am an attorney admitted to practice law in the state of California and am a partner at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action. I submit this declaration in support of Apple's Motion to Stay in Light of Bankruptcy Proceedings. I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

2. Since July 21, 2025, Plaintiff/Debtor has engaged in extensive litigation activity; the following examples are illustrative and not exhaustive:

   a. On July 24, 2025, Plaintiff/Debtor threatened to file a discovery letter brief with Magistrate Judge Westmore regarding Plaintiff/Debtor's demand for an ESI protocol, despite Apple's commitment to provide a proposal for ESI protocol the following week. Negotiation of an ESI protocol remains ongoing.

   b. On July 28, 2025, the day before the parties were due to submit a proposed discovery plan to the Court, Plaintiff/Debtor objected to Apple's proposal, but did not provide any alternative proposal or substantive feedback prior to the July 29, 2025 filing date.

   c. On August 4, 2025, Plaintiff/Debtor demanded that Apple provide comprehensive information regarding its document preservation efforts, despite offering no evidence of actual or threatened spoliation.

   d. On August 5, 2025, Plaintiff/Debtor indicated her intention to notice a FRCP 30(b)(6) deposition of Apple.

   e. On August 11, 2025, Plaintiff/Debtor produced over 900 documents encompassing over 6,000 pages, many of which are documents belonging to Apple that Plaintiff/Debtor appears to have improperly retained following her termination.

   f. On August 12, 2025, Plaintiff/Debtor filed a discovery letter brief with Magistrate Judge Westmore (Dkt. No. 240), seeking an order (1) compelling Apple to produce a document it had previously committed to search for (and which it produced on August 15, 2025), and (2) imposing sanctions against Apple.

g. On August 13, 2025, Plaintiff/Debtor served four additional interrogatories on Apple, each containing multiple discrete subparts, notwithstanding the fact that she had already exhausted the 25 interrogatories permitted under FRCP 33. To date, the interrogatories counting discrete subparts served by Plaintiff/Debtor exceed 100 interrogatories.

h. The same day, Plaintiff/Debtor served 22 additional requests for production of documents.

i. Also the same day, Plaintiff/Debtor demanded that Apple supplement its response to her Interrogatory No. 1 within 14 days.

j. Also the same day, Plaintiff/Debtor also issued two deposition notices, seeking to schedule depositions for current and former Apple employees one during the period September 8-19, the other during the period September 15-30, despite having previously represented that she was not available for her own deposition until the last week of September or the first week of October.

k. Also the same day, Plaintiff/Debtor demanded that Apple provide copies of subpoenas it had issued, even though Apple has not issued any subpoenas, and threatened to seek sanctions for Apple's purported non-compliance with FRCP 45(a)(4). Subsequently, on August 18, 2025, Plaintiff/Debtor expressed her intent to move for a protective order, despite Apple's commitment to meet and confer regarding the scope of the proposed subpoenas.

l. On August 18, 2025, Plaintiff/Debtor demanded that Apple provide additional information in response to her Interrogatory Nos. 2-13, which each contain many discrete subparts causing them to exceed 25 total interrogatories served, and threatened to seek sanctions if Apple did not comply.

m. Also that same day, Plaintiff/Debtor stated her intention to subpoena Orrick for records and to subpoena Twitter/X for access to the confidential credit card information of someone she alleges harassed her under a pseudonym on Twitter/X.

n. On August 19, 2025, Plaintiff/Debtor again threatened to seek FRCP 37 sanctions


and to strike Apple's affirmative defenses.

    o. On August 20, 2025, Plaintiff/Debtor made further demands for signed statements from Apple formally responding to her objections to the objections Apple included in its discovery responses (something that is not required under the Federal Rules of Civil Procedure) because she wishes to use them as evidence in this matter.

3. At the August 5, 2025 Case Status Conference, the Court inquired as to how Plaintiff/Debtor/Debtor's bankruptcy petition affected this case, noting that the Trustee in now in control of the litigation. Plaintiff/Debtor acknowledged that she understood the Trustee now controls the litigation but conveyed her belief that the Trustee would abandon the lawsuit to her.

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed August 25, 2025 in London, England.

                                                    */s/ Melinda S. Riechert*
                                                        Melinda S. Riechert

- 3 -

RIECHERT DECL. ISO
APPLE'S MOTION TO STAY
CASE NO. 23-CV-4597-EMC