JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>             Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON DEFENDANT'S MOTION TO STAY IN LIGHT OF BANKRUPTCY PROCEEDINGS**<br><br>Dept:     Courtroom 5, 17th Floor<br>Judge:    Honorable Edward M. Chen |

**NOTICE OF MOTION AND MOTION**

NOTICE is hereby given of the filing of this motion pursuant to Civil Local Rules 6-1(b) and 6-3 by Apple Inc. ("Defendant" or "Apple"). This motion seeks to shorten the time for briefing and hearing on Apple's Motion to Stay in Light Of Bankruptcy Proceedings ("Motion to Stay"), which is being filed contemporaneously herewith, on the grounds that good cause exists to quickly determine whether to stay these proceedings to allow the Trustee of Plaintiff/Debtor's Chapter 7 Estate time to decide how to proceed in this action and because the Trustee agrees that a stay is appropriate.

Pursuant to the Civil Local Rules, Apple set the hearing on the Motion to Stay for October 23, 2025, the earliest available date. Apple requests that the hearing be held on September 4, 2025 at 1:30 p.m., or on a date sooner than October 23, 2025 as this Court's schedule permits. Apple further requests that any opposition from a party with standing be due by August 29, 2025, and Apple's reply be due by September 2, 2025. This request is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; and the Declaration of Jessica Perry, Declaration of Melinda Riechert, Declaration of Ryan Booms, and Proposed Order submitted concurrently herewith.

Dated: August 25, 2025                              ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Jessica R. Perry*
JESSICA R. PERRY
Attorney for Defendant
APPLE INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant to Civil Local Rules 6-1(b) and 6-3, Apple Inc. Apple respectfully requests that its Motion to Stay be heard on shortened time so that the Court can quickly determine whether to stay this action to allow the Trustee for Plaintiff/Debtor Ashley Gjovik's Chapter 7 Estate time to decide how to proceed. The Trustee appointed to manage the Chapter 7 Estate—who is as of now the real party in interest with standing to prosecute this action—has not appeared before this Court but has confirmed that a stay is appropriate and does not object to this motion be heard on shortened time.[1] Notwithstanding Plaintiff/Debtor's prior representations to this Court that the Trustee was likely to abandon this litigation, it has since become clear no such decision has been reached. Instead, the Trustee's recent bankruptcy filings underscore that these claims in this action are currently an asset of the Chapter 7 Estate and that he is evaluating what to do with them.

Early resolution of this issue will prevent the parties from expending potentially unnecessary resources (and, in Plaintiff/Debtor's case, potentially resources of the Chapter 7 Estate) in litigating issues before the Trustee has an opportunity to weigh in. The Trustee's decision on how to proceed will directly impact at least one letter brief pending before the Magistrate Judge (with others threatened to be imminently filed). Given Plaintiff/Debtor's litigation approach, both parties and the Court would continue to needlessly expend time and energy on various rounds of written discovery, letter brief disputes to the Magistrate Judge, depositions, and pretrial motions that may not be warranted if the Trustee determines a different strategy is in the best interests of the Chapter 7 Estate. But pursuant to the Civil Local Rules and the Court's schedule, the earliest date the Court can hear Apple's Motion to Stay under the standard briefing schedule is October 23,

---

[1] Because the Trustee has "no objection to the administrative motion to shorten time" (Perry Decl. ¶ 3, Ex. A), this Motion to Shorten Time is effectively unopposed. *See In re Meehan*, No. AP 13-01208-ES, 2014 WL 4801328, at *4 (B.A.P. 9th Cir. Sept. 29, 2014), aff'd, 659 F. App'x 437 (9th Cir. 2016) ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate. The debtor can pursue such claims only if they are abandoned by the estate.") (citations omitted); *Martineau v. Wier*, 934 F.3d 385, 391 (4th Cir. 2019) ("[I]n the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate.").

2025. *See* Civil L.R. 7-2. Accordingly, and for the reasons set forth below, Apple requests that the hearing on its Motion to Stay be held on September 4, 2025, or on a date sooner than October 23, 2025 as this Court's schedule permits. Apple further requests that any opposition from a party with standing be due by August 29, 2025 and Apple's reply be due by September 2, 2025.[2]

## II.   MEET AND CONFER

On August 25, 2025, Apple asked the Trustee and Plaintiff/Debtor whether they would agree/stipulate to shortening the time for briefing and a hearing on Apple's Motion to Stay. The Trustee agreed to shorten time and further agreed a stay was appropriate. Decl. of Jessica Perry in Support of Admin. Mot. To Shorten Time, ¶ 3, Ex. A. Plaintiff/Debtor, however, did not agree to either request, stating she needed additional information from Apple and the Trustee. *Id.*, ¶ 4, Ex. B. Apple provided additional information confirming the authority for its request. *Id.*

## III.   ARGUMENT

Federal Rule of Civil Procedure 6(d) and Civil Local Rule 6-3 permit the Court to prescribe shorter times for the filing and service of motion papers for good cause shown. *See, e.g., Faerfers v. Caviar Creator, Inc.*, No. 2:04-CV-2690-MCE-PAN, 2006 WL 768713, at *1 (E.D. Cal. Mar. 27, 2006). Apple submits that good cause exists to shorten the time for the briefing and hearing schedule for its Motion to Stay, which is currently noticed for hearing on October 23, 2025.

Shortening time for briefing and hearing for the Motion for Stay is appropriate here. Apple currently is being forced to expend resources to actively litigate a case that Plaintiff/Debtor presently lacks standing to prosecute. *See In re Bronner*, 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992) (citing 11 U.S.C. § 541(a)(1)) ("A debtor's estate is comprised of all legal or equitable interests owned by the debtor as of the commencement of the case. Title to estate property generally remains in the trustee unless the property is abandoned or intentionally re-vested."). A stay will give the real party in interest, the Trustee of the Chapter 7 Estate, an opportunity to evaluate this action and decide how to proceed. To the extent Plaintiff/Debtor challenges the Trustee's right to prosecute

---

[2] However, the Trustee—the lone real party in interest as of now—is unlikely to oppose, given that has already indicated he "agree[s] with the entry of a stay pending [his] decision on how to proceed" with the claims here, which became presumptively part of the Chapter 7 Estate as of Plaintiff/Debtor's bankruptcy filing. Perry Decl. ¶ 3, Ex. A.

1   this action on behalf of the Chapter 7 Estate, a stay is further warranted to allow the bankruptcy
2   court to decide that issue and bring clarity to the Court and the parties.

3       An expedited schedule and hearing is necessary because, notwithstanding Plaintiff/Debtor's
4   representations to this Court that the Trustee would likely abandon this litigation, the Trustee has
5   taken no action to abandon the claims here. Decl. of Melinda Riechert in Supp. of Apple's Motion
6   to Stay, ¶ 3. Contrary to Plaintiff/Debtor's prior representations to this Court, during the Section
7   341 Meeting of Creditors, the Trustee said nothing about abandoning the Estate's control of this
8   litigation; on the contrary, he has taken steps in the bankruptcy proceeding (including continuing
9   the Section 341 Meeting of Creditors) to afford more time to discuss Plaintiff/Debtor's pending
10  litigation with her. *See* Decl. of Ryan Booms in Supp. of Apple's Motion to Stay, ¶¶ 2-6. Further,
11  the Trustee agrees that a stay is appropriate while he determines how to proceed. Perry Decl., ¶ 3,
12  Ex. A. Given that the Trustee has not abandoned this action (as Plaintiff/Debtor suggested he
13  would), Plaintiff/Debtor lacks standing to prosecute the claims here.

14      Nonetheless, Plaintiff/Debtor has continued to aggressively proceed in this case without any
15  apparent consent of the Trustee. Her conduct includes recently filing a discovery letter brief seeking
16  spoliation sanctions related to a document Apple had committed to producing (and did produce)
17  (*see* Dkt. Nos. 240-241) and a reply brief in violation of Magistrate Judge Westmore's order
18  confirming "[n]o replies are permitted" (*see* Dkt Nos. 230, 245), among a litany of other actions
19  taken to manufacture and pursue contentious discovery disputes, thus taxing the resources of the
20  Court and the parties. *See* Decl. of Melinda Riechert in Supp. of Apple's Motion to Stay ¶ 2. Apple
21  is legitimately concerned that this case is improperly being prosecuted by Plaintiff/Debtor even
22  though she is no longer the real party in interest. But if Apple does not respond to Plaintiff/Debtor's
23  discovery requests and urgently stated meet and confer demands, she says she will seek sanctions
24  and has already filed at least one brief attempting to do so. This puts Apple in an untenable
25  position—one this Court can quickly remedy with an expedited hearing on its Motion to Stay.

26      Moreover, continuing to actively litigate the present case for the next two months while
27  Apple's Motion to Stay is pending and set for hearing presents multiple harms that are avoidable
28  through an expedited briefing and hearing of Apple's Motion to Stay. Waiting until October 23,

2025 to hear Apple's Motion to Stay will require the Court to devote time and judicial resources that may be wasted if the Trustee's decisions about how to proceed with this case differs from those of Plaintiff/Debtor. There is currently one pending letter brief before Magistrate Judge Westmore, with the likelihood of at least two more being filed before the Motion to Stay hearing date. Because the litigation is presumptively controlled by the Trustee, who may take a different approach to discovery in the interest of preserving as much of the Chapter 7 Estate as possible, the letter briefs and subsequent hearing may become unnecessary.

Finally, Apple's Motion to Stay is relatively short in length and the applicable law straightforwardly holds that the Trustee is the real party in interest with standing to prosecute these claims. The Trustee should be afforded time to evaluate the claims at issue without the Chapter 7 Estate incurring ongoing litigation expenses or potentially suffering adverse rulings for discovery motions he has not approved. Alternatively, if Plaintiff/Debtor believes that she remains the real party in interest here notwithstanding her bankruptcy filing, that issue should be resolved in the bankruptcy court before further proceedings here, so that the Court can have confidence these proceedings are being conducted by a plaintiff with standing. Apple's request for shortening of the time for briefing and hearing is justified under the circumstances and should be granted.

## IV.    DISCLOSURE OF PREVIOUS TIME MODIFICATIONS

Pursuant to Local Rule 6-3(5), the following time modifications have previously been made in this case:

- On October 10, 2024, the Court granted the Parties' stipulation regarding Apple's responsive pleading deadline and additional deadlines. Dkt. No. 12.
- On October 25, 2024, the Court granted Plaintiff/Debtor an additional week to file the Fifth Amended Complaint. Dkt. No. 123.
- On February 5, 2025, the Court granted Defendant's motion to stay briefing and the hearing on Plaintiff/Debtor's motion to amend pending resolution of Apple's then-pending motion to dismiss. Dkt. No. 160.

There are presently no deadlines for discovery or dispositive motions and no trial date has yet been set. Thus, advancing the hearing date on Apple's Motion to Stay will not impact the current

schedule of the case.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant its request to shorten time for the briefing and hearing on Apple's Motion to Stay.

Dated: August 25, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jessica R. Perry*
JESSICA R. PERRY
Attorney for Defendant
APPLE INC.