JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DECLARATION OF JESSICA R. PERRY IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON DEFENDANT'S MOTION TO STAY PROCEEDINGS** |
| v. | |
| APPLE INC., | |
| Defendant. | Dept:      Courtroom 5, 17th Floor<br>Judge:    Honorable Edward M. Chen |

I, Jessica R. Perry, declare as follows:

1.      I am an attorney admitted to practice law in the state of California and am a partner at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action. I submit this declaration in support of Apple's Administrative Motion to Shorten Time for Briefing and Hearing on Defendant's Motion to Stay Proceedings. I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

2.      On August 25, 2025, I contacted Plaintiff/Debtor Ashley Gjovik and Mark Degiacomo, the Trustee of her Chapter 7 Estate in the bankruptcy matter, via email, informing them that Apple intends to file a motion to stay the litigation in order to allow the Trustee time to determine if and how to pursue the claims in this case, and asking the Trustee if he agreed that a stay is appropriate. In addition, I also asked both if they would agree/stipulate to the hearing date being set for September 4, 2025 at 1:30 p.m. PT, with any opposition due by August 29, 2025 and any reply due on September 2, 2025.

3.      The Trustee responded on August 25, 2025, confirming that he does not object to Apple's administrative motion to shorten time and further agreed a stay was appropriate pending his decision on how to proceed in this action. A true and correct copy of my correspondence with the Trustee and his response is attached as Exhibit A.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PERRY DECL. ISO MOT. TO SHORTEN
TIME RE DEF.'S MOTION TO STAY
CASE NO. 23-cv-4597-EMC

1      4.      Plaintiff/Debtor responded on August 25, 2025, informing counsel for Apple that

2   she was unable to respond substantively other than to object because she required additional

3   information from both Apple and the Trustee. Apple provided additional information in response

4   to Plaintiff's request. To my knowledge, at the time of the filing of this Motion, the Trustee had not

5   responded to Plaintiff's request for additional information. A true and correct copy of my

6   correspondence with the Plaintiff/Debtor is attached as Exhibit B.

7      I certify under penalty of perjury and pursuant to the laws of the United States that the

8   foregoing is true and correct.

9      Executed August 25, 2025 in Menlo Park, California.

10

11                                                      */s/ Jessica R. Perry*
                                                         Jessica R. Perry
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PERRY DECL. ISO MOT. TO SHORTEN
TIME RE  DEF.'S MOTION TO STAY
CASE NO. 23-cv-4597-EMC

# EXHIBIT A

| | |
|---|---|
| **From:** | Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> |
| **Sent:** | Monday, August 25, 2025 7:54 AM |
| **To:** | Perry, Jessica R. |
| **Cc:** | Ashley M. Gjovik;  Ashley M. Gjøvik ; Riechert, Melinda; Mantoan, Kathryn G.; Horton, Nicholas J.; Booms, Ryan; Perry, Jessica R. |
| **Subject:** | Re: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings |

**[EXTERNAL]**

I have no objection to the administrative motion to shorten time and I can confirm that I agree with the entry of a stay pending my decision on how to proceed.


Sent from my iPhone


**Mark G. DeGiacomo** | Partner
Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com



**HARRISBEACHMURTHA.COM**
Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
617.457.4000 | Fax: 617.482.3868



> On Aug 25, 2025, at 10:27 AM, Perry, Jessica R. <jperry@orrick.com> wrote:
>
>
> Mr. DeGiacomo and Ms. Gjovik:
>
> I write to advise that Apple intends to file a motion to stay today in N.D. Cal. Case No. 23-cv-04597 – a prepetition litigation brought by Ms. Gjovik, which is now property of her Chapter 7 bankruptcy estate (*see In re Bronner,* 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992)) – to allow the Trustee time to determine how to proceed in this action as the real party in interest.
>
> We will also be filing an administrative motion to have the motion to stay be heard on shortened time, and will request that the hearing on the motion to stay be held next Thursday, September 4, 2025 at 1:30 p.m. PT (with any opposition due by August 29 and any reply due by September 2).
>
> Although we believe only the Trustee's agreement/stipulation to the motion to shorten time is necessary (given that the Chapter 7 bankruptcy estate, not Ms. Gjovik, is the lone party with standing at present to continue the case), we would appreciate hearing from each of you whether

you will agree/stipulate to the administrative motion to shorten time.  We would also appreciate confirmation that the Trustee agrees that entry of a stay would be appropriate in this circumstance.

Thank you,
Jessica


**Jessica Perry**
Partner
Orrick
Silicon Valley    <image001.jpg>
T +1-650-614-7350
jperry@orrick.com

<image002.png>

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT B

| | |
|---|---|
| **From:** | Perry, Jessica R. |
| **Sent:** | Monday, August 25, 2025 4:04 PM |
| **To:** | Ashley M. Gjovik (Legal Matters) |
| **Cc:** | mdegiacomo@harrisbeachmurtha.com; Ashley M. Gjøvik; Riechert, Melinda; Mantoan, Kathryn G.; Horton, Nicholas J.; Booms, Ryan |
| **Subject:** | RE: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings |

Ashley:

We believe you are mistaken that this is still your lawsuit to manage and control. We cited in our initial email authority supporting our motion to stay.  *See In re Bronner*, 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992) (noting the rule that prepetition legal claims become "property of the estate as of the commencement of [a Chapter 7 bankruptcy] case"); *see also id.* at 647 (citing 11 U.S.C. § 541(a)(1)) ("A debtor's estate is comprised of all legal or equitable interests owned by the debtor as of the commencement of the case. Title to estate property generally remains in the trustee unless the property is abandoned or intentionally re-vested.").

Other courts hold similarly and underscore that where a trustee has not abandoned prepetition legal claims, a plaintiff/debtor lacks standing to prosecute them. *See In re Meehan,* No. AP 13-01208-ES, 2014 WL 4801328, at *4 (B.A.P. 9th Cir. Sept. 29, 2014), *aff'd*, 659 F. App'x 437 (9th Cir. 2016) ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate. The debtor can pursue such claims only if they are abandoned by the estate.") (citations omitted); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) ("Because a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor.") (citation omitted); *In re Harris*, 450 B.R. 324, 335 n. 46 (Bankr. D. Mass. 2011) (holding that where prepetition claims "have not been formally abandoned by the Trustee, ... it remains the Trustee, and not the Debtor, who has standing to prosecute those claims") (citations omitted).

We will proceed to file our motion to stay, and are requesting a briefing schedule that permits time for opposition and reply briefs.

As to my emails to you regarding the meet and confer process related to your interrogatories, your characterization is inaccurate.

Regards,
Jessica

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, August 25, 2025 2:53 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** mdegiacomo@harrisbeachmurtha.com; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>;

Booms, Ryan <rbooms@orrick.com>
**Subject:** Re: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings


**[EXTERNAL]**

Apple counsel,

I'm checking in again and asking for your response to my request for information, as detailed and sent to you nearly five hours ago.

Mr. DeGiacomo is on vacation, and I am not scheduled to speak with him or anyone else at/with Office of the Trustee regarding my bankruptcy case until Sept. 8 2025 at the earliest. There has been not yet been any substantive discussion about this civil litigation in my bankruptcy case, and thus this threatened request for an emergency stay appears to be originating unilaterally from Apple.

Therefore, my requested information about the statements you made this morning and your threat to file these motions by EOD today regardless of my position, needs to be provided to me and would only come from Apple's counsel.

This is still my lawsuit, I am still managing it, and you need to make an attempt to meet/confer with me in good faith prior to filing motions like this. There is no rule, law, or policy that says once someone files bankruptcy that the DOJ Office of the Trustee would suddenly by default have to approve each and every motion that person files or any litigation decision that person makes -- other then matters related to settlements (which you said on the record on 8/5 that you do not want to discuss and see no point in any further conference).

You cannot just unilaterally declare that I'm no longer party to this lawsuit, or this is no longer my lawsuit, or that I cannot file or respond to motions in my own lawsuit without DOJ approval. That's absurd.

Thus far, I've heard nothing from you other than your three emails at midnight last night essentially saying you won't talk to me anymore going forward (again). The Court already told you that you can not say that and you have to participate in this proceeding, including at least some form of meet/confer. Then this morning you now claim this isn't even my lawsuit anymore -- which is inaccurate and bizarre.

It's already past 5PM my time and tomorrow is my birthday. I'd prefer to not have to deal with this matter late tonight or at all tomorrow. If we can instead please meet/confer this week about whatever your actual concerns are, perhaps we can sort out a compromise and avoid unnecessary motion practice.

To start, please respond to my earlier questions and my request for information.

Thank you.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 12:57 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> I am unable to respond to you substantively at this time other than to object, because there's no disclosed legal basis for this request. As a preliminary matter, I seek information as to the basis for requesting a stay, and why that stay would be considered an emergency.

2

In my Bankruptcy case, the Trustee has not consulted me regarding any Trustee plans or interest in this *Gjovik v Apple* civil litigation, or told me there was any communication with Apple about this litigation, or about any of my other litigation with Apple. This is required under Rule 2015(a) and 11 U.S.C. § 704(a)(9) prior to intervening or otherwise disrupting a debtor's pending affairs -- unless some other federal statute preempts this request, but that has not been disclosed to me.

While the U.S. government controls my pecuniary legal claims during a Chapter 7 bankruptcy proceeding, this case also includes injunctive and declaratory relief, as well as punitive damages and statutory fines. I also have a right to information about estate administration as a "party in interest," and as of now, that has not been provided to me regarding this request.  See, 11 U.S.C. § 704(a)(9).

Further, there are no approved employment applications for Trustee lawyers to manage this litigation generally, nor are there any pending applications for employment/labor attorneys who would know how to properly manage the litigation of the retaliation claims. See, Rule 2014 and 11 U.S.C. § 327(a).

In addition, while the DOJ abruptly and without explanation switched my bankruptcy case from "no asset" to "asset," as of today, no one has informed me what DOJ thinks that asset is (which is required by bankruptcy law). To my own actual knowledge, I have no vested assets and no funds that could pay creditors, and as such my bankruptcy would be a full discharge. Therefore, there's no apparent basis that could justify stopping litigation midway and investing government resources (and taxpayer dollars) into this long-running civil litigation without even consulting the Plaintiff/Debtor.

This civil litigation has been ongoing since September 2023, with the similar adjudications ongoing since August 2021, and counsel from Orrick retained to defend Apple from my retaliation claims starting in August 2021 (four years ago). The next civil case events are a deadline for a Joint Case Management Report on October 14 and a Status Conference on October 21. (Dkt. 242). Beyond that, I have a pending motion for leave to request sanctions against Apple, two notices of requests for depositions of Apple employees in September 2025 pending with Apple, and multiple discovery disputes awaiting Apple's response.

Most recently, I formally complained to Apple/Orrick about improper discovery misconduct that would be a new basis for sanctions and asked Orrick to file a joint letter to the court about it, and also complained about what appeared to be intimidation and harassment by their counsel at my 341 meeting on 8/21. Orrick responded late last night (on a Sunday) refusing to meet/confer on open issues or discuss further. As such, this request to stay, based on my own knowledge, thus appears to be Apple's attempt to obstruct my open requests and planned escalations.

The legal standard for granting a stay of litigation is clearly not met here, and no one has attempted to provide a proffered legal basis as to success on the merits, irreparable harm in the absence of relief, the balance of equities, or the public interest -- or even basic justification as to why it would be needed considering there are no major case events until an October 21 2025 status conference -- more than two months away. Similarly, a request could simply be filed to reschedule that conference instead of stay all litigation, if there was even a justification for that.

Even more untethered is any supposed basis to treat this request as an emergency motion for a stay, where supposedly irreparable harm would occur during the time needed to consider a response. Yet no one has offered any sort of basis for the request, the request appears to directly conflict with and violate bankruptcy rules and norms, and there's no case events or outcomes impacted by Trustee consideration in parallel with ongoing litigation. Thus the request instead appears to be Apple's counsel trying to avoid their discovery obligations and the consequences for their prior discovery misconduct in this case.

To both Apple and the Trustee, I request more information about what this request is about, why its being made, and what the justification is.

3

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 10:27 AM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Mr. DeGiacomo and Ms. Gjovik:
>
> I write to advise that Apple intends to file a motion to stay today in N.D. Cal. Case No. 23-cv-04597 – a prepetition litigation brought by Ms. Gjovik, which is now property of her Chapter 7 bankruptcy estate (*see In re Bronner,* 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992)) – to allow the Trustee time to determine how to proceed in this action as the real party in interest.
>
> We will also be filing an administrative motion to have the motion to stay be heard on shortened time, and will request that the hearing on the motion to stay be held next Thursday, September 4, 2025 at 1:30 p.m. PT (with any opposition due by August 29 and any reply due by September 2).
>
> Although we believe only the Trustee's agreement/stipulation to the motion to shorten time is necessary (given that the Chapter 7 bankruptcy estate, not Ms. Gjovik, is the lone party with standing at present to continue the case), we would appreciate hearing from each of you whether you will agree/stipulate to the administrative motion to shorten time.  We would also appreciate confirmation that the Trustee agrees that entry of a stay would be appropriate in this circumstance.
>
> Thank you,
>
> Jessica
>
> **Jessica Perry**
> Partner
> Orrick
> Silicon Valley ⓥ
> T +1-650-614-7350
> jperry@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by l received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.