Debtor's Motion For
A Protective Order
& To Compel Trustee Action

Chapter 7 Case No: 25–11496

# Exhibit B

August 28 2025

# Re: Chapter 7 Bankruptcy Case No. 25-11496

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com> |
| CC | Jennifer Babula<jbabula@harrisbeachmurtha.com> |
| Date | Thursday, August 21st, 2025 at 1:26 PM |

Hello Mr. DeGiacomo,

I'm writing in response to today's 341 meeting, to simply create a record (for me, the Office of the Trustee, and you/your firm), of my concern that Apple's choice to send their whistleblower litigation defense counsel (Ryan Booms, Orrick, 3:23-cv-04597) to today's 341 meeting affected how completely I felt I could answer questions about my financial circumstances and pending legal claims.

As I've noted prior, based on my own knowledge of my own property, I believe my retaliation claims against Apple are currently my primary potential asset -- however the potential asset is highly speculative due to Apple's continued refusal to discuss settlement and ongoing retaliation. Further, detailed responses from me today about my legal claims about other retaliation and unlawful conduct (particularly involving Northeastern University) would generate discovery requests from Apple that Apple otherwise would not have a basis to request, and could create legal complications resulting in a decreased likelihood that the estate could recover assets from Apple.

So, in response to your standard question about why I'm declaring bankruptcy, if I had testified affirmatively that NEU was also a direct cause of my bankruptcy (which is true), Apple would be facially justified in citing today's testimony and requesting evidence related to my NEU employment and subsequent legal claims against NEU, for Apple's litigation defense. If you had asked me directly to cite a complete answer of all factors, I would have been compelled to name NEU. But your question seemed to seek a general narrative, and this is why I left my response open-ended about my struggle to stabilize my finances after Apple fired me.

To be clear, I do not intend to conceal evidence or disclosures from Apple that would typically be required under the FRCP in that litigation, but for this specific topic, Apple otherwise has very limited basis for such a request and I am concerned that such a request would likely require DOJ involvement to review what could be shared, as it does appear DOJ is still investigating NEU related to my 2024-2025 complaints. Further, I also alleged to DOJ that both Apple and NEU appear to have coordinated together in Northeastern University's retaliation against me.

While I plan to participate in the Chapter 7 process in good faith and to the best of my ability, I must note that bankruptcy law is repeatedly compelling public disclosures that reveals otherwise confidential whistleblower disclosures, ongoing government investigations and actions, and the details of the most vulnerable aspects of my life including related to my physical safety and civil rights. Further, these disclosures are being made while the parties who are subject to said investigations and actions, are listening and can use this information to further harm me and interfere with government proceedings.

For example, as recently as May 2025, Apple's same counsel at Orrick threatened me with sanctions and other harm, demanding I share sealed federal court filings containing confidential law enforcement communications about both Apple and Northeastern University, including my communications with DOJ about Northeastern University and with EPA about Apple. Due to Apple's threats and intimidation, I felt coerced to share some of these records, but also reported it as an unlawful act by Apple to interfere with law enforcement proceedings. I'm worried the same thing may happen again now and I do not currently have any contact at the US Dist. Attorney's office to notify and consult with on this, and I'm also in an unfortunately adversarial litigation position with that very office due to my student loan discharge request.

I want you to understand that my responses today may have been more limited than they would have been otherwise - not due to intent to withhold information from the estate or creditors, but because Apple's strategic attendance did intimidate me, and effectively threatened me with the conflicts between my bankruptcy disclosure obligations and protecting legitimate litigation and enforcement interests. Further, these interests intersect again with my litigation and claims against Apple being (to my actual knowledge of my own assets) currently the primary potential asset for a full recovery for my legitimate creditors.

However, my testimony was honest and I appreciate you scheduling continued 341 meeting for October, when hopefully there is more clarity for me regarding what the government thinks my mysterious large asset is.

Thank you,
Ashley Gjovik

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, August 20th, 2025 at 4:21 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello Mr. DeGiacomo,
>
> That's a mindboggling amount of 341 meetings in one day.
>
> Your proposed agenda and duration for my 341 meeting tomorrow sounds fine, as does your request for a follow up meeting after. Happy to cooperate and work with you on this.
>
> -Ashley
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> Sent with [Proton Mail](#) secure email.
>
> On Wednesday, August 20th, 2025 at 3:37 PM, Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> wrote:
>
>> Ashley
>>
>> So tomorrow I will have approximately 40 Section 341 meetings, including yours. In order to get to all of my cases on a timely manner, each meeting can last no more than 10 minutes. During your meeting I will be reviewing your schedules and statement of financial affairs and any creditors who appear will have a brief opportunity to ask questions. Shortly after Labor Day I would like to schedule a more detailed meeting with you via zoom.
>>
>> Sent from my iPhone
>>
>> **Mark G. DeGiacomo** | Partner
>> Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com
>>
>> 
>>
>> **HARRISBEACHMURTHA.COM**