Debtor's Motion For
A Protective Order
& To Compel Trustee Action

Chapter 7 Case No: 25–11496

# Exhibit E

August 28 2025

## Re: Request for Criminal Investigation by U.S. Office of the Trustee and/or greater U.S. DOJ

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com> |
| CC | Jennifer Babula <jbabula@harrisbeachmurtha.com> |
| Date | Tuesday, August 26th, 2025 at 3:48 PM |

Mr. DeGiacomo,

You improperly communicated with Apple (an adverse party responsible for this bankruptcy, and highly adverse to me and this Estate) about my ongoing civil litigation, where you agreed to an emergency stay of that litigation without consulting me, without knowing what the impact of that stay would be, despite Apple being highly adverse to the interests of the estate, and you never bothered to even review what Apple was filing under your authority and the authority of the US Office of the Trustee. You also failed to correct Apple that I can still in fact manage my own litigation and I am still party to that lawsuit. You also provided no ETA, plan, or next steps beyond that emergency stay -- and ignored my objections.

Apple then used your email about that stay to instead file motions accusing me of gross misconduct and trying to obstruct all of my litigation -- while concurrently referencing your email about a stay as some sort of implied agreement by you.

I warned you that based on my knowledge of Apple's litigation tactics, they will then use a decision from the court (expected as soon as 8/27) to get the rest of my pending litigation dismissed, which means we wouldn't have much to talk about -- due to your unliteral ex parte agreement with Apple about litigation you admittedly have not investigated and your refusal to respond to the aftermath of that agreement.

I warned you the court deadline for **our** response is August 27. I'm not asking you for legal advice -- I now **have** to consult with you on this because you inserted yourself into the litigation and Apple immediately exploited that. Further, Apple claimed you are the only party in my litigation, not me, and you did not correct Apple but instead replied agreeing to their requests.

So again, I'm not asking for legal advice -- I'm asking for you to partner with me to fix this mess, and warned that otherwise, I have to complain about your conduct and argue it was improper. I was trying to avoid that, even though I believe it was improper. I do not need my own lawyer -- I am trying to collaborate with the Trustee and not work against the Trustee. But your response informs me now that I was mistaken that there **is not** some larger coordinated effort and in fact it does appear that instead my assigned Trustee is apparently violating Bankruptcy rules, acting against my interests, violating my rights, and recklessly causing me harm.

Accordingly, I will escalate as needed in the civil court and bankruptcy court with the understanding that you did in fact intentionally interfere with and disrupt ongoing civil litigation, prior to any investigation of that litigation, without consulting me, and knowing you would be unavailable for any issues arising out of that decision, and refusing any request to respond to the consequences of those actions -- despite this litigation being the largest known potential asset in the estate.

I will still send you documents for the 9/8 meeting and talk to you then, but if you do not deal with the aftermath of your unliteral deal with Apple and their immediate weaponization of your mistake, I will exercise all of my rights including escalating what you've done to the Bankruptcy court and requesting sanctions and/or reassignment.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Tuesday, August 26th, 2025 at 3:07 PM, Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> wrote:

> Ashley
>
> Enough.
>
> As I have told you, neither I nor anyone else in my office, especially non-attorney staff, can give you legal advice or any other advice for that matter. I am not going to tell you what to do or what not to do. I am not your attorney. I am the bankruptcy trustee for your bankruptcy estate. I strongly suggest that you hire an attorney to represent you, pro bono if necessary. During our scheduled meeting on the eighth I will give you all the time necessary to discuss your various causes of action and anything else having to do with your bankruptcy case. I look forward to a productive discussion. I also look forward to reviewing your memos concerning your various causes of action. I will not be responding to any further emails until then.
>
> Mark.
>
>
> Sent from my iPhone
>
>
> **Mark G. DeGiacomo** | Partner
> Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com
>
> 
>
> **HARRISBEACHMURTHA.COM**
>
> Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
> 617.457.4000 | Fax: 617.482.3868
>
>  |  |  | 

## Re: Request for Criminal Investigation by U.S. Office of the Trustee and/or greater U.S. DOJ

| | |
|---|---|
| From | Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Jennifer Babula <jbabula@harrisbeachmurtha.com> |
| Date | Tuesday, August 26th, 2025 at 3:07 PM |

Ashley

Enough.

As I have told you, neither I nor anyone else in my office, especially non-attorney staff, can give you legal advice or any other advice for that matter. I am not going to tell you what to do or what not to do. I am not your attorney. I am the bankruptcy trustee for your bankruptcy estate. I strongly suggest that you hire an attorney to represent you, pro bono if necessary. During our scheduled meeting on the eighth I will give you all the time necessary to discuss your various causes of action and anything else having to do with your bankruptcy case. I look forward to a productive discussion. I also look forward to reviewing your memos concerning your various causes of action. I will not be responding to any further emails until then.

Mark.


Sent from my iPhone


**Mark G. DeGiacomo** | Partner
Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com



**HARRISBEACHMURTHA.COM**

Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320
617.457.4000 | Fax: 617.482.3868



> On Aug 26, 2025, at 2:02 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
>
>
> Hello,

As noted, Mr. DeGiacomo said he's out of office on vacation all week, and I need a response today or early tomorrow.

Is there anyone covering for him while he's out of office?

Assuming he's not checking emails on his vacation, all of this damage would be completed and potentially irreversible prior to his return.

He also sent an email to Apple inserting himself into this case and their specific motion, for whatever reason I do not know as he did not consult me -- but now I am tethered to him and this firm in my response in that litigation (Apple's arguing he is requesting/supporting a stay in the civil litigation, and using his Trustee authority to color their own deranged requests, while he's not even filed a notice of appearance), and via my duties to him and this firm in the bankruptcy proceeding.

I'd hope there's a different partner or lawyer I could speak with while Mr. DeGiacomo is out. If not, I feel the need to call the Office of the Trustee directly, but I do not want to escalate to that extent if there's any other option.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Tuesday, August 26th, 2025 at 1:53 PM, Jennifer Babula <jbabula@harrisbeachmurtha.com> wrote:

> Hi Ashley,
>
> I cannot give you legal advice and I am not an attorney.  Please send all correspondence to Trustee DeGiacomo.
>
> Thank you,
>
> Jennifer
>
>
> **Jennifer Babula** | Paralegal
> Direct: 617.457.4139 | Email: jbabula@harrisbeachmurtha.com
>
> 
>
> HARRISBEACHMURTHA.COM

# Request for Criminal Investigation by U.S. Office of the Trustee and/or greater U.S. DOJ

---

From     Ashley Gjovik <ashleymgjovik@protonmail.com>

To       Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>

Date     Monday, August 25th, 2025 at 9:56 PM

---

Dear Mr. DeGiacomo,

As the Chapter 7 Trustee in my bankruptcy case, it's my understanding that you serve as an officer of the federal bankruptcy court with mandatory reporting obligations to the U.S. Trustee Program regarding potential criminal conduct that could affect bankruptcy administration.

I formally request that you report the following conduct by Apple Inc. and their counsel at Orrick, Herrington & Sutcliffe LLP (including these individual attorneys) to the appropriate federal law enforcement authorities for investigation of federal criminal violations.

On August 25, 2025, Apple's counsel represented to you that they intended to file a simple "motion to stay" to allow you "time to determine how to proceed." What they filed is not that, and I will not even attempt to summarize it due to the overwhelming amount of legal issues -- but what's critically important as a threshold issue, is what they filed is not what they told you they would file; yet they implied, or even claimed, you approved what they did file -- and what they filed is also materially harmful to the interests of the estate and bankruptcy proceeding. Further, these are sworn statements, in federal documents, filed to the U.S. Courts and served to a Officer of the federal Courts.

This conduct also appears designed to specifically sabotage the estate's potentially multi-million dollar liquidation of this lawsuit against Apple, as well as any other legal claims the Estate may want to pursue.

For just this lawsuit, in prior case filings, I previously priced the retaliation/whistleblower claims against Apple at $30M based on just the compensatory damages (with my prior $380k+/year total compensation). Part of my RICO case also arises out of the retaliation claims and thus would provide treble damages. This is in addition to the ongoing criminal obstruction and retaliation harming my business interests, which would be additional RICO treble damages.

As you know, the Office of the Trustee has a fiduciary duty to consider pursuing Estate litigation in order to maximize recovery for creditors. My existing RICO claims allege an ongoing pattern of racketeering activity, and I believe Apple and Orrick's conduct tonight constitutes additional 18 U.S.C. § 1961-1968 predicate acts, including:

- 18 U.S.C. § 1001 (false statements to federal official)
- 18 U.S.C. § 1503 (obstruction of justice)
- 18 U.S.C. § 1512/1513 (more obstruction of justice)
- 18 U.S.C. § 1341/1346 (mail/wire fraud)

My RICO claims, as detailed in my Second and Third Amended Complaints, already named Orrick as an agent of Apple, and allege they are also part of Apple's Enterprise, including with attorney Jessica Perry named directly in the complaint.

Further, I believe Apple and Orrick's conduct likely also violates 18 U.S.C. § 152 and 18 U.S.C. § 157.

Also, notably, Apple is also listed as a creditor in this Chapter 7 proceeding, with the claim listed as "disputed." As you know, I reported that Ryan Booms of Orrick showed up to my 341 hearing last week on behalf of Apple, I complained of intimidation and harassment, and now Apple/Orrick claims in these filings that they attended and gathered evidence to support the improper motions they just served and filed to the federal courts, baseless accusing me of misconduct, trying to sabotage the litigation, and implying you approved of all of it. Booms filed a sworn declaration about his attendance at that meeting and claims it evidenced that I have no authority to participate in litigation and it was misconduct for me to continue to manage the day-to-day of my own lawsuit against Apple.

I respectfully request that you report this matter to the U.S. Trustee Program for criminal referral, consider this conduct when evaluating this litigation as a potential asset, and protect the estate's interests in the underlying RICO lawsuit.

I have and will preserve all evidence and will cooperate fully with any federal investigation.


Respectfully,
Ashley M. Gjovik
Chapter 7 Debtor


—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

------- Forwarded Message -------
From: Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
Date: On Monday, August 25th, 2025 at 7:47 PM
Subject: RE: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings
To: Perry, Jessica R. <jperry@orrick.com>
CC: mdegiacomo@harrisbeachmurtha.com <mdegiacomo@harrisbeachmurtha.com>, Ashley M. Gjøvik <ashleymgjovik@protonmail.com>, Riechert, Melinda <mriechert@orrick.com>, Mantoan, Kathryn G. <kmantoan@orrick.com>, Horton, Nicholas J. <nhorton@orrick.com>, Booms, Ryan <rbooms@orrick.com>

> (re-adding separate 7:10 and 7:36 PM emails to the chain below)
>
> Counselors,
>
> It appears that I sent my last email as you already filed nine separate documents (55 pages) to the docket at 7:07-7:10 PM ET, which despite what you said in your earlier email, seem to focus primarily around making false allegations against me of discovery misconduct, including and especially around our ongoing discovery disputes where I had been trying to meet with you in good faith prior to having to escalate the matters to the court -- and our most recent communications, as noted, simply stated you wouldn't engage with me further. In fact, in your "motions to stay" you even highlight my pending request for leave to file a motion for sanctions, as misconduct by

## Fw: Case 3:23-cv-04597-EMC Gjovik v. Apple Inc.

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Jennifer Babula<jbabula@harrisbeachmurtha.com>, <br> Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com> |
| Date | Tuesday, August 26th, 2025 at 2:05 AM |

Adding Ms. Babula for access to Apple's full attachments sent to Mr. DeGiacomo

As noted, I now have until 8/27 to respond to Apple's allegations and requests, which rather than reflecting a motion to say, are a nuclear assault on the this litigation and me, which Apple's motions imply was fully condoned by Mr. DeGiacomo.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.

------- Forwarded Message -------
From: Romero, Josette L. <jromero@orrick.com>
Date: On Monday, August 25th, 2025 at 7:16 PM
Subject: Case 3:23-cv-04597-EMC Gjovik v. Apple Inc.
To: mdegiacomo@harrisbeachmurtha.com <mdegiacomo@harrisbeachmurtha.com>
CC: ashleymgjovik@protonmail.com <ashleymgjovik@protonmail.com>, legal@ashleygjovik.com
<legal@ashleygjovik.com>, ashleymgjovik@protonmail.com <ashleymgjovik@protonmail.com>, Perry, Jessica R.
<jperry@orrick.com>, Mantoan, Kathryn G. <kmantoan@orrick.com>, Booms, Ryan <rbooms@orrick.com>, Riechert,
Melinda <mriechert@orrick.com>, Horton, Nicholas J. <nhorton@orrick.com>

> Mr. Degiacomo,
>
>
> Attached please find service copies of Defendant Apple Inc.'s Administrative Motion to Shorten Time and
> Motion to Stay pleadings in connection with the above-entitled matter.
>
>
> **Josette L. Romero**
>
> Executive Assistant

# Re: Request for Criminal Investigation by U.S. Office of the Trustee and/or greater U.S. DOJ

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To      Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>,
         Jennifer Babula<jbabula@harrisbeachmurtha.com>

Date    Monday, August 25th, 2025 at 11:41 PM

+ Ms. Babula, in case Mr. DeGiacomo is not checking emails while on vacation

I urgently need to speak with someone before August 27th about how to handle Apple's motion to stay and motion for expedited hearing.

The court has given me until 8/27 to respond to Apple's motion, but I'm in an impossible position:

If I don't oppose the motion vigorously: Apple's extensive false allegations against me become uncontested, making it appear I engaged in litigation misconduct that harmed both the lawsuit and the bankruptcy estate. This will also prejudice the court against me just before we were to proceed to summary judgement -- which relies entirely on the same Judge's legal and credibility judgements. Further, this litigation is about my claims as a whistleblower/victim/witness/employee, so any harm to my reputation with this court is direct harm to the credibility of my claims underlying all of the litigation.

If I do oppose the motion: I must argue that the Trustee violated his duties by approving a stay without consulting me, has no court-approved counsel for retaliation litigation, and made asset decisions without investigation -- and detail why a stay would actually severely harm my litigation posture, complaining the Trustee never even consulted me about this impact as is required and expected in his role. I would also need to disclose the asset/no-asset transition and thus also possible NEU/FCA matters to explain why the estate's priorities appeared to have changed after the August 5th hearing, because Apple quoted me about "abandoning claims" repeatedly in both of these filings. I would also need to complain the law Apple cited refers to decisions to initiate new pecuniary litigation, not to immediately become the head litigator for ongoing litigation -- which would either make the Trustee's unilateral approval of the stay look foolish or make me look like I don't know what I'm talking about and that I'm disrespecting the DOJ.

The Trustee's written approval of Apple's request is now a formal court exhibit. No matter how I respond, I will be damaging either the estate's interests, my own position, or the Trustee's credibility - and potentially interfering with federal operations I'm not privy to.

I need guidance on how to protect the estate's interests without compromising federal matters or my relationship with the Trustee. Further, at this point, because of the Trustee's unilateral approval of a stay without consulting me, and my good faith objections in email, both now being exhibits for motions almost entirely centered around accusing me of misconduct, I don't think there is anything I can file myself that would not cause more harm in this situation.

No matter what I would file myself on 8/27, there is no way I can mitigate the damage to the Estate from what was filed today because the Estate is almost entirely based on claims arising from me and my credibility.

Is there anyone available to discuss this before the 8/27 deadline?

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, August 25th, 2025 at 11:09 PM, Ashley M. Gjovik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> I also just received the transcript of the hearing that Apple are referencing and its attached. When Apple said I said that the Trustee would likely abandon the litigation, what Apple is referring to is this part of the 8/5 transcript below -- which was prior to my case being switched to an asset case, and at that time being a no-asset case, and as such there would have been little if any justification to use tax payer funds to enter this scorched earth four-year litigation with Apple, when Apple made it clear they do not want to even discuss a settlement even in that meeting.
>
> Which I just realized means, that in order to properly defend my interests in my 8/27 response, I would need to disclose the mysterious no-asset to asset transition in the Ch7 proceeding, and my theories about why that occurred and why I think its unrelated to this Apple litigation, and why the Trustee would be focused on other matters; and I'd also have to complain that you never consulted me prior to agreeing to the stay or making the asset conversion -- which then compels me to publicly disclose on the record in this Apple case the possible DOJ NEU/FCA action or otherwise my alternative theory, that you're actively violating Bankruptcy laws and Trustee duties.
>
> Otherwise, Apple is making it appear like I am sabotaging my own Estate and misleading the court. But then, in me defending the Estate, I would then be sabotaging my own Estate and trashing my Trustee.
>
> At this point, because you agreed with them to stay my litigation without consulting me, and provided them an authorization that is very likely to make the court proceed with approving their request, unless I fight to protect my own rights --- I now feel forced and compelled to take actions that I know that no matter what I do are likely to harm the Estate and interfere with DOJ operations.
>
> Apple absolutely orchestrated this.
>
> -Ashley
>
> THE COURT: All right. Thank you, Ms. Riechert. So I see in July the plaintiff filed Chapter 7 in Massachusetts.
> MS. GJOVIK: That's correct, Your Honor.
> THE COURT: How does that affect these proceedings?
> MS. GJOVIK: It's my understanding that until the appoint[ed] trustee abandons it, that any kind of settlement agreement would need to go through him as he's now taken control over any pending litigation that could be

used to pay the creditors, however, Apple has made it their position clear throughout they have no interest in settling so I expect the

trustee will likely abandon it after our first meeting with the creditors which is August 21st.

THE COURT: So right now, the trustee hasn't abandoned it so that means technically control of litigation is still -- at least until that abandonment -- is up in the air?

MS. GJOVIK: Correct. So I gave him notice that we were having a status meeting today and sent him a copy of the joint case management statement and asked him how involved he would like to be. It's my understanding they have very full plates and they can't do everything so I've disposed all the pending litigation. It's up to him to decide if he wants to step in, but the primary concern would be getting a settlement to pay the creditors. So I think from Apple's position, it seems like he probably would not be involved.

THE COURT: Well, then let me ask because I know you had met with Judge [Tse] and the case did not resolve. Where did you leave it with Judge [Tse]? Is there any plans for any future meetings or at some point a check-in or anything? Where did you all leave it with Judge [Tse]?

MS. GJOVIK: I mentioned it when I talked -- so I had expressed concerns at the beginning of it that Apple had seemed like they weren't actually interested in a conference, and from what I heard, they positioned it as if they -- I asked it for not them and that they were offended to even be there. And at the end after I explained I thought it would be helpful to have evidence to review instead[] he agreed. And he said if we were to have another one, it would be helpful to actually review some evidence. And I concur. I think early neutral evaluation would be exceptionally helpful. I had raised eagerness for some sort of summary judgment motion to move this along. Perhaps early neutral evaluation is a good reality check reinforcement function for both parties to look at what evidence is on hand and where we both stand.

THE COURT: All right. Ms. Riechert, your view of ADR process and where it goes from here.

MS. RIECHERT: Yes. We did attend the settlement conference. We came with settlement authority. Based on what the magistrate said, he said there was no hope that the case would be settled and we ended the settlement conference.

MS. GJOVIK: So, Your Honor, just to be clear, I made clear that I was willing to discuss settlement and no offer was ever made.

THE COURT: All right. Let me ask defendants reaction to the idea of E[N]E with evidence presented to get an E[N]E evaluation. What's your view of that, Ms. Reichert?

MS. RIECHERT: We don't think that's productive Your Honor. There's a very far -- based on the

settlement conference, the parties are very, very far apart on their ideas of the settlement value of this case.

THE COURT: All right. If this case does not get resolved by settlement -- and takes two to tango, obviously -- it sounds like -- I know there's some discovery disputes but that's a matter for Judge Westmore. I believe she's the one assigned to this and will be facing and addressing those issues.

(attached).

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](Proton Mail) secure email.

On Monday, August 25th, 2025 at 10:40 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> FYI, the Court now just further shortened my time for a response to Apple's Emergency Motion, saying I have to file my response by Aug 27 2025, instead of Aug 29 2025.

See below.

Apple's motions claimed its misconduct for me to even file motions or participate in litigation in this case -- statements which I believe to be illegal threats and intimidation by Apple and Orrick, and you're on vacation, so unless I hear otherwise, I'll file something myself by end of day the 27th.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

------- Forwarded Message -------
From: ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
Date: On Monday, August 25th, 2025 at 10:18 PM
Subject: Activity in Case 3:23-cv-04597-EMC Gjovik v. Apple Inc. Order
To: efiling@cand.uscourts.gov <efiling@cand.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered on 8/25/2025 at 7:17 PM and filed on 8/25/2025

| | |
|---|---|
| **Case Name:** | Gjovik v. Apple Inc. |
| **Case Number:** | [3:23-cv-04597-EMC](#) |
| **Filer:** | |
| **Document Number:** | 249(No document attached) |

**Docket Text:**
**ORDER. Plaintiff shall file a response to [248] Defendant's motion to shorten time by 8/27/2025. Absent further order of the Court, there shall be no reply. Signed by Judge Edward M. Chen on 8/25/2025.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(emclc2, COURT STAFF) (Filed on 8/25/2025)**

# Re: Request for Criminal Investigation by U.S. Office of the Trustee and/or greater U.S. DOJ

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To    Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com>,
    Jennifer Babula <jbabula@harrisbeachmurtha.com>

Date    Tuesday, August 26th, 2025 at 1:23 PM

Hello,

I have not received a response yet and I feel the need to underline that this Judge tends to rule in favor of Apple, regardless of whatever it is Apple asks for. This civil lawsuit, through Apple's five motions to dismiss and other lawfare, has created horrible rulings that are in direct contradiction to the 9th Circuit and California precedent, and federal statutes and DOJ directives, yet the 9th Circuit has denied my attempts to appeal twice.

I also have to stress in what might be a final warning before it's too late, that Apple is notorious for scorched earth, bad faith litigation with even federal Judges complaining in lawsuits filed by the U.S. government that Apple has a "blatant and aggressive disregard for the law." (see, *U.S. v Apple Inc,* F.Supp.2nd 263 (S. Dist. of NY 2014); *U.S. v Apple Inc,* 787 F.3d 131 (2nd Circuit 2015)). Apple's also engaged in egregious harassment of federal monitors in that U.S. government lawsuit, even forcing a monitor in an antitrust judgement, a prior IG and DOJ official, to file motions to the federal court asking for intervention due to Apple's harassment and obstruction, and upon which Apple claimed that was misconduct by the monitor. This is one of the reasons I filed this case as a RICO lawsuit, because RICO litigation does not provide litigation privilege if the misconduct is part of the racketeering,

In the pending motions, because Apple's motion grossly misstated bankruptcy law and rules, while executing an assassination attempt on my character and credibility, and because the Judge is likely to find in favor of Apple regardless of what Apple asks for (possibly already evidenced by him shortening my 4 day deadline in half) -- regardless of his stated reason for granting what Apple wants, it could create federal precedent that a creditor and retaliating employer, arguing in a whistleblower suit, that (after they drag out any resolution for the retaliation claims for four years) if the employee is driven into bankruptcy, the employee/debtor can no longer continue to litigate any retaliation claims against the employer and upon filing bankruptcy automatically lose standing in any in progress litigation, even if it was already underway for two+ years. If the court grants this stay based on Apple's arguments, even implicitly, Apple is certain to then bring that decision to the NLRB and U.S. Dept. of Labor, and attempt to use it as reason to dismiss the Estates claims there as well, or else immediately put the burden on the Trustee to make some sort of formal decision. If Apple is also conspiring with Northeastern University as I suspect, then Northeastern would do the same to get their case dismissed. Reminder: Apple's own defense counsel is set to be the new General Counsel of the NLRB; and I've seen Apple do exactly these kinds of things for four years now.

In addition, this would all then imply, that regardless of a debtor's potential assets, the Office of the Trustee would need to step in and hire lawyers and law firms to immediately file notice of appearance, and formally take over any and all pending litigation for any debtors who enter bankruptcy with pending litigation. It would also imply that any standing a person had in pending litigation is immediately extinguished upon filing for bankruptcy, and that if there is a case the gov would not have standing for to pursue themselves (see below for example), then that claim would be completely extinguished. This would cause people not file for bankruptcy -- and honestly, I spent hours last night

wondering if I need to now withdraw from bankruptcy in order to protect my last remaining hope in obtaining remedies that could allow me to rebuild my life -- which is exactly contrary to the whole point of bankruptcy.

Further, Apple would then certainly also use the court's decision, or their own pending motion if he still allows a hearing, to block the EPA Citizen Suit (fully injunctive, not an estate asset, no cost to estate, no government standing to sue itself for injunctive relief, though case and intent were disclosed at Dkt. 17) that I have very publicly stated I'd file 9/2, already completed an extensive sixty-day notice process, following two years of collaboration with the EPA enforcement teams and leadership, had NBC News cover our rally in preparation on 8/16, and already have been fundraising the filing fees. Apple would assumably cite the Trustee's "approved" stay as reason why it should be dismissed, attaching the character assassination and arguing even the Trustee says I can't litigate it without the Estate/Trustee ever saying that, force me to attack the Trustee in that court arguing the US gov cannot stop me from filing a case specifically intended to force US gov action when there are active public safety issues and the gov is not acting, and thus create estoppel and/or severe prejudice if I have to refile later as I can only file in that one court next to the factory -- along with wasting ~$900 of public donations for filing fees and service. What Apple filed last night is an overt threat against me that if I file that environmental citizen suit on 9/2, they will waste the funds raised, defame me and ruin my reputation in that court, force me to attach my own Trustee and Estate in order to pursue it, and further retaliate against me for me having to file bankruptcy, even though they drove me into bankruptcy.

If the court grants Apple's request as written, it would also normalize that a creditor with a disputed claim in a bankruptcy proceeding can unilaterally contact the Trustee for that case, make decisions about management of litigation unrelated to that actual debt with the same debtor, that negatively impact the debtor and the Estate, without the Trustee consulting the debtor, declare the debtor is not even part of their own lawsuit, and simply attach any informal email from a private Trustee with two sentences --- and then any defendant may then halt in progress federal litigation regardless of the debtor/plaintiff's objections, actual bankruptcy law, or the Trustee's actual intentions.

This may sound extreme, but Apple has been able to achieve similarly outrageous decisions in this case that currently are still on the books.

Similarly, in just July, Apple formally escalated to our discovery judge, asking the Judge to tell Apple's lawyer it was okay for her engage in unlimited harassment against me in the civil litigation, saying that harassing me was her job, and expressly said she's concerned that I may commit suicide due to the harassment, but she/Apple wanted the Judge to tell her that it's not her/Apple's fault if she/Apple drive me to suicide through their harassment in the lawsuit. The Judge commented it wouldn't be her fault if their harassment causes me to commit suicide, and then lectured me about how I need to expect for Apple and their counsel to engage in bad faith conduct and harassment, and to not express emotions in court or complain about harassment. This was July 2025 and there's a formal transcript. I filed for bankruptcy a few weeks later.

I also must stress, that based on the amount of work put into what Apple filed last night, it seems clear that they likely already spent more money on those motions, then my total Ch. 7 debt owed.

-Ashley

P.S. today is my birthday, and this is what I have to deal with, along with worrying about being imminently homeless.

—

**Ashley M. Gjøvik**