DEBTOR'S MOTION FOR ORDER
TO SHOW CAUSE AND SANCTIONS
AGAINST CREDITOR APPLE INC. (21011446)

CHAPTER 7 CASE NO: 25–11496

# EXHIBIT E

AUGUST 28 2025

# Re: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings

| | |
|---|---|
| From | Mark G. DeGiacomo <mdegiacomo@harrisbeachmurtha.com> |
| To | Perry, Jessica R.<jperry@orrick.com> |
| CC | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>, Ashley Gjovik<ashleymgjovik@protonmail.com>, Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Monday, August 25th, 2025 at 10:54 AM |

I have no objection to the administrative motion to shorten time and I can confirm that I agree with the entry of a stay pending my decision on how to proceed.


Sent from my iPhone


**Mark G. DeGiacomo** | Partner
Direct: 617.457.4039 | Email: mdegiacomo@harrisbeachmurtha.com



**HARRISBEACHMURTHA.COM**

Boston Office | 33 Arch Street, 12th Floor, Boston, MA 02110-2320

617.457.4000 | Fax: 617.482.3868



> On Aug 25, 2025, at 10:27 AM, Perry, Jessica R. <jperry@orrick.com> wrote:

Mr. DeGiacomo and Ms. Gjovik:

I write to advise that Apple intends to file a motion to stay today in N.D. Cal. Case No. 23-cv-04597 – a prepetition litigation brought by Ms. Gjovik, which is now property of her Chapter 7 bankruptcy estate (*see In re Bronner,* 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992)) – to allow the Trustee time to determine how to proceed in this action as the real party in interest.

We will also be filing an administrative motion to have the motion to stay be heard on shortened time, and will request that the hearing on the motion to stay be held next Thursday, September 4, 2025 at 1:30 p.m. PT (with any opposition due by August 29 and any reply due by September 2).

Although we believe only the Trustee's agreement/stipulation to the motion to shorten time is necessary (given that the Chapter 7 bankruptcy estate, not Ms. Gjovik, is the lone party with standing at present to continue the case), we would appreciate hearing from each of you whether you will agree/stipulate to the administrative motion to shorten time. We would also appreciate confirmation that the Trustee agrees that entry of a stay would be appropriate in this circumstance.

Thank you,
Jessica

**Jessica Perry**
Partner

Orrick
Silicon Valley   <image001.jpg>

T +1-650-614-7350

jperry@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**3.90 KB**  2 files attached

image001.jpg 909 bytes    image002.png 3.01 KB

# RE: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings

| | |
|---|---|
| From | Perry, Jessica R. <jperry@orrick.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com> |
| CC | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>, Ashley Gjovik<ashleymgjovik@protonmail.com>, Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Booms, Ryan<rbooms@orrick.com> |
| Date | Monday, August 25th, 2025 at 9:20 PM |

Ashley,

We object to your attempt to distort the record by intersplicing emails here that are not sequential in a chain.

We also disagree with your characterization and misrepresentations of our prior communications and our filing today.

Regards,

Jessica

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, August 25, 2025 4:47 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** mdegiacomo@harrisbeachmurtha.com; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings

[EXTERNAL]

(re-adding separate 7:10 and 7:36 PM emails to the chain below)

Counselors,

It appears that I sent my last email as you already filed nine separate documents (55 pages) to the docket at 7:07-7:10 PM ET, which despite what you said in your earlier email, seem to focus primarily around making false allegations against me of discovery misconduct, including and especially around our ongoing discovery disputes where I had been trying to meet with you in good faith prior to having to escalate the matters to the court -- and our most recent communications, as noted, simply stated you wouldn't engage with me further. In fact, in your "motions to stay" you even highlight my pending request for leave to file a motion for sanctions, as misconduct by me that has harmed Apple. That's not what you said these motions were about, and even if you did, you know that's improper.

You now claim that my FRCP discovery requests, my proper and good faith objections, my attempts to meet/confer, and even my requests to partner with Apple to write joint letters were done in bad faith, were misconduct, and were somehow abusive and prejudicial to Apple. This appears to be your primary justification for these motions to stay, and in addition to your prior misinterpretation of bankruptcy law, this also has no basis for these motions. However, what you've now done is absolutely outrageous and completely unacceptable, and I'm speechless at how to even respond to this conduct.

Instead of filing a motion to stay and administrative motion asking to make it an emergency stay, you have preempted my ability to properly escalate discovery disputes to our discovery judge. Instead you raised dozens of issues directly to the U.S. Judge while making false statements against me, baselessly accusing me of misconduct, forcing me on the defensive, and further, and most egregious and completely out of line, is you are forcing me to respond to ALL OF THIS by August 29 2025, knowing this week I'm working on my EPA Citizen Complaint to be filed on 9/2. You know, now I have to spend all week responding to you essentially filing what consists of probably 20 separate motions at once, with a four day deadline for my response. This is honestly one of the craziest and most inappropriate things you've done in this litigation.

I honestly don't even know how I could possibly respond to all of those allegations against me, all of the misstatements, and also put forward my own escalations as I had previously planned to, AND ALSO respond to the Motion to Stay/Request for Emergency Motion that you had originally said this was about, and which I already said I did not have time to oppose under the schedule you proposed, and asked you repeatedly to meet/confer with me in good faith. Instead you've filed what's essentially a nuclear warhead attack on this litigation and on me, including extensive smears and false allegations.

I'm still sorting through the pages and pages you just filed, but I'll also note is appears you are justifying Ryan Booms presence at my 341 meeting as gathering intelligence you then plan to use as part of the basis for your emergency motion to stay, that is also concurrently based on your false allegations of misconduct by me, and which basically, based on what you alleged, asks the court to sanction me and dismiss the entire lawsuit, which is just like mindbogglingly evil and inappropriate.

There's literally no way I can even possible begin to properly oppose the hundreds of things you just queued up in these motions, that have a material impact on my litigation and reputation, and put me at risk for sanctions from the

court, in literally four days. Again, this is a blitzkrieg attack that could tank this entire litigation, without even telling me or the Trustee what you actually had planned, and doing this when you know my Trustee is on vacation and I cannot even consult with him about how to deal with this -- since what you've done isn't to ask for stay -- what you've done is attempted to get the entire case dismissed based on false allegations of misconduct by me. This would be outrageous for me to have to respond to under a normal timeline, let alone four days.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.


On Monday, August 25th, 2025 at 7:36 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> You are incorrect. I emailed you back prior to you sending this email. Please stop trying to create a false record.
>
> Our motion is on file.
>
> Thanks,
> Jessica


On Monday, August 25th, 2025 at 7:10 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Apple counsel,
>
> As it is now 7pm ET / 4pm PT, and I have received no response from you to any of my emails today, I write you again, to urge you to meet and confer with me about these motions prior to and instead of your prior stated plan to

file your motions by end of day today under a unilateral declaration that I no longer have any authority or agency in my own lawsuit against you.

I propose we schedule a Zoom video conference meet and confer for later this week to discuss your concerns (whatever they may be). Perhaps we can reach a compromise regarding any legitimate issues or concerns. I can make myself available to meet with you on a 30min-1hr video call this Thursday or Friday (8/28-8/29) anytime between 9am-3pm PT (12pm-5pm ET).

Please let me know. Let's please talk through whatever this is about in good faith.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 7:03 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley:

We believe you are mistaken that this is still your lawsuit to manage and control. We cited in our initial email authority supporting our motion to stay.  See *In re Bronner*, 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992) (noting the rule that prepetition legal claims become "property of the estate as of the commencement of [a Chapter 7 bankruptcy] case"); *see also id*. at 647 (citing 11 U.S.C. § 541(a)(1)) ("A debtor's estate is comprised of all legal or equitable interests owned by the debtor as of the commencement of the case. Title to estate property generally remains in the trustee unless the property is abandoned or intentionally re-vested.").

Other courts hold similarly and underscore that where a trustee has not abandoned prepetition legal claims, a plaintiff/debtor lacks standing to prosecute them. *See In re Meehan,* No. AP 13-01208-ES, 2014 WL 4801328, at *4 (B.A.P. 9th Cir. Sept. 29, 2014), *aff'd*, 659 F. App'x 437 (9th Cir. 2016) ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate. The debtor can pursue such claims only if they are abandoned by the estate.") (citations omitted); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) ("Because a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor.") (citation omitted); *In re Harris*, 450 B.R. 324, 335 n. 46 (Bankr. D. Mass. 2011) (holding that where prepetition claims "have not been formally abandoned by the Trustee, … it remains the Trustee, and not the Debtor, who has standing to prosecute those claims") (citations omitted).

We will proceed to file our motion to stay, and are requesting a briefing schedule that permits time for opposition and reply briefs.

As to my emails to you regarding the meet and confer process related to your interrogatories, your characterization is inaccurate.

Regards,
Jessica

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, August 25, 2025 2:53 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** mdegiacomo@harrisbeachmurtha.com; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** Re: Motion for Stay in Gjovik v Apple in ND Cal in light of Chapter 7 bankruptcy proceedings

[EXTERNAL]

Apple counsel,

I'm checking in again and asking for your response to my request for information, as detailed and sent to you nearly five hours ago.

Mr. DeGiacomo is on vacation, and I am not scheduled to speak with him or anyone else at/with Office of the Trustee regarding my bankruptcy case until Sept. 8 2025 at the earliest. There has been not yet been any substantive discussion about this civil litigation in my bankruptcy case, and thus this threatened request for an emergency stay appears to be originating unilaterally from Apple.

Therefore, my requested information about the statements you made this morning and your threat to file these motions by EOD today regardless of my position, needs to be provided to me and would only come from Apple's counsel.

This is still my lawsuit, I am still managing it, and you need to make an attempt to meet/confer with me in good faith prior to filing motions like this. There is no rule, law, or policy that says once someone files bankruptcy that the DOJ Office of the Trustee would suddenly by default have to approve each and every motion that person files or any litigation decision that person makes -- other then matters related to settlements (which you said on the record on 8/5 that you do not want to discuss and see no point in any further conference).

You cannot just unilaterally declare that I'm no longer party to this lawsuit, or this is no longer my lawsuit, or that I cannot file or respond to motions in my own lawsuit without DOJ approval. That's absurd.

Thus far, I've heard nothing from you other than your three emails at midnight last night essentially saying you won't talk to me anymore going forward (again). The Court already told you that you can not say that and you have to participate in this proceeding, including at least some form of meet/confer. Then this morning you now claim this isn't even my lawsuit anymore -- which is inaccurate and bizarre.

It's already past 5PM my time and tomorrow is my birthday. I'd prefer to not have to deal with this matter late tonight or at all tomorrow. If we can instead please meet/confer this week about whatever your actual concerns are, perhaps we can sort out a compromise and avoid unnecessary motion practice.

To start, please respond to my earlier questions and my request for information.

Thank you.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 12:57 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> I am unable to respond to you substantively at this time other than to object, because there's no disclosed legal basis for this request. As a preliminary matter, I seek information as to the basis for requesting a stay, and why that stay would be considered an emergency.
>
> In my Bankruptcy case, the Trustee has not consulted me regarding any Trustee plans or interest in this *Gjovik v Apple* civil litigation, or told me there was any communication with Apple about this litigation, or about any of my other litigation with Apple. This is required under Rule 2015(a) and 11 U.S.C. § 704(a)(9) prior to intervening or otherwise disrupting a debtor's pending affairs -- unless some other federal statute preempts this request, but that has not been disclosed to me.
>
> While the U.S. government controls my pecuniary legal claims during a Chapter 7 bankruptcy proceeding, this case also includes injunctive and declaratory relief, as well as punitive damages and statutory fines. I also have a right to information about estate administration as a "party in interest," and as of now, that has not been provided to me regarding this request.  See, 11 U.S.C. § 704(a)(9).

Further, there are no approved employment applications for Trustee lawyers to manage this litigation generally, nor are there any pending applications for employment/labor attorneys who would know how to properly manage the litigation of the retaliation claims. See, Rule 2014 and 11 U.S.C. § 327(a).

In addition, while the DOJ abruptly and without explanation switched my bankruptcy case from "no asset" to "asset," as of today, no one has informed me what DOJ thinks that asset is (which is required by bankruptcy law). To my own actual knowledge, I have no vested assets and no funds that could pay creditors, and as such my bankruptcy would be a full discharge. Therefore, there's no apparent basis that could justify stopping litigation midway and investing government resources (and taxpayer dollars) into this long-running civil litigation without even consulting the Plaintiff/Debtor.

This civil litigation has been ongoing since September 2023, with the similar adjudications ongoing since August 2021, and counsel from Orrick retained to defend Apple from my retaliation claims starting in August 2021 (four years ago). The next civil case events are a deadline for a Joint Case Management Report on October 14 and a Status Conference on October 21. (Dkt. 242). Beyond that, I have a pending motion for leave to request sanctions against Apple, two notices of requests for depositions of Apple employees in September 2025 pending with Apple, and multiple discovery disputes awaiting Apple's response.

Most recently, I formally complained to Apple/Orrick about improper discovery misconduct that would be a new basis for sanctions and asked Orrick to file a joint letter to the court about it, and also complained about what appeared to be intimidation and harassment by their counsel at my 341 meeting on 8/21. Orrick responded late last night (on a Sunday) refusing to meet/confer on open issues or discuss further. As such, this request to stay, based on my own knowledge, thus appears to be Apple's attempt to obstruct my open requests and planned escalations.

The legal standard for granting a stay of litigation is clearly not met here, and no one has attempted to provide a proffered legal basis as to success on the merits, irreparable harm in the absence of relief, the balance of equities, or the public interest -- or even basic justification as to why it would be needed considering there are no major case events until an October 21 2025 status conference -- more than two months away. Similarly, a request could simply be filed to reschedule that conference instead of stay all litigation, if there was even a justification for that.

Even more untethered is any supposed basis to treat this request as an emergency motion for a stay, where supposedly irreparable harm would occur during the time needed to consider a response. Yet no one has offered any sort of basis for the request, the request appears to directly conflict with and violate bankruptcy rules and norms, and there's no case events or outcomes impacted by Trustee consideration in parallel with ongoing litigation. Thus the request instead appears to be Apple's counsel trying to avoid their discovery obligations and the consequences for their prior discovery misconduct in this case.

To both Apple and the Trustee, I request more information about what this request is about, why its being made, and what the justification is.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, August 25th, 2025 at 10:27 AM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Mr. DeGiacomo and Ms. Gjovik:
>
> I write to advise that Apple intends to file a motion to stay today in N.D. Cal. Case No. 23-cv-04597 – a prepetition litigation brought by Ms. Gjovik, which is now property of her Chapter 7 bankruptcy estate (*see In re Bronner,* 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992)) – to allow the Trustee time to determine how to proceed in this action as the real party in interest.
>
> We will also be filing an administrative motion to have the motion to stay be heard on shortened time, and will request that the hearing on the motion to stay be held next Thursday, September 4, 2025 at 1:30 p.m. PT (with any opposition due by August 29 and any reply due by September 2).
>
> Although we believe only the Trustee's agreement/stipulation to the motion to shorten time is necessary (given that the Chapter 7 bankruptcy estate, not Ms. Gjovik, is the lone party with standing at present to continue the case), we would appreciate hearing from each of you whether you will agree/stipulate to the administrative motion to shorten time.  We would also appreciate confirmation that the Trustee agrees that entry of a stay would be appropriate in this circumstance.

Thank you,

Jessica

**Jessica Perry**

Partner

Orrick

Silicon Valley

T +1-650-614-7350

jperry@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

> **NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.
>
> In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at [https://www.orrick.com/Privacy-Policy](https://www.orrick.com/Privacy-Policy) to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at [https://www.orrick.com/Privacy-Policy](https://www.orrick.com/Privacy-Policy) to learn about how we use this information.