1  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
2  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:    +1 650 614 7401

6  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA 94105-2669
9  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
10
   RYAN D. BOOMS (SBN 329430)
11 rbooms@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12  2100 Pennsylvania Avenue NW
   Washington, D.C. 20037
13 Telephone:    +1 202 339 8400
   Facsimile:    +1 202 339 8500
14
   Attorneys for Defendant
15 APPLE INC.

16

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                     SAN FRANCISCO DIVISION

20

21 ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC

22            Plaintiff,                   **DEFENDANT APPLE INC.'S REPLY IN
                                           SUPPORT OF ITS MOTION TO STAY
23      v.                                 IN LIGHT OF BANKRUPTCY
                                           PROCEEDINGS**
24 APPLE INC.,
                                           Date:     October 23, 2025
25            Defendant.                   Time:     1:30 p.m.
                                           Dept:     Courtroom 5, 17th Floor
26                                         Judge:    Honorable Edward M. Chen

27

28

1

**TABLE OF CONTENTS**

2
**Page**

3    I.    INTRODUCTION ........................................................................................ 1

4    II.   THE TRUSTEE HAS THE EXCLUSIVE AUTHORITY TO PROSECUTE THIS
          CASE, AND A STAY IS APPROPRIATE BOTH TO ALLOW HIM TIME TO
5         DECIDE HOW TO PROCEED AND, IF NECESSARY, TO ALLOW THE
          BANKRUPTCY COURT TO DECIDE ANY CHALLENGE TO HIS
6         AUTHORITY ............................................................................................... 1

7         A.    The Trustee Is the Presumptive Real Party in Interest for All Prepetition
                Claims, Whether Disclosed or Not, Unless and Until He Abandons Them,
8               Regardless of the Status of His Investigation of Such Claims.............................. 3

9         B.    Plaintiff/Debtor's Claimed Exemption Does Not Confer Standing on Her to
                Prosecute This Lawsuit, and Whether This Litigation Is Exempt Must Be
10              Resolved in the Bankruptcy Court ....................................................................... 5

11   III.  APPLE FILED ITS MOTION TO STAY PROMPTLY ................................. 6

12   IV.   PLAINTIFF/DEBTOR'S REMAINING ARGUMENTS ARE IRRELEVANT
          AND IMPROPER ......................................................................................... 8

13        A.    The Law Governing 11 U.S.C. § 362 Automatic Stays Is Irrelevant ..................... 8

14        B.    Plaintiff/Debtor's Speculation About the Trustee's Agreement to Stay Is
                Irrelevant ............................................................................................................ 8
15
          C.    This Is the Correct Forum for This Motion............................................................ 9
16
          D.    11 U.S.C. § 525 Does Not Apply Here .................................................................. 9

17        E.    Apple's Motion Is Not About Any Misconduct by Plaintiff/Debtor ...................... 9

18        F.    Apple Has Not "Weaponiz[ed]" Bankruptcy Procedures ...................................... 9

19        G.    Apple's Production of Documents Is Irrelevant.................................................... 10

20        H.    Plaintiff/Debtor's Request for Additional Relief Is Improper and
                Unfounded.......................................................................................................... 10
21
          I.    Apple Did Not Interfere with Any Unidentified FCA Enforcement Action......... 11
22
     V.    CONCLUSION......................................................................................... 11

23

24

25

26

27

28

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AIG Ret. Servs., Inc. v. Altus Fin. S.A.*,
No. CV 05-1035-JFW (CWX), 2011 WL 13213601 (C.D. Cal. Aug. 26, 2011) ................... 7

*Barletta v. Tedeschi*,
121 B.R. 669 (N.D.N.Y. 1990) ........................................................................... 4, 5

*In re Bronner*,
135 B.R. 645 (B.A.P. 9th Cir. 1992) ........................................................... 3, 5, 6

*Chapman v. Bd. of Cnty. Comm'rs of Douglas Cnty.*,
107 U.S. 348 (1883) ...................................................................................... 6, 7

*DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*,
448 F.3d 460 (1st Cir. 2006) ........................................................................ 4, 5

*In re DiSalvo*,
219 F.3d 1035 (9th Cir. 2000) ..................................................................... 4, 5

*In re Harris*,
450 B.R. 324 (Bankr. D. Mass. 2011) ......................................................... 3, 5

*In re Jacksen*,
105 B.R. 542 (B.A.P. 9th Cir. 1989) ................................................................ 4

*Katz v. Comm'r of Internal Revenue*,
335 F.3d 1121 (10th Cir. 2003) ...................................................................... 2

*Lennear v. Diamond Pet Food Processors of Cal., LLC*,
147 F. Supp. 3d 1037 (E.D. Cal. 2015) ........................................................... 4

*Mar. Elec. Co. v. United Jersey Bank*,
959 F.2d 1194 (3d Cir. 1991) ..................................................................... 2, 3

*In re PG&E Corp. Sec. Litig.*,
100 F.4th 1076 (9th Cir. 2024) ...................................................................... 3

*United States ex rel. Reed v. Callahan*,
884 F.2d 1180 (9th Cir. 1989) ....................................................................... 7

*Slater v. U.S. Steel Corp.*,
871 F.3d 1174 (11th Cir. 2017) ..................................................................... 4

*United HealthCare Corp. v. Am. Trade Ins. Co.*,
88 F.3d 563 (8th Cir. 1996) .......................................................................... 7

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

*Whelan v. Abell*,
   953 F.2d 663 (D.C. Cir. 1992) ................................................................... 7

**Statutes**

11 U.S.C. § 323 ................................................................................................. 3, 4

11 U.S.C. § 362 ................................................................................................. 3, 8

11 U.S.C. § 525 ................................................................................................. 9

11 U.S.C. § 1101 .............................................................................................. 4

**Other Authorities**

Fed. R. Bankr. P. 6004 ..................................................................................... 5

Fed. R. Bankr. P. 6009 ............................................................................. 1, 3, 4, 5

1

## I.    **INTRODUCTION**

2
Apple's Motion to Stay Proceedings rests on a straightforward principle: the Trustee of the

3
Chapter 7 Estate is presumptively the real party in interest with the exclusive authority to prosecute

4
this case, and a stay is appropriate to allow the Trustee time to decide how to proceed.

5
Plaintiff/Debtor cites no authority that contradicts this principle but, instead, misleadingly edits

6
Federal Rule of Bankruptcy Procedure 6009 (among other misstatements of bankruptcy law) to

7
suggest a debtor in Chapter 7 bankruptcy may prosecute a prepetition legal claim. Not so. Rule

8
6009 is limited to trustees and debtors in possession, the latter of which does not apply in Chapter

9
7 bankruptcy proceedings. A stay of this action is appropriate to allow the Trustee time to decide

10
how to proceed.

11
Plaintiff/Debtor's opposition and concurrent filings in the bankruptcy court confirm that she

12
intends to challenge the Trustee's right to prosecute this action through rulings in the bankruptcy

13
proceedings. While the Parties agree that any such challenge must be decided in the bankruptcy

14
court, that does not mean Plaintiff/Debtor has a right to prosecute this action until that issue is

15
decided and she provides no authority allowing her to prosecute this action until then. A temporary

16
stay of this matter while that issue is resolved is the only just result.

17
None of Plaintiff/Debtor's further arguments warrants any other result. Apple did not sleep

18
on its rights; instead, it filed its motion just four days after the Section 341 Meeting of the Creditors

19
which clarified the Trustee was not abandoning the litigation, as Plaintiff/Debtor told this Court she

20
thought he would. And none of Plaintiff/Debtor's remaining arguments, unfounded and

21
inflammatory accusations, or improper requests for leave to amend her complaint or refile motions

22
previously decided against her, is relevant or properly raised. The Court should stay this action to

23
allow time for the Trustee to decide how to proceed and, if necessary, to allow the bankruptcy court

24
to determine Plaintiff/Debtor's challenge to the Trustee's authority to prosecute this action.

25

## II.    **THE TRUSTEE HAS THE EXCLUSIVE AUTHORITY TO PROSECUTE THIS CASE, AND A STAY IS APPROPRIATE BOTH TO ALLOW HIM TIME TO DECIDE HOW TO PROCEED AND, IF NECESSARY, TO ALLOW THE BANKRUPTCY COURT TO DECIDE ANY CHALLENGE TO HIS AUTHORITY.**

26

27

28
Plaintiff/Debtor completely ignores the extensive law cited in Apple's Motion—including

from the District of Massachusetts, the First Circuit, and the Ninth Circuit—that confirms the Trustee is the real party in interest with the exclusive authority to prosecute this action. *See* Mot. 3:19-7:5. Plaintiff/Debtor provides no valid legal authority supporting her belief that the Trustee is not the real party in interest and cannot prosecute the claims here. *See, e.g.*, Opp'n ¶¶ 13-14, 20, 35, 43-44.[1] Regardless of whether Plaintiff/Debtor ultimately prevails in the bankruptcy court in her challenge of the Trustee's statutory authority to prosecute claims of the Chapter 7 Estate, a stay is appropriate. Until the bankruptcy court rules otherwise, the Trustee is presumptively the real party in interest in this action, and he agrees a stay is appropriate while he decides how to proceed.

Apple and Plaintiff/Debtor are in agreement on one thing: any challenge to the Trustee's exclusive authority to prosecute this action must be decided in the bankruptcy court. *Compare* Mot. 9:6-7 ("Should Plaintiff/Debtor challenge the Trustee's statutory authority, the stay should remain in effect until such time as the bankruptcy court has made a final determination of that issue.") *with* Opp'n ¶ 15 ("The question of whether Trustee DeGiacomo has authority to agree to litigation stays is squarely within the bankruptcy court's exclusive jurisdiction.").[2] Where the parties differ is what the bankruptcy court's jurisdiction over this issue means for this case.

Plaintiff/Debtor suggests that she retains control of the litigation until the bankruptcy court says otherwise, and asks the Court to defer ruling on this Motion—*i.e.* to allow her to continue to litigate rather than to pause the case and preserve the status quo—until the bankruptcy court determines "these threshold jurisdictional issues" given its "exclusive jurisdiction over estate administration." Opp'n ¶ 16 (citing *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d

---

[1] Plaintiff/Debtor misplaces her reliance on *Katz v. Commissioner of Internal Revenue*, 335 F.3d 1121, 1127 (10th Cir. 2003), for the proposition that the Trustee is not a party this this action because "in a bankruptcy, a debtor and the estate are distinct legal entities." Opp'n ¶ 14. *Katz* addressed the distinction between assets of the estate—which Plaintiff/Debtor concedes this litigation is—and assets of the debtor when interpreting which assets of a partnership are properly part of the bankruptcy estate, an issue that is not relevant here. *Katz*, 335 F.3d at 1127-28.

[2] While Plaintiff/Debtor admits the bankruptcy court must decide this issue, she later suggests, without any legal authority, that this Court can simply issue a Case Management Order that limits the Trustee's role such that he can only participate in settlement discussions. *See* Opp'n ¶ 70. For the reasons set forth in Apple's Motion and this Reply, the Court cannot so limit the real party in interest's role in this litigation.

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

Cir. 1991)).[3] While Apple agrees that any challenge to the Trustee's exclusive authority to prosecute this action is an issue *for the bankruptcy court to decide*, it disagrees that a deferred ruling that allows Plaintiff/Debtor to retain control of the litigation comports with the law. The controlling authority cited by Apple (which Plaintiff/Debtor does not mention in her opposition) confirms the opposite is true: the Trustee has the exclusive authority to prosecute this action at this juncture. *See, e.g.*, *In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000) (cited at Mot. 4:4-6); *DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir.2006) (cited at Mot. 4:6-9). A stay is appropriate while he decides how to proceed. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (cited at Mot. 3:2-10).

Instead of addressing this black letter law head on, her opposition focuses on two end-run arguments rooted in her confusion about the Trustee's role and misrepresentations of law:

(a) She incorrectly asserts she remains the real party in interest in all prepetition claims she disclosed in her bankruptcy petition until the Trustee affirmatively decides to prosecute them or abandon them; and

(b) She incorrectly contends that she remains the real party in interest for any prepetition claims she disclosed as exempt (even while the window to object to the exemption remains open and prior to any finding by the Trustee or the bankruptcy court on that issue). *See* Opp'n ¶¶ 31-44. Both of these assertions run afoul of black letter law.

### A. The Trustee Is the Presumptive Real Party in Interest for All Prepetition Claims, Whether Disclosed or Not, Unless and Until He Abandons Them, Regardless of the Status of His Investigation of Such Claims.

Plaintiff/Debtor's assertion that there is a legal distinction between disclosed claims and undisclosed claims for the purposes of determining whether the Trustee is the real party in interest misstates bankruptcy law. Neither 11 U.S.C. § 323 nor Federal Rule of Bankruptcy Procedure 6009 distinguish between disclosed and undisclosed claims when confirming the Trustee has the authority to prosecute claims that belong to the Chapter 7 Estate. Indeed, the cases cited by Apple include both disclosed and undisclosed claims and uniformly hold that the Trustee has the exclusive

---

[3] *Mar. Elec. Co.* involved the bankruptcy court's role in determining the scope of an automatic stay under 11 U.S.C. § 362, which is not at issue here.

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1    authority to prosecute prepetition claims. *See, e.g.*, *In re Bronner*, 135 B.R. 645 (B.A.P. 9th Cir.

2    1992) (disclosed) (cited at Mot. 4:11-14); *In re Harris*, 450 B.R. 324 (Bankr. D. Mass. 2011)

3    (disclosed) (cited at Mot. 4:21-5:2); *Lennear v. Diamond Pet Food Processors of Cal., LLC*, 147

4    F. Supp. 3d 1037 (E.D. Cal. 2015) (undisclosed) (cited at Mot. 3:24-28); *Slater v. U.S. Steel Corp*.,

5    871 F.3d 1174 (11th Cir. 2017) (undisclosed) (cited at Mot. 4:17-21).

6          Plaintiff/Debtor admits that this action became the property of the bankruptcy estate and

7    that the Trustee must ***either*** investigate and administer the claims in this litigation ***or*** abandon them.

8    Opp'n ¶ 32. Notwithstanding these admissions, Plaintiff/Debtor illogically concludes, *without any*

9    *valid legal authority*, that she retains control over prepetition claims through the Trustee's

10    investigation period. *Id*. ¶¶ 35-36. In Plaintiff/Debtor's view, the claims in this action remain hers

11    until the Trustee ***both*** completes an investigation ***and then*** takes affirmative steps to administer

12    these claims, by appointing counsel and obtaining court authority to pursue the litigation, simply

13    because she disclosed this action in her bankruptcy filings. *Id*. ¶¶ 35-36, 43-44. She further

14    speculates that "[i]f mere investigation eliminated debtor standing, disclosed claims would exist in

15    legal limbo - with neither trustee nor debtor able to act." *Id*. ¶ 43. Her position is not supported by

16    any valid legal authority because it is not the law. Nowhere does Plaintiff/Debtor cite authority for

17    the proposition that she controls the litigation until the Trustee takes action to control it.[4]

18          As the real party in interest, the Trustee has the exclusive right to prosecute any prepetition

19    litigation that is an asset of the Chapter 7 Estate. *See* 11 U.S.C. § 323; *In re DiSalvo*, 219 F.3d 1035,

20    1039 (9th Cir. 2000); *cf. DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins.*

21    *Co*., 448 F.3d 460, 463 (1st Cir. 2006); Plaintiff/Debtor's own authority confirms this point. *See*

22    *Barletta v. Tedeschi*, 121 B.R. 669, 671-72 (N.D.N.Y. 1990) (cited in Opp'n ¶ 36) ("Once a cause

23    of action becomes the property of the estate, the debtor may not bring suit on that action unless the

---

[4] Plaintiff/Debtor's contention that "Fed. R. Bankr. P. 6009 expressly allows the Plaintiff/Debtor to prosecute this action" is a blatant misstatement of the Rule accomplished through misleading editing of the quotation. Opp'n ¶ 3. Rule 6009 is expressly limited to the authority of trustees and "debtor[s] in possession," the latter of which is not applicable in Chapter 7 bankruptcies. *See, e.g.*, Fed. R. Bankr. P. 6009; 11 U.S.C. § 1101 (defining "debtor in possession" for the purposes of Chapter 11). The cases Plaintiff/Debtor cites also do not support her argument. *See, e.g.*, *In re Jacksen*, 105 B.R. 542 (B.A.P. 9th Cir. 1989) (cited in Opp'n ¶ 3) (affirming Rule 6009 authorizes a trustee, not the debtor, to prosecute claims on behalf of a Chapter 7 estate).

1  property has been abandoned by the trustee.") (internal quotations omitted). A stay is appropriate

2  until the Trustee decides what he wants to do with this litigation.

3      Plaintiff/Debtor further concedes that that the Trustee has not initiated any of the formal

4  requirements to abandon this action which she admits is an asset of the Chapter 7 Estate—self-

5  defeating concessions that further bolster Apple's position. *See* Opp'n ¶¶ 32, 37. Since the Trustee

6  has not abandoned the claims in this action, Plaintiff/Debtor lacks standing to prosecute them. *See*

7  *In re Bronner*, 135 B.R. at 647; *In re Harris*, 450 B.R. at 335, n. 46; *Barletta*, 121 B.R. at 671-72.

8      Plaintiff/Debtor also confusingly asserts that the Trustee is not the real party in interest

9  because he has not sought "court approval to control the litigation under Fed. R. Bankr. P. 6004."

10  Opp'n ¶¶ 37, 44. It is unclear why Plaintiff/Debtor believes Rule 6004 (which is titled the "Use,

11  Sale, or Lease of Property") requires the Trustee to seek court approval to prosecute this litigation

12  as the real party in interest, given that Rule 6009 confirms that the Trustee may "***without court***

13  ***approval*** … prosecute in any tribunal an action or proceeding on the estate's behalf." Fed. R. Bankr.

14  P. 6009 (emphasis added). Thus, the Trustee is not required to seek court approval to prosecute this

15  action.

16      Lastly Plaintiff/Debtor asserts that the Trustee's ownership of the claims in this case is

17  limited to "the fiscal outcome of litigation with non-exempt pecuniary damages (settlements,

18  judgements, etc.)." Opp'n ¶ 21. Plaintiff/Debtor cites no authority for this claim because there is

19  none. It is the Trustee (not Plaintiff/Debtor) who assumes responsibility for administering all

20  Chapter 7 Estate assets (including all prepetition legal claims and equitable claims) for the benefit

21  of the creditors. *See DiMaio*, 448 F.3d at 463; *In re DiSalvo*, 219 F.3d at 1039; *Barletta*, 121 B.R.

22  at 671-72.

23      **B.**    **Plaintiff/Debtor's Claimed Exemption Does Not Confer Standing on Her to
24  Prosecute This Lawsuit, and Whether This Litigation Is Exempt Must Be
Resolved in the Bankruptcy Court.**

25      Plaintiff/Debtor admits that it is the Trustee's duty to evaluate whether the Chapter 7 Estate

26  can meaningfully recover assets, including those claimed to be exempt, and argues "[i]f the debtor

27  properly claimed and can cover the entire potential recovery with valid exemptions, there may be

28  no economic incentive for the trustee to get involved." Opp'n ¶ 38. While Apple does not dispute

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1    this general premise, Plaintiff/Debtor misapplies it.

2         First, contrary to Plaintiff/Debtor's assumptions, there is no indication that the Trustee has

3    made any determination that there is "no economic incentive" to prosecute this action. Indeed, the

4    Trustee told Plaintiff/Debtor at the Section 341 Meeting of Creditors that he wants to further discuss

5    her prepetition claims and agrees that a stay is appropriate to allow him to decide how to proceed.

6    *See* Booms Decl., ¶ 3; Perry Decl., ¶ 3, Ex. A.

7         Second, claiming an exemption to assets that may be recovered in this action does not give

8    Plaintiff/Debtor the right to prosecute the litigation, because an exemption only affords

9    Plaintiff/Debtor "an interest in any potential recovery from the lawsuit [up to statutory limits] …,

10   not an absolute right to retain the lawsuit itself." *In re Bronner*, 135 B.R. at 647-48. This is true

11   even if the Trustee does not object to the claimed exemption because by not objecting, the Trustee

12   is simply acknowledging that Plaintiff/Debtor ***may*** have an interest in a portion of a recovery that

13   cannot be used by the Chapter 7 Estate to settle her debts. *Id*. Thus, simply claiming a portion of a

14   potential recovery in this action as exempt does not displace the Trustee's exclusive right to

15   prosecute this action on behalf of the Chapter 7 Estate. Plaintiff/Debtor's opposition makes no

16   mention of this case law, nor any effort to distinguish it.

17        Third and most importantly, however, any claimed exemptions are a matter for the

18   bankruptcy court, not this Court, to adjudicate. *See supra*, at 2-3. To the extent Plaintiff/Debtor's

19   challenge to the Trustee's exclusive authority to prosecute this action rests on the evaluation of the

20   merits or extent of a claimed exemption, the parties ***agree*** that matter must be decided in the

21   bankruptcy court. The Court should stay this action while that process plays out.

22   **III.    APPLE FILED ITS MOTION TO STAY PROMPTLY.**

23        Plaintiff/Debtor suggests that Apple "slept upon [its] rights" to challenge her status as the

24   real party in interest. Opp'n ¶ 9 (quoting *Chapman v. Bd. of Cnty. Comm'rs of Douglas Cnty.*, 107

25   U.S. 348, 355 (1883)); *see also id.* ¶¶ 30, 59-62. The only legal authority she provides is a partial

26   quote from dicta in an 1883 U.S. Supreme Court opinion that stated a writ of mandamus may be

27   refused "when the relator has slept upon his rights for an unreasonable time, and especially if the

28   delay has been prejudicial to the defendant, or to the rights of other persons," while confirming that

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-CV-4597-EMC]

1   whether the evidence presented justifies such a refusal depends "on the character and circumstances

2   of the particular case." *Chapman*, 107 U.S. at 355. *Chapman* has nothing to do with the issues

3   presented in Apple's Motion, and, to the extent *Chapman* had any applicability, it would simply

4   confirm that any delay must be unreasonable and prejudicial given the facts of this case before a

5   party will be estopped from seeking relief from the Court.

6        There is no unreasonable delay because Apple promptly moved to stay this action when it

7   became clear that the real party in interest (the Trustee) is still evaluating how to proceed. Indeed,

8   barely a month passed between the Trustee's appointment to manage Plaintiff/Debtor's Chapter 7

9   Estate and Apple's Motion. And Apple moved promptly after the August 21, 2025 Section 341

10  Meeting of Creditors where—contrary to Plaintiff/Debtor's supposition—the Trustee did not

11  indicate any decision to abandon this action. *See* Mot. § II. There is also no prejudice to the real

12  party in interest because the Trustee ***agrees*** that a stay is appropriate in this circumstance. Perry

13  Decl. ¶ 3, Ex. A; *accord Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992) (holding that "the

14  real party must have the opportunity to step into the 'unreal' party's shoes and should not be

15  prejudiced by undue delay").

16       Courts have found waiver of the right to raise a real party in interest objection only in

17  dramatically different circumstances where a party waited years to raise issues, proceeded through

18  multiple amended pleadings or dispositive motions without raising the issue after it was ripe, or

19  raised an objection on the eve of trial or for the first time on appeal, despite having long been on

20  notice of the relevant facts. *See, e.g.*, *United HealthCare Corp. v. Am. Trade Ins. Co*., 88 F.3d 563,

21  569 (8th Cir. 1996) (real party in interest defense waived where raised two years after being put on

22  notice and just one week before trial); *United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1183

23  n. 4 (9th Cir. 1989) (rejecting real party in interest defense raised for the first time on appeal); *AIG

24  Ret. Servs., Inc. v. Altus Fin. S.A*., No. CV 05-1035-JFW (CWX), 2011 WL 13213601, at *5 n.6

25  (C.D. Cal. Aug. 26, 2011) ("extraordinary unexplained delay" in raising standing objection

26  constituted waiver where issue was ripe and defendants "never objected or argued that [plaintiff]

27  was not the real party in interest" through multiple pleadings, a motion for summary judgement, or

28  on appeal). Apple did not waive its right to assert that the Trustee is the real party in interest.

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

## IV.    PLAINTIFF/DEBTOR'S REMAINING ARGUMENTS ARE IRRELEVANT AND IMPROPER.

The opposition also cycles through a litany of other arguments (peppered with inflammatory accusations) entirely divorced from the reasons Apple moved to stay or the issues this Court must evaluate in determining whether a stay is appropriate. By way of illustrating, Apple highlights and briefly responds to a few of her additional claims here (to the extent it understands them).

### A.    The Law Governing 11 U.S.C. § 362 Automatic Stays Is Irrelevant.

Plaintiff/Debtor's arguments regarding the automatic stay provision in 11 U.S.C. § 362 (*see* Opp'n ¶¶ 22-25) are irrelevant because Apple did not seek an automatic stay under this section, which Apple agrees applies only to actions "against the debtor." *Id.* at § 362(a)(1). That the Bankruptcy Code automatically stays actions against the debtor does not mean, however, that a stay of litigation initiated by the debtor is inappropriate when the Trustee agrees he needs additional time to determine the path forward. Apple has asked this Court to stay this action pursuant to its inherent authority because the real party in interest has not appeared in this action or had time to decide how to proceed.

### B.    Plaintiff/Debtor's Speculation About the Trustee's Agreement to Stay Is Irrelevant.

Plaintiff/Debtor speculates that the Trustee would have never agreed to the stay if Apple had provided him a copy of its Motion because, in her view, "the content of Apple's motion is extremely harmful to [her] position, and thus also harmful to the estate." Opp'n ¶ 28.[5] But Apple's Motion simply argues that a stay is appropriate to allow the real party in interest time to decide how to proceed. That he may choose a different legal strategy than Plaintiff/Debtor is not harmful to the Chapter 7 Estate; it is his right and duty as a Trustee. And Plaintiff/Debtor's accusation that Apple made false statements about what it intended to file is similarly meritless. Opp'n ¶ 29. A plain reading of Apple's Motion confirms this statement is nothing more than a wild and unfounded accusation. *Compare* Perry Decl. ¶ 3, Ex. A (text of email outreach) *with* Mot. *passim.* Apple's notice to both Plaintiff/Debtor and the Trustee about its intent to move for a stay and its reasons for

---

[5] And in any event, the Trustee did receive a copy of the Motion and raised no opposition.

1    doing so was entirely reasonable and appropriate, not criminal as Plaintiff/Debtor alleges.

2         **C.    This Is the Correct Forum for This Motion.**

3         Plaintiff/Debtor also accuses Apple of forum shopping without any factual or legal basis.

4    *See* Opp'n ¶¶ 7, 10, 12, 30, 48, 52. Apple is not trying to move this action elsewhere. It has simply

5    asked this Court to ***stay*** this action (in this Court, without moving it anywhere) until the real party

6    in interest decides how to proceed. Apple's requested stay allows the Trustee time to do just that,

7    if he chooses to pursue this action, and does not change the forum.

8         **D.    11 U.S.C. § 525 Does Not Apply Here.**

9         Plaintiff/Debtor contends Apple's Motion constitutes "unlawful discrimination under 11

10   U.S.C. § 525(a)-(b)." Opp'n ¶ 42. By its own terms, subsection (a) of that code section applies to

11   actions by a "a governmental unit," and subsection (b) applies to termination or employment

12   discrimination against persons who filed for bankruptcy (which has no application here). Apple is

13   not a "governmental unit" and terminated Plaintiff/Debtor years before she filed for bankruptcy.

14        **E.    Apple's Motion Is Not About Any Misconduct by Plaintiff/Debtor.**

15        Plaintiff/Debtor repeatedly asserts that Apple's Motion relies on accusations that she

16   engaged in "misconduct." *See* Opp'n ¶¶ 6, 12, 31-32, 41, 46, 50-51, 67, 72, 79, 84, 90.

17   Plaintiff/Debtor appears to read Apple's presentation of facts as "misconduct," including the facts

18   it set forth in its Motion that: (a) Plaintiff/Debtor disclosed this prepetition claim in her bankruptcy

19   petition; (b) Plaintiff/Debtor expressed to this Court her opinion that the Trustee intended to

20   abandon this action; and (c) Plaintiff/Debtor has taken numerous actions to prosecute this action

21   since filing her bankruptcy petition, notwithstanding that the claims here are presumptively part of

22   the Chapter 7 Estate. Apple's Motion does not even mention the word "misconduct." Apple recited

23   these (true) facts as support for its argument that it is being forced to expend significant time and

24   resources continuing to litigate against someone who is as of now no longer the real party in

25   interest—nothing more, nothing less, regardless of how Plaintiff/Debtor characterizes it.

26        **F.    Apple Has Not "Weaponiz[ed]" Bankruptcy Procedures.**

27        Plaintiff/Debtor next asserts that Apple is "weaponizing" bankruptcy procedures by

28   attending her public Section 341 Meeting of Creditors "looking for her to make statements that

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1    [Apple] could use against her in this proceeding." Opp'n ¶¶ 48-49. But Apple's counsel did not

2    attend the public held Section 341 Meeting of Creditors to hear what Plaintiff/Debtor has to say

3    about this litigation; there is an ample record of her views in the over 250 docket entries in this case

4    alone. Instead, Apple's counsel attended to hear what the *Trustee* had to say—specifically, whether

5    he expressed any intent to abandon this action as Plaintiff/Debtor suggested he would. He did not.

6         Plaintiff/Debtor also asserts that Apple is "fishing for a court order prohibiting [her] from

7    litigating in federal courts" for other claims she has said she intends to file against Apple. *See* Opp'n

8    ¶ 64-66. Apple's Motion does no such thing. It simply asks this Court to stay *this action* to allow

9    the Trustee time to decide how to proceed in the action. Whether and how Plaintiff/Debtor's

10   bankruptcy affects her right to pursue a different action in a different court is an issue for the

11   bankruptcy court and/or the court overseeing those proceedings to decide.

12        **G.    Apple's Production of Documents Is Irrelevant.**

13        Plaintiff/Debtor also suggests the Court should suspiciously view the timing of Apple's

14   Motion because it followed a document production that she asserts contains evidence that, in her

15   mind, proves the claims she has made. *See* Opp'n ¶¶ 54-57. While Apple disagrees with

16   Plaintiff/Debtor's characterization of these documents, they are irrelevant to this Motion.

17        **H.    Plaintiff/Debtor's Request for Additional Relief Is Improper and Unfounded.**

18        Plaintiff/Debtor's request to amend her complaint yet again—this time to add predicate acts

19   to RICO claims and other causes of action that are no longer in the case and that this Court has

20   already dismissed—is wholly improper. *See* Opp'n ¶¶ 72-97. Plaintiff/Debtor's request for the

21   Court to reconsider her Motion to Disqualify Orrick is also improper. *Id.* ¶ 97. Plaintiff/Debtor

22   could only request this type of relief if she were the real party in interest and on a noticed motion

23   that demonstrates there is an appropriate basis to grant the relief requested. Similarly meritless and

24   misplaced are Plaintiff/Debtor's unfounded attacks suggesting Apple and its agents engaged in

25   litigation misconduct, including alleged false justifications provided to federal agencies regarding

26   Plaintiff/Debtor's termination, alleged concealment of evidence, or the suggestion that any

27   documents produced in this case establish the alleged illegality of its actions. *See id.* ¶ 72. Further,

28   any suggestion that Apple drove her into bankruptcy is another baseless accusation. *See id.*

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

I.      **Apple Did Not Interfere with Any Unidentified FCA Enforcement Action**.

Plaintiff/Debtor alleges that Apple somehow interfered with a possible unidentified False Claims Act ("FCA") enforcement action by referencing a publicly filed document in her bankruptcy proceeding (Opp'n ¶¶ 77-84)—in which she identified this action as the Chapter 7 Estate's "primary potential source for any speculative recovery." *See* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. No. 17 ¶ 11. But Apple's Motion had nothing to do with a hypothesized FCA enforcement action that is not before this Court. While it seems she believes a potential undisclosed FCA action was the basis for the Trustee's supposed "abrupt and unexplained conversion of [her bankruptcy] case to an asset case" (*id.* ¶ 1), she ignores that the Trustee may have converted her bankruptcy into an asset case based on her own statements about this action—which was the reason Apple cited these filings in its Motion. A reasonable interpretation of the Trustee's bankruptcy filings on August 13, 2025 and August 15, 2025 (*see* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. Nos. 13-15) is that he is taking steps necessary to evaluate all of Plaintiff/Debtor's prepetition claims, including this one, to decide how to proceed.[6]

V.      **CONCLUSION**

For the reasons set forth in Apple's Motion and this Reply, Apple respectfully requests that the Court grant its Motion and stay this action to allow the Trustee time to decide how to proceed. To the extent Plaintiff/Debtor challenges the Trustee's statutory authority to prosecute this action, the stay should remain in effect until such time as the bankruptcy court has made a final determination of that issue.

Dated: September 2, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                           By:          */s/ Jessica R. Perry*
                                                      JESSICA R. PERRY
                                                     Attorney for Defendant
                                                          APPLE INC.

---

[6] Indeed, Plaintiff/Debtor's opposition reiterates her view that this action is "the estate's primary asset." Opp'n ¶¶ 46, 99.

REPLY ISO MOT. TO STAY IN LIGHT OF
BANKR. PROCEEDINGS
[23-cv-4597-EMC]

1

## **CERTIFICATE OF SERVICE**

2       I am more than eighteen years old and not a party to this action. My business address is

3   Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On

4   September 2, 2025, I served the following document(s):

5       **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY
         IN LIGHT OF BANKRUPTCY PROCEEDINGS**

6

7   By Electronic Service: On all of the interested parties in this action by transmitting true and

8   correct copies of the documents identified above in portable document format from the email

9   address tmcbride@orrick.com to the email addresses below:

10      Ashley Gjovik (in pro per)                      Mark G. DeGiacomo
        ashleymgjovik@protonmail.com                     mdegiacomo@harrisbeachmurtha.com
11      legal@ashleygjovik.com                           Haris Beach Murtha Cullina PLLC
                                                         33 Arch Street, 12th Floor
12      Plaintiff/Debtor                                 Boston, MA 02110

13      **Via ECF**                                      Bankruptcy Trustee

14                                                       **Via Email**

15      I declare under penalty of perjury that the foregoing is true and correct. Executed on

16  September 2, 2025.

17                                                  _/s/ Tina McBride_
                                                      Tina McBride
18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
                                                                        [23-cv-4597-EMC]