**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik,** *an individual*, | ***Gjovik v. Apple Inc*** **Case No.** 3:23-CV-04597-EMC **Judge**: Edward M. Chen |
| Plaintiff, | **Plaintiff's Notice of Pendency Civil L.R. 3-13** |
| vs. | |
| **Apple Inc.,** *a corporation*, | **U.S. EPA Citizen Suit & Public Nuisance** ***Gjovik v. Apple, Santa Clara, and K. Jenab, et al.*** **Case No.** 5:25-cv-07360-NC |
| Defendant. | **Judge:** Nathanael Cousins **Court**: San José District Court, Northern District of California |

# PLAINTIFF'S NOTICE OF PENDENCY

1.       Plaintiff, Ashley Marie Gjovik, files this Notice of Pendency under Civil L.R. 3-13 regarding a potentially related case with similar, related, and/or overlapping facts as the original claims in *Gjovik v. Apple Inc.,* 3:23-cv-04597-EMC. These potentially related claims include dismissed tort and civil claims such as Private Nuisance, Ultrahazardous Activities, IIED (Fear of Cancer), and the RICO Act. These dismissed claims requested personal damages as well as injunctive and declaratory relief.

2.       Plaintiff attempted to appeal the RICO and environmental tort dismissals to the Ninth Circuit twice, but her request was denied both times as premature. Plaintiff also requested a Rule 54 Certification, and was denied. (Dkt. 113-114, 184, 188, 196, 212). In the meantime, Defendants (Apple, City of Santa Clara, and K. Jenab, et al.) continued operating the semiconductor manufacturing facility in violation of federal and state environmental laws, and causing irreparable harm to the surrounding community and environment.

3.       On July 1 2025, Plaintiff filed a Notice of Pendency in this case, regarding service of a statutorily required Sixty Day Notice for a pending Environmental Citizen Suit to Apple, City of Santa Clara, and K. Jenab. (Dkt. 226).

4.       On July 1 2025, Plaintiff noted "Citizen Suits are filed in the U.S. District Court nearest to where the violations occurred, which here would be the U.S. District Court located in San José, California. If this court in San Franscisco wishes to consolidate that action with this instant action, or otherwise provide oversight on the portfolio of cases, the Plaintiff does not object." (Dkt. 226).  This Court did not reply or comment.

5.       On July 21 2025, Plaintiff disclosed the Citizen Suit as pending environmental litigation and environmental matters in her Chapter 7 Bankruptcy petition. She also noted this instant case had environmental claims against only Apple, but those claims were dismissed by this Court with prejudice and are currently awaiting appeal. (25-11496, Dkt. 1 at 55-56).

6.       On August 19 2025, Plaintiff disclosed the Citizen Suit again in her Bankruptcy filings explaining some of the reasons she is certain a Citizen Suit could never be considered a bankruptcy "asset," in addition to no personal damages or financial recovery, noting that the

1    "taking of citizen suit enforcement rights eliminates the congressional checks on agency inaction

2    that these statutes were designed to provide…. and Congressional enforcement mechanisms face

3    destruction if DOJ can assume and dismiss citizen suits they originally refused to bring if they delay

4    long enough to bankrupt the same citizen activists. This requires independent protection of the

5    statutory rights Congress designed to operate as checks on executive inaction and as such the

6    Debtor does not plan on asking for DOJ's permission and abandonment prior to filing on Sept. 1

7    2025."  The bankruptcy court and the Trustee never commented or objected. (*In Re Ashley Gjovik,*

8    25-11496, U.S. Bankruptcy Court, D. Mass., Dkt. 17).

9    　　　7.　　　On August 19 2025, Plaintiff mentioned the Citizen Suit again in her Bankruptcy

10    filings (*In Re Ashley Gjovik,* 25-11496, U.S. Bankruptcy Court, D. Mass., Dkt. 18 at 10).

11    "Environmental Claims against Apple, City of Santa Clara, and Kalil Jenab (to be filed on or around

12    Sept. 1 2025). For clarity, this does not include a request for compensatory damages…. the Citizen

13    Suit (no. 26 -2) would not provide direct financial benefit to the Debtor."  The Banrkcupy Court or

14    the Trustee have never objected or disagreed.

15    　　　8.　　　On August 27 2025, Plaintiff mentioned the Citizen Suit in a filing to this court at

16    Dkt. 250 mentioning:

> "On June 30-July 1, 2025, Plaintiff provided complete sixty-day notice of intent to file an EPA Citizen Suit to U.S. EPA, U.S. DOJ, and defendants Apple, City of Santa Clara, and the property owner of 3250 Scott Blvd. (Dkt. 226). The sixty-day notice period required under 33 U.S.C. § 1365(b)(1)(A) is a mandatory statutory prerequisite and integral part of the citizen suit process.  Once this notice period commenced, the citizen suit litigation was effectively "pending"  prior to the bankruptcy filing. See *Hallstrom v. Tillamook County,* 493 U.S. 20, 31 (1989) (notice requirements are "mandatory conditions precedent to commencing suit").

> The U.S. DOJ has not yet commenced any civil or criminal enforcement action despite receiving proper notice. Under 33 U.S.C. § 1365(b)(1)(B), citizen suits are barred only when "the Administrator or State has commenced and is diligently prosecuting" enforcement action—which has not occurred here.  The Plaintiff has made it known she plans to sue on Sept. 2 2025 in the U.S. District Court in San Jose (nearest to the factory) if U.S. DOJ does not file their own lawsuit by then.

> Environmental citizen suits are not property of the estate under 11 U.S.C. § 541 because they are held in trust for the public, not for the debtor's economic benefit. Property "that the debtor holds in trust for another is not property of the estate." 11

U.S.C. § 541(d); *Nelson Mullins Bankruptcy Basics.* Environmental citizen suits "act as a potent lever to ensure that corporations, individuals, and agencies follow the law" and protect "public interests, not debtor's economic interests." The debtor seeks only injunctive relief and civil penalties paid to the U.S. Treasury— creating no economic benefit to the estate.

Apple has been served with this notice and knows this lawsuit is imminent, which is another reason it appears to have filed this meritless "Motion for a Stay," fishing for a court order prohibiting the Plaintiff from litigating in federal courts in hope it would prevent her from suing Apple under these federal environmental statutes over their illegal semiconductor fabrication plant that is actively poisoning a community. The pending EPA citizen suit should proceed as scheduled in federal court, as Congress intended when it created these essential environmental enforcement mechanisms. *Friends of the Earth, Inc. v. Laidlaw Environmental Services,* 528 U.S. 167 (2000)."

Dkt. 250.

9.      On Sept. 2 2025 Apple filed a Reply (Dkt. 254) to Plaintiff's Opposition in this case (Dkt. 250) and Apple made no mention of, or objection to, Plaintiff's Citizen Suit, Plaintiff's Sixty Day Notice, or Plaintiff's intention to file the Citizen Suit on 9/2.

10.     Plaintiff's and Apple's filings (Dkt. 250, 254) were also served to the Bankruptcy Trustee, who also never objected or disagreed with Plaintiff's comments about the Citizen Suit.

11.     Plaintiff filed her Environmental Citizen Suit at the San Jose Division of the Northern District of California Courthouse on Sept. 2 2025. (*Gjovik v. Apple Inc, City of Santa Clara, and Khalil Jen*ab, et al. 5:25-cv-07360-NC, District Court, N.D. California)

12.     The Citizen Suit was filed using funds from a GoFundMe "trust" which was contained funding donated by the public specifically for the Citizen Suit. [1]

13.     As a Pro Se Plaintiff, local rules require a physical paper complaint to be left with the Clerk in order to initiate the case. The Complaint was dropped off for Plaintiff by a concerned community member who is actively and directly impacted by the pollution at the 3250 Scott Blvd facility. (5:25-cv-07360, Dkt. 1).

14.     The Citizen Suit digital case was not created in PACER until end of day on Sept. 4 2025. Plaintiff was not given PACER efiling access until Friday Sept. 5 2025.

---

[1] GoFundMe, *Litigation Fund: Citizen Suit re Apple's Skunkworks Fab,* https://www.gofundme.com/f/litigation-fund-citizen-suit-re-apples-skunkworks-fab

1    15.    Plaintiff requested the Summons for the three Defendants from the court on Friday

2    Sept. 5 2025 and the Summons have not yet been provided. (5:25-cv-07360, Dkt. 6).

3    16.    Plaintiff sent a digital copy of the Complaint (5:25-cv-07360, Dkt. 1) to the U.S. EPA

4    enforcement team on Friday Sept. 5 2025.

5    17.    Plaintiff initiated statutorily required service of the Complaint to the U.S. the

6    Attorney General and U.S. EPA Administrator the morning of Monday Sept. 8 2025.

7    18.    On the afternoon of Monday Sept. 8 2025 around 1PM EST, Plaintiff had her first

8    meeting with her Trustee and among other topics, they discussed the Citizen Suit. Out of an

9    abundance of caution, they discussed filing a stipulation to the Bankruptcy court agreeing that a

10    EPA Citizen Suit is not and could not be an estate asset, because, among other factors, it's a public

11    trust lawsuit, a federal enforcement action, and there's no financial recovery for creditors. Its

12    unclear if this stipulation would even be needed as things that are not estate property do not need

13    to be expressly disclaimed.

14    19.    The Honorable Magistrate Judge Nathanael Cousins filed a notice of Judicial

15    Referral regarding this case to The Honorable Judge Edward M. Chen around 5:14 PM EST on

16    Monday Sept. 8 2025.

17    20.    Plaintiff files this update for the court, renewing her lack of objections if this Court

18    would like to manage and/or relate these cases. Plaintiff does ask for consideration of keeping the

19    case in San Jose due to the proximity to the location for Jury visits and other onsite court activities

20    that are common in these types of cases.

/s/ **Ashley M. Gjovik**
*Pro Se Plaintiff*
Filed: Sept. 8 2025
**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428