JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:   +1 202 339 8400
Facsimile:   +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S STATEMENT REGARDING SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**<br><br>Dept:　Courtroom 5, 17th Floor<br>Judge:　Honorable Edward M. Chen |

## I. INTRODUCTION

Pursuant to Local Rules 3-12(c) and 3-12(e), Apple Inc. respectfully submits this statement in response to Magistrate Judge Cousins's referral of *Gjovik v. Apple Inc., et al.*, Case No. 25-cv-7360 (the "Environmental Case") to Judge Chen for consideration of whether it is related to *Gjovik v. Apple Inc.*, Case No. 23-cv-4597 (the "Retaliation Case") under Local Rule 3-12(a). *See* Dkt. No. 256. For the reasons discussed below, any ruling on this issue would be premature and, in any event, the Environmental Case and the Retaliation Case do not satisfy clearly the criteria for relation under Local Rule 3-12(a).

## II. IT WOULD BE PREMATURE TO DETERMINE WHETHER THESE TWO CASES ARE RELATED.

Given the status of the parties and service on those parties across the two cases, determining whether they are related would be premature.

On July 25, 2025, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). *In re Gjovik*, Case No. 25-11496 (Bankr. D. Mass.) (the "Chapter 7 Bankruptcy"). Immediately upon filing, a Chapter 7 estate consisting of substantially all the Plaintiff's assets was created under 11 U.S.C. § 541 (the "Chapter 7 Estate"). Also, as required by the Bankruptcy Code, a Chapter 7 trustee was appointed pursuant to 11 U.S.C. § 701 (the "Trustee").

Plaintiff's newly filed Environmental Case is based on events that occurred before she filed her Chapter 7 Bankruptcy; indeed, she provided notice of these claims nearly two months before commencing the action. As such, the claims raised in the Environmental Case belong to her Chapter 7 Estate, notwithstanding her efforts to plead around this legal fact or even to seek permission from the Bankruptcy Court to pursue the Environmental Case. *See* 11 U.S.C. §§ 323, 704. Under clearly established bankruptcy law, the Trustee "'steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action' … and has ***exclusive*** standing to prosecute prepetition claims." *In re Robert*, 432 B.R. 464, 470-71 (Bankr. D. Mass. 2010) (quoting *DiMaio Fam. Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir.

2006)) (emphasis added); *see also In re Dooley*, 399 B.R. 340, 348 (Bankr. D. Mass. 2009) ("The bankruptcy estate includes, subject to limited exceptions, all legal or equitable interests of the debtor in property as of the commencement of the case. … [Property of the estate] includes claims that a Chapter 7 debtor may have against third parties."). Put simply, the Trustee is the real party in interest (and the only party with authority) in both the Environmental Case and the Retaliation Case, notwithstanding Plaintiff's assertions in the Environmental Case to the contrary and her failure to obtain permission from the Bankruptcy Court to pursue the Environmental Case. *See* 11 U.S.C. §§ 323, 704; *see also* Apple's *Motion to Stay the Retaliation Case* (Dkt. No. 247). Further, any dispute over whether the Environmental Case is an asset of the Chapter 7 Estate should be resolved in the Bankruptcy Court where the Plaintiff voluntarily sought protection from creditors.[1]

Moreover, the docket in the Environmental Case lacks any indication that Apple or any of the other defendants in the Environmental Case have been properly served. The status of that matter is unsettled—particularly given that there has not yet been any determination by the Trustee as to whether the Environmental Case will remain an asset of the Chapter 7 Estate, and that there is no indication that Apple or the other parties have been properly served. This Court can and should defer any determination as to whether the Retaliation Case and the Environmental Case are related until proceedings in the Bankruptcy Court resolve the issues of who has the capacity to prosecute the claims, and the Trustee and each of the real parties in interest in each case, has had an opportunity to weigh in on the propriety of relating them.

### III. THE CRITERIA FOR RELATING CASES ARE NOT CLEARLY MET.

In any event, distinctions between the Retaliation Case and the Environmental Case tell against relating them. Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These criteria are not clearly

---

[1] Perhaps recognizing that she should have resolved her capacity to bring the Environmental Case before commencing that case, the Plaintiff late yesterday, September 11, 2025, indicated to the Bankruptcy Court that she challenges the Trustee's authority to prosecute the Environmental Case. *See* Bankr. D. Mass. Case No. 25-bk-11496, Dkt. No. 26.

met here.

*First*, the Environmental Case and the Retaliation Case involve different parties. The Retaliation Case is brought solely against Apple Inc. The Environmental Case, by contrast, names Apple Inc. as one defendant among several—including the City of Santa Clara, Kalil/Khalil Jenab, Jenab Family LP, Jenab Family Ventures LLC, and the Jenab Family Trust.

*Second*, the events and property at issue are distinct in the two cases. The Retaliation Case is centered on whether Apple—as Plaintiff's employer—retaliated against her for allegedly complaining about a host of purported issues centered on her workplace at 825 Stewart. *See* Dkt. No. 179 at 34 ("Ms. Gjovik's case is essentially a retaliation case[.]").[2] Apple's defense in the Retaliation Case will focus on the legitimate, non-retaliatory reasons why Apple terminated her employment—specifically, her public disclosure of confidential product information and her failure to cooperate and provide accurate and complete information during Apple's investigatory process. The Environmental Case, on the other hand, is an environmental action alleging that Apple's operations at 3250 Scott unlawfully exposed her—as a resident of a nearby apartment complex—to allegedly harmful chemicals. The Environmental Case is not concerned with Plaintiff's alleged protected activity, Plaintiff's disclosure of confidential product information, or Apple's termination of her employment. The Retaliation Case, by contrast, is not concerned with whether any allegedly unlawful activities occurred at 3250 Scott.

*Third*, the two cases are factually and legally distinct, involving different claims requiring different discovery and presentation of different evidence. In light of the distinctions between the two cases, it is unlikely that there would be conflicting results were the cases to be managed and ultimately tried before different judges.

All of that said, however, whether the Plaintiff has the capacity to prosecute either case is

---

[2] Although Plaintiff has repeatedly attempted to argue that her allegations about alleged environmental issues at 3250 Scott are germane to the Retaliation Case, the issues are distinct. Apple denies that Plaintiff complained prior to her termination about any alleged violations of law at the Apple-operated facility at 3250 Scott (the facility at issue in the Environmental Case); the vague statements she alleges she made to her employer Apple about claimed chemical exposure in her apartment at 3255 Scott do not suffice to establish that she engaged in any protected activity during her employment related to any Apple-operated facility at 3250 Scott.

driven by the same fundamental and indisputable facts and law. She is a Chapter 7 debtor, absent further action in the Chapter 7 Bankruptcy, the Trustee controls her pre-bankruptcy claims, and both the Retaliation and Environmental Cases are based exclusively on alleged harm occurring prepetition. For these reasons, neither case should proceed unless and until the Bankruptcy Court determines that Plaintiff can prosecute either or the Trustee steps in to prosecute either.

## IV. CONCLUSION

Apple respectfully submits that it is premature to decide whether the criteria set forth in Local Rule 3-12(a) for relating the Retaliation Case and the Environmental Case are met even if distinctions between the cases weigh against entry of an order relating them at this time.

Dated: September 12, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                             By:      /s/ Jessica R. Perry
                                                      JESSICA R. PERRY
                                                      Attorney for Defendant
                                                      APPLE INC.

# CERTIFICATE OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On September 12, 2025, I served the following document(s):

**DEFENDANT APPLE INC.'S STATEMENT REGARDING SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

By Electronic Service: On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address tmcbride@orrick.com to the email addresses below:

| | |
|---|---|
| Ashley Gjovik (in pro per)<br>ashleymgjovik@protonmail.com<br>legal@ashleygjovik.com<br><br>Plaintiff/Debtor<br><br>**Via ECF** | Mark G. DeGiacomo<br>mdegiacomo@harrisbeachmurtha.com<br>Haris Beach Murtha Cullina PLLC<br>33 Arch Street, 12th Floor<br>Boston, MA 02110<br><br>Bankruptcy Trustee<br><br>**Via Email** |

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2025.

*/s/ Tina McBride*
Tina McBride

- 1 -

CERTIFICATE OF SERVICE
[23-CV-4597-EMC]