**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| Ashley M. Gjøvik,<br><br>Plaintiff,<br><br>vs.<br><br>Apple Inc.,<br><br>City of Santa Clara,<br><br>Mr. Khalil Jenab et al.,<br><br>Defendants. | Case No. 25-CV-07360-NC<br><br>Magistrate Judge: The Honorable Nathanael Cousins<br><br>Environmental Citizen Suit; Public Nuisance<br><br>Request for Clarification and Case Management Guidance |

# PLAINTIFF'S REQUEST FOR CLARIFICATION/GUIDANCE CASE 25-CV-07360-NC

1. Ashley Gjovik, the Plaintiff in Case 25-CV-07360-NC, concurrently files this Request for Clarification and Case Mgmt Guidance to both cases 25-cv-07360-NC & 23-cv-04597.

2. Plaintiff requests that either the Honorable Magistrate Judge Nathanael Cousins and/or the Honorable Judge Edward Chen, clarify that if Apple would like to file a Motion to Stay case 25-cv-07360-NC, that Apple needs to file that Motion to that actual case (not separate cases), and that Apple needs to file their request as an actual Motion, in compliance with federal and Local Rules, and with proper briefing schedule and procedure.

## I. SUMMARY OF RECENT PROCEDURAL VIOLATIONS AND OTHER DISRUPTION CAUSED BY APPLE AND ITS COUNSEL

3. On Friday Sept. 12 2025, at 4:07 PM PT, Apple's whistleblower retaliation counsel in case 23-cv-04597 ("Orrick"), filed a "Statement" in response to a pending "Judicial Referral for Purpose of Determining Relationship of Cases." (23-cv-04597, Dkt. 259). The referral is currently pending consideration by The Honorable Judge Edward Chen. (23-cv-04597, Dkt. 256).

4. Orrick's "statement" was filed only to case 23-cv-04597 and argued that case 23-cv-04597 is not related to 25-cv-07360-NC, but concurrently asked Judge Edward Chen to "stay" the "unrelated" case (25-cv-07360-NC).

5. Apple, via Orrick, did not file an actual Motion to Stay to either case or Judge, and filed nothing at all to case 25-cv-07360-NC.

6. Apple's counsel for the Citizen Suit (25-cv-07360-NC) appears to be Mr. William Tarantino, head of the firm's Environmental Litigation Division, at MoFo. (Dkt. 10). Mr. Tarrantino and/or MoFo were provided a digital copy of the Complaint and Case Management statement on Sept. 8, while the Plaintiff awaits the Summons for the court Clerk. (Dkt. 10).

7. Despite MoFo apparently being retained as Apple's counsel in 25-cv-07360-NC, MoFo has filed no statements to either case regarding 25-cv-07360-NC. (Dkt. 10).

8. Orrick has no environmental practice and its whistleblower retaliation defense attorneys cannot interfere with environmental litigation that a different firm is already retained to defend for the same client. The Citizen Suit is entirely about enforcing federal environmental laws and public safety, not personal retaliation or personal injury claims.

*Gjovik v. Apple, Santa Clara, Jenab, et al* | 25-CV-07360 | Admin. Motion | Page 1

9. Further, Apple's retaliation counsel at Orrick filed a "Statement" that suggested a Bankruptcy Court in Boston actually owns the Citizen Suit (a lawsuit that provides no personal compensation or financial recovery, so by definition could not be Banrkcupy Estate property, and a federal enforcement action arguing substantial and imminent harm that requires immediate judicial intervention to protect public safety). (23-cv-04597, Dkt. 259).

10. Thus, Orrick suggested in a "Statement" filed to an admittedly "unrelated" retaliation case, that a Boston Bankruptcy Court should decide how to proceed with the Citizen Suit (25-cv-07360-NC), but did not file their "Statement" to the Citizen Suit or Bankruptcy Court. Further, Apple filed their statement when it was already past 7 PM ET on a Friday in Boston.

11. Apple has also recently retained separate counsel for the Boston Bankruptcy proceeding, (firm Partner and Corporate Restructuring Division leader, Andrew Troop at Pillsbury Winthrop Shaw Pittman LLP). Mr. Troop and Pillsbury have not filed anything in the Bankruptcy case regarding the Citizen Suit other than a vague threat, last night, that the Plaintiff should be sanctioned and fined by the court for filing the Citizen Suit. (25-11496, Dkt. 29).

12. This was briefly mentioned in a footnote within Apple's larger response to a prompt for Apple to show cause why it should not be sanctioned in the Bankruptcy proceeding due to creditor misconduct ("Apple Card") and Orrick interfering with Bankruptcy Estate administration. (copy posted to 3:23-cv-04597, Dkt. 251; 25-11496, Dkt. 20, 29).

13. The Bankruptcy Court still has not ruled on the Plaintiff's Motion to Compel the Trustee and request for a Protective Order (copy posted to 3:23-cv-04597, Dkt. 251), but the Trustee did file his defense to that court yesterday, Sept. 11, which stated, without further elaboration, "The Motion to Compel should be denied for reasons too obvious to expound upon here." (25-11496, Dkt. 24).

## II. Plaintiff's Suggestion

14. The Plaintiff suggests that the Courts consider advising Apple's counsel that if Apple would like to file a Motion to Stay the Citizen Suit, that Apple do so by filing a formal Notice of Appearance and file an actual Motion to Stay, following federal and local rules, in both case 5:25-cv-07360 and the RICO/Whistleblower case at 3:23-cv-04597.

15. The Plaintiff also suggests that if Apple is the only party shared between the

RICO/Whistleblower suit and the Citizen Suit, and Apple's RICO/Whistleblower defense counsel do not believe the cases are related, but is concurrently attempting to create confusion and administrative efficiency across at least three different federal proceedings, in three different federal Court Houses, and across two different states, with at least three separate defense firms – that perhaps a preliminary decision to not Relate Cases could be issued and then an period of 30 or 60 days provided for the other Defendants to weigh in once the Summons are issued by the Clerk and the Plaintiff is able to served them to the Defendants. (Dkt. 10).

16. Further, the Plaintiff asks for the court's guidance to all parties about proper motion practice, compliance with the rules of civil procedure, and cross-court referrals. The Plaintiff would like to proceed in an orderly fashion and reduce administrative overhead but is concerned that Apple appears to be creating confusion and unnecessary work as a litigation defense. Such a posture wastes taxpayer money, burdens the courts, and delays justice for all litigants.

Respectfully filed,

_____

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

Executed on this day of September 12 2025 in Boston, Massachusetts.

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

# EXHIBITS

# Re: Ashley Gjovik v. Apple Inc. [CAND Case No. 23-cv-4597-EMC] (In Re Gjovik, Bankrcupy 25-11496)

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | McBride, Tina<tmcbride@orrick.com> |
| CC | Mark G. DeGiacomo<mdegiacomo@harrisbeachmurtha.com>, Ashley Gjovik<ashleymgjovik@protonmail.com>, Perry, Jessica R.<jperry@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, USTP.Region01@usdoj.gov, richard.t.king@usdoj.gov, Troop, Andrew M.<andrew.troop@pillsburylaw.com> |
| Date | Friday, September 12th, 2025 at 7:40 PM |

+Adding Mr. Troop, Apple's Bankruptcy counsel who also filed something to the Bankruptcy court last night calling for me to be sanctioned/fined, including for filing the EPA Citizen Suit on behalf of EPA/DOJ
+ Adding US DOJ Office of the Trustee

Hello Apple's counsel,

The law is extremely clear that a federal enforcement action with no financial recovery for the citizen who chooses to represent the DOJ ENRD/EPA in these environmental and public safety actions, acting as a "last resort" as Congress intended when DOJ ENRD/EPA fails to act in these matters, cannot be considered part of a Bankruptcy estate. There is nothing to liquidate, there is no recovery, and federal environmental laws and public safety police powers preempt Bankruptcy laws.

The only thing a Trustee could do with a case like this is try to "settle" the matter by taking out of court payments from Defendants to end the lawsuit against them, outside of the statutory 45-day DOJ ENRD settlement review/approval process, and in which case that Trustee and the Defendants would be committing federal crimes including some form of criminal bribery and obstruction.

Further there is no basis to "stay" a RCRA lawsuit arguing imminent and substantial endangerment (here, specifically that little children are being actively exposed to toxic waste dumping and lethal gases as they play outside in parks and playgrounds, and the same emissions are being dumped into thousands of homes) by Apple's knowing and reckless federal environmental violations -- let alone on the basis that Apple was able to successful bankrupt its whistleblower through four years of scorched earth retaliation litigation.

The lawsuit is filed on behalf of DOJ ENRD/EPA, and they are able to intervene and take it over at any time -- to enforce their own laws, as they were supposed to in the first place -- and that's why these actions exist. As you certainly saw on the docket earlier today, the US EPA Admin and the US Attorney General have already been served. As was ENRD DOJ, California EPA, and the Santa Clara County District Attorney (who has an environmental crimes division).

If Apple would actually like to stop the Citizen Suit, it should shut down this factory or otherwise provide evidence it has come into compliance with the law and has abated the ongoing hazards and threats to public safety. The the DOJ ENRD would review Apple's assertion and decide whether to end the suit during the 45-day settlement review process.

That's literally what the statutes say -- either you get sued by the citizen and/or the DOJ/EPA, or you correct your violations and comply with federal law. That's your only two options.

-Ashley


—

**Ashley M. Gjøvik**
BS, JD, PMP


Sent with Proton Mail secure email.

On Friday, September 12th, 2025 at 7:06 PM, McBride, Tina <tmcbride@orrick.com> wrote:

Counsel,

In connection with the above matter, attached please find:

**DEFENDANT APPLE INC.'S STATEMENT REGARDING SUA SPONTE JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

Thank you.

**Tina McBride**

Executive Assistant

Orrick
Silicon Valley 

T 650-614-7421
tmcbride@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**456.49 KB**     1 file attached     2 embedded images

2025.09.12 Response to Referral Re Relating Cases.pdf  452.60 KB