ASHLEY M. GJOVIK
2108 N. St. Ste 4553
Sacramento, CA 95816
(408) 883-4428
legal@ashleygjovik.com

*Pro Se* Plaintiff

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant
Apple Inc.

(Additional counsel on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**JOINT STATUS REPORT**<br><br>Dept:    Courtroom 5, 17th Floor<br>Judge:   Honorable Edward M. Chen |

1  RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2100 Pennsylvania Avenue NW
3  Washington, D.C. 20037
   Telephone:   +1 202 339 8400
4  Facsimile:    +1 202 339 8500

5  Attorneys for Defendant
   Apple Inc.

Plaintiff Ashley Gjovik ("Plaintiff") and Defendant Apple Inc. ("Defendant") hereby submit this Joint Status Report pursuant to the Court's September 4, 2025 Order Granting Defendant's Motion to Stay. On November 3, 2025, the Parties met and conferred via email regarding a potential joint statement but did not reach an agreement on what the statement should include. Accordingly, each Party provides a separate statement below.

## **PLAINTIFF'S STATEMENT**

**Background**

On Aug. 25 2025, Apple Inc filed an Emergency Motion to Stay this lawsuit (Dkt. 247-248). Apple argued that when the Plaintiff filed a petition for Bankruptcy on July 21 2025, the Plaintiff lost standing in this lawsuit and was no longer a party to this lawsuit. (Dkt. 247). Apple also that they emailed an attorney in Boston, MA working as a part-time private "Trustee" in Chapter. 7 cases. Apple told him they wanted this Stay because, Apple claimed, the Plaintiff is no longer a party to this lawsuit. Apple said the Boston attorney said he did not oppose the Stay and claimed that meant the Boston attorney was now the only Plaintiff in this federal lawsuit in California. (Dkt. 247). The Boston attorney never filed a notice of appearance or any papers to this court.

On Aug. 25 2025, the Court Ordered that the Plaintiff must respond to the Motion to Stay within two days. (Dkt. 249). The Plaintiff filed an Opposition on Aug. 27 2025. (Dkt. 250). The Plaintiff also filed two Motions in U.S. Bankruptcy Court (District of Mass. Case No. 25-11496), asking for a motion compelling the Trustee to comply with the Federal Rules of Bankruptcy and Civil Procedure, and asking for Sanctions against Apple Inc as a disputed creditor, and filed copies to this docket. (Dkt. 251-252).

On Sept. 4 2025, this court issued an Order at Dkt. 255 which granted Apple's request for a Stay. The factual basis cited for the court's decision was that: "Apple did not move for relief earlier because, only recently, did the Trustee take action suggesting that he might not abandon Ms. Gjovik's claims against Apple (e.g., the Trustee asked the bankruptcy court for approval to employ legal counsel and, after the initial meeting of creditors, continued that meeting to October so that he could, inter alia, meet with Ms. Gjovik)." (Dkt. 255 at 2).

- 1 -

JOINT STATUS REPORT
CASE NO. 23-cv-4597-EMC

The Sept. 4 2025 Order stated that: "Proceedings in this case are stayed pending a decision by the bankruptcy court as to the propriety of the Trustee's actions." (Dkt. 255 at 3-4). "The stay sought should not be unduly lengthy, especially as Ms. Gjovik has now filed an emergency motion with the bankruptcy court asking for relief with respect to actions taken by the Trustee." (Dkt. 255 at 3). "If the bankruptcy court holds that the Trustee alone has standing to decide whether to prosecute this action (at least until he abandons it), the instant case shall continue to be stayed until the Trustee makes that decision." (Dkt. 255 at 3-4).

**Decision by the Bankruptcy court regarding the Plaintiff's Motions.**

On Oct. 6 2025, the Bankruptcy judge denied the Plaintiff's motion requesting relief regarding the Trustee's actions. (Dkt. 42). The Bankruptcy court ruled that a Bankruptcy Trustee is:

> "given latitude to exercise reasonable business judgement in prosecuting estate claims against third parties, substituting himself or herself as a party in pending litigation, and settling or releasing claims. *Cf. In re Healthco Int'l, Inc*. 136 F.3d 45,51 (1ˢᵗ Cir. 1998)(deference to the trustee's business judgement in connection with proposed settlement if it falls above 'the lowest point in the range of reasonableness.).”

(Dkt. 42).

The Courts order denying the Plaintiff's request noted that the Trustee said he was evaluating scheduled causes of action and that "absent extraordinary circumstances" the Trustee has authority to act in pending cases to stay litigation and take other actions that he deems reasonable in administering the estate." (Dkt. 42).

On Oct. 6 2025, the Bankruptcy judge denied the Plaintiff's motion for sanctions against Apple because there was no claim filed for the AppleCard debt. (Dkt. 43). The Order noted if a claim was filed for the AppleCard debt, and the Trustee did not pursue a claim objection prior to concluding administration, then the Plaintiff may request leave to pursue an objection to the claim herself against Apple and Goldman. *Id*. Apple never filed a claim.

**Decision regarding "standing to decide whether to prosecute this action."**

No decision was made regarding this question. The Bankruptcy court agreed with the Plaintiff that upon filing a petition for bankruptcy that her property was transferred to the

1  bankruptcy estate. The court added that this includes "causes of action" where the Plaintiff "had an
2  interest." The court recited bankruptcy code that states a Trustee is responsible for administration
3  of all property of the estate. 11 USC §§ 323, 704(a).(Dkt. 42).

4  Plaintiff requested guidance from the Bankruptcy court last week with this report due Nov.
5  3 2025, the Trustee declaring his administration is complete, but the Plaintiff's claims not
6  "reverting" back to her until 15 days after the Trustee's abandonment. The court issued an Order at
7  Dkt. 55 stating there is no concern about the Plaintiff "filing a status report in litigation asserting
8  abandoned claims" but that "she should note in any status report that the Trustee's abandonment in
9  this Bankruptcy case is subject to an objection deadline." (Dkt. 55 at 1, Nov. 2 2025).

10 **Employment of Legal Counsel and Additional Meeting of the Creditors**

11  No information was provided by the Trustee regarding why the Trustee requested the
12  employment of lawyers and accountants on Aug. 15 2025. (Dkt. 14-15). No information was
13  provided by the Trustee regarding why the Trustee set the bankruptcy to an Asset case on Aug. 12-
14  13 2025. (Dkt 13). No information was provided by the Trustee regarding why the Trustee
15  scheduled a second Meeting of the Creditors. The second meeting occurred on Oct. 30 2025.
16  Apple's counsel in this case attended again stating they were a "member of the public." The Trustee
17  said he had no questions for the Plaintiff and ended the meeting. (Dkt. 54 at 4).

18  The Trustee's explanation for the Stay in this litigation was filed on Sept. 11 2025 at Dkt.
19  24 and stated only that the Plaintiff "is not entitled to any of the relief requested in the Motion to
20  Compel" and the motion "should be denied for reasons too obvious to expound upon here." (Dkt.
21  24 at 1).The Trustee reported his administration and investigation of the claims consisted of
22  "review[ing] the descriptions of the Claims contained in the Amended Schedules" and the
23  "memoranda prepared by the Debtor." (Docket Text, Oct. 24 2025).

24 **Abandonment of Claims**

25  The Trustee filed a Notice of Abandonment for all claims on Oct. 24 2025 (Dkt. 47). There
26  is a 14 day period for objections from creditors before the property formally reverts. (FRBP Rule
27  6007; MAB L.R. RULE 6007-1). After the 14 days, if no objections are filed, the property then
28  reverts back to the original owner, here the Plaintiff. ("Unless the court orders otherwise, an order

granting the motion to abandon property effects the trustee's or debtor in possession's abandonment without further notice. (FRBP Rule 6007(3)).

**Closure of Bankruptcy Proceeding**

On Oct. 24 2025 the Trustee provided his final report for the proceeding stating via Docket Text (no filing):

> "Chapter 7 Trustee's Report of No Distribution: I, Mark G. DeGiacomo, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 3 months. Assets Abandoned(without deducting any secured claims): $ 14872.00, Assets Exempt: Not Available, Claims Scheduled: $ 154345.59, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 154345.59. (RE: 5 Meeting (Chapter 7)). (DeGiacomo, Mark)"

On Oct. 24 2025 the Trustee requested his $60 payment for his administration of the Plaintiff's bankruptcy proceeding between July 2025-Oct. 2025, posting the following at Dkt. 52:

> Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 10/31/2025). (RE: Meeting of Creditors Held filed by Trustee Mark G. DeGiacomo). (DeGiacomo, Mark) (Entered: 10/31/2025) Dkt. 52.

The deadline for objections to Plaintiff's discharge was Oct. 20 2025 and no objections were filed. No objections were filed regarding the Plaintiff's exemptions. The deadline for Creditors to file Proofs of Claim is Nov. 12 2025 however the proceeding is now scheduled to be a full discharge with no payment. The overall case would stay open until the Plaintiff's law school student loan discharge Adversary Proceeding completes. (Case No. 1:25-ap-1104).

**Requests from the Plaintiff**

The Plaintiff respectfully requests this court release the Stay on this litigation and allow the parties to resume discovery. The Plaintiff respectfully requests this court schedule Summary Judgement for 90 days from now, and both parties file a written statement to the court within two

1  weeks of what they believe needs to occur prior to Summary Judgement, including any
2  dependencies or scheduling concerns.

3  Otherwise, the Plaintiff respectfully requests this court respond to her motion filed July 2
4  2025 at Dkt 228 requesting a case schedule and court ordered discovery plan. This was also
5  requested in prior Cases Management status filings. The discovery plan was also requested directly
6  to the Magistrate Judge who declined in July 2025. The request was then discussed during the Aug.
7  5 2025 Case Management hearing and the court said it would look into the matter but has not
8  responded regarding the request. The request is still urgent and necessary.

9  The plaintiff also requests this court please issue declaratory relief that any pending
10 discovery requests/responses prior to Aug. 25 2025 are still pending and do not have to be re-
11 served; and that any discovery escalations requiring a deadline prior to action (the Magistrate Judge
12 ordered a required duration of time to complete prior to being able to file motions requesting her
13 intervention) are tolled and do not have to be reset from the beginning; and that Judge Westmore
14 be noticed of the lifted Stay regarding the pending Motion for Leave to file Sanctions filed by the
15 Plaintiff on Aug. 22 2025 against Apple for discovery misconduct. (Dkt 245).

### **DEFENDANT'S STATEMENT**

17 On October 24, 2025, Mark G. DeGiacomo, the duly appointed Chapter 7 Trustee of the
18 bankruptcy estate of Ashley Marie Gjovik (the "Debtor"), filed a notice of intent to abandon his
19 interest in all claims the Debtor listed in her Amended Schedules, including claims at issue in this
20 litigation. *In re Ashley Marie Gjovik*, No. 25-bk-11496 (Bankr. D. Mass. Oct. 24, 2025), Dkt. No.
21 47 at 1; Dkt. No. 47-1 at 2, 6-8.

22 If no objection to the notice is filed by November 7, 2025, all of the claims listed in Debtor's
23 Amended Schedules will be deemed abandoned. *See* Dkt. No. 47 at 2; Fed. R. Bankr. P. 6007(a)(2).
24 If an objection to the notice is timely filed by a creditor or other party in interest, the Bankruptcy
25 Court will schedule a hearing in connection therewith. *See id.*

26 A status conference in this matter is currently scheduled for January 13, 2026 (Dkt. No.
27 262), and if the stay in this matter is lifted prior to that date, scheduling issues can be addressed at
28 the status conference.

## JOINT STATUS REPORT SIGANTURES

Dated: November 3, 2025          By:      /s/
                                     ASHLEY M. GJOVIK
                                     Plaintiff (Pro Se)

Dated: November 3, 2025          By:      /s/
                                     MELINDA S. RIECHERT
                                     Attorneys for Defendant Apple Inc.

## CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

Per L.R. 5-1(i)(3), I attest the other signatory has concurred in the filing of this document.

Dated: November 3, 2025          /s/
                                 Ashley M. Gjovik
                                 Pro Se Plaintiff