**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Administrative Motion** |
| | Civil L.R. 7-11 |
| vs. | |
| | Request to Lift the Stay ordered at Dkt. 255, due to Satisfaction of Requirements Noted in the Order at Dkt. 264. |
| **Apple Inc.**, *a corporation*, | |
| Defendant. | |

# ADMINISTRATIVE MOTION
## REQUESTING ON ORDER LIFTING THE STAY

1. The Plaintiff, Ashley Gjovik, respectfully requests that this court issue an Order lifting the Stay in this litigation.

2. On Sept. 4 2025, the Court issued an Order Granting the Defendant's request for an Emergency Stay of this litigation. (Dkt. 247-248, 255). The Court noted the "*the stay sought should not be unduly lengthy.*"(Dkt. 255 at 3).

3. On Nov. 3 2025, the Court issued an Order stating that "*assuming that there are no objections to the bankruptcy trustee's notice of intent to abandon, then there will be no reason for the stay in this case to continue.*" (Dkt. 264).

4. In the Nov. 3 2025 joint status report and out of court communications, the Defendant's counsel indicated that the Defendant does not intend to resume discovery or case planning in this lawsuit prior to 2026, even if the Stay was lifted.

5. On Nov. 3 2025 the Plaintiff emailed the Defendant's counsel asking again if they will voluntarily resume discovery or if a Court Order would be required before they will cooperate. Plaintiff further stated "*I would like to continue working through the issues and get us out the other end of this litigation.*"

6. Plaintiff's request was sent to the Defendant eleven days ago, and the Defendant's counsel still has not responded.

7. Accordingly the Plaintiff, Ashley Gjovik, respectfully informs the Court that no Bankruptcy objections were filed to the Trustee's Notice of Abandonment on Oct. 24 2025 (Dkt. 47, 25-11496).

8. The Plaintiff waited an additional week because objections could be mailed to the Bankruptcy court and there could have been a delay in the Bankruptcy court manually docketing those objections. However, one week later, no objections were docketed or otherwise reported.

9. Bankruptcy law creatively views pending litigation or potential legal claims as vested property rights and the Trustee's Notice of Abandonment thus serves as a "reversion." The deadline for Objections to the Abandonment and Discharge have expired, thus the Plaintiff's full property rights to her litigation and legal claims were reverted back to the Plaintiff.

10. Accordingly, per this Court's Order at Dkt. 255, and following the reversion of property rights in this case to the Plaintiff, and due to the Defendant's apparent refusal to re-engage in this litigation without a Cour Order; the Plaintiff respectfully requests that this Court issue an Order officially lifting the Stay in this litigation and Order the parties to resume all previously active litigation activities, including discovery.

Respectfully,

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*
Boston, Massachusetts.
Dated: Nov. 14 2025