**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, | Case No. 3:23-CV-04597-EMC |
| Plaintiff, | **Plaintiff's Rule 72 Objections To the Order at Dkt. 270** |
| vs. | |
| **Apple Inc.**, a corporation, | |
| Defendant. | |

## Rule 72 Objections to the Order at Dkt. 270

The Plaintiff files and serves these objections under Federal Rule of Civil Procedure Rule 72.

On Jan. 14 2026, Magistrate Judge Westmore issued an Order at Dkt. 470 regarding a discovery dispute between the parties which was raised by the Plaintiff on August 12 2025 at Dkt. 240.

The Plaintiff had filed a Discovery Letter at Dkt. 240 that complied with both Judge Westmore's Standing Order and Judge Westmore's "tailored" procedure in the Order at Dkt. 233.[1]

The Plaintiff's Letter complained that Apple still had not produced a specific document that Apple cited in its own defense in this case and the government adjudications.

Apple had alleged this specific document was material evidence in support of its termination of the Plaintiff's employment. Then, once discovery began, Apple claimed to not have the document, to not know where it is, and also stated in one formal discovery response that it would not look for the document either. (Dkt. 240).

The Plaintiff's Discovery Letter included ten pages of evidence; all excerpts of formal discovery filings between the parties. (Dkt. 240).

The Plaintiff argued that either Apple was withholding material evidence that it itself made material to this proceeding and/or there was a spoliation claim against Apple if Apple lost the document. (Dkt. 240, 255).

The Plaintiff argued that a retaliation lawsuit revolves around the employer's proffered justification for firing the employee and any evidence that could indicate whether the employer is lying or telling the truth. Accordingly, the

---

[1] Judge Westmore issued the Order at Dkt. 233 in response to Apple's Motion at Dkt. 219 requesting to not have to meet/confer with the Plaintiff over video or phone or in person, and to be allowed to only file one-party Discovery letters (rather than joint) as long as five-days have passed since the start of an email meet/confer. Judge Westmore granted the request.

Plaintiff argued, that Apple's conduct during litigation regarding this evidence was evidence of pretext and/or malicious conduct. (Dkt. 240, 255).

The Plaintiff referenced this pending Letter in her Opposition to Apple's Motion to Stay on August 25 2025 at Dkt. 247-248. The Plaintiff included a copy of the some of the documents referenced in her Discovery Letter. This Court confirmed it read those documents. (Order at Dkt. 255).

Then facing the Discovery Letter, Apple finally produced the document and several other material documents Apple had been withholding (and had previously claimed they did not have or would not produce) and all of these documents contain statements and information which strongly supports the Plaintiff's case and severely weakens the employer's defenses. (Dkt. 245, 255).

The Plaintiff, handcuffed by the new "tailored" process Apple had requested and Judge Westmore had approved, did not have a reply or way to respond when Apple filed its response and grossly mischaracterized their conduct. The Plaintiff filed a brief notice to Judge Westmore attempting to explain what Apple was doing and asking for leave to file a Motion for Sanctions.

Judge Westmore responded on Jan. 14 2026 at Dkt. 270. Judge Westmore's response mostly quoted and cited Apple's filing but did not reference or discuss any of the evidence the Plaintiff has included which showed that Apple was making contrary statements, or any of the legal arguments the Plaintiff related regarding retaliation cases.

Judge Westmore instead issued what could be considered to be substantive findings, which Apple may seek use as evidence in its defense regarding pretext claims or the request for punitive damages and fines in this case. However, Judge Westmore did not comply with Rule 72 which requires a review of evidence, finding of facts, and a proposal made to the U.S. Judge.

Because Judge Westmore did not follow these procedures, did not knowledge the evidence or legal arguments submitted, but did find in the favor of

the employer, and also warned the employee Plaintiff that she could be punished by Judge Westmore for alleging that Apple is lying about the reason it fired the employee and is hiding evidence that would reveal it was lying (which is the primary duty of any Plaintiff in a retaliation case), Judge Westmore has inappropriately interfered with the court's substantive oversight.

The Plaintiff objects to Judge Westmore's decision as arbitrary and capricious and a violation of the requirements of Rule 72.

The Plaintiff also objects to Judge Westmore's requirement of 3-day chambers companies for all filings when the Plaintiff notified Judge Westmore she cannot afford a currier and would not be able to file any Letters. Judge Westmore essentially cut off the Plaintiff's access to discovery in this litigation.

Dated: January 28 2026

Respectfully,

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*