UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.  23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER**<br><br>Docket No. 271 |

Pending before the Court is Ms. Gjovik's motion for relief from an order issued by Judge Westmore. *See* Docket No. 270 (order); Docket No. 271 (motion); *see also* Docket Nos. 240, 241, 245 (underlying briefs). Because Ms. Gjovik is seeking relief from a nondispositive pretrial order,[1] Apple is not required to file a response and no hearing is held unless the Court orders otherwise. *See* Civ. L.R. 72-2(d). The Court finds that a response and hearing are not necessary. Ms. Gjovik's motion for relief is **DENIED**.

"When a magistrate judge issues an order on a non-dispositive matter, the district judge in

---

[1] Judge Westmore's order is nondispositive because (1) she addressed a discovery issue and discovery orders are nondispositive, *see Humphreys v. New York City Health*, No. 16-CV-9707 (VSB), 2023 U.S. Dist. LEXIS 5222, at *7 (S.D.N.Y. Jan. 11, 2023) ("'A magistrate judge's discovery orders are generally considered nondispositive of the litigation.'"); and (2) even though Ms. Gjovik also sought sanctions, Judge Westmore denied that request, which makes that portion of her order nondispositive as well. *See* 14 Moore's Fed. Prac. – Civ. § 72.02 (2026) ("A magistrate judge's order denying sanctions is nondispositive."); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under [non-dispositive] Rule 72(a) rather than [dispositive] Rule 72(b)."); *cf. Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) ("[W]e find that the Rule 11 sanctions imposed here are non-dispositive matters properly ordered by the magistrate and reviewed by the district court for clear error.").

the case 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *De Leon v. Clorox Co.*, No. 19-mc-80296-EMC, 2021 U.S. Dist. LEXIS 34791, at *8 (N.D. Cal. Feb. 24, 2021). Ms. Gjovik has failed to show clear error or a result contrary to law.[2]

First, Ms. Gjovik was moving to compel to get a copy of the 2017 Informed Consent Form. As Judge Westmore noted, Apple ultimately produced that document.

Second, to the extent Ms. Gjovik sought sanctions, no sanctions were warranted given that Apple produced the document. There was no spoliation of any evidence; thus, Ms. Gjovik's request for a negative inference to be made against Apple – "[e]ven if it does now produce the document" – make no sense. Docket No. 240 (Mot. at 6); *see also* Docket No. 245 (Reply at 3) ("Plaintiff believes Defendant's conduct and cover-up of that conduct, including false statements to the court, at the very least warrants sanctions against Defendant by this court.").

Third, in her papers, Ms. Gjovik suggested to Judge Westmore that she should "narrowly tailor any ruling on the pending letter [so] as to not create estoppel or other constraint on later decisions . . . regarding the document in question and the content within, Defendant's motive in not providing these documents prior, or the statements made by Defendant in its response that could substantiate additional legal claims and charges." Docket No. 245 (Reply at 3-4). This request was too amorphous and essentially asked Judge Westmore to prejudge an issue (what impact there would be as a result of the denial of sanctions) without any context.

Fourth, Ms. Gjovik argues that "Judge Westmore did not comply with Rule 72 which requires a review of evidence, findings of fact, and a proposal made to the U.S. Judge." Mot. at 3. There are at least two problems with this argument: (1) neither Federal Rule of Civil Procedure 72 nor 28 U.S.C. § 636 require findings of fact for a nondispositive order; and (2) Ms. Gjovik is essentially speculating that Judge Westmore did not review the briefs and record presented to her before ruling.

Finally, Judge Westmore's discovery procedures in this case do not violate due process

---

[2] To be clear, even if a de novo standard of review were applied, the Court would reach the same result as Judge Westmore.

and are not otherwise improper.  *See* Docket No. 230 (minutes for 7/2/2025 hearing) ("Parties will meet and confer in writing for a period of 5 business days.  If the dispute remains unresolved after 5 business days, the initiating party may file a unilateral letter no longer than 5 pages within 5 days of the last meet and confer date.  The opposing party has 5 days to file an opposition, not to exceed 5 pages.  No replies are permitted.").  To the extent Ms. Gjovik is contesting the requirement that a chambers copy be provided within 3 days after a filing, she has failed to explain why she needs to incur the expense of having a courier provide the chambers copy (*e.g.*, instead of mailing a copy).

**IT IS SO ORDERED**.

Dated: January 30, 2026

_____
EDWARD M. CHEN
United States District Judge