

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
+1 650 614 7400
**orrick.com**

**Melinda Riechert**

**E** mriechert@orrick.com
**D** +1 650 614 7423
**F** +1 650 614 7401

February 10, 2026

Hon. Kandis A. Westmore
United States District Court,
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

**Re:** ***Ashley Gjovik v. Apple Inc.***
**N.D. Cal. Case No. 23-cv-4597-EMC (KAW)**
**Letter Brief Regarding Subpoenas for Plaintiff's Medical Records**

Dear Judge Westmore:

Pursuant to this Court's July 2, 2025 Minute Order (Dkt. No 230), defendant Apple Inc. ("Apple") submits the following letter in light of the parties' inability to resolve a discovery dispute.

Plaintiff is seeking significant emotional distress damages in this case. This dispute concerns Apple's request that Plaintiff agree that Apple can issue subpoenas for her medical records to the medical providers she identified in her disclosures and discovery responses. Apple also requests that Plaintiff sign a consent authorizing the release of her medical records from the providers she has identified. In the experience of the undersigned, many medical providers—particularly mental health care providers—will not release records, even pursuant to a duly-issued subpoena, without a signed authorization from the plaintiff-patient. Apple attempted to meet and confer with Plaintiff on these issues. Plaintiff initially refused to permit any discovery (*see* **Exhibit A**) and then, on February 4, 2026, indicated she would reconsider her position and provide edits to Apple's proposed stipulation for her consent to potentially allow her providers to produce some records. However, she did not commit to a timeframe for doing so, provided no detail as to what she would agree was permissible and as of the time of this filing, Apple has not received Plaintiff's revisions.[1]

## I. Plaintiff attributes severe medical and mental health conditions to Apple, and identified multiple medical providers in discovery.

Plaintiff has put her medical and mental health directly at issue in this case. The Fifth Amended Complaint repeatedly alleges Plaintiff suffered severe emotional distress, including: "severe insomnia,

[1] The Court's current scheduling order has fact discovery closing on April 16, 2026 (*see* Dkt. No. 274) with opening expert reports due the dame day, so Apple cannot wait indefinitely for Plaintiff to commit to her position. It has already provided Plaintiff two separate 5-day windows to complete meet and confer as contemplated by your July 2, 2025 order.




nausea, extreme depression, suicidal ideation, uncontrollable crying, paralyzing anxiety, and significant weight fluctuations, including gaining sixty pounds. Apple's conduct directly caused these symptoms. In addition to physical symptoms like anxiety and upset stomach, Plaintiff experienced over-whelming emotional distress, including shock, horror, shame, humiliation, and PTSD. These effects have caused depersonalization and derealization. Due to these injuries, Plaintiff saw medical doctors and psychologists and was prescribed new and additional psychiatric medication for depression, anxiety, and PTSD." Dkt. No. 142 ¶ 331. She seeks to recover from Apple both pecuniary damages for alleged "past and future medical expenses" and non-pecuniary damages for alleged severe emotional distress that resulted in "permanent psychological trauma." *Id.* (Prayer for Relief).

Plaintiff's Amended Initial Disclosures identify medical providers who treated her for injuries she alleges were caused by Apple; confirm she is seeking both pecuniary and non-pecuniary damages arising from her alleged severe emotional distress; and attest that her medical records and expert testimony will be used to substantiate these claimed damages. *See, e.g.*, Am. Initial Disclosures at 33, 40-41.[2] Plaintiff's discovery responses affirm the same. *See, e.g.*, Pl.'s Resp. to Interrogatory No. 2. Furthermore, her disclosures, discovery responses, and meet and confer unequivocally state that all requests for her medical records must go through her and that she will not consent to the subpoena of any medical records.

## II. <u>Apple sought, but Plaintiff refused to provide, authorizations for release of these records pursuant to subpoena.</u>

Apple attempted to first negotiate the scope of the subpoenas with Plaintiff. On January 27, 2026, Apple emailed Plaintiff a draft stipulation consenting to the release of medical records from the providers she disclosed as relevant to her claimed damages along with recommended language identifying the scope of the records sought. *See* **Ex. A**. Plaintiff responded the same day, refusing to sign a release or otherwise permit any subpoenas to these medical providers. *See id.* Apple emailed Plaintiff on February 2, 2026 indicating its intent to file a letter brief with the Court given that the issue remained unresolved; Plaintiff then responded alluding to a desire to meet and confer and on February 4, 2026 told Apple she would provide revisions to Apple's proposed stipulation and subpoena attachment. As of the time of this filing, Plaintiff has not provided any concrete proposal to narrow the scope of the subpoenas or suggested revisions to Apple's proposed stipulation.

## III. <u>Apple is entitled to the information sought.</u>

### A. <u>The discovery sought is relevant.</u>

Plaintiff is seeking at least $200,000 in pecuniary damages for alleged actual losses arising from medical

---

[2] Apple is mindful of the Court's Standing Order that discovery letter briefs are limited to 12 pages of exhibits and has provided the initial meet and confer and response, along with a copy of Apple's proposed stipulation and subpoena attachment with Plaintiff's medical providers redacted. Apple will furnish the Court with the Parties' subsequent lengthy correspondence and her discovery responses upon request.



treatment for her employment-related claims, and she contends that such damages will be proven through "receipts & invoices", "medical records and bills", "prescriptions", "diagnoses", "expert testimony", and "therapy co-pays." Am. Initial Disclosures at 40-41. Additionally, Plaintiff seeks an undisclosed amount of non-pecuniary damages arising from alleged "severe" emotional distress and "permanent psychological trauma" that she attributes to Apple. Dkt. No. 142 ¶ 331 and Prayer for Relief; Am. Initial Disclosures at 41. By seeking both pecuniary and non-pecuniary damages arising from her alleged severe emotional distress, Plaintiff has put her medical and mental health history, including the source and nature of potential alternate stressors, directly at issue in this litigation.

A plaintiff's mental condition is "in controversy" under FRCP 35 when one or more of the following factors are present: (1) the complaint includes a claim for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury or disorder; (3) the plaintiff claims unusually severe emotional distress; (4) the plaintiff offers expert testimony to support the claim of emotional distress; or (5) the plaintiff concedes that her mental condition is "in controversy" for purposes of FRCP 35. *Hardin v. Mendocino Coast Dist. Hosp.,* No. 17CV05554JSTTSH, 2019 WL 1493354, at *1 (N.D. Cal. Apr. 4, 2019) (citing *Gavin v. Hilton Worldwide, Inc.* 291 F.R.D. 161, 164 (N.D. Cal. 2013)).

Here, at least the second, third, fourth, and fifth *Gavin* factors are plainly met.

- Second *Gavin* factor: Plaintiff specifically alleges being "prescribed new and additional psychiatric medication for depression, anxiety, and PTSD." Dkt. No. 142 ¶ 331.

- Third *Gavin* factor: Plaintiff alleges unusually severe emotional distress, including severe insomnia, nausea, extreme depression, suicidal ideation, uncontrollable crying, paralyzing anxiety, and significant weight fluctuations, including gaining sixty pounds" and "overwhelming emotional distress, including shock, horror, shame, humiliation, and PTSD." *Id.*

- Fourth *Gavin* factor: Plaintiff's initial disclosures indicate that she will use expert testimony to prove her pecuniary and non-pecuniary damages related to her alleged severe emotional distress. Am. Initial Disclosures at 40-41.

- Fifth *Gavin* factor: Plaintiff concedes that her medical condition is "in controversy" because she agrees that an independent medical evaluation pursuant to FRCP 35 is appropriate.

**B. The discovery sought is reasonable in scope.**

Apple's subpoenas seek medical records dating from 2015. The period of 2015 to present is reasonable because Plaintiff identified treatment for mental health issues going back to 2015. Am. Initial Disclosures at 33 (identifying Apple Wellness Center as providing "psychiatric treatment from 2015-2021"). Additionally, Plaintiff claims she suffered severe toxic exposure during the same period she is alleging severe emotional distress. As such, her medical records are relevant to determine the extent to which alternative stressors or events caused or contributed to her alleged severe emotional distress




that she now seeks to attribute to her employment claims against Apple.

**C. <u>The discovery sought is not privileged or otherwise exempt from disclosure.</u>**

When a plaintiff alleges severe emotional distress in an employment case, California law recognizes that the plaintiff places their mental and emotional condition "in controversy," triggering the patient-litigant exception to the physician-patient privilege.[3] Under California Evidence Code section 996, "there is no privilege [ ] as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by … [t]he patient." The California Supreme Court in *Vinson v. Superior Court* held that "a party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy." 43 Cal. 3d 833, 839 (1987). The court in *Vinson* further explained that "by asserting a causal link between her mental distress and defendants' conduct, [a] plaintiff implicitly claims it was not caused by a preexisting mental condition, ***thereby raising the question of alternative sources for the distress***." *Id.* at 840 (emphasis added).

**D. <u>Plaintiff's objections have no merit.</u>**

In response to Apple's request for her medical records, Plaintiff claims: (1) Apple's request is harassing because the information sought relates to damages yet Apple denies liability; (2) Apple is not entitled to these records because she agreed to an FRCP 35 Independent Medical Exam; (3) Plaintiff has agreed to produce the records herself; (4) Apple appears to want to use the medical records to ask her questions about her alleged damages; and (5) Apple has not disclosed any experts. *See* **Ex. A**. All of Plaintiff's arguments lack merit.

First, Plaintiff contends that Apple cannot subpoena her medical records because Apple denies liability. This argument is nonsensical on all levels. Apple is entitled to conduct discovery of any non-privileged matter related to Plaintiff's claims, Apple's defenses, or the amount in controversy. *See* FRCP 26(b)(1). As noted above, Plaintiff has put her mental condition "in controversy." *See* FRCP 35. Plaintiff has also waived any privilege over the medical records Apple seeks by seeking damages for treatment allegedly related to Apple's wrongful termination and retaliation and for alleged severe emotional distress damages for the same. *See Vinson*, 43 Cal. 3d at 839. Apple is entitled to discovery on these alleged damages and discovery related to any alternative stressors.

Second, she refuses to produce records because she agreed to an Independent Medical Exam. As noted above, under the fifth *Galvin* factor, this admission weighs ***in favor of*** permitting discovery because she has agreed her mental condition is "in controversy." Plaintiff also ignores that for any such exam to be meaningful, the Independent Medical Examiner must have access to her treatment records, including treatment records from concurrent alternative stressors. The exam is not required to proceed solely based on Plaintiff's self-reported, post-litigation recollection of her medical history.

---

[3] . Federal courts apply state-law privilege rules in diversity cases such as this. *See, e.g., Smith v. Equinox Holdings, Inc.*, No. 14-CV-00846-LB, 2015 WL 628361, at *1 (N.D. Cal. Feb. 12, 2015).




Third, Plaintiff asserts that she agreed to produce the records herself and will continue to do so. This is irrelevant. Apple is not required to rely on Plaintiff to pick and choose which records she thinks are relevant. Further, notwithstanding her continuing obligation to produce documents relevant to her damages (*see* FRCP 26(e)(1)), she has not produced records from many of these providers and has confirmed that she does not have access to some of them. Apple is not required to rely on the medical records she chooses to produce.

Fourth, Plaintiff suggests that Apple cannot obtain these records because it will "interrogate" her about their contents. In other words, Plaintiff suggests that she cannot be questioned about her alleged emotional distress. This is not the law. Plaintiff chose to sue Apple and chose to seek both pecuniary and non-pecuniary damages allegedly arising from severe emotional distress that she seeks to attribute to her employment and termination. By doing so, she has put her mental state at issue and Apple is entitled to conduct discovery related to her alleged damages, both in the form of subpoenas to the medical providers she identified in her disclosures and discovery responses and via questioning at deposition.

Fifth, Plaintiff asserts that Apple is not entitled to subpoena her medical records because it has not identified any expert witnesses. This puts the cart before the horse. Apple is entitled to review medical records to assess whether an expert is necessary. If Apple determines that one or more experts is necessary, it will properly disclose its expert(s) consistent with the Federal Rules of Civil Procedure. Regardless, retaining an expert is not a prerequisite to discovery of relevant information pertaining to Plaintiff's alleged damages, particularly when the Plaintiff asserts that she will use expert testimony to prove the same.

## IV. Conclusion

For these reasons, Apple is entitled to subpoena the medical providers identified by Plaintiff and she should be compelled to authorize the release of these records to facilitate their collection. Apple does not object to these records being treated as Confidential under the Protective Order entered in this case on July 7, 2025. Dkt. No. 235.

Apple respectfully request this Court issue an order: (1) confirming these records are discoverable because Plaintiff has put her medical and mental condition "in controversy" in this litigation and that Apple can issue the subpoenas it has prepared for the Plaintiff's medical records to her disclosed medical care providers; and (2) compelling Plaintiff to sign a release of these records to facilitate their prompt production from her medical providers.

Very truly yours,

*/s/ Melinda Reichert*

Melinda Riechert