# EXHIBIT A

| | |
|---|---|
| **From:** | Ashley M. Gjøvik <​[redacted]​m> |
| **Sent:** | Tuesday, January 27, 2026 10:21 AM |
| **To:** | Riechert, Melinda |
| **Cc:** | Ashley M. Gjovik (Legal Matters); Perry, Jessica R.; Mantoan, Kathryn G.; Horton, Nicholas J.; Weaver, Nicholas; Russell, Zoe; Booms, Ryan |
| **Subject:** | Re: Medical subpoenas |

**[EXTERNAL]**

Hello,

I'm not stipulating to releasing those records.

I already agreed to a neutral medical exam. I also produced and can continue to produce records directly.

This appears to be a continuation of Apple's threat to subpoena all my providers and then have Apple's hired medical examiner review all of my records and then interrogate me about them -- which is not a neutral medical exam.

Further, Apple still has not disclosed any experts in their initial disclosures. I raise the issue again that Apple already requested my medical records from one or more of these places -- about a week prior to firing me. Finally, I raise the issue again that Apple claims to be certain my claims have no merit and should be dismissed on their face, and that they should prevail on the merits, which makes this request illogical unless it is meant to harass -- which it is clearly intended to.

I'm not stipulating to this. You can file these requests if you want to continue down this path of darkness but I will file objections and I will not consent to waiving any of my rights on this matter.

-Ashley

—
**Ashley M. Gjøvik**
BS, JD, PMP

Sent with [Proton Mail](#) secure email.

On Tuesday, January 27th, 2026 at 12:31 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> Apple intends to subpoena medical records from the medical providers identified below which were included in either your disclosures or discovery responses and identify treatment dating back to 2015. While we understand that you may be updating your

disclosures with additional providers, we would like to begin subpoenaing medical records from the providers you have already identified. The scope of the records Apple intends to seek is attached for your review. Attachment A will be attached to each of the subpoenas to identify the records subject to the subpoena and we have also prepared a stipulation authorizing the release of these records consistent with the subpoenas to ensure there are no delays in production. The stipulation will be included in the subpoena to inform the provider that you have agreed to the release of these records.

**Providers:**



**Authority supporting the scope**:

Federal Courts apply state-law privilege rules in diversity cases such as this. *Smith v. Equinox Holdings, Inc.*, No. 14-CV-00846-LB, 2015 WL 628361, at *1 (N.D. Cal. Feb. 12, 2015).

When a plaintiff alleges severe emotional distress in an employment case, California privilege law recognizes that the plaintiff places their mental and emotional condition "in controversy," triggering the patient-litigant exception to the physician-patient privilege. Under California Evidence Code section 996, "there is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by: (a) The patient." *Id*. The California Supreme Court in *Vinson v. Superior Court* held that "a party who chooses to allege that he has mental and emotional

2

difficulties can hardly deny his mental state is in controversy." 43 Cal. 3d 833, 839 (1987). The court further explained that "by asserting a causal link between her mental distress and defendants' conduct, plaintiff implicitly claims it was not caused by a preexisting mental condition, thereby raising the question of alternative sources for the distress." *Id*., at 840. You have also waived your right to privacy by putting your treatment with these medical providers at issue. *Id*., at 842.

The Fifth Amended Complaint repeatedly alleges you suffered severe emotional distress, including: "severe insomnia, nausea, extreme depression, suicidal ideation, uncontrollable crying, paralyzing anxiety, and significant weight fluctuations, including gaining sixty pounds. Apple's conduct directly caused these symptoms. In addition to physical symptoms like anxiety and upset stomach, Plaintiff experienced over-whelming emotional distress, including shock, horror, shame, humiliation, and PTSD. These effects have caused depersonalization and derealization. Due to these injuries, Plaintiff saw medical doctors and psychologists and was prescribed new and additional psychiatric medication for depression, anxiety, and PTSD." *Id*., ¶ 331.

You have put your medical history and mental health at issue and Apple is entitled to obtain records from the providers you identified in your disclosures and/or discovery responses to ascertain the truth of your allegations and the extent to which alternative stressors are a causal factor for damages you allege against Apple.

Please let us know if you have any revisions to the Stipulation. We'd like to get it signed soon so that we may finalize and serve the subpoenas.

**Melinda Riechert**
Partner
Orrick
Silicon Valley
T
M
mriechert@orrick.com



3

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **STIPULATION FOR RELEASE OF PLAINTIFF'S MEDICAL RECORDS** |
| v. | |
| APPLE INC., | |
| Defendant. | |

Plaintiff Ashley Gjovik and Defendant Apple, Inc. (collectively, the "Parties"), represent and stipulate to the following:

1. Trial is currently set for October 19, 2026.

2. Plaintiff claims that as a result of Defendant's alleged wrongful conduct, she has suffered or continues to suffer: emotional distress, humiliation, loss of enjoyment, annoyance, discomfort, inconvenience, disfigurement, pain and suffering, mental anguish, and reputational harm.

3. Defendant intends to subpoena Plaintiff's medical records so that Defendant may evaluate Plaintiff's alleged emotional distress and properly prepare its defense for trial.

4. Specifically, Defendant intends to subpoena medical records from the following providers:



5. Plaintiff Ashley Gjovik expressly consents and authorizes the above-named providers to release the documents described in <u>Attachment A</u>, attached hereto for reference, to the deposition officer.

6. Any documents produced in response to this subpoena shall be produced as CONFIDENTIAL pursuant to the Protective Order entered in this case on July 7, 2025, and Defendant agrees to treat the records as such.

**SO STIPULATED.**

Dated: February 9, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
MELINDA RIECHERT
Attorneys for Defendant APPLE, INC.

Dated: February 9, 2026

Appearing pro se

By: _____
ASHLEY GJOVIK

STIPULATION FOR RELEASE OF PLAINTIFF'S MEDICAL RECORDS

**ATTACHMENT A**

INSTRUCTIONS AND DEFINITIONS

1. If you have any questions regarding your obligation to comply with this Subpoena, you are instructed to jointly contact the Parties at mriechert@orrick.com and Melinda Riechert, Esq. at ▇▇▇▇▇▇▇.

DOCUMENTS AUTHORIZED TO BE RELEASED

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB ▇▇▇▇) from 2015 to present, including, but not limited to:

    a. Intake and admission forms, including statements, questionnaires and histories.
    b. Admission and discharge summaries.
    c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d. Nursing records and reports.
    e. Psychotherapy notes, psychiatric and psychological reports and summaries.
    f. Inpatient and outpatient records.
    g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i. Sound and video recordings, including audiotapes and CDs.
    j. Diagnostic assessments, batteries and/or tests and reports.
    k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB ▇▇▇▇) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

CONFIDENTIALITY

1. All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

# ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

**(Date of Birth: ▮▮▮▮▮▮▮▮) (Social Security No. ▮▮▮▮▮▮▮▮)**

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. <u>All documents</u> relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB ▮▮▮▮▮▮) from 2015 to present, including, but not limited to,

    a. Intake and admission forms, including statements, questionnaires and histories.
    b. Admission and discharge summaries.
    c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d. Nursing records and reports.
    e. Psychotherapy notes, psychiatric and psychological reports and summaries.
    f. Inpatient and outpatient records.
    g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i. Sound and video recordings, including audiotapes and CDs.
    j. Diagnostic assessments, batteries and/or tests and reports.
    k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. <u>All billing records</u> to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB ▮▮▮▮▮▮) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.