**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, *a corporation*, <br><br> Defendant. | Case No. 3:23-CV-04597-EMC <br><br> **COPY OF APPLE'S OFF DOCKET ESCALATION ON FEB. 18 2026** |

# NOTICE

Defendant Apple Inc has just made an off-docket escalation in this case frivolously accusing the Plaintiff of misconduct, seeking sanctions, and taking actions in direct retaliation for two NLRB charges filed against Apple in the last three days (including today). Apple's counsel have not filed anything to the docket in this case about this escalation and instead are attempting to seek unlawful sanctions and gag orders against the Plaintiff through informal emails with court staff. Accordingly I'm objecting and I'm filing a copy of their email to the docket along with the NLRB charge filed against Apple just a few hours ago, which they were sent a copy of prior to their outburst. The prior NLRB charge filed Feb. 16 2026 was directly referenced in the Notice of Pendency filed at Dkt. 278 and includes the same and similar underlying issues, putting this matter in front of the NLRB and triggering *Garmon* preemption. Apple's escalation is improper and violates labor laws and the Supremacy clause of the Constitution.

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*
Dated: Feb. 18 2026

# EXHIBIT A:
# APPLE'S OUT OF COURT EMAILS TO THE NORTHERN DISTRICT OF CALIFORNIA
# (FEB. 18 2026)

# Re: Gjovik v. Apple Inc., Case No. 23-cv-04597 - urgent request for conference re: protective order breaches

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Riechert, Melinda<mriechert@orrick.com> |
| CC | KAW CRD<kawcrd@cand.uscourts.gov>, Ashley Gjovik<ashleymgjovik@protonmail.com>, Perry, Jessica R.<jperry@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Kelcey Phillips<kelcey.phillips@morganlewis.com>, Mahoney, Brian<brian.mahoney@morganlewis.com>, Stolzenburg, Mark L.<mark.stolzenburg@morganlewis.com>, harry.johnson<harry.johnson@morganlewis.com>, EMC CRD<EMCCRD@cand.uscourts.gov> |
| Date | Wednesday, February 18th, 2026 at 5:20 PM |

Hello,

I object to Apple's conduct in making this escalation, its refusal to comply with court procedures, as well as the unlawful conduct underlying Apple's behavior. I also note that all of this is already in front of the NLRB and this court does not even have jurisdiction to hear Apple's supposed complaints under *Garmon* preemption, which is likely why Apple is emailing a court instead of filing motions.

The Court's procedures require parties to meet/confer for five days and then file a Letter to the court. There is no process for emailing the court to escalate issues to a deputy and not filing anything to a court docket regarding the matter, let alone same day with vague complaints and no legal basis. Apple also fails to include anything describing what its concern even is, let alone any legal authority for their request.

I also note that Apple is facing two NLRB charges for the matter which they are now attempting to escalate outside of formal court filings, and without any record on the docket of their escalations. They were also told if they escalated again, another NLRB charge would be filed, which would make this their third NLRB charge in three days and which will be filed shortly. Accordingly, I'm also cc'ing Apple NLRB/labor counsel on this matter.

I'm also cc'ing Judge Chen's deputy because the concealed subject matter Apple is attempting to escalate to this court also overlaps with substantive matters in Judge Chen's case, and I objected yesterday in a filing at Dkt. 278 that counsel for Apple were already attempting to interfere with Judge Chen's case management through other litigation in this District, and this yet another example of that, as here Apple is refusing to document this escalation on Judge Chen's docket and trying to trigger conflicting decisions and processes that will interfere with the substantive matters in the case.

At the very least, Apple's counsel need to follow the court's rules and processes -- emailing court staff while refusing to file anything to a court docket is completely inappropriate. Accordingly I'm filing a copy of this email I'm sending now as a Notice to the docket so there's a least a record of Apple's conduct here.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, February 18th, 2026 at 4:22 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Dear Courtroom Deputy:
>
> I represent defendant Apple Inc. in the above-referenced case and write to request a conference as soon as possible with Magistrate Judge Westmore.
>
> The requested conference would address Plaintiff's repeated and ongoing breaches of the operative Protective Order in this case (Dkt. No. 235). As outlined in the attached letter, absent immediate action by the Court, information purporting to describe Apple studies – which it designated in this litigation as Confidential pursuant to the Protective Order – will remain exposed to the public.
>
> As detailed in the attached, Apple attempted to resolve this issue directly with Plaintiff (who is copied on this outreach) without success.
>
> Please advise as to next steps.  I can be available for a conference any time today; tomorrow (Thursday, February 19) any time before 12noon or after 3pm; or any time on Friday, February 20.
>
> Thank you,
>
> **Melinda Riechert**
>
> Partner
>
> [Orrick](#)
>
> Silicon Valley
>
> T 650/614-7423
> M 650 759 1929
>
> [mriechert@orrick.com](mailto:mriechert@orrick.com)



.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# Exhibit B: NLRB Charge (Feb. 18 2026)

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| | |
|---|---|
| **DO NOT WRITE IN THIS SPACE** | |
| Case | Date Filed |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. |
|---|---|---|
| Apple Inc | | (408) 996-1010 |
| | | c. Cell No. |
| | | f. Fax. No. |

| d. Address (Street, city, state, and ZIP code) | e. Employer Representative | g. e-mail |
|---|---|---|
| One Apple Park Way<br>CA Cupertino 95014 | Tim Donald Cook<br>CEO | tcook@apple.com |
| | | h. Number of workers employed<br>500 |

| i. Type of Establishment (factory, mine, wholesaler, etc.) | j. Identify principal product or service |
|---|---|
| Computer Hardware | Consumer technology |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 4,1 of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

--See additional page--

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)
Ashley Gjovik

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Tel. No. |
|---|---|
| 2108 N. St Ste. 4553<br>CA Sacramento 95816 | (415) 964-6272 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>ashleymgjovik@protonmail.com |

**5.** Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

_signature_

(signature of representative or person making charge)

Ashley Gjovik
(Print/type name and title or office, if any)

Address: 2108 N. St Ste. 4553 Sacramento CA 95816

Date: 02/18/2026 01:29:53 PM

| Tel. No. | (415) 964-6272 |
|---|---|
| Office, if any, Cell No. | |
| Fax No. | |
| e-mail | ashleymgjovik@protonmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

## Basis of the Charge

**8(a)(4)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) filed charges or cooperated with the NLRB.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Ashley Gjovik | Threat of unspecified reprisals | 02/18/2026 |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prohibit employees from discussing wages, hours, or other terms or conditions of employment.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from engaging in protected concerted activities.

| Work Rule |
|---|
| Employee "menstruation" is Apple Confidential |
| Employees cannot talk about their menstruation |
| Apple asking ee''s abt their menstruation is secret |
| Apple monitoring ee menstruation is secret |
| Apple "studying" ee menstruation is secret |
| Social media posts abt menstruation are forbidden |
| Employee can''t talk about subject of NLRB charges |
| Employee can''t talk to NLRB about menstruation |

## Additional Information in Support of Charge

**Charging Party Name :** Ashley Gjovik
**Inquiry Number :** 1-3771297801
**Date Submitted :** 02/18/2026 01:29:53 PM

Please provide a brief description of the specific conduct involved in your charge. The information you provide may be viewed by the charged party in the event of a formal proceeding, so PLEASE DO NOT GIVE A DETAILED ACCOUNT OF YOUR CHARGE OR A LIST OF POTENTIAL WITNESSES AT THIS TIME. A Board Agent will contact you to obtain this and other detailed information after your charge is docketed. After you submit this E-Filed Charge form, you will receive a confirmation email with an Inquiry Number (Sample Inquiry Number: 1-1234567890) and a link to the E-Filing web page. You may use the link and the Inquiry number provided in the email to e-file any additional documents you wish to present in support of your charge.

**Additional Information Provided:**
On Feb. 18 2026 Apple's lawyers emailed Charging Party the following: "It has come to our attention that in violation of the protective order entered in this case and your ongoing confidentiality obligations, you have posted on X and the Internet confidential information describing Apple studies that Apple designated as confidential. Please take these down immediately and commit you will not do so going forward."
This was retaliation for Charging Party filing 32-CA-381277 on Feb. 16 2025.
The Twitter post they are assumably referencing is "This is a copy of part of the subpoena Apple is sending to all of my doctors and medical providers demanding ten years of records & asking a court to compel me to "consent" to waiving my HIPAA rights, while concurrently claiming my testimony about my own menstruation is their IP." from Feb. 10 2026 (https://x.com/twitter/status/2021323637106802879) which has 95.9K
Views, 2.2k Likes, and 371 Retweets. It referenced the subject matter of Charge No. 32-CA-381277 and Apple was served notice of Charge No. 32-CA-381277 and its subject matter on Feb. 17 2026.
My response to Apple today was: "Hello agents of the Employer and Charged Party, Apple Inc, Please provide me additional information about your threats, coercive statements, and unlawful work rules you are making in your email to me today, so I can include those details in the subsequent NLRB charge I now need to file today against Apple, as I previously noted in the Northern District of California filing yesterday that I would file against Apple if Apple was to proceed to do exactly what they are doing right now. You were already served with a copy of that NLRB charge, attachments, and this warning yesterday, and so this email is clearly retaliation for that charge ((8)(a)(4)) in addition to new 8(a)(1) violations." Apple has violated the Act again and has shown no intention to stop violating the Act. Apple is also in gross violation of the April 2025 Settlement Agreement.

## Re: URGENT

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | harry.johnson<harry.johnson@morganlewis.com>, Mahoney, Brian<brian.mahoney@morganlewis.com>, Kelcey Phillips<kelcey.phillips@morganlewis.com>, Stolzenburg, Mark L.<mark.stolzenburg@morganlewis.com> |
| Date | Wednesday, February 18th, 2026 at 1:36 PM |

Hello,

I'm attaching a courtesy copy of the latest NLRB charge against Apple, filed today, as noted in my responses to Orrick below.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, February 18th, 2026 at 1:07 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
> Hello,
>
> I'm also attaching my "objections" to your excessive confidentiality designations. Since you refused to send designations in a document I could easily respond to (in addition to refusing to date it, sign it, or send it to me directly) I converted it to an excel and put my responds there.
>
> I also object that you never made designations if you never actually put them on the record or served them to me, or signed them, or dated them. Similarly there's no basis for a blanket gag order under that protective order which expressly prohibits exactly that, so Apple's actually never made any "designations" but instead has only issued unlawful work rules, threats, and coercive statements -- in addition to violating many other laws and policies and my constitutional rights.
>
> The short story is none of your designations, even if they are designations, which they are not, are confidential and most of them are unlawful restrictions on speech, in addition to your 7-week long blanket prohibition on hours of speech which was especially egregious and illegal.
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> Sent with Proton Mail secure email.
>
> On Wednesday, February 18th, 2026 at 12:26 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
>> Hello agents of the Employer and Charged Party, Apple Inc,
>>
>> Please provide me additional information about your threats, coercive statements, and unlawful work rules you are making in your email to me today, so I can include those details in the subsequent NLRB charge I now need to file

today against Apple, as I previously noted in the Northern District of California filing yesterday that I would file against Apple if Apple was to proceed to do exactly what they are doing right now.

You were already served with a copy of that NLRB charge, attachments, and this warning yesterday, and so this email is clearly retaliation for that charge ((8)(a)(4)) in addition to new 8(a)(1) violations.

Thanks,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, February 18th, 2026 at 10:26 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> It has come to our attention that in violation of the protective order entered in this case and your ongoing confidentiality obligations, you have posted on X and the Internet confidential information describing Apple studies that Apple designated as confidential. Please take these down immediately and commit you will not do so going forward.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
>
> Silicon Valley
>
> T 650/614-7423
> M 650 759 1929
>
> mriechert@orrick.com

| | |

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**686.47 KB**   2 files attached   3 embedded images

DEV.1-3771297801.AdditionalInfoSupportingCharge.pdf  2.77 KB

CHG.1-3771297801.SignedChargeAgainstEmployer_Wiz.pdf  679.71 KB