**orrick**

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

**Melinda Riechert**

E  mriechert@orrick.com
D  +1 650 614 7423
F  +1 650 614 7401

February 18, 2026

Hon. Kandis A. Westmore
United States District Court,
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

Re:   *Ashley Gjovik v. Apple Inc.*
      N.D. Cal. Case No. 23-cv-4597-EMC (KAW)
      Request for Immediate Conference Regarding Breaches of Protective Order

Dear Judge Westmore:

Defendant Apple Inc. ("Apple") writes to request a conference with the Court **as soon as possible**, to address Plaintiff's repeated and ongoing breaches of the operative Protective Order in this case (Dkt. No. 235). Absent immediate action by the Court, Apple's confidential product-related information – which it designated in this litigation as Confidential pursuant to the Protective Order – will remain exposed to the public.

Plaintiff was deposed in this action on December 16, 2025. At that deposition, Plaintiff testified about (*inter alia*) her understanding and views of certain confidential Apple studies that she learned of during the course of her employment. On the record Apple designated a section of the transcript as Confidential under the Protective Order, but stated its intent to review and attempt to narrow the designations once the transcript was in hand.[1]

---

[1] *See* Gjovik Dep. Tr. Vol. I at 63:10-19 ("Q. [U]nder the protective order, I have the right to designate deposition testimony as confidential. If you disagree with that, then you have the right, under the protective order, to follow the procedures in the protective order. A. Yeah, but I believe you -- sorry. Go ahead. Q. But meanwhile, I'm designating this as confidential pursuant to the protective order. And if you disagree, then follow the procedures in the protective order."); *id.* at 141:18-142:8 ("Q. With respect to the protective order issue, we are designating this portion of the transcript as subject to the protective order. Once we get the transcript itself, we will go back to you and tell you which words or which sentences or which questions or which answers we want to be held confidential. So right now we're being cautious because I don't know what your answers are going to be by designating everything related to this as confidential, but that doesn't mean I intend to permanently keep it that way. As soon as I get the transcript, I will let me know which words, which sentences, we need to designate as confidential, and the rest of it we'll unrelease. Does that make sense? A. Yeah. Thank you, ma'am. …").

Hon. Kandis A Westmore
February 18, 2026
Page 2



On January 7, 2026, the certified court reporter provided the transcript of Plaintiff's deposition. On February 4, 2026, Apple provided Plaintiff and the court reporter its more limited and targeted designations – all of which sought to protect from public disclosure Plaintiff's account of confidential Apple studies.[2]

Plaintiff made clear in subsequent correspondence that she disagrees generally with these confidentiality designations – but, despite Apple's repeated requests, did not initiate any meet and confer regarding any specific designations (as required by Section 6) until 1:09pm PT today. Apple intends to respond to Plaintiff's positions, engage in the required meet and confer, and (if necessary) seek a ruling from the Court regarding those designations in due course.

Separate and apart from the Court-approved process, Plaintiff has launched a campaign to preemptively publicize the information Apple designated as Confidential – *i.e.*, broadcasting across the Internet the specific words and phrases Apple designated, as well as further details that she claims describe Apple studies. Of course, posting on the Internet that "Apple designated X as confidential" necessarily reveals X – which is exactly the material designated Confidential and not properly disclosed absent Court order.

Examples of the disclosures that Plaintiff has made in the past two days in breach of the Protective Order include the following (though Apple may not be aware of the full extent of her violations):[3]

- Posting on X and her personal website a copy of an NLRB charge Plaintiff has filed claiming Apple's designations violated the NLRA, which reveal ***verbatim*** the testimony Apple designated as Confidential:

> 3. COUNT: PROHIBITION ON DISCUSSING WORK CONDITIONS RELATED TO EMPLOYER STUDIES ON ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅▅

---

[2] Plaintiff is also independently prohibited from publicly disclosing information regarding Apple studies pursuant to the terms of the Confidentiality and Intellectual Property Agreement she signed. But Plaintiff has disregarded those obligations before; indeed, it was her public disclosure of confidential Apple product-related information that led to her termination from Apple in the first place.
[3] Apple describes or quotes with redaction (rather than quotes in full) the unauthorized disclosures, to avoid repeating them and amplifying the harm Plaintiff has already caused.

Hon. Kandis A Westmore
February 18, 2026
Page 3



> **NLRA Violation, Example One:**
> - Employer: (did you tell your manager you didn't want to do that study?)
> - Employee "…I was complaining more generally of, like, Apple is doing some really invasive stuff that seems weird. Like when they were doing the ▮▮▮▮ ▮▮▮▮ I was pointing out, like, I think Apple is crossing some lines --
> - (Court Reporter asks for clarification)
> - Employee: "They were doing ▮▮▮ studies where they were ▮▮▮, and I said I think that's too far.
> - Employer: "….Were there other studies that you were asked to participate in that you said, no, thank you?"
> - Employee: "Yes. There was one that I had signed up for and pulled out because I didn't realize the terms until it was underway and it bothered me, … ▮▮▮▮▮▮▮▮
>
> **Deposition Transcript pages 164-165 (entirely "confidential" for 50 days).**
> Apple's active confidentiality claims include: ▮▮▮▮▮▮▮▮

- Filing yesterday in this Court a "Notice of Pendency" on the public docket of this case attaching the NLRB charge in full (*i.e.*, unredacted and without regard to Apple's designations under the Protective Order) and repeating all of the disclosures above; and

- Posting on her personal blog further detailing what she claims are Apple study details:

> The charge quotes three deposition excerpts where I testified about my complaints to my supervisor regarding Apple's invasive workplace studies. In these excerpts, I described:
> - An ▮▮▮ study where Apple ▮▮▮▮
> - A ▮▮▮ study that ▮▮▮▮ ▮▮▮▮
> - An ▮▮▮ study that ▮▮▮▮ ▮▮▮▮

Hon. Kandis A Westmore
February 18, 2026
Page 4



Counsel for Apple sent Plaintiff an email at 10:27am PT this morning, entitled "URGENT":

> Ashley
>
> It has come to our attention that in violation of the protective order entered in this case and your ongoing confidentiality obligations, you have posted on X and the Internet confidential information describing Apple studies that Apple designated as confidential. Please take these down immediately and commit you will not do so going forward.

Plaintiff's responded at 12:27pm PT as follows, making clear that she will not take down the Confidential information that that further direct engagement on the issue without Court intervention would be futile:

> Hello agents of the Employer and Charged Party, Apple Inc,
>
> Please provide me additional information about your threats, coercive statements, and unlawful work rules you are making in your email to me today, so I can include those details in the subsequent NLRB charge I now need to file today against Apple, as I previously noted in the Northern District of California filing yesterday that I would file against Apple if Apple was to proceed to do exactly what they are doing right now.
>
> You were already served with a copy of that NLRB charge, attachments, and this warning yesterday, and so this email is clearly retaliation for that charge ((8)(a)(4)) in addition to new 8(a)(1) violations.
>
> Thanks,
>
> -Ashley

To be clear, Apple does not oppose Plaintiff's right to challenge its confidentiality designations regarding its studies (though those challenges are meritless), or to file a charge directly with the NLRB alleging that designating information about Apple studies as Confidential in a federal civil court case somehow runs afoul of the NLRA (though those arguments are meritless as well). But it does oppose her unilateral posting of that Confidential information across multiple public forums – apparently designed to disseminate the information as far and wide as possible – in contravention of this Court's order and without affording Apple the opportunity to argue for, or the Court to evaluate, the propriety of those designations. Her arguments should be made without preemptively disclosing the very information Apple contends is confidential and on which the Court has not yet ruled (because Plaintiff had not properly raised the issue).

/ / /

/ / /

/ / /

Hon. Kandis A Westmore
February 18, 2026
Page 5



Given the urgency of the issues and the pattern of misconduct Plaintiff has demonstrated, Apple respectfully requests that the Court convene a conference ***as soon as possible*** to address these issues, make clear to Plaintiff her obligations, and make any further orders the Court may deem necessary to ensure compliance with its orders and protection of Apple's confidential product-related information.

Very truly yours,

/s/ *Melinda Riechert*

Melinda Riechert