Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK,**

*an individual,*

Plaintiff,

vs.

**APPLE INC.,**

*a corporation,*

Defendant.

**CASE NO.
3:23-CV-04597-EMC**

**NOTICE OF PENDENCY:
MOTION FOR
SANCTIONS AGAINST
APPLE INC
IN CH. 7 BANKRUPTCY
CASE 25-11496**

# NOTICE OF PENDENCY

Plaintiff Ashley M. Gjovik respectfully files this Notice of Pendency, as noted in the Objections filed to Dkt. 284-285, of a concurrently filed Motion for Sanctions against Apple, which was filed today with the Bankruptcy Court in the District of Massachusetts in Case No. 25-11496.

The exhibits were removed for this filing due to length and because they are already filed to this docket and are described on the signature page: Apple's Feb. 18 2026 Letter (Dkt 280), Plaintiff's Feb. 20 2026 Opposition/Objections and Motion to Quash (284-285), and the efiled off-docket emails about Apple's Letter (Dkt. 279, 282, & 283).

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed Feb. 20 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

## Pro Se E-Filing to Case 25-11496

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | MABdb_Prose_Filings<prose_filings@mab.uscourts.gov> |
| Date | Friday, February 20th, 2026 at 3:11 AM |

Hello,

I'd like to please efile the attached PDF ("In Re Gjovik Apple Motion for Sanctions Against Apple 20260220") to Ch. 7 Case No. 25-11496 as "Motion for Sanctions Against Apple Inc for Violating the Stay."

A copy of this email will be attached a U.S. District Court filing a receipt of this efiling.

Thank you,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

---

**4.10 MB**   1 file attached

In Re Gjovik Apple Motion for Sanctions Against Apple 20260220.pdf 4.10 MB

**Ashley M. Gjøvik, JD**
*In Propria Persona*
(415) 964-6272
2108 N. St. Ste. 4553,
Sacramento, CA 95816
ashleymgjovik@protonmail.com

# United States Bankruptcy Court

## District of Massachusetts

In Re:

Ashley M. Gjovik.

Chapter 7 Case No: 25–11496

Judge Christopher J. Panos

Debtor's Motion for Sanctions Against Apple Inc for its Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k)(1)

(Creditor No. 21011446)

Fed. R. Bankr. P. Rule 9013

# TABLE OF CONTENTS

JURISDICTION AND AUTHORITY .................................................... 2

FACTUAL BACKGROUND ................................................................. 3

LEGAL ARGUMENT ......................................................................... 5

    THE AUTOMATIC STAY PROHIBITS WHAT APPLE IS DOING .................... 5

APPLE'S VIOLATION IS WILLFUL ..................................................... 5

THE DEBTOR HAS SUFFERED DAMAGES .......................................... 6

APPLE'S CONDUCT DIRECTLY THREATENS THE ESTATE AND ITS
CREDITORS ................................................................................... 7

    Apple is attempting to enforce a prepetition contract against the Debtor. .......... 8

    Apple's conduct directly devalues the estate's primary asset. ........................... 8

    A public "leaker" finding would destroy the Debtor's future earning capacity. ..... 9

    The automatic stay exists to prevent exactly this. ......................................... 10

PUNITIVE DAMAGES ARE WARRANTED ........................................... 11

ANY ORDER ENTERED IN VIOLATION OF THE STAY IS VOID .............. 12

RELIEF REQUESTED ...................................................................... 13

EXHIBITS ..................................................................................... 14

CERTIFICATE OF SERVICE ............................................................. 14

EXHIBITS ..................................................................................... 15

    EXHIBIT A: APPLE'S LETTER ................................................... 15

    EXHIBIT B: OPPOSITION ......................................................... 1

    EXHIBIT D: MOTION TO QUASH ................................................ 2

    EXHIBIT C: NOTICE OF PENDENCY ........................................... 3

# DEBTOR′S MOTION FOR SANCTIONS AGAINST APPLE FOR the WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)(1)

## DEBTOR′S MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)(1)

1.     On February 19, 2026, Apple Inc. filed an emergency letter in the Northern District of California (Dkt. 280 in *Gjovik v Apple*, Case No. 3:23-cv-04597-EMC) requesting that the court impose sanctions on the Debtor, hold the Debtor in contempt, issue a restraining order against the Debtor, and order the Debtor to delete published content. The court scheduled a conference for the following day, Feb. 20 2026.

2.     Apple seeks these remedies against the Debtor personally, cite the basis for its relief as including a pre-petition employment contract, and Apple did not seek or obtain relief from the automatic stay before initiating these proceedings.

3.     This is a straightforward violation of 11 U.S.C. § 362(a)(1). A creditor with actual knowledge of a Chapter 7 filing — a creditor that retained bankruptcy counsel and appeared in this case — filed emergency papers in a federal court seeking quasi-criminal contempt, monetary sanctions, and injunctive relief against the debtor without leave of this Court.

4.     Apple′s letter also invokes the Debtor′s prepetition employment agreement as independent grounds for the requested relief (3:23-cv-04597,-Dkt. 280, fn. 2), constituting an attempt to enforce a prepetition claim in violation of § 362(a)(6).

5.     The Debtor is entitled to actual damages, attorneys′ fees, and punitive damages under § 362(k)(1). The Debtor also requests that this Court declare any order entered against the Debtor as a result of Apple′s letter void, and direct Apple to cease pursuing proceedings against the Debtor in any court without first obtaining stay relief from this court.

## JURISDICTION AND AUTHORITY

6.     This Court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334. This is a

core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay).

7.    The Court has authority to award sanctions under 11 U.S.C. § 362(k)(1) and its inherent power under 11 U.S.C. § 105(a). This motion is brought as a contested matter under Fed. R. Bankr. P. 9014.

## FACTUAL BACKGROUND

8.    Debtor Ashley Marie Gjovik filed a voluntary petition for relief under Chapter 7 on July 21, 2025. (Case No. 25-11496, Dkt. 1). Apple Inc. is a creditor in this case (Creditor No. 21011446) and is also the defendant in the Debtor's pending civil litigation, Gjovik v. Apple Inc., Case No. 3:23-cv-04597-EMC (N.D. Cal.), which was property of the estate.

9.    Apple has been aware of the Debtor's bankruptcy since at least July 2025. Apple retained separate bankruptcy counsel (Pillsbury Winthrop Shaw Pittman LLP), they filed notice of appearance, and filed an opposition in this case at Dkt. 29 on September 11, 2025. There is no dispute that Apple has had actual notice of the bankruptcy and the automatic stay at all times relevant to this motion.

10.    On February 19, 2026, Apple filed a five-page emergency letter (3:23-cv-04597,-Dkt. 280) addressed to Magistrate Judge Kandis A. Westmore in the Northern District of California, requesting that the court schedule a telephone conference to address what Apple characterized as "emergency" matters.

11.    In its letter, Apple explicitly requests the following relief against the Debtor: ***Sanctions*** — Apple states it is "seeking enforcement a Protective Order, including sanctions." (Dkt. 280 at 1); ***Contempt*** — Apple states Plaintiff has "blatantly violat[ed]" a procedural Protective Order and seeks findings that the Debtor filing an NLRB charge against Apple and publicizing the labor dispute somehow violated a court order. (Dkt. 280 at 1-2); ***Restraining order / speech injunction*** — Apple requests that the court order the Debtor to "take these down immediately" referring to social media

posts and blog content discussing the labor dispute, and seeks an order prohibiting the Debtor from continuing to discuss the labor dispute, her litigation against Apple, and her NLRB charges publicly. (Dkt. 280 at 4-5); ***Compelled deletion*** — Apple demands that the Debtor be ordered to delete specific content from her website and social media accounts where she complained about Apple violating labor and consumer protection laws. (Dkt. 280 at 4-5).

12.    Apple's letter directly cites the Debtor's "Confidentiality and Intellectual Property Agreement" (the employment NDA) as independent grounds for the requested relief. (Dkt. 280 at fn. 2). This means Apple is seeking enforcement of a prepetition contractual obligation against the Debtor — a claim that arose before the bankruptcy filing.

13.    The Magistrate Judge scheduled a telephonic conference for February 20, 2026, at 2:15 PM Pacific Time — less than 24 hours after Apple's letter appeared on the docket. Apple did not seek or obtain relief from the automatic stay from this Court before filing Dkt. 280 or pursuing these proceedings against the Debtor.

14.    This is not the first time Apple has taken action against the Debtor in the N.D. Cal. case while the automatic stay has been in effect. On August 25, 2025, Apple filed an Emergency Motion to Stay in the N.D. Cal. case that included accusations of misconduct against the Debtor and sought to strip the Debtor of standing in her own litigation. This Court addressed Apple's prior conduct in the order denying the Debtor's Motion at Dkt. 20 on October 6, 2025, finding that those allegations centered on estate administration rather than a direct proceeding against the Debtor.

15.    The present conduct is fundamentally different. Apple is no longer making arguments about estate property or the Trustee's authority. Apple is directly seeking judicial sanctions, contempt, monetary penalties, and injunctive relief against the Debtor personally. There is no estate administration question here. Apple wants a court to punish the Debtor, take money from the Debtor, and restrict the Debtor's speech and conduct — all quintessential proceedings "against the debtor" within the meaning of § 362(a)(1).

# LEGAL ARGUMENT

## THE AUTOMATIC STAY PROHIBITS WHAT APPLE IS DOING

16.    The automatic stay under 11 U.S.C. § 362(a) provides, in relevant part: (a) [A] petition filed under [this title] ... operates as a stay, applicable to all entities, of — (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of such case under this title; ...(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

17.    Apple′s February 19 letter and the resulting conference constitute the ″commencement or continuation ... of a judicial ... action or proceeding against the debtor″ under § 362(a)(1). Apple is asking a federal court to: find the Debtor in contempt of a court order, impose monetary sanctions on the Debtor, issue a restraining order restricting the Debtor′s conduct and speech; order the Debtor to delete publications and speech of public concern.

18.    Each of these is a proceeding against the Debtor. Contempt is quasi-criminal in nature. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-33 (1994). Sanctions impose monetary liability on the Debtor. A restraining order restricts the Debtor′s liberty. Compelled deletion requires the Debtor to act under threat of further sanctions.

19.    Additionally, Apple′s reliance on the Confidentiality and Intellectual Property Agreement (Dkt. 280 at fn. 2) as independent grounds for the requested relief constitutes an attempt to ″collect, assess, or recover a claim against the debtor that arose before the commencement of the case″ under § 362(a)(6). The IPA is a prepetition contract. Any claim for breach of that contract arose prepetition. Apple cannot enforce that agreement against the Debtor without first obtaining stay relief from this Court.

## APPLE′S VIOLATION IS WILLFUL

20.    In the First Circuit, a violation of the automatic stay is ″willful″ if two

conditions are met: (1) the creditor knew of the bankruptcy filing, and (2) the creditor intended the actions which constitute the violation. *Fleet Mortgage Group v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999). "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." *Id*. Specific intent to violate the stay is not required; the creditor need only have intended the act. In re Slabicki, 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012). Both elements are satisfied here beyond any dispute:

21.     Apple knew of the bankruptcy. Apple has had actual notice of this bankruptcy since at least July 2025. Apple retained separate bankruptcy counsel (Pillsbury) and filed an opposition in this case in September 2025. Apple's own filings in the N.D. Cal. case repeatedly reference the Debtor's bankruptcy. There is no question that Apple, Orrick Herrington & Sutcliffe, and Morgan Lewis & Bockius all had actual knowledge of the bankruptcy and the automatic stay when Apple filed Dkt. 280 on February 19, 2026.

22.     Apple intended the actions. Apple deliberately drafted and filed a five-page letter to a federal court requesting sanctions, contempt, and injunctive relief against the Debtor. Apple deliberately sought an emergency conference to pursue these remedies.

23.     These were not inadvertent acts by an automated billing system. These were deliberate litigation decisions made by two of the largest law firms in the country — firms that are well aware of what the automatic stay prohibits.

24.     Apple cannot claim good faith ignorance that its actions violated the stay. Apple has separate bankruptcy counsel. Apple has been a participant in this bankruptcy case. Apple knows the Debtor is a Chapter 7 debtor.

25.     The decision to seek sanctions and contempt against a Chapter 7 debtor without first seeking stay relief was either a deliberate violation of the stay or a reckless disregard of a known legal obligation. Either way, it is willful under First Circuit law.

## THE DEBTOR HAS SUFFERED DAMAGES

26.    The Debtor has suffered actual damages as a direct result of Apple's willful violation:

27.    ***Pro Se Attorney's fees and costs***. The Debtor, though proceeding in propria persona, has been forced to expend substantial time and effort responding to Apple's illegal action — including preparing this motion, preparing an emergency motion to quash the February 20 conference directed to Judge Chen in the N.D. Cal. case, and researching the legal issues Apple's conduct has raised across multiple jurisdictions.

28.    ***Emotional distress.*** Apple's conduct has caused the Debtor significant emotional distress. The Debtor is facing the prospect of quasi-criminal contempt charges, monetary sanctions, and a gag order — all initiated while she is in bankruptcy, without income, and without the resources to defend herself against one of the wealthiest corporations in the world. Apple's letter was filed as an "emergency" creating artificial urgency and scheduling a hearing less than 24 hours later, denying the Debtor any meaningful opportunity to prepare.

29.    The emotional distress caused by receiving notice that a trillion-dollar corporation is seeking contempt charges against you in a hearing the next day, while you are homeless and in bankruptcy, is readily apparent. See *Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004) (emotional distress is actual damage under § 362(k)(1) in the First Circuit).

30.    ***Interference with the fresh start.*** The automatic stay exists to give the debtor "a breathing spell from creditors." S. Rep. No. 95-989, at 54-55 (1978). Apple's conduct is the opposite of a breathing spell. Apple is escalating its campaign against the Debtor, using the litigation in California to pursue sanctions and contempt while the Debtor is supposed to be protected by this Court's jurisdiction. This directly undermines the purpose of the bankruptcy filing.

# APPLE'S CONDUCT DIRECTLY THREATENS THE ESTATE AND ITS CREDITORS

31.    This Court should understand what Apple is actually doing in the N.D.

Cal. case, because the financial consequences for this estate and its creditors are severe.

## Apple is attempting to enforce a prepetition contract against the Debtor.

32.     Apple's February 19 letter explicitly cites the Debtor's employment NDA — the "Confidentiality and Intellectual Property Agreement" signed in 2015— as independent grounds for the requested relief. (Dkt. 280 at fn. 2). Apple's position is that the Debtor owes Apple obligations under this prepetition employment agreement, that the Debtor breached those obligations by discussing workplace conditions publicly, and that the Debtor continues to breach them. Apple argues that the same speech it fired the Debtor for in 2021 is ongoing misconduct that warrants sanctions, contempt, and a gag order.

33.     This is an attempt to collect, assess, or recover on a claim against the Debtor that arose before the commencement of this case, in direct violation of § 362(a)(6). The NDA is a prepetition contract. If Apple believes the Debtor owes it obligations under that contract, Apple's remedy is to file a proof of claim in this Court — which Apple has not done — or to seek stay relief before pursuing enforcement in another forum. Apple cannot enforce a prepetition contractual obligation against a debtor in bankruptcy by styling it as a discovery letter to a magistrate judge.

34.     Apple's assertion of harm from the Debtor's speech necessarily implies economic damages — which Apple could later quantify and pursue. A finding by any court that the Debtor breached the NDA would give Apple a damages claim against the Debtor. Apple is building the factual foundation for a claim against this estate without filing a proof of claim, without seeking stay relief, and without this Court's knowledge or approval.

## Apple's conduct directly devalues the estate's primary asset.

35.     The estate's most valuable known asset is the Debtor's pending civil

litigation against Apple, *Gjovik v. Apple* Inc., Case No. 3:23-cv-04597-EMC, which includes claims for wrongful termination, retaliation, and related causes of action. The Debtor′s potential recovery includes at minimum approximately $2 million in backpay, and the N.D. Cal. court has indicated that reinstatement to the Debtor′s former position (with salary exceeding $169,000 per year) may be available as a remedy at summary judgment, which is imminent in June 2026.

36.    Apple′s defense in that litigation is that the Debtor was terminated for ″leaking confidential information″ about Apple′s workplace studies. The Debtor′s claims rest on the position that her public discussion of those studies was protected protest of invasions of privacy — not leaking.

37.    If Apple obtains a contempt finding or sanctions order in the N.D. Cal. case based on the same conduct, Apple will argue at summary judgment that a federal court has already determined the Debtor′s speech was wrongful — not protected. That would devastate the estate′s litigation position and dramatically reduce the value of the estate′s primary asset. The Debtor′s *Tameny* wrongful termination claim, her Cal. Labor Code § 1102.5 whistleblower claim, and her § 96(k) claim would all be undermined by a finding that the same type of speech was sanctionable.

38.    Apple′s own letter frames the issues identically to its termination defense. Apple says the Debtor ″leaked″ confidential studies in 2021 (the basis for termination) and is ″leaking″ the same studies now (the basis for the emergency letter).

39.    If the court sanctions the Debtor for the current speech, Apple will use that finding to validate the original termination. The estate′s $2 million backpay claim — and the potential for reinstatement with ongoing compensation — would be severely compromised.

## A public ″leaker″ finding would destroy the Debtor′s future earning capacity.

40.    If Apple obtains a court finding that the Debtor violated a confidentiality order or breached an NDA by discussing workplace conditions — and that finding becomes part of the public record — the Debtor′s ability to obtain future employment

in the technology industry would be destroyed. The Debtor is a former Senior Engineering Program Manager who earned over $380,000 per year. A court-confirmed finding of "leaking", with a concurrent order for sanctions and a restraining order, would effectively denylist her from the industry forever.

41. If a Court finds the Debtor was in contempt of court, violated court orders, or had to be sanctioned due to litigation conduct, that directly impacts the Debtor's ability to ever work professionally as an attorney. It could prevent her from passing on her moral character and getting a Bar license, it could block her from ever being hired by a law firm, and could result in a lifetime of prejudice from court and judges.

42. This matters to the estate and its creditors because the Debtor's future earning capacity is relevant to the administration of this case. If the bankruptcy is still underway when summary judgment is decided and the court orders reinstatement, the Debtor could potentially convert to Chapter 11 and propose a repayment plan that would pay creditors substantially more than they would receive in a Chapter 7 liquidation. Apple's conduct threatens to foreclose that possibility entirely, to the direct detriment of every legitimate creditor in this case.

## The automatic stay exists to prevent exactly this.

43. The stay applies to "all entities." 11 U.S.C. § 362(a). It does not matter whether Apple is a creditor or not. The rule is simple: leave the debtor alone. If any entity wants to pursue proceedings against the debtor — sanctions, contempt, injunctions, contract enforcement — it must first seek stay relief from this Court. This Court then evaluates whether the proposed action would harm the estate, reduce the value of estate property, or undermine the debtor's fresh start before deciding whether to lift the stay.

44. That is the process Apple skipped. Apple wants monetary sanctions from an insolvent debtor. Apple wants to make it impossible for her to ever work again. Apple wants to enforce a prepetition NDA without filing a proof of claim. Apple wants contempt and injunctive relief that, as set forth above, would devalue the estate's

primary asset and destroy the Debtor′s future earning capacity.

45.     Any one of these would require this Court′s evaluation before proceeding. Apple sought none of it. Instead, Apple filed a five-page letter with a magistrate judge in California and obtained a hearing the next day — while the Debtor was supposed to be under this Court′s protection.

46.     The consequences of Apple′s conduct do not end there. If Apple obtains a contempt finding or sanctions order, those findings could be used at summary judgment in the same case to defeat the Debtor's claims. The estate′s recovery goes down. Creditors get less. The Debtor′s ability to earn income and potentially convert to Chapter 11 is destroyed. All because Apple pursued proceedings against the Debtor without giving this Court the opportunity to evaluate the impact — which is the entire purpose of the automatic stay.

## PUNITIVE DAMAGES ARE WARRANTED

47.     Section 362(k)(1) provides that ″in appropriate circumstances,″ a debtor may recover punitive damages. Punitive damages are appropriate where the creditor′s conduct is egregious, intentional, and demonstrates a disregard for the debtor′s rights and the bankruptcy process. *In re Curtis*, 322 B.R. 470, 486 (Bankr. D. Mass. 2005).

48.     Factors include: (1) the nature of the creditor′s conduct; (2) the creditor′s ability to pay; (3) the motives of the creditor; (4) any provocation by the debtor; and (5) the creditor′s level of sophistication. *In re Jean-Francois*, 532 B.R. 449, 459 (Bankr. E.D.N.Y. 2015). Every factor favors punitive damages here:

49.     Nature of conduct. Apple is not a creditor that accidentally sent a billing statement. Apple deliberately filed emergency papers in federal court seeking (frivolous and bad faith) contempt and sanctions against a Chapter 7 debtor without seeking stay relief. This is an affirmative litigation attack on the debtor using the machinery of a federal court.

50.     Ability to pay. Apple Inc. is one of the wealthiest corporations in the world, with a market capitalization exceeding $3 trillion. Any punitive damages award would

need to be substantial to serve a deterrent function. Apple could pay off the Debtor's entire outstanding debt for less than its executives spend on a holiday dinner.

51.    Motive. Apple's motive is transparent: the Debtor is a whistleblower who has been publicly criticizing Apple's workplace practices since 2021. Apple has been retaliating against the Debtor for four years across multiple forums. Apple's emergency letter was filed two days after being served with an NLRB charge alleging the same speech restrictions at issue constitute unlawful work rules. Apple's conduct is retaliatory, not remedial.

52.    Provocation. The Debtor's conduct that Apple complains of — publicly discussing Apple's workplace practices, filing NLRB charges, and posting about the litigation — is protected activity under the NLRA and the California Constitution. The Debtor was exercising legal rights, not provoking Apple.

53.    Sophistication. In the Plaintiff's litigation against Apple, Apple is represented by Orrick Herrington & Sutcliffe, Morrison & Foerster LLP, Morgan Lewis & Bockius, McDermott Will & Schulte, and Pillsbury Winthrop Shaw Pittman — some of the most sophisticated law firms in the country. They cannot claim ignorance of the automatic stay or its requirements. Their deliberate decision to proceed without seeking stay relief was a calculated litigation choice.

## ANY ORDER ENTERED IN VIOLATION OF THE STAY IS VOID

54.    Under Ninth Circuit law (applicable to the N.D. Cal. proceedings), actions taken in violation of the automatic stay are void — not voidable, void. *Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 571-72 (9th Cir. 1992). Any order that Magistrate Judge Westmore or Judge Chen might enter against the Debtor as a result of Apple's February 19 letter — including sanctions, contempt findings, speech restrictions, or deletion orders — would be a nullity with no legal effect.

55.    This Court should so declare, both to protect the Debtor and to avoid the waste of judicial resources in the Northern District of California that would result from

proceedings whose outcome is void ab initio.

56. This Court denied the Debtor's prior motion (Dkt. 20) on October 6, 2025, finding that it did not state a cognizable claim for violation of the automatic stay. This motion involves none of those issues. The Debtor is seeking sanctions because a creditor with actual knowledge of the bankruptcy filed emergency papers in a federal court seeking contempt, sanctions, and injunctive relief against the Debtor personally — without obtaining stay relief from this Court. That is a direct violation of § 362(a)(1) and (a)(6), and it entitles the Debtor to mandatory damages under § 362(k)(1).

# RELIEF REQUESTED

57. The Debtor respectfully requests that this Court find that Apple Inc. willfully violated the automatic stay under 11 U.S.C. § 362(a)(1) and (a)(6) by filing Dkt. 280 in the Northern District of California and pursuing sanctions, contempt, and injunctive relief against the Debtor without obtaining stay relief from this Court.

58. Award actual damages to the Debtor under 11 U.S.C. § 362(k)(1), including the reasonable value of time spent responding to Apple's violation, costs incurred, and emotional distress damages, in an amount to be determined at hearing.

59. Award pro se attorneys' fees and costs to the Debtor under 11 U.S.C. § 362(k)(1) for bringing this motion and for all work required to respond to Apple's violation across multiple jurisdictions. Award punitive damages against Apple Inc. in an amount sufficient to deter Apple and other sophisticated creditors from deliberately violating the automatic stay.

60. Declare that any order entered by the Northern District of California against the Debtor as a result of Apple's February 19, 2026 letter (Dkt. 280), including any sanctions, contempt findings, speech restrictions, or deletion orders, is void as having been entered in violation of the automatic stay.

61. Issue an order directing Apple Inc. to cease and desist from pursuing any further judicial proceedings against the Debtor in any court without first obtaining relief from the automatic stay from this Court.

62.    Grant such other and f**urther relief** as this Court deems just and proper.

### DECLARATION UNDER PENALTY OF PERJURY:

63.    I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed. R. Bankr. P. Rule 9011, that the foregoing is true and correct. Executed on February 19, 2026, San Jose, California.


Respectfully,



**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed Feb. 19 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBITS

- Exhibit A: Apple Inc.'s Emergency Letter, Dkt. 280, *Gjovik v. Apple Inc.*, Case No. 3:23-cv-04597-EMC (N.D. Cal.) (Feb. 19, 2026)
- Exhibit B: Debtor's Opposition filing
- Exhibit C: Debtor's Motion to Quash
- Exhibit D:  Emails and Objections (Feb. 18-Feb. 19 2026).


# CERTIFICATE OF SERVICE


I hereby certify that a true and correct copy of the foregoing will be served upon parties via the Court's electronic filing system:
- The Trustee
- Apple's noticed Counsel

Apple and the U.S. Court are noticed via posting a copy of this Motion to the federal docket for *Gjovik v. Apple Inc,* 3:23-cv-04597-EMC (N.D. Cal.)
A copy will also be mailed to Apple's registered agent for service. (Apple's noticed counsel still refuse to provide instructions for mail service).

**Ashley M. Gjøvik, JD**
*In Propria Persona*
(415) 964-6272
2108 N. St. Ste. 4553,
Sacramento, CA 95816
ashleymgjovik@protonmail.com

# United States Bankruptcy Court

## District of Massachusetts

In Re:

Ashley M. Gjovik.

Chapter 7 Case No: 25–11496

Judge Christopher J. Panos

Debtor's Motion for Sanctions against Apple Inc.

Creditor No. 21011446

Declaration of Debtor
Fed. R. Bankr. P. Rule 9013

# DECLARATION OF DEBTOR ASHLEY MARIE GJOVIK

Pursuant to 28 U.S.C.§ 1746, I, Ashley M. Gjovik, hereby declare as follows:

1.      My name is Ashley Marie Gjovik. I am a self-represented Debtor in this above captioned matter.

2.      I make this Declaration based upon my personal knowledge and in support of Debtor's Motion for Sanctions Against Apple Inc.

3.      I have personal knowledge of all facts stated in this Declaration, and if called to testify, I could and would testify competently thereto.

4.      I swear under penalty of perjury that the facts alleged in my Motion are true and correct to the best of my knowledge, and the Motion was filed for a lawful and legitimate purpose.

5.      I've attached to the motion Exhibits which are all true and correct copies of those documents.

6.      I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed. R. Bankr. P. Rule 9011, that the foregoing is true and correct.

Executed on Feb. 20 2026 in San Jose, California.

Respectfully submitted,

/s/ Ashley M. Gjovik
*Pro Se / In Propria Persona*
Dated: Feb. 20 2026
Physical Location: San José, California (temporary housing)
Mailing Address: 2108 N. St. Ste. 4553, Sacramento, CA 95816

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served upon parties via the Court's electronic filing system:

-   The Trustee
-   Apple's noticed Counsel

Apple and the U.S. Court are noticed via posting a copy of this Motion to the federal docket for *Gjovik v. Apple Inc,* 3:23-cv-04597-EMC (N.D. Cal.)

A copy will also be mailed to Apple's registered agent for service. (Apple's noticed counsel still refuse to provide instructions for mail service).