United States District Court<br>Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:23-cv-04597-EMC (KAW)<br><br>**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**<br><br>Re: Dkt. Nos. 276, 277 |

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge