1  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
2  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:    +1 650 614 7401

6  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA 94105-2669
9  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

11 RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12 2100 Pennsylvania Avenue NW
   Washington, D.C. 20037
13 Telephone:    +1 202 339 8400
   Facsimile:    +1 202 339 8500

15 Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| APPLE INC., | |
| Defendant. | Dept: Courtroom TBD<br>1301 Clay Street<br>Oakland, CA 94612<br>Judge: Honorable Kandis A. Westmore |

## NOTICE OF MOTION AND MOTION

NOTICE is hereby given by Apple Inc. ("Apple") of the filing of this motion pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5(c) and Judge Westmore's Standing Order for Civil Cases. This motion seeks to seal material Apple designated as Confidential pursuant to the Protective Order (Dkt. No. 235) that is referenced in Apple's Motion to Enforce the Protective Order and supporting evidence, which are being filed contemporaneously herewith, on the grounds that good cause exists to seal information Apple designated as Confidential pursuant to the Protective Order (Dkt. No. 235) until such time as any challenges to those designations have been ruled upon.

This request is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Melinda S. Riechert, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5(c) and Judge Westmore's Standing Order for Civil Cases, Apple respectfully moves for an order filing under seal of the following material submitted in connection with its Motion to Enforce Protective Order: (1) the portions of Apple's Motion to Enforce the Protective Order that contain material Apple designated as Confidential pursuant to the Protective Order; (2) the portions of excerpts of Plaintiff's deposition transcript that contain material Apple designated as Confidential pursuant to the Protective Order attached as Exhibit A to the Declaration of Melinda S. Riechert in Support of Apple's Motion to Enforce the Protective Order; and (3) Apple's confidentiality designations for Plaintiff's deposition attached as Exhibit B to the Declaration of Melinda S. Riechert in Support of Apple's Motion to Enforce the Protective Order.

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court has good cause to seal the records at issue here for several reasons.

*First*, a legitimate public interest that warrants sealing is preserving the integrity of this

1  Court's Protective Order and its confidentiality designation process. The Protective Order requires
2  information designated Confidential to be treated as Confidential until the Court rules upon any
3  challenge to the designation. *See* Dkt. No. 235 ¶ 6.3.  Indeed, publicly filing material designated
4  as Confidential by a party before a challenge to the Confidential designation has been ruled upon
5  is a "flagrant and deliberate violation" of a court order that harms the integrity of the judicial
6  process. *Ma v. San Francisco Estuary Inst.*, No. 23-CV-05060-JCS, 2026 WL 388720, at *5 (N.D.
7  Cal. Feb. 11, 2026) (sanctioning *pro se* plaintiff for publicly filing material designated as
8  confidential). Sealing is necessary so the Court can review the unredacted material and determine
9  whether Plaintiff violated the Protective Order, without requiring Apple to publicly file at this time
10 material it has designated as Confidential for which there has not yet been any ruling about any
11 challenges to those designations.

12 *Second*, if sealing is denied, material that Apple has designated as Confidential would be
13 publicly filed, which would perpetuate the very harm the Protective Order is intended to prevent.
14 Apple is asking the Court to address Plaintiff's publication of designated confidential material in
15 violation of the Protective Order; it makes little sense to require Apple to further publish that same
16 information in order to obtain relief.

17 *Third*, Apple has taken the least restrictive approach by publicly filing redacted versions
18 of the documents at issue. Only the portions containing or describing material Apple has
19 designated as Confidential—and which the Court must review to determine whether a violation of
20 the Protective Order has occurred—are withheld from public view. Redacting these specific
21 sections ensures that the public has access to all non-designated material, while allowing the Court
22 to review the relevant content in full and maintaining the integrity of the confidentiality
23 designation process.

24 *Fourth*, Apple will separately confer with Plaintiff regarding her challenges to certain of its
25 confidentiality designations. Until such time as those challenges are resolved, the information
26 Apple designated as Confidential is entitled to protection to preserve the integrity of this Court's
27 orders and processes. *See* Dkt. No. 235 ¶ 6.3; *see also I.F. v. City of Vallejo*, No. 2:18-CV-0673-
28 JAM-CKD, 2021 WL 601054, at *11 (E.D. Cal. Feb. 16, 2021) ("propriety of original confidential

1  designation" is "beside the point" when evaluating whether counsel "violated protective order by
2  providing confidential-designated deposition testimony to the media and filing it on the public
3  record").

4  On February 26, 2026, consistent with the requirements of this Court's Local Rules, Apple
5  asked Plaintiff whether she would agree/stipulate to an order to seal material Apple designated as
6  Confidential that is referenced in Apple's Motion to Enforce the Protective Order and evidence to
7  be filed in support of Apple's Motion until such time as any challenges to those designations have
8  been ruled upon. *See* Decl. of Melinda S. Riechert in Support of Admin. Mot. to Seal, filed
9  herewith, ¶ 2. Plaintiff did not agree. *Id*.

10  For the foregoing reasons, Apple respectfully requests that the Court enter an order sealing
11  (1) the portions of Apple's Motion to Enforce the Protective Order that contain material Apple
12  designated as Confidential pursuant to the Protective Order; (2) the portions of excerpts of
13  Plaintiff's deposition transcript that contain material Apple designated as Confidential pursuant to
14  the Protective Order attached as Exhibit A to the Declaration of Melinda S. Riechert in Support of
15  Apple's Motion to Enforce the Protective Order; and (3) Apple's confidentiality designations for
16  Plaintiff's deposition attached as Exhibit B to the Declaration of Melinda S. Riechert in Support of
17  Apple's Motion to Enforce the Protective Order.

Dated: February 26, 2026                ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.