1  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
2  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:    +1 650 614 7401

6  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA 94105-2669
9  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759

10

11 RYAN D. BOOMS (SBN 329430)
   rbooms@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12  2100 Pennsylvania Avenue NW
   Washington, D.C. 20037
13 Telephone:    +1 202 339 8400
   Facsimile:    +1 202 339 8500

14
   Attorneys for Defendant
15 APPLE INC.

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                              OAKLAND DIVISION

19

| | |
|---|---|
| 20  ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| 21            Plaintiff, | **DEFENDANT APPLE INC.'S MOTION TO ENFORCE PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 22       v. | |
| 23  APPLE INC., | |
| 24            Defendant. | Date:  April 2, 2026<br>Time:  1:30 p.m.<br>Dept:  Courtroom TBD<br>         1301 Clay Street<br>         Oakland, CA 94612<br>Judge: Honorable Kandis A. Westmore |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT BACKGROUND ..................................................................................... 2

    A. Excerpts of the Designated Testimony .............................................................. 3

    B. Descriptions that Reveal the Content of that Same Designated Testimony............ 5

III. LEGAL STANDARD .................................................................................................... 8

IV. ARGUMENT .................................................................................................................. 9

    A. Plaintiff Unquestionably Violated the Protective Order. ..................................... 9

    B. Plaintiff Should Be Ordered to Take Down, and Not to Republish, Material Designated as Confidential Unless and Until Such Time as the Court Orders that the Material is Not Confidential. ....................................................... 10

V. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gonzales v. Charter Commc'ns*,
   LLC, No. 2:20-CV-08299-SB-AS, 2022 WL 570003 (C.D. Cal. Jan. 26, 2022) ..................... 9

*Harmston v. City & Cnty. of San Francisco*,
   No. C 07-01186SI, 2007 WL 3306526 (N.D. Cal. Nov. 6, 2007), *order clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008) .............................. 9

*I.F. v. City of Vallejo*,
   No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054 (E.D. Cal. Feb. 16, 2021) .......................... 9

*Life Tech. Corp. v. Biosearch Tech., Inc.*,
   No. C-12-00852 WHA (JCS), 2012 WL 1600393 (N.D. Cal. May 7, 2012) .......................... 7

*Ma v. San Francisco Estuary Inst.*,
   No. 23-CV-05060-JCS, 2026 WL 388720 (N.D. Cal. Feb. 11, 2026) ..................................... 8

*O'Connor v. Uber Techs., Inc.*,
   No. 13-CV-03826-EMC, 2017 WL 3782101 (N.D. Cal. Aug. 31, 2017) ............................... 7

*Sali v. Corona Reg'l Med. Ctr.*,
   884 F.3d 1218 (9th Cir. 2018) .............................................................................................. 7

*Somers v. Digital Realty Tr. Inc.*,
   No. 14CV05180EMCKAW, 2018 WL 2134020 (N.D. Cal. May 9, 2018) ........................... 7

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
   982 F.2d 363 (9th Cir. 1992) ................................................................................................ 7

**Other Authorities**

Fed. R. Civ. Proc. 37 .................................................................................................... 7, 10

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF ASHLEY GJOVIK: PLEASE TAKE NOTICE** that on April 2, 2026, at 1:30 p.m. in a courtroom to be determined (TBD) of the above-titled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Apple Inc. will and hereby does move the Court for an Order finding Plaintiff in violation of the Protective Order (Dkt. No. 235) and enforcing the Protective Order by (i) ordering Plaintiff to de-publish material Apple designated as Confidential and (ii) sealing Plaintiff's filings at Dkt. Nos. 278, 284 and 285 (which contain material Apple designated as Confidential).[1]

This Motion is made on the grounds that Plaintiff posted excerpts from deposition testimony designated as Confidential publicly (both on the docket in this matter and on the Internet) without an order voiding those designations or otherwise authorizing her to do so. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Melinda S. Riechert, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Ashley Gjovik is bound to respect this Court's orders and processes in adjudicating her disagreements with Apple. This is an obligation she has already flouted repeatedly. *See, e.g.*, Dkt. No. 137 at 1, 4 ("The Court agrees with Apple that Ms. Gjovik has failed to comply with its orders. … [T]he Court concludes that, overall, the dismissal sought by Apple is too extreme a sanction – at least at this juncture of the proceedings."); *id.* at 3 n.3 ("Ms. Gjovik is now on notice that there are consequences."); Dkt. No. 179 at 4-5 ("Ms. Gjovik is forewarned [ ] that, in the future, she must comply with all deadlines, page limits, and/or other rules or orders, just as any litigant before this Court must. The Court has already given Ms. Gjovik substantial leeway in the past and will no longer excuse her compliance with the rules."). This Motion seeks to address her latest violations and disregard for the Court's authority.

---

[1] Apple reserves the right to seek sanctions or other appropriate relief under applicable rules and authorities via separate motion.

- 1 -  
MOT. TO ENFORCE PROTECTIVE ORDER AND MEMO. OF P&A  
[23-CV-4597-EMC]

1    This Court entered a stipulated Protective Order in this matter—signed by both Apple and
2 Plaintiff—in July 2025. *See* Dkt. No. 235. The very first time Apple exercised its right under the
3 court-ordered and agreed-upon Protective Order to designate discovery material as Confidential,
4 Plaintiff violated the clear terms of the order. She repeatedly blasted the deposition testimony Apple
5 had designated as confidential under the Protective Order online by copying and pasting excerpts
6 of testimony verbatim and filing it on this Court's docket without regard to the process for
7 challenging designations. While certain damage is already done (as no one can "un-ring the bell"),
8 Plaintiff can and should be held to account. Apple seeks prompt action from the Court finding
9 Plaintiff in violation of the Protective Order; directing Plaintiff to take down designated material;
10 and removing from the public docket those of Plaintiff's filings that are riddled with material
11 designated as Confidential under the Protective Order.

12   **II.   RELEVANT BACKGROUND**

13    Apple deposed Plaintiff in this action on December 16, 2025. *See* Decl. of Melinda S.
14 Riechert in Supp. of Mot. to Enforce Protective Order, filed herewith ("Riechert Decl."), ¶ 1. At
15 that deposition, Plaintiff testified about (*inter alia*) her understanding and views of certain
16 confidential Apple studies that she learned of during the course of her employment. *See id.* ¶ 2, Ex.
17 A (Gjovik Dep. Tr. (Dec. 16, 2025)) at 164:4-165:24, 170:1-17, 236:10-238:22. On the record,
18 Apple designated a section of the transcript as Confidential under the Protective Order, and stated
19 its intent to review and attempt to narrow the designations once the transcript was in hand. *See id.*
20 at 63:10-19, 141:18-142:8.

21    On January 7, 2026, the certified court reporter provided the transcript of Plaintiff's
22 deposition. *Id.* ¶ 3. On February 4, 2026, Apple provided its more limited and targeted designations,
23 which sought to protect from public disclosure Plaintiff's account of confidential Apple studies. *Id.*
24 ¶ 4, Ex. B; *see also* Dkt. No. 278 at PDF p. 49 (Plaintiff acknowledging that Apple's
25 "confidentiality claims" involved "***employer studies***") (emphasis added).

26    Beginning on at least February 16, 2026, Plaintiff nonetheless published deposition
27 testimony that Apple had designated as Confidential (the "Designated Testimony"). As Plaintiff
28 concedes, the materials she posted "***reveal[ed] what was actually designated***." Dkt. No. 284 at PDF

- 2 -

MOT. TO ENFORCE PROTECTIVE
ORDER AND MEMO. OF P&A
[23-CV-4597-EMC]

1   p. 17 ¶ 65 (emphasis added). Apple is aware of at least the following disclosures of Designated

2   Testimony on the Internet and this Court's docket:

3       **A.**    **Excerpts of the Designated Testimony**

4       Dkt. No. 278 at pp. 50-52 (relaying ***verbatim excerpts*** of what Plaintiff admits is "deposition

5   transcript content that Apple designated"; *compare* Riechert Decl. ¶ 2, Ex. A at 164:4-165:24,

6   170:1-17, 236:10-238:22)

7       • Republished at Dkt. No. 284 at PDF pp. 45-47

8       • Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)

9       • Also republished through link on X (formerly Twitter); *see* Dkt. No. 284 at PDF p. 92

> 19. Examples of deposition transcript content that Apple designated was "confidential" for seven weeks, and then expressly claimed terms and the subject matter was "confidential" include:
>
> **NLRA Violation, Example One:**
> - Employer: (did you tell your manager you didn't want to do that study?)
> - Employee "…I was complaining more generally of, like, Apple is doing some really invasive stuff that seems weird. Like when they were doing the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. I was pointing out, like, I think Apple is crossing some lines --
> - (Court Reporter asks for clarification)
> - Employee: "They were doing ▮▮▮▮▮ studies where they were ▮▮▮▮▮▮▮▮▮▮▮ and I said I think that's too far.
> - Employer: "….Were there other studies that you were asked to participate in that you said, no, thank you?"
> - Employee: "Yes. There was one that I had signed up for and pulled out because I didn't realize the terms until it was underway and it bothered me, … ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
>
> Deposition Transcript pages 164-165 (entirely "confidential" for 50 days). Apple's active confidentiality claims include: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
>
> **NLRA Violation, Example Two:**
> - Employer: "Was there anything else you said to [Supervisor] about your unhappiness with studies that Apple was doing?"
> - Employee: Yeah. I think it was generally just kind of like a -- we need a boundary here of what --

> – because, you know, I would do a lot of the LiveOn on, like, ... And that's a lot different than my employer asking to request status of ▮▮▮▮▮▮. And so it was kind of, like, I feel like we need to sort as a company what we're doing here generally and using myself as kind of case study of my reaction to some of those requests. But as -- I don't remember them ever really doing anything different, and I remember even making privacy, kind of, invasion complaints even I think, like, in May 2021 –"

- Employer: "Way beyond my question."

**Deposition Transcript pages 170. (entirely "confidential" for 50 days).**

**Apple's active confidentiality claims include:** ▮▮▮▮▮▮▮▮▮▮

**NLRA Violation, Example Three:**

- The Employer asked me about my protests about the ear scans: "what did you feel invasive about an ear scanning study?"
- Employee: Ears are very personal, and they are an -- they're an orifice. You know, it's a bodily orifice. It's kind of like the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Not as bad as that one, but it's like that -- that's something that's so personal that it doesn't seem appropriate for an employer to ask. And because I participated in these studies, I know that it involves pressing up against my body, putting things, like, on my body. Things where I'm like -- like I mentioned earlier, physically uncomfortable during the process, even somewhat painful. And like the thought of – and they can last a long time. So, like, the thought of Apple spending a bunch of time scanning, like, the inside of my ears and my ears made me have a visceral reaction that I didn't want that. And that I was also why I just -- I said no. That was one of the very few things I said no expressly in email. I said no. I think I made an excuse, like, I'm too busy, but I'm not going to do that. And then Apple wanted to keep -- they're going to keep these images of our ears. And they bragged publicly earlier that they had the biggest, like, ear library in the world, and that was concerning to me. It's concerning to me that they'd brag about that, and I don't want my ears in their giant ear library. You know, like, my ears are personal to me. I don't want them to just be in a library of ears.
- Employer: "Okay."
- Employee: "And because I had said no and they asked three times in a very short period of time, I was -- I was wondering why are they asking me so much, and it looked like it was going to an email group, but you don't really know who is on what group. And so I was -- I was disturbed about them still wanting to scan my ears.
- Employer: Do you agree that posting these emails was a breach of your confidentiality agreement with Apple?
- Employee: No, I don't agree.
- Employer: And why not?

> - Employee: ...None of this is -- none of that was even secret information. And I was complaining about something that I thought was an invasion of privacy. I have a constitutional right to privacy in this great state of California where I can protest about my employer trying to invade my privacy... And I wanted them to stop doing this kind of stuff, and this was the exact same time I was calling out other conduct and systemic issues at Apple that I did not approve of and wanted them to reform on, and so this fit with me trying to call out stuff that I thought crossed a line...."
>
> Deposition Transcript pages 236-238). (entirely "confidential" for 50 days).
> Apple's active confidentiality claims include: ███████

### B. Descriptions that Reveal the Content of that Same Designated Testimony

The Protective Order prohibits publication of "any information copied or extracted from" material designated as Confidential. Dkt. No. 235 ¶ 3. Plaintiff published the following information extracted from the material designated as Confidential:

1. Dkt. No. 278 at PDF p. 5 ("[T]hose designations included and centered around ███████")
   - Republished at Dkt. No. 284 at PDF p. 37

2. Dkt. No. 278 at PDF p. 6 ("Apple's very secret designation is actually about ███████)
   - Republished at Dkt. No. 284 at PDF p. 38

3. Dkt. No. 278 at PDF p. 49 (characterizing "confidentiality claims" as "Prohibition on Discussing Work Conditions Related to Employer Studies on ███████)
   - Republished at Dkt. No. 284 at PDF p. 44
   - Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)
   - Also republished through link on X (formerly Twitter); *see* Dkt. No. 284 at PDF p. 92

4. Dkt. No. 278 at PDF p. 53 ("Apple's lawyer … then claimed ▮ was Apple Confidential and the burden was on me to argue why it was not, and then we could raise the dispute Apple ownership of its facts around ▮ to the Judge who already issued an implied gag order against me to not have 'emotions' while Apple pursued its plan to drive me to suicide.")

- Republished at Dkt. No. 284 at PDF p. 48
- Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)
- Also republished through link on X (formerly Twitter); *see* Dkt. No. 284 at PDF p. 92

5. Dkt. No. 278 at PDF p. 54 ("Apple now designates the word ▮ as its confidential business information …")

- Republished at Dkt. No. 284 at PDF p. 49
- Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)
- Also republished through link on X (formerly Twitter); *see* Dkt. No. 284 at PDF p. 92

6. Dkt. No. 284 at PDF p. 5 ¶ 9 ("The remaining designations included … ▮ Apple's counsel reviewed the deposition transcript, identified each instance where Plaintiff complained that Apple should not be ▮ and designated those complaints as Apple Confidential.")

7. Dkt. No. 284 at PDF p. 6 ¶ 14 ("Apple's designations concerned Plaintiff's ▮ …")

8. Dkt. No. 284 at PDF p. 17 ¶ 65 ("The NLRB charges — which Apple itself referenced in its letter — reveal what was actually designated. The 'work rules' challenged include: ▮ is Apple Confidential …'")

1  9. Dkt. No. 284 at PDF pp. 70-71 ("Apple's lawyers designated an employee's
2     deposition testimony about ███████████████████████████████████
3     as Apple's confidential business information …")
4     ▪ Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)
5  10. Dkt. No. 284 at PDF pp. 74-75 ("The charge quotes three deposition excerpts where
6     I testified about my complaints to my supervisor regarding Apple's invasive
7     workplace studies. In these excerpts, I described: ███████████████
8-12   ███████████████████████████████████████.")
13    ▪ Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)
14 11. Dkt. No. 284 at PDF p. 75 ("Apple's active confidentiality designations, as
15    documented in the charge, include: ███████████████████████
16-17  ███████████████████████████████████████)
18    ▪ Also published on Plaintiff's blog (*see* https://tinyurl.com/ym92ehdj)
19 12. Dkt. No. 285 at PDF p. 5 (Apple "designated as 'confidential' testimony in which
20    the employee complained about being pressured to submit to employer-directed
21    study of ███████████████████████████████████████
22-23  ███████████████████████████████████████)
24 13. Dkt. No. 285 at PDF p. 11 ("The designations at the center of Apple's emergency
25    letter … are Plaintiff's complaints that Apple should not be asking employees ██
26-28  ███████████████████████████████████████")

- 7 - MOT. TO ENFORCE PROTECTIVE
ORDER AND MEMO. OF P&A
[23-CV-4597-EMC]

14. Dkt. No. 285 at PDF p. 15 ("This court can see that the words that Apple claims are 'confidential' are literally ███████████████████████████████ -- and phrases include ███████████████████████████████")

Apple attempted to secure Plaintiff's voluntary agreement to take down the Designated Testimony and writings that reveal the Designated Testimony, but Plaintiff refused. Riechert Decl. ¶ 5, Ex. C. Apple subsequently filed a discovery letter brief with this Court, Plaintiff opposed, and the Court convened a telephonic conference on February 20, 2026. *See* Dkt. Nos. 280, 284, 288. During and following that conference, the Court "ordered" Plaintiff "to comply with the protective order." Dkt. No. 288. To date, Plaintiff has not taken down any of the Designated Testimony, which remains publicly available despite Apple's designations.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides that when any party "fails to obey an order ... including an order under Rule 26(f)," "the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). This rule encompasses the power to address "'violat[ions of] a discovery order, including a protective order issued pursuant to Rule 26(f).'" *O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2017 WL 3782101, at *4 (N.D. Cal. Aug. 31, 2017) (quoting *Life Tech. Corp. v. Biosearch Tech., Inc.*, No. C-12-00852 WHA (JCS), 2012 WL 1600393, at *8 (N.D. Cal. May 7, 2012)); *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) ("In the context of Rule 37(b) sanctions," the term "order" "include[s] any order relating to discovery.") (internal quotations and citations omitted).

Additionally, "[c]ourts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditions disposition of cases." *Somers v. Digital Realty Tr. Inc.*, No. 14CV05180EMCKAW, 2018 WL 2134020, at *15 (N.D. Cal. May 9, 2018) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). "Those inherent powers include the broad discretion to make discovery and evidentiary rulings." *Id*. (citation and internal quotation marks omitted).

## IV. ARGUMENT

### A. Plaintiff Unquestionably Violated the Protective Order.

The governing Protective Order—which is identical in substance to the Northern District Model Stipulated Protective Order—outlines procedures whereby parties can seek to protect "confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation." Dkt. No. 235 ¶ 1. It sets forth a process for parties to designate "items or information … including, among other things, testimony … produced or generated in disclosures or responses to discovery in this matter" as Confidential. *Id.* ¶ 2.5. Once a party designates discovery material as Confidential, another party can challenge the designation through a prescribed process, which ultimately requires the Designating Party to file a motion to retain confidentiality. *See id.* ¶¶ 6.1-6.3 The Protective Order is unambiguous as to each party's obligations once a designation has been made, even if they disagree with or have begun the process to challenge the designation:

> Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, ***all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge***.

*Id.* ¶ 6.3 (emphasis added).

Plaintiff plainly, repeatedly, and unrepentantly flouted this requirement. Indeed, publicly filing material designated as Confidential by a party without following appropriate procedures to challenge the designation qualifies as a "flagrant and deliberate violation." *Ma v. San Francisco Estuary Inst.*, No. 23-CV-05060-JCS, 2026 WL 388720, at *5 (N.D. Cal. Feb. 11, 2026) (sanctioning *pro se* plaintiff for publicly filing material designated as confidential). The Court's own docket is replete with examples—both of Plaintiff publishing **verbatim** the Designated Testimony (copied into a Word document), and of Plaintiff describing the Designated Testimony in a manner that effectively reveals what is "under the redaction." Both violate the Protective Order, as does publishing the same content on her blog or republishing it through X (formerly Twitter). *See* Dkt. No. 235 ¶ 3 (Protective Order prohibits publication of "any information copied or extracted

from" material designated as Confidential).

Even if Plaintiff does not agree that the Designated Testimony was properly designated as Confidential, that does not allow her to violate the Protective Order by publishing the material designated as Confidential before the Court has had the opportunity to decide whether the designations were appropriate. Plaintiff violated the Protective Order by failing to follow the process to appropriately challenge any designations with which she disagrees. Ample authority supports finding litigants in violation of a court order in these circumstances. *See, e.g., Harmston v. City & Cnty. of San Francisco*, No. C 07-01186SI, 2007 WL 3306526, at *6 (N.D. Cal. Nov. 6, 2007), *order clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008) (finding plaintiff "violated the protective order and the designation of confidentiality when he provided [deposition] testimony to the news media and filed it as part of the public record" rather than "following the procedures laid out in the protective order" because "[a]t the time of these disclosures, the Court had in no way overruled defendants' designations"); *Gonzales v. Charter Commc'ns*, LLC, No. 2:20-CV-08299-SB-AS, 2022 WL 570003, at *4 (C.D. Cal. Jan. 26, 2022) (holding that "Plaintiffs' counsel could not take it upon themselves to publish the contents" of the designated materials where they were "required to challenge the designations"); *I.F. v. City of Vallejo*, No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054, at *11 (E.D. Cal. Feb. 16, 2021) (citing *Harmston*, 2007 WL 3306526, at *6) ("propriety of original confidential designation" is "beside the point" when evaluating whether counsel "violated protective order by providing confidential-designated deposition testimony to the media and filing it on the public record").

**B.** **Plaintiff Should Be Ordered to Take Down, and Not to Republish, Material Designated as Confidential Unless and Until Such Time as the Court Orders that the Material is Not Confidential.**

Apple seeks an order finding that Plaintiff's preemptive publication of deposition testimony that Apple designated as confidential violated the Protective Order and directing appropriate relief:

- An order finding Plaintiff in violation of the Protective Order. That order should extend not only to Plaintiff's publication verbatim portions of the deposition transcript that Apple designated as Confidential, but also "any information copied or extracted from [those designated portions of the transcript]." Dkt. No. 235 ¶ 3; *accord Gonzales*, 2022 WL

570003, at *4 (citation omitted) ("It is plainly disingenuous to argue that information *derived* from materials disclosed during discovery somehow escapes the grasp of the protective order.").

- An order requiring Plaintiff to immediately take down (or post redacted versions of) all the documents and information identified above, and to refrain from re-publishing those documents or information in any forum or form unless and until the Court issues an order in her favor as to Apple's designations.

- An order sealing the docket entries at Dkt. Nos. 278, 284, and 285, unless and until such time as the underlying designations are adjudicated, and directing Plaintiff to file properly redacted versions if she wishes the content of those filings to continue to appear on the docket during the pendency of the Court-ordered process to resolve Apple's confidentiality designations. Absent such an order, Plaintiff's improper filings will remain on the docket, effectively unilaterally nullifying Apple's confidentiality designations before this Court has adjudicated them.

Apple reserves the right to file future motions to seek additional appropriate remedies based on Plaintiff's violations of the Protective Order, including potential sanctions under Federal Rule of Civil Procedure 37—but, at this juncture, it has prioritized a request for relief designed to ensure compliance with the Protective Order and protection for Apple's information consistent with the processes the Protective Order requires.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant the Motion and order the requested relief, along with any additional relief the Court deems appropriate to ensure Plaintiff's future compliance with court orders in this matter.

Dated: February 26, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.