JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:      +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:      +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING ON DEFENDANT'S MOTION TO ENFORCE PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Dept:        Courtroom TBD<br>                 1301 Clay Street<br>                 Oakland, CA 94612<br>Judge:       Honorable Kandis A. Westmore |

**NOTICE OF MOTION AND MOTION**

NOTICE is hereby given of the filing of this motion pursuant to Civil Local Rules 6-1(b) and 6-3 by Apple Inc. ("Apple"). This motion seeks to shorten the time for briefing and hearing on Apple's Motion to Enforce Protective Order, which is being filed contemporaneously herewith, on the grounds that good cause exists to quickly determine whether Plaintiff is in violation of the Protective Order (Dkt. No. 235), and if so, enforce the Protective Order.

Pursuant to the Civil Local Rules, Apple set the hearing on the Motion to Enforce Protective Order for April 2, 2026, the earliest available date. Apple requests that the hearing be held on March 6, 2026, at 1:30 p.m., or on a date sooner than April 2, 2026 as this Court's schedule permits. Apple further requests that any opposition be due by March 2, 2026, and Apple's reply be due by March 4, 2026. This request is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities; the accompanying Declaration of Melinda S. Riechert; the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Civil Local Rules 6-1(b) and 6-3, Defendant Apple Inc. respectfully requests that its Motion to Enforce Protective Order be heard on shortened time so that the Court can quickly determine whether Plaintiff is in violation of the Protective Order (Dkt. No. 235), and if so, enforce the Protective Order.

*The reasons for the requested shortening of time.* As detailed in Apple's Motion to Enforce Protective Order, Plaintiff published material that Apple had designated as confidential before this Court has had an opportunity to rule on any challenge to the designations. The relief requested in the Motion to Enforce Protective Order is designed to ensure compliance with the Protective Order and protection for Apple's information consistent with the processes the Protective Order requires. Shortened time is necessary to preserve the Court's authority to adjudicate confidentiality disputes and to ensure that the stipulated procedures are followed.

*Efforts Apple has made to obtain a stipulation to the time change.* On February 26, 2026, consistent with this Court's Local Rules, Apple asked Plaintiff whether she would agree/stipulate

to shortening the time for briefing and a hearing on Apple's Motion to Enforce Protective Order. Decl. of Melinda Riechert in Support of Admin. Mot. To Shorten Time ("Riechert Decl."), ¶ 2. Plaintiff did not agree. *Id*.

*The substantial harm or prejudice that would occur if the Court did not change the time.* The material posted by Plaintiff, which Apple had designated as confidential, continues to be publicly available, even though the Court has not ruled on any challenge to the designations. This ongoing public disclosure undermines the process established by the Protective Order, which requires that information designated as confidential remain protected until the Court rules on any challenge to the designation. Prompt resolution is necessary to ensure that the Court's procedures are respected and that the parties comply with the Protective Order while any dispute is pending.

*Apple's compliance with Civil L.R. 37-1(a).* Apple has complied with Civil Local Rule 37-1(a). On February 18, 2026, Apple's counsel contacted Plaintiff via email to inform her that she violated the Protective Order by posting on X and other websites material that Apple had designated as confidential. Riechert Decl., ¶ 3, Ex. A. Apple's counsel further requested that Plaintiff immediately remove the material and commit not to disclose such material in the future. *Id*. Plaintiff refused to remove the material or provide the requested assurances. *Id*. Thereafter, on February 20, 2026, Plaintiff again posted material that Apple had designated as confidential on the public docket in this case. *See* Dkt. Nos. 284 and 285. On February 20, 2026, the parties met with Magistrate Judge Westmore regarding this dispute. Critically, during that conference, Plaintiff assured Judge Westmore that she had not publicly posted any portions of her deposition transcript that Apple designated as Confidential. As Apple's Motion to Enforce the Protective Order proves, Plaintiff's assurance to the Court was false and necessitated additional briefing to rectify this issue while the process set forth in the Protective Order for challenging confidentiality designations plays out.

*The nature of the underlying dispute that would be addressed in the Motion to Enforce Protective Order and the position each party had taken.* The underlying dispute concerns Plaintiff's public disclosure of material that Apple had designated as confidential pursuant to the Protective Order. Apple's position is that, under the terms of the Protective Order, all parties are required to maintain the confidentiality of material designed as confidential regardless of whether a party

1  disagrees with the designation until the Court rules on any challenge to the designation. *See* Dkt.
2  No. 235, ¶ 6.3. Plaintiff maintains that her disclosures were appropriate and has refused to remove
3  the material from public view, notwithstanding the process required by the Protective Order.

4  *Previous time modifications in the case.* Pursuant to Local Rule 6-3(5), the following time
5  modifications have previously been made in this case:

- On October 10, 2024, the Court granted the Parties' stipulation regarding Apple's responsive pleading deadline and additional deadlines. Dkt. No. 12.
- On October 25, 2024, the Court granted Plaintiff an additional week to file the Fifth Amended Complaint. Dkt. No. 123.
- On February 5, 2025, the Court granted Defendant's motion to stay briefing and the hearing on Plaintiff's motion to amend pending resolution of Apple's then-pending motion to dismiss. Dkt. No. 160.
- On November 4, 2025, the Court granted Defendant's motion to stay in light of Plaintiff's Chapter 7 bankruptcy proceedings. Dkt. No. 255.

*The effect the requested time modification would have on the schedule for the case.* Advancing the hearing date on the Motion to Enforce Protective Order will not impact the current schedule of the case.

For the foregoing reasons, Apple respectfully requests that the Court grant its request to shorten time for the briefing and hearing on Apple's Motion to Enforce Protective Order.

Dated: February 26, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.