Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

Ashley M. Gjovik, *an individual*,

    Plaintiff,

vs.

Apple Inc., *a corporation*,

    Defendant.

Case No. 3:23-CV-04597-EMC

Notice of Pendency: Motion for Sanctions Against Apple Inc In Ch. 7 Bankruptcy Case 25-11496:

NOTICE of HEARING RE: SANCTIONS (MAB)

Supplement to Notice at Dkt. 286.

# NOTICE OF PENDENCY:
# APRIL 2 2026 HEARING IN BOSTON, MA

Plaintiff Ashley M. Gjovik respectfully files this **NOTICE OF PENDENCY** as a supplement to her Feb. 20 2026 *Notice of Pendency* at Dkt. 286 ("**MOTION FOR SANCTIONS AGAINST APPLE INC FILED IN CH. 7 BANKRUPTCY CASE 25-11496 FOR THE DISPUTED CREDITOR'S WILLFUL VIOLATION OF THE STAY (CREDITOR NO. 21011446)**").

On March 3 2026, Plaintiff was notified by the Bankruptcy Court in the District of Massachusetts that Judge Panos responded to the Plaintiff's Feb. 20 2026 Motion for Sanctions against Creditor Apple Inc (Case 25-11496 at Dkt. 58) by scheduling a hearing with her and disputed creditor Apple Inc to discuss the issues alleged in the Motion for Sanctions (25-11496 at Dkt. 58, 159 pages; and copy of the Motion without exhibits at Dkt. 286 in 3:23-cv-04597, 21 pages). A copy of the March 3 2026 Notice of Hearing is attached as Exhibit A.

The federal Bankruptcy Code statute which Apple is alleged to have violated is 11 U.S. Code § 362 (the "*Automatic stay*.") The automatic stay applies to situations where employers take actions (ie, file lawsuits, make cross-claims, request sanctions or injunctions, or otherwise assert claims against the Debtor/Employee) regarding alleged violations of the Debtor's pre-petition employment agreements. See *In re Hruby,* 512 B.R. 262, 274 (Bankr. D. Colo. 2014) (employer must seek stay relief before enforcing confidentiality provisions against debtor-employee). This can appear as independent claims, and/or also combined with other allegations (like, for instance, breaching discovery protective orders).

At the hearing, the Bankruptcy Court will assumably determine the nature, extent, and type of relief Apple has already requested from this District Court that Apple requests to order against the Plaintiff, what Apple's stated basis is for supposedly deserving that relief (including the alleged legal rights that Apple's described this matter in all relevant filings/letters thus far), if Apple's claim for relief indicates a pre-petition executory contract (such as the employment agreements between Apple and Plaintiff that Apple's repeatedly mentioned, entered in ~2015). The Bankruptcy Court will also assumably look to see if Apple's requested relief in the civil case could have any effect on the pending bankruptcy proceeding.

With a pending Adversary Proceeding (*Gjovik v U.S. Dept. of Ed.*, 25-01104) requesting a discharge of law school student loan debt on the basis of the Plaintiff now being completely denylisted, unable to obtain employment, insolvent, defamed, and impoverished due to the actions of Apple – and certain to remain that way for the foreseeable future unless she can prevail in the civil litigation (here) or agency

adjudication (NLRB, etc.) against Apple -- Apple's recent requests to this District Court would certainly impact the Bankruptcy proceedings. ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)).).

As stated, prior (see, 3:23-cv-04597: Feb. 18 2026 at Dkt. 279; Feb. 19-20 2026 Dkt. 282-286; Feb. 27 2026 at Dkt. 297), if Apple wants to continue to seek the relief it has described in Dkt. 280 (Feb. 19 "*Request for Immediate Conference Regarding Breaches…*"), and the Feb. 26 2026 (*Emergency "Motion to Enforce"* etc. 3:23-cv-0459, Dkt. 293, 294, 295) the very first step is for Apple to request Judge Panos to life the Stay for that claim in the Bankruptcy proceeding. Until the Stay is lifted, no other court has jurisdiction to hear Apple's claims against the Debtor/Plaintiff, Ashley Gjovik, arising out of pre-petition executory contracts, pre-petition debts, claims that could impact the Bankruptcy proceeding, etc.

Apple Inc is responsible for destroying the Plaintiff's career and finances, including driving her into bankruptcy. Apple already has two noticed Bankruptcy counsel from Pillsbury Winthrop Shaw Pittman LLP in the Bankruptcy proceeding. (Exhibit B). Starting around August 2025, Apple filed Motions to this District Court, arguing Bankruptcy law, making prejudicial requests that harmed the Debtor/Plaintiff including obtaining a three month long stay of this litigation due to the Bankruptcy proceeding (3:23-cv-0459, Dkt. 247-25) and for ultimately no reason (3:23-cv-0459, Dkt. 263, 265-7, 269).

In Aug. 2025, the Plaintiff's motions in this case (i.e. Dkt. 250-252, 297, etc.) repeatedly reminded Apple of the Stay and that they are bound by it. (*"The automatic stay only stays litigation against the debtor. See 11 U.S.C. § 362(b) discussing the stay of claims "against the debtor." Critically, 11 U.S.C. § 362 "does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982); In re Berry Estates, 812 F.2d 67, 71 (2d Cir.), cert. denied, 484 U.S. 819, 108 S. Ct. 77, 98 L. Ed. 2d 40 (1987).").* Dkt. 250 at 12.

"The stay also protects debtors from counter-claims during bankruptcy. *Action Drug Co., Inc. v. Overnite Transp. Co.,* 724 F. Supp. 269 (D. Del. 1989) (where plaintiff-debtor enters bankruptcy, defendant may not assert counterclaim against bankrupt plaintiff ), aff'd without op., 902 F.2d 1558 (3d Cir. 1990).") Dkt. 250 at 12. Plaintiff also complained in August 2025 that Apple was already encroaching on the Stay ("*Apple, a creditor in Plaintiff's Estate (creditor no. 21011446), is improperly using legal filings in an effort to take unlawful possession of this litigation, which is property of the Estate in Boston, Massachusetts.",* Dkt. 250) well before Apple's 2026 filed claims against the Debtor/Plaintiff.

      Apple had no excuse to fail to first contact Judge Panos, request to lift the Stay, and take no further action until Judge Panos issued a Decision/Order.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March. 3 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Ashley Marie Gjovik , Debtor | Chapter: 7<br>Case No: 25−11496<br>Judge Christopher J. Panos |

### NOTICE OF NONEVIDENTIARY HYBRID HEARING

**PLEASE TAKE NOTICE** that a **HYBRID HEARING** will be held on **4/2/26 at 11:00 AM** before the Honorable Judge Christopher J. Panos, Courtroom 1, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109−3945 to consider the following (the "Scheduled Matter"):

> [58] Motion filed by Debtor Ashley Marie Gjovik for Sanctions Against Apple Inc for It's Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. Sec. 362 (K)(1).

PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS.

**OBJECTION/RESPONSE DEADLINE: MARCH 27, 2026 at 4:30 PM.**

If no deadline is set, the objection/response deadline shall be governed by the Federal Rules of Bankruptcy Procedure (FRBP) and the Massachusetts Local Bankruptcy Rules (MLBR). If no objection/response is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. See MLBR 9013−1(f).

**GENERAL INFORMATION:**

In order to provide flexibility and maximize access for parties in interest in addressing the specific needs of a case, this hearing is scheduled as a hybrid hearing, where parties in interest and counsel may choose to participate either remotely by video or in person.

Judge Panos will conduct the hybrid hearing from Courtroom 1, 12th Floor, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts 02109 (the "Courtroom"). Counsel, unrepresented parties, and other parties in interest, who filed the Scheduled Matter or have filed a response or objection thereto by the objection deadline (the "Participants"), may appear and be heard in person in the Courtroom or may appear and be heard remotely using Zoomgov.com videoconference technology ("Zoom") by following the procedures below and requesting a link from the Courtroom Deputy by emailing (cjp_courtroom_deputy@mab.uscourts.gov) **at least one business day prior to the date scheduled for the hearing.** Requests for Zoom access after that deadline, particularly on the day of the hearing on the Scheduled Matter, may not be accommodated and the Participant should plan to attend in person.

Except in the case of an emergency hearing (or where the objection deadline is less than one business day prior to the hearing), the Participants shall confer prior to requesting access information to appear remotely so that each Participant will be aware that other counsel (or an unrepresented party) intends to appear remotely. Counsel and parties are encouraged to consider the costs of appearing in person in relation to the benefits and nature of the relief requested when determining whether to appear in person for any hearing. The Court recognizes that parties may desire to participate by Zoom for routine and other hearings. Provided that counsel (and any unrepresented parties) have conferred as required above so that, as a courtesy, each knows whether others intend to appear in person or by video, the Court's intention by scheduling a hybrid hearing is to accommodate some parties being heard in person and others participating by Zoom for this hearing.

The Court also notes that cases filed in the Eastern and Central Divisions may be scheduled for in person hearings in either of the Divisions based on the Court's schedule. Should a party wish to appear in person in a Central Division case that has been scheduled for hearing in Boston or vice versa, the party may file a request to reschedule on that basis, which will be considered by the Court.

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1. Serving a copy of this notice upon all parties entitled to notice within two (2) business days; and

2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is less than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the Court may deny the Scheduled Matter without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1. <u>**Your rights may be affected.**</u> You should read this notice, the above referenced pleading, and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071−1.

3. The above hearing shall be <u>nonevidentiary</u>. If, in the course of the nonevidentiary hearing, the Court determines the existence of a disputed and material issue of fact, the Court will schedule an evidentiary hearing or take such other action as may be appropriate under the circumstances.

**NOTICE TO ZOOM PARTICIPANTS:**

1. **To the extent a Participant has requested Zoom access in the manner described above, the Participant shall carefully read the email transmission with the participation link from the Courtroom Deputy, which has additional information regarding participation by video.**

Date: 3/3/26

By the Court,

<u>Alberto Barrera</u>
Deputy Clerk
508−770−8927

**Emergency Closings:** To find out if the Court will be closed in case of stormy weather or other emergency, dial (617) 748−5314 or (866) 419−5695 (toll free) for a recorded message.

# EXHIBIT B

**25-11496** Ashley Marie Gjovik
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Christopher J. Panos
**Date filed:** 07/21/2025 **Date of last filing:** 03/03/2026

# Attorneys

| | | |
|---|---|---|
| **Mark G. DeGiacomo**<br>Harris Beach Murtha Cullina PLLC<br>33 Arch Street<br>12th Floor<br>Boston, MA 02110<br>617-457-4000<br>mdegiacomo@harrisbeachmurtha.com<br>*Assigned: 10/27/2025* | representing | **Mark G. DeGiacomo**<br>Mark G. Degiacomo, Trustee<br>Harris Beach Murtha Cullina PLLC<br>33 Arch Street, 12th Floor<br>Boston, MA 02110<br>617-457-4000<br>mdegiacomo@harrisbeachmurtha.com<br>*(Trustee)* |
| **Reed Trechter**<br>Pillsbury Winthrop Shaw Pittman LLP<br>609 Main Street, Suite 2000<br>Houston, MA 77002<br>713-276-7600<br>*Assigned: 09/22/2025* | representing | **Apple Inc.**<br>*(Creditor)* |
| **Andrew M. Troop**<br>Pillsbury Winthrop Shaw Pittman LLP<br>31 West 52nd Street<br>New York, NY 10019<br>212-858-1000<br>andrew.troop@pillsburylaw.com<br>*Assigned: 09/11/2025* | representing | **Apple Inc.**<br>*(Creditor)* |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/03/2026 15:26:27 | | | |
| **PACER Login:** | ashleygjovik | **Client Code:** | |
| **Description:** | Attorney List | **Search Criteria:** | 25-11496 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |