UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendants. | Case No.  23-cv-04597-EMC<br><br>**ORDER RE PLAINTIFF'S OBJECTIONS**<br><br>Docket No. 301 |

       Judge Westmore has been assigned discovery matters in this lawsuit.  She held a discovery conference with the parties on February 20, 2026.  *See* Docket No. 288 (minutes).  In the conference, Judge Westmore simply said that (1) the parties were to meet and confer; (2) if Apple believed Ms. Gjovik had violated the terms of the protective order, it would have to file a motion; and (3) if Ms. Gjovik had violated the terms of the protective order, she might face a motion for sanctions in the future.[1]  *See, e.g.*, Tr. at 28, 71 (available at Docket No. 301-1).  In spite of the noncontroversial statements made by Judge Westmore, Ms. Gjovik has now filed "objections" which the Court construes as a motion for relief from a nondispositve order of a magistrate judge.  *See* Civ. L.R. 72-2.

       A magistrate judge's ruling on a nondispositive pretrial matter

> may be modified or set aside only if "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A magistrate judge's factual determinations are reviewed for clear error, a standard that allows the district court to overturn those

---

[1] Ms. Gjovik admits that, although at one point in the proceedings, Judge Westmore directed Ms. Gjovik to take down certain information, Judge Westmore subsequently clarified the process that the parties should follow.  *See* Mot. ¶ 23.

factual determinations only when the court reaches a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). In addition, a magistrate judge's legal conclusions are reviewed de novo to determine whether they are contrary to law. *Id.*

*FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 85942, at *10 (N.D. Cal. May 22, 2018). Here, Ms. Gjovik has failed to show either clear error or a ruling contrary to law.

For example, Ms. Gjovik complains about prior restraints on speech, but she does not claim that the protective order on its face is unconstitutional. *See* Mot. ¶ 15. To the extent Ms. Gjovik argues that the protective order as applied is unconstitutional, the Court does not agree. Apple has a Rule 11 obligation to make confidentiality designations in good faith. Ms. Gjovik has a means to object to allegedly improper confidentiality designations. The fact that disputed confidentiality designations temporarily remain in place while Judge Westmore adjudicates the issue of confidentiality does not deprive Ms. Gjovik of any due process or otherwise violate her rights. The sealing does not prevent her from litigating her case.

At various points in her papers, Ms. Gjovik also seeks clarification of certain issues. If Ms. Gjovik seeks clarification of what Judge Westmore ordered or stated, she should direct that request to Judge Westmore.

Finally, if Ms. Gjovik takes issue with the sealing of Docket Nos. 282 and 283 ("notices" filed by Ms. Gjovik), that should also be raised with Judge Westmore.

This order disposes of Docket No. 301.

**IT IS SO ORDERED**.

Dated: March 9, 2026

_____
EDWARD M. CHEN
United States District Judge