1  JESSICA R. PERRY (SBN 209321)
   jperry@orrick.com
2  MELINDA S. RIECHERT (SBN 65504)
   mriechert@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:    +1 650 614 7401

6  KATHRYN G. MANTOAN (SBN 239649)
   kmantoan@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA 94105-2669
9  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
10
   RYAN D. BOOMS (SBN 329430)
11 rbooms@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12  2100 Pennsylvania Avenue NW
   Washington, D.C. 20037
13 Telephone:    +1 202 339 8400
   Facsimile:    +1 202 339 8500
14
   Attorneys for Defendant
15 APPLE INC.

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                          OAKLAND DIVISION

19

20 ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC

21            Plaintiff,                   **DEFENDANT APPLE INC.'S MOTION
                                           TO RETAIN CONFIDENTIALITY
22       v.                                DESIGNATIONS; MEMORANDUM OF
                                           POINTS AND AUTHORITIES IN
23 APPLE INC.,                             SUPPORT THEREOF**

24            Defendant.                   Date:     April 16, 2026
                                           Time:     1:30 p.m.
25                                         Dept:     Courtroom TBD
                                                     1301 Clay Street
26                                                   Oakland, CA 94612
                                           Judge:    Honorable Kandis A. Westmore
27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................... 3

   A.   Plaintiff Challenges Apple's Limited Confidentiality Designations
        Pertaining to Her Deposition Testimony.................................................. 3

   B.   Public Disclosure of Apple's Confidential Product-Related Information and
        Studies Concerning Internal Code Words and Internal Product-Related
        Studies Will Harm Apple .......................................................................... 4

III. LEGAL STANDARD .......................................................................................... 5

IV.  ARGUMENT ....................................................................................................... 6

   A.   Plaintiff Has Not Challenged Many of Apple's Confidentiality
        Designations............................................................................................. 6

   B.   The Court Should Retain Apple's Remaining At Issue Designations Over
        Plaintiff's Challenge................................................................................. 6

        1.   Public Disclosure of Apple's Confidential Product-Related
             Information Concerning Internal Code Words for Products and
             Internal Product-Related Studies Will Harm Apple........................ 6

        2.   No Countervailing Interests Warrant Public Disclosure of Apple's
             Confidential Product-Related Information and Studies. ................... 7

   C.   Plaintiff's Anticipated Arguments Lack Merit. ........................................ 8

        1.   Apple Did Not Waive Confidentiality. ........................................... 9

        2.   Apple Did Not Designate Information Already In the Public
             Domain............................................................................................ 9

        3.   Information Plaintiff Learned During Her Employment Pursuant to
             Her Confidentiality Agreements with Apple Can Also Be Properly
             Designated Under the Protective Order. ....................................... 10

        4.   Plaintiff's Remaining Arguments are Meritless........................... 12

V.   CONCLUSION ................................................................................................. 14

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS; MPA
[23-cv-4597-EMC]

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Barrington v. United Airlines, Inc.*,
   339 F.R.D. 644 (D. Colo. 2021).................................................................................. 13

5

*Collateral Analytics LLC v. Nationstar Mortg. LLC*,
   No. 18-CV-00019-RS (JSC), 2019 WL 3779191 (N.D. Cal. Aug. 12, 2019) ....................... 11

6

*DVD Copy Control Ass'n Inc. v. Bunner*,
   116 Cal. App. 4th 241 (2004)..................................................................................... 10

7

8

*Epic Sys. Corp. v. Lewis*,
   584 U.S. 497, 138 S.Ct. 1612 (2018) ............................................................................ 12

9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003)....................................................................................... 5

10

11

*Lin v. Solta Med., Inc.*,
   No. 21-CV-05062-PJH, 2024 WL 2112893 (N.D. Cal. Apr. 11, 2024) .............................. 6, 7

12

*Pub. Citizen v. Liggett Grp., Inc.*,
   858 F.2d 775 (1st Cir. 1988) ...................................................................................... 11

13

14

*In re Roman Catholic Archbishop*,
   661 F.3d 417 (9th Cir. 2011)........................................................................................ 5

15

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) .................................................................................................. 11

16

17

*United States v. Bulger*,
   283 F.R.D. 46 (D. Mass. 2012) ................................................................................... 11

18

**Rules**

19

Fed. R. Civ. P. 26(c).................................................................................. 2, 5, 10, 11

20

Fed. R. Civ. P. 26(g)(2)..................................................................................... 12

21

Local Rule 5-5(a) ............................................................................................ 12

22

23

24

25

26

27

28

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS; MPA
[23-cv-4597-EMC]

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF ASHLEY GJOVIK:** PLEASE TAKE NOTICE that on April 16, 2026, at 1:30 p.m. in a courtroom to be determined (TBD) of the above-titled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Apple Inc. will and hereby does move the Court for an Order retaining Apple's designations of portions of Plaintiff's deposition transcript as Confidential pursuant to Paragraph 6.3 of the Protective Order (Dkt. No. 235).

This Motion is made on the grounds that (1) Plaintiff agrees that some of Apple's confidential designations may be redacted from the public record; and (2) the limited confidentiality designations Plaintiff challenges relate to confidential internal product code words and study information, public disclosure of this information will harm Apple, and there are no countervailing interests that warrant publicly disclosing the information. Specifically, Apple moves to retain all unchallenged confidentiality designations (including those Plaintiff agrees Apple may redact), as well as the confidentiality designations for testimony related to Apple's product-related information contained at the following pages of Plaintiff's deposition transcript: 164:10-11, 164:14, 164:15-16, 164:25, 165:13-23, 166:1-2, 166:4, 166:14, 167:17, 167:20, 168:19, 169:1, 169:10, 169:25, 170:9, 176:16, 197:18, 197:21, 205:17, 225:25, 226:1, 226:3, 226:4, 236:14-15, i5 (351), i6 (352), i8 (354), i20 (366), i22 (368), i28 (374). This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Melinda S. Riechert ("Riechert Decl."), the accompanying Declaration of Mike DiVincent ("DiVincent Decl."), the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Apple moves to retain confidentiality designations related to portions of the transcript of Plaintiff's deposition taken on December 16, 2025. During her deposition, Plaintiff testified about confidential internal code words used for Apple products as well as her understanding of confidential internal product-related studies that she learned about during her employment at Apple. The parties met and conferred and Plaintiff did not oppose redacting from the public record many

of Apple's designations, but challenged others. Apple agreed to de-designate some portions of the transcript Plaintiff challenged but continues to assert that others should be treated as confidential. Specifically, Apple retains the designations Plaintiff agreed to redact and the following pages of the deposition transcript she specifically challenged: 164:10-11, 164:14, 164:15-16, 164:25, 165:13-23, 166:1-2, 166:4, 166:14, 167:17, 167:20, 168:19, 169:1, 169:10, 169:25, 170:9, 176:16, 197:18, 197:21, 205:17, 225:25, 226:1, 226:3, 226:4, 236:14-15, i5 (351), i6 (352), i8 (354), i20 (366), i22 (368), i28 (374).

The remaining at-issue designations pertain to confidential Apple product-related information that fall into two buckets: (1) internal code words for Apple products; and (2) descriptions of internal product-related research and development studies. As set forth in the DiVincent Declaration, Apple will suffer harm if this internal product-related information is disclosed to the public. Indeed, Federal Rule of Civil Procedure 26(c)(1)(G) expressly acknowledges that this court may properly issue an order requiring that "***confidential research, development, or commercial information not be revealed or be revealed only in a specified way***" (emphasis added).

Additionally, there are no countervailing public or private interests that compel disclosure of Apple's confidential product-related code words and descriptions of its research and development studies. No privacy interests are present. Plaintiff intentionally publicly disseminated information about Apple's confidentiality designations prior to any ruling by this Court as to whether Apple's confidentiality designations should be retained (*see* Dkt. No. 294), and continues to do so. *See* Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2. There also are no important public issues involved. Plaintiff is not prohibited from using this testimony in support of her case, so long as she does so consistent with the Protective Order. *See also* Dkt. No. 303 (order from Judge Chen confirming "[t]he sealing does not prevent her from litigating her case.").

Apple respectfully requests the Court grant its motion to retain the confidentiality of the designations Plaintiff has not appropriately challenged as well as those she did challenge (*i.e.*, any designation Apple did not agree to de-designate).

## II.  FACTUAL BACKGROUND

### A.  Plaintiff Challenges Apple's Limited Confidentiality Designations Pertaining to Her Deposition Testimony

Apple took Plaintiff's deposition on December 16, 2025. Riechert Decl. ¶ 2. Not knowing what Plaintiff might say in response to the questions posed, during the deposition Apple designated a large portion of the transcript Confidential under the Protective Order but, after discussion on the record, the parties agreed that Apple would, upon receipt, review the transcript and provide more limited designations. *Id.* Ex. A (141:18-142:25). Plaintiff thanked Apple for agreeing to do so. *Id.* Apple received the transcript on January 7, 2026, and provided more limited confidentiality designations to Plaintiff and the court reporter on February 4, 2026, prior to the expiration of Plaintiff's deadline to correct her deposition testimony. *Id.* ¶¶ 3-4, Ex. B. Paragraph 6.2 of the Protective Order requires Plaintiff to do the following to challenge Apple's designations:

> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

Dkt. No. 235 ¶ 6.2

Instead of proceeding under the terms of the Protective Order, Plaintiff violated the Protective Order by publicly disseminating the information Apple had designated as confidential.[1] Plaintiff also sent generalized complaints about Apple's designations—but it was not until February 18, 2026, that Plaintiff provided Apple a spreadsheet itemizing her position as to each of Apple's confidentiality designations; in that spreadsheet, she indicated she did not object to redacting many of the designations. Riechert Decl. ¶ 5, Ex. C.

Apple reviewed Plaintiff's itemized list and responded on March 4, 2026, within the fourteen days required by the Protective Order. *Id.*, Ex. D. Apple's response confirmed it was withdrawing its designations as to some of the challenged testimony as part of the meet and confer

---

[1] Plaintiff's violation of the Protective Order is the subject of Apple's pending Motion to Enforce the Protective Order. *See* Dkt. No. 294. Plaintiff further violated the Protective Order by again publicly disclosing the information designated confidential in her recent filings. *See* Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2.

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS; MPA
[23-cv-4597-EMC]

process, but retaining its designations as to other testimony that Plaintiff did not object to redacting as well as the challenged testimony at the following pages of Plaintiff's deposition transcript: 164:10-11, 164:14, 164:15-16, 164:25, 165:13-23, 166:1-2, 166:4, 166:14, 167:17, 168:19, 169:1, 169:10, 169:25, 170:9, 176:16, 197:18, 197:21, 205:17, 225:25, 226:1, 226:3, 226:4, 236:14-15, i5 (351), i6 (352), i8 (354), i20 (366), i22 (368), i28 (374).[2] *Id.* In lieu of responding to Apple's narrowed designations, Plaintiff filed a meritless motion for sanctions against Apple. *Id.* ¶ 7; *see also* Dkt. No. 302.

### B.   Public Disclosure of Apple's Confidential Product-Related Information and Studies Concerning Internal Product-Related Studies Will Harm Apple

Each of the remaining challenged designations relate to Apple's internal product-related information that it takes steps to ensure remain confidential and not disclosed to the public, specifically its internal code words for products and Plaintiff's description of the content, methods, and processes of internal product-related research and development studies. DiVincent Decl. ¶¶ 3-11. Apple, one of the world's leading technology companies, maintains its competitive advantage by adhering to strict confidentiality requirements for all past and present product research and development. *Id.* ¶¶ 3-5 Apple will suffer harm if this information is placed into the public record. *Id.* ¶¶ 6-7.

Given Apple's position in the technology market, there is an entire industry outside of Apple trying to figure out what products and services Apple is working on, how it develops its products and services, what studies it is conducting, how it is conducting those studies, and the results of those studies. *Id.* ¶ 6. Publicly disclosing a portion of components of Apple's internal code words undermines Apple's efforts to provide layered security over its confidential research and development. *Id.* ¶¶ 6-8. Publicly disclosing the contents, methods, processes, and equipment used in various internal Apple studies provides a competitive advantage to Apple's competitors—big

---

[2] In preparing this Motion, Apple identified a word at 167:20 that it inadvertently omitted from the designations it previously provided. Apple includes this designation in this Motion pursuant to Paragraph 5.3 of the Protective Order (Dkt. No. 235). *See* Riechert Decl., Ex. E. Given that Plaintiff challenged every other reference to this term, Apple assumes she will also challenge this additional reference.

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS; MPA
[23-cv-4597-EMC]

and small—who can leverage Apple's processes and methods to iterate competing products or services without undertaking the cost and burden of trying studies and methods that do not work, particularly code words and studies for products that remain on the market. *Id.* ¶¶ 6-7, 9-11. This type of internal research and development and confidential business information is specifically described in the Federal Rules of Civil Procedure as the type of information this Court can fashion processes to protect from public disclosure. *See* Fed. R. Civ. P. 26(c)(1)(G).

## III.    LEGAL STANDARD

Generally, if a party challenges whether documents have been properly designated as confidential, the party seeking to maintain confidentiality pursuant to a protective order "has the burden of establishing that there is good cause to continue the protection of the discovery material." *In re Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011). When a party challenges the confidentiality of information under a protective order, the court conducts a two-step analysis. "First, it must determine whether particularized harm will result from disclosure of information to the public." *Id.* at 424 (internal quotation omitted). The party seeking to maintain confidentiality must "allege specific prejudice or harm." *Id.* (internal quotation omitted). Thus, "a party asserting good cause bears the burden, for each particular designation it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citation omitted).

"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop*, 661 F.3d at 424. The court considers the following non-exhaustive factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* at 424 n.5 (internal quotation omitted).

IV.    **ARGUMENT**

    A.    **Plaintiff Has Not Challenged Many of Apple's Confidentiality Designations.**

Plaintiff's response did not challenge many of Apple's confidentiality designations because she agrees to allowing Apple to redact the information from the public record. Riechert Decl., Exs. C and E. Plaintiff's response confirms she does not oppose redacting this testimony, stating that she "does not object" to treatment in the way that Confidential information is to be treated under the Protective Order (*i.e.*, she does not object to redacting it). *Id*. Accordingly, the Court should grant Apple's motion as to these designations to confirm these designations will be treated as Confidential pursuant to the Protective Order because Plaintiff has not challenged them. And even if this Court interprets her response as a challenge, they qualify for protection as discussed below.

    B.    **The Court Should Retain Apple's Remaining At Issue Designations Over Plaintiff's Challenge.**

        1.    **Public Disclosure of Apple's Confidential Product-Related Information Concerning Internal Code Words for Products and Internal Product-Related Studies Will Harm Apple.**

It is well-established that "ongoing business processes, procedures, and strategies" for "products that remain in the market" that are "closely guarded" by companies because "exposing them would give competitors insight into these processes" can properly be designated confidential, as their disclosure would cause particularized harm. *Lin v. Solta Med., Inc*., No. 21-CV-05062-PJH, 2024 WL 2112893, at *3 (N.D. Cal. Apr. 11, 2024). The Court should find the same here.

The challenged confidentiality designations pertain to code words for Apple products and descriptions of the content, methods, and processes for highly complex product-related research and development studies. DiVincent Decl. ¶ 7. Apple treats this information as confidential and implements multiple safeguards to limit access to this information. *Id*. ¶¶ 3-6. The code word and studies discussed in this testimony pertain to products that remain on the market and exposing this information to the public could give Apple's competitors insight into its confidential research and development methods, process, and equipment. *Id*. ¶¶ 7-11. Doing so will harm Apple. *Id*.

1
2

### 2.    No Countervailing Interests Warrant Public Disclosure of Apple's Confidential Product-Related Information and Studies.

3    This case involves a single plaintiff asserting wrongful termination and retaliation claims

4    that have nothing to do with the information Apple designated confidential. There is no reason the

5    information contained in the challenged designations needs to be in the public record, let alone any

6    reason sufficient to overcome the harm to Apple of public disclosure. Indeed, none of the *In re*

7    *Roman Catholic Archbishop* factors suggest disclosure is appropriate, and the second factor (*i.e.*,

8    improper purpose) weighs heavily in support of retaining confidentiality.

9    **Factor 1.** There are no privacy rights at issue. Apple's confidentiality designations relate to

10    internal code words for Apple's products and descriptions of the content, method, and processes of

11    internal Apple product related studies. *See* DiVincent Decl. ¶¶ 7-11. Plaintiff's privacy is not at

12    issue because her testimony is about the general methods and processes of the studies—not,

13    contrary to her repeated protestations, her body or her personal experiences.

14    **Factors 2 and 3.** There is no proper purpose supporting public disclosure of this

15    information outside of Plaintiff's prosecution of this litigation, which she can do under seal.

16    Plaintiff instead publicized this information to an audience totally divorced from this case, unrelated

17    to her pursuit of her claims. *See* Dkt. No. 235 ¶ 1 (protective orders are intended to facilitate

18    "production of confidential, proprietary, or private information for which special protection from

19    public disclosure and from use for any purpose other than prosecuting this litigation may be

20    warranted"). Plaintiff's improper purpose is aptly illustrated by the blatant violations of the

21    Protective Order at issue in Apple's Motion to Enforce the Protective Order and reflected in its

22    accompanying evidence filed under seal. *See* Dkt. No. 294. Notwithstanding this Court's attempt

23    to explain the Protective Order process to Plaintiff on February 20, 2026, Plaintiff again publicized

24    the challenged confidential designations in her recent filings after Apple moved to enforce the

25    Protective Order. *See* Dkt. Nos. 297, 301, 301-1, 302, 302-1, 302-2. Plaintiff's intentional and

26    repeated violations of the Protective Order prior to this Court ruling on any challenge to Apple's

27    confidentiality designations militates heavily in favor of an improper purpose. *See Lin*, 2024 WL

28    2112893, at *3 (finding Factor 2 "strongly support[ed] sealing" where "Plaintiff [was] seeking to

make these materials public only after violating the protective order by impermissibly disseminating them"). The Court should not condone such behavior by finding a proper purpose under these circumstances.

**Factor 4.** Apple's internal code words and Plaintiff's description of Apple internal product-related research and development studies do not relate to matters of important public health and safety.

**Factor 5.** The information Apple designated confidential is irrelevant to the adjudication of Plaintiff's remaining claims. And there is no unfairness or inefficiency in retaining the designations even if Plaintiff wants to use this information in support of her case. Plaintiff has knowledge of this information by virtue of her employment with Apple (and her confidentiality obligations as an Apple employee), and Apple does not object to her using this testimony if she abides by the requirements of the Protective Order when doing so.

**Factor 6.** Apple is not a public entity or official and this factor is inapplicable.

**Factor 7.** This case does not involve important public issues. Plaintiff's remaining claims all relate to her individual experience as an employee at Apple and all flow from her allegations that Apple retaliated against her by wrongfully terminating her employment. Apple denies her allegations and will prove it terminated Plaintiff for publicly publishing confidential product-related information and for failing to cooperate in an internal investigation. *See* Dkt. No. 218 at 41-46 (Affirmative Defenses). Neither her allegations nor Apple's defense of her claims raise any important public issue.

### C. **Plaintiff's Anticipated Arguments Lack Merit.**

Apple anticipates, based on Plaintiff's other filings and correspondence to date, that her opposition will likely hinge on three primary arguments: (1) Apple waived confidentiality; (2) the information Apple seeks to designate is in the public domain; and (3) anything she personally learned while working at Apple cannot be considered confidential within the meaning of the Protective Order. Plaintiff has, in effect, previewed her opposition in the Motion for Sanctions she filed. *See* Dkt. No. 302. But none of these arguments has merit.

### 1.    **Apple Did Not Waive Confidentiality.**

Ignoring her own agreement on the record to allow Apple to narrow its confidentiality designations after receiving the transcript, Plaintiff now contends that Apple waived its right to do so because it did not provide narrowed designations by January 6, 2026 (*i.e.*, 21 days post-deposition). *See* Dkt. 302 at 8-12. As discussed above, Apple designated a large section of the transcript as confidential at the deposition once Plaintiff began testifying regarding knowledge she gained of Apple as an Apple employee, at least some of which might implicate the very type of product development and internal research at issue here. *See* Dkt. No. 235 ¶ 5.2(b) (requiring that "for testimony given in deposition," a designating party "identify on the record, before the close of the deposition … all protected testimony"). But Apple made clear at the deposition its intent to narrow its designations upon receipt of the transcript, once it could review the official record of what Plaintiff had said and evaluate whether particular testimony was or was not Confidential. Apple never waived the right to treat this section of the transcript as confidential; in fact it did exactly as the parties agreed it would do on the record.

Apple did not receive the transcript until January 7, 2026 (and of course, Apple could not have provided narrowed designations until it received the transcript and had an opportunity to review it). After receiving the transcript, counsel for Apple prepared a chart and emailed it to (a) the court reporter within 30 days (so the court reporter knows what portions of the transcript to designate as confidential before it was finalized with any corrections from the deponent) and (b) Plaintiff so she knew what was being designated confidential and would treat the testimony accordingly or challenge the designations if she chose to do so. Riechert Decl., ¶ 4. Plaintiff's complaints about being included in the email cc: line makes no sense. Plaintiff admits Apple provided her with its narrowed designations—so she knows what she was required to treat as confidential until any challenges are ruled upon, and what is at issue for any challenges she wanted to make. Nothing more is required and there was no waiver of the confidentiality designations.

### 2.    **Apple Did Not Designate Information Already In the Public Domain.**

Plaintiff will also likewise assert that confidential information related to internal product-related research and development studies is already in the public record because she generically

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS; MPA
[23-cv-4597-EMC]

referenced these types of studies in her Second Amended Complaint and Fourth Amended Complaint, and in turn Judge Chen referenced those portions of her complaints in various orders. *See* Dkt. No. 302 at 13-14.[3] Plaintiff ignores that a generic allegation that Apple conducted studies in a certain category, or to study a certain issue, is different from testifying to Plaintiff's understanding of the methods, processes, or equipment used in internal product-related research and development studies. Federal Rule of Civil Procedure 26(c)(1)(G) expressly acknowledges that this court may properly issue an order that "***confidential research, development, or commercial information not be revealed or be revealed only in a specified way***" (emphasis added). Here, context matters. Plaintiff's testimony pertaining to what she describes as the methods, processes, and equipment of the studies goes far beyond anything she included in any of the various iterations of her complaint, and warrants the designation.

### 3.   Information Plaintiff Learned During Her Employment Pursuant to Her Confidentiality Agreements with Apple Can Also Be Properly Designated Under the Protective Order.

Finally, Plaintiff will likely assert that the Protective Order cannot be used to designate the information she testified about because she had independent knowledge of this information through her employment at Apple. *See* Dkt. No. 302 at 12. Plaintiff is incorrect. The Protective Order defines "Confidential" as any information or tangible things "that qualify for protection under Federal Rule of Civil Procedure 26(c)." Dkt. No. 235 ¶ 2.2. Rule 26(c)(1)(G) provides protection for "confidential research, development, or commercial information." Testimony purporting to describe Apple's internal product-related research and development studies clearly qualify for protection under Rule 26(c).

Plaintiff attempts to evade this clear provision by asserting her independent knowledge of these studies, if based on information she learned during her employment at Apple, cannot be

---

[3] Plaintiff also provides a generic list of other places she believes this information may be publicly disclosed but provides no evidence or link to allow for Apple or this Court to assess the validity of these claims. *See* Dkt. No. 302 at 13; *accord DVD Copy Control Ass'n Inc. v. Bunner*, 116 Cal. App. 4th 241, 251 (2004) (holding with respect to trade secrets, "[p]ublication on the Internet does not necessarily destroy the secret if the publication is sufficiently obscure or transient or otherwise limited so that it does not become generally known to the relevant people, i.e., potential competitors or other persons to whom the information would have some economic value.").

covered by the Protective Order. *See* Dkt. No 302 at 12 (citing Dkt. No. 235 ¶ 3(b)). But subsection 3(b) does not somehow transmute confidential product-related research and development that she learned about during her employment under an obligation of confidentiality to Apple into information Plaintiff is free to publicly disseminate once she provides it in discovery in this litigation. Nor would any such interpretation make any sense; an employee cannot retain confidential documents of her former employer and then produce them in litigation, or testify about confidential information she learned during employment in the course of litigation, and then claim the employer is impotent to designate that discovery material as Confidential (meaning the documents and testimony could be publicly filed and otherwise disseminated).

A court in this district has previously (and correctly) rejected the same argument. *See Collateral Analytics LLC v. Nationstar Mortg. LLC*, No. 18-CV-00019-RS (JSC), 2019 WL 3779191, at *4 (N.D. Cal. Aug. 12, 2019) (finding documents qualified for designation under protective order notwithstanding that party opposing designation had received information pre-litigation; "Simply put, there is nothing to suggest that the Protective Order's lack of protection for 'any information known to the Receiving Party prior to disclosure' operates to remove independent contractual confidentiality obligations in place for pre-litigation documents containing confidential commercial information such that those documents should be public for purposes of litigation."). Plaintiff's testimony described her understanding of confidential internal product-related research and development studies that she learned about during her employment with Apple under an express agreement with Apple to keep such information confidential. *See* DiVincent Decl. ¶¶ 3-5, 7-11. Plaintiff's attempt to disavow her confidentiality obligations based on a tortured interpretation of the Protective Order should be disregarded, just as this Court disregarded the same argument in *Collateral Analytics*.

Plaintiff will likely also claim violations of her First Amendment rights (*see* Dkt. No. 302 at 14), but that does not change the analysis. The First Amendment's presumptive right of access "does not extend traditionally or functionally to discovery material." *United States v. Bulger*, 283 F.R.D. 46, 59 (D. Mass. 2012). Instead, "first amendment scrutiny of protective orders must be made within the framework of Rule 26(c)'s requirement of good cause." *Pub. Citizen v. Liggett*

*Grp., Inc.*, 858 F.2d 775, 788 (1st Cir. 1988) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Plaintiff's First Amendment concerns are not dispositive, as she suggests; they are embedded within Rule 26(c)'s "good cause" standard, which Apple addresses above and satisfies.[4]

### 4.    Plaintiff's Remaining Arguments are Meritless

Plaintiff's "Motion for Sanctions" also raises a host of other misplaced arguments—which Apple anticipates she will repeat in her opposition here—that should be summarily rejected.

***First***, Apple has never sought to enforce a "blanket" confidentiality designation. *See* Dkt. No. 302 at 8. This argument ignores that the Parties agreed on the record that Apple would review the transcript on receipt and provide narrower confidentiality designations. *See* Riechert Decl., Ex. A (141:18-142:25). Plaintiff cannot cry foul about a process she agreed to.

***Second***, Plaintiff's reliance on Federal Rule of Civil Procedure 26(g)(2) and Local Rule 5-5(a) are misplaced. *See* Dkt. No. 302 at 8-12. Rule 26(g)(2) applies to formal discovery requests, responses, or objections (*i.e.*, interrogatories, requests for admission, requests for production of documents). Local Rule 5-5(a) requires a certain method of service of process for "any pleading or other paper presented for filing." Apple's confidentiality designations are not a discovery request, response, or objection, and were not presented for filing when Apple notified the court reporter and Plaintiff of the designations. In any event, Plaintiff indisputably received Apple's narrowed designations, and these rules do not require more.

***Third***, Plaintiff's belief that Apple obtained the protective order and made its designations for an improper purpose is pure speculation and legally irrelevant. *See* Dkt. No. 302 at 15-20. Apple is entitled to have a Protective Order in place to govern confidential information that may be generated or exchanged in the course of this lawsuit, and cannot be limited to examples it provided to the Court during a hearing explaining why it was asking for a Protective Order against such a vexatious litigant who has intentionally disclosed Apple's confidential information in the past (and continues to do so). Moreover, contrary to Plaintiff's suggestion, Apple is not seeking to designate

---

[4] Any references to the National Labor Relations Act ("NLRA") are similarly misplaced. As the Supreme Court has noted, "the particulars of dispute resolution procedures in Article III courts … are usually left to other statutes and rules — not least the Federal Rules of Civil Procedure…", rather than the NLRA. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 138 S.Ct. 1612, 1627 (2018).

as confidential testimony about Plaintiff's "own body" or physiology or "her own workplace complaints." Apple is seeking to retain confidentiality over Plaintiff's deposition testimony about internal product-related code words and internal research and development studies, nothing more. That she described Apple's confidential research and development studies in the context of specific concerns she had based on her understanding of the methods, processes, or equipment used in those studies does not somehow render that testimony outside the scope of the Protective Order.

*Fourth*, Plaintiff's claim that allowing Apple to designate portions of her testimony confidential is essentially a dispositive ruling in favor of Apple (*see* Dkt. 302 at 2, n. 2) shows her fundamental misunderstanding of what the Protective Order does and, more importantly, what it does not do. The Protective Order simply governs the use of information generated or exchanged during discovery in this matter through trial, which will have a separate order governing the use of confidential information. *See* Dkt. No. 235 ¶ 3 ("Any use of Protected Material at trial shall be governed by a separate agreement."). The application of the Protective Order does not result in any dispositive ruling. *See Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 648-49 (D. Colo. 2021) ("[T]his court recognizes Ms. Barrington's concerns that a protective order would perpetuate the very conduct that she challenges, *i.e.*, United's policies and procedures that result in secrecy. However, this substantive issue cannot—and should not—be resolved in the context of a protective order. Entering a blanket protective order is not equivalent to determining that United's practices are proper or improper.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **V.    <u>CONCLUSION</u>**

2         For the foregoing reasons, Apple respectfully requests this Court enter an Order retaining

3    its Confidentiality designations, including both those that Plaintiff agrees can be redacted from the

4    public record and those Plaintiff challenges that Apple seeks to retain (*i.e.*, any designation Apple

5    did not agree to de-designate).

6    Dated: March 11, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                      By:         *Melinda S. Riechert*
                                                _____
9                                            MELINDA S. RIECHERT
                                             Attorney for Defendant
10                                           APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS; MPA
[23-cv-4597-EMC]