JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Dept:    Courtroom TBD<br>            1301 Clay Street<br>            Oakland, CA 94612<br>Judge:   Honorable Kandis A. Westmore |

**NOTICE OF MOTION AND MOTION**

NOTICE is hereby given by Apple Inc. ("Apple") of the filing of this motion pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5(c) and Judge Westmore's Standing Order for Civil Cases. This motion seeks to seal material Apple designated as Confidential pursuant to the Protective Order (Dkt. No. 235) that is referenced in Apple's Motion to Retain Confidentiality Designations or the supporting evidence, which are being filed contemporaneously herewith, as well as Plaintiff's recent filings at Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2, on the grounds that good cause exists to seal information Apple designated as Confidential pursuant to the Protective Order (Dkt. No. 235) until such time as any challenges to those designations have been ruled upon.

This request is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Melinda S. Riechert, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5(c) and Judge Westmore's Standing Order for Civil Cases, Apple respectfully moves for an order filing under seal of the following material submitted in connection with its Motion to Retain Confidentiality Designations: (1) the portions of excerpts of Plaintiff's deposition transcript that contain material Apple designated as Confidential pursuant to the Protective Order attached as Exhibit A to the Declaration of Melinda S. Riechert in Support of Apple's Motion to Retain Confidentiality; (2) portions of Apple's confidentiality designations for Plaintiff's deposition attached as Exhibit B to the Declaration of Melinda S. Riechert in Support of Apple's Motion to Retain Confidentiality; (3) portions of Plaintiff's challenges to Apple's confidentiality designations; and (4) Plaintiff's recent filings at Dkt. No. 297, 301, 301-1, 302, 302-1, and 302-2 that contain information Apple designated confidential that the Court has not yet ruled upon.

/ / /

/ / /

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court has good cause to seal the records at issue here for several reasons.

*First*, a legitimate public interest that warrants sealing is preserving the integrity of this Court's Protective Order and its confidentiality designation process. The Protective Order requires information designated Confidential to be treated as Confidential until the Court rules upon any challenge to the designation. *See* Dkt. No. 235 ¶ 6.3. Indeed, publicly filing material designated as Confidential by a party before a challenge to the Confidential designation has been ruled upon is a "flagrant and deliberate violation" of a court order that harms the integrity of the judicial process. *Ma v. San Francisco Estuary Inst.*, No. 23-CV-05060-JCS, 2026 WL 388720, at *5 (N.D. Cal. Feb. 11, 2026) (sanctioning *pro se* plaintiff for publicly filing material designated as confidential). Sealing is necessary so the Court can review the unredacted material and determine whether Plaintiff violated the Protective Order, without requiring Apple to publicly file at this time material it has designated as Confidential for which there has not yet been any ruling about any challenges to those designations.

*Second*, if sealing is denied, material that Apple has designated as Confidential would be publicly filed, which would perpetuate the very harm the Protective Order is intended to prevent. Apple is asking the Court to enter an order confirming designated testimony remains Confidential under the Protective Order; it makes little sense to require Apple (or allow Plaintiff) to further publish that same information in order to obtain relief.

*Third*, Apple has taken the least restrictive approach by publicly filing redacted versions of the documents at issue. Only the portions containing or describing material Apple has designated as Confidential—and which the Court must review to determine whether a violation of the Protective Order has occurred—are withheld from public view. Redacting these specific sections ensures that the public has access to all non-designated material, while allowing the Court to review the relevant content in full and maintaining the integrity of the confidentiality designation process. As to Plaintiff's recent filings, they should be sealed in their entirety because Plaintiff continues to flagrantly disregard this Court's orders. Sealing Plaintiff's recent filings until

1  the Court rules on that issue, and the parties can in turn identify the specific portions of her filings
2  that require redactions consistent with the Court's ruling, is the most efficient method to address
3  her continued violations of the Protective Order through additional public filings including the same
4  designated material.

5  *Fourth*, under the terms of the Protective Order, until such time as Plaintiff's challenges are
6  resolved, the information Apple designated as Confidential is entitled to protection to preserve the
7  integrity of this Court's orders and processes. *See* Dkt. No. 235 ¶ 6.3).

8  *Fifth*, as set forth in Apple's contemporaneously filed Motion to Retain Confidentiality
9  Designations, good cause exists to preserve Apple's confidentiality designations because Apple
10 will suffer harm from public disclosure and there are no countervailing interests supporting public
11 disclosure.

12 On March 10, 2026, consistent with the requirements of this Court's Local Rules, Apple
13 asked Plaintiff whether she would agree/stipulate to an order to seal material Apple designated as
14 Confidential that is referenced in Apple's Motion to Retain Confidentiality Designations and
15 evidence to be filed in support of Apple's Motion, as well as her recent filings at Dkt. Nos. 297,
16 301, 301-1, 302, 302-1, and 302-2, until such time as any challenges to those designations have
17 been ruled upon. *See* Decl. of Melinda S. Riechert in Support of Admin. Mot. to Seal, filed
18 herewith, ¶ 2. Plaintiff did not agree. *Id*.

19 For the foregoing reasons, Apple respectfully requests that the Court enter an order sealing
20 1) the portions of excerpts of Plaintiff's deposition transcript that contain material Apple
21 designated as Confidential pursuant to the Protective Order attached as Exhibit A to the Declaration
22 of Melinda S. Riechert in Support of Apple's Motion to Retain Confidentiality Designations; (2)
23 portions of Apple's confidentiality designations for Plaintiff's deposition that contain material
24 Apple designated as Confidential pursuant to the Protective Order attached as Exhibit B to the
25 Declaration of Melinda S. Riechert in Support of Apple's Motion to Retain Confidentiality
26 Designations; (3) portions of Plaintiff's challenges to Apple's confidentiality designations that
27 contain material Apple designated as Confidential pursuant to the Protective Order attached as
28 Exhibit C to the Declaration of Melinda S. Riechert in Support of Apple's Motion to Retain

Confidentiality Designations; and (4) Plaintiff's recent filings at Dkt. No. 297, 301, 301-1, 302, 302-1, and 302-2 that contain material Apple designated Confidential pursuant to the Protective Order.

Dated: March 11, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.