Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK,** *an individual,*<br><br>Plaintiff,<br><br>vs.<br><br>**APPLE INC.,** *a corporation,*<br><br>Defendant. | **CASE NO.**<br>**3:23-CV-04597-EMC (KAW)**<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION AT DKT. 294**<br><br>**HEARING:**<br>**Location: Oakland (TBD)**<br>**Date: April 2 2026**<br>**Time: 1:30 PM** |

## <u>TABLE OF CONTENTS</u>

**STATEMENT OF FACTS** ................................................................... ERROR! BOOKMARK NOT DEFINED.

**ARGUMENTS** .............................................................................. ERROR! BOOKMARK NOT DEFINED.

**CONCLUSION & RELIEF REQUESTED** ........................................... ERROR! BOOKMARK NOT DEFINED.

**EXHIBITS** ................................................................................... ERROR! BOOKMARK NOT DEFINED.

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE in SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION (Dkt. 294)

1.     Plaintiff Ashley Gjovik respectfully files this request for Judicial Notice in support of her Opposition to Defendant Apple Inc.'s Motion to Enforce Protective Order (Dkt. 294).

2.     Pursuant to Federal Rule of Evidence 201, Plaintiff Ashley M. Gjovik respectfully requests that this Court take judicial notice of the following public records and documents. Each document is either (a) a public record of a governmental body whose accuracy cannot reasonably be questioned, or (b) a record filed in a federal court or agency proceeding whose existence is not subject to reasonable dispute.

3.     A court shall take judicial notice of a fact "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

4.     Courts routinely take judicial notice of federal agency records, federal court filings, government databases, and peer-reviewed publications for the limited purpose of establishing that the information was publicly available. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (judicial notice of publicly available government records); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court filings). The Court may take judicial notice on its own at any stage. Fed. R. Evid. 201(c)(1).

# FEDERAL COURT RECORDS

1.  **This Court's prior orders**, Dkt. 73 at 7–8 and Dkt. 179 at 2, which describe in the Court's own words the allegations concerning Apple's employee surveillance and study practices that are the subject of Apple's confidentiality designations. These are records of this Court.

2.  **Plaintiff's Original through Fifth Amended Complaints**, Dkt. 1, 17, 32, 47, 76, and 142, filed on this docket and publicly accessible, all of which reference studies, privacy invasions, employee data collection, and most also expressly reference menstruation, ovulation, and sexual activity. These filings establish that the content Apple now designates as confidential has been part of the public judicial record since Sept. 2023.

3.  **Ninth Circuit docket**, *Gjovik v Apple Inc.* Case No. 25-2028, records of a federal court of appeals publicly accessible through PACER with numerous relevant filings notated in the Plaintiff's concurrent Declaration.

# FEDERAL AGENCY RECORDS

5. **NLRB Settlement Agreement**, Case No. 32-CA-284428, April 3, 2025. A public record of a federal administrative agency, filed in this litigation as Dkt. 194. Judicial notice is appropriate for NLRB settlement agreements as official agency records. *See* Pl.'s Decl., ex. N and Dkt. 220-4 ("Notice to Employees").

6. **ClinicalTrials.gov Registration**, NCT04196595. A public federal government database maintained by the National Institutes of Health, U.S. Department of Health and Human Services. *See* Exhibit J to Gjovik Declaration. The accuracy of federal government databases cannot reasonably be questioned. *See United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362 (C.D. Cal. 2014).

7. **OSTP Public Comment**, OSTP_FRDOC_0001-0008, submitted in a public federal rulemaking proceeding and publicly accessible on regulations.gov. *See* Pl.'s Decl., ex. L.

8. **GAO Report GAO-24-107639**, published by the U.S. Government Accountability Office. GAO reports are public records of a government body whose accuracy cannot reasonably be questioned. *See* Pl.'s Decl., ex. M.

9. **OHRP Complaint No. 00709517**, filed March 11, 2026 with the Office for Human Research Protections, U.S. Department of Health and Human Services, concerning Apple's federally registered study NCT04196595. *See* Pl.'s Decl., ex. O.

10. **BFDI and CNIL complaints**, filed in 2022 to privacy regulators in Germany and France and confirmation of receipt of complaint. See Declaration Exhibit Q.

## SCIENTIFIC PUBLICATION

13. *Mahalingaiah, Shruthi et al. "Design and methods of the Apple Women's Health Study: a digital longitudinal cohort study." American journal of obstetrics and gynecology vol. 226,4 (2022): 545.e1-545.e29. doi:10.1016/j.ajog.2021.09.041,.* This peer-reviewed journal article, authored by Apple-affiliated researchers and published in an indexed medical journal, is offered for the limited purpose of establishing that the methodology of Apple's employee ovulation study — the subject of Apple's confidentiality designations — was publicly disclosed by Apple itself in the scientific literature prior to this litigation and prior to the December 2025 deposition. Judicial notice of peer-reviewed publications is appropriate for the limited purpose of establishing that information was publicly available. *See Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015). *See* Pl.'s Decl., ex. I.

# PRIOR PROCEEDINGS — TRANSCRIPT AND ORDERS

14. **February 20, 2026 Conference Transcript** before Magistrate Judge Westmore, reflecting Judge Westmore's statement that "No, there is no injunction," Tr. at 38:56, and her order requiring meet-and-confer before any further motion practice. This is a record of this Court at Dkt. 302-2.

15. **July 2, 2025 Conference Transcript**, Dkt. 302-3, reflecting Apple counsel's statements regarding the intended use of the Protective Order, Apple counsel's statement that blanket deposition designation "is standard, I do it in all my cases," and Judge Westmore's statement that "[t]hat's not how the protective order is used."

# PURPOSE AND LIMITATION

5.    Plaintiff requests judicial notice of these records solely to establish (1) that the content Apple designated as confidential was publicly available before the deposition occurred; (2) that the subject matter has been part of the public adjudicatory record for years; (3) that Apple's own disclosures in peer-reviewed literature and federal registrations cover the same subject matter; and (4) that multiple federal agencies have acted upon Plaintiff's public complaints about the same conduct.

6.    Plaintiff does not request that the Court accept the truth of all assertions in every document — only that the Court recognize each document's existence and public availability.

7.    For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Request for Judicial Notice.


Respectfully submitted,


/s/ Ashley M. Gjovik
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 13 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816