Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **APPLE INC.**, *a corporation*, <br><br> Defendant. | **CASE NO. 3:23-CV-04597-EMC (KAW)** <br><br> **PLAINTIFF'S PROPOSED ORDER IN SUPPORT OF: PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION AT DKT. 294** <br><br> HEARING: <br> Location: Oakland (TBD) <br> Date: April 2 2026 <br> Time: 1:30 PM |

# PROPOSED ORDER

## [PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO ENFORCE PROTECTIVE ORDER, GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

The Court, having reviewed Defendant's Motion to Enforce Protective Order (Dkt. 294), Plaintiff's Opposition and all supporting materials, Plaintiff's Motion for Sanctions (Dkt. 302), the parties' filings, the record in this case, and good cause appearing, hereby ORDERS as follows:

**Defendant's Motion to Enforce Protective Order (Dkt. 294) is DENIED in its entirety.**
The motion fails for the following independent reasons, each sufficient standing alone:

- **No valid designation exists.** Defendant's blanket designation of deposition transcript pages 66–305 was void ab initio under Protective Order § 5.1 as a mass, indiscriminate designation prohibited by the Order's own terms. Defendant's February 4, 2026 narrowed designation is a legal nullity under Fed. R. Civ. P. 26(g)(2) for absence of attorney signature, dating, and proper service on Plaintiff.
- **The Protective Order's own terms exclude the designated content.** Under Protective Order § 3, the Order does not apply to information that is or has become publicly known through no fault of the receiving party, or that was rightfully known to the receiving party prior to receipt. Both exclusions apply to all remaining designated content.
- **The Court lacks jurisdiction.** Plaintiff's Chapter 7 bankruptcy automatic stay, 11 U.S.C. § 362(a), Case No. 25-11496 (D. Mass.), voids all proceedings against Plaintiff's interests absent relief from the bankruptcy court. Defendant has not sought or obtained such relief.
- **Garmon preemption.** Plaintiff's disclosures are arguably protected by NLRA § 7 and Defendant's motion is arguably prohibited by NLRA § 8. Under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), this Court must defer to the exclusive competence of the National Labor Relations Board.
- **Norris-LaGuardia Act.** The relief Defendant seeks arises from a labor dispute. The Norris-LaGuardia Act, 29 U.S.C. § 101, absolutely prohibits this Court from issuing the requested injunctive relief.
- **Prior restraint.** Defendant's demand for deletion of published speech and prior restraint on future speech fails under *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976), *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), and *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Defendant's private commercial interest does not satisfy any standard for prior restraint.
- **Failure to satisfy mandatory injunction standard.** Defendant has not demonstrated likelihood of success on the merits, irreparable harm, a balance of equities in its favor, or that the public interest supports relief. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).
- **NLRB settlement.** The April 2025 NLRB national settlement, Case No. 32-CA-284428, Dkt. 194, bars Defendant from enforcing confidentiality restrictions over terms and conditions of

employment protected by NLRA § 7, through any mechanism.
- **Unpled counterclaims.** Defendant's theory requires enforcement of its Confidentiality and Intellectual Property Agreement. Defendant pleaded no such counterclaim in its Answer (Dkt. 183) or Amended Answer (Dkt. 218) and has waived the claim under Fed. R. Civ. P. 13(a).
- j. **Defiance of Court order.** Defendant filed this motion without completing meet-and-confer as ordered by this Court at the February 20, 2026 conference.

**Defendant's Motion to Seal (Dkt. 293) is DENIED.**
Defendant has not satisfied the "compelling reasons" standard under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and has not complied with N.D. Cal. Civil L.R. 79-5.

**Defendant's Motion to Shorten Time (Dkt. 295) is DENIED** as moot.

**Plaintiff's Request for Judicial Notice is GRANTED.**
The Court takes judicial notice of the records identified in Plaintiff's Request for Judicial Notice, filed concurrently herewith, for the limited purpose of establishing that the content Apple designated as confidential was publicly available prior to the December 16, 2025 deposition and has been part of the public adjudicatory record since at least December 2023.

**Declaration of No Valid Designation.**
The Court DECLARES that no valid confidentiality designation exists over any portion of Plaintiff's December 16, 2025 deposition transcript. Defendant's blanket designation lapsed automatically. Defendant's February 4, 2026 narrowed designation is void under Fed. R. Civ. P. 26(g)(2).

**Declaration Regarding Protective Order Scope.**
The Court DECLARES that the Protective Order, Dkt. 235, does not apply to the content at issue, which is excluded from the Order's scope under § 3.

**Sanctions.**
The Court GRANTS Plaintiff's Motion for Sanctions, Dkt. 302, and ORDERS as follows:
- [Monetary sanctions in an amount to be determined];
- Defendant shall obtain relief from the bankruptcy automatic stay, 11 U.S.C. § 362(a), before taking any further action against Plaintiff in this proceeding;
- Defendant shall complete genuine meet-and-confer on each remaining designation before filing any further enforcement motion;
- [Such other sanctions as the Court deems just].

**Further Relief.**
The Court grants such other and further relief as is just and proper.

IT IS SO ORDERED.

Dated: _____, 2026

_____

HON. EDWARD M. CHEN

United States District Judge Northern District of California

_____

HON. KANDIS A. WESTMORE

United States Magistrate Judge Northern District of California