Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, *a corporation*, <br><br> Defendant. | **Case No. 3:23-CV-04597-EMC (KAW)** <br><br> **Plaintiff's Administrative Motion to Consolidate Apple's Dkt. 294 Hearing with the Dkt. 302 & 304 Hearings on April 16 2026.** <br> Civ. L.R. 7-1 & 7-11 <br><br> HEARING: <br> Location: Oakland (TBD) <br> Date: April 2 2026 & April 16 2026 <br> Time: 1:30 PM |

## PLAINTIFF'S ADMIN MOTION TO CONSOLIDATE HEARINGS

1.	Plaintiff Ashley M. Gjovik respectfully moves this Court pursuant to Civil Local Rule 7-11 for an administrative order consolidating the hearing currently scheduled for April 2, 2026 on Defendant Apple Inc.'s Motion to Enforce Protective Order (Dkt. 293/294) with the hearings already scheduled for April 16, 2026 on Apple's Dkt. 302 and Dkt. 304 motions. Consolidating these hearings into a single date will serve judicial efficiency, avoid duplicative proceedings, prevent undue burden on Plaintiff, and resolve a scheduling conflict that would otherwise prevent Plaintiff from attending one of two simultaneous hearings on April 2.

2.	Apple has indicated it does not oppose moving the time of the April 2 hearing but prefers not to change the date. However, merely shifting the time does not address the fundamental problem: all pending CAND motions share overlapping facts, issues, and legal analysis and are most efficiently heard together, and a date change to April 16 is necessary to avoid a direct conflict with a concurrent federal hearing in another jurisdiction.

3.	This case arises from Plaintiff's whistleblower retaliation claims against Defendant Apple Inc. There are currently six pending motions before this Court requiring hearings, all involving substantially interrelated factual records and legal arguments arising from the same underlying events and disputes. The April 2, 2026 hearing on Dkt. 293/294 (Apple's Motion to Enforce Protective Order) was noticed by Apple and set for 1:30 PM PT in Oakland.

4.	Separately, Judge Panos of the U.S. Bankruptcy Court for the District of Massachusetts ("MAB") has scheduled a hearing for April 2, 2026 at 11:00 AM ET (2:00 PM PT) in the *In re Ashley M. Gjovik* matter, Case No. 25-11496, regarding sanctions against Apple in connection with the automatic stay — an issue directly related to the claims and conduct at issue in this Court. Because Plaintiff named Orrick, Herrington & Sutcliffe LLP as the agent of the creditor/employer in that sanctions motion, counsel for Apple would presumably also need to attend the MAB hearing.

5.	The two hearings on April 2 are scheduled to overlap, making simultaneous attendance impossible for both Plaintiff and counsel. The CAND hearing is in-person in Oakland. Plaintiff is a debtor in bankruptcy proceedings, is insolvent, has disabilities that prevent her from driving, and resides in San Jose — making each in-person trip to Oakland a significant burden. Consolidating the CAND motions to a single hearing date reduces that burden substantially.

6.	Plaintiff's pending motions for Rule 26(g) sanctions are also intertwined with Apple's Dkt. 302 and Dkt. 304 motions. Hearing all related motions together on April 16 would allow the Court to

consider the full record of the parties' discovery disputes in one proceeding, rather than through piecemeal hearings. Pursuant to Civil L.R. 7-11(a), Plaintiff attempted to secure a stipulation from Defendant. On March 12, 2026, Plaintiff emailed Apple's counsel requesting non-opposition to rescheduling the April 2 hearing to April 16, and explaining the scheduling conflict with the MAB bankruptcy hearing and the efficiency rationale for consolidation.

7. On March 13, 2026, counsel for Apple responded that Apple's preference is to ask the Clerk to move only the time of the April 2 hearing — not the date — and offered no objection to a remote appearance. Apple did not agree to a date change or to consolidating the hearings. Accordingly, Plaintiff cannot obtain a stipulation and proceeds by administrative motion.

8. Apple's proposed alternative — changing only the time — is insufficient because it does not resolve the conflict with the concurrent MAB hearing on April 2, would still require Plaintiff to make two separate trips to Oakland on different dates, does want to appear in person, and would not achieve the judicial efficiency benefits of consolidated briefing and argument on all related motions.

9. Civil Local Rule 7-11 permits administrative motions for miscellaneous relief "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order." Scheduling matters such as consolidating related hearings fall squarely within this category. Courts routinely consolidate hearings on related motions to conserve judicial and party resources. See Fed. R. Civ. P. 42(a)(1) (court may consolidate actions or proceedings "involving a common question of law or fact").

10. Here, consolidation is appropriate for three independent reasons. First, the pending motions share a common factual record. Apple's Dkt. 294, 302, and 304 motions — and Plaintiff's related sanctions motions — all arise out of the same discovery disputes, the same alleged misconduct, and the same core factual record. Hearing them separately risks inconsistent rulings and requires the Court to re-familiarize itself with the same background multiple times.

11. Second, a scheduling conflict makes dual attendance on April 2 impossible. The CAND hearing at 1:30 PM PT and the MAB hearing at 2:00 PM PT on April 2 directly overlap. Plaintiff cannot attend both, and counsel for Apple is a named respondent in the MAB sanctions proceeding, creating potential attendance conflicts for them as well. There is no version of the April 2 scheduling that eliminates this conflict short of moving the date.

12. Third, consolidation reduces undue hardship on Plaintiff. As a pro se debtor in bankruptcy, Plaintiff is insolvent, cannot drive due to documented disabilities, and must rely on public transit or ride services to travel from San Jose to Oakland for each in-person hearing. Requiring separate trips imposes a

burden disproportionate to any benefit from separate hearing dates. Civil L.R. 1-2 requires the Court to secure "the just, speedy, and inexpensive determination of every action," and consolidation serves that mandate here.

13. For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (1) continuing the April 2, 2026 hearing on Dkt. 293/294/295 to April 16, 2026; and (2) consolidating that hearing with the hearings on Dkt. 302 and 304 already scheduled for April 16, 2026, at a single time to be set by the Court.

Respectfully submitted,

/s/ Ashley M. Gjovik
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 13 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816