Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*,  Plaintiff,  vs.  **Apple Inc.**, *a corporation*,  Defendant. | **Case No.** **3:23-CV-04597-EMC (KAW)**  **Discovery Letter**  **Re. Plaintiff's Interrogatories No. 1-16** |

## Discovery Letter re: Interrogatories

1. This is a whistleblower retaliation lawsuit and the Defendant employer refuses to substantiate its defenses and has retaliated against the Plaintiff for asking them to substantiate their defenses by declaring they will not answer any more of her interrogatories – after insufficiently answering only six questions and with response primarily consisting of boilerplate objections and vague allegations.

2. Plaintiff brings claims under California Labor Code §§ 1102.5, 98.7, and 6310, and for *Tameny* wrongful termination in violation of public policy. There are dozens of sub-claims. Each claim requires the Court to take a hard-look at the employer′s stated reason for the contested termination compared to the plaintiff's prima facie showing and to identify signs of "pretext" (i.e. that the employer is lying to cover up unlawful retaliation triggered by the employee's protected activity). The employee-Plaintiff must disprove the employer-Defendant's justification.

3. Apple has never articulated a specific, factual explanation for its termination of the plaintiff. Apple never provided any explanation at the time it fired the Plaintiff and then emailed vague complaints about a week later. News coverage of the Defendant's termination of the Plaintiff openly ridiculed the Defendant (see, i.e., Gizmodo, *Apple Wanted Her Fired. It Settled on an Absurd Excuse,* Oct. 14 2021).[1] Defendant did not detail its reasons until March 2022 and even then, it was still missing basic facts.

4. In 2022, a California unemployment insurance Administrative Law Judge found in favor of the Plaintiff and against the Defendant regarding whether the Plaintiff was actually fired for misconduct or not, finding based on the evidence that she "received notice from the vice president that she was being discharged. The notice was vague and incomplete and stated that the claimant had disclosed confidential information and had not fully participated in some investigation. Although the claimant requested specific information from the employer, no specific information was provided… the evidence shows that the claimant was discharged for reasons other than misconduct." *Ashley M. Gjovik (Claimant) v Apple Inc (Respondent),* Case No. 7253819, California Unemployment Insurance Appeals Board, San Jose Office of Appeals, July 14 2022 Hearing, Decision Mailed July 27 2022.

5. Interrogatory No. 1 asked Apple to state its complete and formal reason for terminating Plaintiff on September 9, 2021. Apple′s response names no decision-maker, no investigation details, no investigator, no timeline, and no specific policy provisions — the same vague formulation Apple's used for years. Apple′s GO 71 Category N initial disclosures regarding production of documents supporting Apple′s defenses stated: ′There is no operative answer on file." Plaintiff is entitled to test Apple′s stated reason for pretext. If there is a legitimate explanation, she cannot do that with a non-answer. The Court should compel Apple to provide a complete response, or it should be assumed there is none, and Apple′s current answer can stand as its final and exclusive stated reason at summary judgment.

6. Interrogatory No. 2 asked Apple to state the factual basis for each of its fourteen affirmative defenses. When Apple first pleaded those defenses, Judge Chen struck the majority for lack of concrete facts and granted leave to amend. "Apple should... provide some concrete allegations …  to support the

---

[1] Gizmodo, *Apple Wanted Her Fired. It Settled on an Absurd Excuse,* Oct. 14 2021, https://gizmodo.com/apple-wanted-her-fired-it-settled-on-an-absurd-excuse-1847868789

defense, particularly because this information is, at least in part, within its possession, custody, or control." (Dkt. 215 at 4-5). "Apple has not provided concrete facts to support the defenses. In its opposition, Apple already indicates what those facts will be… but those facts should still be articulated in the pleading." (Dkt. 215 at 8). After Apple re-pleaded, Judge Chen noted there were still areas lacking factual details, but sustained the amended answer holding that specifics should be "developed through discovery, both oral and written." (Dkt. 234 at 2). Apple has now refused that discovery too. Apple provided no response on eight defenses, provided vague boiler plate objections and refused to provide any legal-basis subpart for all fourteen. (Note: Apple has also been stonewalling the Plaintiff's requests for depositions since Aug. 2025).

7.  On July 3 and July 17, 2025, Plaintiff served Interrogatory No. 1 (state the complete reason for termination) and Interrogatory No. 2 (state the factual and legal basis for each affirmative defense). Defendant then asserted that Plaintiff had already exceeded the 25-interrogatory limit based on its inflated count — while neither answering them nor objecting to them. Apple responded on August 4 and 18. After a stay lifted November 18, 2025 (Dkt. 267), Plaintiff restarted the meet-and-confer. Apple's final response: "As we have explained repeatedly, we responded appropriately to Interrogatory No. 1 (response attached again for reference) and decline your further demands."

8.  Apple claimed two interrogatories were actually dozens, and then refused to answer the subsequent pending fourteen interrogatories, or any future interrogatories. Plaintiff has attempted to meet/confer with Apple about this matter for over a year. Apple consistently refused to engage or discuss the matter, responded with hostility, and even asserted that Plaintiff's meet-and-confer identifying deficiencies constituted 15 new interrogatories. Meet-and-confer is complete, discovery closes April 16, 2026, there is no time left for further delay.

## INTERROGATORY NO. 1: INCOMPLETE & EVASIVE

9.  Apple's response says 'Apple concluded' she violated confidentiality obligations and 'an Apple investigator requested to speak with Plaintiff.' No individual is named. Apple's initial disclosures (Sept. 16, 2024) named eight individuals involved in the termination decision: Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, Adelmise Warner, and Apple's legal counsel. The response anonymizes people Apple has already identified and fails to define the roles and timeline for any of the named individuals. It's still unclear when Apple decided to terminate the Plaintiff, who started that process, and if the vice president who sent the email had any involvement beyond rubber stamping the decision when he was sent an email from HR telling him Apple wanted to fire the Plaintiff and does he approve – and the evidentiary basis strongly suggesting a cat's paw tactic.

10. FRCP 33(b)(3) requires answers 'separately and fully' provided under oath. Pattern discovery guides confirm that a complete 'reason for discharge' answer in a retaliation case must identify all decision-makers, the investigation process, and the specific policies violated. See Danner et al., Pattern Discovery: Employment and Labor Law § 4:23, Questions 17-18 (2023); Pattern Discovery: Employment Discrimination § 3:31, Questions 18-19 (2024). Federal courts compel full answers when an employer states a conclusion without identifying who made it or when. *Jefferson v. Austin*, 345 F.R.D. 249, 251 (D.D.C. 2024). Under California law governing Plaintiff's state claims, 'a party may not provide deftly worded answers designed to evade a series of explicit questions.' *Deyo v. Kilbourne*, 84 Cal. App. 3d 771, 783 (1978).

11. Apple′s GO 71 Category G disclosures identified four policies as relevant to the termination: the Confidentiality and Intellectual Property Agreement, the Misconduct and Discipline policy, the Business Conduct Policy, and the EEO Policy. Apple′s interrogatory response references only an Alpha consent form and a general confidentiality agreement, and never identifies which specific provision of which policy Plaintiff allegedly violated or how. Apple also indicates the EEO Policy is relevant to the termination, yet Apple′s response contains no allegation of an EEO violation by the Plaintiff. Judge Chen specifically identified Interrogatory No. 1 as the vehicle to identify these policy details. Dkt. 234 at 2. Apple′s response still does not provide them, and after a year Apple refused to elaborate.

12. Apple asserted that Plaintiff′s August 13 2025 meet-and-confer letter constituted 15 new interrogatories to be charged against Plaintiff′s budget — while neither answering them nor timely objecting under FRCP 33(b)(4). A meet-and-confer communication is mandatory pre-motion correspondence under CAND Local Rule 37-1. It is not a discovery request under FRCP 33(a)(1). Apple cited no authority because none exists. *London v. Dri-Honing Corp.*, 117 Cal. App. 4th 999 (2004) (over $6,000 in monetary sanctions for withholding discovery) (the employer "can′t buttress the reasons for termination" on a specific matter "while in the next breath denying … discovery requests aimed at these issues based upon the argument that those issues are too remote or collateral to be investigated.").

# INTERROGATORY NO. 2: REFUSAL TO ANSWER & DEFICIENT RESPONSES

## The Count Is Wrong

13. Apple counted Interrogatory No. 2 as 56 discrete subparts (14 defenses x 4 subparts). The contention interrogatory asks for Apple to substantiate its defenses with a: (a) factual basis, (b) legal basis, (c) documents, (d) persons. Those are four questions. Apple′s fourteen defenses determine the volume of the answer, not the number of interrogatories. Under Apple′s method, the interrogatory count is controlled not by Plaintiff but by Apple, which chose how many defenses to plead. Defendants cannot inflate a plaintiff′s interrogatory count by pleading more affirmative defenses.

14. The FRCP advisory committee note is direct: ′a question asking about communications of a particular type should be treated as a single interrogatory although it requests that the time, place, persons present and contents of each such communication be stated separately.′ FRCP 33 Adv. Comm. Note (1993). Federal courts apply this to affirmative defenses: an interrogatory asking for facts and documents supporting multiple affirmative defenses counts as one. *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011).

15. Under the logically-subsumed test, each subpart is subsumed within the single question: explain your defense. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). The Court should hold that the interrogatory count measures questions asked, not subjects addressed, and that Sets 1 and 2 together total two, or not more than five, interrogatories. Even accepting the maximum reading — five interrogatories used across Sets 1 and 2 — Set 3 (ten questions) and Set 4 (four questions) bring the total to nineteen, which is under the 25-interrogatory limit. Apple had no basis to refuse Sets 3 and 4 regardless of how the Court counts Sets 1 and 2.

## The Self-Help Remedy Is Unsupported & Sanctionable

16. Apple declared it would answer only the 'first 24 discrete subparts' — then refused all legal-basis subparts with no court order and no leave sought. The Rutter Group states picking and choosing which interrogatories to answer has 'no known authority endorsing this approach.' Rutter Group § 11:1696 (2024). Courts have sanctioned this exact conduct: a defendant who engaged in 'selectively choosing which interrogatories to answer, rather than requesting that the propounding party choose,' had its claim dismissed. *Colon v. Blades*, 268 F.R.D. 137, 144 (D.P.R. 2010). The proper options are to object to the entire set or answer the first 25 and object to the remainder. Apple did neither.

17. For the six defenses Apple partially answered, the factual narrative is nearly identical across all six — the same Alpha and Omega study description copied verbatim regardless of which legally distinct defense is nominally being explained. Defense 1 (causation), Defense 2 (comparative fault), and Defense 3 (at-will employment) received word-for-word the same response. Without the legal basis, these responses are indistinguishable from each other and from Apple's Interrogatory No. 1 response. Apple's blanket refusal to identify the legal theory underlying each defense makes it impossible for Plaintiff to know whether any two defenses assert different legal theories at all — or how any of them differs from Apple's general termination narrative. There is also no evidentiary basis to translate "Alpha" and "Omega" to the actual facts they are referencing -- Apple created these codenames specifically for this litigation and uses them to further abstract the factual basis of its defense – there is no one who can explain what Apple means other than Apple, and they are refusing to explain what they're talking about – five years after the firing.

18. FRCP 33(a)(2): an interrogatory 'is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.' California law is identical. Cal. Code Civ. Proc. § 2030.010(b). Apple's categorical refusal to provide a legal basis for all fourteen defenses (including those Judge Chen struck and required to be re-pleaded with concrete support) has no basis in law.

19. Judge Chen struck the majority of Apple's affirmative defenses in May 2025 for lack of concrete factual support and required Apple to articulate those facts through discovery. Dkt. 215. The contention interrogatory is the written discovery mechanism for what both the Court orders promised. The defenses Apple re-pleaded after Dkt. 215 are no more concretely supported today than when Judge Chen first struck them and repeatedly said Apple will need to substantiate its allegations.

## Relief Requested

20. Plaintiff requests a compel order with a seven-day deadline and automatic preclusion on non-compliance. Discovery closes April 16, 2026. With less than one month remaining, a standard compel-then-wait approach leaves Plaintiff no time to act on whatever Apple produces before the cutoff. Apple has demonstrated over a year that it will not comply voluntarily.

## Compel Order

A. Counting: Interrogatory No. 2 constitutes one interrogatory or at most four discrete subparts. Sets 1 and 2 total between two and five interrogatories. Plaintiff's August 13 meet-and-confer letter did not constitute interrogatories and may not be counted against Plaintiff's remaining budget for any purpose, including reducing the number of future interrogatories Plaintiff may serve.

- B. Supplemental response to Interrogatory No. 1 and 2 within seven (7) days;
- C. Responses to Interrogatory Nos. 3-16 within seven (7) days;

### Automatic Preclusion on Non-Compliance

21. If Apple fails to serve adequate supplemental responses within seven days, the following take effect automatically under FRCP 37(c)(1) without further motion:

- D. Affirmative defense preclusion: Apple is precluded from introducing evidence or argument at summary judgment or trial in support of any defense for which it failed to disclose the factual basis. *Walsh v. Fusion Japanese Steakhouse, Inc.,* 585 F. Supp. 3d 766, 793-94 (W.D. Pa. 2022); FRCP 37(c)(1); *Field v. U.S. Bank Nat'l Ass'n*, 79 Cal. App. 5th 703, 705 (2022).
- E. Termination narrative limitation: Apple is precluded from relying at summary judgment or trial on any specific fact, witness, policy provision, or theory concerning the termination that was not disclosed in its supplemental response to Interrogatory No. 1.
- F. Defense waiver: Any affirmative defense for which Apple fails to provide a factual basis within seven days is deemed waived for purposes of summary judgment and trial, subject to relief on a showing of substantial justification and lack of prejudice.

## CONCLUSION

22. Two Court orders already established that Apple's defenses and Plaintiff's claims require concrete factual development through discovery. Apple has refused to provide this information. Without these answers, Plaintiff cannot depose the decision-makers on the termination rationale, cannot seek documents tied to specific defense theories, and cannot prepare to oppose defenses whose factual basis has never been disclosed in any discovery vehicle. Discovery ends April 16 2026. Plaintiff asks the Court to compel complete responses within seven days with automatic preclusion on non-compliance.

Respectfully submitted,

/s/ Ashley M. Gjovik
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 16 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

### [PROPOSED] ORDER GRANTING PLAINTIFF′S LETTER

The Court, having considered the parties′ submissions and the meet-and-confer record, and good cause appearing, ORDERS:

**Interrogatory Counting.**
The interrogatory count measures questions asked, not subjects addressed. Interrogatory No. 2 (Set 2) constitutes one interrogatory. Together with Interrogatory No. 1 (Set 1), Plaintiff has used two interrogatories under FRCP 33(a)(1). Plaintiff′s remaining budget is 23 interrogatories. Plaintiff′s August 13, 2025 meet-and-confer letter did not constitute interrogatories under FRCP 33(a)(1) and may not be counted against Plaintiff′s budget for any purpose. Apple′s refusal to answer Sets 3 and 4 was based on an incorrect interrogatory count and is not justified.

**Compel — Seven (7) Calendar Days.**
Apple shall serve their full, verified supplemental responses to the following within seven (7) calendar days of this Order for all served interrogatories.

**Preclusion on Non-Compliance.**
If Apple fails to serve adequate supplemental responses within seven (7) calendar days, the following take effect automatically under FRCP 37(c)(1) without further motion:
(a) *Defense preclusion:* Apple is precluded from introducing evidence or argument at summary judgment or at trial in support of any affirmative defense for which it failed to disclose the factual basis in its supplemental response to Interrogatory No. 2.
(b) *Termination limitation:* Apple is precluded from relying at summary judgment or at trial on any specific fact, witness, policy provision, or theory concerning the termination decision that was not disclosed in its supplemental response to Interrogatory No. 1.

**Compliance Notice.**
Apple shall file a notice of compliance within two (2) calendar days of serving its supplemental responses.

**Further Relief.**
Nothing in this Order prevents Plaintiff from seeking further relief if Apple′s supplemental responses are again evasive, incomplete, or non-compliant with the requirements of this Order.

IT IS SO ORDERED.

Dated: _____

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge