Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ASHLEY M. GJOVIK,** *an individual,* | **CASE NO.** **3:23-CV-04597-EMC (KAW)** |
| Plaintiff, | **DECLARATION & EXHIBITS IN SUPPORT OF DISCOVERY LETTER** |
| vs. | |
| **APPLE INC.,** *a corporation,* | **RE. PLAINTIFF'S INTERROGATORIES NO. 1-16** |
| Defendant. | |

## DECLARATION AND EXHIBITS IN SUPPORT OF
## PLAINTIFF'S DISCOVERY LETTER RE: INTERROGATORIES

I, Ashley M. Gjovik, declare as follows:

1. I am the Plaintiff in this action, appearing in propria persona. I have personal knowledge of the facts stated herein.

2. Attached as **Exhibit A** is a true and correct copy of Defendant Apple Inc.'s Responses to Plaintiff's Interrogatories, Set One, served August 4, 2025.

3. Attached as **Exhibit B** is a true and correct copy of excerpts from Defendant Apple Inc.'s Responses to Plaintiff's Interrogatories, Set Two, served August 18, 2025.

4. Attached as **Exhibit C** is a true and correct copy of the meet-and-confer email correspondence between the parties regarding the above interrogatory responses, from August 2025 through November 2025.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2026, in Alviso, San Jose, California.


Respectfully submitted,


**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 16 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT A

1   JESSICA R. PERRY (SBN 209321)
    jperry@orrick.com
2   MELINDA S. RIECHERT (SBN 65504)
    mriechert@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, CA 94025-1015
    Telephone:    +1 650 614 7400
5   Facsimile:    +1 650 614 7401

6   KATHRYN G. MANTOAN (SBN 239649)
    kmantoan@orrick.com
7   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
8   405 Howard Street
    San Francisco, CA 94105-2669
9   Telephone:    +1 415 773 5700
    Facsimile:    +1 415 773 5759

10
    RYAN D. BOOMS (SBN 329430)
11  rbooms@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
12  2100 Pennsylvania Avenue NW
    Washington, D.C. 20037
13  Telephone:    +1 202 339 8400
    Facsimile:    +1 202 339 8500

14
    Attorneys for Defendant
15  Apple Inc.

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19

20  ASHLEY GJOVIK,                          Case No. 23-cv-4597-EMC

21              Plaintiff,                   **DEFENDANT APPLE INC.'S
                                             RESPONSES TO PLAINTIFF'S
22       v.                                  INTERROGATORIES, SET ONE**

23  APPLE INC.,

24              Defendant.

25  **PROPOUNDING PARTY:**  Plaintiff Ashley Gjovik

26  **RESPONDING PARTY:**    Defendant Apple Inc.

27  **SET NUMBER:**          One

28

1    Defendant Apple Inc. ("Apple") responds to Plaintiff Ashley Gjovik's Interrogatories, Set

2    One, served on July 3, 2025, as follows:

3    **INTERROGATORY NO. 1:**

4    State in detail Defendant Apple Inc's complete and formal reason(s) for terminating

5    Employee, Ashley Gjovik's, employment as of the time of the termination on Sept. 9 2021

6    **RESPONSE TO INTERROGATORY NO. 1:**

7    Apple objects to this Interrogatory on the grounds that it is vague, overly broad, and unduly

8    burdensome, particularly in its request that Apple state the "complete and formal" reasons for the

9    termination of Plaintiff's employment. This Request imposes an unreasonable demand that could

10   be construed to require an investigation or response beyond what is relevant or proportional to the

11   needs of the case.

12   Subject to and without waiving the foregoing objections, and based on its understanding of

13   the request, Apple responds as follows:

14   As a Senior Engineering Program Manager, Plaintiff had access to proprietary and trade

15   secret information about unreleased products and features under development, which was shared

16   internally only with those who had a business need to know. From time to time, Plaintiff was given

17   the opportunity to participate in new product or feature user studies and to test unreleased

18   prototypes. Participation in certain studies was voluntary and required her to agree to confidentiality

19   obligations that prohibited her from disclosing any information about the existence of the study or

20   her participation in it.

21   During her employment, Plaintiff participated in a user study of an internal and proprietary

22   application called Alpha,[1] which tested face identification for certain Apple devices. Because the

23   application was still in testing phase and unavailable to the public, Apple required all participants—

24   as a condition of participating—to maintain strict confidentiality. Plaintiff voluntarily chose to

25   participate in the study and signed the Alpha Study Consent Form expressly acknowledging that

26   any information about the study, including her participation, was confidential under the

27

28

---

[1] To safeguard Apple's confidential information, the study is referenced as "Alpha" for purposes of this response.

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET ONE
CASE NO. 23-CV-4597-EMC

Confidentiality Agreement and could not to be disclosed to third parties. The form read, in part, "YOUR CONFIDENTIALITY OBLIGATIONS … By agreeing to participate in this study, you acknowledge that any information about the Study, including any Study details or the fact of your participation, are considered Apple Confidential Information, and are covered by the obligations under your agreements with Apple."

Further, upon joining Apple, Plaintiff had agreed to comply with Apple's confidentiality policies relating to proprietary information related to Apple's research and development. She signed a Confidentiality and Intellectual Property Agreement (the "Confidentiality Agreement"). The provisions of the Confidentiality Agreement legally prohibited the dissemination of information relating to product development and research. It provided that employees were prohibited from disseminating the following:

(a) Trade secrets, R&D records, reports, samples, manuals, plans, specifications, inventions, ideas, designs, prototypes, software, source code, or any other materials or information relating to past, existing, and future products and services whether or not developed, marketed, used, or rejected by Apple or persons or companies dealing with Apple . . .

Plaintiff agreed to "strictly comply" with Apple's rules and policies relating to confidential product information and understood that breach of the agreement through prohibited disclosure of confidential product information could result in termination of her employment. Additionally, the importance of protecting Apple's confidential pre-release product information is clearly set out in the company's Business Conduct Policy: "One of [Apple's] greatest assets is information about [its] products and services, including future product offerings."

On August 28, 2021, Plaintiff tweeted details about a separate proprietary study Apple was conducting, the "Omega"[2] study, which she learned about in connection with her employment, was invited to participate in, but ultimately declined to participate. Like the Alpha study, the details of the Omega study were not known except to a small select group within Apple, and certainly not outside Apple, and thus they were covered by Plaintiff's Confidentiality Agreement in which she

---

[2] To safeguard Apple's confidential information, the study is referenced as "Omega" for purposes of this response.

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET ONE
CASE NO. 23-cv-4597-EMC

agreed to keep non-public information relating to product development and research confidential. Despite this, Plaintiff's tweet both identified the name and purpose of the study regarding an unreleased product under development. The next day, Apple received a complaint through its Business Conduct Hotline that Plaintiff had publicly disclosed confidential information about the Omega study.

On August 30, 2021, Plaintiff tweeted photographs of herself created by the Alpha application, thus again disclosing confidential Apple product information. She also linked to a story published in The Verge, a technology blog, in which she disclosed her participation in the Alpha study. The story also included a video comprised of photographs of Plaintiff created by the Alpha application.

Plaintiff knew or should have known her conduct was inappropriate, including because she had previously reported similar conduct by other Apple employees as a violation of their employee confidentiality obligations regarding non-public information relating to product development and research. For example, in January 2020, Plaintiff reported to Apple conduct of former employees who had given an interview in which they disclosed, among other things, internal code names, which Plaintiff acknowledged were "trade secret."

Upon learning of her unauthorized disclosures, Apple launched an investigation. On September 9, 2021, an Apple investigator requested to speak with Plaintiff as part of that investigation. Plaintiff refused to speak with the investigator, and Apple completed its investigation based on the available information, including her publicly available Twitter posts. Based on clear evidence, Apple concluded that Plaintiff had improperly disclosed confidential Apple product information without authorization and had violated her confidentiality obligations barring disclosure of non-public information relating to product development and research. Additionally, Apple concluded that Plaintiff had failed to cooperate and to provide accurate and complete information during the Apple investigatory process.

On September 9, 2021, Apple notified Plaintiff it was terminating her employment effective the following day for her unauthorized disclosure of Apple confidential information, her violation of her confidentiality agreements regarding disclosure of non-public information relating to product

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET ONE
CASE NO. 23-CV-4597-EMC

development and research, and her refusal to cooperate during Apple's internal investigation process. Apple treated Gjovik the same as other employees who similarly failed to protect Apple's intellectual property and improperly disclosed confidential product information without authorization.

Dated: August 4, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                    */s/ Melinda S. Riechert*
                                          ───────────────────────────────
                                                    MELINDA S. RIECHERT
                                                    Attorneys for Defendant
                                                    APPLE INC.

1

## **<u>VERIFICATION</u>**

2      I, Megan Bowman, declare that I am the Director of Human Resources, Hardware

3   Engineering, for Apple Inc. and I am authorized to make this verification on its behalf. I have

4   read the following:

5          • **DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFF'S**

6             **INTERROGATORIES, SET ONE**

7      Based on information and belief and/or personal knowledge, I believe the matters stated

8   therein to be true and accurate. I declare under penalty of perjury under the laws of the State of

9   California and the United States of America that the foregoing is true and correct.

10      Executed in San Carlos, California on August 4, 2025.

11

12                                          *Megan Bowman*
                                      _____

13                                          Megan Bowman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET ONE
CASE NO. 23-cv-4597-EMC

# EXHIBIT B

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO** |
| v. | |
| APPLE INC., | |
| Defendant. | |

**PROPOUNDING PARTY:**  Plaintiff Ashley Gjovik

**RESPONDING PARTY:**    Defendant Apple Inc.

**SET NUMBER:**          Two

4137-7944-9439

Defendant Apple Inc. ("Apple") responds to Plaintiff Ashley Gjovik's Interrogatories, Set Two, served on July 17, 2025, as follows:

**INTERROGATORY NO. 2:**

For each affirmative defense Apple Inc asserts in Apple's Amended Answer (or otherwise plans to use in this litigation) that bars, limits, or reduces the employee's recovery on any claim in this action:

(a) State the complete factual basis for each defense;

(b) State the complete legal basis for each defense;

(c) Identify all Documents that support each defense; and,

(d) Identify all Persons with knowledge of facts supporting each defense.

**RESPONSE TO INTERROGATORY NO. 2:**

Apple objects to this Interrogatory because it contains fifty-six "discrete subparts" – what are in effect four interrogatories directed at each of the fourteen affirmative defenses in Apple's Amended Answer to Plaintiff's Fifth Amended Complaint (Dkt. No. 218) – and thus exceeds the limit of twenty-five interrogatories set forth in Fed. R. Civ. P. 33(a)(1). *See Nguyen v. Lowe's Home Centers, LLC*, No. 15CV1085 H NLS, 2015 WL 12672153, at *4 (S.D. Cal. Nov. 19, 2015) (citing cases) ("[M]any courts have concluded an interrogatory that asks a party to identify facts, documents, and witnesses should count these items as discrete separate interrogatories."); *Phillips v. Clark Cnty. Sch. Dist.*, No. 2:10-CV-02068-GMN, 2012 WL 135705, at *7 (D. Nev. Jan. 18, 2012) ("[A]n interrogatory which asks for information, and which also asks for the identification of documents relating to that information, contains two interrogatories."); *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004) (holding that an interrogatory that seeks both information about an event and the identification of documents pertaining to that event asks two independent questions "because knowing that an event occurred is entirely different from learning about documents that evidence it occurred"). Apple will only respond (to the extent not objectionable) to the first twenty-four embedded interrogatories in this set (*i.e.*, the first twenty-four "discrete subparts"), given that Plaintiff has already propounded one other interrogatory to

1   reported wages, commissions, bonuses, tips, and unemployment compensation for 2023 and 2024.

2   Apple is currently unable to determine the full extent of Plaintiff's income from alternative

3   employment or other sources following her termination. The insufficiency of Plaintiff's evidence

4   supports Apple's defense that recovery is barred at least in part due to Plaintiff's failure to mitigate.

5   Plaintiff has not yet been deposed in this action, and Apple will supplement this response if and as

6   appropriate once that deposition is complete.

7       **(b) State the complete legal basis for each defense;**

8       This subpart is wholly improper. *See Brady*, 2014 WL 4925578, at *6; *Hall*, 2023 WL

9   11518071, at *6. Accordingly, Apple will not provide a response.

10      **(c) Identify all Documents that support each defense; and,**

11      Plaintiff's responses to Apple's Interrogatory Nos. 3 and 11 and the absence of sufficient

12  evidence from Plaintiff regarding her mitigation efforts.

13      **(d) Identify all Persons with knowledge of facts supporting each defense.**

14      Plaintiff.

15      __**Affirmative Defense No. 6:**__ "As a separate defense to the Fifth Amended Complaint and

16  to each claim therein, Apple is entitled to an offset for any monies Plaintiff received from any

17  source after Plaintiff ceased to be employed by Apple under the doctrine prohibiting double

18  recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny. Plaintiff had a duty to

19  mitigate any damages by seeking alternative employment, and if she did obtain alternative

20  employment, that income should offset any damages, if awarded. Apple is currently unaware of the

21  extent, if any, to which Plaintiff received income through alternative employment, and asserts this

22  defense to preserve its right to an offset pending further discovery."

23      **(a) State the complete factual basis for each defense;**

24      Plaintiff produced purported tax returns for 2021, 2022, 2023, and 2024, which appear to

25  reflect some post-termination income. Additionally, Plaintiff filed notice of her Chapter 7

26  bankruptcy petition filed in the United States Bankruptcy Court for the District of Massachusetts

27  (Case No. 25-11496) in this action (Dkt. No. 237). The bankruptcy schedules and Statement of

28

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CASE NO. 23-CV-4597-EMC

4137-7944-9439

1   Financial Affairs in the petition purport to disclose Plaintiff's assets, liabilities, and sources of

2   income for the relevant periods, including reported wages, commissions, bonuses, tips, and

3   unemployment compensation for 2023 and 2024. Apple is currently unable to determine the full

4   extent of Plaintiff's income from alternative employment or other sources following her

5   termination. Plaintiff has not yet been deposed in this action, and Apple will supplement this

6   response if and as appropriate once that deposition is complete.

7   **(b) State the complete legal basis for each defense;**

8   This subpart is wholly improper. *See Brady*, 2014 WL 4925578, at *6; *Hall*, 2023 WL

9   11518071, at *6. Accordingly, Apple will not provide a response.

10   **(c) Identify all Documents that support each defense; and,**

11   Plaintiff's purported tax returns for 2021, 2022, 2023, and 2024, and the notice of her

12   Chapter 7 bankruptcy (Dkt. No. 238), as well as documents by Plaintiff in that bankruptcy

13   proceeding.

14   **(d) Identify all Persons with knowledge of facts supporting each defense.**

15   Plaintiff.

16   Dated: August 18, 2025         ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                              */s/ Melinda S. Riechert*

18                             MELINDA S. RIECHERT

19                             Attorneys for Defendant

19                             APPLE INC.

20

21

22

23

24

25

26

27

28

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CASE NO. 23-CV-4597-EMC

4137-7944-9439

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ASHLEY GJOVIK,<br><br>              Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET THREE** |

**PROPOUNDING PARTY:**  Plaintiff Ashley Gjovik

**RESPONDING PARTY:**    Defendant Apple Inc.

**SET NUMBER:**              Three

Defendant Apple Inc. ("Apple") responds to Plaintiff Ashley Gjovik's Interrogatories, Set Three, served on July 17, 2025, as follows:

**INTERROGATORY NO. 3:**

Do You contend that Plaintiff engaged in any "protected activity" as defined under federal or state whistleblower, retaliation, or labor laws during her employment with Apple?

(a) If yes, identify each such activity with date ranges for the acknowledged activity.

(b) If no, state that You contend Plaintiff engaged in no protected activities.

**RESPONSE TO INTERROGATORY NO. 3:**

Apple objects to and will not respond to this Interrogatory because it exceeds the limit of twenty-five interrogatories set forth in Fed. R. Civ. P. 33(a)(1) given the interrogatories Plaintiff has already propounded and that Apple has separately answered. *See* Stevenson & Fitzgerald, Prac. Guide: Fed. Civ. Proc. Before Trial, Ch. 11IV-(B) at ¶ 11:1695 (The Rutter Group 2025) ("Because service of more than 25 interrogatories is not permitted, the entire set of interrogatories is improper. Respondent can either object to the set as a whole or object to the excess."); *Nationwide Mut. Ins. Co. v. Pipe Constructors, Inc*., No. 5:23-CV-721-KK-SPX, 2024 WL 944235, at *4 (C.D. Cal. Feb. 21, 2024) (citing *Monclova-Chavez v. McEachern*, No. 1:08-CV-00076-AWI, 2011 WL 4621219, at *2 (E.D. Cal. Oct. 4, 2011) (holding that "if defendant propounded more than 25 interrogatories, plaintiff need only respond to the first 25 propounded").

The substance of the Interrogatory is also objectionable in any event, for the following reasons:

Apple objects to this Interrogatory because it contains multiple "discrete subparts" – what are in effect multiple separate interrogatories – thus further exceeding the limit of twenty-five interrogatories set forth in Fed. R. Civ. P. 33(a)(1). *See Nguyen v. Lowe's Home Centers, LLC*, No. 15CV1085 H NLS, 2015 WL 12672153, at *4 (S.D. Cal. Nov. 19, 2015) (citing cases) ("[M]any courts have concluded an interrogatory that asks a party to identify facts, documents, and witnesses should count these items as discrete separate interrogatories."); *Phillips v. Clark Cnty. Sch. Dist*., No. 2:10-CV-02068-GMN, 2012 WL 135705, at *7 (D. Nev. Jan. 18, 2012) ("[A]n interrogatory which asks for information, and which also asks for the identification of documents relating to that

1   Apple objects to this definition to the extent it includes Apple's counsel as it seeks to invade the

2   attorney-client privilege.

3        Apple objects to subpart (c) of this Interrogatory on the grounds that the "Definitions and

4   Instructions" section defines "Persons" as not only Apple employees, but also "agents, contractors,

5   consultants, and any other individuals acting on behalf of Apple." Apple objects to this definition

6   to the extent it is not limited to individuals under Apple's control or supervision and encompasses

7   persons whose connection to Apple is too attenuated to be relevant to the claims and defenses in

8   this action.

9        Apple objects to this Interrogatory (and each of the discrete subparts therein) to the extent

10  the phrase "Disclosures concerning Batterygate and [Plaintiff's] EFFA/QIF role and activities in

11  relation to Batterygate" assumes that matters pertaining to "Batterygate and [Plaintiff's] EFFA/QIF

12  role and activities in relation to Batterygate" about which Plaintiff allegedly communicated were

13  substantiated issues, rather than unproven allegations made by Plaintiff.

14       Apple objects to this Interrogatory (and each of the discrete subparts therein) on the grounds

15  that it is vague, overly broad in time and scope, unduly burdensome, and not proportional to the

16  needs of the case.

17       Apple objects to this Interrogatory (and each of the discrete subparts therein) to the extent

18  it seeks information not within Apple's possession, custody, or control, including information held

19  by former employees.

20  Dated: August 18, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP

21                                            _____
                                             /s/ Melinda S. Riechert
22                                           MELINDA S. RIECHERT
                                             Attorneys for Defendant
23                                           APPLE INC.

24

25

26

27

28

# EXHIBIT C

# Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

| | |
|---|---|
| From | Riechert, Melinda <mriechert@orrick.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>, Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Perry, Jessica R.<jperry@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com> |
| Date | Monday, November 24th, 2025 at 1:36 PM |

Ashley:


As we have explained repeatedly, we responded appropriately to Interrogatory No. 1 (response attached again here for reference) and decline your further demands. We also continue to disagree with the accusations and characterizations you have levied.



**Melinda Riechert**

Partner


Orrick


Silicon Valley  Ⓥ


T 650/614-7423

M 650 759 1929

mriechert@orrick.com




[EXTERNAL]

Hello,

Per Judge Chen's order at at Dkt. 267 (11/18/25), the Emergency Stay that Apple had unilaterally requested on Aug. 25 2025 is now lifted.

Accordingly, I'm restarting the five-day meet/confer window for this issue, and unless Apple is willing to change its position on this issue, I will then be filing a Letter to Judge Westmore regrading this issue.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Sunday, August 24th, 2025 at 11:49 PM, Perry, Jessica R. <[jperry@orrick.com](#)> wrote:

> Ashley,
>
> We responded to the interrogatory you propounded. We have laid out our positions in our meet and confer exchanges. We decline to agree to your demands below.
>
> Again, we disagree with your accusations and characterizations in your email.
>
> Regards,

Jessica

[EXTERNAL]

Hello counselor,

> **Apple's Response to Interrogatory No. 1**

Please confirm Apple's position on these four points:

1. Apple's Interrogatory No. 1 response—as to Apple's supposed legitimate reason for terminating my employment, and which identifies no named individuals who made the termination decision, no timeline for the alleged investigation, no specific Apple policies or terms that were allegedly violated, no details about what "cooperation" was requested and refused, and no specifics about what information was allegedly "inaccurate or incomplete"—constitutes a full and complete explanation of termination reasons in a wrongful termination lawsuit.

2. That Apple's response as served is all Apple will ever provide in written discovery to me in this wrongful termination lawsuit regarding its factual justification for terminating my employment.

3. Upon receiving my email objecting to Apple's response as inadequate and improper, Apple unilaterally decided that my objection constituted Plaintiff "serving Apple with 15 new interrogatories" under Fed. R. Civ. P. 33.

4. Apple believes their current response requires no correction or supplementation.

5. Apple has also unilaterally decided that because it unilaterally decided an email with objections was 15 new interrogatories, and despite refusing to answer those unilaterally decided interrogatories, also unilaterally claims they count as 15 interrogatories to exclude 15 future interrogatories.

If this is Apple's position, I'm asking for:

- Confirmation on each of the 5 points
- Regardless of points 3 and 5, a formal signed response to my objections stating positions 1, 2, & 4 for the record, as can be admitted as evidence for the summary judgment procedure
- If Apple would like to meet and confer regarding Apple's unilateral identification of interrogatories in any communication it deems is asking it questions, and similarly unilateral decision to stop answering future interrogatories, as noted by Apple in Interrogatories 2-3, or if that matter is ready to be presented in a joint letter

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, August 20th, 2025 at 5:49 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> **Subpoenas**
>
> This responds to your August 18 email below regarding subpoenas to your medical providers that Apple has not issued.
>
> We have already provided you the additional information you seek. As previously stated, we contacted providers listed in your response to Apple's Interrogatory No. 2 to confirm the correct address for the custodian of records responsible for responding to subpoenas. We will send you copies of the subpoenas when they are ready to facilitate meet and confer regarding the scope.
>
> **Apple's Response to Interrogatory No. 1**
>
> This responds to your August 18 emails below, as well as your August 18 email from a separate thread asking Apple to "Provide an adequate response to Interrogatory No. 1 addressing the factual basis for the

termination (per prior objection)."

Apple has fully and completely responded to Interrogatory No. 1 by explaining in detail the reasons for your termination. Your August 13, 2025, meet and confer email asserts that a complete response to an interrogatory seeking the reasons for your termination was also required to provide the following information:

- "Cooperation"
  - Specific actions Defendant considers "cooperation" during internal investigations
  - Company policies defining employee cooperation requirements
  - Specific ways Defendant contends Ms. Gjovik failed to cooperate beyond the request for accommodations during the interview or request for information about what the interview was about
- "Accurate and Complete Information"
  - What specific information was allegedly inaccurate
  - What information was allegedly incomplete
  - When and how such information was requested
- Investigation Process
  - The identity and title of the investigator
  - Investigative procedures followed
  - The timeline of investigative activities
- Decision Making
  - All individuals who made the termination decision
  - The date(s) decision(s) were made
  - All criteria or standards applied
- Comparative Treatment
  - Which other employees engaged in similar conduct
  - The specific disciplinary action taken against each employee
  - The basis for determining conduct was "similar" (such as posting on social media, interviews with reporters, posting photos of themselves, etc.)

Your claim that a complete response required this information fails for at least four reasons.

First, the interrogatory did not seek this information.

Second, even assuming the interrogatory sought this information, it is unduly burdensome and oppressive. *See Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (citations omitted) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal. 1998) (finding as "well taken" objection that interrogatories that seek all facts, documents, and witnesses that support a legal contention are "unduly burdensome and oppressive" and denying motion to compel, in part, on those grounds).

Third, you provide no legal authority for your position.

Fourth, an analysis of the law governing discrete subparts confirms that the information you contend is missing is discrete and separate from Apple's reasons for your termination. As noted in our other meet and confer email, the test applied by Judge Westmore for determining whether an interrogatory contains discrete subparts is simple: "[i]f the first question could 'be answered fully and completely without answering the second question,' the second question was independent to the first, and, therefore, discrete under Rule 33." *Am. Bankers Ins. Co. of Fla. v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *1 (N.D. Cal. July 9, 2020). Here, a full and complete response that provides the reasons for your termination is not dependent upon any of the additional information you seek, thus confirming that you are seeking new and different information that was not sought in the interrogatory without any legal basis for doing so. And, again, even if the interrogatory did seek this information, it is unduly burdensome and oppressive, as noted above.

Apple stands by its response but is willing to continue conferring on this issue if you have any additional legal authority supporting your position.

**Melinda Riechert**

Partner

<u>Orrick</u>

Silicon Valley   Ⓥ

T 650/614-7423

M 6507591929

<u>mriechert@orrick.com</u>



---

**From:** Ashley M. Gjovik (Legal Matters) <<u>legal@ashleygjovik.com</u>>

**Sent:** Monday, August 18, 2025 2:24 PM

**To:** Ashley M. Gjøvik <<u>ashleymgjovik@protonmail.com</u>>

**Cc:** Riechert, Melinda <<u>mriechert@orrick.com</u>>; Booms, Ryan <<u>rbooms@orrick.com</u>>; Mantoan, Kathryn G. <<u>kmantoan@orrick.com</u>>; Perry, Jessica R. <<u>jperry@orrick.com</u>>; Horton, Nicholas J. <<u>nhorton@orrick.com</u>>

**Subject:** RE: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

[EXTERNAL]

Also, just to be clear for the record, even though you already know this -- my objections to your response in your interrogatory (the same objections I've made for years including your vague notice of termination, DOL position statement, civil answers, and so on) is primarily that your response does not actually include facts. Your response includes ideas, concepts, theories, feelings, opinions, and beliefs -- but not <u>facts</u>.

You are probably correct that an interrogatory response may not need to include each and every fact, but it needs to include some facts. It needs to include something that can be proven true or false with evidence, it needs dates and times, it needs names and actions -- otherwise the response is a non-response.

You may remember, a California ALJ in 2022 already found Apple's vague and conclusory explanation for firing me to be one of the "facts" that he referenced as evidence that I did not do anything wrong and instead Apple fired me for some other reason then misconduct, despite its vague allegations otherwise and that Apple's vague allegations are actually evidence against Apple.

You may also remember that actual news articles have referred to this version of Apple's explanation as literally "absurd."

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with <u>Proton Mail</u> secure email.

On Monday, August 18th, 2025 at 4:56 PM, Ashley M. Gjøvik <<u>ashleymgjovik@protonmail.com</u>> wrote:

> Hello!

## Depositions

First, I did not refuse to appear. I had once asked to reschedule, which you agreed. However, upon that cancellation you then did not attempt to reschedule for some time. Once you did ask to reschedule, I quickly agreed. That is not "refusal to appear."

Further, if we actually had a discovery plan that agreed to the scheduling and order of depositions, you could have tried to negotiate a schedule where my depo came first -- if you had some justification as to why that was required and I found it reasonable, which you have not attempted to do. But instead you've refused to create exactly the kind of plan you're now claiming exists in the ethers. You can't insist on a discovery plan while concurrently refusing to create a discovery plan.

Please clarify if you are refusing my two notices of deposition without further meet/confer about how they are written (so meet/confer is done) or if you're willing to discuss my requests further.

At the same time confirm if you'd like to actually engage in creating a discovery plan that could include scheduling and dependencies, as I previously requested repeatedly -- or if you are also refusing that again (meet/confer is done).

Finally, either way, I need you send me a formal response with your response, in order to request help from the court if you won't engage in good faith on this. Your response also needs to address my question about whether Apple will make Bertolus available or not.

## Subpoenas

The email I received from my 2020-2021 therapist was titled "subpoena." She wrote "I have heard from a lawyer wanting to subpoena your medical records" and "I'll be speaking with them on Monday the 18." Please provide more detail about who you are contacting, what you are speaking with them about, what you are requesting. As for the remainder of your response, thank you for now sharing that information (though well after the fact and only upon my demand). Note - I need to also be given time to move for a protective order even if I agree to the scope.

**Interrogatory No. 1**:

I disagree with your position and find it legally untenable. Are you willing to meet/confer on this more -- or shall I move to request help from Judge Westmore now? Your response sounds conclusive and in which case there would be nothing more to meet/confer about.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, August 18th, 2025 at 4:30 PM, Riechert, Melinda <[mriechert@orrick.com](#)> wrote:

> Ashley,
>
> This email responds to your August 13 and 18, 2025 emails regarding depositions of Apple employees, alleged subpoenas to your medical providers, and your meet and confer regarding Apple's response to Interrogatory No. 1.
>
> **Depositions**:
>
> Apple noticed your deposition some time ago and that deposition was taken off calendar based on your refusal to appear. Your deposition will need to proceed before any other depositions take place.
>
> **Subpoenas**:

Apple has not subpoenaed any records from your medical providers.  We have reached out to the providers included in your interrogatory responses to confirm whether the address you provided is the correct address for the custodian of records so that the subpoenas are addressed to the proper entity/department responsible for responding to subpoenas.

Once we confirm the proper addresses and the subpoenas are ready, we will provide you a copy of the subpoenas as is required by FRCP 45. If we can agree to the scope, we will ask that you provide a HIPPA release to accompany the subpoena.  If we cannot agree on the scope, we will submit the matter to Judge Westmore to allow her to determine the appropriate scope and will attach that order to the subpoenas.

Either way, the subpoenas will not be served on the medical providers until we follow this process.

**Interrogatory No. 1**:

Interrogatory No. 1 asked Apple to "[s]tate in detail Defendant Apple Inc's complete and formal reason(s) for terminating Employee, Ashley Gjovik's, employment as of the time of the termination on Sept. 9 2021." Apple asserted various objections regarding the vagueness and breadth of this interrogatory and, notwithstanding those objections, provided the reasons for your termination. Apple has fully and completely answered your request consistent with its obligations under the Federal Rules of Civil Procedure and applicable federal authority, including the Northern District of California.

Further, your meet and confer letter appears to go far beyond the original interrogatory to include at least 15 subparts that must be treated as separate interrogatories seeking different information. We disagree that such information is required to be included in response to an interrogatory that sought the reasons for your termination. And, even if it did, interrogatories that ask for every fact supporting a particular legal contention are impermissibly overbroad and a responding party "is not obligated to put forth its entire case in response to a single interrogatory." *S.E.C. v. Berry*, No. C07-04431 RMW HRL, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (confirming "[a]n interrogatory may reasonably ask for the material or principal facts which support a contention" but interrogatories that seek "each and every fact" supporting a certain contention are overly burdensome and "[o]ther discovery procedures, such as depositions and production of documents, better address whatever need there be for [ ] secondary detail[s].").

Apple sufficiently explained its reasons for your termination and stands by its response.

**Melinda Riechert**

Partner

<u>Orrick</u>

Silicon Valley ⓥ

T 650/614-7423

M 6507591929

<u>mriechert@orrick.com</u>



---

**From:** Ashley M. Gjøvik <<u>ashleymgjovik@protonmail.com</u>>
**Sent:** Monday, August 18, 2025 9:37 AM
**To:** Booms, Ryan <<u>rbooms@orrick.com</u>>; Mantoan, Kathryn G. <<u>kmantoan@orrick.com</u>>; Perry, Jessica R. <<u>jperry@orrick.com</u>>; Riechert, Melinda <<u>mriechert@orrick.com</u>>
**Subject:** Re: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

[EXTERNAL]

Hello,

I have not received any response yet.

To be clear, the objection demanding immediate compliance with Rule 45(a)(4) started a five-day meet/confer window on August 13 2025. I request full compliance by August 20 2025 or else I will file a Motion to Judge Westmore requesting intervention and sanctions.

As for the objections to Apple's response to Interrogatory 1, I asked for a response with 14 days and the five-day meet/confer window will start during that time, so if this is not corrected, I will also move to file another Motion to Compel.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, August 13th, 2025 at 7:59 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello counsel,
>
> Please see attached for service of:
>
>> - Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe
>> - Interrogatory Set 4
>> - Request for Production Set 3
>
> Please also see attached for objections and requested meet/confer regarding:
>
>> - Apple's failure to provide notice and copies of subpoenas
>> - Request for supplemented response to Interrogatory No. 1
>
> Thanks,
>
> -Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with [Proton Mail](#) secure email.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about **Orrick**, please visit *http://www.**orrick**.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at [https://www.**orrick**.com/Privacy-Policy](#) to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about **Orrick**, please visit *http://www.**orrick**.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at [https://www.**orrick**.com/Privacy-Policy](#) to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about **Orrick**, please visit *http://www.**orrick**.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.**orrick**.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about **Orrick**, please visit *http://www.**orrick**.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.**orrick**.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, August 20, 2025 3:34 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>
**Subject:** RE: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, November 19, 2025 8:10 AM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Riechert, Melinda <mriechert@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>
**Subject:** RE: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**133.93 KB   1 file attached   3 embedded images**

Apple-Gjovik ND Cal_2025.08.04 Apple's Response to Plaintiff's Interrogatories Set One 4127-0754-5183 1.pdf
129.94 KB