Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK**,
*an individual*,

      Plaintiff,

  vs.

**APPLE INC.**,
*a corporation,*

      Defendant.

**CASE NO.**

**3:23-CV-04597-EMC (KAW)**

**DISCOVERY LETTER**

**PLAINTIFF'S REQUEST FOR PRODUCTION
SET ONE: 7, 8, 9, & 10
SET TWO: 23, 24, 28, 29, 30, 31, 32, 37, 40, 41, 42, 43, 44, & 54**

# DEFENDANT'S REFUSAL TO PRODUCE DOCUMENT RELATED TO PLAINTIFF'S PROTECTED ACTIVITY

1.      Plaintiff Ashley Gjovik requests that the Court compel Defendant Apple Inc. to produce documents responsive to the seventeen Requests for Production identified below. Every one of these Requests seeks evidence of Plaintiff's environmental, health, and safety ("EH&S")-related protected activity and Apple's knowledge of it — threshold elements of all four retaliation causes of action in this case. Apple has refused to produce <u>any</u> documents in response to each of these requests. Apple's stated basis is a unilateral claim that the Plaintiff's protected activity is irrelevant to the Plaintiff's whistleblower retaliation claims, because, Apple says, it fired her for other reasons and that's all that needs to be said.

2.      This submission addresses a discrete category of disputed discovery. Plaintiff is not raising every outstanding RFP dispute here. There are additional issues including other categories of requests (i.e. related to adverse employment actions, retaliation, and nexus) and also all categories where Apple has represented it is searching but has produced nothing and provided no production timeline. This letter addresses only the "protected activity" requests where Apple has taken the position that the entire subject matter is irrelevant and it will not produce regardless of what a search might yield. Discovery closes April 16, 2026 and Apple needs to produce these documents.

## MEET AND CONFER

3.      Plaintiff served her first set of Requests for Production in this case on October 30, 2024. Apple responded on November 29, 2024, refusing all EH&S-related requests on relevance grounds. Plaintiff objected in writing in December 2024, again in January 2025 but Apple declined to modify its position. Plaintiff filed a discovery dispute letter with this Court on February 11, 2025 (Dkt. 163) but this court would not hear the issue without more meet/confer. (Dkt. 170) and Defendant still would not change its position.

4.      Plaintiff served a second set of Requests for Production on April 25, 2025. Apple responded on May 27, 2025, asserting the same relevance objections across the new EH&S requests. During the July 2 2025 telephonic conference with this Court, Apple repeatedly referenced the Plaintiff's prior attempts to meet/confer and escalate the matter as some sort of misconduct by the Plaintiff, and even asked this court (both Judge Westmore and Judge Chen) to prevent the Plaintiff from being able to file more motions or letters without leave of court. (Dkt. 230, 302-3).

5.      On February 26, 2026, Plaintiff sent a final written demand to Apple demanding that Apple confirm whether it intended to produce documents they previously objected to outright, to identify which requests remained under active review, and provide an anticipated completion date. Apple's counsel responded on March 5, 2026, refusing to identify which items were still active, refusing to provide any ETA, and refusing to provide any response about Apple's prior objections, refusal to produce the requests here within.  Plaintiff followed up on March 6, 2026 asking again for this information. Apple did not respond. The parties are at impasse. Apple has maintained its position that EH&S records are categorically irrelevant without modification since no later than November 2024 and will not compromise.

## LEGAL STANDARD & APPLE'S OBJECTIONS

6.      Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. The party resisting discovery bears the burden of showing that production is unwarranted. This is a wrongful termianation and retaliation lawsuit under Cal. Lab. Code §§ 98.7, 1102.5, 6310, and the *Tamney* tort for a termination in violation of public policy.

7.      All four claims require Plaintiff to establish, as a threshold matter, that she engaged in protected activity and that Apple knew about it. Apple's knowledge of the protected activity is an essential element. 29 Cal. Jur. 3d Employer and Employee § 137; *Lawson v. PPG Architectural Finishes, Inc.,* 12 Cal. 5th 703 (2022).  Direct and circumstantial evidence establish retaliatory intent. 29 Cal. Jur. 3d § 139; *Zirpel v. Alki David Productions*, 93 Cal. App. 5th 563 (2023); *Colarossi v. Coty US Inc.*, 97 Cal. App. 4th 1142 (2002); *Taswell v. Regents*, 23 Cal. App. 5th 343 (2018). Documents are often the best evidence of a party's state of mind precisely because they were created before litigation, when memory is fresh and the party was not yet advised by counsel on framing. Rutter Group, Federal Civil Procedure Before Trial § 11:1806 (2024).

8.      This Court's February 27, 2025 Order identified Plaintiff's EH&S-related complaints arising from 3250 Scott Blvd. and 825 Stewart Drive as two of the four primary categories of conduct at issue in this lawsuit. (Dkt. 179 at 2). Relevance is already clear. Apple's objection, stated verbatim across over a dozen Requests, is: "whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims." Apple cites *Perius v. Abbott Labs.*, 2008 WL 3889942 (N.D. Ill.) (denying request for discovery of documents related to general government investigations when clearly unrelated to claims in the litigation); *Bozeman v. Per-Se Techs.,* 2006 WL 8431279 (N.D. Ga.) (case where employee was not terminated and dismissed due to no adverse action); and *Wheeler v. Aliceon,* 2015 WL 3507369 (E.D. Cal.) (a case where an inmate complained of retaliation by prison guards). These cases are irrelevant and not comparable to this litigation. None of those courts held that an employer may withhold records of what it knew about a plaintiff's protected activity, when it knew it, and how it responded.

9.      Apple's objections also fail because the conditions and records bearing on what Plaintiff complained about are relevant to retaliatory intent regardless of whether proof of actual violation is required. The technical merit of a complainant's safety concerns is directly relevant to the employer's motive. ("The more credence given to Complainant's theory within Respondent's facility... the more likely it is that Respondent's management believed Complainant's theory would cause tension and would have wanted to cause Complainant's prompt departure.") *Seater v. Southern California Edison Co.,* 95-ERA-13 (ARB Sept. 27, 1996). Further, agency reports documenting regulatory violations are admissible to show retaliatory animus among management even where proof of violation is not a required element. *Varnadore v. Oak Ridge National Laboratory*, 92-CAA-2 et al. (ARB June 14, 1996).

10.     In addition to the core relevance objection, Apple has layered uniform boilerplate objections across every one of the seventeen Requests: that each Request is vague and ambiguous, overbroad in scope and time, unduly burdensome, not proportional to the needs of the case, and seeks privileged or work product materials. These objections are asserted without any specificity, without identifying any particular document as privileged, and without distinguishing among requests seeking vastly different categories of

records. The Federal Rules require that objections be stated with specificity and that a party withholding documents on privilege grounds identify those documents with sufficient particularity to permit the opposing party to assess the claim. Fed. R. Civ. P. 34(b)(2)(B); 26(b)(5)(A). Apple has done neither.

11.    Further, Apple's knowledge of the protected activity is an essential element. *Muino v. Florida Power & Light Co.,* ARB Nos. 06-092 (ARB Apr. 2, 2008); *Hasan v. Enercon Services, Inc.,* ARB No. 04-045 (ARB May 18, 2005). The identification of protected activity and the chronology of Apple's internal response to it must be established prior to the other elements of the case can be analyzed. *Melendez v. Exxon Chemicals Americas*, ARB No. 96-051 (ARB July 14, 2000).

12.    Apple holds that evidence and is required to produce it. Documents related to the reasons for terminating an employee are relevant in a wrongful termination case and failure to produce them justified monetary sanctions. *London v. Dri-Honing Corp.*, 117 Cal. App. 4th 999 (2004) (over $6,000 in monetary sanctions).

# THE REQUESTS AT ISSUE

13.    The following seventeen Requests all seek evidence of Plaintiff's EH&S protected activity and Apple's knowledge of it. Apple's complete responses are attached as Exhibit A. Apple has produced no documents in response to any of them.

- **RFP S1-No. 7:** *"All indoor air testing results and reports, air test plans, cracked slab repair plans, cracked slab inspection reports, cracked slab sealing reports, SSD/SSV maintenance reports, engineer certifications of work performed, invoices, work orders, related to the CERCLA engineering controls at 825 Stewart Drive from Jan 1 2021 through Sept 10 2021."*

- **RFP S1-No. 8:** *"Any status report, meeting notes, or other type of summary sent to or from Gjovik's management chain and/or Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares concerning the August 19 2021 US EPA inspection of 825 Stewart Drive, from July 25 2021 through Sept. 10 2021."*

- **RFP S1-No. 9:** *"All documents in possession of Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Atone Jain, Michael Seiger, or Tom Huynh that concern both the Plaintiff and the property at 3250 Scott Blvd, from Sept. 1 2020 through Sept. 10 2021."*

- **RFP S1-No. 10:** *"Any 'safety plan' or 'EHS plan' or 'operations and maintenance plan' for 825 Stewart Drive or 3250 Scott Blvd in place between Jan. 1 2020 and Sept. 10 2021."*

- **FRP S2-No. 23:** *"All internal audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing at Apple's 825 Stewart Drive and 3250 Scott Boulevard campuses between January 1, 2019 and the present."*

- **RFP S2-No. 24:** *"All communications, reports, or correspondence between Apple and any environmental contractor (including air quality, chemical, EH&S, or facilities consultants) regarding vapor intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott."*

- **RFP S2-No. 28:** *"All photos, diagrams, maps, or schematics of the site showing known or suspected environmental hazard zones, testing data overlays, mitigation systems, or construction modifications at 825 Stewart or 3250 Scott."*

- **RFP S2-No. 29:** *"All video surveillance footage, security camera recordings, or internal access logs showing*

*activity in or around Plaintiff's office, work area, or assigned workspace at 825 Stewart Drive, including: Floor repairs; Crack sealing; HVAC or environmental testing; Construction or remediation work. Between May 1, 2021 and September 10, 2021. To the extent Apple claims any footage was deleted, altered, or is inaccessible, Plaintiff requests identification of the system used, retention policies, last known location of footage, and whether any hold or preservation request was implemented."*

- **RFP S2-No. 30:** *"All documents, communications, calendar entries, meeting agendas, security logs, or visitor records relating to or preparing for the EPA inspection of Apple's 825 Stewart Drive site, received by or sent to Apple between July 25, 2021 and August 20, 2021, including: Notice of EPA inspection; Internal planning emails or meetings; Notes regarding facility preparation; Communications with EPA Region 9; Any mention of Plaintiff's workspace or prior complaints in connection with that inspection."*

- **RFP S2-No. 31:** *"All internal documents, messages, emails, legal memos, or investigative notes discussing the August 19, 2021 EPA inspection of 825 Stewart Drive, including any reference to Plaintiff, her former office, her prior complaints, or any environmental hazards, as well as: site preparation steps or remediation taken before the inspection; results or feedback from the inspection; any post-inspection action plan or discussion of violations; discussion of Plaintiff's prior warnings being substantiated."*

- **RFP S2-No. 32:** *"All internal Apple communications or reports between July 25, 2021 and September 10, 2021, referencing both: (a) Plaintiff's disclosures or agency complaints; and (b) the EPA inspection or violations at 825 Stewart Drive."*

- **RFP S2-No. 37:** *"All threat assessments, incident reports, or monitoring logs created by Apple or its contractors concerning Plaintiff, including any reference to: Social media activity; Slack discussions; Agency disclosures; Public organizing efforts between January 1, 2021 and September 30, 2021."*

- **RFP S2-No. 40:** *"All administrative access logs, audit trails, or monitoring records from Apple's internal systems (including Slack, Apple Mail, iMessage, project management tools, or admin dashboards) showing access to, interaction with, or administrative actions taken on Plaintiff's accounts, devices, or workspaces from March 1, 2021 to September 10, 2021."*

- **RFP S2-No. 41:** *"All logs or records showing who accessed, reviewed, or modified Plaintiff's email, Slack history, iMessage content, file shares, or internal communications during the same time period, including Date/time of access; System used; Identity or role of accessing user; Whether screenshots, archives, or downloads were created."*

- **RFP S2-No. 42:** *"All internal requests, tickets, or communications submitted by Apple employees to Apple's internal tech, security, or compliance teams to monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use, including any legal hold requests; IT monitoring triggers; surveillance justifications; Slack 'lookups' or search reports."*

- **RFP S2-No. 43:** *"All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups: Plaintiff's managers or direct supervisors; Apple's Human Resources (HR) personnel; Employee Relations (ER) team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021."*

- **RFP S2-No. 44:** *"All internal reports, summaries, or tracking notes created by Apple ER or HR relating to Plaintiff's conduct, speech, disclosures, or risk profile, including drafts and confidential annotations, from*

*Feb 2021 to Sept 2021."*

- **RFP S2-No. 54:** *"All documents, emails, messages, PR plans, or communications created by Apple's Communications, Public Relations, or Media Teams that mention Plaintiff; Refer to or track press coverage of Plaintiff; Propose or implement messaging strategies; coordinate with Legal, HR, or ER about Plaintiff's termination or complaints between February 1, 2021 and December 31, 2021."*

14.     Apple's response to each of these Requests asserts, in substance, the same positions: that whether Apple engaged in the conduct Plaintiff complained about is not relevant to her claims, whether Apple knew about the Plaintiff's complaints is not relevant, and how Apple responded to Plaintiff's complaints is not relevant. Apple has produced no documents responsive to any of these requests, and repeatedly stated it will not produce any documents responsive to any of these Requests.

# RELIEF REQUESTED

15.     Plaintiff requests that the Court: (1) order Apple to produce all documents responsive to RFP Nos. 7, 8, 9, 10 (Set One) and 23, 24, 28, 29, 30, 31, 32, 37, 40, 41, 42, 43, 44, 54 (Set Two) within fourteen (14) days; (2) order Apple to provide a complete and compliant privilege log for any documents withheld as privileged in response to these Requests within the same period.

16.     In the event Apple fails to comply with the Court's order, issue an evidence sanction deeming established that Plaintiff engaged in EHS protected activity as described in the Fifth Amended Complaint, including internal and external complaints about conditions at 825 Stewart Drive and 3250 Scott Blvd.; and Apple was aware of that protected activity prior to the adverse employment actions taken against Plaintiff.

17.     The two facts that would be deemed admitted (that Plaintiff engaged in EHS protected activity and that Apple knew about it) are precisely the facts Apple is refusing to allow discovery on. Having chosen to obstruct that discovery, Apple should not be permitted to contest those facts at trial.


Respectfully submitted,


**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 16 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

## [PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST
## TO COMPEL PRODUCTION OF DOCUMENTS

Having considered Plaintiff's letter brief and the record in this matter, the Court ORDERS as follows:

**1.** Defendant Apple Inc. shall produce all documents responsive to Request for Production Nos. 7, 8, 9, 10, (Set One) and 23, 24, 28, 29, 30, 31, 32, 37, 40, 41, 42, 43, 44, 54 (Set Two) no later than fourteen (14) days from the date of this Order.

**2.** To the extent Defendant withholds any documents responsive to these Requests on grounds of privilege or work product, Defendant shall serve a complete and compliant privilege log identifying all withheld materials in accordance with Fed. R. Civ. P. 26(b)(5)(A) no later than fourteen (14) days from the date of this Order. Failure to provide a compliant privilege log within that period shall constitute waiver of any privilege or work product objection as to documents responsive to these Requests.

**3.** In the event Defendant fails to comply with this Order, the Court will deem established for purposes of this action that: (a) Plaintiff engaged in environmental, health, & safety-related protected activity as described in the Fifth Amended Complaint, including internal and external complaints about conditions at 825 Stewart Drive and 3250 Scott Blvd; and (b) Defendant was aware of that protected activity prior to the adverse employment actions taken against Plaintiff.

IT IS SO ORDERED.

Dated: _____

_____

HON. KANDIS A. WESTMORE
United States Magistrate Judge