Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*, | **CASE NO.** **3:23-CV-04597-EMC (KAW)** |
| Plaintiff, | |
| vs. | **DECLARATION & EXHIBITS IN SUPPORT OF DISCOVERY LETTER** |
| **APPLE INC.**, *a corporation*, | **RE: PLAINTIFF'S REQUEST FOR PRODUCTION NO. SET ONE: 7, 8, 9, & 10; SET TWO: 23, 24, 28, 29, 30, 31, 32, 37, 40, 41, 42, 43, 44, & 54** |
| Defendant. | |

**DECLARATION & EXHIBITS IN SUPPORT OF PLAINTIFF'S LETTER RE: DEFENDANT'S REFUSAL TO PRODUCE DOCUMENTS RELATED TO PLAINTIFF'S PROTECTED ACTIVITY**

I, Ashley M. Gjovik, declare as follows:

1. I am the Plaintiff in this action, proceeding in propria persona. I have personal knowledge of the facts set forth in this declaration and could testify competently thereto if called as a witness.

2. Attached hereto as **Exhibit A** are true and correct copies of Defendant Apple Inc.'s responses to Plaintiff's Requests for Production, specifically:

   - Defendant's Responses to Plaintiff' Set One Requests for Production (served November 29, 2024), including responses to RFP Nos. 7, 8, 9, and 10; and

   - Defendant's Responses to Plaintiff's Set Two Requests for Production (served May 27, 2025), including responses to RFP Nos. 23, 24, 28, 29, 30, 31, 32, 37, 40, 41, 42, 43, 44, and 54.

3. Attached hereto as **Exhibit B** are true and correct copies of meet and confer correspondence between the parties regarding the above Requests, including Plaintiff's written request dated February 26, 2026, Defendant's counsel's response dated March 5, 2026, and Plaintiff's follow-up dated March 6, 2026, to which no response was received.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 16 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT A

VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent it seeks disclosure of confidential, sensitive, and private information about third parties. *See* Fed. R. Civ. P. 26(c).

Subject to and without waiving the forgoing objections, Defendant understands this Request to seek all documents concerning the August 2021 Issue Confirmation sent between Plaintiff and Defendant, including drafts. Defendant will produce all responsive, non-privileged documents located after a reasonably diligent search as they are kept in the usual course of business subject to entry of an appropriate protective order in this matter.

**REQUEST FOR PRODUCTION NO. 6:**

The Business Conduct system record for Complainant's August 2021 Business Conduct Complaint including any notes, updates, status, and/or resolution. Also any emails were sent by Business Conduct about the Complaint through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant does not have any documents responsive to this Request because the Business Conduct complaint that Gjovik filed in August 2021 (regarding a separate alleged conflict of interest) is not related to Plaintiff's claims presently at issue in the 4AC and as defined in the Court's October 1, 2024 Order. *See* Dkt. 112 at 38-41.

**REQUEST FOR PRODUCTION NO. 7:**

All indoor air testing results and reports, air test plans, cracked slab repair plans, cracked slab inspection reports, cracked slab sealing reports, SSD/SSV maintenance reports, engineer certifications of work performed, invoices, work orders, related to the CERCLA engineering controls at 825 Stewart Drive from Jan 1 2021 through Sept 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count

APPLE'S RESPONSES TO PLAINTIFF'S PART 1,
REQUEST FOR PRODUCTION OF PHASE 1
DISCOVERY [23-cv-4597-EMC]

VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

Any status report, meeting notes, or other type of summary sent to or from Gjovik's management chain and/or Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares concerning the August 19 2021 US EPA inspection of 825 Stewart Drive, from July 25 2021 through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

All documents in possession of Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Atone Jain, Michael Seiger, or Tom Huynh that concern both the Plaintiff and the property at 3250 Scott Blvd, from Sept. 1 2020 through Spet. [*sic*] 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41.

Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:**

Any "safety plan" or "EHS plan" or "operations and maintenance plan" for 825 Stewart Drive or 3250 Scott Blvd in place between Jan. 1 2020 and Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objections, Defendant understands this Request to seek documents regarding Defendant's voluntarily vapor intrusion mitigation program at 825 Stewart Dr. and/or 3250 Scott Blvd. Defendant has already produced all responsive documents located after a reasonably diligent search between Defendant and Plaintiff during her employment regarding Defendant's voluntary vapor intrusion mitigation program at 825 Stewart Dr.: APL-GAELG_00000530, APL-GAELG_00000556, APL-GAELG_00000560, APL-GAELG_00000564, APL-GAELG_00000567, APL-GAELG_00000582, APL-GAELG_00000591, APL-GAELG_00000621, APL-GAELG_00000664, APL-GAELG_00000676, APL-GAELG_00000705, APL-GAELG_00000717, APL-GAELG_00000771, APL-GAELG_00000775, APL-GAELG_00000798, APL-GAELG_00000806, APL-GAELG_00000830, APL-GAELG_00000869, APL-GAELG_00000878, APL-GAELG_00000946, APL-GAELG_00000948, APL-

1  GAELG_00000950,        APL-GAELG_00000955,        APL-GAELG_00000959,        APL-

2  GAELG_00001186,        APL-GAELG_00001190,        APL-GAELG_00001200,        APL-

3  GAELG_00001205,        APL-GAELG_00001208,        APL-GAELG_00001361,        APL-

4  GAELG_00001377, APL-GAELG_00001391, and APL-GAELG_00001509.

5          Defendant is not producing any documents regarding the voluntary vapor intrusion

6  mitigation program at 825 Stewart Dr. that were not provided to Plaintiff during her employment,

7  as they are not responsive to Plaintiff's claims presently at issue in the 4AC and as defined in the

8  Court's October 1, 2024 Order. *See* Dkt. 112 at 38-41. Nor is Defendant producing any documents

9  regarding 3250 Scott Blvd., as they are also not relevant to the claims properly at issue in the 4AC

10  and as defined in the Court's October 1, 2024 Order. *See id.*

11  **REQUEST FOR PRODUCTION NO. 11:**

12          All documents or communications with Gjovik's management chain, Helen Polkes, Jenna

13  Waibel, Ekelemchi Okpo, or Tony Lagares, concerning Complainant's 2021 mid-year performance

14  review, dated from Jan 1 2021 through Sept. 10 2021.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

16          Defendant does not have any documents responsive to this Request because Defendant did

17  not conduct a mid-year performance review for Plaintiff in 2021.

18  **REQUEST FOR PRODUCTION NO. 12:**

19          All documents or communications with Gjovik's management chain, Helen Polkes, Jenna

20  Waibel, Ekelemchi Okpo, or Tony Lagares, concerning Complainant's 2021 annual performance

21  review and compensation determination dated from Jan 1 2021 through Sept. 10 2021. This

22  includes the peer feedback received in the HR tool from Gjovik's peers, and any drafts of the review

23  in that tool.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

25          Defendant objects to this Request to the extent it seeks information protected from

26  disclosure by the attorney-client privilege and/or attorney work product doctrine.

27

28

1    is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at

2    *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006

3    WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015

4    WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that

5    it seeks documents, including but not limited to ESI, that is not proportional to the needs of the

6    case.

7    **REQUEST FOR PRODUCTION NO. 29:**

8        All video surveillance footage, security camera recordings, or internal access logs showing

9    activity in or around Plaintiff's office, work area, or assigned workspace at 825 Stewart Drive,

10   including: Floor repairs; Crack sealing; HVAC or environmental testing; Construction or

11   remediation work. Between May 1, 2021 and September 10, 2021. Note: To the extent Apple claims

12   any footage was deleted, altered, or is inaccessible, Plaintiff requests identification of the system

13   used, retention policies, last known location of footage, and whether any hold or preservation

14   request was ever implemented.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

16       Apple objects to this Request on the grounds that it is vague and ambiguous, including but

17   not limited to the phrases "internal access logs," "activity," "Plaintiff's office," "Plaintiff's … work

18   area," "floor repairs," "crack sealing," "environmental testing," and "construction or remediation

19   work." Apple objects to this Request to the extent it seeks documents protected by the attorney-

20   client privilege and/or the attorney work product doctrine. Apple objects to this Request on the

21   grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is

22   overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or

23   her purported complaints. The request is overbroad as to time because it seeks "all video

24   surveillance footage [and] security camera recordings … showing activity in or around Plaintiff's

25   office" over a nearly five-month period. Apple objects to this Request on the grounds that it seeks

26   information not relevant nor reasonably calculated to lead to the discovery of admissible

27   information. Plaintiff appears to seek "video surveillance footage, security camera recordings, or

28   internal access logs showing activity in or around Plaintiff's office, work area, or assigned

1   workspace at 825 Stewart Drive, including: Floor repairs; Crack sealing; HVAC or environmental

2   testing; Construction or remediation work" to try to prove that Apple engaged in the conduct that

3   she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that

4   Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs*.,

5   07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc*.,

6   1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v.*

7   *Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple

8   objects to this Request on the grounds that it seeks documents, including but not limited to ESI,

9   that is not proportional to the needs of the case.

10  **REQUEST FOR PRODUCTION NO. 30:**

11          All documents, communications, calendar entries, meeting agendas, security logs, or visitor

12  records relating to or preparing for the EPA inspection of Apple's 825 Stewart Drive site, received

13  by or sent to Apple between July 25, 2021 and August 20, 2021, including: Notice of EPA

14  inspection; Internal planning emails or meetings; Notes regarding facility preparation;

15  Communications with EPA Region 9; Any mention of Plaintiff's workspace or prior complaints in

16  connection with that inspection.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

18          Apple objects to this Request on the grounds that it is vague and ambiguous, including but

19  not limited to the phrases "security logs," "notice of EPA inspection," and "facility preparation."

20  Apple objects to this Request to the extent it seeks documents protected by the attorney-client

21  privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds

22  that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad

23  as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her

24  purported complaints. Apple objects to this Request on the grounds that it seeks information not

25  relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff

26  appears to seek documents relating to "the EPA inspection of Apple's 825 Stewart Drive site" to

27  try to prove that Apple engaged in the conduct that she purportedly complained of; however,

28  whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not

1  relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5

2  (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL

3  8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL

4  3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it

5  seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

6  **REQUEST FOR PRODUCTION NO. 31:**

7      All internal documents, messages, emails, legal memos, or investigative notes discussing

8  the August 19, 2021 EPA inspection of 825 Stewart Drive, including any reference to Plaintiff, her

9  former office, her prior complaints, or any environmental hazards, as well as: site preparation steps

10  or remediation taken before the inspection; results or feedback from the inspection; any post-

11  inspection action plan or discussion of violations; discussion of Plaintiff's prior warnings being

12  substantiated.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

14      Apple objects to this Request on the grounds that it is vague and ambiguous, including but

15  not limited to the phrases "any environmental hazards," "site preparation steps," "remediation,"

16  and "prior warnings being substantiated." Apple objects to this Request to the extent it seeks

17  documents protected by the attorney-client privilege and/or the attorney work product doctrine.

18  Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly

19  burdensome as a result. The request is overbroad as to scope because it seeks documents regardless

20  of whether they pertain to Plaintiff or her purported complaints. Apple objects to this Request on

21  the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery

22  of admissible information. Plaintiff appears to seek documents relating to "the EPA inspection of

23  Apple's 825 Stewart Drive site" to try to prove that Apple engaged in the conduct that she

24  purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff

25  purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C

26  1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-

27  CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*,

28  1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

1  Request on the grounds that it seeks documents, including but not limited to ESI, that is not
2  proportional to the needs of the case.

3  **REQUEST FOR PRODUCTION NO. 32:**

4      All internal Apple communications or reports between July 25, 2021 and September 10,
5  2021, referencing both: (a) Plaintiff's disclosures or agency complaints; and (b) the EPA inspection
6  or violations at 825 Stewart Drive.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

8      Apple objects to this Request on the grounds that it is vague and ambiguous, including but
9  not limited to the phrases "disclosures" and "agency complaints." Apple objects to this Request to
10 the extent it seeks documents protected by the attorney-client privilege and/or the attorney work
11 product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and
12 unduly burdensome as a result. The request is overbroad as to scope because it seeks documents
13 regardless of whether they pertain to Plaintiff or her purported complaints. Apple objects to this
14 Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to
15 the discovery of admissible information. Plaintiff appears to seek documents relating to "the EPA
16 inspection or violations at 825 Stewart Drive" to try to prove that Apple engaged in the conduct
17 that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that
18 Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs*.,
19 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc*.,
20 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v.
21 Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple
22 objects to this Request on the grounds that it seeks documents, including but not limited to ESI,
23 that is not proportional to the needs of the case.

24 **REQUEST FOR PRODUCTION NO. 33:**

25     All documents, communications, messages, email threads, or meeting notes reflecting EPA
26 Region 9's initial outreach or notification to Apple in or around March 2021 regarding Plaintiff's
27 complaint or environmental concerns at 825 Stewart Drive.

28

1    information. Apple objects to this Request on the grounds that it seeks documents, including but

2    not limited to ESI, that is not proportional to the needs of the case.

3    **REQUEST FOR PRODUCTION NO. 23:**

4        All internal audits, assessments, or reports concerning environmental hazards, chemical

5    exposure, vapor intrusion, or air quality testing at Apple's 825 Stewart Drive and 3250 Scott

6    Boulevard campuses between January 1, 2019 and the present.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

8        Apple objects to this Request on the grounds that it is vague and ambiguous, including but

9    not limited to the phrases "internal audits, assessments, or reports," "environmental hazards," and

10   "chemical exposure." Apple objects to this Request to the extent it seeks documents protected by

11   the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this

12   Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result.

13   The request is overbroad as to scope because it seeks documents regardless of whether they pertain

14   to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks

15   documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple

16   objects to this Request on the grounds that it seeks information not relevant nor reasonably

17   calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents

18   regarding "environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825

19   Stewart and 3250 Scott to try to prove that Apple engaged in the conduct that she purportedly

20   complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly

21   complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL

22   3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-

23   JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-

24   LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the

25   grounds that it seeks documents, including but not limited to ESI, that is not proportional to the

26   needs of the case.

27   **REQUEST FOR PRODUCTION NO. 24:**

28       All communications, reports, or correspondence between Apple and any environmental

- 30 -

1    contractor (including air quality, chemical, EH&S, or facilities consultants) regarding vapor

2    intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety

3    concerns at 825 Stewart or 3250 Scott.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

5         Apple objects to this Request on the grounds that it is vague and ambiguous, including but

6    not limited to the phrases "environmental contractor," "air quality, chemical EH&S, or facilities

7    consultants," and "cracks in slab or mitigation systems." Apple objects to this Request to the extent

8    it seeks documents protected by the attorney-client privilege and/or the attorney work product

9    doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and

10   unduly burdensome as a result. The request is overbroad as to scope because it seeks documents

11   regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad

12   as to time because it seeks documents "created, sent, received, revised, or in effect between January

13   1, 2020 and the present," which includes documents that pre-date Plaintiff's purported complaints

14   and post-date her termination. Apple objects to this Request on the grounds that it seeks information

15   not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff

16   appears to seek documents regarding "vapor intrusion; Superfund status; site contamination; cracks

17   in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott" to try to prove that

18   Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact,

19   engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims.

20   *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008);

21   *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga.

22   May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal.

23   June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but

24   not limited to ESI, that is not proportional to the needs of the case.

25   **REQUEST FOR PRODUCTION NO. 25:**

26        All internal Apple communications referencing or discussing EPA inspections, Cal/OSHA

27   complaints, or CDPH investigations at 825 Stewart or 3250 Scott, from 2019 to present, including

28   logs of agency visits, follow-ups, or enforcement actions.

1    Subject to and without waiving any of its objections, Apple responds: Apple has conducted

2    a diligent search and reasonable inquiry and has produced all non-privileged documents in its

3    possession, custody, or control relating to the decision to terminate Plaintiff's employment

4    involving Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Aleks Kagramanov,

5    Yannick Bertolus, Megan Bowman, Adelmise Warner, Joni Reicher and Jen Waldo through

6    September 10, 2021.

7    **REQUEST FOR PRODUCTION NO. 37:**

8    All threat Assessments, incident reports, or monitoring logs created by Apple or its

9    contractors concerning Plaintiff, including any reference to: Social media activity; Slack

10   discussions; Agency disclosures; Public organizing efforts between January 1, 2021 and September

11   30, 2021.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

13   Apple objects to this Request on the grounds that it is vague and ambiguous, including but

14   not limited to the terms "threat Assessments," "incident reports," "monitoring logs," "contractors,"

15   "Social media activity," "Agency disclosures," and "Public organizing efforts." Apple objects to

16   this Request to the extent it seeks documents protected by the attorney-client privilege and/or the

17   attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in

18   scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds

19   that it seeks information not relevant nor reasonably calculated to lead to the discovery of

20   admissible information. Apple objects to this Request on the grounds that it seeks documents,

21   including but not limited to ESI, that is not proportional to the needs of the case.

22   **REQUEST FOR PRODUCTION NO. 38:**

23   All documents reflecting Apple's internal justification(s) for removing Plaintiff from

24   meetings, Slack channels, emails, messages, or work projects between March 2021 and August

25   2021, including Slack admin logs; Access control notices; Manager instructions; Explanations

26   offered to coworkers.

27

28

1   terminate Plaintiff's employment involving Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony

2   Lagares, Aleks Kagramanov, Yannick Bertolus, Megan Bowman, Adelmise Warner, Joni Reicher

3   and Jen Waldo through September 10, 2021.

4   **REQUEST FOR PRODUCTION NO. 40:**

5         All administrative access logs, audit trails, or monitoring records from Apple's internal

6   systems (including Slack, Apple Mail, iMessage, project management tools, or admin dashboards)

7   showing access to, interaction with, or administrative actions taken on Plaintiff's accounts, devices,

8   or workspaces from March 1, 2021 to September 10, 2021.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

10        Apple objects to this Request on the grounds that it is vague and ambiguous, including but

11  not limited to the phrases "administrative access logs," "audit trails," "monitoring records, "project

12  management tools," "admin dashboards, "interaction with," "administrative actions taken on,"

13  "Plaintiff's accounts, "Plaintiff's ... devices," and "Plaintiff's ... workspaces." Apple objects to this

14  Request to the extent it seeks documents protected by the attorney-client privilege, the attorney

15  work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds

16  that it is overbroad in scope and time and unduly burdensome as a result. The Request seeks "all

17  administrative access logs, audit trails, or monitoring records" from a broad array of internal

18  systems "showing access to ... Plaintiff's accounts, devices, or workspaces." The Request is not

19  limited to specific "accounts, devices, or workspaces," much less the specific content on those

20  "accounts, devices, or workspaces" that was allegedly accessed, etc. The Request is also not limited

21  to specific dates or incidents. Apple objects to this Request on the grounds that it seeks information

22  not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple

23  objects to this Request on the grounds that it seeks documents, including but not limited to ESI,

24  that is not proportional to the needs of the case.

25  **REQUEST FOR PRODUCTION NO. 41:**

26        All logs or records showing who accessed, reviewed, or modified Plaintiff's email, Slack

27  history, iMessage content, file shares, or internal communications during the same time period,

28  including Date/time of access; System used; Identity or role of accessing user; Whether screenshots,

requests, tickets, or communications" sent to Apple's tech, security, or compliance teams to "monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use" and is not limited to dates or incidents. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 43:**

All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups: Plaintiff's managers or direct supervisors; Apple's Human Resources (HR) personnel; Employee Relations (ER) team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to "managers and direct supervisors," "Security personnel," "internal investigations teams," "any executive team," and "risk management personnel."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "all internal communications, messages, emails, notes, summaries or reports exchanged between or among ... Apple Legal or internal investigations teams,", et al, and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request clearly attempts to seek privileged

1    communications, it is improper under FRCP 26. Apple will not search, review, or produce

2    documents responsive to this part of this Request beyond the documents and communications

3    already reviewed and produced, nor will Apple identify any additional documents in a privilege

4    log, to the extent any exist, as a result of this improper Request.

5         Apple objects to this Request on the grounds that it is overbroad in scope and time and

6    unduly burdensome as a result. The request is overbroad as to scope because Apple has many

7    "Human Resources," "Employee Relations," "Security," "Legal," and other employees;

8    accordingly, it would be unduly burdensome to search for responsive documents in the possession

9    of such Apple employees. Apple objects to this Request on the grounds that it seeks information

10   not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple

11   objects to this Request on the grounds that it seeks documents, including but not limited to ESI,

12   that is not proportional to the needs of the case.

13   **REQUEST FOR PRODUCTION NO. 44:**

14        All internal reports, summaries, or tracking notes created by Apple ER or HR relating to

15   Plaintiff's conduct, speech, disclosures, or risk profile, including drafts and confidential

16   annotations, from Feb 2021 to Sept 2021.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

18        Apple objects to this Request on the grounds that it is vague and ambiguous, including but

19   not limited to the phrase "[a]ll internal reports, summaries, or tracking notes," "Plaintiff's conduct,

20   speech, disclosures, or risk profile" and "drafts and confidential annotations." Apple objects to this

21   Request to the extent it seeks documents protected by the attorney-client privilege and/or the

22   attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in

23   scope and time and unduly burdensome as a result. The request is overbroad as to scope because

24   Apple has many "ER or HR" employees; accordingly, it would be unduly burdensome to search

25   for responsive documents in the possession of any "ER or HR" employee. Apple objects to this

26   Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to

27   the discovery of admissible information. Apple objects to this Request on the grounds that it seeks

28   documents, including but not limited to ESI, that is not proportional to the needs of the case.

1    Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner

2    between March 2021 and Plaintiff's termination.

3    **REQUEST FOR PRODUCTION NO. 54:**

4         All documents, emails, messages, PR plans, or communications created by Apple's

5    Communications, Public Relations, or Media Teams that mention Plaintiff; Refer to or track press

6    coverage of Plaintiff; Propose or implement messaging strategies; coordinate with Legal, HR, or

7    ER about Plaintiff's termination or complaints between February 1, 2021 and December 31, 2021.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

9         Apple objects to this Request on the grounds that it is vague and ambiguous, including but

10   not limited to the phrase "PR plans," "[p]ropose or implement messaging strategies" and

11   "coordinate with Legal, HR, or ER about Plaintiff's termination or complaints." Apple objects to

12   this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney

13   work product doctrine or calls for a legal conclusion. Plaintiff specifically requests all documents

14   related to coordination "with Legal." Apple objects to this Request on the grounds that it is

15   overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to

16   scope because Apple has many "Communications, Public Relations, or Media" employees;

17   accordingly, it would be unduly burdensome to search for responsive documents in the possession

18   of any such employee. Apple objects to this Request on the grounds that it seeks information not

19   relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects

20   to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not

21   proportional to the needs of the case. Apple objects to this Request on the grounds it is duplicative

22   of prior Requests.

23   **REQUEST FOR PRODUCTION NO. 55:**

24        All documents Apple contends support or justify its decisions to place Plaintiff on

25   administrative leave; restrict or monitor her internal communications; terminate her employment

26   including performance evaluations, disciplinary history, behavioral complaints, or policy

27   violations.

28

# EXHIBIT B

# RE: Gjovik v Apple, Case No. 3:23-CV-04597-EMC — Status of Document Production

| | |
|---|---|
| From | Riechert, Melinda <mriechert@orrick.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>, Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Booms, Ryan<rbooms@orrick.com>, Perry, Jessica R.<jperry@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com> |
| Date | Thursday, March 5th, 2026 at 9:24 PM |

Ashley,

We disagree with many of the assertions in your email regarding Apple's discovery responses and production.

Apple has produced numerous documents responsive to your RFPs across multiple production volumes and Apple continues to search for potentially responsive documents and will supplement its productions (and its privilege log) if and as appropriate, and consistent with the applicable rules and court-ordered fact discovery cut-off.

With respect to the two specific RFPs you mention:

- RFP No. 20 (Set Two) does not seek "the very policies under which Defendant claims to have taken the adverse employment action at issue" (and in any event, Apple has produced the policies related its decision to terminate your employment). Rather, RFP No. 20 (Set Two) seeks "policies … that reference public or private discussion of wages or working conditions; message content monitoring; restrictions on employee organizing or complaints; internal media, press, or government outreach protocol." Apple properly objected to this RFP on numerous grounds, including that such policies are not relevant to this case.
- Apple also properly objected to RFP No. 23—which seeks "reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart and 3250 Scott"—on numerous grounds, including that "whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims."

To the extent you would like to meet and confer about Apple's objections and responses to RFP No. 20 or 23 or any other specific RFPs, please follow the process contemplated by Judge Westmore's order governing discovery disputes.

**Melinda Riechert**

<span style="color:green">Partner</span>

<u>Orrick</u>

Silicon Valley

T 650/614-7423
M 650 759 1929
<u>mriechert@orrick.com</u>

[EXTERNAL]

Counselors,

I write to you to confirm the status of the Defendant's document production in *Gjovik v Apple,* Case No. 3:23-CV-04597-EMC .

The Plaintiff served two sets of Requests for Production in this case: Plaintiff's Part 1, Request for Production, of Phase 1 Discovery, served October 30, 2024; and Plaintiff's Request for Production of Documents, Set Two, served April 25, 2025.

The Defendant served responses to the Phase 1 requests on November 29, 2024, and responses to Set Two on May 27, 2025. In those responses, Defendant lodged various objections and, in numerous instances, either produced no responsive documents, claimed it would not even look for the stated documents, and/or indicated that it was

# Gjovik v Apple, Case No. 3:23-CV-04597-EMC — Status of Document Production

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Thursday, February 26th, 2026 at 9:24 PM |

Counselors,

I write to you to confirm the status of the Defendant's document production in *Gjovik v Apple,* Case No. 3:23-CV-04597-EMC .

The Plaintiff served two sets of Requests for Production in this case: Plaintiff's Part 1, Request for Production, of Phase 1 Discovery, served October 30, 2024; and Plaintiff's Request for Production of Documents, Set Two, served April 25, 2025.

The Defendant served responses to the Phase 1 requests on November 29, 2024, and responses to Set Two on May 27, 2025. In those responses, Defendant lodged various objections and, in numerous instances, either produced no responsive documents, claimed it would not even look for the stated documents, and/or indicated that it was continuing to search for responsive materials and may supplement its production but generally produced nothing more.

As of today the Defendant still has not produced most documents related to the prima facie elements of the claims in this case, or Defendant's stated reason for the termination, or its affirmative defenses, or even clearly relevant requests such as records related to the employer's response to EPA's notice that it would be inspecting the employee's office due to the employee's complaints, which occurred only a few days prior to the employee being placed on leave, and then subsequently terminated shortly after the EPA inspection occurred and found health/safety issues. Apple still has refused to provide <u>any</u> documents regarding this matter.

However, in at least two instances, Defendant initially indicated it would not produce documents  responsive to a particular request, claiming the documents don't exist and/or it won't look for them, but then subsequently produced some responsive materials.

It has now been approximately nine months since Defendant's most recent formal response. The Plaintiff has significant concerns about the adequacy of Defendant's production across both sets of requests. By way of example only, and without limitation:
- Request for Production No. 20 (Set Two) sought all policies, guidelines, or instructions referencing employee discussion of wages or working conditions, message monitoring, restrictions on employee complaints, and related protocols — including the very policies under which Defendant claims to have taken the adverse employment action at issue. Defendant refused production in its entirety. Defendant cannot rely on policies as the basis for its employment decision while simultaneously refusing to produce them.
- Request for Production No. 23 (Set Two) sought internal audits, assessments, or reports concerning environmental hazards at two of Defendant's facilities where the Plaintiff was injured — documents going to

the core of some of Plaintiff's protected disclosures and Defendant's knowledge thereof. Defendant refused production in its entirety.

These are illustrative of broader deficiencies across Defendant's responses to both sets of requests, which Plaintiff intends to address comprehensively once the status of production is confirmed.

Plaintiff also notes that with respect to multiple requests, Defendant asserted privilege as a basis for withholding documents but has not produced a privilege log with those records included, as required by Federal Rule of Civil Procedure 26(b)(5)(A). Plaintiff also needs to update her privilege log and provide a copy to Defendants, so this email simply request assurance Defendants will work on this and promptly produce an expanded log.

Plaintiff also still intends to notice Defendant's Rule 30(b)(6) deposition but only following the completion of document production, so that examination may proceed on a complete record.

Accordingly, please confirm in writing within five (5) business days of this letter whether Defendant is still in the process of collecting or reviewing documents responsive to any outstanding request from either of the two sets. If so, please identify which specific requests remain under review and provide an anticipated completion date. If certain requests are closed, please confirm which requests are complete, particularly where Defendant's prior response indicated it would continue searching.

If I do not receive a response within that timeframe, Plaintiff will understand Defendant's production to be complete as to all outstanding requests and will proceed accordingly, including with respect to the full scope of Plaintiff's concerns regarding the adequacy of Defendant's production and will start meet/confer for any necessary future motion practice.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.