JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE PROTECTIVE ORDER**<br><br>Date:  April 2, 2026<br>Time:  1:30 p.m.<br>Dept:  Courtroom TBD<br>    1301 Clay Street<br>    Oakland, CA 94612<br>Judge:  Honorable Kandis A. Westmore |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 2

    A.    Plaintiff's Refusal to Follow this Court's Orders Must Have Consequences ......... 2

    B.    Plaintiff Does Not Dispute that She Publicized Information Apple Designated as Confidential Prior to Any Ruling on Her Challenges to Apple's Designations ................................................................................................ 3

    C.    None of Plaintiff's Meritless Arguments Warrant Any Other Outcome ................ 4

        1.    Plaintiff's Misconduct is Not Excused ......................................................... 5

        2.    Plaintiff Cannot Avoid the Process Set Forth in the Protective Order By Simply Claiming the Designations are Invalid ..................................... 6

        3.    Apple's Termination Decision is Irrelevant to this Motion ......................... 6

        4.    Plaintiff Cannot Evade the Protective Order By Incanting the NLRA ....................................................................................................... 7

        5.    Plaintiff's First Amendment Arguments Are Misplaced ............................ 8

        6.    The Protective Order is Enforceable Via Motion ....................................... 8

        7.    This Court has Jurisdiction to Enforce its Orders ...................................... 9

        8.    Apple is Not Seeking Relief for an Unpled Counterclaim ........................ 10

        9.    Plaintiff's Unclean Hands Arguments are Intentionally Misleading ........ 11

III.  CONCLUSION .......................................................................................................... 12

DEFENDANT APPLE INC.'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
No. 511CV01846LHKPSG, 2014 WL 12596470 (N.D. Cal. Jan. 29, 2014) .......................... 9

*Barrington v. United Airlines, Inc.*,
339 F.R.D. 644 (D. Colo. 2021)................................................................................................ 7

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002)................................................................................................... 3

*Collateral Analytics LLC v. Nationstar Mortg. LLC*,
No. 18-CV-00019-RS (JSC), 2019 WL 3779191 (N.D. Cal. Aug. 12, 2019) ....................... 11

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018) ........................................................................................................... 7, 10

*In re Furlong*,
437 B.R. 712 (D. Mass. 2010), *aff'd*, 660 F.3d 81 (1st Cir. 2011) .......................................... 9

*Gasprom, Inc. v. Fateh (In re Gasprom, Inc.)*,
500 B.R. 598 (B.A.P. 9th Cir. 2013)......................................................................................... 9

*Gonzales v. Charter Commc'ns*,
LLC, No. 2:20-CV-08299-SB-AS, 2022 WL 570003 (C.D. Cal. Jan. 26, 2022) .................... 6

*Harmston v. City & Cnty. of San Francisco*,
No. C 07-01186SI, 2007 WL 3306526 (N.D. Cal. Nov. 6, 2007), *order
clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008) .......................... 5, 6

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
403 F.3d 683 (9th Cir. 2005)..................................................................................................... 5

*I.F. v. City of Vallejo*,
No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054 (E.D. Cal. Feb. 16, 2021).......................... 6

*Justin v. Invent Help*,
No. 25-CV-03527-PHK, 2025 WL 3907743, at *1 (N.D. Cal. Nov. 24, 2025),
*report and recommendation adopted*, No. 25-CV-03527-TLT, 2025 WL
3907737 (N.D. Cal. Dec. 12, 2025) ........................................................................................... 5

*In re Kupperstein*,
994 F.3d 673 (1st Cir. 2021) ...................................................................................................... 9

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

;

*Lehman Com. Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC)*,
    654 F.3d 868 (9th Cir. 2011) ................................................................................................ 10

*Link v. Wabash R.R. Co.*,
    370 U.S. 626 (1962) .............................................................................................................. 5

*Lipscher v. LRP Publ'ns, Inc.*,
    266 F.3d 1305 (11th Cir. 2001) ............................................................................................ 9

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) .............................................................................................. 9

*Ma v. San Francisco Estuary Inst.*,
    No. 23-CV-05060-JCS, 2026 WL 388720 (N.D. Cal. Feb. 11, 2026) .................................... 4

*Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*,
    892 F.2d 575 (7th Cir. 1989) .............................................................................................. 10

*Moreno v. UtiliQuest, LLC*,
    29 F.4th 567 (9th Cir. 2022) ................................................................................................ 8

*Municipality of San Juan v. Puerto Rico*,
    919 F.3d 565 (1st Cir. 2019) ................................................................................................ 9

*Poor v. Starbucks Corp.*,
    No. 22-CV-7255-ARR-JRC, 2024 WL 1347394 (E.D.N.Y. Mar. 29, 2024),
    *aff'd*, No. 22-CV-7255 (ARR) (JRC), 2024 WL 3401421 (E.D.N.Y. July 12,
    2024) ................................................................................................................................... 10

*Pub. Citizen v. Liggett Grp., Inc.*,
    858 F.2d 775 (1st Cir. 1988) ................................................................................................ 8

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984) ................................................................................................................ 8

*Somers v. Digital Realty Tr. Inc.*,
    No. 14CV05180EMCKAW, 2018 WL 2134020 (N.D. Cal. May 9, 2018) .............................. 8

*Thompson v. Equifax*,
    No. 24-CV-08904-VC (PHK), 2025 WL 3089068, at *3 (N.D. Cal. Sept. 30,
    2025), *report and recommendation adopted*, No. 24-CV-08904-VC, 2025 WL
    3089062 (N.D. Cal. Oct. 20, 2025) ........................................................................................ 5

*United States v. Bulger*,
    283 F.R.D. 46 (D. Mass. 2012) ............................................................................................ 8

*Yellow Express, LLC v. Dingley (In re Dingley)*,
    852 F.3d 1143 (9th Cir. 2017) .............................................................................................. 9

**Statutes**

11 U.S.C. § 362(a)(1) ............................................................................................................ 9

11 U.S.C. § 362(a)(6) ............................................................................................................ 9

11 U.S.C. § 362(c) ................................................................................................................. 9

28 U.S.C. § 636(b)(1) .......................................................................................................... 10

National Labor Relations Act ....................................................................................... 1, 7, 8, 10

Norris-Laguardia Act ........................................................................................................... 10

**Other Authorities**

Fed R. Civ. P. 11 ................................................................................................................. 10

Fed R. Civ. P. 26(c) ........................................................................................................... 8, 9

Fed. R. Civ. P. 37 ................................................................................................................. 9

Fed. R. Civ. P. 41(b) ............................................................................................................ 5

Local Rule 3-4(c)(2) .............................................................................................................. 2

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

## I.　　**<u>INTRODUCTION</u>**

This is a simple motion. Plaintiff's late-filed and overlength opposition never addresses the single issue at hand. She does not deny that Apple designated certain information from her deposition as Confidential, and she does not deny that she publicized (and continues to publicize) that same information prior to this Court making any determination about whether to retain Apple's designations. Plaintiff plainly violated the Protective Order in these circumstances.

Plaintiff instead attempts to excuse her blatant, deliberate, and repeated violations of the Protective Order by suggesting that the information she shared is not subject to that order and cannot be considered Confidential—and that even if it were, this Court would be impotent to stop her. According to Plaintiff, she is free to do whatever she wants if she simply disagrees with Apple's confidentiality designations, or styles her misconduct as authorized by the National Labor Relations Act ("NLRA"). Plaintiff is wrong. She is not free to disobey this Court's orders, rules, and processes. The law is clear; the propriety of Apple's designations is irrelevant to whether Plaintiff violated the Protective Order because the Protective Order expressly requires Plaintiff to treat any information Apple designated as Confidential until this Court rules otherwise. The process in place imposes obligations on parties to respect Confidential designations while the challenge process plays out, rather than preemptively disclose the very information that is the subject of the dispute. Nothing Plaintiff argues exempts her from this obligation, and she plainly violated it.

Undeterred by this Court's instruction to follow the process set forth in the Protective Order at the parties' February 20, 2026 conference, Plaintiff has continued to violate the Protective Order *in nearly every filing since that conference*, including her opposition to this Motion. *See* Dkt. Nos. 297, 301, 301-1, 302, 302-1, 302-2, 306, 307, 307-1. This must stop. Apple respectfully requests this Court enter an order finding Plaintiff in violation of the Protective Order; directing Plaintiff to take down designated material; and removing from the public docket those of Plaintiff's filings that are riddled with material designated as Confidential under the Protective Order until the Court rules on those designations and more limited redactions can be applied, while strictly admonishing Plaintiff for her latest violations of this Court's orders, rules, and processes.

## II.    ARGUMENT

### A.    Plaintiff's Refusal to Follow this Court's Orders Must Have Consequences.

Plaintiff's opposition once again reflects a bad faith attempt to evade this Court's page limits and rules. Plaintiff's untimely "corrected" opposition (Dkt. No. 307) is one page over the 25-page limit and contains 31 lines per page (three more than the 28 lines per page mandated by the local rules). *See* Local Rule 3-4(c)(2). And Plaintiff was only able to trim it down that far from the 35-page version she had timely filed (*see* Dkt. No. 306) by manipulating the font and formatting more than she had already done. *Compare* Dkt. No. 306 ¶ 1 *with* Dkt. No. 307 ¶ 1 (the same sentences have more words per line in the "corrected" filing). If Plaintiff had adhered to this Court's formatting requirements, her opposition likely would have exceeded 50 pages. Furthermore, her "corrected" filing (Dkt. No. 307) did not simply fix things like the missing table of authorities; it is a complete rewrite of her brief and arguments, as the table of contents in each aptly demonstrate. She simply ignored the deadline and chose to submit an entirely new (and still flagrantly non-compliant) opposition late.

Plaintiff has defied this Court's orders, rules, and processes at every stage of this litigation and shows no indication she will stop. This Court has already repeatedly admonished Plaintiff for this misconduct:

- Dkt. No. 112 at 5, n.2 (exhibits to declaration from Plaintiff "are more in the nature of attorney argument" and "arguably reflect an attempt on the part of Ms. Gjovik to get around the page limits on briefing")[1];

- Dkt. No. 137 at 1-2 ("The Court agrees with Apple that Ms. Gjovik has failed to comply with its orders" and finding Plaintiff "**manipulated the formatting**" in her amended complaint to manufacture appearance of adherence to Court-imposed page limit, and that these "**formatting changes were intentionally made and in bad faith**."); *id.* at 3 n.3 ("**Ms. Gjovik is now on notice that there are consequences**.");

---

[1] She did this again when she included a legal brief as an exhibit in her Motion for Sanctions. *See* Dkt. No. 302-1 at 45-57 (including as an "exhibit" a legal brief containing a response to Apple's March 4, 2026 meet and confer letter that was never sent to Apple during meet and confer; it showed up for the first time in her declaration).

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-cv-4597-EMC]

- Dkt. No. 179 at 4-5 ("Ms. Gjovik **is forewarned [ ] that, in the future, she must comply with all deadlines, page limits, and/or other rules or orders**, just as any litigant before this Court must. **The Court has already given Ms. Gjovik substantial leeway in the past and will no longer excuse her compliance with the rules**.");

- Dkt. No. 181 at 1 n.2 (finding Plaintiff **again flouting page limits**, this time for exhibits to discovery letter briefs);

- Dkt. No. 215 at 11 ("At this juncture, the Court shall not impose any sanctions. However, it forewarns Ms. Gjovik that (1) she is responsible for verifying the accuracy of AI-generated or AI-provided information, including but not limited to case citations and content, and that (2) **failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se**.").

While this Motion seeks to address her disregard for the Court's authority regarding the Protective Order, these past digressions should not be ignored because they demonstrate her now well-established pattern of conduct. This Court has repeatedly warned her about timely submissions, adhering to page limits, and not manipulating the formatting. Plaintiff clearly does not intend to abide by this Court's orders, rules, or processes—ever. This Court has grounds to reject Plaintiff's opposition out of hand should it choose to do so. *See, e.g., Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining that the district court was justified in disregarding filing that "failed to comply with local rules regarding page limitations and typefaces" as "a district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing"; "We cannot say that the court abused its discretion by declining to consider Hicks' multitudinous efforts to circumvent the court's local rules and to expand the scope of an already frivolous suit. At some point, enough is enough.").

**B.** **Plaintiff Does Not Dispute that She Publicized Information Apple Designated as Confidential Prior to Any Ruling on Her Challenges to Apple's Designations.**

Plaintiff's violations set forth in Apple's Motion are clear and undisputed. But that is not all. Plaintiff has continued to violate the Protective Order in additional filings after this Motion was filed. For example, she violated the Protective Order in at least the following filings by again

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-cv-4597-EMC]

quoting or otherwise detailing the content of Apple's designations. *See, e.g.*, Dkt. Nos. 297 at PDF pp. 12-13, 14; 301 at PDF pp. 4-5; 301-1 at PDF pp. 13-14; 302 at PDF pp. 4, 14, 19; 302-1 at PDF pp. 4, 9, 22, 48-49, 54; 302-2 at PDF pp. 12, 14-15, 23-25, 66; 306 at PDF pp. 11, 14, 17, 22-23, 26-27; 307 at PDF pp. 11-12, 14-16, 19, 21, 23, 26; and 307-1 at PDF p. 9.

As set forth in Apple's Motion (*see* Dkt. No. 294, § IV.A.), the Protective Order is unambiguous as to each party's obligations once a designation has been made, even if Plaintiff disagrees with or has begun the process to challenge the designation:

> Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, ***all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge***.

Dkt. No. 235 ¶ 6.3 (emphasis added).

Plaintiff plainly, repeatedly, and unrepentantly ignored this requirement, and continues to do so. Indeed, publicly filing material designated as Confidential by a party without following appropriate procedures to challenge the designation qualifies as a "flagrant and deliberate violation." *Ma v. San Francisco Estuary Inst.*, No. 23-CV-05060-JCS, 2026 WL 388720, at *5 (N.D. Cal. Feb. 11, 2026) (sanctioning *pro se* plaintiff for publicly filing material designated as confidential). The Court's own docket is replete with examples—both of Plaintiff publishing ***verbatim*** the Designated Testimony (copied into a Word document), and of Plaintiff describing the Designated Testimony in a manner that effectively reveals what is "under the redaction." Both violate the Protective Order, as does publishing the same content on her blog or republishing it through X (formerly Twitter). *See* Dkt. No. 235 ¶ 3 (Protective Order prohibits publication of "any information copied or extracted from" material designated as Confidential).

There is no excuse for Plaintiff's flagrant and deliberate violations of the Protective Order and this Court should grant Apple's Motion and hold Plaintiff accountable to this Court's Orders, rules, and processes. There is simply no way for this case to efficiently proceed if Plaintiff continues to get a free pass for her disrespect of this Court.

### C.     None of Plaintiff's Meritless Arguments Warrant Any Other Outcome.

Plaintiff ignores the key issue in this Motion—effectively conceding that she published

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

information Apple designated Confidential in violation of the Protective Order—in favor of advancing scores of theories that all rest on the premise that there is nothing this Court can do to stop her. While the Court may reach its own conclusions about how offensive these arguments are to the integrity of the judicial process (particularly when it is accomplished through flagrant violations of this Court's rules for formatting briefs),[2] nothing Plaintiff argues changes the inescapable conclusion that she violated the Protective Order when she published information Apple designated Confidential prior to obtaining a ruling from this Court about the propriety of those designations as required by the Protective Order. Her frivolous arguments should be summarily rejected and the Court should grant Apple's motion.

### 1.      **Plaintiff's Misconduct is Not Excused.**

At root, Plaintiff's Opposition rests on the mistaken idea that she is not bound by this Court's orders, rules and processes—and that even if she were (and she is), this Court is impotent to do anything about her violations. *See generally* Dkt. No. 307. She fundamentally misunderstands the law. Plaintiff is not free to ignore the Protective Order's process for challenging Apple's designations simply because she disagrees with the propriety of those designations. Apple's Motion cited ample authority supporting finding Plaintiff in violation of a court order in these circumstances. *See, e.g., Harmston v. City & Cnty. of San Francisco*, No. C 07-01186SI, 2007 WL 3306526, at *6 (N.D. Cal. Nov. 6, 2007), *order clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008) (finding plaintiff "violated the protective order and the designation of

---

[2] Given Plaintiff's flagrant and repeated "bad faith" violations of this Court's Orders, rules, and processes, the Court would be well within its authority to *sua sponte* enter an Order to Show Cause ("OSC") as to why it should not dismiss this action for failure to comply the Federal Rules and this Court's Orders. *See, e.g., Thompson v. Equifax*, No. 24-CV-08904-VC (PHK), 2025 WL 3089068, at *3 (N.D. Cal. Sept. 30, 2025), *report and recommendation adopted*, No. 24-CV-08904-VC, 2025 WL 3089062 (N.D. Cal. Oct. 20, 2025) (dismissing action after OSC for failure to comply with court orders "pursuant to the Court's inherent authority and pursuant to Fed. R. Civ. P. 41(b)."); *Justin v. Invent Help*, No. 25-CV-03527-PHK, 2025 WL 3907743, at *1 (N.D. Cal. Nov. 24, 2025), *report and recommendation adopted*, No. 25-CV-03527-TLT, 2025 WL 3907737 (N.D. Cal. Dec. 12, 2025) ("Federal Rule of Civil Procedure 41(b) authorizes district courts to dismiss an action *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances[.]").

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

confidentiality when he provided [deposition] testimony to the news media and filed it as part of the public record" rather than "following the procedures laid out in the protective order" because "[a]t the time of these disclosures, the Court had in no way overruled defendants' designations"); *Gonzales v. Charter Commc'ns*, LLC, No. 2:20-CV-08299-SB-AS, 2022 WL 570003, at *4 (C.D. Cal. Jan. 26, 2022) (holding that "Plaintiffs' counsel could not take it upon themselves to publish the contents" of the designated materials where they were "required to challenge the designations"); *I.F. v. City of Vallejo*, No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054, at *11 (E.D. Cal. Feb. 16, 2021) (citing *Harmston*, 2007 WL 3306526, at *6) ("propriety of original confidential designation" is "beside the point" when evaluating whether counsel "violated protective order by providing confidential-designated deposition testimony to the media and filing it on the public record").

Plaintiff misses the point entirely in her Opposition, arguing these cases are somehow inapplicable because (in her view) Apple's designations are invalid. *See* Dkt. No. 307 ¶¶ 54-56. But that is plainly "beside the point." *I.F.*, 2021 WL 601054, at *11. Plaintiff unequivocally violated the Protective Order and insists this Court cannot do anything about it—but she is wrong, as a matter of law. Below Apple briefly addresses the scattershot arguments Plaintiff litters throughout her oversized opposition—but none of them excuses her misconduct.

**2.    Plaintiff Cannot Avoid the Process Set Forth in the Protective Order By Simply Claiming the Designations are Invalid.**

Plaintiff prematurely challenges the validity of Apple's confidentiality designations. *See* Dkt. No. 307 ¶¶ 27-39; *see also id.* ¶¶ 75-81 (insisting that Apple cannot satisfy the "good cause" standard to support its designations). The only issue in this motion is whether Plaintiff violated the Protective Order; that finding does not require any decision about the merits of Plaintiff's challenges or the validity of Apple's designations. *See, supra*, § II.C.1. Apple will fully address these arguments in its forthcoming opposition to Plaintiff's Motion for Sanctions and its Reply in support of its Motion to Retain Confidentiality designations, where they properly belong.

**3.    Apple's Termination Decision is Irrelevant to this Motion.**

Plaintiff suggests that Apple cannot seek to enforce the protective order because its defense to her claims relates to leaking confidential information, somehow turning this discovery motion

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

into a dispositive motion. *See* Dkt. No. 307 ¶¶ 40-42, 82-86. She is wrong, and her arguments fundamentally misunderstand how the Protective Order works. *See Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 648-49 (D. Colo. 2021) ("[T]his court recognizes Ms. Barrington's concerns that a protective order would perpetuate the very conduct that she challenges, *i.e.*, United's policies and procedures that result in secrecy. However, this substantive issue cannot—and should not—be resolved in the context of a protective order. Entering a blanket protective order is not equivalent to determining that United's practices are proper or improper."). Plaintiff's violation of the Protective Order does not establish any claim or defense in this action.

### 4.    Plaintiff Cannot Evade the Protective Order By Incanting the NLRA.

Plaintiff next suggests that an agreement Apple entered into with the NLRB in a separate agency matter somehow bars Apple from asking this Court to enforce its own Protective Order. *See* Dkt. No. 307 ¶¶ 43-49. Of course, that is not the law. *See Epic Sys. Corp. v. Lewis,* 584 U.S. 497, 499 (2018) (holding that the NLRA does not "dictate the particulars of dispute resolution procedures in Article III courts or arbitration proceedings—matters that are usually left to, *e.g.*, the Federal Rules of Civil Procedure …"). And even if enforcement of the Protective Order did somehow require interpretation of the NLRA (it does not), Plaintiff would still find herself out of luck for two reasons:

(1) The NLRB General Counsel has already determined that Plaintiff's conduct in revealing "confidential product development information about [an Apple] study" is not "protected activity" (*see* Order Withdrawing Certain Allegations of Consolidated Complaint, Order Partially Dismissing Charge 32-CA-282142, Order Dismissing Charge 32-CA-283161 and Notice of Right of Appeal (Sept. 25, 2025) at 2)—meaning an order from this Court subjecting testimony about "confidential product development information" to the Protective Order would not offend the NLRA per the federal agency that enforces it. *See* Apple's Request for Judicial Notice, Ex. A.

(2) If questions about discovery and/or the merits in this case did necessarily and unavoidably turn on interpretations of the NLRA—as Plaintiff repeatedly insists, arguing that seemingly anything she says or does has a safe harbor in that statute—*Garmon*

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-cv-4597-EMC]

preemption would apply to Plaintiff's case and dismissal of her claims for lack of jurisdiction would be appropriate. *See Moreno v. UtiliQuest, LLC,* 29 F.4th 567, 575-76 (9th Cir. 2022).

Plaintiff's apparent view that she can continue litigating her termination claims against Apple in this Court—but then invoke the NLRA at every step to contend she is exempt from the orders this Court has entered, or that this Court is powerless to control her conduct in this litigation—finds no support in logic or law.

**5.** **Plaintiff's First Amendment Arguments Are Misplaced.**

Requiring Plaintiff to comply with the Protective Order does not violate the First Amendment, contrary to her protestations regarding a supposedly unlawful "prior restraint." *See* Dkt. No. 307 ¶¶ 50-53, 67-69. This case is nothing like *Proctor & Gamble Co.* and she is not a third-party reporter. She is a party to this action and subject to the Protective Order. The First Amendment's presumptive right of access "does not extend traditionally or functionally to discovery material." *United States v. Bulger*, 283 F.R.D. 46, 59 (D. Mass. 2012). Instead, "first amendment scrutiny of protective orders must be made within the framework of Rule 26(c)'s requirement of good cause." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 788 (1st Cir. 1988) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Plaintiff's First Amendment concerns are embedded within Rule 26(c)'s "good cause" standard, which Apple appropriately addresses in its Motion to Retain Confidentiality Designations (Dkt. No. 304) and will further address in its forthcoming Opposition to Plaintiff's Motion for Sanctions and Reply in Support of its Motion to Retain Confidentiality Designations.

**6.** **The Protective Order is Enforceable Via Motion.**

Plaintiff suggests that Apple's motion is improper because the Federal Rules of Civil Procedure do not expressly define a "motion to enforce a protective order." Dkt. No. 307 ¶ 57. Plaintiff is wrong. This Court has the inherent authority to enforce the Protective Order it entered. *See Somers v. Digital Realty Tr. Inc.*, No. 14CV05180EMCKAW, 2018 WL 2134020, at \*15 (N.D. Cal. May 9, 2018) (ruling on motion for violation of a protective order and finding the Court's inherent powers include "the broad discretion to make discovery and evidentiary rulings conducive

- 8 -

to the conduct of a fair and orderly trial."). Apple is entitled to ask this Court to exercise its authority to enforce its orders, and this Court is entitled to do so. Federal Rule of Civil Procedure 37 provides further independent authority for enforcing the Protective Order; Plaintiff ignores binding Ninth Circuit precedent when she suggests otherwise. *Contrast* Dkt. No. 307 ¶¶ 57-58, 75-81 (arguing that there is no "standalone motion type" that permits a party to seek to compel compliance with a protective order) *with Apple, Inc. v. Samsung Elecs. Co.*, No. 511CV01846LHKPSG, 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014) (noting that binding Ninth Circuit precedent "has repeatedly held that Rule 37 'provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders,'" and rejecting Plaintiff's cited out-of-circuit case, *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305 (11th Cir. 2001), as non-binding).

### 7. This Court has Jurisdiction to Enforce its Orders.

Plaintiff claims that a litany of alleged jurisdictional bars make this Court impotent to enforce the Protective Order. *See* Dkt. No. 307 ¶¶ 60-66. These arguments are frivolous at best and reflect deliberate bad faith at worst.

**Bankruptcy**. Procedurally, both the Ninth Circuit and the First Circuit, where Plaintiff's bankruptcy is pending, agree that this Court has jurisdiction and authority to determine whether Plaintiff's bankruptcy stay applies to the case pending before it. *See Municipality of San Juan v. Puerto Rico*, 919 F.3d 565, 575 (1st Cir. 2019); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005). Substantively, the stay does not apply to this case. Plaintiff's claims in this case are no longer an asset of the Chapter 7 Estate because, at her insistence, the Chapter 7 Trustee abandoned them to her in October 2025. *See* Dkt. No. 265 ¶ 7. By its own terms, an automatic stay does not apply if "property is no longer the property of the estate." 11 U.S.C. § 362(c).[3] Nor does the automatic stay protect Plaintiff from actions based on her post-petition, post-abandonment conduct or from actions to enforce this Court's orders. *See, e.g.*, 11 U.S.C. § 362(a)(1), (a)(6) (staying only actions that arose pre-bankruptcy); *In re Kupperstein*, 994 F.3d 673, 678 (1st Cir. 2021); *Yellow Express, LLC v. Dingley (In re Dingley)*, 852 F.3d 1143, 1154–1157 (9th Cir. 2017). The automatic

---

[3] *See also In re Furlong*, 437 B.R. 712, 720–21 (D. Mass. 2010), *aff'd*, 660 F.3d 81 (1st Cir. 2011); *Gasprom, Inc. v. Fateh (In re Gasprom, Inc.)*, 500 B.R. 598, 604–06 (B.A.P. 9th Cir. 2013).

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-cv-4597-EMC]

stay also does not prevent Apple from defending itself in litigation commenced, and continuing to be prosecuted, by Plaintiff. *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989); *Lehman Com. Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868, 875 (9th Cir. 2011) (citation omitted). Plaintiff's stay arguments are frivolous and violate Rule 11.

**NLRA/Norris-Laguardia Act**. These laws do not preempt this Court's ability to enforce its orders. As the Supreme Court has noted, "the particulars of dispute resolution procedures in Article III courts … are usually left to other statutes and rules — not least the Federal Rules of Civil Procedure" rather than the NLRA or the Norris-Laguardia Act. *Epic Sys. Corp.*, 584 U.S. at 515. NLRA unfair labor practice allegations do not divest a federal court of authority to manage discovery, even where the discovery process itself is subject of those allegations. *Poor v. Starbucks Corp.*, No. 22-CV-7255-ARR-JRC, 2024 WL 1347394, at *7 (E.D.N.Y. Mar. 29, 2024), *aff'd*, No. 22-CV-7255 (ARR) (JRC), 2024 WL 3401421 (E.D.N.Y. July 12, 2024) (denying motion to stay enforcement of subpoenas pending resolution of NLRA unfair labor practice charges over scope of subpoenas).

**Magistrate's Authority.** The Magistrate has the authority to issue discovery orders, including finding Plaintiff violated the Protective Order. *See* Dkt. No. 83 (order assigning discovery matters to Magistrate); *see also* 28 U.S.C. § 636(b)(1). To the extent the Magistrate Judge recommends any relief beyond her statutory authority, the solution is simple: the Magistrate Judge can issue a report and recommendation to Judge Chen.

**Other Law**. Plaintiff's references to other statutes regarding privacy rights and sexual harassment claims all fail. *See* Dkt. No. 307 ¶¶ 65-66. Plaintiff does not identify any authority supporting her position that any of these statutes permit public disclosure of confidential product-related information or otherwise inhibit this Court's authority to enforce its orders.

### 8.    Apple is Not Seeking Relief for an Unpled Counterclaim.

Plaintiff next suggests that Apple is trying to hold her liable for an unpled breach of contract claim. *See* Dkt. No. 307 ¶¶ 70-72. Not so. Testimony regarding Apple's confidential product-related information is subject to the Protective Order, and Apple was entitled to designate it as such

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

(with the Protective Order outlining a process for Plaintiff to challenge those designations, which she has since invoked). Plaintiff's confidentiality obligations under her IPA simply illustrate that knowledge of product-related information she gained during her employment can properly be designated Confidential under the Protective Order; Plaintiff cannot claim that her testimony disclosing such material is somehow immune from designation as Confidential. *See Collateral Analytics LLC v. Nationstar Mortg. LLC*, No. 18-CV-00019-RS (JSC), 2019 WL 3779191, at \*4 (N.D. Cal. Aug. 12, 2019) (finding documents qualified for designation under protective order notwithstanding that party opposing designation had received information pre-litigation, and that "there is nothing to suggest that the Protective Order's lack of protection for 'any information known to the Receiving Party prior to disclosure' operates to remove independent contractual confidentiality obligations in place for pre-litigation documents containing confidential commercial information such that those documents should be public for purposes of litigation"). Apple does not need to file a counterclaim against an insolvent former employee to seek an order requiring that employee to comply with the Protective Order that governs the litigation she initiated.

### 9.  **Plaintiff's Unclean Hands Arguments are Intentionally Misleading.**

Plaintiff also argues that Apple cannot seek to enforce the Protective Order because of its alleged "unclean hands," claiming Apple previously laid bare an intent to "prohibit Plaintiff from 'testifying to government agencies and law enforcement' about evidence she received in discovery." Dkt. No. 307 ¶ 74 (quoting Dkt. No. 220 at 10-11, ¶ 15). But the filing Plaintiff quotes is her own prior objection to a discovery issue, and the portion that sets out her (inaccurate) description of a meet and confer call from May 2025—not anything Apple or its counsel ever said. Plaintiff's lack of candor to this Court is remarkable.

///
///
///
///
///
///

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Apple respectfully requests that the Court grant the Motion and order the requested relief, along with any additional relief the Court deems appropriate to ensure Plaintiff's future compliance with court orders in this matter.

Dated: March 19, 2026                               ORRICK, HERRINGTON & SUTCLIFFE LLP


By:          *Melinda S. Riechert*
           MELINDA S. RIECHERT
           Attorney for Defendant
           APPLE INC.

REPLY ISO MOT. TO ENFORCE
PROTECTIVE ORDER
[23-CV-4597-EMC]