JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                      Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                      Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE'S MOTION TO ENFORCE PROTECTIVE ORDER**<br><br>**[F.R.E. 201]**<br><br>Dept:      Courtroom TBD<br>            1301 Clay Street<br>            Oakland, CA 94612<br>Judge:     Honorable Kandis A. Westmore<br>Date:      April 16, 2026<br>Time:      1:30 p.m. |

Pursuant to Federal Rule of Evidence 201, Defendant Apple Inc. requests that in connection with its Opposition to Plaintiff's Motion for Declaratory Relief, the Court take judicial notice of the following document:

**Exhibit A**: Order Withdrawing Certain Allegations of Consolidated Complaint, Order Partially Dismissing Charge 32-CA-282142, Order Dismissing Charge 32-CA-283161 and Notice of Right of Appeal, issued by the National Labor Relations Board, Region 21, dated September 25, 2025 (the "NLRB Dismissal Order").

Judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201(d). Under Rule 201, a court may take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts in the Ninth Circuit routinely take judicial notice of public records from administrative agencies, including the National Labor Relations Board. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of undisputed matters of public record); *U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice appropriate for records and reports of administrative agencies); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of public filings).

The NLRB Dismissal Order is an official record of the National Labor Relations Board, an administrative agency of the United States government, whose authenticity cannot reasonably be questioned. The NLRB Dismissal Order is directly relevant to the pending motion because, contrary to Plaintiff's arguments (*see* Dkt. No. 302 at PDF pp. 19), it demonstrates that the NLRB withdrew and dismissed certain of her allegations because it determined that publicly sharing confidential product development information about an Apple study did not establish any protected concerted activity under the National Labor Relations Act. The NLRB Dismissal Order specifically states:

> As to the allegation that the Charging Party was unlawfully terminated, the evidence fails to establish that the Charging Party engaged in protected concerted activity when she revealed to the media confidential product development information about a Respondent study. Moreover, even if a prima facie case could be established, Respondent can likely meet its burden to show that the Charging Party would have been terminated for disclosing confidential product development information, even absent her protected concerted activities.

4151-9747-4919

APPLE INC.'S RJN DEF.'S MOT. ENFORCE
PROTECTIVE ORDER
CASE NO. 23-CV-4597-EMC

Judicial notice of this order is appropriate because it is an official agency record whose existence and content are not subject to reasonable dispute.

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibit A.

Dated: March 19, 2026                                      ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                          By:      */s/ Melinda S. Riechert*
                                                                 MELINDA S. RIECHERT
                                                               Attorneys for Defendant Apple Inc.

4151-9747-4919

# EXHIBIT A

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 21**

**APPLE INC.**

    **and**                                 **Cases**    **32-CA-282142**
                                                  **32-CA-283161**

**ASHLEY MARIE GJØVIK, an Individual**

**ORDER WITHDRAWING CERTAIN ALLEGATIONS**
**OF CONSOLIDATED COMPLAINT,**
**ORDER PARTIALLY DISMISSING CHARGE  32-CA-282142,**
**ORDER DISMISSING CHARGE 32-CA-283161**
**AND NOTICE OF RIGHT OF APPEAL**

An Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (Consolidated Complaint) issued on December 18, 2024, in Cases 32-CA-282142 and 32-CA-283161 against Apple Inc. (Respondent), alleging various violations of Section 8(a)(1) of the National Labor Relations Act (Act).  On April 16, 2025, an Order Postponing Hearing Indefinitely issued in these matters.

Upon further consideration and review of the evidence, I have decided to withdraw allegations from the Consolidated Complaint and dismiss those allegations because there is insufficient evidence of a violation.

**Decision to Dismiss:**  I have decided to withdraw paragraphs 7(b), 8(a), 8(b), 8(c), 8(d), and 8(e) from the Consolidated Complaint and to dismiss the corresponding allegations from the charges for the following reasons.

First, paragraph 7(b) of the Consolidated Complaint alleges that Respondent told employees to refrain from sharing communications about Respondent's information into employees' workplace health and safety concerns. Upon further review, the evidence shows that Respondent provided a narrow confidentiality instruction to employees about not disclosing their communications with the investigator. However, Respondent further informed employees that they were not precluded from discussing the concerns raised or that such issues were being investigated. As such, Respondent's interest in protecting the integrity of the investigation outweighs employees' interest in sharing the communications with the investigator as employees were permitted to discuss the investigation and concerns raised.

Second, paragraphs 8(a), 8(b), 8(c), 8(d), and 8(e) of the Consolidated Complaint allege that Respondent suspended and terminated Ashley Marie Gjøvik (Charging Party) for engaging in protected concerted activities, including raising workplace environmental health and safety concerns. Regarding the suspension allegation, the evidence fails to establish that Respondent retaliated against the Charging Party by suspending her for engaging in protected

1

concerted activities. Rather, the evidence shows that Respondent placed the Charging Party on administrative leave at the Charging Party's request. As to the allegation that the Charging Party was unlawfully terminated, the evidence fails to establish that the Charging Party engaged in protected concerted activity when she revealed to the media confidential product development information about a Respondent study. Moreover, even if a prima facie case could be established, Respondent can likely meet its burden to show that the Charging Party would have been terminated for disclosing confidential product development information, even absent her protected concerted activities.

Accordingly,

**IT IS HEREBY ORDERED**, pursuant to Section 102.18 of the Board's Rules and Regulations, that the allegations in Case 32-CA-282142 (at paragraph 7(b)) regarding the instructions given to employees about disclosing information about workplace investigations and the suspension of the Charging Party (at paragraphs 8(a), 8(b), 8(c), and 8(e)) be withdrawn and **IT IS ALSO ORDERED** that Case 32-CA-283161 regarding the termination of the Charging Party (at paragraphs 8(a), 8(b), 8(d), and 8(e)), be withdrawn.[1]

**IT IS FURTHER ORDERED** that the allegations in Case 32-CA-282142 regarding the instructions given to employees about disclosing information about workplace investigations and the suspension of the Charging Party as well as the charge in Case 32-CA-283161 be, and hereby are, DISMISSED.[2]

**Charging Party's Right to Appeal:**  The Charging Party may appeal my decision to the Acting General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing: You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov. See User Guide. A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov. If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov**. You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect. If you cannot file electronically, please send the appeal and your written explanation of why you cannot file electronically to the **Acting General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-**

---

[1] An Amended Complaint reflecting these withdrawals shall issue in due course.

[2] Pursuant to Section 102.19 of the Board's Rules and Regulations, the Charging Party has 14 days from the service of this Order to file an appeal with the Acting General Counsel. If no such appeal is filed within that time frame, or such other period as authorized by the Acting General Counsel, this dismissal of these allegations shall be final.

.

2

**0001**. Unless filed electronically, a copy of the appeal should also be sent to me. The main telephone number for the Office of Appeals is **(202)273-3760**.

The appeal MAY NOT be filed by fax or email. The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **October 9, 2025**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date. If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than **October 8, 2025**. **If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely**. If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date. If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The Acting General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before October 9, 2025.** The request may be filed electronically through the *E-File Documents* link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service. The Acting General Counsel will not consider any request for an extension of time to file an appeal received after **October 9, 2025**, **even if it is postmarked or given to the delivery service before the due date**. Unless filed electronically, a copy of the extension of time should also be sent to me.

**Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence. Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions. In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

Dated:  September 25, 2025

David Selder, Acting Regional Director
National Labor Relations Board, Region 21
US Court House, Spring Street
312 N Spring Street, 10th Floor
Los Angeles, CA 90012

3