

March 19, 2026

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

Hon. Kandis A. Westmore
United States District Court,
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

**Melinda Riechert**

**E** mriechert@orrick.com
**D** +1 650 614 7423
**F** +1 650 614 7401

Re:    ***Ashley Gjovik v. Apple Inc.***
       **N.D. Cal. Case No. 23-cv-4597-EMC (KAW)**
       **Letter Brief Regarding Continuation of Plaintiff's Deposition**

Dear Judge Westmore:

Pursuant to this Court's July 2, 2025 Minute Order (Dkt. No 230), Defendant Apple Inc. ("Apple") submits the following letter in light of the parties' inability to resolve a discovery dispute. Apple respectfully requests that the Court order Plaintiff to appear for a continued deposition of no more than four additional hours, consistent with the parties' prior stipulation, on March 31, 2026 or another date prior to the April 16, 2026 fact discovery cutoff. As set forth below, Plaintiff expressly agreed to four additional hours of deposition following meet and confer on this issue, confirmed that agreement before this Court, and has now reneged on that stipulation based on separate, ongoing disputes that do not excuse her from honoring her commitment. Further, pursuant to FRCP 30(d)(1), additional time is warranted to fairly examine Plaintiff because she impeded her deposition on December 16, 2025, and as a result, material topics have not yet been explored.

## I.    <u>Plaintiff expressly stipulated to four additional hours of deposition and cannot now unilaterally withdraw.</u>

Apple took Plaintiff's deposition on December 16, 2025. On January 14, 2026, Apple initiated the required meet and confer process (Dkt. No. 230), informing Plaintiff that Apple anticipated needing up to four additional hours to complete her deposition. (**Ex. A**). Plaintiff initially said: "I'm not saying 'no'—I'm saying I will not agree at this time, but will reconsider if you can make a showing to me as to why this is justified and necessary." (**Ex. A**).

Apple explained that additional time was needed to complete examination as to, inter alia, the myriad "adverse actions" Plaintiff alleges (Dkt. No. 142) and her efforts to mitigate damages she attributes to Apple. (**Ex. A**). Apple further explained that, during the first session, Plaintiff had "objected repeatedly to straightforward questions (including, for example, even to prefatory questions regarding whether [she] understood [she] would be testifying under oath and repeatedly provided evasive and non-responsive narratives that consumed excessive time." (*Id.*).



Hon. Kandis A Westmore
March 19, 2026
Page 2

Plaintiff acknowledged that the topics Apple identified—"adverse actions" and mitigation of damages—were "relevant and justified for discovery," and asked whether Apple would agree to cap the continued session at four hours. (**Ex. A**). Apple responded that it was "willing to cap the next deposition at four hours while reserving our right to seek more time if you delay by again repeatedly going beyond the question asked with your answers." (**Ex. A**).

Plaintiff then agreed in writing: "I will agree to four more hours of deposition covering the scope you mentioned (mitigation of damages & claims of unlawful conduct/harm)." She continued, "[H]ow about we just agree the next one is four hours and planned to be the last, but if for some reason Apple thinks its justified in asking for more time then it can raise that after and ma[k]e a showing at that time as to why it thinks its justified." (**Ex. A**).

This stipulation was further confirmed before this Court. At the February 20, 2026 informal discovery conference, Plaintiff herself told Your Honor: "I gave them four more hours. They haven't scheduled it though. It's been like a month since they said they wanted it," and: "I'm giving you four more hours." (Feb. 20, 2026 Informal Discovery Conference Tr. ("IDC Tr.") [Dkt. No. 302-2 at 46-47].)

On March 16, 2026, Apple noticed Plaintiff's continued deposition for March 31, 2026, beginning at 9:00 a.m. Pacific Time, to be conducted remotely, for a session lasting up to four hours, "as previously stipulated." (**Ex. B**). That same day, Plaintiff attempted to revoke her agreement: "I previously objected to Apple's request to an extended deposition, on the record on Dec. 16 2025. After, during meet/confer Apple was able to get me to consider allowing four additional hours of deposition, however, that was prior to Apple's egregious and illegal harassment of me regarding the prior deposition. Based on Apple's subsequent conduct, I absolutely refuse to voluntarily agree to be deposed by Apple in this matter any further." (**Ex. B**). She further claimed that Apple must obtain leave under Rule 30(2)[1] and that "Apple is violating the FRCP by attempting to notice an extended deposition without leave[.]" (**Ex. B**).

Given that the parties have met and conferred for at least five business days and have not been able to resolve this dispute, it is now ripe for resolution by Your Honor. Dkt. No. 230.

As set forth below, Plaintiff's belated attempt to revoke her agreement is without merit. Apple is entitled to an order enforcing it or otherwise allowing additional time pursuant to FRCP 30(d)(1).

**II.**     **The Parties' stipulation is enforceable.**

     **A.**     **Plaintiff cannot unilaterally revoke the Parties' Stipulation.**

Federal Rule of Civil Procedure 30(d)(1) establishes that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). By its plain terms, the Rule creates two independent methods for extending the presumptive time limit: court order or party

---

[1] Apple presumes Plaintiff was referencing FRCP 30(a)(2).

Hon. Kandis A Westmore
March 19, 2026
Page 3



stipulation. See *Johnson v. Couturier*, 261 F.R.D. 188, 190 (E.D. Cal. 2009) (noting that a deposition is limited to one day of seven hours "[u]nless otherwise authorized by the court or stipulated by the parties"). The Advisory Committee Note to the 2000 Amendment to Rule 30(d) confirms that "the presumptive duration may be extended, or otherwise altered, by agreement." See *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D. Cal. 2010) (citing Advisory Committee Note).

Here, the parties' stipulation to four additional hours of deposition does not interfere with any court-ordered deadline—the fact discovery cutoff is not until April 16, 2026 (see Dkt. No. 274)—and therefore requires no court approval. *See* § 1165 Extending Time—In General, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.) (explaining that Rule 29 permits parties to stipulate to modifications of discovery procedures, including deposition time limits, absent interference with court-ordered dates).

It is well-settled that "[s]tipulations between counsel … cannot be withdrawn by one party without the consent of the other, except by leave of the court upon cause shown." *Muller v. Dows*, 94 U.S. 277, 277 (1876). The Ninth Circuit and courts within this District have consistently applied this principle. *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) (holding that "stipulations serve both judicial economy and the convenience of the parties" and that "courts will enforce them absent indications of involuntary or uninformed consent"); *McMorgan & Co. v. First California Mortgage Co.*, 931 F. Supp. 699, 703 (N.D. Cal. 1996) (a court has "broad discretion in deciding whether to hold parties to a stipulation"); see also *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, No. 2:08-cv-01356, 2013 WL 1249702, at *4 (D. Nev. Mar. 26, 2013) (enforcing stipulation to extend discovery, including an agreement to conduct depositions, and noting that "[i]t is boilerplate law that … stipulation made in the presence of the court are enforceable" absent "involuntary or uninformed consent").

Here, Plaintiff's purported revocation is based on nothing more than her dissatisfaction with separate, ongoing discovery disputes.  She does not contend that her agreement was involuntary or uninformed; to the contrary, she negotiated the terms of the stipulation, acknowledged the topics to be covered were "relevant and justified for discovery," agreed to them in writing, and confirmed her agreement before this Court. It is particularly prejudicial for Plaintiff to wait until Apple provided notice to take the continued deposition to which she agreed, two weeks before the end of fact discovery, to suddenly renege on her prior stipulation. Under the authorities cited above, that is more than sufficient to bind her to the stipulation, and her attempt to unilaterally revoke it must be rejected.

Finally, to the extent Plaintiff argues that Apple must obtain "leave of court" under Rule 30(a)(2), she is wrong. Rule 30(d)(1) specifically provides that deposition time limits apply "[u]nless otherwise stipulated." Plaintiff stipulated. Her stipulation authorized the additional four hours; no leave of court was required. Plaintiff cannot now invoke Rule 30(a)(2) to undo a stipulation she voluntarily entered into, confirmed in writing, and acknowledged before this Court.

**B.** **Plaintiff's stated reasons for reneging are not valid grounds to withdraw from the stipulation.**

Plaintiff's March 16, 2026 email identifies "Apple's egregious and illegal harassment of [Plaintiff]



Hon. Kandis A Westmore
March 19, 2026
Page 4

regarding the prior deposition" as the basis for her refusal. (**Ex. B**). This appears to reference the parties' ongoing disputes regarding enforcement of the Protective Order and retaining confidentiality designations of the December 16, 2025 deposition transcript under the Protective Order (Dkt. No. 235)—a dispute that was the subject of this Court's February 20, 2026 informal discovery conference where Plaintiff reiterated that she would be "giving [Apple] four more hours" to take her deposition. (See IDC Tr. [Dkt. No. 302-2 at 46-47]). That dispute is entirely unrelated to whether Apple is entitled to complete its examination of Plaintiff on the merits of her claims and Apple's defenses. A party may not condition her participation in discovery on the resolution of other, collateral disputes.

### III.    Alternatively, good cause exists for the Court to order additional time under Rule 30(d)(1).

Even if the Court were to allow Plaintiff to withdraw her prior stipulation, Apple independently satisfies the standard for additional deposition time under Rule 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d). "A party seeking a court order to extend the examination must show 'good cause' to justify such an order." *Pratt v. Archstone Willow Glen Apartments*, No. C08-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009). "Considerations relevant to granting an extension include … the need fully to explore the theories upon which the witness relies." *Id.*

Good cause exists here on all fronts. See *Rubin-Knudsen v. Arthur J. Gallagher & Co.*, No. CV 18-6227-JGB (SPX), 2020 WL 2477687, at *3 (C.D. Cal. Jan. 24, 2020) (granting additional deposition time where the deponent was described as "difficult" and "delayed the discovery process," and the court found that "material topics . . . were not sufficiently covered during the first deposition").

#### A.  Plaintiff's Own Conduct Impeded the Examination.

During the first day of deposition, Plaintiff repeatedly asserted improper objections and provided lengthy, non-responsive narratives that consumed substantial time, as the below examples illustrate.[2]

Plaintiff objected to and refused to answer the most basic prefatory questions regarding whether she understood she would be testifying under oath. (Gjovik Dep. Tr. at 9:20-14:14). Plaintiff repeatedly claimed not to understand common English words, consuming pages of testimony on questions that called for simple yes-or-no answers. In response to answering questions regarding her understanding of Apple's Business Conduct policy, Plaintiff testified she did not understand the following terms and phrases: "understand," "in effect," "appropriate," "behavior," "policies," "guidance," "ethics,"

---

[2] These examples represent only a fraction of instances in which Plaintiff impeded the examination. Due to page and exhibit limitations, Apple cannot attach all supporting transcript excerpts but offers to provide a comprehensive compilation of excerpts and citations upon the Court's request.



Hon. Kandis A Westmore
March 19, 2026
Page 5

"discretion," "appropriate," "guidelines," "not limited to," and "warnings." (*Id.* at 57:5-59:18).

This pattern persisted throughout the deposition. When asked whether she was "permitted" to share confidential information with a non-whitelisted colleague, Plaintiff stated: "I don't know what 'permitted' means." (*Id.* at 304:21–305:4). When counsel offered the synonym "allowed," Plaintiff responded "No"— she did not understand that word either — and then stated: "I don't know what 'allowed' or 'whitelisted' means in your question." (*Id.* at 305:6–18).

When Plaintiff did engage with questions, she routinely gave extended, nonresponsive narratives that consumed pages of testimony before arriving at answers that could have been given in a single word. For example, when asked whether she told her manager she wanted to continue working on a project, Plaintiff launched into an extended narrative about open investigations and her manager's refusal to communicate, consuming approximately four pages of transcript before finally answering: "No, because he wouldn't talk to me anymore." (*Id.* at 332:14-335:19). Similarly, when asked a straightforward question about whether she understood that she had an obligation to keep product related information confidential during her employment at Apple, it took 20 pages of questions, objections and evasive testimony to get an answer. (*Id.* at 30:1-49:16).

This is precisely the circumstance contemplated by Rule 30(d)(1), which mandates additional time when "the deponent … impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

### B.  Material Topics Remain Unexplored.

Apple was unable to cover critical areas of inquiry during the initial seven-hour session, including Plaintiff's efforts—or lack thereof—to mitigate her claimed damages (Am. Initial Disclosures at 40-41; Dkt. No. 142, Prayer for Relief), as well as the factual basis for the wide array of discrete "adverse actions" alleged in her Fifth Amended Complaint (Dkt. No. 142). Plaintiff herself acknowledged that both topics "are relevant and justified for discovery." (**Ex. A**). These go to the heart of Apple's defenses. See *Rubin-Knudsen*, No. CV 18-6227-JGB (SPX), 2020 WL 2477687, at *3 (good cause where "material topics … were not sufficiently covered during the first deposition").

## IV.    Conclusion

For the foregoing reasons, Apple respectfully requests that the Court issue an order: (1) enforcing the parties' stipulation for four additional hours of deposition of Plaintiff; and (2) directing Plaintiff to appear for the continued deposition on March 31, 2026 or a date to be set by the Parties or the Court, but in any event prior to the April 16, 2026 fact discovery cutoff.

Very truly yours,

*/s/ Melinda Riechert*

Melinda Riechert