# EXHIBIT A

| From: | Ashley M. Gjøvik |
|---|---|
| To: | Riechert, Melinda |
| Cc: | Ashley M. Gjovik (Legal Matters); Perry, Jessica R.; Mantoan, Kathryn G.; Horton, Nicholas J.; Weaver, Nicholas; Russell, Zoe; Booms, Ryan |
| Subject: | RE: Apple-Gjovik ND Cal - joint status report - due Tuesday |
| Date: | Wednesday, January 21, 2026 10:02:49 PM |
| Attachments: | image003.png |
| | image005.png |

**[EXTERNAL]**

Thank you for the response. I like your numbering. I disagree with you comments about me and my conduct and behavior and thoughts and words, but I will agree to four more hours of deposition covering the scope you mentioned (mitigation of damages & claims of unlawful conduct/harm). Based on the cases you cited, it looks like I will need to sort out the cost issues myself.

Rather then create a new rule as to why more than four hours of deposition may be needed, how about we just agree the next one is four hours and planned to be the last, but if for some reason Apple thinks its justified in asking for more time then it can raise that after and made a showing at that time as to why it thinks its justified.

I reserve all of my rights to object to questions asked and comments made, as well as to ensure my statements are not intentionally mischaracterized and taken out of context later. Deposition and discovery is about obtaining information. Your complaint is I'm giving you too much information, but the rules are in place to ensure I give you information rather than withhold information, and as you noted, I'm not withholding information.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, January 21st, 2026 at 8:59 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

First, I agree that objections to the form of the question must be asserted. But you repeatedly reeled off a long list of improper objections that wasted time.

Second, I disagree with the characterization of my questions.

Third, I am willing to meet and confer on this issue, which is what we are doing.

Fourth, I have explained what the additional topics include, and you have agreed they are relevant and justified for discovery.

I am willing to cap the next deposition at four hours while reserving our right to seek more time if you delay by again repeatedly going beyond the question asked with your answers.

Apple cannot agree to provide you with a courtesy copy of the transcript because the transcript is the property of the court reporter and FRCP 30 requires parties seeking copies of transcripts to pay the court reporter to obtain that property. *Watson v. Ohio Ambulance Sols., LLC*, No. 1:20-CV-802, 2022 WL 2133739, at *2–3 (S.D. Ohio June 14, 2022), and the cases it cites. In *Watson* the Court stated:

> B. Deposition transcript
>
> Plaintiff asks the Court to compel defendants to "produce in its entirety, and in a timely fashion, her deposition transcript to the Court...." (Doc. 54 at PAGEID 535). Plaintiff specifically "request[s] the [C]ourt order the defendant[s] to comply with FRCP 32 and provide her access to the deposition transcript she is entitled to by [that rule]...." (Id. at PAGEID 549; see also Doc. 61 at PAGEID 1183).
>
> Defendants argue that they are under no obligation to provide plaintiff with a copy of her deposition transcript for free. (Doc. 58 at PAGEID 761-62, citing Riddle v. Claiborne, No. 00CIV1374, 2001 WL 1464729, at *1 (S.D.N.Y. Nov. 16, 2001)). Defendants contend that plaintiff can "readily purchase a copy of her transcript from the court reporter." (Id. at PAGEID 761).2
>
> *3 To the extent plaintiff asserts that defendants are obligated to provide plaintiff with a copy of her deposition transcript free of charge, plaintiff's motion to compel is DENIED. Plaintiff has not directed the Court to any authority that would require a party to provide a copy of a deposition transcript, free of charge, to an opposing party. Rather, pursuant to Federal Rule of Civil Procedure 30(f)(3), "[w]hen paid reasonable charges, the [court reporter before whom the deposition was taken] must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).

Courts have consistently held that a party is not required to provide an opposing party with a free copy of a deposition transcript. See Johnson v. Elum, No. 4:20-cv-12422, 2022 WL 1205005, at *3 (E.D. Mich. Apr. 22, 2022) (denying the plaintiff's motion to compel the defendant to produce a copy of the plaintiff's deposition transcript because the plaintiff "may request a copy of his deposition transcript from the court reporter at a reasonable cost"). See also Adams v. Dolgencorp, LLC, No. 11-784, 2012 WL 1918625, at *2 (M.D. La. May 25, 2012) ("[T]he deposition transcript is the property of the court reporter, and without payment to the court reporter, the deposition transcript may not be produced by defendant absent a court order."); Schroer v. United States, 250 F.R.D. 531, 537 (D. Colo. 2008) ("The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court."); Whittenberg v. Roll, No. CIVS042313, 2006 WL 657381, at *5 (E.D. Cal. Mar. 15, 2006) (denying the plaintiff's motion to compel the defendant to provide the plaintiff with a copy of the deposition transcript free of charge). Accordingly, plaintiff's motion to compel on this basis is DENIED.

You need to raise this issue with either the court reporter or the court.

**Melinda Riechert**
Partner
Orrick
Silicon Valley
T 650/614-7423
M 650 759 1929
mriechert@orrick.com


orrick

[EXTERNAL]

Hello,

First, its a required to make objections during a deposition if any objections are to be made, and accordingly is expected and diligent conduct -- not misconduct.

Second, your question about testifying under oath was 17-part question that also included asking me to consent to adversarial conduct by Apple's counsel - and that was my key issue with it, as I mentioned. You then repeatedly pressured me to have to say only yes/no to the entire 17-part consent agreement and I objected to that too. Further citing that specific issue is highly inflammatory and prejudicial, and I will include a copy of the actual exchange if you plan to use that as your example of my "misconduct."

Third, I responded to you with question and concerns, looking to discuss this matter further -- and your response is that once five days expired that you can file a unilateral letter without any further meet/confer -- which is exactly what Judge Westmore complained I did in her Order last week. I will be sure to point that out in my response if you proceed and I have to file an opposition -- and ask her to reconsider the prior matter with this additional evidence regarding Apple's discovery conduct.

Fourth, I asked you to explain what you wanted these four hours for and you said you refused to tell me, but then you also did just tell me so thanks for the high level agenda. I agree that both of those topics are relevant and justified for discovery.

If I agree to the additional four hours, will you agree to cap it at 4 hours max, and also be willing to provide a courtesy copy of the certified transcript so I do not have to purchase my own?

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, January 21st, 2026 at 1:19 PM, Riechert, Melinda

<mriechert@orrick.com> wrote:

Ashley:

We disagree with many of your assertions below, including that you "answered all questions posed, [were] not evasive, and did not cause any delay or impediment" at your December 16, 2025 deposition in this case. As you will recall, you objected repeatedly to straightforward questions (including, for example, even to prefatory questions regarding whether you understood you would be testifying under oath and repeatedly provided evasive and non-responsive narratives that consumed excessive time which I pointed out to you during the deposition.

We believe additional time beyond the presumptive seven hours afforded by the FRCP is appropriate so that we can complete examination as to, *inter alia*, the myriad "adverse actions" you allege in your complaint and what if any efforts you have undertaken to mitigate damages you attribute to Apple. But we are not required to, nor will we, identify in advance a comprehensive or prescriptive list of all potential areas on which we may examine you.

We are also not required to pursue discoverable information through interrogatories or whatever alternative vehicle you would prefer, in lieu of getting your real-time answers under oath in a deposition.

We intend to file a letter brief with Magistrate Judge Westmore by next Monday, January 26, as this dispute "remains unresolved" five days after we first sought to confer with you regarding it (*see* Dkt. 230).  Per the procedures outlined by the Court, you will have an opportunity to respond with your position and the Court will then proceed as it deems appropriate.

Thank you,

**Melinda Riechert**
Partner
Orrick

Silicon Valley  Ⓥ
T 650/614-7423
M 650 759 1929
mriechert@orrick.com



**[EXTERNAL]**

Hello,

I am in receipt of your request for an additional four (or more) hours of deposition time for the Plaintiff.

I am not in a position to stipulate to additional time. I have limited time available, the experience was very stressful (you may remember me breaking into tears and openly weeping when you asked me about one of my best friends who stopped talking to me after Apple fired me), and I do not have money to pay for a copy of the transcript. This is my lawsuit so I have to get a copy of your deposition of me, you were clear you would not provide a courtesy copy and that I would have to pay for it, and that you understood I have no money to pay for it. This additional deposition would be an additional $1,000+ on top of the $1,800 I already cannot afford.

Further, this time you're asking for a favor rather then exercising a right under FRCP, knowing it will take up my time, cause me distress, and cause me to become even more in debt while I'm already in bankruptcy, without providing any justification, and after spending most of the last 7 hours asking speculative, theoretical, or otherwise apparently irrelevant questions.

Under Rule 30(d)(1), a deposition is limited to one day of seven hours, which was taken. To the extent you believe you are entitled to additional time, please provide:

- The specific topics or areas you were unable to cover in the seven hours already taken;

- The amount of time needed for each identified topic;
- How they are related to Defendant's defenses in the Amended Answer and/or Interrogatory Response; and

- The legal basis under Rule 30(d)(1) for why additional time is warranted.

For my part, I agreed to the deposition when proposed, participated for nearly nine hours straight, answered all questions posed, was not evasive, and did not cause any delay or impediment. To the extent time was spent on questions calling for speculation, that were confusing or nonsensical, or were vaguely demanding I admit some sort of guilt or wrongdoing - those were choices made by examining counsel — not impediments caused by the deponent.

I note again that Defendants have not responded to interrogatories seeking the factual basis for their affirmative defenses, which makes it difficult to understand what additional fact discovery could be needed from me at this time and I would assume the court would agree. If the Defendant cannot even substantiate its defenses, why should it be allowed more than 7 hours of deposition time for those vague and undefined defenses.

Let me know if you can identify any specific topics that could not be covered prior, and explain why they require the additional time requested, cannot be managed with interrogatories, and how they related to the Defendants defenses. I'm not saying "no" -- I'm saying I will not agree at this time, but will reconsider if you can make a showing to me as to why this is justified and necessary.

You could also start with some of your remaining interrogatories on your outstanding questions and then raise this again later if you still think you need more deposition time after those interrogatories.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, January 14th, 2026 at 11:20 PM, Riechert, Melinda <[mriechert@orrick.com](mailto:mriechert@orrick.com)> wrote:

Ashley,

We anticipate needing up to four hours to complete your deposition but will strive to get it done in less time. Please let us know if you are available on 2/2, 2/4, 2/5, 2/6 or 2/10 for your continued deposition.

Additionally, please let us know if there any days in March or the first two weeks of April that you are not available for deposing Yannick and Robert; we are checking with them regarding their availability in parallel.

**Melinda Riechert**
Partner
Orrick
Silicon Valley  Ⓥ
T 650/614-7423
M 650 759 1929
mriechert@orrick.com

