JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF & FOR SANCTIONS UNDER FED.R.CIV.P. RULE 26(G)**<br><br>Date:  April 16, 2026<br>Time:  1:30 p.m.<br>Dept:  Courtroom TBD<br>     1301 Clay Street<br>     Oakland, CA 94612<br>Judge: Honorable Kandis A. Westmore |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ............................................................................... 2

III.    LEGAL STANDARD .......................................................................................... 3

IV.     ARGUMENT ....................................................................................................... 4

        A.      Apple's Confidentiality Designations Do Not Violate Rule 26(g). ........................ 4

        B.      Apple's Motion to Enforce Protective Order is Not a Discovery
                Certification ............................................................................................... 4

        C.      Apple's Motion to Enforce Protective Order is Substantially Justified. ................ 5

        D.      Plaintiff's Additional Arguments are Meritless. ...................................... 6

                1.      Apple Did Not Waive Confidentiality. ...................................... 6

                2.      Apple Did Not Designate Internal Research and Development
                        Information that is Already In the Public Domain. .................... 7

                3.      Information Plaintiff Learned During Her Employment Pursuant to
                        Her Confidentiality Agreements with Apple Can Also Be Properly
                        Designated Under the Protective Order. .................................... 8

                4.      Plaintiff's First Amendment Arguments Are Misplaced. ........... 10

                5.      Plaintiff's Remaining Arguments are Meritless. ....................... 10

        E.      Plaintiff's Request for Attorney's Fees is Legally Flawed and Factually
                Unsupported. ............................................................................................. 12

V.      CONCLUSION ................................................................................................. 13

APPLE'S OPPOSITION TO PLAINTIFF'S
MOTION FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 511CV01846LHKPSG, 2014 WL 12596470 (N.D. Cal. Jan. 29, 2014) .......................... 5

*Barrington v. United Airlines, Inc.*,
    339 F.R.D. 644 (D. Colo. 2021).................................................................................... 11

*Brown v. Stroud*,
    No. C-08-02348 JSW DMR, 2012 WL 2709058 (N.D. Cal. July 6, 2012)............................ 12

*Collateral Analytics LLC v. Nationstar Mortg. LLC*,
    No. 18-CV-00019-RS (JSC), 2019 WL 3779191 (N.D. Cal. Aug. 12, 2019) .................... 9, 10

*DVD Copy Control Ass'n Inc. v. Bunner*,
    116 Cal. App. 4th 241 (2004)..................................................................................... 7, 8

*Epic Sys. Corp. v. Lewis*,
    584 U.S. 497 (2018) ..................................................................................................... 10

*Fosselman v. Gibbs*,
    No. 06–375 PJH (NJV), 2010 WL 1446661 (N.D.Cal. Apr.7, 2010).................................... 12

*Gonzales v. Charter Commc'ns, LLC*,
    No. 2:20-CV-08299-SB-AS, 2022 WL 570003 (C.D. Cal. Jan. 26, 2022) ............................ 6

*Harmston v. City & Cnty. of San Francisco*,
    No. C 07-01186SI, 2007 WL 3306526 (N.D. Cal. Nov. 6, 2007), *order
    clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008) .............................. 6

*I.F. v. City of Vallejo*,
    No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054 (E.D. Cal. Feb. 16, 2021).......................... 6

*Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold S.A.R.L.*,
    No. 19CV03004YGRRMI, 2020 WL 4673947 (N.D. Cal. Aug. 12, 2020) ............................. 4

*Loop AI Labs Inc. v. Gatti*,
    195 F. Supp. 3d 1107 (N.D. Cal. 2016) ......................................................................... 7, 8

*Ma v. San Francisco Estuary Inst.*,
    No. 23-CV-05060-JCS, 2026 WL 388720 (N.D. Cal. Feb. 11, 2026)................................. 5, 6

*Pierce v. Underwood*,
    487 U.S. 552 (1988) ................................................................................................... 4, 5

*Pub. Citizen v. Liggett Grp., Inc.*,
  858 F.2d 775 (1st Cir. 1988) ........................................................................................... 10

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984) ......................................................................................................... 10

*Silva v. TEKsystems, Inc.*,
  No. 12-CV-05347-LHK, 2013 WL 3939500 (N.D. Cal. July 25, 2013) .............................. 3

*Somers v. Digital Realty Tr. Inc.*,
  No. 14CV05180EMCKAW, 2018 WL 2134020 (N.D. Cal. May 9, 2018) ............................ 5

*Starlight Int'l Inc. v. Herlihy*,
  186 F.R.D. 626 (D. Kan. 1999) ......................................................................................... 4

*United States v. Bulger*,
  283 F.R.D. 46 (D. Mass. 2012) ........................................................................................ 10

**Statutes**

National Labor Relations Act .............................................................................................. 10

**Other Authorities**

Local Rule 5-5(a) ................................................................................................................ 10

Local Rule 37-4(b) .............................................................................................................. 12

Rule 26(a)(1) ........................................................................................................................ 1

Rule 26(c) ................................................................................................................... 5, 9, 10

Rule 26(c)(1)(G) ............................................................................................................ 2, 8, 9

Rule 26(g) ...................................................................................................................... *passim*

Rule 26(g)(1) ........................................................................................................................ 1

Rule 26(g)(2) ........................................................................................................................ 4

Rule 26(g)(3) ................................................................................................................. 1, 3, 5

Rule 37 ............................................................................................................................. 4, 5

Rule 37(b) ........................................................................................................................... 12

Rule 37(b)(2)(C) .................................................................................................................... 1

APPLE'S MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

## I.      INTRODUCTION

Plaintiff's motion is premised on a flawed understanding of Rule 26(g)[1], which does not provide grounds for the relief she seeks. As she confirms this is the only "issue before the Court" in her motion, it must be denied.

*First*, she attempts to sanction Apple for not signing Apple's confidentiality designations following her deposition, even though Rule 26(g)(1) contains no such requirement. By its express terms, the signature requirement in Rule 26(g)(1) only applies to "disclosures under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection." As such, no violation of Rule 26(g)(1) can flow from Apple's narrowed list of confidentiality designations following Plaintiff's deposition—which are not disclosures, or discovery requests, responses, or objections. Apple's designations are not a "nullity," as Plaintiff suggests, but rather comply with the Court's Protective Order and the parties' agreement at the deposition.

*Second*, Plaintiff argues that Apple's Motion to Enforce Protective Order and related filings are themselves a "Rule 26(g)(3) violation" because those filings supposedly "certify a nullity." This makes no sense.[2] Plaintiff's intentional and repeated publication of information Apple designated as confidential prior to any ruling by this Court as to the propriety of those designations is a flagrant and deliberate violation of an enforceable order of this Court.[3] She does not deny this violation; instead, she asserts that her violation is either excused, or this Court is powerless to do anything about it. Neither is true. Apple's request that this Court enforce the Protective Order is grounded in both fact and law. There is no Rule 26(g) violation and certainly not one from which this Court can issue sanctions for conduct without substantial justification.

Plaintiff's additional arguments, none of which are rooted in Rule 26(g), also fail.  Apple never sought to enforce a "blanket" confidentiality designation. The parties agreed on the record during the deposition that Apple would review the transcript and identify the specific testimony

[1] References to "Rule" refer to the Federal Rule of Civil Procedure unless otherwise specified.

[2] Indeed, any sanctions available for moving to enforce a protective order are found in Rule 37(b)(2)(C), not Rule 26(g), and only flow to the "disobedient party."

[3] Plaintiff further violated the Protective Order by again publicly disclosing the information designated confidential in her recent filings. *See* Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2, 306, 307, and 307-1.

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

that Apple claimed was confidential. Apple did just that by providing limited designations pertaining to confidential internal research and development information and studies, as permitted by Rule 26(c)(1)(G). Apple never waived its right to designate certain testimony as confidential and has dutifully followed the procedures set forth in the Protective Order and as agreed to by the parties during Plaintiff's deposition to retain such designations, including: properly designating internal research and development information as confidential following its review of the transcript; treating such designations as confidential until the Court rules otherwise; meeting and conferring with Plaintiff regarding Apple's designations; and filing a motion to retain the confidential designations consistent with the processes in the Protective Order. Plaintiff, on the other hand, has refused to abide by the Protective Order and insists this Court cannot do anything to stop her. The Court should not endorse her flagrant violations via a misguided Rule 26(g) motion.

## II.     FACTUAL BACKGROUND

Apple took Plaintiff's deposition on December 16, 2025. *See* Riechert Decl. in Support of Mot. Retain Confid. Desig. (Dkt. No. 304-2) ¶ 2. Not knowing what Plaintiff might say in response to the questions posed, during the deposition Apple designated a large portion of the transcript Confidential under the Protective Order but, after discussion on the record, the parties agreed that Apple would, upon receipt, review the transcript and provide more limited designations. *Id*. Ex. A (141:18-142:25). Plaintiff thanked Apple for agreeing to do so. *Id*. Apple received the transcript on January 7, 2026, and provided more limited confidentiality designations to Plaintiff and the court reporter on February 4, 2026, prior to the expiration of Plaintiff's deadline to correct her deposition testimony. *Id*. ¶¶ 3-4, Ex. B. Paragraph 6.2 of the Protective Order requires Plaintiff to do the following to challenge Apple's designations:

> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

Dkt. No. 235 ¶ 6.2.

Instead of proceeding under the terms of the Protective Order, Plaintiff violated the Protective Order by publicly disseminating the information Apple had designated as confidential.

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

Plaintiff also sent generalized complaints about Apple's designations—but it was not until February 18, 2026, that Plaintiff provided Apple a spreadsheet itemizing her position as to each of Apple's confidentiality designations; in that spreadsheet, she indicated she did not object to redacting many of the designations. Dkt. No. 304-2. ¶ 5, Ex. C.

Apple reviewed Plaintiff's itemized list and responded on March 4, 2026, within the fourteen days required by the Protective Order. *Id.*, Ex. D. Apple's response confirmed it was withdrawing its designations as to some of the challenged testimony as part of the meet and confer process while retaining its designations as to other testimony that Plaintiff did not object to redacting as well as the challenged testimony. *Id.* In lieu of responding to Apple's narrowed designations, Plaintiff filed this meritless motion for sanctions against Apple. *Id.* ¶ 7; *see also* Dkt. No. 302.  In doing so, Plaintiff also improperly filed a legal brief embedded within her declaration that she styled as a response to Apple's March 4, 2026 meet and confer. *See* Dkt. No. 302-1 at PDF pp. 45-57.[4] Plaintiff's response was never provided to Apple during meet and confer. It showed up for the first time in her declaration in support of this motion.

On March 11, 2026, Apple filed a Motion to Retain Confidentiality Designations, as required by the Protective Order (Dkt. No. 235, ¶ 6.3). *See* Dkt. No. 304.

### III.    LEGAL STANDARD

Rule 26(g) requires that discovery requests, responses, or objections be signed by an attorney, and specifies that the attorney's signature "certifies that to the best of the [person's] knowledge, information, and belief formed after a reasonable inquiry" that the response is "complete and correct." *Silva v. TEKsystems, Inc.*, No. 12-CV-05347-LHK, 2013 WL 3939500, at *3 (N.D. Cal. July 25, 2013) (quoting Rule 26(g)). Rule 26(g)(3) provides that "[i]f a certification violates this rule ***without substantial justification***, the court ... must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."

---

[4] This Court has previously admonished Plaintiff for skirting its page limits by filing legal briefs in her declarations. *See* Dkt. No. 112 at 5 n.2 (exhibits to declaration from Plaintiff "are more in the nature of attorney argument" and "arguably reflect an attempt on the part of Ms. Gjovik to get around the page limits on briefing").

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

(emphasis added).

The United States Supreme Court has defined "substantially justified" to mean "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Substantial justification" entails a "reasonable basis in both law and fact," such that "there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action]." *Id*. (internal quotation marks omitted). Courts, including the Northern District of California, have consistently applied this to mean that substantial justification exists when there is a reasonable basis in both law and fact, such that reasonable people could differ as to the appropriateness of the contested action. *See Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold S.A.R.L.*, No. 19CV03004YGRRMI, 2020 WL 4673947, at *4 (N.D. Cal. Aug. 12, 2020) ("The Supreme Court has stated that, in the context of Rule 37, substantially justified does not mean justified to a high degree, but rather ... [that] there is a genuine dispute, or [that] reasonable people could differ as to [the appropriateness of the contested action].") (internal quotations omitted).

## IV.   ARGUMENT

Plaintiff has not established any misconduct that warrants sanctions against Apple under Rule 26(g), or any other Rule.

### A.   Apple's Confidentiality Designations Do Not Violate Rule 26(g).

Plaintiff argues that Apple's purported failure to sign the confidentiality designations provided to Plaintiff and the court reporter after Apple reviewed the transcript violates Rule 26(g)(2). Dkt. No. 302 at PDF p. 13. However, "Rule 26(g)(2) is limited. It applies only to written discovery requests, responses, or objections." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999). As such, Plaintiff cannot establish a Rule 26(g)(2) violation by imposing an obligation on Apple that is not contained within the express terms of Rule 26(g).

### B.   Apple's Motion to Enforce Protective Order is Not a Discovery Certification.

Plaintiff next suggests that Apple's purported "certification" violation of Rule 26(g) is the filing of the following documents: discovery letter brief (Dkt. No. 280) and Apple's Motion to Enforce Protective Order (Dkt. No. 294) with accompanying administrative motions (Dkt. Nos.

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

293 and 295). *See* Motion at PDF p. 11 (arguing that Apple's "enforcement papers" are the Rule 26(g)(3) violation because they "certify a nullity"). Plaintiff is again wrong. These filings are not discovery certifications; they are motions requesting relief based on good faith legal arguments related to Plaintiff's flagrant and willful violations of the protective order. Such motions are properly brought under this Court's inherent authority and Rule 37 and there is no basis for seeking Rule 26(g) sanctions against Apple for these filings. *See Somers v. Digital Realty Tr. Inc.*, No. 14CV05180EMCKAW, 2018 WL 2134020, at *15 (N.D. Cal. May 9, 2018) (ruling on motion for violation of a protective order and finding the Court's inherent powers include "the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial."); *Apple, Inc. v. Samsung Elecs. Co.*, No. 511CV01846LHKPSG, 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014) (noting that binding Ninth Circuit precedent "has repeatedly held that Rule 37 'provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders.").

### C.    Apple's Motion to Enforce Protective Order is Substantially Justified.

Even if this Court finds, in the absence of any authority presented by Plaintiff, that Apple asking this Court to enforce the terms of the Protective Order can qualify as a Rule 26(g) violation, sanctions are not warranted because Apple was substantially justified in its actions. As fully set forth in Apple's Motion to Enforce Protective Order (Dkt. No. 294), and as further discussed in Apple's reply in support thereof (Dkt. No. 312), Plaintiff violated the Protective Order by publicizing the information Apple designated confidential prior to any ruling by this Court otherwise, which qualifies as a "flagrant and deliberate violation." *Ma v. San Francisco Estuary Inst.*, No. 23-CV-05060-JCS, 2026 WL 388720, at *5 (N.D. Cal. Feb. 11, 2026) (sanctioning *pro se* plaintiff for publicly filing material designated as confidential). Apple had a "reasonable basis in both law and fact" for asking this Court to enforce the Protective Order. *See Pierce*, 487 U.S. at 565.

For her part, Plaintiff lacks any basis in fact or law to suggest Apple's "enforcement papers" violate Rule 26(g). Plaintiff does not deny publicizing information Apple designated Confidential; she simply says this Court is powerless to stop her. *See* Dkt. Nos. 306 and 307. In addition to

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-cv-4597-EMC]

Plaintiff's conduct exemplifying "flagrant and deliberate violation[s]" of the Protective Order (*see Ma*, 2026 WL 388720, at *5), she ignores that whether she agrees with Apple's confidentiality designations is irrelevant to its Motion to Enforce Protective Order. *See, e.g.*, *Harmston v. City & Cnty. of San Francisco*, No. C 07-01186SI, 2007 WL 3306526, at *6 (N.D. Cal. Nov. 6, 2007), *order clarified*, No. C07-01186SI, 2008 WL 269465 (N.D. Cal. Jan. 29, 2008) (finding plaintiff "violated the protective order and the designation of confidentiality when he provided [deposition] testimony to the news media and filed it as part of the public record" rather than "following the procedures laid out in the protective order" because "[a]t the time of these disclosures, the Court had in no way overruled defendants' designations"); *Gonzales v. Charter Commc'ns, LLC*, No. 2:20-CV-08299-SB-AS, 2022 WL 570003, at *4 (C.D. Cal. Jan. 26, 2022) (holding that "Plaintiffs' counsel could not take it upon themselves to publish the contents" of the designated materials where they were "required to challenge the designations"); *I.F. v. City of Vallejo*, No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054, at *11 (E.D. Cal. Feb. 16, 2021) (citing Harmston, 2007 WL 3306526, at *6) ("propriety of original confidential designation" is "beside the point" when evaluating whether counsel "violated protective order by providing confidential-designated deposition testimony to the media and filing it on the public record").

Plaintiff's conduct is inexcusable and Apple's efforts to have this Court enforce its orders are grounded in both fact and law that Plaintiff cannot overcome. This Court must deny Plaintiff's motion for sanctions.

### D.    Plaintiff's Additional Arguments are Meritless.

As is her practice, Plaintiff's moving papers are littered with many irrelevant arguments and theories that do not address the merits of the actual dispute. For the sake of completeness, Apple addresses these arguments without conceding they are relevant to Plaintiff's motion or any other pending motions in which she has asserted similar arguments. They can be summarily rejected.

### 1.    Apple Did Not Waive Confidentiality.

Ignoring her own agreement on the record to allow Apple to narrow its confidentiality designations after receiving the transcript, Plaintiff now contends that Apple waived its right to do so because it did not provide narrowed designations by January 6, 2026 (*i.e.*, 21 days post-

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

deposition). *See* Dkt. No. 302 at PDF pp. 9-13. As discussed above, the parties agreed on the record that Apple would review the transcript and provide more limited designations. Dkt. No. 304-2 Ex. A (141:18-142:25).

Apple did not receive the transcript until January 7, 2026 (and of course, Apple could not have provided narrowed designations until it received the transcript and had an opportunity to review it). After receiving the transcript, counsel for Apple prepared a chart and emailed it to (a) the court reporter within 30 days (so the court reporter knows what portions of the transcript to designate as confidential before it was finalized with any corrections from the deponent) and (b) Plaintiff so she knew what was being designated confidential and would treat the testimony accordingly or challenge the designations if she chose to do so. Dkt. No. 304-2 ¶ 4. Plaintiff's complaints about being included in the email cc: line makes no sense. Dkt. No. 302 at PDF p. 10. Plaintiff admits Apple provided her with its narrowed designations—so she knows what she was required to treat as confidential until any challenges are ruled upon, and what is at issue for any challenges she wanted to make. Nothing more is required and there was no waiver of the confidentiality designations.

### 2.   Apple Did Not Designate Internal Research and Development Information that is Already In the Public Domain.

Plaintiff asserts that confidential information related to internal product-related research and development studies is already in the public record because she generically referenced these types of studies in her Second Amended Complaint and Fourth Amended Complaint, and in turn Judge Chen vaguely referenced those portions of her complaints in various orders. *See* Dkt. No. 302 at PDF p. 14.[5] Plaintiff ignores that a generic allegation about studies in a certain category, or of a

---

[5] Plaintiff also provides a generic list of other places she believes this information may be publicly disclosed but provides no evidence or link to allow for Apple or this Court to assess the validity of these claims. *Cf.* Dkt. No. 302 at 13; *accord DVD Copy Control Ass'n Inc. v. Bunner*, 116 Cal. App. 4th 241, 251 (2004) (holding with respect to trade secrets, "[p]ublication on the Internet does not necessarily destroy the secret if the publication is sufficiently obscure or transient or otherwise limited so that it does not become generally known to the relevant people, *i.e.*, potential competitors or other persons to whom the information would have some economic value."); *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1115 (N.D. Cal. 2016) ("Plaintiff's categorical descriptions render it impossible for Defendants to conduct public domain or other research to challenge the alleged secrecy of the information at issue.").

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-cv-4597-EMC]

certain issue, is different from testifying to Plaintiff's understanding of the methods, processes, or equipment used in internal product-related research and development studies. Plaintiff's argument wholly ignores that Apple conducts internal confidential research and development studies and also supports or sponsors external studies by third parties.[6] *See* Decl. of Michael DiVincent in Support of Apple's Mot. Retain Confid. Design. (Dkt. No. 304-1) ¶ 11. While Plaintiff apparently misunderstands and conflates internal and external third-party studies, they are not the same thing. *Id.*

Federal Rule of Civil Procedure 26(c)(1)(G) expressly acknowledges that this court may properly issue an order that "***confidential research, development, or commercial information not be revealed or be revealed only in a specified way***" (emphasis added). Here, context matters. Plaintiff's testimony pertaining to what she describes as the methods, processes, and equipment of the studies goes far beyond anything she included in any of the various iterations of her complaint (which could be interpreted as referring to publicly available external studies Apple sponsored), confirms she was **not** testifying about external third-party studies sponsored by Apple, and warrants the designation. *See* Dkt. Nos. 304 and 304-1.

### 3.    Information Plaintiff Learned During Her Employment Pursuant to Her Confidentiality Agreements with Apple Can Also Be Properly Designated Under the Protective Order.

Plaintiff also asserts that the Protective Order cannot be used to designate her testimony confidential because she had independent knowledge of this information through her employment at Apple. *See* Dkt. No. 302 at 12. Plaintiff is incorrect. The Protective Order defines "Confidential"

---

[6] Plaintiff has significantly expanded this argument in her untimely opposition to Apple's Motion to Enforce Protective Order (*see* Dkt. No. 307 at PDF pp. 14-16), presumably by scouring the internet for any conceivable reference to anything that she thinks supports her position. Setting aside that she did not present this information to Apple during meet and confer or in support of this motion, she ignores the distinction between internal and external studies. Nor do obscure websites from foreign countries based on anonymous sources who purport to be Apple employees establish that Apple's internal product development research is in the public domain. *Cf. DVD Copy Control Ass'n Inc.*, 116 Cal. App. 4th at 251; *cf. Loop AI*, 195 F. Supp. 3d at 1115. In any event, Apple expects her to fully brief this issue in her opposition to Apple's Motion to Retain Confidentiality Designations and Apple will fully respond to it there.

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

as any information or tangible things "that qualify for protection under Federal Rule of Civil Procedure 26(c)." Dkt. No. 235 ¶ 2.2. Rule 26(c)(1)(G) provides protection for "confidential research, development, or commercial information." Testimony purporting to describe Apple's internal product-related research and development studies clearly qualify for protection under Rule 26(c).

Plaintiff attempts to evade this clear provision by asserting she had independent knowledge of these studies, based on information she learned during her employment at Apple, and therefore it cannot be covered by the Protective Order. *See* Dkt. No 302 at 12 (citing Dkt. No. 235 ¶ 3(b)). But subsection 3(b) of the Protective Order does not somehow transmute confidential product-related research and development that she learned about during her employment under an obligation of confidentiality to Apple into information Plaintiff is free to publicly disseminate once she provides it in discovery in this litigation. Nor would any such interpretation make sense; an employee cannot retain confidential documents of her former employer and then produce them in litigation, or testify about confidential information she learned during employment in the course of litigation, and then claim the employer is impotent to designate that discovery material as Confidential (meaning the documents and testimony could be publicly filed and otherwise disseminated).

A court in this district has previously (and correctly) rejected the same argument. *See Collateral Analytics LLC v. Nationstar Mortg. LLC*, No. 18-CV-00019-RS (JSC), 2019 WL 3779191, at *4 (N.D. Cal. Aug. 12, 2019) (finding documents qualified for designation under protective order notwithstanding that party opposing designation had received information pre-litigation; "Simply put, there is nothing to suggest that the Protective Order's lack of protection for 'any information known to the Receiving Party prior to disclosure' operates to remove independent contractual confidentiality obligations in place for pre-litigation documents containing confidential commercial information such that those documents should be public for purposes of litigation."). Plaintiff's testimony described her understanding of confidential internal product-related research and development studies that she learned about during her employment with Apple under an express agreement with Apple to keep such information confidential. *See* Dkt. No. 304-1 ¶¶ 3-5, 7-

11. Plaintiff's attempt to disavow her confidentiality obligations based on a tortured interpretation of the Protective Order should be disregarded, just as this Court disregarded the same argument in *Collateral Analytics*.

### 4.      Plaintiff's First Amendment Arguments Are Misplaced.

Plaintiff misstates the law when she suggests that requiring her to follow the process set forth in the Protective Order violates her First Amendment rights. *See* Dkt. No. 302 at PDF p. 15. The First Amendment's presumptive right of access "does not extend traditionally or functionally to discovery material." *United States v. Bulger*, 283 F.R.D. 46, 59 (D. Mass. 2012). Instead, "first amendment scrutiny of protective orders must be made within the framework of Rule 26(c)'s requirement of good cause." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 788 (1st Cir. 1988) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Plaintiff's First Amendment concerns are not dispositive, as she suggests; they are embedded within Rule 26(c)'s "good cause" standard, which Apple addresses and satisfies in its Motion to Enforce the Protective Order and Motion to Retain Confidentiality Designations.[7] *See* Dkt. Nos. 294 and 304.

### 5.      Plaintiff's Remaining Arguments are Meritless.

Plaintiff's motion also raises a host of other misplaced arguments that should be summarily rejected.

*First*, Apple has never sought to enforce a "blanket" confidentiality designation. *See* Dkt. No. 302 at PDF p. 9. The parties agreed on the record that Apple would review the transcript on receipt and provide narrower confidentiality designations. *See* Dkt. No. 304-2, Ex. A (141:18-142:25). Plaintiff cannot cry foul about a process she agreed to.

*Second*, Plaintiff's reliance on Local Rule 5-5(a) is misplaced. *See* Dkt. No. 302 at PDF pp. 10-12. Local Rule 5-5(a) requires a certain method of service of process for "any pleading or other paper presented for filing." Apple's confidentiality designations were not presented for filing when Apple notified the court reporter and Plaintiff of the designations. In any event, Plaintiff

---

7 Any references to the National Labor Relations Act ("NLRA") are similarly misplaced. As the Supreme Court has noted, "the particulars of dispute resolution procedures in Article III courts … are usually left to other statutes and rules — not least the Federal Rules of Civil Procedure…", rather than the NLRA. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 517 (2018).

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-cv-4597-EMC]

indisputably received Apple's narrowed designations, and these rules do not require more.

***Third***, Plaintiff's belief that Apple obtained the protective order and made its designations for an improper purpose is pure speculation and legally irrelevant. *See* Dkt. No. 302 at PDF pp. 16-21. Apple is entitled to have a Protective Order in place to govern confidential information that may be generated or exchanged in the course of this lawsuit, and cannot be limited to examples it provided to the Court during a hearing explaining why it was asking for a Protective Order against such a vexatious litigant who has intentionally disclosed Apple's confidential information in the past (and continues to do so). Moreover, contrary to Plaintiff's suggestion, Apple is not seeking to designate as confidential testimony about Plaintiff's "own body" or physiology or "her own workplace complaints." Apple is seeking to retain confidentiality over Plaintiff's deposition testimony about internal product-related code words and internal research and development studies, nothing more. *See* Dkt. No. 304. That she described Apple's confidential research and development studies in the context of specific concerns she had based on her understanding of the methods, processes, or equipment used in those studies does not somehow render that testimony outside the scope of the Protective Order.

***Fourth***, Plaintiff's claim that allowing Apple to designate portions of her testimony confidential is essentially a dispositive ruling in favor of Apple (*see* Dkt. No. 302 at PDF p. 2, n. 2) shows her fundamental misunderstanding of what the Protective Order does and, more importantly, what it does not do. The Protective Order simply governs the use of information generated or exchanged during discovery in this matter through trial, which will have a separate order governing the use of confidential information. *See* Dkt. No. 235 ¶ 3 ("Any use of Protected Material at trial shall be governed by a separate agreement."). The application of the Protective Order does not result in any dispositive ruling. *See Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 648-49 (D. Colo. 2021) ("[T]his court recognizes Ms. Barrington's concerns that a protective order would perpetuate the very conduct that she challenges, *i.e.*, United's policies and procedures that result in secrecy. However, this substantive issue cannot—and should not—be resolved in the context of a protective order. Entering a blanket protective order is not equivalent to determining that United's practices are proper or improper.").

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF
[23-cv-4597-EMC]

**E.    Plaintiff's Request for Attorney's Fees is Legally Flawed and Factually Unsupported.**

Plaintiff's request for the "cost" of preparing, drafting, and filing various motions and oppositions is an improper request for attorney's fees. As a *pro se* litigant, Plaintiff is not entitled to recover attorney's fees associated with preparing and filings discovery related motions or oppositions as her remedies are limited to the "costs actually incurred" due to the alleged discovery misconduct. *See Fosselman v. Gibbs*, No. 06–375 PJH (NJV), 2010 WL 1446661 (N.D.Cal. Apr.7, 2010) (holding that pro se litigant not entitled to recover fees under Rule 37(b), but may recover actual costs incurred as a result of opponent's violation of discovery order); *accord Brown v. Stroud*, No. C-08-02348 JSW DMR, 2012 WL 2709058, at *7 (N.D. Cal. July 6, 2012) (denying *pro se* fee request under Rule 37(b)). The sanction provision in Rule 26(g) is like the sanction provision in Rule 37(b)—analyzed in both *Fosselman* and *Brown*—and the same result applies. Plaintiff cannot recover attorney's fees under Rule 26(g).

While the Court has the inherent authority to award a *pro se* litigant attorney's fees, it requires a showing of "bad faith litigation or willful disobedience of court rules or orders" to do so. *Brown*, 2012 WL 2709058, at *4. Since Plaintiff has not established any Rule 26(g) violation, she plainly cannot meet the heightened standard to recover fees under the Court's inherent authority. In any event, Apple's attempts to enforce the Protective Order were brought about through Plaintiff's "willful disobedience of court rules or orders," making her the proper subject for any sanctions related to these motions.

Plaintiff's request for fees and expenses also lacks the requisite factual support. Plaintiff was required to comply with the Civil Local Rules, which require, inter alia, that Plaintiff submit a "competent declaration[ ]" that "itemize[s] with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed." Civ. L. R. 37-4(b). Plaintiff did not submit any such declaration here and her request must be denied on those grounds, as well.

/ / /

/ / /

APPLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF
[23-CV-4597-EMC]

## V.    CONCLUSION

Plaintiff's motion fails to establish any Rule 26(g) violation and, even if it did, Apple is substantially justified in seeking relief for Plaintiff's flagrant and deliberate violations of the Protective Order and Plaintiff has not established any entitlement to the relief she seeks, including fees and costs associated with her motions. For the reasons stated above, Apple respectfully requests this Court deny Plaintiff's motion.

Dated: March 20, 2026                          ORRICK, HERRINGTON & SUTCLIFFE LLP


                                               By:         */s/ Melinda S. Riechert*
                                                         MELINDA S. RIECHERT
                                                         Attorney for Defendant
                                                         APPLE INC.

## <u>CERTIFICATE OF SERVICE</u>

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California  94025. I am readily familiar with the business practices of this office for E-Filing and processing of pleadings for electronic transmission with the United States District Court, Northern District of California. On March 20, 2026 I served the following:

**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF & FOR SANCTIONS UNDER FED.R.CIV.P. RULE 26(G)**

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com
legal@ashleygjovik.com

on the above parties in this action by:

**[X]    ELECTRONIC TRANSMISSION:**  I declare that a copy of said document(s) was filed electronically on the above date through the ECF system for the United States District Court for the Northern District of California and to the best of my knowledge, notice of this filing will be transmitted to all parties through the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 20, 2026.

*/s/ Josette Romero*
Josette Romero

- 1 -

CERTIFICATE OF SERVICE
[23-cv-4597-EMC]