

March 23, 2026

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

Hon. Kandis A. Westmore
United States District Court,
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

**Melinda Riechert**

**E** mriechert@orrick.com
**D** +1 650 614 7423
**F** +1 650 614 7401

Re:   ***Ashley Gjovik v. Apple Inc.***
      **N.D. Cal. Case No. 23-cv-4597-EMC (KAW)**
      **Response to Plaintiff's Letter Brief re: Plaintiff's Interrogatory Nos. 1-16**

Dear Judge Westmore:

Pursuant to this Court's July 2, 2025 Minute Order (Dkt. No 230), Defendant Apple Inc. submits this letter in response to Plaintiff Ashley Gjovik's March 16, 2026 letter requesting an order compelling further responses to Plaintiff's Interrogatory Nos. 1-2 and responses to Interrogatory Nos. 3-16.

## I.    INTERROGATORY NO. 1

Plaintiff's request[1] for an order compelling a further response to Interrogatory No. 1 should be denied. Interrogatory No. 1 asked Apple to "[s]tate in detail Defendant Apple Inc's complete and formal reason(s) for terminating Employee, Ashley Gjovik's, employment as of the time of the termination on Sept. 9 2021[.]" Dkt. No. 309-1 at 5. Apple fully and completely responded to Plaintiff's request. Apple's response explains that, despite agreeing to keep non-public information relating to product development and research confidential, Plaintiff publicly disclosed details about two proprietary studies Apple was conducting—first by tweeting the name and purpose of one study, then by tweeting photos from another study and a link to a media story disclosing her participation in that study. Dkt. No. 309-1 at 5-7. Apple's response further explains that an Apple investigator requested to speak with Plaintiff as part of an investigation regarding Plaintiff's disclosures, but Plaintiff refused. *Id.* at 7. Apple's response concludes by clearly and succinctly identifying the reasons Plaintiff's employment was terminated: "her unauthorized disclosure of Apple confidential information, her violation of her confidentiality agreements regarding disclosure of non-public information relating to product development and research, and her refusal to cooperate during Apple's

---

[1] Plaintiff did not file her letter "within 5 days of the last meet and confer date" per the Court's order (Dkt. No. 230). *See* Dkt. No. 309-1 at 19 (most recent meet and confer dated November 24, 2025). Plaintiff also improperly attached 28 pages of exhibits to her letter. The Court has previously reprimanded her for this conduct. *See* Dkt. 181 at 1, n.2 ("Plaintiff attached more than 60 pages of exhibits even though the Court's standing order limits discovery letter exhibits to 12 pages."). The request should be denied on this basis alone.



Hon. Kandis A Westmore
March 23, 2026
Page 2

internal investigation process." *Id.* 7-8. Plaintiff's contention that "Apple has never articulated a specific, factual explanation for its termination of the plaintiff" (Dkt. No. 309 at 2) is plainly refuted by Apple's comprehensive response to Interrogatory No. 1.

Plaintiff argues that the response "names … no specific policy provisions." Dkt. No. 309 at 2, ¶ 5. Not so. Apple's response explains, e.g., that the Confidentiality and Intellectual Property Agreement signed by Plaintiff provided that employees are "prohibited from disseminating … information relating to past, existing, and future products and services." Dkt. No. 309-1 at 6. Plaintiff also argues that the response "names … no investigation details [and] no timeline" (Dkt. No. 309 at 2, ¶ 5) and fails to identify "when Apple decided to terminate the Plaintiff." *Id.* at 3, ¶ 9. Again, Apple's response proves otherwise. Dkt. No. 309-1 at 6-7 ("On August 28, 2021, Plaintiff tweeted details … The next day, Apple received a complaint through its Business Conduct Hotline … On August 30, 2021, Plaintiff tweeted photographs … On September 9, 2021, an Apple investigator requested to speak with Plaintiff … Plaintiff refused to speak with the investigator … On September 9, 2021, Apple notified Plaintiff it was terminating her employment …"). Apple's response to the request made was full and complete.

Plaintiff goes a step further, though, and now seeks to compel additional information she failed to request. Specifically, she argues that Apple's response is somehow deficient because it "names no decision-maker [and] no investigator" (Dkt. No. 309 at 2, ¶ 5) and it does not identify "who started [the termination] process" or state whether "the vice president who sent the [termination] email had any involvement[.]" *Id.* at 3, ¶ 9. If Plaintiff wanted that specific information, her interrogatory could have asked for it, but it did not. These are entirely different questions than the reason for the termination decision, which was the only question in her interrogatory. Plaintiff's demand for such information is, in effect, an attempt to compel an answer to multiple questions she never asked. *See Am. Bankers Ins. Co. of Fla. v. Nat'l Fire Ins. Co. of Hartford*, No. 19-cv-02237-HSG-KAW, 2020 WL 8996760, at *1 (N.D. Cal. July 9, 2020) ("If the first question could 'be answered fully and completely without answering the second question,' the second question was independent to the first, and, therefore, discrete under Rule 33.").[2]

Plaintiff cites no caselaw supporting her position that her narrow interrogatory seeking the reasons for the termination of her employment requires Apple to answer a different, broader interrogatory and provide all facts related to the termination. And, even if she had requested all facts

---

[2] In any event, Plaintiff concedes that, elsewhere in discovery, Apple has provided information about individuals involved in the termination decision. *See* Dkt. No. 309 at 3, ¶ 9 ("Apple's initial disclosures … named eight individuals involved in the termination decision: [list of names]."). Plaintiff also acknowledges that she could seek additional information about such individuals via deposition, which she has not yet done. *See id.* at 3, ¶ 6 (citing Dkt. No. 234 at 2 and noting that Judge Chen advised Plaintiff that "Apple's defenses are fact intensive, and those facts need to be developed through discovery, both *oral* and written") (emphasis added).



Hon. Kandis A Westmore
March 23, 2026
Page 3

related to the termination, such a request would have been unduly burdensome and oppressive. *See Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (citations omitted) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal. 1998) (finding as "well taken" objection that interrogatories that seek all facts, documents, and witnesses that support a legal contention are "unduly burdensome and oppressive" and denying motion to compel, in part, on those grounds).

Accordingly, the Court should deny the motion to compel a further response to Interrogatory No. 1.

## II.    <u>INTERROGATORY NOS. 2-16</u>

Plaintiff's motion to compel further responses to Interrogatory No. 2 and responses to Interrogatory Nos. 3-16 rests on two flawed premises: first, that Apple improperly counted discrete subparts in Interrogatory No. 2, and second, that Apple engaged in "self-help" by refusing to answer subparts in excess of the interrogatory limit.

Plaintiff first asserts that Apple's counting method is "wrong," contending that Interrogatory No. 2—which requests Apple to substantiate fourteen affirmative defenses with a factual basis, legal basis, documents, and persons—should count as a single interrogatory, or at most four. Dkt. No. 309 at 4, ¶¶ 13-15. This argument disregards both the letter and the spirit of Rule 33(a)(1), which expressly limits parties to twenty-five interrogatories, including discrete subparts. Apple properly objected to Interrogatory No. 2 because it contains fifty-six "discrete subparts"—what are in effect four interrogatories directed at each of the fourteen affirmative defenses in Apple's Amended Answer to Plaintiff's Fifth Amended Complaint (Dkt. No. 218)—and thus exceeds the limit of twenty-five interrogatories set forth in Fed. R. Civ. P. 33(a)(1).

The test for determining whether an interrogatory contains discrete subparts is simple: "If the first question could 'be answered fully and completely without answering the second question,' the second question was independent to the first, and, therefore, discrete under Rule 33." *Am. Bankers Ins. Co. of Fla.*, 2020 WL 8996760, at *1. Interrogatory No. 2 contains fifty-six subparts because providing the discrete "factual basis" for an affirmative defense does not require providing the legal basis for, documents supporting, or persons with knowledge of that defense, and providing the discrete "factual basis" for an affirmative defense does not require providing the factual basis for, legal basis for, documents supporting, or persons with knowledge of the other thirteen affirmative defenses.

Courts routinely find that interrogatories that are essentially identical to Interrogatory No. 2 are improperly compound and violate Rule 33's numerical limitation on interrogatories. *See, e.g., AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR-JSC, 2014 WL 7188779, at *6 (N.D. Cal. Dec. 16, 2014) ("Defendant contends that because there are 12 affirmative defenses and the interrogatory has four parts (identify all facts in support of the defenses, all documents that support,

Hon. Kandis A Westmore
March 23, 2026
Page 4



all documents that refute, and all persons) it contains 48 subparts which each count as a separate interrogatory. Because interrogatories which contain multiple subparts, i.e., those which 'introduce[ ] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it' are generally counted as separate interrogatories, and in so counting, Plaintiff has exceeded the 25 interrogatory limit, Defendant's objection is sustained."); *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-cv-644, 2016 WL 4097522, at *4 (S.D. Cal. July 7, 2016) (finding interrogatory seeking "the factual bases along with at least two distinct subparts for each of the defendants' [25] defenses" to be "a compound question with at least 75 subparts"); *Sabadash v. SARL Brevent*, No. 23-cv-6265, 2025 WL 1722123, at *5 (C.D. Cal. Feb. 5, 2025) ("As to Rule 33's numerical limitation on interrogatories, [defendant] raises a valid objection that [p]laintiff's Interrogatory Nos. 13 and 14 seeking all facts, witnesses, and documents supporting each of [defendant's] 66 [] affirmative defenses are improperly compound.").

Apple's position is further supported by the authorities cited in Apple's objections to Interrogatory Nos. 2-16. *See* Dkt. No. 309-1 at 12-13 (citing *Nguyen v. Lowe's Home Centers, LLC*, No. 15-cv-1085, 2015 WL 12672153, at *4 (S.D. Cal. Nov. 19, 2015) (citing cases) ("[M]any courts have concluded an interrogatory that asks a party to identify facts, documents, and witnesses should count these items as discrete separate interrogatories."); *Phillips v. Clark Cnty. Sch. Dist.*, No. 10-cv-02068, 2012 WL 135705, at *7 (D. Nev. Jan. 18, 2012) ("[A]n interrogatory which asks for information, and which also asks for the identification of documents relating to that information, contains two interrogatories."); *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004) (holding that an interrogatory that seeks both information about an event and the identification of documents pertaining to that event asks two independent questions)).

Neither of the two cases cited by Plaintiff (*Safeco* and *Pouncil*) change the analysis. *Safeco* held that the use of three separate interrogatories to seek every fact, document, and witness supporting 12 request for admission denials impermissibly attempted to "circumvent the numerical limit contained in Rule 33(a)," as each interrogatory "essentially transforms each request for admission [denial] into an interrogatory." 181 F.R.D. 441, 445 (C.D. Cal. 1998). The same logic applies here: Interrogatory No. 2 transforms each of Apple's fourteen affirmative defenses into an interrogatory, and in turn, each of those fourteen interrogatories are transformed into four separate interrogatories. The *Safeco* court further sustained as "well taken" an objection that interrogatories that require a party to "specify all facts, documents, and witnesses" is unduly burdensome and oppressive. *Id.* at 447-448. The Court denied defendant's motion to compel further responses to the interrogatories "both because they violated the numerical limit contained in Rule 33(a) and because they were unduly burdensome and oppressive." *Id.* at 448.

*Pouncil v. Branch L. Firm* is inapposite because the interrogatory at issue asked the defendant to identify facts and documents supporting a single affirmative defense. 277 F.R.D. 642, 647 (D. Kan. 2011). Moreover, the defendant in *Pouncil* did not argue that the interrogatory (seeking facts and documents) counted as two, nor did the court address that issue. *See id.* As discussed, courts have found that an interrogatory seeking facts and documents counts as two. *Nguyen*, 2015 WL 12672153, at *4; *Phillips*, 2012 WL 135705, at *7; *Banks*, 222 F.R.D. at 10.



Hon. Kandis A Westmore
March 23, 2026
Page 5

Nor is there any merit to Plaintiff's claim that Apple engaged in improper "self-help" or sanctionable conduct by answering only the first twenty-four subparts (and thus answering twenty-five interrogatories in total) and objecting to the remainder. As Plaintiff herself acknowledges, a "proper option[]" is to "answer the first 25 and object to the remainder." Dkt. No. 309 at 5, ¶ 16. Courts have likewise repeatedly endorsed this exact approach. *See, e.g.*, *Nguyen v. Lowe's Home Centers, LLC*, No. 15-cv-1085, 2015 WL 12672153, at *4 (S.D. Cal. Nov. 19, 2015) ("Plaintiff's interrogatory numbers one through seventeen amounted to a total of at least twenty-five interrogatories when accounting for the discrete subparts. Thus, interrogatories eighteen through twenty-five exceeded the numerical limit. Defendant thus was not required to answer the interrogatories that exceeded the numerical limit."); *Paananen v. Cellco P'ship*, No. 08-cv-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) (denying in part a motion to compel and holding that the defendant need only respond to plaintiff's "first 25 counting discrete subparts" and that defendant "was not required to respond to [the remaining interrogatories]").

Plaintiff's assertion that Apple's "refusal to provide a legal basis for all fourteen defenses … has no basis in law" (Dkt. No. 309 at 5) is also without merit. *See* Dkt. No. 309-1 at 13 (Apple's objections to Interrogatory No. 2, citing *Brady v. Grendene USA, Inc.*, No. 12-cv-604, 2014 WL 4925578, at *6 (S.D. Cal. Sept. 26, 2014) ("To the extent that the plaintiffs seek "legal bases" for the defendants' defenses, Interrogatory No. 10 exceeds the permissible scope of Rule 26(b).")).

In sum, Apple properly objected to the improper discrete subparts of Interrogatory No. 2 that exceeded 25 total interrogatories, and the excess additional interrogatories contained in Set Three, each of which also contain discrete subparts. The Court should deny Plaintiff's request for an order to compel a further response to Interrogatory No. 2 and responses to Interrogatory Nos. 3-16.

Very truly yours,

*/s/ Melinda Riechert*

Melinda Riechert