**orrick**

March 23, 2026

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

Hon. Kandis A. Westmore
United States District Court,
Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

**Melinda Riechert**

**E** mriechert@orrick.com
**D** +1 650 614 7423
**F** +1 650 614 7401

Re:    ***Ashley Gjovik v. Apple Inc.***
       **N.D. Cal. Case No. 23-cv-4597-EMC (KAW)**
       **Response to Plaintiff's Letter Brief re: Plaintiff's Requests for Production Nos. 7-10**
       **(Set One) and 23-24, 28-32, 37, 40-44, 54 (Set Two)**

Dear Judge Westmore:

Pursuant to this Court's July 2, 2025 Minute Order (Dkt. No 230), Defendant Apple Inc. submits this letter in response to Plaintiff Ashley Gjovik's March 16, 2026 letter brief requesting an order compelling further responses to Plaintiff's Requests for Production Nos. 7-10 (Set One) and 23-24, 28-32, 37, 40-44, 54 (Set Two).

Prior to filing her March 16 letter,[1] Plaintiff failed to meet and confer with Apple pursuant to Your Honor's July 2, 2025 order (Dkt. No. 230). Accordingly, this dispute has been prematurely raised and Plaintiff's request should be denied for this reason alone. Plaintiff's request is also without merit. As the party moving to compel, Plaintiff must show that her requests seek relevant information and are proportional to the needs of the case. She has not done so. The requests at issue fall into two categories. The first category—documents concerning the conduct Plaintiff complained about—seeks technical and environmental records unrelated to whether Apple retaliated against her. Courts have repeatedly held that discovery into the underlying merits of a complaint is not relevant to retaliation claims. The second category—documents merely referencing or relating to Plaintiff—includes broad internal communications and records untethered to any protected activity. Plaintiff offers no explanation as to how these expansive requests are likely to yield relevant evidence. Both categories are overbroad, unduly burdensome, and not proportional to the needs of the case, and her requests should be denied.

---

[1] Plaintiff improperly attached 19 pages of exhibits to her letter. The Court has previously reprimanded her for this conduct. *See* Dkt. 181 at 1, n.2 ("Plaintiff attached more than 60 pages of exhibits even though the Court's standing order limits discovery letter exhibits to 12 pages."). This is an additional independent ground on which this request should be denied.

Hon. Kandis A Westmore
March 23, 2026
Page 2



## I.    **BACKGROUND**

On January 13, 2025, Plaintiff served her Requests for Production (Set One), and on February 12, 2025, Apple served its objections and responses to those requests. On April 25, 2025, Plaintiff served her Requests for Production (Set Two), and on May 27, 2025, Apple served its objections and responses to those requests.

Many months later, on February 26, 2026, Plaintiff emailed Apple stating she had "concerns about the adequacy of Defendant's production" and referenced only two specific RFPs (Nos. 20 and 23 (Set Two)) (Dkt. No. 310-1 at 22-23), only one of which (RFP No. 23) is at issue in her letter brief. *See* Dkt. No. 310 at 4. Plaintiff claimed that RFP No. 23—which requests "reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart and 3250 Scott—seeks "documents going to the core of some of Plaintiff's protected disclosures and Defendant's knowledge thereof." Dkt. No. 310-1 at 22-23.

Plaintiff asked Apple to confirm within five business days whether Apple is still in the process of collecting or reviewing documents. She also stated, "If I do not receive a response within that timeframe, Plaintiff will understand Defendant's production to be complete as to all outstanding requests and … *will start meet/confer for any necessary future motion practice.*" *Id.* (emphasis added).

On March 5, 2026, Apple responded to Plaintiff, stating that it properly objected to RFP No. 23 on numerous grounds, including that "whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims." *Id.* at 20. Apple invited Plaintiff to meet and confer about RFP No. 23 or any other specific RFPs. Apple also confirmed that it "continues to search for potentially responsive documents" regarding requests for which Apple agreed to produce documents. *Id.*

Rather than meet and confer about RFP No. 23 or any other specific RFP, Plaintiff filed her discovery letter on March 16, 2026.

## II.    **PLAINTIFF'S DISCOVERY DISPUTE LETTER IS PREMATURE.**

Your Honor's July 2, 2025 order (Dkt. No. 230) requires that the parties "meet and confer in writing for a period of 5 business days" before filing a letter regarding an unresolved dispute. Dkt. No. 230. The exhibits attached to Plaintiff's discovery letter clearly demonstrate that Plaintiff did not meet and confer with Apple about any of the RFPs at issue in her letter, save for a single email in which she referenced RFP No. 23, and to which Apple explained that the request did not seek relevant materials. Plaintiff did not respond to justify the relevance of RFP No. 23 and instead immediately filed this discovery dispute letter, seeking an order compelling Apple to produce documents in response to not just RFP No. 23, but also a slew of other RFPs she has not even attempted to discuss with Apple.

Hon. Kandis A Westmore
March 23, 2026
Page 3



Your Honor has terminated prior letters submitted by Plaintiff due to her failure to properly meet and confer in accordance with court orders. *See* Dkt. No. 181 (terminating four discovery letters filed by Plaintiff and explaining that "the parties are required to meet and confer" prior to filing letters addressing pending discovery disputes). Your Honor should do the same here.

### III.   PLAINTIFF HAS NOT MET HER BURDEN OF ESTABLISHING RELEVANCE AND PROPORTIONALITY.

Plaintiff seeks an order compelling production of two categories of documents: first, documents that relate to the alleged conduct that she purportedly complained about (RFP Nos. 7-10 (Set One) and 23-24, 28-32 (Set Two)), and second, documents that reference or relate to Plaintiff (RFP Nos. 37, 40-44, 54 (Set Two)).

Contrary to Plaintiff's assertion otherwise (Dkt. No. 310 at 3, ¶ 9), it is "the party moving to compel [] discovery[] that has the initial burden of establishing that the information sought 'is relevant to any party's claim or defense and proportional to the needs of the case.'" *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR-AGT, 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (quoting Fed. R. Civ. P. 26(b)(1)). As discussed below, Plaintiff fails to meet that burden as to any of the requests at issue.

*RFP Nos. 7-10 (Set One) and 23-24, 28-32 (Set Two)*

Plaintiff fails to meet her burden of establishing the relevance of RFP Nos. 7-10 (Set One) and 23-24, 28-32 (Set Two). She claims that these RFPs seek "evidence of Plaintiff's environmental, health, and safety ('EH&S')-related protected activity and Apple's knowledge of it." Dkt. No. 310 at 2, ¶ 1. However, these requests seek no such thing. As is clear from the RFPs, and as Plaintiff admits, these requests seek evidence of what Plaintiff calls "[t]he technical merit of [her] safety concerns," which she claims is "directly relevant to the employer's motive." Dkt. No. 310 at 3, ¶ 9. But courts routinely reject such discovery requests, holding that discovery into whether the employer actually engaged in the complained-of conduct is not relevant to a retaliation claim and therefore not a proper subject of discovery. *See Bozeman v. Per-Se Techs., Inc.*, 2006 WL 8431279, at *1, 4 (N.D. Ga. May 23, 2006) (where plaintiff alleged retaliation for reporting financial irregularities to the SEC and sought broad discovery into defendant's accounting practices and procedures, asserting that "such evidence would show … that [defendant] was motivated to silence the Plaintiff through retaliation," the court denied plaintiff's motion to compel because "it is not [plaintiff's] place to litigate whether [the defendant], in fact, was involved in unethical conduct"); *Perius v. Abbott Labs.*, No. 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008) (where plaintiff alleged that he was retaliated against for reporting marketing practices that he believed violated regulations and argued that proving that defendant violated regulations would be relevant to the decision-makers' state of mind, the court granted defendant's motion for a protective order, reasoning that such discovery "is not relevant to, or likely to lead to admissible evidence on, any claims or defenses"); *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 677-78 (S.D.N.Y. 2007) (in retaliation case, rejecting plaintiff's request for discovery to "prove that his criticism … was valid," reasoning that "discovery



Hon. Kandis A Westmore
March 23, 2026
Page 4

regarding the truth of plaintiff's comments will not uncover any evidence relevant to this action"); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84, 86 (2d Cir. 1990) (in retaliation case, denying plaintiff's request for discovery regarding "the merits of the underlying complaint"); *see also Wheeler v. Aliceson*, No. 12-CV-00860-LJO, 2015 WL 3507369, at *6 n.2 (E.D. Cal. June 3, 2015) (in retaliation case, explaining that documents proving that "purported complaints against [defendant] were true" have "minimal, if any relevance" because plaintiff "may prove his case whether or not his [] complaints against [defendant] had merit").

Plaintiff's reliance on *Seater v. S. Cal. Edison Co.*, ARB No. 96-013, 1996 WL 686411 (Sept. 27, 1996), is entirely misplaced and actually confirms the irrelevance of the material Plaintiff seeks. The ARB expressly concluded: "The question of who is actually correct regarding the competing views about [the concerns raised by the complainant] is **not germane** to the retaliatory intent issue." 1996 WL 686411, at *14. Thus, *Seater* does not provide a basis for Plaintiff to obtain documents aimed at proving the underlying merits of her complaints.[2]

Even if any of these requests sought relevant documents (they do not), Plaintiff fails to explain how each request is proportional to the needs of the case. These requests demand that Apple search for documents and data maintained across numerous custodians, repositories, and data sources throughout the company to produce documents that have, at best, "minimal, if any relevance." *Wheeler*, 2015 WL 3507369, at *6 n.2; *Perius*, 2008 WL 3889942, at *4-5 (concluding that "[t]o the extent such evidence would have any 'tangential' relevance," such discovery is not permitted after weighing the factors set out in FRCP 26(b)(2)(C)(iii)). Apple is one of the largest companies in the world, and responding to these requests would require coordination with numerous employees, managers, and teams spanning multiple functional areas to identify who may have had any involvement with the subject matter of each request, determine what repositories each such person may have used to store potentially responsive materials, and then collect and review documents from each of those disparate sources. The universe of potentially responsive materials would not be limited to any single document type; rather, Plaintiff seeks, among other things, reports, plans, certifications, invoices, work orders, meeting notes, audits, assessments, photos, diagrams, maps, schematics, video surveillance footage, access logs, calendar entries, meeting agendas, security logs, visitor records, messages, emails, legal memos, and investigative notes. In many instances, responsive materials may also reside with third-party consultants, laboratories, or outside vendors, requiring further coordination with those external parties. This cumulative burden is wholly disproportionate to any conceivable benefit. *See Wheeler*, 2015 WL 3507369, at *6 n.2

---

[2] Plaintiff also contends that *Varnadore v. Oak Ridge National Laboratory*, ARB Nos. 92-CAA-2, et al., 1996 WL 363346 (June 14, 1996) stands for the proposition that "agency reports documenting regulatory violations are admissible to show retaliatory animus among management." Dkt. No. 310 at 3, ¶ 9. The case says no such thing. Rather, the case involves the question of "whether a performance appraisal was given out of retaliatory motive"—a question not at issue in this case. 1996 WL 363346, at *13.



Hon. Kandis A Westmore
March 23, 2026
Page 5

("Plaintiff may prove his [retaliation] case whether or not his administrative complaints against
Defendant [] had merit.").

*RFP Nos. 37, 40-44, 54 (Set Two)*

Plaintiff likewise fails to demonstrate the relevance of RFP Nos. 37, 40-44, 54 (Set Two).
Plaintiff generally asserts that these requests seek "evidence of Plaintiff's environmental, health, and
safety ('EH&S')-related protected activity and Apple's knowledge of it." Dkt. No. 310 at 2, ¶ 1.
However, RFP Nos. 37 and 40-44 (Set Two) do not even mention any alleged protected activity.
Rather, these requests broadly seek documents that reference or relate to Plaintiff. To the extent
Plaintiff assumes that some documents that reference or relate to Plaintiff also evidence Apple's
knowledge of Plaintiff's alleged protected activity, the requests are overbroad, unduly burdensome,
and not proportional to the needs of the case. *Kornhauser v. United States*, No. 14-CV-05610-HSG
(SK), 2016 WL 97512, at *2 (N.D. Cal. Jan. 8, 2016) (finding that a request seeking all files relating
to the plaintiff seeks irrelevant information and is overly broad and vague); *Lopez v. Lee*, No. 23-cv-
03660-HSG, 2025 WL 2653642, at *9 (N.D. Cal. Sept. 16, 2025) (finding that a request for "'all
documents and records referencing Plaintiff' is overly broad and disproportionate to the needs of
this case" and "outweighed by the burden of production").

\*\*\*

In sum, Plaintiff's request for an order compelling responses to RFP Nos. 7-10 (Set One)
and 23-24, 28-32, 37, 40-44, 54 (Set Two) should be denied because she failed to meet and confer as
required, and she has failed to meet her burden of showing that her requests are relevant and
proportional to the needs of the case.

Very truly yours,

*/s/ Melinda Riechert*

Melinda Riechert