Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*, | **CASE NO.** **3:23-CV-04597-EMC (KAW)** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S DISCOVERY LETTER AT DKT. 315** |
| **APPLE INC.**, *a corporation,* | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S DISCOVERY LETTER AT DKT. 315 (EXTENDED DEPOSITION)

1.  Apple seeks four additional deposition hours on two grounds: (1) an alleged stipulation plaintiff cannot revoke; and (2) alleged deponent impediment under Rule 30(d)(1). Both fail. The stipulation was conditioned on plaintiff's expressly reserved right to object to improper questions — the same objections Apple now characterizes as misconduct and asks this Court to override by order. Apple cannot simultaneously enforce the stipulation and seek a court order nullifying its conditions. Independently, Apple was dilatory, noticed the deposition three weeks before the MSJ deadline, and raised its impediment claim for the first time three months after the deposition. On the merits, every transcript excerpt Apple cites as "impediment" is Apple's own improper examination conduct: contention questions, questions embedding illegal premises, and demands for misleading one-word answers. The actual transcript — attached as Exhibit A, which Apple cited but withheld from the Court — refutes Apple's characterizations.

2.  There is also a threshold issue this motion omits entirely: Apple has refused to cooperate in discovery in every available form. Apple has withheld approximately 97% of requested documents, refused to answer interrogatories ordered developed by this Court, and as of the date of this filing has produced zero depositions despite plaintiff's requests dating to August 2025 — providing a single deposition date as of March 24, 2026 with requirements that may themselves require court intervention. Apple's pending letter briefs at Dkts. 309 and 310 detail these failures. Against that backdrop, Apple's demand for four more hours of plaintiff's testimony is not a proportionate discovery request.

3.  Plaintiff's January 21 agreement to four additional hours contained an express condition: "I reserve all of my rights to object to questions asked and comments made, as well as to ensure my statements are not intentionally mischaracterized and taken out of context later." (Dkt. 315-1 at 1.) Plaintiff agreed to appear for four hours on relevant topics — adverse actions and mitigation — while preserving her right to object to improper questions. That was the deal. Apple's motion to this Court argues that plaintiff's objections during the December deposition were misconduct and asks for an order compelling her to answer the same categories of questions she reserved the right to contest. Apple is not seeking to enforce the stipulation. It is seeking a court order overriding the conditions on which the stipulation was made. Those are incompatible requests.

4.  Cause to withdraw also exists in Apple's own filings. Apple's Dkt. 304 argues the existing deposition testimony is "irrelevant to the adjudication of Plaintiff's remaining claims" under *In re Roman Catholic Archbishop*, 661 F.3d 417, 424 n.5 (9th Cir. 2011). Apple cannot represent that its existing examination covered irrelevant material and simultaneously argue fair examination is incomplete. Under *Muller v. Dows*, 94 U.S. 277 (1876), a stipulation may be withdrawn upon cause shown. *McMorgan & Co. v. First California Mortgage Co.*, 931 F. Supp. 699, 703 (N.D. Cal. 1996). Under *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999), stipulations are enforced "absent indications of involuntary or uninformed consent." Apple simultaneously refused to identify its examination agenda — "we are not required to, nor will we, identify in advance a comprehensive or prescriptive list" (Dkt. 315-1 at 5) — while demanding agreement.

5.  Apple was also dilatory. It offered dates of February 2, 4, 5, 6, and 10 in January, used none

of them, and did not notice the deposition until March 16 — eight weeks after the stipulation and three weeks before the April 16 discovery cutoff. Apple raised its impediment claim for the first time three months after the deposition, only after its other motions faced opposition. Under *Otero v. Buslee*, 695 F.2d 1244 (10th Cir. 1982), a party who has ample prior opportunity and unilaterally postpones "gambled that the court would grant their extension" and was denied. Under 7 Cyc. of Federal Proc. §25:89, depositions by a dilatory party may be refused. *Chigro v. Texaco, Inc.*, 558 F. Supp. 75 (D. Colo. 1983).

## II. APPLE HAS NOT ESTABLISHED RULE 30(D)(1) GOOD CAUSE

6.      Additional time must be "needed to fairly examine the deponent." Rule 30(d)(1). The seven-hour limit "was carefully chosen and extensions should be the exception, not the rule." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007). "Counsel who unreasonably prolong the questioning may be refused additional time." Federal Rutter §11:1523 (citing *Malec v. Trustees of Boston College*, 208 F.R.D. 23 (D. Mass. 2002)). The Advisory Committee Notes to the 2000 Amendment admonish that "judges, presumably, will not look kindly on requests to extend the time where the time already expended has not been used wisely." Cal. Rutter §8:741.1: a deponent "should not be required to submit to additional questioning because of Examiner's" own choices. Depositions "are designed to discover facts, not contentions or legal theories." *JPMorgan Chase Bank v. Liberty Mutual Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). Apple spent its seven hours on liability topics — IPA enforceability, confidentiality obligations, Business Conduct policy — and never reached damages. That is Apple's allocation decision, not plaintiff's impediment. Apple cited specific transcript pages as impediment but did not attach them, noting it "offers to provide" them upon request. (Dkt. 315 at 4 n.2.) The party seeking affirmative relief bears its factual predicate. Plaintiff provides the complete excerpts as Exhibit A.

7.      **Prefatory questions (Tr. 9:20–14:14):** Apple states plaintiff refused "the most basic prefatory questions regarding whether she understood she would be testifying under oath." (Dkt. 315 at 4.) The transcript shows plaintiff answered the oath questions immediately: "Yes, ma'am" and "Yes." (Tr. 9:24, 10:2.) The disputed exchange was Apple's separate demand that plaintiff verbally stipulate that Apple "can comment on the fact that you've changed your answer and that can affect your credibility negatively" — which plaintiff correctly identified as "19 different statements and questions all merged together" calling for a legal conclusion. (Tr. 11:3–10.) PLI Pretrial Practice 2019 at 142–43 — from Apple's own professional training materials — confirms "I don't understand the question is an acceptable answer" for "a loaded, unfair, or incomprehensible question." Apple misrepresented this exchange to the Court.

8.      **IPA/confidentiality (Tr. 30:1–49:16):** Apple characterizes twenty pages as "evasive." The transcript shows Apple asking the same legal contention question repeatedly: whether the full IPA was enforceable notwithstanding the April 2025 NLRB settlement. Plaintiff answered directly each time, distinguishing actual trade secrets — "I would agree you can't share trade secrets unless it's an authorized place" (Tr. 36:18–20) — from overbroad IPA terms the NLRB found unlawful: "NLRB said those specific terms…were unlawful…I am not bound to the terms per that agreement." (Tr. 33:14–23.) Apple reformulated the same question rather than accepting the answer or moving to factual inquiry. Under *Rifkind v. Superior Court*, 22 Cal.App.4th 1255, 1262–63 (1994), it is improper to ask a party deponent to adopt the opposing party's legal conclusions: "There is no legitimate reason to put the deponent to that

exercise…this is what lawyers are for." This applies regardless of whether the deponent is a lawyer. Time consumed by improper contention questions belongs to examining counsel, not the deponent.

9. **Business Conduct policy (Tr. 57:5–59:18):** Apple states plaintiff could not explain common English words. The transcript shows Apple asked which parts of the policy plaintiff did not understand; plaintiff identified terms she found "vague and overbroad…because they restrict protected behavior and conduct" — the same terms challenged in her NLRB complaint and the April 2025 settlement. (Tr. 59:4–14.) That is a direct factual answer to the question asked. Identifying policy terms as unlawfully overbroad is not failing to understand English vocabulary. Jean M. Cary, *Rambo Depositions*, 25 Hofstra L. Rev. 561, 573 n.56 (1996) (demanding that deponents define ordinary terms identified as abusive examining conduct).

10. **"Permitted/allowed/whitelisted" (Tr. 304:21–305:18):** Apple asked whether plaintiff was "permitted" to share information with a coworker; plaintiff said she did not know what "permitted" meant "in your question"; Apple offered "allowed" spelled letter by letter; plaintiff said she did not know what "allowed" or "whitelisted" meant "in your question." (Tr. 305:1–18.) The phrase "in your question" — which Apple's motion omits — is the answer. The question embedded an illegal premise: that discussing working conditions with a coworker requires prior employer authorization. Conditioning Section 7 rights on employer "whitelisting" is a per se NLRA violation and is Count 6 of pending NLRB Charge No. 32-CA-381277. Plaintiff could not answer yes or no without accepting an illegal premise or appearing to admit she lacked authorization to exercise statutory rights. Apple asks this Court to find that refusal was misconduct — which would constitute an implicit ruling that Apple's question was proper, adjudicating the NLRB charge without briefing or evidence. Under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959), this Court must defer to the Board's exclusive competence on questions arguably subject to Section 7 or Section 8.

11. **Manager/project narrative (Tr. 332:14–335:19):** Apple sought a one-word "no" to whether plaintiff told Dan West she wanted to continue on a project after he removed her. The factual answer required context: West had canceled all one-on-ones; plaintiff had immediately filed formal ER/HR complaints which HR confirmed it was investigating; she had complained to West's direct reports. "Saying no is misleading and out of context." (Tr. 333:17–18.) Apple's own on-the-record response: "Isn't that a simple answer?" (Tr. 335:2–3.) A question engineered to produce a technically accurate but substantively false answer by excluding material context is an improper question. Cal. Rutter §8:721. This exchange is at pages 332–335 of a 336-page transcript. Apple was asking about an adverse action four pages from the end of the deposition. Apple's sole authority, *Rubin-Knudsen v. Arthur J. Gallagher & Co.*, 2020 WL 2477687 (C.D. Cal. 2020), involved a deponent who actually refused to answer proper factual questions. Under *Van Pilsum v. Iowa State Univ.*, 152 F.R.D. 179 (S.D. Iowa 1993), the remedy for this pattern is sanctions against examining counsel — not additional time.

## III. THE MOTION IS PREMATURE, DISPROPORTIONATE, AND MOOT

12. Apple's stated grounds for additional deposition time are the very topics it has refused to address in written discovery. Apple has declined to state the complete factual basis for its termination decision in response to Interrogatory No. 1, providing no decision-maker, no timeline, and no specific

policy provision identified — despite being ordered by Judge Chen to develop those facts through discovery. (Dkt. 215, 234.) Apple has refused to provide any factual or legal basis for eight of its fourteen affirmative defenses, and has provided identical boilerplate responses for the remaining six, making them indistinguishable from one another. (Dkt. 309.) Apple has produced zero documents related to plaintiff's protected activity or Apple's knowledge of it, which are threshold elements of every claim — on the stated ground that plaintiff's protected activity is categorically irrelevant to her retaliation claims. (Dkt. 310.) Apple has also refused to produce its own witnesses for deposition since August 2025, providing a single deposition date as of March 24 with requirements that may themselves require court intervention. Against this record, Apple's demand for four more hours of plaintiff's oral testimony is not a good-faith discovery request. It is the only discovery Apple has sought to take.

13. There is a further reason the motion may be moot. Apple previously served interrogatories on plaintiff regarding certain affirmative defenses. Plaintiff objected at the time because the motion to strike those defenses was pending. Apple's counsel indicated at that time there was no need to supplement or revise. Plaintiff will now serve interrogatory answers on all outstanding requests by April 16, 2026, including responses regarding mitigation of damages. Those written responses will address the subject matter Apple claims it needs deposition time to cover. Mitigation of damages is also likely the only defense that would survive this Court's review of Apple's discovery conduct: it is a common law compensatory damages issue that exists independent of the statutory defenses Apple has refused to substantiate. The remaining defenses — for which Apple has provided no factual basis after being ordered to by Judge Chen — face potential preclusion. A party cannot refuse written discovery on its defenses and then demand oral testimony to develop those same defenses. If Apple's defenses are stricken for failure to substantiate, the deposition is moot. If they survive, plaintiff's forthcoming interrogatory answers on mitigation will address the core remaining topic without the burden and harm of an additional deposition session.

14. The burden on plaintiff is concrete and severe. Plaintiff is in Chapter 7 bankruptcy (Dkt. 315-1 at 7) and cannot afford the approximately $1,000 transcript cost on top of the $1,800 already owed for the December transcript. The actual burden is not four hours but days of preparation, transcript costs, four hours of examination under the methodology Exhibit A documents, and then designation disputes on the resulting testimony — all in the days remaining before the April 16 cutoff while plaintiff prepares her MSJ. Apple has withheld approximately 97% of requested documents, refused interrogatories, and allowed zero depositions by plaintiff. Rule 26(b)(2)(C) requires proportionality. This is not proportionate. Apple also expressly rejected interrogatories as an alternative during meet-and-confer (Dkt. 315-1 at 5), confirming a less burdensome path was available and refused.

15. An additional deposition also creates a direct and predictable obstruction to plaintiff's MSJ. Apple designated 72% of the December deposition confidential within hours and is litigating eight pending motions to retain those designations. A second deposition on adverse actions and harms — the stated scope — will generate new designations on the same subject matter plaintiff must address in her April 23 MSJ. That dispute cannot be resolved in the days remaining, forcing plaintiff to file her MSJ without her own account of Apple's conduct, under seal, or subject to new contempt proceedings. Apple cannot simultaneously argue it needs four more hours on material topics (Dkt. 315) and that testimony already obtained on those topics is "irrelevant to the adjudication of Plaintiff's remaining claims" and must be

sealed (Dkt. 304 at 7–8).

## IV. IF THE COURT GRANTS RELIEF, A PROTECTIVE ORDER IS REQUIRED

16.    If the Court orders any additional deposition time, plaintiff requests a protective order under Rule 26(c) and Rule 30(d)(3) establishing the following conditions, each of which is grounded in the December deposition record and the applicable rules:

17.    **No pre-designation of testimony as confidential.** Apple designated 72% of the December deposition confidential in real time, before knowing what plaintiff would say, in direct violation of the protective order's prohibition on "mass, indiscriminate, or routinized designations." (Dkt. 235 §5.1.) Any designation from an additional session must follow the proper post-transcript review process, and no automatic confidentiality designation shall attach to testimony during the session.

18.    **No questions calling for legal conclusions or legal analysis.** Under *Rifkind v. Superior Court*, 22 Cal.App.4th 1255 (1994) and Cal. Rutter §8:723, it is improper to demand that a party deponent adopt opposing counsel's legal framework or admit legal contentions. Apple spent twenty pages in the December deposition on this category of question. The Court should prohibit it directly.

19.    **No compound questions.** Under Cal. Rutter §8:721, compound questions are a recognized objection at deposition. Apple's own cited examples include multi-part questions demanding simultaneous legal admissions about multiple contested issues. The Court should require that each question address a single, discrete factual topic.

20.    **No questions demanding incomplete yes/no answers that would be affirmatively misleading.** As the manager/project narrative demonstrates (Tr. 332–335), Apple structured questions to produce technically accurate but substantively false answers by excluding material context. A party deponent is entitled to provide a complete and accurate answer. The Court should prohibit instructions or demands that plaintiff answer yes or no to questions where a bare yes or no would misrepresent the facts.

21.    **No disputes about subject matter currently before the NLRB.** The Business Conduct policy exchange and the "permitted/allowed/whitelisted" exchange are Counts in Charge No. 32-CA-381277. Under *Garmon*, this Court should not adjudicate that subject matter through a deposition order.

22.    Apple's motion should be denied. The stipulation cannot be enforced while simultaneously seeking an order overriding its conditions. Apple's own Dkt. 304 forecloses the claim that fair examination is incomplete. Apple was dilatory. *Otero v. Buslee*; 7 Cyc. §25:89. The transcript refutes every cited impediment example. *Roberson v. Bair*; Federal Rutter §11:1523; *Rifkind*. Apple has refused written discovery on the same topics it claims to need oral testimony about, provided zero depositions to plaintiff, and faces potential preclusion of the defenses it seeks to develop. Plaintiff's forthcoming interrogatory answers by April 16 will address mitigation of damages in writing, potentially mooting the motion entirely. Granting the motion would obstruct plaintiff's MSJ through predictable designation abuse, impose a crushing burden on a pro se plaintiff in bankruptcy, and require this Court to adjudicate pending NLRB charges without briefing or evidence.

23.    If the Court is inclined to grant any relief, plaintiff requests the protective order conditions set forth above, which are the minimum safeguards necessary to prevent a repeat of the December deposition's documented examination misconduct.

Respectfully submitted,

**/s/ Ashley M. Gjovik**

**Ashley Gjovik (Plaintiff/*In Propria Persona*)**

Filed March 23 2026 in San José, California

(415) 964-6272

ashleymgjovik@protonmail.com

2108 N. St. Ste. 4553, Sacramento, CA 95816