UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC   (KAW)

**ORDER DENYING APPLE'S MOTION TO ENFORCE PROTECTIVE ORDER; ORDER TERMINATING MOTION TO SHORTEN TIME AS MOOT**

Re: Dkt. Nos. 294, 295

On February 20, 2026, the Court held a telephonic discovery conference to address Apple's allegations that Plaintiff was violating the stipulated protective order by publishing deposition testimony that Apple had designated confidential. (2/20/26 Minute Entry, Dkt. No. 288.)  During the conference, the Court informed the parties that they needed to comply with the protective order, and that they were required to meet and confer before filing a formal motion. (2/20/26 Tr., Dkt. No. 301-1 at 64:5-15.) The Court cautioned that the failure to adequately meet and confer may result in the Court not considering the motion. *Id.*  To further aid the parties, the Court specified that "[t]he meet-and-confer should consist of the substantive discussion about all of the designations and whether or not they are confidential or not." (2/20/26 Tr. at 64:22-24.)

Despite the admonition regarding the meet and confer requirement, Apple filed the instant motion to enforce the protective order without engaging in a meaningful effort to meet and confer. Instead, defense counsel last attempted to meet and confer with Plaintiff via email on February 18, 2026—two days before the telephonic discovery conference. (*See* Decl. of Melinda S. Riechert, Dkt. No. 294-1 ¶ 5.)  That does not satisfy Apple's obligation to meet and confer prior to filing this motion.  Accordingly, the Court DENIES the motion to enforce the protective order on that basis.

Notwithstanding, Plaintiff is advised that she is bound by the stipulated protective order, including Section 6, which sets forth the method of challenging confidentiality designations. (Stipulated Protective Order, Dkt. No. 235 at 5.)  Thus, if Plaintiff has published information designated "Confidential" by Apple, that information is considered Confidential until found otherwise, and must be de-published until the Court resolves the pending motion to retain confidentiality (Dkt. No. 304).  To the extent that Confidential information has been posted on the public docket in this case, the parties are ordered to meet and confer regarding a stipulation to seal those docket entries, and they shall file a stipulation within 7 days of this order.  If the parties are unable to agree, Apple may file an administrative motion to seal, and the Court will be inclined to grant it.

Finally, The Court TERMINATES the motion to shorten time (Dkt. No. 295) as moot.

IT IS SO ORDERED.

Dated: March 30, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2