UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>       Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 3:23-cv-04597-EMC   (KAW)<br><br>**OMNIBUS DISCOVERY ORDER;<br>ORDER SETTING FINAL FACT<br>DISCOVERY DISPUTE PROCESS**<br><br>Re: Dkt. Nos. 309, 310, 315, 317, 318, 319,<br>324 |

United States District Court
Northern District of California

  This case has produced an unprecedented number of discovery disputes, which has expended a considerable amount of the Court's limited judicial resources.  In an effort to resolve the seven pending discovery letters (Dkt. Nos. 309, 310, 315, 317-319), the Court will address each dispute briefly and resolve them below.

  Fact discovery closes on April 16, 2026. In the interest of judicial economy, the Court will also set forth the procedure by which the parties may raise any final issues involving fact discovery cut.

## I. DISCOVERY LETTERS

### A. Plaintiff's Request to Compel Supplemental Interrogatory Responses (Dkt. Nos. 309 & 317)

  On March 16, 2026, Plaintiff filed a letter in which she seeks to compel supplemental responses to Interrogatory Nos. 1-16. (Dkt. No. 309.)

#### i. Interrogatory No. 1

  Interrogatory No. 1 asks that Apple "[s]tate in detail Defendant Apple Inc's complete and formal reason(s) for terminating Employee, Ashley Gjovik's, employment as of the time of the termination on Sept. 9[,] 2021[.]" *Id.*, Ex. A at 1.  Apple objected on the grounds that "complete

United States District Court
Northern District of California

and formal" reasons for termination was vague, overly broad, and unduly burdensome. *Id.* Then, subject to objection, Apple provided a robust response spanning approximately three pages. *Id.* at 1-4. In opposition, Apple contends that it fully responded. (Dkt. No. 317 at 1.) The Court agrees. The fact that the response did not include every piece of information that Plaintiff seeks does not mean that the response was inadequate. It simply means that Plaintiff needs to use other discovery devices to obtain that specific information. Thus, the Court denies Plaintiff's request to compel a supplemental response to Interrogatory No. 1.

### ii.    Interrogatory No. 2

Interrogatory No. 2 seeks:

> For each affirmative defense Apple Inc asserts in Apple's Amended Answer (or otherwise plans to use in this litigation) that bars, limits, or reduces the employee's recovery on any claim in this action:
>
> (a) State the complete factual basis for each defense;
> (b) State the complete legal basis for each defense;
> (c) Identify all Documents that support each defense; and,
> (d) Identify all Persons with knowledge of facts supporting each defense.

(Dkt. No. 309, Ex. B at 2.) Apple objected on the grounds that, based on the 14 asserted affirmative defenses and the four subparts, this interrogatory contains 56 discrete subparts, which exceeds the limit of 25 interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1). *Id.*

Interrogatories virtually identical to Interrogatory No. 2 have been found to be improperly compound and in violation of Rule 33's numerical limitation on interrogatories. *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR (JSC), 2014 WL 7188779, at *6 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories which contain multiple subparts, i.e., those which 'introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it' are generally construed as separate interrogatories."). While the Court finds the interrogatory to be compound, the Court finds that each affirmative defense is a subpart, such that this counts as 14 interrogatories, rather than Apple's asserted 54. *See Synopsys, Inc. v. ATopTech, Inc,* 319 F.R.D. 293, 299 (N.D. Cal. 2016) (finding interrogatory seeking "facts, documents, and witnesses" subparts subsumed by the primary topic of the invalidity defense). Thus, the Court finds that Apple's counting methodology was flawed, and orders Apple to supplement its

2

responses to this interrogatory for each of the 14 affirmative defenses.

Notwithstanding, Apple's objection to subpart (b) on the grounds that it calls for a legal conclusion is sustained.

Thus, Plaintiff's request to compel supplemental responses to interrogatory No. 2 is granted in part, and Apple shall serve supplemental responses consistent with this order within 7 days.

### iii.    Interrogatory Nos. 3-16

Although Plaintiff seeks supplemental responses to Interrogatory Nos. 3-16, she only attached Interrogatory No. 3 to her letter. Thus, the Court cannot possibly address Interrogatory Nos. 4-16. Interrogatory No. 3, however, asks:

> Do You contend that Plaintiff engaged in any "protected activity" as defined under federal or state whistleblower, retaliation, or labor laws during her employment with Apple?
>
> (a) If yes, identify each such activity with date ranges for the acknowledged activity.
>
> (b) If no, state that You contend Plaintiff engaged in no protected activities.

(Dkt. No. 309, Ex. B at 6.)  Apple objected on the grounds that it exceeded the 25-interrogatory limit set forth in Rule 33(a)(1), that it contains discrete subparts, and presumably on some other bases.[1] *Id.*  As discussed above, Apple miscounted its interrogatories, so the Court finds that Plaintiff had not exceeded her 25-interrogatory limit. Thus, Apple is ordered to supplement its responses to Interrogatory No. 3, which will be the sixteenth interrogatory. Apple must then answer the next nine interrogatories propounded, which are Interrogatory Nos. 4-12. All other interrogatories exceed the Rule 33 limit, and no response is required. Apple shall serve supplemental response within 7 days of this order.

### B.    Plaintiff's Request to Compel Supplemental Responses to Requests for Production of Documents (Dkt. Nos. 310 & 318)

Next, Plaintiff seeks to compel documents in response to Request Nos. 7-10, 23, 24, 28-32, 37, 40-44, and 54. (Dkt. No. 310.)  These can be broken down into two categories of documents:

---

[1] Apple's complete response to Interrogatory No. 3 was also not provided.

United States District Court
Northern District of California

environmental records and documents referencing Plaintiff.

### i.    Environmental Requests (Nos. 7-10, 23, 24, 28-32)

Plaintiff states that "[e]very one of these Requests seeks evidence of Plaintiff's environmental, health, and safety ("EH&S")-related protected activity and Apple's knowledge of it — threshold elements of all four retaliation causes of action in this case." (Dkt. No. 310 at 1.)

In opposition, Apple argues that this dispute is premature, because the only request Plaintiff attempted to meet and confer on was No. 23. (Dkt. No. 318 at 1.)  The meet and confer emails attached to Plaintiff's letter confirm that the accuracy of this representation. (Dkt. No. 310, Ex. B.)  Indeed, parties are not permitted to raise disputes before the Court regarding specific requests without having first discussed them in an attempt to narrow the scope of the dispute.[2]  As a result, the Court finds that the only request remotely ripe for resolution is Request No. 23.

Regarding Request No. 23, Apple contends that the documents sought are unrelated to whether Apple retaliated against her. (Dkt. No. 318 at 1.)  Request No. 23 seeks "[a]ll internal audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing at Apple's 825 Stewart Drive and 3250 Scott Boulevard campuses between January 1, 2019 and the present." (Dkt. No. 310, Ex. A at 30.)  Apple objected on several grounds, including relevancy and proportionality. *Id.*

Plaintiff's retaliation case includes allegations that she was retaliated against for reporting environmental hazards to the California Department of Industrial Relations ("DIR").  It would follow that the existence of those hazards may be relevant to Plaintiff's retaliation claims.  Apple's proportionality argument, however, is well taken, but narrowing the relevant time period from January 1, 2019 to October 31, 2021[3] should obviate that concern.  Thus, the Court orders Apple to produce all responsive, non-privileged documents in response to Request No. 23 for the narrowed time period within 14 days of this order.

---

[2] The Court recognizes that the parties met and conferred regarding Request No. 20, which is not part of this dispute, and it appreciates the efforts of the parties to resolve that dispute without court intervention.

[3] Plaintiff's last DIR complaint was filed in September 2021. (Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss, Dkt No. 179 at 30.)

4

### ii.    Requests References Plaintiff (Nos. 37, 40-44, 54)

The remaining requests seek information referencing Plaintiff. As discussed above, none of these requests were part of the meet and confer process, so any request to compel responses is premature.  Nonetheless, if Apple has not done so already, it shall, subject to the stipulated protective order, produce Plaintiff's personnel file with 7 days of this order.

### C.    Defendant's Request to Continue Plaintiff's Deposition (Dkt. Nos. 315 & 319)

On March 19, 2026, Apple filed a discovery letter seeking an additional four hours to depose Plaintiff. (Dkt. No. 315 at 1.)  In sum, Plaintiff agreed to the additional four hours in January, but, given the other disputes in this case, she is now refusing to undergo further deposition without a court order. *Id.* at 2, Exs. A & B.  Apple argues that Plaintiff cannot withdraw from the stipulation, and, in the alternative, that good cause exists under Federal Rule of Civil Procedure 30(d)(1). *Id.* at 1, 4.

In opposition, Plaintiff acknowledges that she agreed to the additional time, but that Apple's request should be denied for three reasons. (Dkt. No. 319 at 2.)  First, the agreement was conditioned on her ability to object to improper questions,[4] which are the same objections to which Apple is arguing were improper. *Id.* Second, Apple was dilatory in noticing the deposition. *Id.*  Third, Apple's refusal to fulfill its discovery obligations renders the demand for further testimony not proportional. *Id.*

As an initial matter, whether Apple has satisfied its discovery obligations in this case is independent from Plaintiff's discovery obligations— there is no tit for tat.  Furthermore, Plaintiff informed the Court at the February 20, 2026 discovery conference that she agreed to undergo four additional hours of deposition. (2/20/26 Tr., Dkt. No. 301-1 at 46:10-17.)  The Court is going to hold her to that agreement and representation, and orders Plaintiff to undergo four additional hours of deposition. The parties are ordered to meet and confer regarding scheduling, but the deposition shall occur by April 8, 2026.

---

[4] For the sake of time, if Plaintiff believes an objection is warranted, she is ordered to state her objection on the record and then answer the question subject to objection unless it calls for privileged information. Admissibility will be addressed before trial.

**D.    Plaintiff's Request regarding Production of Medical Records obtained by Subpoena[5]**

Finally, Plaintiff seeks to compel "Apple to amend its subpoenas to include dual-production language directing providers to produce Plaintiff's medical records simultaneously to both parties, so that Plaintiff receives unrestricted copies of her own records outside the Protective Order framework." (Dkt. No. 324 at 1.)

The Court will resolve this dispute without Apple's response.  Apple subpoenaed those medical records, and it is under no obligation to produce them at this juncture.  Indeed, Plaintiff can request her own medical records from her provider(s) at any time, and that does not render them any less confidential.  Thus, Plaintiff's request is denied.

## II.    PROCESS FOR ALL OTHER DISPUTES REGARDING FACT DISCOVERY

Fact discovery closes on April 16, 2026. (Dkt. No. 274.)  The last day to bring a dispute to the Court's attention is seven days after the cut-off, which is April 23, 2026. *See* Civil L.R. 37-3 (N.D. Cal. 2025).

In an effort to preserve the Court's limited resources, the parties will have one final opportunity to address all outstanding fact discovery issues not otherwise pending.  All filings must be on pleading paper, formatted in accordance with Civil Local Rule 3-4, and in Times New Roman font (12-point type or larger).  The failure to comply with the Civil Local Rules, including the requirement that footnotes be in 12-point font, or attempting to circumvent the page limits through liberal use of footnotes, exhibits, or other attachments, may result in an adverse finding to the violating party.[6]

**Most importantly, all disputes not raised in these briefs will be deemed waived**; the letters **must** encompass all remaining fact discovery disputes for which the parties seek court intervention.  The procedure is outlined below:

1.    The parties shall meaningfully meet and confer via email regarding every outstanding

---

[5] Plaintiff included 68 pages of exhibits, which violates the Court's Civil Standing Order, which permits only 12 pages of exhibits. As a result, the Court did not review them.

[6] The parties are not permitted to attach supporting declarations. The inclusion of a particular issue in the respective brief, and the attachment of the respective email thread, will be considered the filer's attestation that the parties sufficiently met and conferred prior to filing.

issue. To give the parties an opportunity to meaningfully meet and confer, each party shall raise their initial dispute(s) with the opposing party via email by **April 9, 2026** (one week before the discovery cut-off) in a single email (e.g. Plaintiff sends one email to Defendant with all outstanding disputes and vice versa).  The parties will then go back and forth on the same email thread in an attempt to narrow the scope of any remaining disputes.

    a.   To ensure that the parties have adequately met and conferred, the initiating party shall attach a copy of their complete, email thread as an exhibit to the opening and responsive briefs only.

    b.   If the dispute involves written discovery, the opening brief should include the pertinent request(s) and response(s) as an exhibit.

2. Plaintiff's opening discovery brief shall be filed by **April 23, 2026**. The brief shall not exceed 15 pages.

3. Defendant's responsive brief is due **April 30, 2026**. Therein, Defendant shall respond to Plaintiff's opening brief and raise any additional disputes. The brief shall not exceed 25 pages.

4. Plaintiff shall file a responsive brief by **May 7, 2026**, in which she responds only to the disputes Apple is raising. She is not to address any disputes raised in the opening brief or raise any new issues.  This brief shall not exceed 10 pages.

5. Each side gets a total of 25 pages, which, given the sheer volume of fact discovery disputes to date, should be more than sufficient to address any remaining issues.  The Court will take the disputes under submission with the caveat that it may set an in-person discovery conference if deemed necessary.

IT IS SO ORDERED.

Dated: March 30, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge