Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, *a corporation,* <br><br> Defendant. | **Case No.** <br> **3:23-CV-04597-EMC** <br><br><br> **PLAINTIFF'S OBJECTIONS UNDER RULE 72(A) TO PROPOSED SEALING ORDER AT DKT. 329** |

# Table of Contents

INTRODUCTION.................................................................................................... 2

STANDARD OF REVIEW....................................................................................... 3

THE LEGAL FRAMEWORK FOR SEALING JUDICIAL RECORDS................................... 3

ISSUES ............................................................................................................... 4

ISSUE 1: DOES THE PROPOSED SEALING ORDER SATISFY ANY ELEMENT OF THE KAMAKANA
    FRAMEWORK OR LOCAL RULE 79-5?........................................................... 4

ISSUE 2: DO VALID CONFIDENTIALITY DESIGNATIONS EXIST TO SUPPORT THE SEALING
    ORDER? ....................................................................................................... 6

ISSUE 3: IS THE INFORMATION APPLE SEEKS TO SEAL PUBLICLY KNOWN? ............................ 7

ISSUE 4: DOES ENTERING THE PROPOSED ORDER PREJUDICE PLAINTIFF'S ABILITY TO FILE
    HER SUMMARY JUDGMENT MOTION ON THE PUBLIC DOCKET? .................................... 8

TIMELINESS ....................................................................................................... 9

RELIEF REQUESTED ............................................................................................. 9

## PLAINTIFF'S OBJECTIONS UNDER RULE 72(A) TO PROPOSED SEALING ORDER AT DKT. 329

1. This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2. It is not an administrative motion. It objects to the Magistrate Judge's order at Dkt. 329 and presents four issues for this Court's review. These include questions of law under the Ninth Circuit's sealing framework (*Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)), N.D. Cal. Civil Local Rule 79-5, and the public's constitutional right of access to judicial records, each of which is reviewed de novo as "contrary to law." Local Rule 72-2 provides that the assigned judge "shall consider the objections and modify or set aside any portion of the order" found to be clearly erroneous or contrary to law. Plaintiff respectfully requests that this Court address each numbered issue on the merits and requests oral argument.

## INTRODUCTION

2. Plaintiff respectfully objects under Rule 72(a) to the proposed sealing order at Dkt. 329, filed March 30, 2026. Apple's counsel drafted the proposed order and filed it the same day Dkt. 326 directed the parties to meet and confer about sealing within seven days — before any meet-and-confer occurred. The proposed order asks the court to find that "good cause to seal having been shown." No good cause has been shown by anyone.

3. The proposed order fails every requirement of the Ninth Circuit's sealing framework. No declaration has been filed. No particularized harm has been identified. No specific content has been analyzed. The order's sole basis for sealing is that documents contain "material designated by Apple as Confidential pursuant to the Protective Order." N.D. Cal. Civil L.R. 79-5(c) provides that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." The proposed order's sole basis for sealing is the one basis the Local Rules say does not work.

4. The information Apple seeks to seal is publicly known. The designated subject matter — Apple's employee studies involving menstruation, ovulation, and cervical mucus — appears in six complaints on this docket, two published orders by this Court, NLRB proceedings dating to 2021, a peer-reviewed journal article, the federal ClinicalTrials.gov registry, a GAO report, and international press coverage. The 197-page Request for Judicial Notice at Dkt. 321 documents all of it. Sealing publicly known

information serves no legitimate purpose and creates the appearance that judicial proceedings are being conducted in secret when the underlying facts are freely available to anyone.

5.      The sealing basis also depends on designations challenged in Plaintiff's pending Rule 26(g) motion (Dkt. 302), which presents undisputed evidence that the designations are unsigned, untimely, and uncured. If the designations are stricken under Rule 26(g)(2)'s mandatory striking provision or waived under Protective Order § 6.3, there is nothing to seal. The Magistrate Judge has not resolved the 26(g) motion and has given no indication of when she will do so. Entering a sealing order based on designations a fully briefed motion demonstrates are void prejudices Plaintiff and the public's right of access.

# STANDARD OF REVIEW

6.      Under Rule 72(a), a magistrate judge's order on a non-dispositive pretrial matter must be set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Legal questions are reviewed de novo as "contrary to law." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

# THE LEGAL FRAMEWORK FOR SEALING JUDICIAL RECORDS

7.      "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). The Ninth Circuit starts "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

8.      Under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Ninth Circuit applies a two-tier framework. For documents filed in connection with dispositive motions (including summary judgment), the party seeking sealing must show "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79. For documents filed in connection with non-dispositive motions, the party must make a "particularized showing" of "good cause" under Rule 26(c). Id. at 1179-80.

9.      Under either standard, the party seeking sealing bears the burden. *Foltz*, 331 F.3d at 1130. The party must "articulate the specific prejudice or harm that will flow from disclosure." *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Conclusory assertions of

confidentiality are insufficient. Id. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

10.    N.D. Cal. Civil Local Rule 79-5 imposes additional requirements. Rule 79-5(a) requires narrow tailoring: only the specific portions warranting sealing may be filed under seal. Rule 79-5(b) requires a supporting declaration establishing sealability. Rule 79-5(c) provides that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Rule 79-5(d) requires the proposed order to identify specific documents and reasons.

# ISSUES

## ISSUE 1: DOES THE PROPOSED SEALING ORDER SATISFY ANY ELEMENT OF THE KAMAKANA FRAMEWORK OR LOCAL RULE 79-5?

*Standard: Contrary to law — de novo review.*

11.    The proposed order at Dkt. 329 fails every requirement of the sealing framework:

12.    ***No findings.*** The order states "good cause to seal having been shown." It identifies no harm that would result from disclosure. It weighs no competing interests. It makes no factual findings. The "good cause" language is Apple's language in a proposed order Apple's counsel drafted — it is not the court's independent analysis.

13.    ***The declaration is conclusory and establishes nothing.*** Local Rule 79-5(b) requires a declaration "establishing that the document, or portions thereof, are sealable." Apple filed a declaration (Dkt. 293-1). It is two paragraphs. The first paragraph states that Apple seeks to seal "material Apple designated as Confidential pursuant to the Protective Order." The second paragraph states that counsel emailed Plaintiff requesting a stipulation and Plaintiff declined. That is the entirety of the declaration. It does not identify any harm that would result from disclosure. It does not describe what specific information Apple considers confidential or why. It does not articulate any trade secret, competitive injury, or business sensitivity. It does not address alternatives to sealing. The declaration's sole substantive content — that Apple designated the material under the Protective Order — is the very basis Local Rule 79-5(c) says is insufficient. The declaration does not "establish sealability"; it restates the designation that the Local Rules

say cannot establish sealability.

14.    ***Sole basis is protective order designations.*** The order's only stated reason for sealing is that documents contain "material designated by Apple as Confidential pursuant to the Protective Order." Local Rule 79-5(c) expressly states this is "not sufficient to establish that a document, or portions thereof, are sealable." The proposed order's sole basis for sealing is the one basis the Local Rules say does not work.

15.    ***No narrow tailoring.*** The proposed order seals Exhibit B to the Riechert Declaration in its entirety. Local Rule 79-5(a) requires that only the specific portions warranting sealing be sealed. Sealing an entire exhibit without identifying which portions contain sealable material violates the narrow-tailoring requirement.

16.    ***Filed before meet-and-confer.*** The proposed order was filed March 30, 2026 — the same day Dkt. 326 directed the parties to meet and confer about sealing within seven days. Apple filed a proposed sealing order before the court-ordered meet-and-confer occurred. The order Apple asks the court to sign was drafted before the process the court ordered had begun.

17.    ***Wrong standard.*** Apple may contend that its enforcement motion is non-dispositive and therefore subject only to the "good cause" standard. But the Ninth Circuit has held that the relevant inquiry is not whether the motion is technically dispositive, but whether the documents "bear on" or are "more than tangentially related to" the merits. *Center for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

18.    The documents Apple seeks to seal — its Motion to Enforce the Protective Order and supporting declaration — relate to the enforcement of confidentiality designations that are directly relevant to the merits of this whistleblower retaliation case. Apple's own filing connects the designations to its termination defense: "it was her public disclosure of confidential Apple product-related information that led to her termination from Apple in the first place." (Dkt. 280, fn. 2). Documents going to the question of whether Plaintiff's speech was protected or wrongful — the central merits question — are more than tangentially related to the merits. The "compelling reasons" standard applies. Apple has not attempted to meet it.

19.    Requested ruling: (a) Does the proposed order satisfy any element of *Kamakana, Foltz*, or Local Rule 79-5? (b) Can a court enter a sealing order without a supporting declaration? (c) Does the "compelling reasons" standard apply to these documents given their connection to the merits? (d) Is

sealing an entire exhibit consistent with the narrow-tailoring requirement of Local Rule 79-5(a)?

## ISSUE 2: DO VALID CONFIDENTIALITY DESIGNATIONS EXIST TO SUPPORT THE SEALING ORDER?

*Standard: Contrary to law — de novo review.*

20.    Even if the *Kamakana* procedural requirements had been met, the proposed sealing order has no substantive basis because the underlying designations are invalid. Whether valid designations exist is the subject of Plaintiff's Rule 26(g) Motion (Dkt. 302), filed March 6, 2026, fully briefed March 27, and set for hearing April 16. The motion presents undisputed evidence:

21.    (a) Apple imposed a blanket designation covering approximately 72% of the deposition on December 16, 2025, triggered at the moment Plaintiff began discussing the NLRB settlement. (Dkt. 302 at 18; Dkt. 302-2, Dep. Tr. at 63:14-64:2).

22.    (b) Plaintiff objected on the record. Apple acknowledged the objection and agreed to narrow. (Dkt. 304-2, Ex. A at 141:18-142:25).

23.    (c) Apple filed no motion to retain confidentiality within 21 days as required by Protective Order § 6.3. Under § 6.3's mandatory language, designations "shall automatically be considered waived." The blanket designation was waived no later than January 6, 2026.

24.    (d) Apple's February 4, 2026 narrowed designation chart was unsigned, undated, and unserved. It was emailed to the court reporter with Plaintiff copied "for notice purposes." (Dkt. 302 at 9-11).

25.    (e) Plaintiff called the Rule 26(g)(1) signature deficiency to Apple's attention repeatedly in writing. Apple expressly refused to cure: "Apple declines your request that it do more than it is required to do. Nothing else is required from Apple." (Feb. 6, 2026 email, 2:46 PM).

26.    (f) Rule 26(g)(2) provides that the court "must strike" an unsigned discovery document when the omission has been called to the party's attention and not promptly cured. "Must" is mandatory. There is no balancing test or substantial justification exception for the striking itself.

27.    If the designations are stricken under Rule 26(g)(2) or waived under Protective Order § 6.3, there is nothing to seal. The proposed order depends entirely on the validity of designations a pending, fully briefed motion demonstrates are void. The Magistrate Judge has not resolved the 26(g) motion and has given no indication of when she will do so.

28. Requested ruling: (a) Must the court resolve the pending Rule 26(g) motion (Dkt. 302) before entering a sealing order based on the designations that motion challenges? (b) If the designations are stricken or waived, does the proposed sealing order have a remaining legal basis?

## ISSUE 3: IS THE INFORMATION APPLE SEEKS TO SEAL PUBLICLY KNOWN?

*Standard: Contrary to law — de novo review.*

29. Independent of the procedural deficiencies (Issue 1) and the designation invalidity (Issue 2), the proposed sealing order fails on the most basic ground: the information Apple seeks to seal is publicly known. There is no interest in sealing information the public already has.

30. The documents Apple seeks to seal are its Motion to Enforce the Protective Order and the supporting declaration, which reference Plaintiff's deposition testimony about Apple's employee studies involving menstruation, ovulation, and cervical mucus. This subject matter has been in the public domain since 2021, through:

- • Six successive complaints filed on this docket dating to December 2023;
- • This Court's published orders (Dkt. 73 at 7-8: "invasive, oppressive, and humiliating medical studies"; Dkt. 179 at 2);
- • NLRB proceedings dating to August 2021 (Case No. 32-CA-284428);
- • A peer-reviewed publication in the American Journal of Obstetrics and Gynecology (Mahalingaiah et al., vol. 226(4) (2022));
- • The federal ClinicalTrials.gov registry (NCT04196595);
- • A Government Accountability Office report (GAO-24-107639);
- • Press coverage in the United States, Germany, France, and the United Kingdom.

Plaintiff's 197-page Request for Judicial Notice (Dkt. 321) documents all of the above.

31. The Protective Order's own Section 3 excludes from its coverage "any information that is or becomes publicly known through no fault of the receiving party" and "any information known to the receiving party prior to the disclosure." Every item Apple designated falls within at least one of these exclusions. If the information cannot be validly designated under the Protective Order's own terms, it cannot be sealed based on those designations.

32. Sealing publicly known information serves no legitimate purpose. It does not protect trade

secrets — the information is already public. It does not prevent competitive harm — the information is already known. It creates the appearance that judicial proceedings are being conducted in secret when the underlying subject matter is freely available to anyone with a search engine. In Kamakana itself, the Ninth Circuit noted that the government's redaction requests were undermined by the fact that the same information was "already publicly available" in other filings. 447 F.3d at 1183-84.

33.     If this theory of sealing were accepted — that information is sealable because Apple designated it, regardless of whether it is publicly known — the logical consequence would require sealing substantial portions of the existing public docket. Plaintiff's complaints, this Court's published orders, and Apple's own filings all discuss the same subject matter Apple now seeks to seal. The theory cannot be limited to Dkt. 329 without conceding that the designation is the basis for sealing, which is what Local Rule 79-5(c) prohibits.

34.     Requested ruling: (a) Can publicly known information be sealed? (b) If the same subject matter appears in published court orders, complaints, NLRB proceedings, peer-reviewed journals, and federal registries, is there any remaining interest in sealing references to that subject matter in Apple's enforcement motion? (c) Are the Section 3 exclusions in the Protective Order enforceable, and if so, can information excluded under Section 3 be the basis for a sealing order?

## ISSUE 4: DOES ENTERING THE PROPOSED ORDER PREJUDICE PLAINTIFF'S ABILITY TO FILE HER SUMMARY JUDGMENT MOTION ON THE PUBLIC DOCKET?

*Standard: Contrary to law — de novo review. Due process.*

35.     If the proposed sealing order is entered, it establishes a precedent that information designated by Apple is sealable based on the designation alone. Plaintiff's summary judgment motion will necessarily discuss the same subject matter. Under this precedent, Plaintiff would be required to file her summary judgment motion under seal, submit a declaration supporting sealing under Local Rule 79-5(b), and comply with the *Kamakana* framework — all while her pending 26(g) motion argues the designations are invalid and no good cause exists.

36.     Plaintiff cannot in good faith submit a declaration stating that designated material should be sealed when her pending motion argues precisely the opposite. The court would be placing Plaintiff in

a position where she must either submit a declaration she believes is false (implicating Rule 11) or file publicly and risk contempt. The solution is to resolve the designation validity question before entering sealing orders that create this conflict.

37.     Requested ruling: (a) If the proposed order is entered, must Plaintiff file her summary judgment motion under seal and submit a sealing declaration? (b) If so, how should Plaintiff comply when her pending motion argues the designations are invalid? (c) Must the 26(g) motion be resolved before entering sealing orders that will affect the summary judgment filing?

# TIMELINESS

38.     These objections are timely. The proposed order at Dkt. 329 was filed March 30, 2026. Rule 72(a) allows objections within 14 days. This filing is submitted within that period.

# RELIEF REQUESTED

39.     Plaintiff respectfully requests that this Court rule on each of the four numbered issues above, and:

40.     Reject the proposed sealing order at Dkt. 329. The order was filed without the required meet-and-confer, without a supporting declaration, without Kamakana findings, without narrow tailoring, and on a basis Local Rule 79-5(c) expressly says is insufficient;

41.     Order that the pending Rule 26(g) motion (Dkt. 302) be resolved before any sealing order is entered based on the designations that motion challenges;

42.     Rule on whether publicly known information — information that appears in published court orders, complaints, NLRB proceedings, peer-reviewed journals, and federal registries — can be sealed based on a party's unilateral designation;

43.     Rule on whether the Protective Order's Section 3 exclusions are enforceable, and if so, whether information excluded under Section 3 can be the basis for a sealing order;

44.     Clarify the effect of any sealing order on Plaintiff's ability to file her summary judgment motion on the public docket;

45.     Grant such other relief as this Court deems just.

Respectfully submitted,



**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed March 31 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816