JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Date:        April 16, 2026<br>Time:        1:30 p.m.<br>Dept:        Courtroom TBD<br>             1301 Clay Street<br>             Oakland, CA 94612<br>Judge:       Honorable Kandis A. Westmore |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 2

   A.   Plaintiff Admits She Did Not Challenge Many Designations which
        Therefore Remain Confidential.................................................................... 2

   B.   Good Cause Exists to Retain the Challenged Designations........................... 3

   C.   The DiVincent Declaration is Sufficient to Show Particularized Harm. ............... 5

   D.   There are no Countervailing Interests that Outweigh Apple's Right to
        Retain Confidentiality. ................................................................................ 5

   E.   Plaintiff's Other Arguments Lack Merit. .................................................... 7

        1.    The Protective Order Covers Apple's Designations. ................................. 7

        2.    Confidential Information Plaintiff Learned During Her
              Employment Is Covered by Rule 26(c). .................................................. 7

        3.    Plaintiff Cannot Nullify Confidentiality by Violating the Protective
              Order. ...................................................................................................... 8

        4.    The Protective Order is a Binding Order of this Court. ........................... 9

        5.    Apple's Designations are Not Procedurally Void. .................................... 9

        6.    Plaintiff's Descriptions of Apple's Designations Do Not Change the
              Analysis. ................................................................................................. 10

        7.    Plaintiff's Remaining Arguments Also Fail. ........................................... 10

   F.   Apple's Motion to Seal Should Be Granted Consistent with the Court's
        Determination of Apple's Motion to Retain Confidentiality Designations. ......... 11

III.  CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Nat'l Bank & Tr. Co. of Chicago v. Axa Client Sols., LLC*,
No. 00 C 6786, 2002 WL 1838144 (N.D. Ill. Aug. 12, 2002) .................................................... 6

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012) ............................... 2

*Barrington v. United Airlines, Inc.*,
339 F.R.D. 644 (D. Colo. 2021)...................................................................................... 10

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
712 F.3d 1349 (9th Cir. 2013)........................................................................................ 4

*In re Burbank Envtl. Litig.*,
42 F. Supp. 2d 976 (C.D. Cal. 1998) ............................................................................. 10

*Collateral Analytics LLC v. Nationstar Mortg. LLC*,
No. 18-CV-00019-RS (JSC), 2019 WL 3779191 (N.D. Cal. Aug. 12, 2019) ......................... 7

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016)........................................................................................ 10

*In re Elec. Arts, Inc.*,
298 F. App'x 568 (9th Cir. 2008) ................................................................................... 3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003)..................................................................................... 2, 4

*Hudacko v. Lee*,
No. 23-CV-05316-SI, 2024 WL 4894292 (N.D. Cal. Nov. 25, 2024), *aff'd sub
nom.*, 2025 WL 2965766 (9th Cir. Oct. 21, 2025) ................................................................. 1

*Jam Cellars, Inc. v. Wine Grp. LLC*,
No. 19-cv-01878-HSG, 2020 WL 5576346 (N.D. Cal. Sept. 17, 2020).................................. 2

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006)................................................................................... 4, 10

*Kehm v. Procter & Gamble Mfg. Co.*,
580 F. Supp. 913 (N.D. Iowa 1983), *aff'd*, 724 F.2d 630 (8th Cir. 1984) .............................. 8

*Lin v. Solta Medical, Inc.*,
No. 21-CV-05062-PJH, 2024 WL 2112893 (N.D. Cal. Apr. 11, 2024) ............................. 1, 4

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-cv-4597-EMC]

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ............................................................................................................. 3

*In re Roman Catholic Archbishop*,
    661 F.3d 417 (9th Cir. 2011) ............................................................................................... 5

*Ruckelshaus v. Monsanto Co.*,
    467 U.S. 986 (1984) ........................................................................................................... 10

*Skillz Platform Inc. v. AviaGames Inc.*,
    No. 21-CV-02436-BLF, 2023 WL 8430369 (N.D. Cal. Dec. 4, 2023) ................................... 2

*Wirowek v. Amazon.com, Inc.*,
    No. 24-CV-06795-VC (KAW), 2026 WL 497487 (N.D. Cal. Feb. 23, 2026) ...................... 2, 6

**Statutes**

29 U.S.C. § 160 ........................................................................................................................ 6

Cal. Bus. & Prof. Code § 17200 ............................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 26(c) ...................................................................................................... 1, 7, 9, 10

Fed. R. Civ. P. 26(g) ................................................................................................................. 9

Fed. R. Evid. 201 ..................................................................................................................... 1

Local Rule 3.4(c)(2) ................................................................................................................ 1

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-cv-4597-EMC]

## I.    **<u>INTRODUCTION</u>**

The Court should retain Apple's confidentiality designations because Plaintiff admits she did not challenge certain designations, and good cause exists to retain the designations she is challenging.[1] Apple has shown good cause that the limited designations pertaining to Plaintiff's deposition testimony about internal product-related research and development information she learned during her employment at Apple qualify for protection under Rule 26(c). Courts in this District have confirmed that product research and development information that could give a competitor advantage is properly treated as confidential.

Plaintiff continues to fail to comply with her legal obligation to follow Court orders. Throughout her Opposition, Plaintiff repeatedly references the very material that Apple designated confidential, thus violating her obligation to treat that information as confidential until the Court determines otherwise. *See* Dkt. No. 235 ¶ 6.3 ("Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge."). As noted in Apple's motion, Plaintiff's impermissible violations of the Protective Order before this Court ruled on her challenges "strongly supports" retaining the designations. *See Lin v. Solta Medical, Inc.,* No. 21-CV-05062-PJH, 2024 WL 2112893, at *3 (N.D. Cal. Apr. 11, 2024).

Plaintiff also continues to violate this Court's rules. As Plaintiff has repeatedly done throughout this litigation (despite repeated warnings from this Court), her Opposition is 26 pages and would be much longer if she did not manipulate the formatting to get it down to 26 pages. Her Opposition contains at least 34 (and up to 37) lines per page in violation of Local Rule 3.4(c)(2). Additionally, her request for judicial notice and declaration supporting her opposition are untimely.[2] Plaintiff must be held to account for her flagrant disregard for this Court's orders, rules,

---

[1] None of Plaintiff's challenges complied with the Protective Order's express requirement that she unambiguously assert the challenge is being made pursuant to Section 6.2 of the Protective Order.

[2] Additionally, none of the web pages Plaintiff cites are properly the subject of judicial notice because they are not "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see Hudacko v. Lee*, No. 23-CV-05316-SI, 2024 WL 4894292, at *4 (N.D. Cal. Nov. 25, 2024), *aff'd sub nom.*, 2025 WL 2965766 (9th Cir. Oct. 21, 2025).

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

and processes.

The Parties have met and conferred on this issue.[3] *See* Dkt. No. 304-2, Ex. D. On March 4, 2026, Apple laid out a proposed compromise as to certain designations and explained its bases for retaining designations as to other material. *See id.* Plaintiff responded not by email or letter, but by filing a Motion for Declaratory Relief and Sanctions on March 6, 2026. *See* Dkt. No. 302. Only after filing that motion did Plaintiff respond to Apple, insisting "[n]one of this is Confidential. All of this is improper and unlawful. Apple's alleged designations violate the NLRA, the April 2025 settlement, the Protective Order, and the FRCP." *See* Dkt. 320 ¶ 4 (acknowledging "Plaintiff replied on March 6, 2026"); Decl. of Melinda S. Riechert, filed herewith at Ex. B (Plaintiff's Mar. 6, 2026 email). Apple then filed its Motion to Retain Confidentiality Designations on March 11, 2026 (Dkt. No. 304), given that Plaintiff's sanctions motion and subsequent email made clear that the parties would not be able to agree as to whether the designations qualified for treatment as Confidential under the Protective Order.

## II.    ARGUMENT

### A.    Plaintiff Admits She Did Not Challenge Many Designations which Therefore Remain Confidential.

Plaintiff concedes she did not challenge certain of Apple's designations. *See* Dkt. No. 320 ¶¶ 34 (arguing "Apple cannot contest designations Plaintiff did not challenge"), 52 ("Apple fights to retain designations on information Plaintiff is not even challenging"). Apple included these admittedly unchallenged designations in its motion to remove any doubt about whether it waived its right to retain confidentiality. Given Plaintiff's admission, these designations are no longer at issue in this Motion and do not require any further action by the Court. Because Plaintiff did not

---

[3] This Court denied Apple's Motion to Enforce Protective Order on the grounds that Apple had not demonstrated that it engaged in sufficient meet and confer following the parties' February 20, 2026 conference with Judge Westmore, in which Plaintiff refused to comply with the Court's oral order to de-publish any information Apple designated Confidential while the challenge process played out. Dkt. No. 326. While Apple is not challenging this Order, Apple did meet and confer following the conference by informing Plaintiff on February 26, 2026 of its intent to file a Motion to Enforce the Protective Order if she did not remove the posts and filings containing information Apple had designated; Plaintiff refused. *See* Dkt. No. 302-1 ¶ 16 (Plaintiff's mischaracterized summary of this exchange).

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

challenge these designations, she must continue to treat these designations as Confidential. *See* Dkt. No. 235; *see also* Dkt. No. 304-2, Exs. C & E (confirming Plaintiff's meet and confer compromises to designations she agrees may be redacted).

### B. Good Cause Exists to Retain the Challenged Designations.

Plaintiff asserts Apple relied on the wrong legal standard and claims Apple must show "compelling reasons" to retain its confidentiality designations. She is wrong. The legal standard Apple applied in its motion is the same legal standard this Court has used in multiple opinions on this issue. *See, e.g., Wirowek v. Amazon.com, Inc.*, No. 24-CV-06795-VC (KAW), 2026 WL 497487, at *2 (N.D. Cal. Feb. 23, 2026); *see also Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1131 (9th Cir. 2003). The standard is good cause, and Apple has met its burden on both steps of the inquiry.

"[C]onfidential business information that would harm a party's competitive standing" meets the good cause standard (as well as the compelling reasons standard). *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8430369, at *2 (N.D. Cal. Dec. 4, 2023) (listing cases); s*ee also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (confirming "[t]he Court has previously allowed specific information about unreleased products and specific future business strategies to be sealed because competitors could use that type of information to undercut [the company]" because "significant risk of competitive harm satisfies the 'compelling reasons' standard"); *Jam Cellars, Inc. v. Wine Grp. LLC,* No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "product development" information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Apple has provided such evidence to the Court and, consistent with long-standing precedent in this District, the Court should find that Apple has shown particularized harm.

Plaintiff continues to mischaracterize her testimony when she suggests she never testified about the content, methods, or processes of Apple's internal studies. Dkt. No. 320 ¶ 39. She notes she never participated in certain studies. *Id.* ¶ 77. But even if Plaintiff chose not to participate in

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

certain studies, she must still keep confidential what she knows about the studies. *See, e.g.*, Dkt. No. 304-2, Ex. A at 164:10-16. Likewise, even if she removed herself from another study, she must still keep confidential the content, methods, processes, and equipment used in the study. *Id*. at 165:13-23. Plaintiff's repeated suggestion that she is testifying about her own lived experience does not excuse her from keeping confidential information about studies she learned of during her employment at Apple. Dkt. No. 320 ¶ 17. She is free to discuss her experiences at Apple and any concerns about Apple's studies so long as she does not reveal confidential information. *See, e.g.*, Dkt. No. 304-2, Ex. A at 170:1-16. An employee with access to the secret ingredients of a company's product is not free to reveal those secret ingredients, even if the employee believes they are harmful.

Contrary to Plaintiff's suggestion, Apple does not concede that any Apple internal study is in the public domain. Dkt. No. 320 ¶ 40. Just because Apple sponsors external studies that may address similar issues does not mean that Plaintiff is free to discuss internal studies that are not publicly known. Dkt. No. 304-1 ¶ 11. Nor does the fact that Plaintiff filed an NLRB Charge in which she complained about Apple's workplace studies mean that the information is in the public domain, as Plaintiff claims. Dkt. No. 320 ¶ 19. Plaintiff has the right to file an NLRB Charge. She does not have the right to file in this Court and to publicly disseminate the very deposition testimony that Apple had designated as confidential under the Protective Order simply because she included it in an NLRB Charge.

Plaintiff asserts that the testimony Apple designated does not relate in any way to "actual product development processes." Dkt. No. 320 ¶ 41. Again, she is wrong. Apple's evidence establishes that her testimony is specifically purporting to describe Apple's internal product development processes (*see* Dkt. 304-1), which is why Apple is seeking to retain its designations regarding testimony containing her descriptions of internal studies.

Plaintiff attempts to distinguish *Lin v. Solta Medical, Inc.* by claiming that Apple is not seeking to designate as confidential its product names and studies, but rather the fact that Plaintiff is complaining about Apple's workplace practices. Dkt. No. 320 ¶ 41. Again, she is wrong. Apple is not designating as confidential the fact that Plaintiff testified that she complained about these

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

studies, but only her descriptions of confidential information about the studies. *See, e.g.*, Dkt. 304-2, Ex. A (limited redaction on deposition transcript pages 164-165 and 170). Nor is Plaintiff prohibited from stating that she objected to studies she thought were invasive—but testimony given in this case describing the content, methods, processes, or equipment used in those studies is properly designated as confidential.

### C.    The DiVincent Declaration is Sufficient to Show Particularized Harm.

Plaintiff does not rebut the statements in the DiVincent Declaration that Apple takes steps to ensure that the information Plaintiff testified about remains confidential and is not disclosed to the public, and that Apple will suffer harm if this information is placed into the public record. Instead, Plaintiff argues that the DiVincent Declaration "does not meet the requirements of *Kamakana*, *Foltz*, or any other applicable standard" because it fails to identify a transcript page. Dkt. No. 320 ¶¶ 36, 37. Plaintiff misapplies the authority she cites to suggest that DiVincent's declaration was required to separately discuss each designation. Neither *Kamakana* nor *Foltz* discusses the method by which evidence can meet the burden of establishing harm. Plaintiff relies on *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349 (9th Cir. 2013), arguing that there "the party 'had not pointed to any particular portion of the transcript that remains confidential information that should be withheld.'" Dkt. No. 320 ¶ 38. Here, Apple has clearly identified the portions of Plaintiff's deposition transcript it seeks to retain as confidential, and supports each of those designations with evidence of harm. *See* Dkt. Nos. 304, 304-1, and 304-2.

### D.    There are no Countervailing Interests that Outweigh Apple's Right to Retain Confidentiality.

Plaintiff suggests Factors 3, 5, and 6 from *In re Roman Catholic Archbishop* do not "matter[]" and contends that each of the public and private interest factors "that matters" weigh in favor of disclosure. Dkt. No. 320 ¶ 29. However, the Ninth Circuit directs courts to consider all seven public and private interest factors. *See In re Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011) ("We have directed courts doing this balancing to consider the factors identified by the Third Circuit"; listing all seven factors). By claiming Factors 3, 5 and 6 do not "matter," Apple assumes Plaintiff concedes they support confidentiality. As to the remaining factors:

**Factor 1.** Plaintiff argues that privacy rights favor disclosure because "Apple is using the designation to claim ownership over Plaintiff's descriptions of her own body." Dkt. No. 320 ¶ 45. A plain reading of Apple's confidentiality designations confirms that Apple's designations do not "claim ownership of Plaintiff's descriptions of her own body." Plaintiff is free to describe her own body in any way she wants. Apple's designations relate only to her testimony characterizing the content, methods, processes, and equipment used in certain internal studies; nothing more. *See* Dkt. Nos. 304, 304-1, and 304-2. Privacy rights are not implicated.

**Factor 2.** Plaintiff argues that Apple is seeking confidentiality for an improper purpose because it obtained the Protective Order under false pretenses and has tied the designations to its termination defense. Dkt. No. 320 ¶ 46. Both arguments lack merit. In explaining why a Protective Order was necessary, Apple provided an example of a document that might be designated as confidential. But Apple is not limited to a single reason for claiming confidentiality under the Protective Order and is entitled under the terms of the Protective Order to designate other information as confidential. Nor is the designation tied to Apple's termination defense. The challenged designations also have no relevance to Apple's legitimate reasons for terminating Plaintiff's employment, which relate to her public disclosure of different confidential information that is not at issue in this motion.

**Factors 4 and 7.** Plaintiff argues that Apple's internal product development research studies are "important to public health and safety" and "important public issues." Dkt. No. 320 ¶¶ 47-49. None of Plaintiff's theories establishes any issue tied to public health and safety or a broader public issue. *See Wirowek*, 2026 WL 497487, at *5 (finding "no particular public interest" in a case involving injury to a single individual because other similarly situated plaintiffs can obtain discovery in their own case(s) "should they file their own lawsuits"). That Plaintiff filed her own NLRB Charge on this issue does not make it a matter of public concern, because any person may file an NLRB charge, and the NLRB does not automatically translate each such charge to an actual NLRB complaint, nor has it done so in this case. *See* 29 U.S.C. § 160(b). Plaintiff also asserts that this is a matter of public interest because this case currently includes a RICO claim and an unfair and unlawful business practices claim under California Business and Professions Code section

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

17200. Dkt. No. 320 ¶ 49. Both assertions are incorrect because Judge Chen has dismissed both claims. *See* Dkt. No. 112 (order dismissing with prejudice Section 17200 claim); Dkt. No. 179 (order denying leave to amend to add RICO claim that was previously dismissed with leave to amend after Plaintiff failed to include the claim in her Fifth Amended Complaint); *see also* Dkt. No. 142 (operative complaint does not include either claim).

### E.   Plaintiff's Other Arguments Lack Merit.

#### 1.   The Protective Order Covers Apple's Designations.

Plaintiff misreads the Protective Order when she argues that "no challenge process under Section 6 is required" if she believes the information is not confidential. Dkt. No. 320 ¶ 16; *see also id*. ¶¶ 20-21. Plaintiff is wrong. *See Am. Nat'l Bank & Tr. Co. of Chicago v. Axa Client Sols., LLC*, No. 00 C 6786, 2002 WL 1838144, at *4 (N.D. Ill. Aug. 12, 2002) (rejecting argument that a party's belief that information is not subject to protection under a protective order alleviates their obligation to follow the process of challenging such designations). Any determination regarding the propriety of Apple's designations rests with the Court, not Plaintiff, and she is required to follow the process set forth in the Protective Order to challenge the designations—including treating the designations as Confidential until the Court determines otherwise. *See* Dkt. No. 235 ¶ 6.3. Plaintiff is required to follow the Court-ordered process even though she disagrees with Apple's designations.

#### 2.   Confidential Information Plaintiff Learned During Her Employment Is Covered by Rule 26(c).

Plaintiff asserts that testimony about her experiences at Apple that occurred before discovery, before the Protective Order was entered, and before the lawsuit was filed can never be designated as Confidential under the Protective Order. Dkt. No. 320 ¶¶ 17-18, 50-51. Again, she is wrong. The Protective Order defines "Confidential" as any information or tangible things "that qualify for protection under Federal Rule of Civil Procedure 26(c)." Dkt. No. 235 ¶ 2.2. Rule 26(c)(1)(G) provides protection for "confidential research, development, or commercial information." Testimony describing Apple's internal product-related research and development studies clearly qualifies for protection under Rule 26(c). Nor does Section 3 of the Protective Order

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

nullify this protection by allowing a plaintiff to disclose confidential information she learned during her employment. Confidential information learned during employment and pre-litigation can still qualify for protection under the Protective Order. *See Collateral Analytics LLC v. Nationstar Mortg. LLC*, No. 18-CV-00019-RS (JSC), 2019 WL 3779191, at *4 (N.D. Cal. Aug. 12, 2019) (finding documents qualified for designation under protective order notwithstanding that party opposing designation had received information pre-litigation; "Simply put, there is nothing to suggest that the Protective Order's lack of protection for 'any information known to the Receiving Party prior to disclosure' operates to remove independent contractual confidentiality obligations in place for pre-litigation documents containing confidential commercial information such that those documents should be public for purposes of litigation.").

Plaintiff also suggests that information about Apple's internal studies is already in the public domain. Dkt. No. 320 ¶¶ 33, 78-83. Again, she is wrong. Plaintiff relies on information about *external* studies Apple supported or sponsored but ignores that external studies are not the same as Apple's *internal* studies. *See* Dkt. 304-1 ¶ 11. Plaintiff provides no evidence of publicly available information about Apple's internal studies at issue in this motion.

**3.    Plaintiff Cannot Nullify Confidentiality by Violating the Protective Order.**

Plaintiff now does not dispute that she filed with this Court a document containing the deposition testimony Apple had already designated as Confidential pursuant to the Protective Order. *See* Dkt. No. 320 ¶ 19.[4] Apple provided Plaintiff its limited confidentiality designations on February 4, 2026. *See* Dkt. No. 304-2 ¶ 4. Plaintiff filed the confidentiality designations with this Court on February 16, 2026. *See* Dkt. No. 284 at PDF p. 25. The Protective Order requires Plaintiff to treat the information as Confidential until the Court determines otherwise. Dkt. No. 235 § 6.3. Plaintiff's suggestion that she can defeat Apple's designations by publicly disclosing the information in violation of the Protective Order would render the Protective Order useless and

---

[4] Plaintiff's admission directly contradicts her prior statements to this Court during the February 20, 2026 conference that she did not publicly share any of the designated testimony. *See, e.g.*, Dkt. No. 301-1 at 23-24 (transcript of Feb. 20, 2026 telephonic conference call).

permit any party to eviscerate confidentiality by simply ignoring court orders. That is not the law.

### 4.    The Protective Order is a Binding Order of this Court.

Plaintiff claims that the Protective Order "lacks a valid legal foundation." Dkt. No. 320 at p. 7. Again, she is wrong. The Protective Order is a binding order of this Court, and both parties are required to comply with its terms. *See Kehm v. Procter & Gamble Mfg. Co*., 580 F. Supp. 913, 916 (N.D. Iowa 1983), *aff'd*, 724 F.2d 630 (8th Cir. 1984) (rejecting counsel's attempt "to justify his actions, by attacking the validity of the protective order, asserting that since the documents distributed contain no confidential information they were improperly designated as such under the protective order" and finding "[u]nder these circumstances the court is unwilling to allow the order to be attacked collaterally now"). The Protective Order is a valid order of this Court, requires Plaintiff to treat Apple's designations as confidential until the Court rules otherwise, and requires Apple to file a motion that establishes good cause to retain those designations if they are challenged. Apple has done just that. Plaintiff, on the other hand, has refused to abide by her obligations to preserve the confidential nature of the designated material until the Court rules otherwise. As in *Kehm*, the Court should not permit Plaintiff's collateral attack under these circumstances.

### 5.    Apple's Designations are Not Procedurally Void.

Plaintiff's arguments that Apple's designations are procedurally void also lack merit. Plaintiff claims Apple waived its right to designate testimony as confidential because it did not provide the designations before January 6, 2026. Dkt. No. 320 ¶ 25. However, Apple did designate a portion of the deposition as confidential during the deposition, not knowing what Plaintiff might say in response to questions. The parties agreed on the record during the deposition that Apple would provide more limited designations after reviewing the transcript. Apple did not receive the transcript until January 7, 2026, and so could not further specify which portions of the transcript were confidential until it had time to review the transcript. Plaintiff also argues that Apple's designations are void under Rule 26(g) because Apple did not sign and date the designations, and because Plaintiff was copied on them but they were not "served" on her. *See id.* ¶¶ 26-27. But Rule 26(g) has no application to this dispute because Apple's designations are not a disclosure or written discovery request, response, or objection. *See* Fed. R. Civ. P. 26(g).

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

### 6. Plaintiff's Descriptions of Apple's Designations Do Not Change the Analysis.

Plaintiff suggests that Apple describing its internal product-related code words and studies "fails under binding authority" because the category "'product-related' is not a recognized basis for confidentiality under Rule 26(c)(1)(G)." Dkt. No. 320 ¶¶ 42-43. Again, Plaintiff is wrong. Apple's motion clearly states, "[t]he challenged confidentiality designations pertain to code words for Apple products and descriptions of the content, methods, and processes for highly complex product-related research and development studies." Dkt. No. 304 at 6:20-22. Rule 26(c)(1)(G) provides protection for "confidential research, development, or commercial information." Apple has identified the specific passages at issue and narrowly tailored its designations to testimony about the method, content, processes, and equipment used in internal Apple studies.

Neither this case nor Plaintiff's testimony are about harmful products introduced into the market. Thus, Plaintiff's attempt to compare Apple's confidential studies to harmful side effects or latent dangers of products introduced into the market is misplaced. Dkt. No. 320 ¶ 44 (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011 n.15 (1984); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016); *In re Burbank Envtl. Litig.*, 42 F. Supp. 2d 976 (C.D. Cal. 1998)).

### 7. Plaintiff's Remaining Arguments Also Fail.

Plaintiff argues that Apple's competitive advantage "is derive[d] from conducting these studies without complying with the law that govern them." Dkt. No. 320 ¶ 56. However, she provides no legal authority or evidence to support any inference that Apple's internal studies do not comply with any law. She also claims that Apple's settlement agreement with the NLRB precludes Apple from claiming that employees like Plaintiff must keep product-related information confidential. *Id.* ¶ 74. She again misstates the scope of an NLRB settlement agreement by ignoring that the NLRB has already determined that Plaintiff's conduct in revealing "confidential product development information about [an Apple] study" is not "protected activity" under the NLRA and is a legitimate reason supporting her termination. *See* Dkt. No. 313 at Ex. A.

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]

**F.    Apple's Motion to Seal Should Be Granted Consistent with the Court's Determination of Apple's Motion to Retain Confidentiality Designations.**

Apple requests this Court seal filings that include designations that the Court determines are Confidential pursuant to the Protective Order. Plaintiff argues that Apple has not met the compelling reasons standard to seal documents, relying on *Kamakana*. Dkt. No. 320 ¶ 88. However, *Kamakana* does not (contrary to Plaintiff's suggestion) hold that Apple must satisfy a "compelling reasons" standard. *Id. Kamakana*'s holding is clear: for non-dispositive motions like this one, the standard is "good cause" not "compelling reasons":

> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. … A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation omitted). A ruling that Plaintiff must treat Apple's designations as Confidential under the Protective Order is not a dispositive ruling. *See Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 648-49 (D. Colo. 2021) ("[T]his court recognizes Ms. Barrington's concerns that a protective order would perpetuate the very conduct that she challenges, *i.e.*, United's policies and procedures that result in secrecy. However, this substantive issue cannot—and should not—be resolved in the context of a protective order. Entering a blanket protective order is not equivalent to determining that United's practices are proper or improper."). And in any event, Apple satisfies both standards. *See supra* § II.B.

**III.    CONCLUSION**

For the foregoing reasons, the Court should grant Apple's Motion.

Dated: April 1, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                  By:        */s/ Melinda S. Riechert*
                                                         MELINDA S. RIECHERT
                                                         Attorney for Defendant
                                                         APPLE INC.

APPLE'S REPLY ISO MOTION TO RETAIN
CONFIDENTIALITY DESIGNATIONS
[23-CV-4597-EMC]