JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 23-cv-4597-EMC<br><br>**DECLARATION OF MELINDA S. RIECHERT IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Date:    April 16, 2026<br>Time:    1:30 p.m.<br>Dept:    Courtroom TBD<br>         1301 Clay Street<br>         Oakland, CA 94612<br>Judge:   Honorable Kandis A. Westmore |

RIECHERT DECL. ISO APPLE'S REPLY ISO
MOT. TO RETAIN CONFID. DESIGNATIONS
[23-cv-4597-EMC]

I, Melinda S. Riechert, declare as follows:

1.      I am an attorney admitted to practice law in the state of California and am a partner at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action. I submit this declaration in support of Apple's Reply in Support of its Motion to Retain Confidentiality Designations. I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of an email and attached meet and confer letter regarding the substance of Apple's confidentiality designations related to Plaintiff's December 16, 2025 deposition transcript, which I sent to Plaintiff on March 4, 2026.

3.      Attached hereto as **Exhibit B** is a true and correct copy of an email I received from Plaintiff at 7:21 p.m. PT on March 6, 2026. In this reply to my March 4, 2026 email, Plaintiff cut and pasted a separate email thread (starting on page 2 and spanning through page 10) that had not been a part of my March 4, 2026 email.[1]

4.      **Exhibit B** was the first email response I received from Plaintiff to my March 4, 2026 email or letter.

5.      I received **Exhibit B** after I received notification (at 7:05 p.m.) from the ECF system that Plaintiff had filed a Motion for Sanctions (Dkt. No. 302).

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed April 1, 2026, in Menlo Park, California.

*/s/ Melinda S. Riechert*
Melinda S. Riechert

---

[1] In that cut-and-pasted thread Plaintiff again identified the specific material Apple designated as Confidential or is derived from those designations; Exhibit B redacts those specific statements.

RIECHERT DECL. ISO APPLE'S REPLY ISO
MOT. TO RETAIN CONFID. DESIGNATIONS
[23-cv-4597-EMC]

# Exhibit A

| | |
|---|---|
| **From:** | Riechert, Melinda |
| **Sent:** | Wednesday, March 4, 2026 8:13 PM |
| **To:** | Ashley M. Gjovik (Legal Matters); Ashley M. Gjøvik |
| **Cc:** | Perry, Jessica R.; Mantoan, Kathryn G.; Horton, Nicholas J.; Booms, Ryan; Russell, Zoe; Weaver, Nicholas |
| **Subject:** | Apple-Gjovik - letter responding to challenges to confidentiality designations |
| **Attachments:** | Apple-Gjovik_20260304 Meet and Confer Letter re Apple's Confidentiality Designations - Final.pdf |

Ashley:

Pursuant to Paragraph 6.2 of the Protective Order in this matter (Dkt. No. 235), attached please find a meet and confer letter responding to your challenges to Apple's confidentiality designations related to your December 16, 2025 deposition, which you included in an Excel spreadsheet sent to us on February 18, 2026.

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

orrick



**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

March 4, 2026

*Via Email*

**Melinda Riechert**

**E** mriechert@orrick.com
**D** +1 650 614 7423
**F** +1 650 614 7401

Ashley Gjovik
ashleymgjovik@protonmail.com

Re:    ***Ashley Gjovik v. Apple Inc.***
       **N.D. Cal. Case No. 23-cv-4597-EMC**
       **Meet and Confer regarding Apple's Confidentiality Designations**

Dear Ashley:

This letter responds to your challenges to Apple's confidentiality designations related to your December 16, 2025 deposition, which you provided in an Excel spreadsheet on February 18, 2026.[1]

For many of Apple's designations, you indicated you do not believe the designated material is Confidential but that you do not object to Apple redacting this information from the public record. Apple does not understand you to have made a challenge to any of these designations within the meaning of the Protective Order.

We address below the designations you have challenged.

1.    **Internal Code Names**

While you have generally not objected to Apple redacting testimony related to code names, there are a few designations that appear to be in issue.

First, you have asked Apple to de-designate certain words contained within the codenames because you contend that, on their own, those words are not Confidential. While Apple disagrees with your premise, in the spirit of cooperation, Apple will agree to de-designate the following words contained in the parentheses:

      **Willing to de-designate**: 197:15 ("HWE"), 200:24 ("Hardware"), 203:4 ("A")

Second, you contend that the following designations of a particular letter are not Confidential:

---

[1] Although neither your February 18, 2026 email nor the spreadsheet you attached recited that any challenges to confidentiality were being made in accordance with Paragraph 6.2 of the Protective Order (as that paragraph requires; *see* Dkt. No. 235 ¶ 6.2), we are treating that email and attachment from you as having been intended to initiate a meet and confer under that paragraph.

Ashley Gjovik
March 4, 2026
Page 2



**Retains Confidential designation**: 197:18, 197:21

Apple will not de-designate this challenged testimony. In context, this testimony relates to the meaning of the letter within Apple's internal code names for product development and should be treated as Confidential consistent with the other code name designations. Therefore, Apple continues to believe these designations are appropriate and should be treated consistent with the other designations related to Apple's code.

### 2.  Industry Terminology

You contend the certain designations refer to standard industry terms that should not be redacted. While Apple disagrees with your position, in the spirit of cooperation, Apple will agree to de-designate this material.

**Willing to de-designate**: 138:3, 138:4, 138:5, 138:7, 209:4, 209:6, i25 (371)

### 3.  Apple's Internal Studies

You contend the following designations relating to your testimony purporting to characterize certain internal Apple studies cannot be considered Confidential based on a variety of objections, including because some of this testimony relates to what you claim is protected concerted activity under the National Labor Relations Act ("NLRA"):

161:6-9, 161:21-22, 162:6-8, 163:16, 164:10-11, 164:14, 164:15-16, 164:25, 165:13-24, 166:1-2, 166:4, 166:14, 167:17, 168:17, 168:19, 169:1, 169:10, 169:23, 169:25, 170:9, 176:16, 205:15-16, 205:17, 208:1, 208:17-18, 209:13-14, 225:25, 226:1, 226:3, 226:4, 236:14-15, i5 (351), i6 (352), i8 (354), i12 (358), i20 (366), i22 (368), i28 (374), i31 (377) ("swimming"), i34 (380), i35 (381) ("yoga")

Apple disagrees with your contention as well as your suggestion that the NLRA dictates whether and to what extent the federal court overseeing your wrongful termination suit against Apple can properly order that discovery material from that case be treated as Confidential. As an initial matter, the NLRB has already determined that your revealing "confidential product development information about [an Apple] study" is not "protected activity" under the NLRA. Sept. 25, 2025 Order Withdrawing Certain Allegations of Consolidated Complaint, Order Partially Dismissing Charge 32-CA-282142, Order Dismissing Charge 32-CA-283161 and Notice of Right of Appeal (Sept. 25, 2025) at 2. And in any event, Apple disputes any suggestion that the NLRA somehow overrides or voids basic procedural rules that govern litigation in federal court, including those related to protective orders. *See, e.g., Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 499, 515 (2018); Fed. R. Civ. P. 26(c) (protective order may appropriately "requir[e] that … confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

You also contend that this testimony is protected under "a variety of laws and public policy." This vague catch-all is not a meaningful attempt to meet and confer. Assuming the "laws and public policy"



Ashley Gjovik
March 4, 2026
Page 3

you are referencing relate to what you assert are your privacy rights, you are again incorrect. Apple did not ask any questions about your personal physiology or any private matter. Nor did your responses relate to your personal physiology or any other private matter. Instead, the testimony related to internal Apple studies, the majority of which you chose not to participate in. Whether you disagree with Apple's decision to conduct those studies, or how Apple conducted them, is irrelevant to determining about whether the subject matter and processes of those studies are properly designated as Confidential under the Protective Order.

Some of these designations you object to on the basis that they are public brand names; however, that ignores that the context of the discussion relates to the content, methods, or processes of internal Apple product-related studies.

However, in the spirit of cooperation Apple is willing to compromise and agree to de-designate certain of the citations referenced above—namely, all those that are not included in the following list:

> **Retains Confidential designation**: 164:10-11, 164:14, 164:15-16, 164:25, 165:13-23 (de-designating only ", and I found that very disturbing."), 166:1-2, 166:4, 166:14, 167:17, 168:19, 169:1, 169:10, 169:25, 170:9, 176:16, 205:17, 225:25, 226:1, 226:3, 226:4, 236:14-15, i5 (351), i6 (352), i8 (354), i20 (366), i22 (368), i28 (374)

Apple will not de-designate these challenged portions, which reflect your characterization of the content, methods, and processes of certain internal Apple product-related studies.

## II.    CONCLUSION

Please advise if you agree to the narrowed list of designations set forth in this letter, or if you continue to challenge any or all of Apple's designations (and, if so, which ones).

To be clear, Apple's designations do not prohibit you from relying upon this testimony in support of your case. Indeed, Apple's confidentiality designations and the Protective Order entered by the Court simply require certain procedural safeguards to be utilized (*e.g.*, a motion to seal) to ensure that Confidential information is not publicly disclosed.

Please let us know if you agree with the above compromises. We look forward to your response and hope to resolve these issues without the need for further motion practice. In the interim, the Protective Order requires you to treat the material Apple has designated Confidential as such, until such time as the Court rules otherwise. You must comply with the Court's Order while this process plays out.

Very truly yours,

Melinda Riechert

Melinda Riechert

# Exhibit B

| | |
|---|---|
| **From:** | Ashley M. Gjøvik <ashleymgjovik@protonmail.com> |
| **Sent:** | Friday, March 6, 2026 7:21 PM |
| **To:** | Riechert, Melinda; Kelcey Phillips; Mahoney, Brian; Stolzenburg, Mark L.; harry.johnson; Trechter, Reed C.; Troop, Andrew M.; Jimenez, Catherine M.; Park, Julie Y.; Tarantino, William F. |
| **Cc:** | Ashley M. Gjovik (Legal Matters); Perry, Jessica R.; Mantoan, Kathryn G.; Horton, Nicholas J.; Booms, Ryan; Russell, Zoe; Weaver, Nicholas |
| **Subject:** | Re: Apple-Gjovik - letter responding to challenges to confidentiality designations |
| **Attachments:** | Gjovik v Apple - 20260304 - Re Apples Designations .pdf; gov.uscourts.cand.417952.302.3.pdf; gov.uscourts.cand.417952.302.2_1.pdf; gov.uscourts.cand.417952.301.0.pdf; gov.uscourts.cand.417952.302.0.pdf; gov.uscourts.cand.417952.302.1_1.pdf |

**[EXTERNAL]**

Counselors,

None of this is Confidential. All of this is improper and unlawful. Apple's alleged designations violate the NLRA, the April 2025 settlement, the Protective Order, and the FRCP.

A motion for sanctions under Rule 26(g) and Rule 72 Objections have been filed today — courtesy copies attached. Also attached is my detailed response to Apple's March 4 letter -- reiterating everything I've been saying for months.

Despite my repeated attempts to meet and confer on these issues since February 4, Apple has refused to engage on the foundational defects I have raised at every opportunity. Apple still has not served signed, dated designations as required by FRCP 26(g)(1). The blanket designation from 12/16 auto-waived under PO § 6.3 after Apple missed the 21-day deadline. Apple's March 4 letter continues to ignore these threshold issues, mischaracterizes my objections, and provides no Rule 26(c) good cause for any alleged retained designation.

I remain willing to meet and confer. In the meantime, please send a signed, dated, served list of any designations Apple claims remain active.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, March 4th, 2026 at 8:13 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

     Ashley:

Pursuant to Paragraph 6.2 of the Protective Order in this matter (Dkt. No. 235), attached please find a meet and confer letter responding to your challenges to Apple's confidentiality designations related to your December 16, 2025 deposition, which you included in an Excel spreadsheet sent to us on February 18, 2026.

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Tuesday, March 3rd, 2026 at 1:11 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello counselors,

Please see attached for your client's electronic notice of a April 2 2026 court hearing scheduled by Judge Panos, and the associated filing deadlines, regarding the pending Motion for Sanctions against Creditor Apple Inc at the Bankruptcy Court in the District of Massachusetts.

Pillsbury would have received the MAB court's efiled notice earlier today, and Orrick just received an efiled notice in the CAND case. Physical mail copies are also going out shortly.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Monday, March 2nd, 2026 at 8:15 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello Melinda,

Thanks for the update. Regarding designations, you already waived your right to contest the NLRA reported items. Your 21 days for all designations ran out in Jan 2026, and your second 14-21 days for these specifically ran out in Feb 2026 (if the Order even applied, which it does not). When I tried to get you to talk about this in Feb 2026, you outright refused and said "there's nothing to talk about". All NLRA tagged items no longer have any designations at all because of, among other reasons, your refusal to meet and confer within the timeline prescribed by the Protective Order, which you claim governs this entire matter -- and the order itself says you never had these designations because the info is public info/already known so not covered at all, and even if you did have designations (which you didn't and don't), you then lost them because you intentionally refused to meet/confer, again.

Its also critical to note that the motion you filed to the court requires the court to adjudicate the designations themselves because the order doesn't apply to public and already known information, especially after a designation is already auto-revoked, so then there's no breach of those terms because the order never applied.

Further, as I emailed you on Feb 4 2026 (below), Apple lost all of its designations because you blew past the 21 days deadline regarding the blanket designation dispute, and you've still refused to serve me designations, or sign or date any, so you never actually made any new designations.  But on Feb 4, I did invite you to still meet/confer regarding any items that Apple earnestly thinks could actually be trade secret or proprietary -- even though it didn't seem like there were any at all, as I noted.


After my willingness to compromise, I'd expect any items you raise prior to your imminent deadline (2 days left after a deposition 2.5 months ago) for those remaining designations should at least be colorably proprietary.  I really don't want to see you arguing the word "hardware" or letter "N" are a trade secret (and those items are assumably also never covered by the protective order because they're literally just general words/letters).

Finally, based on your response, I'm not opening those documents then because your statements are coercive and include unlawful work rules and implied threats arising from my engagement with/response to what you've done and said that I already complained was an NLRA violation. I also object again to your ongoing bad faith conduct and unfair labor practices on behalf of Apple Inc: you have not retracted any prior threats, coercive statements, or work rules -- you have not ceased the ULP despite repeated warnings -- and instead you, on behalf of Apple, continue to take acts against me that are overt and express retaliation, discipline, and intimidation -- all of which is unlawful.


I strongly encourage counsel and its client to come into compliance with relevant regulations and statutes asap.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, March 2nd, 2026 at 7:48 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley:

We provided copies of the documents lodged under seal ("LUS") at Dkt. No. 293-3, 293-4, and 298. The same documents are filed publicly at Dkt. No. 294, 294-1 at Ex. A, and 294-1 at Ex. B (respectively). Apple filed Dkt. No. 294, 294-1 at Ex. A, and 294-1 at Ex. B in redacted form, and sought to seal portions of those documents, precisely because the designated material remains Confidential under the protective order until the Court rules on any challenges to specific designations. The reason is simple: Apple is not required to publicly file documents that are at present Confidential in order to enforce the Protective Order requiring you to respect those designations while the challenge process plays out (nor would any such requirement make any sense).

3

None of the material Apple redacted from the public versions of those documents is unknown to you. The material consists entirely of excerpts from your own previous public filings (quoted in the Motion to Enforce Protective Order), your deposition transcript (which you appear to already have in full), and Apple's confidentiality designations (which we provided to you on February 4, 2026). We nonetheless furnished you copies of the LUS versions we provided to the Court to avoid any suggestion that the failure to do so would hinder your ability to respond to the Motion to Enforce Protective Order.

We have no objection to your opening the LUS versions and personally reviewing them for purposes of litigating this case. *See* Dkt. No. 235 ¶ 1 (designated materials protected "from use for any purpose other than prosecuting this litigation"). However, the fact that we have furnished these LUS versions to you for that purpose does not give you the right to publicize the Confidential portions of them (or any quotes or extracts from those portions) to any third-party; the LUS versions cannot be disclosed by the receiving party (you) until the Court has ruled on the administrative motion to seal them and directed the parties how to proceed.  *See also* https://cand.uscourts.gov/cases-e-filing/cmecf-information/e-filing-case-documents ("If your administrative motion is GRANTED in its entirety, the unredacted document remains under seal, and only the redacted version (if any) will be publicly accessible. If your Administrative Motion is DENIED in its entirety, or GRANTED/DENIED IN PART, the Court will alert you whether it will consider the information sought for sealing if filed publicly, permit its withdrawal without considering the information, or otherwise direct your next step.").

Apple disputes any suggestion that the NLRA somehow overrides or voids basic procedural rules that govern litigation in federal court, including those related to protective orders and filings under seal.  *See, e.g., Epic Sys. Corp. v. Lewis,* 584 U.S. 497, 499, 515 (2018). We expect you to abide by the applicable rules and orders governing your federal court litigation against Apple, including as concerns the LUS versions we provided to you.

Finally, I reiterate that Apple is in the process of preparing its responses to your challenges to specific confidentiality designations (which you provided on February 18, 2026) as part of the meet and confer process outlined in Section 6.2 of the Protective Order. If those efforts do not resolve your challenges, Apple will file a motion to retain confidentiality as required by Section 6.3 of that order. You can and will have an opportunity to argue to the Court why you think any or all of Apple's designations are improper; the motion currently before the Court (and to which the LUS versions relate) seeks only to require you to comply with the Protective Order and maintain designated materials in confidence as that process plays out.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

4

[EXTERNAL]

Hello,

I had no way to open those files on PACER. You didn't send them to me until two days after you filed these, which was also two days after my deadline (if you gave me one at all) for opposing your motion -- which was difficult with 2 hours to respond, the motion being incorrectly styled as ex parte, and with me having no visibly to the content filed. It was almost like it was set up to ensure I could see what was filed, or have a way to oppose or complain, or have any say at all since a decision was also requested from the court the next day.

These files assumably contain my social media posts, blog posts, and my NLRB charges (along with cover letters or other supporting documents) -- since you've been saying my NLRB charges, complaints about NLRA violations, and public advocacy about those charges and violations -- are all illegal and your motions about about destroying that PCA, concealing the alleged ULPs, and obstructing my participation in Board proceedings and Board investigations.

So, based on everything else you've done and are doing I have to ask you:

If I open these files, is Apple then going to claim that my already public, known, and filed posts/charges/complaints/etc. are now supposedly "Confidential" because they're now supposedly provisionally filed under seal by Apple?

So, for instance, Apple might say ok so maybe the IPA doesn't restrict this anymore, and maybe Apple got carried away with the Protective Order stuff, however now the content is provisionally sealed so Apple would say that if I share any of that information, or even still refuse to delete it, that I'm now supposed violating some rules/laws about sealed documents too/instead?

If so, I'm not opening that stuff and its all another ULP.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


Sent with Proton Mail secure email.

On Saturday, February 28th, 2026 at 10:05 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley:

We will send to you via LiquidFiles (a secure transfer service) copies of the lodged under seal ("LUS") versions of Apple's Motion to Enforce Protective Order and Exhibits A and B to the Riechert Declaration in support of that motion.  We are providing these directly to you even though we already submitted them with our filing, in the event you do not have access to the LUS versions via the docket.

The public and LUS versions correlate as follows:

| Document | Public Version | LUS Version |
|---|---|---|
| Motion to Enforce Protective Order | Dkt. No. 294 | Dkt. No. 293-3 |
| Exhibit A to Riechert Declaration in Support of Motion for Protective Order | Dkt. No. 294-1 at Ex. A | Dkt. No. 293-4 |

| Exhibit B to Riechert Declaration in Support of Motion for Protective Order | Dkt. No. 294-1 at Ex. B | Dkt. No. 298 (correcting Dkt. No. 293-5) |
|---|---|---|

Of course, these LUS versions contain material (and/or information extracted from material) designated as Confidential under the Protective Order, and thus are subject to the same restrictions on use and publication.

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, March 2, 2026 9:58 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Booms, Ryan <rbooms@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>
**Subject:** Re: Gjovik v. Apple: Records filed under seal

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately

of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

------- Forwarded Message -------
From: Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
Date: On Wednesday, February 4th, 2026 at 6:15 PM
Subject: Re: (Ashley Gjovik v. Apple, Inc.)(126432) – Deposition Transcript Designations
To: Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
CC: Mantoan, Kathryn G. <kmantoan@orrick.com>, Riechert, Melinda <mriechert@orrick.com>, Perry, Jessica R. <jperry@orrick.com>, Horton, Nicholas J. <nhorton@orrick.com>, Booms, Ryan <rbooms@orrick.com>

***Attn: new NLRB charge***

Hello,

I'm removing Talty from this thread and I'm going to ask you one more time to meet/confer with me on this, because you have refused to meet/confer on this, you waited well past the 30-day deadline for substantiating your claims, and the document you sent tonight contains content that violates state and federal law -- including at least labor, whistleblower, consumer, privacy, medical, and professional ethics laws.

Certainly you had to expect that I would complain about Apple claiming ██████████████████████ ████████████ are "Apple Confidential."

You also must have known that I would be further disgusted to see Apple claim that ███████████████ ████████████████████████████████████████████████████████ is also "Apple Confidential" so our complaints about privacy violations by Apple, and Apple's underlying conduct, are somehow secret.

You also know that in my lawsuit and some of the administrative proceedings, I cite these exact topics as protected disclosures, concrete harms/injuries, unfair business practices, and/or work conditions -- and I allege Apple's own conduct is unlawful, harmful, and requiring enforcement action including injunctive relief.

You have refused to even attempt to justify these confidentiality claims, disregarded and refused to comply with the exact process you insisted be put in place and where you had promised confidentiality disputes would be addressed, and instead you have now taken action to formalize and permanently record your client's illegal assertions.

Further, this deposition is about my employment at Apple, my concerns about work conditions and the rights of Apple employees generally, and its partially in response to my claims of unlawful labor practices -- which means that Apple's about to get a new NLRB charge filed against it, arising from your document today.

While NLRB has resisted taking action that could interfere with standard court procedures in this case, here Apple has chosen to refuse to engage with standard court procedures, cut off my access to standard procedures, and is literally claiming in an official legal document that Apple thinks it has some sort of vested business interest and secrecy claim to ████████████████████████.

So even an NLRB run by Apple's own lawyer will have a hard time dismissing this one -- unless, maybe if you come to the table and actually participate in this process in good faith.

I stress again, you're not even attempting to offer some nonsense, vague justification for these claims -- you're just refusing to engage in the process completely while concurrently threatening to take unjustified actions to further invade my privacy, interfere with my exercise of my privacy rights and right to bodily autonomy, and to implicitly

7

threaten other employees to not engage in the same protected activity that I did including reporting retaliation and harassment by Apple. That sounds illegal!

So let me know if we do a video call or phone call or something where we can actually at least pretend to meet/confer about this -- or if you're just going sticking to your current path of claiming that Apple has intellectual property rights over their ███████████ -- because that's where we're at tonight and its extremely disturbing.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


Sent with Proton Mail secure email.

On Wednesday, February 4th, 2026 at 4:39 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Apple counsel,

I sent you an email about this a few moments ago (re-adding below) and instead of replying to me, you sent your own email not addressed to me, ccing me as an observer, and you are asserting a process that does not comply with the Protective Order we signed for Discovery. That means you are in violation of that Order and refusing to comply with the process you insisted on for this case.

You need to send **me** your claims and then we are to meet/confer about those claims.

Talty Ho is not the Magistrate Judge in our case and will not be deciding the validity of claims.

Once we agree to the claims, then they should be reflected in the transcript -- and you were supposed to do this with me over a month ago.

I ask that  you send me your claims to discuss -- as of now you have expressly excluded me from your claims and are attempting to formalize your claims without my input, despite my direct request to you to meet/confer about exactly this.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, February 4th, 2026 at 4:32 PM, Mantoan, Kathryn G. <kmantoan@orrick.com> wrote:


Talty CR Production Team:


I write regarding the deposition transcript we received on 1/7/2026 in this matter.


Pursuant to the operative Protective Order, we have reviewed the transcript and are finalizing our confidentiality designations. Attached is a chart identifying the specific portions (with citations and text) for which confidentiality is being asserted.

Plaintiff is copied on this email for notice purposes.

Thank you,

Katie

**Kathryn G. Mantoan**
Attorney

Pronouns: she / her / hers

Orrick
San Francisco | Portland

T +1-415-773-5887
M +1-415-218-4865
T +1-503-943-4870
kmantoan@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Wednesday, February 4th, 2026 at 4:22 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello,

I'm adding Apple to this thread.

Apple's counsel,

We need to complete our review of the transcript, submit any corrections, and ensure that we don't then need more corrections based on the other party's corrections.

We also need to finalize the Confidentiality claims and ensure the record accurately represents those claims including for any exhibits. I asked you for updates on your Confidentiality claims and you said you were working on it but I have yet to see any updates from you -- and nothing to actually narrow, define, and substantiate any of your Confidentiality claims.

The deposition was nearly two months ago and during the deposition I told you to substantiate any Confidentiality claims and that I was not agreeing to any blanket Confidentiality claims.

9

Under the Protective Order you have a limited amount of time to substantiate your claims and if you do not, they are waived. Under that order, for this deposition, all of your Confidentiality claims would be waived by now.

However, there's probably at least a few statements/terms that are plausibly Confidential, I am still bound by the lawful/legitimate terms within the NDAs I consented to and signed, and I feel it would be proper to allow Apple to still substantiate the things that may actually be Confidential.

That said, you're already overdue and I need a timeline from you as to when you will be done and to ensure it can still be reflected in this deposition transcript.

I also ask if you're submitting any requests for corrections to this records, and if so, to please share with me what you ask for.

I also need to submit my request for corrections so please let me know if you'd like any process for that other then being cc'd or receiving a copy of what I submit to the Talty team.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

10