UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:23-cv-04597-EMC  (KAW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND DISCOVERY SANCTIONS**<br><br>Re: Dkt. No. 302 |

The discovery process in this case can only be described as acrimonious. On March 6, 2026, Plaintiff Ashley Gjovik filed a motion for declaratory relief and for discovery sanctions in connection with Defendant Apple, Inc.'s confidentiality designations made pursuant to the stipulated protective order. (Pl.'s Mot., Dkt. No. 302.) Specifically, Plaintiff argues that Apple sent its "unsigned, undated, unserved chart" in violation of Federal Rule of Civil Procedure 26(g)(1). *Id.* at 4-5. In filing this motion, Plaintiff requests that the Court strike the confidentiality designations, find that Apple has waived all confidentiality designations in connection with Plaintiff's deposition transcript, and impose discovery sanctions. *Id.* at 5, 20-21. Rule 26 requires that

> [e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry[.]

Fed. R. Civ. P. 26(g)(1). The failure to sign absolves other parties from acting on "an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

Fed. R. Civ. P. 26(g)(2). Plaintiff brought the unsigned designations to Apple's attention, and Apple refused sign them. (Pl.'s Mot. at 11.) In opposition, Apple argues that confidentiality designations are outside the scope of Rule 26(g)(2), because they are not discovery requests, responses, or objections. (Def.'s Opp'n at 4.) The Court agrees.

Moreover, to the extent that Plaintiff argues that Apple "certified" the confidentiality designations in filing its motion to enforce the protective order (Dkt. No. 293), the Court disagrees. Plaintiff's circular logic that the designations are invalid and, therefore, the filed motions (which were signed) "certify" them, rendering sanctions mandatory under Rule 26(g)(3) is unavailing. Apple filed a motion in response to Plaintiff purportedly disseminating material designated confidential, which it was permitted to do. Furthermore, to the extent that Plaintiff argues that the confidentiality designations are improper or invalid, that issue will be addressed in connection with Apple's pending motion to retain confidentiality designations (Dkt. No. 304).

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2