Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, <br> *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, <br> *a corporation,* <br><br> Defendant. | **Case No.** <br> **3:23-CV-04597-EMC** <br><br><br> **PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 326)** <br><br> **RULE 72(A)** |

# PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 326)

### (ORDER DENYING MOTION TO ENFORCE PROTECTIVE ORDER; SUA SPONTE DE-PUBLICATION, GAG, AND SEALING DIRECTIVES)

1.      This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2. On Feb. 26 2026, Apple filed a "Motion to Enforce the Protective Order" where it requested gag orders, take-down orders, findings of contempt, sealing of records, and other sanctions. (Dkt. 294). Apple also claimed it was an "emergency" and asked for hearing in less than a week and with only a couple days for the plaintiff to respond at all. (Dkt. 295). This followed Apple's initial attempt to obtain the same injunctions and sanctions via discovery Letter (Dkt. 280), which Apple initially refused to even file to the docket and instead tried to *email* to court staff instead. (Dkt. 279 – "*OBJECTIONS to Apple's 2/18 off-docket emails to court staff seeking sanctions against the Plaintiff for her NLRB charges against Apple and her related speech protected under the NLRA and many other laws and policy by Ashley M Gjovik*").

2.      The plaintiff objected at Dkt. 297 and 307.  On March 30 2026 at Dkt. 329 the court denied Apple's Motion due to Apple's intentional defiance of the court's order but then granted all of the extraordinary relief Apple asked for without any showing by Apple to justify their requests, with no legal analysis or justification, and without considering the Plaintiff's arguments or evidence.  Since Feb. 18 2026, Apple's advocacy of these sanctions and requested injunctions have filled this docket with dozens of docket entries consisting of thousands of pages, while urgent discovery issues have been delayed and denied review, and most recently, the court has said she refuses to hear any further discovery issues at all until after the close of discovery and summary judgment motions are filed.

## STANDARD OF REVIEW

3.      Under Rule 72(a), the district judge "may reconsider any pretrial matter... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tremblay v. OpenAI*, 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025), citing *Rojas v. Bosch Solar Energy Corp.,* 2020 WL 6557547, at *3 (N.D. Cal. July 20, 2020). A finding is clearly erroneous when "the district court is left with the definite and firm conviction that a mistake has been committed." *Zepeda v.*

*Paypal, Inc.,* 2014 WL 4354386, at *3 (N.D. Cal.Sept. 2, 2014). The full factual and legal analysis is set forth in Plaintiff′s original filing at Dkt. 332,which is incorporated by reference.

## PRELIMINARY NOTE ON THE PROTECTIVE ORDER

4. The Protective Order (Dkt. 235) was entered over Plaintiff′s objection. Plaintiff filed a Motion to Quash (Dkt. 211), sought emergency relief from the Ninth Circuit (Case No. 25-2028), filed NLRB charges, and stated on the record that her signature was given under coercion and duress. (Dkt.220 at 4-5). There was no mutual assent. No court made an independent finding of good cause under Rule 26(c). The court announced it would impose the model order regardless of Plaintiff's position, then directed Plaintiff to sign. ( July 2, 2025 Tr. at 4:1-17:25). The resulting document is neither a voluntary stipulation nor a Rule 26(c) protective order supported by a good cause finding. Plaintiff preserves this objection and incorporates by reference the arguments at Dkt.332 ¶¶ 71-77, 88-99.

## THE ORDER AT ISSUE

5. The Magistrate Judge denied Apple′s Motion to Enforce Protective Order (Dkt. 294) for failure to meet and confer. Having denied that motion, the court then ordered: (1) a prospective gag order prohibiting Plaintiff from discussing designated information; (2) a retrospective de-publication order compelling deletion of already-published speech; (3) a directive to negotiate sealing of public docket entries; and (4) a pre-announced inclination to grant Apple′s sealing motion if the parties cannot agree.

## ISSUE 1: THE ORDER IS CONTRARY TO LAW BECAUSE A MAGISTRATE JUDGE LACKS AUTHORITY TO ISSUE INJUNCTIVE RELIEF

6. The gag order prohibits Plaintiff from speaking about designated subjects. The de-publication order compels Plaintiff to delete already-published speech — a mandatory injunction subject to the heightened standard of *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Both are injunctive relief. *Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015).

7. 28 U.S.C. § 636(b)(1)(A) expressly excludes ″a motion for injunctive relief″ from a magistrate judge's authority. This exclusion is jurisdictional. Gomez v. United States, 490 U.S. 858, 876(1989). The Magistrate Judge acknowledged this limitation during the February 20 conference, stating ″there is no injunction″ when Plaintiff objected to compelled deletion. (Dkt. 301-1, at 38:56). This Court characterized those statements favorably at Dkt. 303. The March 30 order does what the Magistrate Judge said she would not do and what this Court characterized her as not doing. The order is contrary to law.

### ISSUE 2: The Order Is Contrary to Law Because the Court Denied Apple's Motion and Then Granted the Relief Anyway

8.    The court denied Apple's Motion to Enforce (Dkt. 294) because Apple failed to meet and confer as ordered. Having denied the motion on that procedural ground, the court then granted relief that is more expansive than what the denied motion sought — a gag order, de-publication, and sealing that Apple's motion requested but the court found procedurally deficient. The procedural deficiency that warranted denial was not cured. Apple did not refile. No new motion was before the court. *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074 (9th Cir. 1988) – (restrictions on the court's ability to make sua sponte orders);

9.    A court cannot deny a motion for failure to satisfy a procedural prerequisite and simultaneously grant the substance of that motion despite the unsatisfied prerequisite. The denial and the relief are contradictory. If the meet-and-confer failure warranted denial, the relief cannot issue until a properly supported motion is filed. Plaintiff had no notice the court would grant relief after denying the motion and no opportunity to oppose on the merits. The order is contrary to law.

### ISSUE 3: The Order Is Contrary to Law Because It Imposes Prior Restraints on Publicly Known Information Without Findings and in Violation of the Protective Order's Own Terms

10.    Protective Order § 3 excludes from coverage: (a) "any information that is in the public domain "and (b) "any information known to the Receiving Party prior to the disclosure." The designated subject matter falls within both exclusions — it appears in this Court's published orders (Dkt. 73at 7-8; Dkt. 179 at 2); six complaints on this docket since 2023; social media posts and NLRB proceedings since 2021; a peer-reviewed journal; the ClinicalTrials.gov registry; a GAO report; and international press coverage. (Dkt. 321, 197-page RJN). The information was independently known to Plaintiff from her own experience, not from discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984)(protective orders may not restrict dissemination of information gained from other sources).

11.    The order directs de-publication and a gag order covering this information without addressing §3 and without any finding that the information is actually confidential. Every provision of a court order must be given effect; the § 3 exclusions cannot be treated as surplusage. *United States v. Gonzales,* 520 U.S. 1, 5 (1997). *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996) — (protective order cannot restrain dissemination of information obtained from sources independent of

discovery). Where information is publicly known and independently known to the restricted party, ordering its suppression is a prior restraint on speech about public information. Prior restraints bear a "heavy presumption against constitutional validity" and require specific findings of harm, narrow tailoring, and a compelling interest. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 559 (1976); *CBS, Inc. v. Davis*, 510 U.S. 1315, 1317(1994). No findings were made.

## ISSUE 4: THE SEALING DIRECTIVE IS CONTRARY TO LAW BECAUSE IT PRE-JUDGES THE OUTCOME, IS COERCIVE, AND CREATES AN ADDITIONAL SPEECH RESTRICTION

12. The order directs the parties to meet and confer about a "stipulation to seal" within 7 days, then states that if they cannot agree, Apple may file a motion "and the Court will be inclined to grant it." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006), requires particularized findings before sealing. A court cannot pre-announce an inclination to grant sealing before any motion is filed, any declaration submitted, or any analysis performed. The structure is coercive — Plaintiff must either stipulate to seal her own filings or face a ruling the court has telegraphed. There is no meaningful opportunity to be heard when the court has pre-committed to the outcome.

13. Additionally, sealing Plaintiff's own filings that reference designated material creates a second layer of speech restriction — Plaintiff cannot publicly discuss her own legal arguments if the filings containing them are sealed. The sealing operates as an additional gag order beyond the protective order itself. The order is contrary to law.

## ISSUE 5: THE ORDER FAILS TO ADDRESS PROPERLY RAISED JURISDICTIONAL BARS

14. Plaintiff raised multiple independent jurisdictional and legal bars to the issuance of speech injunctions in this labor dispute, including but not limited to the Norris-LaGuardia Act, Garmon preemption, the NLRB settlement, Silenced No More, Speak Out Act, and California constitutional protections. These were raised in writing with legal authority. The order does not address any of them. Jurisdictional questions cannot be bypassed through silence – especially when the Ninth Circuit places a heavy burden prior to any sealing. *In re San Jose Mercury News, Inc.*, 187 F.3d 1096 (9th Cir. 1999).

## CONCLUSION

15. The order at Dkt. 326 should be set aside. The gag order and de-publication order are

injunctions a magistrate judge lacks authority to issue under § 636(b)(1)(A). They were granted after the court denied the only motion before it. They impose prior restraints on publicly known information without findings, in violation of the Protective Order's own § 3 exclusions, the First Amendment, and *Kamakana*. The sealing directive pre-judges the outcome and creates an additional speech restriction on Plaintiff's own legal filings. Properly raised jurisdictional bars were not addressed.

16.    If this Court declines to set aside the directives, Plaintiff requests certification for interlocutory appeal under 28 U.S.C. § 1292(b) and preserves mandamus. Prior restraints require immediate appellate review. *National Socialist Party of Am. v. Village of Skokie,* 432 U.S. 43, 44 (1977) (per curiam). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

17.    The questions presented — whether speech injunctions may be issued without statutory authority, after denial of the only motion, without findings, covering publicly known information, whistleblower disclosures, victim/witness testimony, are under investigation by multiple agencies, and allege regulatory non-compliance against the designator — are controlling, contested, and of first impression. Plaintiff requests oral argument.

Respectfully submitted,

/s/ **Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 6 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816