Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, *a corporation,* <br><br> Defendant. | **Case No.** <br> **3:23-CV-04597-EMC** <br><br> **PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 327)** <br><br> **RULE 72(A)** |

# PLAINTIFF'S OBJECTIONS UNDER RULE 72(a) TO MAGISTRATE JUDGE'S ORDER AT DKT. 327

### (Omnibus Discovery Order; Order Setting Final Fact Discovery Dispute Process)

1.     This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2. On March 23 2026, the plaintiff filed Discovery Letters regarding Interrogatory and Production disputes (Dkt. 317-318).  On March 26 2026, the plaintiff filed a Discovery Letter requesting intervention regarding a discovery protocol for her medical records due to Apple's refusal to use an authorization it previously claimed was mandatory, and instead insistence on using the disputed Protective Order the plaintiff had asked to have revoked entirely and which has no mechanism for handling of medical records where the plaintiff is to get a copy of records produced she could not obtain herself but which are designated confidential to Apple and should stay that way.

2.     Plaintiff also filed an Opposition on March 25 2026 to Apple's Letter at Dkt. 315 claiming she entered some sort of email contract with Apple she can never revoke when she agreed in good faith to four hours of additional deposition but then withdrew that agreement following their misuse of the Protective Order and refusal to stop engaging in misconduct and stated intention to continue designating her protected speech as confidential and to create additional gag orders to use to silence her and force her to delete her prior published speech. On March 30 2026, the Court issued an Omnibus ruling and sua sponte also prohibited any further discovery objections/letters from being filed for several weeks until after the end of discovery and filing of summary judgment motions. (Dkt. 327).

## STANDARD OF REVIEW

3.     Under Rule 72(a), the district judge "may reconsider any pretrial matter... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Tremblay v. OpenAI, 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025).A finding is clearly erroneous when "the district court is left with the definite and firm conviction that a mistake has been committed." *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal.Sept. 2, 2014). The full factual and legal analysis is set forth in Plaintiff's original filing at Dkt. 331, which is incorporated by reference.

## ISSUE 1: THE DISCOVERY SCHEDULE IS CLEARLY ERRONEOUS BECAUSE IT RENDERS RELIEF UNAVAILABLE BEFORE SUMMARY JUDGMENT

4.      The Magistrate Judge imposed a sua sponte omnibus schedule running past the April 27summary judgment deadline (Dkt. 274). Plaintiff′s discovery brief: April 23. Apple′s response (may raise new disputes): April 30. Plaintiff′s reply: May 7. No ruling until after May 7. The order does not once mention the summary judgment deadline in its seven pages.

5.      Plaintiff must file summary judgment on April 27 without knowing whether she will receive discovery sought since October 2024. All disputes not raised in the omnibus briefs are ″deemed waived.″ Plaintiff gets 15 pages; Apple gets 25 plus the ability to raise new disputes.

6.      The volume of accumulated disputes the court cited as justification is the court′s own creation. Plaintiff requested a conference in February 2025 (Dkt. 162-165) to prevent this accumulation. The court refused (Dkt. 170, 181). Plaintiff′s objection is preserved on appeal (9th Cir. Case No. 25-2028). A schedule that ensures no discovery relief before the dispositive deadline — based on a backlog the court itself was aware of and intentionally maintained and worsened, with no legitimate basis — is clearly erroneous.

## ISSUE 2: THE CONTINUED DEPOSITION COMBINED WITH THE DESIGNATION FRAMEWORK IS CONTRARY TO LAW

7.      Dkt. 327 orders four more hours of deposition by April 8. Read together with Dkt. 326(designations automatically enforced as a gag order), the combined effect is: Plaintiff testifies; Apple designates new testimony — as it did with 72% of the prior transcript; under Dkt. 326, the gag order attaches automatically with no pre-enforcement judicial review; the omnibus schedule forecloses raising new designation disputes before May 7; and summary judgment is due April 27 2026.

8.      Plaintiff withdrew her agreement to additional hours after Apple′s blanket designation, unsigned narrowed designations, and enforcement motions seeking contempt. The court held Plaintiff to the original agreement without addressing the reason she withdrew — that every moment of new testimony potentially expands the universe of permanent gag orders, take down orders, and legal basis for Apple to threaten the Plaintiff with prosecution -- with no resolution mechanism before summary judgment or ever based on the Magistrate Judge's pattern of refusing to apply the correct legal standard,

any legal standard, or to even adjudicate at all rather than simply giving Apple whatever Apple asks for.

9. Additionally, the court's deposition instruction (fn. 4) does not resolve whether "I don't understand" or "the premise is incorrect because the NLRB found those terms unlawful "constitutes an answer. Apple's position is these responses are misconduct. A deponent has the right to seek clarification of an ambiguous question. *Damaj v. Farmers Ins. Co. of Wash.*, 164 F.R.D. 559, 560-61 (N.D. Okla. 1995).

## ISSUE 3: THE MEDICAL RECORDS RULING IS CLEARLY ERRONEOUS

10. The court: (a) ruled without obtaining Apple's response; (b) refused to review Plaintiff's 68 pages of exhibits for exceeding a page limit, then ruled adversely on the merits without the evidence;(c) misunderstood the request — Plaintiff sought dual-production language on Apple's existing subpoena so she could see what Apple receives about her, not access to her own medical records; and (d) ignored the prior proceedings (Dkt. 276, 277, 291) in which Apple represented it needed a HIPAA authorization, the court ordered meet-and-confer, Plaintiff provided two draft authorizations, Apple refused them, then served subpoenas without authorization and without the dual-production Apple had agreed to provide. Ruling adversely after refusing to review the party's evidence is clearly erroneous.

## ISSUE 4: THE INTERROGATORY RULINGS ARE CONTRARY TO LAW & CLEARLY ERRONEOUS.

**(a) Count.** The court counted Interrogatory No. 2 as 14 — one per affirmative defense Apple chose to plead. The 1993 Advisory Committee Note to Rule 33: "a question asking about communications of a particular type should be treated as a single interrogatory." See also, *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998). The court's own cited authorities do not support 14: *Synopsys, Inc. v. ATopTech, Inc.,* 319 F.R.D. 293, 299 (N.D. Cal.2016) (subparts "subsumed by the primary topic" = one); *AngioScore, Inc. v. TriReme Med., Inc.,*2014 WL 7188779, at *6 (N.D. Cal. Dec. 16, 2014) ("Defendants shall meet and confer with Plaintiff in good faith regarding their affirmative defenses and which they in fact intend to pursue").

The court followed neither. A count that depends on how many defenses the opposing party chose to plead, while not requiring any further action by the Defendant to substantiate its defenses, rewards defendants for pleading unnecessary, duplicate, and frivolous defenses. The court also refused to consider Interrogatories 4-16 because they were not attached to the discovery letter — but they were properly served on Apple and to attach them would exceed the page limits. Instead, the Magistrate Judge has ordered that

because the Plaintiff did not violate the page limit (which she punished the Plaintiff for elsewhere in the same cluster of orders), and precluding the Plaintiff from raising further discovery disputes until the end of discovery, with less than 30 days left with no ability to serve new interrogatories, and thus she has precluded the Plaintiff from obtaining the 25 interrogates she is entitled to under the FRCP.

(b) **Legal basis subpart.** The court sustained Apple′s objection to ″state the complete legal basis for each defense″ as a legal conclusion. Rule 33(a)(2): ″An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.″ Fed. R. Civ. P. 33(a)(2); see also *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1029 (E.D. Cal. 2010) order clarified, No. 05-01198, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) (″Generally, the fact that an interrogatory calls for a legal conclusion is not grounds for an objection″); *AngioScore, Inc. v. TriReme Med., Inc.*,2014 WL 7188779, at *6 (N.D. Cal. Dec. 16, 2014) ("If as a legal matter, Defendant contends he was not under a legal duty to disclose the opportunity to Plaintiff, then Defendant should say so and explain why.").

This Court struck Apple′s original defenses for lack of factual support (Dkt. 215) and stated details should be ″developed through discovery″ (Dkt. 234 at 2). The ruling blocks the mechanism this Court identified and is Contrary to the law of the case and prevents the Plaintiff from obtaining meaningful discovery. *Boughton v. Cotter Corp.,* 65 F.3d 823, 830 (10th Cir. 1995); *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328 (N.D. Cal. 1985) — N.D. Cal. case broadly construing the scope of permissible contention interrogatories, including those asking for legal bases.

(c) **Interrogatory No. 1 adequacy.** Apple′s answer to ″state the complete reason for termination "names no decision-maker, gives no timeline, identifies no specific policy. The court found this "adequate″ and told Plaintiff to ″use other discovery devices.″ Apple has refused to produce documents on this topic, repeatedly claiming privilege. A Deposition of Apple Inc has been requested since August 2025 and Apple refuses to meet/confer regarding a schedule or scope, and currently refuse to confirm a proposed date or that they will comply at all – leaving zero discovery tools to obtain this information.

### ISSUE 5: The RFP Rulings Are Clearly Erroneous

(a) **Fifteen RFPs denied for insufficient meet-and-confer.** Apple maintained an identical categorical objection on all 17 RFPs for 16 months: workplace conduct ″is not relevant.″ Plaintiff′s February 26, 2026 email addressed all requests.

Apple restated the categorical refusal across all of them. The court found only RFP No. 23 ″ripe.″ The court′s own ruling on RFP No. 23 — ordering production, rejecting the categorical irrelevance theory

— necessarily applies to RFPs 7-10, 24, and 28-32, which share the identical objection.

**(b) Personnel file substitution.** RFPs 37, 40-44, and 54 seek threat assessments, system access logs, Slack monitoring records, HR tracking notes, and media response communications. The court ordered production of "Plaintiff's personnel file" as a substitution for this requested production. Personnel files do not include system access logs, threat assessments, or monitoring records —those are maintained by different departments in different systems. The Plaintiff did not ask for this, this does not solve any problem, and there is no legal basis for this "remedy."

# CONCLUSION

The omnibus discovery order at Dkt. 327 should be modified. The discovery schedule should be quashed and both parties should be allowed to file discovery Letters to the court, including to seek urgent relief where justified.

Apple should be ordered to produce documents on all RFPs escalated in the Plaintiff's letter. The interrogatory count should be corrected consistent with *Synopsys* and the Rule 33 Advisory Committee Note, and Apple should be ordered to respond to all pending Interrogatories. Apple should supplement its response to No. 1 to identify at least the decision-makers and details of any investigation into the Plaintiff, and if not, Apple should be precluded from raising any additional facts at Summary Judgment or Trial.

The medical records ruling should be reconsidered considering the Plaintiff does not have access to the information Apple is requesting and would have to file her own subpoena to her own doctors to obtain that information without Apple designating her own medical records are Confidential.

The deposition instruction should clarify there is no preclusion on any reasonable objection and the Plaintiff has the right to end the deposition early if justified under FRCP due to additional misconduct by Apple, and to seek a protective order from the court to end the deposition or obtain further protections, without having to wait until the artificial briefing schedule or to lose page counts on other issues due to Apple's own misconduct.

The Confidentiality Protective Order should be quashed, revoked, or otherwise nullified. The plaintiff opposed the Protective Order repeatedly including Objections, Motions to Quash, and Ninth Circuit Appeals requesting Injunctions to block the District Court from forcing the Order – due to concern (now validated) that Apple would misuse the Protective Order to violate the Plaintiff's civil rights.

An emergency process should be established for designation disputes arising from the court-ordered depositions so that challenges can be resolved before summary judgment.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 6 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816