Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

|  |  |
|---|---|
| **Ashley M. Gjovik**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, *a corporation,* <br><br> Defendant. | **Case No.** <br> **3:23-CV-04597-EMC** <br><br> **PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 329)** <br><br> **RULE 72(A)** |

# PLAINTIFF'S OBJECTIONS UNDER RULE 72(A) TO PROPOSED SEALING ORDER AT DKT. 329

1. This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2. On Feb. 26 2026, Apple filed a motion to seal the Plaintiff's speech, including the content of her pending NLRB charges and labor activism (Dkt. 293). Apple filed an Administrative Motion at 10PM with same/zero day deadline for opposition, resulting in the plaintiff not being able to even respond to oppose sealing of her own speech (which Apple has since emailed that it believes equates to another gag order on the Plaintiff based, this time, on the sealing and extending to her future speech in any venue). The plaintiff objected at Dkt. 297 and 307.  Court on March 30 2026 at Dkt. 329 denying Apple's Motion due to Apple's intentional defiance of a court order but then granted all of the relief Apple asked for without any showing by Apple to justify their requests.

## STANDARD OF REVIEW

2. Under Rule 72(a), the district judge "may reconsider any pretrial matter... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tremblay v. OpenAI*, 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025). The factual and legal analysis is set forth in Plaintiff's original filing at Dkt. 330, which is incorporated by reference.

3. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). The Ninth Circuit starts "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003).

4. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 677-78 (9th Cir. 2010) — sealing requires particularized findings; a court must articulate the factual basis for sealing each specific document. Sealing requires "compelling reasons" not just "good cause." *Center for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092 (9th Cir. 2016).

## ISSUE 1: The Order Is Contrary to Law Because Its Sole Basis for Sealing Is Expressly Prohibited by the Local Rules

5. The proposed order's only stated reason for sealing is that documents contain "material

designated by Apple as Confidential pursuant to the Protective Order." N.D. Cal. Civil Local Rule 79-5(c) provides: "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." The order's sole basis for sealing is the one basis the Local Rules say does not work.  This is not a close question — L.R. 79-5(c) was written to prohibit exactly this. The order is contrary to law.

6.      The party must "articulate the specific prejudice or harm that will flow from disclosure." *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Conclusory assertions of confidentiality are insufficient. Id. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Sealing cannot be simply based on designations. *Apple Inc. v. Samsung Electronics Co., Ltd.,* 727 F.3d 1214 (Fed. Cir. 2013).

## ISSUE 2: The Order Is Contrary to Law Because No *KAMAKANA* Findings Were Made

7.      *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006), requires particularized findings before court records may be sealed. The party seeking sealing must identify specific harm from disclosure and demonstrate that the interest in sealing outweighs the public's right of access. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)(strong presumption of access).

8.      The order states "good cause to seal having been shown." It identifies no harm. It weighs no competing interests. It makes no factual findings. The "good cause" language is Apple's — It is not the court's independent analysis.

9.      Apple's declaration (Dkt. 293-1) is vague and conclusory. It identifies no trade secret, no competitive injury, no specific harm from disclosure. It does not "establish sealability" as L.R. 79-5(b) requires. Moreover, these documents bear on the merits — Apple's own filing connects the designations to its termination defense (Dkt. 280, fn. 2). The speech is literally pled in the complaints in this lawsuit, quoted by Judge Chen in his Orders, and the Plaintiff has already tried to appeal dismissal of claims arising from the facts Apple is trying to "designate" and "seal" to Ninth Circuit.

10.      The order is contrary to law because it fails to apply *Kamakana*. Under *Center for Auto Safety v. Chrysler Group LLC ,* 809 F.3d 1092, 1096-97 (9th Cir. 2016), the "compelling reasons" standard applies to documents that are more than tangentially related to the merits. Apple has not attempted to meet that

standard.

## ISSUE 3: The Order Is Contrary to Law Because the Information Is Publicly Known and Excluded from the Protective Order's Scope

11.     The designated subject matter — Apple's employee studies involving menstruation, ovulation, and cervical mucus — appears in: this Court's published orders (Dkt. 73 at 7-8; Dkt. 179 at 2); six complaints on this docket since December 2023; social media posts and agency proceedings since August 2021; a peer-reviewed journal article; the ClinicalTrials.gov registry; a GAO report; and domestic and international press coverage. (Dkt. 321, 197-page RJN documenting example sources).

12.     Further, the Protective Order § 3 excludes from its coverage "any information that is in the public domain" and "any information known to the Receiving Party prior to the disclosure." Every designated item falls within at least one exclusion. If the information cannot be validly designated under the PO's own terms, it cannot be sealed on the basis of those designations.

13.     Sealing publicly known information serves no legitimate purpose. *Kamakana*, 447 F.3d at 1183-84 (redaction requests undermined by information "already publicly available" in other filings) .The order is contrary to law because it fails to apply the PO's § 3 exclusions.

14.     The filings are also actively under investigation by the NLRB, NIH, and the Harvard IRB for Apple's reproductive physiology medical study.  If this theory of sealing were accepted — that information is sealable because Apple designated it, regardless of whether it is publicly known — the logical consequence would also require sealing substantial portions of the existing public docket. Plaintiff's complaints, this Court's published orders, and Apple's own Motions to Dismiss all discuss the same subject matter Apple now seeks to seal. The theory cannot be limited to Dkt. 329 without conceding that the designation is the basis for sealing, which is what Local Rule 79-5(c) prohibits.

## ISSUE 4: The Order Is Clearly Erroneous and Contrary to Law Because There Are No Findings

15.     The order states "good cause to seal having been shown." It identifies no harm that would result from disclosure. It weighs no competing interests. It makes no factual findings. The "good cause" language is Apple's language in a proposed order Apple's counsel drafted — it is not the court's independent analysis. The order's only stated reason for sealing is that documents contain "material

designated by Apple as Confidential pursuant to the Protective Order." Local Rule 79-5(c) expressly states this is "not sufficient to establish that a document, or portions thereof, are sealable." The proposed order's sole basis for sealing is the one basis the Local Rules say does not work.

## ISSUE 5: THE ORDER IS CLEARLY ERRONEOUS BECAUSE THE UNDERLYING DESIGNATIONS ARE DISPUTED AND UNRESOLVED

16. The sealing order rests entirely on the validity of Apple's confidentiality designations. Those designations are contested at multiple levels: Plaintiff's 26(g) challenge was denied (Dkt. 334; objection pending before this Court), and the substantive validity of the designations is pending before the Magistrate Judge at Dkt. 304. Entering a sealing order based on designations whose validity has not been adjudicated — and whose procedural defects are the subject of a pending objection before this Court — is clearly erroneous.

## ISSUE 6: PREJUDICE TO SUMMARY JUDGEMENT

17. Apple's designations are not documents or trade secrets—they are general concepts, experiences, complaints, and the Plaintiff's own genitals and biologic functions. Therefore, "sealing" this information is the equivalent of placing yet another gag order on the Plaintiff that equates to a subject-matter based prior restraint, issued without evidentiary review or other due process, and without considering the Plaintiff's abundant First Amendment, civil rights, and labor code objections.

18. If the proposed sealing order is entered, it establishes a precedent that information designated by Apple is sealable based on the designation alone. Plaintiff's summary judgment motion will certainly, necessarily discuss subject matter Apple has claimed or is about to claim, or will retroactively claim is "confidential". Under this precedent, Plaintiff would be required to file her summary judgment motion under seal, submit a declaration supporting sealing under Local Rule 79-5(b), and comply with the *Kamakana* framework. Plaintiff cannot in good faith submit a declaration stating that designated material should be sealed when her pending motion argues precisely the opposite. The court would be placing Plaintiff in a position where she must either submit a declaration she believes is false (implicating Rule 11) or file publicly and risk contempt. The solution is to resolve the designation validity question before entering sealing orders that create this conflict.

## ISSUE 7: CARRY OVER FROM DKT. 301, 303

Plaintiff previously objected to the Magistrate Judge's sealing of Dkt. 282 and 283 — notices

Plaintiff filed that were sealed without a motion, without findings, and without *Kamakana* analysis. (Dkt. 301 ¶ 3). This Court directed Plaintiff to raise the sealing issue with the Magistrate Judge. (Dkt. 303 at 2: "that should also be raised with Judge Westmore"). Plaintiff did so already and the Magistrate Judge responded by sealing the filings.

Now, the Magistrate Judge has sealed additional filings despite the Plaintiff's objections and without complying with Local or Federal rules, or binding Ninth Circuit precedent, and now proposes to seal more at Dkt. 329 without any legal or factual analysis, again.

Further, the omnibus schedule at Dkt. 327 forecloses raising new issues until April 23, with page limits that make it practically impossible to address sealing alongside every other outstanding discovery dispute. Plaintiff's sealing objections have been shuttled from the district judge to the magistrate judge and back without resolution, while the sealed docket grows. This Court should unseal Dkt. 282, 283, and any other filings sealed without *Kamakana* findings, or at minimum direct the Magistrate Judge to resolve the pending sealing objections before entering new sealing orders.

## CONCLUSION

The proposed sealing order at Dkt. 329 should be rejected. Its sole basis for sealing — Apple's protective order designation — is the one basis L.R. 79-5(c) expressly says is insufficient. No Kamakana findings were made. The information Apple seeks to seal is publicly known and excluded from the Protective Order's scope under § 3. The designations the order rests on are disputed and unresolved. This Court should rule that publicly known information cannot be sealed based on a party's unilateral designation, and that a sealing order cannot rest solely on a protective order designation.

If this Court declines to reject the proposed sealing order, Plaintiff requests certification for interlocutory appeal under 28 U.S.C. § 1292(b). Sealing removes judicial records from public view — it is a restriction on the public's First Amendment right of access. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986). Apple has represented that sealing creates an additional legal basis for restricting Plaintiff's speech beyond the protective order — making the sealing order itself a second, independent gag order. A sealing order that operates as a speech restriction on a party warrants immediate appellate review under the same principles that require immediate review of prior restraints. *Skokie*, 432 U.S. at 44 (per curiam); *Elrod*, 427 U.S. at 373. Plaintiff preserves mandamus.

Respectfully submitted,



**/s/ Ashley M. Gjovik**

**Ashley Gjovik (Plaintiff/*In Propria Persona*)**

Filed April 6 2026 in San José, California

(408) 883-4428

ashleymgjovik@protonmail.com

2108 N. St. Ste. 4553, Sacramento, CA 95816