Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, <br> *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, <br> *a corporation,* <br><br> Defendant. | **Case No.** <br> **3:23-CV-04597-EMC** <br><br> **PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Dkt. 334).** <br><br> **Rule 72(a)** |

## PLAINTIFF′S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Dkt. 334)
### (Re: Order at Dkt. 334 — Denial of Rule 26(g) Motion)

1.      This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2.  During a Feb. 20 2026 discovery conference call requested by Apple, the court approved that the plaintiff could file a motion for sanctions against Apple due to Apple's misconduct regarding the protective order (Dkt. 288). ("Apple did violate [the Protective Order]… I′ve already told them about this and documented it. Like… where they had five weeks of five hours of testimony claimed was completely improper… I would file a motion also?" Court: "Yes. If you want to -- you can file a motion as well, if you believe they have violated the protective [order]." Cert. Tr. pp. 48-50, Ex. A).

2.      On March 6 2026, the plaintiff filed a Motion for Sanctions under 26(G) at Dkt. 302 covering the blanket designation covering over 70% of the deposition, the failure to narrow the designations prior to the auto-waiver, the failure to sign, date, or serve their over-due narrowed designations, and their knowing and intentional designation of public information, personal experiences, pending legal complaints, and whistleblower disclosures. Plaintiff filed a Reply on March 27 2026 at Dkt. 325. The hearing was scheduled for April 16 2026 along with Apple's Motion to Retain Confidentiality Designations (Dkt. 304).  On April 2 2026, the Court denied the Plaintiff's motion with two pages of conclusory text, refused to allow oral arguments, and cancelled the hearing – but kept Apple's hearing for its own Motion on the same date.

### STANDARD OF REVIEW

3.      Under Rule 72(a), the district judge ″may reconsider any pretrial matter… where it has been shown that the magistrate judge′s order is clearly erroneous or contrary to law.″ 28 U.S.C. §636(b)(1)(A). ″A magistrate judge′s decision is ′clearly erroneous′ when the district court is left with the definite and firm conviction that a mistake has been committed.″ *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at \*3 (N.D. Cal. Sept. 2, 2014). ″A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.″ *Tremblay v. OpenAI*, 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025), citing *Rojas v. Bosch Solar Energy Corp.,* 2020 WL 6557547, at \*3 (N.D. Cal. July 20, 2020).

# THE ORDER AT ISSUE

4.      The Magistrate Judge denied Plaintiff's Rule 26(g) motion (Dkt. 302), which sought to strike Apple's unsigned and otherwise void confidentiality designations and to impose mandatory sanctions.  The order's entire substantive reasoning was that: Apple argued confidentiality designations are not "discovery requests, responses, or objections" under Rule 26(g) (but failed to explain what they are legally or how they could equate to an immediate prior restraint gag order) and the Court stated that "The Court agrees" with Apple. (Dkt. 334 1-2). The order cited no authority & denied the motion on that basis.

## ISSUE 1: The Order Is Contrary to Law Because Its Threshold Legal Conclusion — That Designations Are Outside Rule 26(g) — Has No Stated Reasoning

5.      The order reaches a legal conclusion on a question of first impression — whether confidentiality designations under a protective order are subject to Rule 26(g)'s signature requirement — without providing any analysis. No court in the Ninth Circuit has decided this question. No court in any circuit has decided it on the facts here: an unsigned, undated, unserved post-deposition designation chart restricting the opposing party's own speech. The order resolves this novel question in three words: "The Court agrees." The order does not address multiple material issues.

6.      The Protective Order's own text defines "Designating Party" as one that designates items "produced in disclosures or in responses to discovery" (§ 2.4). It defines "Disclosure or Discovery Material" as material "produced or generated in disclosures or responses to discovery"(§ 2.5). It defines "Protected Material" as "Disclosure or Discovery Material that is designated as 'CONFIDENTIAL'" (§ 2.13). The PO's own definitions place designations within the discovery framework. The order does not explain why those definitions do not bring designations within 26(g)'s scope.

7.      There are distinctions between types of designations. There is a material difference between stamping a document "Confidential" at the time of production under Rule 34 (where the designation is embedded in a signed discovery response noting the confidentiality objection), making a designation on the record during a deposition under Rule 30 (where the attorney is identified in the transcript), and emailing an unsigned "chart" to a court reporter fifty days after a deposition (which is what happened here). The February 4 2026 chart is a freestanding document that, per Apple, imposes new permanent and mandatory legal obligations on the opposing party. The order treats all designations as

equivalent, does not address what kind of document the chart actually is, but in a separate order equates it to a secret, private, prior restraint gag order and take down order of protected and public speech.

8.      The Plaintiff argued that designations are functionally discovery responses because they constrain the opposing party′s conduct within the discovery framework (Dkt. 302at 6-12); it's a written response to discovery; that the PO′s own text supports this (Dkt. 302 at 12-15); that Apple′s position creates an accountability vacuum where no Federal Rule would govern the form or substance of designations (Dkt. 325 at 2-3, 6); and that if designations need not be signed, a party could impose contempt-enforceable restrictions through an anonymous document (Dkt. 325 at 3). The order engages with none of these points.

9.      The order also cites no case law. Apple cited *Starlight Int'l Inc. v. Herlihy* , 186 F.R.D. 626,647 (D. Kan. 1999), which involved whether sanctions for presenting an unprepared deposition witness fall under 26(g) or Rule 37(d). *Starlight* 's observation that 26(g)(2) ″applies only to written discovery requests, responses, or objections″ was a textual description in the context of a different dispute where lack of preparation was not a written discovery record –it is not a holding that confidentiality designations are not part of written discovery. Apple's designations were in response to discovery (a deposition it requested) and the designations were written – therefore they were written discovery responses.  A decision on a question of first impression, without any reasoning other than "whatever Apple says", without engaging with the movant's arguments, without addressing the governing text, and without supporting authority, is contrary to law because the reviewing court cannot determine whether the relevant rules of procedure were correctly applied.

### ISSUE 2: The Order Is Contrary to Law Because It Conflicts with This Court′s Rule 11Framework

10.      This Court stated at Dkt. 303 that Apple ″has a Rule 11 obligation to make confidentiality designations in good faith.″ This Court said ″to make″ — the act of designating, not the act of later enforcing. Rule 11(a) requires that ″[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney′s name.″ Rule 11(b) provides that by presenting a paper, an attorney certifies it is warranted and not for an improper purpose. Rules 11 and 26(g) are not mutually exclusive — they coexist. Rule 11 is the general signing requirement for papers; Rule 26(g) is the specific signing requirement for discovery. Both require signatures. Both require good-faith certification.

11.      If this Court′s Rule 11 framework applies to the act of making designations — and this Court

has said it does — then the document making the designation must be signed under Rule 11(a).Apple's February 4 chart is unsigned. It fails under Rule 11 regardless of whether it also fails under 26(g), yet the Magistrate Judge does not distinguish this and instead states confidently Apple has no obligation to sign its designations – which violates the law of this case, if not the law of the district and US Courts.

12.     The Magistrate Judge ruled that no signature is required for designations. This Court has already stated that Rule 11 — which requires signatures — applies to making designations. These positions are irreconcilable. The order misapplies the legal framework this Court has already established and is contrary to law.

## ISSUE 3: THE ORDER DENIED THE AGREED-UPON HEARING ON A NOVEL QUESTION

13.     The motion was noticed for hearing on April 16, 2026. The Magistrate Judge agreed during the February 20, 2026 conference to hold the hearing. (Dkt. 302-2, Certified Tr.). The order issued April 2, 2026 — two weeks before the hearing — without oral argument. No controlling authority exists on this question. The Magistrate Judge's own order acknowledged the question was contested. The only case either party identified — Starlight —involved a different factual scenario. Ruling before the agreed-upon hearing, on a question no court has squarely resolved, denied Plaintiff the opportunity to address the court's concerns and present argument before the ruling issued. The court's ruling also creates the first apparent ruling on this issue that will be persuasive to any other courts in this district and the ruling is a mistake of law and creates dangerous precedent for lack of accountability over corporate Defendant misconduct.

## ISSUE 4: THE ORDER IS CONTRARY TO LAW BECAUSE IT REMOVES THE ACCOUNTABILITY MECHANISM FOR DELEGATED DESIGNATION POWER WITHOUT IDENTIFYING ANY SUBSTITUTE

14.     The protective order framework delegates to private parties the power to trigger enforceable restrictions on opposing parties — restrictions this court has enforced through de-publication orders, gag orders, and sealing (Dkt. 326). Courts accept this delegation as a workable discovery management tool because the framework includes built-in safeguards, of which the most fundamental is that an identified attorney takes professional responsibility for each designation.

15.     The signature requirement under Rule 26(g) — or Rule 11 — is that safeguard. It ensures an

identified attorney certifies, after reasonable inquiry, that the designation is consistent with the rules and not made for an improper purpose. It provides accountability: if the designation is frivolous or abusive, the signing attorney can be identified and sanctioned. It gives the opposing party a responsible officer to engage in meet-and-confer. It is the bare minimum that makes the delegation of designation power to private parties permissible. *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

16.     The Magistrate Judge removed this safeguard and identified no substitute. The order does not say what procedural requirements, if any, apply to designations. It does not identify any rule, standard, or authority governing the form, service, or accountability for designation documents. The result is a framework in which a private litigant may define the scope of the opposing party's speech rights through an anonymous document, with no attorney certifying good faith, no identified decision-maker, and no procedural safeguard — yet that document is enforced through the court's contempt power. *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014). When government delegates power to private parties, adequate safeguards must constrain the delegate's discretion. *Carter v. Carter Coal Co.*, 298 U.S. 238, 311 (1936) (delegation to private adverse parties is "delegation in its most obnoxious form" without adequate standards). The signature requirement is, at minimum, such a safeguard. This Court need not reach the constitutional question if it resolves the simpler one: either Rule 26(g) applies, or Rule 11 applies, or both apply. Under any of those paths, the unsigned designations fail.

## CONCLUSION

17.     The order at Dkt. 334 should be set aside as contrary to law. This Court should rule that confidentiality designations must be signed under Rule 26(g), Rule 11, or both, and strike Apple's unsigned, undated, unserved February 4, 2026 designations. If this Court declines to grant that relief, Plaintiff requests certification for interlocutory appeal under 28 U.S.C. § 1292(b) and preserves mandamus.

18.     Whether freestanding post-deposition designation charts must be signed under Rule 26(g) or Rule 11 is a question of first impression in the Ninth Circuit. There is substantial ground for difference of opinion — the Magistrate Judge ruled no signature is required, while this Court stated Apple has a Rule 11 obligation to make designations in good faith. If the Ninth Circuit resolves that designations must be signed, the unsigned designations are stricken and the enforcement orders at Dkt. 326 that depend on them have no remaining basis. Plaintiff requests oral argument.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 6 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816