JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>              Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL IN RESPONSE TO DKT. NO. 326; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Dept:      Courtroom TBD<br>            1301 Clay Street<br>            Oakland, CA 94612<br>Judge:    Honorable Kandis A. Westmore |

## NOTICE OF MOTION AND MOTION

NOTICE is hereby given by Apple Inc. ("Apple") of the filing of this motion pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5(c) and Judge Westmore's Standing Order for Civil Cases. This motion seeks to seal filings containing material Apple designated as Confidential pursuant to the Protective Order (Dkt. No. 235) that Plaintiff has publicly filed on the docket in this case—namely, Dkt. Nos. 297, 301, 301-1, 302, 302-1, 302-2, 306, 307, 307-1, 307-2, 320, 321, 322, 325, 330, 332, and 338—until such time as any challenges to those designations have been ruled upon, on the grounds that good cause exists to seal information Apple designated as Confidential pursuant to the Protective Order on an interim basis. Apple makes this motion pursuant to and consistent with the Court's prior order at Dkt. No. 326.

This request is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Melinda S. Riechert, the complete pleadings and records on file, and other evidence and arguments as may be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELEVANT BACKGROUND**

On March 30, 2026, this Court entered an order underscoring, *inter alia*, that:

- "Plaintiff is advised that she is bound by the stipulated protective order, including Section 6, which sets forth the method of challenging confidentiality designations. (Stipulated Protective Order, Dkt. No. 235 at 5.)."

- "[I]f Plaintiff has published information designated 'Confidential' by Apple, that information is considered Confidential until found otherwise, and must be de-published until the Court resolves the pending motion to retain confidentiality (Dkt. No. 304)."

Dkt. No. 326 at 1. That order directed that "[t]o the extent that Confidential information has been posted on the public docket in this case, the parties are ordered to meet and confer regarding a stipulation to seal those docket entries, and they shall file a stipulation within 7 days of this order." Dkt. No. 326 at 2. The Court further directed that "[i]f the parties are unable to agree,

- 1 -

Apple may file an administrative motion to seal, and the Court will be inclined to grant it."

The next day, on March 31, 2026, Apple emailed Plaintiff to initiate the meet and confer process on this issue and asked Plaintiff whether she would agree to seal particular docket entries (identifying them by docket number) pending a determination on Apple's confidentiality designations. *See* Decl. of Melinda S. Riechert in Support of Admin. Mot. to Seal, filed herewith, ¶ 2, Ex. A. Specifically, Apple identified:

- Docket Entries identified in Apple's Motion to Seal (Dkt No. 305): Specifically, Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2.

- Filings since Dkt. No. 305 that include references to Apple's designations or the material redacted: Specifically, Dkt. Nos. 306, 307, 307-1, 307-2, 320, 321, 322, 325.

*Id.* Apple later supplemented this list with Dkt. Nos. 330, 332, and 338 (representing new filings by Plaintiff that reveal information Apple designated as Confidential after the meet and confer in response to Dkt. No. 326 has begun). *Id.* ¶ 3, Ex. B at 3. Each of these filings contains or reveals the material that Apple designated as Confidential. *Id.* ¶ 4. The parties engaged in email meet and confer regarding this issue up to the April 6, 2026 deadline, but Plaintiff did not agree to temporarily seal any of these docket entries. *Id.* ¶¶ 2-3, Exs. A, B. Plaintiff stated "Overall, my position remains as stated in my prior four emails, I am prepared to stipulate to redact specific verbatim deposition transcript quotations if Apple identifies them by filing, page and transcript line. I am not prepared to stipulate to seal entire documents, public government records and agency filings, published research and press coverage, work conditions, allegations of regulatory non compliance or legal violations, or my legal arguments in this case. I am also not prepared to stipulate to any sealing premised on a theory that the designated terms are confidential regardless of context, given Apple's own April 2 representation to the contrary and the Protective Order's § 3 exclusions" *Id.* ¶ 3, Ex. B at 4. Her final email at 6.01 pm on April 6 (the deadline to file this Motion) confirms that her "position remains unchanged." *Id.* ¶ 3, Ex. B at 1.

## II.    ARGUMENT

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

2006). The Court has good cause to seal the docket entries at issue here.

A legitimate public interest that warrants sealing is preserving the integrity of this Court's Protective Order and its confidentiality designation process. The Protective Order requires information designated Confidential to be treated as Confidential until the Court rules upon any challenge to the designation. *See* Dkt. No. 235 ¶ 6.3. Indeed, publicly filing material designated as Confidential by a party before a challenge to the Confidential designation has been ruled upon is a "flagrant and deliberate violation" of a court order that harms the integrity of the judicial process. *Ma v. San Francisco Estuary Inst.*, No. 23-CV-05060-JCS, 2026 WL 388720, at *5 (N.D. Cal. Feb. 11, 2026) (sanctioning *pro se* plaintiff for publicly filing material designated as confidential).

If sealing were denied, material that Apple has designated as Confidential would remain publicly filed while the challenge process plays out, which would perpetuate the very harm the Protective Order is intended to prevent. Until such time as those challenges are resolved, the information Apple designated as Confidential is entitled to protection to preserve the integrity of this Court's orders and processes. *See* Dkt. No. 235 ¶ 6.3; *see also I.F. v. City of Vallejo*, No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054, at *11 (E.D. Cal. Feb. 16, 2021) ("propriety of original confidential designation" is "beside the point" when evaluating whether counsel "violated protective order by providing confidential-designated deposition testimony to the media and filing it on the public record"). And sealing these docket entries in full for the limited period of time until Apple's Motion to Retain Confidentiality Designations is decided—and it is currently set for hearing in April 16, 2026—is the most efficient and appropriate way to address the issue and preserve the resources of the parties and the Court.[1] If the Court denies Apple's Motion to Retain Confidentiality Designations in its entirety, the docket entries can be un-sealed; and if the Court upholds any of Apple's confidentiality designations, the parties can discuss with the Court the appropriate next steps for applying limited redactions to those filings consistent with the Court's

---

[1] Presumably this is why the Court's prior order suggested the parties confer regarding a stipulation to "seal [the] docket entries" at issue on an interim basis—not negotiate (again) about specific portions thereof, as the propriety of specific designations (and the status of current and future filings in light of those designations) will be adjudicated shortly via the Motion to Retain Confidentiality Designations. Dkt. No. 326 at 2.

ruling.

For the foregoing reasons, Apple respectfully requests that the Court enter an order sealing Dkt. Nos. 297, 301, 301-1, 302, 302-1, 302-2, 306, 307, 307-1, 307-2, 320, 321, 322, 325, 330, 332, and 338 until challenge process set forth in the Protective Order is complete.

Dated: April 6, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Melinda S. Reichert_

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

APPLE'S ADMIN. MOT. TO SEAL
IN RESP. TO DKT. NO. 326; MP&A
CASE NO. 23-CV-4597-EMC