JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**DECLARATION OF MELINDA S. RIECHERT IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL IN RESPONSE TO DKT. NO. 326**<br><br>Dept:    Courtroom TBD<br>         1301 Clay Street<br>         Oakland, CA 94612<br>Judge:    Honorable Kandis A. Westmore |

I, Melinda S. Riechert, declare as follows:

1.      I am an attorney admitted to practice law in the state of California and am a partner at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action. I submit this declaration in support of Apple's Administrative Motion to Seal in Response to Dkt. No. 326. I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of an email I sent to Plaintiff on March 31, 2026.

3.      Attached hereto as **Exhibit B** is a true and correct copy of 29 pages of emails exchanged between counsel for Apple and Plaintiff following my March 31, 2026 email, on various issues, including the sealing of the docket entries containing information designated as confidential under the Protective Order.

4.      Each of the following docket entries contains portions that reveal information Apple designated as Confidential under the Protective Order (Dkt. No. 235) that have not yet been adjudicated by the Court: Dkt. Nos. 297, 301, 301-1, 302, 302-1, 302-2, 306, 307, 307-1, 307-2, 320, 321, 322, 325, 330, 332, 338.

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed April 6, 2026, in Belmont, California.

_____
*/s/ Melinda S. Riechert*
Melinda S. Riechert

RIECHERT DECL. ISO ADMIN. MOT. TO
SEAL IN RESP. TO DKT. NO. 326
[23-CV-4597-EMC]

# Exhibit A

| | |
|---|---|
| **From:** | Riechert, Melinda |
| **Sent:** | Tuesday, March 31, 2026 7:08 PM |
| **To:** | Ashley M. Gjovik (Legal Matters); Ashley M. Gjovik (Legal Matters) |
| **Cc:** | Perry, Jessica R.; Mantoan, Kathryn G.; Weaver, Nicholas; Horton, Nicholas J.; Davidson, Sarah; Booms, Ryan |
| **Subject:** | Follow-Up re Magistrate Judge Westmore's 3/30 Orders |

Ashley,

I am following up on three issues related to Magistrate Judge Westmore's Orders yesterday.

1.  Please confirm which of these dates you'll appear for your continued deposition: April 6 or 8.
2.  With respect to the part of the Order directing you to de-publish any information Apple designated confidential pending a ruling on your challenges, please confirm that you have de-published all posts revealing information Apple designated confidential.
3.  Regarding the part of the Order directing the parties to meet and confer regarding a stipulation about public filings that need to be sealed pending a ruling on your challenges, please confirm whether you will agree to seal the following docket entries pending a determination on Apple's confidentiality designations.
    a.  Docket Entries identified in Apple's Motion to Seal (Dkt No. 305): Specifically, Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2.
    b.  Filings since Dkt. No. 305 that include references to Apple's designations or the material redacted: Specifically, Dkt. Nos. 306, 307, 307-1, 307-2, 320, 321, 322, 325.

We propose that the parties stipulate to seal these filings until such time as the court rules on your challenges and can direct the parties on how to proceed based on that ruling. For example, if the Court rules in your favor and de-designates Apple's confidentiality designations, then the records can be unsealed. Likewise, if the Court upholds any of Apple's confidentiality designations, the parties can discuss with the Court the appropriate next steps for applying limited redactions to those filings.

**Melinda Riechert**
Partner

Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

# Exhibit B

| | |
|---|---|
| **From:** | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| **Sent:** | Monday, April 6, 2026 6:01 PM |
| **To:** | Perry, Jessica R. |
| **Cc:** | Riechert, Melinda; Mantoan, Kathryn G.; Weaver, Nicholas; Horton, Nicholas J.; Davidson, Sarah; Booms, Ryan; Kelcey Phillips; Mahoney, Brian; Stolzenburg, Mark L.; harry.johnson |
| **Subject:** | RE: Follow-Up re Magistrate Judge Westmore's 3/30 Orders - Depublication and Sealing |

**[EXTERNAL]**

Apple counsel,

Your citation to *Southern Steamship Co. v. NLRB*, 316 U.S. 31, 47 (1942), is inapposite. That case addressed whether the NLRB could order reinstatement of employees who engaged in a mutiny in violation of federal maritime law — a direct conflict between two congressional objectives. There is no comparable conflict here.

A disputed confidentiality designation under a stipulated protective order is not a congressional objective. The Federal Rules of Civil Procedure are not a federal statute that the NLRA must yield to — they are procedural rules governing case management.

The designations at issue were made by a private corporation, not enacted by Congress. *Garmon*, 359 U.S. at 245, requires federal courts to defer to the NLRB when activity is arguably protected under §§ 7-8, and the NLRA preempts private contractual restrictions on protected concerted activity. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 86 (1982). Apple's own NLRB settlement is a binding federal agreement in which Apple agreed not to do what it is now doing.

Your reference to FOIA Exemption 4 is also inapposite. Exemption 4 governs what the NLRB must disclose in response to public records requests — it does not authorize a private litigant to seal NLRB charges on a federal court docket or restrict a charging party from publicly filing evidence of charged conduct.

You have also again declined to identify specific passages within the 17+ docket entries you seek to seal, despite five requests. You have not answered any of the questions I posed. You have not clarified whether your position targets verbatim transcript quotations or any use of the designated terms.

You have not confirmed or denied whether you seek to seal NLRB charges. You have not explained how a party can challenge a designation without identifying it. This is the sixth communication in which Apple has refused to engage with the substance of my requests while demanding wholesale sealing of entire documents. That is not good-faith meet-and-confer under L.R. 37-1, and I will present this correspondence to the Court accordingly.

My position remains unchanged. I may be willing to stipulate to redact specific verbatim deposition transcript quotations identified by filing, page, and transcript line -- but Apple has refused to provide that identification for me to even consider -- and instead has only provided demands with no basis in law or public policy, and overall which are contrary to and violations of law and public policy -- including the court's own local rules and the FRCP.

-Ashley


—
**Ashley M. Gjøvik**
**BS, JD, PMP**

1

On Monday, April 6th, 2026 at 5:54 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley:

We disagree with many of the representations and characterizations in your email below.

For avoidance of any doubt, nothing below represents Apple restricting or attempting to restrict the NLRB in its own investigation – but you cannot publicly file or post material from the NLRB charge-filing process that is potentially subject to the confidentiality ruling without the court having ruled first. The NLRB itself recognizes business confidential information under Exemption 4 of the FOIA (*see* 29 U.S.C. § 102.117(c)(2)(iv)), so there is no conflict.  Even in the case of a conflict, the Supreme Court has long ago recognized that the NLRB cannot simply override other federal statutes, like the discovery process statutes here. *See Southern Steamship Co. v. NLRB*, 316 U.S. 31, 47 (1942) ("[T]he Board has not been commissioned to effectuate the policies of the Labor Relations Act so single-mindedly that it may wholly ignore other and equally important Congressional objectives.").

Given that we have been unable to reach agreement "regarding a stipulation to seal those docket entries" through which "Confidential information has been posted on the public docket in this case" (Dkt. No. 326 at 2), we will proceed with filing an administrative motion to seal as authorized by the Court (*id.*).

Thank you.

**[EXTERNAL]**

Apple counsel,

I am responding to your meet-and-confer request before today's deadline. I remain ill and am working through a significant backlog.

I have asked in four prior emails for Apple to identify the specific text within each docket entry that Apple contends must be sealed, rather than identifying entire documents. Apple has not done so. L.R. 79-5(a) requires that only specific portions warranting sealing be sealed. *Foltz v. State Farm*, 331 F.3d 1122, 1137 (9th Cir. 2003); *DZ Reserve v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734, at *2 (N.D. Cal. Jan. 8, 2021) (denying wholesale sealing request); *Uniloc 2017 LLC v. Apple Inc.*, 964 F.3d 1351, 1360-61 (Fed. Cir. 2020) (same). Requesting that entire documents be sealed without identifying specific sealable content does not comply with L.R. 79-5(a) and does not provide a basis for stipulation. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (party must "articulate the specific prejudice or harm that will flow from disclosure").

I also need to understand Apple's position on several points that remain unclear despite our correspondence, which I set out below. I am asking these questions to determine whether a stipulation is possible, not to reargue the merits of the designations.

First, Apple's retained designations consist of individual terms describing the plaintiff's reproductive biology and sexual activity, identified by deposition transcript page and line. Those same terms appear in this Court's published orders, complaints on this docket since 2023, NLRB proceedings since 2021, published research, federal registries, and press coverage. Your April 2 email stated that the Protective Order "says nothing about public statements [I] have made about [my] workplace since 2021." My filings use those same terms in my own words in the same manner I have used them publicly since 2021 and as testified, were complaints I made in the workplace years prior. I need Apple to clarify whether its sealing request is directed at verbatim deposition transcript quotations identified by page and line, or at any use of the designated terms regardless of context. If the former, the scope of any stipulation is narrow and manageable. If the latter, I cannot stipulate because that position is inconsistent with Apple's own April 2 representation, with the Protective Order's § 3 exclusions, and with *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984).

To be clear about what follows from Apple's answer: if Apple confirms its sealing request is limited to verbatim deposition transcript quotations, then Apple is also confirming that it has no basis to seal, gag, or demand takedown of any filing, post, or publication that uses the same terms outside the context of a transcript quotation — including my social media posts from 2021-2025, magazine interviews, NLRB charge cover letters, complaints filed in this litigation, and any other public statement using those terms in my own words. Those are the same materials Apple has previously expressly or implicitly demanded I de-publish and has cited as violations of the Protective Order and the IPA. If Apple's position is now that the Protective Order reaches only verbatim transcript quotations, I ask Apple to confirm that its prior de-publication demands and gag order requests do not apply to those materials, to identify only those materials by document/URL and page/line and that Apple withdraws those demands to the extent they sought removal of content that does not directly <u>quote</u> the deposition transcript. Assumably me saying that Apple claims a general concept is confidential is not quoting the transcript unless Apple really is insisting general concepts are confidential in association with Apple.

Second, several of the docket entries Apple identified contain NLRB charges, NLRB charge cover letters, and evidence supporting pending NLRB proceedings. These are public government filings under 29 C.F.R. § 102.117. I need Apple to confirm whether it is requesting to seal those government filings, and if so, on what legal basis. I also need Apple to state whether its position is that sealed materials on this docket may or may not be used or referenced by the NLRB in its ongoing investigations. If Apple's position is that sealing restricts use outside this litigation, then Apple is requesting a court order that would obstruct pending federal agency proceedings, and I will file an additional unfair labor practice charge. Apple's 2025 NLRB settlement prohibits interference with Section 7 rights under § 8(a)(1), and seeking to seal evidence of charged conduct constitutes such interference.

Third, your April 6 email states that filings must be sealed if they contain "statements or descriptions that reveal the testimony that Apple designated (e.g., any statement that 'Apple designated my testimony about X as confidential')." If Apple's position is that a party may not describe the content of a designation in a motion opposing that designation, I need Apple to explain how any party could challenge a designation without identifying what was designated. The filings Apple wants sealed are my motions and oppositions challenging the designations. Sealing the challenge to a designation on the ground that the challenge identifies the designation is circular.

Fourth, your example at Dkt. 322 pp. 63-65 consists of excerpts from my NLRB charge cover letter quoting deposition testimony to document the conduct charged as an unfair labor practice. The excerpts are evidence of the charged conduct — they show the moment Apple's counsel designated testimony about the plaintiff's workplace complaints. I need Apple to confirm whether its position is that evidence of allegedly unlawful conduct submitted to the NLRB must be sealed when it appears on this docket - and that Apple is indeed claiming that allegations Apple violated federal law are

3

confidential and cannot be shared with the public -- and that it expects employees to file allegations that Apple violated federal labor and whistleblower laws, under seal -- and to not share them with the public, reporters, or coworkers --  if Apple unilaterally claims those complaints are "confidential."

Overall, my position remains as stated in my prior four emails. I am prepared to stipulate to redact specific verbatim deposition transcript quotations if Apple identifies them by filing, page, and transcript line. I am not prepared to stipulate to seal entire documents, public government records and agency filings, published research and press coverage, work conditions, allegations of regulatory non compliance or legal violations, or my legal arguments in this case. I am also not prepared to stipulate to any sealing premised on a theory that the designated terms are confidential regardless of context, given Apple's own April 2 representation to the contrary and the Protective Order's § 3 exclusions.

If Apple provides passage-level identification as I have requested, I will review each item promptly and respond with my position. If Apple declines to provide this information and instead files its motion seeking wholesale sealing, I will oppose and will provide this correspondence to the Court as evidence of the meet-and-confer process.

-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**



On Monday, April 6th, 2026 at 9:01 AM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley:


Your email below – and stated "open[ness] to stipulating to redact specific deposition transcript quotations where they appear in my filings" – appear to rest on the suggestion that, because you quoted portions of your deposition testimony containing information Apple designated confidential in one or more NLRB charges, you are free to file the full text of those NLRB charges on the public docket in this case. You are not – as that would be an obvious end-run around the Protective Order (Dkt. No. 235). While you are free to file those charges with the NLRB directly, you are not free to publicly post them (on the docket for this case or otherwise) without redacting the testimony Apple designated as Confidential while your challenges to those designations are pending.


You are of course free to file whatever NLRB charges you wish, as long as you respect the federal court's order to provisionally maintain the confidentiality of the designated material until the court decides the merits of the designation, and do not reveal such designated material on the public docket in the federal case

through filing an unredacted copy of an NLRB filing. You need to respect the power of the federal courts, which the NLRA does not render a nullity

For example, in Dkt. No. 322, at pages 52-73, you publicly filed your entire "NLRB Charge Cover Letter" dated February 16, 2026 and included direct excerpts revealing what Apple had designated as Confidential (*see* pp. 63-65) without redacting those excerpts from the public version on the docket. In other docket entries, you have quoted Apple's confidentiality designations directly, without reference to your NLRB Charges – stating on the public docket words to the effect of "Apple designated 'X' as confidential," which necessarily reveals X. *See, e.g.*, Dkt. No. 297 at 10.

As we have indicated multiple times previously, we believe it is appropriate for the Court to temporarily, on an interim basis, seal the docket entries where you chose to reveal what Apple had designated as Confidential before a ruling on your challenges. These include **Dkt. Nos. 297, 301, 301-1, 302, 302-1, 302-2, 306, 307, 307-1, 307-2, 320, 321, 322, 325, 330, 332, and 338** (the last three representing new filings by you that repeat this conduct since our meet and confer in response to Dkt. No. 326 began.)

Sealing these docket entries in full for the limited period of time until Apple's Motion to Retain Confidentiality Designations is decided—and it is currently set for hearing on April 16, 2026—is the most efficient and appropriate way to address the issue and preserve the resources of the parties and the Court. Presumably this is why the Court's prior order suggested the parties confer regarding a stipulation to "seal [the] docket entries" at issue on an interim basis— not negotiate (again) about specific portions thereof, as the propriety of specific designations (and the status of current and future filings in light of those designations) will be adjudicated shortly via the Motion to Retain Confidentiality Designations. Dkt. No. 326 at 2. If the Court denies Apple's Motion to Retain Confidentiality Designations in its entirety, the docket entries can be un-sealed; and if the Court upholds any of Apple's confidentiality designations, the parties can discuss with the Court the appropriate next steps for applying limited redactions to those filings consistent with the Court's ruling.

Please advise no later than 5pm today if you will agree to temporarily seal these docket entries while your challenges to Apple's designations are adjudicated. Absent your agreement, we will file the administrative motion to seal that Judge Westmore already authorized Apple to file and the Court can rule.

Thank you.

5

[EXTERNAL]

Apple counsel,

I am responding to your meet-and-confer request regarding sealing. I have been sick with the flu or severe cold this weekend and have been unable to respond sooner. I am still ill and working through a significant backlog.

I am potentially willing to stipulate to limited, targeted redactions if Apple can explain with specificity what it is actually asking to seal. However, based on what you have provided so far, I cannot evaluate your request because it appears to seek sealing of entire documents — many of which consist of public records, government filings, and my own legal arguments — without identifying what specific text within those documents Apple contends is covered by the Protective Order.

Your April 2 email states: "The Protective Order covers what you discussed during your deposition. It says nothing about public statements you have made about your workplace since 2021, or your right to discuss a study registered in the Clinical Trial Registry, or published references to the NLRB settlement." You also confirmed the PO does not cover my NLRB charges, EPA/OSHA/NIH communications, or future NLRB filings.

Given that position, the vast majority of the content in the filings you identified is not covered -- nor is the specific speech you previously filed motions for sanctions and injunctions against me over covered either. My filings discuss my workplace experiences in my own words, reference the ClinicalTrials.gov registry, quote the NLRB settlement Apple signed, attach NLRB charges and public agency records, and cite published press coverage and peer-reviewed research. Under your own stated position, that material is not subject to the Protective Order and cannot be sealed.

I still need Apple to provide the following before I can evaluate any sealing proposal:

1.  For each of the 14+ docket entries you identified, identify the specific text — by page and paragraph — that Apple contends must be sealed. Do not identify entire documents. Otherwise, it appears you are asking to seal literal entire documents and are claiming everything within is confidential.
2.  For each identified passage, state whether it is a direct quotation of designated deposition transcript lines or a discussion of the same subject matter in different words. If the latter, explain how it is covered given your April 2 representation that the PO does not reach public statements on these topics.
3.  For Dkt. 321 — the 197-page Request for Judicial Notice consisting entirely of public federal government records (NLRB settlements, ClinicalTrials.gov entries, GAO reports, peer-reviewed journal articles, NIH/IRB records, news articles, magazine articles, etc.) — explain what portion Apple contends is sealable and the legal basis, given these are published government records.
4.  Confirm whether Apple is requesting to seal any NLRB charges, NLRB evidence, or communications with government agencies contained in these filings - or if NLRB is free to use anything filed to this docket as evidence in its ongoing investigations into Apple over this matter and related disputes.

6

If Apple provides this information, I will review it promptly and respond with my position on each identified passage. I am open to stipulating to redact specific deposition transcript quotations where they appear in my filings. I am not willing to stipulate to seal entire documents, public government records, or my legal arguments challenging the designations.

Requesting to seal entire documents without identifying specific sealable content is unreasonable and without legal justification under L.R. 79-5(a) and *Kamakana*.

I also want to be direct: if Apple proceeds to request sealing of any speech protected under the National Labor Relations Act — including my NLRB charges, evidence supporting pending NLRB proceedings, or communications constituting protected concerted activity — I will file an additional unfair labor practice charge with the NLRB. Apple's April 2025 national settlement requires Apple to not interfere with employees' exercise of their Section 7 rights, and seeking court orders to seal NLRB charges and related protected speech would constitute such interference.

Please provide the information requested above so we can attempt to resolve this without further court intervention.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Saturday, April 4th, 2026 at 2:09 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

The Judge's order requires we file a stipulation on Monday regarding the sealing of the docket entries. We identified the docket entries below that contain information that was covered by the protective order. Please let us know Monday morning if you will stipulate to the sealing of these docket entries pending the Magistrate Judge's decision. If you will not agree to stipulate, we will file our administrative motion.

**Melinda Riechert**
Partner

Orrick
Silicon Valley

7

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

**[EXTERNAL]**

I received your email and I'm still working through the backlog of work I have tonight including reivewing your other emails

As you know I'm current homeless, in bankruptcy, and without medical treatment for months. I was forced off my ADHD meds when I had to flee Boston 1/31 and I still haven't been able to get a renewed prescription for them

Its extremely difficult for me to focus and get any work done and your email is very confusing and still appears to answer most of my factual questions with any specifics at all

I will get to this when I have time but first I have to get stuff produced to you for the depos notices, the subpoens, the depo tomorrow, additional discovery doc production, and I need to work on my opposition in the Citizen Suit, my NLRB paperwork, an upcoming bankrucpy hearing for the studen loan dischage, overdue paperwork for an insurance claim about Boston, and a lot of other stuff including what I mentioned below about interragories, privledge logs, etc

Its going to take me some time to work thorugh all of this and I sitll do not understand what you're talking about regarding confidentilaty -- it appears you're still refering to public information, my own expeiricnes, Apple's misconduct, and things the NLRB expressly prohibited Apple from claiming was confidnetial -- and Apple agreed to to stop doing that -- and you provide me no concrete examples of anything that doesn't fall into that catagory

8

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Thursday, April 2nd, 2026 at 8:32 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> Following up on my email earlier today regarding your deposition, I write to address the remainder of your email below.
>
> Again, we disagree with much of what you say in your email, but we are not going to debate all of our disputes here.
>
> The Court's March 30, 2026 Omnibus Discovery Order (Docket No. 327) states:
>
>> Thus, if Plaintiff has published information designated "Confidential" by Apple, that information is considered Confidential until found otherwise, and must be de-published until the Court resolves the pending motion to retain confidentiality.
>
> We disagree with your interpretation of the Protective Order and the Court's authority to issue that and other orders. The Protective Order, and the Omnibus Discovery Order, remain in effect notwithstanding your disagreement with them, with what they cover, and with the Court's power to issue them. You must therefore abide by them.

9

The fact that you have challenged the designations does not relieve you of the obligation to comply with the Protective Order and the Omnibus Discovery Order. Pursuant to the terms of the Protective Order, you are required to keep confidential information designated as confidential pursuant to the Protective Order until the court rules on your challenges.

- As we advised you earlier today, the fact that you filed Rule 72(a) objections to the Omnibus Discovery Order on March 31, 2025, does not operate as a stay of the Omnibus Discovery Order. *See Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 112-14 (S.D. Cal. 2024); *PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1093 (D. Nev. 2022); *GW Grundbesitz AG v. Gunn*, 2022 WL 16575682 (D. Nev. Nov. 1, 2022) ("only a court order can stay a magistrate judge's order").

- The bankruptcy stay does not prevent this Court from entering and enforcing orders, for the reasons stated in Apple's pleadings in the bankruptcy case.

- Nor do the NLRA and the Norris-LaGuardia Act preclude this Court from entering orders. *Garmon* preemption limits state laws and substantive claims arising under them from regulating conduct that the NLRA arguably protects or prohibits, rather than limiting the Court's case-management powers as a federal court. *See Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776 (2023). Thus, *Garmon* is totally irrelevant to the Omnibus Discovery Order (and the Protective Order). And the Norris–LaGuardia Act limits a federal court's power to grant injunctions in labor disputes with unions, not its inherent case-management authority in single-plaintiff litigation. *See Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 772 (1961).

The orders the Court has issued are clear as written. There are no exceptions in the orders that permit you to violate them.

## 1. De-Publication

As we have repeatedly told you, the only information that remains designated as confidential under the Protective Order is your deposition testimony which contains the words Apple designated as Confidential and we described in our motion; or statements or descriptions that reveal the testimony that Apple designated (*e.g.*, any statement that "Apple designated my testimony about X as confidential."). These words are clearly stated in the chart we provided to you (and the court reporter) on February 4, 2026 ("Ashely Gjovik v. Apple Inc. – 126432 – Deposition Transcript Confidentiality Designations.pdf"; filed at Dkt. No. 304-2, Ex. B (redacted) and filed under seal at Dkt. No. 305-4) and there should be no confusion as to which words remain designated as Confidential. You must therefore remove all postings in which you quoted the deposition testimony using the words designated as confidential or in which you reveal that you had testified at your deposition about those confidential words or that Apple designated those specific words. Given your prolific filings and public statements on social media and in other public forums, we cannot tell you every filing and post in which you violated the Protective Order, and it is not our obligation to do so. You know best where you have done so.

**The Protective Order covers what you discussed during your deposition**. It says nothing about public statements you have made about your workplace since 2021, or your right to discuss a study registered in the Clinical Trial Registry, or published references to the NLRB settlement, or other occasions where you might have used the words listed in the Protective Order designations. Nor does it cover your NLRB charges filed in 2021, or your communications with the EPA, OSHA, NIH or the NLRB, nor does it prevent you from filing and publishing future charges with the NLRB.

11

Nevertheless, your obligations to Apple under the confidentiality agreements you signed remain in effect, and accordingly you cannot discuss any confidential product-related information you learned during your employment. That is a separate issue from the testimony in your deposition and the challenges to Apple's designations currently pending before Magistrate Judge Westmore.

As Magistrate Judge Westmore confirmed in her Order denying your motion for sanctions earlier today, we were not required to provide you with a signed designation specifying the content Apple contends is confidential, since Rule 26(g) does not apply to deposition designations. Nor are we required to provide you with the name and California State Bar number of the attorney who certified Apple's designations. We again decline your demand we do so. While we understand you disagree, that does not excuse your compliance with the Court Orders which remain in effect.

2. **Sealing.**

The Omnibus Discovery Order requires that we meet and confer regarding a "stipulation to seal those docket entries" containing the deposition testimony that Apple has designated as Confidential, or statements that reveal what was designated. Dkt. No. 326 at 2. We have been ordered to file the stipulation within 7 days of the Omnibus Discovery Order – that is, by next Monday, April 6. If we cannot agree, Apple may file an administrative motion to seal, which the Court will be inclined to grant. We have sent you the docket entries which we believe contain information that needs to be sealed, but again, they are:

a. Docket Entries identified in Apple's Motion to Seal (Dkt No. 305): Specifically, Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2.

12

a. Filings since Dkt. No. 305 that include references to Apple's designations or the material redacted: Specifically, Dkt. Nos. 306, 307, 307-1, 307-2, 320, 321, 322, 325.

We have provided information in our March 4 letter, and in our documents filed with the Court (including the DiVincent declaration) regarding why we contend the information is confidential. The Court will rule on whether to retain the confidentiality designations. But that is irrelevant to the sealing issue – the Omnibus Discovery Order makes clear that we should attempt to stipulate to the material to be sealed for the limited time period "until the Court resolves the pending motion to retain confidentiality." Dkt. No. 326 at 2. Again, please advise if you will so stipulate.

We previously suggested sealing those docket entries pending the ruling on the motion and offered to provide more limited designations as soon as the Court rules on Apple's motion to retain confidentiality as the most efficient solution to this issue. You refused that process. Apple is willing to identify specific citations, per your request, but it makes no sense to require Apple expend the time to do so if you intend to refuse to stipulate to any interim sealing regardless, as your email below suggests. Please clarify.

3. **Fact Depositions You Wish to Take.**

I emailed you earlier today regarding the outstanding fact witness depositions and the availability for each.

4. **Plaintiff's Pending Discovery and Apple's Outstanding Obligations.**

13

We will comply with the Omnibus Discovery Order regarding Apple's amended discovery responses within the time limits set by the Court.

Apple will continue to file motions, and respond to your motions, as it has the right to do.

Thank you.

Ashley,

This email responds in part to your email as to your continued deposition. We will address other issues you raise separately.

As an initial matter, we disagree with much of what you say in your email, but we are not going to debate all of our disputes here.

Turning to the Court's March 30, 2026 Omnibus Discovery Order (Docket 327), the Court has ordered you to sit for an additional 4 hours of deposition testimony before April 8. While you disagree that you should have to do so, you must still comply with the Court's Omnibus Discovery Order.

The fact that you filed Rule 72(a) objections to the Omnibus Discovery Order on March 31, 2025, does not operate as a stay of the Omnibus Discovery Order.  Filing objections under Rule 72(a) does not automatically stay a magistrate judge's nondispositive order. *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 112-14 (S.D. Cal. 2024) (sanctioning party for noncompliance with magistrate judge's discovery order while Rule 72 objections were pending, finding noncompliance was not "substantially justified"); *PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1093 (D.

14

Nev. 2022) (automatic stays would reduce a magistrate judge's order "to the status of a recommendation"); *GW Grundbesitz AG v. Gunn*, 2022 WL 16575682 (D. Nev. Nov. 1, 2022) ("only a court order can stay a magistrate judge's order"). Thus, you must comply with the Omnibus Discovery Order, notwithstanding you Rule 72(a) objections to it.

The bankruptcy stay does not prevent this Court from entering and enforcing orders, for the reasons stated in Apple's pleadings in the bankruptcy case. Nor do the NLRA and the Norris-LaGuardia Act preclude this Court from entering orders. *Garmon* preemption limits state laws and substantive claims arising under them from regulating conduct that the NLRA arguably protects or prohibits, rather than limiting the Court's case-management powers as a federal court. *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776 (2023) ("Under *Garmon*, States cannot regulate conduct that the NLRA protects, prohibits, or arguably protects or prohibits.") (internal quote and cite omitted). Thus, *Garmon* is totally irrelevant to the Omnibus Discovery Order (and the Protective Order). And the Norris–LaGuardia Act limits a federal court's power to grant injunctions in labor disputes with unions, not its inherent case-management authority in single-plaintiff litigation. *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 772 (1961) ("The Norris-LaGuardia Act, 47 Stat. 70, 29 U.S.C. §§ 101-115, expresses a basic policy against the injunction of activities of labor unions.").

Additionally, we are not required to provide you, in advance of the deposition, a description of the specific topics, subject areas or categories of information Apple considers confidential under the Protective Order. Nor are you permitted to avoid providing confidential information when answering questions. You must answer the questions asked (after asserting any objections you believe are appropriate) fully and completely, even if the answers include confidential information. If you are asked questions that call for information Apple considers confidential and you provide in your answers information Apple considers confidential, then Apple will designate that testimony as confidential pursuant to the Protective Order, as it has the right to do.

You are not permitted to refuse to provide a date for your deposition until Apple meets your conditions below. As explained above, you are not permitted to

15

avoid a date for your deposition testimony until Judge Chen rules on the designated framework.

Attached is a deposition notice for your continued deposition commencing on April 6, 2025 at noon.

Thank you.

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, April 1, 2026 3:00 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>; Trechter, Reed C. <reed.trechter@pillsburylaw.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Jimenez, Catherine M. <catherine.jimenez@pillsburylaw.com>
**Subject:** Re: Follow-Up re Magistrate Judge Westmore's 3/30 Orders

[EXTERNAL]

Hello agents of the employer and charged party, Apple Inc,

I am responding to your email of March 31, 2026 at 7:08 PM regarding the Magistrate Judge's March 30, 2026 orders. On March 30 2026, Apple's Motion to Enforce the Protective Order (Dkt. 294) was denied due to Apple's own willful failure to comply with court procedures. There is no court order granting Apple's request for enforcement. The directives at Dkt. 326 were issued unlawfully and without legal basis, sua

16

sponte, after the court denied Apple's motion. The sua sponte directives are already the subject of my pending objections and notice of intent to appeal to Ninth Circuit if needed.

Earlier on March 31, 2026, prior to your email below, I filed Rule 72(a) objections to all three March 30 orders (Dkt. 330, 331, 332). Those objections argue, among other things, that the de-publication and gag directives at Dkt. 326 are void under the Norris-LaGuardia Act and *Garmon* preemption, exceed the Magistrate Judge's statutory authority under 28 U.S.C. § 636(b)(1)(A), and constitute prior restraints issued without a pending motion, without constitutional findings, and without due process. Those objections are pending before Judge Chen. I maintain every position stated in those objections.

I have never consented to the Protective Order. I filed a Motion to Quash (Dkt. 211), sought emergency relief from the Ninth Circuit (Case No. 25-2028), filed NLRB charges, and signed the order only "under coercion and duress" and "under protest and subject to extensive legal objections" (Dkt. 220 at 4-5). Those challenges remain unresolved on the merits.

The Protective Order's own Section 3 excludes "any information that is in the public domain" and "any information known to the Receiving Party prior to the disclosure." Every item Apple has designated falls within these exclusions. Under the Protective Order's own terms, this information was never covered.

The designations themselves are challenged in my pending Rule 26(g) motion (Dkt. 302), which is fully briefed and set for hearing April 16. The motion demonstrates the designations are unsigned, untimely, and uncured. Rule 26(g)(2) provides that the court "must strike" unsigned discovery documents. If the designations are stricken, there is nothing to enforce.

I am also a Chapter 7 debtor (Case No. 25-11496, D. Mass.). The automatic stay under 11 U.S.C. § 362(a) bars enforcement proceedings against the debtor without stay relief. Apple has actual knowledge of the bankruptcy, retained bankruptcy counsel (Pillsbury Winthrop Shaw Pittman), and has never obtained stay relief in this action. An order compelling a debtor to

17

take affirmative action under threat of contempt — deleting speech, negotiating sealing, sitting for deposition — is an enforcement action against the debtor's interests based on a pre-petition executory contract, which Apple admitted repeatedly in its own filings. Apple's own Motion to Enforce the Protective Order was denied, in part on grounds I argued constituted a stay violation. The sua sponte orders that followed are more coercive, not less. I note that Apple's motion for sanctions relating to the stay is set for hearing April 2, 2026 in the Massachusetts bankruptcy court, and this correspondence will be provided to the bankruptcy court as well.

I also note that your email — demanding a worker confirm she has deleted her public speech about workplace conditions, based on the employer's unilateral confidentiality designations — constitutes conduct independently actionable under the National Labor Relations Act. Apple's April 2025 national settlement with the NLRB (Case No. 32-CA-284428) requires Apple to not "advise [employees] that [they are] subject to discipline for violating overly broad rules regarding confidential or proprietary information." Your email does exactly that. This correspondence is being filed as part of a new unfair labor practice charge with the NLRB filed March 31 2026.

Based on the arguments set forth in my objections filed today, and in my prior filings over the past five weeks, I believe the de-publication order, gag order, and sealing directives are void — not voidable, but void — with no legal effect. They are void under the Norris-LaGuardia Act for lack of jurisdiction. They are void under 28 U.S.C. § 636(b)(1)(A) because a magistrate judge may not issue injunctive relief. They may be void under the bankruptcy automatic stay. They are preempted under *Garmon* because the speech at issue is arguably protected under NLRA §§ 7 and 8. And they were issued sua sponte, without a motion, without notice, and without findings, after the only pending motion was denied for Apple's own non-compliance.

If Apple disagrees and believes there is some version of these demands that survives the Norris-LaGuardia Act, the bankruptcy automatic stay, Garmon preemption, the NLRB settlement, and the First Amendment, I would genuinely like to understand

Apple's position. Please explain in detail so there is no misunderstanding between us.

I also want to be transparent: the manner in which these orders are being presented and enforced is extremely harmful to labor rights, workers' rights, and Apple employee organizing. A coalition of labor organizations and I are holding a rally and press conference outside the San Francisco federal courthouse on Thursday, April 2, at 12:00 PM to address these issues publicly. This is protected activity under NLRA § 7 and Norris-LaGuardia § 104(e). If Apple believes there is some aspect of these orders or designations that I am misunderstanding or mischaracterizing, I would welcome any clarification.

For the avoidance of doubt, nothing in my responses below waives, modifies, or concedes any position stated in the Rule 72(a) objections filed today or my prior filings. My engagement with Apple's specific requests is an effort to resolve these issues cooperatively, not an acknowledgment that the underlying orders or designations are valid.

With all of those positions preserved, I respond to each of your items below.

**1. De-publication.**

I do not understand what Apple is asking me to de-publish.Your demand is not specific enough for me to evaluate, let alone comply with. Your email says: "Please confirm that you have de-published all posts revealing information Apple designated confidential."

- (a) Which posts? Please identify by URL each specific post, article, blog entry, social media post, or other publication that Apple contends must be removed.
- (b) What does "revealing information Apple designated confidential" mean? Apple's narrowed designation chart identifies deposition transcript lines by page and line number. I have made public statements about my workplace experiences since 2021, years before any deposition or Protective Order. Does Apple contend that my pre-existing speech about my own experiences "reveals"

19

designated deposition testimony? Does Apple contend that the word "menstruation" in a 2022 blog post "reveals" designated information? Does Apple contend that discussing a study registered on the federal ClinicalTrials.gov public registry (NCT04196595) "reveals" designated information? Does Apple contend that my published references to the NLRB settlement Apple signed "reveal" designated information?

- (c) Does Apple contend that my NLRB charges — filed in 2021, years before the Protective Order — must be "de-published"? Does Apple contend that my filings on this court's public docket must be "de-published"? Does Apple contend that my communications with the EPA, OSHA, NIH, or the NLRB must be "de-published"?

- (d) Apple's narrowed designation chart was emailed to the court reporter on February 4, 2026. It was unsigned, undated, and was not served on me. I have not received a signed designation identifying specific content Apple contends is confidential. If Apple contends specific content must be removed, please provide me with the signed designation required by Rule 26(g)(1) and the Protective Order.

- (e) Please identify by name and California State Bar number the attorney responsible for these demands and the attorney who certified Apple's designations under Rule 26(g)(1).

Until Apple identifies with specificity what content it contends must be removed — with URLs, with reference to specific designations, and with a Rule 26(g)(1) certification — I cannot evaluate your request and there is nothing for me to "confirm." Please provide the requested information within seven days so we can attempt to resolve this without further court intervention.

**2. Sealing.**

I need to understand what Apple is actually asking me to agree to seal. The filings Apple has identified include:

- My Omnibus Opposition to Apple's seal motion and shorten time motion (Dkt. 297);
- My prior Rule 72 objections (Dkt. 301) and the certified transcript of the February 20, 2026

20

hearing where Judge Westmore stated "there is no injunction" (Dkt. 301-1);

- My Rule 26(g) motion challenging the validity of Apple's designations and all supporting evidence (Dkt. 302, 302-1, 302-2);
- My oppositions to Apple's Motion to Enforce the Protective Order, with supporting declarations, exhibits, and requests for judicial notice (Dkt. 306, 307, 307-1, 307-2);
- My opposition to Apple's Motion to Retain Confidentiality Designations and Apple's Motion to Seal, with supporting declaration (Dkt. 320, 322);
- My 197-page Request for Judicial Notice (Dkt. 321), consisting entirely of public records including: the NLRB national settlement agreement Apple signed; NLRB charges and complaints; the federal ClinicalTrials.gov registry entry (NCT04196595); a published GAO report (GAO-24-107639); a peer-reviewed journal article published in the American Journal of Obstetrics and Gynecology (Mahalingaiah et al., vol. 226(4) (2022)); records relating to NIH and IRB investigations of Apple's workplace research practices; and international press coverage; and
- My reply brief on the Rule 26(g) motion (Dkt. 325).

In other words, Apple is asking me to stipulate to seal every single filing I have made challenging the validity of Apple's designations. The entire record of my challenge to Apple's conduct? And it appears you're insisting on sealing entire documents rather than sections of documents, but thats even further contrary to the law and rules. You need to identify what portions of documents you are contesting, not the entire documents --otherwise you are directly claiming that anything/everything in those documents must be sealed -- which includes NLRB charges, protected concerted activity, reports to NIH and your IRB, public records published in magazines years ago, etc. If you are not asking to seal my NLRB charges or evidence for the open NLRB proceedings, then please clarify that -- otherwise it appears that's exactly what you're trying to do and that's yet another NLRA violation.

If Apple is asking me to agree to seal public federal government records — NLRB settlements, NLRB charges and complaints, ClinicalTrials.gov entries mandated by federal law, GAO reports published by Congress, published peer-reviewed research, and NIH/IRB investigation records. These are not Apple's

21

confidential documents. They are public records of federal agencies. Several of these records document federal investigations into Apple's own conduct.

Please explain for each filing:

- (a) What specific information in the filing Apple contends is confidential;
- (b) What specific harm to Apple would result from continued public access;
- (c) How sealing public federal government records is consistent with the public's right of access to judicial records; and
- (d) How sealing my motions challenging the designations does not create a circular problem: sealing the argument against sealing.

I also note that Apple's original Motion to Seal (Dkt. 305) identified only a subset of these filings. Several of the filings Apple now proposes to seal — including Dkt. 320, 321, 322, and 325 — were filed after Dkt. 305 and were never the subject of any sealing request before the court. Please clarify which filings were covered by the original motion and which are new additions Apple is proposing as part of this meet-and-confer.

If Apple can answer questions (a) through (d) above for each filing and demonstrate a basis for sealing that does not rely solely on Apple's confidentiality designations — which is the one basis Local Rule 79-5(c) expressly says is insufficient — I am willing to continue this discussion.

### 3. Deposition of Plaintiff.

As I expressed in my opposition at Dkt. 319 and in the Rule 72(a) objections filed today (Dkt. 332), I have serious concerns about sitting for additional deposition testimony under the current designation framework. Apple designated 72% of my prior deposition transcript, and under the March 30 orders, any new designations would be automatically enforceable with no mechanism for pre-summary-judgment review.

However, I want to resolve this and I am prepared to cooperate. Apple has been litigating the confidentiality of this information for months and certainly knows, after five years of this dispute, exactly what information it considers confidential. I propose the following:

Please provide me, in advance of the deposition, a description of the specific topics, subject areas, or categories of information Apple considers confidential under the Protective Order. If Apple provides that description, I will avoid volunteering information in those categories during the deposition where they are not relevant, or information that Apple does not think is confidential can be discussed instead and still sufficiently answer the question. There would then be nothing for Apple to designate. This should help to resolve the dispute — Apple's confidentiality interests are protected, and I am not generating testimony that will be gagged three weeks before summary judgment.

I would also ask that if Apple's counsel chooses to ask questions during the deposition that call for information Apple itself considers confidential, Apple not then designate my responsive testimony as Confidential. Apple should not elicit information and then punish me for answering. Alternatively, if Apple will confirm in writing that it will not designate any testimony from the continued deposition, I will confirm a date immediately.

If Apple is unable or unwilling to tell me what it considers confidential — after five years of litigation and months of designation disputes — then I do not understand how Apple can designate my testimony after the fact and claim it was confidential all along. And I cannot agree to a date while the designation framework remains unresolved before Judge Chen.

For the avoidance of doubt, my willingness to discuss dates and to accommodate Apple's stated confidentiality concerns does not concede that any information is properly designated, that the Protective Order covers the subjects at issue, or that the March 30 orders are valid. I am engaging in a good-faith effort to resolve the dispute without further court intervention.

23

**4. Plaintiff's Pending Discovery and Apple's Outstanding Obligations.**

Since Apple is raising scheduling matters, I have several outstanding items that require Apple's immediate attention:

(a) Plaintiff's depositions. As I emailed today and yesterday, I need confirmations for the depositions of Ekelemchi Okpo, Dan West, and David Powers. I am waiting for confirmation. I also need Yannick Bertolus made available for a subpoena deposition before the April 16 discovery cutoff — not April 17, which is after discovery closes. And I am still waiting for an update on service for Aleks Kagramanov. Please respond to these requests immediately. Discovery closes in sixteen days.

(b) Apple's interrogatory responses and document production. Apple has outstanding obligations to supplement interrogatory responses and produce documents under the court's orders. Please provide ETAs for when Apple will be providing supplemental responses and production so I can plan my summary judgment preparation accordingly.

(c) Impact of Apple's conduct on my discovery obligations. I have outstanding discovery obligations to Apple — including document production, a privilege log, and supplemental interrogatory responses. I am working on them. But Apple's filing activity over the past five weeks has consumed an extraordinary amount of my time. Since February 26 alone, Apple has filed: a Motion to Enforce the Protective Order (Dkt. 294), a Motion to Shorten Time (Dkt. 295), an Administrative Motion to Seal (Dkt. 293), a Motion to Retain Designations (Dkt. 304), a second Administrative Motion to Seal (Dkt. 305), a deposition continuation letter (Dkt. 315), two opposition letters to my discovery requests (Dkt. 317, 318), a reply and request for judicial notice on the enforcement motion (Dkt. 312, 313), an opposition to my consolidation motion (Dkt. 311), and now this email demanding confirmation of compliance with three separate items. I am one person, without counsel, simultaneously managing this case, a federal environmental citizen suit (Case No. 5:25-cv-07360-PCP) with its own opposition deadlines in mid-April, a Chapter 7 bankruptcy, pending NLRB charges,

24

summary judgment preparation, and the matters raised in tonight's email.

I respectfully ask that Apple consider the practical impact of its filing activity on my ability to meet my own discovery obligations. Every hour I spend responding to improper and illegitimate enforcement demands and designation disputes is an hour I am not spending on the discovery Apple says it wants from me. I have raised this concern before and I am now stating it again. If Apple later contends that I did not complete my discovery obligations during this period, this email further documents the reason.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, March 31st, 2026 at 7:08 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

I am following up on three issues related to Magistrate Judge Westmore's Orders yesterday.

1. Please confirm which of these dates you'll appear for your continued deposition: April 6 or 8.
2. With respect to the part of the Order directing you to de-publish any information Apple designated confidential pending a ruling on your challenges, please confirm

25

that you have de-published all posts revealing information Apple designated confidential.

3. Regarding the part of the Order directing the parties to meet and confer regarding a stipulation about public filings that need to be sealed pending a ruling on your challenges, please confirm whether you will agree to seal the following docket entries pending a determination on Apple's confidentiality designations.

   a. Docket Entries identified in Apple's Motion to Seal (Dkt No. 305): Specifically, Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2.

   b. Filings since Dkt. No. 305 that include references to Apple's designations or the material redacted: Specifically, Dkt. Nos. 306, 307, 307-1, 307-2, 320, 321, 322, 325.

We propose that the parties stipulate to seal these filings until such time as the court rules on your challenges and can direct the parties on how to proceed based on that ruling. For example, if the Court rules in your favor and de-designates Apple's confidentiality designations, then the records can be unsealed. Likewise, if the Court upholds any of Apple's confidentiality designations, the parties can discuss with the Court the appropriate next steps for applying limited redactions to those filings.

26

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohil the error by return e-mail and please delete this message from your system. Thank you in advance for your coop

In the course of our business relationship, we may collect, store and transfer information about you. Please see https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Perry, Jessica R.
<jperry@orrick.com>
**Sent:** Thursday, April 2, 2026 1:07 PM
**To:** Ashley M. Gjovik (Legal Matters)
<legal@ashleygjovik.com>
**Cc:** Mantoan, Kathryn G.
<kmantoan@orrick.com>; Weaver,
Nicholas <nweaver@orrick.com>;
Horton, Nicholas J.
<nhorton@orrick.com>; Davidson,
Sarah <sdavidson@orrick.com>; Booms,
Ryan <rbooms@orrick.com>; Perry,
Jessica R. <jperry@orrick.com>;
Riechert, Melinda
<mriechert@orrick.com>
**Subject:** RE: Follow-Up re Magistrate
Judge Westmore's 3/30 Orders -
Plaintiff's Deposition

27

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communi... received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Plea... the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy... https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, April 2, 2026 8:59 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Mantoan, Kathryn G. <kmantoan@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** RE: Follow-Up re Magistrate Judge Westmore's 3/30 Orders - Depublication and Sealing

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi... received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u... the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, April 6, 2026 4:39 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>
**Subject:** RE: Follow-Up re Magistrate Judge Westmore's 3/30 Orders - Depublication and Sealing

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by la received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, April 6, 2026 11:23 AM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Follow-Up re Magistrate Judge Westmore's 3/30 Orders - Depublication and Sealing

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

29