JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
Orrick, Herrington & Sutcliffe LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>               Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>               Defendant. | Case No.  23-cv-4597-EMC<br><br>**DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF, PURSUANT TO CIVIL LOCAL RULES 6-3 AND 7-11, TO EXTEND THE DISCOVERY CUT-OFF DEADLINE**<br><br>Judge:  Honorable Edward M. Chen<br>Dept:    Courtroom 5, 17th Floor |

4126-8976-6248.4

## I.    INTRODUCTION

Defendant Apple Inc. respectfully requests that this Court extend certain deadlines related to fact discovery and all deadlines related to expert discovery by approximately 90 days for the limited purpose of completing discovery related to Plaintiff's alleged emotional distress, including subpoenas for medical records, Defendant's independent medical examination ("IME"), and subsequent expert reports. The extension sought would apply solely to the discovery cut-off for third-party medical records, Defendant's IME, and expert discovery related thereto; it would not permit the parties to serve any additional fact discovery on each other or any third parties. Specifically, Defendant requests that the deadline for fact discovery related to Plaintiff's medical records and IME be extended from April 16, 2026 to July 31, 2026; the deadline for Opening Expert Reports be extended from April 16, 2026 to July 31, 2026; the deadline for Rebuttal Expert Reports be extended from May 7, 2026 to August 14, 2026; and the Expert Discovery Cut-Off be extended from May 28, 2026 to August 31, 2026. Good cause exists because, despite Defendant's diligence, multiple medical providers have refused to produce Plaintiff's medical records absent either a signed authorization or a court order, those records are necessary for an IME, and Defendant cannot complete expert discovery without those records.

## II.    LEGAL STANDARD

Pursuant to Civil Local Rule 6-3, a party seeking to modify a court-ordered deadline must show: (1) the reasons for the requested time change; (2) efforts made to obtain a stipulation; (3) substantial harm or prejudice absent the requested relief; (4) all previous time modifications; and (5) the effect on the case schedule. Civil L.R. 6-3(a)(1)-(6). For deadlines set by a scheduling order, Federal Rule of Civil Procedure 16(b)(4) also requires a showing of "good cause," which focuses on the movant's diligence in attempting to meet the existing deadline. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

## III.    STATEMENT OF RELEVANT FACTS

**Procedural History and Current Deadlines**. The pleadings were not settled until July 3, 2025, following many rounds of motions to dismiss and strike. *See* Dkt. No. 234 (denying motion to strike Apple's Amended Answer to Fifth Amend. Compl., noting "Apple's seeking discovery

such as medical records and financial information is just as related to Ms. Gjovik's prima facie case as any affirmative defense"). From September 4, 2025 through November 18, 2025, this case was stayed due to Plaintiff's bankruptcy. *See* Dkt. Nos. 255, 267. After the stay lifted, the Court held a scheduling conference and on January 13, 2026, the Court set cut-offs for fact discovery (April 16, 2026), expert reports (April 16, 2026), and expert discovery (May 28, 2026). Dkt. No. 274.

**Prior Written Discovery**. Plaintiff identified some of her medical providers in her initial disclosures. Perry Decl. ¶¶ 2-3. In March 2025, Defendant propounded discovery seeking the identity of Plaintiff's medical providers and production of associated records. *Id*., ¶¶ 6-9, Exs. A-D. Plaintiff responded to the interrogatories related to her medical treatment by stating dozens of providers were identified in her disclosures and others would be provided in her forthcoming document productions, while simultaneously objecting to producing medical records in response to Apple's document request. *Id*. On February 26, 2026, Plaintiff amended her initial disclosures and added new medical providers. *Id*., ¶ 5.

**Meet and Confer/Motions**. In January 2026, Defendant sought Plaintiff's stipulation to authorize the subpoena of her medical records. *Id.,* ¶ 10; *see* Dkt. No. 276-1, Ex. A. Plaintiff responded "I'm not stipulating to this. You can file these requests if you want to continue down this path of darkness but I will file objections and I will not waive my rights on this matter." Dkt. No. 276-1, Ex. A.

Given Plaintiff's refusal, on February 10, 2026, Defendant filed a discovery letter with the Court regarding subpoenas for Plaintiff's medical records and requesting an order (1) confirming the records are discoverable and (2) compelling Plaintiff to sign a release to facilitate prompt production of the records. *See* Dkt. No. 276. Defendant sought Court intervention because Plaintiff put her medical and mental conditions at issue by seeking damages for alleged mental, emotional, and physical injuries but contended Apple had no right to these records.

On February 23, 2026, the Court issued its Order in response to Apple's letter brief (Dkt. No. 291) ("February 23 Order"), concluding that "Plaintiff has put her medical and mental conditions 'in controversy,' such that her medical records are discoverable." Dkt. No. 291. The Court ordered the parties "to further meet and confer regarding executing an authorization to release

DEFENDANT'S MOTION FOR
ADMINISTRATIVE RELIEF TO EXTEND
THE DISCOVERY CUT-OFF DEADLINE
[23-CV-4597-EMC]

the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order." *Id.* at 2.

The parties then spent over two weeks exchanging multiple rounds of proposals and counter-proposals regarding a potential authorization until negotiations reached an impasse on March 12, 2026, in part, because Plaintiff insisted on limiting the scope of the records and Apple's ability to use the records, among other requirements, that went far beyond simply authorizing the providers to produce her records. Perry Decl., ¶ 11, Ex. E. Plaintiff rejected at least five proposals from Apple and made clear that Apple had to either accept the onerous terms she demanded or subpoena the records without an authorization. *Id.*

The following day, on March 13, 2026, Apple began subpoenaing Plaintiff's medical providers pursuant to the February 23 Order. Perry Decl., ¶ 12. Each of the 14 subpoenas Defendant has since served sought the same categories of medical records of which the Court previously indicated it was inclined to permit discovery. *Id.*, Ex. ¶ 12, Ex. F (exemplar subpoena).

At least three of the subpoenaed medical providers have indicated they will not produce subpoenaed records absent a release or a court order. *See* Perry Decl., ¶ 13, Exs. G–I. Other medical providers have not yet provided records in response to the validly served subpoenas. *Id.*, ¶ 13. Only one provider has complied with the subpoena and produced records. *Id.*

Defendant has retained a provider to conduct an IME of Plaintiff (and Plaintiff has repeatedly agreed to participate). Perry Decl., ¶ 14. However, the provider needs to obtain and review Plaintiff's medical records before conducting the IME. *Id.*

**Order on All Open Fact Discovery Issues.** On March 30, 2026 Magistrate Judge Westmore issued an Omnibus Discover Order (Dkt. No. 327) establishing a process for addressing all outstanding fact discovery issues. Under that process, Defendant cannot file any additional discovery motions until April 30, 2026. *Id.* Thus, Defendant has no other means to seek to compel compliance with the subpoenas or otherwise obtain Plaintiff's medical records and cannot do so until after discovery has closed. Consistent with Magistrate Judge Westmore's February 23 Order (Dkt. No. 291), Defendant intends to seek an order compelling production from those providers in

DEFENDANT'S MOTION FOR
ADMINISTRATIVE RELIEF TO EXTEND
THE DISCOVERY CUT-OFF DEADLINE
[23-CV-4597-EMC]

its brief due April 30, 2026.

**Requested Stipulation**. On April 6, 2026, Defendant's counsel asked Plaintiff to stipulate to extend the discovery deadlines related to medical records and expert discovery. Perry Decl., Ex. K. Plaintiff initially refused, stating she "do[es] not agree to any extensions." *Id*. After Defendant's counsel advised that Defendant would proceed to file this motion, Plaintiff sent additional emails, including one suggesting she might now sign an authorization under certain conditions. *Id.*[1] However, having exchanged multiple rounds of proposals without reaching agreement over a period of weeks and by delaying any resolution of the medical records issue until the end of discovery, Plaintiff has frustrated Defendant's ability to conduct fact discovery and conduct an IME, or to have such information available for its expert to issue a report.

Because additional time will be needed beyond current deadlines to resolve the medical records issue, Defendant proposes extending certain deadlines related to fact discovery and all deadlines related to expert discovery by approximately 90 days. This extension would be limited: it would permit Defendant to complete third-party medical records discovery, conduct an IME, and finalize expert reports relating to Plaintiff's medical condition. This extension would not authorize Plaintiff or Defendant to propound additional discovery on each other or any other third parties. Moreover, Plaintiff does not need to serve any discovery to obtain her own medical records. This limited extension will have no effect on other deadlines, including the Summary Judgment Briefing Schedule, Final Pretrial Conference (September 22, 2026), or Trial Date (October 19, 2026).

## IV.   ANALYSIS

Good cause exists for each required factor under Civil Local Rule 6-3. First, the reasons for the extension are clear: Defendant cannot complete discovery into Plaintiff's medical records, the IME, or related expert reports within current deadlines because multiple medical providers have declined to produce records absent either Plaintiff's signed authorization or a Court order. This issue remains unresolved despite Defendant's diligent efforts to obtain the records through meet and confer, subpoenas, and the Court's February 23 Order. And the Court's March 30 Order

---

[1] She did send her own version of the authorization to one of the medical providers, limiting the scope of the records to January 1, 2020 to present. Perry Decl., Ex. G.

DEFENDANT'S MOTION FOR
ADMINISTRATIVE RELIEF TO EXTEND
THE DISCOVERY CUT-OFF DEADLINE
[23-CV-4597-EMC]

precludes Apple from obtaining a Court order before the discovery cut-off.

Second, Defendant made good faith efforts to obtain a stipulation to extend the discovery deadline for medical records and an IME. Plaintiff declined. Defendant promptly filed this motion.

Third, Defendant will be substantially prejudiced if the deadlines are not extended. Without Plaintiff's medical records, Defendant cannot conduct a meaningful IME or prepare expert reports regarding Plaintiff's alleged emotional distress-a central issue given Plaintiff's claims of severe emotional distress. The current deadlines would effectively deprive Apple of the ability to prepare its defense on these damages claims.

Fourth, there have been no previous modifications to the discovery deadlines in this case.

Fifth, the requested extension would have minimal impact on the overall case schedule. The extension would be limited to medical records discovery, the IME, and related expert discovery; it would not authorize Plaintiff or Defendant to propound additional discovery or unrelated subpoenas. Importantly, this extension will not affect the Summary Judgment Briefing Schedule, Final Pretrial Conference (September 22, 2026), or Trial Date (October 19, 2026).

Defendant has demonstrated the requisite diligence in attempting to meet existing deadlines. Defendant promptly sought Court guidance on the medical records issue in February, engaged in extensive meet and confer efforts with Plaintiff over the course of months, issued subpoenas pursuant to the Court's February 23 Order, and now seeks an extension only after multiple providers declined to produce records and Plaintiff refused to authorize production without onerous conditions. Good cause therefore exists for the requested extension.

## V.   **CONCLUSION**

Defendant respectfully requests that the Court extend the discovery cut-off for third-party medical records discovery, Defendant's IME, and related expert discovery by approximately 90 days as set forth above, while maintaining all other discovery cut-offs as to all parties.

Dated: April 7, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Jessica R. Perry*
JESSICA R. PERRY
Attorney for Defendant APPLE INC.

DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE DISCOVERY CUT-OFF DEADLINE
[23-CV-4597-EMC]