Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

ASHLEY M. GJOVIK, *an individual*,

Plaintiff,

vs.

APPLE INC., *a corporation,*

Defendant.

CASE NO.

3:23-CV-04597-EMC (KAW)

PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO SEAL (DKT. 340).

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL
### (Civil L.R. 7-11; Civil L.R. 79-5)

## APPLE'S MEET-AND-CONFER WAS NOT IN GOOD FAITH

1.      The Court's March 30, 2026 order at Dkt. 326 directed the parties to meet and confer regarding a stipulation to seal. Plaintiff engaged in good faith. Over six emails between March 31 and April 6, 2026, Plaintiff asked Apple at least five times to identify the specific text within each docket entry that Apple contends must be sealed, rather than identifying entire documents. Apple refused each time. (Def.'s Declr., Dkt. 340-1, p.6-34).

2.      Apple's entire meet-and-confer consisted of listing docket numbers and demanding Plaintiff stipulate to seal them in their entirety. Plaintiff offered each time to consider stipulating to targeted redactions of verbatim deposition transcript quotations if Apple identified them by filing, page, and transcript line. Apple refused to engage with that offer.  The full correspondence is attached as Exhibit B to the Defendant's own Declaration (Dkt. 340-1). Repeating the same demand to seal entire documents while refusing to identify specific passages is not a good-faith meet-and-confer under Civil L.R. 37-1. Apple's motion should be denied on this basis alone.

## THE PRESUMPTION OF ACCESS AND APPLE'S FAILURE TO MEET ANY STANDARD

3.      There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). This right derives from both the common law and the First Amendment. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986).

4.      To overcome it, the party seeking sealing must demonstrate "compelling reasons supported by specific factual findings" for documents more than tangentially related to the merits, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006), or at minimum a "particularized showing" of "good cause" for non-dispositive materials, *id.* at 1179-80.

5. Apple has not attempted to satisfy either standard. It has identified no specific or legitimate harm, no factual findings, no analysis of alternatives to sealing, and no showing of any kind beyond citing its own designations — which L.R. 79-5(c) expressly says is insufficient.

## THE SOLE BASIS FOR SEALING IS EXPRESSLY PROHIBITED

6. Apple's motion rests on a single basis: that the docket entries contain material Apple designated as Confidential under the Protective Order. Civil L.R. 79-5(c) provides: "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." The motion's sole basis for sealing is the one basis the Local Rules say does not work.

## SEALING ENTIRE DOCUMENTS IS PROHIBITED

7. Apple seeks to seal 17+ entire docket entries. Civil L.R. 79-5(a) requires parties to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(e) provides: "Motions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances." Civil L.R. 79-5(f)(6) provides: "overly broad requests to seal may result in the denial of the motion."

8. The Ninth Circuit requires narrow tailoring. *Foltz*, 331 F.3d at 1137. In *DZ Reserve v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734, at *2 (N.D. Cal. Jan. 8, 2021), Judge Donato denied a wholesale sealing motion in this district, sending "a strong message that litigants should submit narrow, well-supported sealing requests in the first instance." The Federal Circuit called a similar wholesale request "grossly excessive" and "particularly flagrant." *Uniloc 2017 LLC v. Apple Inc.*, 964 F.3d 1351, 1360-61 (Fed. Cir. 2020).

9. Apple's own meet-and-confer proves the point. Apple identified one example: Dkt. 322 at pages 63-65 — three pages out of a 73-page exhibit. Rather than limiting its request to those three pages, Apple asks to seal the entire exhibit and 16 other entire docket entries. This is exactly what L.R. 79-5(a), (e), and (f)(6) prohibit.

## NO KAMAKANA FINDINGS AND WRONG STANDARD

10.    *Kamakana* requires particularized findings before court records may be sealed. 447 F.3d at 1178-79. The party seeking sealing must identify specific harm from disclosure and demonstrate that sealing outweighs the public's right of access. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. The party must "articulate the specific prejudice or harm that will flow from disclosure." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Conclusory assertions of confidentiality are insufficient. *Id.*

11.    Moreover, these documents bear on the merits. Apple's own filing connects the designations to its termination defense (Dkt. 280, fn. 2). They also represent pled claims in this litigation, entire causes of action that were dismissed and will be reviewed eventually upon appeal, and material allegations in all of the complaints in this lawsuit. Under *Center for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016), the "compelling reasons" standard applies to documents that are more than tangentially related to the merits. Apple has not attempted to meet that standard.

## THE INFORMATION IS PUBLICLY KNOWN AND EXCLUDED UNDER § 3

12.    Apple's retained designations consist of individual terms describing the plaintiff's reproductive biology and sexual activity. Those same terms appear in this Court's published orders (for example, Dkt. 73 at 7-8; Dkt. 179 at 2); six complaints on this docket since December 2023; NLRB proceedings since 2021; published research; federal registries; and press coverage. (for example, Dkt. 321, 197-page RJN documenting sources).

13.    Protective Order § 3 excludes from coverage "any information that is in the public domain" and "any information known to the Receiving Party prior to the disclosure." Information excluded under § 3 cannot be validly designated, and information that cannot be validly designated cannot be sealed based on those designations. *Kamakana*, 447 F.3d at 1183-84 (sealing undermined by information "already publicly available" in other filings); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984).

## APPLE'S OWN STATEMENTS CONTRADICT THE MOTION

14.    On April 2, 2026, Apple's counsel wrote: "The Protective Order covers what you discussed

during your deposition. It says nothing about public statements you have made about your workplace since 2021, or your right to discuss a study registered in the Clinical Trial Registry, or published references to the NLRB settlement." (Exhibit A). The filings Apple seeks to seal consist primarily of Plaintiff's own statements about her workplace in her own words — the same statements Apple confirmed are not covered. Apple cannot simultaneously disclaim coverage of speech and seek to seal filings containing it.

## APPLE SEEKS TO SEAL NLRB CHARGES AND FILINGS BEFORE THE SUPERVISING JUDGE

15.     Several of the docket entries Apple identified contain NLRB charges, NLRB charge cover letters, and evidence supporting pending NLRB proceedings. These are public government filings under 29 C.F.R. § 102.117. Apple's counsel confirmed in the April 6 email that Apple seeks to seal docket entries containing these materials. (Exhibit A). Sealing evidence of conduct charged as an unfair labor practice constitutes interference with Section 7 rights under NLRA § 8(a)(1) and retaliation for filing charges under § 8(a)(4). Apple's April 2025 NLRB settlement prohibits Apple from interfering with employees' exercise of their Section 7 rights.

16.     Apple's reliance on *Southern Steamship Co. v. NLRB*, 316 U.S. 31, 47 (1942), is inapposite. That case addressed whether the NLRB could order reinstatement of employees who engaged in a mutiny in violation of federal maritime law — a conflict between two congressional objectives. A private party's disputed confidentiality designation under a stipulated protective order is not a congressional objective. The Federal Rules of Civil Procedure are procedural rules governing case management, not a federal statute the NLRA must yield to.

17.     Apple also seeks to seal Dkt. 330, 332, and 338 — Plaintiff's Rule 72(a) objections to Magistrate Judge Westmore's orders, which are pending before Judge Chen. Apple is asking the Magistrate Judge whose orders are being challenged to seal the challenges to her own orders, before the supervising district judge has reviewed them. The sealing question for filings directed to the district judge under Rule 72(a) should be decided by the district judge, not by the magistrate judge whose orders those filings challenge. The Court should deny sealing of Dkt. 330, 332, and 338 or refer the sealing question for those filings to Judge Chen.

18.     Most notably, Dkt. 338 is Plaintiff's Rule 72(a) objection to the sealing order at Dkt. 329 itself. Apple is asking this Court to seal the objection that argues this Court's sealing order is unlawful — before the district judge has reviewed that objection. Sealing the challenge to a sealing order is self-ratification, not adjudication.

## THE DESIGNATIONS ARE DISPUTED AND UNRESOLVED

19.     The designations on which Apple's motion rests are contested. Plaintiff's Rule 26(g) challenge was denied by the Magistrate Judge (Dkt. 334); Plaintiff's Rule 72(a) objection to that denial is pending before Judge Chen (Dkt. 338). The substantive validity of the designations is pending before the Magistrate Judge at Dkt. 304.  Sealing court records based on designations whose validity has not been adjudicated — and whose procedural defects are the subject of a pending objection before this Court — is premature. Apple also claims sealing equates to additional gag orders, which requires full First Amendment briefing and a hearing.

## CONCLUSION

20.     Apple's motion should be denied. Its sole basis for sealing is expressly prohibited by L.R. 79-5(c). It seeks to seal entire documents in violation of L.R. 79-5(a), (e), and (f)(6). Apple has not overcome the strong presumption of access under *Nixon*, *Foltz*, and *Press-Enterprise*. No *Kamakana* findings support sealing. The information is publicly known and excluded from the Protective Order under § 3. Apple's own counsel confirmed the Protective Order does not cover the speech at issue. Apple seeks to seal NLRB charges and Rule 72(a) objections pending before Judge Chen. The designations are disputed and unresolved. Apple refused to meet-and-confer in good faith, defying this court's Orders, again.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (*Pro Se* Plaintiff)**
Filed April 7 2026 in San José, California
(408) 883-4428 | ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816