UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M. GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No.  23-cv-04597-EMC

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NONDISPOSITIVE ORDERS OF MAGISTRATE JUDGE**

Docket Nos. 336-39

Currently pending before the Court are four motions filed by Ms. Gjovik.  Each motion is a motion for relief from a nondispositve order of a magistrate judge.  *See* Civ. L.R. 72-2.  Having considered Ms. Gjovik's filings, the Court finds the matters suitable for resolution without briefing from Apple and without oral argument.  *See* Civ. L.R. 72-2(d) ("Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion.").  Ms. Gjovik's motions for relief are **DENIED**.

## I.    DISCUSSION

A.    Legal Standard

A magistrate judge's ruling on a nondispositive pretrial matter

> may be modified or set aside only if "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A magistrate judge's factual determinations are reviewed for clear error, a standard that allows the district court to overturn those factual determinations only when the court reaches a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  In addition, a magistrate judge's legal conclusions are reviewed de novo to determine whether they are contrary to law.  *Id.*

*FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 85942, at *10 (N.D. Cal.

May 22, 2018).

B.    Incorporation by Reference

As a preliminary matter, the Court notes that, in several of her motions, Ms. Gjovik incorporates by reference some of her prior filings. *See* Docket Nos. 330-32 (objections). Ms. Gjovik cannot do so. These filings were stricken from the record because they violated the page limits set by the District's Civil Local Rules. *See* Docket No. 335 (order). Ms. Gjovik's attempt to incorporate by reference is an attempt to evade page limits. The Court shall not consider the stricken filings.

C.    Motion for Relief at Docket No. 336 – Challenge to Order at Docket No. 326

In late February 2026, Apple filed a motion in which it asked Judge Westmore: (1) to find that Ms. Gjovik had violated the protective order; (2) to instruct Ms. Gjovik to "de-publish" material that Apple had designated as confidential under the protective order; and (3) to seal certain filings made by Ms. Gjovik that contained information Apple had designated as confidential. *See* Docket No. 294 (motion). Judge Westmore denied Apple's motion because it had failed to properly meet and confer with Ms. Gjovik before filing the motion. However, Judge Westmore noted that Ms. Gjovik was bound by the protective order "which sets forth the method of challenging confidentiality designations. Thus, if Plaintiff has published information designated 'Confidential' by Apple, that information is considered Confidential until found otherwise, and must be de-published **until the Court resolves the pending motion [by Apple] to retain confidentiality**." Docket No. 326 (order) (emphasis added). Judge Westmore also noted that, to the extent information designated as confidential was already publicly posted on the docket, the parties were to meet and confer regarding a stipulation to seal but, if the parties could not agree, Apple could file an administrative motion seal which Judge Westmore would be inclined to grant.

Ms. Gjovik now challenges Judge Westmore's order. She makes a number of arguments – *e.g.*, that she was coerced into signing the protective order; that Judge Westmore lacked the authority to issue her order described above because it constitutes an injunction; that Judge Westmore could not deny Apple's motion but, at the same time, hold that information should be

United States District Court
Northern District of California

maintained as confidential; that Judge Westmore's order constitutes an improper prior restraint because the information is publicly known; that Judge Westmore rendered a prejudgment that information filed on the public docket should be sealed; and that Judge Westmore's sealing of information violates various laws including but not limited the Norris-LaGuardia Act as well as the settlement that Apple entered into with the NLRB.

Ms. Gjovik has failed to show that Judge Westmore acted contrary to law or committed clear error. At bottom, all that Judge Westmore did was hold that information Apple had designated confidential should be maintained as confidential *until* she can resolve the issue of whether Apple's confidentiality designations were proper.[1]  That was the procedure laid out in the protective order and, even if Ms. Gjovik claims that she was coerced into signing the protective order, that is the basic procedure used in this District as reflected by the District's Model Protective Order.

D.    Motion for Relief at Docket No. 338 – Challenge to Order at Docket No. 329

At the time that Apple filed its motion to enforce the protective order, *see* Docket No. 294 (motion), it also moved to seal certain information filed in conjunction with that motion. *See* Docket No. 293 (motion to seal).  Judge Westmore granted Apple's motion to seal. *See* Docket No. 329 (order).

Ms. Gjovik moves for relief from Judge Westmore's order granting the sealing motion. Similar to above, she makes a number of arguments – *e.g.*, that Judge Westmore failed to provide findings to justify sealing; that there was neither a compelling reason nor good cause to seal the information; that Judge Westmore sealed the information simply because Apple had designated the information confidential, which violates a Civil Local Rule; that the information is not confidential because it is publicly known; that Judge Westmore cannot seal the information when Ms. Gjovik is contesting the propriety of Apple's confidentiality designations; and that Judge Westmore's order means Ms. Gjovik must file information under seal in conjunction with her summary judgment motion even though she does not believe the information is confidential.

_____

[1] As indicated above, Judge Westmore has not yet issued a ruling on Apple's motion to retain confidentiality designations.

As above, Ms. Gjovik has failed to show that Judge Westmore acted contrary to law or committed clear error.  Judge Westmore's ruling here simply reflected her decision to retain confidentiality for the time being – *i.e.*, *until* she can resolve the issue of whether Apple's confidentiality designations were proper.  There is nothing wrong with this approach.  To the extent Ms. Gjovik has brought up summary judgment filings, the Court refers her to Civil Local Rule 79-5(f), which allows a party to file a motion to consider whether another party's material should be sealed.

As for Ms. Gjovik's request to unseal Docket Nos. 282-83 (notices filed by Ms. Gjovik), the Court previously directed Ms. Gjovik to raise that issue with Judge Westmore.  *See* Docket No. 303 (Order at 2).  Ms. Gjovik has not done so.  Instead, she simply asserts that the reason why the notices are sealed is because of Judge Westmore.  That the documents may have initially been sealed by Judge Westmore does not mean that the Court cannot redirect the issue to Judge Westmore.  There are no express rulings by Judge Westmore on the docket for this Court to review.

E.     Motion for Relief at Docket No. 339 – Challenge to Order at Docket No. 334

In early March 2026, Ms. Gjovik filed a motion for declaratory relief and sanctions.  In the motion, Ms. Gjovik argued, *inter alia*, that Apple failed to narrow its confidentiality designations with respect to her deposition testimony on a timely basis and that, when Apple did provide its narrowed designations, it failed to sign them, thus violating Federal Rule of Civil Procedure 26(g).  *See* Docket No. 302 (motion).  Judge Westmore denied Ms. Gjovik's motion.  *See* Docket No. 334 (order).  She held, *inter alia*, that Rule 26(g) did not apply to Apple's confidentiality designations because the rule covers only discovery requests, responses, or objections.  *See* Fed. R. Civ. P. 26(g) (providing that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record" and that "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's . . . attention").  Judge Westmore also noted that she had not yet ruled on Apple's motion to retain confidentiality designations.

Ms. Gjovik contests Judge Westmore's ruling, arguing, *e.g.*, that the order is improper because it contains no reasoning in support; that the order conflicts with an order from this Court which stated that Apple had a Rule 11 obligation to make confidentiality designations in good faith, *see* Docket No. 303 (Order at 2); and that Judge Westmore should have held a hearing on the matter and not simply ruled on the papers because a novel issue was being raised.

Again, Ms. Gjovik has failed to show that Judge Westmore acted contrary to law or committed clear error. Judge Westmore properly relied on the clear language of Rule 26(g) (*i.e.*, the confidentiality designations by Apple were not in a discovery response but rather were provided in a chart to a court reporter). Judge Westmore's order is not in conflict with this Court's prior order. When Apple filed its motion to retain confidentiality designations, it became subject to Rule 11.

F.      Motion for Relief at Docket No. 337 – Challenge to Order at Docket No. 327

In late March 2026, Judge Westmore issued a discovery order that covered a number of issues. She held, for example, that Apple had provided a sufficient interrogatory response regarding the reasons for her termination; that Ms. Gjovik had propounded an interrogatory that should be deemed multiple interrogatories because of its subparts; that Apple did not have to respond to one subpart because it asked for a legal conclusion (the legal basis for Apple's affirmative defenses); that the parties had not sufficiently met and conferred on some of Ms. Gjovik's document requests; that one of Ms. Gjovik's document requests was overbroad in terms of time period; that Apple must produce Ms. Gjovik's personnel file; that Ms. Gjovik would be subject to a continued deposition; and that Apple did not have to amend its subpoenas for medical records so that the subpoenaed parties must also produce documents to Ms. Gjovik. *See* Docket No. 327 (Order at 1-6).

In the same order, Judge Westmore also established a process for any remaining discovery disputes. Judge Westmore set the process because of the large number of discovery disputes raised by the parties in the past. Under the Civil Local Rules, the last day to bring a discovery dispute to her attention is April 23, 2026 (*i.e.*, because fact discovery closes one week earlier, on April 16, 2026). Ms. Gjovik's opening discovery brief (15 pages) is due by April 23, 2026;

Apple's responsive and opening brief (25 pages) is due by April 30, 2026; and Ms. Gjovik's responsive brief (10 pages) is due by May 10, 2026. *See* Docket No. 327 (Order at 6-7).

In her motion for relief, Ms. Gjovik argues, *inter alia*, that the schedule for future discovery disputes impacts her ability to proceed with summary judgment; that a continued deposition will result in more confidentiality designations from Apple and thereby additional "gag orders" on Ms. Gjovik; that Judge Westmore did not sufficiently address whether responses such as "I don't know" or "the premise is incorrect because the NLRB found those terms unlawful" were appropriate; that Ms. Gjovik should be entitled to see what medical information Apple received from her providers; that Judge Westmore's counting of interrogatories was erroneous and rewarded Apple for asserting unnecessary, duplicate, and frivolous defenses; that asking for the legal basis of a defense is not a legal conclusion; that Apple's interrogatory response on the reasons for her termination lacks information about the decisionmaker, the timeline, and policy violated and Ms. Gjovik has no other discovery mechanism to get the information because Apple refuses to meet and confer regarding a deposition; that Apple should not be able to assert lack of relevance as an objection to document requests in future meet and confers given Judge Westmore's ruling on one document request; and that production of her personnel file does not satisfy her request for other information.

As above, Ms. Gjovik has failed to show that Judge Westmore acted contrary to law or committed clear error. For example, Judge Westmore's order did not preclude either party from raising issues related to Ms. Gjovik's document requests or Apple's deposition after meeting and conferring. Likewise, Judge Westmore's order did not preclude either party from contacting Judge Westmore during the continued deposition of Ms. Gjovik (if necessary). Ms. Gjovik's concern about summary judgment is understandable, but the process established by Judge Westmore is for any remaining discovery disputes. Those disputes should not be numerous given that fact discovery is set to close on April 16, 2026. Furthermore, Ms. Gjovik has not pointed to any concrete matter that needs early resolution from Judge Westmore because it is needed for summary judgment. In fact, Ms. Gjovik has stated on more than one occasion that she has everything she needs for her own summary judgment motion. In any event, should there be a

*discrete* issue in need of early resolution for summary judgment, neither party is precluded from asking Judge Westmore for relief from the process she established.

G.    Request for an Interlocutory Appeal

Finally, to the extent Ms. Gjovik asks that this Court certify any ruling adverse to her for an interlocutory appeal, the request is denied.  Ms. Gjovik has failed to establish that the requirements of 28 U.S.C. § 1292(b) have been satisfied.  *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves *a controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may *materially advance the ultimate termination of the litigation*, he shall so state in writing in such order.") (emphasis added).

## II.    CONCLUSION

For the foregoing reasons, Ms. Gjovik's motions for relief are all denied.

This order disposes of Docket Nos. 336-39.

**IT IS SO ORDERED**.

Dated: April 8, 2026

_____

EDWARD M. CHEN
United States District Judge

7