UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.  23-cv-04597-EMC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND DISCOVERY CUT-OFF DEADLINE**<br><br>Docket No. 341 |

Currently pending before the Court is Apple's motion to extend discovery deadlines. Specifically, Apple asks that the Court extend fact and expert discovery deadlines by roughly 90 days for the limited purpose of allowing Apple "to complete third-party medical records discovery, conduct an independent medical examination, and finalize expert reports relating to Plaintiff's medical condition." Prop. Order at 1 (adding that the extension would not authorize Ms. Gjovik "to propound an additional discovery on Defendant or any other third parties"). Having considered the parties' filings and accompanying submissions, the Court hereby **GRANTS** in part Apple's motion.

## I.    DISCUSSION

A.    Legal Standard

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause standard "'primarily considers the diligence of the party seeking amendment.'" *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 660 (9th Cir. 2021).  A court may also consider prejudice to the party opposing modification but, if the moving party was not diligent, the inquiry should end. *See id.* at

661.

B.      Good Cause

There is good cause for the extension sought by Apple – *i.e.*, Apple has been reasonably diligent in proceeding with discovery related to Ms. Gjovik's medical condition. To be sure, Ms. Gjovik seems to have identified the bulk of the medical providers in her initial disclosures served in July and September 2024. *See* Perry Decl. ¶¶ 3-4; *see also* Perry Decl. ¶ 5 (noting that Ms. Gjovik amended her initial disclosures in late February 2026). However, the Court did not set discovery deadlines until January 2026, *see* Docket No. 274 (order), and, in the following month, Apple filed a discovery motion seeking medical discovery – well in advance of the April 16, 2026, fact discovery deadline and the May 28, 2026, expert discovery deadline. *See* Docket No. 276 (discovery letter). In late February 2026, Judge Westmore held that Ms. Gjovik's medical records were discoverable, *see* Docket No. 291 (Order at 2) (finding that Ms. Gjovik had put her medical and mental conditions in controversy and therefore her medical records were discoverable), but she directed the parties to meet and confer to see if they could reach agreement on an authorization from Ms. Gjovik to release the medical records sought. If no agreement could be reached, she directed Apple to issue subpoenas and, then, if the information could not be obtained through subpoenas, Apple could seek ask her to issue an order compelling the medical providers to release records based on a Court order. *See* Docket No. 291 (Order at 2).

Thereafter, Apple and Ms. Gjovik met and conferred for some two weeks but were unable to reach agreement and thus Apple began to issue subpoenas starting in mid-March 2026. *See* Perry Decl. ¶ 11 & Ex. E (email exchange). It appears that one subpoena did not issue until April 6, 2026, but that seems to have been related to an issue regarding a proper address. *See* Docket No. 343-1 (Gjovik Decl., Ex. A) (ECF Page 6). Apple has now received responses from some medical providers stating that they will not produce medical records absent a signed authorization from Ms. Gjovik or a Court order. *See* Perry Decl. ¶ 13 & Exs. G-I (responses to subpoenas). Apple intends to ask Judge Westmore to issue an order to give to the medical providers, but, under the discovery process recently established by Judge Westmore, Apple cannot seek relief until its discovery brief is filed on April 30, 2026, which is past the discovery deadline of April 16.

Taking into account all of the above, the Court concludes that Apple has been reasonably diligent such that its request for an extension is justified.

C.    Prejudice

Having found good cause, the Court now considers whether an extension would prejudice Ms. Gjovik or whether there are other considerations that would weigh against an extension.

Ms. Gjovik contends that Apple's motion was improperly filed with this Court and not Judge Westmore. *See* Opp'n at 1-2. She is incorrect. This Court issues case management deadlines, not Judge Westmore. Apple still needs (and intends) to ask Judge Westmore to issue an order so that it can obtain medical records from the health care providers.

Ms. Gjovik also suggests that Apple should have asked her for her medical records but failed to issue any formal document request seeking such records from her. *See* Opp'n at 3; *see also* Perry Decl. ¶ 9 (testifying that Ms. Gjovik had produced limited medical records). But Judge Westmore has already held that Apple may issue subpoenas to the providers if the parties were unable to reach agreement on an authorization from Ms. Gjovik.

Ms. Gjovik suggests that it is unfair for Apple to get an extension (to obtain her medical records, to take an IME, and to finalize expert reports related to her medical condition) whereas she cannot take any additional discovery. However, Ms. Gjovik has not identified why she needs an extension and for what purpose.

Ms. Gjovik protests that Apple never disclosed an IME provider in its initial disclosures. *See* Opp'n at 2. That is an issue that can, if needed, be raised with Judge Westmore.

The only issue remaining is whether a 90-day extension – as sought by Apple – is appropriate. The Court finds that an extension of this length is difficult to accommodate given the existing trial schedule. For example, under Apple's proposal, expert discovery would close on August 31, 2026; however, the final pretrial conference is set for September 22, 2026, which means that pretrial filings are due by September 1, 2026, at the latest.

Given the existing trial schedule, the Court shall permit a (roughly) 60-day extension of deadlines for the discovery identified by Apple. The new deadlines are set forth below. All other deadlines (*e.g.*, for summary judgment, the final pretrial conference, and trial) remain the same.

United States District Court
Northern District of California

|  | Prior Deadline | New Deadline |
|---|---|---|
| **Fact Discovery and IME Cut-off** | 4/16/2026 | 6/30/2026 |
| **Opening Expert Reports** | 4/16/2026 | 6/30/2026 |
| **Rebuttal Expert Reports** | 5/7/2026 | 7/14/2026 |
| **Expert Discovery Cut-off** | 5/28/2026 | 7/31/2026 |

## II.    CONCLUSION

For the foregoing reasons, the Court grants in part Apple's motion.  Discovery deadlines are extended only with respect to (1) Ms. Gjovik's medical records (from the health care providers); (2) the IME; and (3) expert reports related to Ms. Gjovik's medical condition.  An extension of roughly 60 days, not 90, is provided for.

This order disposes of Docket No. 341.

**IT IS SO ORDERED**.

Dated: April 8, 2026

EDWARD M. CHEN
United States District Judge

4