Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

ASHLEY M. GJOVIK, *an individual*,

Plaintiff,

vs.

APPLE INC., *a corporation,*

Defendant.

CASE NO.

3:23-CV-04597-EMC

PLAINTIFF'S ADMINISTRATIVE MOTION TO AMEND THE ORDER AT DKT. 345 TO ADD THREE DEPOSITIONS TO THE EXTENSION

(L. R. 7-11)

## PLAINTIFF'S MOTION TO AMEND THE ORDER AT DKT. 345

1.     Plaintiff Ashley M. Gjovik respectfully moves this Court for an administrative amendment to its Order Granting in Part Defendant's Motion to Extend Discovery Cut-Off Deadline (Dkt. No. 345), issued on April 8, 2026 (the "Order").

2.     Plaintiff requests that the Court extend the fact discovery deadline of April 16, 2026, for three limited categories of discovery that Defendant Apple Inc. ("Apple") has recently rendered impossible to complete before the current cutoff:

3.     First, the **continuation of Plaintiff's deposition**, which Magistrate Judge Westmore ordered completed by April 8, 2026 (Dkt. No. 327 at 5), but which Apple's counsel suspended after approximately 14 minutes on that date and has since noticed for April 20, 2026, four days after the cutoff. (Gjovik Decl. ¶¶ 3–9, Ex. A.)

4.     Second, the **deposition of Yannick Bertolus, Apple's Vice President who authored the termination communication** at issue in this retaliation case, scheduled for April 17, 2026—one day after the cutoff—because Apple refused to make him available sooner. (Gjovik Decl. ¶¶ 10–12, Ex. B.)

5.     Third, the **Rule 30(b)(6) deposition of Apple Inc.**, first noticed in August 2025, which Apple formally refused to produce any witness for on April 8, 2026. To the extent Judge Westmore orders Apple to produce a designee through the pending dispute process (Dkt. No. 327 at 6–7), the deposition must be permitted to proceed after the cutoff. (Gjovik Decl. ¶¶ 13–16, Ex. C.)

6.     All three discovery needs arise from Apple's conduct. Two of the three events occurred on April 8, 2026—the same day the Court granted Apple's own 75-day extension. The Court did not have the benefit of this information when it issued its Order. Apple's proposed order expressly stated the extension "would not authorize Ms. Gjovik to propound additional discovery on Defendant or any other third parties" (Dkt. No. 345 at 1), and the Court observed that Ms. Gjovik had "not identified why she needs an extension and for what purpose" (*id.* at 3). Ms. Gjovik now identifies three specific needs, each caused by Apple's own actions.

## BACKGROUND

### A.  PLAINTIFF'S DEPOSITION

7.     Apple took Ms. Gjovik's initial deposition on December 16, 2025, using the full seven

hours. (Dkt. No. 315 at 1.) Apple subsequently sought four additional hours. Ms. Gjovik opposed the request on multiple grounds, including that Apple had been dilatory, that Apple's cited impediment examples were refuted by the transcript, Apple use using the deposition to create illegal gag orders to harass the Plaintiff and violate her civil rights, and that the request was disproportionate given Apple's own refusal to cooperate in discovery. (Dkt. No. 319.) On March 30, 2026, Judge Westmore **ordered the Plaintiff to undergo four additional hours of deposition by April 8, 2026**. (Dkt. No. 327 at 5.) Ms. Gjovik has filed Rule 72 objections to that order (Dkt. No. 337), and this court sustained Judge Westmore's order.

8.      Prior to the deposition, Plaintiff informed Apple she was ill and suggested that the deposition be rescheduled to later that week or next week – prior to the end of fact discovery. Apple refused, stating it did not believe the Plaintiff's communication was "in good faith." (Gjovik Decl. ¶ 3, Ex. A.) Plaintiff also repeatedly asked Apple to meet and confer regarding Apple's practice of designating her deposition testimony as "Confidential" under the Stipulated Protective Order (Dkt. No. 235)—a practice that resulted in prior restraints on Plaintiff's ability to discuss her own experiences (Dkt. Nos. 336–339). Apple refused to engage on the protective order issue. (Gjovik Decl. ¶ 4.)

9.      Plaintiff nevertheless complied with the Court's order and appeared on April 8, 2026, despite being ill. She was sworn in and stated on the record that she was prepared to proceed if necessary. Approximately fourteen minutes into the session, **Apple's counsel chose to suspend the deposition**—the same deposition Apple had just refused to reschedule—stating Apple did not want to proceed because Plaintiff was ill and the testimony would not be "valid." Plaintiff repeatedly stated she would continue if Apple would confirm it would not later characterize the suspension as misconduct. Apple's counsel refused, insisted on suspending, and now blames the Plaintiff. (Gjovik Decl. ¶¶ 5–6.)

10.     The evening of April 8, Apple's counsel emailed stating Apple was unavailable the entire week of April 14–18, with her first available date being April 22. (Gjovik Decl. ¶ 7, Ex. A.) On April 9, Apple noticed the deposition for April 20. In the same email, Apple acknowledged this was "two full weeks after the court-ordered deadline" and "reserve[d] all rights" regarding Ms. Gjovik's alleged "failure to comply"—scheduling the deposition after the cutoff while threatening sanctions for the very suspension Apple initiated. (Gjovik Decl. ¶¶ 8–9, Ex. A.)

## B.  DEPOSITION OF YANNICK BERTOLUS

11.     Ms. Gjovik has sought to depose Apple's witnesses since August 2025, but Apple did not

substantively engage on scheduling until the final two weeks of discovery. (Dkt. No. 319 at 4.) Apple's counsel stated that Mr. Bertolus—the Vice President who sent the communication to Plaintiff informing her Apple was terminating her employment on Sept. 9 2021—"is not available for deposition until April 17" and represented that Apple "will not argue that the deposition occurring one day after the cut-off impacts its admissibility or use in the case." (Gjovik Decl. ¶ 11, Ex. B.)

12.     Apple did not disclose to this Court that it had already scheduled the Bertolus deposition past April 16 when it filed its motion to extend discovery. (See Dkt. No. 341.) Although Apple's counsel initially represented it would not challenge admissibility, Apple's subsequent correspondence now threatens Plaintiff regarding other discovery delays Apple itself has caused, making it prudent to formalize the post-cutoff deposition by court order. (Gjovik Decl. ¶¶ 9, 12.)

### C.  Rule 30(b)(6) Deposition of Apple Inc.

13.     Plaintiff first noticed a Rule 30(b)(6) deposition of Apple no later than August 2025. Despite repeated follow-ups, Apple did not engage. On April 1, 2026, Plaintiff served detailed topics and noticed the deposition for April 14, with a subpoena served April 3. (Gjovik Decl. ¶¶ 13–14, Ex. C.) On April 8— the same day this Court granted Apple's extension—Apple formally refused to produce any witness, without filing a protective order motion or motion to quash. (Gjovik Decl. ¶ 15, Ex. C.)

14.     Under Judge Westmore's Omnibus Discovery Order, this dispute must proceed through the briefing process concluding no earlier than May 7, 2026. (Dkt. No. 327 at 6–7.) To the extent the Court orders Apple to produce a 30(b)(6) designee, the deposition cannot occur before the April 16 cutoff because the dispute resolution process itself extends past it.

### D.  The Court's April 8, 2026 Order

15.     On April 8, 2026, this Court granted Apple a roughly 60-day extension to complete medical records discovery, conduct an IME, and finalize expert reports. (Dkt. No. 345 at 3–4.) The Order was based on Apple's representation that the extension "would not authorize Ms. Gjovik to propound additional discovery." (*Id.* at 1.) The Court was not informed that, on that same day, Apple would suspend Plaintiff's court-ordered deposition and refuse to produce a 30(b)(6) witness—or that Apple had already scheduled the Bertolus deposition past the cutoff. The result is that all three of Plaintiff's remaining depositions now fall after April 16, each as a direct consequence of Apple's conduct.

# ARGUMENT

## A. LEGAL STANDARD

16.    Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit has held that this standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where the movant demonstrates diligence, the court may also consider prejudice to the opposing party. *Id.*; *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 660 (9th Cir. 2021). Where the need for modification arises from the opposing party's conduct rather than the movant's own delay, good cause is readily established. *Johnson*, 975 F.2d at 609.

## B. PLAINTIFF IS DILIGENT; APPLE CAUSED EACH DELAY

17.    Plaintiff has been diligent in all three respects, and each delay is attributable to Apple. As to her deposition, Plaintiff complied with the court order and appeared on April 8 despite being ill—after Apple had refused her suggestion to reschedule. (Dkt. No. 327 at 5; Gjovik Decl. ¶¶ 3, 5.) Apple then chose to suspend the examination it had just refused to postpone, and insisted it could not reschedule before the cutoff. (Gjovik Decl. ¶¶ 5–8.) A party who appears as ordered cannot be found to have lacked diligence when the opposing party unilaterally suspends the proceeding. See *Johnson*, 975 F.2d at 609.

18.    As to the Bertolus deposition, Ms. Gjovik sought depositions of Apple's witnesses beginning in August 2025—more than seven months before the cutoff. (Dkt. No. 319 at 4.) Apple did not confirm availability until the final two weeks of discovery, and Mr. Bertolus was not made available before April 17. (Gjovik Decl. ¶¶ 10–11.) Ms. Gjovik could not have acted more diligently; Apple controlled the witness's schedule.

19.    As to the 30(b)(6) deposition, Ms. Gjovik noticed it eight months before the cutoff and served a proposed agenda and topic list in late 2025, and again with more detail and a subpoena in early April. (Gjovik Decl. ¶¶ 13–14.) Apple's counsel emailed saying they refused to produce any witness and would not seek a protective order prior to the end of discovery, forcing the dispute into a briefing process that extends past the cutoff. (Gjovik Decl. ¶ 15; Dkt. No. 327 at 6–7.)

## C. APPLE WILL NOT BE PREJUDICED

20.    Where the party opposing modification itself caused the delay, a finding of prejudice is not warranted. See *Johnson*, 975 F.2d at 609. Apple has already extended fact discovery to June 30, 2026, for

its own needs. (Dkt. No. 345 at 3–4.) Apple itself set both post-cutoff deposition dates and cannot credibly claim prejudice from a formal extension permitting them to proceed.

21.    It would be inequitable for the Court to grant Apple a 75-day extension while barring Plaintiff from completing depositions that Apple's own conduct pushed past the deadline. See *Fed. R. Civ. P. 1* (rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action").

## D. The Requested Extensions Are Narrow

22.    Plaintiff requests: (1) for Plaintiff's deposition and the Bertolus deposition, a deadline of April 30, 2026; and (2) for the 30(b)(6) deposition, to the extent ordered by Judge Westmore, a deadline of 30 days after the ruling. Both extensions are far shorter than the 75 days granted to Apple and will not affect the existing deadlines for summary judgment, the final pretrial conference, or trial.

## CONCLUSION

23.    For the foregoing reasons, Plaintiff respectfully requests that the Court amend its April 8, 2026 Order (Dkt. No. 345) to extend the fact discovery cutoff for the following three categories:

- (1)  The continuation and completion of Plaintiff's deposition, noticed for April 20, 2026;
- (2)  The deposition of Yannick Bertolus, scheduled for April 17, 2026; and
- (3)  The Rule 30(b)(6) deposition of Apple Inc., to the extent ordered by Judge Westmore.

Plaintiff requests that the deadline for items (1) and (2) be set no later than April 30, 2026, and that the deadline for item (3) be set no later than 30 days after Judge Westmore's ruling. A proposed order is submitted herewith.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 9 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M. GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

**Case No. 23-cv-04597-EMC**

**[PROPOSED] ORDER AMENDING DISCOVERY CUT-OFF DEADLINE**

Having considered Plaintiff's Administrative Motion to Amend the Court's April 8, 2026 Order (Dkt. No. 345), the supporting declaration and exhibits, and good cause appearing therefor, the Court hereby ORDERS as follows:

1.  The fact discovery cutoff of April 16, 2026, is extended to **April 30, 2026**, for the limited purpose of permitting the following depositions to proceed:
a.  The continuation and completion of Plaintiff's deposition; and
b.  The deposition of Yannick Bertolus.

2.  To the extent Magistrate Judge Westmore orders Apple to produce a Rule 30(b)(6) designee through the pending dispute resolution process (Dkt. No. 327), the fact discovery cutoff is extended to **30 days after that ruling** for the limited purpose of permitting the 30(b)(6) deposition to proceed.

3.  All other deadlines remain unchanged.

IT IS SO ORDERED.

Dated: _____

EDWARD M. CHEN
United States District Judge