Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK,**

    **Plaintiff,**

**v.**

**APPLE INC.,**

    **Defendant.**

**Case No. 23-cv-04597-EMC**

**DECLARATION OF ASHLEY M. GJOVIK IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO AMEND ORDER**

**[Dkt. No. 345]**

I, Ashley M. Gjovik, declare as follows: I am the Plaintiff in this action, proceeding in propria persona. I have personal knowledge of the facts stated herein and could competently testify to them if called as a witness.

### Plaintiff's Deposition (Exhibit A)

1. On March 30, 2026, Magistrate Judge Westmore issued an Omnibus Discovery Order (Dkt. No. 327) ordering me to undergo four additional hours of deposition by April 8, 2026.

2. On April 6-7 2026, prior to the April 8 deposition, I notified Apple's counsel that I was ill with a severe cold or influenza. I was still very sick on April 8 and I notified Apple's counsel again and suggested that the deposition be rescheduled to when I was healthier (as I stated on the deposition transcript – I was losing my voice, among other issues).

3. On April 8 2026, Apple's counsel emailed me prior to the start of the deposition that my notification of illness and suggested rescheduling was "not in good faith" and that Apple would proceed.

4. Apple did not send Zoom information for the deposition until one minute before the start of the deposition. However, upon receiving it, I logged in and attended as scheduled.

5. I complied with the Court's order and appeared for the continued deposition via Zoom on April 8, 2026. I was sworn in by the court reporter. Despite being ill, I stated on the record that I was prepared to proceed.

6. Approximately fourteen minutes into the deposition, at approximately 12:17 p.m., Apple's counsel, Melinda Riechert, chose to suspend the very deposition Apple had refused to reschedule hours earlier, stating she did not want to proceed because I was ill and the testimony would not be "valid."

7. I repeatedly stated on the record that I would insist on continuing unless Apple would confirm it would not later characterize the suspension as misconduct by me or seek sanctions against me.

8. Ms. Riechert refused to provide any such assurance but insisted on suspending the deposition.

9. During the deposition, on record, I suggested we agree to reschedule to the afternoon of April 14 or 15. Ms. Riechert stated she would check her calendar but refused to agree on record.

10. That evening, at approximately 7:38 p.m., Ms. Riechert emailed me stating she was not available to complete my deposition during the week of April 14–18.

11. Despite there being dozens of noticed attorneys on this case overall, and four attorneys from Orrick just for this instant litigation, Ms. Riechert insisted she be the one to conduct the deposition and said her first available date was April 22, 2026—six days after the April 16 discovery cutoff.

12. I offered to attend on April 22 subject to a medical appointment constraint and also offered availability on other days that week (including April 20).

13. On April 9, 2026, at approximately 8:57 p.m., Ms. Riechert emailed a notice scheduling my continued deposition for April 20, 2026 at 12:00 p.m.

14. In that same email, Ms. Riechert acknowledged that this date was "two full weeks after the court-ordered deadline" and stated that "Apple reserves all rights with respect to your failure to comply with Judge Westmore's order that this deposition have been completed by April 8."

15. On April 9 2026, I told Apple's counsel that due to their misrepresentation, threats of

PLAINTIFF'S DECLARATION | CASE NO. 3:23-CV-04597 | PAGE 1

sanctions, and delay of their own deposition past the court ordered deadline, then blaming me for their own delay – we now needed to bring the matter to the court.

16.    A true and correct copy of the relevant email correspondence is attached as Exhibit A.

**Deposition of Yannick Bertolus (Exhibit B)**

17.    I have sought to depose Apple's witnesses, including Yannick Bertolus, since no later then approximately August 2025. Mr. Bertolus is the Apple Vice President who sent the termination communication to me in September 2021, which is central to my wrongful termination claims. Despite my repeated requests, Apple did not confirm availability for Mr. Bertolus's deposition until during the final two weeks of the discovery period.

18.    On April 2, 2026, Apple's counsel, Jessica Perry, emailed me stating: "Regarding Mr. Bertolus, as we have repeatedly conveyed to you, he is a third party, we do not control his schedule, and he is not available for deposition until April 17." Ms. Perry further stated that Apple "will not argue that the deposition occurring one day after the cut-off impacts its admissibility or use in the case." The Bertolus deposition remains scheduled for April 17, 2026. A true and correct copy of the relevant email correspondence is attached as Exhibit B.

19.    I objected that Mr. Bertolus should be made available before the close of discovery. Apple maintained that April 17 was the earliest date. Apple's lead counsel, Ms. Riechert, subsequently confirmed she was unavailable on April 17 due to a mediation but indicated another attorney, Jessica Perry, would cover the Bertolus deposition.

**Rule 30(b)(6) Deposition of Apple Inc. (Exhibit C)**

20.    I first noticed and attempted to meet and confer on a Rule 30(b)(6) deposition of Apple Inc. no later than August 2025—approximately eight months before the discovery cutoff. Despite repeated follow-ups over the ensuing months, Apple did not substantively engage on the 30(b)(6) topics or scheduling.

21.    On April 1, 2026, I served detailed deposition topics and noticed the 30(b)(6) deposition for April 14, 2026. I served a subpoena on Apple on April 3, 2026, providing eleven calendar days' notice.

22.    On April 8, 2026, Apple's counsel served formal objections and stated that Apple would not produce any witness for the 30(b)(6) deposition. Apple did not file a motion for protective order or a motion to quash the subpoena. A true and correct copy of the relevant email correspondence is attached

as **Exhibit C.**

23.    I suggested we table the 30(b)(6) dispute for resolution through the briefing process established by Judge Westmore's Omnibus Discovery Order (Dkt. No. 327 at 6–7), under which my opening brief is due April 23, Apple's response is due April 30, and my reply is due May 7, 2026. The Court's ruling on this dispute will therefore not issue until after the April 16 discovery cutoff.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 9, 2026, in San Jose, California.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 9 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT A

# RE: My deposition - 4/20 at noon

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To      Riechert, Melinda<mriechert@orrick.com>

CC      Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>, Booms, Ryan<rbooms@orrick.com>,
        Mantoan, Kathryn G.<kmantoan@orrick.com>, Perry, Jessica R.<jperry@orrick.com>,
        Romero, Josette L.<jromero@orrick.com>, Kelcey Phillips<kelcey.phillips@morganlewis.com>,
        Mahoney, Brian<brian.mahoney@morganlewis.com>,
        Stolzenburg, Mark L.<mark.stolzenburg@morganlewis.com>,
        harry.johnson<harry.johnson@morganlewis.com>

Date    Thursday, April 9th, 2026 at 9:12 PM

Counselor,

This email is incredibly inappropriate and bad faith. The record will show that I was not the one to stop the deposition -- it was you. And I repeatedly told you if you would stop your own deposition and then take actions against me because of you stopping the deposition yourself -- then I would insist the deposition continue. You were the one to insist the deposition would be stopped. I never agreed to stop the deposition.

Apple was the party to:
    - Stop their own deposition
    - Refuse to continue their own deposition
    - Refuse to reschedule before the end of fact discovery
    - Didn't even send an invite to the deposition until less than 1 minute prior to the start

Because Apple is now accusing me of misconduct, threatening me with sanctions, implying I was the one who stopped the deposition, refusing to reschedule their deposition prior to the end of act discovery, and implying that I refused to be deposed at all (which I never said and your comments below imply you plan to see to have me sanctioned under the premise that I refused to be deposed when that is patently untrue), I suggest we bring this to the Magistrate Judge as an emergency matter with a joint letter.

Among other issues, conducting the deposition after the end of fact discovery is a violation of court rules -- as you already pressured me to accept this from your side with the Bertolus deposition -- and failed to raise that Judge Chen in your extension letter and his order now formalized no fact discovery would occur after 4/16 other than your approved medical record production.

We need to bring this to the court -- both the Bertolus extension, and your insistence of rescheduling your own deposition of me until after the end of fact discovery while concurrently blaming me for your own delays -- again.

That said I am available to attend on 4/20 and will be there pending approval from the court for the extenion past the end of discovery.


—
**Ashley M. Gjøvik**

**BS, JD, PMP**

On Thursday, April 9th, 2026 at 8:57 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley:
>
> The time windows you have proposed on April 22, 2026 (which, as you know, is two full weeks after the court-ordered deadline for you to appear for further deposition in this case) do not allow for four hours of testimony during business hours. However, you also note that you are "available any other day that week if the AM of 4/22 does not work." Attached please find a notice to continue your deposition by Zoom at 12noon PT on Monday, April 20, 2026. Apple reserves all rights with respect to your failure to comply with Judge Westmore's order that this deposition have been completed by April 8.
>
> Your April 8 12:43pm email below, and the "objections" you emailed less than an hour before your court-ordered deposition, continue to cause concern that you will not testify as required at any rescheduled deposition. To cite just a few examples:
>
> - You continue to demand that "Apple [ ] agree to ground rules for the rescheduled session, including that Apple not designate Plaintiff's testimony as confidential"—and to suggest that "[w]hether Plaintiff is able to proceed next week depends in part on whether Apple is willing to agree to" certain unspecified "conditions" that you claim are necessary so as to "not exacerbate Plaintiff's condition."
>
>   - These requests—in the context of this case, the legal claims you have brought against Apple, the Court's prior orders, and the inconsistencies between your professed ability to proceed with the discovery you want and your alleged inability to comply with discovery sought by Apple (and ordered by the Court) regarding the basis for your claims and alleged damages—are inappropriate.
>   - To be clear, Apple will not agree to any "condition" of taking your court-ordered deposition that would require it to agree, before the deposition has even begun, that it will not designate any testimony you offer or volunteer on any subject as Confidential under the Protective Order (Dkt. No. 235). Such a "condition" apparently seeks to give you carte blanche to reveal any and all confidential information about Apple's internal user studies, product development, or research efforts in the context of a deposition with Apple antecedently waiving any right to seek to designate that testimony as Confidential. Apple will not agree to that blank check.
>
> - You also appear to suggest that it is somehow inappropriate for Apple to seek to examine you about your "personal injuries, harm, and suffering." But as Judge Westmore correctly held, you have "placed [your] medical and mental conditions at issue in this case." Dkt. No. 291 at 2. It would be entirely appropriate for Apple to question you regarding the damages you seek to attribute to Apple and potential alternative causes of or contributors to those alleged damages.
>
> - Your April 8, 2026 "Plaintiff's Objections to Defendant's Continued Deposition" make a number of baseless arguments suggesting that you are somehow excused from giving deposition testimony in this case—a civil matter you initiated against Apple—because you are a self-described "crime victim," or because Apple asking you questions somehow amounts to unlawful "witness intimidation." Judge Chen rejected this argument over a year and a half ago – *see* Aug. 28, 2024 Hrg. Tr. at 20:11-21:1 (emphasis added):

MS. GJOVIK : And I feel like there's been a lot of personal attacks and harassment against me, and I raised the demand to have a deposition before even considering settling without even giving me this information feels like harassment, and I want to see if I can exercise my victim of crime rights to say 'no' or put some boundaries around what that deposition would look like.

THE COURT: … ***[Y]ou being the plaintiff would normally be subject to a deposition and notwithstanding your objections, that's the kind of thing I would allow. It's the kind of thing that happens in every case***.

These repeated protestations have no more merit now.

We expect that you will appear on April 20, 2026 and testify fully and completely, including as to "personal injuries, harm, and suffering" (and causes thereof) that you chose to put at issue in this case.

Thank you.

**Melinda Riechert**

Partner

Orrick

Silicon Valley ⓥ

T 650/614-7423

M 650 759 1929

mriechert@orrick.com



Jessica is covering Yannick. I will get back to you about the 22nd.


Sent from my iPad


On Apr 8, 2026, at 7:54 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:


[EXTERNAL]

Hello,


Consolidating separate email chains.


I maintain my objections and statements below and earlier. I thank you for the meet/confer on rescheduling.


I can attend on 4/22 but before 12:30PM or after 3 PM.


4/22 was the first day I could see a new counselor which is required for a psych referral, which is required before I can get back on my psychiatric medications including my Adderall - I've been off since losing insurance & Medicaid providers on 2/1 and its been extremely difficult without it - so I really do not want to have to further delay that appointment. Its in person at 1 PM for ~90min, and theyre meeting me at the hotel since I'm homeless and cannot afford to commute down to SJ. So I could do something in the morning but would need to end no later then 12:30 PM at the latest.


I'm also available any other day that week if the AM of 4/22 does not work.


I do request again some meet/confer regarding the confidentiality claim issues and I reserve my right to end the deposition early if I feel it is justified due to those or other issues, especially if Apple refuses to compromise on this.

Can you please also confirm if we're on for Yannick on 4/17 - you just said you're not available due to another case, and I wanted to ensure that someone else was planning to cover Mr. Bertolus.

Thank you,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 7:38 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> As you know you were court ordered to complete your deposition today.  You appeared at the deposition but stated you were too sick to proceed.  We therefore agreed to look for a day next week to complete your deposition.
>
> I have checked my calendar and unfortunately I am not available to finish your deposition next week. I have to be in Los Angeles on another case on the afternoons of April 14 and 15. I also am not available on the afternoons of April 13th and 16th.  I will be defending the depositions you are taking on the mornings of April 13th , 15th and 16th.  I have an all-day mediation on the 17th and so am not available that day either.
>
> I am available any time on April 22nd. Please confirm you will show up for your deposition on this date.  If not, we will include this issue in our omnibus motion to the Magistrate Judge.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
>
> Silicon Valley

T 650/614-7423

M 650 759 1929

mriechert@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Wednesday, April 8th, 2026 at 12:43 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Ms. Riechert:

Confirming what occurred today for the record. Defendant did not provide a Zoom log-in link until 11:59 AM. Plaintiff appeared as noticed at 12:00 PM.

At the onset, Counsel made a statement like: "So, shortly before this deposition, I received a notice from you that you were too sick to proceed with the deposition. I haven't read the entire objection yet, but I want to be sure that you are well enough to proceed with the deposition as we go forward today." Plaintiff stated on the record that she was not well enough to proceed, and referenced her the objections and emails earlier today.

Apple's counsel then announced the deposition would not continue. Apple suspended the deposition around 12:17 PM, stating she did not want to go forward because Plaintiff was not well enough and the testimony would not be valid. Plaintiff said she would continue if Apple would claim the suspension was

misconduct, ground for sanctions, or use it to prejudice the Plaintiff -- Apple refused to respond but insisted the deposition would not continue today.

This is notable because Apple's email sent at 11:47 AM — 13 minutes before the deposition — characterized Plaintiff's request to reschedule as not in good faith. Apple then opened the deposition by raising the same illness Apple had just characterized as pretextual, and voluntarily suspended based on it. Apple's pre-deposition email and Apple's conduct at the deposition are contradictory. The record speaks for itself.

The parties discussed rescheduling to the afternoon of April 14 or April 15. Please confirm which date works.

Plaintiff asked Apple to agree to ground rules for the rescheduled session, including that Apple not designate Plaintiff's testimony as confidential. Apple declined. That request remains open. Whether Plaintiff is able to proceed next week depends in part on whether Apple is willing to agree to conditions that do not exacerbate Plaintiff's condition — which, as stated on the record and in today's filings, is caused in significant part by Apple's litigation conduct.

All objections and reservations stated in Plaintiff's emails, attached letter, and on the record today remain in full force for the rescheduled session.

Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 11:59 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> I'm confirming I have no record of being sent log-in information for the Deposition today.

> Please promptly send me the Zoom log-in information otherwise I have no way to attend.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 11:56 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Counselor,
>
> Did you ever send the Zoom link for the deposition?
>
> I don't seem to have a link.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 11:55 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Counselor,
>
> Your email contains false, misleading, and unlawful statements including but not limited to the following.
>
> You state you would "under normal circumstances" accommodate my request to reschedule but refuse due to "prejudice to Apple." You then list my litigation activity — filing motions, taking depositions, attending a rally — as the reason. That is an express admission that you are refusing to accommodate a sick deponent because she exercised her rights to file motions, take discovery, and engage in protected speech, legally permitted discovery, labor organizing, and peaceable

assembly. Your statement is express retaliation under Section 8(a)(4) of the NLRA, and it is now in writing over your signature on behalf of your client.

Your timeline is also misleading. Judge Westmore's order issued March 30. I responded April 1 — two days, over a weekend. You noticed the deposition April 2 for April 6 — four days' notice. I told you I could only do April 8. You agreed and re-noticed for April 8. There was no delay. I am ill and suffering anxiety from Apple's intentional misconduct. None of that is me causing delays.

Your comparison of my litigation activity to my ability to sit for deposition is false. Filing motions from home while ill is not the same as being subjected to four hours of hostile examination about my personal injuries, harm, and suffering — the stated scope of this deposition. Deposing a third-party witness by asking them questions is not comparable to being the deponent forced to relive and testify about my own trauma, retaliation, and harm for four hours while sick and under the threat of gag orders attached to every word I say, while already suffering anxiety and PTSD episodes. You know this.

You state you have not read my letter but then characterize it as not in good faith. You cannot assess the good faith of a document you admit you have not read.

You state I can "so state on the record" if I am unable to provide testimony. I intend to do exactly that if my condition prevents me from continuing. District Judge Chen confirmed at Dkt. 344 at page 6 that I may contact Judge Westmore during this deposition if necessary. I will exercise that right if warranted.

All objections, reservations, and rights in my prior emails and letter are preserved.

Ashley Gjovik

Plaintiff, Pro Se

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

# EXHIBIT B

## RE: Gjovik v Apple - Objections to Deposition Notices

From    Perry, Jessica R. <jperry@orrick.com>

To      Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>

CC      Ashley Gjovik<ashleymgjovik@protonmail.com>, Riechert, Melinda<mriechert@orrick.com>,
        Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>,
        Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>,
        Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com>

Date    Thursday, April 2nd, 2026 at 2:20 PM

Ashley:

Mr. Okpo can be available for deposition on Tuesday 4/7 after 1pm.

We have confirmed we are authorized to accept service of a subpoena for a mutually agreeable date for Mr. Kagramanov to appear for deposition. Mr. Kagramanov – who, as you know, is no longer an employee of Apple and thus not subject to our control as to his availability – is available the morning of Thursday 4/16 (8-11am only) for the half-day you requested. Please let us know if you would like to proceed then.

Regarding Mr. Bertolus, as we have repeatedly conveyed to you, he is a third party, we do not control his schedule, and he is not available for deposition until April 17.  We have made him available on this date, and as we have already told you will not argue that the deposition occurring one day after the cut-off impacts its admissibility or use in the case. There should be no issue in accommodating this.

We will send you a separate response regarding your request for an FRCP 30(b)(6) deposition on 14 separate topics, which you sent yesterday (Wednesday 4/1).

Thank you.

[EXTERNAL]

Thank you for the update

# EXHIBIT C

# RE: Depositions

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To      Perry, Jessica R.<jperry@orrick.com>

CC      Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>,
        Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>,
        Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>,
        Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com>

Date    Wednesday, April 8th, 2026 at 6:57 PM

Counselor,

I disagree with your assertions but I will agree to table the 30(b)(6) matter until the scheduled motion practice per Judge Westmore's schedule. I was going to send a more detailed agenda this week/today, as I stated earlier, but ask if you will meet/confer regarding an agenda for a potential future deposition prior to the motion practice with Judge Westmore -- or if you want to wait until after. If you'd raise a defense later that no detailed agenda was ever sent , then I will still work on one and send it, but you can consider the 4/14 Notice withdrawn for now.

I believe I'm in my rights to continue with it and push your client to comply, but I don't have the time to deal with this right now if Apple's going to protest it. I have hundreds of hours of other things I have to do in the next week so I ask you to agree to table this until that motion practice and/or meet/confer and we can sort it out then. I reserve all of my rights & make no waiver.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 6:26 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> Your email below is inaccurate. On a few occasions over the past year you have made vague reference to planning to take a 30(b)(6) deposition, but you did not provide information about the topics until April 1, 2026. Moreover, the subpoena you mailed us on April 3 is ineffective. Your email contains other misrepresentations and inaccuracies, but I am not going to address them here.
>
> Attached is Apple Inc.'s Objection to the 30(b)(6) topics for a deposition of Apple Inc. As set forth in the attached objection, Apple objects on multiple procedural and substantive grounds. Accordingly, Apple will not be producing any deponent on April 14, 2026.

As you are aware, per Judge Westmore's March 30, 2026 Omnibus Discovery Order (Dkt. No. 327), the parties are not allowed to file any discovery motions or letters at this time, including a motion for protective order.

Apple reserves all rights and objections.

Thank you.

[EXTERNAL]

Counselors,

First, yes as I noticed your earlier, the Deposition for Mr. Okpo is confirmed for tomorrow at 1PM PT.

I am also in receipt of your email refusing to produce witnesses for the Rule 30(b)(6) deposition of Apple Inc. Your position is contrary to the Federal Rules of Civil Procedure, the applicable case law, and the procedural history of this case. Apple's refusal to produce a corporate designee is improper, and I intend to proceed with the deposition as noticed.

I first noticed the 30(b)(6) deposition of Apple Inc. and attempted to meet and confer on scope and scheduling no later then July 2025 — nearly nine months ago. Despite repeated follow-ups, Apple did not substantively engage on the 30(b)(6) topics or scheduling until today, April 6, 2026, when — for the first time — you stated you would refuse to produce any witness. A subpoena was served on Apple on April 3, 2026, for a deposition on April 14, 2026, providing 11 calendar days' notice.

Under the 2020 amendment to Fed. R. Civ. P. 30(b)(6), "the serving party and the organization must confer in good faith about the matters for examination." This obligation is mandatory and runs both ways. The Advisory Committee Notes explain that the amendment "directs the serving party and the named organization to confer before or promptly after the notice or subpoena is served about the matters for examination" and that "[c]andid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination." Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment.

If Apple believed the noticed topics were overbroad or lacked particularity, its obligation was to engage in the conferral process to narrow them — not to ignore the request for eight months and then refuse to produce any

witness at all. Apple's failure to confer is a violation of its own obligations under Rule 30(b)(6).

Your statement that you will "serve formal objections" but refuse to produce any witness is not a recognized procedure under the Federal Rules. Courts have repeatedly held that written objections to a 30(b)(6) notice are insufficient to excuse an organization from appearing.

As the court held in *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014): "The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order."

Similarly, in *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 67 (D.P.R. 1981), the court held that an organization confronted with a 30(b)(6) notice it deems objectionable must seek a protective order from the court — not simply refuse to appear. See also Markowitz Herbold, The Art of Narrowing Rule 30(b)(6) Deposition Notices ("[S]erving the noticing party with an objection . . . does nothing to prohibit the noticing party from inquiring into the subject matters described in the Rule 30(b)(6) notice. Nor does it excuse the organization from attending the deposition or from preparing designees to testify about the topics in the notice.").

Apple has not filed a motion for protective order or a motion to quash. Absent such a motion, it has no basis to refuse to produce a witness.

A subpoena was served on Apple on April 3, 2026, commanding the attendance of its corporate designee(s) for deposition on April 14, 2026. Under Fed. R. Civ. P. 45, Apple's remedies upon receipt of a subpoena commanding attendance for testimony are limited to filing a motion to quash under Rule 45(d)(3) or seeking a protective order under Rule 26(c). Simply refusing to appear is not an option.

Under Fed. R. Civ. P. 37(d)(1)(A)(i), when a party or its Rule 30(b)(6) designee "fails, after being served with proper notice, to appear for that person's deposition," the court may impose sanctions. Critically, Rule 37(d)(2) provides that such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Apple has no such pending motion.

The Ninth Circuit has confirmed that sanctions may be imposed under Rule 37(d)(1) for failure to appear at a deposition even without a prior court order. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 947 (9th Cir. 1993). Further, a pending motion for a protective order does not even excuse a deponent from appearing. *Pioche Mines Consol., Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir. 1964).

Failure to obey a subpoena may also be held in contempt of court under Fed. R. Civ. P. 45(g).

Fed. R. Civ. P. 45 does not prescribe a minimum number of days for service of a deposition subpoena. The standard is whether the subpoena allows "reasonable time" for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i). Eleven calendar days' notice — particularly where the underlying deposition request has been pending since August 2025, and the deponent is a party to this litigation with its own counsel of record — is plainly reasonable.

Apple waited until the final two weeks of fact discovery to engage on scheduling for any depositions, and only did so after I filed motions for sanctions. Apple cannot now claim inadequate notice for a deposition it has known about since August 2025. To the extent any compressed timeline exists, it is entirely of Apple's own making.

I demand that Apple produce its corporate designee(s) for the Rule 30(b)(6) deposition as noticed on April 14, 2026 and meet/confer in good faith regarding the scope prior. I will also be sending a more detailed notice later this week as I have time -- as I've told you repeatedly today, I'm sick with the flu and working through a backlog. If Apple refuses to meet/confer then we'll just proceed with what I noticed -- Apple cannot benefit from its refusal to comply with the federal rules.

If Apple fails to produce a witness, I intend to seek relief from the Court, including a motion to compel under Rule 37(a), sanctions under Rule 37(d) including attorneys' fees and costs, and any other relief the Court deems appropriate, up to and including contempt under Rule 45(g).

Please confirm Apple's compliance by end of day April 8, 2026.

—

Ashley M. Gjøvik

BS, JD, PMP

On Monday, April 6th, 2026 at 4:53 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,

You didn't raise taking Mr. Okpo's deposition until the middle of March. And then you said you weren't sure you would proceed. We also repeatedly told you we were trying to arrange dates for all these witnesses, which we did, and you unilaterally noticed it for April 10, then reissued the notice for April 7. Regardless, it now appears you did in fact confirm that Aptus is available to provide court reporting services tomorrow for the deposition so we will plan to proceed then.

We will serve formal objections, but we are not producing witnesses on the 30(b)(6) topics you emailed us about last week. You have failed to provide adequate, reasonable notice (and in any event the topics you provided are, among other things, overly broad, vague, and don't identify the matters for examination with the required particularity).

Thank you.

[EXTERNAL]

Counselor I noticed the deposition for Okpo for 4/10

On 4/2, Apple countered that the only day they'd make Okpo available was 4/7

Removing the weekend that provided me two days notice of the only date Apple would make Okpo available

The original meet/confer and notices were provided to Apple in August of 2025 -- nearly eight months ago -- and Apple waited until the last two weeks of discovery to confirm anything at all and only with pending motions for sanctions already in the queue against Apple

This is Apple fault and Apple cannot benefit from its own unclean hands -- especially with an employee who still works for Apple & Apple has a duty to make available

Similarly, you still haven't responded to my notice/request about deposing Apple Inc -- since August 2025 -- as well and that is noticed for you now and if you refuse to meet/confer on scope prior, that's your choice, but I'm planning on conducting that deposition as scheduled

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 6th, 2026 at 1:14 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> We did not insist on a last-minute appointment – you noticed this deposition for April 7. We have worked extraordinarily hard to rearrange schedules and make 6 fact witnesses available for deposition in the last two weeks of discovery when you waited until the end of discovery to notice their depositions. Given Mr. Okpo's schedule and our schedules for this and other cases, we do not have additional availability before the close of discovery.
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
>
> Silicon Valley
>
> T 650/614-7423
>
> M 650 759 1929
>
> mriechert@orrick.com

.

[EXTERNAL]

Hello,

Aptus still has not been able to confirm any Court Reporter for the last minute appointment you insisted upon. As I noted earlier, Court Reporters generally refuse to provide services to pro se litigants and I was struggling to find any companies/reporters willing to take the work on that basis.

I will need alternative times for Okpo prior to the end of discovery if a Reporter does not confirm today.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 3rd, 2026 at 7:31 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> I emailed Aptus last night about it and they haven't responded yet.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> On Friday, April 3rd, 2026 at 6:19 PM, Riechert, Melinda <mriechert@orrick.com> wrote:
>
>> We have a tight schedule and you noticed him for this date and he is prepared to go forward on this date. So if you still want to take his deposition, it needs to go forward on Tuesday at 1 pm.  I am sure Aptus or Talty or one of the many other court reporting services can find you someone on short notice. I just got Talty to move your deposition from Monday to Wednesday.

**Melinda Riechert**

Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

.

[EXTERNAL]

Thank you, ma'am. I'm confirmed for 4/8 starting at noon, with prior objections and comments continued.

Note - for the 4/7 Depo of Okpo, i'm not sure I'll be able to secure a court reporter on such short notice. I'd appreicate if you can look for possible back-up options incase that date does not sort out. Thank you.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 3rd, 2026 at 5:53 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I have rearranged my schedule so that I am now available April 8, starting at noon, to take your deposition.  Please see the new notice attached.

**Melinda Riechert**

Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

.

**[EXTERNAL]**

I already said yesterday that 4/6 won't work and you previously said either 4/6 or 4/8. Can Jessica do it instead on 4/8? You already offered that date. You have four attorneys noticed on this and Apple has like 20 more overall. I'd think someone can please cover for you counselor.

Also, I have full rights under FRCP and case law to end a deposition early if I have a good faith belief that I have justification to do so. Most of your stated questioning would be topics covered at trial, not summary judgement, so a Judge finds that I need to complete further deposition after ending early, we'd still have months to arrange that. Furhter, there would be no need to end early if Apple and its agents do not engage in conduct which would justify ending early. Easy fix.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 3rd, 2026 at 10:31 AM, Riechert, Melinda <<u>mriechert@orrick.com</u>> wrote:

> Ashley
>
> I am not available on 4/8.  We need to do this on Monday at 1 pm. I have 4 hours of testimony (not including breaks)
>
> **Melinda Riechert**
>
> Partner
>
> <u>Orrick</u>
>
> Silicon Valley
>
> T 650/614-7423
> M 650 759 1929
> <u>mriechert@orrick.com</u>

.

[EXTERNAL]

Without waiving any objections or rights, or making any admissions or agreements otherwise, solely due to the lack of time available to further review and consider, I'm confirming 4 additional hours of depo on 4/8, starting at 1pm and going until 4pm.

I do not have time for anything else today prior to the McKeon depo, other than preparing for the McKeon depo. Then, after, I'll be drafting and filing updated Rule 72 Objections. Then, its the weekend and that will be full of work, and obligations I already have for Monday.

However, you do need to schedule a depo if one will occur and that leaves no time at all to sort things out prior. So please go ahead and schedule for 4/8, I'll make objections before and during as needed, and end it earlier if I feel misconduct is occurring or is otherwise justified under FRCP and relatvant law.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Friday, April 3, 2026 10:23 AM
> **To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
> **Subject:** My deposition - 4/8

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.