Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, <br> *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br> **Apple Inc.**, <br> *a corporation,* <br><br> Defendant. | **Case No.** <br> **3:23-CV-04597-EMC** <br><br> **PLAINTIFF'S 2ND ADMINISTRATIVE MOTION TO AMEND THE ORDER AT DKT. 345 TO ADD FOUR SUBPOENAS TO THE EXTENSION** <br> **(L. R. 7-11)** |

## <u>PLAINTIFF'S 2ND MOTION TO AMEND THE ORDER AT DKT. 345</u>

1. Plaintiff Ashley M. Gjovik respectfully submits this supplement to her Administrative Motion to Amend the Court's April 8, 2026 Order (Dkt. No. 346, filed April 9, 2026). Plaintiff requests that the Court additionally extend the fact discovery deadline for four third-party subpoenas that Plaintiff has pending, for the same reasons and to the same extent that the Court extended Apple's deadline for its third-party subpoenas under the Order at Dkt. No. 345.

2. On April 10, 2026—one day after filing the motion at Dkt. No. 346—Plaintiff received responses to three of the four pending third-party subpoenas. The responses received on April 10 make clear that compliance cannot occur before the current deadline through no fault of the Plaintiff.

## BACKGROUND

### <u>APPLE'S STAY PREVENTED PLAINTIFF FROM PURSUING DISCOVERY FOR THREE MONTHS</u>

3. Context is critical to understanding why Plaintiff's third-party subpoenas are being completed now rather than earlier. In early August 2025, Plaintiff began meet/confer with Apple about intent to file several of these subpoenas. On August 25, 2025, Apple filed a motion to stay all discovery and litigation in this case. (Dkt. No. 247.) The Court granted the stay on September 4, 2025. (Dkt. No. 255.) The stay was not lifted until November 18, 2025. (Dkt. Nos. 265–267.). At that time Plaintiff was suffering severe injuries and living in dangerous conditions in Boston, causing her to have to relocate on Jan. 31 2026, as an emergency matter, back to California where she is now living in a hotel paid for by public donations, no permanent housing, without medical insurance for months, and is insolvent. (Dkt. 278-1).

4. Plaintiff had been actively preparing subpoenas when Apple moved for the stay. In her opposition filed on August 27, 2025, Plaintiff warned the Court that Apple's motion was "not a legitimate procedural concern but rather a transparent attempt to halt litigation" and constituted "dilatory tactics" designed to avoid discovery and accountability. (Dkt. No. 250 at 20–21, ¶¶ 52, 57.) Plaintiff specifically cautioned that Apple was seeking the stay to avoid facing summary judgment with full discovery and was "forum shop[ping] to avoid" the discovery process. (Id. at ¶ 52.) The stay froze all litigation activity from September 4 through November 18, 2025—nearly three months during which Plaintiff could not serve subpoenas, propound discovery, or take any other litigation action. After the stay was lifted, the Court did not set new discovery deadlines until January 2026 (Dkt. No. 274), and Plaintiff has been working diligently

since to complete discovery within the compressed timeframe that Apple's own stay motion created.

## THE DELAYED CASE SCHEDULE AND APPLE'S BARRAGE OF PROTECTIVE ORDER MOTIONS FURTHER COMPRESSED PLAINTIFF'S DISCOVERY TIMELINE

5.  Although the Court issued the case schedule in January 2026, the schedule was not published on the docket until approximately February 6, 2026. Within days of its publication, Apple launched a sustained barrage of motions relating to the protective order and confidentiality designations that consumed weeks of Plaintiff's time and diverted her from substantive discovery tasks—including third-party subpoenas. Beginning on February 18, 2026, Apple filed a discovery letter seeking an immediate conference regarding alleged breaches of the protective order (Dkt. No. 280), which triggered an emergency telephonic conference the very next day (Dkt. No. 281). On February 26, Apple filed a motion to enforce the protective order (Dkt. No. 294), a motion to shorten time on that motion (Dkt. No. 295), and an accompanying administrative motion to seal (Dkt. No. 293). On March 11, Apple filed yet another motion to retain confidentiality designations with an additional seal motion (Dkt. Nos. 304–305). On April 6, Apple filed still another administrative motion to seal seventeen docket entries (Dkt. No. 340).

6.  The results speak for themselves: the Court *denied* Apple's request for relief during the discovery conference call and Apple's motion to enforce the protective order (Dkt. No. 326) and the court *terminated* Apple's motion to shorten time as moot (Dkt. No. 326). Apple's protective order campaign was largely unsuccessful on the merits, but it was highly effective at one thing: forcing a pro se Plaintiff to spend weeks responding to motions, attending emergency conferences, and filing oppositions—all during the limited discovery window—rather than pursuing substantive discovery such as the third-party subpoenas at issue here. Between Apple's stay (September–November 2025), the delay in publishing the case schedule (January–February 2026), and Apple's weeks-long protective order campaign (February–April 2026), Plaintiff's effective window to conduct discovery has been severely compressed. Despite these obstacles, Plaintiff obtained all four subpoenas from the Clerk of Court (she cannot sign them herself) on April 2, served them on April 3, and received confirmed deliveries on April 6—all before the April 16 cutoff.

## PLAINTIFF'S SUBPOENA RESPONSES RECEIVED APRIL 10, 2026

7.  On April 10, 2026, Plaintiff received responses to three of the four pending third-party subpoenas. **Northeastern University**, through counsel at Seyfarth Shaw LLP, served objections. (Gjovik

Decl. ¶ 11-14, Ex. B.), and formal service will need to be effectuated. Notably, Apple itself subpoenaed Northeastern University for Plaintiff's employment records on or about January 28, 2026, didn't notify the Plaintiff it did so until March 27 2026, and Plaintiff's subpoena seeks overlapping records as well as additional categories relevant to Plaintiff's claims. (Gjovik Decl. ¶ 11-14, Ex. B). Plaintiff's subpoena seeks overlapping records as well as additional categories necessary to Plaintiff's claims, including records of any communications between Northeastern and Apple or Orrick relating to Plaintiff's termination from Northeastern, which Plaintiff alleges was arranged with Apple. (Gjovik Decl. ¶ 11-14.)

8.      The **Wikimedia Foundation** accepted service via mail and responded on April 10, 2026, stating that it requires fifteen calendar days to review the subpoena and coordinate with internal teams. (Gjovik Decl. ¶ 15-17, Ex. C.) This means the Wikimedia Foundation's earliest response date would be approximately April 25, 2026—nine days past the current cutoff – and additional days will be needed for any production or dispute resolution.

9.      **Kate Juvinall**, through counsel at Long & Levit LLP, served objections to Plaintiff's subpoena. Ms. Juvinall is a former associate at Orrick, Herrington & Sutcliffe LLP. On January 31, 2025, Plaintiff filed a Motion to Disqualify Orrick (Dkt. No. 156), which raised issues of defense counsel misconduct, witness intimidation, and concealment of evidence. Ms. Juvinall withdrew from this case & departed Orrick entirely in or around February 2025—contemporaneous with Plaintiff's disqualification motion. She did not join another firm and appears to be unemployed since abruptly leaving Orrick at the time the Plaintiff's Motion to Disqualify was pending before this court. (Gjovik Decl. ¶¶ 5–6, Ex. A.)

10. Plaintiff has identified Ms. Juvinall as very likely being connected to anonymous social media and Wikipedia accounts targeting Plaintiff during and after her employment at Apple. In August 2025, Plaintiff informed Apple's counsel of her intent to subpoena records relating to Ms. Juvinall, and Apple's lead counsel, Melinda Riechert, responded: "Any attempt to subpoena records or testimony from Orrick or Kate Juvinall is baseless and we will object." (Gjovik Decl. ¶ 5-10, Ex. A.) Notably Apple did not object to this subpoena in its final list of discovery objections on April 9 2026 and Ms. Juvinall instead retained her own counsel for the subpoena. Formal service will need to be effectuated, adding at least one additional week, followed by a response period.

11.      **X Corp (formerly Twitter, Inc.)** has not responded to the subpoena as of the date of this filing. The subpoena was served on X Corp's registered agent, CT Corporation, on April 6, 2026, via

Priority Mail with confirmed delivery and signature. (Gjovik Decl. ¶ 18-20, Ex. D.)

12.     None of these subpoenas can be completed before the April 16, 2026, fact discovery cutoff. The delays are entirely attributable to the third-party recipients' own requirements and response timelines, not any lack of diligence by Plaintiff.

# ARGUMENT

## Good Cause Exists Under Rule 16(b)

13.     Under FRCP 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit has held that this standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Where the need for modification arises from circumstances beyond the movant's control, good cause is readily established. Id. Plaintiff has been diligent under extraordinarily difficult circumstances. Following a three-month stay that Apple itself requested, a delayed case schedule, and weeks consumed responding to Apple's largely unsuccessful protective order motions, Plaintiff nevertheless obtained subpoenas from the Clerk and  served four recipients—all before the April 16 cutoff. The responses received on April 10 were beyond Plaintiff's control and make compliance by April 16 impossible. This is precisely the same good cause the Court found sufficient for Apple's extension. (Dkt. No. 345 at 2–3.)

## The Court Should Extend the Same Relief to Plaintiff's Subpoenas as It Extended to Apple's Subpoenas

14.     In its Order at Dkt. No. 345, the Court found good cause to extend Apple's fact discovery deadline from April 16, 2026, to June 30, 2026, for the purpose of allowing Apple to complete third-party discovery via subpoena. The Court asserted that Apple had been "reasonably diligent" in pursuing this discovery (despite intentionally filing defective subpoenas and refusing the Plaintiff's authorizations it claims to need) and responses from third-party recipients justified the extension. (Dkt. No. 345 at 2–3.)

15.     Plaintiff has a stronger claim to relief. Like Apple, Plaintiff issued subpoenas to third parties in advance of the discovery cutoff. Like Apple, Plaintiff has received responses indicating that the recipients will not comply within the current timeframe. But unlike Apple, Plaintiff's discovery was delayed by three months due to the stay that Apple itself requested, and Plaintiff's limited remaining discovery window was further consumed by Apple's weeks-long campaign of protective order motions. Apple should not be permitted to benefit from the compressed timeline its own conduct created.

16. The equities strongly favor extending the same relief to Plaintiff. Apple obtained a roughly 75-day extension to June 30, 2026, for its third-party subpoenas. Plaintiff asks only for the same deadline for her own third-party subpoenas. It would be inequitable to permit Apple to pursue third-party discovery through June 30 while barring Plaintiff from doing the same when both parties face identical obstacles: third-party recipients who need additional time to respond. See Fed. R. Civ. P. 1 (rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action").

## APPLE WILL NOT BE PREJUDICED

17. Apple cannot credibly claim prejudice. Apple itself has already obtained a 75-day extension of the fact discovery deadline for its own third-party subpoenas. Extending the same deadline to Plaintiff's four subpoenas adds no burden to Apple, does not expand the scope of discovery directed at Apple, and does not affect any other case deadlines. The requested extension is limited to third-party document subpoenas and is coextensive with the deadline the Court has already set.

18. Moreover, any compressed timeline for Plaintiff's third-party discovery is a direct consequence of Apple's own litigation conduct. Apple moved for a stay in August 2025 that froze all activity for nearly three months. After the stay was lifted and the case schedule published, Apple immediately filed a series of protective order motions that forced Plaintiff to divert weeks of effort away from substantive discovery. Plaintiff warned the Court at the time that Apple's stay motion was a "transparent attempt to halt litigation" and a dilatory tactic. (Dkt. No. 250 at ¶ 57.) Having created the conditions that compressed Plaintiff's discovery timeline at every turn, Apple cannot now claim prejudice from the predictable consequences of its own tactics.

## CONCLUSION

19. For the foregoing reasons, Plaintiff respectfully requests that the Court amend its April 8, 2026 Order (Dkt. No. 345), as supplemented by the motion at Dkt. No. 346, to additionally extend the fact discovery cutoff to June 30, 2026, for the purpose of completing four third-party subpoenas. A supporting declaration with copies of the subpoenas, proof of service, and the responses received on April 10, 2026, is filed concurrently. A proposed order is submitted herewith.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 10 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M. GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

**Case No. 23-cv-04597-EMC**

**[PROPOSED] ORDER AMENDING DISCOVERY CUT-OFF DEADLINE**

## [PROPOSED] ORDER FURTHER AMENDING DISCOVERY CUT-OFF DEADLINE

Having considered Plaintiff's Supplement to her Administrative Motion to Amend the Court's April 8, 2026 Order (Dkt. No. 345), as supplemented by the motion at Dkt. No. 346, the supporting declaration and exhibits, and good cause appearing therefor, the Court hereby ORDERS as follows:

**1.** The fact discovery cutoff of April 16, 2026, is extended to **June 30, 2026**, for the limited additional purpose of permitting the following four third-party subpoenas to be completed:
a. Subpoena to non-party Kate Juvinall;
b. Subpoena to Northeastern University;
c. Subpoena to the Wikimedia Foundation; and
d. Subpoena to X Corp (formerly Twitter, Inc.).

**2.** Plaintiff is authorized to re-serve the subpoenas identified in paragraph 1 with amended return dates consistent with this Order, using the existing Clerk-signed subpoena forms.

**3.** This extension is coextensive with the deadline previously set for Defendant's third-party medical records subpoenas under the Court's Order at Dkt. No. 345.

**4.** All other deadlines remain unchanged.

IT IS SO ORDERED.

Dated: _____

_____
EDWARD M. CHEN
United States District Judge