JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
Orrick, Herrington & Sutcliffe LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO AMEND THE ORDER AT DKT. 345 TO ADD THREE ADDITIONAL FACT WITNESS DEPOSITIONS**<br><br> Judge:  Honorable Edward M. Chen<br> Dept:    Courtroom 5, 17th Floor |

## I.      INTRODUCTION

Plaintiff's motion does not meet the standards to justify a discovery extension under either Civil Local Rule 6.3 or Federal Rule of Civil Procedure ("Rule") 16 because she seeks to extend the discovery cut-off to permit additional depositions pertaining to her *prima facie* case and Apple's defenses based on her own dilatory conduct. Plaintiff has not shown good cause to grant her requested extensions and misleads the Court with repeated false statements in her attempt to do so. Nonetheless, Apple only opposes Plaintiff's motion, **in part**, as follows:

Apple agrees that an extension is necessary to complete Plaintiff's deposition because she asserted she was too ill to complete her continued deposition before the court-ordered deadline of April 8, 2026 (*see* Dkt. No. 327 at 5)—though the refusal appears to be an excuse to attempt to renegotiate (again) the terms on which she will appear (if at all). Given Plaintiff's violation of Judge Westmore's order, Apple does not oppose extending the discovery cut-off to permit Plaintiff's continued deposition to April 20, 2026 (without waiving any other rights it may have or remedies it may seek in light of the prejudice caused by her violation).

Apple does not oppose a one-day extension of the cut-off to allow Plaintiff to depose Yannick Bertolus, though Plaintiff mischaracterizes the underlying events. Plaintiff waited until mere weeks before discovery closed to attempt to properly subpoena him despite knowing he is a third-party witness outside of Apple's control. His earliest availability is April 17, 2026.

Apple does oppose Plaintiff's request to extend the discovery cut-off due to an untimely and deficient 30(b)(6) deposition "subpoena." Plaintiff's representation that she "noticed" such a deposition in August 2025 is absolutely false. In fact, she has never noticed a 30(b)(6) deposition, and did not even disclose any topics on which she wanted to take a 30(b)(6) deposition until April 1, 2026. Plaintiff cannot show the requisite diligence to extend the discovery cut-off for this deposition, and in any event concedes this issue should go before Judge Westmore.

## II.      LEGAL STANDARD

A party seeking to modify a court-ordered deadline must show: (1) the reasons for the requested time change; (2) efforts made to obtain a stipulation; (3) substantial harm or prejudice absent the requested relief; (4) all previous time modifications; and (5) the effect on the case

APPLE'S OPP'N TO PL.'s ADMIN. MOT. TO
AMEND ORDER AT DKT. 345 (3 ADDT'L
DEPOS.)
[23-cv-4597-EMC]

schedule. Civil L.R. 6-3(a)(1)-(6). For deadlines set by a scheduling order, Rule 16(b)(4) also requires a showing of "good cause" focused on the movant's diligence in attempting to meet the existing deadline. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

### III.    STATEMENT OF RELEVANT FACTS

Plaintiff's motion contains repeated false statements and seeks to shift blame for her failures onto Apple—after repeatedly telling Apple and this Court she has everything she needs to file her motion for summary judgment. *See, e.g.,* Dkt. No. 344 at 6:27-28. The actual facts are as follows.

#### A.    Plaintiff's Continued Deposition

On March 30, 2026, Judge Westmore ordered Plaintiff to sit for four additional hours of deposition no later than April 8, 2026. Dkt. No. 327 at 5. Apple attempted to schedule her continued deposition and she responded by attempting to re-litigate why she should not have to appear. *See* Perry Decl., Ex. A at 5-6. Apple then noticed the continued deposition for April 6. *Id*. at 1-2, 8-10. Plaintiff insisted it be moved to April 8. *Id*., Exs. A-B. Apple promptly served an amended notice. *Id*., Ex. C. On April 6, Apple sent her a link for the April 8 deposition. *Id*. Less than one hour before Plaintiff's court-ordered deposition was scheduled to begin, Plaintiff emailed Apple eight pages of objections regarding the deposition, falsely accused Apple of failing to share a Zoom link, said she was ill, and asked to reschedule. *Id*., Exs. D and E (at p. 8). Apple asked that the deposition proceed, noting that in the days leading up to the deposition Plaintiff had claimed to be sick yet had (1) emailed repeatedly regarding scheduling depositions of current and former Apple employees; (2) planned, publicized, and appeared at a "rally" outside of the courthouse; (3) taken a deposition on April 3; (4) taken another deposition on April 7 (less than a day before she was scheduled to testify); (5) filed ten different motions and objections with the Court; and (6) within minutes of the Court ruling against her on her Rule 72 objections (and within the hour before she served her deposition objection), analyzed the ruling and sent additional emails about it. *Id*., ¶ 8, Ex. E at p. 11.

Plaintiff appeared for the deposition and stated under oath she was not well enough to proceed. *Id*., Ex. F at 351:12-15, 360:3-5. Apple's counsel suspended the deposition. *Id*. at 360:20-23. Plaintiff emailed afterwards her version of events. *Id*., Ex. E at 6-7. But both the transcript and Plaintiff's post-deposition email make clear that her refusal to be deposed is driven not by her being

APPLE'S OPP'N TO PL.'s ADMIN. MOT. TO AMEND ORDER AT DKT. 345 (3 ADDT'L DEPOS.)
[23-CV-4597-EMC]

ill, but by a desire to exact an advance agreement that Apple will not designate any portion of her testimony confidential, no matter what she says. *Id.* ("Plaintiff asked Apple to agree to ground rules for the rescheduled deposition, including that Apple not designate Plaintiff's testimony as confidential."); Ex. F at 354:4-7, 360:24-361:9 (insisting on "ground rules" for the deposition). This all relates to Plaintiff's ongoing dispute with Apple about the Protective Order itself, her insistence that it is unlawful and inapplicable to her, and her refusal to comply with it. None of this justifies her refusal to give court-ordered deposition testimony in a civil suit she initiated.

On April 9, 2026, Apple noticed Plaintiff's continued deposition for April 20, 2026, the parties' first mutually available date. *Id*. Ex. G. It remains unclear if Plaintiff will comply. *Id.* Ex. E at 5 (Plaintiff seeking to "reserve [her] right" not to testify).

### B.    Mr. Bertolus's Deposition

On August 13, 2025, Plaintiff emailed a deficient deposition notice for non-party Yannick Bertolus. Perry Decl. ¶ 11, Ex. H at 8. Within a week, Apple informed Plaintiff that he was no longer an employee of Apple and it would inquire about whether it could accept a subpoena on his behalf. *Id*. at 3. Two weeks later, this case was stayed until November 18, 2025. *See* Dkt. Nos. 255, 267. After the stay was lifted, Plaintiff told Apple that she was "re-noticing" his deposition but did not serve either a deposition notice or subpoena. *Id*. at p. 1. On January 6, 2026, Plaintiff inquired about his deposition, Apple asked for dates, and Plaintiff responded without confirming any dates. *Id*., Ex. I at 2, 4-5. On January 14, Apple asked Plaintiff for her availability in March or the first two weeks in April to take his deposition. *Id*. at 1. Plaintiff did not respond until March 16. Perry Decl., Ex. J. On March 26, Apple confirmed he was not available for deposition until April 17. *Id*., Ex. K at 3. Apple also expressly represented that it "will not argue that the deposition occurring one day after the cut-off impacts its admissibility or use in the case." *Id*. at 1.

### C.    The Rule 30(B)(6) Deposition

On August 5, 2025, Plaintiff emailed: "I will want to complete at least my first Rule 30(b)(6) deposition prior to the next status conference and will work on that notice." Perry Decl., Ex. L. On August 7, 2025, Apple responded: "We await your list of 30(b)(6) topics." *Id*. ***Plaintiff did not provide Apple with the any proposed 30(b)(6) topics until April 1, 2026***—just 13 days before the

APPLE'S OPP'N TO PL.'s ADMIN. MOT. TO AMEND ORDER AT DKT. 345 (3 ADDT'L DEPOS.)
[23-CV-4597-EMC]

proposed deposition date, and only 15 calendar days (11 business days) before the discovery cutoff. The 14 sprawling topics she identified in her April 1 email include a host of irrelevant topics untethered to her termination, and others so broad that they are in no way proportionate to the four remaining claims in this case. Perry Decl., Ex. M. On April 3, 2026, Plaintiff emailed Apple a Rule 45 subpoena directed to "Apple, Inc." for testimony on April 14, 2026, but identifying no topics for testimony. *Id.*, Ex. N. On April 8, 2026, Apple served formal objections to Plaintiff's defective subpoena and declined to produce any witness. *Id.*, Ex. O.

## IV.    ANALYSIS

### A.    Plaintiff's Motion is Procedurally Deficient

Plaintiff's motion completely ignores Civil Local Rule 6-3, which requires her to show, *inter alia*: "… (2) efforts made to obtain a stipulation; …. and (5) the effect on the case schedule." Civil L.R. 6-3(a)(1)-(6). Plaintiff never asked Apple to stipulate to the relief she requested and does not address the effect of her requested extensions on the case schedule. Perry Decl. ¶ 2. Plaintiff's summary judgment motion is due on April 23, 2026. Dkt. No. 273.

### B.    Plaintiff's Deposition: An Extension is Necessary Due to Plaintiff's Conduct.

Apple agrees that the fact discovery cut-off should be extended to allow for the completion of Plaintiff's deposition. However, Plaintiff's claim that Apple "caused" the need for an extension is demonstrably false. Plaintiff's alleged illness did not impact any of her other litigation activity— only her professed inability to appear for a court-ordered deposition she continues to suggest is inappropriate or "harassing." Perry Decl., Exs. E and F. To the extent Plaintiff continues to insist on conditions for her continued deposition, or to follow through on her latent threat to refuse to testify unless Apple "compromises" its rights under the Protective Order, Apple will raise those issues as appropriate with Judge Westmore and/or this Court.

### C.    Mr. Bertolus's Deposition: Apple Does Not Oppose Despite Plaintiff's Delay.

Apple does not oppose a one-day extension of the fact discovery cut-off to allow Plaintiff to depose Mr. Bertolus. However, Plaintiff's claim that Apple "caused" the delay is false. Mr. Bertolus is a third-party whose schedule Apple does not control. Plaintiff waited until the final weeks of discovery to confirm scheduling. It is not Apple's fault he was not available on the short

notice Plaintiff demanded—and in any event, there is no prejudice to Plaintiff of a one-day delay.

**D.      Plaintiff Cannot Show Good Cause To Extend the Discovery Cut-Off For a 30(b)(6) Deposition that She Never Noticed.**

The Court should deny Plaintiff's request for an extension to take a Rule 30(b)(6) deposition of Apple because she cannot demonstrate good cause, and in any event concedes the motion is premature and not properly before this Court.

**Plaintiff Cannot Demonstrate Good Cause**. Plaintiff has not demonstrated the diligence required to show "good cause" under Rule 16(b)(4). S*ee Johnson*, 975 F.2d at 609. Plaintiff waited until the last two weeks of discovery to propose (sweeping, disproportionate) topics or raise scheduling a deposition she had contemplated since last August. Perry Decl., Exs. K and M. Plaintiff's assertion she "first noticed a Rule 30(b)(6) deposition of Apple no later than August 2025" is blatantly false. *See* Dkt. No. 346 ¶ 13. Plaintiff has ***never*** noticed a 30(b)(6) deposition and her August 2025 email expressing an intent to depose a 30(b)(6) witness at some future point on unspecified topics is not a substitute for a duly-noticed corporate witness deposition.

Additionally, good cause is lacking because Plaintiff has repeatedly told this Court she is prepared to move for summary judgment, and therefore no such deposition is needed. This is particularly so in light of the six fact witness depositions Plaintiff has noticed for the last two weeks of discovery—all of which Apple has worked hard to accommodate. *See* Ex. K at 1.

**Plaintiff's Motion is Premature**. Plaintiff's motion is premised on Judge Westmore granting her relief for a discovery dispute she has not yet raised. *See* Dkt. No. 346 ¶ 23 (seeking fact discovery cut-off "to the extent ordered by Judge Westmore"). This issue is not ripe and the schedule should not be extended for this purpose.

## V.      CONCLUSION

Apple respectfully requests the Court deny the Motion as to the Rule 30(b)(6) deposition.

Dated: April 13, 2026                                      ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   _____*/s/ Jessica R. Perry*_____
                      JESSICA R. PERRY
         Attorneys for Defendant APPLE INC.

APPLE'S OPP'N TO PL.'s ADMIN. MOT. TO
AMEND ORDER AT DKT. 345 (3 ADDT'L
DEPOS.)
[23-CV-4597-EMC]