JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 23-cv-4597-EMC<br><br>**DECLARATION OF JESSICA R. PERRY IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO AMEND THE ORDER AT DKT. 345 TO ADD THREE DEPOSITIONS**<br><br>Judge:  Honorable Edward M. Chen<br>Dept:   Courtroom 5, 17th Floor |

I, Jessica R. Perry, declare as follows:

1.       I am an attorney admitted to practice law in the state of California and am a partner at the firm Orrick, Herrington & Sutcliffe LLP. I am counsel for defendant Apple Inc. in this action. I submit this declaration in support of Defendant Apple Inc.'s Opposition to Plaintiff's Administrative Motion to Amend the Order at Dkt. 345 to Add Three Depositions to the Extension. I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

**Failure to Meet and Confer**

2.       Plaintiff never sought a stipulation from Apple related to the discovery extensions she seeks in her motion.

**Plaintiff's Deposition**

3.       On March 30, 2026, Judge Westmore ordered Plaintiff to sit for four additional hours of deposition by April 8, 2026. Dkt. No. 327 at 5.

4.       On March 30, 2026 and March 31, 2026, Apple attempted to schedule Plaintiff's continued deposition consistent with the Court's March 30, 2026 Order. A true and correct copy of correspondence with Plaintiff related to her continued court-ordered deposition, including a deposition notice scheduling her deposition for April 6, 2026, is attached as **Exhibit A**.

5.       A true and correct copy of correspondence with Plaintiff related to rescheduling her court-ordered deposition from April 6 to April 8 is attached as **Exhibit B**.

6.       A true and correct copy of correspondence confirming Plaintiff's rescheduled deposition for April 8, 2026, including Apple's deposition notice and an April 6, 2026 email providing Plaintiff a zoom link for the deposition, is attached as **Exhibit C**.

7.       Less than one hour before Plaintiff's court-ordered deposition was scheduled to begin on April 8, Plaintiff emailed Apple eight pages of objections regarding the deposition, stated that she was ill, and requested to reschedule. A true and correct copy of Plaintiff's April 8, 2026 email and her objections is attached as **Exhibit D**.

8.       A true and correct copy of email correspondence responding to Plaintiff's April 8, 2026 objections to her deposition and subsequent correspondence following the suspension of her

PERRY DECL. ISO DEF.'S OPP'N TO ADMIN. MOT. TO AM. ORDER AT DKT. NO. 345 TO ADD THREE DEPOS
[23-CV-4597-EMC]

deposition is attached as **Exhibit E**. As discussed in Apple's response to Plaintiff's objection (*see* Ex. E at p. 11), during the time Plaintiff claimed to be sick she engaged in many activities related to this litigation. Specifically, she (1) emailed Orrick repeatedly regarding the various depositions of current and former Apple employees she wanted to take; (2) planned, publicized and appeared at a "rally" outside of the San Francisco courthouse on April 2; (3) took Dr. McKeon Aloe's deposition on April 3; (4) took Mr. Okpo's deposition on April 7; (5) filed ten different motions and objections with the Court (*see* Dkt. Nos. 330, 331, 329, 336, 337, 338, 339, 342, 343, 343-1); (6) scheduled a court reporter and calendared the depositions of Mr. West, Mr. Power, Mr. Bertolus, and Mr. Kagramanov; and (7) within minutes of Judge Chen's ruling against her on her Rule 72 objections (and on the same morning she served her objections to her deposition), analyzed the ruling and emailed my colleagues and me arguing again that she should not have to appear for deposition.

9.    Plaintiff appeared for her deposition on April 8, 2026 and confirmed she was not well enough to proceed. We then suspended the deposition based on Plaintiff's assertion. A true and correct copy of the deposition transcript for Plaintiff's April 8, 2026 deposition is attached as **Exhibit F**. Following the deposition, Plaintiff memorialized her version of events in an email and my office responded. *See* Ex. E at pp. 6-7. Both the deposition transcript and Plaintiff's post deposition memorialization confirm that she is insisting that Apple agree to "ground rules" for her deposition.  *See* Exs. E and F.

10.    Following the suspension of her deposition on April 8, 2026, the parties discussed dates to continue Plaintiff's deposition and April 20, 2026 was the first available date. *See* Ex. E at pp. 1-5. A true and correct copy of Apple's deposition notice for Plaintiff's deposition on April 20, 2026 is attached as **Exhibit G**.

**Yannick Bertolus Deposition**

11.    A true and correct copy of email correspondence in August and November 2025 in which Plaintiff purported to notice the deposition of Yannick Bertolus is attached as **Exhibit H**. While Plaintiff served a deposition notice in August 2025, we informed Plaintiff that Mr. Bertolus is a former employee and may require a subpoena to appear. This case was stayed from September

PERRY DECL. ISO DEF.'S OPP'N TO ADMIN.
MOT. TO AM. ORDER AT DKT. NO. 345 TO ADD
THREE DEPOS
[23-CV-4597-EMC]

4, 2025 through November 18, 2025. *See* Dkt. Nos. 255, 267. After the stay was lifted, Plaintiff informed Apple that she was "re-noticing" Mr. Bertolus's deposition but did not serve either a deposition notice or subpoena. *See* Ex. H at p. 1.

12.     A true and correct copy of correspondence in January 2026 related to rescheduling Mr. Bertolus's deposition is attached as **Exhibit I**. On January 6, 2026, we asked Plaintiff for dates for Mr. Bertolus's deposition. *See* Ex. I at p. 4. She did not respond with dates. *Id*. at p. 2.

13.     During the January 13, 2026 status conference, Plaintiff told the Court that she was ready to immediately file her motion for summary judgment and has been ready for a year. The following day, on January 14, 2026, we again asked Plaintiff for dates on which she wanted to depose Mr. Bertolus in March or the first two week of April. *See* Ex. I at p. 1. We did not hear anything from Plaintiff in response for two months and thus believed, consistent with her repeated statements that she was prepared to file summary judgment, she was not going to proceed with the deposition. This was especially true because she indicated she did not have the resources to pay for the costs of a deposition.

14.     A true and correct copy of correspondence from Plaintiff on March 16, 2026, inquiring about deposing Mr. Bertolus is attached as **Exhibit J**. This was the next we heard from Plaintiff about her desire to depose Mr. Bertolus.

15.     A true and correct copy of correspondence with Plaintiff regarding multiple discovery issues including scheduling Mr. Bertolus's deposition is attached as **Exhibit K**.

**30(b)(6) Deposition**

16.     Plaintiff has never noticed a 30(b)(6) deposition in this case despite her declaration attesting under the penalty of perjury that she has.

17.     A true and correct copy of correspondence with Plaintiff in August 2025 related to her desire to take a 30(b)(6) deposition is attached as **Exhibit L**. Plaintiff never identified any topics for a 30(b)(6) deposition until an April 1, 2026 email and has never served a valid notice for a 30(b)(6) deposition.

18.     A true and correct copy of an excerpt of an April 1, 2026 email (excerpted from a longer email chain discussing other issues) in which Plaintiff first identified any topics for a

PERRY DECL. ISO DEF.'S OPP'N TO ADMIN.
MOT. TO AM. ORDER AT DKT. NO. 345 TO ADD
THREE DEPOS
[23-CV-4597-EMC]

30(b)(6) deposition, is attached as **Exhibit M**.

19.    A true and correct copy of an excerpt of an April 3, 2026 email (excerpted from a longer email chain discussing other issues) in which Plaintiff purported to serve a deposition subpoena on "Apple Inc." and the photograph of the subpoena attached thereto, is attached as **Exhibit N**.

20.    Apple interpreted Plaintiff's April 1, 2026 email (Ex. M), her purported subpoena to Apple Inc. (Ex. N), and a calendar invite she sent for a deposition on April 14, 2026, as an improper and invalid attempt to schedule a 30(b)(6) deposition and, out of an abundance of caution, objected. A true and correct copy of Apple's objections to Plaintiff's Defective Subpoena to Apple Inc. Pursuant to Rule 30(b)(6), is attached as **Exhibit O**.

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed April 13, 2026, in Savannah, Georgia.

*/s/ Jessica R. Perry*
Jessica R. Perry

PERRY DECL. ISO DEF.'S OPP'N TO ADMIN.
MOT. TO AM. ORDER AT DKT. NO. 345 TO ADD
THREE DEPOS
[23-CV-4597-EMC]

# EXHIBIT A

**From:** Perry, Jessica R. <jperry@orrick.com>
**Sent:** Thursday, April 2, 2026 1:07:08 PM (UTC-08:00) Pacific Time (US & Canada)
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Mantoan, Kathryn G. <kmantoan@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** RE: Follow-Up re Magistrate Judge Westmore's 3/30 Orders - Plaintiff's Deposition

Ashley,

This email responds in part to your email as to your continued deposition. We will address other issues you raise separately.

As an initial matter, we disagree with much of what you say in your email, but we are not going to debate all of our disputes here.

Turning to the Court's March 30, 2026 Omnibus Discovery Order (Docket 327), the Court has ordered you to sit for an additional 4 hours of deposition testimony before April 8. While you disagree that you should have to do so, you must still comply with the Court's Omnibus Discovery Order.

The fact that you filed Rule 72(a) objections to the Omnibus Discovery Order on March 31, 2025, does not operate as a stay of the Omnibus Discovery Order.  Filing objections under Rule 72(a) does not automatically stay a magistrate judge's nondispositive order. *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 112-14 (S.D. Cal. 2024) (sanctioning party for noncompliance with magistrate judge's discovery order while Rule 72 objections were pending, finding noncompliance was not "substantially justified"); *PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1093 (D. Nev. 2022) (automatic stays would reduce a magistrate judge's order "to the status of a recommendation"); *GW Grundbesitz AG v. Gunn*, 2022 WL 16575682 (D. Nev. Nov. 1, 2022) ("only a court order can stay a magistrate judge's order"). Thus, you must comply with the Omnibus Discovery Order, notwithstanding you Rule 72(a) objections to it.

The bankruptcy stay does not prevent this Court from entering and enforcing orders, for the reasons stated in Apple's pleadings in the bankruptcy case. Nor do the NLRA and the Norris-LaGuardia Act preclude this Court from entering orders. *Garmon* preemption limits state laws and substantive claims arising under them from regulating conduct that the NLRA arguably protects or prohibits, rather than limiting the Court's case-management powers as a federal court.  *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776 (2023) ("Under *Garmon*, States cannot regulate conduct that the NLRA protects, prohibits, or arguably protects or prohibits.") (internal quote and cite omitted).  Thus, *Garmon* is totally irrelevant to the Omnibus Discovery Order (and the Protective

1

Order).  And the Norris–LaGuardia Act limits a federal court's power to grant injunctions in labor disputes with unions, not its inherent case-management authority in single-plaintiff litigation. *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 772 (1961) ("The Norris-LaGuardia Act, 47 Stat. 70, 29 U.S.C. §§ 101-115, expresses a basic policy against the injunction of activities of labor unions.").

Additionally, we are not required to provide you, in advance of the deposition, a description of the specific topics, subject areas or categories of information Apple considers confidential under the Protective Order. Nor are you permitted to avoid providing confidential information when answering questions. You must answer the questions asked (after asserting any objections you believe are appropriate) fully and completely, even if the answers include confidential information. If you are asked questions that call for information Apple considers confidential and you provide in your answers information Apple considers confidential, then Apple will designate that testimony as confidential pursuant to the Protective Order, as it has the right to do.

You are not permitted to refuse to provide a date for your deposition until Apple meets your conditions below. As explained above, you are not permitted to avoid a date for your deposition testimony until Judge Chen rules on the designated framework.

Attached is a deposition notice for your continued deposition commencing on April 6, 2025 at noon.

Thank you.

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, April 1, 2026 3:00 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>; Trechter, Reed C. <reed.trechter@pillsburylaw.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Jimenez, Catherine M. <catherine.jimenez@pillsburylaw.com>
**Subject:** Re: Follow-Up re Magistrate Judge Westmore's 3/30 Orders

**[EXTERNAL]**

Hello agents of the employer and charged party, Apple Inc,

I am responding to your email of March 31, 2026 at 7:08 PM regarding the Magistrate Judge's March 30, 2026 orders. On March 30 2026, Apple's Motion to Enforce the Protective Order (Dkt. 294) was denied due to Apple's own willful failure to comply with court procedures. There is no court order granting Apple's request for enforcement. The directives at Dkt. 326 were issued unlawfully and without legal basis, sua sponte, after the court denied Apple's motion. The sua sponte directives are already the subject of my pending objections and notice of intent to appeal to Ninth Circuit if needed.

Earlier on March 31, 2026, prior to your email below, I filed Rule 72(a) objections to all three March 30 orders (Dkt. 330, 331, 332). Those objections argue, among other things, that the de-publication and gag directives at Dkt. 326 are void under the Norris-LaGuardia Act and *Garmon* preemption, exceed the Magistrate Judge's statutory authority under 28 U.S.C. § 636(b)(1)(A), and constitute prior restraints issued without a pending motion, without

constitutional findings, and without due process. Those objections are pending before Judge Chen. I maintain every position stated in those objections.

I have never consented to the Protective Order. I filed a Motion to Quash (Dkt. 211), sought emergency relief from the Ninth Circuit (Case No. 25-2028), filed NLRB charges, and signed the order only "under coercion and duress" and "under protest and subject to extensive legal objections" (Dkt. 220 at 4-5). Those challenges remain unresolved on the merits.

The Protective Order's own Section 3 excludes "any information that is in the public domain" and "any information known to the Receiving Party prior to the disclosure." Every item Apple has designated falls within these exclusions. Under the Protective Order's own terms, this information was never covered.

The designations themselves are challenged in my pending Rule 26(g) motion (Dkt. 302), which is fully briefed and set for hearing April 16. The motion demonstrates the designations are unsigned, untimely, and uncured. Rule 26(g)(2) provides that the court "must strike" unsigned discovery documents. If the designations are stricken, there is nothing to enforce.

I am also a Chapter 7 debtor (Case No. 25-11496, D. Mass.). The automatic stay under 11 U.S.C. § 362(a) bars enforcement proceedings against the debtor without stay relief. Apple has actual knowledge of the bankruptcy, retained bankruptcy counsel (Pillsbury Winthrop Shaw Pittman), and has never obtained stay relief in this action. An order compelling a debtor to take affirmative action under threat of contempt — deleting speech, negotiating sealing, sitting for deposition — is an enforcement action against the debtor's interests based on a pre-petition executory contract, which Apple admitted repeatedly in its own filings. Apple's own Motion to Enforce the Protective Order was denied, in part on grounds I argued constituted a stay violation. The sua sponte orders that followed are more coercive, not less. I note that Apple's motion for sanctions relating to the stay is set for hearing April 2, 2026 in the Massachusetts bankruptcy court, and this correspondence will be provided to the bankruptcy court as well.

I also note that your email — demanding a worker confirm she has deleted her public speech about workplace conditions, based on the employer's unilateral confidentiality designations — constitutes conduct independently actionable under the National Labor Relations Act. Apple's April 2025 national settlement with the NLRB (Case No. 32-CA-284428) requires Apple to not "advise [employees] that [they are] subject to discipline for violating overly broad rules regarding confidential or proprietary information." Your email does exactly that. This correspondence is being filed as part of a new unfair labor practice charge with the NLRB filed March 31 2026.

Based on the arguments set forth in my objections filed today, and in my prior filings over the past five weeks, I believe the de-publication order, gag order, and sealing directives are void — not voidable, but void — with no legal effect. They are void under the Norris-LaGuardia Act for lack of jurisdiction. They are void under 28 U.S.C. § 636(b)(1)(A) because a magistrate judge may not issue injunctive relief. They may be void under the bankruptcy automatic stay. They are preempted under *Garmon* because the speech at issue is arguably protected under NLRA §§ 7 and 8. And they were issued sua sponte, without a motion, without notice, and without findings, after the only pending motion was denied for Apple's own non-compliance.

If Apple disagrees and believes there is some version of these demands that survives the Norris-LaGuardia Act, the bankruptcy automatic stay, Garmon preemption, the NLRB settlement, and the First Amendment, I would genuinely like to understand Apple's position. Please explain in detail so there is no misunderstanding between us.

I also want to be transparent: the manner in which these orders are being presented and enforced is extremely harmful to labor rights, workers' rights, and Apple employee organizing. A coalition of labor organizations and I are holding a rally and press conference outside the San Francisco federal courthouse on Thursday, April 2, at 12:00 PM to address these issues publicly. This is protected activity under NLRA § 7 and Norris-LaGuardia § 104(e). If Apple believes there is some aspect of these orders or designations that I am misunderstanding or mischaracterizing, I would welcome any clarification.

For the avoidance of doubt, nothing in my responses below waives, modifies, or concedes any position stated in the Rule 72(a) objections filed today or my prior filings. My engagement with Apple's specific requests is an effort to resolve these issues cooperatively, not an acknowledgment that the underlying orders or designations are valid.

With all of those positions preserved, I respond to each of your items below.

**1. De-publication.**

I do not understand what Apple is asking me to de-publish.Your demand is not specific enough for me to evaluate, let alone comply with. Your email says: "Please confirm that you have de-published all posts revealing information Apple designated confidential."

- (a) Which posts? Please identify by URL each specific post, article, blog entry, social media post, or other publication that Apple contends must be removed.
- (b) What does "revealing information Apple designated confidential" mean? Apple's narrowed designation chart identifies deposition transcript lines by page and line number. I have made public statements about my workplace experiences since 2021, years before any deposition or Protective Order. Does Apple contend that my pre-existing speech about my own experiences "reveals" designated deposition testimony? Does Apple contend that the word "menstruation" in a 2022 blog post "reveals" designated information? Does Apple contend that discussing a study registered on the federal ClinicalTrials.gov public registry (NCT04196595) "reveals" designated information? Does Apple contend that my published references to the NLRB settlement Apple signed "reveal" designated information?
- (c) Does Apple contend that my NLRB charges — filed in 2021, years before the Protective Order — must be "de-published"? Does Apple contend that my filings on this court's public docket must be "de-published"? Does Apple contend that my communications with the EPA, OSHA, NIH, or the NLRB must be "de-published"?
- (d) Apple's narrowed designation chart was emailed to the court reporter on February 4, 2026. It was unsigned, undated, and was not served on me. I have not received a signed designation identifying specific content Apple contends is confidential. If Apple contends specific content must be removed, please provide me with the signed designation required by Rule 26(g)(1) and the Protective Order.
- (e) Please identify by name and California State Bar number the attorney responsible for these demands and the attorney who certified Apple's designations under Rule 26(g)(1).

Until Apple identifies with specificity what content it contends must be removed — with URLs, with reference to specific designations, and with a Rule 26(g)(1) certification — I cannot evaluate your request and there is nothing for me to "confirm." Please provide the requested information within seven days so we can attempt to resolve this without further court intervention.

**2. Sealing.**

I need to understand what Apple is actually asking me to agree to seal. The filings Apple has identified include:

- My Omnibus Opposition to Apple's seal motion and shorten time motion (Dkt. 297);
- My prior Rule 72 objections (Dkt. 301) and the certified transcript of the February 20, 2026 hearing where Judge Westmore stated "there is no injunction" (Dkt. 301-1);
- My Rule 26(g) motion challenging the validity of Apple's designations and all supporting evidence (Dkt. 302, 302-1, 302-2);
- My oppositions to Apple's Motion to Enforce the Protective Order, with supporting declarations, exhibits, and requests for judicial notice (Dkt. 306, 307, 307-1, 307-2);
- My opposition to Apple's Motion to Retain Confidentiality Designations and Apple's Motion to Seal, with supporting declaration (Dkt. 320, 322);
- My 197-page Request for Judicial Notice (Dkt. 321), consisting entirely of public records including: the NLRB national settlement agreement Apple signed; NLRB charges and complaints; the federal ClinicalTrials.gov registry entry (NCT04196595); a published GAO report (GAO-24-107639); a peer-reviewed journal article published in the American Journal of Obstetrics and Gynecology (Mahalingaiah et al., vol. 226(4) (2022)); records relating to NIH and IRB investigations of Apple's workplace research practices; and international press coverage; and
- My reply brief on the Rule 26(g) motion (Dkt. 325).

In other words, Apple is asking me to stipulate to seal every single filing I have made challenging the validity of Apple's designations. The entire record of my challenge to Apple's conduct? And it appears you're insisting on sealing entire documents rather than sections of documents, but thats even further contrary to the law and rules. You need to identify what portions of documents you are contesting, not the entire documents --otherwise you are directly claiming that anything/everything in those documents must be sealed -- which includes NLRB charges, protected concerted activity, reports to NIH and your IRB, public records published in magazines years ago, etc. If you are not asking to seal my NLRB charges or evidence for the open NLRB proceedings, then please clarify that -- otherwise it appears that's exactly what you're trying to do and that's yet another NLRA violation.

If Apple is asking me to agree to seal public federal government records — NLRB settlements, NLRB charges and complaints, ClinicalTrials.gov entries mandated by federal law, GAO reports published by Congress, published peer-reviewed research, and NIH/IRB investigation records. These are not Apple's confidential documents. They are public records of federal agencies. Several of these records document federal investigations into Apple's own conduct.

Please explain for each filing:
- (a) What specific information in the filing Apple contends is confidential;
- (b) What specific harm to Apple would result from continued public access;
- (c) How sealing public federal government records  is consistent with the public's right of access to judicial records; and
- (d) How sealing my motions challenging the designations does not create a circular problem: sealing the argument against sealing.

I also note that Apple's original Motion to Seal (Dkt. 305) identified only a subset of these filings. Several of the filings Apple now proposes to seal — including Dkt. 320, 321, 322, and 325 — were filed after Dkt. 305 and were never the subject of any sealing request before the court. Please clarify which filings were covered by the original motion and which are new additions Apple is proposing as part of this meet-and-confer.

If Apple can answer questions (a) through (d) above for each filing and demonstrate a basis for sealing that does not rely solely on Apple's confidentiality designations — which is the one basis Local Rule 79-5(c) expressly says is insufficient — I am willing to continue this discussion.

### 3. Deposition of Plaintiff.
As I expressed in my opposition at Dkt. 319 and in the Rule 72(a) objections filed today (Dkt. 332), I have serious concerns about sitting for additional deposition testimony under the current designation framework. Apple designated 72% of my prior deposition transcript, and under the March 30 orders, any new designations would be automatically enforceable with no mechanism for pre-summary-judgment review.

However, I want to resolve this and I am prepared to cooperate. Apple has been litigating the confidentiality of this information for months and certainly knows, after five years of this dispute, exactly what information it considers confidential. I propose the following:

Please provide me, in advance of the deposition, a description of the specific topics, subject areas, or categories of information Apple considers confidential under the Protective Order. If Apple provides that description, I will avoid volunteering information in those categories during the deposition where they are not relevant, or information that Apple does not think is confidential can be discussed instead and still sufficiently answer the question. There would then be nothing for Apple to designate. This should help to resolve the dispute — Apple's confidentiality interests are protected, and I am not generating testimony that will be gagged three weeks before summary judgment.

I would also ask that if Apple's counsel chooses to ask questions during the deposition that call for information Apple itself considers confidential, Apple not then designate my responsive testimony as Confidential. Apple should not elicit information and then punish me for answering. Alternatively, if Apple will confirm in writing that it will not designate any testimony from the continued deposition, I will confirm a date immediately.

If Apple is unable or unwilling to tell me what it considers confidential — after five years of litigation and months of designation disputes — then I do not understand how Apple can designate my testimony after the fact and claim it was confidential all along. And I cannot agree to a date while the designation framework remains unresolved before Judge Chen.

For the avoidance of doubt, my willingness to discuss dates and to accommodate Apple's stated confidentiality concerns does not concede that any information is properly designated, that the Protective Order covers the subjects at issue, or that the March 30 orders are valid. I am engaging in a good-faith effort to resolve the dispute without further court intervention.

### 4. Plaintiff's Pending Discovery and Apple's Outstanding Obligations.
Since Apple is raising scheduling matters, I have several outstanding items that require Apple's immediate attention:

(a) Plaintiff's depositions. As I emailed today and yesterday, I need confirmations for the depositions of Ekelemchi Okpo, Dan West, and David Powers. I am waiting for confirmation. I also need Yannick Bertolus made available for a subpoena deposition before the April 16 discovery cutoff — not April 17, which is after discovery closes. And I am still waiting for an update on service for Aleks Kagramanov. Please respond to these requests immediately. Discovery closes in sixteen days.

(b) Apple's interrogatory responses and document production. Apple has outstanding obligations to supplement interrogatory responses and produce documents under the court's orders. Please provide ETAs for when Apple will be providing supplemental responses and production so I can plan my summary judgment preparation accordingly.

(c) Impact of Apple's conduct on my discovery obligations. I have outstanding discovery obligations to Apple — including document production, a privilege log, and supplemental interrogatory responses. I am working on them. But Apple's filing activity over the past five weeks has consumed an extraordinary amount of my time. Since February 26 alone, Apple has filed: a Motion to Enforce the Protective Order (Dkt. 294), a Motion to Shorten Time (Dkt. 295), an Administrative Motion to Seal (Dkt. 293), a Motion to Retain Designations (Dkt. 304), a second Administrative Motion to Seal (Dkt. 305), a deposition continuation letter (Dkt. 315), two opposition letters to my discovery requests (Dkt. 317, 318), a reply and request for judicial notice on the enforcement motion (Dkt. 312, 313), an opposition to my consolidation motion (Dkt. 311), and now this email demanding confirmation of compliance with three separate items. I am one person, without counsel, simultaneously managing this case, a federal environmental citizen suit (Case No. 5:25-cv-07360-PCP) with its own opposition deadlines in mid-April, a Chapter 7 bankruptcy, pending NLRB charges, summary judgment preparation, and the matters raised in tonight's email.

I respectfully ask that Apple consider the practical impact of its filing activity on my ability to meet my own discovery obligations. Every hour I spend responding to improper and illegitimate enforcement demands and designation disputes is an hour I am not spending on the discovery Apple says it wants from me. I have raised this concern before and I am now stating it again. If Apple later contends that I did not complete my discovery obligations during this period, this email further documents the reason.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


On Tuesday, March 31st, 2026 at 7:08 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> I am following up on three issues related to Magistrate Judge Westmore's Orders yesterday.
>
> 1. Please confirm which of these dates you'll appear for your continued deposition: April 6 or 8.
> 2. With respect to the part of the Order directing you to de-publish any information Apple designated confidential pending a ruling on your challenges, please confirm that you have de-published all posts revealing information Apple designated confidential.
> 3. Regarding the part of the Order directing the parties to meet and confer regarding a stipulation about public filings that need to be sealed pending a ruling on your challenges, please confirm whether you will agree to seal the following docket entries pending a determination on Apple's confidentiality designations.
>    a. Docket Entries identified in Apple's Motion to Seal (Dkt No. 305): Specifically, Dkt. Nos. 297, 301, 301-1, 302, 302-1, and 302-2.
>    b. Filings since Dkt. No. 305 that include references to Apple's designations or the material redacted: Specifically, Dkt. Nos. 306, 307, 307-1, 307-2, 320, 321, 322, 325.

We propose that the parties stipulate to seal these filings until such time as the court rules on your challenges and can direct the parties on how to proceed based on that ruling. For example, if the Court rules in your favor and de-designates Apple's confidentiality designations, then the records can be unsealed. Likewise, if the Court upholds any of Apple's confidentiality designations, the parties can discuss with the Court the appropriate next steps for applying limited redactions to those filings.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF ASHLEY GJOVIK**<br><br>Date:    April 6, 2026<br>Time:    12:00 p.m. (Pacific Time)<br>Location:  Remote |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30, Defendant Apple Inc. ("Defendant"), through its attorneys of record, Orrick, Herrington & Sutcliffe LLP, will take the continued oral deposition of Ashley Gjovik before an officer authorized to administer oaths and to conduct depositions. The deposition will continue on April 6, 2026, at 12:00 p.m. Pacific Time, and will continue for up to four (4) hours of testimony (not including breaks) or as otherwise agreed by Plaintiff and counsel for Defendant.

PLEASE TAKE FURTHER NOTICE THAT the deposition will be taken before a certified court reporter or officer qualified to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The deposition will be taking place via remote means using Zoom, an audio-video conferencing technology. Instructions for accessing the deposition will be provided to participants in advance of the noticed date and time. Counsel for the parties and representative(s) of Defendant will participate from various and separate locations. The deponent must attend the deposition using a laptop or desktop computer. Pursuant to Federal Rule of Civil Procedure 30(b)(3), a certified court reporter will record the deposition by stenographic means, and a certified videographer will record the deposition by audio or audiovisual means. Defendant further reserves the right to use a video recording of the deposition testimony in connection with the summary judgment motions or trial.

Dated: April 2, 2026                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                         _/s/ Melinda S. Riechert_
                                                         MELINDA S. RIECHERT
                                                         Attorneys for Defendant
                                                         APPLE INC.

- 1 -

**CERTIFICATE OF SERVICE**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California. On April 1, 2026, I served the following document(s):

**DEFENDANT APPLE INC.'S NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF ASHLEY GJOVIK**

By Electronic Service:  On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address jperry@orrick.com to the email addresses below:

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2026.

_____
Jessica R. Perry

# EXHIBIT B

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 6:08:10 PM (UTC-08:00) Pacific Time (US & Canada)
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: My deposition - 4/8

**[EXTERNAL]**

Thank you, ma'am. I'm confirmed for 4/8 starting at noon, with prior objections and comments continued.

Note - for the 4/7 Depo of Okpo, i'm not sure I'll be able to secure a court reporter on such short notice. I'd appreicate if you can look for possible back-up options incase that date does not sort out. Thank you.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Friday, April 3rd, 2026 at 5:53 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I have rearranged my schedule so that I am now available April 8, starting at noon, to take your deposition.  Please see the new notice attached.

**Melinda Riechert**
Partner
Orrick
Silicon Valley
T 650/614-7423
M 650 759 1929
mriechert@orrick.com



**[EXTERNAL]**

I already said yesterday that 4/6 won't work and you previously said either 4/6 or 4/8. Can Jessica do it instead on 4/8? You already offered that date. You have four attorneys noticed on this and Apple has like 20 more overall. I'd think someone can please cover for you counselor.

Also, I have full rights under FRCP and case law to end a deposition early if I have a good faith belief that I have justification to do so. Most of your stated questioning would be topics covered at trial, not summary judgement, so a Judge finds that I need to complete further deposition after ending early, we'd still have months to arrange that. Furhter, there would be no need to end early if Apple and its agents do not engage in conduct which would justify ending early. Easy fix.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 3rd, 2026 at 10:31 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> I am not available on 4/8.  We need to do this on Monday at 1 pm. I have 4 hours of testimony (not including breaks)
>
> **Melinda Riechert**
> Partner
> Orrick
> Silicon Valley
> T 650/614-7423
> M 650 759 1929
> mriechert@orrick.com

2



[EXTERNAL]

Without waiving any objections or rights, or making any admissions or agreements otherwise, solely due to the lack of time available to further review and consider, I'm confirming 4 additional hours of depo on 4/8, starting at 1pm and going until 4pm.

I do not have time for anything else today prior to the McKeon depo, other than preparing for the McKeon depo. Then, after, I'll be drafting and filing updated Rule 72 Objections. Then, its the weekend and that will be full of work, and obligations I already have for Monday.

However, you do need to schedule a depo if one will occur and that leaves no time at all to sort things out prior. So please go ahead and schedule for 4/8, I'll make objections before and during as needed, and end it earlier if I feel misconduct is occurring or is otherwise justified under FRCP and relatvant law.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Friday, April 3, 2026 10:23 AM
> **To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
> **Subject:** My deposition - 4/8

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by l received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 10:56 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G.
<kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Subject:** RE: My deposition - 4/8

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT C

**From:**          Riechert, Melinda
**Sent:**          Monday, April 6, 2026 1:28 PM
**To:**            Ashley M. Gjøvik
**Cc:**            Booms, Ryan; Mantoan, Kathryn G.; Perry, Jessica R.; Romero, Josette L.
**Subject:**       RE: My deposition - 4/8


Here is the login information for your deposition on Wednesday.


https://taltys.zoom.us/j/87025968213?pwd=C5O8HFbInJwEOuxVirUSL0AczLTDRQ.1

Zoom Meeting ID: 87025968213
Passcode: 485238
Dial by your location:
+1 669 900 9128 US (San Jose)
+1 213 338 8477 US (Los Angeles)
+1 206 337 9723 US (Seattle)
+1 646 518 9805 US (New York)


**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

orrick


**From:** Riechert, Melinda
**Sent:** Friday, April 3, 2026 5:53 PM
**To:** 'Ashley M. Gjøvik' <ashleymgjovik@protonmail.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R.
<jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: My deposition - 4/8

Ashley

I have rearranged my schedule so that I am now available April 8, starting at noon, to take your
deposition.  Please see the new notice attached.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 10:56 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Subject:** RE: My deposition - 4/8

**[EXTERNAL]**

I already said yesterday that 4/6 won't work and you previously said either 4/6 or 4/8. Can Jessica do it instead on 4/8? You already offered that date. You have four attorneys noticed on this and Apple has like 20 more overall. I'd think someone can please cover for you counselor.

Also, I have full rights under FRCP and case law to end a deposition early if I have a good faith belief that I have justification to do so. Most of your stated questioning would be topics covered at trial, not summary judgement, so a Judge finds that I need to complete further deposition after ending early, we'd still have months to arrange that. Furhter, there would be no need to end early if Apple and its agents do not engage in conduct which would justify ending early. Easy fix.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Friday, April 3rd, 2026 at 10:31 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> I am not available on 4/8.  We need to do this on Monday at 1 pm. I have 4 hours of testimony (not including breaks)
>
> **Melinda Riechert**
> Partner
> Orrick
> Silicon Valley
>
> T 650/614-7423
> M 650 759 1929
> mriechert@orrick.com



**[EXTERNAL]**

Without waiving any objections or rights, or making any admissions or agreements otherwise, solely due to the lack of time available to further review and consider, I'm confirming 4 additional hours of depo on 4/8, starting at 1pm and going until 4pm.

I do not have time for anything else today prior to the McKeon depo, other than preparing for the McKeon depo. Then, after, I'll be drafting and filing updated Rule 72 Objections. Then, its the weekend and that will be full of work, and obligations I already have for Monday.

However, you do need to schedule a depo if one will occur and that leaves no time at all to sort things out prior. So please go ahead and schedule for 4/8, I'll make objections before and during as needed, and end it earlier if I feel misconduct is occurring or is otherwise justified under FRCP and relatvant law.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
> **Sent:** Friday, April 3, 2026 10:23 AM
> **To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
> **Subject:** My deposition - 4/8

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

3

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF ASHLEY GJOVIK** |
| v. | |
| APPLE INC., | Date:      April 8, 2026 |
| Defendant. | Time:      12:00 p.m. (Pacific Time) |
| | Location:  Remote |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30, Defendant Apple Inc. ("Defendant"), through its attorneys of record, Orrick, Herrington & Sutcliffe LLP, will take the continued oral deposition of Ashley Gjovik before an officer authorized to administer oaths and to conduct depositions. The deposition will continue on April 8, 2026, at 12:00 p.m. Pacific Time, and will continue for up to four (4) hours of testimony (not including breaks) or as otherwise agreed by Plaintiff and counsel for Defendant.

PLEASE TAKE FURTHER NOTICE THAT the deposition will be taken before a certified court reporter or officer qualified to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The deposition will be taking place via remote means using Zoom, an audio-video conferencing technology. Instructions for accessing the deposition will be provided to participants in advance of the noticed date and time. Counsel for the parties and representative(s) of Defendant will participate from various and separate locations. The deponent must attend the deposition using a laptop or desktop computer. Pursuant to Federal Rule of Civil Procedure 30(b)(3), a certified court reporter will record the deposition by stenographic means, and a certified videographer will record the deposition by audio or audiovisual means. Defendant further reserves the right to use a video recording of the deposition testimony in connection with the summary judgment motions or trial.

Dated: April 3, 2026                           ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorneys for Defendant
APPLE INC.

## CERTIFICATE OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California. On April 3, 2026, I served the following document(s):

**DEFENDANT APPLE INC.'S NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF ASHLEY GJOVIK**

By Electronic Service:  On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address jperry@orrick.com to the email addresses below:

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2026.

*Melinda Riechert*

_____
Melinda Riechert

CERTIFICATE OF SERVICE
[CASE NO. 23-CV-4597-EMC-KAW]

# EXHIBIT D

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Wednesday, April 8, 2026 11:03:18 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>
**Subject:** RE: My deposition - 4/8

**[EXTERNAL]**

Counsel,

As you know, I am currently ill with influenza  or a severe cold (five days and worsening), was unable to sleep last night, and is experiencing acute anxiety and panic attacks related to this deposition and Apple's pattern of discovery conduct. She is seeking medical attention.

The attached letter details Plaintiff's request to reschedule, her assertion of crime victim rights under the California Constitution (Marsy's Law) and 18 U.S.C. § 3771, her objections to Apple's ongoing witness intimidation under 18 U.S.C. § 1512, and her objections to Apple's NLRA violations including breach of the April 2025 NLRB settlement. The letter supplements and incorporates Plaintiff's opposition at Dkt. 319 and Rule 72 objections at Dkts. 336–339.

Plaintiff asks Apple to agree to reschedule this deposition to a date when she has recovered. If Apple refuses, Plaintiff will appear as ordered but may be unable to proceed for the full session due to her medical condition and/or Apple's conduct.

Apple is on full notice that if Plaintiff is forced to suspend under Fed. R. Civ. P. 30(d)(3), Apple will have no basis to claim surprise, misconduct, or seek sanctions.

Plaintiff also notes that Apple filed two motions in the last two days requiring Plaintiff to divert time and resources while Apple knows she is ill.

Please confirm whether Apple agrees to reschedule at your earliest convenience.

Respectfully,
Ashley Gjovik
Plaintiff, Pro Se

On Friday, April 3rd, 2026 at 5:53 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

1

I have rearranged my schedule so that I am now available April 8, starting at noon, to take your deposition.  Please see the new notice attached.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

**[EXTERNAL]**

I already said yesterday that 4/6 won't work and you previously said either 4/6 or 4/8. Can Jessica do it instead on 4/8? You already offered that date. You have four attorneys noticed on this and Apple has like 20 more overall. I'd think someone can please cover for you counselor.

Also, I have full rights under FRCP and case law to end a deposition early if I have a good faith belief that I have justification to do so. Most of your stated questioning would be topics covered at trial, not summary judgement, so a Judge finds that I need to complete further deposition after ending early, we'd still have months to arrange that. Furhter, there would be no need to end early if Apple and its agents do not engage in conduct which would justify ending early. Easy fix.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 3rd, 2026 at 10:31 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I am not available on 4/8.  We need to do this on Monday at 1 pm. I have 4 hours of testimony (not including breaks)

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



<span style="background-color:red;color:white">**[EXTERNAL]**</span>

Without waiving any objections or rights, or making any admissions or agreements otherwise, solely due to the lack of time available to further review and consider, I'm confirming 4 additional hours of depo on 4/8, starting at 1pm and going until 4pm.

I do not have time for anything else today prior to the McKeon depo, other than preparing for the McKeon depo. Then, after, I'll be drafting and filing updated Rule 72 Objections. Then, its the weekend and that will be full of work, and obligations I already have for Monday.

However, you do need to schedule a depo if one will occur and that leaves no time at all to sort things out prior. So please go ahead and schedule for 4/8, I'll make objections before and during as needed, and end it earlier if I feel misconduct is occurring or is otherwise justified under FRCP and relatvant law.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 10:23 AM
**To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** My deposition - 4/8

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by la received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 10:56 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Subject:** RE: My deposition - 4/8

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

4

Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

**Ashley M. Gjovik**,

*an individual*,

    Plaintiff,

  vs.

**Apple Inc.**,

*a corporation,*

    Defendant.

**Case No.**

**3:23-CV-04597-EMC (KAW)**

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S CONTINUED DEPOSITION**

# PLAINTIFF'S OBJECTIONS TO DEFENDANT'S CONTINUED DEPOSITION

1. The continued deposition of Ashley Gjovik is currently scheduled for April 8 2026. This letter addresses: (1) Plaintiff's current medical condition and request to reschedule; (2) notice that if the deposition proceeds, Plaintiff may be unable to continue due to illness and/or Apple's conduct; (3) the assertion of her rights as a crime victim under the California Constitution and federal law; and (4) our formal objection to Apple's ongoing criminal witness intimidation conducted through the discovery process in this case.

2. This letter supplements and incorporates our prior objection letters, emails, oppositions, and motions including Plaintiff's opposition at Dkt. 319 and Rule 72 objections at Dkts. 336–339.

# PLAINTIFF'S MEDICAL CONDITION AND REQUEST TO RESCHEDULE

3. As you know, the Plaintiff has been suffering from influenza for the past five days. Her condition has worsened, not improved. She was unable to sleep last night due to a combination of her physical illness and severe anxiety about the upcoming deposition. She is currently experiencing acute anxiety and panic attacks directly related to the deposition and Apple's pattern of harassment through the discovery process – including the unnecessary, improper, and urgent motions Apple filed this week requiring hours of her time and preventing her from getting a full night's sleep while very ill.

4. A witness who is physically ill, sleep-deprived, and experiencing active panic attacks cannot give reliable, complete, or competent testimony. Proceeding under these circumstances would be oppressive, would produce unreliable testimony, and would constitute undue burden. Fed. R. Civ. P. 26(c)(1) authorizes the Court to issue protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including orders "that the discovery not be had" or that it proceed "only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(1)(A), (B).

5. Courts routinely grant protective orders postponing depositions on account of illness and medical conditions. See, e.g., *Urbanek v. Hopkins*, 993 So. 2d 1110 (Fla. 4th DCA 2008) (requiring written deposition questions first where deponent's health was at risk); *Jones v. United States*, 720 F. Supp. 355 (S.D.N.Y. 1989) (accommodating deposition schedule due to witness's medical condition). Where, as here, the witness's medical condition is *caused in part by the opposing party's own conduct* during prior deposition sessions, the case for postponement is even stronger.

6. We ask that Apple agree to reschedule this deposition to a date when Plaintiff has recovered and is medically able to provide competent testimony. This is a reasonable request under the circumstances and would not prejudice Apple, particularly given that Apple itself waited eight weeks after the January stipulation to notice this deposition and raised its impediment claim for the first time three months after the December session.

7. **If Apple refuses to reschedule, Plaintiff will appear as ordered.** However, Apple is on notice that Plaintiff's current medical condition may render her unable to proceed for the full four hours

or at all. If at any point during the deposition Plaintiff is unable to continue due to illness—including physical symptoms of influenza, severe cold or COVID-19; exhaustion from sleep deprivation; or acute PTSD, anxiety, or panic attacks—she will state so on the record and the deposition will need to be suspended. Similarly, if Apple's conduct during the deposition exacerbates Plaintiff's condition or constitutes the same pattern of harassment documented in the December session, Plaintiff will exercise her rights under Fed. R. Civ. P. 30(d)(3)(A) to demand suspension on the ground that the deposition is being conducted in bad faith or in a manner that unreasonably oppresses the deponent.

8.      Plaintiff's distress and anxiety is a direct and documented consequence of Apple's conduct. She is putting Apple on notice now so that there is no ambiguity later about what happened and why. If Apple proceeds with the deposition despite this notice and Plaintiff is forced to suspend, Apple will have no basis to claim surprise, prejudice, or misconduct.

9.      **Apple's conduct in the days immediately preceding this deposition underscores the pattern.** Apple has filed two motions in the last two days—neither of which was necessary or legitimate—forcing Plaintiff to divert time and energy to responding while she is physically ill and they know it. This is not coincidental scheduling. Apple is aware of Plaintiff's condition and is deliberately increasing the pressure on a sick pro se plaintiff in the days before a deposition that Apple knows Plaintiff has objected to on multiple grounds.

10.      Filing unnecessary motions to drain a pro se opponent's limited resources on the eve of a contested deposition is itself evidence of the harassment and bad faith that pervades Apple's approach to discovery in this case. It is also further evidence of witness intimidation under 18 U.S.C. § 1512(d), which prohibits intentional harassment that hinders or dissuades a person from testifying in an official proceeding.

# ASSERTION OF CRIME VICTIM RIGHTS UNDER THE CALIFORNIA CONSTITUTION AND FEDERAL LAW

11.      As I have previously argued in this case and preserved for appellate review, Ashley Gjovik is a victim of criminal conduct by Apple. This has now also be implicitly confirmed by the disclosures of a criminal investigation into Apple regarding 3250 Scott Blvd due to the Plaintiff's witness testimony. Apple's criminal conduct is also the basis of some of Gjovik's claims in this action – including retaliation by her employer due to her being a victim of crime by the employer.

12.      Moreover, and independently, Apple's conduct *within this litigation* constitutes ongoing criminal witness intimidation, Ashley Gjovik is not merely a crime victim from some past event who happens to be in civil litigation. She is being *currently victimized* by criminal conduct occurring through the discovery process in this very case.

13.      **California Constitutional Rights Under Marsy's Law**. The California Constitution, Article I, Section 28(b), as amended by Proposition 9 (the Victims' Bill of Rights Act of 2008, "Marsy's Law"), confers the following rights on crime victims, each of which is implicated here:

14.      **Section 28(b)(1):** The right "to be treated with fairness and respect for his or her privacy and dignity, and to be **free from intimidation, harassment, and abuse**, throughout the criminal or juvenile justice process." Apple's use of the Protective Order to create gag orders based on Gjovik's

testimony, its practice of posing compound misleading questions and characterizing good-faith responses as "misconduct," and its demand for additional hours of deposition testimony despite two years of documented harassment, constitute intimidation, harassment, and abuse.

15.     **Section 28(b)(2):** The right "to be reasonably protected from the defendant and persons acting on behalf of the defendant." The Court has failed to provide any meaningful protection despite our repeated requests over the past two years. Gjovik has been left exposed to ongoing discovery abuse with no judicial intervention.

16.     **Section 28(b)(4):** The right "to prevent the disclosure of confidential information or records to the defendant … which could be used to locate or harass the victim or the victim's family." Ironically, the defendant has inverted this protection—rather than disclosing confidential information *to* harass the victim, it is manufacturing confidentiality designations *from* the victim's own testimony and using those designations as a tool of harassment.

17.     **Section 28(b)(5):** The right "to refuse an interview, deposition, or discovery request by the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, and to set reasonable conditions on the conduct of any such interview to which the victim consents." **Gjovik hereby exercises this right.** To the extent she consents to be deposed at all, she does so subject to the reasonable conditions set forth in our prior objection communications and this letter, including the condition that the deposition not proceed while she is medically unfit and that the defendant cease its practice of witness intimidation through Protective Order abuse.

18.     We are aware that in *In re Marriage of N.A. & J.A.* (2022), the Fourth District Court of Appeal held that Marsy's Law's enforcement provision applies to criminal proceedings rather than civil cases. We respectfully submit that this holding does not govern the present circumstances. That case involved a family court divorce deposition with no allegations of criminal conduct by the deposing party.

19.     Here, the defendant's conduct *within this civil litigation* constitutes criminal witness intimidation under 18 U.S.C. § 1512, as detailed below. The policies underlying Marsy's Law—protecting crime victims from intimidation, harassment, and abuse by defendants—are directly implicated when the defendant is committing criminal acts against the victim through the civil discovery process. At a minimum, these constitutional policies should inform the Court's exercise of its broad discretion under Fed. R. Civ. P. 26(c) to protect [Witness Name] from further oppression. We preserve this argument for appellate review.

20.     **Federal Crime Victims' Rights Act.** The federal Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with: **Section 3771(a)(1):** "The right to be reasonably protected from the accused." And **Section 3771(a)(5):** "The right to be treated with fairness and with respect for the victim's dignity and privacy."

21.     The CVRA's right to fair treatment "applies throughout the criminal justice process" and is not limited to public proceedings. See CRS Report RS22518 (analyzing scope of 18 U.S.C. § 3771(a)(8)). As with Marsy's Law, we submit that even if the CVRA does not directly govern civil discovery, its policies should inform the Court's exercise of discretion under Rule 26(c) when the victim is being subjected to criminal witness intimidation through the civil discovery process. We preserve this argument for appellate review

## APPLE'S CONDUCT CONSTITUTES CRIMINAL

# WITNESS INTIMIDATION UNDER 18 U.S.C. § 1512

22.     We have raised this issue with the Court repeatedly over the past two years. We raise it again here because it is directly relevant to both the medical postponement and the crime victim rights issues addressed above. 18 U.S.C. § 1512 makes it a federal crime to knowingly use intimidation, threats, or corrupt persuasion—or to engage in misleading conduct—with intent to influence, delay, or prevent the testimony of any person in an official proceeding. 18 U.S.C. § 1512(b)(1). The statute also makes it a crime to intentionally harass another person and thereby hinder, delay, prevent, or dissuade any person from attending or testifying in an official proceeding. 18 U.S.C. § 1512(d)(1).

23.     **Section 1512 applies to civil proceedings.** The statute covers "proceedings before Congress, executive departments, and administrative agencies, and … civil and criminal judicial proceedings, including grand jury proceedings." United States Attorneys' Manual § 9-69.100; see also *Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08 (2005) (broadly construing the scope of obstruction statutes). This federal civil action is an "official proceeding" within the meaning of the statute. The deposition of Gjovik is testimony in that official proceeding. Apple's conduct satisfies the elements of § 1512:

24.     **Intimidation and harassment:** Apple has weaponized the Stipulated Protective Order to designate Gjovik's own testimony about her own firsthand experiences, complaints, victimization, and protest as "Confidential," creating permanent restrictions on her speech. This is done not to protect legitimate trade secrets or confidential business information, but to punish the witness for testifying adversely and to deter her from testifying freely in the future. The message is unmistakable: anything you say can and will be used to silence you. Apple's own lawyers admitted in July 2025 that they intended to engage in harassment of the Plaintiff, they felt it was their right to do so, and they thought it was reasonably foreseeable their harassment could cause the Plaintiff to committee suicide. (Dkt. 302-3, Exhibit July 2 2025 Discovery Conference Certified Transcript). The Defendant's conduct is criminal intimidation by any definition.

25.     **Misleading conduct:** Apple's attorneys have posed multi-part questions (some with as many as seventeen subparts) that embed false factual premises, mischaracterize prior testimony, and demand binary yes-or-no answers that would, either way, require the witness to accept a false foundation or agree to a legal conclusion. This is misleading conduct designed to corruptly extract testimony. When Gjovik truthfully stated she did not understand these questions, opposing counsel characterized her good-faith responses as "misconduct"—a further act of intimidation.

26.     **Intent to influence testimony:** The purpose and effect of this conduct is to influence Gjovik's testimony—to force her to testify in a constrained, unnatural way under the constant threat of permanent speech restrictions, and to extract misleading admissions through deceptive questioning. This is precisely what § 1512 prohibits.

27.     **Pattern and duration:** This conduct has continued for over two years despite Gjovik's repeated objections, dispute letters to the Court, and requests for intervention. Apple has persisted in this course of conduct knowing it was objected to, knowing it was causing harm to the witness, and knowing that the Court had not approved or sanctioned it. The willfulness and persistence of this conduct

underscores its intentional nature.

28.    **Causal harm:** Apple's witness intimidation has directly caused Gjovik to experience severe anxiety and panic attacks, and PTSD hyperarousal episodes, at the prospect of further deposition testimony. The intimidation has achieved its intended purpose: Gjovik is terrified to testify, not because she has anything to hide, but because she knows from experience that whatever she says will be weaponized against her. Her physical illness has been exacerbated by the stress of this situation. The defendant's conduct has literally made the witness sick.

29.    We have raised these issues with the Court through dispute letters on [dates] and in prior briefing. The Court has not yet ruled on these issues. We preserve all arguments regarding the defendant's criminal witness intimidation for appellate review, including under 28 U.S.C. § 1651 (mandamus) and 28 U.S.C. § 636(b)(1)(A) (review of magistrate judge orders).

# THE COURT'S OBLIGATION TO PROTECT THE WITNESS

30.    The convergence of these issues—illness caused by intimidation, crime victim rights, and ongoing criminal witness tampering—creates an obligation on the part of the Court to intervene. The Court has broad discretion under Rule 26(c) to protect parties from oppression. That discretion must be exercised in light of:

- (a) The witness's current medical condition, which renders her unable to provide competent testimony;
- (b) The fact that her medical condition is a direct result of the defendant's conduct during prior deposition sessions;
- (c) The witness's constitutional rights as a crime victim under the California Constitution, Article I, Section 28(b);
- (d) The witness's statutory rights under the federal Crime Victims' Rights Act, 18 U.S.C. § 3771;
- (e) The defendant's ongoing criminal witness intimidation in violation of 18 U.S.C. § 1512;
- (f) The defendant's two-year pattern of discovery abuse that the Court has not addressed despite repeated requests for intervention and Ninth Circuit injunctive relief was already sought to prevent; and
- (g) The defendant's stated intent to continue the very conduct that has caused this situation—including the creation of additional Protective Order designations timed to coincide with Gjovik's] summary judgment motion.

31.    The Court's refusal to intervene in the face of this conduct is itself a factor that the appellate court will consider in reviewing the exercise of discretion. Continuing to compel this witness to submit to deposition under these circumstances would constitute a manifest injustice.

# THE COURT'S ORDER AT DKT. 327 IS UNDER CHALLENGE AND SHOULD NOT BE ENFORCED PENDING REVIEW

32.    The Magistrate Judge's order at Dkt. 327, filed March 30, 2026, granted Apple's request for four additional hours of deposition. Plaintiff opposed at Dkt. 319 on multiple grounds, including that the stipulation's conditions were being overridden, that Apple was dilatory, that Apple's cited impediment examples were refuted by the actual transcript, and that the motion was disproportionate given Apple's refusal to cooperate in discovery in every other form. The Court's order did not provide legal citations or analysis addressing these arguments, did not permit full briefing, and was issued under legal theories Plaintiff contests.

33.    Critically, the principal reason Plaintiff withdrew her agreement to additional hours was Apple's blanket designation of 72% of the December deposition as confidential, followed by unsigned narrowed designations and enforcement motions seeking contempt for protected whistleblower and labor activity. The Court's order held Plaintiff to her original agreement without addressing the reason she withdrew: that every moment of new testimony potentially expands the universe of permanent gag orders, takedown orders, and legal bases for Apple to threaten Plaintiff with prosecution—with no resolution mechanism before summary judgment.

34.    As stated in Plaintiff's Rule 72 objection at Dkt. 337, ¶¶ 7–9, the combined effect of Dkt. 327 (ordering the deposition) and Dkt. 326 (enforcing designations automatically as gag orders) is a system in which: Plaintiff testifies; Apple designates new testimony; the gag order attaches automatically with no pre-enforcement judicial review; the omnibus schedule forecloses raising new designation disputes before May 7; and summary judgment is due April 27, 2026. Plaintiff has filed objections under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), each of which is pending before District Judge Chen:

- **Dkt. 336:** Objection to Dkt. 326 (gag orders and prior restraint, takedown orders, and other injunctions against Plaintiff) **with request for certification for interlocutory appeal**. This objection directly challenges the legal framework under which Apple's confidentiality designations operate as automatic, self-executing gag orders on Plaintiff's speech—the same framework that makes the continued deposition an engine of further prior restraints.
- **Dkt. 337:** Objection to Dkt. 327 (interrogatories, request for production, refusal to hear further issues until after discovery and summary judgment, etc.). This objection challenges the deposition order itself, including the Court's failure to address the gag-order withdrawal basis, and the instruction regarding "I don't understand" responses.
- **Dkt. 338:** Objection to Dkt. 329 (sealing orders and implied additional gag order).
- **Dkt. 339:** Objection to Dkt. 334 (Apple's service and signing requirements for confidentiality claims).

35.    These objections establish that the underlying order compelling this deposition is contested on multiple legal grounds, and that resolution of the interlocutory appeal request at Dkt. 336 would directly impact whether this deposition should proceed at all. If the District Judge or appellate court determines that Apple's designation framework constitutes an unconstitutional prior restraint—which is the central issue at Dkt. 336—then forcing Plaintiff to testify under that framework before resolution would cause **irreparable harm** that cannot be remedied after the fact: the gag orders will attach automatically to whatever she says, and the speech restrictions will be in place during the summary judgment briefing window.

36.    Proceeding with this deposition while these objections are pending before the District Judge—and while certification for interlocutory appeal is being sought on the gag order issue—would effectively moot the appellate challenges by creating the very harm they seek to prevent. A deponent's right to testify freely under oath, as recognized by *Damaj v. Farmers Ins. Co. of Wash.*, 164 F.R.D. 559, 560–61 (N.D. Okla. 1995), and the Advisory Committee Notes to Rule 30, does not exist if every word spoken generates a permanent prior restraint on the speaker. The deposition should be stayed pending resolution of these threshold issues.

# DEMANDS AND RESERVATION OF ALL RIGHTS

37.    In light of the foregoing, we make the following demands and reservations:

38.    **Request to reschedule.** We ask Apple to agree to reschedule the deposition to a date when Plaintiff has recovered from her current illness. If Apple agrees, Plaintiff will work in good faith to identify an alternative date promptly, subject to the conditions below and the pending Rule 72 objections and any resulting interlocutory appeal to the Ninth Circuit.

39.    **Notice of potential early termination.** If Apple refuses to reschedule, Plaintiff will appear as ordered. However, Apple is on full notice that Plaintiff may be unable to proceed for the full session due to her medical condition and/or Apple's conduct. If Plaintiff is forced to suspend due to illness or harassment, Apple will have no basis to claim surprise, misconduct, or seek sanctions. Plaintiff will exercise her rights under Fed. R. Civ. P. 30(d)(3)(A) as described in this letter and in her pre-deposition objection letter.

40.    **Stay pending resolution of Rule 72 objections and interlocutory appeal certification.** Independent of the medical postponement, the deposition should be stayed pending resolution of Plaintiff's Rule 72 objections at Dkts. 336, 337, 338, and 339, and particularly the request for certification for interlocutory appeal at Dkt. 336. The deposition order at Dkt. 327 was issued without legal analysis, is under active challenge, and proceeding before resolution would cause irreparable harm by generating new automatic gag orders on Plaintiff's speech during the summary judgment briefing window.

41.    **Exercise of crime victim rights.** Plaintiff exercises her right under California Constitution Article I, Section 28(b)(5) to set reasonable conditions on the conduct of this deposition. To the extent Plaintiff consents to appear, she does so subject to the following conditions, which are also sought as a protective order under Fed. R. Civ. P. 26(c), consistent with the conditions requested in Plaintiff's opposition at Dkt. 319, ¶¶ 16–21: (a) cessation of all Protective Order designations of her testimony; (b) questions posed one at a time without compound, misleading, or assumes-facts-not-in-evidence framing; (c) the right to state she does not understand a question without that being characterized as misconduct, consistent with *Damaj v. Farmers Ins. Co. of Wash.*, 164 F.R.D. 559, 560–61 (N.D. Okla. 1995); and (d) a time limit not to exceed the four hours previously ordered. Plaintiff's appearance does not constitute a waiver of any of these rights or conditions.

42.    **Cessation of witness intimidation.** Apple must immediately cease all conduct constituting witness intimidation, including but not limited to: designating Plaintiff's testimony as "Confidential" under the Protective Order; posing compound or misleading questions designed to extract false admissions; characterizing good-faith deponent responses as "misconduct"; and using the Protective

Order or any other litigation mechanism to restrict Plaintiff's ability to discuss her own firsthand experiences publicly. Apple's practice of designating 72% of deposition testimony as confidential—before even knowing what the witness would say—is precisely the "mass, indiscriminate, or routinized" designation prohibited by the Protective Order at Dkt. 235 § 5.1.

43.    **Reservation of all rights.** Plaintiff reserves all rights, including the right to: move for termination under Fed. R. Civ. P. 30(d)(3); challenge the admissibility of any testimony under Fed. R. Civ. P. 32; pursue the pending Rule 72 objections at Dkts. 336–339 and the interlocutory appeal certification at Dkt. 336; seek mandamus under 28 U.S.C. § 1651; seek sanctions under Fed. R. Civ. P. 30(d)(2) and 37(a)(5); and pursue any and all other remedies available at law or in equity, including referral of Apple's conduct to the United States Attorney's Office for investigation of criminal witness intimidation under 18 U.S.C. § 1512. All arguments are preserved for appellate review.


Respectfully,


/s/ Ashley M. Gjovik

**Ashley Gjovik (Plaintiff/*In Propria Persona*)**

Filed April 8 2026 in San José, California

(408) 883-4428

ashleymgjovik@protonmail.com

2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT E

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, April 9, 2026 9:12:35 PM (UTC-08:00) Pacific Time (US & Canada)
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Romero, Josette L. <jromero@orrick.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Brian Mahoney <brian.mahoney@morganlewis.com>; Mark L. Stolzenburg <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>
**Subject:** RE: My deposition - 4/20 at noon

**[EXTERNAL]**

Counselor,

This email is incredibly inappropriate and bad faith. The record will show that I was not the one to stop the deposition -- it was you. And I repeatedly told you if you would stop your own deposition and then take actions against me because of you stopping the deposition yourself -- then I would insist the deposition continue. You were the one to insist the deposition would be stopped. I never agreed to stop the deposition.

Apple was the party to:

- Stop their own deposition
- Refuse to continue their own deposition
- Refuse to reschedule before the end of fact discovery
- Didn't even send an invite to the deposition until less than 1 minute prior to the start

Because Apple is now accusing me of misconduct, threatening me with sanctions, implying I was the one who stopped the deposition, refusing to reschedule their deposition prior to the end of act discovery, and implying that I refused to be deposed at all (which I never said and your comments below imply you plan to see to have me sanctioned under the premise that I refused to be deposed when that is patently untrue), I suggest we bring this to the Magistrate Judge as an emergency matter with a joint letter.

Among other issues, conducting the deposition after the end of fact discovery is a violation of court rules -- as you already pressured me to accept this from your side with the Bertolus deposition -- and failed to raise that Judge Chen in your extension letter and his order now formalized no fact discovery would occur after 4/16 other than your approved medical record production.

We need to bring this to the court -- both the Bertolus extension, and your insistence of rescheduling your own deposition of me until after the end of fact discovery while concurrently blaming me for your own delays -- again.

That said I am available to attend on 4/20 and will be there pending approval from the court for the extenion past the end of discovery.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

1

On Thursday, April 9th, 2026 at 8:57 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley:

The time windows you have proposed on April 22, 2026 (which, as you know, is two full weeks after the court-ordered deadline for you to appear for further deposition in this case) do not allow for four hours of testimony during business hours. However, you also note that you are "available any other day that week if the AM of 4/22 does not work." Attached please find a notice to continue your deposition by Zoom at 12noon PT on Monday, April 20, 2026. Apple reserves all rights with respect to your failure to comply with Judge Westmore's order that this deposition have been completed by April 8.

Your April 8 12:43pm email below, and the "objections" you emailed less than an hour before your court-ordered deposition, continue to cause concern that you will not testify as required at any rescheduled deposition. To cite just a few examples:

- You continue to demand that "Apple [ ] agree to ground rules for the rescheduled session, including that Apple not designate Plaintiff's testimony as confidential"—and to suggest that "[w]hether Plaintiff is able to proceed next week depends in part on whether Apple is willing to agree to" certain unspecified "conditions" that you claim are necessary so as to "not exacerbate Plaintiff's condition."

  - These requests—in the context of this case, the legal claims you have brought against Apple, the Court's prior orders, and the inconsistencies between your professed ability to proceed with the discovery you want and your alleged inability to comply with discovery sought by Apple (and ordered by the Court) regarding the basis for your claims and alleged damages—are inappropriate.
  - To be clear, Apple will not agree to any "condition" of taking your court-ordered deposition that would require it to agree, before the deposition has even begun, that it will not designate any testimony you offer or volunteer on any subject as Confidential under the Protective Order (Dkt. No. 235). Such a "condition" apparently seeks to give you carte blanche to reveal any and all confidential information about Apple's internal user studies, product development, or research efforts in the context of a deposition with Apple antecedently waiving

2

any right to seek to designate that testimony as Confidential. Apple will not agree to that blank check.

- You also appear to suggest that it is somehow inappropriate for Apple to seek to examine you about your "personal injuries, harm, and suffering." But as Judge Westmore correctly held, you have "placed [your] medical and mental conditions at issue in this case." Dkt. No. 291 at 2. It would be entirely appropriate for Apple to question you regarding the damages you seek to attribute to Apple and potential alternative causes of or contributors to those alleged damages.

- Your April 8, 2026 "Plaintiff's Objections to Defendant's Continued Deposition" make a number of baseless arguments suggesting that you are somehow excused from giving deposition testimony in this case—a civil matter you initiated against Apple—because you are a self-described "crime victim," or because Apple asking you questions somehow amounts to unlawful "witness intimidation." Judge Chen rejected this argument over a year and a half ago – *see* Aug. 28, 2024 Hrg. Tr. at 20:11-21:1 (emphasis added):

> MS. GJOVIK : And I feel like there's been a lot of personal attacks and harassment against me, and I raised the demand to have a deposition before even considering settling without even giving me this information feels like harassment, and I want to see if I can exercise my victim of crime rights to say 'no' or put some boundaries around what that deposition would look like.

> THE COURT: … *[Y]ou being the plaintiff would normally be subject to a deposition and notwithstanding your objections, that's the kind of thing I would allow. It's the kind of thing that happens in every case*.

These repeated protestations have no more merit now.

We expect that you will appear on April 20, 2026 and testify fully and completely, including as to "personal injuries, harm, and suffering" (and causes thereof) that you chose to put at issue in this case.

Thank you.

Melinda Riechert

3

Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



Jessica is covering Yannick. I will get back to you about the 22nd.

Sent from my iPad

On Apr 8, 2026, at 7:54 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

**[EXTERNAL]**

Hello,

Consolidating separate email chains.

I maintain my objections and statements below and earlier. I thank you for the meet/confer on rescheduling.

I can attend on 4/22 but before 12:30PM or after 3 PM.

4

4/22 was the first day I could see a new counselor which is required for a psych referral, which is required before I can get back on my psychiatric medications including my Adderall - I've been off since losing insurance & Medicaid providers on 2/1 and its been extremely difficult without it - so I really do not want to have to further delay that appointment. Its in person at 1 PM for ~90min, and theyre meeting me at the hotel since I'm homeless and cannot afford to commute down to SJ. So I could do something in the morning but would need to end no later then 12:30 PM at the latest.

I'm also available any other day that week if the AM of 4/22 does not work.

I do request again some meet/confer regarding the confidentiality claim issues and I reserve my right to end the deposition early if I feel it is justified due to those or other issues, especially if Apple refuses to compromise on this.

Can you please also confirm if we're on for Yannick on 4/17 - you just said you're not available due to another case, and I wanted to ensure that someone else was planning to cover Mr. Bertolus.

Thank you,

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 7:38 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

As you know you were court ordered to complete your deposition today.  You appeared at the deposition but stated you were too sick to proceed.  We therefore agreed to look for a day next week to complete your deposition.

I have checked my calendar and unfortunately I am not available to finish your deposition next week. I have to be in Los Angeles on another case on the afternoons of April 14 and 15. I also am not

5

available on the afternoons of April 13th and 16th.  I will be defending the depositions you are taking on the mornings of April 13th , 15th and 16th.  I have an all-day mediation on the 17th and so am not available that day either.

I am available any time on April 22nd. Please confirm you will show up for your deposition on this date.  If not, we will include this issue in our omnibus motion to the Magistrate Judge.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Wednesday, April 8th, 2026 at 12:43 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Ms. Riechert:

Confirming what occurred today for the record. Defendant did not provide a Zoom log-in link until 11:59 AM. Plaintiff appeared as noticed at 12:00 PM.

At the onset, Counsel made a statement like: "So, shortly before this deposition, I received a notice from you that you were too sick to proceed with the deposition. I haven't read the entire objection yet, but I want to be sure that you are well enough to proceed with the deposition as we go forward

6

today." Plaintiff stated on the record that she was not well enough to proceed, and referenced her the objections and emails earlier today.

Apple's counsel then announced the deposition would not continue. Apple suspended the deposition around 12:17 PM, stating she did not want to go forward because Plaintiff was not well enough and the testimony would not be valid. Plaintiff said she would continue if Apple would claim the suspension was misconduct, ground for sanctions, or use it to prejudice the Plaintiff -- Apple refused to respond but insisted the deposition would not continue today.

This is notable because Apple's email sent at 11:47 AM — 13 minutes before the deposition — characterized Plaintiff's request to reschedule as not in good faith. Apple then opened the deposition by raising the same illness Apple had just characterized as pretextual, and voluntarily suspended based on it. Apple's pre-deposition email and Apple's conduct at the deposition are contradictory. The record speaks for itself.

The parties discussed rescheduling to the afternoon of April 14 or April 15. Please confirm which date works.

Plaintiff asked Apple to agree to ground rules for the rescheduled session, including that Apple not designate Plaintiff's testimony as confidential. Apple declined. That request remains open. Whether Plaintiff is able to proceed next week depends in part on whether Apple is willing to agree to conditions that do not exacerbate Plaintiff's condition — which, as stated on the record and in today's filings, is caused in significant part by Apple's litigation conduct.

All objections and reservations stated in Plaintiff's emails, attached letter, and on the record today remain in full force for the rescheduled session.

Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

7

On Wednesday, April 8th, 2026 at 11:59 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

I'm confirming I have no record of being sent log-in information for the Deposition today.

Please promptly send me the Zoom log-in information otherwise I have no way to attend.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 11:56 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Counselor,

Did you ever send the Zoom link for the deposition?

I don't seem to have a link.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 11:55 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Counselor,

8

Your email contains false, misleading, and unlawful statements including but not limited to the following.

You state you would "under normal circumstances" accommodate my request to reschedule but refuse due to "prejudice to Apple." You then list my litigation activity — filing motions, taking depositions, attending a rally — as the reason. That is an express admission that you are refusing to accommodate a sick deponent because she exercised her rights to file motions, take discovery, and engage in protected speech, legally permitted discovery, labor organizing, and peaceable assembly. Your statement is express retaliation under Section 8(a)(4) of the NLRA, and it is now in writing over your signature on behalf of your client.

Your timeline is also misleading. Judge Westmore's order issued March 30. I responded April 1 — two days, over a weekend. You noticed the deposition April 2 for April 6 — four days' notice. I told you I could only do April 8. You agreed and re-noticed for April 8. There was no delay. I am ill and suffering anxiety from Apple's intentional misconduct. None of that is me causing delays.

Your comparison of my litigation activity to my ability to sit for deposition is false. Filing motions from home while ill is not the same as being subjected to four hours of hostile examination about my personal injuries, harm, and suffering — the stated scope of this deposition. Deposing a third-party witness by asking them questions is not comparable to being the deponent forced to relive and testify about my own trauma, retaliation, and harm for four hours while sick and under the threat of gag orders attached to every word I say, while already suffering anxiety and PTSD episodes. You know this.

You state you have not read my letter but then characterize it as not in good faith. You cannot assess the good faith of a document you admit you have not read.

You state I can "so state on the record" if I am unable to provide testimony. I intend to do exactly that if my condition prevents me from continuing. District Judge Chen confirmed at Dkt. 344 at page 6 that I may contact Judge Westmore during this deposition if necessary. I will exercise that right if warranted.

All objections, reservations, and rights in my prior emails and letter are preserved.

Ashley Gjovik

9

Plaintiff, Pro Se

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 11:47 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley:

I have not had time to read the nine-page "objections" you attached to the email below, sent less than an hour prior to that start of your court-ordered deposition.  But we do not believe the request you have made is in good faith, for reasons that include the following:

- On Monday, March 30, Judge Westmore ordered you to sit for four more hours of deposition no later than today, saying she was going to "hold [you] to [your] agreement and representation" to appear.  *See* Dkt. No. 327 at 5.

- We emailed you two hours after that order was entered, asking you for your availability on April 2, 3, 6 (after 11am), 7, or 8. You did not respond to that email.

- We followed up the next day (Tuesday, March 31), again asking for your availability on April 6 or 8.

- You responded on Wednesday, April 1 arguing why you shouldn't have to appear despite the Court's order.

- We emailed you on Thursday, April 2, addressing your arguments in detail and noticing your deposition for 12noon PT on Monday, April 6.

10

- You responded on Friday, April 3 saying you were only willing to appear on April 8 from 1-4pm (*i.e.* for less than the court-ordered four hours).

- At your insistence that you would only appear on April 8, we rearranged schedules (including changing travel plans necessary to attend to other work commitments) to be available on April 8 at 12noon PT as you insisted, and we sent you a revised notice on Friday, April 3 to that effect.

- In the interim, you emailed us repeatedly regarding the various depositions of current and former Apple employees you wanted to take; publicized and appeared at a "rally" outside of the San Francisco courthouse on April 2; took Dr. McKeon Aloe's deposition on April 3; and took Mr. Okpo's deposition on April 7. You also found time to file ten different motions and objections with the Court during this nine-day window. *See* Dkt. Nos. 330, 331, 329, 336, 337, 338, 339, 342, 343, 343-1. And within minutes of Judge Chen's ruling against you on your Rule 72 objections within the last hour, you found time to analyze it and send us another email arguing again you should not have to appear for deposition. Throughout this process many of your emails to us on a panoply of issues alluded to the fact that you were feeling ill – but none of that stopped you from pressing forward, until the time for your deposition came.

- The only reasonable reading of this record is that you appear to believe you are entitled to pursue what you want from Apple almost without limit, but are depriving Apple of court-ordered deposition testimony regarding the claims you have brought.

- While under normal circumstances, we would accommodate your request to reschedule, we cannot do so here given the prejudice to Apple.

We will appear on Zoom at 12noon PT to conduct your court-ordered deposition as noticed. If you are unable to participate and provide testimony, you can so state on the record.

**Melinda Riechert**
Partner
Orrick
Silicon Valley    <image001.jpg>

11

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

<image002.png>

On Wednesday, April 8th, 2026 at 11:03 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Counsel,

As you know, I am currently ill with influenza  or a severe cold (five days and worsening), was unable to sleep last night, and is experiencing acute anxiety and panic attacks related to this deposition and Apple's pattern of discovery conduct. She is seeking medical attention.

The attached letter details Plaintiff's request to reschedule, her assertion of crime victim rights under the California Constitution (Marsy's Law) and 18 U.S.C. § 3771, her objections to Apple's ongoing witness intimidation under 18 U.S.C. § 1512, and her objections to Apple's NLRA violations including breach of the April 2025 NLRB settlement. The letter supplements and incorporates Plaintiff's opposition at Dkt. 319 and Rule 72 objections at Dkts. 336–339.

Plaintiff asks Apple to agree to reschedule this deposition to a date when she has recovered. If Apple refuses, Plaintiff will appear as ordered but may be unable to proceed for the full session due to her medical condition and/or Apple's conduct.

Apple is on full notice that if Plaintiff is forced to suspend under Fed. R. Civ. P. 30(d)(3), Apple will have no basis to claim surprise, misconduct, or seek sanctions.

Plaintiff also notes that Apple filed two motions in the last two days requiring Plaintiff to divert time and resources while Apple knows she is ill.

Please confirm whether Apple agrees to reschedule at your earliest convenience.

Respectfully,

Ashley Gjovik

Plaintiff, Pro Se

<image003.gif>

[EXTERNAL]

Counsel,

As you know, I am currently ill with influenza  or a severe cold (five days and worsening), was unable to sleep last night, and is experiencing acute anxiety and panic attacks related to this deposition and Apple's pattern of discovery conduct. She is seeking medical attention.

The attached letter details Plaintiff's request to reschedule, her assertion of crime victim rights under the California Constitution (Marsy's Law) and 18 U.S.C. § 3771, her objections to Apple's ongoing witness intimidation under 18 U.S.C. § 1512, and her objections to Apple's NLRA violations including breach of the April 2025 NLRB settlement. The letter supplements and incorporates Plaintiff's opposition at Dkt. 319 and Rule 72 objections at Dkts. 336–339.

Plaintiff asks Apple to agree to reschedule this deposition to a date when she has recovered. If Apple refuses, Plaintiff will appear as ordered but may be unable to proceed for the full session due to her medical condition and/or Apple's conduct.

Apple is on full notice that if Plaintiff is forced to suspend under Fed. R. Civ. P. 30(d)(3), Apple will have no basis to claim surprise, misconduct, or seek sanctions.

Plaintiff also notes that Apple filed two motions in the last two days requiring Plaintiff to divert time and resources while Apple knows she is ill.

13

Please confirm whether Apple agrees to reschedule at your earliest convenience.

Respectfully,

Ashley Gjovik

Plaintiff, Pro Se

On Friday, April 3rd, 2026 at 5:53 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I have rearranged my schedule so that I am now available April 8, starting at noon, to take your deposition.  Please see the new notice attached.

**Melinda Riechert**
Partner
Orrick
Silicon Valley    <image001.jpg>

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

<image002.png>

<image003.gif>

[EXTERNAL]

I already said yesterday that 4/6 won't work and you previously said either 4/6 or 4/8. Can Jessica do it instead on 4/8? You already offered that date. You have four attorneys noticed on this and Apple has like 20 more overall. I'd think someone can please cover for you counselor.

14

Also, I have full rights under FRCP and case law to end a deposition early if I have a good faith belief that I have justification to do so. Most of your stated questioning would be topics covered at trial, not summary judgement, so a Judge finds that I need to complete further deposition after ending early, we'd still have months to arrange that. Furhter, there would be no need to end early if Apple and its agents do not engage in conduct which would justify ending early. Easy fix.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 3rd, 2026 at 10:31 AM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I am not available on 4/8.  We need to do this on Monday at 1 pm. I have 4 hours of testimony (not including breaks)

**Melinda Riechert**
Partner
Orrick
Silicon Valley   <image001.jpg>

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

<image002.png>

<image003.gif>

[EXTERNAL]

15

Without waiving any objections or rights, or making any admissions or agreements otherwise, solely due to the lack of time available to further review and consider, I'm confirming 4 additional hours of depo on 4/8, starting at 1pm and going until 4pm.

I do not have time for anything else today prior to the McKeon depo, other than preparing for the McKeon depo. Then, after, I'll be drafting and filing updated Rule 72 Objections. Then, its the weekend and that will be full of work, and obligations I already have for Monday.

However, you do need to schedule a depo if one will occur and that leaves no time at all to sort things out prior. So please go ahead and schedule for 4/8, I'll make objections before and during as needed, and end it earlier if I feel misconduct is occurring or is otherwise justified under FRCP and relatvant law.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 10:23 AM
**To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** My deposition - 4/8

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

16

# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**CERTIFIED TRANSCRIPT**

ASHLEY GJOVIK,

     Plaintiff,

vs.                                    CASE NO. 23-cv-4597-EMC

APPLE INC.,

     Defendant.
_____/


VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION OF
ASHLEY GJOVIK
VOLUME II
Pages 347 to 364


DATE:          Wednesday, April 8, 2026

TIME:          12:03 p.m. - 12:17 p.m.

LOCATION:      (All attendees appearing remotely.)

REPORTED BY:   JULIE L. ANDERSON, CSR
               Stenographic California CSR No. 11422


               Talty Court Reporters
               2131 The Alameda, Suite D
               San Jose, California 95126
               (408) 244-1900

DEPONENT: ASHLEY GJOVIK, VOLUME II                          April 08, 2026
ASHLEY GJOVIK vs APPLE INC.

                    ::: APPEARANCES :::


FOR THE PLAINTIFF:

     ASHLEY GJOVIK, IN PRO PER
     ashleymgjovik@protonmail.com
     (415) 964-6272



FOR THE DEFENDANT:

     ORRICK, HERRINGTON & SUTCLIFFE LLP
     BY:  MELINDA S. RIECHERT, ATTORNEY AT LAW
          (Appearing Via Videoconference)
     1000 Marsh Road
     Menlo Park, California 94025
     (650) 614-7400
     mriechert@orrick.com


- AND -

     APPLE INC.
     BY:  PHILIP J. SHECTER, ATTORNEY AT LAW
          (Appearing Via Videoconference)
     1 Apple Park Way, M/S 37-2Be
     Cupertino, California 95014



ALSO APPEARING REMOTELY:

     Theresa Majers, Videographer



**TALTY COURT REPORTERS, INC.**                              **348**
**408.244.1900 - www.taltys.com**

DEPONENT: ASHLEY GJOVIK, VOLUME II                          April 08, 2026
ASHLEY GJOVIK vs APPLE INC.

:::  INDEX OF EXAMINATIONS  :::

EXAMINATION BY:                                        PAGE


          MS. RIECHERT                                 351



:::  INDEX OF EXHIBITS  :::

NUMBER        DESCRIPTION                             PAGE


        (None marked.)



P R O C E E D I N G S

-oOo-

THE VIDEOGRAPHER:  We're going on the record at 12:03 p.m. on April 8, 2026.  This is the video deposition of Ashley Gjovik in the matter of Ashley Gjovik vs. Apple Inc., filed in the United States District Court, Northern District of California, San Francisco Division, Case Number 23-cv-4597-EMC.

This deposition is being held via Zoom.  My name is Theresa Majers, and the court reporter is Julie Anderson, both on behalf of Talty Court Reporters, Inc., with offices in San Jose, California.

I will ask counsel to state their appearance and affiliation for the record starting with the noticing attorney.

MS. RIECHERT:  My name is Melinda Riechert, and I am representing the defendant Apple in this case.

MS. GJOVIK:  My name is Ashley Gjovik.  I'm a pro se plaintiff.  I'm not an attorney.

THE VIDEOGRAPHER:  Will the court reporter please introduce herself and then swear in the witness.

THE REPORTER:  My name is Julie Anderson.  I



am a California Certified Shorthand Reporter.  My

license number is 11422.

                    ASHLEY GJOVIK,

 having been duly sworn remotely by the California

Certified Shorthand Reporter, testified as follows:

                       -oOo-

               EXAMINATION BY MS. RIECHERT

BY MS. RIECHERT:

    Q.  So shortly before this deposition, I

received a notice from you that you were too sick to

proceed with the deposition.  I haven't read the

entire objection yet.  But I want to be sure that

you are well enough to proceed with the deposition

as we go forward today.

    A.  I'm not.  As I explained in an email on the

filing, I'm very sick and I'm suffering PTSD

episodes and panic attacks from the ongoing

harassment from Apple and the use of the protective

order to create gag orders on me based on my own

testimony.  And facing four hours of you asking me

admittedly about my suffering, harm, injuries, and

the risk that you're now going to take tag as

confidential and claim I can't speak about it to

anyone else because of my witness testimony in this

deposition is one of the most offensive, harmful,



harassing, and intimidating things Apple has done in the six years of a legal dispute.

And when I raised that to you and asked for consideration, you said no because I had been engaging in protected activity and whistleblower disclosures and advocating for myself, which I told you, Melinda, was over retaliation in addition to refusal of accommodations.  And, no, I'm not ready.  I already said that.  If you want to force it, it's your right.  But I will end it if you engage in any of that kind of conduct.  But I'm still waiting because you can use that gag order after this and then redesignate what I say and claim there's gag orders on that too, Melinda.  That is just horrible.  That is an extreme violation of human rights, civil rights, case law, labor law.  It is so egregious.  I object.

Q.   Okay.  I'm not going to proceed with the deposition if you are not well enough to proceed with it, but I wanted to point out for the record that you have been actively participating in this case.  You took a -- have taken two depositions, which I've attended.  You filed numerous motions.  You filed objections today.  You have been actively participating in the case.  And then when it comes



time for our to take -- us to take the deposition that was ordered by the judge on a date that you agreed to some time ago, for you to now come forward when we have a court reporter and a videographer here, to say that you are unable to give this deposition is in my opinion, unlikely to be in good faith.  But if you are not --

    A.  I would like to respond to that.  You just made a bunch of allegations.  And I already said in email, it's completely different than my requirements of filing the things that you're initiating and me advocating for my rights and trying to maintain my lawsuit while you're repeatedly asking to have the entire lawsuit dismissed, having me sanctioned, found in contempt, and now you're saying me defending myself is somehow misconduct or proof of misconduct by me now.

        And as I said, you are forcing me to sit here for four hours to talk about my personal suffering, injury, and harms in an adversarial interrogation while you have used that protective order to create prior restraint gag orders about my protected activity, about my suffering, about my complaints with the risk of you doing it again.

        I had agreed to this four hours, Melinda.  I



would have probably tried to do it while sick had you not been doing all of the other stuff, and that was my objections and that's the motions I've filed. If Apple will agree they will not use the protective order at all during this deposition, that would relieve -- or after -- a lot of my anxiety and PTSD, which is exacerbating the illness, you blaming me. I'm maintaining my case, which otherwise I would lose it and I'd continue to be homeless forever, insolvent forever if this case is dismissed, Melinda, is not a valid argument.

Q.   Okay.  So I cannot commit not to use the protective order in this case because I have a number of questions to ask you about your employment, and if any of those questions I believe yield confidential information, then I will not be able to agree not to issue the protective order.

A.   And I asked you in email to tell me beforehand some kind of definition of what you think confidential is so I can avoid any possible terms that you had said, and you refused to respond to that.  You provide no clarification.  You provide no guardrails on that.  So how am I supposed to proceed with that, Melinda?

Q.   So under the protective order, as you well



know, we have the right to designate things as confidential.  You have the right to object.  And then the magistrate judge will decide if those were confidential or not.

A.  You designated whistleblower disclosures, NLRB charges, me protesting criminal conduct by Apple that Apple confirmed again by National Institute of Health this morning is formally under investigation for violating human research laws by everything you're doing right now, all the motions you filed, Melinda.  You are under investigation by the federal government for violating human research laws for the thing you're defending right now, and you want to talk to me about stuff that you're saying right now you may tag as confidential and want months of gag orders against me about -- based on Apple's unilateral unsigned designations claiming stuff that is public protected crime victim testimony is somehow secret and I should be sanctioned, held in contempt, have my lawsuits dismissed, and worse, for even protesting it.  And now you want to talk for at least four more hours to do even more of it and you're blaming me.

Q.  You brought this lawsuit.  We have not sought to sanction you --



A.  Your client fired me --

(Simultaneous speakers.  Reporter admonition.)

BY MS. RIECHERT:

Q.  You brought this lawsuit.  We have not sought to sanction you.  We have not sought to hold you in contempt.  We have simply sought to enforce a protective order that you agreed to and signed and then violated.

A.  You requested to have the entire lawsuit dismissed based on that.

Q.  I have not seen a motion for Rule 11 sanctions --

A.  It was in a footnote --

(Simultaneous speakers.  Reporter admonition.)

BY MS. RIECHERT:

Q.  Okay.

A.  Melinda, what do you want to do today?

Q.  I do not want to go forward if you are not well enough to go forward because then the testimony will not be -- you'll later claim that the testimony was not valid.  So if you're not ready to go forward, which it sounds like you're not, we will suspend the deposition at this time.  I disagree



with all of the characterizations you've made, but I'm not going to spend time doing that.  We will go back to the magistrate and get a deposition at some point.  But it's your lawsuit.  You've been ordered to appear and you need to testify at some point.  If it's not going to be today, you need to testify --

A.  I will testify at some point.  I want to ask, though, are you going to seek -- when you say go to the magistrate, are you going to seek sanctions?  Are you going to say me trying to stop right now is misconduct?  Because I can't handle any more of that crap from you, Melinda.  We can do this and I'll just cry for four hours as we go through this.  I don't want you raising even more crap to the court about this.

Q.  We have not sought sanctions against you yet.  So what we want is for court orders to be enforced, the court ordered you to appear for deposition, and we will, if necessary, go back to the court and get another order for you to participate in the deposition.  But --

A.  Can we just schedule it in May right now?

Q.  I believe we have a discovery cutoff, but we -- we can certain talk -- I don't want to do it on the record -- and come up with a different date



to schedule it, but --

A.   Okay.  How about this?  You're refusing the deposition of the corporation on the 14th.  Can we just move it to the 14th?  I'm not going to be able to force you into the room by the 14th anyways.

Q.   14th?  I have a meeting on the 14th already, so I cannot do it on the 14th.

A.   What about one of the half -- did you decline that -- you declined Power's deposition?

Q.   No.  I think we are still going on Powers. I have Power's deposition on the 15th from 8:30 to -- or 9:00 to noon, I think.

A.   Can we do a half day on one of those days where I have the -- the other side of the half day scheduled?

Q.   So either the 15th or the 14th?

A.   Yeah.

Q.   Okay.  I will check that out, and I will get back to you by email.  And, meanwhile, this deposition is suspended until we can either agree on a new date or --

A.   Sorry.  I want to clarify.  Are you going to claim it's misconduct of me asking to stop it or are we just -- are we actually agreeing without you taking further harm against me right now to move it



out, assuming I show up at the next week one and we can proceed?

Q.  So I will need to check my calendar and check with others, and I will get back to you on that subject.

A.  Yeah, but I don't want to end it now if you're going to seek sanctions or use this as allegations of misconduct against me.  I'd say, "Let's go.  Let's do it" if that's what you're going to do.

Q.  You've already said you're not ready to go forward, but I think we should be able to do it on the afternoon of the 15th and potentially on the afternoon of the 14th, but the 15th looks clear to me.

A.  I would just like you to say on the record that we're stipulating to this -- to the illness and disability and not allegations of misconduct that you're going to try to weaponize against me later.

Q.  Okay.  I'm not going to stipulate to anything, but I will look to a date next week that we can complete this deposition, and hopefully you will be better by then and able to --

A.  I'm not -- I don't want to agree to end it if you're not going to agree that you're not going



to seek some kind of sanctions or use this as an allegation of misconduct against me.

Q.   Okay.  You've already said you're not prepared to proceed today so --

A.   I'm not.

Q.   -- so let's look at the 15th in the afternoon, possibly the 14th in the afternoon, and I will get back to you on one of those days.

A.   I just want to reserve all my rights here that I'm agreeing to end it because I had asked. I'm not ready.  But also you're not saying that you're going to claim this as misconduct and you're not warning me that you will file more -- even more motions, Melinda, accusing me of stuff about asking to reschedule.  And if you do, I'm going to have to quote this and come back and say I asked you to give me a warning if that's what you are going to do and that I would continue if that's what you're going to do and you won't respond.

Q.   We're going to suspend it at this time, and we're going to look at a date hopefully next week on the 14th or the 15th to go through the deposition at that time.

A.   Can we meet and confer about some kind of agreement of ground rules of what will occur?  I



want to be able to give you this testimony, Melinda, if it's something you think you need and you are entitled to, but I can't do it with all the harassment and intimidation you guys have been doing.  It is impossible.  Like, we need an agreement of how this is going to work so you're not designating more stuff and claiming it's confidential and creating gag orders and all that stuff.  It's -- it's horrible, Melinda.

Q.  There has been no harassment.  There's been no intimidation.  We are simply enforcing orders of the court that you agreed to and violated --

(Simultaneous speakers.  Reporter clarification.)

THE WITNESS:  I did not agree to the protective order.

(Simultaneous speakers.  Reporter admonition.)

BY MS. RIECHERT:

Q.  Okay.  And I cannot tell you that I will not designate information as confidential.  If the information that I ask you about is confidential, I will designate it as such, and the court will rule if you object to the designations.

A.  I just object and disagree.



Q.   Okay.  Well, let's see if we can get this next week and -- and see if you're able to give a deposition at that time.

A.   Okay.

THE REPORTER:  Would you like a copy of this transcript?

MS. RIECHERT:  Yes, please.

THE REPORTER:  Ashley?

MS. GJOVIK:  Yes, please.

THE REPORTER:  Okay.  Videographer?

THE VIDEOGRAPHER:  This concludes the deposition on April 8, 2026, at 12:17 p.m.

(End time:  12:17 p.m.)

DEPONENT: ASHLEY GJOVIK, VOLUME II                           April 08, 2026
ASHLEY GJOVIK vs APPLE INC.

:::  DECLARATION OF WITNESS  :::


        I hereby declare I am the deponent in the
within matter; that I have read the foregoing
deposition and know the contents thereof, and I
declare that the same is true of my knowledge except
as to the matters which are therein stated upon my
information or belief, and as to those matters, I
believe it to be true.
        I declare under the penalties of perjury of
the State of California that the foregoing is true
and correct.


        Executed this _____ day of
_____,

2026, at _____, _____.
        (City)                                  (State)


        _____
        ASHLEY GJOVIK



DEPONENT: ASHLEY GJOVIK, VOLUME II                          April 08, 2026
ASHLEY GJOVIK vs APPLE INC.

::: CERTIFICATE OF REPORTER :::

I, JULIE L. ANDERSON, a Certified Shorthand Reporter, holding a valid and current license issued by the State of California, CSR No. 11422, duly authorized to administer oaths, do hereby certify:

That the witness in the foregoing remote deposition was administered an oath remotely to testify to the whole truth in the within-entitled cause.

That said deposition was taken down remotely by me in shorthand at the time and place therein stated and thereafter transcribed into typewriting, by computer, under my direction and supervision.

(X) Reading and signing was not requested/offered.

Should the signature of the witness not be affixed to the original deposition transcript, the witness shall not have availed himself/herself of the opportunity to sign or the signature has been waived.
The dismantling, unsealing, or unbinding of the original transcript will render the Reporter's Certificate null and void.

I further certify that I am neither counsel for nor related to any party in the foregoing depositions and caption named nor in any way interested in the outcome thereof.

DATED:  April 10, 2026

_____
JULIE L. ANDERSON, CSR
California Certified Shorthand Reporter 11422

# EXHIBIT G

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:      +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:      +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF ASHLEY GJOVIK**<br><br>Date:     April 20, 2026<br>Time:    12:00 p.m. (Pacific Time)<br>Location:  Remote |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30, Defendant Apple Inc. ("Defendant"), through its attorneys of record, Orrick, Herrington & Sutcliffe LLP, will take the continued oral deposition of Ashley Gjovik before an officer authorized to administer oaths and to conduct depositions. The deposition will continue on April 20, 2026, at 12:00 p.m. Pacific Time, and will continue for up to four (4) hours of testimony (not including breaks) or as otherwise agreed by Plaintiff and counsel for Defendant.[1]

PLEASE TAKE FURTHER NOTICE THAT the deposition will be taken before a certified court reporter or officer qualified to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The deposition will be taking place via remote means using Zoom, an audio-video conferencing technology. Instructions for accessing the deposition will be provided to participants in advance of the noticed date and time. Counsel for the parties and representative(s) of Defendant will participate from various and separate locations. The deponent must attend the deposition using a laptop or desktop computer. Pursuant to Federal Rule of Civil Procedure 30(b)(3), a certified court reporter will record the deposition by stenographic means, and a certified videographer will record the deposition by audio or audiovisual means. Defendant further reserves the right to use a video recording of the deposition testimony in connection with the summary judgment motions or trial.

Dated: April 9, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

_Melinda Riechert_

MELINDA S. RIECHERT
Attorneys for Defendant
APPLE INC.

---

[1] Apple sends this notice reserving all rights it may have with respect to Plaintiff's failure to complete this four additional hours of deposition by April 8, 2026, as ordered by the Court. *See* Dkt. No. 327 at 5 ("The Court … orders Plaintiff to undergo four additional hours of deposition. The parties are ordered to meet and confer regarding scheduling, but the deposition shall occur by April 8, 2026.").

NOTICE OF CONTINUED DEPOSITION
[CASE NO. 23-CV-4597-EMC]

## **CERTIFICATE OF SERVICE**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California. On April 3, 2026, I served the following document(s):

**DEFENDANT APPLE INC.'S NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF ASHLEY GJOVIK**

By Electronic Service:  On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address jperry@orrick.com to the email addresses below:

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2026.

*Melinda Riechert*

_____
Melinda S. Riechert

CERTIFICATE OF SERVICE
[CASE NO. 23-CV-4597-EMC]

# EXHIBIT H

| | |
|---|---|
| **From:** | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| **Sent:** | Wednesday, November 19, 2025 8:10 AM |
| **To:** | Ashley M. Gjøvik |
| **Cc:** | Riechert, Melinda; Booms, Ryan; Mantoan, Kathryn G.; Perry, Jessica R.; Horton, Nicholas J. |
| **Subject:** | RE: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections |

**[EXTERNAL]**

Hello,

Per Judge Chen's order at at Dkt. 267 (11/18/25), the Emergency Stay that Apple had unilaterally requested on Aug. 25 2025 is now lifted.

Accordingly, I'm re-noticing the prior Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe. Please provide an update and ETA for those depositions.

Please also let me know when Apple would like to schedule my deposition. I'd like to get it done prior to January 2026.

Apple & I have a hearing and a trial scheduled in mid-December, for two other cases -- not this one,-- which is shortly before the holidays. Then when we return, we have the Case Mgmt conference with Judge Chen in Jan 2026. So, lets try to schedule it for the the first or second week of December?

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, August 20th, 2025 at 6:05 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello counselor,
>
> On August 8, you confirmed my deposition for October 7 and told me you would send me a notice for that date. You have not yet sent me a notice, but I have already scheduled it in my own calendar, including scheduling therapy appointments the days before and after, in preparation for the anticipated psychological violence that Apple and its lawyers are so skilled at delivering.
>
> Judge Chen's minutes at Dkt. 242 noted that "Plaintiff indicated that she would schedule her deposition before 10/21/25" so Oct. 7 is actually ahead of that deadline. Judge Chen's minutes said nothing about ordering of depositions, and as noted prior, Apple had repeatedly refused to create a discovery plan that could have allowed for negotiation about dependencies and scheduling. As such, there's no authority that my deposition must come first before any others, and if you are going to

1

insist on that, you will need to file a Motion/Letter to the court with your justification as to why you think that its needed while concurrently also refusing for two years to create any sort of discovery plan.

Please provide an ETA about how much more time you expect to need regarding Mr. Bertolus. And please proceed with your Oct. 7 2025 Deposition notice, as you told me you would send me 12 days ago.

-Ashley

## RE: Gjovik v Apple - Fall 2025 Depositions

 **Riechert, Melinda<mriechert@orrick.com>**

To: Ashley M. Gjøvik

Cc: Booms, Ryan;  Mantoan, Kathryn G.;  Perry, Jessica R.

Ashley

We will be sending you a notice for your deposition on October 7. We will let additional depositions.

We await your list of 30(b)(6) topics.

**Melinda Riechert**
Partner

Orrick
Silicon Valley  Ⓥ
T 650/614-7423
M 6507591929
mriechert@orrick.com



—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, August 20th, 2025 at 5:54 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

This responds to you August 18 email regarding deposition scheduling.

During our conference with Judge Chen on August 5, 2025, you indicated you were available for deposition the last week of September or the first week of October.  Are you now saying you are in fact available earlier? Your deposition needs to happen before anyone else's.

We also need additional time to confirm whether Mr. Bertolus will require a subpoena given that he is no longer an Apple employee. We will separately follow up with you once we confirm this.

**Melinda Riechert**
Partner

Orrick
Silicon Valley  Ⓥ
T 650/614-7423
M 6507591929
mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, August 18, 2025 1:56 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>

3

**Subject:** RE: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

[EXTERNAL]

Hello!

### Depositions

First, I did not refuse to appear. I had once asked to reschedule, which you agreed. However, upon that cancellation you then did not attempt to reschedule for some time. Once you did ask to reschedule, I quickly agreed. That is not "refusal to appear."

Further, if we actually had a discovery plan that agreed to the scheduling and order of depositions, you could have tried to negotiate a schedule where my depo came first -- if you had some justification as to why that was required and I found it reasonable, which you have not attempted to do. But instead you've refused to create exactly the kind of plan you're now claiming exists in the ethers. You can't insist on a discovery plan while concurrently refusing to create a discovery plan.

Please clarify if you are refusing my two notices of deposition without further meet/confer about how they are written (so meet/confer is done) or if you're willing to discuss my requests further.

At the same time confirm if you'd like to actually engage in creating a discovery plan that could include scheduling and dependencies, as I previously requested repeatedly -- or if you are also refusing that again (meet/confer is done).

Finally, either way, I need you send me a formal response with your response, in order to request help from the court if you won't engage in good faith on this. Your response also needs to address my question about whether Apple will make Bertolus available or not.

### Subpoenas

4

The email I received from my 2020-2021 therapist was titled "subpoena." She wrote "I have heard from a lawyer wanting to subpoena your medical records" and "I'll be speaking with them on Monday the 18." Please provide more detail about who you are contacting, what you are speaking with them about, what you are requesting. As for the remainder of your response, thank you for now sharing that information (though well after the fact and only upon my demand). Note - I need to also be given time to move for a protective order even if I agree to the scope.

**Interrogatory No. 1**:

I disagree with your position and find it legally untenable. Are you willing to meet/confer on this more -- or shall I move to request help from Judge Westmore now? Your response sounds conclusive and in which case there would be nothing more to meet/confer about.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, August 18th, 2025 at 4:30 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

This email responds to your August 13 and 18, 2025 emails regarding depositions of Apple employees, alleged subpoenas to your medical providers, and your meet and confer regarding Apple's response to Interrogatory No. 1.

**Depositions**:

Apple noticed your deposition some time ago and that deposition was taken off calendar based on your refusal to appear. Your deposition will need to proceed before any other depositions take place.

**Subpoenas**:

Apple has not subpoenaed any records from your medical providers.  We have reached out to the providers included in your interrogatory responses to confirm whether the address you provided is the correct address for the custodian of records so that the subpoenas are addressed to the proper entity/department responsible for responding to subpoenas.

Once we confirm the proper addresses and the subpoenas are ready, we will provide you a copy of the subpoenas as is required by FRCP 45. If we can agree to the scope, we will ask that you provide a HIPPA release to accompany the subpoena.  If we cannot agree on the scope, we will submit the matter to Judge Westmore to allow her to determine the appropriate scope and will attach that order to the subpoenas.

Either way, the subpoenas will not be served on the medical providers until we follow this process.

**Interrogatory No. 1**:

Interrogatory No. 1 asked Apple to "[s]tate in detail Defendant Apple Inc's complete and formal reason(s) for terminating Employee, Ashley Gjovik's, employment as of the time of the termination on Sept. 9 2021." Apple asserted various objections regarding the vagueness and breadth of this interrogatory and, notwithstanding those objections, provided the reasons for your termination. Apple has fully and completely answered your request consistent with its obligations under the Federal Rules of Civil Procedure and applicable federal authority, including the Northern District of California.

Further, your meet and confer letter appears to go far beyond the original interrogatory to include at least 15 subparts that must be treated as separate interrogatories seeking different information. We disagree that such information is required to be included in response to an interrogatory that sought the reasons for your termination. And, even if it did, interrogatories that ask for every

6

fact supporting a particular legal contention are impermissibly overbroad and a responding party "is not obligated to put forth its entire case in response to a single interrogatory." *S.E.C. v. Berry*, No. C07-04431 RMW HRL, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (confirming "[a]n interrogatory may reasonably ask for the material or principal facts which support a contention" but interrogatories that seek "each and every fact" supporting a certain contention are overly burdensome and "[o]ther discovery procedures, such as depositions and production of documents, better address whatever need there be for [ ] secondary detail[s].").

Apple sufficiently explained its reasons for your termination and stands by its response.

**Melinda Riechert**
Partner

Orrick
Silicon Valley  Ⓥ
T 650/614-7423
M 6507591929
mriechert@orrick.com



---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, August 18, 2025 9:37 AM
**To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** Re: Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

[EXTERNAL]

Hello,

I have not received any response yet.

7

To be clear, the objection demanding immediate compliance with Rule 45(a)(4) started a five-day meet/confer window on August 13 2025. I request full compliance by August 20 2025 or else I will file a Motion to Judge Westmore requesting intervention and sanctions.

As for the objections to Apple's response to Interrogatory 1, I asked for a response with 14 days and the five-day meet/confer window will start during that time, so if this is not corrected, I will also move to file another Motion to Compel.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, August 13th, 2025 at 7:59 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello counsel,

Please see attached for service of:

- Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe
- Interrogatory Set 4
- Request for Production Set 3

Please also see attached for objections and requested meet/confer regarding:

- Apple's failure to provide notice and copies of subpoenas
- Request for supplemented response to Interrogatory No. 1

8

Thanks,

-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**


Sent with Proton Mail secure email.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privi received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by la received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT I

**From:** Riechert, Melinda
**Sent:** Wednesday, January 14, 2026 8:20 PM
**To:** Ashley M. Gjøvik
**Cc:** Ashley M. Gjovik (Legal Matters); Perry, Jessica R.; Mantoan, Kathryn G.; Horton, Nicholas J.; Weaver, Nicholas; Russell, Zoe; Booms, Ryan
**Subject:** RE: Apple-Gjovik ND Cal - joint status report - due Tuesday

Ashley,

We anticipate needing up to four hours to complete your deposition but will strive to get it done in less time. Please let us know if you are available on 2/2, 2/4, 2/5, 2/6 or 2/10 for your continued deposition.

Additionally, please let us know if there any days in March or the first two weeks of April that you are not available for deposing Yannick and Robert; we are checking with them regarding their availability in parallel.

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

![orrick]

---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, January 6, 2026 2:42 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Russell, Zoe <zrussell@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Apple-Gjovik ND Cal - joint status report - due Tuesday

**[EXTERNAL]**

Hello,

**My deposition:**

Regarding your update to Judge Chen, you assumably plan to insist you cannot proceed to Summary Judgment unit you complete your unlimited deposition of me. The status conference is about scheduling that Summary Judgement. Which means Judge Chen will either: 1) make the decision himself, which could include him issuing an order on this as if you raised it yourself to him direclty or 2) wait for you to file the motion to Judge Westmore and then reschedule our status conference for another 2-3 months out when you can delay again in bad faith for new or similar reasons.

1

You could have filed the motion to Judge Westmore weeks ago but you did not. You kept it an open issue without any documented path to resolution, and let it fester so you could then use the issue you created yourself to try to further delay and block summary judgement.

**My requests for depositions:**

I renoticed my notices of deposition on Nov. 19 2025.

> *Accordingly, I'm re-noticing the prior Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe. Please provide an update and ETA for those depositions.*

Apple never responded until now -- nearly <u>two months later.</u>

I sent notices of depositions on Aug 13 2025. On Aug 18 2025 Melinda wrote: "Your deposition will need to proceed before any other depositions take place."  On Aug 18 2025 I wrote: "Please clarify if you are refusing my two notices of deposition without further meet/confer about how they are written (so meet/confer is done) or if you're willing to discuss my requests further," "you can't insist on a discovery plan while concurrently refusing to create a discovery plan," and "I need you send me a formal response with your response, in order to request help from the court if you won't engage in good faith on this. Your response also needs to address my question about whether Apple will make Bertolus available or not."
On Aug 20 2025 Melinda wrote: "This responds to you August 18 email regarding deposition scheduling....<u>We also need additional time to confirm whether Mr. Bertolus will require a subpoena given that he is no longer an Apple employee. We will separately follow up with you once we confirm this."</u>

Per your last updates I'm waiting for you to give me info about the need to subpoena Yannick. Per your last updates I'm also waiting to see if you'll allow me to depose people until after you think you're done deposing me, which is what you demanded earlier.

I can provide updated time ranges, but thats pointless until you address the outstanding questions and issues first. What is your update about Yannick? Are you going to block the McKeon depo until you think you're done (or the court tells you you're done) deposing me?

**Discovery plan**

This is false. I addressed this partially in my other email, and in detail prior. But ultimately this is moot if we just close discovery next week and move to summary judgment. I'm ready to say I'm done (the well is clearly dry with you folks on this) so this is actually on Apple to explain what they think they need still, which also includes explaining their defenses, which they still have not done and refuse to do. Apple also has not provided any targeted requests for production to me at all so I don't think they actually need anything more based on their conduct. The plan can simply be that we're all done and we're doing to Rule 56 now.

-Ashley


On Wednesday, November 19th, 2025 at 1:44 PM, Mantoan, Kathryn G. <<u>kmantoan@orrick.com</u>> wrote:

> Ashley:
>
> Attached please find an amended notice of deposition, setting your remote deposition for the first date in December 2025 that we are available (December 18, 2025).  If that date is not workable for you, please let us know and we can attempt to identify a mutually agreeable later date.
>
> Thank you,
> Katie

**Kathryn G. Mantoan**
Attorney

Pronouns: she / her / hers

Orrick
San Francisco | Portland

T +1-415-773-5887
M +1-415-218-4865
T +1-503-943-4870
kmantoan@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Wednesday, November 19th, 2025 at 11:10 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:


Hello,
Per Judge Chen's order at at Dkt. 267 (11/18/25), the Emergency Stay that Apple had unilaterally requested on Aug. 25 2025 is now lifted.
Accordingly, I'm re-noticing the prior Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe. Please provide an update and ETA for those depositions.
Please also let me know when Apple would like to schedule my deposition. I'd like to get it done prior to January 2026.
Apple & I have a hearing and a trial scheduled in mid-December, for two other cases -- not this one,-- which is shortly before the holidays. Then when we return, we have the Case Mgmt conference with Judge Chen in Jan 2026. So, lets try to schedule it for the the first or second week of December?
-Ashley
—
**Ashley M. Gjøvik**
**BS, JD, PMP**

—
**Ashley M. Gjøvik**
**BS, JD, PMP**
Sent with Proton Mail secure email.
On Tuesday, January 6th, 2026 at 1:02 PM, Riechert, Melinda <mriechert@orrick.com> wrote:


Ashley,

In addition to getting us your comments on the joint status report so that we can file them before close of business today, I wanted to respond to your email below.

<u>Regarding your deposition</u> – We do not plan to ask Judge Chen for additional time to complete the deposition. As our portion of the case management statement makes clear, we intend to request additional time from Magistrate Judge Westmore if you will not agree. We will send a separate email to you regarding our need for additional time and to formally initiate the five-day meet and confer.

<u>Regarding the depositions you have mentioned</u> – The deposition notice for Robert McKeon Aloe that you served on August 13, 2025 included a "proposed date range" of September 15-30, 2025. However, as you know, a stay was in effect from September 4, 2025 until November 18, 2025. Accordingly, that deposition notice was moot by the time the stay was lifted. Since the stay was lifted, you have not proposed any dates to take this deposition. If you provide us with some dates in February 2026 when you would like to take this deposition, we will let you know if any of those dates are feasible. *See* L.R. 30-1 ("For the convenience of witnesses, counsel, and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party."). Once we have agreed upon a time and place, please serve a deposition notice specifying the agreed upon time and place. *See* FRCP 30(b)(1) (deposition notice "must state the time and place of the deposition").

The deposition notice for Yannick Bertolus – who is now longer employed by Apple – that you served on August 13, 2025 also included a "proposed date range" of September 8-19, 2025. However, as you know, a stay was in effect from September 4, 2025 until November 18, 2025. Accordingly, that deposition notice was moot by the time the stay was lifted. Since the stay was lifted, you have not proposed any dates to take this deposition. If you provide us with some dates in February 2026 when you would like to take this deposition, we will let you know if any of those dates are feasible. *See* L.R. 30-1. We will agree to accept service of a deposition subpoena on Mr. Bertolus's behalf contingent on you setting the deposition for the agreed upon time and place.

<u>Regarding a discovery plan</u> – We have satisfied our obligations to develop a proposed discovery plan consistent with FRCP 26(f) and Local Rule 16-9. *See* Dkt. Nos. 77 at 5-6; 97 at 7-9; 166 at 5-6; 239 at 7-9. We provided you with a proposed discovery plan in the draft we shared on January 2. We are happy to consider a proposed discovery plan with different dates/deadlines or that addresses additional matters beyond those required by FRCP 26(f), and invite you to provide such a proposal if you wish. To date, we have not received one from you.

To the extent Apple serves additional requests for production or other written discovery requests, it will do so at least 30 days before the discovery cutoff date, which the Court has not yet set. To be clear, Apple has not "complain[ed]" that you "provided too many documents," nor has it "impl[ied]" that it "does not want any more," as you contend in your email. To the contrary, our portion of the case management statement makes clear that (1) you have not confirmed that you have provided all documents under GO 71 categories (a)-(e), (h), and (j); (2) the parties continue to meet and confer regarding your objections and responses to Apple's discovery requests; and (3) there may be a need for additional written discovery.

**Melinda Riechert**
Partner
Orrick
Silicon Valley
T 650/614-7423
M 650 759 1929
mriechert@orrick.com



4

[EXTERNAL]

Hello,

I received your email. I have been ill and have fallen behind on many things, including the Apple maters. Based on your email and draft, it appears you were done with your updates and only need me to provide my content. So I can confirm that I'm working on it and do not see any issue with us meeting our deadline. However, I do have a couple things I need to complete first, so I cannot guarantee I will have my updates by end of day today.

Based on your updates, I'd like to remind you again that if you'd like to request an an exception to the FRCP & Local Rules/Orders regarding deposition duration --- then you need to formally make that request to me. As I noted during the deposition, I was not agreeing to a voluntary increase in the duration provided and noted that Apple would need to escalate the matter to Judge Westmore if they felt strongly they needed more time to take my deposition. I also suggested that Apple use additional Interrogatories instead, or first prior to escalating the deposition matter, since Apple still has multiple depositions remaining.

However, Apple has not contacted me for three weeks regarding any request for additional depositions until your draft update on Friday night, which is a document not even directed at me. It appears you are planning to escalate the matter to Judge Chen, instead of our Magistrate Judge and without filing proper discovery motions, but instead attempting to force me to respond to your request on the spot during a hearing with Judge Chen (rather then Judge Westmore), and likely use that as an excuse to further delay this litigation --- when you could simply make your request following the proper protocols. 1) send me an email with your request and justification 2) then we have five days to meet and confer 3) if we cannot agree on a resolution, then you file a motion to Judge Westmore asking for a court order for a additional deposition time of me.

Regarding depositions --  I also note I'm still waiting for a response from Apple regarding my Notices of Depositions sent four months ago. I also still want a discovery plan, including documenting any dependencies and they need to be stipulated.

Similarly, during the deposition you suggested Apple may want some specific categories of documents from me and I asked you to send a request for production if you wanted to request production of any additional/new documents. You did not send me anything regarding this and

5

instead are continuing to complain I provided too many documents and implying Apple does not want any more. As noted above, if you want to request discovery materials, please comply with the FRCP, the Local Rules, and our Judge's Orders.

I'm also going to need to send Apple updated Initial Disclosures, fyi. I've been trying to finalize separate complaints/petitions first and then I will serve it.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, January 5th, 2026 at 2:42 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> I am following up on my email below regarding getting any changes you want to make to the Joint Case Management Conference statement which is due tomorrow.
>
> **Melinda Riechert**
> Partner
> Orrick
> Silicon Valley
> T 650/614-7423
> M 650 759 1929
> mriechert@orrick.com

Ashley


As you know we have a joint CMC statement due to the court on Tuesday.  Attached is a draft of the statement based on the last statement we submitted for the August 5, 2025 Case Management Conference. Also attached a redline showing the changes we made from the prior statement. Let us know by end of day Monday if you wish to make any changes to your sections, and we will get it filed on Tuesday.


**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com


**From:** Riechert, Melinda
**Sent:** Friday, January 2, 2026 3:40 PM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Russell, Zoe <zrussell@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Apple-Gjovik ND Cal - joint status report

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, January 5, 2026 12:27 PM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Russell, Zoe <zrussell@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Apple-Gjovik ND Cal - joint status report - due Tuesday

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT J

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, March 16, 2026 9:06:15 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Russell, Zoe <zrussell@orrick.com>; Booms, Ryan <rbooms@orrick.com>
**Subject:** RE: Apple-Gjovik ND Cal - joint status report - due Tuesday

**[EXTERNAL]**

Hello,

I'm checking in on the status of my requests to depose Yannick Bertolus and Dr. Robert McKeon Aloe. I'm re-serving again with proposed dates but I was still waiting to get an update from you - for months - again.

I'm also serving notice of depositions for Ekelemchi Okpo, Dan West, David Powers, and Aleks Kagramanov. I provided the same list of dates -- we just need one date per each, or even 1/2 days for each where we can do 2 in one day if needed. We do need to get these done before 4/16.

Let me know when they can be available.

Thanks,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Tuesday, January 6th, 2026 at 2:41 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> **My deposition:**
>
> Regarding your update to Judge Chen, you assumably plan to insist you cannot proceed to
> Summary Judgment unit you complete your unlimited deposition of me. The status conference is

about scheduling that Summary Judgement. Which means Judge Chen will either: 1) make the decision himself, which could include him issuing an order on this as if you raised it yourself to him direclty or 2) wait for you to file the motion to Judge Westmore and then reschedule our status conference for another 2-3 months out when you can delay again in bad faith for new or similar reasons. You could have filed the motion to Judge Westmore weeks ago but you did not. You kept it an open issue without any documented path to resolution, and let it fester so you could then use the issue you created yourself to try to further delay and block summary judgement.

**My requests for depositions:**

I renoticed my notices of deposition on Nov. 19 2025.
*Accordingly, I'm re-noticing the prior Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe. Please provide an update and ETA for those depositions.*

Apple never responded until now -- nearly <u>two months later.</u>

I sent notices of depositions on Aug 13 2025. On Aug 18 2025 Melinda wrote: "Your deposition will need to proceed before any other depositions take place."  On Aug 18 2025 I wrote: "Please clarify if you are refusing my two notices of deposition without further meet/confer about how they are written (so meet/confer is done) or if you're willing to discuss my requests further," "you can't insist on a discovery plan while concurrently refusing to create a discovery plan," and "I need you send me a formal response with your response, in order to request help from the court if you won't engage in good faith on this. Your response also needs to address my question about whether Apple will make Bertolus available or not."
On Aug 20 2025 Melinda wrote: "This responds to you August 18 email regarding deposition scheduling....<u>We also need additional time to confirm whether Mr. Bertolus will require a subpoena given that he is no longer an Apple employee. We will separately follow up with you once we confirm this.</u>"

Per your last updates I'm waiting for you to give me info about the need to subpoena Yannick. Per your last updates I'm also waiting to see if you'll allow me to depose people until after you think you're done deposing me, which is what you demanded earlier.

I can provide updated time ranges, but thats pointless until you address the outstanding questions and issues first. What is your update about Yannick? Are you going to block the McKeon depo until you think you're done (or the court tells you you're done) deposing me?

**Discovery plan**

This is false. I addressed this partially in my other email, and in detail prior. But ultimately this is moot if we just close discovery next week and move to summary judgment. I'm ready to say I'm done (the well is clearly dry with you folks on this) so this is actually on Apple to explain what they think they need still, which also includes explaining their defenses, which they still have not done and refuse to do. Apple also has not provided any targeted requests for production to me at all so I don't think they actually need anything more based on their conduct. The plan can simply be that we're all done and we're doing to Rule 56 now.

-Ashley

On Wednesday, November 19th, 2025 at 1:44 PM, Mantoan, Kathryn G. <kmantoan@orrick.com> wrote:

Ashley:

Attached please find an amended notice of deposition, setting your remote deposition for the first date in December 2025 that we are available (December 18, 2025).  If that date is not workable for you, please let us know and we can attempt to identify a mutually agreeable later date.

Thank you,
Katie

**Kathryn G. Mantoan**
Attorney

Pronouns: she / her / hers

Orrick
San Francisco | Portland

T +1-415-773-5887
M +1-415-218-4865
T +1-503-943-4870
kmantoan@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Wednesday, November 19th, 2025 at 11:10 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> Per Judge Chen's order at at Dkt. 267 (11/18/25), the Emergency Stay that Apple had unilaterally requested on Aug. 25 2025 is now lifted.
>
> Accordingly, I'm re-noticing the prior Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe. Please provide an update and ETA for those depositions.
>
> Please also let me know when Apple would like to schedule my deposition. I'd like to get it done prior to January 2026.
>
> Apple & I have a hearing and a trial scheduled in mid-December, for two other cases -- not this one,-- which is shortly before the holidays. Then when we return, we have the Case Mgmt conference with Judge Chen in Jan 2026. So, lets try to schedule it for the the first or second week of December?
>
> -Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Tuesday, January 6th, 2026 at 1:02 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

In addition to getting us your comments on the joint status report so that we can file them before close of business today, I wanted to respond to your email below.

Regarding your deposition – We do not plan to ask Judge Chen for additional time to complete the deposition. As our portion of the case management statement makes clear, we intend to request additional time from Magistrate Judge Westmore if you will not agree. We will send a separate email to you regarding our need for additional time and to formally initiate the five-day meet and confer.

Regarding the depositions you have mentioned – The deposition notice for Robert McKeon Aloe that you served on August 13, 2025 included a "proposed date range" of September 15-30, 2025. However, as you know, a stay was in effect from September 4, 2025 until November 18, 2025. Accordingly, that deposition notice was moot by the time the stay was lifted. Since the stay was lifted, you have not proposed any dates to take this deposition. If you provide us with some dates in February 2026 when you would like to take this deposition, we will let you know if any of those dates are feasible. *See* L.R. 30-1 ("For the convenience of witnesses, counsel, and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party."). Once we have agreed upon a time and place, please serve a deposition notice specifying the agreed upon time and place. *See* FRCP 30(b)(1) (deposition notice "must state the time and place of the deposition").

The deposition notice for Yannick Bertolus – who is now longer employed by Apple – that you served on August 13, 2025 also included a "proposed date range" of September 8-19, 2025. However, as you know, a stay was in effect from September 4, 2025 until November 18, 2025. Accordingly, that deposition notice was moot by the time the stay was lifted. Since the stay was lifted, you have not proposed any dates to take this deposition. If you provide us with some dates in February 2026 when you would like to take this deposition, we will let you know if any of those dates are feasible. *See* L.R. 30-1. We will agree to accept service of a deposition subpoena on Mr. Bertolus's behalf contingent on you setting the deposition for the agreed upon time and place.

Regarding a discovery plan – We have satisfied our obligations to develop a proposed discovery plan consistent with FRCP 26(f) and Local Rule 16-9. *See* Dkt. Nos. 77 at 5-6; 97 at 7-9; 166 at 5-6; 239 at 7-9. We provided you with a proposed discovery plan in the draft we shared on January 2. We are happy to consider a proposed discovery plan with different dates/deadlines or that addresses additional

4

matters beyond those required by FRCP 26(f), and invite you to provide such a proposal if you wish. To date, we have not received one from you.

To the extent Apple serves additional requests for production or other written discovery requests, it will do so at least 30 days before the discovery cutoff date, which the Court has not yet set. To be clear, Apple has not "complain[ed]" that you "provided too many documents," nor has it "impl[ied]" that it "does not want any more," as you contend in your email. To the contrary, our portion of the case management statement makes clear that (1) you have not confirmed that you have provided all documents under GO 71 categories (a)-(e), (h), and (j); (2) the parties continue to meet and confer regarding your objections and responses to Apple's discovery requests; and (3) there may be a need for additional written discovery.

**Melinda Riechert**
Partner
Orrick
Silicon Valley
T 650/614-7423
M 650 759 1929
mriechert@orrick.com



[EXTERNAL]

Hello,

I received your email. I have been ill and have fallen behind on many things, including the Apple maters. Based on your email and draft, it appears you were done with your updates and only need me to provide my content. So I can confirm that I'm working on it and do not see any issue with us meeting our deadline. However, I do have a couple things I need to complete first, so I cannot guarantee I will have my updates by end of day today.

Based on your updates, I'd like to remind you again that if you'd like to request an an exception to the FRCP & Local Rules/Orders regarding deposition duration --- then you need to formally make that request to me. As I noted during the deposition, I was not agreeing to a voluntary increase in the duration provided and noted that Apple would need to escalate the matter to Judge Westmore if they felt strongly they needed more time to take my deposition. I also suggested that Apple use additional

Interrogatories instead, or first prior to escalating the deposition matter, since Apple still has multiple depositions remaining.

However, Apple has not contacted me for three weeks regarding any request for additional depositions until your draft update on Friday night, which is a document not even directed at me. It appears you are planning to escalate the matter to Judge Chen, instead of our Magistrate Judge and without filing proper discovery motions, but instead attempting to force me to respond to your request on the spot during a hearing with Judge Chen (rather then Judge Westmore), and likely use that as an excuse to further delay this litigation --- when you could simply make your request following the proper protocols. 1) send me an email with your request and justification 2) then we have five days to meet and confer 3) if we cannot agree on a resolution, then you file a motion to Judge Westmore asking for a court order for a additional deposition time of me.

Regarding depositions --  I also note I'm still waiting for a response from Apple regarding my Notices of Depositions sent four months ago. I also still want a discovery plan, including documenting any dependencies and they need to be stipulated.

Similarly, during the deposition you suggested Apple may want some specific categories of documents from me and I asked you to send a request for production if you wanted to request production of any additional/new documents. You did not send me anything regarding this and instead are continuing to complain I provided too many documents and implying Apple does not want any more. As noted above, if you want to request discovery materials, please comply with the FRCP, the Local Rules, and our Judge's Orders.

I'm also going to need to send Apple updated Initial Disclosures, fyi. I've been trying to finalize separate complaints/petitions first and then I will serve it.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

6

On Monday, January 5th, 2026 at 2:42 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley

I am following up on my email below regarding getting any changes you want to make to the Joint Case Management Conference statement which is due tomorrow.

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



Ashley

As you know we have a joint CMC statement due to the court on Tuesday.  Attached is a draft of the statement based on the last statement we submitted for the August 5, 2025 Case Management Conference. Also attached a redline showing the changes we made from the prior statement. Let us know by end of day Monday if you wish to make any changes to your sections, and we will get it filed on Tuesday.

**Melinda Riechert**

7

Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com



Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

# EXHIBIT K

**From:** Perry, Jessica R. <jperry@orrick.com>
**Sent:** Thursday, April 2, 2026 11:34:33 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Subject:** Gjovik v Apple - Objections to Deposition Notices

Ashley:

We disagree with your framing and many of your statements below, including regarding the history of deposition requests and scheduling in this matter. We will not detail all our disagreements here.

Regarding the various depositions you have requested:

- We are prepared to proceed with Dr. McKeon Aloe's deposition tomorrow (Friday 4/3).

- Mr. West is available the morning of Monday 4/13 for the half-day you requested. Please send an amended notice for that date and time.

- Mr. Powers is available the morning of Wednesday 4/15 for the half-day you requested. Please send an amended notice for that date and time.

- Mr. Bertolus – who, as you know, is no longer an employee of Apple and thus not subject to our control as to his availability – is not available to be deposed before Friday 4/17. He can appear on that date, and Apple will not object to your use of his testimony on the basis that it was taken one business day after the fact discovery cut-off.  Please let us know if you would like to proceed then.

- Mr. Kagramanov – We are available for this deposition on the morning of Thursday 4/16 for the half-day you requested. We are trying to determine if the witness is also available then (as you know, he is no longer an employee of Apple and thus not subject to our control) and we may accept a subpoena for him. We will let you know once we have confirmed.

- Mr. Okpo – We are also working to secure a date that works for both our client and this witness on or before Thursday 4/16, if possible (or as soon thereafter as can be arranged).

Thank you.


**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, April 1, 2026 2:15 AM
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah

1

<[sdavidson@orrick.com](mailto:sdavidson@orrick.com)>
**Subject:** RE: Gjovik v Apple - Objections to Deposition Notices


**[EXTERNAL]**

Hello,

**DEPOSITIONS**

**ROBERT MCKEON ALOE (4/3//26 1PM)**
Please see attached for updated Deposition Notice for Dr. McKeon Aloe. The deposition will be at 1pm PST on April 3 2026 with Aptus Court Reporting. A Zoom invite will be sent prior to the deposition. Please provide a contact email for Dr. McKeon Aloe or confirm the information will be provided to him by Orrick/Apple.

**EKELMCHI OKPO (4/10/26 1PM)**
Per Apple's prior communications proposing dates of April 10 and April 15, and the limited amount of time to schedule this deposition, I'm Noticing Okpo's deposition for April 10 at 1PM - 4 PM. Update notice is attached. Please confirm ASAP.

**DAN WEST (4/15/26 1PM)**
Per Apple's prior communications proposing dates of April 10 and April 15, and the limited amount of time to schedule this deposition, I'm Noticing West's deposition for April 15 at 1PM -5 PM. Update notice is attached. Please confirm ASAP.

**DAVID POWERS (4/15/26 9AM)**
Per Apple's prior communications proposing dates of April 10 and April 15, and the limited amount of time to schedule this deposition, I'm Noticing Powers' deposition for April 15 at 9AM - 12PM. Update notice is attached. Please confirm ASAP.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


On Tuesday, March 31st, 2026 at 5:31 PM, Ashley M. Gjøvik <[ashleymgjovik@protonmail.com](mailto:ashleymgjovik@protonmail.com)> wrote:

Hello,

I found a company willing to work with pro ses but we're waiting to see if any Court Reporters accept the request. I was unable to find anyone willing to do it the way I wanted to do it to save money -- and now that Judge Westmore said no further issues can be escalated to her prior to the end of discovery -- thats the only way apparently. I'm fund raising and will make it work.

Please confirm if I can send notices for Okpo, Powers, West on 4/10 and 4/15 -- and what date prior to the end of discovery Yannick can be noticed for. I need to get that subpoena out very very soon. Also, any update on Aleks?

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Friday, March 27th, 2026 at 11:42 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
wrote:

Hello,

Your statements about my request to depose Yannick are incorrect. You told me you had not even
confirmed Apple could schedule him without a separate subpoena and I was waiting on an update
from you about that -- which as documented in emails multiple times. It would be illogical for you to
suggest that you could schedule him for an exact day while concurrently saying you have no
updates for months if you can schedule him at all.

Its also absurd to suggest I would not want to depose the person who send the termination email, in
a wrongful termination case, and I asked and complained repeatedly about him not being made
available by Apple and not receiving updates from Apple about this.

Additionally, discovery is over April 16 -- so Yannick needs to be made available prior to that -- 4/17
is after the close of discovery.

Thank you for providing Kagramanov's address. For the three other listed, I am available 4/10 after
12pm PST, and anytime 4/15, and we can schedule during those windows. I only expect a 1/2 day
will be needed for each.

I'm also working on contracting the deposition administrator and will let you know when I have more
info. They generally refuse to provide services to pro se litigants, come to find out, so it's taking a
moment.


**—**
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Thursday, March 26th, 2026 at 4:32 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Thank you for confirming you will proceed in accordance with the Federal Rules. We aren't asking
you to "enter some email contract as a requirement for the deposition" – we are simply making clear
that we expect any deposition to be conducted in accordance with the Federal Rules and have
explained to you what we believe that entails. Since you have now confirmed you will proceed in
accordance with the Federal Rules, it appears this issue is resolved.

As to dates for the depositions, Mr. Bertolus is not available for deposition until April 17, 2026. As
you know, Mr. Bertolus is a third-party witness and not under Apple's control. We asked you back on
January 14 if there were any dates in March or the first half of April when you were unavailable to
depose Mr. Bertolus. You didn't respond. And we didn't hear anything from you about scheduling Mr.
Bertolus's deposition until March 16. Given your silence on scheduling, it was reasonable for us to
assume you changed your mind and were no longer planning to take Mr. Bertolus's deposition. In
any event, he can be available on April 17 for a remote deposition. Please confirm if you plan to
proceed on that day with a deposition.

3

Regarding Mr. Kagramanov, we are still determining whether we may accept service of a subpoena on his behalf. If you prefer to serve him directly now, his last known address is 32376 Corte Coronado, Temecula, CA 92592.

We are also working on confirming availability for Ekelemchi Okpo, Dan West, and David Powers. Are you available on April 10 and 15?

Thank you.

[EXTERNAL]

Hello,

As I said, I will comply with the FRCP as is required by all parties in litigation. Its unclear what you're asking for but after I finish dealing with my current avalanche of work Apple's created for me I will get this scheduled, update the notice, and then if you have objections you can make them -- same during the deposition. It appears you're asking me to enter some email contract with you as a requirement for the deposition which is not a thing.

I'm also urgently waiting for a response regarding the subpoena address for YB and AK which I told you was urgent days ago and you still have not responded. I only have a couple days to serve those subpoenas withing the timeline required before end of discovery. This is your final warning on the matter otherwise I'm raising it to Judge Westmore.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, March 25th, 2026 at 6:32 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

If you prefer to conduct a deposition before a notary public and to have the deposition recorded by audio or audiovisual (but not stenographic) means, that is fine, provided that the requirements of FRCP 30 are met, including the following:

- The deposition "must be conducted before an officer appointed or designated under Rule 28." FRCP 30(b)(5)(A). This means an officer authorized to administer oaths by federal or local law or a person appointed by the court to administer oaths and take testimony. FRCP 28(a)(1). Such person cannot be your relative or someone with a financial interest in the action. FRCP 28(c).
- The officer before whom the deposition is conducted must begin the deposition with an on-the-record statement that includes the items in FRCP 30(b)(5)(A)(i)-(iv), including the officer's administration of the oath or affirmation to the deponent. FRCP 30(b)(5)(A).
- After the oath is administered, "[t]he testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer." FRCP 30(c)(1).
- The officer must repeat the items in FRCP 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. FRCP 30(b)(5)(B).
- The officer must ensure that "the appearance or demeanor" of each participant is not "distorted through recording techniques." FRCP 30(b)(5)(B).

4

- At the end of the deposition, the officer must state on the record that the deposition is complete and set out any stipulations between the parties. FRCP 30(b)(5)(C).
- "On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which … to review the … recording; and … if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." FRCP 30(e)(1).
- The officer "must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony." FRCP 30(f)(1). In other words, the officer must be "qualified to certify as to the non-distortion of the deposition recordings per FRCP 30(b)(5)(B)[.]" *Raiser v. San Diego Cnty.*, No. 19-cv-0751-GPC-KSC, 2021 WL 2886048, at *8 (S.D. Cal. July 9, 2021). For that reason, "a public notary … record[ing] the deposition herself using Zoom's 'record' feature" is "procedurally insufficient." *Id.* at 7 (explaining that "a videographer … has her own procedures and technology for a certified video deposition").
- The officer "must note in the certificate prescribed by [FRCP 30(f)(1)] whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period." FRCP 30(e)(2).
- The officer must retain a copy of the recording and furnish a copy to any party or the deponent upon the payment of reasonable charges. FRCP 30(f)(3).

Please confirm that any deposition you conduct will be in accordance with these requirements.

We further note that any certified transcript of the recording "must be certified by someone other than the litigating parties to ensure its accuracy" (*Raiser*, 2021 WL 2886048, at *7), and it must be generated without the use of AI. *Black v. City of San Diego*, No. 21-cv-01990-RBM-JLB, 2025 WL 1287747, at *4 (S.D. Cal. May 2, 2025), *objections overruled*, 2025 WL 1908072 (S.D. Cal. July 10, 2025).

**Melinda Riechert**
Partner
Orrick
Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com


orrick

**[EXTERNAL]**

Hello,

5

My objection was clearly about Apple's response providing only objections, refusing to "confirm available dates for the other witnesses" (as you've now finally responded only after I objected), while previously concurrently claiming the communication with proposed dates was neither a meet/confer or a notice.

Thank you for confirming regarding Dr. Aloe.

Upon further research, it appears I do not need Apple's stipulation or a court order to conduct a remote deposition with a Notary Republic taking the oath, administering an audio recording, and certifying the oath and recording are correct. Then I can, but do not have to, have the recording transcribed and certified -- and I can do so for portions of the recording rather then the entire 7hrs -- as long as Apple is provided a copy of the complete recording, any transcription that occurs -- and Apple could also have their own Court Reporter present and/or do their own transcription at their own cost.

Your email below makes the deposition of Aloe contingent on agreeing a "court reporter" (not an officer) will "conduct" (not simply take oath and cerifty) the deposition which is far beyond the FRCP requirements -- so please clarify.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Tuesday, March 24th, 2026 at 11:31 AM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Apple is entitled to preserve its rights by objecting to defective deposition notices.  Apple's objections are proper and not made in bad faith; we disagree with your accusations otherwise.

Dr. Aloe is available for deposition on April 3, provided that a court reporter will conduct the deposition per FRCP 30(b)(5). We are working to confirm available dates for the other witnesses you identified. In the interim, please confirm that you will have a court reporter for these depositions.

Best,
Jessica


**[EXTERNAL]**

Hello,

This notice was the meet/confer attempt to find a mutually agreed upon date for the deposition. Once a date is agreed upon, a notice will be sent for that date either with the court ordered modified procedure and/or with the FRCP court reporter.

Apple needs to provide dates when these depositions can be noticed -- simply objecting to the request for depositions without meet/conferring, or discussing available dates, is entirely improper and bad faith.

6

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


On Friday, March 20th, 2026 at 6:00 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Attached are Apple's objections to the notices of deposition you served on March 16, 2026.

**Jessica Perry**
Partner
Orrick
Silicon Valley

T +1-650-614-7350
jperry@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Thursday, March 19th, 2026 at 9:55 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Counselor,

I've made my cost-efficient plan for depositions clear to Apple for over a year. Its in the transcripts of our meet/confers going back to 2024.

Why did you wait over a year -- and until less than one month is left of discovery -- to make this objection? You never even indicated you would object until now -- and here, despite the urgent nature of finding a resolution on this issue -- you also waited three days to even reply to my email.

Regardless, I will file a motion to Judge Westmore asking for PO allowing modified procedures, but if not I will schedule very brief depositions with all parties noticed with a court reporter present if required. I will fundraise to cover the cost, and complete as many as I can.

7

So please provide confirming and schedules for all noticed depositions. You've delayed and stalled on this matter for nine months.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Thursday, March 19th, 2026 at 9:51 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

We are not willing to stipulate to your proposal for taking depositions. Under Federal Rule of Civil Procedure 28(a), a deposition must be taken before an officer authorized to administer oaths. In addition, Rule 30(b)(5) requires that, unless the parties stipulate otherwise, the deposition must be conducted before such an officer. Accordingly, any deposition in this case must proceed before a duly authorized officer, such as a certified court reporter.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

[EXTERNAL]

Hello,

I previously objected to Apple's request to an extended deposition, on the record on Dec. 16 2025. After, during meet/confer Apple was able to get me to consider allowing four additional hours of deposition, however, that was prior to Apple's egregious and illegal harassment of me regarding the prior deposition. Based on Apple's subsequent conduct, I absolutely refuse to voluntarily agree to be deposed by Apple in this matter any further.

Regardless, the FRCP require that any deposition beyond 7 hours be approved by the court "with leave" under Rule 30(2). So even if I still agreed, and I do not, a stipulation would have to be approved by Judge Westmore before Apple could schedule that subsequent deposition. Apple is violating the FRCP by attempting to notice an extended deposition without leave of court.

Apple will need to file a motion to Judge Westmore requesting the deposition and explain why it should be allowed to do so despite already having 7 hours and then engaging in gross misconduct arising from that deposition that's wasted hundreds of hours of my and the court's time.

8

Regarding my request for depositions, as you know and as we've discussed for over a year now, I cannot afford a formal deposition with a court reporter and will be recording it and having it transcribed after. Per Rule 29, we can stipulate to modify the form of the deposition to "be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition." Apple's never objected to this, told me it would refuse, or expressed concerns about this request for modifications due to my limited resources.

Thus, I would just need Apple to agree to the request I made for more than a year now about modified procedures. If Apple will not agree, I will promptly file a Letter to Judge Westmore requesting her approval to proceed accordingly. Time is of the essence, so please do let me know right away.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Monday, March 16th, 2026 at 9:47 PM, Riechert, Melinda <<u>mriechert@orrick.com</u>> wrote:

Ashley,

We are writing to confirm that Apple is noticing your continued deposition for March 31, 2026, beginning at 9:00 a.m. Pacific Time, to be conducted remotely. This session will last up to four hours, as previously stipulated.

In addition, we are in the process of confirming dates for the depositions of Yannick Bertolus and Dr. Robert McKeon Aloe. We will coordinate with you regarding their availability and will follow up once we have more information.

Please also confirm that you intend to comply with Federal Rule of Civil Procedure 28 for all depositions you are noticing. Specifically, each deposition must be conducted before an officer authorized to administer oaths and record testimony, such as a certified court reporter.

We will update you as soon as we have additional information about the scheduling of the other depositions.

**Melinda Riechert**
Partner
<u>Orrick</u>
Silicon Valley

T 650/614-7423
M 650 759 1929
<u>mriechert@orrick.com</u>

9

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT L

**From:**    Riechert, Melinda
**Sent:**    Thursday, August 7, 2025 8:55 PM
**To:**    =?utf-8?Q?Ashley_M._Gj=C3=B8vik_
**Cc:**    Booms, Ryan; Mantoan, Kathryn G.; Perry, Jessica R.
**Subject:**    RE: Gjovik v Apple - Fall 2025 Depositions


Ashley

We will be sending you a notice for your deposition on October 7. We will let you know if we need any additional depositions.

We await your list of 30(b)(6) topics.

**Melinda Riechert**
Partner

Orrick
Silicon Valley    Ⓥ
T 650/614-7423
M 6507591929
mriechert@orrick.com



---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Tuesday, August 5, 2025 2:53 PM
**To:** Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Subject:** Gjovik v Apple - Fall 2025 Depositions


**[EXTERNAL]**

Hello counselors,

Per the status conference today we'll need to schedule our first depositions.

How does last week of Sept. or first week of Oct. 2025 sound?

Are you planning on taking any additional depos from the Plaintiff's side in addition to the employee (me)?

I will want to complete at least my first Rule 30(b)(6) deposition prior to the next status conference and will work on that notice. Please confirm if the timeframe above will work for Apple. I will let you know soon if I also want to depose anyone directly from HR/Employee Relations/LGS prior to the next conference.

Thank you,
-Ashley

1

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at [https://www.orrick.com/Privacy-Policy](https://www.orrick.com/Privacy-Policy) to learn about how we use this information.

# EXHIBIT M

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, April 1, 2026 2:39:32 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Objections to Deposition Notices

**[EXTERNAL]**

**DEPOSITION OF APPLE INC**

Please also provide dates for the Federal Rule of Civil Procedure 30(b)(6) deposition of Apple Inc. I will send the Notice once a date is provided, the date should be prior to 4/16, and Apple's been on notice of this request for nearly a year so I expect a prompt response.

The Notice will include the full proposed agenda and it is summarized below:

**Rule 30(b)(6) Deposition Topic Outline | Plaintiff's Notice**
TOPIC 1: Gjovik's employment history, including hiring, job duties, work assignments, performance, compensation, and any changes thereto.
TOPIC 2: Gjovik's assignment to the 825 Stewart Drive (TRW Microwave Superfund site) office, including environmental conditions at that site and Defendant's knowledge of any associated health or safety hazards.
TOPIC 3: The semiconductor manufacturing facility (3250 Scott Blvd) located near [Employee]'s residence, including Defendant's knowledge of environmental or health hazards, and/or injuries to Gjovik, associated with that facility.
TOPIC 4: Any complaints, reports, or concerns raised by Gjovik regarding environmental, health, or safety conditions, regulatory compliance, privacy invasion concerns, discrimination, retaliation, or harassment from 2020-2021; and Defendant's response thereto.
TOPIC 5: Any 2021-2026 EPA inspection(s) of the 825 Stewart Drive office, including Defendant's knowledge of the basis for the inspection and Defendant's response.
TOPIC 6: Any investigation(s) conducted by or on behalf of Defendant into Gjovik's conduct or performance in 2020-2021, including the basis, scope, and outcome of each.
TOPIC 7: The decision to place Gjovik on administrative leave, including the reason(s), the decision-makers involved, and the information they considered.
TOPIC 8: The decision to terminate Gjovik's employment, including the reason(s), timeline, investigation, the decision-makers involved, communication to Gjovik, the information they considered, and any alternatives considered.
TOPIC 9: Defendant's knowledge of and response to Gjovik's charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to termination (or other agencies).
TOPIC 10: The factual basis for each affirmative defense asserted by Defendant in this action.
TOPIC 11: Any post-termination communications sent by or on behalf of Defendant to Gjovik, including any requests or demands to remove or retract speech or online content.
TOPIC 12: Defendant's knowledge of any post-termination contact with, monitoring of, or communications directed at Gjovik through social media, email, or other mediums by Defendant or persons acting at Defendant's direction or condonation.
TOPIC 13: Defendant's policies regarding anti-retaliation, whistleblower protections, labor rights, employee discipline, administrative leave, speaking publicly about work conditions, speaking to reporters, and publishing content online.

1

TOPIC 14: Any investigations into Gjovik's 2020-2021 complaints, including findings, outcomes, and timeline and decision makers.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

2

# EXHIBIT N

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, April 3, 2026 12:38:48 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Objections to Deposition Notices

**[EXTERNAL]**

Attaching updated deposition notices and subpoenas.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| Ashley M. Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:23-cv-04597 |
| Apple Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  **APPLE INC.**
(Name of person to whom this subpoena is directed)

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Remotely in California (Zoom) | Date and Time:  14 APRIL 2026 9 AM |
|---|---|

The deposition will be recorded by this method:   Stenography, audio, and visual

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/2/26

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Ashley Gjovik (pro se) _____, who issues or requests this subpoena, are:
Ashley Gjovik (pro se); legal@ashleygjovik.com; 415-964-6272; 2108 N. St Ste. 4553, Sacramento, CA 95816

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT O

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 3:23-cv-04597-EMC<br><br>**OBJECTIONS TO PLAINTIFF'S DEFECTIVE DEPOSITION SUBPOENA TO APPLE INC. PURSUANT TO RULE 30(b)(6)** |

Defendant Apple Inc. asserts the following objections to Plaintiff's purported "notice" and defective deposition subpoena to Apple Inc. pursuant to Rule 30(b)(6).

<strong><u>GENERAL OBJECTIONS</u></strong>

1.      Apple objects to Plaintiff's "notice" on the grounds that it is untimely and does not provide "reasonable written notice" as required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's purported "notice" consisted of three separate communications: (a) an email sent on April 1, 2026, containing a list of 14 proposed deposition topics; (b) a subpoena dated April 2, 2026, commanding Apple to appear for deposition on April 14, 2026; and (c) a Zoom calendar invite sent on April 2, 2026, for the same date and time. None of these communications, individually or collectively, constitute proper notice under the Federal Rules. The email containing the 14 deposition topics was sent just 13 days before the proposed deposition date and only 15 calendar days (11 business days) before the April 16, 2026 discovery cutoff. This is insufficient time to identify and prepare corporate designees on topics spanning Plaintiff's entire employment history, environmental complaints, agency charges, termination, post-termination conduct, affirmative defenses, and company-wide policies. *See Karnazes v. County of San Mateo*, 2010 WL 2035283 (N.D. Cal. 2010); *Wyles v. Sussman*, 445 F. Supp. 3d 751 (C.D. Cal. 2020); *Howard v. Everex Systems, Inc*., 228 F.3d 1057 (9th Cir. 2000). Civil L.R. 37-3 requires all depositions to be "concluded" by the cutoff and instructs counsel to "initiate discovery requests and notice depositions sufficiently in advance of the cutoff date."

2.      Apple further objects that the Zoom calendar invite is not a proper notice of deposition under the Federal Rules. A calendar invitation sent via email scheduling software does not satisfy the requirements of FRCP 30(b)(1), which requires "reasonable written notice" that "must state the time and place of the deposition and, if known, the deponent's name and address." A calendar invite is an informal scheduling tool, not a legal notice document, and cannot substitute for a properly formatted notice of deposition served in accordance with the Federal Rules.

3.      Apple further objects that the subpoena served on April 2, 2026 was not properly served. Federal Rule of Civil Procedure 45(b)(1) provides that "[a]ny person who is at least 18

- 1 -

years old and not a party may serve a subpoena" (emphasis added). Here, Plaintiff herself—a party to this action—served the subpoena on Apple. Plaintiff's own proof of service, dated April 6, 2026, identifies "ASHLEY GJOVIK PRO SE PLAINTIFF" as the server and confirms that Plaintiff mailed the subpoena via USPS Priority Mail. Service by a party is ineffective. *Oros v. Automattic, Inc.*, No. 23-mc-80002, 2023 WL 7496223, at *1 (N.D. Cal. Oct. 4, 2023) (finding that service of subpoena by pro se plaintiff was "ineffective" because "a party to a lawsuit may not serve a subpoena"); *Khan v. Rogers*, No. 17-cv-05548, 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (where pro se plaintiff "personally mailed the subpoena," it "violate[d] the express language of Federal Rule of Civil Procedure 45(b)(1)"). Additionally, service by mail is not permitted under Rule 45. The majority of courts require personal service of subpoenas. *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072, 2019 WL 1970551, at *2 (N.D. Cal. May 3, 2019) ("The majority of courts understand 'delivering' to require personal service of the subpoena."). Plaintiff did not seek leave of court for alternative service. The subpoena is therefore void and Apple is under no obligation to comply.

4.      Apple objects to the "notice" and defective subpoena on the grounds that Plaintiff failed to adequately meet and confer with Apple prior to noticing the deposition in violation of L.R. 30-1 ("For the convenience of witnesses, counsel, and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party."). Plaintiff's email of April 1, 2026, demanded that Apple "provide dates for the Federal Rule of Civil Procedure 30(b)(6) deposition of Apple Inc." and indicated that "[t]he Notice will include the full proposed agenda," but then immediately listed 14 topics and proceeded to serve a subpoena the following day before Apple could respond. This is not a meet and confer; it is a unilateral demand followed by immediate service. On April 2, 2026, Plaintiff served the subpoena and sent a calendar invite for April 14, 2026, without awaiting Apple's response to the proposed topics or confirming Apple's availability.

5.      Apple objects to the defective subpoena on the grounds that it indicates the deposition will be recorded only by audio and audiovisual means, which is insufficient under the

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

Federal Rules. *See Black v. City of San Diego*, 2025 WL 1287747, at *3 (S.D. Cal. May 2, 2025). The deposition must be recorded and transcribed by a certified court reporter.

6.    Apple objects to each of Plaintiff's Topics on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, and to the extent they seek information that is not relevant and that is not reasonably calculated to lead to the discovery of admissible evidence.

7.    Apple objects to the Topics on the grounds that they are cumulative of testimony Plaintiff seeks through individual witnesses; Plaintiff will depose individuals who will testify about certain of the Topics within their personal knowledge, thus obviating the need for a Rule 30(b)(6) deposition. Apple further objects that the number of topics on which Rule 30(b)(6) testimony is sought is unduly burdensome, harassing and sought for an improper purpose in this single plaintiff case.

8.    Apple objects to the Topics to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.

9.    These responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

**OBJECTIONS TO TOPICS**

**TOPIC NO. 1:**

Gjovik's employment history, including hiring, job duties, work assignments, performance, compensation, and any changes thereto.

**RESPONSE TO TOPIC NO. 1:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is overbroad and thus seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it is

OBJECTIONS TO PLAINTIFF'S DEFECTIVE DEPOSITION SUBPOENA TO APPLE INC. PURSUANT TO RULE 30(B)(6)

cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 2:**

Gjovik's assignment to the 825 Stewart Drive (TRW Microwave Superfund site) office, including environmental conditions at that site and Defendant's knowledge of any associated health or safety hazards.

**RESPONSE TO TOPIC NO. 2**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it seeks highly confidential and/or business proprietary information regarding environmental assessments. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 3:**

The semiconductor manufacturing facility (3250 Scott Blvd) located near Gjovik's residence, including Defendant's knowledge of environmental or health hazards, and/or injuries to Gjovik, associated with that facility.

//

//

//

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

**RESPONSE TO TOPIC NO. 3:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it seeks highly confidential and/or business proprietary information regarding environmental assessments. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 4:**

Any complaints, reports, or concerns raised by Gjovik regarding environmental, health, or safety conditions, regulatory compliance, privacy invasion concerns, discrimination, retaliation, or harassment from 2020-2021; and Defendant's response thereto.

**RESPONSE TO TOPIC NO. 4:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic on the grounds that it seeks highly confidential and/or business proprietary information regarding environmental assessments. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

//

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

**TOPIC NO. 5:**

Any 2021-2026 EPA inspection(s) of the 825 Stewart Drive office, including Defendant's knowledge of the basis for the inspection and Defendant's response.

**RESPONSE TO TOPIC NO. 5:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it seeks highly confidential and/or business proprietary information regarding environmental assessments. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 6:**

Any investigation(s) conducted by or on behalf of Defendant into Gjovik's conduct or performance in 2020-2021, including the basis, scope, and outcome of each.

**RESPONSE TO TOPIC NO. 6:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

**TOPIC NO. 7:**

The decision to place Gjovik on administrative leave, including the reason(s), the decision-makers involved, and the information they considered.

**RESPONSE TO TOPIC NO. 7:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). Apple objects to this Topic on the grounds that it lacks foundation.

**TOPIC NO. 8:**

The decision to terminate Gjovik's employment, including the reason(s), timeline, investigation, the decision-makers involved, communication to Gjovik, the information they considered, and any alternatives considered.

**RESPONSE TO TOPIC NO. 8:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

//

//

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

**TOPIC NO. 9:**

Defendant's knowledge of and response to Gjovik's charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to termination (or other agencies).

**RESPONSE TO TOPIC NO. 9:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. *See, e.g., United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) ("In particular, it is well accepted that Rule 30(b)(6) does not permit 'burdening the responding party with production and preparation of a witness on every facet of the litigation.'"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 10:**

The factual basis for each affirmative defense asserted by Defendant in this action.

**RESPONSE TO TOPIC NO. 10:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather vastly overbroad. *See, e.g., United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) ("In particular, it is well accepted that Rule 30(b)(6) does not permit 'burdening the responding party with production and preparation of a witness on every facet of the litigation.'"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012

WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 11:**

Any post-termination communications sent by or on behalf of Defendant to Gjovik, including any requests or demands to remove or retract speech or online content.

**RESPONSE TO TOPIC NO. 11:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 12:**

Defendant's knowledge of any post-termination contact with, monitoring of, or communications directed at Gjovik through social media, email, or other mediums by Defendant or persons acting at Defendant's direction or condonation.

//

//

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

**RESPONSE TO TOPIC NO. 12:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

**TOPIC NO. 13:**

Defendant's policies regarding anti-retaliation, whistleblower protections, labor rights, employee discipline, administrative leave, speaking publicly about work conditions, speaking to reporters, and publishing content online.

**RESPONSE TO TOPIC NO. 13:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic on the grounds that Plaintiff appears to be attempting to conduct irrelevant discovery in this case related to claims she has asserted against Apple in other forums with her vexatious litigation and it is therefore unduly burdensome and harassing. Apple objects to this Topic on the grounds that it is overbroad and thus seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 14:**

Any investigations into Gjovik's 2020-2021 complaints, including findings, outcomes, timeline, and decision-makers.

- 10 -

**RESPONSE TO TOPIC NO. 14:**

Apple objects to this Topic on the grounds that it is not a proper Rule 30(b)(6) topic, but rather a factual topic about which fact witnesses could testify. Apple objects to this Topic on the grounds that it is cumulative of other discovery previously propounded, including witnesses already testifying, and is therefore unduly burdensome and harassing. Apple objects to this Topic on the grounds that it is overbroad and seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Topic to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Topic on the grounds that it does not state with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

Dated: April 8, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____ */s/ Jessica R. Perry* _____
                              JESSICA R. PERRY
                              Attorneys for Defendant
                              APPLE INC.

OBJECTIONS TO PLAINTIFF'S DEFECTIVE
DEPOSITION SUBPOENA TO APPLE INC.
PURSUANT TO RULE 30(B)(6)

**CERTIFICATE OF SERVICE**

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California  94025.  On April 8, 2026, I served the following document(s):

**OBJECTIONS TO PLAINTIFF'S DEFECTIVE DEPOSITION SUBPOENA TO APPLE INC. PURSUANT TO RULE 30(B)(6)**

By Electronic Service:  On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address jromero@orrick.com to the email addresses below:

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 8, 2026.

/s/ Jessica R. Perry
Jessica R. Perry

- 1 -