JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
Orrick, Herrington & Sutcliffe LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>             Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No.  23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S 2ND ADMINISTRATIVE MOTION TO AMEND THE ORDER AT DKT. 345 TO ADD FOUR SUBPOENAS TO THE EXTENSION**<br><br> Judge:  Honorable Edward M. Chen<br> Dept:    Courtroom 5, 17th Floor |

## I. **INTRODUCTION**

Plaintiff's second motion to modify the Court's scheduling order does not meet the standards to justify a discovery extension under either Civil Local Rule 6.3 or Rule 16.[1] Plaintiff has not shown good cause to serve[2] third-party subpoenas to (1) Northeastern University, the place she worked after Apple, (2) a former Orrick associate (Kate Juvinall) who worked on the team defending Apple in this matter, who Plaintiff wildly speculates may have posted information about her under the name "Beezie Wacks" simply because Ms. Juvinall left Orrick around the time Plaintiff's motion to disqualify was pending[3], (3) the Wikimedia Foundation, to find out the identity of several anonymous Internet users who she claims edited her Wikipedia site beginning in December 2021, and (4) X Corp, formerly Twitter, to find out the identity of the person who, using the name @beezie_wacks, posted negative information about Plaintiff on September 10, 2021—let alone good cause sufficient to grant a discovery extension at the eleventh-hour for these purposes.

*First*, Plaintiff was not diligent in pursuing this discovery. She filed her complaint over two and a half years ago. She has known the identity of all these would-be witnesses for many years. She attempts to justify her delay on the grounds that: (a) the case was stayed for several months because of her bankruptcy; (b) even though she knew the case schedule as a result of attending the January 2026 conference at which the schedule was announced, the schedule was not posted until February 2026; and (c) she has been busy bringing motions and defending herself as a result of her violation of the Protective Order entered in this case. None of these excuses justify her waiting until two weeks prior to the discovery cut-off to seek this discovery.

**Second**, none of the information sought in the subpoenas pertains to any issue that is material to Plaintiff's remaining retaliation claims. Instead, the information sought is based on her

---

[1] References to "Rule" refer to the Federal Rules of Civil Procedure unless otherwise stated.

[2] Plaintiff concedes her mailing the subpoenas to witnesses is facially defective. None of the subpoenas has been properly served. Rule 45 requires personal service, and a party cannot be the one to personally serve the subpoenas. *See Oros v. Automattic*, Inc., No. 23-mc-80002, 2023 WL 7496223, at *1 (N.D. Cal. Oct. 4, 2023) (finding that service of subpoena by *pro se* plaintiff by mail was "ineffective" because "a party to a lawsuit may not serve a subpoena" and personal service is required) (citing Rule 45(b)(1)).

[3] Ms. Juvinall's objections confirm Plaintiff's wild speculation is wrong. *See* Dkt. No. 347-1 at PDF pp. 12-24. There cannot be good cause to extend the discovery cut-off to allow Plaintiff to try to compel production of documents that do not exist, are utterly irrelevant, or are privileged.

apparent desire to learn the identity of (and likely dox) anonymous Internet users who commented negatively on her posts or edited her Wikipedia page. Such information is wholly irrelevant and immaterial to Plaintiff's remaining retaliation claims and implicates heightened First Amendment scrutiny; this Court need not be an instrument of Plaintiff's efforts to scorch the earth.

Plaintiff's attempt to compare her request for additional time to serve irrelevant, harassing third-party subpoenas to Apple's request for an extension to pursue timely and properly served third-party subpoenas for Plaintiff's medical records ignores key distinctions. Apple's motion followed extensive meet and confer, an attempt to informally resolve the dispute before Judge Westmore, and the issuance of subpoenas pursuant to the Court's direction with the understanding that the Court was inclined to enforce the subpoenas if any provider refused to produce records. *See* Dkt. Nos. 276, 291, 341. All of this was done well in advance of the discovery cut-off. Plaintiff, on the other hand, conducted no meet and confer prior to filing this motion, other than one brief exchange in ***August 2025***. And her subpoenas seek utterly irrelevant information—whereas Apple's subpoenas seek information key to evaluating her damages allegations in this case. Plaintiff's motion should be summarily rejected.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff has repeatedly told Apple and this Court she has everything she needs to file her motion for summary judgment. *See* e.g. Dkt. No. 344 at 6:27-28. Her eleventh-hour attempt to use the discovery process in this case for other purposes is improper.

### A.   Plaintiff Did Not Properly Serve Any of the Four Subpoenas.

Less than two weeks before discovery closed, on April 3, 2026, Plaintiff mailed four subpoenas to the third-party witnesses demanding production of documents just five business days later (on April 10, 2026). Dkt. No. 347-1 ¶ 21, Exs. A-D.

### B.   Plaintiff's Subpoenas for Anonymous Internet Users Are a Witch Hunt.

The subpoenas to X, Wikimedia, and Ms. Juvinall seek information that Plaintiff believes will reveal the identity of anonymous Internet users who posted negative comments in response to Plaintiff's social media posts, mostly after her termination. *See* Dkt. No. 347-1, Ex. A-D. The Juvinall subpoena further seeks documents related to Ms. Juvinall's departure from Orrick and

clearly privileged communications related to her work for Apple while she was an attorney at Orrick. *See id.* at PDF pp. 19-24. Ms. Juvinall's objections confirm she has no responsive documents to all but one of Plaintiff's requests, and that request seeks utterly irrelevant and privileged communications with Orrick that she will not produce. *Id.* at PDF pp. 14-24.

**C.      The Two-and-a-Half Month Stay in 2025 Stay was the Legal Consequence of Plaintiff's Choice to File for Bankruptcy.**

This case was stayed from September through mid-November 2025 because of Plaintiff's bankruptcy. *See* Dkt. Nos. 255, 267. Plaintiff's claims became property of her Chapter 7 Estate when she filed for bankruptcy and were estate property until the trustee abandoned them to her. *Id.*

**D.      Plaintiff's Refusal to Comply with the Protective Order Does Not Justify Granting Her Motion.**

Plaintiff contends that the Protective Order in this case (Dkt. No. 235) is invalid for a host of reasons—notwithstanding her stipulation to it—and has made clear she refuses to comply with it. Issues regarding Plaintiff's non-compliance have been briefed in multiple filings, each of which confirm that Plaintiff publicly shared information Apple designated Confidential prior to any ruling on Plaintiff's challenge to those designations. *See, e.g.*, Dkt. Nos. 280, 294, 304, 312, 316, 333.

## III.      LEGAL STANDARD

A party seeking to modify a court-ordered deadline must show: (1) the reasons for the requested time change; (2) efforts made to obtain a stipulation; (3) substantial harm or prejudice absent the requested relief; (4) all previous time modifications; and (5) the effect on the case schedule. Civil L.R. 6-3(a)(1)-(6). For deadlines set by a scheduling order, Rule 16(b)(4) also requires a showing of "good cause," focused on the movant's diligence in attempting to meet the existing deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## IV.      ARGUMENT

**A.      Plaintiff Cannot Show Good Cause to Extend Discovery for These Subpoenas.**

**1.      Plaintiff Did Not Diligently Pursue This Discovery.**

Plaintiff has not demonstrated the diligence required for good cause under Rule 16(b)(4). S*ee Johnson*, 975 F.2d at 609. Plaintiff waited until less than two weeks before the discovery cut-off to even seek this third-party discovery, and then failed to properly serve any of the four

APPLE.'S OPP'N TO PLT.'s 2ND ADMIN. MOT. TO AM. SCHEDULING ORDER RE: FOUR SUBOENAS [23-CV-4597-EMC]

subpoenas. Plaintiff's attempt to blame Apple for her own failure to properly serve discovery well in advance should be summarily rejected. Enough is enough; at some point, this case must end.

### 2. Plaintiff's Subpoenas For Anonymous Internet User Information Violate the First Amendment and Seek Irrelevant Information.

Plaintiff's subpoenas to X, Wikimedia, and Ms. Juvinall do not serve any legitimate purpose. Instead, Plaintiff is abusing the judicial process to seek the identity of anonymous Internet users who made negative comments on her social media or edited a Wikipedia page. *See Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001) ("discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts" and "non-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker"). District courts, including this one, have used the following factors set forth in *Doe* to evaluate whether to compel the disclosure of an anonymous Internet user: (1) the subpoena was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source. *See Jones v. Meta Platforms, Inc.*, No. 25-MC-80165-TSH, 2025 WL 2308494, at *11 (N.D. Cal. Aug. 11, 2025). Plaintiff fails all four factors here.

**Factor 1.** Plaintiff's subpoenas to Wikimedia, X, and Ms. Juvinall are not made in good faith or for a proper purpose. Her subpoena to Ms. Juvinall is particularly egregious and this Court has already rejected Plaintiff's speculative accusations about Ms. Juvinall. *See* Dkt. No. 175 at 2:20-21 ("[I]t is sheer speculation on the part of Ms. Gjovik that Orrick has been part of the online harassment[.]"). The subpoenas have nothing to do with the claims remaining in this litigation, but are instead an irrelevant side show and apparent attempt by Plaintiff to use the Court's subpoena powers to hunt down (and likely dox) people who disagree with her online. *See* Dkt. No. 32 at ¶¶ 412, 414-415, 471, 476, 531, 1052, and 1055. This is not the "exceptional case" warranting abandoning First Amendment protections. *Doe*, 140 F. Supp. 2d at 1093.

**Factor 2.** None of the anonymous Internet user information relates to a core claim or

APPLE.'S OPP'N TO PLT.'s 2ND ADMIN. MOT. TO AM. SCHEDULING ORDER RE: FOUR SUBOENAS
[23-CV-4597-EMC]

defense in this case—*i.e.*, why Plaintiff was fired. Indeed, many of the subpoenas seek the identity of anonymous Internet users who allegedly altered or engaged with her posts *after* her termination. *See* Dkt. No. 347-1 at PDF pp. 67, 75-84. No legitimate purpose exists to extend the discovery cut-off to allow for this irrelevant, potentially unconstitutional, fishing expedition.

**Factor 3.** The information sought is not directly and materially relevant to any claim or defense. Plaintiff alleges two adverse actions under her remaining retaliation claims: (1) paid administrative beginning on August 4, 2021; and (2) termination. *See* Dkt. No. 142 ¶ 213. The identity of anonymous Internet users is completely irrelevant to the issue of why Plaintiff was on paid administrative leave and later fired.

**Factor 4.** Plaintiff has repeatedly informed this Court that she has all the information she needs to move for summary judgment. None of the information sought by her subpoenas is information relevant to the claims at issue or necessary to move this case forward towards its eventual, inevitable conclusion. Plaintiff should not be permitted to draw out the discovery process to pursue irrelevant ends via the apparent authority of federal court subpoenas.

### 3. Plaintiff Has Failed To Show How Her Former Employer Northeastern University Has Any Documents Relevant To Her Claims.

Apple subpoenaed Plaintiff's employer Northeastern to obtain documents relevant to its mitigation of damages defense (after proper notice to Plaintiff), and has already received responsive documents. *See* Dkt. 347-1 ¶ 13. There is no showing that any further subpoena is necessary.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Plaintiff's Motion to further extend the fact discovery cut-off to allow her to serve and pursue four harassing, irrelevant third-party subpoenas that she did not even attempt to (improperly) serve until two weeks before the close of fact discovery. Plaintiff cannot demonstrate that good cause exists to alter the case schedule for these subpoenas.

Dated: April 13, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Jessica R. Perry*
JESSICA R. PERRY
Attorney for Defendant APPLE INC.