UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No.  23-cv-04597-EMC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION RE DISCOVERY DEADLINE**<br><br>Docket No. 346 |

Previously, the Court granted in part Apple's motion for an extension of discovery deadlines.  *See* Docket No. 345 (Order at 4) (extending discovery deadlines "only with respect to (1) Ms. Gjovik's medical records (from the health care providers); (2) the IME; and (3) expert reports related to Ms. Gjovik's medical condition").  Now pending before the Court is a motion filed by Ms. Gjovik in which she also seeks an extension of the fact discovery cut-off (which, generally speaking, is April 16, 2026).  Having considered the parties' papers and accompanying submissions, the Court hereby **GRANTS** in part Ms. Gjovik's motion for relief.[1]

## I.    <u>DISCUSSION</u>

A.    <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard "'primarily considers the diligence of the party seeking amendment.'"  *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 660 (9th Cir. 2021).  A court may also consider prejudice to the party

---

[1] Ms. Gjovik also has a separate motion in which she seeks an extension for other discovery matters.  *See* Docket No. 347 (motion).  The Court shall address that motion in a separate order.

opposing modification but, if the moving party was not diligent, the inquiry should end. *See id.* at 661.

B.    Deposition of Ms. Gjovik

Judge Westmore authorized a continued deposition of Ms. Gjovik, *see* Docket No. 327 (order), and this Court upheld her decision. *See* Docket No. 344 (order). The continued deposition began on April 8, 2026, but Apple suspended the deposition after Ms. Gjovik testified that she was sick and not well enough to proceed. The parties dispute whether, *e.g.*, Ms. Gjovik was sick on that day and/or whether Apple should have started the deposition given that Ms. Gjovik gave it advance notice via email that she was sick. For purposes of the pending motion, these disputes are not material. The only issue here is whether Ms. Gjovik's continued deposition may take place after the fact discovery cut-off of April 16, 2026.

Because the parties are in agreement that the continued deposition should take place after the fact discovery cut-off, and neither party suggests a lengthy extension is needed, the Court shall allow the continued deposition to take place after April 16. The deposition shall take place no later than April 30, 2026. To be clear, a dispute about what parts, if any, of the deposition should be designated as confidential is **not** a reason for the deposition not to go forward. Issues related to confidentiality can be worked out with Judge Westmore, as necessary, **after** the deposition takes place.

C.    Deposition of Yannick Bertolus

Ms. Gjovik seeks to take the deposition of Mr. Bertolus who, apparently, was the Apple employee who authored a communication related to her termination. Apple represents that Mr. Bertolus is no longer an Apple employee, and there is no evidence to the contrary. It seems Mr. Bertolus is not available for a deposition until April 17, 2026. The parties disagree whether Mr. Bertolus could have been made available at an earlier date, but, similar to above, any such disagreement is not material to the pending motion. The parties agree that Mr. Bertolus's deposition should take place on April 17, 2026, and, given that this is just one-day past the fact discovery deadline, the Court shall permit the deposition.

United States District Court
Northern District of California

United States District Court
Northern District of California

D.    30(b)(6) Deposition of Apple

Ms. Gjovik seeks to take a 30(b)(6) deposition of Apple past the fact discovery cut-off of April 16, 2026.  Contrary to what Ms. Gjovik suggests, this is an issue for this Court to resolve, and not Judge Westmore.

Apple argues that a discovery extension should not be given because Ms. Gjovik has failed to show good cause why she could not have taken the deposition before the discovery deadline. The Court is not without some sympathy for Apple's position.  Although Ms. Gjovik maintains that Apple is to blame for the deposition not moving forward, that position is not supported.  For example, Ms. Gjovik suggests in her declaration that she issued a deposition notice in August 2025, *see* Gjovik Decl. ¶ 20, but, notably, she did not attach to her declaration a copy of any deposition notice.  Apple has also provided an email from August 2025 where Ms. Gjovik states her *intent* to take a 30(b)(6) deposition, *see* Perry Decl., Ex. L (email), but Ms. Gjovik never provided a formal deposition notice at that time – including specific topics for the 30(b)(6) deposition.  *See* Fed. R. Civ. P. 30(b)(6) (providing that a 30(b)(6) notice "must describe with reasonable particularity the matters for examination").  The evidence of record indicates that Ms. Gjovik did not identify any specific topics for Apple until April 1, 2026.  *See* Perry Decl., Ex. M (email).

That being said, Ms. Gjovik did effectively give notice of the 30(b)(6) deposition to Apple on April 1, 2026 – or April 3, 2026, when she sent a subpoena to Apple by email, *see* Perry Decl., Ex. N (email) – and the 30(b)(6) deposition *was* noticed within the discovery deadline.  (The deposition was noticed for April 14, 2026.)  The question thus becomes whether it was appropriate for Ms. Gjovik to give Apple only 11 (or 13) days' notice of the 30(b)(6) deposition – *i.e.*, was this "reasonable notice" as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and date of the deposition . . . .").  Apple contends it did not get reasonable notice.

The Federal Rules do not specify how many days of advance notice are needed to be considered reasonable.  *See* 7 Moore's Fed. Prac. – Civ. § 30.20 ("The Federal Rules of Civil

3

United States District Court
Northern District of California

Procedure do not require any particular number of days' advance notice of a deposition."). Nor do this Court's Local Rules. *See id.* (noting that "some courts have established a required number of days' advance notice). Some legal commenters have indicated that the prevailing practice is to give the opposing side 14 days' advance notice of a deposition. *See Engage Healthcare Communs., LLC v. Intellisphere, LLC*, No. 12-cv-00787(FLW)(LHG), 2017 U.S. Dist. LEXIS 214569, at *7 (D.N.J. Nov. 1, 2017); *cf.* Fed. R. Civ. P. 32(a)(5)(A) (providing that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place – and this motion was still pending when the deposition was taken."). But courts have been willing to allow fewer than 14 days. *See, e.g.*, D. Del. L.R. 30.1 ("Unless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions under Fed. R. Civ. P. 30(b)(1) and 30(b)(6) shall be not less than 10 days."); *In re SanDisk SSDS Litig.*, No. 23-cv-04152-RFL (LJC), 2025 U.S. Dist. LEXIS 84523, at *8-9 (N.D. Cal. May 2, 2025) (noting that "'courts in this Circuit have found that a week to ten day[s'] notice is reasonable where the party is seeking a deposition without the production of documents'"). Ultimately, courts have stated that the degree of notice needed will vary depending on the circumstances. *See id.* at *9; *see also* Moore's § 30.20.

In the case at bar, it appears that Ms. Gjovik is seeking a deposition without the production of documents. This suggests that a shorter period of notice is acceptable. On the other hand, Ms. Gjovik identified 14 topics for the 30(b)(6) deposition – covering a fairly broad range of information. This weighs in favor of a longer period for Apple to prepare. Because it is a close call as to whether Ms. Gjovik gave Apple reasonable notice, the Court shall allow Ms. Gjovik to take Apple's deposition after the fact discovery cut-off of April 16, 2026, but it shall **not** change the summary judgment briefing schedule, particularly in light of Ms. Gjovik's prior representations that she does not need additional discovery to proceed with summary judgment.

Ms. Gjovik has until **May 14, 2026**, to take Apple's 30(b)(6) deposition. Because it appears the parties will likely have a dispute about the deposition topics, the Court orders the parties to **immediately** meet and confer regarding the topics. If they cannot reach agreement, they

shall file a joint letter (no longer than three single-spaced pages) with Judge Westmore by April 21, 2026.  This *discrete* discovery issue shall not be subject to the discovery process previously established by Judge Westmore.  *See* Docket No. 327 (order setting process for remaining discovery disputes).

## II.   CONCLUSION

For the foregoing reasons, the Court grants in part Ms. Gjovik's motion.

This order disposes of Docket No. 346.

**IT IS SO ORDERED**.

Dated: April 14, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

5