UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

Case No.  23-cv-04597-EMC

**ORDER DENYING PLAINTIFF'S MOTION RE DISCOVERY DEADLINE**

Docket No. 347

Pending before the Court is a second motion filed by Ms. Gjovik in which she seeks an extension of the fact discovery cut-off (which, generally speaking, is April 16, 2026).  Having considered the parties' papers and accompanying submissions, the Court hereby **DENIES** Ms. Gjovik's motion for relief.

## I.      FACTUAL & PROCEDURAL BACKGROUND

The fact discovery cut-off case is (with certain limited exceptions) April 16, 2026.  Ms. Gjovik seeks an extension of this deadline for four subpoenas issued to third parties.  The third parties are:

(1) Northeastern University.  Ms. Gjovik worked at Northeastern after she was terminated from Apple.  Northeastern later terminated her employment.  According to Ms. Gjovik, the termination by Northeastern was "arranged with Apple."  Mot. at 3.

(2) Wikimedia Foundation.  According to Ms. Gjovik, "user accounts that were identified as sockpuppet (intentionally fake and misleading) accounts [were] used to edit [Wiki] articles about Plaintiff, targeting the claims in this litigation, her

United States District Court
Northern District of California

NLRB charges, and her professional reputation. Wikipedia's own internal Sockpuppet Investigation confirmed many of the accounts are linked and that one of the master accounts, (someone who previously worked in Apple's Legal & Global Security organization), was permanently banned by the community for sockpuppetry and for evading an Arbitration Committee interaction ban relating to the Plaintiff's Wikipedia article." Gjovik Decl. ¶ 16.

- Kate Juvinall. Ms. Juvinall previously worked as an attorney at Orrick, Apple's litigation counsel of record. According to Ms. Gjovik, Ms. Juvinall is "very likely connected to anonymous social media and Wikipedia accounts targeting Plaintiff during and after her employment at Apple." Mot. at 3. In support of this assertion, Ms. Gjovik notes that she moved to disqualify Orrick in January 2025 and that Ms. Juvinall withdrew from the case and/or left Orrick in February 2025. *See* Mot. at 3.

- X Corp. (formerly Twitter). Ms. Gjovik seeks information related to "a specific paid Twitter promotion . . . targeting Plaintiff that was published on or about September 10, 2021, shortly after Plaintiff's termination from Apple. The promoted post, by the account @beezie_wacks, contained harassing content directed at Plaintiff by name." Gjovik Decl. ¶ 19.

For each third party, Ms. Gjovik sought the production of documents.

Ms. Gjovik obtained subpoenas for the third parties on April 2, 2026, *i.e.*, approximately two weeks before the fact discovery cut-off. *See* Gjovik Decl. ¶ 2. Ms. Gjovik then mailed the subpoenas to the third parties on April 3, 2026.[1] *See* Gjovik Decl. ¶ 3. The subpoenas specified that documents should be produced by April 10, 2026. *See* Gjovik Decl., Exs. A-D (subpoenas). It appears that most, if not all, third parties received the subpoenas on April 6, 2026 (*i.e.*, only four days before the return date). *See, e.g.*, Gjovik Decl., Exs. B-D (Northeastern, Wikimedia, and X).

---

[1] In doing so, Ms. Gjovik failed to comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(b)(1) (providing that a person who serves a subpoena cannot be a party to the litigation). The majority of courts have also held that personal service for a subpoena is required. *See* 9 Moore's Fed. Prac. – Civ. § 45.21.

2

## II.    DISCUSSION

### A.    Legal Standard

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "'primarily considers the diligence of the party seeking amendment.'" *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 660 (9th Cir. 2021). A court may also consider prejudice to the party opposing modification but, if the moving party was not diligent, the inquiry should end. *See id.* at 661.

### B.    Diligence

Ms. Gjovik has failed to show that she was reasonably diligent in seeking the discovery from the third parties.

As an initial matter, the Court acknowledges that Ms. Gjovik set a return date for each subpoena of April 10, 2026 – *i.e.*, before the fact discovery cut-off of April 16, 2026. *See* Civ. L.R. 37-3 (providing that a "'discovery cut-off' is the date by which all responses to written discovery are due and by which all depositions must be concluded"). However, she did not serve the subpoenas until April 3, 2026, and, because she chose to mail the subpoenas (instead of personally delivering them), they were not received by the third parties until April 6, 2026 – *i.e.*, just four days before the return date. This did not give the third parties reasonable notice, especially given Ms. Gjovik's request that the third parties produce documents and the breadth of the document requests.[2] *See* Moore's § 45.21 (noting that, "a subpoena should be served in advance of its return date so that the person subject to the subpoena has a reasonable time to comply").

Moreover, Federal Rule of Civil Procedure 45 arguably suggests that a third party should have at least 14 days to comply with a subpoena. *See* Fed. R. Civ. P. 45(d)(2) (providing that, when a subpoena for documents is issued, the subpoenaed party may make a written objection in

---

[2] Although not all third parties seem to have objected on the basis of lack of reasonable notice, that does not mean that the Court does not need to evaluate reasonable notice as part of its evaluation of whether discovery past the cut-off is permissible.

response; the objection must be served before (1) the time specified for compliance or (2) 14 days after the subpoena is served, whichever is earlier).  In the case at bar, if the Court were to use the service date of April 3, 2026 (rather than the mailing receipt date of April 6, 2026), 14 days later would put the return date at April 17, 2026 – *i.e.*, one day past the discovery cut-off date.

Implicitly recognizing this problem, Ms. Gjovik argues that she cannot be blamed for not issuing the subpoenas until early April 2026.  She asserts:

> I was unable to serve these subpoenas earlier due to the compressed discovery deadline caused by Apple's three-month stay of litigation (September-November 2025), the delayed publication of the case schedule (January-February 2026), and Apple's weeks-long campaign of protective order motions (February-April 2026) that required extensive opposition briefing and consumed my limited time during the discovery window.

Gjovik Decl. ¶ 22.  But Ms. Gjovik leaves out several facts from the above assertion – *e.g.*, that there was a stay of litigation because she filed bankruptcy; that the case schedule was explicitly discussed in January 2026 (*i.e.*, even though not "published" until later); and that, Ms. Gjovik had actually wanted "liability discovery" to close on January 30, 2026 (*i.e.*, well before the fact discovery cut-off that the Court ended up imposing).  *See* Docket No. 269 (Jt. CMC St. at 10). Most important, however, is that regardless of any "campaign" by Apple, *see* Mot. at 2 (arguing that Apple "launched a sustained barrage of motions relating to the protective order and confidentialitiy designations that consumed weeks of [her] time and diverted her from substantive discovery tasks"), Ms. Gjovik had sufficient time to seek the third-party discovery, as demonstrated by the fact that, during the February-April 2026 period, she herself filed a number of motions:

- A motion for sanctions in the bankruptcy case.  *See* Docket No. 286 (notice of motion for sanctions).
- A motion for relief from a magistrate judge order.  *See* Docket No. 301 (motion).
- A motion for discovery sanctions.  *See* Docket No. 302 (motion).
- A motion to compel regarding interrogatories.  *See* Docket No. 309 (letter).
- A motion to compel regarding document requests.  *See* Docket No. 310 (letter).
- A motion related to her medical records.  *See* Docket No. 324 (letter).

United States District Court
Northern District of California

- A motion for relief from a magistrate judge order.[3]  *See* Docket No. 330 (stricken and refiled at Docket No. 338).

- A motion for relief from a magistrate judge order.  *See* Docket No. 331 (stricken and refiled at Docket No. 337).

- A motion for relief from a magistrate judge order.  *See* Docket No. 332 (stricken and refiled at Docket No. 336).

- A motion for relief from a magistrate judge order.  *See* Docket No. 339 (motion).

The Court thus finds, as a factual matter, that Ms. Gjovik failed to act with the requisite diligence.  As a result, her motion for an extension of the discovery cut-off is denied.

C.    Prejudice

Even if Ms. Gjovik had acted diligently in pursuing discovery from the third parties, the Court would still deny her motion for relief.  Extending the deadline would be prejudicial to Apple because Ms. Gjovik is essentially engaging in a fishing expedition.  Her theory that Apple conspired with Northeastern and/or that Apple (including its attorneys) was part of an online harassment campaign against Ms. Gjovik amounts to nothing more than speculation.  Furthermore, at least some of the information sought is not relevant or is minimally probative given that the issue in this case is whether Apple retaliated against Ms. Gjovik while she was an employee (up through her termination in September 2021).  Alleged harassment after Ms. Gjovik was terminated is largely immaterial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Even if Ms. Gjovik has a legitimate basis for contesting the confidentiality designations made by Apple, she has needlessly multiplied proceedings.  As the Court's prior orders reflect, all that Judge Westmore did was hold that confidentiality designations should be maintained *until* she has an opportunity to review them and decide whether they are appropriate.

### III.    CONCLUSION

For the foregoing reasons, Ms. Gjovik's motion for relief is denied.  Ms. Gjovik shall **immediately** provide a copy of this order to each subpoenaed third party so that the third party knows there is no need to comply with the subpoena.  Apple may also give notice of the order to the subpoenaed parties.

This order disposes of Docket No. 347.

**IT IS SO ORDERED**.

Dated: April 15, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

6