Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK**, *an individual*,

Plaintiff,

vs.

**APPLE INC.**, *a corporation,*

Defendant.

**CASE NO.**

**3:23-CV-04597-EMC (KAW)**

**PLAINTIFF'S CERTIFICATE OF SERVICE PER COURT ORDERS AT DKT. 351,352, & 353**

# PLAINTIFF'S CERTIFICATE OF SERVICE PER COURT ORDERS AT DKT. 351,352, & 353

1.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

2.      I am the Plaintiff in this action and make this declaration of my own personal knowledge.

3.      On April 13 2026, Judge Westmore issued a text only Order requesting Chambers Copies from the Defendant and Plaintiff regarding the Defendant's Administrative Motion to Seal documents in this case stating that: "by 4/16/2026, the parties are ordered to lodge hard copies of all documents and tabbed exhibits, if any, and email Word (.docx) versions of their moving papers to kawpo@cand.uscourts.gov in accordance with Paras. 6 & 7 of Judge Westmores Civil Standing Order."

4.      On April 14 2026, I mailed an envelope containing a printed copy of my six-page Opposition filing (Dkt. 342) to the Clerk's Office at the Oakland Courthouse, with the enclosed filing addressed to Judge Westmore and labeled as Chamber's Copies.

5.      A true and correct photo of that envelope being deposited at the Alviso USPS Post Office is attached as Exhibit A.

6.      On April 15 2026, I also emailed a Word (.docx) version of my Opposition papers to kawpo@cand.uscourts.gov along with confirmation that a printed copy was enroute with USPS.

7.      A true and correct copy of that email is attached as Exhibit B.

8.      On April 14 2026, Judge Chen issued an Order at Dkt. 352 ordering immediate meet and confer regarding the Plaintiff's request to take Apple's 30(b)(6) deposition. (Order at 4-5).

9.      On April 14 2026, I sent counsel for Apple an email where I volunteered to remove two topics as an initial offer of compromise, and asked counsel for Apple to start the meet/confer process regarding the 30(b)(6) deposition. As of now, counsel for Apple has not responded.

10.    A true and correct copy of my email is attached as Exhibit C.

11.    On April 15 2026, Judge Chen issued an Order at Dkt. 353 ordering the Plaintiff to immediately "provide a copy of this order to each subpoenaed third party so that the third party knows there is no need to comply with the subpoena."

12.    On April 15 2026, I emailed all four third parties, provided them with a copy of the Order at Dkt. 353, and informed them there is no need to comply with the subpoena.

13.    A true and correct copy of those emails are attached as Exhibit D.

Respectfully,

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/***In Propria Persona***)**
Filed April 15 2026 in San José, California
(408) 883-4428 | ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT A



# EXHIBIT B

# Gjovik v. Apple Inc., 3:23-cv-04597, Dkt. 351

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To      CAND KAWpo<kawpo@cand.uscourts.gov>

Date    Wednesday, April 15th, 2026 at 3:02 PM

Hello,

Per the Court's entry at Dkt 351 in case 3:23-cv-04597 I'm attaching a Word (docx) version of my Opposition filing to the Defendant's Motion to Seal which I electronically filed to Dkt. 342.

I also mailed a printed copy to the Courthouse, with the filing marked as Chambers Copies for Judge Westmore, on April 14 2026, from the USPS post office in Alviso.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

**1.71 MB**   3 files attached

Gjovik v Apple - Opposition to Sealing 20260407.docx 71.33 KB       gov.uscourts.cand.417952.342.0_1.pdf 150.53 KB

20260414_130353 USPS CHAMBERS COPIES.jpg 1.49 MB

# EXHIBIT C

# RE: Depositions

From     Ashley Gjovik <ashleymgjovik@protonmail.com>

To       Perry, Jessica R. <jperry@orrick.com>

CC       Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>,
         Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>,
         Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>,
         Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com>

Date     Wednesday, April 15th, 2026 at 5:23 AM

Hello,

I disagree with your assertions and your refusal to meet/confer on this process.

Per Judge Chen's Order at Dkt 352 regarding this issue, it is no longer part of the customer discovery dispute process and we must "immediately meet and confer" regarding the topics.

I'm adding the prior 4/1 email below for context below the existing chain. Please let me know how you'd like to meet/confer on this matter. I am very busy trying to finish the fact discovery deliverables I owe you by 4/16 and I'm also willing to narrow the scope of the request to the following topics as a starting point. If you are willing to engage on these topics, I can then draft more detailed descriptions for you -- and I would benefit from you letting me know what types of information you would like to have provided.

TOPIC 2: Gjovik's assignment to the 825 Stewart Drive (TRW Microwave Superfund site) office, including environmental conditions at that site and Defendant's knowledge of any associated health or safety hazards.
TOPIC 3: The semiconductor manufacturing facility (3250 Scott Blvd) located near [Employee]'s residence, including Defendant's knowledge of environmental or health hazards, and/or injuries to Gjovik, associated with that facility.
TOPIC 4: Any complaints, reports, or concerns raised by Gjovik regarding environmental, health, or safety conditions, regulatory compliance, privacy invasion concerns, discrimination, retaliation, or harassment from 2020-2021; and Defendant's response thereto.
TOPIC 5: Any 2021-2026 EPA inspection(s) of the 825 Stewart Drive office, including Defendant's knowledge of the basis for the inspection and Defendant's response.
TOPIC 6: Any investigation(s) conducted by or on behalf of Defendant into Gjovik's conduct or performance in 2020-2021, including the basis, scope, and outcome of each.
TOPIC 7: The decision to place Gjovik on administrative leave, including the reason(s), the decision-makers involved, and the information they considered.
TOPIC 8: The decision to terminate Gjovik's employment, including the reason(s), timeline, investigation, the decision-makers involved, communication to Gjovik, the information they considered, and any alternatives considered.
TOPIC 9: Defendant's knowledge of and response to Gjovik's charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to termination (or other agencies).
TOPIC 10: The factual basis for each affirmative defense asserted by Defendant in this action.
TOPIC 11: Any post-termination communications sent by or on behalf of Defendant to Gjovik, including any requests or demands to remove or retract speech or online content.

TOPIC 12: Defendant's knowledge of any post-termination contact with, monitoring of, or communications directed at Gjovik through social media, email, or other mediums by Defendant or persons acting at Defendant's direction or condonation.

TOPIC 14: Any investigations into Gjovik's 2020-2021 complaints, including findings, outcomes, and timeline and decision makers.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, April 8th, 2026 at 6:26 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> Your email below is inaccurate. On a few occasions over the past year you have made vague reference to planning to take a 30(b)(6) deposition, but you did not provide information about the topics until April 1, 2026. Moreover, the subpoena you mailed us on April 3 is ineffective. Your email contains other misrepresentations and inaccuracies, but I am not going to address them here.
>
> Attached is Apple Inc.'s Objection to the 30(b)(6) topics for a deposition of Apple Inc. As set forth in the attached objection, Apple objects on multiple procedural and substantive grounds. Accordingly, Apple will not be producing any deponent on April 14, 2026.
>
> As you are aware, per Judge Westmore's March 30, 2026 Omnibus Discovery Order (Dkt. No. 327), the parties are not allowed to file any discovery motions or letters at this time, including a motion for protective order.
>
> Apple reserves all rights and objections.
>
> Thank you.
>
> [EXTERNAL]
>
> Counselors,
>
> First, yes as I noticed your earlier, the Deposition for Mr. Okpo is confirmed for tomorrow at 1PM PT.

I am also in receipt of your email refusing to produce witnesses for the Rule 30(b)(6) deposition of Apple Inc. Your position is contrary to the Federal Rules of Civil Procedure, the applicable case law, and the procedural history of this case. Apple's refusal to produce a corporate designee is improper, and I intend to proceed with the deposition as noticed.

I first noticed the 30(b)(6) deposition of Apple Inc. and attempted to meet and confer on scope and scheduling no later then July 2025 — nearly nine months ago. Despite repeated follow-ups, Apple did not substantively engage on the 30(b)(6) topics or scheduling until today, April 6, 2026, when — for the first time — you stated you would refuse to produce any witness. A subpoena was served on Apple on April 3, 2026, for a deposition on April 14, 2026, providing 11 calendar days' notice.

Under the 2020 amendment to Fed. R. Civ. P. 30(b)(6), "the serving party and the organization must confer in good faith about the matters for examination." This obligation is mandatory and runs both ways. The Advisory Committee Notes explain that the amendment "directs the serving party and the named organization to confer before or promptly after the notice or subpoena is served about the matters for examination" and that "[c]andid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination." Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment.

If Apple believed the noticed topics were overbroad or lacked particularity, its obligation was to engage in the conferral process to narrow them — not to ignore the request for eight months and then refuse to produce any witness at all. Apple's failure to confer is a violation of its own obligations under Rule 30(b)(6).

Your statement that you will "serve formal objections" but refuse to produce any witness is not a recognized procedure under the Federal Rules. Courts have repeatedly held that written objections to a 30(b)(6) notice are insufficient to excuse an organization from appearing.

As the court held in *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014): "The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order."

Similarly, in *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 67 (D.P.R. 1981), the court held that an organization confronted with a 30(b)(6) notice it deems objectionable must seek a protective order from the court — not simply refuse to appear. See also Markowitz Herbold, The Art of Narrowing Rule 30(b) (6) Deposition Notices ("[S]erving the noticing party with an objection . . . does nothing to prohibit the noticing party from inquiring into the subject matters described in the Rule 30(b)(6) notice. Nor does it excuse the organization from attending the deposition or from preparing designees to testify about the topics in the notice.").

Apple has not filed a motion for protective order or a motion to quash. Absent such a motion, it has no basis to refuse to produce a witness.

A subpoena was served on Apple on April 3, 2026, commanding the attendance of its corporate designee(s) for deposition on April 14, 2026. Under Fed. R. Civ. P. 45, Apple's remedies upon receipt of a subpoena commanding attendance for testimony are limited to filing a motion to quash under Rule 45(d)(3) or seeking a protective order under Rule 26(c). Simply refusing to appear is not an option.

Under Fed. R. Civ. P. 37(d)(1)(A)(i), when a party or its Rule 30(b)(6) designee "fails, after being served with proper notice, to appear for that person's deposition," the court may impose sanctions. Critically, Rule 37(d)(2) provides that such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Apple has no such pending motion.

The Ninth Circuit has confirmed that sanctions may be imposed under Rule 37(d)(1) for failure to appear at a deposition even without a prior court order. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 947 (9th Cir. 1993). Further, a pending motion for a protective order does not even excuse a deponent from appearing. *Pioche Mines Consol., Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir. 1964).

Failure to obey a subpoena may also be held in contempt of court under Fed. R. Civ. P. 45(g).

Fed. R. Civ. P. 45 does not prescribe a minimum number of days for service of a deposition subpoena. The standard is whether the subpoena allows "reasonable time" for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i). Eleven calendar days' notice — particularly where the underlying deposition request has been pending since August 2025, and the deponent is a party to this litigation with its own counsel of record — is plainly reasonable.

Apple waited until the final two weeks of fact discovery to engage on scheduling for any depositions, and only did so after I filed motions for sanctions. Apple cannot now claim inadequate notice for a deposition it has known about since August 2025. To the extent any compressed timeline exists, it is entirely of Apple's own making.

I demand that Apple produce its corporate designee(s) for the Rule 30(b)(6) deposition as noticed on April 14, 2026 and meet/confer in good faith regarding the scope prior. I will also be sending a more detailed notice later this week as I have time -- as I've told you repeatedly today, I'm sick with the flu and working through a backlog. If Apple refuses to meet/confer then we'll just proceed with what I noticed -- Apple cannot benefit from its refusal to comply with the federal rules.

If Apple fails to produce a witness, I intend to seek relief from the Court, including a motion to compel under Rule 37(a), sanctions under Rule 37(d) including attorneys' fees and costs, and any other relief the Court deems appropriate, up to and including contempt under Rule 45(g).

Please confirm Apple's compliance by end of day April 8, 2026.

—

Ashley M. Gjøvik

BS, JD, PMP

On Monday, April 6th, 2026 at 4:53 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> You didn't raise taking Mr. Okpo's deposition until the middle of March. And then you said you weren't sure you would proceed. We also repeatedly told you we were trying to arrange dates for all these witnesses, which we did, and you unilaterally noticed it for April 10, then reissued the notice for April 7. Regardless, it now appears you did in fact confirm that Aptus is available to provide court reporting services tomorrow for the deposition so we will plan to proceed then.
>
> We will serve formal objections, but we are not producing witnesses on the 30(b)(6) topics you emailed us about last week. You have failed to provide adequate, reasonable notice (and in any event the topics you provided are, among other things, overly broad, vague, and don't identify the matters for examination with the required particularity).
>
> Thank you.
>
> [EXTERNAL]
>
> Counselor I noticed the deposition for Okpo for 4/10

# EXHIBIT D

# Re: Ashley M. Gjovik v. Apple Inc. - USDC, Northern District Case No. 3:23-CV-04597-EMC - Service Document

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To    Crowley, Janie<jcrowley@longlevit.com>

CC    Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>, McMonigle, Joseph<jmcmonigle@longlevit.com>, Sullivan, John<jsullivan@longlevit.com>, Baig, Sarah<sbaig@longlevit.com>, Rybiy, Katherine<krybiy@longlevit.com>

Date    Wednesday, April 15th, 2026 at 2:30 PM

Hello,

Per a Court Order today denying my request to extend discovery deadlines in this case, this subpoena is withdrawn and there is no need for your client to comply with the subpoena. A copy of the Order is attached for your records.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Friday, April 10th, 2026 at 11:36 AM, Crowley, Janie <jcrowley@longlevit.com> wrote:

> Good morning,
>
> Attached please find the following service document:
>
> - NON-PARTY KATE JUVINALL'S OBJECTION TO PLAINTIFF ASHLEY M. GROVIK'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.
>
> Thank you.
>
> Janie Crowley | Legal Assistant to
>
> Jennifer W. Suzuki, Douglas J. Melton, Shane M. Cahill, Sarah Baig and Jacklyn Martello-Berg



Main:  (415) 397-2222 / Direct: (415) 438-4324

465  California  Street, 5th  Fl. San Francisco, CA  94104

---

**225.47 KB**    1 file attached    1 embedded image

GJOVIK V APPLE COURT ORDER DKT 353.pdf 219.16 KB

# Re: Gjovik v. Apple Inc. --Northeastern University Subpoena

---

From    Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>

To    Torres-Masferrer, Maria<mtorresmasferrer@seyfarth.com>

CC    Mora, Jennifer L<jmora@seyfarth.com>, Fisher, Robert A<RFisher@seyfarth.com>, Ayers-Mann, John T<JAyers-Mann@seyfarth.com>, Dieckman, Alyson D.<ADieckman@seyfarth.com>, Roberts, Michael<miroberts@seyfarth.com>, Hovey, Kim<KHovey@seyfarth.com>, Olivas, Karla<kolivas@seyfarth.com>, Carvente, Marybell<mcarvente@seyfarth.com>

Date    Wednesday, April 15th, 2026 at 2:32 PM

---

Hello,

Per a Court Order today denying my request to extend discovery deadlines in this case, this Subpoena is withdrawn and there is no need for your client to comply with the subpoena. A copy of the Order is attached for your records.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 10th, 2026 at 1:50 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> I'm confirming receipt of your response. Fact discovery is currently set to end on 4/16 and I filed a Motion at Dkt 347 asking to extend the deadline for this and three other non-party subpoenas.
>
> Please let me know where to direct formal service, and to whom, and I will get that initiated.
>
> I will also send a more detailed response to your objections once I have more time to review them.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> On Friday, April 10th, 2026 at 11:17 AM, Torres-Masferrer, Maria <mtorresmasferrer@seyfarth.com> wrote:
>
>> Ms. Gjovik,
>>
>> Please see attached.
>>
>> Best,
>> Maria

**Maria Torres-Masferrer** | Legal Support Assistant | Seyfarth Shaw LLP

2029 Century Park East | Suite 3500 | Los Angeles, California 90067-3021

Assistant To:Lorraine H. O'Hara, David D. Jacobson, Bethany Pelliconi, Joshua Salinas, Catherine S. Feldman & John Ayers-Mann

Direct: +1-310-201-9245

mtorresmasferrer@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**219.16 KB**   1 file attached

GJOVIK V APPLE COURT ORDER DKT 353.pdf 219.16 KB

# Re: Ashley M. Gjovik v. Apple, Inc. - Wikimedia Foundation Subpoena Extension Request

From   Ashley Gjovik <ashleymgjovik@protonmail.com>

To     Wikimedia Legal<legal@wikimedia.org>

Date   Wednesday, April 15th, 2026 at 2:29 PM

Hello,

Per a Court Order today denying my request to extend discovery deadlines in this case, this Subpoena is withdrawn and there is no need for Wikipedia to comply with the subpoena. A copy of the Order is attached for your records.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Friday, April 10th, 2026 at 9:17 AM, Wikimedia Legal <legal@wikimedia.org> wrote:

> Dear Ms. Gjøvik,
>
> We are in receipt of a subpoena dated April 7, 2026 for **Ashley M. Gjovik v. Apple, Inc.**, case number 23-cv-04597-EMC (N.D. Cal.) ("**Subpoena**"). The Subpoena seeks information regarding several IP addresses and other related account data for users that made certain contributions to English- Wikipedia from December 2021 through the date of production. The Subpoena further requests the information to be shared by **April 10, 2026**.
>
> Given the scope of the Subpoena, we will require additional time to review the request in accordance with the Foundation's Privacy Policy and the Data Retention Guidelines, and coordinate with the internal teams. In light of the foregoing, we propose an extension of 15 calendar days for the Foundation to respond.
>
> Please let us know if it works well for your team.
>
> On behalf of the Wikimedia Foundation Inc.
>
> Sincerely,
>
> Zoe Kossak
> Associate Counsel
> Wikimedia Foundation

**219.16 KB**   1 file attached

GJOVIK V APPLE COURT ORDER DKT 353.pdf 219.16 KB

# Re: Records Request to X Corp. | Ashley M. Gjovik vs. Apple Inc., Case No. 3:23-cv-04597

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Swazer, Ari<Aswazer@mcdermottlaw.com> |
| CC | Hawk, Jon<jhawk@mcdermottlaw.com>, King, Chance<chking@mcdermottlaw.com> |
| Date | Wednesday, April 15th, 2026 at 2:32 PM |

Hello,

Per a Court Order today denying my request to extend discovery deadlines in this case, this Subpoena is withdrawn and there is no need for your client to comply with the subpoena. A copy of the Order is attached for your records.

-Ashley


—

**Ashley M. Gjøvik**

**BS, JD, PMP**


On Friday, April 10th, 2026 at 8:01 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Counselor,
>
> I will review your objections in more detail and respond further, however I must initially raise the egregious conflict of interest triggered by your firm responding to this matter.
>
> There is a very short list of possible entities who's name would show up on the billing records requested and your firm is one of them. Your firm was retained by the Defendant prior to the termination, to defend the NLRB charges against the Defendant, and lawyers at your firm were caught repeatedly using burner X accounts to harass me and other employees/unions the same lawyers were defending against.
>
> If you're not already aware of the representation conflict, I can provide you more information and I believe your firm has a professional obligation to investigate and probably recuse themselves from this matter.
>
> -Ashley
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
>
> On Friday, April 10th, 2026 at 6:27 PM, Swazer, Ari <Aswazer@mcdermottlaw.com> wrote:

Ms. Gjovik,

We represent X Corp. in connection with the above-referenced matter. Please find attached X Corp.'s response to the subpoena.

X Corp. further notes that, at the time X Corp. received the subpoena, there was no data associated with an account with username @beezie_wacks. We are available to discuss.

Best,

Ari

**Ari Swazer**
Associate

**T:** +1 310 788 6057 | **M:** +1 720 352 2951
aswazer@mcdermottlaw.com | LinkedIn

McDermott Will & Schulte LLP | mcdermottlaw.com
2049 Century Park East | Suite 3200 | Los Angeles, CA 90067-3206 | USA



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mcdermottlaw.com/ for more information about our Firm.

**219.16 KB**   1 file attached

GJOVIK V APPLE COURT ORDER DKT 353.pdf 219.16 KB



Case Activity & Search ▶ Case Details

🔍 Case Details

## Overview

(1) Contacts

Ashley M. Gjovik v Apple Inc.

SUBMITTED
4/15/2026

REFERENCE ID
⧉ REF-25220692

JOB TYPE & LEGAL DOCUMENT CATEGORY
Serve Only | Subpoena

CASE NUMBER
⧉ 3:23-cv-04597

COURT
US District Court, California, Northern District, San Francisco

👤 PARTY TO SERVE
**Northeastern University**

ADDRESS: 716 Columbus Ave Ste 301C, Roxbury Crossing, MA 02120
STATUS: Non-Served - Other

## Progress Overview

View: 📄 Proofs    🗔 Invoices

Rush

**All activity has been stopped.**

## Key Events

✕ **CANCELED**                                                        4/15/2026

Service On Northeastern University

## Updates & Activity ⓘ

⬇ Expand All  |  ⬆ Collapse All

Jump to: Support

Filter By:  ⦿ All Activity    ◯ Service Events (Only)

4/15/26 2:49 PM PDT

📋 Non-Service Confirmed: **Northeastern University**                  ⌃
Address: 716 Columbus Ave, Roxbury Crossing, MA 02120-2111

Other

4/15/26 2:48 PM PDT

💬 Message from DM David M.                                            ⌄

4/15/26 2:25 PM PDT

ⓘ Proof handling has been canceled by Ashley G.                       ⌄

4/15/26 2:25 PM PDT



Service for Northeastern University has been canceled by Ashley G.

4/15/26 2:25 PM PDT

Message from AG Ashley G.

4/15/26 8:38 AM PDT

Documents Dispatched: Service documents dispatched to process server for Northeastern University

4/15/26 8:20 AM PDT

Filing Confirmed: Case # 3:23-cv-04597
Filed: US District Court, California, Northern District, San Francisco on 4/2/2026 12:00 AM PDT.

4/15/26 8:19 AM PDT

Order Reviewed: Entered and queued for the next step.

4/15/26 4:17 AM PDT

Order Received: Rush Delivery for Service of Process requested upon 1 party by Ashley Gjovik

Documents

Invoices

Support

**Need Help?**

Read Our FAQs for answers to common questions.

Create a Customer Support Ticket

Please explain the issue and a member of our team will follow up.

Attach or Drag & Drop Documents

Send Request

1 New Message. Mark as Read

DM David M. Apr 15, 2026 2:48 PM | ABC Legal Customer Support

To: Ashley G. (ashleymgjovik@protonmail.com)

Hello Ashley,

We appreciate you for reaching out, and thank you for the update.

Per your instructions the order will be canceled, and since no attempts were made, a refund will be issued to your account in the amount of $200.00. Please allow 3-5 days for the refund to post to your account.

If you have any more instructions or questions for us, please feel free to reach out.

Best regards,

David M
ABC Legal Customer Support

**AG** Ashley G. Apr 15, 2026 2:25 PM

Hello, per a court order on the discovery schedule today regarding discovery deadlines this request is expired and service should be cancelled.

📄 FAQ & Documentation     📄 Terms of Service

**AG** Ashley G. Apr 15, 2026 2:25 PM

Hello, per a court order on the discovery schedule today regarding discovery deadlines this request is expired and service should be cancelled.

📄 FAQ & Documentation     📄 Terms of Service



Search for case by number, title, court...

Case Activity & Search ▶ Case Details

## 🔍 Case Details

◀ Previous    **1** of 12    Next ▶

### Overview

(1) Contacts

Ashley M. Gjovik v Apple Inc.

SUBMITTED
4/15/2026

REFERENCE ID
⧉ REF-25220694

JOB TYPE & LEGAL DOCUMENT CATEGORY
Serve Only | Subpoena

CASE NUMBER
⧉ 3:23-cv-04597

COURT
US District Court, California, Northern District, San Jose

> 👤 PARTY TO SERVE
> **KATE ELSA JUVINALL**
>
> ADDRESS:  22653 Cass Ave, Woodland Hills, CA 91364
> STATUS: Non-Served - Other

### Progress Overview

View:  📄 Proofs    🗐 Invoices

Rush

**All activity has been stopped.**

### Key Events

✕ **CANCELED**                                          4/15/2026

Service On KATE ELSA JUVINALL

### Updates & Activity ❓

⬇ Expand All    |    ⬆ Collapse All                    Jump to: Support

Filter By:   ⦿ All Activity     ◯ Service Events (Only)

4/15/26 2:56 PM PDT

💬    Message from  DM  David M.                              ⌃

To: Ashley G. (ashleymgjovik@protonmail.com)

Hello Ashley,

Thank you for reaching out. We've canceled your order and processed a refund for the full amount paid $141. Please allow 3–5 business days for the credit to appear, depending on your bank's processing times.
If we can assist you further, please let us know—we're happy to help.

Thank you,

David M
ABC Legal Customer Support

4/15/26 2:53 PM PDT

**Non-Service Confirmed: KATE ELSA JUVINALL**
Address: 22653 Cass Ave, Woodland Hills, CA 91364-2913

4/15/26 2:25 PM PDT

Proof handling has been canceled by Ashley G.

4/15/26 2:25 PM PDT

Service for KATE ELSA JUVINALL has been canceled by Ashley G.

4/15/26 2:25 PM PDT

Message from AG Ashley G.

4/15/26 10:59 AM PDT

Documents Received: Process server received documents for **KATE ELSA JUVINALL**.

4/15/26 8:21 AM PDT

Filing Confirmed: Case # **3:23-cv-04597**
Filed: US District Court, California, Northern District, San Jose on 4/2/2026 12:00 AM PDT.

4/15/26 8:21 AM PDT

Order Reviewed: Entered and queued for the next step.

4/15/26 4:22 AM PDT

Order Received: Rush Delivery for Service of Process requested upon 1 party by Ashley Gjovik

📄 Documents

📇 Invoices

👥 Support

**Need Help?**

🔗 **Read Our FAQs** for answers to common questions.

Create a Customer Support Ticket

Please explain the issue and a member of our team will follow up.

📎 Attach or Drag & Drop Documents

**Send Request**

---

1 New Message. <u>Mark as Read</u>

DM  David M. Apr 15, 2026 2:56 PM | ABC Legal Customer Support

> To: Ashley G. (ashleymgjovik@protonmail.com)
>
> Hello Ashley,
>
> Thank you for reaching out. We've canceled your order and processed a refund for the full amount paid $141. Please allow 3−5 business days for the credit to appear, depending on your bank's processing times.
> If we can assist you further, please let us know—we're happy to help.
>
> Thank you,
>
> David M
> ABC Legal Customer Support

AG  Ashley G. Apr 15, 2026 2:25 PM

> Hello, per a court order on the discovery schedule today regarding discovery deadlines this request is expired and service should be cancelled.

---

 FAQ & Documentation      Terms of Service