**ASHLEY M. GJOVIK, JD**
For the Plaintiff, *In Propria Persona*
2108 N St. Ste. 4553, Sacramento, CA, 95816
(408) 883-4428, legal@ashleygjovik.com


**ORRICK, HERRINGTON & SUTCLIFFE LLP**
**For Defendant Apple Inc**
JESSICA R. PERRY (SBN 209321) jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504) mriechert@orrick.com
KATHRYN G. MANTOAN (SBN 239649) kmantoan@orrick.com
RYAN D. BOOMS (SBN 329430) rbooms@orrick.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY M. GJOVIK**, *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br><br> **APPLE INC.**, *a corporation,* <br><br> Defendant. | **CASE NO.** <br> **3:23-CV-04597-EMC** <br><br> **JOINT DISCOVERY LETTER REGARDING PLAINTIFF'S REQUESTED RULE 30(B)(6) DEPOSITION OF DEFENDANT APPLE INC** |

# Joint Discovery Letter Regarding Plaintiff's Requested Rule 30(b)(6) Deposition of Defendant Apple Inc

This Joint Letter is filed to Magistrate Judge Westmore per the Order of the Honorable Judge Chen at Dkt. 352 on April 14 2026. The Order approved extending the fact-discovery cut off date from April 16 2026 to May 14 2026 for the Plaintiff's deposition of Defendant Apple Inc under Rule 30(b)(6). (Order at 3-5). Judge Chen ordered the parties to "immediately meet and confer regarding the topics" and "if they cannot reach agreement, they shall file a joint letter (no longer than three single-spaced pages) with Judge Westmore by April 21, 2026." Judge Chen noted that "this discrete discovery issue shall not be subject to the discovery process previously established by Judge Westmore." (Order at 5). Attached as Exhibit A is the Plaintiff's Notice for the Deposition and attached to Plaintiff's concurrently filed Declaration is a copy of the ordered meet/confer regarding this matter.

## Position of Plaintiff Ashley Gjovik

The Plaintiff attempted  to meet/confer with Defendant Apple Inc regarding a deposition of the Defendant under Rule 30(b)(6) since at least early 2025 and Apple has refused to even meet/confer on the request for over a year. (See Discovery Conference Call transcript at Dkt. 302-3 p. 50 " *You did this is after I requested deposition of the corporation. This is when I requested a 30(b)(6) 5 deposition… Then all of a sudden you decided you weren't going to talk to me anymore.*" July 2 2025); (see also Plaintiff's Administrative Motion at Dkt. 346 regarding Deposition of Apple Inc, and her Declaration and Exhibit C at 346-1). Plaintiff sent Defendant a Subpoena for this deposition on April 3 2026, signed by the Clerk, noticed for April 14 2026, but Defendant Apple Inc refused to appear and refused to meet/confer regarding the requested deposition.

Plaintiff is entitled to conduct discovery as part of this litigation and Judge Chen approved extending the deadline for the Plaintiff's deposition of Apple Inc to May 14 2026. The Plaintiff has no issue with the schedule provided by Judge Chen and does not require this deposition to be completed prior to her motion for Summary Judgement being filed on April 23 2026. Plaintiff sent Apple a list of agenda topics to start the meet/confer weeks ago, and Apple consistently refused all topics with generalized assertions of privilege, relevance, proportionality, and other excuses as to why they refused the deposition completely.

Plaintiff narrowed her agenda topics in a good faith effort to compromise but Apple still refused to agree to a single topic. Plaintiff then provided detailed questions and a further narrowed agenda -- again making an effort to compromise – but Apple again refused to meet/confer and claimed the questions are somehow already answered or unanswerable. Apple also repeatedly claimed the parties would never be able to agree and did not want to meet/confer. Finally, Apple's only offer was to agree to convert Judge Chen's ordered Deposition of Apple into 10 new interrogatories that they would answer instead – but did not want to contact Judge Chen and would only answer 10 questions with no subparts.

All of the topics/questions listed in the Plaintiff's notice are questions for which the Plaintiff does not have a direct answer -- and prior production and depositions raised more questions and revealed that there were other, non-disclosed actors in the background orchestrating the material disputed actions in this litigation. Apple also repeatedly claimed all details about key elements of the retaliation and its own defense are privileged and cannot be shared with anyone.

Apple's claim that 3250 Scott Blvd is irrelevant disregards the face of the operative pleading. Plaintiff's 5AC alleges four active retaliation claims (and over a dozen sub-claims) including— wrongful discharge in violation of public policy (Count I, Dkt. 142 ¶¶213–225), California Labor Code § 1102.5 (Count II, ¶¶226–233), California Labor Code § 6310 (Count III, ¶¶234–238), and California Labor Code § 98.6 (Count IV, ¶¶239–255) — and within Count I expressly pleads *Tameny* sub-claims for retaliation based on Plaintiff's status as a crime victim under Cal. Lab. Code § 230(e) (¶222), as a legislative witness

under Cal. Gov′t Code § 9414 and Cal. Pen. Code §§ 136.1, 137(b), 140(a) (¶¶223–225), and for disclosure of environmental violations under 42 U.S.C. §§ 9610 and 7622 and 15 U.S.C. § 2622 (¶230). Plaintiff specifically pleads that **before her termination** she met with Senator Wieckowski, Assembly Member Lee′s staff, Mayor Gillmor, and Supervising Deputy District Attorney Porter (Environmental Crimes) about 3250 Scott (5AC ¶¶84–86); that Apple knew of those meetings (¶¶79, 84); and that a non-profit asked her to testify before Senator Cortese on July 27— 8 days before Apple placed her on leave (¶121).

Apple′s cumulativeness argument also misunderstands the rule. Fact-witness testimony does not bind the corporation; only Rule 30(b)(6) testimony does. *See Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 538–40 (D. Nev. 2008); *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019). That distinction is decisive here, where every fact witness Apple deposed disclaimed knowledge of material facts and pointed to other actors, and where Apple — five years in — still has not disclosed the identity of the actor who initially proposed the termination (5AC ¶¶5, 204). Only a corporate designee, obligated to prepare on ″information known or reasonably available″ to Apple, can close that gap. Fed. R. Civ. P. 30(b)(6); *Great Am.*, 251 F.R.D. at 539.

Topic 12 (monitoring of Plaintiff′s digital activity) is neither speculative nor post-termination. Apple′s own answer, discovery response, and position statements admitted that Apple was reviewing Plaintiff′s Twitter posts prior to her termination (5AC ¶210) and that the termination was based on her public speech. Apple′s September 15, 2021 letter from O′Melveny & Myers cited Plaintiff′s Twitter posts as the stated basis for her termination (¶184). And Apple′s knowledge of Plaintiff′s protected activity — much of it acquired through the very surveillance Apple now seeks to shield from testimony — is an element of causation on every retaliation count and is pleaded at length in the ″Knowledge of Protected Activities″ section (5AC ¶¶206–212). This is not speculation about anonymous internet users; it is Apple′s own admitted conduct toward its own employee′s Apple-issued devices and accounts.

The Plaintiff asks this court to please order Apple to comply with the attached Notice and order the deposition to occur on May 6 2026 or the dates Apple has just provided in their portion of the Letter. The Court should refuse Apple's request to condition the Plaintiff's right to discovery on Plaintiff's own requested Motion for Summary Judgment against the Defendant – especially when Judge Chen already approved this Deposition, and the Defendant has admitted to the Court that they are not prepared to even provide their own evidence to the court ("Plaintiff intends to file a motion for summary judgment"… "Defendant believes it is premature to expedite the presentation of evidence" Dkt. 269 at 11).

## POSITION OF DEFENDANT APPLE

### *Apple's Position Statement for Joint Letter Brief Regarding Fed. R. Civ. P. 30(b)(6) Topics*

Apple understands Plaintiff to be seeking 30(b)(6) testimony for 10 of her original 14 topics (i.e., Topics 2-9, 12 and 14). The parties were unable to agree as to these topics and Apple seeks an order confirming these topics are not proportional to the needs of the case and/or are unreasonably cumulative and duplicative of discovery that Plaintiff has already obtained from more convenient and less burdensome sources. Accordingly, no Rule 30(b)(6) deposition should occur—particularly because fact discovery has already closed and Plaintiff has repeatedly represented that she does not need additional discovery before summary judgment. See Jan. 13, 2026 Hrg. Tr. at 3:15-16 ("MS. GJOVIK: But I'm ready now and, like, a year ago to file my motion for summary judgment."); Dkt. No. 352 at 4 (Judge Chen affirming "Ms. Gjovik's prior representations that she does not need additional discovery to proceed with summary judgment"); Dkt. No. 344 at 6 (Judge Chen recognizing Plaintiff has repeatedly stated "she has everything she needs for her own summary judgment motion").

This is a single plaintiff case alleging retaliation. Plaintiff contends she was placed on involuntary paid leave and fired for raising multiple complaints throughout 2021. Apple contends Plaintiff requested paid leave and that she was subsequently fired for publicly disclosing confidential product information.

The scope of discovery must be, inter alia, "proportional to the needs of the case, considering the importance of the issues at stake in the action, … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Accordingly, the court should limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Id. 26(b)(2)(C)(i).

Courts routinely limit the scope of Rule 30(b)(6) witness testimony when the topics are overly broad and seek testimony on sweeping issues of tangential relevance, particularly when the plaintiff knows which witnesses have personal knowledge and can (or has) deposed them. *Apple Inc. v. Samsung Elecs. Co.,* No. C 11-1846 LHK PSG, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). Proposed topics need to be evaluated in light of the fact that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything." *United States v. HVI Cat Canyon, Inc*., No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) (citations omitted); see also *Dealer Computer Servs., Inc. v. Curry,* No. 12 CIV. 3457 JMF JLC, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information."). "Hence, a Rule 30(b)(6) deposition notice must target issues on which corporate testimony is truly needed, rather than covering nearly every conceivable facet of the litigation." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023), aff'd sub nom. 2023 WL 5035323 (emphasis added).

Here, Plaintiff seeks Rule 30(b)(6) testimony at the eleventh hour notwithstanding that Apple has produced over 4,000 pages of documents, responded to interrogatories (including a 3-page response explaining why she was terminated) and she's taken five fact witness depositions (including on the Rule 30(b)(6) topic regarding her termination).

**Topics Where Apple Has Asserted Privilege:** Topics 2, 4, 5, 6, 7, 8, 9, and 14 (as limited through meet and confer) each pertain to alleged concerns Plaintiff raised in 2021 and Apple's response thereto. Plaintiff has already obtained non-privileged testimony from the employee who investigated her concerns, her skip level manager, the employee who attempted to facilitate the Global Security team's investigation of her disclosure of confidential information, the Vice President who decided to terminate her employment, and the leader of the user study whose confidential details she disclosed. Apple is not waiving privilege over any of its privileged actions related to these topics and Plaintiff has not articulated what additional non-privileged information remains uncovered. That Plaintiff is not satisfied with Apple's answers or now wishes she asked different questions to the witness at deposition is not a basis to compel 30(b)(6) testimony. Plaintiff also had the opportunity to depose a designated witness on Topic 8 when Apple made clear he was the company's Rule 30(b)(6) witness on the topic as well as a fact witness. That Plaintiff failed to ask him questions is not a reason for a second bite at the apple.

**Speculative and Tangential Topics**: Topics 3 (environmental concerns about 3250 Scott) and 12 (speculative social media communications and monitoring) are irrelevant to why she was placed on leave and terminated in 2021. The Court has repeatedly rejected Plaintiff's speculation about Apple or Orrick's involvement in communications from anonymous Internet users (see Dkt. No. 175 at 2:20-21; Dkt. No. 353 at 5:13-15). Likewise, Plaintiff's vague allegations of retaliation for being a crime victim cannot be tied to 3250 Scott because she admits she did not know about 3250 Scott until 2023—long after her termination. See Dkt. No. 142 ¶ 42.

The Court should enter an order prohibiting this unnecessary discovery or consider less intrusive options. For example, Apple offered to respond in writing to certain discrete questions from Plaintiff's April 21 "notice" and she rejected that proposal. Plaintiff also rejected Apple's proposal to defer this issue until after summary judgment (based on Plaintiff's concession this information is not relevant to summary judgment). If any claims survive, the scope of the remaining claims will potentially help resolve this dispute. To the extent the Court orders any further testimony, Apple requests the deposition be scheduled between May 11-14, 2026.

## SIGNATURE OF PARTIES

Respectfully filed,


PLAINTIFF:


**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 21 2026 in San José, California
(408) 883-4428, ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816


DEFENDANT:

ORRICK, HERRINGTON & SUTCLIFFE LLP
By: /s/ Jessica R. Perry
JESSICA R. PERRY  (SBN 209321) Attorney for Defendant APPLE INC.
Filed April 21 2026
jperry@orrick.com, Telephone: +1 650 614 7400 Facsimile: +1 650 614 7401
1000 Marsh Road Menlo Park, CA 94025-1015