Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY M. GJOVIK**,

*an individual*,

      Plaintiff,

  vs.

**APPLE INC.**,

*a corporation,*

      Defendant.

**CASE NO.**

**3:23-CV-04597-EMC**

**PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT APPLE INC**

## PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT APPLE INC

**TO DEFENDANT APPLE INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 30(b)(6) and this Court's Order entered April 14 2026, ECF No. 352, Plaintiff Ashley M. Gjovik ("Plaintiff") will take the deposition upon oral examination of Defendant Apple Inc. ("Apple" or "Defendant") on the date, time, and place, and under the conditions, set forth below. The persons designated by Apple must testify about information known or reasonably available to Apple concerning each of the matters identified in Schedule A.

### I.  TIMING — DEPOSITION EXPRESSLY AUTHORIZED BY THE COURT

This Rule 30(b)(6) deposition is authorized by, and noticed in compliance with, this Court's Order at ECF No. 352, which permitted Plaintiff's Rule 30(b)(6) deposition of Apple to occur after the close of fact discovery on April 16, 2026, and required the deposition to be completed prior to May 14, 2026. The date set forth in this Notice — Wednesday, May 6, 2026, continuing day-to-day through Friday, May 8, 2026, if not completed — falls squarely within the Court-authorized window. Because this deposition is taking place pursuant to a specific Court order entered after the fact-discovery cutoff, any objection predicated on the close of general fact discovery is foreclosed by the Court's Order at ECF No. 352.

### II.  STATEMENT OF COMPLIANCE WITH THE RULE 30(B)(6) CONFERRAL OBLIGATION

Rule 30(b)(6) provides that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added). The Advisory Committee's 2020 Note describes the purpose of this requirement as facilitating "[c]andid exchanges about the purposes of the deposition and the organization's information structure" so as to "clarify and focus the matters for examination." Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment.

Plaintiff has more than satisfied this conferral obligation. Prior to serving this Notice, Plaintiff has repeatedly attempted in good faith to meet and confer with Apple regarding the matters for examination, The rule requires not the mere appearance of conferral but a genuine, two-way exchange. *See Robinson v. Napolitano,* No. 08-cv-4084, 2009 U.S. Dist. LEXIS 50025, at *8 (D.S.D. June 4, 2009) (a conferral means "an actual meeting or conference" in which the parties "personally engage in two-way communication" to

"meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention"). And the conferral is emphatically not a vehicle for obstruction or leverage: as a federal court recently held in ordering counsel to show cause why sanctions were not warranted, "the conferral process is not a bargaining chip to be offered in exchange for a concession on a disputed discovery process or requested items." See *Wilbert v. Pyramid Healthcare, Inc.*, No. 2:24-cv-00331, 2025 U.S. Dist. LEXIS 51057 (W.D. Pa. 2025).

Plaintiff has conferred, and is prepared to continue to confer, in good faith about the matters for examination. To the extent the parties have not reached agreement on any particular topic, Plaintiff expressly invokes the rule's plain text authorizing conferral to continue "promptly after the notice … is served." Fed. R. Civ. P. 30(b)(6). Plaintiff also reserves all rights to seek relief from the Court under Rule 37, Civil L.R. 37-1 through 37-4, and the standing orders of this Court, and Apple's receipt of this Notice is without prejudice to, and does not moot, any pending or forthcoming request for such relief.

## III. DATE, TIME, AND DURATION

Apple has not agreed to any date for this deposition at this time. Accordingly the Plaintiff is noticing a date for the deposition but will work to reschedule to fit Apple's schedule if Apple will engage in coordinating the deposition. As of now, the deposition shall commence on Wednesday, May 6, 2026, at 9:00 a.m. Pacific Time, and, if not completed on that date, shall continue day-to-day (excluding Saturday and Sunday) on Thursday, May 7, 2026 and Friday, May 8, 2026, until completed, with reasonable breaks for meals and otherwise as agreed between counsel. The presumptive seven-hour limit under Rule 30(d)(1) applies to each person designated by Apple under Rule 30(b)(6). See Fed. R. Civ. P. 30(d)(1); Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment ("[T]he deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").

### IV. LOCATION AND REMOTE METHOD

Pursuant to Federal Rule of Civil Procedure 30(b)(4), the deposition will be taken remotely by videoconference using the Zoom platform. All participants — including each designated witness, the officer before whom the deposition is taken, counsel, and any other persons present — will appear via Zoom. Connection information (meeting ID, passcode, and any secure link) will be circulated by the court reporting firm in advance of the deposition. For purposes of Rules 28 and 30(b)(5), and Civil L.R. 30-1, the deposition shall be deemed taken at the location at which the deposition officer is physically present

when administering the oath.

## V. METHOD OF RECORDING

Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), the deposition will be recorded by the following methods, each of which Plaintiff intends to use at trial or in support of any motion: (i) stenographically, by a certified shorthand reporter retained by Aptus; and (ii) by audiovisual means, including the built-in recording feature of the Zoom platform. The deposition will be taken before an officer authorized by law to administer oaths and take testimony. Defendant and any other party may, at its own expense, arrange for additional methods of recording pursuant to Rule 30(b)(3)(B) upon reasonable advance notice to Plaintiff.

## VI. DESIGNATION AND PREPARATION OF WITNESSES

Apple is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the matters identified in Schedule A. Fed. R. Civ. P. 30(b)(6). The person(s) designated must testify about information known or reasonably available to Apple. Id. Testimony given by Rule 30(b)(6) designees binds Apple as an organization. See, e.g., Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019) ("[U]nlike an individual witness, the testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation and testimony under the rule binds the corporation.").

Apple is further reminded of its affirmative, non-delegable duty to prepare each designated witness so that the witness can provide complete, knowledgeable, and binding testimony on behalf of Apple as to all matters known or reasonably available to it within the scope of each designated topic — whether from documents, current or former employees, agents, or other sources. *See Brazos River Auth. v. GE Ionics,* Inc., 469 F.3d 416, 433 (5th Cir. 2006) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000). A professed lack of knowledge by the designee on a noticed topic may be used by Plaintiff as an admission of the organization's lack of information and to preclude Apple from later introducing evidence on that topic. See, e.g., *QBE Ins. Corp. v. Jorda Enters.,* Inc., 277 F.R.D. 676, 688-91 (S.D. Fla. 2012). If Apple designates more than one witness, Apple must identify in writing each designee and specify with particularity the matter(s) in Schedule A on which each designee will testify.

## VII.  RESERVATION OF RIGHTS

Plaintiff reserves the right to (a) amend or supplement this Notice and Schedule A, (b) continue the deposition if it is not completed within the allotted days, (c) re-open the deposition if Apple designates an unprepared witness or otherwise fails to comply with its Rule 30(b)(6) obligations, and (d) seek any and all relief available under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the standing orders of this Court, including without limitation relief under Rule 37. Nothing in this Notice waives any prior request Plaintiff has made, or may make, for Court intervention regarding the scope or conduct of this deposition.

## SCHEDULE A
## MATTERS FOR EXAMINATION

Pursuant to Rule 30(b)(6), Apple shall designate one or more persons to testify on its behalf concerning the following matters, each of which is described with reasonable particularity and is relevant and proportional to the claims and defenses in this Action:

**A. Every investigation into the Plaintiff/employee starting in Feb. 2021 through Sept. 2021**

- Who asked for the investigation
- Who conducted the investigation
- What was investigated
- What the findings were
- When did the investigation start and when did it end
- If any finding of misconduct by the Plaintiff/employee, what the basis was (policy, etc) and who decided it was misconduct

**B. The Waibel investigation into the Plaintiff's concerns in March-June 2021**

- What was investigated
- What the findings were
- If there were any corrective actions
- The date the investigation started and ended

**C. Any investigation into the Plaintiff's concerns about retaliation due to making EHS complaints**
- What was investigated
- Who investigated
- Any outcome/results from the investigation

**D. The investigation by EHS into the Plaintiff's EHS concerns**

- Who investigated
- What was investigated
- What tests were run
- What the findings were
- Any corrective actions/outcomes
- If any tests indicated Plaintiff/employee could have been exposed to hazardous substances from the CERCLA Superfund contamination
- Why Waibel sent Elizabeth/EHS and email about Plaintiff's EHS complaints hours prior to the termination of Plaintiff's employment

**F. The Aug 2021 EPA inspection of 825 Stewart Drive**

- When was Apple notified
- Who was notified
- Who organized the response
- What was done by Apple prior to the inspection
- What occurred during the inspection
- Any corrective actions/outcomes from the inspection

**G. Plaintiff's 2020 complaints about hazardous waste exposure near 3250 Scott Blvd**

- Who was informed of Plaintiff's questions and communications to Apple EHS/Real Estate
- Any follow up from Apple based on the questions/complaints
- When did Apple become aware the Plaintiff's chemical exposure complaints occurred next to 3250 Scott Blvd
- Why did Apple file its one and only TRI report for 3250 Scott Blvd in 2021

**H. Plaintiff's administrative leave**

- Who decided to place the Plaintiff/employee on administrative leave (effective Aug 4 2021)
- When was it decided to place the Plaintiff/employee on admin leave
- Why was the admin lease scheduled to start Aug 4 2021
- What was the admin leave coded as in the leave and/or HR systems
- Who decided to decline the Plaintiff's request to attend a training while on leave

## I. Monitoring Plaintiff's digital activity

- When did Apple place Plaintiff/employee under surveillance in March 2021-Sept 2021, and for each act, who requested it, who approved it, what was monitored and for how long
- What business conduct or other reports were filed to Apple legal/global security regarding the Plaintiff's digital speech (inside Apple and outside Apple/public) from July 2021 - Sept 2021.

## J. Termination of the Plaintiff

- For each reason that Apple says the Plaintiff should have be terminated, state who alleged the misconduct, who investigated the misconduct, when the allegation/investigation started and ended, who decided it was misconduct, and who approved the termination based on that allegation/investigation
- Include any claims of after acquired evidence or similar
- For all decision makers (including those proposing discipline to other decisionmakers), what protected activity by the Plaintiff they were aware of

Respectfully noticed,

/s/ Ashley M. Gjovik
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 21 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# PROOF OF SERVICE

I hereby certify that on April 21 2026 at 11:40 AM, I caused a true and correct copy of the foregoing PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT APPLE INC. PURSUANT TO FED.

R. CIV. P. 30(b)(6) to be served upon counsel of record for Defendant Apple Inc. by electronic mail at the following addresses:

*Jessica Perry (jperry@orrick.com), Melinda Riechert (mriechert@orrick.com), Kathryn Mantoan (kmantoan@orrick.com), Ryan Booms (rbooms@orrick.com).*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21 2026, at San Jose, California.

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 21 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# S U B P O E N A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

## UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Ashley M. Gjovik | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:23-cv-04597 |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    APPLE INC
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remotely in California (Zoom) | Date and Time: MAY 6 9AM |
|---|---|

The deposition will be recorded by this method:   Stenography, audio, and visual

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/2/26

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Ashley Gjovik (pro se)
_____ , who issues or requests this subpoena, are:
Ashley Gjovik (pro se); legal@ashleygjovik.com; 415-964-6272; 2108 N. St Ste. 4553, Sacramento, CA 95816

#### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).