Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court
## Northern District of California

A SHLEY M. GJOVIK,

*an individual*,

Plaintiff,

vs.

APPLE INC.,

*a corporation,*

Defendant.

CASE NO.

**3:23-CV-04597-EMC**

**PLAINTIFF'S DECLARATION IN SUPPORT OF THE JOINT DISCOVERY LETTER REGARDING PLAINTIFF'S REQUESTED RULE 30(B)(6) DEPOSITION OF DEFENDANT APPLE INC**

# Declaration of Ashley Gjovik in Support of Plaintiff's Joint Discovery Letter Regarding Plaintiff's Requested Rule 30(b)(6) Deposition of Defendant Apple Inc

I, Ashley M. Gjovik, declare as follows:

I am the Plaintiff in this action, proceeding in propria persona.

I have personal knowledge of the facts stated herein and could competently testify to them if called as a witness.

Per Judge Chen's Order at Dkt. 352 on April 14 2026, I immediately attempted to meet/confer with Defendant Apple Inc regarding my requested Deposition of Apple Inc under Rule 30(6)(b).

I repeatedly tried to offer compromises, narrow my request, explain my position, and explain why I believed Apple's position was improper or incorrect.

I continued trying to meet/confer with Apple Inc through the afternoon of April 21 2026.

A true and correct copy of the meet/confer email chain is attached as Exhibit A.

**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 21 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT A

# RE: Meet and Confer re 30(b)(6) deposition

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Perry, Jessica R.<jperry@orrick.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Tuesday, April 21st, 2026 at 4:09 PM |

You still haven't responded but here's the draft with my section. I need Apple to get its content reduced and note who is signing it on behalf of Orrick.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 3:49 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> I haven't heard back so I'm working on the Joint Letter. I'm sending you the shell of the combined version -- I haven't written my section yet -- but I wanted you to see that you're violating Judge Chen's order by providing three pages of text. Judge Chen ordered the letter to be no more than 3 pages total. That includes an introduction and either a combined statement, or separate statements from each side, and then signatures.
>
> Apple provided single spaced text that when expanded to double spaced per Judge Chen's order, is three pages of text and would be the entirety of the joint letter. I'm working on my section, but I need Apple to reduce its content to no more than 1.4 pages double spaced. Enough to provide space for the introduction and for me to get at least equal space to what Apple gets -- but Apple cannot use the entire letter for its own statement.
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> On Tuesday, April 21st, 2026 at 3:35 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
>
>> Counselor,
>>
>> Thanks for the response but its clear now that your only offer of meet/confer on the Rule 30(6)(b) deposition that Judge Chen already approved is that instead you'll respond to ten additional single/non-subpart interrogatories but you also do not want to ask Judge Chen to modify his order and you also still refuse the Rule 30(6)(b) deposition completely.
>>
>> I already narrowed my initial agenda dramatically and the list of questions I sent is probably 20% of what the original proposed scope was. It was also Apple who insisted on me identifying all questions with specificity and then used that specificity to claim its too many questions, that they wouldn't answer any of them, would not meet/confer regarding the Rule 30(b)(6) deposition at all, and now is counter offering interrogatives after

already implying or expressly stating they would not provide answers to any of these questions, and/or its all privileged, and/or its wrong for me to even ask these questions.

I'm going to ask you one more time to meet/confer regarding the Rule 30(b)(6) deposition request -- it can be either oral or written. And if you further refuse, please at least confirm if May 6 is acceptable for Apple as the first day of that deposition if Judge Westmore compels it despite Apple's protest -- likely because at least, again, Apple is just straight up refusing to meet/confer in violation of court orders.

If Apple refuses to budge on this, I'll send you the draft combined letter at 4pm and I want to include a proposed date for the compelled deposition.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 3:27 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> To be clear, we are not proposing a court reporter. We are proposing that you identify the 10 discrete questions from your list of 40 below you would ask Apple to respond to in writing by May 14, 2026. We confirm we would not object that such a compromise somehow violated FRCP 33 or its limit on interrogatories.
>
> Since Judge Chen directed us to bring any dispute regarding the scope of the topics to Judge Westmore, we believe we can submit a short letter to Judge Westmore indicating that we conferred per Judge Chen's instructions and reached a resolution and explain the compromise. She would likely be relieved that we reached an agreement on at least one issue.
>
> We would appreciate your reply confirming agreement no later than 4pm PT. Otherwise, please provide us your half of the letter brief by then for review. We do not have indefinite time to continue debating things over email. And we need to know promptly if this compromise is agreeable or if we need to review, revise, and finalize a joint letter brief before COB.
>
> Thank you.
>
> **[EXTERNAL]**

Counselor,

I did not ask for the Rule 30(b)(6) deposition prior to summary judgement and it would be impossible for me to complete it prior to me filing my summary judgement motion in two days. That said, I reserve all rights to object to whatever Apple files in its motion for summary judgement if it refused discovery on the topics it then seeks to assert as summary judgement arguments -- because I objected on the record multiple times that Apple was refusing to disclose information or produce evidence regarding its cryptic affirmative defenses and I'm not prepared to assess whether I have enough information/evidence to challenge their affirmative defenses if Apple won't even qualify or quantify what its defenses are.

Similarly, Judge Chen ordered the deposition of Apple Inc to be completed by May 14 2026 and not be attached to the schedule for Summary Judgement, likely assuming as I did, that whatever Apple plans to argue in its own motion was something it has actually complied with discovery requests and produced required information/evidence.

Regarding your option 1 - you are missing the point here entirely. I'm moving for summary judgement against Apple & confident I will obtain a ruling in my favor finding Apple liable for multiple of my claims and the trial would then hear damages and any remaining claims that require additional evidence and/or a jury to weigh in on. Apple's updates regarding summary judgement repeatedly claimed its not ready and doesn't want to present its evidence yet -- so its unlcear why you'd now be implying you're ready to move to dismiss the entire case in response to my own summary judgement motion. Further, Judge Chen already warned you during case mgmt that it sound like most/all of Apple's defense is contested and would not qualify for summary judgement because there are not undisputed facts to support Apple's assertions.

Similarly, the Summary Judgement hearing is in June 2026 and the trial is October 2026. You'd be asking to delay the deposition to June or July 2026 when Judge Chen already ordered it to occur by May 14 2026. Among other issues, rescheduling again would be a question for Judge Chen, not Judge Westmore.

Therefore your option 1 is contrary to my own request, Judge Chen's ruling, the plan for the summary judgement schedule and scope, Apple's prior statements about its own defense, and seems to serve no purpose other than to delay.

Regarding your option 2 - I am actually open to your counter proposal. Knowing Apple, a written deposition would likely be more efficient for it to coordinate. However, the written deposition generally still requires a court reporter/officer, and some of the formalities of an oral deposition. And your modification makes this more of an agreement to provide additional interrogatories rather than sit for a deposition -- but you

previously refused to provide additional interragotories and this would assumably push me over my max amount.

Judge Chen ordered the Rule 30(b)(6) deposition to occur by May 14 2026 and did not mention interrogatories or some format outside the FRCP. Will Apple agree to a written deposition, in compliance with FRCP, prior to May 14 2026 with ten questions out of the list already provided that it will answer in reasonable detail?

Or would Apple like to suggest a new/different format that we should seek Judge Chen's approval -- if not a deposition?

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 1:54 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> We told you Mr. Bertolus would be prepared to answer questions as a 30(b)(6) witness, it was your choice not to follow up on that or ask him anything in that capacity. I'm not going to engage in a post-mortem debate with you how you should have conducted the deposition. And I also disagree with your interpretation of his testimony, but the record will speak for itself.
>
> As to your inquiry about a compromise, Apple would be willing to consider agreeing to one of the following:
>
> 1. Since you have repeatedly confirmed this information is not needed for summary judgment, defer ruling on this issue until after summary judgment. If any of your claims survive, we will be in a better position to address scope at that time.
> 2. Provide us a list of 10 discrete questions from your agenda list of 40 questions you truly need answered and, subject to any objections, Apple will provide a verified response in writing to those questions by May 14, 2026.

If neither of those compromises are agreeable, please provide your 1.5 page portion of the joint letter by 3pm.

Thank you.

**[EXTERNAL]**

Also, I object to this statement: "Furthermore, despite Apple agreeing that he would also provide 30(b)(6) testimony for Topic 8, you failed to ask him any questions as the 30(b)(6) witness."

First of all, I cannot ask him Rule 30 (b)(6) questions if its not a Rule 30 (b)(6) deposition and Apple had objected and refused to agree to a Rule 30(b)(6) deposition.

It's also unclear what you mean about me asking him questions on behalf of Apple Inc -- he answered, per his testimony, to the best of his existing knowledge based on his own experience and with what he thought he was allowed to share with Apple's vigorous claims of privilege (ACP, etc.).

What exactly do you think I would have asked him to answer beyond what I asked him? Are you asserting that i could have asked him to obtain the answers I'm seeking from Apple Inc and have him prsent them at his own deposition, as a combined fact witness/Rule 30(6)(b) deposition? That would give him Apple's answers prior to me examining him and certainly bias his own responses about his own experience to comply with what Apple's lawyers told him to say -- and accordingly I assume would violate the federal rules and a variety of laws.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 1:03 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,

I ask again if Apple is open to any compromise on these topics. As I outlined earlier, I have not received any response to the questions below other than multiple objections claiming privilege as a full shield to be having access to that information.

I'm also not asking you to inventory responses thus far -- but instead since you are objecting on the basis of claiming these questions are already answered, for you to tell me what you think the answer is, because I do not think they are answered and I would like answers, but I'm unable to negotiate with you if I do not know why you claim the questions are already answered.

As I mentioned earlier, when I deposed Yannick (which Apple said could not happen any earlier than 4/17 -- after fact discovery) it became evidence that Yannick was not the actual decision make -- which I asserted prior, even a year ago, but he confirmed he did not review evidence, acted on suggestions of others without context, and even admitted to being surprised to Apple's actual assertions in the litigation now. All of that demands further inspection from Apple to get the actual answers from Apple about what happened.

I ask again if there is even a subset of these questions/agenda items that you would agree to proceed with and if we can find some compromise.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 12:57 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> We are not going to inventory Apple's discovery responses, deposition testimony, and document productions to show you each place you have already received the information you claim you do not have. Your assertion that Apple has not provided information responsive to your discovery requests is without merit. As laid out repeatedly, Apple has provided relevant and proportionate discovery in the form of interrogatory responses, deposition testimony from five witnesses, and thousands of pages of document production. That you don't like the answers is not reason for additional discovery. For example, the Court has already ruled that Apple "provided a robust

response spanning approximately three pages" in response to your interrogatory asking for the reasons for your termination. *See* Dkt. No. 327 at 2:2. You then deposed the person who made the decision to terminate your employment, and he explained his reasons. Furthermore, despite Apple agreeing that he would also provide 30(b)(6) testimony for Topic 8, you failed to ask him any questions as the 30(b)(6) witness.

We are at an impasse. Attached is Apple's 1.5 page position statement to include in the joint submission. Please provide a word version of the draft submission that your portion of the joint submission for our review by 3pm so that we can incorporate any appropriate revisions in response to your position.

Thank you.

**Jessica Perry**

Partner

Orrick

Silicon Valley

T +1-650-614-7350

jperry@orrick.com

.

**[EXTERNAL]**

Hello counselor,

We still have all day to meet/confer on this requested deposition. I sent my response at 7:30 AM and its 11:10 AM and I still do not have a response from you. I hope you're willing to engage on this and hopefully we can agree on some scope that your client will be deposed about so we do not have to bother Judge Westmore with this matter.

As I stated, I'm not proactively drafting the dispute letter yet today because I'm still hopeful we can reach a compromise and eliminate the need to bring this to Judge Westmore.

I'm also attaching my proposed agenda in a formal notice along with a revised subpoena.

Unless you respond with other dates, which I've requested and you've refused thus far, for now I'm noticing for May 6 2026 and continuing each day until complete or through May 8 2026.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 7:29 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Counselor,
>
> I do not have any of the information proposed below, and you know that. None of these questions have been answered by Aple, they all go to core relevancy in a retaliation lawsuit, and the Rule 30 deposition is not requested prior to summary judgement so summary judgment isn't relevant to this meet/confer.

Critically I need you to respond to the detailed agenda below and highlight which questions/issues you think have actually been answered -- and if so, what the answer is. Such as names of decision makers, dates of investigations, number of investigations, dates of decisions, complete list of termination reasons, etc. As I've complained for over a year --  I do not have this information, and the information obtained from the depositions thus far is that those witnesses also do not have that information and for most of the items, that information still lies with unnamed/unknown Apple employees -- most of which Apple has not even dislcosed.

I'm fine to work with you on a joint submission later today but as I said your 11am deadline to start drafting implied you would not engage on the proposed agenda at all today and simply wanted to start escalating the matter to Judge Westmore instead of meet/confer on the substance, which appears again to be what is happening here.

It's 7am today and the filing is due end of day today -- leaving us a lot of time to discuss this matter and find a compromise -- and honestly I'm afraid if I agree to a cutoff today you will simply stop responding to my emails until that deadline and then work on drafting the joint response rather than meet/confer.

I will say I can be prepared to have a draft of my content by 4pm, and you could have a draft of yours at 4pm, and you send to me by 4pm, then I merge with mine and send you the merged draft by 4:15PM, and if you have feedback we can work through it during that 45 minute period, or longer if needed, and then I can get it filed.

I'd also say I'd like you to commit to some dates when Apple could make at least some witnesses available for at least part of the agenda below, and/or if Judge Westmore orders the deposition. I'd suggest 4/30, 5/1, 5/4, 5/6, 5/7, or 5/8. Maybe pick two days in case you cannot call all witnesses on one day.

Please let me know if Apple will agree to any of the requested agenda items, and if so what day(s) we can schedule. If Apple will not agree to agneda items, please tell me expressly why -- and if Apple thinks the answer was already provided, please explain who provided that answer and in what discovery mechanism.

# RE: Meet and Confer re 30(b)(6) deposition

| | |
|---|---|
| From | Perry, Jessica R. <jperry@orrick.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Monday, April 20th, 2026 at 9:10 PM |

Ashley,

I am not sure why you are confused about the productions we have made in this case; our productions were bates labeled and provided to you. Please look at them if you have questions.

You have repeatedly told the Court you had all the evidence you needed to file your summary judgment motion; there is no basis to continue dragging discovery out for disproportionate and irrelevant discovery, particularly since your proposed agenda focuses on information that was obtainable from witnesses you already deposed (including a witness who was offered to provide Rule 30(b)(6) testimony on Topic 8) and seeks testimony covering largely either privileged information that Apple has repeatedly told you it will not share, or information that is of limited, if any, relevance to your remaining claims. We are at an impasse and will prepare our 1.5-page portion of the joint position statement.

Regarding your preferred process, we do not agree to simply provide you Apple's position statement and let you file with whatever arguments you choose without allowing Apple to first review (and, if appropriate, modify its portion). As part of joint submissions, each side typically has an opportunity to review the other side's position and make revisions, if appropriate.

If you prefer to handle the filing, so be it. But Apple needs an opportunity to review your response by mid-day to make appropriate revisions, if necessary, and must be given an opportunity to conduct a final review before 4pm PT of any document that is intended to be the joint filing. If 11am PT is unworkable for you for a joint exchange of our respective sections, please advise of what alternate time you propose.

Thank you.

**[EXTERNAL]**

Typos & a couple lines corrected inline below

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 20th, 2026 at 4:44 PM, Ashley M. Gjøvik <[ashleymgjovik@protonmail.com](mailto:ashleymgjovik@protonmail.com)> wrote:

> Hello,
>
> I'm still not sure where you're getting your 4,000 pages because I haven't seen that and you frequently did not produce documents numbered in that range -- instead withholding them as privileged or otherwise. (Speaking of privilege, per your note below, I'm still waiting for your response regarding the level of detail necessary for my own privilege log -- so complaining I haven't provided a revised version while you failed to respond to my questions, is a bad faith argument -- please respond to my questions send you to on that matter - you still haven't responded).
>
> Anyways, as I stated earlier, I'm sending you a detailed agenda for you to consider. There's no need to file a dispute letter if we can agree on the agenda, so first I'd ask you to consider the agenda proposed and meet/confer with me about the proposal. If we can find a version both parties agree on -- then we can get it scheduled prior to May 14 2026 and do not need to raise it to Judge Westmore.
>
> If we do need to raise it to Judge Westmore, then we both need to draft 1.5 statements, and I'd file it since i'm the one raising the dispute and asking to compel Apple's compliance on this. If you want, you can just draft 1.5 page pdf I attach as an exhibit to mine with my cover page and for the declaration I'd just attach this email chain. I can file that at 5PM as long as you send me your side prior. Your detailed schedule is unnecessary for a number of reasons -- most critically that if you are willing to compromise regarding an agenda, there's no need to file a letter, yet you have scheduled deadlines in such a way to apparently preclude you even discussing the proposed agenda.
>
> Here's my proposed, consolidated agenda:
>
> - Every investigation into the Plaintiff/employee starting in Feb. 2021 through Sept. 2021
>   - Who asked for the investigation

- Who conducted the investigation
- What was investigated
- What the findings were
- When did the investigation start and when did it end
- If any finding of misconduct by the Plaintiff/employee, what the basis was (policy, etc) and who decided it was misconduct

- The Waibel investigation into the Plaintiff's concerns in March-June 2021
  - What was investigated
  - What the findings were
  - If there were any corrective actions
  - The date the investigation started and ended

- Any investigation into the Plaintiff's concerns about retaliation due to making EHS complaints (Okpo said he did not investigate this)
  - What was investigated
  - Who investigated
  - Any outcome/results from the investigation

- The investigation by EHS into the Plaintiff's EHS concerns
  - Who investigated
  - What was investigated
  - What tests were run
  - What the findings were
  - Any corrective actions/outcomes
  - If any tests indicated Plaintiff/employee could have been exposed to hazardous substances from the CERCLA Superfund contamination

- The Aug 2021 EPA inspection of 825 Stewart Drive
  - When was Apple notified
  - Who was notified
  - Who organized the response
  - What was done by Apple prior to the inspection
  - What occurred during the inspection
  - Any corrective actions/outcomes from the inspection

- Plaintiff's 2020 complaints about hazardous waste exposure near 3250 Scott Blvd
  - Who was informed of Plaintiff's questions and communications to Apple EHS/Real Estate
  - Any follow up from Apple based on the questions/complaints
  - When did Apple become aware the Plaintiff's chemical exposure complaints occurred next to 3250 Scott Blvd
  - Why did Apple file its one and only TRI report for 3250 Scott Blvd in 2021

- Plaintiff's administrative leave
  - Who decided to place the Plaintiff/employee on administrative leave (effective Aug 4 2021)
  - When was it decided to place the Plaintiff/employee on admin leave
  - Why was the admin lease scheduled to start Aug 4 2021
  - What was the admin leave coded as in the leave and/or HR systems
  - Who decided to decline the Plaintiff's request to attend a training while on leave

- Monitoring Plaintiff's digital activity

- When did Apple place Plaintiff/employee under surveillance in March 2021-Sept 2021, and for each act, who requested it, who approved it, what was monitored and for how long
- What business conduct or other reports were filed to Apple legal/global security regarding the Plaintiff's digital speech (inside Apple and outside Apple/public) from July 2021 - Sept 2021.

- Termination of the Plaintiff
  - For each reason that Apple says the Plaintiff should have be terminated, state who alleged the misconduct, who investigated the misconduct, when the allegation/investigation started and ended, who decided it was misconduct, and who approved the termination based on that allegation/investigation
  - Include any claims of after acquired evidence or similar
  - For all decision makers (including those proposing discipline to other decisionmakers), what protected activity by the Plaintiff they were aware of

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 20th, 2026 at 4:11 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> Apple has produced over 4,000 pages of documents across 14 production volumes at bates numbers APL_GAELG_00000001 through APL_GELG_00004037.
>
> We will evaluate your further meet and confer upon receipt and will respond accordingly.
>
> Further, the Court has ordered us to file a joint 3-page single spaced letter to Judge Westmore regarding any remaining dispute over the 30(b)(6) topics. That gives each side 1.5 pages, single spaced. Given that it appears we will likely have unresolved disputes, we recommend the following to ensure a timely filing of the joint letter.
>
> - 4/21 by 11am (PT):  Each side exchanges draft 1.5 page position statement regarding the 30(b)(6) topics.
> - 4/21 by 3pm (PT): Each side exchanges revisions to 1.5 page position statement.

- 4/21 by 4pm (PT): Orrick circulates pdf of the filing for your review and approval that incorporates each side's edits.
- 4/21 by 5pm (PT):  You confirm approval the pdf reflects your edits and approve the filing.
- 4/21: Orrick files joint letter after you approve.

Please let us know if you agree to this process.

Thanks.

**[EXTERNAL]**

Also where did you get your 4000 count? You've given me like 30 documents I didn't already have total -- unless you're counting my own medical records now in your production count. Are you counting my own medical records in your current production count?

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 20th, 2026 at 3:06 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello,

I disagree with your assertions and framing but in response to your latest message which appears to reject every single category proposed -- again -- I will respond further today with detailed outlines per topic for every topic, since you refuse to narrow beyond no topics at all.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 20th, 2026 at 2:51 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

We disagree that our prior response is not a good faith attempt a meet and confer. You misconstrue Apple's response when you say that Apple is refusing to produce a witness because other witnesses have already provided testimony. That's not what Apple said. In any event, your prior email stated: "If you are willing to engage on these topics, I can then draft more detailed descriptions for you -- and I would benefit from you letting me know what types of information you would like to have provided." Apple engaged on multiple topics, explained our position, and asked what more you needed because you have already deposed the key witnesses on many of these topics, and you will likely end up spending more money only to obtain the same testimony.

Your apparent insistence that anything other than acceding to your overbroad demand for testimony is "not good faith conferral" is not well taken. Discovery must be "proportional to the needs of the case" in light of (*inter alia*) "the importance of the issues at stake in the action, … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As the Court has said repeatedly, given that only a handful of claims remain (all others having been dismissed), "**the** issue in this case is whether Apple retaliated against Ms. Gjovik while she was an employee (up through her termination in September 2021)." Dkt. No. 353 at 5.

To date Apple has produced over 4,000 pages of documents across 14 production volumes in this single-plaintiff employment retaliation case. It has also provided a detailed privilege log (something you have failed to do) and produced five witnesses (including two former employees) for deposition (and was prepared to produce a sixth witness (your manager at the time of your termination) whose deposition you noticed but cancelled at the last minute). The deponents you sought, and that Apple produced, included:

- The ER investigator who investigated your concerns;
- Your skip-level manager at the time of termination;
- The leader of the user study whose confidential details and images you disclosed in August 2021;
- The ER manager who sought to arrange a conversation with you about that disclosure; and
- The Vice President who decided to terminate your employment in light of that disclosure (and who also came prepared to testify as an FRCP 30(b)(6) witness regarding your termination, as we informed you before the deposition).

It is incumbent on you to explain why further testimony from others on the sweeping topics below is necessary in light of the very limited issue before the Court – namely, why Apple fired you in September 2021. Indeed, as the Court has emphasized, you have repeatedly represented that you "do[ ] not need additional discovery to proceed with summary judgment." Dkt. No. 352 at 4; *see also* Jan. 13, 2026 Hrg. Tr. at 3:15-16 ("MS. GJOVIK: But I'm ready now and, like, a year ago to file my motion for summary judgment."); *id*. at 10:3-7 ("MS. GJOVIK: That's why I'm so excited about this, Your Honor, because I have all the evidence …"); Dkt. No. 344 at 6 ( "Ms. Gjovik has not pointed to any concrete matter that needs early resolution from Judge Westmore because it is needed for summary judgment. In fact, Ms. Gjovik has stated on more than one occasion that she has everything she needs for her own summary judgment motion.").

Apple seeks to understand why, contrary to those representations and all the documents and testimony Apple has already provided, you believe more is required and proportional to the needs of the case after the close of discovery and over 2.5 years after you filed suit.

To address your question about privilege, Apple is **not** waiving privilege over any communications related to these topics or its investigations. Apple understands what preserving privilege means at trial. But it also means you cannot say an investigation never happened. Nor can you speculate about the outcomes of the investigations or suggest any adverse inference should arise from Apple properly maintaining its legal right to protect privileged information.

| Topic | Response |
|---|---|
| 2: Gjovik's assignment to the 825 Stewart Drive (TRW Microwave Superfund site) office, including environmental conditions at that site and Defendant's knowledge of any associated health or safety hazards. | We understand you to have proposed narrowing this Topic to: Apple's knowledge of environmental conditions at 825 Stewart that Plaintiff raised concerns about during her employment. But Apple has already produced your communications to and from EH&S regarding your concerns and environmental reports, audits and assessments from 2019 through October 31, 2021, as ordered by the court. And you have not identified any additional non-privileged information proportional to the needs of this case that you did not have the opportunity to obtain. |

| Topic | Response |
|---|---|
| 3: The semiconductor manufacturing facility (3250 Scott Blvd) located near [Employee]'s residence, including Defendant's knowledge of environmental or health hazards, and/or injuries to Gjovik, associated with that facility. | You did not raise you had been exposed to chemicals at your apartment allegedly as a result of Apple's alleged activities at 3250 Scott until 2023—***more than a year after your employment was terminated*** (*see* 5AC ¶ 142). As a result, they are irrelevant to your employment retaliation claims. Apple will not produce a witness on this Topic. |
| 4: Any complaints, reports, or concerns raised by Gjovik regarding environmental, health, or safety conditions, regulatory compliance, privacy invasion concerns, discrimination, retaliation, or harassment from 2020-2021; and Defendant's response thereto. | As we have already made clear, the concerns you raised on these topics were captured in the Issue Confirmation you drafted dated August 4, 2021. The investigation conducted into those concerns was privileged and Apple is not waiving privilege over the investigation. You already deposed the investigator and obtained testimony regarding nonprivileged information. You have not identified any additional information proportional to the needs of this case that you did not have the opportunity to obtain before fact discovery closed. |
| 5: Any 2021-2026 EPA inspection(s) of the 825 Stewart Drive office, including Defendant's knowledge of the basis for the inspection and Defendant's response. | We understand you to have proposed narrowing this Topic to: Any EPA inspections of 825 Stewart Drive from January 1, 2021 through October 31, 2021, including the Apple's understanding of the basis for the inspection and Apple's non-privileged response to the inspection(s) (if any). But Apple has already produced communications regarding EPA's initial outreach in advance of their 2021 site visit. And you have not identified any additional non-privileged information proportional to the needs of this case that you did not have the opportunity to obtain before fact discovery closed. Additional information regarding inspections conducted by a federal agency concerning a site for which Apple is not the responsible party would be properly sought (if at all) from that agency or that third party – not Apple. |

| Topic | Response |
|---|---|
| 6: Any investigation(s) conducted by or on behalf of Defendant into Gjovik's conduct or performance in 2020-2021, including the basis, scope, and outcome of each. | Apple is not waiving privilege over any privileged communications pertaining to this Topic and you have not identified any additional non-privileged information proportional to the needs of this case that you did not have the opportunity to obtain before fact discovery closed. You have already deposed Aleks Kagramanov and Ekelemchi Okpo on this topic. |
| 7: The decision to place Gjovik on administrative leave, including the reason(s), the decisionmakers involved, and the information they considered. | Apple is not waiving privilege over any privileged communications pertaining to this Topic and you have not identified any additional non-privileged information proportional to the needs of this case that you did not have the opportunity to obtain before fact discovery closed. You have already deposed Mr. Okpo on this topic. |
| 8: The decision to terminate Gjovik's employment, including the reason(s), timeline, investigation, the decision-makers involved, communication to Gjovik, the information they considered, and any alternatives considered. | You had the opportunity to question Mr. Bertolus, the decision maker on your termination. who was prepared to testify on this Topic, at his April 17, 2026 deposition. No further depositions testimony on this Topic is warranted or appropriate in this case. |
| 9: Defendant's knowledge of and response to Gjovik's charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to termination (or other agencies). | You now appear to seek testimony on the narrowed Topic of Mr. Okpo, Mr. Lagares, Ms. Waibel, Ms. Polkes, Mr. Bertolus, Mr. Ternus, and Mr. Kagramanov's knowledge of and response to your charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to your termination. But you already deposed three of these witnesses and had the opportunity to ask them questions on this topic. It is unclear why you think it is necessary to seek additional non-privileged witness testimony on this topic after the close of fact discovery – particularly where Mr. Bertolus, the one who decided to terminate you, was already deposed. |

| Topic | Response |
|---|---|
| 10: The factual basis for each affirmative defense asserted by Defendant in this action. | Apple disagrees with your characterization of its conducts and stands by its objection. Apple will not produce a witness on this Topic. *See Cox v. Cnty. of San Joaquin*, No. 2:17-CV-0989-TLN-CKD, 2022 WL 4664181, at *5 (E.D. Cal. Sept. 30, 2022) ("Plaintiff is not entitled to have a witness designated [ ] regarding the factual basis for each and every affirmative defense pleaded by the County. A recipient of a Rule 30(b)(6) request is 'not required to have its counsel muster all of its factual proof and prepare a witness to be able to testify on a given defense our counterclaim.'"). |
| 11: Any post-termination communications sent by or on behalf of Defendant to Gjovik, including any requests or demands to remove or retract speech or online content. | Post-termination communications are not relevant to the retaliation claims that remain in this case. *See* Dkt. No. 353 at 5 (finding post-termination conduct allegedly by Apple "largely immaterial"). You already have the communications from Apple's outside counsel sent to you on this Topic. Nothing further is needed. Apple will not produce a witness on this Topic. |
| 12: Defendant's knowledge of any post-termination contact with, monitoring of, or communications directed at Gjovik through social media, email, or other mediums by Defendant or persons acting at Defendant's direction or condonation. | Post-termination communications are not relevant to the remaining issues in this case. This topic relates to your speculative allegations that this Court has repeatedly rejected. *See* Dkt. No. 353 at 5 (finding post-termination conduct allegedly by Apple "largely immaterial" and allegations of an "online harassment campaign" directed by Apple "amount[ed] to nothing more than speculation"). Apple will not produce a witness on this Topic. |
| 14: Any investigations into Gjovik's 2020-2021 complaints, including findings, outcomes, and timeline and decision makers. reporters, and publishing content online. | This Topic also appears to be duplicative and cumulative of Topic No. 4, addressed above. You have already taken the depositions of Mr. Okpo and Mr. Kagramanov where you had the opportunity to ask them questions and obtain testimony on this Topic. Apple is not waiving privilege over any privileged communications pertaining to this Topic and you have not identified any additional non-privileged information proportional to the needs of this case that you did not have the opportunity to obtain before fact discovery closed. |

Thank you.

[EXTERNAL]

Counselors,

This responds to your April 16 email regarding the Rule 30(b)(6) topics. Per Judge Chen's order at Dkt. 352, the parties are to immediately meet and confer on these topics. Plaintiff already narrowed from 14 to 12 topics as a starting point. Apple's response objects to nearly all of them without proposing any narrowing of its own. That is not meeting and conferring — that is refusing to engage while claiming to engage.

A threshold point: Apple repeatedly says "you already deposed Mr. Okpo" as grounds to refuse 30(b)(6) testimony. Okpo testified as a fact witness about his own personal knowledge. A 30(b)(6) witness testifies on behalf of the corporation and binds the corporation. These serve different purposes and one does not substitute for the other. Apple knows this.

Apple also repeatedly asks "what more do you need that is not privileged?" If Apple's position is that every aspect of its investigation and response to Plaintiff's complaints is privileged, then Apple is conceding it cannot rely on that investigation or response as part of its defense. Apple must choose.

Responses to Apple's objections by topic:

TOPIC 2 (825 Stewart environmental conditions): Apple says it is "not disputing that [Plaintiff] raised concerns" and cites Perius and the 390 pages produced under RFP 23. The Court already rejected Apple's reliance on Perius when it ordered production on RFP 23. The 390 pages of documents are not a substitute for testimony about what Apple knew and when. Documents don't answer questions — witnesses do. That is the purpose of a 30(b)(6) deposition. Plaintiff is willing to narrow the scope of "environmental conditions" to those conditions Plaintiff raised concerns about and Apple's knowledge of them.

TOPIC 3 (3250 Scott): Apple repeats its claim that 3250 Scott is irrelevant because Plaintiff didn't discover Apple's fab until 2023. As Plaintiff has explained repeatedly: Plaintiff reported chemical exposure near 3250 Scott starting in September 2020 to EPA, CalEPA, Apple EH&S, Apple's environmental lawyer, the DA's environmental crimes unit, and elected officials — all before termination. 5AC ¶¶33, 39-41, 78-79, 83-86. Apple knew about these complaints. Under the crime victim theory (§ 230(e)), Plaintiff was a victim of Apple's RCRA criminal violations at 3250 Scott regardless of when she identified Apple as the source. The Court's own order at Dkt. 179 identified 3250 Scott as one of the four primary categories of conduct at issue. Apple's citation to Anderson v. Graybar is inapposite — Plaintiff's complaints about chemical exposure near 3250 Scott were made during employment, not after.

TOPIC 4 (complaints and response): Apple says Okpo was already deposed and investigations are privileged. Okpo testified as a fact witness. A 30(b)(6) designee testifies on behalf of the corporation about its knowledge and response — not just one investigator's personal recollection. And if Apple's

position is that its entire response to Plaintiff's complaints is privileged, then Apple cannot use that response as part of its defense at trial.

TOPIC 5 (EPA inspections): Apple says the information is not in its possession and it doesn't know the basis for the EPA inspection. The complaint alleges Apple was notified of the EPA inspection on July 26, 2021 (5AC ¶117), prepared for it, tried to get EPA to sign an NDA about it (5AC ¶129), and sealed cracks before the inspectors arrived (5AC ¶138). Apple's claim that it doesn't know the basis for the inspection is contradicted by its own conduct. Plaintiff is willing to narrow the time period consistent with the Court's approach on RFP 23 (through October 31, 2021).

TOPIC 6 (investigations into Gjovik): Same issue as Topic 4. Okpo testified as a fact witness. A 30(b)(6) witness would testify on behalf of Apple about the scope, basis, and outcome of its investigations. If Apple claims this is entirely privileged, it cannot rely on the investigations at trial.

TOPIC 7 (admin leave decision): Apple says Okpo "fully covered this topic." Okpo testified about his own role. He may not have full knowledge of what other decision-makers considered. A 30(b)(6) witness would testify about the corporation's decision, not one person's involvement in it.

TOPIC 8 (termination decision): Apple says Bertolus can provide testimony on this topic. Plaintiff appreciates that concession. If Bertolus's testimony today is complete on the non-privileged aspects of this topic, Plaintiff may not need further 30(b)(6) testimony on Topic 8 and will confirm after reviewing the transcript.

TOPIC 9 (knowledge of agency complaints): Apple objects that "Defendant" is overbroad because Apple has thousands of employees. Plaintiff is willing to narrow this to the knowledge of individuals involved in the decision to place Plaintiff on leave and terminate her employment, including Okpo, Lagares, Waibel, Polkes, Bertolus, Ternus, and Kagramanov.

TOPIC 10 (affirmative defenses): Apple cites Cox for the proposition that a 30(b)(6) witness need not testify on the factual basis for every affirmative defense. Apple has 14 affirmative defenses. The Court ordered Apple to answer Interrogatory No. 2 identifying the factual basis for each. Plaintiff is reviewing Apple's supplemental responses. To the extent those responses are adequate, Plaintiff may narrow or withdraw this topic. However, Apple cannot assert affirmative defenses and then refuse all discovery on them.

TOPICS 11-12 (post-termination communications and monitoring): Apple says these are irrelevant because they have "no bearing on the reason why your employment was terminated." But the complaint alleges ongoing retaliation after termination (5AC ¶10), Apple's continued monitoring of Plaintiff's social media (5AC ¶212), Apple's attempts to delete Plaintiff's posts (5AC ¶212), and Cook's company-wide email about "leakers" (5AC ¶186). Post-termination conduct is relevant to retaliatory intent and to damages. Apple's citation to Dkt. 353 does not hold that all post-termination conduct is irrelevant — it addressed specific allegations.

TOPIC 14 (investigations into complaints): Same as Topics 4 and 6. Okpo was a fact witness. 30(b)(6) testimony is different in kind and binds the corporation.

To move this forward, Plaintiff proposes the following:

1. Apple identify which topics (if any) it is willing to produce a witness on, even with narrowing.
2. Apple identify which topics it claims are entirely privileged — so Plaintiff can address the sword-and-shield waiver issue with the Court if needed.
3. The parties agree on a date for the deposition consistent with Judge Chen's extended schedule.

Plaintiff has already narrowed from 14 to 12 topics and offered further narrowing on several. Apple has proposed no narrowing on any topic. That is not good faith conferral under Rule 30(b)(6).

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 17th, 2026 at 11:47 AM, Ashley M. Gjøvik <[ashleymgjovik@protonmail.com](mailto:ashleymgjovik@protonmail.com)> wrote:

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Thursday, April 16th, 2026 at 5:52 PM, Ashley M. Gjøvik <[ashleymgjovik@protonmail.com](mailto:ashleymgjovik@protonmail.com)> wrote:

> Thank you for this initial response -- its very helpful to start this process. Because I'm working on finishing my RFP, Interrogatories, Priv Log, and other deliverables for you due today -- I'll respond further tomorrow.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**
>
> On Thursday, April 16th, 2026 at 5:39 PM, Perry, Jessica R. <[jperry@orrick.com](mailto:jperry@orrick.com)> wrote:

# Re: Meet and Confer re 30(b)(6) deposition

---

| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
|------|---------|
| To | Perry, Jessica R. <jperry@orrick.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Thursday, April 16th, 2026 at 5:52 PM |

---

Thank you for this initial response -- its very helpful to start this process. Because I'm working on finishing my RFP, Interrogatories, Priv Log, and other deliverables for you due today -- I'll respond further tomorrow.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Thursday, April 16th, 2026 at 5:39 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> We have not refused to meet and confer – we provided detailed explanations for our positions and will do so here again.
>
> Many of the topics you propose are cumulative of prior discovery—including both documents you have received and fact witness testimony—and you have not shown that 30(b)(6) testimony would provide relevant, non-cumulative information proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (discovery limited to that which is "proportional to the needs of the case" considering, *inter alia*, "the importance of the discovery in resolving the issues [in the case], and whether the burden or expense of the proposed discovery outweighs its likely benefit"); *accord* Dkt. No. 353 at 5 (emphasis added) (describing limited scope of this case given claims that remain: "**the issue** in this case is whether Apple retaliated against Ms. Gjovik while she was an employee (up through her termination in September 2021)").
>
> Other topics seek testimony that is wholly irrelevant, outside the proper scope of discovery, or otherwise improper under the Federal Rules. Moreover, given the breadth and scope of the topics you have noticed, it appears that multiple witnesses would be required to address them fully, which would likely require scheduling on different days due to availability.
>
> Accordingly, Apple objected to these topics in its April 8, 2026 written objections; a summary of the primary concerns with each topic are below. Please note, however, that Mr. Bertolus (who is scheduled to be deposed

tomorrow, April 17, 2026) can likely provide testimony regarding Topic No. 8, so hopefully we do not need to continue to confer on that topic in particular.

| Topic | Response |
|---|---|
| 2: Gjovik's assignment to the 825 Stewart Drive (TRW Microwave Superfund site) office, including environmental conditions at that site and Defendant's knowledge of any associated health or safety hazards. | Apple is not disputing that you raised concerns about 825 Stewart as evidenced by the many communications you sent that Apple produced in this case. Apple objects to this topic because it is overbroad to the extent that it seeks information about "environment conditions" that you never raised concerns about. Apple further objects to this request because, to the extent it seeks relevant information, such information is "tangentially" relevant, at best, and not proportional to the needs of the case. *Perius v. Abbott Labs.*, No. 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008 (where plaintiff alleged that he was retaliated against for reporting marketing practices that he believed violated regulations and argued that proving that defendant violated regulations would be relevant to the decision-makers' state of mind, the court granted defendant's motion for a protective order, reasoning that "[t]o the extent such evidence would have any 'tangential' relevance," such discovery is not permitted after weighing the factors set out in FRCP 26(b)(2)(C)(iii)). Moreover, the informative sought is cumulative of prior discovery responses. Specifically, in response to RFP No. 23, Apple produced 390 pages of "audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart. What more do you need that is not in the documents? |
| 3: The semiconductor manufacturing facility (3250 Scott Blvd) located near [Employee]'s residence, including Defendant's knowledge of environmental or health hazards, and/or injuries to Gjovik, associated with that facility. | Apple objects to this topic because it seeks irrelevant information. You do not allege in the 5AC that you reported hazards at 3250 Scott prior to your termination. Indeed, you allege that you "discovered" Apple's alleged activities at 3250 Scott on February 23, 2023, more than a year after your termination. 5AC ¶ 142. *Anderson v. Graybar Elec. Co.*, No. CIV.09-251 (MJD/FLN), 2010 WL 2545508, at *9 (D. Minn. June 18, 2010) ("Reports made after his employment ended cannot form the basis for a whistleblower retaliation claim."). Even if the topic seeks relevant information (it does not), the topic is overbroad and the information sought is not proportional to the needs of the case. *Perius*, 2008 WL 3889942, at *4-5. Moreover, the informative sought is cumulative of prior |

| | |
|---|---|
| | discovery responses. Specifically, in response to RFP No. 23, Apple produced 588 pages of "audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 3250 Scott. |
| 4: Any complaints, reports, or concerns raised by Gjovik regarding environmental, health, or safety conditions, regulatory compliance, privacy invasion concerns, discrimination, retaliation, or harassment from 2020-2021; and Defendant's response thereto. | You have already deposed Mr. Okpo regarding the concerns that you raised, and Apple's investigations regarding those concerns are privileged. What more do you need that is not privileged? |
| 5: Any 2021-2026 EPA inspection(s) of the 825 Stewart Drive office, including Defendant's knowledge of the basis for the inspection and Defendant's response. | Apple is not disputing that you raised concerns about 825 Stewart as evidenced by the many communications you sent that Apple produced in this case. Apple objects to this topic to the extent it seeks information not in Apple's possession; as you know, Northrup Grumman is the responsible party for the site. Moreover, Apple does not know the basis for the EPA's inspection; that information is uniquely in the possession of the EPA. Apple notes that you have produced EPA documents that you received from the EPA that discuss the EPA's reasons for the August 2021 inspection. Apple further objects to this topic to the extent that Apple's response to any such inspection implicates privileged matters that Apple does not waive. Apple objects to this topic because it is overbroad as to time. *See* Dkt. No. 327 ("narrowing the relevant time period from January 1, 2019 to October 31, 2021"). Apple further objects to this topic because, to the extent it seeks relevant information, such information is "tangentially" relevant, at best, and not proportional to the needs of the case. *Perius*, 2008 WL 3889942, at *4-5. Moreover, the informative sought is cumulative of prior discovery responses. As discussed above, in response to RFP No. 23, Apple produced 390 pages of "audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart. It is also cumulative of the documents you have already obtained from other sources, including government websites and FOIA requests. What more do you need that is not in the documents? |

| 6: Any investigation(s) conducted by or on behalf of Defendant into Gjovik's conduct or performance in 2020-2021, including the basis, scope, and outcome of each. | You have already deposed Mr. Okpo and Mr. Kagramanov. What more do you need that is not privileged? |
|---|---|
| 7: The decision to place Gjovik on administrative leave, including the reason(s), the decisionmakers involved, and the information they considered. | You have already deposed Mr. Okpo and he fully covered this topic. |
| 8: The decision to terminate Gjovik's employment, including the reason(s), timeline, investigation, the decision-makers involved, communication to Gjovik, the information they considered, and any alternatives considered. | Apple previously served its objections to this topic on April 8, 2026, including to the extent it seeks privileged information, including information regarding "investigation(s)," "information … considered," and "alternatives considered." You are scheduled to depose Mr. Bertolus, who made the decision to terminate your employment. To the extent you seek 30(b)(6) testimony on non-privileged information relating to this topic, as and as we understand this topic, Mr. Bertolus can provide non-privileged testimony during his deposition, but you will need to make a clear record as to whether he is being asked in his personal capacity or as the 30(b)(6) witness. |
| 9: Defendant's knowledge of and response to Gjovik's charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to termination (or other agencies). | Apple objects to this topic because it is overbroad to the extent that it seeks information about "Defendant's" knowledge. Apple has thousands of employees, but it is Mr. Bertolus who made the decision to terminate your employment. Accordingly, the topic is not proportional to the needs of the case. You are scheduled to depose Mr. Bertolus, and he can testify as to whether he had knowledge of any such charges or complaints. |
| 10: The factual basis for each affirmative defense asserted by Defendant in this action. | This is an improper topic, and Apple will not produce a witness. *See Cox v. Cnty. of San Joaquin*, No. 2:17-CV-0989-TLN-CKD, 2022 WL 4664181, at \*5 (E.D. Cal. Sept. 30, 2022) ("Plaintiff is not entitled to have a witness designated on Topic 15 regarding the factual basis for each and every affirmative defense pleaded by the County. A recipient of a Rule 30(b)(6) request is 'not required to have its counsel muster all of its factual proof and prepare a witness to be able to testify on a given defense our counterclaim.'"). |

| 11: Any post-termination communications sent by or on behalf of Defendant to Gjovik, including any requests or demands to remove or retract speech or online content. | Apple objects to this topic because it seeks irrelevant information. Any alleged post-termination communications have no bearing on the reason why your employment was terminated. *See* Dkt. No. 353 at 5 (order finding alleged post-termination communications to you are "largely immaterial"). |
|---|---|
| 12: Defendant's knowledge of any post-termination contact with, monitoring of, or communications directed at Gjovik through social media, email, or other mediums by Defendant or persons acting at Defendant's direction or condonation. | Apple objects to this topic because it seeks irrelevant information. Any alleged post-termination communications have no bearing on the reason why your employment was terminated. *See* Dkt. No. 353 at 5. |
| 14: Any investigations into Gjovik's 2020-2021 complaints, including findings, outcomes, and timeline and decision makers. reporters, and publishing content online. | You have already deposed Mr. Okpo. What more do you need that is not privileged? |

[EXTERNAL]

Hello,

I disagree with your assertions and your refusal to meet/confer on this process.

Per Judge Chen's Order at Dkt 352 regarding this issue, it is no longer part of the customer discovery dispute process and we must "immediately meet and confer" regarding the topics.

I'm adding the prior 4/1 email below for context below the existing chain. Please let me know how you'd like to meet/confer on this matter. I am very busy trying to finish the fact discovery deliverables I owe you by 4/16 and I'm also willing to narrow the scope of the request to the following topics as a starting point. If you are willing to

4/21/26, 4:17 PM

Case 3:23-cv-04597-EMC    Document 356-3    Filed 04/21/26    Page 31 of 31
(2022, All mail | ashley.mgjovik@protonmail.com | Proton Mail

engage on these topics, I can then draft more detailed descriptions for you -- and I would benefit from you letting me know what types of information you would like to have provided.

TOPIC 2: Gjovik's assignment to the 825 Stewart Drive (TRW Microwave Superfund site) office, including environmental conditions at that site and Defendant's knowledge of any associated health or safety hazards.

TOPIC 3: The semiconductor manufacturing facility (3250 Scott Blvd) located near [Employee]'s residence, including Defendant's knowledge of environmental or health hazards, and/or injuries to Gjovik, associated with that facility.

TOPIC 4: Any complaints, reports, or concerns raised by Gjovik regarding environmental, health, or safety conditions, regulatory compliance, privacy invasion concerns, discrimination, retaliation, or harassment from 2020-2021; and Defendant's response thereto.

TOPIC 5: Any 2021-2026 EPA inspection(s) of the 825 Stewart Drive office, including Defendant's knowledge of the basis for the inspection and Defendant's response.

TOPIC 6: Any investigation(s) conducted by or on behalf of Defendant into Gjovik's conduct or performance in 2020-2021, including the basis, scope, and outcome of each.

TOPIC 7: The decision to place Gjovik on administrative leave, including the reason(s), the decision-makers involved, and the information they considered.

TOPIC 8: The decision to terminate Gjovik's employment, including the reason(s), timeline, investigation, the decision-makers involved, communication to Gjovik, the information they considered, and any alternatives considered.

TOPIC 9: Defendant's knowledge of and response to Gjovik's charges or complaints filed with the EPA, NLRB, DOL, EEOC, DFEH/CRD, and DIR prior to termination (or other agencies).

TOPIC 10: The factual basis for each affirmative defense asserted by Defendant in this action.

TOPIC 11: Any post-termination communications sent by or on behalf of Defendant to Gjovik, including any requests or demands to remove or retract speech or online content.

TOPIC 12: Defendant's knowledge of any post-termination contact with, monitoring of, or communications directed at Gjovik through social media, email, or other mediums by Defendant or persons acting at Defendant's direction or condonation.

TOPIC 14: Any investigations into Gjovik's 2020-2021 complaints, including findings, outcomes, and timeline and decision makers.

—