UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>           Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No. 3:23-cv-04597-EMC  (KAW)<br><br>**ORDER REGARDING 4/21/26 JOINT LETTER RE PLAINTIFF'S REQUESTED RULE 30(B)6 DEPOSITION**<br><br>Re: Dkt. No. 356 |

On April 14, 2026, Judge Chen extended Plaintiff's deadline to take the deposition of Apple, Inc.'s corporate witness, pursuant to Federal Rule of Civil Procedure 30(b)(6), to May 14, 2026. (Dkt. No. 352 at 4.)  Judge Chen ordered the parties to meet and confer regarding the deposition topics, and ordered them to file a joint discovery letter before the undersigned should they be unable to reach an agreement. *Id.* at 4-5.

During the parties' meet and confer efforts, Plaintiff agreed to narrow the topics from 14 to 10. (Joint Letter, Dkt. No. 356.)  They could not, however, agree on the remaining 10 deposition topics and filed the instant joint discovery letter on April 21, 2026. *Id.*

Plaintiff contends that she seeks information regarding the remaining topics (2-9, 12, and 14) that was not provided by the other deponents or Apple's responses to written discovery. (Joint Letter at 1.)  In opposition, Apple argues that no Rule 30(b)(6) deposition should occur, and that the noticed topics are not proportional to the needs of the case and/or are unreasonably cumulative of discovery that Plaintiff has already obtained. (Joint Letter at 2.)  During the meet and confer process, Apple proposed responding in writing to "certain discrete questions" from Plaintiff's notice" in lieu of a Rule 30(b)(6) deposition, but Plaintiff rejected that proposal. *Id.* at 3.

Apple is being unreasonable.  As an initial matter, deposing individual fact witnesses is fundamentally different than deposing a corporate witness under Rule 30(b)(6).  In the case of

United States District Court
Northern District of California

Rule 30(b)(6) designees, the corporation is responsible for preparing the corporate witnesses and the testimony binds the entity they are representing. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486-87 (N.D. Cal. 2012); *see also Storms v. Paychex, Inc.*, No. LACV2101534JAKJEMX, 2023 WL 4291436, at *8 (C.D. Cal. May 24, 2023)  For that reason, courts in this district have generally required the production of a corporate witness in this circumstance, because, "[e]ven if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not." *Mitchell Eng'g v. City & Cnty. of San Francisco*, No. C 08-04022 SI, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010).  Thus, Apple's argument that Plaintiff has already deposed individual employees rendering the Rule 30(b)(6) deposition "unreasonably cumulative" is unavailing.

Moreover, to the extent that Apple is asserting privilege on multiple topics, whether the privilege exists depends on the questions asked.  Apple does not know what questions will be asked, and surely some questions will not be privileged.  Nothing is stopping Apple from raising privilege objections during the deposition in real-time.  Furthermore, despite Apple's protestations to the contrary, it is not Plaintiff's responsibility to identify what nonprivileged information she is seeking beyond the noticed topics before this deposition can go forward. (*See* Joint Letter at 3.)

Finally, as a practical matter, answering 10 written questions is an inadequate substitute for a Rule 30(b)(6) deposition, and Apple should know better.

Accordingly, the Court orders that the Rule 30(b)(6) deposition go forward. The only topic that the Court finds irrelevant to the remaining claims is Topic 12, which seeks information pertaining to post-termination social media communications and monitoring. All other topics (2-9, and 14) pertain to pre-termination issues or the termination itself and may be explored.  The parties are ordered to meet and confer regarding scheduling the deposition, which shall take place between May 11-14, 2026, as both parties are available on those dates. (*See* Joint Letter at 2, 3.)

IT IS SO ORDERED.

Dated: April 22, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2