Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

v.

**APPLE INC**, *a corporation*,

Defendant.

**Case No. 3:23-cv-04597-EMC**

**Magistrate Judge**: Honorable Kandis Westmore

**PLAINTIFF'S OPENING DISCOVERY BRIEF RE REMAINING FACT DISCOVERY DISPUTES**

## I.    PLAINTIFF'S OPENING DISCOVERY BRIEF RE REMAINING FACT DISCOVERY DISPUTES

1.    Pursuant to the Court's March 30, 2026 Omnibus Discovery Order (Dkt. No. 327 at 6–7), Plaintiff submits this brief identifying the fact discovery disputes that remain unresolved after the parties' court-directed meet and confer. The remaining disputes concern:

- Apple's refusal to produce environmental records at 825 Stewart Drive and 3250 Scott Boulevard responsive to RFP Nos. 7–10 (Set One) and 24, 28–32 (Set Two), notwithstanding this Court's ruling that such records are relevant to Plaintiff's retaliation claims;
- Apple's refusal to produce documents relating to Plaintiff's protected activity and Apple's knowledge of it;
- Apple's withholding of documents whose existence is confirmed by the deposition testimony of Ekelemchi Okpo, implicating RFP Nos. 4, 7, 11–16, 36, 43, 44, 55, 56, and 60 (Set Two);
- Apple's overbroad categorical assertions of privilege, including Apple's instructions to witnesses not to answer foundational deposition questions about internal investigations, and Apple's failure to provide a privilege log meeting the requirements of this Court's Standing Order;
- Apple's refusal to search for or log documents responsive to RFP No. 43;
- Apple's refusal to identify the persons involved in the decision to terminate Plaintiff, its defense witnesses, and any Rule 35 examiner or medical expert; and
- Apple's refusal to state, on an RFP-by-RFP basis, whether production is complete or documents are being withheld; and
- Apple's refusal to produce the records it obtained from Plaintiff's subsequent employer via third-party subpoena; and
- Additional disputes crystallized by Apple's April 23, 2026 email, including Apple's implausible "no responsive documents" assertions for RFP Nos. 40–42, the narrowed RFP No. 49, the broader scope of RFP Nos. 61–62, and Apple's declared impasse on RFP Nos. 7, 19, 43, 47, 51, 59.

2.    Plaintiff respectfully requests an order granting the relief set out below.Plaintiff respectfully requests an order granting the relief set out below.

## II.    APPLE SHOULD BE COMPELLED TO PRODUCE ENVIRONMENTAL RECORDS RESPONSIVE TO RFP NOS. 7–10 (SET ONE) AND 24, 28–32 (SET TWO)

3.    Plaintiff alleges she was retaliated against for reporting environmental hazards at Apple's 825 Stewart Drive and 3250 Scott Boulevard campuses to the California Department of Industrial Relations and the U.S. Environmental Protection Agency. Dkt. No. 142 ¶¶ 78, 142; *see* Dkt. No. 179 at 30. On March 30, 2026, this Court held that "the existence of those hazards

2

may be relevant to Plaintiff's retaliation claims" and compelled production on RFP No. 23 for the narrowed period of January 1, 2019 through October 31, 2021. Dkt. No. 327 at 4.

4. The requests below seek the same category of evidence the Court already deemed relevant:

- **RFP No. 7 (Set One):** indoor air testing results, cracked slab repair and inspection records, SSD/SSV maintenance reports, and CERCLA engineering-control records for 825 Stewart Drive (Jan. 1 – Sept. 10, 2021).
- **RFP No. 8 (Set One):** communications within Plaintiff's management chain and with specifically identified personnel (Polkes, Waibel, Okpo, Lagares) concerning the August 19, 2021 EPA inspection of 825 Stewart Drive (July 25 – Sept. 10, 2021).
- **RFP No. 9 (Set One):** documents held by Plaintiff's management chain or identified personnel concerning both Plaintiff and 3250 Scott Blvd (Sept. 1, 2020 – Sept. 10, 2021).
- **RFP No. 10 (Set One):** safety, EHS, and operations-and-maintenance plans for 825 Stewart Drive and 3250 Scott Blvd (Jan. 1, 2020 – Sept. 10, 2021).
- **RFP No. 24 (Set Two):** communications with environmental contractors regarding vapor intrusion, contamination, mitigation systems, and safety at the two sites.
- **RFP No. 28 (Set Two):** photos, diagrams, maps, or schematics showing known or suspected hazard zones, testing overlays, and mitigation systems at the two sites.
- **RFP No. 29 (Set Two):** surveillance footage and internal access logs showing activity in or around Plaintiff's workspace at 825 Stewart Drive during floor repairs, crack sealing, HVAC/environmental testing, and remediation work (May 1 – Sept. 10, 2021), together with retention and preservation information if footage no longer exists.
- **RFP No. 30 (Set Two):** documents and communications relating to Apple's preparation for and internal awareness of the August 19, 2021 EPA inspection (July 25 – Aug. 20, 2021).
- **RFP No. 31 (Set Two):** internal documents discussing the outcome of the August 19, 2021 EPA inspection, including any reference to Plaintiff, her prior complaints, or environmental hazards.
- **RFP No. 32 (Set Two):** internal Apple communications between July 25, 2021 and September 10, 2021 referencing both Plaintiff's disclosures or agency complaints *and* the EPA inspection or violations at 825 Stewart Drive.

5. Each request is tightly bounded and directly probative of Apple's knowledge of

the conditions underlying Plaintiff's disclosures, Apple's internal response to the EPA inspection triggered by those disclosures, and the temporal nexus between the disclosures and Plaintiff's termination on September 9, 2021.

6.    **Meet and Confer.** Plaintiff raised these requests collectively in her February 26, 2026 email (Apple responded only as to RFP Nos. 20 and 23), followed up on March 6 (no response), and served an RFP-by-RFP meet-and-confer email on April 15, 2026 setting forth each request and her position on relevance. (Ex. A.) Apple's April 20 response declined to engage on any request individually, asserting the requests were "resolved" by the Court's March 30 order.

7.    **Apple's procedural objections are meritless.** The Court's March 30 order denied these requests as "premature"—a procedural disposition, not a merits adjudication—and the same order expressly set up a process for "all other disputes regarding fact discovery." Dkt. No. 327 at 4, 6–7. Requests previously denied as premature, on which meet and confer has since occurred, are "remaining." Apple's "eleventh-hour" argument is circular: Apple ignored Plaintiff's February 26 request and March 6 follow-up and declined to engage on the merits in April. A party cannot refuse to meet and confer and then invoke the resulting delay as waiver.

8.    **Relief Requested.** The proportionality framework the Court applied to RFP No. 23 applies equally here: narrowing the relevant period to January 1, 2019 through October 31, 2021 obviates any proportionality concern. Dkt. No. 327 at 4. Plaintiff accepts that narrowing across all of the requests listed above, and requests an order compelling Apple to produce all responsive, non-privileged documents responsive to RFP Nos. 7–10 (Set One) and 24, 28–32 (Set Two), subject to that narrowing, within 14 days. Plaintiff acknowledges that, on April 23, 2026, Apple offered partial concessions as to several of these requests, including limited custodian searches on RFP Nos. 8 and 32 and agreement to produce site-wide environmental-

4

health-and-safety plans in partial response to RFP Nos. 10, 24, and 28. Plaintiff reserves the right to contest the adequacy of any such late-offered searches or productions, which were served on the date this brief is due and have not been tested.

### III. APPLE SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO PLAINTIFF'S PROTECTED ACTIVITY, DOCUMENTS CONTRADICTED BY OKPO'S TESTIMONY, AND DOCUMENTS WITHHELD UNDER OVERBROAD CATEGORICAL PRIVILEGE CLAIMS

9. **Apple has not produced documents relating to Plaintiff's protected activity.** Plaintiff's four surviving retaliation claims each require proof that Apple knew of Plaintiff's protected activity. Apple has produced a single Issue Confirmation document—which Plaintiff herself authored—and some of Plaintiff's own email exchanges with Apple, and represents in its April 20, 2026 email that those documents are sufficient. They are not. Plaintiff raised numerous concerns during her employment through channels including formal complaints, internal investigations, meetings with managers and Employee Relations, and escalations to Apple's investigations function. The internal Apple-side records reflecting Apple's receipt, processing, and knowledge of those concerns are the documents that establish Apple's awareness and response for purposes of the retaliation claims. Apple has declined to search for or produce those records outside of the narrow set of communications involving Plaintiff directly.

10. **Apple's RFP responses are contradicted by Okpo's deposition testimony.** The deposition of Ekelemchi Okpo produced testimony inconsistent with Apple's written discovery responses. Mr. Okpo testified to the existence of documents, communications, and investigation materials that Apple's responses either did not acknowledge or affirmatively denied exist. The testimony bears directly on Apple's production obligations with respect to RFP Nos. 4, 7, 11–16, 36, 43, 44, 55, 56, and 60 (Set Two). Each of those requests seeks categories of documents Mr. Okpo's testimony confirms exist. Apple's responses either (i) represented Apple would search and produce responsive documents but did not do so, or (ii) refused to search on objection

grounds that the testimony has undermined. Apple must either produce the documents or, if withholding on privilege, log them with sufficient specificity to permit assessment under Rule 26(b)(5)(A).

11. **Apple's categorical privilege assertions are overbroad.** Rule 26(b)(5)(A) requires a party withholding on privilege grounds to "expressly make the claim" and describe withheld documents in a manner that "will enable other parties to assess the claim." The party asserting privilege bears the burden on a document-by-document basis. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). Categorical assertions do not satisfy the Rule and can result in waiver. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Apple's April 20, 2026 email declares Okpo's entire investigation file privileged and extends the same reasoning categorically to investigation-related communications generally.

12. **Apple improperly instructed witnesses not to answer foundational questions at deposition.** Judge Chen's Standing Order § e provides that, when privilege is claimed at deposition, the witness must nonetheless answer questions about the date, participants, other recipients, and "general subject matter" of the communication, "unless such information itself is privileged." At the depositions in this case, Apple asserted blanket privilege and instructed witnesses not to answer foundational questions about the internal investigations into Plaintiff's complaints—when they took place, who conducted them, who participated, and the general subject matter. That information is not itself privileged, and the instructions were improper.

13. **Apple has not produced a privilege log meeting this Court's requirements, and refused to search or log documents responsive to RFP No. 43.** This Court's Standing Order ¶ 20 requires a detailed privilege log specifying for each document or category the author, recipients, dates, subject matter, and "specific basis for the claim," warning that "[f]ailure to

furnish this information promptly may be deemed a waiver." Apple's log does not satisfy these requirements as to the categorical investigation withholdings, and Apple provided no log at all for its deposition privilege claims. Separately, Apple refused to even search for documents responsive to RFP No. 43, stating it "will not search, review, or produce" communications involving Apple Legal or internal investigations teams. Those documents therefore appear on no log. A party cannot categorically exempt documents from the discovery obligation based on an anticipated privilege claim. Apple's authorities (*Herrera*, *Mikkelsen*) addressed requests that defined "YOU" to include attorneys; RFP No. 43 identifies specific Apple groups whose cross-group communications about Plaintiff are relevant regardless of privilege status of any particular communication.

14.   **Relief Requested.** Plaintiff requests an order:

(i) compelling Apple, within 14 days, to produce all non-privileged documents concerning Plaintiff's protected activity and Apple's knowledge of that activity, including internal Apple-side records reflecting complaints raised, investigations undertaken, and responses formulated;

(ii) compelling Apple, within 14 days, to search, review, and either produce or log all documents responsive to RFP Nos. 4, 7, 11–16, 36, 43, 44, 55, 56, and 60, including communications involving Apple Legal and internal investigations personnel;

(iii) compelling Apple, within 14 days, to serve a complete privilege log meeting the requirements of this Court's Standing Order ¶ 20 as to all withheld documents across both sets of Requests for Production and as to all privilege claims asserted at depositions in this case;

(iv) compelling Apple, within 7 days, to provide in writing, as to each privilege claim asserted at deposition, the foundational information required by Judge Chen's Standing Order, § e (including the date of the communication, the participants, the general subject matter, and other persons to whom the substance has been disclosed); and

15.   (v) compelling Apple to produce for *in camera* review the contested investigation-related entries on its privilege log, so the Court can assess the privilege claims on a document-by-document basis.

## IV.    APPLE HAS REFUSED TO DISCLOSE THE PERSONS INVOLVED IN ITS TERMINATION DECISION, ITS DEFENSE WITNESSES, AND ITS MEDICAL EXPERT

16.    Apple has refused to identify the individuals and experts it may rely on to defend the termination decision. Rule 26(a) and (e) require such disclosure, and Rule 37(c)(1) makes the consequence automatic: absent substantial justification or harmlessness, a party that fails to comply "is not allowed to use that information or witness" at any stage. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

17.    **Apple has not identified the persons involved in the decision to terminate Plaintiff.** Apple has represented throughout this litigation that Yannick Bertolus was the decision-maker. Mr. Bertolus has now testified. His testimony identifies three items as the basis for his decision, states that he did not himself review the underlying evidence for those items, and identifies others in the termination process—including Sophi Jacobs and Megan Bowman—as the persons who asserted the allegations he relied on. Mr. Bertolus also testified that unidentified persons prepared the termination letter he sent, presented evidence to him regarding Plaintiff's communications, and originated the process that culminated in his decision. Apple has not disclosed who those individuals are, when the investigation into Plaintiff began, what was investigated, who directed it, or who proposed or arranged the termination prior to Mr. Bertolus's involvement. Rule 26(a)(1) requires disclosure of each individual Apple may rely on to support its defense of the termination. That disclosure has not been made.

18.    **Apple has not disclosed its defense witnesses.** Apple is now signaling, in the meet-and-confer correspondence and in the course of Plaintiff's deposition, reliance on individuals never identified in its Rule 26(a)(1) disclosures. One example is Cher Scarlett. Apple's April 20, 2026 email references specific Bates-numbered documents reflecting communications between Plaintiff and Ms. Scarlett and states Apple's intent to move to compel

8

further production of such communications, signaling that Ms. Scarlett's communications are central to some defense theory. Apple has not disclosed Ms. Scarlett under Rule 26(a)(1). On April 21, 2026, Plaintiff specifically asked Apple whether Ms. Scarlett is a defense witness and whether Apple will argue defenses arising out of facts related to her. Apple declined to answer. Ms. Scarlett is an illustration, not the universe of the problem: Apple's continued refusal to identify the full set of persons it may rely on prevents Plaintiff from taking targeted discovery or preparing to rebut Apple's defenses.

19.    **Apple has not disclosed its medical expert, despite signaling intent to rely on expert testimony.** In its April 9, 2026 email, Apple stated that it intends to conduct a Rule 35 independent medical examination of Plaintiff and implied retention of a medical expert for that examination and for related testimony on Plaintiff's emotional distress damages. Apple has not identified the examiner, has not identified any retained medical expert, and has not made any Rule 26(a)(2) disclosure. Rule 26(a)(2) requires timely disclosure of expert witnesses. Rule 26(e)(1) requires prompt supplementation when a prior disclosure is incomplete. Apple is already in breach of both obligations by announcing an intent to rely on an expert it refuses to name.

20.    **Relief Requested.** Plaintiff requests an order:

(i) compelling Apple, within 7 days, to supplement its Rule 26(a)(1) disclosures to identify each person Apple may rely on in connection with the decision to terminate Plaintiff's employment—including each person who proposed, initiated, participated in, or provided information for any investigation or evaluation of Plaintiff leading to the termination—and the subjects of the discoverable information each such person possesses;

9

(ii) compelling Apple, within 7 days, to supplement its Rule 26(a)(1) disclosures to identify each person Apple may rely on to support any claim or defense in this action, including Ms. Scarlett if applicable; and

21.    (iii) compelling Apple, within 7 days, to identify the proposed Rule 35 examiner and each retained or anticipated expert witness, and to serve any required Rule 26(a)(2) disclosures forthwith

## V.    APPLE SHOULD BE COMPELLED TO STATE, ON AN RFP-BY-RFP BASIS, WHETHER PRODUCTION IS COMPLETE OR DOCUMENTS ARE WITHHELD

22.    Across both sets of Requests for Production, Apple has either produced no documents or a limited volume in response to the majority of individual requests. Rule 34(b)(2)(B) and (C) require a responding party to state "with specificity the grounds for objecting" and to specify whether "any responsive materials are being withheld." Apple's responses consistently lodged boilerplate objections without stating what was withheld. Apple's April 20, 2026 representation that it "has satisfied its document production obligations, consistent with its discovery responses" does not tell Plaintiff or this Court, as to any specific RFP, whether Apple has produced everything or is withholding documents. That ambiguity lets Apple avoid both targeted compel motions and compliance. Plaintiff raised these points in her February 26, March 6, April 9, and April 15 emails; Apple has not provided request-level clarification at any point.

23.    **Relief Requested.** Plaintiff requests an order compelling Apple, within 14 days, to serve a written statement addressing each numbered request in both sets of Plaintiff's Requests for Production and stating, as to each such request, one of the following:

24.    (i) production is complete and Apple has produced all non-privileged documents in its possession, custody, or control that are responsive to the request as propounded; or

25.    (ii) Apple is withholding responsive documents, identifying (a) the grounds for

withholding (including privilege, relevance, proportionality, or objection to scope) and (b) the categories of documents being withheld.

26.    Any RFP for which Apple does not make such a statement within 14 days should be deemed one on which Apple has waived its objections and must produce all responsive, non-privileged documents.

27.    Apple has waived its objections and must produce all responsive, non-privileged documents.

## VI.    APPLE SHOULD BE COMPELLED TO PRODUCE THE RECORDS IT OBTAINED FROM PLAINTIFF'S SUBSEQUENT EMPLOYER

Apple subpoenaed Plaintiff's subsequent employer, Northeastern University, on January 28, 2026, after providing notice on January 20 and over Plaintiff's January 21 objections. In its response to those objections, Apple represented that "[t]he subpoenaed documents will also confirm that Apple and Orrick were not involved in [Plaintiff's] termination from Northeastern." On April 2, 2026, Plaintiff served a Request for Production (4/2 RFP No. 2) seeking "[a]ll records produced to Apple Inc in response to its subpoenas to Northeastern University." On April 20, Plaintiff asked Apple to confirm whether it would produce the records. Apple has neither produced nor responded.

Plaintiff's own subpoena to Northeastern was quashed. Apple is therefore the sole party with access to the records it obtained about Plaintiff. Documents obtained via third-party subpoena are within Apple's possession, custody, or control and subject to production. Fed. R. Civ. P. 34(a)(1). Apple cannot both seek third-party records to establish a factual point it has represented it will rely on, and demand mitigation discovery from Plaintiff on the same subject, while withholding from Plaintiff the records it has already obtained.

**Relief Requested.** Plaintiff requests an order compelling Apple, within 7 days, to produce all records Apple received in response to its third-party subpoena to Northeastern University concerning Plaintiff.

## VII.    ADDITIONAL DISPUTES RAISED BY APPLE'S APRIL 23, 2026 EMAIL

28.    Apple's April 23, 2026 response served at 3:11 p.m. PT (the date this brief is due) introduces or crystallizes several additional disputes Plaintiff must raise now to preserve them.

29.    **"No non-privileged documents exist" is implausible for RFP Nos. 40, 41, and 42.** Apple represents that, based on a "reasonable and diligent search," no non-privileged documents responsive to RFP Nos. 40–42 (Set Two) exist. Those requests seek administrative access logs, audit trails, and internal monitoring records from Apple's internal systems (Slack, Apple Mail, iMessage, project-management tools, admin dashboards) showing access to or actions taken on Plaintiff's accounts, along with internal tickets or requests submitted to Apple's tech, security, or compliance teams to monitor or preserve Plaintiff's communications. System-generated access logs, audit trails, and IT tickets are not privileged by nature; they are business records automatically generated by Apple's internal platforms. Apple's assertion that no non-privileged responsive documents exist is not credible on its face, and Apple has provided no privilege log identifying any withheld records.

30.    **RFP No. 49 has been narrowed and remains unresolved.** Plaintiff's April 23, 2026 response narrowed RFP No. 49 to emails and Slack messages sent to or from Dave Powers, reports of Dave Powers, managers in MSQ, Dan West, direct reports of Dan West, Yannick Bertolus, or John Ternus. Apple has not responded to this narrowed formulation.

31.    **RFPs 61 and 62 are broader than calendar invites.** Apple characterizes its response to RFP Nos. 61 and 62 as adequate because it produced calendar invites. The requests seek more than calendar invites; they seek meeting preparation notes, internal discussions of meeting purpose, scripts or talking points, internal acknowledgments regarding Plaintiff's

12

anticipated termination, and Slack/email communications among Apple staff during and after the September 3 and September 7, 2021 meetings. Mr. Okpo testified to the existence of records in a ticketing system, reports created, and other communications in this period. Apple's representation that no responsive documents exist beyond calendar invites is inconsistent with that testimony.

32. **Apple has not served amended, signed responses.** Plaintiff's April 23, 2026 response specifically requested that Apple serve amended, signed responses reflecting the positions stated in Apple's April 23 email, as required by the Federal Rules. Apple has not done so.

33. **Impasse on Legal-related documents (RFP Nos. 7, 19, 43, 47, 51, 59).** Apple's April 23 email declares the parties at impasse on RFP Nos. 7, 19, 43, 47, 51, and 59 (Set Two), which seek communications involving Apple Legal. For the reasons set forth above regarding categorical privilege and Rule 26(b)(5)(A), Apple's position is improper.

34. **Relief Requested.** Plaintiff requests an order:

(i) compelling Apple, within 14 days, to produce or log all records responsive to RFP Nos. 40, 41, and 42, including system-generated access logs, audit trails, and IT monitoring tickets concerning Plaintiff;

(ii) compelling Apple, within 14 days, to respond to and produce documents responsive to RFP No. 49 as narrowed by Plaintiff on April 23, 2026;

(iii) compelling Apple, within 14 days, to produce all documents responsive to RFP Nos. 61 and 62 beyond calendar invites, including meeting preparation notes, talking points, internal communications regarding the September 3 and 7, 2021 meetings, and ticketing-system records identified in Mr. Okpo's testimony; and

(iv) compelling Apple, within 7 days, to serve amended, signed discovery responses reflecting its current positions on each RFP at issue.

## VIII.    THE DISPUTES REMAIN OPEN BECAUSE APPLE DID NOT MEET AND CONFER AS ORDERED

35.    The Court's March 30, 2026 order directed the parties to "meaningfully meet and confer via email regarding every outstanding issue" and to "attempt to narrow the scope of any remaining disputes." Dkt. No. 327 at 6. Apple did not comply until the day this brief was due.

36.    **Apple's April 23 eleventh-hour concessions confirm meet and confer was deficient.** At 3:11 p.m. PT on April 23, 2026—the date Plaintiff's opening brief is due—Apple served a lengthy email agreeing, for the first time, to conduct additional searches and produce additional categories of documents responsive to more than fifteen Requests for Production, including RFP Nos. 8 and 10 (Set One) and RFP Nos. 18, 20, 24, 25, 26, 27, 28, 30, 31, 32, and 48 (Set Two). For each of these Requests, Apple proposed either (a) a specific custodian search with identified search terms, (b) production of an additional category of documents, or (c) narrowed production terms Apple was previously unwilling to offer. That Apple was able to formulate these offers the day the opening brief is due demonstrates that the disputes were resolvable and that Apple's prior "no-further-engagement" and "closed" positions were not a good-faith exhaustion of meet-and-confer. Had Apple engaged on these terms in February, March, or earlier in April, the scope of the present brief would be narrower and a substantial portion of this dispute might have been avoided altogether. Apple's timing forced Plaintiff to prepare this motion on the premise that meet-and-confer was at impasse as to every disputed request. Plaintiff had no opportunity to test, verify, or follow up on the adequacy of Apple's April 23 offers before filing.

37.    **This pattern pre-dates the Court's order.** In February 2026, Plaintiff asked Apple to confirm the status of all outstanding RFPs across both sets; Apple responded only as to

RFP Nos. 20 and 23. Plaintiff followed up on March 6; Apple did not respond. Apple's April 14 and April 20 responses to the meet-and-confer thread refused merits engagement, declaring five of Plaintiff's thirteen disputes "closed" with the line "nothing further for Apple to address" and asserting the remaining disputes were "resolved" or "eleventh-hour." This pattern—refusal to engage on specifics, categorical declarations of closure, and use of the resulting ambiguity—has marked the record throughout fact discovery.

38.     The disputes raised in this brief would not require court intervention if Apple had engaged on the merits earlier. To the extent Apple argues in its responsive brief that any dispute here is waived, foreclosed, not ripe, or procedurally improper, that argument should be rejected, and Plaintiff respectfully requests leave to supplement the record as necessary to address the adequacy of any late-offered compromise. A party cannot refuse merits engagement, wait until the brief is due to offer concessions, and then invoke the resulting absence of agreement—or absence of time to test those concessions—as waiver or non-ripeness.

## IX.     CONCLUSION

39.     For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting the relief set out above.

/s/ Ashley M. Gjovik
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 23 2026 in San José, California
(408) 883-4428 | ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816