# RE: Gjovik v Apple - Remaining Discovery Issues Raised by Plaintiff (Per Dkt. No. 327)

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Perry, Jessica R. <jperry@orrick.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Thursday, April 23rd, 2026 at 3:43 PM |

Hello,

Thank you for finally providing an update on your production. Can you please send a amended, signed response to my RFP with your responses to those requests which you appear to provide at least partially below. My request for a final update from Apple regarding their response to my RFPs was a basic requirement of the FRCP and Apple should have done it by the 16th and without protest. Again, Apple was required to provide a final update on the status of their production -- and notify me if anything was still pending or underway at the close of discovery -- but instead Apple refused to provide any updates, said they did not have to, and accused me of misconduct for even asking.

I was unable to challenge Apple's responses until Apple provided its final responses, which it appears Apple is just starting to do now -- but it should be in a signed discovery response in compliance with FRCP.

I also ask again if Apple will be producing anything regarding my RFP for the NEU records, or more records for the medical record subpoenas -- nothing has been provided.

I also ask again if Apple will provide any updated privilege log including for its prior redactions. I also ask again if Apple will be justifying its production redactions that were simply titled "redacted" and no privilege claim. Same for deposition objections regarding privilege.

I also ask again if Apple will be disclosing its IME expert -- and if its disclosing Cher Scarlett -- neither have been disclosed despite repeated inquiries about the matters.

Regarding your statement that some RFPs are directed at Apple legal -- they are not. If Apple legal is the party that holds those documents, that's Apple's decision and it would have known at the time what the impact during discovery would be if it took the approach it apparently took regarding its privilege claims and decision makers. I'm not asking Apple to log every document it searches or view, but I am asking it to provide privilege log entries for anything responsive and relevant, but which its withholding under privilege claims.

Regarding RFPs RFP Nos. 1, 3, 4, 5, 6, 44, 45, 46, Apple has a duty to produce records that are relevant and responsive, even if it concurrently objections to the requests also being overbroad or vague. I do not believe they are overbroad or vague, and I also will challenge Apple's claims of privilege as improper -- and you know that I've raised the issue for two years now.  Apple cannot claim privilege as a shield for records, then also a sword for justifying a termination, without providing records and information normally required in retaliation litigation.

Similarly, with RFP No. 2, 11-16, 35, 36, 39, 55, 56, 57, 60, the burden is on Apple to complete the searches for RFPs with its custodians and Apple's own unilateral short list of <6 people was improper to start with and its not my responsibility to tell Apple which custodians to search or how many records are enough -- and its improper to say Apple will do nothing more unless I manage Apple's own discovery record searches.

Regarding RFP No. 49 ""all internal emails, Slack threads, or meeting notes among Plaintiff's peers, supervisors, or project teams that refer to Plaintiff directly or indirectly" -- I will narrow this to emails and Slack sent to/from Dave Powers, reports of Dave Powers, managers in MSQ, Dan West, direct reports of Dan West, Yannick Bertolus, or John Ternus.

Regarding RFP 61-61, those RFPs ask for more than calendar invites. They ask for "RFP No. 61. All calendar invites, meeting agendas, emails, messages, or talking points related to any scheduled or proposed Webex or other meeting" and "with Plaintiff on or about September 3 and September 7, 2021, including: Meeting preparation notes; Internal discussions of meeting purpose or tactics; Scripts, bullet points, or planned message language ; Any internal acknowledgments that Plaintiff had already been marked for termination" & "All notes, messages, emails, calendar entries, or other communications created by or shared among Apple managers, HR, ER, or Legal immediately before, during, or after any Webex meetings with Plaintiff on or about September 3 and 7, 2021, including: Manager talking points or internal scripts; Slack or email messages between Apple staff during the meetings, commentary, or updates posted after the meetings; Any expression of Plaintiff 's reaction, mood, noncompliance, or perceived threat."

Okpo testified there was a record in a ticketing system, reports created, and other communications -- and Apple previously claimed there were none. Its also unbelievable that there are no responsive records for this period when Apple claims it investigated the Plaintiff and decided to terminate her employment.

Regarding 63-64, you know those reference Set One, and your prior incomplete responses to the Set One RFPs. They reference the same ask I had in this email chain -- that Apple send a final, revised response to the RFP with its current status for production -- for all RFPs served to Apple which Apple still has not served a final response.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Thursday, April 23rd, 2026 at 3:11 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley:
>
> This email represents our effort to organize the parties' discussions across various email threads and provide you with our position on the 13 issues you raised on April 9. Contrary to your statements below, my email simply responded to yours and we have repeatedly asked you to keep all communications related to your discovery disputes in one email thread so that we can have one chain that catalogues the parties' positions and narrows the issues to true disputes.

- Dispute Nos. 1, 2, 4, 11-13 – as we stated in our April 20 email at 8:59pm, we believe there is no outstanding dispute on these issues.
- Dispute No. 3 – we do not believe there is any outstanding dispute as this issue was re-solved by Magistrate Westmore's April 22 Order at Dkt. 357.
- Dispute No. 5 – we believe we addressed this fully in our April 20 email at 8:59pm. If you disagree, the parties are at an impasse.
- Disputes No. 6 & 7 – please see our response below.
- Dispute No. 8 – we believe we addressed this fully in our emails on April 14 at 9:11am and April 20 at 8:59pm. If you disagree, the parties are at an impasse.
- Dispute No. 9 – we believe this dispute is subsumed into disputes 6 and 7 (discussed be-low).
- Dispute No. 10 – we believe we addressed this fully in our emails on April 14 at 9:11am and April 20 at 8:59pm. If you disagree, the parties are at an impasse.

As to Dispute Nos. 6 & 7, we endeavor to find some middle ground. Your April 9, 2026 email flagged the following disputes:

- **"DISPUTE 6: APPLE'S DEFICIENT RFP RESPONSES (SET TWO)—ALL REQUESTS"**
  - <u>Note</u>: This set included 64 RFPs. You appear to seek to put every one at issue.
- **"DISPUTE 7: APPLE'S RFP RESPONSES (COMPEL)"**
  - Request Nos. 7-10, 23, 24, 28-32 (environmental/EHS records).
    - <u>Note</u>: RFP Nos. 7-10, as we understand you, are from Set One; all others are from Set Two.
  - Request Nos. 37, 40-44, 54 (documents referencing Plaintiff).
    - <u>Note</u>: All of these are from RFP Set Two, and thus nested in Dispute No. 6.

Apple has already served responses and objections—and, where it said it would do so, has already produced documents—responsive to every one of these requests. Your April 9 email did not pro-pose any narrowing as to **any** of them; it simply insisted that Apple comply with the requests as drafted without addressing **any** of Apple's objections (including as to proportionality) or proposing any compromises. To date—other than to agree, for ten of your requests, to narrow the time frame to align to Judge Westmore's ruling as to RFP No. 23—you have offered no compromises as to the substance, breadth, or scope of any RFP. And you had not previously attempted to meet and confer regarding any of these requests (other than RFP No. 20) at any prior point during discovery.

We do not believe Plaintiff's efforts amount to good-faith meet and confer. However, to attempt to actually reach resolution, we identify below those RFPs where we hope the parties can agree. For others, we truly cannot move forward in any meaningful way unless you provide more information specifically about what you intended by requests that are vague (and many of which ask Apple to produce "all documents" about issues you raised, without identifying those issues [something you and you alone are positioned to do]); what you think Apple has failed to pro-duce; and what more you believe it is reasonable and proportionate to ask Apple to search for.

Apple has already expended significant time and energy identifying, collecting, reviewing, and producing over **4,000 pages** of documents; and you have produced to Apple over **40,000 pages** of documents (thousands of

which are from documents from your employment at Apple that you retained after you were terminated). We hope the parties can focus any remaining discovery efforts in this case on what is truly necessary and proportional.

**Requests where there does not appear to be any dispute**

- RFP Nos. 17, 26, 33, 34, 50, 53, and 58 (all from Set Two) – Your April 9 email simply noted "status unknown" as to Apple's production in response to these requests. Apple has completed its production.
- RFP Nos. 63-64 (both from Set Two) – These "incorporation by reference" requests remain unintelligible, and you dropped any reference to them in the parties' meet and confer exchanges after April 9. We presume there is no active dispute here.

**Requests where Apple hopes to narrow or eliminate any dispute**

While Apple maintains that its prior responses and objections – including to vagueness, overbreadth, and proportionality – were appropriate, we outline below proposed compromises and clarifications that we hope will resolve any issue as to the following RFPs.

- RFP No. 8 (Set One): Apple doubts there are any responsive documents – these individuals were not involved in facilitating the August 19, 2021 EPA site visit to Northrup Grumman's property at 825 Stewart. In an effort engage in good faith meet & confer and resolve this RFP, Apple will search for (and, if located, produce) any additional non-privileged emails from July 25, 2021 through September 10, 2021 referencing the EPA site visit that were sent to or from the following custodians: Dan West, Dave Powers, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, and Tony Lagares.
- RFP No. 9 (Set One): This request is not relevant—Plaintiff **never** raised concerns about 3250 Scott Blvd during her employment, so the predicate that would make it relevant in a retaliation case is entirely absent —but based on a reasonable and diligent search there are no responsive documents. There is nothing left to discuss.
- RFP No. 10 (Set One): Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. In an effort engage in good faith meet & confer and resolve this RFP, we will agree to produce standard, site-wide environmental health and safety plans maintained in the ordinary course of business related to the two facilities during the same time frame.
- RFP No. 8 (Set Two) – Apple did not engage any "PR firm[ ] or government affairs firm regarding Plaintiff," so there are no responsive documents to produce. Apple has appropriately claimed privilege over communications with outside legal counsel and logged as necessary.
- RFP No. 9 (Two): Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. And it has produced communications between Apple and the EPA regarding the agency's need to access office space at 825 Stewart as part of its August 19, 2021 EPA site visit to Northrup Grumman's property. In an effort engage in good faith meet & confer and resolve this RFP, we will agree to produce standard, site-wide environmental health and safety plans maintained in the ordinary course of business related to the two facilities during the same time frame.

- RFP Nos. 18 & 20 (Set Two) – Apple has already produced the confidentiality agreement and IPAs to which you agreed and were subject as an Apple employee, which arguably address this request (as we understand it). In an effort engage in good faith meet & confer and resolve this RFP, Apple will conduct an additional search for any policies responsive to the request (as we understand it) and produce them.
- RFP No. 21 (Set Two) – Apple does not accede to any characterization that it "suppress[ed]" any conduct by Plaintiff – but, as it understand the request, does not believe (based on a reasonable and diligent search) that any responsive documents exists that are not privileged. There is nothing left to discuss.
- RFP No. 22 (Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents exist that are not privileged. There is nothing left to discuss.
- RFP No. 24 (Set Two): Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. In an effort engage in good faith meet & confer and resolve this RFP, we will agree to produce standard, site-wide environmental health and safety plans maintained in the ordinary course of business related to the two facilities during the same time frame.
- RFP No. 25 (Set Two): Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. And it has produced communications between Apple and the EPA regarding the agency's need to access office space at 825 Stewart as part of its August 19, 2021 EPA site visit to Northrup Grumman's property. In an effort engage in good faith meet & confer and resolve this RFP, we will agree to produce standard, site-wide environmental health and safety plans maintained in the ordinary course of business related to the two facilities during the same time frame.
- RFP No. 26 (Set Two) – Apple does not believe any policies particular to the enumerated issues (as Apple understand this request) exist. In an effort engage in good faith meet & confer and resolve this RFP, Apple will conduct an additional search and, if it identifies any such policies, produce them.
- RFP No. 27 (Set Two): Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. In an effort engage in good faith meet & confer and resolve this RFP, we will agree to produce standard, site-wide environmental health and safety plans maintained in the ordinary course of business related to the two facilities during the same time frame.
- RFP No. 28 (Set Two): Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. These contained photos and floorplans of both 825 Stewart and 3250 Scott. In an effort engage in good faith meet & confer and resolve this RFP, we will agree to produce standard, site-wide environmental health and safety plans maintained in the ordinary course of business related to the two facilities during the same time frame.
- RFP No. 29 (Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents or video footage exists that are not privileged. There is nothing left to discuss.
- RFP Nos. 30 &  31 (Set Two) – As Apple understands these requests, it does not believe (based on a reasonable and diligent search) that any responsive "security logs" exist. In an effort engage in good faith meet & confer and resolve this RFP, Apple agrees to search for and produce communications between Apple and Northrup Grumman's consultant regarding facilitating access for the August 19, 2021 EPA site visit to Northrup Grumman's property at 825 Stewart.
- RFP No. 32 (Set Two) – In an effort engage in good faith meet & confer and resolve this RFP, Apple agrees to search for non-privileged documents from July 25, 2021 through September 10, 2021 that reference ("Ashley" or "Gjovik") and "EPA" and ("inspection" or "site visit") among the following custodians: Dan West, Dave Powers, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, and Tony Lagares.

- RFP No. 37 (Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents exist that are not privileged. There is nothing left to discuss.
- RFP No. 38 (Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents exist that are not privileged – in large part because Apple did not, contrary to the assumption embedded in the RFP, "remov[e]" Plaintiff from Slack or email prior to cutting off her access once her termination for leaking confidential product information was imminent. There is nothing left to discuss.
- RFP Nos. 40-42 (all from Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents exist that are not privileged. There is nothing left to discuss.
- RFP No. 48 (Set Two) – In an effort engage in good faith meet & confer and resolve this RFP, Apple agrees to conduct an additional search for any "informal" performance evaluations  authored by Dan West or Dave Powers for Plaintiff, and to produce them if they exist.
- RFP No. 52 (Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents exist that are not privileged. There is nothing left to discuss.
- RFP No. 54 (Set Two) – As Apple understands the request, it does not believe (based on a reasonable and diligent search) any responsive documents exist that are not privileged. There is nothing left to discuss.


**Requests that require additional clarification from you to facilitate meaningful meet & confer**

  RFP No. 7 (Set One) – Apple has already produced every internal report, audit, and assessment for 3250 Scott and 825 Stewart during the entire time period Judge Westmore determined was relevant. The remainder of this request (*e.g.*, invoices for the work whose results you already have via those reports) seeks documents of tangential relevance (at best) and the burden of searching for, collecting, reducing, and producing them is not proportionate. If you disagree, please engage and explain what specific further search(es) you think would be appropriate.

- RFP Nos. 1, 3, 4, 5, 6, 44, 45, 46 (all from Set Two) – Your issue appears to focus on the text of Apple's written responses to these RFPs, which were appropriate based on the issues you were at that time emphasizing in the case and objectionable vagueness and overbreadth (among other issues). But as you know, Apple has produced voluminous documents to date about your myriad concerns to EH&S, HR, and HR about a host of issues. It has consistently informed you that it will not waive privilege as to aspects of internal investigations regarding you or your concerns, and has produced an appropriate privilege log. What more do you believe is required? A demand simply for "more," untethered to any reasonable parameters and impervious to Apple's concerns about (*inter alia*) burden and proportionality, is not a good faith meet & confer.
- RFP No. 2, 11-16, 35, 36, 39, 55, 56, 57, 60 (all from Set Two) – Apple's responses were fulsome and appropriate. If you want to propose specific additional custodians and searches you believe are appropriate, please do so and explain why. To date you have not.
- RFP No. 49 (Set Two) – Apple appropriately objected that a request for **"all internal emails, Slack threads, or meeting notes among Plaintiff's peers, supervisors, or project teams that refer to Plaintiff directly or indirectly**" over a period of 8.5 months is unduly burdensome and not proportionate to the needs of the case. If you want to propose specific additional custodians and searches you believe are appropriate, please do so and explain why. To date you have not.
- RFP Nos. 61-62 (both from Set Two) – There is nothing inconsistent about Apple's responses to RFP No. 61 asking for, *e.g.*, calendar invites proposing meetings with Plaintiff on 9/3/2021 or 9/7/2021 (Apple produced

documents) and documents regarding those meetings (Apple replied noting the meetings never happened, as you know). If there is any dispute here, we fail to understand it.

**Requests where Apple believes the parties are at an impasse**

- RFP Nos. 7, 19, 43, 47, 51, 59 (all from Set Two) – The parties are at an apparent impasse regarding Plaintiff's insistence that, in response to a request specifically seeking documents to/from Legal, Apple must search for and log every such document. You have not responded to the legal authority we provided indicating that is not required—and, on the contrary, that an attempt to force a party to go through that pointless exercise is harassing and improper. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-03695, 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018) (cited to Plaintiff on April 14); *Herrera v. Gen. Atomics*, No. 21CV1632-AJB(BLM), 2022 WL 1343001, at *6 (S.D. Cal. May 3, 2022) (rejecting demand for a privilege log where RFPs defined "YOU" to include attorneys, which "renders the RFPs impermissibly overbroad and creates an unreasonable burden on Defendant to identify every privileged document," and concluding that any logging obligation arises only after the definition of "YOU" is reconsidered excluding attorneys); Mikkelsen *Graphic Eng'g Inc. v. Zund Am. Inc.*, No. 07C0391, 2009 WL 3061978, at *3 (E.D. Wis. Sept. 23, 2009) ("To avoid the need to waste resources on the preparation of a privilege log listing obviously privileged information, plaintiff should tailor its requests to exclude materials that are obviously privileged, such as communications between defendants and their counsel relating to the present litigation.").

Thank you.

[EXTERNAL]

Counselor,

First, you've once against split the email chains after I asked you repeatedly to stop splitting the email chain. I'm adding your response below to the last respond to this email chain which you omitted along with many other responses you also omitted. You also once again deleted the date/time stamps for my emails after I asked you repeatedly to stop doing that .

Further, I told you multiple times I have to complete a complex Motion for Summary Judgement, Motion for Preliminary Injunction, and the Discovery Dispute motion by end of day tomorrow and I do not have time to even complete all of that let alone respond to every point right now. I clearly did not waive any of the issues I raised earlier and your assertion that I did is false and I object to your conduct. Your response is also confusing and does not address the actual material aspects of the concerns I raised. In fact, so far, you haven't addressed the material issues I raised in any of the dispute issues I flagged -- and you've created more and new issues that have to be raised even after the "final" email including the use of Cher Scarlett as a defense witnesses, the confidentiality

claims regarding all investigations, the refusal to meet/confer on the Rule 30 depo of Apple, the failure to disclose your IME, the failure to disclose defenses witnesses, continued incomplete responses to discovery requests, and so on.

I stand by all the issues I've flagged in my original list and ongoing, and I'm frustrated you haven't actually addressed any of the concerns on the merits, offered no compromise, but have insisted on forking, deleting, and falsifying this email chain repeatedly. As of now I plan to move forward tomorrow with some/all of the issues I raised in my motion because Apple has offered no legimiate explanation or solution regarding any of those complaints. If Apple would like to try to do that prior to end of day tomorrow, I'd happily consider their response, but otherwise I need to focus on my motions and filings and don't have time for further pointless back and forth with you where you're not actually addressing my concerns while making it more difficult for me to even show the conversation when I file the motion asking for court intervenion regarding the same concerns.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 22nd, 2026 at 1:03 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> Your emails below (sent at 8:00 am and 8:13 am PT on April 21, 2026) appear to address just two of the thirteen discovery disputes you raised in your April 9, 2026 email (and thus are part of the omnibus discovery meet & confer process): Dispute Nos. 5 and 10 (==highlighted below==).
>
> Our response on those two items is as follows:
>
> **Plaintiff's Dispute No. 5**
>
> To the extent your email below discusses Dispute No. 5, you mischaracterize Mr. Bertolus's testimony and the record at large. The "discovery dispute" process is not supposed to be about arguing what you think discovery already provided means or portends for the merits of your claims or Apple's defenses – that is what motion practice before the court (and, if any claims were to survive, trial before a jury) is for. Because you do not identify any specific action you are requesting, Apple understands this "dispute" to be closed.

**Plaintiff's Dispute No. 10**

To the extent your email below discusses Dispute No. 10, you mischaracterize both Mr. Okpo's testimony, the representations of my colleague Ms. Riechert, and the record at large. Again, your view of what you think testimony, documents, and discovery responses mean – or why you believe they support your case, or believe they are inconsistent with your theories, assumptions, or arguments – is not a "discovery dispute."

Further, as Apple's response to Request for Production No. 3 (Set One) made clear—and as we and testifying witnesses have repeatedly confirmed to you since then—the documents maintained by Mr. Okpo relating to his investigation of concerns you raised are ***privileged***, and Apple will not produce these documents to you. Apple logged these documents in its privilege log pursuant to FRCP 26(b)(5) and Judge Westmore's Standing Order.

Thank you.

On Tuesday, April 21st, 2026 at 6:49 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Also, your deadline for yoru cryptic demand being the day after I have to file three complex motions and won't have time to even start until the day you say its due is completely unreasonable. Your discovery motion isn't even due until April 30 2026.
>
> Send me the request of what exactly you're asking for and I'll work to get it to you prior to April 27 2026 -- the day before your deposition of me -- or sooner if possible. But April 24 2026 is impossible if you're really asking for thousands of pages of records.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**

On Tuesday, April 21st, 2026 at 6:42 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

I combined your separated emails -- that is not creating new emails -- that is consolidating your forked emails that I asked you to stop forking and you refuse to stop folking.

Let me be clear -- you claimed I had not produced anything and I said I had produced documents relevant to what you were talking about -- then you now claim me correcting your false assertion that I had not produced anything was me admitting to some sort of discovery rule violation.

I also responded saying I had produced documents already because you asserted you had none so I was directing you to review what I already produced as you may actually have the documents you think you do not have and in which case your complaint is moot.

That said if you want to expand your request for what documents you want from me -- simply ask me to produce whatever documents you think are so material to your defense and if reasonable I'll produce them. You know that I shared lots of internal Apple information on social media and with the press for months prior to being terminated. If you really want everything I shared I can provide that to you -- however I could see you equally complaining that I was drowning you with thousands of pages of records in producing exactly that.

So just tell me what you want with reasonable specificity and I'll work on getting it to you.

However, I ask you again to stop making false allegations against, threatning me with sanctions, or implyign some sort of misconduct by me when I'm trying my best to comply with the rules, provide you information, and translate your cryptic and threatening requests.

Accordingly, please draft whatever it is you're requesting as an expanded or clarified request for production and be specific about what your'e looking for including time frames, platforms shared, what content is shared, etc.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 6:34 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

You have again merged the separate email chains related to issues Apple raised with issues you raised. Your insistence on doing so will make it impossible for the Court to cleanly follow meet and confer related the separate motions the Court directed each side to bring.

In any event, this responds to your request to "summarize for me out of Apple's response and/all (sic) outstanding questions or requests Apple has for me." As I stated in my April 20, 2026 email at 8:41 p.m., with respect to the five issues Apple raised in its initial meet and confer, the only outstanding issue is your incomplete production of documents pertaining to your alleged complaints and communications about "Biometrics Data Collection."

You are required to produce responsive documents in your possession, custody, or control and you admit you have not completed this production ("I believe I have included *some* of these messages already"). You are not allowed to pick and choose which communications you produce. Indeed, you further admit that "told a lot of people about me sharing information with the Verge and on social media, and complained to a lot of people about this topic," but then insist that Apple must identify every person you shared information with before you will search for or produce documents. That is your burden, not Apple's. If you communicated with other people during your employment about these issues, you must produce those communications, regardless of whether Apple knows who you communicated with. Since your response makes clear that you believe you have only produced "some" of the responsive documents, Apple will move to compel a full and complete production if you do not produce these documents by April 24, 2026.

Thank you.

**[EXTERNAL]**

Hello counselors,

Apple has once again responded in such a way to branch and bifurcate the emails in the response to Judge Westmore's Order -- now again creating a new thread, without prior context, only about Apple's hand chosen issues, then creating and sending a second email about a second set of hand chosen issues -- which I asked you to stop doing and I'm consolidating both of them below with the other third thread about the RFPs also merged below.

I also ask you again to stop dropping the timestamps from my emails -- you did it again -- and ask again you actually respond to my questions and requests raised in thsi response from five days ago for which you still have not responded.

Can you please summarize for me out of Apple's response and/all still outstanding questions or request Apple has for me. These responses are long, detailed, and appear to mostly create conflict for conflict sake -- what are you actual outstanding issues today?

Regarding the request for documents shared between me and "another employee" -- Apple already shared their own version of those documents, it was part of the deposition, and that employee filed three declarations to this lawsuit claiming to have nothing to do with this lawsuit and ask Judge Chen to permanently remove any mention of her from this litigation. Apple never objected or clarified and never explained why they were bringing her up in their deposition -- they also never mentioned her on their disclosures and have never formally stated she is a witness in this matter. I told a lot of people about me sharing information with the Verge and on social media, and complained to a lot of people about this topic -- as you know I was tweeting and blogging about it for years. If you insist on me producing copies of my exhanges with someone -- please provide the name, in writing, of the person you are referring to and I will do so - I think I know who you're referring to but I assume you're avodiign writing their name because you know you've never disclosed this person as a witness, that person has already made false statements and submitted false testimony to Judge Chen where she asserted it would be improper to include her in this matter, and she sued me, tried to get me incarcerated, accused me of federal crimes, and repeatedly tried to trigger a police investigation into me because of my public speech. You know becuase its part of the RICO, Bane, and Ralph act claims. So counselor, please update your disclosure, and send your request with the person's name you're talking about, and also consider that another issue the Plaintiff will raise generally in this matter to Judge Westmore in the final dispute. I assumed you had dropped this because its so improper -- but based on your 4/21 email you haven't dropped it. In fact, you are concurrently fighting any of my requests for information on post-termination conduct while this specific person's post-termination conduct would be highly material and necessary to have subject to discvoery if Apple in fact plans to use this person as a witness -- but Apple has not stated that intention and in fact has stated the opposite. Please clarifiy. Is Cher Scarlett a defense witness? Will Apple be arguing defenses referecing or arising out of facts related to Cher Scarlett? You've never disclosed this, you've implied the opposite, your statement below six days after the close of discovery now implies you do plan to do all of this and you will prevent me from getting any evidence (per your overall emails and position) that I could use to refuse Scarlett and/or Apple's assertions regarding that matter.

Further, I believe I have included some of these messages already as we were engaged in protected concerted activity and organizing around work conditions, which is evidence in support of my claims of retaliation.

Regarding your request for messages between me and the Verge about Gobbler, I send you copies of those messages months ago, and more in the most recent productions 11 -12. (12 includes the exhibits that were used during the 4/17 deposition of Bertolus, btw to ensure you have formal copies). If you believe there are additional messages that have not been provided to you please indicate which ones or some description to help me understand what you think I'm missing.

I will raise it with Apple's concurrent failure to disclose any medical experts in their disclosures and continued failure to disclose any experts they imply are already retained now but still won't tell me who it is.

Regarding decision makers -- Yannick testified that Sophi Jacobs and Megan Bowman were the people to assert allegations of misconduct regarding failure to cooperate, and Yannick said he never saw the evidence or understood the details. Yannick also testified someone showed him a photo I posted on Twitter but they had removed the twitter content and told him it was leaking but he refused to say who prepared this or communicated with him. Regardding the "redactions" and text message issue, Yannick testified someone showed him a larger text conversation to display to him whatever evidence I submitted was out of context but he could not recall what evidence I submitted, or what he viewed, and upon viewing Apple's own exhibit stated the entire conversation did not match what Apple showed him and was something completely different than what he though.

The email sent to Yannick, which he confirmed was the basis for his "decision" as prewritten assertions and accusations, which he addmitted he did not view the full or even any evidence himself in reviewing, and included a termination letter he testified he did not write himself and simply sent as told too. This makes it clear Yannick as used as a cat's paw by Apple Inc and so Apple needs to idetnify what happened leading up to that email Yannick sent.

Similarly, Apple still has not identified all of its affirmative defenses, or termination reasons, and Yannick only idietified three things he "approved" but even in your email below there appear to be a least a few more things Apple plans to raise that it hasn't disclosed, has not defined, and clearly has not been deposed about considering the lack of disclosure or definition, and Yannick's answer his complete termination justification was the three items discussed above.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Monday, April 20th, 2026 at 8:59 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,

We once again ask that you comply with Judge Westmore's order that the outstanding discovery disputes flagged by each party on April 9, 2026 be discussed in a separate thread (*i.e.*, one thread for outstanding issues raised on that date by Apple, and one for outstanding issues raised on that date by you). We also ask that you stop cutting-and-pasting emails together and instead just hit reply and present your position on the relevant thread.

We have renamed this thread to make clear it relates to issues **you** raised on April 9 (in your 11:59pm PT email; Disputes No. 1-13), and highlighted below the portions of the thread that relate to those issues (both below and in the attached PDF that preserves the thread as it existed when you last emailed it). Our email responds to the positions you set forth regarding Disputes No. 1-13 in your most recent email on point (from April 17, 2026 at 11:48am PT).

After you have reviewed Apple's responses below, if you truly believe there are discrete, targeted, and proportional issues we can resolve in the next three days – before your final and only discovery letter brief on these issues is due to the Court – please focus your response on those issues.

**Disputes For Which No Further Points Raised**
There is nothing further for Apple to address at this point regarding Dispute Nos. 2, 4, and 11-13.

**Dispute 1: Your Deposition**
We disagree with several of the assertions in your email. But since you have confirmed you will sit for your continued deposition on April 28, we do not believe there is anything further to discuss at this point.

**Dispute 3: 30(b)(6) Deposition**
Several statements in your April 17 email are incorrect. However, we will not discuss this dispute further here, given Judge Chen's order (Dkt. No. 352) directing the parties to confer regarding it separately.

**Dispute 5: Decision-Maker**
In your April 9 email, you insisted that Apple had "failed to identify the decision-maker(s)." On April 14, Apple responded that, more than two years ago, on December 18, 2023, it identified Yannick Bertolus as the individual who made the decision to terminate your employment. The termination letter you received on September 9, 2021 was also from Mr Bertolus; there is no mystery. And Mr. Bertolus since sat for deposition in this matter, and was prepared to offer Rule 30(b)(6) testimony on the reasons for your termination. Your repeated insistence that you somehow do not know, or have been deprived of the opportunity to know, who made the decision to terminate you (and why) is wrong; we will not engage further on this issue.

Your April 17 email—which contends that Apple's response to Interrogatory No. 1 fails to identify "who proposed" the termination, "who approved it," and "who else was consulted"—is also an improper attempt to revive a resolved dispute. On March 16, you filed a discovery brief, arguing that Apple's response to Interrogatory No. 1 was inadequate because, among other things, it did not

identify "who started [the termination] process[.]" Dkt. No. 309 at 3. The Court rejected your demand that Apple supplement its response, finding that Apple's "robust response … fully responded" to Interrogatory No. 1. Dkt. No. 327 at 2. Your continued insistence that Apple's response to Interrogatory No. 1 is inadequate is harassing.

**Disputes 6 and 7: Miscellaneous RFPs Spanning Sets One and Two**

- **Apple Produced All Documents It Agreed to Produce: RFP Nos. 2, 5, 11, 12-17, 26, 33-34, 50-51, 58, 61.**

This is not a discrete discovery dispute of the kind we believe the Court envisioned. Nonetheless, Apple confirms that it has satisfied its document production obligations, consistent with its discovery responses.

- **We Will Not Re-Litigate Resolved Disputes: RFP Nos. 7-10 (Set One); RFP Nos. 20, 24, 28-32, 37, 40-44, 54 (Set Two).**

The Court has already put to rest all disputes regarding RFP Nos. 7-10 (Set One); RFP Nos. 24, 28-32, 37, 40-44, 54 (Set Two) when it found that you prematurely raised them and, on that basis, "***resolve[d]*** them." Dkt. No. 327 at 1. The Court also noted that the parties resolved RFP No. 20 without court intervention. *Id.* at 4, n.2. Contrary to your assertion, the Court did not direct the parties to meet and confer regarding these RFPs. Rather, in Section II of its March 30 order, the Court established a "process for all ***other*** disputes regarding fact discovery" (i.e., disputes not resolved in Section I of the order) and directed the parties to meet and confer regarding those disputes. *Id.* at 6. These disputes are closed.

- **You Were Not Diligent in Raising Any Issues Regarding These RFPs.**

Your eleventh-hour request to begin meet and confer discussions regarding RFP Nos. 1-16, 18-19, 21-22, 25, 27, 35-36, 38, 43, 45-49, 51-52, 55-57, 59-60, and 62-64 (Set Two)—eleven months after Apple served its objections and responses, and just seven days before the fact discovery cut-off—is improper. Judge Westmore could not have intended to give you carte blanche to launch such broad attacks on Apple's discovery responses at this late date.

Your claim that Apple refused to meet and confer regarding your Requests for Production, Set Two is false. As an initial matter, it impossible that you "raised these issues [in] 2024" as you insist; Apple did not even serve its objections and responses to Set Two until May 27, 2025. In reality, your first attempt to meet and confer regarding Set Two was on February 26, 2026, and even then, your meet and confer email referenced only two specific RFPs (RFP Nos. 20 and 23). Dkt. No. 310-1 at 22. Apple responded regarding those two specific RFPs. *Id.* at 20. You ignored Apple's response and instead rushed to file a discovery brief regarding numerous RFPs you never asked Apple to confer about. Your next effort to meet and confer regarding Set Two was on April 9, 2026, just seven days before the close of discovery.

You insist that "[m]eeting and conferring in June 2025 would have produced the same result." We cannot test that assertion because you made no attempt to meet and confer at that time. Had you done so—and been unsatisfied with the outcome—you could have moved to compel then. But you did nothing.

- **Your Positions Lack Merit in Any Event.**
  - **RFP Nos. 8, 10, 18, and 52 (Set Two): You failed to raise an issue.**

Your April 17 email fails to raise any issues regarding RFP Nos. 8, 10, 18, or 52.

  - **RFP Nos. 7, 8, 19, 36, 43, 47, 51, and 59 (Set Two): Apple properly declined to search for or log clearly privileged documents.**

You do not dispute that at least a distinct portion of each of these requests seeks *only* attorney-client privileged documents. That is improper under Rule 26(b)(1). *Herrera v. Gen. Atomics*, No. 21CV1632-AJB(BLM), 2022 WL 1343001, at *6 (S.D. Cal. May 3, 2022) (rejecting demand for a privilege log where RFPs defined "YOU" to include attorneys, which "renders the RFPs impermissibly overbroad and creates an unreasonable burden on Defendant to identify every privileged document," and concluding that any logging obligation arises only after the definition of "YOU" is reconsidered excluding attorneys); *Mikkelsen Graphic Eng'g Inc. v. Zund Am. Inc.*, No. 07C0391, 2009 WL 3061978, at *3 (E.D. Wis. Sept. 23, 2009) ("To avoid the need to waste resources on the preparation of a privilege log listing obviously privileged information, plaintiff should tailor its requests to exclude materials that are obviously privileged, such as communications between defendants and their counsel relating to the present litigation.").

With respect to RFP No. 43. Apple did not refuse to search and log "the entire request," as you incorrectly claim. Apple objected to RFP No. 43 to the extent it seeks "communications, messages, emails, notes, summaries or reports exchanged between or among Apple's … Legal or internal investigations teams" and stated that it "will not search, review, or produce documents responsive to ***this part* of this Request**." Apple stands on its objections. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-03695, 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018).

  - **RFP Nos. 1-6, 11-16, 19, 21, 35-36, 48, 55-57, and 60 (Set Two): Apple reasonably construed the requests.**

In its April 14 email, Apple explained that, in light of its objections to RFP Nos. 1-6, 11-16, 19, 21, 35-36, 48, 55-57, 60 (Set Two), it reasonably construed these requests and responded either that it had already produced certain specified responsive documents or that it will produce such documents, to the extent they exist. Nearly eleven months after Apple served its objections and responses to these RFPs and with the discovery cut-off behind us, you still have never explained, on an RFP-by-RFP basis, why you believe Apple's objections lack merit, nor have you ever identified what else you believe Apple should produce in response to each RFP. There is no real discovery dispute here.

  - **RFP Nos. 9, 22, 25, 27, 38, 45-46, 49 and 62 (Set Two): Apple properly refused to provide certain documents.**

In its April 14 email, Apple outlined why it properly refused to provide documents in response to RFP Nos. 9, 22, 25, 27, 38, 45-46, 49 and 62 (Set Two). Of these RFPs, your most recent email only references RFP No. 25, which seeks documents pertaining to 3250 Scott, which is not relevant to this case. Your 5AC alleges that, prior to your termination, you raised concerns that "[your] apartment was built on toxic waste" and that you had been exposed to chemicals as a result. *See* 5AC ¶ 78 (alleging that you published an article titled "I thought I was dying: My apartment was built on toxic waste"). Your 5AC does not allege that, prior to your termination, you raised concerns that you had been

exposed to chemicals as a result of Apple's alleged activities at 3250 Scott. Indeed, you allege elsewhere that you "discovered" Apple's alleged activities at 3250 Scott on February 23, 2023, more than a year after your termination. 5AC ¶ 142. Following this "discovery," you began to allege you had been exposed to chemicals as a result of Apple's alleged activities at 3250 Scott. Such "[r]eports made after [your] employment ended cannot form the basis for a whistleblower retaliation claim." *Anderson v. Graybar Elec. Co.*, No. CIV.09-251 (MJD/FLN), 2010 WL 2545508, at *9 (D. Minn. June 18, 2010).

**Dispute 8: Privilege Log**
Your April 17 email repeats the arguments from your April 9 email while ignoring Apple's April 14 response, including the cited authority showing your position lacks merit.

**Dispute 9: Apple's Production of Documents Regarding Alleged Protected Activity**
As we mentioned on April 14, this dispute is not tethered to any specific RFP(s), and thus there is no issue about which the parties can meet and confer or which you could potentially escalate to Judge Westmore. *See* Dkt. No. 327 at 7.
In any event, you continue to falsely assert that Apple "refuses" to produce documents related to the concerns that you raised during your employment, despite acknowledging that Apple produced the Issue Confirmation, which is just one of many documents related to concerns you raised that Apple has produced—indeed, a document you yourself authored that purported to catalog all of your complaints. Continuing to insist that Apple has the burden to repeat back to you all of the concerns you raised—and that you documented during your employment, in a memo Apple has already produced back to you—serves no legitimate purpose. Apple has also produced non-privileged documents related to its knowledge of concerns you raised, including email communications back and forth with you over a series of months.

**Dispute 10: Apple's Responses to Requests for Production & Okpo's Testimony**
You now claim that Dispute 10—asserting that "Apple's RFP responses [are] contradicted by Okpo deposition testimony"—is tethered to RFPs 4, 7, 11-16, 36, 43-44, 55-56, and 60. But like your April 9 email, your April 17 email does not specifically identify any testimony of Mr. Okpo's (by page/line), let alone explain how that testimony allegedly contradicts any of the cited RFPs, so we still do not know what you are referencing. Nor is your arguing with us that you believe Mr. Okpo's testimony contradicts your reading of documents Apple had produced a genuine discovery dispute. That is for you to argue to the fact-finder; it is not a discovery dispute Judge Westmore can (or should) adjudicate.

In any event, Apple disputes your contention that Apple "never searched for" certain unspecified documents or that it "searched and is withholding them without logging them." As we have repeatedly informed you, Apple has not waived privileged with respect to Mr. Okpo's investigation. Your reliance on *Wellpoint Health Networks, Inc. v. Superior Court* is misplaced. There, the court was presented with a hostile work environment claim, which requires a plaintiff to show, among other things, that defendant "failed to take prompt and adequate remedial action." *Wellpoint*, 59 Cal. App. 4th 110, 126-27. The court held that if a defendant raises as a defense to a hostile work environment claim that it investigated and took appropriate action, then "the adequacy of the investigation [is] directly at issue"

and privilege over that investigation is waived. *Id.* at 128. Here, your claims for wrongful termination and retaliation do not require Apple to prove it took appropriate remedial action in response to the concerns you raised, and thus Apple has no need to (and does not intend to) rely on the adequacy of its investigation into those concerns. As such, there has been no waiver. *See Christensen v. Goodman Distrib. Inc.*, No. 18-cv-02776, 2020 WL 4042938, at *5 (E.D. Cal. July 17, 2020) (distinguishing *Wellpoint* and finding no waiver of privilege over investigation into concerns plaintiff had raised where "plaintiff's claims [were] for retaliation and wrongful termination, which do not require a showing of … the adequacy of the employer's investigation").Finally, your assertion that an investigation cannot be both a "privileged litigation preparation" and a "genuine workplace investigation" is incorrect. *See In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907-11 (9th Cir. 2004); *Mendez v. Saint Alphonsus Reg'l Med. Ctr., Inc.*, No. 1:12-CV-26-EJL-CWD, 2014 WL 3406015, at *3 (D. Idaho July 10, 2014).

Thank you.

On Monday, April 20th, 2026 at 8:41 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

We once again ask that you comply with Judge Westmore's order that the outstanding discovery disputes flagged by each party on April 9, 2026 be discussed in a separate thread (*i.e.*, one thread for outstanding issues raised on that date by Apple, and one for outstanding issues raised on that date by you).

We kept the name of this thread as is to make clear it relates to issues Apple raised on April 9 (in my 10:12 p.m. PT email; Issues No. 1-5), and in turn respond to the positions you set forth regarding those specific issues in your most recent email in this thread (from April 17, 2026 at 12:00 a.m. (*i.e.*, the very start of that day)). I have also re-inserted my April 16 at 5:44pm message to you which you cut and pasted at the very end of the email chain when you sent your most recent reply. Please respond, if at all, on an issue-by-issue basis so the parties' meet and confer as to particular points is clear.

**1. Your Continued Deposition**: Pursuant to the parties' April 15, 2026 email agreement that you will sit for your continued deposition on April 28, 2026, there is nothing further to confer regarding at this time.

**2. Discovery Regarding Alleged Emotional Distress Damages**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). The discovery cut-off has now passed. Apple will move to exclude any evidence of alleged emotional distress damages not timely produced or disclosed. We consider this issue resolved.

**3. Discovery Regarding Alleged Damages, Generally**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). The discovery cut-off has now passed. Apple will move to exclude any evidence of alleged damages not timely produced or disclosed. We consider this issue resolved.

**4. Discovery Regarding Mitigation Efforts**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). The discovery cut-off has now passed. Apple will move to exclude any evidence of alleged efforts to mitigate not timely produced or disclosed. We consider this issue resolved.

**5. Discovery Regarding Factual Allegations of Complaints About "Biometrics Data Collection"**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). However, your recent production continues to omit documents that we know exist that reveal you sharing information about and images from the internal Apple application known as Glimmer. *See, e.g.*, APL-GAELG_00002260-APL-GAELG_0002269 (text communication between you and another Apple employee produced by Apple (but not by you) confirming you shared images and information from Glimmer with both that employee (undisclosed on the study) and Zoe Schiffer of the Verge). These documents are responsive, material, and should have been produced. *See* RFP No. 1 (seeking "[a]ll documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code § 1102.5; Count III – Labor Code § 6310; and Count IV – Labor Code § 98.6 in the Fifth Amended Complaint"); Dkt. No. 142 (final iteration of 5AC) ¶ 158 (factual allegation that you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[]"); Dkt. No. 128 (first iteration of 5AC) ¶ 171 (factual allegation that "Gjovik complained that Apple frequently requested that Gjovik and her coworkers participate in … biometrics data collection (like the Gobbler app)").

Apple intends to move to compel production of communications (*e.g.*, emails, text messages, social media posts) that you made "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications—including all such communications that contained internal images from the Glimmer application—absent prompt and complete production no later than April 24, 2026 (*i.e.*, prior to your continued deposition).

Thank you.

On Tuesday, April 21st, 2026 at 7:26 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello,

I'll respond to the additional items in your thread soon, but per your other thread, i'm attaching that thread to this thread per your request.

I've been attempting to meet/confer with you regarding these specific RFPs for over a year. I tried in Feb-March, and you refused to respond. I've tried again after Judge Westmore's order asking for more meet/confer, and you again are simply refusing to meet/confer -- both saying you don't have to provide complete or final updates to any RPFs during discovery -- and now also saying that I'm late, these requests are permanently dead (even though I already raised them in this final thread below on time and with compliance with court instructions -- and again that you refuse to even meet/confer.

Please confirm in this thread your position and the additional thread has now been consolidated -- even though these exactly RFPs and meet/confer requests were already captured in this thread prior.

On Tuesday, April 21st, 2026 at 7:27 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Per your request I copied this email chain to the other consolidated email chain -- however these requests were already captured in that email chain -- even by RPF number and mentioning the court order -- so your allegations of improper conduct are without basis and appear to be even mroe bad faith response to meet/confer requests.
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> On Monday, April 20th, 2026 at 9:01 PM, Perry, Jessica R. <jperry@orrick.com> wrote:
>
>> Ashley,
>>
>> This responds to your April 15, 2026 email below.
>>
>> On March 30, 2026, Judge Westmore set a "process for all *other* disputes regarding fact discovery" (*i.e.*, disputes other than those that were previously resolved in the parties' meet and confer or in the Section I of the Court's order). Dkt. No. 327 at 6. Judge Westmore's order made clear that she set up this process "[i]n an effort to preserve the Court's limited resources" by giving each party "one final opportunity" to flag all open discovery disputes. *Id.* at 6-7.
>>
>> Judge Westmore instructed that "each party shall raise their initial dispute(s) with the opposing party via email by April 9, 2026 … in a single email" and directed "[t]he parties will then go back and forth on the *same email thread* in an attempt to narrow the scope of any remaining disputes and that "the initiating party shall attach a copy of their *complete, email thread* as an exhibit to

the opening and responsive briefs only." *Id.* at 7. Judge Westmore thus clearly contemplated that the parties would meet and confer in two separate threads—one regarding the disputes you raised, one regarding the disputes we raised; that you would attach a copy of the complete email thread regarding disputes that you raised to your opening brief and that we would attach a copy of the complete email thread regarding disputes that we raised to our responding brief. That is the only logical reading of Judge Westmore's order.

On April 9, 2026, you sent an email raising your initial disputes. That email discussed RFP Nos. 7-10 (Set One) and RFP Nos. 20, 24, 28-32, 37, 40-44, 54 (Set Two).

On April 14, 2026, Apple responded to that email, objecting to your attempt to re-litigate resolved disputes. Apple wrote:

"Your disputes regarding RFP Nos. 7-10 (Set One), 24, 28-32, 37, 40-44, 54 (Set Two)—which are at issue in Dispute 6 and/or Dispute 7—were previously resolved in Dkt. No. 327. Further, your dispute regarding RFP No. 20—which is at issue in Dispute 6—was resolved during the parties' prior meet and confer. The Court does not need to expend any of its limited resources (*see* Dkt. No. 327 at 1) to address these resolved disputes."

Instead of responding to Apple's April 14 email in the "same email thread" as directed by the Court, you sent the below email on April 15, in a separate email thread, once again attempting to reopen these resolved disputes.

Because we do not read Judge Westmore's order to have invited attempts to resuscitate resolved discovery disputes, let alone on a separate thread from the one in which disputes were initially raised, we will not respond further to this email thread or engage in further meet and confer about those resolved disputes. The goal of her order was clearly to narrow and focus any remaining discovery disputes on what actually matters to resolution of the case—not to invite wholesale re-litigation of every objection Apple has ever raise or every request you have ever sent.

Thank you.


**[EXTERNAL]**

On Wednesday, April 15th, 2026 at 1:05 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Counselors,
>
> I write regarding the Court's March 30, 2026 Order (Dkt. 327) and the outstanding Requests for Production identified in Plaintiff's letter brief (Dkt. 310) and documented in the Plaintiff's final discovery issue meet/confer thread.

As a preliminary matter, Plaintiff notes her disagreement with the Court's characterization that Plaintiff attempted to meet and confer on only Request No. 23. As the record reflects, Plaintiff's February 26, 2026 email to counsel asked Apple to confirm the status of all outstanding Requests for Production across both sets — not just Request No. 23. Apple's March 5, 2026 response selectively addressed only Requests No. 20 and No. 23 and refused to respond to Plaintiff's inquiry regarding the remaining Requests. Apple declined to identify which Requests remained under review, declined to provide a production timeline, and declined to state whether its blanket objections remained in effect as to the other Requests. Plaintiff followed up on March 6, 2026, specifically asking Apple to address these outstanding items. Apple did not respond. Plaintiff raised these facts in her letter brief. Apple's refusal to engage on the individual Requests should not be characterized as Plaintiff's failure to raise them.

Notwithstanding that disagreement, and in compliance with the Court's Order, Plaintiff hereby renews her meet and confer demand on each of the sixteen remaining Requests at issue in Dkt. 310. For each Request, Plaintiff sets forth the full text of the Request and her position on relevance. Plaintiff asks that Apple respond to each Request individually, stating whether Apple will: (a) produce responsive, non-privileged documents; (b) produce subject to a proposed narrowing in scope (identifying the proposed narrowing); or (c) refuse to produce, stating the specific factual and legal basis for each refusal — not the identical boilerplate objection applied to every Request.

Discovery closes April 16, 2026. Plaintiff intends to promptly bring any unresolved disputes to the Court's attention consistent with Judge Westmore's standing order. Plaintiff requests Apple's written response no later than April 20, 2026.

---

ENVIRONMENTAL REQUESTS

The Court's Order on Request No. 23 confirmed that environmental records at 825 Stewart Drive and 3250 Scott Boulevard are relevant to Plaintiff's retaliation claims because Plaintiff alleges she was retaliated against for reporting environmental hazards to the California DIR. (Dkt. 327.) Each of the following Requests seeks the same category of evidence — Apple's knowledge of the environmental conditions underlying Plaintiff's protected disclosures.

Request No. 7 (Set One): All indoor air testing results and reports, air test plans, cracked slab repair plans, cracked slab inspection reports, cracked slab sealing reports, SSD/SSV maintenance reports, engineer certifications of work performed, invoices, work orders, related to the CERCLA engineering controls at 825 Stewart Drive from January 1, 2021 through September 10, 2021.

Plaintiff's position: These are the specific environmental engineering records for the site where Plaintiff worked and raised complaints. They are directly analogous to the audits and reports the Court ordered produced under Request No. 23, and are already limited to a nine-month

window. Apple previously refused to produce any responsive documents. Does Apple maintain that refusal? If so, on what specific basis, given the Court's ruling on No. 23?

Request No. 8 (Set One): Any status report, meeting notes, or other type of summary sent to or from Gjovik's management chain and/or Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares concerning the August 19, 2021 US EPA inspection of 825 Stewart Drive, from July 25, 2021 through September 10, 2021.

Plaintiff's position: The EPA inspected 825 Stewart Drive on August 19, 2021, in connection with Plaintiff's complaints. Plaintiff was placed on administrative leave days later. Internal communications about the EPA inspection within Plaintiff's management chain go directly to Apple's knowledge of Plaintiff's protected activity and the temporal nexus to the adverse action. This Request names specific custodians and covers a seven-week window. Does Apple maintain its refusal to produce?

Request No. 9 (Set One): All documents in possession of Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Atone Jain, Michael Seiger, or Tom Huynh that concern both the Plaintiff and the property at 3250 Scott Blvd, from September 1, 2020 through September 10, 2021.

Plaintiff's position: The Court's February 27, 2025 Order (Dkt. 179 at 2) identified Plaintiff's complaints about 3250 Scott Blvd as one of the four primary categories of conduct at issue in this case. Documents linking Plaintiff to that property in the files of her own management chain and identified Apple personnel are squarely relevant. Does Apple maintain its refusal to produce?

Request No. 10 (Set One): Any "safety plan" or "EHS plan" or "operations and maintenance plan" for 825 Stewart Drive or 3250 Scott Blvd in place between January 1, 2020 and September 10, 2021.

Plaintiff's position: These are discrete, identifiable documents reflecting Apple's baseline knowledge of environmental conditions at the sites where Plaintiff raised safety concerns. Their existence (or non-existence) bears on whether Apple knew there were legitimate hazards when Plaintiff reported them. Does Apple maintain its refusal to produce?

Request No. 24 (Set Two): All communications, reports, or correspondence between Apple and any environmental contractor (including air quality, chemical, EH&S, or facilities consultants) regarding vapor intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott.

Plaintiff's position: This Request is a natural companion to No. 23. Apple's communications with its own environmental contractors about the hazards Plaintiff reported are relevant to Apple's knowledge for the same reasons the Court found No. 23 relevant. Plaintiff is willing to

accept the same temporal narrowing the Court applied to No. 23 (through October 31, 2021) if proportionality is Apple's concern. Does Apple maintain its refusal to produce?

Request No. 28 (Set Two): All photos, diagrams, maps, or schematics of the site showing known or suspected environmental hazard zones, testing data overlays, mitigation systems, or construction modifications at 825 Stewart or 3250 Scott.

Plaintiff's position: Site diagrams showing known hazard zones and mitigation systems are a finite, identifiable set of documents that bear on what Apple knew about environmental conditions. Does Apple maintain its refusal to produce?

Request No. 29 (Set Two): All video surveillance footage, security camera recordings, or internal access logs showing activity in or around Plaintiff's office, work area, or assigned workspace at 825 Stewart Drive, including floor repairs, crack sealing, HVAC or environmental testing, and construction or remediation work, between May 1, 2021 and September 10, 2021. To the extent Apple claims any footage was deleted, altered, or is inaccessible, Plaintiff requests identification of the system used, retention policies, last known location of footage, and whether any hold or preservation request was implemented.

Plaintiff's position: Footage or logs of remediation work near Plaintiff's workspace would corroborate the environmental conditions she reported. The Request is limited to a four-month window at a single location. If footage no longer exists, Plaintiff is entitled to know the retention policies and preservation status. Does Apple maintain its refusal to produce or respond?

Request No. 30 (Set Two): All documents, communications, calendar entries, meeting agendas, security logs, or visitor records relating to or preparing for the EPA inspection of Apple's 825 Stewart Drive site, received by or sent to Apple between July 25, 2021 and August 20, 2021, including notice of the EPA inspection, internal planning emails or meetings, notes regarding facility preparation, communications with EPA Region 9, and any mention of Plaintiff's workspace or prior complaints in connection with that inspection.

Plaintiff's position: Apple's preparation for and internal awareness of the EPA inspection — triggered by Plaintiff's complaints — is central to establishing Apple's knowledge of Plaintiff's protected activity and the timing of the adverse actions that followed. This covers a 26-day window. Does Apple maintain its refusal to produce?

Request No. 31 (Set Two): All internal documents, messages, emails, legal memos, or investigative notes discussing the August 19, 2021 EPA inspection of 825 Stewart Drive, including any reference to Plaintiff, her former office, her prior complaints, or any environmental hazards, as well as site preparation steps or remediation taken before the inspection, results or feedback from the inspection, any post-inspection action plan or discussion of violations, and discussion of Plaintiff's prior warnings being substantiated.

Plaintiff's position: Documents showing whether Apple internally recognized that the EPA inspection corroborated Plaintiff's prior complaints bear directly on Apple's knowledge and retaliatory motive. Does Apple maintain its refusal to produce?

Request No. 32 (Set Two): All internal Apple communications or reports between July 25, 2021 and September 10, 2021, referencing both: (a) Plaintiff's disclosures or agency complaints; and (b) the EPA inspection or violations at 825 Stewart Drive.

Plaintiff's position: This is the most narrowly framed request in this group — seeking only documents that reference both Plaintiff's protected activity and the EPA inspection within a period of under seven weeks. If any documents exist linking Apple's awareness of the inspection to its awareness of Plaintiff's complaints, they go to the heart of retaliatory intent. Does Apple maintain its refusal to produce?

---

REQUESTS REFERENCING PLAINTIFF

Request No. 37 (Set Two): All threat assessments, incident reports, or monitoring logs created by Apple or its contractors concerning Plaintiff, including any reference to social media activity, Slack discussions, agency disclosures, and public organizing efforts, between January 1, 2021 and September 30, 2021.

Plaintiff's position: Threat assessments and monitoring logs created about Plaintiff in connection with her protected disclosures are relevant to both Apple's knowledge and adverse action. Does Apple maintain its refusal to produce?

Request No. 40 (Set Two): All administrative access logs, audit trails, or monitoring records from Apple's internal systems (including Slack, Apple Mail, iMessage, project management tools, or admin dashboards) showing access to, interaction with, or administrative actions taken on Plaintiff's accounts, devices, or workspaces from March 1, 2021 to September 10, 2021.

Plaintiff's position: System logs showing surveillance or administrative actions on Plaintiff's accounts during the period of her protected activity are relevant to whether Apple monitored her in retaliation. Does Apple maintain its refusal to produce?

Request No. 41 (Set Two): All logs or records showing who accessed, reviewed, or modified Plaintiff's email, Slack history, iMessage content, file shares, or internal communications during the same time period, including date/time of access, system used, identity or role of accessing user, and whether screenshots, archives, or downloads were created.

Plaintiff's position: This complements No. 40 by identifying the specific individuals who accessed Plaintiff's communications and what they did with the information. Does Apple

maintain its refusal to produce?

Request No. 42 (Set Two): All internal requests, tickets, or communications submitted by Apple employees to Apple's internal tech, security, or compliance teams to monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use, including any legal hold requests, IT monitoring triggers, surveillance justifications, and Slack "lookups" or search reports.

Plaintiff's position: Internal requests to monitor or surveil Plaintiff's communications would constitute direct evidence of adverse action taken in response to her protected activity. Does Apple maintain its refusal to produce?

Request No. 43 (Set Two): All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups: Plaintiff's managers or direct supervisors; Apple's Human Resources personnel; Employee Relations team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel — discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021.

Plaintiff's position: Cross-departmental communications about Plaintiff during the period of her protected activity are essential to establishing Apple's knowledge, the coordination of its response, and retaliatory motive. Does Apple maintain its refusal to produce?

Request No. 44 (Set Two): All internal reports, summaries, or tracking notes created by Apple ER or HR relating to Plaintiff's conduct, speech, disclosures, or risk profile, including drafts and confidential annotations, from February 2021 to September 2021.

Plaintiff's position: ER and HR notes assessing Plaintiff's "risk profile" and tracking her disclosures go directly to Apple's knowledge of and response to her protected activity. Does Apple maintain its refusal to produce?

Request No. 54 (Set Two): All documents, emails, messages, PR plans, or communications created by Apple's Communications, Public Relations, or Media Teams that mention Plaintiff; refer to or track press coverage of Plaintiff; propose or implement messaging strategies; or coordinate with Legal, HR, or ER about Plaintiff's termination or complaints, between February 1, 2021 and December 31, 2021.

Plaintiff's position: PR strategy documents about Plaintiff are relevant to Apple's internal response to her protected activity and its coordination of the adverse actions. Does Apple maintain its refusal to produce?

---

Plaintiff has now raised each of the sixteen remaining Requests from Dkt. 310 individually, with her position on relevance for each. This is the same information Plaintiff attempted to raise in her February 26 and March 6, 2026 emails, which Apple declined to engage with.

Plaintiff is willing to discuss reasonable scope limitations on individual Requests, consistent with the Court's approach to No. 23. What Plaintiff cannot accept — and what the Court should not be asked to accept — is a blanket refusal to produce across all sixteen Requests based on the same undifferentiated relevance objection, particularly where the Court has already found that environmental records at these sites are relevant to Plaintiff's claims.

Please respond to each Request individually no later than April 20, 2026.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Friday, March 6th, 2026 at 7:06 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> As requested, please update your discovery responses to all Requests for Production where you previously said you would be still working on them -- if you are no longer working on them. Or confirm if I should take your email to mean that you are actively working on all items that said you will still be working on them and you are not working on all of the items you objected to in full.
>
> You failed to answer my single and fundamental question.
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**

On Friday, March 6th, 2026 at 7:06 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,

As requested, please update your discovery responses to all Requests for Production where you previously said you would be still working on them -- if you are no longer working on them. Or confirm if I should take your email to mean that you are actively working on all items that said you will still be working on them and you are not working on all of the items you objected to in full.

You failed to answer my single and fundamental question.

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Thursday, March 5th, 2026 at 9:24 PM, Riechert, Melinda <[mriechert@orrick.com](#)> wrote:

> Ashley,
>
> We disagree with many of the assertions in your email regarding Apple's discovery responses and production.
>
> Apple has produced numerous documents responsive to your RFPs across multiple production volumes and Apple continues to search for potentially responsive documents and will supplement its productions (and its privilege log) if and as appropriate, and consistent with the applicable rules and court-ordered fact discovery cut-off.
>
> With respect to the two specific RFPs you mention:
>
> - RFP No. 20 (Set Two) does not seek "the very policies under which Defendant claims to have taken the adverse employment action at issue" (and in any event, Apple has produced the policies related its decision to terminate your employment). Rather, RFP No. 20 (Set Two) seeks "policies … that reference public or private discussion of wages or working conditions; message content monitoring; restrictions on employee organizing or complaints; internal media, press, or government outreach protocol." Apple properly objected to this RFP on numerous grounds, including that such policies are not relevant to this case.
> - Apple also properly objected to RFP No. 23—which seeks "reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart and 3250 Scott"—on numerous grounds, including that "whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims."

To the extent you would like to meet and confer about Apple's objections and responses to RFP No. 20 or 23 or any other specific RFPs, please follow the process contemplated by Judge Westmore's order governing discovery disputes.

**Melinda Riechert**

Partner

Orrick

Silicon Valley

T 650/614-7423

M 650 759 1929

mriechert@orrick.com

**[EXTERNAL]**

Counselors,

I write to you to confirm the status of the Defendant's document production in *Gjovik v Apple,* Case No. 3:23-CV-04597-EMC .

The Plaintiff served two sets of Requests for Production in this case: Plaintiff's Part 1, Request for Production, of Phase 1 Discovery, served October 30, 2024; and Plaintiff's Request for Production of Documents, Set Two, served April 25, 2025.

The Defendant served responses to the Phase 1 requests on November 29, 2024, and responses to Set Two on May 27, 2025. In those responses, Defendant lodged various objections and, in numerous instances, either produced no responsive documents, claimed it would not even look for the stated documents, and/or indicated that it was continuing to search for responsive materials and may supplement its production but generally produced nothing more.

As of today the Defendant still has not produced most documents related to the prima facie elements of the claims in this case, or Defendant's stated reason for the termination, or its affirmative defenses, or even clearly relevant requests such as records related to the employer's response to EPA's notice that it would be inspecting the employee's office due to the employee's complaints, which occurred only a few days prior to the employee being placed on leave, and then subsequently terminated shortly after the EPA inspection occurred and found health/safety issues. Apple still has refused to provide <u>any</u> documents regarding this matter.

However, in at least two instances, Defendant initially indicated it would not produce documents  responsive to a particular request, claiming the documents don't exist and/or it won't look for them, but then subsequently produced some responsive materials.

It has now been approximately nine months since Defendant's most recent formal response. The Plaintiff has significant concerns about the adequacy of Defendant's production across both sets of requests. By way of example only, and without limitation:
- Request for Production No. 20 (Set Two) sought all policies, guidelines, or instructions referencing employee discussion of wages or working conditions, message monitoring, restrictions on employee complaints, and related protocols — including the very policies under which Defendant claims to have taken the adverse employment action at issue. Defendant refused production in its entirety. Defendant cannot rely on policies as the basis for its employment decision while simultaneously refusing to produce them.
- Request for Production No. 23 (Set Two) sought internal audits, assessments, or reports concerning environmental hazards at two of Defendant's facilities where the Plaintiff was injured — documents going to the core of some of Plaintiff's protected disclosures and Defendant's knowledge thereof. Defendant refused production in its entirety.

These are illustrative of broader deficiencies across Defendant's responses to both sets of requests, which Plaintiff intends to address comprehensively once the status of production is confirmed.

Plaintiff also notes that with respect to multiple requests, Defendant asserted privilege as a basis for withholding documents but has not produced a privilege log with those records included, as required by Federal Rule of Civil Procedure 26(b)(5)(A). Plaintiff also needs to update her privilege log and provide a copy to Defendants, so this email simply request assurance Defendants will work on this and promptly produce an expanded log.

Plaintiff also still intends to notice Defendant's Rule 30(b)(6) deposition but only following the completion of document production, so that examination may proceed on a complete record.

Accordingly, please confirm in writing within five (5) business days of this letter whether Defendant is still in the process of collecting or reviewing documents responsive to any outstanding request from either of the two sets. If so, please identify which specific requests remain under review and provide an anticipated completion date. If certain requests are closed, please confirm which requests are complete, particularly where Defendant's prior response indicated it would continue searching.

If I do not receive a response within that timeframe, Plaintiff will understand Defendant's production to be complete as to all outstanding requests and will proceed accordingly, including with respect to the full scope of Plaintiff's concerns regarding the adequacy of Defendant's production and will start meet/confer for any necessary future motion practice.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Friday, April 17th, 2026 at 12:00 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

This was an enormous amount of work that I struggled to complete on time but did my best with my extremely limited resources at this time.

I'm attaching my Amended responses to all of Apple's Interrogatories and Request for Production. I responded to all of them. The final batches of document production from GoldFinch should be arriving to you in the next hour as the productions are processing and email notifications going out.

I'm also attaching a first draft of a Privilege Log and only realized tonight it will probably require 20hrs+ of my time to complete in full which as you're aware -- I do not have that time at this moment -- so I will work to get you an expanded version as soon as I can -- but it may take me a couple weeks. It would help me a lot if Apple can identify any type of privilege withholding from me it would require a full audited index rather than a categorical list as my withholding should mostly be inconsequential to the merits of Apple's defenses -- so for example, exactly how many emails I sent to / from non-noticed attorneys, or how many work product planning documents I created and the exact titles/dates seems not proportional to the work required of me.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Thursday, April 16th, 2026 at 5:51 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Counselor,
>
> Regarding all of the Interrogatories and RFPs you note below, I already told you I'm working on all of these items today and planned to send you the amended versions by midnight. I told you that earlier today so I do not know why you sent a subsequent email today now complaining I had not sent the stuff I already told you I was working on and would be sent you to you.
>
> Regarding the Deposition, I already told you I would insist on continuing the 4/8 deposition is Apple complained about rescheduling it later -- and that's on the transcript. I also already told you I'd appear on 4/20 -- then you asked to move it to 4/28, and I said ok and confirmed I'd appear, so I don't know why you're complaining about this again.
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> On Thursday, April 16th, 2026 at 5:44 PM, Perry, Jessica R. <jperry@orrick.com> wrote:
>
> > **From:** Perry, Jessica R. <jperry@orrick.com>
> > **Sent:** Tuesday, April 14, 2026 9:04 AM
> > **To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
> > **Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
> > **Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)
> >
> > Ashley,
> >
> > Apple responds to your points below regarding the issues raised by Apple in its April 9 email. In a separate thread, we will address the issues you raised in your April 9 email. As we continue to meet and confer, we expect that, pursuant to Judge Westmore's March 30 order,

we will discuss the issues raised by Apple in this thread, and we will discuss the issues you raised in the separate thread.

### 1. Your Deposition

You mischaracterize what happened at your deposition. Upon appearing, you stated under oath that you were not well enough to proceed. Tr. 351:12-15, 360:3-5. Accordingly, it was necessary to reschedule your court-ordered deposition to April 20, the parties' first mutually available date.

While the other two depositions are not at issue in Apple's meet & confer email below, Apple has not "pushed" these depositions past April 16, as Apple will make clear while responding to your April 9 meet & confer email and your administrative motion (Dkt. No. 346), both of which are riddled with false statements.

Again, we expect you to appear for four hours of testimony on April 20 and we reserve our rights to seek appropriate remedy if you do not.

### 2. Discovery Regarding Alleged Emotional Distress Damages

You have not addressed all of the topics we initially raised; however, we respond to the points you have raised.

**Interrogatories Nos. 12-17.** Thank you for confirming that you are working on supplementing your interrogatory responses. We expect you will supplement your responses to Interrogatories Nos. 12-17 as we requested in our April 9 email.

**RFP No. 12.** Your April 25, 2025 responses objected to RFP No. 12 on only two grounds: privilege and privacy. As to your privacy objection, you stated, "Defendant has provided no factual allegations, contentions, or disclosures … that would justify inquiry into Plaintiff's general medical history or healthcare providers." But RFP No. 12 does not seek "general medical history or healthcare providers." Rather, it narrowly seeks only those documents concerning distress you claim was caused by Apple regarding the four claims at issue. Moreover, Judge Westmore has ruled that such records are discoverable because you have put your medical and mental conditions "in controversy." Dkt. No. 291 at 2.

Thus, your response to RFP No. 12 raised no valid objections to production other than privilege. Indeed, you agreed to produce responsive, non-privileged documents, with rolling production ongoing.

You further stated that to the extent any documents are withheld or redacted for privilege, you will provide a privilege log, but none has been produced to date.

### 3. Discovery Regarding Alleged Damages, Generally

Again, you have not addressed all of the topics we initially raised; however, we respond to the points you have raised.

***Interrogatories Nos. 6-10.*** Given that you have confirmed that you are working on supplementing your interrogatory responses, we expect you will supplement your responses to Interrogatories Nos. 6-10 as we requested in our April 9 email.

***RFP No. 13.*** Given that you have confirmed that production is underway, we expect that you will produce all responsive, non-privileged documents, as your response to RFP No. 13 raised no valid objections to production other than privilege.

### *4. Discovery Regarding Mitigation Efforts*

***Interrogatories Nos. 11.*** Given that you have confirmed that you are working on supplementing your interrogatory responses, we expect you will supplement your responses to Interrogatory No. 11 as we requested in our April 9 email.

***RFP Nos. 6-9.*** Given that you have confirmed that production is underway, we expect that you will produce all responsive, non-privileged documents, as your responses to RFP Nos. 6-9 raised no valid objections to production other than privilege.

### *5. Discovery Regarding Allegations in the Fifth Amended Complaint*

***RFP Nos. 1 and 10.*** Given that you have confirmed that production is underway, we expect that you will produce the documents specifically identified in our email below with respect to RFP No. 1, as well as all responsive, non-privileged documents with respect to RFP No. 10, as your responses to RFP No. 1 and 10 raised no valid objections to production other than privilege.

Please advise on your position with respect to the remaining issues we raised.

Thank you.

On Thursday, April 16th, 2026 at 1:54 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Hello,
>
> Recording of the Kragmanov deposition is below:
>
> https://us06web.zoom.us/rec/share/n0J6UEQmICluEf2kq0IMkjg-IPZrXtDb23deLeQ-5mpBRBVy2RbyG6O4pDRjOXqE.5bqy7rG1bw1Tg95w
> Passcode: 9?7p^eQz
>
> FYI, i'm going to be working until late to get you all the outstanding discovery deliverables today -- it will probably be another midnight delivery night -- but its on its way.
>
> —
> **Ashley M. Gjøvik**

**BS, JD, PMP**

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, April 9, 2026 10:49 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** Re: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**[EXTERNAL]**

Counselor,

Brief response tonight. I'm still sick & I reserve the right to supplement during the meet-and-confer period.

**Deposition**
I object to your continued mischaracterization of the April 8 deposition. I appeared as ordered, was sworn in, and repeatedly stated I would continue. Apple stopped it. I have filed an Administrative Motion with Judge Chen to amend the Order at Dkt. 345 to extend the discovery cutoff for this deposition and two others (three total) that Apple has unilaterally pushed past April 16. That motion is now pending.

**Interrogatories**
As I have told you repeatedly over the past two weeks, I am working on supplementing my interrogatory responses. I also told you two weeks ago to please stop creating additional work for me so I could focus on completing them. Instead, Apple filed multiple motions and created numerous new disputes requiring my attention, which has delayed my progress. Nothing has changed — I am still working on them and will supplement.

**RFPs / Document Production**
I acknowledge receipt of Apple's RFPs. I will be candid — I did not remember Apple had served those RFPs until reviewing your email, as they were served in approximately March 2025 and Apple never followed up on them in over a year. That said, production is underway. As you know, I have sent three new productions in the last week alone and have communicated that in emails over the past two weeks. I also owe a privilege log, which again is something I told you I needed time to complete — time I have not had because of the volume of motions and disputes Apple has generated.

**Apple's Outstanding Production**

I am still waiting for a response from Apple regarding your own outstanding production obligations. Please confirm:
- Whether Apple is supplementing its production on any/all of the RFPs it previously refused to produce documents for, including but not limited to those raised in my motion to compel to Judge Westmore (which she directed further meet-and-confer on);
- Whether Apple is amending its outright refusals to produce;
- A status update on any production Apple still has underway;
- An updated privilege log.

This meet-and-confer process is mutual. I expect Apple's response on its own deficiencies as well. I will follow up with a more detailed response.

Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Thursday, April 9th, 2026 at 10:12 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> Judge Westmore's March 30, 2026 Omnibus Discovery Order directed:
> In an effort to preserve the Court's limited resources, the parties will have one final opportunity to address all outstanding fact discovery issues not otherwise pending. … The parties shall meaningfully meet and confer via email regarding every outstanding issue. To give the parties an opportunity to meaningfully meet and confer, each party shall raise their initial dispute(s) with the opposing party via email by April 9, 2026 (one week before the discovery cut-off) in a single email (e.g. Plaintiff sends one email to Defendant with all outstanding disputes and vice versa). The parties will then go back and forth on the same email thread in an attempt to narrow the scope of any remaining disputes.
> Dkt. No. 327 at 6-7.
>
> Subsequently, Judge Chen noted: "[T]he process established by Judge Westmore is for any remaining discovery disputes. Those disputes should not be numerous given that fact discovery is set to close on April 16, 2026." Dkt. No. 344 at 6.
>
> Apple writes pursuant to these orders to raise its outstanding discovery issues. They fall into five primary buckets:
>
>> Your court-ordered deposition;
>>
>> Discovery bearing on your alleged emotional distress damages;

Discovery bearing on your alleged damages, more generally;

Discovery regarding your efforts to mitigate your alleged damages; and

Discovery supporting key allegations in the operative Fifth Amended Complaint (Dkt. No. 142).

As detailed below, in many instances you previously stated you "would" provide responsive information and/or documents, but have never done so—and discovery closes in one week. In other instances, you have produced very limited documents and Apple would like to confirm you have nothing else responsive to produce.

Apple expects that you will appear for four additional hours of deposition on April 20, 2026, and will amend your responses to Apple's interrogatories and produce any remaining responsive documents no later than April 16, 2026 (the fact discovery cut-off). Apple reserves the right to move to compel responsive testimony, documents, and/or information, or to seek other appropriate relief from the Court, as appropriate.

### *Your Court-Ordered Deposition*

The first and most pressing issue is the matter of your continued deposition. As you know, on March 30, the Court ordered you to sit for four additional hours of deposition by April 8, 2026. Dkt. No. 327 at 5. Less than one hour before you were scheduled to provide the court-ordered testimony on the date you insisted was the only date you were available, you emailed us stating that you were ill and requesting that we reschedule the deposition. You did so despite having taken two depositions of Apple witnesses in this matter on April 3 and 7 (the latter finishing less than 24 hours before you contended you were too ill to sit for your own deposition); publicized and appeared at a "rally" outside of the San Francisco courthouse on April 2; filed ten different motions and objections with the Court during the preceding nine days; and scheduled four additional depositions of Apple witnesses to take place next week. We insisted that the deposition commence but, when you appeared and stated you could not provide testimony, we suspended the deposition after seventeen minutes.

You later offered to make yourself available any day the week of April 20 (after the fact discovery cut-off) except for a window mid-day on April 22 that would preclude four hours of testimony that day. We have since noticed your continued deposition to begin at 12noon PT on April 20, 2026 by Zoom. We expect you to appear and testify then and will seek appropriate relief from Judge Westmore and/or Judge Chen if you do not.

### *Discovery Regarding Alleged Emotional Distress Damages*

Interrogatories Nos. 12-17 and RFP No. 12 seek information and documents pertaining to your claimed emotional distress damages. This information is discoverable. As set forth in Judge Westmore's February 23, 2026 order, you have "placed [your] medical and mental conditions at issue in this case and [have], therefore, waived any privilege over [your] medical records." Dkt. No. 291 at 2. Even though these requests seek clearly discoverable

information that is in your possession, you did not provide any substantive answer to Interrogatories Nos. 12-17, and you only produced a handful of documents in response to RFP No. 12. This needs to be corrected.

We request you provide a substantive response to the following <u>interrogatories</u> in light of Judge Westmore's ruling:

- **Interrogatory No. 12** ("Describe each physical, mental, or emotional injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.")
- **Interrogatory No. 13** ("Identify each medical provider who has advised you that you may require future or additional treatment for any injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)")
- **Interrogatory No. 14** ("Describe all medical services (e.g., ambulance, nursing, prosthetics) that you have received for any injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.")
- **Interrogatory No. 15** ("State each medication, prescribed or not, that you have taken since February 23, 2015.")

In light of objections you made to Interrogatories No. 16-17, we will narrow them as follows:

- **Interrogatory No. 16** ("State each medical condition (e.g., stress, depression, post-traumatic stress disorder) that you have suffered since February 23, 2015 and that resulted in treatment by a medical provider.")
- **Interrogatory No. 17** ("For each medical condition identified in your response to Interrogatory No. 16, as narrowed above, identify the person who diagnosed it. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)")

Please respond accordingly.

Regarding <u>RFPs</u>, you must produce all responsive documents requested. **RFP No. 12** sought "[a]ll documents concerning any physical, mental, or emotional distress that you claim was caused by Defendant regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint." To date, you have produced only ***seven pages*** of potentially responsive medical records consisting of statements for insurance reimbursement from one of your medical providers.

Based on your <u>Initial Disclosures</u> (last amended February 26, 2026), it appears you may have additional potentially responsive documents in your possession, custody, or control. There, you indicated that documents in your possession that you may use to support your claims include "[m]edical, counseling, medication, and psychiatric records," "[m]edical records of doctor visits, tests, imaging, diagnoses, after visit summaries, and medications," "[w]itness statements and copies of text messages and emails from witnesses about this matter," "[r]ecords to support claims of post-employment IIED," and "[j]ournal/calendar

entries about events in this matter, and Gjovik's emotional state due to the retaliation." None of these have been produced. They should be.

Regarding third-party subpoenas to medical providers, we will continue to attempt to obtain records responsive to our subpoenas. To the extent providers do not produce records by April 30—including due to any continued refusal on your part to sign appropriate authorization(s) for the release of those records—we intend to move for an order compelling production from the providers and/or evidence preclusion sanctions.

Finally, once your medical records have been obtained, we will work with you to schedule an FRCP 35 independent medical examination (IME), ideally for June 1, 2026. *See* Jan. 27, 2026 10:21am PT email from Gjovik to Riechert, *et al.* ("I already agreed to a neutral medical exam."); Dkt. No. 345 at 4 (Apr. 8, 2026 order from Judge Chen extending discovery deadline as to limited issues, including "the IME").

### ***Discovery Regarding Alleged Damages, Generally***

FRCP 26(a)(1)(A)(iii) requires production of "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered."

Your Initial Disclosures include a chart listing "Evidence on Which [Damages] Computation is Based." However, many of the items listed have not been produced—*e.g.*, "Documents supporting length of time Plaintiff worked at … other employers"; "Records of Gjovik trying to stay at Apple / wanting to work at Apple for indefinite future"; "Witness statements"; "Payroll info from current employment"; "Receipts & invoices"; "Medical records and bills"; "Prescriptions" "Diagnoses"; "LLC expenses and losses"; "Sales of assets"; "Therapy co-pays"; "Photographs / videos / audio recording"; "Tools / service[s] to try to improve online reputation" or "hide personal information online"; "Therapy appointments"; "Journal entries"; "Cancellation of Bar Exam appointments"). Please produce all documents listed in this chart from your Initial Disclosures.

Additionally, your responses to the following interrogatories remain deficient:
- **Interrogatory No. 6** ("State the total amount of income, benefits, and/or earning capacity that you have lost to date that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the Fifth Amended Complaint (Dkt. No. 142; herein, the "5AC")."). You represented that you "will supplement" your response to Interrogatory No. 6 "consistent with [your] Initial Disclosures" but to date you have not done so. Please do.
- **Interrogatory No. 7** ("Describe how you calculated the amount stated in your response to Interrogatory No. [6]."). You provided only objections to Interrogatory No. 7. Contrary to your objections, your Initial Disclosures do not describe how you calculated "the total amount of income, benefits, and/or earning capacity" referenced in Interrogatory No. 6. Please provide this information.

- **Interrogatory No. 8** ("State the total amount of income, benefits, and/or earning capacity that you expect to lose in the future that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the 5AC."). If you have any responsive information not already provided, please supplement.
- **Interrogatory No. 9** ("Describe how you calculated the amount stated in your response to Interrogatory No. [8]."). You provided only objections to Interrogatory No. 9. You suggested that this calculation "fall[s] within the scope of expert economic analysis." If you have any responsive factual information, please provide it.
- **Interrogatory No. 10** ("State the cost of each benefit that you have purchased to replace any benefits to which you contend you would have been entitled had the alleged conduct that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC not occurred."). Your response indicated that to the extent you incurred costs related to replacement of lost benefits, you had summarized such information in your Initial Disclosures. But to date, you have not stated the cost of any benefit you purchased to replace any lost benefit. To the extent you purchased any such benefit, please state the cost. Your objections argue this Interrogatory requires you to speculate about Apple's internal benefit costs and policies to which you have no access. This argument is misplaced; we are not asking you about Apple's "internal benefit costs"; we are asking only for the costs of "benefit[s] that you have purchased"—information that is clearly in your possession.

You have not produced any documents in response to the following RFP:

- **RFP No. 13.** "All documents that support the damages you allege to have sustained regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint."

Again, please produce the documents listed in the chart in your Initial Disclosures, as they are responsive to RFP No. 13 (and, as discussed above, you are also required to do so independently under FRCP 26(a)(1)(A)(iii)).

### ***Discovery Regarding Mitigation Efforts***

To date you have provided only limited information and documents regarding your efforts (if any) to mitigate the damages you attribute to Apple. Apple is entitled to this information and wants to ensure you have produced everything responsive. *See* Dkt. No. 215 at 4-5 (noting that "Apple will have some leeway when conducting discovery into [mitigation] defenses because the information relevant to the defenses is in large part, within the possession, custody, or control of Ms. Gjovik").

- **Interrogatory No. 11** ("Describe how you have attempted to minimize the amount of your lost income that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC."). Your responsive stated only: "Plaintiff sought alternate employment and consulting roles." Please amend your response to state what

specific alternative employment or consulting roles you sought, and when, how and with whom you sought those roles.

- **RFP No. 6:** "Your most recent resume(s)." You produced a resume in December 2023. If you have any other responsive document(s), please produce them.
- **RFP No. 7:** "Documents concerning claims by you for unemployment benefits since your employment at Apple ended." Please confirm you have completed your production as to RFP No. 7.
- **RFP No. 8:** "Documents concerning: (i) communications with potential employers; (ii) job search efforts; (iii) offer(s) of employment or consulting; (iv) job description(s); and (v) income and benefits of any employment or consulting arrangement held by you, since your employment at Apple ended." Please confirm you have completed your production as to RFP No. 8. Please also produce your tax returns for 2025 if and when available.
- **RFP No. 9:** "Documents concerning the termination of any employment or consulting arrangement held by you since your employment at Apple ended." You have not produced any responsive documents, despite their existence (*e.g.*, your work for Northeastern University). Please produce them.

### *Discovery Regarding Allegations in the Fifth Amended Complaint*

Finally, we want to ensure you have completed your production of requested information and documents regarding certain key factual allegations you have made in this action.

- **RFP No. 1** sought "[a]ll documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint[.]"
  - Please produce all documents concerning your allegation that you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[.]" Dkt. No. 142 (final iteration of 5AC) ¶ 158; *see also* Dkt. No. 128 (first iteration of 5AC) ¶ 171 ("Gjovik complained that Apple frequently requested that Gjovik and her coworkers participate in … biometrics data collection (like the Gobbler app)"). This includes all communications (*e.g.*, emails, text messages, social media posts) that you made "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications—including all such communications that contained internal images from the Glimmer application.

  - Please produce all documents concerning your allegations that you "provided information for the article ['Apple Cares About Privacy, Unless You Work at Apple'], including multiple images of secret photos Apple took of [you] in [your] home from the Gobbler application," and that you "shared concerns with a reporter for an advocacy article in August 2021 titled 'Apple Cares about Privacy, Unless You're an Apple Employee [sic].'" Dkt. No. 142 ¶¶ 159, 232. This includes all communications (*e.g.*, emails, text messages) that you sent to Zoë Schiffer or any other reporter at The Verge in which you provided "images

of … photos … from the Gobbler application" or any other information related to the article "Apple Cares About Privacy, Unless You Work at Apple."

- **RFP No. 10** sought "[a]ny other documents upon which you rely to support the [ ] claims in Count I –Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint[.]" If you have any responsive documents that you have not yet been produced, please produce them.

\*\*\*

Thank you in advance for your attention to these five remaining issues. Consistent with the Omnibus Discovery Order, we ask that you respond on these five issues solely in a response to this email.

Best,
Jessica

**Jessica Perry**

Partner

Orrick

Silicon Valley

T +1-650-614-7350

jperry@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

Ashley,

Other than a brief exchange yesterday regarding your deposition proceeding on April 28 instead of April 20, we have received no substantive response from you to our April 9 email. Please let us know when you will engage in a meet and confer regarding the issues we raised in our April 9 email. This cannot be a one way street.

Thank you.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Tuesday, April 21, 2026 8:00 AM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Wednesday, April 22, 2026 1:46 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Plaintiff (Per Dkt. No. 327)

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.