(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFF'S PART 1, REQUEST FOR PRODUCTION OF PHASE 1 DISCOVERY** |
| v. | |
| APPLE INC., | |
| Defendant. | |

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:      +1 310 633 2800
Facsimile:      +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:      +1 202 339 8400
Facsimile:      +1 202 339 8500

Attorneys for Defendant
Apple Inc.

Defendant Apple Inc. responds to Plaintiff Ashley Gjovik's Part 1, Request for Production of Phase 1 Discovery[1] ("Requests"), served on October 30, 2024, as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

The case file from Defendant's Employee Relations Case Management Platform concerning Jenna Waibel's investigation into Gjovik starting at or before March 2021 (or whatever it was coded as when Waibel became involved in March 2021) through September 10 2021. (Including notes or comments from people other than Waibel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant does not have any documents responsive to this Request because Ms. Waibel never conducted an investigation into Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:**

The case file from Defendant's Employee Relations Case Management Platform concerning Jenna Waibel's Investigation into Gjovik's concerns starting in March 2021 through September 10 2021. (Including notes or comments from people other than Waibel).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request to the extent it seeks information outside of the claims properly at issue in the Fourth Amended Complaint ("4AC") as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent it seeks disclosure of a confidential internal

---

[1] On October 1, 2024, the Court limited discovery to "'Phase 1' discovery (*i.e.,* discovery needed for the settlement conference) on Counts 1 [wrongful termination] and 3 [retaliation] (which Apple did not contest at all in its motion to dismiss) and those parts of the retaliation claims above that were not challenged or otherwise survived." Dkt. 112 at 41. These Requests improperly seek information about a number of issues and claims outside of that scope, which is not relevant to Plaintiff's employment-related claims and for which discovery is thus not proper at this time.

APPLE'S RESPONSES TO PLAINTIFF'S PART 1, REQUEST FOR PRODUCTION OF PHASE 1 DISCOVERY [23-CV-4597-EMC]

Employee Relations investigation that includes sensitive and private information about third parties. *See* Fed. R. Civ. Proc. 26(c).

Subject to and without waiving the forgoing objections, Defendant did not maintain a case file concerning Ms. Waibel's investigation into concerns Plaintiff raised in an "Employment Relations Case Management Platform." Defendant interprets "case file" to mean the investigation documents maintained by Ms. Waibel relating to concerns raised by Plaintiff. Defendant has not identified any responsive, non-privileged documents as the investigation was conducted at the direction and under the supervision of counsel. Defendant will produce a categorical privilege log.

**REQUEST FOR PRODUCTION NO. 3:**

The case file from Defendant's Employee Relations Case Management Platform concerning Ekelemchi Okpo's investigation into Gjovik's concerns starting in July 2021 through September 10 2021. (Including notes or comments from people other than Okpo).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request to the extent it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent it seeks disclosure of a confidential internal Employee Relations investigation that includes sensitive and private information about third parties. *See* Fed. R. Civ. P. 26(c).

Subject to and without waiving the forgoing objections, Defendant did not maintain a case file concerning Mr. Okpo's investigation into concerns raised by Plaintiff in an "Employment Relations Case Management Platform." Defendant interprets "case file" to mean the investigation documents maintained by Mr. Okpo relating to concerns raised by Plaintiff. Defendant has not identified any responsive, non-privileged documents as the investigation was conducted at the direction and under the supervision of counsel. Defendant will produce a categorical privilege log.

/ / /

APPLE'S RESPONSES TO PLAINTIFF'S PART 1, REQUEST FOR PRODUCTION OF PHASE 1 DISCOVERY [23-CV-4597-EMC]

**REQUEST FOR PRODUCTION NO. 4:**

The case file from Respondent's Employee Relations Case Management Platform concerning any investigation into Gjovik starting on August 4 2021 through September 10 2021. (Including notes or comments from people other than Okpo).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this Request to the extent it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent it seeks disclosure of a confidential internal Employee Relations investigation that includes sensitive and private information about third parties. *See* Fed. R. Civ. P. 26(c).

Subject to and without waiving the forgoing objections, Defendant did not maintain a case file regarding an investigation into Plaintiff from August 4, 2021 to September 10, 2021, in an "Employment Relations Case Management Platform." Defendant interprets "case file" to mean the investigation documents related to Aleks Kagramanov's investigation into Plaintiff posting confidential documents on the internet. Defendant does not have any responsive, non-privileged documents as the investigation was conducted at the direction and under the supervision of counsel. Defendant will produce a categorical privilege log.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning the August 2021 "Issue Confirmation", document for Plaintiff [*sic*], and from document Plaintiff [*sic*], including drafts (with time stamps and/or metadata) and associated emails or other communications, through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this Request to the extent it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count

VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent it seeks disclosure of confidential, sensitive, and private information about third parties. *See* Fed. R. Civ. P. 26(c).

Subject to and without waiving the forgoing objections, Defendant understands this Request to seek all documents concerning the August 2021 Issue Confirmation sent between Plaintiff and Defendant, including drafts. Defendant will produce all responsive, non-privileged documents located after a reasonably diligent search as they are kept in the usual course of business subject to entry of an appropriate protective order in this matter.

**REQUEST FOR PRODUCTION NO. 6:**

The Business Conduct system record for Complainant's August 2021 Business Conduct Complaint including any notes, updates, status, and/or resolution. Also any emails were sent by Business Conduct about the Complaint through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant does not have any documents responsive to this Request because the Business Conduct complaint that Gjovik filed in August 2021 (regarding a separate alleged conflict of interest) is not related to Plaintiff's claims presently at issue in the 4AC and as defined in the Court's October 1, 2024 Order. *See* Dkt. 112 at 38-41.

**REQUEST FOR PRODUCTION NO. 7:**

All indoor air testing results and reports, air test plans, cracked slab repair plans, cracked slab inspection reports, cracked slab sealing reports, SSD/SSV maintenance reports, engineer certifications of work performed, invoices, work orders, related to the CERCLA engineering controls at 825 Stewart Drive from Jan 1 2021 through Sept 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count

APPLE'S RESPONSES TO PLAINTIFF'S PART 1, REQUEST FOR PRODUCTION OF PHASE 1 DISCOVERY [23-CV-4597-EMC]

VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

Any status report, meeting notes, or other type of summary sent to or from Gjovik's management chain and/or Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares concerning the August 19 2021 US EPA inspection of 825 Stewart Drive, from July 25 2021 through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it calls for information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

All documents in possession of Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Atone Jain, Michael Seiger, or Tom Huynh that concern both the Plaintiff and the property at 3250 Scott Blvd, from Sept. 1 2020 through Spet. [*sic*] 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41.

Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:**

Any "safety plan" or "EHS plan" or "operations and maintenance plan" for 825 Stewart Drive or 3250 Scott Blvd in place between Jan. 1 2020 and Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request because it seeks information outside of the claims properly at issue in the 4AC as explained in the Court's October 1, 2024 Order: Count I – Wrongful Discharge; Count II – Labor Code §1102.5 ¶168, lines 9-25; Count III – Labor Code §6310; Count VI – Labor Code §232.5 ¶182; and Count VII – Labor Code §96(k). *See* Dkt. 112 at 38-41. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objections, Defendant understands this Request to seek documents regarding Defendant's voluntarily vapor intrusion mitigation program at 825 Stewart Dr. and/or 3250 Scott Blvd. Defendant has already produced all responsive documents located after a reasonably diligent search between Defendant and Plaintiff during her employment regarding Defendant's voluntary vapor intrusion mitigation program at 825 Stewart Dr.: APL-GAELG_00000530, APL-GAELG_00000556, APL-GAELG_00000560, APL-GAELG_00000564, APL-GAELG_00000567, APL-GAELG_00000582, APL-GAELG_00000591, APL-GAELG_00000621, APL-GAELG_00000664, APL-GAELG_00000676, APL-GAELG_00000705, APL-GAELG_00000717, APL-GAELG_00000771, APL-GAELG_00000775, APL-GAELG_00000798, APL-GAELG_00000806, APL-GAELG_00000830, APL-GAELG_00000869, APL-GAELG_00000878, APL-GAELG_00000946, APL-GAELG_00000948, APL-

APPLE'S RESPONSES TO PLAINTIFF'S PART 1, REQUEST FOR PRODUCTION OF PHASE 1 DISCOVERY [23-CV-4597-EMC]

GAELG_00000950, APL-GAELG_00000955, APL-GAELG_00000959, APL-GAELG_00001186, APL-GAELG_00001190, APL-GAELG_00001200, APL-GAELG_00001205, APL-GAELG_00001208, APL-GAELG_00001361, APL-GAELG_00001377, APL-GAELG_00001391, and APL-GAELG_00001509.

Defendant is not producing any documents regarding the voluntary vapor intrusion mitigation program at 825 Stewart Dr. that were not provided to Plaintiff during her employment, as they are not responsive to Plaintiff's claims presently at issue in the 4AC and as defined in the Court's October 1, 2024 Order. *See* Dkt. 112 at 38-41. Nor is Defendant producing any documents regarding 3250 Scott Blvd., as they are also not relevant to the claims properly at issue in the 4AC and as defined in the Court's October 1, 2024 Order. *See id.*

**REQUEST FOR PRODUCTION NO. 11:**

All documents or communications with Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares, concerning Complainant's 2021 mid-year performance review, dated from Jan 1 2021 through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant does not have any documents responsive to this Request because Defendant did not conduct a mid-year performance review for Plaintiff in 2021.

**REQUEST FOR PRODUCTION NO. 12:**

All documents or communications with Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares, concerning Complainant's 2021 annual performance review and compensation determination dated from Jan 1 2021 through Sept. 10 2021. This includes the peer feedback received in the HR tool from Gjovik's peers, and any drafts of the review in that tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

APPLE'S RESPONSES TO PLAINTIFF'S PART 1,
REQUEST FOR PRODUCTION OF PHASE 1
DISCOVERY [23-CV-4597-EMC]

Subject to and without waiving the forgoing objections, Defendant will produce all responsive, non-privileged documents located after a reasonably diligent search as they are kept in the usual course of business. Defendant will produce a categorical privilege log.

**REQUEST FOR PRODUCTION NO. 13:**

Any drafts, comments, or revisions of the termination letter and notice sent to Complainant on Sept. 9 2021. (Please include timestamps when possible).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the forgoing objections, Defendant has already produced all responsive, non-privileged documents located after a reasonably diligent search: APL-GAELG_00001143, APL-GAELG_00001176, APL-GAELG_00001166, APL-GAELG_00001144, APL-GAELG_00001513, APL-GAELG_00001548, APL-GAELG_00001538, and APL-GAELG_00001516. Defendant will produce a categorical privilege log.

**REQUEST FOR PRODUCTION NO. 14:**

Any email discussion, meeting notes, or other documents between Plaintiff's management chain, Human Resources, Employee Relations, or Global Security that involved planning whether or not they would terminate Plaintiff, and how they would terminate Plaintiff dated from Jan. 1 2021 through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the forgoing objections, Defendant has already produced all responsive, non-privileged documents located after a reasonably diligent search: APL-GAELG_00001513, APL-GAELG_00001548, APL-GAELG_00001538, and APL-GAELG_00001516. Defendant will produce a categorical privilege log.

**REQUEST FOR PRODUCTION NO. 15:**

Any documents, contracts, or agreements that Plaintiff supposedly signed, accepted, or otherwise responded to related to the "Gobbler"/"Glimmer" app between Jan. 1 2016 and Sept. 10 2021. This includes any Informed Consent Forms and/or NDAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request to the extent it seeks disclosure of confidential and proprietary Apple product information.

Subject to and without waiving the forgoing objections, Defendant will produce all responsive documents located after a reasonably diligent search subject to appropriate protections.

**REQUEST FOR PRODUCTION NO. 16:**

Any emails or other documents, in possession of her management chain (David Powers, Dan West, Yannick Bertolus, John Ternus, Tim Cook) or Human Resources/Employee Relations (Helen Polkes and her management chain, Waibel and Okpo and their management chain) discussing the Aug. 31 2021 "Apple Cares About Privacy, Unless you Work at Apple," Verge article, dated from Aug. 20 2021 through Sept. 10 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request as overbroad because it seeks documents from custodians who were not involved in the decision to terminate Plaintiff's employment. For that reason, Defendant also objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objections, Defendant limits this Request to custodians that were involved in the decision to terminate Plaintiff's employment (who Defendant has already identified for Plaintiff), including Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, and Adelmise Warner. Defendant will produce responsive, non-privileged documents located after a reasonably diligent search as

APPLE'S RESPONSES TO PLAINTIFF'S PART 1, REQUEST FOR PRODUCTION OF PHASE 1 DISCOVERY [23-CV-4597-EMC]

they are kept in the ordinary course of business on a rolling basis. Defendant will produce a categorical privilege log.

**REQUEST FOR PRODUCTION NO. 17:**

Any responses transmitted from Apple to The Verge and/or the reporter Zoe Schiffer, about the Apple Cares About Privacy, Unless you Work at Apple," Verge article, in response to the reporter's request for comment prior to publication. (Including any responses after publication, through Sept. 10 2021).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant understands this Request to seek communications from Defendant's PR team to The Verge and/or Zoe Schiffer. Defendant does not have any documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Whatever email or emails that Orrick referred to in their U.S. Dept. of Labor response in 2022, that were dated at or around July 20 2021, that Orrick says includes comments from Plaintiff about a medical leave or administrative leave.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant has already produced the responsive documents: APL-GAELG_00001451 and APL-GAELG_00001053.

Dated: November 29, 2024                     ORRICK, HERRINGTON & SUTCLIFFE LLP


By:        _/s/ Melinda S. Riechert_
                MELINDA S. RIECHERT
                Attorney for Defendant
                APPLE INC.

APPLE'S RESPONSES TO PLAINTIFF'S PART 1,
REQUEST FOR PRODUCTION OF PHASE 1
DISCOVERY [23-cv-4597-EMC]