**Ashley M. Gjovik, JD**
*In Propria Persona*
April 25 2025
legal@ashleygjovik.com

# United States District Court

## Northern District of California

**Ashley M. Gjovik**, *an individual*,

 Plaintiff,

 vs.

**Apple Inc.**, a corporation,

 Defendant.

## Plaintiff's Request for Production

Combined discovery request no. three. Full civil discovery request no. one.

**U.S. District Court Case No**.:
- *Gjovik v. Apple,* 3:23-CV-04597-EMC

**Related Cases:**
- **U.S. Court of Appeals for the Ninth Circuit:** 25-2028; 24-6058
- **U.S. NLRB Case. No.'s**: 32-CA-282142; 32-CA-283161; 32-CA-284428; 32-CA-284441
- **U.S. Dept. of Labor ARB Case No**.'s: 2024-0060; 2024-CER-00001.
- **U.S. EPA & California EPA BAAQMD** enforcement actions

TABLE OF CONTENTS

I.     Notice & Scope Under Court Standing Orders ............................. 2

II.    Definitions ........................................................................ 3

III.   Requests for Production ..................................................... 7

       A.    Group A - Protected Activity ......................................... 7

       B.    Group B – NDAs, Speech Suppression, & Confidentiality Retaliation 11

       C.    Group C - EH&S / Toxic Exposure / Vapor Intrusion .................... 12

       D.    Group D – Adverse Actions & Retaliation Chain ............................15

## REQUEST FOR PRODUCTION

1.      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ashley Gjovik hereby requests that Defendant Apple Inc. produce for inspection and copying the documents and electronically stored information ("ESI") described below, at the offices of Plaintiff or via agreed electronic format, within thirty (30) days of service hereof.

2.      This Request for Production seeks documents that are in the possession, custody, or control of Defendant Apple Inc., including but not limited to documents held by its officers, employees, contractors, agents, attorneys, investigators, outside vendors, or any other representatives.

3.      These Requests are made in connection with Plaintiff's causes of action for whistleblower retaliation under California Labor Code §§ 1102.5, 6310, and 98.6/98.7, and for wrongful termination in violation of public policy under *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167. Each request directly relates to the facts, allegations, and statutory elements at issue in the Fifth Amended Complaint, and discovery is sought for the purpose of establishing:

- (1) Plaintiff's protected activity.
- (2) Apple's knowledge of such activity.
- (3) adverse actions taken in retaliation.
- (4) pretext and motive; and
- (5) resulting harm and damages.

These Requests shall be deemed continuing in nature, and Defendant is under a duty to timely supplement its responses and production pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## I.  NOTICE & SCOPE UNDER COURT STANDING ORDERS

4.      These Requests for Production are served in compliance with the Northern District of California Civil Local Rules, the Standing Order for All

Judges of the Northern District of California – Contents of Joint Case Management Statement, the Standing Order of Judge Edward M. Chen, and the General Standing Order of Magistrate Judge Kandis A. Westmore.

5. In accordance with Judge Westmore's standing order, Plaintiff has tailored these requests to be proportional, issue-based, and closely aligned with the claims and defenses at issue. The plaintiff anticipates seeking further clarification, meet-and-confer, and motion relief as necessary under Rules 26, 34, and 37 of the Federal Rules of Civil Procedure.

## II. DEFINITIONS

6. **"Apple" or "Defendant"** means Apple Inc., including its employees, managers, directors, officers, attorneys, representatives, contractors, agents, subsidiaries, affiliates, and any other persons or entities acting or purporting to act on its behalf.

7. **"Plaintiff"** means Ashley Gjovik, and includes all documents, communications, and records relating to or maintained about her.

8. **"Document(s)"** shall have the broadest possible meaning under Federal Rule of Civil Procedure 34(a) and includes, without limitation: all written, printed, typed, electronically stored, photographic, or otherwise recorded matter; emails; text messages; messages; Webex, Microsoft Teams or Zoom chats; meeting notes; handwritten notes; internal memos; reports; PowerPoint/Keynote presentations; audio recordings; metadata; and all drafts, copies, or redlined versions thereof.

9. **"Electronically Stored Information" or "ESI"** means any and all electronically stored documents, metadata, communications, or records stored on any server, email system, phone, Slack channel, internal database, SharePoint system, cloud drive, or physical device. ESI shall include metadata, document versions, Slack message histories (including edits and deletions), and file path

logs.

10.    **"Communication"** means any oral, written, or electronic statement, utterance, conversation, correspondence, message, or transmission of information between two or more persons or systems, whether formal or informal.

11.    **"Concerning," "Relating to," or "Referring to"** mean relating to, referring to, describing, evidencing, constituting, reflecting, memorializing, or having any legal, factual, or evidentiary connection to the subject matter identified.

12.    **"Identify" or "Describe,"** when used in reference to a person, document, or communication, means to provide, as applicable:

- (a) the name.
- (b) title and role.
- (c) last known address or contact information.
- (d) date(s) involved; and
- (e) for documents, the Bates number or file location, and storage format.

13.    **"Hazardous Conditions"** or **"Toxic Exposure"** mean actual or potential exposure to chemical substances, air contaminants, vapor intrusion, particulate matter, or any environmental or workplace safety risks subject to regulation under Cal/OSHA, CERCLA, RCRA, or Prop 65.

14.    **"Retaliation"** includes any adverse action, reprisal, discipline, surveillance, threat, suspension, reassignment, investigation, termination, or blacklisting undertaken in response to Plaintiff's protected activity.

15.    **"Policy"** means any written or unwritten rule, protocol, code of conduct, internal practice, instruction, or standing order issued by Apple or its personnel.

16.    **Timeframe.** Unless otherwise specified, these requests seek documents and communications created, sent, received, revised, or in effect

between January 1, 2020 and the present, and continuing thereafter until the close of discovery.

17.    **Duty to Supplement.** These Requests are continuing in nature. Defendant shall supplement its responses and production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure if it later obtains or discovers any responsive material.

18.    **ESI Format.** Electronically Stored Information ("ESI") must be produced in native format with metadata intact, including timestamps, author/sender, recipient, revision history, file paths, and hash values, unless the parties agree to an alternative reasonably accessible format. messages must include edit history, reactions, and threading context.

19.    **Search Obligations.** The defendant must conduct a reasonable, good faith search of all physical and electronic storage systems likely to contain responsive materials, including but not limited to:

- Message and email servers (e.g., Slack, Apple Mail, Outlook, Exchange, etc.)
- Internal project management tools (e.g., JIRA, Confluence, Workday, Radar, etc.)
- Shared drives, SharePoint, iCloud, GitHub, Zoom, and other file repositories.

20.    **Privilege and Redactions.** If any document is withheld in whole or in part on the basis of attorney-client privilege, work product doctrine, or other objection, Defendant must: State the legal basis for withholding; Provide a privilege log identifying the document's author, recipient(s), date, general subject matter, and type of privilege claimed. Redactions must be narrowly tailored, not applied to entire documents unless justified, and redacted versions must be produced with placeholders indicating the basis.

21.    **Possession, Custody, or Control.** These Requests apply to

documents and ESI that are in Defendant's possession, custody, or control, including those maintained by its employees, attorneys, contractors, agents, investigators, subsidiaries, affiliates, and third-party vendors acting on Apple's behalf or under Apple's contractual right of access.

22.    **Interpretation.** Terms such as "all," "each," "any," "including," and "concerning" shall be construed to have broad and inclusive meanings, consistent with liberal discovery principles under federal law. No Request shall be interpreted in a limiting or restrictive manner unless required by law or court order.

23.    **Objections.** If Defendant objects to any Request, it must: State with specificity the legal and factual basis for the objection; Indicate whether any documents are being withheld; Produce any portion of a document that is not subject to the objection.

24.    **Third-Party Access.** If any responsive documents are held by a third party (e.g., Slack, outside counsel, facilities contractors, or consultants), and Apple has the right to access or direct access to such documents, it must make reasonable efforts to obtain and produce them.

25.    **Consolidation of Duplicates.** Duplicate documents or ESI that are functionally identical may be produced only once. However, Defendant must indicate all custodians in whose possession a duplicate was found.

26.    **Replies to Communications.** Where a document includes a communication with replies (e.g., email threads, messages, chat discussions), each reply or message in the thread shall be produced as a separate document, with thread context preserved, including timestamps and sender metadata.

27.    **Metadata Requirements.** Each document or ESI item produced must include metadata fields showing at minimum: Date and time of creation; Date and time of last modification or edit; Date and time sent or received (if applicable). If metadata is unavailable, Apple must explain why and identify any system or export tool limitations.

28.    **Reductions and Privilege Limits.** No document may be redacted on the basis of attorney-client privilege or work product doctrine unless a licensed attorney is a sender, recipient, or expressly referenced in the content of the communication. Documents redacted for any reason, including for claims of: Attorney-client privilege, Trade secret protection, Confidential business or proprietary information (as defined under Cal. Civ. Code § 3426.1(d) and 18 U.S.C. § 1839), must be accompanied by a Confidentiality Privilege Log, indicating: The reason for redaction; The nature of the redacted content; Any person(s) referenced in or related to the content.

29.    **Absence of Documents / Audit Trails.** If Defendant asserts that no responsive documents exist in a system where responsive documents would reasonably be expected to exist (e.g., HR records, ER databases, safety logs, Slack), Apple must: Identify the system(s) searched, Specify the search terms and fields used, Confirm the date/time of the search, and provide a record or screenshot showing the absence of results for Plaintiff's name or account (e.g., "no ER case found for Ashley Gjovik").

30.    **No Presumption of Completeness.** The absence of documents shall not be presumed sufficient unless Apple affirmatively demonstrates that it conducted a reasonable and timely search of all systems likely to contain responsive information.

## III.  Requests for Production

### A.  Group A - Protected Activity

- **RFP No. 1.** All documents, including emails, messages, or other internal communications, sent by Plaintiff to any Apple employee, manager, or team between January 1, 2020 and September 30, 2021, and responses, relating to health, safety, environmental, privacy, surveillance, or workplace concerns.[1]

- **RFP No. 2.** All documents or communications, including but not limited to emails, messages, or reports, received by Apple from any external agency (e.g., EPA, Cal/OSHA, DOL, EEOC, NLRB, CDPH, DFEH) concerning or referencing Plaintiff.[2]

- **RFP No. 3.** All internal communications (including messages, email, and meeting notes) discussing Plaintiff's disclosures, complaints, agency filings, Slack activity, or public posts about Apple's work environment, privacy practices, or EH&S concerns.[3]

- **RFP No. 4.** All documents, including HR, ER, and Legal Department records, logging, referencing, or investigating Plaintiff's internal or external reports about vapor intrusion; toxic exposure; environmental violations; privacy violations; discrimination; wage transparency; NDAs, and retaliation.[4]

- **RFP No. 5.** All messages authored by Plaintiff between January 2020 and September 2021 in any public or private channel in which workplace safety, toxic exposure, NDAs, labor organizing, or company conduct were discussed, including replies and forwards.[5]

- **RFP No. 6.** All messages, email threads, and documents in which any

---

[1] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal.5th 703 (2022); *Cabesuela v. Browning-Ferris*, 68 Cal.App.4th 101, 109 (1998); Rutter Cal. Civ. Pro. – Discovery § 8:131.

[2] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *People ex rel. Garcia-Brower v. Kolla's Inc.*, 14 Cal.5th 719 (2023); Civil Litigation Management Manual, 3d Ed., Ch. 3.

[3] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs* (ND Cal, Judge Chen); Rutter § 8:127; § 8:203.

[4] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Oyarzo v. Tuolumne Fire Dist.*, 955 F.Supp.2d 1038 (E.D. Cal. 2013); Restatement of Emp't Law" §§ 5.01–5.03.

[5] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Ross v. County of Riverside,* 36 Cal.App.5th 580 (2019); Civil Litigation Management Manual – Slack is ESI, subject to production.

Apple employee, manager, ER/HR investigator, or legal representative discussed Plaintiff's Slack posts, environmental or labor complaints, or interactions with coworkers about company policy.[6]

- **RFP No. 7.** All documents created by Apple's Legal, EH&S, HR, ER, or Security departments in response to Plaintiff's disclosures, including strategy memos, internal risk assessments, or communications regarding handling of her reports.[7]

- **RFP No. 8.** All communications between Apple and any outside legal counsel, PR firm, or government affairs firm regarding Plaintiff, her disclosures, or how Apple should respond to external agency activity involving Plaintiff.[8]

- **RFP No. 9.** All documents referencing or reflecting Apple's knowledge of preparation for, or handling of EPA or city/state investigations involving 825 Stewart or 3250 Scott Blvd between 2019 and 2022.[9]

- **RFP No. 10.** All written or draft public statements, talking points, or internal FAQ documents created by Apple regarding employee speech rights; NDAs and protected disclosures; and environmental safety at Apple sites.[10]

- **RFP No. 11.** All documents, communications, or reports received by Apple management, HR/ER, Legal, or Security, between March 1, 2021 and September 10, 2021, from any Apple employee, contractor, or third party, referencing Plaintiff, her Slack activity, her social media account, or her complaints about workplace conditions, toxic exposure, or privacy violations.[11]

---

[6] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner v. Anheuser-Busch*, 7 Cal.4th 1238 (1994); Rutter § 8:215.

[7] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Green v. Ralee Eng'g Co.*, 19 Cal.4th 66 (1998); Rutter § 8:209.

[8] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); CCP § 2031.010; *Garcia-Brower v. Kolla's;* Rutter § 8:176.

[9] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Commodore Home Systems v. Sup. Ct.*, 32 Cal.3d 211 (1982); Civil Litigation Management Manual – Discovery of agency records and remediation plan.

[10] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs* (Judge Chen)

[11] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *People ex rel. Garcia-Brower*, 14 Cal.5th at 719; *Lawson v. PPG; People ex rel. Garcia-Brower, 14 Cal.5th at 719; Lawson v. PPG*

- **RFP No. 12.** All internal documents, investigation notes, HR/ER summaries, or communications between Apple employees discussing or reacting to any coworker reporting Plaintiff's Slack or social media account activity to Apple management, HR, Legal, or Security. [12]

- **RFP No. 13.** All reports, complaints, or messages made about or on behalf of Plaintiff between March 1, 2021 and September 10, 2021, including messages of concern or support, Claims that Plaintiff was being retaliated against, messages flagging her complaints or posts for review, Submissions to ER, HR, or management involving Plaintiff. [13]

- **RFP No. 14.** All documents, emails, messages, or internal reports showing how Apple's Legal, HR, ER, Security, or PR teams responded to or investigated any communication by an Apple employee referencing Plaintiff between March 1, 2021 and September 10, 2021, including any reference to Slack or social media activity, workplace complaints, or protected disclosures. [14]

- **RFP No. 15**. All notes, emails, or chat logs documenting any action taken by Apple in response to reports or complaints made about Plaintiff or her workplace speech, including monitoring or reviewing Plaintiff's Slack, iCloud, or social media; flagging or preserving her iMessage, text, or messages; gathering intel or screenshots; or assigning investigations or involving Legal/ER/PR. [15]

- **RFP No. 16**. All internal tracking records, case files, decision logs, or communications from HR, ER, Legal, or Management reflecting deliberation, planning, or decision-making about whether and how to take any adverse

---

[12] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner v. Anheuser-Busch*, *Oyarzo v. Tuolumne Fire Dist.; Rutter § 8:209–210*

[13] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Ross v. Riverside*, *Cabesuela*, *Garcia-Brower;* Rutter § 8:203.

[14] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson*, *Hamilton*, *Turner*, *Garcia-Brower;* Civil Litig. Mgmt. Manual Ch. 3; Rutter § 8:127–8:209; "Restatement – Nexus to Termination"; "Whistleblower Complaints"

[15] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs* (Judge Chen); *Ross v. Riverside;* "Motions for Production"; Rutter § 8:203

employment action against Plaintiff following coworker communications or agency complaints.[16]

## B. Group B – NDAs, Speech Suppression, & Confidentiality Retaliation

- **RFP No. 17.** All NDAs, confidentiality agreements, or contract provisions signed or offered to Plaintiff, from 2015 to 2021.[17]

- **RFP No. 18.** All internal communications or policy drafts referencing Apple's treatment, enforcement, or modification of NDAs, confidentiality language, or severance terms as applied to employees raising complaints about: Workplace safety; Wage transparency; Harassment; Toxic exposure; Government cooperation.[18]

- **RFP No. 19.** Any communications, meeting notes, or strategy documents created by Apple's Legal, ER, or HR teams about Plaintiff's compliance or noncompliance with confidentiality provisions.[19]

- **RFP No. 20.** All policies, guidelines, or instructions issued by Apple from 2019 to present that reference public or private discussion of wages or working conditions; message content monitoring; restrictions on employee organizing or complaints; internal media, press, or government outreach protocols.[20]

- **RFP No. 21.** All documents or messages discussing, planning, or

---

[16] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner v. Anheuser-Busch*, *Nejadian v. County of L.A.*, *Commodore;* "Restatement – Nexus Between Action and Disclosure"; Rutter § 8:131; "Restatement – Termination in Violation of Public Policy"; "Working Conditions in Employment Litigation."

[17] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs* (ND Cal., Judge Chen); *Rojo v. Kliger*, 52 Cal.3d 65; Rutter § 8:174–176 (confidentiality clauses as retaliation)

[18] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson*, *Garcia-Brower*, *Ross v. Riverside;* Rutter § 8:127; Civil Litigation Manual Ch. 3; "Restatement – Free Speech in Employment"

[19] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Garcia-Brower*, *Hamilton;* Restatement §§ 5.02, 5.03; Rutter § 8:203; "Restatement – Wrongful Discharge"

[20] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Green v. Ralee*, *Rojo*, *Hamilton;* Rutter § 8:203–209; "California Civil Practice – Working Conditions."

enforcing any disciplinary action, investigation, or suppression related to Plaintiff's social media posts; messages; public interviews or publications; reporting to government agencies.[21]

- **RFP No. 22.** All records reflecting Apple's decisions to block, censor, or monitor Plaintiff's digital access and activity, including admin logs; restriction notices; technical implementation plans; and justifications provided internally.[22]

## C. GROUP C - EH&S / TOXIC EXPOSURE / VAPOR INTRUSION

- **RFP No. 23.** All internal audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing at Apple's 825 Stewart Drive and 3250 Scott Boulevard campuses between January 1, 2019 and the present.[23]

- **RFP No. 24.** All communications, reports, or correspondence between Apple and any environmental contractor (including air quality, chemical, EH&S, or facilities consultants) regarding vapor intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott.[24]

- **RFP No. 25.** All internal Apple communications referencing or discussing EPA inspections, Cal/OSHA complaints, or CDPH investigations at 825 Stewart or 3250 Scott, from 2019 to present, including logs of agency visits, follow-ups, or enforcement actions.[25]

---

[21] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Ross, Turner, Garcia-Brower;* Litigation Manual – Retaliation by Surveillance or Investigation

[22] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton, Turner, Oyarzo;* Rutter § 8:127 (digital monitoring retaliation)

[23] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Green v. Ralee Eng'g*, 19 Cal.4th 66; *Garcia-Brower*, Civil Litig. Mgmt. Manual Ch. 3 (EH&S documentation); Rutter § 8:127

[24] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner, Commodore, Oyarzo;* Restatement – Employer Duty to Disclose Risk; "Restatement – Employment Law § 5.03."

[25] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Cabesuela, People ex rel. Garcia-Brower;* Rutter § 8:209–210; Civil Litigation Manual Ch. 3; "Whistleblower Complaints"; "Westlaw Decisions – 6310"

- **RFP No. 26.** All internal policies, guidance documents, or risk memos instructing Apple managers, EH&S staff, or Legal how to respond to questions, Slack posts, or complaints about: Vapor intrusion; Chemical exposure; Air quality; Cal/OSHA safety concerns; Superfund designations. [26]

- **RFP No. 27.** All records reflecting sealed cracks in the slab, repairs to air systems, or construction/modification work performed at 825 Stewart between 2020 and 2022. [27]

- **RFP No. 28.** All photos, diagrams, maps, or schematics of the site showing known or suspected environmental hazard zones, testing data overlays, mitigation systems, or construction modifications at 825 Stewart or 3250 Scott. [28]

- **RFP No. 29.** All video surveillance footage, security camera recordings, or internal access logs showing activity in or around Plaintiff's office, work area, or assigned workspace at 825 Stewart Drive, including: Floor repairs; Crack sealing; HVAC or environmental testing; Construction or remediation work. Between May 1, 2021 and September 10, 2021. *Note*: To the extent Apple claims any footage was deleted, altered, or is inaccessible, Plaintiff requests identification of the system used, retention policies, last known location of footage, and whether any hold or preservation request was ever implemented. [29]

- **RFP No. 30.** All documents, communications, calendar entries, meeting agendas, security logs, or visitor records relating to or preparing for the EPA inspection of Apple's 825 Stewart Drive site, received by or sent to Apple

---

[26] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Nejadian*, *Green*, *Hamilton;* Restatement – Pretext Through Policy; Rutter § 8:131; "Working Conditions in Employment Litigation"; "Restatement – Nexus Between Activity and Action."

[27] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Commodore*, *Cabesuela;* Tangible Evidence Production – Remedial Repairs; "California Discovery – EH&S"; "Restatement of Law – § 5.03"

[28] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Green*, *Cabesuela*, *Garcia-Brower;* "Rutter – Tangible Things"; Civil Litigation Manual – Discovery of Site Maps; "Restatement – EH&S Retaliation"; "Westlaw Notes of Decision"

[29] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Green v. Ralee*, *Commodore*, *Turner*, *Cabesuela;* "Rutter – Production of Tangible Things"; § 8:131; Civil Litigation Manual – Surveillance as Retaliation Evidence

between July 25, 2021 and August 20, 2021, including: Notice of EPA inspection; Internal planning emails or meetings;  Notes regarding facility preparation; Communications with EPA Region 9; Any mention of Plaintiff's workspace or prior complaints in connection with that inspection.[30]

- **RFP No. 31:** All internal documents, messages, emails, legal memos, or investigative notes discussing the August 19, 2021 EPA inspection of 825 Stewart Drive, including any reference to Plaintiff, her former office, her prior complaints, or any environmental hazards, as well as: site preparation steps or remediation taken before the inspection; results or feedback from the inspection; any post-inspection action plan or discussion of violations; discussion of Plaintiff's prior warnings being substantiated.[31]

- **RFP No. 32.** All internal Apple communications or reports between July 25, 2021 and September 10, 2021, referencing both: (a) Plaintiff's disclosures or agency complaints; and (b) the EPA inspection or violations at 825 Stewart Drive.[32]

- **RFP No. 33.** All documents, communications, messages, email threads, or meeting notes reflecting EPA Region 9's initial outreach or notification to Apple in or around March 2021 regarding Plaintiff's complaint or environmental concerns at 825 Stewart Drive.[33]

- **RFP No. 34.** All internal Apple documents, legal assessments, meeting minutes, or communications created in response to the March 2021 EPA outreach, including any: risk evaluations; internal escalation plans; Slack discussions about Plaintiff; draft or final responses to the EPA; any reference to

---

[30] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson*, *Garcia-Brower*, *Turner;* Practice Guide: Rutter § 8:203–209; Civil Litig. Manual – EH&S Agency Oversight

[31] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Green, Cabesuela, Oyarzo, Commodore*

[32] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner, Lawson, Hamilton, Commodore*

[33] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson, Garcia-Brower, Green v. Ralee;* Rutter § 8:131–132; Civil Litigation Manual – Whistleblower Notification & Retaliation

Plaintiff's prior internal or external disclosures.[34]

### D. Group D – Adverse Actions & Retaliation Chain

- **RFP No. 35.** All documents, communications, emails, messages, calendar invites, or meeting notes reflecting any plan, recommendation, approval, or deliberation to place Plaintiff on administrative leave, including any justification, risk evaluation, or causal reference to her Slack or social media activity; her reports to EPA, Cal/OSHA, or other agencies; her discussions about workplace safety, retaliation, or toxic exposure.[35]

- **RFP No. 36.** All Apple ER, HR, Legal, or Security Department files related to the decision to terminate Plaintiff's employment on or around September 9, 2021, including internal investigative records, risk memos, discussion of protected activity, Slack usage, disruption, loyalty, secrecy, or concerns about future disclosures.[36]

- **RFP No. 37.** All threat Assessments, incident reports, or monitoring logs created by Apple or its contractors concerning Plaintiff, including any reference to: Social media activity; Slack discussions; Agency disclosures; Public organizing efforts between January 1, 2021 and September 30, 2021.[37]

- **RFP No. 38.** All documents reflecting Apple's internal justification(s) for removing Plaintiff from meetings, Slack channels, emails, messages, or work projects between March 2021 and August 2021, including Slack admin logs; Access control notices; Manager instructions; Explanations offered

---

[34] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); Lawson, *Turner*, *Garcia-Brower; Turner*, *Cabesuela*, *Commodore;* Restatement – Employer Strategy After External Agency Contact

[35] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); Rutter § 8:203; Civil Litigation Manual – Pretext Documentation; "Restatement – Nexus Between Disclosure & Action"; "Motions for Production – Adverse Acts"

[36] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Cabesuela*, *Nejadian*, *Ross;* Rutter § 8:127–8:209; Restatement – Wrongful Termination Public Policy

[37] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs*, *Ross*, *Turner;* Rutter § 8:203–8:215; Civil Litigation Manual – Surveillance as Retaliation

to coworkers.[38]

- **RFP No. 39.** All drafts or final versions of communications Apple made to the Plaintiff about her suspension, admin leave, or termination, including investigation notices; performance write-ups; decision memos; talking points or PR prep (internal or external).[39]

- **RFP No. 40.** All administrative access logs, audit trails, or monitoring records from Apple's internal systems (including Slack, Apple Mail, iMessage, project management tools, or admin dashboards) showing access to, interaction with, or administrative actions taken on Plaintiff's accounts, devices, or workspaces from March 1, 2021 to September 10, 2021.[40]

- **RFP No. 41**. All logs or records showing who accessed, reviewed, or modified Plaintiff's email, Slack history, iMessage content, file shares, or internal communications during the same time period, including Date/time of access; System used; Identity or role of accessing user; Whether screenshots, archives, or downloads were created.[41]

- **RFP No. 42.** All internal requests, tickets, or communications submitted by Apple employees to Apple's internal tech, security, or compliance teams to monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use, including any legal hold requests; IT monitoring triggers; surveillance justifications; Slack "lookups" or search reports.[42]

- **RFP No. 43**. All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups:

---

[38] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); Rutter § 8:127; *Turner*, *Oyarzo*, *Hamilton;* Tangible Retaliation Evidence Discovery

[39] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson*, *Commodore*, *Cabesuela;* Rutter § 8:209–8:215; Civil Litig. Manual – Employer Explanations

[40] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton*, *Turner*, *Ross* ; Rutter § 8:203–215; Restatement – Digital Surveillance & Employer Retaliation

[41] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton*, *Turner*, *Garcia-Brower;* Restatement – Metadata & Surveillance in Adverse Actions

[42] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Cabesuela*, *Hamilton*, *Oyarzo;* Rutter – IT Surveillance & Motive Evidence

Plaintiff's managers or direct supervisors; Apple's Human Resources (HR) personnel; Employee Relations (ER) team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021.[43]

- **RFP No. 44.** All internal reports, summaries, or tracking notes created by Apple ER or HR relating to Plaintiff's conduct, speech, disclosures, or risk profile, including drafts and confidential annotations, from Feb 2021 to Sept 2021.[44]

- **RFP No. 45.** All messages, internal memos, meeting notes, or chats among Apple's HR, ER, or Security teams discussing Plaintiff in connection with internal disruption, threat assessments, legal exposure, loyalty, secrecy, or external media/agency risk.[45]

- **RFP No. 46.** All documents, communications, emails, messages, texts, or internal notes exchanged between or among Plaintiff's direct supervisors, managers, Human Resources personnel, or Employee Relations staff that mention Plaintiff, reference Plaintiff, or relate to Plaintiff's role, job performance, complaints, speech, or conduct; Regardless of tone or subject matter Between January 1, 2020 and September 10, 2021, in order to capture the change in treatment and communication before and after Plaintiff's protected activity.[46]

- **RFP No. 47.** All documents, communications, messages, and emails

---

[43] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner*, *Ross*, *Garcia-Brower*, *Lawson;* Rutter § 8:127–8:215; Civil Litig. Manual – Employer Conspiracy, Pattern, and Coordination

[44] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner*, *Cabesuela*, *Commodore;* Restatement – Risk Flagging and Pretextual HR Documentation

[45] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton*, *Ross*, *Turner;* Rutter § 8:203; Civil Litig. Manual – Pretext and Reputational Motive

[46] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner v. Anheuser-Busch*, 7 Cal.4th 1238 (1994): Change in employer conduct after protected activity is admissible evidence of retaliation; *Cabesuela*, 68 Cal.App.4th at 109: Temporal proximity + shift in tone = causation; *Lawson*, 12 Cal.5th 703: Employer must prove motive unrelated to disclosure; Rutter § 8:203–8:215: Attitude shift evidence is discoverable; Restatement – Employer Behavior Before/After Protected Conduct

between or among Apple's Legal Department, Employee Relations, Security, and Human Resources, referencing or discussing Plaintiff, from January 1, 2020 to September 10, 2021, in order to compare the tone, frequency, and nature of internal discourse before and after Plaintiff engaged in protected disclosures. [47]

- **RFP No. 48.** All performance evaluations, manager check-ins, Slack discussions, and peer review comments about Plaintiff, before and after March 1, 2021, regardless of subject matter, including Informal feedback or Slack comments; one-on-one check-ins and project retros; HR/ER or management notes that record tone, priorities, or engagement. [48]

- **RFP No. 49.** All internal emails, Slack threads, or meeting notes among Plaintiff's peers, supervisors, or project teams that refer to Plaintiff directly or indirectly; reflect changing tone, risk labeling, distancing, or peer pressure; were created between February 1, 2021 and September 10, 2021. [49]

- **RFP No. 50.** All documents, talking points, internal announcements, messages, other documents, or emails distributed by Apple to: Plaintiff's former coworkers; Plaintiff's managers; department heads or team members Between September 1, 2021 and October 15, 2021, regarding Plaintiff's termination, suspension, protected activity, agency complaints, or Apple's public posture regarding same. [50]

- **RFP No. 51.** All internal Apple communications (including Legal, HR, Security, ER, or PR team messages) discussing: what should be said about Plaintiff's departure; what *should not* be said; whether any staff were instructed not to contact Plaintiff; instructions to not create documentation of employee

---

[47] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner*, 7 Cal.4th 1238 – hostile shift in attitude is material evidence; *Lawson*, 12 Cal.5th 703 – burden shifts to employer to prove non-retaliatory intent; Restatement § 5.03; Rutter § 8:131–8:209.

[48] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Cabesuela, Turner, Commodore*

[49] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Ross, Hamilton, Garcia-Brower;* Rutter § 8:203–8:215

[50] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs* (ND Cal, Judge Chen); *Turner, Lawson;* Rutter § 8:203–215

issues; any efforts to coordinate messaging internally or externally regarding the reasons for Plaintiff's termination.[51]

- **RFP No. 52.** All PR plans, press response templates, legal risk memos, or reputation management strategies created by Apple or outside consultants in response to Plaintiff's protected disclosures, media coverage, or termination.[52]

- **RFP No. 53.** All documents, communications, messages, email threads, reports, or memos created, sent, or received by Apple's Public Affairs or Government Affairs Office regarding Plaintiff, including: Plaintiff's protected activity or complaints; Contact with public agencies or congressional staff; Legal risk, legislation, or whistleblower law implications; Any coordination with Apple Legal, ER, or PR regarding Plaintiff.[53]

- **RFP No. 54.** All documents, emails, messages, PR plans, or communications created by Apple's Communications, Public Relations, or Media Teams that mention Plaintiff; Refer to or track press coverage of Plaintiff; Propose or implement messaging strategies; coordinate with Legal, HR, or ER about Plaintiff's termination or complaints between February 1, 2021 and December 31, 2021.[54]

- **RFP No. 55**. All documents Apple contends support or justify its decisions to place Plaintiff on administrative leave; restrict or monitor her internal communications; terminate her employment including performance evaluations, disciplinary history, behavioral complaints, or policy violations.[55]

- **RFP No. 56:** All internal investigations, interview notes, or

---

[51] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Ross*, *Cabesuela*, *Green;* Civil Litigation Management Manual – Employer Narrative Managemen*t*

[52] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); Commodore, Lawson, Garcia-Brower; Rutter § 8:131

[53] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); Lawson, Turner, Garcia-Brower; Rutter § 8:203

[54] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Hamilton v. Juul Labs*, *Ross*, *Cabesuela*.

[55] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson*, *Turner*, *Commodore*, *Cabesuela; Rutter § 8:127–8:209; Restatement § 5.03*

documentation relied on or referenced by Apple in deciding to suspend or terminate Plaintiff. [56]

- **RFP No. 57.** All Apple policies, handbooks, internal guidance documents, or enforcement records cited by Apple or its attorneys in defending its actions toward Plaintiff. If Apple claims Plaintiff violated a rule or policy, they must produce: The policy itself; Enforcement logs showing it was applied consistently; Any revisions around the time of your complaints. [57]

- **RFP No. 58**. All documents showing how Apple has applied the same policies or standards to other employees who engaged in: Public criticism of Apple; Agency complaints; Slack or social media posts about workplace conditions.[58]

- **RFP No. 59.** All communications, documents, or legal memos created by Apple or outside counsel evaluating the risk of Plaintiff's claims, including whether Apple's actions could appear retaliatory or unlawful. Not seeking pure legal advice — but documents used to coordinate risk management, pre-litigation strategy, or HR containment.[59]

- **RFP No. 60.** All internal documents, communications, meeting invites, notes, or decision logs reflecting Apple's actual decision to terminate Plaintiff, including date of decision, decision-makers, legal reviews, and strategy discussions, regardless of when or how that decision was communicated to Plaintiff.[60]

- **RFP No. 61.** All calendar invites, meeting agendas, emails, messages, or talking points related to any scheduled or proposed Webex or other meeting

---

[56] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner, Hamilton, Ross*
[57] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Ross, Nejadian, Lawson*
[58] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Lawson, Ross, Hamilton*
[59] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); CCP § 2031.010; *Garcia-Brower, Cabesuela, Turner*
[60] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); *Turner, Lawson, Cabesuela; Rutter § 8:203; Restatement § 5.03 – Timing of Adverse Action*

with Plaintiff on or about September 3 and September 7, 2021, including: Meeting preparation notes; Internal discussions of meeting purpose or tactics; Scripts, bullet points, or planned message language; Any internal acknowledgments that Plaintiff had already been marked for termination.[61]

• **RFP No. 62.** All notes, messages, emails, calendar entries, or other communications created by or shared among Apple managers, HR, ER, or Legal immediately before, during, or after any Webex meetings with Plaintiff on or about September 3 and 7, 2021, including: Manager talking points or internal scripts; Slack or email messages between Apple staff during the meetings, commentary, or updates posted after the meetings; Any expression of Plaintiff's reaction, mood, noncompliance, or perceived threat.[62]

• **RFP No. 63.** This RFP incorporations Plaintiff's require RFP on May 15 2024 to the extent the Defendant denied any requests due to "unsettled pleadings," or other reasons which have sense been resolved. This instant request is the first request Plaintiff has filed to Defendant in a mutually agreed full civil discovery. The majority of this prior request was denied by the Defendant.

• **RFP No. 64.** This RFP incorporations Plaintiff's require RFP on Oct. 30 2024 to the extent the Defendant denied any requests due to "unsettled pleadings," or other reasons which have sense been resolved. This instant request is the first request Plaintiff has filed to Defendant in a mutually agreed full civil discovery. The majority of this prior request was denied by the Defendant.

---

[61] Cal. Lab. Code §§ 1102.5(b), 98.7, 6310(a); Turner, Hamilton, Ross
[62] urner v. Anheuser-Busch, 7 Cal.4th 1238 – meeting conduct used as pretext evidence; Lawson, 12 Cal.5th at 703 – burden shifts after showing inconsistency in timing; Hamilton v. Juul Labs – internal chat during employee meetings is discoverable; Rutter § 8:203; Civil Litig. Manual – Employer Scripts & Coordinated Termination Calls; Restatement – Pretext via Internal Comms Contradictions

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

Dated: April 25 2025