JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** |
| v. | |
| APPLE INC., | |
| Defendant. | |

**PROPOUNDING PARTY:** Plaintiff Ashley Gjovik

**RESPONDING PARTY:**    Defendant Apple Inc.

**SET NUMBER:**    Two

Defendant Apple Inc. ("Apple") responds to Plaintiff Ashley Gjovik's Request for Production of Documents, Set Two, served on April 25, 2025, as follows:

### OBJECTION TO LACK OF PROTECTIVE ORDER

Apple objects to the extent Plaintiff refuses to agree to, and has opposed Apple's efforts to obtain entry of, an appropriate protective order for this matter, such as the Northern District Model Protective Order (the "Model Protective Order"). Apple will not produce documents or portions of documents that could appropriately be designated as "confidential" under the terms of the Model Protective Order unless and until that order (or one sufficiently like it) is in effect and Plaintiff agrees to abide by the terms of that order.

### OBJECTIONS TO DEFINITIONS

1.      Apple objects to Plaintiff's Definition #6 of "Apple" or "Defendant" as overly broad and neither relevant to any claim or defense in this Action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it purports to include Apple Inc. and its "employees, managers, directors, officers, attorneys, representatives, contractors, agents, subsidiaries, affiliates, and any other persons or entities acting or purporting to act on its behalf." Apple further objects to Plaintiff's definition as vague and ambiguous to the extent that it purports to include "representatives," "contractors," "agents," "affiliates," and "any other persons or entities acting or purporting to act on its behalf." Apple further objects to Plaintiff's definition to the extent it purports to impose on Apple discovery obligations that are disproportionate to the needs of the case. Apple further objects to Plaintiff's definition to the extent that the use of these terms appears to call for information that is not within Apple's possession, custody, or control. Apple further objects to Plaintiff's definition to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Apple will respond to the Requests using a definition of "Apple" as "Apple Inc."

2.      Apple objects to Plaintiff's Definition #7 of "Plaintiff" as unintelligible and nonsensical. The definition of "Plaintiff" does not include "documents, communications, and records." Apple interprets "Plaintiff" to mean Ashley Gjovik.

3.      Apple objects to Plaintiff's Definition #8 of "Document(s)" as overly broad and

- 1 -

unduly burdensome, exceeding the scope of what is required under the Federal Rules of Civil Procedure ("FRCP"). The definition encompasses "all written, printed, typed, electronically stored, photographic, or otherwise recorded matter; emails; text messages; messages; Webex, Microsoft Teams or Zoom chats; meeting notes; handwritten notes; internal memos; reports; PowerPoint/Keynote presentations; audio recordings; metadata; and all drafts, copies, or redlined versions thereof," which imposes an obligation to produce documents that may not be relevant to the claims or defenses in this litigation. The FRCP requires the production of documents that are relevant to any party's claim or defense and proportional to the needs of the case. The expansive nature of this definition, including metadata and all document versions, goes beyond the reasonable scope of discovery and imposes an undue burden on Apple to locate, review, and produce potentially irrelevant materials. Apple will construe and respond to requests for documents in a manner consistent with FRCP 34, focusing on documents that are relevant and necessary for the resolution of the issues in this case.

4. Apple objects to Plaintiff's Definition #9 of "Electronically Stored Information" or "ESI" as overly broad and unduly burdensome, exceeding the scope of what is required under the FRCP. The definition includes "any and all electronically stored documents, metadata, communications, or records stored on any server, email system, phone, Slack channel, internal database, SharePoint system, cloud drive, or physical device," and further mandates the inclusion of "metadata, document versions, Slack message histories (including edits and deletions), and file path logs." ESI must be relevant to any party's claim or defense and proportional to the needs of the case. The expansive nature of this definition imposes an undue burden on Apple to locate, review, and produce potentially irrelevant materials, including extensive metadata and all document versions for any and all data stored on any server, which are not required unless specifically relevant to the litigation. Apple will construe and respond to requests for ESI in a manner consistent with FRCP 34, focusing on ESI that is relevant and necessary for the resolution of the issues in this case.

5. Apple objects to Plaintiff's Definition #10 of "Communication" as overbroad to the extent that it includes communications that have not been recorded in a documentary form. Specifically, the definition includes "any oral … utterance, conversation … between two or more

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

persons or systems, whether formal or informal," which can include a vast universe of potential information, including orally transmitted information, far exceeding the scope of permissible discovery. Apple further objects to Plaintiff's definition as vague and ambiguous including, but not limited to the inclusion of "formal or informal" communications.

6.    Apple objects to Plaintiff's Definition #11 of "Concerning," "Relating to," or "Referring to" as rendering each request in which they appear overbroad and disproportionately burdensome relative to the probative value of the request. Apple further objects to Plaintiff's definition as vague, ambiguous and calling for legal conclusion by including "or having any legal, factual, or evidentiary connection to the subject matter identified."

7.    Apple objects to Plaintiff's Definition #12 of "Identify" or "Describe" as not applicable to these Requests for Production. None of Plaintiff's Requests include these terms, nor would they be applicable to this form of discovery. Apple reserves all rights to object to these terms as currently defined in future discovery propounded by Plaintiff.

8.    Apple objects to Plaintiff's Definition #13 of "Hazardous Conditions" or "Toxic Exposure" as vague and ambiguous. The term "potential exposure" is vague because Plaintiff fails to provide any standard for what qualifies as a "potential." Apple further objects to Plaintiff's definition as overly broad and unduly burdensome. The definition of "hazardous conditions" is overbroad because "actual or potential exposure to chemical substances, air contaminants, vapor intrusion" or "particulate matter" is not necessarily a "hazardous condition." The definition of "toxic exposure" is overbroad because "actual ... exposure to chemical substances, air contaminants, vapor intrusion" or "particulate matter" is not necessarily "toxic exposure." The definition of "toxic exposure" is also overbroad because "potential exposure to chemical substances, air contaminants, vapor intrusion" or "particulate matter" and "environmental or workplace safety risks" do not constitute "toxic exposure." Apple also objects to the definition of "hazardous conditions" or "toxic exposure" to the extent it includes "actual or potential exposure" to any "chemical substances, air contaminants" or "particulate matter," or to the extent it includes "any environmental or workplace safety risks subject to regulation under Cal/OSHA, CERCLA, RCRA, or Prop 65," as not all such actual exposures, potential exposures, or risks are relevant to

- 3 -

the claims and defenses in this case. Apple objects to any attempt to expand the definition of "hazardous conditions" to include conditions that are not hazardous or that are not relevant to any claim or defense in this action. Apple objects to any attempt to expand the definition of "toxic exposure" to include exposure that is not toxic or that is not relevant to any claim or defense in this action. Apple objects to this definition as improper.

9.      Apple objects to Plaintiff's Definition #14 of "retaliation" as vague and ambiguous. Terms including, but not limited to, "surveillance" and "investigation" are not defined, leaving them open to interpretation and potentially encompassing actions that are not retaliatory and are not relevant to any party's claims or defenses. Apple further objects to this definition as overbroad and unduly burdensome due to the vagueness of the definition itself. Apple further objects to the definition of "retaliation" as calling for a legal conclusion because the term "Plaintiff's protected activity," by itself, requires a legal conclusion. Because the definition of "retaliation" requires a legal conclusion, Apple objects to it as improper.

10.      Apple objects to Plaintiff's Definition #15 of "policy" as vague and ambiguous. Terms including, but not limited to, "unwritten rule," "code of conduct," "internal practice," "instruction," and "standing order" are not clearly defined and are ambiguous. Apple further objects to this definition as egregiously overbroad and unduly burdensome by including in the definition "any ... unwritten rule, protocol ... internal practice, instruction, or standing order issued by Apple or its personnel." By Plaintiff's definition, any instruction she received during her employment by any Apple employee in any form would constitute a "policy." Apple construes this definition to include formal, written Apple policies that are relevant to the claims and defenses at issue.

11.      Apple objects to Plaintiff's Definition #18, which is an instruction and not a definition, regarding the format of Electronically Stored Information (ESI) as unduly burdensome and exceeding the scope of typical litigation practices. The requirement to produce all ESI in native format with extensive metadata, "including timestamps, author/sender, recipient, revision history, file paths, and hash values" and to "include edit history, reactions, and threading context" for messages imposes an unreasonable and undue burden on Apple, particularly as a large corporation with vast amounts of data. The requested metadata far exceeds what is typically produced in

litigation. The demand for complete metadata for all ESI is disproportionate to the needs of the case and imposes an undue burden on Apple to manage, extract, and produce data that may not materially impact the litigation. Producing ESI in native format with comprehensive metadata for every document is not only logistically challenging but also unnecessary for the resolution of the issues in this case. The FRCP, specifically FRCP 34(b)(2)(E), allow for the production of ESI in a reasonably usable form, which does not necessitate native format or exhaustive metadata unless specifically relevant to the claims or defenses. Apple will produce ESI in PDF format with accompanying metadata in the same manner as with previous productions of ESI in this Action. Files that cannot be produced in PDF format, such as audio or video files, shall be produced in native format. Should Plaintiff demonstrate a specific need for native format or particular metadata beyond what is produced, Apple is willing to meet and confer to discuss reasonable accommodations that align with the practicalities of the case.

12.    Apple objects to Plaintiff's Definition #19, which is an instruction and not a definition, concerning ESI search obligations as vague, ambiguous, overbroad, and unduly burdensome. The definition's open-ended identification of systems to search, including "Message and email servers (e.g., Slack, Apple Mail, Outlook, Exchange, etc.), Internal project management tools (e.g., JIRA, Confluence, Workday, Radar, etc.), Shared drives, SharePoint, iCloud, GitHub, Zoom, and other file repositories," imposes an unreasonable expectation on Apple to conduct exhaustive collections and searches across potentially irrelevant platforms. The responding party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information. The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Principle 6 (2018). As such, Apple is uniquely positioned to determine the most effective and efficient means of searching and identifying responsive materials within its systems. Apple agrees to conduct a search that is compliant with the FRCP, specifically FRCP 26 and 34, ensuring that the search is reasonable, relevant, and proportional to the needs of the case. This includes making good faith efforts to locate ESI in systems where relevant information is likely to be found, without imposing an undue burden or expense.

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

13.    Apple objects to Plaintiff's Definition #20, which is an instruction and not a definition, concerning placeholders for redactions. Consistent with productions previously made in this Action by Apple, for any redactions applied due to privilege, the redaction will identify the privilege in the redaction box.

14.    Apple objects to Plaintiff's Definition #21 concerning "Possession, Custody, or Control" as overly broad and unduly burdensome. The definition includes documents and ESI maintained by Apple's "employees, attorneys, contractors, agents, investigators, subsidiaries, affiliates, and third-party vendors acting on Apple's behalf or under Apple's contractual right of access," which imposes an unreasonable expectation on Apple to produce documents from entities and individuals that may not be directly relevant to the litigation. Plaintiff's expansive definition fails to consider the practical limitations and burdens associated with obtaining documents from third parties and affiliates, which may not be within Apple's direct control. Apple will produce documents and ESI that are within its actual possession, custody, or control. Apple further objects to the inclusion of "attorneys" as a specifically identified entity. Documents and ESI involving attorneys are protected by attorney-client privilege and the work product doctrine, and Apple objects to any implication that privileged materials should be sought or produced.

15.    Apple objects to Plaintiff's Definition #22 regarding "Interpretation" as vague, ambiguous, overbroad, and unduly burdensome. The definition instructs that terms such as "all," "each," "any," "including," and "concerning" should be construed to have broad and inclusive meanings, "consistent with liberal discovery principles under federal law," without providing any detailed explanation or context. This lack of specificity renders the definition nonsensical and impractical, leaving Apple without clear guidance on its obligations. Without specific detail, this phrase is meaningless and does not provide a workable standard for discovery. Apple further objects to Plaintiff's attempt to redefine "concerning," which was already addressed in definition #11 further creating redundancy and confusion. It is unclear whether Apple is expected to combine these definitions or interpret them separately, leading to uncertainty about the scope and nature of Apple's discovery obligations. The directive to interpret terms broadly without clear limits imposes an undue burden on Apple, potentially requiring exhaustive searches and production of information

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

that may not be relevant or necessary for the litigation. This approach is inconsistent with the principles of relevance and proportionality under FRCP 26(b)(1).

16.    Apple objects to Plaintiff's Definition #23, which is an instruction and not a definition, specifically the requirement that "[i]f Defendant objects to any Request, it must ... Indicate whether any documents are being withheld," to the extent it purports to impose obligations beyond those required by the FRCP. Apple objects to the requirement that it must indicate whether documents are being withheld in response to a Request that is wholly objectionable as vague, overbroad, unduly burdensome, and/or irrelevant. Where a Request is wholly objectionable, Apple need not and will not state whether any documents are being withheld.

17.    Apple objects to Plaintiff's Definition #24, which is an instruction and not a definition, regarding "Third-Party Access" as overbroad, unduly burdensome, vague, and improperly inclusive of privileged relationships. The definition requires Apple to make "reasonable efforts to obtain and produce" documents held by third parties, including "Slack, outside counsel, facilities contractors, or consultants," which imposes obligations beyond what is legally required under the FRCP. Apple further objects to the requirement to seek documents from third parties because it imposes an undue burden on Apple, necessitating potentially exhaustive efforts to obtain information that may not be relevant or accessible. The definition lacks specificity regarding the scope and nature of these efforts, leading to uncertainty about Apple's obligations. Apple further objects to the inclusion of "outside counsel" as a specifically identified third-party from whom documents must be obtained. Communications and documents involving outside counsel are protected by attorney-client privilege and the work product doctrine, and Apple objects to any implication that privileged materials should be sought or produced. Apple agrees to produce responsive documents, pursuant to its Responses to these Requests, that are within Apple's possession, custody, or control as they are kept in the ordinary course of business.

18.    Apple objects to Plaintiff's Definition #25, which is an instruction and not a definition, regarding the "Consolidation of Duplicates" as vague, unduly burdensome, and not relevant to the claims at issue. The requirement to "indicate all custodians in whose possession a duplicate was found" imposes unnecessary complexity and burden on Apple. Apple further objects

- 7 -

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

to the phrase "functionally identical" as vague and lacks clear definition, making it difficult for Apple to ascertain which documents or ESI qualify as duplicates under this standard. This ambiguity complicates the identification and consolidation process, leading to potential confusion and inefficiency. Apple further objects that the requirement to "indicate all custodians in whose possession a duplicate was found" is unduly burdensome, necessitating extensive tracking and documentation that is disproportionate to the needs of the case. This obligation does not contribute to the resolution of the claims at issue and imposes an unnecessary administrative burden on Apple. Apple incorporates its objection to Definition #18 ("ESI Format") and reiterates that it will produce ESI with accompanying metadata in the same manner as with previous productions of ESI in this Action.

19.     Apple objects to Plaintiff's Definition #26, which is an instruction and not a definition, regarding "Replies to Communications" as vague, overbroad, and unduly burdensome. The requirement to produce each reply or message in a thread as a separate document, with thread context preserved, imposes impractical and inefficient demands on Apple's discovery process and internal data management systems.  Apple objects to Plaintiff's definition as vague and ambiguous. The directive to produce "messages" and "chats" individually lacks specificity and fails to account for the complexities involved in managing, processing, and organizing data both internally at Apple and for discovery-related review. This approach is overly broad and does not consider the practical limitations of data management systems. Apple further objects to this definition as unduly burdensome. Separating each message or chat, however those are defined, into individual documents imposes an undue burden on Apple, requiring extensive manipulation and reorganization of data that is disproportionate to the needs of the case. This requirement complicates the discovery process and detracts from efficient and effective document production. Apple reiterates that it will produce communications in a manner that is consistent with all productions previously made in this action.

20.     Apple objects to Plaintiff's Definition #27, which is an instruction and not a definition, regarding "Metadata Requirements" as unnecessarily duplicative, overbroad, and exceeding what is entitled under the FRCP. Apple takes note that Plaintiff makes repeated and

different requests for metadata in the following definitions: Definition #8 ("Documents"), Definition #9 ("Electronically Stored Information" or "ESI"), Definition #18 ("ESI Format"), Definition #25 ("Consolidation of Duplicates"), Definition #26 ("Replies to Communications") and now here. Plaintiff's multiple requests present inconsistencies that further complicate Apple's understanding of its obligations and imposes an undue burden on Apple in its attempt to comply with these demands by facilitating an inconsistent approach to the production of metadata. Apple further objects to Plaintiff's requirement that if "metadata is unavailable, Apple must explain why and identify any system or export tool limitations" as unduly burdensome, impractical, and exceeding the scope of permissible discovery under the FRCP. For several types of ESI, specific metadata fields may not exist depending on the nature of the document, and the mere absence of metadata is not indicative of any errors or issues. Yet Plaintiff's language would allow for burdensome demands for explanations and details regarding internal tools and applications. The FRCP do not explicitly include metadata within the scope of what is permissible discovery, focusing instead on the relevance and proportionality of the information itself. Plaintiff's request for detailed explanations regarding internal Apple tools and systems, as well as the absence of specific metadata, goes far beyond what is legally required or relevant to the claims at issue. Apple incorporates its objections from other definitions that address metadata, reiterating that it will produce metadata in the same manner as with productions already made in this case.

21.    Apple objects to Plaintiff's Definition #28, which is an instruction and not a definition, regarding "Reductions [sic] and Privilege Limits" as fundamentally flawed, vague, and reflecting a misunderstanding or misrepresentation of privilege standards. Plaintiff's assertion that the presence of a "licensed attorney" as a sender, recipient, or specific reference is the standard for determining privilege is patently incorrect. Privilege determinations are based on the content and context of communications, not merely the involvement of an attorney. This erroneous criterion has no bearing on whether information can be redacted. While Apple will comply with FRCP 26(b)(5) and any applicable standing orders by including any privilege redactions in a privilege log, Apple categorically rejects the notion of maintaining a general redaction log for all redactions. Such a requirement is an excessive and undue burden on Apple.

22.    Apple objects to Plaintiff's Definition #29, which is an instruction and not a definition, regarding "Absence of Documents / Audit Trails" as nonsensical, vague, and unduly burdensome, reflecting a fundamental misunderstanding of discovery principles. Plaintiff's expectation that a system should inherently contain responsive documents is absurd and defies logic. Systems are not designed to produce documents on demand; they contain information based on actual events and records. Plaintiff's definition is vague and lacks clear parameters for determining whether responsive documents would "reasonably be expected to exist" in a system. The demand for detailed records or screenshots showing the absence of results imposes an undue burden on Apple, requiring exhaustive and unnecessary documentation that is disproportionate to the needs of the case. This overreach serves only to complicate and encumber the discovery process without contributing to the resolution of the claims at issue. Apple objects to this definition as improper.

23.    Apple objects to Plaintiff's Definition #30, which is an instruction and not a definition, regarding "No Presumption of Completeness" as vague, overbroad, and unduly burdensome, reflecting a misunderstanding of discovery principles and the obligations under the FRCP. Plaintiff's demand for Apple to "affirmatively demonstrate[]" the thoroughness of its search is vague and lacks clarity. The phrase "affirmatively demonstrates" is undefined and imposes an unreasonable expectation on Apple to provide proof beyond the scope of standard discovery practices. This ambiguous requirement serves only to confuse and complicate the discovery process. The FRCP do not require parties to prove the non-existence of documents or provide exhaustive evidence of their search efforts. FRCP 26 and FRCP 34 mandate a reasonable, good faith, and diligent search, which Apple is committed to conducting, as addressed in its objection to Definition #19. Plaintiff's overreaching demands exceed what is legally required and impose unnecessary burdens on Apple. Apple addresses the existence or non-existence of documents within its discovery responses, and Plaintiff's insistence on additional proof is both burdensome and unjustified. Apple objects to this definition as improper.

**RESPONSES TO REQUESTS FOR PRODUCTION**

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including emails, messages, or other internal communications, sent by Plaintiff to any Apple employee, manager, or team between January 1, 2020 and September 30, 2021, and responses, relating to health, safety, environmental, privacy, surveillance, or workplace concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "health, safety, environmental, privacy, surveillance, or workplace concerns." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search "[a]ll documents" regardless of type of communication during the identified time period even if limited to Plaintiff's involvement as a sender. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, and construing this Request as requesting emails from Plaintiff to David Powers, Dan West, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Michael Steiger, Antone Jain, Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Joni Reicher, Jennifer Waldo, or Adelmise Warner regarding Plaintiff's concerns about potential vapor intrusion at 825 Stewart Drive stemming from the March 2021 notification of a vapor intrusion survey, Apple has produced all relevant and non-privileged documents in its possession, custody, or control after conducting a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 2:**

All documents or communications, including but not limited to emails, messages, or reports, received by Apple from any external agency (*e.g*., EPA, Cal/OSHA, DOL, EEOC, NLRB, CDPH, DFEH) concerning or referencing Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "any external agency." Apple objects to this request on the grounds that it is overbroad in scope and time and unduly burdensome. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents "received by Apple." Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request to the extent it seeks information that would be litigated before any external agency proceeding and not relevant to Plaintiff litigating claims in federal court.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce emails sent from the agencies specifically identified in Plaintiff's request (EPA, Cal/OSHA, DOL, EEOC, NLRB, CDPH, DFEH) to Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo and/or Adelmise Warner concerning or referencing Plaintiff between March 2021 and Plaintiff's termination, to the extent such documents exist, in its possession, custody, or control on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 3:**

All internal communications (including messages, email, and meeting notes) discussing Plaintiff's disclosures, complaints, agency filings, Slack activity, or public posts about Apple's work environment, privacy practices, or EH&S concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "disclosures," "complaints," "agency filings," "Slack activity," "public posts," "work environment," and "privacy practices." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search

"all internal communications." Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving any of its objections, and construing this Request as requesting emails to or from Plaintiff, David Powers, Dan West, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Michael Steiger, Antone Jain, Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Joni Reicher, Jennifer Waldo, or Adelmise Warner regarding Plaintiff's concerns about potential vapor intrusion at 825 Stewart Drive stemming from the March 2021 notification of a vapor intrusion survey, Apple has produced all relevant and non-privileged documents in its possession, custody, or control after conducting a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including HR, ER, and Legal Department records, logging, referencing, or investigating Plaintiff's internal or external reports about vapor intrusion; toxic exposure; environmental violations; privacy violations; discrimination; wage transparency; NDAs, and retaliation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "internal and external reports," "discrimination," "environmental violations," "privacy violations," "wage transparency," "NDAs," and "retaliation," Plaintiff's definitions notwithstanding. Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, specifically since this Request references "Legal Department records ... investigating ... reports" from Plaintiff. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees;

accordingly, it would be unduly burdensome to search for "all documents ... referencing ... Plaintiff's ... reports." Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, and construing this Request as requesting emails to or from Plaintiff, David Powers, Dan West, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Michael Steiger, Antone Jain, Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Joni Reicher, Jennifer Waldo, or Adelmise Warner regarding Plaintiff's concerns about potential vapor intrusion at 825 Stewart Drive stemming from the March 2021 notification of a vapor intrusion survey, Apple has produced all relevant and non-privileged documents in its possession, custody, or control after conducting a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 5:**

All messages authored by Plaintiff between January 2020 and September 2021 in any public or private channel in which workplace safety, toxic exposure, NDAs, labor organizing, or company conduct were discussed, including replies and forwards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "any public or private channel," "workplace safety," "toxic exposure," "NDAs," "labor organizing," and "company conduct." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request on the grounds that it violates privacy rights of third-party non-litigants.

Subject to and without waiving any of its objections, and construing this Request as requesting Slack messages posted by Plaintiff regarding her concerns about potential vapor

- 14 -

intrusion at 825 Stewart Drive stemming from the March 2021 notification of a vapor intrusion survey, Apple will conduct a diligent search and reasonable inquiry and produce all responsive messages that it identifies, to the extent any exist, in its possession, custody, or control on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 6:**

All messages, email threads, and documents in which any Apple employee, manager, ER/HR investigator, or legal representative discussed Plaintiff's Slack posts, environmental or labor complaints, or interactions with coworkers about company policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "environmental or labor complaints" and "interactions with coworkers about company policy." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of "any Apple employee." Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Request on the grounds that it violates privacy rights of third-party non-litigants.

Subject to and without waiving any of its objections, and construing this Request as requesting emails to or from Plaintiff, David Powers, Dan West, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Michael Steiger, Antone Jain, Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Joni Reicher, Jennifer Waldo, or Adelmise Warner regarding Plaintiff's concerns about potential vapor intrusion at 825 Stewart Drive stemming from the March 2021 notification of a vapor intrusion survey, Apple has produced all relevant and non-privileged

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

documents in its possession, custody, or control after conducting a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 7:**

All documents created by Apple's Legal, EH&S, HR, ER, or Security departments in response to Plaintiff's disclosures, including strategy memos, internal risk assessments, or communications regarding handling of her reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "Plaintiff's disclosures" and "handling of her reports."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, specifically since this Request references "[a]ll documents created by Apple's Legal … departments," *et al.*, and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request, at least as related to "documents created by Apple's Legal … departments," clearly attempts to seek privileged documents, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request, nor will Apple identify such documents in a privilege log, to the extent any exist.

Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has many employees in its "Legal, EH&S, HR, ER, or Security departments"; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any employee in any of those departments. Apple objects to this Request on the grounds that it seeks information not relevant nor

reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, and construing this Request as requesting emails to or from David Powers, Dan West, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Michael Steiger, Antone Jain, Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Joni Reicher, Jennifer Waldo, or Adelmise Warner regarding Plaintiff's concerns about potential vapor intrusion at 825 Stewart Drive stemming from the March 2021 notification of a vapor intrusion survey, Apple has produced all relevant and non-privileged documents in its possession, custody, or control after conducting a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 8:**

All communications between Apple and any outside legal counsel, PR firm, or government affairs firm regarding Plaintiff, her disclosures, or how Apple should respond to external agency activity involving Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "disclosures" and "external agency activity."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, specifically since this Request references "all communications between Apple and any outside legal counsel," *et al*., and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request, at least as related to "communications between Apple and any

outside legal counsel," clearly attempts to seek privileged communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request, nor will Apple identify such documents in a privilege log, to the extent any exist.

Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request to the extent it seeks information that would be litigated before any external agency proceeding and not relevant to Plaintiff litigating claims in federal court.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referencing or reflecting Apple's knowledge of preparation for, or handling of EPA or city/state investigations involving 825 Stewart or 3250 Scott Blvd between 2019 and 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "knowledge of preparation for" and "handling of EPA or city/state investigations." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents re "EPA or city/state investigations involving 825 Stewart or 3250 Scott Blvd" to try to prove that Apple engaged in the

conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, Case No. 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008) (where plaintiff alleged retaliation for complaining about purported regulatory violations and argued that discovery "proving [defendant] violated regulations would be relevant to the decision-makers' state of mind," the court granted a protective order, reasoning that such discovery "is not relevant to, or likely to lead to admissible evidence on, any claims or defenses," and "[t]o the extent such evidence would have any 'tangential' relevance," such discovery is not permitted after weighing the factors set out in FRCP 26(b)(2)(C)(iii)); *Bozeman v. Per-Se Techs., Inc*., Case No. 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006) (where plaintiff alleged retaliation for reporting financial irregularities to the SEC and sought broad discovery into defendant's accounting practices and procedures, asserting that "such evidence would show … that [defendant] was motivated to silence the Plaintiff through retaliation," court denied plaintiff's motion to compel because "it is not [plaintiff's] place to litigate whether [the defendant], in fact, was involved in unethical conduct"); *Wheeler v. Aliceson*, Case No. 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015) (in retaliation case, documents "suggest[ing] that Plaintiff's purported complaints … were true" have "minimal, if any relevance" because they "do not necessarily establish that Defendant retaliated against Plaintiff because of his complaints" and "Plaintiff may prove his case whether or not his [] complaints against Defendant [] had merit"). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10:**

All written or draft public statements, talking points, or internal FAQ documents created by Apple regarding employee speech rights; NDAs and protected disclosures; and environmental safety at Apple sites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "public statements," "talking points," "employee speech rights," "NDAs

and protected disclosures" and "environmental safety." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents "created, sent, received, revised, or in effect between January 1, 2020 and the present," which includes documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents regarding "environmental safety at Apple sites" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs*., 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc*., 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1,* 4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, communications, or reports received by Apple management, HR/ER, Legal, or Security, between March 1, 2021 and September 10, 2021, from any Apple employee, contractor, or third party, referencing Plaintiff, her Slack activity, her social media account, or her complaints about workplace conditions, toxic exposure, or privacy violations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "workplace conditions," "toxic exposure," and "privacy violations." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to

scope because Apple has many employees in "management, HR/ER, Legal, or Security"; accordingly, it would be unduly burdensome to search for responsive documents in the possession of "Apple management, HR/ER, Legal, or Security." Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce non-privileged complaints between March 1, 2021 and September 10, 2021 about Plaintiff that are centrally maintained in Apple's systems of record for People Support, Business Conduct, EthicsPoint, or Employee Relations, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 12:**

All internal documents, investigation notes, HR/ER summaries, or communications between Apple employees discussing or reacting to any coworker reporting Plaintiff's Slack or social media account activity to Apple management, HR, Legal, or Security.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "[a]ll internal documents," "investigation notes," "HR/ER summaries," "communications between Apple employees," "discussing or reacting to any coworker reporting" and "Plaintiff's Slack or social media account activity." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce any non-privileged responses to complaints between March 1, 2021 and September 10, 2021 about Plaintiff's Slack activity or social media account activity that are centrally maintained in Apple's systems of record for People Support, Business Conduct, EthicsPoint, or Employee Relations, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 13:**

All reports, complaints, or messages made about or on behalf of Plaintiff between March 1, 2021 and September 10, 2021, including messages of concern or support, Claims that Plaintiff was being retaliated against, messages flagging her complaints or posts for review, Submissions to ER, HR, or management involving Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "[a]ll reports, complaints, or messages," "made about or on behalf of Plaintiff, "messages of concern or support," "claims that plaintiff was being retaliated against" and "messages flagging her complaints or posts for review." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce non-privileged complaints between March 1, 2021 and September 10, 2021 about Plaintiff that are centrally maintained in Apple's systems of

record for People Support, Business Conduct, EthicsPoint, or Employee Relations, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, emails, messages, or internal reports showing how Apple's Legal, HR, ER, Security, or PR teams responded to or investigated any communication by an Apple employee referencing Plaintiff between March 1, 2021 and September 10, 2021, including any reference to Slack or social media activity, workplace complaints, or protected disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "internal reports showing how ... teams responded to," "any communication by an Apple employee referencing Plaintiff," "workplace complaints" and "protected disclosures." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Plaintiff specifically requests documents related to responses and/or investigations by Apple Legal. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has many "Legal, HR, ER, Security, or PR" employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any such employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce any non-privileged responses to complaints between March 1, 2021 and September 10, 2021 about Plaintiff that are centrally maintained in Apple's systems of record for People Support, Business Conduct, EthicsPoint, or Employee Relations, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 15:**

All notes, emails, or chat logs documenting any action taken by Apple in response to reports or complaints made about Plaintiff or her workplace speech, including monitoring or reviewing Plaintiff's Slack, iCloud, or social media; flagging or preserving her iMessage, text, or messages; gathering intel or screenshots; or assigning investigations or involving Legal/ER/PR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "[a]ll notes, emails, or chat logs," "documenting any action," "flagging or preserving," "gathering intel" and "assigning investigations." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Plaintiff specifically requests documents related to responses and/or investigations by Apple Legal. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce any non-privileged responses to complaints between March 1, 2021 and September 10, 2021 about Plaintiff that are centrally maintained in Apple's systems of record for People Support, Business Conduct, EthicsPoint, or Employee Relations, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 16:**

All internal tracking records, case files, decision logs, or communications from HR, ER, Legal, or Management reflecting deliberation, planning, or decision-making about whether and how to take any adverse employment action against Plaintiff following coworker communications

or agency complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "[a]ll internal tracking records, case files, decision logs," "reflecting deliberation, planning, or decision-making," "about whether and how to take any adverse employment action" and "following coworker communications or agency complaints." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce any non-privileged responses to complaints between March 1, 2021 and September 10, 2021 about Plaintiff that are centrally maintained in Apple's systems of record for People Support, Business Conduct, EthicsPoint, or Employee Relations, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 17:**

All NDAs, confidentiality agreements, or contract provisions signed or offered to Plaintiff, from 2015 to 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "[a]ll NDAs, confidentiality agreements, or contract provisions ... offered." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects

- 25 -

to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce all agreements signed by Plaintiff not previously produced in its possession, custody, or control, to the extent such documents exist, on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 18:**

All internal communications or policy drafts referencing Apple's treatment, enforcement, or modification of NDAs, confidentiality language, or severance terms as applied to employees raising complaints about: Workplace safety; Wage transparency; Harassment; Toxic exposure; Government cooperation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "policy drafts," "Apple's treatment, enforcement or modification of NDAs, confidentiality language, or severance terms," "raising complaints," "Workplace safety," "Toxic exposure," and "Government cooperation." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:**

Any communications, meeting notes, or strategy documents created by Apple's Legal, ER, or HR teams about Plaintiff's compliance or noncompliance with confidentiality provisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "strategy documents" and "compliance or noncompliance with confidentiality provisions."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "all communications, meeting notes, or strategy documents created by Apple's Legal ... teams," and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request, at least as related to "communications between Apple and any outside legal counsel," clearly attempts to seek privileged communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request beyond the documents and communications already reviewed and produced, nor will Apple identify any additional documents in a privilege log, to the extent any exist, as a result of this improper Request.

Plaintiff specifically requests documents created by Apple's legal teams. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its

- 27 -

possession, custody, or control relating to the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021, which includes documents related to Plaintiff's noncompliance with confidentiality provisions.

**REQUEST FOR PRODUCTION NO. 20:**

All policies, guidelines, or instructions issued by Apple from 2019 to present that reference public or private discussion of wages or working conditions; message content monitoring; restrictions on employee organizing or complaints; internal media, press, or government outreach protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "message content monitoring" and "internal media, press, or government outreach protocols." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**

All documents or messages discussing, planning, or enforcing any disciplinary action, investigation, or suppression related to Plaintiff's social media posts; messages; public interviews or publications; reporting to government agencies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "enforcing any disciplinary action, investigation, suppression," "Plaintiff's

- 28 -

social media posts," "messages" and "reporting to government agencies." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or calls for a legal conclusion. Plaintiff specifically requests documents created by Apple's legal teams. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 22:**

All records reflecting Apple's decisions to block, censor, or monitor Plaintiff's digital access and activity, including admin logs; restriction notices; technical implementation plans; and justifications provided internally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to with respect to the term "digital access or activity," "admin logs," "restriction notices," and "technical implementation plans." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 23:**

All internal audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing at Apple's 825 Stewart Drive and 3250 Scott Boulevard campuses between January 1, 2019 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "internal audits, assessments, or reports," "environmental hazards," and "chemical exposure." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents regarding "environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart and 3250 Scott to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24:**

All communications, reports, or correspondence between Apple and any environmental

contractor (including air quality, chemical, EH&S, or facilities consultants) regarding vapor intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "environmental contractor," "air quality, chemical EH&S, or facilities consultants," and "cracks in slab or mitigation systems." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents "created, sent, received, revised, or in effect between January 1, 2020 and the present," which includes documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents regarding "vapor intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 25:**

All internal Apple communications referencing or discussing EPA inspections, Cal/OSHA complaints, or CDPH investigations at 825 Stewart or 3250 Scott, from 2019 to present, including logs of agency visits, follow-ups, or enforcement actions.

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "EPA inspections," "Cal/OSHA complaints," "CDPH investigations at 825 Stewart or 3250 Scott," "logs of agency visits," "follow-ups," and "enforcement actions." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents regarding "EPA inspections, Cal/OSHA complaints, or CDPH investigations at 825 Stewart or 3250 Scott" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs*., 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc*., 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:**

All internal policies, guidance documents, or risk memos instructing Apple managers, EH&S staff, or Legal how to respond to questions, Slack posts, or complaints about: Vapor intrusion; Chemical exposure; Air quality; Cal/OSHA safety concerns; Superfund designations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "guidance documents … instructing," "risk memos … instructing," "Cal/OSHA safety concerns." Apple objects to this Request to the extent it seeks documents

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce any policies in effect from March 2021 to September 2021 regarding responding to workplace safety concerns in its possession, custody, or control, to the extent such documents exist, on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 27:**

All records reflecting sealed cracks in the slab, repairs to air systems, or construction/modification work performed at 825 Stewart between 2020 and 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "sealed cracks in the slab," "air systems," "construction/modification work." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents regarding "sealed cracks

in the slab, repairs to air systems, or construction/modification work at 825 Stewart" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at \*4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at \*1, \*4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at \*6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 28:**

All photos, diagrams, maps, or schematics of the site showing known or suspected environmental hazard zones, testing data overlays, mitigation systems, or construction modifications at 825 Stewart or 3250 Scott.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "sealed cracks in the slab," "air systems," "construction/modification work." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks documents "created, sent, received, revised, or in effect between January 1, 2020 and the present," which includes documents that pre-date Plaintiff's purported complaints and post-date her termination. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek "photos, diagrams, maps, or schematics of the site showing known or suspected environmental hazard zones, testing data overlays, mitigation systems, or construction modifications at 825 Stewart or 3250 Scott" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 29:**

All video surveillance footage, security camera recordings, or internal access logs showing activity in or around Plaintiff's office, work area, or assigned workspace at 825 Stewart Drive, including: Floor repairs; Crack sealing; HVAC or environmental testing; Construction or remediation work. Between May 1, 2021 and September 10, 2021. Note: To the extent Apple claims any footage was deleted, altered, or is inaccessible, Plaintiff requests identification of the system used, retention policies, last known location of footage, and whether any hold or preservation request was ever implemented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "internal access logs," "activity," "Plaintiff's office," "Plaintiff's … work area," "floor repairs," "crack sealing," "environmental testing," and "construction or remediation work." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. The request is overbroad as to time because it seeks "all video surveillance footage [and] security camera recordings … showing activity in or around Plaintiff's office" over a nearly five-month period. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek "video surveillance footage, security camera recordings, or internal access logs showing activity in or around Plaintiff's office, work area, or assigned

workspace at 825 Stewart Drive, including: Floor repairs; Crack sealing; HVAC or environmental testing; Construction or remediation work" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, communications, calendar entries, meeting agendas, security logs, or visitor records relating to or preparing for the EPA inspection of Apple's 825 Stewart Drive site, received by or sent to Apple between July 25, 2021 and August 20, 2021, including: Notice of EPA inspection; Internal planning emails or meetings; Notes regarding facility preparation; Communications with EPA Region 9; Any mention of Plaintiff's workspace or prior complaints in connection with that inspection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "security logs," "notice of EPA inspection," and "facility preparation." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents relating to "the EPA inspection of Apple's 825 Stewart Drive site" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 31:**

All internal documents, messages, emails, legal memos, or investigative notes discussing the August 19, 2021 EPA inspection of 825 Stewart Drive, including any reference to Plaintiff, her former office, her prior complaints, or any environmental hazards, as well as: site preparation steps or remediation taken before the inspection; results or feedback from the inspection; any post-inspection action plan or discussion of violations; discussion of Plaintiff's prior warnings being substantiated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "any environmental hazards," "site preparation steps," "remediation," and "prior warnings being substantiated." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents relating to "the EPA inspection of Apple's 825 Stewart Drive site" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs.*, 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc.*, 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 32:**

All internal Apple communications or reports between July 25, 2021 and September 10, 2021, referencing both: (a) Plaintiff's disclosures or agency complaints; and (b) the EPA inspection or violations at 825 Stewart Drive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "disclosures" and "agency complaints." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and unduly burdensome as a result. The request is overbroad as to scope because it seeks documents regardless of whether they pertain to Plaintiff or her purported complaints. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Plaintiff appears to seek documents relating to "the EPA inspection or violations at 825 Stewart Drive" to try to prove that Apple engaged in the conduct that she purportedly complained of; however, whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims. *See Perius v. Abbott Labs*., 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008); *Bozeman v. Per-Se Techs., Inc*., 1:03-CV-3970-RLV-JMF, 2006 WL 8431279, at *1, *4 (N.D. Ga. May 23, 2006); *Wheeler v. Aliceson*, 1:12-CV-00860-LJO, 2015 WL 3507369, at *6, n.2 (E.D. Cal. June 3, 2015). Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, communications, messages, email threads, or meeting notes reflecting EPA Region 9's initial outreach or notification to Apple in or around March 2021 regarding Plaintiff's complaint or environmental concerns at 825 Stewart Drive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "outreach or notification," "in or around March 2021," "Plaintiff's complaint," and "environmental concerns." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce non-privileged documents related to the U.S. EPA's outreach to Apple regarding Plaintiff in or around March 2021, to the extent such documents exist, in its possession, custody, or control on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 34:**

All internal Apple documents, legal assessments, meeting minutes, or communications created in response to the March 2021 EPA outreach, including any: risk evaluations; internal escalation plans; Slack discussions about Plaintiff; draft or final responses to the EPA; any reference to Plaintiff's prior internal or external disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "legal assessments," "EPA outreach," "risk evaluations," "internal escalation plans," and "disclosures." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff specifically seeks "legal assessments." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery

of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce non-privileged documents related to the U.S. EPA's outreach to Apple regarding Plaintiff in or around March 2021, to the extent such documents exist, in its possession, custody, or control on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 35:**

All documents, communications, emails, messages, calendar invites, or meeting notes reflecting any plan, recommendation, approval, or deliberation to place Plaintiff on administrative leave, including any justification, risk evaluation, or causal reference to her Slack or social media activity; her reports to EPA, Cal/OSHA, or other agencies; her discussions about workplace safety, retaliation, or toxic exposure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "risk evaluation," "casual reference," and "reports to EPA, Cal/OSHA, or other agencies." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to Plaintiff's paid administrative leave involving Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Aleks Kagramanov, Yannick Bertolus, Megan Bowman, Adelmise Warner, Joni Reicher and Jen Waldo through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 36:**

All Apple ER, HR, Legal, or Security Department files related to the decision to terminate Plaintiff's employment on or around September 9, 2021, including internal investigative records, risk memos, discussion of protected activity, Slack usage, disruption, loyalty, secrecy, or concerns about future disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "discussion of protected activity," "disruption," "loyalty," "secrecy" and "concerns about future disclosures."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "all Apple ... Legal ... Department files," and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request clearly attempts to seek privileged communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request beyond the documents and communications already reviewed and produced, nor will Apple identify any additional documents in a privilege log, to the extent any exist, as a result of this improper Request.

Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

- 41 -

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to the decision to terminate Plaintiff's employment involving Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Aleks Kagramanov, Yannick Bertolus, Megan Bowman, Adelmise Warner, Joni Reicher and Jen Waldo through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 37:**

All threat Assessments, incident reports, or monitoring logs created by Apple or its contractors concerning Plaintiff, including any reference to: Social media activity; Slack discussions; Agency disclosures; Public organizing efforts between January 1, 2021 and September 30, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the terms "threat Assessments," "incident reports," "monitoring logs," "contractors," "Social media activity," "Agency disclosures," and "Public organizing efforts." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 38:**

All documents reflecting Apple's internal justification(s) for removing Plaintiff from meetings, Slack channels, emails, messages, or work projects between March 2021 and August 2021, including Slack admin logs; Access control notices; Manager instructions; Explanations offered to coworkers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "[a]ll documents reflecting Apple's internal justification(s)," "removing," "Slack admin logs, "[a]ccess control notices," "[m]anager instructions," and "[e]xplanations offered to coworkers." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 39:**

All drafts or final versions of communications Apple made to the Plaintiff about her suspension, admin leave, or termination, including investigation notices; performance write-ups; decision memos; talking points or PR prep (internal or external).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "her suspension," "admin leave," "investigation notices," "performance write-ups," "decision memos" and "PR prep." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to Plaintiff's paid administrative leave and the decision to

terminate Plaintiff's employment involving Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Aleks Kagramanov, Yannick Bertolus, Megan Bowman, Adelmise Warner, Joni Reicher and Jen Waldo through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 40:**

All administrative access logs, audit trails, or monitoring records from Apple's internal systems (including Slack, Apple Mail, iMessage, project management tools, or admin dashboards) showing access to, interaction with, or administrative actions taken on Plaintiff's accounts, devices, or workspaces from March 1, 2021 to September 10, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "administrative access logs," "audit trails," "monitoring records, "project management tools," "admin dashboards, "interaction with," "administrative actions taken on," "Plaintiff's accounts, "Plaintiff's ... devices," and "Plaintiff's ... workspaces." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The Request seeks "all administrative access logs, audit trails, or monitoring records" from a broad array of internal systems "showing access to ... Plaintiff's accounts, devices, or workspaces." The Request is not limited to specific "accounts, devices, or workspaces," much less the specific content on those "accounts, devices, or workspaces" that was allegedly accessed, etc. The Request is also not limited to specific dates or incidents. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 41:**

All logs or records showing who accessed, reviewed, or modified Plaintiff's email, Slack history, iMessage content, file shares, or internal communications during the same time period, including Date/time of access; System used; Identity or role of accessing user; Whether screenshots,

archives, or downloads were created.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "modified," "Slack history," "iMessage content," "file shares," "internal communications," "during the same period," "system used," and "archives." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The Request seeks "all logs or records" reflecting any access, review, or modification of Plaintiff's email, Slack history, iMessage content, file shares, or internal communications over an unspecified period. The Request is not limited to specific emails, etc. that were allegedly "access[ed]," etc., dates, or incidents. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 42:**

All internal requests, tickets, or communications submitted by Apple employees to Apple's internal tech, security, or compliance teams to monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use, including any legal hold requests; IT monitoring triggers; surveillance justifications; Slack "lookups" or search reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "compliance team[]," "monitor," "audit," "preserve," "report on," "Plaintiff's communications," "Slack activity," "device use," "IT monitoring triggers," "surveillance justifications," "Slack 'lookups,'" and "search reports." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The Request seeks "all internal

- 45 -

requests, tickets, or communications" sent to Apple's tech, security, or compliance teams to "monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use" and is not limited to dates or incidents. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 43:**

All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups: Plaintiff's managers or direct supervisors; Apple's Human Resources (HR) personnel; Employee Relations (ER) team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to "managers and direct supervisors," "Security personnel," "internal investigations teams," "any executive team," and "risk management personnel."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "all internal communications, messages, emails, notes, summaries or reports exchanged between or among ... Apple Legal or internal investigations teams,", et al, and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request clearly attempts to seek privileged

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request beyond the documents and communications already reviewed and produced, nor will Apple identify any additional documents in a privilege log, to the extent any exist, as a result of this improper Request.

Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has many "Human Resources," "Employee Relations," "Security," "Legal," and other employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of such Apple employees. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 44:**

All internal reports, summaries, or tracking notes created by Apple ER or HR relating to Plaintiff's conduct, speech, disclosures, or risk profile, including drafts and confidential annotations, from Feb 2021 to Sept 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "[a]ll internal reports, summaries, or tracking notes," "Plaintiff's conduct, speech, disclosures, or risk profile" and "drafts and confidential annotations." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has many "ER or HR" employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any "ER or HR" employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

**REQUEST FOR PRODUCTION NO. 45:**

All messages, internal memos, meeting notes, or chats among Apple's HR, ER, or Security teams discussing Plaintiff in connection with internal disruption, threat assessments, legal exposure, loyalty, secrecy, or external media/agency risk.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "internal disruption, threat assessments, legal exposure, loyalty, secrecy, or external media/agency risk." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has many "HR, ER, or Security" employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any "HR, ER, or Security" employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 46:**

All documents, communications, emails, messages, texts, or internal notes exchanged between or among Plaintiff's direct supervisors, managers, Human Resources personnel, or Employee Relations staff that mention Plaintiff, reference Plaintiff, or relate to Plaintiff's role, job performance, complaints, speech, or conduct; Regardless of tone or subject matter Between January 1, 2020 and September 10, 2021, in order to capture the change in treatment and communication before and after Plaintiff's protected activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "[r]egardless of tone" and "in order to capture the change in treatment and communication before and after Plaintiff's protected activity." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product

- 48 -

doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Plaintiff specifically requests all documents that "mention" or "reference Plaintiff ... [r]egardless of .. .subject matter." The request is also overbroad as to scope because Apple has many managers, "Human Resources personnel," and "Employee Relations staff"; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any such employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 47:**

All documents, communications, messages, and emails between or among Apple's Legal Department, Employee Relations, Security, and Human Resources, referencing or discussing Plaintiff, from January 1, 2020 to September 10, 2021, in order to compare the tone, frequency, and nature of internal discourse before and after Plaintiff engaged in protected disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "in order to compare the tone, frequency, and nature of internal discourse before and after Plaintiff engaged in protected disclosures."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "all documents, communications, messages, and emails between or among Apple's Legal Department,", et al, and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things

prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request clearly attempts to seek privileged communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request beyond the documents and communications already reviewed and produced, nor will Apple identify any additional documents in a privilege log, to the extent any exist, as a result of this improper Request.

Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is also overbroad as to scope because Apple has many "Legal Department, Employee Relations, Security, and Human Resources" employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any such employee. Plaintiff specifically requests all documents that "mention" or "reference Plaintiff...[r]egardless of...subject matter." Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request on the grounds it is duplicative of prior Requests.

**REQUEST FOR PRODUCTION NO. 48:**

All performance evaluations, manager check-ins, Slack discussions, and peer review comments about Plaintiff, before and after March 1, 2021, regardless of subject matter, including Informal feedback or Slack comments; one-on-one check-ins and project retros; HR/ER or management notes that record tone, priorities, or engagement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrases "performance evaluations" [regardless of subject matter]," "manager check-ins [regardless of subject matter]," "Slack discussions [regardless of subject matter]," "peer review comments about Plaintiff," "informal feedback or Slack comments [regardless of subject matter]," "one-on-one check-ins and project retros [regardless of subject matter]" and "notes that record tone, priorities, or engagement." Apple objects to this Request to the extent it seeks

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Plaintiff specifically requests documents "regardless of subject matter." The request is also overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request on the grounds it is duplicative of prior Requests seeking performance review and peer feedback documents.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all formal performance evaluations from Plaintiff's personnel records in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49:**

All internal emails, Slack threads, or meeting notes among Plaintiff's peers, supervisors, or project teams that refer to Plaintiff directly or indirectly; reflect changing tone, risk labeling, distancing, or peer pressure; were created between February 1, 2021 and September 10, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "Slack threads," "meeting notes among Plaintiff's peers, supervisors, or project teams," "refer to Plaintiff directly or indirectly" and "reflect changing tone, risk labeling, distancing, or peer pressure." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Plaintiff specifically requests documents that merely "refer to Plaintiff." The request is also overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably

calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 50:**

All documents, talking points, internal announcements, messages, other documents, or emails distributed by Apple to: Plaintiff's former coworkers; Plaintiff's managers; department heads or team members Between September 1, 2021 and October 15, 2021, regarding Plaintiff's termination, suspension, protected activity, agency complaints, or Apple's public posture regarding same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "department heads or team members," "protected activity" and "Apple's public posture regarding same." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and unduly burdensome as a result. The request is overbroad as to scope because Plaintiff had many coworkers and Apple has many "department heads or team members"; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any such employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to Plaintiff's paid administrative leave and the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021. Apple will conduct an additional diligent search and reasonable inquiry and

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

produce non-privileged documents relating to Plaintiff's paid administrative leave or the decision to terminate Plaintiff's employment involving by Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner between September 11, 2021 and October 15, 2021, to the extent such documents exist, in its possession, custody, or control on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 51:**

All internal Apple communications (including Legal, HR, Security, ER, or PR team messages) discussing: what should be said about Plaintiff's departure; what should not be said; whether any staff were instructed not to contact Plaintiff; instructions to not create documentation of employee issues; any efforts to coordinate messaging internally or externally regarding the reasons for Plaintiff's termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "any efforts to coordinate messaging internally or externally."

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "all internal Apple communications (including Legal[)],", et al, and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Given that this Request clearly attempts to seek privileged communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this part of this Request beyond the documents and communications

already reviewed and produced, nor will Apple identify any additional documents in a privilege log, to the extent any exist, as a result of this improper Request.

Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has thousands of employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any Apple employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021. Apple will conduct an additional diligent search and reasonable inquiry and produce non-privileged documents relating to the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner between September 11, 2021 and October 15, 2021, to the extent such documents exist, in its possession, custody, or control on a rolling basis as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 52:**

All PR plans, press response templates, legal risk memos, or reputation management strategies created by Apple or outside consultants in response to Plaintiff's protected disclosures, media coverage, or termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "[a]ll PR plans, press response templates, legal risk memos, or reputation management strategies," "protected disclosures" and "media coverage." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney

work product doctrine or calls for a legal conclusion. Plaintiff specifically requests "legal risk memos." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 53:**

All documents, communications, messages, email threads, reports, or memos created, sent, or received by Apple's Public Affairs or Government Affairs Office regarding Plaintiff, including: Plaintiff's protected activity or complaints; Contact with public agencies or congressional staff; Legal risk, legislation, or whistleblower law implications; Any coordination with Apple Legal, ER, or PR regarding Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "protected activity or complaints," "[c]ontact with public agencies or congressional staff," "[l]egal risk, legislation, or whistleblower law implications" and "[a]ny coordination with Apple Legal, ER, or PR regarding Plaintiff." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Plaintiff specifically requests all documents reflecting "coordination with Apple Legal" and documents reflecting "legal risk, legislation, or whistleblower law implications." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: After a diligent search and reasonable inquiry, Apple has no responsive documents involving Yannick Bertolus, Megan

- 55 -

Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner between March 2021 and Plaintiff's termination.

**REQUEST FOR PRODUCTION NO. 54:**

All documents, emails, messages, PR plans, or communications created by Apple's Communications, Public Relations, or Media Teams that mention Plaintiff; Refer to or track press coverage of Plaintiff; Propose or implement messaging strategies; coordinate with Legal, HR, or ER about Plaintiff's termination or complaints between February 1, 2021 and December 31, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "PR plans," "[p]ropose or implement messaging strategies" and "coordinate with Legal, HR, or ER about Plaintiff's termination or complaints." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Plaintiff specifically requests all documents related to coordination "with Legal." Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. The request is overbroad as to scope because Apple has many "Communications, Public Relations, or Media" employees; accordingly, it would be unduly burdensome to search for responsive documents in the possession of any such employee. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request on the grounds it is duplicative of prior Requests.

**REQUEST FOR PRODUCTION NO. 55:**

All documents Apple contends support or justify its decisions to place Plaintiff on administrative leave; restrict or monitor her internal communications; terminate her employment including performance evaluations, disciplinary history, behavioral complaints, or policy violations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "restrict or monitor her internal communications" and "behavioral complaints." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds it is duplicative of prior Requests.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to Plaintiff's paid administrative leave and the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 56:**

All internal investigations, interview notes, or documentation relied on or referenced by Apple in deciding to suspend or terminate Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "referenced by Apple." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds it is duplicative of prior Requests.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to Plaintiff's paid administrative leave and the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021.

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-cv-4597-EMC

**REQUEST FOR PRODUCTION NO. 57:**

All Apple policies, handbooks, internal guidance documents, or enforcement records cited by Apple or its attorneys in defending its actions toward Plaintiff. If Apple claims Plaintiff violated a rule or policy, they must produce: The policy itself; Enforcement logs showing it was applied consistently; Any revisions around the time of your complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "referenced by Apple." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds it is duplicative of prior Requests.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to Plaintiff's paid administrative leave and the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 58:**

All documents showing how Apple has applied the same policies or standards to other employees who engaged in: Public criticism of Apple; Agency complaints; Slack or social media posts about workplace conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to "same policies or standards," "Public criticism," "Agency complaints," and "workplace conditions." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not

relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request on the grounds that it violates privacy rights of third-party non-litigants.

Subject to and without waiving any of its objections, Apple responds: Apple will conduct a diligent search and reasonable inquiry and produce non-privileged documents sufficient to show that other Apple employees have been terminated for disclosing confidential product-related information in violation of Apple policies or their obligations under their Intellectual Property Agreements, or for failing to cooperate or to provide accurate or complete information during an Apple investigatory process, to the extent such documents exist, on a rolling basis and as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 59:**

All communications, documents, or legal memos created by Apple or outside counsel evaluating the risk of Plaintiff's claims, including whether Apple's actions could appear retaliatory or unlawful. Not seeking pure legal advice — but documents used to coordinate risk management, pre -litigation strategy, or HR containment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine, or calls for a legal conclusion, specifically since this Request references "legal memos created by … outside counsel evaluating the risk of Plaintiff's claims" and other documents likely to contain legal advice or attorney work product. Parties may only obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, as codified in FRCP 26(b)(1). The attorney-client privilege protects confidential communications between attorneys and their clients made for the purpose of obtaining or providing legal advice, as established in *Upjohn Co. v. United States*, 449 U.S. 383 (1981). Furthermore, the work product doctrine, as codified in FRCP 26(b)(3) and established in *Hickman v. Taylor*, 329 U.S. 495 (1947), protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative, including attorneys. Furthermore, Plaintiff's claim

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

that she is not seeking "pure legal advice," as evidenced by the examples provided, makes this request nonsensical. The assertion that topics like "risk management, pre-litigation strategy, or HR containment," regardless of how they are defined, do not or could not constitute privileged legal advice is fundamentally flawed and misleading. Given that this Request clearly attempts to seek privileged communications, it is improper under FRCP 26. Apple will not search, review, or produce documents responsive to this Request, nor will Apple identify any additional documents in a privilege log, to the extent any exist, as a result of this improper Request.

Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 60:**

All internal documents, communications, meeting invites, notes, or decision logs reflecting Apple's actual decision to terminate Plaintiff, including date of decision, decision-makers, legal reviews, and strategy discussions, regardless of when or how that decision was communicated to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "decision logs," "Apple's actual decision to terminate" and "regardless of when or how that decision was communicated." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine or calls for a legal conclusion. Apple objects to this Request on the grounds that it is overbroad in scope and time and unduly burdensome as a result. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case. Apple objects to this Request on the grounds it is duplicative of prior Requests.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents in its possession, custody, or control relating to the decision to terminate Plaintiff's employment involving Yannick Bertolus, Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, or Adelmise Warner through September 10, 2021.

**REQUEST FOR PRODUCTION NO. 61:**

All calendar invites, meeting agendas, emails, messages, or talking points related to any scheduled or proposed Webex or other meeting with Plaintiff on or about September 3 and September 7, 2021, including: Meeting preparation notes; Internal discussions of meeting purpose or tactics; Scripts, bullet points, or planned message language; Any internal acknowledgments that Plaintiff had already been marked for termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "any scheduled or proposed Webex or other meeting with Plaintiff on or about September 3 and September 7, 2021" and "[a]ny internal acknowledgements that Plaintiff had already been marked for termination." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Subject to and without waiving any of its objections, Apple responds: Apple has conducted a diligent search and reasonable inquiry and has produced all non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62:**

All notes, messages, emails, calendar entries, or other communications created by or shared among Apple managers, HR, ER, or Legal immediately before, during, or after any Webex meetings with Plaintiff on or about September 3 and 7, 2021, including: Manager talking points or

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS., SET TWO
CASE NO. 23-CV-4597-EMC

internal scripts; Slack or email messages between Apple staff during the meetings, commentary, or updates posted after the meetings; Any expression of Plaintiff's reaction, mood, noncompliance, or perceived threat.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Apple objects to this Request on the grounds that it is vague and ambiguous, including but not limited to the phrase "[a]ny expression of Plaintiff's reaction, mood, noncompliance, or perceived threat." Apple objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Apple objects to this Request on the grounds that it seeks information not relevant nor reasonably calculated to lead to the discovery of admissible information. Apple objects to this Request on the grounds that it seeks documents, including but not limited to ESI, that is not proportional to the needs of the case.

Apple further objects to this Request on the grounds that it is based on a patently false premise and is thus frivolous. The Request presupposes the occurrence of meetings between Plaintiff and Apple on or around September 3 and 7, 2021, which is demonstrably untrue. Apple's productions, specifically documents APL-GAELG_00001130, APL-GAELG_00001131, and APL-GAELG_00001135, unequivocally show that no such meetings took place, despite Apple's efforts to schedule them. This Request exemplifies Plaintiff's wasteful tactics, imposing unnecessary burdens on Apple by pursuing non-existent information that falls outside the scope of discovery as defined by the FRCP and applicable standing orders on discovery.

**REQUEST FOR PRODUCTION NO. 63:**

This RFP incorporations Plaintiff's require RFP on May 15 2024 to the extent the Defendant denied any requests due to "unsettled pleadings," or other reasons which have sense been resolved. This instant request is the first request Plaintiff has filed to Defendant in a mutually agreed full civil discovery. The majority of this prior request was denied by the Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Apple objects to this Request on the grounds that it is unintelligible, improperly seeks discovery related to a separate matter that is no longer pending before any court or tribunal. Any

discovery sought in that case, along with any responses thereto, is moot and does not exist within the context of the current litigation.

**REQUEST FOR PRODUCTION NO. 64:**

This RFP incorporations Plaintiff's require RFP on Oct. 30 2024 to the extent the Defendant denied any requests due to "unsettled pleadings," or other reasons which have sense been resolved. This instant request is the first request Plaintiff has filed to Defendant in a mutually agreed full civil discovery. The majority of this prior request was denied by the Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Apple objects to this Request on the grounds that it is unintelligible. With respect to Plaintiff's RFPs, Set 1, Apple already served its amended objections and responses on February 12, 2025 and stands on those objections and responses. Apple remains willing to meet and confer in good faith regarding Plaintiff's RFPs, Set 1, as it has already done on multiple occasions including on March 25, 2025 and on May 2, 2025.

Dated: May 27, 2025                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                           */s/ Melinda S. Riechert*
                                                           MELINDA S. RIECHERT
                                                           Attorneys for Defendant
                                                           APPLE INC.

**<u>CERTIFICATE OF SERVICE</u>**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On May 27, 2025, I served the following document(s):

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

By Electronic Service: On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address mriechert@orrick.com to the email addresses below:

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2025.

_____
Melinda S. Riechert

CERTIFICATE OF SERVICE
CASE NO. 23-CV-4597-EMC