# Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Perry, Jessica R.<jperry@orrick.com>, Riechert, Melinda<mriechert@orrick.com> |
| Date | Wednesday, August 13th, 2025 at 4:59 PM |

Hello counsel,

Please see attached for service of:
- Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe
- Interrogatory Set 4
- Request for Production Set 3

Please also see attached for objections and requested meet/confer regarding:
- Apple's failure to provide notice and copies of subpoenas
- Request for supplemented response to Interrogatory No. 1

Thanks,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

---

**1.02 MB**  6 files attached

Gjovik_v_Apple_20250813_Notice_of_Deposition_McKeon.pdf 155.98 KB

Gjovik_v_Apple_20250813_Objection_Interrogatory_Set_1.pdf 141.43 KB

Gjovik_v_Apple_20250813_Objection_Subpoenas.pdf 134.45 KB

Gjovik_v_Apple_20250813_Request_RFP_Set_3.pdf 243.14 KB

Gjovik_v_Apple_20250813_Interrogatory_Set_4.pdf 208.32 KB

Gjovik_v_Apple_20250813_Notice_of_Deposition_Bertolus.pdf 157.66 KB

**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik,** *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br><br> **Apple Inc.,** *a corporation,* <br><br><br> Defendant. | **Plaintiff's Request for Production** <br><br> *Gjovik v. Apple,* **3:23-CV-04597-EMC** <br><br> **RFP Set Three** <br><br> **No. 65-86** <br><br> **Federal Rule of Civil Procedure 34** |

TABLE OF CONTENTS

I.    Notice & Scope Under Court Standing Orders ............................... 3

II.   Definitions, Obligations, and Terms ......................................... 4

III.  Requests for Production ...................................................... 8

   A.    RFP No. 65. ............................................................... 9

   B.    RFP No. 66. ............................................................... 9

   C.    RFP No. 67 ................................................................ 9

   D.    RFP No. 68 ................................................................ 9

   E.    RFP No. 69 ................................................................ 9

   F.  RFP No. 70 ................................................................ 10

   G.    RFP No. 71 ............................................................... 10

   H.    RFP No. 72 ............................................................... 10

   I.  RFP No. 73 ................................................................ 10

   J.  RFP No. 74 ................................................................ 10

   K.    RFP No. 75 ................................................................ 11

   L.    RFP No. 76 ............................................................... 11

   M.    RFP No. 77 ............................................................... 11

   N.    RFP No. 78 ............................................................... 11

   O.    RFP No. 79 ............................................................... 11

   P.  RFP No. 80 ................................................................ 12

   Q.    RFP No. 81 ............................................................... 12

   R.    RFP No. 82 ............................................................... 12

   S.  RFP No. 83 ................................................................ 12

T.      RFP No. 84 .................................................................................13

U.      RFP No. 85 .................................................................................13

V.      RFP No. 86 .................................................................................13

**IV.      Certificate of Service...................................................... 14**

## REQUEST FOR PRODUCTION

1.      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ashley Gjovik hereby requests that Defendant Apple Inc. produce for inspection and copying the documents and electronically stored information ("ESI") described below, at the offices of Plaintiff or via agreed electronic format, within thirty (30) days of service hereof.

2.      This Request for Production seeks documents that are in the possession, custody, or control of Defendant Apple Inc., including but not limited to documents held by its officers, employees, contractors, agents, attorneys, investigators, outside vendors, or any other representatives.

3.      These Requests are made in connection with Plaintiff's causes of action for whistleblower retaliation under California Labor Code §§ 1102.5, 6310, and 98.6/98.7, and for wrongful termination in violation of public policy under *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167. Each request directly relates to the facts, allegations, and statutory elements at issue in the Fifth Amended Complaint, and discovery is sought for the purpose of establishing:

- (1) Plaintiff's protected activity.
- (2) Apple's knowledge of such activity.
- (3) adverse actions taken in retaliation.
- (4) pretext and motive; and
- (5) resulting harm and damages.

These Requests shall be deemed continuing in nature, and Defendant is under a duty to timely supplement its responses and production pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## I.    NOTICE & SCOPE UNDER COURT STANDING ORDERS

4.      These Requests for Production are served in compliance with the Northern District of California Civil Local Rules, the Standing Order for All

Judges of the Northern District of California – Contents of Joint Case Management Statement, the Standing Order of Judge Edward M. Chen, and the General Standing Order of Magistrate Judge Kandis A. Westmore.

5.    In accordance with Judge Westmore's standing order, Plaintiff has tailored these requests to be proportional, issue-based, and closely aligned with the claims and defenses at issue. The plaintiff anticipates seeking further clarification, meet-and-confer, and motion relief as necessary under Rules 26, 34, and 37 of the Federal Rules of Civil Procedure.

6.    The Plaintiff's service of additional Requests for Production does not waive Plaintiff's rights to object to, compel, or take any other action with prior served Requests for Production.

## II.    DEFINITIONS, OBLIGATIONS, AND TERMS

7.    **"Apple" or "Defendant"** means Apple Inc., including its employees, managers, directors, officers, attorneys, representatives, contractors, agents, subsidiaries, affiliates, and any other persons or entities acting or purporting to act on its behalf.

8.    **"Plaintiff"** means Ashley Gjovik, and includes all documents, communications, and records relating to or maintained about her.

9.    **"Defendant's Disclosures"** refers to Defendant's "Amended Initial Disclosures" a.k.a. "Def.'s Supp. Initial Discovery" served and signed on Sept. 16 2024.

10.    **"Document(s)"** shall have the broadest possible meaning under Federal Rule of Civil Procedure 34(a) and includes, without limitation: all written, printed, typed, electronically stored, photographic, or otherwise recorded matter; emails; text messages; messages; Webex, Microsoft Teams or Zoom chats; meeting notes; handwritten notes; internal memos; reports; PowerPoint/Keynote presentations; audio recordings; metadata; and all drafts, copies, or redlined

versions thereof.

11. **"Electronically Stored Information" or "ESI"** means any and all electronically stored documents, metadata, communications, or records stored on any server, email system, phone, Slack channel, internal database, SharePoint system, cloud drive, or physical device. ESI shall include metadata, document versions, Slack message histories (including edits and deletions), and file path logs.

12. **"Communication"** means any oral, written, or electronic statement, utterance, conversation, correspondence, message, or transmission of information between two or more persons or systems, whether formal or informal.

13. **"Concerning," "Relating to," or "Referring to"** mean relating to, referring to, describing, evidencing, constituting, reflecting, memorializing, or having any legal, factual, or evidentiary connection to the subject matter identified.

14. **"Identify" or "Describe,"** when used in reference to a person, document, or communication, means to provide, as applicable:

- (a) the name.
- (b) title and role.
- (c) last known address or contact information.
- (d) date(s) involved; and
- (e) for documents, the Bates number or file location, and storage format.

15. **"Policy"** means any written or unwritten rule, protocol, code of conduct, internal practice, instruction, or standing order issued by Apple or its personnel.

16. **Duty to Supplement.** These Requests are continuing in nature. Defendant shall supplement its responses and production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure if it later obtains or discovers any

responsive material.

17. **ESI Format.** Electronically Stored Information ("ESI") must be produced in native format with metadata intact, including timestamps, author/sender, recipient, revision history, file paths, and hash values, unless the parties agree to an alternative reasonably accessible format. messages must include edit history, reactions, and threading context.

18. **Search Obligations.** The defendant must conduct a reasonable, good faith search of all physical and electronic storage systems likely to contain responsive materials, including but not limited to:

- Message and email servers (e.g., Slack, Apple Mail, Outlook, Exchange, etc.)
- Internal project management tools (e.g., JIRA, Confluence, Workday, Radar, etc.)
- Shared drives, SharePoint, iCloud, GitHub, Zoom, and other file repositories.

19. **Privilege and Redactions.** If any document is withheld in whole or in part on the basis of attorney-client privilege, work product doctrine, or other objection, Defendant must: State the legal basis for withholding; Provide a privilege log identifying the document's author, recipient(s), date, general subject matter, and type of privilege claimed. Redactions must be narrowly tailored, not applied to entire documents unless justified, and redacted versions must be produced with placeholders indicating the basis.

20. **Possession, Custody, or Control.** These Requests apply to documents and ESI that are in Defendant's possession, custody, or control, including those maintained by its employees, attorneys, contractors, agents, investigators, subsidiaries, affiliates, and third-party vendors acting on Apple's behalf or under Apple's contractual right of access.

21. **Interpretation.** Terms such as "all," "each," "any," "including,"

and "concerning" shall be construed to have broad and inclusive meanings, consistent with liberal discovery principles under federal law. No Request shall be interpreted in a limiting or restrictive manner unless required by law or court order.

22.   **Objections.** If Defendant objects to any Request, it must: State with specificity the legal and factual basis for the objection; Indicate whether any documents are being withheld; Produce any portion of a document that is not subject to the objection.

23.   **Third-Party Access.** If any responsive documents are held by a third party (e.g., Slack, outside counsel, facilities contractors, or consultants), and Apple has the right to access or direct access to such documents, it must make reasonable efforts to obtain and produce them.

24.   **Consolidation of Duplicates.** Duplicate documents or ESI that are functionally identical may be produced only once. However, Defendant must indicate all custodians in whose possession a duplicate was found.

25.   **Replies to Communications.** Where a document includes a communication with replies (e.g., email threads, messages, chat discussions), each reply or message in the thread shall be produced as a separate document, with thread context preserved, including timestamps and sender metadata.

26.   **Metadata Requirements.** Each document or ESI item produced must include metadata fields showing at minimum: Date and time of creation; Date and time of last modification or edit; Date and time sent or received (if applicable). If metadata is unavailable, Apple must explain why and identify any system or export tool limitations.

27.   **Reductions and Privilege Limits.** No document may be redacted on the basis of attorney-client privilege or work product doctrine unless a licensed attorney is a sender, recipient, or expressly referenced in the content of the communication. Documents redacted for any reason, including for claims of:

Attorney-client privilege, Trade secret protection, Confidential business or proprietary information (as defined under Cal. Civ. Code § 3426.1(d) and 18 U.S.C. § 1839), must be accompanied by a Confidentiality Privilege Log, indicating: The reason for redaction; The nature of the redacted content; Any person(s) referenced in or related to the content.

28. **Absence of Documents / Audit Trails.** If Defendant asserts that no responsive documents exist in a system where responsive documents would reasonably be expected to exist (e.g., HR records, ER databases, safety logs, Slack), Apple must: Identify the system(s) searched, Specify the search terms and fields used, Confirm the date/time of the search, and provide a record or screenshot showing the absence of results for Plaintiff's name or account (e.g., "no ER case found for Ashley Gjovik").

29. **No Presumption of Completeness.** The absence of documents shall not be presumed sufficient unless Apple affirmatively demonstrates that it conducted a reasonable and timely search of all systems likely to contain responsive information.

## III.    REQUESTS FOR PRODUCTION

## A. RFP No. 65.

30.    All documents, records, communications, and materials obtained by Defendant, Defendant′s counsel, or anyone acting on Defendant′s behalf through third-party subpoenas in this litigation. This request starts from the beginning of the litigation (Sept. 7 2023 and continues through the end of the litigation, with supplements required as any additional third-party materials are subpoenaed).

## B. RFP No. 66.

31.    All communications, correspondence, and documents relating to the service of third-party subpoenas noted in No. 65,including but not limited to confirmation of service, responses from subpoenaed parties, objections received, and any modifications or withdrawals of subpoenas.

## C. RFP No. 67

32.    Defendant's Disclosures, lists Yannick Bertolus under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## D. RFP No. 68

33.    Defendant's Disclosures, lists Megan Bowman under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## E. RFP No. 69

34. Defendant's Disclosures, lists Antone Jain under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## F. RFP No. 70

35. Defendant's Disclosures, lists Aleks Kagramanov under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## G. RFP No. 71

36. Defendant's Disclosures, lists Ekelemchi Okpo under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## H. RFP No. 72

37. Defendant's Disclosures, lists Helen Polkes under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## I. RFP No. 73

38. Defendant's Disclosures, lists David Powers under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

## J. RFP No. 74

39.   Defendant's Disclosures, lists Joni Reicher under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

### K.   RFP No. 75

40.   Defendant's Disclosures, lists Michael Steiger under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

### L.   RFP No. 76

41.   Defendant's Disclosures, lists Jenna Waibel under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

### M.   RFP No. 77

42.   Defendant's Disclosures, lists Jennifer Waldo under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

### N.   RFP No. 78

43.   Defendant's Disclosures, lists Adelmise Warner under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

### O.   RFP No. 79

44.    Defendant's Disclosures, lists Dan West under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures.

### P.  RFP No. 80

45.    Defendant's Disclosures, lists Plaintiff under Category 2-C as "likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment." Please provide all discoverable information for this person as noted in Defendant's Disclosures, that is within the control of the Defendant including Plaintiff's work emails, Slack, Confluence, SMS, Apple Chat, iCloud at Work, Radar, etc.

### Q.  RFP No. 81

46.    Defendant's Disclosures, Category 2-B, lists Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, and Adelmise Warner as involved in making the decision to take the adverse action. Please produce all discoverable information from these parties regarding the decision to terminate Plaintiff's employment.

### R.  RFP No. 82

47.    Defendant's Disclosures, Category 1-F, includes "documents relied upon to make the employment decision(s) at issue in this lawsuit." Please produce all documents relied upon to make the employment decisions at issue in this lawsuit including change in work responsibilities, administrative leave, suspension of account access, search of data, termination of employment, and subsequent notice from counsel from June 2021 through Sept. 2021.

### S.  RFP No. 83

48.   Defendant's Disclosures, Category 1-G, includes "workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action." Defendant has not produced any Retaliation policies, Performance Review or Evaluation policies, Progressive Discipline policies, or policies regarding Investigations or Workplace Violence. Please produce these policies.

### T.   RFP No. 84

49.   Defendant's Disclosures, Category 1-L, includes "documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit." Defendant has not produced most of these documents. Please produce all of these documents.

### U.   RFP No. 85

50.   Defendant's Disclosures, Category 1-N, includes "any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action." Defendant's response was "There is no operative answer on file. Defendant will produce non-privileged documents in support of its defenses and affirmative defenses at the appropriate time after its answer is filed." Please produce all of these documents ASAP.

### V.   RFP No. 86

51.   All communications between Apple Inc (HR, ER, Global Security, non-privileged Legal, etc.) and Cheryl Stewart a.k.a. Cher Scarlett regarding Plaintiff from March 2021 through current. This includes non-privileged communications with third party counsel regarding this litigation and related adjudication.

**RESPONSE DEADLINE:** Pursuant to Fed. R. Civ. P. 34(b)(2)(A), responses are due within 30 days of service of this request.

**CONTINUING OBLIGATION:** These requests impose a continuing obligation to supplement responses if additional responsive documents are obtained.

## IV.    CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Production was served upon Apple's counsel via email on August 13 2025.

_____

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*
August 13 2025

Email: legal@ashleygjovik.com
Physical Address: Boston, Massachusetts
Mailing Address: 2108 N St. Ste. 4553 Sacramento, CA, 95816
Phone: (408) 883-4428