Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

    Plaintiff,

    v.

**APPLE INC**, *a corporation*,

    Defendant.

**Case No. 3:23-cv-04597-EMC**

**Magistrate Judge**: Honorable Kandis Westmore

**PROPOSED ORDER**

# I.    PROPOSED ORDER

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ON**

**REMAINING FACT DISCOVERY DISPUTES**

Hon. Kandis A. Westmore, U.S. Magistrate Judge

Having considered Plaintiff's Opening Discovery Brief Re Remaining Fact Discovery Disputes, Defendant's responsive brief, the parties' meet-and-confer correspondence, and the record in this action, and good cause appearing, IT IS HEREBY ORDERED:

## I.  ENVIRONMENTAL RECORDS

1. Within fourteen (14) days of this Order, Apple shall produce all responsive, non-privileged documents in response to RFP Nos. 7, 8, 9, and 10 (Set One) and RFP Nos. 24, 28, 29, 30, 31, and 32 (Set Two), subject to a temporal narrowing of January 1, 2019 through October 31, 2021.

## II.  DOCUMENTS RELATING TO PLAINTIFF'S PROTECTED ACTIVITY, OKPO-IMPLICATED RFPS, AND PRIVILEGE

2. Within fourteen (14) days of this Order, Apple shall produce all non-privileged documents concerning Plaintiff's protected activity and Apple's knowledge of that activity, including internal Apple-side records reflecting complaints raised, investigations undertaken, and responses formulated.

3. Within fourteen (14) days of this Order, Apple shall search, review, and either produce or log on a document-by-document basis all documents responsive to RFP Nos. 4, 7, 11, 12, 13, 14, 15, 16, 36, 43, 44, 55, 56, and 60 (Set Two), including communications involving Apple

Legal and internal investigations personnel. Apple shall not withhold any category of documents on the ground that it will not search for or log the category.

4. Within fourteen (14) days of this Order, Apple shall serve a complete privilege log meeting the requirements of this Court's Standing Order ¶ 20 as to all withheld documents across both sets of Plaintiff's Requests for Production and as to all privilege claims asserted at depositions in this case. The log shall specify for each document or category of similarly situated documents: (a) the title and description, including number of pages or Bates range; (b) subject matter; (c) identity and position of author(s); (d) identity and position of all addressees and recipients; (e) date prepared and, if different, date(s) sent or shared; (f) steps taken to preserve confidentiality; and (g) the specific basis for the privilege claim.

5. Within seven (7) days of this Order, Apple shall provide in writing, as to each privilege claim asserted at deposition, the foundational information required by Judge Chen's Standing Order, § e, including the date of the communication, the participants, the general subject matter, and other persons to whom the substance has been disclosed.

6. Apple shall produce for *in camera* review the contested investigation-related entries on its privilege log within fourteen (14) days of this Order, so that the Court may assess Apple's privilege claims on a document-by-document basis.

### III.  RULE 26(a) DISCLOSURES

7. Within seven (7) days of this Order, Apple shall supplement its Rule 26(a)(1) initial disclosures to identify each person Apple may rely on in connection with the decision to terminate Plaintiff's employment, including each person who proposed, initiated, participated in, or provided information for any investigation or evaluation of Plaintiff leading to the termination, and the subjects of the discoverable information each such person is believed to possess.

8. Within seven (7) days of this Order, Apple shall supplement its Rule 26(a)(1) initial disclosures to identify each person Apple may rely on to support any claim or defense in this action, including Cher Scarlett if applicable.

9. Within seven (7) days of this Order, Apple shall identify the proposed Rule 35 examiner and each retained or anticipated expert witness, and shall serve any required Rule 26(a)(2) disclosures forthwith.

## IV.  RFP-BY-RFP COMPLETION STATEMENT

10. Within fourteen (14) days of this Order, Apple shall serve a written statement addressing each numbered request in both sets of Plaintiff's Requests for Production. For each request, Apple shall state one of the following:

(a) Production is complete, and Apple has produced all non-privileged documents in its possession, custody, or control that are responsive to the request as propounded; or

(b) Apple is withholding responsive documents, identifying (i) the grounds for withholding (including privilege, relevance, proportionality, or objection to scope) and (ii) the categories of documents being withheld.

11. For any RFP for which Apple does not make such a statement within fourteen (14) days, Apple's objections shall be deemed waived and Apple shall produce all responsive, non-privileged documents forthwith.

## V.  NORTHEASTERN UNIVERSITY RECORDS

12. Within seven (7) days of this Order, Apple shall produce all records it received in response to its third-party subpoena to Northeastern University concerning Plaintiff.

## VI.  ADDITIONAL RFP DISPUTES

4

13. Within fourteen (14) days of this Order, Apple shall produce or log all records responsive to RFP Nos. 40, 41, and 42 (Set Two), including system-generated access logs, audit trails, and IT monitoring tickets concerning Plaintiff.

14. Within fourteen (14) days of this Order, Apple shall respond to and produce documents responsive to RFP No. 49 (Set Two) as narrowed by Plaintiff on April 23, 2026.

15. Within fourteen (14) days of this Order, Apple shall produce all documents responsive to RFP Nos. 61 and 62 (Set Two) beyond calendar invites, including meeting preparation notes, talking points, internal communications regarding the September 3 and September 7, 2021 meetings with Plaintiff, and ticketing-system records identified in Mr. Okpo's deposition testimony.

16. Within seven (7) days of this Order, Apple shall serve amended, signed discovery responses reflecting its current positions on each Request for Production at issue in this Order.

## VII. GENERAL PROVISIONS

17. Plaintiff is granted leave to supplement the record as necessary to address the adequacy of any compromise or production first offered by Apple on or after April 23, 2026.

18. Nothing in this Order limits Plaintiff's right to seek further relief, including sanctions or fees under Federal Rule of Civil Procedure 37(a)(5), upon a showing that Apple has failed to comply with this Order or that any production or disclosure ordered herein is deficient.

IT IS SO ORDERED.

Dated: _____

P'S MOTION RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC                APRIL 23 2026

_____

HON. KANDIS A. WESTMORE

United States Magistrate Judge

1.

P'S MOTION RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC                APRIL 23 2026