**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION**

Hearing Date: June 11, 2026 Time: 1:30 p.m. Courtroom: 5, 17th Floor, San Francisco Judge: Hon. Edward M. Chen

---

Plaintiff Ashley Gjovik's Motion for Summary Judgment and Preliminary Injunction came on for hearing before this Court. Having considered the Motion, the Declaration of Ashley Gjovik and attached exhibits, Defendant's opposition, Plaintiff's reply, the record in this action, and the arguments of the parties, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. Summary adjudication under Federal Rule of Civil Procedure 56(a) is GRANTED in Plaintiff's favor on liability on the following subclaims:

2. **Count One (*Tameny* termination in violation of public policy):**

    1. Subclaim based on the California Constitution Article I, § 1 right to privacy;

    2. Subclaim based on retaliation for opposition to sexual harassment and sex-based discrimination (tethered to FEHA § 12940(h) and Title VII);

    3. Subclaim based on retaliation for environmental health and safety reporting (tethered to Labor Code § 6310 and public-policy favoring workplace safety);

    4. Subclaim based on retaliation for COVID-19 workplace-safety speech and advocacy (tethered to Labor Code §§ 6310, 232.5, and 96(k));

1. **Count Two (Labor Code § 1102.5 retaliation):**

    1. Subclaim based on Plaintiff's CERCLA disclosures to the U.S. EPA and her internal reporting of environmental health and safety violations regarding the hazardous waste management and mitigation at her office;

    2. Subclaim based on Plaintiff's disclosures concerning conduct she reasonably believed constituted sexual harassment and retaliation in violation of Cal. Gov. Code § 12940(h) and (j) (FEHA) and 42 U.S.C. § 2000e-3(a) (Title VII);

    3. Subclaim based on Plaintiff's provision of information to, and participation in proceedings before, public bodies conducting investigations — the U.S. Environmental Protection Agency, Equal Employment Opportunity Commission, and California Department of Fair Employment and Housing;

1. **Count Three (Labor Code § 6310 retaliation):**

1. Subclaim based on Plaintiff's complaints regarding vapor-intrusion and other environmental health and safety conditions at 825 Stewart Drive and her reporting to the U.S. EPA;

2. Subclaim based on Plaintiff's complaints regarding COVID-19 workplace-safety conditions;

2. **Count Four (Labor Code § 98.6 retaliation):**

   1. Subclaim based on Labor Code § 232.5 (disclosure of working conditions);

   2. Subclaim based on Labor Code § 96(k) (lawful conduct during nonworking hours off the employer's premises);

   3. Subclaim based on Labor Code § 1102.5 as incorporated through § 98.6(a).

3. All other subclaims within Counts One through Four, all other factual theories within the adjudicated subclaims, and all of Plaintiff's remaining pleaded claims are reserved for trial. Damages on the adjudicated subclaims are reserved for trial.

4. Plaintiff's request for a preliminary injunction is GRANTED. Pending final judgment in this action, Defendant Apple Inc. shall:

   1. Reinstate Plaintiff to payroll at the compensation level in effect on September 9, 2021; and

   2. Restore Plaintiff's medical, dental, and vision insurance coverage at the plans in effect on September 9, 2021.

5. The preliminary injunction shall take effect immediately upon entry of this Order.

6. The Court retains jurisdiction to enforce the terms of this Order.

7.

IT IS SO ORDERED.


Dated: _____


_____

HON. EDWARD M. CHEN
United States District Judge