JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
Orrick, Herrington & Sutcliffe LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>         v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No.  23-cv-4597-EMC<br><br>**DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF, PURSUANT TO CIVIL LOCAL RULE 7-11, TO STRIKE PLAINTIFF'S LATE-FILED MOTION AND DECLARATION (DKT. NOS. 359 & 360)**<br><br>Judge:  Honorable Edward M. Chen<br>Dept:    Courtroom 5, 17th Floor |

## I.   INTRODUCTION

Defendant Apple Inc. respectfully files this request under Civil L.R. 7-11 that this Court strike Plaintiff's late-filed "Motion for Summary Judgment and Preliminary Injunction" and supporting declaration—the latest in a series of untimely filings that the Court has previously warned will have "consequences"—due to her failure to file by the Court-ordered deadline.

## II.   LEGAL STANDARD

Civil L.R. 5-1(d)(4) requires electronic filings be completed before midnight to be timely. Civil L.R. 7-2(d) and 7-5(a) require motions be accompanied by one or more supporting declarations that furnish evidence that support the motion. If a party does not believe they can timely meet a court-ordered deadline—to file a motion, supporting evidence, or both—they are required to seek leave of court to extend under Civil L.R. 6-1(b) and 6-3, and to furnish a declaration explaining the reasons they believe justify additional time. And "[d]istrict courts have the inherent power to control their dockets"—which includes enforcing court-ordered deadlines. *Yok Hing L. v. Alameda Cnty. Superior Ct.*, No. C-13-2873 EMC, 2013 WL 12170635, at *1 (N.D. Cal. Dec. 20, 2013).

## III.   RELEVANT BACKGROUND

At the January 13, 2026 Status Conference in this case, Plaintiff pressed this Court to schedule summary judgment briefing to commence post haste. Ms. Gjovik proclaimed: "I'm ready now and, like, a year ago to file my motion for summary judgment." Jan. 13, 2026 Hrg. Tr. (Dkt. No. 300) at 3:15-16; *see id*. at 10:3-7 ("MS. GJOVIK: That's why I'm so excited about this, Your Honor, because I have all the evidence, so I just want to make sure that I provide it without overwhelming you …"). The Court subsequently set forth a briefing schedule for cross-motions, and memorialized it in an order docketed on February 12, 2026:

> Parties advised the Court they will file motions for summary judgment. Court set the following briefing schedule: ***Plaintiff's summary judgment brief is due 4/23/2026***. … While Plaintiff is entitled to support her motion with a declaration, it must be concise. Plaintiff may also file a motion for a preliminary injunction to have her pay reinstated pending resolution of this case, but this motion must be included within Plaintiff's motion for summary judgment. Any briefing on such a motion shall not circumvent applicable page limits or the page limits set for the MSJ briefing."

DEF.'S MOT. FOR ADMIN. RELIEF
RE PL.S' LATE-FILED MOTION &
DECL. (DKT. NOS. 359 & 360)
[23-CV-4597-EMC]

Dkt. No. 273 (emphasis added).

Subsequent orders of this Court repeatedly flagged that Plaintiff had an impending summary judgment deadline, for which she had insisted she was prepared. *See, e.g.,* Dkt. No. 344 at 6 (Court recognizing Plaintiff has repeatedly stated "she has everything she needs for her own summary judgment motion"); Dkt. No. 352 at 4 (emphasis in original) ("Because it is a close call as to whether Ms. Gjovik gave Apple reasonable notice, the Court shall allow Ms. Gjovik to take Apple's deposition after the fact discovery cut-off of April 16, 2026, but it shall **not** change the summary judgment briefing schedule, particularly in light of Ms. Gjovik's prior representations that she does not need additional discovery to proceed with summary judgment."). And Plaintiff herself was plainly aware of the deadline. *See, e.g.,* Dkt. No. 356-3 at 6 (Apr. 21, 2026 email from Plaintiff representing she will be "filing [her] summary judgement [*sic*] motion in two days"),

Plaintiff did not, however, timely file her motion or any supporting evidence. The motion itself was filed late, at 10:01 a.m. on April 24, 2026. *See* Dkt. No. 359. Plaintiff's supporting declaration and 50 exhibits—totaling 651 pages—were not filed until 4:21 p.m. *See* Dkt. No. 360.

Plaintiff's failure to comply with Court-ordered deadlines—even as to core filings in her case—is not new. Back in November 2024, the Court wrote:

> The Court agrees with Apple that Ms. Gjovik has failed to comply with its orders. First, the 5AC was due on November 5, 2024. See Docket No. 123 (Order at 1-2). Ms. Gjovik had five weeks to file the pleading. Initially, the Court gave her four weeks to amend but, subsequently, gave her an extension of one additional week. … During those five weeks, Ms. Gjovik made several filings with this Court as well as with the Ninth Circuit. See, e.g., Docket Nos. 115, 117 (motions filed with this Court); Docket Nos. 114, 125 (filings made with the Ninth Circuit). However, she did not file her 5AC on November 5; nor did she ask this Court for an extension of time beyond November 5. …
>
> Ms. Gjovik *risks being sanctioned* if she continues to make late filings. While a filing that is not unduly late may not be so prejudicial to the opposing party as to warrant severe sanctions, a pattern or practice of late filings is a different matter. … Ms. Gjovik is *now on notice that there are consequences*. …
>
> If Ms. Gjovik does not timely file the 5AC and/or files a pleading that subverts the 75-page limit imposed by the Court, *she risks the imposition of a more severe sanction – including the severest sanction of dismissal*.

Dkt. No. 137 at 1-2, 3 n.3, 4 (emphasis added).

DEF.'S MOT. FOR ADMIN. RELIEF
RE PL.S' LATE-FILED MOTION &
DECL. (DKT. NOS. 359 & 360)
[23-CV-4597-EMC]

Subsequent to that, the Court wrote:

> *Because Ms. Gjovik filed an untimely and oversized opposition, the Court could well strike her brief – notwithstanding her pro se status*. See, e.g., Swanson v. U.S. Forest Serv., 87 F.3d 339, 343, 345 (9th Cir. 1996) (holding that district court did not abuse its discretion in striking portions of a brief that violated page limits). *Taking this course of action would not be unwarranted* given that Ms. Gjovik has, in the past, on more than one occasion failed to comply with deadlines and/or page limits. …
>
> Ms. Gjovik is forewarned [ ] that, in the future, *she must comply with all deadlines*, page limits, and/or other rules or orders, *just as any litigant before this Court must*. The Court has already given Ms. Gjovik substantial leeway in the past and *will no longer excuse her compliance with the rules*.

Dkt. No. 179 at 4-5 (emphasis added).

And this Court recently reiterated its observation that Plaintiff has "failed to act with [ ] requisite diligence" in recent months. Dkt. No. 353 at 4-5.

Apple attempted to seek a stipulation to the relief sought here, but Plaintiff did not agree. Decl. of Melinda S. Riechert filed herewith, Ex. A, ¶ 2.

## IV.    ARGUMENT

Plaintiff should not be permitted to violate the Court's orders and deadlines endlessly and with impunity. There should be "consequences" (Dkt. No. 137 at 3 n.3), and this Court should "no longer excuse" her failures (Dkt. No. 179 at 5).

## V.    CONCLUSION

Defendant respectfully requests that the Court strike Plaintiff's late-filed motion at Dkt. No. 359 and late-filed declaration at Dkt. No. 360. Apple can and will be ready to file its motion for summary judgment, as ordered by the Court, on May 7, 2026.

Dated: April 24, 2026                     ORRICK, HERRINGTON & SUTCLIFFE LLP

                                          By:    */s/ Melinda S. Riechert*
                                                 MELINDA S. RIECHERT
                                                 Attorney for Defendant
                                                 APPLE INC.

- 3 -

DEF.'S MOT. FOR ADMIN. RELIEF
RE PL.S' LATE-FILED MOTION &
DECL. (DKT. NOS. 359 & 360)
[23-CV-4597-EMC]