Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**,
*an individual*,

      **Plaintiff**,

      v.

**APPLE INC.**,
*a corporation*,

      **Defendant**.

**Case No. 3:23-cv-04597-EMC**

**District Judge**: Honorable Edward M. Chen

**DECLARATION OF ASHLEY GJOVIK IN SUPPORT OF HER MOTION FOR LEAVE TO FILE PAST DEADLINE AND OPPOSITION TO DEFENDANT'S ADMIN. MOTION (DKT. 361)**

**REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION**

**Hearing:**

Dept: Courtroom 5, 17th Floor, San Francisco

Date: June 11 2026 1:30 p.m.

i

## I.    DECLARATION OF ASHLEY GJOVIK IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE PAST DEADLINE; OPPOSITION TO ADMIN. MOTION

I, Ashley Gjovik, declare:

1.    I am the Plaintiff in this action, appearing in propria persona. I have personal knowledge of the facts in this declaration and could testify competently to them.

2.    Attached as **Exhibit A** are true and correct copies of emails I sent to Defendant's counsel on April 21 and April 22, 2026, telling Defendant in writing that its conduct was making it impossible for me to complete my motion for summary judgment, discovery motion, and my motion for preliminary injunction (in *Gjovik v. Apple*, Case No. 5:25-cv-07360) on time. I told Defendant's counsel I had three complex motions due within two days and did not have time to respond to its further demands; I asked counsel repeatedly to stop creating new disputes and to allow me to focus on my filings.  Defendant did not stop. I still have not had time to complete my motion for preliminary injunction (arguing imminent and substantial endangerment of the environmental and community around Apple's semiconductor manufacturing facility) to date as I am still working to finish the Motions due in this case first. I had to request multiple extensions from Judge Pitts in Case No. 5:25-cv-07360 and had indicated to him the motion for preliminary injunction would be incoming back in December 2025. I still have not had time to complete it.

3.    Attached as **Exhibit B** are true and correct copies of my email correspondence with Aptus Court Reporting between April 17 and April 22, 2026. On the evening of April 17, 2026 (immediately following the Bertolus deposition), I requested expedited delivery of the certified transcript, ideally by April 21 but no later than April 22, because I had to file my motion for summary judgment by April 23. I followed up on April 21 and again on the morning of April 22, telling Aptus that if I could not get the transcript by mid-day April 23 I might have to ask the Court to reschedule my motion.  The certified transcript was delivered at 3:25 PM on

0

April 22, 2026. I was charged $4,036.09 in fees to obtain the transcript on this schedule. The deposition was conducted only from 1:07 PM to 5 PM on April 17 2026 – less than four hours duration and costing me over $4,000 due to the witness not being produced for so long and the unexpected necessity of including his testimony in the motion.

4.    Attached as **Exhibit C** is a true and correct copy of my email to Court chambers (chambers' staff for the Honorable Edward M. Chen) sent on Friday, April 24, 2026, between filing my Motion for Summary Judgment (Dkt. No. 359) earlier that day and filing my supporting Declaration (Dkt. No. 360) later that afternoon. The email advised chambers of the late filing, apologized for the delay, and confirmed that chambers copies would follow by mail.

5.    I was unable to complete the Declaration by the time my USPS Post Office closed and I did not expect it would take hours for me to hole-punch and tab the Declaration and Exhibits, which delayed me sending the Chamber's Copies until April 25 2026.

6.    Attached as **Exhibit D** is a true and correct copy of my FedEx 2-day shipping receipt for chambers copies of the Motion (Dkt. No. 359) and Declaration (Dkt. No. 360), shipped April 25, 2026 for arrival Monday, April 27, 2026, together with a photograph of the tabbed and three-hole-punched filing prepared in compliance with the Court's standing order. I assembled the chambers copies on Saturday after filing the underlying papers Friday afternoon. I was exhausted from lack of sleep and endless work on the Motion and Declaration and went to sleep last night around 6 PM and did not wake up until around 10 AM today. I did not become aware of Defendant's strike motion (Dkt. No. 361) until Saturday morning, April 25, 2026.

7.    Attached as **Exhibit E** is a true and correct copy of a redline comparison between Defendant's prior verified response to Plaintiff's Special Interrogatory No. 2 and Defendant's April 6, 2026 amended verified response to the same interrogatory. Plaintiff served Set One of the Special Interrogatories on July 3, 2025 and Set Two on July 17, 2025. Defendant's amended

1

response was served on April 6, 2026, pursuant to Magistrate Judge Westmore's Order at Dkt. No. 327, granting the Plaintiff's Motion to Compel further responses.

8.      On a personal note, I am deeply disturbed by the recently exposed justification Defendant has used for my termination and has vaguely referenced in this litigation for years – including the underlying facts, its insistence in maintaining this defense, and learning that the sous chef in question is deceased. I feel deeply violated, denigrated, harassed, and traumatized both retroactively for what Apple's done to me in the past and now knowing this information, and also ongoing, with Apple's current litigation conduct and the fact that I know need to expose my personal life, including my sexuality and sexual interactions, as part of this retaliation case – which feels like an extreme and unnecessary invasion of my privacy. It also makes me feel ashamed and embarrassed to have to discuss this in federal court, and that emotional response may have also delayed my work on the Motion to some extent.

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed April 25, 2026 in San José, California.

Respectfully filed,

_____
**/s/ Ashley M. Gjovik**
**Ashley Gjovik (Plaintiff/*In Propria Persona*)**
Filed April 25 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

2

## II.   EXHIBITS

### A.   **EXHIBIT A**

PLAINTIFF'S REQUEST FOR LEAVE TO FILE | 3:23-CV-04597-EMC          APRIL 25 2026

# RE: Gjovik v Apple - Remaining Discovery Issues Raised by Plaintiff (Per Dkt. No. 327)

| | |
|---|---|
| From | Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| To | Perry, Jessica R. <jperry@orrick.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R. <jperry@orrick.com> |
| Date | Wednesday, April 22nd, 2026 at 1:46 PM |

Counselor,

First, you've once against split the email chains after I asked you repeatedly to stop splitting the email chain. I'm adding your response below to the last respond to this email chain which you omitted along with many other responses you also omitted. You also once again deleted the date/time stamps for my emails after I asked you repeatedly to stop doing that .

Further, I told you multiple times I have to complete a complex Motion for Summary Judgement, Motion for Preliminary Injunction, and the Discovery Dispute motion by end of day tomorrow and I do not have time to even complete all of that let alone respond to every point right now. I clearly did not waive any of the issues I raised earlier and your assertion that I did is false and I object to your conduct. Your response is also confusing and does not address the actual material aspects of the concerns I raised. In fact, so far, you haven't addressed the material issues I raised in any of the dispute issues I flagged -- and you've created more and new issues that have to be raised even after the "final" email including the use of Cher Scarlett as a defense witnesses, the confidentiality claims regarding all investigations, the refusal to meet/confer on the Rule 30 depo of Apple, the failure to disclose your IME, the failure to disclose defenses witnesses, continued incomplete responses to discovery requests, and so on.

I stand by all the issues I've flagged in my original list and ongoing, and I'm frustrated you haven't actually addressed any of the concerns on the merits, offered no compromise, but have insisted on forking, deleting, and falsifying this email chain repeatedly. As of now I plan to move forward tomorrow with some/all of the issues I raised in my motion because Apple has offered no legimiate explanation or solution regarding any of those complaints. If Apple would like to try to do that prior to end of day tomorrow, I'd happily consider their response, but otherwise I need to focus on my motions and filings and don't have time for further pointless back and forth with you where you're not actually addressing my concerns while making it more difficult for me to even show the conversation when I file the motion asking for court intervenion regarding the same concerns.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


On Wednesday, April 22nd, 2026 at 1:03 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Your emails below (sent at 8:00 am and 8:13 am PT on April 21, 2026) appear to address just two of the thirteen discovery disputes you raised in your April 9, 2026 email (and thus are part of the omnibus discovery meet & confer process): Dispute Nos. 5 and 10 (highlighted below).

Our response on those two items is as follows:

**Plaintiff's Dispute No. 5**

To the extent your email below discusses Dispute No. 5, you mischaracterize Mr. Bertolus's testimony and the record at large. The "discovery dispute" process is not supposed to be about arguing what you think discovery already provided means or portends for the merits of your claims or Apple's defenses – that is what motion practice before the court (and, if any claims were to survive, trial before a jury) is for. Because you do not identify any specific action you are requesting, Apple understands this "dispute" to be closed.

**Plaintiff's Dispute No. 10**

To the extent your email below discusses Dispute No. 10, you mischaracterize both Mr. Okpo's testimony, the representations of my colleague Ms. Riechert, and the record at large. Again, your view of what you think testimony, documents, and discovery responses mean – or why you believe they support your case, or believe they are inconsistent with your theories, assumptions, or arguments –  is not a "discovery dispute."

Further, as Apple's response to Request for Production No. 3 (Set One) made clear—and as we and testifying witnesses have repeatedly confirmed to you since then—the documents maintained by Mr. Okpo relating to his investigation of concerns you raised are ***privileged***, and Apple will not produce these documents to you. Apple logged these documents in its privilege log pursuant to FRCP 26(b)(5) and Judge Westmore's Standing Order.

Thank you.

On Tuesday, April 21st, 2026 at 6:49 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:
Also, your deadline for yoru cryptic demand being the day after I have to file three complex motions and won't have time to even start until the day you say its due is completely unreasonable. Your discovery motion isn't even due until April 30 2026.

Send me the request of what exactly you're asking for and I'll work to get it to you prior to April 27 2026 -- the day before your deposition of me -- or sooner if possible. But April 24 2026 is impossible if you're really asking for thousands of pages of records.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 6:42 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

> Hello,
>
> I combined your separated emails -- that is not creating new emails -- that is consolidating your forked emails that I asked you to stop forking and you refuse to stop folking.
>
> Let me be clear -- you claimed I had not produced anything and I said I had produced documents relevant to what you were talking about -- then you now claim me correcting your false assertion that I had not produced anything was me admitting to some sort of discovery rule violation.
>
> I also responded saying I had produced documents already because you asserted you had none so I was directing you to review what I already produced as you may actually have the documents you think you do not have and in which case your complaint is moot.
>
> That said if you want to expand your request for what documents you want from me -- simply ask me to produce whatever documents you think are so material to your defense and if reasonable I'll produce them. You know that I shared lots of internal Apple information on social media and with the press for months prior to being terminated. If you really want everything I shared I can provide that to you -- however I could see you equally complaining that I was drowning you with thousands of pages of records in producing exactly that.
>
> So just tell me what you want with reasonable specificity and I'll work on getting it to you.
>
> However, I ask you again to stop making false allegations against, threatning me with sanctions, or implyign some sort of misconduct by me when I'm trying my best to comply with the rules, provide you information, and translate your cryptic and threatening requests.
>
> Accordingly, please draft whatever it is you're requesting as an expanded or clarified request for production and be specific about what your'e looking for including time frames, platforms shared, what content is shared, etc.
>
> —
>
> **Ashley M. Gjøvik**
>
> **BS, JD, PMP**

# RE: Meet and Confer re 30(b)(6) deposition

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | Perry, Jessica R.<jperry@orrick.com> |
| CC | Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Tuesday, April 21st, 2026 at 2:09 PM |

Counselor,

I did not ask for the Rule 30(b)(6) deposition prior to summary judgement and it would be impossible for me to complete it prior to me filing my summary judgement motion in two days. That said, I reserve all rights to object to whatever Apple files in its motion for summary judgement if it refused discovery on the topics it then seeks to assert as summary judgement arguments -- because I objected on the record multiple times that Apple was refusing to disclose information or produce evidence regarding its cryptic affirmative defenses and I'm not prepared to assess whether I have enough information/evidence to challenge their affirmative defenses if Apple won't even qualify or quantify what its defenses are.

Similarly, Judge Chen ordered the deposition of Apple Inc to be completed by May 14 2026 and not be attached to the schedule for Summary Judgement, likely assuming as I did, that whatever Apple plans to argue in its own motion was something it has actually complied with discovery requests and produced required information/evidence.

Regarding your option 1 - you are missing the point here entirely. I'm moving for summary judgement against Apple & confident I will obtain a ruling in my favor finding Apple liable for multiple of my claims and the trial would then hear damages and any remaining claims that require additional evidence and/or a jury to weigh in on. Apple's updates regarding summary judgement repeatedly claimed its not ready and doesn't want to present its evidence yet -- so its unlcear why you'd now be implying you're ready to move to dismiss the entire case in response to my own summary judgement motion. Further, Judge Chen already warned you during case mgmt that it sound like most/all of Apple's defense is contested and would not qualify for summary judgement because there are not undisputed facts to support Apple's assertions.

Similarly, the Summary Judgement hearing is in June 2026 and the trial is October 2026. You'd be asking to delay the deposition to June or July 2026 when Judge Chen already ordered it to occur by May 14 2026. Among other issues, rescheduling again would be a question for Judge Chen, not Judge Westmore.

Therefore your option 1 is contrary to my own request, Judge Chen's ruling, the plan for the summary judgement schedule and scope, Apple's prior statements about its own defense, and seems to serve no purpose other than to delay.

Regarding your option 2 - I am actually open to your counter proposal. Knowing Apple, a written deposition would likely be more efficient for it to coordinate. However, the written deposition generally still requires a court reporter/officer, and some of the formalities of an oral deposition. And your modification makes this more of an

agreement to provide additional interrogatories rather than sit for a deposition -- but you previously refused to provide additional interragotories and this would assumably push me over my max amount.

Judge Chen ordered the Rule 30(b)(6) deposition to occur by May 14 2026 and did not mention interrogatories or some format outside the FRCP. Will Apple agree to a written deposition, in compliance with FRCP, prior to May 14 2026 with ten questions out of the list already provided that it will answer in reasonable detail?

Or would Apple like to suggest a new/different format that we should seek Judge Chen's approval -- if not a deposition?

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 1:54 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> We told you Mr. Bertolus would be prepared to answer questions as a 30(b)(6) witness, it was your choice not to follow up on that or ask him anything in that capacity. I'm not going to engage in a post-mortem debate with you how you should have conducted the deposition. And I also disagree with your interpretation of his testimony, but the record will speak for itself.
>
> As to your inquiry about a compromise, Apple would be willing to consider agreeing to one of the following:
>
> 1. Since you have repeatedly confirmed this information is not needed for summary judgment, defer ruling on this issue until after summary judgment. If any of your claims survive, we will be in a better position to address scope at that time.
> 2. Provide us a list of 10 discrete questions from your agenda list of 40 questions you truly need answered and, subject to any objections, Apple will provide a verified response in writing to those questions by May 14, 2026.
>
> If neither of those compromises are agreeable, please provide your 1.5 page portion of the joint letter by 3pm.
>
> Thank you.
>
> [EXTERNAL]

# RE: Meet and Confer re 30(b)(6) deposition

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To      Perry, Jessica R.<jperry@orrick.com>

CC      Riechert, Melinda<mriechert@orrick.com>, Booms, Ryan<rbooms@orrick.com>,
        Mantoan, Kathryn G.<kmantoan@orrick.com>, Romero, Josette L.<jromero@orrick.com>,
        Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>,
        Davidson, Sarah<sdavidson@orrick.com>

Date    Tuesday, April 21st, 2026 at 6:53 PM

Please confirm I can file v6 with the content I sent you at 6:35pm which matches the version you sent me except for the note accepting your proposed dates. Attaching v6 again here.

I also note that while you're delaying responding to my emails about this you're concurrently writing emails about request for production that are harassing me about my protected concerted activity, making false allegations against me, and creating unreasonably deadlines that will further delay me working on the three motions I have to finish in the next two days.

Please just sign off so I can file this

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 6:46 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> Fwiw, I see no diff in content between the version you sent and the version 5 I sent.
>
> Its only all your formatting changes + my statement saying I don't object to the dates your latest update provided.
>
> Diff attached
>
> —
>
> **Ashley M. Gjøvik**
> **BS, JD, PMP**
>
> On Tuesday, April 21st, 2026 at 6:37 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:
>
>> The version you just sent is in Arial again which is the font I compalined about earlier and because its sans serif, the court does not allow it
>>
>> I sent you a revised version a couple minutes ago please check
>>
>> —
>>
>> **Ashley M. Gjøvik**
>> **BS, JD, PMP**

# RE: Gjovik v Apple - Objections to Deposition Notices

| | |
|---|---|
| From | Perry, Jessica R. <jperry@orrick.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com> |
| CC | Ashley Gjovik<ashleymgjovik@protonmail.com>, Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Horton, Nicholas J.<nhorton@orrick.com>, Weaver, Nicholas<nweaver@orrick.com>, Davidson, Sarah<sdavidson@orrick.com>, Perry, Jessica R.<jperry@orrick.com> |
| Date | Thursday, April 2nd, 2026 at 2:20 PM |

Ashley:


Mr. Okpo can be available for deposition on Tuesday 4/7 after 1pm.


We have confirmed we are authorized to accept service of a subpoena for a mutually agreeable date for Mr. Kagramanov to appear for deposition. Mr. Kagramanov – who, as you know, is no longer an employee of Apple and thus not subject to our control as to his availability – is available the morning of Thursday 4/16 (8-11am only) for the half-day you requested. Please let us know if you would like to proceed then.


Regarding Mr. Bertolus, as we have repeatedly conveyed to you, he is a third party, we do not control his schedule, and he is not available for deposition until April 17. We have made him available on this date, and as we have already told you will not argue that the deposition occurring one day after the cut-off impacts its admissibility or use in the case. There should be no issue in accommodating this.


We will send you a separate response regarding your request for an FRCP 30(b)(6) deposition on 14 separate topics, which you sent yesterday (Wednesday 4/1).


Thank you.




[EXTERNAL]

Thank you for the update

# Gjovik v Apple 3:23-cv-04597-EMC | Service of Request for Production, Notice of Deposition, Interrogatories, and Objections

From    Ashley Gjovik <ashleymgjovik@protonmail.com>

To    Booms, Ryan<rbooms@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Perry, Jessica R.<jperry@orrick.com>, Riechert, Melinda<mriechert@orrick.com>

Date    Wednesday, August 13th, 2025 at 4:59 PM

Hello counsel,

Please see attached for service of:
- Notices of Depositions for Yannick Bertolus and Dr. Robert McKeon Aloe
- Interrogatory Set 4
- Request for Production Set 3

Please also see attached for objections and requested meet/confer regarding:
- Apple's failure to provide notice and copies of subpoenas
- Request for supplemented response to Interrogatory No. 1

Thanks,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

---

**1.02 MB**   6 files attached

Gjovik_v_Apple_20250813_Notice_of_Deposition_McKeon.pdf 155.98 KB

Gjovik_v_Apple_20250813_Objection_Interrogatory_Set_1.pdf 141.43 KB

Gjovik_v_Apple_20250813_Objection_Subpoenas.pdf 134.45 KB

Gjovik_v_Apple_20250813_Request_RFP_Set_3.pdf 243.14 KB

Gjovik_v_Apple_20250813_Interrogatory_Set_4.pdf 208.32 KB

Gjovik_v_Apple_20250813_Notice_of_Deposition_Bertolus.pdf 157.66 KB

**B.** **EXHIBIT B**

PLAINTIFF'S REQUEST FOR LEAVE TO FILE | 3:23-CV-04597-EMC            APRIL 25 2026

# Ashley Gjovik vs. Apple Inc. | Yannick Bertolus | 10188335

| From | YesLaw Online Notifications <AutoNotifications@yeslaw.net> |
|---|---|
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com> |
| Date | Wednesday, April 22nd, 2026 at 3:25 PM |



Re:

**Deposition of Yannick Bertolus**

**Ashley Gjovik vs. Apple Inc.**
**04/17/2026**

Dear Counsel:

The transcripts and exhibits from the Yannick Bertolus deposition taken on April 17, 2026 are now available for you to access online.

**To access and download the transcript files, log in to AptusWeb Transcript Repository using your login credentials.**

**Click here to login to AptusWeb Transcript Repository**

**For direct access to the repository's login page, please bookmark: https://yeslaw.aptuscr.com**

**NEW Users** will receive an automated email containing the login credentials. Once you login, you may change your password by clicking ⬜My Profile⬜. ***Should you forget your password, click the ⬜Forgot Password⬜ link on the login page and enter your email address (username). Your password will be emailed to you.***

# Re: [Aptus Production] Re: Ashley Gjovik vs. Apple Inc. | Dan West | 10188332

| | |
|---|---|
| From | Group - Production - Aptus <production@aptuscr.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com>, Group - Client Services<clientservices@aptuscr.com> |
| Date | Wednesday, April 22nd, 2026 at 3:29 PM |

Hi Ashley,

You can disregard this recent notification, the Bertolus transcript has been published to your AptusWeb account, you should be receiving the publish notification on a separate email shortly.

If you need anything else, please let us know. Thank you.

Kind Regards,



**Charles Mandal**
**Production Coordinator Lead**
Aptus Court Reporting

**Phone:** 866.999.8310
**Web:** www.aptuscr.com
**Schedule:** scheduling@aptuscr.com

On April 22, 2026 at 2:22 PM PDT legal@ashleygjovik.com wrote:

Thanks! They were available before -- was this supposed to be the Bertolus transcript? You mentioned it should be released shortly but I havent seen it yet

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Wednesday, April 22nd, 2026 at 2:15 PM, YesLaw Online Notifications <AutoNotifications@yeslaw.net> wrote:

# I N V O I C E

1 of 1



401 WEST A ST, STE 1680 | SAN DIEGO, CA 92101 | 866-999-8310

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1190851 | 4/23/2026 | 10188335 |
| **Job Date** | **Case No.** | |
| 4/17/2026 | 23-CV-4597-EMC 23-CV-04597-EMC | |
| **Case Name** | | |
| Ashley Gjovik vs. Apple Inc. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Ashley M. Gjovik, Pro Se
A.M. Gjovik Consulting, L.L.C.
2108 N Street, Suite 4553
Sacramento, CA 95816

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

| | |
|---|---|
| Yannick Bertolus | 3,997.65 |
| SALES TAX | 38.44 |
| **TOTAL DUE  >>>** | **$4,036.09** |

Thank you, your business is greatly appreciated.
Customer is ultimately responsible for payment within our terms.

To pay by check, kindly mail to our corporate office indicated above.

To remit payment via ACH or wire transfer:
Mechanics Bank | Checking 0030013364 | Routing 325084426

To pay by credit card (plus 3% surcharge), visit our website and click the "Pay Online" link.
Effective May 1, we will no longer accept debit cards, but the option to pay by direct ACH will be available.
Virtual credit cards not accepted.

| | |
|---|---|
| **( - ) Payments/Credits:** | 0.00 |
| **(+) Finance Charges/Debits:** | 0.00 |
| **(=) New Balance:** | **$4,036.09** |

**Tax ID:** 27-4460942

# Re: [Client_Services] Re: [Aptus Production] Re: Ashley Gjovik vs. Apple Inc. | Dan West | 10188332

| | |
|---|---|
| From | Group - Client Services <clientservices@aptuscr.com> |
| To | Ashley M. Gjovik (Legal Matters)<legal@ashleygjovik.com> |
| CC | Brandon Wai<bwai@aptuscr.com> |
| Date | Wednesday, April 22nd, 2026 at 1:02 PM |

Hello Ashley,

Thank you for your patience. You should be receiving the expedited email notification with access to Yannick Bertolus, former Apple VP, taken on 04/17/26, shortly.

Please note this is also being held per California code and will be released once the review is over along with the other transcripts we have in our custody.

Have a great day.



**Kind Regards,**

**Amelia Hinojosa**
**Client Services Associate**
Aptus Court Reporting

**Phone:** 866.999.8310
**Web:** www.aptuscr.com
**Schedule:** scheduling@aptuscr.com

 



On April 22, 2026 at 10:05 AM PDT legal@ashleygjovik.com wrote:

Hello,

I wanted to check in again on this and see if you received an ETA.

As mentioned, if I can't get this by today -- or mid-day tomorrow at the very very latest -- I may need to ask to have my motion for summary judgment rescheduled because this testimony is required -- and that motion is due 4/23 (tomorrow).

# Re: [SchedulingDistro] Re: Aptus Confirmation (Yannick Bertolus, prior Apple VP - Ashley Gjovik vs. Apple Inc., 4/17/2026) - 10188335

From    Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>

To      Group - Client Services<clientservices@aptuscr.com>

CC      Aptus Scheduling<scheduling@aptuscr.com>, Brandon Wai<bwai@aptuscr.com>

Date    Tuesday, April 21st, 2026 at 9:04 AM

Thank you, as I mentioned on 4/17, I need it for Summary Judgement and that deadline is 4/23. I let her know on 4/17 as well, and that I'm willing to pay the extra fees to get it today or tomorrow. Thanks.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**


On Tuesday, April 21st, 2026 at 8:54 AM, Amelia Hinojosa <clientservices@aptuscr.com> wrote:

> Good morning Ashely,
>
> Thank you for your patience. We have reached out to the court reporter with the expedited request.
>
> As soon as we hear back from her we will let you know.
>
>
>
> **Kind Regards,**
>
> **Amelia Hinojosa**
> **Client Services Associate**
> Aptus Court Reporting
>
> **Phone:** 866.999.8310
> **Web:** www.aptuscr.com
> **Schedule:** scheduling@aptuscr.com
>
> On April 21, 2026 at 8:17 AM PDT legal@ashleygjovik.com wrote:
>
>> Hello,

Can someone please respond? I have to file my motion 4/23 and require a copy of this transcript. I was hoping to have it by today but I still haven't gotten a response confirming the request to expedite.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 17th, 2026 at 8:12 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Thank you! I let the Court Reporter know I'll need an expedited version please. I said ideally by 4/21 but no later then 4/22 if at all possible since I have to file my motion for summary judgement by 4/23.

Please also feel free to share the Zoom recording with her here:

https://us06web.zoom.us/rec/share/ihYyVtcP5A3Pc1kmR1QRfW2GTkZVlo7lSUZk_k2SVbEuZrGTzWY2FQxFrzwfTeTW.hit8EzgnXJOZBzA_
Passcode: %5ZNXN^A

& final exhibits were here: https://drive.google.com/drive/folders/17aKn5ulzSf_jZeYYsYk68JqYF5YxVoC1?usp=drive_link

Thanks!!
Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Thursday, April 16th, 2026 at 6:54 AM, Vanessa Ortiz <scheduling@aptuscr.com> wrote:

Good morning,

You are confirmed for 4/17 at 1pm.

Have a wonderful morning.

Thank you,



**Vanessa Ortiz**

**Scheduling Specialist**

**Aptus** Court Reporting

**Phone:** 866.999.8310

**Web:** www.aptuscr.com

**Schedule:** scheduling@aptuscr.com

C.    **<u>EXHIBIT C</u>**

PLAINTIFF'S REQUEST FOR LEAVE TO FILE | 3:23-CV-04597-EMC                APRIL 25 2026

# Gjovik v. Apple Inc. Case 3:23-cv-04597 | Motion for Summary Judgement at Dkt. 359

| | |
|---|---|
| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
| To | emcpo@cand.uscourts.gov |
| Date | Friday, April 24th, 2026 at 10:42 AM |

Hello,

I'm the Plaintiff in *Gjovik v. Apple Inc.* (Case 3:23-cv-04597) and I filed a Motion for Summary Judgement at Dkt. 359 today. I'm attaching the Word doc of the proposed order and motion.

I'll also be filing the Declaration and Exhibits this morning/afternoon, and then mailing out the chamber's copies from the USPS nearby -- I'll use Priority Mail but it will probably be Monday before it gets to the Clerk's office.

I sincerely apologize for the delays. I'll explain in the Declaration and I'm very sorry and hope Judge Chen isn't too mad at me again. Maybe I can come do community service at the court to make up for it or something.

Thanks,
-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

---

**595.03 KB**   3 files attached

Gjovik v Apple - Summary Judgement Motion 20260423 - Proposed Order.docx 17.65 KB

Gjovik v Apple - Summary Judgement Motion 20260424 Final.docx 153.84 KB

gov.uscourts.cand.417952.359.0.pdf 423.53 KB

**D.**   **<u>EXHIBIT D</u>**

PLAINTIFF'S REQUEST FOR LEAVE TO FILE | 3:23-CV-04597-EMC                APRIL 25 2026



The UPS Store #6582
181 E Tasman Dr Ste 20
San Jose, CA   95134-9389
408-474-5000

| | | | |
|---|---|---|---|
| Terminal....: POS6582B | | Date.: | 4/25/2026 |
| Employee....: 262316 | | Time.: | 03:01 PM |

| ITEM NAME | QTY | PRICE | TOTAL |
|---|---|---|---|
| NDA | | | $90.89 |
| | 1 @ | $90.89 | |
| Tax | | | $0.00 |
| MMD2AZRFNGW45 | | | |
| Tracking Number - 1Z4467540108937818 | | | |
| Ground Commercial | | | $15.16 |
| | 1 @ | $15.16 | |
| Tax | | | $0.00 |
| MMD2AZR9YYJUS | | | |
| Tracking Number - 1Z4467540375604673 | | | |

| | |
|---|---|
| Subtotal | $106.05 |
| Shipping/Other Charges | $0.00 |
| Total tax | $0.00 |
| Total | $106.05 |
| Cards | $106.05 |

================================
Items Designated NR are NOT eligible
for Returns, Refunds or Exchanges.



https://www.theofosture.com/survey/ufo02020

# Need Package Help?
(lost/damaged)
Provide details so we can help:
https://online.upscapital.com/tccp

| | |
|---|---|
| VISA    ***********7800 715210 | |
| 04/25/2026 | 03:01 PM |
| TID | 750719920002 |
| Purchase | |
| VISA CREDIT | XXXXXXXXXXX7800 |
| ENTRY METHOD | CONTACTLESS CHIP |
| CVM | |
| Invoice | 0020036418 |
| Clerk | 26231 |
| Response | APPROVED |
| Auth Code | 715210 |

EMV DETAILS

| | |
|---|---|
| MODE | ISSUER |
| AID | A0000000031010 |
| TVR | 0000000000 |
| IAD | 06011203A00000 |
| Amount | USD $106.05 |

NO SIGNATURE REQUIRED
CARDHOLDER/VISA
CARDHOLDER/VISA

*** CUSTOMER COPY ***



E.    **EXHIBIT E**

PLAINTIFF'S REQUEST FOR LEAVE TO FILE | 3:23-CV-04597-EMC                APRIL 25 2026

on an involuntary and indefinite leave. In response to Plaintiff's public misrepresentations, the next day Apple offered Plaintiff the opportunity to return to work: "If you would like to return to work and not remain on administrative leave as you requested we can make those arrangements." Plaintiff never responded to Apple's offer. Later in August, Okpo again made clear to Plaintiff that she was free to return to work even while the investigation was ongoing: "Regarding the leave, as discussed you requested to be on paid leave while I investigate your concerns. If you'd like to return to work we can make those arrangements." Plaintiff did not respond to this offer, either.

Plaintiff provided information to Okpo during the course of his investigation into her concerns that differed from the evidence obtained in the investigation, omitted relevant context and created a misleading impression of the underlying facts. On September 7, 2021, Okpo emailed Plaintiff asking to arrange a meeting to discuss "inconsistencies" he had identified – namely, between what Plaintiff selectively provided him and the underlying documents. Plaintiff refused to meet with Okpo.

As a Senior Engineering Program Manager, Plaintiff had access to proprietary and trade secret information about unreleased products and features under development, which was shared internally only with those who had a business need to know. From time to time, Plaintiff was given the opportunity to participate in new product or feature user studies and to test unreleased prototypes. Participation in certain studies was voluntary and required her to agree to confidentiality obligations that prohibited her from disclosing any information about the existence of the study or her participation in it.

During her employment, Plaintiff participated in a user study of an internal and proprietary application called Alpha,[1] which tested face identification for certain Apple devices. Because the application was still in testing phase and unavailable to the public, Apple required all participants— as a condition of participating—to maintain strict confidentiality. Plaintiff voluntarily chose to participate in the study and signed the Alpha Study Consent Form expressly acknowledging that

---

[1] To safeguard Apple's confidential information, the study is referenced as "Alpha" for purposes of this response.

APPLE'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES, SET TWO
CASE NO. 23-CV-4597-EMC

4137-7944-9439

Docusign Envelope ID: 529E1F38-1651-4B2B-BG2C-7728EAE84808

regular pay and benefits during the time she was on paid administrative leave.

However, that same day, Plaintiff misrepresented her conversation and the agreement with Okpo multiple times—to colleagues, on Twitter, and to a reporter—claiming that Apple placed her on an involuntary and indefinite leave. In response to Plaintiff's public misrepresentations, the next day Apple offered Plaintiff the opportunity to return to work: "If you would like to return to work and not remain on administrative leave as you requested we can make those arrangements." Plaintiff never responded to Apple's offer. Later in August, Okpo again made clear to Plaintiff that she was free to return to work even while the investigation was ongoing: "Regarding the leave, as discussed you requested to be on paid leave while I investigate your concerns. If you'd like to return to work we can make those arrangements." Plaintiff did not respond to this offer, either.

Plaintiff provided information to Okpo during the course of his investigation into her concerns that differed from the evidence obtained in the investigation, omitted relevant context and created a misleading impression of the underlying facts. On September 7, 2021, Okpo emailed Plaintiff asking to arrange a meeting to discuss "inconsistencies" he had identified – namely, between what Plaintiff selectively provided him and the underlying documents, including with respect to an incident regarding a Sous Chef at a local restaurant. Plaintiff refused to meet with Okpo, stating that she wanted to communicate only in writing.

As a Senior Engineering Program Manager, Plaintiff had access to proprietary and trade secret information about unreleased products and features under development, which was shared internally only with those who had a business need to know. From time to time, Plaintiff was given the opportunity to participate in new product or feature user studies and to test unreleased prototypes. Participation in certain studies was voluntary and required her to agree to confidentiality obligations that prohibited her from disclosing any information about the existence of the study or her participation in it.

During her employment, Plaintiff participated several user studies designed to collect data to help refine the algorithms for FaceID. These studies used an internal and proprietary application for uploading encrypted data the device collected for the study to Apple's encrypted servers. Apple required all participants—as a condition of participating—to maintain strict confidentiality.

APPLE'S AMENDED RESP. TO PLT.'S
INTERROGATORIES, SET TWO
CASE NO. 23-CV-4597-EMC