Exhibit A

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, April 30, 2026 10:23:32 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**[EXTERNAL]**

Hello,

There were a few others that I wanted to add in this final push based on some of the deposition questions Apple was asking yesterday -- I'm still missing a lot of information about Apple's affirmative defenses and what facts it plans to cite to support them -- but reverse engineering from what was asked, there was additional content I wanted to share.

Production 14 was released to you a few moments ago.

Further, regarding the IME, I believe Apple lost its opportunity to conduct an IME when it repeatedly refused to make expert disclosures, identify its experts, identify the person to conduct the IME, and refused meet/confer on the topic for months. As you know I raised that matter to Judge Westmore alreeady and she would be deciding if Apple forfeited its own IME. If Judge Westmore rules Apple can still conduct an IME despite its repeated violations of the FRCP and relevant law/rules, then yes I can be available on the date you stated for the IME (If Judge Westmore does not prohibit Apple from taking the IME due to Apple's misconduct).

—

**Ashley M. Gjøvik**
**BS, JD, PMP**


On Wednesday, April 29th, 2026 at 8:44 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

I'm confirming that GoldFynch confirmed Production 13 ("Gjovik v Apple - Production 13 - 20260429") was sent out to you. You should have it now & can consider all of the items listed below complete. If there were other topics you wanted covered please still let me know but that's all I had from my notes.

Regarding the performance reviews/user studies, you already received copies of the mid-year documents and the business conduct tickets regarding live on, so if you just need me to curate those records for you, let me know.

—

**Ashley M. Gjøvik**

1

**BS, JD, PMP**

On Wednesday, April 29th, 2026 at 7:36 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

I appears you emailed me at the same time I emailed you however you skipped my prior messages and/or deleted them from your chain, still refused to answer my questions, and deleted the date/time stamp from the eamil again. I'm adding your response inline below to ensure we have a full accounting of the emails since you continue to delete/redact/modify the chain.

Regarding your last email, as I clarified earlier, the Gobbler production is complete with Production 13 today.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, April 29th, 2026 at 7:35 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

You've still failed to response to my requests but I spent several hours today gathering additional records and I can confirm now the Gobbler request is complete. I believe you already received everything so any of the additional content is likely duplicates, but i'm resending in case its not.

The applications/work search request is also now complete. I produced dozens of additional applications since Melinda indicated she wanted all copies.

I will wait to hear from you regarding the rest of my questions.

In the meantime, Production 13 is enroute now to you and if you don't get it within the hour let me know.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, April 29th, 2026 at 7:31 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Thank you for confirming you are searching for additional responsive documents. These should have been produced long ago. Given our discovery dispute brief is due tomorrow and you have yet to produce the documents or confirm you have completed your production, we will ask the court for an order compelling production.

2

Thank you.

On Wednesday, April 29th, 2026 at 1:23 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

==I also ask for clarification regarding you latest email where it appears redundant with the email sent by Perry priorr and which I responded to in detail earlier today explaining I do not have access to many records during that time and that I do think I've produced most of the documents if not all of them, but I would look otherwise and produce by end of the week if there's anything else.==

Apple has consistently refused to provide me any ETA whatsoever on its dozens of overdue RFPs which it indicates are still pending now well after the discovery cutoff. Apple concurrently may not order same day deadlines for requests where I do think I produced what's included in the scope of the request but said I'd check if there's more and gave a reasonable timeline -- when Apple refuses to provide any timeline for its own requests and repeatedly harassed me for even asking for an ETA.

Apple already said its ready to file its own Motion for Summary Judgement -- well before the deposition -- and has not articulated any basis for this being an emergency.

I also ask for clarification regarding Perry's statement of a pending request compared to Melinda's statement, both indicating the same content but different scope, and never responding my substantive response regarding document availability.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, April 29th, 2026 at 1:15 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

Instead of responding to my pending thread asking about document requests from the deposition, Apple ignored my thread and created a new thread acting like I had never sent the thread I sent last night and this morning and not responding to my open questions.

I'm embedding Apple's partial response sent separately below and asking Apple to respond to my other questions which are still pending.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

On Wednesday, April 29th, 2026 at 1:01 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

==During your deposition yesterday, you indicated that you sent various communications "complain[ing]" about user studies that utilized the Glimmer/Gobbler applications that you have not==

3

<mark>yet produced. These are communications that we asked you to produce in our April 9 meet and confer email under Issue No. 5. Please produce those communications today.</mark>

You also indicated that you have not yet produced other documents responsive to Apple's RFPs. To the extent you have other responsive documents not yet produced, you have an obligation to produce them.

**Melinda Riechert**
Partner

Orrick

Silicon Valley

T 650/614-7423
M 650 759 1929
mriechert@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

On Wednesday, April 29th, 2026 at 11:53 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

Another thing we talked about was the performance reviews & user studies, and I mentioned I could send Bates cites to the documents I was referencing including the slide and check to see if there's anything left to produce, though I think it was complete.  Let me know.

Note <mark>- I am working on the Gobbler item you mentioned. I do think it is complete already however, I will double check the records I have. As noted previously, I don't have access to my Apple work device or application records unless I took screenshots etc prior to the termination, so Apple would</mark>

4

have more records then I do on those systems/devices. Further, I stopped using iCloud the morning of 9/9 and switched to an Android in fall of 2021, and as testified the only backup I have of my prior iPhone messages (I sold it after switching to Android because I needed cash), is on my MacMini which is FireVault encrypted and I lost the password and its in storage so I haven't been able to login to review my records on that device and also currently do not have access to the device. I am however going through the records I do have on hand and will send you any delta this week if possible.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


On Tuesday, April 28th, 2026 at 8:04 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Thank you for the clarifications and additional details. We also talked about a few other topics including additional records about job searches, records about the FMLA leave in 2024, and a few other topics. Melinda indicated she wanted supplementary production on those topics -- can you please confirm.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


On Tuesday, April 28th, 2026 at 7:30 PM, Perry, Jessica R. <jperry@orrick.com> wrote:


Ashley,


We disagree with your statements and confusion of the issues below.

However, per your request, we write to briefly summarize Apple's outstanding issues now that your deposition is complete:


**4/9 email Issue No. 5 – Discovery re Allegations in 5AC - complete production of documents in response to Requests 1 and 10:** Apple agrees to limit the scope of communications at issue to those that were sent during your employment or that reference communications that were sent during your employment. Apple's request is not limited to communications with Apple employees, and a full production requires communications with anyone about your alleged concerns referenced in your fifth amended complaint including all concerns re the Gobbler/Glimmer app consistent with Apple's meet and confer on this issue. This would include communications from your personal email accounts or any social media direct messaging, which you presumably still have access to.

**4/9 email Issue No. 2 – Discovery re Emotional Distress - subpoenaed medical records:** Consistent with Judge Westmore's order at Dkt. No. 291, we will be seeking an order compelling the medical providers we subpoenaed to produce your medical records consistent with the scope of the subpoenas we served.  We will reference the prior meet and confer regarding an authorization and your proposed limitations and why they are inappropriate. We are not accusing you of misconduct.

**4/9 email Issue No. 2 – Discovery re Emotional Distress - FRCP 35 independent medical exam:**  You previously agreed to sit for an independent medical exam, which we intended to schedule after we have received responses to Apple's outstanding subpoenas for your medical records. To continue this discussion, please advise if you are available to sit for this exam on June 1, 2026, in or near San Jose, California. The exam will be conducted by Dr. Frederick Stampler, Psy.D. His exam will consist of an interview and various psychological tests to be completed during the exam. The exam will not involve any physical examination of your body. If you oppose completing an independent medical examination contrary to your prior agreement to do so, please let us know as we will need to raise this issue with Judge Westmore.

Apple declines your demand for additional information that is not relevant to these issues or any opposition thereto.

Thank you.

**[EXTERNAL]**

Finally, I also note for the latest request you made today and which I still ask you to narrow it -- that Apple would have direct access to all of this information prior to my termination. Apple admitted to putting me under surveillance, made copies of the data on my devices, and was monitoring my activity. I do not have many records from my work accounts or devices, but Apple would have all of that -- including most of the information its asking for -- which is in Apple's possession not mine. Similarly, prior to Apple firing me, I was using an iPhone and Mac with iCloud, so Apple assumably has copies of all of my communications and records -- again giving them direct access to whatever this information is they're asking for. If Apple is asking for post-termination communications, Apple's objected to all of my post-termination discovery requests and the court's repeatedly denied them based on Apple's position -- so then Apple cannot then suddenly say post-termination activities are high relevant, but only to Apple.

When you provide me your final list of outstanding requests, narrowed and detailed, please tell me exactly which defenses they are linked to -- and if it relates to a witness you haven't disclosed, your timeline to disclose that witness and/or why you think you do not have to comply with the FRCP regarding disclosures and releavance.

6

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 27th, 2026 at 2:57 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

Thank you for further clarifying your request but again I'd ask again for you to detail what you're asking for, keep a list of what things you're asking for, and check my prior responses.

Now the specific chain you're mentioning has been partially produced and I told you already, including during your prior deposition of me, that I do not have access to the full chain anymore -- that I think the only copy I had was on my MacMini but I forgot my password and cannot access it so it appears Apple's copy of the thread with Cher Scarlett it's appears still be planning to use in its unpled, undisclosed defense apparently claiming I hid my involvement in an article where I was interviewed by name, provided pics of my face, and shared on my own social media -- and my conduct announcing my involvement was someone hiding it -- and the witness you're referencing was undisclosed, filed multiple declaration to this court claiming no involvement  whatsoever with this case, making false statements, and had sued me and tried to get me incarcerated, and during the Motions to Dismiss -- Apple failed to mention any plan to use her as any type of witness whatsoever. You're clearly estopped from whatever theory this is you may or may not be pursuing and I already responded to those requests. If Apple wants to try to jail break my MacMini to get access to that thread -- its in storage with my other stuff which I cannot access until I have enough money to have a permanent place to live and have my stuff delivered -- which I also disclosed to you previously.

Regarding my sharing information about Gobbler/Glimmer, you need to provide a date/time frame for your request -- do you mean prior to Apple terminating me, or just 2021, or any time after too.

This is a new request you're sending me now  at 3 PM after I worked without sleeping or barely sleeping for multiple days straight and you had previously withdrawn your prior requests and now you are making a new request without narrowing it at all or explaining why you think its relevant -- and giving me apparently 2hrs to do this without explanation.

7

Please provide me a list of ALL of your outstanding requests -- and narrow them and explain why they are relevant. I will work on them as I have time but I'm feeling unwell today after the lack of sleep, incredible amount of work, and Apple's ongoing harassment of me -- especially after learning Apple's legitimate justification for firing me has been illegal under sexual harassment prevention laws for decades and every further defensive argument Apple makes under that theory is another discrete act of retaliation. Your conduct is indefensible.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 27th, 2026 at 2:24 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley:

We disagree with much of what you say below. And we are unclear from your email if or how you are limiting what you committed to "check [for] again this weekend if [you] [had] time." For avoidance of doubt, any text messages or emails you sent to anyone "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications—including ***all such communications that contained internal images from the Glimmer application***—should be produced.

We do not believe you have produced all such communications. For example, and as we already flagged for you back on April 20 (my 8:42 p.m. PT email), we do not see anywhere in your productions the full thread of the text message exchange that Apple produced a portion of at APL-GAELG_00002260-APL-GAELG_0002269. Apple has a portion of this exchange, because that portion was provided to Apple in a report to Apple's Business Conduct Helpline; you presumably have, and are required to produce, the full exchange (and are required to do so even if Apple already has a portion of the exchange from another source). If you have already produced the full exchange, please point us to the date of the relevant production and the Bates numbers; if not, please produce it promptly.

8

We also expect you to produce any other exchanges "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications *that contained internal images from the Glimmer application*. Please do so no later than the end of the day today, so that we can review any further (belated) production before your court-ordered deposition tomorrow.

Thank you.

**[EXTERNAL]**

Counselor,

You sent this message after close of business on a Friday before the weekend, after I asked days and weeks prior for clarification of what you're asking for. You've asked for multiple things and you appear to be conflating them now and maybe even withdrawing prior requests. You asked for things about public statements I made, conversations with coworkers, conversations with reporters, information provided to press, and communications from Apple. I asked you for clarification on all of these for a number of reasons -- one being that I already produced many documents to you in all of these categories starting over a year ago.

I also told you I was extremely behind on other deliverables and need you to clarify your request and I"d finish it as soon as I was done with other stuff -- targeting to get it to you by Monday if I was done with my other stuff. As you know I was behind and my motion for summary judgement was late -- as was my declaration -- and I sitll have not finished chambers copies. You've now also filed a bad faith administrative motion asking to strike the entire motion for summary judgment and forclose my rights to summary judgemnt under the FRCP because I was late due to delays created by you and your client. This also now creates hours of work for me this weekend to respond to your motion when I could have been working on whatever discovery request you had.

If you've now reviewed the documents provided and have narrowed your request to only the thing stated in your latest email I can tell you I've already produced all of that to you that is in my possession -- in fact most of those records are in Apple possession as you would know when you wrote that line because the communication mentioned came from Apple to me and my coworkers (so I would need to see those records, which were part of my own RFPs, which Apple will not produce)

I will check again this weekend if I have time but I'm nearly certain you have all the documents I have regarding "Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[.]" That temporal proximity would be easily 2015-2021 (since thats when I worked for Apple), the source would be Apple as stated in your own statement, and the recicipients would be me and my coworkers (third parties).

As noted most of those documents are in Apple's possession, subject to RFPs Apple refuses to produce documents for, and accordingly Apple is essentially asking me to fulfill its own RFP with its own documents and complaining I will not. This would be yet another wase of my time and harassment.

Similarly if you plan to complain my medical providers won't produce records but concurrently refuse to use the medical authorization I drafted and repeatedly offered, and then blame me for this somehow, I will again raise the fact Apple is manufacturing issues itself so it can complain about the issues it created and try to further derail and obstruct this lawsuit through its own prior and concurrent misconduct.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, April 24th, 2026 at 5:42 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

We asked you to please produce all documents concerning your allegation that you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[.]" Dkt. No. 142 (final iteration of 5AC) ¶ 158; *see also* Dkt. No. 128 (first iteration of 5AC) ¶ 171 ("Gjovik complained that Apple frequently requested that Gjovik and her coworkers participate in … biometrics data collection (like the Gobbler app)"). This includes all communications (*e.g.*, emails, text messages, social media posts) that you made "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications—including all such communications that contained internal images from the Glimmer application.

The request is not "cryptic"; it simply asks you to provide documents concerning a specific allegation in your complaint. You ask us to provide the "time frames, platforms shared, what content is shared." However, your complaint does not specify when, on what platforms, or what content you shared when you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[.]" You are the one who knows that information.

10

To date, you told us you only "believe [you] have included some of these messages already" in your productions. (8:00 a.m. PT email on April 21, 2026.) "Some" is not sufficient.

If you have (as you suggest below) "thousands of pages of records" showing that you complained about user studies utilizing the Glimmer/Gobbler applications—including those internal images from the Glimmer/Gobbler applications—you must produce them. Please do so ASAP, so that we can review them in advance of your continued deposition in this matter.

On a separate note, and by way of update, Apple is continuing its efforts to obtain compliance with the subpoenas it served on the medical providers you identified. We plan to include in our April 30, 2026 brief a request that Judge Westmore order compliance with the subpoenas by any third parties who have not yet produced records.

Thank you.

**[EXTERNAL]**

Also, your deadline for yoru cryptic demand being the day after I have to file three complex motions and won't have time to even start until the day you say its due is completely unreasonable. Your discovery motion isn't even due until April 30 2026.

Send me the request of what exactly you're asking for and I'll work to get it to you prior to April 27 2026 -- the day before your deposition of me -- or sooner if possible. But April 24 2026 is impossible if you're really asking for thousands of pages of records.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Tuesday, April 21st, 2026 at 6:42 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

11

I combined your separated emails -- that is not creating new emails -- that is consolidating your forked emails that I asked you to stop forking and you refuse to stop folking.

Let me be clear -- you claimed I had not produced anything and I said I had produced documents relevant to what you were talking about -- then you now claim me correcting your false assertion that I had not produced anything was me admitting to some sort of discovery rule violation.

I also responded saying I had produced documents already because you asserted you had none so I was directing you to review what I already produced as you may actually have the documents you think you do not have and in which case your complaint is moot.

That said if you want to expand your request for what documents you want from me -- simply ask me to produce whatever documents you think are so material to your defense and if reasonable I'll produce them. You know that I shared lots of internal Apple information on social media and with the press for months prior to being terminated. If you really want everything I shared I can provide that to you -- however I could see you equally complaining that I was drowning you with thousands of pages of records in producing exactly that.

So just tell me what you want with reasonable specificity and I'll work on getting it to you.

However, I ask you again to stop making false allegations against, threatning me with sanctions, or implyign some sort of misconduct by me when I'm trying my best to comply with the rules, provide you information, and translate your cryptic and threatening requests.

Accordingly, please draft whatever it is you're requesting as an expanded or clarified request for production and be specific about what your'e looking for including time frames, platforms shared, what content is shared, etc.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

12

On Tuesday, April 21st, 2026 at 6:34 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

You have again merged the separate email chains related to issues Apple raised with issues you raised. Your insistence on doing so will make it impossible for the Court to cleanly follow meet and confer related the separate motions the Court directed each side to bring.

In any event, this responds to your request to "summarize for me out of Apple's response and/all (sic) outstanding questions or requests Apple has for me."  As I stated in my April 20, 2026 email at 8:41 p.m., with respect to the five issues Apple raised in its initial meet and confer, the only outstanding issue is your incomplete production of documents pertaining to your alleged complaints and communications about "Biometrics Data Collection."

You are required to produce responsive documents in your possession, custody, or control and you admit you have not completed this production ("I believe I have included *some* of these messages already"). You are not allowed to pick and choose which communications you produce. Indeed, you further admit that "told a lot of people about me sharing information with the Verge and on social media, and complained to a lot of people about this topic," but then insist that Apple must identify every person you shared information with before you will search for or produce documents. That is your burden, not Apple's. If you communicated with other people during your employment about these issues, you must produce those communications, regardless of whether Apple knows who you communicated with. Since your response makes clear that you believe you have only produced "some" of the responsive documents, Apple will move to compel a full and complete production if you do not produce these documents by April 24, 2026.

Thank you.

[EXTERNAL]

Hello counselors,

Apple has once again responded in such a way to branch and bifurcate the emails in the response to Judge Westmore's Order -- now again creating a new thread, without prior context, only about Apple's hand chosen issues, then creating and sending a second email about a second set of hand chosen issues -- which I asked you to stop doing and I'm consolidating both of them below with the other third thread about the RFPs also merged below.

I also ask you again to stop dropping the timestamps from my emails -- you did it again -- and ask again you actually respond to my questions and requests raised in thsi response from five days ago for which you still have not responded.

Can you please summarize for me out of Apple's response and/all still outstanding questions or request Apple has for me. These responses are long, detailed, and appear to mostly create conflict for conflict sake -- what are you actual outstanding issues today?

Regarding the request for documents shared between me and "another employee" -- Apple already shared their own version of those documents, it was part of the deposition, and that employee filed three declarations to this lawsuit claiming to have nothing to do with this lawsuit and ask Judge Chen to permanently remove any mention of her from this litigation. Apple never objected or clarified and never explained why they were bringing her up in their deposition -- they also never mentioned her on their disclosures and have never formally stated she is a witness in this matter. I told a lot of people about me sharing information with the Verge and on social media, and complained to a lot of people about this topic -- as you know I was tweeting and blogging about it for years. If you insist on me producing copies of my exhanges with someone -- please provide the name, in writing, of the person you are referring to and I will do so - I think I know who you're referring to but I assume you're avodiign writing their name because you know you've never disclosed this person as a witness, that person has already made false statements and submitted false testimony to Judge Chen where she asserted it would be improper to include her in this matter, and she sued me, tried to get me incarcerated, accused me of federal crimes, and repeatedly tried to trigger a police investigation into me because of my public speech. You know becuase its part of the RICO, Bane, and Ralph act claims. So counselor, please update your disclosure, and send your request with the person's name you're talking about, and also consider that another issue the Plaintiff will raise generally in this matter to Judge Westmore in the final dispute. I assumed you had dropped this because its so improper -- but based on your 4/21 email you haven't dropped it. In fact, you are concurrently fighting any of my requests for information on post-termination conduct while this specific person's post-termination conduct would be highly material and necessary to have subject to discvoery if Apple in fact plans to use this person as a witness -- but Apple has not stated that intention and in fact has stated the opposite. Please clarifiy. Is Cher Scarlett a defense witness? Will Apple be arguing defenses referecing or arising out of facts related to Cher Scarlett? You've never disclosed this, you've implied the opposite, your statement below six days after the close of discovery now implies you do plan to do all of this and you will prevent me from getting any evidence (per your overall emails and position) that I could use to refuse Scarlett and/or Apple's assertions regarding that matter.

14

Further, I believe I have included some of these messages already as we were engaged in protected concerted activity and organizing around work conditions, which is evidence in support of my claims of retaliation.

Regarding your request for messages between me and the Verge about Gobbler, I send you copies of those messages months ago, and more in the most recent productions 11 -12. (12 includes the exhibits that were used during the 4/17 deposition of Bertolus, btw to ensure you have formal copies). If you believe there are additional messages that have not been provided to you please indicate which ones or some description to help me understand what you think I'm missing.

I will raise it with Apple's concurrent failure to disclose any medical experts in their disclosures and continued failure to disclose any experts they imply are already retained now but still won't tell me who it is.

Regarding decision makers -- Yannick testified that Sophi Jacobs and Megan Bowman were the people to assert allegations of misconduct regarding failure to cooperate, and Yannick said he never saw the evidence or understood the details. Yannick also testified someone showed him a photo I posted on Twitter but they had removed the twitter content and told him it was leaking but he refused to say who prepared this or communicated with him. Regardding the "redactions" and text message issue, Yannick testified someone showed him a larger text conversation to display to him whatever evidence I submitted was out of context but he could not recall what evidence I submitted, or what he viewed, and upon viewing Apple's own exhibit stated the entire conversation did not match what Apple showed him and was something completely different than what he though.

The email sent to Yannick, which he confirmed was the basis for his "decision" as prewritten assertions and accusations, which he addmitted he did not view the full or even any evidence himself in reviewing, and included a termination letter he testified he did not write himself and simply sent as told too. This makes it clear Yannick as used as a cat's paw by Apple Inc and so Apple needs to idetnify what happened leading up to that email Yannick sent.

Similarly, Apple still has not identified all of its affirmative defenses, or termination reasons, and Yannick only idietified three things he "approved" but even in your email below there appear to be a least a few more things Apple plans to raise that it hasn't disclosed, has not defined, and clearly has not been deposed about considering the lack of disclosure or definition, and Yannick's answer his complete termination justification was the three items discussed above.

-Ashley

15

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 20th, 2026 at 8:59 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

We once again ask that you comply with Judge Westmore's order that the outstanding discovery disputes flagged by each party on April 9, 2026 be discussed in a separate thread (*i.e.*, one thread for outstanding issues raised on that date by Apple, and one for outstanding issues raised on that date by you). We also ask that you stop cutting-and-pasting emails together and instead just hit reply and present your position on the relevant thread.

We have renamed this thread to make clear it relates to issues *you* raised on April 9 (in your 11:59pm PT email; Disputes No. 1-13), and highlighted below the portions of the thread that relate to those issues (both below and in the attached PDF that preserves the thread as it existed when you last emailed it). Our email responds to the positions you set forth regarding Disputes No. 1-13 in your most recent email on point (from April 17, 2026 at 11:48am PT).

After you have reviewed Apple's responses below, if you truly believe there are discrete, targeted, and proportional issues we can resolve in the next three days – before your final and only discovery letter brief on these issues is due to the Court – please focus your response on those issues.

**Disputes For Which No Further Points Raised**
There is nothing further for Apple to address at this point regarding Dispute Nos. 2, 4, and 11-13.

**Dispute 1: Your Deposition**
We disagree with several of the assertions in your email. But since you have confirmed you will sit for your continued deposition on April 28, we do not believe there is anything further to discuss at this point.

**Dispute 3: 30(b)(6) Deposition**
Several statements in your April 17 email are incorrect. However, we will not discuss this dispute further here, given Judge Chen's order (Dkt. No. 352) directing the parties to confer regarding it separately.

**Dispute 5: Decision-Maker**
In your April 9 email, you insisted that Apple had "failed to identify the decision-maker(s)." On April 14, Apple responded that, more than two years ago, on December 18, 2023, it identified Yannick Bertolus as the individual who made the decision to terminate your employment. The termination letter you received on September 9, 2021 was also from Mr Bertolus; there is no mystery. And Mr. Bertolus since sat for deposition in this matter, and was prepared to offer Rule 30(b)(6) testimony on the reasons for your termination. Your repeated insistence that you somehow do not know, or have

16

been deprived of the opportunity to know, who made the decision to terminate you (and why) is wrong; we will not engage further on this issue.

Your April 17 email—which contends that Apple's response to Interrogatory No. 1 fails to identify "who proposed" the termination, "who approved it," and "who else was consulted"—is also an improper attempt to revive a resolved dispute. On March 16, you filed a discovery brief, arguing that Apple's response to Interrogatory No. 1 was inadequate because, among other things, it did not identify "who started [the termination] process[.]" Dkt. No. 309 at 3. The Court rejected your demand that Apple supplement its response, finding that Apple's "robust response … fully responded" to Interrogatory No. 1. Dkt. No. 327 at 2. Your continued insistence that Apple's response to Interrogatory No. 1 is inadequate is harassing.

**Disputes 6 and 7: Miscellaneous RFPs Spanning Sets One and Two**

- **Apple Produced All Documents It Agreed to Produce: RFP Nos. 2, 5, 11, 12-17, 26, 33-34, 50-51, 58, 61.**

This is not a discrete discovery dispute of the kind we believe the Court envisioned. Nonetheless, Apple confirms that it has satisfied its document production obligations, consistent with its discovery responses.

- **We Will Not Re-Litigate Resolved Disputes: RFP Nos. 7-10 (Set One); RFP Nos. 20, 24, 28-32, 37, 40-44, 54 (Set Two).**

The Court has already put to rest all disputes regarding RFP Nos. 7-10 (Set One); RFP Nos. 24, 28-32, 37, 40-44, 54 (Set Two) when it found that you prematurely raised them and, on that basis, "*resolve[d]* them." Dkt. No. 327 at 1. The Court also noted that the parties resolved RFP No. 20 without court intervention. *Id.* at 4, n.2. Contrary to your assertion, the Court did not direct the parties to meet and confer regarding these RFPs. Rather, in Section II of its March 30 order, the Court established a "process for all *other* disputes regarding fact discovery" (i.e., disputes not resolved in Section I of the order) and directed the parties to meet and confer regarding those disputes. *Id.* at 6. These disputes are closed.

- **You Were Not Diligent in Raising Any Issues Regarding These RFPs.**

Your eleventh-hour request to begin meet and confer discussions regarding RFP Nos. 1-16, 18-19, 21-22, 25, 27, 35-36, 38, 43, 45-49, 51-52, 55-57, 59-60, and 62-64 (Set Two)—eleven months after Apple served its objections and responses, and just seven days before the fact discovery cut-off—is improper. Judge Westmore could not have intended to give you carte blanche to launch such broad attacks on Apple's discovery responses at this late date.

Your claim that Apple refused to meet and confer regarding your Requests for Production, Set Two is false. As an initial matter, it impossible that you "raised these issues [in] 2024" as you insist; Apple did not even serve its objections and responses to Set Two until May 27, 2025. In reality, your first attempt to meet and confer regarding Set Two was on February 26, 2026, and even then, your meet and confer email referenced only two specific RFPs (RFP Nos. 20 and 23). Dkt. No. 310-1 at 22. Apple responded regarding those two specific RFPs. *Id.* at 20. You ignored Apple's response and instead rushed to file a discovery brief regarding numerous RFPs you never asked Apple to confer about. Your next effort to meet and confer regarding Set Two was on April 9, 2026, just seven days before the close of discovery.

You insist that "[m]eeting and conferring in June 2025 would have produced the same result." We cannot test that assertion because you made no attempt to meet and confer at that time. Had you done so—and been unsatisfied with the outcome—you could have moved to compel then. But you did nothing.

- **Your Positions Lack Merit in Any Event.**

  o **RFP Nos. 8, 10, 18, and 52 (Set Two): You failed to raise an issue.**

Your April 17 email fails to raise any issues regarding RFP Nos. 8, 10, 18, or 52.

  o **RFP Nos. 7, 8, 19, 36, 43, 47, 51, and 59 (Set Two): Apple properly declined to search for or log clearly privileged documents.**

You do not dispute that at least a distinct portion of each of these requests seeks *only* attorney-client privileged documents. That is improper under Rule 26(b)(1). *Herrera v. Gen. Atomics*, No. 21CV1632-AJB(BLM), 2022 WL 1343001, at *6 (S.D. Cal. May 3, 2022) (rejecting demand for a privilege log where RFPs defined "YOU" to include attorneys, which "renders the RFPs impermissibly overbroad and creates an unreasonable burden on Defendant to identify every privileged document," and concluding that any logging obligation arises only after the definition of "YOU" is reconsidered excluding attorneys); *Mikkelsen Graphic Eng'g Inc. v. Zund Am. Inc.*, No. 07C0391, 2009 WL 3061978, at *3 (E.D. Wis. Sept. 23, 2009) ("To avoid the need to waste resources on the preparation of a privilege log listing obviously privileged information, plaintiff should tailor its requests to exclude materials that are obviously privileged, such as communications between defendants and their counsel relating to the present litigation.").

With respect to RFP No. 43. Apple did not refuse to search and log "the entire request," as you incorrectly claim. Apple objected to RFP No. 43 to the extent it seeks "communications, messages, emails, notes, summaries or reports exchanged between or among Apple's … Legal or internal investigations teams" and stated that it "will not search, review, or produce documents responsive to *this part of this Request*." Apple stands on its objections. *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-03695, 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018).

  o **RFP Nos. 1-6, 11-16, 19, 21, 35-36, 48, 55-57, and 60 (Set Two): Apple reasonably construed the requests.**

In its April 14 email, Apple explained that, in light of its objections to RFP Nos. 1-6, 11-16, 19, 21, 35-36, 48, 55-57, 60 (Set Two), it reasonably construed these requests and responded either that it had already produced certain specified responsive documents or that it will produce such documents, to the extent they exist. Nearly eleven months after Apple served its objections and responses to these RFPs and with the discovery cut-off behind us, you still have never explained, on an RFP-by-RFP basis, why you believe Apple's objections lack merit, nor have you ever identified what else you believe Apple should produce in response to each RFP. There is no real discovery dispute here.

  o **RFP Nos. 9, 22, 25, 27, 38, 45-46, 49 and 62 (Set Two): Apple properly refused to provide certain documents.**

In its April 14 email, Apple outlined why it properly refused to provide documents in response to RFP Nos. 9, 22, 25, 27, 38, 45-46, 49 and 62 (Set Two). Of these RFPs, your most recent email only references RFP No. 25, which seeks documents pertaining to 3250 Scott, which is not relevant to this case. Your 5AC alleges that, prior to your termination, you raised concerns that "[your] apartment was built on toxic waste" and that you had been exposed to chemicals as a result. *See* 5AC ¶ 78 (alleging that you published an article titled "I thought I was dying: My apartment was built on toxic waste"). Your 5AC does not allege that, prior to your termination, you raised concerns that you had been exposed to chemicals as a result of Apple's alleged activities at 3250 Scott. Indeed, you allege elsewhere that you "discovered" Apple's alleged activities at 3250 Scott on February 23, 2023, more than a year after your termination. 5AC ¶ 142. Following this "discovery," you began to allege you had been exposed to chemicals as a result of Apple's alleged activities at 3250 Scott. Such "[r]eports made after [your] employment ended cannot form the basis for a whistleblower retaliation claim." *Anderson v. Graybar Elec. Co.*, No. CIV.09-251 (MJD/FLN), 2010 WL 2545508, at *9 (D. Minn. June 18, 2010).

**Dispute 8: Privilege Log**
Your April 17 email repeats the arguments from your April 9 email while ignoring Apple's April 14 response, including the cited authority showing your position lacks merit.

**Dispute 9: Apple's Production of Documents Regarding Alleged Protected Activity**
As we mentioned on April 14, this dispute is not tethered to any specific RFP(s), and thus there is no issue about which the parties can meet and confer or which you could potentially escalate to Judge Westmore. *See* Dkt. No. 327 at 7.
In any event, you continue to falsely assert that Apple "refuses" to produce documents related to the concerns that you raised during your employment, despite acknowledging that Apple produced the Issue Confirmation, which is just one of many documents related to concerns you raised that Apple has produced—indeed, a document you yourself authored that purported to catalog all of your complaints. Continuing to insist that Apple has the burden to repeat back to you all of the concerns you raised—and that you documented during your employment, in a memo Apple has already produced back to you—serves no legitimate purpose. Apple has also produced non-privileged documents related to its knowledge of concerns you raised, including email communications back and forth with you over a series of months.

**Dispute 10: Apple's Responses to Requests for Production & Okpo's Testimony**
You now claim that Dispute 10—asserting that "Apple's RFP responses [are] contradicted by Okpo deposition testimony"—is tethered to RFPs 4, 7, 11-16, 36, 43-44, 55-56, and 60. But like your April 9 email, your April 17 email does not specifically identify any testimony of Mr. Okpo's (by page/line), let alone explain how that testimony allegedly contradicts any of the cited RFPs, so we still do not know what you are referencing. Nor is your arguing with us that you believe Mr. Okpo's testimony contradicts your reading of documents Apple had produced a genuine discovery dispute. That is for you to argue to the fact-finder; it is not a discovery dispute Judge Westmore can (or should) adjudicate.

In any event, Apple disputes your contention that Apple "never searched for" certain unspecified documents or that it "searched and is withholding them without logging them." As we have repeatedly informed you, Apple has not waived privileged with respect to Mr. Okpo's investigation. Your reliance on *Wellpoint Health Networks, Inc. v. Superior Court* is misplaced. There, the court was presented with a hostile work environment claim, which requires a plaintiff to show, among other things, that defendant "failed to take prompt and adequate remedial action." *Wellpoint*, 59 Cal. App. 4th 110, 126-27. The court held that if a defendant raises as a defense to a hostile work environment claim that it investigated and took appropriate action, then "the adequacy of the investigation [is] directly at issue" and privilege over that investigation is waived. *Id.* at 128. Here, your claims for wrongful termination and retaliation do not require Apple to prove it took appropriate remedial action

19

in response to the concerns you raised, and thus Apple has no need to (and does not intend to) rely on the adequacy of its investigation into those concerns. As such, there has been no waiver. *See Christensen v. Goodman Distrib. Inc.*, No. 18-cv-02776, 2020 WL 4042938, at \*5 (E.D. Cal. July 17, 2020) (distinguishing *Wellpoint* and finding no waiver of privilege over investigation into concerns plaintiff had raised where "plaintiff's claims [were] for retaliation and wrongful termination, which do not require a showing of … the adequacy of the employer's investigation").Finally, your assertion that an investigation cannot be both a "privileged litigation preparation" and a "genuine workplace investigation" is incorrect. *See In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907-11 (9th Cir. 2004); *Mendez v. Saint Alphonsus Reg'l Med. Ctr., Inc.*, No. 1:12-CV-26-EJL-CWD, 2014 WL 3406015, at \*3 (D. Idaho July 10, 2014).

Thank you.

On Monday, April 20th, 2026 at 8:41 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

We once again ask that you comply with Judge Westmore's order that the outstanding discovery disputes flagged by each party on April 9, 2026 be discussed in a separate thread (*i.e.*, one thread for outstanding issues raised on that date by Apple, and one for outstanding issues raised on that date by you).

We kept the name of this thread as is to make clear it relates to issues Apple raised on April 9 (in my 10:12 p.m. PT email; Issues No. 1-5), and in turn respond to the positions you set forth regarding those specific issues in your most recent email in this thread (from April 17, 2026 at 12:00 a.m. (*i.e.*, the very start of that day)). I have also re-inserted my April 16 at 5:44pm message to you which you cut and pasted at the very end of the email chain when you sent your most recent reply. Please respond, if at all, on an issue-by-issue basis so the parties' meet and confer as to particular points is clear.

**1. Your Continued Deposition**: Pursuant to the parties' April 15, 2026 email agreement that you will sit for your continued deposition on April 28, 2026, there is nothing further to confer regarding at this time.

**2. Discovery Regarding Alleged Emotional Distress Damages**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). The discovery cut-off has now passed. Apple will move to exclude any evidence of alleged emotional distress damages not timely produced or disclosed. We consider this issue resolved.

**3. Discovery Regarding Alleged Damages, Generally**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). The discovery cut-off has now passed. Apple will move to exclude any evidence of alleged damages not timely produced or disclosed. We consider this issue resolved.

**4. Discovery Regarding Mitigation Efforts**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-

20

off). The discovery cut-off has now passed. Apple will move to exclude any evidence of alleged efforts to mitigate not timely produced or disclosed. We consider this issue resolved.

**5. Discovery Regarding Factual Allegations of Complaints About "Biometrics Data Collection"**: Your April 17, 2026 email stated that you were providing "Amended responses to all of Apple's Interrogatories and Request for Production" and would be sending "the final batches of document production" shortly (*i.e.*, after the fact discovery cut-off). However, your recent production continues to omit documents that we know exist that reveal you sharing information about and images from the internal Apple application known as Glimmer. *See, e.g.*, APL-GAELG_00002260-APL-GAELG_0002269 (text communication between you and another Apple employee produced by Apple (but not by you) confirming you shared images and information from Glimmer with both that employee (undisclosed on the study) and Zoe Schiffer of the Verge). These documents are responsive, material, and should have been produced. *See* RFP No. 1 (seeking "[a]ll documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code § 1102.5; Count III – Labor Code § 6310; and Count IV – Labor Code § 98.6 in the Fifth Amended Complaint"); Dkt. No. 142 (final iteration of 5AC) ¶ 158 (factual allegation that you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[]"); Dkt. No. 128 (first iteration of 5AC) ¶ 171 (factual allegation that "Gjovik complained that Apple frequently requested that Gjovik and her coworkers participate in … biometrics data collection (like the Gobbler app)").

Apple intends to move to compel production of communications (*e.g.*, emails, text messages, social media posts) that you made "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications—including all such communications that contained internal images from the Glimmer application—absent prompt and complete production no later than April 24, 2026 (*i.e.*, prior to your continued deposition).

Thank you.

On Tuesday, April 21st, 2026 at 7:26 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello,

I'll respond to the additional items in your thread soon, but per your other thread, i'm attaching that thread to this thread per your request.

I've been attempting to meet/confer with you regarding these specific RFPs for over a year. I tried in Feb-March, and you refused to respond. I've tried again after Judge Westmore's order asking for more meet/confer, and you again are simply refusing to meet/confer -- both saying you don't have to provide complete or final updates to any RPFs during discovery -- and now also saying that I'm late,

these requests are permanently dead (even though I already raised them in this final thread below on time and with compliance with court instructions -- and again that you refuse to even meet/confer.

Please confirm in this thread your position and the additional thread has now been consolidated -- even though these exactly RFPs and meet/confer requests were already captured in this thread prior.

On Tuesday, April 21st, 2026 at 7:27 AM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Per your request I copied this email chain to the other consolidated email chain -- however these requests were already captured in that email chain -- even by RPF number and mentioning the court order -- so your allegations of improper conduct are without basis and appear to be even mroe bad faith response to meet/confer requests.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Monday, April 20th, 2026 at 9:01 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

This responds to your April 15, 2026 email below.

On March 30, 2026, Judge Westmore set a "process for all *other* disputes regarding fact discovery" (*i.e.*, disputes other than those that were previously resolved in the parties' meet and confer or in the Section I of the Court's order). Dkt. No. 327 at 6. Judge Westmore's order made clear that she set up this process "[i]n an effort to preserve the Court's limited resources" by giving each party "one final opportunity" to flag all open discovery disputes. *Id.* at 6-7.

Judge Westmore instructed that "each party shall raise their initial dispute(s) with the opposing party via email by April 9, 2026 … in a single email" and directed "[t]he parties will then go back and forth on the *same email thread* in an attempt to narrow the scope of any remaining disputes and that "the initiating party shall attach a copy of their *complete, email thread* as an exhibit to the opening and responsive briefs only." *Id.* at 7. Judge Westmore thus clearly contemplated that the parties would meet and confer in two separate threads—one regarding the disputes you raised, one regarding the disputes we raised; that you would attach a copy of the complete email thread regarding disputes that you raised to your opening brief and that we would attach a copy of the complete email thread

22

regarding disputes that we raised to our responding brief. That is the only logical reading of Judge Westmore's order.

On April 9, 2026, you sent an email raising your initial disputes. That email discussed RFP Nos. 7-10 (Set One) and RFP Nos. 20, 24, 28-32, 37, 40-44, 54 (Set Two).

On April 14, 2026, Apple responded to that email, objecting to your attempt to re-litigate resolved disputes. Apple wrote:

"Your disputes regarding RFP Nos. 7-10 (Set One), 24, 28-32, 37, 40-44, 54 (Set Two)—which are at issue in Dispute 6 and/or Dispute 7—were previously resolved in Dkt. No. 327. Further, your dispute regarding RFP No. 20—which is at issue in Dispute 6—was resolved during the parties' prior meet and confer. The Court does not need to expend any of its limited resources (*see* Dkt. No. 327 at 1) to address these resolved disputes."

Instead of responding to Apple's April 14 email in the "same email thread" as directed by the Court, you sent the below email on April 15, in a separate email thread, once again attempting to reopen these resolved disputes.

Because we do not read Judge Westmore's order to have invited attempts to resuscitate resolved discovery disputes, let alone on a separate thread from the one in which disputes were initially raised, we will not respond further to this email thread or engage in further meet and confer about those resolved disputes. The goal of her order was clearly to narrow and focus any remaining discovery disputes on what actually matters to resolution of the case—not to invite wholesale re-litigation of every objection Apple has ever raise or every request you have ever sent.

Thank you.

**[EXTERNAL]**

On Wednesday, April 15th, 2026 at 1:05 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Counselors,

I write regarding the Court's March 30, 2026 Order (Dkt. 327) and the outstanding Requests for Production identified in Plaintiff's letter brief (Dkt. 310) and documented in the Plaintiff's final discovery issue meet/confer thread.

As a preliminary matter, Plaintiff notes her disagreement with the Court's characterization that Plaintiff attempted to meet and confer on only Request No. 23. As the record reflects, Plaintiff's February 26, 2026 email to counsel asked Apple to confirm the status of all outstanding Requests for Production across both sets — not just Request No. 23. Apple's March 5, 2026 response selectively addressed only Requests No. 20 and No. 23 and refused to respond to Plaintiff's inquiry regarding the remaining Requests. Apple declined to identify which Requests remained under review, declined to provide a production timeline, and declined to state whether its blanket objections remained in

23

effect as to the other Requests. Plaintiff followed up on March 6, 2026, specifically asking Apple to address these outstanding items. Apple did not respond. Plaintiff raised these facts in her letter brief. Apple's refusal to engage on the individual Requests should not be characterized as Plaintiff's failure to raise them.

Notwithstanding that disagreement, and in compliance with the Court's Order, Plaintiff hereby renews her meet and confer demand on each of the sixteen remaining Requests at issue in Dkt. 310. For each Request, Plaintiff sets forth the full text of the Request and her position on relevance. Plaintiff asks that Apple respond to each Request individually, stating whether Apple will: (a) produce responsive, non-privileged documents; (b) produce subject to a proposed narrowing in scope (identifying the proposed narrowing); or (c) refuse to produce, stating the specific factual and legal basis for each refusal — not the identical boilerplate objection applied to every Request.

Discovery closes April 16, 2026. Plaintiff intends to promptly bring any unresolved disputes to the Court's attention consistent with Judge Westmore's standing order. Plaintiff requests Apple's written response no later than April 20, 2026.

---

ENVIRONMENTAL REQUESTS

The Court's Order on Request No. 23 confirmed that environmental records at 825 Stewart Drive and 3250 Scott Boulevard are relevant to Plaintiff's retaliation claims because Plaintiff alleges she was retaliated against for reporting environmental hazards to the California DIR. (Dkt. 327.) Each of the following Requests seeks the same category of evidence — Apple's knowledge of the environmental conditions underlying Plaintiff's protected disclosures.

Request No. 7 (Set One): All indoor air testing results and reports, air test plans, cracked slab repair plans, cracked slab inspection reports, cracked slab sealing reports, SSD/SSV maintenance reports, engineer certifications of work performed, invoices, work orders, related to the CERCLA engineering controls at 825 Stewart Drive from January 1, 2021 through September 10, 2021.

Plaintiff's position: These are the specific environmental engineering records for the site where Plaintiff worked and raised complaints. They are directly analogous to the audits and reports the Court ordered produced under Request No. 23, and are already limited to a nine-month window. Apple previously refused to produce any responsive documents. Does Apple maintain that refusal? If so, on what specific basis, given the Court's ruling on No. 23?

24

Request No. 8 (Set One): Any status report, meeting notes, or other type of summary sent to or from Gjovik's management chain and/or Helen Polkes, Jenna Waibel, Ekelemchi Okpo, or Tony Lagares concerning the August 19, 2021 US EPA inspection of 825 Stewart Drive, from July 25, 2021 through September 10, 2021.

Plaintiff's position: The EPA inspected 825 Stewart Drive on August 19, 2021, in connection with Plaintiff's complaints. Plaintiff was placed on administrative leave days later. Internal communications about the EPA inspection within Plaintiff's management chain go directly to Apple's knowledge of Plaintiff's protected activity and the temporal nexus to the adverse action. This Request names specific custodians and covers a seven-week window. Does Apple maintain its refusal to produce?

Request No. 9 (Set One): All documents in possession of Gjovik's management chain, Helen Polkes, Jenna Waibel, Ekelemchi Okpo, Tony Lagares, Atone Jain, Michael Seiger, or Tom Huynh that concern both the Plaintiff and the property at 3250 Scott Blvd, from September 1, 2020 through September 10, 2021.

Plaintiff's position: The Court's February 27, 2025 Order (Dkt. 179 at 2) identified Plaintiff's complaints about 3250 Scott Blvd as one of the four primary categories of conduct at issue in this case. Documents linking Plaintiff to that property in the files of her own management chain and identified Apple personnel are squarely relevant. Does Apple maintain its refusal to produce?

Request No. 10 (Set One): Any "safety plan" or "EHS plan" or "operations and maintenance plan" for 825 Stewart Drive or 3250 Scott Blvd in place between January 1, 2020 and September 10, 2021.

Plaintiff's position: These are discrete, identifiable documents reflecting Apple's baseline knowledge of environmental conditions at the sites where Plaintiff raised safety concerns. Their existence (or non-existence) bears on whether Apple knew there were legitimate hazards when Plaintiff reported them. Does Apple maintain its refusal to produce?

Request No. 24 (Set Two): All communications, reports, or correspondence between Apple and any environmental contractor (including air quality, chemical, EH&S, or facilities consultants) regarding vapor intrusion; Superfund status; site contamination; cracks in slab or mitigation systems; safety concerns at 825 Stewart or 3250 Scott.

Plaintiff's position: This Request is a natural companion to No. 23. Apple's communications with its own environmental contractors about the hazards Plaintiff reported are relevant to Apple's knowledge for the same reasons the Court found No. 23 relevant. Plaintiff is willing to accept the same temporal narrowing the Court applied to No. 23 (through October 31, 2021) if proportionality is Apple's concern. Does Apple maintain its refusal to produce?

Request No. 28 (Set Two): All photos, diagrams, maps, or schematics of the site showing known or suspected environmental hazard zones, testing data overlays, mitigation systems, or construction modifications at 825 Stewart or 3250 Scott.

Plaintiff's position: Site diagrams showing known hazard zones and mitigation systems are a finite, identifiable set of documents that bear on what Apple knew about environmental conditions. Does Apple maintain its refusal to produce?

Request No. 29 (Set Two): All video surveillance footage, security camera recordings, or internal access logs showing activity in or around Plaintiff's office, work area, or assigned workspace at 825 Stewart Drive, including floor repairs, crack sealing, HVAC or environmental testing, and construction or remediation work, between May 1, 2021 and September 10, 2021. To the extent Apple claims any footage was deleted, altered, or is inaccessible, Plaintiff requests identification of the system used, retention policies, last known location of footage, and whether any hold or preservation request was implemented.

Plaintiff's position: Footage or logs of remediation work near Plaintiff's workspace would corroborate the environmental conditions she reported. The Request is limited to a four-month window at a single location. If footage no longer exists, Plaintiff is entitled to know the retention policies and preservation status. Does Apple maintain its refusal to produce or respond?

Request No. 30 (Set Two): All documents, communications, calendar entries, meeting agendas, security logs, or visitor records relating to or preparing for the EPA inspection of Apple's 825 Stewart Drive site, received by or sent to Apple between July 25, 2021 and August 20, 2021, including notice of the EPA inspection, internal planning emails or meetings, notes regarding facility preparation, communications with EPA Region 9, and any mention of Plaintiff's workspace or prior complaints in connection with that inspection.

Plaintiff's position: Apple's preparation for and internal awareness of the EPA inspection — triggered by Plaintiff's complaints — is central to establishing Apple's knowledge of Plaintiff's protected activity and the timing of the adverse actions that followed. This covers a 26-day window. Does Apple maintain its refusal to produce?

Request No. 31 (Set Two): All internal documents, messages, emails, legal memos, or investigative notes discussing the August 19, 2021 EPA inspection of 825 Stewart Drive, including any reference to Plaintiff, her former office, her prior complaints, or any environmental hazards, as well as site preparation steps or remediation taken before the inspection, results or feedback from the inspection, any post-inspection action plan or discussion of violations, and discussion of Plaintiff's prior warnings being substantiated.

Plaintiff's position: Documents showing whether Apple internally recognized that the EPA inspection corroborated Plaintiff's prior complaints bear directly on Apple's knowledge and retaliatory motive. Does Apple maintain its refusal to produce?

Request No. 32 (Set Two): All internal Apple communications or reports between July 25, 2021 and September 10, 2021, referencing both: (a) Plaintiff's disclosures or agency complaints; and (b) the EPA inspection or violations at 825 Stewart Drive.

Plaintiff's position: This is the most narrowly framed request in this group — seeking only documents that reference both Plaintiff's protected activity and the EPA inspection within a period of under seven weeks. If any documents exist linking Apple's awareness of the inspection to its awareness of Plaintiff's complaints, they go to the heart of retaliatory intent. Does Apple maintain its refusal to produce?

---

REQUESTS REFERENCING PLAINTIFF

Request No. 37 (Set Two): All threat assessments, incident reports, or monitoring logs created by Apple or its contractors concerning Plaintiff, including any reference to social media activity, Slack discussions, agency disclosures, and public organizing efforts, between January 1, 2021 and September 30, 2021.

Plaintiff's position: Threat assessments and monitoring logs created about Plaintiff in connection with her protected disclosures are relevant to both Apple's knowledge and adverse action. Does Apple maintain its refusal to produce?

Request No. 40 (Set Two): All administrative access logs, audit trails, or monitoring records from Apple's internal systems (including Slack, Apple Mail, iMessage, project management tools, or admin dashboards) showing access to, interaction with, or administrative actions taken on Plaintiff's accounts, devices, or workspaces from March 1, 2021 to September 10, 2021.

Plaintiff's position: System logs showing surveillance or administrative actions on Plaintiff's accounts during the period of her protected activity are relevant to whether Apple monitored her in retaliation. Does Apple maintain its refusal to produce?

Request No. 41 (Set Two): All logs or records showing who accessed, reviewed, or modified Plaintiff's email, Slack history, iMessage content, file shares, or internal communications during the same time period, including date/time of access, system used, identity or role of accessing user, and whether screenshots, archives, or downloads were created.

Plaintiff's position: This complements No. 40 by identifying the specific individuals who accessed Plaintiff's communications and what they did with the information. Does Apple maintain its refusal to produce?

Request No. 42 (Set Two): All internal requests, tickets, or communications submitted by Apple employees to Apple's internal tech, security, or compliance teams to monitor, audit, preserve, or report on Plaintiff's communications, Slack activity, or device use, including any legal hold requests, IT monitoring triggers, surveillance justifications, and Slack "lookups" or search reports.

Plaintiff's position: Internal requests to monitor or surveil Plaintiff's communications would constitute direct evidence of adverse action taken in response to her protected activity. Does Apple maintain its refusal to produce?

Request No. 43 (Set Two): All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups: Plaintiff's managers or direct supervisors; Apple's Human Resources personnel; Employee Relations team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel — discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021.

Plaintiff's position: Cross-departmental communications about Plaintiff during the period of her protected activity are essential to establishing Apple's knowledge, the coordination of its response, and retaliatory motive. Does Apple maintain its refusal to produce?

Request No. 44 (Set Two): All internal reports, summaries, or tracking notes created by Apple ER or HR relating to Plaintiff's conduct, speech, disclosures, or risk profile, including drafts and confidential annotations, from February 2021 to September 2021.

Plaintiff's position: ER and HR notes assessing Plaintiff's "risk profile" and tracking her disclosures go directly to Apple's knowledge of and response to her protected activity. Does Apple maintain its refusal to produce?

Request No. 54 (Set Two): All documents, emails, messages, PR plans, or communications created by Apple's Communications, Public Relations, or Media Teams that mention Plaintiff; refer to or track press coverage of Plaintiff; propose or implement messaging strategies; or coordinate with Legal, HR, or ER about Plaintiff's termination or complaints, between February 1, 2021 and December 31, 2021.

Plaintiff's position: PR strategy documents about Plaintiff are relevant to Apple's internal response to her protected activity and its coordination of the adverse actions. Does Apple maintain its refusal to produce?

---

Plaintiff has now raised each of the sixteen remaining Requests from Dkt. 310 individually, with her position on relevance for each. This is the same information Plaintiff attempted to raise in her February 26 and March 6, 2026 emails, which Apple declined to engage with.

Plaintiff is willing to discuss reasonable scope limitations on individual Requests, consistent with the Court's approach to No. 23. What Plaintiff cannot accept — and what the Court should not be asked to accept — is a blanket refusal to produce across all sixteen Requests based on the same undifferentiated relevance objection, particularly where the Court has already found that environmental records at these sites are relevant to Plaintiff's claims.

Please respond to each Request individually no later than April 20, 2026.

29

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, March 6th, 2026 at 7:06 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

As requested, please update your discovery responses to all Requests for Production where you previously said you would be still working on them -- if you are no longer working on them. Or confirm if I should take your email to mean that you are actively working on all items that said you will still be working on them and you are not working on all of the items you objected to in full.

You failed to answer my single and fundamental question.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Friday, March 6th, 2026 at 7:06 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

As requested, please update your discovery responses to all Requests for Production where you previously said you would be still working on them -- if you are no longer working on them. Or confirm if I should take your email to mean that you are actively working on all items that said you will still be working on them and you are not working on all of the items you objected to in full.

You failed to answer my single and fundamental question.

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


Sent with Proton Mail secure email.


On Thursday, March 5th, 2026 at 9:24 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

Ashley,

We disagree with many of the assertions in your email regarding Apple's discovery responses and production.

Apple has produced numerous documents responsive to your RFPs across multiple production volumes and Apple continues to search for potentially responsive documents and will supplement its productions (and its privilege log) if and as appropriate, and consistent with the applicable rules and court-ordered fact discovery cut-off.

With respect to the two specific RFPs you mention:


- RFP No. 20 (Set Two) does not seek "the very policies under which Defendant claims to have taken the adverse employment action at issue" (and in any event, Apple has produced the policies related its decision to terminate your employment). Rather, RFP No. 20 (Set Two) seeks "policies … that reference public or private discussion of wages or working conditions; message content monitoring; restrictions on employee organizing or complaints; internal media, press, or government outreach protocol." Apple properly objected to this RFP on numerous grounds, including that such policies are not relevant to this case.
- Apple also properly objected to RFP No. 23—which seeks "reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing" at 825 Stewart and 3250 Scott"—on numerous grounds, including that "whether Apple, in fact, engaged in the conduct that Plaintiff purportedly complained of is not relevant to any of her claims."


To the extent you would like to meet and confer about Apple's objections and responses to RFP No. 20 or 23 or any other specific RFPs, please follow the process contemplated by Judge Westmore's order governing discovery disputes.


**Melinda Riechert**
Partner
Orrick
Silicon Valley
T 650/614-7423
M 650 759 1929
mriechert@orrick.com

**[EXTERNAL]**

Counselors,

I write to you to confirm the status of the Defendant's document production in *Gjovik v Apple,* Case No. 3:23-CV-04597-EMC .

The Plaintiff served two sets of Requests for Production in this case: Plaintiff's Part 1, Request for Production, of Phase 1 Discovery, served October 30, 2024; and Plaintiff's Request for Production of Documents, Set Two, served April 25, 2025.

The Defendant served responses to the Phase 1 requests on November 29, 2024, and responses to Set Two on May 27, 2025. In those responses, Defendant lodged various objections and, in numerous instances, either produced no responsive documents, claimed it would not even look for the stated documents, and/or indicated that it was continuing to search for responsive materials and may supplement its production but generally produced nothing more.

As of today the Defendant still has not produced most documents related to the prima facie elements of the claims in this case, or Defendant's stated reason for the termination, or its affirmative defenses, or even clearly relevant requests such as records related to the employer's response to EPA's notice that it would be inspecting the employee's office due to the employee's complaints, which occurred only a few days prior to the employee being placed on leave, and then subsequently terminated shortly after the EPA inspection occurred and found health/safety issues. Apple still has refused to provide <u>any </u>documents regarding this matter.

However, in at least two instances, Defendant initially indicated it would not produce documents  responsive to a particular request, claiming the documents don't exist and/or it won't look for them, but then subsequently produced some responsive materials.

It has now been approximately nine months since Defendant's most recent formal response. The Plaintiff has significant concerns about the adequacy of Defendant's production across both sets of requests. By way of example only, and without limitation:

- Request for Production No. 20 (Set Two) sought all policies, guidelines, or instructions referencing employee discussion of wages or working conditions, message monitoring, restrictions on employee complaints, and related protocols — including the very policies under which Defendant claims to have taken the adverse employment action at issue. Defendant refused production in its entirety. Defendant cannot rely on policies as the basis for its employment decision while simultaneously refusing to produce them.

- Request for Production No. 23 (Set Two) sought internal audits, assessments, or reports concerning environmental hazards at two of Defendant's facilities where the Plaintiff was injured — documents going to the core of some of Plaintiff's protected disclosures and Defendant's knowledge thereof. Defendant refused production in its entirety.

These are illustrative of broader deficiencies across Defendant's responses to both sets of requests, which Plaintiff intends to address comprehensively once the status of production is confirmed.

Plaintiff also notes that with respect to multiple requests, Defendant asserted privilege as a basis for withholding documents but has not produced a privilege log with those records included, as required by Federal Rule of Civil Procedure 26(b)(5)(A). Plaintiff also needs to update her privilege log and provide a copy to Defendants, so this email simply request assurance Defendants will work on this and promptly produce an expanded log.

Plaintiff also still intends to notice Defendant's Rule 30(b)(6) deposition but only following the completion of document production, so that examination may proceed on a complete record.

Accordingly, please confirm in writing within five (5) business days of this letter whether Defendant is still in the process of collecting or reviewing documents responsive to any outstanding request from either of the two sets. If so, please identify which specific requests remain under review and provide an anticipated completion date. If certain requests are closed, please confirm which requests are complete, particularly where Defendant's prior response indicated it would continue searching.

If I do not receive a response within that timeframe, Plaintiff will understand Defendant's production to be complete as to all outstanding requests and will proceed accordingly, including with respect to the full scope of Plaintiff's concerns regarding the adequacy of Defendant's production and will start meet/confer for any necessary future motion practice.

-Ashley

—

**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Friday, April 17th, 2026 at 12:00 AM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hello,

This was an enormous amount of work that I struggled to complete on time but did my best with my extremely limited resources at this time.

I'm attaching my Amended responses to all of Apple's Interrogatories and Request for Production. I responded to all of them. The final batches of document production from GoldFinch should be arriving to you in the next hour as the productions are processing and email notifications going out.

33

I'm also attaching a first draft of a Privilege Log and only realized tonight it will probably require 20hrs+ of my time to complete in full which as you're aware -- I do not have that time at this moment -- so I will work to get you an expanded version as soon as I can -- but it may take me a couple weeks. It would help me a lot if Apple can identify any type of privilege withholding from me it would require a full audited index rather than a categorical list as my withholding should mostly be inconsequential to the merits of Apple's defenses -- so for example, exactly how many emails I sent to / from non-noticed attorneys, or how many work product planning documents I created and the exact titles/dates seems not proportional to the work required of me.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

On Thursday, April 16th, 2026 at 5:51 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Counselor,

Regarding all of the Interrogatories and RFPs you note below, I already told you I'm working on all of these items today and planned to send you the amended versions by midnight. I told you that earlier today so I do not know why you sent a subsequent email today now complaining I had not sent the stuff I already told you I was working on and would be sent you to you.

Regarding the Deposition, I already told you I would insist on continuing the 4/8 deposition is Apple complained about rescheduling it later -- and that's on the transcript. I also already told you I'd appear on 4/20 -- then you asked to move it to 4/28, and I said ok and confirmed I'd appear, so I don't know why you're complaining about this again.

—

**Ashley M. Gjøvik**

34

**BS, JD, PMP**

On Thursday, April 16th, 2026 at 5:44 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

**From:** Perry, Jessica R. <jperry@orrick.com>
**Sent:** Tuesday, April 14, 2026 9:04 AM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

Ashley,

Apple responds to your points below regarding the issues raised by Apple in its April 9 email. In a separate thread, we will address the issues you raised in your April 9 email. As we continue to meet and confer, we expect that, pursuant to Judge Westmore's March 30 order, we will discuss the issues raised by Apple in this thread, and we will discuss the issues you raised in the separate thread.

*1. Your Deposition*

You mischaracterize what happened at your deposition. Upon appearing, you stated under oath that you were not well enough to proceed. Tr. 351:12-15, 360:3-5. Accordingly, it was necessary to reschedule your court-ordered deposition to April 20, the parties' first mutually available date.

While the other two depositions are not at issue in Apple's meet & confer email below, Apple has not "pushed" these depositions past April 16, as Apple will make clear while responding to your April 9 meet & confer email and your administrative motion (Dkt. No. 346), both of which are riddled with false statements.

Again, we expect you to appear for four hours of testimony on April 20 and we reserve our rights to seek appropriate remedy if you do not.

35

## *2. Discovery Regarding Alleged Emotional Distress Damages*

You have not addressed all of the topics we initially raised; however, we respond to the points you have raised.

**Interrogatories Nos. 12-17.** Thank you for confirming that you are working on supplementing your interrogatory responses. We expect you will supplement your responses to Interrogatories Nos. 12-17 as we requested in our April 9 email.

**RFP No. 12.** Your April 25, 2025 responses objected to RFP No. 12 on only two grounds: privilege and privacy. As to your privacy objection, you stated, "Defendant has provided no factual allegations, contentions, or disclosures … that would justify inquiry into Plaintiff 's general medical history or healthcare providers." But RFP No. 12 does not seek "general medical history or healthcare providers." Rather, it narrowly seeks only those documents concerning distress you claim was caused by Apple regarding the four claims at issue. Moreover, Judge Westmore has ruled that such records are discoverable because you have put your medical and mental conditions "in controversy." Dkt. No. 291 at 2.

Thus, your response to RFP No. 12 raised no valid objections to production other than privilege. Indeed, you agreed to produce responsive, non-privileged documents, with rolling production ongoing.

You further stated that to the extent any documents are withheld or redacted for privilege, you will provide a privilege log, but none has been produced to date.

## *3. Discovery Regarding Alleged Damages, Generally*

Again, you have not addressed all of the topics we initially raised; however, we respond to the points you have raised.

**Interrogatories Nos. 6-10.** Given that you have confirmed that you are working on supplementing your interrogatory responses, we expect you will supplement your responses to Interrogatories Nos. 6-10 as we requested in our April 9 email.

**RFP No. 13.** Given that you have confirmed that production is underway, we expect that you will produce all responsive, non-privileged documents, as your response to RFP No. 13 raised no valid objections to production other than privilege.

36

### *4. Discovery Regarding Mitigation Efforts*

***Interrogatories Nos. 11.*** Given that you have confirmed that you are working on supplementing your interrogatory responses, we expect you will supplement your responses to Interrogatory No. 11 as we requested in our April 9 email.

***RFP Nos. 6-9.*** Given that you have confirmed that production is underway, we expect that you will produce all responsive, non-privileged documents, as your responses to RFP Nos. 6-9 raised no valid objections to production other than privilege.

### *5. Discovery Regarding Allegations in the Fifth Amended Complaint*

***RFP Nos. 1 and 10.*** Given that you have confirmed that production is underway, we expect that you will produce the documents specifically identified in our email below with respect to RFP No. 1, as well as all responsive, non-privileged documents with respect to RFP No. 10, as your responses to RFP No. 1 and 10 raised no valid objections to production other than privilege.

Please advise on your position with respect to the remaining issues we raised.

Thank you.

On Thursday, April 16th, 2026 at 1:54 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello,

Recording of the Kragmanov deposition is below:

https://us06web.zoom.us/rec/share/n0J6UEQmlCluEf2kq0IMkjg-lPZrXtDb23deLeQ-5mpBRBVy2RbyG6O4pDRjOXqE.5bqy7rG1bw1Tg95w
Passcode: 9?7p^eQz

==FYI, i'm going to be working until late to get you all the outstanding discovery deliverables today -- it will probably be another midnight delivery night -- but its on its way.==

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, ==April 9, 2026== 10:49 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** Re: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**[EXTERNAL]**

Counselor,

Brief response tonight. I'm still sick & I reserve the right to supplement during the meet-and-confer period.

**Deposition**

I object to your continued mischaracterization of the April 8 deposition. I appeared as ordered, was sworn in, and repeatedly stated I would continue. Apple stopped it. I have filed an Administrative Motion with Judge Chen to amend the Order at Dkt. 345 to extend the discovery cutoff for this deposition and two others (three total) that Apple has unilaterally pushed past April 16. That motion is now pending.

**Interrogatories**

As I have told you repeatedly over the past two weeks, I am working on supplementing my interrogatory responses. I also told you two weeks ago to please stop creating additional work for me so I could focus on completing them. Instead, Apple filed multiple motions and created numerous new disputes requiring my attention, which has delayed my progress. Nothing has changed — I am still working on them and will supplement.

**RFPs / Document Production**

I acknowledge receipt of Apple's RFPs. I will be candid — I did not remember Apple had served those RFPs until reviewing your email, as they were served in approximately March 2025 and Apple never followed up on them in over a year. That said, production is underway. As you know, I have sent three new productions in the last week alone and have communicated that in emails over the past two weeks. I also owe a privilege log, which again is something I told you I needed time to complete — time I have not had because of the volume of motions and disputes Apple has generated.

**Apple's Outstanding Production**

I am still waiting for a response from Apple regarding your own outstanding production obligations. Please confirm:

- Whether Apple is supplementing its production on any/all of the RFPs it previously refused to produce documents for, including but not limited to those raised in my motion to compel to Judge Westmore (which she directed further meet-and-confer on);

- Whether Apple is amending its outright refusals to produce;

- A status update on any production Apple still has underway;

- An updated privilege log.

This meet-and-confer process is mutual. I expect Apple's response on its own deficiencies as well. I will follow up with a more detailed response.

Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

39

On Thursday, April 9th, 2026 at 10:12 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Judge Westmore's March 30, 2026 Omnibus Discovery Order directed:

In an effort to preserve the Court's limited resources, the parties will have one final opportunity to address all outstanding fact discovery issues not otherwise pending. … The parties shall meaningfully meet and confer via email regarding every outstanding issue. To give the parties an opportunity to meaningfully meet and confer, each party shall raise their initial dispute(s) with the opposing party via email by April 9, 2026 (one week before the discovery cut-off) in a single email (e.g. Plaintiff sends one email to Defendant with all outstanding disputes and vice versa). The parties will then go back and forth on the same email thread in an attempt to narrow the scope of any remaining disputes.

Dkt. No. 327 at 6-7.

Subsequently, Judge Chen noted: "[T]he process established by Judge Westmore is for any remaining discovery disputes. Those disputes should not be numerous given that fact discovery is set to close on April 16, 2026." Dkt. No. 344 at 6.

Apple writes pursuant to these orders to raise its outstanding discovery issues. They fall into five primary buckets:

Your court-ordered deposition;

Discovery bearing on your alleged emotional distress damages;

Discovery bearing on your alleged damages, more generally;

Discovery regarding your efforts to mitigate your alleged damages; and

Discovery supporting key allegations in the operative Fifth Amended Complaint (Dkt. No. 142).

As detailed below, in many instances you previously stated you "would" provide responsive information and/or documents, but have never done so—and discovery closes in one week. In other instances, you have produced very limited documents and Apple would like to confirm you have nothing else responsive to produce.

Apple expects that you will appear for four additional hours of deposition on April 20, 2026, and will amend your responses to Apple's interrogatories and produce any remaining responsive documents no later than April 16, 2026 (the fact discovery cut-off). Apple reserves the right to move to compel responsive testimony, documents, and/or information, or to seek other appropriate relief from the Court, as appropriate.

### *Your Court-Ordered Deposition*

The first and most pressing issue is the matter of your continued deposition. As you know, on March 30, the Court ordered you to sit for four additional hours of deposition by April 8, 2026. Dkt. No. 327 at 5. Less than one hour before you were scheduled to provide the court-ordered testimony on the date you insisted was the only date you were available, you emailed us stating that you were ill and requesting that we reschedule the deposition. You did so despite having taken two depositions of Apple witnesses in this matter on April 3 and 7 (the latter finishing less than 24 hours before you contended you were too ill to sit for your own deposition); publicized and appeared at a "rally" outside of the San Francisco courthouse on April 2; filed ten different motions and objections with the Court during the preceding nine days; and scheduled four additional depositions of Apple witnesses to take place next week. We insisted that the deposition commence but, when you appeared and stated you could not provide testimony, we suspended the deposition after seventeen minutes.

You later offered to make yourself available any day the week of April 20 (after the fact discovery cut-off) except for a window mid-day on April 22 that would preclude four hours of testimony that day. We have since noticed your continued deposition to begin at 12noon PT on April 20, 2026 by Zoom. We expect you to appear and testify then and will seek appropriate relief from Judge Westmore and/or Judge Chen if you do not.

### *Discovery Regarding Alleged Emotional Distress Damages*

Interrogatories Nos. 12-17 and RFP No. 12 seek information and documents pertaining to your claimed emotional distress damages. This information is discoverable. As set forth in Judge Westmore's February 23, 2026 order, you have "placed [your] medical and mental conditions at issue in this case and [have], therefore, waived any privilege over [your] medical records." Dkt. No. 291 at 2. Even though these requests seek clearly discoverable information that is in your possession, you did not provide any substantive answer to Interrogatories Nos. 12-17, and you only produced a handful of documents in response to RFP No. 12. This needs to be corrected.

We request you provide a substantive response to the following interrogatories in light of Judge Westmore's ruling:

- **Interrogatory No. 12** ("Describe each physical, mental, or emotional injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.")
- **Interrogatory No. 13** ("Identify each medical provider who has advised you that you may require future or additional treatment for any injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)")
- **Interrogatory No. 14** ("Describe all medical services (e.g., ambulance, nursing, prosthetics) that you have received for any injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.")
- **Interrogatory No. 15** ("State each medication, prescribed or not, that you have taken since February 23, 2015.")

In light of objections you made to Interrogatories No. 16-17, we will narrow them as follows:

- **Interrogatory No. 16** ("State each medical condition (e.g., stress, depression, post-traumatic stress disorder) that you have suffered since February 23, 2015 and that resulted in treatment by a medical provider.")

- **Interrogatory No. 17** ("For each medical condition identified in your response to Interrogatory No. 16, as narrowed above, identify the person who diagnosed it. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)")

Please respond accordingly.

Regarding RFPs, you must produce all responsive documents requested. **RFP No. 12** sought "[a]ll documents concerning any physical, mental, or emotional distress that you claim was caused by Defendant regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint." To date, you have produced only *seven pages* of potentially responsive medical records consisting of statements for insurance reimbursement from one of your medical providers.

Based on your Initial Disclosures (last amended February 26, 2026), it appears you may have additional potentially responsive documents in your possession, custody, or control. There, you indicated that documents in your possession that you may use to support your claims include "[m]edical, counseling, medication, and psychiatric records," "[m]edical records of doctor visits, tests, imaging, diagnoses, after visit summaries, and medications," "[w]itness statements and copies of text messages and emails from witnesses about this matter," "[r]ecords to support claims of post-employment IIED," and "[j]ournal/calendar entries about events in this matter, and Gjovik's emotional state due to the retaliation." None of these have been produced. They should be.

Regarding third-party subpoenas to medical providers, we will continue to attempt to obtain records responsive to our subpoenas. To the extent providers do not produce records by April 30—including due to any continued refusal on your part to sign appropriate authorization(s) for the release of those

42

records—we intend to move for an order compelling production from the providers and/or evidence preclusion sanctions.

Finally, once your medical records have been obtained, we will work with you to schedule an FRCP 35 independent medical examination (IME), ideally for June 1, 2026. *See* Jan. 27, 2026 10:21am PT email from Gjovik to Riechert, *et al.* ("I already agreed to a neutral medical exam."); Dkt. No. 345 at 4 (Apr. 8, 2026 order from Judge Chen extending discovery deadline as to limited issues, including "the IME").

### *Discovery Regarding Alleged Damages, Generally*

FRCP 26(a)(1)(A)(iii) requires production of "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered."

Your Initial Disclosures include a chart listing "Evidence on Which [Damages] Computation is Based." However, many of the items listed have not been produced—*e.g.*, "Documents supporting length of time Plaintiff worked at … other employers"; "Records of Gjovik trying to stay at Apple / wanting to work at Apple for indefinite future"; "Witness statements"; "Payroll info from current employment"; "Receipts & invoices"; "Medical records and bills"; "Prescriptions" "Diagnoses"; "LLC expenses and losses"; "Sales of assets"; "Therapy co-pays"; "Photographs / videos / audio recording"; "Tools / service[s] to try to improve online reputation" or "hide personal information online"; "Therapy appointments"; "Journal entries"; "Cancellation of Bar Exam appointments"). Please produce all documents listed in this chart from your Initial Disclosures.

Additionally, your responses to the following interrogatories remain deficient:

- **Interrogatory No. 6** ("State the total amount of income, benefits, and/or earning capacity that you have lost to date that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the Fifth Amended Complaint (Dkt. No. 142; herein, the "5AC")."). You represented that you "will supplement" your response to Interrogatory No. 6 "consistent with [your] Initial Disclosures" but to date you have not done so. Please do.
- **Interrogatory No. 7** ("Describe how you calculated the amount stated in your response to Interrogatory No. [6]."). You provided only objections to Interrogatory No. 7. Contrary to your objections, your Initial Disclosures do not describe how you calculated "the total amount of income, benefits, and/or earning capacity" referenced in Interrogatory No. 6. Please provide this information.
- **Interrogatory No. 8** ("State the total amount of income, benefits, and/or earning capacity that you expect to lose in the future that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the 5AC."). If you have any responsive information not already provided, please supplement.
- **Interrogatory No. 9** ("Describe how you calculated the amount stated in your response to Interrogatory No. [8]."). You provided only objections to Interrogatory No. 9. You suggested

43

that this calculation "fall[s] within the scope of expert economic analysis." If you have any responsive factual information, please provide it.

- **Interrogatory No. 10** ("State the cost of each benefit that you have purchased to replace any benefits to which you contend you would have been entitled had the alleged conduct that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC not occurred."). Your response indicated that to the extent you incurred costs related to replacement of lost benefits, you had summarized such information in your Initial Disclosures. But to date, you have not stated the cost of any benefit you purchased to replace any lost benefit. To the extent you purchased any such benefit, please state the cost. Your objections argue this Interrogatory requires you to speculate about Apple's internal benefit costs and policies to which you have no access. This argument is misplaced; we are not asking you about Apple's "internal benefit costs"; we are asking only for the costs of "benefit[s] that you have purchased"—information that is clearly in your possession.

You have not produced any documents in response to the following RFP:

- **RFP No. 13.** "All documents that support the damages you allege to have sustained regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint."

Again, please produce the documents listed in the chart in your Initial Disclosures, as they are responsive to RFP No. 13 (and, as discussed above, you are also required to do so independently under FRCP 26(a)(1)(A)(iii)).

### *Discovery Regarding Mitigation Efforts*

To date you have provided only limited information and documents regarding your efforts (if any) to mitigate the damages you attribute to Apple. Apple is entitled to this information and wants to ensure you have produced everything responsive. *See* Dkt. No. 215 at 4-5 (noting that "Apple will have some leeway when conducting discovery into [mitigation] defenses because the information relevant to the defenses is in large part, within the possession, custody, or control of Ms. Gjovik").

- **Interrogatory No. 11** ("Describe how you have attempted to minimize the amount of your lost income that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC."). Your responsive stated only: "Plaintiff sought alternate employment and consulting roles." Please amend your response to state what specific alternative employment or consulting roles you sought, and when, how and with whom you sought those roles.
- **RFP No. 6:** "Your most recent resume(s)." You produced a resume in December 2023. If you have any other responsive document(s), please produce them.
- **RFP No. 7:** "Documents concerning claims by you for unemployment benefits since your employment at Apple ended." Please confirm you have completed your production as to RFP No. 7.
- **RFP No. 8:** "Documents concerning: (i) communications with potential employers; (ii) job search efforts; (iii) offer(s) of employment or consulting; (iv) job description(s); and (v) income and benefits of any employment or consulting arrangement held by you, since your

44

employment at Apple ended." Please confirm you have completed your production as to RFP No. 8. Please also produce your tax returns for 2025 if and when available.

- **RFP No. 9:** "Documents concerning the termination of any employment or consulting arrangement held by you since your employment at Apple ended." You have not produced any responsive documents, despite their existence (*e.g.*, your work for Northeastern University). Please produce them.

### *Discovery Regarding Allegations in the Fifth Amended Complaint*

Finally, we want to ensure you have completed your production of requested information and documents regarding certain key factual allegations you have made in this action.

- **RFP No. 1** sought "[a]ll documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint[.]"

  o Please produce all documents concerning your allegation that you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[.]" Dkt. No. 142 (final iteration of 5AC) ¶ 158; *see also* Dkt. No. 128 (first iteration of 5AC) ¶ 171 ("Gjovik complained that Apple frequently requested that Gjovik and her coworkers participate in … biometrics data collection (like the Gobbler app)"). This includes all communications (*e.g.*, emails, text messages, social media posts) that you made "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications—including all such communications that contained internal images from the Glimmer application.

  o Please produce all documents concerning your allegations that you "provided information for the article ['Apple Cares About Privacy, Unless You Work at Apple'], including multiple images of secret photos Apple took of [you] in [your] home from the Gobbler application," and that you "shared concerns with a reporter for an advocacy article in August 2021 titled 'Apple Cares about Privacy, Unless You're an Apple Employee [sic].'" Dkt. No. 142 ¶¶ 159, 232. This includes all communications (*e.g.*, emails, text messages) that you sent to Zoë Schiffer or any other reporter at The Verge in which you provided "images of … photos … from the Gobbler application" or any other information related to the article "Apple Cares About Privacy, Unless You Work at Apple."

- **RFP No. 10** sought "[a]ny other documents upon which you rely to support the [ ] claims in Count I –Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint[.]" If you have any responsive documents that you have not yet been produced, please produce them.

\*\*\*

45

Thank you in advance for your attention to these five remaining issues. Consistent with the Omnibus Discovery Order, we ask that you respond on these five issues solely in a response to this email.

Best,
Jessica

**Jessica Perry**
Partner
Orrick
Silicon Valley
T +1-650-614-7350
jperry@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

Ashley,

Other than a brief exchange yesterday regarding your deposition proceeding on April 28 instead of April 20, we have received no substantive response from you to our April 9 email. Please let us know when you will engage in a meet and confer regarding the issues we raised in our April 9 email. This cannot be a one way street.

Thank you.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Tuesday, April 21, 2026 8:00 AM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Tuesday, April 21, 2026 6:49 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Saturday, April 25, 2026 10:03 AM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, April 27, 2026 3:23 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you

in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

Exhibit B

(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE** |
| v. | |
| APPLE INC., | |
| Defendant. | |

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Apple Inc. requests that Plaintiff Ashley Gjovik produce the documents, records, and other tangible evidence described below to mriechert@orrick.com and kmantoan@orrick.com within thirty days of service.

## INSTRUCTIONS

1. Any document should be produced in PDF format with the following metadata fields, where applicable, included in an associated load file (referred to as a "Concordance" load file format in litigation): Beginning Bates, Ending Bates, Beginning Attach, Ending Attach, Page Count, Document Date, Author, From, To, CC, BCC, Subject, Custodian, and Text Path. If documents cannot be produced in this manner ensuring the requested metadata fields are preserved and produced, documents should be produced in their original native format, with any metadata associated with such native files.

2. All documents shall be produced with Bates numbers consisting of a unique identifier consisting of a prefix followed by numbers (*e.g.*, PLAINTIFF000001). Each page of a document must have its own Bates number, Bates numbers should be sequential, and all documents included in a "family" (*e.g.*, emails plus their attachments) shall be organized together in sequential order. Any documents produced in native format shall be assigned a unique Bates number the same as if produced as a PDF. The native file itself shall be named using the unique Bates number assigned to it followed by the original file extension.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.

**REQUEST FOR PRODUCTION NO. 2:**

Claims, lawsuits, administrative charges, and complaints by you that rely upon any of the

DEF.'S RFPS, SET ONE
[23-CV-4597-EMC]

**REQUEST FOR PRODUCTION NO. 9:**

Documents concerning the termination of any employment or consulting arrangement held by you since your employment at Apple ended.

**REQUEST FOR PRODUCTION NO. 10:**

Any other documents upon which you rely to support the following claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.

**REQUEST FOR PRODUCTION NO. 11:**

All documents upon which you relied to draft Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any physical, mental, or emotional distress that you claim was caused by Defendant regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that support the damages you allege to have sustained regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint.

///

///

///

///

Dated:  March 26, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  _____*/s/ Melinda S. Riechert*_____
                              MELINDA S. RIECHERT
                              Attorney for Defendant
                              APPLE INC.

Exhibit C

**Ashley M. Gjovik, JD**
*In Propria Persona*
(408) 883-4428
legal@ashleygjovik.com
April 25, 2025

# United States District Court

## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik,**<br>*an individual*,<br><br>Plaintiff,<br><br>vs.<br><br>**Apple Inc.,**<br>*a corporation*,<br><br>Defendant. | **Response to Defendant's Request for Production** (Set No. One)<br><br>**U.S. District Court Case No.**:<br>• *Gjovik v. Apple,* 3:23-CV-04597-EMC<br><br>**Related Cases:**<br>• **U.S. Court of Appeals for the Ninth Circuit:** 25-2028; 24-6058<br>• **U.S. NLRB Case. No.'s**: 32-CA-282142; 32-CA-283161; 32-CA-284428; 32-CA-284441<br>• **U.S. Dept. of Labor ARB Case No.**'s: 2024-0060; 2024-CER-00001.<br>• **U.S. EPA & California EPA BAAQMD** enforcement actions |

## TABLE OF CONTENTS

**PLAINTIFF'S RESPONSES TO DEFENDANT APPLE INC.'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS, SET ONE** ........................2

**I.    General Response & Preservation of Objections**............................. 2

    A.    Response To Request for Production No. 1 – 13:............................... 3

**II.    Conclusion** ..................................................................... 3

# PLAINTIFF'S RESPONSES TO DEFENDANT APPLE INC.'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS, SET ONE

1. Plaintiff Ashley Gjovik, appearing *pro se,* hereby responds to Defendant Apple Inc.'s Request for Production of Documents, Set One (served March 26 2025), as follows:

## I. GENERAL RESPONSE & PRESERVATION OF OBJECTIONS

2. The plaintiff is actively gathering and producing responsive documents. As of the date of this response, no documents have been withheld under any claim of privilege, confidentiality, or other protection. Should documents later be withheld or redacted, Plaintiff will produce an appropriate privilege and/or confidentiality log.

3. Plaintiff objects to producing documents protected by the attorney work product doctrine, including documents prepared in anticipation of litigation, legal strategy notes, and related communications created in Plaintiff's capacity as her own legal counsel. Plaintiff also objects to producing communications protected by the attorney–client privilege, including confidential communications with attorneys consulted for legal advice relating to this matter. Certain documents may also be protected under privileges relating to ongoing civil and criminal investigations involving Defendant, and/or may require review and authorization by the United States government prior to any disclosure.

4. The Plaintiff further notes that Defendant has provided no factual allegations, contentions, or disclosures—either in its Answer or Initial Disclosures—that would justify inquiry into Plaintiff's general medical history or healthcare providers. Should Defendant wish to pursue any request implicating such information, Plaintiff requests a meet and confer pursuant to Fed. R. Civ. P. 26(c) and N.D. Cal. Local Rule 37-1. Defendant must identify the factual or legal

basis for asserting that such information is relevant and proportional to the claims and defenses currently pending in this matter.

5.    Subject to and without waiving the foregoing, Plaintiff responds to each request as follows:

## A. RESPONSE TO REQUEST FOR PRODUCTION NO. 1 – 13:

6.    The plaintiff has begun producing responsive, non-privileged documents and will continue to do so on a rolling basis. The plaintiff will supplement this production as additional documents are identified and reviewed, and will provide amended responses as appropriate.

## II. CONCLUSION

7.    The responsive production is ongoing.

/s/ Ashley M. Gjovik

*Pro Se Plaintiff*

Dated: April 25, 2025

Exhibit D

Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# United States District Court

# Northern District of California

|  |  |
|---|---|
| | **Case No. 3:23-CV-04597-EMC** |
| **ASHLEY GJOVIK**, *an individual*, Plaintiff, v. **APPLE INC**, *a corporation*, Defendant. | **Plaintiff's Amended Response to Defendant's Requests for Production** **Amended Response: April 16 2026** |

**PLAINTIFF'S CONSOLIDATED RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, AND INITIAL DOCUMENT PRODUCTION PURSUANT TO GENERAL ORDER NO. 71, PART 1(2)**

## I.   INTRODUCTION & PRELIMINARY STATEMENT

1.     Plaintiff hereby amends her response to Defendant's Requests for Production. Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and General Order No. 71 of the United States District Court for the Northern District of California ("GO 71"), Plaintiff Ashley Gjovik ("Plaintiff") hereby provides, in a single consolidated document: (A) her responses and objections to Defendant Apple Inc.'s ("Defendant" or "Apple") Requests for Production of Documents to Plaintiff, Set One ("Requests"), served on March 26, 2025; and (B) her initial document production and responses pursuant to GO 71, Part 1(2)(a)–(j). This document also supplements Plaintiff's Amended Initial Disclosures.

2.     These responses are made based upon information presently available to Plaintiff after a reasonable and diligent inquiry. Plaintiff reserves the right to amend, modify, revise, correct, supplement, or clarify these responses as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed. Plaintiff further reserves the right to produce evidence of any subsequently discovered facts, documents, or information, and to rely on or use such evidence in any pretrial or trial proceeding.

3.     No response or objection contained herein shall be deemed an admission, waiver, or acknowledgment of the existence of any documents or information, the relevance or admissibility of any documents or information, or the truth or accuracy of any statement or characterization contained in the Requests. The production of any document by Plaintiff shall not constitute a waiver of any objection set forth herein or otherwise applicable.

4.     As to GO 71, Part 1(2): consistent with GO 71, this Initial Discovery is not subject to objections except upon the grounds set forth in Federal Rule of Civil Procedure 26(b)(2)(B) (information not reasonably accessible because of undue burden or cost). Plaintiff does not waive, and expressly preserves, her right to withhold information or documents protected by the attorney-client privilege, the attorney work-product doctrine, the psychotherapist-patient privilege, the physician-patient privilege, constitutional or statutory privacy rights, or any other applicable privilege or protection from disclosure, and reserves the right to identify such withheld materials on a privilege log consistent with Rule 26(b)(5).

5.     As to the Requests: many of the Requests substantially overlap with the document categories required by GO 71, Part 1(2)(a)–(j). Where applicable, Plaintiff's GO 71 production

(Section IV below) satisfies the corresponding Request and is incorporated by reference.

6.      Plaintiff has produced the documents described herein via GoldFinch and email notification. Plaintiff's Amended Initial Disclosures, including the witness list in Section II, document list in Section III, and damages computations in Section IV, are incorporated herein by reference.

## II.   GENERAL OBJECTIONS

1.      The following General Objections apply to each and every Request set forth in Section III below, and are incorporated by reference into each specific response. These General Objections do not apply to Plaintiff's GO 71 production in Section IV, which is governed by the limited-objection rule of GO 71, except to the extent the General Objections preserve privilege, work product, or constitutional or statutory privacy rights, all of which Plaintiff expressly preserves as to the GO 71 production as well. Plaintiff does not waive any General Objection by failing to repeat it in a specific response.

2.      Plaintiff objects to the Requests, including the Instructions and Definitions, to the extent they purport to impose obligations greater than, inconsistent with, or different from those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, General Order No. 71, any applicable case management order, or any stipulated ESI protocol.

3.      Plaintiff objects to each Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, the self-critical analysis privilege, the deliberative process privilege, the spousal privilege, or any other applicable privilege, immunity, or protection from disclosure. Plaintiff will not produce any such privileged or protected material. Inadvertent production of any privileged or protected material shall not constitute a waiver of any privilege or protection.

4.      Plaintiff is proceeding pro se in this action. Accordingly, communications reflecting her legal analysis, mental impressions, conclusions, opinions, theories, or strategies regarding this litigation or the underlying factual allegations are protected by the attorney work-product doctrine pursuant to Federal Rule of Civil Procedure 26(b)(3) and applicable case law.

5.      Plaintiff objects to each Request to the extent it seeks information or documents that are not within Plaintiff's possession, custody, or control; that are equally or more readily available to Defendant; or that are a matter of public record.

6.      Plaintiff objects to each Request to the extent it seeks information or documents protected by Plaintiff's constitutional and statutory rights of privacy, including but not limited to the California Constitution, Article I, Section 1; the Health Insurance Portability and

Accountability Act (HIPAA); the California Confidentiality of Medical Information Act (CMIA); and the privacy rights of third parties including Plaintiff's family, friends, medical providers, therapists, prospective employers, and current employer(s).

7.    Plaintiff objects to each Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, oppressive, harassing, or not proportional to the needs of the case under Rule 26(b)(1), including without limitation the use of undefined or imprecise terms such as "concerning," "relating to," "all documents," and "any."

8.    Plaintiff objects to each Request to the extent it seeks the premature disclosure of expert testimony, expert opinions, expert reports, or the identity of consulting experts, in contravention of Rule 26(a)(2) and the Court's case management order. Plaintiff will disclose expert materials in accordance with the Court's schedule.

9.    Plaintiff objects to each Request to the extent it seeks confidential, proprietary, trade secret, or commercially sensitive information of Plaintiff or third parties, including but not limited to information that is subject to any applicable Protective Order in this action or otherwise confidential under law or contract.

10.    Plaintiff objects to each Request to the extent it seeks information or documents related to Plaintiff's testimony, statements, affidavits, or submissions to the National Labor Relations Board, consistent with Defendant's own stated carve-out in Requests Nos. 1, 2, 10, and 11, and to the extent it seeks information or documents subject to any confidentiality provision, statutory protection, or protective order of the NLRB, the U.S. EPA, the U.S. SEC, the California DLSE, Cal/OSHA, the California DFEH, the U.S. EEOC, or any other government agency with which Plaintiff has communicated.

11.    Plaintiff objects to each Request to the extent it seeks documents or information subject to a confidentiality or non-disclosure agreement with any third party, including former or current employers or service providers, where production would violate such agreement absent a protective order or court order.

12.    Plaintiff objects to each Request to the extent it is duplicative or cumulative of discovery Defendant has obtained or can obtain through other sources, including through its own records, its own witnesses, or public filings.

13.    Plaintiff objects to each Request to the extent it seeks to impose an obligation on Plaintiff to create documents that do not presently exist or to compile, analyze, or summarize information beyond what is required by Rule 34.

14.    Plaintiff objects to each Request to the extent it fails to specify a reasonable time period, subject matter, or geographic scope, rendering the Request overbroad and unduly

burdensome.

15. Plaintiff objects to the Instructions regarding production format (Concordance load file, Bates numbering, metadata fields) to the extent they exceed what the parties have agreed to in any ESI protocol (which is none) or what is required under Rule 34(b)(2)(E). Plaintiff did produce responsive documents in a reasonably usable form consistent with Rule 34.

16. Plaintiff objects to each Request to the extent production would require disclosure of information that could identify confidential informants, cooperating witnesses, or individuals whose identities are protected under whistleblower protection statutes, retaliation statutes, or common law privileges.

17. Subject to and without waiving the foregoing General Objections and specific objections set forth below, Plaintiff responds to the individual Requests as follows.

## III.  RESPONSE TO DEFENDANT'S RFP (SET ONE)

1. **REQUEST FOR PRODUCTION NO. 1: All documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.**

2. RESPONSE TO REQUEST FOR PRODUCTION NO. 1:  Plaintiff incorporates her General Objections as though fully set forth herein. Plaintiff specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents concerning" the factual allegations of four distinct claims spanning multiple years, without reasonable limitation as to subject matter, custodian, or format.

3. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, the psychotherapist-patient privilege, the physician-patient privilege, the joint defense or common interest privilege, or the constitutional or statutory privacy rights of Plaintiff or third parties.

4. Plaintiff objects to this Request to the extent it seeks materials related to testimony, statements, or submissions to the National Labor Relations Board, consistent with Defendant's express carve-out. Plaintiff further objects to this Request to the extent it is duplicative of documents Defendant already possesses as Plaintiff's former employer, and to the extent it seeks documents already produced under General Order No. 71.

5. Subject to and without waiving the foregoing objections, Plaintiff responds as

follows: Plaintiff has conducted a reasonable and diligent search of documents in her possession, custody, or control and has produced non-privileged documents concerning the factual allegations in Counts I–IV, including but not limited to: (i) her communications with Apple management, Human Resources, Employee Relations, EH&S, Business Conduct, and Global Security; (ii) her complaints to governmental agencies (U.S. EPA, U.S. SEC, Cal/OSHA, DLSE, DFEH, EEOC) excluding materials subject to agency confidentiality or the NLRB carve-out; (iii) her contemporaneous notes, emails, text messages, and calendar entries reflecting the underlying events; (iv) her personnel-related documents; and (v) her post-termination communications and records to the extent they concern the claims at issue.

6.      Documents withheld on the basis of privilege or work product are identified on a privilege log served in accordance with Rule 26(b)(5). Plaintiff incorporates by reference her GO 71 production in Section IV below.

7.      **REQUEST FOR PRODUCTION NO. 2: Claims, lawsuits, administrative charges, and complaints by you that rely upon any of the same claims as those in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.**

8.      **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff incorporates her General Objections as though fully set forth herein. Plaintiff objects to this Request as vague and ambiguous with respect to the phrase "rely upon any of the same claims," which is undefined and susceptible to multiple interpretations. Plaintiff further objects to this Request to the extent it seeks documents protected by the NLRB carve-out, agency confidentiality rules, work product, attorney-client privilege, or the privacy rights of third parties.

9.      Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has produced copies of her administrative charges, complaints, and agency submissions in her possession, custody, or control that assert allegations overlapping with Counts I–IV, including without limitation: her Cal/OSHA complaints; her DLSE complaint(s); her DFEH/CRD charges; her U.S. EEOC charges; her unemployment benefits claim and appeal filings; her U.S. SEC whistleblower submissions to the extent not subject to agency confidentiality; and pleadings in related proceedings.

10.     **REQUEST FOR PRODUCTION NO. 3: Documents concerning the formation and termination of the employment relationship at issue in this lawsuit, irrespective of the time period.**

Northeastern University. Plaintiff produces targeted documents relevant to the termination of employment including the NLRB charges and other federal government investigations.

31.    **REQUEST FOR PRODUCTION NO. 10: Any other documents upon which you rely to support the following claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.**

32.    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**    Plaintiff incorporates her General Objections. Plaintiff objects to this Request as premature insofar as it seeks to compel Plaintiff to identify and produce the universe of documents on which she will ultimately "rely" to prove her claims at trial, before the close of discovery, expert disclosures, or dispositive motion briefing. Plaintiff further objects to this Request to the extent it seeks attorney work product, including Plaintiff's selection, compilation, and assessment of documents. Plaintiff further objects to the extent this Request seeks materials subject to the NLRB carve-out, agency confidentiality rules, or privacy rights of third parties.

33.    Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has produced non-privileged documents concerning the factual allegations of Counts I–IV pursuant to her responses to Requests Nos. 1–9 and 11–13, and her production under General Order No. 71 (Section IV below). Plaintiff will supplement this response in accordance with the Court's case management order, including as required by any exhibit list, pretrial disclosures, or expert disclosures.

34.    **REQUEST FOR PRODUCTION NO. 11:** All documents upon which you relied to draft Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; Count IV – Labor Code §98.6 in the Fifth Amended Complaint, though nothing in this Request should be construed as requesting the production of any affidavits regarding testimony that you or anyone else may have given to the National Labor Relations Board.

35.    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Plaintiff incorporates her General Objections. Plaintiff specifically and strenuously objects to this Request on the ground that it invades the attorney work-product doctrine by calling for disclosure of the specific documents Plaintiff (an attorney proceeding pro se) selected, compiled, organized, and mentally assembled in drafting pleadings in this action, which reflects her mental impressions, conclusions, opinions, and legal theories. See *Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3). Plaintiff further objects to the extent this Request seeks documents protected by

including the attorney-client privilege, the attorney work-product doctrine, the psychotherapist-patient privilege, the physician-patient privilege, constitutional and statutory rights of privacy (including under the California Constitution, Article I, Section 1), HIPAA, the California Confidentiality of Medical Information Act, and any applicable confidentiality provision under federal or state whistleblower and agency-confidentiality statutes. Inadvertent production of any privileged or protected material shall not constitute a waiver.

2.    Plaintiff reserves the right to revise, supplement, correct, or amend these responses and this production as additional documents or information come to light, including as required by Rule 26(e). Plaintiff also reserves the right to object to the competence, relevance, materiality, and admissibility of any document or information produced herein.

## VI.    VERIFICATION

I, Ashley M. Gjovik, declare under penalty of perjury under the laws of the United States that the foregoing responses are true and correct to the best of my knowledge, information, and belief. Executed on April 16, 2025, in San Jose, California.

/s/ Ashley M. Gjovik
*Pro Se Plaintiff*
Dated: April 16 2026

Ashley M. Gjovik, J.D.
Digitally signed by Ashley M. Gjovik, J.D.
Date: 2026.04.16 23:32:17 -07'00'

Exhibit E

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO AC WELLNESS MEDICAL GROUP** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for AC Wellness Medical Group, 20730 Valley Green Drive, Cupertino, CA 95014 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
AC WELLNESS MEDICAL GROUP
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Custodian of Records for AC Wellness Medical Group
             20730 Valley Green Drive, Cupertino, CA 95014

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| | |
|---|---|
| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/03/2026 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/12/2026

| | | |
|---|---|---|
| *CLERK OF COURT* | | *Melinda Riechert* |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
 Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
 (650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

   a. Intake and admission forms, including statements, questionnaires and histories.
   b. Admission and discharge summaries.
   c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
   d. Nursing records and reports.
   e. Psychotherapy notes, psychiatric and psychological reports and summaries.
   f. Inpatient and outpatient records.
   g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
   h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
   i. Sound and video recordings, including audiotapes and CDs.
   j. Diagnostic assessments, batteries and/or tests and reports.
   k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

   *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

           Plaintiff,

     v.

APPLE INC.,

           Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Melinda Riechert SBN 65504**<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>**1000 Marsh Road**<br>**Menlo Park, CA 94025**<br>ATTORNEY FOR    **Plaintiff** | **650-614-7418** | |

| NORTHERN DISTRICT, SAN FRANCISCO<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | |
|---|---|

| SHORT TITLE OF CASE:<br>Ashley Gjovik v. Apple Inc. | |
|---|---|

| DATE:      TIME:      DEP./DIV. | CASE NUMBER:<br>23-cv-4597-EMC |
|---|---|

| **Declaration of Service** | Ref. No. or File No:<br>17713-62 |
|---|---|

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action; ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

On: **Custodian of Records for AC Wellness Medical Group**

**20730 Valley Green Dr  Cupertino, CA 95014**

In the above named action by delivering to and leaving with:

**Martin "Doe" (refused to state last name)** Whose title is: **Care Navigator**

On: **3/13/2026**            Date: **04:49 PM**

Fees paid: **$0.00**

Person attempting service:
   a. Name: **Orion Cartelli**
   b. Address: **507 Polk Street Suite 320, San Francisco, CA 94102**
   c. Telephone number: **415-546-6000**
   d. **The fee** for this service was:
   e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



**WHEELS of JUSTICE**
*happiness is serving you*

| | |
|---|---|
| **Orion Cartelli** | Date: **03/13/2026** |

# Apple Wellness Center
**Provided by AC Wellness**

March 25, 2026

**VIA EMAIL AND CERTIFIED MAIL**

Melinda Riechert, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
mriechert@orrick.com

**Re: Objection to Subpoena for Medical Records**
*Ashley Gjovik vs Apple Inc., Case No. 23-cv-4597-EMC*
*United States District Court, Northern District of California*

Dear Ms. Riechert:

AC Wellness ("ACW") has received your subpoena dated March 12, 2026 requesting the medical records of Ashley Gjovik. ACW respectfully objects and will not produce the requested records at this time for the following reasons.

**1. The subpoena is not accompanied by a court order.** HIPAA permits a covered entity to disclose protected health information ("PHI") in response to legal process only under specific conditions. *See* 45 C.F.R. § 164.512(e). Because the subpoena was issued by counsel — not by a judge or court clerk — it does not constitute a court order for HIPAA purposes, and the streamlined disclosure pathway under 45 C.F.R. § 164.512(e)(1)(i) is unavailable.

**2. The patient has an active, unresolved objection.** Under 45 C.F.R. § 164.512(e)(1)(ii), disclosure in response to an attorney-issued subpoena requires satisfactory assurance that the patient received notice and has not objected, or that a HIPAA-qualified protective order is in place. It is ACW's understanding that the patient has raised an objection to disclosure that remains pending before the Court. ACW cannot produce PHI over an unresolved patient objection.

**3. The referenced Protective Order has not been confirmed to satisfy HIPAA requirements.** Attachment A references a Protective Order entered July 7, 2025. A protective order qualifies under HIPAA only if it expressly prohibits use of PHI outside the litigation and requires its return or destruction upon conclusion of the case. *See* 45 C.F.R. § 164.512(e)(1)(v). ACW has not yet confirmed that the July 7, 2025 Order meets both requirements and therefore cannot rely upon it as a basis for disclosure.

Should the defendant wish to pursue production of these records, ACW respectfully requests that defendant obtain a court order directed at ACW pursuant to 45 C.F.R. § 164.512(e)(1)(i). ACW will promptly comply with any properly issued court order.

Please contact the AC Wellness Privacy Officer at michellen@acwellness.com with any questions.

Respectfully,

Michelle Nash
Privacy Officer
AC Wellness
michellen@acwellness.com

Apple Wellness Center
20730 Valley Green Drive
Cupertino, CA 95014
T: (408) 783-4000
F: (408) 217-6140

Exhibit F

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>       Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO APTIHEALTH** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Aptihealth, 1785 US Route 9, Clifton Park, NY 12065 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
APTIHEALTH
CASE NO. 23-CV-4597-EMC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

|  |  |  |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-cv-4597-EMC |
| Apple Inc. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Custodian of Records for Aptihealth
1785 US Route 9, Clifton Park, NY 12065

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Melinda Riechert c/o Patricia Burke 41 State Street, Suite 604-13, Albany, New York 12207 | Date and Time: 04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/12/2026

CLERK OF COURT

OR    *Melinda Riechert*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc._____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>ATTACHMENT A</u>

**ASHLEY GJØVIK / ASHLEY HENDERSON**

**(Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)**

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

   a. Intake and admission forms, including statements, questionnaires and histories.
   b. Admission and discharge summaries.
   c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
   d. Nursing records and reports.
   e. Psychotherapy notes, psychiatric and psychological reports and summaries.
   f. Inpatient and outpatient records.
   g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
   h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
   i. Sound and video recordings, including audiotapes and CDs.
   j. Diagnostic assessments, batteries and/or tests and reports.
   k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

   *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

United States District Court
Northern District of California

emotional distress damages).  The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.)  Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3.  Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.)  If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought.  If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

COUNTY OF FOR THE NORTHERN DISTRICT OF CALIFORNIA

**Plaintiff / Petitioner:**

ASHLEY M GJOVIK

**Defendant / Respondent:**

APPLE INC

**AFFIRMATION OF SERVICE**

**Index No:**
**3:23-cv-04597-EMC**

The undersigned affirms and says; the undersigned is not a party herein, is over 18 years of age and resides in the state of NY.   That on Fri, Mar 13 2026 AT 02:44 PM AT 1785 US Route 9, Clifton Park, NY 12065 the undersigned served the within SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, ATTACHMENT A, and ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS (Received Mar 13, 2026 at 1:29pm EDT) on Custodian of Records for Aptihealth

☐ **Individual:** by delivering a true copy of each to said defendant, personally; the undersigned knew the person so served to be the person described as said defendant therein.

**X** **Corporation:**   Custodian of Records for Aptihealth a defendant, therein named, by delivering a true copy of each to Jaqlene ladoy personally, the undersigned knew said corporation so served to be the corporation described, and knew said individual to be authorized to accept thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, the undersigned was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____

☐ **Mailing:** The undersigned also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office. Mailed on _____.

☐ **Secretary of State:**   a Defendant/Non-Party Witness, therein named, by delivering two true copies of each to personally, the undersigned knew said Secretary of State so served to be the Secretary of State described, and knew said individual to be thereof. At the time of service a $40.00 fee was tendered.

☐ **Military Service:** I asked the person spoken to whether he/she was in active military service of the United States in any capacity whatever and received a negative reply. Upon information and belief I aver that the defendant is not in the military service of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | |
|---|---|---|---|
| Age (Approx):   25 | Perceived Race:   Latino | Perceived Gender:   Female | Weight (Approx): |
| Height (Approx):   5'2" | Hair:   Black | Eyes: | Relationship:   receptionist |
| Other | | | |

leon polnak - Our Job #15430580
Alliance Risk Group

I affirm this 13 day of MARCH, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Exhibit G

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO ATRIUS HEALTH** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Atrius Health, Riverside Center, 275 Grove Street, Suite 2-300, Newton, MA 02466 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

- 1 -

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Custodian of Records for Atrius Health
Riverside Center, 275 Grove Street, Suite 2-300, Newton, MA 02466

*(Name of person to whom this subpoena is directed)*

☑*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place:  Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>222 Berkeley Street, Suite 2000, Boston, MA 02116 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/12/2026

| *CLERK OF COURT* | OR | *Melinda Riechert* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK, | Case No. 3:23-cv-04597-EMC (KAW) |
| Plaintiff, | |
| v. | **ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS** |
| APPLE INC., | Re: Dkt. Nos. 276, 277 |
| Defendant. | |

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| Ashley Gjovik <br> _____ <br> *Plaintiff* <br> v. <br> _____ <br> Apple Inc. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No.   23-cv-4597-EMC <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Custodian of Records for Atrius Health
Riverside Center, 275 Grove Street, Suite 2-300, Newton, MA 02466

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP <br> Attn: Melinda Riechert <br> 222 Berkeley Street, Suite 2000, Boston, MA 02116 | Date and Time: <br> 04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/12/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc._____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*     Custodian of Records for Atrius Health

on *(date)*     03/13/2026     .

☒ I served the subpoena by delivering a copy to the named person as follows:     Michelle Lutz, Office Coordinator,

as authorized to accept service on behalf of Atrius Health, Riverside Center, 275 Grove Street, Suite 2-300,

Newton, MA 02466                                              on *(date)* 03/13/2026 @ 2:45 pm  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:     03/13/2026

*Server's signature*

Cynthia Paris, Process Server

*Printed name and title*
Boston Process Server, LLC
P.O. Box 230261
Boston, MA 02123
617-480-8777

*Server's address*

Additional information regarding attempted service, etc.:

Documents Served: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)
Attachment A; Orders Regarding Apple's Subpoenas for Plaintiff's Medical Records

Description: Caucasian, Female, 60's, 5' 2", 120 lbs, gray hair, glasses

 **Atrius Health**

Part of Optum®

**Release of Information**
1177 Providence Highway
Norwood, MA 02062
Tel: 781.292.7700
Fax: 781.292.7705

3/17/26

Orrick, Herrington & Sutcliff Llp
222 Berkeley St Suite 2000
Boston, MA  02116

RE:    Request to obtain copy of medical records
       Records of: Ashley M Gjovik
       Date of Birth: 8/26/1986
       Date request received: 3/16/2026

Dear Orrick, Herrington & Sutcliff Llp,

We have received your request for the health records of the above named patient.
Unfortunately, we are unable to fulfill your request at this time due to the challenge(s)
outlined below.

Other: we do not comply with out of state subpoenas.

Please resubmit the request and/or authorization ensuring these missing elements are
completed and a copy of this letter.  We will promptly get the request back into
production once we receive it.

Should you have any questions, you may contact us at 781-292-7710 Monday
through Friday, 8:00 a.m. until 4:00 p.m.

Sincerely,

Kathleen A. Molloy
Release of Information Representative
Medical Records

Exhibit H

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO BOSTON MEDICAL CENTER** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Boston Medical Center c/o Medical Records Department, 850 Harrison Avenue, Yawkey Building, 1st Floor, Boston, MA 02118 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP


*Melinda Riechert*

_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:        Custodian of Records for Boston Medical Center c/o Medical Records Department
850 Harrison Avenue, Yawkey Building, 1st Floor, Boston, MA 02118

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>222 Berkeley Street, Suite 2000, Boston, MA 02116 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/12/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
 Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
 (650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

        I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

        ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

        ❒ I returned the subpoena unexecuted because: _____

_____ .

        Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

        I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC   (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.)  Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.)  Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.*  She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.)  Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

Ashley Gjovik )
_____ )
*Plaintiff* )
v. ) Civil Action No. 23-cv-4597-EMC
)
Apple Inc. )
_____ )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records for Boston Medical Center c/o Medical Records Department
850 Harrison Avenue, Yawkey Building, 1st Floor, Boston, MA 02118

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP Attn: Melinda Riechert 222 Berkeley Street, Suite 2000, Boston, MA 02116 | Date and Time: 04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/12/2026

*CLERK OF COURT*

OR     *Melinda Riechert*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    Custodian of Records for Boston Medical Center

on *(date)*    03/13/2026    .    c/o Medical Records Department

☒ I served the subpoena by delivering a copy to the named person as follows:    Tracy Lawton, Medical Records

Department as authorized to accept service at Medical Records Department, 850 Harrison Avenue, Yawkey

Building, 1st Floor, Boston, MA 02118    on *(date)*    03/13/2026    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                for travel and $                for services, for a total of $                .

I declare under penalty of perjury that this information is true.

Date:    03/13/2026

_____
*Server's signature*

Cynthia Paris, Process Server
_____
*Printed name and title*
Boston Process Server, LLC
P.O. Box 230261
Boston, MA 02123
617-480-8777

_____
*Server's address*

Additional information regarding attempted service, etc.:

Documents Served:  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13) Attachment A; Orders Regarding Apple's Subpoenas for Plaintiff's Medical Records

Description:  Black, Female, 50's, 5' 5", 140 lbs, black hair

Boston Medical Center
1 Boston Medical Ctr Pl
Boston, MA 02118-2908

# IMPORTANT INFORMATION REGARDING YOUR REQUEST FOR MEDICAL RECORDS

03/26/2026

**To:** ORRICK HERRINGTON SUTCLIFFE
1000 MARSH RD
MENLO PARK, CA 94025-1015

Re: Ashley Gjovik - Boston Medical Center - eRID 306077141

**We are unable to comply with your request at this time for the following reason(s):**

**Out-of-State Subpoena**
The healthcare facility is unable to respond to a subpoena by an out-of-state court. It is necessary for you to obtain a subpoena or court order from a court within the jurisdiction of the healthcare facility. If it cannot be done, you must obtain an authorization signed by the patient and dated within 90 days of the date of receipt. Please re-submit your request with the necessary information.

Sincerely,
Boston Medical Center

Exhibit I

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>             Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO DELMAR FAMILY MEDICINE** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Delmar Family Medicine, 1499 New Scotland Road, Slingerlands, NY 12159 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Ashley Gjovik | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   23-cv-4597-EMC |
| | ) |
| Apple Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records for Delmar Family Medicine
1499 New Scotland Road, Slingerlands, NY 12159

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Melinda Riechert<br>c/o Patricia Burke<br>41 State Street, Suite 604-13, Albany, New York 12207 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/12/2026

| CLERK OF COURT | | *Melinda Riechert* |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

          Plaintiff,

    v.

APPLE INC.,

          Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

UNITED STATES DISTRICT COURT                                            COUNTY OF FOR THE NORTHERN DISTRICT OF CALIFORNIA

**Plaintiff / Petitioner:**                                                          **AFFIRMATION OF SERVICE**

ASHLEY M GJOVIK                                                                     **Index No:**
                                                                                   **3:23-cv-04597-EMC**
**Defendant / Respondent:**

APPLE INC

The undersigned affirms and says; the undersigned is not a party herein, is over 18 years of age and resides in the state of NY.   That on Fri, Mar 13 2026 AT 02:56 PM AT 1499 New Scotland Road, Slingerlands, NY 12159 the undersigned served the within SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, ATTACHMENT A, and ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS (Received Mar 13, 2026 at 1:29pm EDT) on Custodian of Records for Delmar Family Medicine

| | |
|---|---|
| ☐ | **Individual:** by delivering a true copy of each to said defendant, personally; the undersigned knew the person so served to be the person described as said defendant therein. |
| ☒ | **Corporation:**   Custodian of Records for Delmar Family Medicine a defendant, therein named, by delivering a true copy of each to Jane Doe personally, the undersigned knew said corporation so served to be the corporation described, and knew said individual to be Authorized to Accept thereof. |
| ☐ | **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. |
| ☐ | **Affixing to Door:** by affixing a true copy of each to the door thereof, the undersigned was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____ |
| ☐ | **Mailing:** The undersigned also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office. Mailed on _____. |
| ☐ | **Secretary of State:**   a Defendant/Non-Party Witness, therein named, by delivering two true copies of each to personally, the undersigned knew said Secretary of State so served to be the Secretary of State described, and knew said individual to be thereof. At the time of service a $40.00 fee was tendered. |
| ☐ | **Military Service:** I asked the person spoken to whether he/she was in active military service of the United States in any capacity whatever and received a negative reply. Upon information and belief I aver that the defendant is not in the military service of the United States as that term is defined in either the State or in the Federal statutes. |

**Description:**

Age (Approx):   50-60          Perceived Race:   Caucasian          Perceived Gender:   Female          Weight (Approx):   170-180

Height (Approx):   5'7"                      Hair:   Blond                              Eyes:                   Relationship:

Other    Receptionist and Mgr both attempted to refuse service. No reason provided or alternate address provided. Left documents in view

John Habermehl - Our Job #15430592
Alliance Risk Group

I affirm this 13 day of MARCH, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Exhibit J

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>              Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO HEALLY** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Heally, 2215 South El Camino Real, Suite 205, San Mateo, CA 94403 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                      ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
HEALLY
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Ashley Gjovik<br>*Plaintiff*<br>v.<br>Apple Inc.<br>*Defendant* | )<br>)<br>)  Civil Action No.  23-cv-4597-EMC<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records for Heally
2215 South El Camino Real, Suite 205, San Mateo, CA 94403

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/12/2026

| CLERK OF COURT | | OR | *Melinda Riechert* |
|---|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**ATTACHMENT A**</u>

**ASHLEY GJØVIK / ASHLEY HENDERSON**

**(Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)**

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 3:23-cv-04597-EMC   (KAW)<br><br>**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**<br><br>Re: Dkt. Nos. 276, 277 |

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.)  Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.)  Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.*  She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.)  Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at \*2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO HEALLY** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Heally, 42 West 24th Street, New York, NY 10010 on March 20, 2026, or as soon thereafter as service may be effected.


Dated: March 19, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP


*Melinda Riechert*

_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
HEALLY
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-cv-4597-EMC |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Custodian of Records for Heally
          42 West 24th Street, New York, NY 10010

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/10/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/19/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
 Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
 (650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK, | Case No. 3:23-cv-04597-EMC (KAW) |
| Plaintiff, | **ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS** |
| v. | |
| APPLE INC., | Re: Dkt. Nos. 276, 277 |
| Defendant. | |

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

United States District Court
Northern District of California

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO HEALLY** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Heally c/o Lina Kravetskiy, 915 Highland Point Drive, Suite 250, Roseville, CA 95678 on April 2, 2026, or as soon thereafter as service may be effected.


Dated: April 2, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP



*Melinda Riechert*

_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records for Heally c/o Lina Kravetskiy
915 Highland Point Drive, Suite 250, Roseville, CA 95678

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>400 Capitol Mall, 30th Floor, Sacramento, CA 95814 | Date and Time:<br><br>04/16/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/02/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc._____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

United States District Court
Northern District of California

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                  Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                  Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO HEALLY** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Heally c/o Lina Kravetskiy, 1004 Windjammer Circle, Foster City, CA 94404 on April 9, 2026, or as soon thereafter as service may be effected.

Dated: April 9, 2026                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____
JESSICA PERRY
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
HEALLY
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    23-cv-4597-EMC |
| Apple Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:       Custodian of Records for Heally c/o Lina Kravetskiy
1004 Windjammer Circle, Foster City, CA 94404

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94027 | Date and Time:<br><br>04/16/2026 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        04/09/2026

| *CLERK OF COURT* | OR | *Melinda Riechert* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant, Apple Inc.                                                                , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT A</u>

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a. Intake and admission forms, including statements, questionnaires and histories.
    b. Admission and discharge summaries.
    c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d. Nursing records and reports.
    e. Psychotherapy notes, psychiatric and psychological reports and summaries.
    f. Inpatient and outpatient records.
    g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i. Sound and video recordings, including audiotapes and CDs.
    j. Diagnostic assessments, batteries and/or tests and reports.
    k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:23-cv-04597-EMC (KAW)<br><br>**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**<br><br>Re: Dkt. Nos. 276, 277 |

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

Exhibit K

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO MD LIVE BY EVERNORTH** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for MD Live by Evernorth, 3350 SW 148th Avenue, Suite 300, Miramar, FL 33027 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:          Custodian of Records for MD Live by Evernorth
3350 SW 148th Avenue, Suite 300, Miramar, FL 33027

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>215 NW 24th Street, Suite 200, Miami, FL 33127 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/12/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT A</u>

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a. Intake and admission forms, including statements, questionnaires and histories.
    b. Admission and discharge summaries.
    c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d. Nursing records and reports.
    e. Psychotherapy notes, psychiatric and psychological reports and summaries.
    f. Inpatient and outpatient records.
    g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i. Sound and video recordings, including audiotapes and CDs.
    j. Diagnostic assessments, batteries and/or tests and reports.
    k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages).  The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.)  Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3.  Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.)  If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought.  If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Melinda Riechert SBN 65504**<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>**1000 Marsh Road**<br>**Menlo Park, CA 94025**<br>ATTORNEY FOR   **Plaintiff** | **650-614-7418** | |
| NORTHERN DISTRICT, SAN FRANCISCO<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | | |
| SHORT TITLE OF CASE:<br>Ashley Gjovik v. Apple Inc. | | |

| DATE:        TIME:        DEP./DIV. | CASE NUMBER:<br>23-cv-4597-EMC |
|---|---|
| **Declaration of Service** | Ref. No. or File No:<br>7446-2100 |

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action; ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

On: **Custodian of Records for MD Live by Evernorth**

**3350 SW 148th Ave suite 300  Miramar, FL 33027**

In the above named action by delivering to and leaving with:

**Ivy Y.**   Whose title is: **Administrative Assistant**

On: **3/18/2026**          Date:  **11:46 AM**

Fees paid: **$0.00**

Person attempting service:
  a. Name: **Joseph Onega**
  b. Address: **507 Polk Street Suite 320, San Francisco, CA 94102**
  c. Telephone number: **415-546-6000**
  d. **The fee** for this service was:
  e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



**Joseph Onega**          Date: **03/18/2026**

**Declaration of Service**          Invoice #: 14263073-03

Exhibit L

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>              Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO ONE MEDICAL** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for One Medical, 312 W El Camino Real, Sunnyvale, CA 94087 on March 13, 2026, or as soon thereafter as service may be effected.


Dated: March 12, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP


*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:          Custodian of Records for One Medical
312 W El Camino Real, Sunnyvale, CA 94087

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/12/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant, Apple Inc.                                                    , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT A</u>

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC  (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.)  Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.)  Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.*  She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.)  Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Melinda Riechert SBN 65504**<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>**1000 Marsh Road**<br>**Menlo Park, CA 94025**<br>ATTORNEY FOR    **Plaintiff** | **650-614-7418** | |

| NORTHERN DISTRICT, SAN FRANCISCO<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | |
|---|---|

| SHORT TITLE OF CASE:<br>Ashley Gjovik v. Apple Inc. | |
|---|---|

| DATE:         TIME:          DEP./DIV. | CASE NUMBER:<br>23-cv-4597-EMC |
|---|---|

| **Declaration of Service** | Ref. No. or File No:<br>7446-2100 |
|---|---|

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action; ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

On: **Custodian of Records for One Medical**

**312 W El Camino Real  Sunnyvale, CA 94087**

In the above named action by delivering to and leaving with:

**David "Doe" refused to state last name**   Whose title is: **Member Support**

On: **3/13/2026**          Date: **01:24 PM**

Fees paid: **$0.00**

Person attempting service:
   a. Name: **Orion Cartelli**
   b. Address: **507 Polk Street Suite 320, San Francisco, CA 94102**
   c. Telephone number: **415-546-6000**
   d. **The fee** for this service was:
   e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.


**WHEELS of JUSTICE**
*happiness is serving you*

_____
**Orion Cartelli**                         Date: **03/14/2026**

Exhibit M

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO PARAGON COUNSELING GROUP, LLC** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Paragon Counseling Group, LLC, 830 Stewart Drive, Suite 128, Sunnyvale, CA 94085 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
PARAGON COUNSELING GROUP, LLC
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| Ashley Gjovik | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   23-cv-4597-EMC |
| Apple Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Custodian of Records for Paragon Counseling Group, LLC
830 Stewart Drive, Suite 128, Sunnyvale, CA 94085

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/12/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>ATTACHMENT A</u>

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

          Plaintiff,

      v.

APPLE INC.,

          Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO PARAGON COUNSELING GROUP, LLC** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Paragon Counseling Group, LLC, c/o Sonya Bruner, 952 South San Tomas Aquino Road, Campbell, CA 95008 on April 3, 2026, or as soon thereafter as service may be effected.

Dated: April 3, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP


*Melinda Riechert*
_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
PARAGON COUNSELING GROUP, LLC
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:         Custodian of Records for Paragon Counseling Group, LLC c/o Sonya Bruner
952 South San Tomas Aquino Road, Campbell, CA 95008

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/16/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         04/03/2026

|  | | |
|---|---|---|
| *CLERK OF COURT* | | *Melinda Riechert* |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Defendant, Apple Inc._____ , who issues or requests this subpoena, are:

Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**ATTACHMENT A**</u>

**ASHLEY GJØVIK / ASHLEY HENDERSON**

**(Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)**

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.)  Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.)  Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.*  She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.)  Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO PARAGON COUNSELING GROUP, LLC** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Paragon Counseling Group, LLC, c/o Sonya Bruner, 355 N Wolfe Rd Apt 433, Sunnyvale, CA 94085 on April 6, 2026, or as soon thereafter as service may be effected.

Dated: April 6, 2026                                      ORRICK, HERRINGTON & SUTCLIFFE LLP

*Melinda Riechert*

_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
PARAGON COUNSELING GROUP, LLC
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Ashley Gjovik | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  23-cv-4597-EMC |
| Apple Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Custodian of Records for Paragon Counseling Group, LLC c/o Sonya Bruner
355 N Wolfe Rd Apt 433, Sunnyvale, CA 94085

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP Attn: Melinda Riechert 1000 Marsh Road, Menlo Park, CA 94025 | Date and Time: 04/16/2026 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/06/2026

| *CLERK OF COURT* | OR | *Melinda Riechert* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages).  The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.)  Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3.  Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.)  If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought.  If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO PARAGON COUNSELING GROUP, LLC** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Paragon Counseling Group, LLC, c/o Sonya Bruner, 27 Tulane Parkway, Rochester, NY 14623 on April 9, 2026, or as soon thereafter as service may be effected.

Dated: April 9, 2026                                  ORRICK, HERRINGTON & SUTCLIFFE LLP


_Melinda Riechert_

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
PARAGON COUNSELING GROUP, LLC
CASE NO. 23-CV-4597-EMC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Ashley Gjovik | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   23-cv-4597-EMC |
| Apple Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      Custodian of Records for Paragon Counseling Group, LLC c/o Sonya Bruner
27 Tulane Parkway, Rochester, NY 14623

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Wheels of Justice | Date and Time: |
|---|---|
| 1 S. Washington Street, Suite 420 Rochester, NY 14614, Telephone (415) 546-6000 | 04/16/2026 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/09/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:

Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025; (650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

   a. Intake and admission forms, including statements, questionnaires and histories.
   b. Admission and discharge summaries.
   c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
   d. Nursing records and reports.
   e. Psychotherapy notes, psychiatric and psychological reports and summaries.
   f. Inpatient and outpatient records.
   g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
   h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
   i. Sound and video recordings, including audiotapes and CDs.
   j. Diagnostic assessments, batteries and/or tests and reports.
   k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

   *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK, | Case No. 3:23-cv-04597-EMC (KAW) |
| Plaintiff, | **ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS** |
| v. | |
| APPLE INC., | Re: Dkt. Nos. 276, 277 |
| Defendant. | |

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

United States District Court
Northern District of California

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

Exhibit N

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO SUTTER HEALTH** |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Sutter Health c/o Health Information Management Services, 795 El Camino Real, Palo Alto, CA 94310 on March 13, 2026, or as soon thereafter as service may be effected.

Dated: March 12, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP

_Melinda Riechert_

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
SUTTER HEALTH
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records for Sutter Health c/o Health Information Management Services
795 El Camino Real, Palo Alto, CA 94310

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP | Date and Time: |
|---|---|
| Attn: Melinda Riechert | |
| 1000 Marsh Road, Menlo Park, CA 94025 | 04/03/2026 10:00 am |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/12/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Apple Inc. , who issues or requests this subpoena, are:

Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025; (650) 614-7400; mriechert@orrick.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**ASHLEY GJØVIK / ASHLEY HENDERSON**

**(Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)**

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1.  All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2.  All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

　　　　　　Plaintiff,

　　v.

APPLE INC.,

　　　　　　Defendant.

Case No. 3:23-cv-04597-EMC　(KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.)  Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.)  Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.*  She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.)  Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO SUTTER HEALTH PALO ALTO MEDICAL FOUNDATION (PAMF)** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for Sutter Health Palto Alto Medical Foundation (PAMF), 2751 Research Park Drive, Soquel, CA 95073 on March 26, 2026, or as soon thereafter as service may be effected.

Dated: March 25, 2026                                ORRICK, HERRINGTON & SUTCLIFFE LLP


_Melinda Riechert_

_____
MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Ashley Gjovik | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-4597-EMC |
| Apple Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      Custodian of Records for Sutter Health Palo Alto Medical Foundation (PAMF)
2751 Research Park Drive, Soquel, CA 95073

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP Attn: Melinda Riechert 1000 Marsh Road, Menlo Park, CA 94025 | Date and Time: 04/16/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/25/2026

| CLERK OF COURT | |
|---|---|
| | OR     *Melinda Riechert* |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant, Apple Inc.                                          , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## ASHLEY GJØVIK / ASHLEY HENDERSON

## (Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

   a. Intake and admission forms, including statements, questionnaires and histories.
   b. Admission and discharge summaries.
   c. Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
   d. Nursing records and reports.
   e. Psychotherapy notes, psychiatric and psychological reports and summaries.
   f. Inpatient and outpatient records.
   g. Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
   h. Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
   i. Sound and video recordings, including audiotapes and CDs.
   j. Diagnostic assessments, batteries and/or tests and reports.
   k. Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

   *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

          Plaintiff,

    v.

APPLE INC.,

          Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Melinda Riechert SBN 65504**<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>**1000 Marsh Road**<br>**Menlo Park, CA 94025**<br>ATTORNEY FOR   **Plaintiff** | **650-614-7418** | |

| | | |
|---|---|---|
| NORTHERN DISTRICT, SAN FRANCISCO<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | | |
| SHORT TITLE OF CASE:<br>Ashley Gjovik v. Apple Inc. | | |
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>23-cv-4597-EMC |
| **Declaration of Service** | | Ref. No. or File No:<br>7446-2100 |

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action**

On: **Custodian of Records for Sutter Health Palo Alto Medical Foundation (PAMF)**

**2751 Research Park Dr  Soquel, CA 95073**

In the above named action by delivering to and leaving with:

**Stephanie V.**  Whose title is: **Custodian of Records**

On: **3/27/2026**          Date:  **02:30 PM**

Fees paid: **$0.00**

Person attempting service:
   a. Name: **Joeseph Zapata**
   b. Address: **507 Polk Street Suite 320, San Francisco, CA 94102**
   c. Telephone number: **415-546-6000**
   d. **The fee** for this service was:
   e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



**Joeseph Zapata**          Date: **04/08/2026**

---

**Declaration of Service**          Invoice #: 14365061-01

Exhibit O

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
|---|---|
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF SUBPOENA TO THE CLINIC** |
| v. | |
| APPLE INC., | |
| Defendant. | |

TO PLAINTIFF ASHLEY GJOVIK:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apple Inc. intends to serve the attached Subpoena on the Custodian of Records for The Clinic, 100 Bush Street, #1428, San Francisco, CA 94104 on March 13, 2026, or as soon thereafter as service may be effected.


Dated:  March 12, 2026                                          ORRICK, HERRINGTON & SUTCLIFFE LLP


*Melinda Riechert*

_____

MELINDA S. RIECHERT
Attorney for Defendant
APPLE INC.

DEFENDANT'S NOTICE OF SUBPOENA TO
THE CLINIC
CASE NO. 23-CV-4597-EMC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| Ashley Gjovik | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-cv-4597-EMC |
| | ) | |
| Apple Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      Custodian of Records for The Clinic
100 Bush Street, #1428, San Francisco, CA 94104

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Orrick, Herrington & Sutcliffe LLP<br>Attn: Melinda Riechert<br>1000 Marsh Road, Menlo Park, CA 94025 | Date and Time:<br><br>04/03/2026 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/12/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Melinda Riechert* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Apple Inc. _____ , who issues or requests this subpoena, are:
Melinda Riechert (SBN 65504) Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025;
(650) 614-7400; mriechert@orrick.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-cv-4597-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**ATTACHMENT A**</u>

**ASHLEY GJØVIK / ASHLEY HENDERSON**

**(Date of Birth: August 26, 1986) (Social Security No. XXX-XX-2419)**

The following records of Ashley Gjøvik / Ashley Henderson from 2015 through the present:

1. All documents relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including, but not limited to,

    a.  Intake and admission forms, including statements, questionnaires and histories.
    b.  Admission and discharge summaries.
    c.  Examination and consultation reports and records, including handwritten notes, clinical charts, and records received from other providers.
    d.  Nursing records and reports.
    e.  Psychotherapy notes, psychiatric and psychological reports and summaries.
    f.  Inpatient and outpatient records.
    g.  Prescription/medication/pharmacy records, including NDC numbers, lot numbers, drug information handouts and monographs.
    h.  Correspondence to, from, and concerning ASHLEY GJØVIK / ASHLEY HENDERSON.
    i.  Sound and video recordings, including audiotapes and CDs.
    j.  Diagnostic assessments, batteries and/or tests and reports.
    k.  Documents relating to or concerning any neurological, neuro-cognitive, psych-educational, neuropsychological, psychological and/or psychiatric evaluation, assessment and/or testing.

2. All billing records to relating to your treatment of Ashley Gjøvik / Ashley Henderson (DOB 8/26/1986) from 2015 to present, including but not limited to any invoices or bills, records of payments made and insurance information/payment.

    *INCLUDE BILLING RECORDS*

All documents should be produced as CONFIDENTIAL Pursuant to the Protective Order entered by the Court on July 7, 2025.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:23-cv-04597-EMC (KAW)

**ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

Re: Dkt. Nos. 276, 277

On February 10, 2026, Defendant Apple Inc. filed a discovery letter pertaining to Plaintiff's refusal to authorize the release of her medical records despite claims of severe emotional distress. (Def.'s Letter, Dkt. No. 276.) Apple contends that they attempted to negotiate the scope of the subpoenas with Plaintiff, including sending her drafts to which she promised revisions to narrow the scope. *Id.* at 2. Plaintiff never provided the revisions. *Id.*

On February 16, 2026, Plaintiff filed a response, in which she acknowledged that she was claiming severe emotional distress, that her medical and mental conditions have been put "in controversy," and that Apple is entitled to damages-related discovery. (Pl.'s Letter, Dkt. No. 277 at 5.) Even so, she argues that Apple's letter was premature because it has not served the subpoenas. *Id.* She also contends that she reserves her right to object to scope and substance of any subpoena Apple may serve, and that she cannot be forced to consent to a HIPAA waiver. *Id.*

Plaintiff is correct in that the Court will not make her consent to release her medical records. (Pl.'s Letter at 5.) Plaintiff, however, is advised that she has placed her medical and mental conditions at issue in this case and has, therefore, waived any privilege over her medical records. *See Bangoura v. Andre-Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) (waived privilege based on seeking $600,000 in

emotional distress damages). The fact that Plaintiff has agreed to undergo an IME is of no consequence. (*See* Pl.'s Letter at 1.) Moreover, the Court can order her providers to release her records over her objection. *See City & Cnty. of San Francisco v. Superior Ct. In & For City & Cnty. of San Francisco*, 37 Cal. 2d 227, 232, 231 P.2d 26, 28 (1951) ("The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.")

Plaintiff raises other arguments that are unavailing. First, Apple is not required to propound discovery on Plaintiff before or in lieu of subpoenaing medical records from her providers. *See id.* at 3. Second, Plaintiff's assertion that Apple should have no difficulty subpoenaing medical records from wholly owned subsidiary AC Wellness Medical Group is not well taken, because that entity is presumably bound by the same privacy requirements as other medical providers. *See id.* at 4.

Finally, based on a cursory review, the Court takes no issue with Apple's Attachment A to the proposed stipulation. (Def.'s Letter, Ex. A at 9.) If those categories of medical records are sought by way of subpoena, the Court is inclined to permit the discovery of same.

Accordingly, while the Court finds this dispute technically premature, since no subpoena has been served, Plaintiff has put her medical and mental conditions "in controversy," such that her medical records are discoverable. The parties are ordered to further meet and confer regarding executing an authorization to release the medical records sought. If Plaintiff refuses to authorize release, Apple should subpoena the records, and, if it is unsuccessful, may file a discovery letter and proposed order compelling Plaintiff's medical providers to release her records based on this order.

This resolves Dkt. Nos. 276 & 277.

IT IS SO ORDERED.

Dated: February 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Melinda Riechert SBN 65504**<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>**1000 Marsh Road**<br>**Menlo Park, CA 94025**<br>ATTORNEY FOR    **Plaintiff** | **650-614-7418** | |

| NORTHERN DISTRICT, SAN FRANCISCO<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | |
|---|---|

| SHORT TITLE OF CASE:<br>Ashley Gjovik v. Apple Inc. | |
|---|---|

| DATE:<br>04/03/2026 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>23-cv-4597-EMC |
|---|---|---|---|

| **Declaration of Service** | Ref. No. or File No:<br>7446-2100 |
|---|---|

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action; ORDER REGARDING APPLE'S SUBPOENAS FOR PLAINTIFF'S MEDICAL RECORDS**

On: **Custodian of Records for The Clinic**

**By fax transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.**

**The fax number from which I served the documents is: (415) 347-3742**

**On (date): March 20, 2026**

**Fax number where person was served: (833) 972-4778**

Fees paid: **$0.00**

Person attempting service:
  a. Name: **Mahesh Bhagat**
  b. Address: **507 Polk Street Suite 320, San Francisco, CA 94102**
  c. Telephone number: **415-546-6000**
  d. **The fee** for this service was:
  e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



<u>_Mahesh Bhagat_</u>
**Mahesh Bhagat**                              Date: **04/07/2026**

---

| Declaration of Service | Invoice #: 14263073-10 |
|---|---|

Exhibit P

| | |
|---|---|
| **From:** | Perry, Jessica R. |
| **Sent:** | Tuesday, April 14, 2026 9:11 AM |
| **To:** | Ashley M. Gjovik (Legal Matters) |
| **Cc:** | Riechert, Melinda; Mantoan, Kathryn G.; Booms, Ryan; Horton, Nicholas J.; Weaver, Nicholas; Davidson, Sarah |
| **Subject:** | RE: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327) |

Ashley,

Apple approaches this meet and confer process mindful of the Court's guidance and the federal rules. Judge Westmore expects parties to confer in good faith and narrow disputes to avoid wasting the Court's limited resources. Rule 26(b)(1) requires relevance and proportionality—no party is entitled to demand unlimited or unduly burdensome searches. And given that fact discovery is set to close on April 16, Judge Chen has made clear that disputes raised in this process "should not be numerous."

Your approach below—which demands discovery that is neither relevant nor proportionate to the needs of case and attempts to revisit resolved disputes and revive long inactive ones—disregards these directives. Notwithstanding, Apple does its best to respond to the many issues you have raised below.

### Dispute 1 – YOUR DEPOSITION
Apple disagrees with your characterizations and erroneous statements. Apple promptly attempted to schedule your deposition, and eventually noticed it for April 8, 2026 in accordance with Judge Westmore's March 30, 2026 order (Dkt. No. 327 at 5)—after you refused to appear for the earlier date Apple had noticed. We decline to engage in further discussion about ground rules or advance concessions you are trying to impose on our right to take this deposition. We expect that you will sit for your court-ordered deposition on April 20.

### Dispute 2 – BERTOLOUS DEPOSITION
Your assertion that Apple "refused to make Mr. Bertolus available before April 17" is incorrect. As you know, Mr. Bertolus is a third-party witness and not under Apple's control; we do not have the ability to "make him available" at any date and time of your choosing. On January 14, Apple asked you for your availability to take his deposition. We did not hear from you until March 16. By that time, Mr. Bertolus was not available for deposition until April 17. And this "dispute" will be entirely moot once Mr. Bertolus appears and testifies on that date, as he is prepared to do.

### Dispute 3 – 30(b)(6) DEPOSITION
Your assertion that you "noticed" a 30(b)(6) deposition in August 2025 is false. Rather, on August 5, 2025, you wrote in an email: "I will want to complete at least my first Rule 30(b)(6) deposition prior to the next status conference and will work on that notice." On August 7, 2025, Apple responded: "We await your list of 30(b)(6) topics." You did not provide any topics at that time, or at any time until this month. Moreover, five months later, at the January 13, 2026 case management conference, you represented to the Court, "I'm ready now and, like, a year ago to file my motion for summary judgment."

On April 1, 2026, you emailed Apple a list of fourteen sprawling proposed 30(b)(6) topics that are in no way proportionate to the needs of this case—which is simply about the reason Apple fired you. On April

1

3, you emailed Apple a purported subpoena directed to "Apple, Inc." for testimony on April 14. This purported subpoena—provided just 11 days (***7 business days***) before the proposed deposition date, and only 13 days before the discovery cutoff—does not provide reasonable notice. *See Fernandez v. Penske Truck Leasing Co., L.P.*, No. 2:12-CV-00295-JCM, 2013 WL 438669, at *1-2 (D. Nev. Feb. 1, 2013) (denying motion to compel 30(b)(6) deposition where plaintiff "delayed until two weeks before the close of discovery to notice" it); *Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, at *3 (C.D. Ill. 2012) (denying motion to compel 30(b)(6) deposition, reasoning: "[s]even business days is not reasonable notice to prepare a witness to testify on [fourteen topics]" and "[Plaintiff] also had no reason to wait until the end of fact discovery to seek this deposition"). Moreover, the purported subpoena does not identify any topics for testimony. On April 8, Apple served formal objections to your defective "subpoena" and declined to produce any witness. Contrary to your assertion, Apple is not required to move for a protective order. Judge Westmore provided the parties "one final opportunity to address all outstanding fact discovery issues" (Dkt. No. 327 at 6); this issue necessarily can only be addressed then. And, in any event, "the requirement to obtain a protective order before failing to appear for a deposition only pertains to properly noticed depositions." *See Fernandez*, 2013 WL 438669, at *2.

We will oppose any effort by you to pursue these sprawling 30(b)(6) topics via deposition, particularly given the six fact witness depositions you have noticed.

**Dispute 4: APPLE'S INTERROGATORY RESPONSES**
Pursuant to Dkt. No. 327, Apple served interrogatory responses on April 6, 2026—three days before you sent your April 9, 2026 meet & confer letter.
Your letter fails to identify any issue with Apple's interrogatory responses, and thus this issue appears resolved.

**Dispute 5: DECISION-MAKER, TIMELINE, POLICY PROVISIONS**
Your assertion that Apple has "failed to identify the decision-maker(s), timeline, or specific policy provisions relied upon for Plaintiff's termination" is false. Apple's December 18, 2023 GO 71 disclosures unambiguously identify Yannick Bertolus as the individual who "made the decision to terminate Plaintiff's employment." Apple's August 4, 2025 response to Interrogatory No. 1 identifies both the "timeline" and "specific policy provisions relied upon" for your termination. Contrary to your claim, neither Judge Chen nor Judge Westmore has ordered Apple to provide more information about your termination. Indeed, Judge Westmore denied your motion to compel as to Interrogatory No. 1, finding Apple's response "robust." Dkt. No. 327 at 1-2.

**Disputes 6 and 7: REQUESTS FOR PRODUCTION**
In Dispute 6, you contend that ***all sixty-four*** of Apple's May 27, 2025 responses to your Requests for Production (Set Two) are deficient. Dispute 7 is largely duplicative of Dispute 6: both disputes cite RFP Nos. 23-24, 28-32, 37, 40-44, 54 (Set Two); Dispute 7 additionally cites RFP Nos. 7-10 (Set One).

Apple served its responses to your RFPs (Set Two) on May 27, 2025.  Since then, Apple searched for, reviewed, and produced 798 pages of documents. On April 13, 2026, pursuant to Dkt. No. 327, it produced an additional 978 pages of documents responsive to RFP No. 23.

It is not reasonable for you to now demand that we meet and confer regarding all sixty-four RFPs in Set Two. As Judge Chen observed, the disputes raised in this process "***should not be numerous*** given that fact discovery is set to close on April 16, 2026." Dkt. No. 344 at 6.

Nevertheless, Apple endeavors below to address the key issues identified in your April 9, 2026 email.

**Apple Will Produce All Documents It Agreed to Produce by April 16: RFP Nos. 2, 5, 11, 12-17, 26, 33-34, 50-51, 58, 61.**
You inquired into the status of RFPs for which Apple stated that it agrees to search for responsive documents (RFP Nos. 2, 5, 11, 12-17, 26, 33-34, 50-51, 58, 61). Apple has diligently searched for, reviewed, and produced numerous documents responsive to these requests. As of the date of this letter, Apple's production is substantially complete. Apple will finalize and complete its production by the fact discovery deadline.

**We Will Not Re-Litigate Resolved Disputes: RFP Nos. 7-10 (Set One); RFP Nos. 20, 24, 28-32, 37, 40-44, 54 (Set Two).**
Your disputes regarding RFP Nos. 7-10 (Set One), 24, 28-32, 37, 40-44, 54 (Set Two)—which are at issue in Dispute 6 and/or Dispute 7—were previously resolved in Dkt. No. 327. Further, your dispute regarding RFP No. 20—which is at issue in Dispute 6—was resolved during the parties' prior meet and confer. The Court does not need to expend any of its limited resources (*see* Dkt. No. 327 at 1) to address these resolved disputes.

**Your Remaining Disputes Are Untimely, and In Any Event, Without Merit.**
As for the remaining RFPs, your attempt to raise new or renewed disputes at this late stage—nearly eleven months after Apple served its responses, and with fact discovery set to close within days—is improper. Judge Westmore's Omnibus Discovery Order cannot reasonably be read to invite you to demand, just one week before fact discovery closes, further information and documents in response to every request you have ever served—many of which have been dormant for months after Apple timely responded and objected.

Notwithstanding your delay in following up on Apple's responses and productions, Apple will nonetheless, to the best of its ability, address the points raised in your meet and confer letter.
**RFP Nos. 8, 10, 18, and 52 (Set Two): You failed to raise an issue.**
With respect to RFP Nos. 8, 10, 18, and 52, you merely state that Apple refused to produce responsive documents without identifying any issue with Apple's refusal, and thus it is not possible for the parties to "meaningfully meet and confer via email regarding [any] outstanding issue," as the Court directed. Dkt. No. 327 at 6-7. In any event, none of your requests are relevant to the reason for your termination—the key remaining liability issue.

**RFP Nos. 7, 8, 19, 36, 43, 47, 51, and 59 (Set Two): Apple properly declined to search for or log responsive documents.**
With respect to RFP Nos. 7, 8, 19, 36, 43, 47, 51, and 59, you claim that "Apple refuses to search AND refuses to create a privilege log, violating FRCP 26(b)(5)(A)."
Each of these requests—or at least a distinct portion of each of these requests—seek *only* attorney-client privileged documents. RFP No. 7 ("documents created by Apple's Legal ... department[]"); 8 ("communications between Apple and any outside legal counsel"); 19 ("communications, meeting notes, or strategy documents created by Apple's Legal ... team[]"); 36 ("Apple ... Legal ... Department files"); 43 ("communications, messages, emails, notes, summaries, or reports exchanged ... among ... [the] Apple Legal ... team[]"); 47 ("documents, communications, messages, and emails ... among Apple's Legal Department"); 51 ("internal Apple communications (including Legal ... team messages)"); 59 ("communications, documents, or legal memos created by ... outside counsel").

These requests—or at least the portions identified above—are improper under FRCP 26(b)(1), and Apple properly declined to search for or log documents responsive to those requests (or any improper portion

thereof). *See Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-03695, 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018) ("A privilege log is required if a party withholds attorney-client privileged documents responsive to an otherwise proper document request. But the request at issue here sought only attorney-client privileged documents … The Court finds that no log is required[.]"). Indeed, your demand appears designed to force Apple to spend extensive time logging all of its legal department's communications, or communications with or by outside counsel, for no purpose other than to harass.

**RFP Nos. 1-6, 11-16, 19, 21, 35-36, 48, 55-57, and 60: Apple reasonably construed the requests.**
You appear to suggest that Apple construed RFP Nos. 1-6, 11-16, 19, 21, 35-36, 48, 55-57, and 60 in an "improper[ly] narrow[]" manner. Apple objected to these RFPs on various bases, including that they are vague and ambiguous as to the topics of the requested documents, overbroad as to the scope of the potential custodians, and not proportionate to the needs of this case. In light of its objections, Apple reasonably construed the requests and responded either that it had already produced certain specified responsive documents or that it will produce such documents, to the extent they exist. To the extent you had any objection to Apple's responses, you should have asked Apple to meet and confer back in the summer of 2025. *See Browne v. Clark*, No. 2:21-CV-02840-AB-AJR, 2024 WL 4738210, at *8 (C.D. Cal. Oct. 29, 2024). Because you did not ask to meet and confer with Apple at that time, Apple proceeded to collect, review, and produce documents consistent with its responses. Your April 9, 2026 meet and confer letter just days before the close of discovery comes far too late. *See, e.g.*, *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, No. CV 16-1968-GW (JEMX), 2017 WL 10339007, at *1 (C.D. Cal. Aug. 9, 2017). And in any event, it is not appropriate to try to force Apple to boil the ocean on every issue you claim is of interest, regardless of whether those issues are actually relevant and proportional to the termination-related claims before the court.

**Apple properly refused to provide certain documents.**
On May 27, 2025, Apple objected to RFP Nos. 9, 22, 25, 27, 38, 45-46, 49 and 62 on multiple grounds and, on that basis, declined to produce documents. You waited until April 9, 2026—nearly eleven months after Apple served its objections—to attempt to meet and confer regarding these RFPs. This nearly eleven-month delay is itself fatal to any motion to compel. *See Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1117–18 (9th Cir. 1999) (affirming denial of motion to compel where the moving party delayed four months after learning of the opposing party's refusal to produce requested documents). Judge Westmore could not have reasonably intended the Omnibus Discovery Order as an invitation for you to raise every single request you've ever served and, having sat on any issues you may have for months, resurrect them at the eleventh hour.

In any event, Apple properly objected to each of these requests.
- RFP Nos. 9, 25, 27.
  - You argue that Apple refused to produce documents responsive to these requests "on same grounds rejected for RFP 23." While Judge Westmore concluded that "the existence of … [reported] hazards" may be relevant, caselaw holds that such information is "tangentially" relevant, at best, and you ignore that Judge Westmore also concluded that "Apple's proportionality argument" is "well taken[.]" Dkt. No. 327 at 4; *Perius v. Abbott Labs.*, No. 07 C 1251, 2008 WL 3889942, at *4-5 (N.D. Ill. Aug. 20, 2008) (w, 2008 WL 3889942, at *4-5 (concluding that"[t]o the extent such evidence would have any 'tangential' relevance," such discovery is not permitted after weighing the factors set out in FRCP 26(b)(2)(C)(iii)). Pursuant to Judge Westmore's order, Apple produced documents responsive to RFP No. 23 ("[a]ll

internal audits, assessments, or reports concerning environmental hazards, chemical exposure, vapor intrusion, or air quality testing at Apple's 825 Stewart Drive and 3250 Scott Boulevard campuses between January 1, 2019" and October 31, 2021). Further discovery on the subject is unnecessary and disproportionate to the needs of the case. This is particularly so because you did not identify RFP Nos. 9, 25, 27 in your initial meet & confer letter on February 27, 2026, nor did you move to compel documents responsive these requests in your March 16, 2026 letter brief.

- To the extent RFP No. 25 seeks communications related to 3250 Scott, it seeks irrelevant documents because you do not allege in the 5AC that you reported hazards at 3250 Scott prior to your termination. Indeed, you allege that you "discovered" Apple's alleged activities at 3250 Scott on February 23, 2023, more than a year after your termination. 5AC ¶ 142.

o RFP Nos. 22, 38, and 45. Apple raised numerous objections to these requests, including that they include vague and ambiguous language, which prevented Apple from understanding what documents you seek. Again, you could have timely requested to meet and confer to provide clarity but did not.

o RFP Nos. 46, 49: These requests broadly seek documents that reference or relate to you. To the extent you assume that some documents that reference or relate to you also evidence "retaliatory motive" or "changing treatment," the requests are overbroad, unduly burdensome, and not proportional to the needs of the case. *Lopez v. Lee*, No. 23-cv-03660-HSG, 2025 WL 2653642, at *9 (N.D. Cal. Sept. 16, 2025) (finding that a request for "'all documents and records referencing Plaintiff' is overly broad and disproportionate to the needs of this case" and "outweighed by the burden of production").

o RFP No. 62. Apple stands by its objections to this RFP, which presupposes the occurrence of meetings between you and Apple that, in fact, did not occur.

**Dispute 8: APPLE'S PRIVILEGE LOG**

Your assertion that "Apple has claimed privilege over categories of documents that do not appear to be privileged" is incorrect. With respect to "investigation reports" and "the ER investigation tracking system," "the attorney-client privilege applies to investigations performed by non-attorneys working at the direction of counsel." *USA v. Shaw*, No. 22CR00105BLF1SVK, 2023 WL 4539849, at *2 (N.D. Cal. July 12, 2023). With respect to "communications among non-attorney HR/ER personnel," "[c]ommunications between non-lawyers ... will still be privileged if (1) the communication contains a discussion of legal advice and (2) disclosure is reasonably necessary to further the purpose of the legal consultation." *S. California Reg'l Rail Auth. v. Hyundai Rotem Co.*, No. CV1608042JAKJEMX, 2019 WL 13036412, at *2 (C.D. Cal. Oct. 3, 2019). With respect to "documents labeled 'Apple Confidential,'" such documents may be privileged because "it is the content of the communication at issue and not the assigned label that determines privilege." *In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, No. 3:09-MD-2032 MMC JSC, 2011 WL 3268091, at *5 (N.D. Cal. July 28, 2011).

You also argue that Apple's privilege log contains "insufficient detail," but Apple's log fully complies with Judge Westmore's Standing Order, and you have failed to show otherwise. Your position is especially untenable given that you have yet to produce any privilege log yourself, despite your commitment to do so. *See* April 1, 2026 email from you to Apple ("I have outstanding discovery obligations to Apple — including ... a privilege log[.]").

**Dispute 9: APPLE'S PRODUCTION OF DOCUMENTS REGARDING ALLEGED PROTECTED ACTIVITY**

Dispute 9 is not tethered to any specific RFP(s), and for that reason alone, you have failed to raise any issue about which the parties can meet and confer or which you could potentially escalate to Judge Westmore. *See* Dkt. No. 327 at 7 ("If the dispute involves written discovery, the opening brief should include the pertinent request(s) and response(s) as an exhibit.").

In any event, Apple has produced documents related to concerns that you raised during your employment with Apple, at least some of which you may seek to construe as protected activity as defined under federal or state whistleblower, retaliation, or labor laws. *See e.g.*, APL-GAELG_00001760-1793 (34-page "Issue Confirmation" document provided by Plaintiff to Apple Employee Relations summarizing all concerns Plaintiff raised during her employment with Apple ranging from 2015 through 2021).

**Dispute 10: APPLE'S RESPONSES TO REQUESTS FOR PRODUCTION & OKPO'S TESTIMONY**
Dispute 10—asserting that "Apple's RFP responses [are] contradicted by Okpo deposition testimony"—is not tethered to any specific RFP(s), and for that reason alone, you have failed to raise any issue about which the parties can meet and confer or which you could potentially escalate to Judge Westmore. *See* Dkt. No. 327 at 7 ("If the dispute involves written discovery, the opening brief should include the pertinent request(s) and response(s) as an exhibit."). You argue that "[t]estimony from Ekelemchi Okpo at his April 7, 2026 deposition directly contradicts Apple's RFP responses," but you do not specifically identify any testimony (by page/line), nor do you specifically identify any RFP that is allegedly contradicted so we do not know what you are referencing.

**Disputes 11 and 12: PROTECTIVE ORDER**
We disagree with many of your statements in Disputes 11 and 12. However, we will not further elaborate here, as we've already done so in briefing before the Court, and we understand that you are not requesting any meet and confer regarding these disputes.

Thank you.

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Thursday, April 9, 2026 11:59 PM
**To:** Perry, Jessica R. <jperry@orrick.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Horton, Nicholas J. <nhorton@orrick.com>; Weaver, Nicholas <nweaver@orrick.com>; Davidson, Sarah <sdavidson@orrick.com>
**Subject:** Re: Gjovik v Apple - Remaining Discovery Issues Raised by Apple (Per Dkt. No. 327)

**[EXTERNAL]**

**Plaintiff's Initial Discovery Disputes Per Dkt. 327 — Outstanding Issues**

Counselors,

Pursuant to Judge Westmore's March 30, 2026 Omnibus Discovery Order (Dkt. 327 at 6-7), this email raises Plaintiff's outstanding fact discovery disputes for which Plaintiff may seek court intervention in her April 23, 2026 opening brief. I reserve the right to elaborate during the meet-and-confer period. All prior objections, rights, and privileges are preserved.

**DISPUTE 1: PLAINTIFF'S DEPOSITION**

Apple suspended Plaintiff's court-ordered deposition on April 8, 2026 after approximately 14-17 minutes, despite Plaintiff appearing as ordered, being sworn in, and repeatedly stating she would continue. Apple had refused to reschedule less than an hour earlier. Apple then noticed the continuation for April 20, 2026—four days after the cutoff—while "reserving all rights." Plaintiff has filed an Administrative Motion with Judge Chen since Apple's delay exceeds the fact discovery timeline. Plaintiff also made objections, requested meet/confer, and Apple has generally refused to meet/confer or make any compromises. Plaintiff also alleges Defendant has engaged in unlawful conduct during the prior deposition and related to the deposition generally, including with coercion and duress, which constitutes criminal intimidation and harassment.

## DISPUTE 2: DEPOSITION OF YANNICK BERTOLUS
Apple refused to make Mr. Bertolus available before April 17, one day after the cutoff, despite requests dating to August 2025. Apple did not disclose this to Judge Chen when seeking its own extension. Included in Plaintiff's pending Administrative Motion.

## DISPUTE 3: RULE 30(b)(6) DEPOSITION OF APPLE INC.
Plaintiff first noticed this deposition no later than August 2025. On April 8, Apple formally refused to produce any witness without filing a protective order or motion to quash. Apple needs to comply with the request and subpoena. Apple also needs to meet/confer. Included in Plaintiff's pending Administrative Motion.

## DISPUTE 4: APPLE'S INTERROGATORY RESPONSES
Judge Westmore ordered Apple to supplement within 7 days (Dkt. 327 at 2-3):
• Interrogatory No. 2 (affirmative defenses)—supplement for all 14 defenses, subparts (a), (c), (d).
• Interrogatory No. 3 (protected activity)—supplement.
• Interrogatory Nos. 4-12—answer.
Please confirm whether served. If served, Plaintiff reserves the right to dispute adequacy.

## DISPUTE 5: FAILURE TO IDENTIFY TERMINATION DECISION-MAKER(S)
Apple has failed to identify the decision-maker(s), timeline, or specific policy provisions relied upon for Plaintiff's termination—despite orders from Judge Chen (Dkt. 215, 234) and Judge Westmore (Dkt. 327). The April 7, 2026 deposition of Apple's own ER investigator Ekelemchi Okpo confirmed he met with VP Yannick Bertolus and SVP John Ternus about the investigation prior to termination—yet Apple has never identified either as a decision-maker. Plaintiff preserves this dispute.

## DISPUTE 6: APPLE'S DEFICIENT RFP RESPONSES (SET TWO)—ALL REQUESTS
Threshold Issues: Apple served responses May 27, 2025—nearly eleven months ago—and has produced little to nothing on most "rolling basis" commitments with no follow-up. Three systemic deficiencies:
- (1) Improper narrowing. Apple narrowed nearly every request to ~14 custodians regarding vapor intrusion at 825 Stewart only. Plaintiff's claims involve privacy, surveillance, NDAs, biometrics, labor organizing, and complaints to EPA, NLRB, Cal/OSHA, EEOC, CDPH.
- (2) Blanket relevance objections to environmental evidence. Apple cites Perius, Bozeman, Wheeler. Judge Westmore rejected this for RFP 23 (Dkt. 327 at 4). Apple's continued refusal on same grounds is inconsistent.
- (3) Blanket privilege refusals without logging. For RFPs 7, 8, 19, 36, 43, 47, 51, 59, Apple refuses to search AND refuses to create a privilege log, violating FRCP 26(b)(5)(A).

A. Protected Activity & Apple's Knowledge (RFPs 1-7, 11-16, 21, 43-49)
• RFPs 1, 3, 4, 5, 6: Narrowed to vapor intrusion only. Must include ALL protected activity.
• RFP 2: Narrowed to specific custodians. Production status unknown.
• RFP 7: Apple refused to search Legal Department and refuses to log. Must produce non-privileged documents and log the rest per FRCP 26(b)(5)(A).
• RFPs 11-16: Limited to centrally maintained complaint systems only. Must include emails and Slack among decision-makers—Okpo testimony confirms extensive email and meeting communications exist outside these systems.
• RFP 21: Narrowed to termination only. Must include admin leave, monitoring, speech suppression.
• RFPs 43, 47: Apple refuses to search Legal and refuses to log. Violates FRCP 26(b)(5)(A).
• RFPs 44, 45: Apple refused entirely. ER/HR assessments showing retaliatory motive.
• RFP 46: Apple refused. Before-and-after of protected activity.
• RFP 48: Only formal evaluations. Must include informal feedback, one-on-ones, Slack.

• RFP 49: Apple refused. Peer communications showing changing treatment.

B. Environmental/EHS Evidence (RFPs 9, 23-34)
• RFP 23: ORDERED PRODUCED (Dkt. 327 at 4). Confirm status.
• RFPs 9, 24, 25, 27, 28, 29, 30, 31, 32: Refused on same grounds rejected for RFP 23.
• RFP 26: Apple agreed to produce policies. Status unknown.
• RFP 33: Apple agreed to produce EPA outreach documents. Status unknown.
• RFP 34: Apple agreed to produce internal response to EPA outreach. Status unknown.

C. Termination & Adverse Actions (RFPs 35-39, 50-51, 55-57, 59-62)
• RFPs 35, 36, 39, 55, 56, 57, 60: Produced for listed custodians. Must include documents referencing protected activity. Apple refuses to search Legal and won't log for RFP 36.
• RFP 37: Threat assessments/monitoring logs—refused entirely.
• RFP 38: Justification for removing Plaintiff from meetings/channels—refused. Alleged adverse actions.
• RFPs 50, 51: Apple agreed to extend search through Oct 15, 2021. Status unknown. Apple refuses to search Legal for RFP 51 and won't log.
• RFP 59: Apple refused entirely, claiming all risk evaluation documents are privileged and will not even log them. Violates FRCP 26(b)(5)(A).
• RFPs 61, 62: Apple claims Sept 3/7 meetings "never occurred." Request seeks preparation documents for scheduled/proposed meetings, which Okpo confirmed were scheduled.

D. Policies, NDAs, Comparators (RFPs 10, 17-20, 58)
• RFP 10: Public statements/FAQs re employee speech/NDAs/environmental safety—refused.
• RFP 17: Agreements signed by Plaintiff—agreed to produce. Status unknown.
• RFP 18: NDA enforcement communications—refused.
• RFP 19: Produced termination-related only; refuses to search Legal, won't log.
• RFP 20: Policies re wages/working conditions discussion—refused. Relevant to NLRA/Section 7.
• RFP 58: Comparator evidence—Apple agreed to produce. Status unknown.

E. Surveillance & Monitoring (RFPs 22, 40-42)
All four refused entirely. Alleged adverse actions in the 5AC.
• RFP 22: Blocking/monitoring Plaintiff's digital access.
• RFP 40: Admin access logs for Plaintiff's accounts.
• RFP 41: Logs of who accessed Plaintiff's email/Slack/iMessage.
• RFP 42: Internal requests to monitor/audit Plaintiff.

F. PR/Communications/Government Affairs (RFPs 8, 52-54)
• RFP 8: Communications with outside counsel/PR/gov affairs—refused. Non-privileged PR must be produced. Apple refuses to log.
• RFP 52: PR/reputation management—refused.
• RFP 53: Government Affairs—Apple found nothing in limited search.
• RFP 54: Communications/PR/Media teams—refused.

G. Incorporation Requests (RFPs 63-64)
• RFP 63: Incorporates prior RFP from May 2024. Apple objected as "unintelligible." Plaintiff maintains these requests are incorporated to the extent prior objections have been resolved.
• RFP 64: Incorporates RFP Set One (Oct 2024). Apple states it stands on its amended responses from Feb 2025. Outstanding disputes from Set One are raised separately below.

H. Privilege Log Deficiency
Apple explicitly refuses to create a privilege log for RFPs 7, 8, 19, 36, 43, 47, 51, 59—violating FRCP 26(b)(5)(A). See separate Dispute 8 below.

I. "Rolling Basis" Responses—Status Unknown (11 Months)
RFPs 2, 5, 11, 12, 13, 14, 15, 16, 17, 26, 33, 34, 50, 51, 58: Apple committed to produce "on a rolling basis" eleven months ago. Please confirm status for each.

**DISPUTE 7: APPLE'S RFP RESPONSES (COMPEL)**

8

Outstanding disputes from Set One, including those from Plaintiff's March 16, 2026 motion to compel (Dkt. 310) which Judge Westmore directed further meet-and-confer on:
• Request Nos. 7-10, 23, 24, 28-32 (environmental/EHS records).
• Request Nos. 37, 40-44, 54 (documents referencing Plaintiff).
• RFP 23: Ordered produced for narrowed time period (Dkt. 327 at 4). Status unknown.
Please confirm status and whether Apple is amending any refusals.

**DISPUTE 8: APPLE'S PRIVILEGE LOG IS OVERBROAD AND DEFICIENT**
Apple's privilege log suffers from two independent deficiencies:
(1) Overbroad privilege claims. Apple has claimed privilege over categories of documents that do not appear to be privileged, including: (a) factual investigation reports containing factual findings (not legal advice); (b) the ER investigation tracking system containing witness statements and evidence; (c) communications among non-attorney HR/ER personnel discussing factual workplace complaints; and (d) documents labeled "Apple Confidential" by Apple employees, which is a corporate label and not a legal privilege. Apple's own witness Okpo testified that investigation plans, reports, and factual findings were shared with business leaders including VP Bertolus and SVP Ternus— disclosure to non-attorney business personnel for business purposes undermines any privilege claim.
(2) Insufficient detail. For documents Apple has logged, the log does not provide sufficient information to evaluate the privilege claim. FRCP 26(b)(5)(A) requires a description of the "nature of the documents" sufficient to "enable other parties to assess the claim." Apple's log entries are generic and formulaic, failing to identify the specific legal advice sought or provided, the attorney involved, or why the document is privileged rather than merely confidential business communication.
(3) Complete refusal to log. For at least RFPs 7, 8, 19, 36, 43, 47, 51, 59, Apple refuses to even create a privilege log, stating it "will not identify such documents in a privilege log, to the extent any exist." This is a per se violation of FRCP 26(b)(5)(A). A party cannot refuse to search for documents and simultaneously claim privilege over documents it has not reviewed.

**DISPUTE 9: DISCOVERY RE PLAINTIFF'S PROTECTED ACTIVITY**
Apple refuses to produce any documents related to Plaintiff's protected activity or Apple's knowledge of it, calling it "categorically irrelevant." Knowledge of protected activity is a threshold element of every retaliation claim. Judge Westmore rejected this position for RFP 23 (Dkt. 327 at 4).

**DISPUTE 10: APPLE'S RFP RESPONSES CONTRADICTED BY OKPO DEPOSITION TESTIMONY**
Testimony from Apple's ER investigator Ekelemchi Okpo at his April 7, 2026 deposition directly contradicts Apple's RFP responses and confirms the existence of undisclosed documents:
• (1) Investigation tracking system. Okpo testified Apple maintains a centralized system tracking the Gjovik case with "lots of documents" including "reporting parties' statements and evidence, witness statements, everything that's involved in a workplace investigation." Apple's RFP responses do not mention this system and apparently never searched it.
• (2) Written investigation plan. Okpo created a written plan shared with Lagares and employment counsel (Priscilla Perez, Debbie Rice). Not produced or logged.
• (3) Keynote investigation report. Okpo created a Keynote presentation with factual findings and recommendations shared with Lagares, Perez, Rice, Adelmise Warner, Joni Reicher, Megan Bowman, and Yannick Bertolus. Factual findings are not privileged. Not produced or logged.
• (4) Meeting with Bertolus and Ternus prior to termination. Okpo met with VP Bertolus and SVP Ternus about the investigation before the termination. Nothing produced reflecting this meeting. Apple still has not identified the termination decision-maker.
• (5) 8-10 meetings with employment counsel. Non-privileged facts—attendees, dates, topics—are discoverable.
• (6) Email communications. Okpo emailed Lagares about the case initially before shifting to oral at counsel's direction. These emails exist and are searchable.
• (7) Waibel investigation report. Okpo reviewed a report from prior investigator Jenna Waibel. Not produced or logged.
• (8) Scope far broader than "vapor intrusion." Okpo's issue confirmation covers retaliation, hostile work environment, sexism, harassment, workload changes, manager misconduct. Apple's narrowing of every RFP to vapor intrusion is contradicted by the scope of Apple's own investigation.
• (9) EHS retaliation never investigated. Okpo confirmed his investigation excluded retaliation for EHS complaints despite Gjovik raising them. Apple cannot call these "irrelevant" when its own investigator confirmed they were never investigated—that gap is itself evidence of retaliation.

• (10) Investigation closed same day as termination. Okpo closed the entire investigation on approximately September 9, 2021—the day Gjovik was terminated—because she asked to keep communications in writing on one sub-issue. He admitted he would have reopened it if she agreed to a phone call.

Apple's prior representations that it "produced all relevant and non-privileged documents" after a "diligent search and reasonable inquiry" appear to be contradicted by its own witness's sworn testimony. Apple must produce all documents identified above, search the investigation tracking system, and provide a privilege log for any documents withheld.


**DISPUTE 11: PROTECTIVE ORDER, DESIGNATION, SEALING, AND RELATED OBJECTIONS**

Plaintiff raises and preserves the following objections regarding the Stipulated Protective Order (Dkt. 235), Apple's confidentiality designations, Apple's enforcement motions, and related sealing issues. Plaintiff's Rule 72 objections (Dkts. 336-339) were denied by Judge Chen (Dkt. 344). All objections are preserved for appellate review. Plaintiff's Opposition to Apple's Motion to Enforce (Dkt. 307) and Motion for Sanctions Under Rule 26(g) (Dkt. 302) remain pending before Judge Westmore with hearing scheduled April 16, 2026.

**A. Apple's Designations Are Void.**

- Apple's December 16, 2025 blanket designation of 72% of Plaintiff's deposition was a mass, indiscriminate designation prohibited by PO § 5.1. It was imposed prospectively, mid-session, before testimony was spoken, immediately after Plaintiff invoked her NLRA rights. It is void on its face.
- Apple's February 4, 2026 narrowed designation is a legal nullity under Fed. R. Civ. P. 26(g)(2) — unsigned, undated, addressed to the court reporter not Plaintiff, and unserved. Plaintiff called these deficiencies to Apple's attention repeatedly from February 4-6, 2026. Apple expressly refused to cure. Under Rule 26(g)(2), the court "must strike" it.
- The blanket designation lapsed under PO § 6.3's 21-day rule no later than January 6, 2026. No valid designation existed when Plaintiff made the disclosures Apple challenges.

**B. The Protective Order Does Not Cover the Designated Content.**

- PO § 3 excludes information in the public domain and information previously known to the receiving party. Every designated item satisfies both exclusions — the content was publicly pled in five successive complaints (Dkts. 32, 47, 76, 128, 142), described in Judge Chen's published orders (Dkts. 73, 112, 179), filed with the NLRB since 2021, published in peer-reviewed journals (Mahalingaiah et al., AJOG 2022), registered on ClinicalTrials.gov, cited in GAO-24-107639, and reported by press in three countries.
- Plaintiff's knowledge came from her own bodily experiences, not discovery. Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984), bars suppression of information independently possessed.

**C. Apple Obtained the Protective Order by Misrepresentation.**

- Apple represented it needed the PO to produce the Gobbler informed consent form for deposition authentication. Apple never produced that document under the PO, never designated it as confidential, and ultimately produced it only after Plaintiff filed a motion to compel — without invoking the PO. Apple confirmed on February 6, 2026: "None [of the documents used at deposition] was designated confidential."
- The PO's sole actual use has been designating Plaintiff's testimony about her own body, workplace complaints, and protected activity — the exact misuse Plaintiff predicted before the PO was entered. (July 2, 2025 Tr.; Dkt. 220-9; Dkt. 302-3 at 6-7.)

**D. Multiple Independent Legal Bars Preclude Enforcement.**

- NLRB settlement violation: Apple agreed in April 2025 (Case No. 32-CA-284428, Dkt. 194) not to enforce confidentiality restrictions over terms and conditions of employment. Apple's designations do exactly that. The settlement's self-executing default provision is triggered.
- Garmon preemption: NLRB Charge No. 32-CA-381277 (filed Feb. 16, 2026) places the designated conduct before the NLRB. This Court must defer. Garmon, 359 U.S. at 245.

- Norris-LaGuardia Act: 29 U.S.C. § 101 strips federal courts of authority to issue injunctions in labor disputes. Section 104(e) specifically prohibits injunctions against giving publicity to the facts of a labor dispute.
- Prior restraint: Apple's demand to delete published speech fails under Nebraska Press, 427 U.S. 539; Bantam Books, 372 U.S. 58; Procter & Gamble, 78 F.3d 219 (private commercial interest has never justified a prior restraint).
- Speak Out Act (Pub. L. 117-224): The designated content describes conduct constituting sexual harassment under Cal. Civ. Code § 51.9 (demands regarding reproductive physiology and sexual partners in a professional relationship). The Act renders pre-dispute NDAs unenforceable as to such disputes.
- Cal. CCP § 1001(b): A court "shall not enter, by stipulation or otherwise, an order that restricts the disclosure of information" related to sexual harassment, workplace discrimination, or retaliation. This is a prohibition on the Court's authority, not a factor to balance.
- Cal. Gov. Code § 12964.5: Voids provisions with "the purpose or effect of denying the employee the right to disclose information about unlawful acts in the workplace."
- Bankruptcy automatic stay: 11 U.S.C. § 362(a) voids proceedings against Plaintiff absent stay relief. Apple never sought stay relief.

**E. Apple's Filing of Enforcement Motions Is Itself a Violation.**

- Filing Dkt. 294 (motion for contempt/sanctions/deletion) against an employee for discussing NLRB charges and workplace complaints is an unfair labor practice under NLRA §§ 8(a)(1) and 8(a)(4). It violates Cal. Lab. Code § 1102.5 and the April 2025 settlement's self-executing default.
- Apple's counsel signed enforcement papers certifying the validity of designations that were void under Rule 26(g)(2), substantively inapplicable under PO § 3, and made for the improper purpose of pre-adjudicating whether Plaintiff's speech was protected — the central merits question in her retaliation claims. Sanctions under Rule 26(g)(3) are mandatory.

**F. Pending and Preserved Objections.**

- Apple's motion to retain designations (Dkt. 294/304-305) remains pending before Judge Westmore. Hearing April 16, 2026.
- Plaintiff's Motion for Sanctions under Rule 26(g) (Dkt. 302) remains pending. Hearing April 16, 2026.
- Apple refused to meet and confer on designation ground rules for the continued deposition of Plaintiff (noticed April 20, 2026), creating the risk of additional improper designations.
- Plaintiff preserves all objections to the Protective Order itself: involuntary entry (Plaintiff objected, filed motion to quash, appealed to Ninth Circuit, signed only after being told the outcome was the same either way); misuse for purposes other than those represented; mass designations violating § 5.1; unconstitutional prior restraints; and the PO's function as an unauthorized injunction exceeding the magistrate's authority under 28 U.S.C. § 636(b)(1)(A).
- Plaintiff preserves all arguments from Dkt. 302 and Dkt. 307 and incorporates them by reference.

**DISPUTE 12: SEALED DOCKET ENTRIES WITH & WITHOUT SEALING ORDER**
Dkts. 282-83 sealed by Judge Westmore without formal sealing order, findings, or Kamakana compliance. Judge Chen directed Plaintiff to raise with Judge Westmore (Dkt. 344 at 4). Plaintiff will initiate meet-and-confer and file administrative motion. Nothing should be sealed in this case at this point - nothing is confidential.

**DISPUTE 13: ALL OTHER OUTSTANDING DISPUTES**
Plaintiff reserves the right to raise additional disputes during meet-and-confer, upon review of any supplemental responses, or arising from subsequent conduct.

-Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

11

On Thursday, April 9th, 2026 at 10:48 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Counselor,

Brief response tonight. I'm still sick & I reserve the right to supplement during the meet-and-confer period.

**Deposition**
I object to your continued mischaracterization of the April 8 deposition. I appeared as ordered, was sworn in, and repeatedly stated I would continue. Apple stopped it. I have filed an Administrative Motion with Judge Chen to amend the Order at Dkt. 345 to extend the discovery cutoff for this deposition and two others (three total) that Apple has unilaterally pushed past April 16. That motion is now pending.

**Interrogatories**
As I have told you repeatedly over the past two weeks, I am working on supplementing my interrogatory responses. I also told you two weeks ago to please stop creating additional work for me so I could focus on completing them. Instead, Apple filed multiple motions and created numerous new disputes requiring my attention, which has delayed my progress. Nothing has changed — I am still working on them and will supplement.

**RFPs / Document Production**
I acknowledge receipt of Apple's RFPs. I will be candid — I did not remember Apple had served those RFPs until reviewing your email, as they were served in approximately March 2025 and Apple never followed up on them in over a year. That said, production is underway. As you know, I have sent three new productions in the last week alone and have communicated that in emails over the past two weeks. I also owe a privilege log, which again is something I told you I needed time to complete — time I have not had because of the volume of motions and disputes Apple has generated.

**Apple's Outstanding Production**
I am still waiting for a response from Apple regarding your own outstanding production obligations. Please confirm:
- Whether Apple is supplementing its production on any/all of the RFPs it previously refused to produce documents for, including but not limited to those raised in my motion to compel to Judge Westmore (which she directed further meet-and-confer on);
- Whether Apple is amending its outright refusals to produce;
- A status update on any production Apple still has underway;
- An updated privilege log.

This meet-and-confer process is mutual. I expect Apple's response on its own deficiencies as well. I will follow up with a more detailed response.

Ashley

—
**Ashley M. Gjøvik**
**BS, JD, PMP**


On Thursday, April 9th, 2026 at 10:12 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

Ashley,

Judge Westmore's March 30, 2026 Omnibus Discovery Order directed:
In an effort to preserve the Court's limited resources, the parties will have one final opportunity to address all outstanding fact discovery issues not otherwise pending.

12

… The parties shall meaningfully meet and confer via email regarding every outstanding issue. To give the parties an opportunity to meaningfully meet and confer, each party shall raise their initial dispute(s) with the opposing party via email by April 9, 2026 (one week before the discovery cut-off) in a single email (e.g. Plaintiff sends one email to Defendant with all outstanding disputes and vice versa). The parties will then go back and forth on the same email thread in an attempt to narrow the scope of any remaining disputes.
Dkt. No. 327 at 6-7.

Subsequently, Judge Chen noted: "[T]he process established by Judge Westmore is for any remaining discovery disputes. Those disputes should not be numerous given that fact discovery is set to close on April 16, 2026." Dkt. No. 344 at 6.

Apple writes pursuant to these orders to raise its outstanding discovery issues. They fall into five primary buckets:

Your court-ordered deposition;
Discovery bearing on your alleged emotional distress damages;
Discovery bearing on your alleged damages, more generally;
Discovery regarding your efforts to mitigate your alleged damages; and
Discovery supporting key allegations in the operative Fifth Amended Complaint (Dkt. No. 142).

As detailed below, in many instances you previously stated you "would" provide responsive information and/or documents, but have never done so—and discovery closes in one week. In other instances, you have produced very limited documents and Apple would like to confirm you have nothing else responsive to produce.

Apple expects that you will appear for four additional hours of deposition on April 20, 2026, and will amend your responses to Apple's interrogatories and produce any remaining responsive documents no later than April 16, 2026 (the fact discovery cut-off). Apple reserves the right to move to compel responsive testimony, documents, and/or information, or to seek other appropriate relief from the Court, as appropriate.

### *Your Court-Ordered Deposition*
The first and most pressing issue is the matter of your continued deposition. As you know, on March 30, the Court ordered you to sit for four additional hours of deposition by April 8, 2026. Dkt. No. 327 at 5. Less than one hour before you were scheduled to provide the court-ordered testimony on the date you insisted was the only date you were available, you emailed us stating that you were ill and requesting that we reschedule the deposition. You did so despite having taken two depositions of Apple witnesses in this matter on April 3 and 7 (the latter finishing less than 24 hours before you contended you were too ill to sit for your own deposition); publicized and appeared at a "rally" outside of the San Francisco courthouse on April 2; filed ten different motions and objections with the Court during the preceding nine days; and scheduled four additional depositions of Apple witnesses to take place next week. We insisted that the deposition commence but, when you appeared and stated you could not provide testimony, we suspended the deposition after seventeen minutes.

You later offered to make yourself available any day the week of April 20 (after the fact discovery cut-off) except for a window mid-day on April 22 that would preclude four hours of testimony that day. We have since noticed your continued deposition to begin at 12noon PT on April 20, 2026 by Zoom. We expect you to appear and testify then and will seek appropriate relief from Judge Westmore and/or Judge Chen if you do not.

### *Discovery Regarding Alleged Emotional Distress Damages*
Interrogatories Nos. 12-17 and RFP No. 12 seek information and documents pertaining to your claimed emotional distress damages. This information is

discoverable. As set forth in Judge Westmore's February 23, 2026 order, you have "placed [your] medical and mental conditions at issue in this case and [have], therefore, waived any privilege over [your] medical records." Dkt. No. 291 at 2. Even though these requests seek clearly discoverable information that is in your possession, you did not provide any substantive answer to Interrogatories Nos. 12-17, and you only produced a handful of documents in response to RFP No. 12. This needs to be corrected.

We request you provide a substantive response to the following <u>interrogatories</u> in light of Judge Westmore's ruling:

- **Interrogatory No. 12** ("Describe each physical, mental, or emotional injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.")
- **Interrogatory No. 13** ("Identify each medical provider who has advised you that you may require future or additional treatment for any injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)")
- **Interrogatory No. 14** ("Describe all medical services (e.g., ambulance, nursing, prosthetics) that you have received for any injury that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC.")
- **Interrogatory No. 15** ("State each medication, prescribed or not, that you have taken since February 23, 2015.")

In light of objections you made to Interrogatories No. 16-17, we will narrow them as follows:

- **Interrogatory No. 16** ("State each medical condition (e.g., stress, depression, post-traumatic stress disorder) that you have suffered since February 23, 2015 and that resulted in treatment by a medical provider.")
- **Interrogatory No. 17** ("For each medical condition identified in your response to Interrogatory No. 16, as narrowed above, identify the person who diagnosed it. (For purposes of this Interrogatory, "identify" means to state the name, business address, and telephone number of the individual or entity.)")

Please respond accordingly.

Regarding <u>RFPs</u>, you must produce all responsive documents requested. **RFP No. 12** sought "[a]ll documents concerning any physical, mental, or emotional distress that you claim was caused by Defendant regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint." To date, you have produced only ***seven pages*** of potentially responsive medical records consisting of statements for insurance reimbursement from one of your medical providers.

Based on your <u>Initial Disclosures</u> (last amended February 26, 2026), it appears you may have additional potentially responsive documents in your possession, custody, or control. There, you indicated that documents in your possession that you may use to support your claims include "[m]edical, counseling, medication, and psychiatric records," "[m]edical records of doctor visits, tests, imaging, diagnoses, after visit summaries, and medications," "[w]itness statements and copies of text messages and emails from witnesses about this matter," "[r]ecords to support claims of post-employment IIED," and "[j]ournal/calendar entries about events in this matter, and Gjovik's emotional state due to the retaliation." None of these have been produced. They should be.

Regarding third-party subpoenas to medical providers, we will continue to attempt to obtain records responsive to our subpoenas. To the extent providers do not produce records by April 30—including due to any continued refusal on your part to sign

appropriate authorization(s) for the release of those records—we intend to move for an order compelling production from the providers and/or evidence preclusion sanctions.

Finally, once your medical records have been obtained, we will work with you to schedule an FRCP 35 independent medical examination (IME), ideally for June 1, 2026. *See* Jan. 27, 2026 10:21am PT email from Gjovik to Riechert, *et al.* ("I already agreed to a neutral medical exam."); Dkt. No. 345 at 4 (Apr. 8, 2026 order from Judge Chen extending discovery deadline as to limited issues, including "the IME").

### ***Discovery Regarding Alleged Damages, Generally***

FRCP 26(a)(1)(A)(iii) requires production of "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered."

Your Initial Disclosures include a chart listing "Evidence on Which [Damages] Computation is Based." However, many of the items listed have not been produced—*e.g.*, "Documents supporting length of time Plaintiff worked at … other employers"; "Records of Gjovik trying to stay at Apple / wanting to work at Apple for indefinite future"; "Witness statements"; "Payroll info from current employment"; "Receipts & invoices"; "Medical records and bills"; "Prescriptions" "Diagnoses"; "LLC expenses and losses"; "Sales of assets"; "Therapy co-pays"; "Photographs / videos / audio recording"; "Tools / service[s] to try to improve online reputation" or "hide personal information online"; "Therapy appointments"; "Journal entries"; "Cancellation of Bar Exam appointments"). Please produce all documents listed in this chart from your Initial Disclosures.

Additionally, your responses to the following interrogatories remain deficient:
- **Interrogatory No. 6** ("State the total amount of income, benefits, and/or earning capacity that you have lost to date that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the Fifth Amended Complaint (Dkt. No. 142; herein, the "5AC")."). You represented that you "will supplement" your response to Interrogatory No. 6 "consistent with [your] Initial Disclosures" but to date you have not done so. Please do.
- **Interrogatory No. 7** ("Describe how you calculated the amount stated in your response to Interrogatory No. [6]."). You provided only objections to Interrogatory No. 7. Contrary to your objections, your Initial Disclosures do not describe how you calculated "the total amount of income, benefits, and/or earning capacity" referenced in Interrogatory No. 6. Please provide this information.
- **Interrogatory No. 8** ("State the total amount of income, benefits, and/or earning capacity that you expect to lose in the future that you contend is a result of Defendant's alleged conduct under Counts One, Two, Three, and Four in the 5AC."). If you have any responsive information not already provided, please supplement.
- **Interrogatory No. 9** ("Describe how you calculated the amount stated in your response to Interrogatory No. [8]."). You provided only objections to Interrogatory No. 9. You suggested that this calculation "fall[s] within the scope of expert economic analysis." If you have any responsive factual information, please provide it.
- **Interrogatory No. 10** ("State the cost of each benefit that you have purchased to replace any benefits to which you contend you would have been entitled had the alleged conduct that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC not occurred."). Your response indicated that to the extent you incurred costs related to replacement of lost benefits, you had summarized such information in your

Initial Disclosures. But to date, you have not stated the cost of any benefit you purchased to replace any lost benefit. To the extent you purchased any such benefit, please state the cost. Your objections argue this Interrogatory requires you to speculate about Apple's internal benefit costs and policies to which you have no access. This argument is misplaced; we are not asking you about Apple's "internal benefit costs"; we are asking only for the costs of "benefit[s] that you have purchased"—information that is clearly in your possession.

You have not produced any documents in response to the following RFP:

- **RFP No. 13.** "All documents that support the damages you allege to have sustained regarding the following claims: Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint."

Again, please produce the documents listed in the chart in your Initial Disclosures, as they are responsive to RFP No. 13 (and, as discussed above, you are also required to do so independently under FRCP 26(a)(1)(A)(iii)).

### *Discovery Regarding Mitigation Efforts*

To date you have provided only limited information and documents regarding your efforts (if any) to mitigate the damages you attribute to Apple. Apple is entitled to this information and wants to ensure you have produced everything responsive. *See* Dkt. No. 215 at 4-5 (noting that "Apple will have some leeway when conducting discovery into [mitigation] defenses because the information relevant to the defenses is in large part, within the possession, custody, or control of Ms. Gjovik").

- **Interrogatory No. 11** ("Describe how you have attempted to minimize the amount of your lost income that you attribute to Defendant under Counts One, Two, Three, and Four in the 5AC."). Your responsive stated only: "Plaintiff sought alternate employment and consulting roles." Please amend your response to state what specific alternative employment or consulting roles you sought, and when, how and with whom you sought those roles.
- **RFP No. 6:** "Your most recent resume(s)." You produced a resume in December 2023. If you have any other responsive document(s), please produce them.
- **RFP No. 7:** "Documents concerning claims by you for unemployment benefits since your employment at Apple ended." Please confirm you have completed your production as to RFP No. 7.
- **RFP No. 8:** "Documents concerning: (i) communications with potential employers; (ii) job search efforts; (iii) offer(s) of employment or consulting; (iv) job description(s); and (v) income and benefits of any employment or consulting arrangement held by you, since your employment at Apple ended." Please confirm you have completed your production as to RFP No. 8. Please also produce your tax returns for 2025 if and when available.
- **RFP No. 9:** "Documents concerning the termination of any employment or consulting arrangement held by you since your employment at Apple ended." You have not produced any responsive documents, despite their existence (*e.g.*, your work for Northeastern University). Please produce them.

### *Discovery Regarding Allegations in the Fifth Amended Complaint*

Finally, we want to ensure you have completed your production of requested information and documents regarding certain key factual allegations you have made in this action.

- **RFP No. 1** sought "[a]ll documents concerning the factual allegations or claims in Count I – Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint[.]"

16

○ Please produce all documents concerning your allegation that you "complained that Apple often asked that [you] and [your] coworkers participate in … biometrics data collection[.]" Dkt. No. 142 (final iteration of 5AC) ¶ 158; *see also* Dkt. No. 128 (first iteration of 5AC) ¶ 171 ("Gjovik complained that Apple frequently requested that Gjovik and her coworkers participate in … biometrics data collection (like the Gobbler app)"). This includes all communications (*e.g.*, emails, text messages, social media posts) that you made "complain[ing]" about any user study that utilized the Glimmer/Gobbler applications— including all such communications that contained internal images from the Glimmer application.

○ Please produce all documents concerning your allegations that you "provided information for the article ['Apple Cares About Privacy, Unless You Work at Apple'], including multiple images of secret photos Apple took of [you] in [your] home from the Gobbler application," and that you "shared concerns with a reporter for an advocacy article in August 2021 titled 'Apple Cares about Privacy, Unless You're an Apple Employee [sic].'" Dkt. No. 142 ¶¶ 159, 232. This includes all communications (*e.g.*, emails, text messages) that you sent to Zoë Schiffer or any other reporter at The Verge in which you provided "images of … photos … from the Gobbler application" or any other information related to the article "Apple Cares About Privacy, Unless You Work at Apple."

- **RFP No. 10** sought "[a]ny other documents upon which you rely to support the [ ] claims in Count I –Wrongful Discharge; Count II – Labor Code §1102.5; Count III – Labor Code §6310; and Count IV – Labor Code §98.6 in the Fifth Amended Complaint[.]" If you have any responsive documents that you have not yet been produced, please produce them.

\*\*\*

Thank you in advance for your attention to these five remaining issues. Consistent with the Omnibus Discovery Order, we ask that you respond on these five issues solely in a response to this email.

Best,
Jessica

**Jessica Perry**
Partner

Orrick
Silicon Valley

T +1-650-614-7350
jperry@orrick.com

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by la received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

18

Exhibit Q

(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S INITIAL DISCOVERY UNDER GENERAL ORDER 71** |
| v. | |
| APPLE INC., | |
| Defendant. | |

KATE E. JUVINALL (SBN 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA 90401
Telephone:     +1 310 633 2800
Facsimile:     +1 310 633 2849

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
Apple Inc.

Defendant Apple Inc. responds to Northern District of California General Order No. 71: Initial Discovery Protocols For Employment Cases Alleging Adverse Action ("Gender Order 71") as follows:

Defendant provides these responses based on the information and documents currently available to it, given that discovery in this action is ongoing. Nothing contained in these responses shall in any way limit Defendant's ability to make all uses at trial or otherwise of the information or documents referenced herein or of any information, documents or other evidence that may be discovered in the future. Defendant has made its best effort to respond accurately to each category, but reserves the right to amend its objections and responses upon completion of its search for responsive documents.

Defendant objects to each and every category to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. If supplying any of the requested documents would result in waiving any applicable privilege or objection based on any such privilege, Defendant objects to providing the documents and will not do so. If Defendant inadvertently produces any documents falling within any applicable privilege, Defendant does not intend to waive the applicable privilege.

Defendant objects to each and every category to the extent that it seeks documents and/or information that is protected from disclosure by the rights of privacy of third-party non-litigants.

Defendant objects to each and every category to the extent that it seeks electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden and expense. To the extent that any categories call for ESI from sources that are not reasonably accessible without undue burden or cost within the meaning Federal Rule of Civil Procedure 26(b)(2)(B), or for which the burden or cost of retrieval and review would not be proportional to the needs of the case (including where the burden or expense would outweighs its likely benefit), Defendant will not supply or render such ESI.

Subject to and without waiving any of the above objections, and incorporating each of them by this reference into each response below, Defendant responds to General Order 71 as follows:

/ / /

- 1 -

Defendant's investigation of Plaintiff's claims is ongoing and Defendant reserves the right to amend this response, to supplement documents produced in support of this response, and to rely on such information and documents as evidence in this action.

### 2. Production of Information By Defendant

Defendant has provided, to the best of its knowledge and ability at this time, complete and accurate information required by Rule 26(a)(1)(A) and General Order 71. As set forth below, Defendant reserves its right to supplement or delete from the responses below as more information is obtained through the discovery process.

Category A:

Identify the plaintiff's supervisor(s) and/or manager(s).

Response to Category A:

Linda Keshishoglou, Evan Buyze, and David Powers.

Category B:

Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

Response to Category B:

Defining "adverse action" as the termination of Plaintiff's employment, Yannick Bertolus made the decision to terminate Plaintiff's employment.

Category C:

Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

Response to Category C:

Defendant believes the following individuals are likely to have discoverable information relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment—the only issues/claims not presently subject to a pending motion to dismiss—as alleged with particularity in the pleadings:

1.   Plaintiff (information regarding complaints to Defendant, and termination of Plaintiff's employment)

- 7 -

2.   Yannick Bertolus (Hardware Engineering Vice President) (information regarding termination of Plaintiff's employment)

3.   Aleks Kagramanov (Employee Relations Business Partner) (information regarding termination of Plaintiff's employment)

4.   Ekelemchi Okpo (Employee Relations Business Partner) (information regarding complaints to Defendant and Defendant's policies)

5.   David Powers (SW Development Engineer Director) (information regarding complaints to Defendant)

6.   Michael Steiger (Environmental Health and Safety Manager) (information regarding complaints to Defendant and Defendant's policies)

7.   Jenna Waibel (Employee Relations Business Partner) (information regarding complaints to Defendant and Defendant's policies)

8.   Dan West (Hardware Development Engineer Senior Director) (information regarding complaints to Defendant)

Except for Plaintiff, all individuals identified above may only be contacted through Defendant's counsel. Following discovery and receipt of additional information regarding the nature of Plaintiff's claims, additional witnesses may be identified, and Defendant reserves the right to supplement this list accordingly.

Category D:

State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

Response to Category D:

To Defendant's knowledge, Plaintiff has not applied for disability benefits or social security disability benefits. As a result, Defendant has not provided information to any third party concerning any such application.

DEF.'S INITIAL DISCOVERY (GEN. ORDER 71)
[23-CV-4597-EMC]

Dated: December 18, 2023                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:      /s/ Jessica R. Perry
                 JESSICA R. PERRY
               Attorneys for Defendant
                    APPLE INC.

DEF.'S INITIAL DISCOVERY (GEN. ORDER 71)
                                                              [23-CV-4597-EMC]

Exhibit R

(Additional counsel on following page)

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S SUPPLEMENTAL INITIAL DISCOVERY UNDER GENERAL ORDER 71** |
| v. | |
| APPLE INC., | |
| Defendant. | |

There is no operative answer on file. Defendant will produce non-privileged documents in support of its defenses and affirmative defenses at the appropriate time after its answer is filed. Defendant's investigation of Plaintiff's claims is ongoing and Defendant reserves the right to amend this response, to supplement documents produced in support of this response, and to rely on such information and documents as evidence in this action.

### 2. Production of Information By Defendant

Defendant has provided, to the best of its knowledge and ability at this time, complete and accurate information required by Rule 26(a)(1)(A) and General Order 71. As set forth below, Defendant reserves its right to supplement or delete from the responses below as more information is obtained through the discovery process.

Category A:

Identify the plaintiff's supervisor(s) and/or manager(s).

Response to Category A:

During Plaintiff's employment with Apple, she directly reported at various points in time to the following managers: Linda Keshishoglou, Brad Reigel, Evan Buyze, and David Powers.

Category B:

Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

Response to Category B:

Defining "adverse action" as the termination of Plaintiff's employment, Yannick Bertolus made the decision to terminate Plaintiff's employment. Others "involved" in the decision (broadly construed) include Megan Bowman, Aleks Kagramanov, Ekelemchi Okpo, Joni Reicher, Jennifer Waldo, Adelmise Warner, and Apple's legal counsel.

Category C:

Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

Response to Category C:

Defendant believes the following individuals are likely to have discoverable information

relevant to facts regarding Plaintiff's claims for alleged wrongful termination of employment—the only issues/claims not presently subject to a pending motion to dismiss—as alleged with particularity in the pleadings:

1. Plaintiff (information regarding complaints to Defendant, and termination of Plaintiff's employment)

2. Yannick Bertolus (Hardware Engineering Vice President) (information regarding termination of Plaintiff's employment)

3. Megan Bowman (Director, People Business Partner) (information regarding termination of Plaintiff's employment)

4. Antone Jain (Environmental Health and Safety) (information regarding complaints to Defendant and Defendant's policies)

5. Aleks Kagramanov (Employee Relations Business Partner) (information regarding termination of Plaintiff's employment)

6. Ekelemchi Okpo (Employee Relations Business Partner) (information regarding complaints to Defendant and Defendant's policies and the termination of Plaintiff's employment)

7. Helen Polkes (People Business Partner Manager) (information regarding complaints to Defendant and Defendant's policies)

8. David Powers (SW Development Engineer Director) (information regarding complaints to Defendant)

9. Joni Reicher (Senior Director, Employee Relations) (information regarding termination of Plaintiff's employment)

10. Michael Steiger (Environmental Health and Safety Manager) (information regarding complaints to Defendant and Defendant's policies)

11. Jenna Waibel (Employee Relations Business Partner) (information regarding complaints to Defendant and Defendant's policies)

12. Jennifer Waldo (Vice President, People Business Partner) (information regarding termination of Plaintiff's employment)

13. Adelmise Warner (Senior Director, Global Employee Relations) (information regarding termination of Plaintiff's employment)

14. Dan West (Hardware Development Engineer Senior Director) (information regarding complaints to Defendant)

Except for Plaintiff, all individuals identified above may only be contacted through Defendant's counsel. Following discovery and receipt of additional information regarding the nature of Plaintiff's claims, additional witnesses may be identified, and Defendant reserves the right to supplement this list accordingly.

Category D:

State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

Response to Category D:

To Defendant's knowledge, Plaintiff has not applied for disability benefits or social security disability benefits. As a result, Defendant has not provided information to any third party concerning any such application.

Dated: September 16, 2024                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____ /s/ Melinda S. Riechert _____
                    MELINDA S. RIECHERT
                    Attorneys for Defendant
                    APPLE INC.

- 9 -                    DEF.'S SUPP. INITIAL DISCOVERY (GEN. ORDER 71)
                    [23-CV-4597-EMC]

Exhibit S

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:   +1 202 339 8400
Facsimile:   +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK, | Case No. 23-cv-4597-EMC |
| Plaintiff, | **DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (APRIL 2, 2026)** |
| v. | |
| APPLE INC., | |
| Defendant. | |

**PROPOUNDING PARTY:** Plaintiff Ashley Gjovik

**RESPONDING PARTY:**   Defendant Apple Inc.

Defendant Apple Inc. ("Apple") responds to Plaintiff Ashley Gjovik's Request for Production of Documents, served on April 2, 2026, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All records produced to Apple Inc in response to its subpoenas to the Plaintiff's medical providers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Apple objects to this Request as untimely, as it was served fewer than 30 days before the discovery cut-off. *See* N.D. Cal. L-R 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."). As a result, no response is required. Apple further objects to this Request as seeking documents equally available to Plaintiff. *See* Dkt. No. 327 at 6 (noting that "Plaintiff can request her own medical records from her provider(s) at any time").

Nevertheless, Apple provided Plaintiff with copies of all documents received to date in response to its subpoenas on March 31, 2026, and again on April 27, 2026. Apple has agreed to provide Plaintiff copies of additional documents received in response to its third-party subpoenas in this matter within a reasonable time after receipt.

**REQUEST FOR PRODUCTION NO. 2**:

All records produced to Apple Inc in response to its subpoenas to Northeastern University.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Apple objects to this Request as untimely, as it was served fewer than 30 days before the discovery cut-off. *See* N.D. Cal. L-R 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."). As a result, no response is required. Apple further objects to this Request as seeking documents equally available to Plaintiff.

//

//

APPLE'S RESPONSES TO PLAINTIFF'S
REQ. FOR PROD. OF DOCS.,
SERVED APRIL 2, 2026
CASE NO. 23-CV-4597-EMC

Nevertheless, on April 27, 2026 Apple provided Plaintiff with copies of all documents received in response to its subpoena to Northeastern University.

Dated: April 29, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*

MELINDA S. RIECHERT
Attorneys for Defendant
APPLE INC.

## <u>CERTIFICATE OF SERVICE</u>

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On April 29, 2026, I served the following document(s):

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (APRIL 2, 2026)**

By Electronic Service: On all of the interested parties in this action by transmitting true and correct copies of the documents identified above in portable document format from the email address mriechert@orrick.com to the email addresses below:

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2026.

/s/ Melinda S. Riechert
Melinda S. Riechert

CERTIFICATE OF SERVICE
CASE NO. 23-CV-4597-EMC