Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**,

*an individual*,

          Plaintiff,

          v.

**APPLE INC**,

*a corporation*,

          Defendant.

**CASE NO. 3:23-cv-04597-EMC**

**MAGISTRATE JUDGE**:
Honorable Kandis Westmore

**PLAINTIFF'S REPLY BRIEF**

**RE FINAL FACT DISCOVERY DISPUTE PROCESS PER OMNIBUS ORDER AT ECF NO. 327**

0

## I.    PLAINTIFF'S REPLY RE REMAINING FACT DISCOVERY DISPUTES

1.    Pursuant to the Court's March 30, 2026 Order (Dkt. 327 at 6–7), Plaintiff submits this brief responding to the three discovery disputes Apple raises in Dkt. 363: (1) prospective leave to seek future relief regarding what Apple labels Plaintiff's "belated productions and apparent spoliation" on RFP Nos. 1 and 10; (2) an order compelling Plaintiff to appear for a Rule 35 IME on June 1, 2026; and (3) an order compelling eleven non-party medical providers to comply with subpoenas already issued.

2.    Plaintiff also preserves objections to Apple's new requests embedded in its response to her Opening Brief, sanctions threats, and various allegations and accusations that Apple raises in its responsive brief that were not raised in meet-and-confer, are new outside of the Opening Brief, and are generally outside the scope of this consolidated process.

## II.    PROCEDURAL OBJECTIONS

3.    The Court's order limits this brief to ten pages and to *"respond[ing] only to the disputes Apple is raising"*; Plaintiff is "not to address any disputes raised in the opening brief or raise any new issues." Dkt. 327 at 7. The order also warns against "attempting to circumvent the page limits through liberal use of footnotes, exhibits, or other attachments." Id. at 6. Apple's 25-page responsive brief uses the format in ways the order does not allow, including:

a.  New requests for relief Apple did not meet-and-confer on, including (i) prospective leave to bring future spoliation and "further relief" motions on RFP Nos. 1 and 10 (Dkt. 363 at 7); (ii) a sanctions request based on an alleged Protective Order breach in the parallel Citizen Suit at *Gjovik v. Apple Inc., City of Santa Clara, & Jenab* et al., 5:25-cv-07360 (*id*. at 13); and (iii) threatened exclusion motions on emotional distress damages, damages generally, and mitigation efforts incorporated by reference from Apple's April 20, 2026 email (id. at 1; Dkt. 363-1 at 20–21);

1

b. New factual representations and characterizations Apple did not raise in meet-and-confer, including a "*deleted iCloud account*" representation (Dkt. 363 at 5), a "*concealment*" framing on RFP Nos. 1 and 10, and an accusation that Plaintiff is "*reneging*" on her IME agreement (id. at 1, contradicted by Apple's own April 28, 2026 email at Dkt. 363-1 at 6);

c. Substantive argument and new evidence in footnotes, including FN 1 (meet/confer accusations), FN 2 (medical-records characterizations), FN 4 (introducing Apple's own characterization of mid-2021 EPA statement and documents in an attempt to attack relevance), and FN 5–6 (substantive RFP and privilege-log argument);

d. A footnote 7 request that the Court strike portions of this responsive brief in advance and grant Apple sur-reply rights — neither permitted by the order; and

e. Repeated accusations of bad faith and "harassment" without evidence or specificity.

4. Plaintiff has confined this brief to ten pages and to Apple's three issues. Plaintiff respectfully requests, in the alternative: (a) leave to file a short reply, not to exceed five pages, addressed only to Apple's new requests and accusations; or (b) the court ignore Apple's improper arguments or strike those portions of Apple's brief as violating the scope ordered.

## III.  APPLE'S RFP 1 AND 10 REQUEST FOR PROSPECTIVE LEAVE SHOULD BE DENIED

5. Apple does not move to compel any specific document. Apple does not move for sanctions. Apple does not move under Rule 37(e). Apple asks the Court to "permit Apple to seek further relief regarding Plaintiff's belated productions and apparent spoliation, if and as appropriate." Dkt. 363 at 7.

6. There is no procedural device for prospective leave to bring future motions on undefined disputes. The request is unripe on Apple's own admission: "She has produced 35,000 new pages of documents since the close of fact discovery … making it impossible for Apple to

2

PLAINTIFF'S REPLY RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC          MAY 6 2026

conclusively say whether this dispute has, in fact, been resolved." Dkt. 363 at 4; see also id. at 7. The remedy for "Apple has not yet finished reviewing the production" is for Apple to finish reviewing the production, most of which was delayed due to Apple's refusal to meet/confer, and refusal make required disclosures on time or at all.

7.    Apple's spoliation framing was never met-and-conferred. The 274 pages of exhibits and meet-and-confer correspondence Apple attached as Dkt. 363-1 nowhere use the words "spoliation" or "deleted" in any communication from Apple. Apple's April 21, 2026 email expressly identifies the only outstanding RFP 1/10 issue as "your incomplete production of documents pertaining to your alleged complaints and communications about 'Biometrics Data Collection.'" Dkt. 363-1 at 13. Apple's April 27 email narrows it further to a single text exchange at APL-GAELG_00002260–00002269. Id. at 8. Apple's brief inflates that single-document dispute into a generalized spoliation theory and that document has already been filed on this docket, briefed, and discussed going back to January 2025.

8.    Apple has had the disputed texts since September 15, 2021. Cher Scarlett apparently submitted screenshots of the same exchange to Apple's Business Conduct Helpline six days after Plaintiff's termination, and Apple itself attached those screenshots as Exhibit 7 to its March 4, 2022 OSHA position statement in OSHA Case No. 9-3290-22-051. See Dkt. 155-2 at 30–45. There is no spoliation because there is no loss and no prejudice. Even if the framing were properly raised, Apple pleads no elements required under Rule 37(e).

9.    The iPhone sale and switch to Android occurred in fall 2021 — two years before this litigation was filed in September 2023 — and Apple identifies no preservation duty attaching pre-litigation related to undisclosed witnesses and concealed defenses. Plaintiff took screenshots of the many text messages and was able to produce them to Apple. The full records Plaintiff retained are preserved on a Mac computer, currently in storage due to the Plaintiff being

3

homeless and insolvent; Plaintiff offered Apple access in writing (Dkt. 363-1 at 7) and Apple did not pursue. Apple has not subpoenaed Cher Scarlett, the other party to the exchange, despite being on notice since December 2025 that Scarlett has the only complete copy. See Fed. R. Civ. P. 37(e); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

10.    Plaintiff testified to these facts at her deposition on December 16, 2025 — more than four months before Apple's April 30, 2026 "spoliation" theory: "*I don't have the full text anymore. I got locked out of ... my old iMac. So I can't go back and confirm exactly what it is. We're just working off of Cher's documents I think at this point.*" Gjovik Dep. Tr. 297:7–13 (Dec. 16, 2025); see also id. at 298:3 *("I lost my copies of this*."). Apple has known since December 2025 that Plaintiff did not have the disputed texts and that Scarlett held the only copies. Apple chose not to subpoena Scarlett. Apple's April 30, 2026 framing of the same facts as "spoliation" rests only on Apple's own negligence, mischaracterizations, and concealment.

11.    Apple's representation to this Court that Plaintiff "deleted her iCloud account containing the responsive text messages — making it impossible to retrieve from a backup at this stage" (Dkt. 363 at 5) is unsupported and contradicted by the record. Plaintiff wrote in meet-and-confer: "I stopped using iCloud the morning of 9/9 and switched to an Android in fall of 2021." Dkt. 363-1 at 4–5. "Stopped using" is not "deleted." Plaintiff has put on this docket — repeatedly — that her iCloud account remains active and that an Apple-controlled application continues to attempt to access it. See Dkt. 93 at 29; Dkt. 360 at 416 (Dan West deposition); *id*. at 475–476 (Robert McKeon deposition, witness presented with screenshot of "com.apple.vtap.thegobbler" accessing Plaintiff's iCloud and unable to explain). Apple offers no document, no forensic check, and no internal record from its own systems supporting the "deleted" representation. The Court should decline to enter any finding on the status of Plaintiff's iCloud account on this record.

PLAINTIFF'S REPLY RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC          MAY 6 2026

## IV.    THE IME: APPLE'S EXAMINER DISCLOSURE WAS TWELVE DAYS POST-CUTOFF

12.    Plaintiff has not refused the IME. Plaintiff confirmed her availability on June 1, 2026 in her April 30 email: "If Judge Westmore rules Apple can still conduct an IME despite its repeated violations of the FRCP and relevant law/rules, then yes I can be available on the date you stated for the IME." Dkt. 363-1 at 1.

13.    Apple's claim that Plaintiff is "reneging" (Dkt. 363 at 1) is contradicted by Apple's own April 28, 2026 email, which describes Plaintiff's prior agreement to sit. Dkt. 363-1 at 6. Apple is manufacturing issues to raise to this court which do not exist.

14.    The specific issue Plaintiff raised in her opening brief is Rule 35 examiner-disclosure deficiency and timing under Rules 26(a) and (e). Apple's April 9, 2026 email identified June 1, 2026 as a target date but did not name an examiner. Dkt. 363-1 at 43. The fact discovery cutoff was April 16, 2026. Dkt. 327.

15.    Judge Chen expressly authorized the Plaintiff to bring this issue to the Magistrate: "*Ms. Gjovik protests that Apple never disclosed an IME provider in its initial disclosures ... That is an issue that can, if needed, be raised with Judge Westmore.*" Dkt. 345 at 3. Apple's first written disclosure of an expert came on April 28, 2026 — five days after Plaintiff's opening brief, twelve days after the cutoff, and twenty days after the District Judge flagged the issue. Dkt. 363-1 at 6.

16.    Apple's brief then calls the issue "moot" (Dkt. 363 at 19), which simply assumes the disclosure timing does not matter — but that is exactly the dispute. If the Court determines Apple has not forfeited the IME on disclosure grounds, Plaintiff will appear on June 1, 2026 on terms consistent with Rule 35(a)(2)(B).

## V.    MEDICAL RECORDS SUBPOENAS

17.    Plaintiff respects the Court's discretion on whether to compel the eleven non-

5

party medical providers to comply with subpoenas already issued. The Court's prior order (Dkt. 291) provides the framework. Plaintiff notes that the only provider letters in Apple's exhibits — including from Apple's own subsidiary AC Wellness Medical Group — refused production on independent HIPAA grounds (no court order, unresolved patient notice, protective order language not confirmed) (Apple Ex. E), not on grounds attributable to Plaintiff. Apple's bundled assertions concerning Plaintiff's HIPAA-compliant authorization should be rejected. Multiple providers have accepted the Plaintiff's authorization and it was Apple who repeatedly refused to use the authorization, and refused to meet/confer about it, while concurrently asserting it was required but refusing to explain why they would not use it or discuss it.

18.     Apple itself even disclaimed any allegation of misconduct on this issue in writing on April 28, 2026: "*We are not accusing you of misconduct.*" Dkt. 363-1 at 6. Plaintiff's authorization included a separate psychotherapy authorization and terms regarding a proposed Qualified Protective Order (Dkt 324-1 at 52-59). To the extent the Court enters an order, Plaintiff respectfully requests that records be produced subject to terms previously proposed by Plaintiff (as multiple providers have accepted this authorization despite Apple's protest) and that the Court decline to make any finding regarding the appropriateness of Plaintiff's authorization.

## VI.     PRESERVATION OF OBJECTIONS TO APPLE'S NEW REQUESTS RAISED OUTSIDE MEET-AND-CONFER

19.     Plaintiff preserves objections to the following new requests, sanctions threats, and factual representations in Apple's brief that were not raised in meet-and-confer. Plaintiff cannot fully respond to each within the order's restrictions and respectfully requests an opportunity to respond on a developed record if the Court is inclined to entertain any of them.

20.     ***Cher Scarlett predicate / undisclosed witness.*** Apple's brief relies on the Scarlett text exchange and Scarlett's September 15, 2021 Business Conduct complaint as the predicate for its sanctions request and request for further relief. Apple has never disclosed Scarlett under

6

Rule 26(a)(1) or (e). Apple represented to the District Court under oath in February 2025 that Orrick had never communicated with Scarlett (Dkt. 167-1, Perry Decl. ¶ 9), Scarlett was not a key witness, the September 15 email "was sent six days after Plaintiff's termination and thus was not — and could not have been — a 'basis' for Plaintiff's termination" (id. at 10), and Plaintiff's claim of Apple-Scarlett communications and coordination was a "conspiracy theory" (id. at 11).

21. The District Court relied on those representations in dismissing multiple claims and denying a motion to amend (Dkt. 179), denying disqualification of Orrick as counsel in this matter (Dkt. 175 at 2). Apple's April 30 brief reverses each of those representations. Further, Plaintiff repeatedly asked Apple in writing to confirm whether Scarlett is a defense witness (Dkt. 363-1 at 14–15); Apple refused to answer. To the extent any further relief turns on Scarlett-related communications or testimony, Plaintiff objects that Apple has not disclosed Scarlett and reserves all rights, including under Rule 37(c)(1).

22. ***Protective Order breach allegation re APL-GAELG_00003278.*** Apple's brief at 13 alleges that Plaintiff improperly filed a document — a vague, generalized building outline of 3250 Scott Blvd — in the parallel Citizen Suit case, and asks the Court to deny further discovery and impose sanctions. Apple does not raise this as a remaining discovery issue in its own brief (allowing a response by the Plaintiff) but instead raised this issue and requested relief supposedly as part of its response to the Plaintiff's brief and concurrently asks the court to strike any response the Plaintiff makes to this and its other improper allegations and requests.

23. The document was produced in or about April 2026 in response to the Court's order on RFP 23 (Dkt. 327 at 4). Apple identifies no contemporaneous written designation of APL-GAELG_00003278 as Confidential under the Protective Order. A designation cannot be made retroactively. Apple's counsel for the Citizen Suit (MoFo) confirmed in writing on May 6, 2026 they are not taking action on this issue in the Citizen Suit. Plaintiff is prepared to submit a

PLAINTIFF'S REPLY RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC        MAY 6 2026

declaration concerning that communication if the Court wishes.

24.    Plaintiff objects to Apple's escalation as bypassing meet-and-confer and as a further violation of the Protective Order's procedure. Plaintiff started meet/confer with Apple (Orrick) following the note about a designation in Apple/Orrick's discovery brief, but Orrick has yet to respond. Plaintiff reserves all rights to respond on a developed record, and plans to dispute the designation on the merits if Apple maintains it has made and continues to insist on the designation (on a document containing information that's been public for years).

25.    ***Threatened exclusion motions on damages categories.*** Apple's brief incorporates by reference threats to move to exclude evidence of emotional distress damages, damages generally, and mitigation efforts on grounds of untimely production. Dkt. 363 at 1; Dkt. 363-1 at 20–21. The factual predicate is contested: Plaintiff served amended responses on April 16, 2026 — the discovery cutoff — and produced documents through that date and pursuant to Apple's continuing meet-and-confer demands, while complaining Apple still refused to make required disclosures. Plaintiff objects to these threats being placed before the Court via responsive brief without a noticed motion and reserves all rights to respond fully if Apple files such motions.

26.    ***Strike, sur-reply, and prospective IME-conditions reservations.*** Apple's footnote 7 asks the Court to strike portions of this brief in advance and to grant Apple sur-reply rights; the Court's order does not provide for either. Apple separately asks the Court to foreclose Plaintiff from raising "unreasonable conditions" regarding the IME at any later date — before any conditions or examiner conduct are specified. Plaintiff cannot identify objections to conduct that has not yet occurred. Plaintiff objects to all prospective foreclosures; reserves all rights, including under Rule 35; and asks this court to deny Apple's unripe, speculative demands.

27.    ***"Bad-faith meet-and-confer" accusations.*** Apple repeatedly characterizes Plaintiff's meet-and-confer conduct as bad faith. Dkt. 363 at, e.g., 7–9, 13. The record is to the

PLAINTIFF'S REPLY RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC                    MAY 6 2026

contrary: Plaintiff initiated meet-and-confer on outstanding RFPs multiple times in 2025, then again in Feb.-March 2026, and culminating in the dispute documented in April 2026; Apple never responded on the merits. Apple's April 23, 2026 email at 3:11 p.m. — the day Plaintiff's opening brief was due — offered first-time custodian searches and additional production on some of the RFPs just in time to claim they were doing something but no time to verify. Dkt. 358-1 at 4–6. Plaintiff objects to any adverse finding on meet-and-confer based on Apple's misconduct and misleading characterizations.

28.     ***Production Volume 8 footnote attack.*** Apple's footnote that Plaintiff "does not appear to have ever even looked at Production Volume 8" (Dkt. 363 at 14) appears for the first time in Apple's brief. Apple delivered Production Volume 8 on August 15, 2025; Apple moved to stay the entire litigation ten days later premised on Plaintiff's bankruptcy (Dkt. 247), and the case remained stayed until November 18, 2025 (Dkt. 267).

29.     Production was in response to the Plaintiff's Motion to Compel (Motion and Reply at Dkt. 240, 245) and the parties emailed for multiple days about a production Apple appears to be referencing. The Plaintiff also attached one of the documents from that production to an Opposition response to Apple's Motion to Stay — the exhibit being evidence she received the production (Dkt. 250 at 52-54). Apple raised no concern about Plaintiff's review during meet-and-confer. Plaintiff emailed Apple to request that Apple resend Volume 8; Apple has not responded. Plaintiff objects to any adverse finding based on this footnote attack.

30.     ***Request for apple to provide a written statement of production status.*** Apple represents in its brief that its production has been "fulsome" but has not stated, in writing, whether its production is complete or what remains in progress under Apple's April 23, 2026 first-time offers of additional custodian searches and productions. This Court's standing order

9

PLAINTIFF'S REPLY RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC        MAY 6 2026

requires confirmation in writing that production is complete after a diligent search.[1] Plaintiff respectfully requests an order requiring Apple, within seven days, to serve a written statement identifying (i) what has been produced; (ii) what remains in progress under Apple's April 23 offers; (iii) any continuing privilege or other withholdings; and (iv) a date certain for completion.

## VII.    **CONCLUSION**

Plaintiff respectfully requests that the Court:

a. Deny Apple's request for prospective leave to bring future spoliation and "further relief" motions on RFP Nos. 1 and 10, and decline to enter any finding regarding "concealment," "spoliation," or "deleted iCloud account" on this record;

b. On the IME, determine whether Apple's April 28 disclosure of Dr. Stampler — twelve days post-cutoff — forfeits the examination under Rules 26(a) and (e); if not, order Plaintiff to appear on June 1, 2026 on terms consistent with Rule 35;

c. Compel non-party medical-records production consistent with Dkt. 291, subject to a Qualified Protective Order, if the Court so approves Apple's request; and decline to make findings concerning Plaintiff's HIPAA-compliant authorization;

d. Decline to entertain Apple's new requests, sanctions threats, and accusations raised outside meet-and-confer, or grant Plaintiff leave to respond on a developed record;

e. Order the relief requested in Plaintiff's brief at Dkt. 358.

**/s/ Ashley M. Gjovik (Plaintiff/*In Propria Persona*)**
Filed May 6 2026 in San José, California
(408) 883-4428 | ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

---

[1] ¶ 15 "In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced."

## VIII.    PROPOSED ORDER

Having considered the Defendant's Brief, Plaintiff's Response, and the case record, **IT IS HEREBY ORDERED**:

1.   Apple's request for prospective leave to seek further relief on RFP Nos. 1 and 10 is **DENIED** as unripe and speculative.

2.   Apple's request to compel the Rule 35 examination of Plaintiff is **DENIED** as moot because Plaintiff is not refusing to appear.

3.   Apple's request to compel the eleven non-party medical providers identified in Apple's responsive brief to comply with subpoenas issued pursuant to Dkt. 291 is **GRANTED**, subject to a Qualified Protective Order under 45 C.F.R. § 164.512(e)(1)(v).

4.   Apple's new requests, sanctions threats, and accusations raised for the first time in its responsive brief are **STRICKEN** as violating this Court's order and rules regarding scope and format of briefs and responses.

5.   The relief requested in Plaintiff's Opening Brief (Dkt. 358) is **GRANTED** as set forth in the [Proposed] Order filed therewith.

**IT IS SO ORDERED.**

Dated: _____

_____
**HON. KANDIS A. WESTMORE**
United States Magistrate Judge

11

PLAINTIFF'S REPLY RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC                    MAY 6 2026