JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>    Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 23-cv-4597-EMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION**<br><br>Date:  June 11, 2026<br>Time:  1:30 p.m.<br>Dept:  Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

## I.    INTRODUCTION

Currently pending before the Court are cross motions for summary judgment filed by Plaintiff Ashley Gjovik and Defendant Apple Inc. with respect to Plaintiff's remaining retaliation claims (Counts 1, 2, 3, and 4). Plaintiff also seeks a preliminary injunction reinstating her to payroll and to medical, dental, and vision insurance pending final judgment. Having considered the parties' briefs and accompanying submissions, as well as the oral argument presented at the hearing on June 11, 2026, the Court hereby **GRANTS** Apple's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment and her request for a preliminary injunction.

## II.    DISCUSSION

At the outset, Plaintiff's motion was untimely and her voluminous exhibits failed to comply with this Court's instructions for concise declarations and exhibits, with highlighting for voluminous entries. Dkt. 273; *see also* 1/13/2026 Hrg. Tr. at 7:7-9:5. While this Court has previously given Plaintiff substantially leeway on untimely filings and failing to comply with the rules, it has repeatedly warned her that her continued failure to comply with the Court's orders would be grounds for dismissal. While the Court could deny her motion on this ground alone, the Court considers Plaintiff's motion on the merits, and as discussed below, it fails because Apple has presented undisputed clear and convincing evidence that it terminated Plaintiff's employment for legitimate, non-retaliatory reasons.

The critical inquiry in this case is why Apple terminated Plaintiff's employment in September 2021. The Court finds based on the undisputed evidence that Apple has presented clear and convincing evidence that it fired Plaintiff for legitimate, non-retaliatory reasons. Specifically, Plaintiff disclosed confidential product information on Twitter and to a reporter, and Apple determined that conduct was alone grounds for termination. Decl. of Yannick Bertolus ¶¶ 6-7, 12. Apple also determined that Plaintiff also provided misleading information during an investigation, and refused to speak with Apple investigators. *Id.* Apple's policies clearly state that each of these acts are violations that can result in immediate termination of employment. These intervening acts sever any causation between Plaintiff's alleged protected activities and her termination. *See Sears*

- 1 -

*v. Hous. Auth. of the Cnty. of Monterey*, No. 11-cv-1876, 2014 WL 1369594, at \*9 (N.D. Cal. Apr. 7, 2014); *McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1528 (2013); *Veto v. Boeing Co.*, No. 8:24-cv-00509, 2024 WL 5036760, at \*4 (C.D. Cal. Oct. 23, 2024); *Cuevas v. SkyWest Airlines*, 17 F. Supp. 3d 956, 965 (N.D. Cal. 2014), *aff'd*, 644 F. App'x 791 (9th Cir. 2016); *accord E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000).

Plaintiff's prior complaints, even if protected under the law, cannot shield her from her independent violations of Apple policies. *See Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 354 (2008); *accord Joaquin v. City of Los Angeles*, 202 Cal. App. 4th 1207, 1223 (2012) (citing *Richey v. City of Indep.*, 540 F.3d 779, 784 (8th Cir. 2008)); *Nash-DeCamp Co. v. Agric. Lab. Rels. Bd.*, 146 Cal. App. 3d 92, 103 (1983). Engaging in protected activity does not give an employee the right to violate company policies with impunity.

Plaintiff's arguments attempting to counter Apple's legitimate, non-retaliatory reasons for her termination are not supported by competent, undisputed evidence. Instead, her arguments rest on "suspicion, imagination, speculation, or conjecture[]," which is insufficient to defeat summary judgment. *Nejadian v. Cnty. of Los Angeles*, 40 Cal. App. 5th 703, 727 (2019); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("non-speculative evidence of specific facts, not sweeping conclusory allegations[,]" required); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008); *Korkosz v. Clark Cnty.*, 379 F. App'x 593, 596 (9th Cir. 2010); *Davis v. City of Seattle*, 343 F. App'x 230, 232 (9th Cir. 2009).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[PROPOSED] ORDER GRANTING APPLE INC.'S MOT. FOR SUMM J. & DENYING PL.'S MOT. FOR SUMM. J. & PI
[23-CV-4597-EMC]

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Apple, Inc.'s motion for summary judgment as to all remaining claims (Counts 1, 2, 3, and 4) and **DENIES** Plaintiff Ashley Gjovik's motion for summary judgment as to the same and her request for a preliminary injunction. Judgment will be entered in favor of Defendant and against Plaintiff. The Clerk shall close the file.

This Order disposes of Docket No. 359 and _____.

**IT IS SO ORDERED.**

Dated:_____          _____

HON. EDWARD M. CHEN
U.S. DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING APPLE
INC.'S MOT. FOR SUMM J. & DENYING
PL.'S MOT. FOR SUMM. J. & PI
[23-CV-4597-EMC]