Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:    +1 202 339 8400
Facsimile:    +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>                    Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 23-cv-4597-EMC<br><br>**DECLARATION OF YANNICK BERTOLUS IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION**<br><br>Date:      June 11, 2026<br>Time:      1:30 p.m.<br>Dept:      Courtroom 5, 17th Floor<br>Judge:    Honorable Edward M. Chen |

BERTOLUS DECL. ISO OF APPLE'S MSJ &
OPP. TO PL.'S MSJ & PI
[ 23-CV-4597-EMC]

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

I, Yannick Bertolus, declare as follows:

1.      I am a former Apple employee. I retired from Apple in December 2023. Prior to my retirement, I was a Vice President of Hardware Engineering. I attended school in France, and earned my Master's Degree in Physics and later my Postgraduate Degree in Instrumentation Technology from the University of Bordeaux in France. English is my second language.

2.      I know the facts set forth in this declaration to be true of my own personal knowledge and/or my review of documents maintained and relied upon by Apple in the regular course of business and to which I had access in the regular course of my former job duties. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

3.      During 2021, Ashley Gjovik worked in my organization and reported to David Powers, who reported to Dan West, who reported to me. I made the decision to terminate Ms. Gjovik's employment.

4.      In late August/early September 2021 I became aware that Ms. Gjovik published images on what was then known as Twitter that disclosed confidential product information about certain unreleased Apple technology. This conduct was very serious because the information Ms. Gjovik disclosed revealed confidential information concerning internal apps used to study and refine features of Apple products. I saw those images myself before I made the decision to terminate Ms. Gjovik's employment.

5.      During the first ten days of September, I had multiple communications with legal counsel, human resources, and employee relations about Ms. Gjovik's conduct. During those conversations, I sought legal advice.

6.      On September 9, 2021, I made the decision to terminate Ms. Gjovik's employment because of her disclosure of confidential, proprietary product information about certain Apple technology. I considered her disclosure to be an egregious violation because it was intentional and involved what was then confidential and sensitive information about unreleased product features. Her disclosures violated the Confidentiality and Intellectual Property Agreement she signed with Apple, Apple's Business Conduct Policy, Apple's Misconduct and Discipline Policy, Apple's Social Media and Online Communications Policy, and Apple's Use of Electronic Systems and

BERTOLUS DECL. ISO OF APPLE'S MSJ &
OPP. TO PL.'S MSJ & PI
[ 23-CV-4597-EMC]

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

Communications Policy. The disclosures alone were grounds to terminate Ms. Gjovik's employment. I am aware of at least two employees who were terminated for similar conduct in my organization during my time at Apple. I was directly involved in terminating one of those employees for publishing an image that showed an unreleased airpod product in the background.

7.    Prior to making the decision to terminate Ms. Gjovik's employment, I confirmed the information she leaked was confidential and that she had no authorization to disclose it. Public disclosure of the kind of confidential, internal product information Ms. Gjovik posted had the potential to cause significant harm to Apple, including by revealing details of unreleased product features and internal product-development tools to competitors, hackers, and the public. I was also aware that Ms. Gjovik refused to meet with or speak to Apple's Global Security team who was attempting to investigate her disclosure. To me, her refusal to do so was her being uncooperative in Apple's investigation and a violation of Apple's Business Conduct Policy and Apple's Misconduct and Discipline Policy.

8.    In addition to her disclosure of confidential product information about certain Apple technology, I also reviewed a single text message Ms. Gjovik provided to Mr. Okpo in the course of his investigation into her workplace concerns, and I also reviewed additional messages that Ms. Gjovik did not share that were part of the same text exchange that provided additional context to the conversation. My assessment of the text exchange was that Ms. Gjovik was attempting to mislead the investigator through her selective disclosure of the lone message she shared. It was my view that Ms. Gjovik's conduct violated Apple's Business Conduct Policy and Apple's Misconduct and Discipline Policy. I was also aware that Ms. Gjovik refused to meet with Mr. Okpo about the text exchange.

9.    I also had a conversation directly with Megan Bowman, my HR Business Partner, on September 9, 2021, in which she confirmed that Global Security attempted to meet with Ms. Gjovik earlier that day to discuss the confidential information she posted on Twitter. Ms. Bowman and I discussed Ms. Gjovik's conduct, including her refusal to meet or speak with Global Security, and my resulting decision to terminate her employment. Ms. Bowman subsequently sent me an email confirming what we discussed in our call. I replied to her email confirming and

BERTOLUS DECL. ISO OF APPLE'S MSJ &
OPP. TO PL.'S MSJ & PI
[ 23-CV-4597-EMC]

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

documenting my decision to terminate.

10.     Following my September 9, 2021 decision, I sent a termination letter to Ms. Gjovik communicating that decision. A true and correct copy of that letter is attached as **Exhibit A**. The termination letter accurately reflects the reasons for my decision to terminate Ms. Gjovik's employment, including her unauthorized public disclosure of confidential Apple product information; her refusal to cooperate with Apple's investigation into that disclosure, including by insisting on communicating only in writing; and her efforts to mislead Apple personnel investigating concerns she had raised, including through her selective disclosure of a single text message to Mr. Okpo.

11.     I was generally aware that Ms. Gjovik had raised a variety of concerns to Apple over time, but the fact that she had raised concerns was not a factor in my decision to terminate her employment. Additionally, at the time I made the decision to terminate Ms. Gjovik's employment, I was not aware that Ms. Gjovik had filed any complaints against Apple with any government or administrative agencies. But even if she had filed any such complaints, that would not have motivated me or been part of my decision making. I terminated Ms. Gjovik's employment for the independent reason that she disclosed confidential product information.

12.     The decision to terminate Ms. Gjovik's employment was mine and based on my own firsthand review of the images Ms. Gjovik posted publicly, my own independent assessment that her conduct constituted an egregious violation of Apple policies, and the additional facts described in this declaration concerning her refusal to cooperate with Apple's investigation and her misleading partial disclosure to Mr. Okpo.

13.     When I sat for my deposition in this case, I was aware that I may be asked questions as a Rule 30(b)(6) witness for Apple regarding the termination of Ms. Gjovik's employment. To prepare for that possibility, I spoke to Robert McKeon Aloe, the Directly Responsible Individual ("DRI") for user studies utilizing the Glimmer app that Apple was conducting prior to Ms. Gjovik's termination. I also spoke with Sophi Jacobs, the Global Security employee who was assigned to investigate Ms. Gjovik's disclosures.

14.     English is my second language. I understand that the transcript of my deposition in

BERTOLUS DECL. ISO OF APPLE'S MSJ &
OPP. TO PL.'S MSJ & PI
[ 23-CV-4597-EMC]

- 3 -

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

this matter at one point quoted me as using the phrase "pretty feminine" in response to a question about appropriate senior-subordinate communications. That is not what I said, and I corrected that transcription error both on the record and through errata. A true and correct version of select pages from my deposition transcript, and the errata I submitted after reviewing the transcript, are attached as **Exhibit B**. I have never described Ms. Gjovik—or communications between Ms. Gjovik and her managers—as "pretty feminine."

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed May 6, 2026 at Carmel, California.

*Yannick Bertolus*

_____
Yannick Bertolus

BERTOLUS DECL. ISO OF APPLE'S MSJ &
OPP. TO PL.'S MSJ & PI
[ 23-CV-4597-EMC]

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

# EXHIBIT A

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A



Date:  September 9, 2021

To:  Ashley Gjovik                                    Employee ID  Redacted
From:  Yannick Bertolus
cc:  Personnel file


via Email
Redacted

via FedEx
Redacted


Re:  Termination of employment


Apple has determined that you have engaged in conduct that warrants termination of employment, including, but not limited to, violations of Apple policies. You disclosed confidential product-related information in violation of Apple policies and your obligations under the Intellectual Property Agreement (IPA). We also found that you failed to cooperate and to provide accurate and complete information during the Apple investigatory process.

Your access to Apple systems has been suspended as of today and your employment will terminate on September 10, 2021. You will receive your final pay which will include regular pay through your termination date, all accrued unused vacation pay and any ESPP contributions made in the current period.

Although your pay and most of your benefits will end on your last day of employment, you may have the option of continuing some of your benefit plans, including your current health care coverage. Information about your benefits continuation options will be mailed to your home approximately two weeks after your termination date. In addition, within 30 days of your termination date, you will receive a separate COBRA packet explaining your options for continuing healthcare coverage. Contact Apple's People Support at [Redacted] if your address has or will change.

If you have information that indicates the decision to terminate your employment was not made in accordance with Apple policy or if you have new information that you believe would alter this decision, you may request a review per Apple's Decision Review policy. Your request for a Decision Review must be received within two months of your termination date. To request a Decision Review or get more information about the process, contact People Support at [Redacted].

Apple Inc.
One Apple Park Way
Cupertino CA 95014

APL-GAELG_00000018

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

As a reminder, your obligations under the IPA continue even after your employment with Apple ends. This includes, but is not limited, the obligation to not disclose Apple's confidential or proprietary information such as unreleased product information, new product schedules, budgets, marketing plans, organization charts, customer lists, personnel information, vendor contacts, etc. If you need a copy of your signed IPA please contact People Support at [ Redacted ].

You are also obligated to return to Apple all Apple owned equipment and devices. You will receive a pre-paid FedEx box to ensure the prompt return of Apple devices. If you need assistance, please contact Aleks Kagramanov at aka [ Redacted ].

Attachments included

Page 2 of 2

APL-GAELG_00000019

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

# EXHIBIT B

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

Deposition of

# Yannick Bertolus

April 17, 2026

Ashley Gjovik

vs.

Apple Inc.



Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M. GJOVIK,          )
                          )
          Plaintiff,      )
                          )
  vs.                     )     Case No. 23-cv-04597-EMC
                          )
APPLE, INC.,              )
                          )
          Defendant.      )
_____)

VIDEOCONFERENCE DEPOSITION OF

YANNICK BERTOLUS

VIDEO-RECORDED VIA ZOOM

Friday, April 17, 2026

Stenographically reported by:
CARRIE GIBSON, CSR No. 13937
JOB No. 10188335

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M. GJOVIK,            )
                             )
            Plaintiff,       )
                             )
  vs.                        )     Case No. 23-cv-04597-EMC
                             )
APPLE, INC.,                 )
                             )
            Defendant.       )
_____)

Deposition of YANNICK BERTOLUS, taken on behalf of Plaintiff via videoconference, commencing at 1:07 p.m. and ending at 5:00 p.m. on April 17, 2026, reported stenographically by Carrie Gibson, California Certified Shorthand Reporter No. 13937.

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

**Ashley Gjovik vs.
Apple Inc.**

APPEARANCES:


For the Plaintiff:

  A.M. GJOVIK CONSULTING, LLC
  BY:  ASHLEY M. GJOVIK, Pro Se
  (Appearing Via Videoconference)
  2108 North Street
  Suite 4553
  Sacramento, California 95816
  (415) 964-6272
  legal@ashleygjovik.com


For the Defendant:

  ORRICK, HERRINGTON & SUTCLIFFE LLP
  BY:  JESSICA R. PERRY, ESQ.
  (Appearing Via Videoconference)
  1000 Marsh Road
  Menlo Park, California 94025
  (650) 614-7400
  jperry@orrick.com


      (Video-recorded via Zoom by Ms. Gjovik)

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

That goes back to Exhibit A.

Mr. Bertolus, were you aware that Mr. West, who reported to you, and I were talking about you in this way?

A.  No.

Q.  Were you aware that Mr. West and I were having conversations about Jared and Andrew about this context?

A.  Nope.

Q.  Do you think this is an appropriate way for a senior director to talk to their EPM?

A.  I would need to have more context to make a -- you seem pretty feminine -- I don't even want to even go there and speculate.  But you seem pretty -- I don't know.  I still don't see the relevance of all this.  But --

Q.  I don't either.  But Apple kind of made it relevant, so that's what we're stuck doing.

So --

A.  So I think --

MS. PERRY:  Hold on.  Hold on.  Just wait for a question.

THE DEPONENT:  Okay.

MS. GJOVIK:  What was that?

MS. PERRY:  No, I was telling him to wait

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**                                     **Ashley Gjovik vs. Apple Inc.**

misguided the investigators, the way I recollect the meeting at the time.

Q.  And do you think if the broader context is given, then -- or -- misrepresentation indicates, like, I was making false complaints there, like I'm the problem.

So can you help me understand why that limited view of the conversation was seen as, like, misconduct by me?  Was it something, like, them thinking that I was making, like, bad faith complaints?

A.  Yes.

Q.  Okay.

A.  As it relates to that text exchange, yes.

Q.  And so -- and I think you were saying something earlier about me being -- I think you said feminine, and didn't continue.

So is that a similar thing, that, like, because I was being --

A.  Sorry to cut you off.

Can you say that again?  What would I have said?  I don't remember saying that.

Q.  We don't have to go back.  We'll see what was on the actual record.  I don't know if you actually said it.  I thought you said something.  But

www.aptusCR.com

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

we'll if you have to say it.  Like, I think it was Okpo who kind of, like, opened the door.

Would you say that if I was being flirty or acting like I was going along in the minute that if I made a complaint later that I thought Mr. West was being appropriate in a sexual nature, that I can't complain later?

MS. PERRY:  Objections.  Vague.  Ambiguous.  Overbroad.

MS. GJOVIK:  I'd like him to answer.

THE DEPONENT:  That's not what I said.

BY MS. GJOVIK:

Q.  Can you help me understand, then, what I did during that exchange that means that I can't complain about it later without it being misconduct?

MS. PERRY:  Objection.  Vague.  Ambiguous.  Overbroad.

MS. GJOVIK:  Okay.

MS. PERRY:  He didn't conduct the investigation.

MS. GJOVIK:  He said he reviewed the content, though, and made a determination.

MS. PERRY:  No, that's not what he said.  You're misstating his testimony.

///

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

DECLARATION UNDER PENALTY OF PERJURY

Case Name: Ashley Gjovik
        vs. Apple Inc.
Date of Deposition: 04/17/2026

Job No.: 10188335

         I, YANNICK BERTOLUS, hereby certify
under penalty of perjury under the laws of the State of
___California_____ that the foregoing is true and correct.

         Executed this 27_____ day of
April_____, 2026, at Carmel, California_____.

                              ⎰⎱
         _____
                    YANNICK BERTOLUS

NOTARIZATION (If Required)

State of _____

County of _____

Subscribed and sworn to (or affirmed) before me on

this _____ day of _____, 20__,

by_____,   proved to me on the

basis of satisfactory evidence to be the person

who appeared before me.

Signature: _____ (Seal)

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

**Ashley Gjovik vs. Apple Inc.**

```
DEPOSITION ERRATA SHEET
Case Name: Ashley Gjovik
       vs. Apple Inc.
Name of Witness: Yannick Bertolus
Date of Deposition: 04/17/2026
Job No.: 10188335
Reason Codes:  1. To clarify the record.
               2. To conform to the facts.
               3. To correct transcription errors.
```

Page ___20___ Line ___7___ Reason ___3___

From ___Loretta Grow___ to ___Laura Legros___

Page ___21___ Line ___19, 20, 21___ Reason ___3___

From ___Turnis___ to ___Ternus___

Page ___22___ Line ___2___ Reason ___3___

From ___Turnis's___ to ___Ternus's___

Page ___22___ Line ___7___ Reason ___3___

From ___Turnis___ to ___Ternus___

Page ___89___ Line ___18___ Reason ___3___

From ___image___ to ___imagine___

Page ___158___ Line ___13___ Reason ___3___

From ___feminine___ to ___familiar___

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

**Page 187**

Docusign Envelope ID: A6E4ECDB-0924-8F8B-82D7-F2337742617A

**Yannick Bertolus**

**Ashley Gjovik vs.
Apple Inc.**

DEPOSITION ERRATA SHEET

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

___X___ Subject to the above changes, I certify that the transcript is true and correct

_____ No changes have been made. I certify that the transcript  is true and correct.

_____
YANNICK BERTOLUS

**www.aptusCR.com**