JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATHRYN G. MANTOAN (SBN 239649)
kmantoan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
 2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8400
Facsimile:     +1 202 339 8500

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO APPLE'S REQUEST FOR JUDICIAL NOTICE AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE (DKT. 376 & 378)**<br><br>**[F.R.E. 201]**<br><br>Date:     June 11, 2026<br>Time:    1:30 p.m.<br>Dept:    Courtroom 5, 17th Floor<br>Judge:   Honorable Edward M. Chen |

Following her untimely opposition to Apple's motion for summary judgment, Plaintiff also filed: (1) a twenty-one page opposition to Apple's request for judicial notice and accompanying "contingent" request for judicial notice plus exhibits, totaling 114 pages (Dkt. 376; filed May 22, 2026), and (2) a further nine-page request for judicial notice plus exhibits, totaling 145 pages (Dkt. 378; filed May 25, 2026). Given this Court's numerous prior warnings to Plaintiff to strictly comply with page limits and deadlines, the Court could readily disregard these improper filings. They are also littered with AI hallucinations—*see, e.g.,* Dkt. 376 ¶ 13 (purporting to quote *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1001 (9th Cir. 2018), a motion to dismiss case, as relating to summary judgment proceedings), *id.* ¶ 12 (quote attributed to *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) that appears nowhere in the case)—which the Court has admonished Plaintiff it will not tolerate. *See* Dkt. 215 at 11 ("forewarn[ing]" Plaintiff that "she is responsible for verifying the accuracy of AI-generated or AI-provided information, including but not limited to case citations and content" and that "failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se"). Nonetheless, Apple briefly responds as to their substance.

***Plaintiff's Opposition to Apple's RJN (Dkt. 373).*** As part of its motion for summary judgment, Apple noted that Plaintiff has previously suggested to the Court that the Intellectual Property Agreement she signed as an Apple employee was "invalidated" by the NLRB. *See* Dkt. 367 at 9 n.7. Apple requested judicial notice of two NLRB documents—an April 2025 settlement agreement and September 2025 order dismissing Plaintiff's claim that her termination violated the NLRA—so the Court could see the NLRB had done no such thing. *See id.*; Dkt. 373 at Exs. A, B.

Plaintiff does not disagree that the NLRB Settlement Agreement and NLRB Dismissal Order are public records of the NLRB that are beyond reasonable dispute. Instead, she wrongly contends that taking notice of NLRB orders and agreements would require this Court to "resolv[e] competing theories." Dkt. 376 ¶ 13. But a court "may take judicial notice at any stage of the proceeding," including when "deciding a motion for summary judgment." *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 992 (C.D. Cal. 2013), *aff'd in part*, *appeal dismissed in part*, 614 F. App'x 867 (9th Cir. 2015) (granting summary judgment based, in part, on evidence

presented via judicial notice). Instead of providing proper evidentiary objections to Apple's request, Plaintiff all but admits she is using her opposition as an opportunity to impermissibly exceed her page limits for opposing Apple's motion for summary judgment. *See* Dkt. 375 ¶ 29 ("Apple's footnote 7 reliance on the September 25, 2025 NLRB partial withdrawal is addressed in Plaintiff's concurrent Opposition to Defendant's Request for Judicial Notice …"). The court should disregard Plaintiff's improper opposition and grant Apple's request.

*Plaintiff's "Conditional" RJN of Other NLRB Documents (Dkt. 376).* Apple does not contest the authenticity of the additional NLRB filings Plaintiff seeks to put before the Court. But these documents—including Plaintiff's own briefing and arguments before that body—are largely irrelevant. The only potential relevance they have is to underscore that, on May 8, 2026 (one day after Apple's motion for summary judgment was filed) the NLRB issued a final dismissal of her termination-related charges. Dkt. 376 Ex. D at PDF pp. 76-79. This final agency determination bars Plaintiff from claiming the NLRB is pursing any claim that her firing was unlawful, or that her disclosure of confidential product information was "protected activity" within the meaning of the NLRA. Apple had sought judicial notice of NLRB documents to foreclose these types of misrepresentations by Plaintiff; Apple need not and does not rely on the NLRB's decisions to support its motion, and Plaintiff's contrary suggestion (*see, e.g.*, Dkt. 376 ¶ 2) swings at a strawman.

*Plaintiff's RJN of Miscellaneous Statutes and Bills (Dkt. 378).* As to Plaintiff's untimely appendix of California Codes and request for judicial notice of legislative materials, it is unclear which document(s) Plaintiff is requesting be judicially noticed and why. Many are neither cited nor discussed in any of her briefing before this Court. And they are objectionable for a host of reasons.

- Judicial notice of California statutes is unnecessary. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

- Plaintiff's summary and selected quotations from exhibits in the text of her request are not accurate and they are not themselves evidence or adjudicative facts. Fed. R. Evid. 801, 1007.

4155-4458-9161

- Versions of code sections that have been amended since Plaintiff's termination without any legislative intent that the amendments be given retroactive effect are irrelevant. *See, e.g.*, Dkt. 378, Exs. A-B, D, F, H.

- Bills introduced in 2025 and 2026 (Dkt. 378 Exs. J-L) are irrelevant to Plaintiff's claims, which relate to her termination in 2021. Such evidence has no tendency to make a fact of consequence in determining the action more or less probable and would only serve to confuse the relevant issues. Fed R. Evid. 401, 403.

That said, nothing in Plaintiff's "appendix" or request for judicial notice is material to Apple's motion for summary judgment. These documents should not be judicially noticed (for the reasons set forth above)—but even if they were Apple would be entitled to judgment on all of Plaintiff's remaining claims given the undisputed facts and the applicable law.

Dated: May 28, 2026                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Melinda S. Riechert*
                                                                      MELINDA S. RIECHERT
                                                                      Attorneys for Defendant
                                                                      APPLE INC.

APPLE'S RESP. TO PL.'S OPP. TO
APPLE'S RJN AND OPP. TO PL.'S RJNS
[ 23-CV-4597-EMC]

Following her untimely opposition to Apple's motion for summary judgment, Plaintiff also filed: (1) a twenty-one page opposition to Apple's request for judicial notice and accompanying "contingent" request for judicial notice plus exhibits, totaling 114 pages (Dkt. 376; filed May 22, 2026), and (2) a further nine-page request for judicial notice plus exhibits, totaling 145 pages (Dkt. 378; filed May 25, 2026). Given this Court's numerous prior warnings to Plaintiff to strictly comply with page limits and deadlines, the Court could readily disregard these improper filings. They are also littered with AI hallucinations—*see, e.g.,* Dkt. 376 ¶ 13 (purporting to quote *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1001 (9th Cir. 2018), a motion to dismiss case, as relating to summary judgment proceedings), *id.* ¶ 12 (quote attributed to *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) that appears nowhere in the case)—which the Court has admonished Plaintiff it will not tolerate. *See* Dkt. 215 at 11 ("forewarn[ing]" Plaintiff that "she is responsible for verifying the accuracy of AI-generated or AI-provided information, including but not limited to case citations and content" and that "failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or the ability to proceed pro se"). Nonetheless, Apple briefly responds as to their substance.

***Plaintiff's Opposition to Apple's RJN (Dkt. 373).*** As part of its motion for summary judgment, Apple noted that Plaintiff has previously suggested to the Court that the Intellectual Property Agreement she signed as an Apple employee was "invalidated" by the NLRB. *See* Dkt. 367 at 9 n.7. Apple requested judicial notice of two NLRB documents—an April 2025 settlement agreement and September 2025 order dismissing Plaintiff's claim that her termination violated the NLRA—so the Court could see the NLRB had done no such thing. *See id.*; Dkt. 373 at Exs. A, B.

Plaintiff does not disagree that the NLRB Settlement Agreement and NLRB Dismissal Order are public records of the NLRB that are beyond reasonable dispute. Instead, she wrongly contends that taking notice of NLRB orders and agreements would require this Court to "resolv[e] competing theories." Dkt. 376 ¶ 13. But a court "may take judicial notice at any stage of the proceeding," including when "deciding a motion for summary judgment." *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 992 (C.D. Cal. 2013), *aff'd in part*, *appeal dismissed in part*, 614 F. App'x 867 (9th Cir. 2015) (granting summary judgment based, in part, on evidence

APPLE'S RESP. TO PL.'S OPP. TO
APPLE'S RJN AND OPP. TO PL.'S RJNS
[23-CV-4597-EMC]

presented via judicial notice). Instead of providing proper evidentiary objections to Apple's request, Plaintiff all but admits she is using her opposition as an opportunity to impermissibly exceed her page limits for opposing Apple's motion for summary judgment. *See* Dkt. 375 ¶ 29 ("Apple's footnote 7 reliance on the September 25, 2025 NLRB partial withdrawal is addressed in Plaintiff's concurrent Opposition to Defendant's Request for Judicial Notice …"). The court should disregard Plaintiff's improper opposition and grant Apple's request.

*Plaintiff's "Conditional" RJN of Other NLRB Documents (Dkt. 376).* Apple does not contest the authenticity of the additional NLRB filings Plaintiff seeks to put before the Court. But these documents—including Plaintiff's own briefing and arguments before that body—are largely irrelevant. The only potential relevance they have is to underscore that, on May 8, 2026 (one day after Apple's motion for summary judgment was filed) the NLRB issued a final dismissal of her termination-related charges. Dkt. 376 Ex. D at PDF pp. 76-79. This final agency determination bars Plaintiff from claiming the NLRB is pursing any claim that her firing was unlawful, or that her disclosure of confidential product information was "protected activity" within the meaning of the NLRA. Apple had sought judicial notice of NLRB documents to foreclose these types of misrepresentations by Plaintiff; Apple need not and does not rely on the NLRB's decisions to support its motion, and Plaintiff's contrary suggestion (*see, e.g.*, Dkt. 376 ¶ 2) swings at a strawman.

*Plaintiff's RJN of Miscellaneous Statutes and Bills (Dkt. 378).* As to Plaintiff's untimely appendix of California Codes and request for judicial notice of legislative materials, it is unclear which document(s) Plaintiff is requesting be judicially noticed and why. Many are neither cited nor discussed in any of her briefing before this Court. And they are objectionable for a host of reasons.

- Judicial notice of California statutes is unnecessary. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

- Plaintiff's summary and selected quotations from exhibits in the text of her request are not accurate and they are not themselves evidence or adjudicative facts. Fed. R. Evid. 801, 1007.

- Versions of code sections that have been amended since Plaintiff's termination without any legislative intent that the amendments be given retroactive effect are irrelevant. *See, e.g.*, Dkt. 378, Exs. A-B, D, F, H.

- Bills introduced in 2025 and 2026 (Dkt. 378 Exs. J-L) are irrelevant to Plaintiff's claims, which relate to her termination in 2021. Such evidence has no tendency to make a fact of consequence in determining the action more or less probable and would only serve to confuse the relevant issues. Fed R. Evid. 401, 403.

That said, nothing in Plaintiff's "appendix" or request for judicial notice is material to Apple's motion for summary judgment. These documents should not be judicially noticed (for the reasons set forth above)—but even if they were Apple would be entitled to judgment on all of Plaintiff's remaining claims given the undisputed facts and the applicable law.

Dated: May 28, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Melinda S. Riechert*
MELINDA S. RIECHERT
Attorneys for Defendant
APPLE INC.