UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 3:23-cv-04597-EMC   (KAW)<br><br>**ORDER RESOLVING REMAINING FACT DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 358, 363, 365 |

In order to preserve the Court's limited judicial resources, the Court fashioned a process by which the parties may raise any remaining disputes pertaining to fact discovery. (Dkt. No. 327.) This process required each party to "raise their initial dispute(s) with the opposing party via email by April 9, 2026 (one week before the discovery cut-off) in a single email (e.g. Plaintiff sends one email to Defendant with all outstanding disputes and vice versa)." *Id.* at 7.  The parties were then instructed to go back and forth on that email thread to narrow the scope of any remaining disputes. *Id.*  The initiating party was instructed to attach a copy of the complete thread as an exhibit, so that the Court could ensure that they had sufficiently met and conferred on every issue presented. *Id.*

The fact discovery cut-off in this case was April 16, 2026. (Dkt. No. 274.)  Plaintiff's opening brief was due on April 23, 2026, but Plaintiff did not file it until April 24, 2026.[1] (Pl.'s Br., Dkt. No. 358.)  On Araise, 2026, Defendant filed a brief responding to Plaintiff's disputes and raising two of its own. (Def.'s Br., Dkt. No. 363.)  On May 6, 2026, Plaintiff filed her responsive

---

[1] Plaintiff filed her opening brief on April 24, 2026 at 12:28 a.m., but she manually changed the filing date to April 23, 2026, so it would appear to have been timely filed. Instead of attempting to mislead the Court, Plaintiff should have left the actual filing date intact and filed a separate administrative motion to ask for relief because it was only 28 minutes late. The Court would have granted that relief, because Defendant did not suffer any prejudice due to the short delay.

United States District Court<br>Northern District of California

brief. (Pl.'s Resp., Dkt. No. 365.)

## I.   PLAINTIFF'S DISCOVERY DISPUTES

### A.   Whether Plaintiff complied with the meet and confer requirements of this dispute resolution process.

As an initial matter, Apple contends that Plaintiff did not meet and confer in good faith, and she failed to follow the Court's instruction to maintain a separate email chain for her disputes, such that the Court should dismiss her requests for relief. (Def.'s Br. at 7.)  Since an adequate meet and confer process is required before the Court addresses a particular discovery dispute, this is a threshold issue, and so it must be addressed first.

The parties were clearly instructed to meet and confer via email "in an attempt to narrow the scope of any remaining disputes." (Dkt. No. 327 at 7.) The Court notes that Plaintiff failed to follow the Court's instructions as set forth in the March 30, 2026 order.  First, Plaintiff did not initiate a separate email thread as clearly instructed, and, instead, opted to hijack the Apple-initiated email thread in contravention of the court order.  Second, instead of selectively raising issues of import at this late stage of the case, Plaintiff took this process as an invitation to raise every conceivable discovery dispute, including several that were already addressed by prior discovery orders.  This conduct flies in the face of the Court's intention.  Third, she did not attempt to narrow any of her requests for production to address proportionality even after Apple laid out a cogent response on April 14, 2026.[2]

Based on Plaintiff's failure to follow the Court's instructions, the undersigned is under no obligation to address any of the disputes raised. Nonetheless, the Court will briefly address the disputes below.

//

//

//

---

[2] Due to Plaintiff's failure to provide a complete email thread, Apple attached the missing emails with its responses as an exhibit to its brief. (Def.'s Br. at 7 n.3, Ex. P.)

**B.    On the merits**

   **i.    Environmental records pertaining to 825 Stewart Drive and 3250 Scott Boulevard responsive to RFP Nos. 7–10 (Set One) and 24, 28–32 (Set Two)**

Plaintiff again seeks to compel documents in response to Requests for Production Nos. 7-10, 24, 28-32. (Pl.'s Br. at 2-5.)  Plaintiff previously attempted to compel supplemental responses, but the Court declined to address her arguments, because the parties did not meet and confer on those requests. (*See* Dkt. No. 327 at 4.)

Now, Plaintiff is raising this issue again. The Court notes that Plaintiff's initial April 9, 2026 email does not address the substance of any of these requests rendering the initial meet and confer attempt woefully inadequate given that Plaintiff bears the burden of showing proportionality under Federal Rule of Civil Procedure 26.  Plaintiff did not address any of the individual requests until her April 15, 2026 email. (Pl.'s Br., Ex. A at 22-25.[3])  Accordingly, Plaintiff did not timely raise these disputes by the April 9, 2026 deadline, and the Court denies her request to compel supplemental documents in response to these requests.

   **ii.    Production of documents relating to Plaintiff's protected activity and Apple's knowledge of that activity.**

Plaintiff contends that documents exist in response to Request Nos. 4, 7, 11–16, 36, 43, 44, 55, 56, and 60 (Set Two), because they were confirmed by the deposition testimony of Ekelemchi Okpo. (Pl.'s Br. at 5.)  In opposition, Apple confirms that it has produced all non-privileged, responsive documents, which consisted of more than 4,000 pages of documents. (Def.'s Br. at 14.)

---

[3] Reviewing Plaintiff's email thread is further complicated by two factors. First, Plaintiff's refusal to comply with the Court's procedures for this process; namely, her failure to start her own email thread to address her remaining disputes despite Apple bringing the violation to her attention means that both sets of disputes are in a single email thread. A fate the Court explicitly attempted to avoid by requiring each initiating party to start their own thread. Second, Plaintiff has failed to pincite to any of the pages in the 44-page email thread, and the Court is not required to look at it let alone decipher it, particularly given that the emails are not consistently in reverse chronological order. Since Plaintiff has provided more than 200 pages of exhibits, the failure to pincite is separately fatal, because the Court is not required to review exhibits that are not pincited. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

United States District Court
Northern District of California

The Court must take Apple at its word and trusts that it is aware of its ongoing responsibility to supplement its responses under Rule 26 if it locates additional non-privileged, responsive documents.

> **iii.    The validity of Apple's assertions of privilege, including Apple's instructions to witnesses not to answer foundational deposition questions about internal investigations, and Apple's failure to provide a privilege log.**

Plaintiff did not raise the issue of improper privilege objections during the meet and confer process. Therefore, the issue is not ripe.

Notwithstanding, the Court's civil standing order does not require a party to prepare and provide a privilege log for privilege objections raised during a deposition, and Plaintiff provides no authority requiring same.

Accordingly, Plaintiff's request is denied.

> **iv.    Apple's failure to search for or log documents responsive to RFP No. 43.**

Next, Plaintiff contends that Apple has refused to search for and/or log documents responsive to Request No. 43 as it pertains to Apple Legal or the internal investigations team. (Pl.'s Br. at 6.)  Request No. 43 seeks

> All internal communications, messages, emails, notes, summaries, or reports exchanged between or among any of the following groups: Plaintiff's managers or direct supervisors; Apple's Human Resources (HR) personnel; Employee Relations (ER) team; Apple Security personnel; Apple Legal or internal investigations teams; any executive team or risk management personnel discussing, referencing, or relating to Plaintiff between February 1, 2021 and September 10, 2021.

(Pl.'s Br., Ex. 4 at 17-18.)

In opposition, Apple argues that, as discussed in the meet and confer, "when a request seeks clearly privileged information, the responding party is not required to log those documents because Rule 26 confirms privileged information is not discoverable." (Def.'s Br. at 17.) Defendant contends that Plaintiff's attempt is an assault on attorney-client privilege, and the Court agrees. Accordingly, Plaintiff's request is denied.

> **v.    Apple's refusal to identify those involved in the decision to terminate Plaintiff, its defense witnesses, and any Rule 35 examiner or medical expert.**

Plaintiff contends that Apple has not identified everyone involved in the decision to

terminate her, its defense witnesses, and Apple's Rule 35 independent medical examiner. (Pl.'s Br. at 8-9.)

In opposition, Apple contends that it has listed everyone involved in Plaintiff's termination, names those individuals, and that its disclosures are complete. (Def.'s Br. at 18-19.) As a result, there is nothing to add. As to its defense witnesses, Apple contends that this issue was not raised in the April 9 email and is unripe. *Id.* at 19.  Moreover, Apple contends that Plaintiff's speculation is unfounded. The Court agrees. Finally, Apple identified Dr. Frederick Stampler, Psy.D. as the provider who will conduct the IME,[4] and expert witnesses do not need to be disclosed until June 30, 2026, rendering this dispute moot. *Id.* Again, the Court agrees.

      vi.    **Apple's refusal to state, on an RFP-by-RFP basis, whether production is complete or documents are being withheld.**

Apple is only required to confirm that they have no additional responsive, non-privileged documents. They are not required to amend their responses to confirm this for every document request.

      vii.    **Apple's purported refusal to produce the records it obtained from Plaintiff's subsequent employer via third-party subpoena.**

Plaintiff contends that Apple should produce documents that it subpoenaed from Plaintiff's subsequent employer pursuant to an April 2, 2026 subpoena. (Pl.'s Br. at 11.)  As Apple points out, Civil Local Rule 37-3 does not require compliance, because the compliance date on the subpoena was after the fact discovery cut-off. (Def.'s Br. at 20.)  Even so, Apple produced the records on April 27, 2026. *Id.*  Thus, this dispute has been resolved, and the Court will take no further action.

      viii.    **Additional disputes crystallized by Apple's April 23, 2026 email, including Plaintiff's contention that Apple's "no responsive documents" assertions for RFP Nos. 40–42 is implausible, the narrowed RFP No. 49, the broader scope of RFP Nos. 61–62, and Apple's declared impasse on RFP Nos. 7, 19, 43, 47, 51, 59.**

None of Plaintiff's issues raised are meritorious. (*See* Pl.'s Br. at 12-13.)  Apple told

---

[4] The Court notes that Apple disclosed Dr. Stampler's identity on April 28, 2026, which was after Plaintiff filed her opening brief.

<div style="writing-mode: vertical-lr">United States District Court<br>Northern District of California</div>

Plaintiff that it had no responsive documents in response to Requests Nos. 40-42, and Plaintiff's opinion that Apple's position is implausible is not a basis for compelling a supplemental production. *See id.* As Apple points out, Plaintiff actually broadened the scope of Request No. 49 by adding additional senior level leaders who fell outside the custodians in the original request, which requires that Plaintiff's request be denied. (*See* Def.'s Br. at 21.) In regard to Requests Nos. 61-62, Apple represents that it produced all non-privileged, responsive documents, which, again, is all the Court requires. (*See* Def.'s Br. at 21.) The fact that Mr. Okpo testified at deposition to the existence of additional documents does not render them non-privileged. (*See* Pl.'s Br. at 12-13.) Finally, as to Plaintiff's request that Apple serve amended responses, Apple need only serve supplemental responses in the event that it locates additional responsive documents. *See id.* at 13.

Accordingly, these requests are denied.

## II.    DEFENDANT'S DISCOVERY DISPUTES

Apple raises two remaining discovery disputes: (1) discovery regarding Plaintiff's alleged emotional distress damages; specifically, a Rule 35 independent medical examination ("IME"), and medical records by subpoena; and (2) Plaintiff's failure to produce documents evidencing the full extent of her disclosure of Apple's confidential product-related information (RFP 1 and 10). (Def.'s Br. at 1.)

### A.    Medical Discovery

#### a.    Independent Medical Examination ("IME")

Apple argues that the Court should order an independent medical examination ("IME") and compel Plaintiff's medical providers to produce her medical records. (Def.'s Br. at 1.) Plaintiff previously agreed to undergo an IME, but she is now arguing that the disclosure of the examiner is untimely. (Pl.'s Resp. at 5.) The Court disagrees. The Court appreciates Plaintiff's willingness to go forward with the IME, and orders that she do so as soon as practicable, but by no later than the June 30, 2026 deadline set by the presiding judge. *See id.*

#### b.    Medical Record Subpoenas

Apple is under no obligation to use the HIPAA authorization drafted by Plaintiff. As previewed in the February 23, 2026 order, the Court hereby orders the following medical

United States District Court
Northern District of California

United States District Court
Northern District of California

providers to produce records consistent with the subpoenas that Apple served:

1. Sutter Health PAMF

2. Boston Medical Center

3. Atrius Health

4. The Clinic / Optum Behavioral Care

5. AC Wellness Group

6. MD Live by Evernorth

7. Paragon Consulting Group

8. Delmar Family Medicine

9. Heally

10. Aptihealth

11. One Medical

(*See* Dkt. No. 291 at 2; *See* Def.'s Br. at 3, Exs. E-O.)  The medical providers are ordered to produce all responsive medical records within 14 days of this order.

### B.    Documents Reflecting her Disclosures of Confidential Apple Production Information

Finally, Apple seeks to compel the production of documents in response to Requests for Production Nos. 1 and 10, which relate to "Plaintiff's apparent failure to produce all documents reflecting her disclosure of confidential Apple product information to unauthorized parties during her employment." (Def.'s Br. at 4.)  Apple contends that these are relevant to its defense that it terminated Plaintiff's employment because she disclosed Apple's confidential product information in violation of her Intellectual Property Agreement and Apple policies. *Id.*  After meeting and conferring, Plaintiff produced 35,000 pages of documents since the close of discovery, but Apple's review indicates that some documents are missing, because Apple is aware of some communications she did not produce. *Id.* at 5.  After meeting and conferring, Plaintiff produced an additional 9,732 pages on April 29, 2026, in which she allegedly asserted that she had sold her iPhone and deleted her iCloud account shortly after her termination, which Apple characterizes as spoliation. *Id.* at 6.  Despite this representation, on April 30, 2026, the day Defendant's discovery

brief was due, Plaintiff produced an additional 2,442 pages. *Id.*  As a result, Apple requests that it be permitted to seek further relief regarding these productions and apparent spoliation if appropriate. *Id.* at 7.

In opposition, Plaintiff contends that Apple does not identify any specific document to compel, and that its spoliation argument was not included in the meet and confer. (Pl.'s Resp. at 2-3.)  Plaintiff also states that her iCloud account was not deleted and remains active. *Id.* at 4.

The Court will not require Apple to identify specific documents when it received a document dump on the eve of its discovery brief being due—and long after the meet and confer efforts concluded— because that is not sufficient time to review the respective productions.  The Court, however, is not persuaded that Plaintiff spoliated evidence, but Apple is permitted to seek further relief pertaining to the belated production if appropriate.  Notwithstanding, within 14 days of this order, Plaintiff is ordered to produce any non-privileged documents from her iCloud account that are responsive to these requests.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's requests are DENIED.  Defendant's requests are GRANTED as follows:

(1) Plaintiff is ordered to appear for an IME prior to June 30, 2026;

(2) Plaintiff's medical providers, listed above, shall produce records responsive to Apple's subpoenas;

(3) Within 14 days of this order, Plaintiff shall produce any remaining non-privileged documents responsive to Apple's Requests for Production Nos. 1 and 10 that are stored in her iCloud account; and

(4) Apple is permitted to seek further relief regarding Plaintiff's belated productions of documents.

This resolves Dkt. Nos. 358, 363, and 365.  IT IS SO ORDERED.

Dated: June 4, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

8