Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

v.

**APPLE INC**, *a corporation*,

Defendant.

**Case No. 3:23-cv-04597-EMC**

**Judge**: Honorable Edward Chen

**PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 383)**

**RULE 72(a)**

0

## I.     PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 383) RULE 72(A)

1.     This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2. Plaintiff objects to the Order at Dkt. 383 and asks that it be modified. Several of its denials rest on findings that Plaintiff failed to raise, narrow, or substantiate disputes in time. Those findings are contradicted by the conferral record, by the Court's scheduling order, and by this Court's April 8, 2026 order construing that scheduling order (Dkt. 344). The Order also compels production of a document that does not exist, leaves undecided privilege challenges that were squarely raised and conferred, and does not rule on Plaintiff's request to bring additional disputes while granting Apple leave to do so. The objections are presented in order of significance.

## II.     STANDARD OF REVIEW

2.     A magistrate judge's nondispositive order may be modified or set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Factual findings are reviewed for clear error and set aside where the Court has "a definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *Zepeda v. PayPal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014). Legal conclusions are reviewed de novo; an order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025).

## III.     OBJECTIONS

**A.     OBJECTION 1 — THE ORDER FAILS TO ADDRESS THE UNDISCLOSED-WITNESS DISPUTE AND COMPELS PRODUCTION OF A DOCUMENT THAT DOES NOT EXIST.**

3.     This objection arises from Apple's demand for a single text exchange between Plaintiff and a former Apple employee, Ms. Scarlett, and has two parts. *First*, the Order dismisses as "speculation" Plaintiff's objection that Apple has not disclosed Ms. Scarlett as a witness under Rule 26(a)(1) while relying on her and on the exchange. (Dkt. 383 at 5.) That is not speculative. The exchange and Apple's confidential-disclosure defense are at issue in the summary-judgment briefing now pending before this Court. (Dkt. 376; hearing set for June 11, 2026.) The Order does not address the disclosure obligation under Rule 26(a)(1) or the consequence under Rule 37(c)(1). Plaintiff objects to preserve the issue.

1

4.    *Second*, the Order directs Plaintiff to produce responsive documents "from her iCloud account" within fourteen days. (Dkt. 383 at 8.) The demanded exchange is not there. Plaintiff testified on December 16, 2025 that she does not have the full exchange because she is locked out of an encrypted Mac in storage, and that the parties were working from the third party's copy. (Dkt. 366 at 9–10.) She stopped using the iCloud account and changed devices in 2021. (Dkt. 363-1 at 5.) Apple has known since that deposition that Plaintiff lacks the exchange; it identified the specific document and conceded it already holds a portion obtained from the third party (Dkt. 363-1 at 9, 21); it did not subpoena the third party who holds the complete copy; and it did not pursue Plaintiff's offer of access to the Mac (Dkt. 363-1 at 7). Apple presented this as a deficiency in Plaintiff's supplemental productions — productions that followed a dozen earlier ones and largely responded to Apple's own last-minute requests and post-cutoff depositions. The Order found no spoliation (Dkt. 383 at 8), yet compels production of a document Plaintiff does not have, from a source that does not contain it.

**B.    OBJECTION 2 — THE ORDER DOES NOT ADJUDICATE THE PRIVILEGE DISPUTES, WHICH WERE RAISED AND CONFERRED AND ARE AT ISSUE ON SUMMARY JUDGMENT.**

5.    Plaintiff raised three related privilege disputes that the Order leaves undecided. *(a) Withholding and logging of the investigation documents.* Apple withheld documents concerning its internal investigation (including in response to RFP 43) on privilege grounds. Documents withheld as privileged must appear on a log sufficient to permit assessment under Rule 26(b)(5)(A), and Plaintiff challenged both assertion and the adequacy of Apple's log. (Dkt. 358 ¶ 13; Dkt. 363-1 at 33, 40.) The Order does not address that challenge; it states only that Apple need not produce privileged documents (Dkt. 383 at 4) and deems the issue "not ripe" (id. at 3) — though the parties conferred on it as "Dispute 8 — Privilege Log." (Dkt. 363-1 at 20.)

6.    *(b) The deposition instructions.* Apple instructed its witnesses not to answer foundational questions about its investigations, asserting privilege, and Plaintiff sought to compel answers to those non-privileged foundational questions. (Dkt. 358 ¶ 12 & Relief ¶ (iv).) The Order addresses only whether a privilege log is required for deposition objections (Dkt. 383 at 4); it does not address Plaintiff's request to compel the foundational answers or her challenge to the instructions. *(c) Sword and shield.* Apple cannot withhold its investigation as privileged

2

while relying on that same investigation as its defense — a defense Apple advances in the summary-judgment briefing pending before this Court. (Dkt. 376.) A party that places its investigation at issue cannot simultaneously shield it from discovery.

7.     The Order resolves none of these challenges. Plaintiff objects to preserve them; an unraised challenge is forfeited, and leaving these issues undecided now risks a downstream conflict at summary judgment and trial that would be unreviewable on appeal. Plaintiff requests that the "not ripe" determination be set aside and the privilege challenges adjudicated on the merits. raised, and the parties conferred on, Apple's categorical assertion of privilege over its internal investigation and related communications; Apple itself labeled the exchange "Dispute 8 — Privilege Log." (Dkt. 363-1 at 20.) The Order nonetheless declined to reach the issue, calling it "not ripe" (Dkt. 383 at 3), and elsewhere adopted Apple's privilege position without analysis (id. at 4). The "not ripe" finding is contradicted by the conferral record. The privilege Apple asserts as a shield in discovery rests on the same investigation and confidential-disclosure rationale Apple advances as its defense in the pending summary-judgment briefing. (Dkt. 376.) Plaintiff objects to the failure to adjudicate these disputes in order to preserve the issue for review.

**C.     OBJECTION 3 — DENYING RFPS 7–10, 24, 28–32 ON THE GROUND THAT THEY WERE NOT RAISED IN PLAINTIFF'S APRIL 9 EMAIL IS CLEARLY ERRONEOUS.**

8.     The Order denies these requests in part on the finding that Plaintiff's April 9, 2026 email did not raise them. (Dkt. 383 at 2–3.) It did. The April 9 email identified the RFPs Apple "previously refused to produce documents for, including … those raised in [Plaintiff's] motion to compel," which encompassed these requests, and demanded confirmation of Apple's position and an updated privilege log. (Dkt. 363-1 at 39–40.) Apple's own April 20 email confirms that the April 9 email "discussed RFP Nos. 7-10 (Set One) and RFP Nos. … 24, 28-32 (Set Two)." (Dkt. 363-1 at 22–23; *see also id.* at 17–18.) The finding that these disputes were not raised on April 9 is clearly erroneous.

**D.     OBJECTION 4 — DENYING THE SAME RFPS FOR LACK OF "SUBSTANCE" OR FAILURE TO "NARROW" IS CONTRARY TO LAW AND CANNOT BE RECONCILED WITH APPLE'S REFUSAL TO PRODUCE OR COURT'S PRIOR RELEVANCE RULING.**

9.     To the extent the denial rests on findings that Plaintiff did not address the

3

"substance" of the requests or "narrow" them (Dkt. 383 at 2–3), it is contrary to law. Apple's position on these RFPs was a refusal to produce anything, maintained for a year and restated in conferral. (Dkt. 363-1 at 17–18.) A flat refusal is a complete impasse: there is no substance to negotiate and nothing to narrow toward a party that has offered to produce nothing. The Court previously declined to reach these same requests as "premature" (Dkt. 327 at 4); they were then conferred and re-presented, and denied again on the same basis.

10. The timing finding also cannot stand. The disputes did not crystallize until Apple's April 23, 2026 email — served the day Plaintiff's opening brief was due — which offered, for the first time, narrowed searches and productions on more than fifteen RFPs. (Dkt. 358 ¶ 36.) Faulting Plaintiff for failing to substantiate or narrow these disputes by the April 9 initial-dispute deadline required her to respond to a position Apple did not state until fourteen days later. The Court has already held the underlying category relevant. (Dkt. 327 at 4.) The Order further misallocates the burden, stating Plaintiff "bears the burden of showing proportionality" (Dkt. 383 at 3), contrary to the 2015 Advisory Comm. Note to Rule 26(b)(1), which provides that the amendment "does not place on the party seeking discovery the burden of addressing all proportionality considerations." Plaintiff did, in any event, offer to narrow — accepting the October 31, 2021 cutoff and identifying custodians. (Dkt. 363-1 at 26, 29.)

**E.    OBJECTION 5 — THE ORDER EXCUSES APPLE FROM CONFIRMING THE COMPLETENESS OF ITS PRODUCTION, WHICH PREVENTED PLAINTIFF'S COMPLETENESS DISPUTES FROM RIPENING BEFORE THE DEADLINE.**

11. The Order holds that Apple need only confirm it has no additional responsive documents and need not state its position request-by-request. (Dkt. 383 at 5.) That is contrary to the Magistrate Judge's Standing Order ¶ 15, which requires a party to state "the full extent" of its production and to confirm completion after a diligent search, and which provides that it is "not sufficient … to state that 'responsive' materials will be or have been produced"; and to Rule 34(b)(2)(C). Apple gave only categorical confirmations that it had "satisfied its … obligations, consistent with its discovery responses" (Dkt. 363-1 at 18), and never served the required per-request statement. Because Apple withheld that confirmation past the April 9 deadline, Plaintiff's disputes about completeness could not ripen in time to be raised in her opening brief.

**F.    OBJECTION 6 — THE ORDER DOES NOT RULE ON PLAINTIFF'S REQUEST TO BRING ADDITIONAL DISPUTES.**

12.    Plaintiff stated, in her briefs and in the conferral record, that Apple's later conduct had generated additional disputes she needed to bring, and she requested leave to bring them; she noted the same in her summary-judgment filing. (Dkt. 358 ¶¶ 8, 38; Dkt. 365 ¶¶ 2, 4, 19; Dkt. 362-1 at 6; Dkt. 376.) The Order does not rule on that request. It instead grants Apple leave to "seek further relief regarding Plaintiff's belated productions" (Dkt. 383 at 8), although Apple itself served late supplemental productions on Plaintiff. The failure to rule on Plaintiff's request is a failure to exercise discretion, and it cannot be reconciled with this Court's holdings that the process "did not preclude either party from raising issues … after meeting and conferring" and that "neither party is precluded from asking … for relief from the process." (Dkt. 344 at 6–7.)

## IV.    FINDINGS THAT SHOULD BE STRICKEN

**A.    OBJECTION 7 — THE FINDING PLAINTIFF "HIJACK[ED]" THE EMAIL THREAD.**

13.    The Order finds that Plaintiff failed to maintain a separate email thread and "hijack[ed]" Apple's thread. (Dkt. 383 at 2.) The scheduling order required each party to raise disputes "in a single email" and to "go back and forth on the same email thread." (Dkt. 327 at 6–7.) It did not require separate threads. The finding rests on a requirement the order did not impose and should be stricken.

**B.    OBJECTION 8 — FOOTNOTE 1'S FINDING THAT PLAINTIFF "MANUALLY CHANGED THE FILING DATE … TO MISLEAD THE COURT."**

14.    A CM/ECF filing timestamp is generated by the system and cannot be altered by a filer; a difference between the date stated in a caption and the system-applied stamp is not manipulation. The Plaintiff was also late while concurrently trying to file a Motion for Summary Judgment in this case (Dkt. 359-360), which was late also, and the Plaintiff had previously warned the overlapping deadlines were a problem for her (337 at 3). The finding of attempted deception (Dkt. 383 at 1 n.1) is clearly erroneous and should be stricken.



---

P'S RULE 72 OBJ. RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC    JUNE 4 2026

**/s/ Ashley M. Gjovik**
**Ashley Gjovik**
Filed June 4 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 383)**

Having considered Plaintiff's Motion for Relief from the Nondispositive Pretrial Order of the Magistrate Judge (Dkt. 383), Defendant's response (if any), and the record, and good cause appearing, **IT IS HEREBY ORDERED** as follows:

1. **Undisclosed witness.** The finding that Plaintiff's objection to Apple's non-disclosure of Ms. Scarlett is "speculation" is **SET ASIDE**. Within fourteen (14) days, Apple shall state in writing whether it will rely on Ms. Scarlett or on the text exchange at APL-GAELG_00002260–69 in support of any claim or defense, and shall supplement its Rule 26(a)(1) disclosures accordingly. Absent such disclosure, Apple is precluded under Rule 37(c)(1) from relying on Ms. Scarlett or that exchange.
2. **iCloud production (RFPs 1 and 10).** The directive ordering Plaintiff to produce documents from her iCloud account, and the related reservation permitting Apple to seek further relief regarding Plaintiff's productions, are **SET ASIDE**.
3. **Privilege challenges.** The determination that Plaintiff's privilege challenges are "not ripe" is **SET ASIDE**. Plaintiff's privilege challenges — the withholding and logging of documents concerning Apple's internal investigation, Apple's deposition instructions directing witnesses not to answer foundational questions about its investigations, and the validity of Apple's privilege assertions — shall be adjudicated on the merits.
4. **Environmental requests (RFPs 7–10 (Set One) and 24, 28–32 (Set Two)).** The denial of these requests is **SET ASIDE**. Within fourteen (14) days, Apple shall produce all responsive, non-privileged documents within the narrowed scope, limited to the period through October 31, 2021.
5. **Production completeness.** The ruling that Apple need only confirm the absence of additional responsive documents is **SET ASIDE**. Within fourteen (14) days, Apple shall serve the written, request-by-request confirmation of the full extent and completeness of its production required by the Magistrate Judge's Civil Standing Order ¶ 15 and Federal Rule of Civil Procedure 34(b)(2)(C).
6. **Additional disputes.** Plaintiff's request for leave to bring additional fact-discovery disputes arising from Apple's conduct after April 9, 2026 is **GRANTED**. Such disputes shall not be deemed waived, and Plaintiff may brief them on a schedule to be set by the Court.
7. **Stricken findings.** The finding that Plaintiff "hijack[ed]" Apple's email thread (Dkt. 383 at 2) and the finding in footnote 1 that Plaintiff "manually changed the filing date … to mislead the Court" (Dkt. 383 at 1 n.1) are **STRICKEN**.

**IT IS SO ORDERED.**

Dated: _____, 2026

JUDGE EDWARD CHEN