UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY M GJOVIK,

               Plaintiff,

     v.

APPLE INC.,

               Defendant.

Case No.  23-cv-04597-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE ORDER**

Docket No. 384

United States District Court
Northern District of California

Pending before the Court is Ms. Gjovik's motion for relief from an order issued by Judge Westmore.  *See* Docket No. 383 (MJ Order).  Having considered Ms. Gjovik's motion as well as all other evidence of record, the Court **DENIES** her request for relief.

"When a magistrate judge issues an order on a non-dispositive matter, the district judge in the case 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"  *De Leon v. Clorox Co.*, No. 19-mc-80296-EMC, 2021 U.S. Dist. LEXIS 34791, at *8 (N.D. Cal. Feb. 24, 2021).  Ms. Gjovik has failed to show clear error or a result contrary to law.

As one example,[1] one of Ms. Gjovik's arguments in Objection No. 2 is that Judge Westmore erred in concluding that certain information was privileged because Apple was using the privilege not only as a shield but also as a sword.  That is incorrect.  Apple is not claiming as a defense that it made the decision to terminate Ms. Gjovik because counsel so advised.  To be sure, Apple may have consulted with counsel before making the decision to terminate.  But that is

---

[1] To be clear, the Court has considered all objections and all sub-arguments contained therein in Ms. Gjovik's motion.  None has merit.

simply a fact that was disclosed as part of discovery.  Apple has not indicated that it will argue to the trier of fact (or the Court) that its decision to terminate was informed by communications from counsel.  *See Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851 (3d Cir. 1994) ("Advice [of counsel] is not in issue merely because it is relevant, and does not necessarily become an issue merely because the attorney's advice might affect the client's state of mind in a relevant manner.  The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication."); *Rask v. Fresenius Med. Care N. Am.*, No. 05-1267 (ADM/RLE), 2006 U.S. Dist. LEXIS 118882, *16-17 (D. Minn. July 25, 2006) ("From the filings, the disputed communications fall squarely within the confines of the attorney-client privilege.  The Defendant advises that, 'prior to carrying out her decision to terminate Rask, Mitchell sought the advice of corporate counsel' for the purposes of seeking a legal opinion.  The Plaintiff states that the Defendant, by asserting an advice-of-counsel defense, waives the privilege.  However, the Defendant has not asserted such a defense in this action.  Furthermore, this is not a case where counsel was merely present at a meeting, in an attempt to invoke the privilege.  Instead, on this Record, the circumstances present a scenario in which the attorney-client privilege properly attaches – a corporate employee seeks legal advice as to a corporate decision from in-house counsel.").

As another example, Ms. Gjovik argues in Objection No. 8 that, contrary to what Judge Westmore stated in her order, Ms. Gjovik did not manually change the filing date of her discovery motion, *i.e.*, to make it appear that the motion was timely filed.  *See* Docket No. 383 (MJ Order at 1 n.1) ("Plaintiff filed her opening brief on April 24, 2026 at 12:28 a.m., but she manually changed the filing date to April 23, 2026, so it would appear to have been timely filed.  Instead of attempting to mislead the Court, Plaintiff should have left the actual filing date intact and filed a separate administrative motion to ask for relief because it was only 28 minutes late.  The Court would have granted that relief, because Defendant did not suffer any prejudice due to the short delay.").  Even if Ms. Gjovik is correct that she did not manually change the filing date, the relief she seeks – striking of the relevant portion of Judge Westmore's order – is not necessary.  Judge

Westmore did not reject Ms. Gjovik's discovery motion on the basis that it was not timely filed.

Accordingly, Ms. Gjovik's motion for relief from Judge Westmore's order is denied. This order disposes of Docket No. 384.

**IT IS SO ORDERED**.

Dated: June 9, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3