Joshua C. Traver, SBN 229778
jtraver@colepedroza.com
COLE PEDROZA LLP
2295 Huntington Drive
San Marino, CA 91108
Tel: (626) 431-2787
Fax: (626) 431-2788

Attorneys for *Special-Appearing* Non-Party,
MDLIVE, INC., identified herein as "MD Live by Evernorth"

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M. GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No.: 3:23-cv-04597 EMC (KAW)<br><br>**DECLARATION OF JOSHUA C. TRAVER AS A SPECIAL APPEARANCE ON BEHALF OF NON-PARTY, MDLIVE, INC., IDENTIFIED HEREIN AS "MD LIVE BY EVERNORTH"** |

1

### DECLARATION OF JOSHUA C. TRAVER

I, Joshua C. Traver, declare as follows:

1.      I am an attorney duly admitted to practice law in the State of California and in the United States District Court for the Northern District of California.  I make this declaration based upon personal knowledge.  If called upon to testify, I could and would competently testify to the facts stated in this declaration.

2.      This declaration is filed in light of the order of the United States Magistrate Judge, entitled "Order Resolving Remaining Fact Discovery Disputes" (Docket No. 383), entered on June 4, 2026.  This declaration is filed as a *special appearance.*  "MD Live by Evernorth" is the registered name of MDLIVE, Inc., a Delaware corporation with headquarters and principal place of business in Florida.  MDLIVE, Inc., by making this special appearance, does not consent to personal jurisdiction over it in the United States District Court for the Northern District of California.  *See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062,* 770 F.Supp.2d 332, 362 (D.D.C. 2011).

3.      In light of the Court's Order dated June 4, 2026 (Docket No. 383), MDLIVE, Inc. seeks to alert this Court that it will imminently file, in the United States District Court for the Southern District of Florida, a Motion to Quash the Subpoena or, in the Alternative, for Entry of a Protective Order.  These motions will be based on Federal Rules of Civil Procedure 45(d) and 26(c).  Attached hereto as Exhibit A is a true and correct copy of the Subpoena at issue in anticipated motion, which was issued by counsel for Apple, Inc. in the instant case.

4.      The basis for seeking to quash the subpoena will be that the subpoena was not served to MDLIVE, Inc. in conformance with delivery requirements in the Eleventh Circuit.  According to a Declaration of Service provided by counsel for Apple, Inc., a copy of which is attached as Exhibit B hereto, the Subpoena purports to have been delivered to an individual named "Ivy Y," an "Administrative

Assistant," instead of to the Custodian of Records, the individual to whom the subpoena was expressly addressed.

5.    Federal Rule of Civil Procedure 45(b)(1) provides that serving a subpoena requires delivering a copy to the named person.  The word "delivering" has been held to require personal service.  *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).  *Harrison* was followed by the Eleventh Circuit Court of Appeals in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), which held that service of a subpoena on a party's attorney rather than the party himself was improper.  Multiple courts within the Eleventh Circuit have extended *Harrison* to require personal, hand-delivery in all cases.  See, e.g., *Wakefield v. City of Pembroke Pines*, No. 05-61536-CIV, 2006 WL 8453004, at *2 (S.D. Fla. June 8, 2006) ("The majority of courts hold that Federal Rule of Civil Procedure 45 requires personal service of a subpoena, that is, hand-delivery to the person named in the subpoena"; also holding that for corporations, Fed. R. Civ. P. 4(h)(1) governs who may accept such service); *Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (service of a subpoena to the wife of the subpoenaed party quashed; "authority in this circuit suggests that personal service on the witness being subpoenaed is required"); *MAC Funding Corp. v. ASAP Graphics, Inc.*, No. 08-61785-MC, 2009 WL 1564236, at *1 (S.D. Fla. June 3, 2009) (court powerless to enforce subpoena not personally served).

6.    The alternative motion for a protective order will be based on the grounds that the subpoena purports to command production of psychotherapeutic records which are subject to privilege and privacy rights.  Although counsel for Apple, Inc. has provided MDLIVE, Inc. with this Court's February 23, 2026 Order (Docket No. 291), whereby this Court has observed that plaintiff "has placed her medical and mental conditions at issue," MDLIVE, Inc. nevertheless has concern that *the contents and subject matters of its specific records – which have not*

3

**DECLARATION OF JOSHUA C. TRAVER AS A SPECIAL APPEARANCE ON BEHALF OF NON-PARTY, MDLIVE, INC., IDENTIFIED HEREIN AS "MD LIVE BY EVERNORTH"**
**CASE NO.  3:23-cv-04597**

*heretofore been disclosed or reviewed by the Honorable Magistrate Judge issuing the February 23, 2026 Order* – are not, in fact, placed at issue by Ms. Gjovik by virtue of her claims and contentions in this litigation.

7.    MDLIVE, Inc. has 84 pages of responsive treatment records, all of which are psychotherapeutic in nature.  Ms. Gjovik is the holder of robust privileges governing communications with psychotherapists pursuant to Federal Rules of Evidence 501 (see *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S.Ct. 1923, (1996)) and California Evidence Code section 1014.

8.    As observed in *Much v. Gessesse,* 339 F.R.D. 625 (C.D. Cal. 2018) and *Fitzgerald v. Cassil,* 216 F.R.D. 632 (N.D. Cal. 2003), a mere prayer for emotional distress damages does not result in a waiver of privacy and the psychotherapist-patient privilege.  Of particular note, courts in the Northern District of California have broadly adopted what is characterized as the "narrow approach" to determining waiver of patient-psychotherapist privilege, whereby waiver is found only if the plaintiff-litigant undertakes affirmative reliance on psychotherapist-patient communications in litigation.  See, e.g., *Stallworth v. Brollini,* 288 F.R.D. 439, 443 (N.D. Cal. 2012); *Fitzgerald, supra,* 216 F.R.D. at 638.

9.    To the extent that California law might supply the rule of decision pursuant to Federal Rules of Evidence, Rule 501, MDLIVE, Inc. notes that California law contains similar protections for patient-litigants and affords only narrow discovery with respect to psychotherapy records.  *See, e.g., Britt v. Superior Court,* 20 Cal.3d 844 (1978) ("Disclosure cannot be compelled with respect to *other aspects of the patient-litigant's personality* even though they may, in some sense, be 'relevant' to the substantive issues of litigation"); *Tylo v. Superior Court,* 55 Cal.App.4th 1379, 1388, 1389 (Cal. Ct. App. 1997) (relying on *Britt and* holding that a patient-litigant tendered her psychological condition in employment-related litigation "only as it relates to termination of the employment

4

contract" and "a court must narrowly construe an assertion of waiver"). With these standards in mind, it bears mentioning, once again, that *it is the specific contents of the records in the possession of MDLIVE, Inc., which are not yet produced or known to this Court*, that give rise to the concern that they may not, in fact, have been placed at issue by Ms. Gjovik by virtue of her claims and conduct in litigation.

10. MDLIVE, Inc. has initiated steps to meet and confer with counsel for the issuing party, Apple, Inc., concerning the aforementioned matters. We also intend to keep this Court abreast of developments in motion practice in the Southern District of Florida as they occur.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of June 2026 at Northridge, California.


/s/ Joshua C. Traver
Joshua C. Traver

DECLARATION OF JOSHUA C. TRAVER AS A SPECIAL APPEARANCE ON BEHALF OF NON-PARTY, MDLIVE, INC., IDENTIFIED HEREIN AS "MD LIVE BY EVERNORTH"
CASE NO. 3:23-cv-04597