Ashley M. Gjovik, JD
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**ASHLEY GJOVIK**, *an individual*,

Plaintiff,

v.

**APPLE INC**, *a corporation*,

Defendant.

**Case No. 3:23-cv-04597-EMC**

**Judge**: Honorable Edward Chen

**PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 396)**

**RULE 72(a)**

0

**I.    PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 396) RULE 72(A)**

1.    This filing is made as of right under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and N.D. Cal. Civil Local Rule 72-2. Plaintiff objects to the Order at Dkt. 396 and asks that it be modified.

**II.    STANDARD OF REVIEW**

2.    A magistrate judge's nondispositive order may be modified or set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Factual findings are reviewed for clear error and set aside where the Court has "a definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *Zepeda v. PayPal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014). Legal conclusions are reviewed de novo and an order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025).

**III.    OBJECTIONS**

3.    Plaintiff objects to the Order at Dkt. 396 and asks that it be modified. For more than four months, every restraint Apple obtained — de-publication of Plaintiff's speech (Dkt. 326) and the sealing of much of this docket (Dkt. 329; Dkt. 355; Dkt. 394) — was permitted to stand on a single stated ground: that each was a *temporary* measure holding designated material confidential "until [the Magistrate Judge] can resolve the issue of whether Apple's confidentiality designations were proper." Dkt. 344 at 2-4 (denying Plaintiff's prior Rule 72(a) objections on that basis); *see* Dkt. 334 (deferring the validity of the designations to "Apple's pending motion to retain confidentiality designations"). Dkt. 396 is that deferred merits ruling. Rather than perform the analysis every interim order awaited — a particularized, per-designation good-cause finding; a compelling-reasons sealing analysis; and application of the Protective Order's public-domain exclusions — the Order carries the interim defects forward and converts them into *permanent* relief, including a permanent injunction directing Plaintiff to erase her own published speech. The Order is clearly erroneous and contrary to law.

**IV.    STANDARD OF REVIEW**

4.    A magistrate judge's nondispositive order may be modified or set aside if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Factual findings are reviewed for clear error and set aside where the Court has "a definite and firm

1

conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *Zepeda v. PayPal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014). Legal conclusions are reviewed de novo, and an order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO (N.D. Cal. Feb. 10, 2025).

## V.    ARGUMENT

### A.    THE ORDER CONVERTS TEMPORARY MEASURES INTO PERMANENT RELIEF WITHOUT THE MERITS ANALYSIS THAT WAS THEIR SOLE PREDICATE.

5.    This Court declined to disturb the interim de-publication and sealing measures for one reason: they were provisional pending the Magistrate Judge's ruling on Apple's motion to retain (Dkt. 304). Dkt. 344 at 2 (the Magistrate Judge did no more than hold designated material confidential "*until she can resolve the issue of whether Apple's confidentiality designations were proper*"); *id.* at 3-4 (same, as to sealing); *id.* at 3 n.1. The sealing orders said so on their face, sealing each entry "until such time as the Court rules on Apple's Motion to Retain Confidentiality *and more limited designations can be determined based on the Court's ruling*." Dkt. 355; Dkt. 394.

6.    That predicate has expired. Dkt. 396 is the ruling the interim measures awaited, yet it narrows nothing, makes no per-designation findings, and supplies none of the analysis the provisional posture deferred. It continues every entry under seal in full and adds a permanent takedown. An order that perpetuates interim restraints as permanent relief without ever conducting the merits inquiry that alone justified tolerating them "fails to apply … relevant … case law[] or rules of procedure" and is contrary to law. *Tremblay*, *supra*.

### B.    THE PERMANENT DE-PUBLICATION MANDATE EXCEEDS THE MAGISTRATE JUDGE'S AUTHORITY AND IS AN UNCONSTITUTIONAL PRIOR RESTRAINT.

7.    The Order directs Plaintiff "to de-publish all material that is the subject of this order, as well as all other publications and republications of that same material." That is not a designation or a status-quo hold; it is a permanent, mandatory injunction compelling removal of Plaintiff's own published speech. A magistrate judge "may hear and determine any pretrial matter" *except*, among others, "a motion for injunctive relief." 28 U.S.C. § 636(b)(1)(A). Whatever authority supported the *interim* hold described in Dkt. 344, § 636(b)(1)(A) does not permit a magistrate judge to *determine* permanent injunctive relief, which may issue only on de novo review of a recommendation under § 636(b)(1)(B). The mandate should be vacated on this

2

ground without reaching the constitutional question.

8. The mandate is independently contrary to law as a prior restraint. A protective order withstands the First Amendment only because "it does not restrict the dissemination of the information if gained from other sources." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The Order compels deletion of material Plaintiff drew from her own experience and from the public record — the operative complaints, this Court's orders (Dkt. 73; Dkt. 179), the Ninth Circuit docket (No. 25-2028), NLRB filings, and an OSTP comment cited by GAO — none of it "gained" through discovery. Compelling removal of independently sourced, already-public speech is a prior restraint carrying a "heavy presumption against … constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). It is also fatally overbroad and vague: "all other publications and republications of that same material" is standardless and reaches years of protected advocacy without tailoring.

**C.     THE SEALING RULINGS APPLY THE WRONG STANDARD AND LACK THE REQUIRED FINDINGS.**

9. The Order continues under seal, in their entirety, Plaintiff's own merits briefing and declarations (Dkt. 297, 320, 322), her sanctions motion (Dkt. 302), and her Request for Judicial Notice (Dkt. 321). Material "more than tangentially related to the merits" may be sealed only for "compelling reasons supported by specific factual findings." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1101 (9th Cir. 2016); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Order supplies no compelling-reasons analysis and no per-document findings; it seals entire documents wholesale, contrary to Civil L.R. 79-5(a), and rests the seal on the designations themselves, which "is not sufficient to establish that a document … [is] sealable." Civil L.R. 79-5(c). Sealing a Request for Judicial Notice (Dkt. 321) is contrary to law on its face: judicial notice is confined to facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). And sealing the very briefs that argue *against* sealing forecloses the public from reviewing both the challenged speech and the challenge to its suppression — the antithesis of the access presumption. *Kamakana*, 447 F.3d at 1178-79.

**D.     THE PUBLIC-DOMAIN / SCOPE RULING IS CONTRARY TO LAW AND CLEARLY ERRONEOUS.**

10. The Protective Order's protections "do not cover … information that is in the

3

public domain" or "known to the Receiving Party prior to the disclosure." Dkt. 235 § 3; *see id.* § 1 (order "does not confer blanket protections"). Information outside the Order's scope cannot be designated under it, and no challenge process is owed. The Order never applies § 3. It disposes of Plaintiff's public-domain showing in a single circular sentence — that public availability "does not change the fact that confidentiality prevents competitors from knowing what Apple is working on" — which assumes the secrecy it must prove and misapplies the settled rule that publication defeats confidentiality. That is contrary to law, and clearly erroneous on this record: Beddit is a consumer product Apple sold publicly, and the reproductive-health study was published in a peer-reviewed journal, federally registered on ClinicalTrials.gov, and promoted in an Apple press release. Dkt. 320 ¶¶ 5, 78-83; Dkt. 307-1, Exs. I-K.

**E.     THE ORDER MAKES NO PER-DESIGNATION GOOD-CAUSE FINDINGS, RESTS ON A MISCHARACTERIZED RECORD, AND RATIFIES AN ADMITTEDLY IMPROPER PURPOSE.**

11.     Good cause requires a particularized showing "for each particular document" the party seeks to protect. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The Order recites this standard but applies it categorically to "the two categories of designations," with no individualized finding. Its only record anchor — a characterization of the testimony at 165:13-24 as "one study's methodology" — is clearly erroneous: that passage is Plaintiff's account of being asked to register cosleepers and sexual partners under NDA, not methodology, and Apple's declarant conceded the subject matter may be publicly available. Dkt. 320 ¶¶ 39-40, 77, 81-82. Because information about the assertedly invasive nature of a practice "cannot constitute … a trade secret," *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011 n.15 (1984), and because good cause is Apple's burden at both steps, the categorical finding of "particularized harm" cannot stand.

12.     The Order also treats Plaintiff as having conceded confidentiality (Order at 4, citing Pl.'s Opp'n at 10). She did not. Plaintiff offered only not to oppose *redaction* of immaterial code names as a courtesy, while maintaining they are not confidential — a position her papers make explicit. Dkt. 307 at 10; Dkt. 320. The Order converts that narrow courtesy into a

confidentiality finding, then leverages it into sealing and a takedown. The record further shows the purpose was improper: Apple admitted it refused Plaintiff's redaction counteroffer because redactions would "inhibit [Apple's] ability to demonstrate that Plaintiff improperly disclosed Apple's confidential information" (Dkt. 219-1 at 9), and that it designated the testimony so Plaintiff could not "challenge what they did" — converting a retaliatory-termination dispute into a procedural discovery violation — with counsel stating, "It's standard. I do it in all my cases." Dkt. 302-3 at 6-8; *see* Dkt. 307 at 10 ¶ 18. Designations interposed to shield a merits defense from scrutiny are not good cause; they are the improper purpose Rule 26(c) forbids.

**F.      ADDITIONAL ERRORS, INCORPORATED BY REFERENCE.**

13.      The Order additionally errs by (i) faulting Plaintiff for failing to establish public interest, inverting the movant's burden, which is Apple's at both steps, *Foltz*, 331 F.3d at 1130; (ii) finding "no particular public interest" while the record reflects pending Cal. Bus. & Prof. Code § 17200 claims, an active NLRB charge, and federal (OHRP/NIH) and IRB review of the very studies at issue, Dkt. 322 ¶¶ 5-7; and (iii) resolving particularized harm and public interest without the evidentiary record in Plaintiff's opposition to the motion to enforce and its exhibits (Dkt. 307; 307-1), which were never reviewed on the merits after that motion was denied for failure to meet and confer (Dkt. 326). Plaintiff incorporates by reference her prior briefing (Dkt. 297; 302; 320; 321; 322) and her pending objections (Dkt. 336; 338; 339), the merits of which the Magistrate Judge and this Court expressly deferred to this ruling (Dkt. 334; Dkt. 344 at 2-4).

**VI.      CONCLUSION**

14.      Plaintiff respectfully requests that the Court modify Dkt. 396 to: (a) vacate the de-publication mandate in its entirety; (b) vacate the continued sealing of Dkt. 297, 302, 320, 321, and 322, or remand for the particularized compelling-reasons findings the law requires; (c) strike the categorical finding of particularized harm and require a per-designation good-cause showing; and (d) state that the ruling is limited to discovery management and is not a finding on trade-secret status, NDA enforceability, or any merits issue, and may not be cited as such.

_____

**/s/ Ashley M. Gjovik**

P'S RULE 72 OBJ. RE: DISCOVERY DISPUTES | 3:23-CV-04597-EMC          JULY 13 2026

**Ashley Gjovik**
Filed July 13 2026 in San José, California
(408) 883-4428
ashleymgjovik@protonmail.com

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 396)**

The Court, having considered Plaintiff's Motion for Relief from the Nondispositive Pretrial Order of the Magistrate Judge at Dkt. 396, filed under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil Local Rule 72-2, together with the papers and record in this case, and good cause appearing, hereby **GRANTS** the Motion.

The Court finds that portions of the Order at Dkt. 396 are clearly erroneous or contrary to law, and **ORDERS** as follows:

1. The Order at Dkt. 396 is **MODIFIED**.
2. The directive at Dkt. 396 requiring Plaintiff "to de-publish all material that is the subject of this order, as well as all other publications and republications of that same material" is **VACATED**.
3. The continued sealing under Dkt. 396 of Dkt. Nos. 297, 302, 320, 321, and 322 is **VACATED**. In the alternative, the sealing of those docket entries is **VACATED and REMANDED** to the Magistrate Judge for particularized findings under the compelling-reasons standard and Civil Local Rule 79-5, applied on a document-by-document basis and limited to any specific portions shown to be sealable.
4. The finding at Dkt. 396 that Defendant demonstrated particularized harm as to the challenged designations is **SET ASIDE**, and the matter is **REMANDED** for a particularized, per-designation good-cause determination consistent with *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), and *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470 (9th Cir. 1992).
5. Any ruling on Defendant's confidentiality designations is **limited to discovery management** and does not constitute a finding on trade-secret status, the enforceability of any confidentiality or intellectual property agreement, the lawfulness of Defendant's studies or workplace practices under California Business and Professions Code § 17200 or otherwise, or any other merits issue. No such ruling may be cited by either party as evidence of, or against, the confidentiality of the designated information in any motion for summary judgment, at trial, or on appeal.

**IT IS SO ORDERED.**

Dated: _____, 2026

JUDGE EDWARD CHEN