UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ASHLEY M GJOVIK,<br><br>        Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER**<br><br>Docket No. 397 |

Pending before the Court is Ms. Gjovik's motion for relief from an order issued by Judge Westmore. See Docket No. 396 (MJ Order). Having considered Ms. Gjovik's motion as well as all other evidence of record, the Court **DENIES** her request for relief.

"When a magistrate judge issues an order on a non-dispositive matter, the district judge in the case 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *De Leon v. Clorox Co.*, No. 19-mc-80296-EMC, 2021 U.S. Dist. LEXIS 34791, at *8 (N.D. Cal. Feb. 24, 2021). Ms. Gjovik has failed to show clear error or a result contrary to law.

As one example,[1] Ms. Gjovik has essentially speculated that Judge Westmore did not consider each document at issue (or portion thereof) to determine whether it contained confidential information. That Judge Westmore did not issue an order addressing each document (or portion thereof) one at a time does not mean that she did not do an individualized review.

/ / /

---

[1] To be clear, the Court has considered all objections and all sub-arguments contained therein in Ms. Gjovik's motion. They do not have merit.

In addition, Ms. Gjovik has mischaracterized parts of Judge Westmore's ruling. For instance, Ms. Gjovik claims that Judge Westmore improperly placed the burden on Ms. Gjovik to establish a public interest in disclosure. But Judge Westmore's discussion of Ms. Gjovik's arguments on public interest does not mean that Judge Westmore placed any burden of proof on Ms. Gjovik. In fact, Judge Westmore specifically stated that "Apple has met its burden of demonstrating that the balance of public and private interests weighs in favor of retaining the confidentiality designations." Docket No. 396 (Order at 7).

The Court acknowledges Ms. Gjovik's concern about Judge Westmore's ruling that documents provisionally sealed pursuant to a prior order remain under seal. *See* Docket No. 396 (Order at 7) (referring to order at Docket No. 355, which addressed a motion filed by Apple at Docket No. 340). However, that ruling must be taken in context. In moving for provisional sealing, Apple had stated:

> If the Court denies Apple's Motion to Retain Confidentiality Designations in its entirety, the docket entries can be un-sealed; and if the Court upholds any of Apple's confidentiality designations, the parties can discuss with the Court the appropriate next steps for applying limited redactions to those filings consistent with the Court's ruling.

Docket No. 340 (Apple Mot. at 3-4). The parties now have the benefit of Judge Westmore's ruling on the motion to retain confidentiality, *see* Docket No. 396 (order), and thus are in a position to meet and confer about applying limited redactions to the filings at issue in Docket No. 340.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

Finally, to the extent Ms. Gjovik argues Judge Westmore lacks the authority to order Ms. Gjovik to "de-publish," it is not clear that Judge Westmore was issuing injunctive relief. But even assuming such, the Court now orders Ms. Gjovik to comply with Judge Westmore's order; thus, Ms. Gjovik's argument is moot.

This order disposes of Docket No. 397.

**IT IS SO ORDERED**.

Dated: July 16, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3