Ashley M. Gjovik, JD
*In Propria Persona*
ashleymgjovik@protonmail.com
2108 N St. Ste. 4553,
Sacramento, CA, 95816
(415) 964-6272

# United States District Court
## Northern District of California

| | |
|---|---|
| **Ashley M. Gjovik**, <br> *an individual*, <br><br> Plaintiff, <br><br> vs. <br><br><br> **Apple Inc.**, <br> *a corporation,* <br><br> Defendant. | **Case No.** <br><br> **3:23-CV-04597-EMC** <br><br><br> **Request for Clarification re: Dkt. 398** <br><br><br> Judge: Hon. Edward M. Chen <br> Filed: August 12, 2026 |

# PLAINTIFF'S REQUEST FOR CLARIFICATION

## I. INTRODUCTION AND NATURE OF THIS FILING

Plaintiff respectfully submits this Notice and Request for Clarification regarding the Court's July 16, 2026 Order (Dkt. No. 398), which denied Plaintiff's Motion for Relief from Magistrate Judge Order (Dkt. No. 397), ordered Plaintiff to comply with the order at Dkt. No. 396, and directed the parties to "*meet and confer about applying limited redactions to the filings at issue in Docket No. 340.*" (Dkt. No. 398 at 2-3). The Plaintiff does not seek reconsideration of any ruling and does not request briefing or a hearing. Plaintiff seeks only clarification of narrow procedural questions that bear directly on an imminent appellate deadline and on the Court-ordered meet-and-confer process in which Apple is not engaging in good faith.

This request is time-sensitive. If the Order at Dkt. No. 398 is a final, appealable post-judgment order, Plaintiff's deadline to file a notice of appeal from it under Fed. R. App. P. 4(a)(1)(A) is thirty days from entry—on or about August 17, 2026 (the thirtieth day, August 15, falls on a Saturday; see Fed. R. App. P. 26(a)(1)(C)). Plaintiff therefore respectfully requests that the Court address this request on an expedited basis if practicable.

## II. RELEVANT PROCEDURAL BACKGROUND

On June 24, 2026, the Court entered final Judgment. (Dkt. No. 390.) On July 22, 2026, Plaintiff filed a Notice of Appeal designating the Judgment. (Dkt. No. 399.)

After entry of Judgment, the confidentiality-designation and sealing matters—briefed months earlier—were resolved in multiple orders, including: the June 25, 2026 Order granting Defendant's Administrative Motion to Seal the papers filed in support of its Motion to Retain Confidentiality Designations (Dkt. No. 394, granting Dkt. No. 305 and Dkt. No. 398 denying Dkt. No. 397); the June 29, 2026 Order granting Defendant's Motion to Retain Confidentiality Designations (Dkt. No. 396, granting Dkt. No. 304 and Dkt. No. 398 denying Dkt. No. 397), which additionally ordered that the docket entries provisionally sealed on April 16, 2026 (Dkt. No. 355, granting Dkt. No. 340) "remain sealed," and directed Plaintiff to "de-publish" certain material (Dkt. No. 396 at 7); and this Court's July 16, 2026 Order denying Plaintiff's motion for relief under Fed. R. Civ. P. 72(a), ordering Plaintiff's compliance with Dkt. No. 396, and directing the redaction meet and confer (Dkt. No. 398). The Order at Dkt. No. 398 expressly addressed Plaintiff's objections to the continued sealing of the Dkt. No. 340 filings. (Dkt. No. 398 at 2.)

The Plaintiff—not the Defendant—initiated the Court-ordered meet-and-confer process, by email

on July 22, 2026, and followed up on July 27 and August 3, 2026. Defendant first responded on July 29, 2026, stating it was "*in the process of reviewing*" the sealed filings. On August 7, 2026—twenty-two days after the Court's Order—Defendant stated that it had "*completed [its] initial review*" and expected to provide proposed redactions "*next week*." As of this filing, Plaintiff has received no proposed redactions, and no redacted public versions have been filed.

Plaintiff notes that the sealed materials were designated by Defendant, and the sealing motions were brought by Defendant, supported by declarations representing that the filings contained specifically identifiable confidential information warranting sealing. Defendant's present position—that it requires a multi-week, document-by-document review of "nearly 1,000 pages" to locate the confidential content that was the asserted basis of its own motions—is difficult to reconcile with those representations. The sealed entries also include, among other things, a Request for Judicial Notice with exhibits comprised entirely of public records. Plaintiff further notes that Defendant has repeatedly failed to adequately meet and confer on these same protective-order matters as well as other discovery matters in this case. (*See*, for example, Dkt. No. 326 denying Defendant's Motion to Enforce Protective Order).

> On February 20, 2026, the Court held a telephonic discovery conference… Despite the admonition regarding the meet and confer requirement, Apple filed the instant motion to enforce the protective order without engaging in a meaningful effort to meet and confer. Instead, defense counsel last attempted to meet and confer with Plaintiff via email on February 18, 2026—two days before the telephonic discovery conference. (See Decl. of Melinda S. Riechert, Dkt. No. 294-1 ¶ 5.) That does not satisfy Apple's obligation to meet and confer prior to filing this motion. Accordingly, the Court DENIES the motion to enforce the protective order on that basis…

Order issued by Judge Westmore at Dkt. 326 p. 1.

In its August 7, 2026 correspondence, Defendant also stated its position that Plaintiff's pending appeal (Dkt. No. 399) does not encompass the orders at Dkt. Nos. 394, 396, and 398, and that Defendant "reserves its right to object" to Plaintiff raising those orders in the pending appeal.

### III. CLARIFICATION RESPECTFULLY REQUESTED

While Plaintiff recognizes that the scope of appellate jurisdiction is ultimately for the Court of Appeals, the finality, scope, and intended effect of this Court's own orders are matters this Court can clarify. Clarification will materially assist the parties (and potentially the Ninth Circuit) in avoiding unnecessary protective filings and piecemeal or duplicative appellate proceedings. Plaintiff respectfully requests clarification of the following.

*A. Finality of Dkt. No. 398*. Whether the Court intends its Order at Dkt. No. 398 to constitute the

Court's final resolution of the confidentiality-designation matter (including but not limited to Orders regarding prior restraints, take-downs, and sealing of filings), such that the time to appeal runs from July 16, 2026; or whether the Court instead contemplates issuing a further order upon completion of the meet-and-confer and redaction process (e.g., an order approving the scope of redactions and directing the filing of redacted public versions), from which the time to appeal would run.

**B. Scope of Dkt. No. 398 (merger of related orders).** Whether the Court confirms that its Order at Dkt. No. 398—as the district court's ruling under Fed. R. Civ. P. 72(a)—embodies and finally resolves the entire post-judgment confidentiality and sealing complex, including: the confidentiality-designation rulings; the sealing of docket entries; and the subject-matter/view-point based prior restraint and "de-publish"/take-down Orders issued against the Plaintiff —such that these matters may be reviewed together in a single appeal from Dkt. No. 398. See Fed. R. App. P. 3(c)(4) (a notice of appeal "encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order").

**C. Relationship to the pending appeal.** Whether the Court views the pre-judgment protective-order rulings as merged into the Judgment (Dkt. No. 390) and thus within the scope of the pending appeal (Dkt. No. 399) under Fed. R. App. P. 3(c)(4), with the post-judgment orders (including Dkt. Nos. 394, 396, 398) to be addressed in a second, related appeal if one is required.

**D. Schedule for compliance.** Because Defendant represented on August 7, 2026 that its review is complete, and given the public's presumptive right of access to judicial records, Plaintiff respectfully requests that the Court set a schedule for completion of the process ordered at Dkt. No. 398, including when the Defendant is to serve its proposed redactions with the factual and legal basis for each; the parties to complete the meet and confer; and redacted public versions of the sealed filings (or a joint statement identifying any remaining disputes) to be filed.

**E. Available motion practice and assignment.** Whether, if the meet-and-confer process fails or is not completed on the schedule the Court sets, the Court will entertain a motion to compel compliance with the Order at Dkt. No. 398 and/or to unseal the filings at issue, and any related request for relief arising from the delay. Plaintiff further requests clarification as to whether such matters, and any disputes arising from the redaction process, should be filed before this Court or before Magistrate Judge Westmore in the first instance—and, given the post-judgment posture, the imminent appellate deadlines, and the successive Fed. R. Civ. P. 72(a) objection cycles that a referral would entail, whether this Court will supervise the remaining redaction and compliance process directly, as that process arises from this Court's own Order at Dkt. No. 398.

***F. Concurrent proceedings; continuing collateral jurisdiction.*** Plaintiff's position is that the remaining redaction, refiling, and compliance process is collateral to the merits of any appeal and/or constitutes implementation and enforcement of unstayed orders, such that it may—and should—proceed concurrently with the pending appeal (Dkt. No. 399) and with any second appeal taken from the Order at Dkt. No. 398, without awaiting the outcome of either. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Plaintiff therefore respectfully requests that the Court confirm that this Court retains jurisdiction to supervise and complete this collateral process notwithstanding the pending and any forthcoming appeal.

## IV. PROTECTIVE NOTICE & CONCLUSION

Because a request for clarification does not toll the time to appeal under Fed. R. App. P. 4(a)(4), and in an abundance of caution, Plaintiff anticipates filing a protective notice of appeal from the Order at Dkt. No. 398 (encompassing the orders that merge into it, including Dkt. Nos. 394, 396, 355, and 340) on or before August 17, 2026, unless the Court's clarification indicates that a further, later appealable order will issue. Plaintiff submits this request so that the parties and the Court may avoid unnecessary or duplicative appellate proceedings where possible.

A true and correct copy of the meet/confer email exchange between Plaintiff and Defendant in response to the Court's Order at Dkt. 398 is attached as Exhibit A.

Respectfully submitted,

**/s/ Ashley M. Gjovik**
Ashley Gjovik, *In Propria Persona*
Filed Aug. 12 2026 in San José, California
(415) 964-6272
ashleymgjovik@protonmail.com
2108 N. St. Ste. 4553, Sacramento, CA 95816

# EXHIBIT A

***Exhibit A:*** Email correspondence documenting Plaintiff's repeated requests to meet and confer and the status of Defendant's response.

# Gjovik v. Apple | 23-cv-04597-EMC | Meet and Confer re: Order at Dkt 398

| | |
|---|---|
| From | Riechert, Melinda <mriechert@orrick.com> |
| To | Ashley Gjovik <ashleymgjovik@protonmail.com>, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> |
| CC | Perry, Jessica R. <jperry@orrick.com>, Horton, Nicholas J. <nhorton@orrick.com>, Weaver, Nicholas <nweaver@orrick.com> |
| Date | Friday, August 7th, 2026 at 5:11 PM |

Ashley,

We reject your characterization of the underlying proceedings and will not debate what happened with you.

As to redacting the currently under seal filings, Apple argued only that the docket entries contain confidential information that warranted sealing until such time as Judge Westmore issued her order on Apple's Motion to Retain confidentiality designations. While your filings clearly reference direct testimony that Judge Westmore has now agreed was confidential, they also include many indirect references to the confidential designations that require a careful and diligent review of nearly 1,000 pages of documents. We have completed our initial review and are finalizing our recommended redactions. This took time and we expect to send it to you next week. We have not refused to meet and confer and any motion to Judge Chen would be premature and improper.

As to your notice of appeal, Apple does not agree that the currently pending appeal includes the "sealing/protective order matters," by which we understand you to refer to Dkt. Nos. 394, 396, 398 (granting Apple's motions to seal and to retain confidentiality designations, and denying relief from same).  Your Notice designates only the final judgment, Dkt. No. 390 (June 24, 2026), as the subject of your appeal.  Apple therefore reserves its right to object to raising the orders noted above, based on your existing Notice of Appeal.  If you are referring to other orders or issues than the ones noted above, please let us know.

**Melinda Riechert**

Partner

Orrick

Silicon Valley  ⓥ

T 650/614-7423

M 650 759 1929

mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>

**Sent:** Monday, August 3, 2026 3:22:26 PM (UTC-08:00) Pacific Time (US & Canada)

**To:** Perry, Jessica R. <jperry@orrick.com>

**Cc:** Horton, Nicholas J. <nhorton@orrick.com>; Riechert, Melinda <mriechert@orrick.com>; Booms, Ryan <rbooms@orrick.com>

**Subject:** RE: Gjovik v. Apple | 23-cv-04597-EMC | Meet and Confer re: Order at Dkt 398

[EXTERNAL]

Hello,

Apple was the party to inappropriately seal hundreds and hundreds of pages of content that had no legal basis to be sealed and accordingly which must be promptly unsealed. Apple is also the party to assert confidentiality designations that it claimed existed within those documents -- so Apple should known exactly which documents the content is and where in those documents the "confidential" content is located.

Judge Chen issued his order on July 16 2026 (nearly three weeks ago) -- and Apple's motions were filed months ago where it claimed that it knew there was content in these documents it thought needed to be sealed, what that content was, and where it was located -- yet you're taking weeks to respond and asking for indefinite period of time to locate the very content your original motions and requests was about -- and accordingly should already be inventoried and easy to share with the other side and the court.

If Apple does not provide its inventory by end of the week this week, I will file a motion to Judge Chen seeking to have all documents unsealed and possibly request additional action be taken against Apple due to Apple's refusal to meet/confer and bad faith motion practice regarding the confidentiality claims and sealing.

Please also confirm if you will agree that the sealing/protective order matters be part of the existing pending appeal to the Ninth Circuit, or if Apple will be arguing a second appeal must be filed for this sealing/protective order/gag order matter (and in which case Apple is apparently delaying their response in order to force a second appeal, and delay that appeal). I think this should all be in one appeal and Apple needs to promptly complete this meet/confer process & file unsealed redacted versions so the public has access to these filings asap.

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Wednesday, July 29th, 2026 at 1:38 PM, Perry, Jessica R. <jperry@orrick.com> wrote:

> Ashley,
>
> We are in the process of reviewing the nearly 1,000 pages of sealed filings to determine whether and to what extent the confidentiality designations can be appropriately narrowed through targeted redactions, consistent with the Court's order. Given the volume of material and the document-by-document review required, this is a substantial undertaking, but we are proceeding in good faith and will provide our proposed redactions once our review is complete.
>
> Thank you.

>> **From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
>> **Sent:** Monday, July 27, 2026 9:14 PM
>> **To:** Horton, Nicholas J. <nhorton@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Riechert, Melinda <mriechert@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>
>> **Subject:** Re: Gjovik v. Apple | 23-cv-04597-EMC | Meet and Confer re: Order at Dkt 398
>>
>> [EXTERNAL]
>>
>> Hello,
>>
>> I have not received a response to my July 22 email from Apple yet.
>>
>> As a reminder, Judge Chen ordered us to meet and confer regarding Apple's motions to seal over 11 days ago, but Apple has not contacted me once on this topic since then. Apple is also apparently refusing to reply to my emails about the same topic.

Please promptly respond with Apple's plan/proposal regarding selecting limited content for redactions and refiling redacted copies to the public docket.

This matter needs to be urgently dealt with as it will be subject to the pending Ninth Circuit appeal(s).

-Ashley

—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272
Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

On Wednesday, July 22nd, 2026 at 11:14 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

Hello Apple's lawyers,

I'm emailing to start the meet & confer process for Apple, per Judge Chen's July 16 2026 Order at Dkt. 398 which states that the partys are to meet and confer "about applying limited redactions to the filings at issue in Docket No. 340." (Dkt. 398 at 2). Apple's filings at Dkt. 340 & Dkt. 340.2 consisted of a motion and proposed order filed by Apple on 4/6 (attached), which was conditionally approved by Judge Westmore on 4/16 at Dkt. 355 (attached) and again on June 29 2026 at Dkt. 396. As Judge Chen pointed out in Dkt. 398, Apple itself stated that the entire documents would <u>not </u>be sealed and instead only "limited redactions" should be applied. (Dkt. 398 at 2). Per Judge Chen's Order, the "appropriate next steps" (where Apple requested guidance from the Court about), is that the Plaintiff and Apple are to "meet and confer" about those "limited redactions" -- and otherwise, we will assumably engage in further motion practice regarding the scope of Apple's request to seal more than twenty documents -- including literal public records in a Request for Judicial Notice. Further, we should also discuss the scope of redactions for any other documents Apple had sealed as part of Apple's confidentiality designation motion practice -- as I believe there were at least five or six other documents Apple additionally had sealed in their entirety -- which is contrary to the legal standard for sealing documents generally.

Please promptly provide Apple's proposed redactions for each sealed document (whether filed by Apple and/or the Plaintiff -- as the Plaintiff never agreed to any sealing) and Apple's legal and factual basis for each redaction suggested by Apple. This should be brief as there is no actual confidential information at issue here -- but if Apple insists on maintaining hundreds of questionable confidentiality designations, perhaps Apple can track this information in a spreadsheet for my review.  For all other portions of the documents in question, we can then assume the remainder of each document can be filed publicly and without redactions as promptly as possible.

I expected Apple to start this process themselves last week, as Judge Chen's request to the parties arises out of Apple's own designations, motions, and requests. However, I was delayed myself in starting the meet/confer for Apple as I was held under a "gravely disabled" involuntarily psychiatric hold (California Welfare & Institutions Code § 5150) at an inpatient psychiatric hospital for several days and was just recently released. Things are still touch-and-go at the moment and I may still have to spend more time at the hospital. While I was detained last weekend, the hospital refused to allow me any access to my computer, phone, papers, or internet -- so there may still be some delays in my responses over the next few weeks/months. Accordingly, I ask for your patience and that you also not take advantage of my situation in relation to any court deadlines, filings, etc.

Thanks,

-Ashley


—

**Ashley M. Gjøvik, BS, JD, PMP**

Location: Alviso, San José, California

Phone: (415) 964-6272

Website: ashleygjovik.com

Business consulting: A.M. Gjovik Consulting, L.L.C.

Mailing address: 2108 N. St Ste. 4553, Sacramento, CA 95816

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**3.90 KB**    2 embedded images