JESSICA R. PERRY (SBN 209321)
jperry@orrick.com
MELINDA S. RIECHERT (SBN 65504)
mriechert@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

NICHOLAS J. HORTON (SBN 289417)
nhorton@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile: +1 916 329 4900

RYAN D. BOOMS (SBN 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY GJOVIK,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 23-cv-4597-EMC<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO REQUEST FOR CLARIFICATION RE: DKT. 398**<br><br>Dept: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

Pursuant to this Court's Order at Dkt. No. 404, Apple responds to Plaintiff's Request for Clarification Re: Dkt. 398 (Dkt. No. 402). Plaintiff seeks six rulings from this Court which are largely advisory in nature, moot, or do not present a judiciable controversy that requires this Court's attention.

## I. <u>FINALITY OF DKT. NO. 398.</u>

Plaintiff asks this Court to tell her if Dkt. No. 398 is a final appealable order as to this Court's ruling on Apple's Motion to Retain Confidentiality designations. No action is required by the Court because, as Plaintiff recognizes, this is an issue for the Ninth Circuit to decide. Further, after filing her Request for Clarification, she filed another Notice of Appeal challenging the Court's Order contained in Dkt. No. 398. *See* Dkt. No. 403. Thus, this request is moot.

## II. <u>SCOPE OF DKT. NO. 398 (MERGER OF RELATED ORDERS).</u>

Plaintiff asks this Court to tell her whether its order at Dkt. No. 398, along with all prior confidentiality and sealing orders, will merge with her first pending appeal. Again, this is an issue for the Ninth Circuit to decide and is moot. *See* Dkt. No. 403.

## III. <u>RELATIONSHIP TO THE PENDING APPEAL.</u>

As best as Apple can understand this request, Plaintiff seems to ask this Court to tell her whether unidentified "pre-judgment protective-order rulings" merged into the Judgment (Dkt. No. 390) or whether they will merge with post-judgment orders (including Dkt. Nos. 394, 396, and 398) that she contends are at issue in her second appeal. Again, this is an issue for the Ninth Circuit to decide and is moot. *See* Dkt. No. 403.

## IV. <u>SCHEDULE FOR COMPLIANCE.</u>

Plaintiff asks the Court to set a deadline for completing meet and confer and submitting redacted filings to this Court. Apple does not oppose a reasonable deadline for submitting redacted Court filings consistent with Judge Westmore's Order that Apple's "internal code words and descriptions of internal product-related studies" warrant confidential treatment. *See* Dkt. 396 at 6. As Apple explained to Plaintiff, those voluminous filings (14 filings containing nearly 1,000 pages of documents) are littered with references to her confidential testimony, including both direct quotes and many indirect references that require scrutiny. This process takes time and has

required additional legal research. On August 21, 2026, Apple provided Plaintiff its recommended redactions and will continue to confer in good faith with Plaintiff, which it anticipates may take several weeks. Apple suggests September 4, 2026 as the deadline.

Apple opposes Plaintiff's efforts to yet again relitigate the underlying issue of the confidentiality designations by asking the Court to require Apple to state the "factual and legal basis for each" redaction. Apple's redactions will be consistent with Judge Westmore's Order that Apple's "internal code words and descriptions of internal product-related studies" are entitled to confidential treatment. *See* Dkt. 396 at 6. There is no basis to require Apple to relitigate the issues this Court has already decided in final orders and that Plaintiff has already appealed. While this Court retains jurisdiction to maintain the status quo (here, supervising the filing of redacted versions of documents that are currently under seal), it does not have jurisdiction to relitigate the merits of its prior orders that are now on appeal. *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (confirming district court retains limited jurisdiction "when it has a duty to supervise the status quo during the pendency of an appeal").

## V. AVAILABLE MOTION PRACTICE AND ASSIGNMENT.

Plaintiff asks whether this Court will entertain future motion practice if the parties cannot agree on redactions or fail to complete their meet and confer by a deadline this Court has not yet set. This request is premature. If Plaintiff intends to seek additional relief from this Court, she must do so through a properly noticed motion raising an issue within this Court's limited jurisdiction given the procedural posture of Plaintiff's two appeals. It is not the Court nor Apple's responsibility to tell Plaintiff how to proceed on a hypothetical, collateral, post-judgment issue that is not material to the final judgment entered against her.

## VI. CONCURRENT PROCEEDINGS; CONTINUING COLLATERAL JURISDICTION.

Plaintiff asks this Court to confirm that it retains jurisdiction to supervise the remaining redaction and refiling of documents that are currently entirely under seal. As noted above, Apple agrees this Court retains jurisdiction to enforce the status quo of its prior orders even though Plaintiff has appealed them. *See Stein*, 127 F.3d at 1189. However, this jurisdiction is limited. The

Court can supervise the filing of redacted versions of documents currently under seal. The Court cannot entertain any attempt by Plaintiff to relitigate any of the issues contained in this Court's confidentiality orders because those orders are final and Plaintiff's appeal divests this Court of jurisdiction over those issues.

Dated: August 21, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *(/s/ Melinda Riechert)*

MELINDA RIECHERT
Attorney for Defendant
APPLE INC.

# CERTIFICATE OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. I am readily familiar with the business practices of this office for E-Filing and processing of pleadings for electronic transmission with the United States District Court, Northern District of California. On August 21, 2026 I served the following:

**DEFENDANT APPLE INC.'S RESPONSE TO REQUEST FOR CLARIFICATION RE: DKT. 398**

Ashley Gjovik (in pro per)
ashleymgjovik@protonmail.com
legal@ashleygjovik.com

on the above parties in this action by:

**[X] ELECTRONIC TRANSMISSION:** I declare that a copy of said document(s) was filed electronically on the above date through the ECF system for the United States District Court for the Northern District of California and to the best of my knowledge, notice of this filing will be transmitted to all parties through the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026.

*/s/ Melinda Riechert*
Melinda Riechert