United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M GJOVIK,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | Case No. 23-cv-04597-EMC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>Docket No. 402 |

Pending before the Court is Ms. Gjovik's motion for clarification. The Court addresses each issue raised by Ms. Gjovik below.

1. *Finality of order at Docket No. 398.* In the order at Docket No. 398, the Court denied Ms. Gjovik's challenge to a magistrate judge order related to confidentiality issues. The issue of whether this Court's order at Docket No. 398 is a final one (*i.e.*, for purposes of appeal) is moot. Ms. Gjovik has now appealed the order at Docket No. 398.

2. *Scope of the order at Docket No. 398.* Ms. Gjovik seems to be asking whether the order at Docket No. 398 is the final ruling on confidentiality-related matters. She refers to the merger doctrine. *See, e.g.*, *Commonwealth Sch., Inc. v. Commonwealth Acad. Holdings LLC*, 994 F.3d 77, 82 (1st Cir. 2021) ("Once a district court enters final judgment, . . . antecedent interlocutory orders typically merge into the judgment and become subject to appellate review."). Consistent with the above, the issue here is moot. Ms. Gjovik has now appealed the order at Docket No. 398.

3. *Relationship to the pending appeal.* Ms. Gjovik seems to be asking whether *pre*-judgment orders related to sealing are part of her appeal of the final judgment and/or whether *post*-

United States District Court
Northern District of California

judgment orders related to sealing should be part of a second appeal. As above, the issue is moot given that Ms. Gjovik has now appealed the order at Docket No. 398.

4. *Schedule for compliance and motion practice.* Per the Court's order at Docket No. 398, the parties were to meet and confer to determine what documents should be sealed consistent with Judge Westmore's order. Ms. Gjovik has asked for a date by which the parties should meet and confer. Given the number of documents, the Court orders the parties to complete their meet and confer (which must be undertaken in good faith) by September 4, 2026. If the parties have disagreements they cannot resolve, they should reach out to Judge Westmore.

5. *Collateral jurisdiction.* The jurisdiction of Judge Westmore and this Court is limited given Ms. Gjovik's appeals. But as both parties have essentially recognized, "[a] district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal . . . ." *Stein v. Wood*, 127 F.3d 1187, 1189 (1997). Whether Judge Westmore or this Court will have jurisdiction should the parties have disputes about confidentiality after their meet and confer is a question that may turn on the specifics of the issue.

This order disposes of Docket No. 402.

**IT IS SO ORDERED**.

Dated: August 25, 2026

EDWARD M. CHEN
United States District Judge